United States Bankruptcy Court
District of Connecticut

In re:   Case No. 22-50073-jam
Ho Wan Kwok   Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0205-5 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Feb 17, 2022 | Form ID: pdfdoc2 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 19, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Ho Wan Kwok, Golden Spring (New York) Ltd., 162 East 64th Street, New York, NY 10065-7478 |
| | + | William R. Baldiga, Esq., Brown Rudnick LLP, 7 Times Square, New York, NY 10036-6548 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 19, 2022         Signature:         /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 17, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Dylan Kletter | |
| | on behalf of Debtor Ho Wan Kwok dkletter@brownrudnick.com adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com |
| U. S. Trustee | |
| | USTPRegion02.NH.ECF@USDOJ.GOV |

TOTAL: 2

ct173                                                                                                                              06/2020

# United States Bankruptcy Court
## District of Connecticut

In re: Ho Wan Kwok

Debtor*

Case Number: 22-50073
Chapter: 11

## ORDER SCHEDULING INITIAL CHAPTER 11 CASE MANAGEMENT CONFERENCE

Ho Wan Kwok (the "Debtor"), filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on February 15, 2022. The Court having determined that a Case Management Conference will aid in the efficient conduct and proper administration of the case; it is hereby

**ORDERED**: Pursuant to 11 U.S.C. § 105(d), a Case Management Conference will be conducted by the undersigned Bankruptcy Judge, at the United States Bankruptcy Court, 915 Lafayette Blvd., Room 123, Courtroom, Bridgeport, Connecticut, on March 22, 2022 at 1:00 PM; and it is further

**ORDERED**: The Debtor, or an authorized representative of the Debtor (knowledgeable on the matters described below), and counsel for the Debtor, shall be present at this Case Management Conference and shall be prepared to discuss at the Court's discretion, as applicable:

1. The nature of the Debtor's business and the reason(s) for the Chapter 11 filing;
2. The Debtor's current financial condition, including post−petition operations and revenue;
3. Debtor−in−possession financing;
4. The use of cash collateral;
5. The Debtor's capital structure;
6. The Debtor's corporate structure, including subsidiaries and affiliates (specifying the names and positions of the Debtor's officers, directors or managing members);
7. Any significant motions which the Debtor anticipates bringing before the Court including, but not limited to, sale motions or motions related to management retention, collective bargaining or health and welfare benefits;
8. Matters relating to the retention of professionals (including any brokers, financial advisors or appraisers);
9. The status of any material litigation involving the Debtor;
10. The status of the Debtor's insurance;
11. Proposed deadlines for the filing of claims and a Plan and Disclosure Statement;
12. The use of alternative dispute resolution, if appropriate;
13. If this is a single asset real estate case, whether the Debtor intends to file a plan within the time allotted pursuant to § 362(d)(3)(A), or whether the Debtor intends to commence monthly payments pursuant to § 362(d)(3)(B);
14. If this is a small business case, whether the Debtor anticipates being able to satisfy the deadlines provided by § 1121(e);
15. If this is an individual case, all material issues unique to individual Chapter 11 cases;
16. The scheduling of additional Case Management Conferences;
17. Any other case administrative matters;
18. The proposed management of reclamation claims; and it is further

**ORDERED**: The Debtor shall file with the Court, and serve upon the Office of the United States Trustee, Monthly Operating reports during the pendency of this case. The Monthly Operating Reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors−in−Posession and Trustees for cases pending in this District. The Monthly Operating Reports shall be served and filed on or before the 20th day of the month following the reporting period; and it is further

**ORDERED**: Unexcused failure to attend any Case Management Conference or to file timely Monthly Operating Reports in compliance with this Order may constitute cause for conversion of this case to Chapter 7, appointment of a trustee, or dismissal of this case pursuant to 11 U.S.C. § 1112; and it is further

**ORDERED**: The Clerk of Court shall give notice of this Order to the Debtor, its counsel, the United States Trustee and all creditors and parties in interest.

BY THE COURT

Dated: February 17, 2022

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

*For the purposes of this order, "Debtor" means "Debtors" where applicable.