**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
:
In re:                                                                    : Chapter 11
                                                                              :
   Ho Wan Kwok,                                     : Case No. 22-50073 (JAM)
                                                                              :
                                                                              : Requested Hearing:
                   Debtor.                        : Date: March 1, 2022
                                                                              : Time: TBD
------------------------------------------------------------------X

**DEBTOR'S MOTION TO EXTEND TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Mr. Ho Wan Kwok, the debtor and debtor-in-possession in the above-captioned Chapter 11 Case, by and through his undersigned counsel, hereby submits this Motion (the "Motion"), seeking entry of an order, substantially in the form attached hereto as Exhibit A (the "Order") extending the time to file his Schedules of Assets and Liabilities and Statement of Financial Affairs and, in support, states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

2. By this Motion, pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), Mr. Kwok seeks the entry

of an order extending the time for Debtor to file his Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") by approximately 60 days, until May 2, 2022, without prejudice to Debtor's ability to request additional extensions for cause shown.

3. For the reasons set forth herein, Mr. Kwok submits that the relief requested is in the best interest of his Chapter 11 estate, creditors, and other parties in interest, and therefore should be granted.

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), Mr. Kwok filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

5. Mr. Kwok's background is admittedly extraordinary. Mr. Kwok is an outspoken Chinese political dissident and a prominent Chinese pro-democracy activist. Over the years, he has amassed a following on various digital and media platforms where he shares his personal views and opinions concerning the People's Republic of China (the "PRC") and other world-affairs. His views and opinions on the Chinese Communist Party (the "CCP"), as the ruling party of the PRC, have been largely influenced by his living through the Tiananmen Square Massacre of 1989, his subsequent imprisonment in China following political activism against corrupt CCP officials, and his direct knowledge of and personal experiences involving high-level CCP corruption. He currently lives in the United States, where his asylum application remains pending.

6. Mr. Kwok understands the requirements imposed by the Bankruptcy Code to file his Schedules and SOFAs. However, as a logistical matter, Mr. Kwok speaks minimal English and cannot read or write in English and the Schedules and SOFAs are not available in his native language, Chinese. Therefore, he will require the assistance of a translator to understand the

information requested by the Schedules and SOFAs and to ensure his responses are accurately reflected in the Schedules and SOFAs in English. These translations will take time to complete.

7. Concerning the substance requested by the Schedules, we request the additional time principally because, concerning liabilities, Mr. Kwok is subject to claims grounded in various legal theories by numerous plaintiffs. He is named as a defendant or co-defendant in approximately 20 lawsuits currently pending in the United States and abroad, including two putative class action suits. He is represented by counsel in these actions. For purposes of the Schedules and SOFAs, it will be critical for Mr. Kwok to work closely with his existing litigation counsel in order to accurately and comprehensively identify all potential claimants and their claims. Without such assistance, restructuring counsel cannot be certain whether the creditor matrix and "top 20" unsecured creditor schedule annexed to his Chapter 11 petition are complete.

8. With respect to assets, Mr. Kwok's meaningful assets are claims against third parties, including professional negligence, breach of fiduciary duty, and defamation claims. The nature of these claims will be described in his forthcoming schedules and statements with the assistance of counsel engaged by Mr. Kwok in such litigation.

9. However, certain steps must be taken to secure the cooperation of existing counsel. For one, such counsel must be retained in accordance with Bankruptcy Code 327. Mr. Kwok anticipates filing a motion to retain such non-restructuring "ordinary course professionals" in the near future. He may also need the assistance of a financial advisor in order to compile his Schedules and SOFAs and prepare the periodic monthly operating reports during the pendency of this Chapter 11 case.

10. To pay for all these professionals and other expenses, Mr. Kwok is discussing the terms of debtor-in-possession financing with certain prospective lenders. He anticipates filing the

requisite pleadings within a short period of time. Mr. Kwok anticipates completion of his Schedules and SOFAs within a matter of weeks after securing the professional retentions and financing necessary to pay professionals.

