**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                          :

In re:                                              : Chapter 11
                                                 :
     Ho Wan Kwok,                      : Case No. 22-50073 (JAM)
                                                 :
                                                 : Requested Hearing:
                   Debtor.                    : Date: March 1, 2022
                                                 : Time: TBD
-------------------------------------------------------------------X

**EMERGENCY REQUEST FOR HEARING IN CONNECTION
WITH DEBTOR'S MOTION TO EXTEND TIME TO FILE
SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF
FINANCIAL AFFAIRS, OR, IN THE ALTERNATIVE, ENTRY OF BRIDGE ORDER**

Mr. Ho Wan Kwok, the debtor and debtor-in-possession in the above-captioned Chapter 11 Case, by and through his undersigned counsel, hereby submits this emergency request (the "Emergency Request") seeking the scheduling of an emergency hearing, on shortened notice, in connection with the concurrently filed *Debtor's Motion To Extend Time To File Schedules of Assets And Liabilities And Statements of Financial Affairs* (the "Motion"), and in support of his Emergency Request, Mr. Kwok respectfully states as follows:

**RELIEF REQUESTED**

1.      On February 15, 2022 (the "Petition Date"), Mr. Kwok filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.  On February 23, 2022, the Clerk of the Court filed the *Notice of Deadlines To Cure Filing Deadlines To Avoid Dismissal of Case* (the "Deficiency Notice") [Docket No. 18], which directs Debtor to file his Schedules and SOFAs no later than fourteen (14) days after the Petition Date – in this instance, March 1, 2022 (the "Deficiency Dismissal Deadline") – or "the debtor's case may be dismissed without further notice."

2.      Mr. Kwok seeks the entry of an order scheduling an emergency hearing and shortening the period for notice of the hearing on the Motion so that this Court may consider the Motion on an expedited basis, substantially in the form attached as **Exhibit A** (the "Scheduling Order") and respectfully requests that any such hearing be held as soon as is practicable and convenient for the Court, but no later than March 1, 2022 (the "Requested Hearing Date"), or, in the alternative, in the event that the Court is unable to consider the Motion on or before the Requested Hearing Date, Mr. Kwok respectfully requests entry of a bridge order extending his time to file the Schedules and SOFAs until such time that the Court acts on the Motion, substantially in the form attached hereto as **Exhibit B** (the "Bridge Order").

### BASIS FOR RELIEF

3.      Pursuant to Bankruptcy Rule 1007(b) and (c), a chapter 11 debtor must file with its voluntary petition, or within fourteen (14) days thereafter (if the petition is accompanied by a list of the debtor's creditors), schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases and a statement of financial affairs (collectively, the "Schedules and SOFAs"). Under Bankruptcy Rule 1007(c), a bankruptcy court has the authority to grant a debtor an extension of time to file its schedules and statements "for cause shown." Moreover, Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

### EMERGENCY CONSIDERATION

4.      Pursuant to Local Rule 9013-2, any request for (i) entry of an order with less than seven (7) days' notice and (ii) prior to the earlier of the creditor's committee formation meeting or the Section 341 Creditors' Meeting, "shall be confined to matters required to avoid irreparable

harm to the assets of the estate and to maintain ongoing business operations and such other matters as the Court may deem appropriate." L.R. Bankr. P. 9013-2(a).

5. As set forth in the Motion, good cause exists to warrant an extension of time given Mr. Kwok's need for a translation of the Schedules and SOFAs, the complexity of his legal affairs and the need to confer with his existing litigation counsel and his potential need to engage a financial advisor in order to file the Schedules and SOFAs in a complete and accurate manner.

6. Mr. Kwok could suffer no greater immediate and irreparable harm than if his Chapter 11 case was summarily dismissed, without further notice, due to a failure to submit his Schedules and SOFAs by the Deficiency Dismissal Deadline while the Motion is pending. Accordingly, Mr. Kwok respectfully requests that the Court schedule the Motion on or before the Requested Hearing Date, on an emergency basis, and grant the relief requested in the Motion.

