**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 27 |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOTR'S**
**MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), through counsel, hereby objects to the motion for an extension of time to file schedules of assets and liabilities and statement of financial affairs (ECF 27) ("Motion") filed by chapter 11 debtor Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo ("Debtor" and/or "Kwok"). In support of his objection to the Motion, the United States Trustee states follows:

**PRELIMINARY STATEMENT**

The Debtor filed a voluntary chapter 11 on February 15, 2022. Based on the limited documents filed thus far in this chapter 11 case, the Debtor claims to have under $100,000 in assets yet he reports he has unsecured debts exceeding $376 million. ECF 1 and 20. In the Motion, the Debtor currently seeks an extension of approximately sixty (60) days to May 2, 2022 to file his required schedules of assets and liabilities and his statement of financial affairs, without prejudice to seek a further extension.

This chapter 11 case was filed in response to a $134 million contempt award against the Debtor in a New York state court action arising out of the Debtor's involvement in secreting a

1

luxury yacht out of New York to protect it from being seized by a creditor. The Debtor's right to seek protection from his creditors must be balanced against his obligation to explain his assets, debts, and financial affairs by filing the documents required by the Bankruptcy Code and the Bankruptcy Rules. To permit a sixty (60) day extension to disclose assets and debts, and other required information, is prejudicial to creditors and unreasonable.

## FACTS

1.      The Debtor, also known as Wengui Guo and Miles Kwok, as well as numerous other aliases, filed a voluntary chapter 11 petition ("Petition") on February 15, 2022 ("Petition Date").[1] ECF 1. In the Petition, the Debtor claims to have under $100,000 in assets and reports he has unsecured debts exceeding $376 million. *Id.*

2.      The Debtor is currently managing his financial affairs and his business interests pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

3.      The United States Trustee has solicited for the formation of a committee of unsecured creditors in this case and the response deadline is March 4, 2022. To date, the United States Trustee has not appointed an official committee of unsecured creditors.

---

[1] A company connected to the Debtor, Genever Holdings, LLC ("GH"), has a current pending chapter 11 case in the Southern District of New York bearing case number 20-12411-jlg ("GH Bankruptcy Case"). GH is a single member New York limited liability company. *See* GH's Disclosure Statement filed on January 7, 2022 at ECF 165 in the GH Bankruptcy Case ("GH ECF 165") and GH's Liquidating Plan filed on January 7, 2022 at ECF 164 in the GH Bankruptcy Case; *see also* Statement of Financial Affairs at ECF 4 in the GH Bankruptcy Case. The sole member of GH is Genever Holdings Corporation, a special purpose entity organized in the British Virgin Islands. *Id.* The Debtor personally manages Genever Holdings Corporation ("GH Corp"). *Id.* The primary asset of GH is a luxury apartment and auxiliary units that occupy the entire 18th floor of The Sherry-Netherland Inc. on Fifth Avenue in New York City ("NYC Residence") purchased for approximately $70 million in 2015. *See* GH ECF 165 and GH ECF 164; *see also* GH Bankruptcy Case at ECF 1 and 83.

4.  The Debtor's Petition was filed by the firm of Brown Rudnick LLP ("BR Counsel"). ECF 1. To date, the Debtor has not filed an application to employ BR Counsel as his chapter 11 counsel. *See* Case Docket.

5.  The meeting of creditors pursuant to 11 U.S.C. §341(a) ("341 Meeting") is scheduled for March 21, 2022. ECF 6.

6.  The Court has scheduled a case management conference for March 22, 2022. ECF 8.

7.  Late in the evening of February 24, 2022, the Debtor filed the Motion seeking an approximately sixty (60) day extension of time to May 2, 2022 to file his required schedules of assets and liabilities and his statement of financial affairs, without prejudice to seek a further extension.

8.  The Motion characterizes the requested extension as "short" despite the fact that the original deadline to file these documents is March 1, 2022 and the extension would be to a date that is six (6) weeks after the scheduled date for the 341 Meeting. ECF 27 at ¶ 13.

9.  The Motion alleges that the Debtor needs time to translate the required bankruptcy documents into Chinese and to speak with counsel about pending litigation, as well as his "meaningful assets [that are] claims against third parties including professional negligence, breach of fiduciary duty, and defamation." ECF 27 at ¶ 9.

10. The Motion also alleges that the requested extension is in the best interests of the Debtor's estate, creditors, and parties in interest. ECF 27 at ¶ 3.

11. Lastly, the Motion appears to posit that orders approving the employment of professionals, including bankruptcy counsel, litigation counsel, and potentially a financial advisor, as well as an order approving a funding mechanism for the chapter 11 professionals, are

3

both necessary pre-requisites to the Debtor filing his schedules of assets and liabilities and his statement of financial affairs. ECF 27 at ¶¶ 9 and 10. To date, the Debtor has not filed any motions to employ or to obtain financing.

