# **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok[1]<br><br>                Debtor.<br><br>Pacific Alliance Asia Opportunity Fund L.P.,<br><br>                Movant,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>                Respondent | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br><br><br><br><br><br><br><br><br>March 1, 2022 |

**[PROPOSED] ORDER FINDING THE AUTOMATIC STAY INAPPLICABLE TO**
**<u>CERTAIN PRE-PETITION PROCEEDINGS</u>**

Upon consideration of the *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* (the "Motion," ECF No. _____) filed by Pacific Alliance Asia Opportunity Fund L.P. ("PAX" or the "Movant"), and after notice and a hearing, *see* 11 U.S.C. § 102(1), and it appearing that the relief sought in the Motion should be granted; it is hereby:

**ORDERED,** that the automatic stay provided in 11 U.S.C. § 362(a) is inapplicable to the to pre-petition proceedings pending in the Supreme Court of the State of New York (Justice

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

24386215-v2

Ostrager presiding), in the case of *PAX v. Kwok,* Index No. 652077/2017 (N.Y. Sup. 2022), holding the debtor, Ho Wan Kwok (the "Debtor"), in civil contempt for failure to return his yacht, the "Lady May," to New York in violation of that court's orders. The New York Supreme Court may issue whatever orders it deems necessary or appropriate to compel the Debtor to comply with its orders and return the yacht to New York, with the exception of any remedies that permit the immediate collection of fines or claims against the Debtor during the pendency of this chapter 11 case.

## ALTERNATE RELIEF

**ORDERED in the alternative,** that the automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(2) to permit the Movant and/or their successors and assignees, to enforce the contempt orders issued by Judge Ostrager of the Supreme Court of the State of New York against the debtor, Ho Wan Kwok (the "Debtor") in the case of *PAX v. Kwok,* Index No. 652077/2017 (N.Y. Sup. 2022), holding him in civil contempt for failure to return his yacht, the "Lady May," to New York in violation of that court's orders. The New York Supreme Court may issue whatever orders it deems necessary or appropriate to compel the Debtor to comply with its orders and return the yacht to New York, with the exception of any remedies that permit the immediate collection of fines or claims against the Debtor during the pendency of this chapter 11 case.

This Court shall retain jurisdiction to enforce this order.

Signed this __ day of _____, 2022

_____<br>
Julie A. Manning<br>
Hon. United States Bankruptcy Court Judge

24386215-v2