**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok[1]<br><br>                  Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>                  Movant,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>                  Respondent | March 2, 2022 |

**MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
TO SCHEDULE THE HEARING AND LIMIT NOTICE REGARDING
ITS MOTION FOR ENTRY OF ORDER CONFIRMING
THE INAPPLICABILITY OF THE AUTOMATIC STAY OR, IN THE
ALTERNATIVE,  RELIEF FROM THE AUTOMATIC STAY PURSUANT TO
<u>SECTION 362(d)(2) OF THE BANKRUPTCY CODE</u>**

Now comes Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), and through the instant motion (the "Motion"), hereby moves the Court for entry of an order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") setting the hearing date and a briefing schedule and limiting notice of the hearing on the *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of Order Confirming the*

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

*Inapplicability of the Automatic Stay Or, In the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* (the "Stay Motion") as set forth in the Proposed Order (the "Order") attached hereto as <u>Exhibit A</u>. In further support of its Motion, PAX states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. For purposes of this Motion, PAX accepts that venue may be proper in this district without prejudice to any future motion to transfer venue. This Motion is a core proceeding under 28 U.S.C. §157(b).

3. The predicate for the relief requested herein is Bankruptcy Code § 105 and Bankruptcy Rules 2002, 9006, and 9007 and Rules 2002-1 and 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Connecticut.

## BACKGROUND

4. In the Stay Motion, PAX seeks entry of an Order confirming that the automatic stay is inapplicable to a discrete pre-petition proceeding pending in the Supreme Court of the State of New York (Justice Ostrager presiding), holding the debtor, Ho Wan Kwok ("Kwok"), in civil contempt for failure to return his yacht, the "Lady May," to New York in violation of that court's orders. Alternatively, the Stay Motion seeks relief from the automatic stay to permit enforcement of the February 9 Contempt Order (except to the extent it requires Kwok to immediately pay money to PAX) issued by Justice Ostrager.[2]

---

[2] This alternative relief includes enforcing the February 9 Contempt Order to ensure the return of the Lady May to New York, allowing continued accrual of fines (which constitute debts that Kwok cannot discharge in this chapter

5.  In issuing his February 9, 2022 final Order of Civil Contempt against Kwok, Justice Ostrager warned, "if billionaire litigants can simultaneously seek to use Court process in New York and elsewhere in the United States while knowingly and intentionally violating Court orders, there is no rule of law." This applies with equal force to these chapter 11 proceedings. Kwok cannot exploit the protections of the Bankruptcy Code to evade Justice Ostrager's orders, and the automatic stay does not allow him to do so.

6.  As argued in the Stay Motion, Kwok's contumacious behavior is long-standing and flagrant. First, Kwok moved the Lady May out of the jurisdiction of the New York Supreme Court in direct violation of that court's September 30 and October 15, 2020 Orders. Then, in March 2021, Justice Ostrager issued a conditional order of civil contempt—which was unanimously affirmed by the New York Appellate Division, First Department—requiring Kwok or the registered owner to return the Lady May by May 15, 2021 or face a daily $500,000 fine for each day that the yacht remained outside of that court's jurisdiction. Kwok defied the court.

7.  Nearly a year later, after an evidentiary hearing, Justice Ostrager entered the February 9 Contempt Order directing (i) Kwok to pay $134 million ($500,000 per day for the period between May 15, 2021 and February 7, 2022); and (ii) continued accrual of the $500,000 daily fine if the Lady May was not returned to the court's jurisdiction within ten business days from notice of entry. One day before the deadline to pay the $134 million contempt fine to PAX, and after Kwok's efforts to obtain an emergency stay of that order pending appeal failed, Kwok filed this chapter 11 case. But bankruptcy protection is for honest, good-faith debtors. And the automatic stay does not shield debtors from the consequences of defying court orders and

---

11 case), and permitting Justice Ostrager to order any other appropriate sanctions (including issuance of an arrest warrant), if Kwok fails to promptly return the Lady May to New York.

assaulting the dignity of the judicial system. Therefore, PAX asks this Court to enter an order confirming its right to institute further proceedings to enforce Justice Ostrager's February 9 Contempt Order or, alternatively, relief from stay to permit enforcement of the February 9 Contempt Order, except to the extent it requires Kwok to immediately pay money to PAX.

## REQUESTED RELIEF AND AUTHORITY

8. PAX requests entry of the Order (1) setting a hearing on the Stay Motion for **March 22, 2022 at 1:00 p.m.**, the same date and time the Court is currently scheduled to preside over the Chapter 11 Case Management Conference; (2) requiring that any objections to the Stay Motion be filed by Tuesday, March 15, 2022 and replies, if any, filed by March 21, 2022 at 9:00 a.m.; and (3) limiting notice to certain core constituents and other parties who have registered to receive notice through the ECF system. Cause exists for the granting of this relief.

9. In pertinent part, Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these Rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion, with or without motion or notice, order the period reduced."

10. Cause exists to set the hearing for the Stay Motion on the same date and time as the Chapter 11 Case Management Conference because simultaneous scheduling will promote judicial economy and reduce administrative expense as the Debtor and PAX, as well as other parties in interest and the Office of the United States Trustee, will be in Court for the Chapter 11 Case Management Conference.

11. Bankruptcy Rules 9007 and 2002(m) give the Court the power to regulate and designate the content, form, and recipients of notices. PAX seeks to limit the notice recipients of the Stay Motion to the following parties (hereinafter, the "Notice Parties"):

      a. The Debtor;

      b. The Office of the United States Trustee;

      c. The Internal Revenue Service;

      d. The Debtor's top 20 creditors; and

      e. Any other parties that have requested service pursuant to Bankruptcy Rule 2002 as of the time of service.

PAX respectfully submits that such notice is sufficient and that no further notice of this Motion is required.

12. The notice period requested herein will allow for the efficient and timely hearing of the Stay Motion, while also providing sufficient time for the Notice Parties to raise any objections or concerns regarding the relief sought in the Stay Inapplicability Motion.

13. Finally, the PAX requests that the Court permit that service of the Stay Motion by overnight courier, e-mail or facsimile on the Notice Parties by no later than a date certain the Court deems sufficient notice under the circumstances.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order shortening notice of the hearing on the Exclusivity Extension Motion.

[*Signature on following page*]

<table>
<tr><td>Dated: Hartford, Connecticut<br>March 2, 2022</td><td>**Pacific Alliance Asia Opportunity Fund L.P.**<br><br>By: */s/ Patrick M. Birney*<br>  Patrick M. Birney (CT No. 19875)<br>  Annecca H. Smith (CT No. 31148)<br>  **ROBINSON & COLE LLP**<br>  280 Trumbull Street<br>  Hartford, CT 06103<br>  Telephone: (860) 275-8275<br>  Facsimile: (860) 275-8299<br>  E-mail: pbirney@rc.com<br>  asmith@rc.com<br><br>  -and-<br><br>  Peter Friedman (admitted *pro hac vice*)<br>  Stuart M. Sarnoff (admitted *pro hac vice*)<br>  **O'MELVENY & MYERS LLP**<br>  Times Square Tower<br>  7 Times Square<br>  New York, NY 10036<br>  Telephone: (212) 326-2293<br>  E-mail: pfriedman@omm.com<br>  ssarnoff@omm.com</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 2, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System and served in the manner described in the accompanying Motion.

                                                     */s/ Patrick M. Birney*
                                                     Patrick M. Birney