**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
: 
In re:                                                      :   Chapter 11
                                                            :
   HO WAN KWOK,                                   :   Case No. 22-50073 (JAM)
                                                            :
                                                            :   Requested Hearing:
              Debtor.                                  :   Date: TBD
                                                            :   Time: TBD
------------------------------------------------------------------X

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTOR**

Mr. Ho Wan Kwok, the debtor and debtor-in-possession (the "Debtor" or "Mr. Kwok") in

the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this application (this

"Application") for the entry of an order authorizing the employment and retention of Brown

Rudnick LLP ("Brown Rudnick") as counsel to Mr. Kwok in the Chapter 11 Case. In support of

this Application, Mr. Kwok hereby submits the affidavit of William R. Baldiga dated March 14,

2022 and attached hereto as **Exhibit A** (the "Baldiga Affidavit"), and respectfully represents and

states as follows:

**RELIEF REQUESTED**

1.       By this Application, Mr. Kwok seeks the entry of an order, pursuant to Section

327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy

Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"),

authorizing the employment and retention of Brown Rudnick, effective as of the Petition Date, as

his bankruptcy counsel to perform the legal services that will be necessary during this Chapter 11 Case, as more fully described herein, and in accordance with the terms and conditions set forth in that certain engagement letter between Mr. Kwok and Brown Rudnick dated February 14, 2022 (the "Engagement Agreement"), a copy of which is attached as Exhibit A to the Baldiga Affidavit and incorporated herein by reference.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

2.        This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this Chapter 11 Case and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.        The statutory predicates for the relief sought herein are section 327(a) of the Bankruptcy Code and, to the extent applicable, Rules 2014 and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules.

## BACKGROUND

4.        On February 15, 2022 (the "Petition Date"), Mr. Kwok filed a voluntary petition for relief under Chapter 11 of title 11 of the Bankruptcy Code.

5.        No trustee or examiner has been appointed in this Chapter 11 Case, nor has any creditors committee been appointed herein pursuant to section 1102 of the Bankruptcy Code.

## BASIS FOR RELIEF

6.        Mr. Kwok has selected, and seeks to retain herein, the firm of Brown Rudnick as his bankruptcy counsel because of, among other things: (i) Brown Rudnick's extensive experience and knowledge in the fields of debtors' and creditors' rights and reorganizations and liquidations under chapter 11 of the Bankruptcy Code; and (ii) Brown Rudnick's familiarity with Mr. Kwok's

affairs and potential legal issues in the context of the Chapter 11 Case. Brown Rudnick has represented debtors, official and unofficial committees and other prominent parties in many chapter 11 cases in this District and others, as more fully described in the Baldiga Affidavit.

7.    As of February 14, 2022 (the "Engagement Date"), Mr. Kwok engaged Brown Rudnick to provide advice in connection with, and to prepare for filing of, this Chapter 11 Case. Given Brown Rudnick's extensive experience and knowledge of complex chapter 11 matters, Mr. Kwok believes Brown Rudnick is well qualified to represent him in the Chapter 11 Case.

## SERVICES TO BE RENDERED

8.    Subject to further order of this Court, Brown Rudnick will render the following services, among others, to Mr. Kwok:

(a)    provision of legal advice with respect to Mr. Kwok's rights and duties as a debtor in possession, including preparation of his Schedules and SOFAs, monthly operating reports, and other documents to be filed with this Court;

(b)    conferring with other professionals retained by Mr. Kwok and other parties-in-interest;

(c)    preparation on behalf of Mr. Kwok of all necessary petitions, applications, motions, objections, responses, answers, orders, reports and other legal papers, including all trial preparation as may be necessary;

(d)    Taking all necessary legal actions to protect and preserve Mr. Kwok's chapter 11 estate, including prosecuting actions on his behalf, defending any action commenced against Mr. Kwok, and representing him in negotiations concerning litigation in which Mr. Kwok is currently involved with or may become involved with, including objections to claims filed against the estate;

(e)    Taking all necessary action on behalf of Mr. Kwok to obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto

(f)    appearance before this Court, any appellate courts and the U.S. Trustee to protect the interests of Mr. Kwok; and

(g)  performance of all other legal services for Mr. Kwok that are necessary and proper in this proceeding.

