# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| PRESENT: | HON. BARRY R. OSTRAGER | PART | IAS MOTION 61EFM |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                      Plaintiff,

                      - v -

KWOK HO WAN, a/k/a KWOK HO, et al.,

                      Defendants.

| INDEX NO. | 652077/2017 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 012 |

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------X

HON. BARRY R. OSTRAGER

        Before the Court is Motion 012 by Plaintiff Pacific Alliance Asia Opportunity Fund L.P. ("PAX") to hold Defendant Kwok Ho Wan ("Kwok") in contempt. This Court previously issued three orders restraining Kwok's interest in the yacht called the "Lady May." On September 30, 2020, this Court entered a Temporary Restraining Order (the "TRO") preventing Kwok from, among other things, "interference with any property in which he has an interest." NYSCEF Doc. No. 591. In issuing the TRO, the Court noted that "[a]ny violation . . . shall be considered criminal contempt." *Id.* On October 15, 2020, the Court issued the Order, which granted PAX's motion under CPLR 5229 and expressly restrained the Lady May:

> Mr. Kwok is restrained from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, whether directly or indirectly, and from paying over or otherwise disposing of any debt now due or thereafter coming due to him subject to the exceptions set forth in CPLR 5222, in accordance with the proceedings on the record of October 15, 2020. Specifically, Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry-Netherland Hotel and (2) the yacht, "the Lady May" are restrained from making or causing any sale, assignment, transfer, or interference with those assets.

NYSCEF Doc. No. 630. Counsel for Kwok specifically asked the Court whether Kwok could move the yacht from the jurisdiction for licensing purposes. The Court denied this request at the time and directed counsel to make a motion if necessary.

Plaintiff brings this motion because, despite these orders, the Lady May has been moved outside of the United States.

The Court has reviewed the extensive submissions of the parties in connection with PAX's motion to hold Kwok in contempt. Passing the issue of whether any of Mr. Kwok's attorneys have violated the Code of Professional Conduct, it is clear that there has been an intolerable amount of gamesmanship, dissembling. and deceit in proceedings before this Court relating to the whereabouts and ownership of the yacht "Lady May."

The defendant claims that the yacht was removed from the jurisdiction of this Court for "ordinary course" "winter maintenance" notwithstanding restraints imposed on the movement of the yacht by the Court. Rather than catalogue the many "shell games" defendant Kwok has engaged in with the assistance of counsel who should know better, the Court grants the motion for contempt to the following extent: For every day that the yacht is outside the jurisdiction of this Court after May 15, 2021, defendant Kwok will be fined $500,000. The other restraints relating to the ownership and control of the yacht remain in place.

2

A status conference remains scheduled for May 4, 2021 at 10:00 am.

Dated: March 16, 2021

*[signature]*

BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

3