# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | |

## NOTICE OF *AMENDED*[1] PROPOSED ORDER GRANTING UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER OR, IN THE ALTERNATIVE, MOTION FOR ORDER DIRECTING THE <u>APPOINTMENT OF A CHAPTER 11 TRUSTEE</u>

The United States Trustee, William K. Harrington, through the undersigned counsel, hereby provides notice to the Court that the Debtor has advised the United States Trustee that the Debtor has no objection to the appointment of an examiner in the above-captioned case.

The United States Trustee also submits the amended proposed order as follows:

The United States Trustee, having moved for an order directing the appointment of an examiner under 11 U.S.C. § 1104(c)(1) and/or (2) for the chapter 11 case of Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo ("Debtor"), or in the alternative, an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(2) based on the best interests of creditors and the estate ("Motion") (ECF 102), and a hearing having been held on the Motion on _____, 2022, and this court having considered the evidence and the Debtor's consent to the Motion and having concluded that the appointment of an examiner under 11 U.S.C. 1104 (c)(2)

---

[1] Although the Debtor has agreed to the Court's directing the United States Trustee to appoint an examiner in the Debtor's Chapter 11 case, neither the Debtor nor other parties-in-interest have agreed to the terms of the Amended Proposed Order herein. The United States Trustee files this Notice of Amended Proposed Order to provide notice of the proposed terms to all parties and the Court in advance of the hearing on the United States Trustee's Motion.

of the Bankruptcy Code to investigate the affairs of the Debtor is mandatory as the Debtor's fixed, liquidated unsecured debts exceed $5 million. The court further finds that grounds exist for the appointment of an examiner under 11 U.S.C. 1104(c)(1) as the appointment of an examiner to investigate the affairs of the Debtor and the Debtor's affiliates is in the best interest of creditors and other interest of the estate. The Court having found cause to grant the Motion, it is hereby

(1)    **ORDERED** that the Motion is granted pursuant to 11 U.S.C. § 1104(c)(1) and (2); and it is further

(2)    **ORDERED** that the United States Trustee is directed to appoint an Examiner in the Debtor's case; and it is further

(3)    **ORDERED** that the examiner is directed to: (a) identify the Debtor's post-petition income, sources of funds, and payment of Debtor's obligations from all sources, (b) identify the Debtor's uses of post-petition income, (c) identify and understand the Debtor's interests, including beneficial, control, equitable and legal, in corporate entities across the globe, and identify and understand the assets and liabilities of those corporate entities; (d) identify the Debtor's past and present use of family-related real property and conveyances; (e) identify the Debtor's past and present services provided for the benefit of family-member related businesses and entities; and (f) examine whether the Debtor is fulfilling all of his fiduciary duties and complying with all the reporting requirements imposed upon debtors-in-possession, including disclosure of all assets and causes of action; and it is further.

(4)    **ORDERED** that the Examiner, the Debtor, the Committee, or the United States Trustee shall have the right to petition the Court to further expand the scope of the Investigation, if during such Investigation other relevant matters are revealed which the Examiner, the Debtor,

the Committee or the United States Trustee believe should be brought to the attention of the Court; and it is further

**(5)** **ORDERED** that the Debtor, the Debtor's affiliates, family-members and their businesses and entities, and the Committee are directed to fully cooperate with the Examiner in conjunction with the performance of any of the examiner's duties and the Investigation, and that the Debtor and the Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation; and it is further

**(6)** **ORDERED** that until the examiner has filed his or her report, neither the examiner nor the examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the examiner's duties; and it is further

**(7)** **ORDERED** that the examiner shall prepare and file a report, as is required by 11 U.S.C. § 1106(a)(4), within 120 days following the approval of the work plan by the Court, unless such time shall be extended by order of the Court on Notice to all parties that have requested notice pursuant to Federal Rules of Bankruptcy Procedure; and it is further

**(8)** **ORDERED** that the examiner may retain counsel and other professionals, if he or she determines that such retention is necessary to discharge his or her duties, with such retention being subject to Court approval under standards equivalent to those set for in 11 U.S.C. § 327; and it is further

**(9)** **ORDERED** that the examiner and any professionals retained by the examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses in accord with any procedures for interim compensation and reimbursement of expenses of professionals that are established in this case. Compensation and reimbursement of the examiner

shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330; and it is further

(10)    **ORDERED** that the examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced in paragraph 6 above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtor, any person, corporation or entity in which the Debtor may have a relationship, and the examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies; and it is further

(11)    **ORDERED** that the examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in this case; and it is further

(12)    **ORDERED** that nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to the appointment of a trustee.

Dated: March 22, 2022  
    New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Steven E. Mackey  
    Steven E. Mackey, Esq.  
    USDOJ Trial Attorney  
    Office of the United States  
    Trustee Giaimo Federal Building,  
    Room 302 150 Court Street  
    New Haven, CT 06510  
    Steven.E.Mackey@usdoj.gov  
    Federal Bar No: ct09932  
    (202) 934-4049