UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------------X
:
In re:                                                               :   Chapter 11
                                                                     :
    Ho Wan Kwok,                                              :   Case No. 22-50073 (JAM)
                                                                     :
                                                                     :
    Debtor.[1]                                                 :
                                                                     :
---------------------------------------------------------------------X

**EMERGENCY REQUEST FOR HEARING ON INTERIM RELIEF IN CONNECTION WITH DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL DIP ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN UNSECURED, SUBORDINATED POSTPETITION FINANCING AND (II) SCHEDULING INTERIM AND FINAL HEARINGS, AND (III) GRANTING RELATED RELIEF**

Mr. Ho Wan Kwok, the debtor and debtor-in-possession in the above-captioned Chapter 11 Case, by and through his undersigned counsel, hereby submits this emergency request (the "Emergency Request")[2] seeking the scheduling of an emergency hearing, on shortened notice, in connection with the concurrently filed *Debtor's Motion For Entry of Interim And Final DIP Orders (I) Authorizing The Debtor To Obtain Unsecured, Subordinated Postpetition Financing And (II) Scheduling Interim And Final Hearings, And (III) Granting Related Relief* (the "Motion"), and submits the *Declaration of Mr. Ho Wan Kwok In Support of The Chapter 11 Case And Certain Motions* (the "Kwok Declaration"), filed concurrently herewith, in support of this Emergency Request, and respectfully further states as follows:

**RELIEF REQUESTED**

1.    On February 15, 2022 (the "Petition Date"), Mr. Kwok filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

2. Mr. Kwok seeks the entry of an order scheduling an emergency hearing and shortening the period for notice of the hearing on the Motion so that this Court may consider the Motion on an expedited basis, substantially in the form attached as <u>Exhibit A</u> (the "<u>Scheduling Order</u>") and respectfully requests that the hearing be held on March 28, 2022 (the "<u>Requested Interim DIP Hearing Date</u>").

**BASIS FOR RELIEF**

3. Pursuant to Local Rule 9013-2, any request for (i) entry of an order with less than seven (7) days' notice and (ii) prior to the earlier of the creditor's committee formation meeting or the Section 341 Creditors' Meeting, "shall be confined to matters required to avoid irreparable harm to the assets of the estate and to maintain ongoing business operations and such other matters as the Court may deem appropriate." L.R. Bankr. P. 9013-2(a).

4. As more fully set forth in the Motion and Kwok Declaration, the Debtor does not have sufficient liquidity (nor any material assets) to retain his prepetition attorneys and advisors prosecuting his litigation claims against UBS and Clark Hill and other pending litigations claims representing the estate's most meaningful assets—assets which may be necessary to formulate and potentially confirm a plan of reorganization. If the Debtor does not have immediate access to funding to ensure the continued services of these prepetition advisors, their collective knowledge, expertise, and familiarity in connection with their prepetition work will be lost and this Chapter 11 estate will incur substantial additional and unnecessary expenses in educating and retaining replacement professionals necessary to preserve, and continue prosecuting these valuable litigation claims. Thus, if the DIP Facility is not approved on an interim basis in the limited fashion set forth in the Motion, the Chapter 11 estate will suffer immediate and irreparable harm. Accordingly, the Debtor respectfully requests that the Court schedule the

Motion on the Requested Interim DIP Hearing Date, on an emergency basis, and grant the relief requested in the Motion.

## NOTICE

5.    Notice of this Emergency Request has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each of Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; (v) the proposed DIP Lender; and (vi) any such other party entitled to receive notice pursuant to Local Rule 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully request that the Court enter the Scheduling Order to consider the Motion on shortened notice on the Requested Interim DIP Hearing Date.

Dated: March 22, 2022

                                          **BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
       bsilverberg@brownrudnick.com
       upinelo@brownrudnick.com

# **EXHIBIT A**

Proposed Scheduling Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
:
In re:                                                               :   Chapter 11
                                                                     :
   Ho Wan Kwok,                                         :   Case No. 22-50073 (JAM)
                                                                     :
                                                                     :   Related Docket No.
            Debtor.[3]         :
                                                                     :
---------------------------------------------------------------------X

**[PROPOSED] SCHEDULING ORDER PRESCRIBING NOTICE OF EMERGENCY REQUEST FOR HEARING IN CONNECTION DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL DIP ORDERS (I) AUTHORIZING THE DEBTOR TO OBTAIN UNSECURED, SUBORDINATED POSTPETITION FINANCING AND (II) SCHEDULING INTERIM AND FINAL HEARINGS, AND (III) GRANTING RELATED RELIEF**

The *Emergency Request For Hearing In Connection With Debtor's Motion For Entry Of Interim And Final DIP Orders (I) Authorizing The Debtor To Obtain Unsecured, Subordinated Postpetition Financing And (II) Scheduling Interim And Final Hearings, And (III) Granting Related Relief* (the "Emergency Request") in connection with the motion (the "DIP Motion")[4] of Mr. Ho Wan Kwok having been considered; and the Court having found that it has jurisdiction to consider the Emergency Request and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); **IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that:

1.  The Emergency Request is GRANTED and that the hearing to consider the Motion is hereby scheduled for [March 28, 2022] at [time to be determined] at the U.S.

---

[3] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Emergency Request.

2

Bankruptcy Court, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604; and

  2. It is further ORDERED that Mr. Kwok shall serve a copy of the Motion, all corresponding papers, and a copy of this Order upon the following: (i) the U.S. Trustee; (ii) each of Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; (v) the proposed DIP Lender; and (vi) any such other party entitled to receive notice pursuant to Local Rule 2002.

Dated:
   Bridgeport, Connecticut

                 _____
                 UNITED STATES BANKRUPTCY JUDGE