**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------X
:
In re: : Chapter 11
:
    Ho Wan Kwok, : Case No. 22-50073 (JAM)
:
        Debtor. : Ref. Dkt. Nos. 57, 83, 98
:
-----------------------------------------------------------------X

**DEBTOR'S SUPPLEMENT TO OBJECTION TO MOTION OF**
**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. FOR ENTRY OF**
**AN ORDER CONFIRMING THE INAPPLICABILITY OF THE AUTOMATIC**
**STAY OR, IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC**
**STAY PURSUANT TO SECTION 362(d)(2) OF THE BANKRUPTCY CODE**

    Ho Wan Kwok (the "Debtor"), through his below proposed counsel, in accordance with the Court's instructions at the March 22, 2022 preliminary hearing on the PAX Motion,[1] hereby files this supplement to his Objection to the PAX Motion [Dkt. No. 83] and response to paragraphs 8 through 11 of PAX's Reply in respect of the PAX Motion [Dkt. No. 98].[2]

    1.    The February 9 Contempt Order does not bind this Court or preclude proper findings as to the extent to which the estate holds an interest in the Lady May vessel.

    (i)    In connection with the February 9 Contempt Order, PAX asked only for a determination that the Debtor held a sufficient beneficial interest in the Lady May under CPLR § 5225 to support a levy — not for a determination of the vessel's actual ownership.

---

[1]  *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code*, dated March 1, 2022 [Dkt. No. 57] (the "PAX Motion").

[2]  In accordance with the Court's instructions, this supplement responds only to the arguments and assertions made in paragraphs 8 through 11 of the PAX Reply. To the extent that PAX or any other party in interest raises additional *res judicata*, collateral estoppel, Rooker-Feldman, or other arguments with respect to the PAX Motion or any other matters in this case, the Debtor reserves all rights to respond, including the right to raise any applicable legal or equitable arguments in respect thereof.

(ii) The NY State Court determined the exact question that PAX requested it determine, and no more.

(iii) In any event, the NY State Court could not have determined ownership of the Lady May, as that court, pursuant to federal law, did not have jurisdiction to determine ownership of the vessel.

(iv) The Rooker-Feldman doctrine cannot apply because the NY State Court's findings are not final; rather, they are pending appeal.

(v) Moreover, Rooker-Feldman does not apply to ancillary proceedings (*e.g.*, the proceeding that resulted in entry of the February 9 Contempt Order), but to only final judgments on the merits concerning liability.

(vi) *Res judicata* does not apply because the current title holder who asserts ownership of the Lady May (HK International Funds Investments (USA) Limited, LLC) ("HK International") was not a party to the NY State Court action, and any decision as to HK International's interests and the estate's interests in the Lady May necessarily requires that HK International be a party; there is, therefore, no identity of parties as between the NY State Court action and here.

(vii) *Res judicata* also does not apply because the precise questions to be decided — there, whether the Debtor held a sufficient beneficial interest in the Lady May to support a levy; versus here, the extent to which any interest in the Lady May is estate property — are different; there is, therefore, no identity of issues as between the NY State Court action and here.

(viii) Collateral estoppel is similarly inapplicable for substantially the same reasons.

2. The February 9 Contempt Order ruled on one narrow question – whether the Debtor held a sufficient beneficial interest in or had sufficient control over the Lady May under CPLR §

5225 such that PAX could have levied upon that interest. This is the precise question on which PAX requested that the NY State Court rule,[3] and on which that court did so rule.[4]

3. PAX concedes that HK International holds legal title to the Lady May.[5] The February 9 Contempt Order did *not* resolve the ultimate question of who actually owns the Lady May, or the extent of the Debtor's beneficial interest in the vessel relative to the asserted competing interests of the current title holder, HK International, or any other parties. Nor could it have. The NY State Court did not have jurisdiction to determine title and ownership over the Lady May because such matters invoke the exclusive admiralty/maritime jurisdiction of the federal courts.[6]

4. The Rooker-Feldman doctrine, an "exceedingly narrow" doctrine that applies only in the rarest of circumstances,[7] cannot apply here. The "limited scope" of the Rooker-Feldman doctrine does not apply: (i) where, as here, there is a pending appeal of the order, and there is

