## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-------------------------------------------------------------------X
:
In re:                                                      :   Chapter 11
                                                            :
   Ho Wan Kwok,                                        :   Case No. 22-50073 (JAM)
                                                            :
                                                            :   Date:
                Debtor.[1]             :   Time:
                                                            :
-------------------------------------------------------------------X

### DEBTOR'S MOTION (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") hereby submits this motion (the "<u>Motion</u>") pursuant to sections 105(a), 501, 502, 503 and 1111(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 3003 and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1 and 3003-1 of the Local Bankruptcy Rules for the District of Connecticut (the "<u>Local Rules</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Bar Date Order</u>"): (a) establishing the General Bar Date (defined below); (b) establishing the Governmental Bar Date (defined below); (c) establishing the 503(b)(9) Bar Date (defined below); (d) approving the proposed procedures for filing Proofs of Claim (defined below); (e) approving the proposed procedure for notice of the Bar Dates (defined below), including the Bar Date Notice (defined below); and (f) approving the Claim Form (defined below).  In support of this Motion, the Debtor submits and incorporates the *Declaration of Mr. Ho Wan Kwok in*

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

*Support of the Chapter 11 Case and Certain Motions* (the "Kwok Declaration") [Docket No. 107] and respectfully states as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 501, 502(b)(9), 503(b)(9), and 1111(a), Bankruptcy Rules 2002, 3003 and 9007, and Local Rules 2002-1 and 3003-1.

## BACKGROUND

4.      On February 15, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtor is a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      No trustee or examiner has been appointed in this Chapter 11 Case.  On March 21, 2022, the Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

7.      On March 9, 2022, the Debtor filed his Schedules of Assets and Liabilities (collectively, the "Schedules") [Docket No. 78] and Statement of Financial Affairs (the "SOFA") [Docket No. 77].

8.    The Debtor's general background is provided in the Kwok Declaration and incorporated herein.  He is an outspoken Chinese political dissident and a prominent Chinese pro-democracy activist.  Over the years, he has amassed a following on various digital and media platforms where he shares his personal views and opinions concerning the People's Republic of China (the "PRC") and other world affairs.  His views and opinions on the Chinese Communist Party (the "CCP"), as the ruling party of the PRC, have been influenced by his living through the Tiananmen Square Massacre of 1989, his subsequent imprisonment and torture in China, and his direct knowledge of and personal experiences involving high-level CCP corruption.  He currently lives in the United States, where his asylum application remains pending.

9.    The Debtor is a named party as a plaintiff, defendant, or co-defendant in over 30 active cases pending in the United States and abroad, including in the United Kingdom, Switzerland, the British Virgin Islands, and Canada – the majority of these suits remain active here in the United States (although many are currently subject to the automatic bankruptcy stay). *See* SOFA [ECF No. 77].

## RELIEF REQUESTED

10.    The Debtor seeks entry of the Bar Date Order, substantially in the form attached hereto as **Exhibit A**:

    a.    establishing the deadline for each person (as defined in Bankruptcy Code section 101(41)), excluding governmental units (as defined in Bankruptcy Code section 101(27), the "Governmental Units"), to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in Bankruptcy Code section 101(5)), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under Bankruptcy Code section 503(b)(9), against the Debtor that is fifty-two (52) days from the date of service of the Bar Date Notice (such deadline, the "General Bar Date");

b.     establishing **August 15, 2022 at 11:59 p.m. (ET)** (the first Business Day after the date that is one hundred eighty (180) days after the date of the order for relief) as the deadline for Governmental Units to file a Proof of Claim in respect of any prepetition claim against the Debtor (such deadline, the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates");

c.     except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, establishing the later of (a) the General Bar Date, or (b) thirty (30) days after the date of entry of any order authorizing the rejection of an executory contract or unexpired lease, as the bar date by which a proof of claim for any claim arising from the Debtor's rejection of such contract or lease must be filed (the "Rejection Bar Date");

