**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
|  | : |  |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 331
TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONAL FEE PARTIES**

Mr. Ho Wan Kwok, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through his undersigned counsel, hereby files this Motion (the "Motion") to implement certain procedures for the interim payment of compensation and reimbursement of expenses of professionals and fiduciaries and respectfully represent as follows:

**RELIEF REQUESTED**

1.      Pursuant to this Motion, the Debtor requests entry of an order, substantially in the form of Exhibit A annexed hereto, establishing an orderly, regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "Interim Compensation Procedures") for retained professionals and/or estate fiduciaries whose services are authorized by this Court pursuant to sections 363, 327 or section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) (such persons, the "Fee

---

1    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

Parties"). In addition, the Debtor seeks approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee.

## BACKGROUND

2.      On February 15, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code (the "Chapter 11 Case").

3.      The Debtor is a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4.      No trustee or examiner has been appointed in this Chapter 11 Case. On March 21, 2022, the Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

5.      The factual background regarding the Debtor, including the events leading to the filing of the Chapter 11 Case, is set forth in detail in the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* (the "Kwok Declaration") [Docket No. 107] filed on March 20, 2022.

## JURISDICTION

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RETENTION OF FEE PARTIES

7.      By separate applications filed contemporaneously herewith, the Debtor seeks authority to employ: (i) Brown Rudnick LLP as its attorney in this Chapter 11 Case; (ii)

Verdolino & Lowey, P.C. as Financial Advisor; and (iii) Stretto as its claims and notice agent.

The Debtor may also file applications to employ additional professionals and fiduciaries in

connection with the continued prosecution of this Chapter 11 Case.  In addition, it is expected

that the Committee will retain certain professionals.

**PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES**

8.      The Debtor proposes that the payment of compensation and reimbursement of

expenses of Fee Parties be structured as follows:

a.      This case was filed on February 15, 2022; accordingly, fees will be sought
and processed in this case on the basis of monthly periods ending on the
final day of each calendar month (each a "Fee Period").  Except as
provided in paragraph (b) below, on or before the final day of each month
following the last day of the Fee Period for which compensation is sought,
each Fee Party seeking compensation will serve a monthly statement (the
"Monthly Fee Statement") by hand or overnight delivery (or, as to the
Debtor and Debtor's counsel only, by electronic mail as indicated below),
on (i) counsel to the Debtor, Brown Rudnick LLP, 7 Times Square, New
York, NY 10036 (Attn: William R. Baldiga, Esq.,
wbaldiga@brownrudnick.com; and Bennett Silverberg, Esq.,
bsilverberg@brownrudnick.com); (ii) the Office of the United States
Trustee for the District of Connecticut (the "U.S. Trustee"), 150 Court
Street, New Haven, CT 06510 (Attn: Holley L. Claiborn,
Holley.L.Claiborn@usdoj.gov); (iii) counsel to Golden Spring (New
York) Ltd, Cohn Birnbaum, & Shea P.C., 100 Pearl Street, 12th Floor,
Hartford, CT 06103, (Attn: Scott D. Rosen, srosen@cbshealaw.com); (iv)
the Committee;  and anyone else the Court may designate (each a "Notice
Party" and, collectively, the "Notice Parties").

b.      No earlier than the tenth (10th) day of each month and no later than the last
day of each month following the Fee Period for which compensation is
sought, each Fee Party seeking compensation shall file a Monthly Fee
Statement; however, a courtesy copy need not be delivered to Judge's
chambers.  This proposed procedure Motion is not intended to alter the fee
application requirements outlined in sections 330 and 331 of the
Bankruptcy Code.  Fee Parties are required to serve and file interim and
final applications for approval of fees and expenses in accordance with the
relevant provisions of the Bankruptcy Code, the Federal Rules of
Bankruptcy Procedure, and the Local Bankruptcy Rules for the United
States Bankruptcy Court, District of Connecticut (the :"Local Rules").

c.     Each Monthly Fee Statement must contain a list of the individuals and the respective titles of such individuals (*e.g.* attorney, accountant, paralegal, etc.) who provided services during the period covered by the Monthly Fee Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Fee Party should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as amended), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d.     If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (the "Objection"), such party shall, by no later than the fourteenth (14th) day following receipt of the Monthly Fee Statement for which compensation is sought (the "Objection Deadline"), serve upon the Fee Party whose Monthly Fee Statement is objected to and the other Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

e.     At the expiration of the Objection Deadline, the Debtor shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d) above.

f.     If an Objection is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above unless the Fee Party whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made.

g.     If the parties to an Objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that was withheld and is no longer subject to the Objection.

h.     All Objections that are not resolved by the parties or court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

i.    The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application filed with the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind, or prejudice that party's right to object to any fee application subsequently filed with the Court, in accordance with the Bankruptcy Code.

j.    Approximately every 120 days, but not more than every 150 days (the "Interim Fee Period"), each of the Fee Parties shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested.

k.    Any Fee Party who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursements of expenses as provided herein until such further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

l.    The pendency of an application or a court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Fee Party from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m.    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Fee Party.

n.    Counsel for any official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Fee Parties, collect and submit statements of expenses, with supporting vouchers, from members of such committee; p*rovided, however,* that such committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in District of Connecticut Bankruptcy Cases.

