**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PULLMAN & COMLEY, LLC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MARCH 29, 2022**

Pursuant to 11 U.S.C. §328(a) and 1103(b), Federal Rule of Bankruptcy Procedure 2014(a) and D. Conn. LBR 2014-1, the Official Committee of Unsecured Creditors (the "Committee") of the above-named Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor"), files this application for an order authorizing and approving the employment of Pullman & Comley, LLC ("P&C"), as counsel for the Committee, effective as of March 29, 2022, and in support thereof, respectfully represents as follows:

1. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has remained a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has yet been appointed in the Debtor's bankruptcy case, although on March 19, 2022, the United States Trustee ("UST") filed a Motion for Order

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

Directing Appointment of an Examiner, or in the alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee (the "Examiner/Trustee Motion"). The Examiner/Trustee Motion is scheduled for hearing on April 13, 2022, and according to the UST's Amended Proposed Order at n. 1 (ECF No. 116), the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case.

3. On March 21, 2022, the Committee was officially appointed by the United States Trustee. The members of the Committee are Rui Ma, Ning Ye and Samuel Dan Nunberg. The Committee has selected P&C to serve as its lead counsel in this case.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014, and D. Conn. LBR 2014-1.

## RELIEF REQUESTED

5. By this Application, the Committee seeks entry of an Order authorizing and approving the retention and employment of P&C as its counsel to perform services relating to the Debtor's bankruptcy case, effective as of March 29, 2022.

6. Section 328(a) of the Bankruptcy Code empowers a committee appointed under 11 U.S.C. § 1102, with the Court's approval, to employ attorneys under 11 U.S.C. § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

7    Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse

interest in connection with the case. P&C has advised the Committee that except as disclosed in the Declaration of Irve J. Goldman filed with this Application, P&C does not hold or represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case, is a disinterested person as that term is defined in § 101(14) of the Bankruptcy Code, and does not have any connections with the Debtor, the Debtor's creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8. The Committee has selected P&C because of its attorneys' experience and knowledge. The Committee believes that P&C is well qualified to represent the Committee in the Debtor's bankruptcy case.

9. The professional services that P&C will provide to the Committee include, but are not limited to:

a. advising the Committee with respect to its rights, duties, and powers in this chapter 11 case;

b. assisting and advising the Committee in its communications with the Debtor relative to the administration of this chapter 11 case;

c. assisting and advising the Committee in the analysis and recovery of assets or interests in property of the Debtor;

d. assisting the Committee in analyzing the claims of the Debtor's creditors and the Debtor's assets and liabilities, and in negotiating with holders of claims and the Debtor;

e. assisting the Committee in its investigation of the acts, conduct, assets,

liabilities, and financial condition of the Debtor and in the conduct of his business and financial affairs, the desirability, or lack thereof, of the Debtor continuing as a debtor-in-possession, and any other matters relevant to the case and the formulation of a plan of reorganization;

f.	assisting the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, financing and use of cash collateral, the assumption or rejection of any leases and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

g.	assisting and advising the Committee as to its communications to unsecured creditors regarding significant matters in this chapter 11 case;

h.	representing the Committee at hearings and other proceedings;

i.	reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their contents;

j.	assisting the Committee in requesting the appointment of a trustee or an examiner, or in seeking derivative standing to assert and/or prosecute estate causes of action, should such actions be necessary;

k.	preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing as may be necessary in furtherance of the Committee's interests and objectives in

this chapter 11 case, including without limitation, the preparation of retention papers and fee applications for the Committee's professionals including, P&C; and

l.    performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

10.    The Committee advises that in the future it may seek authority to retain other professionals in furtherance of executing its duties and responsibilities, such as special counsel for the investigation of transferred or concealed assets pursuant to § 327(e) of the Bankruptcy Code, as well as a financial advisor under §§ 328(a) and 1103(b) of the Bankruptcy Code.

11.    Subject to the Court's approval and pursuant to §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Connecticut (the "Local Rules") and the rules and other procedures which this Court may fix, the Committee requests that P&C be compensated on an hourly basis, plus reimbursement of its actual and necessary expenses incurred, in connection with representing the Committee in this chapter 11 case. The Committee has been advised that P&C's compensation shall be in accordance with the ordinary and customary rates which are in effect on the date the services are rendered or the expenses are incurred.

12.    P&C's legal services will be billed at its normal hourly rates, and the current effective standard hourly billing rates range from $285 to $675 per hour for attorneys and $250 to $305 per hour for paralegals. The principal attorneys of P&C who will be responsible for representation of the Committee in this case are Irve J. Goldman, Esq., whose hourly rate is

$565.00, Steven J. Stafstrom, Esq., whose hourly rate is $435, and Jonathan A. Kaplan, Esq., whose hourly rate is $425. P&C's hourly rates are customarily adjusted on an annual basis.

13. The Committee requests that the Application be approved *nunc pro tunc* to March 29, 2022, the date on which P&C began rendering services for the Committee, as is authorized by D. Conn. LBR 2014-1(b)(1).

14. No prior application for the relief requested herein has been made to this Court.

**WHEREFORE**, the Committee respectfully requests that an order be entered authorizing it to retain and employ P&C to represent it as lead counsel in the above-captioned case and granting such other and further relief as may be deemed just and proper.

Dated: March 31, 2022

Respectfully submitted,
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK, BY ITS CHAIRMAN,**

By: */s/Samuel Dan Nunberg*
Samuel Dan Nunberg, not in his individual capacity but solely in his capacity as Chairperson of the Official Committee of Unsecured Creditors