UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 90 |

### UNITED STATES TRUSTEE'S STATEMENT OF OBJECTION CONCERNING THE APPLICATION OF THE DEBTOR FOR AUTHORIZATION TO RETAIN AND EMPLOY <u>VERDOLINO & LOWEY, P.C. AS FINANCIAL ADVISOR</u>

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3)(I) respectfully files this statement of objection concerning the Application Of The Debtor For Authorization to Retain and Employ Verdolino & Lowey, P.C. as Financial Advisor ("Application"). ECF 90. In support of his statement of objection, the United States Trustee, through his undersigned counsel, respectfully represents and states the following:

**PRELIMINARY STATEMENT**

The Debtor seeks to employ Verdolino & Lowey, P.C. ("V&L") as his financial advisor. The Application, however, invites several concerns that warrant denial of the Application in its current form because it fails to meet the requirements of Section 327(a) and Rule 2014(a) and because it seeks inappropriate relief. As described herein, the United States Trustee objects to the Application because it (a) fails to adequately disclose connections and nature of conflict searched performed, and (b) inappropriately seeks authority to employ V&L to act as a quasi-trustee and

1

approve the Debtor's request to abrogate his fiduciary responsibilities and cede control over Debtor's accounts and finances to V&L.

## FACTS

1. Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok ("Debtor" and/or "Kwok") filed a voluntary chapter 11 petition ("Petition") on February 15, 2022. ECF 1.

2. The Debtor is currently managing his financial affairs and his business interests pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case. ECF 108. To date, the Committee has not filed an application to employ counsel.

4. On March 16, 2022, the Debtor filed the Application seeking to employ V&L as his financial advisor. ECF 90. The Application is supported by the Affidavit of Craig Jalbert ("Affidavit"). *Id.*

5. The Application seeks not only the employment of V&L to provide various financial, tax, and accounting services, but also the extraordinary relief of authorizing V&L to open a debtor in possession account on the Debtor's behalf ("V&L DIP Account for the Debtor"), to be the sole signatory to such account, and to make disbursements from such account for the Debtor. *See* Application at ¶ 10(c); proposed order at ¶ 7. The Debtor has also filed a motion to approve debtor in possession financing which references how V&L will hold and disburse monies lent to the Debtor in an account controlled by V&L and will be the sole signatory for the account. ECF 117 at ¶ 2.

6.  The Affidavit discusses the efforts of V&L to search and disclose the connections and representations to certain parties in this case required pursuant to Section 327(a) and Rule 2014(a). In pertinent part, the Affidavit states that V&L searched an "interested party listing" provided to V&L by Brown Rudnick LLP ("Brown Rudnick"), proposed chapter 11 counsel to the Debtor ("List"). *See* Affidavit at ¶ 3. A copy of the List was not filed with the Application, and, accordingly, the scope of V&L's search is not disclosed.

7.  The proposed order to the Application contains language making the retention order effective even if the case is converted to chapter 7 or a chapter 11 trustee is appointed.

## ARGUMENT

**I.  Requirements of Section 327(a) and Rule 2014(a)**

The legal standards governing retention of a professional by the Debtor are generally contained in 11 U.S.C. § 327(a). Pursuant to Section 327(a), there are two basic requirements for retention of a professional to provide services to the debtor's estate: (1) the professional must not "hold or represent an interest adverse to the estate," and (2) the professional must be a "disinterested person." 11 U.S.C. § 327(a); *Vouzianas v. Ready & Pontisakos (In re Vouzianas)*, 259 F.3d 103, 107 (2d Cir. 2001). Accountants must satisfy the requirements of Section 327(a). *In re Andover Togs, Inc.*, 2001 WL 262605 (S.D.N.Y. March 15, 2001) (reversing bankruptcy court's approval of employment of accountant who was a creditor; finding Section 327(e) not applicable to accountants and that accountants are governed by Section 327(a)).

The Second Circuit defines "adverse interest" as follows:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual

>or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Arochem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999). The "determination of an adverse interest is objective and concerned with the appearance of impropriety." *In re Angelika Films 57th Inc.*, 227 B.R. 29, 38 (Bankr. S.D.N.Y. 1998). "The disqualifying adverse interest addressed in § 327. . . is either an actual or a reasonably probable conflict of interest." *In re AroChem*, 181 B.R. 693, 700 (Bankr. D.Conn. 1995) (Shiff, J.), *aff'd, In re AroChem Corp.*, 176 F.3d 610 (2nd Cir. 1999). "Whether an adverse interest exists is best determined on a case-by-case basis." *In re Arochem Corp.*, 176 F.3d at 623 (*citations omitted*). The standards in section 327(a) are "phrased in the present tense, permitting representation by professionals 'that do not *hold* or *represent* an interest adverse to the estate.'" *Id*. (emphasis in original).

