**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| **HO WAN KWOK** | **Case No. 22-50073 (JAM)** |
| **a/k/a WENGUI GUO** | |
| **a/k/a MILES GUO,** | |
| Debtor. | Re: ECF 119 |

---

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE, (II) PAYMENT OF PREPETITION CLAIMS AND (III) GRANTING RELATED RELIEF

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), through counsel, hereby objects to Debtor's Motion For Entry Of An Order Authorizing (I) Employment And Payment Of Professionals Utilized In The Ordinary Course, (II) Payment Of Prepetition Claims, And (III) Granting Related Relief (ECF 119) ("OCP Motion") filed by chapter 11 debtor Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo ("Debtor" and/or "Kwok"). In support of his objection to the Motion, the United States Trustee states follows:

#### Preliminary Statement

While ordinary course professional motions have on occasion been utilized in the past to aid efficiency and judicial economy by allowing the retention of a group of professionals employed pre-petition by a debtor to provide ordinary course legal services, the Debtor, in this instance, seeks approval of the OCP Motion to circumvent the Bankruptcy Code in several ways including: (a) to evade transparency by employing certain professionals that have a pre-petition relationship with the Debtor without adequately explaining the need for such services or what

benefit such services will provide the Debtor's estate; (b) to employ certain professional that hold pre-petition claims against the estate and to satisfy such claims under the auspices that such payments constitute a reasonable term of employment; (c) to relieve those professionals from their obligations of transparency and disclosure under Sections 327, 330 and 331; and (d) to insulate the professionals from objections to their pre-petition and post-petition compensation by the Court, creditors and the United States Trustee.

The OCP Motion is lacking in both the factual and legal support. The Debtor has not demonstrated why he should be permitted to avoid the responsibilities and obligations of both the employment and the compensation process set forth in Sections 327 and 330, nor why he should be permitted to pay pre-petition debt to professionals. The Debtor has further failed to demonstrate why the relief sought is an appropriate exercise of his fiduciary obligations to his estate and his creditors. Thus, the OCP Motion should be denied.

### Background Facts

1.      The Debtor, also known as Wengui Guo, Miles Guo, and Miles Kwok, as well as numerous other aliases, filed a voluntary chapter 11 petition ("Petition") on February 15, 2022 ("Petition Date"). ECF 1.

2.      The Debtor's Petition was filed by the firm of Brown Rudnick LLP ("BR Counsel"). ECF 1. The Debtor has filed an application to employ BR Counsel as his chapter 11 counsel and that application is scheduled to be heard on April 13, 2022. ECF 86 and ECF 123.

3.      The Debtor is currently managing his financial affairs and his business interests pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      On March 19, 2022, the United States Trustee filed a motion seeking an order directing the appointment of an examiner or, in the alternative, an order directing the

appointment of a chapter 11 trustee ("UST Examiner/Trustee Motion"). ECF 102. The UST Examiner/Trustee Motion is scheduled for a hearing on April 13, 2022.

5.    On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case. ECF 108. To date, the Committee has not filed an application to employ counsel.

6.    The meeting of creditors pursuant to 11 U.S.C. §341(a) ("341 Meeting") commenced on March 21, 2022 and will reconvene on April 6, 2022. ECF 6; ECF 112.

**Relief requested in OCP Motion**

7.    The OCP Motion seeks approval of an employment process for an undetermined universe of professionals. ECF 119. The OCP Motion also seeks approval to pay these same professionals certain sums of money, which can include payment for pre-petition debt. ECF 119.

*OCP Employment Process*

8.    The OCP Motion seeks authority to pursue a process for the Debtor to employ professionals that had a pre-petition relationship with the Debtor. ECF 119. The employment process starts with a form to be filled out by a proposed professional that verifies that the professional does not hold or represent any adverse interest with respect to the matter in which they propose to represent the Debtor and discloses the amount of the pre-petition debt owed to the professional ("Verified Statement"). The Verified Statement does not include the need to provide the requisite and fulsome disclosure of connections required pursuant to Section 327. The process then requires the filing and service of that Verified Statement, and a fourteen (14) day objection period for parties to oppose the employment and payment of the professional as to pre-petition amounts owed. *Id.* at ¶ 12(a), proposed order to OCP Motion, and Exhibit 2.

