# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 87 & 143 |

### UNITED STATES TRUSTEE'S STATEMENT OF OBJECTION CONCERNING THE APPLICATION OF THE DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN AND EMPLOY STRETTO AS CLAIMS AND NOTICING AGENT

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3), respectfully files this statement of objection concerning the Debtor's Application for Authorization to Retain and Employ Stretto as Claims and Noticing Agent ("Application"). ECF 87 and 143. In support of his statement of objection, the United States Trustee, through his undersigned counsel, respectfully represents and states the following:

### FACTS

1. The Debtor, also known as Wengui Guo, Miles Guo, and Miles Kwok, as well as numerous other aliases, filed a voluntary chapter 11 petition ("Petition") on February 15, 2022. ECF 1.

2. The Debtor is currently managing his financial affairs and his business interests pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On March 21, 2022, the United States Trustee appointed an Official Committee of

1

Unsecured Creditors ("Committee") in this case. ECF 108. To date, the Committee has not filed an application to employ counsel.

4. As of the present time, it appears that the Debtor has fewer than sixty (60) creditors of all types. *See* current creditor matrix/mailing information. It also appears that, not counting the United States Trustee, fifteen (15) attorneys receive ECF electronic notice/service of filings and copies of documents. *Id*.

5. On March 16, 2022, the Debtor filed the Application seeking to employ Stretto, Inc. ("Stretto") to perform a wide range of services including noticing and claims processing pursuant to 28 U.S.C § 156(c). ECF 87. The Application was supplemented with an "enhanced" Stretto Services Agreement which included a "price list" for services. ECF 143.

6. The Application is also supported by the Declaration of Sheryl Betance ("Betance Declaration"). ECF 87, pages 33 – 40.

7. The Application fails to adequately support the need for Stretto's proposed services either presently or in the future given the Debtor's very modest number of creditors.

8. Neither the Application itself or in the Betance Declaration explains why a "noticing" and/or "claims" agent is necessary in the Debtor's Chapter 11 case. ECF 87. The Application uses "catch-phrases" such as: "voluminous mailings and cites a lengthy chain of case citations to support the need for a "noticing and claims agent" where those Chapter 11 cases had many hundreds and, in some cases, thousands of creditors and other notice parties. ECF 87, ¶ 9. Although it relies on Chapter 11 cases with many hundreds and even thousands of creditors, the Application is silent concerning the need for such an "agent" where, as here, the Debtor has a very manageable fewer than five dozen creditors and where a mere fifteen (15) parties receive

electronic notice.

**Noticing**

9.      The act of providing notice to creditors through the: addressing of envelopes, copying documents, stuffing envelopes, attaching appropriate postage, and mailing those envelopes in a clerical function easily accomplished by even the most modestly competent debtors' law firm.    A law firm such as Brown Rudnick should have no difficulty providing such services without the assistance of an outside agent.    Service upon sixty (60) creditors or fewer is routinely accomplished by Chapter 7 trustees and debtors' counsel in all chapters within the District of Connecticut without the need of a "noticing" and/or "claims" agent.    Neither the Application nor the Betance Declaration provides adequate support of the *need* for the "retention" and employment of Stretto as a noticing agent.

**Claims**

10.     Admittedly, the burden of processing the claims of many hundreds or even thousands of claims can be draining upon the usually-limited resources of the Bankruptcy Court Clerk.    There are certainly instances where it is appropriate to shift the cost and logistics burden of administering the noticing, ballot-collection/analysis, and claims processing from the Bankruptcy Clerk to the Debtor through the use of a "noticing and claims agent."    However, the Debtor's case does not seem to be such a case where fewer than sixty (60) creditors are present and ECF electronic notice presently goes out to fifteen (15) attorneys.    The Bankruptcy Court Clerk's Office routinely handles noticing and claims processing for Chapter 11 cases with similar and even substantially larger creditor bodies.    Neither the Application nor the Betance Declaration has provided support for the *need* for the "retention" and employment of Stretto as a claims processing agent.

**Other Issues**

11.    Should the Court determine that the employment of Stretto is appropriate, there are a few issues that should be addressed:

(a)    Paragraph 3 of the Stretto Services Agreement provides that Stretto will continue to provide services should this case be converted to Chapter 7.    The cost of Stretto's services is not a cost that a Chapter 7 estate should have to absorb.    Upon conversion to Chapter 7, Stretto's services should automatically terminate. ECF 143, ¶ 3.

