# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| HERALD MEDIA HOLDINGS, INC., *et al*., | |
| Debtors.[1] | Case No. 17-12881 (LSS) |
| | Joint Administration Requested |

### APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Herald Media Holdings, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this application (the "Application") for an order authorizing the employment and retention of Brown Rudnick LLP ("Brown Rudnick") as counsel for the Debtors, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the Declaration of William R. Baldiga (the "Baldiga Declaration"), attached hereto as Exhibit A. Also in support of this Application, the Debtors rely on the Declaration of Jeffrey W. Magram in Support of First Day Pleadings (the "First Day Declaration") [Docket No. 3], incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

---

[1]     The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Herald Media Holdings, Inc. (5048); Herald Media, Inc. (1468); Boston Herald, Inc. (5341) and Herald Interactive, Inc. (2359). The Debtors' headquarters are located at 70 Fargo Street, Suite 600, Boston, MA 02210.

## Background

1.       On December 8, 2017, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.

2.       The Debtors, headquartered in Boston, Massachusetts, collectively operate privately owned information and entertainment businesses consisting of the flagship newspaper, The Boston Herald, as well as a related website, internet radio station, and mobile applications. The Debtors employ, collectively, approximately 240 people; of that employee population, approximately 140 are subject to one of the Debtors' four collective bargaining agreements.

3.       In the past several years, competition from alternative news sources and a general decline in newspaper readership have contributed to a decline in the Debtors' revenue. Additionally, competition from internet-based advertising alternatives, particularly in the classified advertising category, has eroded traditional print media sources of revenue for the Debtors and across the newspaper industry.

4.       In response to declining revenues, the Debtors have worked hard to implement all reasonable measures to minimize operational expenses.  The Debtors have consolidated operational functions, introduced new business models, and outsourced selected printing, distribution, and customer service activities.  As much as possible, the Debtors have reduced headcount, cut back on unprofitable activities, and diversified operations and revenue sources to grow readership and maximize revenues.

5.       Despite the Debtors' best efforts to increase revenues and decrease expenses while continuing to maintain the highest quality product, the Debtors have been unable to fully achieve their financial goals to the degree that would enable them to continue to operate under their current capital structure and comply with their current employment and pension obligations. Accordingly, the Debtors have made the decision to sell substantially all of their assets pursuant

to section 363 of the Bankruptcy Code. The Debtors believe that a sale of their assets and operations will maximize the potential return for creditors while ensuring the ongoing viability of their news and information products and the ongoing employment of hundreds of people.

6. Additional information about the Debtors, including their business operations and the events leading up to the filing of the Chapter 11 Cases, can be found in the First Day Declaration.

### Jurisdiction

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court District of Delaware (the "Local Rules").

### Relief Requested

8. By this Application, the Debtors seek to employ and retain the law firm of Brown Rudnick, effective as of the Petition Date, to represent the Debtors as their co-counsel in connection with the filing of their chapter 11 petitions and the prosecution of these Chapter 11 Cases. Accordingly, the Debtors respectfully request that this Court enter an order authorizing the Debtors to employ and retain Brown Rudnick under a general retainer as their attorneys to perform the legal services that will be necessary during these Chapter 11 Cases.

### Basis For Relief

9. The Debtors have selected, and seek to retain herein, the firm of Brown Rudnick as their bankruptcy co-counsel owing to, among other things: (i) Brown Rudnick's extensive experience and knowledge in the fields of debtors' and creditors' rights and business

reorganizations and liquidations under chapter 11 of the Bankruptcy Code; and (ii) Brown Rudnick's familiarity with the Debtors' business and affairs and potential legal issues in the context of these Chapter 11 Cases. Brown Rudnick has represented debtors, official and unofficial committees and other prominent parties in many chapter 11 cases in this District and others, as more fully described in the Baldiga Declaration.

### Services to Be Rendered

10.     Brown Rudnick will render, among others, the following services to the Debtors, as requested by the Debtors:

      (i)    provision of legal advice with respect to the Debtors' rights and duties as debtors in possession;

      (ii)   preparation on behalf of the Debtors of all necessary petitions, applications, motions, objections, responses, answers, orders, reports and other legal papers;

      (iii)  pursuit of confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;

      (iv)  attendance at any meetings and negotiations with representatives of creditors, equity holders or other parties-in-interest in connection with the above matters;

      (v)   provision of general corporate, capital markets, employment, tax and litigation advice and other general non-bankruptcy legal services to the Debtors (as may be requested by the Debtors);

      (vi)  appearance before this Court, any appellate courts and the U.S. Trustee to protect the interests of the Debtors;

      (vii)  preparation and support of restructuring communications plan; and

      (viii) performance of all other legal services for the Debtors that are necessary and proper in these proceedings.

11.     The Debtors understand that Brown Rudnick intends to work closely with the other professionals retained by the Debtors to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates.

## Disinterestedness

12. To the best of the Debtors' knowledge, except as otherwise set forth in the Baldiga Declaration, neither Brown Rudnick nor any partner, counsel or associate of Brown Rudnick: (i) represents entities other than the Debtors in connection with these Chapter 11 Cases; (ii) has any connections with the Debtors, their creditors or stockholders or any other party-in-interest; or (iii) holds any interest adverse to the Debtors or their estates with respect to the matters on which Brown Rudnick is to be retained and employed in these Chapter 11 Cases.

13. In addition, as set forth in the Baldiga Declaration, Brown Rudnick, its partners, counsel and associates:

     (i)     are not creditors, equity security holders or insiders of the Debtors;

     (ii)     are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers or employees of the Debtors; and

     (iii)     do not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

Accordingly, the Debtors believe that Brown Rudnick is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) thereof.

