# EXHIBIT B

William R. Baldiga, Esquire
Bennett S. Silverberg, Esquire
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800

and

Tristan G. Axelrod, Esquire (*Pro Hac Vice*)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111

*Proposed Counsel for the*
*Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DEAN & DELUCA NEW YORK, INC., *et al.* | : | Case No. 20-10916 (MEW) |
| | : | |
| | : | **Jointly Administered** |
| Debtors.[1] | : | |
| | : | |

## APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER
## AUTHORIZING THE EMPLOYMENT AND RETENTION OF
## <u>BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS</u>

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>" or the

"<u>Company</u>"), hereby submit this application (this "<u>Application</u>") for entry of an order

authorizing the employment and retention of Brown Rudnick LLP ("<u>Brown Rudnick</u>") as

counsel for the Debtors. In support of this Application, the Debtors submit the Declaration of

---

[1]   The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

William R. Baldiga, sworn to on April 15, 2020 and attached hereto as <u>Exhibit A</u> (the "<u>Baldiga Declaration</u>"), and respectfully represent and set forth as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 327(a) of the Bankruptcy Code and, to the extent applicable, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

### Background

3.      On March 31, 2020 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief with the Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4.      The factual background regarding the Debtors, including the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Joseph Baum, Proposed Co-Chief Restructuring Officer of Dean & Deluca, Inc. and its Affiliated Debtors and Debtors-*

*In-Possession, in Support of First-Day Motions* (the "Baum Declaration"),[2] which is fully incorporated herein by reference.

### Relief Requested

5.      By this Application, the Debtors seek to employ and retain the law firm of Brown Rudnick, effective as of the Petition Date, to represent the Debtors as their counsel in connection with the filing of their chapter 11 petitions and the prosecution of these Chapter 11 Cases. Accordingly, the Debtors respectfully request that this Court enter an order authorizing the Debtors to employ and retain Brown Rudnick under a general retainer as their attorney to perform the legal services that will be necessary during these Chapter 11 Cases.

### Basis For Relief

6.      The Debtors have selected, and seek to retain herein, the firm of Brown Rudnick as their bankruptcy counsel owing to, among other things: (i) Brown Rudnick's extensive experience and knowledge in the fields of debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code; and (ii) Brown Rudnick's familiarity with the Debtors' business and affairs and potential legal issues in the context of these Chapter 11 Cases.  Brown Rudnick has represented debtors, official and unofficial committees and other prominent parties in many chapter 11 cases in this District and others, as more fully described in the Baldiga Declaration.

7.      Prior to the Petition Date, commencing on October 23, 2017 (the "Engagement Date"), the Debtor engaged Brown Rudnick to provide advice in connection with certain corporate, litigation, debt restructuring and other matters.  Subsequently, and as contemplated by the terms of their engagement letter, Brown Rudnick agreed to also provide advice in connection

---

[2]      All capitalized terms herein that are not otherwise defined shall have the meaning ascribed to them in the Baum Declaration.

with insolvency and related strategies and planning and the preparation for filing of these Chapter 11 Cases. Accordingly, Brown Rudnick has developed significant experience and expertise regarding the Debtors which will allow the effective and efficient provision of legal services in these Chapter 11 Cases.

### Services to Be Rendered

8.    Brown Rudnick will render, among others, the following services to the Debtor, as requested by the Debtor:

(a)    provision of legal advice with respect to the Debtors' rights and duties as debtors in possession;

(b)    preparation on behalf of the Debtors of all necessary petitions, applications, motions, objections, responses, answers, orders, reports and other legal papers;

(c)    pursuit of confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;

(d)    attendance at any meetings and negotiations with representatives of creditors, equity holders or other parties-in-interest in connection with the above matters;

(e)    provision of general corporate, capital markets, employment, tax and litigation advice and other general non-bankruptcy legal services to the Debtors (as may be requested by the Debtors);

(f)    appearance before this Court, any appellate courts and the U.S. Trustee to protect the interests of the Debtors; and

(g)    performance of all other legal services for the Debtors that are necessary and proper in this proceeding.

9.    The Debtors understand that Brown Rudnick intends to work closely with the other professionals retained by the Debtors to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates.

### Disinterestedness

10. To the best of the Debtor's knowledge, except as otherwise set forth in the Baldiga Declaration, neither Brown Rudnick nor any partner, counsel or associate of Brown Rudnick: (i) represents entities other than the Debtors in connection with these Chapter 11 Cases; (ii) has any connections with the Debtors, their creditors or stockholders or any other party-in-interest; or (iii) holds any interest adverse to the Debtors or their estates with respect to the matters on which Brown Rudnick is to be retained and employed in these Chapter 11 Cases.

11. In addition, as set forth in the Baldiga Declaration, Brown Rudnick, its partners, counsel and associates:

   a. are not creditors, equity security holders or insiders of the Debtors;

   b. are not and were not, within two years before the date of the filing of the Debtors' chapter 11 petition, directors, officers or employees of the Debtors; and

   c. do not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

12. Accordingly, the Debtors believe that Brown Rudnick is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) thereof.

13. Brown Rudnick is conducting a continuing inquiry into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Brown Rudnick promptly will file a supplemental Declaration with this Court setting forth any facts and circumstances relevant thereto.

## PROFESSIONAL COMPENSATION

14.     Brown Rudnick proposes to render its services on an hourly fee basis according to a blended hourly rate of $850 per hour for all attorney time.  It is anticipated that the primary attorneys who will represent the Debtors are William R. Baldiga (whose usual hourly rate is $1,370, which will be charged at $850), Bennett S. Silverberg (whose usual hourly is $1,075, which will be charged at $850) and Tristan G. Axelrod (whose usual hourly rate is $690; here, he will also be charged at $850 per hour).  Other Brown Rudnick attorneys or paraprofessionals will from time to time provide legal services on behalf of the Debtors in connection with the matters herein described.

15.     Brown Rudnick customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter.  Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, temporary employment of additional staff, overtime meals, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client.

16.     Brown Rudnick shall be reimbursed in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules and applicable guidelines established by the U.S. Trustee (the "U.S. Trustee Guidelines").

17.     Brown Rudnick is not a creditor of the Debtors.  As described below, shortly prior to the commencement of the Chapter 11 Cases, the Debtors wired to Brown Rudnick the approximate amount of $517,000 to pay Brown Rudnick's fees and expenses which had been recently incurred but not yet invoiced, in the ordinary course of business, with the remainder to serve as a retainer for future professional services to be rendered in these Cases.  Brown Rudnick

also wrote off certain other amounts that were payable to Brown Rudnick in connection with prepetition services, in the aggregate amount of approximately $173,000, most of which dated back to 2017 and 2018.

