**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OBJECTION TO DEBTOR'S APPLICATION FOR AUTHORIZATION
TO RETAIN AND EMPLOY STRETTO AS CLAIMS AND NOTICING AGENT**

The Official Committee of Unsecured Creditors (the "Committee") of Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor"), hereby submits this Objection to the Debtor's Application for Authorization to Retain and Employ Stretto, Inc. ("Stretto") as Claims and Noticing Agent (ECF. No. 87, the "Claims Agent Application"). In support of the Objection, the Committee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.  While a claims and noticing agent can often be a useful appointment in a "mega" bankruptcy case, those cases typically involve claims in excess of 1,000 creditors. The Debtor's Schedules demonstrate there are less than 200 creditors, and the Claims Agent Application fails to demonstrate the need for the appointment of a claims and noticing agent in light of the limited universe of claimants. Additionally, given that the Debtor claims he has limited assets, it is hard to imagine the usefulness of the estate's resources to pay for Stretto's services as an additional administrative expense in this case. Finally, Stretto's Services Agreement provides for services

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

to the Debtor in excess of those typically required for claims and noticing agents, and thus should not be approved.

## RELEVANT PROCEDURAL HISTORY

2. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has remained a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has yet been appointed in the Debtor's bankruptcy case, although on March 19, 2022, the United States Trustee ("UST") filed a Motion for Order Directing Appointment of an Examiner, or in the alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee (the "Examiner/Trustee Motion"). The Examiner/Trustee Motion is scheduled for hearing on April 13, 2022, and according to the UST's Amended Proposed Order at n. 1 (ECF No. 116), the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case.

4. On March 21, 2022, the Committee was officially appointed by the United States Trustee and on March 28, 2022, selected Pullman & Comley, LLC ("P&C") as its counsel.[2]

5. On March 16, 2022, the Debtor filed the Claims Agent Application, which seeks to appoint Stretto as Claims and Noticing Agent pursuant to the Services Agreement attached as Exhibit B to the Claims Agent Application. The Claims Agent Application identifies certain services that Stretto will provide to the Debtor. The Proposed Order seeks to have the fees and expenses of Stretto be treated as an administrative expense of Debtor's estate pursuant to section 503(b)(1)(A). The Proposed Order also references an advance, but there has been no disclosure

---

[2] The Committee filed an application for authority to employ P&C on April 4, 2022.

as to the nature of the advance. The Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions simply states that Debtor "need[s] a claims and noticing agent to help provide notice to the estate's creditors and parties-in-interest throughout the pendency of the Chapter 11 case." ECF. No. 107, ¶49.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Claims Agent Application and the contested matter initiated thereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## COMMITTEE POSITION

### DEBTOR HAS NOT DEMONSTRATED THAT A CLAIMS AND NOTICING AGENT IS NECESSARY AND IN THE BEST INTERESTS OF THE ESTATE

7. 28 U.S.C. § 156(c) provides for the appointment of a claims and noticing agent. Specifically, the section provides that "[a]ny court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code." The section provides that this appointment is permissible "where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States." Finally, said appointment remains "subject to such conditions and limitations as the pertinent circuit council may prescribe."

8. Although the District of Connecticut does not maintain its own guidelines or procedures for the appointment of claims and noticing agents, other jurisdictions have enacted such guidelines, which the Court should consider in reviewing the Claims Agent Application. These guidelines often have a requirement for the number of creditors before the guidelines apply. For example, the District of Nevada provides that the guidelines are required when there

3

are 1,000 or more creditors. https://www.nvb.uscourts.gov/case-info/mega-cases/guidelines-claims-agent//. Similarly, the proposed order for retention of a claims and noticing agent in the Southern District of New York suggests a minimum of 1,000 creditors. *See* https://www.nysb.uscourts.gov/sites/default/files/pdf/caforms/ClaimsAgentNoticeProposedOrder.doc ("and the Debtors having estimated that there are in excess of [1,000] creditors in these chapter 11 cases"). The Local Rules for the Bankruptcy Court for the District of Delaware only require a claims and noticing agent when there are in excess of 200 creditors. *See* https://www.deb.uscourts.gov/court-info/local-rules-and-orders/local-rules?items_per_page=All#:~:text=Rule%201001-1%20Scope%20of%20Rules.%20Title%20and%20Citation.,Court%20for%20the%20District%20of%20Delaware%22%20%28the%20%22Court%22%29.

9.      Here, the Debtor's Schedules list one secured creditor and approximately 159 unsecured creditors.[3] See ECF. No. 78. This is well below the 1,000 creditors (or even 200 in Delaware) that is typically required for the appointment of a claims and noticing agent. Except for generalized statements as to the need for providing notice to creditors and parties-in-interest, (ECF No. 107,¶49), Debtor does not offer any detailed explanation for these services or why the estate should pay for these services. See Fed. R. Bank. P. 2014(a) (requiring specific facts showing the necessity for the employment).

10.     Debtor also failed to demonstrate how the Claims Agent Application is in the best interests of creditors, especially when the Debtor is seeking to afford administrative expense treatment to Stretto's fees and expenses. See 28 U.S.C. 156(c) (authorizing appoint "where the

---

[3] Some of the creditors are listed twice. For example, UBS AG and Samuel Nunberg are each listed twice.

costs of such facilities or services are paid for out of the assets of the estate"). This is especially true where the Debtor's Schedules disclose meager assets and debts in excess of $373,000,000. This is not a complex business case with dozens of first-day motions and the prospect of more to come. This is an individual chapter 11 bankruptcy.

11. The Claims Agent Application also identifies certain services that Stretto will provide to Debtor, but the Services Agreement identifies additional services that are not disclosed in the Claims Agent Application. For example, Paragraph 1(a)(ii) of the Services Agreement provides that Stretto will provide the following:

> "Crisis communications, claims analysis and reconciliation, preference analysis and recovery, contract review and analysis, case research, public securities, depository management, treasury services, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement), and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations, or court rules or orders (all such services collectively, the "Services").

ECF No. 143. Debtor has not provided any basis for the need for such services.

12. Finally, the Proposed Order references an advance but there has been no disclosure as to the nature or source of the advance.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Debtor's Application for Authorization to Retain and Employ Stretto, Inc. as Claims and Noticing Agent and granting such other and further relief as may be deemed just and proper.

Dated: Bridgeport, Connecticut
April 6, 2022

                        **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:   */s/Irve J. Goldman*
        Irve J. Goldman
        Jonathan A. Kaplan
        Pullman & Comley, LLC
        850 Main Street, 8th Floor
        PO Box 7006
        Bridgeport, CT 06601-7006
        (203) 330-2213
        igoldman@pullcom.com

        Its Attorneys (Application Pending)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : April 6, 2022 |
| | : |

**CERTIFICATION OF SERVICE**

I Irve J. Goldman, herby certify that on the 6th day of April, 2022, The Official Committee of Unsecured Creditors' (the "Committee") *Objection to Debtor's Application for Authorization to Retain and Employ Stretto as Claims and Noticing Agent* was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

*/s/ Irve J. Goldman*
Irve J. Goldman

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

ACTIVE/83201.1/IJG/10245470v1