**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| Ho Wan Kwok,[1] | 22-50073 (JAM) |
| Debtor. | |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S LIMITED OBJECTION
TO APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTOR**

TO THE HONORABLE JULIE A. MANNING,
UNITED STATES BANKRUPTCY JUDGE:

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), by and through its undersigned counsel, respectfully submits this limited objection (the "Objection") to the *Application of the Debtor for Entry of an Order Authorizing the Employment and Retention of Brown Rudnick LLP as Counsel for the Debtor* [ECF No. 86] (the "Application").[2] In support of this Objection, PAX respectfully states as follows:

**LIMITED OBJECTION[3]**

1.      Brown Rudnick received two payments of $500,000 shortly before the petition date from Lamp Capital LLC ("Lamp"), a non-debtor entity that is allegedly owned by the Debtor's son. *See Affidavit of William R. Baldiga in Support of Application of the Debtor for Entry of an Order Authorizing the Employment and Retention of Brown Rudnick LLP as Counsel for the*

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used but not defined in this reply shall have meanings given to such terms in the Application.

[3] PAX reserves its rights to supplement this Objection based on information it learns in discovery from the Debtor and its advisors.

*Debtor*, attached as Exhibit A to the Application (the "Baldiga Affidavit") at ¶ 7. The Baldiga Affidavit also discloses that in order to fund these payments "Lamp Capital LLC made a US$1,000,000.00 loan to Mr. Kwok, and Mr. Kwok directed Lamp Capital LLC to remit the proceeds directly to Brown Rudnick." *Id.*[4] As further noted in the Application "Lamp Capital LLC is an entity owned by Mr. Kwok's son." Application at ¶ 17. The only information that the Debtor has disclosed regarding the alleged loan from insider Lamp is that the loan is unsecured. *See Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* [ECF No. 107] at ¶ 51.

2.      While Brown Rudnick identifies the source of funding for its retainer, the circumstances surrounding such funding remain opaque. Neither the Application nor any of the affidavits in support of the Application provide any detail regarding the timing, terms, and negotiation of the loan between Lamp and the Debtor. Based on the little information that was disclosed, it appears likely that Brown Rudnick received funds in violation of the restraining order granted by Justice Ostrager in the prepetition action commenced by PAX against the Debtor pending in the Supreme Court of the State of New York. After granting summary judgment in PAX's favor on its breach of contract claims against the Debtor, Justice Ostrager granted PAX's motion for a restraining order (the "Restraining Order") and restrained the Debtor "from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, whether directly or indirectly, and from paying over or otherwise disposing of any debt now or thereafter coming due to him subject to the exceptions set forth in [N.Y. Civil Practice Law

---

[4] *See also Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* [ECF No. 77] at ¶ 9(i) ("Prior to the Petition Date, on each of February 14, 2021, and February 15, 2021, Brown Rudnick was paid a retainer of $500,000. The source of $1 million in retainer payments (the "BR Retainer") was [Lamp]. Lamp loaned the Debtor $1 million, and the Debtor directed Lamp to remit the proceeds of the loan directly to Brown Rudnick.").

and Rules ("<u>CPLR</u>")] 5222 . . . ."[5] The Restraining Order was in effect when the Debtor borrowed the money from Lamp (*making the proceeds of the loan the Debtor's property*) and then transferred those funds to Brown Rudnick. Thus, such transfer seemingly violated the Restraining Order unless one of the exceptions set forth in CPLR 5222 applies to the transfer of the funds. PAX does not believe any such exceptions apply, and neither the Debtor nor Brown Rudnick have suggested or demonstrated that one does.

3.        Because the Debtor may be entitled to the return of the funds used to pay the BR Retainer, Brown Rudnick should place the funds it currently holds in an escrow account for the benefit of the Debtor's estate as a condition to its retention in this matter. Then, to the extent Brown Rudnick's fees and expenses are allowed going forward, it should be permitted to apply for payment from such funds.[6]

*[Remainder of Page Intentionally Left Blank]*

---

[5] *See Declaration of Peter Friedman in Support of Motion of Pacific Alliance Asia Opportunity Fund L.P. for a Declaration of Inapplicability of the Automatic Stay or Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* [ECF No. 57-2], Ex. 3, October 15, 2020 Decision + Order on Mot. at 1, *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan*, Index No. 65077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 630.

[6] If the Court grants the Debtor's motion for approval of debtor-in-possession financing, funds from such loan should be used to pay Brown Rudnick's fees before proceeds of the loan from Lamp. Proceeds from the Lamp loan should be preserved for the benefit of the Debtor's creditors rather than used to endorse the Debtor's apparent violation of the Restraining Order.

Dated: April 6, 2022
Hartford, Connecticut

**Pacific Alliance Asia Opportunity Fund L.P.**

By: */s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
        asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email:  pfriedman@omm.com
        ssarnoff@omm.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties in interest may access this filing through the Court's CM/ECF System.

/s/    *Patrick M. Birney*
Patrick M. Birney