**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
|  | : | Case No. 22-50073(JAM) |
| HO WAN KWOK, | : |  |
| Debtor. | : |  |
|  | : | April 6, 2022 |

**LIMITED OPPOSITION OF CREDITORS RUI MA AND WEICAN MENG
TO THE MOTION OF THE UNITED STATES TRUSTEE
TO APPOINT AN EXAMINER OR A CHAPTER 11 TRUSTEE**

Creditors Rui Ma and Weican Meng ("**Creditors**"), by and through their undersigned counsel, hereby submit this limited opposition to the motion of the United States Trustee ("**UST**") to appoint an examiner or a chapter 11 trustee in this case (the "**UST Motion**") [ECF 102], and respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Creditors agree with the UST that the Debtor's conduct justifies appointment of a Trustee, however, such appointment at this time would not be effective or in the best interest of the estate and its creditors. The Debtor claims to have virtually no assets and appears to have no ordinary course operations that could potentially impact the estate without Court approval. Therefore, more information is needed before the UST can identify what precisely a trustee would be managing instead of the Debtor. Similarly, the Creditors agree with the UST that a thorough investigation respecting the Debtor's assets, income and expenses is necessary; however, the Committee (defined below) will be undertaking such tasks and the appointment of an examiner would be duplicative and wasteful of time and resources. Accordingly, the Creditors request the

1

Court allow the Committee time to undertake such investigation and defer the UST Motion to a later date to determine at that time whether such relief is warranted.

## CREDITORS' OBJECTION

2.     By the Motion, the UST seeks an order directing the appointment of an examiner under 11 U.S.C. § 1104(c)(1) and/or (2), or in the alternative, an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(2) based on the best interests of creditors and the estate.  According to the UST's *Notice of Amended Proposed Order Concerning the United States Trustee's Motion for an Order Directing the Appointment of an Examiner or, in the Alternative, Directing the Appointment of a Chapter 11 Trustee*, the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case. (ECF No. 116 at n.1).

3.     It is evident that there are many questions and potential claims concerning the Debtor's assets or, as the UST noted, the Debtor's "self-created 'poverty'", and the funding of his living arrangements, that warrant investigation by a non-Debtor fiduciary for the benefit of the estate and prepetition creditors.  However, an examiner currently offers no benefit under the circumstances here.

4.     The 341 meeting, and discovery from prior litigations, makes clear that the Debtor will be uncooperative in any investigation into his financial affairs, assets, and interests. Moreover, any resulting report will be hearsay with limited benefit to the Court or the parties in interest, yet the investigation will be time-consuming and incur administrative expenses to the detriment of creditors generally.  Most importantly, any such efforts by an examiner will be unnecessarily duplicative of, and could impede, the work of the Official Committee of Unsecured Creditors (the "**Committee**"), which has recently been appointed and has retained counsel who is

quickly getting up to speed. Also, whereas a committee can seek derivative standing to pursue claims, an examiner cannot.

5. In addition, based on, among other things, Judge Barry R. Ostrager's finding that the Debtor has engaged in "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members," it is also evident that the Debtor cannot be relied upon to marshal assets for the benefit of his estate and creditors. [*See* ECF 102 Exh. C (February 2, 2022 Decision and Order in the PAX Case), at p.1)]. However, a trustee offers little benefit to the estate at this time.

6. The Debtor appears to have no identified ordinary course operations potentially impacting the estate that may be conducted without Court approval, let alone any that necessitate the immediate appointment of a trustee. To the extent that the Debtor seeks approval of any out of the ordinary course activities, the Committee will be monitoring the Debtor's activities and will intervene to prevent any action to the detriment of creditors. It is simply not clear what a trustee would manage or oversee. Further, any investigation that might be undertaken by a trustee would incur avoidable administrative costs at this time and would be duplicative of, and potentially could impede, the work of the Committee. While in a typical chapter 11 corporate case, a trustee would be warranted under similar facts, the unique facts here support not appointing a trustee at this time. Once more information is obtained through the Committee's investigation, or otherwise, the UST (or another party in interest) can seek to have a trustee (or examiner) appointed if warranted at such time.

7. The Committee is best motivated and prepared to swiftly investigate the Debtor's financial affairs, assets, and interests and seek recoveries for the estate and its creditors. Indeed, under section 1103 of the Bankruptcy Code, the Committee is charged with investigating the acts,

3

conduct, assets, liabilities, and financial condition of the Debtor, and any other matter relevant to the case of the formulation of a plan. 11 U.S.C.§ 1103(c). The Committee can report its findings to the Court and UST. The Committee should be afforded the opportunity to conduct its investigation without interference, which would be the most efficient way to proceed in this unique case.

## CONCLUSION

**WHEREFORE**, the Creditors request that the Court deny the UST Motion to the extent it seeks appointment of an examiner, defer consideration of the UST Motion to the extent it seeks appointment of a trustee, and grant such other and further relief as is just and proper.

Dated: April 6, 2022

*/s/ Kristin B. Mayhew*
Kristin Mayhew
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
kmayhew@mdmc-law.com

- and -

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**CALLARI PARTNERS LLC**
One Rockefeller Plaza, 10th Floor
New York, NY 10020
(212) 202-3050
ccallari@callaripartners.com
dforsh@callaripartners.com

*Attorneys for Rui Ma and Weican Meng*

## CERTIFICATE OF SERVICE

I, Kristin B. Mayhew, hereby certify that a true and accurate copy of the foregoing Limited Opposition of Creditors Rui Ma And Weican Meng to the Motion of The United States Trustee to Appoint an Examiner or A Chapter 11 Trustee was filed with the Court on April 6, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/ Kristin B. Mayhew
Kristin B. Mayhew

KBM/M1738/1001/1823584v1
04/06/22-HRT/BD