UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
|  | : | Case No. 22-50073(JAM) |
| HO WAN KWOK, | : |  |
|           Debtor. | : |  |
|  | : | April 6, 2022 |

**OBJECTION TO DEBTOR'S APPLICATION FOR AUTHORIZATION
TO RETAIN AND EMPLOY STRETTO AS CLAIMS AND NOTICING AGENT**

Creditors Rui Ma and Weican Meng (collectively, the "**Creditors**"), by and through their undersigned counsel, hereby object to the Debtor's Application for Authorization to Retain and Employ Stretto as Claims and Noticing Agent (the "**Application**") [ECF 87] in the above-referenced action. In support of this objection, the Creditors represent the following:

**PRELIMINARY STATEMENT**

1. This case is not a complex "mega" case. While the facts here may be uncommon, this case involves a limited number of potential creditors and, according to the Debtor, he purportedly has minimal assets. The Debtor should be required to be judicious in incurring administrative expenses. No basis has been established to deviate from the customary practice in this jurisdiction for practitioners to manage service of pleadings and the Clerk of the Court to handle the claims register. Although Stretto is undeniably qualified, the Debtor's engagement of Stretto is not warranted in this case, and at minimum, is premature respecting potential services related to a plan process. Accordingly, the Motion should be denied.

## **CREDITORS' OBJECTION**

2. Pursuant to the Application, Ho Wan Kwok (the "**Debtor**") seeks Bankruptcy Court authorization to retain Stretto for the "distribution of notices and the maintenance, processing, and docketing of proofs of claim in this Chapter 11 case." [ECF 87 at p.2]. The Application also establishes Stretto's experience in large, complex chapter 11 cases. [*Id. at p.3*].

3. The Debtor further provides at Paragraph 10 of the Application, an exhaustive list of the many services Stretto will provide in this case such as mailing notices and other documents required to be served in the case [ECF at p.4, ¶10(a)], maintaining an official copy of the Debtor's Schedules [ECF at p.4, ¶10(b)], receiving and processing all proofs of claim [ECF at p.4, ¶10(g)], and providing the solicitation and balloting of the plan to all creditors [ECF at p.4, ¶10(x)]. The Debtor argues that Stretto's services are necessary given the size and complexity of this Chapter 11 case. [ECF 87 at p.9, ¶19].

4. While the Creditors and their counsel are well aware of the need for, and the benefits of, a claims agent in large-scale corporate Chapter 11 proceedings, the current Chapter 11 proceeding is not such a case.

5. First, this case involves an individual Chapter 11 debtor, not a corporation or complex multiple-corporation type cases. Second, there are only approximately 150 creditors listed in the Debtor's Schedules of Assets and Liabilities (the "**Schedules**"). This is not a mega Chapter 11 case involving thousands of creditors; rather, it is an individual Chapter 11 case with a limited creditor body. Third, it is customary in this jurisdiction for practitioners and the Office of the Clerk of the Bankruptcy Court to handle the type of tasks outline for

Stretto to undertake. The Debtor's proposed counsel are experienced practitioners with a team devoted to this case who should be able to cost-effectively manage the service of pleadings to a limited number of creditors as do other local practitioners in this jurisdiction. If the Debtor's counsel cannot cost-effectively manage these types of tasks, then that may be in issue respecting whether the Debtor's counsel is the right counsel for this case.[1]

6. Most critically, the Debtor purports to have minimal assets, identifying total assets of only $3,850.00 (excluding two litigation claims with an unknown value) in his Schedules. [ECF 78 at p.1]. By the Debtor's own admission, this is a small Chapter 11 proceeding. Costs in this case should be effectively managed and there is simply no reason to layer on an additional, unnecessary administrative expense in this case at this time.

7. The Creditors recognize Stretto's qualifications; however, the Creditors do not believe that a claims' agent is warranted under the circumstances at this time.

8. To the extent that it is later determined that a claims' agent is necessary and in the best interests of creditors, such as potentially for plan solicitation purposes (and that Debtor's counsel cannot manage the process efficiently and economically), the Debtor can certainly renew its request at that time. However, in the event that the Creditors' Committee or any other individual creditor proposes its own plan of reorganization, it is likely that such party will manage the solicitation and balloting process on its own as is the local custom and practice.

---

[1] The Creditors reserve their right to object to the engagement of Brown Rudnick and/or its fees and expenses in the event Brown Rudnick is not able to cost-effectively handle the types of tasks required in this case.

## **CONCLUSION**

**WHEREFORE**, the Creditors respectfully request that the Court deny the Application and grant such other and further relief as is just and proper.

Dated: April 6, 2022

/s/   *Kristin B. Mayhew*
Kristin B. Mayhew (ct20896)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT  06890-1436
Tel.(203) 319-4000
Fax(203) 259-0251
Email: kmayhew@mdmc-law.com

-and-

Carollynn H.G. Callari (admitted *pro hac vice*)
David S. Forsh (admitted *pro hac vice*)
**CALLARI PARTNERS LLC**
One Rockefeller plaza, 10th Floor
New York, NY 10020
Telephone:  (212) 202-3050
Email:       ccallari@callaripartners.com
                 dforsh@callaripartners.com

*Attorneys for Rui Ma and Weican Meng*

## CERTIFICATE OF SERVICE

I, Kristin B. Mayhew, hereby certify that a true and accurate copy of the foregoing Objection to Debtor's Application for Authorization to Retain and Employ Stretto as Claims and Noticing Agent was filed with the Court on April 6, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

        /s/ Kristin B. Mayhew
Kristin B. Mayhew