**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION OF DEBTOR FOR ENTRY OF AN
ORDER AUTHORIZING (I) EMPLOYMENT AND PAYMENT OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE, (II) PAYMENT
OF PREPETITION CLAIMS, AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor"), herby submits this Limited Objection to the Motion of Debtor for Entry of an Order Authorizing (I) Employment and Payment of Professionals Utilized in the Ordinary Course, (II) Payment of Prepetition Claims, and (III) Granting Related Relief (the "OCP Motion").

In support of this Objection, the Committee respectfully represents as follows:

**RELEVANT PROCEDURAL HISTORY**

1. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has remained a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

2. No trustee or examiner has yet been appointed in the Debtor's bankruptcy case, although on March 19, 2022, the United States Trustee ("UST") filed a Motion for Order Directing Appointment of an Examiner, or in the alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee (the "Examiner/Trustee Motion"). The Examiner/Trustee Motion is scheduled for hearing on April 13, 2022, and according to the UST's Amended Proposed Order at n. 1 (ECF No. 116), the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case.

3. On March 21, 2022, the Committee was officially appointed by the United States Trustee and on March 28, 2022, selected Pullman & Comley, LLC ("P&C") as its counsel.[2]

4. On March 1, 2022, Pacific Alliance Asia Opportunity Fund L.P. ("PAX") filed its Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code (the "PAX Motion"). On March 15, 2022, the Debtor filed its Objection to the PAX Motion, to which PAX filed a Reply on March 18, 2022 (ECF No. 98) (the "PAX Reply"). On March 28, 2022, the filed a Supplemental Objection to the PAX Motion (the "Debtor Supp. Obj.").

5. By the PAX Motion, PAX seeks to return to the PAX Litigation for purposes of compelling the Debtor to return to U.S. jurisdiction a yacht known as the Lady May, which the Debtor and/or the registered owners of the Lady May had been ordered not to remove, but did remove, from the New York court's jurisdiction well over one year ago (PAX Motion, Ex. A, February 2, 2022 Decision and Order of Judge Barry R. Ostrager, the "February 2, 2022 Decision," at 2).

---

[2] The Committee filed an application for authority to employ P&C on April 5, 2022.

6. On March 20, 2022, the Debtor filed the Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing, and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (the "DIP Motion"). The DIP Motion seeks court approval for a postpetition loan (the "DIP Loan") that would be used, in part, to pay the "ordinary course professionals" ("OCPs") the Debtor seeks to retain by the OCP Motion.

7. The PAX Motion, the Examiner/Trustee Motion, the DIP Motion, the OCP Motion and the retention applications for certain other professionals of the Debtor are scheduled for hearing on April 13, 2022 at 10:00 a.m.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the OCP Motion and the contested matter initiated thereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 327(a), (e), 105(a), Fed. R. Bankr. P. 9014, and D. Conn. LBR 2014-2 and 9014-1.

## ARGUMENT

### I.
### THE OCP MOTION FAILS TO ESTABLISH THAT THE OCPs DO NOT HOLD AN INTEREST ADVERSE TO THE ESTATE AND ARE DISINTERESTED

9. As part of the OCP Motion, the Debtor seeks authority to pay certain unidentified prepetition claims of the OCPs that he seeks to retain on the theory that "certain of Ordinary Course Professionals may not be in a position to [continuing rendering services] without receiving payment on at least a portion of their respective prepetition claims for services rendered in connection with the Pending Litigation" (OCP Motion ¶13). Yet, the Debtor

3

maintains that these OCPs nonetheless do not hold an interest adverse to the estate and are disinterested (OCP Motion ¶¶18, 19).

10. A professional that has a prepetition claim against the Debtor is, by definition, not "disinterested." 11 U.S.C. § 101(14)(A) (a creditor is not "disinterested"). And to the extent such a professional is demanding payment of its prepetition claim as a condition to continuing to represent the Debtor postpetition, the professional would hold an interest adverse to the estate and not be qualified under 11 U.S.C. § 327(a) or (e).[3] Thus, the unidentified OCPs which the Debtor claims "may not be in a position" to continue on as OCPs are not disinterested and hold interests that are adverse to the estate.

## II.
## THE DEBTOR HAS, IN ANY EVENT, FAILED TO SATISFY THE NECESSITY OF PAYMENT DOCTRINE FOR THE PAYMENT OF ANY PREPETITION CLAIMS

11. Under the doctrine of necessity, the Debtor must show that the proposed payment of prepetition claims "is critical to the debtor's reorganization." *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1986). A showing of "mere convenience, without necessity, is insufficient," and "the proponent's burden is a heavy one." *Id.* at 836.

