# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | : | CHAPTER 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 22-50073(JAM) |
| HO WAN KWOK, | : | |
| Debtor. | : | |
| | : | April 6, 2022 |

**JOINDER OF CREDITORS RUI MA, WEICAN MENG AND ZHENG WU TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BROWN RUDNICK LLP AS COUNSEL FOR THE DEBTOR**

Creditors Rui Ma, Weican Meng and Zheng Wu ("**Creditors**"), by and through their undersigned counsel, hereby submit this joinder to the Official Committee of Unsecured Creditors' (the "**Committee**") Limited Objection (the "**Committee's Limited Objection**") [ECF 164] to the Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Brown Rudnick LLP ("**Brown Rudnick**") as Counsel for the Debtor (the "**Application**") [ECF 86], and respectfully state as follows:

1. The Creditors join the Committee's Limited Objection to the Application. The Creditors share the Committee's concerns regarding the propriety and excessive retainer amount received by Brown Rudnick. It should be investigated whether a portion of either of the $500,000 retainer payments constitute a preference, or otherwise should be transferred to the estate. In addition, the Creditors question whether Brown Rudnick can cost-effectively represent the Debtor in this purportedly minimal asset case with rates far exceeding those of comparable counsel in this jurisdiction.

1

2.       The Creditors also note that they have reviewed the various disclosures made by Brown Rudnick in the Application and have concerns. For instance, while Brown Rudnick discloses it has previously represented Mr. Zheng Wu (or an affiliated entity) [ECF 86 at p.35 (Schedule 2)], no one has reached out to Mr. Wu to discuss the potential conflict or to seek a waiver, nor has Brown Rudnick explained to Mr. Wu why it is not a conflict for the firm to serve as Debtor's counsel. At minimum, such disclosure should have been made to the Debtor prior to Brown Rudnick's engagement. The Creditors are evaluating this matter and reserve all their rights.

## CONCLUSION

**WHEREFORE**, the Creditors request that the Court deny the Application unless it is modified as requested in the Committee's Objection, and until all potential conflicts are resolved, and grant such other and further relief as is just and proper.

Dated: April 6, 2022

*/s/   Kristin B. Mayhew*
Kristin Mayhew
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
kmayhew@mdmc-law.com

- and -

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**CALLARI PARTNERS LLC**
One Rockefeller Plaza, 10th Floor
New York, NY 10020
(212) 202-3050
ccallari@callaripartners.com
dforsh@callaripartners.com

*Attorneys for Rui Ma, Weican Meng and Zheng Wu*

## CERTIFICATE OF SERVICE

I, Kristin B. Mayhew, hereby certify that a true and accurate copy of the foregoing Joinder of Creditors Rui Ma, Weican Meng and Zheng Wu to the Official Committee of Unsecured Creditors' Limited Objection to Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Brown Rudnick LLP as Counsel for the Debtor was filed with the Court on April 6, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

      /s/ Kristin B. Mayhew
Kristin B. Mayhew

KBM/M1738/1001/1823665v1
04/06/22-HRT/BD

4