**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**LIMITED OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE UNITED STATES TRUSTEE TO APPOINT AN EXAMINER OR A CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee") of Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor"), herby submits this limited opposition to the motion of the United States Trustee ("UST") to appoint an examiner or a chapter 11 trustee in this case (the "UST Motion") (ECF 102), and respectfully states as follows:

**RELEVANT PROCEDURAL HISTORY**

1. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has remained a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has yet been appointed in the Debtor's bankruptcy case, although on March 19, 2022, the UST Motion seeking the appointment of a chapter 11 trustee or an examiner. The Examiner/Trustee Motion is scheduled for hearing on April 13, 2022, and

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

according to the UST's Amended Proposed Order at n. 1 (ECF No. 116), the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case.

3. On March 21, 2022, the Committee was officially appointed by the United States Trustee and on March 28, 2022, selected Pullman & Comley, LLC ("P&C") as its counsel.[2]

4. The UST Motion, along with other motions and applications filed in the case are scheduled for hearing on April 13, 2022 at 10:00 a.m.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the UST Motion and the contested matter initiated thereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §1106, Fed. R. Bankr. P. 2007.1, 9014, and D. Conn. LBR 9014-1.

## COMMITTEE POSITION

6. The Committee agrees with the UST that the Debtor's conduct justifies serious consideration of the appointment of a chapter 11 trustee, but in the Committee's view, it is not warranted or in in the best interest of the estate and its creditors at this time.

7. Inasmuch as the Debtor claims to have virtually no assets and appears to have no business operations that could potentially impact the estate, more information is needed before the UST can identify what precisely a trustee would be managing instead of the Debtor.

8. As for an examiner, while the Committee agrees with the UST that a thorough investigation respecting the Debtor's assets, income, expenses, as well as estate causes of action, is necessary, the Committee is poised to undertake such an investigation, such that the appointment of an examiner would be duplicative and wasteful of time and resources.

---

[2] The Committee filed an application for authority to employ P&C on April 5, 2022.

9. Moreover, unlike an examiner, the Committee can seek derivative standing to pursue estate causes of action, which in this case appear likely to exist but not likely to be pursued by the Debtor. *See Official Committee of Unsecured Creditors v. Pardee* (*In re Stanwich Financial Services Corp.*), 288 B.R. 24, 27 (Bankr. D. Conn. 2002).

10. The Committee otherwise joins and adopts by reference the Limited Opposition of Creditors Rui Ma and Weican Meng to the Motion of the United States Trustee to Appoint an Examiner or a Chapter 11 Trustee (ECF No. 170).

11. Accordingly, the Committee submits that in the exercise of its discretion, the Court allow the Committee time to undertake its investigation and defer consideration of the UST Motion to a later date to determine at that time whether the relief requested is warranted.

**WHEREFORE**, the Committee respectfully requests that the Court deny or defer consideration of the UST Motion and grant such other or further relief as it may deem just, equitable and proper.

Dated: Bridgeport, Connecticut
April 6, 2022

                                            **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:   */s/Irve J. Goldman*
        Irve J. Goldman
        Jonathan A. Kaplan
        Pullman & Comley, LLC
        850 Main Street, 8th Floor
        PO Box 7006
        Bridgeport, CT 06601-7006
        (203) 330-2213
        igoldman@pullcom.com

        Its Attorneys (Application Pending)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : April 6, 2022 |
| | : |

**CERTIFICATION OF SERVICE**

I Irve J. Goldman, herby certify that on the 6th day of April, 2022, The Official Committee of Unsecured Creditors' (the "Committee") *Opposition to the Motion of the United States Trustee to Appoint an Examiner or a Chapter 11 Trustee* was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

*/s/ Irve J. Goldman*
Irve J. Goldman

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

ACTIVE/83201.1/IJG/10245918v1