**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>April 6, 2022 |

**OBJECTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. TO THE
UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE
APPOINTMENT OF AN EXAMINER**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX") respectfully submits this limited objection (this "Objection") to the *United States Trustee's Motion for an Order Directing the Appointment of an Examiner or, in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee* [ECF No. 102] (the "Examiner/Trustee Motion"). PAX is filing concurrently a cross motion for dismissal of the above-captioned chapter 11 case, or, in the alternative, a partial joinder in the United States Trustee's motion for appointment of a chapter 11 trustee (the "Dismissal Motion").[2]

In support of this Objection, PAX respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.  Ho Wan Kwok ("Kwok" or the "Debtor") owes PAX in excess of $250 million, including a substantial fine resulting from Kwok's brazen and prolonged contempt of court.[3]

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.
[2] *Cross Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for Order Directing the Appointment of a Chapter 11 Trustee* (filed concurrently herewith). Capitalized terms used but not defined herein shall have the meaning set forth in the Dismissal Motion.
[3] *See* Official Form 106 Summary of Assets & Liabilities & Certain Statistical Information at 20, ECF No. 78.

1

PAX is, by far, Kwok's largest creditor and has committed extensive resources to uncovering his misconduct. PAX's efforts have borne fruit—there are already judicial findings relating to Kwok's pattern of using shell companies and family members to hide his assets in the New York Action.[4] And a separate federal court has reached similar conclusions, including finding that Kwok made various transfers to family members for no consideration and had operated an affiliated entity as a "shell for him and his family."[5]

2. There is no reason or need to appoint an examiner to review these findings or conduct an investigation into any other of Kwok's schemes. The appointment of an examiner would be a lengthy bridge to nowhere. An examiner cannot prosecute causes of action against Kwok, his family or his shell companies. An examiner can only issue a report that may or may not constitute admissible evidence in future proceedings, and which Kwok can simply ignore if he doesn't like the findings. Thus, an examiner will not bring this case any closer to consensus or closure. If this case is not dismissed, it needs ***action***, not reports—action to marshal estate resources, pursue suits against Kwok and his family and shell companies, and provide creditors with the recoveries to which they are entitled. That can be best achieved through case dismissal or appointment of a trustee—relief PAX is seeking.

3. An examiner would also unfairly burden PAX because PAX will need to participate in any proceedings conducted by the examiner, yet PAX will still need to litigate all of the same issues once the examiner's report is issued. Appointment of an examiner favors the

---

[4] *See* Dismissal Motion at 7–15. Justice Ostrager stated on the record in the New York Action in connection with PAX's motion to freeze Kwok's assets that he ***"believes . . . that Mr. Kwok has attempted to mislead the Court,"*** is ***"playing a shell game with his assets,"*** and that this is a "*case in which there's been a great deal of gamesmanship, a great deal of dissembling, and some flagrant disregard of court orders."*** Friedman Decl, Ex. 43 at 21:11–16; 24:9–11.
[5] *E. Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL), 2021 WL 2554631, at *1–7 (S.D.N.Y. June 22, 2021).

Debtor for precisely this reason—it provides an opportunity to delay further enforcement of judgments against him.

4.  In sum, appointment of an examiner would impose delay, promote redundant work, and provide little to no benefit for Kwok's creditors. Only Kwok would benefit from this and an examination that does not and cannot result in immediate action against him. Dismissal of this case, or appointment of a trustee, would be a superior result for creditors. PAX therefore objects to the appointment of an examiner.

## ARGUMENT

5.  The Examiner/Trustee Motion outlines serious concerns with the Debtor's credibility and the proper management of estate assets. PAX agrees with the United States Trustee's concerns, but believes those concerns warrant case dismissal or appointment of a chapter 11 trustee, not the appointment of an examiner. Below, PAX sets forth the reasons an examiner is not sufficient to address Kwok's misconduct and therefore should not be ordered in the first instance.[6]

6.  As a threshold issue, if a trustee is appointed, an examiner cannot be. Section 1104(c) of the Bankruptcy Code provides "if the court does not order the appointment of a trustee under this section . . . the court shall order the appointment of an examiner." Thus, the Court has the power to choose whether a trustee better fits the needs of this case than an examiner does. In a separate pleading, PAX has demonstrated why a trustee is appropriate. While the Court could conclude that appointment of an examiner is merited given Kwok's misconduct, an examiner is a much worse choice than a trustee for the reasons set forth below.

---

[6] The reasons for dismissing the case, and why dismissal is the superior remedy, are set forth at length in the Dismissal Motion. *See* Dismissal Motion at 16–33. The case for the appointment of a chapter 11 trustee can also be found in the Dismissal Motion as well as the Examiner/Trustee Motion. *See* Dismissal Motion at 33–38; *see also* Examiner/Trustee Motion at 4, 22–26.

7.      *First*, if Kwok's chapter 11 case is not dismissed, an examiner cannot necessarily take the actions needed to benefit creditors, which include compelling the turnover of property from—or pursuing claims against—Kwok or the shell companies and family members Kwok uses to hide assets.  A trustee can, and, as a consequence, appointment of a trustee is far preferable.

