**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM) |

**MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO ITS MOTION TO DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, PARTIAL JOINDER TO UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), creditor of the above-captioned debtor ("Kwok" or the "Debtor"), by and through its undersigned counsel, hereby moves (the "Motion") for authorization to exceed any page limit requirements for *Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "Dismissal Motion"), filed concurrently herewith. In support of the Motion, PAX respectfully states as follows:

**BACKGROUND**

1.  On February 15, 2022, the Debtor commenced this case following the February 9 entry of a contempt order by the New York Supreme Court (Hon. Barry R. Ostrager) and a $134,000,000.00 fine payable within five business days of the order.[2]

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

[2] *See* Ex. 1 to Ex. B to the *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* [ECF No. 57].

2.  As described in the Dismissal Motion, (i) Kwok is abusing the bankruptcy system; (ii) Kwok is acting in bad faith by improperly attempting to make PAX relitigate already-resolved legal issues in a new forum; (iii) Kwok's estate is diminishing and has no reasonable prospect of rehabilitation, an enumerated cause for dismissal under the Bankruptcy Code; and (iv) Kwok's behavior constitutes "gross mismanagement of the estate," as set forth in section 1112(b)(4)(B) of the Bankruptcy Code.

3.  To address the numerous concerns raised by the Debtor's behavior and his inability to rehabilitate through this chapter 11 case, the Dismissal Motion provides uncontroverted facts through multiple state court records, decisions, and proceedings that substantiate dismissal. Further, the Dismissal Motion also analyzes the relevant multi-factor tests for dismissal and the voluminous facts supporting the analysis. The Dismissal Motion also seeks the appointment of a chapter 11 trustee as alternative relief. As a result, the Dismissal Motion totals forty (40) pages.

## BASIS FOR RELIEF

4.  Local Rule 7007-2(a) provides, among other things, that a "brief shall not exceed twenty-five (25) pages (excluding the table of contents and table of authorities)." Local Bankr. R. 7007-2(a). Although Local Rule 7007-2(a) applies on its face only to briefs in adversary proceedings (and not expressly to contested matters) in an abundance of caution PAX seeks leave of the Court to exceed the 25 pages, and cause exists to grant the requested relief.

5.  The Dismissal Motion seeks two forms of alternative relief: either dismissal of the case under section 1112(b)(1) "for cause" or appointment of a trustee pursuant to section 1104(a) of title 11 of the United States Code (the "Bankruptcy Code"). Accordingly, the Dismissal Motion concerns multiple legal standards, as well as a complex factual background.

6. Among other arguments, the Dismissal Motion enumerates three distinct ways this chapter 11 case represents a misuse of the bankruptcy system; facts that demonstrate the twelve *Syndicom* and *C-TC* factors considered when examining subjective bad faith; the objective futility of this chapter 11 proceeding; why there is no reasonable likelihood of rehabilitation; and examples of "gross mismanagement" of the bankruptcy estate.

7. Seeking alternative forms of relief through a single motion serves the same interests of efficiency as the page limits imposed by the Local Rules. In addition, section 1112(b)(1) specifically states that dismissal is appropriate "for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Thus, the Dismissal Motion presents the necessary factual and legal support for both dismissal for cause or, in the alternative, appointment of a trustee, which requires significant pages.

8. For these reasons, should Local Rule 7007-2(a) apply to the Dismissal Motion, cause exists to grant PAX leave to exceed the page limit.

WHEREFORE, PAX respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit A, granting (i) PAX leave to exceed the page limitation imposed by Local Rule 7007-2(a) and (ii) such other and further relief as the Court deems just and proper.

[*Signature page on following page*]

| | |
|---|---|
| Dated: April 6, 2022<br>Hartford, Connecticut | **The Movant,**<br>Pacific Alliance Asia Opportunity Fund L.P<br><br>By: */s/ Patrick M. Birney*<br>　　Patrick M. Birney (CT No. 19875)<br>　　Annecca H. Smith (CT No. 31148)<br>　　**ROBINSON & COLE LLP**<br>　　280 Trumbull Street<br>　　Hartford, CT 06103<br>　　Telephone: (860) 275-8275<br>　　Facsimile: (860) 275-8299<br>　　E-mail: pbirney@rc.com<br>　　　　　　asmith@rc.com<br><br>　　-and-<br><br>　　Peter Friedman (admitted *pro hac vice*)<br>　　Stuart M. Sarnoff (admitted *pro hac vice*)<br>　　**O'MELVENY & MYERS LLP**<br>　　7 Times Square<br>　　New York, NY 10036<br>　　Telephone: (212) 326-2000<br>　　Facsimile: (212) 326-2061<br>　　Email:  pfriedman@omm.com<br>　　　　　　ssarnoff@omm.com |