**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok[1]<br><br>            Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM) |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br>            Movant,<br><br>vs.<br><br>Ho Wan Kwok,<br><br>            Respondent | <br><br><br><br><br><br><br><br>April 6, 2022 |

**MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.**
**TO SCHEDULE A STATUS CONFERENCE, SET BRIEFING**
**SCHEDULE AND SCHEDULE HEARING REGARDING ITS**
**MOTION TO DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE,**
**PARTIAL JOINDER TO UNITED STATES TRUSTEE'S MOTION FOR AN ORDER**
**DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Now comes Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), and through the

instant motion (the "Motion"), hereby moves the Court for entry of an order pursuant to sections

105(a) and (d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002,

9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

scheduling a status conference, setting a briefing schedule and hearing date and limiting notice of

the hearing on its *Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to*

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

1

*United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "Dismissal Motion") as set forth in the Proposed Order (the "Order") attached hereto as Exhibit A. In further support of its Motion, PAX states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. For purposes of this Motion, PAX accepts that venue may be proper in this district without prejudice to any future motion to transfer venue. This Motion is a core proceeding under 28 U.S.C. §157(b).

3. The predicate for the relief requested herein is sections 105(a) and (d)(1) of the Bankruptcy Code; Bankruptcy Rules 2002, 9006, and 9007; and Rules 2002-1 of the Local Rules of the United States Bankruptcy Court for the District of Connecticut.

## BACKGROUND

4. As described in the Dismissal Motion, (i) Kwok is abusing the bankruptcy system; (ii) Kwok is acting in bad faith by improperly attempting to make PAX relitigate already-resolved legal issues in a new forum; (iii) Kwok's estate is diminishing and has no reasonable prospect of rehabilitation, an enumerated cause for dismissal under the Bankruptcy Code; and (iv) Kwok's behavior constitutes "gross mismanagement of the estate," as set forth in section 1112(b)(4)(B) of the Bankruptcy Code.

5. To address the numerous concerns raised by the Debtor's behavior and his inability to rehabilitate through this chapter 11 case, the Dismissal Motion provides uncontroverted facts through multiple state court records, decisions, and proceedings that substantiate dismissal. Further, the Dismissal Motion also analyzes the relevant multi-factor tests for dismissal and the

voluminous facts supporting the analysis. The Dismissal Motion also seeks the appointment of a chapter 11 trustee as alternative relief.

## REQUESTED RELIEF AND AUTHORITY

6. PAX respectfully requests entry of the Order (1) setting a status conference on the Dismissal Motion for **April 13, 2022 at 10:00 a.m.**, the same date and time the Court is currently scheduled to preside over several other matters in this chapter 11 case, including the United States Trustee's *Motion for Order Directing Appointment of an Examiner, or in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee* (the "Trustee Motion") [Dkt No. 102].

7. By this Motion, PAX also requests an entry of an Order setting a briefing schedule and setting a hearing date on the Dismissal Motion and limiting notice to certain core constituents and other parties who have registered to receive notice through the ECF system. Cause exists for the granting of this relief.

8. In pertinent part, section 105(d)(1) of the Bankruptcy Code provides that the Court, "on its own motion or on the request of a party in interest—(1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(1).

9. Additionally, Bankruptcy Rule 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these Rules or by a notice given thereunder or

by order of the court, the court for cause shown may in its discretion, with or without motion or notice, order the period reduced."

10. Setting a status conference on the Dismissal Motion for April 13, 2022 at 10:00 a.m. will promote judicial economy and reduce administrative expense as the Debtor, PAX, the Office of the United States Trustee and counsel for the Official Committee of Unsecured Creditors, as well as other parties in interest will be in Court for other matters currently on the Court's calendar.

11. Further, cause exists to set a briefing schedule and schedule a hearing on the Dismissal Motion as soon practicable at the convenience of the Court. PAX has provided evidence through the Dismissal Motion of (i) Kwok's abuse of the bankruptcy system; (ii) Kwok's bad faith; (iii) the fact that there is no reasonable prospect of Kwok's rehabilitation through this chapter 11 case; and (iv) the continued diminishment and Kwok's gross mismanagement of the bankruptcy estate (enumerated causes for dismissal under the Bankruptcy Code). A briefing schedule and hearing date will expeditiously join the issues raised in the Dismissal Motion and permit the swift adjudication of the relief requested therein.

12. Bankruptcy Rules 9007 and 2002(m) give the Court the power to regulate and designate the content, form, and recipients of notices. PAX seeks to limit the notice recipients of the Stay Motion to the following parties (hereinafter, the "Notice Parties"):

      a. The Debtor;

      b. The Office of the United States Trustee;

      c. The Internal Revenue Service;

      d. Counsel for the Official Committee of Unsecured Creditors; and

4

      e.    Any other parties that have requested service pursuant to Bankruptcy Rule 2002 as of the time of service.

PAX respectfully submits that such notice is sufficient and that no further notice of this Motion is required.

    13.    PAX requests that the Court permit that service of the notice of the status conference, briefing schedule and hearing date on the Dismissal Notice be permitted by overnight courier, e-mail or facsimile on the Notice Parties by no later than a date certain the Court deems sufficient notice under the circumstances.

    **WHEREFORE,** the Debtors respectfully request that the Court enter an order shortening notice of the hearing on the Exclusivity Extension Motion.

[*Signature on following page*]

| | |
|---|---|
| Dated: Hartford, Connecticut<br>April 6, 2022 | **Pacific Alliance Asia Opportunity Fund L.P.**<br><br>By: */s/ Patrick M. Birney*<br>  Patrick M. Birney (CT No. 19875)<br>  Annecca H. Smith (CT No. 31148)<br>  **ROBINSON & COLE LLP**<br>  280 Trumbull Street<br>  Hartford, CT 06103<br>  Telephone: (860) 275-8275<br>  Facsimile: (860) 275-8299<br>  E-mail: pbirney@rc.com<br>  asmith@rc.com<br><br>  -and-<br><br>  Peter Friedman (admitted *pro hac vice*)<br>  Stuart M. Sarnoff (admitted *pro hac vice*)<br>  **O'MELVENY & MYERS LLP**<br>  Times Square Tower<br>  7 Times Square<br>  New York, NY 10036<br>  Telephone: (212) 326-2293<br>  E-mail: pfriedman@omm.com<br>  ssarnoff@omm.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System and served in the manner described in the accompanying Motion.

/s/ Patrick M. Birney
Patrick M. Birney