**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
:
In re:                                                               :    Chapter 11
                                                                     :
    Ho Wan Kwok,                                    :    Case No. 22-50073 (JAM)
                                                                     :
                                                                     :    Date: April 13, 2022
    Debtor.¹                                         :    Time: 10:00 AM (ET)
                                                                     :
---------------------------------------------------------------------X

**DEBTOR'S OMNIBUS REPLY TO OBJECTIONS TO**
**DEBTOR'S APPLICATIONS TO RETAIN VERDOLINO & LOWEY, P.C.,**
**STRETTO, INC. AND DEBTOR'S ORDINARY COURSE PROFESSIONAL MOTION**

    Mr. Ho Wan Kwok, as the debtor and debtor-in-possession ("Mr. Kwok" or the "Debtor") in the above-captioned Chapter 11 case, by and through his undersigned proposed counsel, hereby submits this omnibus reply (this "Omnibus Reply") in support of the: (i) *Debtor's Application for Authorization to Retain and Employ Verdolino & Lowey, P.C. as Financial Advisor* [Dkt. No. 90] (the "V&L Application"); (ii) *Debtor's Application for Authorization to Retain and Employ Stretto as Claims and Noticing Agent* [Dkt. No. 87] (the "Stretto Application"); and (iii) *Motion of Debtor for Entry of an Order Authorizing (I) Employment and Payment of Professionals Utilized in the Ordinary Course, (II) Payment of Prepetition Claims, and (III) Granting Related Relief* [Dkt. No. 119] (the "OCP Motion;" the foregoing, collectively, the "Pleadings") and in response to the objections filed thereto by the United States Trustee for Region 2 at Dkt. Nos. 161, 162, and 163 (the "UST Objections" filed by the "U.S. Trustee"), the Official Committee of Unsecured Creditors at Dkt. Nos. 166, 174,

---

¹    Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

and 176 (the "UCC Objections" filed by the "Committee"), Creditors Rui Ma and Weican Meng at Dkt. Nos. 173 and 175 (the "Creditor Objections" filed by the "Individual Creditors"), and Pacific Alliance Asia Opportunity Fund L.P. at Dkt. Nos. 171 and 177 (the "PAX Objections" filed by "PAX;" the foregoing collectively, the "Objections" filed by the "Objectors"). In support of this Omnibus Reply, the Debtor respectfully states as follows:

## REPLY

1. As set forth in the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions*, dated March 20, 2022 [Dkt. No. 107] (the "Kwok Declaration"), which is incorporated herein, the Debtor commenced this Chapter 11 case with certain objectives, specifically to: (a) create a single forum to orderly address the various competing claims asserted against him; (b) afford stakeholders an efficient opportunity to investigate the Debtor's assets, liabilities and financial affairs, given what the Debtor perceives to be a misunderstanding in that regard; (c) establish what assets are estate property and, in turn, available for distribution to the competing creditor interests; and, hopefully (d) reach consensus with creditors (including PAX) on a fair and equitable distribution of estate assets pursuant to a Chapter 11 plan. Kwok Decl. ¶ 3.

2. The relief requested in the Pleadings authorizes the Debtor to retain and employ the necessary and qualified professionals that will advise and guide the Debtor on how to pursue and accomplish these case objectives—legitimate objectives that are aligned with the fundamental goals of the Bankruptcy Code. For the reasons set forth herein, the Objections are inappropriate, premature, and must be overruled.

## A. VERDOLINO & LOWEY, P.C.'S RETENTION IS NECESSARY AND BENEFICIAL TO THE ESTATE.

3. The objecting parties do not question the qualifications of Verdolino & Lowey, P.C. ("V&L") to serve as financial advisor to the Debtor. Rather, the Objections principally contend that V&L's services are purportedly unnecessary in this case because the Debtor is not operating a business, has no cash flow, and this is not a financially complex matter. These objections fail.

4. Pursuant to Bankruptcy Code Section 327(a), the Debtor is entitled to retain professional persons, including financial advisors, to assist in the administration of the Chapter 11 case. 11 U.S.C. § 327(a). As set forth in the Kwok Declaration, the Debtor requires the assistance of an experienced, qualified financial advisor to, among other things, prepare, review, and analyze the necessary financial disclosures mandated under the Bankruptcy Code and the ongoing monthly and quarterly reporting requirements during the pendency of the Chapter 11 case. Kwok Decl. ¶ 52.

5. The services that V&L anticipates providing in this case include: (a) the preparation and review of the Debtor's schedules and statements (and any updates to the same); (b) complying with monthly reporting requirements (including coordinating with Golden Spring (New York) respecting amounts paid on the Debtor's behalf); (c) the preparation and/or review of cash flow and related budget projections; (d) coordinating on the disbursement of funds when necessary and providing accounting of all cash activity; (e) claims review and administration; (f) plan of reorganization formulation, analysis, and review; (g) the rendering of any necessary litigation support; and (h) the providing of general consulting and assistance with any other matters and tasks that may arise during the pendency of the Chapter 11 case. Id. Additionally,

V&L's services would benefit the investigation to be conducted by the Examiner, and the Debtor's communications with other case professionals.

