B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>HK International Funds Investments (USA) Limited, LLC | **DEFENDANTS**<br>Ho Wan Kwok and Pacific Alliance Asia Opportunity Fund L.P. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stephen M. Kindseth / Aaron A. Romney<br>Zeisler & Zeisler, PC<br>10 Middle St., 15thFl., Bridgeport, CT  06604  203.368.4234 | **ATTORNEYS** (If Known)<br>William Baldiga - Brown Rudnick LLP  wbaldiga@brownrudnick.com<br>Robert Stark - Brown Rudnick LLP  rstark@brownrudnick.com<br>Peter Friedman - O'Melveny & Myers LLP  pfriedman@omm.com<br>Stuart Sarnoff - O'Melveny & Myers LLP  ssarnoff@omm.com |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Relief pursuant to 28 USC Sections 2201-2202 regarding whether a Vessel is property of the estate within the meaning of 11 U.S.C. 541

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 (JAM) |||
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport || NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Aaron A. Romney ||||
| DATE<br><br>April 11, 2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aaron A. Romney ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| HO WAN KWOK, | : | CASE NO. 22-50073 (JAM) |
| | : | |
| Debtor. | : | |
| | : | |
| HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC | : | ADV. PRO. NO. _____ |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HO WAN KWOK and PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., | : | |
| | : | |
| Defendants. | : | |
| | : | APRIL 11, 2022 |

**COMPLAINT FOR DECLARATORY RELIEF**

Pursuant to 28 U.S.C §§ 2201-2202 and Fed. R. Bank. 7001(2) & (9), Plaintiff, HK International Funds Investments (USA) Limited, LLC ("HK USA"), a party in interest, hereby brings its complaint against the defendants, the debtor in possession, Ho Wan Kwok (the "Debtor" or "Kwok"), and Pacific Alliance Asia Opportunity Fund, L.P ("PAX"), seeking a declaratory judgment that a certain vessel known as the Lady May (the "Lady May") is not property of the Debtor's Chapter 11 Bankruptcy Estate (the "Estate") within the meaning of 11 U.S.C. § 541. In support thereof, HK USA alleges as follows:

**I.    SUMMARY OF HK USA'S CAUSE OF ACTION**

This Court has exclusive jurisdiction over what constitutes property of the Debtor's bankruptcy estate. It is not disputed that HK USA is the registered owner of the Lady May—a forty-four-meter pleasure yacht. As set forth below, PAX had repeatedly claimed that the Debtor

1

is the "true owner" of the Lady May. HK USA disputes this contention and asserts that it is, in fact, the Lady May's exclusive owner. Thus, there exists an actual controversy appropriate for this Court's adjudication by way of a declaratory judgment.

This Adversary Proceeding follows years of litigation between PAX and the Debtor *to which HK USA was not a party*. Throughout, PAX has alleged that the Debtor and certain entities that he allegedly controls (not including HK USA) owe PAX tens of millions of dollars related to an alleged business loan and guaranty. On September 15, 2020, the Supreme Court of the State of New York, New York County, granted PAX summary judgment against the Debtor on the issue of liability, with damages and the issue of whether the "corporate defendants" are the Debtor's alter egos to be determined at a later date. HK USA is not and never has been one of those alleged corporate defendants.

Following summary judgment, PAX commenced a procedure to attempt to force the Debtor—based on his alleged ability to "control" the Lady May—to restrain the use of the Lady May. PAX initially obtained an order compelling the Debtor to return the Lady May to the United States, and, subsequently, an order of contempt when the Debtor failed to do so. To this day PAX has never made HK USA a party to these proceedings. Thus, by this action, HK USA seeks this Court's declaration that it—not the Debtor—is the lawful owner of the Lady May, and, therefore, that the Lady May is not property of the Debtor's Estate within the meaning of 11 U.S.C. § 541.

## II.    FACTS

**A.    The Parties**

1.      Plaintiff, HK USA is a Delaware limited liability company with an address located at 203 NE Front Street, Suite 101, Milford, Delaware.

2.	HK USA is the registered owner of the Lady May. The Lady May is registered in the Cayman Islands

3.	Non-party, Ms. Mei Guo, is HK USA's sole shareholder and the Debtor's daughter. She currently resides in the United States and is seeking political asylum in the United States due to her treatment in the People's Republic of China by the Chinese Communist Party ("CCP").

