**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>               Debtor. | CHAPTER 11<br><br>Case No. 22-50073(JAM) |
| Rui Ma,<br><br>               Movant<br><br>v.<br><br>Ho Wan Kwok,<br><br>               Respondent | Contested Matter<br><br>April 12, 2022 |

**MOTION OF RUI MA FOR RELIEF FROM THE AUTOMATIC STAY
TO ALLOW PENDING STATE COURT LITIGATION TO PROCEED**

Rui Ma ("**Movant**") hereby moves (this "**Motion**") for an order, substantially in the form attached hereto as **Exhibit A**, granting relief from the automatic stay in order to permit her personal injury lawsuit that is pending in state court to proceed to judgment against the debtor Ho Wan Kwok a/k/a Guo Wengui (the "**Debtor**"), and respectfully states as follows:

1

## PRELIMINARY STATEMENT[1]

1. The Movant, a creditor and personal injury claimant against the Debtor, seeks relief from the automatic stay solely to liquidate her claims to finality, but not to collect on any judgment against the Debtor or his estate except through the bankruptcy process. Movant commenced litigation against the Debtor in 2017 asserting personal injury claims based on more than a year of horrific abuse by the Debtor. Discovery in the State Court Litigation has been completed and the case is on the trial calendar, but has now been stayed due to the Debtor's commencement of this Chapter 11 Case. This Court lacks jurisdiction to liquidate Movant's Claim and Movant seeks her "day in court." As set forth herein, ample cause exists for relief from the automatic stay to allow the State Court Litigation to proceed to a final judgment. Accordingly, the Motion should be granted.

## JURISDICTION AND PREDICATES FOR RELIEF

2. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G). Venue in this Court over the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 28 U.S.C. § 157(b)(2)(B) and (O), 28 U.S.C § 157(b)(5), 11 U.S.C. § 362(d)(1), and Federal Rule of Bankruptcy Procedure 4001(a).

## BACKGROUND

### A. Rui Ma's Claims

3. Movant was assaulted, battered, terrorized, imprisoned, and raped by the Debtor between April 2015 and November 2016.

---

[1] Capitalized terms used but not otherwise defined in this Preliminary Statement have the meanings ascribed to such terms below.

4. After escaping from the Debtor in 2016 and returning to her home in China, Movant reported these incidents to the Chinese police. Since then, the Debtor has retaliated against Movant by posting photos of the Movant and her parents online, and identifying personal information such as her address.

5. In 2017, Movant commenced a civil action in the Supreme Court of the State of New York, New York County ("**State Court**"), Index No. 158140/2017 (the "**State Court Litigation**"), against the Debtor and Golden Spring New York Ltd. ("**Golden Spring**"), asserting claims for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment against the Debtor and related claims for negligence and violations of applicable New York state and city workplace laws and regulations against Golden Spring. In all, Movant asserted eleven causes of action arising from her personal injuries caused by the Debtor (collectively, "**Movant's Claim**").

6. A true and correct copy of the Movant's complaint in the State Court Litigation (the "**Complaint**") is attached as Exhibit A to the *Declaration of Carollynn H.G. Callari in Support of Motion of Rui Ma for Relief from The Automatic Stay to Allow Pending State Court Litigation to Proceed* (the "**Callari Decl.**"), filed contemporaneously herewith.

7. By the Complaint, Movant is seeking damages not less than $20 million, as well as punitive damages, attorneys' fees and costs. The State Court Litigation has substantially progressed. Discovery commenced in 2018 and has since been completed, including all party document discovery and depositions, and the Note of Issue has been filed, placing the State Court Litigation on the trial calendar.

8. Although the State Court Litigation is on the trial calendar, the Debtor has moved in the State Court to permit further discovery from third parties. This issue, and related motions

to quash by the Movant, are fully briefed and submitted to the State Court. In addition, on February 15, 2022, just hours before commencing his bankruptcy case, Debtor filed a motion to vacate the Note of Issue. This motion to vacate is largely duplicative of the Debtor's pending motion to extend discovery and appears to be nothing more than an attempt to create a false appearance of open motion practice in the State Court Litigation. Notably, because the basis for the Debtor's motions and requested additional discovery is his ludicrous allegation – raised at the eleventh hour, years after the commencement of discovery – that the Movant is acting at the behest of an agent of the CCP intent on harassing him. This allegation (which seems to be the Debtor's standard response to any adversaries) is false, as well as being factually impossible, and the Movant submits that these filings by the Debtor are nothing more than a delay tactic intended to delay his day of reckoning for his deplorable conduct.

