UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| HO WAN KWOK, | : | Case No. 22-50073(JAM) |
| Debtor. | : |  |
|  | : |  |

## DECLARATION OF CAROLLYNN H.G. CALLARI IN SUPPORT OF MOTION OF RUI MA FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PENDING STATE COURT LITIGATION TO PROCEED

I, Carollynn Callari, hereby declare, pursuant to 28 U.S.C. §1746, under penalty of perjury:

I am an attorney admitted to practice in the State of New York and New Jersey and am a partner in the law firm of Callari Partners LLC which maintains an office at One Rockefeller Plaza, 10th Floor, New York, New York 10020, counsel for creditor Rui Ma in the above-captioned case. I respectfully submit this Declaration in support of the *Motion of Rui Ma for Relief from the Automatic Stay to Allow Pending State Court Litigation to Proceed*.

3.      Attached as Exhibit A is a true and correct copy of the Amended Verified Complaint filed on December 4, 2017 in Rui Ma's civil action in the Supreme Court of the State of New York, New York County, Index No. 158140/2017, against the above-captioned debtor, Guo Wengui a//k/a/ Miles Kwok and Golden Spring New York Ltd.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 11th day of April, 2022.

_____
Carollynn H.G. Callari

# EXHIBIT A

(AMENDED VERIFIED COMPLAINT IN STATE COURT LITIGATION)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------X

RUI MA,

                    Plaintiff,

      -against-

GUO WENGUI a/k/a MILES KWOK and
GOLDEN SPRING (NEW YORK) LTD.,

                    Defendants.

-----------------------------------------------------------X

Index. No. 158140/2017

**AMENDED**
**VERIFIED COMPLAINT**

Plaintiff Rui Ma ("Plaintiff"), by her undersigned attorneys, as and for her verified complaint against defendant Guo Wengui a/k/a Miles Kwok ("Defendant Guo"), and Golden Spring (New York) Ltd. (a/k/a Shiny Times Holding Limited, Spirit Charter Investment Limited and Beijing Pangu Investment Inc.) ("Golden Spring") respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Defendant Guo carefully cultivated an image of himself as a cultured political dissident who stands up to -- and exposes the rampant corruption within -- the tyrannical government of the People's Republic of China (the "PRC").

2.     This public persona, however, is a smokescreen, largely facilitated by Defendant Guo's considerable personal wealth and prominent connections in the West.

3.     In fact, this crafted fiction serves not only to satisfy the ego of Defendant Guo and those who affiliate with him; it further provides Defendant Guo with a means to mask the campaign of intimidation and terror he unleashes regularly upon those few of his employees, like Plaintiff, who dare not submit themselves entirely to his domination.

4.     By this Complaint, Plaintiff seeks recompense from Defendant Guo for his repeated acts of mental cruelty and sexual violence, so that Defendant Guo -- who has fled the

jurisdictions in which he could be held criminally responsible – might be held accountable in a civil forum for his wrongs.

## THE PARTIES

5.      Plaintiff is a 28-year old woman who is a Chinese national and who was, at all relevant times relevant here, employed as an assistant to Defendant Guo.  Plaintiff swears to the accuracy of the claims set forth herein by the verification attached to this pleading.

6.      Defendant Guo is a 50-year old man, who is also a Chinese national.

7.      At all relevant times, Defendant Guo was, and remains, a New York resident living in the Sherry-Netherland Hotel in an apartment that has been valued at approximately $68 million, located at 781 Fifth Avenue, New York, New York.

8.      Defendant Golden Spring is a Delaware Corporation affiliated with Defendant Guo, which is authorized to, and in fact does, business in the State of New York, with, upon information and belief, offices located at 767 Fifth Avenue.

9.      Upon information and belief, Defendant Guo has used, and continues to use, an alias, which he perpetuates via forged and false official travel documents in connection with his international travel, to avoid the detection of relevant authorities.

10.     For example, on information and belief, Defendant Guo has traveled under the name Ho Wan Kwok and had official travel documents issued in that name, which is fictitious.

11.     It has been reported that Defendant has now sought asylum in the United States, claiming that he has become "a political opponent of the Chinese regime."

https://www.nytimes.com/2017/09/07/world/asia/china-guo-wengui-corruption-asylum.html?_r=0

2

12.     Upon information and belief, Defendant's asylum application, which allows him to remain in the United States perhaps for years, is nothing more than a ruse to enable him to continue to avoid answering for his crimes against Plaintiff in the PRC.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this matter given that Defendant Guo is a resident of the State of New York.

