**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------X
:
In re:                                              :  Chapter 11
                                                    :
    Ho Wan Kwok,                              :  Case No. 22-50073
                                                    :  (JAM)
                                                    :
                Debtor.[1]                       :  Date:
                                                    :  Time:
---------------------------------------------------------------X

**DEBTOR'S MOTION FOR ORDER UNDER 28 U.S.C. § 1452 AND**
**FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE DEADLINE**
**BY WHICH THE DEBTOR MAY REMOVE CIVIL ACTIONS**

Mr. Ho Wan Kwok, the debtor and debtor-in-possession (the "Debtor") in the above-captioned case (the "Chapter 11 Case"), hereby files this motion (the "Motion") for entry of an order substantially in the form attached hereto as Exhibit A, under 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending by 120 days the deadline by which he may file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline"), from the current deadline of May 16, 2022, through and including September 13, 2022. In support of this Motion, the Debtor, by and through his undersigned counsel, respectfully represents:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

---

[1]     Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

## BACKGROUND

2. On February 15, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Chapter 11 Case").

3. The Debtor is a debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

4. No trustee or examiner has been appointed in this Chapter 11 Case. On March 21, 2022, the Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to Bankruptcy Code Section 1102.

5. The factual background regarding the Debtor, including the events leading to the filing of the Chapter 11 Case, is set forth in the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* (the "Kwok Declaration") [Docket No. 107], filed on March 20, 2022.

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to Bankruptcy Rules 9006(b) and 9027 extending the Removal Deadline by 120 days, from May 16, 2022 through and including September 13, 2022, without prejudice to the Debtor's ability to request additional extensions of the Removal Deadline. The Debtor respectfully requests that the proposed September 13, 2022 Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

## BASIS FOR RELIEF

7. The removal of pending civil actions is governed by 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8. Bankruptcy Rule 9027(a)(2) further provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bank. P. 9027(a)(2).

9. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> [O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

10. Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

11. It is well settled, in this district and others, that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. <u>See</u>

Matter of Circle Litho, Inc., 12 B.R. 752, 757 (Bankr. D. Conn. 1981) (acknowledging authority to extend removal period under prior construction); see also Pacor, Inc. v. Higgins, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134–35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D. W.Va. 2000) ("Considered *in pari materia* with [Bankruptcy] Rule 9027, [Bankruptcy] Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); In re Jandous Elec. Constr. Corp., 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing periods" of Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.").

12.  As set forth in the Kwok Declaration, as of the petition date, the Debtor was named as a defendant in 21 lawsuits. Kwok Declaration ¶ 19. These lawsuits include numerous defamation lawsuits filed against the Debtor. Id. ¶ 26. As noted in the Kwok Declaration, since 2017, the Debtor has maintained a very active social media presence and has posted content that is critical of the CCP, its agents, and others within its sphere of influence. Id. Against this backdrop, certain people allegedly identified in the Debtor's social media content asserted claims against the Debtor and initiated defamation suits against him, a number of which are being funded by Wu Zheng (a/k/a Bruno Wu), an admitted CCP agent and business partner of the parent company of Pacific Alliance Asia Opportunity Fund ("PAX"). Id. The Debtor is also a

4

defendant in a number of actions related to his alleged promotion of the sale of securities for a company called GTV Media Group, Inc. and virtual currency referred to as "G Coin" and "G Dollar." Id. ¶ 25.

13. To date, the Debtor has removed one proceeding to which he is a party (*i.e.*, litigation involving PAX); however, as this Chapter 11 Case develops, it may become prudent to remove others. At this point, the Debtor has not decided whether it is appropriate to file notices of removal with respect to any or all of the other civil actions to which he is a party. Proceeding with prudence, the Debtor therefore seeks an extension of the time prescribed under Bankruptcy Rule 9027(a), from May 16, 2022 through and including September 13, 2022, to protect his right to remove those actions if he deems it appropriate to do so. The extension sought will afford the Debtor a reasonable period to determine whether to remove pending litigation and will ensure that the Debtor does not forfeit valuable rights under 28 U.S.C. § 1452. Further, the rights of the Debtor's adversaries in any litigation will not be prejudiced by such an extension because any party to an action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

14. The Debtor further requests that the order approving this Motion be without prejudice to (a) any position the Debtor may take on whether section 362 of the Bankruptcy Code stays any given civil action or other litigation pending against the Debtor, and (b) the right of the Debtor to seek further extensions of the Removal Deadline.

15. For the reasons stated above, the Debtor submits that the relief requested herein is appropriate and in his best interest, as well as in the best interests of his estate and creditors. Indeed, courts in this Circuit and others have routinely granted similar requests by debtors for extensions of the removal period. See, e.g., In re Windstream Holdings, Inc., No. 19-223312

(RDD) (Bankr. S.D.N.Y. May 15, 2019); In re Aegean Marine Petroleum Network, Inc., No. 18-13374 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2019); In re Samuels Jewelers, Inc., Case No. 18-11818 (KJC) (Bankr. D. Del. Nov. 26, 2018); In re J&M Sales Inc., Case No. 18-11801 (LSS) (Bankr. D. Del. Nov. 13, 2018).

## **NOTICE**

16. No trustee or examiner has been appointed in this Chapter 11 case. The Debtor will provide notice of this Motion to: (a) the United States Trustee; (b) the Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Connecticut; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, under the circumstances, no other or further notice is required.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief to the Debtor as may be just and proper.

Dated: April 19, 2022

                                **BROWN RUDNICK LLP**

By: */s/ William R. Baldiga*
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
       bsilverberg@brownrudnick.com
       upinelo@brownrudnick.com

*Proposed Counsel to Debtor*

## **EXHIBIT A**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------------X
:
In re: : Chapter 11
:
    Ho Wan Kwok, : Case No. 22-50073 (JAM)
:
: Date:
    Debtor.[1] : Time:
:
---------------------------------------------------------------X

### ORDER UNDER 28 U.S.C. § 1452 AND FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE DEADLINE BY WHICH THE DEBTOR MAY REMOVE CIVIL ACTIONS

Upon the motion (the "**Motion**")[2] of the Debtor for an order under 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 extending the Removal Deadline; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

---

[1]     Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or otherwise resolved, are overruled.

3. The Removal Deadline is extended by 120 days, through and including September 13, 2022.

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. This Order is without prejudice to (a) any position the Debtor may take on whether section 362 of the Bankruptcy Code stays any litigation pending against the Debtor, and (b) the Debtor's right to seek further extensions of the Removal Deadline.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.