# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | : Chapter 11 |
| Ho Wan Kwok, | : Case No. 22-50073 |
| Debtor.[1] | : |

## SUPPLEMENTAL DECLARATION OF IRVE J. GOLDMAN
## PURSUANT TO FED. R. BANKR. P. 2014(a)

I, Irve J. Goldman, being duly sworn, depose and say the following:

1. I am a partner with the law firm of Pullman & Comley, LLC ("P&C"), which maintains its principal office at 850 Main Street, Bridgeport, Connecticut, and make this supplemental declaration at the request of the United States Trustee and in support of the entry of an Order authorizing the retention of my firm as counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Ho Wan Kwok (the "Debtor").

2. To the best of my knowledge and belief after due inquiry, neither I, nor my firm, nor any member or associate thereof represents professionally, or has any connection with, the Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States trustee or any person employed in the Office of the United States trustee, other than as disclosed herein.

3. P&C maintains a computer database (the "Database") containing, *inter alia,* the names of all of P&C's current and former clients. I caused to be submitted to, and checked

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

against, the Database all of the following names: (a) the Debtor; (b) the members of the Committee, Rui Ma, Ning Ye and Samuel Dan Nunberg; (d) the creditors on the list of the Debtor's 20 largest unsecured creditors and Schedule F of his bankruptcy schedules, (e) Pacific Alliance Asia Opportunity Fund L.P.; and (f) the following potentially interested or adverse parties: (i) Golden Spring (New York) Ltd; (ii) Hing Ch Ngok (Debtor's wife); (iii) Qiang Guo (Debtor's son); (iv) Mei Gui (Debtor's daughter); (v) HK International Funds Investments (USA) Limited, LLC (purported owner of Lady May); (vi) Bravo Luck Limited (purported ultimate owner of Sherry-Netherland apartment); (vii) Lamp Capital LLC (provider of $1 million loan for Debtor's counsel retainer); and (viii) Genever Holdings LLC ((a) through (f), the "Potentially Interested Parties").

4.  P&C has no relationship or connection with the Potentially Interested Parties, or to the best my knowledge, with any other creditor of the Debtor, except that P&C was contacted by, and agreed to represent, a single unsecured creditor of the Debtor (Dr. Bob Fu) for the limited purpose of filing a proof of claim.[2]  P&C's representation in that regard will not include, and P&C will refrain from representing, Dr. Fu in any challenge to his claim or as a creditor in this case generally.

5.  P&C has not in the past represented[3], and does not presently represent, any of the creditors of the Debtor, and agrees to refrain from representing any of the Debtor's creditors

---

[2] Pursuant to 11 U.S.C. §1103(b), "[r]epresentation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest." Thus, P&C believes it can continue to represent an unsecured creditor in this case, while also representing the Committee, because it is believed there would be no conflict in doing so. Nonetheless, P&C will not represent Dr. Fu beyond the point of filing a proof of claim.

[3] In the interest of the fullest possible disclosure, the Debtor lists Allied Capital Global Limited as one of his creditors. In the past, our firm represented an entity known as Allied Capital Corporation as a creditor

[Footnote continued on next page]

while this chapter 11 case is pending. Conversely, P&C may have in the past represented, or may presently or in the future represent, parties that are adverse to one or more of the unsecured creditors of the Debtor, but only in matters that are or will be unrelated to this Chapter 11 case.

6. Based on the foregoing, P&C, insofar as I have been able to ascertain based on the information currently available to me: (i) does not represent any other entity having an adverse interest in connection with these cases, as required by § 1103(b) of the Bankruptcy Code; (ii) represents no interest adverse to the Debtor or the estate in the matter upon which it is to be engaged; and (iii) is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that it, (a) is not a creditor, equity security holder or insider of any of the Debtors, (b) is not and was not, within the two years before the date of the filing of the Debtor's Chapter 11 petitions, a director, officer, or employee of the Debtor, and (c) does not have an interest materially adverse to the interests of the estate or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

7. P&C will apply to the Court for compensation under Bankruptcy Code §§ 330 and 331, Rule 2016 F.R. Bankr. P. and Rule 2014-1 of the Rules of this Court.

8. P&C has neither shared nor agreed to share with any other person compensation received in these cases, except as is permitted by §504(b)(1) of the Bankruptcy Code.

---

[Footnote continued from previous page]
in the chapter 11 case of Executive Greetings, Inc. That representation terminated in the year 2006. It is not known whether Allied Capital Global Limited and Allied Capital Corporation are related.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: Bridgeport, Connecticut
April 19, 2022

*/s/Irve J. Goldman*
Irve J. Goldman