**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S MOTION (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF**

The Official Committee of Unsecured Creditors (the "Committee") of Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor"), herby submits this Limited Objection to the Debtor's Motion (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof (the "Claims Procedure Motion").

In support of this Limited Objection, the Committee respectfully represents as follows:

**RELEVANT PROCEDURAL HISTORY**

1. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, the Debtor has remained a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has yet been appointed in the Debtor's bankruptcy case, although on March 19, 2022, the United States Trustee ("UST") filed a Motion for Order

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

Directing Appointment of an Examiner, or in the alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee (the "Examiner/Trustee Motion"). The Examiner/Trustee Motion was scheduled for a hearing on April 13, 2022 and was continued for scheduling purposes to April 27, 2022 at 9:30 a.m. According to the UST's Amended Proposed Order at n. 1 (ECF No. 116), the Debtor has agreed to the Court's directing the UST to appoint an examiner in this case.

3. On March 21, 2022, the Committee was officially appointed by the United States Trustee and on March 28, 2022, selected Pullman & Comley, LLC ("P&C") as its counsel. On April 5, 2022, the Committee filed an application to retain P&C as its counsel, which has been scheduled for a hearing on April 27, 2022 at 9:30 a.m.

4. On March 1, 2022, Pacific Alliance Asia Opportunity Fund L.P. ("PAX") filed its Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code (the "PAX Motion"). On March 15, 2022, the Debtor filed its Objection to the PAX Motion, to which PAX filed a Reply on March 18, 2022 (ECF No. 98) (the "PAX Reply"). On March 28, 2022, the filed a Supplemental Objection to the PAX Motion (the "Debtor Supp. Obj.").

5. By the PAX Motion, PAX seeks to return to the PAX Litigation for purposes of compelling the Debtor to return to U.S. jurisdiction a yacht known as the Lady May, which the Debtor and/or the registered owners of the Lady May had been ordered not to remove, but did remove, from the New York court's jurisdiction well over one year ago (PAX Motion, Ex. A, February 2, 2022 Decision and Order of Judge Barry R. Ostrager, the "February 2, 2022 Decision," at 2).

6. Based on discussions and proceedings that took place on April 13, 2022 at the hearing on the PAX Motion, the putative legal titleholder to the Lady May is attempting to post cash in the amount $37 million with a third-party escrow agent to secure the return of the Lady May and thereby alleviate the need to litigate the PAX Motion.

7. On March 16, 2022, the Debtor filed applications to employ Brown Rudnick LLP as his counsel, Verdolino & Lowey, P.C. as his financial advisor and Stretto, Inc. as his claims and noticing agent, to which various objections, including objections by the Committee, were filed. The initial hearing on these applications was scheduled for April 13, 2022, and at that time they[2] were continued for a hearing on April 27, 2022 at 9:30 a.m.

8. On March 20, 2022, the Debtor filed the Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing, and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (the "DIP Motion"). The DIP Motion seeks court approval for a postpetition loan (the "DIP Loan"). Various objections were filed to the DIP Motion, including one by the Committee, and it has been scheduled for an evidentiary hearing on April 27, 2022 at 9:30 a.m.

9. On April 6, 2022, PAX filed a motion to dismiss the chapter 11 case or, in the alternative, a partial joinder in the UST's request to appoint a chapter 11 trustee (the "Dismissal Motion"). The Dismissal Motion has been scheduled for a hearing on April 27, 2022 for scheduling purposes with the Examiner/Trustee Motion.

10. On April 10, 2022, without consulting with the Committee as contemplated by section 1103(c)(3) and without filing a disclosure statement as required by Fed. R. Bankr. P. 3016(b), the Debtor filed a Proposed Chapter 11 Plan.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the Claims Procedure Motion and the contested matter initiated thereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## OBJECTIONS

12. The Debtor's proposed procedures improperly seek to impose greater obligations on creditors wishing to file a proof of claim than are required by the Bankruptcy Code, the Bankruptcy Rules and Official Form 410 by requiring them to (i) "set forth with specificity the legal and factual basis for the alleged claim"; and (ii) "include supporting documentation for the alleged claim unless voluminous" (Claims Procedure Motion ¶18c.).

13. By imposing the requirement of specificity, the Debtor appears to be attempting to create a pleading threshold for factual allegations, similar to what would be required by Fed. R. Civ. P. 9(b), for all proofs of claim, and to simultaneously create an obligation to "set forth with specificity" the legal basis for a claim when no such obligation exists under the Bankruptcy Code and Rules. These requirements should simply be removed.

14. As to the proposed requirement to include supporting documentation, it too is improper and contravenes what is required by the Bankruptcy Code, the Bankruptcy Rules and Official Form 410. Fed. R. Bankr. P. 3001(c)(1) only requires documentation to accompany a proof of claim "when a claim, or an interest in property of the debtor securing the claim, is based on a writing…." Official Form 410 itself simply refers back to Fed. R. Bankr. P. 3001(c) ("[a]ttach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c)). Yet, under the Debtor's proposed procedures, creditors whose claims are not based on

---

[2] The Debtor withdrew his application to retain Stretto, Inc. on the record of the hearing held on April 13,

a writing would nonetheless have to "include supporting documentation for the alleged claim unless voluminous." This requirement should be stricken.

15. The Debtor's proposed procedures would unconditionally and without exception bar any creditor that fails to timely file a proof of claim by the bar date from submitting a proof of claim after the bar date and from voting or participating in any distributions under a plan. This firewall provision, however, fails to take into account that proofs of claim may be filed after the bar date "to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6)," Fed. R. Bankr. P. 3003(c)(3), or that the bar date may be enlarged under under Fed. R. Bankr. P. 9006(b)(1), (3). The Debtor's proposed procedures should be modified to comport with these Rules.

16. The Debtor's proposed procedures improperly fail to provide an option for creditors to file proofs of claim electronically. *See e.g* Annex 1 to Claims Procedure Motion, Notice of Deadlines Requiring the Filing of Proofs of Claim to All Persons with Claims Against the Debtor ¶3 (requiring proofs of claim to be delivered to the Court). The Committee suggests a provision such as the following:

"Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) may file Proofs of Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those creditors without accounts to the CM/ECF system may apply for and obtain one and file a Proof of Claim electronically via the CM/ECF system."

2022.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Claims Procedure Motion unless the foregoing deficiencies are cured and grant such other or further relief as it may deem just, equitable and proper.

Dated: Bridgeport, Connecticut
April 20, 2022

                                            **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:   */s/Irve J. Goldman*
        Irve J. Goldman
        Jonathan A. Kaplan
        Pullman & Comley, LLC
        850 Main Street, 8th Floor
        PO Box 7006
        Bridgeport, CT 06601-7006
        (203) 330-2213
        igoldman@pullcom.com

        Its Attorneys (Application Pending)

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : April 20, 2022 |
| | : |

**CERTIFICATION OF SERVICE**

I Irve J. Goldman, herby certify that on the 20th day of April, 2022, the *Limited Objection Of The Official Committee Of Unsecured Creditors To Debtor's Motion (I) Setting Bar Dates For Submitting Proofs Of Claim, (II) Approving Procedures For Submitting Proofs Of Claim, And (III) Approving Notice Thereof* was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

*/s/ Irve J. Goldman*
Irve J. Goldman

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

ACTIVE/83201.1/IJG/10272022v1