# Exhibit UCC-4

# Debtor's Motion to Employ Professionals in Ordinary Course

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-----------------------------------------------------------------X
:
In re:                                          :   Chapter 11
                                                :
   Ho Wan Kwok,                     :   Case No. 22-50073 (JAM)
                                                :
                                                :   Hearing Date:
       Debtor. [1]       :   Hearing Time:
                                                :
-----------------------------------------------------------------X

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING (I) EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE, (II) PAYMENT OF PREPETITION CLAIMS, AND (III) GRANTING RELATED RELIEF

Mr. Ho Wan Kwok, as the debtor and debtor-in-possession ("Mr. Kwok" or the "Debtor") in the above-captioned chapter 11 case, by and through his undersigned counsel, hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), granting the relief described below, and in support of this Motion, the Debtor submits and incorporates the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* (the "Kwok Declaration") [Docket No. 107], and in further support, respectfully states as follows:

## RELIEF REQUESTED

1.     By this Motion, pursuant to sections 105(a), 327, 328, 330, and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Mr. Kwok seeks entry of the Order: (i) authorizing him to (a) establish certain procedures to retain professionals rendering accounting, legal, and advisory services to Mr. Kwok in the ordinary course (each, an "Ordinary Course Professional," and collectively, the "Ordinary Course Professionals") without the submission of

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

separate retention applications and the issuance of separate retention orders for each Ordinary Course Professional, and (b) compensate and reimburse such professionals without individual fee applications; (ii) to pay prepetition claims of certain Ordinary Course Professionals necessary to preserve his estate (the "OCP Prepetition Claims"); and (iii) granting related relief.

2.     For the reasons set forth herein, Mr. Kwok submits that the relief requested is in the best interests of his Chapter 11 estate, his creditors, and other parties in interest, and therefore should be granted.

## JURISDICTION

3.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the Connecticut (as amended).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this Chapter 11 case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.     The predicates for the relief requested by this Motion are Sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-2 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules").

## THE ORDINARY COURSE PROFESSIONALS

5.     On February 15, 2022 (the "Petition Date"), Mr. Kwok filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

6.     As more fully set forth in the Kwok Declaration, as of the Petition Date, the Debtor is a named party as a plaintiff, defendant or co-defendant in over 30 active cases pending nationally and internationally, including in the United States, the United Kingdom, Switzerland, the British Virgin Islands, and Canada – the majority of these suits remain active in the United

States (subject to the imposition of the Bankruptcy Code's automatic stay) (collectively, the "Pending Litigation). *See* Statement of Financial Affairs for Individuals Filing for Bankruptcy, Response to Part 4, Question 9 [ECF No. 77].

7.     Prior to the Petition Date, Mr. Kwok had already retained his Ordinary Course Professionals, consisting of various law firms, accountants, and interpreters/translators, which rendered services in connection with the Pending Litigation and provided other services in a variety of matters unrelated to this Chapter 11 case.

8.     The Ordinary Course Professionals have a great deal of knowledge, expertise, and familiarity with Mr. Kwok and the Pending Litigation, much of which has been ongoing for years.  Prepetition, the Debtor was actively prosecuting as a named plaintiff two (2) litigations, two of which now comprise some of the estate's more significant assets:

    a.  **The UBS Claim**: Before the Royal Courts of Justice in the United Kingdom, the Debtor (along with certain co-plaintiffs) asserted a claim against UBS AG (London Branch) ("UBS").  In this action, the claimants assert more than $500 million of damages related to negligent misrepresentation and advice by UBS in connection with the Debtor's attempt to cause the acquisition of, and acquire certain shares issued by, a Chinese financial institution, Haitong, in 2015.  As recently as February 9, 2022, the Debtor prevailed on a jurisdictional challenge and the claim remains before the courts of the United Kingdom.

    b.  **The Clark Hill Claim**: The Debtor asserted claims against the law firm Clark Hill PLC and one of its members, Thomas K. Ragland (together, "Clark Hill"). This lawsuit is currently pending in the United States District Court for the District of Columbia.  The Debtor is seeking $50 million in compensatory damages, and additional punitive damages, against Clark Hill for breach of duties of legal representation.

