# UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re: __Ho Wan Kwok__
            Debtor

Case No. __22-50073 (JAM)__

Chapter __11__

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Golden Spring (New York) Ltd., by its Officer/Director/Managing Agent, Qiang Guo__

*(Name of person to whom the subpoena is directed)*

**X** *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pullman & Comley, LLC<br>850 Main Street, 8th Floor<br>Bridgeport, CT 06604 | May , 2022 at 10:00 a.m. |

The examination will be recorded by this method: __Stenographic__

**X** *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material on or before May ___, 2022 per Court Order (ECF No. 16) :
    See attached Request for Production of Documents

---

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

      CLERK OF COURT

                                              OR

_____           _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

    I served the subpoena by delivering a copy to the named person as follows: _____

_____

☐ _____ on (*date*) _____ ; or

    I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

☐My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**I.      INSTRUCTIONS**

Unless otherwise indicated, the requests for documents set forth under the heading, "Documents to be Produced for Inspection and Copying" (the "Document Requests"), should be construed as calling for the production of all documents responsive hereto regardless of when such documents were created, and shall include all responsive documents generated through the date of production of documents. The Document Requests also shall be construed to require the production of all responsive documents regardless of whether such documents are deemed to be drafts, and regardless of whether such documents previously were disseminated to anyone.

The documents responsive to the Document Requests are to be produced as they are kept in the ordinary course of business and are to be labeled in such a way as to show which files and offices they came from, or they must be labelled to correspond to the categories in the Document Requests.

In producing documents in connection with the Document Requests, each document to be produced should include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

This request for documents includes documents in possession of your agents, representatives, experts, persons or entities over which you have control for purposes of

access to responsive documents, persons consulted concerning any factual matters or matters of opinion, and, unless privileged, your attorneys.

The Document Requests are continuing in nature and you are hereby instructed to make supplemental production if you obtain further or different information.

**Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from January 1, 2015 to the date responses to the Document Requests are due.**

## DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1. "Debtor" means Ho Wan Kwok, also known as Guo Wengui; Miles Guo and/or Miles Kwok, whose chapter 11 case is pending under Case No. 22-50073 (JAM).

2. "DIP Loan" means the loan Golden Spring has proposed to make to the Debtor and/or to the Debtor's bankruptcy estate as set forth in the Debtor's Motion for Entry of Order of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief, and in the Omnibus Reply of Debtor in Support of Entry of Order Approving DIP Facilities.

3. "Golden Spring" or "GSNY" means Golden Spring (New York) Ltd.

4. "HK USA" means HK International Funds Investment (USA) Limited, LLC.

5. "Lady May" means the yacht whose legal title holder is claimed by the Debtor to be HK USA.

6. "You" or "Your" refers to Golden Spring.

## LOST OR DESTROYED DOCUMENTS

If any document or tangible thing identified herein was known at the time of responding to these Document Requests to have been in existence at one time, and has been lost, discarded, or destroyed, identify such document or thing as completely as possible, providing as much of the following information as possible:

1) the type of document or thing;

2) its date;

3) the date or approximate date it was lost, discarded or destroyed;

4) the circumstances and manner in which it was lost, discarded or destroyed;

5) the reason(s) for disposing of the document (if discarded or destroyed);

6) the identity of all persons authorized or having knowledge of the circumstances surrounding the disposal of the document or thing;

7) the identity of the person(s) who lost, discarded or destroyed the document or thing; and

8) the identity of all persons having knowledge of the contents thereof.

## PRIVILEGED OR PROPRIETARY MATTER

If it is claimed that a response to any Document Request calls for information or an identification of documents that are claimed to be privileged, work product or otherwise protected from disclosure, and such privilege or work product is asserted, (a) identify the nature of the privilege (including work product) that is being claimed; and (b) prepare the

required privilege log in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

## DOCUMENTS TO BE PRODUCED

Golden Spring is to produce the following documents:

1. Documents consisting of Golden Spring's articles of incorporation and by-laws and all amendments thereto, and a copy of GSNY's minute book and all annual reports filed on GSNY's behalf.

2. Documents identifying the officers, directors and shareholders of Golden Spring.

3. All documents evidencing any board of directors or shareholders' meetings of Golden Spring.

4. All documents concerning any and all GSNY Board meetings and minutes of the Board concerning matters related to, or for the benefit of, the Debtor.

5. All documents concerning any and all capital contributions, loans or advances made to Golden Spring from its inception to the present.

6. All documents concerning any loans or advances Golden Spring contends to have made to the Debtor or any other person.

7. All financial statements prepared by or for Golden Spring from its inception to the present, including balance sheets, profit and loss statements and statements of cash flow.

8. All federal and state tax returns prepared by or for Golden Spring for the years covering the year in which it was formed to the present, including all supporting documentation and issued W-2's and 1099's.

9. All documents provided to or received from accountants and tax preparers related to Golden Spring.

10. All contracts to which Golden Spring is a party.

11. All documents concerning the purpose for which Golden Spring was formed.

12. All documents reflecting communications by and between Golden Spring or any of its representatives, including Qiang Guo, on the one hand, and the Debtor or any of his representatives on the other, concerning Golden Spring's business, financial affairs, acquisition of assets, or any loans, advances or gifts made to or for the benefit of the Debtor.

