# **<u>EXHIBIT PAX 01</u>**

Notice of Deposition of Verdolino & Lowey, P.C., dated March 28, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
         Ho Wan Kwok,                                      :   Case No. 22-50073 (JAM)
                                                           :
                              Debtor.                      :
                                                           :
---------------------------------------------------------- x

### PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S NOTICE OF DEPOSITION OF VERDOLINO & LOWEY, P.C. PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

To:   Verdolino & Lowey, P.C.
      124 Washington Street
      Suite 101
      Foxboro, MA 02035

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Civil Rules") Pacific Alliance Asia Opportunity Fund L.P. ("PAX") shall take the deposition of Verdolino & Lowey, P.C. ("V&L") by the person(s) most qualified to testify on V&L's behalf with respect to the topics described below.

The deposition will commence on April 8, 2022 at 10:00am (Prevailing Eastern Time) at the offices of O'Melveny & Myers LLP at Times Square Tower, 7 Times Square, New York, New York 10036.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules, V&L is required to designate one or more officers, directors, managing agents, or other person who will testify on its behalf with respect to each of the topics below. PAX reserves all



EXHIBIT
JALBERT 1
4/8/22
E. RYAN CH

rights, including, but not limited to, the right to take additional depositions of V&L and others, and to expand on the deposition topics listed below.

The deposition shall be taken upon oral examination before an officer authorized by law to administer oaths, by remote video conference, and may be recorded by videographer and/or by stenographic means.

**PLEASE TAKE FURTHER NOTICE** that:

1. The deposition will be conducted either in person or remotely, using audio-visual conference technology;

2. The court reporter will either report the deposition from the same location as the witness or a location separate from the witness and will remotely administer the oath to the witness;

3. Counsel for the parties and their clients will participate either from the same location or from separate locations;

4. The witness may be required to provide government-issued identification, which must be legible on camera;

5. Each participating attorney may be visible to all other participants, and their statements will be audible to all participants;

6. All exhibits will be provided simultaneously and, if the deposition is conducted remotely, electronically to the witness and all participants;

7. The court reporter will record the testimony;

8. The deposition may be recorded by stenographic, electronic, and/or visual means; and

9. Counsel for all parties will be required to stipulate on the record their consent to this manner of deposition and their waiver of any objection to this manner of taking the deposition,

including any objection to the admissibility at trial of this testimony based on the manner of remote deposition taking.

## DEFINITIONS

a. "Bankruptcy Code" means Title 11 of the United States Code.

b. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and/or any other communicative contact between two or more Persons and/or entities, and shall include, without limitation: written contacts by such means as any Document as defined herein, and oral contact by such means as face-to-face or in-person meetings, telephone conversation, e-mail, and any other form of electronic communication such as telecopy transmissions, telexes, telegrams, and video transmissions, and the originals, drafts, copies, and all non-identical copies of all Documents.

c. The "Chapter 11 Proceedings" means *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.).

d. "Debtor" refers to Miles Kwok a/k/a Kwok Ho Wan, a/k/a Kwok Ho, a/k/a Gwo Wen Gui, a/k/a Guo Wengui, a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun, a/k/a Haoyun Guo.

e. "Debtor's Schedules" refers to bankruptcy Schedules AB, C, D, EF, G, H, I, and J, filed by Debtor on March 9, 2022 [ECF 78].

f. "Debtor's Statement of Financial Affairs" refers to the Statement of Financial Affairs filed by Debtor on March 9, 2022 [ECF 77].

g. "Director," "officers," "member," "partner," "limited partner" or "agent" means any individual or entity serving as such presently or who served in such capacity at any relevant time, even though no longer serving in such capacity.

