# <u>EXHIBIT PAX 06</u>

Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, dated March 9, 2022, and filed on the docket in this matter as ECF No. 77

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
:
In re: : Chapter 11
:
HO WAN KWOK, : Case No. 22-50073 (JAM)
:
Debtor. :
:
-------------------------------------------------------------------X

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND
DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

Ho Wan Kwok (the "Debtor"), is filing his Schedules of Assets and Liabilities (each, a "Schedule," and, collectively, the "Schedules") and Statement of Financial Affairs (the "SOFA") in the Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and SOFA (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and SOFA. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and SOFA (the "Specific Notes" and, together with the Global Notes, the "Notes").

The Global Notes should be referred to, and referenced in connection with, any review of the Schedules and SOFA. The Debtor prepared the Schedules and SOFA with the assistance of his advisors and other professionals. The Schedules and SOFA are unaudited and subject to potential adjustment. In preparing the Schedules and SOFA, the Debtor relied on information that was available to him at the time of preparation. The Debtor has made reasonable efforts to ensure that the Schedules and SOFA are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and SOFA and inadvertent errors or omissions may exist.

The Debtor reserves all rights to amend or supplement the Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and SOFA as to amount, liability, classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Further, nothing contained in the Schedules, SOFA, or Notes shall constitute a waiver of the Debtor's rights or an admission with respect to his chapter 11 case.



GLOBAL NOTES

1. <u>Description of the Case.</u> On February 15, 2022 (the "<u>Petition Date</u>"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code.

2. <u>Aliases of Debtor.</u> Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

3. <u>Basis of Presentation.</u> The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"). The Schedules and SOFA reflect the Debtor's reasonable efforts to report the assets and liabilities of the Debtor.

4. <u>Reporting Date.</u> Unless otherwise noted, the reported asset values in Schedules A and B align with the asset values as of the Petition Date, and the liability values in Schedules D, E, and F are as of the Petition Date.

5. <u>Accuracy.</u> The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtor should evaluate this financial information in light of the purposes and context for which it was prepared. The Debtor is not liable for, and undertakes no responsibility to indicate, variations from securities laws or for any evaluations of the Debtor based on this financial information or any other information.

6. <u>Estimates and Assumptions.</u> The preparation of the Schedules and SOFA required the Debtor to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities and the reported amounts of revenue and expense. Actual results could differ materially from these estimates. In nearly all instances, current market valuations are not maintained by, or readily available to, the Debtor. It would be prohibitively expensive, unduly burdensome, and an inefficient use of resources for the Debtor to obtain current market valuations for all assets. When necessary, the Debtor has indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from the estimated value.

7. <u>Currency.</u> Unless otherwise indicated, all amounts shown in the Schedules and SOFA are in U.S. Dollars.

8. <u>Debtors' Reservation of Rights.</u> Nothing contained in the Schedules, SOFA, or Notes shall constitute a waiver of rights with respect to this chapter 11 case, including, but not limited to, the following:

   a. Any failure to designate a claim listed on the Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on his Schedules as to amount, liability, and classification,

PAX-006-002

and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b. The listing of a claim on Schedule D as "secured," on Schedule E as "priority," or on Schedule F as "unsecured priority," or the listing of a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a security interest has been undertaken. The Debtor reserves all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claims.

c. The claims of individual creditors may not reflect credits, allowances or other adjustments due from such creditors to the Debtor. The Debtor reserves all of his rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

d. Although the Debtor has exercised reasonable efforts to ensure the accuracy of his Schedules and SOFA, they nevertheless may contain errors and omissions. The Debtor hereby reserves all of his rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and SOFA, and to amend and supplement the Schedules and SOFA as necessary.

e. The Debtor further reserves all of his rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and SOFA, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

f. Listing a contract or lease on the Schedules and SOFA shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtor hereby expressly reserves the right to assert that any contract listed on the Schedules and SOFA does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

9. <u>Global Notes Control.</u> In the event that the Schedules or SOFA differ from any of the Global Notes, the Global Notes shall control.

3

PAX-006-003

SPECIFIC NOTES

In addition to the foregoing, the following conventions were adopted by the Debtor in the preparation of the Schedules and SOFA:

1. Schedule A/B.

    a. Generally. To the extent a line item pertaining to the Debtor's assets indicates a value of "$0.00," the Debtor notes that such amount is either "unknown" or "undetermined" and such "$0.00" designation does not constitute an admission that assets are, in fact, valued at "$0.00." Because certain assets or liabilities are noted as "$0.00," summary line items in Schedule A/B reflect totals that may be less than the ultimate value of such assets or liabilities.

    b. Question 1 - Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

        i. The Debtor has use and occupancy of real estate located at 373 Taconic Road, Greenwich, CT 06831 (the "Residence"). The Debtor has no legal title to the Residence and no court has made any determination that the Debtor has any other interest, equitable or otherwise, in it. All related costs and expenses associated with the Residence are paid directly by family and family-controlled enterprises. The Residence is owned by Greenwich Land, LLC ("Greenwich Land"). The sole member of Greenwich Land is the Debtor's spouse.

        ii. The Debtor also has access to an apartment located at the Sherry-Netherlands Hotel, 781 Fifth Avenue, New York, NY 10022 (the "Apartment"). The cooperative shares in the Apartment are held by Genever Holdings LLC (the "US SPV"). The membership interests in the US SPV are held by Genever Holdings Corporation (the "BVI Company"). The Debtor holds all of the equity of the BVI Company; however, pursuant to a Declaration of Trust and Agreement, dated as of February 17, 2015 (the "Trust Date"), the Debtor holds such equity in trust for Bravo Luck Limited (the "Apartment Owner"). The Debtor's son owns the equity of the Apartment Owner. On or about the Trust Date, the Apartment Owner funded the US SPV with the purchase price for the Apartment. These funds came from entities owned or controlled by the Debtor's son and not from the Debtor.

