# **EXHIBIT PAX 12**

PAX's First Request for Production of Documents Directed to Verdolino & Lowey, P.C., dated March 28, 2022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------ x
|  |  |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, | Case No. 22-50073 (JAM) |
| Debtor. | |

------------------------------------------------------------ x

### PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO <u>VERDOLINO & LOWEY, P.C.</u>

In connection with the relief sought by the Debtor in the Chapter 11 proceedings *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.) by (i) *Debtor's Application for Authorization to Retain and Employ Verdolino & Lowey, P.C. as Financial Advisor* [ECF No. 90] and (ii) *Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief* [ECF No. 117], Pacific Alliance Asia Opportunity Fund L.P. ("PAX") hereby requests the production of documents (the "Document Request"), by Verdolino & Lowey, P.C. ("V&L") by Friday April 1, 2022, and any other answers or responses to be provided by Thursday March 31, 2022.

### DEFINITIONS

a. "Bankruptcy Code" means Title 11 of the United States Code.

b. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and/or any other communicative contact between two or more Persons and/or entities, and shall include, without limitation: written contacts by such means as any Document as defined herein, and oral contact by such means as face-to-face

1

    or in-person meetings, telephone conversation, e-mail, and any other form of electronic communication such as telecopy transmissions, telexes, telegrams, and video transmissions, and the originals, drafts, copies, and all non-identical copies of all Documents.

c.    The "Chapter 11 Proceedings" means *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.).

d.    "Debtor" refers to Miles Kwok a/k/a Kwok Ho Wan, a/k/a Kwok Ho, a/k/a Gwo Wen Gui, a/k/a Guo Wengui, a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun, a/k/a Haoyun Guo.

e.    "Debtor's Schedules" refers to bankruptcy Schedules AB, C, D, EF, G, H, I, and J, filed by Debtor on March 9, 2022 [ECF 78].

f.    "Debtor's Statement of Financial Affairs" refers to the Statement of Financial Affairs filed by Debtor on March 9, 2022 [ECF 77].

g.    "Director," "officers," "member," "partner," "limited partner" or "agent" means any individual or entity serving as such presently or who served in such capacity at any relevant time, even though no longer serving in such capacity.

h.    "Document" as used herein shall mean the original and all drafts and all copies, including copies with notations or marks not found on the original, of any writing or printed, graphic or electronic materials of any nature whatsoever, including, but not limited to, records, reports, memoranda, notes, calendar or diary entries, letters, envelopes, telegrams, telexes, e-mails, electronic mail messages, computer files, computerized records, telephone bills, checks, other written communications, messages (including, but not limited to, reports of telephone conversations and conferences), studies, summaries, tabulations, analyses, printed matter, minutes, photographs, tapes, tape recordings, correspondence, computer

PAX-012-002

    stored information, financial statements, worksheets, other communications, contracts, agreements, promissory notes, loan agreements, security agreements, guaranties, pledges, deeds of trust, mortgages, security interests filings, loan documents, other official documents and legal instruments, journals, manuals, technical releases, employment applications, agreements, orders, statements, checks, bank account statements, loan account statements, bills, invoices, receipts, vouchers, notebooks, data sheets and records kept or maintained by any means including electronically or by computer. In all cases where originals and/or non-identical copies are not available, the term "Document" also means identical copies of original documents and copies of non-identical copies.

i.   "DIP Motion" means Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief, *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.) [ECF No. 117]

j.   "Document Request" refers to this First Request for Production of Documents directed to Verdolino & Lowey, P.C.

k.   "Engagement Agreement" means the letter from Craig R. Jalbert to Bennett S. Silverberg dated March 3, 2022, attached as Exhibit B to the V&L Retention Application.

l.   "Identify" means

    i.   as to a person (as defined): name, business and residence address(es), occupation, job title, and dates so employed; and, if not an individual, state the type of entity and the address of its principal place of business.

    ii.   as to a document: the type of document (letter, memo. etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by You to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Rule 34 of the Federal Rules of Civil Procedure.

  iii. as to a communication: the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person who received the communication, and of each person present when it was made, and the subject matter discussed.

  iv. as to a meeting: the date of the meeting, the place of the meeting, each person invited to attend, each person who attended, and the subject matter discussed.

m. "Including" means including, but not limited to.

n. "Or" means "and/or" and is used in the inclusive sense.

o. "Person" includes natural persons, as well as corporations, proprietorships, limited liability companies, partnerships, joint ventures, associations, combinations, unions, governmental bodies and agencies, and any and all other entities.

p. The "Petition Date" means February 15, 2022.

q. "Proposed DIP Loan" means the proposed Debtor-In-Possession Credit Agreement, attached as an exhibit to the *Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief* [ECF No. 117].

r. "Referring to" as used herein shall mean commenting on, responding to, mentioning, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, identifying, or discussing.

s. "Relating to" as used herein shall mean concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing or otherwise establishing reasonable, logical or causal connection to.

t. "V&L", "You, or "Your" means Verdolino & Lowey, P.C. and each of its members, directors, officers, employees, agents, representatives, accountants, and advisors.

u. "V&L Retention Application" means the Debtor's Application for Authorization to Retain and Employ Verdolino & Lowey, P.C. as Financial Advisor, *In re Ho Wan Kwok*, Case No. 22-50073 (Bankr. D. Conn.) [ECF No. 90].

