# **EXHIBIT PAX 13**

Verdolino & Lowey, P.C.'s Objections and Responses to PAX's First Request for Production of Documents, dated March 31, 2022

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM) |

### VERDOLINO & LOWEY, P.C.'S OBJECTIONS AND RESPONSES TO PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7026-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut, Verdolino & Lowey, P.C. ("V&L") hereby objects and responds to the First Request for Production of Documents ("Requests") from Pacific Alliance Asia Opportunity Fund L.P. ("PAX"). V&L reserves the right to amend or supplement these responses and to assert additional objections.

### GENERAL OBJECTIONS

1. Each of the following General Objections is incorporated into each specific Response below. The recitation of one or more specific objections in any particular Response is not to be construed as a waiver of any applicable General Objection. The Responses are made subject to and in reliance on the General Objections set forth below.

2. V&L objects to these Requests, including the Instructions[1] and Definitions, to the extent that they impose obligations different from or inconsistent with the obligations set forth in

---

[1] Except as defined herein, capitalized terms shall have the same meaning as in the Requests.

the Bankruptcy Rules, Rules 26 and 34 of the Federal Rules of Civil Procedure, the Bankruptcy Local Rules of the United States Bankruptcy Court for the District of Connecticut, and any other applicable rules, laws, or orders. V&L further objects to the Definitions of the terms "communication," "document," "identify," and "person" to the extent they are more expansive than or inconsistent with the definitions of those terms set forth in Local Rule 26(a)-(c) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, made applicable to this proceeding by Rule 7026-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut.

   3. V&L objects to these Requests as unduly burdensome to the extent they purport to require written responses to be prepared and served within 72 hours of service of the Requests, an inordinately short period of time. V&L further objects to these Requests as unduly burdensome to the extent they purport to require V&L to collect, review, and produce all documents within 96 hours of service of the Requests, an inordinately short period of time. Each time period is unreasonable under the circumstances given that the Requests were served almost two weeks following the filing of the V&L retention application. To the extent that responsive, non-privileged documents are located, they will be produced on a rolling basis. A response that V&L will perform a reasonable, good-faith search for responsive, non-privileged documents does not indicate that V&L believes any such documents exist or act as a waiver of any privilege applicable to documents that may be responsive to such Request.

   4. V&L objects to these Requests to the extent that they seek documents protected from discovery as attorney work product, documents privileged on grounds of attorney-client privilege, documents that contain the disclosure of the thoughts and mental processes of attorneys or consultants developed with or in anticipation of litigation, or documents that are

PAX-013-002

protected from discovery based on the joint defense or common interest privilege, the consulting expert privilege, or any other applicable privilege. To the extent reasonably possible, V&L will attempt to interpret the Requests as not seeking documents or information covered by the attorney-client privilege or other applicable claim of privilege, or attorney work product.

5. As agreed on the March 30, 2022 meet-and-confer teleconference between counsel for PAX and counsel for Brown Rudnick, V&L has limited these Requests to exclude solely internal communications between V&L personnel. Any response in which V&L indicates that it will produce documents responsive to the Request shall mean that V&L will produce documents not subject to a claim of privilege or attorney work-product. Inadvertent reference to or disclosure of privileged or work-product documents or information by V&L shall not constitute a waiver of any applicable privilege.

6. V&L objects to these Requests to the extent that they are overbroad, unduly burdensome, or seek information that is not within the scope of relevant discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure or not proportional to the needs of the case. By responding to any Request or identifying or producing documents or materials in response thereto, V&L is not acknowledging or conceding the relevance of any such material, and reserves the right to object to the introduction of such into evidence on relevancy or any other grounds.

7. V&L objects to these Requests as overbroad in time and scope and as unduly burdensome and overbroad to the extent they seek documents from well before V&L was retained on March 3, 2022. In responding to these Requests, V&L will limit the time period of this Request from March 1, 2022 through March 28, 2022, inclusive.

8. V&L objects to these Requests to the extent they require V&L to make legal or factual conclusions in order to respond, to the extent they incorporate legal conclusions, and to the extent that they misstate or mischaracterize facts. By producing documents in response to a Request, V&L does not waive any objections to any purported legal conclusions contained in such Request, nor does a response act as an admission to any factual or legal conclusion contained in such Request.

9. V&L objects to the Requests to the extent they are vague, ambiguous, and/or unintelligible.

10. V&L objects to these Requests to the extent they fail to describe the documents or information sought with a reasonable degree of specificity.

