# EXHIBIT PAX 19

Affidavit of Ho Wan Kwok filed in *Ace Decade Holdings Limited v. USB AG*, Index No. 653316/2015 (N.Y. Sup. Ct.) (Chinese), dated February 5, 2016

纽约州最高法院
纽约郡分院

------------------------------------------------------------x
ACE DECADE HOLDINGS LIMITED， :
:
原告人 : 索引号 653316/2015 (Bransten, J.)
:
-诉- : 动议序号 001
:
UBS AG， :
:
被告人。 :
------------------------------------------------------------x

**KWOK HO WAN 为支持原告人反对被告人关于驳回诉状的动议所宣誓的誓章**

KWOK HO WAN 郑重宣誓并以宣誓证实及陈述如下：

1. 本人是 Ace Decade Holdings Limited（"Ace Decade"）董事及唯一股东 Yong Yu 的雇主。

2. 本人是基于个人所知而作出此誓章。

3. 本人于 2010 年开始就潜在投资与 UBS AG（"UBS"）开展讨论。本人自 2012 年 7 月起成为 UBS 客户。

4. 本人的 UBS 主要联系人一直是 Stephen Wong，他是 UBS 财富管理及瑞士银行分部的董事总经理。

5. 本人于 2010 年 5 月结识 Wong 先生。此后，Wong 先生曾就关于飞机购置等项目的投资和融资的多个问题为我提供顾问建议。这些年来，本人一直依靠和依赖 Wong 先生和 UBS 的知识及专长来作出投资和融资决策。

6. 此外，本人因本人控制的某投资工具而自 2012 年 7 月起于 UBS 设立账户。此后，本人还为本人控制的另两项投资工具于 UBS 开设其他账户，并就两架飞机获得 UBS 融资。

7. 在 2014 年年初至年中，本人开始就海通证券股份有限公司（"海通"）即将举行 H 股（"股份"）配售的投资机会（"该投资"）一事与 UBS 开展讨论。

8. 从 2014 年本人首次与 UBS 开展讨论起，至 2015 年 5 月 13 日 Yu 女士和本人批准支付最后一笔 20 亿港元（约 2.6 亿美元）的资金，以启动该项投资止，Wong 先生与本人经常通过电话、面谈及电子信息进行沟通。在此期间，包括在 2015 年 1 月 9 日本人搬至纽约后，Wong 先生多次作出失实陈述，而本人因依凭这些失实陈述而决定进行该投资。

9. UBS 是股份的联席全球协调人及配售代理，在为该投资提供顾问建议方面，拥有出众的知识和经验。

10. Wong 先生从一开始就向本人保证，如果 UBS 能从我这里得到生意，UBS 会维护我的利益，提供最优惠条件的贷款，作为该投资的部分融资。Wong 先生告诉本人，由于我计划作出的该投资规模庞大，UBS 的全球高管均将参与交易构建。Wong 先生告诉本人，他将在该投资的整个过程中担任我的私人联系人及 UBS 代表，但他将在 UBS 美国、瑞典、英格兰及香港办事处高管的指示下行事。

11. 基于 UBS 全球高管将参与构建和监督该投资及 UBS 将以我的最佳利益行事这两项陈述，本人就该投资委托 UBS 担任本人的顾问。

12. 本人已阅读 Wong 先生为支持 UBS 关于驳回 Ace Decade 诉状的动议而提交的非宗教式誓词。其中，他宣誓称"2015 年 10 月本人得知该诉讼，那是本人第一次

听闻 Ace Decade"，他并愿为此接受在宣誓下作假证供的惩处。（Stephen Wong 非宗教式誓词第 3 段。）当我看到此表述时，我感到十分震惊，因为这不属实。恰恰相反，Wong 先生和 UBS 不仅之前就知道 Ace Decade，他们还曾就委任哪位员工担任 Ace Decade 的唯一股东及董事向我提供顾问建议，以利用 Ace Decade 与一家中间实体订立补充协议，而该中间实体将持有股份的法定所有权；并就如何以最佳方式将该投资所需资金从我的一个 UBS 账户汇转至 Ace Decade 账户向我提供顾问建议。简而言之，Wong 先生和 UBS 知道该投资的最终投资者是 Ace Decade。

