# UNITED STATES BANKRUPTCY COURT

District of Connecticut

In re: Ho Wan Kwok
Debtor

Case No. 22-50073 (JAM)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Gettr USA, Inc., by its CEO, Jason Miller, 3 Columbus Circle, New York, NY 10019

*(Name of person to whom the subpoena is directed)*

X *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Pullman & Comley, LLC<br>850 Main Street, 8th Floor<br>Bridgeport, CT 06604 | May  , 2022 at 10:00 a.m. |

The examination will be recorded by this method:  Stenographic

X *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material on or before May ___, 2022 per Court Order (ECF No. 16) :
   See attached Request for Production of Documents

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
☐ _____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

☐ My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**I.      INSTRUCTIONS**

Unless otherwise indicated, the requests for documents set forth under the heading, "Documents to be Produced for Inspection and Copying" (the "Document Requests"), should be construed as calling for the production of all documents responsive hereto regardless of when such documents were created, and shall include all responsive documents generated through the date of production of documents. The Document Requests also shall be construed to require the production of all responsive documents regardless of whether such documents are deemed to be drafts, and regardless of whether such documents previously were disseminated to anyone.

The documents responsive to the Document Requests are to be produced as they are kept in the ordinary course of business and are to be labeled in such a way as to show which files and offices they came from, or they must be labelled to correspond to the categories in the Document Requests.

In producing documents in connection with the Document Requests, each document to be produced should include all attachments and all enclosures referred to in the documents or originally attached or enclosed with the document requested or to be produced.

This request for documents includes documents in possession of your agents, representatives, experts, persons or entities over which you have control for purposes of

access to responsive documents, persons consulted concerning any factual matters or matters of opinion, and, unless privileged, your attorneys.

The Document Requests are continuing in nature and you are hereby instructed to make supplemental production if you obtain further or different information.

**Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from January 1, 2020 to the date responses to the Document Requests are due.**

### DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1. "Debtor" means Ho Wan Kwok, also known as Guo Wengui; Miles Guo and/or Miles Kwok, whose chapter 11 case is pending under Case No. 22-50073 (JAM).

2. "Entity" means any business, legal or governmental entity, including but not limited to, a corporation, limited liability company, general partnership, limited partnership, joint venture, association, foundation, or trust, or the equivalent or analog of any of the foregoing in any foreign country.

3. "Family Foundation" means the "Guo family foundation" which Jason Miller was quoted as referring to in a Wall Street Journal article that can be found at

https://www.wsj.com/articles/ex-trump-adviser-jason-miller-new-social-app-gettr-backed-by-guo-wengui-tied-foundation-11625199130.

4. "Gettr" means Gettr USA, Inc. and all officers, directors and employees acting on its behalf.

5. "You" or "Your" refers to Gettr.

## LOST OR DESTROYED DOCUMENTS

If any document or tangible thing identified herein was known at the time of responding to these Document Requests to have been in existence at one time, and has been lost, discarded, or destroyed, identify such document or thing as completely as possible, providing as much of the following information as possible:

1) the type of document or thing;

2) its date;

3) the date or approximate date it was lost, discarded or destroyed;

4) the circumstances and manner in which it was lost, discarded or destroyed;

5) the reason(s) for disposing of the document (if discarded or destroyed);

6) the identity of all persons authorized or having knowledge of the circumstances surrounding the disposal of the document or thing;

7) the identity of the person(s) who lost, discarded or destroyed the document or thing; and

8) the identity of all persons having knowledge of the contents thereof.

## PRIVILEGED OR PROPRIETARY MATTER

If it is claimed that a response to any Document Request calls for information or an identification of documents that are claimed to be privileged, work product or otherwise protected from disclosure, and such privilege or work product is asserted, (a) identify the

nature of the privilege (including work product) that is being claimed; and (b) prepare the required privilege log in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

## **DOCUMENTS TO BE PRODUCED**

Gettr is to produce the following documents:

1. Documents consisting of Gettr's certificate of incorporation, ancillary documents thereto and any amendments thereto filed with the State of Delaware.

2. Any and all bylaws adopted by Gettr.

3. Documents sufficient to identify Gettr's officers, directors, and shareholders.

4. If any of Gettr's shareholders are Entities, documents sufficient to identify all direct or indirect holders of the equity or membership interests in such Entities.

5. Any and all documents concerning Gettr's application for authority to do business in the State of New York.

6. Documents evidencing any board of director or shareholder meetings at which the Debtor, the Family Foundation or any Entity with which the Debtor is known or believed by Gettr to be affiliated were mentioned or discussed.

7. Any and all documents concerning any and all capital contributions, loans, advances or any form of financial backing provided to or for the benefit of Gettr by the Debtor, the Family Foundation, or any Entity with which the Debtor is known or believed by Gettr to be associated in any way.

8. Any and all documents concerning any payments made by or on behalf of Gettr to or for the benefit of Debtor, the Family Foundation or any Entity with which the Debtor is known or believed by Gettr to be associated in any way.

9. Any and all documents concerning any non-monetary contributions made to or for the benefit of Gettr by the Debtor, the Family Foundation, or any Entity with which the Debtor is known or believed by Gettr to be associated in any way.

10. Any and all documents evidencing any communications by and between Gettr or any of its representatives, including Jason Miller, on the one hand, and the Debtor, the Family Foundation, or any Entity with which the Debtor is known or believed by Gettr to be associated in any way, or any of their respective representatives, on the other hand, concerning any aspect of Gettr's business or financial affairs.

11. Any and all documents which contain the address, 162 East 64th Street, New York, New York, with or without a zip code, including payroll checks or stubs.

12. Any and all leases of real or personal property used in the conduct of Gettr's business and to which the Debtor, the Family Foundation or any Entity with which the Debtor is known or believed by Gettr to be associated in any way, is a party.

13. Any and all contracts of Gettr to which the Debtor, the Family Foundation or any Entity with which the Debtor is known or believed by Gettr to be associated in any way, is a party.

14. Any and all documents concerning the choice of Gettr's logo and the identity of the persons involved in choosing the logo.

-6-

15. Any and all documents concerning any involvement or participation of the Debtor in the business or financial affairs of Gettr, either as part of management, as an advisor or in any other role or capacity.

16. Any and all documents reflecting any advice or instructions given by the Debtor to any corporate representative of Gettr concerning any aspect of Gettr's business or financial affairs.

17. Any and all documents concerning the decision to hire, fire or lay off any Gettr employees or independent contractors and in which the Debtor participated or was involved in any way.

18. Any and all documents concerning any review, consideration given, or use made by Gettr of the social media applications known as "Getome" or "Getter" or any information relating to those applications.

19. Any and all documents mentioning "Getome" or "Getter."