**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>                         Debtor. | CHAPTER 11<br><br>Case No. 22-50073(JAM) |
| Rui Ma,<br><br>                         Movant<br><br>v.<br><br>Ho Wan Kwok,<br><br>                         Respondent | Contested Matter |

**PROPOSED ORDER GRANTING MOTION OF RUI MA FOR RELIEF FROM THE**
**AUTOMATIC STAY TO ALLOW**
**PENDING STATE COURT LITIGATION TO PROCEED**

Upon the *Motion of Rui Ma for Relief from the Automatic Stay to Allow Pending State Court Litigation to Proceed* [ECF 206] (the "Motion") filed by creditor Rui Ma ("Movant"); and after proper notice and a hearing having been held on the Motion; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of the Motion in this district is proper for the purpose of issuing this Order pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2)(A) and

1

(G); and this Court having found that proper and adequate notice of the Motion and hearing; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon;  and sufficient "cause" having been found; and it appearing that the relief sought in the Motion should be granted; it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the automatic stay provided in 11 U.S.C. § 362(a) is hereby modified pursuant to 11 U.S.C. § 362(d)(1) to permit the Movant and/or her successors and assignees, to proceed to a final judgment in the litigation pending before the Supreme Court of the State of New York, New York County, Index No. 158140/2017, against the debtor Ho Wan Kwok a/k/a Guo Wengui, including any related appeals, remands or related proceedings (the "State Court Action"); and it is further

ORDERED that in the event that a final judgment is entered in favor of the Movant in the State Court Action and so long as this bankruptcy case remains pending, such judgment shall be treated as, or form the basis of, a claim against the Debtor, and the Movant will not seek to enforce such judgment or collect upon such judgment, or take any other enforcement with respect to the Debtor's assets absent Bankruptcy Court approval; and it is further

ORDERED that nothing herein shall operate to impose a stay or otherwise impair any rights of Movant to proceed with litigation against or recoveries from Golden Spring New York Ltd; and it is further

ORDERED that Movant is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

ORDERED that the fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
Bridgeport, Connecticut

_____
JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

KBM/M1738/1001/1827712v3
04/26/22-HRT/KBM

KBM/M1738/1001/1827712v3
04/26/22-HRT/KBM