## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

### NOTICE OF FILING OF (A) AMENDED PROPOSED ORDER; AND (B) BLACKLINE OF PROPOSED ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 331 TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONAL FEE PARTIES

**PLEASE TAKE NOTICE** that on March 31, 2022, Mr. Ho Wan Kwok, the debtor and debtor-in-possession ("Mr. Kwok" or the "Debtor") in the above-captioned chapter 11 case, by and through his undersigned counsel, filed the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105(A) And 331 To Establish Procedures For Interim Compensation And Reimbursement Of Expenses Of Professional Fee Parties* (the "Motion") [Docket No. 148][1].

**PLEASE TAKE FURTHER NOTICE** that in connection with Motion, please find a revised form of proposed Order attached hereto as "**Exhibit 1**".

**PLEASE TAKE FURTHER NOTICE** that in connection with Motion, please find a legal blackline of the revised form of proposed Order against the version as filed in the Motion, attached hereto as "**Exhibit 2**".

---

[1]    Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtor intends to seek entry of

the Proposed Order at the hearing scheduled for April 27, 2022 at 9:30 a.m. (Eastern Time).

Dated: April 26, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Bennett S. Silverberg, Esq. (*pro hac vice*)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com

## **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. [1] | RE: ECF No. 148 |

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONAL FEE PARTIES**

Upon consideration of the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105(A) And 331 To Establish Procedures For Interim Compensation And Reimbursement Of Expenses Of Professional Fee Parties* (the "Motion"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, establishing procedures for interim compensation and reimbursement of expenses for the Fee Parties,[2] all as defined and more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]    Capitalized terms in this Order not otherwise defined herein shall have the same definitions as set forth in the Motion.

found that notice of the Motion and opportunity for a hearing on the Motion were appropriate

and no other notice need be provided; and this Court having reviewed the Motion and

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing:

IT IS ORDERED THAT:

1.    The Motion is **GRANTED** as provided herein.

2.    All Fee Parties in this chapter 11 case may seek interim compensation in accordance with

the following procedures (the "Interim Compensation Procedures"):

    a.    On or after the 1st day following the month for which compensation is sought, each Fee Party may file with the Court and serve a monthly statement (each a "Statement") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on parties retained in this chapter 11 case.

    b.    The Statements of the Fee Parties shall include the following information: (i) a summary of fees and expenses by task code/category, in the form attached hereto as **Exhibit 1**; (ii) a summary of fees by timekeeper in the form attached hereto as **Exhibit 2**; (iii) documentation of any expenses; and (iv) detailed invoices rendered by the Fee Parties, including time entries with narrative descriptions of services rendered by each individual in increments of tenths (1/10) of an hour (redacted for confidentiality or privilege as necessary). Each Statement shall include a representation from the Fee Party's constituency (i.e., Debtor's representative or Committee's chair) that the representative has reviewed the Statement and does not object to the fees and expenses set forth therein.

    c.    Statements for the Fee Parties in this chapter 11 case shall be filed with the Court and served **only via email** on (i) counsel to the Debtor, Brown Rudnick LLP (Attn: William R. Baldiga, wbaldiga@brownrudnick.com; and Bennett Silverberg, bsilverberg@brownrudnick.com); (ii) The Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee") (Attn: Holley L. Claiborn, Holley.L.Claiborn@usdoj.gov); (iii) counsel to Golden Spring (New York) Ltd., Cohn Birnbaum, & Shea P.C. (Attn: Scott D. Rosen, srosen@cbshealaw.com); (iv) counsel to the Committee, Pullman & Comley, LLC (Attn: Jonathan A. Kaplan, jkaplan@pullcom.com and Irve J. Goldman, igoldman@pullcom.com); and

(v) anyone else the Court may designate or who files a written request to receive the Statement (each a "Notice Party" and collectively, the "Notice Parties").

