## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

### NOTICE OF FILING OF (A) AMENDED PROPOSED ORDER; (B) BLACKLINE OF PROPOSED ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF; (C) AMENDED NOTICE;  AND (D) BLACKLINE OF PROPOSED NOTICE OF DEADLINES REQUIRING THE FILING OF PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR

**PLEASE TAKE NOTICE** that on March 30, 2022, Mr. Ho Wan Kwok, the debtor and debtor-in-possession ("Mr. Kwok" or the "Debtor") in the above-captioned chapter 11 case, by and through his undersigned counsel, filed the *Debtor's Motion (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice thereof* (the "Motion") [Docket No. 146][1].

**PLEASE TAKE FURTHER NOTICE** that in connection with Motion, please find a revised form of proposed Order attached hereto as "**Exhibit 1**".

**PLEASE TAKE FURTHER NOTICE** that in connection with Motion, please find a legal blackline of the revised form of proposed Order against the version as filed in the Motion, attached hereto as "**Exhibit 2**".

**PLEASE TAKE FURTHER NOTICE** that in connection with Motion, please find a revised form of proposed Bar Date Notice attached hereto as "**Exhibit 3**".

---

[1]    Capitalized terms used and not otherwise defined herein have the meaning ascribed thereto in the Motion.

**PLEASE TAKE FURTHER NOTICE** that in connection with Motion, please find a legal blackline of the revised form of proposed Bar Date Notice against the version as filed in the Motion, attached hereto as "**Exhibit 4**".

**PLEASE TAKE FURTHER NOTICE** that the Debtor intends to seek entry of the Proposed Order at the hearing scheduled for April 27, 2022 at 9:30 a.m. (Eastern Time).

Dated: April 26, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Bennett S. Silverberg, Esq. (*pro hac vice*)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: wbaldiga@brownrudnick.com
            bsilverberg@brownrudnick.com

## **EXHIBIT 1**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                    :
In re:                                              :    Chapter 11
                                                    :
    Ho Wan Kwok,                           :    Case No. 22-50073 (JAM)
                                                    :
                                                    :
          Debtor.[1]                 :
                                                    :
-------------------------------------------------------------------X

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] filed by the above-captioned debtor and debtor-in-

possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), pursuant to section

502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this

"Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in this Chapter 11

Case, (b) approving procedures for submitting Proofs of Claim, (c) approving the Claim Form, and

(d) approving the form of notice of the bar dates and manner of service thereof; all as more fully

set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

*of Reference* from the United States District Court for the District of Connecticut (as amended);

and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b),

and that the Debtor consents to entry of a final order under Article III of the United States

Constitution; and this Court having found that venue of this Chapter 11 Case and the Motion in

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the Kwok Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of this Chapter 11 Case shall file a proof of such claim in writing so that it is received on or before **[ ], 2022 at 11:59 p.m. (ET)** (the "General Bar Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date.

3.      Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before **[August 31], 2022 at 11:59 p.m. (ET).**

4.      The following procedures for the filing of Proofs of Claim shall apply:

      a.      Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form")[3] or filed electronically with the Court; and (vi)

---

[3]    The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.

be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.  A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court by the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

c.  Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the applicable Bar Date unless an exception identified in subsection (g) below applies.

d.  If the Debtor amends or supplements his Schedules after the Debtor's counsel gives notice of the Bar Dates, which is to be mailed under the terms of this Bar Date Order, then the Debtor shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing, provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

e.  The following persons are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

    i.   any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

    ii.  any person whose claim has been paid in full;

    iii. a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    iv.  a claim for which a separate deadline has been fixed by this Court;

3

     v.      any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

     vi.     any person not required to file a proof of claim pursuant to any order of this Court.

5.     Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this Chapter 11 Case.

6.     The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed notice of the 503(b)(9) Bar Date, substantially in the form annexed hereto as **Annex III** (the "503(b)(9) Bar Date Notice") are approved.

