**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
: 
In re:  : Chapter 11
 : 
   Ho Wan Kwok,  : Case No. 22-50073 (JAM)
 : 
 : Re: ECF No. 86
                   Debtor.  : 
 : 
------------------------------------------------------------------X

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BROWN RUDNICK LLP AS COUNSEL TO DEBTOR AND DEBTOR IN POSSESSION

Upon the application of Mr. Ho Wan Kwok (the "Application"),[1] as debtor and debtor in possession in the above-captioned Chapter 11 case, pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), for authorization to employ Brown Rudnick LLP ("Brown Rudnick") as his bankruptcy counsel effective as of the Petition Date, as more fully set forth in the Application; and upon the annexed affidavit of William R. Baldiga, Esquire, a partner of Brown Rudnick (the "Baldiga Affidavit"); and the Court being satisfied, based on the representations made in the Application and the Baldiga Affidavit, that Brown Rudnick does not represent or hold any interest adverse to Mr. Kwok or his Chapter 11 estate as to the matters upon which it is to be engaged and is a "disinterested person" under 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and that the employment of Brown Rudnick is necessary to Mr. Kwok ("Debtor") and his Chapter 11 estate; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and after due deliberation and sufficient cause appearing therefore after the hearing held on April 27, 2022:

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Application.

**IT IS HEREBY ORDERED THAT:**

1. That the Application is granted and approved subject to the terms and limitations herein.

2. Pursuant to Sections327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Connecticut (the "Local Rules"), the Debtor, is authorized to employ and retain Brown Rudnick as his counsel to perform the services as set forth in the Application and the Baldiga Affidavit, effective as of the Petition Date.

3. Notwithstanding any provision of the Engagement Agreement, any dispute concerning the performance of services by Brown Rudnick pursuant to the Engagement Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut.

4. Notwithstanding the Engagement Agreement and the Client Engagement Terms incorporated therein, Brown Rudnick will not, during the pendency of the chapter 11 case, represent any client that is adverse to the Debtor or the estate, and that the conflicts section in the Client Engagement Terms at ECF 142 at pages 21-23 does not, during the pendency of the chapter 11 case, supersede, override, waive, or negate the obligations the Debtor has to the estate, the obligations Brown Rudnick has to the Debtor and the estate in the role as chapter 11 counsel to the Debtor, nor the professional responsibilities Brown Rudnick has and owes to the Debtor.

5. Notwithstanding the Engagement Agreement and the Client Engagement Terms incorporated therein, Brown Rudnick shall be compensated on an hourly basis, with reimbursement of expenses, in accordance with the procedures set forth in Sections 330 and 331

of the Bankruptcy Code and such Bankruptcy Rules, Local Rules of the District of Connecticut and guidelines established by the Office of the United States Trustee as may then be applicable, from time to time, and such other procedures as may be fixed by order of this Court. Brown Rudnick shall not be entitled to interest on fees awarded by Court.

6. Ten business days' notice must be provided by Brown Rudnick to the Debtor, the United States Trustee and any official committee prior to any increases in the rates set forth in the Application, and such notice must be filed with the Court.

7. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

Dated at Bridgeport, Connecticut this 29th day of April, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

64684756 v2-WorkSiteUS-038210/0001