# EXHIBIT

# 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>    Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND, L.P.,<br><br>    Movant,<br><br>v.<br><br>HO WAN KWOK,<br><br>    Respondent. | Contested Matter [Doc. No. 57] |

**[PROPOSED] STIPULATED ORDER COMPELLING**
**HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC**
**TO TRANSPORT AND DELIVER THAT CERTAIN YACHT, THE "LADY MAY"**

**WHEREAS**, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") filed that certain Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(D)(2) of the Bankruptcy Code [Doc. No. 57] (the "Stay Relief Motion"), seeking a determination that the automatic stay did not apply or, in the alternative, relief from the automatic stay to permit it to proceed in that certain civil proceeding captioned *Pacific Alliance Asia Opportunity Fund, L.P. v. Kwok*, Index No. 652077/2017 (the "NY Action") pending in the Supreme Court of the State of New York, New York County (the "NY Court"), relating to efforts to compel the debtor, Ho Wan Kwok (the "Debtor"), to cause the return of that certain vessel, known as the "Lady May";

**WHEREAS**, HK International Funds Investments (USA) Limited, LLC ("HK USA") filed its statement [Doc. No. 203] (the "Statement") regarding such Stay Relief Motion, wherein HK USA—the purported "registered owner" of the Lady May—articulated its consent to the entry of an Order compelling the return of the Lady May, and submitted therewith that certain Declaration of Russel Stockil (the "Declaration"), the Yacht Management Director for Yachtzoo SARL, the purported yacht management company for the Lady May, which Declaration was not admitted into evidence;

**WHEREAS**, to secure HK USA's performance of the Delivery Obligation (as defined below), HK USA has entered into that certain Escrow Agreement appended hereto as **Exhibit A** with U.S. Bank National Association (the "Escrow Agent"), and HK USA has deposited with the Escrow Agent the "Escrow Funds" (as that term is defined and provided for in the Escrow Agreement) in the amount of Thirty-Seven Million ($37,000,000) Dollars, subject to the terms and conditions of this Order and the Escrow Agreement; and

**WHEREAS**, HK USA, PAX, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") appointed in this case, and the creditors, Rui Ma and Zheng Wu, each acting by and through their respective counsel, stipulate and consent to the entry of this Order and resolution of the Stay Relief Motion as set forth herein; and

**WHEREAS**, there appears good and sufficient cause to enter this Order;

**NOW THEREFORE**, it is hereby **ORDERED** that:

1.      Immediately upon the completion of the service and maintenance identified in the Statement or earlier at HK USA's discretion, HK USA shall transport and deliver the Lady May in good working order (subject to any outstanding service and maintenance to be separately addressed pursuant to Section 11 of this Order) to the navigable waters of Connecticut, and such

delivery shall occur on or before July 15, 2022 (the "Delivery Obligation"); provided, however, that PAX, the Committee and the creditors, Rui Ma and Zheng Wu reserve all rights to assert any claims for damages to the Lady May that occurred after March 16, 2021; provided further, that nothing contained in this Order or the relief granted herein shall be construed as an acknowledgement, admission, or agreement by PAX, the Committee or the creditors, Rui Ma and Zheng Wu that the Debtor does not control, and cannot deliver, the Lady May himself and PAX, the Committee and the creditors, Rui Ma and Zheng Wu reserve all rights with respect thereto;

2. Commencing on May 16, 2022, and thereafter on the first and fifteenth day of each calendar month until the Lady May has been returned to the navigable waters of Connecticut, HK USA shall file with this Court a verified Progress Report Regarding the Lady May setting forth: (i) the current physical location of the Lady May; (ii) the status of the service and maintenance tasks identified in the Declaration, and the reasonable anticipated timing of the remaining service and maintenance tasks to be performed; (iii) the status of arrangements for the transport by freighter of the Lady May in accordance with this Order or, once departed from France, the status of such transport by freighter of the Lady May; and (iv) the anticipated timing of the return of the Lady May in compliance with this Order;

