**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**ORDER PURSUANT TO RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 2004-1 OF THE LOCAL BANKRUPTCY RULES (I) AUTHORIZING THE OFFICIAL COMMITTEEOF UNSECURED CREDITORS OF THE DEBTOR TO ISSUE SUBPOENA FOR THE EXAMINATION OF, AND THE PRODUCTION OF DOCUMENTS FROM, GOLDEN SPRING (NEW YORK) LTD.**

Upon the motion of the Official Committee of Unsecured Creditors (the "Committee") of the Debtor, Ho Wan Kwok (the "Debtor"), by and through its proposed attorneys, Pullman & Comley, LLC ("P&C"), for the entry of an order under Federal Rules of Bankruptcy Procedure 2004 and 9016 authorizing (the "Rule 2004 Motion"):  (i) the Committee to take a Rule 2004 examination of Golden Spring (New York) Ltd. ("Golden Spring"), by a proper corporate representative; and (ii) issue a subpoena to Golden Spring, substantially in the form attached to the Rule 2004 Motion as Exhibit "A" (the "Subpoena"); and due notice of the Rule 2004 Motion and accompanying Notice of Motion for Authorization to Conduct a Rule 2004 Examination and Objection Deadline having been given; and sufficient cause having been shown and due deliberation having been had thereon, and no further notice being required, it is hereby,

**ORDERED**, that:

1. The Rule 2004 Motion is granted as set forth below.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

1

2.      P&C as counsel for the Committee is hereby authorized to sign the Subpoena in a form substantially similar to the Subpoena attached to the Rule 2004 Motion as Exhibit "A" and to serve the Subpoena along with a copy of this Order in accordance with Bankruptcy Rule 2004.

3.      Golden Spring is hereby directed to serve a response to the Subpoena, along with any responsive documents, within 14 days of the service of the Subpoena. To the extent Golden Spring does not produce any documents requested in the Subpoena on the basis of some alleged privilege, Golden Spring is hereby directed to provide the Committee with a privilege log that comports with Fed .R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 14 days of service of the Subpoena.

4.      Golden Spring is hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoena or otherwise relevant to the Debtor, his businesses, assets, liabilities, financial condition, or this chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

5.      P&C as counsel for the Committee is hereby authorized, without further order of this Court, to take the testimony of Golden Spring, by a proper corporate representative, by examination under Bankruptcy Rule 2004 at the offices of Pullman & Comley, LLC, 850 Main Street, Bridgeport, Connecticut, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Committee that is not less than 7 calendar days after the production of documents by

Golden Spring in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated: Bridgeport, Connecticut
      April   , 2022

                                                 _____
                                                 Julie A. Manning,
                                                 United States Bankruptcy Judge