# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| Ho Wan Kwok, | : Case No. 22-50073 |
| Debtor.[1] | : |

**DECLARATION OF MATTHEW DUNDON IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DUNDON ADVISERS LLC AS FINANCIAL ADVISOR**

I, Matthew Dundon, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a principal with the firm of Dundon Advisers LLC, which is a financial advisory firm with its principal office located at 10 Bank Street, Suite 1100, White Plains, New York 10606 ("Dundon"). I am authorized to submit this *Declaration in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing and Approving the Employment of Dundon Advisers, Inc. as Financial Advisor, Effective as of May 3, 2022* (the "Application").

2. Neither I, Dundon, nor any employee thereof, insofar as I have been able to ascertain, has any connection with the Debtor, his creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as may be set forth herein.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

3. I understand that Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtor, their estate, the professionals, and the Office of the Trustee.

4. Dundon has conducted an extensive conflict check within its database all of the following names for possible connections that would require disclosure: (a) the Debtor; (b) the members of the Committee, Rui Ma, Ning Ye and Samuel Dan Nunberg; (d) the creditors on the list of the Debtor's 20 largest unsecured creditors and Schedules D and F of his bankruptcy schedules; (e) Pacific Alliance Asia Opportunity Fund L.P.; and (f) the following potentially interested or adverse parties: (i) Golden Spring (New York) Ltd; (ii) Hing Ch Ngok (Debtor's wife); (iii) Qiang Guo (Debtor's son); (iv) Mei Gui (Debtor's daughter); (v) HK International Funds Investments (USA) Limited, LLC (purported owner of Lady May); (vi) Bravo Luck Limited (purported ultimate owner of Sherry-Netherland apartment); (vii) Lamp Capital LLC (provider of $1 million loan for Debtor's counsel retainer); and (viii) Genever Holdings LLC ((a) through (f), the "Potentially Interested Parties").

5. Dundon has no relationship or connection with the Potentially Interested Parties, or to the best my knowledge, with any other creditor of the Debtor and otherwise has not encountered any creditors of the Debtor or parties-in-interest in this case in which an actual conflict exists between Dundon and such entity. If, at any time during the course of these proceedings, Dundon learns of any representation which may give rise to a conflict, Dundon will promptly file with the Court and the U.S. Trustee, an amended declaration identifying and specifying such involvement.

6. Dundon has represented, currently represents, and in the future will likely represent parties in interest in other chapter 11 cases that are wholly unrelated to the Debtor and

this chapter 11 case wherein advisors to the Committee, the Committee members or other estate professionals retained in this case are also serving, have served, or may in the future serve as professionals. Dundon does not believe that any of these representations create a conflict.

7. Dundon has neither received any retainer from the Debtor or the Committee, nor any payment, nor has it received any promise of payment, during the one-year period prior to the filing of the Debtor's petition. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this chapter 11 case. No promises have been received by Dundon nor by any advisors or attorneys thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Dundon has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among employees of and other personnel used by Dundon. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by Dundon in its representation of the Committee.

8. Dundon intends to apply for compensation for professional services rendered in connection with this chapter 11 case subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Dundon.

9. Dundon's standard hourly rates are:

| Title | Rate |
|---|---|
| Principal | $790 |
| Managing Director | $750 |
| Senior Director | $650 |
| Director | $600 |
| Associate Director | $550 |
| Senior Associate | $450 |

3

        Associate        $350

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Dundon shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtor, the U.S. Trustee, and the Committee prior to implementing any increases in the rates set forth in this Declaration in this case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase. Without limiting the generality of the foregoing, as an accommodation to the Committee and to other stakeholders in the Chapter 11 Case, Dundon will waive the application of its anticipated fee increase to take effect on July 1, 2022, and will bill the Chapter 11 Estate for services to the Committee at its 2021-2022 rates through and including June 30, 2023.

11. In addition to the fees described above, Dundon will bill for all out-of-pocket expenses reasonably incurred by Dundon in connection with the matters contemplated by this retention.

12. Dundon recognizes that the Committee will be separately seeking to retain Coleman Worldwide Advisors ("Coleman") as a fraud investigation consultant. Dundon represents that it will use reasonable good faith efforts and engage in communications with Coleman to attempt to avoid any duplication of services, and that Dundon will not bill for time engaged in coordinating the division of services between the two Committee advisors.

Dated: May 3, 2022

                                                      _____
                                                      Matthew Dundon