# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____

In re                                                                    : Chapter 11
                                                                         :
         Ho Wan Kwok,                                                    : Case No. 22-50073
                                                                         :
                  Debtor.[1]                                             :
                                                                         :
                                                                         :
_____ :

**DECLARATION OF GREGORY A. COLEMAN IN SUPPORT OF**
**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF GREGROY A. COLEMAN**
**AS FRAUD INVESTIGATION CONSULTANT**

I, Gregory A. Coleman, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a principal with the firm of Coleman Worldwide Advisors LLC ("CWA"),
which I founded to provide, inter alia, investigatory, consulting and other services related to
uncovering financial crimes and financial schemes.  Its principal mailing address is P.O. Box
2839, New York, New York 10008-2839.  I am authorized to submit this *Declaration in Support
of the Application of the Official Committee of Unsecured Creditors for Entry of an Order
Authorizing and Approving the Employment of Gregory A. Coleman as Fraud Investigation
Consultant, Effective as of May 3, 2022* (the "Application").

2.      Neither I, my firm, nor any employee thereof, insofar as I have been able to
ascertain, has any connection with the Debtor, his creditors, or any other parties in interest
herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in
the office of the U.S. Trustee, except as may be set forth herein.

_____

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan
Kwok.

3.      I understand that Bankruptcy Rule 2014 requires that an application for employment under section 1103 disclose all connections with the Debtor, their estate, the professionals, and the Office of the Trustee.

4.      I have conducted a conflict check within my database of clients of all of the following names for possible connections that would require disclosure: (a) the Debtor; (b) the members of the Committee, Rui Ma, Ning Ye and Samuel Dan Nunberg; (d) the creditors on the list of the Debtor's 20 largest unsecured creditors and Schedules D and F of his bankruptcy schedules; (e) Pacific Alliance Asia Opportunity Fund L.P.; and (f) the following potentially interested or adverse parties: (i) Golden Spring (New York) Ltd; (ii) Hing Ch Ngok (Debtor's wife); (iii) Qiang Guo (Debtor's son); (iv) Mei Gui (Debtor's daughter); (v) HK International Funds Investments (USA) Limited, LLC (purported owner of Lady May); (vi) Bravo Luck Limited (purported ultimate owner of Sherry-Netherland apartment); (vii) Lamp Capital LLC (provider of $1 million loan for Debtor's counsel retainer); and (viii) Genever Holdings LLC ((a) through (f), the "Potentially Interested Parties").

5.      Neither I nor CWA has any relationship or connection with the Potentially Interested Parties, or to the best my knowledge, with any other creditor of the Debtor and otherwise has not encountered any creditors of the Debtor or parties-in-interest in this case in which an actual conflict exists between myself and such entity. If, at any time during the course of these proceedings, I learn of any representation which may give rise to a conflict, I will promptly file with the Court and the U.S. Trustee, an amended declaration identifying and specifying such involvement.

6.      Neither I nor CWA has received any retainer from the Debtor or the Committee, nor any payment, nor have we received any promise of payment, during the one-year period prior to the filing of the Debtor's petition. No compensation has been paid or promised to be paid from a source other than the Debtor's estate in this chapter 11 case. No promises have been received by CWA or me nor by any advisors or attorneys thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Neither CWA nor I have an agreement with any other entity to share with such entity any compensation received by us in connection with this chapter 11 case, except among employees of and other personnel I or CWA may use in rendering services in this case. Neither the Committee nor its members (or any of their representatives) are or will be liable for fees or costs incurred by me in my representation of the Committee.

7.      I intend to apply for compensation for professional services rendered in connection with this chapter 11 case subject to approval of this Court as stated in the Application, and in compliance with applicable provisions of the Bankruptcy Code and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by me.  My hourly rate is $500.00 and other personnel I may use for this engagement do not exceed that rate.

8.      The hourly rate set forth above is subject to periodic adjustments to reflect economic and other conditions. I will file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtor, the U.S. Trustee, and the Committee prior to implementing any increases in the rate set forth in this Declaration in this case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.

9.     In addition to the fees described above, I will bill for all out-of-pocket expenses reasonably incurred by me in connection with the matters contemplated by this retention.

10.     I recognize that the Committee will be separately seeking to retain Dundon Advisers, Inc. ("Dundon") as its financial advisor and represent that I will use reasonable good faith efforts and engage in communications with Dundon to avoid any duplication of services, and that I will not bill for time engaged in coordinating the division of services between the two Committee advisors.

Dated: May 3, 2022

*/s/ Gregory A. Coleman*
Gregory A. Coleman

ACTIVE/83201.3/IJG/10296896v1