**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>  Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>May 4, 2022 |

**NOTICE OF CONTESTED MATTER**

**PLEASE TAKE NOTICE** that, upon filing the annexed *Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Unseal Court Exhibit 1* (the "Motion"), Pacific Alliance Asia Opportunity Fund L.P. ("PAX") will move the Honorable Julie A. Manning, United States Bankruptcy Judge at the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, to grant the Motion and allow the relief requested, namely unsealing Court Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that the Motion is a contested matter subject to the Bankruptcy Court's Local Rule 9014-1.

**PLESAE TAKE FURTHER NOTICE** that parties in interest have fourteen (14) days to respond to the Motion. The response deadline shall be set as of **May 18, 2022** (fourteen days from the date this Notice and the Motion are filed with the Court) (the "Response Date").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must be in writing, conform with the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, state with particularity the grounds therefor, and be filed with the Court and served upon the Debtor, with a courtesy copy to the Chambers of the Honorable Julie A. Manning, United States Bankruptcy Court for the District of Connecticut, by no later than the Response Date (a) (i) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at www.ctb.uscourts.gov; and (ii) in portable document format ("PDF") using Adobe Exchange Software for conversion; or (b) if by a party that is unable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers, and the file name, on the outside of the envelope.

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

**PLEASE TAKE FURTHER NOTICE**, that if no objections to the Motion are timely filed and served on or before the Response Date, Court Exhibit 1 may be unsealed by the Court without further hearing or any further notice to any party.

| | |
|---|---|
| Dated: May 4, 2022<br>Hartford, Connecticut | **Pacific Alliance Asia Opportunity Fund L.P.**<br><br>*By: /s/ Patrick M. Birney*<br>Patrick M. Birney (CT No. 19875)<br>Annecca H. Smith (CT No. 31148)<br>**ROBINSON & COLE LLP**<br>280 Trumbull Street<br>Hartford, CT 06103<br>Telephone: (860) 275-8275<br>Facsimile: (860) 275-8299<br>E-mail: pbirney@rc.com<br>          asmith@rc.com<br><br>-and-<br><br>Peter Friedman (admitted *pro hac vice*)<br>Stuart M. Sarnoff (admitted *pro hac vice*)<br>**O'MELVENY & MYERS LLP**<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>Email: pfriedman@omm.com<br>          ssarnoff@omm.com |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>May 4, 2022 |

### PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S
### MOTION TO UNSEAL COURT EXHIBIT 1

In accordance with sections 105(a) and 107(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Pacific Alliance Asia Opportunity Fund L.P. ("PAX") respectfully moves for the entry of an order unsealing Court Exhibit 1, which was sealed until further Order of the Court[2] during the April 27, 2022 evidentiary hearing on the *Debtor's Application for Authorization to Retain and Employ Verdolino & Lowey, P.C.* ("V&L") *as Financial Advisor* (the "Financial Advisor Application") [ECF 90]. As further argued, *infra*, because (i) no party has articulated a legitimate reason for the continued sealing of the information contained in Court Exhibit 1; (ii) the information contained in Court Exhibit 1 is relevant; and (iii) the information in Court Exhibit 1 is publicly available, PAX respectfully asks this Court, under the principles set forth in section 107 of the Bankruptcy Code, to unseal Court Exhibit 1. In further support of the Motion, PAX respectfully states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.
[2] All exhibit citations are to the exhibits attached to the Declaration of Peter Friedman in Support of PAX's Motion to Unseal Court Exhibit 1 ("Friedman Decl."). *See* Friedman Decl., Ex. 1, April 27, 2022 Hr'g Tr. at 59:3–60:2.

1

**FACTUAL BACKGROUND**

1. On February 15, 2022 (the "Petition Date"), Miles Kwok filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 16, 2022, the Debtor filed the Financial Advisor Application.

3. On March 19, 2022, the Office of the United States Trustee ("UST") filed its *Motion for an Order Directing the Appointment of an Examiner, or in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee* (the "Examiner Motion") [ECF 102].

4. On March 21, 2022, the UST appointed the Official Committee of Unsecured Creditors, which moved to retain Pullman & Comley, LLC as its counsel on April 5, 2022 [ECF 108].

5. On April 6, 2022, PAX filed its *Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "Motion to Dismiss") [ECF 183].

6. Although the Debtor remains a debtor in possession with the rights, powers and duties vested by section 1107 of the Bankruptcy Code, the Examiner Motion and Motion to Dismiss remain pending.

