## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | |

### LIMITED OBJECTION OF GOLDEN SPRING (NEW YORK) LTD. TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR A 2004 EXAMINATION

Golden Spring (New York) Ltd. ("GSNY"), by and through its attorneys, Cohn Birnbaum & Shea, P.C., hereby files its limited objection to the *Motion of the Official Committee of Unsecured Creditors (the "OCC") of Debtor for Authorization to Conduct an Examination of Golden Spring (New York) Ltd. and to Subpoena Production of Documents Pursuant to Fed. R. Bankr. P. 2004 and 9016 and D. Conn. Bankr. L.R. 2004-1* (the "2004 Motion") [ECF No. 297]. In support of its limited objection, GSNY states as follows:

1.    Although GSNY disagrees with many of the characterizations set forth in the 2004 Motion, GSNY does not object to the granting of the 2004 Motion consistent with the Federal Rules of Bankruptcy Procedure (the "Rules") and the Local Rules for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules").

2.    GSNY does not object to producing documents pursuant to Rules 2004 and 9016. Nor does GSNY object to providing testimony at an examination pursuant to Rule 2004.

3.    Nevertheless, for the reasons set forth below, the proposed order submitted by the OCC violates Rule 2004 and contradicts Local Rule 2004-1.

### A. *The Proposed Order Violates Rule 2004.*

4. Rule 2004(c) provides as follows:

> The attendance of an entity for examination and for the production of documents or electronically stored information . . . *may be compelled as provided in Rule 9016* for the attendance of a witness at a hearing or trial.

Rule 2004(c) (emphasis added).

5. The proposed order submitted with the 2004 Motion does not provide that the attendance of GSNY will be compelled by subpoena. Instead, the Proposed Order itself compels GSNY to produce documents and attend an examination.

6. Under the Proposed Order, GSNY is ordered to "serve a response to the Subpoena, *along with any responsive documents.*" *Proposed Order,* at ¶ 3 (emphasis added). Therefore, as currently worded, the Proposed Order is a court order compelling production. Under Rule 2004, however, the production of documents is to be compelled by subpoena, not by court order.

7. Further, the Proposed Order requires a response within 14 days. Rule 9016, incorporating Fed. R. Civ. P. 45, requires an objection within 14 days, but permits a motion to quash or a motion to modify "on timely motion." *See* Fed. R. Civ. P. 45(c). As a result, the Proposed Order may improperly limit the time that GSNY has to respond to the subpoena.

8. The Proposed Order requires the production of documents within 14 days, even if an objection, a motion to modify, or a motion to quash is filed. This predetermines that the subpoena is valid in all respects and that the subpoena, *inter alia,* permits a reasonable time to comply. However, if the subpoena does not permit a reasonable time to comply, then it *must* be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

9.  Additionally, the command in the Proposed Order requiring GSNY to produce documents provides no mechanism for GSNY to protect its confidential commercial information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

10. The direction in the Proposed Order to produce "any responsive documents" contains no mechanism to protect GSNY from undue burden. *See* Fed. R. Civ. P. 45(d)(1). This Court should not predetermine that the subpoena does not impose an undue burden on GSNY without knowing the documents, or amount thereof, that the OCC will request.

11. The Proposed Order commands GSNY to be examined in Bridgeport, Connecticut absent an agreement of the parties. *Proposed Order,* at ¶ 5. In the absence of an agreement between the parties, this Court should not order the examination to take place in Bridgeport, Connecticut. Typically, the examination of corporate officials is conducted where the corporation has its principal place of business, which would be in New York.[1] *See In re Handy & Harman Ref. Grp., Inc.,* 295 B.R. 179, 182 (Bankr. D. Conn. 2003) (holding that when a corporation is a party, there is a presumption in favor of conducting depositions of the corporation in its principal place of business).

12. The Proposed order directs – as an order of the Court – GSNY to preserve documents and electronically stored information. *See Proposed Order,* at ¶ 5. ESI. Para. Neither Fed. R. Civ. P. 45 nor Rule 2004 authorize this Court to issue such an order to GSNY.

***The Proposed Order Contradicts Local Rule 2004-1(c)(3).***

13. Local Rule 2004-1(c)(3) provides: "The failure to file a response or objection pursuant to this Rule shall not prejudice the proposed examinee, witness, or party from whom

---

[1] GSNY anticipates reaching an agreement on this issue, which agreement might include remote testimony, particularly given Covid concerns.

3

documents are sought from filing a motion for a protective order, to quash the subpoena, or to vacate an order entered."

14.    The Proposed Order contradicts Local Rule 2004-1(c)(3). It requires the production of documents and the examination of a corporate designee. Thus, a motion for a protective order or motion to quash directed to a subpoena will provide GSNY with no relief. GSNY's remaining alternative is to file a motion to vacate the Proposed Order. Establishing the legal and factual predicate for obtaining such an order may be significantly more burdensome to GSNY than establishing the standards for a protective order.

WHEREFORE, Golden Spring (New York) Ltd. hereby submits its limited objection to the *Motion of the Official Committee of Unsecured Creditors of Debtor for Authorization to Conduct an Examination of Golden Spring (New York) Ltd. and to Subpoena Production of Documents Pursuant to Fed. R. Bankr. P. 2004 and 9016 and D. Conn. Bankr. L. R. 2004-1* [ECF No. 297].

GOLDEN SPRING (NEW YORK) LTD.

By  /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Scott D. Rosen
Cohn Birnbaum & Shea P.C.
100 Pearl Street, 12th Floor
Hartford, CT  06103
(860) 493-2262
Tmiltenberger@cbshealaw.com

**CERTIFICATION**

  I hereby certify that on May 6, 2022 a copy of the foregoing was filed electronically and will be sent by email to all parties by operation of the Court's electronic filing system to the Debtor (through counsel), the United States Trustee, Golden Spring (New York) Ltd., the Official Committee of Unsecured Creditors (through counsel), and to all appearing parties. Parties may access this filing through the Court's CM/ECF System.

/s/ Timothy D. Miltenberger
Timothy D. Miltenberger
