**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------X
:
In re:                                                        : Chapter 11
:
     Ho Wan Kwok,                                      : Case No. 22-50073 (JAM)
:
                                         : Ref. Dkt. No. 183
:
                Debtor.              : Response Deadline: May 11, 2022 at 5:00 pm (ET)
:
-----------------------------------------------------------------X

**DEBTOR'S CONSENT TO DISMISSAL OF CASE**

**AND RESPONSE TO PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S**
**MOTION TO DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE,**
**PARTIAL JOINDER TO UNITED STATES TRUSTEE'S MOTION**
**FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

TO THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE:

      Ho Wan Kwok (the "Debtor"), through his below proposed counsel, hereby files this

*Consent to Dismissal of Case and Response to Pacific Alliance Asia Opportunity Fund L.P.'s*

*Motion To Dismiss Chapter 11 Case Or, In The Alternative, Partial Joinder To United States*

*Trustee's Motion For An Order Directing The Appointment Of A Chapter 11 Trustee*, dated April

6, 2022 [Dkt. No. 183] (the "Motion"), filed by Pacific Alliance Asia Opportunity Fund L.P.

("PAX").  The Debtor respectfully states as follows:

**RESPONSE**

1.      The Debtor consents to the dismissal of his Chapter 11 case on account of the tremendous costs imposed on the Debtor from unrelenting litigation by Pacific Alliance Asia Opportunity Fund L.P. ("PAX") and others, and his inability to access funds to meet those costs.

2.      Mr. Kwok commenced this case to do exactly what a chapter 11 debtor should do: utilize the Bankruptcy Code to provide creditors with a central forum to assert and resolve claims, allow for an impartial and unbiased examination of the debtor's assets, and negotiate a fair plan.

3.      To fund the case and facilitate his restructuring, Mr. Kwok obtained the commitment of his son's family office, Golden Spring (New York) Limited ("GSNY"), to provide $9 million of subordinated, unsecured debtor-in-possession financing. The financing offered a "no-strings" gift of $1 million to his estate, and $8 million to fund the costs of the case, including principally a full investigation by an examiner or the official committee of unsecured creditors (the "Committee") into his assets, liabilities and financial affairs. The proposed financing was supported by the Committee representing Mr. Kwok's creditors, but opposed by PAX and the Office of the United States Trustee.

4.      Mr. Kwok also arranged for a very substantial asset owned by his daughter, the Lady May yacht with a likely value in excess of $30 million, to be subject to the full jurisdiction of this Court and made available for liquidation for the benefit of his creditors if it were found to be in fact an asset of this estate.

5.      With the benefit of the committed financing and the fully agreed arrangements as to the yacht, and having testified fully over three days, and abided by all of the requirements imposed on a chapter 11 debtor, Mr. Kwok anticipated that by now the examination would have been well underway and that there would be serious engagement by creditors on the terms of the

plan.  Instead, PAX and the Office of the United States Trustee seem committed to relentless and incredibly expensive litigation, with PAX alone having noticed something in the order of twenty or more depositions and demanded extensive document productions from numerous persons and entities. Further,   the Court has indicated that it does not intend to approve the committed financing, and the Debtor has been unable to obtain approval to engage a financial advisor to assist in the plan efforts and to otherwise assist in performing his duties as a chapter 11 debtor.

6.      As a result, Mr. Kwok's case is buckling under the weight of the professional fees incurred by his professionals (and those of the Committee) responding to PAX's anything-but-independent fishing expeditions and litigation.  Golden Spring, for its part, sees no end to this wasteful litigation and refuses to provide an open-ended commitment to fund what has unfortunately devolved into a litigation frenzy, and has accordingly withdrawn its commitment to fund Mr. Kwok's Chapter 11 case.  This development has led Mr. Kwok to conclude that this accrual of administrative expense (for which there is no source of funds to pay) should end and this  case  should be dismissed.

7.      The Debtor thanks the Court and appreciates the time and effort the Court dedicated to administering his Chapter 11 case.  The Lady May is returning to the United States largely due to the engagement by the Court to help resolve PAX's lift-stay motion and remedy the circumstances that led to the New York Court's findings of contempt.  The Court also provided Mr. Kwok the opportunity to testify in support of his chapter 11 case and tell his side of the story in open court for the first time since PAX initiated suit against him nearly five years ago.

8.       Mr. Kwok committed to this Court to conduct his case professionally and responsibly.  The situation on the ground – due to PAX's unrestrained legal warfare and lack of funding to satisfy the resulting administrative expenses of his estate – no longer makes that

possible. Accordingly, the Debtor respectfully consents to the entry an order allowing PAX's motion[1] to dismiss the case pursuant to Bankruptcy Code section 1112(b). Post-dismissal, the Debtor intends to satisfy his legitimate debts.

Dated: May 11, 2022

**BROWN RUDNICK LLP**

By: */s/ William R. Baldiga*
Dylan P. Kletter, Esq.
185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 509-6500
Facsimile: (860) 509-6501
Email: dkletter@brownrudnick.com

-and-

William R. Baldiga, Esq.
Jeffrey L. Jonas, Esq.
Bennett S. Silverberg, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
        bsilverberg@brownrudnick.com
        jjonas@brownrudnick.com

*Counsel for Ho Wan Kwok, Debtor*

---

[1]    For the avoidance of doubt, the Debtor does not join in PAX's motion or agree with the cause(s) for relief asserted therein.