UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>          Debtor. | Case No. 22-50073 (JAM)<br><br>Chapter 11<br><br>**CREDITOR LOGAN CHENG'S OPPOSITION TO PACFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S MOTION TO DISMISS CHAPTER 11 CASE** |

       Creditor Logan Cheng, by and through undersigned counsel, hereby objects to *Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee*, filed on April 6, 2022 [ECF No. 183], and states as follows:

       1.     Creditor joins a) the *Objection of Creditors Rui Ma, Zheng Wu and Weican Meng to the Motion of Pacific Alliance Asia Opportunity Fund L.P. for Dismissal of this Case or in the Alternative, for Appointment of a Trustee* [ECF No. 347] and, to the extent not inconsistent therewith, b) the *Opposition of the Official Committee of Unsecured Creditors to Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to the United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* [ECF No. 346].

       2.     Creditor concurs that Debtor does not come to this case with clean hands, but this favors a process where all creditors, jointly and without favoritism to the interests of one who, through happenstance, obtained judgment first, can marshal the assets of Debtor, a penniless billionaire.[1]

       3.     To that end, the Court should disregard *Debtor's Consent to Dismissal of Case*

---

[1] Debtor is commonly regarded as a billionaire. *See, e.g.,* Hilgers, Lauren, *The Mystery of the Exiled Billionaire Whistle-Blower,* N.Y. Times Magazine (Jan. 10, 2018), available at <https://www.nytimes.com/2018/01/10/magazine/the-mystery-of-the-exiled-billionaire-whistleblower.html >.

[ECF No. 344]. Creditors are far better served with Debtor remaining subject to the jurisdiction of this Court. Although the filing of the petition may have been a strategic tactic to avoid imprisonment, it was beneficial to the creditors. The gamesmanship of a last-minute consent to dismissal should not be condoned.

WHEREFORE Creditor Logan Cheng respectfully requests this Honorable Court allow the deny the motion to dismiss.

Dated: May 11, 2022.                              Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman – ct29129 of
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
P: 702-420-2001
F: 305-437-7662
ecf@randazza.com

*Counsel for Creditor*
*Logan Cheng f/k/a Shui-Yuan Cheng*

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on May 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Woman ct29129
Jay M. Wolman