**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM) |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S
RESPONSE TO MEI GUO'S MOTION FOR A PROTECTIVE ORDER**

Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") respectfully submits this response to Mei Guo's ("Ms. Guo") motion for a protective order (the "Motion") establishing the means by which PAX may conduct the May 16, 2022, depositions of Ms. Guo and Hong Kong International Funds Investments (USA) Limited, LLC ("HKI Delaware") in connection with PAX's Motion to Dismiss Chapter 11 Case or, In the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee (the "Motion to Dismiss") (ECF No. 183).

**BACKGROUND**

1. PAX sued the Debtor, Miles Kwok ("Kwok") in April 2017 in the Supreme Court of the State of New York – County of New York: Commercial Division (Justice Ostrager presiding) (the "New York Court"), asserting a breach-of-contract claim under Hong Kong law against Kwok (the "New York Action").[2] PAX won that breach-of-contract claim in September

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.
[2] *See* ECF No. 183, Ex. 4 (Amended Complaint, *PAX v. Kwok*, Case No. 22-01073-dsj (Bankr. S.D.N.Y.), ECF No. 3).

1

2020 and judgment was entered in February 2021.[3] Since then, PAX has been attempting to collect against Kwok by focusing principally on two assets: a New York City penthouse apartment in the Sherry-Netherland Hotel that Kwok owns through shell companies (the "Residence") and a luxury yacht called the "Lady May."

2. Hong Kong Investments Limited ("HK International Hong Kong") purchased the Lady May for €28 million in February 2015. HK International Hong Kong is a Hong Kong company that Kwok set up and funded in 2006, before transferring it in late 2014 with a family business associate for no consideration just before being criminally charged and fleeing Asia.[4] In June 2017, the business associate transferred HK International Hong Kong to Kwok's daughter, Mei Guo, for $1.[5] Subsequently, Ms. Guo established HKI Delaware, a Delaware LLC, and transferred title to the Lady May to that Delaware shell entity, once again for no consideration.[6]

3. On September 30, 2020, the New York Court entered a temporary restraining order preventing Kwok from, among other things, "interference with any property in which he has an interest."[7] On October 15, 2020 the New York Court permanently (i) "restrained [Kwok] from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, whether directly or indirectly, and from paying over or otherwise disposing of any debt now due or thereafter coming due to him . . . "; and (ii) specifically restrained "Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry-Netherland

---

[3] *See* ECF No. 183, Ex. 1 (February 3, 2021 Judgment, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), ECF No. 716).
[4] *See* ECF No. 183, Ex. 2 ("Final Contempt Order") at 4.
[5] *Id.*
[6] *Id.*
[7] *See* ECF No. 183, Ex. 22 (Decision & Order on Motion, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), ECF No. 591).

Hotel and (2) the yacht, 'the Lady May' . . . from making or causing any sale, assignment, transfer, or interference with those assets."[8]

4. Despite the New York Court's orders restraining Kwok and/or the registered owners of the Lady May from removing the yacht from the court's jurisdiction, Kwok allowed the Lady May to flee New York on or around October 9, 2021.[9]

5. After a series of appeals on PAX's for contempt, the New York Court held an evidentiary hearing held on February 2, 2022 concerning the ownership of the Lady May, where the New York Court heard testimony from seven witnesses, including Ms. Guo, the purported owner of the Lady May.[10]

6. In advance of that hearing, counsel for HKI Delaware and Ms. Guo sought PAX's permission to seal the virtual courtroom during her testimony.[11] PAX did not oppose, and the Court granted that request.[12] On the day after the hearing, counsel for Kwok filed a request that the transcript remain under seal.[13] Again, PAX did not oppose that request.[14] The New York Court denied that request, ordering that the transcript be filed on the docket and explaining that "Ms. Guo's whereabouts were not disclosed during the contempt trial" and there was "no basis [for sealing] other than counsel's request."[15]

---

[8] ECF No. 183, Ex. 23 (Decision & Order on Motion at 1, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), ECF No. 630).
[9] No. 183, Ex. 36 (Decision & Order of Conditional Contempt at 2, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), ECF No. 728).
[10] No. 183, Ex. 38 (Third Interim Decision + Order on Conditional Contempt, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), ECF No. 1098).
[11] Harbach Decl. (attached hereto as Exhibit A), Ex. 2, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), ECF 1170 (Jan. 31, 2022).
[12] *Id.* at 1-2.
[13] Harbach Decl., Ex. 3, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), ECF No. 1173 (Feb. 3, 2022).
[14] *Id.*
[15] Harbach Decl., Ex. 4, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), ECF No. 1174 (Feb. 4, 2022).

7. At the February 2 hearing, Ms. Guo testified that her brother, Qiang Guo, bought the Lady May for her, but there was no evidence in the record that Mr. Guo was involved in any of the transactions leading to Ms. Guo's acquisition of title to the Lady May.[16]

8. On February 9, 2022, the New York Court issued a final Order of Civil Contempt (the "Yacht Contempt Order").[17] The New York Court found, among other things, that "Kwok exercised dominion and control over [] the Lady May"[18] and that "[t]he testimony adduced at the hearing out of the mouths of defendants' witnesses clearly and convincingly demonstrated that Kwok beneficially owns and controls the Lady May and has utter contempt for this Court and the judicial process."[19] In its findings, the New York Court cited multiple credibility issues with Ms. Guo's testimony.[20] The New York Court specifically discredited Ms. Guo's contention that her brother bought the Lady May for her, and held that "Ms. Guo appears to be a woman in her twenties, has introduced no evidence that she exercised dominion and control of the Lady May, and provided no confirmation that she came into possession of the Lady May, other than as a ruse to shield the Lady May from being levied upon by her father's creditors."[21]

9. Shortly thereafter, Mr. Kwok filed for voluntary bankruptcy on February 15, 2022. Notwithstanding the Yacht Contempt Order, Kwok continues to maintain that the Lady May is owned by Ms. Guo.[22]

---

[16] Final Contempt Order at 5.
[17] *Id.* at 1.
[18] *Id.* at 2.
[19] *Id.* at 4.
[20] *Id.* at 5, 6-7.
[21] *Id.* at 6-7.
[22] For example, Kwok's notice of removal of the New York Action provides that "[t]he New York State Court has issued orders that contain factual findings with respect to these issues, including determining that the most relevant purported asset (the Lady May yacht) is within Mr. Kwok's beneficial ownership"—and invites this Court to "[re-]determine what is (or is not) property of the estate." Harbach Decl., Ex. 5, Notice of Removal at ¶ 7 n.1, *PAX v. Kwok*, No. 1:22-cv-02258-MKV (S.D.N.Y.), ECF No. 1.

10. On March 18, 2022, PAX filed a Motion for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code ("Stay Motion").[23] PAX filed the Stay Motion to "to ensure that [the Lady May,] a valuable estate asset is brought to New York where it can be protected for the benefit of Kwok's creditors subject to further order of the Court."[24]

11. Thereafter, the parties submitted a Stipulated Order Compelling HKI Delaware to Transport and Deliver That Certain Yacht arrangement, whereby HKI Delaware posts a $37 million bond pending the return of the Lady May.[25]

12. On April 6, 2022, PAX filed its Motion to Dismiss, which will be heard on May 25, 2022. In connection with its Motion to Dismiss, PAX served discovery on several parties, including HKI Delaware and Ms. Guo.

13. Ms. Guo sought accommodations for her May 16, 2022 deposition. The parties met and conferred on May 5 and May 6, 2022. In connection with those efforts, the parties already agreed to certain conditions, including that Ms. Guo be permitted to use a personal translator as a secondary translator. PAX offered certain additional accommodations as reflected in the parties' correspondence,[26] but asked that Ms. Guo appear on video during the deposition so that she could be seen by counsel to PAX.[27] PAX invited Ms. Guo to seek similar accommodations from other participating parties, including the Office of the United States Trustee and the Official Committee of Unsecured Creditors.[28]

---

[23] *See* ECF No. 57, PAX's Stay Motion.
[24] *See* EFF No. 93, PAX's Reply in Support of its Stay Motion, at 2.
[25] *See generally* ECF No. 299, Stipulated Order.
[26] Harbach Decl., Ex. 1 at 1.
[27] *Id.*
[28] *Id.*

## ARGUMENT

14. PAX will consent to much of the relief requested in the Motion, but PAX will not consent to the relief sought in Paragraphs 40c, 40d, and 40f because the relief sought does not align with the alleged security concerns expressed in the Motion.

15. During the meet and confer correspondence, to its recollection, PAX was never asked whether it would consent to Ms. Guo's request that her physical location not be disclosed on the record.[29] PAX would have consented to this request. If her physical location is not disclosed, Ms. Guo has not identified any connection between the concerns identified in the Motion and the participants to the deposition. As the New York Court held, if "Ms Guo's whereabouts [are] not disclosed," there is no basis for sealing, "other than counsel's request."[30]

16. Depositions are not broadcast live or otherwise publicly available. Subject to the terms of a valid protective order, members of the public do not have access to audio or video recordings or to transcripts. This is not a situation where the witness is testifying in live court and is at risk of legitimate retaliation threats. *Cf. People v. Jones*, 96 N.Y.2d 213, 214–15, 750 N.E.2d 524, 525 (2001) ("When the People can establish an overriding interest that open-court testimony by an undercover officer would jeopardize the officer's safety, the Trial Judge may close the courtroom during the testimony of that witness."). Moreover, Ms. Guo's participation in these proceedings is already public. The transcript of her testimony from the February 2, 2022 hearing is publicly available, and the filing of the Motion shines a further light on her participation, including by identifying the date and time of her deposition.

---

[29] *See* Motion at ¶ 40e.
[30] Harbach Decl., Ex. 4.

6

17. Ms. Guo has offered no reason why the participating parties to the deposition would be unable or unwilling to follow standard confidentiality protocols, as attorneys do in every case.

18. As offered during the meet and confers,[31] PAX continues to offer the following conditions, as modified below:

19. *Paragraph 40a.* PAX will conduct the deposition by remote means using a court reporter and deposition technology of any well-established industry vendor of Ms. Guo's choice, at PAX's cost. A vendor is necessary to facilitate exhibit sharing and to create a proper record. Without a vendor, PAX does not have the appropriate technology or logistics services to conduct the deposition.

20. *Paragraph 40c and d.* Ms. Guo will appear on video so she can be seen by the questioning party during the swearing-in and throughout the entire deposition. A face-to-face deposition will allow the examiner to evaluate Ms. Guo's credibility and to assess whether her testimony is affected by any persons or circumstances in the background. *See, e.g.*, *Ayala v. Speckard*, 131 F.3d 62, 71 (2d Cir. 1997) ("Disguising the witness risks lessening the jury's opportunity to observe the witness's demeanor and assess credibility."). This condition is critical given the New York Court's findings regarding her credibility.[32]

21. *Paragraph 40f.* Ms. Guo's and HKI Delaware's deposition will be recorded by the vendor by stenographic, video, and audio means. PAX previously offered to record the deposition only by audio, but given the posture of these cases, including Kwok's previous authenticity challenges[33] and Ms. Guo's counsel's apparent unwillingness to agree that Ms. Guo

---

[31] Harbach Decl., Ex. 1.
[32] Final Contempt Order at 5, 6-7.
[33] *E.g.*, Harbach Decl., Ex. 6, *PAX v. Kwok*, Index No. 652077/2017, (N.Y. Sup. Ct.), Dkt. 1178 (Feb. 4, 2022), at 12.

will appear live in court at the hearing on the Motion to Dismiss, PAX has no choice but to request that the deposition be video recorded.

## **CONCLUSION**

For these reasons, PAX respectfully requests that the Court grant the relief in the Motion as amended herein, including the proposed order attached hereto as Exhibit B, and order such further relief as the Court deems just and proper.

[*Signature on Following Page*]

Dated: May 12, 2022
Hartford, Connecticut

**Pacific Alliance Asia Opportunity Fund L.P.**

*By: /s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
         asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
Laura S. Aronsson (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
       ssarnoff@omm.com
       laronsson@omm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney