# **<u>EXHIBIT A</u>**

Harbach Declaration

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| In re: | Chapter 11 Case No. |
|---|---|
| HO WAN KWOK[1] | 22-50073 (JAM) |
| Debtor. | May 12, 2022 |

**DECLARATION OF DAVID HARBACH IN SUPPORT OF**
**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S RESPONSE TO MEI GUO'S**
**MOTION FOR A PROTECTIVE ORDER**

I, David Harbach, declare:

1.      I am an attorney admitted to practice law in the State of Texas and am a partner at the law firm of O'Melveny & Myers, 1625 Eye Street, NW, Washington, DC 20006, counsel for Pacific Alliance Asia Opportunity Fund L.P. ("PAX").  I respectfully submit this Declaration in support of PAX's Response to Mei Guo's Motion for a Protective Order.

2.      In a good faith effort to reach agreement on the means by which PAX would conduct the May 16, 2022 depositions of Mei Guo and Hong Kong International Investments (USA) LLC ("HKI Delaware") or at least narrow the issues presented to the Court, on May 5, 2022 and May 6, 2022, PAX conferred via telephone with Aaron Romney.

3.      Attached as Exhibit 1 is a true and correct copy of a May 5, 2022 email chain between Laura Aronsson, Aaron Romney, Stephen Kindseth, Peter Friedman, Aisling Murray, David Harbach, Makenzie Russo, Patrick Birney, Annecca Smith, and Stuart Sarnoff RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.).

4.      Attached as Exhibit 2 is a true and correct copy of a January 31, 2022 Letter from

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

Lee Vartan to Hon. Barry R. Ostrager, New York State Supreme Court, Commercial Division

filed in *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), Dkt. No. 1170.

5.      Attached as Exhibit 3 is a true and correct copy of a February 3, 2022 Letter from

John Siegal to Hon. Barry R. Ostrager, New York State Supreme Court, Commercial Division

filed in *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), Dkt. No. 1173.

6.      Attached as Exhibit 4 is a true and correct copy of a February 4, 2022 Order in

*PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), Dkt. No. 1174.

7.      Attached as Exhibit 5 is a true and correct copy of a March 18, 2022 Notice of

Removal filed in *PAX v. Kwok*, No. 1:22-cv-02258-MKV (S.D.N.Y.), Dkt. No. 1.

8.      Attached as Exhibit 6 is a true and correct copy of Kwok's February 7, 2022 Post-

Hearing Memorandum in Opposition to PAX's Contempt Motion filed in *PAX v. Kwok*, Index

No. 652077/2017 (N.Y. Sup. Ct.), Dkt. No. 1178.

Dated: May 12, 2022
Henrico, Virginia

Respectfully submitted,

*/s/ David Harbach*
David Harbach
dharbach@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

*Attorney for Pacific Alliance Asia
Opportunity Fund L.P.*

# EXHIBIT 1

**Aronsson, Laura S.**

| | |
|---|---|
| **From:** | Aronsson, Laura S. |
| **Sent:** | Thursday, May 5, 2022 11:36 PM |
| **To:** | 'Aaron A. Romney'; Friedman, Peter |
| **Cc:** | Murray, Aisling; 'Stephen Kindseth'; Harbach, David; Russo, Makenzie B.; 'Birney, Patrick M.'; 'Smith, Annecca H.'; Sarnoff, Stuart M. |
| **Subject:** | RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.) |

Hi Aaron,

Thank you for the call this morning.  To memorialize our conversation, you noted that you anticipate substantial completion of document production by tomorrow or Monday.  Either is fine on our end.  You explained that although HKI does not intend to assert privilege over communications involving the Debtor, Brown Rudnick, or the firm representing Golden Spring, HKI does intend to assert privilege over communications with Aaron Mitchell concerning HKI's retention of Zeisler.  You noted that Aaron Mitchell represents both HKI and Mei Guo in her personal capacity.  We just ask that you produce a simple categorical privilege log that contains information about the nature of the withheld documents and communications, including the people involved in the documents or communications, the applicable dates, the document types, and the claim to privilege.

We also talked about accommodations for the May 16 deposition of Ms. Guo.  We hope that we can come to a mutual set of procedures that work for you and your client.  As discussed, PAX proposes the following.

- We will use a well-established industry vendor of your choice.  We have used Transperfect and Veritext in the past, so we recommend one of those.  Again, I'm happy to provide you with contact information for these vendors so that you can probe the technology.
- Mei appears on video at all times to the questioning attorney and all O'Melveny attendees.
- The rest of the participants to the deposition dial into the deposition, so they have no access to video.  As discussed, you would have to talk to the US Trustee and the Committee to confirm they will agree to this condition.
- The deposition is audio recorded, but not video recorded.  We will agree to this condition provided that you will confirm that Ms. Guo will appear live at the May 25-26 hearing on PAX's motion to dismiss.

Thanks,
Laura


Laura S. Aronsson
O: +1-212-728-5841
M: ███████████
laronsson@omm.com

---

**From:** Aronsson, Laura S.
**Sent:** Thursday, May 5, 2022 1:44 PM
**To:** 'Aaron A. Romney' <aromney@zeislaw.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

2:15 works.  I will call you then.

Laura S. Aronsson
O: +1-212-728-5841
M: +█████████████
laronsson@omm.com

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, May 5, 2022 1:26 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

[EXTERNAL MESSAGE]

215 work for you?  If so, please call my direct, 203-368-5473 or please send a dial in if it's more than just us.  thanks

---

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Thursday, May 5, 2022 12:43 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

I am flexible this afternoon, so let me know what time is best for you and I will make it work on my end.

Laura S. Aronsson
O: +1-212-728-5841
M: +█████████████
laronsson@omm.com

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, May 5, 2022 12:41 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

[EXTERNAL MESSAGE]

I'm jammed up on an unrelated matter.  What time(s) work for you this afternoon?

---

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Thursday, May 5, 2022 12:34 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Aaron,

I am still available today to discuss deposition logistics. I am happy to provide you with contact information for two established deposition vendors, Veritext and Transperfect. You can then select which one works for you and your client. But we cannot proceed with the deposition without using appropriate deposition software that allows for recording and exhibit share.

As for attendees, I can tell you that for PAX, the attendees will include some combination of the folks on this email chain. I do not know who, if anyone, will attend for the Committee, the Debtor, and the US Trustee. To the extent you do not have contact information for these entities, I can provide it.

Thanks,
Laura

Laura S. Aronsson
O: +1-212-728-5841
M: +███████████
laronsson@omm.com

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Wednesday, May 4, 2022 10:02 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

[EXTERNAL MESSAGE]

I am happy to speak at 11am tomorrow. However, at minimum we cannot agree to any software until we know who owns it. For example, Zoom is a platform known not to be secure and we cannot agree to that.

I'm happy to speak at 11am to discuss your positions below or I can circle back once I've discussed them with HKI/Mei and may be able to speak about them more intelligently.

To be clear, we are willing to present Mei (individually and as a rep for HKI) at 10am on 5/16 but if we can't agree on the reasonable parameters we will have to seek judicial intervention. We also cannot possibly obtain consent from various parties in interest on parameters until we know who those parties are.

Please let me know if you want to speak at 11am in hopes of narrowing these issues or if you prefer to wait until I've had an opportunity to discuss your position with out client.

---

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Wednesday, May 4, 2022 9:45 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>; Birney, Patrick M. <pbirney@rc.com>; Smith, Annecca H. <ASmith@rc.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Aaron,

I am available to discuss logistics for the Mei Guo deposition tomorrow and 11am works.  Here are our responses to your questions:

- PAX will hire a neutral interpreter from the deposition vendor.
- We cannot agree that the witness will turn off her camera once the court reporter has verified her identity in a private virtual room.  The witness must be on video for questioning.
- We plan to use the vendor's video software.  I am happy to connect you to someone at the vendor so that you can understand the technology used.  But we cannot proceed with the deposition without using appropriate deposition software through our vendor.
- Finally, we have no issue with you reserving the right to limit delivery of the transcript to a smaller audience until you can seek court approval, but obviously you will need to seek consent from the other parties involved in the deposition.

Thanks,
Laura


Laura S. Aronsson
O: +1-212-728-5841
M: ████████████
laronsson@omm.com

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Wednesday, May 4, 2022 4:18 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)


[EXTERNAL MESSAGE]

Yes, Mei will be the 30(b)(6) representative.

Are you available sometime tomorrow to discuss some logistical issues related to the deposition?  As of now I'm free after 1030am other than a meeting from 3-5pm.  For the sake of being prepared or possibly addressing everything via email if that's just as easy:

-we will need an interpreter for Mei.  My understanding is that Mei can arrange for one on her own who is certified to interpret in the context of judicial proceedings, but we want to make sure there's no objection to doing so from your end.

-we would like to discuss measures to ensure Mei's safety/privacy, which is complicated by the fact that there will likely be parties present in addition to us.  Among them we request that (i) the remote means be facilitated through MS Teams or WebEx rather than Zoom; (ii) Mei be permitted to turn off her camera once a reporter has verified her identity in a private virtual room; and (iii) that we be permitted to reserve the right to limit delivery of the transcript to a small group of attorney's eyes only until/unless we consent to a wider audience or we are provided a reasonable time to seek judicial intervention on the issue.

To the extent these requests raise any concerns, hopefully we can figure out a way to address those concerns in a manner that does not infringe upon Mei's safety or privacy concerns.

Thanks

---

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Wednesday, May 4, 2022 2:48 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Aaron,

We served both a 30(b)(6) deposition notice and an individual notice on Mei Guo. Can you please confirm whether Mei Guo is the 30(b)(6) representative for HKI or will there be a separate 30(b)(6) deposition of HKI?

Thank you,
Laura


Laura S. Aronsson
O: +1-212-728-5841
M: +█████████████
laronsson@omm.com

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Tuesday, May 3, 2022 4:50 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)


[EXTERNAL MESSAGE]

The date works for us and Mei. I will confirm with Debtor's counsel.

Mei intends to appear by video so we are indifferent to the physical location.

---

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Tuesday, May 3, 2022 4:47 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

We will send a revised deposition notice with the confirmed date at 7 Times Square beginning at 10am ET. Please confirm this works.

We will alert the Committee counsel and the US Trustee of the deposition date.


Laura S. Aronsson
O: +1-212-728-5841
M: █████████████
laronsson@omm.com

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Tuesday, May 3, 2022 4:26 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

[EXTERNAL MESSAGE]

Thanks. Have you confirmed who else may be attending and that the 16th works for them?

As of now I believe I should be able to get you documents before the end of the week as discussed last week.

Can we speak later this week about protocols to protect Mei's safety/privacy during the depo?

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Tuesday, May 3, 2022 4:19 PM
**To:** Friedman, Peter <pfriedman@omm.com>; Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Confirmed for May 16. Thanks, Aaron.

Laura S. Aronsson
O: +1-212-728-5841
M: ████████████████
laronsson@omm.com

**From:** Friedman, Peter <pfriedman@omm.com>
**Sent:** Tuesday, May 3, 2022 4:18 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Aronsson, Laura S. <laronsson@omm.com>; Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** Re: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Thanks. Laura - pls confirm date.

202.383.5302 (office)
████████████████ (cell)

> On May 3, 2022, at 1:12 PM, Aaron A. Romney <aromney@zeislaw.com> wrote:

[EXTERNAL MESSAGE]

Peter-you may indicate HKI's consent to PAX's motion for an extension of time to respond to HKI's adversary complaint. 21 days after the court rules on the motion to dismiss is fine.

I plan to extend the same courtesy to Debtor's counsel as well.

Have you been able to confirm if 5/16 works for Mei's depo?

Thanks

**From:** Friedman, Peter <pfriedman@omm.com>
**Sent:** Tuesday, May 3, 2022 9:48 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Aronsson, Laura S. <laronsson@omm.com>; Murray, Aisling <amurray@omm.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** Re: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Thanks and we'll check.

202.383.5302 (office)
████████ (cell)

On May 3, 2022, at 6:44 AM, Aaron A. Romney <aromney@zeislaw.com> wrote:

[EXTERNAL MESSAGE]

Peter et al:  I have a call at 230 after which I should be able to get back to you on the extension in the adversary proceeding.

On a separate note, does 5/16 work on your end for Mei's/HKI's deposition?

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Thursday, April 28, 2022 3:04 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Murray, Aisling <amurray@omm.com>; Sandra Wenthen <swenthen@zeislaw.com>; Stephen Kindseth <SKindseth@zeislaw.com>
**Cc:** Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

I sent a dial in and an outlook invite.  Here it is again for easy reference:

Mobile Friendly: ████████████████

Laura S. Aronsson
O: +1-212-728-5841
M: ████████
laronsson@omm.com

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, April 28, 2022 2:58 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Murray, Aisling <amurray@omm.com>; Sandra Wenthen <swenthen@zeislaw.com>; Stephen Kindseth

<SKindseth@zeislaw.com>
**Cc:** Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>;
Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

[EXTERNAL MESSAGE]

No problem.  Do you want to call me or is there a dial in?

---

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Thursday, April 28, 2022 2:44 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Murray, Aisling <amurray@omm.com>;
Sandra Wenthen <swenthen@zeislaw.com>; Stephen Kindseth
<SKindseth@zeislaw.com>
**Cc:** Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>;
Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Thanks, Aaron.   I think it makes sense to touch base just preliminarily this
afternoon and we can agree to a reasonable timeline for production.

Laura S. Aronsson
O: +1-212-728-5841
M: +█████████
laronsson@omm.com

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, April 28, 2022 2:26 PM
**To:** Aronsson, Laura S. <laronsson@omm.com>; Murray, Aisling <amurray@omm.com>;
Sandra Wenthen <swenthen@zeislaw.com>; Stephen Kindseth
<SKindseth@zeislaw.com>
**Cc:** Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>;
Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

[EXTERNAL MESSAGE]

I'm happy to jump on the call today at 430 as discussed but it will be more productive to
speak after I've had a chance to get more info re witness availability, a better
understanding of the universe of responsive documents and a realistic timeline for
production.

I will try to get that info as soon as possible, which should be today or tomorrow.  In the
meantime, can we agree that Monday is not a realistic date for production and discuss
an alternate once I've received the info referenced above?

As I said, happy to be on the call if there is something else you would like to discuss but
at this point it may not be an efficient use of our time.

**From:** Aronsson, Laura S. <laronsson@omm.com>
**Sent:** Thursday, April 28, 2022 11:45 AM
**To:** Murray, Aisling <amurray@omm.com>; Aaron A. Romney <aromney@zeislaw.com>; Sandra Wenthen <swenthen@zeislaw.com>; Stephen Kindseth <SKindseth@zeislaw.com>
**Cc:** Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

All,

We are available today to meet and confer regarding the discovery served on Zeisler.  I am wide open between 2pm and 6pm ET.

Please let me know when you are available.

Thanks,
Laura


Laura S. Aronsson
O: +1-212-728-5841
M: ▮▮▮▮▮▮▮▮▮
laronsson@omm.com

**From:** Murray, Aisling <amurray@omm.com>
**Sent:** Monday, April 25, 2022 8:16 PM
**To:** aromney@zeislaw.com; swenthen@zeislaw.com; SKindseth@zeislaw.com
**Cc:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** RE: In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Counsel:

Please see attached subpoenas requesting the production of documents and noticing the deposition of Mei Guo. Please confirm you accept service.

Best,
Aisling


Aisling Murray
O: +1-212-728-5831
amurray@omm.com

**From:** Murray, Aisling
**Sent:** Friday, April 22, 2022 5:20 PM
**To:** 'aromney@zeislaw.com' <aromney@zeislaw.com>; 'swenthen@zeislaw.com' <swenthen@zeislaw.com>; 'SKindseth@zeislaw.com' <SKindseth@zeislaw.com>
**Cc:** Aronsson, Laura S. <laronsson@omm.com>; Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Subject:** In re Ho Wan Kwok, Case No. 22-50073 (Bankr. D. Conn.)

Counsel:

Please see attached requests for production of documents and deposition notice.

Best,
Aisling

## O'Melveny

**Aisling Murray**
Associate
amurray@omm.com
O: +1-212-728-5831

---

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY  10036
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

# EXHIBIT 2



**CHIESA SHAHINIAN & GIANTOMASI PC**

ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

csglaw.com

**LEE VARTAN**
lvartan@csglaw.com
(O) 973.530.2107
(F) 973.530.2307

January 31, 2022

**Via E-Filing**

Hon. Barry R. Ostrager, J.S.C.
New York State Supreme Court
New York County (Part 61)
60 Center Street, Room 629
New York, NY 10007

      **Re:**    *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok et al.*, **Index No. 652077/2017**

Dear Justice Ostrager:

      This firm represents non-parties HK International Funds Investments (USA) Limited, LLC and its sole member, Ms. Mei Guo.  Ms. Guo is the daughter of Defendant Kwok Ho Wan. She is slated to testify at Wednesday's evidentiary hearing.

      As Ms. Guo will testify to, she was twice detained by the Chinese Community Party ("CCP"), once for 10 days, and a second time for 40 days, during which she suffered physical and psychological torture.  Even though present in the United States and seeking political asylum here, she is not beyond the reach of the CCP and its agents.  Since arriving in the United States in May 2017, Ms. Guo has been the target of a concerted and coordinated attack on social media. Social media postings translated for me read, in sum and substance: "if someone is raping Mei Guo, please count me in"; "I will stop by Miles Kwok's building today to wait for Mei – come and join me, I will be there around 2 p.m."; and "if you don't rape Mei Guo tonight, you won't have food tomorrow."  These are just a few of the messages threatening horrific violence against Ms. Guo.

      Because of these continuing threats, Ms. Guo is incredibly circumspect in her personal life.  She almost never takes photographs of herself, and does not have any social media presence (although fake accounts in her name abound).  I have discussed Ms. Guo's real concerns about her safety with counsel for both parties.  Specifically, I asked counsel if they would consent to

---

**NEW JERSEY**                     **NEW YORK**

4861-0168-3468.v1

Justice Ostrager, J.S.C.
January 31, 2022
Page 2

the Court closing the virtual courtroom to all but the litigants and their counsel when Ms. Guo testifies at Wednesday's hearing.  The parties agreed.[1]

There is ample caselaw permitting the Court to close the courtroom where a witness's safety would be jeopardized by her public testimony.  This is true even in criminal cases where a defendant has a Sixth Amendment right to a public trial.  *See, e.g.*, *People v. Hinton*, 31 N.Y.2d 71, 75–76, 286 N.E.2d 265, 267 (1972) (recognizing the "inherent discretionary power of the trial court to close the courtroom" and noting that one of the "unusual circumstances" that necessitate closure is where a witness's public testimony would jeopardize the witness's life); *People v. Jones*, 96 N.Y.2d 213, 214–15, 750 N.E.2d 524, 525 (2001) ("When the People can establish an overriding interest that open-court testimony by an undercover officer would jeopardize the officer's safety, the Trial Judge may close the courtroom during the testimony of that witness.").

For the foregoing reasons, and with both parties' consent, we ask that Your Honor close the virtual courtroom to all but the litigants and their counsel during Ms. Guo's testimony and prevent any litigant or attorney from photographing or videotaping the screen during her testimony.


Respectfully submitted,

s/ Lee Vartan

LEE VARTAN

---

[1] Although Plaintiff consents to Ms. Guo's request to close the courtroom during her testimony, Plaintiff takes no position on the facts set forth in this letter.

# EXHIBIT 3

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

John Siegal
direct dial: 212.589.4245
jsiegal@bakerlaw.com

February 3, 2022

Hon. Barry Ostrager
Justice of the Supreme Court
Supreme Court of the State of New York
County of New York
60 Centre Street, Room 629
New York, NY 10007

Re:     *Pacific Alliance Asia Opportunity Fund. L.P. v. Kwok, et al. (Index No. 652077/2017)*

Dear Justice Ostrager:

I write on behalf of Defendant Kwok Ho Wan ("Mr. Kwok") in the above-captioned action to request that the Court maintain its sealing order (NYSCEF Doc. 1171) as applied to yesterday's evidentiary hearing and the transcript thereof until its determination of the motion.  As per discussions with Stuart Sarnoff, Esq., Plaintiff Pacific Alliance Opportunity Fund. L.P does not oppose this application.  .

Sincerely,

*/s/ John Siegal*
John Siegal

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Dallas    Denver    Houston
Los Angeles    New York    Orlando    Philadelphia    San Francisco    Seattle    Washington, DC    Wilmington

# EXHIBIT 4

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| PRESENT: | **HON. BARRY R. OSTRAGER** | PART | **IAS MOTION 61EFM** |
|---|---|---|---|
| | *Justice* | | |

------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                        Plaintiff,

               - v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER: HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

                      Defendants.

| **INDEX NO.** | 652077/2017 |
|---|---|
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | |

**ORDER -- OTHER**

------------------------------------------------------------------X

HON. BARRY R. OSTRAGER

      The Court held a hearing on February 2, 2022 to determine whether several conditional orders of contempt with accompanying monetary sanctions should, in accordance with the provisions of the CPLR, be confirmed as a permanent order of contempt. With the consent of the plaintiff movant, the Court denied access to the press during the testimony of Ms. Guo, the daughter of the defendant. The Court took this extraordinary step because Ms. Guo has asserted that she was previously detained and tortured by the Chinese Communist Party ("CCP") and has a concern for her safety if her whereabouts became known to the CCP while she seeks asylum in the United States. As reflected in the transcript of proceedings of February 2, 2022, there was no objection by the parties when the Court stated during and at the conclusion of the hearing that Ms Guo's whereabouts were not disclosed during the contempt trial and that the Court would therefore authorize the filing of a completely redacted transcript of the hearing on February 7, 2022 when the transcript is available. Counsel for Mr. Kwok Ho Wan has renewed his request that the testimony of Ms. Guo remain sealed for which there is no basis other than counsel's request.

Dated:  February 4, 2022

                                     _____
                                   BARRY R. OSTRAGER, J.S.C.

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., <br><br> Plaintiff, <br><br> vs. <br><br> KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER: HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION, <br><br> Defendants. | Civil Action No. |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**

**PLEASE TAKE NOTICE** that on this date, defendant Ho Wan Kwok ("Mr. Kwok") by and through his undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027, removing this entire action from the Supreme Court of the State of New York, New York County (the "New York State Court") to the United States District Court for the Southern District of New York (the "Court" or the "New York District Court"), the above-captioned case brought by plaintiff Pacific Alliance Asia Opportunity Fund L.P. (the "Plaintiff") in the New York State Court. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 1334(e).

In support of this Notice of Removal, Mr. Kwok states as follows:

1.      On April 18, 2017, Plaintiff filed a civil action numbered 652077/2017 (the "Action"). Numerous aspects of the Action are currently on appeal. At present, the Plaintiff in

the Action seeks to enforce an order to compel Mr. Kwok to move a boat (the "Lady May") that he is alleged to own or control into the jurisdiction of the State of New York, and to otherwise exercise control over purported assets of Mr. Kwok to satisfy a judgment. *See Motion of Pacific Alliance Asia Opportunity Fund L.P. For Entry of an Order Confirming The Inapplicability of the Automatic Stay Or, In The Alternative, Relief From The Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code*, Case No. 22-50073, Docket No. 57, at ¶ 12 (Bankr. D. Conn 2022) (noting that plaintiff is seeking in this Action the enforcement of an order "requiring the return of the Lady May to New York").

2.  On February 15, 2022 (the "Petition Date"), Mr. Kwok ("Mr. Kwok") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the District of Connecticut, Bridgeport Division (the "CT Bankruptcy Court"), and was assigned Case No. 22-50073 (JAM), (the "Chapter 11 Case").  Accordingly, the time for removal prescribed by 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(2) has not expired.

3.  Under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or action under § 1334 of this Title[.]"

4.  Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that "aris[e] under title 11, or aris[e] in or [are] related to cases under title 11" of the United States Code, the Bankruptcy Code.

5.  As of the filing of the Chapter 11 Case, the CT Bankruptcy Court has "exclusive jurisdiction" over "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]"  28 U.S.C. § 1334(e)  Accordingly, the Civil Action presently impinges on the exclusive jurisdiction of the CT Bankruptcy Court to determine what is

2

(or is not) property of the estate, and to exercise jurisdiction over such property.  *See In re AE Liquidation, Inc.*, 435 B.R. 894, 904 (Bankr. D. Del. 2010) (determination whether property is property of the estate falls within the bankruptcy court's exclusive jurisdiction); *In re 245 Assocs., LLC*, 188 B.R. 743, 749 fn. 6 (Bankr. S.D.N.Y. 1995), corrected (Nov. 9, 1995) ("The commencement of the bankruptcy case vests the district court with exclusive jurisdiction over property of the debtor and the estate.").

6.      Accordingly, as of the filing of the Chapter 11 Case, any action seeking to determine what is (or is not) the property of Mr. Kwok or his estate is governed by 11 U.S.C. § 541 and, thus, the Action is an action "arising in" the Chapter 11 Case.

7.       This case also is "related to" the Chapter 11 Case because it has a close nexus to the bankruptcy proceedings and seeks to determine issues regarding Mr. Kwok's ownership and/or control (or lack thereof) of property and to exercise control over certain assets that are alleged to be within his ownership or control,[1] as well as actions he is alleged to have taken with respect to his creditors.

8.      The Supreme Court of the State of New York, New York County is within the Southern District of New York, and accordingly removal to the Southern District of New York is proper pursuant to 28 U.S.C. § 1452(a).  Following removal, Mr. Kwok anticipates seeking to transfer venue to the District of Connecticut and referral to the Bankruptcy Court for the District of Connecticut based on the ongoing Chapter 11 Case, rather than seeking referral to a bankruptcy court in the Southern District of New York.

---

[1]    The New York State Court has issued orders that contain factual findings with respect to these issues, including determining that the most relevant purported asset (the Lady May yacht) is within Mr. Kwok's beneficial ownership.  That finding is on appeal and Mr. Kwok does not waive his objections to that factual finding or any others that are on appeal.

9.       Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(c), a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, New York County, and a copy of this Notice of Removal will be served upon counsel for the Plaintiff.

10.      Pursuant to Fed. R. Bankr. P. 9027(a)(1), Mr. Kwok consents to the entry of a final order by the Bankruptcy Court with respect to any non-core claim within the meaning of 28 U.S.C. § 157(b)(2).

**WHEREFORE**, Mr. Kwok removes the entire action now pending in the Supreme Court of New York, New York County to this Court.

Dated:  March 18, 2022

**BROWN RUDNICK LLP**

By: */s/ William R. Baldiga*
William R. Baldiga, Esq.
Bennett S. Silverberg, Esq.
Uriel Pinelo, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
Email: bsilverberg@brownrudnick.com
Email: upinelo@brownrudnick.com

*Proposed Counsel for Ho Wan Kwok, Debtor*

# EXHIBIT 6

FILED: NEW YORK COUNTY CLERK 02/07/2022 09:48 AM INDEX NO. 652077/2017

NYSCEF DOC. NO. 1178    Case 22-50073   Doc 349-1   Filed 05/12/22   Entered 05/12/22 08:22:01   Page 28 of    RECEIVED NYSCEF: 02/07/2022
46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

                          Plaintiff,

          vs.

KWOK HO WAN, et al.,

                          Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

Part 61

Mot. Seq. 019

## DEFENDANT MR. KWOK HO WAN'S POST-HEARING
## MEMORANDUM IN OPPOSITION TO A FINAL ORDER OF CONTEMPT

**BAKER & HOSTETLER LLP**

John Siegal
Melissa Carvalho
Tracy Cole
Erica Barrow
45 Rockefeller Plaza
New York, New York 10111
212-589-1400
jsiegal@bakerlaw.com
tcole@bakerlaw.com
mcarvalho@bakerlaw.com
ebarrow@bakerlaw.com

*Attorneys for Defendant Kwok Ho Wan*

# TABLE OF CONTENTS

Page

I.   THE RECORD ESTABLISHES THAT MR. KWOK HAS NEVER OWNED THE *LADY MAY*.................................................................................................. 4

II.  PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF THAT MR. KWOK CONTROLS THE *LADY MAY* ........................................................... 5

    A.   The Relevant Standard Is Control, Not A Beneficial Interest, And Plaintiff Meets Neither................................................................................... 5

    B.   Ms. Mei Guo's Testimony That Her Brother And Not Her Father Gifted And Funds The Lady Mei Is Unrebutted ........................................................ 7

    C.   There Is No Evidence That Mr. Kwok Controlled Any Movements Of The *Lady May* At Any Time During The Period Of Alleged Contempt ...................... 8

        1.   The Evidence Proffered At The Hearing Is Insufficient To Show Control ..................................................................................... 8

        2.   Miles Kwok Is Not A Missing Witness On Control So No Adverse Inference Can Be Imposed.......................................................... 10

    D.   Evidence That Mr. Kwok Used And Directed Local Movements Of The *Lady May* Prior To The Period Of Alleged Contempt Are Insufficient To Establish That He Controls The Asset..................................................................... 10

III. THIS COURT SHOULD EXCLUDE THE PHOTOGRAPHS AND SOCIAL MEDIA POSTINGS OFFERED BY PLAINTIFF ............................................. 11

    A.   All Of Plaintiff's Proffered Evidence Is Outside The Relevant Time Frame And Has No Probative Value....................................................................... 11

    B.   Plaintiff's Evidence Pre-Dates March 15, 2021 .................................................... 11

    C.   Plaintiff's Proffered Evidence Is Inadmissible .................................................... 12

    D.   Plaintiff's Proffered Evidence Cannot Be Authenticated, As Conceded By Plaintiff's Own Witness...................................................................... 12

    E.   Plaintiff's Proffered Evidence Amounts To Circumstantial Puffery.................... 13

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AV By Versace, Inc. v. Gianni Versace S.P.A*,
    279 F. Supp. 2d 341 (S.D.N.Y. 2003)........................................................6

*Blanchard v. Lifegear*,
    45 A.D.3d 1258 (2d Dep't 2007).........................................................12

*Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.*,
    62 Misc. 3d 1208(A) (N.Y. Sup. Ct., NY Cty 2018.).............................7

*Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Com.*,
    21 N.Y.3d 55 (2013)............................................................................6

*DeBonis v. Corbisiero*,
    155 A.D.2d 299 (1st Dep't 1989)........................................................13

*Douglas v. Kingston Income Partners %2C87*,
    2 A.D.3d 1079 (3d Dep't 2003)...........................................................10

*Gliklad v. Chernoi*,
    129 A.D.3d 604 (1st Dep't 2015).........................................................7

*Matter of Joan Moran Tr.*,
    166 A.D.3d 1176 (3d Dep't 2018).......................................................10

*Lisogor v. Nature's Delight, Inc.*,
    189 A.D.3d 1386 (2d Dep't 2020)........................................................6

*Penn-Dixie Indus., Inc. v. Castle*,
    77 A.D.2d 844 (1st Dep't 1980)...........................................................6

*People v. Hemrie*,
    252 A.D.2d 593 (2d Dep't 1998)........................................................10

*People v. Price*,
    29 N.Y.3d 472 (2017)...................................................................12, 13

*People v. Primo*,
    96 N.Y.2d 351 (2001).........................................................................13

*Peterson v. Islamic Republic of Iran*,
    2013 WL 1155576 (S.D.N.Y. Mar. 13, 2013)......................................7

ii

*Reich v. Mitrani Plasterers Co.*,
    268 A.D.2d 256 (1st Dep't 2000) ..........................................................................................13

*St. Owner, L.P. v. Novog*,
    *31 Misc. 3d 680, 921 N.Y.S.2d 814 (Civ. Ct., NY Cty 2011)* ....................................................13

Case 22-50073   Doc 349-1   Filed 05/12/22   Entered 05/12/22 08:22:01   Page 32 of 46

## PRELIMINARY STATEMENT

On Plaintiff's initial contempt motion, this Court found that Plaintiff had not met its burden to establish contempt with the evidence previously proffered to this Court, stating "I don't believe that [Plaintiff] has met . . . [its] burden on the record that's presently before the Court for a final court order of civil contempt, because there is an issue about the ownership of the ship." (NYSCEF Doc. 898, Tr. 13: 2–8, July 21, 2021 ). The Appellate Division agreed, remanding the matter for this Court to conduct an "evidentiary hearing to resolve a dispute as to ownership and control of the yacht." Order on Plaintiff's Motion for A Final Order of Contempt, Appellate Division, First Department, November 4, 2021, (NYSCEF Doc. 953).

As detailed below, the hearing, held on February 2, 2022, established that:

(1) Mr. Kwok does not own—and has never owned—the *Lady May*.

(2) At all times since Mei Guo escaped China in June 2017, she has both owned and controlled her namesake boat, the *Lady May*.

(3) Qiang Guo ("Mileson Guo"), Ms. Guo's brother and Mr. Kwok's son, gifted the yacht to his sister and pays for its upkeep through the family's family office entities, which it is undisputed he owns. Plaintiff made no attempt to try to show that Mileson Guo's actions should be ascribed to the father when the son has a widely-known business life of his own. Thus, there is no basis on which this Court can treat those entities as alter egos and, in effect, pierce the corporate veil.

(4) There is no evidence that the Defendant Mr. Kwok has been aboard the *Lady May* or had anything to do with its whereabouts at any time since before either this Court's first restraining order referencing the *Lady May* or the subsequent conditional contempt order directing the vessel's return to New York.

(5) The affirmative evidence that Plaintiff attempted to introduce—most of which is

inadmissible, unauthenticated hearsay—establishes only the always undisputed fact that during the several year period prior to this Court's orders affecting the *Lady May*, Mr. Kwok was often aboard the vessel as a specifically authorized guest of Ms. Mei Guo's but without authority to relocate the vessel beyond local movements during his use and enjoyment of it.

None of this meets Plaintiff's burden of establishing through *clear and convincing evidence* that Mr. Kwok owns and controls the *Lady May*, which is required before there is a basis for imposing a final order of contempt. Therefore, as detailed below and in the hearing record, Plaintiff's motion for a final order of contempt must be denied.[1]

## PROPOSED FINDINGS OF FACT

The record evidence establishes the following facts:

1.     On February 26, 2015, the *Lady May* was purchased by Hong Kong International Funds Investments Limited ("HKI HK"), the sole member of which was Ms. Qu Guojiao. (NYSCEF Doc. 1162 at ¶8; Plaintiff's Ex. 16).

2.     Ms. Qu was a business partner of Ms. Guo's brother. (NYSCEF Doc. 1162), and Ms. Guo testified that her brother purchased the *Lady May* for her. (H'rg Tr. 44: 4-17, Feb. 2, 2021 [Hereinafter "Tr."]).

3.     There is no evidence in the record that Mr. Kwok funded the purchase of the Lady May and Mei Guo testified that he did not. (*Id.*).

4.     On June 27, 2017, after Ms. Guo escaped China, Ms. Qu transferred the shares of HKI HK and resulting ownership of the *Lady May* to Ms. Guo. (NYSCEF Doc. 1162 at ¶10;

---

[1] In the event that the Court disagrees and is inclined to enter a final order of contempt, Mr. Kwok maintains that the contempt penalty set forth in the conditional order of contempt constitutes an unlawful and unconstitutional excessive penalty, tantamount to a criminal order, that exceeds the Court's authority and is disproportionate to precedent in this State's jurisprudence. (*See* Mr. Kwok's Pre-Hearing Memorandum In Opposition To A Final Order Of Contempt, Point III, NYSCEF Doc. 1166).

2

Plaintiff's Exhibit 16).

5.      Mr. Kwok was videotaped on the *Lady May*, on a video that was uploaded to

YouTube in 2019.

5.      On April 17, 2020, Ms. Guo transferred ownership of the *Lady May* from HKI

HK to HK International Funds Investments (USA) Limited, LLC ("HK USA"). (NYSCEF Doc.

1162 at ¶11; Plaintiff's 16).  Ms. Guo is likewise the sole owner of HK USA.  (JX- 3).

6.      The costs of maintaining and operating the vessel have been paid through the

family's family office, Golden Spring (New York) Ltd. ("Golden Spring") (NYSCEF Doc. 1162

at ¶13).  Ms. Guo testified that Golden Spring is owned by her brother, Mileson Guo.  (Tr. 56:13-

15.) That testimony is unrebutted.  Ms. Guo further testified that she understands that the

payments for the upkeep of the *Lady May* have been made at her brother's behest, included as

part of his gift of the boat. (Tr. 56:16-19.)

7.      Mr. Kwok was present on the *Lady May* during the summer of 2020, as a guest of

Ms. Guo and with her permission.

7.      The *Lady May* sailed from New York in early October 2020.  Plaintiff suggested

it was October 9, 2020, but the Captain recalls it was the first week of October 2020.  NYSCEF

Doc. 1158 at ¶16. Regardless, it is undisputed that the boat left New York before the October 15,

2020 order restraining "Mr. Kwok and/or the registered owners of . . . the yacht, 'the *Lady May*' .

. . from making or causing any sale, assignment, transfer, or interference with those assets."

(NYSCEF Doc. 630; NYSCEF Doc. 1162 at ¶14; NYSCEF Doc. 1158 at ¶16.)

8.      It was the usual practice of the *Lady May* to leave New York for warmer waters at

the end of the summer season. (NYSCEF Doc. 1158 at ¶14.)

9.      No evidence was adduced at the hearing to suggest that Mr. Kwok was involved

Case 22-50073    Doc 349-1    Filed 05/12/22    Entered 05/12/22 08:22:01    Page 35 of 46

in directing the *Lady May* to leave New York in October 2020. (Tr. 53:14- 55:10.)  Ms. Guo

directed the  boat's captain, via Golden Spring, to relocate the *Lady May* for the winter season.

(NYSCF Doc. 1162 at 14.)

10.     The *Lady May* was out of commission on dry dock for repair for about five

months, from on or about January 2021 until May 2021. (Tr. 91: 18-92:9).

11.     This Court issued the conditional contempt order on March 15, 2021

("Conditional Contempt Order"), ordering Mr. Kwok specifically to return the *Lady May* to New

York. (NYSCEF Doc. 728).

12.     Ms. Guo first learned of the orders pertaining to the *Lady May* in early 2021

through her counsel. (NYSCEF Doc. 1162 at ¶20; Tr.59: 5-9; 63: 3-8).

13.     After the vessel's repairs were complete, Ms. Guo conferred with counsel and

instructed that the *Lady May* sail to Europe, as had been originally planned. (NYSCEF Doc.

1162 at ¶16).

14.     Ms. Guo's testimony that she made the decision not to return the *Lady May* to

New York, and that Mr. Kwok was not involved in that decision (*Id*. at ¶20), is unrebutted.

15.     Plaintiff has produced no competent evidence establishing that Mr. Kwok owned

or controlled the *Lady May* such that he could have complied with this Court's Conditional

Contempt Order.

**ARGUMENT**

I.     <u>**THE RECORD ESTABLISHES THAT MR. KWOK HAS NEVER OWNED THE**</u>
       <u>***LADY MAY***</u>

Plaintiff concedes in its papers that Mr. Kwok does not own—and has never owned—the

*Lady May*. (NYSCEF Doc. 1172).  The evidence adduced at the hearing confirmed that at all

times relevant to compliance with this Court's Conditional Order of Contempt, the *Lady May* has

4

been owned by a special purpose entity, HKI US, a Delaware limited liability corporation that is

100 percent owned and controlled by Mei Guo, the adult daughter of Mr. Kwok who is herself an

emigre from the Peoples Republic of China seeking political asylum in the United States.

When the *Lady May* was purchased back in 2015, far before this action was commenced

or the *Lady May* became at issue, the individual that owned the shares to HKI HK that made the

purchase was not Mr. Kwok, but rather a business partner of Ms. Guo's brother.  As discussed

below, while Plaintiff has repeatedly asserted that Mr. Kwok bought the *Lady May*, it has failed

to offer any competent evidence in support of this statement.  And even if Mr. Kwok had

purchased the *Lady May* back in 2015, it was transferred to and owned by his adult daughter in

mid-2017. It therefore is established and cannot be disputed that Mr. Kwok does not own the

*Lady May*.

## II.    PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF THAT MR. KWOK CONTROLS THE *LADY MAY*

### A.    The Relevant Standard Is Control, Not A Beneficial Interest, And Plaintiff Meets Neither

Plaintiff continues to erroneously argue this case under the inapplicable CPLR 5225(b)

standard for a turnover. The correct standard required for a final order of contempt is "control"

of the *Lady May*, as the Appellate Division has held.  Plaintiff has failed to adduce competent

evidence sufficient to make the required showing that Mr. Kwok clearly and convincingly

controls the *Lady May*.  Plaintiff itself acknowledges, as it must, the First Department's direction

that Mr. Kwok's complete affirmative defense regarding his ability to comply with the order

must be factually determined based on whether Mr. Kwok owned or controlled the *Lady May*.

(NYSCEF Doc. 1172; NYSCEF Doc. 953.)

Yet instead of seeking to meet its burden, Plaintiff attempted to shift it. Plaintiff's

argument at the hearing was that Mr. Kwok had a beneficial interest in the *Lady May* such that

Plaintiff would be entitled to turnover, so Plaintiff was prejudiced; therefore, Plaintiff asserts, it has satisfied its *prima facie* burden on contempt.   But while Mr. Kwok does not concede Plaintiff satisfied its *prima facie* showing, the First Department's remand instructed that the *prima facie* elements—including prejudice—had been decided and remanded for the specific purpose of addressing Mr. Kwok's affirmative defense. (NYSCEF Doc. 953.)

Where a movant has satisfied the *prima facie* elements for contempt, the alleged contemnor may then offer as a defense his inability to comply with the order. *Lisogor v. Nature's Delight, Inc.*, 189 A.D.3d 1386, 1387–88 (2d Dep't 2020). At that point, *the burden then shifts back to the movant to prove the alleged contemnor's ability to comply. Penn-Dixie Indus., Inc. v. Castle*, 77 A.D.2d 844 (1st Dep't 1980); *see also AV By Versace, Inc. v. Gianni Versace S.P.A*, 279 F. Supp. 2d 341, 351 (S.D.N.Y. 2003) (contempt is not strict liability). Plaintiff continues to focus on its the initial burden for contempt because it fails to meet the burden it is required to meet now; that is, to rebut Mr. Kwok's affirmative defense that he could not comply with the Conditional Contempt Order.

The Court of Appeals has clearly and expressly held that the beneficial interest standard applicable to the issue of turnover is separate and distinct from the relevant standard for control. *See Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Com.*, 21 N.Y.3d 55, 63 (2013) (holding that the turnover statute does not encompass the issue of control). Moreover, even if the turnover statute did have bearing on the test for control for contempt, that statute expressly requires the judgment creditor have both (1) possession or custody of the asset *and* (2) beneficial interest.[2]   The secondary source on which Plaintiff relies likewise teaches that "[i]t is

---

[2] CPLR 5225 (a) states: "Property in the possession of judgment debtor. Upon motion of the judgment creditor, . . . where it is shown that the judgment debtor is in *possession or custody* of money or other personal property in which he has an interest, the court shall order that the judgment debtor . . . deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff" (emphasis added).

6

essential, however, that the judgment debtor have an interest in . . . property other than a mere

possessory or custodial interest." Weinstein, Korn & Miller, New York Civil Practice: CPLR ¶

5225.09. At best, Plaintiff established Mr. Kwok possessed access to the *Lady May* (albeit with

Ms. Guo's permission). Even if "beneficial interest" were the correct legal standard (which it is

not), this would not prove that the "property [is] belonging to [Mr. Kwok]" as is required under

the turnover statute to prove beneficial interest. *Id.*

Plaintiff's turnover cases are inapposite, because the judgment debtors therein made

inconsistent legal statements about their ownership of the assets within the litigations

themselves. *See Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.,* 62 Misc. 3d 1208(A) (N.Y.

Sup. Ct., NY Cty 2018.); *Gliklad v. Chernoi,* 129 A.D.3d 604 (1st Dep't 2015); *Peterson v.

Islamic Republic of Iran,* 2013 WL 1155576 (S.D.N.Y. Mar. 13, 2013). Mr. Kwok has never

averred in this litigation that he owned or controlled the *Lady May*. In fact, this Court issued the

order restraining the *Lady May* over Mr. Kwok's objection that relief should be limited to assets

held by him individually. (NYSCEF Doc. 599).

In order to obtain relief under the turnover statute, it is critical that the "judgment

debtor's interest [must] exist[] at the time of the motion." *Id.* As discussed, the record is devoid

of any evidence regarding Mr. Kwok's custody and control of the *Lady May* now or at any point

at or after the time that the Conditional Contempt Order was issued.

**B.    Ms. Mei Guo's Testimony That Her Brother And Not Her Father Gifted And
       Funds The Lady Mei Is Unrebutted**

The unrebutted evidence has shown that the *Lady May* was purchased by HKI HK on

February 26, 2015, when the sole member of HKI HK was Ms. Qu Guojiao. (NYSCEF Doc.

1162 at ¶8; Plaintiff's 16). Ms. Guo testified that Ms. Qu was a trusted business partner of her

brother, as well as of her uncles and cousins. (NYSCEF Doc. 1162). Ms. Guo further clarified

7

that her brother bought the *Lady May* and that her father, Mr. Kwok, did not purchase the *Lady May*. (Tr. 44: 4-17 "Q. Your father provided the money, didn't he? A. Not my father.") Then, on June 27, 2017, after Ms. Guo was no longer in the Peoples Republic of China, Ms. Qu transferred the shares of HKI HK and resulting ownership of the *Lady May* to Ms. Guo. (NYSCEF Doc. 1162 at ¶10; Plaintiff's Ex. 16). Indeed, the *Lady May* was named after Ms. Mei Guo, as it was always intended to be her boat. (NYSCEF Doc. 1162 at ¶9). On April 17, 2020, Ms. Guo transferred ownership of the *Lady May* from HKI HK to HK USA. (NYSCEF Doc. 1162 at ¶11; Plaintiff's 16). Ms. Guo is likewise the sole owner of HK USA. (JX- 3).

Plaintiff has proffered no evidence, other than mere accusations, that Mr. Kwok paid for the *Lady May*'s maintenance and operation. The maintenance and operation of the *Lady May* was paid for by Golden Spring and recently by Lamp Capital LLC. (NYSCEF Doc. 1162 at ¶12). Both entities are owned by Ms. Guo's brother, Mileson Guo. (Tr. 56:13-15; NYSCEF Doc. 936 at ¶6, 14) Ms. Guo's brother gifted the *Lady May* to Ms. Guo and part of that gift included his agreeing to incur the costs of maintaining and operating the vessel. (Tr. 56:16-19.) Plaintiff has elicited no testimony and proffered no admissible evidence linking Mr. Kwok to the *Lady May*'s financial upkeep. Nor has Plaintiff even attempted to establish that any action by Mileson Guo should be attributed to his father, Mr. Kwok. These are not assumptions that can simply be asserted or assumed in a court of law. Nor can corporate formalities simply be disregarded absent proof warranting piercing a corporate veil, which is completely lacking on this record.

## C.    There Is No Evidence That Mr. Kwok Controlled Any Movements Of The *Lady May* At Any Time During The Period Of Alleged Contempt

### 1.    The Evidence Proffered At The Hearing Is Insufficient To Show Control

There is zero competent evidence on the record before this Court that Mr. Kwok controlled the *Lady May* at or after the Conditional Contempt Order ordering the return of the

*Lady May* to New York was issued on March 15, 2021, or even as far back as when the restraining order referencing the *Lady May* was first issued against Mr. Kwok on October 15, 2020. To the contrary, Ms. Guo testified that where the *Lady May* travels and when it travels is her decision.  (NYSCEF Doc. 1162 at ¶18).  Ms. Guo specifically explained that her father, Mr. Kwok, does not control the *Lady May*'s movements. (*Id*.).  Mr. Kwok does not dispute that he had been a guest on the *Lady May* prior to the entries of the relevant orders. (*See e.g.*, Tr. 86: 13-25 (Captain Heaslop clarified on cross examination that Mr. Kwok was not a guest on the *Lady May* in October 2020 or for the remainder of the season). Any inadmissible evidence (discussed below) regarding Mr. Kwok's association with the *Lady May* was published years or months before the asset became at issue in this litigation and thus has no probative value on whether Mr. Kwok controlled the *Lady May* during the alleged contumacious period.

The evidence establishes that the *Lady May* set sail from New York in early October 2020, before the October 15, 2020 restraining order first mentioning the *Lady May* was issued in this action. (NYSCEF Doc. 1162 at ¶14; NYSCEF Doc. 1158 at ¶16.; *see generally* Tr. 85: 22-86:12). The *Lady May* was then out of commission on dry dock for repair for about five months, from on or about January 2021 until May 2021. (Tr. 91:18 - 92:9.) During this time, when "no one could move the boat even if they wanted to" (Tr. 92: 4-5), this Court issued the Conditional Contempt Order on March 15, 2021, ordering Mr. Kwok to return the *Lady May* to New York. (NYSCEF Doc. 728).  Ms. Guo learned of the orders pertaining to the *Lady May* in early 2021 through her counsel. (NYSCEF Doc. 1162 at ¶20; Tr.59: 5-9; 63: 3-8). After the vessel's repairs were complete, Ms. Guo conferred with counsel and instructed that the *Lady May* sail to Europe, as had been originally planned. (NYSCEF Doc. 1162 at ¶16). Plaintiff has offered no evidence refuting Ms. Guo's testimony that it was her decision alone not to return the *Lady May* to New

York. There is no evidence in the record on this motion establishing any involvement by Mr. Kwok in that decision. (*Id.* at ¶20).

> ## 2. Miles Kwok Is Not A Missing Witness On Control So No Adverse Inference Can Be Imposed

Mr. Kwok's invocation of his constitutional right against self-incrimination does not relieve Plaintiff of its burden to prove by clear and convincing evidence that Mr. Kwok controls the *Lady May* in order to warrant a contempt finding. *Matter of Joan Moran Tr.,* 166 A.D.3d 1176, 1179 (3d Dep't 2018). Plaintiff's bald "speculative assertions" do not rebut Mr. Kwok's affirmative defense. *Id.* Ms. Guo provided testimonial evidence regarding her exclusive ability to control the *Lady May*. Plaintiff is not entitled to a missing witness charge because it "failed to demonstrate that this witness [Mr. Kwok] could testify to any noncumulative information concerning a material issue in the case." *Douglas v. Kingston Income Partners %2C87,* 2 A.D.3d 1079, 1082 (3d Dep't 2003); *see People v. Hemrie,* 252 A.D.2d 593, 593 (2d Dep't 1998) (denying missing witness charge because the movant did not carry his burden of proof).

> ## D. Evidence That Mr. Kwok Used And Directed Local Movements Of The *Lady May* Prior To The Period Of Alleged Contempt Are Insufficient To Establish That He Controls The Asset

Plaintiff spent its case in chief proving a point that Mr. Kwok does not contest and even offered to include in a stipulation; namely, that he was a guest on the *Lady May* at various times prior to the issuance of the orders in this action regarding the *Lady May*. Captain Heaslop confirmed that while Mr. Kwok was a guest on the *Lady May*, he directed the boat's local movements just "the same for any of the guests on the both [sic]."(Tr. 96: 7-8; Tr. 95:12-96:8). Captain Heaslop testified that Mr. Kwok did not have the authority to direct, and did not direct, the *Lady May* to travel outside the specific area in which the vessel was already located. (Tr. 95: 12-24.; NYSCEF Doc 1162 at ¶¶ 16, 20). Similarly, Ms. Guo testified that Mr. Kwok needed

Ms. Guo's permission to board the *Lady May* and that Mr. Kwok would communicate to Ms.

Guo the proposed travel itinerary in advance. (Tr. 52:4-11). As an example, Ms. Guo testified

that hypothetically if the itinerary contemplated a trip from Manhattan to Long Island, then Mr.

Kwok would be free to make a stop along the way; however, he would need Ms. Guo's

permission to go to Palm Beach, Florida. (Tr. 53: 7-13). Any instructions on relocation of the

*Lady May* beyond its locality came from a representative of HK USA. (NYSCEF Doc. 1158 at

¶21.) Mr. Kwok never took the *Lady May* out without Ms. Guo's permission. (Tr. 53: 14-16).

### III.   THIS COURT SHOULD EXCLUDE THE PHOTOGRAPHS AND SOCIAL MEDIA POSTINGS OFFERED BY PLAINTIFF

#### A.    All Of Plaintiff's Proffered Evidence Is Outside The Relevant Time Frame And Has No Probative Value

Determination of "ownership or control of the yacht" must be made as of the time that

Plaintiff alleges Mr. Kwok "violated a lawful, clear mandate of the court," that is, on or after

March 15, 2021, when this Court entered its Conditional Order of Contempt.

#### B.    Plaintiff's Evidence Pre-Dates March 15, 2021

In support of Plaintiff's burden of proof of clear and convincing evidence that Mr. Kwok

allegedly owns or controls the yacht, Plaintiff offers unauthenticated YouTube videos, a news

story and associated irrelevant video (which contain irrelevant statements about Mr. Kwok), and

unauthenticated Twitter and Instagram posts. As a threshold matter, each piece of evidence is of

no probative value and is thus irrelevant to the ownership or control inquiry at hand.

The YouTube videos offered by Plaintiff are dated October 14, 2017 and July 28, 2019.

(Plaintiff's Ex. 2, 20). Plaintiff also offers segments from a Vice News Video, dated November

2017, once again pre-dating the relevant period. (Plaintiff's Ex. 19). In a similar vein, Plaintiff

offers tweets and Instagram posts that likewise far pre-date the relevant time frame. The tweets

are dated May 10, 2017 and August 27, 2017, respectively, and the Instagram post is dated

11

August 21, 2018. (Plaintiff's Ex. 1, 25). The evidence Plaintiff has offered purports to show nothing more than that Mr. Kwok may have been on the yacht before the relevant time frame, reducing even further any potential probative value of unreliable, unauthentic evidence that appears to refer to "his" boat.

### C.   Plaintiff's Proffered Evidence Is Inadmissible

Plaintiff's evidence purporting to show ownership or control of the *Lady May* is not only non-probative and thus of no relevance, but also inadmissible due to the lack of authentication and high prejudicial value it offers. *People v. Price*, 29 N.Y.3d 472, 476 (2017). Even where evidence is authenticated, any minimal probative value can be outweighed by the evidence's prejudicial effect. *See, e.g.*, *Blanchard v. Lifegear*, 45 A.D.3d 1258, 1260 (2d Dep't 2007).

### D.   Plaintiff's Proffered Evidence Cannot Be Authenticated, As Conceded By Plaintiff's Own Witness

Plaintiff's own witness, Nat Francis, testified that he did not know who had or has control over the Instagram account purporting to be associated with Guo Wei. (Tr. 19:15-17). Likewise, Plaintiff's witness could not testify as to who has access to the account (Tr. 19:18-19), when any of the Instagram Posts were actually posted (Tr. 20:12-13), who posted it (Tr. 20:14-15), or the circumstances under which it was posted (Tr. 20:16-18). Plaintiff's witness also conceded that the YouTube video at issue, Plaintiff's Exhibit 2, could not be authenticated. (Tr.25: 9-12.) Mr. Francis could not confirm when or where the video was recorded, under which circumstances it was recorded, its creator, the purpose of its creation, or any other information associated with the name attached to the account (Tr. 21:18-22:8). Plaintiff's witness was also unable to testify to the authenticity of the tweets, conceding that he did not know who posted them, whether there was unauthorized account use, and that he had not traced the account to a device held by Mr. Kwok. (Tr. 30:2-11).

12

Mr. Francis conceded that as to "any of the exhibits," he could only testify as to where he located them, *and* not that they are "genuine and accurate and portray what they purport to portray," the evidentiary foundational requirement to be deemed admissible. (Tr. 25:20-26:3). This testimony fails to meet the requirement that a party must offer "proof that the offered evidence is genuine and that there has been no tampering with it" to establish authenticity. *People v. Price*, 29 N.Y.3d at 476 (internal citations omitted).

Nor may Plaintiff rely on an adverse inference to transform unreliable, inadmissible media into competent evidence. The adverse inference may be applied when a party fails to rebut probative evidence offered against it. Plaintiff's argument that evidence can be "probative" even if only minimally relevant, *People v. Primo*, 96 N.Y.2d 351, 355 (2001), misses the point. Plaintiff's evidence here is not probative both because it is irrelevant and because it is not competent evidence; Plaintiff concededly cannot prove that its evidence is what Plaintiff purports it to be. As the authority that Plaintiff relies on holds, a finding against a party cannot be based solely on an adverse inference; there must be affirmative evidence as well. *DeBonis v. Corbisiero*, 155 A.D.2d 299, 376 (1st Dep't 1989); *see also St. Owner, L.P. v. Novog*, 31 Misc. 3d 680, 694(Civ. Ct., NY Cty 2011) (landlord who had no evidence that tenant had been selling drugs in building could not rely solely on tenant's assertion of fifth amendment privilege as proof).

### E.    Plaintiff's Proffered Evidence Amounts To Circumstantial Puffery

Even if this Court were to find that the evidence offered by Plaintiff is probative, authenticated, not unfairly prejudicial, and admissible, any statement on social media or YouTube purported to be attributed to Mr. Kwok is mere puffery and not indicative of ownership or control of the *Lady May*. *See e.g., Reich v. Mitrani Plasterers Co.*, 268 A.D.2d 256, 256 (1st Dep't 2000) (finding representations were "mere opinion or puffery and not actionable

13

representations of fact"). It is common knowledge that not everything one sees on the internet is true. Users commonly use social media platforms to present an image of themselves that is glorified or even fake; social media imagery does not meet the standards of precision and comprehensive meaning required for evidence in this Court of law.  This Court is not a teenager looking at social media posts and clicking on "like" based on the sensational or entertaining nature of the post.  This proceeding was remanded for fact-finding based on competent admissible evidence that must meet the exacting standard of clear and convincing evidence on the issues of ownership and control. The social media postings offered by Plaintiff fail to meet the applicable legal standards and should therefore be excluded.

## CONCLUSION

For all of these reasons, Mr. Kwok respectfully requests that this Court: (1) exclude Plaintiff's inadmissible evidence; (2) deny Plaintiff's motion for a final order of contempt; or (3) if this Court were to ultimately grant Plaintiff's Motion (which it should not), then limit the penalties or schedule a jury trial.

Dated: February 7, 2022

**BAKER & HOSTETLER LLP**

By: */s/ John Siegal*

John Siegal (jsiegal@bakerlaw.com)
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200

*Attorneys for Defendant Kwok Ho Wan*

14

Case 22-50073   Doc 349-1   Filed 05/12/22   Entered 05/12/22 08:22:01   Page 46 of
46

## Certificate of Word Count

As required by Rule 17 of the Rules of the Commercial Division of the Supreme Court, I certify

that this affirmation was prepared using Microsoft Word, and the total number of words in this

affirmation, exclusive of the caption, title and signature block, is 4,601 words.

Dated: New York, New York                         Respectfully submitted,
     February 7, 2022                         **BAKER & HOSTETLER LLP**

                                */s/  John Siegal*
                                John Siegal
                                45 Rockefeller Plaza
                                New York, NY 10111
                                JSiegal@bakerlaw.com
                                *Attorneys for Defendant Kwok Ho Wan*

15