**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| Ho Wan Kwok, | : Case No. 22-50073 |
| Debtor.[1] | : |
| Pacific Alliance Asia Opportunity Fund L.P., | : |
| Movant | : |
| v. | : |
| Ho Wan Kwok, | : |
| Respondent. | : |

**REQUEST OF OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR STATUS**
**CONFERENCE PURSUANT TO 11 U.S.C. § 105(d)**

The Official Committee of Unsecured Creditors (the "Committee") of the above-named Debtor and Debtor in Possession, Ho Wan Kwok ("Debtor"), hereby requests that the Court schedule and hold a status conference to address the entirely different case dynamic that has been created as a result of the Debtor's filing on May 11, 2022 of: (i) the Debtor's Consent to Dismissal of Case (the "Debtor Consent to Dismissal") in response to the contested matter initiated by Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee (the "Dismissal Motion") (ECF No. 344); and (ii) the

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

Debtor's Notice of Withdrawal of Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (ECF No. 345) (the "<u>Debtor Withdrawal of the DIP Motion</u>").

Under the current Scheduling Order on the Dismissal Motion (ECF No. 274), which clearly contemplates that the Debtor, as respondent, was to be the principal party objecting to the Dismissal Motion, the following was provided:

> SCHEDULING ORDER ON MOTION TO DISMISS. On April 27, 2022, a continued Status Conference was held in connection with the Motion to Dismiss filed on behalf of the Movant, Pacific Alliance Asia Opportunity Fund, L.P. ('PAX') (the "Motion to Dismiss," ECF No. 183). During the continued Status Conference, the Movant expressly consented to a continuance of the hearing on the Motion to Dismiss for a specific period of time in accordance with 11 U.S.C § 1112(b)(3). Accordingly, it is hereby,
>
> ORDERED: An evidentiary hearing on the Motion to Dismiss shall be held on May 25, 2022 at 10:00 a.m. and shall continue on May 26, 2022 at 10:00 a.m. if necessary; and it is further
>
> ORDERED: Any opposition to the Motion to Dismiss shall be filed on or before May 11, 2022; and it is further
>
> ORDERED: The Movant's reply to any opposition to the Motion to Dismiss shall be filed on or before May 18, 2022; and it is further
>
> ORDERED: Any party who intends to present evidence during the hearing on the Motion to Dismiss shall file a List of Witnesses and Exhibits at or before 12:00 p.m. on May 20, 2022. Signed by Judge Julie A. Manning on April 28, 2022.

As a result of the Debtor Consent to Dismissal and the Debtor Withdrawal of the DIP Motion, entirely different considerations are now presented with respect to the proceedings on the Dismissal Motion, chief among them is whether the case should be converted instead of dismissed, *see e.g. In re Julian*, No. 11-30151 (LMW), 2012 WL 506573, at *5 (Bankr. D. Conn. Feb. 15, 2012) (converting case under 11 U.S.C. § 1112(b)(1), even though creditor moved for

dismissal, so that a chapter 7 trustee could examine prepetition and postpetition "irregularities"), or whether a chapter 11 trustee should be appointed. Inasmuch as the Committee's opposition to the Dismissal Motion, as well as the oppositions of other creditors, was premised on the Debtor's continued prosecution of the chapter 11 case with the funding of a proper investigation pursuant to some form of DIP loan, the motion for which has now been withdrawn, the Dismissal Motion takes on an entirely different character and presents different issues.

In light of the foregoing, the Committee respectfully submits that a status conference is necessary and appropriate to reexamine the Scheduling Order and to otherwise facilitate a dialogue for determining a more expeditious and economical resolution of the Dismissal Motion and the case in general.

**WHEREFORE**, the Committee respectfully requests that the Court schedule and hold a status conference at its earliest convenience.

Dated: Bridgeport, Connecticut
May 12, 2022

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:   */s/Irve J. Goldman*
Irve J. Goldman
Jonathan A. Kaplan
Pullman & Comley, LLC
850 Main Street, 8th Floor
PO Box 7006
Bridgeport, CT 06601-7006
(203) 330-2213
igoldman@pullcom.com

Its Attorneys

**CERTIFICATION OF SERVICE**

I, Irve J. Goldman, herby certify that on the 12th day of May, 2022, a true and correct copy of the foregoing Request of Official Committee of Unsecured Creditors for Status Conference Pursuant to 11 U.S.C. § 105(d) was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF").

                                                                           By:    */s/Irve J. Goldman*