**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re : | Chapter 11 |
| Ho Wan Kwok, : | Case No. 22-50073 |
| Debtor.[1] : | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RESPONSE AND JOINDER TO PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S OBJECTION TO MEI GUO'S MOTION FOR A PROTECTIVE ORDER**

The Official Committee of Unsecured Creditors (the "Committee") of Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor"), hereby submits this response and joinder to Pacific Alliance Asia Opportunity Fund L.P's ("PAX") objection (ECF No. 349, the "Objection") to Mei Guo's Motion for a Protective Order (the "Motion") concerning her deposition scheduled for May 16, 2022.

The Committee joins PAX's Objection in all respects except that the Committee maintains an objection to Mei Guo's request that the parties be barred from asking information relating to the addresses and location of the Debtor's family members. The Debtor asserts that all of the wealth attributed to him is, in actuality, in his family's hands, including his wife, daughter and son. This includes the assets of Golden Springs New York Ltd. ("GSNY") and Lamp Capital, LLC, both of which are purportedly owned by the Debtor's son, Qiang Guo. Discovery and examination of these entities, and the Debtor's family members related thereto, will be of utmost importance in this case.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

These individuals have information related to this bankruptcy proceeding, and, provided the matter continues, will be the subject of examination and discovery. The Committee understands that some of these individuals, particularly Qiang Guo, will not accept service of subpoenas via lawyers for corporate entities in which they have an interest. For example, in GSNY's Motion to Quash, GSNY's counsel reiterates that they are not authorized to accept service on behalf of Qiang Guo. See ECF No. 352, p.5 (GSNY's counsel "advised PAX that it is not authorized to accept subpoenas directed to others aside from GSNY"). Therefore, the residential information related to these individuals is necessary and appropriate for inquiry during a deposition. The Committee does not object to Mei Guo's request in Paragraph 40(h) to keep the transcript "attorney's eyes only" and Mei Guo may thereafter seek a motion for protective order, which should be sufficient for her concerns.

**WHEREFORE**, the Committee respectfully requests that the Court enter the proposed order submitted by PAX, with the modification that the parties be allowed to inquire about the family's residential addresses and location and grant such other or further relief as it may deem just, equitable and proper.

Dated: Bridgeport, Connecticut
       May 13, 2022

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:    */s/Irve J. Goldman*
       Irve J. Goldman
       Jonathan A. Kaplan
       Pullman & Comley, LLC
       850 Main Street, 8th Floor
       PO Box 7006
       Bridgeport, CT 06601-7006
       (203) 330-2213
       igoldman@pullcom.com

       Its Attorneys

3

## CERTIFICATION OF SERVICE

    I, Irve J. Goldman, herby certify that on the 13th day of May, 2022, a true and correct copy of the foregoing Response and Joinder to Pacific Alliance Asia Opportunity Fund L.P.'s Objection to Mei Guo's Motion for a Protective Order was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF").

                                                           By:    */s/Irve J. Goldman*