**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                  :

In re:                                      :   Chapter 11

                                              :

       Ho Wan Kwok,                      :   Case No. 22-50073 (JAM)

                                              :

                                              :   Date:

                            Debtor.[1]         :   Time:

                                              :

-------------------------------------------------------------------X

## <u>DEBTOR'S MOTION FOR A PROTECTIVE ORDER</u>

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), as made applicable to this proceeding by Fed. R. Bankr. P. (the "<u>Bankruptcy Rules</u>") 9014 and 9016, Mr. Ho Wan Kwok, the debtor and debtor-in-possession ("<u>Mr. Kwok</u>" or the "<u>Debtor</u>") in the above-captioned chapter 11 case, by and through his undersigned counsel, hereby files this motion (the "<u>Motion</u>"), for entry of an order quashing discovery against the Debtor because it is not relevant to the pending *Motion to Dismiss Chapter 11 Case or, In the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "<u>Motion to Dismiss</u>"). In further support of the Motion, Mr. Kwok states as follows:

## <u>RELIEF REQUESTED</u>

1.     By this Motion, pursuant to Federal Rule of Civil Procedure 26, as made applicable to this case by Bankruptcy Rules 9014 and 9016, the Debtor seeks an order quashing document requests and a notice of deposition directed at the Debtor as they seek information not relevant to any party's claim or defense in connection with the Motion to Dismiss.

---

[1]   The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On February 15, 2022 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.

4.      The Debtor is a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      No trustee or examiner has been appointed in this Chapter 11 Case. On March 21, 2022, the Office of the United States Trustee for the District of Connecticut (the "U.S. Trustee") appointed the official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

6.      On March 22, 2022 the Debtor filed the Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (the "DIP Motion," Docket No. 117).  The DIP Motion sought (as amended) approval of an unsecured loan of $9 million from Golden Spring (New York) Limited ("Golden Spring"), subordinated to all prepetition creditors, of which $8 million would be directed to the costs of this case (including fees of an examiner), and $1 million would be available for the payment of unsecured claims.

7.    On April 6, 2022 Pacific Asia Alliance Opportunity Fund, L.P. ("PAX") filed the Motion to Dismiss, seeking to dismiss this Chapter 11 case on numerous grounds.  In support of the Motion to Dismiss, PAX has served numerous subpoenas on third parties for depositions and sought production of documents from such third parties.  On April 22, 2022 PAX also served a notice of deposition  of the Debtor (the "Debtor Deposition Notice") and requests for documents from the Debtor (the "Debtor Document Requests") and the Debtor's attorneys, Brown Rudnick LLP (the "Brown Rudnick Document Requests").

8.    The Debtor Document Requests are primarily aimed at evidence that would support PAX's allegations that various companies and assets owned by the Debtor's family members belong, in fact, to the Debtor.  Ten of the fourteen requests are directed at the initial funding of those entities and payments made by those entities.  The other documents sought include documents relating to the DIP loan, the proposed Plan of Reorganization, and the consensual resolution of the Lady May issue whereby HKI posted a $37 million escrow and agreed to return the Lady May to the jurisdiction of Connecticut.  The Brown Rudnick Document Requests sought information regarding Brown Rudnick's retention, the Plan, and the consensual resolution of the Lady May issue.

9.    The Debtor served document requests (the "Debtor's Document Requests") on PAX seeking information relevant to the Motion to Dismiss.  In response to the Debtor's Document Requests,[1] PAX:

- Refused to conduct any search for 11 document requests or to produce any documents, including document requests that go directly to claims asserted by PAX in the Motion to Dismiss, such as its efforts to enforce its judgment.

---

[1]    These responses are attached to the Declaration of Kenneth J. Aulet (the "Aulet Declaration"), attached hereto as **Exhibit A**.

- Identified only documents produced by other parties or generically referred to documents produced in connection with other litigation (without identification of such documents), with no indication PAX conducted any search for relevant documents in response to a document request for "All Documents and Communications Related to Debtor and any Family Members", where responsive recent internal communications should exist.

- Stated that no responsive documents exist other than documents produced by third parties, including for document requests where responsive recent internal communications should exist (for example, the Debtor's request for Documents and Communications related to Golden Spring, or Documents and Communications related to companies which PAX believes or has reason to believe are associated with the Debtor or any of his Family Members ), in response to 5 document requests.

- Stated, after waiting ten days to respond to the Debtor's Document Requests, that PAX would merely agree to "meet and confer" with regard to such request, with no indication that PAX had made any effort whatsoever to search for responsive documents, in response to 2 document requests. No indication regarding what PAX required a meet and confer about in order to conduct a search for responsive documents was included.

10.    In sum, PAX indicated that for 17 of the 19 document requests that it would not produce a single sheet of paper (other than what had already been produced by third parties or in previous litigation), and sought to delay any production regarding the remaining two document requests.

11.    The Debtor served a 30(b)(6) subpoena on PAX that included 6 topics, and noticed three officers of PAX for depositions.  In response to the six 30(b)(6) topics, PAX refused to produce a witness for **<u>every single topic</u>** – including such a plainly relevant topic as the factual assertions and allegations it made in its motion to dismiss.  PAX also objected that its officers (its CEO, the chairman of the board, and its general counsel) could not be deposed by notice, but that it would not make the witnesses available in any event because, it asserted, "the discovery sought is irrelevant to PAX's [Motion to Dismiss]." It made this assertion  despite that depositions of a named individual do not list topics of examination and, thus, it was unclear on what basis PAX asserted they could have no relevant information.

4

12.     PAX did, however, respond to two interrogatories propounded by the Debtor – the sole information that PAX deemed relevant to the Motion to Dismiss that it would produce. These interrogatory answers simply clarified PAX's assertions regarding what property it asserts or believed is actually owned by the Debtor, and what property it has sought a court determination is owned by the Debtor.

13.     Following objections by PAX and the office of the United States Trustee to the DIP Motion, the Court indicated it did not intend to approve the DIP Motion.  Subsequently Golden Spring withdrew its proposed loan.  This estate thus no longer has access to any source of funding for the payment of the administrative expenses of this bankruptcy.  As a result, on May 11, 2022 the Debtor consented to the entry of an order dismissing this bankruptcy case as there was no longer any source of funds for the payment of the administrative expenses of the estate.  *See* Dkt. No. 344 (the "Consent to Motion to Dismiss").

14.     Despite the Consent to the Motion to Dismiss, the Motion to Dismiss is opposed by the Committee and certain creditors, who have indicated their objection to the relief sought in the Motion to Dismiss.   However, the Official Committee of Unsecured Creditors (the "Committee") and certain individual creditors (the "Objecting Creditors" and collectively with the Committee, the "Objectors") filed objections to the Motion to Dismiss.  Although the Objectors asserted that the relief sought in the Motion to Dismiss was not appropriate, they joined in the factual allegations made by PAX.

15.     The Committee, in its objection (Docket No. 346, the "Committee Objection") does not challenge PAX's various assertions regarding the Debtor's financial affairs, pre-petition conduct that is alleged to have hidden assets, or what assets might belong to the Debtor.  *See* Committee Objection at ¶ 46.  Indeed, the Committee asserts that it believes "the Debtor has no

doubt engaged in contemptuous conduct and financial chicanery prior to effectively being forced to file for chapter 11 relief[.]" *Id*. at ¶ 4.  The Committee simply believes that it should pursue causes of action based on those allegations inside bankruptcy, not outside.

16.    The Objecting Creditors, in their objection (Docket No. 347, the "Individual Creditor Objection") similarly do not object to – and indeed, explicitly state they do not dispute – PAX's allegations of wrongful conduct with regard to the Debtor's creditors.  *See* Individual Creditor Objection ¶ 24 ("The Creditors do not dispute PAX's assertion that the Debtor has engaged in wrongful conduct including efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members, secreting his assets in a maze of corporate entities and with family members, and orchestrating a shell game… with respect to the Lady May as found by Judge Ostrager in the February 9 Contempt Order. The Creditors also do not dispute that Judge Ostrager already found that Kwok has much more than a beneficial interest in the Lady May. Not only does Kwok control the yacht, it appears he provided the funds to purchase it and he is the person who principally enjoys the use of the yacht, and that these issues should not be relitigated before the Court in this Case. In addition, it is undisputed that one of the reasons the Debtor commenced the Case was because he was facing an imminent risk of incarceration for violating Judge Ostrager's orders.") (internal citations and quotations omitted).

17.    The Objectors argue, instead, that the facts alleged by PAX and undisputed by the Objectors (and certain facts that the Debtor has freely admitted, such as the filing of this case to avoid his incarceration based on his inability to pay the fine levied by Judge Ostrager) do not warrant dismissal, and allege that PAX has ulterior motives in seeking dismissal.  *See*, *e.g.*, Individual Creditor Objection at ¶ 2; Committee Objection at ¶¶ 1-4.  Unfortunately, the

Objectors rely on the assumption that DIP financing is available in this case, which it now no longer is. Certain Objectors have indicated that they may continue their objection to dismissal on other grounds.

## BASIS FOR RELIEF

18.     Under Federal Rule 26(b)(1), discovery is limited to "matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

19.     Here, none of the Document Requests served by PAX (on the Debtor or on Brown Rudnick) are relevant to any claim or defense raised by PAX and challenged by the Objectors. The Debtor has disclaimed any intent to challenge PAX's factual assertions in connection with the Motion to Dismiss, and affirmatively consented to the relief of case dismissal. *See Favale v. Roman Cath. Diocese of Bridgeport*, 233 F.R.D. 243, 246 (D. Conn. 2005) (protective order issued when a party sought documents and discovery that did not pertain to the claim or defense of any party); *Shannon v. Liberty Mut. Grp. Inc.*, No. 3:20-CV-1192 (RNC), 2021 WL 2644742, at *9 (D. Conn. June 28, 2021) (denying motion to compel for information regarding attorney's fees as not relevant to the current stage of the litigation).

20.     Further, on May 15, 2022 counsel to the Debtor requested that the Committee identify the factual issues actually in dispute, such that the Debtor could determine if any discovery was appropriate. No such factual issues have been identified as of the filing of this Motion.

21.    Further, based on the position that PAX took with regard to discovery served by the Debtor, it is unclear how any of the information sought by PAX could be relevant under the relevancy standards espoused by PAX.  If, for example, any efforts by PAX to enforce its judgment are not relevant to the Motion to Dismiss, then plainly neither are any of the alleged difficulties that PAX asserts the Debtor caused in PAX's judgment enforcement efforts.  If PAX's factual allegations are not relevant enough for PAX to put on a 30(b)(6) witness with regard to those allegations, then the documentary and testimonial evidence that PAX seeks to elicit are not relevant either.

22.    Further, to the extent any Objectors seek to oppose dismissal by seeking alternative relief (such as conversion), the factual issues involved in such arguments would not require information from the Debtor – and certainly not the information sought by PAX.  Instead, such arguments would likely focus on what was in the best interests of creditors and the estate, and the discovery sought by PAX (and the information in the possession of the Debtor) would not be relevant to such issues.

23.    None of the discovery propounded by PAX is relevant also to its alternative form of relief, the appointment of a Chapter 11 trustee.  The discovery sought by PAX focuses on pre-petition activities (irrelevant to the appointment of a trustee), resolved matters for which discovery was already taken (the DIP financing and the retention of Brown Rudnick), or matters resolved *with PAX's consent* (the return of the Lady May).

24.    Finally, to the extent any party believes that sworn testimony of the Debtor would be relevant (and the Debtor does not believe it would be), the Debtor will be sitting for his third 341 Hearing on May 20, 2022.  Any creditor (including PAX and the Objectors) can ask any such questions of the Debtor, under oath, at that time.

25.    As a result (in part) of PAX's own efforts, there is no funding for these cases. Discovery not aimed at any matter *actually* in dispute in the Motion to Dismiss is a waste of resources, in addition to not being permitted under the Federal Rules.  The discovery should be quashed so that the legal issues raised in the Motion to Dismiss can be resolved without the unnecessary (and un-payable) expense to the estate of further discovery.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests the entry of a protective order quashing the discovery sought by PAX.

Dated: May 16, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Jeffrey L. Jonas, Esq. (*pro hac vice*)
Attn: Bennet S. Silverberg, Esq. (*pro hac vice*)
Attn: Kenneth J. Aulet, Esq. (*pro hac vice*)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: wbaldiga@brownrudnick.com
        jjonas@brownrudnick.com
        bsilverberg@brownrudnick.com
        kaulet@brownrudnick.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Ho Wan Kwok, | : | Case No. 22-50073 |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

### CERTIFICATE OF SERVICE

I, Kenneth J. Aulet, hereby certify that on the 16th day of May, 2022, the Debtor's Motion for Protective Order was sent by e-mail to all appearing parties by operation of the Court's electronic filing system

Dated: May 16, 2022

**BROWN RUDNICK LLP**

By: /s/ *Kenneth J. Aulet*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Jeffrey L. Jonas, Esq. (*pro hac vice*)
Attn: Bennet S. Silverberg, Esq. (*pro hac vice*)

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

# EXHIBIT A

**Aulet Declaration**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Ho Wan Kwok, | : | Case No. 22-50073 |
| | : | |
| Debtor.[1] | : | |
| | : | |

**DECLARATION OF KENNETH J. AULET IN SUPPORT
OF DEBTOR'S MOTION FOR A PROTECTIVE ORDER**

I, Kenneth J. Aulet, declare under penalty of perjury as follows:

1.     I am an attorney admitted to practice law in the State of New York, and am a partner at Brown Rudnick LLP, counsel to the Debtor. I respectfully submit this Declaration in support of the Debtor's Motion for a Protective Order

2.     Attached hereto as Exhibit 1 is an email from Eli Grossman to counsel to the Debtor, dated May 9, 2022.

3.     Attached hereto as Exhibit 2 is PAX's responses and objections to the Debtor's First Request for the Production of Documents

4.     Attached hereto as Exhibit 3 is PAX's responses and objections to the Debtor's 30(b)(6) notice to PAX.

5.     Attached hereto as Exhibit 4 is an email from Kenneth J. Aulet to Jonathan A. Kaplan, counsel for the Committee, dated May 15, 2022.  No response to this email has been received as of the filing of this declaration.

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 16, 2022

/s/ Kenneth J. Aulet
Kenneth J. Aulet

64708581 v3

**EXHIBIT 1**

| From: | Grossman, Eli |
|---|---|
| To: | Aulet, Kenneth; Baldiga, William R.; Silverberg, Bennett S.; Axelrod, Tristan G.; Jonas, Jeffrey L.; Pinelo, Uriel |
| Cc: | Sarnoff, Stuart M.; Friedman, Peter; Harbach, David; Gonzalez, Mia N.; Warren, Steve; Aronsson, Laura S. |
| Subject: | RE: In re Ho Wan Kwok, Case No. 22-50073 |
| Date: | Monday, May 9, 2022 10:33:55 PM |
| Attachments: | 2022_05_09 PAX"s Responses and Objections to Kwok"s First Set of Document Requests.pdf |
| | 2022_05_09 PAX"s Responses and Objections to Kwok"s First Set of Interrogatories.pdf |
| | 2022_05_09 PAX"s Responses and Objections to Kwok"s 30b6 Notice to PAX.pdf |

**CAUTION: External E-mail. Use caution accessing links or attachments.**



Counsel,

Please see attached for service.

Please also let us know when you are available to meet and confer regarding the discovery directed at PAX. We are available on Wednesday afternoon.

We are not at this time accepting service of the deposition subpoenas directed to Lewis, Shan, or Gradel. To the extent that you believe that service has been properly effectuated and our consent is unnecessary, PAX states that it does not intend to make any witness available for a deposition because, among other reasons, the discovery sought is irrelevant to PAX's Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee.

Regards,
Eli Grossman


Eli A. Grossman
O: +1-212-728-5923
egrossman@omm.com

**From:** Aulet, Kenneth <KAulet@brownrudnick.com>
**Sent:** Friday, April 29, 2022 5:27 PM
**To:** Murray, Aisling <amurray@omm.com>; Friedman, Peter <pfriedman@omm.com>; Harbach, David <dharbach@omm.com>; Aronsson, Laura S. <laronsson@omm.com>; Russo, Makenzie B. <mrusso@omm.com>
**Cc:** Baldiga, William R. <WBaldiga@brownrudnick.com>; Silverberg, Bennett S. <BSilverberg@brownrudnick.com>; Aulet, Kenneth <KAulet@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; Jonas, Jeffrey L. <JJonas@brownrudnick.com>; Pinelo, Uriel <UPinelo@brownrudnick.com>
**Subject:** In re Ho Wan Kwok, Case No. 22-50073


[EXTERNAL MESSAGE]

All,

Please see attached discovery requests directed to PAX in connection with the Motion to Dismiss.

Best,
-Ken



**Kenneth J. Aulet**
Partner

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4950
F: 212-938-2950
kaulet@brownrudnick.com
www.brownrudnick.com


******************************************************************************

The information contained in this electronic message may be legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Brown Rudnick LLP, (617) 856-8200 (if dialing from outside the US, 001-(617)-856-8200) and purge the communication immediately without making any copy or distribution.

To the extent Brown Rudnick is a "controller" of the "personal data" (as each term is defined in the European General Data Protection Regulation (EU/2016/679) or in the UK's Data Protection Act 2018) you have provided to us in this and other communications between us, please see our privacy statement and summary here which sets out details of the controller, the personal data we have collected, the purposes for which we use it (including any legitimate interests on which we rely), the persons to whom we may transfer the data and when and how we intend to transfer it outside the European Economic Area.

******************************************************************************

**EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No. 22-50073 (JAM) |
| Debtor. | |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S RESPONSES AND OBJECTIONS TO DEBTOR'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Pacific Alliance Asia Opportunity Fund L.P. ("PAX") by and through its undersigned counsel, responds and objects to the April 29, 2022 Debtor's First Request for Production of Documents Directed to PAX (the "Requests"), as follows:

<u>**GENERAL OBJECTIONS**</u>

PAX makes the following General Objections, which apply to each specific Request and are incorporated by reference in each response below as if set forth fully therein.  PAX's responses to specific Requests are made subject to and without waiving these General Objections, and failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

1.      PAX objects to each definition, instruction, and Request to the extent that it calls for PAX to do more than is required under the Federal Rules, the Bankruptcy Rules, or other applicable law.

2.      PAX objects to each definition, instruction, and Request to the extent that it (i) implies the existence of facts or circumstances that do not or did not exist, or (ii) states or assumes legal or factual conclusions.  By providing these objections and responses, PAX does not admit any Request's factual or legal premise.

3.      PAX objects to each definition, instruction, and Request to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the accountant-client privilege, the work product doctrine, the joint-defense privilege, the common-interest privilege, the anticipation-of-litigation doctrine, or any other legally recognized privilege, immunity, exemption or protection from discovery.  Any production of such documents in response to these Requests is inadvertent and is not intended to constitute, and shall not constitute, a waiver in whole or in part of such privilege, doctrine, immunity, or other protection.

4.      PAX objects to each definition, instruction, and Request to the extent that it seeks information that constitutes or reflects PAX's trade secrets or confidential, commercial, business, or other proprietary information.

5.      PAX objects to each definition, instruction, and Request to the extent that it seeks documents or information where the disclosure would violate any court order, contract, or agreement obligating it to keep information confidential; or any rights of privacy or other statutory or judicially-recognized protections.

6.      PAX objects to each definition, instruction, and Request to the extent that it seeks documents or information that are cumulative or duplicative; a matter of public record; already in the Debtor's possession, custody, or control; or that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

7.      PAX objects to each definition, instruction, and Request to the extent that it purports to require PAX to produce "all" documents on a given topic.  Such a requirement would be overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it would require PAX to search for documents that are not centrally maintained, in files not believed to contain information relevant to the issues in this case, or in files maintained by persons not reasonably believed to have had significant involvement in the transactions or events at issue.

8.      PAX objects to each definition, instruction, and Request to the extent that the probative value, if any, of the documents or discovery sought is outweighed by the costs and burdens to PAX of producing those documents and information.

9.      PAX objects to each definition, instruction, and Request to the extent that it is vague and ambiguous.

10.     PAX objects to each definition, instruction, and Request to the extent that it seeks information not relevant to the claims and defenses in these proceedings or that is not reasonably calculated to lead to the discovery of admissible evidence.

11.     Subject to the other general and specific objections set forth herein, PAX will use reasonable diligence to obtain responsive information in its possession, custody, or control based on an examination of those files reasonably expected to yield responsive documents or in the

possession of custodians reasonably believed to have had material involvement in the events at issue in this litigation.  Documents or information provided by PAX in response to specific Requests should not be construed as a representation that every document in its possession, custody, or control has been examined.  It is not practicable to review every document in PAX's possession to determine if they may be responsive to one of the Requests.  Each individual Request will be considered separately in making a determination about where to look for responsive documents.

12.     PAX reserves the right to (i) modify, amend, correct, supplement, or clarify its responses and objections, if and when additional information or documents come to light; (ii) produce, introduce, or rely on additional or subsequently acquired documents or information in any proceedings held hereafter; and (iii) raise and rely upon any other objections that it learns of during the course of discovery.

## SPECIFIC RESPONSES AND OBJECTIONS

### DOCUMENT REQUEST NO. 1:

All Documents and Communications with or concerning Bruno Wu.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee ("PAX's Motion to Dismiss"). PAX further objects to this Request to the extent it seeks to discover information allegedly relevant to or re-litigate the merits of the underlying litigation, *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.) (the "New York Action").

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

Without waiving any of the foregoing objections, PAX identifies the deposition transcripts of the following PAX employees:  Jon Lewis (Tr. at 176-78), Ian Zheng (Tr. at 147-51), Derek Crane (Tr. at 77, 274-80), and Catherine Yang (Tr. 153-54).

**DOCUMENT REQUEST NO. 2:**

All Documents and Communications with any company or entity affiliated with Bruno Wu, including but not limited to Ideanomics, Inc., Red Rock Global Capital, Ltd., Seven Stars Cloud Group, Inc., and the National Committee for China-US Relations.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.  PAX further objects to this Request to the extent it seeks to discover information allegedly relevant to or re-litigate the merits of the New York Action.

**DOCUMENT REQUEST NO. 3:**

All Documents and Communications with any agent or representative of the CCP or PRC.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to

Dismiss.  PAX further objects to this Request as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 4:**

All Documents and Communications related to Debtor and any Family Members.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request to the extent it seeks documents already in the Debtor's possession, custody, or control.  PAX further objects to this Request as seeking discovery in the possession, custody, or control of third parties.  PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine.

Subject to and without waiving the foregoing objections, PAX identifies documents bearing Bates ranges GSNY000001-000852, GSNY002829-002834; HKI–0001-0020; HR000001-000047; JANOVER000001-000110; LAMP000001-000052; SN0001-0442; and YW000001-000098; documents produced by Debtor's real estate broker; documents produced to Debtor in connection with the pending action filed by PAX against Debtor in the British Virgin Islands; and transcripts of deposition and in-court testimony given by Mei Guo, Yvette Wang, and Daniel Podhaskie.

**DOCUMENT REQUEST NO. 5:**

All Documents and Communications related to GSNY.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents already in the Debtor's possession, custody, or control. PAX further objects to this Request as seeking discovery in the possession, custody, or control of third parties. PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine. PAX further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and after making reasonable inquiries, PAX states that it has no non-privileged, non-public information other than what it has received in discovery to which the Debtor is a party.

PAX further identifies documents bearing Bates ranges GSNY000001-000852, GSNY002829-002834, and YW000001-000098; documents produced by financial institutions, including without limitation Capital One, N.A.; Citibank, N.A.; Hancock Whitney Bank; HSBC Bank USA, N.A.; JPMorgan Chase; Charles Schwab & Co., Inc. (Bates range SCH000001(a)-000086(a)); and Standard Chartered Bank (Bates range: IR6219-SCBNY000001-000018); and the transcripts of (i) the depositions of GSNY's corporate designee, and (ii) the testimony of Mei Guo in the New York Action.

**DOCUMENT REQUEST NO. 6:**

All Documents and Communications related to companies which PAX believes or has reason to believe are associated with the Debtor or any of his Family Members.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request on the grounds that it is vague and ambiguous in its use of the term "believes" and phrase "associated with the Debtor or any of his Family Members." PAX interprets this request as seeking documents and communications related to companies PAX, on information and belief, has identified as potentially being owned or controlled by Debtor or his Family Members, or in which Debtor has a beneficial interest. PAX objects to this Request as seeking documents already in the Debtor's possession, custody, or control, including those provided from PAX's files in prior productions. PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine. PAX further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and after making reasonable inquiries, PAX states that it has no non-privileged, non-public information other than what it has received in discovery to which the Debtor is a party.

PAX further identifies documents (i) bearing Bates ranges HKI–0001-0020, LAMP000001-000052, SN0001-0442; (ii) produced by Debtor's real estate broker; and (iii) produced by financial institutions, including without limitation Capital One, N.A.; Citibank, N.A.; Hancock Whitney Bank; HSBC Bank USA, N.A.; JPMorgan Chase; Charles Schwab &

Co., Inc. (Bates range SCH000001(a)-000086(a)); and Standard Chartered Bank (Bates range: IR6219-SCBNY000001-000018).

**DOCUMENT REQUEST NO. 7:**

All Documents and Communications related to Debtor's public commentary concerning the PRC or CCP.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine.  PAX further objects to this Request on the ground that it is vague and ambiguous in its use of the phrase "public commentary".

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 8:**

All Documents and Communications related to PAX's efforts to collect on the 2011 Loan Facility or any predecessor loan which the Debtor is alleged to have executed a personal guarantee in connection with from parties other than the Debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request on the ground that it is vague and ambiguous in its use of the phrase "predecessor loan."   PAX further objects to this Request as irrelevant because

it seeks documents and communications related solely to the merits of the underlying New York Action, which merits have been fully litigated.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 9:**

All Documents and Communications related to PAX's accounting of amounts received under the 2011 Loan Facility and any other loans that it alleges that the Debtor executed a personal guarantee in connection with.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request as irrelevant because it seeks documents and communications related solely to the merits of the underlying New York Action, which merits have been fully litigated.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10:**

All Documents and Communications with any third party regarding the 2011 Loan Facility or the alleged 2011 Personal Guarantee.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request as irrelevant because it seeks documents and

communications related solely to the merits of the underlying New York Action, which merits have been fully litigated.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 11:**

All Documents and Communications with any bank or financial institution concerning any account owned or controlled by, or believed to be owned or controlled by, Debtor, GSNY, or any Family Member.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents already in the Debtor's possession, custody, or control.  PAX further objects to this Request as seeking discovery in the possession, custody, or control of third parties.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

Without waiving the foregoing objections, PAX refers to the documents identified in the Responses above.

**DOCUMENT REQUEST NO. 12:**

All Documents and Communications concerning PAX's efforts to collect on the Judgment, including but not limited to all underlying discovery taken by PAX pre-Petition.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to

Dismiss. PAX further objects to this Request as seeking documents in the possession, custody, or control of third parties. PAX further objects to this Request as seeking documents already in the Debtor's possession, custody, or control, for example, the order of the Supreme Court of New York, in which Justice Ostrager acknowledged that "PAX [has] encountered difficulty identifying assets over which Kwok exercised control because Kwok, who is a self-declared multi-billionaire, had secreted his assets in a maze of corporate entities and with family members. This scheme has enabled Kwok to assert that he has no assets despite his lavish lifestyle." (New York Action, Dkt. No. 1181 at 1). PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 13:**

All Documents and Communications concerning PAX's efforts to enforce its rights in connection with the 2011 Loan Facility against any of the assets alleged to be owned by the Debtor seized by the PRC.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss. PAX further objects to this Request on the ground that it is vague and ambiguous in its use of the phrase "assets alleged to be owned." PAX further objects to this Request as irrelevant because it seeks documents and communications related solely to the merits of the underlying New York Action, which merits have been fully litigated. PAX further objects to this Request as

seeking documents in the possession, custody, or control of third parties.  PAX further objects to this Request as seeking documents already in the Debtor's possession, custody, or control.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 14:**

All Documents and Communications sufficient to show all amounts disbursed and received by PAX concerning the 2011 Loan Facility and 2011 Personal Guarantee and any predecessor loans in which it is alleged the Debtor executed a personal guarantee.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request on the ground that it is vague and ambiguous in its use of the phrase "predecessor loans."  PAX further objects to this Request as irrelevant because it seeks documents and communications related solely to the merits of the underlying New York Action, which merits have been fully litigated.

Based on the foregoing, PAX will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 15:**

All Documents and Communications related to the valuation of the Lady May and Sherry Residence.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request as seeking documents already in the Debtor's possession, custody, or control,

including without limitation email correspondence between and among PAX, Debtor, Melanie L. Cyganowski (mcyganowski@otterbourg.com), and Sotheby's International Realty (including Serena Boardman, serena.boardman@sothebys.realty).  PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine.

Without waiving the foregoing objections, PAX states that it has no documents responsive to this Request beyond those referenced in the above paragraph.

**DOCUMENT REQUEST NO. 16:**

All Documents and Communications related to the valuation of other litigation and/or claims held, or believed to be held, by parties other than PAX against the Debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine.  PAX further objects to this Request as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Request as seeking documents available in the public record.  PAX further objects to this Request as seeking documents already in the Debtor's possession, custody, or control.

Without waiving the foregoing objections, PAX states that it has no documents responsive to this Request beyond those referenced in the following paragraph.

**DOCUMENT REQUEST NO. 17:**

All Documents and Communications concerning all assets identified by PAX as actually owned by Debtor.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request on the grounds that it is vague and ambiguous in its use of the term "assets" and the phrase "actually owned by Debtor." PAX interprets this request as seeking documents and communications relating to property, real property, corporate entities, and accounts, which, on information and belief, PAX has identified as potentially owned, controlled, or held for the benefit of Debtor. PAX further objects to this Request as seeking documents already in the Debtor's possession, custody, or control. PAX further objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine. PAX further objects to this Request as seeking documents available in the public record. PAX further objects to this Request as seeking documents in the possession, custody, or control of third parties. PAX further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, and after making reasonable inquiries, PAX states that it has no non-privileged, non-public information other than what it has received in discovery to which the Debtor is a party.

Without waiving the foregoing objections, PAX identifies the assets listed in PAX's Responses and Objections to Debtor's First Set of Interrogatories, Response to Interrogatory No. 1. PAX further refers to the documents identified in Response to Document Request No. 6.

**DOCUMENT REQUEST NO. 18:**

All Communications concerning the Plan, except privileged communications with counsel.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

PAX objects to this Request to the extent that it seeks communications protected by the attorney-client privilege and/or the attorney-work-product doctrine.  PAX further objects to this Request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, PAX agrees to meet and confer with Debtor regarding this Request.

**DOCUMENT REQUEST NO. 19:**

All Communications concerning this Chapter 11 Case, except privileged communications with counsel.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Request to the extent that it seeks communications protected by the attorney-work-product doctrine.  PAX further objects to this Request as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, PAX agrees to meet and confer with Debtor regarding this Request.

Dated:  May 9, 2022
      Hartford, Connecticut

*/s/ Patrick M. Birney*

**ROBINSON & COLE LLP**
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
        asmith@rc.com

- and -

**O'MELVENY & MYERS LLP**
Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
Times Square Tower
Seven Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
Email: pfriedman@omm.com
       ssarnoff@omm.com

*Attorneys for Pacific Alliance Asia*
*Opportunity Fund L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, a copy of the foregoing was served via email on the following parties:

<u>Counsel to Kwok Ho Wan</u>
William Baldiga
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Email: wbaldiga@brownrudnick.com

*/s/ Patrick M. Birney*
Patrick M. Birney

**EXHIBIT 3**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
|     HO WAN KWOK, | Case No. 22-50073 (JAM) |
|                   Debtor. | |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S RESPONSES AND**
**OBJECTIONS TO DEBTOR'S NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, made applicable by Rule

7030 of the Federal Rules of Bankruptcy Procedure, Pacific Alliance Asia Opportunity Fund L.P.

("PAX"), hereby objects to the April 29, 2022 Notice of Deposition Pursuant to Federal Rules of

Civil Procedure 30(b)(6) served by Debtor in the above-captioned bankruptcy case.

**<u>GENERAL OBJECTIONS AND RESERVATION OF RIGHTS</u>**

1.      PAX objects to the date and location specified for the deposition.  Subject to the

General and Specific Objections contained herein, PAX will offer a 30(b)(6) deponent or

deponents at a mutually agreeable time(s), date(s) and location(s).

2.      PAX's responses and objections are made without intending to waive or waiving,

but, on the contrary, expressly preserve and preserving:

        a.      The right to raise in any subsequent proceeding in or the hearing of this or

any other action all questions of authenticity, foundation, relevancy, materiality, privilege or

evidentiary admissibility of any testimony provided in response to the Deposition Notice;

b.      The right to object on any ground to the use or introduction into evidence of any testimony or document in any subsequent proceeding in or the hearing of this or any other action on any ground; and

c.      The right to object on any ground at any time to other depositions or requests for production or other discovery involving any of the subjects identified in the Deposition Notice or related to the subject matter thereof.

3.      These responses and objections are made solely for the purpose of this action. Each response is subject to all objections as to confidence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would require the exclusion of any statement contained herein if the subject matter of the Deposition Notice was involved in the questioning of a witness present and testifying in court, or of any statement contained herein if the answers were given by said witness.  All such objections and grounds are reserved and may be interposed at any future time, including time of trial.

4.      PAX objects to each and every proposed subject of testimony in the Deposition Notice to the extent they call for information protected from disclosure by a claim of privilege, including, but not limited to, the attorney-client privilege, the joint defense and common interest privilege and information subject to work product protection.  Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure is not intended to constitute, and should not be construed as, a waiver of such privilege or protection.

5.      PAX objects to each and every proposed subject of testimony in the Deposition Notice calling for (i) information within Debtor's knowledge, possession, custody, or control, or to which Debtor has equal or superior access; (ii) information which is readily available to

Debtor from public records; or (iii) the identification of information that Debtor already has in its possession, custody or control.  Such proposed subjects of testimony exceed the appropriate scope of discovery as set forth in applicable Federal Rules of Civil Procedure and law.

6.      PAX objects to each and every proposed subject of testimony in the Deposition Notice calling for information protected from disclosure by constitutional or legal rights to privacy, or that are otherwise protected or privileged by applicable laws or statutes.

7.      PAX objects to each and every proposed subject of testimony to the extent they call for the disclosure of trade secret, proprietary, and other confidential information; commercially sensitive information; or privileged financial and tax information.

8.      PAX objects to each and every proposed subject of testimony in the Deposition Notice to the extent that contractual or legal duties preclude disclosure of such information.

9.      PAX objects to the Deposition Notice to the extent the categories of proposed examination are not described with any particularity or specificity.

## SPECIFIC OBJECTIONS

**TOPIC NO. 1:**

All efforts by PAX to collect on any purported loans (including but not limited to the purported 2011 Loan Facility) for which the Debtor allegedly executed a personal guarantee.

**RESPONSE TO TOPIC NO. 1:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Topic as seeking information that is irrelevant to PAX's Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee ("Motion to Dismiss").

For these reasons, PAX will not produce a witness for this Topic.

**TOPIC NO. 2:**

All connections between PAX and Bruno Wu, the CCP, the PRC, and any agent or of the foregoing.

**RESPONSE TO TOPIC NO. 2:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Topic as seeking information that is irrelevant to PAX's Motion to Dismiss.

For these reasons, PAX will not produce a witness for this Topic.

Without waiving any of the foregoing objections, PAX identifies the deposition transcripts of the following PAX employees:  Jon Lewis (Tr. at 176-78), Ian Zheng (Tr. at 147-51), Derek Crane (Tr. at 77, 274-80), and Catherine Yang (Tr. 153-54).

**TOPIC NO. 3:**

All assets PAX asserts are owned [sic] by the Debtor and the basis for such belief.

**RESPONSE TO TOPIC NO. 3:**

Subject to and without waiving any of the foregoing general objections, PAX hereby incorporates (i) Response to Document Request No. 17 in its May 9, 2022 Responses and Objections to Debtor's First Request for the Production of Documents and (ii) Response to Interrogatory No. 1 in its May 9, 2022 Responses and Objections to Debtor's First Set of Interrogatories.  PAX further objects to this Topic to the extent it seeks discovery of information covered by attorney-client privilege.  PAX further objects to this Topic as seeking discovery of information already in the Debtor's possession, custody, or control.  PAX further objects to this Topic as seeking discovery of information in the possession, custody, or control of third parties. PAX further states that it has no non-privileged information relating to this Topic.

For these reasons, PAX will not produce a witness for this Topic.

**TOPIC NO. 4:**

All claims asserted against the Debtor by parties other than PAX and the value of such claims.

**RESPONSE TO TOPIC NO. 4:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Topic as seeking information that is irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Topic to the extent it seeks discovery of information covered by the attorney-client privilege.  PAX further objects to this Topic as seeking discovery of information available in the public record.  PAX further objects to this Topic as seeking discovery of information already in the Debtor's possession, custody, or control.  PAX further objects to this Topic as seeking discovery of information in the possession, custody, or control of third parties.  PAX further states that it has no non-privileged information relating to this Topic.

For these reasons, PAX will not produce a witness for this Topic.

**TOPIC NO. 5:**

All factual assertions and allegations made by PAX in the Motion to Dismiss.

**RESPONSE TO TOPIC NO. 5:**

Subject to and without waiving any of the foregoing general objections, PAX objects to this Topic as seeking documents and communications that are irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Topic to the extent that it seeks discovery of information protected by the attorney-client privilege and/or the attorney-work-product doctrine.  PAX further objects to this Topic as seeking discovery of information already in the Debtor's possession, custody, or control.  PAX further objects to this Topic as seeking discovery of information available in the public record.  PAX further objects to this Topic as seeking

discovery of information in the possession, custody, or control of third parties.  PAX further states that it has no non-privileged information relating to this Topic.

For these reasons, PAX will not produce a witness for this Topic.

**TOPIC NO. 6**:

All Documents produced by PAX to the Debtor.

**RESPONSE TO TOPIC NO. 6**:

Subject to and without waiving any of the foregoing general objections, PAX objects to this Topic as seeking discovery that is irrelevant to PAX's Motion to Dismiss.  PAX further objects to this Topic to the extent that it seeks discovery of information protected by the attorney-client privilege and/or the attorney-work-product doctrine.

For these reasons, PAX will not produce a witness for this Topic.

Without waiving any of the foregoing objections, PAX identifies the deposition transcripts of the following PAX employees:  Jon Lewis, Derek Crane, Ian Zhang, and Catherine Yang.

Dated:  May 9, 2022
         Hartford, Connecticut

/s/ Patrick M. Birney
**ROBINSON & COLE LLP**
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
       asmith@rc.com

- and -

**O'MELVENY & MYERS LLP**
Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
Times Square Tower
Seven Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
Email: pfriedman@omm.com
       ssarnoff@omm.com

*Attorneys for Pacific Alliance Asia*
*Opportunity Fund L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, a copy of the foregoing was served via email on the following parties:

Counsel to Kwok Ho Wan
William Baldiga
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Phone: (212) 209-4800
Email: wbaldiga@brownrudnick.com

/s/ Patrick M. Birney
Patrick M. Birney

**EXHIBIT 4**

| From: | Aulet, Kenneth |
|---|---|
| To: | "Kaplan, Jonathan A."; Aaron A. Romney |
| Cc: | Stephen Kindseth; Baldiga, William R.; Goldman, Irve J.; Miltenberger, Timothy D.; Axelrod, Tristan G.; Jonas, Jeffrey L.; Silverberg, Bennett S.; Rosen,Scott |
| Subject: | RE: Kwok-follow-up from Friday |
| Date: | Sunday, May 15, 2022 1:53:58 PM |

Jonathan,

Please advise on what factual issues, if any, are in dispute between the Committee (and the Committee members that objected individually) and PAX with regard to the Motion to Dismiss. Absent any such factual issues in dispute (and we have not identified any), it is unclear what evidence is being sought by this discovery that is relevant to the Motion to Dismiss under Federal Rule 26(b)(1), which limits discovery to "matter that is relevant to any party's claim or defense" and why any discovery should proceed.

Best,
-Ken



**Kenneth J. Aulet**
Partner

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
T: 212-209-4950
F: 212-938-2950
kaulet@brownrudnick.com
www.brownrudnick.com

---

**From:** Kaplan, Jonathan A. <JKaplan@PULLCOM.COM>
**Sent:** Sunday, May 15, 2022 12:41 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Stephen Kindseth <SKindseth@zeislaw.com>; Baldiga, William R. <WBaldiga@brownrudnick.com>; Goldman, Irve J. <igoldman@pullcom.com>; Miltenberger, Timothy D. <tmiltenberger@cbshealaw.com>; Aulet, Kenneth <KAulet@brownrudnick.com>; Axelrod, Tristan G. <TAxelrod@brownrudnick.com>; Jonas, Jeffrey L. <JJonas@brownrudnick.com>; Silverberg, Bennett S. <BSilverberg@brownrudnick.com>; Rosen,Scott <SRosen@cbshealaw.com>
**Subject:** Kwok-follow-up from Friday

> **CAUTION: External E-mail.** Use caution accessing links or attachments.

---

I am following up on our hearing before Judge Manning today, where she implored the parties to try to address the issues in HK Delaware's Motion for Protective Order.  I am not sure if you reached out to PAX to address any of the other issues, but please let me know if you did.

With regard to the additional concern of the Committee as raised in its response, one way we think we could resolve it is if counsel for HK USA and GSNY would agree to accept service on behalf certain individuals, including in their individual capacity.  This would include Qiang Guo, Yvette Wang and Mei Guo (I believe your firm has already done this, but would like confirmation again).  We would also need confirmation from Greenwich Land, LLC and/or Hing Chi Ngok to accept service on her behalf (if they have separate counsel, please let me know).

Please let me know your thoughts.  I've copied GSNY and Debtor's counsel as well.

Thank you

---

**Jonathan A. Kaplan**
Attorney

**Pullman & Comley LLC**
90 State House Square
Hartford, CT 06103-3702
T 860 424 4379  •  F 860 424 4370
jkaplan@pullcom.com  •  www.pullcom.com

**V-card**  •  **Bio**  •  **Directions**



BRIDGEPORT  HARTFORD  SPRINGFIELD  STAMFORD  WATERBURY  WESTPORT  WHITE PLAINS

---

**Please consider the environment before printing this message.**

THIS MESSAGE AND ANY OF ITS ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE DESIGNATED RECIPIENT, OR THE RECIPIENT'S DESIGNEE, AND MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL OR PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE (1) IMMEDIATELY NOTIFY PULLMAN & COMLEY ABOUT THE RECEIPT BY TELEPHONING (203) 330-2000; (2) DELETE ALL COPIES OF THE MESSAGE AND ANY ATTACHMENTS; AND (3) DO NOT DISSEMINATE OR MAKE ANY USE OF ANY OF THEIR CONTENTS.