# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br>HO WAN KWOK,<br><br>Debtor. | Chapter 11<br>Case No: 22-50073 (JAM) |

## JOINT POSITION STATEMENT REGARDING MEI GUO'S MOTION FOR PROTECTIVE ORDER

Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") and party in interest Mei Guo ("Ms. Guo"), individually and as the designated representative of party in interest Hong Kong International Funds Investments (USA) LLC ("HKI Delaware"), hereby provide the Court with the following position statement regarding Ms. Guo's Motion for Protective Order (the "Motion") (Doc. No. 343).

Ms. Guo and HKI Delaware believe that there is no longer a need to take their depositions in connection with the Motion to Dismiss (as defined in the Motion) (Doc. No. 183) filed by PAX because the Debtor no longer opposes the Motion to Dismiss and no other party has issued a subpoena or deposition notice to Ms. Guo or HKI Delaware in connection with the Motion to Dismiss. PAX will be prepared to discuss the relevance of a deposition of Ms. Guo and HKI Delaware at the May 17, 2022 hearing.

To the extent that Ms. Guo's and HKI Delaware's depositions occur (the latter through Ms. Guo), Ms. Guo and PAX agree on the following parameters regarding Ms. Guo's deposition:

   a. The deposition shall be conducted by remote means using either the Microsoft Teams or WebEx video platforms. The deposition shall not be conducted via the Zoom platform;

1

    b. The deposition platform shall be controlled by a court reporter who has signed a confidentiality agreement reasonably acceptable to counsel for Ms. Guo and counsel for PAX;

    c. Ms. Guo shall not be required to provide any information concerning her residential address, or the physical location from where she is providing testimony; and

    d. For at least three (3) full business days from when Ms. Guo's counsel receives a copy of the transcript of Ms. Guo's deposition, both individually and in her capacity as a Rule 30(b)(6) representative of HKI Delaware, access to the transcript(s) shall be limited to the eyes of the attorneys who have appeared for PAX, HKI Delaware, the Debtor, the Office of the United States Trustee and the Official Committee of Unsecured Creditors, in order to allow Ms. Guo's and HKI Delaware's counsel sufficient time to seek an additional protective order limiting the use of certain portions of the transcript. If Ms. Guo and/or HKI Delaware files such a motion for protective order, the foregoing restrictions on the transcript shall continue until such time as the Court rules on the motion for protective order.

    The only remaining issue on which Ms. Guo and PAX disagree is whether the deposition, which will be taken remotely via video conference, may be recorded. Ms. Guo objects to any party recording the deposition for the reasons set forth in the Motion, in particular her fear that a video of the deposition could fall into the hands of persons who have been harassing and threatening Ms. Guo for years. Ms. Guo contends that those persons appear to have successfully removed an image of Ms. Guo from Ms. Guo's phone without her consent at least once. Further, Ms. Guo respectfully

submits that the Court is equally as capable of evaluating her testimony from a transcript as it is from a video. PAX contends that a video recording is necessary here for the reasons outlined in its Response (Doc. No. 349).

In the event that the Court rules that the deposition will be video recorded, Ms. Guo and PAX agree that (i) only the Court reporter may record the deposition; (ii) the video recording shall be disseminated and made available only to attorneys for parties who attend the deposition; and (iii) if PAX or any other party whose counsel has access to the video seeks to offer the video into evidence at the hearing on PAX's Motion to dismiss (or any other forum), the party who seeks to offer the video into evidence shall provide Ms. Guo's counsel with at least five (5) business days' notice in order to allow Ms. Guo an opportunity to move to seal any and all exhibits containing a portion of the video.

Ms. Guo and PAX further agree that all attorneys with access to the video shall destroy it and certify to Ms. Guo's attorney that they have done so at some point in time, but they disagree on when. Ms. Guo's submits that all attorneys with access to the video shall destroy it and certify that they have done so upon the *earlier of* (a) the conclusion of the Debtor's bankruptcy case; or (b) the resolution (by final judgment or stipulation) of the issue of ownership of the Lady May. PAX submits that all attorneys with access to the video shall destroy it and certify that they have done so upon the *later of* (a) the conclusion of the Debtor's bankruptcy case; (b) the resolution (by final judgment or stipulation) of the issue of ownership of the Lady May; or (c) the resolution (by final judgment or stipulation) of all litigation between PAX and the Debtor.

Dated this 16th day of May, 2022.

        MEI GUO AND
        HK INTERNATIONAL FUNDS
        INVESTMENTS (USA) LIMITED, LLC

        By: */s/ Aaron A. Romney, Esq*
        Stephen M. Kindseth (ct14640)
        Aaron A. Romney (ct28144)
        Zeisler & Zeisler, P.C.
        10 Middle Street, 15th Floor
        Bridgeport, CT 06604
        (203) 368-4234
        (203) 368-5473 (fax)
        Email: skindseth@zeislaw.com
                aromney@zeislaw.com
        Their Attorneys

        PACIFIC ALLIANCE ASIA
        OPPORTUNITY FUND L.P.

        By: /s/ *Patrick M. Birney*
        Patrick M. Birney (CT No. 19875)
        Annecca H. Smith (CT No. 31148)
        ROBINSON & COLE LLP
        280 Trumbull Street
        Hartford, CT 06103
        Telephone: (860) 275-8275
        Facsimile: (860) 275-8299
        E-mail: pbirney@rc.com
        asmith@rc.com

        Peter Friedman (admitted pro hac vice)
        Stuart M. Sarnoff (admitted pro hac vice)
        O'MELVENY & MYERS LLP
        Times Square Tower
        7 Times Square
        New York, NY 10036
        Telephone: (212) 326-2293
        E-Mail: pfriedman@omm.com
        ssarnoff@omm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>                              */s/ Aaron A. Romney, Esq.*
>                              Aaron A. Romney