# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| Ho Wan Kwok, | : Case No. 22-50073 |
| Debtor.[1] | : |

**JOINT STIPULATION TO EXTEND THE DEADLINE TO FILE**
**COMPLAINT TO DETERMINE THE DISCHARGEABILTIY OF A DEBT**

The Debtor and Debtor in Possession, Ho Wan Kwok ("Debtor") and the Official Committee of Unsecured Creditors (the "Committee") of the Debtor, hereby request that the Court extend the deadline by thirty (30) days for any and all creditors to file a complaint to determine the dischargeability of a debt. In support hereof, the Debtor and Committee state as follows:

**WHEREAS**, the Debtor commenced this action by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"); and

**WHEREAS**, the initial 341 Meeting was scheduled for March 21, 2022; and

**WHEREAS**, the Court set a May 20, 2022 deadline to file a complaint to have a debt excepted from discharge under 11 U.S.C. §523(a)(2), (4) or (6) (the "Dischargeability Deadline"); and

**WHEREAS**, on April 6, 2022, Pacific Alliance Asia Opportunity Fund L.P.'s ("PAX") filed a Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee, filed on April 6, 2022 (the "Dismissal Motion," ECF No. 183); and

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

**WHEREAS**, the Court entered a scheduling order requiring opposition to the Dismissal Motion to be filed on or before May 11, 2022, replies on or before May 18, 2022, and scheduled the evidentiary hearing on the Dismissal Motion for May 25, 2022; and

**WHEREAS**, on May 11, 2022, the Debtor filed (i) the Debtor's Consent to Dismissal of Case (the "Debtor Consent to Dismissal") in response to the contested matter initiated by the Dismissal Motion (ECF No. 344); and (ii) the Debtor's Notice of Withdrawal of Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (ECF No. 345) (the "Debtor Withdrawal of the DIP Motion"); and

**WHEREAS**, the Committee requested a status conference to address the dynamic changes in the status of the case, and the upcoming evidentiary hearing on the Dismissal Motion, in light of the Debtor's position vis a vis the Dismissal Motion (the "Status Conference Request," ECF No. 359), which the Court granted and is now scheduled for May 17, 2022; and

**WHEREAS**, in light of these events, the Debtor and the Committee assert that creditors should not be obligated to prepare and file complaints concerning a discharge and the dischargeability of certain debts by the Dischargeability Deadline before the Court's ruling on the Dismissal Motion; and

**WHEREAS**, pursuant to Federal Rule of Bankruptcy Procedure 4007, the Court may extend the time for filing such a complaint for good cause shown; and

**WHEREAS**, the Debtor and Committee submit that the recent events in this case constitute sufficient good cause for extending the Dischargeability Deadline;

**NOW, THEREFORE, IT IS AGREED AS FOLLOWS:**

1. The deadline for any and all creditors and parties in interest to file a complaint to have a debt excepted from discharge under 11 U.S.C. §523(a)(2), (4) or (6) is extended by thirty days through and including June 20, 2022, without prejudice to the Committee or any creditor seeking a further extension for cause shown.

2. For the avoidance of doubt, the deadline to object to discharge under 11 U.S.C. 1141(d)(3) shall remain the first date set for hearing on confirmation of any plan.

3. This Stipulation shall be binding upon and inure to the benefit of the parties hereto, any parties in interest in this case and each of their heirs, executors, administrators, successors, and assigns.

4. This Stipulation may be signed in multiple counterparts and by facsimile transmission or email, each of which, when taken together, shall constitute one executed original.

5. This Stipulation shall be deemed to have been jointly drafted by the parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the parties because such provision or any other provision of the Stipulation was prepared or requested by such party.

Dated: Bridgeport, Connecticut
　　　　May 16, 2022

| **DEBTOR**<br>**HO WAN KWOK**<br><br>By: _____<br>William R. Baldiga, Esq.<br>Dylan P. Kletter, Esq.<br>185 Asylum Street<br>Hartford, Connecticut 06103<br>Telephone: (860) 509-6500<br>Facsimile: (860) 509-6501<br>Email: dkletter@brownrudnick.com<br><br>-and-<br><br>Jeffrey L. Jonas, Esq.<br>Bennett S. Silverberg, Esq.<br>Seven Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br>Email: wbaldiga@brownrudnick.com<br>bsilverberg@brownrudnick.com<br>jjonas@brownrudnick.com<br><br>*Counsel for Ho Wan Kwok, Debtor* | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**<br><br>By: _____<br>Irve J. Goldman<br>Jonathan A. Kaplan<br>Pullman & Comley, LLC<br>850 Main Street, 8th Floor<br>PO Box 7006<br>Bridgeport, CT 06601-7006<br>(203) 330-2213<br>igoldman@pullcom.com<br>Its Attorneys |

## CERTIFICATION OF SERVICE

  I, Irve J. Goldman, herby certify that on the 16th day of May, 2022, a true and correct copy of the foregoing Joint Stipulation to Extend the Deadline to File Complaint to Determine the Dischargeability of a Debt was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF").

              By: */s/Irve J. Goldman*