**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**JOINT STIPULATION TO EXTEND THE DEADLINE TO FILE**
**COMPLAINT TO DETERMINE THE DISCHARGEABILTIY OF A DEBT**

The Debtor and Debtor in Possession, Ho Wan Kwok ("Debtor") and the Official Committee of Unsecured Creditors of the Debtor (the "Committee") hereby stipulate and agree to the Court's entry of an order extending the deadline specified by Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by thirty (30) days for all creditors of the Debtors (the "Creditors"). In support hereof, the Debtor and Committee state as follows:

**WHEREAS**, the Debtor commenced this action by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code"); and

**WHEREAS**, the Office of the United States Trustee first set the meeting for the meeting of creditors under Bankruptcy Code section 341(a) for March 21, 2022 (the "341 Meeting"); and

**WHEREAS**, on February 17, 2022, the Court provided notice [Docket No. 6] of a May 20, 2022, filing deadline to file a complaint (a "Dischargeability Complaint") to have a debt excepted from discharge pursuant to Bankruptcy Code section 523(c), which applies to debts of the kind specified in Bankruptcy Code sections 523(a)(2), (a)(4), or (a)(6) (the "Dischargeability Deadline"); and

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

**WHEREAS**, on April 6, 2022, Pacific Alliance Asia Opportunity Fund L.P.'s ("PAX") filed a Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee, filed on April 6, 2022 (the "Dismissal Motion," ECF No. 183); and

**WHEREAS**, the Court entered a scheduling order scheduling the evidentiary hearing on the Dismissal Motion for May 25, 2022 (the "Evidentiary Hearing"); and

**WHEREAS**, pursuant to Federal Rule of Bankruptcy Procedure 4007(c), the Court may extend the Dischargeability Deadline for good cause shown; and

**WHEREAS**, the Debtor agrees that it would be unnecessary for Creditors to incur the expense of filing and prosecuting a Dischargeability Complaint if the Court dismissed the Debtor's Chapter 11 Case following the Evidentiary Hearing.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The Dischargeability Deadline for Creditors is extended by thirty days through and including June 20, 2022, without prejudice to the Committee or any Creditor to seek a further extension for cause shown.

2. The entry of an order approving this Stipulation on the Court's docket will constitute notice of the extended Dischargeability Deadline.

3. For the avoidance of doubt, the deadline to file a complaint objecting to discharge under Bankruptcy Code section 1141(d)(3)(C) shall remain the first date set for hearing on confirmation of any plan.

4. Nothing herein shall be construed as precluding: (i) the Debtor from challenging the standing of the Committee to file or prosecute a Dischargeability Complaint or to file any

motion seeking a further extension of the Dischargeability Deadline; or (ii) the Committee from asserting that it has such standing .

5.  This Stipulation shall be binding upon and inure to the benefit of the parties hereto, any parties in interest in this case and each of their heirs, executors, administrators, successors, and assigns.

6.  This Stipulation may be signed in multiple counterparts and by facsimile transmission or email, each of which, when taken together, shall constitute one executed original.

7.  This Stipulation shall be deemed to have been jointly drafted by the parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the parties because such provision or any other provision of the Stipulation was prepared or requested by such party.

Dated: Bridgeport, Connecticut
      May 18, 2022

| **DEBTOR** <br> **HO WAN KWOK** <br><br> By: */s/Bennett S. Silverberg* <br> Bennett S. Silverberg, Esq. <br> 185 Asylum Street <br> Hartford, Connecticut 06103 <br> Telephone: (860) 509-6500 <br> Facsimile: (860) 509-6501 <br> Email: bsilverberg@brownrudnick.com <br><br> -and- <br><br> William R. Baldiga, Esq. <br> Jeffrey L. Jonas, Esq. <br> Seven Times Square <br> New York, New York 10036 <br> Telephone: (212) 209-4800 <br> Facsimile: (212) 209-4801 <br> Email: wbaldiga@brownrudnick.com <br> jjonas@brownrudnick.com <br><br> *Counsel for Ho Wan Kwok, Debtor* | **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK** <br><br> By:*/s/Irve J. Goldman* <br> Irve J. Goldman <br> Jonathan A. Kaplan <br> Pullman & Comley, LLC <br> 850 Main Street, 8th Floor <br> PO Box 7006 <br> Bridgeport, CT 06601-7006 <br> (203) 330-2213 <br> igoldman@pullcom.com <br> Its Attorneys |

## **ORDER**

Upon the foregoing Stipulation, and good cause appearing, **IT IS SO ORDERED.**

Dated: Bridgeport, Connecticut
      May    , 2022

                                                                                           _____
                                                                                           Honorable Julie A. Manning, United
                                                                                           States Bankruptcy Judge

## CERTIFICATION OF SERVICE

      I, Irve J. Goldman, herby certify that on the 18th day of May, 2022, a true and correct copy of the foregoing Joint Stipulation to Extend the Deadline to File Complaint to Determine the Dischargeability of a Debt was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF").

      By: */s/Irve J. Goldman*