# **EXHIBIT 44**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., <br><br> Plaintiff, <br><br> vs. <br><br> KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION, <br><br> Defendants. | Civil Action No. 652077/2017 |

### NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**

**PLEASE TAKE NOTICE** that on this date, defendant Ho Wan Kwok ("Mr. Kwok") by and through his undersigned attorneys, files this Notice of Removal pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027, removing this entire action from the Supreme Court of the State of New York, New York County (the "New York State Court") to the United States District Court for the Southern District of New York (the "Court" or the "New York District Court"), the above-captioned case brought by plaintiff Pacific Alliance Asia Opportunity Fund L.P. (the "Plaintiff") in the New York State Court. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 1334(e).

In support of this Notice of Removal, Mr. Kwok states as follows:

1.      On April 18, 2017, Plaintiff filed a civil action numbered 652077/2017 (the "Action"). Numerous aspects of the Action are currently on appeal. At present, the Plaintiff in

the Action seeks to enforce an order to compel Mr. Kwok to move a boat (the "Lady May") that he is alleged to own or control into the jurisdiction of the State of New York, and to otherwise exercise control over purported assets of Mr. Kwok to satisfy a judgment. *See Motion of Pacific Alliance Asia Opportunity Fund L.P. For Entry of an Order Confirming The Inapplicability of the Automatic Stay Or, In The Alternative, Relief From The Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code*, Case No. 22-50073, Docket No. 57, at ¶ 12 (Bankr. D. Conn 2022) (noting that plaintiff is seeking in this Action the enforcement of an order "requiring the return of the Lady May to New York").

2. On February 15, 2022 (the "Petition Date"), Mr. Kwok ("Mr. Kwok") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the District of Connecticut, Bridgeport Division (the "CT Bankruptcy Court"), and was assigned Case No. 22-50073 (JAM), (the "Chapter 11 Case"). Accordingly, the time for removal prescribed by 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(2) has not expired.

3. Under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or action under § 1334 of this Title[.]"

4. Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that "aris[e] under title 11, or aris[e] in or [are] related to cases under title 11" of the United States Code, the Bankruptcy Code.

5. As of the filing of the Chapter 11 Case, the CT Bankruptcy Court has "exclusive jurisdiction" over "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]" 28 U.S.C. § 1334(e) Accordingly, the Civil Action presently impinges on the exclusive jurisdiction of the CT Bankruptcy Court to determine what is

2

(or is not) property of the estate, and to exercise jurisdiction over such property. *See In re AE Liquidation, Inc.*, 435 B.R. 894, 904 (Bankr. D. Del. 2010) (determination whether property is property of the estate falls within the bankruptcy court's exclusive jurisdiction); *In re 245 Assocs., LLC*, 188 B.R. 743, 749 fn. 6 (Bankr. S.D.N.Y. 1995), corrected (Nov. 9, 1995) ("The commencement of the bankruptcy case vests the district court with exclusive jurisdiction over property of the debtor and the estate.").

6. Accordingly, as of the filing of the Chapter 11 Case, any action seeking to determine what is (or is not) the property of Mr. Kwok or his estate is governed by 11 U.S.C. § 541 and, thus, the Action is an action "arising in" the Chapter 11 Case.

7. This case also is "related to" the Chapter 11 Case because it has a close nexus to the bankruptcy proceedings and seeks to determine issues regarding Mr. Kwok's ownership and/or control (or lack thereof) of property and to exercise control over certain assets that are alleged to be within his ownership or control,[1] as well as actions he is alleged to have taken with respect to his creditors.

8. The Supreme Court of the State of New York, New York County is within the Southern District of New York, and accordingly removal to the Southern District of New York is proper pursuant to 28 U.S.C. § 1452(a). Following removal, Mr. Kwok anticipates seeking to transfer venue to the District of Connecticut and referral to the Bankruptcy Court for the District of Connecticut based on the ongoing Chapter 11 Case, rather than seeking referral to a bankruptcy court in the Southern District of New York.

---

[1] The New York State Court has issued orders that contain factual findings with respect to these issues, including determining that the most relevant purported asset (the Lady May yacht) is within Mr. Kwok's beneficial ownership. That finding is on appeal and Mr. Kwok does not waive his objections to that factual finding or any others that are on appeal.

3

9. Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(c), a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, New York County, and a copy of this Notice of Removal will be served upon counsel for the Plaintiff.

10. Pursuant to Fed. R. Bankr. P. 9027(a)(1), Mr. Kwok consents to the entry of a final order by the Bankruptcy Court with respect to any non-core claim within the meaning of 28 U.S.C. § 157(b)(2).

**WHEREFORE**, Mr. Kwok removes the entire action now pending in the Supreme Court of New York, New York County to this Court.

Dated: March 15, 2022

**BROWN RUDNICK LLP**

By: */s/ William R. Baldiga*
William R. Baldiga, Esq.
Bennett S. Silverberg, Esq.
Uriel Pinelo, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
Email: bsilverberg@brownrudnick.com
Email: upinelo@brownrudnick.com

*Proposed Counsel for Ho Wan Kwok, Debtor*