**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM)<br><br>May 18, 2022 |

**MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO ITS OMNIBUS REPLY IN SUPPORT OF THE MOTION TO DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, PARTIAL JOINDER TO UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), creditor of the above-captioned debtor ("Kwok" or the "Debtor"), by and through its undersigned counsel, hereby moves (the "Motion") for authorization to exceed the applicable page limit requirements for *Pacific Alliance Asia Opportunity Fund L.P.'s Omnibus Reply in Support of Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "Reply"), filed concurrently herewith. In support of the Motion, PAX respectfully states as follows:

**BACKGROUND**

1. On February 15, 2022, the Debtor commenced this case following the February 9, 2022 entry of a contempt order by the New York Supreme Court (Hon. Barry R. Ostrager) and a $134,000,000.00 fine payable within five business days of the order.[2]

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

[2] *See* Ex. 1 to Ex. B to the *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* [ECF No. 57].

1

1.  On April 6, 2022, PAX filed its *Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "Motion to Dismiss") [Dkt. No. 183].

2.  The Court set a briefing schedule requiring the any opposition to the Motion to Dismiss to be filed on or before May 11, 2022 and PAX's reply to any opposition brief(s) to be filed on or before May 18, 2022. Additionally, the Court scheduled an evidentiary hearing on the Motion to Dismiss for May 25 and 26, 2022 [Dkt. No. 274].

3.  While the Debtor has consented to the relief requested in the Motion to Dismiss [Dkt. No. 344] (the "Debtor's Consent"), the Official Committee of Unsecured Creditors (the "Committee"), as well as certain creditors in their individual capacities, have opposed the dismissal. [Dkt. Nos. 346, 347, 348] (together, the "Oppositions").

4.  To address three distinct oppositions, as well as the Debtor's Consent, PAX seeks leave to file a Reply in excess of the page limits under the Local Bankruptcy Rules for the Bankruptcy Court for the District of Connecticut. These additional pages are necessary to provide the Court with the necessary factual information concerning this case, as well as related non-bankruptcy proceedings. The Reply also addresses the significant volume of case law raised in the three Oppositions, and clarifies the application of relevant multi-factor legal tests. As a result, the Court should permit PAX to file this omnibus Reply, which totals twenty-two (22) pages in length.

**BASIS FOR RELIEF**

5.  Local Rule 7007-2(a) provides, among other things, that a "reply brief shall not exceed ten (10) pages." Local Bankr. R. 7007-2(a). Although Local Rule 7007-2(a) applies on its face only to briefs in adversary proceedings (and not expressly to contested matters) in an

abundance of caution PAX seeks leave of the Court to exceed the ten-page limitation for reply briefs, and cause exists to grant the requested relief.[3]

6. Good cause exists to grant this Motion, as the Reply is an omnibus response to four distinct filings: the Debtor's Consent and the three opposition briefs to the Motion to Dismiss filed by the Committee and other individual creditors. *See supra* ¶ 3. The Oppositions total approximately fifty-seven (57) substantive pages[4] and raise numerous arguments that PAX must address in turn. Such issues cannot be reasonably addressed within the ten-page limit under Local Rule 7007-2(a).

7. Moreover, the Motion to Dismiss sought two forms of alternative relief – dismissal of the case under section 1112(b)(1) "for cause" or appointment of a trustee pursuant to section1104(a) of the Bankruptcy Code), the Oppositions respond accordingly. Among its legal arguments, the Reply rebuts the multi-factor test concerning "cause" for dismissal and both the subjective and objective prongs of a "bad faith" assessment.

8. Further, the fact-intensive inquiry concerning dismissal requires PAX to continue to clarify factual and procedural details and distinctions in this case and regarding other related proceedings in the Reply.

9. The Oppositions also cite extensive case law that PAX's Reply rebuts and/or distinguishes, as appropriate.

10. In the same way that PAX sought alternative forms of relief through the Motion to Dismiss in the interests of efficiency, PAX here seeks to continue the efficiency and serve the

---

[3] As noted *infra*, the Committee's objection exceeds Local Rule 7007-2(a)'s 25 page limit for response briefs, suggesting it also does not view Local Rule 7007-2(a) as a limitation in this contested matter.

[4] The Committee's objection is 32 pages [Dkt. No. 346] and the objection of Rui Ma, Zheng Wu, and Weican Meng is a further 25 pages [Dkt. No. 347]. Creditor Logan Cheng merely joined in the other parties' objections [Dkt. No. 348].

purposes of Local Rule 7007-2(a) by filing a single, approximately twenty-two-page omnibus Reply rather than three ten-page replies.

11. For these reasons, should Local Rule 7007-2(a) apply to the Reply, cause exists to grant PAX leave to exceed the page limit.

WHEREFORE, PAX respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit A, granting (i) PAX leave to exceed the page limitation imposed by Local Rule 7007-2(a) and (ii) such other and further relief as the Court deems just and proper.

Dated: May 18, 2022
Hartford, Connecticut

**The Movant,**
Pacific Alliance Asia Opportunity Fund L.P

By: */s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
          asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email:  pfriedman@omm.com
          ssarnoff@omm.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

                                            /s/ *Patrick M. Birney*
                                            Patrick M. Birney

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM) |

**ORDER GRANTING MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. FOR LEAVE TO EXCEED PAGE LIMIT WITH RESPECT TO ITS OMNIBUS REPLY IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, PARTIAL JOINDER TO UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Upon consideration of the motion (the "Motion")[2] for an order authorizing Pacific Alliance Asia Opportunity Fund L.P. ("PAX") to exceed the page limit for the Reply; the Court having reviewed the Motion; and the Court having found after due deliberation that PAX has demonstrated good and sufficient cause for approval thereof; it is hereby ORDERED that:

1. The Motion is granted.

2. PAX is permitted to exceed the page limit prescribed by Local Rule 7007-2(a) with respect to the Reply, which shall not exceed twenty-two (22) pages.

Dated: _____, 2022
Bridgeport, Connecticut

_____
HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Motion.