# EXHIBIT PAX 04

Debtor's Application for Authorization to Retain and Employ Verdolino & Lowey, P.C. as Financial Advisor, dated March 16, 2022, and filed on the docket in this matter as ECF No. 90

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok

VS. _____

PAX   **EXHIBIT** _____ 4 _____

DATE _____ IDEN.

DATE _4/27/2022 Admitted in Full_ EVID.

BY P.E. _____

Deputy Clerk

AO 386-A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
|                          |   |                              |
| In re:                   | : | Chapter 11                   |
|                          | : |                              |
| Ho Wan Kwok,             | : | Case No. 22-50073 (JAM)      |
|                          | : |                              |
|                          | : | Hearing Date:                |
| Debtor. [1]              | : | Hearing Time:                |
|                          | : |                              |
------------------------------------------------------------------X

### DEBTOR'S APPLICATION FOR AUTHORIZATION
### TO RETAIN AND EMPLOY VERDOLINO & LOWEY, P.C. AS FINANCIAL ADVISOR

Ho Wan Kwok, debtor and debtor-in-possession ("Mr. Kwok" or the "Debtor") in the above-captioned chapter 11 case ( "Chapter 11 Case"), hereby submits this application (this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") authorizing him to retain and employ Verdolino & Lowey, P.C. ("V&L") as his financial advisor, in accordance with the terms and conditions set forth in the services agreement, a copy of which is attached hereto as **Exhibit B** (the "Engagement Agreement"). In support of this Application, Mr. Kwok submits the Affidavit of Craig R. Jalbert, a Certified Insolvency and Restructuring Advisor and principal of V&L, attached hereto as **Exhibit C** (the "Jalbert Affidavit"), and further relies upon and incorporates by reference the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* (the "Kwok Declaration"), filed substantially contemporaneously herewith. In further support of this Application, Mr. Kwok states as follows:

---
[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

EXHIBIT 4.
JALBERT
L.1+CH
4/8/22

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding is core pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a), 327(a), 330, and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules").

## BACKGROUND

4.      On February 15, 2022 (the "Petition Date"), Mr. Kwok commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. He is a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      No trustee, examiner, or statutory committee has been appointed in this Chapter 11 Case, nor has any official committee been appointed pursuant to section 1102 of the Bankruptcy Code.

6.      Additional information about the Debtor and the events leading to the filing of this Chapter 11 Case can be found in the Kwok Declaration.

## RELIEF REQUESTED

7.      Mr. Kwok seeks entry of an order authorizing him to retain and employ V&L, as of March 3, 2022, as his financial advisor in accordance with the terms and conditions set forth in the Engagement Agreement.

2

## V&L'S QUALIFICATIONS

8.      V&L is a boutique consulting and accounting firm with extensive experience working with distressed businesses and individual chapter 11 debtors, and provides tailored services, including, but not limited to financial advisory, consulting, accounting services, tax and other related services.

9.      V&L professionals have rendered services in numerous bankruptcy matters across the country and in this District. Some of V&L's recent engagements include the following: *In re ServiCom, LLC, et al.*, Case No. 18-31722 (Bankr. D. Conn.) (AMN); *In re Donghia, Inc.*, Case No. 20-30487 (Bankr. D. Conn.) (AMN); *In re Vape Manufacturing Labs, Inc.*, Case No. 19-30566 (Bankr. D. Conn.) (AMN); *In re Triomphe Hospitality Group, Inc.*, Case No. 19-50628 (Bankr. D. Conn.) (JAM); *In re Lighthouse Hospitality, LLC*, Case No. 19-30387 (Bankr. D. Conn..) (AMN); *In re New England Confectionery Company, Inc.*, Case No. 18-11217 (Bankr. D. Mass.) (JEB); *In re The Paper Store, LLC* (Case No. 20-40743 (Bankr. D. Mass.) (CJP); *In re Shamrock Finance, LLC*, Case No. 21-10315 (Bankr. D. Mass.) (FJB); *In re Kossoff, PLLC*, Case No. 21-10699 (Bankr. S.D.N.Y.) (DSJ); *In re 1141 Realty Owner, et al.*, Case No. 18-12341 (Bankr. S.D.N.Y.) (SMB); and, *In re Sammy Eljamal*, Case No. 15-22872 (Bankr. S.D.N.Y.) (RDD).

## SERVICES TO BE RENDERED

10.      Pursuant to the Engagement Agreement, and subject to approval by the Court, V&L has agreed to provide the services set forth below (collectively, the "Financial Advisory Services"),

    a.      Assistance with preparation of the Statement of Financial Affairs and the Schedules, and all support thereto and any amendments, if necessary;

    b.      Assistance with preparation and/or review of cash flow and related budget projections and including advising as to post-filing finances;

    c.      Opening and maintaining the DIP account, and effectuating disbursements when necessary and providing accounting of all cash activity;

3

    d.    Preparation, review, and analysis of Monthly Operating Reports and/or Quarterly Reporting;

    e.    Assistance with preparation and/or review of estate federal and state income tax filings;

    f.    Assistance with reviewing, reconciling, analyzing and, if necessary, objecting to proofs of claim;

    g.    Assistance with reviewing Debtor books and records for possible avoidable transactions such as preference and fraudulent transfer claims;

    h.    Assistance with any necessary litigation support;

    i.    Assistance with plan development and preparation, including feasibility;

    j.    General consulting and assistance with any other matters and tasks that may arise, and as may be directed by you or the Debtor.

## DISINTERESTEDNESS OF V&L

11.    V&L has reviewed its electronic database to determine whether it has any relationships with the creditors and parties-in-interest provided by Mr. Kwok. To the best of Mr. Kwok's knowledge and except to the extent disclosed herein and in the Jalbert Affidavit: (a) V&L is a "disinterested person" (within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code) and neither holds nor represents any interest materially adverse to this Chapter 11 estate in connection with any matter on which V&L would be employed; (b) V&L has no connections to Mr. Kwok, his creditors or other parties-in-interest in this Chapter 11 Case, or the attorneys and advisors of the foregoing.

12.    V&L will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure

## COMPENSATION OF V&L

13.    V&L's decision to accept this engagement to advise and assist Mr. Kwok is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it

PAX-004-004

incurs with its customary billing practices, as set for in the Engagement Agreement. The terms of

the employment of V&L and its professionals by Mr. Kwok, subject to the approval of the Court,

is as follows:

| Title | Hourly Rate |
|---|---|
| Principal | $515 |
| Managers | $275 - $425 |
| Staff | $225 - $395 |
| Bookkeepers | $225 - $245 |
| Clerical | $95 |

14.    In the normal course of business, V&L revises its hourly rates in September of each

year. Changes in applicable hourly rates will be noted on the invoices for the first time period in

which the revised rates became effective.

### BASIS FOR RELIEF

15.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other
> professional persons, that do not hold or represent an interest adverse to the estate,
> and that are disinterested persons, to represent or assist the [debtor] in carrying out
> the [debtor's] duties under this title.

11 U.S.C. § 327(a).

16.    Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm]
> to be employed, the reasons for the selection, the professional services to be
> rendered, any proposed arrangement for compensation, and, to the best of the
> applicant's knowledge, all of the [firm's] connections with the debtor, creditors,
> any other party in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

17.    Mr. Kwok respectfully submits that section 327 of the Bankruptcy Code authorizes

him to hire a firm like V&L to render the Financial Advisory Services described herein in this

PAX-004-005

Chapter 11 Case. Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this Application. The retention of V&L as financial advisor in this Chapter 11 Case is in the best interests of the Chapter 11 estate, its creditors, and other parties-in-interest.

## NO DUPLICATION OF SERVICES

18.    The services provided by V&L will complement, and not duplicate, the services to be rendered by any other professionals retained in this Chapter 11 Case.

## NOTICE

19.    Notice of this Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) each of Debtor's 20 largest unsecured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Connecticut; and (v) any such other party entitled to receive notice pursuant to Local Rule 2002. The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

20.    No previous request for the relief sought herein has been made by the Debtor in this or in any other court.

*"__Concluded on following page__"*

6

## CONCLUSION

**WHEREFORE**, Mr. Kwok respectfully requests that this Court enter an order in the form

attached hereto as **Exhibit A** authorizing him to employ and retain V&L as his financial advisor

and granting such other and further relief as is just and proper.

Dated: March 16, 2022

<div style="margin-left:50%">

Ho Wan Kwok, Debtor and Debtor-in-Possession

By: */s/ Ho Wan Kwok*_____
    Ho Wan Kwok

</div>

7

**Exhibit A**

**Proposed Order**

PAX-004-008

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Ho Wan Kwok, | : | Case No. 22-50073 (JAM) |
|  | : |  |
|  | : |  |
| Debtor. [1] | : |  |
|  | : |  |

-------------------------------------------------------------------X

**ORDER GRANTING DEBTOR'S APPLICATION FOR AUTHORIZATION**
**TO RETAIN AND EMPLOY VERDOLINO & LOWEY, P.C. AS FINANCIAL ADVISOR**

Upon the application (the "Application")[2] of Mr. Ho Wan Kwok ("Mr. Kwok" or the

"Debtor") for authority to employ and retain Verdolino & Lowey, P.C. ("V&L") as his financial

advisor in this Chapter 11 Case, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy

Rule 2014, and Local Rule 2014-1, as more fully set forth in the Application; and upon

consideration of the Jalbert Affidavit; and the Court having found that V&L is a "disinterested

person" as such term is defined under section 101(14) of the Bankruptcy Code, as supplemented

by section 1107(b) of the Bankruptcy Code; and this court having found the terms and conditions

of V&L's employment, including but not limited to the terms set forth in the Engagement

Agreement and Application, are reasonable under section 330 of the Bankruptcy Code; and the

Court having jurisdiction to consider the Application and the relief requested therein pursuant to

28 U.S.C. §§ 157 and 1334, and consideration of the Application and the requested relief being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having held a hearing on the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of Mr. Kwok, this Chapter 11 estate, and its creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is approved as provided herein.

2.      Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, Mr. Kwok is hereby authorized to employ and retain V&L as his financial advisor in this Chapter 11 Case, effective as of March 3, 2022, and in accordance with the terms and conditions set forth in the Engagement Agreement attached to the Application as Exhibit B.

3.      V&L shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

4.      The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Case, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Case to cases under chapter 7.

5.      To the extent that there is any inconsistency between the Engagement Agreement, the Application and this Order, the provisions of this Order shall apply.

2

6.    Mr. Kwok and V&L are authorized to take all steps necessary or appropriate to carry out this Order.

7.    Without further orders by this Court, Verdolino & Lowey, PC is authorized to take any and all actions necessary to open and maintain a segregated deposit account established on the Debtor's behalf with a financial institution that has entered into an authorized depository agreement with the Office of the United States Trustee, to be (i) designated solely as the "DIP Account" and (ii) under which Craig Jalbert, of Verdolino & Lowey, PC, shall be the sole authorized signatory.

8.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Honorable Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

3

PAX-004-011

## **Exhibit B**

**Engagement Agreement**

PAX-004-012

**Verdolino**
**&Lowey, P.C.**

C E R T I F I E D
P U B L I C
A C C O U N T A N T S

Pine Brook Office Park
124 Washington Street
Foxborough, MA 02035
508-543-1720
FAX 508-543-4114

March 3, 2022

Bennett S. Silverberg
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

Via e-mail     BSilverberg@brownrudnick.com

    **Re:**   **Ho Wan Kwok, Debtor**
           **US Bankruptcy Court, District of Connecticut**
           **Bridgeport Division, Chapter 11 Case No. 22-50073 (JAM)**
           **Engagement of Verdolino & Lowey, P.C.**

Dear Mr. Silverberg:

    We are pleased that you in your capacity as counsel to the above referenced Debtor plan to engage Verdolino & Lowey, P.C. ("Firm") to provide financial advisory, consulting, accounting services, tax and other services described below relative to the bankruptcy filing referred to above. This letter will serve as the agreement between the parties as to the terms and conditions of the Firm's retention and will set forth the basis upon which we have agreed to undertake this engagement, subject to Bankruptcy Court review and approval.

    Our engagement will be designed to perform the following services:

- Assistance with preparation of the Statement of Financial Affairs and the Schedules, and all support thereto and any amendments, if necessary;

- Assistance with preparation and/or review of cash flow and related budget projections and including advising as to post-filing finances;

- Opening and maintaining the DIP account, and effectuating disbursements when necessary and providing accounting of all cash activity;

- Preparation, review, and analysis of Monthly Operating Reports and/or Quarterly Reporting;

- Assistance with preparation and/or review of Estate federal and state income tax filings;

- Assistance with reviewing, reconciling, analyzing and, if necessary, objecting to proofs of claim;

- Assistance with reviewing Debtor books and records for possible avoidable transactions such as preference and fraudulent transfer claims;

- Assistance with any necessary litigation support;

- Assistance with plan development and preparation, including feasibility;

PAX-004-013

Bennett S. Silverberg, Esq.
Brown Rudnick LLP
March 3, 2022
Page 2 of 4

- General consulting and assistance with any other matters and tasks that may arise, and as may be directed by you or the Debtor.

To the extent that the need for additional services require expansion of this engagement, you and the Firm will mutually agree to amend this engagement letter. However, it is understood that you and the Debtor have the discretionary power to limit the scope of our engagement as this matter progresses. We understand that our communication, both orally and in writing, would be privileged to the extent allowed, and that we will take direction from you.

It is the Debtor's responsibility to provide all the information required for the preparation of complete and accurate statements and schedules. Our work in connection with the potential preparation of your income tax returns does not include procedures designed to discover defalcations or other irregularities, should any exist.

We will use professional judgment in resolving questions where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretations of the law and other supportable positions. Unless otherwise instructed by you, we will resolve such questions in your favor whenever possible.

The parties agree that this retention is subject to the Bankruptcy Court's jurisdiction.

I will be the primary partner on this engagement. The Firm will staff the engagement with personnel based on years and nature of experience. We will work diligently to provide excellent services at a reasonable cost.

**Payment for Our Fees and Expenses**

We customarily charge for our services on an hourly basis. The hourly fee will vary depending upon the person who is working on the matter and the fee schedule then in effect. We review our rates during August of each year and adjustments generally will become effective for work performed on or after the following September 1st. Work will be charged at our standard hourly rates and invoiced to you monthly, together with all necessary out-of-pocket expenses including, but not limited to: travel, telecommunication and facsimile, photocopying, postage and delivery. My hourly rate, effective September 1, 2021, is $515.00. The hourly rates of staff to be assigned to this engagement vary but range from $170.00 to $425.00 per hour. Each of our staff maintains detailed time records of services performed. This practice results in a monthly billing statement showing, on a daily basis, the amount of time spent, the work performed, by whom, and the total amount charged. An invoice and statement for fees and expenses will be issued during the month following performance of the services. We will not require a post-petition retainer in this matter.

PAX-004-014

Bennett S. Silverberg, Esq.
Brown Rudnick LLP
March 3, 2022
Page 3 of 4

### *Review and Waiver of Conflicts*

We have evaluated potential conflicts of interest with respect to the parties of interest in this matter.  We are not aware of any actual conflicts regarding our past or current representation of any persons or entities you or the Debtor have identified to us as being involved in this matter, in connection with the services contemplated by this letter.  We must rely on you and the Debtor to tell us if and when you identify additional relationships with other individuals or entities in the future that we should screen for possible conflicts of interest.  Should we identify a potential conflict of interest in the future full disclosure will be made to you as soon as we become aware of it.  You should recognize, however, that the Firm is a general service accounting firm and that it represents numerous clients on a wide variety of matters.  These clients may include those who are averse to you or the Debtor on matters unrelated to the scope of our services covered by this letter.  In order to assure our mutual understanding and agreement about our policy and approach to this type of situation, we ask that you confirm by your signature below that you consent to our representation of such other clients in the future where we determine and you and they agree, after full disclosure of the circumstances, that: 1) our Firm would not be hindered in continuing to do the work contemplated by this engagement letter; 2) our Firm's independent professional judgment would not be adversely affected by undertaking the representation of another client; and, 3) such representation would not involve the use or disclosure of any confidential information regarding you or the Debtor.  Under such circumstances, you agree that consent to such other representation will not be unreasonably withheld.

In any event, following the completion of this engagement, we will not be precluded from accepting engagements on behalf of other clients that may be adverse to you and the Debtor if such engagements are unrelated to the scope of our representation as described in this letter and provided, of course, that any and all information that may be disclosed to the Firm in the course of its representation of you and the Debtor shall not be disclosed to any current or future client of the firm.

My Affidavit as a disinterested party will accompany this engagement letter and the motion to employ the firm when filed with the Bankruptcy Court.

### *Termination of Representation*

You and the Debtor have the right to terminate our engagement at any time with 30-day notice.  We will have the same right.  Upon any such termination, all fees and expenses previously incurred and all costs previously advanced will be billed. We will expect payment at the conclusion of this matter in accordance with the fees and expenses discussion above, all subject to Bankruptcy Court approval

Unless previously terminated by us in writing, our engagement by you shall be deemed terminated upon our sending you or filing a final fee application in accordance with the Bankruptcy Code and all applicable local bankruptcy rules.  During the engagement and following such termination, all information supplied to us in the course of same will be kept confidential.

Bennett S. Silverberg, Esq.
Brown Rudnick LLP
March 3, 2022
Page 4 of 4


At the conclusion of our services to you and the Debtor in this matter, by termination or otherwise, our files pertaining to the engagement will be retained by the Firm. All such documents will be transferred to the person responsible for administering our records retention program. For various reasons including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time following termination of the engagement.

If the foregoing fairly sets forth your understanding, please sign the enclosed copy of this letter in the space indicated and return it to our office.

My associates and I look forward to working with you on this matter and want to reiterate that we appreciate this opportunity. We welcome any suggestions you may have at any time as to how we might better be of service.


Very truly yours,
Verdolino & Lowey, P.C.


By:
Craig R. Jalbert, CIRA


_____ on behalf of the Debtor hereby agrees to retain Verdolino & Lowey, P.C., on the foregoing terms.


_____
Duly Authorized

Dated:

**Exhibit C**

**Jalbert Affidavit**

PAX-004-017

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------------X
                                                                  :
In re:                                                            :   Chapter 11
                                                                  :
      Ho Wan Kwok,                   :   Case No. 22-50073 (JAM)
                                                                  :
                                                                  :
          Debtor.   :
                                                                  :
------------------------------------------------------------------X

## AFFIDAVIT OF CRAIG R. JALBERT IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORIZATION TO RETAIN AND EMPLOY VERDOLINO & LOWEY, P.C. AS FINANCIAL ADVISOR

       I, **CRAIG R. JALBERT**, of Verdolino & Lowey, P.C. ("V&L"), hereby make solemn oath:

       1.     I am a Certified Insolvency and Restructuring Advisor and a principal of V&L.

       2.     V&L maintains an office at 124 Washington Street, Foxborough, Massachusetts 02035.

       3.     In connection with the Debtor's proposed retention of V&L, an extensive review (the "Connections Check") of V&L's connections (as such term is used in Bankruptcy Rule 2014(a)) with the Debtor, his creditors, any other party-in-interest herein, or their respective attorneys or accountants (collectively, the "Case Parties") was conducted. For the purpose of compiling the list of Case Parties, V&L utilized the interested party listing provided by Debtor's counsel and advisors in connection with his retention of Brown Rudnick LLP in his Chapter 11 case against which to perform V&L's Connections Check.

       4.     For the purposes of V&L's retention in this Chapter 11 case, only potential connections that existed as of February 15, 2022, through the date hereof were checked. These

PAX-004-018

connections were then reviewed to identify any relationship that would need to be disclosed in accordance with Bankruptcy Rule 2014. Neither I, V&L, nor any of its shareholders and employees have any connection with the Debtor, or any creditor or other party in interest, their respective attorneys and accountants as defined in Rule 2014(a) of the Federal rules of Bankruptcy Procedure except for the following:

a)   Brown Rudnick, LLP ("BR") is proposed counsel to represent the Debtor in this case. BR represents various parties of interest in other wholly unrelated cases in which the Firm is also employed including, but not limited to: *Reed and Barton Corporation*, Case No. 15-10534-HJB (Bankr. D. Mass.) where BR represented the Creditor Committee and the Firm is the Debtor's Accountant and Financial Advisor; *Corinthian Colleges, Inc.*, Case No. 15-10952-KJC (Bankr. D. Del) where BR represented the Creditors' Committee and I am the Post Confirmation Fiduciary; *Cosi, Inc. et al.*, Case No. 16-13704-MSH (Bankr. D. Mass) where BR represents a creditor and I am the Post-Confirmation Liquidating Trustee; *FIAC, Inc.*, Case No. 16-12238-BLS (Bankr. D. Del.) where BR is Counsel to the Trustee and the Firm is the Trustee's Accountant; *Bulbs and Lamps* Corp, Case No. 17-13196-JNF (Bankr. D. Mass.) where BR represents a creditor and the Firm is the Trustee's Accountant; *F-Squared Investment Management, LLC*, Case NO. 15-11469-LSS (Bankr. D. Del.) where BR was Counsel to the Credits' Committee and the I am the post-confirmation fiduciary and BR is my counsel; *Exide Technologies*, Case No. 13-11482-KLS (Bankr. D. Del.) where I and the post-confirmation fiduciary and BR is my counsel; *HMH Media, Inc.*, Case No. 17-12881-LSS (Bankr. D. Del.) where BR was Co-Counsel to the Debtor and I was the post-

confirmation fiduciary and BR was my counsel; *Patricia Pierce Fitzgerald*, Case
No. 19-12051-JEB (Bankr. D. Mass.) where BR represented the Debtor and the
Firm is the Trustee's Accountant.

b)    Robinson & Cole, LLP ("R&C") represents one of the 20 largest creditors in this
case.  R&C represents various parties of interest in unrelated bankruptcy cases in
which the Firm and its employees are employed including, but not limited to:  Top
*Tier Site Development,* Corp., Case No. 17-14107-JNF (Bankr. D. Mass.) where
R&C represents a creditor and the Firm is the Trustee's Accountant; *Anthony and
Patricia Vitale*, Case No. 16-41440-CJP (Bankr. D. Mass.) where R&C represents
a Creditor and I was the post-confirmation fiduciary; *Curtis James Jackson, III*,
Case No. 15-21233-AMN (Bankr. D. Ct.) where R&C represented a creditor and
the Firm is the Dispersing Agent; *Alliance Security, Inc.*, Case No. 17-11190-DF
(Bankr. D. R.I.) where R&C represented the Unsecured Creditors' Committee and
the Firm is the Trustee's Accountant; *New Hampshire Land Investment Company,
LLC*, Case No. 20-10721-BAH (Bankr. D. N.H.) where R&C represents a Creditor
and the Firm is the Trustee's Accountant; *Robert J. Spenlinhauer*, Case No. 13-
17191-JNF (Bankr. D. Mass.) where R&C represents an Interested Party and the
Firm is the Trustee's Accountant; *Carla's Pasta, Inc. and Suri Realty, LLC*, Case
No. 21-20111-JJT (Bankr. D. Ct.) where R&C represents a creditor and I am the
post-confirmation fiduciary; *Casey C. Roberts*, Case No. 16-10682-DF (Bankr. D.
R.I.)    where R&C is Counsel to the Trustee and the Firm is the Trustee's
Accountant. The Firm does not represent R&C, its attorneys or its client in this
case.

c)    O'Melveny & Myers LLP ("O&M") represents one of the 20 largest creditors in

this case. O&M represents various parties of interest in unrelated bankruptcy cases

in which the Firm and its employees are employed including, but not limited to:

*Lyondell Chemical Company*, Case No. 09-10023-REG (Bankr. D. Del.) where

O&M represents the Debtor and the Firm is the Plan Administrator; *New England*

*Confectionery Company, Inc.*, Case No. 18-11217-MSH (Bankr. D. Mass.) where

O&M represents an Interested Party and the Firm is Trustee's Financial Advisor

and Accountant. The Firm does not represent O&M, its attorneys or its client in

this case.

5.    Notwithstanding the foregoing, I hereby represent that I and each member of my

Firm are "disinterested persons" as that term is defined in 11 U.S.C. Sec. 101(14).

6.    I shall amend this statement immediately upon my learning that (a) any of the

within representations are incorrect or (b) there is any change of circumstance relating thereto.

6.    The professional services to be rendered by V&L will include those required by the

debtor in the above-captioned chapter 11 case and detailed in the Application for the Authority to

Employ and Appoint Financial Advisor.

7.    The terms of the employment of said accountants agreed to by the Applicant,

subject to the approval of the Court, is as follows:

- Principals          $515
- Managers          $275 - $425
- Staff                  $225 - $395
- Bookkeepers     $225 - $2435
- Clerical             $95

In the normal course of business, V&L. revises its hourly rates in September of each year. V&L

request the rates be revised to regular hourly rate which will be in effect at that time, recognizing

that payment of any compensation is subject to approval by the Court.

Signed under the pains and penalties of perjury this 11th day of March 2022.

Craig R. Jalbert, CIRA
Verdolino & Lowey, P.C.
124 Washington Street
Foxboro, MA 02035
(508) 543-1720

PAX-004-022

Subscribed and sworn to before me this 11th day of March 2022.

Notary Public

My Commission Expires:

THOMAS C. BAILEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 6, 2023