**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
|    Ho Wan Kwok, | : Case No. 22-50073 (JAM) |
| | : |
|    Debtor.[1] | : |
| | : |

**SUPPLEMENTAL MEMORANDUM OF LAW OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS ADDRESSING THE ALTERNATIVES OF DISMISSAL, CONVERSION OR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE[2]**

The Official Committee of Unsecured Creditors (the "Committee") of the above-named Debtor and Debtor in Possession, Ho Wan Kwok (the "Debtor" or "Kwok"), hereby submits this Supplemental Memorandum of Law Addressing the Alternatives of Dismissal, Conversion or the Appointment of a Chapter 11 Trustee in respect of PAX's Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee, filed on April 6, 2022 (the "Dismissal Motion").[3]

**PRELIMINARY STATEMENT**

To further its own uniquely situated interests as an unsecured creditor of this estate, which by necessary implication it claims must be given predominance over the interests of all

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2] At a status conference held on May 17, 2022, the Committee and PAX reported their agreement that "cause" exists under 11 U.S.C. §§ 1112(b)(1) and 1104(a)(1) for dismissal, conversion or the appointment of a chapter 11 trustee, and that the proceedings on the Dismissal Motion would be confined to addressing and asking the Court to decide which of those alternatives should be chosen as a form of relief on the Dismissal Motion and the United States Trustee's Motion for an Order Directing the Appointment of an Examiner or, in the Alternative, Motion for an Order Directing the Appointment of a Chapter 11 Trustee (the "Examiner/Trustee Motion"). The court permitted supplemental briefing on that issue.

[3] Capitalized terms that were defined in the Committee's Opposition to the Dismissal Motion (ECF No. 346) (the "Committee Opposition"), if used herein, shall have the same meanings ascribed to them in the Committee Opposition.

other unsecured creditors, PAX has moved for a dismissal of this chapter 11 case for "cause" under 11 U.S.C. § 1112(b)(1) on the grounds that the Debtor is "misusing the bankruptcy system," filed his chapter 11 petition in bad faith, and is grossly mismanaging the estate. The transparent purpose of PAX's request for dismissal is to enable it to realize for itself all the Debtor's assets which PAX itself maintains belong to the Debtor, notwithstanding the Debtor's claims to the contrary. As more fully set forth below, the profile of this case demands either its conversion to chapter 7 or the appointment of a chapter 11 trustee so that a proper investigation into the Debtor's affairs can be conducted and assets in which the Debtor clearly has an interest can be marshalled and liquidated for the benefit of all creditors.

## BRIEF RELEVANT BACKGROUND

Prior to the Petition Date, the Debtor was found to have "a beneficial interest in … the Lady May," and "ha[d] taken extraordinary steps to shield the yacht from his creditors." (February 9, 2022 Decision at 9). This interest is unquestionably a valuable asset that should be available to all creditors in a bankruptcy proceeding and can easily be realized through the pending adversary proceeding initiated by HK USA in this Court (Adv. 22-5003) (the "Boat Adversary Proceeding") and the advancement, by dispositive motion, of the doctrines of res judicata, collateral estoppel and/or the Rooker-Feldman doctrine. The Debtor's interest in the Lady May is property of the estate and is not subject to any lien of PAX.

Still further, the Debtor acknowledges holding the 100% equity interest in Genever Holdings Corp. ("Genever BVI"), which, in turn, holds the membership interests in Genever Holdings, LLC ("Genever US"), the record owner of the 18th Floor of the Sherry Netherland apartment on Fifth Avenue in New York (the "Sherry Netherland Apartment") (Kwok Dec. ¶33b). Kwok claims, however, that it is held in trust for his son's company, Bravo Luck Limited

2

("Bravo Luck") (*Id.*). The issue of ownership of the Sherry Netherland Apartment is currently the subject of a settlement agreement approved in the chapter 11 case of Genever US, Case No., Case No. 20-12411-JLG ("Genever Chapter 11 Case")[4], whereby the parties (PAX, Bravo Luck and Genever US) agreed that PAX could litigate to conclusion the ownership issue in the New York Supreme Court Action (Supreme Court, New York County, Index No. 652077/2017) (Genever Chapter 11 Case, ECF No. 131-1, at 7). Of note, the Sherry Netherland Apartment was purchased for $70 million (Friedman Dec., Ex. 11) and prior to the Petition Date, Kwok's equity interest therein was subject to a turnover order (Friedman Dec., Ex. 30) (the "Turnover Order") and a motion for contempt against Kwok for not complying with the Turnover Order (Friedman Ex. 31). Hon. Melanie L. Cyganowski (Ret.) was approved by court order to be the Sales Officer for the Sherry Netherland Apartment (Genever Chapter 11 Case, ECF No. 142), Sotheby's International Realty was authorized to be retained as the broker (Genever Chapter 11 Case, ECF No. 168), and the Sherry Netherland Apartment is currently listed for sale at $38,500.000.00.[5] The Debtor's equity interest in Genever BVI is clearly property of his estate, and is not subject to any lien of PAX. Yet other potential assets of the estate are two properties in Greenwich, Connecticut (373 Taconic Rd. and 33 Ferncliff Rd.) which Kwok claims are owned by a company owned by his wife, Greenwich Land, LLC.

In addition, Kwok was found by Judge Ostrager (after presiding over a case with 1,180 docket entries) to have engaged in "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidents, and family members"

---

[4] The settlement agreement is the Second Amended and Restated Settlement Agreement (Genever Chapter 11 Case, ECF No. 131-1) (the "Genever Settlement Agreement"), and was approved by order entered October 8, 2021 (Genever Chapter 11 Case, ECF No. 141).
[5] The listing can be found at https://www.sothebysrealty.com/eng/sales/detail/180-l-1182-z8xtd9/781-fifth-avenue-18fl-upper-east-side-new-york-ny-10022.

3

(February 9, 2022 Decision at 1), and PAX itself has acknowledged it is "on the cusp of reaching" Kwok's "hidden assets" (Dismissal Motion at 32). PAX also has substantial veil piercing claims pending in the New York Supreme Court Action (Friedman Dec., Ex. 4) and in the British Virgin Islands[6] that are assets of this estate.

## ARGUMENT

### I.
### ONCE CAUSE IS FOUND, THE COURT MUST DETERMINE WHETHER CONVERSION, DISMISSAL OR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE

"Once 'cause' [under 11 U.S.C. § 1112(b)(1)] is established by the moving party, … the Court must determine whether a Chapter 11 trustee should be appointed or the case should be dismissed or converted to one under Chapter 7." *In re Products International Co.*, 395 B.R. 101, 111 (Bankr. D. Ariz. 2008). *See also* 7 COLLIER ON BANKRUPTCY ¶ 1112.04[7], at 1112-48 (Richard Levin & Henry Sommer eds., 16th ed. 2022) (identifying options of conversion, dismissal or appointment of a chapter 11 trustee as ones that must be considered once "cause for relief under section 1112(b) is established"). "If the parties disagree on conversion, dismissal or appointment of trustee or examiner, the court should evaluate and choose the alternative that would be most advantageous to the parties and the estate as a whole." 7 COLLIER ON BANKRUPTCY ¶ 1112.04[7], at 1112-49 (Richard Levin & Henry Sommer eds., 16th ed. 2022).

The necessary determination of conversion, dismissal or the appointment of a chapter 11 trustee must be made regardless of whether the singular form of relief sought by the moving party is dismissal, in which case the moving party bears the burden to demonstrate that dismissal

---

[6] *See* Pax's Amended Statement of Claim dated October 16, 2020 and Pax's Reply to the Defence of the First, Second, Third and Fourth Defendants and Defence to the Counterclaim of the Second and Fourth Defendants dated January 29, 2021 in *Pacific Alliance Asia Opportunity Fund LP v. Genever Holdigns Corp. et al*, Claim No. BVIHCM 0137 of 2020 (Eastern Caribbean Supreme Court, Virgin Islands, Commercial Division)

4

is in the best interests of creditors and the estate. *See SWJ Management, LLC v. Coan*, 551 B.R. 93, 98 (D. Conn. 2015) ("[w]hen a party moves for one of conversion or dismissal rather than the other, the movant bears the burden to show its preferred action is in the best interests of creditors and the estate"), *appeal dismissed* No. 15-3338 (2d Cir. Dec. 16, 2015). *See also In re Julian*, No. 11-30151 (LMW), 2012 WL 506573, at *1, 5 (Bankr. D. Conn. Feb. 15, 2012) (creditor that had moved to dismiss case established "cause" based on debtor's bad faith, but court converted case to chapter 7 instead so that a trustee could investigate "irregularities with respect to Debtor's prepetition and postpetition conduct").

It matters not that the Debtor himself favors dismissal of this case. *SWJ*, 551 B.R. at 98 ("[a] chapter 11 debtor's preference for dismissal is not dispositive" and "[i]f dismissal will prejudice the parties, a court may refuse to allow the debtor to dismiss the petition") (internal quotation and citation omitted). *See also Francis v. Harrington* (*In re Francis*), BAP No. MB 18-012, 2019 WL 1265316, at *7 (1st Cir. BAP Mar. 14, 2019) ("the Debtor's desire to extricate himself from bankruptcy does not impact the analysis").

## II.
## PAX CANNOT SHOW THAT DISMISSAL OF THIS CASE IS IN THE BEST INTERESTS OF CREDITORS AND THE ESTATE

In determining what is in the best interests of creditors and the estate,

> the bankruptcy court has an independent obligation under § 1112 to consider a dismissal's impact on what would happen to all creditors on dismissal and, in light of its analysis, whether dismissal or conversion would be in the best interest of all creditors, ***not just the largest and most vocal creditor*** [citing authority]. Indeed, a bankruptcy court abuses its discretion if it fails to consider whether conversion or dismissal is in the creditors' and the estate's best interests.

*In re Premier Golf Properties, LP*¸ 564 B.R. 710, 723 (Bankr. S.D. Cal. 2016) (emphasis added). In the analysis, the Bankruptcy Code's "fundamental policy of achieving equality among creditors" must be considered, and "it is not served by merely tallying the votes of the unsecured

5

creditors and yielding to the majority interest." *Id.* Indeed, a bankruptcy court's dismissal of the case, rather than conversion, has been vacated where the court yielded to "the consensus of a majority of [the debtor's] creditors," who were in favor of dismissal, and did not compare "creditors' interests in bankruptcy with those they would have under state law." *Rollex Corp. v. Associated Materials Corp.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 243 (4th Cir. 1994). The Fourth Circuit explained that "had [the court] taken into account the interests of all the creditors, the court would have likely concluded … that the interests of the creditors would have been better served by conversion … to a Chapter 7 proceeding." *Id.*. *Rollex* remains good law. *See Lakefront Investors LLC v. Clarkson*, 484 B.R. 72, 83-84 (D. Md. 2012).

It has been held that creditors are best served by the course of action that "provides the best chance for the largest number of creditors to be paid the largest amount of money in the shortest amount of time." *In re 1121 Pier Village LLC*, 635 B.R. 127, 142 (Bankr. E.D. Pa. Jan. 11, 2022). *See also In re Capra,* 614 B.R. 291, 297 (Bankr. N.D. Ill. 2020). In addition, conversion will be favored over dismissal where "more investigation is necessary to uncover the debtor's potential hidden assets," *Mitan v. Duval* (*In re Mitan*), 573 F.3d 237, 247 (6th Cir. 2009), or to allow a chapter 7 trustee to investigate "irregularities with respect to the Debtor's prepetition and postpetition conduct." *In re Julian*, No. 11-30151 (LMW), 2012 WL 506573, at *1, 5 (Bankr. D. Conn. Feb. 15, 2012). *See also SWJ*, 551 B.R. at 99 (citing decision for proposition that "the need for a neutral, unbiased trustee to investigate transfers favored conversion over dismissal") (internal quotation and citation omitted). Conversion is also favored where a chapter 7 trustee could pursue estate causes of action, *In re Team Systems International LLC*, Case No. 22-10066 (CTG), at *17 (Bankr. D. Del. Mar. 30, 2022); *In re Westhampton Coachworks, Ltd.*, Nos. 09-73008-ast. 09-73009-ast, 2010 WL 5348422, at *7 (Bankr. E.D.N.Y.

6

2010), or "oversee the liquidation and distribution of assets," *In re Speer*, Case No. 3:15-cv-646-RNC, 2018 WL 587313, at *1 (D. Conn. Jan. 29, 2018). In particular, "if the creditors are better served by the centralized collection and disbursement provided by the bankruptcy process, then conversion, rather than dismissal, is in the best interests of creditors and serves as the preferred remedy." *In re Babayoff*¸ 445 B.R. 64, 82 (Bankr. E.D.N.Y. 2011) (internal quotation and citation omitted). Administrative insolvency, such as exists in this case, also favors conversion over dismissal. *In re BH S&B Holdings, LLC*, 439 B.R. 342, 349 (Bankr. S.D.N.Y. 2010). Additional factors to consider are "'whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests'." *SWJ*, 551 B.R. at 99 (quoting Collier treatise).

The profile of this case overwhelmingly suggests that conversion is in the best interests of creditors and the estate, as it will allow the estate's claims to the Lady May and the Sherry Netherland Apartment, as well as the veil piercing claims brought by PAX prepetition, to be adjudicated, marshalled and liquidated in a centralized forum for the benefit of *all* creditors. In contrast, a dismissal will undoubtedly aid PAX in realizing on those assets for itself while other creditors are left behind to engage in a race to the courthouse to obtain their judgments. Conversion will also allow for a proper investigation into the Debtor's "potential hidden assets" that PAX says it was on the "cusp of reaching" before this case was filed, and creditors are most certainly in need of a chapter 7 case to protect their interests because otherwise, PAX will realize upon all of the Debtor's assets outside of bankruptcy. In that respect, dismissal would be antithetical to the fundamental bankruptcy purpose of equality of distribution among creditors.

Although there is currently no funding to litigate estate causes of action, a chapter 7 or 11 trustee would have an opportunity to either obtain litigation funding, which has been approved in

7

bankruptcy cases, *see e.g. Dean v. Seidel*, Civil Action No. 3:20-CV-01834, 2021 WL 1541550 (N.D. Tex. Apr. 20, 2021), *appeal dismissed* 18 F.4th 842 (5th Cir. 2021); *In re Land Resource, LLC*, 505 B.R. 571, 587 (M.D. Fla. 2014), or locate special counsel who would be willing to be retained on a contingency fee basis.

### III.
### APPOINTMENT OF A CHAPTER 11 TRUSTEE

If the Court is of the view that conversion is not in the best interests of creditors and the estate, the appointment of a chapter 11 trustee is a better alternative than dismissal. Acrimony with creditors and a debtor's inherent conflicts of interests, both of which exist in this case, are sufficient cause to appoint a chapter 11 trustee. *In re Taub*, 427 B.R. 208, 229 (Bankr. E.D.N.Y. 2010), *aff'd* 2011 WL 1322390 (E.D.N.Y. Mar. 31, 2011). Similarly, as also exists in this case, a debtor's failure to conduct impartial investigations to decide whether to pursue estate recoveries is also cause for the appointment of a chapter 11 trustee. *In re Sillerman*, 605 B.R. 631, 648 (Bankr. S.D.N.Y. 2019). In *Sillerman*, the bankruptcy court found cause to convert and for the appointment of a chapter 11 trustee, but chose the latter form of relief at the recommendation of the creditors' committee. *Id.* at 657.

Even when bad faith is found, "in many situations, the court might be better advised to address the bad faith conduct of the debtor … in a manner other than through dismissal of the proceedings." 7 COLLIER ON BANKRUPTCY ¶ 1112.07[4], at 1112-64 (Richard Levin & Henry Sommer eds., 16th ed. 2022). The Collier treatise provides the following pertinent example:

> the debtor may be guilty of the most egregious bad faith in the handling of the case, and yet the reorganization might still be in the best interests of all concerned. In situations of this kind, the court might take a more surgical approach, and rather than dismiss the case, the court might simply appoint a chapter 11 trustee. Indeed, if it appears that creditors would be better off with a

8

reorganization notwithstanding the debtor's bad faith, it might be an abuse of discretion for the court to order dismissal.

*Id.*

In this case, a chapter 11 trustee would have the same ability as a chapter 7 trustee to attract litigation funding or special counsel to pursue estate claims, while the chapter 11 process would remain open for a possible creditor plan of reorganization[7] which could equitably divide estate assets. This is preferable to dismissal.

## IV.
## DISMISSAL

If the Court is of the view that the case should be dismissed, dismissal should be conditioned on payment of all professional fees incurred by the Committee for services that were rendered in furtherance of its statutory duties. Further, in consideration of dismissal, the Court should order counsel for the Debtor to disclose whether or not any agreement has been made for payment of its fees that has not been previously disclosed. *See* Fed. R. Bankr. P. 2016(b); 11 U.S.C. § 329(a).

Dated: Bridgeport, Connecticut
May 20, 2022

                                                **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By: */s/Irve J. Goldman*
      Irve J. Goldman
      Jonathan A. Kaplan
      Pullman & Comley, LLC
      850 Main Street, 8th Floor
      PO Box 7006
      Bridgeport, CT 06601-7006
      (203) 330-2213
      igoldman@pullcom.com

Its Attorneys

---

[7] The Debtor's exclusivity terminates immediately upon the appointment of a chapter 11 trustee. 11 U.S.C. § 1121(c)(1).

**CERTIFICATION OF SERVICE**

      I herby certify that on May 20, 2022, the foregoing Supplemental Memorandum of Law was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

                                              */s/ Irve J. Goldman*
                                              Irve J. Goldman