UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION


In Re                          *   Case No. 22-50073(JAM)
                               *
     HO WAN KWOK,              *   Bridgeport, Connecticut
                               *   May 17, 2022
               Debtor.         *
                               *
* * * * * * * * * * * * * * *


TRANSCRIPT OF MOTION FOR STATUS CONFERENCE
AND PROTECTIVE ORDER
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtor:                BENNETT S. SILVERBERG, ESQ.
                               JEFFREY L. JONAS, ESQ.
                               Brown Rudnick, LLP
                               Seven Times Square
                               New York, NY  10036

For the Creditor, Pacific      PETER FRIEDMAN, ESQ.
 Alliance Asia Opportunity     STUART SARNOFF, ESQ.
  Fund L.P.:                   LAURA ARRONSON, ESQ.
                               O'Melveny & Myers LLP
                               Times Square Tower
                               7 Times Square
                               New York, NY  10036

                               PATRICK M. BIRNEY, ESQ.
                               Robinson & Cole LLP
                               280 Trumbull Street
                               Hartford, CT  06103


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

APPEARANCES Cont'd:


For the U.S. Trustee:               HOLLEY L. CLAIBORN, ESQ.
                                    Office of the United States
                                       Trustee
                                    The Giaimo Federal Building
                                    150 Court Street, Room 302
                                    New Haven, CT  06510


For the Official Committee          IRVE GOLDMAN, ESQ.
 of Unsecured Creditors:            JOHN KAPLAN, ESQ.
                                    Pullman & Comley
                                    850 Main Street
                                    Bridgeport, CT  06601


For Rui Ma, Zheng Wu and            KRISTEN MAYHEW, ESQ.
 Weican Meng, Creditors:            McElroy, Deutsch, Mulvaney &
                                     Carpenter
                                    30 Jeliff Lane
                                    Southport, CT  06890

                                    CAROLLLYNN CALLARI, ESQ.
                                    Law firm of Callari Partners
                                    One Rockefeller Plaza
                                    New York, NY  10020


For HK International Funds          STEPHEN M. KINDSETH, ESQ.
 Investments (USA) Limited,         AARON ROMNEY, ESQ.
 LLC, Interested Party:             Zeisler & Zeisler
                                    10 Middle Street
                                    Bridgeport, CT  06604

1      (Proceedings commenced at 12:05 p.m.)

2              THE CLERK:  Case no. 22-50073, Ho Wan Kwok.

3              THE COURT:  Good afternoon.  If we could have

4      appearances for the record, starting with the debtor's

5      counsel, please.

6              MR. JONAS:   Good afternoon, Your Honor. Jeff

7      Jonas, Brown Rudnick.  With me is Ben Silverberg on behalf

8      of the debtor.

9              THE COURT:  Good afternoon.

10             MR. SILVERBERG:  Good afternoon, Your Honor.

11             MR. ROMNEY:  Good afternoon, Your Honor.  Aaron

12     Romney, Zeisler and Zeisler.  With me is Stephen Kindseth,

13     my partner, for HK International Investments USA, LLC, and

14     Mei Guo.

15             THE COURT:  Good afternoon.  Attorney Friedman.

16             MR. FRIEDMAN:  Good afternoon, Your Honor.

17             It's Peter Friedman, from O'Melveny and Myers, on

18     behalf of Pacific Alliance Group.  I'm joined by my

19     colleague Mr. Sarnoff -- Stuart Sarnoff and Patrick Birney

20     of the Robinson Cole firm.

21             THE COURT:  Good afternoon.  Attorney Goldman.

22             MR. GOLDMAN:  Good afternoon, Your Honor.  Irve

23     Goldman, Pullman and Comley.  With me Jonathan Kaplan.

24     We're representing the Committee of Unsecured Creditors.

25             THE COURT:  Good afternoon.

4

1          MS. CLAIBORN:  Good afternoon, Your Honor.  Holley

2     Claiborn for the U.S. Trustee.

3          THE COURT:  Good afternoon.

4          MS. MAYHEW:  Good afternoon, Your Honor.  Kristen

5     Mayhew, McElroy, Deutsch, Mulvaney and Carpenter on behalf

6     of creditors Rui Ma and Weican Meng, and my co-counsel,

7     Carollynn Callari is appearing remotely today.

8          THE COURT:  Yes.  Good afternoon.  Good afternoon,

9     Attorney Callari.

10          MS. CALLARI:  Good afternoon, Your Honor.  Thank

11     you.

12          THE COURT:  Okay.  So today's status conference --

13     we're going to start with the status conference first and

14     then we'll move to the motion for a protective order that

15     was filed by the debtor.

16          But with regard to the status conference -- and we

17     continued this from last week regarding the protective order

18     for Mei Guo and as a designated representative of HKI

19     Delaware.

20          When we last spoke it seemed that the issue was

21     whether or not the deposition would need to be recorded, and

22     it was the position of -- video recorded.  And it was the

23     position of PAX that it should and the position of the

24     deponent that it should not.

25          I asked you to file statements, which you did, and

1     I appreciate that.  But I was just a little confused and,

2     again, because we had hearings today and I probably haven't

3     looked at these -- I know I haven't looked at these to the

4     extent that I would have otherwise had we not had hearings.

5             The committee's response says that PAX intends to

6     withdraw its subpoena and notice of deposition -- will not

7     be proceeding with the deposition.

8             Is that correct, Attorney Friedman?

9             MR. FRIEDMAN:  So, Your Honor. It's sort of a

10    packaged deal and it relates to the status conference.

11            THE COURT:  Okay.  Then go ahead, please.

12            MR. FRIEDMAN:  So we have had discussions with

13    committee counsel and with Ms. Callari.

14            And the agreement -- and I just wanted everybody

15    to -- sort of suggest that it is on the record today is that

16    there were be no contest with respect to whether there is

17    cause for dismissal, conversion or appointment of a trustee.

18    No one's going to dispute that.

19            And now there's also just a few other things to

20    mention.  One is we still file a reply brief tomorrow.  We

21    will also be filing exhibits on Friday, which are based on,

22    you know, a variety of things, filings made in this case, et

23    cetera, from which we believe the court can also actually

24    make a factual determination that cause exists.

25            In return for that, as well as one other issue, we

6

1    would not take any more discovery.  So discovery from our

2    perceptive -- we wouldn't need anymore discovery.

3         The other issue is that counsel for the committee

4    has requested or proposed that each party be able to file

5    simultaneously on Friday something no more than seven pages

6    as to what is the right path forward.  Is it dismissal?  Is

7    it appointment of a trustee?  Is it conversion?

8         So we certainly don't have an objection to that if

9    it's acceptable to the court.  We would also file something

10   along those lines stating our position as to what we think

11   the right answer is and that's the way we believe in light

12   of all the things that have occurred over the last week,

13   frankly, the last several months, since February, is the

14   best way to proceed on our motion to dismiss the case, or in

15   the alternative join in the appointment of a trustee.

16        THE COURT:  So I understand that and I appreciate

17   that.  So that means that we don't have to address the

18   protective order or -- because you're not going to conduct

19   the deposition?

20        MR. FRIEDMAN:  So, Your Honor, we would not need

21   to address the protective order, the conditions for a

22   deposition of Mei Guo. None of that would be relevant.

23   We've been having discussions with counsel.

24        To me the important thing is that the idea that on

25   one is challenging whether cause exists be agreed to on the

1     record by the parties today, so that nobody needs to expend

2     more time, resources, energy with a particular court.

3          THE COURT:  Okay.  So that's helpful, but I want

4     to be clear.  So the court -- you don't need the court to

5     make any findings of fact with regard to cause.  All you

6     need the court to do is to determine whether the case should

7     be dismissed, converted or a Chapter 11 trustee appointed.

8          MR. FRIEDMAN:  Your Honor, we will submit a record

9     -- we will submit documentary evidence from which we believe

10    the court can draw inference as to the existence of cause.

11         We do think that is important but we don't think -

12    -

13         THE COURT:  I think it's important too but --

14         MR. FRIEDMAN:  We --

15         THE COURT:  I thought I just heard you say that no

16    one's going to contest that cause exists.

17         MR. FRIEDMAN:  No one is contesting it.  I do

18    think we still belt and suspenders ought to be able to make

19    our arguments.  We think some of the reasons for cause

20    warrant dismissal.  But --

21         THE COURT:  Understood.

22         MR. FRIEDMAN:  And people can draw inferences,

23    right?

24         I mean, as an example, our argument based on the

25    documentary evidence is that this case was filed for one

8

1    purpose.  Mr. -- you know, the committee may dispute that

2    from the face of the evidence, right, and how that deals

3    with conversion, or dismissal, or appointment of a trustee.

4    I don't think anybody needs it.

5          THE COURT:  Right.

6          MR. FRIEDMAN:  We don't need to take anybody's

7    deposition to do that at this point, even where people

8    stand.

9          And so have I accurately -- I just want to be fair

10    to counsel --

11          MR. GOLDMAN:  Yes.  Irve Goldman for the

12    committee, Your Honor.  That was nicely and accurately

13    presented.

14          We would -- I would just put a little bit of a

15    finer point on it.  We're not only not opposing cause, we

16    would stipulate that cause exists.

17          Now if Mr. Friedman feels like he --

18          THE COURT:  Well, is the debtor stipulating that

19    cause exists?

20          MR. JONAS:  Your Honor, I've not been -- we've not

21    been -- other than a call -- a courtesy call from Mr.

22    Friedman probably an hour or two ago advising me of the

23    arrangements that had been met or agreed to  we haven't been

24    privy to all these conversations.

25          So honestly, I didn't know that I was being asked

9

1  on behalf of the debtor to --

2  THE COURT:  Okay.  That's fair.  That's fair.

3  MR. JONAS:  Our view, as you know, Your Honor, we

4  consented to dismissal.  We support dismissal.  We don't

5  think the case should be converted.  We don't think a

6  Chapter 11 or other trustee --

7  THE COURT:  Okay. That's my question.  All right.

8  MR. JONAS:  Thank you, Your Honor.

9  THE COURT:  So if you consent to dismissal, then

10  you consent that cause exists at least for dismissal under

11  1112 of the bankruptcy code.

12  MR. JONAS:  That is correct, Your Honor.

13  THE COURT:  Okay.  Okay. All right.  Thank you,

14  Attorney Jonas.

15  MR. FRIEDMAN:  Your Honor, I'd just ask Ms.

16  Callari to confirm that as well so we don't have -- there's

17  no open -- nothing open, because her client filed a motion -

18  - a position statement, or an objection to our motion.

19  THE COURT:  Attorney Callari, could you hear

20  Attorney Friedman?

21  MS. CALLARI:  I did, Your Honor.  Thank you.  And

22  I'm happy to confirm.  Again, we are not going to dispute

23  that there is cause but our position is going to be that

24  cause exists for conversion.  But we're not going to dispute

25  that cause exists for one of those.

10

1          The question's going to be for Your Honor which

2     one of those are in the best interests of the estate, Your

3     Honor.

4          THE COURT:  All right.  So that's helpful.

5          Then all I'll have to find is what factors I think

6     are appropriate cause for one of the three avenues, whether

7     it's dismissal, conversion of an appointment of a Chapter 11

8     trustee.

9          MR. GOLDMAN:  That's why we thought that the

10    supplemental briefing might be helpful.

11         THE COURT:  Okay.  And we'll get there in a

12    second.

13         So I just want to be very clear then.  I want to

14    make sure I understand where you all are and that I'm on the

15    same place you are, which is -- so next week we're going to

16    have a hearing on the -- starting on the 25th, where you're

17    going to, Attorney Friedman, present evidence that you think

18    supports whatever path it is you think this case should

19    take.

20         But I'm not going to have to make findings that

21    cause exists.  I'm just going to have to make findings that

22    whatever these facts are that I find based upon whatever you

23    submit or any other party submits, by the way. I'm not

24    saying it's just you.  That those factors that I will find,

25    those facts will establish why the court determines it's in

1     the best interest of the creditors in the estate, or

2     whatever 1112(b) says, to do A, B or C.

3          So you're not -- are you anticipating calling

4     witnesses or is this all documents?

5          MR. FRIEDMAN:  It should be -- we may have one

6     attorney declaration, Your Honor. I don't think I would put

7     my colleague on the stand, but we would otherwise be using

8     documents that we believe are self authenticating.

9          MR. GOLDMAN:  That would be the same for us, Your

10    Honor, although I may have one or two witnesses. I haven't

11    really focused enough on that aspect of the evidentiary

12    hearing.

13         THE COURT:  Didn't I set a date --

14         MR. GOLDMAN:  Yes, you did.  You did.

15         THE COURT:  -- for a list of witnesses and

16    exhibits.

17         MR. GOLDMAN:  It's Friday.

18         THE COURT:  Correct?

19         MR. FRIEDMAN:  It's Friday.  And I would ask the

20    court if witnesses are identified by Friday that they be

21    available to be deposed Monday or Tuesday.

22         THE COURT:  Yes, they'd have to be.  I mean, if

23    that's the situation, right?

24         MR. GOLDMAN:  Yes, I can tell you in advance --

25    I'm not going to wait until --

1          THE COURT:  Okay.  So all I'm going to be doing --

2     and that's not all.

3          I'm not trying to -- I appreciate the efforts of

4     the parties in narrowing the issue, but I don't have to make

5     findings about -- that cause exists.

6          I just have to make findings of what cause is --

7     what is cause and that in order for me to determine what's

8     in the best interests of creditors in the estate with regard

9     to dismissal, conversion or the appointment of a Chapter 11

10    trustee.

11         Now does the Office of the U.S. Trustee still want

12    an examiner?

13         MS. CLAIBORN:  Your Honor, as of the moment the

14    U.S. Trustee is in support of dismissal.

15         THE COURT:  Okay.  Thank you.

16         I'm just looking at the statute, 1112(b) where

17    there is a reference to an examiner being appointed.

18         And obviously, I know you filed a motion for the

19    appointment of an examiner -- your office, some time ago.

20         MS. CLAIBORN:  Your Honor, we would reserve all

21    the opportunities that 1112 presents and all the relief that

22    could be provided pursuant to that statute.

23         THE COURT:  Okay.  All right.  Thank you.

24         So then as far as this afternoon is concerned we

25    don't have to address the protective order for Ms. Guo.

1    That's one.  It's moot essentially because of the agreement

2    of the parties with regard to how we're proceeding with the

3    evidentiary hearing next week.  Is that correct?

4            MR. ROMNEY:  That's correct, Your Honor.

5            To keep the record clean we would like to withdraw

6    our motion, docket no. 343, without prejudice to renewing it

7    if anyone else seeks to depose Ms. Guo or HKI's corporate

8    representative.

9            THE COURT:  Understood. Thank you.

10           So then Attorney Jonas, is the only thing left

11   your protective order for this afternoon?

12           MR. JONAS:  It is, Your Honor.

13           And honestly, if -- as long as we're all clear, I

14   don't want to make a misstep but I think I've heard that

15   discovery pointed at the debtor is not going forward and if

16   that's the case, effectively withdrawn, I'm happy to

17   withdraw the -- we don't need a protective order.

18           If anyone has a different view, by all means I'd

19   ask them to speak now but I'm happy to do it that way, Your

20   Honor.

21           THE COURT:  Attorney Friedman.

22           MR. FRIEDMAN:  I guess I should confirm one thing

23   if you can ask me -- if it's okay for me to address counsel.

24           THE COURT:  Certainly.  Go right ahead.

25           MR. FRIEDMAN:  Mr. Kwok isn't coming to the

14

1    hearing next week to testify, correct?

2            MR. JONAS:  Your Honor, I guess what I'd say is my

3    present intention is I don't think it's necessary.  If in

4    any way that changes, I'll follow the same rule and we'll

5    even do it before Friday, but we'll make sure, obviously,

6    that if we're going to present, then we'll make him

7    available, et cetera, consistent with the other practice.

8            THE COURT:  Okay.  Is that satisfactory to you,

9    Attorney Friedman?

10           MR. FRIEDMAN:  That is satisfactory, Your Honor.

11           THE COURT:  Okay.  Attorney Callari, is that

12   satisfactory what Attorney Jonas just said about Mr. Kwok's

13   presence at the hearing on the 25th?

14           MS. CALLARI:  Yes, Your Honor.  Thank you.

15           THE COURT:  Okay.  Thank you.

16           Okay.  So what else do we need to do this

17   afternoon then?  I thought we might be here for a while, but

18   maybe we're not and you all had to come here for nothing,

19   unfortunately.  Not nothing --

20           MR. JONAS:  It's always a pleasure, Your Honor.

21           Honestly, Your Honor -- Jeff Jonas, from Brown

22   Rudnick.

23           I don't think there's anything else to accomplish.

24           MR. GOLDMAN:  There's one other item.

25           THE COURT:  Oh, there is. I'm sorry.  You did,

1   Attorney Goldman, ask for something and I was -- we were in

2   here at 2 o'clock when it was filed, so I didn't look at it

3   except for 14 seconds I would say.  But it's an extension of

4   time to file dischargeability complaints.  Is that correct?

5            MR. GOLDMAN: Yes.  Yes.

6            I believe that since I filed that we worked out I

7   believe a stipulation between the debtor and the committee

8   which is acceptable to PAX, I believe.  I don't know if

9   they've had an opportunity to review it but --

10            MS. CALLARI:  I have not.

11            MR. GOLDMAN:  Okay. I understand -- now I'm being

12   informed it was just circulated maybe right before the

13   hearing.  So --

14            THE COURT:  I have no idea.

15            MS. CALLARI:  Mr. Goldman --

16            THE COURT:  Go right ahead, Attorney Callari.

17            MS. CALLARI:  My understanding, Your Honor, is

18   right before the hearing debtor's counsel sent a revised

19   stipulation, but my understanding is that that revised

20   stipulation and the last I saw was limiting who that

21   extension for the complaint was covering.

22            And maybe that's changed inside the courtroom with

23   people and I'm not there, but the last thing I happened to

24   see was limiting the extension for certain parties and that

25   was not my understanding prior to an hour ago.

1          MR. JONAS:  If I may, Your Honor.

2          THE COURT:  Certainly.

3          MR. JONAS:  Jeff Jonas, Brown Rudnick.

4          That has been changed, corrected, however you want

5     to refer to it and the extension is available to all

6     creditors.

7          THE COURT:  Okay.  Attorney Callari.  Did you hear

8     that?  The extension is available to all creditors.

9          MS. CALLARI:  With that, Your Honor, a 30-day

10    extension with all creditors (indiscernible)  the details

11    I'm sure can be worked out if they're not (indiscernible). I

12    will defer to Attorney Goldman on that and my co-counsel in

13    the courtroom.  Thank you, Your Honor.

14         THE COURT:  Okay.  Everyone is in agreement then?

15    There'll be some form of an order, a stipulated order

16    extending the deadline to file dischargeability or objection

17    to discharge.

18         MR. GOLDMAN:  Well, the objection to discharge

19    under 272 I don't think would apply at this point because

20    obviously we're not in a Chapter 7.

21         So it could potentially apply under Section --

22         THE COURT:  It could potentially apply --

23         MR. GOLDMAN:  -- 1141(d)(3).

24         THE COURT:  Yes.

25         MR. GOLDMAN:  But we're not going to know if

1    there's ever going to be a plan, let alone a liquidating

2    plan where the debtor doesn't engage in business thereafter,

3    which would be the only circumstances under which a 272

4    action would be relevant.

5            So there's no sense in forcing --

6            THE COURT:  Okay.  Whatever you all decide is fine

7    with me.

8            MR. GOLDMAN:  Actually, the stipulation actually

9    says that to the avoidance of doubt the 1141(d)(3) deadline

10   remains the date of confirmation.  The date of the

11   confirmation hearing on any plan.  That's how the 341 notice

12   sets it up.

13           THE COURT:  Well, that is what it's supposed to

14   be.  You're right.

15           MR. GOLDMAN:  Yes.

16           THE COURT:  You're right, but the practice has

17   been in many jurisdictions that it's the same date even

18   though it shouldn't be in an 11, or a 12, or a 13.

19           MR. GOLDMAN:  Yeah, I agree.  It should not be.

20   You shouldn't force creditors to --

21           THE COURT:  You don't get a -- you are not

22   entitled to a discharge until some point in the future.  And

23   only after certain events occurred.

24           MR. GOLDMAN:  Correct.

25           MR. JONAS:  It would arguably not -- right. I'm

18

1    not even sure there would be constitutional jurisdiction.

2    It would be purely an advisory opinion, because nobody

3    knows.

4         THE COURT:  I couldn't hear what you said. I'm

5    sorry.

6         MR. JONAS:  Arguably it wouldn't even be ripe.  It

7    wouldn't even be constitutionally right.

8         THE COURT:  Will, I think it's not -- I think

9    that's what Attorney Goldman and I are saying.  This is --

10   the practice has been throughout the country that the dates

11   are the same, but they're not the same if it's not a Chapter

12   7 case.

13        MR. JONAS:  Correct.

14        THE COURT:  You have to have a plan. You have to

15   have substantial consummation of a plan. You can't get a

16   discharge arguably until you have completed the plan.

17        Now you can argue that the effective confirmation

18   discharges but it discharges if the plan is substantially

19   consummated, or in a Chapter 13 all payments under the plan.

20        So I know -- I think that's confusing myself. I've

21   always wondered why there isn't a more -- one of the things

22   that the Bankruptcy Rules Committee nationally could do is

23   address that issue, but it's never been addressed --

24   Congress, but whatever.

25        In any event, I agree. If your stipulation is with

1   regard to 523 causes of action, that's fine.

2           MR. JONAS:  Yes.

3           MR. SILVERBERG:  Yes, Your Honor.  It's Bennett

4   Silverberg, from Brown Rudnick, on behalf of the debtor.

5   What the stipulation proposes to do is simply extend the

6   period under Rule 4007(c), the 60 days by 30 days.

7           And the stipulation, which perhaps Mr. Goldman

8   hasn't had an opportunity to review, simply says that all of

9   the other deadlines prescribed by the bankruptcy rules are

10  unaffected by the stipulation.

11          THE COURT:  Okay.  Thank you.

12          So how much time do you need to submit -- you want

13  that done before Friday though because the extension -- the

14  deadline is Friday, correct?

15          MR. GOLDMAN:  Correct.  May 20th.

16          THE COURT:  So you need to get that order in

17  tomorrow or Thursday to be on the safe side, right?

18          MR. GOLDMAN:  Yes, Your Honor.

19          THE COURT:  All right.  That's fine.  As I said, I

20  looked at it very quickly, but let's go back to just make

21  sure we're clear on the record.

22          Mr. Jonas, so the debtor's motion for a protective

23  order, are you also withdrawing that on the record at this

24  time?

25          MR. JONAS:  Yes, Your Honor.

20

1        THE COURT:  Okay.  Thank you.

2        And you'd have the same rights to, you know, renew

3    it if someone for some reason sought that same discovery.

4        MR. JONAS:  Thank  you.

5        THE COURT:  Okay.  Then with regard to the

6    position papers that parties would like the opportunity to

7    file by Friday, May 20, concerning which path you all

8    believe the court should take under 1112(b), dismissal,

9    conversion or appointment of a Chapter 11 trustee.

10       I'd like those papers filed by 5:00 p.m. on

11   Friday, please.  And then I'm not sure there's anything else

12   we need to -- and Attorney Goldman, are you going to be

13   responsible for getting the orders submitted on the

14   extension of time?

15       MR. GOLDMAN:  Yes, Your Honor.

16       THE COURT:  Attorney Claiborn?

17       MS. CLAIBORN:  Your Honor, I just wanted to put a

18   finer point on that briefing schedule.  Is it a required

19   briefing or is it an optional?

20       THE COURT:  It's optional.

21       MS. CLAIBORN:  Thank you.

22       THE COURT:  If anybody wants to -- I'm not

23   requiring anybody to submit their positions but if they

24   would like to, you're more than welcome to, okay?

25       MR. ROMNEY:  Your Honor, if I may add one more

1    statement to the record.

2          Ms. Guo and HKI are a third party to this

3    proceeding.  We have no position on PAX's motion to dismiss.

4    We would like to put on the record that we do not intend to

5    be here, either our client or counsel, as long as we may be

6    excused by the court.

7          THE COURT:  As long as no one else expects your

8    client to be here and question your client, I have no

9    problem with that.  So does anyone expect Ms. Guo to be here

10   and be available to testify in connection with the motion to

11   dismiss?

12         MR. FRIEDMAN:  Not PAX, Your Honor.

13         THE COURT:  Okay.

14         MR. GOLDMAN:  Not from the committee, Your Honor.

15         THE COURT:  The committee.

16         MS. CLAIBORN:  Not from the U.S. Trustee, Your

17   Honor.

18         MR. JONAS:  Not the debtor, Your Honor.

19         THE COURT:  Okay.  Then yes, you can be dismissed.

20         MR. ROMNEY:  Thank you.

21         THE COURT:  And you don't -- there's no need for

22   you to attend the hearing.

23         I should have asked Attorney Callari and Attorney

24   Mayhew that though. I think that I didn't ask that question.

25   Do you have any interest -- intention, I should say, of

1    questioning Ms. Guo at the dismissal hearing?

2                MS. CALLARI:  Not at this time, Your Honor.  Thank

3    you.

4                THE COURT:  Well, if it's not a -- it's kind of

5    now or never as they say.

6                MS. CALLARI:  No, Your Honor.

7                THE COURT:  Okay.  All right.  Thank you.

8                MR. ROMNEY:  Thank you, Your Honor.

9                THE COURT:  All right.  So then you'll be

10   dismissed from the hearing.

11               So I'm just looking. Again, I don't think there's

12   anything else we need to accomplish this afternoon, is

13   there?

14               MR. JONAS: Your Honor, the only -- we've been

15   discussing it and I just want to put it out there for the

16   court. I think it's presently scheduled for two days, the

17   25th and the 26th.

18               You know, I guess we should -- if the court

19   desires to leave both days open, obviously, the facts on the

20   ground have changed and I doubt we'll need two days.

21               So one of the things we had discussed moments

22   before the hearing began, we didn't resolve it in any way,

23   was whether or not the second day could be taken off the

24   court's calendar.

25               I know it's a long weekend, et cetera, but I don't

23

1    know -- we don't have an agreement on that. It's just

2    something I --

3              THE COURT:  You know, what? I think we'll just

4    keep them on and --

5              MR. JONAS:  Very good.

6              THE COURT:  And just so nobody -- because what

7    could happen, and it's not likely to happen, but somebody

8    could schedule something else on that day and --

9              MR. JONAS:  Very good.

10             THE COURT:  I think just keep it there and we'll

11   see how it goes.

12             MR. JONAS:  Very good.  Thank you, Your Honor.

13             THE COURT:  Okay.  But I appreciate you mentioning

14   that you think it may not take both days.  And I think your

15   -- given the facts that I've seen, and I don't pretend to

16   have looked at all the facts in the same way you all have,

17   but I would be surprised if we needed two days as well.

18             MR. JONAS:  Thank you, Your Honor.

19             THE COURT:  Attorney Friedman?

20             MR. FRIEDMAN: Your Honor, I just want to make one

21   statement. I don't know that it would change anybody's

22   position or strengthen or weaken the case for dismissal,

23   which we think is clearly the right option.

24             And I don't want to get into an argument about the

25   merits, which is not for today, other than to say, you know,

24

1    one of our arguments is going to be that nobody should be

2    worse off for this case having been filed and it shouldn't

3    be a condition.

4            But I would encourage the debtor to see if there's

5    a mechanism for making sure that committee counsel and other

6    individuals -- PAX would waive any right to do it.

7            But that other people who have been put in this

8    position of having to spend the last three months showing up

9    and litigating, the debtor, which at one point as willing to

10   make a DIP proposal, make an arrangement so that those

11   people aren't burdened in the event the court chooses to

12   dismiss the case.

13           I can't make anybody do anything. I understand

14   that.  Mr. -- you know, the committee counsel has its

15   fiduciary obligation to everybody -- it's constituents. I

16   understand that, too.

17           But I do think as a matter of equity if something

18   can be worked out, that would be great.

19           THE COURT:  Okay.  Thank you.

20           I actually do have a question that we can talk

21   about on Thursday -- I mean, Wednesday, excuse me.  And we

22   should talk about before we go much further is what about

23   the order that you all agreed to with regard to the boat and

24   the funds.  What happens upon dismissal?

25           MR. JONAS:  Your Honor, the order --

25

1         THE COURT:  If there is dismissal, or conversion,

2    or the appointment of a Chapter 11 Trustee.

3         Obviously, if there's conversion or appointment of

4    a Chapter 11 trustee, the order still has effect in the

5    case.  What about dismissal?

6         MR. JONAS:  Yes, Your Honor.  Jeff Jonas, Brown

7    Rudnick for the debtor.

8         First of all, Your Honor -- and it's not my client

9    but I did see there was a filing made by the boat owner with

10   respect to the boat, and a status report as required, which

11   indicates that -- and, again, I'm just -- I don't want to --

12   I'm not being too specific but there was a declaration

13   attached and I believe it --

14        THE COURT:  I'm not sure it was a declaration, by

15   the way.

16        MR. JONAS:  Okay.

17        THE COURT:  Because it doesn't say that it was

18   signed under the United States statute --

19        MR. JONAS:  Understood.

20        THE COURT:  Or it was sworn and subscribed to.

21        MR. JONAS:  Whatever it is, Your Honor.

22        THE COURT:  I did see that. I have to say I did

23   see that.

24        MR. JONAS:  In any event, I think it said the boat

25   would be back certainly by the end of June, which would be

1    early, and the order, you may recall, actually contemplates

2    what would happen upon dismissal.

3         And I believe, and I don't want to misspeak and

4    obviously it says what is says, but I believe that it

5    effectively provided for everything to happen that should

6    happen, which is the court would maintain jurisdiction, the

7    boat would come back.  The money would be returned.

8         If there's dismissal, the boat then would be

9    brought to New York under the jurisdiction of the court in

10   New York so that nothing will -- I should say this.  I don't

11   think anything will be lost, if you will, with respect to

12   the boat upon a dismissal, since it was contemplated.

13        THE COURT:  I think that's correct. I haven't

14   looked back at it, but that was my recollection, that the

15   court would retain jurisdiction, so that even if the case

16   was dismissed, the case would not be closed, because there'd

17   be a retention of jurisdiction with regard to that order.

18        MR. JONAS:  Yes, the point being that nobody wants

19   to lose the -- all parties, nobody wants to lose the

20   benefits of that order based on a dismissal, which obviously

21   we were aware was coming in light of the motion had been

22   filed.

23        MR. FRIEDMAN:  That's something that Mr. Kindseth

24   and I spent a considerable amount of time, and his

25   colleague, discussing and there would have to be further

27

1   order of the court to reach a -- how do we transfer either

2   the boat or the money and escrow to the supervision of the

3   New York court.  That's also specifically contemplated.

4          Mr. Jonas' explanation of what happens to the boat

5   is consistent with what I believe we negotiated for and what

6   was agreed to by counsel for the debtor and counsel for HKI

7   International.

8          MR. KINDSETH:  That's correct, Your Honor.

9   Stephen Kindseth for HKI International.  That's my

10  understanding as well and it was the intention of the

11  parties.

12         And with respect to the declaration, I apologize

13  if there's some technical defect in that.  That was

14  obviously an oversight.  But we'll get that remedied

15  promptly and a correct form of declaration will be filed

16  within the next day or two, if not today.

17         THE COURT:  Well, I'm not saying I'm right. I'm

18  saying my review -- I didn't see a reference to the statute

19  under which 28 USC -- whatever.  And I don't have it in

20  front of me. I don't remember.  But -- or that the

21  declaration was subscribed and sworn to.

22         So if it's not one or the other, then it's not a

23  declaration that has any evidentiary effect is my -- I

24  believe I'm correct on that part of it.

25         But could I have reviewed the declaration and

28

1    missed something?  Sure.  So I don't --

2         MR. KINDSETH:  And I could have inadvertently

3    omitted that -- I mean, it is an absolute oversight.  Our

4    intention was to submit an appropriate declaration attesting

5    to those facts and we provided documentary support or one

6    component of it.  And we will remedy whatever issue there is

7    if there is --

8         THE COURT:  If there is one.

9         MR. KINDSETH:  Absolutely.

10         THE COURT:  As I said I could be wrong.  I mean,

11   everything -- wasn't that just filed last night or

12   something, so --

13         MR. KINDSETH:  Yesterday.

14         THE COURT:  And we had hearings all day today.  So

15   I could -- my review could have been -- I may be wrong in my

16   review. I might have missed it.

17         MR. KINDSETH:  Yes, and my client --

18         THE COURT:  But I did look at it. I have to say I

19   did look to see if I thought it was appropriate -- an

20   appropriate declaration but my initial response is that I

21   don't think it is, but I could be wrong.

22         So if there's an issue, you can correct it, okay?

23   You will correct it.  And if there is no issue, then there's

24   nothing to correct.

25         MR. KINDSETH:  And to answer your question just

29

1    clearly, the parties expressly contemplated what would

2    happen with the Lady Mae.  In the event of dismissal, the

3    intent was to provide my client with one opportunity to

4    bring the boat back by July 15th.  And if dismissal occurred

5    before July 15th, my client would still have that

6    opportunity.

7              THE COURT:  Okay.  Thank you.

8              All right.  Well, that's what my recollection of

9    the order was, but again, you all know it better than I in

10   that I have to look at other matters and I could be wrong in

11   my recollection.

12             So I wanted to make sure that that was not an

13   issue before going into Wednesday's hearing.

14             All right.  Is there anything further we need to

15   discuss this afternoon?

16             Okay.  Well, thank you all very much and I'll look

17   for the order, Mr. Goldman, on the extension.  We'll look

18   for the position papers of the parties, whoever decides to

19   submit one and then we'll see you next Wednesday.

20             ALL: Thank you, Your Honor.

21             THE COURT:  Court is adjourned.

22        (Proceedings concluded at 3:33 p.m.)

23

24

25

30

1

2          I, CHRISTINE FIORE, court-approved

3     transcriber and certified electronic reporter and

4     transcriber, certify that the foregoing is a correct

5     transcript from the official electronic sound recording of

6     the proceedings in the above-entitled matter.

7

8     _Christine Fiore_

9     _____          May 20, 2022

10        Christine Fiore, CERT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25