# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>        Debtor. | Case No. 22-50073 (JAM)<br><br>Chapter 11<br><br>**CREDITOR LOGAN CHENG'S POSITION PAPER AS TO DISMISSAL, CONVERSION, OR APPOINTMENT** |

Creditor Logan Cheng, by and through undersigned counsel, hereby submits this memorandum position paper in response to this Court's order of May 17, 2022 (ECF No. 381) permitting parties to "file position papers regarding dismissal, conversion or appointment of a trustee".

Specifically, Mr. Cheng joins the *Supplemental Memorandum of Law of the Official Committee of Unsecured Creditors Addressing the Alternatives of Dismissal, Conversion or the Appointment of a Chapter 11 Trustee* filed on May 20, 2022 (ECF No. 408). For the reasons set forth by the Official Committee of Unsecured Creditors, the Court should preferably convert this case to one under Chapter 7. Should the Court not be so inclined, appointment of a Chapter 11 trustee is preferable to dismissal.

As previously stated, Creditor concurs that Debtor does not come to this case with clean hands, but this favors a process where all creditors, jointly and without favoritism to the interests of one who, through happenstance, obtained judgment first, can marshal the assets of Debtor, a penniless billionaire.[1] Creditors are far better served with Debtor remaining subject to the jurisdiction of this Court. Although the filing of the petition may have been a strategic tactic to avoid imprisonment, it was beneficial to the creditors. Dismissal is not in the best interests of any the creditors.

---

[1] Debtor is commonly regarded as a billionaire. *See, e.g.,* Hilgers, Lauren, *The Mystery of the Exiled Billionaire Whistle-Blower,* N.Y. Times Magazine (Jan. 10, 2018), available at <https://www.nytimes.com/2018/01/10/magazine/the-mystery-of-the-exiled-billionaire-whistleblower.html >.

WHEREFORE Creditor Logan Cheng respectfully requests this Honorable Court convert the matter to one under Chapter 7 and, barring that, appoint a Chapter 11 trustee.

Dated: May 20, 2022.                                    Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman – ct29129 of
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
P: 702-420-2001
F: 305-437-7662
ecf@randazza.com

*Counsel for Creditor*
*Logan Cheng f/k/a Shui-Yuan Cheng*

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on May 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Woman ct29129
Jay M. Wolman