**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **HO WAN KWOK** <br> a/k/a **WENGUI GUO** <br> a/k/a **MILES GUO,** | **Case No. 22-50073 (JAM)** |
| **Debtor.** | |

_____

**UNITED STATES TRUSTEE'S POSITION STATEMENT REGARDING**
**REQUIRED RELIEF UNDER 11 U.S.C. § 1112(b)**

In accordance with the Court's directive on May 17, 2022 at a status conference held in this case, William K. Harrington (ECF 381), the United States Trustee for Region 2 ("United States Trustee"), respectfully submits, through counsel, his position statement in connection with the United States Trustee's Motion for an Order Directing the Appointment of an Examiner, or, In the Alternative, Motion for an Order Directing the Appointment of a Chapter 11 Trustee (ECF 102) and the Motion to Dismiss or, In The Alternative, Partial Joinder to the United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee filed by creditor Pacific Alliance Asia Opportunity Fund L.P. ("PAX") (ECF 183).

**STATEMENT**

The Court has directed parties to file position papers as to which of the only three options available to the Court, dismissal, conversion or alternatively, the appointment of a chapter 11 trustee, it should elect, after the Court having made a finding that "*cause*" exists under 11 U.S.C. § 1112(b) ("Section 1112(b)"), based on consensus and agreement of all parties in interest. These cases involve a myriad of allegations by a variety of interested parties against the Debtor regarding, among others, the fulsomeness of his disclosures and his ability to meet his obligations as a debtor in possession and contrasting viewpoints as to the appropriate remedy to resolve these issues and concerns. While the United States Trustee takes no position as to which of the three available options is appropriate, the United States Trustee files this position statement to: (1) urge the Court to make an immediate decision as to the appropriate remedy as the United States Trustee believes that allowing the debtor to

1

remain as a debtor in possession is an abuse of the bankruptcy process and impacts the integrity of the bankruptcy system; (2) address the applicable legal standards; (3) raise issues and concerns regarding certain of the available remedies; and (4) reserve his rights to raise any issue at the hearing as to the appropriate remedy following a finding that "cause" exist pursuant to Section 1112(b).[1]

## BACKGROUND

1. The Debtor filed a voluntary chapter 11 petition ("Petition") on February 15, 2022 ("Petition Date"). ECF 1.[2] The Debtor filed his chapter 11 case just days after the February 2022 Contempt Decision in the PAX Lawsuit[3] in New York State Court and on eve of the deadline to pay PAX a contempt award of $134,000,000 imposed by the February 2022 Contempt Decision due to the Debtor's failure to return the yacht known as the Lady May to the jurisdiction of New York.

2. While seemingly having access to significant funds, including the ability to procure a $1 million dollar retainer for his counsel,[4] the Debtor, in his chapter 11 filing to date, claims that he has no regular income and virtually no assets. The limited assets identified to date by the Debtor amount to less than $20,000, with the majority, including certain causes of action, being valued at "unknown." ECF 1; 20; 77, 78 and 79. Despite his alleged minimal assets and lack of income, the Debtor lists unsecured debts exceeding $373 million. *Id*. All of this raises many questions, many of which remain unanswered despite the three-month pendency of this case.

---

[1] To the extent that the Court immediately makes the election of an appropriate remedy, the United States Trustee's request for the appointment of an examiner pursuant to the United States Trustee's motion for the appointment of an examiner or, in the alternative, for the appointment of a chapter 11 trustee ("UST Trustee Motion") filed on March 19, 2022 shall be rendered moot. ECF 102.

[2] A company connected to the Debtor, Genever Holdings, LLC ("GH"), has a current pending chapter 11 case in the Southern District of New York bearing case number 20-12411-jlg ("GH Bankruptcy Case"). GH is a single member New York limited liability company. *See* GH's Disclosure Statement filed on January 7, 2022 at ECF 165 in the GH Bankruptcy Case ("GH ECF 165") and GH's Liquidating Plan filed on January 7, 2022 at ECF 164 in the GH Bankruptcy Case; *see also* Statement of Financial Affairs at ECF 4 in the GH Bankruptcy Case. The sole member of GH is Genever Holdings Corporation ("GH Corp"). *Id*. The Debtor personally manages GH Corp. *Id.* The primary asset of GH is the NYC Residence, a luxury apartment and auxiliary units that occupy the entire 18th floor of The Sherry-Netherland Inc. on Fifth Avenue in New York City purchased for approximately $70 million in 2015. *See* GH ECF 165 and GH ECF 164; *see also* GH Bankruptcy Case at ECF 1 and 83. *It is important to note that should the Court direct the appointment of a chapter 11 trustee in this case, the chapter 11 trustee will have responsibilities in the GH Bankruptcy Case. Similarly, a chapter 7 trustee will also have responsibilities in the GH Bankruptcy Case.*

[3] Capitalized terms used but not defined herein shall have the meaning set forth in the UST Trustee Motion. ECF 102.

[4] The Debtor procured a $1 million dollar retainer for his counsel. *See* ECF 54; ECF 86; ECF 77 at page 17; ECF 78 at page 20.

3. From the start, it was obvious that the Debtor's calculated chapter 11 filing was not about marshalling assets to pay the millions he owes to creditors, but instead to insulate himself from the February 2022 Contempt Decision, to re-litigate the PAX Lawsuit, and to frustrate PAX's collection efforts.

4. Another example of a strategic move designed to achieve his goals was the Debtor's filing of a plan and touting it to the Court as proof of his good intentions. ECF 197. The Court has already noted that the plan suffers from several flaws. From the United States Trustee's perspective, as well as the perspective of PAX and the Committee, the plan is a complete non-starter and is not confirmable.

5. To both fund and control the chapter 11 case, the Debtor arranged for funding from Golden Spring (New York) Ltd. ("Golden Spring"), an alleged secured creditor and an insider purportedly owned and controlled by the Debtor's son. The Debtor proposed that Golden Spring would lend up to $9 million dollars to the Debtor and his estate to fund professionals, which included a $1 million set-aside that would not be available for professionals. ECF 117, 260, 315 (collectively "DIP Financing").[5] The Court did not approve the DIP Financing. Thwarted by this turn of events and facing PAX's opposition to the Debtor remaining in chapter 11, as well as the opposition from both PAX and the United States Trustee to the Debtor remaining in control as a debtor in possession, the Debtor filed a pleading on May 11, 2022 consenting to dismissal of his case and withdrew the motion for DIP Financing. ECF 344, 345.

6. At a hearing held on May 17, 2022, the Debtor, PAX, the Committee and certain creditors advised the Court that they were in unanimous agreement that *cause* exists under Section 1112(b) and that the only issue in dispute is what form of relief is appropriate: dismissal, chapter 11 trustee, or conversion to chapter 7. ECF 381.

---

[5] The original terms of the DIP Financing contained termination events that, if approved, would have had the practical effect of dictating to this Court and creditors that the Debtor would remain in control of this case whatever his conduct and eviscerating the rights provided in the Bankruptcy Code to remove the Debtor as a debtor-in-possession.

**LEGAL ARGUMENT**

I.    **The Court Must Select and Impose Relief Under Section 1112(b).**

Section 1112(b)[6] mandates that the Court dismiss or convert a chapter 11 case where any of the acts or omissions identified as "cause" in Section 1112(b) exist.[7] *SWJ Management, LLC v. Coan (In re SWJ Management, LLC),* 551 B.R 93, 97 (D. Conn. 2015); *Vega v. United States Trustee (In re Vega),* 2014 WL 4843698, *3 (D. Conn. September 29, 2014); *In re Van Eck*, 425 B.R. 54, 58-59 (Bankr. D. Conn. 2010); *In re First Connecticut Consulting Group, Inc.*, 2018 WL 2121531, *3-4 (Bankr. D. Conn. May 17, 2018); *In re Julian*, 2012 WL 506572, *3-4 (Bankr. D. Conn. February 15, 2012); *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6 (Bankr. E.D. Tenn. 2008); *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M. D. Pa. 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). The mandatory language of Section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the Court's discretion. *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 560. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)." *In re TCR of Denver, LLC*, 338 B.R. at 498.

---

[6] Section 1112(b) governs conversion and dismissal of chapter 11 cases and states in relevant part as follows:
(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
(2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
  (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title . . .; and
  (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
    (i)   for which there exists a reasonable justification for the act or omission; and
    (ii)  that will be cured within a reasonable period of time fixed by the court.

[7] The limited exception under Section 1112(b)(2) applies if a debtor shows that there is "reasonable justification" for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. 11 U.S.C. § 1112(b)(2); *Vega v. United States Trustee,* 2014 WL 4843698, *3; *In re Van Eck*, 425 B.R. at 58-59; *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 561. No such circumstances exist in this case, and the Debtor has consented to dismissal.

Where "cause" has been found, a court cannot leave a debtor in control of the chapter 11 case. *In re Herb Philipson's Army and Navy Stores, Inc.*, 2019 WL 11031654, *7 (Bankr. N.D.N.Y. December 19, 2019) ("[h]aving found cause under §1112(b)(4)(A), the Court cannot leave Debtor in control of the case"; *citation omitted*). As one court succinctly put it:

> Dismissal or conversion of a Chapter 11 case must be granted, under 11 U.S.C. §1112(b), if the moving party demonstrates "cause" for that relief, and if the Court finds that exceptions under 11 U.S.C. §§1112(b)(1) and (2) do not apply. The exception under 11 U.S.C. §1112(b)(1) arises where, on request of a party in interest, the Court determines that the appointment of a Chapter 11 Trustee, rather than conversion or dismissal, is in the best interests of creditors and the estate … The exception under 11 U.S.C. §1112(b)(2) only applies where the Court finds and identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate, coupled with a showing under 11 U.S.C. §1112(b)(2)(A) and (B).

*In re MCM Natural Stone, Inc.*, 2022 WL 1074065, *4 (Bankr. W.D.N.Y. April 8, 2022) *(citations omitted)*. Here, *cause* exists and all constituencies have so agreed. The Debtor consents to dismissal and no unusual circumstances under Section 1112(b)(2) are present. Because the alternative relief of a chapter 11 trustee is also squarely before the Court, the Court must choose between (i) dismissal, (ii) conversion to chapter 7, or (iii) a chapter 11 trustee. There is no option to do nothing and leaving the debtor in possession would be an abuse of the bankruptcy process and impact the integrity of the bankruptcy system.

## II.    Chapter 11 Trustee Must Have Full Statutory Powers

If the Court elects the alternative option of appointing a chapter 11 trustee, the Court must ensure that the trustee will fulfill her full mandate bestowed by congress. The authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with a chapter 11 trustee or the debtor as a debtor in possession. "These is no such entity as a limited purpose trustee under the Code." *Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. and Cryovac, Inc. (In re W.R. Grace & Co.),* 285 B.R. 148, 157 (Bankr. D. Del. 2002). The appointment of a chapter 11 trustee displaces a debtor in possession. *See* 11 U.S.C. §1101(1) (defining debtor in possession as the debtor "except when a person that has qualified under section 322 of this title is serving as trustee"); *see generally* Richard Levin & Henry J. Sommer, 7 COLLIER ON BANKRUTPCY Par. 1107.01 (16th ed. 2020).

Once the Court directs the appointment of a chapter 11 trustee, the Code imposes mandatory obligations upon the selected individual. Simply put, Section 1106 imposes a series of consistent and predictable trustee requirements. Thus, for example, a trustee may not act beyond the scope of Section 1106. *See, e.g., Mancuso v. Sullivan (In re Sullivan)*, 153 B.R. 751 (Bankr. N.D. Tex. 1993) (chapter 11 trustee was not authorized to oppose discharge because that action was not authorized under 11 U.S.C. §1106).

### III.    Dismissal vs. Conversion vs. Chapter 11 Trustee

As noted above, there are contrasting viewpoints as to the appropriate remedy to resolve the myriad of allegations raised by a variety of interested parties against the Debtor regarding, among others, the fulsomeness of his disclosures and his ability to meet his obligations as a debtor in possession. The United States Trustee takes no position as to which of the only three remedies available to the Court, dismissal, conversion or alternatively, the appointment of a chapter 11 trustee is appropriate, but urges the Court to make an immediate decision as to the appropriate remedy as leaving the debtor in possession upon a finding that "cause" exist is an abuse of the bankruptcy process and impacts the integrity of the bankruptcy system. Because *cause* exists under Section 1112(b), this Court must make an expedient choice between the options of dismissal, appointment of a chapter 11 trustee, or conversion to chapter 7 and thereby meet its inherent obligation to protect the integrity of the bankruptcy process.

The Debtor filed this case to protect himself from the February 2022 Contempt Decision and from PAX's collection efforts related to that decision. PAX has argued that this bankruptcy filing was a strategic move in a two-party dispute designed to improperly shield the Debtor from PAX's collection efforts and thus, dismissal is the most appropriate option.[8] The Debtor consents to dismissal. The Committee has argued that dismissal is not

---

[8] The size and nature of the debt to PAX, as well as the Debtor's conduct in the PAX Lawsuit, are important components for the Court to evaluate in making its decision. The PAX judgment is in the amount of $116,402,019.57, and is the largest liquidated debt owed by Debtor. The Debtor's appeal of the PAX Judgment was pending and undecided as of the chapter 11 filing, but no stay was imposed. PAX's pre-petition efforts to locate and collect on assets of the Debtor to satisfy the PAX Judgment were met with resistance by the Debtor and difficulty in collection because the Debtor "had secreted his assets in a maze of corporate entities and with family members." *See* February 2022 Contempt Decision. The February 2022 Contempt Decision begins with the statement that almost all of the 1,180 docket entries in the PAX Lawsuit involve the Debtor's "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members," and goes on to state that the Debtor had engaged in a "scheme" to "assert that he has no assets despite his lavish lifestyle." *Id.*

in the best interest of creditors because of the loss of powers and causes of action provided by the Code which could be used for the benefit of all unsecured creditors.

While the United States Trustee takes no position on appropriate remedy, the United States is cognizant and sympathetic to the arguments raised by PAX and the Committee. On the one hand, the United States Trustee shares the Committee's concerns regarding the impact dismissal may have on smaller creditors and the loss of powers bestowed by the Code. However, the United States Trustee also has concerns with conversion and alternatively, the appointment of a chapter 11 trustee given the Debtor's conduct and disclosures in his current case and the absence of funding, which would impair future actions of a chapter 7 or 11 trustee. The United States Trustee acknowledges that there are valid arguments and reasons for the Court to choose either a chapter 11 trustee or conversion to chapter 7, and should the Court pick either option, the United States Trustee will work to fulfil the obligation to locate and appoint an appropriate trustee.

On the other hand, dismissal would return creditors to where they were when this case was commenced just three months ago and acknowledges that the chapter 11 filing was arguably an abuse of process. From day one, the Debtor has prioritized his objective of delay and obfuscation, starting with a 60-day extension request to file schedules and continuing to deny ownership of any assets, despite findings to the contrary in the PAX Lawsuit in New York State Court. While none of the remedies offered by Section 1112(b) are perfect given the circumstances of this particular case, the Court must choose one without delay. Delay only rewards the Debtor and prejudices his creditors.

| | |
|---|---|
| Dated:  May 20, 2022<br>New Haven, Connecticut | Respectfully submitted,<br>WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE FOR REGION 2 |
| | By:  /s/ Holley L. Claiborn<br>      Holley L. Claiborn<br>      Trial Attorney<br>      Office of the United States Trustee<br>      Giaimo Federal Building, Room 302<br>      150 Court Street, New Haven, CT 06510<br>      Holley.L.Claiborn@usdoj.gov<br>      Federal Bar No.: ct17216 (Connecticut)<br>      (203) 773-2210 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

      By:    */s/ Holley L. Claiborn*
                  Holley L. Claiborn