**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>Debtor. | Chapter 11 Case No.<br><br>Case No. 22-50073 (JAM)<br><br>May 24, 2022 |

**NOTICE OF STATUS OF CIVIL ACTION REMOVED FROM SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY PURSUANT TO 28 USC § 1452(A) AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND REQUEST FOR STATUS CONFERENCE**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), by and through its undersigned counsel, provides notice of the status of that certain civil action captioned *Pacific Alliance Asia Opportunity Fund, L.P. vs. Kwok Ho Wan, et al.* and bearing Index Number 652077/2017 (the "Removed Action"),[1] removed from State of New York Supreme Court, County of New York: Commercial Division (Justice Ostrager presiding) (the "New York Court") and pending in the United States District Court for the District of Connecticut (the "Connecticut District Court"). PAX respectfully requests that the Court schedule a status conference in the main case related to the Removed Action pursuant to sections 105(d) of title 11 of the United States Code (the "Bankruptcy Code") seven (7) days after the Court's Adjudication on PAX's Motion to Dismiss (as hereinafter defined) or as soon thereafter as is convenient for the Court. In support of its notice and request for status conference, PAX respectfully states as follows:

---

[1] *See* Ex. A, Complaint, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup.).

1

## STATUS OF REMOVED ACTION

1. On April 18, 2017, PAX commenced the Removed Action by suing Ho Wan Kwok (the "Debtor") for breach of a personal guarantee contract in the New York Court. Following nearly four years of litigation, on February 3, 2021, PAX secured a judgment against the Debtor for $116,402,019.57 in the Removed Action. PAX then undertook a years-long effort to enforce the judgment by first identifying and then attempting to levy upon the Debtor's assets in the United States. The Debtor has yet to repay any of the $116,402,019.57 judgment, which accrued post-judgment interest at the rate of 9 percent per year.

2. On February 15, 2022, the Debtor filed his voluntary petition under chapter 11 of the Bankruptcy Code. [Dkt No. 1].

3. On March 18, 2022, the Debtor removed the Removed Action from the New York Court to the United States District Court, Southern District of New York, which referred the Removed Action to the United States Bankruptcy Court, Southern District of New York (the "New York Bankruptcy Court").

4. On March 23, 2022, the Debtor filed its *Motion to Transfer Case* in the New York Bankruptcy Court, wherein it sought to transfer the Removed Action from the New York Bankruptcy Court to the Connecticut District Court for referral to this Court pursuant to sections 151 and 157(a) of title 28 of the United States Code and the Connecticut District Court's Standing Order, dated September 21, 1984 (the "Standing Referral Order").[2]

5. On April 5, 2022, PAX filed a proposed *Stipulation Resolving Motion to Transfer Venue* (the "Conditional Transfer Stipulation") with the New York Bankruptcy Court. In the

---

[2] A copy of the Standing Order can be found at https://www.ctd.uscourts.gov/sites/default/files/general-ordes/1984_Standing_Order.pdf.

Conditional Transfer Stipulation, PAX consented to the transfer of the Removed Action to this Court; but expressly preserved and did not waive its right to have this Court consider the remand of the Removed Action or, in the alternative, abstain from hearing the Removed Action.

6. On April 14, 2022, PAX filed its *Motion to Remand Or, In the Alternative, For Abstention Pursuant to Section 1334(c)(1) of Title 28 of the United States Code* in the New York Bankruptcy Court (the "Remand Motion").[3]

7. On April 15, 2022, and before the New York Bankruptcy Court adjudicated the Remand Motion, it *So Ordered* the Conditional Transfer Stipulation.

8. On April 15, 2022, the Removed Action was docketed in the Connecticut District Court, bearing Civil Case Number 3:22-cv-00553-VAB.[4]

9. On April 21, 2022, PAX filed its *Amended Motion to Refer Case to United States Bankruptcy Court for the District of Connecticut and Incorporated Memorandum of Law in Support* (the "Referral Motion").[5] The Debtor consented to the relief contained in the Referral Motion.

10. On May 24, 2022, PAX filed its *Certificate of No Objection Regarding Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Refer Case to United States Bankruptcy Court for the District of Connecticut and Incorporated Memorandum of Law in Support*.

11. As of the filing of this status update, the Referral Motion and Remand Motion remain pending.

---

[3] *See* Ex. B, Remand Motion.

[4] *See* Ex. C, Connecticut District Court Docket Sheet.

[5] *See* Ex. D, Referral Motion.

12. PAX respectfully requests entry of the Order setting a status conference regarding the Removed Action seven (7) days after the Court adjudicates the *Motion for Order Directing Appointment of an Examiner, or in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee* (the "Motion to Dismiss") [Dkt. No. 102], or at the convenience of the Court after it adjudicates the Motion to Dismiss.

13. In pertinent part, section 105(d)(1) of the Bankruptcy Code provides that the Court, "on its own motion or on the request of a party in interest—(1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(1).

14. Setting a status conference in the main case on the Removed Action will promote judicial economy by providing an opportunity for the parties to discuss the Removed Action as informed by the adjudication of the Motion to Dismiss.

15. WHEREFORE, PAX respectfully requests that the Court (i) schedule a status conference in the main case related to the Removed Action seven (7) days after the Court adjudicates the Motion to Dismiss, or at the convenience of the Court after it adjudicates the Motion to Dismiss; and (ii) grant such other and further relief the Court deems just and proper.

*[Signature on following page]*

|  |  |
|---|---|
| Dated: May 24, 2022<br>Hartford, Connecticut | Pacific Alliance Asia Opportunity Fund L.P<br><br>*By*: */s/ Patrick M. Birney*<br>Patrick M. Birney (CT No. 19875)<br>Annecca H. Smith (CT No. 31148)<br>**ROBINSON & COLE LLP**<br>280 Trumbull Street<br>Hartford, CT 06103<br>Telephone: (860) 275-8275<br>Facsimile: (860) 275-8299<br>E-mail: pbirney@rc.com<br>         asmith@rc.com<br><br>-and-<br><br>Peter Friedman (admitted *pro hac vice*)<br>Stuart M. Sarnoff (admitted *pro hac vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>Email:  pfriedman@omm.com<br>          ssarnoff@omm.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney