# EXHIBIT 12

**FILED**
**HIGH COURT**
**TERRITORY OF**
**THE VIRGIN ISLANDS**

THE EASTERN CARIBBEAN SUPREME COURT

VIRGIN ISLANDS

**Submitted Date:07/12/2021 09:48**

IN THE HIGH COURT OF JUSTICE

**Filed Date:07/12/2021 09:48**

COMMERCIAL DIVISION

**Fees Paid:72.59**

Claim No BVIHC (Com) 137 of 2020

BETWEEN

### PACIFIC ALLIANCE ASIA OPPORTUNITY FUND, LP

**Claimant**

and

### (1) GENEVER HOLDINGS CORP.
### (2) BRAVO LUCK LIMITED
### (3) KWOK HO WAN (also known as MILES KWOK, HO WAN KWOK and GUO WEN GUI)
### (4) QIANG GUO (also known as QUO QIANG and MILESON KWOK)

**Defendant**

---

### ORDER

---

### BEFORE THE HONOURABLE MR JUSTICE ADRIAN JACK [Ag]

**MADE**        :        6 December 2021

**ENTERED**        :        8 December 2021

UPON the Supreme Court of the State of New York having made an order on 8 September 2021 directing the Third Defendant to transfer the shares issued by the First Defendant and held in his name to the Claimant (the **Turnover Order**)

AND UPON the application of the Claimant dated 11 November 2021 (the **Variation Application**)

AND UPON the application of the Second Defendant for an order which would (i) adjourn today's hearing and (ii) dismiss the Claimant's application dated 11 November 2021 (the **Adjournment Application**)

AND UPON HEARING Mr Andrew Willins and Miss Tamara Cameron of Appleby (BVI) Limited for the Claimant, Mr Robert Nader of Forbes Hare on behalf of the First and Third Defendants, and Mr Dan Wise and Miss Nadine Whyte-Laing of O'Neal Webster on behalf of the Second and Fourth Defendants

IT IS ORDERED THAT:

1    The Adjournment Application be dismissed.

2    The Order of this Court dated 3 December 2019 (originally made in Claim Number 170/2019, but consolidated with this action) and the further order of this Court dated 30 October 2020, in each case as subsequently continued, be varied to:

    (i)    Permit the Third Defendant to transfer the shares registered in his name in the First Defendant to the Claimant in compliance with the Turnover Order; and

    (ii)   Permit the First Defendant (and its Registered Agent) to update the Register of Members of the First Defendant to reflect the transfer by the Third Defendant of the shares registered in his name to the Claimant.

3    The Second and Fourth Defendants shall pay the Claimant's costs of the Adjournment Application and the Variation Application, to be assessed if not agreed.

BY THE COURT

for the REGISTRAR

**THE EASTERN CARIBBEAN SUPREME COURT**

**VIRGIN ISLANDS**

**IN THE HIGH COURT OF JUSTICE**

**COMMERCIAL DIVISION**

**Claim No BVIHC (Com) 137 of 2020**

**BETWEEN**

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND LP**

<b>Claimant</b>

**and**

(1)  **GENEVER HOLDINGS CORP**

(2)  **BRAVO LUCK LIMITED**

(3)  **KWOK HO WAN (also known as MILES KWOK, HO WAN KWOK and GUO WEN GUI)**

(4)  **QIANG GUO (also known as QUO QIANG and MILESON KWOK)**

<b>Defendant</b>

---

<b>ORDER</b>

---

# APPLEBY

**Legal Practitioners for the Claimant**

Tel:  +1 284 393 5323
Email:  awillins@applebyglobal.com

Ref: AW.432766.0003

36350345v2

# EXHIBIT 13

| From: | Erica Cheng <Erica.Cheng@sw-hk.com> |
|---|---|
| To: | Steffi Tam |
| Sent: | 3/16/2011 8:51:03 AM |
| Subject: | Pangu |
| Attachments: | Loan Facility 20110316.pdf; Notice of Confirmation 20110316.pdf; Personal Guarantee 20110316.pdf |

Dear Steffi,

Sorry for my late reply.  Attached plesae find herewith documents signed by Mr. Kwok Ho Wan for your further handling.

Kind regardeds,
Erica
**Erica Cheng**
**STEVENSON, WONG & CO.**

4/F & 5/F., Central Tower,
28 Queen's Road Central, HK.
D + 852 2533 2585  F + 852 2157 5550
erica.cheng@sw-hk.com
http://www.sw-hk.com/

This email and any attachments may contain confidential and/or privileged information for the sole use of the intended recipient. Any other use or dissemination is strictly prohibited. If you have received this email in error, please contact the sender and delete all copies.

Stevenson, Wong & Co.
4/F & 5/F, Central Tower, No.28 Queen's Road Central, Hong Kong
Tel : (852) 2526 6311 , Fax : (852) 2845 0638 , Web site : http://www.sw-hk.com

China Office
Suite 1704, Citic Plaza, 233 Tian He N. Road, Guangzhou 510613, China
Tel : (8620) 8752 1228 , Fax : (8620) 8752 1268

Worldwide coverage of Legal Advisory Services since 1982 through the well established Interlaw network constituted by 5000 lawyers in 70 law firms in 127 Business Centres in all Principal Jurisdictions.
A list of the firm's principals will be provided upon request.

---

**From:** Steffi Tam [mailto:stam@pacific-alliance.com]
**Sent:** Wednesday, March 16, 2011 4:37 PM
**To:** Erica Cheng
**Subject:** RE: Pangu

Hi, Erica – So when can you send me the signed documents?

**Steffi Tam**
**Legal Counsel**

15/F, AIA Central
1 Connaught Road Central
Hong Kong
香港中環干諾道中1號友邦金融中心15樓

T  (852) 3719 3373
F  (852) 2918 0881

**Pacific Alliance Group**太盟投資集團
www.pacific-alliance.com

---

**From:** Steffi Tam
**Sent:** Friday, March 11, 2011 3:18 PM
**To:** 'Erica Cheng'
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com'; 'Hank Lo'; Derek Crane

CONFIDENTIAL                                                                                    PAX-KWOK-017468

HI, Erica:

Would you please let us have the update on the status?   Is there anything that we can help to expedite the process?   You/your client signed off on the documents about 10 days ago and still we have not received the signed documents.

Your prompt response is highly appreciated.

Thanks.

Steffi

---

**From:** Steffi Tam
**Sent:** Monday, March 07, 2011 10:37 AM
**To:** 'Erica Cheng'
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com'; 'Hank Lo'; Derek Crane
**Subject:** RE: Pangu

Hi, Erica – Would you please update us the status of signing by your client?  We would like to get these documents signed ASAP.

Thanks.

Best regards,
Steffi

**Steffi Tam**
**Legal Counsel**

15/F, AIA Central
1 Connaught Road Central
Hong Kong
香港中環干諾道中1號友邦金融中心15樓

T (852) 3719 3373
F (852) 2918 0881

**Pacific Alliance Group** 太盟投資集團
www.pacific-alliance.com

---

**From:** Steffi Tam
**Sent:** Tuesday, March 01, 2011 1:01 PM
**To:** 'Erica Cheng'
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com'; Hank Lo; Derek Crane
**Subject:** RE: Pangu

Hi, Erica – Yes, please.    Please send us the documents signed by your client and we will sign afterwards.

Steffi

**Steffi Tam**
**Legal Counsel**

15/F, AIA Central
1 Connaught Road Central
Hong Kong
香港中環干諾道中1號友邦金融中心15樓

T (852) 3719 3373

CONFIDENTIAL

PAX-KWOK-017469

**Pacific Alliance Group** 太盟投資集團
www.pacific-alliance.com

---

**From:** Erica Cheng [mailto:Erica.Cheng@sw-hk.com]
**Sent:** Tuesday, March 01, 2011 12:58 PM
**To:** Steffi Tam
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com'; Hank Lo; Derek Crane
**Subject:** RE: Pangu

Dear Steffi,

We are arranging Mr. Kwok to sign the documents, including facility letter, notice of confirmation and personal guarantee. Shall we exchange the execution pages by email first once they are signed?  Originals will follow.

Kind regards,
Erica

---

**From:** Steffi Tam [mailto:stam@pacific-alliance.com]
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** Erica Cheng
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com'; Hank Lo; Derek Crane
**Subject:** Re: Pangu

Hi, Erica:

Would you please follow up with your client on the documents? We need to get these signed ASAP.

Thanks.
Steffi

---

**From:** Steffi Tam
**To:** 'Erica.Cheng@sw-hk.com' <Erica.Cheng@sw-hk.com>
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com' <pg-office@panguplaza.com>; 'Hank.Lo@sw-hk.com' <Hank.Lo@sw-hk.com>; Derek Crane
**Sent:** Thu Feb 24 13:06:53 2011
**Subject:** Re: Pangu

Hi, Erica:

Thanks for the revised draft Facility Letter.

Re 2(a) of the Facility Letter, the Borrower needs to pay the US$5m within 7 business days after receipt of the RMB from the Lender. Please incorporate that change and we are in a position to sign.

Please confirm with your client and arrange for signing of the Facility Letter and Guarantee ASAP.

Thanks.
Steffi

---

**From:** Erica Cheng <Erica.Cheng@sw-hk.com>
**To:** Steffi Tam
**Cc:** Jon Lewis; Ian Zheng; 'pg-office@panguplaza.com' <pg-office@panguplaza.com>; Hank Lo <Hank.Lo@sw-hk.com>
**Sent:** Wed Feb 23 23:36:07 2011
**Subject:** Pangu

Dear Steffi,

Enclosed please find herewith draft 3 of the facility letter for your consideration. Kindly note that the revised facility letter is sending to our client simultaneously and will be subject to further comments, if any.

We have no further comments on the guarantee.

Kind regards,
Erica
**Erica Cheng**
**STEVENSON, WONG & CO.**

4/F & 5/F., Central Tower,
28 Queen's Road Central, HK.
**D** + 852 2533 2585 **F** + 852 2157 5550
erica.cheng@sw-hk.com
http://www.sw-hk.com/

This email and any attachments may contain confidential and/or privileged information for the sole use of the intended recipient. Any other use or dissemination is strictly prohibited. If you have received this email in error, please contact the sender and delete all copies.

Stevenson, Wong & Co.
4/F & 5/F, Central Tower, No.28 Queen's Road Central, Hong Kong
Tel : (852) 2526 6311 , Fax : (852) 2845 0638 , Web site : http://www.sw-hk.com

China Office
Suite 1704, Citic Plaza, 233 Tian He N. Road, Guangzhou 510613, China
Tel : (852) 8752 1228 , Fax : (8620) 8752 1268

Worldwide coverage of Legal Advisory Services since 1982 through the well established Interlaw network constituted by 5000 lawyers in 70 law firms in 127 Business Centres in all Principal Jurisdictions.
A list of the firm's principals will be provided upon request.

---

**From:** Steffi Tam [mailto:stam@pacific-alliance.com]
**Sent:** Wednesday, February 23, 2011 7:33 PM
**To:** Erica Cheng
**Cc:** Jon Lewis
**Subject:** Re: Pangu

Hi, Erica: Any update on the documents? We need to sign the documents ASAP. Please revert.

Thanks.
Steffi

---

**From:** Christie Ching
**To:** 'Erica Cheng' <Erica.Cheng@sw-hk.com>
**Cc:** Jon Lewis; Steffi Tam
**Sent:** Mon Feb 14 15:41:30 2011
**Subject:** Pangu

Dear Erica,

Enclosed please find our comments on the attached personal guarantee and facility letter.

Kind regards,

**Christie Ching**
c/o Pacific Alliance Investment Management (HK) Limited
16/F St John$B!&(B€$B!&(Bs Building
33 Garden Road, Central
Hong Kong
$B!&(B7$B!&!&(B7⁄7$B!&(B7⁄7$B!&!&(B~$B!&!&(B7$B!&!&!&!&!&!&(B33$B!&!&!&!&!&!&(B7$B!&!&(B7⁄~$B!&(B、7$B!&(B#$B!&(B16$B!&!&(B7$B!&(B

T (852) 3719 3306
F (852) 2918 0881

CONFIDENTIAL

PAX-KWOK-017471

The information contained in this email (including all attached files) is confidential and may be legally privileged. If you are not the intended recipient, you may not disclose or use the information in this email in any way. If you have received this email in error, please notify us immediately by return e-mail and delete the email and all attachments from your system. Thank you.

The information contained in this email (including all attached files) is confidential and may be legally privileged. If you are not the intended recipient, you may not disclose or use the information in this email in any way. If you have received this email in error, please notify us immediately by return e-mail and delete the email and all attachments from your system. Thank you.

The information contained in this email (including all attached files) is confidential and may be legally privileged. If you are not the intended recipient, you may not disclose or use the information in this email in any way. If you have received this email in error, please notify us immediately by return e-mail and delete the email and all attachments from your system. Thank you.

CONFIDENTIAL                                                              PAX-KWOK-017472

# EXHIBIT 14

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| PRESENT: | **HON. BARRY R. OSTRAGER** | | PART | IAS MOTION 61EFM |
|---|---|---|---|---|
| | *Justice* | | | |

------------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

Defendants.

------------------------------------------------------------------------X

| INDEX NO. | 652077/2017 |
|---|---|
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON MOTION**

HON. BARRY R. OSTRAGER

The Court heard oral argument on motion 009 by plaintiff for damages on December 18, 2020 via Microsoft Teams. In accordance with the documents submitted and the proceedings on the record, plaintiff's motion is granted to the extent of awarding plaintiff damages of $46,426,489.00 (unpaid principal) plus contractual interest pursuant to the 2011 Personal Guarantee at a rate of 15% per annum from effective date of December 31, 2010. *See* Aff. of Jon Lewis made on personal knowledge (NYSCEF Doc. No. 563).

**Procedural History**

On September 15, 2020, the Court issued a Decision and Order on Motion 007, plaintiff's motion for summary judgement (NYSCEF Doc. No. 549). The Court found Kwok Ho Wan ("Kwok") liable for breach of contract, specifically the 2011 Personal Guarantee entered into by the parties. In this Decision and Order, the Court expressed skepticism about Kwok's newly raised mitigation argument but reserved ruling on the issue until the Court determined damages. The Court directed plaintiff to file a motion setting forth both damages pursuant to the 2011 Personal Guarantee and attorney's fees which the Court expressly found that plaintiff is entitled

to under the contract. The issue of damages, and whether the Court should pierce the corporate veil and hold the Genever defendants liable remained outstanding.

Because the veil piercing issue will require a trial by jury, the Court asked plaintiff to withdraw the portion of Motion 009 which sought attorney's fees, and to renew it at the resolution of the entire action. Plaintiff agreed to do so, and thus this motion only addresses the damages portion of Motion 009.

The initial briefing on this motion included a cross-motion by defendant Kwok to amend his Answer to assert mitigation as an affirmative defense. In its November 12, 2020 Status Conference Order (NYSCEF Doc. No. 648) the Court directed that Kwok need not amend his Answer to argue his mitigation defense. Accordingly, this Decision and Order addresses the merits of plaintiff's motion for damages and Kwok's mitigation defense.

**Discussion**

As the Court had already found Kwok liable under the 2011 Personal Guarantee, plaintiff filed a straightforward motion setting forth the interest owed on the unpaid principal pursuant to the terms of the agreement. In opposition, defendants argue that plaintiff had a duty to mitigate its damages, specifically by pursuing an offer from the Beijing police to potentially sell apartments to plaintiff – the same apartments that Kwok was supposed to transfer to plaintiff to satisfy his debt owed to plaintiff.

As stated in the Decision and Order on Motion 007 (NYSCEF Doc. No. 549):

> In April 2013, the parties entered into a Deed of Settlement, whereby the outstanding loan amount would no longer be due and owing to Pacific Alliance if Pacific Alliance purchased certain apartments from Beijing Pangu Investment Inc. ("Beijing Pangu"), another Kwok business entity, and Shiny Times' made certain installment payments to Pacific Alliance Beijing Pangu was required to satisfy ten conditions precedent in connection with the sale and purchase of each of the apartments by Pacific Alliance. If any such condition was not satisfied by June of 2013, the Deed of Settlement would be terminated in its entirety. Pacific Alliance

2

and Kwok subsequently executed four extensions of the Deed of Settlement,
changing only the date by which the conditions precedent needed to be satisfied.
The latest Deed of Settlement required that the conditions precedent be satisfied
by June of 2015. . . .

[S]everal of the conditions precedent in the 2013 Deed of Settlement were not
fulfilled. Namely, defendant Kwok failed to deliver clean title, failed to provide
plaintiff with an invoice for the purchase of the apartments, failed to provide
plaintiff with evidence regarding the payment of all relevant taxes and charges in
connection with the sale and purchase of the apartments, and failed to deliver the
House Ownership Certificates of any of the Apartments to plaintiff. . . .

Because the conditions precedent were not satisfied by June 30, 2015 the Deed of Settlement was

terminated and its entirety and the 2011 Personal Guarantee was once again in full force and

effect.

Defendants first argue that plaintiff had a duty to mitigate its damages "once the Deed of

Settlement was breached." However, the Deed of Settlement was never "breached" because the

Deed of Settlement never went into effect, because the conditions precedent were not satisfied by

June 30, 2015. Defendants argue that the conditions listed above were not conditions precedent,

because "the Deed of Settlement was not conditioned upon anything happening before it could

come into full force and effect" (*See* Def. Sur-Reply at p. 7). The Court rejects this argument

raised for the first time in defendants' sur-reply. Defendants had until June 30, 2015 to satisfy the

conditions precent. Failure to meet the conditions prior to June 30, 2015 was not a breach of the

agreement, and on June 30, 2015, the failure to meet the conditions precedent resulted in the

nullification of the Deed of Settlement and reversion to the 2011 Personal Guarantee, not a

"breach" of the agreement.

Defendants next argue that there are genuine issues of material fact that would show

plaintiff had the opportunity to mitigate its damages prior to the expiration of the Deed of

Settlement. First, the Court has already found – based on documentary evidence submitted by

both parties – that the opportunity presented by the Beijing police only came up *after* June 2015

3

when the Deed of Settlement had already expired. *See* NYSCEF Doc. No. 549 at p. 6. Second, it

does not make a difference as a matter of law when the police presented the opportunity to

plaintiff. If it was prior to June 30, 2015, then plaintiff did not know whether or not Kwok would

fulfill the conditions precedent and transfer plaintiff the apartments, and thus there was nothing

to mitigate and no reason to pursue alternative methods of procuring the apartments. If it was

after June 30, 2015, the 2011 Personal Guarantee was in effect, and under Hong Kong law,

mitigation is inapplicable to a debt-repayment claims. Both plaintiff and Kwok's experts in Hong

Kong law affirm this. *See* Melwani Aff. (NYSCEF Doc. No. 640) at ¶ 10 ("the Court of Final

Appeal … has confirmed … that mitigation is not applicable to claims for repayment of a debt")

*and* Georgiou Aff. (NYSCEF Doc. No. 667) at ¶ 7 ("I agree with Mr. Melwani that the principle

of mitigation does not apply to a claim for repayment of a debt where that claim is made under a

. . . personal guarantee.").

Defendants further argue that plaintiff had an obligation to pursue the offer from the

Beijing police because plaintiff was allegedly being presented with an opportunity to receive the

benefit it had bargained for under the Deed of Settlement – the apartments. As stated above,

plaintiff did not have an obligation to pursue mitigation of a debt-repayment claim. However,

even if plaintiff did have a duty to mitigate, as the Court has already found, plaintiff is only ever

required to *reasonably* mitigate damages. The proposal to purchase the apartments from the

Beijing police for $17 M, when plaintiff was supposed have the apartments transferred to it for

zero dollars (in satisfaction of a debt) is hardly receiving the benefit for which plaintiff had

bargained.

Finally, defendants argue that plaintiff has possession of the keys to the apartments, and

that that must be worth something to offset the contractual damages under the 2011 Personal

FILED: NEW YORK COUNTY CLERK 12/18/2020 04:45 PM        INDEX NO. 652077/2017

NYSCEF DOC. NO. 685        Case 22-50073   Doc 141-4   Filed 05/23/22   Entered 05/23/22 23:53:58   Exhibit 16 of   RECEIVED NYSCEF: 12/18/2020

Pg 174 of 7

Guarantee. Defendants cite no legal authority for this contention. While this type of conclusory assertion is insufficient to bar judgment as a matter of law, the Court notes that even under the Deed of Settlement, plaintiff did not bargain for mere possession of the apartments, and instead plaintiff bargained for clean title so that it could legally sell the apartments in satisfaction of the debt Kwok owed plaintiff. *See* Pl. Reply Memo at p. 11.

In conclusion, Kwok's mitigation argument is without merit and plaintiff is entitled to contractual damages and interest under the 2011 Personal Guarantee.

The Court notes that plaintiff's Second Cause of Action for veil piercing against the Genever defendants must still be tried. A trial on the remaining claim was set for January 15, 2021. The parties have submitted a stipulation requesting to adjourn the trial without a date, in light of (1) the present prohibition on jury trials in New York State due to the Covid-19 pandemic, and (2) the bankruptcy stay against one of the Genever defendants. This request is granted. A status conference is scheduled for May 4, 2021 at 10:00 am to report on the status of the Genever bankruptcy.

Accordingly, it is hereby,

ORDERED the Clerk of Court is directed to enter judgment in favor of plaintiff Pacific Alliance Asia Opportunity Fund L.P. and against defendant Kwok Ho Wan in the amount of $46,426,489.00 plus contractual interest pursuant to the 2011 Personal Guarantee at a rate of 15% per annum from effective date of December 31, 2010 and at the statutory rate of 9% per annum from the date of entry of this decision and order.

December 18, 2020
**DATE**

BARRY R. OSTRAGER, J.S.C.

5

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | ☒ GRANTED | | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

6

# EXHIBIT 15

Case 22-558, Document 14-15, Filed 05/23/22, Entered 05/23/22 23:54:28, Exhibit 15 of
Pg 27 of 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., | Index No. 652077/2017 |
| Plaintiff, | Hon. Barry Ostrager |
| - against - | **NOTICE OF APPEAL** |
| KWOK HO WAN, et al., | |
| Defendants. | |

**PLEASE TAKE NOTICE**, that Defendant Kwok Ho Wan hereby appeals to the Appellate

Division, First Judicial Department, from the Judgment of the Supreme Court of the State of New

York, County of New York dated February 3, 2021, and entered in the office of the New York

County Clerk on February 3, 2021 (NYSCEF Doc. No. 716), and from each and every part thereof.

Dated: New York, New York
      March 2, 2021

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   _/s/ John Siegal_             
      John Siegal
      Melissa Carvalho
      Erica Barrow
45 Rockefeller Plaza
New York, New York 10111
212-589-1400
jsiegal@bakerlaw.com
mcarvalho@bakerlaw.com
ebarrow@bakerlaw.com
*Attorneys for Defendant Kwok Ho Wan*

To:    Clerk of the County of New York (via NYSCEF)
      All counsel of Record (via NYSCEF)

# Supreme Court of the State of New York
# Appellate Division: First    Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 (a)) – Civil

| | For Court of Original Instance |
|---|---|
| *[instructional text, illegible]* | |
| Pacific Alliance Asia Opportunity Fund L. P. | |
| | Date Notice of Appeal Filed |
| - against - | |
| Kwok Ho Wan, et al. | For Appellate Division |

## Case Type

- ■ Civil Action
- ☐ CPLR article 75 Arbitration
- ☐ CPLR Article 78 Proceeding
- ☐ Special Proceeding Other
- ☐ Habeas Corpus Proceeding

## Type

- ■ Appeal
- ☐ Original Proceedings
  - ☐ CPLR Article 78
  - ☐ Pursuant Citizen...
  - ☐ Labor Law 220 or 220-b
  - ☐ Public Officers Law § 36
  - ☐ Real Property Tax Law § 1271
- ☐ Transferred Proceeding
  - ☐ CPLR Article 78
  - ☐ Executive Law § 394
  - ☐ CPLR 5704 Review

## Nature of Suit (Check up to three of the following categories which best reflect the nature of the case.)

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ■ Business Relationships | ■ Commercial | ■ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than Foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement – Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgment | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify) |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☑ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court | County: | New York |
|---|---|---|---|
| Dated: | 02/03/2021 | Entered: | 02/03/2021 |
| Judge (name in full): | Hon. Barry R. Ostrager | Index No.: | 652077/2017 |
| State: | ☐ Interlocutory ☑ Final ☐ Post-Final | Trial: ☐ Yes ☐ No If Yes: ☐ Jury ☐ Non-Jury | |

Prior Unperfected Appeal and Related Case Information

Are any appeals arising in the same action or proceeding currently pending in this court? ☑ Yes ☐ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.
2020-04161 and 2021-00138

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:
GTV Media Group v. Pacific Asia Alliance Fund L.P., Supreme Court, New York County (Ostrager, J.), Index No. 150923/2021. Dismissed without prejudice

Original Proceeding

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division | |

Proceeding Transferred Pursuant to CPLR 326

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

CPLR 5704 Review of Ex Parte Order

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

Description of Appeal, Proceeding or Application and Statement of Issues

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.
Defendant-Appellant Kwok Ho Wan is appealing the Judgment in this action entered February 3, 2021. Pursuant to CPLR 5501(a)(1), the appeal from this Judgment brings up for review, inter alia, any non-final judgment or order which necessarily affects the final judgment.

Informational Statement - Civil

FILED: NEW YORK COUNTY CLERK 03/02/2021 04:42 PM     INDEX NO. 652077/2017
NYSCEF DOC. NO. 725     Case 20-2588     Doc 44-15     Filed 05/23/22     Entered 05/23/22 23:54:38     Exhibit 22 of
RECEIVED NYSCEF: 03/02/2021

Pg 5 of 10

Issues. Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review; the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

Without limiting the arguments that may be presented on appeal, Defendant-Appellant Kwok Ho Wan states, that the Judgment should be reversed in its entirety; that the Supreme Court's orders which, inter alia, imposed sanctions and a judicial estoppel upon him, granted Plaintiff's motion for summary judgment against him, and awarded damages against him, were in error and should be reversed; and that numerous genuine issues of material fact existed as to both liability and damages that should have precluded the entry of summary judgment on either liability or damages.

## Party Information

Instructions. Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|--------------------------|
| 1 | Pacific Alliance Asia Opportunity Fund L.P. | Plaintiff | Respondent |
| 2 | Kwok Ho Wan | Defendant | Appellant |
| 3 | Genever Holdings LLC | Defendant | None |
| 4 | Genever Holdings Corporation | Defendant | None |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement (Civil)

Case 20-50805   Doc 4415   Filed 05/23/22   Entered 05/23/22 23:54:23   Page 23 of
Pg 5 of 10

## Attorney Information

Instructions: Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition/order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents him/self or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

Attorney/Firm Name: Edward Moss - O'Melveny & Myers LLP
Address: 7 Times Square
| City: New York | State: New York | Zip: 10036 | Telephone No.: 212-326-2000 |

E-mail Address: emoss@omm.com
Attorney Type:   ☒ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice
Party or Parties Represented (set forth party number(s) from table above): 1

Attorney/Firm Name: Stuart Sarnoff - O'Melveny & Myers LLP
Address: 7 Times Square
| City: New York | State: New York | Zip: 10036 | Telephone No.: 212-326-2000 |

E-mail Address: ssarnoff@omm.com
Attorney Type:   ☒ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice
Party or Parties Represented (set forth party number(s) from table above): 1

Attorney/Firm Name: Robert W. Seiden
Address: 1120 Avenue of the Americas
| City: New York | State: New York | Zip: 10036 | Telephone No.: 212-523-0478 |

E-mail Address: rseiden@seidenlegal.com
Attorney Type:   ☒ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice
Party or Parties Represented (set forth party number(s) from table above): 1

Attorney/Firm Name: John Siegal, Baker & Hostetler LLP
Address: 45 Rockefeller Center
| City: New York | State: New York | Zip: 10111 | Telephone No.: 212-589-4200 |

E-mail Address: jsiegal@bakerlaw.com
Attorney Type:   ☒ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice
Party or Parties Represented (set forth party number(s) from table above): 2

Attorney/Firm Name: Gene Michael, Cowell & Michael, LLC
Address: 45 Church Street, Fifth Floor
| City: White Plains | State: New York | Zip: 10601 | Telephone No.: 973-236-8030 |

E-mail Address: gene@cmlaw.com
Attorney Type:   ☒ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice
Party or Parties Represented (set forth party number(s) from table above): 3 and 4

Attorney/Firm Name:
Address:
| City: | State: | Zip: | Telephone No.: |

E-mail Address:
Attorney Type:   ☐ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice
Party or Parties Represented (set forth party number(s) from table above):

Informational Statement - Civil

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

               Plaintiff,

     v.

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO
WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO
WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a*
MILES KWOK, *a/k/a* HAOYUN GUO,
GENEVER HOLDINGS CORPORATION, and
GENEVER HOLDINGS LLC,

               Defendants.

17 652077

Index No. 652077/2017

[~~PROPOSED~~] JUDGMENT

WHEREAS, on April 18, 2017, Plaintiff Pacific Alliance Asia Opportunity Fund L.P.,

filed a complaint against Defendant Kwok Ho Wan, a/k/a Kwok Ho, a/k/a Gwo Wen Gui, a/k/a

Guo Wengui, a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun, a/k/a Miles Kwok, a/k/a Haoyun Guo

("Kwok"), alleging a cause of action for breach of contract against Defendant Kwok.

WHEREAS, on April 18, 2019, Plaintiff filed a First Amended Complaint against Kwok,

and Genever Holdings LLC, and Genever Holdings Corporation (together with Genever

Holdings LLC, the "Genever Defendants"), alleging causes of action for (i) breach of contract

against Defendant Kwok and (ii) veil piercing against the Genever Defendants.

WHEREAS, on July 24, 2020, Plaintiff moved for partial summary judgment on its

breach of contract claim against Kwok, and the motion was fully briefed and heard before Justice

Barry R. Ostrager, who issued a Decision and Order dated September 15, 2020, which was

entered in the New York County Clerk's Office on September 16, 2020, granting Plaintiff's

motion on Count I of the Amended Complaint for breach of contract, and directed Plaintiff move

by Notice of Motion to establish damages on Count I no later than October 14, 2020.

FILED: NEW YORK COUNTY CLERK 02/03/2021 02:48 PM    INDEX NO. 652077/2017
NYSCEF DOC. NO. 716    Case 22-55043    Doc 44-15    Filed 05/23/22    Entered 05/23/22 23:54:22    Exhibit 25 of    RECEIVED NYSCEF: 02/02/2021
                        Pg 87 of 10

17 652077

WHEREAS, (i) on September 21, 2020, Plaintiff moved by Notice of Motion to establish damages, legal fees and expenses; (ii) Plaintiff agreed to temporarily withdraw, without prejudice and with the Court's permission and the other parties' understanding that it would be renewed at a later date, the portion of its application relating to legal fees and expenses (i.e., enforcement costs); and (iii) the motion was fully briefed and heard before Justice Barry R. Ostrager, who issued a Decision and Order dated December 18, 2020 (the "Damages Order"), and entered into the New York County Clerk's office on December 18, 2020, directing the Clerk of Court to enter judgment in favor of Plaintiff and against Defendant Kwok in the amount of $46,426,489.00 plus contractual interest at a rate of 15% per annum from effective date of December 31, 2010 and at the statutory rate of 9% per annum from the date of entry of this decision and order.

NOW, upon motion of O'Melveny & Myers LLP, attorneys for Plaintiff, it is:

ADJUDGED that Plaintiff Pacific Alliance Asia Opportunity Fund L.P., having a business address at 33/F, Three Pacific Place, 1 Queen's Road East, Hong Kong, have judgment against and do recover from Defendant Kwok Ho Wan, residing at 781 Fifth Avenue, 18th Floor, New York, NY 10022, the amount of _____**$46,426,489.00**_____, plus contractual interest in the amount of _____**$69,448,939.71**_____, plus post-judgment interest at the statutory rate of 9% in the amount of _____**$526,590.86**_____, for a total of

**X**  ___**$116,402,019.57**___, and Plaintiff shall have execution thereof.

~~Judgment signed and entered this ___th day of _____, 2021~~

**FILED**
**Feb 03 2021**
NEW YORK
COUNTY CLERK'S OFFICE

*Milton Adair Tingling.*
_____
Clerk

3 rd        Feb.        2021

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

        Plaintiff,

   v.

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO
WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO
WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a*
MILES KWOK, *a/k/a* HAOYUN GUO,
GENEVER HOLDINGS CORPORATION, and
GENEVER HOLDINGS LLC,

        Defendants.

Index No. 652077/2017

**AFFIRMATION OF EDWARD MOSS,
ESQ.**



F I L E D
Feb 03 2021
NEW YORK
COUNTY CLERK'S OFFICE

    I, Edward Moss, an attorney duly admitted to practice before the Courts of the

State of New York, hereby affirm, under penalty of perjury, pursuant to the Civil Practice Law

and Rules of the State of New York § 2106, as follows:

    1.    I am a member of the bar of this Court and a partner in the law firm of O'Melveny

& Myers LLP, counsel of record for Plaintiff Pacific Alliance Asia Opportunity Fund L.P.

("PAX") in this matter.

    2.    I am fully familiar with the facts and circumstances in this action.  For purposes

of entry of this judgment, I submit this affirmation waiving costs and disbursements.

Dated:  January 25, 2021          By: */s/ Edward Moss* _____
       New York, New York             Edward Moss

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
Index No. 652077/2017

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

Plaintiff,

-against-

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN
GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI,
a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK,
a/k/a HAOYUN GUO, GENEVER HOLDINGS
CORPORATION, and GENEVER HOLDINGS LLC,

Defendants.

## JUDGMENT
~~[PROPOSED]~~ JUDGMENT

**O'MELVENY & MYERS LLP**

TIMES SQUARE TOWER
7 TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 326-2000

Attorneys for Plaintiff Pacific Alliance Asia Opportunity
Fund, L.P.

**FILED**
**Feb 03 2021**
NEW YORK
COUNTY CLERK'S OFFICE

# EXHIBIT 16

FILED: APPELLATE DIVISION - 1ST DEPT 10/15/2021 02:10 PM

NYSCEF DOC. NO. 16

RECEIVED NYSCEF: 10/15/2021

2021-00740

*To be Argued by:*
MARK C. ZAUDERER
*(Time Requested: 15 Minutes)*

# New York Supreme Court

## Appellate Division—First Department

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

*Plaintiff-Respondent,*

– against –

KWOK HO WAN, a/k/a Kwok Ho, a/k/a Gwo Wen Gui, a/k/a Guo Wengui,
a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun, a/k/a Miles Kwok, a/k/a Haoyun Guo,

*Defendant-Appellant,*

– and –

GENEVER HOLDINGS CORPORATION and GENEVER HOLDINGS LLC,

*Defendants.*

**Appellate
Case No.:
2021-00740**

---

## REPLY BRIEF FOR DEFENDANT-APPELLANT

---

GANFER SHORE LEEDS & ZAUDERER LLP
360 Lexington Avenue
New York, New York 10017
(212) 922-9250
mzauderer@ganfershore.com
imatetsky@ganfershore.com
jcohen@ganfershore.com

*Attorneys for Defendant-Appellant*

New York County Clerk's Index No. 652077/17

# TABLE OF CONTENTS

                                                                    **Page**

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ............................................................1

ARGUMENT ...................................................................................2

    POINT I

    THE JUDGMENT SHOULD BE REVERSED BECAUSE IT WAS
    BASED ON AN INCORRECT APPLICATION OF JUDICIAL
    ESTOPPEL ...................................................................................2

        A.    The Elements of Judicial Estoppel Were Not Present ...............2

        B.    PAX's Judicial Admissions Theory, Which Was Not
             Adopted by the Motion Court, Lacks Merit ...............................8

        C.    PAX's "Sanctions for Perjury" Theory, Which Was
             Not Adopted by the Motion Court, Lacks Merit .....................12

        D.    PAX's Contention that It Was Entitled to Summary
             Judgment Apart from the Judicial Estoppel Ruling Is
             Meritless ...................................................................................15

    POINT II

    THE JUDGMENT SHOULD BE REVERSED BECAUSE THE
    MOTION COURT ERRED BY REJECTING THE DEFENSE
    THAT PAX FAILED TO MITIGATE ITS DAMAGES............................16

CONCLUSION ...................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*35 W. Realty Co., LLC v. Booston LLC,*
  171 A.D.3d 545 (1st Dep't 2019).........................................................................2

*Bank of N.Y. Mellon v. Gordon,*
  171 A.D.3d 197 (2d Dep't 2019)...........................................................................8

*Barish v. Association of the Bar,*
  20 N.Y.2d 154 (1967)...........................................................................................5

*Bernstein v. Freudman,*
  180 A.D.2d 420 (1st Dep't 1992).........................................................................18

*Carr v. Caputo,*
  114 A.D.3d 62 (1st Dep't 2013)............................................................................3

*CDR Créances S.A.S. v. Cohen,*
  23 N.Y.3d 307 (2014)................................................................................... 13, 14

*D & L Holdings, LLC v. RCG Goldman Co. LLC,*
  287 A.D.2d 65 (1st Dep't 2001).........................................................................3, 4

*Goodman v. Skanska USA Civil, Inc.,*
  169 A.D.3d 1010 (2d Dep't 2019).........................................................................5

*Koch v. National Basketball Ass'n,*
  245 A.D.2d 230 (1st Dep't 1997).......................................................................5, 6

*MacArthur Props. I, LLC v. Galbraith,*
  182 A.D.3d 514 (1st Dep't 2020)..........................................................................3

*Matter of Daniel C.,*
  99 A.D.2d 35 (2d Dep't 1984).............................................................................11

*Matter of Daniel M. G. v. Annette P.,*
  181 A.D.3d 461 (1st Dep't 2020).......................................................................8, 12

*Matter of Nonhuman Rights Project, Inc. v. Breheny,*
  189 A.D.3d 583 (1st Dep't 2020), *leave to appeal granted,*
  36 N.Y.3d 912 (2021).............................................................................................7

*Micro-Link, LLC v. Town of Amherst,*
  155 A.D.3d 1638 (4th Dep't 2017) .................................................................. 5-6

*MPEG LA, LLC v. Samsung Elec. Co., Ltd,*
    166 A.D.3d 13 (1st Dep't 2018)...........................................................................3

*Napoli v. Bern,*
    171 A.D.3d 489 (1st Dep't 2019)........................................................................14

*Nestor v. Britt,*
    270 A.D.2d 192 (1st Dep't 2000)..........................................................................6

*Olszewski v. Park Terrace Gardens, Inc.,*
    18 A.D.3d 349 (1st Dep't 2005)............................................................................7

*Orr v. Urban American Mgmt. Corp.,*
    172 A.D.3d 512 (1st Dep't 2019)................................................................ 4, 5, 6

*Pacific Alliance Asia Opportunity Fund v. Kwok,*
    160 A.D.3d 452 (1st Dep't 2018)..........................................................................3

*Patmos Fifth Real Estate, Inc. v. Mazl Bldg., LLC,*
    189 A.D.3d 632 (1st Dep't 2020)......................................................................3, 4

*Peters v. Peters,*
    146 A.D.3d 503 (1st Dep't 2017)........................................................................14

*Rahman v. Smith,*
    40 A.D.3d 613 (2d Dep't 2007)............................................................................9

*Tynan Incinerator Co. v. International Fidelity Ins. Co.,*
    117 A.D.2d 796 (2d Dep't 1986)........................................................................18

*Wells Fargo Bank N.A. v. Webster Bus. Credit Corp.,*
    113 A.D.3d 516 (1st Dep't 2014)......................................................................3, 4

*Zanani v. Sutton Apts. Corp.,*
    193 A.D.3d 536 (1st Dep't 2021)..........................................................................5

**Statutes & Other Authorities:**

CPLR 3123.......................................................................................................................9

CPLR 3126.....................................................................................................................12

## PRELIMINARY STATEMENT

PAX argues that Mr. Kwok should be judicially estopped because he initially prevailed in this action when the motion court granted his *forum non conveniens* motion – and thus asks the Court to disregard the critical fact that on PAX's appeal, this Court reversed that very decision below and denied Mr. Kwok's motion. As a matter of New York law, a party whose temporary win is later overturned is not the prevailing party for the application of judicial estoppel. Because the motion court's granting of summary judgment was predicated entirely on its erroneous judicial estoppel ruling, the judgment should be reversed.

Perhaps recognizing the flaws in the motion court's ruling, PAX suggests several other potential grounds for affirmance, which it admits the motion court did not discuss. PAX's alternative arguments fail. PAX's assertion that Mr. Kwok made "formal judicial admissions" that the documents were authentic is not borne out because the statements it cites – which were made not by Mr. Kwok himself, but by former counsel for this non-English-speaking litigant – are cited out of context. None of these statements was a clear, unequivocal, and definitive admission of fact – an essential characteristic of a formal judicial admission. Mr. Kwok's deposition, at which he testified that the documents did not bear his signature, was his first opportunity to speak for himself about the documents and their authenticity.

Nor is there a basis for this Court to simply reject Mr. Kwok's testimony as a matter of law, as PAX also suggests. Consistent with this State's policies of affording litigants due process and resolving cases on their merits, Mr. Kwok should be allowed to present his factual defenses to PAX's claims – including evidence regarding whether the documents are authentic – to the trier of fact.

Finally, even if summary judgment on the issue of liability was properly granted in PAX's favor – which it was not – then issues of fact existed on Mr. Kwok's defense that PAX failed to mitigate its damages, as required under both New York and Hong Kong law.

## ARGUMENT

## POINT I

## THE JUDGMENT SHOULD BE REVERSED BECAUSE IT WAS BASED ON AN INCORRECT APPLICATION OF JUDICIAL ESTOPPEL

### A.    The Elements of Judicial Estoppel Were Not Present

PAX concedes, as it must in the face of this Court's precedents, that judicial estoppel applies only "where the party 'obtained a favorable ruling or judgment . . . as a result' of [an allegedly] inconsistent position. (PAX Br. 9, quoting *35 W. Realty Co., LLC v. Booston LLC*, 171 A.D.3d 545, 545 (1st Dep't 2019)). Here, Mr. Kwok did not obtain a "favorable ruling or judgment" on the *forum non conveniens* issue, because after he initially prevailed before the motion court, this Court reversed the decision below, denied Mr. Kwok's motion to dismiss, and directed that this action

2

proceed in New York. *Pacific Alliance Asia Opportunity Fund v. Kwok*, 160 A.D.3d

452 (1st Dep't 2018). Nor did even the motion court's initial decision, much less

this Court's reversal, make a determination on the authenticity of documents (which,

contrary to PAX's assertion, did not come from Mr. Kwok's "own files").

 In numerous decisions discussed in Mr. Kwok's initial Brief (*see* Kwok Br.

17-19), this Court has held that a party must have secured a judgment or other final

relief in its favor through the benefit of its prior, allegedly inconsistent position,

before judicial estoppel can be invoked. *See, e.g.*, *Patmos Fifth Real Estate, Inc. v.

Mazl Bldg., LLC*, 189 A.D.3d 632, 633 (1st Dep't 2020); *MacArthur Props. I, LLC

v. Galbraith*, 182 A.D.3d 514, 514 (1st Dep't 2020); *MPEG LA, LLC v. Samsung

Elec. Co., Ltd*, 166 A.D.3d 13, 21 (1st Dep't 2018); *Wells Fargo Bank N.A. v.

Webster Bus. Credit Corp.*, 113 A.D.3d 516, 516 (1st Dep't 2014); *Carr v. Caputo*,

114 A.D.3d 62, 71 (1st Dep't 2013). Here, Mr. Kwok obviously did not obtain a

judgment in his favor in this action, given that this very appeal is taken from the

judgment entered *against* him.

 PAX argues that a party need not have obtained a judgment in order to be

judicially estopped, relying on *D & L Holdings, LLC v. RCG Goldman Co. LLC*, 287

A.D.2d 65, 71 (1st Dep't 2001). While the *D & L Holdings* court held that the

document by which the party gained relief need not be *labeled* as a "judgment," it

reaffirmed, rather than negated, the rule that judicial estoppel applies only where "a

3

party obtains relief by maintaining one position, and later, in a different action, maintains a contrary position." *Id.* at 71-72.  To the contrary, judicial estoppel was applied in that case only because "D & L actually achieved the relief it sought" from the court in the earlier proceeding. *Id.* at 72.

As this Court has explained, to be estopped, a party must "prevail" and obtain a favorable ruling in the litigation by virtue of its alleged prior position. *See, e.g., Patmos*, 189 A.D.3d at 633 ("The claim was not barred by judicial estoppel given that, even if contradictory, none of defendants' prior positions prevailed."); *Wells Fargo*, 113 A.D.3d at 516 (1st Dep't 2014) ("As plaintiffs did not prevail on their contractual indemnification claim, the doctrine of judicial estoppel does not apply."). Here, PAX advances the remarkable argument that Mr. Kwok prevailed in obtaining a favorable ruling on *forum non conveniens* because the motion court initially granted his motion to dismiss – even though this Court, on PAX's appeal from that ruling, reversed the decision below and denied Mr. Kwok's motion.

PAX's position – that a party is deemed to have prevailed on an issue even when an initial ruling in his favor is later reversed – is squarely at odds with recent decisions by this Court explaining what "prevailing" and obtaining a "favorable ruling" mean.  This Court's decision in *Orr v. Urban American Mgmt. Corp.*, 172 A.D.3d 512 (1st Dep't 2019), is directly on point.  In that case, a party initially was granted relief in a bankruptcy proceeding, but the Bankruptcy Court later reopened

4

the case, thus negating that relief. This Court ruled that after that change, the

Bankruptcy Court's initial ruling could not be the basis for a judicial estoppel:

> The reopening of Kartsanis's bankruptcy case renders the doctrine of
> judicial estoppel inapplicable as it "nullif[ied] the final determination
> upon which . . . judicial estoppel could be predicated."

*Id.* at 512 (quoting *Goodman v. Skanska USA Civil, Inc*. 169 A.D.3d 1010, 1013 (2d

Dep't 2019); *Koch v. National Basketball Ass'n*, 245 A.D.2d 230, 230-31 (1st Dep't

1997)).

PAX contends that cases such as *Goodman* are limited to the bankruptcy

context, but suggests no reason that would support any such limitation. PAX argues

that "the reopening of a bankruptcy proceeding by the bankruptcy court 'nullif[ies]

the final determination upon which . . . judicial estoppel could be predicated.'"

(PAX Br. 33 (quoting *Goodman*)). But precisely the same is true in this case: When

this Court reversed the motion court's granting of Mr. Kwok's *forum non conveniens*

motion and denied the motion, it "nullif[ied]" the prior determination in Mr. Kwok's

favor and thereby negated it as a potential predicate for judicial estoppel. *Cf. Barish

v. Association of the Bar*, 20 N.Y.2d 154, 158 (1967) ("reversal of a conviction . . .

nullifies it as if it had never been"); *Zanani v. Sutton Apts. Corp.*, 193 A.D.3d 536,

538 (1st Dep't 2021) (where decision in defendant's favor was reversed, award of

attorneys' fees to defendant under a prevailing-party clause "must likewise be

reversed, since the [defendant] is, at this juncture, not the prevailing party"); *Micro-*

*Link, LLC v. Town of Amherst*, 155 A.D.3d 1638, 1640 (4th Dep't 2017) ("'where a court has vacated an earlier order, the doctrine of . . . law of the case no longer applies. . . . Indeed, 'a vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of law of the case.") (citations omitted).

As discussed in our initial Brief, the motion court's and PAX's reliance on *Nestor v. Britt*, 270 A.D.2d 192 (1st Dep't 2000), is misplaced. (*See* Kwok Br. 21-22). That decision did not even mention, let alone apply, the "prevailing party" or "favorable ruling" requirement for judicial estoppel; it cannot reasonably be read as overriding decades of this Court's precedents, both before and after *Nestor*, recognizing that requirement. And PAX's interpretation of *Nestor* cannot be reconciled with this Court's decisions in *Orr* and *Koch*, both of which held that a subsequent litigation development precludes the application of judicial estoppel where it "nullif[ies] the final determination upon which . . . judicial estoppel could be predicated." *Orr*, 172 A.D.3d at 512; *Koch*, 245 A.D.2d at 231.

Finally, the motion court's judicial estoppel ruling was inconsistent with this Court's holding that judicial estoppel applies only in the context of two or more separate actions or proceedings, while this case involves only a single action. As discussed in our initial Brief, this Court has squarely held that judicial estoppel requires two successive actions:

6

> We also reject the employer's argument that the owners are judicially estopped from arguing that plaintiff did not sustain a grave injury. The doctrine of judicial estoppel does not apply here because first, the verdict against the owners cannot be considered a ruling in their favor, and second, the inconsistent positions are being asserted in the same action.

*Olszewski v. Park Terrace Gardens, Inc*., 18 A.D.3d 349, 350-51 (1st Dep't 2005).

Contrary to PAX's urging, this Court's clearly stated holding that "judicial estoppel does not apply . . . [where the allegedly] inconsistent positions are being asserted in the same action" (*id.*) cannot be disregarded as mere dictum. Where the Court provides two bases for deciding an issue, both within the same sentence of its opinion, there is no basis for a litigant such as PAX to elevate one as the holding of the case while demoting the other to *obiter* status. *Cf. Matter of Nonhuman Rights Project, Inc. v. Breheny*, 189 A.D.3d 583, 583 (1st Dep't 2020) ("We decline to overrule any of our alternative holdings in *Lavery*, which petitioner erroneously refers to as 'dicta.'"), *leave to appeal granted*, 36 N.Y.3d 912 (2021). Moreover, even assuming *arguendo* that judicial estoppel could sometimes arise from inconsistent positions taken within the same action – despite this Court's direct holding to the contrary in *Olszewski* – it still could not apply against Mr. Kwok, because as discussed above, his position on the *forum non conveniens* motion did not prevail even within the context of this action.

7

The motion court's granting of summary judgment on liability was based entirely on its judicial estoppel decision. Because that decision was erroneous, the judgment should be reversed.

## B.  PAX's Judicial Admissions Theory, Which Was Not Adopted by the Motion Court, Lacks Merit

Urging alternative grounds to uphold its precipitously awarded judgment without any determinations on the merits, PAX also contends that Mr. Kwok made binding "formal judicial admissions" that the documents were authentic. As PAX itself acknowledges (PAX Br. 36), the motion court did not address or rely on Mr. Kwok's supposed "admissions" as a basis for its rulings, either orally or in its written decisions. In this case, this Court should not exercise its discretion to consider in the first instance arguments that the motion court did not reach or address.

Alternatively, if this Court chooses to consider PAX's alternative contentions, it should reject them. "To constitute a judicial admission, a statement must be 'deliberate, clear, and unequivocal.'" *Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197, 211 (2d Dep't 2019) (citation omitted); *accord Matter of Daniel M. G. v. Annette P.*, 181 A.D.3d 461, 463 (1st Dep't 2020) (statement could not be considered a formal judicial admission where it "was not sufficiently conclusive or unequivocal to quality" as such). Even PAX acknowledges that "[t]o be considered a formal judicial admission, a statement "must be one of fact," "must be deliberate, clear, and unequivocal," and must be "made with sufficient formality and conclusiveness."

8

(PAX Br. 36-37, quoting *Rahman v. Smith*, 40 A.D.3d 613, 615 (2d Dep't 2007)).

The so-called admissions cited by PAX do not meet this standard.

PAX relies primarily upon two alleged admissions, both of which were supposedly made by Mr. Kwok's former counsel. Notably, these "admissions" were not contained in Mr. Kwok's deposition testimony, in which he clearly testified that the documents did not bear his genuine signature, or in any writing signed by Mr. Kwok himself. First, PAX asserts that Mr. Kwok admitted the documents' authenticity in responding to a set of requests for admissions. He did not. PAX's voluminous requests for admissions ("RFAs") (*see* R411-99) included requests that Mr. Kwok admit having executed various documents. However, PAX did not annex those documents as exhibits to its requests for admission. (*Id.*). As a result, neither Mr. Kwok nor anyone on his behalf had the opportunity to review the specific documents at issue, as required by CPLR 3123.

Mr. Kwok's lawyers' responses to the RFAs included a general objection to the RFAs in their entirety as well as specific objections that Mr. Kwok was being asked to stipulate to the authenticity of documents that were not attached. (R411-78; *see, e.g.,* Responses to Request Nos. 10, 13, 19, 30, 37, 44, and 51). Thus, Mr. Kwok did not admit the authenticity of any specific document, much less did he do so conclusively or unequivocally. How could he have done that, when no specific documents were presented for anyone to review? After receiving the responses and

9

objections submitted by Mr. Kwok's then-counsel, PAX advised counsel that PAX

would respond "shortly" in order to address his counsel's objections. But PAX never

did so, and it never mentioned the so-called "admissions" again until it filed its

sanctions motion.

The second document that PAX mischaracterizes as an "admission" was a

cover letter to an exhibit list. (*See* NYSCEF Doc. 325). This document was created

after the motion court had scheduled an evidentiary hearing on a motion by PAX to

attach a New York apartment that it alleged belonged to Mr. Kwok. In advance of

that hearing, the parties, through their counsel, entered into a formal stipulation

designed to limit the scope of that specific hearing – not, of course, of the entire

action – to the attachment-related issues. (NYSCEF Doc. 306). Thus, the parties

stipulated that for purposes of the specific evidentiary hearing on the attachment, the

court could assume that PAX had a cause of action against Mr. Kwok and a

likelihood of success, so that PAX need not prove these elements at the hearing. (*Id.*

at 3). The stipulation emphasized that it addressed only the proof that PAX must

present at this particular hearing and that PAX was "not relieved of its obligation to

prove the merits of each of its claims in order to obtain a final judgment." (*Id.*).

The parties then prepared for the evidentiary hearing on the attachment. The

motion court's practice rules required that in advance of the hearing, the parties

submit exhibit lists, noting whether the admissibility of the exhibits was stipulated

or disputed.  On April 19, 2019, PAX's counsel submitted a cover letter to the motion

court, "writ[ing] jointly under Practice Rule 28 for Part 61 . . . to provide the Court

with the . . . materials ahead of the April 26, 2019 evidentiary hearing on Plaintiff's

attachment motion" and stating in that context only that, *inter alia,* Mr. Kwok was

not disputing the authenticity of PAX's exhibits (NYSCEF Doc. 325 at 1).

Both the April 3, 2019 stipulation and the April 19, 2019 cover letter reflected

the parties' efforts, through their counsel, to focus the upcoming evidentiary hearing

on the attachment motion solely on attachment-related issues, it being understood

that "full merits discovery [would] be held" later in the case.  (NYSCEF Doc. 306

at 3).  The statements in both documents plainly related solely to the admissibility

of the listed exhibits for purposes of the impending attachment hearing.  Mr. Kwok

did not thereby admit in this cover letter that the exhibits were authentic for purposes

of the subsequent merits proceedings, any more than he stipulated to the exhibits'

admissibility at a merits trial or that he would not offer any exhibits of his own at

that trial.  *Matter of Daniel C.*, 99 A.D.2d 35 (2d Dep't 1984), cited by PAX, is

readily distinguishable, because in that case counsel's stipulation concerning the

scope of the issues was made on the record at the trial on the merits, at which the

represented party was present in court and testified under oath – not, as here, in a

letter submitted in advance of a hearing on an ancillary procedural issue and

submitted for purposes of that hearing.

11

A litigant whose counsel entered into a stipulation governing a motion hearing should not be penalized by having the limited-purpose stipulation thrown in his face for a completely different purpose later in the case, and certainly not to the extent of having his main defense vitiated. This Court ought not conclude on the record before it that this cover letter, not signed by Mr. Kwok or even by his counsel, was "sufficiently conclusive or unequivocal to qualify" as a binding judicial admission on Mr. Kwok's behalf. *Matter of Daniel M. G.*, 181 A.D.3d at 463.

This is not a situation in which a party testifies as his or her deposition that "the light was green" and then later submits an affidavit stating "the light was red." Here, Mr. Kwok's first opportunity to speak for himself, when shown the documents at issue, and to address whether they were authentic, was at his deposition. It is undisputed that during his deposition, Mr. Kwok clearly, definitely, and unequivocally stated that his signatures on the documents were *not* authentic. (*See* Kwok Br. 6-7). This Court should not reach out on a theory that the motion court neither discussed nor adopted in order to reject the most reliable evidence of Mr. Kwok's knowledge on a disputed issue of fact: his own deposition testimony.

## C. PAX's "Sanctions for Perjury" Theory, Which Was Not Adopted by the Motion Court, Lacks Merit

PAX also suggests that this Court itself grant sanctions against Mr. Kwok. PAX is not seeking sanctions under CPLR 3126 for discovery misconduct, such as failure to provide adequate document discovery or to appear for a deposition.

Rather, PAX asks the Court to "preclude[e] Kwok from relying on his testimony as to forgery" because PAX says it does not believe the testimony. (PAX Br. 45). There is no basis for such a sanction.

The type of sanction sought by PAX is rarely sought and even more rarely granted. In *CDR Créances S.A.S. v. Cohen*, 23 N.Y.3d 307 (2014), cited by PAX, the Court of Appeals held that courts have inherent power to impose sanctions for conduct that "undermine the truth-seeking function of the judicial system and place in question the integrity of the courts and our system of justice." *Id.* at 318. But before imposing a sanction on this basis, the moving party "must establish by clear and convincing evidence that the offending 'party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action." *Id.* at 320. The Court of Appeals emphasized that case-terminating sanctions such as dismissal are "an extreme remedy that 'must be exercised with restraint and discretion,'" and only "where the conduct is particularly egregious, characterized by lies and fabrications in furtherance of a scheme designed to conceal critical matters from the court and the nonoffending party; where the conduct is perpetrated repeatedly and wilfully, and established by clear and convincing evidence". *Id.* at 321 (citation omitted). It is only "the rare case" that could warrant such a sanction, and a court's basis for imposing it should be explained. *Id.* at 322.

In *C.D.R. Créances* itself, the Court of Appeals affirmed the striking of pleadings as a sanction where, *inter alia*, there was testimony that defendants had instructed and conspired with witnesses that they provide false and misleading testimony, including providing them with a written "script" of false answers to be given at depositions; defendants "created fictitious characters" who were the subject of testimony; multiple individuals "repeatedly perjured themselves at their depositions"; and defendants had been criminally convicted for conduct at issue in the litigation. *Id.* at 316-18.

This case, in which the defendant testified that certain documents were inauthentic at his first opportunity to do so, cannot reasonably be analogized to *C.D.R. Créances.* A request that a party "should forfeit his [defenses]" in an action should be denied where it "is unsupported by clear and convincing evidence that [he] engaged in a willful and pervasive scheme to defraud the court that prejudiced [PAX's] ability to [litigate its] claims." *Napoli v. Bern*, 171 A.D.3d 489, 490 (1st Dep't 2019); *see also Peters v. Peters*, 146 A.D.3d 503, 504 (1st Dep't 2017) ("Plaintiff failed to show by clear and convincing evidence that defendants' alleged misstatements were particularly egregious and characterized by lies in furtherance of a scheme designed to conceal critical matters from the court."). To the extent PAX believes there is evidence that contradicts Mr. Kwok's version of the facts, its

14

remedy is the one enjoyed by any litigant who disagrees with its adversary's case:
to present its evidence to the trier of fact.

### D.    PAX's Contention that It Was Entitled to Summary Judgment Apart from the Judicial Estoppel Ruling Is Meritless

As the last of its alternative arguments for affirmance, PAX asserts that even

if the motion court's order barring Mr. Kwok from disputing the documents'

authenticity is overturned, summary judgment was still properly granted because in

opposition to PAX's motion, Mr. Kwok did not present evidence or arguments to

establish that the documents were forged.  (PAX Br. 45-47).

This argument by PAX completely ignores the effect of the preclusion order

that the motion court granted at PAX's request; the foundation for summary

judgment was that very preclusion order.  Purportedly as a sanction, the motion court

directed that Mr. Kwok was "judicially estopped from challenging, in opposition to

plaintiff's summary judgment motion or at trial, the authenticity of documents

defendant Kwok previously sponsored in proceedings before this Court."  (R59).

In opposing PAX's summary judgment motion, Mr. Kwok and his counsel

were bound by the motion court's directive that they were "judicially estopped from

challenging" the authenticity of the documents "in opposition to plaintiff's summary

judgment motion".  (R59).  As part of their opposition papers, Mr. Kwok moved to

reargue the judicial estoppel ruling, but the motion court denied that request.  (R52-

54).  Unless and until the motion court's preclusion order was reversed, either by the

15

motion court itself or by this Court, Mr. Kwok was bound by it, as he noted in his

opposition papers. (*See* R3213 n.1, R3231 n.1, R3256 n.1). Therefore, he was

barred by court order from disputing the authenticity of the documents, nor could he

request an evidentiary hearing on that issue, as PAX also argues he should have

done. (*See* PAX Br. 46-47). It is at best ironic, and at worst disingenuous, for PAX

to fault Mr. Kwok for not challenging the authenticity of the documents in its

summary judgment papers. That is the very thing that PAX had successfully

convinced the motion court to preclude Mr. Kwok from doing.

## POINT II

### THE JUDGMENT SHOULD BE REVERSED BECAUSE THE MOTION COURT ERRED BY REJECTING THE DEFENSE THAT PAX FAILED TO MITIGATE ITS DAMAGES

The judgment should also be reversed because the motion court improperly

rejected, as a matter of law, Mr. Kwok's defense that PAX failed to mitigate its

alleged damages. The motion court did so without conducting an evidentiary

hearing or trial, just two months after it had specifically stated on the record that

"[w]e are going to have a hearing on the damages issue" and that Mr. Kwok would

"be permitted to adduce whatever evidence they have [*sic*], if any, on that theory in

connection with the damages hearing." (NYSCEF Doc. 647 at 6).

PAX does not dispute on appeal that plaintiffs in contract actions are generally

required to mitigate their damages, rather than seek to collect for losses that they

could have avoided, under both Hong Kong and New York law. Instead, PAX asserts that there could be no duty to mitigate under the alleged 2013 Deed of Settlement because that document had expired "prior to the post-June 2015 Beijing Police contact." (PAX Br. 49). However, PAX acknowledges that it learned of this opportunity after the apartments were seized by the Beijing Police, which admittedly occurred in February 2015. (PAX Br. 51). An issue of fact exists as to how long afterwards PAX learned of the opportunity, and whether this occurred by June 30, 2015, *i.e.*, within a period of four or five months after the seizures.

PAX also argues that it had no duty to mitigate because the 2013 Deed of Settlement did not obligate Mr. Kwok to cause the apartments to be turned over to PAX, but merely allowed him to do so as an alternative means of performance to payment of the moneys owed under the guarantee. (PAX Br. 51-52). However, as discussed in our initial Brief, PAX had agreed that delivery of the three apartments to it would represent an acceptable alternative performance in lieu of payment of the moneys allegedly owed under Mr. Kwok's guarantee. Mr. Kwok's Hong Kong law expert opined that Hong Kong law would require a reasonable effort to mitigate under these circumstances (*see* R4355-58, R4623-26), and PAX supplies no contrary authority under the law of either jurisdiction. In particular, Mr. Kwok's Hong Kong law expert explained, with citations of authority, that the duty to mitigate applies "to situations, such as the one presented here, where the parties have entered into a

17

subsequent agreement to settle the debt which involves alternative forms of repayment, such as the sale and purchase of property." (R4624). As Mr. Kwok's Hong Kong law expert observed, PAX's expert cited no authority in favor of PAX's contention that the duty to mitigate is inapplicable in this context. (*See* R4624-25). In the absence of such authority, the general rule under Hong Kong law (as under New York law) that a party must mitigate would apply.

PAX disputes whether the Beijing Police offer represented a "reasonable" opportunity to mitigate. Under Hong Kong law, "[w]hether or not a party has taken all reasonable steps to mitigate its loss is primarily a question of fact, not law." (R4356 and R4627, citing authorities). "What constitutes 'reasonable steps' for PAX to have taken must be considered and determined by the trier of fact in consideration of all the surrounding circumstances." (R4627). Under New York law also, "[t]he question of whether that party acted reasonably to mitigate its damages is a question of fact." *Tynan Incinerator Co. v. International Fidelity Ins. Co.*, 117 A.D.2d 796, 797 (2d Dep't 1986) (citations omitted); *accord Bernstein v. Freudman*, 180 A.D.2d 420, 421 (1st Dep't 1992). The motion court did not rule directly on this question, which could not properly be resolved as a matter of law, especially given the evidence that PAX viewed the police offer as representing "a good price" (R4360), "less than the market price" (R4348), and a "positive movement" from PAX's point of view (R4361). If PAX had accepted the Beijing

18

Police offer, and thereby mitigated its damages by accepting a performance that it had agreed would discharge Mr. Kwok's alleged guarantee, then it could then have asserted a claim for its expenses incurred during the mitigation process.

As noted in our initial Brief, PAX's pursuing and accepting the police offer would not only have substantially reduced the principal amount claimed by PAX, either altogether or at least by tens of millions of dollars, but it also would have reduced PAX's claim for several years' worth of 15% annual interest on that sum, which now represents more than half of the judgment. Instead, PAX chose to litigate against Mr. Kwok, perhaps in pursuit of its animus against him and desire to enforce the alleged personal guarantee for "the sheer satisfaction it would create." (R4579).

Finally, PAX belittles Mr. Kwok's argument that its receipt of possession of the three apartments resulted in value to PAX that should have been offset against the amount of any judgment, to be determined at trial. PAX argues that full performance under the alleged Deed of Settlement required the conveyance of title to PAX, not only possession. Even if PAX's possession of the three apartments did not represent as much value as the conveyance of title would have, it must necessarily have had *some* value. The motion court erred by holding that as a matter of law it had no value at all.

## **CONCLUSION**

For all the foregoing reasons, the judgment should be reversed.

Dated: New York, New York
October 15, 2021

GANFER SHORE LEEDS & ZAUDERER LLP

By: _____
Mark C. Zauderer
Ira Brad Matetsky
Jason T. Cohen
360 Lexington Avenue
New York, New York 10017
(212) 412-9500
mzauderer@ganfershore.com
*Attorneys for Defendant-Appellant,*
  *Kwok Ho Wan a/k/a Miles Kwok*

20

# PRINTING SPECIFICATIONS STATEMENT

I hereby certify pursuant to 22 NYCRR 1250.8(j) that the foregoing brief was prepared on a computer using Microsoft Word.

*Type.* A proportionally spaced typeface was used, as follows:

| | |
|---|---|
| Name of typeface: | Times New Roman |
| Point size: | 14 |
| Line spacing: | Double |

*Word Count.* The total number of words in this brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service and this Statement is 4,802.

Dated: October 15, 2021

# EXHIBIT 17

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:</td></tr>
<tr><td colspan="2">SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION</td></tr>
<tr><td>Case number (if known)</td><td>Chapter    11</td></tr>
</table>

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Genever Holdings LLC** | |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-3338202 | |

**4. Debtor's address**

Principal place of business

781 5th Ave
Apt 1801
New York, NY 10022-5520
Number, Street, City, State & ZIP Code

New York
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

781 5th Ave Apt 1801 New York, NY 10022-5520
Number, Street, City, State & ZIP Code

**5. Debtor's website (URL)**

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

| Debtor | Genever Holdings LLC | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

**A. Check one:**

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

**B. Check all that apply**

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

**C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.**
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5313

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under Subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

**Check one:**

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☒ No

☐ Yes.

| Debtor | _____ | Relationship | _____ |
|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |

---

Debtor   **Genever Holdings LLC**
_____Name_____

Case number *(if known)* _____

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

▨ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor   __Genever Holdings LLC__   Case number (*if known*) _____
         *Name*

███ Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __October 6, 2020__
              MM / DD / YYYY

X _____         __Yanping Wang__
   Signature of authorized representative of debtor      Printed name

Title   __Authorized Representative__

**18. Signature of attorney**

X __/s/ Kevin J. Nash__                    Date __October 6, 2020__
   Signature of attorney for debtor            MM / DD / YYYY

__Kevin J. Nash__
Printed name

__Goldberg Weprin Finkel Goldstein LLP__
Firm name

__1501 Broadway 22nd Floor__
__New York, NY 10036__
Number, Street, City, State & ZIP Code

Contact phone   __(212) 221-5700__     Email address   __knash@gwfglaw.com__

__Kevin J. Nash__
Bar number and State

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                         Chapter 11

Genever Holdings LLC,                                          Case No.

                          Debtor.
-----------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

      Yanping Wang declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

      1.    I am the duly designated representative of Genever Holdings LLC (the "Debtor"), a New York limited liability company with offices at The Sherry-Netherlands Apartments, 781 Fifth Avenue, New York, NY 10022, Unit 1801.  As such, I have the requisite knowledge of the Debtor's financial and legal affairs to make this Declaration on the Debtor's behalf.

      2.    This Declaration is submitted in support of the Debtor's Chapter 11 filing pursuant to Local Rule 1007-2 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtor's plans to emerge from bankruptcy.

### Lead-Up to the Chapter 11 Filing

      3.    The Debtor is the owner of the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Premises").  The Debtor's interest in the Premises is memorialized by approximately 3,000 shares of Sherry Netherland cooperative stock and corresponding proprietary leases.

4.      The Premises were acquired in 2015 for the total sum of approximately $70 million, largely with funding provided by Bravo Luck Limited ("Bravo") pursuant to a certain trust agreement, plus approximately $5 million advanced by Mr. Qiang Guo. The trust recognizes Bravo as the beneficial owner of the Premises based on its funding of most of the purchase price. Bravo is a company owned by Mr. Qiang Guo, the son of Mr. Kwok Ho Wan a/k/a Miles Kwok, who serves mainly in a representative capacity as the manager of the Debtor and trustee under the trust agreement.

5.      Since acquisition of the Premises, Bravo has also chiefly funded maintenance charges and assessments. Miles Kwok was a prominent real estate investor and businessman in China before a host of financial and legal troubles with the Communist Ruling Party forced him to leave the country. Mr. Kwok is currently seeking political asylum in the United States amidst false corruption charges lodged by the Chinese government.

6.      The Debtor and Mr. Kwok have been engaged in certain litigation in the U.S.A. since 2017 involving an entity known as Pacific Alliance Asia Opportunity Fund ("Pacific Alliance"). The Pacific Alliance litigation relates to a personal guarantee of loan indebtedness unrelated to the Premises. While the Debtor is not a party to Mr. Kwok's loan transactions involving Pacific Alliance, it has been joined in a lawsuit filed by Pacific Alliance in the Supreme Court, New York County [Index No. 652077/2017] (the "Pacific Action") seeking to impose alter ego liability on the Debtor and others.

7.      This lawsuit, which is being actively defended, puts a cloud on the future direction and ownership of the Premises. In the meanwhile, the Premises have become subject to non-payment proceedings instituted by the Sherry-Netherlands Hotel for unpaid maintenance

charges of approximately $1,000,000. The ability of Bravo to generate funds to pay maintenance is hampered by challenges over the ownership of the Premises.

8.       The Premises were previously subject to a motion for a pre-judgment attachment motion filed by Pacific Alliance in April 2019. That motion was resolved following an evidentiary hearing without issuance of an attachment, based upon a consent order issued by the State Supreme Court requiring the Debtor and Mr. Kwok to provide prior notice to Pacific Alliance of any future disposition of the Premises.

9.       Despite this consent order, Pacific Alliance has recently filed a second motion by order to show cause returnable in mid-October seeking to restrain Mr. Kwok from selling, assigning or transferring any property in which he has an interest. Ostensibly, this order to show cause is again directed against the Premises, although, functionally, the order to show cause, appears duplicative of the since-resolved pre-judgment motion for attachment.

10.      Before the Premises become further entangled in litigation involving competing claims of ownership, the Debtor is filing this Chapter 11 petition to gain the needed flexibility to be in a position to maximize value under the rehabilitative power of the Bankruptcy Court. The Chapter 11 allows for a possible sale of the Premises, if necessary, while protecting the legitimate rights or claims of both Bravo and Pacific Alliance.

11.      Indeed, with the onset of the Covid-19 pandemic, the future of the Premises has become even more uncertain. Real estate values are declining throughout the City of New York, and it will undoubtedly be difficult to sell an apartment of this magnitude should that become necessary without Chapter 11 oversight.

12.      Contrary to published reports, Mr. Kwok does not have an ownership interest in the Premises, although he currently resides in the apartment. Thus, an important

threshold goal of the Chapter 11 case is to obtain a resolution of the competing claims relating to

the Premises as between Bravo and Pacific Alliance. Once this issue is resolved or settled, the

matter involving Pacific Alliance will be clarified and the Debtor will then be in a position to

promulgate a plan of reorganization. Pending such a determination, Chapter 11 will help the

Debtor preserve the status quo.

### Local Rule 1007-2 Disclosures

13.     Pursuant to Local Rule 1007-2(a)(3), no committees were formed prior to

the filing of the Debtor's Chapter 11 Petition.

14.     Pursuant to Local Rule 1007-4(a)(4), a list of all of the Debtor's creditors is

attached hereto.

15.     Pursuant to Local Rule 1007-4(a)(5), The Sherry-Netherland, Inc., although

listed as a general creditor, potentially retains rights as a secured creditor for unpaid maintenance

under state law.

16.     Pursuant to Local Rule 1007-4(a)(6), the Debtor's assets and liabilities will

be set forth in formal bankruptcy schedules to be filed concurrently or within fifteen (15) days of

the date hereof.

17.     Pursuant to Local Rule 1007-4(a)(7), the membership interest in the Debtor

is not publicly traded, and is held by Genever Holdings Corporation as listed in the schedule of

equity holders filed herewith.

18.     Pursuant to Local Rule 1007-4(a)(8), none of the Debtor's assets are in the

possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or

secured creditor.

19.     Pursuant to Local Rule 1007-4(a)(9), the Premises together with the auxiliary units are in concept leased from The Sherry-Netherland Hotel pursuant to various proprietary leases.

20.     Pursuant to Local Rule 1007-4(a)(10), the Debtor's books and records are located at its offices at 781 Fifth Avenue, New York, NY 10022.

21.     Pursuant to Local Rule 1007-4(a)(11), a list of all pending lawsuits is filed herewith.

22.     Pursuant to Local Rule 1007-4(a)(12), Mr. Kwok serves as the Manager of the Debtor pursuant to the terms of the Debtor's Operating Agreement without compensation. I likewise serve as the Debtor's representative for Chapter 11 without compensation.

23.     Pursuant to Local Rule 1007-4(b)(1), the Debtor has no current employees.

24.     Pursuant to Local Rule 1007-4(b)(2) and (3), the Debtor anticipates incurring disbursements in the next 30 days of approximately $100,000 which is comprised mainly of maintenance charges and assessments, as per the attached budget.

Dated:    New York, New York
          October 6, 2020

                              By: _____
                                  Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

In re:                                                              Chapter 11

Genever Holdings LLC,                                               Case No.

                                    Debtor.

--------------------------------------------------------------x

## COMPANY RESOLUTIONS

A special meeting of the sole Member of Genever Holdings LLC (the "Company") having been held on October 6, 2020, and upon motion duly made and carried, the following resolutions were unanimously adopted:

RESOLVED, the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York; and it is further

RESOLVED, Yanping Wang is appointed as the Company's representative and is authorized to act on behalf of the Company to (a) execute the Chapter 11 petition and all other accompanying documents, and cause the same to be filed with the Bankruptcy Court; and (b) cause to be filed all schedules, statements, lists, motions, applications and other papers or documents necessary or desirable to prosecute the Chapter 11 case; and it is further

RESOLVED, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

Dated:  New York, New York
        October 6, 2020

                                        GENEVER HOLDINGS LLC

                                        By: Genever Holdings Corporation

                                        By: _____
                                             Ho Wan Kwok

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 11

Genever Holdings LLC,                                          Case No.

                                        Debtor.
-------------------------------------------------------------x

## LIST OF LAWSUITS

1. Pacific Alliance Asia Opportunity Fund L.P., Plaintiff v. Kwok Ho Wan, a/k/a Kwok Ho,
   a/k/a Gwo Wen Gui, a/k/a Guo Wengui, a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun,
   a/k/a Miles Kwok, a/k/a Haoyun Guo, Genever Holdings LLC and Genever Holdings
   Corporation, Defendants
   Index No. 652077/2017
   Supreme Court of the State of New York
   County of New York
   60 Centre Street, Part 61, Room 232
   New York, NY 10007
   Hon. Barry R. Ostrager

   O'Melveny & Myers LLP
   Attorneys for Plaintiff
   7 Times Sq
   New York, NY 10036-6524


2. Genever Holdings LLC, Plaintiff v. The Sherry-Netherland, Inc., Defendant
   Index No. 152838/2020
   Supreme Court of the State of New York
   County of New York
   60 Centre Street, Part 61, Room 232
   New York, NY 10007
   Hon. Eileen Rakower

   Lawall & Mitchell, LLC
   Attorneys for Plaintiff
   Aaron A. Mitchell, Esq.
   162 East 64th Street
   New York, NY 10065

Adam Leitman Bailey, P.C.
Attorneys for Defendant
One Battery Park Plaza, 18th Floor
New York, NY 10004


3. The Sherry-Netherland, Inc., Petitioner (Landlord) v. Genever Holdings LLC,
   Respondent (Tenant)
   Index No. 154853/2020
   Civil Court of the City of New York
   County of New York

   Adam Leitman Bailey, P.C.
   Carolyn Z. Rualo, Esq.
   Attorneys for Petitioner-Landlord
   One Battery Park Plaza, 18th Floor
   New York, NY 10004


4. The Sherry-Netherland, Inc., Petitioner (Landlord) v. Genever Holdings LLC, 781 Fifth
   Avenue, Apartment 1801, New York, NY 10022, Respondent (Tenant)
   Index No. 154854/2020
   Civil Court of the City of New York
   County of New York

   Adam Leitman Bailey, P.C.
   Carolyn Z. Rualo, Esq.
   Attorneys for Petitioner-Landlord
   One Battery Park Plaza, 18th Floor
   New York, NY 10004

5. The Sherry-Netherland, Inc., Petitioner-Landlord v. Genever Holdings LLC, Respondent-
   Occupant, "John Doe" and/or "Jane Doe", Respondents-Under-Occupants
   Index No. 155038/2020
   Civil Court of the City of New York
   County of New York

   Adam Leitman Bailey, P.C.
   Carolyn Z. Rualo, Esq.
   Attorneys for Petitioner-Landlord
   One Battery Park Plaza, 18th Floor
   New York, NY 10004

Dated:   New York, New York
         October 6, 2020

                              GENEVER HOLDINGS LLC

                              By: Genever Holdings Corporation

                              By:
                                      Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                          Chapter 11

Genever Holdings LLC,                           Case No.

                        Debtor.
------------------------------------------------------------x

## LIST OF EQUITY HOLDERS


1.  Genever Holdings Corporation
    BVI Business Company
    P.O. Box 3170
    Road Town, Tortola, British Virgin Islands


Dated:   New York, New York
         October 6, 2020

                              GENEVER HOLDINGS LLC

                              By: Genever Holdings Corporation

                              By: _____
                                    Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

Genever Holdings LLC,                                       Case No.

                          Debtor.
------------------------------------------------------------x

## BANKRUPTCY RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rule 7007.1, Genever Holdings LLC certifies that it is a
private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which
are publicly held.

Dated:    New York, New York
          October 6, 2020

                              GENEVER HOLDINGS LLC

                              By: Genever Holdings Corporation

                              By: _____
                                  Yanping Wang

# EXHIBIT 18

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                      Chapter 11

Genever Holdings LLC,                                       Case No. 20-12411 (JLG)

                              Debtor.
--------------------------------------------------------x

**ORDER GRANTING DEBTOR'S SECOND RENEWED MOTION
TO APPROVE THE REVISED SETTLEMENT AGREEMENT**

Upon the Debtor's renewed motion (ECF No 131) (the "**Renewed Motion**") of Genever

Holdings LLC, (the "**Debtor**") seeking approval of a certain settlement agreement between the

Debtor, Pacific Alliance Asia Opportunity Fund L.P. ("**PAX**") and Bravo Luck Limited ( "**Bravo**

**Luck**") (ECF No. 62); and upon the opposition to the Renewed Motion filed by the Office of the

U.S. Trustee via a motion for the appointment of an Operating Chapter 11 Trustee (ECF No. 64)

(the "**UST Opposition**"); and upon the supplemental responses filed by the Debtor, PAX and Bravo

Luck relating to the UST Opposition (ECF Nos. 76, 81, 83, 95, 96, 97, 99, 104, 105 and 106); and

a series of hearings having been held before the undersigned; and upon the record compiled at these

hearings; and the Court having considered the UST Opposition; and upon the September 1, 2021,

decision (the "September 1, 2021 Decision") in which the undersigned determined that the

Restated Settlement meets the standards of reasonableness and is supported by the creditors and

major stakeholders in the Chapter 11 case, but denied the Renewed Motion due to issues relating to

certain aspects of the proposed retention of Melanie L. Cyganowski, Esq. and her firm, Otterbourg,

P.C.; and, thereafter, the Settling Parties having agreed to the Second Amended and Revised

Settlement Agreement between the Debtor, PAX and Bravo Luck (the "**Revised Settlement**

**Agreement**") which addresses the concerns raised by the Court in its September 1, 2021 Decision

as well as the objections of the U.S. Trustee, which no longer has any objections to the Revised

1

Settlement Agreement and the terms of Melanie L. Cyganowski's employment as Sale Officer for the Debtor; and the Court having agreed to consider final approval of the Renewed Settlement by Notice of Presentment; and based upon the entirety of the record compiled at the various hearings; and good cause appearing therefor; it is hereby

ORDERED as follows:

1.       The Renewed Settlement Motion is granted as set forth herein.

2.       The Revised Settlement Agreement is approved in all respects and shall become effective immediately upon the entry of this Order.

3.       The Debtor's proposed employment of Melanie L. Cyganowski as Sale Officer shall be approved by separate Order to be noticed and entered simultaneously herewith.

4.       The UST Motion seeking the appointment of an Operating Trustee is adjourned *sine die*.

5.       Stay relief is granted to allow PAX to prosecute, and the Debtor to defend, the state court action currently pending in the New York Supreme Court under Docket No. 652077/2017 (the "**State Court Action**"), with the stay to otherwise remain in place for all other purposes, including relating to enforcement or collection of any judgment entered against the Debtor in the State Court Action, pending further order of the Bankruptcy Court upon further notice to all Parties.

6.       The Lift Stay Motion and Conversion Motion filed by PAX are withdrawn as mooted by the approval of the Revised Settlement Agreement.

Dated: New York, New York
         October 8, 2021


                                                    /s/ *James L. Garrity, Jr.*
                                                    Hon. James L. Garrity, Jr.

2

# EXHIBIT 19

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. BARRY R. OSTRAGER** | PART | IAS MOTION 61EFM |

*Justice*

--------------------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652077/2017 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 018 |

**DECISION + ORDER ON MOTION**

HON. BARRY R. OSTRAGER

Before the Court is Motion 018 by PAX for a post-judgment turnover pursuant to CPLR 5255 of Kwok's shares in Genever Holdings Corporation ("Genever BVI") and other relief. In accordance with the transcript of proceedings of September 22, 2021, the motion is granted to the extent of directing Kwok to take the steps necessary to effect the turnover his shares in Genever BVI to PAX. This order is expressly subject to the approval of Justice Adrian Jack who issued a stay in the British Virgin Islands ("BVI") in the related BVI litigation. The Court declines to appoint a receiver at this time.

Accordingly, it is hereby,

ORDERED that Kwok Ho Wan take whatever steps are necessary in the British Virgin Islands to turnover all share certificates with respect to his 100% ownership interest in Genever Holdings Corporation ("Genever BVI"); and it is further

ORDERED that this decision and order is expressly contingent on the approval of Justice Jack in the related proceeding in the British Virgin Islands. Any actions affecting Genever

Holdings LLC, a wholly owned subsidiary of Genever BVI, are subject to the jurisdiction of

Justice Garrity in the Bankruptcy proceeding in the Southern District of New York involving

Genever Holdings LLC, in which PAX is participating.

A status conference is scheduled for November 16, 2021 at 10:00 am.

Dated: September 22, 2021

_____
BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

2

# EXHIBIT 20

**NOTICE**: THE PURPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF A FINE, IMPRISONMENT, OR BOTH ACCORDING TO LAW.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., | Index No. 652077/2017 |
| Plaintiff, | Hon. Barry R. Ostrager |
| v. | Part 61 |
| | Mot. Seq. No. __ |
| KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a* MILES KWOK, *a/k/a* HAOYUN GUO, GENEVER HOLDINGS CORPORATION, and GENEVER HOLDINGS LLC, | **NOTICE OF MOTION FOR ORDER OF CIVIL CONTEMPT AS TO DEFENDANT MILES KWOK FOR HIS FAILURE TO COMPLY WITH THE COURT'S SEPTEMBER 22, 2021 TURNOVER ORDER** |
| Defendants. | |

**PLEASE TAKE NOTICE** that upon the annexed January 7, 2022 Memorandum of Law in Support of Pacific Alliance Asia Opportunity Fund L.P.'s ("PAX") Motion for an Order of Civil Contempt as to Defendant Miles Kwok for his Failure to Comply with the Court's September 22, 2021 Turnover Order, and the Affirmation of Stuart Sarnoff, Esq., dated January 7, 2022, and the exhibits attached thereto, and the Affidavit of Andrew Willins, dated January 7, 2022, and the exhibits attached thereto, PAX will move the Court at the New York County Courthouse located at 60 Centre Street, Room 130, New York, NY 10007, on the 25th day of January, 2022, at 9:30 a.m., or as soon after that as counsel may be heard, for an order, under N.Y. Judiciary Law § 753 and N.Y. CPLR § 5104, (i) finding Defendant Miles Kwok in contempt of Court for disobeying the Court's September 22, 2021 Turnover Order; and (ii) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, under CPLR 2214(b), answering papers, if

any, are required to be served upon the undersigned at least seven days before the return date of

this motion.

DATED: January 7, 2022          Respectfully submitted,
      New York, New York

O'MELVENY & MEYERS LLP

By: _/s/ Stuart Sarnoff_
Stuart Sarnoff (ssarnoff@omm.com)
7 Times Square
New York, NY 10036
(212) 326-2000

CAHILL GORDON & REINDEL LLP

By: _/s/ Edward Moss_
Edward Moss (emoss@cahill.com)
Lauren Riddell (lriddell@cahill.com)
32 Old Slip
New York, NY 10005
(212) 701-3838

_Attorneys for Plaintiff Pacific Alliance
Asia Opportunity Fund L.P._

2

# EXHIBIT 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

                Plaintiff,

      v.

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO
WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO
WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a*
MILES KWOK, *a/k/a* HAOYUN GUO,
GENEVER HOLDINGS CORPORATION, and
GENEVER HOLDINGS LLC,

                Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

Part 61

Motion Seq. No. 26

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF PACIFIC
ALLIANCE ASIA OPPORTUNITY FUND L.P.'S MOTION FOR AN ORDER OF CIVIL
CONTEMPT AS TO DEFENDANT MILES KWOK FOR HIS FAILURE TO COMPLY
WITH THE COURT'S SEPTEMBER 22, 2021 TURNOVER ORDER**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 2

    I.    The Turnover Order is an Unequivocal Mandate that Does Not Require
        Bankruptcy Court Approval—and Kwok Knows it................................................ 2

    II.   There is No Impediment to Kwok Initiating Compliance with the Turnover Order.
        ....................................................................................................................... 4

    III.  Kwok's Failure to Comply Prejudices PAX. ........................................................ 5

CONCLUSION ......................................................................................................................... 6

FILED: NEW YORK COUNTY CLERK 01/24/2022 08:58 PM
NYSCEF DOC. NO. 1116

INDEX NO. 652077/2017
RECEIVED NYSCEF: 01/24/2022

Case 21-05031 Doc 44-2 Filed 05/23/22 Entered 05/23/22 23:53:58 Exhibit
Pg 47 of 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cap. One, N.A. v. Waterfront Realty II LLC.*,
  907 N.Y.S.2d 99, 2010 WL 334851, at *4 (Sup. Ct. 2010) ....................................... 4

*In re Bray Enterprises, Inc.*,
  38 B.R. 75, 78 (Bankr. D. Vt. 1984) ................................................................... 3

*McCormick v. Axelrod*, 59 N.Y.2d 574, 587 (1983) ...................................... 6

**Statutes**

New York Judiciary Law § 753 .......................................................................... 6

ii

# PRELIMINARY STATEMENT

In his attempt to avoid a second civil contempt sanction, Kwok has filed another misleading pleading with this Court.

First, Kwok's Opposition[1] falsely argues that the Court conditioned its Turnover Order on PAX obtaining Bankruptcy Court pre-approval—even though, as Kwok knows, this Court did no such thing. In fact, the Court **expressly rejected that argument** both on the record at the September 22, 2021 hearing and in the written Turnover Order itself.

Kwok then takes that misrepresentation to the next level. He claims that even though the Turnover Order's only condition precedent was satisfied on December 6, 2021—when BVI Justice Jack modified his prior orders to enable the Genever BVI share transfer—he nevertheless cannot initiate the turnover process by issuing the Stop Notice to Bravo Luck until PAX similarly obtains Bankruptcy Court pre-approval. That is also wrong. Bankruptcy Court approval is not a condition precedent to Kwok issuing the Stop Notice. In fact, Kwok's compliance with the Turnover Order **does not implicate** the Bankruptcy Court at all. As this Court recognized,[2] Genever BVI is not a party to the New York bankruptcy proceeding and is not encumbered by the automatic stay governing debtor Genever NY. Rather, Kwok has complete control over Genever BVI and is entirely free to issue notice to Bravo Luck (*i.e.*, Kwok's son) at any time; he has just **refused** to do so. Thus, with every passing day, Kwok willfully violates the Turnover Order by failing to "take whatever steps are necessary in the [BVI] to turn[]over all share certificates with respect to his 100% ownership" in Genever BVI.

---

[1] This brief refers to PAX's January 7, 2022 opening brief (Dkt. No. 1079) as the "Motion" or "Mot." and Kwok's January 18, 2022 opposition brief (Dkt. No. 1104) as the "Opposition" or "Opp." Unless otherwise specified, (i) defined terms have the meaning given to them in the Motion, (ii) all emphasis is added, and (iii) all internal citations and quotations are omitted.
[2] *See* Dkt. No. 1086 (Sept. 22, 2021 Hr'g Tr. at 17:12–18).

Finally, Kwok argues that his disregard for the Court's lawful Turnover Order has not prejudiced PAX because there already are other court orders in place—the BVI freeze orders and the Bankruptcy Court automatic stay over Genever NY's assets—that are sufficient to protect PAX's interests.  That is ironic; as this Court well knows, ***court orders provide PAX no protection against Kwok.***  One need only look to the current location of Kwok's "restrained" yacht, the Lady May—floating beyond the Court's jurisdiction off the coast of Italy despite incurring a $500,000 daily fine—as Exhibit A for that proposition.

Kwok has repeatedly demonstrated little regard for this Court's authority.  More than ***six weeks*** have elapsed since Justice Jack cleared the way for Kwok to begin to comply with the Turnover Order, but he has failed and refused to take even the first step.  The Court should once again hold Kwok in civil contempt.

## ARGUMENT

### I.  The Turnover Order is an Unequivocal Mandate that Does Not Require Bankruptcy Court Approval—and Kwok Knows it.

Kwok asserts that because the Turnover Order provides that "[a]ny actions affecting *Genever* [*NY*], a wholly owned subsidiary of *Genever BVI*, are subject to the jurisdiction of [Judge] Garrity in the Bankruptcy proceeding in the Southern District of New York involving *Genever* [*NY*],"[3] PAX is required to obtain the Bankruptcy Court's pre-approval before Kwok is obligated to takes steps to effect turnover of his Genever BVI shares.[4]  This is false, and Kwok knows it; he and the Genever Defendants briefed and argued the same position in connection with PAX's turnover motion and ***this Court rejected it***.

---

[3] Dkt. No. 904 at 1–2.
[4] Opp. at 6–8.

2

The Turnover Order—which Kwok did not appeal—was contingent **only** on Justice Jack

modifying his prior orders in the related BVI action, which Justice Jack did on December 6,

2021.[5]  Kwok knows full well that the Turnover Order's reference to the Bankruptcy Court

actually derives from the Court's consideration and **repudiation** of Kwok's argument that PAX

was seeking to circumvent the bankruptcy proceedings and the automatic stay.[6]  This is because

PAX sought turnover only of Kwok's shares of Genever BVI—a **non-debtor** third party to which

the Bankruptcy Code's automatic stay **does not apply**.[7]  As the Court explained, Kwok's

turnover to PAX of his Genever BVI shares affects Genever BVI, **not Genever NY:**[8]

> It is undisputed that the Sherry Netherland apartment is owned by Genever [NY],
> which is a subsidiary of Genever BVI.  Genever [NY] is involved in bankruptcy
> proceedings in the Southern District of New York ….  And so any action which
> PAX may wish to take with respect to Genever [NY] requires approval of Judge
> Garrity in the New York bankruptcy proceedings involving Genever [NY],
> because Genever [NY] is in bankruptcy.  **All this Court is doing today is
> directing … Genever BVI's registered agent to update Genever BVI's registered
> members to reflect that PAX, or its designee, is the legal owner of Mr. Kwok's
> shares in Genever [] BVI**.[9]

Though one would not know it from Kwok's Opposition, his counsel has in fact

expressly acknowledged—in an October 8, 2021 letter to PAX—that the only hurdle to Kwok

initiating the turnover process was Justice Jack's since-modified freeze orders: "[i]n order to

comply with the Court's Turnover Order," "**Mr. Kwok will be acting in accordance with any

subsequent court order issued by Justice Jack** as it relates to any modification of the stay orders

---

[5] *See* Dkt. No. 1089.  Specifically, on December 6, 2021, Justice Jack modified his prior order to
"[p]ermit [Kwok] to transfer the shares registered in his name in [Genever BVI] to [PAX] in
compliance with the Turnover Order," and to "[p]ermit [Genever BVI] (and its Registered
Agent) to update the Register of Members of [Genever BVI] to reflect the transfer by [Kwok] of
the shares registered in his name to [PAX]."
[6] *See* Dkt. No. 874 at 4–6; Dkt. No. 896 at 4–5.
[7] Dkt. No. 899 at 10 (citing *In re Bray Enterprises, Inc.*, 38 B.R. 75, 78 (Bankr. D. Vt. 1984)).
[8] *See* Dkt. No. 904 at 1–2.
[9] Dkt. No. 1086 (Sept. 22, 2021 Hr'g Tr. at 17:2–17).

3

or relating to the shares of Genever BVI."[10]  Tellingly, Kwok's counsel did not claim back in

October that Bankruptcy Court pre-approval was also required—because he knew it was not.

Making this argument now is just Kwok's latest antic to try to avoid contempt while continuing

to flout the Turnover Order.

No matter how many times Kwok tries to suggest otherwise,[11] this Court has already

ruled—in the Turnover Order that Kwok did not appeal—that turnover of Kwok's Genever BVI

shares to PAX does not require Bankruptcy Court pre-approval.[12]

## II.    There is No Impediment to Kwok Initiating Compliance with the Turnover Order.

Next, Kwok builds on his false "bankruptcy pre-approval requirement" premise by

injecting a new, equally flawed argument relating to Bravo Luck's issuance of the December 10,

2021 Stop Notice.  Specifically, Kwok now suggests that he cannot even have Genever BVI (*i.e.,*

himself) provide notice to Bravo Luck (*i.e,* his son) until PAX first obtains Bankruptcy Court

approval.[13]  This is circular nonsense.  As explained above, the Turnover Order included only

**one** condition precedent, and that was fully satisfied in early December when Justice Jack

modified his prior BVI orders to enable turnover.[14]

---

[10] *See* Dkt. No. 1081.

[11] Kwok's attempt to relitigate this issue after it was rejected and not appealed is not only
improper, but futile.  The Court's decision was correct in September 2021, and remains so today.

[12] In the context of this motion, Kwok's observation that courts "generally defer" to the
Bankruptcy Court concerning the applicability of the automatic stay is a non sequitur.  The single
case Kwok cites, *Cap. One, N.A. v. Waterfront Realty II LLC.*, addressed whether individual
guarantors who filed for bankruptcy protection should have the automatic stay extend to their
wholly owned property.  26 Misc.3d 1215(A), 907 N.Y.S.2d 99, 2010 WL 334851, at *4 (Sup.
Ct. 2010).  That situation is inapposite here, as Genever BVI is the non-debtor parent company
of Genever NY, not its wholly owned property.

[13] *See* Opp. at 8–9.

[14] *See supra* at 3.

FILED: NEW YORK COUNTY CLERK 01/24/2022 08:58 PM
NYSCEF DOC. NO. 1116

INDEX NO. 652077/2017
RECEIVED NYSCEF: 01/24/2022

Case 22-50073    Doc 442-3    Filed 05/23/22    Entered 05/23/22 23:52:38    Exhibit 27
Pg 97 of 12
8 of 11

As the sole owner and director of Genever BVI,[15] Kwok unquestionably has the unfettered ability to send the Stop Notice—which he is legally obligated to do under the Turnover Order's express mandate that he "take whatever steps are necessary" in the BVI to effectuate turnover."[16]  Kwok's new suggestion that giving notice would somehow "circumvent the procedural process" "currently underway" in the BVI[17] is baseless, as there is no ongoing BVI proceeding that in any way addresses turnover or inhibits Kwok from beginning to comply with the Turnover Order by issuing notice to Bravo Luck.  Moreover, none of the requisite steps that Kwok must take to effect turnover are contingent in any way on either PAX or the Bankruptcy Court doing anything.  Nevertheless, over six weeks have passed since Bravo Luck (*i.e.*, Kwok's son) issued a Stop Notice, and in the interim Kwok defiantly has not taken ***any steps*** towards compliance with that order.

Enough is enough.  The Court should sanction Kwok's blatant disobedience and gamesmanship.[18]

## III.    Kwok's Failure to Comply Prejudices PAX.

Finally, Kwok argues that PAX has not been prejudiced by his failure to comply with the Turnover Order because ***judicial orders already exist in the related actions "to maintain the status quo."***[19]

---

[15] Dkt. No. 756 at 9.
[16] Dkt. No. 904 at 1.
[17] Opp. at 9.
[18] To the extent Kwok is suggesting that he hasn't disobeyed the Turnover Order because "it is for Genever BVI to provide the written notice required by the Stop Notice and not Mr. Kwok personally," (Nader Aff. ¶ 4(b), Dkt. No. 1105), that argument doesn't pass the laugh test.  By his own admission (Dkt. No. 756 at 9), Kwok is the only person authorized to instruct Genever BVI to issue the requisite notice.
[19] Opp. at 9–10.

5

The irony likely is not lost on the Court.  As PAX has explained,[20] Kwok's disobedience "deprive[s]" PAX of its right to possess property (the shares of Genever BVI) that "can be turned over in satisfaction of a money judgment"—and to which it is entitled."[21]  *McCormick v. Axelrod*, 59 N.Y.2d 574, 587 (1983).  Possession of the Genever BVI shares is especially critical to PAX in this case, given Kwok's demonstrated practice of secreting his assets beyond PAX's reach in blatant defiance of court orders.  The Court need look no farther than to Kwok's fugitive, multimillion-dollar luxury yacht, the Lady May—which for over a year now has remained beyond this Court's jurisdictional reach in defiance of its October 15, 2021 Order—as proof positive that ***valid court orders provide no deterrence to Kwok, and no protection to PAX***.[22]  Guarding against this very risk by obtaining physical possession of the Genever BVI shares is what motivated PAX to move for turnover in the first place, and Kwok's refusal to take the steps necessary to effect that share transfer prejudices PAX's rights.

## CONCLUSION

Kwok treats compliance with lawful orders of this Court as optional.  That must stop. PAX has established all of the civil contempt elements set forth in New York Judiciary Law § 753.  Accordingly, PAX respectfully requests that the Court find Kwok in civil contempt of its September 22, 2021 Turnover Order and impose whatever sanction it believes is warranted to induce Kwok's immediate compliance.

---

[20] Mot. at 7–8.
[21] Dkt. No. 1086 (Sept. 22, 2021 Hr'g Tr. at 16:13–15).
[22] The Marine Traffic Yacht Tracker locates the Lady May off the northern coast of Italy as of January 24, 2022.  *See* Jan. 24, 2022 Aff. of Stuart Sarnoff in Further Supp. of PAX's Mot. for an Order of Civil Contempt, Ex. 1.

6

Dated: January 24, 2022                    Respectfully submitted,
      New York, New York


                                      O'MELVENY & MEYERS LLP

                                      By: _/s/ Stuart Sarnoff_
                                      Stuart Sarnoff (ssarnoff@omm.com)
                                      7 Times Square
                                      New York, NY 10036
                                      (212) 326-2000

                                      *Attorneys for Plaintiff Pacific Alliance Asia*
                                      *Opportunity Fund L.P.*

## CERTIFICATION OF WORD COUNT

PAX hereby certifies that this document complies with the word count provisions of Commercial Division Rule 17.  This memorandum of law was prepared using Microsoft Word, and the total number of words in this memorandum of law, exclusive of the caption, title, and signature block, is less than 4,200 words.

DATED: January 24, 2022              Respectfully submitted,
       New York, New York            O'MELVENY & MEYERS LLP

                                 By:  */s/ Stuart Sarnoff*
                                 Stuart Sarnoff (ssarnoff@omm.com)
                                 7 Times Square
                                 New York, NY 10036
                                 (212) 326-2000

                                 *Attorneys for Plaintiff Pacific Alliance*
                                 *Asia Opportunity Fund L.P.*

# EXHIBIT 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

        Plaintiff,

   v.

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO
WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO
WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a*
MILES KWOK, *a/k/a* HAOYUN GUO,
GENEVER HOLDINGS CORPORATION, and
GENEVER HOLDINGS LLC,

        Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

Part 61

Mot Seq. No. ___

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PACIFIC ALLIANCE ASIA
OPPORTUNITY FUND L.P.'S CPLR 5229 MOTION AND REQUEST FOR TRO**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ......................................................................................................... 2

    I.    The Court Should Grant PAX's Application Under CPLR 5229. ........................ 2

    II.    The Court Should Preserve the Status Quo by Temporarily Enjoining
        Kwok from Dissipating His Assets Until the Hearing on PAX's 5229
        Application. ................................................................................................. 4

        A.    PAX Will Suffer Irreparable Harm if Kwok is Not Restrained
              From Dissipating His Assets. ........................................................... 5

        B.    PAX Is Likely to Succeed on the Merits of Its CPLR 5229
              Application. ................................................................................... 11

        C.    The Balance of Hardships Favors PAX. ........................................... 11

CONCLUSION ..................................................................................................... 12

-i-

Case 22-11558     Doc 14-2     Filed 05/23/22     Entered 05/23/22 23:54:32     Exhibit 2
Pg 47 of 18

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Ayro Comm'ns, Inc. v. Jaymer Comm'ns Corp.*,
   No. 38836/04, 2005 WL 351070 (N.Y. Sup. Ct. Feb. 9, 2005)................................ 10

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
   12-CV-5565 (PKC) (RER), 2016 WL 7217641 (E.D.N.Y. Dec. 13, 2016)............................ 2

*Demirovic v. Ortega*,
   296 F. Supp. 3d 477 (E.D.N.Y. 2017) ................................................. 4

*Gallegos v. Elite Model Mgmt. Corp.*,
   1 Misc.3d 200 (N.Y. Sup. Ct. 2003) ................................................. 2, 3, 4

*Ibanez v. Pfeiffer*,
   76 Misc.2d 363 (N.Y. Civ. Ct. 1973) ................................................. 3

*Jacobowitz v. Jacobowitz*,
   No. 16605/04, 2004 WL 2532297 (N.Y. Sup. Ct. Oct. 25, 2004) ........................... 10

*Leser v. U.S. Bank Nat'l Ass'n*,
   No. CV 2009–2362, 2013 WL 867153 (E.D.N.Y. 2013) ........................................ 4

*Loew v. Kolb*,
   No. 03Civ.5064, 2003 WL 22077454 (S.D.N.Y. Sept. 8, 2003)................................ 2

*Morgenthau v. A.J. Travis Ltd.*,
   184 Misc.2d 835 (N.Y. Sup. Ct. 2000) ................................................. 11

*Nobu Next Door, LLC v. Fine Arts Housing, Inc.*,
   4 N.Y.3d 839 (2005) ................................................. 5

*Prudential Secs. Credit Corp. v. Teevee Toons, Inc.*,
   Index No. 603112/02, 2003 WL 346440 (N.Y. Sup. Ct. Feb. 7, 2003)............................ 11, 12

*Pudalov v. Pudalov*,
   6 Misc.3d 558 (N.Y. Sup. Ct. 2004) ................................................. 11

*Sequa Cap. Corp. v. Nave*,
   921 F. Supp. 1072 (S.D.N.Y. 1996) ................................................. 2, 5

*Weston Cap. Advisors, Inc. v. PT Bank Mutiara, TBK*,
   No. 13 CIV. 6945 (PAC), 2017 WL 571511 (S.D.N.Y. Feb. 13, 2017) ........................... 4

ii

# PRELIMINARY STATEMENT[1]

PAX has prevailed on the merits of its breach-of-contract claim against Miles Kwok, and

the only issue left for the Court to decide on that claim is the quantum of damages. There is no

question that PAX imminently will have a very large judgment against Kwok. And this Court

has discretion to enforce that judgment before it is entered under CPLR 5229, which was

intended to address situations just like this one— where there is a time interval between the

Court's finding of liability and its determination of damages. Indeed, the ***only*** requirement PAX

must satisfy under CPLR 5229 is that a decision has been rendered in its favor. PAX already has

met that requirement.

But here, relief under CPLR 5229 is all the more appropriate because, as PAX has

previously detailed for the Court and as summarized below, Kwok has a long history of shielding

assets and abusing the litigation process. This evidence demonstrates a real risk that Kwok will

not comply with the judgment here. Thus, to protect PAX's opportunity to collect on the

imminent damages award, there is a strong need to preserve the status quo by restraining Kwok

from disposing of and/or secreting his assets in the period before a final judgment is entered.

Accordingly, PAX respectfully requests that the Court (i) schedule a hearing on PAX's

application under CPLR 5229 for the earliest possible date, and (ii) in the interim, issue a TRO

under CPLR 6301 *et seq.* temporarily enjoining Kwok from dissipating his assets.

---

[1] Unless otherwise noted, all emphasis is added and all citations and quotations are omitted and all
defined terms have the same meaning as in Plaintiff's Memorandum of Law in Support of its Motion for
Partial Summary Judgment (Dkt. No. 409). The Affirmation of Edward Moss in Support of Plaintiff's
CPLR 5229 Motion and Request for TRO by Order to Show Cause is referred to herein as the "Moss
Aff." The Affirmation of Jon Lewis in Support of Plaintiff's CPLR 5229 Motion and Request for TRO
by Order to Show Cause is referred to herein as the "Lewis Aff."

Pg 674 18

## ARGUMENT

### I.      The Court Should Grant PAX's Application Under CPLR 5229.

CPLR 5229 provides unambiguously that the Court has discretion to enforce a judgment

before it is entered upon the motion of a prevailing party:

> In any court, before a judgment is entered, upon motion of the party in whose
> favor a verdict or decision has been rendered, the trial judge may order
> examination of the adverse party and order him restrained with the same effect as
> if a restraining notice had been served upon him after judgment.

New York law is clear that a favorable merits decision is **the sole prerequisite** to

obtaining relief under CPLR 5229.  *Gallegos v. Elite Model Mgmt. Corp.*, 1 Misc.3d 200, 202

(N.Y. Sup. Ct. 2003), *aff'd*, 807 N.Y.S.2d 44 (1st Dep't. 2005) ("The only statutory requirement

is that the application for CPLR 5229 relief be made by the prevailing party."); *Loew v. Kolb*,

No. 03Civ.5064, 2003 WL 22077454, at *2 (S.D.N.Y. Sept. 8, 2003) ("Other than having

received a favorable verdict or decision, there are no prerequisites to obtaining the relief

provided in CPLR 5229."); *Sequa Cap. Corp. v. Nave*, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996)

(same); *see also Coley v. Vannguard Urban Improvement Ass'n, Inc.*, 12-CV-5565 (PKC)

(RER), 2016 WL 7217641, at *6 (E.D.N.Y. Dec. 13, 2016) (granting relief under CPLR 5229

based on default judgment before a final damages award was entered and explaining that "the

moving party need not make a particular showing of the danger of dissipation of assets").  It is

also well-settled that the trial court has discretion both to determine whether to grant relief under

CPLR 5229 and the scope of that relief.  *Sequa Cap. Corp.*, 921 F. Supp. at 1076.

CPLR 5229 is designed to address the exact situation presented here—when there is a

time interval between the issuance of a summary judgment decision on liability and a damages

award.  *See, e.g., id.* (restraining defendant from transferring any property in which he has an

interest, **following entry of summary judgment, but before a determination on damages**); *see*

2

*also* CPLR 5229; Siegel, Practice Commentaries, C5229:1 ("Perhaps the scene of CPLR 5229's

***highest utility is where there is some hiatus between the verdict or decision and the judgment*** .

. . for example, [where] the decision was one ***granting summary judgment*** for the plaintiff []

against the defendant [] ***on liability***, but with the ***damages issues then referred to a magistrate***.

The CPLR 5229 restraint was granted pending the damages determination.").

To prevail on its motion under CPLR 5229, therefore, PAX is not actually required to

demonstrate that Kwok intends to dissipate his assets or otherwise try to make himself judgment-

proof. *See, e.g.*, *Gallegos*, 1 Misc.3d at 207 ("Neither the[] cases, the commentaries, nor the

statute itself requires the prevailing party to submit evidence that assets are definitively being

disposed of or diverted as a prerequisite to obtaining injunctive relief. Such evidence often may

only surface on examination of the adverse party, ordered pursuant to CPLR 5229. A

requirement of a showing that the adverse party has already disposed of assets runs counter to the

purpose of CPLR 5229, which is a preventative measure designed to frustrate the adverse party

from disposing of assets before such disposition takes place."). Nevertheless, as explained in its

prior applications and as detailed in the next section, PAX has ample evidence that Kwok intends

to do precisely that.

Thus, an order (i) restraining Kwok from disposing of any assets in the United States, and

(ii) giving PAX discovery into those assets, is particularly necessary and appropriate at this time.

*See* Weinstein, Korn, & Miller, New York Civil Practice, ¶ 5229.02; *Ibanez v. Pfeiffer*, 76

Misc.2d 363, 365 (N.Y. Civ. Ct. 1973) (ordering defendant to appear before the court at a set

time for examination and restraining disposition of any of defendant's property prior to judgment

pursuant to CPLR 5229); *Demirovic v. Ortega*, 296 F. Supp. 3d 477, 481 (E.D.N.Y. 2017);

*Weston Cap. Advisors, Inc. v. PT Bank Mutiara, TBK*, No. 13 CIV. 6945 (PAC), 2017 WL

571511, at *4 (S.D.N.Y. Feb. 13, 2017), *aff'd*, 738 F. App'x 19 (2d Cir. 2018) (enjoining "the

transfer, encumbrance of, or alteration in the rights of the Contemnor Assets" under 5229

because under New York law, "the Court may order the Contemnors to deliver those [ownership]

certificates to this district, even if they are located outside New York"); *Leser v. U.S. Bank Nat'l*

*Ass'n*, No. CV 2009–2362, 2013 WL 867153, *2 (E.D.N.Y. 2013) (finding that the prevailing

party was entitled to relevant documents and deposition pursuant to CPLR 5229).

## II.      The Court Should Preserve the Status Quo by Temporarily Enjoining Kwok from Dissipating His Assets Until the Hearing on PAX's 5229 Application.

PAX's application under CPLR 5229 is, essentially, a request for preliminary relief—to

allow PAX to begin to take discovery into Kwok's U.S. assets and to enjoin him from dissipating

those assets during the short interval until a judgment is entered, when PAX will be afforded that

relief permanently.  Although PAX need not establish the typical preliminary-injunction

requirements in order to prevail on its application under CPLR 5229, as discussed below, it can

readily establish those elements because, among other things, there is strong evidence that Kwok

will attempt to dissipate his assets or otherwise try to avoid the judgment in this case,  which

PAX anticipates will be nine figures (the debt continues to accrue 15% interest per annum and is

currently approximately $114 million, exclusive of enforcement costs).[2]  As a result, PAX

respectfully requests that the Court at this juncture grant PAX, under CPLR 6301 *et seq.*, just a

portion of the relief it seeks on its 5229 application—and enjoin Kwok from dissipating his

assets—so as to preserve the status quo and PAX's ability to collect on the forthcoming

judgment in this case.

---

[2] *See* Lewis Aff. at ¶ 5.

4

New York courts routinely grant such applications. *See, e.g.*, *Gallegos*, 1 Misc.3d at 207 (temporarily restraining defendants from transferring or selling any of their property before granting CPLR 5229 relief for prevailing plaintiff defendant's conduct included misleading statements and evasions); *Sequa Cap. Corp.*, 921 F. Supp. at 1074 (S.D.N.Y. 1996) (temporarily restraining defendant's assets on the day plaintiff moved for CPLR 5229 relief before later granting relief under CPLR 5229). And as discussed below, PAX can satisfy all three elements of a claim for preliminary relief under CPLR 6301 *et seq.* See *Nobu Next Door, LLC v. Fine Arts Housing, Inc.*, 4 N.Y.3d 839, 840 (2005) ("The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor.").

### A. PAX Will Suffer Irreparable Harm if Kwok is Not Restrained From Dissipating His Assets.

There is overwhelming evidence that Kwok will take steps to dissipate his assets or otherwise frustrate the judgment in this case, rendering it unenforceable and PAX's injury irreparable.

*First*, the record contains ample grounds to doubt that Kwok will voluntarily pay the judgment. To begin, Kwok has not repaid a penny of the nearly decade-old debt, and as the Court recognized in its summary judgment order, Kwok did not even "argue that either he or Shiny Times made any payments under the 2011 Loan Facility or the 2011 Personal Guarantee to satisfy the debt."[3] The chronology demonstrates that Kwok's failure to pay was deliberate.

After Kwok failed to repay by the original repayment deadline, the parties attempted to settle the outstanding debt through a series of deeds of settlements, including a 2013 Deed of

---

[3] Dkt. No. 549 ("Order") at 7.

Settlement, which provided for Kwok to settle the debt by transferring to PAX three apartments in the Beijing Pangu Plaza.[4]  But Kwok negotiated the final extension to satisfy the conditions precedent to that settlement in February 2015—when it was clear that he could *never* satisfy those conditions because the Chinese government already had seized the three apartments.[5]

By early 2015, Kwok owed PAX approximately $77 million, but rather than repaying his debt, he used most of that amount (over $65 million) to purchase a luxury Residence at the Sherry-Netherland Hotel and shield it through a double LLC structure.[6]  The Sherry-Netherland Executive Vice President and Chief Operating Officer Michael Ullman testified that this structure was "unique" and unprecedented—one that he had "never seen before and [had] never seen since."[7]

To support his application to purchase the Residence, Kwok submitted false financial records to the Sherry-Netherland Board for a company called Beijing Zenith Holdings Company Limited ("Beijing Zenith"), which he then represented he owned and controlled.[8]  But when asked about Beijing Zenith at his deposition, Kwok testified that he did not "have any ownership interest in Beijing Zenith" when he submitted those financials, and that he had no idea why his attorneys submitted them to the Sherry-Netherland.[9]  When shown Kwok's testimony on this

---

[4] *Id.* at 2.

[5] Lewis Aff. at ¶ 5.

[6] *See* Moss Aff. at ¶ 6.  Despite applying to purchase the Residence and residing there, in an effort to avoid attachment, Kwok has denied even owning the Residence.  At his October 3, 2018 deposition, he testified that the Residence actually was owned by a mysterious Chinese prisoner named Zhang Wei.  *See id.* at ¶ 8.

[7] *Id.*

[8] *See id.* at ¶ 6.

[9] *Id.*

FILED: NEW YORK COUNTY CLERK 09/25/2020 05:43 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 576
RECEIVED NYSCEF: 09/25/2020
Case 22-01063-jlg   Doc 4-2   Filed 03/14/22   Entered 03/14/22 23:05:52   Exhibit 02 of
Pg 10 of 18
174

matter, Sherry-Netherland CEO Michael Horvitz testified that he believed the Sherry-Netherland had been "defrauded."[10]

After purchasing the residence, Kwok took further steps to shield it.  Indeed, in June 2016, after PAX had sent him a demand letter, Kwok's representatives asked the Sherry-Netherland for permission to "undertake some restructuring in relation to the property so that the ultimate beneficial ownership will pass to his son," by transferring ownership of Genever New York to "a trust of which the son is a beneficiary."[11]

Kwok's conduct throughout this litigation has provided even more evidence that he will not repay, even in the face of a judgment.  After PAX filed this lawsuit, Kwok tweeted "I neither have to nor should I repay this amount of boring money irrelevant to me for them."[12]  Kwok was then asked point-blank at his deposition whether he would pay a judgment if one were entered against him in this litigation, and after his lawyers instructed him not to answer, he refused to answer the question.[13]  The answer appears to be "no" based on Kwok's abuse of the litigation process.  He has made countless misrepresentations to this Court, culminating in his deposition testimony that he never signed the 2011 Personal Guarantee or related contracts.[14]  But contrary to that false deposition testimony, Kwok previously repeatedly had affirmed those contracts to the Court as authentic—and even *filed his own copies* with the Court.[15]

---

[10] *Id.*

[11] *Id.* at ¶ 8

[12] Lewis Aff. at ¶ 5.

[13] *Id.*

[14] *See* Moss Aff. at ¶ 8.

[15] *See* Order at 2–3; *see also* Dkt. Nos. 11, 16–17.

Kwok also attempted to avoid attachment of the Residence based on false testimony and representations that the Residence had been pledged to a third-party.  For example, Kwok's employee Yvette Wang submitted an affidavit in which she swore to this Court that "the assets of Genever BVI, which by virtue of its ownership of Genever [New York] include the [Residence], were pledged to Roscalitar 2."[16]  At her deposition, however, she admitted that ***she in fact knew absolutely nothing about pledges***, had "no idea" if the Residence or the Genever entities had been pledged, and had never spoken to Kwok about any pledges.[17]  To make matters worse, when confronted by the Sherry-Netherland about the unequivocal statement in Ms. Wang's affidavit that the Residence had been pledged to Roscalitar 2, Kwok's lawyers argued that the affidavit "***made no such representation***" that the Residence had been pledged.[18]

Kwok ultimately avoided attachment based at least in part on false testimony about the Residence.  At the April 26, 2019 hearing on PAX's attachment motion, Ms. Wang testified that the Residence was not for sale.[19]  Although she testified that it had been taken off the market "[a]bout one month" prior to the hearing, the only evidence PAX has seen thus far suggests that the Residence was actually taken off the market ***the very day of the hearing***.[20]  On February 13, 2020, the Residence was once again listed for sale for $63,500,000; less than one month later, Kwok dropped the price to $55,000,000.[21]  As of September 21, 2020, the Residence remains on the market.[22]

---

[16] Moss Aff. at ¶ 8.

[17] *Id.*

[18] *Id.*

[19] *See id.*

[20] *Id.*

[21] *See id.*

[22] *See id.*

8

*Second*, there is strong evidence that, even if Kwok were willing to pay the judgment, he lacks the financial ability to do so. Although Kwok claims publicly to be a billionaire, recent evidence, including his own under-oath testimony, shows that claim may be exaggerated (or at least that his financial position has changed). As an initial matter, it has been widely reported that Kwok's assets across the world have been frozen.[23] And in January 23, 2019, Kwok testified under oath at a deposition in a case in the Eastern District of Virginia that his net worth was ***"negative,"*** that he ***didn't "have any more money,"*** that he ***does not "[i]n reality, under the law" "own any assets in the United States,"*** that he has ***no "income from any sources,"*** and that he has ***"not a penny left."***[24]

Moreover, the Sherry-Netherland Hotel, Inc. recently sued Defendant Genever Holdings LLC seeking to evict Kwok from the Residence for failure to pay hundreds of thousands of dollars in maintenance fees (which he had not paid since January 2020). And just about a month ago, Kwok was sanctioned by the Eighth Judicial District Court in Clark County, Nevada, for avoiding the opposing party's attempts to take discovery on a $196,940.39 judgment he had obtained against Kwok.[25] It is also worth noting that the *Wall Street Journal* reported on August 19, 2020, that the FBI and SEC were investigating whether a media company linked to Kwok had violated the securities laws in connection with a $300 million private offering (and that the New York Attorney General's Office also was investigating the matter) and that Kwok had confirmed the probe in an online video.[26] The *Journal* article also reported that the company's

---

[23] *See* Lewis Aff. at ¶ 6.

[24] *See* Moss Aff. at ¶ 7; *see also* Lewis Aff. at ¶ 6.

[25] *See* Moss Aff. at ¶ 7.

[26] *See* Lewis Aff. at ¶ 6.

9

investors were pushing for refunds and lodging complaints and that several banks (JPMorgan, Wells Fargo, and Bank of America) had either frozen or closed accounts tied to the company.[27]

The evidence also suggests that Kwok has taken steps to shield other of his assets. For example, he appears to be recorded in a YouTube audio recording instructing his associates to quickly and quietly sell his boat and plane.[28] Kwok originally disputed the audio's authenticity, and so PAX's counsel played the recording during his deposition to ask whether the voice was in fact his. Following his counsel's instructions, Kwok refused to answer whether it was his voice (the Court may recall from the video at the attachment hearing that Kwok stuck his fingers in his ears).[29] Since April 2020, Kwok has listed his yacht, the Lady May, for sale with an asking price of $27,900,000.[30]

In light of this evidence, it is necessary to restrain any assets in which Kwok has any interest to ensure that the judgment to be entered in PAX's favor can be satisfied. In the event this Court does not restrain Kwok from dissipating his assets in advance of the imminent judgment, PAX may well be unable to recover on its nearly decade-long quest and, thus, will suffer irreparable harm. *See, e.g., Ayro Comm'ns, Inc. v. Jaymer Comm'ns Corp.*, No. 38836/04, 2005 WL 351070, at *4 (N.Y. Sup. Ct. Feb. 9, 2005) ("Generally, [] a preliminary injunction is granted where injunctive relief will prevent the potential dissolution of an existing valuable asset or some comparable potential irreparable harm."); *Jacobowitz v. Jacobowitz*, No. 16605/04, 2004 WL 2532297, at *5 (N.Y. Sup. Ct. Oct. 25, 2004) (explaining that "the purpose []of a preliminary injunction[]" is to "preserve the status quo" and prevent dissipation of property that

---

[27] *See id.*

[28] *See* Moss Aff. at ¶ 8.

[29] *See id.*

[30] *See id.*

10

could render a "judgment ineffectual"); *Prudential Secs. Credit Corp. v. Teevee Toons, Inc.*,

Index No. 603112/02, 2003 WL 346440, at *3 (N.Y. Sup. Ct. Feb. 7, 2003) ("[W]ithout an

injunction against dissipation or transfer of the assets, plaintiff's rights therein are at risk of

irreparable harm and any future judgment in its favor might be rendered futile.").[31]

### B.  PAX Is Likely to Succeed on the Merits of Its CPLR 5229 Application.

PAX easily satisfies the preliminary-relief requirement of likelihood of success on the

merits.  As discussed above, (i) the Court has discretion to grant relief under CPLR 5229, (ii) the

only requirement to prevail is a decision on the merits, and (iii) CPLR 5229 was designed for

cases just like this one, where there is a time interval between when the Court grants summary

judgment for the plaintiff on liability and it issues its judgment on damages.

### C.  The Balance of Hardships Favors PAX.

Kwok has avoided paying his debt for nearly a decade, and—after chasing Kwok across

the globe—PAX finally has a judicial order holding Kwok liable for his breach of contract.

Kwok can no longer dispute that he owes a debt—and a significant one—to PAX.  Kwok will be

enjoined from dissipating assets as soon as a judgment is entered.  There is no legitimate harm to

him in beginning that process now, when judgment will likely be entered within weeks.  On the

other hand, PAX will suffer greatly if, after finally locating Kwok and litigating for more than

three years, the judgment it obtains is uncollectible because Kwok took steps to shield his assets

after receiving an adverse decision on liability.  Indeed, as noted *supra* at note 31, Kwok's

---

[31] Yesterday afternoon, PAX counsel Edward Moss telephoned Kwok counsel Jillian Searles to inquire whether this emergency motion could be obviated by Kwok's agreement not to dissipate any of his assets in the period before the damages award issued. As anticipated, Ms. Searles responded that Kwok would not agree to such an arrangement, further highlighting PAX's need for the relief requested herein. *See* Moss Aff. at ¶ 10.

counsel stated that Kwok would not voluntarily commit to preserving his assets during this interim period.

Thus, the balance of hardships heavily favors PAX. *See, e.g.*, *Morgenthau v. A.J. Travis Ltd.*, 184 Misc.2d 835, 844 (N.Y. Sup. Ct. 2000) (granting preliminary injunction upon a finding that "[w]hatever hardship the defendants may have as a result of this [frozen funds] arrangement is far outweighed by the possibility that the assets in question may become unavailable in the absence of the requested relief"); *see also Pudalov v. Pudalov*, 6 Misc.3d 558, 562 (N.Y. Sup. Ct. 2004) (holding that "the equitable scales . . . tip in favor of the movant" where the notion that the nonmovant would pay a judgment absent a preliminary injunction was "speculative and a bit naïve" considering the animosity between the parties, and where the nonmovant's "extensive resources and/or the ability to access them" meant that it would "suffer no great hardship by a limited preliminary injunction"); *Prudential*, 2003 WL 346440, at *3 (granting TRO and explaining that "[t]he equities tip decidedly in plaintiff's favor [and] [p]reservation of the assets . . . presents no undue hardship for the defendants, while it is *essential* to plaintiff's rights").

## CONCLUSION

For the reasons stated above, PAX respectfully requests that this Court issue an order, under CPLR 5229, (i) enjoining and restraining Defendant Kwok, with the same effect as if a restraining order had been served upon him after judgment, from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, or from paying over or otherwise disposing of any debt now due or thereafter coming due to him subject to the exceptions set forth in CPLR 5222; (ii) permitting PAX to issue restraining notices permitted by CPLR 5222 with respect to Defendant Kwok; (iii) permitting PAX to conduct the disclosure permitted by CPLR 5229, including disclosure as set forth in CPLR 5223 and 5224;

and (iv) granting PAX such other, further, and different relief as this Court deems just and

proper.

PAX also respectfully requests that, in the event the Court sets a briefing schedule and a

hearing on PAX's request under CPLR 5229, the Court preserve the status quo by issuing an

order, under CPLR 6301 *et seq.*, temporarily restraining Kwok, until that hearing, from making

or causing any sale, assignment, transfer, or interference with any property in which he has an

interest, or from paying over or otherwise disposing of any debt now due or thereafter coming

due to him subject to the exceptions set forth in CPLR 5222.


DATED: September 25, 2020              Respectfully submitted,
       New York, New York

                                        O'MELVENY & MYERS LLP
                                        By: */s/ Edward Moss*
                                        Stuart Sarnoff (ssarnoff@omm.com)
                                        Edward Moss (emoss@omm.com)
                                        7 Times Square
                                        New York, NY 10036
                                        (212) 326-2000

                                        -and-

                                        Robert W. Seiden
                                        (rseiden@seidenlegal.com)
                                        1120 Avenue of the Americas
                                        New York, NY 10036
                                        (212) 626-6708

                                        *Attorneys for Plaintiff Pacific Alliance*
                                        *Asia Opportunity Fund L.P.*

13

FILED: NEW YORK COUNTY CLERK 09/25/2020 05:43 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 576
RECEIVED NYSCEF: 09/25/2020

Case 22-01050-mg    Doc 43-23    Filed 08/14/22    Entered 08/14/22 23:05:52    Exhibit 108 of
Pg 17 of 18

# CERTIFICATION OF WORD COUNT

PAX hereby certifies that this document complies with the word count provisions of

Commercial Division Rule 17. This memorandum of law was prepared using Microsoft Word,

and the total number of words in this memorandum of law, exclusive of the caption, title, and

signature block, is less than 7,000 words.


DATED: September 25, 2020          Respectfully submitted,
        New York, New York

                                    O'MELVENY & MYERS LLP
                                    By: */s/ Edward Moss*
                                    Edward Moss (emoss@omm.com)
                                    7 Times Square
                                    New York, NY 10036
                                    (212) 326-2000

                                    *Attorneys for Plaintiff Pacific Alliance*
                                    *Asia Opportunity Fund L.P.*

# EXHIBIT 23

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

PRESENT: **HON. BARRY R. OSTRAGER**     PART    **IAS MOTION 61EFM**

*Justice*

-------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

                Defendants.

-------------------------------------------------------------------X

| INDEX NO. | 652077/2017 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 011 |

**DECISION + ORDER ON MOTION**

HON. BARRY R. OSTRAGER

On September 30, 2020, the Court held oral argument via Skype, with counsel for all parties. On consent, the Court entered a temporary restraining order restraining Mr. Kwok from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, or from paying over or otherwise disposing of any debt now due or thereafter coming due to him subject to the exceptions set forth in CPLR 5222 and in the ordinary course.

The Court will hear further argument, and if necessary, conduct an evidentiary hearing, on October 15, 2020 at 10:00 am via Microsoft Teams. Defendants must file their opposition to Motion 011 by October 13, 2020 at 4:00 pm. Plaintiff must file their reply, if any, by October 14, 2020 at 4:00 pm. If either party intends to call witnesses, they must exchange witness lists with one another and e-file a witness list with the Court no later than October 13, 2020.

Additionally, the Court will hear oral argument on Plaintiff's Motion 008 for damages and attorney's fees on October 15, 2020 at 10:00 am via Microsoft Teams. Defendants must file

their opposition to Motion 011 by October 13, 2020 at 4:00 pm and Plaintiff must file their reply,

if any, by October 14, 2020 at 4:00 pm.

Any violation of the temporary restraining order issued today shall be considered

criminal contempt.

Dated: September 30, 2020

BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

2

# EXHIBIT 24

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

PRESENT: **HON. BARRY R. OSTRAGER**          PART          **IAS MOTION 61EFM**

*Justice*

-------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                          Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a
GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE
HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO,
GENEVER HOLDINGS LLC, and GENEVER HOLDINGS
CORPORATION,

                          Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652077/2017 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. BARRY R. OSTRAGER

On October 15, 2020, the Court held oral argument via Microsoft Teams, with counsel

for all parties participating, on plaintiff's motion for a post-judgment restraining order pursuant

to CPLR 5229 (motion 011). On September 15, 2020, the Court granted summary judgment in

favor of plaintiff on liability, with damages and the issue of whether the corporate defendants are

defendant Kwok's alter egos to be determined at a later date. NYSCEF Doc. 549.

Plaintiff's motion for a restraining order pursuant to CPLR 5229 is granted. Mr. Kwok is

restrained from making or causing any sale, assignment, transfer, or interference with any

property in which he has an interest, whether directly or indirectly, and from paying over or

otherwise disposing of any debt now due or thereafter coming due to him subject to the

exceptions set forth in CPLR 5222, in accordance with the proceedings on the record of October

15, 2020.

Specifically, Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry-

Netherland Hotel and (2) the yacht, "the Lady May" are restrained from making or causing any

sale, assignment, transfer, or interference with those assets.

Plaintiff is entitled, under CPLR 5229, to take discovery into the above-identified assets

as well as to seek discovery into any other assets that Mr. Kwok may own, whether directly or

indirectly.

The next appearance will be a pre-trial conference on November 12, 2020 at 2:00 pm via

Microsoft Teams.

_____
October 15, 2020
**DATE**

BARRY R. OSTRAGER, J.S.C.

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☒ GRANTED ☐ DENIED ☐ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

2

# EXHIBIT 25









# EXHIBIT 26

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

PRESENT: **HON. BARRY R. OSTRAGER**

*Justice*

PART | IAS MOTION 61EFM

-----------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, et al.,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652077/2017 |
| MOTION DATE | |
| MOTION SEQ. NO. | 012 |

**DECISION + ORDER ON MOTION**

HON. BARRY R. OSTRAGER

Before the Court is Motion 012 by Plaintiff Pacific Alliance Asia Opportunity Fund L.P. ("PAX") to hold Defendant Kwok Ho Wan ("Kwok") in contempt. This Court previously issued three orders restraining Kwok's interest in the yacht called the "Lady May." On September 30, 2020, this Court entered a Temporary Restraining Order (the "TRO") preventing Kwok from, among other things, "interference with any property in which he has an interest." NYSCEF Doc. No. 591. In issuing the TRO, the Court noted that "[a]ny violation . . . shall be considered criminal contempt." *Id.* On October 15, 2020, the Court issued the Order, which granted PAX's motion under CPLR 5229 and expressly restrained the Lady May:

> Mr. Kwok is restrained from making or causing any sale, assignment, transfer, or interference with any property in which he has an interest, whether directly or indirectly, and from paying over or otherwise disposing of any debt now due or thereafter coming due to him subject to the exceptions set forth in CPLR 5222, in accordance with the proceedings on the record of October 15, 2020. Specifically, Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry-Netherland Hotel and (2) the yacht, "the Lady May" are restrained from making or causing any sale, assignment, transfer, or interference with those assets.

NYSCEF Doc. No. 630. Counsel for Kwok specifically asked the Court whether Kwok could move the yacht from the jurisdiction for licensing purposes. The Court denied this request at the time and directed counsel to make a motion if necessary.

Plaintiff brings this motion because, despite these orders, the Lady May has been moved outside of the United States.

The Court has reviewed the extensive submissions of the parties in connection with PAX's motion to hold Kwok in contempt. Passing the issue of whether any of Mr. Kwok's attorneys have violated the Code of Professional Conduct, it is clear that there has been an intolerable amount of gamesmanship, dissembling. and deceit in proceedings before this Court relating to the whereabouts and ownership of the yacht "Lady May."

The defendant claims that the yacht was removed from the jurisdiction of this Court for "ordinary course" "winter maintenance" notwithstanding restraints imposed on the movement of the yacht by the Court. Rather than catalogue the many "shell games" defendant Kwok has engaged in with the assistance of counsel who should know better, the Court grants the motion for contempt to the following extent: For every day that the yacht is outside the jurisdiction of this Court after May 15, 2021, defendant Kwok will be fined $500,000. The other restraints relating to the ownership and control of the yacht remain in place.

2

A status conference remains scheduled for May 4, 2021 at 10:00 am.

Dated: March 16, 2021

BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

3

# EXHIBIT 27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

                             Plaintiff,

               - against -

KWOK HO WAN, et al.,

                          Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

**NOTICE OF APPEAL**

       **PLEASE TAKE NOTICE**, that Defendant Kwok Ho Wan hereby appeals to the Appellate Division, First Judicial Department, from the Decision and Order of the Supreme Court of the State of New York, County of New York, dated March 16, 2021, and entered in the office of the New York County Clerk on March 17, 2021 (NYSCEF Doc. No. 728), and from each and every part thereof.

Dated: New York, New York
           March 23, 2021

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _/s/ John Siegal_____
          John Siegal
          Melissa Carvalho
45 Rockefeller Plaza
New York, New York 10111
212-589-1400
jsiegal@bakerlaw.com
mcarvalho@bakerlaw.com

*Attorneys for Defendant Kwok Ho Wan*

To:     Clerk of the County of New York (via NYSCEF)
        All counsel of Record (via NYSCEF)

1

# Supreme Court of the State of New York
# Appellate Division: First    Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced. or as amended. | For Court of Original Instance |
| --- | --- |
| Pacific Alliance Asia Opportunity Fund L.P.,<br><br> - against - <br><br>Kwok Ho Wan, et al. | Date Notice of Appeal Filed <br><br> For Appellate Division |

| Case Type | | Filing Type | |
| --- | --- | --- | --- |
| ■ Civil Action | ☐ CPLR article 78 Proceeding | ■ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
|  | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
|  |  | ☐ Eminent Domain | ☐ CPLR 5704 Review |
|  |  | ☐ Labor Law 220 or 220-b |  |
|  |  | ☐ Public Officers Law § 36 |  |
|  |  | ☐ Real Property Tax Law § 1278 |  |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
| --- | --- | --- | --- |
| ☐ Administrative Review | ■ Business Relationships | ■ Commercial | ■ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ■ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ■ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court | County: | New York |
|---|---|---|---|
| Dated: | 03/16/2021 | Entered: March 17, 2021 | |
| Judge (name in full): | Hon. Barry R. Ostrager | Index No.: 652077/2017 | |
| Stage: ☐ Interlocutory ■ Final ☐ Post-Final | | Trial: ☐ Yes ■ No   If Yes: ☐ Jury ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?          ■ Yes ☐ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.
2020-4180; 2021-00138; 2021-00740
Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

GTV Media Group v. Pacific Asia Alliance Fund, L.P., Supreme Court, New York County (Ostrager, J.), Index No. 150823/2021.  Dismissed without prejudice.

| Original Proceeding |
|---|

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Defendant Kwok Ho Wan is appealing each and every part of a decision and order of the Supreme Court, New York County, dated March 16, 2021, granting Plaintiff's motion for contempt against Defendant Kwok Ho Wan.

Informational Statement - Civil

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

Without limiting the arguments that may be presented on appeal, Defendant-Appellant Kwok Ho Wan states that the Supreme Court's Decision and Order granting Plaintiff-Respondent's motion for contempt against Defendant-Appellant is in error and should be reversed. The Supreme Court's decision and order relates specifically to an asset (a yacht) which is not owned by Defendant-Appellant, but is owned by a third-party, HK International, and imposes fines against Defendant-Appellant relating to the movement and location of HK International's asset (the yacht). The Supreme Court's decision and order also fails to satisfy either the procedural or substantive requirements for an adjudication of contempt.

## Party Information

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|---------------------------|
| 1 | Pacific Alliance Asia Opportunity Fund, L.P. | Plaintiff | Respondent |
| 2 | Kwok Ho Wan | Defendant | Appellant |
| 3 | Genever Holdings LLC | Defendant | None |
| 4 | Genever Holdings Corporation | Defendant | None |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

| Attorney Information | | | |
|---|---|---|---|

Instructions: Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| Attorney/Firm Name: Edward Moss, O'Melveny & Myers LLP | | | |
|---|---|---|---|
| Address: 7 Times Square | | | |
| City: New York | State: New York | Zip: 10036 | Telephone No: 212-326-2000 |
| E-mail Address: emoss@omm.com | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above):        1 | | | |

| Attorney/Firm Name: Stuart Sarnoff, O'Melveny & Myers LLP | | | |
|---|---|---|---|
| Address: 7 Times Square | | | |
| City: New York | State: New York | Zip: 10036 | Telephone No: 212-326-2000 |
| E-mail Address: ssarnoff@omm.com | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above):1 | | | |

| Attorney/Firm Name:  Robert W. Seiden | | | |
|---|---|---|---|
| Address: 469 Seventh Avenue, 5th Floor | | | |
| City: New York | State: New York | Zip: 10018 | Telephone No: 212-523-0686 |
| E-mail Address: rseiden@seidenlawgroup.com | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above):1 | | | |

| Attorney/Firm Name:  John Siegal, Baker & Hostetler LLP | | | |
|---|---|---|---|
| Address: 45 Rockefeller Plaza | | | |
| City: New York | State: New York | Zip: 10111 | Telephone No: 212-589-1400 |
| E-mail Address: jsiegal@bakerlaw.com | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above):● 2 | | | |

| Attorney/Firm Name:  Aaron Mitchell, Lawall & Mitchell, LLC | | | |
|---|---|---|---|
| Address: 162 E. 64th Street | | | |
| City: New York | State: New York | Zip: 10065 | Telephone No: 973-285-3280 |
| E-mail Address: aaron@lmesq.com | | | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above):● 3 | | | |

| Attorney/Firm Name:  Aaron Mitchell, Lawall & Mitchell, LLC | | | |
|---|---|---|---|
| Address: 162 E. 64th Street | | | |
| City: New York | State: New York | Zip: 10065 | Telephone No: 973-285-3280 |
| E-mail Address: | | aaron@lmesq.com | |
| Attorney Type:   ■ Retained   ☐ Assigned   ☐ Government   ☐ Pro Se   ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above):1 | | | |

Informational Statement - Civil

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

                        Plaintiff,

          v.

KWOK HO WAN, *a/k/a* KWOK HO, *a/k/a* GWO
WEN GUI, *a/k/a* GUO WENGUI, *a/k/a* GUO
WEN-GUI, *a/k/a* WAN GUE HAOYUN, *a/k/a*
MILES KWOK, *a/k/a* HAOYUN GUO,
GENEVER HOLDINGS LLC, *and* GENEVER
HOLDINGS CORPORATION,

                      Defendants.

Index No. 652077/2017

Hon. Barry R. Ostrager

**NOTICE OF ENTRY**

      **PLEASE TAKE NOTICE** that the attached is a copy of the Decision and Order of

Justice Barry R. Ostrager entered in the Clerk's office of the Supreme Court of New York

County on March 17, 2021.

DATED: March 17, 2021
          New York, New York

Respectfully submitted,

O'MELVENY & MYERS LLP

By: */s/ Stuart Sarnoff*
Stuart Sarnoff (ssarnoff@omm.com)
Edward Moss (emoss@omm.com)
7 Times Square
New York, NY 10036
(212) 326-2000

-and-

Robert W. Seiden
(rseiden@seidenlegal.com)
1120 Avenue of the Americas
New York, NY 10036

(212) 626-6708
*Attorneys for Plaintiff Pacific Alliance*
*Asia Opportunity Fund L.P.*


To:    John Siegal (jsiegal@bakerlaw.com)
       Melissa Carvalho (mcarvalho@bakerlaw.com)
       BAKER & HOSTETLER LLP
       45 Rockefeller Plaza
       New York, NY 10001
       (212) 589-4200

       *Attorneys for Defendant Miles Kwok*

2

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

PRESENT:     **HON. BARRY R. OSTRAGER**     PART     IAS MOTION 61EFM

*Justice*

---------------------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

| | |
|---|---|
| INDEX NO. | 652077/2017 |
| MOTION DATE | |
| MOTION SEQ. NO. | 012 |

Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, et al.,

**DECISION + ORDER ON MOTION**

Defendants.

---------------------------------------------------------------------------------X

HON. BARRY R. OSTRAGER

Before the Court is Motion 012 by Plaintiff Pacific Alliance Asia Opportunity Fund L.P.

("PAX") to hold Defendant Kwok Ho Wan ("Kwok") in contempt. This Court previously issued

three orders restraining Kwok's interest in the yacht called the "Lady May." On September 30,

2020, this Court entered a Temporary Restraining Order (the "TRO") preventing Kwok from,

among other things, "interference with any property in which he has an interest." NYSCEF Doc.

No. 591. In issuing the TRO, the Court noted that "[a]ny violation . . . shall be considered

criminal contempt." *Id.* On October 15, 2020, the Court issued the Order, which granted PAX's

motion under CPLR 5229 and expressly restrained the Lady May:

> Mr. Kwok is restrained from making or causing any sale, assignment, transfer, or
> interference with any property in which he has an interest, whether directly or
> indirectly, and from paying over or otherwise disposing of any debt now due or
> thereafter coming due to him subject to the exceptions set forth in CPLR 5222, in
> accordance with the proceedings on the record of October 15, 2020. Specifically,
> Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry-
> Netherland Hotel and (2) the yacht, "the Lady May" are restrained from making
> or causing any sale, assignment, transfer, or interference with those assets.

NYSCEF Doc. No. 630. Counsel for Kwok specifically asked the Court whether Kwok could move the yacht from the jurisdiction for licensing purposes. The Court denied this request at the time and directed counsel to make a motion if necessary.

Plaintiff brings this motion because, despite these orders, the Lady May has been moved outside of the United States.

The Court has reviewed the extensive submissions of the parties in connection with PAX's motion to hold Kwok in contempt. Passing the issue of whether any of Mr. Kwok's attorneys have violated the Code of Professional Conduct, it is clear that there has been an intolerable amount of gamesmanship, dissembling. and deceit in proceedings before this Court relating to the whereabouts and ownership of the yacht "Lady May."

The defendant claims that the yacht was removed from the jurisdiction of this Court for "ordinary course" "winter maintenance" notwithstanding restraints imposed on the movement of the yacht by the Court. Rather than catalogue the many "shell games" defendant Kwok has engaged in with the assistance of counsel who should know better, the Court grants the motion for contempt to the following extent: For every day that the yacht is outside the jurisdiction of this Court after May 15, 2021, defendant Kwok will be fined $500,000. The other restraints relating to the ownership and control of the yacht remain in place.

A status conference remains scheduled for May 4, 2021 at 10:00 am.

Dated: March 16, 2021

BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | ☒ GRANTED | ☐ DENIED | | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

3

# EXHIBIT 28

FILED: APPELLATE DIVISION - 1ST DEPT 11/04/2021 10:22 AM
NYSCEF DOC. NO. 17                                    RECEIVED NYSCEF: 11/04/2021

2021-01010

# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

Acosta, P.J., Renwick, Kennedy, Mendez, JJ.

| | | |
|---|---|---|
| 14555 | PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P., | Index No. 652077/17 |
| | Plaintiff-Respondent, | Case No. 2021-01010 |

-against-

KWOK HO WAN, also known as KWOK HO, etc.,
    Defendant-Appellant,

GENEVER HOLDINGS LLC, et al.,
    Defendants.

---

Ganfer Shore Leeds & Zauderer LLP, New York (Ira Brad Matetsky of counsel), for appellant.

O'Melveny & Myers LLP, New York (Anton Metlitsky of counsel), for respondent.

---

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered March 17, 2021, which granted the motion of plaintiff Pacific Alliance Asia Opportunity Fund L.P. to hold defendant Kwok Ho Wan in contempt of court, and imposed a fine of $500,000 for every day after May 15, 2021 in which a $27 million yacht remains outside the court's jurisdiction in violation of prior orders, unanimously affirmed, with costs.

The motion court acted within its discretion in holding defendant in civil contempt, as plaintiff established by clear and convincing evidence that defendant violated a lawful, clear mandate of the court, of which he had knowledge, and that such violation resulted in prejudice to plaintiff's rights (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; Judiciary Law § 753).

Contrary to defendant's argument, the court did not commit a procedural defect under Judiciary Law § 770 because it did not issue a final order of contempt. Further, the evidence shows that the daily fine of $500,000 was intended to strongly encourage defendant to purge himself of the contempt, which, despite being permitted two months to accomplish, he has shown no interest in doing (*see e.g. Ruesch v Ruesch*, 106 AD3d 976, 977 [2d Dept 2013]). The motion court is instructed to proceed with an evidentiary hearing to resolve a dispute as to ownership and control of the yacht, and to assess appropriate penalties.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: November 4, 2021

Susanna Molina Rojas
Clerk of the Court

# EXHIBIT 29

FILED: APPELLATE DIVISION - 1ST DEPT 01/20/2022 09:38 AM    2021-01010
NYSCEF DOC. NO. 22    RECEIVED NYSCEF: 01/20/2022

# Supreme Court of the State of New York

## Appellate Division, First Judicial Department

PRESENT: Hon. Rolando T. Acosta,                    Presiding Justice,
             Dianne T. Renwick
             Tanya R. Kennedy
             Manuel J. Mendez,                    Justices.

| | |
|---|---|
| Pacific Alliance Asia Opportunity Fund, L.P., Plaintiff-Respondent, | Motion No.  2021-04127 |
| | Index No.  652077/17 |
| -against- | Case No.  2021-01010 |
| Kwok Ho Wan, also known as Kwok Ho, etc., Defendant-Appellant, | |
| Genever Holdings LLC, et al., Defendants. | |

Defendant-appellant having moved for leave to appeal to the Court of Appeals from the decision and order of this Court, entered on November 04, 2021 (Appeal No. 14555),

Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon,

It is ordered that the motion is denied.

ENTERED: January 20, 2022

Susanna Molina Rojas
Clerk of the Court

# EXHIBIT 30

Case 1:22-cv-01658   Doc 43-39   Filed 03/14/22   Entered 03/14/22 23:54:52   Exhibit 39
Pg 174 of 3

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| PRESENT: | HON. BARRY R. OSTRAGER | PART | IAS MOTION 61EFM |
|---|---|---|---|
| | *Justice* | | |

---------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

Plaintiff,

- v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER: HOLDINGS LLC, and GENEVER HOLDINGS CORPORATION,

Defendants.

---------------------------------------------------------------------X

| INDEX NO. | 652077/2017 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 019 |

**THIRD INTERIM DECISION + ORDER ON MOTION**

HON. BARRY R. OSTRAGER

    By Interim Decision & Order dated July 21, 2021 (NYSCEF Doc. No. 873), the Court determined plaintiff's motion to hold defendant Kwok Ho Wan in civil contempt and the cross-motion by defendant for a stay pending appeal to the extent of holding the motion in abeyance pending a decision by the Appellate Division, First Department, on an appeal calendared for the September Term. The Appellate Division determined the appeal by Decision and Order dated November 4, 2021 (NYSCEF Doc. No. 953). Further argument on the contempt motion was heard on January 14, 2022 and the Court scheduled a hearing on the motion to be held on February 2, 2022 commencing at 9:30 a.m.

    Direct testimony will be offered by affidavit. The Court will not consider the affidavit of any person who is not available for cross-examination. The parties will confer and prepare a Joint Exhibit Binder by January 24, 2022. Plaintiff will efile direct testimony affidavits by January 26, 2022. Defendants will efile direct testimony affidavits by January 28, 2022. Hard copies of all documents shall be delivered to Courtroom 232 by noon on January 31, 2022.

The parties are directed to efile on or before January 24, 2022 a letter containing a Joint Appearance Sheet for the February 2, 2022 hearing.

Dated: January 14, 2022

BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

2

# EXHIBIT 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.,

                              Plaintiff,

                    v.

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO
WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN
GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES
KWOK, a/k/a HAOYUN GUO, GENEVER
HOLDINGS CORPORATION, and GENEVER
HOLDINGS LLC,

                              Defendants.

Index No: 652077/2017

Hon. Barry R. Ostrager

[PROPOSED] FINAL ORDER
OF CIVIL CONTEMPT

Motion Sequence No. 19

WHEREAS this Court's conditional order of civil contempt, dated March 16, 2021,

directed that if Defendant Kwok Ho Wan ("Kwok") failed to return the Lady May yacht (the

"Lady May") to the jurisdiction of this Court by May 15, 2021, he would be subject to a

$500,000 fine for each day that the Lady May remained outside the jurisdiction;

WHEREAS the Lady May was not returned to the jurisdiction by May 15, 2021;

WHEREAS on November 4, 2021, the Appellate Division's First Department affirmed

this Court's order holding Kwok in conditional civil contempt, finding that "the daily fine of

$500,000 was intended to strongly encourage defendant to purge himself of the contempt, which,

despite being permitted two months to accomplish, he has shown no interest in doing," and

instructing this Court to proceed with an evidentiary hearing to resolve a dispute as to ownership

and control of the yacht, and to assess appropriate penalties;

WHEREAS Kwok to date has failed to return the Lady May to the jurisdiction;

WHEREAS the evidentiary hearing specified by the First Department's November 4, 2021 Order was held on February 2, 2022;

WHEREAS both Kwok and the registered title holder of the Lady May, HK International Funds Investments (USA) Limited, LLC, ~~were present~~ appeared by counsel at the hearing, proffered evidence and were represented by counsel; and

WHEREAS, based on the evidence adduced at the hearing, the Court determines that PAX has clearly and convincingly established that Kwok has a beneficial interest in and control over the Lady May, as set forth in the Court's February 9, 2022 Decision and Order.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Kwok has violated New York Judiciary Law § 753 and is civil contempt of this Court's orders.

2. Kwok is directed to tender immediate payment to PAX in the amount of $134,000,000, representing $500,000 for each day between May 15, 2021 and February 7, 2022.

3. The amount due to PAX shall continue to accrue at the rate of $500,000 per day until Kwok returns the Lady May to the jurisdiction, which additional accrual shall begin ten business days from ~~the date~~ service of this Order, with Notice of Entry.

4. Payment of the amount set forth in paragraph 2 above shall be made to PAX within five business days of the ~~date~~ service of this Order, with Notice of Entry.

5. The Court shall exercise its full authority under New York Judiciary Law § 753 in the event the fine is not timely paid to PAX.

It is SO ORDERED this ___9th___ day of _February_, 2022.

_____
BARRY R. OSTRAGER, J.S.C.
**BARRY R. OSTRAGER**
JSC.

2

# EXHIBIT 32

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

Index No. 652077/2017

Plaintiff,

Hon. Barry Ostrager

- against -

**NOTICE OF APPEAL**

KWOK HO WAN, et al.,

Defendants.

**PLEASE TAKE NOTICE**, that Defendant Kwok Ho Wan ("Mr. Kwok"), hereby

appeals to the Appellate Division, First Judicial Department, from the Decision and Order of the

Supreme Court of the State of New York, County of New York (Ostrager, J.), dated February 9,

2022, and entered in the office of the New York County Clerk on February 9, 2022 (NYSCEF

Doc. No. 1181), and from each and every part thereof.

Dated: New York, New York
February 10, 2022

Respectfully submitted,

BAKER & HOSTETLER LLP

By: _/s/ John Siegal_____
John Siegal
Melissa Carvalho
45 Rockefeller Plaza
New York, New York 10111
212-589-1400
jsiegal@bakerlaw.com
mcarvalho@bakerlaw.com

*Attorneys for Defendant Kwok Ho Wan*

To:  Clerk of the County of New York (via NYSCEF)
All counsel of Record (via NYSCEF)

1

# Supreme Court of the State of New York
## Appellate Division: First   Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P <br><br> - against - <br><br> KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS LLC, and GENEVER HOLDINGSCORPORATION | Date Notice of Appeal Filed |
| | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ■ Civil Action | ☐ CPLR article 78 Proceeding | ■ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ■ Business Relationships | ■ Commercial | ■ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☑ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☑ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court | County: | New York |
|---|---|---|---|
| Dated: | 02/09/2022 | Entered: 02/09/2022 | |
| Judge (name in full): Hon. Barry Ostrager | | Index No.: 652077/2017 | |
| Stage: ☐ Interlocutory ☑ Final ☐ Post-Final | | Trial: ☐ Yes ☑ No   If Yes: ☐ Jury ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|
| Are any appeals arising in the same action or proceeding currently pending in the court?  ☑ Yes ☐ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.
2021-00740
Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case: |

| Original Proceeding |
|---|
| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus   Date Filed: |
| Statute authorizing commencement of proceeding in the Appellate Division: |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|
| Description:  If an appeal, briefly describe the paper appealed from.  If the appeal is from an order, specify the relief requested and whether the motion was granted or denied.  If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding.  If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Defendant-Appellant Kwok Ho Wan is appealing the Decision and Orders in this action entered February 9, 2022 granting a final order of contempt pursuant to Judiciary Law § 753. |

Informational Statement - Civil

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

Without limiting the arguments that may be presented on appeal, Defendant-Appellant Kwok Ho Wan states: that the Decision and Orders were in error, should be reversed in their entirety, and the contempt proceedings must be dismissed. The Supreme Court Decision and Orders, inter alia, granted a final order of contempt that was not legally or factually supported by the record.  Even if the contempt finding was proper (it was not), the nature and the amount of the fine imposed was disproportionate, excessive, unauthorized by law, an abuse of discretion, and in violation of Defendant-Appellant's constitutional rights under the federal and state Constitutions.

## Party Information

Instructions:  Fill in the name of each party to the action or proceeding, one name per line.  If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any.  If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|---------------------------|
| 1 | Pacific Alliance Asia Opportunity Fund L.P. | Plaintiff | Respondent |
| 2 | Kwok Ho Wan | Defendant | Appellant |
| 3 | Genever Holdings LLC | Defendant | None |
| 4 | Genever Holdings Corporation | Defendant | None |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

INDEX NO. 652077/2017
NYSCEF DOC. NO. 1187
Case 22-01073j Doc 43-33 Filed 03/14/22 Entered 03/14/22 23:55:52 Exhibit 39 of
Pg 574 of 16
5 of 15
RECEIVED NYSCEF: 02/10/2022

## Attorney Information

**Instructions:** Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| Attorney/Firm Name: Stuart Sarnoff, O'Melveny & Myers LLP | | | |
|---|---|---|---|
| Address: 7 Times Square | | | |
| City: New York | State: New York | Zip: 10036 | Telephone No: 212-326-2000 |
| E-mail Address: ssarnoff@omm.com | | | |
| Attorney Type: ■ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): *1* | | | |

| Attorney/Firm Name: John Siegal, Baker & Hostetler LLP | | | |
|---|---|---|---|
| Address: 45 Rockefeller Center | | | |
| City: New York | State: New York | Zip: 10111 | Telephone No: 212-589-1400 |
| E-mail Address: jsiegal@baker1aw.com | | | |
| Attorney Type: ■ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): *2* | | | |

| Attorney/Firm Name: Aaron Mitchell, Lawall & Mitchell, LLC | | | |
|---|---|---|---|
| Address: 99 Church Street, 4th floor | | | |
| City: White Plains | State: New York | Zip: 10601 | Telephone No: 973-285-3280 |
| E-mail Address: aaron@lmesq.com | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): *3, 4* | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

| Attorney/Firm Name: | | | |
|---|---|---|---|
| Address: | | | |
| City: | State: | Zip: | Telephone No: |
| E-mail Address: | | | |
| Attorney Type: ☐ Retained ☐ Assigned ☐ Government ☐ Pro Se ☐ Pro Hac Vice | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | |

Informational Statement - Civil

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

PRESENT:   **HON. BARRY R. OSTRAGER**           PART        **IAS MOTION 61EFM**

_____Justice_____

-------------------------------------------------------------------------------X

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

                         Plaintiff,

             - v -

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN
GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a
WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a
HAOYUN GUO, GENEVER: HOLDINGS LLC, and
GENEVER HOLDINGS CORPORATION,

                       Defendants.

| INDEX NO. | 652077/2017 |
| --- | --- |
| MOTION DATE | |
| MOTION SEQ. NO. | 019 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

HON. BARRY R. OSTRAGER

      In this 2017 case with 1,180 docket entries – almost all of which involve defendant Kwok

Ho Wan's ("Kwok") efforts to avoid and deceive his creditors by parking his substantial personal

assets with a series of corporations, trusted confidants, and family members -- this Court is called

upon to determine whether the plaintiff, Pacific Alliance Asia Opportunity Fund L.P. ("PAX"),

has met the burden of establishing that the Court should enter a final Order of Civil Contempt

against Kwok.  For the reasons that follow, this Court is simultaneously issuing a final Order of

Civil Contempt.

      PAX secured a judgment against Kwok in the sum of $116,402,019.57 on February 3,

2021 (NYSCEF Doc. No. 716).  Thereafter, PAX undertook a year's long effort to enforce its

judgment by first identifying and then attempting to levy upon Kwok's assets in the United

States.  PAX encountered difficulty identifying assets over which Kwok exercised control

because Kwok, who is a self-declared multi-billionaire, had secreted his assets in a maze of

corporate entities and with family members.  This scheme has enabled Kwok to assert that he has

no assets despite his lavish lifestyle, which plaintiff has catalogued with material from social

media clippings, photographs and videotapes showing Kwok living large and boasting of his

wealth, expensive homes, private plane, and yacht. As noted in the transcript of proceedings of

February 2, 2022, this evidence is of little probative value, as the witnesses sponsoring this

evidence have no first-hand knowledge of the authenticity of this "evidence" other than that it is

accessible on various websites.

On February 2, 2022, this Court held an evidentiary hearing at which seven witnesses

submitted direct testimony by affidavit and were made available for cross-examination. The

hearing followed protracted proceedings by PAX to locate and levy upon assets owned by

defendant Kwok. Those proceedings established, among other things, that Kwok exercised

dominion and control over a yacht called the Lady May and resulted in a series of orders

restraining Kwok and/or the registered owners of the yacht called Lady May from removing the

Lady May from the Court's jurisdiction. The first such Order was issued on September 30,

2020, as described in detail *infra,* and was followed by an October 15, 2020 Order that restrained

"Mr. Kwok and/or the registered owners of . . . the yacht, the 'Lady May'" from leaving the

jurisdiction. (NYSCEF Doc. No. 630). As detailed *infra,* Kwok spent much of July, August and

September of 2020 on the Lady May. Contemporaneously with the proceedings resulting in the

September 30 and October 15, 2020 restraining Orders, Kwok and his cohorts made arrangement

for the Lady May to sail to Florida in early October 2020 and, thereafter, to the Bahamas. On

March 16, 2021, the Court issued a conditional order of civil contempt which directed that if

Kwok failed to return the Lady May to the jurisdiction of this Court by May 31, 2021, he would

be subject to a $500,000.00 fine for each day that the Lady May remained outside the jurisdiction

of this Court.

The Appellate Division, First Department, affirmed this Court's order holding Kwok in

conditional civil contempt, finding that "the daily fine of $500,000.00 was intended to strongly

encourage defendant to purge himself of the contempt, which, despite being permitted to

accomplish, he has shown no interest in doing. . .”  NYSCEF Doc. No. 953, 199 AD3d 423

(2021).  The Appellate Division further held:

> The motion court acted within its discretion in holding defendant in civil contempt, as
> plaintiff established by clear and convincing evidence that defendant violated a lawful,
> clear mandate of the court, of which he had knowledge, and that such violation resulted
> in prejudice to plaintiff's rights (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015];
> Judiciary Law § 753). …  The motion court is instructed to proceed with an evidentiary
> hearing to resolve a dispute as to ownership and control of the yacht, and to assess
> appropriate penalties.

Pursuant to the Appellate Division's Order, this Court scheduled the February 2, 2022

evidentiary hearing to resolve the issue of whether Kwok beneficially owns and controls the

yacht.  Kwok failed to testify at the February 2, 2022 hearing, having previously invoked his

Fifth Amendment right to decline to testify or respond to discovery requests relating to the Lady

May in response to PAX's asset discovery efforts.  PX 27, 28, 29, 30.[1]  This invocation of the

Fifth Amendment notwithstanding, Kwok is an active litigant in multiple fora and he has given

prior testimony in this and other proceedings.

Kwok also filed a complaint in this court captioned *Guo Wengui a/k/a Miles Kwok v*

*Hong Zeng*, 157025/2020, which references a blog post from Freebeacon.com dated September

8, 2017 in which Kwok complains about “several incidents involving *his* 152-foot motor yacht,

Lady May...”  (Complaint ¶ 8, NYSCEF Doc. No. 001) (“the Zeng Complaint”).  The Zeng

Complaint describes Kwok as an “outspoken critic of the CCP” who has gone to great “lengths

to expose the rampant corruption within the CCP and the Chinese government.”  The

*Washington Post* reported that a former advisor to President Trump, Steve Bannon, was arrested

in 2020 while on board the Lady May, and described Mr. Bannon as a friend and business

---

[1] “PX” refers to Plaintiff's Trial Exhibits.

associate of Kwok, "a vocal online critic of the Chinese government who was once close with that country's intelligence service but is now wanted by authorities in Beijing on charges of fraud, blackmail and bribery." Other news outlets have reported that Mr. Bannon utilized Kwok's private jet on more than one occasion to travel to political rallies.

The testimony adduced at the hearing out of the mouths of defendants' witnesses clearly and convincingly demonstrated that Kwok beneficially owns and controls the Lady May and has utter contempt for this Court and the judicial process.

Kwok once was the sole shareholder of Hong Kong Investments Limited ("HK International"). The testimony adduced at the hearing established that in 2014 Kwok transferred a 100% interest in HK International to one Qu Guo Jiao for no consideration. Ms. Qu was a trusted business associate of the Kwok family. Thereafter, Kwok fled China and on February 23, 2015, HK International purchased the Lady May for £ 28 million GBP. No testimony adduced at the hearing established the source of funds to purchase the Lady May, but the uncontradicted testimony of Kwok's daughter Mei Guo established that Ms. Qu did not provide the funds to purchase the yacht. Tr. 44.[2] Consequently, a reasonable inference is that Kwok provided the funds to HK International which were used to purchase the yacht. It is undisputed that Ms. Qu transferred the ownership of the Lady May to Kwok's daughter, Mei Guo, on or around June 17, 2017, for $1 or no consideration. Tr. 47. According to Ms. Guo's affidavit (NYSCEF Doc. No. 1162), Ms. Guo ultimately transferred ownership of the Lady May to the current title holder HK International Funds Investments (USA) Limited, LLC ("HK USA"). Ms. Guo further avers that she is the sole owner of HK USA, although all of the multi-million dollar annual expenses for the

---

[2] "Tr." refers to the transcript of the evidentiary hearing, efiled at NYSCEF Doc. No. 1179.

4

Lady May, including fuel, maintenance, and the captain and crew are paid by Golden Spring

(New York) Ltd. ("Golden Spring."), which is allegedly the Kwok family office.

At the hearing Ms. Guo testified that her brother had bought the Lady May for her. Tr.

46. The Court cannot credit this testimony as there is no evidence that Ms. Guo's brother was

involved with the corporate transactions leading to Ms. Guo's acquisition of the title to the yacht.

And, indeed, in response to a question from the Court, Ms. Guo acknowledged that her brother

was not involved in any of the transfers that occurred before she acquired the yacht. Tr. 47.

Other testimony adduced at the hearing established that Kwok was repeatedly on the

yacht every summer and that Ms. Guo was infrequently on the yacht. Trial Tr. 88:8-20. The

Lady May's captain testified that Kwok was aboard the yacht for a significant portion of the

months of July, August and September in 2020 and that this was consistent with his usual

practice in the summer. Trial Tr. 87:24-88:7. Subsequent to this Court's September 30, 2020

restraining Order, in October 2020 the Lady May was sent to Florida and then the Bahamas for

repairs and was subsequently dispatched to Italy in October 2021, purportedly at the direction of

Golden Spring. Ms. Guo acknowledged that she was aware of both this Court's September 30,

2020 restraining Order and this Court's subsequent March 16, 2021 Order directing that the Lady

May be returned to the Court's jurisdiction Tr. 55; 57-60; 62.

Ms. Guo testified that on the one hand, she directed the Lady May's itinerary but, on the

other hand, testified that security for Kwok was such a concern that there would be no

memorialization of any itinerary. Tr. 52. She further testified that when her father was on the

yacht unaccompanied by her he had the freedom to choose wherever he wanted to go. Tr. 50.

The fundamental issue, however, is who directed the yacht to be removed from this Court's

jurisdiction in October 2020. Ms. Guo claims that in early October 2020 she no longer wished to

use the yacht and relayed that instruction to Golden Spring which, in turn, relayed her directive

to the then captain of the ship, Captain Heaslop. Tr. 53.

Upon further questioning, Ms. Guo admitted that it was Golden Spring that advised her

that the yacht needed to be moved to a warmer place. Tr. 55. Ms. Guo then repeated her

retracted testimony that her brother had given her the yacht, and she stated that her brother is the

sole owner of Golden Spring. Tr. 56. This testimony is not credible given that on September 30,

2020 the Court entered a temporary restraining order restraining Kwok

> . . . from making or causing any sale, assignment, transfer, or interference with any
> property in which he has an interest, or from paying over or otherwise disposing of any
> debt now due or thereafter coming due to him, subject to the exceptions set forth in
> CPLR 5222 and in the ordinary course.

NYSCEF Doc. No. 591. Significantly, Captain Heaslop, the then Captain of the Lady May,

testified that Mr. Kwok told Captain Heaslop that Kwok would no longer be a guest on the Lady

May "a few days" before the Lady May departed for Florida in early October 2020 (and

apparently after the issuance of this Court's September 30, 2020 Order). Tr. 89. Captain

Heaslop also contradicted Ms. Guo's testimony that Ms. Guo gave Captain Heaslop instructions

about the yacht's movement. Tr. 94.

Ms. Guo also acknowledged having subsequently read the Court's March 16, 2021 Order

requiring the Lady May to be returned to the Court's jurisdiction by May 31, 2021 (NYSCEF

Doc. No. 728). She further acknowledged that she had discussed the Order with her lawyer

(whose services were paid for by Golden Spring) and that she had *ignored* the Order.

Russell Stockil, the Yacht Management Director for Yachtzoo SARL, testified that his

company had a management contract with HK USA dated May 2021 and that he communicated

with HK USA and Golden Spring, but never with Ms. Guo. Tr. 78. This was also the testimony

of successor Captain Momchil Ivanov. Tr. 82. In short, Ms. Guo's testimony that she owns and

controls the Lady May cannot be credited in any respect. Ms. Guo appears to be a woman in her

twenties, has introduced no evidence that she exercised dominion and control of the Lady May,

and provided no confirmation that she came into possession of the Lady May, other than as a

ruse to shield the Lady May from being levied upon by her father's creditors.

The machinations associated with the shell game Kwok has orchestrated with respect to

the Lady May are of a piece with every other evasive and contemptuous act Kwok has taken

during the five years this litigation has been pending, which is why there are 1,180 docket entries

in this case.

The Court has the authority to hold Kwok in civil contempt under Judiciary Law

§ 753—and "to punish [him], by fine and imprisonment"—where, as here, the Court "expressly

find[s] that [Kwok's] actions were calculated to or actually did defeat, impair, impede, or

prejudice the rights or remedies of a party to a civil proceeding." *Oppenheimer v. Oscar Shoes,*

*Inc.*, 111 A.D.2d 28, 28 (1st Dep't 1985) (citing N.Y. Judiciary Law § 753).   Section 753 sets

forth four requirements:

> [T]o find that contempt has occurred in a given case, it must be determined that
> [1] a lawful order of the court, clearly expressing an unequivocal mandate, was in
> effect. [2] It must appear, with reasonable certainty, that the order has been
> disobeyed . . . [3] Moreover, the party to be held in contempt must have had
> knowledge of the court's order, although it is not necessary that the order actually
> have been served upon the party . . . [4] Finally, prejudice to the right of a party to
> the litigation must be demonstrated.

*Fleetwood Fin. v Walter J. Dowd, Inc.*, 2016 WL 11546917, at *2 (N.Y. Sup. Ct. Sept. 14, 2016)

(citing *McCormick v Axelrod*, 59 N.Y.2d 574, 583, *amended*, 60 N.Y.2d 652 (1983)).   The

testimony adduced in this case satisfies each element of this standard.   Indeed, the Appellate

Division intimated as such.  *See Pacific Alliance Asia Opportunity Fund L.P.*, 199 A.D.3d 423

(1st Dep't 2021) ("[PAX has] established by clear and convincing evidence that [Kwok] violated

a lawful, clear mandate of the court, of which he had knowledge, and that such violation resulted in prejudice to plaintiff's rights. . .").

The extent of PAX's ongoing "prejudice" turns on whether PAX has demonstrated that it could ultimately levy on the Lady May to satisfy its now centi-million dollar judgment against Kwok. Under CPLR § 5225, "money or other personal property" is leviable where the debtor holds the requisite "interest." To satisfy this requirement, "[i]t is not necessary that the judgment debtor have legal title to the property; a beneficial interest is sufficient." Weinstein, Korn & Miller, New York Civil Practice: CPLR ¶ 5225.09. "A beneficial interest is '[a] right or expectancy in something . . . as opposed to legal title to that thing.'" *Peterson v. Islamic Rep. of Iran*, 2013 WL 1155576, at *30 (S.D.N.Y. Mar. 13, 2013) (citing Black's Law Dictionary, Interest (9th ed. 2009)). Kwok has much more than a beneficial interest in the Lady May. Not only does Kwok control the yacht, it appears he provided the funds to purchase it and he is the person who principally enjoys the use of the yacht.

The key factor is whether "the property benefitted [the beneficial owner] as if he had received the property directly." *Id*. (quoting *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 609 F.3d 111, 120 (2d Cir. 2010); *see also Gliklad v. Chernoi*, 129 A.D.3d 604 (1st Dep't 2015) (upholding rejection of the judgment debtor's contention that he no longer held an interest in property because he transferred his interest to his daughters); *Colfin Bulls Funding B, LLC v. Ampton Invs., Inc*., 112 N.Y.S.3d 868 (Table), at *2, 6 (N.Y. Sup. Ct. 2018) (granting judgment creditor's turnover motion notwithstanding judgment debtor's assertion that he transferred property to a corporation, because even if true, the evidence showed that he "retained control and/or an interest" in the property).

The evidence clearly and convincingly demonstrates that Kwok holds a beneficial

interest in and controls the Lady May. In the latter connection, the Court takes notice of the

filing of the Zeng case and draws an inference from all the record facts that Kwok has taken

extraordinary steps to shield the yacht from his creditors. Moreover, Kwok's "family office"

funds the yacht's day-to-day operations and maintenance.

The Court finds that Ms. Guo's testimony was not only internally inconsistent and

dissembling, but also significantly undermined by the testimony of Captains Heaslop and Ivanov

and Mr. Stockil, who stated that they have never taken yacht-related direction from Ms. Guo in

the four and-a-half years that she directly or indirectly held title to the yacht.

In addition, it is established New York law that a party's invocation of the Fifth

Amendment in a civil proceeding "may form the basis of an adverse factual inference." *DeBonis

v. Corbisiero*, 155 AD2d 299, 300 (1st Dep't 1989). An adverse inference may be applied

whenever a factual determination is necessary or permitted, including in the context of contempt

motions. *S.E.C. v. Durante*, No. 01 Civ. 9056 (DAB) (AJP), 2013 WL 6800226, at *10

(S.D.N.Y. Dec. 19, 2013), *aff'd*, 641 F. App'x 73 (2d Cir. 2016); *LiButti v. United States*, 107

F.3d 110, 120–25 (2d Cir. 1997).

Similarly, under the missing witness rule, "[a] trier of fact may draw the strongest

inference that the opposing evidence permits against a witness who fails to testify." *Crowder v.

Wells & Wells Equip., Inc.*, 11 A.D.3d 360, 361 (1st Dep't 2004) (applying adverse inference

where defendant who failed to appear "would be knowledgeable about a material issue raised by

the evidence").

PAX is entitled to an adverse inference under both of these avenues. Kwok has invoked

his Fifth Amendment right against self-incrimination in response to PAX's post-judgment

discovery, including in response to requests specifically about the Lady May. While Kwok

argues that an adverse inference is not appropriate here because "[o]nly after a threshold showing that a piece of evidence is authentic is a party obligated to respond to it," this contention fails of its own weight. PAX has proffered substantial admissible evidence that Kwok has the requisite beneficial interest in and control of the Lady May. *See People v. Primo*, 96 N.Y.2d 351, 753 N.E.2d 164 (2001) (explaining that evidence is probative if it "tends to prove the existence or non-existence of a material fact, *i.e.*, a fact directly at issue in the case").

As of February 7, 2022, the Lady May has remained outside the jurisdiction of the Court for 268 days. Based on the daily fine of $500,000 imposed by this Court and affirmed by the Appellate Division, the resultant fine would amount to $134,000,000.00, which is more than PAX's outstanding judgment of nearly $120 million and a multiple of the GBP £ 28 million purchase price of the Lady May. Nevertheless, if billionaire litigants can simultaneously seek to use Court process in New York and elsewhere in the United States while knowingly and intentionally violating Court orders, there is no rule of law. Kwok must remit $134,000,000.00 to PAX within five business days of the service of this Court's Order with Notice of Entry. The Court is prepared to exercise its full authority under Judiciary Law § 753 in the event the fine is not timely paid.

Dated: February 9, 2022

BARRY R. OSTRAGER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| APPLICATION: | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

# EXHIBIT 33

FILED: APPELLATE DIVISION - 1ST DEPT 02/15/2022 03:13 PM
2022-00609

FILED: APPELLATE DIVISION - 1ST DEPT 02/14/2022 02:37 PM
NYSCEF DOC. NO. 3                    RECEIVED NYSCEF: 02/15/2022

NYSCEF DOC. NO. 3                    RECEIVED NYSCEF: 02/14/2022

# SUMMARY STATEMENT ON APPLICATION FOR
# EXPEDITED SERVICE AND/OR INTERIM RELIEF

### (SUBMITTED BY MOVING PARTY)

Date: February 14, 2022

Case # 2022-00609;2022-00610

Title of Matter  Pacific Alliance Asia Opportunity Fund L.P.

Index/Indict/Docket # 652077/2017

v. Kwok Ho Wan, a/k/a, et al.

Appeal by Defendant from | Order ☑ Judgment ☐ Decree ☐ | of | Supreme ☑ Surrogate's ☐ Family ☐ | County New York

Court entered on Feb. 9, 20 2022

Name of Judge  Barry R. Ostrager

Notice of Appeal filed on Feb. 10, 20 22

If from  administrative determination, state agency

Nature of action or proceeding  Breach of Contract

Provisions of  ☑ order ☐ judgment ☐ decree  appealed from  All

This application by  appellant / respondent  is for  a stay of a contempt order pending appeal.

Defendant-Appellant seeks a stay prior to February 16, 2022, by which date he has been ordered to pay a $134,000,000 contempt fine to Plaintiff.

If applying for a stay, state reason why requested  The $134,000,000 contempt fine is excessive, disproportionate, and unconstitutional, and the motion court has invoked the prospect of imprisonment if it is not paid within five business days, i.e. by February 16, 2022.

Has any undertaking been posted  No.  If "yes", state amount and type

Has application been made to court below for this relief  No.  If "yes", state Disposition

Has there been any prior application here in this court  If "yes", state dates and nature

Has adversary been advised of this application  Yes.

Does he/she consent  No.

| Attorney for Movant | Attorney for Opposition |
|---|---|
| Name Ira Brad Matetsky and Jason T. Cohen | O'Melvany & Myers LLP |
| Address 360 Lexington Avenue | 7 Times Square |
| New York, New York 10017 | New York, New York 10036 |
| | 212-326-2000 |
| Tel. No. 212-365-3391 (cell); 2120922-9149 (office) | New York |
| Email imatetsky@ganfershore.com | |
| Appearing by Ira B. Matetsky | Stuart Sarnoff (ssarnoff@omm.com); 212-326-2293 |
| Jason T. Cohen (jcohen@ganfershore.com); 646-250-4141 | Anton Metlitsky (ametlitsky@omm.com); 212-316-2291 |
| Mark C. Zauderer (mzauderer@ganfershore.com); 917-331-7762 | |

------------------------------------------------------------
**(Do not write below this line)**

DISPOSITION

Appellant's application for a stay is denied.

February 15, 2022

Justice BEP                                    Date

Motion Date  2/28/22    Opposition  2/23    Reply  2/28  10am

EXPEDITE  ✓    PHONE ATTORNEYS _____  DECISION BY _____

ALL PAPERS TO BE SERVED PERSONALLY.

                                    EW
                                Court Attorney

"Revised 10/19"

# EXHIBIT 34

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

| | |
|---|---|
| Pacific Alliance Asia Opportunity Fund L.P., | Index No. 652077/2017 |
| Plaintiff, | Hon. Barry R. Ostrager |
| v. | |
| KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, GENEVER HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC, | |
| Defendants. | |

---

## SUGGESTION OF BANKRUPTCY

**PLEASE TAKE NOTICE** that, on February 15, 2022, Ho Wan Kwok (the

"**Debtor**"), a defendant in the above-captioned lawsuit, filed a voluntary petition for relief under

chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"),

with the United States Bankruptcy Court for the District of Connecticut (the "**Bankruptcy Court**").

A copy of the Debtor's voluntary petition is attached hereto as **Exhibit A**.  The Debtor's chapter 11

case is being administered in the Bankruptcy Court under case number 22-50073.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 362(a) of the

Bankruptcy Code, the Debtor's filing of his voluntary petition operates as a stay of, among other

things: (a) the commencement or continuation of all judicial, administrative, or other actions or

proceedings against the Debtor (i) that were or could have been commenced before the

commencement of the Debtor's chapter 11 case or (ii) to recover any claims against the Debtor that

arose before the commencement of the Debtor's chapter 11 case; (b) the enforcement, against

before the commencement of the Debtor's chapter 11 case; or (c) any act to obtain possession of

property of or from the Debtor's bankruptcy estate, or to exercise control over property of the

Debtor's bankruptcy estate.

This Suggestion of Bankruptcy is provided for informational purposes only, and does

not constitute an appearance or intent to appear in this proceeding by the undersigned.


Dated: February 15, 2022
New York, New York

                                        /s/ William R. Baldiga
                                        William R. Baldiga, Esq.
                                        Uriel Pinelo, Esq.
                                        Seven Times Square
                                        New York, NY  10036
                                        wbaldiga@brownrudnick.com
                                        upinelo@brownrudnick.com
                                        Telephone:  (212) 209-4800
                                        Facsimile:  (212) 209-4801

                                        *Proposed Counsel for Debtor*

**EXHIBIT A**

**Debtor's Voluntary Petition**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

District of Connecticut

Case number (*If known*): _____

Chapter you are filing under:

☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy    04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
|---|---|

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| 1. | **Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Ho Wan _____ First name _____ Middle name Kwok _____ Last name _____ Suffix (Sr., Jr., II, III) | _____ First name _____ Middle name _____ Last name _____ Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years** Include your married or maiden names. | Miles _____ First name _____ Middle name Kwok; Guo _____ Last name Wengui _____ First name _____ Middle name Guo _____ Last name | _____ First name _____ Middle name _____ Last name _____ First name _____ Middle name _____ Last name |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 9 5 9 5 OR 9 xx – xx – ____ ____ ____ ____ | xxx – xx – ____ ____ ____ ____ OR 9 xx – xx – ____ ____ ____ ____ |

| Debtor 1 | Ho Wan | | Kwok | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

|  | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

☑ I have not used any business names or EINs.

_____
Business name

_____
Business name

EIN ___ ___ – ___ ___ ___ ___ ___ ___ ___
EIN

EIN ___ ___ – ___ ___ ___ ___ ___ ___ ___
EIN

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

EIN ___ ___ – ___ ___ ___ ___ ___ ___ ___
EIN

EIN ___ ___ – ___ ___ ___ ___ ___ ___ ___
EIN

**5.** **Where you live**

c/o Golden Spring (New York) Ltd.
_____
Number       Street

162 East 64th Street
_____

New York                    NY      10065
_____
City                          State   ZIP Code

New York
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number       Street

_____
P.O. Box

_____
City                          State   ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number       Street

_____

_____
City                          State   ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number       Street

_____
P.O. Box

_____
City                          State   ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____
_____
_____
_____

| Debtor 1 | Ho Wan | | Kwok | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

---

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☑ Chapter 11

☐ Chapter 12

☐ Chapter 13

---

**8.** **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments**. If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes. | District _____ | When _____ | Case number _____ |
| | | MM / DD / YYYY | |
| | District _____ | When _____ | Case number _____ |
| | | MM / DD / YYYY | |
| | District _____ | When _____ | Case number _____ |
| | | MM / DD / YYYY | |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes. | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |
| | | MM / DD / YYYY | |
| | Debtor _____ | | Relationship to you _____ |
| | District _____ | When _____ | Case number, if known _____ |
| | | MM / DD / YYYY | |

---

**11.** **Do you rent your residence?**

☑ No. Go to line 12.

☐ Yes. Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

| Debtor 1 | Ho Wan | | Kwok | Case number *(if known)*_____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                                State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U. S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No.  I am not filing under Chapter 11.

☑ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.  I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| Debtor 1 | Ho Wan | | Kwok | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.   What is the hazard?   _____

    _____

    If immediate attention is needed, why is it needed?   _____

    _____

    Where is the property?   _____
    
    Number          Street

    _____

    _____
    City                              State        ZIP Code

FILED: NEW YORK COUNTY CLERK 02/15/2022 09:12 PM
INDEX NO. 652077/2017
NYSCEF DOC. NO. 1190
RECEIVED NYSCEF: 02/15/2022
Pg 174 of 12
9 of 11

| Debtor 1 | Ho Wan | | Kwok | | Case number *(if known)* |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 5:** Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | Ho Wan | | Kwok | | Case number *(if known)*_____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 6:**    **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.
Litigation expenses, claims, and judgments

---

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

    ☐ No
    ☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☑ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Part 7:**    **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✘ /s/ Ho Wan Kwok
Signature of Debtor 1

✘ _____
Signature of Debtor 2

Executed on 02/15/2022
    MM / DD / YYYY

Executed on _____
    MM / DD / YYYY

---

Official Form 101      Voluntary Petition for Individuals Filing for Bankruptcy      page 7

| Debtor 1 | Ho Wan | | Kwok | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✖ **/s/ William R. Baldiga** _____    Date   02/15/2022 _____
  Signature of Attorney for Debtor                        MM  /   DD / YYYY

  William R. Baldiga _____
  Printed name

  Brown Rudnick LLP _____
  Firm name

  7 Times Square _____
  Number    Street

  _____

  New York _____    NY ____    10036 _____
  City                                  State     ZIP Code

  Contact phone  (212) 209-4800 _____   Email address  wbaldiga@brownrudnick.com

  4813846 _____    NY ____
  Bar number                          State

---