# EXHIBIT PAX 19

April 30, 2021 Hearing Transcript, *PAX v. Kwok*,
Index. No. 652077/2017 (N.Y. Sup. Ct.), Dkt. 837

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok

VS. _____

PAX    EXHIBIT _____ 19 _____

DATE _____ IDEN.

DATE _5/25/2022 Admitted in Full_ EVID.

BY  P.E. _____

Deputy Clerk

AO 386-A

INDEX NO. 652077/2017
NYSCEF DOC. NO. 637    Case 22-50073    Doc 440-17    Filed 05/25/22    Entered 05/26/22 15:30:37    Page 2 of    RECEIVED NYSCEF: 06/03/2021
26

1

```
 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK: TRIAL TERM PART 61
 2    - - - - - - - - - - - - - - - - - - - - - X

 3    PACIFIC ALLIANCE ASIA OPPORTUNITY
      FUND L.P.,
 4
                          Plaintiff,
 5                                               INDEX NO.
           - against -                           652077/17
 6
      KWOK HO WAN, a/k/a KWOK Ho, aka GWO
 7    WEN GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI,
      a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a
 8    HAOYUN GUO, GENEVER HOLDINGS CORPORATION,
      and GENEVER HOLDINGS LLC,
 9
                          Defendants.
10
      - - - - - - - - - - - - - - - - - - - - - X
11                        60 Centre Street
                          New York, New York
12                        April 30, 2021
                          MICROSOFT TEAMS
13

14    BEFORE:

15         HONORABLE BARRY R. OSTRAGER,
                                          Justice
16

17    APPEARANCES:

18         O'MELVENY & MYERS LLP
           Attorneys for the Plaintiff
19         7 Times Square
           New York, New York  10046
20         BY:  EDWARD MOSS, ESQ.
                STUART ARANOFF, ESQ.
21
           BAKER & HOSTETLER LLP
22         Attorneys for Defendant Miles Kwok
           45 Rockefeller Plaza
23         New York, New York  10111
           BY:  JOHN SIEGAL, ESQ.
24              MELISSA CARVALHO, ESQ.

25
```

NYSCEF DOC. NO. 637          Case 22-50073    Doc 440-17    Filed 05/25/22    Entered 05/26/22 15:30:37    Page 3 of
26          RECEIVED NYSCEF: 06/03/2021

INDEX NO. 652077/2017

2

1

2  YANKWITT LLP
  Attorneys for Movant Yvette Wang
3  140 Grand Street - Suite 705
  White Plains, New York  10601
4  BY:  DANIEL S. ATLER, ESQ.

5

  LAWALL & MITCHELL LLC
6  Attorneys for Defendant Genever
  162 East 64th Street
7  New York, New York  10065
  BY:  AARON A. MITCHELL, ESQ.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23      Bonnie Piccirillo
     Official Court Reporter
24

25

   Bonnie Piccirillo - Official Court Reporter

Proceedings

1

2          THE COURT:  Good afternoon, everyone.  We have

3     Ms. Wang's motion to quash the judgment creditor's subpoena.

4     So, let me hear the movant.

5          MR. ALTER:  Thank you, your Honor.  May it please

6     the Court, my name is Daniel Alter of the Yankwitt Firm and

7     I'm representing Ms. Wang, as you noted.

8               I'd like to start if I may first with a preliminary

9     matter.

10              Apparently, in opposition to our motion, PAX, the

11    judgment creditor, has filed documents under seal and this

12    would appear to be in violation of your Honor's Rule 31.  We

13    have not had access to those documents.  I can't access them

14    off the docket.  I haven't seen those documents, and we

15    object to their filing, so I would ask that the Court strike

16    them from the record of this motion and that's my

17    preliminary request.

18              Your Honor, if I may continue, I would like to get

19    directly to the nub of the argument because I think this

20    boils down to some very straightforward principles.

21              The cases are very protective of non-parties'

22    financial information that are sought in connection with

23    judgment enforcement subpoenas.  You have the Carlyle and

24    the Stern cases in the First Department that make that

25    clear.  But, it's not even enough that a person is close to

Bonnie Piccirillo - Official Court Reporter

INDEX NO. 652077/2017
NYSCEF DOC. NO. 637   Case 22-50073   Doc 440-17   Filed 05/25/22   Entered 05/26/22 15:30:37   Page 5 of
26
RECEIVED NYSCEF: 06/03/2021

4

Proceedings

1    the judgment creditor to get passed that wall.  The Spruce

2    Interiors case, which was decided by the Supreme Court, New

3    York County, reiterated that principal that being close to

4    the judgment debtor is not enough of a rationale to require

5    response to a subpoena; but, nevertheless, required the

6    recipient of the subpoena, the third parties, to produce

7    financial documents because the subpoenaing party had

8    established a factual basis that superseded the general

9    rule.

10        And the factual basis there was that the creditor

11   had established that the third party had actually received

12   transfers from the debtor into its personal bank accounts;

13   and on that basis, they allowed -- the court allowed the

14   subpoenas to stand.

15        Your Honor, the question here is whether PAX has

16   established sufficient grounds to allow it to access

17   Ms. Wang's personal financial and other information through

18   a very broad-sweeping subpoena that it served upon banks,

19   law firms and I understand perhaps accounting firms and

20   other individuals.  We don't know the scope.

21        The problem of course here is that apart from the

22   blizzard of information that they have put into the record

23   that is not relevant to the question at issue and apart from

24   the very personal attacks that they have made against

25   Ms. Wang, they have provided not a shred of evidence to

Bonnie Piccirillo - Official Court Reporter

INDEX NO. 652077/2017
NYSCEF DOC. NO. 637    Case 22-50073    Doc 440-17    Filed 05/25/22    Entered 05/26/22 15:30:37    Page 6 of
26                                                                    RECEIVED NYSCEF: 06/03/2021

5

Proceedings

1    suggest that her personal financial accounts that are held,

2    maintained by third parties, would provide matter that is

3    relevant to the satisfaction of this judgment.

4         They at length make extensive accusations.  They

5    characterize Ms. Wang in very unflattering ways and point to

6    other proceedings, but they have not shown as Spruce

7    Interiors had in its record a single shred of actual

8    evidence that she received any kind of transfer, was in

9    possession of any of the debtors's personal property,

10    nothing.

11         So, it's not appropriate without that basis for PAX

12    to be really just dredging for Ms. Wang's personal financial

13    information.

14         Now, this could have been done correctly.  This is

15    unfortunate that PAX has decided to really pursue a kind of

16    scorched-earth policy because this could have been done

17    correctly and in accordance with a defined process that

18    could have resulted in a reasoned resolution if PAX had just

19    subpoenaed Ms. Wang herself.

20         She would have had whatever defenses she could have

21    put up.  She could have negotiated with regard to an

22    appropriate scope or what documents she could provide, but

23    we wouldn't be here fighting against an un-tolled number of

24    subpoenas seeking for information about her that has nothing

25    to do with the debtor or the debtor's property.

Bonnie Piccirillo - Official Court Reporter

Proceedings

1          It just seeks a blunderbuss request for all

2    information relating to her own bank accounts, any kind of

3    securities accounts and it goes on and on.  Her private

4    information that were connected to the bank and doing

5    know-your-client background information and it goes on and

6    on.  It is just inappropriate and it is all together

7    unnecessary.

8          So we request, your Honor, that you grant the

9    relief that Ms. Wang seeks which is to quash any requests

10    insofar as it seeks information about Ms. Wang and direct

11    PAX to withdraw those requests from the numerous subpoenas

12    that we're unaware of the identity.

13          If the Court has any questions, I rest for the rest

14    of my argument on the briefs that we've submitted, but I'd

15    be happy to answer any questions.

16          THE COURT:  Okay.  There is a test under CPLR 5223

17    that PAX has to satisfy.

18          MR. ALTER:  Correct, but I would say the test under

19    5223, as I understand it, is directed towards recipients,

20    direct recipients of subpoenas and I'm not sure that it

21    applies to PAX when it's going after third parties and the

22    information of third parties.

23          Section 5240 is a very broad protective measure to

24    protect parties and the courts from overreaching behavior.

25          This is not a circumstance where it is a subpoena

Bonnie Piccirillo - Official Court Reporter

INDEX NO. 652077/2017
NYSCEF DOC. NO. 637    Case 22-50073   Doc 440-17   Filed 05/25/22   Entered 05/26/22 15:30:37   Page 8 of
26   RECEIVED NYSCEF: 06/03/2021

7

Proceedings

1    to a party or even directly to a third party, but rather it

2    is one of these very broad-sweeping things that seeks to

3    catch up Ms. Wang in a subpoena looking for information

4    about 64 independent entities.

5        So, even if you were to look to the standard

6    that's -- that your Honor identified, I don't think PAX can

7    satisfy it.  Because, again, in the cases that I've cited,

8    the only way the courts would allow a creditor to subpoena a

9    third party for its personal financial records would be upon

10    a predicate showing that it was justified like a showing

11    that Ms. Wang had received actual transfers as in the Spruce

12    case.  They made no such showing.  This is all on

13    speculation and accusation.

14        THE COURT:  You agree that 5223 allows for broad

15    discovery in support of enforcing a judgment, including

16    taking discovery from third parties other than the judgment

17    debtor so long as it is relevant to the judgment debtor's

18    income or property?

19        MR. ALTER:  I agree that that's the standard

20    certainly stated, but I agree the cases decided under 5240

21    mold that standard as I've just described.

22        I don't think it's sufficient in a very

23    broad-sweeping way to say that something is potentially

24    relevant and thereby go into the personal information of

25    third parties.  I don't believe the cases -- respectfully,

Bonnie Piccirillo - Official Court Reporter

NYSCEF DOC. NO. 637
INDEX NO. 652077/2017
Case 22-50073   Doc 440-17   Filed 05/25/22   Entered 05/26/22 15:30:37   Page 9 of 26
RECEIVED NYSCEF: 06/03/2021

8

Proceedings

1      your Honor, I don't believe the cases support that.

2              THE COURT:  So, PAX would have to meet the burden

3      of showing that its subpoenas seek information relevant to

4      Mr. Kwok's income and/or property; correct?

5              MR. ALTER:  Yeah, I believe that they would have to

6      show in order to justify the subpoena that they have issued,

7      that Ms. Wang has received some kind of transfer that is

8      indicative of her having information and they haven't done

9      that.

10             THE COURT:  Well, that's what I'm going to hear

11     from Mr. Moss about.

12             MR. ALTER:  Very well your Honor, thank you.

13             MR. MOSS:  Thank you, your Honor.  Edward Moss for

14     PAX.

15             First on the sealing point, we actually raised the

16     sealing with Mr. Siegal and Ms. Carvalho because we were

17     going to be mentioning some information in Mr. Kwok's

18     document production and a tax return.  We actually just put

19     a number in and we conferred with Mr. Siegal.  We redacted

20     number, and we filed public versions with only that number

21     redacted.

22             And so, Mr. Alter, I apologize if you don't have

23     the papers, but we filed everything publicly except for that

24     number.

25             MR. ALTER:  Your Honor, that's where there's a

                Bonnie Piccirillo - Official Court Reporter

INDEX NO. 652077/2017
NYSCEF DOC. NO. 837    Case 22-50073    Doc 440-17    Filed 05/25/22    Entered 05/26/22 15:30:37    Page 10 of
26    RECEIVED NYSCEF: 06/03/2021

9

Proceedings

1    problem here.  I represent Ms. Kwok.  Mr. Siegal does not

2    represent Ms. Kwok.  He represents --

3         MR. MOSS:  Mr. Kwok --

4         MR. ALTER:   I'm sorry, you're right.  Mr. Siegal

5    represents Mr. Kwok.  I represent Ms. Wang.  I have an

6    interest, Ms. Wang has an interest in the development of the

7    record.

8         Notwithstanding the fact that you may have

9    conferred with Mr. Siegal whose motion this is not, you did

10   not confer with me and you did not seek by order to show

11   cause to have this document admitted, and we were not given

12   the opportunity to object to what is clearly extraneous

13   information to this particular motion.

14        So I think there's a good reason why the Court has

15   a rule that requires a motion by order to show cause so that

16   the interested parties have the ability to respond.

17        MR. MOSS:  It was one number, Judge.  It was

18   Mr. Kwok's confidential information so we asked Mr. Kwok if

19   he wanted to seal it.  We wouldn't have sealed it, but he

20   wanted us to so we did.  We can move on from that and let me

21   get to the merits here.

22        And before I get to the specifics of the

23   application and the financial information, I think we do

24   need to start with some context here about what's going on,

25   the big picture about why we're here which Mr. Alter

Bonnie Piccirillo - Official Court Reporter

Proceedings

1    studiously avoided.

2         Mr. Kwok has a $116-million judgment against him.

3    He has not posted an appeal bond.  He has not paid.  We

4    always knew he wasn't going to pay, which is why we asked

5    the Court for an attachment of the apartment at the

6    beginning of these proceedings.

7         But, your Honor, it's so much worse than we

8    thought, right?  Now he's saying he won't pay because the

9    lawyers on our side, my partner, Mr. Sarnoff, and me, the

10   lawyers on his side, David Boies he points to, and you,

11   Judge; we're all in cahoots with the communist party, the

12   Chinese communist party and that's why this case was entered

13   against him.

14        He's not going to pay us a dime.  And whether

15   Mr. Kwok really believes this or not, he's fighting like

16   crazy to make sure that we never get a dime, that my client

17   never gets a dime.  He is throwing up roadblocks everywhere.

18        Mr. Kwok says he has no assets.  He's now taken the

19   Fifth Amendment.  We subpoena one of his entities and a new

20   lawyer, Mr. Alter is one of them, and there are others, they

21   all show up everyday and say, Hey, it's not me.  I don't

22   represent Mr. Kwok.  I represent one of the entities.

23        We subpoenaed the entity that supposedly owns the

24   boat, that his daughter supposedly owns the entity.  He

25   writes me a nasty letter saying, What does this have to do

Bonnie Piccirillo - Official Court Reporter

Proceedings

1    with me?  I just represent Hong Kong International.

2             I mean, and then you have the lawyers who have been

3    here all along.  You have Mr. Mitchell representing Genever.

4    He's objecting to a subpoena that I didn't even serve him

5    with.  He sends me a note saying, I summarily object to your

6    transparent attempt, blah-blah-blah.  He never even received

7    the subpoena.

8             I mean, this is a circus, Judge, and it's pretty

9    rich here that Ms. Wang coming in and accusing my client of

10   abuse of process, miscarriage of justice, whatever other

11   hyperbole is in those papers, right.

12            The simple fact here, Judge, is we can't get

13   discovery.  If we can't get discovery from Mr. Kwok and his

14   closest associates and his entities, then we might as well

15   all go home because the man, himself, has told us that he

16   has no assets.  So we will all have wasted four years of our

17   lives.  We can all go to our houses, Mr. Kwok can go onto

18   his boat or his mansion and that will be the end of it;

19   right?

20            That can't be the right result here, Judge.

21            Turning to Ms. Wang, I actually think that this is

22   quite an easy issue, and I think your Honor hit it on the

23   head with the standard of CPLR 5223.  All matter relevant to

24   the satisfaction of the judgment.  It is a broad standard.

25   It is a generous standard, and I think we have it backwards.

Bonnie Piccirillo - Official Court Reporter

Proceedings

1           When a party moves to quash, that party bears the

2    burden of conclusively establishing that the subpoena is not

3    seeking relevant information.

4           That's the standard and so if it were our burden,

5    Judge -- and I'll get to the issue you wanted to address

6    right now.

7           Ms. Wang is Mr. Kwok's closest associate.  He

8    brought her here from China and he installed her as the CEO

9    of this fake company, Golden Spring, which is the company

10   that he admits in an affidavit he funded with his own money

11   and which Mr. Siegal and Ms. Carvalho admitted in a letter

12   to me pays all of his relevant legal expenses and other

13   expenses, all his personal expenses.  She's the CEO of that

14   entity.  We know about that entity so that entity probably

15   doesn't have any money anymore, but we're trying to find

16   out.

17          Ms. Wang is Mr. Kwok's spokesperson in court.  She

18   testified in this case falsely.  She testified in the

19   bankruptcy falsely.  She recently testified last week on

20   behalf of another entity Mr. Kwok says you're not going to

21   own called the Eastern Profit.

22          All of the testimony has been false in this case.

23   She's testified under oath there's a pledge of the

24   apartment.  Well, we found public documents showing that

25   pledge had been terminated; there was no pledge.

Bonnie Piccirillo - Official Court Reporter

Proceedings

1       She put in an affidavit telling your Honor Mr. Kwok

2   has an ownership interest in the apartment.  She testified a

3   couple months ago in front of the bankruptcy judge that

4   Mr. Kwok doesn't have any ownership interest in the

5   apartment.

6       In the Eastern Profit case, Judge Liman found that

7   she has very, very, very serious credibility issues.  She's

8   the one who has to make the showing, and there's no way that

9   she can make a showing with a self-serving affidavit, no

10  documentary evidence when she's a known perjurer, Judge.

11      I mean, we can't make a showing because they've

12  blocked us from all of the assets.  Mr. Kwok, I can't depose

13  him because he's taken the Fifth.  Last time I deposed him,

14  he started ranting about the communist party.  How am I

15  going to make a showing about what he has transferred in her

16  name when they're blocking the financial accounts?  They're

17  not speaking.  They're not giving us any information; and

18  when they have given information, they have been lying.  I

19  mean, it's a joke, Judge.  Like if we can't get this

20  information, then it's over.

21      So Ms. Wang's accounts are highly relevant to

22  satisfaction of the judgment.  The fact that we know that he

23  has these entities and we're now searching for these

24  entities, it's quite logical that he would have put the

25  money in personal account, right?

Bonnie Piccirillo - Official Court Reporter

INDEX NO. 652077/2017
NYSCEF DOC. NO. 837    Case 22-50073   Doc 440-17   Filed 05/25/22   Entered 05/26/22 15:30:37   Page 15 of
26                                                              RECEIVED NYSCEF: 06/03/2021

14

Proceedings

1           It is her burden to prove this and a self-serving

2    affidavit is not enough.  We are sensitive to the fact that

3    Ms. Wang is an individual person, and this is not the

4    typical subpoena; but it is not the typical case.  It is

5    unlike any case I've ever read, unlike any case I've ever

6    litigated.

7           Look, we'll treat the information as attorneys'

8    eyes only.  If there are no huge sums of money in her

9    accounts, fine; we'll rip up the pieces of paper and that

10   will be the end of it.  But if there are, then we're

11   entitled to seize the money if it's there.  She's a

12   translator.  She shouldn't have millions and millions of

13   dollars in her account.  We're entitled to seize the money;

14   and if we find more likely what will have happened the money

15   has already been transferred out and there are going to be

16   other accounts that we're going to have to follow up on, and

17   we've been doing that and doing that as these bank responses

18   come in, Judge.

19          It is a game of whack-a-mole.  I mean, it really

20   is.  There are new shell companies coming up everyday, and

21   Mr. Kwok wants us to play it with both hands tied behind our

22   back.

23          So I don't know if he's abandoning it or not, but

24   the second request here which Mr. Alter didn't address in

25   his argument is they want to quash the subpoenas totally as

Bonnie Piccirillo - Official Court Reporter

INDEX NO. 652077/2017
NYSCEF DOC. NO. 837    Case 22-50073    Doc 440-17    Filed 05/25/22    Entered 05/26/22 15:30:37    Page 16 of    RECEIVED NYSCEF: 06/03/2021
26

15

Proceedings

1    to every entity shell company and every associate.  Not just

2    Ms. Wang.  She, obviously, lacks standing to do that.  She

3    can't move to quash a subpoena that doesn't call for her

4    information and that information is relevant for the same

5    reasons that her information is relevant.

6         So, again, Judge, if we cannot get this

7    information, we're done.  Let's go home.  We know that's

8    what Mr. Kwok wants.  You don't have to take my word for it,

9    Judge.  You just have to watch his video where he says we're

10   never going to get a dime.

11        THE COURT:  Well, you may or may not get a dime.  I

12   don't need to hear anything more.

13        I don't believe that the judgment enforcement

14   subpoenas are seeking information unrelated to the judgment

15   debtor's assets.  I think the judgment debtor has made a

16   sufficient showing that Ms. Wang couldn't possibly have

17   millions of dollars that belong to her; and if these

18   subpoenas addressed to banks and security firms identify

19   huge sums of money, there's a reasonable inference based on

20   the totality of circumstances that I've been hearing about

21   for the last two years that the money doesn't belong to

22   Ms. Wang and does belong to Mr. Kwok.

23        So, I'm not going to quash the subpoenas; and I

24   rely upon you, Mr. Moss, as an officer of the court to -- as

25   you represented -- just rip up the information that's being

Bonnie Piccirillo - Official Court Reporter

Proceedings

1    provided to you for attorneys' eyes only if that information

2    is consistent with Mr. Alter's representation that none of

3    the money in Ms. Wang's account is traceable to Mr. Kwok.

4           And as far as your other efforts to locate

5    Mr. Kwok's assets, if it's a game of whack-a-mole, you're,

6    unfortunately, required to play it; but I'm not quashing the

7    subpoenas.

8           MR. ATLER:  Your Honor, one point of clarification.

9    I understand your Honor's directive.

10          Was the request to Mr. Moss about maintaining it

11   under attorneys' eyes only and destroying such documents

12   afterwards a directive of the court?  I just need for the

13   record to know whether that constitutes an order of the

14   court?

15          THE COURT:  That is the order of the court.

16          MR. ATLER:  Thank you, sir.

17          THE COURT:  If the documents that are produced

18   pursuant to the subpoena do not reflect sums of money or

19   securities that would be wildly disproportionate to any

20   assets that Ms. Wang could possibly have by reason of her

21   employment in the United States for the last six years, then

22   Mr. Moss is obligated to destroy the information that's

23   produced for attorneys' eyes only.

24          MR. MOSS:  Your Honor, can I make one

25   clarification?

Bonnie Piccirillo - Official Court Reporter

Proceedings

1           In the event that we identify transfers in and out

2      from accounts, other entities that Mr. Kwok owns or that we

3      believe he's affiliated with, can we before destroying the

4      documents, can we follow up on those accounts and try to

5      subpoena the banks to get information about those other

6      accounts?  That's part of this process.

7           THE COURT:  Well, you'll come back to the court.

8      I can't prejudge or predict what is going to be produced

9      pursuant to these subpoenas; and it is the case that

10     individuals in Mr. Kwok's orbit may have information or

11     funds that would properly be available for the judgment

12     creditor to seize subject, of course, to court approval upon

13     an appropriate showing.

14          MR. MOSS:  Thank you.  Thank you, your Honor.

15          May I raise one other related issue?  Do you have

16     one moment?

17          THE COURT:  Yes, you have the next hour.

18          MR. MOSS:   Oh, I don't think we'll need that,

19     Judge.

20          So we had filed a letter seeking to move to compel

21     production of Golden Spring's documents.  Mr. Alter is also

22     counsel for Golden Spring, and we have reached an impasse on

23     that.  We asked for permission.  He then wrote a letter

24     today seeking to cross-move to quash the Golden Spring's

25     subpoena.

Bonnie Piccirillo - Official Court Reporter

Proceedings

1      I think the issue there is that he wants to be able

2  to have the last word and write a reply brief, you know,

3  maybe because of what happened this time.

4      So I'm happy to proceed however the Court wants.

5  If you want three briefs or four briefs, I think we should

6  have the last word because it's our motion to compel because

7  they responded and objected to our subpoena and we sought

8  permission to move first; but I'm happy to proceed on the

9  briefing in whatever way the Court thinks would be most

10  efficient.

11      THE COURT:  I think what would be most efficient

12  would be for you and Mr. Alter to come to some kind of

13  consensual resolution.

14      As I understand your preliminary showing in support

15  of your application is that for some period of time Golden

16  Spring was the source of funds to support Mr. Kwok's lavish

17  lifestyle, including payments for the Sherry-Netherland

18  apartment that Mr. Kwok claims not to own and payments to

19  fund the operations of his yacht, which has been removed

20  from United States territorial waters in violation of a

21  court order.

22      And, if you both want to run up legal fees briefing

23  this as opposed to coming to some reasonable understanding

24  as to this issue, I'll deal with it in the fullness of time

25  just the way we dealt with Ms. Wang's issues without

Bonnie Piccirillo - Official Court Reporter

Proceedings

1      prejudging the outcome.

2              MR. MOSS:  Sure, Judge.  I just think the issue is

3      that a motion to compel and a motion to quash is going to

4      have six briefs and that seems silly when they're the same

5      issues.

6              MR. ATLER:  Yes, if I actually might be heard on

7      that since I had something to do with it.  I agree with the

8      judge entirely that it makes sense for us to discuss it.

9              Your assumption, again, that this has to do with

10     who gets the last brief is off the mark, and I'd be happy to

11     discuss with you a rational way for each of us to present

12     our respective arguments.  So, I'm not sure how this is

13     productive.

14             THE COURT:  I don't need six briefs or four briefs.

15     I just need Mr. Moss's best effort to make the case for

16     subpoenaing the records of this entity and for you,

17     Mr. Alter, to make your best case to quash any proposed

18     subpoena on this entity and then we'll have a Microsoft

19     Teams session.  I'll hear you, and then I'll decide; or you

20     might save your clients a lot of legal fees and time by

21     coming to some consensual understanding on this issue, but

22     if you can't that's what courts are for.

23             All right, have a nice day.  Order a copy of the

24     transcript.

25

Bonnie Piccirillo - Official Court Reporter

1

2

3                    **C E R T I F I C A T I O N**

4

5    INDEX NO. 652077/17

6

7                              - - -

8

9                    THIS IS HEREBY CERTIFIED TO BE A
                     TRUE AND CORRECT TRANSCRIPT.
10

11                   *Bonnie Piccirillo*

                     BONNIE PICCIRILLO
12                   OFFICIAL COURT REPORTER

13

14          SO ORDERED: June 3, 2021

15

16          *Barry Ostrager*
            _____
17          BARRY R. OSTRAGER, J.S.C.

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

BP

## 1

**10046** [1] - 1:19
**10065** [1] - 2:7
**10111** [1] - 1:23
**10601** [1] - 2:3
**116-million** [1] - 10:2
**140** [1] - 2:3
**162** [1] - 2:6

## 2

**2021** [1] - 1:12

## 3

**30** [1] - 1:12
**31** [1] - 3:12

## 4

**45** [1] - 1:22

## 5

**5223** [4] - 6:16, 6:19, 7:14, 11:23
**5240** [2] - 6:23, 7:20

## 6

**60** [1] - 1:11
**61** [1] - 1:1
**64** [1] - 7:4
**64th** [1] - 2:6
**652077/17** [1] - 1:5

## 7

**7** [1] - 1:19
**705** [1] - 2:3

## A

**a/k/a** [6] - 1:6, 1:7, 1:7
**AARON** [1] - 2:7
**abandoning** [1] - 14:23
**ability** [1] - 9:16
**able** [1] - 18:1
**abuse** [1] - 11:10
**access** [3] - 3:13, 4:16
**accordance** [1] - 5:17
**account** [3] - 13:25, 14:13, 16:3
**accounting** [1] - 4:19
**accounts** [11] - 4:12, 5:1, 6:2, 6:3, 13:16, 13:21, 14:9, 14:16, 17:2, 17:4, 17:6

**accusation** [1] - 7:13
**accusations** [1] - 5:4
**accusing** [1] - 11:9
**actual** [2] - 5:7, 7:11
**address** [2] - 12:5, 14:24
**addressed** [1] - 15:18
**admits** [1] - 12:10
**admitted** [2] - 9:11, 12:11
**affidavit** [4] - 12:10, 13:1, 13:9, 14:2
**affiliated** [1] - 17:3
**afternoon** [1] - 3:2
**afterwards** [1] - 16:12
**ago** [1] - 13:3
**agree** [4] - 7:14, 7:19, 7:20, 9:7
**aka** [1] - 1:6
**ALLIANCE** [1] - 1:3
**allow** [2] - 4:16, 7:8
**allowed** [2] - 4:13
**allows** [1] - 7:14
**ALTER** [7] - 3:5, 6:18, 7:19, 8:5, 8:12, 8:25, 9:4
**alter** [2] - 17:21, 18:12
**Alter** [6] - 3:6, 8:22, 9:25, 10:20, 14:24, 19:17
**alter's** [1] - 16:2
**Amendment** [1] - 10:19
**answer** [1] - 6:15
**apart** [2] - 4:21, 4:23
**apartment** [5] - 10:5, 12:24, 13:2, 13:5, 18:18
**apologize** [1] - 8:22
**appeal** [1] - 10:3
**appear** [1] - 3:12
**APPEARANCES** [1] - 1:17
**application** [2] - 9:23, 18:15
**applies** [1] - 6:21
**appropriate** [3] - 5:11, 5:22, 17:13
**approval** [1] - 17:12
**April** [1] - 1:12
**ARANOFF** [1] - 1:20
**argument** [3] - 3:19, 6:14, 14:25
**arguments** [1] - 19:12
**ASIA** [1] - 1:3
**assets** [6] - 10:18, 11:16, 13:12, 15:15, 16:5, 16:20
**associate** [2] - 12:7,

15:1
**associates** [1] - 11:14
**assumption** [1] - 19:9
**ATLER** [4] - 2:4, 16:8, 16:16, 19:6
**attachment** [1] - 10:5
**attacks** [1] - 4:24
**attempt** [1] - 11:6
**Attorneys** [4] - 1:18, 1:22, 2:2, 2:6
**attorneys'** [4] - 14:7, 16:1, 16:11, 16:23
**available** [1] - 17:11
**avoided** [1] - 10:1

## B

**background** [1] - 6:5
**backwards** [1] - 11:25
**BAKER** [1] - 1:21
**bank** [4] - 4:12, 6:2, 6:4, 14:17
**bankruptcy** [2] - 12:19, 13:3
**banks** [3] - 4:18, 15:18, 17:5
**BARRY** [1] - 1:15
**based** [1] - 15:19
**basis** [4] - 4:8, 4:10, 4:13, 5:11
**bears** [1] - 12:1
**BEFORE** [1] - 1:14
**beginning** [1] - 10:6
**behalf** [1] - 12:20
**behavior** [1] - 6:24
**behind** [1] - 14:21
**believes** [1] - 10:15
**belong** [3] - 15:17, 15:21, 15:22
**best** [2] - 19:15, 19:17
**big** [1] - 9:25
**blah** [3] - 11:6
**blah-blah-blah** [1] - 11:6
**blizzard** [1] - 4:22
**blocked** [1] - 13:12
**blocking** [1] - 13:16
**blunderbuss** [1] - 6:1
**boat** [2] - 10:24, 11:18
**Boies** [1] - 10:10
**boils** [1] - 3:20
**bond** [1] - 10:3
**Bonnie** [1] - 2:23
**brief** [2] - 18:2, 19:10
**briefing** [1] - 18:9, 18:22
**briefs** [6] - 6:14, 18:5, 19:4, 19:14
**broad** [6] - 4:18, 6:23,

7:2, 7:14, 7:23, 11:24
**broad-sweeping** [3] - 4:18, 7:2, 7:23
**brought** [1] - 12:8
**burden** [4] - 8:2, 12:2, 12:4, 14:1
**BY** [4] - 1:20, 1:23, 2:4, 2:7

## C

**cahoots** [1] - 10:11
**cannot** [1] - 15:6
**Carlyle** [1] - 3:23
**Carvalho** [2] - 8:16, 12:11
**CARVALHO** [1] - 1:24
**case** [12] - 4:2, 7:12, 10:12, 12:18, 12:22, 13:6, 14:4, 14:5, 17:9, 19:15, 19:17
**cases** [6] - 3:21, 3:24, 7:7, 7:20, 7:25, 8:1
**catch** [1] - 7:3
**Centre** [1] - 1:11
**CEO** [2] - 12:8, 12:13
**certainly** [1] - 7:20
**characterize** [1] - 5:5
**China** [1] - 12:8
**Chinese** [1] - 10:12
**circumstance** [1] - 6:25
**circumstances** [1] - 15:20
**circus** [1] - 11:8
**cited** [1] - 7:7
**claims** [1] - 18:18
**clarification** [2] - 16:8, 16:25
**clear** [1] - 3:25
**clearly** [1] - 9:12
**client** [3] - 6:5, 10:16, 11:9
**clients** [1] - 19:20
**close** [2] - 3:25, 4:3
**closest** [2] - 11:14, 12:7
**coming** [4] - 11:9, 14:20, 18:23, 19:21
**communist** [2] - 10:11, 10:12, 13:14
**companies** [1] - 14:20
**company** [3] - 12:9, 15:1
**compel** [3] - 17:20, 18:6, 19:3
**conclusively** [1] - 12:2
**confer** [1] - 9:10
**conferred** [2] - 8:19,

9:9
**confidential** [1] - 9:18
**connected** [1] - 6:4
**connection** [1] - 3:22
**consensual** [2] - 18:13, 19:21
**consistent** [1] - 16:2
**constitutes** [1] - 16:13
**context** [1] - 9:24
**continue** [1] - 3:18
**copy** [1] - 19:23
**CORPORATION** [1] - 1:8
**correct** [2] - 6:18, 8:4
**correctly** [2] - 5:14, 5:17
**counsel** [1] - 17:22
**County** [1] - 4:3
**COUNTY** [1] - 1:1
**couple** [1] - 13:3
**course** [2] - 4:21, 17:12
**Court** [9] - 2:23, 3:6, 3:15, 4:2, 6:13, 9:14, 10:5, 18:4, 18:9
**COURT** [13] - 1:1, 3:2, 6:16, 7:14, 8:2, 8:10, 15:11, 16:15, 16:17, 17:7, 17:17, 18:11, 19:14
**court** [4] - 4:13, 12:17, 15:24, 16:12, 16:14, 16:15, 17:7, 17:12, 18:21
**courts** [3] - 6:24, 7:8, 19:22
**CPLR** [2] - 6:16, 11:23
**crazy** [1] - 10:16
**credibility** [1] - 13:7
**creditor** [5] - 3:11, 4:1, 4:10, 7:8, 17:12
**creditor's** [1] - 3:3
**cross** [1] - 17:24
**cross-move** [1] - 17:24

## D

**DANIEL** [1] - 2:4
**Daniel** [1] - 3:6
**daughter** [1] - 10:24
**David** [1] - 10:10
**deal** [1] - 18:24
**dealt** [1] - 18:25
**debtor** [5] - 4:4, 4:12, 5:25, 7:17, 15:15
**debtor's** [3] - 5:25, 7:17, 15:15
**debtors's** [1] - 5:9
**decide** [1] - 19:19

INDEX NO. 652077/2017
NYSCEF DOC. NO. 837
Case 22-50073    Doc 440-17    Filed 05/25/22    Entered 05/26/22 15:30:37    Page 24 of 26
RECEIVED NYSCEF: 06/03/2021

2

**decided** [3] - 4:2, 5:15, 7:20
**Defendant** [2] - 1:22, 2:6
**Defendants** [1] - 1:9
**defenses** [1] - 5:20
**defined** [1] - 5:17
**Department** [1] - 3:24
**depose** [1] - 13:12
**deposed** [1] - 13:13
**described** [1] - 7:21
**destroy** [1] - 16:22
**destroying** [2] - 16:11, 17:3
**development** [1] - 9:6
**dime** [5] - 10:14, 10:16, 10:17, 15:10, 15:11
**direct** [2] - 6:10, 6:20
**directed** [1] - 6:19
**directive** [2] - 16:9, 16:12
**directly** [2] - 3:19, 7:1
**discovery** [4] - 7:15, 7:16, 11:13
**discuss** [2] - 19:8, 19:11
**disproportionate** [1] - 16:19
**docket** [1] - 3:14
**document** [2] - 8:18, 9:11
**documentary** [1] - 13:10
**documents** [10] - 3:11, 3:13, 3:14, 4:7, 5:22, 12:24, 16:11, 16:17, 17:4, 17:21
**dollars** [2] - 14:13, 15:17
**done** [4] - 5:14, 5:16, 8:8, 15:7
**down** [1] - 3:20
**dredging** [1] - 5:12

**E**

**earth** [1] - 5:16
**East** [1] - 2:6
**Eastern** [2] - 12:21, 13:6
**easy** [1] - 11:22
**Edward** [1] - 8:13
**EDWARD** [1] - 1:20
**efficient** [2] - 18:10, 18:11
**effort** [1] - 19:15
**efforts** [1] - 16:4
**employment** [1] - 16:21

**end** [2] - 11:18, 14:10
**enforcement** [2] - 3:23, 15:13
**enforcing** [1] - 7:15
**entered** [1] - 10:12
**entirely** [1] - 19:8
**entities** [7] - 7:4, 10:19, 10:22, 11:14, 13:23, 13:24, 17:2
**entitled** [2] - 14:11, 14:13
**entity** [9] - 10:23, 10:24, 12:14, 12:20, 15:1, 19:16, 19:18
**ESQ** [6] - 1:20, 1:20, 1:23, 1:24, 2:4, 2:7
**established** [2] - 4:8, 4:11, 4:16
**establishing** [1] - 12:2
**event** [1] - 17:1
**everyday** [2] - 10:21, 14:20
**everywhere** [1] - 10:17
**evidence** [3] - 4:25, 5:8, 13:10
**except** [1] - 8:23
**expenses** [3] - 12:12, 12:13
**extensive** [1] - 5:4
**extraneous** [1] - 9:12
**eyes** [4] - 14:8, 16:1, 16:11, 16:23

**F**

**fact** [4] - 9:8, 11:12, 13:22, 14:2
**factual** [2] - 4:8, 4:10
**fake** [1] - 12:9
**false** [1] - 12:22
**falsely** [2] - 12:18, 12:19
**far** [1] - 16:4
**fees** [2] - 18:22, 19:20
**Fifth** [2] - 10:19, 13:13
**fighting** [2] - 5:23, 10:15
**filed** [4] - 3:11, 8:20, 8:23, 17:20
**filing** [1] - 3:15
**financial** [8] - 3:22, 4:7, 4:17, 5:1, 5:12, 7:9, 9:23, 13:16
**fine** [1] - 14:9
**Firm** [1] - 3:6
**firms** [3] - 4:19, 15:18
**first** [3] - 3:8, 8:15, 18:8
**First** [1] - 3:24

**follow** [2] - 14:16, 17:4
**four** [3] - 11:16, 18:5, 19:14
**front** [1] - 13:3
**fullness** [1] - 18:24
**FUND** [1] - 1:3
**fund** [1] - 18:19
**funded** [1] - 12:10
**funds** [2] - 17:11, 18:16

**G**

**game** [2] - 14:19, 16:5
**general** [1] - 4:8
**generous** [1] - 11:25
**GENEVER** [2] - 1:8, 1:8
**Genever** [2] - 2:6, 11:3
**given** [2] - 9:11, 13:18
**Golden** [5] - 12:9, 17:21, 17:22, 17:24, 18:15
**Grand** [1] - 2:3
**grant** [1] - 6:8
**grounds** [1] - 4:16
**GUE** [1] - 1:7
**GUI** [2] - 1:7
**GUO** [3] - 1:7, 1:8
**GWO** [1] - 1:6

**H**

**hands** [1] - 14:21
**HAOYUN** [2] - 1:7, 1:8
**happy** [4] - 6:15, 18:4, 18:8, 19:10
**head** [1] - 11:23
**hear** [4] - 3:4, 8:10, 15:12, 19:19
**heard** [1] - 19:6
**hearing** [1] - 15:20
**held** [1] - 5:1
**herself** [1] - 5:19
**highly** [1] - 13:21
**himself** [1] - 11:15
**hit** [1] - 11:22
**HO** [1] - 1:6
**Ho** [1] - 1:6
**HOLDINGS** [2] - 1:8, 1:8
**home** [2] - 11:15, 15:7
**Hong** [1] - 11:1
**Honor** [15] - 3:5, 3:18, 4:15, 6:8, 7:6, 8:1, 8:12, 8:13, 8:25, 10:7, 11:22, 13:1, 16:8, 16:24, 17:14
**Honor's** [2] - 3:12, 16:9

**HONORABLE** [1] - 1:15
**HOSTETLER** [1] - 1:21
**hour** [1] - 17:17
**houses** [1] - 11:17
**huge** [2] - 14:8, 15:19
**hyperbole** [1] - 11:11

**I**

**identified** [1] - 7:6
**identify** [2] - 15:18, 17:1
**identity** [1] - 6:12
**impasse** [1] - 17:22
**inappropriate** [1] - 6:6
**including** [2] - 7:15, 18:17
**income** [2] - 7:18, 8:4
**independent** [1] - 7:4
**INDEX** [1] - 1:5
**indicative** [1] - 8:8
**individual** [1] - 14:3
**individuals** [2] - 4:20, 17:10
**inference** [1] - 15:19
**information** [33] - 3:22, 4:17, 4:22, 5:13, 5:24, 6:2, 6:4, 6:5, 6:10, 6:22, 7:3, 7:24, 8:3, 8:8, 8:17, 9:13, 9:18, 9:23, 12:3, 13:17, 13:18, 13:20, 14:7, 15:4, 15:5, 15:7, 15:14, 15:25, 16:1, 16:22, 17:5, 17:10
**insofar** [1] - 6:10
**installed** [1] - 12:8
**interest** [4] - 9:6, 13:2, 13:4
**interested** [1] - 9:16
**Interiors** [2] - 4:2, 5:7
**International** [1] - 11:1
**issue** [8] - 4:23, 11:22, 12:5, 17:15, 18:1, 18:24, 19:2, 19:21
**issued** [1] - 8:6
**issues** [3] - 13:7, 18:25, 19:5

**J**

**JOHN** [1] - 1:23
**joke** [1] - 13:19
**Judge** [14] - 9:17, 10:11, 11:8, 11:12, 11:20, 12:5, 13:6,

13:10, 13:19, 14:18, 15:6, 15:9, 17:19, 19:2
**judge** [2] - 13:3, 19:8
**judgment** [16] - 3:3, 3:11, 3:23, 4:1, 4:4, 5:3, 7:15, 7:16, 7:17, 10:2, 11:24, 13:22, 15:13, 15:14, 15:15, 17:11
**justice** [1] - 11:10
**Justice** [1] - 1:15
**justified** [1] - 7:10
**justify** [1] - 8:6

**K**

**kind** [5] - 5:8, 5:15, 6:2, 8:7, 18:12
**know-your-client** [1] - 6:5
**known** [1] - 13:10
**Kong** [1] - 11:1
**KWOK** [3] - 1:6, 1:7
**Kwok** [22] - 1:22, 9:1, 9:2, 9:3, 9:5, 9:18, 10:2, 10:15, 10:18, 10:22, 11:13, 11:17, 12:20, 13:1, 13:4, 13:12, 14:21, 15:8, 15:22, 16:3, 17:2, 18:18
**Kwok's** [8] - 8:4, 8:17, 9:18, 12:7, 12:17, 16:5, 17:10, 18:16

**L**

**L.P** [1] - 1:3
**lacks** [1] - 15:2
**last** [7] - 12:19, 13:13, 15:21, 16:21, 18:2, 18:6, 19:10
**lavish** [1] - 18:16
**law** [1] - 4:19
**LAWALL** [1] - 2:5
**lawyer** [1] - 10:20
**lawyers** [3] - 10:9, 10:10, 11:2
**legal** [3] - 12:12, 18:22, 19:20
**length** [1] - 5:4
**letter** [4] - 10:25, 12:11, 17:20, 17:23
**lifestyle** [1] - 18:17
**likely** [1] - 14:14
**Liman** [1] - 13:6
**litigated** [1] - 14:6
**lives** [1] - 11:17
**LLC** [2] - 1:8, 2:5

BP

LLP [3] - 1:18, 1:21, 2:2
locate [1] - 16:4
logical [1] - 13:24
look [2] - 7:5, 14:7
looking [1] - 7:3
lying [1] - 13:18

**M**

maintained [1] - 5:2
maintaining [1] - 16:10
man [1] - 11:15
mansion [1] - 11:18
mark [1] - 19:10
matter [3] - 3:9, 5:2, 11:23
mean [5] - 11:2, 11:8, 13:11, 13:19, 14:19
measure [1] - 6:23
meet [1] - 8:2
MELISSA [1] - 1:24
mentioning [1] - 8:17
merits [1] - 9:21
Microsoft [1] - 19:18
MICROSOFT [1] - 1:12
might [3] - 11:14, 19:6, 19:20
Miles [1] - 1:22
MILES [1] - 1:7
millions [3] - 14:12, 15:17
miscarriage [1] - 11:10
MITCHELL [2] - 2:5, 2:7
Mitchell [1] - 11:3
mold [1] - 7:21
mole [2] - 14:19, 16:5
moment [1] - 17:16
money [11] - 12:10, 12:15, 13:25, 14:8, 14:11, 14:13, 14:14, 15:19, 15:21, 16:3, 16:18
months [1] - 13:3
MOSS [8] - 1:20, 8:13, 9:3, 9:17, 16:24, 17:14, 17:18, 19:2
Moss [5] - 8:11, 8:13, 15:24, 16:10, 16:22
Moss's [1] - 19:15
most [2] - 18:9, 18:11
motion [9] - 3:3, 3:10, 3:16, 9:9, 9:13, 9:15, 18:6, 19:3
Movant [1] - 2:2
movant [1] - 3:4

move [5] - 9:20, 15:3, 17:20, 17:24, 18:8
moves [1] - 12:1
MR [17] - 3:5, 6:18, 7:19, 8:5, 8:12, 8:13, 8:25, 9:3, 9:4, 9:17, 16:8, 16:16, 16:24, 17:14, 17:18, 19:2, 19:6
MYERS [1] - 1:18

**N**

name [2] - 3:6, 13:16
nasty [1] - 10:25
need [6] - 9:24, 15:12, 16:12, 17:18, 19:14, 19:15
negotiated [1] - 5:21
Netherland [1] - 18:17
never [4] - 10:16, 10:17, 11:6, 15:10
nevertheless [1] - 4:5
NEW [2] - 1:1, 1:1
new [2] - 10:19, 14:20
New [10] - 1:11, 1:19, 1:23, 2:3, 2:7, 4:2
next [1] - 17:11
nice [1] - 19:23
NO [1] - 1:5
non [1] - 3:21
non-parties' [1] - 3:21
none [1] - 16:2
note [1] - 11:5
noted [1] - 3:7
nothing [2] - 5:10, 5:24
notwithstanding [1] - 9:8
nub [1] - 3:19
number [6] - 5:23, 8:19, 8:20, 8:24, 9:17
numerous [1] - 6:11

**O**

O'MELVENEY [1] - 1:18
oath [1] - 12:23
object [3] - 3:15, 9:12, 11:5
objected [1] - 18:7
objecting [1] - 11:4
obligated [1] - 16:22
obviously [1] - 15:2
OF [1] - 1:1, 1:1
officer [1] - 15:24
Official [1] - 2:23
one [10] - 7:2, 9:17,

10:19, 10:20, 10:22, 13:8, 16:8, 16:24, 17:15, 17:16
operations [1] - 18:19
opportunity [1] - 9:12
OPPORTUNITY [1] - 1:3
opposed [1] - 18:23
opposition [1] - 3:10
orbit [1] - 17:10
order [7] - 8:6, 9:10, 9:15, 16:13, 16:15, 18:21, 19:23
OSTRAGER [1] - 1:15
outcome [1] - 19:1
overreaching [1] - 6:24
own [4] - 6:2, 12:10, 12:21, 18:18
ownership [2] - 13:2, 13:4
owns [3] - 10:23, 10:24, 17:2

**P**

PACIFIC [1] - 1:3
paid [1] - 10:3
paper [1] - 14:9
papers [2] - 8:23, 11:11
part [1] - 17:6
PART [1] - 1:1
particular [1] - 9:13
parties [8] - 4:6, 5:2, 6:21, 6:22, 6:24, 7:16, 7:25, 9:16
parties' [1] - 3:21
partner [1] - 10:9
party [10] - 4:7, 4:11, 7:1, 7:9, 10:11, 10:12, 12:1, 13:14
passed [1] - 4:1
PAX [11] - 3:10, 4:15, 5:11, 5:15, 5:18, 6:11, 6:17, 6:21, 7:6, 8:2, 8:14
pay [3] - 10:4, 10:8, 10:14
payments [2] - 18:17, 18:18
pays [1] - 12:12
perhaps [1] - 4:19
period [1] - 18:15
perjurer [1] - 13:10
permission [2] - 17:23, 18:8
person [2] - 3:25, 14:3
personal [10] - 4:12, 4:17, 4:24, 5:1, 5:9,

5:12, 7:9, 7:24, 12:13, 13:25
Piccirillo [1] - 2:23
picture [1] - 9:25
pieces [1] - 14:9
Plains [1] - 2:3
Plaintiff [2] - 1:4, 1:18
play [2] - 14:21, 16:6
Plaza [1] - 1:22
pledge [3] - 12:23, 12:25
point [3] - 5:5, 8:15, 16:8
points [1] - 10:10
policy [1] - 5:16
possession [1] - 5:9
possibly [2] - 15:16, 16:20
posted [1] - 10:3
potentially [1] - 7:23
predicate [1] - 7:10
predict [1] - 17:8
prejudge [1] - 17:8
prejudging [1] - 19:1
preliminary [3] - 3:8, 3:17, 18:14
present [1] - 19:11
pretty [1] - 11:8
principal [1] - 4:3
principles [1] - 3:20
private [1] - 6:3
problem [2] - 4:21, 9:1
proceed [2] - 18:4, 18:8
proceedings [2] - 5:6, 10:6
process [3] - 5:17, 11:10, 17:6
produce [1] - 4:6
produced [3] - 16:17, 16:23, 17:8
production [2] - 8:18, 17:21
productive [1] - 19:13
Profit [2] - 12:21, 13:6
properly [1] - 17:11
property [4] - 5:9, 5:25, 7:18, 8:4
proposed [1] - 19:17
protect [1] - 6:24
protective [2] - 3:21, 6:23
prove [1] - 14:1
provide [2] - 5:2, 5:22
provided [2] - 4:25, 16:1
public [2] - 8:20, 12:24
publicly [1] - 8:23

pursuant [2] - 16:18, 17:9
pursue [1] - 5:15
put [5] - 4:22, 5:21, 8:18, 13:1, 13:24

**Q**

quash [9] - 3:3, 6:9, 12:1, 14:25, 15:3, 15:23, 17:24, 19:3, 19:17
quashing [1] - 16:6
questions [2] - 6:13, 6:15
quite [2] - 11:22, 13:24

**R**

raise [1] - 17:15
raised [1] - 8:15
ranting [1] - 13:14
rather [1] - 7:1
rational [1] - 19:11
rationale [1] - 4:4
reached [1] - 17:22
read [1] - 14:5
really [4] - 5:12, 5:15, 10:15, 14:19
reason [2] - 9:14, 16:20
reasonable [2] - 15:19, 18:23
reasoned [1] - 5:18
reasons [1] - 15:5
received [5] - 4:11, 5:8, 7:11, 8:7, 11:6
recently [1] - 12:19
recipient [1] - 4:6
recipients [2] - 6:19, 6:20
record [5] - 3:16, 4:22, 5:7, 9:7, 16:13
records [2] - 7:9, 19:16
redacted [2] - 8:19, 8:21
reflect [1] - 16:18
regard [1] - 5:21
reiterated [1] - 4:3
related [1] - 17:15
relating [1] - 6:2
relevant [4] - 4:23, 5:3, 7:17, 7:24, 8:3, 11:23, 12:3, 12:12, 13:21, 15:4, 15:5
relief [1] - 6:9
rely [1] - 15:24
removed [1] - 18:19

reply [1] - 18:2
Reporter [1] - 2:23
represent [6] - 9:1, 9:2, 9:5, 10:22, 11:1
representation [1] - 16:2
represented [1] - 15:25
representing [2] - 3:7, 11:3
represents [2] - 9:2, 9:5
request [5] - 3:17, 6:1, 6:8, 14:24, 16:10
requests [2] - 6:9, 6:11
require [1] - 4:4
required [2] - 4:5, 16:6
requires [1] - 9:15
resolution [2] - 5:18, 18:13
respectfully [1] - 7:25
respective [1] - 19:12
respond [1] - 9:16
responded [1] - 18:7
response [1] - 4:5
responses [1] - 14:17
rest [2] - 6:13
result [1] - 11:20
resulted [1] - 5:18
return [1] - 8:18
rich [1] - 11:9
rip [2] - 14:9, 15:25
roadblocks [1] - 10:17
Rockefeller [1] - 1:22
rule [2] - 4:9, 9:15
Rule [1] - 3:12
run [1] - 18:22

S

Sarnoff [1] - 10:9
satisfaction [3] - 5:3, 11:24, 13:22
satisfy [2] - 6:17, 7:7
save [1] - 19:20
scope [2] - 4:20, 5:22
scorched [1] - 5:16
scorched-earth [1] - 5:16
seal [2] - 3:11, 9:19
sealed [1] - 9:19
sealing [2] - 8:15, 8:16
searching [1] - 13:23
second [1] - 14:24
section [1] - 6:23
securities [2] - 6:3, 16:19
security [1] - 15:18

seek [2] - 8:3, 9:10
seeking [5] - 5:24, 12:3, 15:14, 17:20, 17:24
seeks [4] - 6:1, 6:9, 6:10, 7:2
seize [3] - 14:11, 14:13, 17:12
self [2] - 13:9, 14:1
self-serving [2] - 13:9, 14:1
sends [1] - 11:5
sense [1] - 19:8
sensitive [1] - 14:2
serious [1] - 13:7
serve [1] - 11:4
served [1] - 4:18
serving [2] - 13:9, 14:1
session [1] - 19:19
shell [2] - 14:20, 15:1
Sherry [1] - 18:17
Sherry-Netherland [1] - 18:17
show [4] - 8:6, 9:10, 9:15, 10:21
showing [12] - 7:10, 7:12, 8:3, 12:24, 13:8, 13:9, 13:11, 13:15, 15:16, 17:13, 18:14
shown [1] - 5:6
shred [2] - 4:25, 5:7
side [2] - 10:9, 10:10
SIEGAL [1] - 1:23
Siegal [8] - 8:16, 8:19, 9:1, 9:4, 9:9, 12:11
silly [1] - 19:4
simple [1] - 11:12
single [1] - 5:7
six [3] - 16:21, 19:4, 19:14
sorry [1] - 9:4
sought [2] - 3:22, 18:7
source [1] - 18:16
speaking [1] - 13:17
specifics [1] - 9:22
speculation [1] - 7:13
spokesperson [1] - 12:17
Spring [3] - 12:9, 17:22, 18:16
Spring's [2] - 17:21, 17:24
Spruce [3] - 4:1, 5:6, 7:11
Square [1] - 1:19
stand [1] - 4:14
standard [7] - 7:5,

7:19, 7:21, 11:23, 11:24, 11:25, 12:4
standing [1] - 15:2
start [2] - 3:8, 9:24
started [1] - 13:14
STATE [1] - 1:1
States [2] - 16:21, 18:20
Stern [1] - 3:24
straightforward [1] - 3:20
Street [3] - 1:11, 2:3, 2:6
strike [1] - 3:15
STUART [1] - 1:20
studiously [1] - 10:1
subject [1] - 17:12
submitted [1] - 6:14
subpoena [19] - 3:3, 4:5, 4:6, 4:18, 6:25, 7:3, 7:8, 8:6, 10:19, 11:4, 11:7, 12:2, 14:4, 15:3, 16:18, 17:5, 17:25, 18:7, 19:18
subpoenaed [2] - 5:19, 10:23
subpoenaing [2] - 4:7, 17:16
subpoenas [12] - 3:23, 4:14, 5:24, 6:11, 6:20, 8:3, 14:25, 15:14, 15:18, 15:23, 16:7, 17:9
sufficient [3] - 4:16, 7:22, 15:16
suggest [1] - 5:1
Suite [1] - 2:3
summarily [1] - 11:5
sums [3] - 14:8, 15:19, 16:18
superseded [1] - 4:8
support [4] - 7:15, 8:1, 18:14, 18:16
supposedly [2] - 10:23, 10:24
SUPREME [1] - 1:1
Supreme [1] - 4:2
sweeping [2] - 4:18, 7:2, 7:23

T

tax [1] - 8:18
Teams [1] - 19:19
TEAMS [1] - 1:12
TERM [1] - 1:1
terminated [1] - 12:25
territorial [1] - 18:20
test [2] - 6:16, 6:18

testified [5] - 12:18, 12:19, 12:23, 13:2
testimony [1] - 12:22
THE [13] - 1:1, 3:2, 6:16, 7:14, 8:2, 8:10, 15:11, 16:15, 16:17, 17:7, 17:17, 18:11, 19:14
thereby [1] - 7:24
they've [1] - 13:11
thinks [1] - 18:9
third [9] - 4:6, 4:11, 5:2, 6:21, 6:22, 7:1, 7:9, 7:16, 7:25
three [1] - 18:5
throwing [1] - 10:17
tied [1] - 14:21
today [1] - 17:24
together [1] - 6:6
tolled [1] - 5:23
totality [1] - 15:20
totally [1] - 14:25
towards [1] - 6:19
traceable [1] - 16:3
transcript [1] - 19:24
transfer [2] - 5:8, 8:7
transferred [2] - 13:15, 14:15
transfers [3] - 4:12, 7:11, 17:1
translator [1] - 14:12
transparent [1] - 11:6
treat [1] - 14:7
TRIAL [1] - 1:1
try [1] - 17:4
trying [1] - 12:15
turning [1] - 11:21
two [1] - 15:21
typical [2] - 14:4

U

un-tolled [1] - 5:23
unaware [1] - 6:12
under [6] - 3:11, 6:16, 6:18, 7:20, 12:23, 16:11
unflattering [1] - 5:5
unfortunate [1] - 5:15
unfortunately [1] - 16:6
United [2] - 16:21, 18:20
unlike [2] - 14:5
unnecessary [1] - 6:7
unrelated [1] - 15:14
up [10] - 5:21, 7:3, 10:17, 10:21, 14:9, 14:16, 14:20, 15:25, 17:4, 18:22

V

versions [1] - 8:20
video [1] - 15:9
violation [2] - 3:12, 18:20

W

wall [1] - 4:1
WAN [2] - 1:6, 1:7
wang [1] - 15:22
Wang [20] - 2:2, 3:7, 4:25, 5:5, 5:19, 6:9, 6:10, 7:3, 7:11, 8:7, 9:5, 9:6, 11:9, 11:21, 12:7, 12:17, 14:3, 15:2, 15:16, 16:20
Wang's [6] - 3:3, 4:17, 5:12, 13:21, 16:3, 18:25
wants [4] - 14:21, 15:8, 18:1, 18:4
wasted [1] - 11:16
watch [1] - 15:9
waters [1] - 18:20
ways [1] - 5:5
week [1] - 12:19
WEN [2] - 1:7
WEN-GUI [1] - 1:7
WENGUI [1] - 1:7
whack [2] - 14:19, 16:5
whack-a-mole [2] - 14:19, 16:5
White [1] - 2:3
wildly [1] - 16:19
withdraw [1] - 6:11
word [3] - 15:8, 18:2, 18:6
worse [1] - 10:7
write [1] - 18:2
writes [1] - 10:25
wrote [1] - 17:23

Y

yacht [1] - 18:19
YANKWITT [1] - 2:2
Yankwitt [1] - 3:6
years [3] - 11:16, 15:21, 16:21
YORK [2] - 1:1, 1:1
York [10] - 1:11, 1:19, 1:23, 2:3, 2:7, 4:3
Yvette [1] - 2:2