# Exhibit UCC-9

# Order Authorizing Retention of Sotheby's International Realty as its Real Estate Broker and Sales Agent in In re Genever Holdings, LLC, Case No 20-12411 (JLG), United States Bankruptcy Court for the Southern District of New York, ECF No. 168

CASE NO. _____22-50073_____

IN RE: Ho Wan Kwok

VS. _____

UCC   EXHIBIT _____9_____

DATE _____ IDEN.

DATE _5/25/2022 Admitted in Full_ EVID.

BY _P.E._____

Deputy Clerk

AO 386-A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                    Chapter 11

Genever Holdings LLC,                                     Case No. 20-12411-JLG

                              Debtor.
-------------------------------------------------------------x

### ORDER AUTHORIZING DEBTOR'S RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS ITS REAL ESTATE BROKER AND SALES AGENT

Upon the application (the "Application") of Genever Holdings LLC (the "Debtor"), seeking authority to retain Sotheby's International Realty ("Sotheby's") as the Debtor's real estate broker and sales agent pursuant to 11 U.S.C. §§327(a), 328 and 363(b), and applicable Bankruptcy Rules, together with the Declaration submitted by Serena Boardman on behalf of Sotheby's (the "Boardman Declaration"); and the Court being satisfied that the retention of Sotheby's is a sound exercise of business judgment and otherwise in the best interests of the Debtor's estate; it is hereby

ORDERED, that the Debtor is authorized to retain Sotheby's ~~International Realty~~ **[JLG]**, as the Debtor's real estate broker and sales agent to market and sell its 18th floor apartment and auxiliary units at the Sherry Netherland Hotel, 781 Fifth Avenue, New York, NY (the "Residence") in accordance with the engagement agreement annexed to the Boardman Declaration as Exhibit "A" (the "Retention Agreement") retroactive to the date of the execution of the Retention Agreement; and it is further

ORDERED, that the commission set forth in the Retention Agreement of three (3%) percent of the total purchase price for a direct sale involving no cooperating broker and four (4%) of the total purchase price, with 2% commission paid to Ms. Boardman and 2% commission paid to a cooperating broker if there is a cooperating broker, is reasonable and is hereby approved; and it is further

ORDERED, that Sotheby's shall be entitled to payment of commissions and reimbursement of expenses pursuant to section 328(a) of the Bankruptcy Code and not any other standard, including section 330 of the Bankruptcy Code; provided however, that the United States Trustee (the "U.S. Trustee") and any other party in interest may review Sotheby's requested expenses pursuant to the standard of reasonableness provided for in section 330 of the Bankruptcy Code, and the Court retains jurisdiction to review Sotheby's requested expenses pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED, that the Debtor's application to approve a sale of the Residence shall include a request to pay Sotheby's agreed commissions and reimbursement of expenses at the closing on the sale of the Residence, and Sotheby's is not required to maintain time entries or file a separate fee application; and it is further

ORDERED, that in the event of any conflict between the Retention Agreement and this Order, this Order shall control; and it is further

ORDERED, the Court shall retain jurisdiction to hear and to determine all matters

relating to Sotheby's retention hereunder.

Dated: New York, NY
January 11, 2022

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.

No Objection:

UNITED STATES TRUSTEE
Region 2

By:     /s/Richard C. Morrissey
Richard C. Morrissey
12/13/2021