# Exhibit UCC-12

# PAX's Reply to the Defence of the First, Second, Third and Fourth Defendants and Defence to the Counterclaim of the Second and Fourth Defendants dated January 29, 2021 in Pacific Alliance Asia Opportunity Fund LP v. Genever Holdings Corp. et al, Claim No. BVIHCM 0137 of 2020 (Eastern Caribbean Supreme Court, Virgin Islands, Commercial Division)

CASE NO. 22-50073
IN RE: Ho Wan Kwok
VS.
UCC  EXHIBIT  12
DATE _____ IDEN.
DATE 5/25/2022 Admitted in Full  EVID.
BY P.E.
Deputy Clerk
AO 386-A

FILED
HIGH COURT
TERRITORY OF
THE VIRGIN ISLANDS

THE EASTERN CARIBBEAN SUPREME COURT

VIRGIN ISLANDS

IN THE HIGH COURT OF JUSTICE

COMMERCIAL DIVISION

**Submitted Date:29/01/2021 18:52**

**Filed Date:01/02/2021 08:30**

**Fees Paid:811.84**

Claim No BVIHCM 0137 of 2020

BETWEEN

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND LP

**Claimant**

and

GENEVER HOLDINGS CORP
BRAVO LUCK LIMITED
KWOK HO WAN (also known as MILES KWOK, HO WAN KWOK and GUO WEN GUI)
QIANG GUO (also known as QUO QIANG and MILESON KWOK)

**Defendants**

---

### REPLY TO THE DEFENCE OF THE FIRST, SECOND, THIRD AND FOURTH DEFENDANTS AND DEFENCE TO THE COUNTERCLAIM OF THE SECOND AND FOURTH DEFENDANTS

---

### REPLY

1  In this Reply and Defence to Counterclaim, the nomenclature and definitions within the Amended Statement of Claim are adopted.

2  Since the commencement of these proceedings:

(i)  On 18 December 2020 the NY Court entered judgment (the NY Judgment) against the Third Defendant (**Mr Kwok**) in the NY Proceedings in respect of his liability under the terms of the 2011 Guarantee in the sum of US$46,426,489.00 together with contractual interest accruing at the rate of 15 per cent per annum;

(ii)  The total sum payable under the NY Judgment stood at US$115,875,429 on 18 December 2020. In addition, interest at the

        rate of 9% per annum accrues upon the NY Judgment at the daily rate of US$28,572 from 18 December 2020.

3      The NY Judgment (and once entered, the Court's order arising from it) is a final and enforceable order of a Court of competent jurisdiction in proceedings which had jurisdiction over Mr Kwok and to whose jurisdiction Mr Kwok submitted.

4      Pursuant to §5044 Civil Practice Law Rules the NY Judgment is payable immediately upon the order arising from the NY Judgment being entered. Mr Kwok has failed to discharge his obligations under that Judgment, or any part of it.

5      On 15 October 2020 the NY Court held *"there's been a great deal of gamesmanship, a great deal of dissembling…"* and that *"Mr Kwok has attempted to mislead the Court. The Court believes that Mr Kwok is, as the Plaintiffs contend, playing a shell game with his assets and has violated if not the letter of court orders, the spirit of court orders."* The Claimant (**PAX**) takes specific issue with the Defendants' contention that Mr Kwok is not the true beneficial owner of:

    (i)    The Second Defendant (**Bravo Luck**), as alleged at paragraph 22 of Bravo Luck and the Fourth Defendant (**Mr Guo**)'s defence;

    (ii)    Hong Kong International Funds Investments Limited (**HKIFI**) as alleged at paragraph 14 and to the extent that this is the Defendants' case, HK International Funds Investments (USA) Limited, LLC (**HK International**);

    (iii)    Golden Spring (HK) Limited (**Golden Spring HK**) or Golden Spring (New York) Limited (**Golden Spring NK**) as alleged at paragraph 16(c), each being the family office of Mr Kwok.

6      PAX notes that Bravo Luck and Mr Guo allege:

    (i)    At paragraph 13(i) that Bravo Luck was an investment vehicle controlled by Mr Guo for his (otherwise unidentified) "family group," with the funds held from time to time by Bravo Luck in its account with UBS Hong Kong (the **UBS Account**) being pooled from the "family group."

    (ii)    At paragraph 14 that the funds used to acquire the Residence were transferred by Hong Kong International Funds Investment Limited (**HKIFI**) to Bravo Luck's UBS Account, and that an alleged (and illusive) Chinese prisoner named Mr Zhang Wei (**Mr Zhang**), supposedly a cousin of Mr Kwok by marriage, is the ultimate beneficial owner of HKIFI.

7    In fact, it is Mr Kwok that was the beneficial owner of HKIFI; or alternatively the beneficial owner of any funds channelled through HKIFI. Without prejudice to the generality of the matters set out in its Amended Statement of Claim, PAX notes that:

(i)    Mr Guo and his siblings have no independent source of income.

(ii)    Mr Kwok was the sole shareholder of HKIFI between at least 2007 and 10 October 2014 when he transferred the shares issued by HKIFI to his nominee and employee, Qu Guo Jiao (**Mr Qu**). Like Mr Kwok, Mr Qu is the subject of allegations by the prosecutorial authorities in Hong Kong in relation to his involvement in organised crime and money laundering.

(iii)    On 10 March 2014 HKIFI acquired legal title to the Lady May II (the **Lady May**), a US$28m yacht which Mr Kwok has claimed to be his own, and which he named after his daughter Guo Mei (**Mei**).

(iv)    Mr Kwok fled from justice in Hong Kong to the United States in late 2014 or early 2015. On 10 August 2017, the Lady May was shipped to Mr Kwok's custody by HKIFI to the United States, the importer being William Je (**Mr Je**) of Kingdom Rich Limited. Mr Kwok is or was a client of Mr Je, who in 2017 also became the client of record for a series of companies beneficially owned by Mr Kwok, including Bravo Luck. Mr Je is also associated with ACA Capital Investment Fund LP (**ACA**), a joint venture involving Mr Kwok.

(v)    On 27 June 2017 Mr Kwok's daughter, Guo Mei (**Mei**) was appointed to act as a director of HKIFI. Mei is also the nominee on behalf of Mr Kwok of a series of other entities beneficially owned by him, including Anton Developments Holding Limited and in the BVI, Allied Capital Global Limited, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Elite Well Global Limited, Globalist International Limited, Infinite Increase Limited, Infinitum Developments Ltd, Noble Frame Global Limited, Rosy Acme Ventures Limited and AAGV Limited (the **Mei Companies**).

(vi)    As with Bravo Luck, the Client of Record of the Registered Agent for each of the Mei Companies was, first, Stephenson Wong & Co, Mr Kwok's then solicitor, and then Mr Je.

(vii)    With PAX's summary judgment motion fast approaching in the NY action, legal title to the Lady May was transferred from HKIFI to HK International in April 2020 for no consideration. The "principal address" of HK International is that of Golden Spring NY, Mr Kwok's family office, as well as that of one of his New York attorneys. Mei

    also holds the shares issued by HK International, and she does so on trust for Mr Kwok.

(viii) On 22 June 2020 Annie Lai Chun Lau was appointed as the director and secretary of HKIFI, before then being dissolved on 3 July 2020. Ms Lau is or was an employee of China Golden Spring (HK) Ltd, the family office of which Mr Kwok is also the beneficial owner.

(ix) Inconsistently with any contention that Mr Kwok is not the true beneficial owner of HKIFI or HK International, Mr Kwok has repeatedly admitted that he is the owner of the Lady May. For example:

 (i) On 27 August 2017 Mr Kwok announced that "two years ago when I was in Miami, I signed the most important investment contract of my life… it all seems so meaningful" in relation to the acquisition of "*my* ship" (the Lady May).

 (ii) On 14 October 2017 Mr Kwok was filmed announcing that *"I bought this boat in 2014. After I had bought it, I had it shipped to Miami."*

 (iii) Mr Kwok has maintained in separate litigation in New York that *"pawns of the Chinese Communist Party…have attempted to stalk Mr Kwok on his yacht,"* and Mr Kwok has complained to the FBI of interference with the navigation systems on "his" yacht by the Chinese Communist Party.

 (iv) Mr Kwok was filmed giving instructions to sell the Lady May *"as fast as possible… sell it quickly without making a fuss or talking about it."*

 (v) At a hearing in the NY Court on 12 November 2020 Mr Kwok sought the permission of the Court to remove the Lady May from the territorial waters of the United States, despite the fact – unknown to the Court or to PAX – that he had already done so.

8 At paragraph 18 of his Defence, Mr Kwok asserts that Bravo Luck is an entity incorporated by Mr Guo, and Mr Guo asserts at paragraph 16(1) of his Defence that the Genever Entities were incorporated at the instigation of Mr Guo. These assertions represent a departure from Mr Kwok's previous evidence:

 (i) Given on 30 July 2018 that it was Mr Kwok and his attorneys that are the only persons with knowledge and information in relation to the incorporation of Genever BVI and Genever NY (the **Genever Entities**) or their assets;

  (ii) Given in October 2018, inconsistently with his earlier evidence, that it was Mr Zhang that arranged for the incorporation of Genever BVI.

9 PAX also notes that:

  (i) Mr Kwok has repeatedly admitted that he is and was the sole beneficial owner of the Residence.

  (ii) In his depositions in New York, Mr Kwok has said of Mr Zhang that he is a political prisoner, denied the basic freedoms and right to communicate with his lawyers, but also that it was Mr Zhang that gave instructions through his lawyers in relation to the purchase or sale of the Residence. The Defendants are accordingly put to strict proof as to:

    (i) the existence of the alleged Mr Zhang, and his whereabouts currently and at all relevant times,

    (ii) his ability to make a payment of US$150m to Bravo Luck,

    (iii) the allegation that he transferred the sum of US$150m to Bravo Luck, when, and the source of those alleged funds.

10 Bravo Luck and Mr Guo admit at paragraph 20(4) of their Defence that Mr Kwok was the registered holder of 50% of the shares issued by Bravo Luck after 26 January 2015. The Defendants are required to prove their contention that Mr Kwok ceased to hold 50% of the shares issued by Bravo Luck, whether on 12 May 2015 or at all, or validly or at all.

11 PAX notes that:

  (i) The alleged transfer of Mr Kwok's shareholding in Bravo Luck was not alleged or asserted in New York.

  (ii) Bravo Luck was struck off the register on 23 April 2019 and restored to the register on 7 October 2020.

  (iii) Between 1 May 2020 and 5 May 2020 PAX obtained a copy of the Register of Members for Bravo Luck then held by Vistra (BVI) Limited, which showed that Mr Kwok remained on that register, continuing to hold 50% of the shares issued by Bravo Luck;

  (iv) It was impossible for any transfer of Mr Kwok's shares in Bravo Luck to be transferred whilst Bravo Luck was struck off the register, and at any rate without the Register of Members being validly updated;

    (v)    Mr Guo produced to Harneys Corporate Services Limited (**HCSL**) as the newly appointed Registered Agent for Bravo Luck a falsified (or historic) copy of the Register of Members of Bravo Luck, intended to conceal Mr Kwok's shareholding in it. The purported removal of Mr Kwok from that register was invalid;

    (vi)    Mr Guo failed to produce to HCSL an Instrument of Transfer.

12    Save insofar as the same consists of admissions, PAX joins issue with the Defendants upon the contents of their respective defences. PAX repeats the contents of its Amended Statement of Claim.

### DEFENCE TO THE COUNTERCLAIM OF THE SECOND AND FOURTH DEFENDANTS

13    PAX repeats the contents of its Reply above.

14    In the premises, it is denied that:

    (i)    The shares issued by Bravo Luck are held on an express, implied or resulting trust for Mr Guo. To the contrary, they are held on an express, implied or resulting trust for Mr Kwok.

    (ii)    The shares issued by Genever BVI and Genever NY are held by the Third Defendant beneficially for Bravo Luck. To the contrary, the Purported Trust Deed is a false document, and a sham; alternatively, it is liable to be set aside as a fraud on Mr Kwok's creditors for the reasons pleaded within the Amended Statement of Claim.

15    The Second and Fourth Defendants are therefore not entitled to the relief sought, or any of it, whether for the reasons alleged or at all.

**CERTIFICATE OF TRUTH**

The Claimant believes the facts stated in this Reply and Defence to Counterclaim to be true. I am the Claimant's Legal Practitioner, and I sign this Certificate on its instructions in the absence of the Claimant's Director given time zone differences between the BVI and Hong Kong which make it impracticable for him to do so.

Dated this 29th day of January, 2021



_____

ANDREW WILLINS

FILED BY Andrew Willins of APPLEBY (BVI) Limited, Jayla Place, PO Box 3190, Road Town, Tortola, British Virgin Islands, VG1110. Legal Practitioner for the Claimant. Ref: AW.432766.0003.

Email: BVI-Litigation@applebyglobal.com

THE EASTERN CARIBBEAN SUPREME COURT
VIRGIN ISLANDS
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION

Claim No BVI HCM 0137 of 2020

BETWEEN

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND LP

                                                     **Claimant**

and

GENEVER HOLDINGS CORP

BRAVO LUCK LIMITED

KWOK HO WAN (also known as MILES KWOK, HO WAN KWOK and GUO WEN GUI)

QIANG GUO (also known as QUO QIANG and MILESON KWOK)

                                                     **Defendant**

---

**REPLY TO THE DEFENCE OF THE FIRST, SECOND, THIRD AND FOURTH DEFENDANTS AND DEFENCE TO THE COUNTERCLAIM OF THE SECOND AND FOURTH DEFENDANTS**

---

**APPLEBY**

Tel: +1 284 393 5323
Email: awillins@applebyglobal.com

Ref: AW. 432766.0003

33769868v1