**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
|  | : |  |
| HO WAN KWOK,[1] | : | Case No. 22-50073 (JAM) |
| Debtor. | : |  |
|  | : |  |

**REQUEST OF CREDITORS, RUI MA,**
**ZHENG WU, AND WEICAN MENG, FOR STATUS**
**CONFERENCE PURSUANT TO 11 U.S.C. § 105(d)**

Creditors, Rui Ma, Zheng Wu and Weican Meng (the "Individual Creditors"), hereby request that the Court schedule and hold a status conference to the extent the Court believes it necessary to better understand the Individual Creditors' position as set forth herein. At the evidentiary hearing relating to ECF Nos. 102 and 183 held on Wednesday, May 25th, the Court noted that while the matter was being taken under advisement, the Court was generally available to have a status conference on the matter.

While the Individual Creditors continue to believe this case has viable assets that can be marshalled by a Chapter 7 Trustee efficiently, based on the Court's concerns raised at the hearing respecting the types of claims involved in this case and limits in a Chapter 7 case, the Individual Creditors wish to clarify that they support the position of the Official Committee of Unsecured Creditors (the "Committee") stated in the Committee's Supplemental Memorandum of Law (ECF No. 408, at 8-9) and discussed between Committee Counsel and the Court at the end of the Hearing, to wit, to allow this case to continue in Chapter 11 briefly with a Chapter

---

[1] The above-named Debtor and Debtor in Possession, Ho Wan Kwok (the "**Debtor**" or "**Kwok**") is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

1

11 trustee to ascertain whether funding is available and whether a potential plan is viable (*i.e.*, with Chapter 11 trustee substituting in for Debtor in the pending adversary proceeding concerning a determination of ownership interests in the Lady May (Adv. Proc. No. 22-05003) and the merits of many claims handled after confirmation). That alternative would be an agreeable resolution for the Individual Creditors. As Attorney Goldman noted, if the Chapter 11 trustee finds in short order that funding or a plan is not feasible, the Chapter 11 trustee could make the independent determination that dismissal is indeed in the best interests of creditors. However, if the case is prematurely dismissed, such dismissal cannot be undone. Since the Individual Creditors' Supplemental Statement argued that they preferred Chapter 7, we wanted to inform/clarify for the Court that the Chapter 11 trustee is an alternative agreeable to the Individual Creditors.

**WHEREFORE**, the Individual Creditors respectfully request that the Court schedule and hold a status conference at its earliest convenience to the extent needed to clarify the Individual Creditors' position.

Dated: May 27, 2022

*/s/ Kristin B. Mayhew*
Kristin B. Mayhew-ct20896
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
kmayhew@mdmc-law.com

- and -

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**CALLARI PARTNERS LLC**
One Rockefeller Plaza, 10th Floor
New York, NY 10020

(212) 202-3050
ccallari@callaripartners.com
dforsh@callaripartners.com

*Attorneys for Rui Ma, Zheng Wu and Weican Meng*

## CERTIFICATE OF SERVICE

I, Kristin B. Mayhew, hereby certify that a true and accurate copy of the foregoing *Request of Creditors Rui Ma, Zheng Wu and Weican Meng for Status Conference Pursuant to 11 U.S.C. § 105(d)*, was filed with the Court on May 27, 2022. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/ Kristin B. Mayhew
    Kristin B. Mayhew

KBM/M1738/1001/1833204v2
05/27/22-HRT/KLW