# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | : Chapter 11 |
|     Ho Wan Kwok, | : Case No. 22-50073 |
|         Debtor.[1] | : |
| | : |
| Pacific Alliance Asia Opportunity Fund L.P., | : |
|         Movant | : |
| v. | : |
| Ho Wan Kwok, | : |
|         Respondent. | : |

## REQUEST OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR STATUS CONFERENCE PURSUANT TO 11 U.S.C. § 105(d)

The Official Committee of Unsecured Creditors (the "Committee") of the above-named Debtor and Debtor in Possession, Ho Wan Kwok ("Debtor"), hereby requests that the Court schedule and hold a status conference so the Court can be apprised of, and the parties have an opportunity to address, a clarification of the Committee's position as to what is in the best interests of creditors under 11 U.S.C. § 1112(b)(1), *viz.*, their current belief that the appointment of a chapter 11 trustee is just as acceptable an alternative as is conversion to chapter 7, to discuss how the Committee would envision such proceedings would work, and to apprise the Court of authority the Committee believes would support a dismissal of the case on the condition that

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

Committee professionals be paid their allowed fees and expenses, if the Court is of the view that dismissal is in the best interests of creditors.

More particularly, while the Committee continues to believe that this case could be administered under chapter 7 for the benefit of all creditors, the Committee appreciates the Court's concerns about the issues that would be confronted in a chapter 7 case and wishes to expressly advise the Court that an equally acceptable alternative for the Committee would be the appointment of a chapter 11 trustee, who would be given an opportunity to locate funding or special counsel and determine whether a viable plan can be negotiated. If a chapter 11 trustee determines that the case is not suitable to continue in chapter 11, he or she, as a neutral fiduciary, could then make the independent determination that dismissal is in the best interests of creditors and that the case should be dismissed. A dismissal of the case now, without that opportunity, cannot be reversed.

As for dismissal with conditions, if the Court is more inclined to dismiss the case at this juncture, in response to a question raised by the Court at the hearing, the Committee wishes to bring to the Court's attention the decision in *In re KG Winddown, LLC*, 628 B.R. 739 (Bankr. S.D.N.Y. 2021), which albeit approved a structured dismissal of a chapter 11 after a sale of the debtor's assets, does support the proposition that, as it observed, "[t]he Court [in *Jevic*] also noted that section 349(b) 'appears designed to give courts the flexibility to make the appropriate orders to protect rights acquired in reliance on the bankruptcy case'." *Id.* (quoting *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 984 (quoting H. R. Rep. No. 95-595, p. 338 (1977)). One such order would be to condition dismissal on payment of allowed professional fees of the Committee's professionals. No party has objected to the conditions on dismissal proposed by the Committee.

**WHEREFORE**, the Committee respectfully requests that the Court schedule and hold a status conference at its earliest convenience.

Dated: Bridgeport, Connecticut
       May 27, 2022

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By: */s/Irve J. Goldman*
Irve J. Goldman
Jonathan A. Kaplan
Pullman & Comley, LLC
850 Main Street, 8th Floor
PO Box 7006
Bridgeport, CT 06601-7006
(203) 330-2213
igoldman@pullcom.com

Its Attorneys

4

## CERTIFICATION OF SERVICE

    I, Irve J. Goldman, herby certify that on the 27th day of May, 2022, a true and correct copy of the foregoing Request of Official Committee of Unsecured Creditors for Status Conference Pursuant to 11 U.S.C. § 105(d) was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF").

                            By:    */s/Irve J. Goldman*