UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------------------X
: 
In re:                                                            : Chapter 11
                                                                  :
    Ho Wan Kwok,                                  : Case No. 22-50073 (JAM)
                                                                  :
                                                                  : Date:
               Debtor.[1]                  : Time:
                                                                  :
------------------------------------------------------------------X

**DEBTOR'S RESPONSE TO REQUESTS FOR ADDITIONAL ARGUMENT
AND UNTIMELY BRIEFING FILED BY THE COMMITTEE AND
THE INDIVIDUAL CREDITORS**

    Mr. Ho Wan Kwok, the debtor and debtor-in-possession ("Mr. Kwok" or the "Debtor") in the above-captioned chapter 11 case, by and through his undersigned counsel, hereby files this response to the filings titled the "Request of Official Committee of Unsecured Creditors For Status Conference Pursuant to 11 U.S.C. § 105(d) (the "Committee Reargument Request," Docket No. 444) and the Request Of Creditors, Rui Ma, Zheng Wu, And Weican Meng, For Status Conference Pursuant To 11 U.S.C. § 105(d) (the "Individual Creditor Reargument Request," Docket No. 443, and together with the Committee Reargument Request, the "Reargument Requests").

**RESPONSE**

    1.    Two days after the fully briefed Motion to Dismiss was argued, evidence was submitted, and the matter taken under submission, the Committee and the Individual Creditors filed coordinated papers that purport to be requests for a "status conference" but, in reality, are requests to re-argue the Motion to Dismiss, file unauthorized supplemental argument, and

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

misrepresent the record. The Reargument Requests should be denied, and Committee and Individual Creditors' efforts to take new positions, introduce new argument, and misrepresent the record should be stricken.

2. At the end of the hearing on the Motion to Dismiss, this Court closed the record and took the matter under submission. *See* May 25, 2022 H'rg Trans. 116:12-15 ("The hearing is concluded today there being no further evidence to be submitted or arguments to be made so, therefore, the clock starts to run as far as a decision on this motion to dismiss."); 117:8-9 ("I'm taking the motion to dismiss under advisement and I will rule accordingly.")

3. The Committee and the Individual Creditors appear to have seized upon this Court's statement that "if you have any other concerns or questions regarding the motion to dismiss, I am generally available for a conference"[2] as an invitation to reargue their case. They do not identify in their filings any new "concerns" or "questions" they have. Instead, they request a conference to purportedly "clarify" their position. *See* Committee Reargument Request at 1 (seeking "a status conference so the Court can be apprised of, and the parties have an opportunity to address, *a clarification of* the Committee's position … ") (emphasis added); Individual Creditor Reargument Request at 2 (seeking "a status conference at [the Court's] earliest convenience *to the extent needed to clarify the Individual Creditors' position*.") (emphasis added).

4. In their respective filings, the Committee and the Individual Creditors have identified nothing that has changed between the date of the hearing and the date of the Reargument Requests that would justify any need to "clarify" their positions. Nor have they identified any excusable neglect in failing to raise their arguments at the appropriate time, or

---

[2] May 25, 2022 H'rg Trans. 114:2-4.

made any effort to meet the legal requirements (identified in Paragraph 6 below) to reopen the record. They simply assert that they wish to have another bite at the apple, without providing any basis for such a request.

5.  The Committee goes further than merely requesting reargument. *First*, the Committee seeks to submit new authority and argument, after the close of evidence and the close of the hearing, in its request itself. *See* Committee Reargument Request at 2 (seeking to make new legal argument for the Committee's requested conditions on dismissal). The Committee offers no basis for submitting unauthorized post-trial briefing and why such authority, if relevant (it is not), could not have been included in its pre-trial papers. *Second*, the Committee affirmatively misrepresents the record by stating that "[n]o party has objected to the conditions on dismissal proposed by the Committee." *Id*. The U.S. Trustee specifically opposed conditions on dismissal. *See* May 25, 2022 H'rg Trans. 98:5-8 ("If the Court determines today that dismissal is the most appropriate relief, then this case should be dismissed immediately *and not conditioned on any event*, and nor should the dismissal be in conjunction with any event.") (emphasis added).

6.  This Court should not hold a status conference merely to provide the Committee and the Individual Creditors with a second bite at the apple and require a substantive response to their untimely submissions and argument when no explanation – let alone a valid one – for their failure to raise those issues at the hearing has been proffered.[3] A party seeking to reopen the record bears the burden to prove that (a) the need to reopen the record is not due to the party's own lack of diligence; (b) the extent to which reopening the record would prejudice the non-

---

[3] The Debtor has not substantively responded to the arguments set forth in the Reargument Requests because such arguments, to the extent not made at trial, were waived. To the extent that this Court grants the Reargument Requests, the Debtor reserves all rights to oppose those arguments on any ground.

movant; and (c) the interests of justice. *See John v. Sotheby's, Inc.*, 858 F. Supp. 1283, 1288 (S.D.N.Y. 1994), *aff'd*, 52 F.3d 312 (2d Cir. 1995); *see also Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (holding that a court must consider a party's explanation for its failure to comply with a scheduling order, and that an inadequate justification does not support changing deadlines).

7. Further, as the Reargument Requests themselves seek to introduce this new argument, misrepresent the record, and add new legal authority (rather than request authority to do so), the Court should strike the Reargument Requests to preserve the record. *See John v. Sotheby's, Inc.*, 858 F. Supp. 1283, 1288 (S.D.N.Y. 1994), *aff'd*, 52 F.3d 312 (2d Cir. 1995) (denying motion to reopen the record where movant failed to meet its burden to show each of the elements required to reopen the record); *see also Oliver v. New York State Police*, No. 115CV00444BKSDJS, 2020 WL 8614640, at *3 (N.D.N.Y. Mar. 13, 2020) (upholding magistrate judge's refusal to grant permission for party to reopen record to make new arguments and submit new documents); *In re Simms-Wilson,* 434 B.R. 452, 469 (Bankr. S.D. Tex. 2010) (striking post-trial briefing on damages as improper attempt to get a "second bite at the apple" to introduce new evidence and exceeded scope of court's briefing order). Neither party has made any effort whatsoever to justify the need to reopen the record, let alone met its heavy burden to demonstrate that the failure to submit these arguments was not due to its lack of diligence, that re-opening the record now would cause no prejudice, and that the interests of justice require it.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Reargument Requests as untimely and strike any argument therein.

Dated: May 31, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Jeffrey L. Jonas, Esq. (*pro hac vice*)
Attn: Bennett S. Silverberg, Esq. (*pro hac vice*)
Attn: Kenneth J. Aulet, Esq. (*pro hac vice*)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
       jjonas@brownrudnick.com
       bsilverberg@brownrudnick.com
       kaulet@brownrudnick.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Ho Wan Kwok, | : | Case No. 22-50073 |
| | : | |
| Debtor.[1] | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Kenneth J. Aulet, hereby certify that on the 31st day of May, 2022, the Debtor's Response To Requests For Additional Argument And Untimely Briefing Filed By The Committee And The Individual Creditors was sent by e-mail to all appearing parties by operation of the Court's electronic filing system

Dated: May 31, 2022

**BROWN RUDNICK LLP**

By: /s/ *Kenneth J. Aulet*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Jeffrey L. Jonas, Esq. (*pro hac vice*)
Attn: Bennett S. Silverberg, Esq. (*pro hac vice*)
Attn: Kenneth J. Aulet, Esq. (*pro hac vice*)

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.