Ning Ye, Esq.
135-11 38th Avenue, Suite 1A
Flushing, NY 11354
**Tel.: 718-308-6626;**
**Fax: 718-228-5816**
**Email: yeningusa@gmail.com**

# THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT, BRIDGEPORT DIVISION

In Re.:               ) Chapter 11 Petition
Ho Wan Kwok     ) File No.: 22-50073
Debto              ) Proof of Claim Motion for Sanction

# PROOF OF CLAIM AND MOTION FOR SANCTION

FILED
2022 JUN -1 A 10:31
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

# IN THE UNITED STATES BANKRUPTCY COURT

District of Connecticut, Bridgeport Division

| | | |
|---|---|---|
| In re. | ) | Chapter 11 |
| Ho Wan Kwok | ) | File No. 22-50073 |
| Debtor | ) | Proof of Claims and Motion for Sanctions |

## CREDITORS' PROOF OF CLAIMS AND MOTION FOR SANCTIONS*

Come now, three undersigned creditors, pro se, Ning Ye, Yan Zhao and Baosheng Guo, to respectfully submit to this Honorable Court, the following proof their claims (Copies thereof, Exhibit 1) jointly and respectively, and humbly move to this Honorable Court to impose sanctions against the Petitioner Ho Wan Kwok, aka, Wengui Guo, for his bankruptcy frauds metastasizing through out this Honorable Court, at such a magnitude of madness without any restraint.

Additionally, Debtor Kwok's mischief defrauding this Court and any courts of this nation he aggressively invaded and abused, vividly showcased an unprecedented corruptive pattern of behavior, with distinctive characteristics of Chinese totalitarian political subculture corroding the mainstream American legal culture. The entire U.S. judicial system has confronted with an unprecedented challenge of such poisonous alien spice culture invasion by such metastasizing Guo Wengui cells, which tend to corrode the integrity of this nation's judicial institution if not properly curbed. Therefore, these pro se creditors pray to this Honorable Court to refer this habitual liar to the U.S. Department of Justice for criminal prosecution in addition to civil penalty for the sake of mere survival of the integrity of this nation's judicial culture.

These three creditors were included in the name list of unsecured creditors is based upon an apparently frivolous civil action brough by Mr. Kwok with New York Supreme Court, namely, Wengui Guo (aka: Hao Wan Kwok) v. Gaosheng Guo, et al,(File #: 151251/2019) involving six(6) counts:(1) Extortion and attempted extortion (2)

---

*Most exhibits by paper submission are selected excerpts for paper reduction purpose. Complete court papers and 06/04/2019 Deposition used as exhibits as the database for citation, together with text-searchable PDF format of this Motion was reduced into a ~~USB~~ C D ~~memory stick~~ which may help the Court to transfer it into ECF docketing.

Fraud; (3)Conspiracy to commit Fraud (4) Breach of contract; (5) Breach of the duty of good faith and fair dealing, and (6)tortious interference with business relationship. (Complaint: Exhibit 6)   On June 17, 2020, the Honorable David B. Cohen, the Presiding Justice, dismissed count 1,2,3,5,6, five out of six counts, by merits, pursuant to New York CPLR 3211 (a)(7), leaving count 4 for further proceeding.  (Please see the Judge's 06/17/2020 Decision as Exhibit 2), upon Defendants' CPLR 3211 Motion to Dismiss. (Exhibit 3)  The Judge's 06/17/2020 Decision did not rule on these three Defendants' Counterclaims in their Answer with Affirmative Defenses and Counterclaims. (See Exhibit 4).  Consequently, Defendants' counterclaims remained intact.

As record shows, Mr. Kwok's count 4 in his frivolous lawsuit against these three undersigned, breach of contract, appears extremely weak and vulnerable, because he was unable to present to the Court either any proof of contract, agreement, pro forma, anything, not even a merchant memo transcribing any oral agreement between these asserted "contractors". Mr. Ye did not meet Mr. Kwok or his deputies, neither did he have any telecommunication such as telephone/email conversation, with him or with his associates, employees before he started his legal action.  Mr. Yan Zhao has never met him or his associates. Mr. Ye only met this individual in deposition and trial while representing several of his adversaries as Professor Yeliang Xia with U.S. District Court in the Eastern District of Virginia ending up with mixed outcome of mutual winning and losing, and now pending appeal in U.S. Court of Appeals for the 4th Circuit, and Mr. Xian Min Xiong who was sued for $100M in a separate New York Supreme Court case ending up settlement for zero penny.  Both of these meetings took place in adversary mood and well after the accrual of so-called "contractual relationship". It appears absurd to accuse these undersigned to have had a service/engagement contract with Debtor Kwok at the time under the circumstances. Therefore, after the State Court's 06/17/2020 Judgment, Defendants filed a Motion for Leave of the Court to File Amended Motion to Dismiss and the Amended Motion to Dismiss on March 23, 2022. (Exhibit 5)  That Motion is pending the Court's final disposition.

Therefore, These undersigned Creditors claim against Debtor Ho Wan Kwok is based upon their counterclaims, virtually, $12Millions+ each added with incidental damages for

Mr. Kwok's commission of such torts as of Defamation, Defamation per se, and RICO offenses against the Defendants/Counter Plaintiffs (Please refer to Exhibits 4 and 5). These Counterclaims raised by these three counter plaintiffs, being supported with overwhelming evidence, are now pending the New York Supreme Court for disposition.

**Three Named Creditor Are Praying for this Honorable Court to Punish Debtor Hao Wan Kwok for His Wildly Infected Epidemic of Frauds in Wilful Concealment of His Assets Obviously in Bad Faith, and Let Him to Face Civil and Criminal Consequence for His Habitual Patterns to Defraud the Court on Billion Dollar Level**

These three undersigned creditors are respectfully praying for this Honorable Court to impose sanction against Debtor Hao Wan Kwok for his wildly infected epidemic of frauds in wilful concealment of his assets obviously in bad faith, and let him to face civil and criminal consequence for his habitual patterns to defraud the court on billion dollar level.

### A. **Mr. Kwok May Have Fraudulently Concealed $3 Million Before This Court**

Among other likely willful concealments of Debtor's hidden or visible assets, Mr. Hao Wan Kwok at least fraudulently concealed US$3,000,000.00 in bad faith before this Honorable Court:

In the triggering cause contained in his verified Complaint filed with the New York Supreme Court, Debtor stated:

Paragraph 36: "In reliance upon the Agreement and in good faith, Plaintiff set aside and did not otherwise invest $3million based on Defendants' false representation that they couuld perform under this Agreement"; (Case 151251/2019, Doc 1, Exhibit 6, p6, with relevant page displayed by highlight in yellow for the relevant portion as Exhibit 7 )

Debtor Kwok has never made any penny payment for the "Agreement" to these three alleged counterpart of the contract, his "set-aside" $3million, which, according to his own party admission, never spent in any business investment. Record shows that this multiple dealer having kept swinging back and forth from self-boasted "multibillionaire" into "penniless poor man" from time to time even within a single day, has fraudulently

concealed his "$3,000,000.00" cash reserve while filing his "poor man" bankruptcy petition with this Court;

### B. **Mr. Kwok May Have Fraudulently Concealed US$12-13 Billion Cash Assets and/or Their Hiding Place Before This Court**

Record shows that Mr. Hao Wan Kwok has been living in extravagant life style, once owning and possessing two jumble private jets and one or two luxury yacht(s) in addition to his mansions. Additionally, he has paid tens of millions, if not hundreds of millions, of U.S. Dollars to engage in all Satanic evil operations, from buying hit men, spy firms to spy on top level Chinese communist defectors, messing up U.S. democratic election process. Corrupting active or retired U.S. and UK top politicians and their deputies, in highly likely violation of 18 U.S. Code § 201, as of multiple counts of felony offenses, to mobilizing, by throwing tens of millions of dollars again, to launch frivolous, and mostly losing for frivolity, civil actions targeting several dozens of political dissidents, by abusing the U.S. judicial systems from coast to coast. All his covert operations in the United States are just for delivering his life-long loyalty to Chinese Communist Party(CCP), to the CCP's maximum dictator Xi Jinping, and his occupational duties owed to the CCP's intelligentsia apparatus, through his publicly read manifesto as the CCP's systematically trained career spy on strategic level. The prominent feature is that his dirty money of apparent legal in nature appears limitless, apparently being funneled from the CCP's National Treasury for its omnipotent secret police budget with no ceiling, through super-huge international money laundering:

While being faced with consequences of all his wrongdoings of such magnitude of wildness, this man immediately becomes a "poor man of pennilessness".   The largest asset this Debtor may highly likely fraudulently concealed may have reached such a skyrocketed level: US$12-13Billions. This amount of fraudulent concealment in bad faith may have been unprecedented throughout the history of this Honorable Court:

On June 5th, 2019, Mr. Hao Wan Kwok, testified under oath, i.e., under the pain of penalty of perjury of the law, in case of Guo v. Xia, as follows:

a. He had amassed U.S. $12-13 billion from personal loans during the two-year period from 2017 through 2019 (to finance his life style and his camouflaged operations of multitudes to change the world added);

b. Part of sources of these loans were his so-called "family trust funds";

c. Some of these loans, totaling $12-13Billion, were raised by verbal agreement(!) without written loan agreement, with no collaterals as pledge;

d. Some was pledged with such of his Manson in Midtown, Manhattan (he admitted that his allegedly "shadow corporation" owned New York property was the collateral to pledge his "personal loan" totaling $12-13billion. (See Deposition Transcript, as Exhibit 8)

The following is the questions and answers during the deposition session between Harry Danis III, Esq., ("Q") and Mr. Ho Wan Kwok ("A"):

```
Q. How do you pay for any bills that you incur?
A. I borrow the money to pay all of them.
Q. And from where do you borrow it?
A. I borrow from my friend. From relative…From family, family
fund, family foundation. (Ho Wan Kwok's Deposition Testimony,
06/04/2019, p11, Exhibit 8)

Q. Now, do you people give you loans just based on who you are,
or do you promise them collateral? You do understand what
collateral is, correct?
A. Some I do, some I don't.
Q. Okay. So how much would you say is collateralized? In other
words, how much of your loans are based on  collateral? (Ho Wan
Kwok's Deposition Testimony,  6/04/2019, p12, Exhibit 8)

Q.How much of your loans are collateralized?
MR. MORRISSY: Are you seeking a dollar amount?
MR. DENNIS: I'm seeking a dollar amount.
A. Twelve billion to thirteen billion.
Q. Is that RMB or US dollars?
A. Dollars.
8 Q. And what are the assets that you use to collateralize that?
A. Some of them is our real estate, our family real estate in
China, and some of them are my personal guarantee.
Q. Okay. The physical assets, where are those located?
A. Except for this one that I currently reside in New York, most
of them are in China. (Ho Wan Kwok's Deposition Testimony,
6/04/2019, p13, Exhibit 8)

Q. Okay. So the people who loaned you the money,
Q: how do they get you the money?
A. Most of them are based on the contract. Most of them are given
to the loan account Based on the stipulation on the loan
agreement. The loan will be provided to the account dated on the
contract.
```

```
Q. Okay. When you don't have a contract, how does the money get
transferred?
A. Those that have no contract, we will just orally agree. (Ho
Wan Kwok's Deposition Testimony, 6/04/2019, p14, Exhibit 8)

Q. Right. But how do they know where to send the money?
A. Based on our oral agreement and instruction that they would
just follow.
Q. And how do you pay these loans back?
A. It's based on my reputation, my personal reputation and the
future.
Based on our verbal agreement, the conditions agree upon our
verbal agreement. And also based on their trust on my future
capability of making the repayment, and also based on the
collateral pledged.
Q. Okay. And these are friends who loan you the money. Is that
correct?
A. They are organizations.
Q. Okay. What organizations are they?
A. Personal investor. Private funds and investment funds.
Q. Okay. And how long have you been using that as a source of
income?
A. Two years. (Ho Wan Kwok's Deposition Testimony, 6/04/2019,
p14, Exhibit 8)
```

What is the picture of US$12-13billions? It is as sizable as many small countries' annual budgets. For instance, the National Defense Budget for Taiwan, the Republic of China (ROC), a population of 23millions, was approximately US$ 10.7 billions for the year of 2018.

Where are these US$12-13Billion? Are there any balance of those $12-13Billion? What are the interests deriving from those $12-13Billiuon? Are the cash reserve from the interests rate of these $12-13Billion, say, $1.7-1.8Billion, may be good enough to pay back all this trouble makers debts plus fees and costs owing to all these creditors and committee members? Petitioner/Debtor Mr. Ho Wan Kwok should have long story to disclose regarding his "$12-13Billion" cash, principal plus interests from his "family fund", or from Investment Funds.

Raising a personal loan of US$12-13billion for the period ranging from 2017 through 2019, the ultimate source of such a cash amassment, was either from his own alter ego funding under the shell entity, or outsourced from the CCP's secret police funding. Mr. Debtor's apparently co-mingled "fund of family" of which he is the predominant, controlling member, is his own asset, up to $12-13 billion. Mr. Kwok was under

inescapable legal obligation to honestly disclose the presence and whereabouts his $12-13Billion to this Honorable Court and the Trustees when he filed with this Court for Chapter 11, bankruptcy protection.

**More seriously, if Mr. Kwok raised such $12-13Billion loans from his "family funds" or other institutional funds, why didn't he name and disclose these multi-billion dollar creditors in his Chapter 11 Bankruptcy Protection Petition?**

While Debtor Ho Wan Kwok, according to his own testimony under oath, viciously and fraudulently concealed such huge amount of personal assets/cash reserve up to US$13.03Billions to this Honorable Court, he appears to have committed aggravated felony in defrauding the U.S. Government according to relevant laws and regulations being discussed *infra*.

**DISCUSSION:**

The concealment of property can be charged under either 18 U.S.C. § 152(1) or § 152(7). One of the important differences between these two paragraphs is that under Subsection (1) the property which was concealed must be property of the bankruptcy estate.

Subsection (1) of Section 152 provides that:

> A person who . . . knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;. . .shall be fined. . ., imprisoned. . ., or both.

The elements of the offense of concealment under 18 U.S.C. § 152(1) that the government must prove are: The bankruptcy proceeding was in existence; the defendant fraudulently concealed the property from the custodian; and the property belonged to the bankruptcy estate. See United States v. Guiliano, 644 F.2d 85, 87 (2d Cir. 1981); United States v. Beery, 678 F.2d 856 (10th Cir. 1982), cert. denied, 471 U.S. 1066 (1985) See also Devitt, Blackmar & O'Malley: "Federal Jury Practice and Instructions, § 24.03 (4th ed. 1990)".

Although § 152, itself, does not provide a definition, the phrase "property belonging to the estate of the debtor" has been construed broadly to include "any legal, equitable, or beneficial interest of the debtor in property on the date the bankruptcy

petition was filed or that [the debtor] may have acquired after the commencement of the case other than earnings from personal services or loan proceeds." United States v. Moody, 923 F.2d 341, 348 (5th Cir.), cert. denied, 502 U.S. 821 (1991) (approving instruction with quoted language); United States v. Cardall, 885 F.2d 656, 677 (reh'g denied)(10th Cir. 1989)(11 U.S.C. § 541 is to be broadly construed to include all property interests wherever located and by whomever held). This all-*encompassing definition requires the debtor to disclose information about all property that might be part of the bankruptcy estate.* $12-13.03Billion is by no means of small sum for which this crooked "penniless" multi-billionaire of communist renaissance mission back ground could have absent-mindedly ignored.

It is a reasonable reading of 18 U.S.C. § 152 to conclude that the statute requires a bankrupt to disclose the existence of assets whose immediate status is even uncertain. Even if the asset is not ultimately determined to be property of the estate under the technical rules of the Federal Bankruptcy Code, *Section 152 properly imposes sanctions on those who pre-empt a court's determination by failing to report the asset.* United States v. Cherek, 734 F.2d 1248, 1254 (7th Cir. 1984), cert. denied, 471 U.S. 1014 (1985) emphasis added.

A defendant may not conceal equitable interests in property of the bankruptcy estate. The fact that legal title to an asset is not held by the bankruptcy estate does not relieve a defendant of the duty to disclose the estate's equitable interest in such an asset. United States v. Weinstein, 834 F.2d 1454, 1461 (9th Cir. 1987), post conviction relief denied, 931 F.2d 899 (1991); United States v. Moynagh, 566 F.2d 799, 803 (1st Cir. 1977), cert. denied, 435 U.S. 917 (1978); United States v. Schireson, 116 F.2d 881, 883 (3d Cir. 1941). Even property which is ultimately determined not to be the property of a bankruptcy estate can be considered concealed for purposes of prosecution. United States v. Martin, 408 F.2d 949, 953 (7th Cir.), cert. denied, 396 U.S. 824 (1969).

It remains a question of fact for the jury to determine whether assets are property of the debtor and belong to the bankruptcy estate. United States v. Weinstein, 834 F.2d 1454 (9th Cir. 1987), post conviction relief denied, 931 F.2d 899 (1991); United States v. Robbins, 997 F.2d 390, 392 (8th Cir.), cert. denied, 114 S. Ct. 391 (1993).

Where the law is uncertain as to whether the debtor really would be receiving the property, such uncertainty may be relevant in determining whether the defendant had a knowing and fraudulent intent in not disclosing the potential asset. United States v. Collins, 424 F. Supp. 465 (E.D.Ky. 1977)(suspended member of police department did not disclose that he could receive back wages if he was reinstated; evidence held insufficient to show fraudulent intent since law was uncertain as to whether defendant could receive such back wages for the period he was suspended).

Here, to convict, physical efforts to hide away the bankruptcy estate assets are not required. "Conceal" here does not mean merely to secrete or hide away. In fact the bankruptcy fraud defendant does not have to physically hide the property at all. "Conceal" also means to prevent the discovery of the asset or to withhold knowledge of the asset because the bankruptcy petitioner is imposed with affirmative obligation to disclose bankruptcy estate to this Honorable Court in good faith. See United States v. Schireson, 116 F.2d 881, 884 (3d Cir. 1941); Burchinal v. United States, 342 F.2d 982, 985 (10th Cir.), cert. denied, 382 U.S. 843 (1965).

Therefore, since the debtor has an affirmative obligation to list all estate property in the debtor's schedules, failure to list an asset on the bankruptcy schedules can constitute concealment under the statute. Coghlan v. United States, 147 F.2d 233 (8th Cir. 1945), cert. denied, 325 U.S. 888 (1945); United States v. Grant, 971 F.2d 799, 807 (en banc)(1st Cir. 1992).

Additionally, Mr. Kwok's deceiving plot may also be subject to the False Statements Accountability Act of 1996 (FSAA), Pub. L. No. 104-292, H.R. 3166 (October 11, 1996),. FSAA made several changes that affect the work of United States Attorneys' Offices, including revisions to 18 U.S.C. §§ 1001, 1505, 6005, and 28 U.S.C. 1365. Normally, Defendants being charged for aggravated frauds may tend to invoke subsection 2(b) to argue that petitioners and their counsels are not subject to penalty of frauds because of the qualified immunity which was designed not to discourage legal advocacy.

18 U.S.C. § 1001, 2 (b) provides:

2. Mr. Kwok be ordered to surrender his fraudulently concealed $12.03-13.03 billions into the Court designated account of the Bankruptcy Estate, or nay other appropriate forms of resulting trust to first curb their continuing, ceaseless harms against the United States and its citizens, by the Court appointed Trustees/Receivers, under the supervision of the U.S. Department of Justice;

3. The fraudulent Debtor be order to compensate all the creditors, members of the Committees, for the latter's billable hours, as part of incidental damages, for his filing of such a frivolous, clueless, and fraudulent Chapter 11 Bankruptcy Protection Petition;

4. These undersigned Creditors understand that laws regarding criminal prosecution for bankruptcy fraud and felony frauds in willful concealment of bankruptcy estate are not self-executing and hence cannot initiated by private parties, however, we respectfully pray to this honorable Court to refer this likely offender of this unprecedented magnitude to the U.S. Department of Justice for criminal investigation and prosecution.

5. Injunctive Relief to ban the Petitioner/Debtor from committing further frauds in concealment of his Bankruptcy Estate, in any way under the stern warning of contempt of the court;

6. Petitioner's Motion for Withdrawal of his Bankruptcy Petition be denied.

7. Declaratory Relief:
Undersigned creditors prays that this Court declares that all assets under the name of the Debtor's such alter ego immediate family members, or institutions with whom he has kept comingling, are the assets belonging to Mr. Ho Wan Kwok.

8. Such other reliefs as this Honorable Court finds them appropriate and necessary.

Respectfully submitted by.

/s/Ning Ye, *pro se*

/s/Yan Zhao, *pro se*

/s/Baosheng Guo, *pro se*

CERTIFICATE OF SERVICE

These undersigned hereby certify that on this 26th day of May, 2022, they caused to be served upon Petitioner/Debtor H9o Wan Kwok, through his counsels as the following addressees, a copy of the captioned Motion and of all supporting evidence, in a sealed envelope, by priority mail, postage prepaid, via USPS:

Dylan P. Kletter, Esq.
185 Asylum Street
Hartford, CT 06103
And

William R. Baldiga, Esq.
7 Times Square
New York, NY 10036


s/Ning Ye:

Exhibit 1

**Fill in this information to identify the case:**

Debtor 1     Ho Wan Kwok

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Connecticut

Case number   22-50073 (JAM)

Official Form 410

# Proof of Claim

EJ 289 242 054 US

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

NING YE

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    N/A

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ning          Ye
Name
135-11 38th Ave. #1A
Number     Street
Flushing   NY        11354
City            State          ZIP Code

Contact phone   718 308 6626

Contact email   yeningusa@gmail.com

Where should payments to the creditor be sent? (if different)

Ning Ye
Name

Number     Street

City            State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

– – – – – – – – – – – – – – – – – – – – – – – –

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.   Claim number on court claims registry (if known) _____

Filed on _____
           MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.   Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _22-50073_ |
|---|---|---|

7. How much is the claim?   $ _12,000,000.00_    . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Litigation/counterclaim_

9. Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                  $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. $ _____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/20/2022
                   MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

Name    NING                    YE
        First name    Middle name    Last name

Title   Self

Company  Law Office of Ning Ye, Esq.
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  135-11  38th Ave. #1A
         Number    Street

         Flushing          NY   11354
         City              State   ZIP Code

Contact phone  718 308 662t      Email  yeningusa@gmail.com

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Ho Wan Kwok |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Connecticut |
| Case number | 22-50073 (JAM) |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Gaosheng Guo
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   Rev. Guo

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Baosheng Guo c/o Ning Ye, Esq.
Name

135-11 38th Ave. #1A
Number   Street

Flushing, NY 11354
City   State   ZIP Code

Contact phone 718 308 6626

Contact email YeningUSA@gmail.com

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City   State   ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _22-50073_

7. **How much is the claim?**   $ _12,000,000.00_   **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   _Litigation w/ counterclaims_

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**   $_____
   **Amount of the claim that is secured:**   $_____
   **Amount of the claim that is unsecured:**   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/20/2022
                  MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | NING                                      YE |
|---|---|
| | First name          Middle name          Last name |
| Title | Attorney |
| Company | Law Office of Ning Ye, Esq. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 135-11 38th Ave. Rm. 1A |
| | Number   Street |
| | Flushing                    NY        11354 |
| | City                        State      ZIP Code |
| Contact phone | 718 308 6626 | Email | yeningusa@gmail.com |

**Fill in this information to identify the case:**

Debtor 1    Ho Wan Kwok

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  District of Connecticut

Case number   22-50073 (JAM)

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Yan  ZHAO
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Yan ZHAO c/o Ning Ye, Esq.
Name
135-11  38th Ave. #1A
Number    Street
Flushing    NY    11354
City    State    ZIP Code

Contact phone  718 308 6626

Contact email  Yeningusaa@gmail.com

**Where should payments to the creditor be sent? (if different)**

Name _____

Number    Street

City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _22-50073_

7. How much is the claim? $ _12,000,000.00_     Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Counterclaim in litigation_

9. Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:        $_____

Amount of the claim that is unsecured:    $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:     $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).
$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).
$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).
$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).
$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.
$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/20/2022
           MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

Name    NING                    YE
        First name        Middle name        Last name

Title    Attorney

Company    Law Office of Ning Ye, Esq.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    135-11 38th Ave. #1A
           Number    Street
           Flushing, NY 11354
           City        State    ZIP Code

Contact phone    718 308 6626      Email    yeningusa@gmail.com

Exhibit 2

FILED: NEW YORK COUNTY CLERK 06/18/2

NYSCEF DOC. NO. 64

RECEIVED NYSCEF: 06/17/2020

## SUPREME COURT OF THE STATE OF NEW YORK
### NEW YORK COUNTY

PRESENT:    HON. DAVID BENJAMIN COHEN                        PART        IAS MOTION 58EFM

_____
                                        *Justice*
                                               -X
                                                              INDEX NO.        151251/2019

GUO WENGUI,                                                   MOTION DATE      01/22/2020

                            Plaintiff,                        MOTION SEQ. NO.      006

                    - v -

GUO BAOSHENG, YAN ZHAO, NING YE                               **DECISION + ORDER ON
                                                              MOTION**
                            Defendant.
                                               -X
_____

The following e-filed documents, listed by NYSCEF document number (Motion 006) 55, 60, 62
were read on this motion to/for                              DISMISS

Upon the foregoing documents, it is

      The motion to dismiss is granted in part and denied in part.  The Complaint lists six

causes of action: (1) extortion and attempted extortion; (2) fraud; (3) conspiracy to commit fraud;

(4) breach of contract; (5) breach of the duty of good faith and fair dealing; and (6) tortious

interference with business relationships.  Defendants move to dismiss pursuant to CPLR

3211(a)(7), for failure to state a cause of action.

      When deciding a motion to dismiss pursuant to CPLR §3211, the court should give the

pleading a "liberal construction, accept the facts alleged in the complaint to be true and afford

the plaintiff the benefit of every possible favorable inference" (*Landon v. Kroll Laboratory

Specialists, Inc.*, 22 NY3d 1, 5-6 [2013]; *Faison v. Lewis*, 25 NY3d 220 [2015].  However, if a

complaint fails within its four corners to allege the necessary elements of a cause of action, the

claim must be dismissed (*Andre Strishak & Associates, P.C. v. Hewlett Packard & Co.*, 300

AD2d 608 [2d Dept. 2002]).

1 of 7

FILED: NEW YORK COUNTY CLER

NYSCEF DO~~RECEIVED~~ NYSCEF: 06/17/2020

The motion to dismiss the first cause of action is granted. With respect to a private cause

of action for extortion and attempted extortion, the First Department explicitly held:

> The first cause of action for extortion and attempted extortion, alleging that
> defendant attempted to compel and compelled plaintiff to deliver money to him
> by threatening physical harm to plaintiff and her employees and a breach of
> their confidentiality agreement, was properly dismissed on the ground that
> extortion and attempted extortion are criminal offenses (*see* Penal Law §
> 155.05[2][e]; § 110.00) that do not imply a private right of action (*Niagara
> Mohawk Power Corp. v. Testone*, 272 A.D.2d 910, 911, 708 N.Y.S.2d 527
> [2000]; *Crandall v. Bernard, Overton & Russell*, 133 A.D.2d 878, 879, 520
> N.Y.S.2d 237 [1987], *lv. dismissed, lv. denied* 70 N.Y.2d 940, 524 N.Y.S.2d
> 672, 519 N.E.2d 618 [1988] ). Moreover, although extortionate behavior,
> coercion and duress may be elements of a cause of action for tortious
> interference with contract or unjust enrichment, at common law there was
> never a private cause of action for extortion. Rather, extortion, as it has come
> to be understood today—obtaining of money by force or fear—was considered
> robbery to be punished criminally.

(*Minnelli v Soumayah*, 41 AD3d 388, 388-89 [1st Dept 2007] *lv dismissed* 9 NY3d 1028

[2008] *see also Niagara Mohawk Power Corp. v Testone*, 272 AD2d 910 [4th Dept 2000]

[*holding* no legislative intent to create a civil remedy for an attempt to extort]). Accordingly, as

no cause of action exists for extortion and attempted extortion, this cause of action must be

dismissed. Further, since plaintiff does not allege that he actually made any payment in

furtherance of the extortion -- just that he set aside some money -- no extortion has occurred (at

most he claims attempted extortion) (*see Minnelli* at 390).

The motion to dismiss the second cause of action for fraud is granted. The Complaint

alleges that during the negotiations, prior to the parties entering into an agreement, defendants

falsely represented that they could provide certain services in the future, knowing that such

representations were false, in order to deceive plaintiff for the sole purpose of extorting and

pilfering money from plaintiff. A cause of action for fraud must allege more than a breach of

contract claim. When the allegation is that the defendant deceived plaintiff by not intending to

151251/2019  WENGUI, GUO vs. BAOSHENG, GUO
Motion No. 006

Page 2 of 7

2 of 7

FILED: NEW YORK COUNTY CI

NYSCEF DOC. NO. 9                    RECEIVED NYSCEF: 06/17/2020

perform under the contract that claim is merely repleaded as a contract claim (*Dae/Demirre v HMS Holdings Corp.*, 127 AD3d 493, 494 [1st Dept 2015] ["The court properly dismissed the fraud claim as duplicative of the breach of contract claim, as plaintiffs' were alleging only that HMS misrepresented its intent to perform the contractual obligations at the time they were made."]; *Arnon Ltd v Beierwaltes*, 125 AD3d 453 [1st Dept 2015] [defendants' fraudulent inducement counterclaim was dismissed as duplicative of their breach of contract counterclaim, as plaintiff's alleged misrepresentation -- that it had the capability and intent to immediately pay defendant -- was only an "insincere promise of future performance"]; *Forty Central Park South, Inc. v Anza*, 117 AD3d 523 [1st Dept. 2014] ["the complaint fails to state a cause of action for fraudulent inducement, since it essentially alleges that defendant did not intend to perform under the contract when he made the promissory statements, which gives rise only a breach of contract claim."]). Here, the Complaint alleges that defendants made false representations about their ability to provide research on plaintiff's enemies, in order to deceive them into entering into the service agreement. As plaintiff's fraud claim is really a claim that defendants never intended to perform under the service agreement, it is merely a breach of contract claim, is duplicative, and must be dismissed.

Further, although fraudulent inducement claim will not be dismissed as duplicative of a breach of contract claim if plaintiff pleads "a breach of duty distinct from, or in addition to, the breach of contract" (*GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010]), here, no separate duty was pled. In *GoSmile* the Court wrote: "[T]his Court, as well as the Court of Appeals, has held that a misrepresentation of present fact, unlike a misrepresentation of future intent to perform under the contract, is collateral to the contract, even though it may have induced the plaintiff to sign it, and therefore involves a separate breach of duty" (*id.* at 81, *citing Deerfield*

151251/2019  WENGUI, GUO vs. BAOSHENG, GUO
Motion No. 005

Page 3 of 7

3 of 7

FILED: NEW YORK COUNTY CLER

NYSCEF DOC. NO. 64                    NYSCEF: 06/17/2020

*Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 934 [1986]). However, to the extent that a fraud in the inducement claim does not involve a separate duty and essentially alleges that defendant did not intend to perform under the contract when he made the promissory statements, such complaint may be dismissed under 3211(a)(7) as it only gives rise to a breach of contract claim (*Forty Central Park South, Inc. v Anza*, 117 AD3d 523 [1st Dept 2014]. The key question is whether there was a misrepresentation of a future intent to perform or a misrepresentation of present fact that induced plaintiff to enter into the contract (*First Bank of Americas v Motor Car Funding, Inc.*, 257 AD2d 287 [1st Dept 1999]). If the former, the claim should be dismissed as redundant (*id.*). However, if a plaintiff alleges that it was induced to enter into a transaction because of misrepresented material current facts, the plaintiff has stated a claim even though the same circumstances would also give rise to a breach of contract claim (*id.*). Here, (aside from the Complaint and motion papers calling the claim regular fraud, and not fraudulent inducement) the Complaint does not allege any separate duty, does not allege any misrepresentation of present fact, and does it allege that defendants did anything other than make a misrepresentation of performance. As the breach of contract claim and fraud claim both arise out of the failed performance under the contract (as discussed below), the fraud claim is dismissed as duplicative.

The motion to dismiss the breach of contract claim is denied. Plaintiff has alleged that the parties entered into an agreement for services, that included a flat fee and a confidentiality provision. Although it is not clear whether plaintiff ever paid for the services, plaintiff has, at minimum, alleged that defendants breached the confidentiality portion of the agreement (*see Minnell*, at 389 [the court correctly determined that the complaint states a cause of action for breach of contract based on defendant's alleged violation of this agreement not to make such

4 of 7

FILED: NEW YORK COUNTY CLERK

NYSCEF DOC. NO. 64 RECEIVED NYSCEF: 06/17/2020

unauthorized disclosures]). Accepting the facts alleged in the Complaint as true and affording

plaintiff the benefit of every possible favorable inference, the breach of contract cause of action

is properly stated.

The fifth cause of action for breach of the implied covenant of good faith and fair dealing

is also dismissed as duplicative. The Complaint alleges that the implied covenant was breached

by the disclosure of the services agreement and by the failure to provide the research. These are

the exact same premises that the breach of contract claim stands on and are thus, duplicative (*Art*

*Capital Group, LLC v Carlyle Inv. Mgt. LLC*, 151 AD3d 604, 605 [1st Dept 2017][the court also

properly dismissed the implied covenant of good faith and fair dealing claim as duplicative. The

allegations in the complaint were premised on the same conduct as the breach of contract claim

and were "intrinsically tied to the damages allegedly resulting from a breach of the contract"]).

Further, the covenant is the implied obligation of each promisor to exercise good faith are "any

promises which a reasonable person in the position of the promisee would be justified in

understanding were included" (*Rowe v. Great Atl. & Pac. Tea Co.*, 46 NY2d 62 [1978], *quoting*

5 Williston, Contracts § 1293, at 3682 [rev ed 1937]). This means that "neither party shall do

anything which will have the effect of destroying or injuring the right of the other party to

receive the fruits of the contract" (*Dalton v. Educational Testing Serv.*, 87 NY2d 384, 389

[1995]). Here, there are no allegations that defendants took any actions that were not allegedly

contemplated by the contract. Nor are there any allegations that defendant did anything to

destroy plaintiff's ability to receive the fruits of the performed contract. Rather, the only claim

is that defendants did not fulfill its obligations under the contract.

The tortious interference with business relations cause of action is also dismissed.

Tortious interference with contract and business relations "requires the existence of a valid

151251/2019   WENGUI, GUO vs. BAOSHENG, GUO          Page 5 of 7
Motion No. 006

5 of 7

FILED: NEW YORK COUNTY CLER

NYSCEF DOC RECEIVED NYSCEF: 06/17/2020

contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co v Smith Barney Inc.*, 88 NY2d 413, 424 [1996]). Here, the entirety of the facts presented relating to this claim are that "prior to entering into the Agreement plaintiff had a business relationship with a third-party," that defendants knew about, and that after defendants spread rumors about plaintiff and made public the existence of the services agreement "plaintiff's business relationship was injured by precluding plaintiff from entering into other profitable business ventures." Other than a vague, conclusory and unspecific allegation relating to other parties, plaintiff has not stated any facts relating to this cause of action. Plaintiff has not provided any detail about the contract or opportunity it lost, it has not identified any third-party, and does not even state that it had entered into an actual agreement with a third-party. Thus, plaintiff has failed to state the first element of this cause of action.

Finally, the cause of action for conspiracy to commit fraud is dismissed. New York does not recognize an independent cause of action for conspiracy to commit fraud (*Hoeffner v Orrick, Herrington & Sutcliffe LLP*, 85 AD3d 457 [1st Dept 2011]). "While a plaintiff may allege, in a claim of fraud or other tort, that parties conspired, the conspiracy to commit a fraud or tort is not, of itself, a cause of action" (*see MBF Clearing Corp v Shine*, 212 AD2d 478, 479 [1995], citing *Brackett v Griswold*, 112 NY 454 [1889]). Given that civil conspiracy is not an independent tort, it cannot have its own independent measure of damages; any damages attributable to plaintiff's conspiracy claim exists only *within* those damages that may be assessed for fraud" (*id.*). Rather, the "allegations in the complaint herein charging conspiracy are deemed part of the remaining causes of action to which they are relevant" (*Errant Gene Therapeutics,*

151251/2019  WENGUI, GUO vs. BAOSHENG, GUO
Motion No. 006

Page 6 of 7

6 of 7

FILED: NEW YORK COUNTY CLE

NYSCEF RECEIVED NYSCEF: 06/17/2020

*LLC v Sloan-Kettering Inst. for Cancer Research*, 174 AD3d 473, 474 [1st Dept 2019]). Here,

as no tort causes of action remain, and this action is a business/contract matter, the cause of

action for civil conspiracy must fail. Accordingly, it is hereby

ORDERED that the motion to dismiss is granted to the extent that the first, second, third,

fifth and sixth causes of action are dismissed and is otherwise denied.

| 6/16/2020 | | | | | |
|---|---|---|---|---|---|
| DATE | | | DAVID BENJAMIN COHEN, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

151251/2019  WENGUI, GUO vs. BAOSHENG, GUO                    Page 7 of 7
Motion No. 006

7 of 7

Exhibit 3

NYSCEF DOC. NO. 55                                    RECEIVED NYSCEF: 01/22/2020

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Ho Wan Kwok | ) |
| Plaintiff | )Index Number: 151251/2019 |
| v. | ) NOTICE OF MOTION TO |
| Baosheng GUO, et al | ) DISMISS |
| Defendants | ) |

--------------------------------------------------------------------------------x

DEFENDANTS' NOTICE OF MOTION TO DISMISS

To Plaintiff Ho Wan Kwok via

Aaron A. Mitchell, Esq.


PLEASE TAKE NOTICE that upon the annexed affirmation by Defendants, duly affirmed the 21st day of January, 2020, with the annexed Memorandum of Law, and all the pleadings and proceedings heretofore had herein, the undersigned will move this Court at the Courtroom 130, 60 Centre Street, New York, New York 10007, on the 7th day of February, 2020 (Friday) at 9:30 in the forenoon of that day or as soon thereafter as counsel can he heard for an Order for Dispositive Judgment dismissing the Complaint pursuant to CPLR 3211 (a) (7) and CPLR 3013.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2214(b), answering papers if any must be served on the undersigned no later than seven (7) days before the Motion s noticed to be heard.

Dated:   New York, New York, New York.

January 21, 2020

Respectfully submitted by;


/s/Defendants, Esq.
Counsel for the Defendants
135-11 38th Avenue, Rm. 1A
Flushing, NY 11354
Tel.: 7183086626; Fax: 7182285816
Email.ynyale@aolcom
To: Plaintiff via
Aaron Mitchell, Esq.
by ECF Broadcasting System

1

NYSCEF DOC. NO. 55                                         RECEIVED NYSCEF: 01/22/2020

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Ho Wan Kwok | ) |
|     Plaintiff | )Index Number: 151251/2019 |
|        v. | ) NOTICE OF MOTION TO |
| Baosheng GUO, et al | ) DISMISS |
|     Defendants | ) |

-----------------------------------------------------------------------x

### DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW THEREOF*

All Defendants, by and through their undersigned counsel, Ning Ye, Esq., respectfully prays that Plaintiff's baseless, clueless and frivolous Complaint, in obvious motive to abuse the United States judicial system, either being motivated by himself or by his handler in a hostile foreign power, should be dismissed by its entirety, with prejudice, pursuant to CPLR 3211(a)(7), CPLR 3013, and CPLR 3016 (b) among other violations.

### Brief Introduction of the Background

On February 5, 2019, Defendant Ho Wan Kwok, by and through his counsel, Aaron Mitchell, Esq., filed a text-book type frivolous Complaint against the named Defendants for following six counts of cause of actions:

Extortion and Attempted Extortion

Fraud

Conspiracy to Commit Fraud

Breach of Contract

Breach of the Implied Covenant of Good Faith and Fair Dealing

Tortious Interference with Business Relations

Plaintiff has thus far failed to have effectuated any proper service upon none Defendants arguably except Defendant Baosheng Guo.

All these Complaints were timely answered with Defendants' counterclaims.

The Complaint of frivolity was pending dispositive disposition by this Honorable Court.

The Complaint must be dismissed by its entirety with prejudice for its frivolity in addition to its cluelessness, not just being groundless.

2

NYSCEF DOC. NO. 55

RECEIVED NYSCEF: 01/22/2020

---

*Respectfully resubmitted with slight corrections following Court's 01/21 Instruction.

**Argument**

The whole clueless laugh stock started with the following fraudulent, willful misrepresentation of facts of either insanity or deceiving perjury:

"In or about December 2017, while physically in New York, Defendants approached Guo and offered to conduct research and provide information regarding Boxun and Xiong that would prevent Boxun and Xiong from interfering with Guo's whistleblowing efforts and bring Boxun and Xiong to justice. In exchange, Defendants requested that Guo pay Defendants for their services". Paragraph 20, p4 of the Complaint; Doc 1)

"During this time, Defendants falsely represented that they could provide legitimate information on Boxun and Xiong that would shine a light on the unlawful conduct of both Boxun and Xiong and simultaneously cease Boxun and Xiong's efforts to interfere with Guo's anti-corruption campaign." Id. Paragraph 21.

Plaintiff's clueless allegation to willfully deceive the Court with perjury was carefully designed to tarnish Defendants' public image and ruin the relations between the Defendants, particularly Defendant Ning Ye, and Boxun and Xiong, with whom Defendant Ye has been legal counsel for long while*.

The Complaint should be dismissed pursuant to CPLR 3211(a)(7) among other violations. With respect to the final ground, "it is well settled that in considering a motion to dismiss brought pursuant to CPLR 3211 (a) (7), the court must presume the facts pleaded to be true and must accord them every favorable inference. It is,

---

*Defendant Ye, through out of his life, has never ever talked to Plaintiff Guo, much less met or physically approached that controversial figure. Plaintiff Guo Wengui's so-called anti-corruption whistleblowing efforts by fake and deceiving information for his mere agenda to help Xi Jinping's "China Dream" is just disgusting, does not worth a dime.  For public records of twitter articles, Plaintiff repeatedly invited Defendant Ye, through social media, vowing to having Maotai liquor and banquet ready on his Cruise, with the condition to help him fight against Xiong and Boxun, and repeatedly received Mr. Ye's flat rejection with sarcastic condemnation as public statement. The fact is Plaintiff Guo repeatedly call for Defendant Ye offering to him legal service to form a seizure enforcement team to "confiscate and remove the property of Boxun and of Wang Qishan" on social media was repeatedly and flatly slapped by Ning Ye

3

NYSCEF DOC. NO. 55                                              RECEIVED NYSCEF: 01/22/2020

on twitter: If I can take law in my own hand to confiscate Boxun, or Qishan Wang's family property, does that mean I can also take your Guo Wengui's private jet and cruise at my pleasure? Your offer has disregarded the very foundation of private property ownership of the Western society!"

however, also axiomatic that factual allegations which fail to state a viable cause of action, that consist of bare legal conclusions, or that are inherently incredible . . . are not entitled to such consideration." Leder v. Spiegel, 819 N.Y.S.2d 26, 27 (1st Dep't 2006) (emphasis added). The Court is therefore not constrained to accept all the outlandish allegations contained in the Complaint. Many are "inherently incredible" and not entitled to a presumption of truth or favorable inferences. Leder, 819 N.Y.S.2d at 27. To the contrary, claims based on inherently incredible allegations should be dismissed. Mamoon v. Dot Net Inc., 135 A.D.3d 656, 658 (1st Dep't 2016) (dismissing conversion and unjust enrichment claims consisting of incredible and conclusory allegations). Numerous of the Complaint's other allegations are merely conclusory. These too, are not entitled to any weight. Leder, 819 N.Y.S.2d at 27. In that regard, CPLR 3013 requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim . . . ." Connaughton v. Chipotle Mexican Grill, Inc., 29 N.Y.3d 137, 141–42 (N.Y. 2017). Under these standards, the Complaint should be dismissed for the reasons set out below.

In the instant case, Plaintiff's charges against Defendants did not only appear baseless without a single piece of proven evidence, it simply appear clueless, when Plaintiff's lavishly talked about "contract" and "breach thereof", "distortion through communication", "frauds", having caused Plaintiff's to deposit his "$3,000,000.00 aside", by simply making up stories in wild tracklessness, without showing the Court with a single sheer clue, much less a single factual ground.

CPLR 3013 requires that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim . . . ." Connaughton v. Chipotle Mexican Grill, Inc., 29 N.Y.3d 137, 141–42 (N.Y. 2017). Under these standards, the Complaint should be dismissed for the reasons set out below.

Moreover, elements of Fraud must be pleaded with particularity, under the heightened standard of CPLR 3016(b), which provides that "the circumstances constituting the

4

NYSCEF DOC. NO. 55                                          RECEIVED NYSCEF: 01/22/2020

defending several indigent or close to indigent victims under Plaintiff blanket of abusive litigations, seeking for skyrocketed damages up to U.S. $100 Millions. Plaintiff's this legal action is apparently retaliatory in nature. Such frivolity and retaliation in nature is also shown in Plaintiff's globally advertisement calling for "victimized women of the world to stand up to expose beastal lawDefendantsr Defendants's sexual assaults" in implicitly return in US$100,000.00 rewards of criminal bribery, distortion and wire fraud. (Exhibit 1A) Here in the State of New York, "filing retaliatory counterclaims may violate" the New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL). "This desire to punish the individual for engaging in protected activity (i.e. filing a lawsuit), and to deter others from acting similarly, is what makes it retaliation." See Brissette v. Franklin County Sheriff's Office, 235 F. Supp. 2d 63 (D. Mass. 2003). Retaliation claims are analyzed using the traditional burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To prevail, the victim must show (1) that the individual engaged in a statutorily protected activity, (2) that she suffered an adverse employment action, and (3) that retaliation was a motivating factor in the emploDefendantsr's decision. See Treglia v. Manlius, 313 F.3d 713, 719 (2d Cir. 2002); LovejoyWilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 223 (2d Cir. 2001). The sequence of time line between this Defendant jumped into Representing these Plaintiff's most hated adversaries and Plaintiff's popping up such a world's most absurd litigation against this virtually irrelevant to Plaintiff and his business except for ideological confrontation between an agent for Chinese secret police and a veteran freedom fight and an evangelical Christian. This frivolous litigations followed his consecutive representation of Plaintiff's enemies and the retaliatory motive was explicitly manifested by Mr. Guo Wengui's advertisement implicating Defendant is a sexual predator. See also Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir.2001) (" 'The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.' " (quoting Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir.2001))); Conclusively, Plaintiff should be sanctioned for filing a retaliatory action against this Defendant in legal accuracy.

Other Clueless Allegation may also needs to be dismissed altogether.

## **Conclusion**

Wherefore, in the above light, Plaintiff's case must be dismissed with prejudice. Other Clueless Allegation may also needs to be dismissed altogether.

Plaintiff must be sanctioned for apparently abusing the nation's judicial systems by filing such a defamatory, outlandish, frivolous and clueless legal actions with this Honorable Court's reprimand and may need to be imposed with obligations to pay

18

NYSCEF DOC. NO. 55                                          RECEIVED NYSCEF: 01/22/2020

attorney fees and costs.

Respectfully submitted by


s/Ning Ye, Esq.

for all Defendants





THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| Ho Wan Kwok | ) | |
|     Plaintiff | )Index Number: 151251/2019 | |
|       v. | ) COUNSEL'S AFFIRMATION | |
| Baosheng GUO, et al | ) | |
|     Defendants | ) | |

--------------------------------------------------------------------------------x

AFFIRMATION

This undersigned, an attorney at law in good standing, hereby states and swear under oath:

This affiant is the defense counsel for all Defendants, including himself for the record for this instant case.

He further certifies that he furnished all Defendants with the draft of this dispositive Motion for Dismissal and received approval from all defendants;

All the contents in the context of the Motion and Memorandum thereof are true, representing the accuracy in fact, evidence and law to the best of the Defendants' knowledge and belief.    .

19

Exhibit 4

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GUO WENGUI a/k/a KWOK HO WAN a/k/a MILES
KWOK,

          Plaintiffs,

     -against-

GUO BAOSHENG, YAN ZHAO, and NING YE,

          Defendants,

Index No.

**SUMMONS**

To the above-named Defendants:

    **Guo Baosheng**              **Yan Zhao**
    1440 Clubhouse Road       300 East 54th Street
    Gainesville, VA 20155      New York, New York 10222

    **Ning Ye**
    13511 38th Street, Suite 1A
    Flushing, New York 11354

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  White Plains, New York
       February 5, 2019

              LAW OFFICES OF COHEN & HOWARD, L.L.P.
              Attorneys for Plaintiff

       BY:_____
              Aaron A. Mitchell, Esquire
              766 Shrewsbury Avenue, Suite 301
              Tinton Falls, New Jersey 07724
              (732) 747-5202
              (732) 747-5259 (fax)
              amitchell@cohenandhoward.com

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

GUO WENGUI a/k/a KWOK HO WAN a/k/a MILES
KWOK,

                      Plaintiffs,

            -against-

GUO BAOSHENG, YAN ZHAO, and NING YE,

                      Defendants,

---

Index No.

**COMPLAINT**

---

Plaintiff Guo Wengui a/k/a Miles Kwok ("Guo" or "Plaintiff") for his complaint and action

for money damages against defendants Guo Baosheng ("Baosheng"), Yan Zhao ("Zhao"), and

Ning Ye ("Ning," collectively "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1.      This action is for fraud, civil conspiracy, breach of contract, and tortious

interference with business relations against Defendants and responds to Defendants' extortionate

scheme and conspiracy to financial harm Guo.

2.      Plaintiff Guo is a Hong Kong citizen currently residing in the City, County and

state of New York.

3.      Defendant Baosheng is a resident of the State of Virginia.

4.      Defendant Zhao resides, upon information and belief, in the City, County and State

of New York.

5.      Defendant Ning resides, upon information and belief, in the County of Queens and

State of New York.

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM          INDEX NO. 151251/2019
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/05/2019

6.    Defendant Ning is a lawyer licensed to practice law in the Courts of the State of New York.

### FACTS COMMON TO ALL CLAIMS

7.    Plaintiff Guo left China at the end of 2014 and is currently seeking political asylum in the United States. Guo has been a longstanding critic of corruption within elements of the Chinese government and a leading advocate for government reform in China.

8.    Plaintiff's whistleblowing activities have garnered significant attention and support from around the world. He has been interviewed by many leading newspapers worldwide, including the New York Times, Wall Street Journal, and other international publications.

9.    Guo's exposure of corruption within the Chinese government and Chinese Communist Party ("CCP") has come with a great amount of risk to Guo's own safety and well-being, along with that of his family members. It has led many individuals and companies to attack Guo's reputation, and threaten Guo's safety and livelihood, along with that of Guo's family members, friends and colleagues.

10.    One organization that has personally targeted Guo is Boxun Inc. ("Boxun") which owns and operates the websites www.Boxun.com and www.en.boxun.com.

11.    Boxun has engaged in extensive efforts not only to defame Guo and permanently harm his reputation through false and defamatory reporting, but also spread vicious rumors about Guo's family members that threaten their livelihood.

12.    Boxun has not limited its malice to just Guo but has for years targeted innocent Chinese immigrants that fled the CCP's oppression in China, seeking better lives for themselves in the Unites States. Boxun has targeted these individuals and solicited money from these individuals under the false pretense that Boxun could help these individuals obtain political asylum

2

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM    INDEX NO. 151251/2019
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/05/2019

or otherwise permanent resident status in the United States. However, Boxun has never had the capabilities of assisting any of these people and intentionally preyed upon the very individuals Boxun promised to assist.

13.    Upon information and belief, there are ongoing criminal investigations related to both Boxun and its founder and owner Watson Meng.

14.    Xianmin Xiong ak/a Sino ("Xiong") is a contributing writer and a reporter of Boxun. Xiong has written and published numerous false and defamatory articles about Guo and his family.

15.    Furthermore, upon information and belief, Xiong, along with others at Boxun, has falsely held himself out as a lawyer and immigration specialist to Chinese immigrants seeking to flee the CCP's oppression in China and obtain political asylum and/or permanent resident status in the United States.

16.    Upon information and belief, Xiong has solicited and accepted money from Chinese immigrants under the false pretense that Xiong is a lawyer who could assist these individuals with their immigration to the United States and help these individuals obtain political asylum and/or permanent resident status in the United States.

17.    Some of the individuals that were defrauded by Boxun and Xiong were friends and colleagues of Plaintiff Guo (the "Defrauded Individuals").

18.    Seeing that Boxun and Xiong were i) interfering with Guo's efforts to expose corruption within the Chinese government and CCP, and ii) intentionally deceiving and harming Guo's friends and colleagues, Defendants approached Guo and offered to help by providing information that would prevent Boxun and Xiong from interfering with Guo's anti-corruption efforts and bring Boxun and Xiong to justice.

3

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

19.     Unbeknownst to Plaintiff, Defendants purported attempts to "help" Guo were nothing more than part of their scheme to fraudulently extort money from Guo.

20.     In or about December 2017, while physically in New York, Defendants approached Guo and offered to conduct research and provide information regarding Boxun and Xiong that would prevent Boxun and Xiong from interfering with Guo's whistleblowing efforts and bring Boxun and Xiong to justice. In exchange, Defendants requested that Guo pay Defendants for their services.

21.     During this time, Defendants falsely represented that they could provide legitimate information on Boxun and Xiong that would shine a light on the unlawful conduct of both Boxun and Xiong and simultaneously cease Boxun and Xiong's efforts to interfere with Guo's anti-corruption campaign.

22.     Defendants made these representations with the intent to defraud Guo into paying Defendants for services Defendants knew they could never provide.

23.     Guo trusted and relied on Defendants' false representations and, in or about December 2017, entered into a services agreement (the "Agreement").

24.     One of the important provisions of the Agreement was its confidentiality. In an effort to keep his family and colleagues safe, Guo insisted that Defendants keep the existence, subject matter and parties of the Agreement confidential.

25.     Defendants agreed to keep all aspects of the Agreement confidential. Pursuant to the Agreement, Defendants could not disclose the existence of the Agreement, the identities of any party, or the subject matter of the Agreement to any third party.

4

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

26.    In breach of the Agreement's confidentiality provision, Defendants willingly disclosed both the context of the Agreement and the parties to the Agreement to numerous third-parties.

27.    In fact, defendant Ning breached the Agreement by disclosing its content to Xiong and now represents Xiong in a separate defamation lawsuit between Guo and Xiong.[1]

28.    Defendants Baosheng and Zhao then attempted to extort Guo by demanding millions of dollars from Guo or they would otherwise disclose the Agreement to various third-parties.

29.    Defendants Baosheng and Zhao therafter disclosed the Agreement to third-parties, including but not limited to Xiong and Boxun in breach of their confidentiality requirements and in breach of the Agreement.

30.    Defendants Baosheng and Zhao also disclosed the Agreement to individuals and/or entities with whom defendants Baosheng and Zhao knew Guo had potential business dealings. Defendants Baosheng and Zhao did so with the intent to interfere with Guo's business relations.

31.    As a result, Guo suffered damages including past and future financial loss, loss of future income, interruption with business relations and emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION

### EXTORTION AND ATTEMPTED EXTORTION

32.    Plaintiff repeats and realleges each and every allegation set forth in Paragraph 1 through 31 of this Complaint as if fully set forth herein.

33.    Pursuant to the Agreement, Defendants were to conduct research into and provide information regarding Boxun and Xiong.

---

[1] *See Guo v. Xiong*, New York County Supreme Court, Index No.: 151430/18, Doc. No. 28.

5

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

34.   Pursuant to the Agreement, Plaintiff agreed to pay Defendants a fixed fee and an incentive fee conditioned upon what information Defendants could provide to Plaintiff concerning Boxun and Xiong.

35.   Pursuant to the Agreement, the combined fixed fee and incentive fee payable to Defendants was to be a maximum of $3 million.

36.   In reliance upon the Agreement and in good faith, Plaintiff set aside and did not otherwise invest $3 million based on Defendants' false representations that they could perform under the Agreement.

37.   Although Defendants never performed any work under the Agreement and disclosed the Agreement to various third parties in breach of the Agreement's confidentiality clause, Defendants demanded the fixed and incentive fee in the amount of $3 million be paid to them as though they had fully performed under the Agreement.

38.   Knowing they had no basis to demand payment from Plaintiff, in illegal efforts to extort payment to which Defendants were not entitled, for services which Defendants did not perform, Defendants resorted to a malicious, tortious and extortionate course of conduct, including, but not limited to: threatening physical harm to Plaintiff and his family and property, threatening to publish supposed "facts" concerning Plaintiff for no purpose other than to injure him, and causing Plaintiff irreparable damage to his reputation and in his business, in addition to economic damage.

39.   By their threats and actions, Defendants have attempted to deprive and have deprived Plaintiff of his property by fear of injury to himself and to his property.

6

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM          INDEX NO. 151251/2019
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/05/2019

40.     Defendants committed these threats and acts in furtherance of their malicious, tortious scheme to extort payment from Plaintiff to which they are not entitled and inflict physical and economic harm against Plaintiff's person, property, and reputation.

41.     By reason of the foregoing, and as a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in an amount to be determined at trial but believed to be not less than $2 million.

## AS AND FOR A SECOND CAUSE OF ACTION

### FRAUD

42.     Plaintiff repeats and realleges each and every allegation set forth in Paragraph 1 through 41 of this Complaint as if fully set forth herein.

43.     In or around December 2017, while negotiating the terms of the Agreement, Defendants falsely stated and represented that they could provide detailed and extensive research on Boxun and Xiong. Defendants falsely stated and represented that this information would serve dual purposes of (i) eliminating Boxun and Xiong's interference with Plaintiff's whistleblowing efforts, and (ii) bringing Boxun and Xiong to justice for their misrepresentations to Chinese immigrants.

44.     Defendants knew that this representation was false when they made it to Plaintiff.

45.     Defendants made the false representations with the intent to deceive Plaintiff for the sole purpose of extorting and pilferin money from Plaintiff.

46.     Plaintiff initially believed the Defendants' misrepresentations to be true. Plaintiff acted on Defendants' misrepresentations in good faith by setting aside $3 million for potential payment to Defendants and otherwise not investing that $3 million dollars in other business ventures.

7

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM    INDEX NO. 151251/2019
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 02/05/2019

47.    Plaintiff could not obtain the research and information on Boxun and Xiong on his own because Boxun and Xiong had published countless defamatory and false articles about Plaintiff and his family. As such, Boxun and Xiong would never have agreed to meet with Plaintiff or otherwise provide information to Plaintiff that Defendants represented they could obtain.

48.    By reason of the foregoing, Plaintiff was damaged in an amount to be determined at trial but believed to be not less than $2 million.

## AS AND FOR A THIRD CAUSE OF ACTION

### CONSPIRACY TO COMMIT FRAUD

49.    Plaintiff repeats and realleges each and every allegation set forth in Paragraph 1 through 48 of this Verified Complaint as if fully set forth herein.

50.    Upon information and belief, the Defendants conspired together to defraud Plaintiff.

51.    Upon information and belief, after negotiating the terms of the Agreement, Defendants met amongst themselves and decided that defendant Ning would approach Xiong and disclose the Agreement's existence to Xiong.

52.    Thereafter, Ning, an attorney, did disclose the Agreement's existence to Xiong and is now representing Xiong in a separate defamation lawsuit between Plaintiff and Xiong.

53.    As a result, Plaintiff was damaged in an amount to be determined at trial but believe to be not less than $2 million.

## AS AND FOR A FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

54.    Plaintiff repeats and realleges each and every allegation set forth in Paragraph 1 through 53 of this Complaint as if fully set forth herein.

8

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

55.     Pursuant to the Agreement, Defendants were to conduct research into and provide information regarding Boxun and Xiong.

56.     Pursuant to the Agreement, Plaintiff agreed to pay Defendants a fixed fee and an incentive fee conditioned upon what information Defendants could provide on Boxun and Xiong.

57.     Pursuant to the Agreement, the combined fixed fee and incentive fee payable to Defendants was $3 million.

58.     Plaintiff set aside and did not otherwise invest $3 million based on Defendants' false representations that they could perform under the Agreement.

59.     Defendants' breached the Agreement by (i) disclosing its existence to various third parties in breach of the Agreements' confidentiality clause, and (ii) failing to provide any research at all with respect to Boxun and Xiong.

60.     Defendant Ning disclosed the Agreement to Xiong.

61.     Defendants Baosheng and Zhao disclosed the Agreement to third-parties with whom they knew Plaintiff had potential business relations.

62.     As a result, Plaintiff was damaged in that (i) Plaintiff lost future income by not investing the $3 million in other business ventures; (ii) incurred expenses in negotiating the Agreement; and (iii) increased security costs as a result of Defendants' breach of the Agreement's confidentiality clause, all in amount to be determined at trial but believed to be not less than $250,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

63.     Plaintiff repeats and realleges each and every allegation set forth in Paragraph 1 through 62 of this Complaint as if fully set forth herein.

9

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM

NYSCEF DOC. NO. 1

INDEX NO. 151251/2019

RECEIVED NYSCEF: 02/05/2019

64. Defendants' breached the Agreement by (i) disclosing its existence to various third-parties in breach of the Agreements' confidentiality clause, and (ii) failing to provide any research at all with respect to Boxun and Xiong.

65. Defendants then sought to withhold the benefits of the Agreement from Plaintiff by conspiring to extort money from Plaintiff without every performing their obligations under the Agreement.

66. As a result, Plaintiff was damaged in an amount to be determined at trial but believed to be not less than $250,000.00.

### AS AND FOR A SIXTH CAUSE OF ACTION

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

67. Plaintiff repeats and realleges each and every allegation set forth in Paragraph 1 through 66 of this Complaint as if fully set forth herein.

68. Prior to entering into the Agreement, Plaintiff had a business relationship with a third-party (the "Business Relationship").

69. Upon information and belief, Defendants were aware of Plaintiff's Business Relationship.

70. Upon information and belief, Defendants intentionally interfered with Plaintiff's Business Relationship by informing Plaintiff's known business partners and potential business partners about the Agreement and spreading false rumors to Plaintiff's business partners and potential business partners about Plaintiff's intentions with respect to the Agreement.

71. Upon information and belief, Defendants acted solely out of malice in their interference with Plaintiff's Business Relationship and had no legitimate reason to interfere with Plaintiff's Business Relationship.

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

72.     As a result of Defendants' conduct, Plaintiff's Business Relationship was injured by precluding Plaintiff from entering into other profitable business ventures. Plaintiff was damaged in an amount to be determined at trial but believed to be not less than $3,500,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) On the First Cause of Action: Plaintiff demands judgment against Defendants in the amount of two million ($2,000,000.00) dollars in compensatory damages and punitive damages in an amount to be determined at trial;

(b) On the Second Cause of Action: Plaintiff demands judgment against Defendants in the amount of two million ($2,000,000.00) dollars in compensatory damages and punitive damages in an amount to be determined at trial;

(c) On the Third Cause of Action: Plaintiff demands judgment against Defendants in the amount of two million ($2,000,000.00) dollars in compensatory damages and punitive damages in an amount to be determined at trial;

(d) On the Fourth Cause of Action: Plaintiff demands judgment against Defendants in the amount of two hundred fifty thousand ($250,000.00) dollars in compensatory damages;

(e) On the Fifth Cause of Action: Plaintiff demands judgment against Defendants in the amount of two hundred fifty thousand ($250,000.00) dollars in compensatory damages and punitive damages in an amount to be determined at trial;

(f) On the Sixth Cause of Action: Plaintiff demands judgment against Defendant in the amount of three million four hundred fifty thousand ($3,500,000.00) dollars in compensatory damages and punitive damages in an amount to be determined at trial;

(g) Together with the costs, attorneys fees and disbursement of this action; and

(h) Such other and further relief as the Court deems just and appropriate.

Dated: February 5, 2019
       White Plains, New York

COHEN & HOWARD, LLP
*Attorneys for Plaintiff*

By: Aaron A. Mitchell, Esq.
    766 Shrewsbury Avenue, Suite 200
    Tinton Falls, New Jersey 07724
    (732)-747-5202
    (732)-747-5259
    amitchell@cohenandhoward.com

11

Exhibit 5

NYSCEF DOC. NO. 6                                                    RECEIVED NYSCEF: 05/03/2019

IN THE SUPREME COURT OF NEW YORK STATE

| | |
|---|---|
| **Wengui Guo, aka Miles Kwok** | ) |
| **Plaintiff** | ) **Index Number: 151251-2019** |
| **v.** | ) |
| **Guo Baosheng, Yan Zhao and Ning Ye** | ) |
| **Defendants** | ) |
| | ) |

### Defendant Ning Ye's Answer with Affirmative Defenses and Counterclaims

Defendant Ning Ye, Esq., by and through the undersigned counsel of his own, respectfully answers Plaintiff's Complaint of frivolity, with affirmative defenses and counterclaims, as follows:

Answers:

1. Denied. Civil Conspiracy is not an actionable tort in this jurisdiction;  The rest three appear baseless nonsense;
2. Declined to answer for want of verifiable information;
3. Admitted.
4. Denied.
5. Admitted.
6. Admitted.
7. Denied for Defendant's willful concealment of his own role in "longstanding corruption in China" inclusion with Chinese Secret Police and its such Gestapo Tsars as Ma Jian, Liu Yanping, etc.
8. Denied for Plaintiff's willful misrepresentation of his real role and identity to the world;
9. Denied. The risk of Guo and his family in China has been mostly from Guo's conscience shocking high crimes which are punishable in all civilized countries under rule of law;
10. 11, 12, 13, 14, 15, 16 are denied collectively, categorically and respectively for being clueless, irrelevant and nonsensical.

17. Denied for being clueless and irrelevant;

18. Denied for wild and insane speculation, baseless, and clueless;

19. Denied for baseless fabrication out of typical insanity or for pretending to be insane.

20. Denied for baseless fabrication out of typical insanity.

21. Denied with specific notation that there has been only one "anti-corruption campaign" led by or misled by Chinese Communist Party's totally corrupted ruling bloc under its maximum dictator Xi Jinping to whom Plaintiff frequently vowed to public the world over that he wanted to dedicate his" influence, resources" and ultimately, his "life" to defend.

22. Denied for being baseless, illusionary and irrelevant;

1

NYSCEF DOC. NO. 6                                    RECEIVED NYSCEF: 05/03/2019

23. Denied for being nonsensical, lack of condition precedent for "contract", or With Answer withheld for Plaintiff to show proof of alleged "contract" to the Court, if any;

24. Denied for being nonsensical or With Answer withheld for Plaintiff to show proof of alleged "contract" to the Court, if any;

25. Denied for being nonsensical or With Answer withheld for Plaintiff to show proof of alleged "contract" to the Court, if any;

26. Denied for being nonsensical or With Answer withheld for Plaintiff to show proof of alleged "contract" to the Court, if any;

27. Denied for being untruthful, fraudulent and nonsensical or With Answer withheld for Plaintiff to show proof of alleged "contract" followed that of its leaks, to the Court, if any;

28. Denied as nonsense.

29. Denied for being baseless;

30. Denied for being clueless, baseless and nonsensical.

31. Denied for being illusionary and fraudulent;

32. Denied. Bad as to one, bad as to all.

33. Denied for being nonsensical, lack of condition precedent for "contract performance", or With Answer withheld for Plaintiff to show proof of alleged "contract" to the Court, if any;

34 through 38. Denied, collectively and separately, for being baseless, clueless, nonsensical, insane, lack of condition precedent for "contract performance", there is no contract, or formation thereof between Plaintiff and this Defendant, or with answers withheld for Plaintiff to show proof of alleged "contract" to the Court, if any;

39. Denied for being clueless, baseless and nonsensical;

40. Denied for being clueless, baseless, nonsensical and defamatory.

41. Denied for being baseless, clueless and want of; conditions precedent;

42. Denied for being clueless, baseless, nonsensical and defamatory..

43. Denied for being clueless, baseless, nonsensical and defamatory..

44. Denied for being clueless, baseless, nonsensical and defamatory.

45. Denied for being clueless, baseless, nonsensical and defamatory.

46. Denied for being clueless, baseless, speculative, nonsensical and defamatory by part of factual narrative, which is untruthful. Accept by part for Party's admission and estoppel.

47. Denied for being clueless, baseless, speculative, nonsensical and defamatory.

48. Denied for being clueless, baseless, speculative, nonsensical, insane and defamatory.

2

NYSCEF DOC. NO. 6                                    RECEIVED NYSCEF: 05/03/2019

49. Categorically denied.

50. Denied for being clueless, baseless, speculative, nonsensical and defamatory.

51. Denied for being clueless, baseless, insane, nonsensical and defamatory.

52. Denied for being clueless, baseless, speculative, nonsensical and defamatory.

53. Denied for being clueless, baseless, speculative, nonsensical and defamatory.

54. Categorically denied.

55. Denied for want of condition precedent: "Agreement" which exists nowhere.

56. Denied for want of condition precedent: "Agreement". which exists nowhere

57. Denied for want of condition precedent: "Agreement". which exists nowhere. If Plaintiff believes that what he said contract does indeed exist, he is encouraged to deposit what he vowed that $3M to the Clerk of this Court;

58. Denied for want of condition precedent: "Agreement". which exists nowhere. If Plaintiff believes that what he said contract does indeed exist, he is encouraged to deposit what he vowed that $3M to the Clerk of this Court;

59. Denied for want of condition precedent: "Agreement". which exists nowhere

60. Denied for want of condition precedent: "Agreement". which exists nowhere

61. Denied for want of condition precedent: "Agreement". which exists nowhere

62, Denied for want of condition precedent: "Agreement". which exists nowhere. If Plaintiff believes that what he said contract does indeed exist, he is encouraged to deposit what he vowed that $3M to the Clerk of this Court, rather than any other underworld depositories;

63. Denied for want of condition precedent: "Agreement". which exists nowhere

64, 65, 66.: All Denied for want of condition precedent: "Agreement". which exists nowhere

From 67 through 72: All Denied for being clueless, baseless, speculative, nonsensical, insane and defamatory.

**Affirmative Defense:**

**Affirmative Defense One: Motion for Summary Dismissal with Prejudice on Plaintiff's Claim pursuant to CPLR 3211 a (7): Failure to State a Cause of Action**

Plaintiff's Complaint is a poorly crafted sheets of pleading paper in which the labels of cause of action does not match the enumerated counts of allegations. Affirmative Defenses has to reconstruct what Plaintiff really meant to talk about.

3

NYSCEF DOC. NO. 6                                              RECEIVED NYSCEF: 05/03/2019

**Counterclaims:**

Defamation by Libel and Slander

On November 23, 2018; (exhibit 1A) December 7, 2018 (Exhibit 2 and 3), December 8, 2018, (Exhibit 4 and 5)  Defendant Guo Wengui repeated, massively  defamed Defendant Ning Ye for "beastality, immigration frauds, sexual assaults" by repeating his old tactic, which has been going unpunished yet, by advertising through out the world using his "Guo Media" calling for any and all victimized women to stand up to take actions against "beastal lawyer" Ning Ye, implicating his paying high roller rewards for exposing such scandalous "criminal offenses" which exist nowhere.  Due to the fact that Mr. Guo Wengui's advertisement give his half million viewers a misled false impression that this Defendant did commit scandalous beastality and sexual assaults against women, such broadly spread public call is a textbook type defamation which was designed, devised, and broadly published simply to ruin the victim's public image and reputation, damaging the victim's business, and causing his sufferings from disgrace of by the community, knowing it is false.

In November 2017, Defendant Guo used the same tactic, advertising and calling for the women victims world over, to act to fight back against eight falsely alleged "sexual predators" among them there was Professor Yeliang Xia, by offering U.S$ 100,000.00 to each exposing woman "victim", a bribery for perjury.  Mr. Guo's fishing trip has somewhat successful and at least one woman has been hooked by Mr. Guo's decoy.  A Michillin Restaurant owner came up to help Mr. Guo's wire fraud in obstruction of justice by lying that Professor Xia Yeliang sexually molested her in her restaurant. (Exhibit 6 and 7)    The hoax was later aborted because one of Mr. Guo's accomplices who knows everything rebelled him and told the truth and that woman also despised Mr. Guo because the latter, a multi-billion red mogul dishonored his advertised promise of $100K.  The end results of monetary disputes between two conspirators ended up with paying $10K instead of $100K, a further proof of wire fraud, Plaintiff had never meant to seriously honor what he promised to women at large for committing criminal mischief.

Plaintiff's advertisement, among all other extremely vicious defamatory actions, has been legally sufficient to be found as common law defamation and defamation per se.

19

NYSCEF DOC. NO. 6                                    RECEIVED NYSCEF: 05/03/2019

In the State An action for defamation is one where a defendant is accused of making a
false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or
disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive
him of their friendly intercourse in society. Foster v. Churchill, 87 NY2d 744, 751 (1996); See
also, Manfredonia v. Wiess, 37 AD3d 286 [*7](1st Dept. 2007); Dillon v. City of New York, 261
AD2d 34 (1st Dept. 1999); Fairley v. Peekskill Star Corporation, 83 AD2d 294 (2nd Dept. 1981).
The elements of a defamation action are (1) the publishing of a false statement to a third party; (2)
publishing said statement without authorization or privilege; (3) fault, judged at a minimum by a
negligence standard; and (4) special harm or defamation per se. Dillon v. City of New York, 261
AD2d 34 (1st Dept. 1999); Salvatore v. Kumar, 2007 WL 3307778 (2nd Dept. 2007). Special
harm or special damage means the loss of something having economic or pecuniary value.
Liberman v. Gelstein, 80 NY2d 429 (1992).

Due to the fact that Plaintiff's very vicious defamation was also publicized in writing, and the
nature of such defamation which may even involve elements of criminal activities, proving of
economic loss, which does exist, is not needed.

Special damages need not be pled or proven when the cause of action is for defamation per se. Id.
Rinaldi v. Holt, Rinehart & Winston, Inc., 42 NY2d 369 (1977); Donati v. Queens Ledger
Newspaper Group, 240 AD2d 696 (2nd Dept. 1997).   Slander per se is any oral statement which
relate to any one of the following: statements charging plaintiff with a serious crime, statements
that tend to injure another in his trade, business or profession, statements that accuse plaintiff of
having a loathsome disease, or statements that impute that a woman is unchaste. Id. Libel per se
is a writing which exposes plaintiff to "public contempt, ridicule, aversion or disgrace, or
induce[s] an evil opinion of him in the minds of right-thinking persons, and to deprive him of
their friendly intercourse in society." Rinaldi v. Holt, Rinehart & Winston, Inc., 42 NY2d 369,
379 (1977).

Had Plaintiff's vicious plot to call for allegedly "victimized women" to fight back against falsely
alleged "sexual criminal" of "beastality" of this legal counsel representing his adversaries
succeed in any way, this undersigned would have experienced enormous, or even life threatening,
catastrophes , which may ranging from losing his professional license, prison detention, and

20

NYSCEF DOC. NO. 6                                          RECEIVED NYSCEF: 05/03/2019

premature death. Plaintiff's such egregious misconduct must be curbed and punished by punitive damages!

Additionally, Plaintiff's baseless narrative in this instant action falsely accusing Defendant to have committed fraud to entrapping the Plaintiff, ending up causing his again completely fraudulent damages of more than 12million U.S. dollars in conspiracy with two co-defendants are in totally defamatory in nature.  Such a egregious defamation under the disguises of litigation does not enjoy an absolute immunity from being suit if its frivolity and retaliatory in nature appears so obvious.

For such a defamation against the Defendant in this magnitude, plaintiff respectfully prays for the Honorable Court to award treble damages based upon damages in addition to permanent injunction being sought by the Plaintiff against the Defendant Ning Ye.

A plaintiff seeking to recover on a cause of action asserting defamation per se inasmuch as a defendant's statements have hurt his trade, business or profession, must prove that the defamation is of the kind incompatible with his business, trade, office, or profession. Liberman v. Gelstein, 80 NY2d 429 (1992). The statement must be in reference to a matter of significance and importance for that purpose. Id.  Beastality and sexual assaults against women are typically this type of defamation per se.

In evaluating whether a statement is defamatory
the words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction
Dillon v. City of New York, 261 AD2d 34, 38 (1st Dept. 1999); See also, Aronson v. Wiersma, 65 NY2d 592 (1985). Accordingly, whether words are defamatory present a question of law for the court to decide in the first instance. Id. To that end, courts will not strain to find defamation where none exists. Dillon v. City of New York, 261 AD2d 34, (1st Dept. 1999); Fairley v. Peekskill Star Corporation, 83 AD2d 294 (2nd Dept. 1981). Loose, figurative, or hyperbolic statements, even if deprecating are not actionable. Dillon v. City of New York, 261 AD2d 34 (1st Dept. 1999).

21

NYSCEF DOC. NO. 6                                              RECEIVED NYSCEF: 05/03/2019

With regard to defenses to defamation, truth provides a complete defense to an action asserting defamation. Fleckenstein v. Friedman, 266 NY 19 (1934); Dillon v. City of New York, 261 AD2d 34 (1st Dept. 1999); Proskin v, Hearst Corporation, 14 AD3d 782 (3rd Dept. 2005); Love v. William Morrow and Co., Inc., 193 AD2d 586 (2nd Dept. 1983); Smith v. United Church Ministry, Inc., 212 AD2d 1038 (4th Dept. 1995); Schwatzberg v. Mongiardo, 113 AD2d 172 (3rd Dept. 1985).

Substantial truth, will also suffice to defeat an action for defamation. Id.; Leibowitz v. St. Luke's Roosevelt Hospital Center, 281 AD2d 350 (1st Dept. 2001); Fairley v. [*8]Peekskill Star Corporation, 83 AD2d 294 (2nd Dept. 1991). On the issue of substantial truth as a bar to defamation the court in Fleckenstein, articulated what it called a workable test, namely whether the statement as published would have a different effect on the reader or listener than the truth as pleaded. Fleckenstein v. Friedman, 266 NY 19 (1934). The rationale being that [w]hen the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done. Id. at 23.

Plaintiff's defamation has absolutely no truth, much less substantial truth.  It was completely fabricated to defraud the general public and to cause enormous harms against the Defendant.

For the Defamation against the Defendant Ning Ye, he prays for this Honorable Court to award the treble damages in punitive nature, ranging from $12,000,000.00 to $36,000,000.00.

Defendant Ning Ye also respectfully prays for such relief as permanent injunctive relief which bars the Plaintiff under the penalty of contempt, from any such defamatory actions against Defendant.

## Counterclaims Number Two: RICO Violations

Defendant has criminal history as a convicted felon in China and was again criminally convicted for international money laundering by Hong Kong's High Court and was confiscated for criminal forfeiture of 62.4 billion Honog Kong dollars, roughly equalizing 10billion U.S. dollars. (Exhibit 8)

22

NYSCEF DOC. NO. 6                                    RECEIVED NYSCEF: 05/03/2019

Plaintiff's grave covert actions committed in the United States mostly in felony natures, starting from huge amount of money laundering to fund his abusive and massive litigations in frivolity against Chinese political dissidents and his spying operation for China, many of such activities are in criminal nature, from espionage, unregistered foreign agents activities to obstructing justice by corrupted procurement of "victimized women's" perjury, are not engaged, pursued or accomplished by his lone person. Plaintiff's large scale of wrongful and criminal covert acts were designed, devised, pursued, engaged and accomplished through his collusion with Communist China's secret police apparatus, and variety of large group of co-conspirators, accomplices in aiding and abetting to him (Exhibit 9). Some of his accomplices are apparently dispatched and assigned by Communist China's secret police, or simply his fellow colleagues within the elite circle of Chinese secret police, an equivalent to NAZI Germany's Gestapo and former USSR's KGB.

Therefore, this Defendant is one of the victims of Mr. Guo Wengui's RICO conspiracy and RICO activities seen in his covert actions.

Plaintiff's vicious covert action in criminal alliance with China's Secret Police and its members has violated 18 USC 1962, and his violation of Section 1962 has caused enormous injury against this Defendant.

Section 1964(c) of RICO, 18 U.S.C. §§ 1961–1968, provides a private right of action to any person injured in its business or property by reason of a violation of the activities prohibited by section 1962. "To establish a RICO claim, a plaintiff must show: (1) a violation of 18 U.S.C. § 1692; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (quoting DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001) ). To establish RICO violation, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) ).

Plaintiff's harm by advertising to procure perjury to entrap the Defendant into an anticipated endless and scandalous legal and disciplinary troubles thich could be in worst scenario life threatening even if this Defendant may end up getting delayed clearance. Plaintiff's such covert action to show his allegiance to Chinese Communist tyranny(Exhibit 8, supra) for retaliatory

23

NYSCEF DOC. NO. 6                                        RECEIVED NYSCEF: 05/03/2019

purpose was not done by his lone efforts, it was accomplished by numerous operations by an huge such unlawful enterprises as Guo Media, Guo Ants Mafioso Underworld, the Chinese Communist Party and its maximum dictator Xi Jinping, the Secret Police of the People's Republic, namely, MSS (Exhibit 9),  and its such Tsars as Mr. Liu Yanping, Mr. Gao Hui, Mr. Ma Jian, acting in orchestration.  Mr. Guo's wrongful conducts shows a pattern of signature criminal behavior: Advertising criminal in nature defrauding advertisement to procure women's perjury testimonies by falsely offering high roller corruptive cash rewards, causing to sue and to distort by using his criminal proceeds as international money laundering (See Testimony by Mr. Guo Baosheng plaintiff's former key associate, as Exhibit 10); Such Plaintiff's covert actions are of  corruptive, and racketeering activities in nature among all other criminal and unethical features.  It is four corner squared RICO act.

"Racketeering activity" is defined to include any "act" indictable under various specified federal statutes, including the mail and wire fraud statutes and the obstruction of justice statute. See 18 U.S.C. § 1961(1) (defining "racketeering activity" to include offenses indictable under 18 U.S.C. §§ 1341 (relating to mail fraud), 1343 (relating to wire fraud), and 1503 (relating to obstruction of justice) ). A "pattern of racketeering activity" is defined by the statute as "at least two acts of racketeering activity" within a ten-year period. 18 U.S.C. § 1691(5).  Plaintiff's signature pattern in calling for allegedly "victimized women" to fight the so-called, predetermined "sexual predator" to obstruct justice by corruptive wire frauds.

Defendant respectfully pray for the Honorable Court to award punitive treble damages against Plaintiff for RICO violations, based upon Plaintiff's demanded amount of damages.

Conclusion: Prayer of Relief

Wherefore, in the foregoing light, Defendants respectfully prays to this Honorable Court for the following reliefs:

The Part of Plaintiff's Complaint of frivolity be dismissed with prejudice;

An injunctive relief is granted to Defendant to enjoin Plaintiff from continuing spreading distortion and defamations against Defendant

For the part of Defendant ning Ye's Counterclaim, Defendant prays for a Summary Judgment in favor of Defendant Ning Ye's Counterclaims:

24

NYSCEF DOC. NO. 6                                    RECEIVED NYSCEF: 05/03/2019

To award Defendant Ning Ye with Punitive treble damages for Defamation, Defamation per se, calculation of the amount of punitive treble damage shall be based upon Plaintiff's Claim as of $12,000,000.00;

To award Defendant Ning Ye with Punitive treble damages for Plaintiff's RICO, calculation of the amount of punitive treble damage shall be based upon Plaintiff's Claim fas of $12,000,000.00;

To award Defendant Ning Ye with sanctions by filing frivolous and retaliatory suit pursuant to 22 NYCRR § 130-1.1 and for cost pursuant to CPLR 8303

Defendant prays for a permanent injunction to enjoin Plaintiff from inflict further agonizing and costly legal action of frivolity against this Defendant.

Defendant prays for a permanent injunction to enjoin Plaintiff from inflict further agonizing and costly legal action of frivolity against this Defendant.

Defendant prays that this Honorable Court also award the Defendant with such other relief as this Court finds it appropriate.

Should this case on plaintiff's part be not instantly dismissed with prejudice, Defendant **respectfully prays for a trial of facts by jury.**

Respectfully submitted by,


/s/Law Office of Ning Ye, Esq.
For Defendant Ning Ye


25

Exhibit 6

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM   INDEX NO. 151251/2019
NYSCEF DOC. NO. 66                                   RECEIVED NYSCEF: 03/23/2022

1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

-------------------------------------------------X

Wengui Guo, Plaintiff, Plaintiff     Index No.151251/2019

vs.     Notice of Motion to Dismiss for An Abandoned

Baisheng Guo, et al     Complaint

Defendants     The Honorable David B. Cohen

-------------------------------------------------X

### NOTICE OF MOTION FOR LEAVE OF THE COURT TO FILE SUPPLEMENTAL MOTION TO DISMISS AND OF THE AMENDED MOTION TO DISMISS

Madams and/or Sirs:

PLEASE TAKE NOTICE that, pursuant to CPLR 3025(a) and (b), upon the annexed Motion for Leave of the Court to File Defendants' Amended CPLR 3211 (a)(7) Motion to Dismiss, and the Amended Motion to Dismiss remaining Count 4 of this Complaint leading to Dismissal of the entire Complaint with Prejudice, with the annexed Affidavit, papers, certificates, and exhibits, and all the pleadings and proceedings heretofore had herein, the undersigned will move this Court at the Motion Part 130, New York County Courthouse, 60 Centre Street, New York, NY 10007 on 12th day of April, 2022, Tuesday at 9:30 am in the forenoon, of that day or as soon as thereafter as the counsel(s) can be heard, for Defendants' Motion to Dismiss the Complaint for an abandoned case, on the Plaintiff's side, in the light of CPLR 3404, for an abandoned clueless claim of frivolity.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2214 (b), answering papers if any must be served on the undersigned no later than seven (7) days before the Motion is noticed to be heard.

Dated: 03/14/2022
New York County, New York State

Respectfully submitted by
/s/Ning Ye, Counsel for the Defendants
135-11 38th Avenue, Rm 1A
Flushing, NY 11354
Tel.:7183086626; Fax: 7182285816
Email: yeningusa@gmail.com

To: Aaron A. Mitchell, Esq.

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM

NYSCEF DOC. NO. 68

INDEX NO. 151251/2019

RECEIVED NYSCEF: 03/23/2022

Certificate of Compliance:


This undersigned, hereby certifies that the Motion to Reargue is in full compliance 22 NYCRR § 202.8-b [a] and (c ). This undersigned further certifies that this Affirmation is counted with 13222 words below the word count limit and this word count relies upon the word count of the word-processing, namely, Micro-Soft Word, which was used to prepare this document.


---

s/Ning Ye, Esq.

Counsel for the Defendants

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM
NYSCEF DOC. NO. 66

INDEX NO. 151251/2019
RECEIVED NYSCEF: 03/23/2022

2

Counsel for the Plaintiff

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

-------------------------------------------------X

Wengui Guo, Plaintiff, Plaintiff

vs.

Baisheng Guo, et al

Defendants

Index No.151251/2019

Notice of Motion to Dismiss for An Abandoned Complaint

The Honorable David B. Cohen

-------------------------------------------------X

### DEFENDANTS'S MOTION FOR LEAVE OF THE COURT TO FILE  AMENDED MOTION TO SUPPLEMENT THEIR  3211 (a)(7) MOTION TO DISMISS THIS CLUELESS COMPLAINT OF FRIVOLITY WHICH HAS BEEN ABANDONED

Defendants, by and through their undersigned counsel Ning Ye, Esq., respectfully pray, for Leave of the Court, pursuant to CPLR 3025 (a ) and (b ) to file this Supplemental CPLR 3211 (a )(7 ) Motion (Doc 55, 01/22/2020) with this Honorable Court to dismiss the the remaining small portion of the above-captioned Complaint on Plaintiff's part with prejudice,  given to the latest development demonstrating Plaintiff's multifaceted dooms, under the circumstances where Plaintiff's abandonment in unreasonable failure to prosecute pursuant to CPLR 3404 appears self-evident. Any further permission in favor of Plaintiff so-called "litigation revolution's" last dying breath in this instant case may be a waste of this Honorable Court's precious and scarce judicial resources.

On February 5, 2019, Defendant Ho Wan Kwok, by and through his counsel, Aaron Mitchell, Esq., filed a text-book type frivolous Complaint against the named Defendants for following six counts of cause of actions: 1. Extortion and Attempted Extortion; 2. Fraud; 3. Conspiracy to Commit Fraud; 4. Breach of Contract; 5. Breach of the Implied Covenant of Good Faith and Fair Dealing, 6. Tortious Interference with Business Relations.

To prove Plaintiff's story that there is an alleged service contract existing between Plaintiff Wengui Guo (aka: Miles Kwok, or "Haoyun Kwok") and Defendants, and to further prove, by fraud and willful misrepresentation to the Court, his "good faith" not only on the contract formation phase, but on performance phase, Plaintiff had US$3,000,000.00 "set aside" for the Defendants as his "intended beneficiaries". Though $3M did not look like to have satisfied Defendants/counter-plaintiffs' dollar amount demand for Defendants' damages set forth in their counterclaims, Defendants any way welcomed Counter-Defendant Wengui Guo's offer, and recommended that Mr. Guo to deposit so-called "set-aside" $3M cash into this Honorable Court's escrow account by the Clerk, pending final disposition of this case. As of this date, it appears that Plaintiff had not deposit a single penny into the Clerk's Account accordingly. This is one of the most recent developments for which this Honorable Court may take record of it.

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM
NYSCEF DOC. NO. 66

INDEX NO. 151251/2019

RECEIVED NYSCEF: 03/23/2022

3

On January 2020, Defendants respectfully filed a CPLR 3211 Motion to Dismiss the Complaint by its Entirety with Prejudice (Doc 55). This Honorable Court, apparently by exercising the brilliant judicial wisdom, issued an order on June 18, 2020, (Doc 64), dismissing counts 1,2,3,5,and 6, left the Count 4 of the Breach of Contract remaining for further adjudication. Again as of this date, Plaintiff had not deposit with the Clerk of the Court what he swore $3 Million "set aside" contract forbearance cash by designating three Defendants as intended beneficiaries into the Clerk's Account to demonstrate his "good faith performance" on his part to prove an existence of a contract against which Defendants had allegedly breached. This is one of the most recent developments for which this Honorable Court may take record of it. Failure to do so without even answering to the proposal with a single word, It has now become crystal clear that this Plaintiff's allegation of a "contract" and "breach" thereof by Defendants are completely a hoax, a clueless, not just groundless, fraud to fool and ridicule the Honorable Court.

Additionally, Plaintiff has failed to file the Court ordered NOI on or before October 29, 2020. With these developments in place, Defendants humbly pray to this honorable Court that they be permitted to leave of the Court to file amended CPLR 3211 (a )(7) Motion to Dismiss the remaining count, breach of contract, leading to dismissal of the Plaintiffs entire Complaint with prejudice.

With these Developments, Defendants humbly pray that this Honorable Court grant Defendants with a Leave of the Court to File an Amended CPLR 3211 (a)(7) Motion to Dismiss Plaintiff's entire clueless Complaint of frivolity by its entirety with prejudice.

This Motion will be respectfully filed with this Honorable Court together with the Defendants' Amended CPLR 3211(a)(7 ) Motion to Dismiss, and Counsel's Affirmation and all other such documents as of Certificates and exhibits.

Wherefore, in the foregoing light, Defendants respectfully pray that they be grant a Leave of the Court to file an Amended CPLR 3211 (a)(7) Motion to Dismiss the Remaining Count 4 leading to Dismissal of the Plaintiff's Entire Complaint with prejudice.

Respectfully submitted by,


s/Ning Ye, Esq.
For All Defendants

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM
NYSCEF DOC. NO. 66

INDEX NO. 151251/2019
RECEIVED NYSCEF: 03/23/2022

4

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

-------------------------------------------------X

| | |
|---|---|
| Wengui Guo, Plaintiff, Plaintiff | Index No.151251/2019 |
| vs. | Amended Motion to Dismiss the |
| Baisheng Guo, et al | Complaint |
| Defendants | The Honorable David B. Cohen |

-------------------------------------------------X

### DEFENDANTS' AMENDED MOTION TO DISMISS REMAINING COUNT 4 LEADING TO DISMISSAL OF THE ENTIRE COMPLAINT WITH PREJUDICE ON PLAINTIFF'S PART AND PRAYING FOR GRANT OF COUNTERCLAIMS AND MEMORANDUM OF LEGAL AUTHORITIES THEREOF

Defendants, by and through their undersigned counsel Ning Ye, Esq., respectfully pray, for Leave of the Court, pursuant to CPLR 3025 (a ) and (b ) to file this MENDED CPLR 3211 (a )(7 ) Motion with this Honorable Court to dismiss the above-captioned Complaint on Plaintiff's part, by its entirety, with prejudice, also pursuant to CPLR 3404.

On June 18, 2020, this Honorable Court issued a Decision-Order on Defendants' Motion to Dismiss Complaint for failure to state all six causes in his complaint (Motion #6, Doc 55) regarding Doc. 55, 60 and 62, by granting the Motion by count 1, 2, 3, 5 and 6, denying the Motion for count 4, Breach of Contract, given to Plaintiff's claim, among others, that he had dutifully set aside $3,000,000.00 for the Defendants as allegedly "intended beneficiaries" to show his good faith in honoring his forbearance not only for the formation phase, but also on the performance phase of a "contract". Plaintiff's quantum leap rushing to a contract in his fantasy world, and his claim of performance *nunc pro tunc*, merely for litigation purpose, has made a so called service contract between two adversaries look like a real one, apparently by knowing fraud upon the Court. While highly acclaiming this Honorable Court's 06/18/2020 Order which threw out super majority of Plaintiff's counts, Defendants' feel it necessary to pray to this Honorable Court to grant their Leave of the Court to File Their Amended Motion to Dismiss the remaining count pursuant to CPLR 3211 (a)(7) with new development and to grant Defendants/Counter-Plaintiffs Prayers for appropriate reliefs.

### Procedural Posture

1. On January 22, 2020, this Honorable Court issued a Scheduling Order, which, among others, ordered the Plaintiff to file a Note of Issues by October 29, 2020. (Exhibit 2). As of this date, 16 months has past the Court ordered deadline for the Plaintiff to file NOI,

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM

NYSCEF DOC. NO. 66

INDEX NO. 151251/2019

RECEIVED NYSCEF: 03/23/2022

5

Plaintiff "unreasonably failed" to do so. Plaintiff may have million reasons to defend his unreasonable failure, yet it is Plaintiff 's duty to file a Motion with reason to explain to the Court for continuance, if Plaintiff did not mean to commit civil contempt. Plaintiff's two-year idling by simply sleeping on his case has demonstrated his abandonment of his Complaint, while the fact pattern shows Plaintiff may be unable to do anything better than resting on his knowing frivolous case by doing nothing.   Plaintiff has demonstrated his intention in abandoning his clueless Complaint of frivolity and thus the case should be dismissed;

2.  In order to survive from Defendants' CPLR 3211(a)(7) Motion to Dismiss for the part of alleged "Breach of Contract", Plaintiff Wengui Guo (AKA: "Miles Kwok") presented to this Honorable Court, that he had "$3,000,000.00 set aside" for concretely performing what he alleged "the contract" on his part for the purpose to engage Defendants to perform their part in offering service he had bargained for. In response  to Plaintiff's claim in "setting aside $3M" likely *nunc pro tunc*,  Defendants demanded in their answer to the Complaint with Affirmative and Counterclaims, that Plaintiff deposit that "set-aside" $3M to the Escrow Account of the Clerk of this Court, in order for the Plaintiff  to demonstrate his claim of "real contract" with $3M setting aside in "good faith" on his part were not out of his illusionary fantasy, or not mere fraud to fool the Honorable Court. Seeing Defendants' such reasonable and explicit request, Plaintiff has remain silent for a period of approximately two years.  Defendant has failed to deposit such fraudulently offered "setting-aside $3,000,000.00 with the Clerk of the Court;

3.  Since day 1 of Plaintiff's having his Complaint docketed with this Court, Plaintiff has not submit any single sheet of executed papers to substantiate his clueless claim of "contracting with Defendants".

4.  Plaintiff Wengui Guo has most recently admitted his doom in this legal action by admittedly listing all three Defendants as his litigation creditors, in which he presented to the U.S. Bankruptcy Court in Hartford Connecticut that he had indebted to all three Defendants in this action for litigation related debts ranging from $3M to 12 millions. (See U.S. Bankruptcy Paper as Exhibit 2)

## Status Report by Defendants

On January 22, 2020, this Honorable Court issued a Scheduling Order, which for the relevant part, ordered, among other schedules, the *Plaintiff* to submit the Note of Issues to the Court on or before October 29, 2020. (See Exhibit 1, with relevant part highlighted in yellow.). As of this date, 16 months after the deadline of NOI submission, Plaintiff did neither submit the NOI to the Court, nor any motions or pleas which sought for continuance or enlargement of time, presenting the reasons for this Court to forgive its excusable neglect.

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM

NYSCEF DOC. NO. 66

INDEX NO. 151251/2019

RECEIVED NYSCEF: 03/23/2022

24

**Conclusion:**

Wherefore, in the foregoing light, this undersigned respectfully prays that this Honorable Court, by the Honorable Clerk, dismiss the Complaint without prejudice. A prompt solution appears justifiable and appropriate in this instant case not only for procedures, but also for substantive law of justice.

**Prayer for Reliefs:**

Defendants respectfully prays for the following reliefs:

Defendants Motion for Leave of Court to File Amended CPLR 3211 Motion be granted.

For Remaining Count 4, Breach of Contract, Defendants respectfully pray that this Honorable Court to dismiss that remaining Count for failure to state a claim upon which relief can be rendered, pursuant to CPLR 3211(a)(7), hence dismiss the entire case on the Plaintiff's part with prejudice.

For the part of Defendants/Counter-Plaintiffs' Part, which this Honorable Court has not yet disposed, counter-plaintiffs respectfully pray the following reliefs:

Injunctive Relief: Plaintiff Wengui Guo publicize a Confession and Apology to all Defendants to confess his wrongful mischief in New York Times and Wall Street Journal, by the size of no smaller than one 8th of a page, every day for seven days*. The text of the confession should be drafted by the counter-Plaintiff Ning Ye, and approved by this Honorable Court.

Permanent injunctive relief which enjoins Plaintiff under the penalty of contempt, from engaging in any such defamatory actions against Defendants in any media.

Permanent injunctive relief which enjoins Plaintiff under the penalty of contempt, for submitting detailed accounting/auditing reports to specify, item by item, his exact assets being placed in all his shell companies and trustees, offshore financial institutions, in and out of the United States.

Permanent injunctive relief which enjoins Plaintiff under the penalty of contempt, for submitting detailed accounting/auditing reports to specify, item by item, his exact assets being placed in all his shell companies and trustees, offshore financial institutions, in and out of the United States, specifically disclose the contents of his "verbal loaning" funds** funneling from any financial resources he laundered in conspiracy with such of his shell companies as Golden Spring New York, Inc., Arabic-China Foundations, any and all offshore financial institutions in the name of his spouse, his son and daughter, and his CCP/MSS handlers/corroborators within a period of 3 months after the entry of this Judgment.

Counter-Plaintiffs also respectfully pray that this Honorable Court render a Declaratory Relief to Declare that all institutions, financial institution which were formed by Counter-Defendant Wengui Guo to promote counter-defendant's so-called "litigation Revolution" as extraterritorial persecution instrument targeting political dissidents from China, given to these institutions being penalized by the SEC, New York DA, and USDOJ, are illegal organizations., and should be banned.

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM

NYSCEF DOC. NO. 66

INDEX NO. 151251/2019

RECEIVED NYSCEF: 03/23/2022

25

**Monetary Relief\*:**

Counter-Plaintiffs also respectfully pray that this Honorable Court render Monetary Relief to all Counter Plaintiffs as follows:

$12 Million for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for Defamation *per se*;

$3 Million for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for RICO Violations;

$60,000.00 for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for filing frivolous complaint;

$60,000.00 for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for filing Retaliatory complaint.

Such other fees and costs, other reliefs as this Honorable Court finds it appropriate.

Should this Court finds that the time is not ripe to grant these reliefs, Counter-Plaintiffs respectfully pray that their counter-claims be adjudicated by Jury Trial.

Respectfully submitted by,

s/Ning Ye, Esq.,
Counsel for all Defendants/Counter-Plaintiffs

---

\*Let Counter-Defendant make one time good, ethical and decent expenditure, rather than a complete waste in "litigation revolution", in enforcing hitting list for his handlers in Beijing, or messing up U.S. democratic election process, of his apparently shared assets with the world's notoriously infamous dictatorship all accumulated from unjust enrichment from the enslaved people of all nationalities on the CCP occupied land.

\*\*In Guo v. Xia, a civil Complaint with the U.S. District for the Eastern District of Virginia, now pending appeal for years with the 4th Circuit, Counter-Defendant Guo testified under oath in both Deposition and jury trial that he loaned about $3billions "by verbal agreement (?!)". Now, this Mr. Slippery Willy filed Chapter 11 Petition with U.S. Bankruptcy Court in Connecticut, stating that his only income is approximately 19 thousand dollars per month, while admitting all three counter-plaintiffs in this case has claims against him ranging from $3Million to $12Million in disputes. Being elected to be the member of three-member committee for unsecured creditors. Mr. Ye will certainly challenge his less than $240,000.00 declared income in comparison to his sworn "verbal loan" of $3billions. He made stupid mistakes in contempt of court by hiding his Lady May overseas, and attempting to evade this Court's penalty, resulted in his foolish move to seek for Chapter 11 bankruptcy. His disoriented move spared me from seeking for passive, involuntary bankruptcy against this hit n run folk.

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM
NYSCEF DOC. NO. 66

INDEX NO. 151251/2019
RECEIVED NYSCEF: 03/23/2022

26

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

-------------------------------------------------X

Wengui Guo,  Plaintiff, Plaintiff

vs.

Baisheng Guo, et al

Defendants

-------------------------------------------------X

Index No.151251/2019

Amended Motion to Dismiss the
Complaint

The Honorable David B. Cohen

## <u>ORDER (DRAFT)</u>

This Court, having considered Defendants/Counter-Plaintiffs' Motion for Leave of Court to File Amended CPLR 3211 Motion to Dismiss the Complaint, having found that good cause does exist. Defendants Motion for Leave of Court to File Amended CPLR 3211 Motion be granted.

This Court, having considered Defendants/Counter-Plaintiffs Amended Motion for Dismissal of the Complaint's last remaining Count by its entirety with prejudice, finding good cause does exist to grant Defendants/Counter-Plaintiffs' Motion. The remaining count 4 of the Plaintiff's Complaint, hence the Complaint by its entirety on plaintiff's part, is hereby dismissed with prejudice.

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM

INDEX NO. 151251/2019

NYSCEF DOC. NO. 66

RECEIVED NYSCEF: 03/23/2022

27

This Court, further considered Defendants/Counter-Plaintiffs Amended Motion seeking for this Court's Relief in granting their counter-claims, finding that good cause does exist to grant the following reliefs:

Injunctive Relief: Plaintiff Wengui Guo publicize a Confession and Apology to all Defendants to confess his wrongful mischief in New York Times and Wall Street Journal, by the size of no smaller than one 8th of a page, every day for seven days*. The text of the confession should be drafted by the counter-Plaintiff Ning Ye, and approved by this Honorable Court.

Permanent injunctive relief which enjoins Plaintiff under the penalty of contempt, from engaging in any such defamatory actions against Defendants in any media.

Permanent injunctive relief which enjoins Plaintiff under the penalty of contempt, for submitting detailed accounting/auditing reports to specify, item by item, his exact assets being placed in all his shell companies and trustees, offshore financial institutions, in and out of the United States.

Permanent injunctive relief which enjoins Plaintiff under the penalty of contempt, for submitting detailed accounting/auditing reports to specify, item by item, his exact assets being placed in all his shell companies and trustees, offshore financial institutions, in and out of the United States, specifically disclose the contents of his "verbal loaning" funds** funneling from any financial resources he laundered in conspiracy with such of his shell companies as Golden Spring New York, Inc., Arabic-China Foundations, any and all offshore financial institutions in the name of his spouse, his son and daughter, and his CCP/MSS handlers/corroborators within a period of 3 months after the entry of this Judgment.

Counter-Plaintiffs also respectfully pray that this Honorable Court render a Declaratory Relief to Declare that all institutions, financial institution which were formed by Counter-Defendant Wengui Guo to promote counter-defendant's so-called "litigation Revolution" as extraterritorial persecution instrument targeting political dissidents from China, given to these institutions being penalized by the SEC, New York DA, and USDOJ, are illegal organizations., and should be banned.

**Monetary Relief*:**

Counter-Plaintiffs also respectfully pray that this Honorable Court render Monetary Relief to all Counter Plaintiffs as follows:

$12 Million for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for Defamation *per se*;

$3 Million for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for RICO Violations;

$60,000.00 for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for filing frivolous complaint;

FILED: NEW YORK COUNTY CLERK 03/23/2022 11:59 PM    INDEX NO. 151251/2019
NYSCEF DOC. NO. 66    RECEIVED NYSCEF: 03/23/2022

28

$60,000.00 for each Counter-plaintiff, including Mr. Ning Ye and two other Counter-Plaintiffs as Mr. Gaosheng Guo and Mr. Yan Zhao for filing Retaliatory complaint.

It is so ordered on this ____day of _____, 202__

_____

The Honorable David B. Cohen, Justice

Exhibit 7

FILED: NEW YORK COUNTY CLERK 02/05/2019 01:33 PM
NYSCEF DOC. NO. 1

INDEX NO. 151251/2019
RECEIVED NYSCEF: 02/05/2019

34.    Pursuant to the Agreement, Plaintiff agreed to pay Defendants a fixed fee and an incentive fee conditioned upon what information Defendants could provide to Plaintiff concerning Boxun and Xiong.

35.    Pursuant to the Agreement, the combined fixed fee and incentive fee payable to Defendants was to be a maximum of $3 million.

36.    In reliance upon the Agreement and in good faith, Plaintiff set aside and did not otherwise invest $3 million based on Defendants' false representations that they could perform under the Agreement.

37.    Although Defendants never performed any work under the Agreement and disclosed the Agreement to various third parties in breach of the Agreement's confidentiality clause, Defendants demanded the fixed and incentive fee in the amount of $3 million be paid to them as though they had fully performed under the Agreement.

38.    Knowing they had no basis to demand payment from Plaintiff, in illegal efforts to extort payment to which Defendants were not entitled, for services which Defendants did not perform, Defendants resorted to a malicious, tortious and extortionate course of conduct, including, but not limited to: threatening physical harm to Plaintiff and his family and property, threatening to publish supposed "facts" concerning Plaintiff for no purpose other than to injure him, and causing Plaintiff irreparable damage to his reputation and in his business, in addition to economic damage.

39.    By their threats and actions, Defendants have attempted to deprive and have deprived Plaintiff of his property by fear of injury to himself and to his property.

6

Exhibit 8



Deposition of:

**Wengui Guo**

*June 4, 2019*

In the Matter of:

**Guo, Wengui Vs. Xia**

Veritext Legal Solutions

800.808.4958 | calendar-dmv@veritext.com |

Page 1

```
 1              IN THE UNITED STATES DISTRICT

 2              EASTERN DIVISION OF VIRGINIA

 3

 4    WENGUI GUO                    *

 5       Plaintiff                 *

 6    vs.                          *   Case No.:1:18-CV-174

 7    YELLIANG XIA                  *

 8       Defendant                 *

 9    - - - - - - - - - - - - - - - - - - - - - - - - - - -

10    DEPOSITION OF:

11

12                   WENGUI GUO

13              Tuesday, June 4, 2019

14                 Washington D.C.

15                  10:16 A.M.

16

17

18

19

20    Job Number:  3409553

21    Pages: 1-88

22    Court Reporter:   Stayce Lawson, Court Reporter
```

Page 11

```
1      Q.    And are you a consultant on there?

2      A.    Yes.

3      Q.    Do you appear on that regularly?

4      A.    Yes.

5      Q.    So it would be fair to say you're a public

6   figure?

7            MR. MORRISSY:  Objection.  Calls for legal

8   access.

9      Q.    Okay.  Are you currently employed?

10     A.    No.

11     Q.    Do you have a source income?

12     A.    No.

13     Q.    How do you pay for any bills that you incur?

14     A.    I borrow the money to pay all of them.

15     Q.    And from where do you borrow it?

16     A.    I borrow from my friend.  From relative.

17           INTERPRETER WILKINSON:  From family, family

18   fund, family foundation.

19     Q.    Do you have any assets that you pledge as

20   collateral?

21           INTERPRETER WONG:  Can you repeat that

22   question?
```

Page 12

1    Q.    Do you have you any assets that you pledge as

2    collateral for the loans?

3    A.    I don't understand what you're saying.  Is this

4    before or now?

5    Q.    You say that you get money through loans.

6          Is that correct?

7    A.    Uh-huh.

8    Q.    Now, do you people give you loans just based on

9    who you are, or do you promise them collateral?  You do

10   understand what collateral is, correct?

11   A.    Some I do, some I don't.

12   Q.    Okay.  So how much would you say is

13   collateralized?  In other words, how much of your loans

14   are based on collateral?

15   A.    I could not tell you that.  I couldn't answer

16   that because I don't see what that is related to this

17   case.  The question that you are asking, if we want to

18   talk about it, it's going to take all day long.

19   Q.    Okay.  We can talk all day long.  Please answer

20   the question.

21   A.    You said we can take all day long?  What's the

22   question?

Page 13

1      Q.      How much of your loans are collateralized?

2              MR. MORRISSY:  Are you seeking a dollar

3      amount?

4              MR. DENNIS:  I'm seeking a dollar amount.

5      A.      Twelve billion to thirteen billion.

6      Q.      Is that RMB or US dollars?

7      A.      Dollars.

8      Q.      And what are the assets that you use to

9      collateralize that?

10     A.      Some of them is our real estate, our family real

11     estate in China, and some of them are my personal

12     guarantee.

13     Q.      Okay.  The physical assets, where are those

14     located?

15     A.      Except for this one that I currently reside in

16     New York, most of them are in China.

17     Q.      And in China, do you know the mainland or Hong

18     Kong or both?

19     A.      That's including Hong Kong and China.

20     Q.      Do you have any assets that are non-physical

21     such as accounts receivables, bonds, any holding in

22     other corporations, anything along those lines?

Page 14

1    A.    You mean personally do I have it?

2    Q.    Yes.  Do you have access to that?

3    A.    No.

4    Q.    And when you say that you borrowed the money and

5    pledged those assets, do you actually have signed loans

6    for those amounts?

7    A.    Some I do, and some I don't.

8    Q.    Okay.  The ones that are collateralized, are

9    those reduced to writing, those loans?

10    A.    Most of them don't require my signature, but

11    some I do.

12    Q.    Okay.  So the people who loaned you the money,

13    how do they get you the money?

14    A.    Most of them are based on the contract.  Most of

15    them are given to the loan account.

16          Based on the stipulation on the loan agreement,

17    the loan will be provided to the account dated on the

18    contract.

19    Q.    Okay.  When you don't have a contract, how does

20    the money get transferred?

21    A.    Those that have no contract, we will just orally

22    agree.

```
 1      Q.      Right.  But how do they know where to send the

 2  money?

 3      A.      Based on our oral agreement and instruction that

 4  they would just follow.

 5      Q.      And how do you pay these loans back?

 6      A.      It's based on my reputation, my personal

 7  reputation and the future.

 8              Based on our verbal agreement, the conditions

 9  agree upon our verbal agreement.  And also based on

10  their trust on my future capability of making the

11  repayment, and also based on the collateral pledged.

12      Q.      Okay.  And these are friends who loan you the

13  money.  Is that correct?

14      A.      They are organizations.

15      Q.      Okay.  What organizations are they?

16      A.      Personal investor.

17              Private funds and investment funds.

18      Q.      Okay.  And how long have you been using that as

19  a source of income?

20      A.      Two years.

21      Q.      Okay.  And do you file taxes in the United

22  States?
```