**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO EXTEND THE DEADLINE TO FILE
COMPLAINTS TO DETERMINE THE DISCHARGEABILITY
OF A DEBT PURSUANT TO FED. R. BANKR. P. 4007(c)**

The Official Committee of Unsecured Creditors (the "Committee") of the Debtor, Ho Wan Kwok ("Debtor"), pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for an extension of time of 30 days from the current deadline of June 20, 2022 for creditors to file complaints to determine the dischargeability of a debt under 11 U.S.C.§ 523(c).

In support of this motion, the Committee respectfully represents:

**RELEVANT PROCEDURAL BACKGROUND**

1. On February 15, 2022, the Debtor commenced this chapter 11 case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code").

2. Thereafter, the Office of the United States Trustee first set the meeting for the meeting of creditors under Bankruptcy Code section 341(a) for March 21, 2022 (the "341 Meeting").

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

3.  On February 17, 2022, the Court provided notice [ECF No. 6] of a May 20, 2022, filing deadline to file a complaint (a "<u>Dischargeability Complaint</u>") to have a debt excepted from discharge pursuant to Bankruptcy Code section 523(c), which applies to debts of the kind specified in Bankruptcy Code sections 523(a)(2), (a)(4), or (a)(6) (the "<u>Dischargeability Deadline</u>").

4.  By Notice of Appointment of Official Committee of Unsecured Creditors filed on March 21, 2022 [ECF No. 108], the United States Trustee for Region 2 (the "<u>UST</u>") appointed the Committee.

5.  On March 22, 2022, the Debtor filed Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief [ECF No. 117] (the "<u>DIP Motion</u>").  Various objections were filed to the DIP Motion by Pacific Alliance Asia Opportunity Fund L.P. ("<u>PAX</u>"), the UST and the Committee.  After settlement of the Committee's objections, a contested hearing was held on the DIP Motion on April 27, 2022 and subsequently a remote hearing was held on May 4. 2022.

6.  On April 6, 2022, PAX filed a Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee [ECF No. 183] (the "<u>Dismissal Motion</u>").  On April 28, 2022, the Court issued a Scheduled Order [ECF No. 274] which, *inter alia*, required oppositions to the Dismissal Motion to be filed by May 11, 2022 and scheduled an evidentiary hearing on the Dismissal Motion for May 25, 2022.

7.  On May 11, 2022, the Debtor, unexpectedly and with no prior notice, filed a Consent to the dismissal of this case [ECF No. 344] and a withdrawal of the DIP Motion [ECF No. 345].  The proceedings on the Dismissal Motion thereafter focused on the alternatives of

dismissal, conversion or the appointment of a chapter 11 trustee pursuant to section 1112(b)(1) of the Bankruptcy Code.

8. Pursuant to a Joint Stipulation to Extend the Deadline to File a Complaint to Determine the Dischargeability of a Debt [ECF No. 385], which was so-ordered by the Court on May 18, 2022 [ECF No 386], the Dischargeability Deadline was extended for a period of 30 days to June 20, 2022, "without prejudice to the Committee or any Creditor to seek a further extension for cause shown."

9. After briefing and the filing of witness and exhibit lists with accompanying exhibits, the Court conducted an evidentiary hearing on the Dismissal Motion on May 25, 2022, and on June 15, 2022, the Court issued its Memorandum of Decision and Order Denying Motion to Dismiss Without Prejudice and Granting Joinder to Motion for Appointment of Chapter 11 Trustee [ECF No. 465].

## RELIEF REQUESTED

10. The Committee requests an extension of the Dischargeability Deadline for a period of 30 days through and including July 20, 2022 pursuant to Rule 4007(c) of the Bankruptcy Rules.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 4007(c) provides, in pertinent part, that "[o]n motion of a party in interest, after notice and a hearing, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."

12. The term, "party in interest," is defined in section 1109(b) of the Bankruptcy Code to include "a creditors' committee," and it has been specifically held that a creditors' committee has standing to seek to extend the deadline for creditors to file nondischargeability

complaints under section 523(c) of the Bankruptcy Code. *In re Linn*, 88 B.R. 365, 367-69 (Bankr. W.D. Okla. 1988).

13. Whether to grant an extension of time under Bankruptcy Rule 4007(c) is within the bankruptcy court's discretion. *Small v. Neighborhood Housing Services of New Haven, Inc.*, 589 B.R. 31, 36 (D. Conn. 2018). Factors that have been considered by the courts in determining whether cause exists for an extension include:

> (1) whether the creditor has received sufficient notice of the deadline and information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*In re Kramer*, 492 B.R. 366, 371 (Bankr. E.D.N.Y. 2013) (cited approvingly by *Small v. Neighborhood Housing Services of New Haven, Inc.*, 589 B.R. 31, 36 (D. Conn. 2018)). The lack of prefiling discovery, and a preference for deciding cases on the merits, are also factors that would justify an extension. *See In re McCormack*, 244 B.R. 203, 208 (Bankr. D. Conn. 2000).

14. The Committee submits that the complexity and litigation that has marked this case from its outset, as well as the uncertainty over whether this case would even remain in bankruptcy as a result of the Dismissal Motion, serves as cause for the modest extension requested. In particular, creditors may have been understandably waiting on the sidelines until the Dismissal Motion was decided before committing the time and expense of conducting prefiling discovery or, even if none was considered necessary, preparing Dischargeability Complaints. Now that the Court has issued its decision on the Dismissal Motion, creditors

should be given an additional limited period of time to decide whether to bring Dischargeability Complaints[2].

15.    It is relevant to note that many of the claims against the Debtor appear to be based on intentional personal injuries, such as defamation or invasion of privacy. Such claims have been held nondischargeable as a "willful and malicious injury" under section 523(a)(6) of the Bankruptcy Code. *See e.g Zaretsky v. Berlin* (*In re Berlin*), 513 B.R. 430, 436 (Bankr. E.D.N.Y. 2014) (defamation), *appeal dismissed* (2d Cir. 15-3745) (Mar 22, 2016), *appeal dismissed* (2d Cir. 15-3739) (Jun 02, 2016); *Bean v. Pion* (*In re Pion*), Bankruptcy No. 06–10538, Adversary No. 07–1012, 2007 WL 3088137, at *11 (Bankr. D. Vt. Oct. 22, 2007) (invasion of privacy).

**WHEREFORE**, the Committee respectfully requests that the Court grant an additional extension of time of 30 days, until July 20, 2022, for creditors to file Dischargeability Complaints in this case, and such other or further relief as the Court may deem just, equitable and proper.

Dated: Bridgeport, Connecticut  
       June 17, 2022

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:   */s/Irve J. Goldman*  
       Irve J. Goldman  
       Jonathan A. Kaplan  
       Pullman & Comley, LLC  
       850 Main Street, 8th Floor  
       PO Box 7006  
       Bridgeport, CT 06601-7006  
       (203) 330-2213  
       igoldman@pullcom.com

       Its Attorneys

---

[2] The deadline to file the Dischargeability Complaints will occur a mere three (3) business days after the Court issued its ruling on the Dismissal Motion.

## CERTIFICATION OF SERVICE

I, Irve J. Goldman, herby certify that on the 17th day of June, 2022, a true and correct copy of the foregoing Motion to Extend the Deadline to File Complaint to Determine the Dischargeability of a Debt Pursuant to Fed. R. Bankr. P. 4007(c) (the "Motion") was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF"). In addition, I also caused the Motion with proposed order to be served upon the Debtor by regular mail, postage prepaid, at the following address:

>   Mr. Ho Wan Kwok
>   373 Taconic Road
>   Greenwich, CT 06831

    By:   */s/Irve J. Goldman*