**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>June 18, 2022 |

**MOTION OF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. FOR (A) EXTENSION OF TIME TO FILE COMPLAINTS TO DETERMINE THE DISCHARGEABILITY OF A DEBT OR, (B) IN THE ALTERNATIVE, JOINDER TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EXTEND THE DEADLINE TO FILE COMPLAINTS TO DETERMINE THE DISCHARGEABILITY OF A DEBT PURSUANT TO FED. R. BANKR. P. 4007(c)**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX") hereby moves (this "Motion"), pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for (A) a 30-day extension of the time to file complaints to determine the dischargeability of debts pursuant to section 523(c) of title 11 of the United States Code (the "Bankruptcy Code") or, (B) in the alternative, joins the *Motion of the Official Committee of Unsecured Creditors to Extend the Deadline to File Complaints to Determine the Dischargeability of a Debt Pursuant to Fed. R. Bankr. P. 4007(c)* ("Committee's Extension Motion") [ECF 469] filed by the Official Committee of Unsecured Creditors (the "Committee") for the reasons set forth therein.[2] In support of this Motion, PAX respectfully states as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Committee's Extension Motion.

25189471-v1

**RELEVANT PROCEDURAL BACKGROUND**

1. On February 15, 2022 (the "Petition Date"), Miles Kwok filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 19, 2022, the Office of the United States Trustee ("UST") filed its *Motion for an Order Directing the Appointment of an Examiner, or in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee* (the "Examiner Motion") [ECF 102].

3. On March 21, 2022, the UST appointed the Official Committee of Unsecured Creditors, which moved to retain Pullman & Comley, LLC as its counsel on April 5, 2022 [ECF 108].

4. On April 6, 2022, PAX filed its *Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "Motion to Dismiss") [ECF 183].

5. The Court issued a scheduling order (a) requiring oppositions to the Motion to Dismiss be filed by May 11, 2022, and (b) scheduling an evidentiary hearing (the "MTD Hearing") for May 25, 2022 [ECF 274].

6. On May 11, the Debtor filed a consent to dismissal of the chapter 11 case [ECF 344]. Also on May 11, the Committee filed its objection to dismissal [ECF 346].

7. On May 18, the Court entered the order granting the *Joint Stipulation to Extend the Deadline to File Complaint to Determine the Dischargeability of a Debt* (the "Stipulated Extension Order") [ECF 386] which extended the deadline for causes of action under section 523 of the Bankruptcy Code from May 20, 2022 through and including June 20, 2022 in light of the pending Motion to Dismiss.

8. Following the MTD Hearing held on May 25, 2022, the Court on June 15, 2022 issued the *Memorandum of Decision and Order Denying Motion to Dismiss without Prejudice and Granting Joinder to Motion for Appointment of Chapter 11 Trustee* [ECF 465].

## RELIEF REQUESTED

9. PAX requests an extension of the Dischargeability Deadline for thirty days, through and including July 20, 2022, pursuant to Rule 4007(c) of the Bankruptcy Rules.

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 4007(c) provides that "[o]n motion of a party in interest, after notice and a hearing, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." However, the Court need not grant the extension before the time expires. *In re McCormack*, 244 B.R. 203, 208 (Bankr. D. Conn. 2000).

11. Pursuant to the Stipulated Extension Order, the Dischargeability Deadline expires on June 20, 2022, "without prejudice to the Committee or any Creditor to seek a further extension for cause shown." Stipulated Extension Order ¶ 1.

12. PAX is a "party in interest" within the meaning of section 1109(b) of the Bankruptcy Code because it is "a creditor" of the Debtor.

13. Whether to grant an extension of time under Bankruptcy Rule 4007(c) is within the bankruptcy court's discretion. *Small v. Neighborhood Housing Services of New Haven, Inc.*, 589 B.R. 31, 36 (D. Conn. 2018). The court will consider multiple factors, including "(1) whether the creditor has received sufficient notice of the deadline and information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues." *Id.* (citing *In re*

*Kramer*, 492 B.R. 366, 371 (Bankr. E.D.N.Y. 2013)). The lack of prefiling discovery, and a preference for deciding cases on the merits, are also factors that would justify an extension. *See McCormack*, 244 B.R. at 208.

14. PAX requests the same thirty-day extension requested by the Committee in its Extension Motion and submits that, beyond its inclusion in the plain meaning of the Extension Motion's application to "creditors" generally, cause exists specifically for PAX. PAX holds the single largest claim in this case and has played a key role throughout the proceedings before this Court, including filing the Motion to Dismiss and pursuing discovery to identify the true extent of the Debtor's estate.

15. As noted in the Committee's Extension Motion, the Court's order denying the Motion to Dismiss and the deadline set in the Stipulated Extension Order are separated by a mere three business days. The issues presented by PAX's extensive history with the Debtor are voluminous and complex; three days to finalize a dischargeability complaint for filing before this Court will compromise the ability of the parties to best present and address the issues. Because PAX's requested extension of time will enable the parties and the Court to more efficiently and adequately address the serious concerns surrounding dischargeability, "cause" exists to grant such an extension.

16. Further, as set forth in more detail in the Motion to Dismiss, the underlying New York litigation that forms the basis for PAX's claim includes findings implicating, at a minimum, false pretenses and false representations within the meaning of section 523(a)(2) of the Bankruptcy Code. Thus, the record in this case and the plain language of the statute indicate the feasibility of a nondischargeability filing by PAX.

WHEREFORE, PAX respectfully requests the Court grant an additional extension of time of 30 days, until July 20, 2022, for PAX to file dischargeability complaints, and such other or further relief as the Court may deem just and proper.

Dated: June 18, 2022
New York, New York

**Pacific Alliance Asia Opportunity Fund L.P.**

By: */s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
           asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
          ssarnoff@omm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 18 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney