# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>    Debtor. | Case No. 22-50073 (JAM)<br><br>Chapter 11 |
| LOGAN CHENG f/k/a Shuiyan Cheng,<br><br>    Plaintiff,<br><br>v.<br><br>HO WAN KWOK a/k/a Wengui Guo,<br><br>    Defendant. | Adv. Case No.<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(A)(6)** |

Plaintiff-Creditor Logan Cheng f/k/a Shuiyan Cheng ("Plaintiff"), by and through his attorneys, Randazza Legal Group, PLLC, brings the following Complaint objecting to discharge of debt pursuant to 11 U.S.C. § 523(a)(6) against Defendant-Debtor Ho Wan Kwok a/k/a Wengui Guo ("Defendant") and, in support of his Complaint, alleges and states as follows:

## THE PARTIES

1. Plaintiff-Creditor Logan Cheng f/k/a Shuiyan Cheng is a citizen of the State of California.

2. Defendant-Debtor Ho Wan Kwok a/k/a Wengui Guo ("Debtor", "Kwok", or "Guo") is an individual who purports to live in Fairfield County, Connecticut, but at all relevant times was, upon information and belief, a foreign national and a resident of the State of New York, residing at 781 Fifth Avenue, Apartment 1801, New York, NY 10022.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter under 28 U.S.C. § 157 and 11 U.S.C. § 523. The claims for relief alleged in this complaint rise under Title 11 of the United States Code and are related to a case pending in the United States Bankruptcy Court for the District of

Connecticut (the "Bankruptcy Court"). The pending bankruptcy case to which the claims for relief alleged in this Complaint are related to <u>In re Ho Wan Kwok</u>, Bk Case No. 22-50073 (the "Kwok Case").

4. The determination of dischargeability is a core proceeding under 28 U.S.C. § 157(b).

5. Pursuant to 28 U.S.C. § 1409, venue is proper in the District of Connecticut, because the Kwok Case is pending in this district and division.

6. Defendant Ho Wan Kwok is a debtor in the Kwok Case.

## FACTS COMMON TO ALL CLAIMS

7. On August 9, 2018, Guo filed a complaint in the Eighth Judicial District Court for Clark County, Nevada against Mr. Cheng for (1) defamation, (2) defamation *per se*, and (3) intentional infliction of emotional distress, Case No. A-18-779172-C (the "Frivolous Lawsuit").

8. Guo amended his complaint twice, with the operative Second Amended Complaint being filed on April 18, 2019. Guo's Second Amended Complaint brought the same claims as his first Complaint. (*See* Second Amended Complaint in Frivolous Lawsuit, attached as **Exhibit 1**.)

9. The allegations in the Frivolous Lawsuit were based on several statements Mr. Cheng, a Chinese pro-democracy activist, made on Twitter criticizing Mr. Guo's reputation of being a Chinese dissident as unearned and stating that Mr. Guo had in fact undermined the political movement he claimed to support.

10. On June 14, 2019, Mr. Cheng filed his Anti-SLAPP Special Motion to Dismiss Under NRS 41.660 (the "Anti-SLAPP Motion") as to all of Debtor's claims. (*See* Anti-SLAPP Motion, attached as **Exhibit 2**.)

11. On February 3, 2020, Mr. Cheng filed a Notice of Entry of Order giving notice that the district court granted Mr. Cheng's Anti-SLAPP Motion, dismissing all of Mr. Guo's claims against Creditor with prejudice under NRS 41.660. (*See* Anti-SLAPP Order, attached as **Exhibit 3**.)

12. On July 22, 2020, Creditor had filed a suit against Debtor, who had been using the alias "Wengui Guo", in the U.S. District Court for the Southern District of New York, Case No. 1:20-cv-05678 (hereinafter "SDNY Case").

13. The said SDNY Case assert claims for 1) Anti-SLAPP Action Pursuant to NRS 41.670(1)(c); 2) Malicious Prosecution; and 3) Action on Foreign Judgment.  Claim 3 was dismissed by stipulation on March 24, 2021, and Claim 2 was dismissed by stipulation on November 12, 2021.

14. Debtor filed a voluntary petition for relief under Chapter 11 on February 15, 2022.

## COUNT ONE

## FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(6) ARISING FROM N.R.S. 41.670(1)(c)

15. Each of the foregoing paragraphs are incorporated herein by reference.

16. The elements of a claim under NRS 41.670(1)(c) are simple.  They are: (1) did the plaintiff file a Special Motion to Dismiss under NRS 41.660 in a prior action?; and (2) did the court in that action grant the Special Motion to Dismiss?  If the answer to both questions is "yes," then liability under NRS 41.670(1)(c) is conclusively established.

17. Mr. Cheng filed a Special Motion to Dismiss under NRS 41.660 in the Frivolous Lawsuit. (*See* **Exhibit 2**.)

18. The district court in the Frivolous Lawsuit granted Mr. Cheng's Special Motion to Dismiss and dismissed all of the claims against Mr. Cheng in the Frivolous Lawsuit with prejudice. (*See* **Exhibit 3**.)

19. Mr. Cheng suffered damages as a result of Guo's filing and maintaining the Frivolous Lawsuit, including, but not limited to, attorneys' fees and costs in defending himself from the Frivolous Lawsuit.

20. Additionally, due to Guo's unwillingness to pay amounts awarded to Mr. Cheng under the Anti-SLAPP statute, he had to incur additional costs and attorneys' fees.

21. Guo is liable for these damages, as he was primarily responsible for the decision to file and maintain the Frivolous Lawsuit.

22. As set forth above, the Frivolous Lawsuit was filed by Defendant against Plaintiff based on his alleged exercise of free speech rights in connection with a matter of public concern without probable cause, constituting a SLAPP suit under N.R.S. 41.660.

23. Having filed a SLAPP suit, Defendant is liable to Plaintiff for damages pursuant to NRS 41.670(1)(c).

24. Guo's filing and maintenance of the Frivolous Lawsuit in violation of the Nevada anti-SLAPP law was willful.

25. Guo's filing and maintenance of the Frivolous Lawsuit in violation of the Nevada anti-SLAPP law was malicious.

26. As a direct and proximate result of the foregoing, Plaintiff suffered damages not presently ascertained, but believed to be at least $5,000,000.

27. In view of the foregoing, Plaintiff therefore seeks an order under 11 U.S.C. § 523(a)(6) determining that (1) Plaintiff is entitled to actual, presumed, punitive, and other damages in an amount to be specifically determined at trial; and (2) that said liability is non-dischargeable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For actual, presumed, and punitive damages in an amount to be specifically determined at trial; and
2. For costs, disbursements, fees, and interest as authorized by state and Federal Law and Rules;
3. For a decree that all debts determined to be owing by Defendant to Plaintiff which are the subject of this action are deemed and adjudicated to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and
4. For such other and additional remedies as the Court may deem just and proper.

Dated: June 20, 2022.                    Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman – ct29129 of
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
P: 702-420-2001
F: 305-437-7662
ecf@randazza.com

*Counsel for Plaintiff-Creditor
Logan Cheng*
