# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>                Debtor. | CHAPTER 11<br><br>Case No. 22-50073(JAM) |
| Rui Ma,<br><br>                Plaintiff,<br><br>v.<br><br>Ho Wan Kwok,<br><br>                Defendant. | Adv. Proc. No. _____ |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY**

Rui Ma ("**Plaintiff**"), by and through her undersigned attorneys, in support of her Complaint hereby, alleges and states as follows:

## **PARTIES**

1. Plaintiff is a female Chinese national presently residing in China. At all times relevant to her claims at issue herein, Plaintiff was employed as an assistant to the Defendant primarily based in New York City.

2. Ho Wan Kwok a/k/a Guo Wengui, also a Chinese national, is the defendant in this adversary proceeding and debtor in the above-captioned bankruptcy case (the "**Defendant**" or

1

"**Debtor**"). Debtor purports to presently reside in Connecticut, and at all times relevant to Plaintiff and her claims, upon information and belief, Debtor resided in New York City.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and this proceeding under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. The bases for the relief requested in this Complaint are 11 U.S.C. § 523(a)(6) and Federal Rules of Bankruptcy Procedure 4007 and 7001.

7. Plaintiff demands a trial by jury on her claims against the Debtor and does not consent to trial in this Court.

## RELEVANT BACKGROUND

8. In 2017, Movant commenced a civil action in the Supreme Court of the State of New York, New York County (the "**State Court**"), Index No. 158140/2017 (the "**State Court Litigation**"), against the Debtor and Golden Spring (New York) Ltd. ("**Golden Spring**"), asserting claims for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, discrimination, and false imprisonment against the Debtor and related claims for negligence and violations of applicable New York state and city workplace laws and regulations against Golden Spring. In all, Plaintiff asserts eleven causes of action in the State Court Litigation arising from her injuries caused by the Debtor (collectively, the "**Plaintiff Claims**").

9. A true and correct copy of the Plaintiff's amended complaint in the State Court Litigation setting forth the Plaintiff Claims (the "**State Court Complaint**") is attached hereto as Exhibit A. As alleged therein, the Plaintiff Claims result from more than a year of horrific abuse

by the Debtor, as the Plaintiff was repeatedly assaulted, battered, terrorized, imprisoned, and raped by the Debtor between April 2015 and November 2016. *See, e.g.,* State Court Complaint ¶¶ 19-76.

10. The State Court Complaint is incorporated herein in its entirety by reference. Plaintiff repeats and realleges each allegation of the State Court Complaint as if said allegation is fully set forth herein.

11. On February 15, 2022, the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**") commencing this bankruptcy case.

12. The Debtor's list of largest unsecured creditors identifies Movant as the second largest non-insider creditor in this case. (ECF Nos. 4, 20).

13. On April 12, 2022, Plaintiff moved for relief from the automatic stay to proceed to liquidate her claims against the Debtor in the pending State Court Litigation for cause. [Case No. 22-50073, Docket No. 206] (the "**Stay Relief Motion**"). The grounds for the Stay Relief Motion included, among other things, that discovery is complete in the State Court Litigation and that action is already on the trial calendar. Stay Relief Motion ¶¶ 7, 21. In addition, the Plaintiff Claims are personal injury claims that are expressly excluded from matters in which bankruptcy courts may enter final judgments or that may be estimated by bankruptcy courts for distribution purposes, nor do bankruptcy courts have jurisdiction to try such claims. Stay Relief Motion ¶ 16 (citing 28 U.S.C. §§ 157(b)(2)(B), (O), 28 U.S.C. §157(b)(5)). Further, Plaintiff demands a trial by jury on her claims against the Debtor and did not (and does not) consent to trial in this Court. Stay Relief Motion ¶ 16.

14. On May 27, 2022, this Court entered an order [Case No. 22-50073, Docket No. 445] granting the Stay Relief Motion and authorizing Plaintiff to proceed against the Debtor and liquidate the Plaintiff Claims in State Court.

## COUNT I – DECLARATORY JUDGMENT
**Nondischargeability of the Battery Claim Pursuant to 11 U.S.C. § 523(a)(6)**

15. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

16. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

17. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

18. The first cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for the intentional tort of battery (the "**Battery Claim**"). Complaint ¶¶ 77-88. Debtor's conduct resulting in the Battery Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the Battery Claim, the Debtor's liability for the Battery Claim is nondischargeable.

**COUNT II – DECLARATORY JUDGMENT**
**Nondischargeability of the Assault Claim Pursuant to 11 U.S.C. § 523(a)(6)**

19. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

20. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

21. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

22. The second cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for the intentional tort of assault (the "**Assault Claim**"). Complaint ¶¶ 89-100. Debtor's conduct resulting in the Assault Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the Assault Claim, the Debtor's liability for the Assault Claim is nondischargeable.

**COUNT III – DECLARATORY JUDGMENT**
**Nondischargeability of the IIED Claim Pursuant to 11 U.S.C. § 523(a)(6)**

23. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

24. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another

5

entity." 11 U.S.C. § 523(a)(6).

25.     As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

26.     The third cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for the intentional infliction of emotional distress (the "**IIED Claim**"). Complaint ¶¶ 101-108. Debtor's conduct resulting in the IIED Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the IIED Claim, the Debtor's liability for the IIED Claim is nondischargeable.

<h3 style="text-align:center">COUNT IV – DECLARATORY JUDGMENT<br>Nondischargeability of the NIED Claim Pursuant to 11 U.S.C. § 523(a)(6)</h3>

27.     Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

28.     Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

29.     As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional,

6

unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries. Debtor's conduct in abusing Plaintiff was careless and negligent as to the emotional health of Plaintiff.

30. The fourth cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for the negligent infliction of emotional distress (the "**NIED Claim**"). Complaint ¶¶ 109-115. Debtor's conduct resulting in the NIED Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the NIED Claim, the Debtor's liability for the NIED Claim is nondischargeable.

### COUNT V – DECLARATORY JUDGMENT
### Nondischargeability of the Negligence Claim Pursuant to 11 U.S.C. § 523(a)(6)

31. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

32. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

33. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

KBM/M1738/1001/1836624v1
06/20/22-HRT/BD

34. The fifth cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for the negligent breach of his duty as Plaintiff's employer to protect her from injury while performing the duties and responsibilities of her employment (the "**Negligence Claim**"). Complaint ¶¶ 116-125. Debtor's conduct resulting in the Negligence Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the Negligence Claim, the Debtor's liability for the Negligence Claim is nondischargeable.

## COUNT VI – DECLARATORY JUDGMENT
**Nondischargeability of the False Imprisonment Claim Pursuant to 11 U.S.C. § 523(a)(6)**

35. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

36. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

37. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

38. The sixth cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for the confinement of Plaintiff against her will (the "**False Imprisonment Claim**"). Complaint ¶¶ 126-134. Debtor's conduct resulting in the False Imprisonment Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy

8

Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the False Imprisonment Claim, the Debtor's liability for the False Imprisonment Claim is nondischargeable.

### COUNT VII – DECLARATORY JUDGMENT
**Nondischargeability of the NYC Discrimination Claim Pursuant to 11 U.S.C. § 523(a)(6)**

39. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

40. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

41. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

42. The eighth cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for sexual harassment as well as gender and other discrimination against Plaintiff in violation of the New York City Administrative Code (the "**NYC Discrimination Claim**"). Complaint ¶¶ 144-155. Debtor's conduct resulting in the NYC Discrimination Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the NYC Discrimination Claim, the Debtor's liability for the NYC Discrimination Claim is nondischargeable.

KBM/M1738/1001/1836624v1
06/20/22-HRT/BD

## COUNT VIII – DECLARATORY JUDGMENT
**Nondischargeability of the NYS Discrimination Claim Pursuant to 11 U.S.C. § 523(a)(6)**

43. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

44. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

45. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor repeatedly and intentionally abused the Plaintiff. Debtor engaged in repeated acts of confinement, physical violence and sexual attacks against Plaintiff. Debtor physically restrained Plaintiff, hit her, grabbed her, and forcibly raped her. Debtor's conduct was intentional, unauthorized, and grossly offensive in nature. Debtor intentionally caused Plaintiff to suffer great physical and emotional pain and humiliation, to be deprived of her liberty, and other damage and injuries.

46. The tenth cause of action in the Complaint sets forth the Plaintiff's claim against the Debtor for sexual harassment as well as gender and other discrimination against Plaintiff in violation of the New York Executive Law § 296 (the "**NYS Discrimination Claim**"). Complaint ¶¶ 170-180. Debtor's conduct resulting in the NYS Discrimination Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the NYS Discrimination Claim, the Debtor's liability for the NYS Discrimination Claim is nondischargeable.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that the Court grant judgment as follows:

KBM/M1738/1001/1836624v1
06/20/22-HRT/BD

(a)     Declaring the liability of Debtor to Plaintiff for the Battery Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(b)     Declaring the liability of Debtor to Plaintiff for the Assault Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(c)     Declaring the liability of Debtor to Plaintiff for the IIED Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(d)     Declaring the liability of Debtor to Plaintiff for the NIED Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(e)     Declaring the liability of Debtor to Plaintiff for the Negligence Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(f)     Declaring the liability of Debtor to Plaintiff for the False Imprisonment Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(g)     Declaring the liability of Debtor to Plaintiff for the NYC Discrimination Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

KBM/M1738/1001/1836624v1
06/20/22-HRT/BD

    (h)    Declaring the liability of Debtor to Plaintiff for the NYS Discrimination Claim, as detailed in the Complaint and as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6); and

    (i)    Granting such other and further relief to Plaintiff as may be just and proper.

Dated: June 20, 2022

/s/ Kristin B. Mayhew
Kristin Mayhew
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
30 Jelliff Lane
Southport, CT 06890
(203) 319-4000
kmayhew@mdmc-law.com

- and -

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
**CALLARI PARTNERS LLC**
One Rockefeller Plaza, 10th Floor
New York, NY 10020
(212) 202-3050
ccallari@callaripartners.com
dforsh@callaripartners.com

*Attorneys for Rui Ma*