

55 Madison Avenue, Suite 400
Morristown, NJ 07960

T: (973) 285-3280
aaron@lmesq.com

July 11, 2022

(Via ECF)
Honorable Julie A. Manning

Re:    **Ho Wan Kwok, Debtor**
       **Case No.: 22-50073 (JAM)**

Your Honor,

    This firm represents the Debtor, Ho Wan Kwok, in the above-referenced matter. My notice of appearance has been filed on the docket (See Docket Entry No.: __). Let me begin by apologizing if this submission is procedurally incorrect. I fully admit that I am not a bankruptcy attorney; however, I am an attorney for the Debtor and I have an obligation to protect his rights as he transitions to new Chapter 11 counsel. As such, please be aware that the Debtor objects to the appointment of and intends to seek removal of Mr. Despins as Trustee.

    In addition to Debtor's objection to the UST's appointment of Mr. Despins, I submit this letter on behalf of the Debtor seeking clarification on a significant issue which has recently come to light regarding the United States Trustee's ("UST") questionable handling of the appointment of a Trustee in this case.

    Your Honor ordered on June 15, 2022 that a Trustee be appointed in this case. (See Docket Entry No.: 465.) On June 30, 2022, the UST appointed Joe D. Whitley as the Trustee for the Estate of the Debtor. (See Docket Entry No.: 498.) At that time, Mr. Whitley became the Trustee pursuant to Your Honor's Order of June 15, 2022. Thereafter, the UST inexplicably withdrew Mr. Whitley's appointment. (See Docket Entry No.: 507.) As Your Honor correctly noted at the hearing held on July 5, 2022, if the Trustee is to be removed, a motion must be made pursuant to 11 U.S.C. § 324, seeking his removal. (See Docket Entry No.: 509.) No such motion has been made. Instead, the UST, citing some late-coming disclosure, unilaterally removed Mr. Whitley as Trustee without making the appropriate motion, thereby depriving the Debtor, and the other parties, of the opportunity to fully understand and inquire as to the purported conflict. This despite Your Honor stating that the mystery conflict should be disclosed to the parties and to the Court on the record. The UST's attempt to "unappoint" Mr. Whitley was clearly intended to avoid embarrassment for its flawed vetting process. Which only got worse with the appointment of Mr. Despins who is inextricably linked to his firm, Paul Hastings, of which he is a member. Paul Hastings has a number of offices in China and Hong Kong and it is reasonable to infer that

<mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark><mark>



55 Madison Avenue, Suite 400
Morristown, NJ 07960

T: (973) 285-3280
aaron@lmesq.com

the firm derives significant revenue from those offices due to its work for, among other clients, the Chinese Government.

At a hearing on July 6, 2022, the UST disclosed that the purported conflict which was egregious enough to ignore the removal process prescribed in the Bankruptcy code involved work, apparently by a new member of Mr. Whitley's firm, not Mr. Whitley himself, for an entity called Bravo Luck, which is owned by Debtor's son, in a different bankruptcy proceeding in New York. The UST never reached out to the Debtor regarding this conflict and, quite frankly, only explained the purported "conflict" with limited details after disclosure was demanded by Your Honor.

The next day, on July 7, 2022, the UST apparently appointed a second Trustee, Mr. Luc Despins of Paul Hastings. (See Docket No.: 515.) An expedited hearing was requested and conducted on July 8, 2022. At that hearing, Mr. Despins, much like Mr. Whitley, made a late disclosure, after swearing under penalty of perjury that after a thorough search of their conflicts system that he believes that "neither Paul Hastings, nor any of its attorneys, including me, has any connections (as that term is used in Bankruptcy Rule 2014) with any of the entities listed in Schedule 1, except:" [following which Mr. Despins provides a list of disclosures from which Paul Hastings representation of Pacific Alliance Group (the Parent company of Pacific Alliance Asia Opportunity Fund (referred to in this case as "PAX") was inexplicably omitted.] It is my understanding that this disclosure was only made after Paul Hastings relationship with Pacific Alliance Group was brought to light on websites that seek to expose corruption within the Chinese Communist Party. Further, the explanation by Mr. Despins on the Record, that Paul Hastings didn't conduct a conflict search for "Pacific Alliance", only "Pacific Asia Opportunity Fund" cannot be given credence, especially since PAX's name is "Pacific Alliance Asia Opportunity Fund", not "Pacific Asia Opportunity Fund". Even giving the benefit of the doubt regarding this purported mistake, Paul Hastings/ Mr. Despins' conflict search system cannot be trusted nor can any promise of "disinterestedness" based upon their deficient conflict search procedures.

We have before us the exact same fact pattern on two successive occasions: the proposed Trustee identifies to the UST an eleventh-hour conflict with an interested party prior to approval by the Court, but with very different results. The first time, the UST perceives the purported conflict as being associated with the Debtor and immediately withdraws Mr. Whitley, ignoring the Bankruptcy Code in the process as well as the fact Mr. Whitley and his firm were not directly involved in the conflict. The second late-rising conflict relates to a PAX-centric relationship and the UST moves forward with the appointment. This is wholly inequitable and shows that the UST cannot be impartial in the appointment of a Trustee. Not to mention that the UST willfully ignored the undue influence that the Chinese government maintains over Paul Hastings by controlling its ability to do business in China and Hong Kong.



55 Madison Avenue, Suite 400
Morristown, NJ 07960

T: (973) 285-3280
aaron@lmesq.com

    Again, the UST did not remove Mr. Whitley pursuant to 11 U.S.C. § 324, nor did the UST seek to appoint Mr. Despins as a successor Trustee. It is unclear at this time who the Trustee is, if they are the original Trustee or a Successor Trustee. While the United States Trustee's procedures for appointing and removing Trustees in this case are objectionable in their own right, the most recent appointment of Mr. Despins of Paul Hastings is unconscionable.

    To be clear, it is apparent that Mr. Despins cannot act as a "Disinterested" person and Debtor objects to his appointment and intends to seek his removal.[1] Mr. Despins has made it clear through his affidavit and statements that he and Paul Hastings are interested persons. Another concern is that other members of the Paul Hastings team have begun to send emails, make appearances in the case, and presumably draft papers for Mr. Depsins despite the firm having a clear ethical conflict on account of its work for the PAX's parent company. Further, Paul Hastings has a significant presence in China and Hong Kong and, presumably, derives a significant amount of income from their work there. Work which includes representing PAX's parent company and at least ten other entities owned by the Chinese government, and by extension the Chinese Communist Party. It cannot be disputed that the Chinese Communist Party is adverse to the Debtor, Mr. Kwok.

    It also bears noting that Mr. Despins and his colleagues at Paul Hastings have begun to attempt to modify existing Court Orders, thus prioritizing the generation of fees for their benefit over their obligation to provide complete disclosure of their conflicts, despite promising to do so several days ago.  It appears that Mr. Despins and Paul Hastings are prioritizing billable hours over the continuing obligation to disclose information regarding their conflicts.

    Further, the UST, a department within the United States Department of Justice ("DOJ"), willfully ignored the CCP's penchant for undue influence despite having one of its own colleagues at DOJ Headquarters plead guilty to conspiring with foreign agents of China in an attempt to have Mr. Kwok extradited.[2] Just last month the DOJ indicted another individual as part of this China-funded campaign seeking the Debtor's unlawful rendition to China.[3]  Further still, the UST has created a situation where Paul Hastings and Mr. Despins are undoubtedly going to face pressure from the Chinese Communist Party via their offices in China and Hong Kong. Not only is the Chinese Communist Party a client of Paul Hastings, but they also control their licenses to keep their law offices open in both China and Hong Kong. Thus, controlling what can reasonably be surmised to amount to hundreds of millions of dollars for Paul Hastings

---

[1] A letter has been sent to the UST seeking further information related to its appointment process. A copy of the letter has been provided herewith.
[2] https://www.justice.gov/opa/pr/former-justice-department-employee-pleads-guilty-conspiracy-deceive-us-banks-about-millions
[3] "U.S. Entertainer/Businessman and Malaysian National Charged with Back-Channel Lobbying Campaign to Drop 1MDB Investigation and Remove Chinese Dissident from U.S." at https://www.justice.gov/opa/pr/us-entertainerbusinessman-and-malaysian-national-charged-back-channel-lobbying-campaign-drop



55 Madison Avenue, Suite 400
Morristown, NJ 07960

T: (973) 285-3280
aaron@lmesq.com

and Mr. Despins as a partner in Paul Hastings. These concerns of the Debtor regarding China's use of its economic licenses are not based on fantasy and conjecture.  Again, the UST, as part of the DOJ, is aware of the pressure that the Chinese Government can put on a U.S. person and/or company by threatening to pull their licenses in China, thus controlling their purse strings. In fact, the DOJ is currently suing Steve Wynn for acting as an unregistered foreign agent of China due to his attempt to have Mr. Kwok extradited under threat of losing his gambling licenses in Macao.[4]  At best, assuming it was incompetence rather than malice, the UST has shown that it is incapable of identifying and appointing a disinterested trustee in this case.

Again, please accept this letter as Debtor's preliminary objection to the appointment of Mr. Despins of Paul Hastings as Trustee in this case and as notice that the Debtor intends to formally seek the removal of Mr. Despins upon the submission of his supplemental disclosures which are needed to rectify the inadequate disclosures he previously made.

Thank you, Your Honor, for your consideration on this matter.

Respectfully,
/s/ *Aaron A. Mitchell*
Aaron A. Mitchell

---

[4] https://www.justice.gov/opa/pr/justice-department-sues-compel-us-businessperson-register-under-foreign-agents-registration