**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                      :     Chapter 11
:
HO WAN KWOK,                                                   :     Case No. 22-50073 (JAM)
:
Debtor.[1]                                                            :
:
---------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER,
PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330
AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND
APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP
AS COUNSEL TO CHAPTER 11 TRUSTEE**

Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), respectfully states as follows in support of this application (the "Application"):

**RELIEF REQUESTED**

1.By this Application, the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and approving the retention of Paul Hastings LLP ("Paul Hastings") as the Trustee's counsel effective as of the date of his appointment, *i.e.*, July 8, 2022.  The Trustee also requests, pursuant to section 327(d) of the Bankruptcy Code, that he be authorized to act as one of the attorneys for the Debtor's estate.

2.In support of this Application, the Trustee submits the *Declaration of Nicholas A. Bassett in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rule 2014 and 2016, Authorizing*

---

[1]Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are 9595.

*and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* (the "Bassett Declaration"), attached hereto as **Exhibit B**, which is incorporated by reference. In addition, this Application incorporates by reference the *Declaration of Disinterestedness of Luc A. Despins*, dated July 7, 2022 [ECF No. 515-1], as supplemented on July 12, 2022 [ECF No. 538] (the "Despins Declaration").

## JURISDICTION, VENUE, AND STATUTORY BASES

3. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and, to the extent applicable, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules").

## BACKGROUND

6. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

8.	On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

9.	On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

## PAUL HASTINGS' QUALIFICATIONS

10.	The Trustee seeks to retain Paul Hastings as his attorneys because of Paul Hastings' extensive experience and recognized expertise in the field of financial restructuring and bankruptcy and other relevant practice areas. As one of the largest law firms in the world, with a national and an international practice, Paul Hastings has substantial experience in virtually all aspects of the law that may arise in the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, securities, and tax expertise, both in a domestic and international context.

11.	Paul Hastings' Financial Restructuring Group is capable of providing an array of services to assist the bankruptcy estate and its creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of Enron, Lehman Brothers, Refco, Eagle Hospitality, Cred, Semi-Tech (a/k/a Singer); Safety-Kleen; AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Dictaphone;

Education Holdings 1; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Reddy Ice; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role as counsel to the Official Committee of Unsecured Creditors in Puerto Rico's cases under Title III of PROMESA.

12.     Of particular note, Paul Hastings lawyers also have extensive experience in complex bankruptcy litigation and international investigations, including as a result of their representations of the official committee of unsecured creditors in the Refco chapter 11 cases, the official committee of unsecured creditors in the Enron chapter 11 cases, the debtors in the Eagle Hospitality Group chapter 11 cases, the debtors in the Cred chapter 11 cases (the first cryptocurrency chapter 11 cases), the debtors in the Interlogic Outsourcing chapter 11 cases, as well as ad hoc groups of convertible noteholders in connection with their pursuit of assets of China Medical Technologies and American Oriental Bioengineering.  In addition, Paul Hastings attorneys previously represented James L. Garrity, Jr. (now Hon. James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York), as the chapter 11 trustee in the case of GSC Group (f/k/a Greenwich Street Capital), as well as James Hassett, as chapter 11 trustee in the case of CIS Corp.

13.     In addition, it is in the best interest of the Debtor's estate that the Trustee also be authorized to act as one of the attorneys for the Debtor's estate.[2]  Mr. Despins is the Co-chair of Paul Hastings Financial Restructuring Group.  Mr. Despins is a bankruptcy practitioner with over 35 years of experience representing debtors and creditors, including many of the debtors, committees, and creditors identified above, including Enron, Lehman Brothers, Refco, Eagle Hospitality, Semi-Tech (a/k/a Singer), Safety-Kleen, and the chapter 11 trustee in the case of CIS Corp.

14.     Accordingly, the Trustee submits that Paul Hastings' retention as bankruptcy counsel, including authorizing him to act as one of the attorneys for the Debtor's estate pursuant to section 327(d) of the Bankruptcy Code, is necessary and in the best interest of the Debtor's estates.  Paul Hastings is both well-qualified and uniquely able to represent the Trustee in the Chapter 11 Case in an efficient and effective manner, including because the Trustee is also a partner of Paul Hastings and thus is intimately familiar with the experiences and expertise of Paul Hastings' attorneys.

## SERVICES TO BE PROVIDED

15.     The Trustee anticipates that Paul Hastings will render general legal services as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, and tax-related advice.  In particular, the Trustee has requested that Paul Hastings perform, among others, the following legal services:

   (a)    advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

---

[2]  The Trustee will separately track his time spent as chapter 11 trustee and his time spent as one of the attorneys for the Debtor's estate.

    (b)    advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

    (c)    commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

    (d)    preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

    (e)    advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

    (f)    advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

    (g)    advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

    (h)    advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

    (i)    assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

    (j)    negotiating with parties in interest.

It is necessary and essential that the Trustee employs attorneys to render the foregoing professional services. Paul Hastings has substantial expertise in all of these areas.

    16.    By separate application, the Trustee will seek to retain Neubert, Pepe & Monteith, P.C. to serve as local Connecticut counsel. In order to avoid any duplication of effort and provide services to the Trustee in the most efficient and cost-effective manner, Paul Hastings will coordinate with local counsel regarding their respective responsibilities in the Chapter 11 Case.

**PROFESSIONAL COMPENSATION**

17. Paul Hastings intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Case, subject to the Court's approval . The hourly rates and corresponding rate structure Paul Hastings will use in the Chapter 11 Case are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in other restructuring matters (with the exception of Puerto Rico's Title III cases), as well as similar complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases. Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters such as the present representation typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

18. Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Currently, Paul Hastings' customary hourly rate ranges in the United States are as follows:

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| Partners | $1,310 – $1,935 |
| Of Counsel | $1,335 – $1,860 |
| Associates | $755 – $1,230 |
| Paralegals | $250 – $565 |

19. Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. Paul Hastings' hourly

rates are subject to periodic adjustments to reflect economic and other conditions.[3] So long as Paul Hastings charges its regular hourly rates in effect at the time, the Trustee consents to Paul Hastings' annual and other periodic rate increases. In addition, in determining the level of compensation to be paid to Paul Hastings and its reasonableness, the Trustee compared Paul Hastings' hourly rates with the range of rates charged by other top firms in other large, complex, and international matters.

20. The Trustee submits that Paul Hastings' hourly rates are reasonable, comparable to Paul Hastings' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals who offer the same services. This is especially true under the circumstances here where the Debtor' estate currently has no assets to pay professional fees. As a result, Paul Hastings is being retained, for all practical purposes, on a contingency basis—*i.e.*, its compensation will depend on whether assets are eventually brought into the Debtor's estate (which, in turn, will depend on the extent to which Paul Hastings and the Trustee are successful in recovering assets for the benefit of the Debtor's estate and its creditors).

21. Based on my experience, a typical contingency fee arrangement where no estate assets are available to fund the compensation of counsel to the trustee would far exceed the hourly rates charged by Paul Hastings (which Paul Hastings would be charging here) for engagements where compensation is not contingent on assets being brought into the estate.

---

[3] For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

22. It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Paul Hastings will charge the Trustee for these expenses in a manner and at rates consistent with charges generally made to its other clients.

23. To ensure compliance with applicable deadlines in the Chapter 11 Case, from time to time the firm utilizes the services of overtime assistants. Paul Hastings charges fees for such administrative services that arise out of business necessity.

## **PAUL HASTINGS' DISINTERESTEDNESS**

24. The Despins Declaration discloses Paul Hastings' connections to the Debtor and potential parties in interest in the Chapter 11 Case and are incorporated in this Application by reference. In reliance on the Despins Declaration, and except as set forth therein, the Trustee believes that: (a) Paul Hastings has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) neither Paul Hastings nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Trustee believes that Paul Hastings is a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

25. Paul Hastings will review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Paul Hastings will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF

26. The Trustee seeks to retain Paul Hastings as his attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to court approval may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." In addition, pursuant to section 327(d) of the Bankruptcy Code, the Court "may authorize the trustee to act as attorney . . . for the estate if such authorization is in the best interest of the estate."

27. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

28. Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

States trustee, or any person employed in the office of the United States trustee.

29. As required by Bankruptcy Rule 2014(a), this Application, along with the Bassett Declaration and the Despins Declaration, sets forth: (a) the specific facts establishing the Trustee's need to employ Paul Hastings as counsel in the Chapter 11 Case and the reasons for the Trustee's selection of Paul Hastings, including that it is in the best interest of the estate that he be authorized to act as one of the attorneys for the Debtor's estate; (b) the professional services to be rendered by Paul Hastings; (c) Paul Hastings' compensation and the reasonableness thereof; and (d) to the best of the Trustee's knowledge, Paul Hastings' connection, if any, to certain parties in interest in the Chapter 11 Case.

30. Finally, the Trustee requests that the retention of Paul Hastings be authorized and approved effective as of the date of the Trustee's appointment, *i.e.*, July 8, 2022, which was also the date on which Paul Hastings began providing services to the Trustee. In accordance with Local Rule 2014-1(b)(1), this Application is deemed contemporaneously filed with the commencement of such services because this Application was filed within thirty (30) days after the commencement of services.

31. The Trustee submits that for all of the reasons stated in this Application, the Bassett Declaration, and the Despins Declaration the proposed retention of Paul Hastings as the Trustee's bankruptcy and restructuring counsel in the Chapter 11 Case falls squarely within the scope of sections 327(a) and (d) and is warranted. Accordingly, the Trustee respectfully requests that the Court authorize the retention of Paul Hastings as counsel to the Trustee.

**NO PRIOR REQUEST**

32. The Trustee has not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in this Application and such other relief as is just and proper.

Dated: July 12, 2022

Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok

*/s/ Luc A. Despins*
Luc A. Despins