**EXHIBIT B**

**Bassett Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK,                                          :    Case No. 22-50073 (JAM)
                                                      :
            Debtor.[1]                                :
                                                      :
------------------------------------------------------x

### DECLARATION OF NICHOLAS A. BASSETT IN SUPPORT OF CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Nicholas A. Bassett, declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted and in good standing to practice in the State of New York. My application for admission *pro hac vice* to the United States Bankruptcy Court for the District of Connecticut (the "Court") was filed on July 11, 2022 [ECF No. 533].

2. I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York, 10166, and am duly authorized to make this declaration (this "Declaration") on behalf of Paul Hastings. I submit this Declaration in support of the *Application of Chapter 11 Trustee for Entry of an Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rule 2014 and*

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

*2016, Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* (the "Application")[2] submitted by Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor").

3.  The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys.  To the extent any information disclosed in this Declaration requires amendment or modification upon completion of Paul Hastings' further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## PAUL HASTINGS' QUALIFICATIONS

4.  Paul Hastings is particularly qualified to serve as the Trustee's counsel in this chapter 11 case (the "Chapter 11 Case").  Paul Hastings is one of the largest law firms in the world, with a national and an international practice, and has substantial experience in virtually all aspects of the law that may arise in the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, securities, and tax expertise.

5.  Paul Hastings' Financial Restructuring Group is capable of providing an array of services to assist the bankruptcy estate and its creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances.  In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of Enron, Lehman Brothers, Refco, Eagle Hospitality, Cred, Semi-Tech (a/k/a Singer); Safety-Kleen; AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores;

---

[2]  Capitalized terms used but not defined herein have the meanings set forth in the Application.

Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Dictaphone; Education Holdings 1; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Reddy Ice; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role as counsel to the Official Committee of Unsecured Creditors in Puerto Rico's cases under Title III of PROMESA.

6. Of particular note, Paul Hastings lawyers also have extensive experience in complex bankruptcy litigation and international investigations, including as a result of their representations of the official committee of unsecured creditors in the Refco chapter 11 cases, the official committee of unsecured creditors in the Enron chapter 11 cases, the debtors in the Eagle Hospitality Group chapter 11 cases, the debtors in the Cred chapter 11 cases (the first cryptocurrency chapter 11 cases), the debtors in the Interlogic Outsourcing chapter 11 cases, as well as ad hoc groups of convertible noteholders in connection with their pursuit of assets of China Medical Technologies and American Oriental Bioengineering.  In addition, Paul Hastings attorneys previously represented James L. Garrity, Jr. (now Hon. James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York), as the chapter 11 trustee in the case of GSC Group (f/k/a Greenwich Street Capital), as well as James Hassett, as chapter 11 trustee in the case of CIS Corp.

7.      In addition, Mr. Luc A. Despins is the Co-chair of Paul Hastings Financial Restructuring Group and a partner in the Corporate practice of Paul Hastings. Mr. Despins is a bankruptcy practitioner with over 35 years of experience representing debtors and creditors, including many of the debtors, committees, and creditors identified above, including Enron, Lehman Brothers, Refco, Eagle Hospitality, Semi-Tech (a/k/a Singer), Safety-Kleen, and the chapter 11 trustee in the case of CIS Corp.

8.      Paul Hastings is both well-qualified and uniquely able to represent the Trustee in the Chapter 11 Case in an efficient and effective manner, including because the Trustee is also a partner of Paul Hastings and thus is intimately familiar with the experiences and expertise of Paul Hastings' attorneys.

## SERVICES TO BE PROVIDED

9.      Paul Hastings will render general legal services as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, and tax-related advice. In particular, the Trustee has requested that Paul Hastings perform, among others, the following legal services:

(a) advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

(b) advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

(c) commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

(d) preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

(e) advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

(f) advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

(g) advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

(h) advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(i) assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

(j) negotiating with parties in interest.

## **COMPENSATION OF PAUL HASTINGS**

10. Paul Hastings will apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval. The hourly rates and corresponding rate structure Paul Hastings will use in the Chapter 11 Case are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in similar matters (with the exception of Puerto Rico's Title III cases), as well as other complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases. Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters such as the present representation typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

11. Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization,

the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Paul Hastings' current customary hourly rate ranges in the United States are as follows:

| **Timekeeper Category** | **U.S. Hourly Rate Range** |
| --- | --- |
| Partners | $1,310 – $1,935 |
| Of Counsel | $1,335 – $1,860 |
| Associates | $755 – $1,230 |
| Paralegals | $250 – $565 |

12. Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. I believe these rates are reasonable and commensurate with the hourly rates of other firms of similar size and expertise. Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[3]

13. It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Paul Hastings will charge the Trustee for these expenses in a manner and at rates consistent with charges generally made to its other clients.

---

[3] For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines). As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

14. To ensure compliance with applicable deadlines in the Chapter 11 Case, from time to time the firm utilizes the services of overtime assistants. Paul Hastings charges fees for such administrative services that arise out of business necessity.

15. Paul Hastings has agreed to accept as compensation for its services in the Chapter 11 Case such sums as may be allowed by this Court, based upon the time spent and services rendered, the difficulties encountered, and other appropriate factors.

16. Paul Hastings currently charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies in its offices in the United States. Paul Hastings does not charge its clients for incoming facsimile transmissions. Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hardbound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

17. Paul Hastings will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case. Further, even though Appendix B of the U.S. Trustee Guidelines does not apply in this Chapter 11 Case because it only applies if the debtor's petition lists $50 million or more in assets and $50 million or more in liabilities, Paul Hastings also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the U.S. Trustee Guidelines in connection with the interim and final fee applications to be filed by Paul Hastings in the Chapter 11 Case.

18. Paul Hastings has not received any promises as to payment or compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein. Moreover, Paul Hastings has not agreed to share any

of its compensation from the Debtor and/or his estate with any other person, other than the partners, of counsel, associates, and staff employed by Paul Hastings as permitted by section 504 of the Bankruptcy Code. The proposed retention of Paul Hastings is not prohibited by Bankruptcy Rule 5002.

### PAUL HASTINGS' CONFLICTS CHECK

19. The Despins Declaration, which was prepared in connection with, and attached to, the U.S. Trustee's *Application for Order Approving Appointment of a Chapter 11 Trustee* [ECF No. 515], sets forth Paul Hastings' conflict review procedures and the steps performed to identify not only the Trustee's but also Paul Hastings' connections to potential parties in interest in the Chapter 11 Case. For a description of Paul Hastings' connections to potential parties in interest in the Chapter 11 case, I refer to the Despins Declaration.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

20. Paul Hastings does not believe that Appendix B of the U.S. Trustee Guidelines applies in this Chapter 11 Case because the debtor's petition does not list $50 million or more in assets <u>and</u> $50 million or more in liabilities. In particular, the Debtor estimated the value of his assets between $50,001 and $100,000. Nevertheless, Paul Hastings intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the U.S. Trustee Guidelines in connection with the interim and final fee applications to be filed by Paul Hastings in the Chapter 11 Case, but reserves all rights as to their relevance and substantive legal effect in connection with the Application or any application for compensation in the Chapter 11 Cases. Paul Hastings provides the following response to the request for information set forth in Paragraph D.1. of the U.S. Trustee Guidelines.

> Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

| | |
|---|---|
| Response: | No. Paul Hastings and the Trustee have not agreed to any variations from, or alternatives to, Paul Hastings' standard billing arrangements for this engagement. That said, as discussed above, as a practical matter, Paul Hastings will only be compensated if and to the extent that there are assets in the Debtor's estate. |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Paul Hastings did not represent the Trustee in the 12 months prepetition. |
| Question: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | The Trustee and Paul Hastings are working together on a budget and staffing plan for the period from July 8, 2022 through September 30, 2022. |

*[Remainder of page intentionally left blank.]*

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 12th day of July 2022

>*/s/ Nicholas A. Bassett*
>Nicholas A. Bassett