**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                            :

In re:                                   :         Chapter 11

HO WAN KWOK,                    :         Case No. 22-50073 (JAM)

         Debtor.                       :

------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE
HEARING ON APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER
AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL
HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned proposed counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rule 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to the Chapter 11 Trustee*, dated July 11, 2022 [ECF No. 539] (the "Retention Application").[1] In support of his Motion to Expedite, the Trustee respectfully states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The

---

[1]    Capitalized terms used but not defined in the Motion to Expedite have the meanings set forth in the Retention Application.

Retention Application, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.

7. On July 7, 2022, the United States Trustee filed an application to appoint Luc A. Despins to serve as the chapter 11 trustee [ECF No. 514] (the "Trustee Appointment Application"). On the same date, the United States Trustee filed a motion to expedite consideration of the Trustee Appointment Application [ECF No. 516], given the need to timely install a chapter 11 trustee, which the Court granted [ECF No. 517], scheduling a hearing for July 8, 2022.

8. The Trustee appeared at the hearing held July 8, 2022, following which the Court entered an order granting the Trustee Appointment Application and approving Mr. Despins' appointment.

9. On July 12, 2022, the Trustee filed the Retention Application, which requests to employ Paul Hastings as the Trustee's counsel.

## REQUESTED RELIEF

10. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Retention Application upon an expedited basis. The Trustee respectfully requests that the Court schedule a hearing with respect to the Retention Application to be held Tuesday, July 19, 2022, or as soon thereafter as is convenient to the Court.

11. As the Court explained at the July 5, 2022 hearing concerning the appointment of the Trustee, "the passage of time does not benefit the Debtor's estate, and it is imperative that the chapter 11 trustee be in place, and functioning, as soon as possible." For the Trustee to function most effectively, he requires the assistance of his counsel and its employment approved by the Court.

12. Nearly two months have passed since the Court entered the Trustee Order. Numerous matters exist as to which the Trustee must immediately dedicate considerable attention with respect to this Chapter 11 Case, and, accordingly, as to which his proposed counsel must invest substantial time and resources. Among other things, counsel must immediately assist the Trustee in (i) reviewing and, if necessary, taking positions in pending litigation, including the pending adversary proceeding in this Court concerning the *Lady May* yacht; (ii) ensuring compliance with the stipulated order related to the *Lady May*; (iii) immediately becoming involved as the estate's representative in the pending chapter 11 case of Genever Holdings LLC; (iv) contacting parties who may be in possession of estate property to ensure compliance with the automatic stay; (v) identifying targets of potential discovery requests and contacting such parties

to ensure their retention of all relevant discovery materials; and (vi) otherwise investigating the Debtor's affairs and locations of assets on an urgent basis to ensure that the Trustee's recovery efforts are not prejudiced by the passage of time.

13. The need for expedited consideration of the Retention Application is further underlined by the Debtor's letter objection, dated July 11, 2022 [ECF No. 531] to the appointment of the Chapter 11 Trustee, in which objection the Debtor makes a variety of spurious allegations as to the lack of disinterestedness on the part the Chapter 11 Trustee and Paul Hastings. It is important that any "Debtor-manufactured" cloud as to the Chapter 11 Trustee's retention of Paul Hastings be cleared as soon as possible, including to remove any basis for the Debtor to refuse to cooperate with the Chapter 11 Trustee in his investigation into the property of the Debtor's estate.[2]

14. Employment of the Trustee's counsel will assist the Trustee in expeditiously performing his duties, including with respect to the foregoing. While counsel has begun work as "proposed" counsel, both the Trustee and his counsel could be prejudiced if, following the performance of such work, the Retention Application is not granted by the Court. Holding a hearing on July 19, 2022, will also provide the Trustee and his counsel the opportunity to update the Court as to the Trustee's initial progress and priorities going forward. To the extent the Court believes that holding a hearing on the Retention Application on Tuesday, July 19, 2022 does not provide parties-in-interest with sufficient notice, the Trustee and Paul Hastings would also be available for a hearing on the Retention Application later that week, *i.e.*, July 20, 21, or 22, 2022.[3]

---

[2] For example, the Chapter 11 Trustee has been attempting to obtain the consent of the Debtor to a simple, mechanical amendment to the stipulated order regarding the delivery of the *Lady May* [ECF No. 299], so as to ensure that the Chapter 11 Trustee has the same rights as PAX and the Committee under that stipulated order. However, to date, the Debtor has not responded to the Chapter 11 Trustee's request.

[3] The Trustee is also aware of Local Rule 2014-1(b)(1), pursuant to which a retention application is deemed contemporaneously filed with the commencement of services, as long as the application is filed within 30 days after the commencement of services. The Trustee submits that this rule does not resolve the concerns expressed in this Motion to Expedite because the Trustee requires certainty regarding the retention of his counsel.

15. The Trustee defers to the Court's preference with respect to whether an expedited hearing should be held in person or via Zoom teleconference.

16. The Trustee requests that the Court direct that notice of the Retention Application and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, the Trustee, Paul Hastings, and the United States Trustee.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Motion on July 19, 2022, at a time convenient for the Court, or at such other date and time thereafter as is convenient for the Court, and ordering notice of such hearing as set forth in the attached Order.

Dated: July 12, 2022  
        New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett *(pro hac vice* pending)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft *(pro hac vice* pending)  
    Douglass Barron *(pro hac vice* pending)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com

    *Proposed counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                          :     Chapter 11
:
HO WAN KWOK,                                    :     Case No. 22-50073 (JAM)
:
    Debtor.                                     :
:
------------------------------------------------------x

**ORDER SCHEDULING EXPEDITED HEARING**

The Court having considered the *Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on Application of Chapter 11 Trustee for Entry of Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* [ECF No. 539] (the "<u>Motion to Expedite</u>");[4] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Retention Application shall be held on **July 19, 2022, at \_\_:\_\_ \_.m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT  06604 (the "<u>Hearing</u>"); and it is further

**ORDERED,** that the deadline to object to the Retention Application shall be **_____ at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Retention Application and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, the Trustee, Paul Hastings, and the United States Trustee,  on

---

[4] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

2

or before July __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                        :
In re:                                                              :     Chapter 11
                                                                        :
HO WAN KWOK,                                              :     Case No. 22-50073 (JAM)
                                                                        :
             Debtor.                                              :
                                                                        :
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 12, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated:   July 12, 2022
             New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(pro hac vice* pending)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

3

*and*

Avram E. Luft *(pro hac vice* pending)
Douglass Barron (*pro hac vice* pending)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Proposed counsel for the Chapter 11 Trustee*

4