```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                         BRIDGEPORT DIVISION


In Re                           *   Case No. 22-50073(JAM)
                                *
      HO WAN KWOK,              *   Bridgeport, Connecticut
                                *   July 5, 2022
              Debtor.          *
                                *
* * * * * * * * * * * * * * * *
```

```
              TRANSCRIPT OF APPLICATION TO APPOINT TRUSTEE
           APPLICATION FOR ORDER APPROVING APPOINTMENT OF
                          CHAPTER 11 TRUSTEE
             BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Debtor: | WILLIAM BALDIGA, ESQ.<br>Brown Rudnick, LLP<br>Seven Times Square<br>New York, NY  10036 |
| For the Creditor, Pacific<br> Alliance Asia Opportunity<br> Fund L.P.: | PETER FRIEDMAN, ESQ.<br>STUART M. SARNOFF, ESQ.<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036 |
| | PATRICK M. BIRNEY, ESQ.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT  06103-3597 |

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

APPEARANCES Cont'd:

For the Creditor's Committee: IRVE GOLDMAN, ESQ.
                              Pullman & Comley
                              850 Main Street
                              Bridgeport, CT  06601

For Creditors Rui MA,         KRISTEN MAYHEW, ESQ.
Zheng Wu, and Weican Meng:    McElroy Deutsch
                              225 Liberty Street
                              36th Floor
                              New York, NY  10281

For Creditor Logan Cheng:     JAY MARSHALL WOLMAN, ESQ.
                              Randazza Legal Group, PLLC
                              100 Pearl Street
                              14th Floor
                              Hartford, CT  06103

For the U.S. Trustee:         HOLLEY L. CLAIBORN, ESQ.
                              Office of the United States
                                Trustee
                              The Giaimo Federal Building
                              150 Court Street, Room 302
                              New Haven, CT  06510

1          (Proceedings commenced at 3:54 p.m.)

2               THE CLERK:  Number 22-50073, Ho Wan Kwok.

3               THE COURT:  Okay.  Good afternoon.  Court is -- we

4     just had another hearing that ran long, so I'm sorry to keep

5     everyone waiting.  If we could have appearances for the

6     record starting with the debtor's counsel, please?

7               MR. BALDIGA:  Good afternoon.  William Baldiga,

8     Brown Rudnick, for the debtor.

9               THE COURT:  Good afternoon.  Counsel for PAX?

10              MR. FRIEDMAN:  Good afternoon, Your Honor.  It's

11    Peter Friedman from O'Melveny & Myers.  I see Mr. Sarnoff as

12    well and Mr. Birney.

13              THE COURT:  Good afternoon to all of you.

14              MR. BIRNEY:  Good afternoon, Your Honor.

15              THE COURT:  Counsel for the creditor's committee.

16              MR. GOLDMAN:  Good afternoon, Your Honor.  Irve

17    Goldman, Pullman & Comley, counsel for the creditor's

18    committee.

19              THE COURT:  Good afternoon.  Counsel for Rui Ma

20    and the other creditors?

21              MS. MAYHEW:  Good afternoon, Your Honor.  Kristen

22    Mayhew, McElroy, Deutsch, Mulvaney, & Carpenter, on behalf

23    of creditors Rui Ma, Zheng Wu, and Weican Meng.

24              THE COURT:  Good afternoon.  And counsel for the

25    U.S. Trustee?

4

1          MS. CLAIBORN:  Good afternoon, Your Honor.  Holley

2     Claiborn for the U.S. Trustee.

3          THE COURT:  Good afternoon.  Do we anticipate

4     anyone else?  Oh, I'm sorry, Attorney Wolman.  Go ahead.  I

5     didn't see you.

6          MR. WOLMAN:  Good afternoon, Your Honor.  Jay

7     Wolman, of Randazza Legal Group,  for creditor, Logan Cheng.

8          THE COURT:  Good afternoon.  I think that I've

9     taken everyone's appearances.  Is that correct?

10         Okay.  All right.  So today's hearing was a

11    hearing on an application to appoint trustee and application

12    for order approving the Chapter 11 trustee appointment,

13    which was ECF No. 499, and a motion to expedite the hearing,

14    which was filed on Thursday, June 20 -- 30, excuse me --

15    Thursday, June 30, 2022.  The order granting the motion to

16    expedite entered, setting a hearing for today at 3:30 p.m.

17         It's 3:58.  As I said, I'm sorry.  We did -- our

18    3:00 hearing ran later than we thought it might, but in any

19    event, the motion to expedite was granted because the Court

20    wasn't sure why the U.S. Trustee's Office had filed an

21    application to appoint a trustee and asking for an order

22    approving the appointment of a trustee, and then today,

23    there was a withdrawal filed by the U.S. Trustee's Office of

24    the application.

25         So, Attorney Claiborn, I'm not sure what is

5

1    happening here, but as of June 30, Mr. White -- I don't know

2    if it's Whitley or Whitely, accepted the appointment as

3    being a Chapter 11 trustee in documents filed on the docket

4    of this case.

5         He also filed an affidavit saying he was a

6    disinterested person and, therefore, appeared to meet all

7    the requirements of a trustee and as of June 30, became the

8    representative of this estate.

9         And then today, a withdrawal was filed by your

10   office, signed by you on behalf of Mr. Harrington as the

11   U.S. Trustee for this -- for this region.

12        So I'm a little confused as to where things stand,

13   and why the U.S. Trustee's office felt it even needed an

14   order approving the appointment because under -- the

15   documents say under 1104(d), but 1104(d) doesn't come into

16   effect when I've already ruled for the appointment of a

17   trustee.  So your office's role, I think is what you did.

18   You appointed a trustee.

19        So what's the -- what's the issue now?  Why is

20   this being withdrawn?

21        MS. CLAIBORN:  Thank you, Your Honor.  The process

22   is implemented through Rule 2007.1.

23        THE COURT:  Yep.

24        MS. CLAIBORN:  Subsection C.

25        THE COURT:  No, but that subsection doesn't come

1    into effect unless there's a problem.  2007.1 says that in

2    order to appoint a trustee or examiner in a Chapter 11 case,

3    a motion for an order to appoint a trustee or an examiner --

4    and that was -- that motion was already granted and that

5    order entered.

6         So 2007.1 is already taken -- A is taken care of.

7    The rest of the section talks about an election of a

8    trustee, and there -- if there was an election of a trustee,

9    your office would have to certify there was an election and

10   say what the results were, and there's nothing on this

11   docket that indicates this trustee was elected, number 1.

12        And number 2, if there's some problem with regard

13   to this trustee, then it needs to be disclosed.  Is the

14   trustee resigning?  Are you removing the trustee?  Has the

15   trustee passed away?  I mean, those are the three grounds

16   under which there would be a need for a court order.  So --

17   and this trustee is still the trustee until this trustee is

18   not, so what is the status?

19        MS. CLAIBORN:  Your Honor, getting back to the

20   interplay between Rule 2007.1, Subsection C, and 1104(d),

21   the process, as envisioned by the combination of that

22   statute and that rule, is that the Court orders the U.S.

23   Trustee to appoint a Chapter 11 trustee, and then the U.S.

24   Trustee is to file an application that gets approved by the

25   Court and, thereafter, if that approval is obtained from the

1    Court, then the Chapter 11 trustee who is appointed becomes

2    effective.

3         So the U.S. Trustee has no current candidate

4    before the Court, and there is no current Chapter 11 trustee

5    before the Court.

6         THE COURT:  Well, 1104(d) says, if the Court

7    orders the appointment of a trustee or examiner, which I've

8    already done in a memorandum of decision that was issued on

9    June 15, if a trustee or examiner dies or resigns during the

10   case or is removed under Section 324 of this title, or if a

11   trustee fails to qualify under Section 322 of this title,

12   then the United States Trustee, after consultation with

13   parties in interest, shall appoint subject to the Court's

14   approval, one disinterested person other than the United

15   States Trustee to serve as a trustee or examiner as the case

16   may be.

17        So it -- it already talks about the prior trustee

18   dying or resigning or being removed.  So 1104(d) deals with

19   a successor trustee issue, not the original trustee.  And so

20   --

21        MS. CLAIBORN:  Your Honor, I think it's important

22   -- I apologize.

23        THE COURT:  That's all right.  And so, 2007.1 is

24   premised on -- 2007.1(c), approval of appointment, is

25   premised on 1104(d), which I just read, which is --

8

1     addresses the issue of when the trustee or examiner dies,

2     resigns or is removed.

3          MS. CLAIBORN:  Your Honor, 1104(d) has three

4     topics, as it were, that start that section.  One is if the

5     Court orders the appointment of a Chapter 11 trustee or an

6     examiner.  Two, if a Chapter 11 trustee or examiner dies or

7     resigns.  Or three, if a trustee fails to qualify under

8     Section 322.

9          So we are in the first section.  If the Court

10    orders the appointment, which the Court has, then you skip

11    down to the part that says, the United States Trustee, after

12    consultation with the parties in interest, shall appoint,

13    subject to the Court's approval, one disinterested person to

14    serve as the Chapter 11 trustee.

15         THE COURT:  But we don't approve the appointment

16    of trustees in Chapter 7 cases, in Chapter 13 cases, or in

17    Chapter 11 cases.  We've never entered orders approving the

18    appointment of a trustee unless there was an election or a

19    dispute with regard to the trustee.

20         So -- but that's still not answering the question.

21    This is the trustee.  How does the trustee just get to

22    withdraw when they already said that they are -- accepted

23    the appointment, and now five days later they don't?

24         Where is the trustee and why isn't the trustee

25    here?  How do you get to withdraw a trustee?  We've already

9

1    -- we've now lost five days of which somebody was supposedly

2    the representative of this estate and you don't have anybody

3    else here, right?  There's no successor trustee.  So what is

4    the plan?

5           MS. CLAIBORN:  Your Honor, currently there is no

6    Chapter 11 trustee appointed.

7           THE COURT:  Well, that's not true.

8           MS. CLAIBORN:  The U.S. Trustee withdrew -- Your

9    Honor, I respectfully disagree with --

10          THE COURT:  Okay.  Sorry.  Go ahead.

11          MS. CLAIBORN:  -- the Court's interpretation of

12    this section and the rule we've just been discussing.

13          It's the U.S. Trustee's viewpoint that the

14    intersection of the rule and the section require a process

15    that the U.S. Trustee has engaged in, and that process

16    includes the notice of appointment. It includes the

17    application to ask the Court to approve the appointment and

18    that process also offers the opportunity for anyone to come

19    in and have comments or criticisms or objections to the

20    appointment and for that process to play out.

21          We are here today after the U.S. Trustee has

22    withdrawn the notice of appointment and has withdrawn the

23    application to approve the appointment and that withdrawal

24    happened due to a late arrival of information that happened

25    this morning with respect to a conflict search.

1          The U.S. Trustee takes the role of finding a

2     disinterested person who is qualified to perform the

3     services of the Chapter 11 trustee seriously, and as a

4     result of information that was provided this morning,

5     determined that it was no longer appropriate to put forward

6     that candidate and, therefore, withdrew the application.

7          The U.S. Trustee is now engaged in trying to fill

8     the role with another candidate.

9          THE COURT:  So you're saying as of this morning

10    the trustee disclosed more information that resulted in the

11    determination that the trustee has a conflict of interest

12    and is not a disinterested person?

13         MS. CLAIBORN:  Correct.

14         THE COURT:  Even though the trustee --

15         MS. CLAIBORN:  Correct.

16         THE COURT:  -- signed an affidavit that said he

17    was?

18         MS. CLAIBORN:  Correct.

19         THE COURT:  Well, isn't that a problem.

20         MS. CLAIBORN:  Your Honor, it is unfortunate and

21    the timing of this does cause a delay for which the U.S.

22    Trustee is also unhappy about but, nevertheless, it's

23    appropriate to select and install a person who is conflict

24    free and who has the appearance that he can be impartial to

25    all parties involved in this case.

1          And the determination was made by the U.S. Trustee

2     that it was appropriate to withdraw that trustee who was

3     noticed last week and, therefore, that's what I did today.

4          THE COURT:  Well, but it's not a withdrawal,

5     because you're saying he's not qualified now.  He doesn't

6     meet the qualification, so it's a removal because he's the

7     trustee.

8          MS. CLAIBORN:  Your Honor --

9          THE COURT:  He accepted the appointment --

10         MS. CLAIBORN:  Your Honor, that --

11         THE COURT:  -- as of June 30, and he posted a bond

12     --

13         MS. CLAIBORN:  Your Honor, I respectfully disagree

14     with the Court.

15         THE COURT:  -- and he submitted an affidavit.

16         MS. CLAIBORN:  The appointment --

17         THE COURT:  I already ordered the appointment.

18         MS. CLAIBORN:  -- (indiscernible)  become

19     effective in the case.

20         THE COURT:  I ordered the appointment of a trustee

21     on June 15th.

22         MS. CLAIBORN:  Your Honor directed the U.S.

23     Trustee to appoint a Chapter 11 trustee by order that

24     entered on June 15th.

25         THE COURT:  That is correct.

1          MS. CLAIBORN:  Correct.

2          THE COURT:  And you did that.  Now you're saying

3     this person is not qualified.  Well, that -- there should be

4     a process -- you can't withdraw it.  How would anybody know

5     that this person isn't -- isn't -- no longer qualified?  How

6     is that transparent?  And what's the conflict?

7          I mean, he signed an affidavit saying that he had

8     no conflicts and that he was a disinterested person.  That's

9     what he said.

10          The Court has to be able to -- and the creditors

11     and the public have to be able to rely on that. So this

12     should be a removal.  This should be a motion to remove the

13     trustee for being -- not being qualified under Section 324

14     of the code.

15          I don't think you can withdraw the application.

16     You've already appointed him, subject to approval.  So maybe

17     I don't approve it, but you can't not tell everybody what

18     the problem is.  The problem is there is some conflict of

19     interest that came up today when the individual already

20     signed a document that accepted the appointment and

21     submitted an affidavit that said he had no conflict of

22     interest and was a disinterested person.

23          So how does that -- I mean, I don't see how you

24     can withdraw the appointment.  I don't see it.  There's

25     nothing in the code that allows that to happen.  The removal

1   of a trustee --

2          MS. CLAIBORN:  Your Honor, by virtue of the --

3          THE COURT:  -- or examiner is under Section 324.

4          MS. CLAIBORN:  Your Honor, the appointment and the

5   approval process is set forth, as we discussed today, in

6   1104(d), and section -- sorry, Rule 2007.1.

7          THE COURT:  I don't -- you know, I --

8          MS. CLAIBORN:  And the process has not been

9   finished, the appointment has not been approved, and the

10  U.S. Trustee, based upon the information provided today,

11  determined that it was appropriate to withdraw the notice of

12  appointment which we have done.

13         THE COURT:  Yeah, but you didn't say why.  If I

14  didn't have this hearing, nobody would know why.

15         MS. CLAIBORN:  Your Honor, that's correct.  The

16  withdrawal does not cite a reason, and due to the

17  governmental privilege and the deliberative process that the

18  U.S. Trustee engages in, I am not in a position to share

19  that reasoning or that discussion with the Court or with the

20  parties.

21         But it was in the best interest of the estate and

22  the creditors and the process to not pursue the selected

23  candidate.

24         THE COURT:  Does anyone else wish to be heard on

25  this issue, because we've now lost five days of which

14

1    somebody was supposedly in charge of this estate.  And then

2    what happens?  What if something happened in the last five

3    days?  You're saying, oh, and by the way -- so you're saying

4    that even though there was a trustee appointed and you note

5    -- you had -- you noticed it, it really didn't take effect

6    until there is a court order.  That's crazy.

7            MS. CLAIBORN:  That's correct, Your Honor.

8            THE COURT:  I already ordered the appointment of

9    the trustee.  If someone wants to object to the --

10           MS. CLAIBORN:  Your Honor entered an order

11   directing the U.S. Trustee to appoint a trustee --

12           THE COURT:  I didn't direct anybody.  I granted a

13   motion --

14           MS. CLAIBORN:  -- and that's the process.

15           THE COURT:  -- that said a trustee shall be

16   appointed.  That's what it said.

17           MS. CLAIBORN:  Correct.  And there's a process

18   that follows and so that's what we had done.

19           THE COURT:  Well, I -- the process is broken then,

20   if that's the process.  Does anyone else wish to be heard?

21   Attorney Friedman, I think I saw you raise your hand.

22           MR. FRIEDMAN:  Yes, Your Honor.  You know, for

23   what it's worth, I do think 1104 may be read to have the

24   *if/or*, and that the Court may have ultimate authority to

25   approve any application, the same as any other professional.

1          But I think more fundamentally, we are concerned.

2     You know, there are issues.  The Lady May will be returned.

3     We had hoped that when the order was entered on June 15th,

4     that, you know, that there would be a trustee in place to

5     deal with that so PAX didn't have to.  Our concern has

6     always been, there's no funding for the estate.  Perhaps the

7     trustee, had it been appointed quickly, could have addressed

8     that.

9          We now have a boat being returned, an inspection

10    has to be conducted, there's still no money in the estate to

11    deal with that.  If PAX has to deal with that, obviously, it

12    will have to file substantial contribution motion.

13         You know, the Court's order, which we respect and

14    we reviewed was without prejudice, but in the absence of a

15    trustee being able to take command, one who we would be --

16    you know, we -- let me take a step back.

17         We reached out to the trustee immediately to have

18    discussions, the proposed trustee.  You know, we were

19    prepared to try to work cooperatively because we read what

20    the Court's opinion said, noting that it was without

21    prejudice.

22         But what -- the absence of a trustee causes

23    prejudice.  The estate is already being prejudiced.  We

24    think, as the Court knows, that PAX is by far the

25    overwhelming creditor of this estate, and so it's being

1     prejudiced by this delay.

2          You know, we respect the Court's decision and

3     that's why we didn't appeal because it was without

4     prejudice, but if -- if sort of, this is the way the case is

5     going, we're going to have to reinstitute our motion, you

6     know, sooner rather than later, because we think that there

7     is prejudice to PAX already by the delay in time.  And you

8     know, we'll be sort of guided accordingly.

9          If there is a fast appointment, again, we will try

10    in good faith to work cooperatively.  But without a trustee

11    in place, you know, there's a vacuum here.

12         If PAX has to step up, there will be substantial

13    contribution motions.  PAX is already going to have to file

14    one, I think, you know, to deal with the return of the boat.

15         And we just want that to be clear that if there's

16    no one else to pay for things -- you know, and PAX may have

17    to address that and seek compensation from the estate on,

18    you know, a very quick basis.  Your Honor, this is an

19    unfortunate circumstance with delay.

20         THE COURT:  Anyone else wish to be heard?

21         MR. BALDIGA:  Yes, Your Honor.  William Baldiga.

22         MR. GOLDMAN:  I think --

23         MR. BALDIGA:  Go ahead, Irve.  I'm sorry.

24         MR. GOLDMAN:  I think this temporary setback ought

25    to be used as some sort of platform to revisit the --

1          THE COURT:  Mr. Baldiga, I can't hear you.  You

2    need to speak into your microphone a little bit more,

3    please.  I can't hear you.

4          MR. GOLDMAN:  It's Mr. Goldman, Your Honor.

5    I'll --

6          THE COURT:  Oh, okay, Mr. Goldman.  I thought Mr.

7    Baldiga was talking.  Go ahead.

8          MR. GOLDMAN:  Yeah.  I'll try to adjust my volume

9    here.  Your Honor.

10          THE COURT:  Go ahead.  Let's see if we can hear

11    you.

12          MR. GOLDMAN:  Is this any better?

13          THE COURT:  Let's -- go ahead and speak.

14          MR. GOLDMAN:  Yep.  No, what I was going to say

15    was, the -- or what I did try to say was that I don't think

16    this temporary setback should be used as some sort of

17    platform to revisit the dismissal motion.

18          I expect that the U.S. Trustee is going to move

19    with expedition.  We will all work together, as we did with

20    respect to this appointment and we will get a trustee in

21    place.

22          And I've already indicated to Mr. Friedman that

23    the committee conceptually has no problem with a substantial

24    contribution claim.  We recognize that if they step up and,

25    for example, have to pay for the inspection, that it should

18

1    be a considered a substantial contribution.

2            So I don't see that there are any issues right now

3    that the Court needs to address, other than to try to get a

4    handle on when the U.S. Trustee might expect to appoint --

5            THE COURT:  Well, okay --

6            MR. GOLDMAN:  -- the next trustee.

7            THE COURT:  -- I understand what you're saying,

8    Attorney Goldman, but there's nothing in this record other

9    than this hearing right now that has any information to

10   anyone about why this trustee, who accepted the appointment

11   and filed a docket -- document on this docket, accepting the

12   appointment and saying that he has no -- had no -- he was

13   disinterested and had no conflicts, and then come today --

14   he certainly -- he suddenly does.  That's a problem.

15           So the last -- who knows what's happened in the

16   last five days of this case when there supposedly was a

17   trustee in place.

18           And I understand what you just said, but I think -

19   - the Court is very concerned about it.  I think it's -- I

20   think it's -- you know, the -- it was issued on -- everybody

21   kept saying, the Court has to act quickly and everybody knew

22   that the -- a trustee was a possibility, but yet it took two

23   weeks to get a trustee and then five days later the trustee

24   whatever -- which by the way, I don't agree that the trustee

25   isn't a trustee right now, but that's the position that's

19

1    being taken.

2            Now we're five days after that and there's no

3    trustee.  And now how long is it going to take to get

4    another trustee?  And what happens if something happens

5    during this time frame?

6            I'm very disappointed in this whole process.  It's

7    not as if this hasn't been on the table since, oh, I think

8    the middle of March and it's July 5th.

9            So I don't know -- you know, I'm not worried about

10   substantial contribution and dismissal right now.  I've

11   heard all those issues.  I know those issues.  What I'm

12   worried about is where is the trustee?  I ordered it on June

13   15th, after everyone said I had to act quickly, which I did

14   to the best of my ability and I didn't do it in 15 days, I

15   did it in 17 days.  Okay.  Where is the trustee?

16           So what's the next step, Attorney Claiborn?  When

17   is the U.S. Trustee's office going to have another trustee,

18   which it is another trustee in my mind, whether or not you

19   agree with that.

20           And I'm not suggesting that this trustee has been

21   -- this gentleman, who said he was disinterested and

22   accepted the appointment, is not subject to some kind of

23   claim someone could bring against him for these five days,

24   or however many days he's the trustee until there's a

25   successor trustee.

1        The only thing that the code talks about in any

2    kind of vacancy of a trustee is if a trustee dies or

3    resigns.  Neither one of those things apparently has

4    happened.  So what's the plan?

5        MS. CLAIBORN:  Your Honor, the U.S. Trustee, as

6    soon as the order entered directing U.S. Trustee to appoint

7    a Chapter 11 trustee, engaged in a appropriate request of

8    the parties for input and solicitation as to appropriate and

9    suitable candidates.

10       Thereafter, the U.S. Trustee conducted a number of

11   interviews over a number of days with many candidates. And

12   as part of that interview process and that vetting process

13   candidates were asked to submit and perform some conflict

14   checks.  As it turns out, the particular candidate selected

15   ultimately uncovered something that was important enough for

16   the U.S. Trustee to withdraw the selection.

17       So the U.S. Trustee will now go to alternate

18   candidates and will select an appropriate candidate as soon

19   as possible.  The U.S. Trustee is very aware that this is an

20   urgent situation and the U.S. Trustee is taking it very

21   seriously and all I can say is that we are acting as quickly

22   as we can.  I cannot promise a date, but we know that it is

23   important.

24       THE COURT:  Well, I don't agree that you have the

25   ability to withdraw, so that's -- I don't -- I've never seen

1    a case.  You show me a case where the U.S. Trustee's office

2    has a --

3              MS. CLAIBORN:  Your Honor --

4              THE COURT:  -- ability to withdraw the appointment

5    of a trustee.  I don't --

6              MS. CLAIBORN:  Your Honor, you may have -- Your

7    Honor has done it before, actually, in the case of *Perilla*.

8              THE COURT:  When we had a successor trustee in

9    place.  There was a difference.

10             MS. CLAIBORN:  No, the original --

11             THE COURT:  We had a successor --

12             MS. CLAIBORN:  The original appointment of Steve

13   Cohen.

14             THE COURT:  -- and the original trustee actually

15   served as a trustee.  There's a difference.  A big

16   difference.

17             MS. CLAIBORN:  Correct, but the original

18   appointment of Trustee Cohen was done pursuant to the same

19   process.

20             THE COURT:  The creditors all agreed in that case.

21   That was -- that's a different situation and I think this

22   process doesn't make any sense.

23             Either you have -- you appoint someone, or you

24   have a vote and you -- that's what the -- that's what the

25   code sections require.  That's what it says.

1          And you didn't have a vote.  You appointed

2     somebody, and the person said that they accepted the

3     appointment and that they had no -- and they were

4     disinterested.

5          You can't then just say, withdraw.  Why?  Why

6     shouldn't the person have to come in here and explain the

7     problem?  He accepted it.  He's made statements under

8     penalty of perjury that's in this docket.

9          Why shouldn't he have to come in and explain why

10    he's no longer qualified, or why shouldn't you have to file

11    a motion to remove him, to explain everything to everyone,

12    because if we didn't have this hearing, there would be no

13    explanation that anyone would understand as to why this

14    trustee is not serving in this case according to the United

15    States Trustee's office.

16         So why shouldn't you have to file the --

17         MS. CLAIBORN:  Your Honor, can I --

18         THE COURT:  -- why -- you know, you cite to Rule

19    2007.  Well, look at section of the Bankruptcy Code 324 that

20    says removal of trustee or examiner.  This gentleman already

21    accepted the appointment under an order in which he was --

22    that this Court directed the appointment of that Chapter 11

23    trustee.

24         So according to you then every time there's a

25    Chapter 11 trustee appointed, we're going to have to wait

1    another -- if you didn't do an expedited hearing, when were

2    we going to have the hearing?  So it could be 30 days.  How

3    does that possibly make sense?

4         When a court rules that a Chapter 11 trustee is

5    appointed, and then the U.S. Trustee's office appoints one,

6    and then the U.S. Trustee's office can say, no, that's all

7    right, I'm going to take that back.  I don't think that's

8    how it works and that's not the way it should work.

9         If there's a problem, you file a motion.  You say

10   that -- I'm  -- we're removing him because he's no longer

11   qualified, because he discovered something that he didn't

12   discover at the time and we're moving with all due speed to

13   get a successor trustee appointed.

14        But you don't get to -- he doesn't get to just

15   walk away as if he was -- never accepted the appointment,

16   and that's essentially what you're allowing him to do.

17   You're allowing him to absolve himself of any liability that

18   he -- that he incurred when he agreed to be appointed as the

19   trustee.

20        MS. CLAIBORN:  Your Honor, it's the U.S. Trustee's

21   position that until the appointment is approved by the

22   Court, the U.S. -- the Chapter 11 trustee is not installed

23   as the Chapter 11 trustee, because that --

24        THE COURT:  So is that going to be true in all

25   Chapter 7 cases --

24

1          MS. CLAIBORN:  -- is part of a process --

2          THE COURT:  -- and Chapter 13 cases as well,

3     because all the same sections of the code apply with regard

4     to the qualifications of a trustee.  And in Chapter 7

5     they're supposed to vote on the trustee at 341 meetings, but

6     that doesn't happen, because that's what the code says.

7          MS. CLAIBORN:  Only if there is an election

8     process --

9          THE COURT:  -- that a trustee is an interim

10    trustee until after the 341 meeting where the creditors are

11    supposed to elect the trustee.  That doesn't happen.

12         MS. CLAIBORN:  Creditors have the right to --

13         THE COURT:  Same as Chapter 13 trustees.

14         MS. CLAIBORN:  -- ask the Court to have an

15    election process.  That has not been done in this case.

16         THE COURT:  No, I'm not asking about this case.

17         MS. CLAIBORN:  That process --

18         THE COURT:  I'm saying, you don't follow the

19    process in the Chapter 7 and 13 cases where the trustee is

20    supposed to only be an interim trustee and then be elected

21    by the creditors at a -- at 341 meeting in Chapter 7 and 13.

22         MS. CLAIBORN:  Correct.

23         THE COURT:  So why are we doing that?  It makes

24    absolutely no sense to say the trustee isn't the trustee

25    until after there's an order appointing him, approving the

1     appointment, when I already ordered that he be appointed.

2            The Court doesn't -- why am I approving anything

3     you do?  It doesn't matter.  I already said it's your office

4     that's responsible for the appointment, not the Court.

5            And those sections that you're reading those deal

6     with different issues than when there is a court order

7     deciding that a trustee should be appointed.  So I mean,

8     that's fine.  I understand your position, I don't agree with

9     it.

10           So what's the plan?  So are we going to have

11    another hearing tomorrow or the next day, because I'm going

12    to have one.  I want to know when this trustee is going to

13    be appointed.  And it's going to be a successor trustee.

14    That -- I mean, because by the way, the code and the rules

15    talk about successor trustees.

16           This gentleman can't escape liability just because

17    he's now found that he's got a conflict.  I mean, we deal

18    with this all the time in debtor's counselor and other

19    professionals, and you -- and the argument is, well, they

20    said they didn't have a conflict, but now they do.

21           Well, then there should be a ramification for

22    that.  There should be some responsibility for that, and

23    there shouldn't be a Chapter 11 debtor who, you know, since

24    June 15, wasn't -- isn't supposed to be in control of the

25    estate, but he still is apparently.  And he's still going to

26

1    be until a new trustee is appointed.

2           So I don't agree with you that Mr. Whitely doesn't

3    have any liability in this case, because he does from the

4    Court's perspective.

5           He accepted the appointment and he said he had no

6    conflict of interest, and no -- and he was a disinterested

7    party.

8           And if he later discovers there's a problem, then

9    you move to remove him under the code, under Section 342 of

10   -- 24 of the code.  That's what you do.  That's how it

11   should be handled, not a withdrawal of an application.  He's

12   already accepted the position.

13          So what time are we having a hearing tomorrow so I

14   can find out when the successor trustee is going to be

15   available?

16          MS. CLAIBORN:  Your Honor, with all due respect, I

17   may not have an answer for the Court tomorrow as to whether

18   or not there is a time frame during which I can tell the

19   Court that a Chapter 11 trustee will be installed.

20          All I can tell the Court is that the U.S. Trustee

21   is actively working on this situation, we are actively

22   communicating with people and the process will be done as

23   soon as it is possible to do so.

24          THE COURT:  Attorney Friedman.  Attorney Goldman.

25          MR. FRIEDMAN:  Your Honor.

27

1          THE COURT:  Attorney Mayhew.

2          MR. FRIEDMAN:  Okay.  I'm sorry.

3          THE COURT:  Have you -- have your clients

4    identified anyone that they would want to act as the Chapter

5    11 trustee in this case?

6          MR. FRIEDMAN:  Your Honor, we -- it's Peter

7    Friedman.

8          We have consulted with the U.S. Trustee and made a

9    recommendation.  We have also consulted with other creditors

10   and, you know -- and indicated other names of candidates who

11   would be acceptable to our clients.

12         MR. GOLDMAN:  Your Honor, on behalf of the

13   Committee, we did submit two names for consideration for the

14   trusteeship (indiscernible) with PAX and the U.S. Trustee

15   concerning the preference.  So we've gone through that

16   process.

17         MS. MAYHEW:  And on behalf of the creditors, Your

18   Honor, we also consulted with the United States Trustee's

19   office and joined in the recommendation of the creditor's

20   committee.

21         THE COURT:  Okay.  Well, I'm going to order --

22         UNIDENTIFIED SPEAKER:  Your Honor --

23         THE COURT:  -- you all to --

24         UNIDENTIFIED SPEAKER:  -- Your Honor, but --

25         THE COURT:  -- meet tomorrow, and I want to know

1    where we are on the trustee by first thing Thursday morning.

2    This is unacceptable.  This is unacceptable.

3         This is now a situation where this debtor in

4    possession has been in control of this estate for a period

5    of now more than 20 days -- 21 days since the order

6    appointing the trustee, which didn't come from thin air, was

7    entered.  And I'm not going to allow this to happen again.

8         If I have to order you to have a vote, you'll have

9    to have a vote.  This is just unacceptable, and I'm just --

10   I will decide at the end of the day how -- where this all

11   comes out.

12        But if I find out that something happened during

13   these five days, I'm not going to be happy about it.  Or

14   these six days, or these seven days, or however many days it

15   takes to get a trustee in place.

16        So all the creditors, you need to set up a call

17   with Attorney Claiborn and Attorney Harrington, if you need

18   to have Attorney Harrington involved, the U.S. Trustee

19   involved.  But this -- there has to be a trustee appointed

20   in this case.

21        And this form over substance process -- so every

22   single time there's a Chapter 11 trustee appointed, we have

23   to have an emergency hearing to enter another order to

24   approve -- that doesn't make any sense.

25        If someone doesn't like the trustee, they can move

29

1    to remove him.  It's just form over substance.  Just

2    complete form over substance.  The job of th U.S. Trustee's

3    office is to appoint the trustee.  You did that.  He has a

4    conflict, then he should have to be removed and disclose the

5    conduct -- the conflict to this Court.

6           The fact that none of this as disclosed and none

7    of this would happen if this hearing didn't go forward, is

8    unacceptable to this Court and it should be to all of you as

9    well.

10          So what time are you going --

11          UNIDENTIFIED SPEAKER:  Your Honor --

12          THE COURT:  -- to meet and who's going to report

13    back to the Court --

14          UNIDENTIFIED SPEAKER:  Your Honor, that --

15          THE COURT:  -- tomorrow on when a Chapter 11

16    trustee is going to be appointed?

17          I'll just make it easier for you.  We're going to

18    have a hearing tomorrow at 3:00 p.m. and it will be virtual.

19    And you will all tell me where things stand on the

20    appointment of a Chapter 11 trustee.

21          And I expect the U.S. Trustee's office to make

22    themselves available to all the creditors in this case and

23    to make sure that this appointment happens very, very, very

24    soon, because where we stand now is just very unfortunate.

25          Does anyone have any questions?

1          MR. BALDIGA:  Your Honor, it's William Baldiga.

2     Yes.  Yes.

3          THE COURT:  Go ahead, Attorney Baldiga.

4          MR. BALDIGA:  It's Mr. Baldiga.  Can you hear me?

5     Yes, thank you.

6          I was inferring initially from your comments that

7     the debtor would be able to participate in those

8     conversations, as generally the case.

9          The U.S. Trustee, as appropriate, did reach out to

10    us immediately at the entry of the Court's order.  We

11    responded in kind as to thoughts as to a trustee, which I

12    understand is customary.  We would expect to continue in

13    that process and I just didn't want your comments to be

14    taken to exclude us from that.

15         THE COURT:  Okay.  I understand.

16         MR. BALDIGA:  Second -- okay.  Second, I do

17    inquire as to what information has occurred or has been

18    brought forth.  I understand from Ms. Claiborn that there

19    may be an assertion of a privilege with which I'm just not

20    familiar, but I do make that inquiry as to what happened.

21         THE COURT:  Are you asking her to tell you this on

22    the record right now, Attorney Baldiga?

23         MR. BALDIGA:  I would respect that -- if she

24    preferred to that privately, I would respect that.  But I am

25    making that request.  I -- I'm not --

31

1          THE COURT:  Well, I'm not sure the Court would

2     respect that.  If there -- I want to know why this person is

3     -- is not -- no longer qualified.  And if you have to file

4     it under seal, file it under seal, but I think it's

5     unacceptable to have proceeded this way and to withdraw the

6     appointment and not disclose to anyone what the reason is.

7          And as I have said, and I will say again, Mr.

8     Whitely accepted that appointment and filed documents under

9     penalty of perjury in this case that he was a disinterested

10    person.

11         So I -- you know, I don't agree that this form

12    over substance order needs to have entered for him to have

13    -- he's already posted a bond.

14         So are you saying that the bonding company is

15    going to say that the bond doesn't go into effect until

16    there's an order entered?  Well, that's interesting, because

17    that doesn't happen in Chapter 7 and Chapter 13 cases.

18         MS. CLAIBORN:  Your Honor, to my knowledge Mr.

19    Whitely has not posted a bond.

20         THE COURT:  Okay.  All right.  What time did I say

21    we're going to have this hearing tomorrow?

22         THE CLERK:  3:00.

23         THE COURT:  3:00 p.m.  All right.  So you can all

24    reach out to the courtroom deputy and obtain the information

25    for the hearing and I want to hear what the progress is and

32

1    I want to know how long it's going to take, because it's

2    been 20 days since that order that everyone insisted needed

3    to enter right away, and it did, and we still don't have a

4    trustee.

5           Anyone else have any questions?

6       (No audible response)

7           THE COURT:  Okay.  That concludes today's hearing.

8    Thank you.

9           MS. MAYHEW:  Thank you.

10          THE CLERK:  Court is adjourned.

11      (Proceedings concluded at 4:34 p.m.)

12          I, CHRISTINE FIORE, court-approved transcriber and

13   certified electronic reporter and transcriber, certify that

14   the foregoing is a correct transcript from the official

15   electronic sound recording of the proceedings in the above-

16   entitled matter.

17

18   *Christine Fiore*

19   _____        July 13, 2022

20      Christine Fiore, CERT

21         Transcriber

22

23

24

Fiore Reporting and Transcription Service, Inc.