```
                 UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF CONNECTICUT
                       BRIDGEPORT DIVISION


In Re                              *   Case No. 22-50073(JAM)
                                   *
    HO WAN KWOK,                   *   Bridgeport, Connecticut
                                   *   July 6, 2022
              Debtor.              *
                                   *
* * * * * * * * * * * * * * * *



        TRANSCRIPT OF APPLICATION FOR ORDER APPROVING
              APPOINTMENT OF CHAPTER 11 TRUSTEE
            BEFORE THE HONORABLE JULIE A. MANNING
                UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:

For the Debtor:                    JEFFREY L. JONAS, ESQ.
                                   Brown Rudnick, LLP
                                   Seven Times Square
                                   New York, NY  10036


For the Creditor, Pacific          PETER FRIEDMAN, ESQ.
 Alliance Asia Opportunity         STUART M. SARNOFF, ESQ.
 Fund L.P.:                        O'Melveny & Myers LLP
                                   Times Square Tower
                                   7 Times Square
                                   New York, NY  10036

                                   PATRICK BIRNEY, ESQ.
                                   Robinson & Cole
                                   28 Trumbull Street
                                   Hartford, CT  06103




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

APPEARANCES Cont'd:

| | |
|---|---|
| For the Creditors Committee: | IRVE GOLDMAN, ESQ.<br>Pullman & Comley<br>850 Main Street<br>Bridgeport, CT  06601 |
| For the Creditor, Rui Ma: | KRISTEN MAYHEW, ESQ.<br>McElroy Deutsch Mulvaney &<br> Carpenter<br>225 Liberty Street<br>36th Floor<br>New York, NY  10281 |
| For the U.S. Trustee: | HOLLEY L. CLAIBORN, ESQ.<br>Office of the United States<br> Trustee<br>The Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT  06510 |
| For the Creditor,<br> Logan Cheng: | JAY MARSHALL WOLMAN, ESQ.<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT  06103 |

1           (Proceedings commenced at 3:07 p.m.)
2           THE COURT:  I would like to take appearances for
3   the record, starting with the debtor's counsel, please.
4           MR. JONAS:  Good afternoon, Your Honor.  It's Jeff
5   Jonas from Brown Rudnick on behalf of the debtor.
6           THE COURT:  Good afternoon.
7           And counsel for PAX?
8           MR. FRIEDMAN:  Good afternoon, Your Honor.  It's
9   Peter Friedman, O'Melveny & Myers.  Mr. Sarnoff and Mr.
10  Patrick Birney from Robinson & Cole are joining me.
11          THE COURT:  Good afternoon.
12          And counsel for the creditors committee?
13          MR. GOLDMAN:  Good afternoon, Your Honor.  Irve
14  Goldman, Pullman & Comley, representing the creditors
15  committee.
16          THE COURT:  And counsel for the creditors Rui Ma
17  and two other creditors?  I just don't have it in front of
18  me.  I'm sorry.
19          You are on mute, Attorney Mayhew.
20          MS. MAYHEW:  Thank you, Your Honor.  Sorry about
21  that.  Good afternoon.  Kristen Mayhew, McElroy Deutsch
22  Mulvaney & Carpenter, on behalf of creditors Rui Ma, Weican
23  Meng and Zheng Wu.
24          THE COURT:  Good afternoon.
25          And counsel for the Office of the United States

1   Trustee?
2           MS. CLAIBORN:  Good afternoon, Your Honor.  Holley
3   Claiborn for the U.S. Trustee.
4           THE COURT:  Good afternoon.
5           Is there anyone's appearance I didn't take and
6   that needs to be noted for the record?
7           MR. WOLMAN:  Good afternoon, Your Honor.  Jay
8   Wolman, of Randazza Legal Group, for creditor Logan Cheng.
9           THE COURT:  You know, I'm sorry, Mr. Wolman.  On
10  the video I can't see everyone at the same time so I didn't
11  see you. I apologize.
12          Is there anyone else that would like to note their
13  appearance for the record.
14      (No audible response.)
15          THE COURT:  Okay.  Then I will turn -- you know,
16  this is a continued hearing from yesterday with regard to
17  the status of the appointment of a Chapter 11 trustee in
18  this matter.
19          And I know, Attorney Claiborn, you told me
20  yesterday that it was not likely there would be any progress
21  with regard to the appointment of a Chapter 11 trustee, a
22  successor trustee.
23          Obviously -- I didn't look at the docket, but I
24  believe nothing's been filed, so I would just ask you to
25  provide a report to the Court on where things stand.

MS. CLAIBORN:  Thank you, Your Honor.

Preliminarily I wanted to circle back to a topic we discussed yesterday and I want to respond to some of the concerns that the Court raised with respect to the absence of information on the docket about the conflicts that caused the withdrawal of the notice of appointment for Mr. Whitely.

We heard the Court.  We wanted to let the Court know that there is a continuing duty, an obligation, on the part of every trustee to continue to search out and disclose conflicts that may come to light and that's exactly what happened in this particular case.

What was uncovered was a connection to Bravo Luck that prompted the U.S. Trustee and the trustee to reach a consensus that the trustee should not stay in place and that we should address the situation.

And so having not encountered that particular event -- series of events before, the determination was made that the best way to handle it at that time was to do a withdrawal of the application to avoid the Court's approval of that candidate.  And we wanted to avoid creating further problems.

Turning to where we are now, since yesterday we have been in communications with PAX and with the committee and with other creditors.  We are also in constant communication right now with two trustee candidates.  There

6

are ongoing efforts to complete conflicts checks. And the current hope and intention of the U.S. Trustee is to appoint a trustee tomorrow.

THE COURT: Okay. Thank you. And I thank you for the explanation of everything that you noted on the record today.

With regard to tomorrow, would you then be filing your notice of appointment and application that you filed similarly with regard to the -- similarly with regard to the candidate that accepted the appointment last week?

MS. CLAIBORN: Yes, Your Honor. It would be the same process.

THE COURT: So the hope is that you would be able to accomplish that tomorrow?

MS. CLAIBORN: That is the current hope.

THE COURT: Okay. And if that's accomplished then I would suggest that we have a hearing on Friday and get the trustee appointed immediately.

Does anyone have any concern about that, assuming the United States Trustee's Office is able to finalize what it needs to finalize and then file on the docket the notice of appointment and the application for approval?

(No audible response.)

THE COURT: Okay. The hearing on Friday, I would argue -- but I'm happy to hear other perspectives -- does

1      not need to be in person because I believe -- although if
2      anyone disagrees, I'd like you to voice the disagreement now
3      -- that it would be somewhat perfunctory in that what the
4      United States Trustee's Office is asking for -- and what --
5      although the rules aren't well written, you could argue the
6      rule says is necessary, is another order appointing --
7      approving the appointment of the specific person, aside from
8      the fact that it's already been ordered to be appointed, so
9      I think it would be somewhat perfunctory.
10             And I agree with Attorney Claiborn that every
11     trustee and professional has ongoing obligations with regard
12     to conflicts and other issues no matter what chapter of the
13     code they're serving under.
14             And if there is some reason why any of the -- any
15     party in the case felt there was a problem with the trustee,
16     that they'd have to either vocalize it at the hearing on
17     Friday and/or file a subsequent motion under the applicable
18     sections of the bankruptcy code and the rules.
19             So I see that there's no sense to delay this once
20     there is -- the appointment process from the United States
21     Trustee's Office is complete.
22             Does anyone wish to be heard on that issue?
23         (No audible response.)
24             THE COURT:  Okay.  Then I -- Attorney Claiborn,
25     what I will ask the courtroom deputy to do is to let me know

1   as soon as possible when someone sees -- if something's
2   filed tomorrow, then if it's seen, then we'll schedule a
3   hearing to be held on Friday on that.  I don't know what
4   time yet because obviously you may need part of the day
5   tomorrow to complete your process.
6           And then if it doesn't get completed until Friday,
7   then any hearing on Monday would be remote as well.  But
8   that's when the hearing will be.
9           I mean, we can't -- the passage of time is not
10  beneficial from the Court's perspective.  I don't know about
11  anybody else, but we need to have the trustee in place and
12  functioning as soon as possible.
13          Anyone else wish to be heard on any issues this
14  afternoon?
15      (No audible response.)
16          THE COURT:  The one thing I will note, I think
17  today is the last day to file any changes to the errata
18  sheet of the -- of prior hearings, including, I think, the
19  May 25th hearing.  So if anybody has any changes, if they
20  don't get filed today, then I'm going to enter an order.
21          Probably, Mr. Friedman, because you ordered the
22  official transcript, I think -- I'd have to go back and
23  review that -- to have your office communicate and deliver
24  the errata sheet to the reporter so that the transcript can
25  be corrected.

1             MR. FRIEDMAN:  Yes, Your Honor.
2             THE COURT:  Okay.  All right.  Well, then we will
3     -- thank you for the update.  Go ahead.
4             MR. FRIEDMAN:  I believe we will be --
5             THE COURT:  Go ahead, Attorney Friedman.
6             MR. FRIEDMAN:  Your Honor, it's Pete Friedman.
7             I believe we will be filing some brief errata this
8     afternoon.
9             THE COURT:  Okay.  All right.  Thank you.
10            MR. FRIEDMAN:  Thank you, Your Honor.
11            THE COURT:  Then we will see what happens over the
12    course of the day tomorrow.  And if something is filed
13    tomorrow, we'll have a hearing on Friday.  And if something
14    isn't filed until Friday, we'll have a hearing on Monday.
15            If nothing is filed between now and Friday, then
16    we still might have a hearing on Monday because we need to
17    have the Court's order have the impact and effect it's
18    intended to have.
19            So hearing nothing further from anyone, if there
20    is a hearing scheduled -- I'm looking to the courtroom
21    deputy now -- would we indicate, provide the information to
22    all the counsel about the hearing?
23            THE CLERK:  Yes.
24            THE COURT:  Okay.  Okay.  Because it will be
25    remote, we'll provide all that information to you.  Okay?

1   All right.  Then I think that concludes the hearing in the
2   Kwok matter today.
3           And we have no further hearings today, so court is
4   adjourned.
5           ALL COUNSEL:  Thank you, Your Honor.
6       (Proceedings concluded at 3:18 p.m.)
7           I, CHRISTINE FIORE, court-approved transcriber and
8   certified electronic reporter and transcriber, certify that
9   the foregoing is a correct transcript from the official
10  electronic sound recording of the proceedings in the above-
11  entitled matter.
12
13  *[signature: Christine Fiore]*
14  _____          July 13, 2022
15      Christine Fiore, CERT
16          Transcriber