**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: <br><br> HO WAN KWOK, <br><br> Debtor. | Chapter 11 <br><br> Case No: 22-50073 (JAM) |

**THE DEBTOR'S OBJECTION TO MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE**

Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through its undersigned attorneys, Zeisler & Zeisler, P.C., hereby objects to the Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on Application of Chapter 11 Trustee for Entry of Order Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee (Doc. No. 541) (the "Motion to Expedite"), filed by Luc A. Despins, the Chapter 11 Trustee (the "Trustee"), on July 12, 2022. In support of his objection, the Debtor respectfully represents as follows:

1. On February 15, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Case.

2. On June 15, 2022, this Court issued a Memorandum of Decision, *inter alia*, granting the Motion to Dismiss or, in the alternative, Partial Joinder to the USTs Motion for the Appointment of a Chapter 11 Trustee (Doc. No. 183) to the extent that it sought the appointment of a Chapter 11 trustee. (Doc. No. 465.)

3. On June 30, 2022, the United States Trustee for Region 2 (the "UST"), filed a

notice appointing Joe D. Whitley ("Whitley") as Chapter 11 trustee in this case (Doc. No. 498), and on the same day, an Application for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 499) (the "Whitley Application"), seeking the Court's approval of the appointment of Whitley as the Chapter 11 trustee. The Whitley Application was withdrawn by the UST on July 5, 2022, the day the matter was scheduled to be heard. (Doc. No. 507.)

4. Then, on July 7, 2022, the UST filed a notice (the "Appointment Notice") appointing the Trustee as Chapter 11 trustee (Doc. No. 514), and an Application (the "Appointment Application") for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 515), seeking the Court's approval of the appointment of the Trustee.

5. On July 8, 2022, the day after the UST filed the Appointment Notice and the Appointment Application, this Court conducted the hearing on the Appointment Application and then entered an order approving the appointment of the Trustee. (Doc. No. 523.)

6. On July 12, 2022, the Trustee filed an Application to Employ Paul Hastings LLP as Counsel to Chapter 11 Trustee (Doc. No. 539) (the "Application to Employ"), seeking to employ Paul Hastings LLP ("Paul Hastings") as his counsel. On the same day, the Trustee filed the Motion to Expedite, seeking an order expediting the hearing on the Application to Employ and setting a hearing for July 19, 2022.

7. Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may in its discretion with or without motion or notice order the period reduced." (Emphasis added.) "In considering such motions, courts should balance possible prejudice to other parties against the reasons advanced for reducing the time." 10 Collier on Bankruptcy ¶ 9006.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). "The flexibility

written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986).

8. The Trustee has not established cause to justify the expedited consideration of the Application to Employ by this Court and all other parties-in-interest including the Debtor.

9. The Trustee's purported cause is essentially that Paul Hastings needs to begin working immediately to assist the Trustee with his duties. However, this does not provide cause to grant the Trustee an expedited hearing. As this Court is well aware, Local Bankr. R. 2014-1(b)(1) provides that "[i]f an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise." Thus, the timing of the hearing on the Application to Employ does not preclude the commencement of services by Paul Hastings. The relevant time is the date on which the Trustee filed the Application to Employ, which was four (4) days after the Court appointed the Trustee and has already occurred.

10. Moreover, there would be significant prejudice to the Debtor and all other parties-in-interest if the Motion to Expedite were granted because they would not fully be able to explore, analyze and present to this Court if appropriate issues related to Paul Hastings' disinterestedness, including its relationship with the Pacific Alliance Group, the parent company of creditor Pacific Alliance Asia Opportunity Fund, and the Chinese Government and entities that it controls as explained in the July 11, 2022, letter to the Court from Aaron A. Mitchell (Doc. No. 531) (the "Mitchell Letter"). Additionally, as presented to this Court in multiple other filings, this case and the prior extensive related litigation and other proceedings illustrate clearly that the issues raised with respect to Paul Hastings' retention should be explored.

11. The Trustee responded to the Mitchell Letter with the patently pretextual assertion that an expedited hearing is needed to clear "any 'Debtor-manufactured' cloud" regarding Paul Hastings' retention. The Trustee's reasoning assumes that the existence of a controversy justifies granting expedited relief. To the contrary, the actual controversy warrants a full and fair process. It is clear from the Trustee's own words that the Trustee is attempting to force a hearing as soon as possible in order to a deprive the Debtor and other parties-in-interest of the time needed to investigate whether Paul Hastings is truly disinterested and otherwise appropriate to serve as the Trustee's counsel. Furthermore, as set forth above, Paul Hastings and the Trustee will not be prejudiced if the Application to Employ is heard in the ordinary course (and not on an expedited basis) because of the retroactivity provision in Local Bankr. R. 2014-1(b)(1).

12. As is common, Paul Hastings has already begun its engagement despite the fact that the Trustee's Application to Employ remains pending, which is expressly permitted under Local Bankr. R. 2014-1(b)(1). Indeed, Paul Hastings has already served numerous parties with litigation hold notices and other notices regarding the Trustee's view of the automatic stay's application in this case.

13. By way of comparison, this Court and other parties-in-interest carefully evaluated over an appropriate period of time the retention of other professionals in this case. For example, the Debtor moved to retain Brown Rudnick, LLP ("Brown Rudnick") as his counsel on March 16, 2022. (Doc. No. 85). The Court considered the concerns raised by several parties-in-interest concerning the Debtor's proposed retention of Brown Rudnick as its counsel and continued the hearing on that application twice. (Doc. Nos. 123, 212). Only after the Debtor addressed the parties' and the Court's concerns regarding Brown Rudnick's retention—with the benefit of the Court's guidance during the course of multiple hearings on the matter—did the court grant a

revised proposed order granting Brown Rudnick's retention on April 27, 2022, six weeks after the Debtor filed his application to retain Brown Rudnick.

14. The Debtor respectfully submits that the procedure through which the Court evaluates the Trustee's Application to Employ Paul Hastings—a firm in which the Trustee owns an equity interest—should be no less rigorous than the procedure through which the Court evaluated the Debtor's application to retain Brown Rudnick and all other professional applications that were filed in this case. The Trustee and Paul Hastings should not be permitted to push-through the Application to Employ with as little scrutiny as possible.

15. For these reasons, the Debtor respectfully requests that this Court deny the Trustee's Motion to Expedite and schedule a hearing on the Application to Employ in the ordinary course, so that all parties-in-interest and this Court may have a full and fair opportunity to evaluate the merits of the Application to Employ, including through the exploration and analysis of multiple issues raised with respect to Paul Hastings' claimed disinterestedness. (See Doc. No. 531).

**WHEREFORE**, the Debtor requests that the Court deny the Motion to Expedite and grant him such other and further relief as this Court deems just and proper.

Dated at Bridgeport, Connecticut this 14th day of July, 2022.

                                                  **THE DEBTOR,**
                                                  **HO WAN KWOK**

                                                  */s/ Stephen M. Kindseth*
                                                  Eric Henzy (ct12849)
                                                  Stephen M. Kindseth (ct14640)
                                                  Aaron A. Romney (ct28144)
                                                  John L. Cesaroni (ct29309)
                                                  10 Middle Street, 15th Floor
                                                  Bridgeport, Connecticut 06604
                                                  Telephone: (203) 368-4234
                                                  Facsimile: (203) 368-5487
                                                  Email: ehenzy@zeislaw.com
                                                                     skindseth@zeislaw.com
                                                                     aromney@zeislaw.com
                                                                     jcesaroni@zeislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          */s/ Stephen M. Kindseth*
                                          Stephen M. Kindseth (ct14640)