**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                : Chapter 11
:
HO WAN KWOK,                          : Case No. 22-50073 (JAM)
:
Debtor.                               :
:
---------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING
RETENTION AND EMPLOYMENT OF NEUBERT, PEPE, & MONTEITH, P.C., AS
LOCAL AND CONFLICTS COUNSEL TO THE CHAPTER 11 TRUSTEE**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of Connecticut (the "Court"), respectfully requests (the "Application") that the Court authorize his employment of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM") as his local counsel and, to the extent necessary, conflicts counsel with respect to this Chapter 11 Case. In support of this Application, the Chapter 11 Trustee states the following:

**RELIEF REQUESTED**

1. By this Application, the Chapter 11 Trustee seeks entry of an order, substantially in the form of the proposed order filed herewith (the "Proposed Order"), authorizing and approving the retention and employment of NPM as the Chapter 11 Trustee's local counsel and, to the extent necessary, conflicts counsel effective as of July 8, 2022.

2. In support of this Application, the Chapter 11 Trustee submits the *Declaration of Patrick R. Linsey in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Neubert, Pepe & Monteith, P.C. as Local and Conflicts Counsel to the Chapter 11 Trustee* (the "Linsey Declaration"), attached as **Exhibit A**, which is incorporated herein by reference.

**JURISDICTION, VENUE, AND STATUTORY BASES**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

**BACKGROUND**

6. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

8. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Chapter 11 Trustee [Docket No. 514].

9. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case [Docket No. 523].

10. On July 12, 2022, the Chapter 11 Trustee filed his *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rule 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to the Chapter 11 Trustee* (the "PH Retention App.") [Docket No. 539], thereby requesting that the Court approve the Chapter 11 Trustee's retention of Paul Hastings LLP ("Paul Hastings") as his lead counsel.

## THE FIRM'S QUALIFICATIONS

11. NPM maintains offices in New Haven, Hartford, and Fairfield, Connecticut, and White Plains, New York. NPM was founded in 1993 and has a widely diversified general and corporate practice. The firm currently employs 36 lawyers, who are assisted by six paralegals.

12. The Chapter 11 Trustee selected NPM as his local counsel and (if necessary) conflicts counsel, because of NPM's expertise in financial reorganizations, bankruptcy, investigations, corporate, and commercial litigation matters. NPM is well suited for the type of representation required by the Chapter 11 Trustee. Its insolvency practice includes ten attorneys. NPM has substantial resources and expertise in the areas of the law that may arise in this case.

13. NPM has specific and relevant experience in the representation of chapter 11 trustees, post-confirmation liquidating trustees, and creditor committees, including within and in connection with cases in this Court. NPM is also experienced in serving as local counsel, and, in so doing, working cooperatively with lead counsel by assisting in compliance with local rules and procedures, attending to routine and administrative matters as they arise, and otherwise providing services as may be required by lead counsel and in the best interests of its clients, all in a manner that promotes efficiency and avoids any unnecessary duplication of efforts by counsel. Considering the foregoing, NPM is also equipped to provide services as conflicts counsel to the extent that the need arises.

## **THE ANTICIPATED SERVICES**

14. The Chapter 11 Trustee anticipates that NPM will render general legal services, as local counsel and, if needed, as conflicts counsel, as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, tax, and other matters. In particular, the Chapter 11 Trustee has requested that NPM perform, as local counsel/conflicts counsel, among others, the following legal services:

(a) advising the Chapter 11 Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

(b) advising the Chapter 11 Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

(c) commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

(d) preparing on behalf of the Chapter 11 Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

(e) advising the Chapter 11 Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

(f) advising the Chapter 11 Trustee with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

(g) reviewing the nature and validity of any liens asserted against the Debtor's property and advising the Chapter 11 Trustee concerning the enforceability of such liens;

(h) advising and assisting the Chapter 11 Trustee in connection with any potential asset sales and property dispositions;

(i) advising the Chapter 11 Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

(j) advising the Chapter 11 Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(k) assisting the Chapter 11 Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

(l) negotiating with parties-in-interest.

15. The Chapter 11 Trustee requests to employ NPM to render legal the foregoing services as conflicts counsel with respect to this Chapter 11 Case, to the extent that any matters arise as to which Paul Hastings may not be able to provide such services as the result of an actual or perceived conflict of interest.

16. To avoid any duplication of effort and to provide services to the Chapter 11 Trustee in the most efficient and cost-effective manner, NPM will coordinate with Paul Hastings regarding their respective responsibilities in the Chapter 11 Case.

## **COMPENSATION OF PROFESSIONALS**

17. NPM intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11

Case. NPM will charge the Chapter 11 Trustee for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in this Chapter 11 Case.

18. At present, the 2022 hourly rates of NPM are $140.00 - $165.00 for paralegal work; $165.00 - $350.00 for associates and counsel; and up to $450.00 for principals of the firm. NPM's hourly rates are subject to periodic adjustments to reflect economic and other conditions.[1] It is anticipated that NPM's services will primarily be provided by Douglas S. Skalka, whose hourly rate is $450.00, Lucas B. Rocklin, whose hourly rate is $400.00, and Patrick R. Linsey, whose hourly rate is $350.00.

19. NPM will also bill for out-of-pocket expenses made on behalf of the Chapter 11 Trustee, including photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees, travel expenses, and computer-aided research, in accordance with practices in this District.

## **NPM IS DISINTERESTED**

20. To the best of the Chapter 11 Trustee's knowledge in reliance upon the Linsey Declaration, and except as disclosed therein, NPM does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

---

[1] NPM's hourly rates are typically revised at the end of each calendar year to reflect experience, seniority, and standing. These step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, NPM will provide ten business days' notice to the Debtor, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to the Committee and any other official committee, before implementing periodic increases, and shall file any such notice with the Court.

21. More specifically, upon such basis, the Chapter 11 Trustee believes that: (a) NPM has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) neither NPM nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Chapter 11 Trustee believes that NPM is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

22. Based on the Linsey Declaration, the Chapter 11 Trustee believes that NPM does not represent any adverse interest to unsecured creditors in connection with these cases.

### BASIS FOR THE RELIEF REQUESTED, NOTICE, AND NO PRIOR REQUEST FOR RELIEF REQUESTED HEREBY

23. The Chapter 11 Trustee requests to retain and employ NPM as his attorneys, serving in capacity as local counsel and (if necessary) conflicts counsel, pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

24. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

25. Bankruptcy Rule 2014(a) provides that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

26. The Chapter 11 Trustee requires the services of local counsel to exercise his responsibilities. Local counsel will coordinate with and assist the Chapter 11 Trustee and its proposed lead counsel, Paul Hastings, in complying with local rules and procedures, attending to routine and administrative matters as they arise, and otherwise providing services as may be required by lead counsel and in the best interests of its clients. The Chapter 11 Trustee's counsel will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

27. Accordingly, the employment of NPM as the Chapter 11 Trustee's local counsel and conflicts counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

28. Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise." Accordingly, the Chapter 11 Trustee requests authority to retain and employ NPM effective July 8, 2022, which was the date that the Chapter 11 Trustee selected NPM as his local counsel and on which NPM began providing services to the Chapter 11 Trustee.

29. Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

30. No previous application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Chapter 11 Trustee's employment of Neubert, Pepe & Monteith, P.C., as his local counsel and conflicts counsel, and order such other and further relief as the Court deems just and proper.

Dated:   July 19, 2022

Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok

*/s/ Luc Despins/*

Luc A. Despins