**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :   Chapter 11
                                                    :
HO WAN KWOK,                                        :   Case No. 22-50073 (JAM)
                                                    :
         Debtor.[1]                                 :
                                                    :
------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 541, 1108, AND 1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING RELATED RELIEF**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned proposed counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 541, 1108, and 1505, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* [Docket No. 598] (the "Corporate Governance Rights Motion"). In support of his Motion to Expedite, the Trustee respectfully states as follows:

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The Retention Application, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

**BACKGROUND**

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

8. On July [23], 2022, the Trustee filed the Corporate Governance Rights Motion.

## THE CORPORATE GOVRNANCE RIGHTS MOTION[2]

9. By the Corporate Governance Rights Motion, the Trustee seeks entry of an order confirming that, as of his appointment on July 8, 2022, the Trustee holds all of the Debtor's economic and governance rights, for the benefit of the Debtor's estate (the "Estate"), with respect to all corporate entities owned and/or controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation, Genever Holdings Corporation ("Genever (BVI)"), a British Virgin Islands ("BVI") corporation that, through its wholly owned subsidiary, Genever Holdings LLC ("Genever (US)"), a New York limited liability company, is the registered owner of, among other things, an apartment at the Sherry-Netherland building in New York, New York (the "Sherry-Netherland Apartment").[3]

10. In addition, by the Corporate Governance Rights Motion, the Trustee requests, pursuant to section 1505 of the Bankruptcy Code, the authority to act, as the Debtor's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of (a) investigating, collecting and recovering assets of the Debtor located in foreign countries, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities, including the corporate documents related to Genever (BVI) from the appropriate BVI entity.

---

[2] The following summary of the relief sought in the Corporate Governance Rights Motion is qualified in its entirety by the Corporate Governance Rights Motion.

[3] As the Court is aware, the identity of the true owner of the Sherry-Netherland Apartment is presently subject to dispute.

11. Finally, by the Corporate Governance Rights Motion, the Trustee requests that the Court request the assistance of the foreign courts in furtherance of the Trustee's exercise of the foregoing authority, including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis) with respect to the Trustee's exercise of corporate control over Genever (BVI).

## RELIEF REQUESTED

12. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Retention Application upon an expedited basis. The Trustee respectfully requests that the Court schedule a hearing with respect to the Corporate Governance Rights Motion to be held Monday, August 1, 2022, at 12:00 p.m. (noon) or as soon as possible thereafter as the Court may be available. The Court has already set August 1, 2022 as the hearing on, among other things, the Debtor's motion to vacate the appointment of the Trustee [ECF No. 561] and the Trustee's applications to employ counsel [ECF Nos. 539, 569].

13. As detailed in the Corporate Governance Rights Motion, it is paramount that the Trustee exercise, as soon as possible, economic and corporate control over the Debtor-Controlled Entities, including Genever (BVI), in order to preserve and recover assets for the benefit of the Estate. Unless the Court confirms the Trustee's governance rights with respect to all Debtor-Controlled Entities, the Trustee is deeply concerned that the Debtor will continue his efforts to impede the Trustee's exercise of control over assets of the Estate. Indeed, as the Court is aware,

Justice Barry Ostrager of the New York Supreme Court already found that the Debtor has a history of "secret[ing] his assets in a maze of corporate entities and with family members."[4]

14. In light of the Trustee having stepped into the shoes of the Debtor, including as it relates to the Debtor's economic and governance rights with respect to Genever (BVI), ***the Trustee, not the Debtor***, should have the authority to provide direction to Genever (BVI) and its wholly owned subsidiary Genever (US). As the Court is aware, Genever (US) has itself commenced a chapter 11 case that is currently pending before Judge Garrity in the United States Bankruptcy Court for the Southern District of New York. The Trustee needs to exercise, as soon as possible, the Estate's rights in Genever (US)'s chapter 11 case.

15. Indeed, at the July 21, 2022 status conference, the Trustee explained to the Court that he would seek a status conference before Judge Garrity regarding the Trustee's corporate control over the Genever entities. Such a status conference needs to take place as early as possible in August 2022, and it is important that the Trustee has exercised his corporate governance rights by then.

16. For the same reasons, it is critical that the Court grant, as soon as possible, the Trustee the authority, under section 1505 to act as the Debtor's foreign representative in any foreign country for the purpose of (a) investigating, collecting, and recovering assets of the Debtor located in foreign countries, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries

---

[4] *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan, et al.*, Case No. 22-50073 (February 9, 2022) at 1. A copy of New York State Court Ruling is attached to the Corporate Governance Rights Motion as Exhibit B.

(or similar entities) holding corporate documents with respect to the Debtor-Controlled Entities, including the corporate documents related to Genever (BVI) from the appropriate BVI entity.

17. Among the Trustee's highest priorities are locating and identifying the Estate's property and properly asserting the Estate's interests therein. To do so, it is essential that the Trustee be able, **without delay**, to assert the Court confirm that the Trustee holds the Debtor's economic and governance rights of the Debtor-Controlled Entities and authorize the Trustee to act as the foreign representative of the Debtor.

18. Furthermore, there is minimal prejudice to parties in interest by expediting consideration of the Corporate Governance Rights Motion. In particular, at the July 21, 2022 status conference, the Trustee already previewed, in a written presentation, that he would request the relief set forth in Corporate Governance Rights Motion as well as the urgent need to for that relief.

19. Finally, the Trustee requests that the Court direct that notice of the Corporate Governance Rights Motion and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Corporate Governance Rights Motion on August 1, 2022, at 12:00 p.m. (noon), ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated:　　July 23, 2022　　　　　　　　　　LUC A. DESPINS,
　　　　　　New Haven, Connecticut　　　　　　CHAPTER 11 TRUSTEE

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Patrick R. Linsey*
　　　　　　　　　　　　　　　　　　　　　　　　Douglas S. Skalka (ct00616)
　　　　　　　　　　　　　　　　　　　　　　　　Patrick R. Linsey (ct29437)
　　　　　　　　　　　　　　　　　　　　　　　　NEUBERT, PEPE & MONTEITH, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　195 Church Street, 13th Floor
　　　　　　　　　　　　　　　　　　　　　　　　New Haven, Connecticut 06510
　　　　　　　　　　　　　　　　　　　　　　　　(203) 781-2847
　　　　　　　　　　　　　　　　　　　　　　　　dskalka@npmlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　plinsey@npmlaw.com

　　　　　　　　　　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　　　　　　　　　Nicholas A. Bassett *(pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　　　2050 M Street NW
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C., 20036
　　　　　　　　　　　　　　　　　　　　　　　　(202) 551-1902
　　　　　　　　　　　　　　　　　　　　　　　　nicholasbassett@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　　　　　　　　　Avram E. Luft *(pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　　　　Douglass Barron *(pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　　　　　(212) 318-6079
　　　　　　　　　　　　　　　　　　　　　　　　aviluft@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　　　*Proposed counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                    :    Chapter 11
:
HO WAN KWOK,                                                :    Case No. 22-50073 (JAM)
:
        Debtor.                                                      :
:
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 541, 1108, and 1505, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* [Docket No. 598] (the "Corporate Governance Rights Motion");[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Corporate Governance Rights Motion shall be held on **August 1, 2022, at 12:00 p.m. (noon)** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Corporate Governance Rights Motion shall be _____ **at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Corporate Governance Rights

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

Motion and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, on or before July __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                        :    Chapter 11
:
HO WAN KWOK,                      :    Case No. 22-50073 (JAM)
:
Debtor.                         :
:
------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 23, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated:       July 23, 2022
             New Haven, Connecticut

                                     By: */s/ Patrick R. Linsey*
                                         Douglas S. Skalka (ct00616)
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 781-2847
                                         dskalka@npmlaw.com
                                         plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1

    *and*

Nicholas A. Bassett *(pro hac vice* pending)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft *(pro hac vice* pending)
Douglass Barron (*pro hac vice* pending)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Proposed Counsel for the Chapter 11 Trustee*

2