**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                              :

In re:                           :    Chapter 11
                              :

HO WAN KWOK,            :    Case No. 22-50073 (JAM)
                              :

         Debtor.[1]         :
                              :

-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY RULES 9014(c) AND 9016, QUASHING SUBPOENAS AND CONFIRMING THAT DEBTOR IS NOT ENTITLED TO DISCOVERY IN CONNECTION WITH DEBTOR'S MOTION FOR RELIEF FROM ORDER APPOINTING LUC A. DESPINS AS CHAPTER 11 TRUSTEE OR THE TRUSTEE'S APPLICATION TO EMPLOY PAUL HASTINGS LLP AS COUNSEL**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through his undersigned proposed counsel, hereby respectfully moves (the "Motion"), under Rules 9014(c) and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "Proposed Order"), (a) quashing the Subpoenas (defined below) directed to the Trustee's proposed counsel, Paul Hastings LLP ("Paul Hastings"), which the Debtor served on Paul Hastings on July 22, 2022 in connection with his *Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee* [Docket No. 561] (the "60(b) Motion"), and (b) confirming that the Debtor is not entitled to any discovery in connection with the 60(b) Motion or the Trustee's *Application*

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

*Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to the Chapter 11 Trustee* [Docket No. 539] (the "<u>PH Retention Application</u>").

At the status conference held July 21, 2022 (the "<u>Status Conference</u>"), concerning, *inter alia*, the 60(b) Motion and the PH Retention Application, the Debtor announced his intention to pursue discovery in search for a basis (suggested only in broad-strokes conspiracy theories) to overturn the Trustee's appointment and prevent the retention of Paul Hastings as counsel.  Parties-in-interest, including the Official Committee of Unsecured Creditors (the "<u>Committee</u>") and Pacific Alliance Asia Opportunity Fund ("<u>PAX</u>"), as well as the Trustee, expressed concern that devoting time and resources to humor the Debtor's paranoia would waste potential recoveries for creditors of the Debtor's estate (the "<u>Estate</u>") and delay its proper administration.  **The Court plainly stated at the Status Conference that such discovery would not be permitted, and, if such discovery were served, the Trustee would not need to respond.**

Nevertheless, on Friday, July 22, 2022, in purported support of his Rule 60(b) Motion, the Debtor served Paul Hastings with a *Subpoena Duces Tecum* including a *Schedule A* of documents demanded for production (collectively, the "<u>Document Subpoena</u>"), requiring Paul Hastings to produce documents at the offices of Debtor's declared new counsel at 9 a.m. on Tuesday, July 26, 2022.  The Debtor also served Paul Hastings with a *Subpoena to Testify at Deposition* (the "<u>Deposition Subpoena</u>" and, together with the Document Subpoena, the "<u>Subpoenas</u>"), directing Paul Hastings to produce a witness to testify at 10:00 a.m. on July 28, 2022.  True and accurate copies of the Subpoenas are attached hereto as <u>Exhibits B and C</u>, respectively.  The Subpoenas seek, *inter alia*, documents and testimony concerning purported connections the Debtor speculates may exist between (unidentified) entities potentially influenced by the Chinese Government and Paul Hastings.

Indulging the Debtor's unfounded conspiracy theories would waste time and resources at a critical juncture in this Chapter 11 Case – when the Trustee is poised to pursue substantial assets that the Debtor and allied persons have sought for years to insulate and conceal from the Debtor's creditors while the Debtor simultaneously controls them and enjoys their use. **Accordingly, the Court should exercise its discretion under Bankruptcy Rules 9014(c) and 9016 (which incorporates Federal Rule of Civil Procedure 45) to (i) quash the Subpoenas and (ii) confirm its prior statements and order the Debtor is not entitled to discovery on the 60(b) Motion or the PH Retention Application.**

In further support of the Motion, the Trustee states the following:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief sought by this Motion is Bankruptcy Rules 9014(c) and 9016 (incorporating Federal Rule of Civil Procedure 45).

## BACKGROUND

4.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code").

5.      On March 21, 2022, the United States Trustee appointed the Committee in the Debtor's Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee (the "U.S. Trustee") to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7.      On July 7, 2022, the U.S. Trustee filed its *Application for Order Approving Appointment of a Chapter 11 Trustee* (the "Appointment Application") together with the *Declaration of Disinterestedness of Luc A. Despins* (the "Trustee Declaration") [Docket No. 515]. The Court held a hearing (the "Hearing") on the Appointment Application on July 8, 2022, which was attended by, *inter alia*, Debtor's counsel (then, Brown Rudnick LLP ("Brown Rudnick")) and counsel for HK International Funds Investments (USA) Limited, LLC ("HK International") and Mei Guo, the Debtor's daughter (Zeisler & Zeisler, P.C. ("Z&Z")).

8.      No parties objected to the Appointment Application or requested discovery with respect thereto prior to or at the Hearing, and, thereafter, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

9.      On July 12, 2022, the Trustee filed his *First Supplemental Declaration of Disinterestedness* [Docket No. 538] and the PH Retention Application.

10.     On July 13, 2022, Brown Rudnick moved to withdraw as the Debtor's counsel [Docket No. 543] (the "Motion to Withdraw").  On July 14, 2022, attorneys from Z&Z filed appearances for the Debtor.  [Docket Nos. 550-553.]

11.     On July 15, 2022, the Debtor filed his 60(b) Motion seeking relief from the Court's Appointment Order.  On July 20, 2022, the Trustee filed his objection to the Debtor's 60(b) Motion

[Docket No. 575] (the "60(b) Objection"), which 60(b) Objection the Trustee incorporates herein by reference.

12.    The Court held the Status Conference on July 21, 2022, for the Trustee to advise the Court and parties-in-interest concerning his administration of the Estate to date, and to discuss the Motion to Withdraw, the PH Retention Application, and the 60(b) Motion.

13.    At the Status Conference, the Debtor's counsel repeatedly stated the Debtor's intention to take discovery on the 60(b) Motion and the PH Retention Application.  The Court was crystal clear that such discovery would not be permitted, including during the following exchange between the Court and Debtor's counsel, which occurred between 2:05:45 – 2:06:45 on the audio recording of the Status Conference:[2]

| THE COURT: | I'm not allowing you to take any discovery before I rule on the 60(b) Motion. |
| MR. HENZY: | And on the Paul Hastings Retention application? |
| THE COURT: | And on the Paul Hastings Retention application. |
| MR. HENZY: | Ok.  So you're ruling that today? |
| THE COURT: | That is correct. There is going to be no discovery … That's not going to happen. We'll have a hearing. We'll hear your matter … If I rule against you, then you'll appeal. |
| | …. |
| THE COURT: | I'm telling you if you seek discovery before I rule on these matters, then I'm not going to make the other side comply. |

14.    Following the Status Conference, the Court scheduled a hearing with respect to the Motion to Withdraw, the PH Retention Application, and the 60(b) Motion, for Monday, August 1, 2022 [Docket No. 596].

---

[2] The Trustee has ordered a transcript of the Status Conference on an expedited basis.

15.    The Debtor served Paul Hastings with the Subpoenas on July 22, 2022, demanding compliance with the Document Subpoena by 9 a.m. on Tuesday, July 26, 2022, and demanding a deposition at 10:00 a.m. on July 28, 2022.

16.    On the evening of July 22, 2022, in an abundance of caution, counsel for the Trustee held a telephonic meet-and-confer with counsel for the Debtor (the "Meet-and-Confer") and requested that the Debtor withdraw the Subpoenas.  The parties discussed their respective positions and the Debtor declined to withdraw the Subpoenas, necessitating this Motion.[3]

## REQUESTED RELIEF

17.    The Court should exercise its discretion to quash the Subpoenas and confirm that the Debtor is not entitled to discovery on the 60(b) Motion or the PH Retention Application.  The Trustee does not concede that the Debtor has standing to attack the Appointment Order or to oppose the PH Retention Application, but, out of an abundance of caution, the Trustee is addressing the merits herein, as they relate to discovery, as if the Debtor had such standing.

18.    The Debtor's theories proposed to advance his 60(b) Motion are irrelevant and speculative – not to mention paranoid and conspiracist – and do not warrant the delay and expense of discovery.  (*See generally* Trustee's Objection to 60(b) Motion.)  As concerns the PH Retention Application, the Debtor has not objected to the application and therefore it is not a contested matter pursuant to which the Debtor has sought discovery.  In any event, discovery on the PH Retention Application is irrelevant and unnecessary for the same reasons as discovery on the 60(b) Motion.

---

[3] The Meet-and-Confer was not mandatory and an affidavit attesting that such a conference occurred is not required, because this Motion is brought under Bankruptcy Rules 9014(c) and 9016 and not under the Bankruptcy Rules 7026-7037 (the "Discovery Rules") or under Rule 2004, *see* Rules 2004-1 and 7037-1 of the Local Rules of Bankruptcy Procedure, provided however, to the extent that the Court believes that these requirements do or should apply, undersigned proposed counsel for the Trustee, Patrick R. Linsey, declares upon penalty of perjury that the representations set forth in Paragraph 16 of this Motion are true and correct, *see* 28 U.S.C. § 1746.

19.     The Debtor indicated during the Meet-and-Confer that he claims discovery on the 60(b) Motion pursuant to Bankruptcy Rule 9014, which governs "contested matters."  While the term "contested matter" "is not defined in the [Bankruptcy] Code or text of the [Bankruptcy] Rules, the Notes of the Advisory Committee to the 1983 amendment to [Bankruptcy] Rule 9014 explain: 'Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.'"  *In re Northwest Airlines Corp.*, 2007 Bankr. LEXIS 5114, *10 (Bankr. S.D.N.Y. Sept. 26, 2007); *see also* 10 Collier on Bankruptcy P 9014.01 (16th 2022).[4]

20.     Bankruptcy Rule 9014 incorporates certain of the Part VII Bankruptcy Rules, including, with certain exceptions and modifications, the Discovery Rules, "**unless the court directs otherwise** …" (emphasis added).  Indeed, the Court's discretion to direct otherwise reflects what is the "hallmark of the contested matter rules …" *i.e.*, "the power of the court to tailor the rules to fit the situation."  *See In re Fagan*, 559 B.R. 718, 725 (E.D. Cal. 2016); *see also In re Gaftick*, 333 B.R. 177, 182-183 (E.D.N.Y. 2005) (rejecting appeal of bankruptcy court's denial of discovery with respect to contested matter given the bankruptcy court's discretion under Bankruptcy Rule 9014(c) to direct that the Discovery Rules shall not apply).

21.     Crafting procedures to decide contested matters (including whether to apply Part VII rules) is subject to the Court's sound discretion.  *See SE Prop. Holdings, LLC v. Gaddy Electric & Plumbing, LLC (In re Gaddy)*, 851 Fed. Appx. 996, 1003-1004 (11th Cir. 2021) (holding

---

[4] Collier states: "Broadly speaking, disputes that arise in bankruptcy cases can be divided into the following categories: (1) adversary proceedings, governed by Part VII of the Federal Rules of Bankruptcy Procedure; (2) administrative matters, in which there is no adversary party (for example, an unopposed motion by a trustee to sell property of the estate); and (3) contested matters, which do not qualify as adversary proceedings because they are not included in the Rule 7001 list. Contested matters resemble adversary proceedings in that there are (at least) two parties who are opposing each other with respect to relief sought by one of them." Id.

bankruptcy court "did not abuse its discretion" in declining to allow discovery claimed pursuant to Bankruptcy Rule 9014); *In re Gaftick*, 333 B.R. 177, 182-183 (E.D.N.Y. 2005); *cf. In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005) (affirming bankruptcy court's exercise of discretion in declining request to apply Bankruptcy Rule 7023 to a contested matter) ("Although the Bankruptcy Code and [Bankruptcy] Rules give no express guidance for the court's exercise of this discretion, a pervasive theme is avoiding undue delay in the administration of the case.").

22.    The Court further has discretion to quash a subpoena pursuant to Federal Rule of Civil Procedure 45, as incorporated by Bankruptcy Rule 9016.  Specifically, Rule 45(d)(3) permits a court to quash a subpoena that, among other things, subjects a person to undue burden.

23.    The Debtor's 60(b) Motion purports to be based on new evidence and exceptional circumstances sufficient to justify the Court's reconsideration of the Appointment Order.   In reality, the 60(b) Motion is founded on speculative conspiracy theories that irrelevant connections may exist between Paul Hastings and persons influenced by the Chinese Government, because the law firm does business in China and represents Chinese clients.  Dozens of international law firms (including U.S.-based international law firms) have offices and/or do business in China.  For example, Brown Rudnick apparently regularly represents Chinese persons and entities, such that the firm has even "authored a guide for Chinese companies on navigating the [Committee on Foreign Investment in the United States] process."  *See Brown Rudnick's CFIUS Practice*, *available at* https://brownrudnick.com/practice/cfius/ (last visited July 24, 2022) (specifically describing Brown Rudnick's engagements representing Chinese business interests).[5]   Yet the

---

[5] Brown Rudnick also formerly represented (as to unrelated matters) entities owned by Zheng Wu (a/k/a Bruno Wu), a Chinese businessman who is a creditor active in this Chapter 11 Case and a plaintiff suing the Debtor in an adversary proceeding (case no. 22-05013).  *See Supplemental Declaration of William R. Baldiga*, Exhibit B to Debtor's *Reply in Support of Application of the*

Debtor and his former counsel repeatedly represented that Brown Rudnick was disinterested; apparently, then, the Debtor's purported concerns voiced in its 60(b) Motion are selective, if not merely feigned in an effort to obstruct the Trustee's effective operation.[6] **The Debtor's theories concerning the Trustee and his counsel are irrelevant, paranoid, speculative – and fall far short of any basis sufficient to justify the delay and expense of discovery as to these matters.**

24.     Further, the Debtor's purported basis for the 60(b) Motion rests on public information that was known at the time of the Hearing, which was attended by both the Debtor's old counsel and its new counsel (then representing HK International and the Debtor's daughter). Neither the Debtor nor these insider parties sought discovery prior to or at the Hearing or otherwise in advance of the Appointment Order's entry.  **The purpose of Bankruptcy Rule 9014 is not to resuscitate rights that the Debtor and his allies already waived.**

25.     Discussion from the Status Conference reflects that the Court recognized these considerations and thus properly exercised its discretion under Bankruptcy Rule 9014(c) to order that the Debtor would not be permitted discovery on the 60(b) Motion or the PH Retention Application.  *See, e.g.,* Audio Recording of Status Conference at 1:40:00 – 1:40:22 ("I'm not going to allow discovery to derail the process of the Chapter 11 Trustee appointment and his duties and responsibilities to carry out his affairs in this case.").

26.     To the extent that the Court does not quash the Subpoenas and/or permits any discovery on the 60(b) Motion or the PH Retention Application, the Trustee reserves all rights and bases to challenge any discovery sought for any and all additional reasons not specifically stated

---

*Debtor for Entry of an Order Authorizing the Employment and Retention of Brown Rudnick LLP as Counsel for the Debtor*, at p. 5 [Docket No. 195].
[6] The Trustee observes these facts not to litigate Brown Rudnick's disinterestedness – but to highlight the selectivity of the Debtor's purported concerns.

herein, including, without limitation, the irrelevance, ambiguity, and over-breadth of particular requests or the extent to which particular requests or areas of inquiry seek to invade the attorney-client privilege or other applicable privileges and protections.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant this Motion, enter the Proposed Order quashing the Subpoenas and ordering that the Debtor is not permitted to serve discovery in connection with the 60(b) Motion or the PH Retention Application, and order such other and further relief as the Court deems just and proper.

*[The rest of this page is intentionally blank.]*

Dated:    July 25, 2022            LUC A. DESPINS,
           New Haven, Connecticut    CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalk@npmlaw.com
    plinsey@npmlaw.com

       *and*

Nicholas A. Bassett *(admitted pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

       *and*

Avram E. Luft *(admitted pro hac vice)*
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Proposed counsel for the Chapter 11 Trustee*

## **<u>EXHIBIT A</u>**

### **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK,                                          :    Case No. 22-50073 (JAM)
                                                      :
            Debtor.                                   :
                                                      :
------------------------------------------------------x
```

**[PROPOSED] ORDER, PURSUANT TO BANKRUPTCY RULES 9014(c) AND 9016,**
**QUASHING SUBPOENAS AND CONFIRMING THAT DEBTOR IS NOT ENTITLED**
**TO DISCOVERY IN CONNECTION WITH DEBTOR'S MOTION FOR RELIEF FROM**
**ORDER APPOINTING LUC A. DESPINS AS CHAPTER 11 TRUSTEE OR TRUSTEE'S**
**APPLICATION TO EMPLOY PAUL HASTINGS LLP AS COUNSEL**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to Rules 9014(c) and 9016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), (a) quashing the Subpoenas (defined below) that

the Debtor served on the Trustee on July 22, 2022 in connection with his *Motion for Relief from*

*Order Appointing Luc A. Despins as Chapter 11 Trustee* [Docket No. 561] (the "60(b) Motion"),

and (b) confirming that the Debtor is not entitled to any discovery in connection with the 60(b)

Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the

United States District Court for the District of Connecticut (as amended); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief requested in the Motion is in the best interest of the Estate, its creditors, and

all parties-in-interest; and due and sufficient notice of the Motion having been given under the

particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Subpoenas (as defined in the Motion) are hereby QUASHED.

3.    The Debtor is not entitled to serve discovery on the Trustee, Paul Hastings LLP, or any other party in connection with the Rule 60(b) Motion or the PH Retention Application.

4.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT B**

**Subpoena Duces Tecum to Paul Hastings LLP**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of ___CONNECTICUT___

In re ___HO WAN KWOK___
Debtor

*(Complete if issued in an adversary proceeding)*

___HO WAN KWOK___
Plaintiff

v.

___WILLIAM K. HARRINGTON, UNITED STATES___
___TRUSTEE FOR REGION 2, ET AL___
Defendant

Case No. ___22-50073___

Chapter ___11___

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___PAUL HASTINGS, LLP, KEEPER OF RECORDS___
(Name of person to whom the subpoena is directed)

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See* Schedule A to Debtor's Subpoena attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Zeisler & Zeisler, P.C., 10 Middle Street, 15th Floor, Bridgeport, CT 06604 | July 26, 2022 at 9:00 a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___July 22, 2022___

CLERK OF COURT

OR

_____          *Aaron A. Romney* (signature)
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ho Wan Kwok,The Debtor/Movant , who issues or requests this subpoena, are:
Aaron A. Romney, Esq., Zeisler & Zeisler, P.C., 10 Middle St., 15th Fl., Bpt., CT, 06604, aromney@zeislaw.com,
203-368-4234
**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A TO DEBTOR'S SUBPOENA TO
## PAUL HASTINGS, LLP

## INSTRUCTIONS

1.      The responses to these Requests for the Production of Documents in accordance with the Debtor's Subpoena to Paul Hastings, LLP (each a "Request" and collectively, the "Requests") shall include such materials as are within Paul Hastings, LLP's custody, possession or control, or are within the custody, possession or control of its partners, associates, consultants, accountants, other attorneys or other agents, or which are otherwise available to Paul Hastings, LLP. Paul Hastings, LLP is specifically instructed to review the files (both hard copy and electronic), records, computers, notes, correspondence, daily calendars and telephone logs or records of all persons who have knowledge of the information inquired about in the Requests.

2.      With respect to any document that Paul Hastings, LLP refuses to produce in response to the Requests on the basis of a claim of privilege, or attorney work-product, it must produce a privilege log in compliance with D. Conn. L. Civ. R. 26(e), made applicable to this proceeding by Local Bankruptcy Rule 1001-1(b).

3.      Notwithstanding the assertion of any objection to production, any document to which an objection is raised which contains non-objectionable matter that is responsive to a Request must be produced, but that portion of the document as to which the objection is asserted may be withheld or redacted in the first instance provided that the privilege log required by D. Conn. L. Civ. R. 26(e) is furnished.

4.      Each document to be produced pursuant to the Requests is to be produced along with all non-identical drafts and copies thereof, in its entirety without abbreviation, expurgation or redaction.

5.      Documents shall be produced as they are kept in the usual course of business or, alternatively, shall be organized and labeled to correspond to the specific Request in response to which such documents are produced.

6.      Electronically stored information shall be produced in a reasonably usable form or forms as required by Fed. R. Civ. P. 45(a)(C), made applicable to this proceeding by Fed. R. Bankr. P. 9016.

7.      The term "all/each" shall both be construed as all and each.

8.      The term "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside their scope.

9.      The singular form of any word includes the plural and vice versa.

10.     The Requests are continuing in nature. The Debtor demands that supplemental and additional productions be made by Paul Hastings, LLP immediately after any new or additional responsive documents or information comes into its possession, custody, or control, or is otherwise made available to it.

11.     If Paul Hastings, LLP withholds documents on the basis of an asserted objection other than privilege, then it shall affirmatively state that responsive documents are being withheld on the basis of the objection.

12.     Unless otherwise specified, the time period covered by these Requests is January 1, 2014 to the present.

## II.    DEFINITIONS

1.      Unless otherwise defined herein, all terms used herein shall have the meanings set forth in D. Conn. L. Civ. R. 26(c), made applicable to this proceeding by Local Bankruptcy Rule 1001-1(b).

2.      Unless otherwise specified herein, the rules of construction set forth in D. Conn. L. Civ. R. 26(d), made applicable to this proceeding by Local Bankruptcy Rule 1001-1(b), shall apply to the terms used herein.

3.      "CCP Official" means an official of the Chinese Communist Party.

4.      "Debtor" means Ho Wan Kwok, and anyone acting or purporting to act on his behalf.

5.      "Despins" means Luc A. Despins, and anyone acting or purporting to act on his behalf.

6.      "Disinterested" shall have the meaning under 11 U.S.C. 101(14) and Fed. R. Bankr. P. 2007(c), Including that a person **not** (a) possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (b) possess a predisposition under circumstances that render such a bias against the estate.

7.      "Paul Hastings" means Paul Hasting, LLP, and includes its partners, members, managers, managing partners, managing members, officers, employees, agents, and to the extent applicable to a particular request, outside service providers.

8.      "PAG Entities" means and includes PAG Holdings Limited, PAG Real Estate Asia, PAG Real Estate, PAG Assets (Real Estate) Limited, PAG Real Estate Investments, Ltd., BT Cayman Ltd., Super Alliance, Real Estate L.P, Sunstone KB (HKSAR) Ltd., PAG Private Equity,

PAG Real Assets, PAG Credits and Markets, PAG Asia Capital, PAG Growth Capital, Secured Capital Real Estate Partners ("SCREP") V, SCREP VI, SCREP VI Management LLC, SCREP VII, PAG Real Estate Partners I, PAG Real Estate Partners II, Polymer Capital, Pacific Alliance Asia Opportunity Fund, Capital Structure Opportunities Fund, Pegasus Fund, RE Strategic Investments Pte. Ltd., Strategic Investment LP, Res Investments GP, Spirit Cayman, BT Cayman, and any other entity, regardless of form, managed by PAG or controlled by PAG Holdings Limited.

9.      "PAX" means Pacific Alliance Asia Opportunity Fund L.P., and anyone acting or purporting to act on its behalf.

10.      "State Owned Entity" or "State Owned Entities" means an entity or entities owned or controlled by the government of the People's Republic of China and is intended to have the same meaning ascribed to such term in the Paul Hastings Press Release titled Paul Hastings Represents Chinese Local Government Enterprises in Seven Bond Issuances, dated April 7, 2022.

11.      "UBS" means UBS AG, UBS Securities, LLC, UBS Securities ltd. Pte., UBS Investment Bank, or any other entity owned or controlled, directly or indirectly, by UBS AG.

12.      "UST" means the United States Trustee's Office, Including its employees, agents, and anyone acting or purporting to act on its behalf.

### III.      REQUESTS FOR PRODUCTION

1.      All Documents or Communications between Despins or Paul Hastings and the UST, the Debtor, PAX, any other creditor or party in interest to this Bankruptcy Case, or anyone acting or purporting to act on behalf of any of the foregoing Concerning the conflicts of interest alleged in (a) the Letter from Aaron A. Mitchell on the Debtors behalf Objecting to Appointment of Luc A Despins as Trustee dated July 11, 2022 (ECF No. 531), Including the letter attached thereto from Aaron A. Mitchell to the UST dated July 11, 2022 (ECF No. 531-1); and/or (b) the

Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee dated July 15, 2022 (ECF No. 561).

2.      Documents sufficient to identify all State Owned Entities or CCP Officials represented or advised by Paul Hastings, Including the scope of such representations and the status of such representations, *i.e.,* completed, terminated, on-going, or not yet commenced.

3.      Documents sufficient to identify all consideration received by Paul Hastings, whether monetary or otherwise, from the representation of all State Owned Entities or CCP Officials regardless of the Paul Hastings office from which the services generating the revenue were performed.

4.      Documents Sufficient to identify all matters on which Paul Hastings has advised or represented each of the PAG Entities, Including the scope of each such representation and the status of each such representation, *i.e.,* completed, terminated, on-going, or not yet Commenced.

5.      Documents sufficient to identify all consideration, whether monetary or otherwise, received by Paul Hastings from its representation of each of the PAG Entities regardless of the Paul Hastings office from which the services generating the revenue were performed.

6.      Documents Sufficient to identify all matters on which Paul Hastings has advised or represented UBS.

7.       Documents sufficient to identify all consideration, whether monetary or otherwise, received by Paul Hastings from its representation of UBS regardless of the Paul Hastings office from which the services generating the revenue were performed.

8.      Documents sufficient to identify any licenses, certificates or other authorizations held by Paul Hastings permitting it to operate its:

      a.   Beijing office;

5

      b.   Hong Kong office; and

      c.   Shanghai office,

Including Documents sufficient to Identify (i) all Chinese governmental authorities issuing any such licenses, certificates or other authorizations, (ii) the terms and conditions for continued maintenance of any such licenses, certificates or other authorizations, Including Documents sufficient to Identify the level and/or degree of discretion held by any Chinese governmental authorities to suspend, revoke or allow Paul Hastings to continue to maintain any or all such licenses, certifications or other authorizations; and (iii) the date of which any such licenses, certificates or other authorizations expire by their terms.

9.      Documents sufficient to identify the revenue generated by each of Paul Hastings' offices located in the People's Republic of China, Including Hong Kong, for the period beginning January 1, 2017 and ending June 30, 2022.

10.     All Documents and Communications between Despins or Paul Hastings, on the one hand, and any other person, Concerning (a) the Debtor's adverse interests to the Chinese Government or the Chinese Communist Party; or (b) whether those adverse interests impact, one way or another, the issue of whether Despins or Paul Hastings is Disinterested.

## **EXHIBIT C**

**Subpoena to Testify at Deposition to Paul Hastings LLP**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of Connecticut

In re HO WAN KWOK
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

HO WAN KWOK
_____
                    Plaintiff
          v.
WILLIAM K. HARRINGTON, UNITED STATES
TRUSTEE FOR REGION 2, ET AL
_____
                    Defendant

Case No. 22-50073

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Paul Hastings, LLP
_____
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: *See attached Schedule A*

| PLACE | DATE AND TIME |
|---|---|
| Zeisler & Zeisler, P.C., 10 Middle Street, 15th Floor, Bridgeport, CT 06604 | July 28, 2022, 10:00 am |

The deposition will be recorded by this method:
   Stenographic means, or as otherwise agreed.

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 22, 2022

          CLERK OF COURT

                                           OR

   _____          *aaron a. Romney*
   *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ho Wan Kwok, The Debtor/Movant, who issues or requests this subpoena, are:
Aaron A. Romney, Esq., Zeisler & Zeisler, P.C., 10 Middle St., 15th Fl., Bridgeport, CT 06604, aromney@zeislaw.com , 203-368-4234

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $_____for services, for a total of $_____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
   …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DEFINITIONS**

1.  Unless otherwise defined herein, and to the extent applicable, all terms used herein shall have the meanings set forth in D. Conn. L. Civ. R. 26(c), made applicable to this proceeding by Local Bankruptcy Rule 1001-1(b).

2.  Unless otherwise specified herein, and to the extent applicable, the rules of construction set forth in D. Conn. L. Civ. R. 26(d), made applicable to this proceeding by Local Bankruptcy Rule 1001-1(b), shall apply to the terms used herein.

3.  "CCP Official" means an official of the Chinese Communist Party.

4.  "Debtor" means Ho Wan Kwok, and anyone acting or purporting to act on his behalf.

5.  "Despins" means Luc A. Despins, and anyone acting or purporting to act on his behalf.

6.  The "Despins Declaration of Disinterestedness" means the Declaration of Disinterestedness of Luc A. Despins dated July 7, 2022 (ECF No. 515-1).

7.  "Disinterested" shall have the meaning under 11 U.S.C. 101(14) and Bankr. R. 2007(c), Including that a person **not** (1) possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) possess a predisposition under circumstances that render such a bias against the estate.

8.  The "First Supplemental Declaration" means the First Supplemental Declaration of Disinterestedness of Luc A Despins dated July 12, 2022 (ECF No. 538).

9.  "Paul Hastings" means Paul Hasting, LLP, and includes its partners, members, manager, managing members, employees, and agents.

10. "PAG Entities" means and includes PAG Holdings Limited, PAG Real Estate Asia, PAG Real Estate, PAG Assets (Real Estate) Limited, PAG Real Estate Investments, Ltd., BT Cayman Ltd., Super Alliance, Real Estate L.P, Sunstone KB (HKSAR) Ltd., PAG Private Equity, PAG Real Assets, PAG Credits and Markets, PAG Asia Capital, PAG Growth Capital, Secured Capital Real Estate Partners ("SCREP") V, SCREP VI, SCREP VI Management LLC, SCREP VII, PAG Real Estate Partners I, PAG Real Estate Partners II, Polymer Capital, Pacific Alliance Asia Opportunity Fund, Capital Structure Opportunities Fund, Pegasus Fund, RE Strategic Investments Pte. Ltd., Strategic Investment LP, Res Investments GP, Spirit Cayman, BT Cayman, and any other entity, regardless of form, managed by PAG or controlled by PAG Holdings Limited.

11. "PAX" means Pacific Alliance Asia Opportunity Fund L.P., and anyone acting or purporting to act on its behalf.

12. "State Owned Entity" or "State Owned Entities" means an entity or entities owned or controlled by the government of the People's Republic of China and is intended to have the same meaning ascribed to such term in the April 7, 2022, Paul Hastings Press Release titled Paul Hastings Represents Chinese Local Government Enterprises in Seven Bond Issuances.

13. "Trustee" or "Chapter 11 Trustee" means the position of Chapter 11 Trustee of the Debtor's Estate.

14. "UBS" means UBS AG, UBS Securities, LLC, UBS Securities ltd. Pte., UBS Investment Bank, or any other entity owned or controlled, directly or indirectly, by UBS AG.

15. "UST" means the Office of the United States Trustee, including its employees, agents, and anyone acting or purporting to act on its behalf.

## DEPOSITION TOPICS

1.     Despins' appointment, or consideration for appointment, as Trustee.

2.     Any conflicts of interest, alleged conflicts of interest or potential conflicts of interest between Despins or Paul Hastings and the Debtor or the Debtor's Estate.

3.     The conflicts of interest, or facts Concerning Despins' or Paul Hastings' Disinterestedness or lack thereof, alleged in (a) the Letter from Aaron A. Mitchell on the Debtors behalf Objecting to Appointment of Luc A Despins as Trustee dated July 11, 2022 (ECF No. 531), Including the letter attached thereto from Aaron A. Mitchell to the UST dated July 11, 2022 (ECF No. 531-1); and/or (b) the Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee dated July 15, 2022 (ECF No. 561).

4.     The Despins Declaration of Disinterestedness or First Supplemental Declaration, Including Despins' or Paul Hastings' relationships, or potential conflicts of interest with, any of the entities referred to in the Despins Declaration of Disinterestedness or First Supplemental Declaration.

5.     Paul Hastings' or Despins' relationship with or representation of PAX, PAG or any of the PAG Entities, Including the scope of such representations, the status of such representations, *i.e.,* completed, terminated, on-going, or not yet commenced, and the consideration received by Paul Hastings, whether monetary or otherwise, from all such the representations.

6.     The relationship between each or any of the PAG Entities and PAX and/or each and any of these entities' relationships, direct or indirect, to any common parent company with PAX.

3

7.     Paul Hastings' or Despins' relationship with or representation of UBS, Including the scope of such representations, the status of such representations, *i.e.,* completed, terminated, on-going, or not yet commenced, and the consideration received by Paul Hastings, whether monetary or otherwise, from all such representations.

8.     The litigation between the Debtor and UBS AG, identified in the Despins Declaration of Disinterestedness, and whether, as a result of Paul Hastings representation of multiple UBS entities, Despins is Disinterested.

9.     Paul Hastings' or Despins' relationship with or representation of any/all State Owned Entities or CCP Officials, Including the scope of such representations, the status of such representations, *i.e.,* completed, terminated, on-going, or not yet commenced, and the consideration received by Paul Hastings, whether monetary or otherwise, from all such representations

10.     Licenses, certificates or other authorizations held by Paul Hastings permitting it to operate its:

      a.  Beijing office;

      b.  Hong Kong office; and

      c.  Shanghai office,

11.     The Chinese governmental authorities issuing any licenses, certificates or other authorizations referred to in the prior paragraph, the terms and conditions for continued maintenance of any such licenses, certificates or other authorizations, Including the level and/or degree of discretion held by any Chinese governmental authorities to suspend, revoke or allow Paul Hastings to continue to maintain any or all such licenses, certifications or other

authorizations; and the date on which any such licenses, certificates or other authorizations expire by their terms.

12.    The revenue generated by each of Paul Hastings' offices located in the People's Republic of China, Including Hong Kong, for the period beginning January 1, 2017 and ending June 30, 2022.

13.    The Debtor's adverse interests to the Chinese Government or the Chinese Communist Party and whether those adverse interests impact, one way or another, the issue of whether Despins or Paul Hastings is Disinterested.

14.    Paul Hastings' search for, and production of, Documents responsive to the Debtors July 22, 2022, Requests for Production included in the Subpoena Decus Tecum served on Paul Hastings by the Debtor.