**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK,                                             :    Case No. 22-50073 (JAM)
                                                         :
        Debtor.[1]                                       :
                                                         :
---------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING AND MOTION FOR BRIDGE ORDER ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY RULES 9014(c) AND 9016, QUASHING SUBPOENAS AND CONFIRMING THAT DEBTOR IS NOT ENTITLED TO DISCOVERY IN CONNECTION WITH DEBTOR'S MOTION FOR RELIEF FROM ORDER APPOINTING LUC A. DESPINS AS CHAPTER 11 TRUSTEE OR THE TRUSTEE'S APPLICATION TO EMPLOY PAUL HASTINGS LLP AS COUNSEL**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), in the above-captioned chapter 11 case (the "Chapter 11 Case") of the debtor (the "Debtor"), by and through his undersigned proposed counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Rules 9014(c) and 9016, Quashing Subpoenas and Confirming that Debtor Is Not Entitled To Discovery in Connection with Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee or the Trustee's Motion to Employ Paul Hastings LLP as Counsel* [Docket No. 608] (the "Motion to Quash") and for entry of a bridge

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

order granting temporary relief pending such hearing.  In support of his Motion to Expedite, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  The Motion to Quash, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code").

5. On March 21, 2022, the United States Trustee appointed the Official Committee of Unsecured Creditors in the Debtor's Chapter 11 Case.  No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee (the "U.S. Trustee") to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7. On July 7, 2022, the U.S. Trustee filed its *Application for Order Approving Appointment of a Chapter 11 Trustee* (the "Appointment Application") together with the *Declaration of Disinterestedness of Luc A. Despins* (the "Trustee Declaration") [Docket No. 515]. The Court held a hearing (the "Hearing") on the Appointment Application on July 8, 2022, which was attended by, *inter alia*, Debtor's counsel (then, Brown Rudnick LLP ("Brown Rudnick")) and counsel for HK International Funds Investments (USA) Limited, LLC ("HK International") and Mei Guo, the Debtor's daughter (Zeisler & Zeisler, P.C. ("Z&Z")).

8. No parties objected to the Appointment Application or requested discovery with respect thereto prior to or at the Hearing, and, thereafter, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

9. On July 12, 2022, the Trustee filed his *First Supplemental Declaration of Disinterestedness* [Docket No. 538] and *Application Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to the Chapter 11 Trustee* [Docket No. 539] (the "PH Retention Application").

10. On July 13, 2022, Brown Rudnick moved to withdraw as the Debtor's counsel [Docket No. 543] (the "Motion to Withdraw"). On July 14, 2022, attorneys from Z&Z filed appearances for the Debtor. [Docket Nos. 550-553.]

11. On July 15, 2022, the Debtor filed his *Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee* [Docket No. 561] (the "60(b) Motion"), seeking relief from the Court's Appointment Order. On July 20, 2022, the Trustee filed his objection to the Debtor's 60(b) Motion [Docket No. 575] (the "60(b) Objection").

12. The Court held a status conference on July 21, 2022 (the "Status Conference"), for the Trustee to advise the Court and parties-in-interest concerning his administration of the Estate to date, and to discuss the Motion to Withdraw, the PH Retention Application, and the 60(b) Motion.

13. At the Status Conference, the Debtor's counsel repeatedly stated the Debtor's intention to take discovery on the 60(b) Motion and the PH Retention Application. The Court was crystal clear that such discovery would not be permitted, including during the following exchange between the Court and Debtor's counsel, which occurred between 2:05:45 – 2:06:45 on the audio recording of the Status Conference:[2]

> THE COURT: I'm not allowing you to take any discovery before I rule on the 60(b) Motion.
>
> MR. HENZY: And on the Paul Hastings Retention application?
>
> THE COURT: And on the Paul Hastings Retention application.
>
> MR. HENZY: Ok. So you're ruling that today?
>
> THE COURT: That is correct. There is going to be no discovery … That's not going to happen. We'll have a hearing. We'll hear your matter … If I rule against you, then you'll appeal.
>
> ….
>
> THE COURT: I'm telling you if you seek discovery before I rule on these matters, then I'm not going to make the other side comply.

14. Following the Status Conference, the Court scheduled a hearing with respect to the Motion to Withdraw, the PH Retention Application, and the 60(b) Motion, for Monday, August 1, 2022 [Docket No. 596].

---

[2] The Trustee has ordered a transcript of the Status Conference on an expedited basis.

15. On the afternoon of July 22, 2022, the Debtor served Paul Hastings LLP ("Paul Hastings") with a *Subpoena Duces Tecum* and attached *Schedule A* requiring production of documents by 9 a.m. on July 26, 2022, and a *Subpoena to Testify at Deposition*, demanding that Paul Hastings provide a witness to testify at a deposition at 10:00 a.m. on July 28, 2022 (collectively, the "Subpoenas").

## THE MOTION TO QUASH[3]

16. By the Motion to Quash, the Trustee seeks entry of an order quashing the Subpoenas and confirming that the Debtor may not serve discovery on the 60(b) Motion or the PH Retention Application.

17. **Notwithstanding this Court's prior direction to the contrary, the Debtor is seeking to undertake discovery prior to the hearing scheduled for August 1, 2022. The Debtor has demanded document production from the Trustee's proposed counsel, Paul Hastings, upon one business day's notice, *i.e.*, by Tuesday, July 26, 2022, at 9 a.m., and seeks to depose Paul Hastings two days later.**

## RELIEF REQUESTED

18. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Motion to Quash upon an expedited basis. The Trustee respectfully requests that the Court schedule a hearing (the "Hearing") with respect to the Motion to Quash to be held Monday, August 1, 2022, at 12:00 p.m. (noon), *i.e.*, at the same time as the hearing set for the 60(b) Motion and the PH Retention Application.

---

[3] The following summary of the relief sought in the Motion to Quash is qualified in its entirety by the Motion to Quash.

19. Pending a Hearing on the Motion to Quash, the Trustee requests that the Court order relief on an interim basis, in the form of a bridge order, providing that Paul Hastings need not respond to the Subpoenas and that the Debtor shall not serve discovery on the 60(b) Motion or the PH Retention Application, pending the Hearing.

20. Finally, the Trustee requests that the Court direct that notice of the Motion to Quash and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the U.S. Trustee.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a Hearing on the Motion to Quash on August 1, 2022, at 12:00 p.m. (noon), providing that Paul Hastings need not respond to the Subpoenas and that the Debtor shall not serve discovery on the 60(b) Motion or the PH Retention Application, pending the Hearing, ordering notice of such Hearing as set forth in the attached Order, and ordering such other and further relief as the Court deems just and proper.

Dated:  July 25, 2022  
        New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

        *and*

    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

        *and*

    Avram E. Luft (admitted *pro hac vice*)  
    Douglass Barron (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com

    *Proposed Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK,                                  :    Case No. 22-50073 (JAM)
                                              :
    Debtor.                                   :
                                              :
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING AND BRIDGE ORDER

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Rules 9014(c) and 9016, Quashing Subpoenas and Confirming that Debtor Is Not Entitled To Discovery in Connection with Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee or the Trustee's Motion to Employ Paul Hastings LLP as Counsel* [Docket No. 608] (the "Motion to Quash"), and requesting interim relief pending a hearing on the Motion to Quash;[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Motion to Quash shall be held on **August 1, 2022, at 12:00 p.m. (noon)** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Motion to Quash shall be _____ **at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that, pending occurrence of the Hearing, Paul Hastings need not respond to

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

2

the Subpoenas and that the Debtor shall not serve discovery on the 60(b) Motion or the PH Retention Application; and it is further

**ORDERED,** that a copy of this Order, along with the Motion to Quash and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, on or before July __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                    :
In re:                             :         Chapter 11
                                    :
HO WAN KWOK,         :         Case No. 22-50073 (JAM)
                                    :
        Debtor.          :
                                    :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 25, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated:        July 25, 2022
                New Haven, Connecticut

                                            By: */s/ Patrick R. Linsey*
                                                Douglas S. Skalka (ct00616)
                                                Patrick R. Linsey (ct29437)
                                                NEUBERT, PEPE & MONTEITH, P.C.
                                                195 Church Street, 13th Floor
                                                New Haven, Connecticut 06510
                                                (203) 781-2847
                                                dskalka@npmlaw.com
                                                plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Proposed Counsel for the Chapter 11 Trustee*