**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, : Case No. 22-50073 (JAM)
: 
Debtor. : 
: 
---------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF PATRICK R. LINSEY IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF NEUBERT, PEPE, & MONTEITH, P.C., AS LOCAL AND CONFLICTS COUNSEL TO THE CHAPTER 11 TRUSTEE**

I, Patrick R. Linsey, being duly sworn, do depose and say:

1. I am an attorney at the law firm of Neubert, Pepe & Monteith, P.C. ("NPM"), which maintains its principal office at 195 Church Street, 13th Floor, New Haven, CT 06510, and I make this supplemental declaration in support of the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Neubert, Pepe & Monteith, P.C. as Local and Conflicts Counsel to the Chapter 11 Trustee* [Docket No. 569] (the "NPM Retention Application") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor").

2. I provide this declaration to clarify and supplement my initial declaration in support of and filed together with the NPM Retention Application (the "Initial Declaration"). This supplemental disclosure is provided in response to an inquiry by the United States Trustee and the

disclosure of information herein does not concede that the disclosure is required or that the matter disclosed is relevant to the Chapter 11 Trustee's requested employment of NPM.

3. To the best of my knowledge and belief after due inquiry, neither I, nor NPM, nor any member or associate thereof, represents professionally, or has any connection with, the Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as disclosed herein or in my Initial Declaration.

4. NPM maintains a computer database (the "Database") containing, *inter alia*, the names of all NPM's current and former clients and, with respect to any engagement, adverse and related persons. I caused to be submitted to, and checked against, the Database all of the following names (in addition to the persons and entities defined as "Potentially Interested Parties" in my Initial Declaration): (a) Mei Guo; (b) UBS AG (and other UBS entities)[1]; (c) Boies Schiller Flexner LLP; (d) potential affiliates of Pacific Alliance Asia Opportunity Fund ("PAX") and/or Pacific Alliance Group[2]; (e) Genever Holdings Corporation; (f) China Golden Spring Group (Hong Kong) Ltd.; (g) Greenwich Land LLC ((a) through (g), collectively, the "Add'l Potentially Interested Parties").

5. NPM has no relationship or connection with the Add'l Potentially Interested Parties, or, to the best of my knowledge, with any other creditor of the Debtor, except that NPM previously represented UBS Financial Services, Inc., between 2005 and 2008, in matters unrelated to the Debtor and this Chapter 11 Case; and NPM represented a third party in matters adverse to

---

[1] Search terms included "UBS AG" and "UBS."
[2] Search terms included "Pacific Alliance" and "PAG."

UBS Securities, LLC, between 2019 and 2021, likewise in matters unrelated to the Debtor and this Chapter 11 Case.

6. To the best of my knowledge and belief after due inquiry, NPM has no economic relationship or connection with the law firms involved in the Debtor's Chapter 11 Case, except from that disclosed in my Initial Declaration or as follows: Douglas S. Skalka ("Mr. Skalka") , a principal of NPM, was employed at a law firm that was a predecessor of Whitman Breed Abbott & Morgan LLC from 1985-1995; NPM has, from time to time, retained Pullman & Comley LLC to advise on questions concerning professional responsibility[3]; and, in a matter unrelated to the Debtor or this Chapter 11 Case, Patrick M. Birney, an attorney representing PAX, once deposed Mr. Skalka as a witness in an adversary proceeding.

7. Based on my Initial Declaration and on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) NPM has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) neither NPM nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, I believe that NPM is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

---

[3] These services have primarily been provided by David Atkins who, upon information and belief, is not involved in Pullman & Comley LLC's representation of the Official Committee of Unsecured Creditors.

8.     Upon the request of the United States Trustee, NPM consents that the following language may be included in any order by the Court approving the NPM Retention Application:

> Allowance of any compensation for NPM shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: July 26, 2022, at New Haven, Connecticut

*/s/ Patrick R. Linsey*
Patrick R. Linsey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 11 |
| HO WAN KWOK, | CASE NO. 22-50073 (JAM) |
| Debtor. |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 26, 2022 the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: July 26, 2022  
New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com
plinsey@npmlaw.com

*Proposed Counsel*