# *In re Ho Wan Kwok,* Chapter 11 Case No. 22-50073 (JAM)

## PRELIMINARY REPORT OF CHAPTER 11 TRUSTEE REGARDING PROGRESS SINCE APPOINTMENT AND WORK PLAN

## JULY 21, 2022 STATUS CONFERENCE

Disclaimer: This presentation is based on preliminary observations of the Chapter 11 Trustee based on information available at this time and remains subject to ongoing review and investigation. Accordingly, the information contained herein remains subject to material changes. In addition, certain sections reflect the Chapter 11 Trustee's views on legal issues and no assurances can be given that the Court (or any other court) would agree with the Chapter 11 Trustee's views on such legal issues.

PAUL
HASTINGS

# TABLE OF CONTENTS

| | | |
|---|---|---|
| A. | Administrative Matters | 2-9 |
| B. | Exercising Corporate Governance Rights | 10-12 |
| C. | Identify and, If Appropriate, Seek Turnover of Estate Assets | 13-16 |
| D. | Claims Review and Allowance Process | 17 |
| E. | Chapter 11 Plan and Distributions to Creditors | 18 |

PAUL
HASTINGS

## A. ADMINISTRATIVE MATTERS

1. **Bond Posted (§322 of the Bankruptcy Code)**
   - Initial $25,000 bond obtained and submitted.

2. **Bank Account (§345 of the Bankruptcy Code)**
   - Chapter 11 Trustee opened bank account with East West Bank.
   - Approximately $16,000 should be received.

3. **Section 341 Meetings**
   - Initial section 341 meetings were held on March 21, 2022 and April 6, 2022, but were not completed and need to be rescheduled.

4. **Monthly Operating Reports**
   - The last monthly operating report filed by the Debtor was for the month of April 2022 [ECF No. 423].
   - The Debtor has not yet filed monthly operating reports ("MORs") for the month of May 2022, June 2022, and the first seven days of July 2022 (i.e., the period prior to the order appointing the Chapter 11 Trustee on July 8, 2022 [ECF No. 523].
     - The May 2022 MOR was due on June 21, 2022, the June 2022 MOR is due on July 21, 2022, and the July MOR (for the first 7 days) is due on August 21, 2022.
   - **It is important to note that the Debtor's MORs reflect that a third party has made disbursements for the benefit of the Debtor in amounts that averages approximately $115,000 per MOR.**

# A. ADMINISTRATIVE MATTERS [CONT'D]

## 5. Bar Date

- On March 30, 2022, Debtor filed motion to set bar date [ECF No. 146].
    - Debtor had requested a bar date 52 days after service of the bar date notice.
- The official committee of unsecured creditors (the "Creditors' Committee") objected to bar date motion.
- Hearing on bar date motion took place on April 27, 2022
    - The bar date motion was granted, subject to the Court's review of a revised proposed order.
    - A revised proposed order was submitted to the Court.
    - Important to understand who is a claimant (e.g., governmental entities).

## 6. Update re *Lady May* Inspection

- Inspection occurred on July 13, 2022 with PAX's expert and expert hired by the Chapter 11 Trustee.
- Review of inspection results is ongoing.
- Necessity of scuba-diver inspection of hull and short "sea trial" being considered.

## A. ADMINISTRATIVE MATTERS [CONT'D]

### 7. Automatic Stay Letters

- Since the Chapter 11 Trustee's appointment, we have sent out more than 20 letters to various parties affiliated in one way or another with the Debtor (including his counsel), advising them of the automatic stay and that no action should be taken related to any property of the estate.

- These letters also advised the recipients that we may seek documents related to the Debtor and that they should preserve all documents related to the Debtor.

- Letters were sent to, among others:
    - Golden Spring New York
    - Bravo Luck Limited
    - HK International Funds Investments (USA) Limited
    - GTV Media Group
    - Voice of Guo Media
    - Saraca Media Group
    - Brown Rudnick
    - Whitman Breed (Greenwich, CT, counsel to the Debtor)

## A. ADMINISTRATIVE MATTERS [CONT'D]

### 8. Reaching Out to Key Parties

- Since the Chapter 11 Trustee's appointment, we have had numerous interactions with key parties in the case, including calls and/or email correspondence with, among others:
    - counsel for the Debtor (Brown Rudnick LLP (former counsel), Lawall & Mitchell, LLC, and Zeisler & Zeisler);
    - counsel for the Creditors' Committee (Irve Goldman at Pullman & Comley LLC);
    - counsel to Pacific Alliance Asia Opportunity Fund L.P. ("PAX") (Peter Friedman at O'Melveny & Myers LLP);
    - chapter 11 counsel to Genever Holdings LLC (Kevin Nash at Goldberg Weprin Finkel Goldstein LLP);
    - court-appointed sale officer for sale of Sherry-Netherland apartment (Melanie Cyganowski at Otterbourg P.C.); and
    - counsel to creditors Rui Ma and Zheng Wu (Carollynn Callari at Raines Feldman LLP).
- In addition, the Chapter 11 Trustee has requested a meeting with the Debtor. No response has been provided to date.

# A. ADMINISTRATIVE MATTERS [CONT'D]

## 9. Management of Pending Adversary Proceedings

- Eight adversary proceedings are currently pending in this chapter 11 case.
  - Plaintiff-creditors in seven adversary proceedings seek a determination that their claims are non-dischargeable. The answer deadline in these adversary proceedings is as follows:

| Case Name | Adv. Proc. No. | Answer Deadline |
|---|---|---|
| Cheng v. Kwok | 22-50073 | July 22, 2022 |
| Ma v. Kwok | 22-05011 | July 22, 2022 |
| Pacific Alliance Asia Opportunity Fund L.P. v. Kwok | 22-05012 | July 22, 2022 |
| Wu et al. v. Kwok | 22-05013 | August 1, 2022 |
| Meng et al. v. Kwok | 22-05014 | August 1, 2022 |
| Nunberg v. Kwok | 22-05017 | No summons issued yet |
| Wang et al. v. Kwok | 22-05018 | No summons issued yet |

  - Given that the Chapter 11 Trustee was appointed only on July 8, we have requested a stay in five of the adversary proceedings and will request a stay in the two other adversary proceedings.
    - Directionally, it does not appear to the Chapter 11 Trustee that it would make sense to spend time on non-dischargeability issues at this stage of the case.

PAUL HASTINGS

PAGE 6

# A. ADMINISTRATIVE MATTERS [CONT'D]

9. **Management of Pending Adversary Proceedings [cont'd]**
   - The eighth adversary proceeding, Adv. Proc. No. 22-05003, is an action commenced by the purported owner of the *Lady May* (HK International Funds Investments (USA) Limited ("HK International")) against the Debtor and PAX seeking a declaration that HK International is the owner of the *Lady May*.
     - The answer deadline for the Debtor expired prior to the appointment of the Chapter 11 Trustee.
     - The answer deadline for PAX is July 29, 2022.
     - The parties have agreed to a 30 day extension of the response deadline for the Chapter 11 Trustee.
     - Pursuant to Bankruptcy Rule 2012(a), the Chapter 11 Trustee is automatically substituted for the Debtor in that adversary proceeding.

# A. ADMINISTRATIVE MATTERS [CONT'D]

## 10. Intervention/Appearance in Other Litigation

- In addition to participation in the adversary proceedings, the Chapter 11 Trustee needs to appear in other litigation to which the Debtor is a party and take his place in controlling that litigation and/or enforcing the automatic stay.
- The Debtor's Statement of Financial Affairs has listed more than 25 active lawsuits in which the Debtor is either a defendant or a plaintiff.
  - The Chapter 11 Trustee has begun to analyze these lawsuits and whether the lawsuits in which the Debtor is a plaintiff reflect valuable estate claims.

## 11. Contact with SEC

- The SEC has filed a proof of claim asserting:

  This claim is an undetermined claim for penalties, disgorgement, and prejudgment interest arising from possible violations of the federal securities laws. The Securities and Exchange Commission ("SEC") has been conducting an investigation into certain pre-bankruptcy conduct involving the debtor. Based on this investigation, the SEC may file a civil action against the debtor in an appropriate forum.

- The Chapter 11 Trustee has contacted the SEC to engage in a dialogue with respect to these issues.

# A. ADMINISTRATIVE MATTERS [CONT'D]

## 12. Dealing with Inbound Inquiries

- The Chapter 11 Trustee has received inbound inquiries and tips regarding the alleged hidden assets of the Debtor.
- The Chapter 11 Trustee will carefully evaluate these inquiries. To the extent these inquires and tips prove promising, the Chapter 11 Trustee will further investigate these matters.

## 13. Retention of Professionals

- To date, the Chapter 11 Trustee has filed two retention applications:
  - Paul Hastings LLP [ECF 539]
  - Neubert, Pepe & Monteith (local counsel) [ECF 569]
    - The Chapter 11 Trustee intends to lean on local counsel as much as possible to minimize costs.

# B. EXERCISING CORPORATE GOVERNANCE RIGHTS

## 1. Exercising Control Over Debtor Owned and/or Controlled Entities, including Genever

- The Chapter 11 Trustee needs to assert and exercise control over all Debtor owned and/or controlled entities, including the Genever entities, which own the Sherry-Netherland apartment.
    - The Debtor wholly owns Genever Holdings Corporation (a British Virgin Island entity), which, in turn, wholly owns Genever Holdings LLC (a New York LLC).
    - The Debtor has asserted that he holds the Genever entities in trust for Bravo Luck Limited, an entity allegedly owned by the Debtor's son (Qiang Guo).
- Genever Holdings LLC is itself in chapter 11, pending before Judge Garrity in the Southern District of New York. The Chapter 11 Trustee must also assert the estate's rights in Genever Holdings LLC's chapter 11 case.
    - We have already been in contact with Genever's chapter 11 counsel to discuss the chapter 11 process, who confirmed that he previously took direction from the Debtor regarding Genever's chapter 11 case.
    - The Chapter 11 Trustee will request a status conference before Judge Garrity.

# B. EXERCISING CORPORATE GOVERNANCE RIGHTS [CONT'D]

## 2. Request for Relief Regarding Economic and Corporate Governance Rights

- The Chapter 11 Trustee will also seek relief from this Court to confirm that he now holds the same economic and corporate governance rights with respect to all Debtor owned and/or controlled entities, including the Genever entities, that the Debtor held prior to the Chapter 11 Trustee's appointment on July 8, 2022.

- As part of this relief, the Chapter 11 Trustee will also request that he be authorized, pursuant to section 1505 of the Bankruptcy Code, to act in any foreign country on behalf of the Debtor's estate in any way permitted by the applicable foreign law for the purpose of
  - collecting and recovering assets of the Debtor located in foreign countries, including seeking relief in foreign courts in furtherance thereof,
  - exercising control over Debtor-controlled entities, including seeking relief in foreign courts in furtherance thereof, and
  - requesting and obtaining corporate documents from the appropriate foreign corporate registry or similar entity holding corporate documents with respect to the Debtor-controlled entities.

- Section 1505 of the Bankruptcy Code provides:

  A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

- In further support of such relief, the Chapter 11 Trustee will also request that the Court respectfully request the assistance of the foreign courts, including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis) with respect to the Trustee's exercise of corporate control over Genever (BVI).

## B. EXERCISING CORPORATE GOVERNANCE RIGHTS [CONT'D]

### 3. Request for Corporate Documents

- We have requested from Debtor's counsel that they provide all corporate documents regarding all entities owned and/or controlled by the Debtor, including the Genever entities. Among other things, we requested:
    - Organizational documents (including for Genever (BVI))
    - Capitalization tables
    - Structure charts
    - Composition of board
    - Schedule of all officers
    - Agreements relating to issuance of equity securities, etc.
    - Documents related to the Genever/Bravo trust agreement
- As of today, no documents have been produced.

## C. IDENTIFY AND, IF APPROPRIATE, SEEK TURNOVER OF ESTATE ASSETS

### 1. Rule 2004 Motions & Attorney Client Privilege

- We are preparing Rule 2004 motions to obtain documents relevant to our investigation of potential estate assets from the Debtor and various other parties. The Creditors' Committee's previous Rule 2004 pleadings will be incorporated in the Chapter 11 Trustee's requests to the extent possible to minimize duplication and costs.

- **The motions will include requests that various counsels to the Debtor produce their privileged communications and work product for the period prior to July 8, 2022 on the grounds that the Trustee now controls the privilege.**

# C. IDENTIFY AND, IF APPROPRIATE, SEEK TURNOVER OF ESTATE ASSETS [CONT'D]

## 2. Lady May



- We are not writing on a clean slate here. The Chapter 11 Trustee has not completed its analysis at this time; however, it appears that the issue of the Lady May's ownership has already been decided in the PAX litigation in New York state court.
    - In November 2021, the Appellate Division for the First Department affirmed a civil contempt order of the trial court and remanded for the trial court to "resolve a dispute as to ownership and control of the yacht."
    - Upon that instruction, the trial court determined, following an extensive evidentiary hearing, that "[t]he evidence clearly and convincingly demonstrates that Kwok holds a beneficial interest and control of the Lady May."
    - The court explained "Kwok has much more than a beneficial interest in the Lady May. Not only does Kwok control the yacht, it appears he provided the funds to purchase it and he is the person who principally enjoys the use of the yacht."
- In support of its determination, the court also observed that:
    - "Kwok failed to testify at the February 2, 2022 hearing, having previously invoked his Fifth Amendment right to decline to testify or respond to discovery requests relating to the Lady May in response to PAX's asset discovery efforts."
    - "The machinations associated with the shell game Kwok has orchestrated with respect to the Lady May are of a piece with every other evasive and contemptuous act Kwok has taken during the five years this litigation has been pending, which is why there are 1,180 docket entries in this case."

## C. IDENTIFY AND, IF APPROPRIATE, SEEK TURNOVER OF ESTATE ASSETS [CONT'D]

2. *Lady May* [cont'd]

- The New York state court's holding may very well control on the issue of the Debtor's ownership of the Lady May, and would appear to collaterally estop both HK International (the purported titleholder of the Lady May) and the Debtor's daughter, Mei Guo (who, upon information and belief, is the 100% owner of HK International), from arguing otherwise to this Court in a collateral attack on that decision.

    o Under New York law, collateral estoppel may be applied not only against a party to a litigation, but also to one who is in privity with a party or participated so openly and actively in the litigation that she should be bound by it.

    o Here, Ms. Guo testified at the hearing on ownership of the yacht and was represented by counsel in doing so.

    o The court found, based on her testimony, that "Ms. Guo appears to be a woman in her twenties, has introduced no evidence that she exercised dominion and control of the Lady May, and provided no confirmation that she came into possession of the Lady May, other than as a ruse to shield the Lady May from being levied upon by her father's creditors."

- Under these circumstances, subject to the Chapter 11 Trustee completing its analysis, HK International and Ms. Guo may very well not be entitled to re-litigate the issue of ownership of the Lady May in this Court.

## C. IDENTIFY AND, IF APPROPRIATE, SEEK TURNOVER OF ESTATE ASSETS [CONT'D]

### 3. Sherry-Netherland Apartment

- The Chapter 11 Trustee has no intention to stop the sale of the apartment.
- As noted above, the Chapter 11 Trustee needs to assert and exercise control over the Genever entities, which own the Sherry-Netherland apartment.

### 4. Greenwich Homes

- Two homes located in Greenwich, Connecticut (one at Taconic Road and one at Ferncliff Road), with Greenwich Land LLC as the title holder.
  - Greenwich Land LLC is wholly owned by the Debtor's wife.
- The Taconic Road home was purchased in February 2020 for approximately $4.6 million, and the Debtor has described it as his residence.
- The Chapter 11 Trustee's investigation regarding the two Greenwich homes is ongoing.

### 5. Other Assets

- The Chapter 11 Trustee is not limiting his review to the assets identified in Sections C.2, C.3, and C.4 above.
- The Chapter 11 Trustee will update the Court as to the nature and extent of the other assets as further progress is made during his investigation.



## D. CLAIM REVIEW AND ALLOWANCE PROCESS

### 1. Timing

- It is important that a claims bar date be set as soon as possible.

- Once the bar date has passed and an opportunity to review the claims filed, the Chapter 11 Trustee will be in a better understanding as to the timeline for reconciling claims.

# E. CHAPTER 11 PLAN AND DISTRIBUTIONS TO CREDITORS

## 1. Timing

- At this time, it would be premature to set out a timeline for a chapter 11 plan and distributions to creditors.
- The Chapter 11 Trustee will update the Court in this regard, as this case progresses.