**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | **Chapter 11** |
| **HO WAN KWOK** | **Case No. 22-50073 (JAM)** |
| **a/k/a WENGUI GUO** | |
| **a/k/a MILES GUO,** | |
| **Debtor.** | **Re: ECF 561** |

**UNITED STATES TRUSTEE'S RESPONSE TO**
**DEBTOR'S MOTION FOR RELIEF FROM ORDER APPOINTING**
<u>**LUC A. DESPINS AS CHAPTER 11 TRUSTEE**</u>

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),

in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a) and 11 U.S.C.

§1104(d), files this response concerning the Debtor's Motion for Relief from Order Appointing

Luc A. Despins as Chapter 11 Trustee filed on July 15, 2022 (ECF 561) ("Motion to Vacate"). In

support of this response, the United States Trustee, through his undersigned counsel, respectfully

represents and states the following:

<u>**PRELIMINARY STATEMENT**</u>

The Debtor seeks to undo the appointment of Luc A. Despins as chapter 11 trustee

("Trustee Despins") by vacating this Court's order approving the appointment of Trustee

Despins (ECF 523) through the Motion to Vacate and leave the chapter 11 estate without a

chapter 11 trustee. The Motion to Vacate has no legitimate factual or legal basis. Distilled to its

true essence, the Motion to Vacate is a compilation of unfounded accusations and subterfuge

designed to cause confusion and delay Trustee Despins' obligations to review the Debtor's

financial affairs. The Debtor's objective is to prevent not only Trustee Despins, but any trustee, from investigating the Debtor's financial affairs and from pursuing the Debtor, his family and friends, and entities that the Debtor owns and/or controls to recover assets and monies that are potentially property of the Debtor's estate.

## FACTS

1.      Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok ("Debtor" and/or "Kwok")[1] filed a voluntary chapter 11 petition ("Petition") on February 15, 2022. ECF 1.

2.      The Debtor retained the firm of Brown Rudnick LLP ("Brown Rudnick") to be his chapter 11 counsel and paid Brown Rudnick a $1 million retainer. *See* ECF 54; ECF 86; ECF 77 at page 17; ECF 78 at page 20; and ECF 293.

3.      The Debtor filed his chapter 11 case just days after the February 2022 Contempt Decision in the PAX Lawsuit[2] in New York State Court and on the eve of the deadline to pay creditor Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") a contempt award of $134,000,000 imposed by the February 2022 Contempt Decision due to the Debtor's failure to return the yacht known as the Lady May to the jurisdiction of New York.

4.      On March 1, 2022, PAX filed a motion for relief from stay seeking authority to return to the PAX Lawsuit in order to pursue efforts toward the return of the Lady May. ECF 57.

5.      On March 19, 2022, the United States Trustee filed a motion seeking an order directing the appointment of an examiner or, in the alternative, a chapter 11 trustee ("UST Examiner/Trustee Motion"). ECF 102.

---

[1] The Debtor is also known by multiple other aliases.
[2] Capitalized terms used but not defined herein shall have the meaning set forth in the UST Examiner/Trustee Motion. ECF 102.

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case. ECF 108. The Committee is represented by Pullman & Comley LLC. ECF 298.

7.      On March 22, 2022, the Debtor filed a motion for financing seeking to borrow $8 million dollars from Golden Spring New York Ltd. ("Golden Spring"), an entity purportedly owned by the Debtor's son Qiang Guo ("DIP Financing Motion"). ECF 117. The Debtor claims to have no ownership interest in or control over Golden Spring, but Golden Spring has in the past - allegedly without being reimbursed - gifted funds to the Debtor to pay for all of his living expenses, and has also loaned funds and/or paid for litigation expenses of the Debtor. *See* ECF 77 at Schedule D.

8.      On April 6, 2022, PAX, the Debtor's largest unsecured creditor, filed a motion to dismiss or, in the alternative, a partial joinder to the UST Examiner/Trustee Motion with regard to the relief of the appointment of a chapter 11 trustee ("PAX Motion to Dismiss"). ECF 183.

9.      On April 6, 2022, the Debtor filed an opposition to the UST Examiner/Trustee Motion that objected to the appointment of a chapter 11 trustee. ECF 180. The Committee and PAX also raised limited opposition to the UST Examiner/Trustee Motion. ECF 181 and 182.

10.     On May 11, 2022, the Debtor consented to the dismissal of his case and withdrew the DIP Financing Motion. ECF 344 and 345.

11.     On May 25, 2022, the Court held a hearing on the PAX Motion to Dismiss and the UST Examiner/Trustee Motion. In connection therewith, the Court considered briefs filed by the Debtor, PAX, the Committee, the United States Trustee, and certain creditors about the appropriateness of the available forms of relief under 11 U.S.C. § 1112(b), namely dismissal,

appointment of a chapter 11 trustee or conversion to chapter 7. ECF 408, 412, 416, 418, 419, and 421.

12.     On June 15, 2022, the Court entered an order directing the United States Trustee to appoint one (1) disinterested trustee in the Debtor's bankruptcy case ("Trustee Order"). ECF 465.

13.     In accordance with his statutory obligations pursuant to 11 US.C. § 1104, and the United States Trustee's standard appointment procedures in chapter 11 cases,[3] on or about June 15, 2022, the United States Trustee consulted with various parties in interest including, the Debtor, the Committee, PAX, and various other counsel representing unsecured creditors.

14.     The United States Trustee selected Luc A. Despins of Paul Hastings LLP ("PH") as the chapter 11 trustee.[4]

15.     On July 7, 2022, the United States Trustee filed his Notice of Appointment of Luc A. Despins as the chapter 11 trustee (ECF 514) and an Application for Approval of the Appointment of Luc A. Despins pursuant to 11 U.S.C. §1104(d) (ECF 515) ("Application"). The Declaration of Disinterestedness of Luc A. Despins was filed as part of the Application ("Original Declaration"). The Court scheduled the Application for a hearing on July 8, 2022 (the "July 8 Hearing"). ECF 517.

16.     On the morning of July 8, 2022, Attorney Despins alerted the United States Trustee that he needed to make certain additional disclosures regarding certain previously

---

[3] Clifford J. White III and Walter W. Theus, Jr., *Taking the Mystery Out of the Ch. 11 Trustee Appointment Process*, ABI Journal, May 26, 2014.

[4] The United States Trustee initially selected Joe D. Whitely of Womble Bond Dickinson as the chapter 11 trustee and filed a notice of appointment of Attorney Whitely with the Court on June 30, 2022, along with an application to approve the appointment of Attorney Whitely. ECF 498 and 499. Upon receiving a supplemental disclosure of a conflict in the morning of July 5, 2022, the United States Trustee promptly withdrew the appointment of Attorney Whitely. ECF 507.

4

undisclosed connections. The disclosures, which were just discovered, included PH's prior representation of certain affiliates of PAX in unrelated matters. The United States Trustee advised Attorney Despins to disclose these connections at the July 8 Hearing.

17.     At the July 8 Hearing, Attorney Despins announced on the record that he would be filing a supplemental disclosure and fully explained the nature of the additional disclosures (the "Supplemental Disclosures"). Counsel for the Debtor (Brown Rudnick), the Committee, PAX, and certain other creditors were all present at the hearing and no party raised an objection to the appointment of Attorney Despins on the grounds that Attorney Despins was not competent to serve or was not disinterested. Some concerns about the representation of Trustee Despins by PH were noted, but no challenge was raised to Attorney Despins serving as chapter 11 trustee. Thereafter, the Court granted the Application and approved Attorney Despins as chapter 11 trustee ("Order Approving Trustee"). ECF 523.

18.     On July 11, 2022, Attorney Aaron Mitchell filed an appearance as counsel to the Debtor and filed a letter objection to the appointment of Trustee Despins ("Mitchell Letter Objection"). ECF 530 and 531.

19.     On July 12, 2022, Trustee Despins formally filed the Supplemental Disclosure explaining he had no personal prior representation of any entity affiliated with PAX and that PH had previously represented certain entities that share the same parent entity as PAX ("July 12 Supplemental Disclosure"). ECF 538. The July 12 Supplemental Disclosure is consistent with the Supplemental Disclosure at the July 8 Hearing.

20.     Also on July 12, 2022, Trustee Despins filed an application to employ PH as his chapter 11 trustee counsel ("PH Retention Application") and a motion seeking an expedited hearing on the PH Retention Application. ECF 539 and 541.

21.     On July 13, 2022, Brown Rudnick, retained chapter 11 counsel for the Debtor, filed a motion to withdraw as Debtor's counsel ("Motion to Withdraw"). ECF 543.

22.     On July 14, 2022, four (4) attorneys from the law firm of Zeisler & Zeisler, P.C. ("Z&Z") filed appearances as counsel to the Debtor, namely Eric Henzy, Stephen Kindseth, Aaron Romney, and John Cesaroni. ECF 550, 551, 552, and 553. On July 20, 2022, James Moriarty of Z&Z has also appeared as counsel for the Debtor. ECF 574. To date, Z&Z has not filed any disclosure of compensation related to its representation of the Debtor as required by Section 329 and Rule 2016.

23.     On July 14, 2022, the Debtor, through Z&Z, also filed an objection to having the PH Retention Application heard on an expedited basis. ECF 554.

24.     Attorneys at Z&Z have been involved in this case since April 2022 when Stephen Kindseth and Aaron Romney filed appearances as counsel for (a) Hong Kong International Funds Investments (USA) Limited LLC ("HKI") (the purported owner of the Lady May) and (b) Mei Guo (the Debtor's daughter who is the purported owner of HKI). ECF 201, 202, 339, and 340. John Cesaroni of Z&Z has also appeared as counsel for Ms. Guo. ECF 341.

25.     Further, on April 11, 2022, Attorney Romney of Z&Z commenced an adversary proceeding on behalf of HKI against the Debtor and PAX seeking a declaratory judgment that the yacht Lady May is not property of the estate under Section 541. *See Hong Kong International Funds Investments (USA) Limited LLC v. Kwok and Pacific Alliance Asia*

*Opportunity Fund, L.P.*, Adv. Proc. No. 22-5003.

26.     On Friday, July 15, 2022, the Court scheduled a status conference for July 21, 2022 to discuss the "Chapter 11 trustee's proposed management and administration of the Debtor's case," as well Brown Rudnick's Motion to Withdraw and the PH Retention Application. ECF 558.

27.     In the evening of July 15, 2022, the Debtor, through Z&Z, filed the Motion to Vacate seeking relief under Rule 60b/Rule 9024 to vacate the appointment of Attorney Despins as chapter 11 trustee. ECF 561. The Motion to Vacate argues that the July 12 Supplemental Disclosure provides new evidence and alleges that PH has a significant relationship with the Peoples Republic of China ("China"), Chinese Communist Party ("CCP"), and "their state owned and controlled entities." Motion to Vacate at ¶ 2. Further, the Debtor argues that this is evidence that Trustee Despins is not disinterested and cannot be the chapter 11 trustee. Motion to Vacate at ¶ 37.

28.     The Motion to Vacate is primarily focused on issues related to China and the CCP. Motion to Vacate at ¶ 19-28. While the Debtor's relationship with China and the CCP has been raised in comments/arguments by Brown Rudnick at various hearings, in pleadings filed on behalf of the Debtor, and in a significant number of other litigation matters in which the Debtor is involved, it is notable that neither the Debtor's Schedules, nor his Statement of Financial Affairs, nor the creditor matrix list China or the CCP as creditors or parties in interest in this case. *See* ECF 77, 78, and creditor matrix.

29.     On July 21, 2022, the Court held a status conference. At this hearing, Trustee Despins made a presentation about the steps taken thus far since his appointment and a preview

of future events. Afterward, the Court raised preliminary concerns with Brown Rudnick's Motion to Withdraw, Z&Z appearing as counsel to the Debtor, and the Motion to Vacate. The Court's initial reaction to the Motion to Vacate was not favorable, and the Court noted that discovery by the Debtor to find support for his Motion to Vacate would not be appropriate.

30.    On July 22, 2022, Z&Z attorneys issued requests/subpoenas for information and documents about Trustee Despins, PH, PAX, and entities connected to PAX. Z&Z's discovery requests are as follows:

a.  Z&Z sent a letter to Trustee Despins seeking further information about the connections of PH and Trustee Despins to UBS and affiliates of UBS;

b.  Z&Z served a subpoena for documents on PH seeking information and documents (i) about the trustee selection process and specifically following up on the Mitchell Letter Objection; (ii) about the identity of PH's clients in China that are "State Owned Entities" or are "CCP Officials," and compensation from same; (iii) about the connections of PH to UBS and affiliates of UBS; (iv) about the PAG entities represented by PH and the compensation received by PH from same; (v) about PH's licenses, certificates or other authorizations permitting PH to operate its offices in Beijing, Hong Kong, and Shanghai; (vi) about PH's revenue from all of its offices in China and Hong Kong; and (vii) about communications between Trustee Despins and/or PH and anyone else about "(a) the Debtor's adverse interests to the Chinese Government or the Chinese Communist Party, or (b) whether those adverse interests impact, one way or another, the issue of whether Despins or Paul Hastings is Disinterested;" and

8

    c.   Z&Z issued interrogatories to PAX seeking identification of all matters where PH provided services to "any PAG Entity" since 2017, and the amount of fees paid to PH for those matters.

31.    Z&Z's discovery requests are broad and invasive. The clear purpose is to delay and/or prevent Trustee Despins from performing his duties and to find support for the theories advanced in the Motion to Vacate.

## ARGUMENT

### I.   Section 1104(d), Rule 2007.1, and "disinterested person" as defined in Section 101(14)

Section 1104(d) provides that the United States Trustee, "after consultation with parties in interest, shall appoint, subject to the court's approval, one disinterested person other than the United States trustee to serve as trustee." 11 U.S.C. § 1104(d). The implementation of Section 1104(d) is found in Rule 2007.1(c) which requires an application by the United States Trustee for approval of the appointment of a chapter 11 trustee, with such application including a verified statement of the chapter 11 trustee which discloses all "connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or persons employed in the office of the United States trustee." Fed. R. Bankr. P. 2007.1(c).[5]

Section 321(a)(1) requires that a trustee be competent to perform the duties of a trustee and governs as the standard for approving the appointed chapter 11 trustee. Section 321(a)(1) states in pertinent part: "A person may serve as trustee in a case under this title only if such

---

[5] Rule 2014(a), considered by at least one court to be applicable to chapter 11 trustees as well as other estate representatives, requires affirmative disclosure of, "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." Fed. R. Bankr. P. 2014(a); *In re Bennett Funding Group, Inc.*, 226 B.R. 331, 334 (Bankr. N.D.N.Y. 1998) (discussing ongoing obligation to disclose and to remain disinterested).

person is (1) an individual that is competent to perform the duties of trustee." In sum, the chapter 11 trustee approval process depends on the appointment of a competent disinterested person who makes a full and complete disclosure of all connections as required by Rule 2007.1(c).

The Bankruptcy Code defines a "disinterested person" as one who is "not a creditor, equity security holder, or an insider", and who "does not have an interest materially adverse to the interest of the estate or any class of creditors … by reason of any indirect or direct relationship to, connection with, or interest in, the debtor …" 11 U.S.C. § 101(14)(A) and (E). "In construing the disinterestedness standard, bankruptcy courts have held trustees and their retained professionals to a rigorous standard" and require that trustees not only be actually disinterested, but also avoid the appearance of impropriety." *In re MF Global, Inc.*, 464 B.R. 594, 600-601 (Bankr. S.D.N.Y. 2011) (discussing Section 327 and Rule 2014) citing cases).

Here, the United States Trustee has appointed a qualified and disinterested person to serve as the chapter 11 trustee.

## II.   <u>Rule 60(b) Is Unavailing</u>

The Motion to Vacate alleges there is new evidence in the formal July 12 Supplemental Disclosure that warrants relief from the order approving the appointment of Trustee Despins under Rule 60(b)(2). Motion to Vacate at page 1, ¶ 39. That argument is factually inaccurate. During the July 8 Hearing, Trustee Despins disclosed on the record the information in the July 12 Supplemental Disclosure.

The Motion to Vacate also argues that Trustee Despins has failed to disclose PH's presence and exact clients in China. The Motion to Vacate argues that because of these clients, PH is connected to China and the CCP thereby making Trustee Despins adverse and not

10

disinterested. Motion to Vacate at ¶ 37. The leap to that conclusion is not supported by law or facts.

The Motion to Vacate is also internally inconsistent. It claims both that there is new evidence that demonstrates that Trustee Despins not disinterested, such that Rule 60(b) applies, and also that discovery needs to be done to vet Trustee Despins to show that he is not disinterested. Motion to Vacate at ¶ 1 and 2. The challenge to Trustee Despins must be seen for what it is – a challenge to the very concept of a chapter 11 trustee and an effort to maintain control of this chapter 11 case. Both of the Debtor's arguments fail to meet the standards to grant relief under Rule 60(b)(2) or Rule 60(b)(6).

With respect to Rule 60(b)(2), the Second Circuit Court of Appeals uses the following factors in deciding whether to grant relief:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding,
> (2) the movant must have been justifiably ignorant of them despite due diligence,
> (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and
> (4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 392 (2d Cir. 2001). No new evidence exists as the July 12 Supplemental Disclosure provided no new facts that contradicted the Supplemental Disclosure at the July 8 Hearing.

With respect to Rule 60(b)(6), the catchall, the Second Circuit Court of Appeals has stated:

> Rule 60(b)(6) authorizes a district court to grant relief to a moving party for "any other reason that justifies relief." It is a "grand reservoir of equitable power to do justice in a particular case." *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (internal quotation marks omitted). But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party

11

seeking to avail itself of the Rule to demonstrate that "extraordinary circumstances" warrant relief. *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Nemaizer v. Baker,* 793 F.2d 58, 63 (2d Cir.1986).

*Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). The Debtor must demonstrate that the Order Approving Trustee works an "extreme and undue hardship." *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir. 1986) (*internal quotations omitted*). Further, there must be "highly convincing evidence" and a "showing that undue hardship will not result to other parties by granting the relief." *In re Chip's Southington, LLC*, 2021 WL 3028028, at *4 (Bankr. D. Conn. July 16, 2021, Tancredi, J.) (*citing Boehner v. Heise*, 2009 WL 136975, at *5 (E.D.N.Y. May 14, 2009) (*internal quotations omitted*)). Here, the Debtor's challenge to Trustee Despins is essentially premised on his position that the reach and influence of the Chinese government extends to any law firm that represents people or entities in China, such as PH, and that Trustee Despins will therefore not act appropriately. Such an argument should be interpreted for what it is – the Debtor does not wish to have Trustee Despins serve as trustee because his firm PH has done business in China and has represented companies in China – and the Court should reject it.

The Motion to Vacate is another attempt by the Debtor to control this case and dictate to the Court, the United States Trustee, and to his creditors how the case should go. Such an effort should not be countenanced and there is no basis to disturb Trustee Despins' appointment.

The Debtor's underlying goal in the Motion to Vacate is to delay and artificially impair the ability of Trustee Despins to fulfill his trustee obligations. Facing certain imminent steps by Trustee Despins to assert control over assets, and commence investigations needed to pursue and recover assets from the Debtor's family, friends and entities, the Debtor is resorting to procedural machinations that have no factual or legal support. And so, rather than cooperate with Trustee

12

Despins to fulfill the same obligations to creditors the Debtor had a month ago when he was a debtor in possession, the Debtor has chosen to dispute Trustee Despins with broad sweeping accusations. The Debtor's Motion to Vacate is simply a deceptive tactic to avoid cooperating with Trustee Despins, interfere with administration of this case, stall efforts to locate and liquidate assets for the benefit of creditors.

Trustee Despins has a continuing obligation to disclose any connections to the Debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or persons employed in the office of the United States Trustee. The bankruptcy system depends on this obligation and should information come to light that needs to be disclosed, Trustee Despins has committed to share it.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States Trustee respectfully requests that the Court deny the Motion to Vacate.

Dated: July 27, 2022                  Respectfully submitted,
     New Haven, Connecticut           WILLIAM K. HARRINGTON
                                    UNITED STATES TRUSTEE FOR REGION 2

                                By:    /s/ Holley L. Claiborn
                                       Holley L. Claiborn
                                       Trial Attorney
                                       Office of the United States Trustee
                                       Giaimo Federal Building, Room 302
                                       150 Court Street
                                       New Haven, CT 06510
                                       Holley.L.Claiborn@usdoj.gov
                                       Federal Bar No.: ct17216 (Connecticut)
                                       (203) 773-2210

13

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on all appearing parties via the Court's electronic case filing system noted below:

Laura Aronsson on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
laronsson@omm.com

Kenneth Aulet on behalf of Debtor Ho Wan Kwok
kaulet@brownrudnick.com

William Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

William R. Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

Douglass E. Barron on behalf of Trustee Luc A. Despins
douglassbarron@pauhastings.com

Nicholas A. Bassett on behalf of Trustee Luc A. Despins
nicholasbassett@paulhastings.com

Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Defendant Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Rui Ma
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Weican Meng
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of Creditor Zheng Wu
ccallari@callaripartners.com

John L. Cesaroni on behalf of Debtor Ho Wan Kwok
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Interested Party Mei Guo

14

jcesaroni@zeislaw.com

Holley L. Claiborn on behalf of U.S. Trustee U. S. Trustee
holley.l.claiborn@usdoj.gov

Luc A. Despins
lucdespins@paulhastings.com

Luc A. Despins on behalf of Trustee Luc A. Despins
lucdespins@paulhastings.com

David S. Forsh on behalf of 20 Largest Creditor Rui Ma
dforsh@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Weican Meng
dforsh@callaripartners.com

David S. Forsh on behalf of Creditor Zheng Wu
dforsh@callaripartners.com

Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Peter Friedman on behalf of Defendant Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Peter Friedman on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Irve J. Goldman on behalf of Creditor Committee Official Committee of Unsecured Creditors
igoldman@pullcom.com, rmccoy@pullcom.com

Mia N. Gonzalez on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
mgonzalez@omm.com

James C. Graham on behalf of Trustee Luc A Despins
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

James C. Graham on behalf of Trustee Luc A. Despins
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund
L.P.   dharbach@omm.com

Eric A. Henzy on behalf of Debtor Ho Wan Kwok
ehenzy@zeislaw.com, cjervey@zeislaw.com

Eric A. Henzy on behalf of Defendant Ho Wan Kwok
ehenzy@zeislaw.com, cjervey@zeislaw.com

Eric A. Henzy on behalf of Defendant Ho Wan Kwok
ehenzy@zeislaw.com, cjervey@zeislaw.com

Eric A. Henzy on behalf of Interested Party HK International Funds Investments (USA) Limited,
LLC
ehenzy@zeislaw.com, cjervey@zeislaw.com

Jeffrey L Jonas on behalf of Debtor Ho Wan Kwok
jjonas@brownrudnick.com

Jonathan Kaplan on behalf of Creditor Committee Official Committee of Unsecured Creditors
jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com

Stephen M. Kindseth on behalf of Debtor Ho Wan Kwok
skindseth@zeislaw.com, cjervey@zeislaw.com

Stephen M. Kindseth on behalf of Interested Party HK International Funds Investments (USA)
Limited, LLC
skindseth@zeislaw.com, cjervey@zeislaw.com

Stephen M. Kindseth on behalf of Interested Party Mei Guo
skindseth@zeislaw.com, cjervey@zeislaw.com

Dylan Kletter on behalf of Debtor Ho Wan Kwok
dkletter@brownrudnick.com,
adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com;rsta
rk@brownrudnick.com

Patrick R. Linsey on behalf of Trustee Luc A Despins
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

Patrick R. Linsey on behalf of Trustee Luc A. Despins
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

16

Avram Emmanuel Luft on behalf of Trustee Luc A. Despins
aviluft@pauhastings.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Rui Ma
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Weican Meng
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor Zheng Wu
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Boxun Inc.
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Rui Ma
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Weican (Watson) Meng
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Yang Lan
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Zheng Wu
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Timothy D. Miltenberger on behalf of Interested Party Golden Spring (New York) LTD
Tmiltenberger@cbshealaw.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Aaron A Mitchell on behalf of Debtor Ho Wan Kwok
aaron@lmesq.com

James M. Moriarty on behalf of Debtor Ho Wan Kwok
jmoriarty@zeislaw.com, kjoseph@zeislaw.com

James M. Moriarty on behalf of Defendant Ho Wan Kwok
jmoriarty@zeislaw.com, kjoseph@zeislaw.com

James M. Moriarty on behalf of Defendant Ho Wan Kwok
jmoriarty@zeislaw.com, kjoseph@zeislaw.com

Sara Pahlavan on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
spahlavan@omm.com

17

Lucas Bennett Rocklin on behalf of Trustee Luc A. Despins
lrocklin@npmlaw.com, NeubertPepeMonteithPC@jubileebk.net

Aaron Romney on behalf of Debtor Ho Wan Kwok
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Defendant Ho Wan Kwok
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Defendant Ho Wan Kwok
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Interested Party HK International Funds Investments (USA)
Limited, LLC
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Interested Party Mei Guo
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Plaintiff HK International Funds Investments (USA) Limited, LLC
aromney@zeislaw.com, swenthen@zeislaw.com

Scott D. Rosen on behalf of Interested Party Golden Spring (New York) LTD
srosen@cb-shea.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Thomas J. Sansone on behalf of Attorney Michael S. Weinstein
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Creditor Chong Shen Raphanella
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Creditor Rong Zhang
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Creditor Xiaodan Wang
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Plaintiff Chong Shen Raphanella
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Plaintiff Rong Zhang
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Plaintiff Xiaodan Wang

tsansone@carmodylaw.com

Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

Stuart M. Sarnoff on behalf of Defendant Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

Stuart M. Sarnoff on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

Bennett Silverberg on behalf of Debtor Ho Wan Kwok
bsilverberg@brownrudnick.com

Douglas S. Skalka on behalf of Trustee Luc A. Despins
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Annecca H. Smith on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Michael S. Weinstein on behalf of Creditor Chong Shen Raphanella
mweinstein@golenbock.com

Michael S. Weinstein on behalf of Creditor Rong Zhang
mweinstein@golenbock.com

Michael S. Weinstein on behalf of Creditor Xiaodan Wang
mweinstein@golenbock.com

Jay Marshall Wolman on behalf of Creditor Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Jay Marshall Wolman on behalf of Plaintiff Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Peter J. Zarella on behalf of 20 Largest Creditor Rui Ma
pzarella@mdmc-law.com

Peter J. Zarella on behalf of 20 Largest Creditor Weican Meng
pzarella@mdmc-law.com

Peter J. Zarella on behalf of Creditor Zheng Wu
pzarella@mdmc-law.com

By:    /s/ Holley L. Claiborn
       Holley L. Claiborn