11. Thereafter, Mr. Kwok intends to establish a bar date fixing the date by which creditors must assert claims in his Chapter 11 case to obtain a recovery in any chapter 11 plan. Once the magnitude of allowed claims is established following a claims reconciliation process, including potential removal of these actions to the Bankruptcy Court consistent with Bankruptcy Rule 9027, Mr. Kwok will shift gears towards the chapter 11 plan confirmation process.

12. Mr. Kwok filed this Chapter 11 Case with the clear intention of satisfying his creditors' allowed claims in full. Clearly, he will need the support of his family members to fund an exit from chapter 11.

13. At this stage of his Chapter 11 case, Mr. Kwok is hopeful that confirmation and consummation of a chapter 11 plan is feasible. But, nothing is certain. The first step in the process is a complete, accurate representation of his assets and liabilities. For this part of the process, he requires a short extension to allow him to retain the professionals necessary to assist him and secure the financing to administer this Chapter 11 Case.

## BASIS FOR RELIEF

14. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b)-(c) require a chapter 11 debtor to file the required Schedules and SOFAs with a voluntary petition or within 14 days thereafter. *See* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(b)-(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the deadline to file the Schedules and SOFAs "for cause." Moreover, Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy

Code. 11 U.S.C. § 105(a). Here, as set forth above, Mr. Kwok requires a short extension to the applicable deadlines.

15. Mr. Kwok submits that good cause exists to warrant an extension of time pursuant to Bankruptcy Rules 1007(c) and 9006(b)(1). As explained above, Mr. Kwok requires the assistance of counsel and potentially a financial advisor to prepare the Schedules and SOFAs accurately and in appropriate detail. Unlike in complex commercial chapter 11 cases, where a sophisticated finance group is "in house" and can assist with the preparation of the Schedules and SOFAs, Mr. Kwok is on his own unless he has access to the professionals that have been representing him for years. Moreover, he will require a translation of the Schedules and SOFAs into Mr. Kwok's native Chinese to ensure he understands the information required by such forms and can confirm the English responses. Accordingly, Mr. Kwok submits that an extension of approximately 60 days (i.e., through May 2, 2022), to file the Schedules and SOFAs, without prejudice to his ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances. With the benefit of an extension, Mr. Kwok and his advisors will be better suited to ensure the Schedules and SOFAs are both comprehensive and accurate.

## NOTICE

16. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each of Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; and (v) any such other party entitled to receive notice pursuant to Local Rule 2002. Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **NO PRIOR REQUEST**

17. No previous request for the relief sought herein has been made by Debtor to this or any other court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Debtor respectfully request entry of the Order granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated: February 24, 2022

                **BROWN RUDNICK LLP**

                By: /s/ *Dylan Kletter*
                BROWN RUDNICK LLP
                185 Asylum Street
                Hartford, CT 06103
                Attn: Dylan Kletter, Esq.
                Telephone:  (860) 509-6500
                Facsimile:  (860) 509-6653
                Email: dkletter@brownrudnick.com

                Seven Times Square
                New York, NY 10036
                Attn: William R. Baldiga, Esq. (*pro hac* pending)
                Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
                Attn: Uriel Pinelo, Esq. (*pro hac* pending)
                Telephone:  (212) 209-4800
                Facsimile:  (212) 209-4801
                Email: wbaldiga@brownrudnick.com
                        bsilverberg@brownrudnick.com
                        upinelo@brownrudnick.com

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
: 
In re:                                                              :    Chapter 11
                                                                    :
   Ho Wan Kwok,                                        :    Case No. 22-50073 (JAM)
                                                                    :
                                                                    :    Related Docket No.
                   Debtor. :
                                                                    :
---------------------------------------------------------------------X

**ORDER EXTENDING TIME FOR DEBTOR TO FILE HIS SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Upon the motion (the "Motion")[1] of Mr. Kwok for entry of an order (this "Order"), pursuant to sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9006, and Local Rule 1007-1 extending the time period to file his Schedules and Statements, as set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon all of the proceedings had before the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Motion is granted as set forth herein.

2. The deadline for Mr. Kwok to file his Schedules and Statements is extended until and including May 2, 2022, without prejudice to his right to seek an additional extension upon cause therefor.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.