7. In the event that the Court is unable to consider the Motion on or before the Requested Hearing Date, Mr. Kwok respectfully requests entry of a bridge order extending his time to file his Schedules and SOFAs until such time that the Court acts on the Motion.

## **NOTICE**

8. Notice of this Emergency Request has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each of Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; and (v) any such other party entitled to receive notice pursuant to Local Rule 2002. Mr. Kwok submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Mr. Kwok respectfully request that the Court enter the Scheduling Order to consider the Motion on shortened notice on or before the Requested Hearing Date, or, in the alternative, in the event that the Court is unable to consider the Motion on or before the Requested Hearing Date, Mr. Kwok respectfully requests entry of the Bridge Order, and such other and further relief as is just and proper.

Dated: February 24, 2022

**BROWN RUDNICK LLP**

By: /s/ *Dylan Kletter*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
      bsilverberg@brownrudnick.com
      upinelo@brownrudnick.com

# **EXHIBIT A**

Proposed Scheduling Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
|   |   :   |   |
|---|---|---|---|
| In re: | : | Chapter 11 |
|   | : |   |
| Ho Wan Kwok, | : | Case No. 22-50073 (JAM) |
|   | : |   |
|   | : | Related Docket No. |
| Debtor. | : |   |
|   | : |   |

------------------------------------------------------------------X

**[PROPOSED] SCHEDULING ORDER PRESCRIBING**
**NOTICE OF EMERGENCY REQUEST FOR HEARING**
**IN CONNECTION WITH DEBTOR'S MOTION TO EXTEND TIME TO**
**FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF**
**FINANCIAL AFFAIRS, OR, IN THE ALTERNATIVE, ENTRY OF BRIDGE ORDER**

The *Emergency Request For Hearing In Connection With Debtor's Motion To Extend Time To File Schedules Of Assets And Liabilities And Statements Of Financial Affairs, Or, In The Alternative, Entry Of Bridge Order* (the "Emergency Request") in connection with the motion (the "Motion")[1] of Mr. Ho Wan Kwok seeking to extend the time period to file his Schedules and SOFAs, as set forth in the Motion, having been considered; and the Court having found that it has jurisdiction to consider the Emergency Request and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); **IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The Emergency Request is GRANTED and that the hearing to consider the Motion is hereby scheduled for [March 1, 2022] at [time to be determined] at the [U.S.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Emergency Request.

2

Bankruptcy Court, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604; and

      2.      It is further ORDERED that Mr. Kwok shall serve a copy of the Motion, all corresponding papers, and a copy of this Order upon the following: (i) the U.S. Trustee; (ii) each of Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; and (v) any such other party entitled to receive notice pursuant to Local Rule 2002.

Case 22-50073    Doc 28    Filed 02/24/22    Entered 02/24/22 20:29:45    Page 8 of 10

## **EXHIBIT B**

Proposed Bridge Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
: 
In re:                                                                                  :    Chapter 11
                                                                                             :
    Ho Wan Kwok,                                            :    Case No. 22-50073 (JAM)
                                                                                             :
                                                                                             :    Related Docket No.
                    Debtor.            :
                                                                                             :
---------------------------------------------------------------------X

**[PROPOSED] BRIDGE ORDER EXTENDING TIME**
**FOR DEBTOR TO FILE HIS SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Upon the *Emergency Request For Hearing In Connection With Debtor's Motion To Extend Time To File Schedules Of Assets And Liabilities And Statements Of Financial Affairs, Or, In The Alternative, Entry Of Bridge Order* (the "Emergency Request") in connection with the motion (the "Motion")[1] of Mr. Ho Wan Kwok seeking to extend the time period to file his Schedules and SOFAs, as set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing not having been held to consider the relief requested in the Motion (the "Hearing"); **IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Emergency Request.

2

1. The Court shall consider the Motion on [Date] at [Time] (the "Motion Hearing Date").

2. The deadline for Mr. Kwok to file the Schedules and SOFAs is extended until and including the Motion Hearing Date (as may be further adjourned), or until such time that the Court acts on the Motion, without prejudice to his right to seek an additional extension upon cause therefor.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.