12. Today, February 28, 2022, representatives of the United States Trustee conducted the Initial Debtor Interview ("IDI") with the Debtor. BR Counsel attended the IDI, as did litigation and other counsel. An interpreter hired by the United States Trustee translated for the Debtor, and the Debtor also had in-person access to a personal translator. During the IDI, the Debtor disclosed he has no bank accounts, no credit cards, is not employed such that he earns income, and that all of his living expenses are paid for and through an entity known as Golden Spring (New York) Ltd. ("Golden Spring"). The Debtor also disclosed that he does not directly own any real estate, does not own any cars, and does not insure any assets. Further, the Debtor disclosed that he is not leasing any real or personal property and does not have any secured creditors. Lastly, the Debtor disclosed that he has over forty (40) creditors, some of which have filed lawsuits.

13. The Debtor's Second Amended List of 20 Largest Unsecured Creditors ("Amended 20 Largest List") filed on February 23, 2022 lists debts totaling approximately $376,439,784.00, of which approximately $254,000,000.00 is owed to "Pacific Alliance Asia Opportunity" ("PAX"). ECF 20.

14. The debt to PAX arises out of debt guaranteed by the Debtor and pursued in a collection case known as *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan a/k/a Kwok Ho a/k/a Gwo Wen Gui a/k/a Guo Wengui a/k/a Guo Wen-Gui a/k/a Wan Gue Haoyun a/k/a Miles Kwok a/k/a Haoyun Guo, et al*, Case No. 652077/2017 in the Supreme Court of the State of New York ("PAX Lawsuit"). The PAX Lawsuit was instituted in 2017.

15. On February 3, 2021, a judgment entered in the PAX Lawsuit against the Debtor in the total amount of $116,402,019.57 ("PAX Judgment"). An appeal is pending and undecided as of the chapter 11 filing. No stay was imposed.

16. Subsequent to the PAX Judgment, PAX engaged in efforts to locate and collect on assets of the Debtor. Such efforts were met with resistance by the Debtor and difficulty in collection because the Debtor "had secreted his assets in a maze of corporate entities and with family members." *See* February 9, 2022 decision of the Hon. Barry R. Ostrager ("NY Court") in the PAX Lawsuit at NYSCEF Doc. No. 1181 at page 1 ("February 2022 Contempt Decision", copy attached as Exhibit A). The Debtor filed his chapter 11 case just days after the February 2022 Contempt Decision and on eve of the deadline to pay PAX a contempt award of $134,000,000 imposed by the 2022 Contempt Decision.

17. The February 2022 Contempt Decision in the PAX Lawsuit discusses the Debtor's unwillingness and/or refusal to cooperate with court orders and with the post-judgment discovery issued by PAX. *See* Exhibit A. The February 2022 Contempt Decision begins with the statement that almost all of the 1,180 docket entries in the PAX Lawsuit involve the Debtor's "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members." *See* Exhibit A at page 1.

## ARGUMENT

The Debtor voluntarily commenced this chapter 11 case to protect himself from his creditors, including PAX, and to obtain a stay of actions against him. In exchange for such protections, the Bankruptcy Code requires that the Debtor act as a fiduciary for his creditors and to fully explain his assets, liabilities and his financial affairs. As stated by the Debtor at the IDI, the Debtor has limited items to disclose on his Schedules AB-J because he does not own any real

estate, has no bank accounts, no credit cards, no cars, has no employment that produces income, and has his living expenses paid for by Golden Spring. The Debtor's alleged meaningful assets are only causes of action. The Debtor has access to counsel and to translators and can, and should, dedicate his time to preparing the required documents for chapter 11.

The Motion seeks an unreasonably long period of time to make the required disclosures. The Debtor is not employed and has access to professionals to help him. This voluntary chapter 11 case was commenced on February 15, 2022 and the 341 Meeting is scheduled for March 21, 2022. The Debtor should be able to file his required documents sufficiently in advance of the 341 Meeting so as to provide a reasonable time for creditors and the United States Trustee to review them. The United States Trustee does not oppose a limited extension and would ask that the Debtor be required to file his required documents in advance of the 341 Meeting. To permit an extension into May 2022 is prejudicial to creditors and an unjustified delay of information to which creditors are entitled.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motion to the extent it seeks an approximately sixty (60) day extension to May 2, 2022 for the Debtor to file his required schedules of assets and liabilities and his statement of financial affairs. The United States Trustee requests that the Court permit only a limited extension and that the Debtor be required to file his required documents in sufficiently in advance of the 341 Meeting to permit reasonable time for review and analysis.

Dated: February 28, 2022
    New Haven, Connecticut

Respectfully submitted,
WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn
      Holley L. Claiborn

      /s/ Steven E. Mackey
      Steven E. Mackey

Trial Attorneys
Office of the United States Trustee
Giaimo Federal Building, Room 302
150 Court Street
New Haven, CT 06510
Holley.L.Claiborn@usdoj.gov
Federal Bar No.: ct17216 (Connecticut)
Steven.E.Mackey@usdoj.gov
Federal Bar No: ct09932(Connecticut)
(203) 773-2210

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all appearing parties via the Court's electronic case filing system and to the counsel listed below:

<u>Via ECF</u>

Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
dharbach@omm.com

Dylan Kletter on behalf of Debtor Ho Wan Kwok
dkletter@brownrudnick.com,
adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com;jrobinson@brownrudnick.com

Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com

Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Jay Marshall Wolman on behalf of Creditor Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

By:   <u>/s/ Holley L. Claiborn</u>
       Holley L. Claiborn