9.  It is necessary and essential for Mr. Kwok to employ highly capable and experienced attorneys to render the foregoing professional services and any other legal services that he may require during the pendency of this Chapter 11 Case. Brown Rudnick has indicated its desire and willingness to act on behalf of, and render such services to, Mr. Kwok, subject to the Court's entry of an order approving Brown Rudnick's retention.

## BROWN RUDNICK'S DISINTERESTEDNESS

10.  To the best of Mr. Kwok's knowledge, and except as otherwise set forth herein and in the Baldiga Affidavit, the partners, counsel and associates of Brown Rudnick have not previously represented Mr. Kwok, his creditors, or any other party in interest, or their respective attorneys and accountants, in any manner relating to Mr. Kwok or to his chapter 11 estate. To the best of Mr. Kwok's knowledge and except as otherwise disclosed in the Baldiga Affidavit, Brown Rudnick does not hold or represent any interest adverse to Mr. Kwok or to his Chapter 11 estate.

11.  Accordingly, Mr. Kwok believes that Brown Rudnick is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) thereof. Mr. Kwok respectfully submits that the retention of Brown Rudnick is necessary and in his best interest and that of his estate.

12.  Brown Rudnick is conducting a continuing inquiry into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Brown Rudnick will promptly file a supplemental affidavit with this Court setting forth any facts and circumstances relevant thereto.

## PROFESSIONAL COMPENSATION

13.     Subject to Court approval in accordance with 11 U.S.C. § 330(a), compensation will be payable to Brown Rudnick on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Brown Rudnick.  The principal attorneys, paralegals, and clerks presently designated to represent Mr. Kwok and their current standard hourly rates are:

| | | |
|---|---|---|
| a) | Robert Stark | $1,685.00 per hour |
| b) | William Baldiga | $1,570.00 per hour |
| c) | Steven Pohl | $1,450.00 per hour |
| d) | Bennett Silverberg | $1,185.00 per hour |
| e) | Tristan Axelrod | $855.00 per hour |
| f) | Uriel Pinelo | $765.00 per hour |
| g) | Alexandra Deering | $435.00 per hour |

14.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals from time to time may render services to Mr. Kwok in connection with the matters herein described.

15.     Brown Rudnick customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter.  Such expenses include, without limitation, travel costs, international calls, express mail, messenger service, photocopying costs, temporary employment of additional staff, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client.

16.     Mr. Kwok understands that, for all services performed and expenses incurred after the Petition Date, Brown Rudnick intends to apply to the Court for allowance of compensation and

reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court

17.     Brown Rudnick is not a creditor of Mr. Kwok.  As of February 15, 2022 (the "Petition Date"), Mr. Kwok did not owe Brown Rudnick any amounts for legal services before the Petition Date.  Immediately preceding the commencement of this Chapter 11 Case, Brown Rudnick received payments in the amount of US$500,000.00 on February 14, 2022, and an additional US$500.000.00 on the morning of February 15, 2022 (each a "Retainer Deposit," and together, the "Retainer"), for (i) the preparation of the filing of Mr. Kwok's Chapter 11 Petition and the commencement of this Chapter 11 Case and (ii) future services and expenses to be incurred therewith during the pendency of this proceeding.  Prepetition, Brown Rudnick charged US$51,835.20 against the Retainer for preparation and services in connection with the filing of Mr. Kwok's Chapter 11 Petition, and Brown Rudnick holds the remaining Retainer balance of US$948,164.80 for application toward and payment of postpetition fees and expenses as may be allowed by this Court.  To fund the Retainer, Lamp Capital LLC made a US$1,000,000.00 loan to Mr. Kwok, and Mr. Kwok directed Lamp Capital LLC to remit the proceeds directly to Brown Rudnick.  Lamp Capital LLC is an entity owned by Mr. Kwok's son.

18.     Mr. Kwok anticipates, shortly after the filing of this Application, to file a request for approval of debtor-in-possession financing to, among other things, satisfy approved professional liabilities in the Chapter 11 Case.  It is contemplated that Brown Rudnick's approved professional fees will be paid first from the Retainer and then from any approved debtor-in-possession financing, provided that Brown Rudnick shall maintain at all times a Retainer balance not to exceed $250,000.

19.     Brown Rudnick has acknowledged that all amounts paid to it during this Chapter 11 Case, from the Retainer or in excess of the Retainer, are subject to final allowance by this Court. In the event that any fees or expenses paid to Brown Rudnick during this Chapter 11 Case are disallowed by this Court, the fees and expenses will be disgorged by Brown Rudnick and returned to Mr. Kwok or be treated as otherwise ordered by this Court.

20.     Mr. Kwok understands that no agreement exists, and that no agreement will be made, for Brown Rudnick to share with any other person or firm any compensation that Brown Rudnick receives for its services to Mr. Kwok.

## SUPPORTING AUTHORITY

21.     Mr. Kwok seeks to retain Brown Rudnick as his bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

22.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

23.     Mr. Kwok submits that for all the reasons stated above, and in the Baldiga Affidavit, the employment and retention of Brown Rudnick as bankruptcy counsel is warranted.  Further, Brown Rudnick is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse Mr. Kwok's Chapter 11 estate and has no connection to Mr. Kwok, his creditors, or other parties in interest.

<u>**NOTICE**</u>

24.    No trustee, examiner, or official committee has been appointed in this Chapter 11 Case.  Notice of this Application has been provided to the following parties or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each of the Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; and (v) any such other party entitled to receive notice pursuant to Local Rule 2002.  Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

<u>**NO PRIOR REQUEST**</u>

25.    The Debtor has not previously sought the relief requested herein from this or any other court.

"<u>***Concluded on following page***</u>"

## <u>CONCLUSION</u>

**WHEREFORE**, Mr. Kwok respectfully requests that this Court enter an order in the form attached hereto as **<u>Exhibit B</u>** authorizing him to employ and retain Brown Rudnick as counsel and granting such other and further relief as is just and proper.

Dated: March 16, 2022

Ho Wan Kwok, Debtor and Debtor-in-Possession

By: */s/ Ho Wan Kwok* _____
      Ho Wan Kwok

# **EXHIBIT A**

## **Baldiga Affidavit**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
|  |  |
|---|---|
| In re: | : Chapter 11 |
|  | : |
|   Ho Wan Kwok, | : Case No. 22-50073 (JAM) |
|  | : |
|  | : Requested Hearing: |
|            Debtor. | : Date: TBD |
|  | : Time: TBD |

-------------------------------------------------------------------X

**AFFIDAVIT OF WILLIAM R. BALDIGA IN SUPPORT OF APPLICATION OF THE
DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTOR**

I, William R. Baldiga, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.      I am an attorney admitted to practice law in the State of New York and the Commonwealth of Massachusetts and before the United States District Courts for the Districts of New York and Massachusetts.  I am a member of the firm of Brown Rudnick LLP ("Brown Rudnick"), which maintains its offices at, among other places, Seven Times Square, New York, New York 10036 and One Financial Center, Boston, Massachusetts 02111.  I am familiar with the matters set forth herein and make this Affidavit (this "Affidavit") in support of the application filed by Mr. Ho Wan Kwok (the "Debtor" or "Mr. Kwok"), as the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order authorizing the employment and retention of Brown Rudnick as counsel for Mr. Kwok.

2.      Unless otherwise stated, I have personal knowledge of the facts set forth hereinafter.  To the extent that any information disclosed herein requires amendment or modification upon Brown Rudnick's completion of further analysis or as additional party-in-interest information becomes available to me, I will submit a supplemental affidavit to this Court.

3.      Except as otherwise disclosed herein, neither I, Brown Rudnick nor any member, counsel or associate of Brown Rudnick, insofar as I have been able to ascertain:  (i) represents entities or individuals other than Mr. Kwok in connection with this Chapter 11 Case; (ii) has any connections with Mr. Kwok, his creditors or any other party-in-interest (except as more fully described herein); or (iii) holds any interest adverse to Mr. Kwok or his Chapter 11 estate with respect to the matters on which Brown Rudnick is to be retained and employed in this Chapter 11 Case.

4.      More specifically, Brown Rudnick, its partners, counsel and associates:

(a)      are not creditors or insiders of the Debtor;

(b)      are not and were not, within two years before the date of the filing of the Debtor's chapter 11 petition, employees of the Debtor; and

(c)      do not have an interest materially adverse to the interest of the Debtor's estate or any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

5.      Accordingly, I submit that Brown Rudnick is a "disinterested person," as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), as modified by section 1107(b) thereof.

**BROWN RUDNICK'S PREPETITION RELATIONSHIP
WITH MR. KWOK AND NATURE OF RETENTION**

6.      Prior to the Chapter 11 Petition Date, commencing on February 14, 2022 (the "Engagement Date"), Mr. Kwok engaged Brown Rudnick to provide advice in connection with, and to prepare for filing of, this Chapter 11 Case.  Attached as **Exhibit A** is an executed copy of the engagement agreement (the "Engagement Agreement").

7.      Brown Rudnick is not a creditor of Mr. Kwok.  In the 90-day period prior to the Chapter 11 Petition Date, all of which occurred on or the day after the Engagement Date, Brown

Rudnick received payments totaling US$1,000,000.00 on account of services to be performed and expenses incurred in connection with its advice to Mr. Kwok and the preparation for the commencement and prosecution of this Chapter 11 Case, as follows: US$500,000.00 on February 14, 2022 and US$500,000.00 on February 15, 2022, each by wire from Lamp Capital LLC as a retainer for services to be performed in the preparation of this Chapter 11 Case.  To fund the Retainer, Lamp Capital LLC made a US$1,000,000.00 loan to Mr. Kwok, and Mr. Kwok directed Lamp Capital LLC to remit the proceeds directly to Brown Rudnick.

8.      Brown Rudnick charged US$51,835.20 against the retainer for preparation and services in connection with the filing of Mr. Kwok's Chapter 11 Petition, and holds the remaining retainer balance of US$948,164.80  for application toward and payment of postpetition fees and expenses as may be allowed by this Court.

9.      I understand that Mr. Kwok has selected Brown Rudnick to be his bankruptcy counsel because of Brown Rudnick's broad range of experience in bankruptcy proceedings.  Over the last several years, Brown Rudnick has represented debtors, creditors' committees, institutional lenders, creditors and various other parties-in-interest in numerous bankruptcy cases.  Brown Rudnick believes it has assembled a highly qualified team of professionals and paraprofessionals to provide services to Mr. Kwok during this Chapter 11 Case.  The core Brown Rudnick team includes myself, Robert Stark, Steven D. Pohl, Bennett S. Silverberg, all partners in the Firm's Restructuring & Finance department, and Tristan Axelrod and Uriel Pinelo, associates in the same department.  The Brown Rudnick team has extensive experience in corporate restructuring and related matters.

## SERVICES TO BE RENDERED

10.      Brown Rudnick will render the following services, among others, to Mr. Kwok, as requested by Mr. Kwok:

3

(a)    provision of legal advice with respect to Mr. Kwok's rights and duties as a debtor in possession, including preparation of his Schedules and SOFAs, monthly operating reports, and other documents to be filed with this Court;

(b)    conferring with other professionals retained by Mr. Kwok and other parties-in-interest;

(c)    preparation on behalf of Mr. Kwok of all necessary petitions, applications, motions, objections, responses, answers, orders, reports and other legal papers, including all trial preparation as may be necessary;

(d)    Taking all necessary legal actions to protect and preserve Mr. Kwok's chapter 11 estate, including prosecuting actions on his behalf, defending any action commenced against Mr. Kwok, and representing him in negotiations concerning litigation in which Mr. Kwok is currently involved with or may become involved with, including objections to claims filed against the estate;

(e)    Taking all necessary action on behalf of Mr. Kwok to obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto

(f)    appearance before this Court, any appellate courts and the U.S. Trustee to protect the interests of Mr. Kwok; and

(g)    performance of all other legal services for Mr. Kwok that are necessary and proper in this proceeding.

11.    It is my understanding that Mr. Kwok has sought or intends to seek to retain other professionals to perform specific tasks that are unrelated to the work to be performed by Brown Rudnick as bankruptcy counsel to the Debtor.  Brown Rudnick intends to work closely with such other professionals retained by Mr. Kwok to ensure that there is no unnecessary duplication of services performed for or charged to Mr. Kwok's Chapter 11 estate.

**BROWN RUDNICK'S RATES AND BILLING PRACTICES**

12.    Brown Rudnick has been asked to serve as bankruptcy counsel to Mr. Kwok in his above-captioned Chapter 11 case.  Mr. Kwok proposes to compensate Brown Rudnick on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by it

4

according to its customary reimbursement policies. The following hourly rates for Brown Rudnick attorneys and paraprofessionals are currently in effect, but are subject to periodic adjustments: hourly rates for partners/counsel range from $715 to $1,875, for associates from $530 to $975, and for paralegals from $375 to $490. Other staff hourly rates range from $290 to $560. Brown Rudnick shall file a supplemental affidavit with this Court and provide not less than ten (10) business days' notice to Mr. Kwok, the U.S. Trustee, and the Committee (if any is appointed) prior to any increases in the rates set forth herein. The supplemental affidavit shall explain the basis for any such requested rate increases in accordance with Bankruptcy Code Section 330(a)(3)(F) and state whether Mr. Kwok has consented thereto. No rate increase shall be effective in this case prior to January 1, 2023.

13.     Brown Rudnick intends to apply for compensation for professional services rendered and for reimbursement of expenses incurred in accordance with applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, and the orders of this Court. Such expenses include, without limitation, travel costs, international calls, express mail, messenger service, photocopying costs, temporary employment of additional staff, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client. Brown Rudnick will bill non-working travel time at half the otherwise applicable hourly rate.

14.     Brown Rudnick acknowledges that all amounts paid to Brown Rudnick during this Chapter 11 Case are subject to final allowance by this Court. In the event that any fees or expenses paid to Brown Rudnick during this Chapter 11 Case are disallowed by this Court, the fees and expenses will be disgorged by Brown Rudnick and returned to Mr. Kwok or as otherwise ordered by this Court.

15.     Except as described below, neither Brown Rudnick, any member of Brown Rudnick, nor any professional or attorney associated with or employed by Brown Rudnick has received a promise as to payment or compensation in connection with this Chapter 11 Case.  Brown Rudnick does not have any agreement with any other entity to share with any such entity any compensation received by Brown Rudnick.

16.     By reason of the foregoing, I believe that Brown Rudnick is eligible for employment and retention by Mr. Kwok pursuant to section 327(a) of the Bankruptcy Code, the applicable Bankruptcy Rules and the Local Rules.

17.     The foregoing constitutes the statement of Brown Rudnick pursuant to sections 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

18.     To the best of my knowledge, no member or associate of Brown Rudnick is a relative of, or has been so connected with, any judge of the Bankruptcy Court for this District. Accordingly, I understand that the appointment of Brown Rudnick is not prohibited by Bankruptcy Rule 5002.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

19.     The following information is provided pursuant to paragraph D.1 of the U.S. Trustee Guidelines:

| QUESTION: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| Response: | No. |
| QUESTION: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |

| QUESTION: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
|---|---|
| Response: | Brown Rudnick briefly represented Mr. Kwok prior to the Petition Date on terms identical to the postpetition terms, excluding Bankruptcy Court approval of retention and allowance of fees. |
| QUESTION: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | Mr. Kwok has approved Brown Rudnick's general staffing plan, which is described in the Application. |

## BROWN RUDNICK DISCLOSURE PROCEDURES

20.     Brown Rudnick[1] and partners and associates of Brown Rudnick may have in the past represented, currently represent and may in the future represent other entities that are claimants against the Debtor in matters totally unrelated to this Chapter 11 Case. Brown Rudnick has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations, some of which may be or become claimants in this Chapter 11 Case or otherwise have an interest in therein. As addressed further below, Brown Rudnick will apprise the Court and parties of interest regarding connections to any claimants against Mr. Kwok or other relevant connections to parties in interest in this Chapter 11 Case.

21.     In preparing this Affidavit, I used a set of procedures developed by Brown Rudnick to ensure compliance with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of professionals by a

---

[1]     For the avoidance of doubt, "Brown Rudnick" is a single firm comprising two legal entities, both named Brown Rudnick LLP. One entity is domiciled in the United States and the other in the United Kingdom; both are limited liability partnerships. Partners of the U.K. entity are also partners of the U.S. entity. References herein to Brown Rudnick refer to Brown Rudnick, including both legal entities and all related personnel and representations, and no other law firm.

debtor under the Bankruptcy Code.  Pursuant to those procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Affidavit and to ascertain Brown Rudnick's connection thereto:

(a)     A comprehensive list of the types of entities and individuals that have contacts with Mr. Kwok was developed through discussions with Brown Rudnick attorneys and Mr. Kwok and his advisors, which includes, among others:

1)     Mr. Kwok and his family members and affiliates;

2)     professionals used by Mr. Kwok;

3)     parties to litigation with Mr. Kwok;

4)     Mr. Kwok's largest unsecured creditors;

5)     state and other governmental entities with a possible interest in or connection with Mr. Kwok;

6)     all applicable taxing authorities;

7)     the U.S. Trustee's office and attorneys; and

8)     the judges of the United States Bankruptcy Court for the District of Connecticut.

22.     In connection with Mr. Kwok's proposed retention of Brown Rudnick, an extensive review (the "Connections Check") of Brown Rudnick's connections (as such term is used in Bankruptcy Rule 2014(a)) with Mr. Kwok, his creditors, any other party-in-interest herein, or their respective attorneys or accountants (collectively, the "Case Parties") was conducted.  For the purpose of compiling a list of the Case Parties, Brown Rudnick utilized the interested party listing provided by Mr. Kwok's counsel and advisors in connection with his retention of Brown Rudnick in this Chapter 11 Case against which to perform the Connections Check.

23.     Attached hereto as **Schedule 1** is a list of the Case Parties that were checked against a database containing Brown Rudnick's connections. For purposes of this Chapter 11 Case, only potential connections that we were able to identify as of March 6, 2022, through the date hereof

were checked. These connections were then reviewed to identify any relationship that would need to be disclosed in accordance with Bankruptcy Rule 2014. During the course of preparing the Schedules and SOFAs Brown Rudnick identified additional connections which are still in the process of being reviewed.

24.     The Connections Check performed by Brown Rudnick included an email circulated to all Brown Rudnick attorneys (and posted on Brown Rudnick's intranet site for further review) alerting all professionals at Brown Rudnick to identify any connections with the Case Parties. A summary of the results of the Connections Check is annexed hereto as **Schedule 2**.

25.     To the best of my knowledge after diligent inquiry, neither Brown Rudnick, any member of Brown Rudnick, nor any attorney associated with or employed by Brown Rudnick, has any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with Mr. Kwok, his creditors, any other party-in-interest herein, their respective attorneys or accountants, except to the extent set forth herein or on **Schedule 2**. Except as set forth herein or on **Schedule 2**, all of Brown Rudnick's connections are unrelated to Mr. Kwok or this Chapter 11 Case.

26.     Brown Rudnick has been involved in unrelated cases with various professionals involved in this case, both in adverse and non-adverse roles.

27.     Brown Rudnick has a well-known reorganization and restructuring practice which encompasses the representation of many investors, financial institutions and other persons or entities, some of which may become creditors or parties-in-interest. Further, as part of its practice, Brown Rudnick appears in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors. Brown Rudnick has not and will not represent any of these creditors, investors, potential acquirers, parties-in-interest, attorneys, financial advisors, accountants, or any other entity in connection with this Chapter 11 Case.

28.     I periodically review and will continue to periodically review potential conflicts.  If I learn that Brown Rudnick has a relationship with, or has represented, a party-in-interest in this Chapter 11 Case, then I will immediately supplement this affidavit and promptly notify the U.S. Trustee.

29.     I submit that none of the representations described above and/or on **Schedule 2** have resulted or will result in an interest of Brown Rudnick adverse to the Debtor or his estate with respect to the matters on which Brown Rudnick is to be retained, and that Brown Rudnick is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) thereof.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 16, 2022
       New York, New York

*/s/ William R. Baldiga*
William R. Baldiga

10

## EXHIBIT A TO BALDIGA AFFIDAVIT

**The Engagement Agreement**

## SCHEDULE 1

**Debtor and Aliases**
Guo Haoyun
Guo Wen Gui
Guo Wengui
Guo Wen-Gui
Gwo Wen Gui
Hao Yung Guo
Haoun Guo
Haoyun Guo
Haoyunguo
Ho Kwok
Ho Wan Kwok
Ho Wankwok
Kwok Ho
Kwok Ho Wan
Miles Guo
Miles Kwok
Wan Gue Haoyun
Wan Gui Haoyun
Wen Gui Gwo
Wengui Guo

**Professionals and Related Vendors**
Aaron Mitchell
Ari Casper
Baker Hostetler LLP
Bankruptcy Management Solutions, Inc.
(trade name Stretto)
Brown Rudnick LLP
Clayman Rosenberg Kirshner & Linder LLP
Craig R. Jalpbert
Damon Parker
Dr. Eric Goldsmith
Forbes Hare
Ganfer Shore  Leeds & Zauderer LLP
Guy Petrillo
Harcus Parker Limited
Isabelle Kirshner
Janover LLC
Jeffrey Gavenman
John Lau
John Siegal
Lalive
Lawall & Mitchell, LLC
Mark Zauderer
Martello Financial Services

**Professionals and Related Vendors (cont.)**
Matthew Hoyle Ltd.
Melissa Francis
Mindy Kamen
Montbrial Avocats
Petrillo Klein & Boxer LLP
Professor Brad Wendel
Robert Nader
Sa'ad Hossain
Sandrine Giroud
Schulman Bhattacharya, LLC
Sebastian Isaac
Shane Shook
The Casper Firm, LLC
The Francis Firm PLLC
Thibault de Montbrial
Una Wilkinson
Verdolino & Lowey, P.C.
Victor Cerda
VX Cerda & Associates
William Wendel

**Debtor's Family**
Hing Chi Ngok
Mei Guo
Qiang Guo (a/k/a Mileson)

**US Trustee Staff**
Erin Hogan
Frank Marino
Holley L. Claiborn
Jennifer J. Morey
John Gervais
Joseph H. Flamini
Kim McCabe
Nicole Neely
Sharon Warner
Steven E. Mackey
William Harrington

**Bankruptcy Court Judges & Clerk**
Judge Ann M. Nevins
Judge James J. Tancredi
Judge Julie A. Manning
Pietro Cicolini

**Taxing Authority**
Internal Revenue Service

**Debtor's Co-Defendants**
Beijing Pangu Investment Co.
Beijing Zenith Holdings Co.
Bravo Luck Ltd.
Dongna Fang
G Club Operations LLC
Genever Holdings Corporation
Genever Holdings LLC
GTV Media Group, Inc.
Lihong Wei Lafrenz (a/k/a Sara Wei)
Rule of Law Foundation III Inc.
Rule of Law Society IV, Inc.
Saraca Media Group, Inc.
Voice of Guo Media, Inc.

**Hong Kong Restraining Order Parties**
AAGC Limited
Alfa Global Ventures Limited
Alfonso Global Limited
Allied Capital Global Limited
Anton Development Limited
BSA Strategic Fund I
China Golden Spring Group (Hong Kong) Limited
Creative Apex Investments Limited
Crystal Breeze Investments Limited
Elite Well Global Limited
Globalist International Limited
Guo Lijie
Han Chunguang
Hong Kong International Funds Investments Limited
Infinite Increase Limited
Infinitum Developments Limited
Insight Phoenix Fund
Leading Shine Limited
Noble Fame Global Limited
Qu Guojiao
Rosy Acme Ventures Limited
Zhang Wei

**Unsecured Creditors & Other Parties in Interest**
Ace Decade Holdings Limited
Boxun, Inc.
Chao-Chih Chiu
Cheng Jian Wu Jian She
Chenglong Wang
Chong Shen Raphanella
Clark Hill PLC
Dawn State Limited
Eastern Profit Corporation Limited
Fan Bingbing
Forgepoint Capital
Gao Bingchen
Golden Spring (New York) Ltd.
Guo Baosheng
Haihong Wang
Hero Grand Limited
Hong Kong Interior Design and Engineering Company
Hong Qi Qu
Hong Zeng
Huizhen Wang
Jia Li Wang
Jiamei Lu
Jian Gong
Jianhu Yi And Qiuju Jia
Jiansheng Xie
Jiefu Zheng
Jonathan Young
Jumbo Century Limited
Jun Chen Aka Jonathan Ho
Jun Liu
June Juzhen Shi
Kaixin Hong
Keyi Zilkie
Lamp Capital, LLC
Liehong Zhuang/Xiao Yan Zhu
Linda Cheng
Linda He Cheung
Logan Cheng f/k/a Shuiyan Cheng
Mao-Fu Weng
Nan Tong Si Jian
New Dynamic Development Limited
Ning Ye
One Essex Court

**Unsecured Creditors & Other Parties in Interest (cont.)**

Pacific Alliance Asia Opportunity
Quiju Jia
Rafael Vargas
Real Rise Academy
Rong Zhan
Rui Ma
Ruqin Wang
Sail Victory Limited
Samuel Dan Nunberg
Samuel Nunberg
Sherry Netherland, Inc.
Shuang Wang
Strategic Vision
Teli Chen
Thomas Ragland
Transperfect
UBS AG
UBS AG (London Branch)
Us Legal Support
Veritext Legal Solutions
Wa&Hf, LLC/Ruizeng An
Weican ("Watson") Meng
Weiguo Sun
Weixiand Ge
Well Origin
Well Origin Limited
Wen Lin
Xaio Yan Zhu
Xiaobo He
Xiaodan Wang
Xiaoping Luo
Xingyu Yan
Xiqiu ("Bob") Fu, (Pastor Fu Or Dr. Fu)
Xiqiu Fu
Yan Gao
Yan Zhao
Yang Lan And Wu Zheng
Yeliang Xia
Yi Li
Ying Liu
Yua Hua Zhuang Shi
Yue Hua Zhu Shi
Yunxia Wu
Zeichner Ellman & Krause Llp

**Unsecured Creditors & Other Parties in Interest (cont.)**

Zheng Wu A/K/A Bruno Wu
Zhengjun Dong

**<u>SCHEDULE 2</u>**

| Entity Name | Relationship to Debtor | Current Client | Former Client | Adverse To Or Aligned With Current Or Former Clients In Unrelated Matters | Other Connection |
|---|---|---|---|---|---|
| Craig R. Jalbert* | Professional Advisor | X (solely in his capacity as trustee for a creditor trust) | X (solely in his capacity as trustee for a creditor trust) | | |
| Forbes Hare | Professional Advisor | | X | | |
| Internal Revenue Service | Taxing Authority | | X | X | |
| Judge Julie A. Manning | Bankruptcy Judge | | | | A Brown Rudnick member who is not involved in this matter has a previous professional and social connection to Judge Manning |
| UBS AG | Unsecured Claimant | | | X | |
| Verdolino & Lowey, P.C.* | Professional Advisor | | X | | |
| ZHENG WU a/k/a BRUNO WU | Top 20 Unsecured Claimant | | X (applicable to entity affiliated with searched entity) | | |

*Mr. Jalbert and Verdolino & Lowy, and Brown Rudnick, each have extensive insolvency practices and, for that reason, have been involved (at times for the same client, at other times for opposing interests, and at other times representing one another directly) on many occasions. However, none of other matters are related directly or indirectly to the Debtor or these proceedings

## **EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
                                                :
In re:                                          :    Chapter 11
                                                :
    Ho Wan Kwok,                          :    Case No. 22-50073 (JAM)
                                                :
                                                :    Requested Hearing:
              Debtor.    :    Date: TBD
                                                :    Time: TBD
---------------------------------------------------------------------X

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BROWN RUDNICK LLP AS COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION

Upon the application of Mr. Ho Wan Kwok (the "Application"),[2] as debtor and debtor in possession in the above-captioned Chapter 11 case, pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), for authorization to employ Brown Rudnick LLP ("Brown Rudnick LLP") as his bankruptcy counsel effective as of the Petition Date, as more fully set forth in the Application; and upon the annexed affidavit of William R. Baldiga, Esquire, a partner of Brown Rudnick (the "Baldiga Affidavit"); and the Court being satisfied, based on the representations made in the Application and the Baldiga Affidavit, that Brown Rudnick does not represent or hold any interest adverse to Mr. Kwok or his Chapter 11 estate as to the matters upon which it is to be engaged and is a "disinterested person" under 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and that the employment of Brown Rudnick is necessary to Mr. Kwok and his Chapter 11 estate; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore:

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Application.

**IT IS HEREBY ORDERED THAT:**

1.      That the Application is granted and approved.

2.      Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Connecticut (the "<u>Local Rules</u>"), the Debtor, is authorized to employ and retain Brown Rudnick as his counsel to perform the services as set forth in the Application and the Baldiga Affidavit, effective as of the Petition Date.

3.      Brown Rudnick shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, Local Rules and guidelines established by the Office of the United States Trustee as may then be applicable, from time to time, and such other procedures as may be fixed by order of this Court.

4.      Ten business days' notice must be provided by Brown Rudnick to the Debtor, the United States Trustee and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.

5.      Mr. Kwok is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

2