---

[3] See Pre-Hearing Brief in Support of Pacific Alliance Asia Opportunity Fund L.P.'s Motion for a Final Order of Civil Contempt against Defendant Kwok, dated February 1, 2022, in PAX v. Kwok, et al., Index No. 652077/2017 (N.Y. Sup. Ct.), ECF No. 1172 ("PAX Pre-Hearing Brief"), at 8 ("The extent of PAX's ongoing 'prejudice' turns on PAX showing whether it could ultimately levy on the Lady May to satisfy its more-than-$116 million judgment against Kwok. Under CPLR § 5225, an interest in 'money or other personal property,' like the Lady May, is leviable where the debtor holds the requisite 'interest.' To satisfy this requirement, '**[i]t is not necessary that the judgment debtor have legal title to the property; a beneficial interest is sufficient**.'") (emphasis in original) (citations omitted).

[4] Pacific Alliance Asia Opportunity Fund L.P. v. Kwok, Case No. 652077/2017, 2022 WL 406636, at *5 (N.Y. Sup. Ct. Feb. 9, 2022) ("The evidence clearly and convincingly demonstrates that Kwok holds a beneficial interest in and controls the Lady May.").

[5] PAX Pre-Hearing Brief, at 9 ("As an initial matter, Kwok argues that he never held legal title to HK International or HK USA. PAX does not dispute this, but that is not the relevant fact.").

[6] See 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled…."); Ward v. Peck, 59 U.S. 267, 267 (1855) ("In this country ... the ancient jurisdiction over petitory suits or causes of property has been retained [by courts of admiralty]."); Matsuda v. Wada, 128 F. Supp. 2d 659, 669 (D. Haw. 2000) ("It is well settled that the admiralty jurisdiction of federal courts extends to petitory and possessory suits concerning vessels."); Kawa Leasing, Ltd. v. Yacht Sequoia, 544 F.Supp. 1050, 1064-65 (D. Md. 1982) (action to quiet title was action in admiralty invoking admiralty jurisdiction of federal court).

[7] See VanderKodde v. Elliott, 951 F.3d 397, 400-01 (6th Cir. 2020) ("In Exxon Mobil Corp. v. Saudi Basic Industries Corp., the Supreme Court made clear that the Rooker-Feldman doctrine — which prohibits the lower federal courts from reviewing appeals of state-court decisions — applies only to an exceedingly narrow set of cases.").

almost certain to be a dispute over whether and the extent to which the vessel is property of the estate under Section 541;[8] or (ii) to ancillary proceedings (*e.g.*, contempt/enforcement proceedings) separate from the underlying liability judgment.[9] Further, as discussed below, the precise issue in this case and the issue before the NY State Court are different, rendering Rooker-Feldman inapplicable.[10]

5. *Res judicata* does not apply either. *Res judicata* requires both that the rendering court be a court of "competent jurisdiction" and that "the litigants were the same parties."[11] The February 9 Contempt Order could not have *res judicata* effect regarding: (i) the ultimate ownership of the Lady May, which the NY State Court lacked jurisdiction to resolve; or (ii) the asserted competing interests of third parties (*e.g.*, HK International) who were not party to that litigation.[12]

6. *Res judicata* also does not apply because the precise question decided by the NY State Court (*i.e.*, whether the Debtor held a sufficient beneficial interest to support a levy), and the question to be decided by this Court (*e.g.*, the extent to which the Lady May is property of the

---

[8] See Nicholson v. Shafe, 558 F.3d 1266, 1275-76 (11th Cir. 2009) ("[B]ecause an appeal remained pending in the state court action at the time the Appellants filed the instant [federal] case, the state court proceedings had not ended for purposes of Rooker–Feldman...."); Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1032 (10th Cir. 2006) ("In this case, [plaintiff] filed his federal suit while his petition for certiorari to the New Mexico Supreme Court was pending. His state suit was not final. As such, the Rooker–Feldman doctrine does not bar his federal suit...."); Dornheim v. Sholes, 430 F.3d 919, 923–24 (8th Cir. 2005) ("At the time that the [plaintiffs] commenced this federal action, the state court adjudication was not complete" because state appellate proceedings took place after filing of federal action); Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 27 & n. 13 (1st Cir. 2005).

[9] VanderKodde, 951 F.3d at 402 ("First, Rooker-Feldman applies only when a state court renders a *judgment* — when the court investigates, declares, and enforces liabilities based on application of law to fact.") (emphasis in original) (citations and quotations omitted).

[10] See Philadelphia. Entm't & Dev. Partners LP v. Commonwealth of Pa. Dept. of Rev. (In re Phila. Entm't & Dev. Partners LP), 879 F.3d 492, 501-02 (3d Cir. 2018) ("[A] federal court can address the same issue and reach a conclusion contrary to a judgment by the first court, as long as the federal court does not reconsider the legal conclusion reached by the state court.").

[11] Brown Media Corp. v. K & L Gates, LLP, 854 F.3d 150, 157 (2d Cir. 2017).

[12] See Taylor v. Sturgell, 553 U.S. 880, 884 (2008) ("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (quoting Hansberry v. Lee, 311 U. S. 32, 40 (1940)).

Debtor's estate), are different. "Whether property is property of the estate is a question *only a Bankruptcy Court can make with full authority*."[13] A Section 541 property of the estate determination: (i) is a separate and distinct cause of action under the Bankruptcy Code; (ii) did not arise until after the bankruptcy petition was filed; (iii) was not previously litigated; (iv) could not have been raised in any prior proceeding; and (v) is subject to this Court's *exclusive* jurisdiction.[14] Even where there may be overlapping facts,[15] *res judicata* does not foreclose a Section 541 determination because of the separate and distinct nature of the action and the fact that it was not (nor could it have been) litigated before the bankruptcy case.[16]

7. Collateral estoppel is not applicable either for substantially the same reasons — neither the actual ownership of the Lady May, nor the relative rights of the parties with asserted competing interests in the Lady May, nor a Section 541 determination of the estate's interest in the Lady May, has ever been previously adjudicated.[17]

8. Accordingly, the February 9 Contempt Order does not bind this Court, does not preclude proper findings as to the extent to which the Lady May is property of the Debtor's estate,

---

[13] In re DeFlora Lake Dev. Assocs., Inc., 571 B.R. 587, 593 (Bankr. S.D.N.Y. 2017) (emphasis added).

[14] Id. at 598 ("[A] determination of property of the estate could not have been made by the District Court or the Second Circuit prior to Debtor's filing for bankruptcy. Such a determination is not only a separate cause of action under Bankruptcy Code § 541 and § 543, it is also a determination within the exclusive province of the Bankruptcy Court. The District Court could not have made a determination on what constituted property of the bankruptcy estate before the bankruptcy case was even filed.") (citations omitted).

[15] It bears observing that the NY State Court's determination respecting the Lady May was based, in part, on an adverse inference drawn respecting the Debtor's invocation of his Fifth Amendment rights, which adverse inference does not carry over to this proceeding. See Klein v. Harris, 667 F.2d 274, 288 (2d Cir. 1981) (inferences respecting waiver/invocation of Fifth Amendment rights may be made only "in the context of the same judicial proceeding.").

[16] DeFlora, 571 B.R. at 597 ("Even though the adversary proceeding before this Court may involve some overlapping facts that were alleged in the parties' breach of contract claims in the District Court, the causes of action are not the same and this proceeding for turnover of property of the estate and for a determination of Hyde Park's bankruptcy claims could not have been raised in the District Court.").

[17] See Napoli v. New York Post, 107 N.Y.S.3d 279, 281 (N.Y. App. Div. 2019) (holding that collateral estoppel does not apply where claim decided in first proceeding was different from claim in second proceeding).

and does not implicate Rooker-Feldman, *res judicata*, collateral estoppel, or any other similar legal or equitable considerations.

Dated: March 28, 2022

**BROWN RUDNICK LLP**

By: */s/ William R. Baldiga*
Dylan P. Kletter, Esq.
185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 509-6500
Facsimile: (860) 509-6501
Email: dkletter@brownrudnick.com

-and-

William R. Baldiga, Esq.
Robert J. Stark, Esq.
Jeffrey L. Jonas, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email:  wbaldiga@brownrudnick.com
           rstark@brownrudnick.com
           jjonas@brownrudnick.com
           bsilverberg@brownrudnick.com

*Proposed Counsel for
Ho Wan Kwok, Debtor*