d.     in the event that the Debtor amends his Schedules, establishing the later of (a) the General Bar Date (or the Government Bar Date for Governmental Units) or (b) thirty (30) calendar days after the holder of such claim is served with notice that the Debtor has amended his Schedules with respect to the affected holder's claim, as the bar date for filing a proof of claim with respect to such claim affected by such amendment, provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim (the "Amended Schedule Bar Date");

e.     approving the proposed procedures for filing Proofs of Claim;

f.     approving the proposed procedure for notice of the Bar Dates applicable to claims other than 503(b)(9) claims, including the form of notice substantially in the form attached to the Bar Date Order as **Annex I** (the "Bar Date Notice");

g.     approving the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form attached to the Bar Date Order as **Annex II**; and

h.     approving the form of notice of the Bar Date applicable to 503(b)(9) claims, substantially in the form attached to the Bar Date Order as **Annex III** (the "503(b)(9) Bar Date Notice").

## **THE BAR DATES**

**11.**     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtor's Schedules or (b) is scheduled as disputed,

contingent, or unliquidated must file a Proof of Claim by a deadline fixed by the Court. Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

12.     Bankruptcy Code section 502(b)(9) provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9).

13.     The Debtor believes that many persons, individuals, or entities may be creditors in this Chapter 11 Case. Based on the procedures set forth below (the "Procedures"), the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim in conjunction therewith.

14.     The Debtor further believes that setting the General Bar Date is appropriate at this point in this Chapter 11 Case and should be approved by the Court for cause shown. The establishment of the General Bar Date will help ensure that all claims are resolved as quickly and efficiently as possible, which, in turn, will help to ensure the quick and efficient resolution of this Chapter 11 Case.

15.     The Debtor submits that fixing the General Bar Date pursuant to the notice procedures set forth below complies with the notice required under the Bankruptcy Rules and will provide the Debtor's creditors with sufficient time to prepare and file Proofs of Claim.

### 503(b)(9) BAR DATE

16.     The Debtor requests that the Court also establish the General Bar Date as the last date and time by which a creditor may seek payment of an administrative expense claim allowable under Bankruptcy Code section 503(b)(9) (a "503(b)(9) Claim"). At the appropriate time, the

Debtor will seek to establish a bar date applicable to other claims entitled to administrative expense priority, including employees or professionals utilized in the ordinary course of business, or professionals requesting compensation pursuant to Bankruptcy Code sections 326, 327, 328, 330, 331, 363 and 503(b).

17.    The Debtor is formulating the terms of his Chapter 11 plan of reorganization and intends to file shortly his plan and disclosure statement, after which time, the Debtor intends to quickly transition to soliciting acceptances of the plan.  If the 503(b)(9) Bar Date is not established on the proposed date, then the feasibility of the Debtor's Chapter 11 plan may be uncertain until a 503(b)(9) Bar Date is established.

## PROPOSED PROCEDURES FOR FILING PROOF OF CLAIM

### A.    Filing Procedures – Proof of Claim

18.    The Debtor proposes the following Procedures for filing Proofs of Claim:

a.    Unless otherwise provided herein, the General Bar Date shall be fifty-two (52) days from the date of service of the Bar Date Notice.

b.    Unless otherwise provided herein, the Governmental Bar Date shall be **August 15, 2022 at 11:59 p.m. (ET).**

c.    Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form");[2] (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the alleged claim unless voluminous, in which case a summary or an explanation as to why such documentation is unavailable must be attached; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

---

[2]    The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.  The Claim Form can be found at https://cases.stretto.com/HoWanKwok on the website established by the Debtor for this Chapter 11 Case.

d.      A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court or an authorized claims agent[3] by the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

e.      Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the applicable Bar Date unless an exception identified in subsection (g) below applies.

f.      If the Debtor amends or supplements his Schedules after the Debtor's counsel gives notice of the Bar Dates, which is to be mailed under the terms of this Bar Date Order, then the Debtor shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing, provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

g.      The following persons are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

i.      any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

ii.     any person whose claim has been paid in full;

iii.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

---

[3]     The Debtor has requested approval to retain Stretto Inc. ("Stretto") as his claims agent.  If the Court approves the application, then Stretto may be authorized to take receipt of proofs of claim.  Information on the Proof of Claim and applicable methods of submission is available at https://cases.stretto.com/HoWanKwok.

      iv.    a claim for which a separate deadline has been fixed by this Court;

      v.    any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

      vi.    any person not required to file a proof of claim pursuant to any orders of the Bankruptcy Court.

**B.      Filing Procedures – 503(b)(9) Claims**

    **19.**    The Debtor further proposes that, for any 503(b)(9) Claim to be validly filed, the application or motion seeking approval of the 503(b)(9) Claim must be filed with the Court and delivered by first-class mail, overnight delivery, or hand delivery to the appropriate address below, so as to be received on or before the General Bar Date (the "503(b)(9) Bar Date").

    By overnight courier, first class mail, or hand delivery to:

Brown Rudnick LLP
c/o Uriel Pinelo, Esq.
Seven Times Square
New York, NY 10036

## CONSEQUENCES OF FAILING TO FILE A PROOF OF CLAIM

    **20.**    As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated and that fails to file a proof of claim by the bar date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Accordingly, the Debtor requests that any holder of a claim against the Debtor that is required to file a Proof of Claim in accordance with the Bar Date Order, but that fails to do so on or before the applicable Bar Date, shall: (a) be forever barred, estopped, and enjoined from asserting such claim against the Debtor, his property, or his estate (or from submitting a Proof of Claim with respect thereto); and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan that may be filed in this Chapter 11 Case.

21.     The Debtor further proposes that any holder of a 503(b)(9) Claim against the Debtor who is required, but fails, to file a written application or motion for payment of such 503(b)(9) Claim with the Court on or before the General Bar Date, in the form and manner directed by the Court, shall: (i) be forever barred, estopped, and permanently enjoined from asserting such claim against the Debtor, his successors, or his property (and from filing a Proof of Claim with respect thereto), and the Debtor, his successors, and his property shall be forever discharged from any and all indebtedness or liability with respect to such claim; (ii) not be treated as a creditor (as defined in Bankruptcy Code section 101(10)) with respect to such claim for purposes of voting and distribution under any plan of reorganization or liquidation filed in this Chapter 11 Case; and (iii) not be entitled to receive further notices regarding such claim.

<u>**NOTICE OF THE BAR DATES AND 503(b)(9) BAR DATE**</u>

22.     Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), the Debtor proposes providing notice of the Bar Dates and 503(b)(9) Bar Date in accordance with the following steps:

    a.    Within five (5) business days after entry of this Order, the Debtor shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice and 503(b)(9) Bar Date Notice to the following parties:

        i.    the United States Trustee;

        ii.    counsel to the Committee and counsel to any trustee and/or examiner then appointed;

        iii.    all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such creditor or by returned mail from the post office with a forwarding address, provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtor's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached to the Bar Date Order as **Annex IV** (the "<u>Local Rule 3003-1 Notice</u>");

iv.     all parties actually known to the Debtor as having potential claims against the Debtor;

v.     all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such counterparty or by returned mail from the post office with a forwarding address;

vi.     the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);

vii.     the Internal Revenue Service and all applicable Governmental Units;

viii.     all persons or entities that have filed claims (as of the date of entry of the Bar Date Order);

ix.     all parties that have sent correspondence to the Court and that are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

x.     all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order); and

xi.     such additional persons and entities as deemed appropriate by the Debtor.

b.     With regard to those holders of claims listed on the Schedules, the Debtor shall mail one or more Claim Forms indicating on such forms how the Debtor has scheduled such creditors' claims on the Schedules (including the amount of such claims, and whether such claims have been scheduled as contingent, unliquidated, or disputed).

c.     The Debtor shall post the Claim Form and Bar Date Notice on the website that has been established by Stretto for this Chapter 11 Case: https://cases.stretto.com/HoWanKwok.

## **THE CLAIM FORM**

23.     With the assistance of Stretto, the Debtor has prepared the Claim Form, which substantially conforms to the Official Form, but is tailored to this Chapter 11 Case. The modifications to the Official Form proposed by the Debtor in the Claim Form include adding certain instructions related thereto.

24.     When sent to a creditor, the Claim Form will be further customized (if possible) to include certain information about such creditor.

**THE BAR DATE NOTICE**

25.     The proposed Bar Date Notice and 502(b)(9) Bar Date Notice, notifies parties of, as applicable:

      a.     the applicable Bar Dates;

      b.     who must file a Proof of Claim or assert a 503(b)(9) Claim;

      c.     the Procedures for filing a Proof of Claim or asserting a 503(b)(9) Claim;

      d.     the consequences for failing to timely file a Proof of Claim or asserting a 503(b)(9) Claim; and

      e.     where parties can find additional information on these matters.

**THE PROPOSED BAR DATES AND PROCEDURES ARE
REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE**

26.     Bankruptcy Rule 2002(a)(7) requires the Debtor to provide at least twenty-one (21) days' notice of the time fixed for the deadline for filing Proofs of Claim.  Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address of the time fixed for the deadline for filing Proofs of Claim.  Local Rule 3003-1 requires that the Debtor provide notice of the time fixed for the deadline for filing Proofs of Claim to creditors whose claims are listed on the Schedules as disputed, contingent, or unliquidated upon the earlier of forty-five (45) days prior to the proposed General Bar Date or the initial confirmation hearing that may be scheduled in this Chapter 11 Case.

27.     Under the Bar Date Order, the Debtor would be providing fifty-two (52) days' notice to all known creditors, which is more that was is required under the Bankruptcy Code, Bankruptcy Rules, and Local Rules.  Accordingly, the Debtor submits that the proposed Bar Dates and the Procedures provide sufficient time for all parties in interest, including foreign creditors, if

any, to assert their alleged claims.  The Debtor submits that the proposed Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in this Chapter 11 Case.

28.    Stretto will also post the Claim Form, along with instructions for filing any Proofs of Claim, on the website established in this Chapter 11 Case, https://cases.stretto.com/HoWanKwok.  The Bar Date Notice will also provide that the Debtor's Schedules may be accessed through that same website by contacting Stretto at TeamMiles@Stretto.com.

29.    Accordingly, the Debtor submits that no further notice of the Bar Dates is necessary and that the proposed Procedures provide due and proper notice of the Bar Dates.

## OBJECTIONS TO CLAIMS AND RESERVATIONS OF RIGHTS

30.    The Debtor reserves all rights and defenses with respect to all Proofs of Claim, including, among others, the right to object to any Proof of Claim on any grounds.  The Debtor also reserves all rights and defenses to any claim listed on the Schedules, including, among others, the right to dispute any such claim and assert any setoffs or defenses thereto.  If the Debtor disputes any claim listed on the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, then the Debtor shall amend his Schedules as appropriate.

31.    Further, the Debtor reserves the right to seek a further order of this Court to fix a deadline by which holders of any claims not subject to the Bar Dates must file Proofs of Claim or assert such claims by way of motion or application against the Debtor or be forever barred from so filing.

32.    Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of the Debtor's estate and his creditors, and should be granted in all respects.

## RESERVATION OF RIGHTS

**33.**     The Debtor reserves all right to amend and modify the Procedures set forth herein, as incorporated in the Bar Date Order, pending the Court's determination on the *Debtor's Application for Authorization To Retain and Employ Stretto as Claims and Noticing Agent* [Docket No. 87], prior to or at the hearing to consider this Motion.

## NOTICE

**34.**     The Debtor will provide notice of this Motion to: (a) the United States Trustee; (b) the Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Connecticut; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

**35.**     No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

### *"Concluded on following page"*

WHEREFORE, the Debtor respectfully requests entry of the Order: (a) establishing the General Bar Date; (b) establishing the Governmental Bar Date; (c) establishing the 503(b)(9) Bar Date; (d) approving the proposed procedures for filing Proofs of Claim; (d) approving the proposed procedure for notice of the Bar Dates, including the Bar Date Notice and 503(b)(9) Bar Date Notice; (e) approving the Claim Form; and (f) granting such other and further relief as the Court deems appropriate.

Dated: March 30, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        upinelo@brownrudnick.com

## **EXHIBIT A**

Bar Date Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                  :
In re:                                   :   Chapter 11
                                                  :
     Ho Wan Kwok,                    :   Case No. 22-50073 (JAM)
                                                    :
                                                    :
             Debtor.[1]             :
                                                  :
-------------------------------------------------------------------X

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] filed by the above-captioned debtor and debtor-in-possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in this Chapter 11 Case, (b) approving procedures for submitting Proofs of Claim, (c) approving the Claim Form, and (d) approving the form of notice of the bar dates and manner of service thereof; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Debtor consents to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case and the Motion in

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the Kwok Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of this Chapter 11 Case shall file a proof of such claim in writing so that it is received on or before **[ ], 2022 at 11:59 p.m. (ET)** (the "General Bar Date").

3.      Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **[August 15], 2022 at 11:59 p.m. (ET).**

4.      The following procedures for the filing of Proofs of Claim shall apply:

      a.      Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form");[3] (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation for the alleged claim unless voluminous, in which case a summary or an explanation as to why such documentation is unavailable must be attached;

---

[3]   The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.  The Claim Form can be found at https://cases.stretto.com/HoWanKwok on the website established by the Debtor for this Chapter 11 Case.

and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.  A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court or an authorized claims agent[4] by the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

c.  Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the applicable Bar Date unless an exception identified in subsection (g) below applies.

d.  If the Debtor amends or supplements his Schedules after the Debtor's counsel gives notice of the Bar Dates, which is to be mailed under the terms of this Bar Date Order, then the Debtor shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing, provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

e.  The following persons are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

i.  any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

---

4   The Debtor has requested approval to retain Stretto Inc. ("Stretto") as his claims agent.  If the Court approves the application, then Stretto may be authorized to take receipt of proofs of claim.  Information on the Proof of Claim and applicable methods of submission is available at https://cases.stretto.com/HoWanKwok.

ii. any person whose claim has been paid in full;

iii. a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

iv. a claim for which a separate deadline has been fixed by this Court; or

v. any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form;

vi. any person not required to file a proof of claim pursuant to any order of this Court.

**5.** Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this Chapter 11 Case.

**6.** The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed notice of the 503(b)(9) Bar Date, substantially in the form annexed hereto as **Annex III** (the "503(b)(9) Bar Date Notice") are approved.

**7.** Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor that arose or accrued on the Petition Date for which administrative expense priority is sought pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim"), shall file an application or

motion seeking approval of the 503(b)(9) Claim as provided below so that it is received on or before the General Bar Date:

> By overnight courier, first class mail, or hand delivery to:
> Brown Rudnick LLP
> c/o Uriel Pinelo, Esq.
> Seven Times Square
> New York, NY 10036

8.      The following procedures are approved with respect to notice of the Bar Dates:

a.      Within five (5) business days after entry of this Order, the Debtor shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice and 503(b)(9) Bar Date Notice to the following parties:

i.      the United States Trustee;

ii.     counsel to the Committee and counsel to any trustee and/or examiner then appointed;

iii.    all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such creditor or by returned mail from the post office with a forwarding address, provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtor's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

iv.     all parties actually known to the Debtor as having potential claims against the Debtor;

v.      all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such counterparty or by returned mail from the post office with a forwarding address;

vi.     the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);

vii.    the Internal Revenue Service and all applicable Governmental Units;

      viii.    all persons or entities that have filed claims (as of the date of entry of the Bar Date Order);

      ix.    all parties that have sent correspondence to the Court and that are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

      x.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order); and

      xi.    such additional persons and entities as deemed appropriate by the Debtor.

    b.    With regard to those holders of claims listed on the Schedules, the Debtor shall mail one or more Claim Forms indicating on such forms how the Debtor has scheduled such creditors' claims on the Schedules (including the amount of such claims, and whether such claims have been scheduled as contingent, unliquidated, or disputed).

    c.    The Debtor shall post the Claim Form and Bar Date Notice on the website that has been established by Stretto for this Chapter 11 Case: https://cases.stretto.com/HoWanKwok.

9.    The Debtor may in his sole discretion, but shall not be required to, publish the Bar Date Notice in additional newspapers, trade journals, or similar publications.

10.    The Debtor and Stretto are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

11.    Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtor's creditors of their rights and obligations in connection with any potential claims that they may have against the Debtor in this Chapter 11 Case.

12.    Nothing in this Bar Date Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in this Chapter 11 Case, reflected in the Schedules, or otherwise.

**13.**     Entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtor or be forever barred from so filing.

**14.**     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022
      Bridgeport, Connecticut

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Annex I</u>**

Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                      :
In re:                                                :    Chapter 11
                                                      :
    Ho Wan Kwok,                  :    Case No. 22-50073 (JAM)
                                                      :
                                                      :
        Debtor.[1]        :
                                                      :
-------------------------------------------------------------------X

**NOTICE OF DEADLINES REQUIRING THE FILING OF**
**PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR**

The United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **[ ], 2022 at 11:59 p.m. (ET)** as the last date and time for each person (as defined in section 101(41) of title 11 of the United States Code (the "Bankruptcy Code")), excluding governmental units (as defined Bankruptcy Code section 101(27), the "Governmental Units") to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in Bankruptcy Code section 101(5)) (such deadline, the "General Bar Date") against Mr. Ho Wan Kwok, the above captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"). Please review the Notice Of 503(B)(9) Claims Bar Date To All Persons With Claims Against The Debtor for instructions related to the assertion of a claim arising under Bankruptcy Code section 503(b)(9) against the Debtor.

The General Bar Date and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition Claims arising under Bankruptcy Code section 503(b)(9), against the Debtor that arose before February 15, 2022 (the "Petition Date"), which was the date that the Debtor commenced this Chapter 11 Case. Governmental Units have until **[August 15,] 2022 at 11:59 p.m. (ET).** (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") as the deadline to file Proofs of Claim against the Debtor.

1.     **WHO MUST FILE A PROOF OF CLAIM**

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtor or to be able to share in distributions from the Debtor's estate if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

[1]   Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

Under Bankruptcy Code section 101(5) and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    WHAT TO FILE

The Debtor is enclosing a Proof of Claim form for use in this Chapter 11 Case. If your claim is listed on the schedules of assets and liabilities filed by the Debtor (the "Schedules"), then the Proof of Claim form also sets forth the amount of your claim as listed on the Schedules and whether the claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim form for each claim listed in your name on the Schedules. You may utilize the Proof of Claim form(s) provided by the Debtor in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained at (a) the website established by the Debtor's Court-proposed claims and noticing agent, Stretto, Inc. ("Stretto"), located at https://cases.stretto.com/HoWanKwok or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You should also attach to your completed Proof of Claim any documents on which such claim is based (if the supporting documentation is voluminous, attach a summary of such documentation instead) or an explanation as to why the supporting documents are not available.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

## 3.    WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before [ ], 2022 at 11:59 p.m. (ET) (for all persons except Governmental Units), or so as to be received on or before [August 15], 2022 at 11:59 p.m. (ET) (for all Governmental Units) by the Bankruptcy Court at the following address:[2]

US Bankruptcy Court
District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

---

[2]    If the Bankruptcy Court approves the retention of Stretto as the Debtor's Claims agent, then the Debtor will revise this notice to direct creditors to submit Proofs of Claims to Stretto.

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the applicable Bar Date.

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

### 4.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the applicable Bar Date if you are:

      a.    any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

      b.    any person whose claim has been paid in full;

      c.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

      d.    a claim for which a separate deadline has been fixed by this Court;

      e.    any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

      f.    any person not required to file a proof of claim pursuant to any order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtor, but that may not have an unpaid claim against the Debtor. The fact that you have received this notice does not mean that you have a claim against the Debtor or that the Bankruptcy Court or the Debtor believe that you have a claim against the Debtor.

### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, then you must file a Proof of Claim by the applicable Bar Date. If you have a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, then you must file a Proof of Claim with respect to such claim by the dated fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease as the deadline for filing a Proof of Claim. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the applicable Bar Date.

**6.      CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

**7.      THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the Debtor on the Debtor's Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim form(s) regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtor (as authorized by the Bankruptcy Court) on account of your claim(s), then the enclosed Proof of Claim form(s) should reflect the net amount of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed on the Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtor's Chapter 11 Case, which is posted on (a) the website established by Stretto for the Debtor's Chapter 11 Case at https://cases.stretto.com/HoWanKwok and (b) on the Bankruptcy Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

Copies of the Debtor's Schedules also may be obtained by sending a request to Stretto at TeamMiles@Stretto.com.

A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

Dated: April [ ], 2022

**BROWN RUDNICK LLP**

By: /s/ *DRAFT*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: wbaldiga@brownrudnick.com
          bsilverberg@brownrudnick.com
          upinelo@brownrudnick.com

**Annex II**

Claim Form

<u>Official Form 410</u>

# Instructions for Proof of Claim

United States Bankruptcy Court                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

For any 503(b)(9) Claim to be validly filed, the application or motion seeking approval of the 503(b)(9) Claim must be filed with the Court and delivered by first-class mail, overnight delivery, or hand delivery to the appropriate address below, so as to be received on or before **[   ], 2022 at 11:59 p.m. (ET).**

By overnight courier, first class mail, or hand delivery to:
Brown Rudnick LLP
c/o Uriel Pinelo, Esq.
Seven Times Square
New York, NY 10036

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Do not file these instructions with your form.**

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

| **Fill in this information to identify the case:** | |
|---|---|
| Debtor:<br><br>Ho Wan Kwok | Case Number:<br><br>22-50073 |
| **United States Bankruptcy Court for the District of Connecticut** | |

Official Form 410

# Proof of Claim

4/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, including administrative expense claims arising under Bankruptcy Code Section 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice that you received.

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Street Address

City            State        ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name

Street Address

City            State        ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known)_____

Filed on _____
MM   / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  _____  _____  _____  _____

**7. How much is the claim?**     $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:**  $_____(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

Official Form 410                **Proof of Claim**                page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
　　　　　　　　　 MM / DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
　　　　First name　　　　　Middle name　　　　　Last name

Title  _____

Company  _____
　　　　　Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
　　　　　Number　　　Street

_____
City　　　　　　　　　　　State　　ZIP Code

Contact phone  _____　　Email  _____

**<u>Annex III</u>**

503(b)(9) Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                  :
In re:                                            :    Chapter 11
                                                  :
    Ho Wan Kwok,                             :    Case No. 22-50073 (JAM)
                                                  :
                                                  :
            Debtor.[1]            :
                                                  :
-------------------------------------------------------------------X

**NOTICE OF 503(b)(9) CLAIMS BAR DATE TO**
**ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR**

      The United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **[ ], 2022 at 11:59 p.m. (ET)** (the "503(b)(9) Bar Date") as the last date and time for each person to file an administrative expense claim based on claims against the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case") arising under 11 U.S.C. § 503(b)(9) (the "503(b)(9) Claims").

      The 503(b)(9) Bar Date and the procedures set forth below for filing a 503(b)(9) Claim (the "Procedures") apply to all claims against the Debtor that arose prior to February 15, 2022 (the "Petition Date"), which was the date that the Debtor commenced this Chapter 11 Case.

      Under Bankruptcy Code section 101(5) and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**1.      WHAT IS A 503(B)(9) CLAIM**

      The Bankruptcy Code defines a 503(b)(9) Claim to be a claim arising from the value of goods received by a debtor within 20 days before the date of commencement of a case under title 11 of the United States Bankruptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Such claims are entitled to administrative expense priority in accordance with Bankruptcy Code section 503(b)(9).

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

## 2.    WHAT TO FILE

A creditor may seek payment of a 503(b)(9) Claim only through either a written application or written motion filed with Bankruptcy Court.

## 3.    WHEN AND WHERE TO FILE

Any 503(b)(9) Claim must be filed with the Bankruptcy Court and delivered by first-class mail, overnight delivery, or hand delivery to Debtor's counsel at the appropriate address below, so as to be received on or before **[ ], 2022 at 11:59 p.m. (ET):**

IF BY FIRST-CLASS MAIL, OVERNIGHT DELIVERY OR HAND DELIVERY:

> Brown Rudnick LLP
> c/o Uriel Pinelo, Esq.
> Seven Times Square
> New York, NY 10036

## 4.    WHO DOES NOT NEED TO FILE A 503(B)(9) CLAIM

You do not need to file a 503(b)(9) Claim on or before the 503(b)(9) Bar Date if you are:

    a.    a person or entity that has already filed a 503(b)(9) Claim against the Debtor;

    b.    a person whose 503(b)(9) Claim has been paid in full;

    c.    a holder of a 503(b)(9) Claim that has been allowed by an order of the Bankruptcy Court;

    d.    a holder of a 503(b)(9) Claim for which a separate deadline to assert such claim has been fixed by the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtor, but that may not have a 503(b)(9) Claim against the Debtor. The fact that you have received this notice does not mean that you have a 503(b)(9) Claim against the Debtor or that the Bankruptcy Court or the Debtor believe that you have an administrative expense claim against the Debtor.

## 5.    CONSEQUENCES OF THE FAILURE TO FILE A 503(B)(9) CLAIM BY THE 503(B)(9) BAR DATE

ANY HOLDER OF A 503(B)(9) CLAIM THAT FAILS TO TIMELY FILE AN APPLICATION OR MOTION FOR THE ALLOWANCE OF A 503(B)(9) CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE AND FOR PARTICIPATING IN

ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE AN APPLICATION OR MOTION FOR THE ALLOWANCE OF A 503(B)(9) CLAIM.

Dated: April [ ], 2022

**BROWN RUDNICK LLP**

By: /s/ *DRAFT*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  wbaldiga@brownrudnick.com
            bsilverberg@brownrudnick.com
            upinelo@brownrudnick.com

## **Annex IV**

Appendix K – Notice To Disputed, Contingent, And Unliquidated Creditor

### NOTICE OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIM
### AND NOTICE OF DEADLINE FOR FILING PROOF OF CLAIM

To:    Claimant(s) Address(es)

        Scheduled Claim Amount(s): $_____

        Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

        **[Note:** *All Claimants should be listed here, or an exhibit may be used to list each claimant, with their respective address and the amount of the claim scheduled as disputed, contingent, or unliquidated]*

1.    The Debtor scheduled your claim as indicated above. Any creditor whose claim is scheduled as disputed, contingent, or unliquidated in the Debtor's Schedules filed on _____, 202__ (ECF No. _), and/or the Amended Schedules filed on _____, 202__ (ECF No. _), must file a proof of claim by _____, 202__. Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any creditor required to file a proof of claim who fails to do so shall not be treated as a creditor with respect to such a claim for the purposes of voting on the Debtor's Plan and for distributions to creditors.

2.    Creditors who have already filed claims need not file them again.

3.    A proof of claim form is enclosed with this notice.

4.    Counsel to the Debtor shall file this completed notice listing all those creditors whose claim was not scheduled or whose claim was scheduled as disputed, contingent, or unliquidated in the Schedules and Amended Schedules (ECF Nos._) on or before _____, 202__. Counsel to the Debtor shall also serve this notice on all affected parties by First Class Mail, postage prepaid on or before _____, 202__. Counsel to the Debtor shall file a Certificate of Service indicating such compliance on or before _____, 202__.