9.    The Debtor proposes that each Fee Party that has been approved and/or appointed by the Court as of the Petition Date may seek, in its first Monthly Fee Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the

5

Petition Date and ending on March 31, 2022.  The first Interim Fee Application for such Fee

Party shall cover the Interim Fee Period from the Petition Date through and including May 31,

2022.  All Fee Parties not retained or appointed as of the Petition Date shall file their first

Monthly Fee Statement for the period from the effective date of their retention through the final

calendar day of the first full month following the effective date of their retention, and otherwise

in accordance with the procedures set forth in this Motion.

### THE PROPOSED INTERIM COMPENSATION
### PROCEDURES SHOULD BE APPROVED BY THE COURT

10.      Pursuant to section 331 of the Bankruptcy Code, all Fee Parties are entitled to

submit applications for interim compensation and reimbursement of expenses every 120 days, or

more often if the Court permits.  Section 331 of the Bankruptcy Code provides, in part, as

follows:

> A trustee, an examiner, a debtor's attorney, or any professional
> person employed under section 327 or 1103 of this title may apply
> to the court not more than once every 120 days after an order for
> relief in a case under this title, or more often if the court permits,
> for such compensation for services rendered before the date of
> such an application or reimbursement for expenses incurred before
> such date as is provided under section 330 of this title. After notice
> and a hearing, the court may allow and disburse to such applicant
> such compensation or reimbursement.

11 U.S.C. § 331.[2]  Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order

"that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. Id. §

105(a).  Thus, the Court has ample authority to enter an order authorizing the interim monthly

compensation and reimbursement of expenses procedures requested herein.

---

[2]    Section 331 permits trustees and professional persons to apply to the court not more than once every 120 days
for interim compensation and reimbursement payments. The court may permit more frequent applications if the
circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent
payments. See H.R. Rep. No. 95-595 (1990); S. Rep. No. 95-989 (1978).

11.     The Debtor seeks approval of procedures that are in accordance with the

*Appendix D* of the Local Rules, guidelines for compensation and expense reimbursement of

professionals, establishing procedures for monthly compensation and reimbursement of expenses

of professionals, and pursuant to sections 105(a) and 331 of the Bankruptcy Code and

Bankruptcy Rule 2016(a).

12.     The proposed Interim Compensation Procedures will enable the Debtor to closely

monitor the costs of administration, forecast cash flows, and implement efficient cash

management procedures.  They also will allow the Court and the key parties in interest, including

the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and

reimbursement requested.

13.     Based upon the foregoing, the Debtor submits that the relief requested herein is

essential, appropriate, and in the best interest of the Debtor's estate, creditors, and all parties in

interest, and therefore should be granted in this Chapter 11 Case.  Notably, courts within this

District have approved substantially similar interim compensation procedures in other large

chapter 11 cases. See, e.g., In re Latex Foam Int'l, LLC, et al., Case No. 19-51064-JAM (Bankr.

D. Conn. Nov. 25, 2019); In re Spectrum Healthcare, LLC, et al., 16-21635-JJT (Bankr. D.

Conn. Dec. 16, 2016); In re Sagecrest II LLC, et al., Case No. 08-50754-AHWS (Bankr. D.

Conn. Jan. 30, 2009).

## NOTICE

14.     No trustee or examiner has been appointed in this chapter 11 case.  The Debtor

will provide notice of this Motion to: (a) the United States Trustee; (b) the Committee; (c) the

Internal Revenue Service; (d) the United States Attorney's Office for the District of Connecticut;

and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor

submits that, under the circumstances, no other or further notice is required.

WHEREFORE the Debtor respectfully request that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.

Dated: March 31, 2022

**BROWN RUDNICK LLP**

By: _/s/ William R. Baldiga_
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:   (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:   (212) 209-4801
Email:  wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        upinelo@brownrudnick.com

*Proposed Counsel to Debtor*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331**
**TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONAL FEE PARTIES**

Upon the Debtor's motion (the "Motion"),[1] pursuant to sections 105(a) and 331 of title

11 of the United States Code (the "Bankruptcy Code"), establishing procedures for monthly

compensation and reimbursement of expenses of professionals retained and estate fiduciaries

appointed by order of this Court, and this Court having determined that the requested relief is in

the best interests of the Debtor, his estate, creditors, and all parties in interest; and the Debtor

having provided notice of the Motion and Hearing (as defined below) to the Motion Notice

Parties; and no other or further notice is necessary; and the Court having held a hearing to

consider the requested relief (the "Hearing"); and upon the record of the Hearing;  and after due

deliberation thereon; and good and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      Except as otherwise provided in Court orders authorizing the retention of specific

persons, all Fee Parties in this case may seek interim compensation in accordance with the

following procedure:

---

[1]    Unless the context indicates otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

a.  This case was filed on February 15, 2022; accordingly, fees will be sought and processed in this case on the basis of monthly periods ending on the final day of each calendar month (each a "Fee Period"). Except as provided in paragraph (b) below, on or before the final day of each month following the last day of the Fee Period for which compensation is sought, each Fee Party seeking compensation will serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery (or, as to the Debtor and Debtor's counsel only, by electronic mail as indicated below), on (i) counsel to the Debtor, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: William R. Baldiga, Esq., wbaldiga@brownrudnick.com; and Bennett Silverberg, Esq., bsilverberg@brownrudnick.com); (ii) the Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee"), 150 Court Street, New Haven, CT 06510 (Attn: Holley L. Claiborn, Holley.L.Claiborn@usdoj.gov); (iii) counsel to Golden Spring (New York) Ltd, Cohn Birnbaum, & Shea P.C., 100 Pearl Street, 12th Floor, Hartford, CT 06103, (Attn: Scott D. Rosen, srosen@cbshealaw.com; (iv) the Committee; and anyone else the Court may designate (each a "Notice Party" and, collectively, the "Notice Parties").

b.  No earlier than the tenth (10th)following the Fee Period and no later than the last day of the month for which compensation is sought, each Fee Party seeking compensation shall file a Monthly Fee Statement; however, a courtesy copy need not be delivered to Judge's chambers. This proposed procedure Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Fee Parties are required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the United States Bankruptcy Court, District of Connecticut.

c.  Each Monthly Fee Statement must contain a list of the individuals and the respective titles of such individuals (*e.g.* attorney, accountant, paralegal, etc.) who provided services during the period covered by the Monthly Fee Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Fee Party should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as amended), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d.  If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (the "Objection"), such party shall, by no later than the fourteenth **(**14th**)** day following receipt of the Monthly Fee Statement for which compensation is sought (the "Objection Deadline"), serve upon the Fee Party whose Monthly Fee Statement is objected to and the other Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

e.  At the expiration of the Objection Deadline, the Debtor shall promptly pay 80% of the fees and 100% of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d) above.

f.  If an Objection is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above unless the Fee Party whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made.

g.  If the parties to an Objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that was withheld and is no longer subject to the Objection.

h.  All Objections that are not resolved by the parties or court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

i.  The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application filed with the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind, or prejudice that party's right to object to any fee application subsequently filed with the Court, in accordance with the Bankruptcy Code.

j.  Approximately every 120 days, but not more than every 150 days (the "Interim Fee Period"), each of the Fee Parties shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested.

k.  Any Fee Party who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (1) be ineligible to receive further monthly payments of fees or reimbursements of expenses as provided herein until such further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

l.  The pendency of an application or a court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Fee Party from the future payment of

3

compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Fee Party.

n.  Counsel for any official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Fee Parties, collect and submit statements of expenses, with supporting vouchers, from members of such committee; pr*ovided, however,* that such committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in District of Connecticut Bankruptcy Cases.

3.     Each Fee Party that has been approved by the Court as of the Petition Date may seek, in its first Monthly Fee Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on March 31, 2022.  The first Interim Fee Application for such Fee Party shall cover the Interim Fee Period from the Petition Date through and including May 31, 2022.  All Fee Party not retained or appointed as of the Petition Date shall file their first Monthly Fee Statement for the period from the effective date of their retention through the final calendar day of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

4.     The amount of fees and disbursements sought shall be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount of the foreign currency, calculated at the time of the submission of the application).

5.     The Debtor shall include all payments to Fee Parties on their monthly operating reports, detailed so as to state the amount paid to each Fee Party.

4

6.       Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists seeking a further order of this Court, <u>otherwise</u>, this Order shall continue and shall remain in effect during the pendency of this case.

7.       All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

8.       Any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; <u>provided</u>, <u>however</u>, that the Debtor shall serve a copy of this Order on each of the Fee Parties once retained.