The Bankruptcy Code defines a "disinterested person" as one who is "not a creditor, equity security holder, or an insider", and who "does not have an interest materially adverse to the interest of the estate or any class of creditors … by reason of any indirect or direct relationship to, connection with, or interest in, the debtor …" 11 U.S.C. § 101(14)(A) and (E). "The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap. To this extent, the two prongs of section 327(a) are duplicative and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998); *see also JMK Construction Group, Ltd.,* 441 B.R. 222, 229 (Bankr. S.D.NY. 2010).

Bankruptcy Rule 2014(a) requires affirmative disclosure in a retention application of, "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." Fed. R. Bankr. P.

2014(a). "It is abundantly clear that Fed. R. Bankr. P. 2014(a) requires a significant level of disclosure of the proposed professional's 'connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants' … ." *In re Matco Electronics Group, Inc.,* 383 B.R. 848, 852-853 (Bankr. N.D.N.Y. 2008).   Furthermore,

> It is equally clear that the level of disclosure outlined in the Rule is mandatory, whether or not that disclosure would unearth a conflict of interest.   It is also apparent that the obligation to disclose is not a subjective one, whereby the professional discloses only those "connections" that he/she/it concludes are relevant …
>
> As indicated, the existence of a conflict of interest is not the quid pro quo for whether or not the disclosure must be made. Sanctions are imposed for the failure to disclose, regardless of the consequences of the non-disclosure … '[I]n the Second Circuit a violation of the disclosure rule alone is sufficient to deny compensation regardless of whether the undisclosed connection was materially adverse to the estate.'

*Id.* (*internal citations omitted*); *see also In re Peterson*, 163 B.R. 665, 670 (Bankr. D. Conn. 1994) (citing *Futuronics Corp. v. Arutt, Nachamie & Benjamin (Matter of Futuronics Corp.)*, 655 F.2d 463, 469 (2d Cir. 1981) ("As a general rule, the consequences of failure to make a full disclosure under Section 327(a) and Rule 2014(a) is the denial of all compensation for post-petition services.")). "Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees … disclosures must be direct and comprehensive; that is, the [professional] …must make a full, candid and complete disclosure." *In re Chin Kim*, 2012 WL 3907490 at *4 (Bankr. E.D.N.Y. 2012) (*internal citations omitted*).

## II.     Deficiencies in the Application

### a. Inadequate Disclosure

The Application does not fully and clearly disclose the scope of V&L's search for connections to the parties required by Rule 2014(a). As support for its conclusion that V&L is disinterested and does not represent or hold an adverse interest, the Affidavit states that V&L searched List provided to V&L by Brown Rudnick, proposed chapter 11 counsel to the Debtor. *See* Affidavit at ¶ 3. A copy of the List was not filed with the Application, and, accordingly, the scope of V&L's search is not disclosed. V&L should provide a complete and comprehensive of the parties it searched as part of its efforts to meet its disclosure requirements under Rule 2014(a) and demonstrate that it satisfies Section 327(a). Until such time, the Application is not complete and should not be approved by the Court.

### b. Inappropriate relief requested

The Application seeks the extraordinary relief (and unprecedented relief in this District) of authorizing V&L to open a debtor in possession account on the Debtor's behalf ("V&L DIP Account for the Debtor"), to be the sole signatory to the V&L DIP Account for the Debtor, and to make disbursements from the V&L DIP Account for the Debtor. *See* Application at ¶ 10(c); proposed order at ¶ 7. Despite being willing to hold and disburse money on behalf of the Debtor, V&L cannot simply step in and perform the Debtor's fiduciary obligations.

Section 1106 and 1107, combined with Bankruptcy Rule 4002 and other certain rules, set forth the duties of a debtor in possession. With respect to the obligation to open and maintain a debtor in possession account, a debtor also must comply with United States Trustee Operating Guidelines and Reporting Requirements for Debtor in Possession and Trustees and comply with Section 345. A debtor is the legal representative for the estate (*see* Section 323), is the sole

6

fiduciary for the estate and its creditors, and is responsible for all property of the estate. *See, e.g., In re Smart World Technologies, LLC*, 424 F.3d 166, 174-175 (2d Cir. 2005). A debtor cannot simply abrogate its fiduciary responsibilities and delegate that authority and responsibility to another.

The Debtor claims he cannot open and maintain a debtor in possession account as a result of his status as a Chinese dissident subject to a Red Notice issued by Interpol at the request of China. *See* Debtor's Declaration at ECF 107 at ¶¶ 15 and 17. The Debtor's inability (or unwillingness) to open a debtor in possession account means he is not complying with his obligations as a debtor in possession. A debtor cannot selectively fulfill his duties and must be able to take all required steps, and absent that, should not be permitted to remain as a debtor in possession. The Application asks this Court for permission for V&L to serve as the functional equivalent of the Debtor's corporate restructuring officer – but the Debtor is an individual and not a corporate entity. The Debtor cannot delegate his fiduciary duties to V&L no matter how well intentioned the Debtor may claim to be.

Additionally, the United States Trustee has two other concerns about the Application. First, the proposed order to the Application contains language making the retention order effective even if the case is converted to chapter 7 or a chapter 11 trustee is appointed. Such language is not appropriate and should be removed. Second, the scope of work in the Application is particularly broad. For example, it includes "[g]eneral consulting and assistance with any other matters and tasks that may arise, and as may be directed by you or the Debtor." Application at ¶ 10(j). This language is vague and should be clarified and/or limited.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States Trustee respectfully requests that the Court deny the Application without prejudice, subject to amendment to address the disclosure issue raise herein and scope of work, as well as the removal of the language (a) authorizing V&L to open, maintain and use the proposed V&L DIP Account for the Debtor, and (b) making the retention order effective even if the case is converted to chapter 7 or a chapter 11 trustee is appointed.

Dated: April 6, 2022　　　　　　　　　　　Respectfully submitted,
　　　　New Haven, Connecticut　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2

　　　　　　　　　　　　　　　　　By:　/s/ Holley L. Claiborn
　　　　　　　　　　　　　　　　　　　Holley L. Claiborn

　　　　　　　　　　　　　　　　　　　/s/ Steven E. Mackey
　　　　　　　　　　　　　　　　　　　Steven E. Mackey

　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　Giaimo Federal Building, Room 302
　　　　　　　　　　　　　　　　　　　150 Court Street
　　　　　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　　　　　Holley.L.Claiborn@usdoj.gov
　　　　　　　　　　　　　　　　　　　Federal Bar No.: ct17216 (Connecticut)
　　　　　　　　　　　　　　　　　　　Steven.E.Mackey@usdoj.gov
　　　　　　　　　　　　　　　　　　　Federal Bar No: ct09932(Connecticut)
　　　　　　　　　　　　　　　　　　　(203) 773-2210

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing objection was served on all appearing parties via the Court's electronic case filing system noted below:

William Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

William R. Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Rui Ma
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Weican Meng
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of Creditor Zheng Wu
ccallari@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Rui Ma
dforsh@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Weican Meng
dforsh@callaripartners.com

David S. Forsh on behalf of Creditor Zheng Wu
dforsh@callaripartners.com

Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Irve J. Goldman on behalf of Creditor Committee Official Committee of Unsecured Creditors
igoldman@pullcom.com, rmccoy@pullcom.com

David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
dharbach@omm.com

Jonathan Kaplan on behalf of Creditor Committee Official Committee of Unsecured Creditors
jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com

Dylan Kletter on behalf of Debtor Ho Wan Kwok
dkletter@brownrudnick.com,
adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com;rstark@brownrudnick.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Rui Ma
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Weican Meng
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor Zheng Wu
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Timothy D. Miltenberger on behalf of Interested Party Golden Spring (New York) LTD
Tmiltenberger@cbshealaw.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Scott D. Rosen on behalf of Interested Party Golden Spring (New York) LTD
srosen@cb-shea.com, kseaman@cbshealaw.com

Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com

Bennett Silverberg on behalf of Debtor Ho Wan Kwok
bsilverberg@brownrudnick.com

Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Jay Marshall Wolman on behalf of Creditor Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Peter J. Zarella on behalf of 20 Largest Creditor Rui Ma
pzarella@mdmc-law.com

Peter J. Zarella on behalf of 20 Largest Creditor Weican Meng
pzarella@mdmc-law.com

Peter J. Zarella on behalf of Creditor Zheng Wu
pzarella@mdmc-law.com

By:   /s/ Holley L. Claiborn
     Holley L. Claiborn