3

9.      The OCP Motion is accompanied by an Exhibit A which is a list of the ordinary course professionals ("OC Professional" and/or "OC Professionals") that the Debtor initially proposes to employ ("OCP List"). ECF 119 at Exhibit A. The OCP List contains eighteen (18) OC Professionals, of which fifteen (15) are law firms or lawyers, one (1) is an accounting firm ("Janover"), and two (2) are translators (John Lau and Una Wilkinson). The OCP Motion. if approved, would allow the Debtor to add professionals to this process in the future. ECF 119 at ¶ 12(b).

10.     The OCP List includes an accountant, Janover, that rendered pre-petition services to the Debtor that included, at a minimum, preparation of tax returns. The Debtor has also filed an application to employ Verdolino & Lowey, PC ("V&L") as his financial advisor in this case (ECF 90). The scope of V&L's proposed work is broad and includes tax returns. ECF 90 at ¶ 10. The OCP Motion does not explain why Janover would be needed in this case in addition to V&L.

11.     The OCP Motion provides no details or information as to the nature or scope of the pre-petition services provided by the various lawyers and law firms, nor does it link the lawyers to certain lawsuits listed in the Debtor's Statement of Financial Affairs. Accordingly, there is no information that would enable the Court, creditors or the United States Trustee to understand what matter(s) each of the lawyers on the OCP List will be working on and why their services might be necessary.

*OCP Payment*

12.     The OCP Motion seeks approval to pay OC Professionals on a monthly basis without prior Court approval and to relieve those OC Professionals from the obligation to file fee applications. ECF 119 at ¶ 12.

13.     In pertinent part, the OCP Motion seeks to approve a process that would permit the Debtor to pay OC Professionals 100 % of their fees up to $125,000 per month if the professionals are pursuing "claims" of the Debtor ("claims" is undefined). ECF 119 at ¶ 12(h). If the professional is not pursuing "claims," then the professional is limited to $90,000 per month. *Id.* The OCP Motion does not provide for a mechanism or process for review of the invoices of the OC Professionals by anyone other than the Debtor. *Id.* Only in the limited circumstance where the OC Professional exceeds the cap do other parties in the case have an opportunity to object, and in the event an objection is not resolved, only then does the OC Professional need to file a fee application. ECF 119 at ¶ 12(i).

14.     No interim fee applications or final fee applications are required for OC Professionals who stay within their fee cap. ECF 119 at ¶ 12. If an OC Professional stays within their cap, the only time anyone outside the Debtor camp will know how much the OC Professional has charged and how much the Debtor has paid is when the Debtor files a summary statement every three months (unless the Debtor's monthly operating report discloses both categories). ECF 119 at ¶ 12(j). At no time will detailed time records of the OC Professionals be filed on the case docket.

15.     Additionally, the OCP Motion seeks permission for the Debtor to pay *pre-petition* debt owed to OC Professionals, up to a limit of $275,000 per professional. ECF 119 at ¶ 13. The OCP Motion does not disclose the pre-petition amount owed to each of the professionals on the OCP List. ECF 119.

16.     The OCP Motion does not commit the Debtor to pay a certain amount of the pre-petition debt and lets the Debtor choose. ECF 119 at ¶ 13.

17.     The OCP Motion also permits an OC Professional to apply any retainer or advance payment held by the OC Professional as of the Petition Date to the OC Professional's pre-petition debt. ECF 119 at ¶ 13. The Debtor's Schedules do not disclose any retainer or advance payment held by an OC Professional. ECF 78.

18.     A comparison of the OCP List with Schedule F reveals the following pertinent information about the pre-petition debt owed to the OC Professionals:

a.  Fifteen (15) of the eighteen (18) OC Professionals on the OCP List are listed on Schedule F and each of these are listed as unliquidated, contingent and disputed creditors;

b.  Six (6) OC Professionals on the OCP List are listed on Schedule F as being owed an *"unknown"* amount. These professionals are: Ari Casper/The Casper Firm, LLC; Damon Parker/Harcus Parker Ltd.; John Lau; Mindy Kamen/Janover; Robert Nader/Forbes Hare, and Una Wilkinson;

c.  Four (4) OC Professionals on the OCP List are <u>not</u> listed on Schedule F, namely Matthew Hoyle, Sa'ad Hossain QC, Sandrine Giroud, and Sebastian Isaac; and

d.  Janover, the Debtor's pre-petition accountant, is on the OCP List listed with an unknown amount of debt that is listed as unliquidated, contingent and disputed.

19.     The OCP Motion states that the funding for the pre-petition debt owed to the OC Professionals, and their monthly fees, will come from debtor-in-possession funding pursuant to a motion filed by the Debtor ("DIP Financing Motion"). ECF 119 at ¶ 9; ECF 117. Without that

funding, the Debtor posits he does not have the ability to pay his OC Professionals. ECF 119 at ¶ 9. The OCP Motion says that certain (unidentified) OC Professionals will not continue to provide services unless some of their pre-petition debts are paid. ECF 119 at ¶ 13. The OCP Motion also says that certain (unidentified OC Professionals) might be unwilling to provide services to the Debtor if they are required to file formal fee applications. ECF 119 at ¶ 14.

### **Failure to demonstrate sufficient basis for relief requested**

The OCP Motion suffers from several flaws warranting denial of the relief requested. Certain of the flaws are potentially correctable, others are not. Ultimately, the Debtor has proposed a process that contains inappropriate provisions, lacks adequate information, and purposefully circumvents and prevents Court supervision of estate professionals, assets, and active litigation.

> a. *General requirements for retention and payment of professionals to represent a debtor.*

The legal standards governing a debtor's retention of professionals, including attorneys and accountants, are contained in 11 U.S.C. § 327. Pursuant to Section 327(a), there are two basic requirements for retention of a professional to perform services for a debtor's estate: (1) the professional must not "hold or represent an interest adverse to the estate," and (2) the professional must be a "disinterested person." 11 U.S.C. § 327(a). Sub-section (e) of Section 327 is a limited exception to the foregoing requirements. Section 327(e) authorizes a debtor to employ an attorney to represent the debtor's estate for a special purpose if the attorney has previously represented the debtor and the attorney does not hold or represent an adverse interest with respect to the matter for which employment is requested. Section 327(e) does not require that an attorney be disinterested, and thus attorneys being hired under Section 327(e) may retain

7

their claim for pre-petition debt for services as an unsecured claim. "'By regulating the … ability to hire professionals, section 327 serve[s] the important policy of ensuring that all professionals appointed [to represent the debtor] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.'" *In re Homesteads Community at Newtown, LLC*, 390 B.R. 32, 47 (Bankr. D.Conn. 2008) (*quoting In re AroChem Corp*., 176 F.3d 610, 621 (2nd Cir. 1999)).

Once retained, a professional may seek approval of compensation and reimbursement of expenses under Sections 330 and 331 (and the Local Rules of this Court) through the filing of fee applications. Such applications are subject to objection and comment from creditors, the United States Trustee and the Court, and a public hearing to consider whether the fees and expenses are actual, necessary and of benefit to the estate.

### b. *OCP Motion goes beyond Section 327(e)*

Motions to employ and compensate "ordinary course professionals," such as the Debtor's OCP Motion, are an attorney-created mechanism which ask the Court to authorize a debtor to short-cut the obligations of Sections 327 and 330 based on a premise that the procedures of Sections 327 and 330 are too cumbersome for certain types of professionals, which are usually attorneys. The OCP Motion proposed by the Debtor here, however, is particularly flawed and subverts the essential requirements of Sections 327 and 330 in ways that should not be countenanced.

The OCP Motion is primarily premised on Section 327(e) as the basis for the relief requested. By its specific language, Section 327(e) only applies to attorneys, not to other kinds of professionals. The OCP Motion admits that limitation. ECF 119 at ¶ 17. Despite, that the OCP Motion goes beyond Sections 327(e) and 330 in two significant ways: it seeks to employ

professionals who do not fit within Section 327(e) and it improperly seeks to pay OC Professionals now for their pre-petition claims.

First, the OCP Motion includes an accountant and two translators as proposed OC Professionals. Section 327(e), however, offers no legal basis on which the Debtor may employ an accountant (Janover) or a translator (Wilkinson and Lau) owed pre-petition debt. Section 327(e) does not provide authority to retain accountants holding pre-petition claims, and who are thus not disinterested. Accountants must satisfy Section 327(a) and cannot do so if they retain a claim for a pre-petition debt for services.[1] Further, Section 327(e) does not apply to non-attorneys such as translators. Accordingly, there is no basis to use Section 327(e) to employ Janover or the translators (Wilkinson and Lau).[2]

Second, the OCP Motion improperly seeks to pay OC Professionals **now** for their pre-petition debt, and worse, allows the Debtor to choose who to pay and how much. The OCP Motion also permits an OC Professional to apply any retainer or advance payment held by the OC Professional as of the Petition Date to apply that money to the OC Professional's *pre-petition debt.* The OCP Motion is devoid of any legal authority for paying a *professional* for pre-petition debt at the time of their employment and prior to a confirmed plan. The United States

---

[1] Assuming Janover is a creditor of the Debtor, Janover is not "disinterested" within the language of Section 101(14) and therefore cannot satisfy the requirements of Section 327(a). *In re Andover Togs, Inc.*, 2001 WL 262605 (S.D.N.Y. March 15, 2001) (reversing bankruptcy court's approval of employment of accountant who was a creditor and finding Section 327(e) not applicable to accountants); *see also In re Wake*, 222 B.R. 35, 39 (Bankr. W.D.N.Y. 1998) (accountant who possessed pre-petition claim is not "disinterested" and could not be employed under Section 327(a)); *In re South Shore Golf Club Holding Co., Inc.*, 182 B.R. 94, 95 (Bankr. W.D.N.Y. 1995) (noting accountant holding pre-petition claim could not satisfy disinterestedness requirement of Section 327(a) and denying application to retain accountant under Section 327(e) as "special accountant" because Section 327(e) does not apply to accountants). To become disinterested, an accountant must waive his claim. *In re American Home Mortgage Holdings, Inc.*, 2008 WL 4831768, *5 (Bankr. D. Del. Oct. 31, 2008) ("To become disinterested, professionals need to waive their rights to any pre-petition claims they might have against the Debtor").

[2] The United States Trustee also does not believe that translators are subject to Section 327 and is not aware of any caselaw interpreting Section 327 as applicable to translators. The United States Trustee does, however, oppose payment of any pre-petition debt owed to the Debtor's translators.

Trustee is not aware of any caselaw that has determined that an attorney or an accountant may be paid for pre-petition debt at the time of employment using Section 327(e) (or Section 363) as a statutory predicate.

Even if there was a basis to pay the OC Professionals, there is no foundation to determine the appropriate amount of the payment nor an opportunity to vet the appropriateness of the amount to be paid. As noted *infra*, the Debtor has scheduled the majority of the OC Professionals as contingent, unliquidated and disputed on Schedule F. ECF 78. This is in direct conflict with the Debtor's request to pay the OC Professionals now for pre-petition debt. Further, the Debtor has not listed amounts due for each OC Professional and some are listed as "unknown" with respect the amount due, which does not provide any support for the payment relief requested.

Finally, the OCP Motion does not disclose the nature and scope of work that the attorneys on the OCP List have performed or will perform. To the extent that the proposed attorneys on the OCP List are counsel to the Debtor in actions where the Debtor is a defendant, those actions are not active because of the automatic stay imposed by the chapter 11 filing and thus there is no immediate need counsel at this juncture, let alone payment for past work. For the actions where the Debtor is the plaintiff, the Debtor has not identified the counsel involved nor whether the counsel represents other parties in the litigation, nor the compensation terms (and whether other parties should be or are paying for that counsel). The Debtor has not met his burden under Section 327 to describe the need for each attorney on the OCP List, what services they will perform, what their compensation structure is, and whether such professionals have other clients in the lawsuits. This preliminary information is essential to the determination of whether the OCP Motion is even appropriate.

10

In sum, the OCP Motion lacks more information than it provides and invites questions and concerns. Under the circumstances of this case, including the fact that the Debtor is an individual and is not employed, nor has a personal source of money to fund this chapter 11 case, the OCP Motion is flawed and inappropriate. The Debtor has not demonstrated why he should be permitted to avoid the responsibilities and obligations of the employment and compensation process set forth in Sections 327 and 330, nor why he should be permitted to pay pre-petition debt to professionals.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the United States Trustee respectfully requests that the Court deny the OCP Motion without prejudice.


Dated: April 6, 2022          Respectfully submitted,
      New Haven, Connecticut          WILLIAM K. HARRINGTON
                                UNITED STATES TRUSTEE FOR REGION 2

                                By:    /s/ Holley L. Claiborn
                                         Holley L. Claiborn

                                         /s/ Steven E. Mackey
                                         Steven E. Mackey

                                         Trial Attorneys
                                         Office of the United States Trustee
                                         Giaimo Federal Building, Room 302
                                         150 Court Street
                                         New Haven, CT 06510
                                         Holley.L.Claiborn@usdoj.gov
                                         Federal Bar No.: ct17216 (Connecticut)
                                         Steven.E.Mackey@usdoj.gov
                                         Federal Bar No: ct09932(Connecticut)
                                         (203) 773-2210

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing objection was served on all appearing parties via the Court's electronic case filing system noted below:

William Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

William R. Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Rui Ma
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Weican Meng
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of Creditor Zheng Wu
ccallari@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Rui Ma
dforsh@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Weican Meng
dforsh@callaripartners.com

David S. Forsh on behalf of Creditor Zheng Wu
dforsh@callaripartners.com

Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Irve J. Goldman on behalf of Creditor Committee Official Committee of Unsecured Creditors
igoldman@pullcom.com, rmccoy@pullcom.com

David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
dharbach@omm.com

Jonathan Kaplan on behalf of Creditor Committee Official Committee of Unsecured Creditors
jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com

Dylan Kletter on behalf of Debtor Ho Wan Kwok
dkletter@brownrudnick.com,
adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com;rstark@brownrudnick.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Rui Ma
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Weican Meng
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor Zheng Wu
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Timothy D. Miltenberger on behalf of Interested Party Golden Spring (New York) LTD
Tmiltenberger@cbshealaw.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Scott D. Rosen on behalf of Interested Party Golden Spring (New York) LTD
srosen@cb-shea.com, kseaman@cbshealaw.com

Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com

Bennett Silverberg on behalf of Debtor Ho Wan Kwok
bsilverberg@brownrudnick.com

Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Jay Marshall Wolman on behalf of Creditor Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Peter J. Zarella on behalf of 20 Largest Creditor Rui Ma
pzarella@mdmc-law.com

Peter J. Zarella on behalf of 20 Largest Creditor Weican Meng
pzarella@mdmc-law.com

Peter J. Zarella on behalf of Creditor Zheng Wu
pzarella@mdmc-law.com

By:     /s/ Holley L. Claiborn
        Holley L. Claiborn