(b)    Paragraph 10 of the Stretto Services Agreement provides that the Debtor will "indemnify and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents (collectively, the 'Indemnified Parties')."    Stretto has provided no consideration for such a provision, and it is inappropriate to be include such a provision in the services agreement for a party who proposes to provide the services described in the Application. ECF 143, ¶ 9.

(c)    Paragraph 10 of the Stretto Services Agreement provides a limitation of liability and limits Stretto's liability to the amount of money it receives for its services that gives rise to the loss.    Stretto has provided no consideration for such a limitation of liability provision.    The provision is inappropriate and should be removed. ECF 143, ¶ 10.

**CONCLUSION**

With the Debtor's very modest creditor body, the employment of Stretto seems to be solely for the convenience of the Debtor and his counsel which would otherwise have the responsibility to provide a very normal volume of noticing services for the Debtor.    It doesn't appear that the Bankruptcy Court Clerk's Office would be inconvenienced by performing its usual claims collection and processing function.    What does seem apparent is the shifting of the cost for possibly unreimbursed clerical services by Debtor's counsel to Stretto to generate an ongoing and evergreen administrative expense claim giving its services priority in payment and displacing the pre-petition claims of existing priority and general unsecured creditors.    The

Application has not sustained the burden of establishing that the proposed administrative expense of employing Stretto is actually *necessary*, at least at this time and at the present stage of Debtor's case. Further, the issues raised in ¶ 11 above need to be addressed by the Debtor prior to or at the hearing on the Application.

**WHEREFORE**, for all of the foregoing reasons, the United States Trustee respectfully requests that the Court deny the Application without prejudice, or, in the alternative, defer determination until such time as the Application is supplemented and/or revised to provide the support necessary to adequately address the issues raised herein.

Dated: April 6, 2022  
      New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Steven E. Mackey  
      Steven E. Mackey

/s/ Holley L. Claiborn  
Holley L. Claiborn

Trial Attorneys  
Office of the United States Trustee  
Giaimo Federal Building, Room 302  
150 Court Street  
New Haven, CT 06510  
Steven.E.Mackey@usdoj.gov  
Federal Bar No: ct09932(Connecticut)  
Holley.L.Claiborn@usdoj.gov  
Federal Bar No.: ct17216 (Connecticut)  
(203) 773-2210

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing objection was served on all appearing parties via the Court's electronic case filing system noted below:

William Baldiga on behalf of Debtor Ho Wan Kwok wbaldiga@brownrudnick.com

William R. Baldiga on behalf of Debtor Ho Wan Kwok wbaldiga@brownrudnick.com

Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P. pbirney@rc.com, ctrivigno@rc.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Rui Ma ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Weican Meng ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of Creditor Zheng Wu ccallari@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Rui Ma dforsh@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Weican Meng dforsh@callaripartners.com

David S. Forsh on behalf of Creditor Zheng Wu dforsh@callaripartners.com

Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P. pfriedman@omm.com

Irve J. Goldman on behalf of Creditor Committee Official Committee of Unsecured Creditors igoldman@pullcom.com, rmccoy@pullcom.com

David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P. dharbach@omm.com

Jonathan Kaplan on behalf of Creditor Committee Official Committee of Unsecured Creditors jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com

Dylan Kletter on behalf of Debtor Ho Wan Kwok dkletter@brownrudnick.com, adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com;rstark@brownrudnick.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Rui Ma kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Weican Meng kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor Zheng Wu kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Timothy D. Miltenberger on behalf of Interested Party Golden Spring (New York) LTD Tmiltenberger@cbshealaw.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Scott D. Rosen on behalf of Interested Party Golden Spring (New York) LTD srosen@cb-shea.com, kseaman@cbshealaw.com

Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P. ssarnoff@omm.com

Bennett Silverberg on behalf of Debtor Ho Wan Kwok bsilverberg@brownrudnick.com

Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P. asmith@rc.com

Jay Marshall Wolman on behalf of Creditor Logan Cheng jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Peter J. Zarella on behalf of 20 Largest Creditor Rui Ma pzarella@mdmc-law.com

Peter J. Zarella on behalf of 20 Largest Creditor Weican Meng pzarella@mdmc-law.com

Peter J. Zarella on behalf of Creditor Zheng Wu pzarella@mdmc-law.com

April 6, 2022
New Haven, CT

                                                                By:    /s/ Steven E. Mackey
                                                                       Steven E. Mackey