14. Brown Rudnick is conducting a continuing inquiry into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Brown Rudnick promptly will file a supplemental affidavit with this Court setting forth any facts and circumstances relevant thereto.

15. To the extent that issues arise that would cause the Debtors to be adverse to any of Brown Rudnick's clients such that it would not be appropriate for Brown Rudnick to represent the Debtors with respect to such matters, the Debtors will request that their local bankruptcy co-

counsel, Morris Nichols, Arsht & Tunnell LLP, represent the Debtors with respect to those matters.

**Professional Compensation**

16.     Brown Rudnick proposes to render its services on an hourly fee basis according to a blended hourly rate of $615 per hour for all attorney time.  It is anticipated that the primary attorneys who will represent the Debtors are William R. Baldiga (whose usual hourly rate is $1,245, which will be charged at $615), Sunni P. Beville (whose usual hourly is $905, which will be charged at $615) and Tristan G. Axelrod (whose usual hourly rate is $515; here, he will also be charged at $615 per hour).  Other Brown Rudnick attorneys or paraprofessionals will from time to time provide legal services on behalf of the Debtors in connection with the matters herein described.

17.     Brown Rudnick shall be reimbursed according to Brown Rudnick's customary reimbursement policies, all in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules and applicable guidelines established by the U.S. Trustee (the "U.S. Trustee Guidelines").

18.     Brown Rudnick is not a creditor of the Debtors.  In the period prior to the Petition Date, after the Engagement Date, the Debtors paid a total of $269,100.00 to Brown Rudnick on account of services performed and expenses incurred in connection with its advice to the Debtors and the preparation for the commencement and prosecution of these Chapter 11 Cases.  After the application of those funds to Brown Rudnick's fees and expenses incurred for the period from the Engagement Date to the Petition Date, Brown Rudnick holds the remaining balance of approximately $14,200.00 as a retainer (the "Retainer").  Schedule A to the Baldiga Declaration sets forth the dates and amount of payments made by the Debtors to Brown Rudnick in preparation for the commencement of these cases before the Petition Date.  The exact amount of

actual charges for fees and expenses for such period will be determined upon the final recording of all time and expense charges and debited against such advance. After application of amounts for payment of any additional prepetition professional services and related expenses, the excess advance amounts will be held by Brown Rudnick for application toward and payment of postpetition fees and expenses allowed by this Court.

19. Brown Rudnick customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, temporary employment of additional staff, overtime meals, Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client.

20. Brown Rudnick has acknowledged that all amounts paid to Brown Rudnick during these Chapter 11 Cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Brown Rudnick during these Chapter 11 Cases are disallowed by this Court, the fees and expenses will be disgorged by Brown Rudnick and returned to the Debtors or be treated as otherwise ordered by this Court.

21. The Debtors understand that no agreement exists, and that no agreement will be made, for Brown Rudnick to share with any other person or firm any compensation that Brown Rudnick receives for its services to the Debtors.

## Bests Interests of the Estate

22. Brown Rudnick's attorneys are highly experienced and skilled in the fields of bankruptcy and have developed a familiarity with the Debtors' business, operations and finances. The Debtors believe that Brown Rudnick's expertise in the areas described above and in the Baldiga Declaration is essential to the Debtors' efficient reorganization. Accordingly, based on

the foregoing facts and authorities, the Debtors submit that the relief requested herein should be granted.

## Notice

23.     Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) those creditors listed on the Debtors' Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; and (v) counsel for the proposed DIP lender.

## No Prior Request

24.     The Debtors have not previously sought the relief requested herein from this or any other court.

*[remainder of page intentionally left blank]*

**WHEREFORE** the Debtors respectfully request that this Court enter an order in the form attached hereto as <u>Exhibit</u> <u>B</u> authorizing the Debtors to employ and retain Brown Rudnick as counsel for the Debtors *nunc pro tunc* to the Petition Date and granting such other and further relief as is just and proper.

Dated:  December 11, 2017

<u>/s/ Jeffrey W. Magram</u>
Name: Jeffrey W. Magram
Title: Chief Operating Officer

## <u>EXHIBIT A</u>

**Baldiga Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| HERALD MEDIA HOLDINGS, INC., *et al*., | |
| Debtors.[1] | Case No. 17-12881 (LSS) |
| | Joint Administration Requested |

## DECLARATION OF WILLIAM R. BALDIGA IN SUPPORT OF APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, William R. Baldiga, declare under penalty of perjury:

1.        I am an attorney admitted to practice law in the Commonwealth of Massachusetts and the State of New York and before the United States District Courts for the District of Massachusetts and the Southern District of New York.  I am a member of the firm of Brown Rudnick LLP ("Brown Rudnick"), which maintains its offices at, among other places, One Financial Center, Boston, Massachusetts 02111.  I am familiar with the matters set forth herein and make this declaration (this "Declaration") in support of the application filed by Herald Media Holdings, Inc., Herald Media, Inc., Boston Herald, Inc. and Herald Interactive, Inc., the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), for entry of an order authorizing the employment and

---

[1]        The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Herald Media Holdings, Inc. (5048); Herald Media, Inc. (1468); Boston Herald, Inc. (5341) and Herald Interactive, Inc. (2359).  The Debtors' headquarters are located at 70 Fargo Street, Suite 600, Boston, MA  02210.

retention of Brown Rudnick as counsel for the Debtors *nunc pro tunc* to the Petition Date (December 8, 2017).

2.     Unless otherwise stated, I have personal knowledge of the facts set forth hereinafter.  To the extent that any information disclosed herein requires amendment or modification upon Brown Rudnick's completion of further analysis or as additional party-in-interest information becomes available to me, I will submit a supplemental declaration to this Court.

3.     Except as otherwise disclosed herein, neither I, Brown Rudnick nor any member, counsel or associate of Brown Rudnick, insofar as I have been able to ascertain:  (i) represents entities other than the Debtors in connection with the Debtors' Chapter 11 cases; (ii) has any connections with the Debtors, their creditors or stockholders or any other party-in-interest; or (iii) holds any interest adverse to the Debtors or their estates with respect to the matters on which Brown Rudnick is to be retained and employed in these Chapter 11 cases.

4.     More specifically, Brown Rudnick, its partners, counsel and associates:

(i)     are not creditors, equity security holders or insiders of the Debtors;

(ii)    are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petitions, directors, officers or employees of the Debtors; and

(iii)   do not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

5.     Accordingly, I submit that Brown Rudnick is a "disinterested person," as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), as modified by section 1107(b) thereof.

**Brown Rudnick's Prepetition Relationship
with the Debtors and Nature of Retention**

6.      Beginning in the mid 1980s, Brown Rudnick represented News America Publishing, Inc. ("News America"), a unit of News Corp. Ltd., in connection with its role as the publisher of the *Boston Herald* newspaper.  In 1994, Brown Rudnick also represented News America in connection with the sale of Boston Herald, Inc. (together with its affiliates, "BH") to Patrick J. Purcell ("Mr. Purcell"), the current publisher of the *Boston Herald* newspaper.

7.      From that 1994 acquisition to about 2008, Brown Rudnick represented BH as to a fairly broad range of services, including trademark and copyright issues, editorial representation, representation of reporters and photographers, litigation, corporate and business issues, tax issues, employee and labor issues, insurance matters, public and judicial records access issues and other miscellaneous matters.  Those matters included representing BH in its 2001 acquisition of Community Newspaper Co. ("CNC"), a group of suburban Boston daily and weekly newspapers then owned by Fidelity Capital; then representing CNC as to several matters; and then in 2006 representing CNC in its sale of its assets to Gatehouse Media, LLC, an affiliate of the proposed Stalking Horse Bidder.

8.      In or about December 2008, Paul Hartnett, the corporate partner responsible for a significant part of the relationship with BH, left Brown Rudnick. From that time forward, Brown Rudnick continued to represent BH for a number of years as to certain non-corporate matters, primarily involving editorial matters, litigation and certain other matters including, in 2008 and 2009, a sale/lease back transaction regarding BH's previous facility and, in 2011, the lease for BH's current facility.  For the last two to three years, Brown Rudnick did no significant work for BH until in or about September of this year, when it was asked to advise as to potential chapter 11 proceedings.

9.      Also beginning in the mid-to-late 1980s, Brown Rudnick represented Mr. Purcell, individually, in connection with his purchase, sale and development of various real estate properties, estate planning and tax matters.  In addition, Brown Rudnick represented Mr. Purcell in connection with his acquisition of BH in 1994 and the transfer in 2002 of his ownership interest in BH to MVVT, LLC.  Brown Rudnick also represented Mr. Purcell in his role as an officer of CP Media, Inc., a former affiliate of BH.

10.      Brown Rudnick has not represented Mr. Purcell in connection with any matter since 2009.[2]

11.      As noted above, Paul Hartnett, currently outside corporate counsel for the Debtors, was formerly a partner at Brown Rudnick from 1994 to December 2008.

12.      In 2007, Brown Rudnick represented Gatehouse Media, Inc., an affiliate of the proposed Stalking Horse Bidder, in connection with unsealing impounded judicial records and in connection with environmental issues relating to an acquisition in Connecticut.

13.      On September 7, 2017 (the "Engagement Date"), the Debtors consulted Brown Rudnick concerning a potential restructuring and related matters and, as to the preparation for filing these Chapter 11 Cases.    Accordingly, Brown Rudnick has developed significant experience and expertise regarding the Debtors which will allow the effective and efficient provision of legal services in these Chapter 11 Cases.

14.      Brown Rudnick is not a creditor of the Debtors.  In the period prior to the Petition Date, after the Engagement Date, the Debtors paid a total of $269,100.00 to Brown Rudnick on account of services performed and expenses incurred in connection with its advice to the Debtors and the preparation for the commencement and prosecution of these Chapter 11 Cases.  After the

---

[2]      In 2010, a now retired partner from Brown Rudnick engaged in a few follow-up telephone conversations with Mr. Purcell regarding his estate planning.  The time spent was *de minimis*. As a result, Brown Rudnick did not bill for this time.

application of those funds to Brown Rudnick's fees and expenses incurred for the period from the Engagement Date to the Petition Date, Brown Rudnick holds the remaining balance of approximately $14,200.00 as a retainer (the "Retainer"). Schedule A to the Baldiga Declaration sets forth the dates and amounts of the payments made by the Debtors to Brown Rudnick in preparation for the Petition Date. The exact amount of actual charges for fees and expenses for such period will be determined upon the final recording of all time and expense charges and debited against such advance. After application of amounts for payment of any additional prepetition professional services and related expenses, the excess advance amounts will be held by Brown Rudnick for application toward and payment of postpetition fees and expenses allowed by this Court.

15.    I understand that the Debtors have selected Brown Rudnick to be their bankruptcy co-counsel because of Brown Rudnick's broad range of experience in bankruptcy proceedings. Over the past two decades, Brown Rudnick has represented debtors, creditors' committees, institutional lenders, creditors and various other parties-in-interest in numerous bankruptcy cases, including, among others:

> A123 Systems, Inc. (D. Del.)
> A.H. Robbins Company, Incorporated (E.D. Va.)
> Adelphia Communications (S.D.N.Y.)
> Aereo, Inc. (S.D.N.Y.)
> Allis-Chalmers Corporation (S.D.N.Y.)
> Ampal-American Israel Corporation (S.D.N.Y.)
> Arizona Charlie's, Inc. (D. Nev.)
> Beacon Power Corporation (D. Del.)
> Budget Rent-A-Car Corporation (D. Del.)
> Calpine Corporation (S.D.NY)
> Cerro Negro Oil Project (Venezuela)
> Comdisco, Inc. (N.D. Ill.)
> Coda Holdings, Inc. (D. Del.)
> Continental Airlines, Inc. (S.D. Tex.)
> Corinthian Colleges, Inc. (D. Del.)
> Dana Corporation (S.D.N.Y)
> Days Inns of America, Inc. (D. Del.)
> Dewey & LeBoeuf LLP (S.D.N.Y)

Digital Domain Holdings Corporation (D. Del.)
Fedders North America, Inc. (D. Del.)
Fisker Automotive Holdings, Inc. (D. Del.)
Global Crossing, Ltd. (S.D.N.Y.)
Global Power Equipment Group (D. Del.)
Gordon Jewelry Corporation (Zale Corporation) (N.D. Tex.)
Granite Corporation (Askin Capital Management) (S.D.N.Y.)
Greate Bay Hotel & Casino, Inc. (The "Sands") (D. Nev.)
HMP Services Holding Sub III, LLC (D. Del.)
Integrated Resources, Inc. (S.D.N.Y.)
KIT digital, Inc. (S.D.N.Y.)
LocatePLUS Holdings Corporation (E.D. Mass.)
Lyondell Chemical Company (S.D.N.Y)
Marvel Entertainment Group, Inc. (D. Del.)
MES International, Inc. (D. Del.)
Mirant Corporation (N.D. Tex.)
Mobile Media Communications, Inc. (D. Del.)
Motor Coach Industries International, Inc. (D. Del.)
Muzak Holdings LLC (D. Del.)
New England Compounding Pharmacy, Inc. (E.D. Mass.)
New York Racing Association, Inc. (S.D.N.Y.)
Oneida Ltd. (S.D.N.Y.)
Overseas Shipholding Group, Inc. (D. Del.)
Owens Corning (D. Del.)
Partsearch Technologies, Inc. (S.D.N.Y.)
Quigley Company (S.D.N.Y)
Reed and Barton Corporation (E.D. Mass.)
Refco, Inc. (S.D.N.Y.)
Riverstone Networks (D. Del.)
R.H. Macy & Co., Inc. (S.D.N.Y.)
Service America Corporation (D. Conn.)
Solutia Inc. (S.D.N.Y)
The Stratosphere Corporation and
Stratosphere Gaming Corp. (D. Nev.)
Telemundo Group, Inc. (S.D.N.Y.)
Texscan Corporation (D. Ariz.)
Todd Shipyards Corporation (D. N.J.)
Tracor Holdings, Inc. (W.D. Tex.)
Tower Automotive (S.D.N.Y)
Trans World Airlines (D. Del.)
Tropicana Entertainment (D. Del.)
Wang Laboratories, Inc. (E.D. Mass.)
WorldCom, Inc. (S.D.N.Y.)
XO Communications (S.D.N.Y.)

16. In addition, as a result of Brown Rudnick's prepetition representation of the Debtors, Brown Rudnick has become informed about the Debtors' business and legal affairs and

6

is familiar with the Debtors' capital structure and the issues and material agreements relating to the Debtors. For these reasons, Brown Rudnick is well qualified to represent the Debtors as bankruptcy counsel.

### Services to Be Rendered

17. Brown Rudnick will render, among others, the following services to the Debtors, as requested by the Debtors:

(i) provision of legal advice with respect to the Debtors' rights and duties as debtors in possession;

(ii) preparation on behalf of the Debtors of all necessary petitions, applications, motions, objections, responses, answers, orders, reports and other legal papers;

(iii) pursuit of confirmation of the plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;

(iv) attendance at any meetings and negotiations with representatives of creditors, equity holders or other parties-in-interest in connection with the above matters;

(v) provision of general corporate, capital markets, employment, tax and litigation advice and other general non-bankruptcy legal services to the Debtors (as may be requested by the Debtors);

(vi) appearance before this Court, any appellate courts and the U.S. Trustee to protect the interests of the Debtors;

(vii) preparation and support of restructuring communications plan; and

(viii) performance of all other legal services for the Debtors that are necessary and proper in these proceedings.

18. It is my understanding that the Debtors have sought or intend to seek to retain other professionals to perform specific tasks that are unrelated to the work to be performed by Brown Rudnick as bankruptcy co-counsel to the Debtors. Brown Rudnick intends to work closely with such other professionals retained by the Debtors to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates. To the

extent that issues arise that would cause the Debtors to be adverse to any of Brown Rudnick's clients, such that it would not be appropriate for Brown Rudnick to represent the Debtors with respect to such matters, it is my understanding that the Debtors may request that their local bankruptcy co-counsel, Morris, Nichols, Arsht & Tunnell LLP, represent the Debtors with respect to those matters.

### Brown Rudnick Disclosure Procedures

19. Brown Rudnick and partners and associates of Brown Rudnick have in the past represented, currently represent and may in the future represent other entities that are claimants or equity security holders of the Debtors in matters totally unrelated to the Debtors' Chapter 11 Cases. Brown Rudnick has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations, some of which may be or become claimants or equity security holders in these pending Chapter 11 Cases or otherwise have an interest in such cases.

20. Attached hereto as **<u>Schedule 1</u>** is a list of the Case Parties that were checked against a database containing the Firm's connections. For the purposes of these Chapter 11 Cases, only potential connections that existed as of December 1, 2014 through the date hereof were checked, except as otherwise noted. These connections were then reviewed to identify any relationship that would need to be disclosed in accordance with Bankruptcy Rule 2014.

21. The Connections Check performed by the Firm included an email circulated to all Brown Rudnick attorneys (and posted on Brown Rudnick's intranet site for further review) alerting all professionals at the Firm to identify any connections with the Case Parties. As part of this circulation, the recipients were also requested to identify: (i) any connections to the U.S. Trustee or any person employed in that office, and (ii) their direct holding of any claims against or interests in the Debtors.

22.     A copy of the results of Brown Rudnick's Connections Check is annexed hereto as **Schedule 2**.

23.     To the best of my knowledge after diligent inquiry, neither Brown Rudnick, any member of Brown Rudnick, nor any attorney associated with or employed by Brown Rudnick, has any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Debtors herein, their creditors, any other party-in-interest herein, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the United States Trustee, except to the extent set forth on **Schedule 2**.  Notwithstanding any "connection" set forth on **Schedule 2** and except as set forth herein, to the best of my knowledge, any "connection" of Brown Rudnick to the identified entities are limited to matters unrelated to the Debtors.

24.     Brown Rudnick has been involved in a number of unrelated cases with various professionals involved in this case, both in adverse and non-adverse roles.

25.     Moreover, Brown Rudnick has a well-known reorganization and restructuring practice which encompasses the representation of many investors, financial institutions and other persons or entities, some of which may become creditors or parties-in-interest, including, without limitation, potential acquirers of the Debtors' assets in these Chapter 11 Cases.  Furthermore, as part of its practice, Brown Rudnick appears in cases, proceedings, and transactions involving numerous attorneys, accountants, and financial advisors, some of which may represent the Debtors, creditors, or parties-in-interest, or themselves be creditors or parties-in-interest in these Chapter 11 Cases.  Brown Rudnick has not and will not represent any of these creditors, investors, potential acquirers, parties-in-interest, attorneys, financial advisors, accountants, or any other entity in connection with these Chapter 11 Cases.

26.     Brown Rudnick has represented, currently represents, and may represent in the future the entities as described in **Schedule 2** (the "Connections List") as clients (or their

affiliates), in matters unrelated to the Debtors. Also, Brown Rudnick represents, in unrelated matters, numerous entities, including as may be noted in **Schedule 2**, which buy and sell distressed debt of Chapter 11 debtors. Brown Rudnick has not, does not, and will not represent any of the entities listed above (or their affiliates) in matters related to the Chapter 11 Cases. None of the Brown Rudnick clients noted in **Schedule 2** accounted for more than 1% of Brown Rudnick's gross revenues for the past twelve (12) months.

27.     I periodically review and will continue to periodically review potential conflicts. If I learn that Brown Rudnick has a relationship with, or has represented, a party-in-interest in these chapter 11 cases, I will supplement this Declaration immediately and will promptly notify the U.S. Trustee.

28.     I submit that none of the representations described in Schedule 2 have resulted or will result in an interest of Brown Rudnick adverse to the Debtors or their estates with respect to the matters on which Brown Rudnick is to be retained, and that Brown Rudnick is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) thereof.

### Brown Rudnick's Rates and Billing Practices

29.     Brown Rudnick proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered, except that Brown Rudnick will agree to cap its hourly rates charged in this case at $615 per hour. It is anticipated that the primary attorneys who will represent the Debtors are myself (my usual hourly rate is $1,245, which will be charged at $615), Sunni P. Beville (whose usual hourly is $905, which will be charged at $615) and Tristan G. Axelrod (whose usual hourly rate is $515; here, he will also be charged at $615 per hour). Other Brown Rudnick attorneys or paraprofessionals will from time

to time provide legal services on behalf of the Debtors in connection with the matters herein described.

30.     Brown Rudnick shall be reimbursed according to Brown Rudnick's customary reimbursement policies, all in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules and applicable guidelines established by the U.S. Trustee (the "U.S. Trustee Guidelines").

31.     Brown Rudnick acknowledges that all amounts paid to Brown Rudnick during these chapter 11 cases are subject to final allowance by this Court.  In the event that any fees or expenses paid to Brown Rudnick during these Chapter 11 Cases are disallowed by this Court, the fees and expenses will be disgorged by Brown Rudnick and returned to the Debtors or as otherwise ordered by this Court.

32.     No agreement exists, and no agreement will be made, to share any compensation received by Brown Rudnick for its services to the Debtors with any other person or firm.

33.     By reason of the foregoing, I believe that Brown Rudnick is eligible for employment and retention by the Debtors pursuant to section 327(a) of the Bankruptcy Code, the applicable Bankruptcy Rules and the Local Rules.

34.     The foregoing constitutes the statement of Brown Rudnick pursuant to sections 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that the foregoing is true and correct.

Date:  December 11, 2017

/s/ William R. Baldiga
William R. Baldiga

## Schedule A

## (Payments Made to Brown Rudnick Prior to Petition Date Payment History)

| Date Paid | Amount |
|-----------|--------|
| 9/25/2017 | $50,000.00 |
| 11/6/2017 | $16,157.00 |
| 11/21/2017 | $7,737.40 |
| 11/21/2017 | $16,891.01 |
| 12/4/2017 | $160,000.00 |
| 12/7/2017 | $18,314.59 |
| | **$269,100.00** |

## **Schedule 1**

## **Case Parties**

(See attached)

# Case Parties List

**Debtors**
Boston Herald, Inc.
Herald Interactive, Inc.
Herald Media Holdings, Inc.
Herald Media, Inc.

**Current and Former Named Executive Officers and Directors (Past 2 Years)**
Magram, Jeffrey W.
Purcell, Patrick J.

**Bank**
Citizens Bank, N.A.

**Bankruptcy Judges and Clerk of Court for the District of Delaware**
Carey, Kevin J.
Gross, Kevin
O'Boyle, Una
Shannon , Brendan L.
Silverstein, Laurie S.
Sontchi, Christopher S.
Walrath, Mary F.

**Contract Parties**
7Hops.Com Aka Zergnet
A9.Com, Inc.
ADP, Inc.
Adperfect Dynamic Advertising Solution Ltd.
Adventive, Inc.
Agfa
Amalee Innovative Systems Design Inc.
Arthur J. Gallagher Risk Management
Atlas Watersystems, Inc.
Backbone Networks Corporation
Bankrate, Inc.
Blue Kai, Inc.
Brainunks Software, Inc.
Burrelle'S Information Services, LLC
Capital Lease Group, Ltd.
Carat USA, Inc.
Central Payments
City of Boston
Comscore, Inc.
Connatix Native Exchange Inc.
Continental Resources, Inc.
Continuant
Cummins Northeast LLC
Delaware North Companies, Inc.
Digital Technology International, LLC
District M Inc.
Doapp, Inc.
Dow Jones Local Media Group
Dow Jones Reuters
Edgil Evolve
Federal Express Corporation
Financial Content Services, Inc.

First Data Merchant Services
Flipp Corporation
Globe Newspaper Co.
Google Inc.
Invisibly, Inc.
Iron Mountain Information Management, Inc.
J.M. Service Company LLC
JW Player / Longtail Ad Solutions, Inc.
Konica Minolta Business Solutions U.S.A., Inc.
Kronos Incorporated
Legacy.Com, Inc.
Lexisnexis Risk Solutions Fl Inc.
Media Management Technologies, Inc.
Mediaradar, Inc.
Monster Worldwide, Inc.
Morcor Solutions Inc.
Nativo, Inc.
New York Life Investment Management LLC
News Distribution Network, Inc.
Newsbank, Inc.
Newsmaxmedia
Newspaper Direct Inc. DBA Press Reader
Norel Service Company, Inc.
Northwood Publishing Systems, Inc.
NPS LLC
One Vision, Inc.
Onix Networking Corporation
Online Publications, Inc.
Openx Technologies, Inc.
OS4 Media LLC
OSG
Outbrain, Inc.
Pantheon Systems, Inc.
Pitney Bowes Global Financial Services LLC
Publishers Circulation Fulfillment, Inc.
Pubmatic, Inc.
Randall Family LLC
Reimbursement Specialists, Inc.
Retail Sales Inc.
Retail Sales LLC
Rutter Networking Technologies, Inc.
Safend Ltd.
Scribble Technologies Inc.
Sendtonews Video Incorporated
Shoom, Inc.
Shorenstein Realty Services, L.P.
Socialflow, Inc.
Sourcecorp BPS
Sportsdirect Inc. D/B/A Gracenote
Sri Ten Seaport Center LLC
Star Tribune Media Company LLC
Sungard Avantgard LLC
Sybase, Inc.
Telereach Inc.
The Associated Press
The Boston Globe
The Local Media Consortium

2

The Nielsen Company
The Providence Journal Company
The Rubicon Project, Inc.
The Sheffield Cartage Company
The Standard-Times
Thirdandgrove.Com
Thomson West
Time Inc.
Trib Total Media, Inc.
Tribune Content Agency, LLC
Tribune Media Services, Inc.
TuneIn, Inc.
Unemployment Tax Management Corporation
USI Insurance Services, LLC
Vary Technologies Inc. aka Varytek
Verizon Wireless
Vio Inc.
W.B. Mason Co. Inc.
Wehco Media, Inc.
White Sands Technology, Inc.
Yieldmo, Inc.

**Debtors' Professionals**
Baker & Hostetler LLP
Brown Rudnick LLP
C.T. Price & Associates LLC
Dirks, Van Essen & Murray
Epiq Bankruptcy Solutions, LLC
Hartnett, Paul J., Jr.
Morris, Nichols, Arsht& Tunnell LLP

**Equity Security Holders**
Desalvo, James B.
Finn, John N.
Gage, Gwen A.
Lopilato, Joseph J.
Magram, Jeffrey W.
Morse, Jennifer A.
MVVT, LLC
O'Neill, Joseph P.
Sciacca, Joseph A.

**Insurance Brokers**
Arthur J. Gallagher Risk Management
USI Insurance Service of Massachusetts Inc.

**Insurance Providers**
AIG
AON Consulting
BerklyNet
Blue Cross - Blue Shield of Massachusetts
Hartford Insurance Company
Liberty Mutual Insurance
National Union Fire Insurance Company of Pittsburgh, PA
Travelers

**Landlord**
451 D Street, LLC

**Office of the United States Trustee for Region 3**
Attix, Lauren
Buchbinder, David
Casey, Linda
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J., Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Keilson, Brya
Schepacarter, Richard
Serrano, Edith A.
Starr, Karen
Tinker, T. Patrick
Vara, Andrew R.
Vinson, Ramona
West, Michael
Wynn, Dion

**Other**
Pension Benefit Guaranty Corporation

**Professionals**
Cole Schotz P.C.
Dexter Hofing LLC
Dirks, Van Essen & Murray
John Hancock Retirement Plan Services
Mintz Levin Cohn Ferris Glovsky And Popeo P.C.
PKF, P.C.
Thacker Robinson Zinz LPA

**Service Providers**
Associated Press
Boston Globe Media Partners, LLC
Boston Globe Newspaper Company, Inc.
Doubleclick, a Division of Google, Inc.
ISA Marketing
King Features
Newscycle Solutions, Inc.
Nielson Audio
Telereach (APAC Customer Services, Inc.)
Third and Grove, LLC
Universal Uclick

**Stalking Horse**
Gatehouse Media

**Tax Authorities**
City of Boston
Commonwealth of Massachusetts/Department of Revenue
Corporate Service Company/Delaware Secretary of State
Department of Treasury – Internal Revenue Service
Rhode Island Division of Taxation
State of New Hampshire/NH DRA
Virginia Department of Taxation

**Unions**
International Brotherhood of Teamsters, Local Union #25
New York Typographical Union, CWA Local 14156
The Newspaper Guild of Greater Boston, Commercial Unit
The Newspaper Guild of Greater Boston, Editorial Unit

**Utilities**
AT&T Mobility
Direct TV
Energenix, Inc.
National Grid
Verizon
Verizon Wireless
Windstream

**Schedule 2**

**Connections Check**

Connections Check[4]

**Current Representations** – Brown Rudnick currently represents the following creditors

and/or parties-in-interest, or their affiliates, in matters wholly unrelated to the Debtors:

| Entity | Relationship to Debtors | Description |
|---|---|---|
| Iron Mountain Information Management, Inc. | Contract Party | Brown Rudnick represents Iron Mountain in connection with certain white collar matters, wholly unrelated to the Debtors. |
| Kronos Incorporated | Contract Party | Brown Rudnick represents Kronos in connection with its claims in multiple bankruptcy proceedings, wholly unrelated to the Debtors. |
| Nielsen Audio | Service Provider | Brown Rudnick provides services in connection with patent issues and patent litigation, wholly unrelated to the Debtors. |
| AT&T Mobility | Utility | Brown Rudnick provides services relating to leasing, zoning and permit work, wholly unrelated to the Debtors. |

---

[4] In certain instances, based on, among other things, a similarity of names, it was unclear whether a "match" exists.  Brown Rudnick attempted, in its reasonable judgment, to resolve these but has determined to disclose certain of these as "matches," out of an abundance of caution.

**Prior Representations** – Brown Rudnick previously represented certain parties or their affiliates who are creditors and/or parties-in-interest in matters wholly unrelated to the Debtors, including:

| Entity | Relationship to Debtors |
|---|---|
| Citizens Bank | Bank |
| Patrick J. Purcell | Director/Officer[1](including matters as to the Debtors prior to 2008) |
| AGFA | Contract Party |
| City of Boston | |
| The Providence Journal Company | |
| Sportsdirect Inc. d/b/a Gracenote | |
| Blue Cross - Blue Shield of Massachusetts | Insurance Broker |
| Hartford Insurance Company | Insurance Provider |
| John Hancock Retirement Plan Services | |
| Lexisnexis Risk Solutions Fl Inc. | |
| Liberty Mutual Insurance | |
| Travelers | |
| Pension Benefit Guaranty Corporation | Other |
| Baker & Hostetler LLP | Professional |
| Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. | |
| The Associated Press | Service Provider |
| Commonwealth of Massachusetts | Tax Authority |
| Rhode Island Division of Taxation | |
| Gatehouse Media | Stalking Horse[2] |
| Energenix, Inc. | Utility |
| National Grid | |
| Verizon Wireless | |

---

[1] Brown Rudnick has represented Mr. Purcell personally, in connection with the purchase and sale of various real estate properties, estate planning and tax matters. Brown Rudnick also dealt with Mr. Purcell in his role as an officer of CP Media, which was formerly part of Herald Media. Brown Rudnick also assisted Mr. Purcell in connection with his interest in the acquisition of the Boston Herald.

[2] In 2007, Brown Rudnick represented Gatehouse in connection with unsealing impounded judicial records and in connection with environmental issues relating to an unrelated acquisition in Connecticut.

**Other Connections** – Brown Rudnick previously represented or currently represents parties who may be adverse to certain parties or their affiliates who are creditors and/or parties-in-interest in matters wholly unrelated to the Debtors, including:

| Relationship to Debtors | Entity | Connection |
|---|---|---|
| Contract Party | ADP, Inc. | May be adverse to other clients in unrelated bankruptcy and corporate matters. |
| | Arthur J. Gallagher Risk Management | |
| | Google Inc. | |
| | Konica Minolta Business Solutions U.S.A. | |
| | Outbrain, Inc. | |
| | Pitney Bowes Global Financial Services | |
| | The Rubicon Project, Inc. | |
| | Trib Total Media, Inc. | |
| | Tribune Content Agency, LLC | |
| | Tribune Media Services, Inc. | |
| | W.B. Mason Co. Inc. | |
| Debtors' Professional | Paul J. Hartnett | Mr. Hartnett was a partner at Brown Rudnick starting from 1994 to December 2008. |
| Insurance Broker | Arthur J. Gallagher | May be adverse to other clients in unrelated bankruptcy matters. |
| Insurance Provider | AIG | May be adverse to other clients in unrelated bankruptcy or litigation matters. |
| | AON Consulting | |
| | National Union Fire Insurance Company of Pittsburgh, PA | |
| Other | Pension Benefit Guaranty Corporation | May be adverse to other clients in unrelated bankruptcy matters. |
| Professional | Cole Schotz P.C. | These professionals are engaged in matters unrelated to the Debtors in which clients of Brown Rudnick are also involved, and so at any one time Brown Rudnick and the named professionals may be representing clients with adverse interests, or aligned interests, in several pending matters. |
| | Morris, Nichols, Arsht & Tunnell LLP | |

| Relationship to Debtors | Entity | Connection |
|---|---|---|
| Tax Authority | Corporate Service Company - Delaware Secretary of State | May be adverse to other clients in unrelated bankruptcy or litigation matters. |
| | Department of the Treasury - Internal Revenue Service | |
| | State of New Hampshire | |
| | Virginia Department of Taxation | |
| United States Trustee Professionals and District of Delaware Judges | All parties listed under this category | These parties may also be involved in other cases pending in Delaware in which clients of Brown Rudnick are also involved. None of such matters are connected in any way to the Debtors. |
| Utility | Windstream | May be adverse to other clients in unrelated bankruptcy or litigation matters. |

# **EXHIBIT B**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

*In re*:

HERALD MEDIA HOLDINGS, INC., *et al*.,

Debtors.[1]

Chapter 11

Case No. 17-12881 (LSS)

Joint Administration Requested

**Re: D.I. _____**

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE[2]

Upon the application (the "Application"), dated December 8, 2017, of Herald Media Holdings, Inc., Herald Media, Inc., Boston Herald, Inc. and Herald Interactive, Inc., the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for an order (this "Order") authorizing the employment and retention of Brown Rudnick LLP ("Brown Rudnick") as counsel for the Debtors *nunc pro tunc* to the Petition Date, as described in detail in the Application and the Declaration of William R. Baldiga, dated December 8, 2017 and attached to the Application as Exhibit A (the "Baldiga Declaration"); and upon the Baldiga Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Herald Media Holdings, Inc. (5048); Herald Media, Inc. (1468); Boston Herald, Inc. (5341) and Herald Interactive, Inc. (2359). The Debtors' headquarters are located at 70 Fargo Street, Suite 600, Boston, MA 02210.

[2] Any terms not defined herein shall have the meaning ascribed to them in the Application.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Application is GRANTED.

2.     Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court District of Delaware (the "Local Rules"), each of the Debtors, as a debtor-in-possession, is authorized to employ and retain Brown Rudnick as their co-counsel to perform the services as set forth in the Application and the Baldiga Declaration, *nunc pro tunc* to the Petition Date.

3.     Brown Rudnick shall be compensated in accordance with the terms of the Application and the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, Local Rules and guidelines established by the Office of the United States Trustee as may then be applicable, from time to time, and such other procedures as may be fixed by order of this Court.  Notwithstanding anything to the contrary in the Application or Baldiga Declaration, during the course of the Chapter 11 Cases, Brown Rudnick shall not be reimbursed for any secretarial or other overtime charges.

4.     Brown Rudnick shall provide ten (10) business days' notice to the Debtors and U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate

increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

4.       The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.       This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated: _____, 2017
        Wilmington, Delaware

        _____
        UNITED STATES BANKRUPTCY JUDGE

62920848 v6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*: | Chapter 11 |
| HERALD MEDIA HOLDINGS, INC., *et al*., | Case No. 17-12881 (LSS) |
| Debtors.[1] | (Joint Administration Requested) |
| | <u>Hearing Date</u>: **To Be Determined**<br><u>Objections Due</u>:<br>**December 27, 2017 at 4:00 p.m. (ET)** |

## NOTICE OF APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

PLEASE TAKE NOTICE that on December 11, 2017, Herald Media Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases filed the **Application Of The Debtors For An Order Authorizing The Employment And Retention Of Brown Rudnick LLP As Counsel For The Debtors *Nunc Pro Tunc* To The Petition Date** (the "<u>Application</u>").

PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the entry of an order approving the Application must file a response or objection ("<u>Objection</u>") if any, to the Application with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **December 27, 2017 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")**. At the same time, you must serve such Objection upon the undersigned counsel for the Debtors so as to be received on or before the Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT A HEARING ON THE APPLICATION WILL BE HELD ON **A DATE TO BE DETERMINED** BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM #2, WILMINGTON, DELAWARE 19801. ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL BE HEARD AT THE HEARING.

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Herald Media Holdings, Inc. (5048); Herald Media, Inc. (1468); Boston Herald, Inc. (5341) and Herald Interactive, Inc. (2359). The Debtors' headquarters are located at 70 Fargo Street, Suite 600, Boston, MA 02210.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: December 11, 2017
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jose F. Bibiloni*
Curtis S. Miller (No. 4583)
Tamara K. Minott (No. 5643)
Jose F. Bibiloni (No. 6261)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
cmiller@mnat.com
tminott@mnat.com
jbibiloni@mnat.com

- and -

BROWN RUDNICK LLP
William R. Baldiga (*pro hac vice* pending)
Sunni P. Beville (*pro hac vice* pending)
Tristan G. Axelrod (*pro hac vice* pending)
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200
wbaldiga@brownrudnick.com
sbeville@brownrudnick.com
taxelrod@brownrudnick.com

*Proposed Co-Counsel to the Debtors and Debtors In Possession*

11505438.1

2