18.     In the 90-day period prior to the Chapter 11 Petition Date, all of which occurred after the Engagement Date, the Debtor wired a total of $516,972.98 to Brown Rudnick on account of services performed and expenses incurred in connection with its advice to the Debtors and the preparation for the commencement and prosecution of these Chapter 11 Cases, apportioned as follows:

> d.   On February 27, 2020, the Debtors wired $16,972.98 to Brown Rudnick as a retainer for services to be performed in the ordinary course.
>
> e.   On March 30, 2020, the Debtors wired an additional $500,000.00 to Brown Rudnick for payment of case preparation work to date and with the remainder to serve as a retainer for future services (the "Retainer"). On March 31, 2020, prior to commencing the Chapter 11 Cases, Brown Rudnick issued an invoice for services to the Debtors in the amount of $142,822.09 and applied the funds received in payment of that invoice, leaving a remaining retainer balance of $374,150.89.

19.     Brown Rudnick holds the remaining retainer balance of $374,150.89 for application toward and payment of postpetition fees and expenses as may be allowed by this Court.

20.     Brown Rudnick has acknowledged that all amounts paid to Brown Rudnick during this Chapter 11 Case are subject to final allowance by this Court. In the event that any fees or expenses paid to Brown Rudnick during this Chapter 11 Case are disallowed by this Court, the fees and expenses will be disgorged by Brown Rudnick and returned to the Debtors or be treated as otherwise ordered by this Court.

21.     The Debtors understands that no agreement exists, and that no agreement will be made, for Brown Rudnick to share with any other person or firm any compensation that Brown Rudnick receives for its services to the Debtors.

### Statement Regarding U.S. Trustee Guidelines

22.     The following information is provided pursuant to paragraph D.1 of the U.S. Trustee Guidelines:

| QUESTION: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| Response: | Yes.  As of the Petition Date, Brown Rudnick agreed to bill non-working travel time at half the otherwise applicable hourly rate and will not charge for disbursements not otherwise compensable under sections 330 and 331 of the Bankruptcy Code |
| QUESTION: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| QUESTION: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Prior to January 1, 2020, Brown Rudnick charged an agreed blended attorney rate of $750/hour.  On January 1, 2020, the Debtors and Brown Rudnick agreed to increase the blended rate to $850/hour in light of the Debtors' request and acknowledgement that the work in preparing for and conducting the Chapter 11 Cases, if and when commenced, would require a disproportionate amount of senior partner time, as opposed to the prior work done, making the higher blended hourly rate fair and reasonable under the circumstances. |
| QUESTION: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |

| | |
|---|---|
| Response: | The Debtors have approved Brown Rudnick's general staffing plan, which is described in the Application.<br><br>In connection with the Debtors' forthcoming motion relating to postpetition financing and use of cash collateral, the Debtors have developed an approved 13-week cash flow budget, which included a line item for "Professional Fees," including Brown Rudnick's fees. Using this budget as a guide, Brown Rudnick and the Debtors expect to develop a Brown Rudnick-specific prospective budget to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of this Court. Recognizing that unforeseeable fees and expenses may arise in large chapter 11 cases, Brown Rudnick and the Debtors may need to amend the Brown Rudnick budget as necessary to reflect changed circumstances or unanticipated developments. |

## Bests Interests of the Estate

23.     Brown Rudnick's attorneys are highly experienced and skilled in the fields of bankruptcy and have developed a familiarity with the Debtor's business, operations and finances. The Debtors believe that Brown Rudnick's expertise in the areas described above and in the Baldiga Declaration is essential to the Debtors' efficient reorganization.  Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested herein should be granted.

## Notice

24.     No trustee, examiner, or official committee has been appointed in this chapter 11 case.  Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Debtors' pre-petition secured lender Siam Commercial Bank Public Company Limited; (iii) the Debtors' thirty (30) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions; (iv) those parties who have requested service of all motions and pleadings pursuant to Bankruptcy Rule 2002; and (v) all parties entitled to notice pursuant to

Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice is required. The Debtors submit that no other or further notice need be provided.

### **No Prior Request**

25.     The Debtor has not previously sought the relief requested herein from this or any other court.

**WHEREFORE** the Debtor respectfully requests that this Court enter an order in the form attached hereto as <u>Exhibit</u> <u>B</u> authorizing the Debtor to employ and retain Brown Rudnick as counsel for the Debtor and granting such other and further relief as is just and proper.

Dated:  April 15, 2020

Dean & DeLuca New York, Inc. and its affiliated
Debtors and Debtors in Possession


By:  /s/ Joseph Baum_____
        Name: Joseph Baum
        Title:   Co-CRO

# EXHIBIT A

**Baldiga Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DEAN & DELUCA NEW YORK, INC., | : | Case No. 20-10916 (MEW) |
| *et al.* | : |  |
|  | : | **Jointly Administered** |
| Debtors.[1] | : |  |
|  | : |  |

### DECLARATION OF WILLIAM R. BALDIGA
### IN SUPPORT OF APPLICATION OF THE DEBTORS FOR
### ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
### AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS

I, William R. Baldiga, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

2. I am an attorney admitted to practice law in the State of New York and the Commonwealth of Massachusetts and before the United States District Courts for the Districts of New York and Massachusetts. I am a member of the firm of Brown Rudnick LLP ("Brown Rudnick"), which maintains its offices at, among other places, Seven Times Square, New York, New York 10036 and One Financial Center, Boston, Massachusetts 02111. I am familiar with the matters set forth herein and make this Declaration (this "Declaration") in support of the application filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors" in the "Chapter 11 Cases"), for entry of an order authorizing the employment and retention of Brown Rudnick as counsel for the Debtors.

3. Unless otherwise stated, I have personal knowledge of the facts set forth hereinafter. To the extent that any information disclosed herein requires amendment or modification upon Brown Rudnick's completion of further analysis or as additional party-in-

---

[1] The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

interest information becomes available to me, I will submit a supplemental Declaration to this Court.

4.          Except as otherwise disclosed herein, neither I, Brown Rudnick nor any member, counsel or associate of Brown Rudnick, insofar as I have been able to ascertain:  (i) represents entities other than the Debtors in connection with the Debtors' Chapter 11 Cases; (ii) has any connections with the Debtors, their creditors or stockholders or any other party-in-interest (except as more fully described herein); or (iii) holds any interest adverse to the Debtors or their estates with respect to the matters on which Brown Rudnick is to be retained and employed in these Chapter 11 Cases.

5.          More specifically, Brown Rudnick, its partners, counsel and associates:

    (a)     are not creditors, equity security holders or insiders of the Debtor;

    (b)     are not and were not, within two years before the date of the filing of the Debtor's chapter 11 petition, directors, officers or employees of the Debtor; and

    (c)     do not have an interest materially adverse to the interest of the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason.

6.          Accordingly, I submit that Brown Rudnick is a "disinterested person," as that term is defined in section 101(14) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), as modified by section 1107(b) thereof.

**Brown Rudnick's Prepetition Relationship
with the Debtors and Nature of Retention**

7.          Prior to the Chapter 11 Petition Date, commencing on October 23, 2017 (the "Engagement Date"), the Debtors engaged Brown Rudnick to provide advice in connection with debt restructuring matters; subsequently and as contemplated by the terms of their engagement letter, Brown Rudnick agreed to provide advice in connection with insolvency and related

strategies and planning and the preparation for filing of these Chapter 11 Cases. Accordingly, Brown Rudnick has developed significant experience and expertise regarding the Debtors which will allow the effective and efficient provision of legal services in these Chapter 11 Cases.

8. Brown Rudnick is not a creditor of the Debtors. As described below, shortly prior to the commencement of the Chapter 11 Cases, the Debtors wired to Brown Rudnick the approximate amount of $517,000 to pay Brown Rudnick's fees and expenses which had been recently incurred but not yet invoiced, in the ordinary course of business, with the remainder to serve as a retainer for future professional services to be rendered in these Cases. Brown Rudnick also wrote off certain other amounts that were payable to Brown Rudnick in connection with prepetition services, in the aggregate amount of approximately $173,000, most of which dated back to 2017 and 2018.

9. In the 90-day period prior to the Chapter 11 Petition Date, all of which occurred after the Engagement Date, the Debtors wired a total of $516,972.98 to Brown Rudnick on account of services performed and expenses incurred in connection with its advice to the Debtors and the preparation for the commencement and prosecution of these Chapter 11 Cases, apportioned as follows:

    a. On February 27, 2020, the Debtors wired $16,972.98 to Brown Rudnick as a retainer for services to be performed in the ordinary course.

    b. On March 30, 2020, the Debtors wired an additional $500,000.00 to Brown Rudnick for payment of case preparation work to date and with the remainder to serve as a retainer for future services (the "Retainer"). On March 31, 2020, prior to commencing the Chapter 11 Cases, Brown Rudnick issued an invoice for services to the Debtors in the amount of $142,822.09 and applied the funds received in payment of that invoice, leaving a remaining retainer balance of $374,150.89.

10. Brown Rudnick holds the remaining retainer balance of $374,150.89 for application toward and payment of postpetition fees and expenses as may be allowed by this Court.

11. I understand that the Debtors have selected Brown Rudnick to be their bankruptcy counsel because of Brown Rudnick's broad range of experience in bankruptcy proceedings. Over the last several years, Brown Rudnick has represented debtors, creditors' committees, institutional lenders, creditors and various other parties-in-interest in numerous bankruptcy cases. Brown Rudnick believes it has assembled a highly qualified team of professionals and paraprofessionals to provide services to the Debtors during these cases. The core Brown Rudnick team has included myself and Bennett S. Silverberg, both partners in the Firm's Restructuring & Finance department, and Tristan G. Axelrod, an associate in the same department. The Brown Rudnick team has extensive experience in corporate restructuring and related matters.

12. In addition, as a result of Brown Rudnick's prepetition representation of the Debtors, Brown Rudnick has become informed about the Debtor's business and legal affairs and is familiar with the Debtors' corporate and capital structures and the issues and material agreements relating to the Debtors. For these reasons, Brown Rudnick is well qualified to represent the Debtors as bankruptcy counsel.

## Services to Be Rendered

13. Brown Rudnick will render, among others, the following services to the Debtor, as requested by the Debtor:

    (a)    provision of legal advice with respect to the Debtors' rights and duties as debtors in possession;

    (b)    preparation on behalf of the Debtors of all necessary petitions, applications, motions, objections, responses, answers, orders, reports and other legal papers;

4

  (c)  pursuit of confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement;

  (d)  attendance at any meetings and negotiations with representatives of creditors, equity holders or other parties-in-interest in connection with the above matters;

  (e)  provision of general corporate, capital markets, employment, tax and litigation advice and other general non-bankruptcy legal services to the Debtors (as may be requested by the Debtors);

  (f)  appearance before this Court, any appellate courts and the U.S. Trustee to protect the interests of the Debtors; and

  (g)  performance of all other legal services for the Debtors that are necessary and proper in this proceeding.

14.  It is my understanding that the Debtors have sought or intend to seek to retain other professionals to perform specific tasks that are unrelated to the work to be performed by Brown Rudnick as bankruptcy counsel to the Debtors. Brown Rudnick intends to work closely with such other professionals retained by the Debtors to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estates.

### Brown Rudnick Disclosure Procedures

15.  Brown Rudnick and partners and associates of Brown Rudnick have in the past represented, currently represent and may in the future represent other entities that are claimants against the Debtors in matters totally unrelated to the Debtors' Chapter 11 Cases. Brown Rudnick has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations, some of which may be or become claimants or equity security holders in this pending Chapter 11 Cases or otherwise have an interest in such Cases.

16.  In preparing this Declaration, I used a set of procedures developed by Brown Rudnick to ensure compliance with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") regarding the retention of

professionals by a debtor under the Bankruptcy Code. Pursuant to those procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Brown Rudnick's connection to such parties:

    (a)    A comprehensive list of the types of entities that have contacts with the Debtors was developed through discussions with Brown Rudnick attorneys and management of the Debtor (the "Case Parties"), which includes, among others:

        1)    the Debtors and their non-debtor affiliates;

        2)    the Debtors' current officers and directors;

        3)    the Debtor's former officers and directors;

        4)    professionals used by the Debtors;

        5)    parties to litigation with the Debtors;

        6)    equity holders of the Debtors;

        7)    counterparties to significant contracts with the Debtors;

        8)    the Debtors' secured creditor;

        9)    the Debtors' largest unsecured creditors;

        10)    state and other governmental entities with a possible stake in the Debtor;

        11)    all applicable taxing authorities;

        12)    bank account institutions;

        13)    the U.S. Trustee's office and attorneys; and

        14)    the judges of the United States Bankruptcy Court for the Southern District of New York and the District Court for the Southern District of New York.

17.    In connection with the Debtors' proposed retention of Brown Rudnick, an extensive review (the "Connections Check") of Brown Rudnick clients, adverse parties and related parties (collectively, the "Related Parties") was performed to ascertain whether Brown Rudnick had any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Case

Parties, to the extent any such entities were known at such time. Specifically, attached hereto as Schedule 1 is a list of the Case Parties, which were and are being checked against a database containing the Related Parties and then manually reviewed to identify any matters on which work was performed since March 1, 2017.

18.     The Case Parties list also was emailed or otherwise circulated to all Brown Rudnick attorneys and posted on Brown Rudnick's intranet site for further review for the purpose of identifying connections. The Case Parties list remains on the intranet and is arranged by month for the current year, and then archived by year.

19.     An attorney then reviewed the Client List and deleted obvious name coincidences and individuals or entities that were adverse to Brown Rudnick in both this matter and the matter referenced on the Client List. The remaining client connections with regard to which Brown Rudnick had represented the client within the last three years were compiled for purposes of this Declaration

20.     A copy of the results of Brown Rudnick's Connections Check is annexed hereto as **Schedule 2**.

21.     To the best of my knowledge and information, the annual fees for each of the entities listed as a client on Schedule 2 did not exceed 1% of Brown Rudnick's annual gross revenue in 2019. To the best of my knowledge and information, there have been no material changes to the foregoing revenue percentages to date for 2020.

22.     As part of its practice, Brown Rudnick appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants, real estate consultants and investment bankers, some of which may represent claimants and parties-in-interest in this chapter 11 case. In certain instances, such professionals may be direct clients of Brown Rudnick. In addition, Brown Rudnick in the past has appeared and currently appears in

7

matters in which Brown Rudnick represents the same entity, a related entity or an entity adverse to those represented by other professionals that the Debtors seek to retain in connection with this chapter 11 case. Brown Rudnick does not presently, has not in the past and will not in the future represent such entities in connection with this chapter 11 case, and Brown Rudnick does not have any relationship with any such entity, lawyer or accountant that would be adverse to the Debtors or their estates.

23.     I periodically review and will continue to periodically review potential conflicts. If I learn that Brown Rudnick has a relationship with, or has represented, a party-in-interest in these Chapter 11 Cases, I will supplement this Declaration immediately and will promptly notify the U.S. Trustee.

24.     I submit that none of the representations described above and/or on Schedule 2 have resulted or will result in an interest of Brown Rudnick adverse to the Debtor or its estate with respect to the matters on which Brown Rudnick is to be retained, and that Brown Rudnick is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) thereof.

**Brown Rudnick's Rates and Billing Practices**

25.     Brown Rudnick proposes to render its services on an hourly fee basis according to a blended hourly rate of $850 per hour for all attorney time. It is anticipated that the primary attorneys who will represent the Debtors are William R. Baldiga (whose usual hourly rate is $1,370, which will be charged at $850), Bennett S. Silverberg (whose usual hourly is $1,075, which will be charged at $850) and Tristan G. Axelrod (whose usual hourly rate is $690; here, he will also be charged at $850 per hour). Other Brown Rudnick attorneys or paraprofessionals will from time to time provide legal services on behalf of the Debtors in connection with the

8

matters herein described. Brown Rudnick will bill non-working travel time at half the otherwise applicable hourly rate.

26.     Brown Rudnick customarily is reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, temporary employment of additional staff, overtime meals, Lexis and Westlaw expenses, court fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for the representation of a particular client.

27.     Brown Rudnick acknowledges that all amounts paid to Brown Rudnick during these Chapter 11 Cases are subject to final allowance by this Court. In the event that any fees or expenses paid to Brown Rudnick during this chapter 11 case are disallowed by this Court, the fees and expenses will be disgorged by Brown Rudnick and returned to the Debtors or as otherwise ordered by this Court.

28.     No agreement exists, and no agreement will be made, to share any compensation received by Brown Rudnick for its services to the Debtor with any other person or firm.

29.     By reason of the foregoing, I believe that Brown Rudnick is eligible for employment and retention by the Debtor pursuant to section 327(a) of the Bankruptcy Code, the applicable Bankruptcy Rules and the Local Rules.

30.     The foregoing constitutes the statement of Brown Rudnick pursuant to sections 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

31.     To the best of my knowledge, no member or associate of Brown Rudnick is a relative of, or has been so connected with, any judge of the Bankruptcy Court for this District. Accordingly, I understand that the appointment of Brown Rudnick is not prohibited by Bankruptcy Rule 5002.

## Statement Regarding U.S. Trustee Guidelines

32.     The following information is provided pursuant to paragraph D.1 of the U.S.

Trustee Guidelines:

| **QUESTION:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| --- | --- |
| Response: | Yes.  As of the Petition Date, Brown Rudnick agreed to bill non-working travel time at half the otherwise applicable hourly rate and will not charge for disbursements not otherwise compensable under sections 330 and 331 of the Bankruptcy Code |
| **QUESTION:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **QUESTION:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Prior to January 1, 2020, Brown Rudnick charged an agreed blended attorney rate of $750/hour.  On January 1, 2020, the Debtors and Brown Rudnick agreed to increase the blended rate to $850/hour in light of the Debtors' request and acknowledgement that the work in preparing for and conducting the Chapter 11 Cases, if and when commenced, would require a disproportionate amount of senior partner time, as opposed to the prior work done, making the higher blended hourly rate fair and reasonable under the circumstances. |
| **QUESTION:** | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | The Debtors have approved Brown Rudnick's general staffing plan, which is described in the Application. |
| | In connection with the Debtors' forthcoming motion relating to postpetition financing and use of cash collateral, the Debtors have developed an approved 13-week cash flow budget, which included a line item for "Professional Fees," including Brown Rudnick's fees. Using this budget as a guide, Brown Rudnick and the Debtors expect to develop a Brown Rudnick-specific prospective budget to comply |

|   | with the U.S. Trustee's requests for information and additional disclosures, and any orders of this Court. Recognizing that unforeseeable fees and expenses may arise in large chapter 11 cases, Brown Rudnick and the Debtors may need to amend the Brown Rudnick budget as necessary to reflect changed circumstances or unanticipated developments. |
|---|---|

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 15, 2020
      New York, New York

                                        /s/ William R. Baldiga
                                        William R. Baldiga

## Schedule 1

## Case Parties

| Entity Name | Relationship to Debtor |
|---|---|
| Dean & DeLuca, Inc. | Debtor |
| Dean & DeLuca Brands, Inc. | Debtor |
| Dean & DeLuca International, LLC | Debtor |
| Dean & DeLuca Small Format, LLC | Debtor |
| Dean & DeLuca New York, Inc. | Debtor |
| Dean & DeLuca Atlanta, LLC | Debtor |
| Dean & DeLuca Markets, LLC | Debtor |
| D&D Marketing, LLC | Debtor Affiliate |
| D&D Productions, LLC | Debtor Affiliate |
| D&D Fourteen Ltd. | Debtor Affiliate |
| D&D Cafes of NC,  LLC | Debtor Affiliate |
| D&D Mount Ltd. | Debtor Affiliate |
| D&D Small Format LQ, LLC | Debtor Affiliate |
| D&D Consumer Brands Inc. | Debtor Affiliate |
| D&D New Jersey,  Inc. | Debtor Affiliate |
| D&D Espresso DC, Inc. | Debtor Affiliate |
| D&D Incorporated | Debtor Affiliate |
| D&D Imports, Inc. | Debtor Affiliate |
| D&D Brands Hawaii, LLC | Debtor Affiliate |
| Gaetano & Barteau | Debtor Affiliate |
| D&D Madison Ave, Inc. | Debtor Affiliate |
| D&D Espresso, Inc. | Debtor Affiliate |
| D&D Georgetown, Inc. | Debtor Affiliate |
| D&D Call Center, Inc. | Debtor Affiliate |
| Sorapoj Techakraisri | Officer/Director |
| Charles Finch | Former Director |
| Bayani Lauraya | Former Director |
| Pace Development Corporation | Indirect Equity Holder |
| Pace Food Retail Co., Ltd. | Equity Holder |
| Brown Rudnick LLP | Debtors' counsel |
| Argus Management Corporation | CRO Support |
| Lawton Bloom | Co-CRO |
| Joseph Baum | Co-CRO |
| Siam Commercial Bank Public Company Limited | Secured Creditor |
| Chapman and Cutler LLP | Secured Creditor Counsel |
| Internal Revenue Service Center | Significant Creditor |
| Interserv | Significant Creditor |
| OS Development NY LLC. | Significant Creditor |
| US Foods Inc. | Significant Creditor |
| Accenture LLP | Significant Creditor |
| Laura Lendrum | Significant Creditor |
| United Parcel Service | Significant Creditor |
| 40 Wall Street LLC | Significant Creditor |
| The Chef's Warehouse/Dairyland | Significant Creditor |
| Four Seasons Produce Inc. | Significant Creditor |
| Lagardere Unlimited Consulting, LLC | Significant Creditor |
| Ernst & Young LLP | Significant Creditor |
| Andrew Adams Inc. | Significant Creditor |
| North Rip Trading, Inc. | Significant Creditor |
| Mcgriff, Seibels & Williams, Inc. | Significant Creditor |
| Jamestown Premier Malibu Village, LP | Significant Creditor |

| Entity Name | Relationship to Debtor |
|---|---|
| Finch & Partners | Significant Creditor |
| Cushman & Wakefield, Inc. | Significant Creditor |
| Ministry Of Finance | Significant Creditor |
| Luxe Collective Group | Significant Creditor |
| Cooling Guard | Significant Creditor |
| Hale & Hearty | Significant Creditor |
| I Am Other Ventures, LLC | Significant Creditor |
| Meade Digital Enterprises Corp. | Significant Creditor |
| Oasis Staffing | Significant Creditor |
| Nahan | Significant Creditor |
| Rsj Group Corporation/Rosanjin | Significant Creditor |
| Mariage Freres International S.A. | Significant Creditor |
| Dean & DeLuca Japan Co., Ltd. | Significant Licensee |
| Avancer Panama S.A. | Significant Licensee |
| PACREP LLC | Significant Licensee |
| Lagardere Travel Retail | Significant Licensee |
| New Galaxy Entertainment Company Limited | Significant Licensee |
| VISS Group SDN. BHD. | Significant Licensee |
| Alshaya Trading Co. WLL | Significant Licensee |
| MeMa Gida Sanayi Ticaret A.S. | Significant Licensee |
| Kitchen Language Pte, Ltd. | Significant Licensee |
| Shinsegae Co. Ltd. | Significant Licensee |
| Shinsegae Food Inc. | Significant Licensee |
| Shinsegae Inc. | Significant Licensee |
| Dean & DeLuca (Thailand) Co., Ltd. | Significant Licensee / Equity Holder Affiliate |
| Pace Development Co. Ltd. | Significant Licensee / Equity Holder Affiliate |
| Dean & DeLuca Asia (Thailand) Co., Ltd. | Significant Licensee / Equity Holder Affiliate |
| 33 Ninth Retail Owner LLC | Litigation Party |
| 40 Wall Street LLC | Litigation Party |
| 560 Associated Delaware LLC | Litigation Party |
| 5900 Wilshire LLC | Litigation Party |
| A&L Enterprises | Litigation Party |
| Agri Exotic Trading Inc. | Litigation Party |
| Airgas USA, LLC | Litigation Party |
| Amy Scherber Inc. (Amy's Bread) | Litigation Party |
| Amy's Cookies, Inc. | Litigation Party |
| Andrew Adams Inc. | Litigation Party |
| Arandell Corporation | Litigation Party |
| Bartlett Dairy, Inc. | Litigation Party |
| Be Nice or Leave! Productions, Inc. D/B/A Ericas Rugelach & Baking Co. | Litigation Party |
| Becker, Ann | Litigation Party |
| Berry Companies, Inc. | Litigation Party |
| Bespoke Provisions Inc | Litigation Party |
| Bien Cuit LLC | Litigation Party |
| BMB Commercial Corp | Litigation Party |
| Cain, Robert | Litigation Party |
| Cameron Industry LLC | Litigation Party |
| Cedar Street Toffee LLC | Litigation Party |

2

| Entity Name | Relationship to Debtor |
|---|---|
| Cheezwhse.Com, Inc. D/B/A World's Best Cheeses, Inc. | Litigation Party |
| Cintas Corp. | Litigation Party |
| Cityspire, Inc. | Litigation Party |
| CLW Distributors, Inc. | Litigation Party |
| Coastal Sunbelt | Litigation Party |
| Colorado Security Agency | Litigation Party |
| Commercial Mechanical Inc of Kansas | Litigation Party |
| Cookie Do, Inc. | Litigation Party |
| Cooling Guard | Litigation Party |
| Counter Culture Coffee, Inc. | Litigation Party |
| Coyote Logistics, LLC | Litigation Party |
| Creditors Adjustment Bureau, Inc. | Litigation Party |
| Dairyland USA Corp. | Litigation Party |
| D'Artagnan, LLC | Litigation Party |
| Del-Orden | Litigation Party |
| Design Ideas, Ltd. | Litigation Party |
| Down East Seafood, Inc. | Litigation Party |
| Dupal Enterprises LLC | Litigation Party |
| East Coast Juice (Krystal Fruits & Vegetables Inc.) | Litigation Party |
| Eleni's NYC, Inc. | Litigation Party |
| Environmental Mechanical Contractors Inc | Litigation Party |
| Essex St. Limited Partnership | Litigation Party |
| Euler Hermes North America Insurance Company | Litigation Party |
| Euro USA | Litigation Party |
| Flagship Logistics Group LLC | Litigation Party |
| Four Seasons Produce Inc. | Litigation Party |
| Fulton Fish Market (Meade Digital) | Litigation Party |
| Gary E. Looney | Litigation Party |
| Green and Ackerman Bakery, Inc. | Litigation Party |
| Greenpoint Coffee Roasting Company, LLC | Litigation Party |
| H&L. Electric Inc. | Litigation Party |
| Hammond's Candies Since 1920 II, LLC | Litigation Party |
| Harris Companies | Litigation Party |
| ISB Food Group, LLC | Litigation Party |
| J. Kings Food Service Professionals, Inc. | Litigation Party |
| Jamestown Premier Malibu Village, L.P. | Litigation Party |
| Jeremie Corp. | Litigation Party |
| Kansas Department of Revenue | Litigation Party |
| Karl Bissinger LLC, et al. | Litigation Party |
| Keany Produce Co. | Litigation Party |
| Kenzo Estate, Inc | Litigation Party |
| Kermit Lynch Wine Merchant, A Corporation | Litigation Party |
| KF Investments LLC | Litigation Party |
| Laura Lendrum | Litigation Party |
| London Manhattan Corp. | Litigation Party |
| MTLR Corp. | Litigation Party |
| Nahan Printing, Inc. | Litigation Party |
| Newell Brands, Inc | Litigation Party |
| Northridge Warehouse, LLC | Litigation Party |
| Now Designs | Litigation Party |
| Oakville Produce Partners, LLC | Litigation Party |
| Oasis Staffing, Inc. | Litigation Party |

| Entity Name | Relationship to Debtor |
|---|---|
| Oven Artisans, Inc. D/B/A Orwasher's Bakery | Litigation Party |
| PGA Tour Inc. | Litigation Party |
| Plymouth Artisan Cheese, LLC | Litigation Party |
| R Hochman Paper, Inc. | Litigation Party |
| R&R Land, LLC | Litigation Party |
| RSJ Group Corp. | Litigation Party |
| Saley-Hima | Litigation Party |
| Savannah Bee Company, Inc. | Litigation Party |
| SLG Graybar Mesne Lease LLC | Litigation Party |
| Sunflower Hills Inc | Litigation Party |
| The Arnold Group | Litigation Party |
| The Bernard Group, Inc | Litigation Party |
| The Execu/Search Group, LLC | Litigation Party |
| Tisserie Factory, LLC D/B/A Tisserie Bakery | Litigation Party |
| Trans-Herb E, Inc. | Litigation Party |
| United Parcel Service, Inc. | Litigation Party |
| US Foods, Inc. | Litigation Party |
| Walker Towel & Uniform Service, Inc. | Litigation Party |
| WAM Investments # 8, LLC | Litigation Party |
| White Plains Linen | Litigation Party |
| Wine Warehouse | Litigation Party |
| Linda Riffkin | SDNY U. S. Trustee |
| Victor Abriano | SDNY U. S. Trustee |
| Susan Arbeit | SDNY U. S. Trustee |
| Maria Catapano | SDNY U. S. Trustee |
| Danny A. Choy | SDNY U. S. Trustee |
| Benjamin Higgins | SDNY U. S. Trustee |
| Nadkarni Joseph | SDNY U. S. Trustee |
| Brian S. Masumoto | SDNY U. S. Trustee |
| Ercilia A. Mendoza | SDNY U. S. Trustee |
| Mary V. Moroney | SDNY U. S. Trustee |
| Richard C. Morrissey | SDNY U. S. Trustee |
| Serene Nakano | SDNY U. S. Trustee |
| Cheuk M. Ng | SDNY U. S. Trustee |
| Alaba Ogunleye | SDNY U. S. Trustee |
| Ilusion Rodriguez | SDNY U. S. Trustee |
| Andrea B. Schwartz | SDNY U. S. Trustee |
| Paul K. Schwartzberg | SDNY U. S. Trustee |
| Shannon Scott | SDNY U. S. Trustee |
| Sylvester Sharp | SDNY U. S. Trustee |
| Andy Velez-Rivera | SDNY U. S. Trustee |
| Madeleine Vescovacci | SDNY U. S. Trustee |
| Greg M. Zipes | SDNY U. S. Trustee |
| Hon. Cecelia G. Morris | SDNY U.S. Bankruptcy Court Judge |
| Hon. Stuart M. Bernstein | SDNY U.S. Bankruptcy Court Judge |
| Hon. Shelley C. Chapman | SDNY U.S. Bankruptcy Court Judge |
| Hon. Robert D. Drain | SDNY U.S. Bankruptcy Court Judge |
| Hon. James L. Garrity Jr. | SDNY U.S. Bankruptcy Court Judge |

| Entity Name | Relationship to Debtor |
|---|---|
| Hon. Martin Glenn | SDNY U.S. Bankruptcy Court Judge |
| Hon. Robert E. Grossman | SDNY U.S. Bankruptcy Court Judge |
| Hon. Sean H. Lane | SDNY U.S. Bankruptcy Court Judge |
| Hon. Michael E. Wiles | SDNY U.S. Bankruptcy Court Judge |
| Hon. Ronnie Abrams | SDNY US District Court Judge |
| Hon. Deborah A. Batts | SDNY US District Court Judge |
| Hon. Richard M. Berman | SDNY US District Court Judge |
| Hon. Vincent L. Briccetti | SDNY US District Court Judge |
| Hon. Vernon S. Broderick | SDNY US District Court Judge |
| Hon. Naomi Reice Buchwald | SDNY US District Court Judge |
| Hon. Valerie E. Caproni | SDNY US District Court Judge |
| Hon. Andrew L. Carter Jr. | SDNY US District Court Judge |
| Hon. P. Kevin Castel | SDNY US District Court Judge |
| Hon. Denise L. Cote | SDNY US District Court Judge |
| Hon. Paul A. Crotty | SDNY US District Court Judge |
| Hon. George B. Daniels | SDNY US District Court Judge |
| Hon. Paul A. Engelmayer | SDNY US District Court Judge |
| Hon. Katherine Polk Failla | SDNY US District Court Judge |
| Hon. Jesse M. Furman | SDNY US District Court Judge |
| Hon. Paul G. Gardephe | SDNY US District Court Judge |
| Hon. Charles S. Haight | SDNY US District Court Judge |
| Hon. Philip M. Halpern | SDNY US District Court Judge |
| Hon. Alvin K. Hellerstein | SDNY US District Court Judge |
| Hon. Lewis A. Kaplan | SDNY US District Court Judge |
| Hon. Kenneth M. Karas | SDNY US District Court Judge |
| Hon. John F. Keenan | SDNY US District Court Judge |
| Hon. John G. Koeltl | SDNY US District Court |

| Entity Name | Relationship to Debtor |
|---|---|
| | Judge |
| Hon. Lewis J. Liman | SDNY US District Court Judge |
| Hon. Victor Marrero | SDNY US District Court Judge |
| Hon. Colleen McMahon | SDNY US District Court Judge |
| Hon. Alison J. Nathan | SDNY US District Court Judge |
| Hon. J. Paul Oetken | SDNY US District Court Judge |
| Hon. William H. Pauley III | SDNY US District Court Judge |
| Hon. Loretta A. Preska | SDNY US District Court Judge |
| Hon. Jed S. Rakoff | SDNY US District Court Judge |
| Hon. Edgardo Ramos | SDNY US District Court Judge |
| Hon. Nelson S. Roman | SDNY US District Court Judge |
| Hon. Lorna G. Schofield | SDNY US District Court Judge |
| Hon. Cathy Seibel | SDNY US District Court Judge |
| Hon. Louis L. Stanton | SDNY US District Court Judge |
| Hon. Sidney H. Stein | SDNY US District Court Judge |
| Hon. Richard J. Sullivan | SDNY US District Court Judge |
| Hon. Laura Taylor Swain | SDNY US District Court Judge |
| Hon. Analisa Torres | SDNY US District Court Judge |

## Schedule 2

**Connections Check**

## Connections Check[4]

**Current Representations** – Brown Rudnick currently represents the following creditors

and/or parties-in-interest, or their affiliates, in matters wholly unrelated to the Debtors:

| Entity | Relationship to Debtors | Description |
|--------|------------------------|-------------|
| Argus Management Corporation | CRO Support | Argus has retained Brown Rudnick in the past in connection with an unrelated litigation matter. Additionally, Argus and Brown Rudnick either currently or historically have worked together in the following unrelated matters: a. Argus previously provided financial advisory services with respect to an unrelated M&A dispute where Brown Rudnick was special outside counsel to the client; b. Argus currently serves as Chief Restructuring Officer and a member of the board of directors in a restructuring matter where Brown Rudnick is special counsel; c. Argus is retained as an expert witness where Brown Rudnick is counsel to a Plan Trustee in an unrelated case; d. In or around 2012, Brown Rudnick represented an unrelated client in connection with restructuring and related issues. In that case Brown Rudnick recommended Argus, and Argus was retained as financial/restructuring advisor; and e. Argus formerly served as Chief Restructuring Officer in the HMP Services Holding Sub III, LLC, et al., Chapter |

---

[4]    In certain instances, based on, among other things, a similarity of names, it was unclear whether a "match" exists. Brown Rudnick attempted, in its reasonable judgment, to resolve these but has determined to disclose certain of these as "matches," out of an abundance of caution.

| Entity | Relationship to Debtors | Description |
|---|---|---|
| | | 11 case in Delaware and the Partsearch Technologies, Inc. and Aereo, Inc. Chapter 11 cases in the Southern District of New York, in which Brown Rudnick, LLP was retained as co-counsel to the Debtors. All of those cases concluded more than a year ago. |
| Charles Finch<br><br>Finch & Partners | Former Director<br><br>Significant Creditor | Charles Finch has been a client of Brown Rudnick since 2013, initially in connection with matters unrelated to Dean & DeLuca or its affiliates ("DD"). Brown Rudnick has from time to time also represented Finch & Partners ("F&P"), a U.K.-based international business specializing in brand development, and Grovepark International Limited ("Grovepark"), a consulting company incorporated in the Bahamas, each of which is owned by Mr. Finch (Mr. Finch, F&P and Grovepark, collectively, "CF Affiliates").<br><br>Prior to representing DD, Brown Rudnick represented CF Affiliates in connection with a consultancy services and equity agreement dated August 21, 2015 (the "Consultancy Agreement") with DD and DD's Chairman (Sorapoj Techakraisri) pursuant to which consultancy and directorship services of Mr. Finch were to be provided in exchange for, among other things, the extension of certain loans and the issuance of shares of Dean & DeLuca, Inc. ("Consultant Shares"). These Consultant Shares were never issued and the consulting arrangement was terminated as of December 2018.<br><br>Mr. Finch served as a director of certain DD entities from about 2015 to his resignation in June 2019. |

| Entity | Relationship to Debtors | Description |
|---|---|---|
|  |  | As of the Petition Date, Brown Rudnick continues to represent, from time to time, CF Affiliates in certain media and brand licensing matters unrelated to the Debtors and these Chapter 11 Cases.  Brown Rudnick does not represent any CF Affiliates (or any other related party) in any matter related to the Debtors or the Chapter 11 Cases, and will not do so at any time. |

3

      **Other Connections** – Brown Rudnick previously represented or currently represents parties who may be adverse to certain parties or their affiliates who are creditors and/or parties-in-interest in matters wholly unrelated to the Debtors, including:

| Entity | Relationship to Debtors | Connection |
|---|---|---|
| Siam Commercial Bank Public Company Limited | Secured Creditor | Affiliate may be adverse to other clients in an unrelated litigation matter. |
| Chapman and Cutler LLP | Secured Creditor Counsel | May be adverse to other clients in unrelated bankruptcy and financing matters; professional in unrelated bankruptcy and corporate matters in which Brown Rudnick is counsel for other parties. |
| Internal Revenue Service Center | Significant Creditors | May be adverse to other clients in unrelated matters. |
| U.S. Foods Inc. | | May be adverse to other clients in unrelated bankruptcy matters. |
| Accenture LLP | | May be adverse to other clients in unrelated bankruptcy and litigation matters. |
| United Parcel Service | | May be adverse to other clients in unrelated bankruptcy matters. |
| Cushman & Wakefield, Inc. | | Adverse or professional in unrelated corporate matters in which Brown Rudnick is counsel for other parties. |
| Lagardere Travel Retail | | Affiliate may be adverse to other clients in unrelated corporate and litigation matters. |
| Ernst & Young LLP | | May be adverse to other clients in unrelated bankruptcy and litigation matters. |
| Sorapoj Techakraisri | Officer/Director | (See above under Current Representations) |
| 40 Wall Street LLC | Litigation Parties | Affiliate may be adverse to other clients in unrelated litigation matters. |
| Fulton Fish Market (Meade Digital) | | Affiliate may be adverse to other clients in unrelated litigation matters. |
| Airgas USA, LLC | | May be adverse to other clients in unrelated bankruptcy and litigation matters. |

| Entity | Relationship to Debtors | Connection |
|---|---|---|
| Coyote Logistics, LLC | | May be adverse to other clients in unrelated bankruptcy and litigation matters. |
| Creditors Adjustment Bureau, Inc. | | May be adverse to other clients in unrelated litigation matters. |
| U.S. Trustee (All) | U.S. Trustee (All) | May be involved in unrelated bankruptcy matters in which Brown Rudnick is counsel for other parties. |
| SDNY Bankruptcy Judges (All) | SDNY Bankruptcy Judges (All) | May be involved in unrelated bankruptcy matters in which Brown Rudnick is counsel for other parties. |
| SDNY District Court Judges (All) | SDNY District Court Judges (All) | May be involved in unrelated bankruptcy and litigation matters in which Brown Rudnick is counsel for other parties. |

# EXHIBIT B

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|                                        |   |                              |
| :------------------------------------- | - | :--------------------------- |
|                                        | : |                              |
| In re:                                 | : | Chapter 11                   |
|                                        | : |                              |
| DEAN & DELUCA NEW YORK, INC.,          | : | Case No. 20-10916 (MEW)      |
| *et al.*                               | : |                              |
|                                        | : | **Jointly Administered**     |
| Debtors.[1]                            | : |                              |
|                                        | : |                              |

## ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
## BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS

Upon the application (the "Application"),[2] dated April 15, 2020 of the Debtors for entry

of an order (this "Order") authorizing the employment and retention of Brown Rudnick LLP

("Brown Rudnick") as counsel for the Debtor effective as of March 31, 2020 (the "Petition

Date"), as described in detail in the Application and the Declaration of William R. Baldiga, dated

April 15, 2020 and attached to the Application as Exhibit A (the "Baldiga Declaration"); and

upon the Baldiga Declaration; and it appearing that this Court has jurisdiction to consider the

Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter

11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court

being satisfied, based upon the representations made in the Application, that Brown Rudnick is

"disinterested" as such term is defined in Bankruptcy Code Section 101(14), as modified by

Section 1107(b), as required under Section 327(a), and that Brown Rudnick neither holds nor

represents an interest adverse to the Debtors or their estates; and this Court having determined

---

[1]    The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are
as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc.
(2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806); Dean & Deluca
Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little
Falls Drive, Wilmington, Delaware 19808.

[2]    Any terms not defined herein shall have the meaning ascribed to them in the Application.

that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED to the extent set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Debtors, as debtors in possession, are authorized to employ and retain Brown Rudnick as their counsel to perform the services as set forth in the Application and the Baldiga Declaration, effective as of the Petition Date.

3.      Brown Rudnick shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules, Local Rules and guidelines established by the Office of the United States Trustee as may then be applicable, from time to time, and such other procedures as may be fixed by order of this Court.

4.      As promptly as practicable after all fees and charges accrued prior to the Petition Date have been finally posted within Brown Rudnick computerized billing system, Brown Rudnick will issue a final detailed billing statement to the Debtor for the actual fees, charges, and disbursements incurred for the period prior to the Petition Date (the "Final Prepetition Bill Amount"). Brown Rudnick is authorized to reconcile the Final Prepetition Bill Amount with the Retainer. To the extent that the Final Prepetition Bill Amount is less than the Retainer, Brown Rudnick shall apply the balance remaining in the Retainer toward payment of postpetition fees

3

and expenses, after such postpetition fees and expenses are approved pursuant to the first order
of the Court awarding fees and expenses to Brown Rudnick.

5.      Ten business days' notice must be provided by Brown Rudnick to the Debtor, the
United States Trustee and any official committee prior to any increases in the rates set forth in
the Application, and such notice must be filed with the Court.

6.      The Debtor is authorized and empowered to take all actions necessary to
implement the relief granted in this Order.

8.      The terms and conditions of this Order shall be immediately effective and
enforceable upon its entry.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from
or related to the implementation and enforcement of this Order.


Dated: _____, 2020            _____
                                       The Honorable Michael E. Wiles
                                       United States Bankruptcy Judge

# EXHIBIT C

## Baum Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DEAN & DELUCA NEW YORK, INC., | : | Case No. 20-10916 (MEW) |
| *et al.* | : |  |
|  | : | **Jointly Administered** |
| Debtors.[1] | : |  |
|  | : |  |

### DECLARATION OF JOSEPH BAUM IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTORS

I, Joseph Baum, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.      I am a Co-Chief Restructuring Officer ("Co-CRO") for each of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors" in the "Chapter 11 Cases"). In that capacity, I am responsible for supervising outside counsel and controlling legal costs in the Chapter 11 Cases. I was appointed Co-CRO on March 30, 2020. I am a Managing Director of Argus Management Corporation ("Argus") and hold CPA, CIRA, CFE, and CFF certifications. I have been employed by Argus since 2016 and have over 20 years of experience as a senior financial consultant to distressed companies both in and out of court.

2.      I am familiar with the matters set forth herein and make this declaration (this "Declaration") in support of the application filed by the Debtors for entry of an order authorizing the employment and retention of Brown Rudnick as counsel for the Debtors. I am duly authorized to make this Declaration on behalf of the Debtors. Except as otherwise noted, all

---

[1]      The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number are as follows: Dean & Deluca New York, Inc. (3111); Dean & Deluca, Inc. (2998); Dean & Deluca Brands, Inc. (2878); Dean & Deluca International, LLC (8995); Dean 7 Deluca Small Format, LLC (1806); Dean & Deluca Atlanta, LLC (6678); Dean & Deluca Markets, LLC (2674). The registered address for the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

facts in this Declaration are based on my personal knowledge of the matters set forth herein,

information gathered from my review of relevant documents, and information supplied to me by

other members of the Debtors' management and the Debtors' advisors.

## **Selection of Brown Rudnick**

3.      Brown Rudnick is proposed to serve as counsel to the Debtors.  The Debtors

recognize that a careful selection should be made when selecting and managing chapter 11

counsel to ensure that bankruptcy professionals are subject to the same client-driven market

forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4.      To that end, in selecting counsel to represent the Debtors in a potential

restructuring, the Debtors considered potential counsel based on their expertise in the relevant

legal issues and in similar proceedings, and, in particular, their familiarity with debtor-side

representations in large corporate restructurings. The Debtors retained Brown Rudnick because

of its extensive experience in large and complex corporate reorganizations as debtors' counsel

and mergers and acquisitions transactions, as well as Brown Rudnick's familiarity with the

Debtors.  During the months and years prior to the Petition Date, the Debtors interviewed and/or

retained several different firms to provide legal services related to its planned restructuring

(including related litigation and corporate governance issues) prior to engaging Brown Rudnick

as its counsel for the Chapter 11 Cases and related preparations.

5.      Moreover, I understand that, since October 2017, Brown Rudnick has represented

the Debtors in certain matters related to potential strategic transactions and reorganization

proceedings.  Brown Rudnick's work for the Debtors has resulted in Brown Rudnick becoming

uniquely familiar with the Debtors' organizational and capital structure, the prior operation of the

Debtors' business, the terms of the Debtors' debts, and many of the potential legal issues that

might arise in the context of these cases. Brown Rudnick has provided advice and assisted the Debtors in all aspects of their restructuring efforts, including negotiating with the Debtors' lender and drafting the various first day motions and other documents and pleadings that will be necessary for the successful prosecution of the Chapter 11 Cases and the restructuring process. The Debtors consider all of this knowledge of and experience with the Debtors' capital structure and various other facets of their business and restructuring plans to be critical to the representation. In addition, Brown Rudnick has specific experience with chapter 11 filings by large and complex companies like the Debtors.

6. I believe that for the foregoing reasons, Brown Rudnick is well qualified to represent the Debtors in the Chapter 11 Cases in an efficient and timely manner. Thus, the Debtors decided to apply to retain Brown Rudnick as the Debtors' counsel during the Chapter 11 Cases.

## Rate Structure

7. In my capacity as Co-CRO, my responsibilities extend to the supervision of counsel through the monitoring of costs, including legal costs, and I participate in monitoring and controlling costs of the business, including legal costs. Brown Rudnick has provided and will be providing professional services to the Debtors under a blended rate agreement, whereby all attorney time is charged at an agreed rate of $850/hour. Brown Rudnick has further informed the Debtors that it will bill non-working travel time at half of the agreed rate, and that Brown Rudnick will not charge for disbursements that are not compensable under sections 330 and 331 of the Bankruptcy Code. The Debtors believe that these rates were and are reasonable under the circumstances of these Chapter 11 Cases, including the complexity of the cases, the qualifications of Brown Rudnick, and the Debtors' creditworthiness.

8.     I am also responsible for reviewing the invoices submitted by Brown Rudnick, and can confirm that the rates that Brown Rudnick charged the Debtors in the prepetition period were structured similarly to the rates Brown Rudnick will charge the Debtors in the postpetition, with the Debtors and Brown Rudnick having agreed to an increase in Brown Rudnick's blended rate in the period prior to the Petition Date in light of the Debtors' request and acknowledgement that the work in preparing for and conducting the Chapter 11 Cases, if and when commenced, would require a disproportionate amount of senior partner time in comparison to its prior services performed.

### Cost Supervision

9.     The Debtors and Brown Rudnick expect to develop a prospective budget and staffing plan, to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of the Court, recognizing that in the course of the Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Brown Rudnick.  The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of their Chapter 11 Cases.  The Debtors will continue to review the invoices that Brown Rudnick regularly submits, and, together with Brown Rudnick, periodically amend the budget and staffing plan as the case develops.

10.     Throughout the course of the Debtors' engagement with Brown Rudnick, the Debtors have observed Brown Rudnick to be efficient and cooperative in working with other professionals retained by the Debtors, and the Debtors have not observed any duplication of efforts to date.  The Debtors understand that Brown Rudnick will be coordinating closely with

other professionals retained in these Chapter 11 Cases to minimize any potential duplication of efforts going forward.

11.     As they did prepetition, the Debtors will endeavor to bring discipline, predictability, client involvement, and accountability to the fees and expenses reimbursement process.  While every chapter 11 case is unique, the budgets to be prepared with respect to postpetition financing and the U.S. Trustee's fee guidelines will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Dated: April 15, 2020
        New York, New York

                                                    /s/ Joseph Baum_____
                                                    Joseph Baum
                                                    Co-CRO