12. More particularly, the "necessity" of the payment will not be established where the debtor has failed to produce evidence that without payment of its prepetition claim, the proposed payee will refuse to render services. *See In re Pioneer Health Services, Inc.*, 570 B.R. 228, 235 (Bankr. S.D. Miss. 2017) (debtor failed to show that unless the affected physicians were

---

[3] The Debtor mistakenly suggests that an attorney may not be a "professional person" that would need court approval to be retained if the attorney does not play an intimate role in the reorganization (OCP Motion ¶20). The cases cited by the Debtor, however, deal with the issue of whether a non-lawyer "professional," under the common meaning of that word, such as a lobbyist or a hedge fund manager, is technically a "professional person" under 11 U.S.C. § 327(a) that would need to be retained with court approval. That question is simply not applicable to an attorney, who will either unquestionably be a professional person under 11 U.S.C. § 327(a) or an attorney retained under 11 U.S.C. § 327(e).

4

paid their prepetition wages, they would leave the hospital). In any event, "[i]n cases where the retention of a professional person holding a claim is approved, courts have consistently declined to authorize payment of prepetition claims." *In re Financial News Network, Inc.*, 134 B.R. 732, 735 (Bankr. S.D.N.Y. 1991).

13. Here, the Debtor has failed to provide any basis to justify payment of the prepetition claims of the OCPs. Indeed, the Debtor has simply proffered the unsupported allegation that certain of the OCPs "may not" continue rendering services without payment of their prepetition claims and that "[d]efense counsel is likely to insist on payment of at least a portion of their prepetition invoices as a condition to perform … services" (OCP Motion at 4 n. 2). These mere conclusory allegations are insufficient to satisfy the Debtor's burden of proof on the issue of necessity.

14. In addition, the Debtor has failed to establish that any of the OCPs that may be demanding payment of their prepetition claims are not replaceable. In any event, payment of the prepetition claims of professional persons in connection with or as a term of their retention is not proper.

### III.
### THERE IS NO REASONED BASIS FOR RETAINING OCPs TO DEFEND LAWSUITS AGAINST THE DEBTOR WHEN THOSE LAWSUITS ARE AUTOMATICALLY STAYED

15. Although actions in which the Debtor is a defendant or co-defendant are automatically stayed, the Debtor says he "is instructing certain counsel and other professionals to continue preparing his defense" (OCP Motion at 4 n. 2).

16. Inasmuch as none of the plaintiffs in those actions have yet to seek relief from the automatic stay to proceed with prepetition litigation, and their claims may instead be subject to claims litigation in this Court after proofs of claim are filed, it makes no sense to retain defense

5

counsel in the ordinary course, or otherwise, at this time. The Committee therefore objects to their retention.

### IV.
### THE DEBTOR HAS NOT ESTABLISHED THE APPROPRIATENESS OR GOOD CAUSE FOR RETAINING OTHER OCPs TO PURSUE CLAIMS

17. D. Conn. Bankr. L.R. 2014-2 provides, in pertinent part, that "[**w**]**here appropriate**, the Debtor in a Chapter 11 case in which a trustee is not appointed, … upon motion and notice, may for **good cause** seek to hire and compensate certain professionals and advisors in the ordinary course of business …." (emphasis added).

18. The OCP Motion does not provide the Court, the Debtor's creditors or other parties in interest with any information as to the particulars, status and merits of the causes of action the Debtor wishes to retain the OCPs to pursue, nor does he even identity in his OCP List which professional is doing what or on what terms he is proposing to compensate them. Without this information and an adequate opportunity for the Committee to assess the providence of moving forward on all of these claims, it is not "appropriate" to permit the Debtor to hire these professionals in the ordinary course and good cause has otherwise not been established for their retention.

**WHEREFORE**, the Committee respectfully requests that the Court deny the OCP Motion and grant such other or further relief as it may deem just, equitable and proper.

Dated: Bridgeport, Connecticut
April 6, 2022

                                        **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:    */s/Irve J. Goldman*
          Irve J. Goldman
          Jonathan A. Kaplan
          Pullman & Comley, LLC
          850 Main Street, 8th Floor
          PO Box 7006
          Bridgeport, CT 06601-7006
          (203) 330-2213
          igoldman@pullcom.com

          Its Attorneys (Application Pending)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : April 6, 2022 |
| | : |

## CERTIFICATION OF SERVICE

I Irve J. Goldman, herby certify that on the 6th day of April, 2022, The Official Committee of Unsecured Creditors' (the "Committee") M*otion Of Debtor For Entry Of An Order Authorizing (I) Employment And Payment Of Professionals Utilized In The Ordinary Course, (II) Payment Of Prepetition Claims, And (III) Granting Related Relief* was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

                                                    */s/ Irve J. Goldman*
                                                    Irve J. Goldman

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

ACTIVE/83201.1/IJG/10245596v1