8.      Courts have generally prohibited examiners from acting as trustees under the Bankruptcy Code.  *See In re Int'l. Distrib. Ctrs. Inc.*, 74 B.R. 221, 222–24 (S.D.N.Y. 1987) (reversing bankruptcy court order expanding examiner's powers "to encompass all powers" of a trustee); *Weld ex rel. Patton's Busy Bee Disposal Serv. v. Robert A. Sweeney Agency (In re Patton's Busy Bee Disposal Serv.)*, 182 B.R. 681, 685 (Bankr. W.D.N.Y. 1995) ("The position of examiner is not a device to circumvent the appointment of a trustee.").  *See also In re The Bible Speaks*, 74 B.R. 511, 514 (Bankr. D. Mass. 1987) ("[T]his case cries out for the services of a trustee. An examiner would lack the powers to accomplish what must be done.").  Though some courts have afforded examiners limited trustee-like powers, the only circuit-level opinion addressing the issue concluded that "§1106(b)'s broad grant is most naturally interpreted to authorize only acts relating directly to investigation." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery,* 330 F.3d 548, 578 (3rd Cir. 2003); *Official Comm. of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.),* 285 B.R. 148, 156 (Bankr. D. Del. 2002) ("the court has misgivings whether the concept of an examiner acting as the prosecutor of a fraudulent conveyance proceeding is consistent with the more general concept of the examiner under the Code").

9.     As set forth in the Dismissal Motion, Kwok is entirely unfit to act as a fiduciary of his bankruptcy estate.[7] If the Dismissal Motion is not granted, only a chapter 11 trustee can satisfy this fiduciary role—not an examiner.

10.     <u>Second</u>, an examiner's report would not be binding on the parties, and may not be able to provide admissible evidence, or otherwise advance the chapter 11 case. After an examiner's report is complete, there is no indication that Kwok would abide by its conclusions, so an examiner's report would likely serve as nothing more than an expensive delay. In contrast, a chapter 11 trustee's work will lead to action to recover assets on behalf of the estate. Indeed, the evidentiary value of an examiner's report is highly suspect: it would be subject to challenge as inadmissible hearsay in any proceedings and would also likely fail to withstand a challenge to its introduction as an expert report unless it were subject to costly discovery. *See, e.g.*, *In re Rickel & Associates, Inc.*, 272 B.R. 74, 87–88 (Bankr. S.D.N.Y. 2002) (noting that findings in examiner's investigation report are inadmissible hearsay and non-binding); *see also In re Washington Mut., Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del. 2010), Dec. 2, 2010 Hr'g Tr. at 25–32 (bench ruling indicating that examiner's reports are inadmissible as expert reports unless parties are given full discovery regarding the basis for the conclusions). Similarly, PAX's consent will presumably be necessary to confirm any plan, and the conclusions of an examiner's report is almost certain to have no impact on PAX's vote given everything PAX already knows about Kwok and his shell companies and family members. Thus, the cost in time and expense of an examiner would not materially advance the case, and so would have precious little to show for it.

---

[7] *See* Dismissal Motion at 30–32, 34–37.

11.     <u>Third</u>, an examiner would be wastefully duplicative of previous efforts.  Kwok and his estate have *already* been subject to multiple levels of investigation prior to the commencement of the case, so appointment of an examiner to produce an investigatory report would be unnecessary.

12.     Examiners may be useful in cases where there has been no prepetition litigation with findings of fact.  For example, cases involving recently discovered (or uninvestigated) fraud, misconduct, or other mismanagement, such as *Tribune*,[8] *Dynegy*,[9] *Enron*,[10] or *WordCom*,[11] are prime candidates for an examiner, as are cases where examiners take more limited, specialized roles, such as valuing an asset[12] or reviewing a particular transaction process.[13]  In the traditional examiner cases such as the four identified above, an examiner was preferable to a trustee because of the operating businesses that would be disrupted with the appointment of a trustee.  An examiner provided a needed investigation while maintaining the ongoing status quo of the debtor-in-possession, which can be key to maximizing value during the pendency of complex commercial chapter 11 cases.  In Kwok's case, there is no ongoing business for a trustee to either maintain or disrupt, so choosing an examiner over a trustee provides no benefit to the Debtor's estate.  Thus, again, a trustee is preferable to an examiner.

13.     Moreover, as set forth in the Dismissal Motion, an extensive record already exists in Kwok's cases, and multiple judges have, upon reviewing the evidence as independent arbiters,

---

[8] *In re Tribune Media Co.*, Case No. 08-13141 (Bankr. D. Del. 2008).
[9] *In re Dynegy Holdings, LLC*, Case No. 11-38111 (Bankr. S.D.N.Y. 2011).
[10] *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. 2001).
[11] *In re Worldcom*, Case No. 02-13533 (Bankr. S.D.N.Y. 2002).
[12] *In re Northwest Airlines Corp.*, Case No. 05-17930 (Bankr. S.D.N.Y. 2005).
[13] *See, e.g.*, Order Directing the Appointment of an Examiner and Specifying Scope of Examiner's Investigation and Duties Pursuant to Sections 1104(c) and 1106(b) of the Bankruptcy Code, *In re Lyondell Chemical Co.*, Case No. 09-10023-mg (REG) (Bankr. S.D.N.Y. Oct. 28, 2009), ECF 3148; Order Appointing an Examiner Pursuant to 11 U.S.C § 1104(c), *In re Purdue Pharma L.P.*, Case No. 19-23649 (Bankr. S.D.N.Y. June 21, 2021), ECF 3048.

made findings with respect to Kwok's conduct.[14] Thus, an examiner's investigation and report would be unnecessarily duplicative of these efforts.

## CONCLUSION

14. For the reasons stated above, PAX objects to the appointment of an examiner because it is it is not what this case needs. If this case is not dismissed, a trustee should be appointed, not an examiner.

Dated: April 6, 2022
New York, New York

**Pacific Alliance Asia Opportunity Fund L.P.**

By: /s/ Patrick M. Birney
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
          asmith@rc.com

-and-

Peter Friedman
Stuart M. Sarnoff
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
        ssarnoff@omm.com

---

[14] Dismissal Motion at 7–16, 35.

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System and served in the manner described in the accompanying Motion.

*/s/ Patrick M. Birney*_____
Patrick M. Birney