6.      Indeed, V&L has already provided necessary and beneficial services to the Debtor, including assistance in preparing the Debtor's Statement of Financial Affairs [Dkt. No. 77] ("SOFA"), Summary of Assets and Liabilities [Dkt. No. 78] (the "Schedules"), and periodic reporting in this case [Dkt. No. 120].  Kwok Decl. ¶ 19.

7.      In short, the Debtor's proposed retention of V&L as financial advisor is legally and factually supported, and the objecting parties do not offer any compelling justification for denying the proposed retention.  To the extent that any objecting party believes services rendered to the Debtor by any estate professional were unnecessary, they can seek appropriate relief with respect to an application for allowance of fees and compensation.

8.      Finally, to address concerns raised by the U.S. Trustee as to V&L's connections, attached hereto as **Exhibit A** is the case-parties list that was utilized by V&L to check for connections with the Debtor and parties in interest to this Chapter 11 case.

   **B. STRETTO IS PROVIDING NECESSARY AND TAILORED SERVICES IN EFFICIENT MANNER.**

9.      The Objectors oppose the retention and employment of Stretto, Inc. ("Stretto") as the Debtor's claims and noticing agent purportedly because: (i) this is a not a "mega" Chapter 11 case and it lacks the creditor body that would warrant such services; (ii) the estate should not incur the costs and expenses of a claims and noticing agent; (iii) practitioners and Chapter 7 trustees in this district routinely usurp the function of a claims and noticing agent; (iv) the undersigned counsel should be equipped to fill this limited role; and (vii) to the extent that plan solicitation services are required, the Stretto Application may be revisited.

10.     These objections miss the mark. Stretto is providing noticing, service, and related administrative services in this case. These are necessary services, Stretto has substantial experience in these areas, and can adequately provide these services at reasonable cost to the estate. Absent Stretto's assistance, the Debtor's other advisors would be required to perform these necessary services at materially higher cost to the estate. Stretto's expertise with these matters presents cost efficiencies that are in the best interests of this estate and its creditors (including the Objectors). In addition to the cost efficiencies that will be realized by Stretto's retention in this Chapter 11 case, Stretto has established a dedicated case webpage, available at: https://cases.stretto.com/HoWanKwok. This webpage provides the public, the various case professionals, and creditors with an easily accessible and cost-free resource to the case docket (in contrast to the PACER docket) and permits any party in interest to file claims and review the claims register.

11.     Moreover, the Debtor has filed his bar date motion [Dkt. No. 146], and anticipates soon seeking to solicit on a plan. The Debtor, this estate, and all creditors would significantly benefit from Stretto's services, experience, and cost-effectiveness with respect to these matters.

**C.    THE OBJECTIONS TO THE ORDINARY
        COURSE PROFESSIONAL MOTION ARE PREMATURE.**

12.     The OCP Motion is intended to reduce the unnecessary and burdensome retention requirements respecting professionals rendering services that are not core to the administration and prosecution of this Chapter 11 case—the typical basis for ordinary course professionals motions filed in other Chapter 11 cases. To the extent that the Objectors argue that the Debtor has failed to demonstrate good cause by failing to describe the scope of services to be performed, the terms of compensation, and whether such professionals hold adverse interests to the Debtor

or this Chapter 11 estate, among other requested disclosures, such arguments are entirely premature.

13. The OCP Motion is essentially a procedures motion. The proposed verified statement to be submitted by each of the eighteen (18) ordinary course professionals listed on Exhibit A to the OCP Motion will address most if not all of the Objectors' concerns. To the extent that any Objector believes that a verified statement lacks adequate information, such Objector may file a timely response in this regard pursuant to and in accordance with the relief set forth in the OCP Motion.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court overrule the Objections, grant the relief requested in the Pleadings, and grant such other and further relief to the Debtor as is just and proper.

Dated: April 10, 2022

                              **BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

-and-

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        upinelo@brownrudnick.com

**EXHIBIT A**

**Debtor and Aliases**
Guo Haoyun
Guo Wen Gui
Guo Wengui
Guo Wen-Gui
Gwo Wen Gui
Hao Yung Guo
Haoun Guo
Haoyun Guo
Haoyunguo
Ho Kwok
Ho Wan Kwok
Ho Wankwok
Kwok Ho
Kwok Ho Wan
Miles Guo
Miles Kwok
Wan Gue Haoyun
Wan Gui Haoyun
Wen Gui Gwo
Wengui Guo

**Professionals and Related Vendors**
Aaron Mitchell
Ari Casper
Baker Hostetler LLP
Bankruptcy Management Solutions, Inc. (trade name Stretto)
Brown Rudnick LLP
Clayman Rosenberg Kirshner & Linder LLP
Craig R. Jalpbert
Damon Parker
Dr. Eric Goldsmith
Forbes Hare
Ganfer Shore  Leeds & Zauderer LLP
Guy Petrillo
Harcus Parker Limited
Isabelle Kirshner
Janover LLC
Jeffrey Gavenman
John Lau
John Siegal
Lalive
Lawall & Mitchell, LLC
Mark Zauderer
Martello Financial Services

**Professionals and Related Vendors (cont.)**
Matthew Hoyle Ltd.
Melissa Francis
Mindy Kamen
Montbrial Avocats
Petrillo Klein & Boxer LLP
Professor Brad Wendel
Robert Nader
Sa'ad Hossain
Sandrine Giroud
Schulman Bhattacharya, LLC
Sebastian Isaac
Shane Shook
The Casper Firm, LLC
The Francis Firm PLLC
Thibault de Montbrial
Una Wilkinson
Verdolino & Lowey, P.C.
Victor Cerda
VX Cerda & Associates
William Wendel

**Debtor's Family**
Hing Chi Ngok
Mei Guo
Qiang Guo (a/k/a Mileson)

**US Trustee Staff**
Erin Hogan
Frank Marino
Holley L. Claiborn
Jennifer J. Morey
John Gervais
Joseph H. Flamini
Kim McCabe
Nicole Neely
Sharon Warner
Steven E. Mackey
William Harrington

**Bankruptcy Court Judges & Clerk**
Judge Ann M. Nevins
Judge James J. Tancredi
Judge Julie A. Manning
Pietro Cicolini

**Taxing Authority**
Internal Revenue Service

**Debtor's Co-Defendants**
Beijing Pangu Investment Co.
Beijing Zenith Holdings Co.
Bravo Luck Ltd.
Dongna Fang
G Club Operations LLC
Genever Holdings Corporation
Genever Holdings LLC
GTV Media Group, Inc.
Lihong Wei Lafrenz (a/k/a Sara Wei)
Rule of Law Foundation III Inc.
Rule of Law Society IV, Inc.
Saraca Media Group, Inc.
Voice of Guo Media, Inc.

**Hong Kong Restraining Order Parties**
AAGC Limited
Alfa Global Ventures Limited
Alfonso Global Limited
Allied Capital Global Limited
Anton Development Limited
BSA Strategic Fund I
China Golden Spring Group (Hong Kong) Limited
Creative Apex Investments Limited
Crystal Breeze Investments Limited
Elite Well Global Limited
Globalist International Limited
Guo Lijie
Han Chunguang
Hong Kong International Funds Investments Limited
Infinite Increase Limited
Infinitum Developments Limited
Insight Phoenix Fund
Leading Shine Limited
Noble Fame Global Limited
Qu Guojiao
Rosy Acme Ventures Limited
Zhang Wei

**Unsecured Creditors & Other Parties in Interest**
Ace Decade Holdings Limited
Boxun, Inc.
Chao-Chih Chiu
Cheng Jian Wu Jian She
Chenglong Wang
Chong Shen Raphanella
Clark Hill PLC
Dawn State Limited
Eastern Profit Corporation Limited
Fan Bingbing
Forgepoint Capital
Gao Bingchen
Golden Spring (New York) Ltd.
Guo Baosheng
Haihong Wang
Hero Grand Limited
Hong Kong Interior Design and Engineering Company
Hong Qi Qu
Hong Zeng
Huizhen Wang
Jia Li Wang
Jiamei Lu
Jian Gong
Jianhu Yi And Qiuju Jia
Jiansheng Xie
Jiefu Zheng
Jonathan Young
Jumbo Century Limited
Jun Chen Aka Jonathan Ho
Jun Liu
June Juzhen Shi
Kaixin Hong
Keyi Zilkie
Lamp Capital, LLC
Liehong Zhuang/Xiao Yan Zhu
Linda Cheng
Linda He Cheung
Logan Cheng f/k/a Shuiyan Cheng
Mao-Fu Weng
Nan Tong Si Jian
New Dynamic Development Limited
Ning Ye
One Essex Court

2

**Unsecured Creditors & Other Parties in Interest (cont.)**

Pacific Alliance Asia Opportunity
Quiju Jia
Rafael Vargas
Real Rise Academy
Rong Zhan
Rui Ma
Ruqin Wang
Sail Victory Limited
Samuel Dan Nunberg
Samuel Nunberg
Sherry Netherland, Inc.
Shuang Wang
Strategic Vision
Teli Chen
Thomas Ragland
Transperfect
UBS AG
UBS AG (London Branch)
Us Legal Support
Veritext Legal Solutions
Wa&Hf, LLC/Ruizeng An
Weican ("Watson") Meng
Weiguo Sun
Weixiand Ge
Well Origin
Well Origin Limited
Wen Lin
Xaio Yan Zhu
Xiaobo He
Xiaodan Wang
Xiaoping Luo
Xingyu Yan
Xiqiu ("Bob") Fu, (Pastor Fu Or Dr. Fu)
Xiqiu Fu
Yan Gao
Yan Zhao
Yang Lan And Wu Zheng
Yeliang Xia
Yi Li
Ying Liu
Yua Hua Zhuang Shi
Yue Hua Zhu Shi
Yunxia Wu
Zeichner Ellman & Krause Llp

**Unsecured Creditors & Other Parties in Interest (cont.)**

Zheng Wu A/K/A Bruno Wu
Zhengjun Dong