4.	The Debtor resides at 373 Taconic Road, Greenwich, Connecticut.

5.	Upon information and belief, Defendant PAX is an investment fund organized as an exempted limited partnership under the laws of the Cayman Islands. PAX has a registered office located at P.O. Box 472, 2nd Floor, Harbour Place, Grand Cayman, Cayman Islands.

**B.**	**Jurisdiction, Venue and the Nature of This Proceeding**

6.	The Debtor filed for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 15, 2022.

7.	Pursuant to 28 U.S.C §§ 2201-2202 and Fed. R. Bank. 7001(2) & (9), this Complaint initiates an adversary proceeding seeking a declaratory judgment that the Lady May is not property of the Estate within the meaning of Bankruptcy Code § 541.

8.	This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), because the claims asserted herein arise under the Bankruptcy Code and arise in a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division.

9.	This Court has the exclusive jurisdiction to determine what property is, and is not, property of the Estate within the meaning of Bankruptcy Code § 541.

3

10.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) because it concerns the administration of the Debtor's Estate.

11.     Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1409(a), because the Debtor's bankruptcy case is pending in this district and division.

**C.     The History of the Lady May and its Ownership**

12.     The Lady May was built in 2014.

13.     Until October 2014, the Debtor owned an entity known as Hong Kong International Funds Investments Limited ("HK International"). In October 2014, the Debtor transferred his interest in HK International to Ms. Qu Guo Jiao ("Ms. Qu"). Ms. Qu was a trusted business partner of Ms. Guo's older brother, Qiang Guo.

14.     The Debtor has not owned an interest in HK International since October 2014.

15.     In early 2015, the Debtor fled Hong Kong to the United States after learning that the CCP was going to arrest him on politically motivated charges based on fabricated evidence. Within days from when the Debtor fled Hong Kong to the United States, the CCP detained Ms. Guo and her mother for approximately ten (10) days.

16.     In February of 2015, Ms. Guo's brother funded the purchase of the Lady May through HK International as a gift for Ms. Guo.

17.     Qiang Guo, along with other members of Ms. Guo's family, have enjoyed many years of financial success that were independent from the Debtor and his businesses.

18.     In December 2016, the CCP detained Ms. Guo a second time, this time alone for approximately forty (40) days. During this period of detention, Ms. Guo was physically and psychologically tortured including sleep deprivation for periods of approximately forty-eight (48) hours and physical restraint from moving or using the bathroom.

19. In the spring of 2017, the CCP allowed Ms. Guo and her mother to travel to the United States—accompanied by a high ranking Chinese official and a security detail—in an attempt to coerce the Debtor to return to China in exchange for their freedom.

20. On May 16, 2017, Ms. Guo, her mother, the high ranking Chinese official and the security detail departed for the United States. Despite the Chinese official's demands, the Debtor, Ms. Guo and her mother refused to return to China, and Ms. Guo was able to escape her captors. She has remained in the United States ever since and is currently seeking political asylum here.

21. Because the Lady May was originally purchased for Ms. Guo, Ms. Qu transferred ownership of HK International to her on June 27, 2017, once she was safely in the United States. In addition, by that time Ms. Qu was also under threat from the CCP in Hong Kong.

22. When Ms. Guo acquired HK International, HK International's sole asset was the Lady May. Because HK International acquired the Lady May after the Debtor divested his interest in HK International, Ms. Guo did not receive anything from the Debtor, directly or indirectly, when she received HK International.

23. On April 17, 2020, HK International transferred ownership of the Lady May to HK USA, a Delaware limited liability company, which placed the Lady May in a United States based entity. The Lady May continued to be registered in the Cayman Islands.

24. At no time since Ms. Guo owned the Lady May through HK International and/or HK USA has either entity ever held a bank account. The Lady May's expenses were previously funded through Golden Spring (New York) Ltd. ("Golden Spring"). Now they are funded by Lamp Capital LLC ("Lamp Capital"). Ms. Guo's brother owns Golden Spring, and he indirectly owns Lamp Capital. Thus, Ms. Guo's brother, originally through Golden Spring and now through Lamp Capital, funds the expenses to manage, operate and maintain the Lady May.

25. Ms. Guo, directly and through her representatives, is solely responsible for directing the Lady May's operations and movements. Ms. Guo personally countersigns agreements with the Lady May's crew members and/or its yacht management company.

26. For many years, the Lady May has traditionally been located in the Northeast United States from May to mid-October and it travels South for the winter. This movement is typical for boats similar to the Lady May, which are not designed to be used or operated in cold weather. HK USA's representatives always directed the Lady May's captain to move the Lady May from the North to the South (and vice versa) when the seasons changed. The Debtor never had the authority to give the Lady May's captain these directives and he never did.

27. Similar to many other pleasure yachts, the Lady May often hosts guests. No guest, including the Debtor, is permitted to board the Lady May without Ms. Guo's permission.

28. The Debtor has no legal or equitable ownership interest in HK USA or the Lady May.

### D. PAX's Efforts to Restrain the Lady May

29. On September 15, 2020, PAX obtained summary judgment against the Debtor as to liability only on its claim for breach of a guaranty in the action captioned *Pacific Alliance Asia Opportunity Fund, L.P v. Kwok Ho Wan et al*, Index 652077/2017 (the "New York Action"). Neither HK USA nor Ms. Guo personally were parties to the New York Action.

30. On October 15, 2020, PAX obtained an ancillary order against the Debtor under NY CPLR 5229 purporting to restrain the Debtor "and/or the registered owners of . . . the yacht, the 'Lady May' . . . from making or causing any sale, assignment, transfer or interference with [the Lady May]."

31. NY CPLR 5229 applies to adverse parties against whom a verdict or decision has been made. Neither Ms. Guo nor HK USA were adverse parties in the New York Action, and no verdict or decision had been rendered against them.

32. On March 16, 2021, the New York Supreme Court found the Debtor in contempt because the Lady May was removed from the jurisdiction of the United States. No contempt order entered against HK USA or Ms. Guo because they were not parties to the New York Action or the contempt proceeding.

33. On February 9, 2022, following an evidentiary hearing on February 2, 2022, the New York Supreme Court entered a final order of contempt against the Debtor. The Court drew substantial adverse interests against the Debtor because he exercised his Fifth Amendment right and declined to testify.

34. Ms. Guo testified as a witness but neither she nor HK USA were parties to that proceeding. As such, the New York Supreme Court made no finding regarding the extent of HK USA's interest in the Lady May. Rather, the "fundamental issue [in the contempt proceeding was] who directed the yacht to be removed from this Court's jurisdiction in October 2020."

35. On March 1, 2022, PAX filed in this Court a Motion for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 363(d)(2) of the Bankruptcy Code (the "Stay Motion"). (Doc. No. 57). In the Stay Motion, PAX contends that the Lady May is a "critical estate asset." (Id. at 14).

36. PAX repeatedly seeks judicial determinations and actions concerning the Lady May and the Debtor's alleged interest in it, but it has yet to include HK USA or Ms. Guo as parties

to any of those proceedings, despite the fact that HK USA is indisputably the registered owner of the Lady May.

37. PAX contends that the Lady May is a critical asset of the Debtor's Estate that should "benefit all creditors" (Doc. No. 52 at 14), but no Court has made any determination as to HK USA's interest in the Lady May and, with the commencement of the Debtor's bankruptcy case, only this Court may determine if the Lady May is property of the Debtor's Estate within the meaning of Bankruptcy Code § 541.

38. Thus, there is an actual, bona fide, and substantial issue in controversy regarding the extent of the Debtor's and HK USA's interest in the Lady May the resolution of which will significantly impact the administration of the Debtor's estate and resolve otherwise ongoing uncertainty.

### COUNT ONE: DECLARATORY RELIEF: THE LADY MAY IS NOT PROPERTY OF THE DEBTOR'S ESTATE WITHIN THE MEANING OF 11 U.S.C § 541

39. HK USA repeats and realleges each of the allegations set forth in paragraphs 1-38 as if fully set forth herein.

40. HK USA is the exclusive legal owner of the Lady May.

41. The Debtor does not hold an ownership interest in the Lady May.

42. The Lady May does not constitute property of the Debtor's bankruptcy estate within the meaning of Bankruptcy Code § 541.

**WHEREFORE**, HK USA seeks a judicial declaration from this Court that the Lady May is not property of the Debtor's Estate within the meaning of Bankruptcy Code § 541.

Dated at Bridgeport, Connecticut this 11th day of April, 2022.

                                                 HK INTERNATIONAL FUNDS
                                                 INVESTMENTS (USA) LIMITED, LLC

                                                 By: */s/ Aaron A. Romney*
                                                 Stephen M. Kindseth (ct14640)
                                                 Aaron A. Romney (ct28144)
                                                 Zeisler & Zeisler, P.C.
                                                 10 Middle Street, 15th Floor
                                                 Bridgeport, CT  06604
                                                 (203) 368-4234
                                                 (203) 549-0872 (fax)
                                                 skindseth@zeislaw.com
                                                 aromney@zeislaw.com
                                                 Its Attorneys