9. The State Court Litigation has been stayed as a result of the Debtor's commencement of this Chapter 11 Case.[2]

**B. The Chapter 11 Case**

10. On February 15, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**") commencing this chapter 11 case (the "**Chapter 11 Case**"). Since that time, the Debtor has remained a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

11. No trustee or examiner has yet been appointed in this Chapter 11 Case, although on March 19, 2022, the United States Trustee ("**UST**") filed a Motion for Order Directing Appointment of an Examiner, or in the alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee (the "**Examiner/Trustee Motion**"). The Examiner/Trustee Motion is

---

[2] For the avoidance of doubt, Movant reserves all of her rights to proceed against non-debtor defendant Golden Spring.

4

scheduled for hearing on April 13, 2022, and according to the UST's Amended Proposed Order at n. 1 (ECF No. 116), the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case. On March 21, 2022, a committee of unsecured creditors (the "**Committee**") was officially appointed by the United States Trustee.

12. The Debtor's list of 20 largest unsecured creditors filed with the petition, and as amended, identifies Movant as the second largest non-insider creditor in this case. (ECF Nos. 4, 20).

## RELIEF REQUESTED

13. By this Motion, Movant requests entry of an order granting relief from the automatic stay for the limited purpose of permitting Movant to prosecute the State Court Litigation to a final judgment and liquidate Movant's Claim. Movant is not seeking, and agrees not, to enforce any judgment against the Debtor or assets of the estate without first obtaining a further order of the Court. Due to the projected fast-moving pace of this Chapter 11 Case, Movant also requests the Court waive the fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3).

## ARGUMENT

14. The Bankruptcy Code provides that "[o]n the request of a party in interest and after notice and a hearing, the [bankruptcy] court *shall* grant relief from the stay . . . (1) for cause . . . ." *See* 11 U.S.C. § 362(d)(1)(emphasis added).[3] When determining whether "cause" exists to lift the stay for pre-petition litigation, courts in this jurisdiction consider the following factors:

> 1. whether relief would result in a partial or complete resolution of the issues;
> 2. lack of any connection with or interference with the bankruptcy case;
> 3. whether the other proceeding involves the debtor as a fiduciary;

---

[3] As a creditor, Movant is a party in interest. See 11 U.S.C. § 1109(b).

KBM/M1738/1001/1824240v3
04/12/22-HRT/BD

    4.    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

    5.    whether the debtor's insurer has assumed full responsibility for defending [the action];

    6.    whether the action primarily involves third parties;

    7.    whether litigation in another forum would prejudice the interests of other creditors;

    8.    whether the judgment claim arising from the other action is subject to equitable subordination;

    9.    whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

    10.    the interests of judicial economy and the expeditious and economical resolution of litigation;

    11.    whether the parties are ready for trial in the other proceeding; and

    12.    the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990).

    15.    Not all of the *Sonnax* factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis. *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citation omitted). Additionally, each element does not need to be accorded equal weight. *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994). The movant has the initial burden to demonstrate "cause" exists to grant relief from the stay. *See Sonnax*, 907 F.2d at 1285. The application of the *Sonnax* factors to the facts and circumstances of this case demonstrates that cause exists for lifting the automatic stay.

    16.    (***Sonnax*** **factor no. 1**): First, the Movant's Claim against the Debtor in the State Court Litigation consists of claims for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment. *See* Callari Decl., Exhibit A (State Court Litigation Complaint). These are personal injury tort claims. Such claims are specifically excluded from matters in which bankruptcy courts can enter final judgments and

6

orders, or that may be estimated by bankruptcy courts for distribution purposes. 28 U.S.C. §§ 157(b)(2)(B), (O). Indeed, bankruptcy courts do not have jurisdiction to try personal injury tort claims. 28 U.S.C. § 157(b)(5). Movant demands a trial by jury in the State Court Litigation and does not consent to trial in this Court. Accordingly, stay relief is necessary to permit a resolution of Movant's Claim. This factor strongly weighs in favor of finding cause to lift the stay as requested herein.

17. (*Sonnax* **factor no. 2**): Proceeding with the State Court Litigation will not interfere with this Chapter 11 Case, but will assist in its administration, by allowing Movant's Claim against Debtor to progress from disputed and unliquidated to a liquidated claim that is based on a final judgment as determined by the State Court.[4] Movant's Claim is the second largest non-insider unsecured claim on the Debtor's list of 20 largest unsecured creditors. (ECF No. 20). Liquidating Movant's Claim would substantially facilitate establishing the pool of claims against the Debtor. In particular, since the Debtor has represented his intention to pay claims in full, it is in all parties' interests to have Movant's Claim liquidated. Allowing Movant's Claim to be adjudicated also should expedite the Court's ability to determine dischargeability issues in any adversary proceeding to be commenced by Movant.[5] This Court cannot liquidate Movant's Claim. Further, since the Debtor professes to not having a job or earning a living, and not having any business to manage, the administration of this Chapter 11 Case will not be adversely impacted by any burden

---

[4] Movant notes that the Debtor's list of top creditors and his schedules identify Movant's Claim as disputed but not contingent and liquidated in the amount of $20,000,000. As set forth above, Movant is seeking damages in an amount not less than $20 million, plus punitive damages, attorney's fees, and costs. Accordingly, Movant's Claim is not liquidated in the amount of $20,000,000.

[5] Movant intends to commence an adversary proceeding to confirm the non-dischargeability of Movant's Claim pursuant to Section 523 of the Bankruptcy Code.

that might be borne by the Debtor personally as the State Court Litigation proceeds to trial. Accordingly, this factor weighs heavily in favor of granting the Motion.

18. (***Sonnax* factors nos. 3 and 4**): Factor 3 is neutral as the other proceeding does not involve the debtor as a fiduciary. Factor 4 weighs in favor of lifting the stay since the State Court has the necessary expertise by jurisdictional empowerment to render a ruling on Movant's Claim, while this Court is not authorized to do so.

19. (***Sonnax* factors nos. 5, 6, 7**): Although the Debtor does not have any insurance that has assumed responsibility for defending the State Court Litigation, the same counsel is representing the Debtor and Golden Spring in the State Court Litigation and appears to be funded on an ongoing basis – *including in the post-petition period* – by funds from co-defendant Golden Spring.[6] Movant submits that the course of conduct establishes that the Debtor's defense costs will continue to be borne by Golden Spring and not by the estate.[7] Further, although the State Court Litigation does not *primarily* involve third parties, it does substantially involve Golden Spring, against whom Movant also desires to continue the State Court Litigation and hereby also seeks the Court's confirmation that the stay does not apply to such non-debtor entity. Based on the Debtor's professed poverty, it is reasonable to presume that any judgment in the State Court Litigation could be satisfied by the non-debtor defendant Golden Spring. Regardless, the relief requested herein is limited to allowing the State Court Litigation to proceed to final judgment.

---

[6] In particular, the Debtor's Statement of Financial Affairs discloses that the Debtor paid to his counsel in the State Court Litigation $89,508.91 on February 16, 2022. Docket No. 77 at 21. This unauthorized post-petition payment was in addition to $156,627.07 previously paid to such counsel in the 90 days prior to the commencement of this case. In light of the Debtor's other statements in this case, the source of such funding is reasonably presumed to be Golden Spring.

[7] To the extent that the Debtor or Golden Spring might assert that any such funding of defense costs is merely a loan from Golden Spring, the Movant submits that any such "loan" from an insider on non-commercial terms and with no prospect whatsoever for repayment, is readily characterizable as equity or equitably subordinated to the claims of non-insider creditors.

Once liquidated, Movant would not be allowed to enforce any such judgment against the Debtor or his estate without first obtaining a further order of the Court. Accordingly, allowing the State Court Litigation to proceed will not prejudice other creditors. These factors, therefore, are neutral or weigh in favor of granting the stay relief requested in the Motion.

20. **(*Sonnax* factors nos. 8 and 9)**. Factors 8 and 9 are neutral or weigh in favor of stay relief in that there is no genuine basis for Movant's Claim arising from the State Court Litigation to be subject to equitable subordination and Movant's success in the State Court Litigation would not result in a voidable judicial lien.

21. **(*Sonnax* factors nos. 10, 11, 12)**. The parties were in active litigation before the State Court prior to the Debtor's commencement of this Chapter 11 Case. Discovery was completed, the Note of Issue was filed and the matter was put on the trial calendar. Judicial economy will be promoted if the Court lifts the stay because Movant's Claim arises exclusively under state law and the State Court is best positioned to resolve such matters. Indeed, the Court lacks jurisdiction to resolve the claims at issue in the State Court Litigation, which are personal injury claims. Further, while Movant has suffered and continues to suffer from her horrific abuse by the Debtor, he continues to live as a billionaire and ignore the orders of other courts and his fiduciary duties to the estate. Consideration of judicial economy, the balance of harms, and the interests of justice, all strongly weigh in favor of Movant and allowing the State Court Litigation to proceed.

22. Accordingly, cause exists for the Court to grant relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to allow the State Court Litigation to proceed to final judgment, and the Motion should be granted.

## **CONCLUSION**

**WHEREFORE**, Movant respectfully requests that the Court enter an order modifying the automatic stay to allow the State Court Litigation to proceed to final judgment against the Debtor and granting such other and further relief as is just and proper.

Dated: April 12, 2022                     */s/ Kristin B. Mayhew*
                                          Kristin B. Mayhew
                                          **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
                                          30 Jelliff Lane
                                          Southport, CT 06890
                                          (203) 319-4000
                                          kmayhew@mdmc-law.com

                                          - and -

                                          Carollynn H.G. Callari (*pro hac vice*)
                                          David S. Forsh (*pro hac vice*)
                                          **CALLARI PARTNERS LLC**
                                          One Rockefeller Plaza, 10th Floor
                                          New York, NY 10020
                                          (212) 202-3050
                                          ccallari@callaripartners.com
                                          dforsh@callaripartners.com

                                          *Attorneys for Rui Ma*