14.     Venue in this County is proper pursuant to CPLR 503 since Defendant Guo is a resident of this County.

## FACTS SUPPORT CLAIMS

15.     Defendant Guo is a well-known Chinese national with an estimated net worth in excess of $2 billion.

16.     Defendant Guo has fashioned a particular persona via the media, such that he is lauded by some as a courageous dissident who has, at personal risk, detailed myriad allegations of corruption at the government of the PRC.

17.     Not surprisingly, Defendant Guo's claims have resulted in a fair amount of press coverage, both locally and abroad, wherein Defendant Guo is depicted as a whistleblower – albeit one with an indisputably checkered past rife with allegations of economic fraud. *See, e.g.,* https://www.nytimes.com/2017/06/27/world/asia/guo-wengui-china-corruption-xi-jinping.html?mcubz=1.

18.     By his narrative, Defendant Guo hopes to obtain political support for a petition for asylum in the United States, where he has yet to answer any of these the grave charges of misconduct pending in his homeland.

3

## Plaintiff Is Lured Away from her Family and Friends

19.     Perhaps emboldened by the respite from his foibles in the PRC afforded him by the status of his New York address and the prominence of his connections in the United States, Defendant Guo commenced building an infrastructure that would allow for him to continue conducting business.

20.     To this end, Defendant Guo established a staff for himself.

21.     In April 2015, Plaintiff, who was then employed by one of Defendant Guo's China-based affiliated entities, was told that she was to travel to New York for one week.

22.     This was a ruse.  Unbeknownst to Plaintiff, she would not return to her home until almost three years later.

## Plaintiff's "Employment" Commences

23.     After meeting Defendant Guo for the first time in New York, Plaintiff realized that she had taken no ordinary business trip.

24.     She was advised that she had arrived to act as Defendant Guo's assistant.

25.     In this capacity, she would be required to remain with Defendant Guo in New York City, and to travel with him to many different countries, including the United Kingdom ("U.K.") and the Bahamas.

26.     Defendant Guo further advised Plaintiff that, given that she was now in his employ, she could not at any point return to the PRC.  If she did, Defendant Guo warned, Plaintiff would be arrested and thrown in prison, where she would be tortured.

27.     To ensure that Plaintiff did not leave on her own, Defendant Guo forcibly took away Plaintiff's passport, and precluded Plaintiff from accessing it.

4

28.    Defendant Guo further closely monitored her telephonic and electronic communication access, choosing when she could use her phone and laptop, and obtaining from her the passwords she used for Facebook and other applications. He further had her internet browser monitored, so that he would be aware of any "inappropriate" website activity.

29.    Defendant Guo additionally forbad Plaintiff from independently fraternizing in any way with others outside his presence.  She was to have permission to call her parents; no other contact with family or friends was permitted.

30.    Plaintiff's isolation was exacerbated by the fact that she was not, at this time, a proficient English speaker.  Accordingly, her limited opportunity to communicate with anyone while confined within Defendant Guo's entourage in non-Chinese speaking countries was virtually non-existent.

31.    As a result of Defendant Guo's actions, almost immediately upon her arrival to the United States and at all relevant times thereafter, Plaintiff effectively became Defendant Guo's captive.

**Defendant Guo's Abuse Turns Physical**

32.    Once he had obtained physical control over her person, Defendant Guo began to terrorize her.

33.    Among other things, for example, Defendant Guo would require that Plaintiff work until 2 a.m. or 4 a.m., seven days a week -- depriving her of any real opportunity to sleep.

34.    When she made a mistake of any sort (whether it be defying one of Defendant Guo's "rules" or simply failing to attend to a business matter to his liking), Plaintiff would be subject to obscene ridicule, where she would be called a "pig" and a "whore," about whom her parents would be ashamed.

5

35.     This unrelenting verbal abuse was soon punctuated by acts of physical assault.

36.     For example, on September 1, 2015, while assisting in preparations for guests who were to arrive at Defendant Guo's New York apartment, Defendant Guo directed Plaintiff to go into the "cinema room."

37.     Once there, Defendant Guo pulled down his pants and underwear, and began to tear at Plaintiff's skirt and tights, physically battering her in the process.

38.     Plaintiff pled with Defendant Guo and thereby narrowly avoided rape on this one occasion.  Yet without her passport and in constant fear for her own safety and that of her parents (whom Defendant Guo had threatened to harm physically if she crossed Defendant Guo in any way), Plaintiff remained in Defendant Guo's captivity.

**Defendant Guo Rapes Plaintiff**

39.     Not long after the incident in the cinema room, on April 6, 2016, Defendant Guo directed Plaintiff to have drinks with him.

40.     Plaintiff initially objected to this, indicating to him that she did not want to drink.

41.     Defendant Guo, however, insisted – after which Plaintiff relented with the hopes of avoiding the humiliating and rage-filled outburst that she knew would occur if she did not.

42.     After some time, Plaintiff excused herself to go to sleep, only to be awoken by Defendant Guo, who was lying on top of her and attempting to separate her legs.

43.     Plaintiff yelled at Defendant Guo to stop, but he refused to do so.  Eventually, Defendant Guo overpowered her, and engaged in non-consensual forced sexual intercourse with Plaintiff.

44.     After this violence concluded, Defendant Guo left Plaintiff alone, bleeding in her bed.

6

Case 22-50073    Doc 206-1    Filed 04/12/22    Entered 04/12/22 14:56:05    Page 9 of 29

45.    Plaintiff continued to live in constant fear of Defendant Guo thereafter, remaining awake for as long as she could muster for fear that Defendant Guo would again attack.

**Defendant Guo Rapes Plaintiff Again**

46.    Subsequent to this rape, Defendant Guo's confinement and isolation of Plaintiff continued, and while at Defendant Guo's London home, Plaintiff was raped for a second time.

47.    On August 19, 2016, while Plaintiff was working, Defendant Guo entered the room where she was situated and locked the door behind him.

48.    He violently pulled Plaintiff from her chair, and threw Plaintiff to the floor and began to tear at her clothing.

49.    Plaintiff attempted to fight off Defendant Guo's attack, engaging in a sustained physical struggle.

50.    Again, however, Plaintiff, however, was ultimately overpowered by Defendant Guo, who tore at Plaintiff's pants and underwear.

51.    Throughout this entire struggle, Plaintiff begged Defendant Guo to stop.

52.    But Defendant Guo did not stop, and instead coldly responded that Plaintiff must stop shouting.

53.    Defendant Guo proceeded to pin Plaintiff's hands together with one hand, so that she could no longer resist him, and put the full weight of his body on her.

54.    Defendant Guo then proceeded to use his legs to separate Plaintiff's legs and again forcibly raped her.

7

FILED: NEW YORK COUNTY CLERK 12/04/2017 02:57 PM INDEX NO. 158140/2017

NYSCEF DOC. NO. 6 Case 22-50073 Doc 206-1 Filed 04/12/22 Entered 04/12/22 14:56:05 Page 10 of RECEIVED NYSCEF: 12/04/2017

29

**Plaintiff Escapes Defendant Guo's Captivity and Reports**
**Defendant Guo to the PRC Criminal Authorities**

55.     The rapes identified above are only examples of the sexual assaults to which Plaintiff was subjected. As a result of Defendant Guo's unrelenting emotional and physical abuse, Plaintiff fell into a deep depression.

56.     She began to take as a given that her abuse would continue (and worsen) no matter how much she adhered to the rules that Defendant Guo laid out for her.

57.     Plaintiff determined that she would attempt to reach out to people in ways that Defendant Guo did not yet anticipate or could not yet control given his confiscation of her identification and passwords for social media like Facebook and Twitter, if for no other reason than her desperate need for kindness from another human.

58.     Plaintiff then created a profile on a dating web application, and, upon receiving responses, would tentatively broach the subject of her mistreatment at the hands of her employer.

59.     Plaintiff utilized the dating application because she knew that Defendant Guo was monitoring all other social media outlets, e.g. Facebook and Twitter, and she had virtually no other means of privately communicating with the outside world.

60.     This narrow band of potential access was soon thwarted, however.

61.     On information and belief, one of Defendant Guo's favored employees (there were a number of females in the office who willingly engaged in intercourse with him) discovered the account Plaintiff created and revealed Plaintiff's activities.

62.     Defendant Guo's anger was extreme. After demeaning her in front of her colleagues he advised her that she would be subject to extreme punishment for her actions.

8

63.     Plaintiff, fearing for her life and the safety of her parents, Chinese nationals whom Defendant Guo threatened were accessible to him through his vast resources and could be harmed, picked an appropriate time for escape.

64.     In November 2016, Plaintiff chose her best opportunity and fled from Defendant Guo's London home.

65.     Upon arrival at the Chinese Embassy, she was able to communicate with an attorney in the United Kingdom, and was assured she would be protected from any retaliation Defendant Guo might pursue if she pressed charges.

**Plaintiff Files Criminal Complaints in the PRC**

66.     Following her return home, Plaintiff issued various written statements in connection with filing a criminal action against Defendant Guo in the PRC.

67.     In those statements, Plaintiff identified physical evidence of her allegations.

68.     Upon information and belief, that physical evidence is now in the custody of the PRC criminal authorities and is, in part, the basis for an arrest warrant issued by the PRC.

69.     Unfortunately, notwithstanding Plaintiff's escape from Defendant Guo, his campaign of intimidation has continued.

70.     For example, Plaintiff's parents have been contacted repeatedly by individuals who, upon information and belief, are agents of Defendant Guo.

71.     Defendant Guo has also taken to his twitter account, to post photos of Plaintiff (and her parents), as well as identifying information like her address.

72.     Upon information and belief, these efforts are directed at silencing Plaintiff so that Defendant Guo might avoid answering for his wrongs.

9

73. Defendant Guo's shocking and outrageous conduct has caused serious and lasting physical and emotional damage to Plaintiff.

74. Defendant Guo's actions, including his two year confinement of Plaintiff and his misrepresentations to Plaintiff about the repercussions for speaking publicly about her treatment at his hands, prevented Plaintiff from filing any legal proceedings prior to Plaintiff's escape from Defendant Guo.

75. Thereafter, Defendant Guo's continued harassment of Plaintiff after fleeing (which lead to Plaintiff's continued fear for her and her family's life) were prohibitive to Plaintiff instituting legal proceedings.

76. Defendant Guo should be held responsible for his continuing acts of confinement, assault, sexual harassment, and battery.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Battery)

77. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

78. As set forth above, Defendant Guo engaged in a series of continuous and related acts of confinement, physical violence and sexual attacks against Plaintiff.

79. Defendant Guo has physically detained Plaintiff, hit her, grabbed her and forcibly raped her.

80. Defendant Guo's acts constitute a battery upon Plaintiff in that Defendant Guo intentionally attempted to and did in fact physically attack and injure Plaintiff.

81. Defendant Guo's wrongful bodily contact constituted a grievous affront to Plaintiff.

10

82.     Defendant Guo's wrongful bodily contact was intentional, unauthorized, and grossly offensive in nature.

83.     Defendant Guo's wrongful bodily contact was unwarranted, without any just cause or provocation and Defendant Guo knew at all times that his actions were without the consent of the Plaintiff.

84.     The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

85.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

86.     As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

87.     The limitations on liability set forth in CPLR 1601 do not apply to this action.

88.     The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Assault)

89.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

90.     As set forth above, Defendant Guo engaged in a series of continuous and related acts of confinement, physical violence and sexual attacks against Plaintiff.

91.     Defendant Guo has physically detained Plaintiff, hit her, grabbed her and forcibly raped her.

11

92.     Defendant Guo's acts constitute an assault upon Plaintiff in that Defendant Guo intentionally threatened to and did in fact physically attack and injure Plaintiff.

93.     Defendant Guo's wrongful bodily contact constituted a grievous affront to Plaintiff.

94.     Defendant Guo's threatened and actual wrongful bodily contact was intentional, unauthorized, and grossly offensive in nature.

95.     Defendant Guo's threatened and wrongful bodily contact was unwarranted, without any just cause or provocation and Defendant Guo knew at all times that his actions were without the consent of the Plaintiff.

96.     The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

97.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

98.     As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

99.     The limitations on liability set forth in CPLR 1601 do not apply to this action.

100.    The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

101.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

12

102.    Defendant Guo's conduct, by confining, forcibly raping and physically battering Plaintiff, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community and was otherwise conduct that exceeded all reasonable bounds of decency.

103.    Defendant Guo's conduct, described above, was intended to and did cause severe emotional distress to Plaintiff.

104.    Defendant Guo's conduct was the direct and proximate cause of injury and damage to Plaintiff.

105.    As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

106.    As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

107.    The limitations on liability set forth in CPLR 1601 do not apply to this action.

108.    The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

109.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

110.    Defendant Guo's conduct, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and did, in fact, cause severe emotional distress to Plaintiff.

111.    The acts and conduct of Defendant Guo was the direct and proximate cause of injury and damage to Plaintiff.

13

112.    As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

113.    As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

114.    The limitations on liability set forth in CPLR 1601 do not apply to this action.

115.    The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligence)

116.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

117.    As set forth above, Defendant Guo engaged in a series of continuous and related acts of confinement, physical violence and sexual attacks against Plaintiff.

118.    Defendant Guo has physically detained Plaintiff, hit her, grabbed her and forcibly raped her.

119.    At all relevant times, Defendant Guo was Plaintiff's employer and thus had a duty to protect Plaintiff from injury while Plaintiff was performing the duties and responsibilities of her employment.

120.    Defendant Guo breached this duty by engaging in the conduct set forth in detail hereinabove.

121.    As set forth above, Plaintiff was caused to be injured solely and wholly due to the negligence and carelessness of Defendant Guo.

14

FILED: NEW YORK COUNTY CLERK 12/04/2017 02:57 PM          INDEX NO. 158140/2017

NYSCEF DOC. NO. 6     Case 22-50073    Doc 206-1    Filed 04/12/22    Entered 04/12/22 14:56:05    Page 17 of    RECEIVED NYSCEF: 12/04/2017
29

122.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

123.    As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

124.    The limitations on liability set forth in CPLR 1601 do not apply to this action.

125.    The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (False Imprisonment/Wrongful Confinement)

126.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

127.    As a result of Defendant Guo's actions as set forth above, at all relevant times, Plaintiff was under Defendant Guo's control and captivity.

128.    At all relevant times, Plaintiff was aware that she was being confined against her will.

129.    Plaintiff did not consent to confinement by Defendant Guo and, instead, confinement was imposed upon her as set forth above.

130.    Defendant Guo's wrongful confinement of Plaintiff was not authorized by law, regulation or otherwise.

131.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

15

132.    As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

133.    The limitations on liability set forth in CPLR 1601 do not apply to this action.

134.    The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Negligence As Against Defendant Golden Spring)

135.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

136.    Upon information and belief, at all relevant times, Plaintiff was employed by Golden Spring, which is a business entity owned and/or controlled by Defendant Guo.

137.    Upon information and belief, at all relevant times, Golden Spring owned, operated, managed, maintained, controlled, secured and supervised the Plaintiff's workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Guo.

138.    Upon information and belief, at all relevant times, Golden Spring, as the owner, operator, supervisor and manager of Plaintiff's workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Guo, had a duty to protect Plaintiff from injury while Plaintiff was lawfully within such workspace.

139.    Upon information and belief, that, as set forth above, on numerous occasions, including while lawfully within such workspace, Plaintiff was caused to be injured solely and wholly due to the negligence and carelessness of Golden Spring in the ownership, operation, management, maintenance, control security and supervision of such workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Guo, without any negligence on the part of the Plaintiff contributing thereto.

16

140.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

141.    As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

142.    The limitations on liability set forth in CPLR 1601 do not apply to this action.

143.    The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Discrimination in Violation of Title 8 of the New York City Administrative Code)

144.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

145.    The Administrative Code of the City of New York § 8-107[1] (New York City Human Rights Law) provides, in pertinent part, that "[i]t shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived…gender…of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

146.    Defendant Guo engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107.

147.    Upon information and belief, Defendant Guo employs four or more individuals.

148.    Defendant Guo discriminated against Plaintiff based on her gender by, among other things, engaging in verbal abuse and gender biased name calling; restricting Plaintiff's ability to leave the work premises or otherwise have contact with individuals outside of the

17

Case 22-50073    Doc 206-1    Filed 04/12/22    Entered 04/12/22 14:56:05    Page 20 of
29

discriminatory work environment; and engaging in unwanted, non-consensual, and physically

abusive contact with Plaintiff, including multiple instances of sexual harassment and rape against

the Plaintiff.

149.    For the reasons stated herein, Defendant Guo engaged in *quid pro quo* sexual

harassment against Plaintiff.

150.    Plaintiff repeatedly objected to, and did not otherwise condone, Defendant Guo's

unwelcome conduct.

151.    Enduring these intolerable and discriminatory work practices were a term,

condition, and/or privilege of Plaintiff's employment and continued employment.

152.    Upon information and belief, such treatment endured by Plaintiff was pervasive

and endured by other female employees.

153.    For the reasons stated herein, Defendant Guo maintained a hostile work place

through his discriminatory working conditions.

154.    Defendant Guo's actions were extreme and outrageous, wanton and reckless, with

malice and without reason or basis.

155.    By reason of the foregoing, Plaintiff has suffered loss of income and benefits,

residential rights and was caused mental and physical anguish, loss of enjoyment of life, and

emotional distress, all to her damage.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Discrimination in Violation of Title 8 of the New York City Administrative Code)

156.    Plaintiff repeats and realleges the allegations contained in the foregoing

paragraphs as if fully set forth herein at length.

157.    The Administrative Code of the City of New York § 8-107[1] (New York City

Human Rights Law) provides, in pertinent part, that "[i]t shall be an unlawful discriminatory

18

practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived…gender…of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

158.    Golden Spring engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107.

159.    Upon information and belief, Golden Spring employs four or more individuals.

160.    Upon information and belief, Defendant Guo is the principal and top-ranking executive of Golden Spring, who, in turn, is the owner, operator, supervisor and manager of Plaintiff's workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Guo.

161.    Golden Spring, through at least Defendant Guo, discriminated against Plaintiff based on her gender by, among other things, engaging in verbal abuse and gender biased name calling; restricting Plaintiff's ability to leave the work premises or otherwise have contact with individuals outside of the discriminatory work environment; and engaging in unwanted, non-consensual, and physically abusive contact with Plaintiff, including multiple instances of rape against the Plaintiff.

162.    Plaintiff repeatedly objected to, and did not otherwise condone, Golden Spring's (acting through Defendant Guo) unwelcome conduct.

163.    Enduring these intolerable and discriminatory work practices were a term, condition, and/or privilege of Plaintiff's employment and continued employment.

164.    For the reasons stated herein, Defendant Guo engaged in *quid pro quo* sexual harassment against Plaintiff.

19

165. Upon information and belief, such treatment endured by Plaintiff was pervasive and endured by other female employees.

166. Upon information and belief, Golden Spring acquiesced, encouraged, or otherwise condoned or approved of Defendant Guo's discriminatory behavior.

167. For the reasons stated herein, Golden Spring maintained a hostile work place through its discriminatory working conditions.

168. Golden Spring's actions were wanton and reckless, with malice and without reason or basis.

169. By reason of the foregoing, Plaintiff has suffered loss of income and benefits, residential rights and was caused mental and physical anguish, loss of enjoyment of life, and emotional distress, all to her damage.

### AS AND FOR A TENTH CAUSE OF ACTION
#### (Discrimination in Violation of New York State Law)

170. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

171. New York's Executive Law § 296 provides, in pertinent part, that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's ...sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

172. Defendant Guo engaged in an unlawful discriminatory practice in violation of the New York Executive Law § 296.

173. Defendant Guo discriminated against Plaintiff based on her gender by, among other things, engaging in verbal abuse and gender biased name calling; restricting Plaintiff's

20

ability to leave the work premises or otherwise have contact with individuals outside of the

discriminatory work environment; and engaging in unwanted, non-consensual, and physically

abusive contact with Plaintiff, including multiple instances of rape against the Plaintiff.

174.    Plaintiff repeatedly objected to, and did not otherwise condone, Defendant Guo's

unwelcome conduct.

175.    Enduring these intolerable and discriminatory work practices were a term,

condition, and/or privilege of Plaintiff's employment and continued employment.

176.    For the reasons stated herein, Defendant Guo engaged in *quid pro quo* sexual

harassment.

177.    Upon information and belief, such treatment endured by Plaintiff was pervasive

and endured by other female employees.

178.    For the reasons stated herein, Defendant Guo maintained a hostile work place

through his discriminatory working conditions.

179.    Defendant Guo's actions were extreme and outrageous, wanton and reckless, with

malice and without reason or basis.

180.    By reason of the foregoing, Plaintiff has suffered loss of income and benefits,

residential rights and was caused mental and physical anguish, loss of enjoyment of life, and

emotional distress, all to her damage.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Discrimination in Violation of New York State Law)

181.    Plaintiff repeats and realleges the allegations contained in the foregoing

paragraphs as if fully set forth herein at length.

182.    New York's Executive Law § 296 provides, in pertinent part, that "1.  It shall be

an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an

21

individual's ...sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

183.   Golden Spring engaged in an unlawful discriminatory practice in violation of the New York Executive Law § 296.

184.   Upon information and belief, Defendant Guo is the principal and top-ranking executive of Golden Spring, who, in turn, is the owner, operator, supervisor and manager of Plaintiff's workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Guo.

185.   Golden Spring, through at least Defendant Guo, discriminated against Plaintiff based on her gender by, among other things, engaging in verbal abuse and gender biased name calling; restricting Plaintiff's ability to leave the work premises or otherwise have contact with individuals outside of the discriminatory work environment; and engaging in unwanted, non-consensual, and physically abusive contact with Plaintiff, including multiple instances of rape against the Plaintiff.

186.   Plaintiff repeatedly objected to, and did not otherwise condone, Golden Spring's (acting through Defendant Guo) unwelcome conduct.

187.   Enduring these intolerable and discriminatory work practices were a term, condition, and/or privilege of Plaintiff's employment and continued employment.

188.   For the reasons stated herein, Defendant Guo engaged in *quid pro quo* sexual harassment against Plaintiff.

189.   Upon information and belief, such treatment endured by Plaintiff was pervasive and endured by other female employees.

22

190.   Upon information and belief, Golden Spring acquiesced, encouraged, or otherwise condoned or approved of Defendant Guo's discriminatory behavior.

191.   For the reasons stated herein, Golden Spring maintained a hostile work place through its discriminatory working conditions.

192.   Golden Spring's actions were wanton and reckless, with malice and without reason or basis.

193.   By reason of the foregoing, Plaintiff has suffered loss of income and benefits, residential rights and was caused mental and physical anguish, loss of enjoyment of life, and emotional distress, all to her damage.

WHEREFORE Plaintiff respectfully requests that the Court enter judgment as follows:

(a)   On the first cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(b)   On the second cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(c)   On the third cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such

23

other and further relief as this Court deems just and proper under the circumstances;

(d)  On the fourth cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(e)  On the fifth cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(f)  On the sixth cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(g)  On the seventh cause of action against Golden Spring, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances; and

24

Case 22-50073   Doc 206-1   Filed 04/12/22   Entered 04/12/22 14:56:05   Page 27 of 29

(h)    On the eighth cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than the amount provided by law, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances; and

(i)    On the ninth cause of action against Golden Spring, in an amount to be determined at trial, but in no event less than the amount provided by law, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances; and

(j)    On the tenth cause of action against Defendant Guo, in an amount to be determined at trial, but in no event less than the amount provided by law, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances; and

(k)    On the eleventh cause of action against Golden Spring, in an amount to be determined at trial, but in no event less than the amount provided by law, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances.

(l)  On all causes of action, awarding Plaintiff punitive damages.

Dated:  New York, New York
        November 30, 2017

                              ARKIN SOLBAKKEN LLP

                              By: _____
                                    Lisa C. Solbakken, Esq.
                                    Robert C. Angelillo, Esq.
                              750 Lexington Avenue – 25th Floor
                              New York, New York 10022
                              (212) 333-0200

                              *Attorneys for Plaintiff Rui Ma*

## VERIFICATION

People's Republic of China )  )
Municipality of Beijing )
Embassy of the United )  SS: ss.:
States of America )  )

RUI MA, being duly sworn, deposes and says:

I am the individual Plaintiff in this matter. I have read the foregoing Amended Complaint and know the contents thereof. The same are true to my own knowledge, except as to the matters that are therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

People's Republic of China)
Municipality of Beijing )  SS:
Embassy of the United )
States of America )

_Rui Ma_

Rui Ma

Sworn to before me this

30 NOV 2017 day of November, 2017 by _RUI MA._

Sonja Andersen
Vice Consul

Notary Public