*See* Kwok Declaration at Section III, ¶ 32.

9.     Although Mr. Kwok anticipates that his Ordinary Course Professionals will continue to render services on an ongoing basis, a number of them will not be in a position to do so if he cannot assure them of prompt payment on their post-petition fees and expenses on a

regular basis and in more limited instances, payment on their prepetition claims for services rendered in connection with the Pending Litigation.[2] Filed concurrently herewith is the Debtor's motion for approval of debtor-in-possession financing, which represents the Debtor's sole means to fund this Chapter 11 case and funding source to continue to employ such Ordinary Course Professionals in the same manner and for the same purposes as they were retained before the Petition Date. An initial list of Mr. Kwok's Ordinary Course Professionals is attached to the proposed form of Order as Annex 1 (the "OCP List").[3]

10. Without the Ordinary Course Professionals' knowledge, expertise, and familiarity in connection with their pre-petition work, including in connection with the Pending Litigation, Mr. Kwok will incur substantial additional and unnecessary expenses in educating and retaining replacement professionals. Accordingly, the continued retention of the Ordinary Course Professionals is in the best interests of Mr. Kwok's estate, his creditors, and other parties in interest.

## PROPOSED RETENTION AND PAYMENT PROCEDURES

11. Mr. Kwok intends to continue receiving services from his Ordinary Course Professionals in the same manner and for the same purposes as such professionals were retained prior to the Petition Date.

12. Accordingly, Mr. Kwok requests that the Court relieve him and his estate of the burden and attendant costs of filing individual retention and fee applications for his Ordinary

---

[2] Mr. Kwok recognizes that certain cases pending against him are currently stayed. However, given the possibility that the stay may be lifted on certain matters, Mr. Kwok is instructing certain counsel and other professionals to continue preparing his defense. Defense counsel is likely to insist on payment of at least a portion of their prepetition invoices as a condition to perform such services.

[3] Mr. Kwok reserves the right to supplement the OCP List and file additional exhibits in the future.

Course Professionals and authorize the below procedures for the retention and payment of his

Ordinary Course Professionals (the "OCP Procedures"):

a.  Within thirty (30) calendar days of the later of (i) the entry of an order
    granting this Motion and (ii) the date on which the Ordinary Course
    Professional commences services, each Ordinary Course Professional on
    the OCP List will provide to Mr. Kwok and his counsel, Brown Rudnick, a
    verified statement (each, a "Verified Statement"), substantially in the form
    attached to the Order as Annex 2, certifying, among other things, (i) that
    the Ordinary Course Professional does not represent or hold any interest
    adverse to the Debtor or his Chapter 11 estate with respect to the matter(s)
    on which such professional is to be employed and (ii) disclosing the
    amount and nature of any prepetition claims held against the Debtor's
    Chapter 11 estate.

b.  If Mr. Kwok seeks to retain an additional Ordinary Course Professional
    not already listed on the OCP List, then Mr. Kwok will file with the Court
    a supplement to the OCP List (the "OCP List Supplement"), providing the
    name, address, and type of service of the additional Ordinary Course
    Professional. Within thirty (30) calendar days of the later of (i) the filing
    of the OCP List Supplement and (ii) the date on which the additional
    Ordinary Course Professional commences services, the additional
    Ordinary Course Professional will provide to Mr. Kwok and his counsel,
    Brown Rudnick, a Verified Statement, substantially in the form attached to
    the Order as Annex 2, certifying, among other things, that the additional
    Ordinary Course Professional does not represent or hold any interest
    adverse to Mr. Kwok or his Chapter 11 estate with respect to the matter(s)
    on which such professional is to be employed.

c.  Upon receipt of a Verified Statement, Mr. Kwok will file the same with
    the Court and serve a copy on (i) the Office of the U.S. Trustee, (ii) the
    official committee of unsecured creditors appointed in this Chapter 11
    case, and (iii) and any such other party entitled to receive notice pursuant
    to Local Rule 2002 (collectively, the "OCP Notice Parties"). If an
    Ordinary Course Professional fails to timely provide a Verified Statement
    to Mr. Kwok, then the Ordinary Course Professional will automatically be
    deemed to be stricken from the OCP List or OCP List Supplement on
    which the Ordinary Course Professional was listed.

d.  The OCP Notice Parties will have fourteen (14) calendar days following
    the date of service of a Verified Statement to file with the Court and notify
    Mr. Kwok's counsel, Brown Rudnick, in writing, of any objection to the
    retention of an Ordinary Course Professional based on the contents of the
    Verified Statement (the "Objection Deadline").

e.  If no objection is filed before the Objection Deadline, or if any objection submitted is timely withdrawn or resolved, then Mr. Kwok will be authorized to retain and employ the Ordinary Course Professional as a final matter without further order of the Court, effective as of the latest of (i) the Petition Date, (ii) if applicable, the date of the filing of the OCP List Supplement, or (iii) the date of engagement.

f.  If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved twenty-one (21) calendar days after the Objection Deadline, then the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, Mr. Kwok, and the objecting party.

g.  No Ordinary Course Professional may be paid any amount for prepetition or postpetition fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

h.  After Mr. Kwok retains an Ordinary Course Professional in accordance with these OCP Procedures, Mr. Kwok may pay such Ordinary Course Professional 100% of the post-petition fees and expenses incurred (collectively, "Compensation") upon submission to, and approval by, Mr. Kwok of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to Mr. Kwok's right to dispute any such invoices); provided, however, Mr. Kwok may not pay Compensation to an Ordinary Course Professional in any amount in excess of (a) $125,000 per month for Ordinary Course Professionals assisting with his pursuit of claims or (b) $90,000 per month for Ordinary Course Professionals assisting on all other matters, on average over any three-month period on a rolling basis (the "OCP Monthly Fee Cap").[4]

i.  To the extent an Ordinary Course Professional incurs Compensation in an amount that exceeds the OCP Monthly Fee Cap (the full amount being the "Excess Compensation"): (i) Mr. Kwok may pay such Excess Compensation upon agreement by the OCP Notice Parties, such agreement to be evidenced by the filing of a notice of increased cap amount, which will be deemed approved upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, the Ordinary Course Professional may file a fee application (a "Fee Application") in accordance with Sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the

---

[4]  Mr. Kwok anticipates paying Compensation of up to $200,000 per month to Ordinary Course Professionals assisting with his pursuit of claims (depending on, among other things, whether the underlying litigation proceeds to trial during the course of this Chapter 11 case) and up to $175,000 per month to Ordinary Course Professionals assisting with all other matters.

Guidelines for Allowance of Compensation and Expense Reimbursement of Professionals per Local Rule 2016-1, and any other procedures and orders of the Court in this Chapter 11 case. Each Fee Application shall be served upon the OCP Notice Parties. The OCP Notice Parties shall then have twenty-one (21) calendar days to object to the Fee Application. If no objection is timely filed, then the fees and expenses requested in the Fee Application shall be deemed approved without further order of the Court, and the Ordinary Course Professional may be paid one hundred percent (100%) of its fees and one hundred percent (100%) of its expenses.

j.  At three (3) month intervals (each, a "Quarter") during the pendency of the Chapter 11 case, Mr. Kwok shall file with the Court and serve on the OCP Notice Parties, no later than thirty (30) calendar days after the end of such Quarter (the first end of the Quarter occurring June 14, 2022), a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the reported Quarter broken down by month; and (iii) the cumulative amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional from the Petition Date through the end of the reported Quarter.

13.  Although Mr. Kwok anticipates that his Ordinary Course Professionals will continue to render services on an ongoing basis, certain of the Ordinary Course Professionals may not be in a position to do so without receiving payment on at least a portion of their respective prepetition claims for services rendered in connection with the Pending Litigation. To avoid the potential disruption in services rendered by the Ordinary Course Professionals, Mr. Kwok requests authority to pay a portion of certain of the Ordinary Course Professionals' prepetition claims, subject to the Court's approval, as follows: (i) any Verified Statement submitted by an Ordinary Course Professional must disclose the amount and nature of any prepetition claim held by such Ordinary Course Professional (*i.e.*, the OCP Prepetition Claims) and (ii) Mr. Kwok may exercise his discretion to pay the OCP Prepetition Claims, provided that such payments do not exceed $275,000 in the aggregate. In addition, certain Ordinary Course Professionals may hold an "advance-payment" or "security retainer." In those instances, Mr.

Kwok may direct the Ordinary Course Professional to apply any retainer they are holding against the prepetition balance.

## BASIS FOR RELIEF

**A.    RETENTION AND COMPENSATION OF THE ORDINARY COURSE PROFESSIONALS PROMOTES THE EFFICIENT ADMINISTRATION OF MR. KWOK'S ESTATE.**

14.    The relief requested in this Motion will economize the administration of this Chapter 11 case by saving Mr. Kwok and his estate the expense of applying separately for the employment of each Ordinary Course Professional and preparing and seeking approval of interim and final fee applications for his Ordinary Course Professionals. Moreover, while the Ordinary Course Professionals wish to continue representing Mr. Kwok on an ongoing basis, they might be unwilling to do so if they may only be paid through a formal application process requiring monthly, interim, and final fee applications.

15.    If Mr. Kwok were to lose the expertise and background knowledge of his Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date, then Mr. Kwok's estate will incur additional and unnecessary expense because he will be forced to retain other professionals that would not have such background and expertise, which in turn, impacts his estate.

16.    Further, the procedures outlined herein will relieve this Court, the U.S. Trustee, and other parties in interest of the burden of reviewing the Ordinary Course Professionals' fee applications.

### B.    MR. KWOK'S PRE-PETITION ATTORNEYS ARE BEING RETAINED FOR A SPECIFIED SPECIAL PURPOSE.

17.    Section 327(e) of the Bankruptcy Code permits Mr. Kwok to retain his pre-petition attorneys and their respective law firms for a "specified special purpose," as denoted in the OCP List:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e); *In re JMK Constr. Group, Ltd.*, 441 B.R. 222, 230 (Bankr. S.D.N.Y. 2010) ("Debtors may also retain attorneys for a "specified special purpose" under section 327(e) of the Bankruptcy Code) (*citing In re Quality Beverage Co.*, 216 B.R. 592, 594 (Bankr.S.D.Tex.1995) (noting that "the plain language of the statute limits its application to attorneys")).   "The requirements for retention under section 327(a) that a professional not hold or represent an interest adverse to the estate apply equally to retention under section 327(e)." *In re JMK Constr. Group, Ltd.*, 441 B.R. at 230–31 (*citing In re Homesteads Cmty. at Newtown, LLC*, 390 B.R. 32, 47–48 (Bankr. D. Conn. 2008).

18.    Thus, retention under section 327(e) is proper and should be authorized so long as special counsel does not represent an adverse interest relating to the services which are to be performed by that attorney.  *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (applying section 327(a) standard to a "special counsel" scenario and noting that "where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand" and that the issue is whether—*with respect to the special representation it has been hired to undertake*—[the

special counsel] (1) holds or represents an interest that is adverse to the estate, and (2) is a "disinterested person") (emphasis in original).

19.     Here, each of the identified attorneys (and their respective law firms) being retained for a "specified special purpose," as denoted and identified in the OCP List, does not hold an adverse interest to Mr. Kwok or his Chapter 11 estate and is a "disinterested person."

**C.     THE ORDINARY COURSE PROFESSIONALS ARE RENDERING SERVICES UNRELATED TO THE ADMINISTRATION OF THIS CHAPTER 11 CASE.**

20.     Although certain of the Ordinary Course Professionals will neither assist in administering, nor play a central role in, this Chapter 11 case, Mr. Kwok seeks the relief requested in this Motion out of an abundance of caution.  *See, e.g.*, *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (finding that "professional persons" as used in Bankruptcy Code section 327(a) "is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate"); *In re SageCrest II, LLC*, 08-50754 (LEAD), 2010 WL 1981041, at *7 (Bankr. D. Conn. May 18, 2010) ("[I]n determining whether persons sought to be retained by the debtor were professionals under § 327(a), the *Johns–Mansville* court focused on whether the retention was to represent or assist the debtor in carrying out its bankruptcy duties, to wit: whether those sought to be retained played a part in negotiating the debtor's reorganization plan, adjusting the debtor/creditor relationships, or disposing or acquiring assets of the debtor."), *aff'd*, 3:10CV978 SRU, 2011 WL 134893 (D. Conn. Jan. 14, 2011); *In re Smith*, 524 B.R. 689, 694–95 (Bankr. S.D. Tex. 2015) ("Section 327(a) requires the professional "to represent or assist the trustee in carrying out the trustee's duties under this title." Therefore, courts have required that the professional person's employment must specifically relate to the

administration of the bankruptcy case, as opposed to the ordinary course operation of the

debtor's business.") (citing *Matter of Seatrain Lines, Inc.*, 13 B.R. 980, 981

(Bankr.S.D.N.Y.1981)).

### D. PAYMENT OF PREPETITION CLAIMS HELD BY ORDINARY COURSE PROFESSIONALS IS NECESSARY TO PRESERVE THE ESTATE.

21.     Courts have recognized that it is appropriate to authorize the payment of

prepetition obligations where necessary to protect and preserve the estate. *See, e.g.*, *In re*

*Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (authority to pay prepetition

wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc.* (*In re James A. Phillips, Inc.*), 29

B.R. 391, 398 (Bankr. S.D.N.Y. 1983) (authority to pay prepetition claims of suppliers).

22.     Pursuant to section 363(b) of the Bankruptcy Code, courts may authorize payment

of prepetition obligations where a sound business purpose exists for doing so. *See Ionosphere*

*Clubs Inc.*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a

debtor to honor prepetition claims where supported by an appropriate business justification); *see*

*also James A. Phillips, Inc.*, 29 B.R. at 397 (relying upon section 363 as a basis to allow a

contractor to pay the prepetition claims of suppliers who were potential lien claimants).

Additionally, under section 105(a), courts may authorize pre-plan payments of prepetition

obligations when essential to the existence of the Debtor. *See In re C.A.F. Bindery, Inc.*, 199

B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732,

735–36 (Bankr. S.D.N.Y. 1991) (holding that the "doctrine of necessity" stands for the principle

that a bankruptcy court may allow pre-plan payments of prepetition obligations where such

payments are critical to the debtor's reorganization).

23.     As indicated above, although Mr. Kwok anticipates that his Ordinary Course Professionals will continue to render services on an ongoing basis, the Ordinary Course Professionals identified in Annex 2 may not be in a position to continue to render services without payment on their respective prepetition claims for services rendered in connection with the Pending Litigation. If Mr. Kwok were to lose the expertise and background knowledge of his Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date, the estate will incur additional and unnecessary expense because Mr. Kwok will be forced to retain other professionals that would not have such background and expertise, which in turn, impacts this estate, and its creditors. Thus, payment of the Ordinary Course Professionals' prepetition claims is necessary to avoid a disruption of services rendered by his Ordinary Course Professionals and constitutes a sound business purpose, which is necessary under the circumstances.

## NOTICE

24.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each of the Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; (v) the official committee of unsecured creditors; and (vi) any such other party entitled to receive notice pursuant to Local Rule 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Mr. Kwok respectfully requests that the

Court grant the relief requested in this Motion, the Order, and such other and further relief as is

just and proper.

Dated: March 22, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:   (212) 209-4801
Email: wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        upinelo@brownrudnick.com

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------------X
                                     :

In re:                            :    Chapter 11
                                       :

      Ho Wan Kwok,              :    Case No. 22-50073 (JAM)
                                       :

                                       :

              Debtor. [1]       :
                                       :
------------------------------------------------------------------X

**[PROPOSED] ORDER GRANTING MOTION OF DEBTOR FOR ENTRY OF AN
ORDER (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE, (II) PAYMENT OF PREPETITION
CLAIMS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") [2] of Mr. Kwok for entry of an order (this "Order")

pursuant to sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code, and Rule 2014 of

the Bankruptcy Rules, and Rule 2014-2 of the Local Rules, authorizing, but not directing, Mr.

Kwok to (i) retain the Ordinary Course Professionals, without the submission of separate

retention applications and the issuance of separate retention orders for each professional, (ii)

compensate and reimburse the Ordinary Course Professionals without the submission of

individual fee applications, in accordance with the procedures set forth herein, and (iii) pay

prepetition claims of certain Ordinary Course Professionals necessary to preserve the Debtor's

estate; and the Court having found that it has jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due,

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Motion (the "Hearing"); and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED**, and **DECREED** that:

1. The Motion is GRANTED to the extent set forth herein.

2. Mr. Kwok is authorized, but not directed, to retain, compensate, and reimburse the Ordinary Course Professionals in accordance with the following procedures (the "OCP Procedures"):

 a. Within thirty (30) calendar days of the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences services, each Ordinary Course Professional on the OCP List attached hereto as Annex 1 will provide to Mr. Kwok and his counsel, Brown Rudnick, a verified statement (each, a "Verified Statement"), substantially in the form attached to the Order as Annex 2, certifying, among other things, (i) that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtor or his Chapter 11 estate with respect to the matter(s) on which such professional is to be employed and (ii) disclosing the amount and nature of any prepetition claims held against the Debtor's Chapter 11 estate.

 b. If Mr. Kwok seeks to retain an additional Ordinary Course Professional not already listed on the OCP List, then Mr. Kwok will file with the Court a supplement to the OCP List (the "OCP List Supplement"), providing the name, address, and type of service of the additional Ordinary Course Professional. Within thirty (30) calendar days of the later of (i) the filing of the OCP List Supplement and (ii) the date on which the additional Ordinary Course Professional commences services, the additional Ordinary Course Professional will provide to Mr. Kwok and his counsel, Brown Rudnick, a Verified Statement, substantially in the form attached to the Order as Annex 2, certifying, among other things, that the additional Ordinary Course Professional does not represent or hold any interest adverse to Mr. Kwok or his Chapter 11 estate with respect to the matter(s) on which such professional is to be employed.

c. Upon receipt of a Verified Statement, Mr. Kwok will file the same with the Court and serve a copy on (i) the Office of the U.S. Trustee, (ii) the official committee of unsecured creditors appointed in this Chapter 11 case, and (iii) and any such other party entitled to receive notice pursuant to Local Rule 2002 (collectively, the "OCP Notice Parties"). If an Ordinary Course Professional fails to timely provide a Verified Statement to Mr. Kwok, then the Ordinary Course Professional will automatically be deemed to be stricken from the OCP List or OCP List Supplement on which the Ordinary Course Professional was listed.

d. The OCP Notice Parties will have fourteen (14) calendar days following the date of service of a Verified Statement to file with the Court and notify Mr. Kwok's counsel, Brown Rudnick, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the Verified Statement (the "Objection Deadline").

e. If no objection is filed before the Objection Deadline, or if any objection submitted is timely withdrawn or resolved, then Mr. Kwok will be authorized to retain and employ the Ordinary Course Professional as a final matter without further order of the Court, effective as of the latest of (i) the Petition Date, (ii) if applicable, the date of the filing of the OCP List Supplement, or (iii) the date of engagement.

f. If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved twenty-one (21) calendar days after the Objection Deadline, then the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, Mr. Kwok, and the objecting party.

g. No Ordinary Course Professional may be paid any amount for prepetition or postpetition fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

h. After Mr. Kwok retains an Ordinary Course Professional in accordance with these OCP Procedures, Mr. Kwok may pay such Ordinary Course Professional 100% of the post-petition fees and expenses incurred (collectively, "Compensation") upon submission to, and approval by, Mr. Kwok of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to Mr. Kwok's right to dispute any such invoices); provided, however, Mr. Kwok may not pay Compensation to an Ordinary Course Professional in any amount in excess of (a) $125,000 per month for Ordinary Course Professionals assisting with his pursuit of claims or (b) $90,000 per month for Ordinary Course Professionals assisting on all

other matters, on average over any three-month period on a rolling basis (the "OCP Monthly Fee Cap").

i.  To the extent an Ordinary Course Professional incurs Compensation in an amount that exceeds the OCP Monthly Fee Cap (the full amount being the "Excess Compensation"): (i) Mr. Kwok may pay such Excess Compensation upon agreement by the OCP Notice Parties, such agreement to be evidenced by the filing of a notice of increased cap amount, which will be deemed approved upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, the Ordinary Course Professional may file a fee application (a "Fee Application") in accordance with Sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Guidelines for Allowance of Compensation and Expense Reimbursement of Professionals per Local Rule 2016-1, and any other procedures and orders of the Court in this Chapter 11 case. Each Fee Application shall be served upon the OCP Notice Parties. The OCP Notice Parties shall then have twenty-one (21) calendar days to object to the Fee Application. If no objection is timely filed, then the fees and expenses requested in the Fee Application shall be deemed approved without further order of the Court, and the Ordinary Course Professional may be paid one hundred percent (100%) of its fees and one hundred percent (100%) of its expenses.

j.  At three (3) month intervals (each, a "Quarter") during the pendency of the Chapter 11 case, Mr. Kwok shall file with the Court and serve on the OCP Notice Parties, no later than thirty (30) calendar days after the end of such Quarter (the first end of the Quarter occurring June 14, 2022), a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the reported Quarter broken down by month; and (iii) the cumulative amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional from the Petition Date through the end of the reported Quarter.

3.     Mr. Kwok is authorized, but not directed, to pay in his discretion the OCP Prepetition Claims, provided such payments do not exceed US$275,000 in the aggregate. To the extent any Ordinary Course Professional may hold an "advance-payment" or "security retainer," Mr. Kwok is authorized to direct such Ordinary Course Professionals to apply any retainer held against the OCP Prepetition Claims.

4.      Mr. Kwok is authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:
        Bridgeport, Connecticut

_____
UNITED STATES BANKRUPTCY JUDGE

**Annex 1**

**OCP List**

| Ordinary Course Professional | Address | Type of Service |
|---|---|---|
| Aaron Mitchell<br>Lawall & Mitchell, LLC | 55 Madison Avenue<br>Morristown, NJ 07960 | Legal |
| Ari Casper<br>The Casper Firm, LLC | 400 E. Pratt Street<br>Suite 903<br>Baltimore, MD 21202 | Legal |
| Damon Parker<br>Harcus Parker Ltd. | 7th Floor, Melbourne House<br>44-46 Aldwych<br>London, WC2B 4LL | Legal |
| Guy Petrillo<br>Petrillo Klein & Boxer LLP | 655 Third Avenue<br>22nd Floor<br>New York, NY 10017 | Legal |
| Isabelle Kirshner<br>Clayman Rosenberg Kirshner &<br>Linder LLP | 305 Madison Avenue<br>Suite 650<br>New York, New York 10165 | Legal |
| Jeffrey Gavenman<br>Schulman Bhattacharya, LLC | 6116 Executive Boulevard<br>Suite 425<br>Bethesda, MD 20852 | Legal |
| John Lau | 53 Cody Avenue<br>Glen Head, NY 11545 | Interpretation/Translation |
| John Siegal<br>Baker Hostetler LLP | 45 Rockefeller Plaza<br>New York, NY 10111-0100 | Legal |
| Mark Zauderer<br>Ganfer Shore Leeds & Zauderer<br>LLP | 360 Lexington Avenue<br>New York, NY 10017 | Legal |
| Matthew Hoyle | One Essex Court<br>Temple, London, EC4Y 9AR<br>DX 430 | Legal |
| Melissa Francis<br>The Francis Firm PLLC | 33 W 60th Street<br>Floor 2<br>New York, NY 10069 | Legal |
| Mindy Kamen<br>Janover LLC | 485 Madison Avenue<br>New York, NY 10022 | Accounting |
| Robert Nader<br>Forbes Hare | Qwomar Building<br>PO Box 4649, Road Town<br>Tortola VG1110<br>British Virgin Islands | Legal |
| Sa'ad Hossain Q.C. | One Essex Court<br>Temple, London, EC4Y 9AR<br>DX 430 | Legal |

| Ordinary Course Professional | Address | Type of Service |
|---|---|---|
| Sandrine Giroud<br>LALIVE SA | Rue de Law Mairie 35<br>1207 Geneva<br>Switzerland | Legal |
| Sebastian Isaac | One Essex Court<br>Temple, London, EC4Y 9AR.<br>DX 430 | Legal |
| Una Wilkinson | 68-18 Juno Street<br>Forest Hills, New York 11375 | Interpretation/Translation |
| Victor Cerda<br>VX Cerda & Associates | 601 Brickell Key Drive<br>Suite 700<br>Miami, FL 33131 | Legal |

**Annex 2**

**Verified Statement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
:
In re:                                                        :    Chapter 11
:
   Ho Wan Kwok,                                     :    Case No. 22-50073 (JAM)
:
:
          Debtor.                           :
:
------------------------------------------------------------------X

## **VERIFIED STATEMENT OF [Insert Full Name Of Professional]**

I, [name of affiant], being duly sworn, depose and say:

1.       I am the [Title] of [Insert Full Name of Ordinary Course Professional] ("[Insert Abbreviation for Professional]"), which maintains offices at [Insert Address of Ordinary Course Professional].

2.       Except as otherwise provided herein, neither I, [Insert Abbreviation for Professional], nor any employee thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor and debtor in possession (the "Debtor"), Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in this verified statement.

3.       [Insert Abbreviation for Professional], through myself and other employees of [Insert Abbreviation for Professional], has provided certain [Insert General Description of Services] to Debtor with respect to [Fill in Description of Aspects] of Debtor.

4.       Debtor has requested, and [Insert Abbreviation for Professional] has agreed, to continue to provide services to Debtor pursuant to section 327 of title 11 of the United States Code

(the "Bankruptcy Code") with respect to such matters. Additionally, Debtor has requested, and [Insert Abbreviation for Professional] proposes, to render the following services to Debtor:

[Insert Specific Services]

5.      [Insert Abbreviation for Professional]'s current customary rates are [Insert Fee/Rate Scale]. In the normal course of business, [Insert Abbreviation for Professional] revises its regular rates on [Insert Date] of each year and requests that, effective [Insert Date] of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

6.      In the past year, [Insert Abbreviation for Professional] has rendered services to Debtor for which Debtor has been invoiced in the amount of $[Insert Amount]. [Insert Abbreviation for Professional] was owed $[Insert Amount] by Debtor as of the Petition Date.

7.      Additionally, since the commencement of this case, [Insert Abbreviation for Professional] has provided services to Debtor that have not yet been billed or that have been billed but for which payment has not been received. The value of such services does not exceed $[Insert Amount].

8.      Except as set forth herein, no promises have been received by [Insert Abbreviation for Professional] as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the District of Connecticut (the "Local Bankruptcy Rules"), and orders of this Court.

9.      [Insert Abbreviation for Professional] has no agreement with any entity to share any compensation received from Debtor.

10.     [Insert Abbreviation for Professional] and its employees may have in the past, currently, and may in the future provide services to entities that are creditors of Debtor in matters

totally unrelated to the matters with respect to which [Insert Abbreviation for Professional] is to be engaged by Debtor. However, neither I, [Insert Abbreviation for Professional], nor any employee thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to Debtor or the chapter 11 estate in the matters upon which [Insert Abbreviation for Professional] is to be engaged.

11.     The foregoing constitutes the verified statement of [Insert Abbreviation for Professional] pursuant to Bankruptcy Code sections 329 and 504, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

I declare upon penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated at [Insert City], [Insert State], this [Insert day] day of [month], [year].

[Insert Signature of Affiant]

[Insert Name of Affiant]