13. All documents concerning any transfers of money or other property Golden Spring has received from the Debtor either directly or indirectly.

14. All documents concerning the existence and identity of any employees, consultants, contractors, agents or professionals of Golden Spring.

15. All documents concerning the Debtor's involvement or participation in the formation of Golden Spring or any aspect of its business, financial affairs or acquisition or preservation of its assets.

16. All documents reflecting the source of funds used for the acquisition of Golden Spring's assets, including but not limited to transfers from UBS accounts or from Bravo Luck Ltd.

17. All documents concerning any funding provided by Golden Spring for the purchase or acquisition of the Lady May or for its maintenance, preservation, repairs, or storage.

18. All documents concerning HK USA, including any funding provided to or for the benefit of HK USA including for the retention of HK USA's counsel and the $37 million being held by HK USA's lawyer (or escrow agent).

19. All documents evidencing any and all communications between Golden Spring and any of its representatives and the Debtor and any of his representatives concerning the DIP Loan, including all drafts of the DIP Loan Agreement.

20. All documents identifying any person or entity with any beneficial interest in or control over GSNY, directly or indirectly.

21. All documents, including ledgers, books and records, of GSNY concerning GSNY's current assets and liabilities.

22. GSNY's bank statements, including but not limited to GSNY's JPMorgan Chase bank account.

23. GSNY's credit card statements.

24. GSNY's debit card statements.

25. All documents concerning litigation funding provided by Golden Spring to or for the benefit of the Debtor and any requests for litigation funding by the Debtor (including any denied requests), including documents related to the claim against UBS AG (London

Branch) (the UBS Claim) and the claim against Clark Hill PLC and Thomas K Ragaland (the Clark Hill Claim).

26. Documents concerning GSNY's charter being voided, including correspondence from the Delaware Secretary of State, and documents concerning attempts to revoke the voiding of, or reinstate, the charter.

27. Documents and communications with Jerry Shulman of Williams & Connolly, LLP concerning GSNY's corporate charter, including a copy of any agreement between GSNY and Williams & Connolly, LLP

28. A copy of GSNY's Lease for 162 E 64th Street, New York, New York and any subleases.

29. Documents sufficient to identify all e-mail address used by GSNY, including with suffix "gsnyus.com" and with suffix "protonmail.com".

30. All documents concerning the relationship between the Debtor and the following entities, including the basis for any obligations any of them may have to the Debtor for indemnification or contribution:

AAGV Limited

Ace Decade Holdings Limited

Alfa Global Ventures Limited

Alfonso Global Limited

Allied Capital Global Limited

Anton Development Limited

Beijing Zenith Holdings Co.

Beijing Pangu Investment Co.,

Bravo Luck Ltd

BSA Strategic Fund I

China Golden Spring Group (Hong Kong) Limited

Creative Apex Investments Limited

Crystal Breeze Investments Limited

Elite Global Well Limited

G Club Operations, LLC

Genever Holdings Corp

Genever Holdings

Globalist International Limited

GNews, LLC

GTV Media Group, Inc.

Hong Kong International Funds Investments Limited

Infinite Increase Limited

Infinitum Developments Limited

Insight Phoenix Fund

Leading Shine Limited

Noble Fame Global Limited

Rule of Law Society, IV, Inc.

       Rule of Law Foundation III, Inc.

       Saraca Media Group, Inc.

       Voice Guo Media, Inc.

       Voice of Guo Media, Inc.

31. All documents concerning Himalaya Exchange, Himalaya Coin, H Coin, Himalaya Dollar, and H Dollar, including any documents concerning the Debtor's and GSNY's relationship to said entities or projects.

32. All documents concerning assets, such as patents, held by Glenn Mellor or Alpina Fiduciaries, SA as to which the Debtor or GSNY were involved in any way in procuring.

32. All documents evidencing the ownership interests in, and assets of, China Golden Spring Group (Hong Kong) Limited a/k/a Golden Spring Hong Kong.

33. Any documents evidencing Debtor's request for funds, loans, advance or purchases from GSNY.

34. Any documents evidencing GSNY's refusal of Debtor's request for funds, loans, advance or purchases from GSNY.

35. Documents concerning vehicles owned or leased by GSNY, including Maybach Limosine, including those that are used by or provided to the Debtor.

36. Documents related to Daniel Phodaskie's role at or on behalf of GSNY, including all communications with Debtor and agreements.

37. Documents related to Arethusa Forsyth role at or on behalf of GSNY, including all communications with Debtor and agreements.

38. Documents related to Melissa Francis role at or on behalf of GSNY, including all communications with Debtor and agreements.

39. Documents related to insurance policies for the benefit of GSNY or paid for by GSNY, including all riders and the identity of additional insureds.

400 All documents concerning Himalaya Exchange, Himalaya Coin, H Coin, Himalaya Dollar, and H Dollar, including any documents concerning the Debtor's and GSNY's relationship to said entities or projects.