h. "Document" as used herein shall mean the original and all drafts and all copies, including copies with notations or marks not found on the original, of any writing or printed, graphic or electronic materials of any nature whatsoever, including, but not limited to, records, reports, memoranda, notes, calendar or diary entries, letters, envelopes, telegrams, telexes, e-mails, electronic mail messages, computer files, computerized records, telephone bills, checks, other written communications, messages (including, but not limited to, reports of telephone conversations and conferences), studies, summaries, tabulations, analyses, printed matter, minutes, photographs, tapes, tape recordings, correspondence, computer stored information, financial statements, worksheets, other communications, contracts, agreements, promissory notes, loan agreements, security agreements, guaranties, pledges, deeds of trust, mortgages, security interests filings, loan documents, other official documents and legal instruments, journals, manuals, technical releases, employment applications, agreements, orders, statements, checks, bank account statements, loan account statements, bills, invoices, receipts, vouchers, notebooks, data sheets and records kept or maintained by any means including electronically or by computer. In all cases where originals and/or non-identical copies are not available, the term "Document" also means identical copies of original documents and copies of non-identical copies.

i. "DIP Motion" means Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief, *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.) [ECF No. 117]

j. "Document Request" refers to this First Request for Production of Documents directed to Verdolino & Lowey, P.C.

k. "Engagement Agreement" means the letter from Craig R. Jalbert to Bennett S. Silverberg dated March 3, 2022, attached as Exhibit B to the V&L Retention Application.

l. "Identify" means

i. as to a person (as defined): name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business.

ii. as to a document: the type of document (letter, memo. etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by You to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34 of the Federal Rules of Civil Procedure.

iii. as to a communication: the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed.

iv. as to a meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

m. "Including" means including, but not limited to.

n. "Or" means "and/or" and is used in the inclusive sense.

o. "Person" includes natural persons, as well as corporations, proprietorships, limited liability companies, partnerships, joint ventures, associations, combinations, unions, governmental bodies and agencies, and any and all other entities.

p. The "Petition Date" means February 15, 2022.

q. "Proposed DIP Loan" means the proposed Debtor-In-Possession Credit Agreement, attached as an exhibit to the *Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and*

*(II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief* [ECF No. 117].

r.  "Referring to" as used herein shall mean commenting on, responding to, mentioning, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, identifying, or discussing.

s.  "Relating to" as used herein shall mean concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing or otherwise establishing reasonable, logical or causal connection to.

t.  "V&L", "You, or "Your" means Verdolino & Lowey, P.C. and each of its members, directors, officers, employees, agents, representatives, accountants, and advisors.

u.  "V&L Retention Application" means the Debtor's Application for Authorization to Retain and Employ Verdolino & Lowey, P.C. as Financial Advisor, *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.) [ECF No. 90].

### RULE 30(b)(6) DEPOSITION TOPICS

1. Your proposed engagement in connection with the Debtor's Chapter 11 Proceedings.

2. Your existing and anticipated role in the Debtor's Chapter 11 Proceedings.

3. Assets or businesses the Debtor owns, controls or uses.

4. Any source of income of the Debtor.

5. Work performed by V&L in preparing the "Schedules, and all support thereto" as described in paragraph 10 of the V&L Retention Application and the Engagement Agreement.

6. Any "preparation and/or review of cash flow and related budget projections" performed or to be performed by You, related to these Chapter 11 Proceedings, as described in paragraph 10 of the V&L Retention Application and the Engagement Agreement.

7. Work performed or to be performed by V&L relating to "Opening and maintaining the DIP account" as described in paragraph 10 of the V&L Retention application and the Engagement Agreement.

8. Any proposed debtor in possession financing arrangements in connection these Chapter 11 Proceedings.

9. Your experience with the valuation or liquidation of luxury items, including yachts, clothing, and personal effects.

10. The Debtor's Schedules.

11. The Debtor's Statement of Financial Affairs.

12. The Proposed DIP Loan.

Dated: March 28, 2022
New York, New York

/s/ Peter Friedman
O'MELVENY & MYERS LLP
Peter Friedman (pfriedman@omm.com)
Stuart Sarnoff (ssarnoff@omm.com)
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

*Attorneys for Pacific Alliance Asia Opportunity Fund L.P.*