        The US SPV commenced its own chapter 11 case before the United States Bankruptcy Court for the Southern District of New York on October 12, 2020 (Case No. 20-12411 (JLG)). The US SPV's disclosure statement with respect to its reorganization plan states that the US SPV "sought Chapter 11 relief . . . in the face of multiple court disputes relating primarily to the beneficial ownership of the Residence as between Bravo Luck Limited . . . and [Pacific Alliance Asia Opportunity Fund LP ("PAX")]." [Docket No.

4

165]. In litigation seeking to determine the ownership of the Apartment, the Apartment Owner contends that it is the beneficial owner of the Apartment. The ultimate ownership of the Apartment will be resolved outside of the US SPV's chapter 11 case. Before the BVI courts, PAX has sought the turnover of the US SPV's membership interests based upon its judgment (which remains under appeal) against the Debtor.

The Apartment is currently marketed for sale by Sotheby's International Realty under the authority of Melanie L. Cyganowski, Esq., the US SPV's sales officer. For these reasons, the Debtor does not report the value of the Apartment as an asset.

c. Question 3 – Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Cars, vans, trucks, tractors, sport utility vehicles, motorcycles. The Debtor has use of automobiles, including luxury automobiles and motorcycles. The Debtor has no legal title to any vehicle of any type and no court has made any determination that the Debtor has any other interest, equitable or otherwise, in any such vehicle. All costs and expenses associated with such vehicles are provided for directly by family and family-controlled enterprises.

d. Question 4 – Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories. The Debtor previously had access to the use of a yacht named the "Lady May." The Lady May is owned by HK International Funds Investments (USA) Limited, LLC, which is owned by the Debtor's daughter. The Lady May is currently in port in Europe. The Debtor currently has no access to the Lady May and has had no access to the Lady May for over a year.

The ownership and/or control of the Lady May was disputed by the Debtor in the New York State Supreme Court action commenced by PAX against the Debtor in response to sanctions and contempt proceedings initiated by PAX. Following an evidentiary hearing, conducted on February 9, 2021, Justice Barry Ostrager found (the "February 9 Decision"), among other things, that that the evidence established that the Debtor "beneficially owns and controls" the Lady May. The Debtor disagrees with the February 9 Decision and has appealed it. Due to the pending appeal (which is currently stayed), the Debtor does not include the Lady May as an asset of his estate. However, if included as an asset (which the Debtor anticipates will be resolved through this Chapter 11 Case) of his estate, the Lady May may have significant value – in 2015, the sales price for the Lady May was €28 million.

e. Question 6 – Household goods and furnishings. Numerous items fitting the personal and household items definition are located at the Residence and the Apartment. Except as set forth herein, the Debtor has no legal title to the contents of either the Residence or the Apartment, and no court has made any determination that the Debtor has any other interest, equitable or otherwise, in any such items.

5

PAX-006-005

f.  Question 7 – Electronics – Televisions, radios, audio, video, etc. Numerous items fitting the electronics items definition are located at the Residence and the Apartment including, but not limited to, computers, cell phones, and broadcasting equipment. Except as set forth herein, the Debtor has no legal title to the contents of either the Residence or the Apartment, and no court has made any determination that the Debtor has any other interest, equitable or otherwise, in any such items.

g.  Question 8 – Collectibles of value. Any items at the Residence or the Apartment fitting the definition of this category are the property of family or family-controlled enterprises. Except as set forth herein, the Debtor has no legal title to the contents of either the Residence or the Apartment, and no court has made any determination that the Debtor has any other interest, equitable or otherwise, in such items.

h.  Question 9 – Equipment for sports or hobbies. Any items at the Residence or the Apartment fitting the definition of this category are the property of family or family-controlled enterprises. Except as set forth herein, the Debtor has no legal title to the contents of either the Residence or the Apartment, and no court has made any determination that the Debtor has any other interest, equitable or otherwise, in any such items.

i.  Question 11 – Clothes. The Debtor owns both business and casual clothing, including suits, shoes and sneakers from various manufacturers, including high-end brands.

j.  Question 17 – Deposits of money. On October 23, 2018, the High Court of the Hong Kong Special Administrative Region, Court of First Instance (the "High Court"), entered a Restraint Order Prohibiting Disposal of Assets In Hong Kong and Elsewhere (the "Restraint Order"), dated October 18, 2018. The Restraint Order stated that it would remain in force up to and including April 30, 2019, with the understanding that it would remain in effect pursuant to a further order of the High Court entered on May 3, 2019. The effect of the Restraint Order was to freeze HK$3.7 million of funds alleged to belong to the Debtor. As much as billions more of funds and property, including real estate in Hong Kong, of individuals and entities purportedly subject to the Debtor's "effective control" (according to the Restraint Order) were also frozen and/or seized. Due to the freezing/seizure of these assets, the Debtor does not include them in his estate.

k.  Question 18 - Bonds, mutual funds, or publicly traded stocks. Out of an abundance of caution, the Debtor refers you to Schedule B Notes, Question 17.

l.  Question 19 – Non-publicly traded stock or interest in incorporated and unincorporated businesses, LLCs, partnerships or joint ventures. The Debtor was the sole shareholder of two controlled foreign corporations: Shiny Times Holdings Ltd. ("Shiny Times") and Well Origin Ltd. ("Well Origin"). For the following reasons, the Debtor ascribes no value to the interests in these entities.

6

i. In September and October 2017, the Chinese government raided the offices of Shiny Times and seized all accounting corporate records and many personal financial records. Access to the records was not possible after this time. Online access to the bank accounts is frozen and there are no copies or backup of the data available. The Debtor has made all reasonable attempts to obtain the data, but since the seizure, has been unable to obtain financial records for the corporation. Shiny Times has been inactive since that time. The Debtor has not had control of Shiny Times since November 2, 2017.

ii. As to Well Origin, a company incorporated in the British Virgin Islands, in April of 2018, UBS took control of the shares of Well Origin, which it held as collateral, as the result of a default on a loan. After taking the shares of Well Origin and selling its assets, UBS put the company into liquidation in the British Virgin Islands. The Debtor has not had control of Well Origin since December 31, 2017.

As discussed above, in response to Statement Question 1, the Debtor holds the membership interests of the US UPV. The Debtor holds these membership interests in trust for the Apartment Owner.

See also Schedule B Notes, Question 17, related to numerous entities that are subject to the Restraint Order, and SOFA, Question 9, related to Eastern Profit (as defined below).

m. Question 20 – Government and corporate bonds and other negotiable and non-negotiable instruments. The Debtor has received the identified refund checks from the United States Treasury and the State of New York Department of Taxation and Finance. These checks are non-negotiated and may be dishonored if deposited because they were issued more than six months ago.

n. Question 22 – Security deposits and prepayments. In connection with the acquisition of the Apartment, the US SPV provided the cooperative with respect to the Apartment, a security deposit (the "Apartment Security Deposit") of $5 million for the payment of taxes and other maintenance charges. The Apartment Owner funded the Apartment Security Deposit not from assets of the Debtor. Once the US SPV ceased regularly paying its maintenance charges, the cooperative began applying amounts due against the security deposit. On information and belief, approximately $2.065 million of the original Apartment Security Deposit remains. Due to the trust arrangement discussed above, in response to Question 1, the Debtor does not include the value of the remaining Apartment Security Deposit as an asset of his estate.

o. Question 25 – Trusts, equitable or future interests in property and rights or powers exercised for your benefit. See Schedule B Notes, Questions 17, 19 and 22.

7

PAX-006-007

p. Question 26 – Patents, copyrights, trademarks, trade secrets, and other intellectual property. The Debtor has possible unregistered copyrights and other intellectual property interests in music and videos posted to various digital and media platforms, such as YouTube, GTV, Twitter and GETTR. The Debtor ascribes no value to his social media assets and has made no attempts to monetize his social media presence.

q. Question 30 – Other amounts someone owes you. See SOFA Notes, Part 4, Question 9 for identification of lawsuits to which the Debtor is asserting a claim.

In addition, in certain jurisdictions, the prevailing party to a matter is entitled to reimbursement of its costs. In the case captioned *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, pending before the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court, the Debtor may be entitled to the reimbursement of costs related to a recent jurisdictional dispute alongside the other plaintiffs. The amount awarded by the court to all plaintiffs to the action was £94,292.20. The Debtor's ratable entitlement to this amount is undetermined. Further, the defendant has been granted permission to appeal by the court and a successful appeal may result in the plaintiffs being ordered to repay the amount awarded by the court.

In the case captioned *Wengui Guo v. Baosheng Guo*, pending before the United States District Court for the Eastern District of Virginia, counsel for the Debtor is in receipt of the $12,000 judgment awarded in his favor.

r. Question 31 – Interests in insurance policies. The Debtor is covered by his spouse's health insurance policy which has no cash value.

s. Question 33 – Claims against third parties, whether or not a lawsuit has been filed or made a demand for payment. The Debtor is a claimant in certain litigation identified on the SOFA Notes, Part 4, question 9.

t. Question 37 - Legal or equitable interest in any business-related property. See Schedule B Notes, Questions 17 and 19 above.

u. Question 39 – Office equipment furnishings or supplies. There is nothing in this category that is not already covered by responses to Schedule B Notes, Questions 6 and 7 above.

v. Question 42 – Interests in Partnership or Joint Ventures. See Schedule B Notes, Questions 17 and 19.

w. Question 53 – Property of the kind not already listed. The Debtor is identified as the member for his family's membership at The Mar-a-Lago Club, located in Palm Beach, Florida. The membership has been active since 2015. The Debtor is not responsible for the payment of the membership dues, nor is he entitled to the refund

8

of any deposits that may have previously been paid upon termination of the membership.

2. <u>Schedule C.</u>

    a. The Debtor does not identify any exempt property at this time. However, the Debtor reserves the right to amend such exemption selection should he be found to own assets in excess of his clothing and his dog during the pendency of the bankruptcy.

3. <u>Schedule D.</u>

    a. Based on the information currently available to the Debtor, the Debtor believes that Schedule D accurately reflects all creditors with secured claims against the Debtor. To the extent the Debtor discovers that any additional secured claims exist, the Debtor may amend Schedule D accordingly to reflect such claims.

    b. The Debtor reserves all of his rights to amend Schedule D to the extent that the Debtor determines that any claims should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the claimant, deemed a modification or interpretation of the terms of any agreement, or considered a waiver of the Debtor's rights to recharacterize or reclassify any claim or contract.

    c. The Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

    d. Except as otherwise agreed or ordered by the Bankruptcy Court, the Debtor reserves his rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor of the Debtor. Moreover, the Debtor reserves all of his rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

    e. The Debtor is party to litigation funding agreements ("<u>Litigation Funding Agreements</u>") wherein the Debtor pledged a security interest in, among other things, certain claims and the proceeds thereof to certain entities owned or controlled by the Debtor's son (each, a "<u>Litigation Funder</u>"). The Debtor does not believe the security interests were perfected.

4. <u>Schedule E/F.</u>

    a. The Debtor has used reasonable efforts to report all unsecured claims against him on Schedule E/F. The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, the determination of the date that each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive.

PAX-006-009

Therefore, while the Debtor does not provide a date for each claim listed on Schedule E/F, to the best of the Debtor's knowledge, all claims listed on Schedule E/F have arisen or were incurred before the Petition Date.

b. The Debtor reserves the right to assert that any such claims are contingent, unliquidated and/or disputed, as applicable.

c. The Debtor reserves the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

d. The claims of individual creditors may not reflect credits and/or allowances due from creditors to the Debtor. The Debtor reserves all of his rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs with respect to same.

e. Schedule E/F may include pending litigations or legal actions involving the Debtor. These pending litigations or legal actions are also reflected in response to SOFA Question 7. In all instances, the amount that is the subject of the litigation is uncertain or undetermined. The Debtor believes that the amount of any potential claims associated with any such pending litigation is contingent, unliquidated, and disputed. The inclusion of any litigation in the Schedules and/or SOFA or otherwise does not constitute an admission of liability alleged in such litigation.

f. To the extent they are known, Schedule E/F represents the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

5. Schedule G.

a. Although the Debtor used reasonable efforts to identify and schedule executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtor reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements and leases listed therein may have expired or been modified, amended, or supplemented from time to time by various amendments, restatement, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements which may not be listed therein.

b. The presence of a contract or agreement on Schedule G does not constitute an admission as to the existence, validity or enforceability of the contract or agreement, or that such contract or agreement is an executory contract or unexpired lease, and the omission of a contract or agreement from Schedule G does not

10

constitute an admission that a contract or agreement does not exist. The Debtor reserves all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute.

6. Schedule H.

   a. The Debtor is involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed and/or unliquidated, such claims have been set forth on both Schedules F (and flagged as contingent, liquidated and disputed) and H.

7. Schedule I.

   a. The Debtor has no income that meets any definition of income on Schedule I. The Debtor does receive support funded by family and companies controlled by family for housing, household and living expenses. None of the funding related to housing, household or living expenses is subject to any claim by the funding source and all housing, household and living expense funding is without any agreement or expectation to be repaid. The Debtor plans to amend Form 122B, filed on February 15, 2022 [Docket No. 3], in which the Debtor erroneously claimed monthly income of $19,488.00. Such funds stated were as described herein and are not properly defined or described as income.

8. Schedule J.

   a. Consistent with the reporting on Schedule I, all expenses of any kind including housing, household and living, are funded by third party family members or by companies they control. The Debtor has no expenses for which he is personally liable. The Debtor reserves his right to amend this Schedule in the future should his circumstances change.

9. Specific Notes Regarding the Debtor's Statement of Financial Affairs (SOFA).

   a. SOFA Question 1. The Debtor and his spouse consider themselves married even though they do not have a certificate from China evidencing their marriage. The couple has been living together for over 30 years, file joint tax returns, and have two children together.

   b. SOFA Question 2. The Debtor previously lived at the Apartment from on or about March/April 2015 through September 2015 and then from March/April 2017 through February 2020.

   c. SOFA Question 5. The Debtor has no income that meets any definition of income for this question or on 122B or Schedule I. The debtor does receive support funded

11

by family and companies controlled by family for housing, household and living expenses. None of the funding related to the housing, household or living expenses is subject to any claim by the funding source and there is no expectation or agreement in place relative to repayment. The Debtor is amending Form 122B, in which the Debtor erroneously claimed monthly income of $19,488.00. Such funds stated are as described herein and are not properly defined or described as income.

d. <u>SOFA Question 6.</u> Professional payments listed in this category were made on behalf of the Debtor by family or companies controlled by family and are subject to the Litigation Funding Agreements. The payments are reported because there is an expectation of repayment from any proceeds contingent upon the resolution of the litigation. In addition, the Debtor does receive support funded by family and companies controlled by family for housing, household and living expenses. None of the funding related to the housing, household or living expenses is subject to any claim by the funding source, and there is no expectation or agreement in place relative to repayment. They are therefore excluded from this list. There were two payments made by the family totaling $109,827.12 that were inadvertently made post-petition, on February 16, 2022. These payments are being treated as gifts.

e. <u>SOFA Question 8.</u> The Debtor borrowed funds from Litigation Funders (see SOFA Question 12, below) to pursue and defend against litigation. In certain instances, entities affiliated with the Debtor's son are party to the litigation. He is not responsible for the costs incurred by such parties to the litigation. To the extent the Litigation Funder inadvertently allocated such third-party costs to the Debtor, the Debtor intends to dispute such liability.

f. <u>SOFA Question 9.</u> The Debtor has made reasonable best efforts to identity all current pending litigation, investigations and other legal actions involving the Debtor. However, certain omissions may have inadvertently occurred. The inclusion of any legal action in this question does not constitute an admission by the Debtor of any liability, the validity of any litigation or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future. The Debtor is a party to numerous lawsuits that are currently in various stages, as a plaintiff, defendant, or co-defendant. All litigation costs for the benefit of the Debtor are funded by companies controlled by family or through various Litigation Funding Agreements, all of which are listed on Schedule G.

In ruling that Eastern Profit Corporation Limited ("<u>Eastern Profit</u>") prevailed on its breach of contract claim against Strategic Vision US LLC ("<u>Strategic Vision</u>"), and was thus entitled to collect on its $1 million judgment against Strategic Vision, the United States District Court for the Southern District of New York made a passing remark concerning the Debtor's purported relationship to Eastern Profit, that the company was "in essence, a shell corporation for" the Debtor and his family. For this reason alone, the Debtor schedules this action. Eastern Profit is owned and

12

controlled by the Debtor's daughter, and the Debtor disputes that he has an interest in the company.

g. <u>SOFA Question 10.</u> See Schedule B Notes, Questions 17 (assets subject to the Restraint Order) and 19 (Shiny Times Holdings Ltd. and Well Origin Ltd.).

h. <u>SOFA Question 12.</u> See Schedule B Notes, Questions 1 (the Apartment), 17 (assets subject to the Restraint Order) and 19 (Shiny Times Holdings Ltd. and Well Origin Ltd.).

i. <u>SOFA Question 16.</u> Prior to the Petition Date, on each of February 14, 2021, and February 15, 2021, Brown Rudnick was paid a retainer of $500,000. The source of $1 million in retainer payments (the "<u>BR Retainer</u>") was Lamp Capital LLC ("<u>Lamp</u>"). Lamp loaned the Debtor $1 million, and the Debtor directed Lamp to remit the proceeds of the loan directly to Brown Rudnick

j. <u>SOFA Question 18.</u> Within two years of the Debtor's Chapter 11 case, the Debtor entered into Litigation Funding Agreements with Litigation Funders. The most recent Litigation Funding Agreement is dated November 8, 2021. Pursuant to the Litigation Funding Agreements, the Litigation Funder has agreed to advance loans in connection with the Debtor's efforts to collect on judgments or damages he suffered. The Litigation Funding Agreements provide for a grant of a security interest in the Debtor's underlying claims and litigation proceeds to the applicable Litigation Funder.

k. <u>SOFA Question 22.</u> The Debtor continues to have access to the Apartment. Accordingly, he continues to store certain clothing and personal items there.

l. <u>SOFA Question 23.</u> See SOFA Notes, Question 12. See Schedules Notes Questions 1, 3, 4, 6, 7, 8, 9, and 11. The Debtor has use of the Residence, various vehicles and numerous items fitting the personal and household items definition, such property being located at the Residence. The Debtor has no legal title to the Residence, the vehicles or its contents, and no court has made any determination that the Debtor has any other interest, equitable or otherwise in any such items.

m. <u>SOFA Question 27.</u> See Schedule B Notes, Questions 17 and 19.

13

PAX-006-013

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Ho Wan Kwok** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF CONNECTICUT | | |
| Case number (if known) | **22-50073** | | |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                    4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.   **What is your current marital status?**

☑ Married
☐ Not married

2.   **During the last 3 years, have you lived anywhere other than where you live now?**

☐ No
☑ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **781 5th Avenue New York, NY 10022** | From-To: **March 2015 to March 2020** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |

3.   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☑ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☑ No
☐ Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |

PAX-006-014

Debtor 1   **Ho Wan Kwok** _____   Case number (if known)   **22-50073**

---

**5.   Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☑ No
☐ Yes. Fill in the details.

| Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|

---

**Part 3:   List Certain Payments You Made Before You Filed for Bankruptcy**

**6.   Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☑ **No.   Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.   Go to line 7.
☑ Yes   List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☐ **Yes.   Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.   Go to line 7.
☐ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **See attached schedule # 6** | | **$2,054,671.92** | **$732,212.31** | ☐ Mortgage ☐ Car ☐ Credit Card ☐ Loan Repayment ☐ Suppliers or vendors ☐ Other___ |

---

**7.   Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

**8.   Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☑ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

---

PAX-006-015

Debtor 1    **Ho Wan Kwok**                                          Case number *(if known)*   **22-50073**

---

| **Part 4:** | Identify Legal Actions, Repossessions, and Foreclosures |
|---|---|

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No
   ☑ Yes. Fill in the details.

| Case title | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Case number** | | | |
| **See Attached Schedule # 9** | | | ☐ Pending |
| | | | ☐ On appeal |
| | | | ☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

    ☑ No. Go to line 11.
    ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
    ☑ No
    ☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
    ☐ No
    ☑ Yes

---

| **Part 5:** | List Certain Gifts and Contributions |
|---|---|

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
    ☑ No
    ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| **Person to Whom You Gave the Gift and Address:** | | | |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
    ☑ No
    ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| **Charity's Name** | | | |
| **Address** (Number, Street, City, State and ZIP Code) | | | |

---

PAX-006-016

| Debtor 1 | **Ho Wan Kwok** | Case number *(if known)* | **22-50073** |
|---|---|---|---|

**Part 6:**   List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

**Part 7:**   List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Brown Rudnick LLP**<br>**1 Financial Center**<br>**Boston, MA 02111**<br>**Lamp Capital LLC** | | **$500,000 on 2/14/2022**<br>**$500,000 on 2/15/2022** | **$1,000,000.00** |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

☑ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                           Best Case Bankruptcy

PAX-006-017

Debtor 1    **Ho Wan Kwok**                                    Case number (if known)   **22-50073**

---

**Part 8:**   List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20.  Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21.  Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

☑ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22.  Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☐ No
☑ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| The Sherry-Netherland Hotel 781 5th Avenue New York, NY 10022 | | Business and Casual Clothes and other household items | ☐ No ☑ Yes |

---

**Part 9:**   Identify Property You Hold or Control for Someone Else

23.  Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☐ No
☑ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| Refer to Global Notes Question 23 | | | $0.00 |

---

**Part 10:**   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

☑ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

☑ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

☑ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

PAX-006-018

| Debtor 1 | **Ho Wan Kwok** | Case number (if known) | **22-50073** |
| --- | --- | --- | --- |

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
| --- | --- | --- | --- |

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
| --- | --- | --- | --- |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
| --- | --- | --- | --- |

**Part 11:    Give Details About Your Business or Connections to Any Business**

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

☑ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
| --- | --- | --- |
| **Genever Holdings Corporation**<br>P.O. Box 3170<br>Tortola, British Virgin Islands | **Holding Company for Genever Holdings LLC** | EIN:<br><br>From-To |
| **Shiny Times Holdings, LTD**<br>173 Des Voex Road Cntrl<br>4/F Nan Fung Twr, R411<br>Hong Kong,  9990777  Hong Kong | **Investment Vehicle**<br><br>**MICHAEL LI & CO. , C/O HENRY WONG 19/F PROSPERITY TOWER, NO 39 QUEENS ROAD CENTRAL HONG KONG** | EIN:<br><br>From-To  12/13/2007 to 12/31/2020 |
| **Well Origin Limited**<br>173 Des Voex Road Cntrl<br>4/F Nan Fung Twr, R411 | **Investment Vehicle**<br><br>**MICHAEL LI & CO. , C/O HENRY WONG 19/F PROSPERITY TOWER, NO 39 QUEENS ROAD CENTRAL HONG KONG** | EIN:<br><br>From-To  4/1/2010 to 12/31/2020 |

PAX-006-019

Debtor 1    Ho Wan Kwok                                    Case number (if known)    22-50073

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☑ No
☐ Yes. Fill in the details below.

| Name | Date Issued |
| --- | --- |
| Address | |
| (Number, Street, City, State and ZIP Code) | |

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

Ho Wan Kwok
Signature of Debtor 1                                    Signature of Debtor 2

Date  5/9/2022                                           Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
☑ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
☑ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

PAX-006-020

Attachment to SOFA Question # 6

Ho Wan Kwok
Chapter 11; Case No. 22-50073 (JAM)
Statement of Financial Affairs- (Question # 6 - During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more)

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Date | Amount | Total Amount Paid | Amount You Still Owe | Reason for Payment |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Andrew Sulner/Forensic Document Examinations, LLC | 220 East 57th Street | Suite 200 | | New York | NY | 10022 | 12/20/21 | $ 52,566.25 | $ 52,566.25 | Unknown | Other- Professional Services |
| Baker Hostetler LLP | 45 Rockefeller Plaza | | | New York | NY | 10111 | 12/27/21 | $ 275,000.00 | $ 275,000.00 | $452,294.38 | Other- Professional Services |
| Clayman & Rosenberg LLP | | | | | | | 12/16/21 | $ 116,454.73 | | | |
| Clayman & Rosenberg LLP | | | | | | | 01/11/22 | $ 40,172.34 | | | |
| Clayman & Rosenberg LLP | 305 Madison Avenue | Suite 650 | | New York | NY | 10165 | 02/16/22 | $ 89,508.91 | $ 246,135.98 | $13,899.04 | Other- Professional Services |
| Counsel Press Inc. | 460 West 34th Street | 4th Floor | | New York | NY | 10001 | 01/19/22 | $ 36,729.37 | $ 36,729.37 | Unknown | Other- Professional Services |
| Eric Goldsmith MD, LLC | 420 Madison Avenue | Suite 1201 | | New York | NY | 10017 | 02/09/22 | $ 11,700.00 | $ 11,700.00 | Unknown | Other- Professional Services |
| Forbes Hare | | | | | | | 12/10/21 | $ 27,032.01 | | | |
| Forbes Hare | Qwomar Building, PO Box 4649 | Road Town Tortola VG1110 | British Virgin Islands | | | | 01/28/22 | $ 14,577.01 | $ 41,609.02 | Unknown | Other- Professional Services |
| Ganfer Shore Leeds & Zauderer LLP | | | | | | | 12/07/21 | $ 20,350.18 | | | |
| Ganfer Shore Leeds & Zauderer LLP | | | | | | | 12/31/21 | $ 22,753.02 | | | |
| Ganfer Shore Leeds & Zauderer LLP | 360 Lexington Avenue | | | New York | NY | 10017 | 02/09/22 | $ 14,119.22 | $ 57,222.42 | $60,133.05 | Other- Professional Services |
| Harcus Parker | 7th Floor, Melbourne House | 44-46 Aldwych | London, WC2B 4LL | | | | 02/09/22 | $ 109,780.43 | $ 109,780.43 | Unknown | Other- Professional Services |
| Janover LLC | 100 Quentin Roosevelt Blvd | Suite 516 | | Garden City | NY | 11530 | 12/10/21 | $ 29,164.95 | $ 29,164.95 | Unknown | Other- Professional Services |
| Lawall & Mitchell, LLC | | | | | | | 11/29/21 | $ 1,720.00 | | | |
| Lawall & Mitchell, LLC | 55 Madison Avenue | 4th Floor | | Morristown | NJ | 07960 | 1/18/22 | $ 2,160.00 | $ 3,880.00 | $4,880.00 | Other- Professional Services |
| Petrillo Klein & Boxer LLP | | | | | | | 12/17/21 | $ 65,848.00 | | | |
| Petrillo Klein & Boxer LLP | | | | | | | 01/26/22 | $ 44,490.50 | | | |
| Petrillo Klein & Boxer LLP | 655 Third Avenue | 22nd Floor | | New York | NY | 10017 | 02/03/22 | $ 17,581.00 | $ 127,919.50 | $10,634.50 | Other- Professional Services |
| Roy D. Simon | | | | | | | 01/12/22 | $ 48,708.00 | | | |
| Roy D. Simon | 205 West End Avenue | Suite 8N | | New York | NY | 10023 | 01/18/22 | $ 9,523.20 | $ 58,231.20 | Unknown | Other- Professional Services |
| Schulman Bhattacharya, LLC | | | | | | | 11/17/21 | $ 114,515.42 | | | |
| Schulman Bhattacharya, LLC | | | | | | | 11/19/21 | $ 94,003.12 | | | |
| Schulman Bhattacharya, LLC | | | | | | | 12/20/21 | $ 135,632.31 | | | |
| Schulman Bhattacharya, LLC | 6116 Executive Boulevard | Suite 425 | | Bethesda | MD | 20852 | 02/09/22 | $ 256,061.00 | $ 600,241.85 | $173,987.48 | Other- Professional Services |
| Selas Montbrial Avocats | 10, Rue Cimarosa | 75116 | Paris- France | | | | 02/16/22 | $ 20,318.21 | $ 20,318.21 | $9,120.87 | Other- Professional Services |
| The Casper Firm | | | | | | | 11/17/21 | $ 77,934.00 | | | |
| The Casper Firm | | | | | | | 12/21/21 | $ 141,197.55 | | | |
| The Casper Firm | | | | | | | 01/26/22 | $ 125,663.00 | | | |
| The Casper Firm | 400 E. Pratt Street | Suite 903 | | Baltimore | MD | 21202 | 02/09/22 | $ 28,013.00 | $ 372,807.55 | Unknown | Other- Professional Services |
| The Francis Firm PLLC | | | | | | | 12/7/21 | $ 10,000.00 | | | |
| The Francis Firm PLLC | | | | | | | 1/11/22 | $ 10,000.00 | | | |
| The Francis Firm PLLC | 33 W 60th Street | Floor 2 | | New York | NY | 10023 | 2/7/22 | $ 10,000.00 | $ 30,000.00 | $2,500.00 | Other- Professional Services |
| U.S. Legal Support, Inc. | | | | | | | 01/12/22 | $ 1,028.75 | | | |
| U.S. Legal Support, Inc. | 200 West Jackson | Suite 600 | | Chicago | IL | 60606 | 02/03/22 | $ 2,034.03 | $ 3,062.78 | $1,638.00 | Other- Professional Services |
| Una Manyee Wilkinson | | | | | | | 12/01/21 | $ 600.00 | | | |
| Una Manyee Wilkinson | | | | | | | 01/12/22 | $ 1,200.00 | | | |
| Una Manyee Wilkinson | 68-18 Juno Street | | | Forest Hills | NY | 11375 | 02/03/22 | $ 1,600.00 | $ 3,400.00 | Unknown | Other- Professional Services |
| Veritext | | | | | | | 12/10/21 | $ 943.00 | | | |
| Veritext | 290 West Mt. Pleasant Ave. | Suite 3200 | | Livingston | NJ | 07039 | 01/12/22 | $ 13,967.00 | $ 14,910.00 | Unknown | Other- Professional Services |
| VX Cerda & Associates | 601 Brickell Key Drive | Suite 700 | | Miami | FL | 33131 | 12/22/21 | $ 3,055.33 | $ 3,055.33 | $3,124.99 | Other- Professional Services |
| William Bradley Wendel | 123 Burleigh Drive | | | Ithaca | NY | 14850 | 01/12/22 | $ 9,503.33 | $ 9,503.33 | Unknown | Other- Professional Services |
| | | | | | | | | | $ 2,054,671.92 | $732,212.31 | |

Attachment to SOFA Question # 9

| Ho Wan Kwok | | | | | |
|---|---|---|---|---|---|
| Chapter 11; Case No. 22-50073 (JAM) | | | | | |
| Statement of Financial Affairs - Question # 9  (Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?) | | | | | |
| | | | | | |
| | | | | | |
| Case Name | Case No. | Nature of Case | Jurisdiction | Court Address | Status |
| Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan (and other a/k/a names), Genever Holdings Corporation, and Genever Holdings LLC | 652077/2017 | Breach of Contract | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Pacific Alliance Asia Opportunity Fund L.P. v. Genever Holdings Corp., Bravo Luck Ltd., Kwok Ho Wan (and other a/k/a names), and Qiang Guo (and other a/k/a names) | BVIHCM 0137 of 2020 | Collection | Eastern Caribbean Sup. Ct, Virgin Islands, High Court of Justice | | Active |
| Rui Ma v. Guo Wengui a/k/a Miles Kwok and Golden Spring (New York) Ltd | 158140/2017 | Tort | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Guo Wengui (a/k/a Miles Kwok) v. Clark Hill PLC and Thomas Ragland | 1:19-cv-3195-JEB | Tort/Breach of Contract | D.D.C. | 333 Constitution Avenue N.W. Washington D.C. 20001 | Active |
| Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch) | CL-2020-000345 | Negligence | High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court | | Active |
| Ace Decade Holdings Limited and Kwok Ho Wan v. UBS AG | CL-2020-000345 | Negligence | Civil Court Basel-City, Conciliation Authority | | Active |
| Zheng Wu (a/k/a Bruno Wu) and Yang Lan v. Guo Wengui (a/k/a Miles Kwok) | 152123/2018 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Weican ("Watson") Meng and Boxun, Inc. v. Guo Wengui (a/k/a Miles Kwok) | 159636/2017 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Xiqui ("Bob") Fu v. Guo Wengui (and other a/k/a names), GTV Media Group, Inc., Saraca Media Group, Inc., Voice of Guo Media, Inc., Lihong Wei Lafrenz (a/k/a Sara Wei), and Dongna Fang | MO:20-CV-257-DC | Tort (Defamation) | W.D. Tex | U.S. District Clerk's Office 200 East Wall, Room 222 Midland, Texas 79701 | Active |
| Wengui Guo (a/k/a Miles Kwok) v. Jun Chen (a/k/a Jonathan Ho) | No. 18-CV-03800 (MCA)(MAH) | Tort (Defamation) | NJ Dist. | Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102 | Active |

Attachment to SOFA Question # 9

| Ho Wan Kwok | | | | | |
|---|---|---|---|---|---|
| Chapter 11; Case No. 22-50073 (JAM) | | | | | |
| Statement of Financial Affairs - Question # 9  (Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?) | | | | | |
| | | | | | |
| | | | | | |
| Case Name | Case No. | Nature of Case | Jurisdiction | Court Address | Status |
| | | | | | |
| Samuel Dan Nunberg v. Guo Wengui (a/k/a Miles Kwok) | 150141/2020 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Logan Cheng (f/k/a Shuiyan Cheng) v. Guo Wengui | 1:20-cv-05678-KPF | Anti-SLAPP | SDNY | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Active |
| Liehong Zhuang and Xiao Yan Zhu v. Wengui Guo (and other a/k/a names), Saraca Media Group 1-10, ABC Company 1-10, John Doe 1-10 | 654999/2020 | Tort/Breach of Contract | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Jonathan Young v. Guo Wengui (a/k/a Miles Kwok), Saraca Media Group, Inc., Golden Spring (New York) Ltd, and Rule of Law Foundation III | 154683/2020 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Zhengjun Dong, Wen Lin, Kaixin Hong, and Chenglong Wang v. GTV Media Group, Inc., Saraca Media Group, Inc., and Wengui Guo | 652190/2021 | Putative Class Action (Securities) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Rong Zhang, Xiaodan Wang, and Chong Shen Raphanella v. Voice of Guo Media, Inc., GTV Media Group, Inc., Saraca Media Group Inc., Rule of Law Foundation III Inc., Rule of Law Society IV Inc., Sara Wei (a/k/a Lihong Wei Lafrenz), and Wengui Guo (and other a/k/a names) | CV-21-01079-PHX-SMB | Putative Class Action (Securities; Tort) | AZ Dist. | Sandra Day O'Connor United States Courthouse 401 W. Washington St., Suite 130, SPC 1 Phoenix, AZ  85003-2118 | Active |
| Haihong Wang v. GTV Media Group, Inc., Saraca Media Group, Inc., and Wengui Guo | 3:21-cv-00359-VLB | Securities | D. Conn. | ABRAHAM RIBICOFF FEDERAL BUILDING United States Courthouse 450 Main Street – Room 725 Hartford, Connecticut 06103 | Active |
| June Shi v. GTV Media Group, Inc., Saraca Media Group, Inc., and Wengui Guo | 21-CV-1408 | Securities; Tort | N.D. Ill. | Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | Active |
| Jianhu Yi and Quiju Jia v. GTV Media Group, Inc., Saraca Media Group, Inc., and Wengui Guo | 1:21 Civ 02669 (VM) | Securities | SDNY | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Active |
| Weiguo Sun, Linda He Cheung, Jia Li Wang, Jiamei Lu, Jun Liu, Moa-Fu, Weng, Ruquin Wang, Teli Chen, Weixiang Ge, Shuang Wang, Xingyu Yan, Yan Gao, Yi Li, and Ying Liu. v. GTV Media Group, Inc., Saraca Media Group, Inc., Wengui Guo (a/k/a Ho Wan Kwok), Voice Guo Media, Inc. [sic], and Lihong Wei Lafrenz (and other a/k/a names) | 1:21-cv-04529 | Securities; Tort | SDNY | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Active |

Attachment to SOFA Question # 9

| Ho Wan Kwok | | | | | |
|---|---|---|---|---|---|
| Chapter 11; Case No. 22-50073 (JAM) | | | | | |
| Statement of Financial Affairs - Question # 9 (Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?) | | | | | |
| | | | | | |
| | | | | | |
| **Case Name** | **Case No.** | **Nature of Case** | **Jurisdiction** | **Court Address** | **Status** |
| | | | | | |
| Keyi Zilkie, Huizhen Wang, Chao-Chih Chiu, and Yunxia Wu v. GTV Media Group, Inc., Saraca Media Group, Inc., and Wengui Guo | 652843/2021 | Securities; Tort | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Wengui Guo (a/k/a Miles Kwok) v. Yeliang Xia | 1:18-CV-00174-LO-TCB | Tort (Defamation) | E.D. Va. | Albert V. Bryan U.S. Courthouse 401 Courthouse Square Alexandria, VA 22314 | Active |
| Guo v. Hong Zeng | 157025/2020 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| Guo v. Gao BingChen | VLC-S-S-187450 | Tort (Defamation) | Sup. Court of British Columbia, Vancouver, Canada | | Active |
| Beijing Zhong Xian Wei Ye Stainless Decoration Center, et al. v. Wengui Guo, Beijing Zenith Holdings Co, Beijing Pangu Investment Co., Genever Holdings LLC, and Golden Spring (New York) Ltd. | 653176/2017 | Collection Matter | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| The Hong Kong High Court forfeiture proceedings against Guo and numerous individuals & entities | | Asset Seizure | High Court of The Hong Kong Special Administrative Region: Court of First Instance | | Unknown |
| Kwok v. MacDonald | 2019/0048 | | British Virgin Islands | 33 Admin Drive, Wickhams Cay 1, Road Town, Tortola, Virgin Islands (British | Active |
| FAN BINGBING v. GUO WENGUI a/k/a GUO WEN GUI a/k/a GUO WEN-GUI a/k/a GUO HAOYUN a/k/a HAOUN GUO a/k/a WAN GUE HAOYUN a/k/a MILES KWOK a/k/a KWOK HO WAN a/k/a KWOK HO | 156619/2017 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Inactive |
| JIANSHENGXIE and JIEFU ZHENG v. WENGUI GUO a/k/a HAOYUNGUO, a/k/a MILES KWOK, a/k/a HO WANKWOK, a/k/a HO KWOK, a/k/a WEN GUI GWO, a/k/a WAN GUE HAOYUN, a/k/a GUO HAOYUN | 155995/2017 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Inactive |
| WA&HF LLC, RUIZHENG AN V. SARACA MEDIA GROUP, INC. and WENGUI GUO | No. 20-2-12680-2 SEA | Tort/Breach of Contract | WA Sup. Ct | King County Superior Court 516 Third Avenue, Room C-203 Seattle, WA 98104 | Active (but inactive as to MK) |
| GUO WENGUI a/k/a KWOK HO WAN a/k/a MILES KWOK v. GUO BAOSHENG, YAN ZHAO, and NING YE | 151251/2019 | Tort/Breach of Contract | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Active |
| KUI CHENG v. G CLUB OPERATIONS LLC and WENGUI GUO A/K/A HO WAN KWOK A/K/A MILES KWOK A/K/A MILES GUO | No. S21-0093J5 | Breach of Contract | Texas small claims court | | Active |

Attachment to SOFA Question # 9

| Ho Wan Kwok | | | | | |
|---|---|---|---|---|---|
| Chapter 11; Case No. 22-50073 (JAM) | | | | | |
| Statement of Financial Affairs - Question # 9 (Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?) | | | | | |
| | | | | | |
| | | | | | |
| **Case Name** | **Case No.** | **Nature of Case** | **Jurisdiction** | **Court Address** | **Status** |
| | | | | | |
| Wengui Guo a/k/a Miles Kwok v. Danyu Lin | No. 2018-CP-03623 | Tort (Defamation) | South Carolina state court | Matthew J. Perry, Jr. U.S. Courthouse 901 Richland Street Columbia, South Carolina 29201 | Resolved within 1 year of bankruptcy filing. |
| Yan Huang v. Wengui Guo | No. 156552/2017 | Tort (Defamation) | NY Sup. | New York County Courthouse 60 Centre Street New York, NY 10007 | Resolved within 1 year of bankruptcy filing. |
| WENGUI GUO V. BAOSEHNG GUO | No. 1:18-cv-1064 | Tort (Defamation/Fraud) | ED Va. | Albert V. Bryan U.S. Courthouse 401 Courthouse Square Alexandria, VA 22314 | Resolved within 1 year of bankruptcy filing. |
| BAIQIAO TANG a/k/a TANG BAIQIAO and JING GENG v. WENGUI GUO a/k/a MILES KWOK a/k/a GUO WEN GUI a/k/a HO WAN KWOK, GOLDEN SPRING (NEW YORK) LTD., RULE OF LAW FOUNDATION III INC., RULE OF LAW SOCIETY IV INC., SARACA MEDIA GROUP, INC. | No. 1:17-cv-09031-JFK | Tort (Defamation/Commercial) | SDNY | Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Resolved within 1 year of bankruptcy filing. |