## INSTRUCTIONS

v. This Document Request is propounded in response to the V&L Retention Application and the DIP Motion.

a. Each response to each separately numbered Document Request is to be set forth separately. Document Requests should not be combined for the purpose of supplying a common response, but responses may be supplied by reference to the response to another Document Request.

b. This Document Request is continuing in character so as to require V&L to make supplementary production of Documents if they obtain further or different information or Documents.

c. Where a Document Request cannot be answered to in full, state why and furnish all available information. If any Document responsive to a request has been lost, discarded, destroyed or is otherwise unavailable identify the Document as completely as possible, including if the Document has been lost, the last known location of the Document and the Person who had last possession, custody, access or control over the Document, or, if the Document has been discarded or destroyed, the date of such action, the Person authorizing such action, the Person actually destroying or disposing of the Document and the reason for the destruction or disposal of the Document.

d.  Production of Documents pursuant to the Document Request must include all Documents in V&L's possession or available or accessible to V&L on reasonable inquiry.

e.  If V&L does not have any Documents in its possession, custody, access or control that are responsive to a particular Document Request, V&L's response to that Document Request should indicate unambiguously that it does not have any Documents responsive to the Document Request, or that there are not any Documents responsive to that Document Request.

f.  Where knowledge, information, or Documents in the possession of a party or entity is requested, such Document Request includes any knowledge, information, or Documents of V&L and, unless privileged, its attorneys.

g.  Where the name or identity of a Person is requested, state the Person's full name, home address, business address, home telephone number and business telephone number and include the Person's title or occupation and each of the positions held by such Person during the applicable time covered by any answer referring to such Persons.

h.  Where the identity of a Document is requested, state the date of the Document, its author and addressee, the present location and custodian of said Document and give a description of the general contents of the Document.

i.  Where the identity of a Communication is requested, identify the Person generating the Communication, the recipient of the Communication, the date and location of the Communication, and give a description of the general contents of the Communication. Also, identify all Persons present when the Communication was made.

j.  The plural of any word shall include the singular form of that word and vice versa.

k.  The masculine form of a word shall include the feminine form of that word and vice versa.

l.  The use of the past tense includes the present tense and the use of the present tense includes the past tenses so as to make each request inclusive rather than exclusive.

m.  If a privilege is claimed with respect to any Document Request, state the nature of the privilege claimed, basis for the claim, and for Documents, a summary of the Documents' contents, their location and custodian and the identity of Persons having access or having had access to such Documents.

n.  If You do not produce any Document because of a claim of privilege, set forth the privilege claimed, the facts upon which You rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

o.  Unless otherwise agreed by both PAX and V&L, the production of documents shall be made at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, New York 10036, on Friday April 1, 2022.

p.  Unless otherwise specified, this Document Request seeks all Documents from February 10, 2022 through the date of this Document Request.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. PAX demands that V&L produce at the date and location stated above, or at a time and location mutually agreeable to the parties, all (whether in hard copy or digital) books, records, communications, (including, but not limited to, e-mail, text message, electronic messaging, mail, fax and the like), and papers as follows:

   a. All Documents and Communications relating to Your proposed engagement in connection with the Debtor's Chapter 11 Proceedings.

   b. All Documents and Communications relating to Your existing and anticipated role in the Debtor's Chapter 11 Proceedings.

   c. All Documents and Communications relating to any asset or business the Debtor owns, controls or uses.

   d. All Documents and Communications relating to any source of income of the Debtor.

   e. All Documents and Communications relating to work performed by V&L in preparing the "Schedules, and all support thereto" as described in paragraph 10 of the V&L Retention Application and the Engagement Agreement.

   f. All Documents and Communications relating to the "preparation and/or review of cash flow and related budget projections" as described in paragraph 10 of the V&L Retention Application and the Engagement Agreement, including any Documents and Communications describing or otherwise related to the "cash flow" or "budget."

   g. All Document and Communications relating to "Opening and maintaining the DIP account" as described in paragraph 10 of the V&L Retention application and the Engagement

Agreement, including any Documents and Communications relating to any proposed debtor in possession financing arrangements in connection these Chapter 11 Proceedings.

      h.     All Documents and Communications relating to Your experience with the valuation or liquidation of luxury items, including yachts, clothing, and personal effects during the last 5 years.

      i.     All Documents and Communications between You and any other Person regarding the Debtor's Schedules or the Debtor's Statement of Financial Affairs.

      j.     All Documents and Communications regarding the Proposed DIP Loan.

Dated: March 28, 2022
      New York, New York

                                                 */s/ Peter Friedman*
                                                 O'MELVENY & MYERS LLP
                                                 Peter Friedman (pfriedman@omm.com)
                                                 Stuart Sarnoff (ssarnoff@omm.com)
                                                 Times Square Tower
                                                 7 Times Square
                                                 New York, New York 10036
                                                 Telephone: (212) 326-2000

                                                 *Attorneys for Pacific Alliance Asia*
                                                 *Opportunity Fund L.P.*