11. V&L objects to each and every one of these Requests to the extent they would impose a duty on V&L to undertake a search for documents or information in PAX's possession, custody, or control, or in the possession of third parties, or in the public domain, or that can be obtained from a source that is equally available to PAX.

12. The below Responses are based on information presently known to V&L. V&L reserves the right to supplement these Responses as they learn new information as discovery in this case progresses.

13. V&L objects to any Request seeking "all" documents or communications as overly broad and unduly burdensome and because such a document request necessarily seeks documents that are neither relevant nor proportional to the needs of the case. V&L cannot guarantee that it has located every single document responsive to a particular Request. Subject to these General Objections and any Specific Objections and qualifications below, V&L will respond to any document request seeking "all" documents by producing the responsive, non-

PAX-013-004

privileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith.

14. These General Objections and the Specific Objections and Responses are made solely for the purposes of this action, and are made without waiving, or intending to waive, the right at any time to revise, correct, modify, supplement, or clarify any response provided herein or the right to object on any proper grounds to the use of these Responses, for any purpose in whole or in part, in any subsequent proceedings or any other action. The right to raise any applicable objections at any time is expressly reserved.

15. These General Objections and the Specific Objections and Responses to any Requests herein should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Requests, or that such Response constitutes admissible evidence. The Responses herein reflect only the present state of V&L's investigation and the present state of discovery. Except as otherwise indicated, an objection and/or response to a specific Request does not imply that documents responsive to the Request do or do not exist.

16. Any document produced in response to any Request shall be subject to the protections of a suitable confidentiality and protective order, the terms of which to be mutually agreed upon by PAX and V&L.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1a:**

All Documents and Communications relating to Your proposed engagement in connection with the Debtor's Chapter 11 Proceedings.

**RESPONSE TO REQUEST NO. 1a:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental

impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation.

Subject to, and without waiving, the foregoing General and Specific Objections, V&L will produce all non-privileged documents responsive to this Request that are located after a reasonable search for responsive documents.

**REQUEST NO. 1b:**

All Documents and Communications relating to Your existing and anticipated role in the Debtor's Chapter 11 Proceedings.

**RESPONSE TO REQUEST NO. 1b:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation. V&L further objects to this Request as duplicative of Request No. 1a. V&L further objects to this Request to the extent that the phrase "anticipated role" is vague and ambiguous.

Subject to, and without waiving, the foregoing General and Specific Objections, V&L will produce all non-privileged documents responsive to this Request that are located after a reasonable search for responsive documents.

**REQUEST NO. 1c:**

All Documents and Communications relating to any asset or business the Debtor owns, controls or uses.

**RESPONSE TO REQUEST NO. 1c:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation. V&L further objects to this Request to the extent that the phrase "any asset or business the Debtor owns, controls or uses" is vague and ambiguous. V&L further objects to this Request as not proportional given the time allotted to V&L to respond, and given the filing of the Schedules which reflect the assets or business the Debtor owns, controls, or uses.

Given that this Request is not proportional to the needs of the case and the Schedules have been filed in this case which contain the appropriate information, V&L will not conduct a search for documents relevant to this request. However, to the extent any relevant documents are identified in searches performed for other Requests, such documents will be produced.

**REQUEST NO. 1d:**

All Documents and Communications relating to any source of income of the Debtor.

**RESPONSE TO REQUEST NO. 1d:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation. V&L further objects to this Request as not proportional given the time allotted to V&L to respond, and given the filing of the Schedules which reflect the sources of income of the Debtor.

Given that this Request is not proportional to the needs of the case and the Schedules have been filed in this case which contain the appropriate information, V&L will not conduct a search for documents relevant to this request. However, to the extent any relevant documents are identified in searches performed for other Requests, such documents will be produced.

**REQUEST NO. 1e:**

All Documents and Communications relating to work performed by V&L in preparing the "Schedules, and all support thereto" as described in paragraph 10 of the V&L Retention Application and the Engagement Agreement.

**RESPONSE TO REQUEST NO. 1e:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation. All documents that relate to work performed by V&L in preparing the Schedules and all support thereto would be covered by the work product privilege.

Because all responsive documents relating to the work performed by V&L would be covered by the work product privilege, among others, V&L will not conduct a search for documents relevant to this request. However, to the extent that any non-privileged, relevant, information is identified in searches performed for other Requests, such documents will be produced.

**REQUEST NO. 1f:**

All Documents and Communications relating to the "preparation and/or review of cash flow and related budget projections" as described in paragraph 10 of the V&L Retention Application and the Engagement Agreement, including any Documents and Communications describing or otherwise related to the "cash flow" or "budget."

**RESPONSE TO REQUEST NO. 1f:**

PAX-013-008

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation. All documents that relate to "preparation and/or review of cash flow and related budget projections" work performed by V&L would be covered by the work product privilege.

Because all responsive documents relating to the work performed by V&L would be covered by the work product privilege, among others, V&L will not conduct a search for documents relevant to this request. However, to the extent that any non-privileged, relevant, information is identified, such documents will be produced.

**REQUEST NO. 1g:**

All Document and Communications relating to "Opening and maintaining the DIP account" as described in paragraph 10 of the V&L Retention application and the Engagement Agreement, including any Documents and Communications relating to any proposed debtor in possession financing arrangements in connection these Chapter 11 Proceedings.

**RESPONSE TO REQUEST NO. 1g:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation.

Subject to, and without waiving, the foregoing General and Specific Objections, V&L will produce all non-privileged documents responsive to this Request that are located after a reasonable search for responsive documents.

**REQUEST NO. 1h:**

All Documents and Communications relating to Your experience with the valuation or liquidation of luxury items, including yachts, clothing, and personal effects during the last 5 years.

**RESPONSE TO REQUEST NO. 1h:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation.  V&L further objects to this Request as overbroad and unduly burdensome to the extent that it seeks all documents and communications over a five-year period that in any way relate to V&L's experience with valuation or liquidation of a host of topics.  V&L objects to the request to produce "All Documents and Communications relating to" the information sought. V&L further objects to this Request as unrelated to the retention of V&L.

In response to this Request, V&L states that it does not claim special experience with the valuation or liquidation of luxury items.  Accordingly, V&L will not produce any documents in connection with this Request.

**REQUEST NO. 1i:**

All Documents and Communications between You and any other Person regarding the Debtor's Schedules or the Debtor's Statement of Financial Affairs.

**RESPONSE TO REQUEST NO. 1i:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation.  V&L will limit this Request to: (1) communications between V&L and any third party

PAX-013-010

(i.e. any person other than Brown Rudnick lawyers and personnel and the Debtor) regarding the Debtor's Schedules or the Debtor's Statement of Financial Affairs. V&L will determine if it is feasible to perform a reasonable search for non-privileged responsive documents provided to V&L that V&L considered in connection with its work, but excluding V&L work product, under the timeline created by the late service of this Request.

Subject to, and without waiving, the foregoing General and Specific Objections, V&L will produce all non-privileged documents responsive to this Request, as limited in the above paragraph, that are located after a reasonable search for responsive documents.

**REQUEST NO. 1j:**

All Documents and Communications regarding the Proposed DIP Loan.

**RESPONSE TO REQUEST NO. 1j:**

V&L objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege and work-product doctrine and to the extent it seeks mental impressions, conclusions, opinions or legal theories of Brown Rudnick lawyers, V&L personnel, or any of Brown Rudnick's or V&L's experts or consultants developed with or in anticipation of litigation. V&L will limit this Request to: (1) communications between V&L and any third party (i.e. any person other than Brown Rudnick lawyers and personnel and the Debtor) regarding the Proposed DIP Loan. V&L will determine if it is feasible to perform a reasonable search for non-privileged responsive documents provided to V&L that V&L considered in connection with its work, but excluding V&L work product, under the timeline created by the late service of this Request.

Subject to, and without waiving, the foregoing General and Specific Objections, V&L will produce all non-privileged documents responsive to this Request, as limited in the above paragraph, that are located after a reasonable search for responsive documents.

Dated: March 31, 2022

> **BROWN RUDNICK LLP**
>
> By: */s/ Kenneth J. Aulet*
> William R. Baldiga, Esq. (*pro hac* pending)
> Bennett S. Silverberg, Esq. (*pro hac* pending)
> Kenneth J. Aulet, Esq. (*pro hac* to be filed)
> Uriel Pinelo, Esq. (*pro hac* pending)
> Seven Times Square
> New York, New York 10036
> Telephone: (212) 209-4800
> Facsimile: (212) 209-4801
> Email: wbaldiga@brownrudnick.com
> Email: bsilverberg@brownrudnick.com
> Email: kaulet@brownrudnick.com
> Email: upinelo@brownrudnick.com
>
> *Proposed Counsel for Ho Wan Kwok, Debtor*

64656869 v2