13.　　UBS 建议，由于计划投资占到海通已发行 H 股的 5% 以上，如我通过 Ace Decade 直接投资，有关披露要求将需要提交若干申报文件。

14.　　UBS 建议，如我通过中间实体进行投资，并由该中间实体持有股份的法定所有权，则无需作出有关披露。

15.　　UBS 建议我选择海峡汇富产业投资基金管理有限公司（"海峡"）作为该投资的中间机构。UBS 表示，之所以推荐海峡，是因为海峡最符合代表 Ace Decade 行事的资格条件。UBS 进一步表示，海峡独立于 UBS，将保护本人及 Ace Decade 的利益。依据上述陈述，本人选择海峡作为该投资的中间机构。

16.　　UBS 从未披露海峡由其合资伙伴 State Development & Investment Corp（"SDIC"）控制。UBS 亦未披露担任 UBS 与海峡之间主要联系人的 Lu Bo，曾担任 UBS 与 SDIC 合资公司之首席财务官。直到 2015 年 7 月 21 日（在 Ace Decade 作出该投资之后及 UBS 平仓股份之后）本人在纽约办公室接听 Wong 先生电话时他透露此关系，本人才知道海峡与 UBS 关系密切。

17. Wong 先生起初表示，如果我们选择海峡作为该投资的中间机构，则无需进行海峡的了解您的客户 (KYC) 程序。不过随后他又表示我们需要准备一些文案资料以通过海峡的背景调查，但他没有说明这些文案资料是否用于海峡的 KYC 程序。Wong 先生提出要查阅我的部分员工的简历，评估谁的背景最有可能符合海峡的要求，从而任命该员工担任 Ace Decade 董事及唯一股东。他查阅了有关简历，告知 Yu 女士的简历和背景最有可能符合海峡的要求，因此我应任命 Yu 女士担任 Ace Decade 董事及唯一股东。Wong 先生表示他可对 Yu 女士的简历提供意见，并请她将简历发送给他。（参见 Ace Decade 附件 3 及 4。）

18. Wong 先生随后对 Yu 女士的简历给出意见，使其更有可能符合海峡的要求。

19. Wong 先生和我曾于多个场合讨论该投资的潜在融资。Wong 先生表示，Ace Decade 应通过 UBS 获得该投资的部分融资，而不应选择另一银行，因为 UBS 可按最优惠条件为 Ace Decade 办理融资。

20. 在关于贷款融资的讨论期间，本人告诉 Wong 先生，贷款文件中不能包含任何条文，使 UBS 可以在股份的短期价格波动下要求偿还贷款（"催缴保证金"），且 UBS 须声明将为 Ace Decade 提供充足时间（例如 5 个工作日偿还第一个 25%，10 个工作日偿还第二个 25%，20 个工作日偿还余下 50%）来满足任何催缴保证金通知，否则 Ace Decade 将不会作出该投资。

21. 2014 年，Wong 先生曾不止一次表示贷款融资文件将符合我的要求，尤其是没有基于短期价格波动的偿还或催缴保证金触发条件。

22.　Wong 先生还曾在 2014 年及 2015 年多个场合表示，UBS 将与 Ace Decade 携手合作，帮助其满足任何催缴保证金通知，UBS 不会在没有给予 Ace Decade 充分时间的情况下便因任何催缴保证金通知而出售任何股份。

23.　Wong 先生还曾在 2014 年及 2015 年多次表示，UBS 向平安保险集团（"平安"）的大股东发放过贷款。Wong 解释称，平安股东的贷款金额远高于 Ace Decade，但 UBS 从未在发出催缴保证金通知后抛售该股东的任何股份。Wong 先生表示，当触发催缴保证金通知时，UBS 将与平安股东一起解决问题，而没有出售他的任何股份。Wong 先生反复表示，UBS 将给予 Ace Decade 和平安股东相同的待遇，将同心协力，帮助 Ace Decade 满足任何催缴保证金通知，但在任何情况下均不会在未给予 Ace Decade 充分时间的情况下在发出催缴保证金通知后出售股份。

24.　在我们关于该投资的整个讨论过程中，Wong 先生反复声称我可以信任他和 UBS，他和 UBS 将始终维护我的最大利益。

25.　2014 年 12 月 14 日，在讨论该投资时，Wong 先生在 WhatsApp（一种智能手机的移动通讯应用）上通过信息告诉本人："答应了郭总的就定当全力以赴，只希望郭总要相信我。"当天晚些时候，他在另一条信息中告诉本人："我没有理由不为郭总争取最好的！"（Wong 先生称我为郭总。）

26.　2014 年 12 月 14 日，Wong 先生还给本人留了一条语言信息，表示在该投资协商中"要保障郭总的利益"，他已接洽 UBS 全球办事处的顶级管理层提供协助。

27.　2014 年 12 月 15 日，Wong 先生给本人留了一条语言信息，表示他正在处理该投资条款，希望"保护[我]"。

PAX-019-005

28. 2014 年 12 月 19 日，Wong 先生给本人留了一条语言信息，表示："郭总，你绝对放心，我全面保护你的利益。"

29. 因此，本人相信 Wong 先生和 UBS 将以 Ace Decade 的最佳利益行事，本人相信 Wong 先生就贷款融资文件所作的陈述属实，且 UBS 不会在未与 Ace Decade 一同努力、帮助 Ace Decade 满足任何催缴保证金通知的情况下出售股份。

30. 2015 年 1 月 9 日，当时本人仍在与 UBS 协商该投资条款，本人和 Yu 女士及其他员工一同移居纽约，希望在纽约扩大我的业务项目及物色有意投资 Ace Decade 的投资者。

31. 2014 年 12 月，本人首次与 Wong 先生讨论移居纽约物色 Ace Decade 投资者的这一计划。此后，在 2015 年 3 月、5 月及 6 月，本人曾多次在纽约与 Wong 先生通话，讨论为 Ace Decade 物色投资者事宜。

32. 2015 年 2 月 9 日，Ace Decade 与 China Golden Spring Group (Hong Kong) Limited （"Golden Spring Hong Kong"）签署了一份受美国法律管限的谅解备忘录（"备忘录"）。备忘录规定，Ace Decade 将收购海通股份，Golden Spring Hong Kong 将在纽约成立分公司，为海通股份相关项目物色投资者。

33. 为执行备忘录，Golden Spring Hong Kong 成立了一间名为 Golden Spring (New York) Ltd 的公司（"Golden Spring New York"），该公司于 2015 年 3 月在特拉华成立，注册于纽约开展业务。Golden Spring New York 由 Golden Spring Hong Kong 全资所有。

34. 之后不久，Golden Spring New York 签署一份租约，租用 General Motors Building（地址为 767 Fifth Avenue, New York, NY 10153）46 楼的部分空间。Yu 女士和本人在 767 Fifth Avenue 的办公室开展 Ace Decade 相关业务。

35. 本人不仅在 2014 年 12 月与 UBS 讨论了迁往纽约及在纽约之外运营业务项目的计划，还请求 UBS 帮助本人在纽约开创业务。2015 年 3 月，Wong 先生及 UBS 的其他人员（包括 Agnes Fu 和 Liz Lam）安排将资金从本人的一个 UBS 账户汇转至本人在纽约 JPMorgan Chase 的私人账户。

36. 2015 年 4 月，Wong 先生、Fu 女士及 Lam 女士通过将资金从本人的一个 UBS 账户汇转至 Golden Spring New York 在纽约 JPMorgan Chase 的银行账户，协助本人成立 Golden Spring New York。

37. UBS 还代表本人就本人购置纽约某合建大厦的公寓提交推荐信。在 Wong 先生向大厦董事会发出的日期为 2015 年 2 月 18 日的信函中，Wong 先生写到："从 Miles 首次与 UBS AG 合作以来，我与他相识已有五年左右。"（Miles 是我的英文名。）Wong 先生还表示："多年来，Miles 在本行信誉不错。他十分可靠，总能履行自己的还款义务。因此，本行很高兴有他这样一位长期客户。"（Ace Decade 附件 1。）

38. 2015 年 2 月 23 日，Wong 先生和 Tommy Cheung（UBS 的另一名董事总经理）代表本人向公寓楼董事会提交另一封推荐信，信中写到："Kwok Ho Wan 自 2012 年 7 月以来一直通过一家私人投资公司享受我们的服务。"（Ace Decade 附件 2。）

39. 2015 年 3 月 6 日，本人购置了该大厦的一间公寓。购置后，本人连同 Yu 女士及 Ace Decade 与 Golden Spring New York 的其他员工和代表一直住在该公寓中。

40. 在本人搬到纽约后的这段时间里，Wong 先生与本人经常通过电话及语音和即时通讯进行沟通。当本人在纽约期间，Wong 先生曾数十次通过电话与本人交谈，并向本人发送了大量电子信息。Yu 女士参与了本人与 Wong 先生的几次通话。当本人在纽约期间，Wong 先生至少于以下日期曾通过电话与本人交谈：

- 2015 年 1 月 26 日（三通电话）
- 2015 年 1 月 28 日（两通电话）
- 2015 年 3 月 2 日
- 2015 年 3 月 4 日（三通电话）
- 2015 年 3 月 5 日
- 2015 年 3 月 13 日
- 2015 年 3 月 15 日
- 2015 年 3 月 16 日（六通电话）
- 2015 年 3 月 17 日（两通电话）
- 2015 年 3 月 18 日（两通电话）
- 2015 年 3 月 24 日
- 2015 年 3 月 31 日
- 2015 年 4 月 28 日（三通电话）
- 2015 年 4 月 30 日（五通电话）
- 2015 年 5 月 6 日（两通电话）

- 2015 年 5 月 11 日（三通电话）

- 2015 年 6 月 23 日（两通电话）

- 2015 年 7 月 21 日

41. 在 2015 年的这些通话中，本人当时身在纽约，在电话中本人和 Wong 先生多次讨论了该投资和 UBS 贷款。在一次或多次有关通话中，Wong 先生与本人还讨论了本人对贷款的担忧，包括基于贷款与价值比率（"LTV 比率"）的催缴保证金触发条件、贷款金额、贷款利率及海通股份发行价。Wong 先生和本人还讨论了本人在纽约为 Ace Decade 物色投资者的进展。

42. 在 2015 年这段时期，就基于股份短期价格波动的还款触发条件，本人再未向 Wong 先生表达过自己的担忧，因为 Wong 先生之前曾告诉我不存在这样的触发条件。

43. 不过，在 2015 年 3 月、4 月和 5 月的数次通话中，Wong 先生与本人简要讨论了催缴保证金的话题，尤其是 LTV 利率触发条件。Wong 先生说本人无需担心，因为 UBS 将以我的最佳利益行事，即 UBS 将为 Ace Decade 提供充足时间，以满足任何催缴保证金通知，且 UBS 将尽与 Ace Decade 携手合作，帮助其满足任何催缴保证金通知。在此期间他还多次提醒本人，在"贷款被催缴保证金"后，UBS 从未出售过平安股东的股份，还说 Ace Decade 将享受与平安股东同样的待遇。

44. 本人在纽约期间，Wong 先生还就该投资和 UBS 贷款事项向本人发送过多条 WhatsApp 消息。例如，2015 年 3 月 21 日和 22 日，Wong 先生和本人通过一系列 WhatsApp 消息进行交流，讨论了该投资的 UBS 贷款问题。本人告诉 Wong 先生，UBS 提出的一些条件，比如根据 UBS 贷款的 LTV 比率提出的催缴保证金触发条件，

是"肯定不行的",而且"我们宁可不做,也不会去答应你们的条款"。如果本人当初未依据 Wong 先生之前的陈述,即根据股份的短期价格波动情况,贷款融资文件不包含还款触发条件,本人就会再次向 Wong 先生提出这一问题,而非仅仅将讨论重点放在根据 LTV 比率确定的催缴保证金触发条件上。

45. Wong 先生回复说,他理解本人对于潜在催缴保证金的担忧,并告诉我:"你放心!......我是为郭总工作的!放心。"本人依据 Wong 先生的陈述,即他和 UBS 都在寻求引起本人的兴趣。上述所有讨论都发生在我在纽约期间。

46. 2015 年 5 月 8 日,海通宣布已(分别于 2 月和 5 月)就股份发行获得股东和监管机构的必要审批,预计将于 5 月 15 日发行股份。海通还宣布,鉴于之前 30 个交易日的海通股份交易价格已超过事先约定的交易限额,认购价格将会提高。

47. 在海通进行上述宣布之后,本人通过电话和 WhatsApp 消息与 Wong 先生多次讨论,以便最终确定该投资的条款。我们讨论的主题之一是必须增加贷款,以反映海通股份每股价格的增加情况、所需款项金额、LTV 比率、利率,以及付款要求我们采用的美元兑港元方法。

48. 在 5 月 8 日后的一次讨论中,Wong 先生再次声明,Ace Decade 将在催缴保证金的任何方面享受与平安股东相同的待遇。

49. 依据这些陈述,本人决定进行该投资。本人与 Wong 先生在 5 月 11 日进行了电话交谈,讨论如何最好地将该投资所需资金从我的一个 UBS 账户汇转至 Ace Decade 账户。Wong 先生说,本人首先需要将本人在 UBS 账户中的资金从美元兑换为港元。他还指示说,不要将 UBS 账户中的资金直接汇转至 Ace Decade 账户,而是先

将 UBS 账户中的资金汇转至另一家银行的账户，然后再将该银行账户中的资金汇转至 Ace Decade 账户。

50. 依据 Wong 先生的建议，本人决定先将 UBS 账户中的资金汇转至在中国民生银行股份有限公司香港分行开设的账户（"中国民生银行账户"），然后再将中国民生银行账户中的资金汇转至 Ace Decade 账户。

51. 2015 年 5 月 11 日，Fu 女士向 Yu 女士发出一封电子邮件，同时抄送 Wong 先生和 Lam 小姐，要求 Yu 女士就 UBS 准备的付款指示文件获取本人的签名。该文件包含了一个要求，即将约 8.6 亿港元（约合 1.11 亿美元）从我的一个 UBS 账户汇转至 Wong 先生之前指示本人使用的中国民生银行账户。

52. 依据 Wong 先生有关该投资和 UBS 贷款的陈述，本人签署了授权电汇的文件。

53. 当天晚些时候，Lam 女士向 Yu 女士发出一封电子邮件，同时抄送 Wong 先生和 Fu 女士，电邮并附一份确认书，确认从本人的 UBS 账户转款。

54. 依据 Wong 先生的指示，本人随后授权将资金从中国民生银行账户汇转至 Ace Decade 账户。

55. 资金汇至 Ace Decade 账户后，Yu 女士和本人于 2015 年 5 月 13 日授权从 Ace Decade 的账户向一家特定目的投资机构及海峡基金全资附属公司 Dawn State Limited（"Dawn State"）持有的一个账户支付 20 亿港元（约合 2.6 亿美元），以便为拟于 5 月 15 日发行之股份的该投资提供资金。此前，我已授权从 Ace Decade 账户通过 Dawn State 向 UBS 的一个安全账户支付了 2.5 亿美元的首付资金。如投资未能完成，这笔资金本应拨回 Ace Decade 账户。

56. 本人为促成该投资所采取的所有步骤，包括要求将约 8.6 亿港元（约合 1.11 亿美元）从我的一个 UBS 账户电汇至中国民生银行账户并最终汇转至 Ace Decade 账户，以及于 2015 年 5 月 13 日授权将 20 亿港元（约合 2.6 亿美元）的款项从 Ace Decade 账户汇转至 Dawn State 的账户，均发生在本人位于纽约的办公室或公寓。

57. 如果本人得知 UBS 谎称贷款融资文件未根据股份的短期价格波动情况包含还款触发条件，且 UBS 将拒绝与 Ace Decade 携手合作，帮助其满足任何催缴保证金通知，并在获得催缴保证金后立即出售 Ace Decade 股份，则本人不会于 2015 年 5 月作出该投资或授权进行该支付。

58. 根据 Ace Decade 与海峡达成之协议的条款，海峡须应 Ace Decade 的要求于 2015 年 7 月 13 日后向 Ace Decade 转让 Dawn State（合法拥有股份所有权的实体）的股份。

59. 然而，就在纽约时间 7 月 6 日上午——即海峡本应向 Ace Decade 转让 Dawn State 股份前的一周前——本人才得知，UBS 因股份短期价格波动而要求本人在 24 小时之内偿还约 2 亿美元。

60. 如果本人得知，UBS 可能要求在如此短时间内支付款项，且 UBS 曾谎称会提供充足时间以满足任何催缴保证金通知，本人就应确保 Ace Decade 拥有充足资金来支付该笔款项。

61. 在 UBS 的最后期限前，Ace Decade 通知 UBS 说，我们可以快速获得所需资金，但无法早于 UBS 规定的最后期限。

62. 然而，Wong 先生于 2015 年 7 月 6 日称，UBS 不会为 Ace Decade 留出任何额外时间。Wong 先生说，UBS 已经确定了股份买家，并将通过出售股份而非让 Ace Decade 付款的方式获得可观利润。

63. 7 月 7 日，本人向 Wong 先生发送了一条 WhatsApp 消息，告诉他 UBS 的催缴保证金是"非法的"。Wong 先生并未表示不同意或否认，他告诉本人说，根据股份的短期价格波动情况，不存在还款触发条件。与此相反，他称已告诉高管取消出售股份，并表示将要求 UBS 向本人返还股份。Wong 先生告诉本人，股份仍由 UBS 控制，并承诺针对其回购提出计划。Wong 先生让本人放心："我一直都站在郭总那边的。"

64. 7 月 9 日，Wong 先生称，出售股份的决定是由位于中国内地和香港以外的 UBS 高管做出的。

65. 7 月 17 日，本人提醒 Wong 先生说，之前他曾在众多场合表示，"从来不会"根据股份的短期波动价格波动情况进行催缴保证金，并曾多次表示，UBS 未曾在催缴保证金后出售中国平安大股东的股份。

66. 在 7 月 17 日的另一条消息中，本人对 Wong 先生说："跟你说的，我是从去年就到美国发展的嘛，是不是啊！所有的我在美国给你发的信息，我的要求，你都明白的……这个情况下，都交给你了，都听你的，你介绍的海峡……结果现在弄成这个样子。"

67. Wong 先生并未否认做了这些失实陈述，实际上他回复说表示理解。

68. 在 7 月 17 日的另一条消息中，本人对 Wong 先生说："你多次给我说，你们 UBS 不会这样平仓，要不然我怎么信任你呢。"本人还告诉他："如果当初不是

你给我说，说着 Margin Call 像平安一样，不会说是那样子的。弄点资产对付对付啊，会有合理的时间。"

69. 7 月 17 日，本人还对 Wong 先生说："你说 UBS 跟他们 [海峡] 签的这个 24 小时斩仓，跟他们怎么签的呀？他怎么执行的啊？不公平嘛！当初你跟我讲了嘛！"

70. Wong 先生回答说："我一直坚决反对他们，但他们不理会，跟我说是瑞士 CEO 下的命令。"他不否认本人的说法，说他此前称该贷款协议不会允许 UBS 在催缴保证金后的 24 小时内出售股份。

71. 在我们进行讨论的所有期间，Wong 先生均未否认他曾称 UBS 会让 Ace Decade 享受与平安股东相同的待遇。

72. 在我们进行讨论的所有期间，Wong 先生均未否认他曾称贷款文件不会包含根据股份的短期价格波动情况确定的偿还触发条件。

73. 在我们进行讨论的所有期间，Wong 先生均未否认他曾称 UBS 将配合 Ace Decade，为其提供充足时间以满足任何催缴保证金通知。

74. 在我们进行讨论的所有期间，Wong 先生均未否认 UBS 曾从事不当行为。

75. Wong 先生告诉本人，UBS 于 2015 年 7 月 7 日以 11.12 港元（即以较海通股票 7 月 7 日的收盘价低 20%的价格）出售了属于 Ace Decade 的全部股份。

76. 因为失去了海通股份，Ace Decade 也失去了纽约的投资者。本人曾在 2015 年调往纽约后与这些投资者会面，他们本来一直有意投资 Ace Decade。例如，2015 年 4 月至 6 月期间，本人的代表和／或本人本人曾四次在纽约会见了一家总部设在纽约的私人投资公司的共同创始人之一。该公司对投资 Ace Decade 极有兴趣。然而，在 UBS 出售属于 Ace Decade 的海通股份后，Ace Decade 便失去了这一潜在投资者。

我宣誓上述内容是真实和正确的。

_____
郭浩云

Sworn to before me
this 25 day of January 2016

_____
Notary Public

JAMES A. ROSSETTI
Notary Public, State of New York
No. 31-4962968
Qualified in New York County
Commission Expires 7/23/17