d.      Each Notice Party will have until 4:00 p.m. (prevailing Eastern time) on the 21st day after service of a Statement to object to the requested fees and expenses in accordance with subparagraph (e) below. Upon the expiration of such 21-day period, a Fee Party may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Statement. After a certificate of no objection is filed, the Debtor is authorized and directed to pay the Fee Party an amount equal to 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Statement that are not subject to an objection pursuant to subparagraph (e) below.

e.      If any Notice Party objects to a Fee Party's Statement, the objecting party shall, within 21 days of service of the Statement, serve via email a written notice upon the Fee Party and the Notice Parties (a "Notice of Objection to Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Fee Party shall attempt to resolve the objection on a consensual basis.  The Debtor shall promptly pay 80 percent (80%) of the fees and 100 percent (100%) of the expenses that are not subject to any timely served Notice of Objection to Fee Statement or, if subject to objection, were subsequently resolved. If the parties are unable to reach a resolution of the objection to fees or expenses contained in a timely served Notice of Objection to Fee Statement within 14 days (or such longer period as mutually agreed to by the Fee Party and the objecting party) after service of such objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the Fee Party and the Notice Parties. Thereafter, the Fee Party may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the disputed amount and the total amount requested to be paid to the Fee Party (the "Undisputed Amount") or (ii) forego payment of the Undisputed Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.      Beginning with the period ending on June 30, 2022, and at approximately three-month intervals thereafter (each an "Interim Fee Period"), each Fee Party may file with the Court and serve on the Notice Parties interim fee applications (each an "Interim Fee Application") seeking interim approval and allowance of compensation and reimbursement of expenses, regardless of whether or not the Fee Party has filed and served monthly statements pursuant to these procedures. Each Fee Party shall submit its first Interim Fee Application with the Court by July 15, 2022, which shall cover all fees

3

incurred from the Petition Date through June 30, 2022 (the "First Interim Fee Period").

g.     Any Fee Party retained or appointed following the Petition Date shall file their first Statement for the period from the effective date of their retention through the final calendar day of the month of their retention, and otherwise in accordance with the procedures set forth in this Motion; *provided however,* any Fee Party retained on or prior to April 30, 2022 shall file its first Statement on or about May 6, 2022 for the period beginning February 15, 2022 and ending April 30, 2022.

h.     The filing of an Objection shall not prejudice the objecting party's right to object to an application made to the Court on any ground, whether raised in the objection or not. Further, the decision by any party to not object to a Statement will not prejudice that party's right to object to an application subsequently made to the Court.

i.     The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Fee Party from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures.

j.     Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection, in either case, will bind any party in interest or the Court with respect to the final allowance of compensation and reimbursement of expenses of the Fee Parties. All interim fees and expenses paid to the Fee Parties under the Interim Compensation Procedures are subject to adjustment and disgorgement until final allowance by the Court.

k.     On the 1st day of each month, beginning on June 1, 2022, the Debtor shall file or cause to be filed a monthly statement disclosing: (a) the amount of fees or expenses incurred by the Fee Parties that have been paid by the Debtor, (b) the status of any fees and expenses incurred by the Fee Professionals that were not paid, and (c) the reasons why any such fees or expenses were not paid.

3.     A hearing to consider the first Interim Fee Applications is scheduled for **August [•], 2022, at [•] (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard Bridgeport, CT 06604. Any party in interest objecting to the compensation or reimbursement sought in a particular Interim Fee Application shall file written objections with the Clerk of the Court no later than **[•],**

**2022 at 4:00 p.m. (prevailing Eastern Time)**, which objections shall be served so that the same are received on or before such date by: (i) the Notice Parties and (ii) all other parties that have filed a notice of appearance with the Clerk of this Court requesting notice of pleadings in this chapter 11 case.

4.      Except as may otherwise be provided in an order of the Court authorizing the retention of a particular Fee Party, the Fee Parties shall seek interim payment of compensation and reimbursement of expenses pursuant to Section 331 in accordance with the Interim Compensation Procedures.

5.      Any Fee Party who fails to file an interim application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

6.      The Fee Parties shall only be required to serve (a) the Statements on the Notice Parties, as applicable; (b) the Interim Fee Applications and Final Fee Applications on the Notice Parties; and (c) notices of hearings on the Interim Fee Applications and Final Fee Applications on the Notice Parties and all other parties that have filed a notice of appearance with the Clerk of this Court requesting notice of pleadings in this chapter 11 case; *provided, however,* all service obligations hereunder shall be deemed satisfied upon the filing of any Interim Fee Application, Final Fee Application, or notice of hearing on the Court's docket.

7.    All notices given in accordance with the Interim Compensation Procedures shall be deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

8.    All time periods referenced in this Order and the Interim Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).    Any party may seek a modification of this Order, after notice and a hearing, on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists.    Otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

9.    Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a).

10.    The Debtor is authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order in accordance with the Motion.

11.    This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated at Bridgeport, Connecticut this [ ] day of April, 2022.

**EXHIBIT 1**

**COMPENSATION BY TASK CODE**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Costs | | |
| Case Administration | | |
| Creditor Claim Matters | | |
| Employment and Fee Applications | | |
| Hearings | | |
| Pacific Alliance Matter | | |
| Creditor Litigation/Adversary Matters | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Motion Practice | | |
| Investigation Defense | | |
| Financing | | |
| | | |
| | | |
| **TOTAL:** | | |

**EXHIBIT 2**

**COMPENSATION BY TIMEKEEPER**

| Timekeeper | Position/Title | Bar Admission and Practice Group | Rate | Hours | Amount |
|---|---|---|---|---|---|
|  |  |  | $0.00 | 0 | $0.00 |
| **GRAND TOTAL** |  |  |  | 0 | $0.00 |
| **BLENDED RATE:** |  |  | $0.00 |  |  |

64683065 v3-WorkSiteUS-038210/0001

# **EXHIBIT B**

Blackline

64685029 v1-WorkSiteUS-038210/0001

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. [1] | RE: ECF No. 148 |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 331**
**TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF PROFESSIONAL FEE PARTIES**

Upon consideration of the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105(A) And 331 To Establish Procedures For Interim Compensation And Reimbursement Of Expenses Of Professional Fee Parties* (the "Motion"),[†] pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "the Bankruptcy Code") and Bankruptcy Rule 2016, establishing procedures for monthly interim compensation and reimbursement of expenses of professionals retained and estate fiduciaries appointed by order of this Court, for the Fee Parties,[2] all as defined and more fully set forth in the Motion; and the Court having jurisdiction to consider

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[†]    Unless the context indicates otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2]    Capitalized terms in this Order not otherwise defined herein shall have the same definitions as set forth in the Motion.

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having ~~determined that the requested relief~~ found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the ~~Debtor, his~~ Debtor's estate, its creditors, and ~~all~~ other parties in interest; and ~~the Debtor~~ this Court having ~~provided~~ found that notice of the Motion and opportunity for a hearing ~~(as defined below) to~~ on the Motion ~~Notice Parties;~~ were appropriate and no other ~~or further~~ notice ~~is necessary~~ need be provided; and ~~the~~ this Court having ~~held a hearing to consider the requested relief (the "Hearing")~~ reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon ~~the record~~ all of the ~~Hearing~~ proceedings had before this Court; and after due deliberation ~~thereon; and good~~ and sufficient cause appearing ~~therefor,~~:

IT IS ~~**HEREBY**~~ ORDERED THAT:

1.     The Motion is **GRANTED** ~~to the extent set forth~~ as provided herein.

2.     ~~Except as otherwise provided in Court orders authorizing the retention of specific persons,~~ All Fee Parties in this chapter 11 case may seek interim compensation in accordance with the following ~~procedure~~ procedures (the "Interim Compensation Procedures"):

a.     On or after the 1st day following the month for which compensation is sought, each Fee Party may file with the Court and serve a monthly statement (each a "Statement") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on parties retained in this chapter 11 case.

b.     The Statements of the Fee Parties shall include the following information: (i) a summary of fees and expenses by task code/category, in the form attached hereto as **Exhibit 1**; (ii) a summary of fees by timekeeper in the form attached hereto as **Exhibit 2**; (iii) documentation of any expenses; and (iv) detailed invoices rendered by the Fee Parties, including time

entries with narrative descriptions of services rendered by each individual in increments of tenths (1/10) of an hour (redacted for confidentiality or privilege as necessary). Each Statement shall include a representation from the Fee Party's constituency (i.e., Debtor's representative or Committee's chair) that the representative has reviewed the Statement and does not object to the fees and expenses set forth therein.

c.   a. This case was filed on February 15, 2022; accordingly, fees will be sought and processed in this case on the basis of monthly periods ending on the final day of each calendar month (each a "Fee Period"). Except as provided in paragraph (b) below, on or before the final day of each month following the last day of the Fee Period for which compensation is sought, each Fee Party seeking compensation will serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery (or, as to the Debtor and Debtor's counsel only, by electronic mail as indicated below),Statements for the Fee Parties in this chapter 11 case shall be filed with the Court and served **only via email** on (i) counsel to the Debtor, Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: William R. Baldiga, Esq., wbaldiga@brownrudnick.com; and Bennett Silverberg, Esq., bsilverberg@brownrudnick.com); (ii) The Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee"), 150 Court Street, New Haven, CT 06510 (Attn: Holley L. Claiborn, Holley.L.Claiborn@usdoj.gov); (iii) counsel to Golden Spring (New York) Ltd., Cohn Birnbaum, & Shea P.C., 100 Pearl Street, 12th Floor, Hartford, CT 06103, (Attn: Scott D. Rosen, srosen@cbshealaw.com); (iv) counsel to the Committee; and, Pullman & Comley, LLC (Attn: Jonathan A. Kaplan, jkaplan@pullcom.com and Irve J. Goldman, igoldman@pullcom.com); and (v) anyone else the Court may designate or who files a written request to receive the Statement (each a "Notice Party" and, collectively, the "Notice Parties").

d.   Each Notice Party will have until 4:00 p.m. (prevailing Eastern time) on the 21st day after service of a Statement to object to the requested fees and expenses in accordance with subparagraph (e) below. Upon the expiration of such 21-day period, a Fee Party may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Statement. After a certificate of no objection is filed, the Debtor is authorized and directed to pay the Fee Party an amount equal to 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Statement that are not subject to an objection pursuant to subparagraph (e) below.

b. No earlier than the tenth (10th)following the Fee Period and no later than the last day of the month for which compensation is sought, each Fee Party seeking compensation shall file a Monthly Fee Statement; however, a courtesy copy need not be delivered to Judge's chambers.  This proposed procedure Motion is not intended to alter the fee application requirements outlined in sections 330 and 331

of the Bankruptcy Code.  Fee Parties are required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the United States Bankruptcy Court, District of Connecticut.

c. Each Monthly Fee Statement must contain a list of the individuals and the respective titles of such individuals (e.g. attorney, accountant, paralegal, etc.) who provided services during the period covered by the Monthly Fee Statement, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Fee Party should seek reimbursement of an expense that would otherwise not be allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as amended), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

e. d. If any Notice Party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (the "Objection"), such party shall, by no later than the fourteenth (14th) day following receipt of the Monthly Fee Statement for which compensation is sought (the "Objection Deadline"), serve objects to a Fee Party's Statement, the objecting party shall, within 21 days of service of the Statement, serve via email a written notice upon the Fee Party whose Monthly Fee Statement is objected to and the other and the Notice Parties, (a written "Notice of Objection to Fee Statement;") setting forth the precise nature of the Notice Party's objection and the amount of fees or expenses at issue.

e. Thereafter, At the expiration of objecting party and the Fee Party shall attempt to resolve the objection Deadline, on a consensual basis.  The Debtor shall promptly pay 80 percent (80%) of the fees and 100 percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (d) above. that are not subject to any timely served Notice of Objection to Fee Statement or, if subject to objection, were subsequently resolved. If the parties are unable to reach a resolution of the objection to fees or expenses contained in a timely served Notice of Objection to Fee Statement within 14 days (or such longer period as mutually agreed to by the Fee Party and the objecting party) after service of such objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the Fee Party and the Notice Parties. Thereafter, the Fee Party may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the disputed amount and the total amount requested to be paid to the Fee Party (the "Undisputed Amount") or (ii) forego payment of the Undisputed Amount until the next interim or final fee application

hearing, at which time the Court will consider the Objection, if requested by the parties.

f.      Beginning with the period ending on June 30, 2022, and at approximately three-month intervals thereafter (each an "Interim Fee Period"), each Fee Party may file with the Court and serve on the Notice Parties interim fee applications (each an "Interim Fee Application") seeking interim approval and allowance of compensation and reimbursement of expenses, regardless of whether or not the Fee Party has filed and served monthly statements pursuant to these procedures. Each Fee Party shall submit its first Interim Fee Application with the Court by July 15, 2022, which shall cover all fees incurred from the Petition Date through June 30, 2022 (the "First Interim Fee Period").

g.      Any Fee Party retained or appointed following the Petition Date shall file their first Statement for the period from the effective date of their retention through the final calendar day of the month  of their retention, and otherwise in accordance with the procedures set forth in this Motion; *provided however,* any Fee Party retained on or prior to April 30, 2022 shall file its first Statement on or about May 6, 2022 for the period beginning February 15, 2022 and ending April 30, 2022.

f. If an Objection is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) above unless the Fee Party whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made.

g. If the parties to an Objection are able to resolve their dispute following the filing of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to files a statement indicating that the Objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e) above, that portion of the Monthly Fee Statement that was withheld and is no longer subject to the Objection.

h. All Objections that are not resolved by the parties or court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

h.      i.  The service filing of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee an application filed with made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore Further, the decision by any party not to not object to a Monthly Fee Statement shall not be a waiver of any kind, or will not

5

prejudice that party's right to object to ~~any fee~~an application subsequently ~~filed with~~made to the Court~~, in accordance with the Bankruptcy Code~~.

~~j. Approximately every 120 days, but not more than every 150 days (the "Interim Fee Period"), each of the Fee Parties shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested.~~

    i.    The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Fee Party from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures.

    j.    Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection, in either case, will bind any party in interest or the Court with respect to the final allowance of compensation and reimbursement of expenses of the Fee Parties. All interim fees and paid to the Fee Parties under the Interim Compensation Procedures are subject to adjustment and disgorgement until final allowance by the Court.

    k.    On the 1st day of each month, beginning on June 1, 2022, the Debtor shall file or cause to be filed a monthly statement disclosing: (a) the amount of fees or expenses incurred by the Fee Parties that have been paid by the Debtor, (b) the status of any fees and expenses incurred by the Fee Professionals that were not paid, and (c) the reasons why any such fees or expenses were not paid.

    3.    A hearing to consider the first Interim Fee Applications is scheduled for **August [•], 2022, at [•] (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard Bridgeport, CT 06604. Any party in interest objecting to the compensation or reimbursement sought in a particular Interim Fee Application shall file written objections with the Clerk of the Court no later than **[•], 2022 at 4:00 p.m. (prevailing Eastern Time)**, which objections shall be served so that the same are received on or before such date by: (i) the Notice Parties and (ii) all other parties that have filed a notice of appearance with the Clerk of this Court requesting notice of pleadings in this chapter 11 case.

    4.    Except as may otherwise be provided in an order of the Court authorizing the retention of a particular Fee Party, the Fee Parties shall seek interim payment of compensation and reimbursement of expenses pursuant to Section 331 in accordance with the Interim Compensation Procedures.

    5.    ~~k.~~ Any Fee Party who fails to ~~timely~~ file an interim ~~Fee~~ application seeking approval of compensation and expenses previously paid ~~pursuant to a Monthly Fee~~

~~Statement~~under this Order when due shall (1) be ineligible to receive further monthly payments of fees or ~~reimbursements of~~ expenses as provided herein until ~~such~~ further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

6.     The Fee Parties shall only be required to serve (a) the Statements on the Notice Parties, as applicable; (b) the Interim Fee Applications and Final Fee Applications on the Notice Parties; and (c) notices of hearings on the Interim Fee Applications and Final Fee Applications on the Notice Parties and all other parties that have filed a notice of appearance with the Clerk of this Court requesting notice of pleadings in this chapter 11 case; *provided, however,* all service obligations hereunder shall be deemed satisfied upon the filing of any Interim Fee Application, Final Fee Application, or notice of hearing on the Court's docket.

7.     All notices given in accordance with the Interim Compensation Procedures shall be deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

~~l. The pendency of an application or a court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Fee Party from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.~~

~~m. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Fee Party.~~

~~n. Counsel for any official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Fee Parties, collect and submit statements of expenses, with supporting vouchers, from members of such committee; provided, however, that such committee counsel ensures that these reimbursement requests comply with the Guidelines for Fees and Disbursements for Professionals in District of Connecticut Bankruptcy Cases.~~

~~3. Each Fee Party that has been approved by the Court as of the Petition Date may seek, in its first Monthly Fee Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date and ending on March 31, 2022. The first Interim Fee Application for such Fee Party shall cover the Interim Fee Period from the Petition Date through and including May 31, 2022. All Fee Party not retained or appointed as of the Petition Date shall file their first Monthly Fee Statement for the period from~~

~~the effective date of their retention through the final calendar day of the~~ ~~first full month~~

~~following the effective date of their retention, and otherwise in accordance with the procedures~~

~~set forth in this Motion.~~

~~4. The amount of fees and disbursements sought shall be set out in U.S. dollars (if the~~

~~fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S.~~

~~dollars and the conversion amount of the foreign currency, calculated at the time of the~~

~~submission of the application).~~

~~5. The Debtor shall include all payments to Fee Parties on their monthly operating~~

~~reports, detailed so as to state the amount paid to each Fee Party.~~

8. ~~6. Any party may object to requests for payments made pursuant to this Order~~ All time periods referenced in this Order and the Interim Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).  Any party may seek a modification of this Order, after notice and a hearing, on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists ~~seeking a further order of this Court,~~.  Otherwise, this Order shall continue and shall remain in effect during the pendency of this case.

~~7. All time periods set forth in this Order shall be calculated in accordance with Rule~~

~~9006(a) of the Federal Rules of Bankruptcy Procedure.~~

~~8. Any and all other and further notice of the relief requested in the Motion shall be, and~~

~~hereby is, dispensed with and waived; provided, however, that the Debtor shall serve a copy of~~

~~this Order on each of the Fee Parties once retained.~~

9.     Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a).

10.     The Debtor is authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated at Bridgeport, Connecticut this [ ] day of April, 2022.

**EXHIBIT 1**

**COMPENSATION BY TASK CODE**

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| Costs | | |
| Case Administration | | |
| Creditor Claim Matters | | |
| Employment and Fee Applications | | |
| Hearings | | |
| Pacific Alliance Matter | | |
| Creditor Litigation/Adversary Matters | | |
| Non-Working Travel | | |
| Plan and Disclosure Statement | | |
| Motion Practice | | |
| Investigation Defense | | |
| Financing | | |
| | | |
| | | |
| **TOTAL:** | | |

**EXHIBIT 2**

**COMPENSATION BY TIMEKEEPER**

| Timekeeper | Position/Title | Bar Admission and Practice Group | Rate | Hours | Amount |
|---|---|---|---|---|---|
|  |  |  | $0.00 | 0 | $0.00 |
| **GRAND TOTAL** |  |  |  | 0 | $0.00 |
| **BLENDED RATE:** |  |  | $0.00 |  |  |

64683065 v3-WorkSiteUS-038210/0001

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 4/26/2022 10:23:44 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WORKSITE/WorkSiteUS/64685030/1 | |
| **Modified DMS:** iw://WORKSITE/WorkSiteUS/64683065/3 | |
| **Changes:** | |
| Add | 120 |
| Delete | 129 |
| Move From | 18 |
| Move To | 18 |
| Table Insert | 3 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 288 |