7.     Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor that arose or accrued on the Petition Date for which administrative expense priority is sought pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim"), shall file an application or motion seeking approval of the 503(b)(9) Claim as provided below so that it is received on or before the General Bar Date:

<u>By overnight courier, first class mail, or hand delivery to:</u>

Brown Rudnick LLP
c/o Uriel Pinelo, Esq.
Seven Times Square
New York, NY 10036

8.    The following procedures are approved with respect to notice of the Bar Dates:

Within five (5) business days after entry of this Order, the Debtor shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice and 503(b)(9) Bar Date Notice to the following parties:

    i.     the United States Trustee;

    ii.    counsel to the Committee and counsel to any trustee and/or examiner then appointed;

    iii.   all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such creditor or by returned mail from the post office with a forwarding address, provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtor's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **<u>Annex IV</u>** (the "<u>Local Rule 3003-1 Notice</u>");

    iv.   all parties actually known to the Debtor as having potential claims against the Debtor;

    v.    all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such counterparty or by returned mail from the post office with a forwarding address;

    vi.   the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);

    vii.  the Internal Revenue Service and all applicable Governmental Units;

    viii.  all persons or entities that have filed claims (as of the date of entry of the Bar Date Order);

ix.     all parties that have sent correspondence to the Court and that are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

x.      all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order); and

xi.     such additional persons and entities as deemed appropriate by the Debtor.

9.      The Debtor may in his sole discretion, but shall not be required to, publish the Bar Date Notice in newspapers, trade journals, or similar publications.

10.     The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

11.     Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtor's creditors of their rights and obligations in connection with any potential claims that they may have against the Debtor in this Chapter 11 Case.

12.     Nothing in this Bar Date Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in this Chapter 11 Case, reflected in the Schedules, or otherwise.

13.     Entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtor or be forever barred from so filing.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022
        Bridgeport, Connecticut

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 2**

Blackline of proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
|                                        | :  |                          |
| In re:                                 | :  | Chapter 11               |
|                                        | :  |                          |
|     Ho Wan Kwok,   | :  | Case No. 22-50073 (JAM)  |
|                                        | :  |                          |
|                                        | :  |                          |
|     Debtor.[1]     | :  |                          |
|                                        | :  |                          |
-------------------------------------------------------------------X

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

    Upon the motion (the "Motion")[2] filed by the above-captioned debtor and debtor-in-possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in this Chapter 11 Case, (b) approving procedures for submitting Proofs of Claim, (c) approving the Claim Form, and (d) approving the form of notice of the bar dates and manner of service thereof; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Debtor consents to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case and

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and this Court having reviewed the Motion and having heard

statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this

Court having determined that the legal and factual bases set forth in the Motion and the Kwok

Declaration and at the Hearing establish just cause for the relief granted herein; and any

objections to the relief requested herein having been withdrawn or overruled on the merits; and

after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein, all persons and entities, (including, without

limitation, individuals, partnerships, corporations, joint ventures, and trusts and governmental

units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the

Debtor which arose on or prior to the filing of this Chapter 11 Case shall file a proof of such

claim in writing so that it is received on or before **[ ], 2022 at 11:59 p.m. (ET)** (the "General Bar

Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court

to assert a claim after the General Bar Date.

3.      Notwithstanding any other provision hereof, proofs of claim filed by

governmental units must be filed on or before **[August ~~15~~31], 2022 at 11:59 p.m. (ET).**

4.      The following procedures for the filing of Proofs of Claim shall apply:

      a.      Proofs of Claim must: (i) be written in the English language; (ii) be
        denominated in the lawful currency of the United States as of the Petition
        Date (using the exchange rate, if applicable, as of the Petition Date); (iii)
        conform substantially to the Claim Form or the Official Bankruptcy Form
        410 (the "Official Form");[3] (iv) set forth with specificity the legal and

---

[3]  The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the
United States Courts. The Claim Form can be found at https://cases.stretto.com/HoWanKwok on the website

factual basis for the alleged claim; (v) include supporting documentation for the alleged claim unless voluminous, in which case a summary or an explanation as to why such documentation is unavailable must be attached~~or filed electronically with the Court~~; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.    A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court ~~or an authorized claims agent[4]~~ by the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

c.    Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the applicable Bar Date unless an exception identified in subsection (g) below applies.

d.    If the Debtor amends or supplements his Schedules after the Debtor's counsel gives notice of the Bar Dates, which is to be mailed under the terms of this Bar Date Order, then the Debtor shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing, provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

---

United States Courts~~. The Claim Form can be found at https://cases.stretto.com/HoWan~~Kwok ~~on the website established by the Debtor for this Chapter 11 Case.~~

~~[4]    The Debtor has requested approval to retain Stretto Inc. ("Stretto") as his claims agent. If the Court approves the application, then Stretto may be authorized to take receipt of proofs of claim. Information on the Proof of Claim and applicable methods of submission is available at https://cases.stretto.com/HoWanKwok.~~

e.      The following persons are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

    i.      any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

    ii.     any person whose claim has been paid in full;

    iii.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    iv.     a claim for which a separate deadline has been fixed by this Court; ~~or~~

    v.      any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

    vi.     any person not required to file a proof of claim pursuant to any order of this Court.

5.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this Chapter 11 Case.

6.      The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed notice of the 503(b)(9) Bar Date, substantially in the form annexed hereto as **Annex III** (the "503(b)(9) Bar Date Notice") are approved.

7.      Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor that arose or accrued on the Petition Date for which administrative expense priority is sought pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim"), shall file an application or motion seeking approval of the 503(b)(9) Claim as provided below so that it is received on or before the General Bar Date:

By overnight courier, first class mail, or hand delivery to:

Brown Rudnick LLP
c/o Uriel Pinelo, Esq.
Seven Times Square
New York, NY 10036

8.      The following procedures are approved with respect to notice of the Bar Dates:

a. Within five (5) business days after entry of this Order, the Debtor shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice and 503(b)(9) Bar Date Notice to the following parties:

i.      the United States Trustee;

ii.     counsel to the Committee and counsel to any trustee and/or examiner then appointed;

iii.    all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such creditor or by returned mail from the post office with a forwarding address, provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtor's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and

Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

iv.    all parties actually known to the Debtor as having potential claims against the Debtor;

v.    all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request by any such counterparty or by returned mail from the post office with a forwarding address;

vi.    the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);

vii.    the Internal Revenue Service and all applicable Governmental Units;

viii.    all persons or entities that have filed claims (as of the date of entry of the Bar Date Order);

ix.    all parties that have sent correspondence to the Court and that are listed on the Court's electronic docket (as of the date of entry of the Bar Date Order);

x.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Bar Date Order); and

xi.    such additional persons and entities as deemed appropriate by the Debtor.

b. With regard to those holders of claims listed on the Schedules, the Debtor shall mail one or more Claim Forms indicating on such forms how the Debtor has scheduled such creditors' claims on the Schedules (including the amount of such claims, and whether such claims have been scheduled as contingent, unliquidated, or disputed).

c. The Debtor shall post the Claim Form and Bar Date Notice on the website that has been established by Stretto for this Chapter 11 Case: https://cases.stretto.com/HoWanKwok.

9.    The Debtor may in his sole discretion, but shall not be required to, publish the Bar Date Notice in additional newspapers, trade journals, or similar publications.

10.     The Debtor ~~and Stretto are~~is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

11.     Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtor's creditors of their rights and obligations in connection with any potential claims that they may have against the Debtor in this Chapter 11 Case.

12.     Nothing in this Bar Date Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in this Chapter 11 Case, reflected in the Schedules, or otherwise.

13.     Entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtor or be forever barred from so filing.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022           _____
        Bridgeport, Connecticut                  UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 4/26/2022 11:36:00 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WORKSITE/WorkSiteUS/64685054/1 | |
| **Modified filename:** Kwok - Bar Date Motion (Proposed Order) (REVISED).DOCX | |
| **Changes:** | |
| Add | 9 |
| Delete | 16 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 26 |

# **EXHIBIT 3**

Proposed Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

----------------------------------------------------------------X
                                                          :
In re:                                                    :      Chapter 11
                                                          :
        Ho Wan Kwok,                                      :      Case No. 22-50073 (JAM)
                                                          :
                                                          :
        Debtor.[1]                                        :
                                                          :
----------------------------------------------------------------X

**NOTICE OF DEADLINES REQUIRING THE FILING OF**
**PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR**

The United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **[ ], 2022 at 11:59 p.m. (ET)** as the last date and time for each person (as defined in section 101(41) of title 11 of the United States Code (the "Bankruptcy Code")), excluding governmental units (as defined Bankruptcy Code section 101(27), the "Governmental Units") to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in Bankruptcy Code section 101(5)) (such deadline, the "General Bar Date")[2] against Mr. Ho Wan Kwok, the above captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"). Please review the Notice Of 503(B)(9) Claims Bar Date To All Persons With Claims Against The Debtor for instructions related to the assertion of a claim arising under Bankruptcy Code section 503(b)(9) against the Debtor.

The General Bar Date and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition Claims arising under Bankruptcy Code section 503(b)(9), against the Debtor that arose before February 15, 2022 (the "Petition Date"), which was the date that the Debtor commenced this Chapter 11 Case. Governmental Units have until **[August 31], 2022 at 11:59 p.m. (ET).** (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") as the deadline to file Proofs of Claim against the Debtor.

**1.      WHO MUST FILE A PROOF OF CLAIM**

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtor or to be able to share in distributions from the Debtor's estate if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or

---

[1]     Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

[2]     The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under Bankruptcy Code section 101(5) and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    WHAT TO FILE

The Debtor is enclosing a Proof of Claim form for use in this Chapter 11 Case. You may utilize the Proof of Claim form(s) provided by the Debtor in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

## 3.    WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before [ ], 2022 at 11:59 p.m. (ET) (for all persons except Governmental Units), or so as to be received on or before [August 31], 2022 at 11:59 p.m. (ET) (for all Governmental Units) by the Bankruptcy Court at the following address:

US Bankruptcy Court
District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

### 4.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the applicable Bar Date if you are:

      a.    any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

      b.    any person whose claim has been paid in full;

      c.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

      d.    a claim for which a separate deadline has been fixed by this Court;

      e.    any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

      f.    any person not required to file a proof of claim pursuant to any order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtor, but that may not have an unpaid claim against the Debtor. The fact that you have received this notice does not mean that you have a claim against the Debtor or that the Bankruptcy Court or the Debtor believe that you have a claim against the Debtor.

### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, then you must file a Proof of Claim by the applicable Bar Date. If you have a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, then you must file a Proof of Claim with respect to such claim by the dated fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease as the deadline for filing a Proof of Claim. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the applicable Bar Date.

### 6.    CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4

3

ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(C)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTOR, HIS PROPERTY, OR THIS ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS OF REORGANIZATION THAT MAY BE FILED IN THIS CHAPTER 11 CASE.

THE BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE GENERAL BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

## 7.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against the Debtor on the Debtor's Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim form(s) regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtor (as authorized by the Bankruptcy Court) on account of your claim(s), then the enclosed Proof of Claim form(s) should reflect the net amount of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed on the Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtor's Chapter 11 Case, which may be accessed through the Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

Dated: April [ ], 2022

**BROWN RUDNICK LLP**

By: /s/ *DRAFT*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        upinelo@brownrudnick.com

**EXHIBIT 4**

Blackline of Bar Date Notice

64685042 v1-WorkSiteUS-038210/0001

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
:
In re:                                                      :    Chapter 11
                                                           :
    Ho Wan Kwok,                               :    Case No. 22-50073 (JAM)
                                                           :
                                                           :
                Debtor.[1]            :
                                                           :
------------------------------------------------------------------X

**NOTICE OF DEADLINES REQUIRING THE FILING OF**
**PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR**

The United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **[ ], 2022 at 11:59 p.m. (ET)** as the last date and time for each person (as defined in section 101(41) of title 11 of the United States Code (the "Bankruptcy Code")), excluding governmental units (as defined Bankruptcy Code section 101(27), the "Governmental Units") to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in Bankruptcy Code section 101(5)) (such deadline, the "General Bar Date")[2] against Mr. Ho Wan Kwok, the above captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"). Please review the Notice Of 503(B)(9) Claims Bar Date To All Persons With Claims Against The Debtor for instructions related to the assertion of a claim arising under Bankruptcy Code section 503(b)(9) against the Debtor.

The General Bar Date and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition Claims arising under Bankruptcy Code section 503(b)(9), against the Debtor that arose before February 15, 2022 (the "Petition Date"), which was the date that the Debtor commenced this Chapter 11 Case. Governmental Units have until **[August ~~15~~31], 2022 at 11:59 p.m. (ET).** (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") as the deadline to file Proofs of Claim against the Debtor.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtor or to be able to share in distributions from the Debtor's estate if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in section 4 below.

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

[2]    The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under Bankruptcy Code section 101(5) and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2. WHAT TO FILE

The Debtor is enclosing a Proof of Claim form for use in this Chapter 11 Case. ~~If your claim is listed on the schedules of assets and liabilities filed by the Debtor (the "Schedules"), then the Proof of Claim form also sets forth the amount of your claim as listed on the Schedules and whether the claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim form for each claim listed in your name on the Schedules.~~ You may utilize the Proof of Claim form(s) provided by the Debtor in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained ~~at (a) the website established by the Debtor's Court-proposed claims and noticing agent, Stretto, Inc. ("Stretto"), located at https://cases.stretto.com/HoWanKwok or (b)~~ on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You ~~should also~~ may attach to your completed Proof of Claim any documents on which such claim is based ~~(if the supporting documentation is voluminous, attach a summary of such documentation instead) or an explanation as to why the supporting documents are not available~~.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

## 3. WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before [ ], 2022 at 11:59 p.m. (ET) (for all persons except Governmental Units), or so as to be received on or before [August ~~15~~31], 2022 at 11:59 p.m. (ET) (for all Governmental Units) by the Bankruptcy Court at the following address:[2]

US Bankruptcy Court
District of Connecticut

---

[2] ~~If the Bankruptcy Court approves the retention of Stretto as the Debtor's Claims agent, then the Debtor will revise this notice to direct creditors to submit Proofs of Claims to Stretto.~~

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the applicable Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

### 4.     WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the applicable Bar Date if you are:

      a.    any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

      b.    any person whose claim has been paid in full;

      c.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

      d.    a claim for which a separate deadline has been fixed by this Court;

      e.    any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

      f.    any person not required to file a proof of claim pursuant to any order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtor, but that may not have an unpaid claim against the Debtor. The fact that you have received this notice does not mean that you have a claim against the Debtor or that the Bankruptcy Court or the Debtor believe that you have a claim against the Debtor.

### 5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, then you must file a Proof of Claim by the applicable Bar Date. If you have a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, then you

must file a Proof of Claim with respect to such claim by the dated fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease as the deadline for filing a Proof of Claim. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the applicable Bar Date.

### 6.    CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(C)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTOR, HIS PROPERTY, OR THIS ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS OF REORGANIZATION THAT MAY BE FILED IN THIS CHAPTER 11 CASE.

THE BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE GENERAL BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

### 7.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against the Debtor on the Debtor's Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim form(s) regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtor (as authorized by the Bankruptcy Court) on account of your claim(s), then the enclosed Proof of Claim form(s) should reflect the net amount of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed on the Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtor's Chapter 11 Case, which ~~is posted on (a) the website established by Stretto for the Debtor's Chapter 11 Case at https://cases.stretto.com/HoWanKwok and (b) on~~may be accessed through the Bankruptcy Court's website at http://www.~~nysb~~ctb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at:

> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

~~Copies of the Debtor's Schedules also may be obtained by sending a request to Stretto at TeamMiles@Stretto.com.~~

5

A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

Dated: April [ ], 2022

**BROWN RUDNICK LLP**

By: /s/ *DRAFT*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac* pending)
Attn: Bennett S. Silverberg, Esq. (*pro hac* pending)
Attn: Uriel Pinelo, Esq. (*pro hac* pending)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email:  wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        upinelo@brownrudnick.com

| **Summary report:** Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 4/26/2022 11:43:32 PM | |
|---|---|
| **Style name:** Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://WORKSITE/WorkSiteUS/64685055/1 | |
| **Modified filename:** Kwok - Bar Date Motion (Bar Date Notice) (REVISED).DOCX | |
| **Changes:** | |
| Add | 12 |
| Delete | 11 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 23 |