3. Upon performance of the following: (i) HK USA timely satisfying the Delivery Obligation, (ii) due and proper service of a true and genuine copy of this Order being effectuated upon the then master/captain of the Lady May ("Captain") and Yachtzoo SARL, the purported yacht management company of the Lady May, (iii) a Certificate of Service attesting to such service as required hereby being filed with this Court, and (iv) a declaration made pursuant to 28 U.S.C. § 1746 by the Captain and Yachtzoo SARL consenting that each shall be subject to the

jurisdiction of this Court with respect to this Order, acknowledging that they are bound by the provisions of this Order which are applicable to them including specifically that they are restrained from removing the Lady May from the navigable waters of Connecticut until further order of this Court or until the dismissal of this bankruptcy case as provided in Section 9 of this Order, and attesting to the contemporaneous presence of the Lady May in the navigable waters of Connecticut and that the Lady May is in good working order (subject to the outstanding service and maintenance to be separately addressed pursuant to Section 11 of this Order), and (v) the Repair Reserve has been established in accordance with Section 11 of this Order, being filed with this Court (collectively, (i), (ii), (iii) (iv) and (v), the "Certification Conditions"), then HK USA shall file with this Court its declaration made pursuant to 28 U.S.C. § 1746 attesting to the performance of the Certification Conditions (the "HK USA Certification");

4.  PAX, the Committee, the Debtor and the Office of the United States Trustee shall have fifteen (15) days from the filing of the HK USA Certification to object to the HK USA Certification *solely* for the reason—established by a declaration made pursuant to 28 U.S.C. § 1746–that any of the Certification Conditions have, in fact, not been satisfied (an "Objection"); if no timely Objection is filed with this Court, then HK USA may provide a copy of the duly filed HK USA Certification to the Escrow Agent in accordance with the Escrow Agreement whereupon the Escrow Agent shall immediately release and transfer the Escrow Funds to HK USA in accordance with the Escrow Agreement;

5.  If an Objection is timely filed with this Court, HK USA shall not, pending further order of this Court, deliver the HK USA Certification to the Escrow Agent and this Court shall promptly schedule a hearing to determine *solely* whether HK USA failed to satisfy any of the Certification Conditions;

(i) in the event this Court determines that HK USA satisfied the Certification Conditions then HK USA may provide a copy of the HK USA Certification to the Escrow Agent in accordance with the Escrow Agreement whereupon the Escrow Agent shall immediately release and transfer the Escrow Funds to HK USA in accordance with the Escrow Agreement;

(ii) in the event this Court determines that HK USA failed to satisfy condition (i) of the Certification Conditions, then the provisions of Section 10 of this Order shall control the disposition of the Escrow Funds; and

(iii) in the event this Court determines that HK USA failed to satisfy condition (ii), (iii) or (iv) of the Certification Conditions, then the Escrow Funds shall remain with the Escrow Agent subject to this Order and the Escrow Agreement until this Court either (a) determines that HK USA has thereafter satisfied conditions (ii), (iii) and (iv) of the Certificate Condition or (b) enters such other order as reasonable and necessary to ensure that the Lady May remains within the navigable waters of Connecticut subject to further order of this Court as provided in this Order; and, in the event of either (a) or (b), HK USA may then provide a copy of the HK USA Certification to the Escrow Agent in accordance with the Escrow Agreement whereupon the Escrow Agent shall immediately release and transfer the Escrow Funds to HK USA in accordance with the Escrow Agreement; for the avoidance of doubt, HK USA's failure to satisfy Certificate Conditions (ii), (iii) or (iv) shall not result in the release of the Escrow Funds to an account designated by this Court as provided in Section 8 below; and

    (iv)    in the event this Court determines that HK USA failed to satisfy condition (v) of the Certification Conditions, then the Escrow Funds shall remain with the Escrow Agent subject to this Order and the Escrow Agreement until this Court determines that the Repair Reserve has been established in accordance with Section 11 of this Order.

6.    Subject to further order of this Court depending upon the particular facts and circumstances then presented, HK USA shall maintain and pay for insurance in the limits and amounts that it has secured prior to the commencement of this case, and provide proof of insurance to the Committee and PAX within five (5) days of the entry of this Order; provided, further, however, HK USA expressly reserves and does not release, waive or relinquish its right to assert in this bankruptcy case an administrative claim including, but not limited to, on account of any benefit conferred by HK USA in connection with the Lady May on or after HK USA's satisfaction of the Delivery Obligation, subject to the objection of any party to this Order or party in interest.

7.    Upon satisfaction of the Delivery Obligation, the Debtor and HK USA and its officers, agents, servants, employees, and attorneys, as well as any and all other persons who are in active concert or participation with HK USA and the Debtor, including, but not limited to, the Captain and Yachtzoo SARL (collectively, the "HK USA Parties"), shall keep and maintain at all times the Lady May physically present in the navigable waters of Connecticut, subject to the provisions of this Order and any further order of this Court upon motion of any party-in-interest, and entered after notice and a hearing.  In the event the HK USA Parties breach this Section 7 of this Order, all other parties in interest, including but not limited to the Committee, PAX, and the two creditors, Rui Ma and Zheng Wu, reserve any and all rights and remedies to seek relief from

this Court, including but not limited to seeking contempt or relief from the autormatic stay to proceed in the NY Action;

8. HK USA shall not (i) terminate the Captain or its yacht management company, or (ii) engage or hire any other Captain or yacht management company, absent further order from this Court;

9. In the event this Court enters an order dismissing this bankruptcy case pursuant to 11 U.S.C. § 1112, the obligations, terms and conditions of this Order shall remain in full force and effect and this Court shall continue to have jurisdiction over the parties governed hereby to enforce the provisions of this Order, including, but not limited to the disposition of the Escrow Funds in accordance with this Order; provided, however, that, upon entry of an order dismissing this case and after satisfaction of the Delivery Obligation, the Debtor and/or the HK USA Parties shall transport and deliver the Lady May to the navigable waters of New York and then keep and maintain at all times the Lady May physically present in the navigable waters of New York, and the Lady May shall be subject to further order by the NY Court; provided further, that if the Delivery Obligation has not been satisfied by July 15, 2022, and the Court has entered an order dismissing this case, the Court shall enter a separate order directing the delivery of the Escrow Funds to an account designated by the NY Court with any subsequent disposition of the funds being made upon motion of any party-in-interest before the NY Court, and entered after notice and a hearing.

10. In the event that this Court determines that HK USA failed to fully, completely, and timely perform the Delivery Obligation, then upon motion of any party-in-interest, and after notice and a hearing, if HK USA is unable able to establish good cause for the delay arising from extenuating circumstances (it being acknowledged that the inability to complete repairs to the

Lady May in France shall not constitute extenuating circumstances justifying a delay in the return of the Lady May to the navigable waters of Connecticut on or before July 15, 2022), then this Court shall enter a separate order directing the delivery of the Escrow Funds in accordance with the Escrow Agreement to an account designated by this Court, where they shall be held as security to the extent of whatever rights and interests the Debtor and/or the bankruptcy estate may hold in the Lady May, with any subsequent disposition of the funds being made upon motion of any party-in-interest, and entered after notice and a hearing, or upon the entry of a judgment (not subject to a stay) determining such rights and interests of the Debtor and/or the bankruptcy estate in the Lady May;

11. HK USA shall cause, at its sole expense, the service and maintenance identified in the Declaration and otherwise, if necessary, to restore the Lady May to good working order to be performed either prior to the satisfaction of the Delivery Obligation or thereafter upon order entered by this Court after notice and a hearing specifically delineating the time, place and manner by which such service and maintenance shall be performed, including, but not limited to a separate cash reserve (sourced, if available, from the proceeds of the Escrow Funds) in an amount sufficient to pay the estimated costs of the uncompleted service and maintenance tasks identified in the Declaration and otherwise to restore, if necessary, the Lady May to good working order  (the "Repair Reserve") and such funds in the Repair Reserve shall not be released until the service and maintenance tasks have been completed. HK USA shall permit representatives of PAX and/or the Committee to inspect the Lady May upon reasonable request.

12. PAX, the Debtor, the Committee, and the creditors, Rui Ma and Zheng Wu, shall not take any act to assert, create, perfect or enforce any right, title, lien or other interest in the Escrow Funds while in the possession of the Escrow Agent or their proceeds while in the

possession of HK USA or any other person, including, but not limited to, through the enforcement of any judgment or service of any prejudgment remedy or other legal process; and

13. The Stay Relief Motion be and hereby is **RESOLVED** as set forth herein.