7. On April 6, 2022, PAX, the UST, and the Committee objected to the Financial Advisor Application.

8. In response to written discovery requests served in the context of the Financial Advisor Application and other pending applications and motions, the Debtor produced, among other documents, an email chain between Attorney Aaron Mitchell, the Debtor's unretained legal counsel; Attorney Melissa Francis, Golden Spring New York, Ltd.'s General Counsel; Matthew Flynn, CPA, on behalf of the Financial Advisor; and an unidentified individual (the

"Individual"), whose name and email address were redacted (the "Email Correspondence"). The Email Correspondence discusses the Debtor's expenses for a two-week period in February 2022.

9. On April 8, 2022, PAX took the deposition of V&L pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to the Financial Advisor Application by Bankruptcy Rule 9014. During the deposition, PAX's counsel asked V&L's corporate designee, Craig Jalbert, C.P.A., with whom he communicated about the Debtor's engagement of V&L. Mr. Jalbert testified that, in addition to Aaron Mitchell, Melissa Francis, and Brown Rudnick LLP, he communicated with "someone"—at which point Brown Rudnick lawyer Kenneth Aulet, Mr. Jalbert's attorney, objected and instructed Mr. Jalbert not to reveal the Individual's name.[3] When asked by PAX's counsel for the basis of the objection and instruction, Mr. Aulet explained that Golden Spring had asked him to so instruct Mr. Jalbert.[4]

10. Golden Spring's counsel then explained that it objected to the disclosure of the Individual's name on two grounds: relevance and the "privacy rights of [its] employees."[5] PAX's counsel later showed Mr. Jalbert the email correspondence at issue here, and Mr. Jalbert's counsel again instructed his client not to reveal the identity of the Individual.[6]

11. At the April 27, 2022 evidentiary hearing on the Financial Advisor Application, PAX's counsel once again asked Mr. Jalbert to identify the Individual, i.e., the person at Golden Spring with whom Mr. Jalbert communicated about the Debtor's assets and expenses.[7] Counsel for the Debtor and Golden Spring objected to the relevance of the Individual's identity and raised a vague security concern.[8]

---

[3] Friedman Decl., Ex. 2, C. Jalbert Dep. Tr. at 26-27 .
[4] *See id.*
[5] *See id.* at 28-29.
[6] *See id.* at 129-30.
[7] Friedman Decl., Ex. 1 at 45:18–46:1.
[8] *Id.* at 46:3–11; 48:6–15; 51:17–21.

12.     After hearing argument on the need to seal the identity of the Individual, and overruling the relevance objections, the Court directed Mr. Jalbert to disclose in writing the identity of the Individual, which was subsequently marked as Court Exhibit 1 and sealed until further order of the Court.[9]

13.     PAX now moves the Court to unseal Court Exhibit 1.

## JURISDICTION

14.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a) and 107(a).[10]

## RELIEF REQUESTED

15.     Pursuant to sections 105(a) and 107(a) of the Bankruptcy Code, PAX respectfully requests that the Court unseal Court Exhibit 1.

## BASIS FOR REQUESTED RELIEF

16.     The right of public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999).  Section 107(a) of the Bankruptcy Code provides that "the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."

17.     Where a document has "been sealed . . . without specific findings from the Court, the Court should review the record to determine whether the parties initially rebutted the

---

[9] *Id.* at 59:3–60:2.
[10] For the reasons articulated herein, PAX also believes reconsideration of the Order sealing the Sealed Exhibit pursuant to Local District Court Rule 7 and Local Bankruptcy Rule 1001-1 is appropriate; however, PAX does not seek such relief on a primary basis because the Court's Order sealing the Sealed Order contemplates further proceedings related to the Order. *Id.* at 59:3–60:2.

4

presumption of public access, and, if they have not, give the non-movant the opportunity to rebut the presumption." *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 429, 439 (Bankr. S.D. Tex. 2009); *see also In re FiberMark, Inc.*, 330 B.R. 480, 496 (Bankr. D. Vt. 2005) (determining that after a bankruptcy court temporarily sealed documents without making a finding that there was a compelling reason to do so, "the posture of [the] case is now the same as the posture of a request to seal an unsealed document").

18. In turn, sections 107(b) and (c) of the Bankruptcy Code provide the limited exceptions sufficient to rebut the presumption of public access: to protect (1) trade secrets and other confidential information; (2) persons with respect to scandalous or defamatory matter contained in papers filed with the court; and (3) certain confidential information and means of identification specified in 18 U.S.C. § 1028(d), where such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property. Because the Court did not make specific findings when sealing Court Exhibit 1,[11] the exhibit should be unsealed, as no party has offered sufficient evidence to establish that an exception applies here. *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. at 440.

19. That is because no exception does apply here. Golden Spring and the Debtor have instead asserted a vague security threat: at Mr. Jalbert's deposition, counsel for Golden Spring opposed disclosure of the name on the grounds that "the privacy rights of [Golden Spring] employees are paramount to any information that might be gathered from knowing the name of [] rank and file employees of Golden Spring."[12]

---

[11] *Id.* at 58:7–13.
[12] Friedman Decl., Ex. 2 at 29:1–7.

20. Not only is this assertion insufficient to establish an exception, but the public record in this case, as well as cursory internet searches, demonstrate that counsel's objection is frivolous. For example:

- Melissa Francis, Golden Spring's general counsel, is publicly identified as an ordinary course professional for the Debtor.[13]

- Melissa Francis was similarly identified as working for Golden Spring, in open court, at the April 27, 2022 evidentiary hearing in this case.[14]

- Max Krasner, an apparent Golden Spring employee, has been named on the public docket since day one of this bankruptcy as the person to whom service of Golden Spring documents should be addressed.[15]

- Mr. Krasner was identified as Golden Spring's contact person on the Debtor's original Official Form 104,[16] and again on two subsequent amended versions of that filing.[17]

- Mr. Krasner's name appears on 11 affidavits of service filed publicly in these proceedings.[18]

- The Debtor identified Mr. Krasner as being "in charge of finance" at Golden Spring during the Debtor's first 341 Meeting of Creditors.[19]

- Yvette Wang, Golden Spring's Treasurer, Secretary and President, was named, and appeared as, Golden Spring's 30(b)(6) representative.

- The Debtor identified Ms. Wang as working for Golden Spring during the 341 Meeting of Creditors.[20]

- Lastly, basic internet searches reveal employees' affiliations with Golden Spring;[21] and other Golden Spring employees, such as its general counsel, have

---

[13] *See* ECF 119.
[14] Friedman Decl., Ex. 1 at 63:8–13.
[15] *See* ECF 5.
[16] *See* ECF 4.
[17] *See* ECF 10; ECF 20.
[18] *See* ECF 109; ECF 113; ECF 127; ECF 134; ECF 145; ECF 150; ECF 151; ECF 207; ECF 241; ECF 264; ECF 283.
[19] Friedman Decl., Ex. 3, March 21, 2022 341 Meeting of Creditors Tr. at 52:14–23.
[20] *Id.* at 50:15-22.
[21] *See* Max Krasner, ZOOMINFO, https://www.zoominfo.com/p/Max-Krasner/2462575980 (last visited May 4, 2022).

6

advertised openly their affiliation with Golden Spring on public professional networking websites.[22]

21. Moreover, counsel for Golden Spring had actual knowledge that Golden Spring employees' names appeared on the docket because Mr. Rosen's and Mr. Miltenberger's names both appear directly below Mr. Krasner's on the aforementioned affidavits of service.[23]

22. The foregoing examples demonstrate the disingenuousness of privacy-based objections advanced by the Debtor and Golden Spring. Rather than act with transparency and in good faith, the Debtor and Golden Spring have (yet again) pointlessly given PAX the run-around and, ultimately, wasted the Court's time.[24] Should the Debtor and Golden Spring continue to object, the Individual should proffer a sworn affidavit detailing why an exception applies here. *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. at 440.

23. Because no party has offered sufficient evidence to rebut the presumption of public access, the Court should unseal Court Exhibit 1.

## CONCLUSION

For these reasons and the reasons explained on the record at the April 27, 2022 hearing, the Court should unseal Court Exhibit 1 and grant such other and further relief the Court deems just and proper.

[*Signature on Following Page*]

---

[22] *See* Melissa Francis, LINKEDIN, https://www.linkedin.com/in/melissa-francis-52269b5/ (last visited May 4, 2022); *see also* Friedman Decl., Ex. 4, Melissa Francis LinkedIn Profile.
[23] *See* supra, note 18.
[24] These facts also belie (1) Debtor's contention that he is now being "transparent" and (2) Debtor's counsel's representations that there have been "no discovery disputes" and that all parties have exhibited nothing but "great compliance" and "good cooperation" in the course of fact discovery. Friedman Decl., Ex. 1 at 150:12–22; Friedman Decl., Ex. 5, April 13, 2022 Hr'g Tr. at 16.

Dated: May 4, 2022
Hartford, Connecticut

**Pacific Alliance Asia Opportunity Fund L.P.**

*By: /s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
          asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
Laura Aronsson (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
        ssarnoff@omm.com
        laronsson@omm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney