**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | **Chapter 11** |
| **HO WAN KWOK** | **Case No. 22-50073 (JAM)** |
| **a/k/a WENGUI GUO** | |
| **a/k/a MILES GUO,** | |
| **Debtor.** | **Re: ECF 596** |

**UNITED STATES TRUSTEE'S MEMORANDUM OF LAW REGARDING**
**THE APPLICABILITY OF 11 U.S.C. § 327 TO DEBTOR'S**
**EMPLOYMENT OF ATTORNEYS AT ZEISLER & ZEISLER, P.C.**
**AND THE OBLIGATIONS OF ZEISLER & ZEISLER, P.C. TO COMPLY WITH**
**11 U.S.C. § 329, FED. R. BANKR. P. 2016 AND OTHER RULES**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),

submits this memorandum of law in response to the Court's order of July 22, 2022 (ECF 596)

("July 22 Order") entered in connection with a hearing held on July 21, 2022.

## PRELIMINARY STATEMENT

The United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy

Court") has requested the United States Trustee's position as to whether the law firm of Zeisler

& Zeisler, P.C. ("Z&Z") "must comply with the provisions of 11 U.S.C. § 327(a)" given the

recent appearance of several attorneys at Z&Z as counsel to the chapter 11 debtor Ho Wan Kwok

a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok ("Debtor" and/or "Kwok")[1] and "whether

a conflict of interest exists in connection with Z&Z's representation of HK International Funds

Investments (USA) Limited, LLC, Mei Guo, and the Debtor in the Debtor's Chapter 11 case and

adversary proceedings." ECF 596.

---

[1] The Debtor is also known by multiple other aliases.

1

Without the benefit of a retention application – whether or not one is required – it is difficult to render an opinion as to whether Z&Z is required to file a retention application pursuant to 11 U.S.C. § 327(a); at present, the United States Trustee can only speculate about the scope of its services and the source of payment for its services. Based solely on the pleadings it has filed to date, Z&Z, on behalf of the Debtor, appears to be attempting to represent the interest of the estate with respect to the administration of the case or arguably to frustrate the administration of the estate being carried out by the appointed chapter 11 trustee, Luc A. Despins ("Trustee Despins").

"For the purposes of section 327(a), 'professional person' is limited to persons in those occupations which play a central role in the administration of the debtor proceeding." *Matter of Seatrains Lines, Inc*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981).   Court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions who are intimately involved in the administration of the debtor's estate. *Id.*

Accordingly, because Z&Z purports to represent the interest of the estate on behalf of the Debtor, it would appear that its retention is required under 11 U.S.C. § 327(a).   Once Trustee Despins' appointment was approved, the Debtor-in-Possession ceded control of the Debtor's estate to Trustee Despins and the Debtor no longer has authority to represent the interest of the estate or to use estate funds to pay professionals to represent the estate with respect to the administration of the proceedings. Thus, the Debtor no longer has standing or authority to raise issues on behalf of the estate.

On the other hand, if Z&Z is simply representing the Debtor's personal interest, an argument can be raised that such retention is in the ordinary course of a debtor's personal business and does not require approval by the Bankruptcy Court. The retention of counsel to

represent the Debtor's personal interest, which cannot involve the use of estate resources to compensate counsel, typically would involve the retention of counsel to represent the debtor with respect to a criminal matter or his discharge or other interest personal to the debtor and not the estate. However, as discussed herein, the Debtor, through Z&Z, is currently advancing a challenge to the validity of the appointment of Trustee Despins and attempting to relitigate the issue of control over the Debtor's estate, an issue central to the administration of the estate. The Debtor, through Z&Z, has filed a motion seeking relief under Rule 60b/9024 from the order approving the appointment of Trustee Despins ("Motion to Vacate"). ECF 561. By taking this position, the Debtor and his counsel Z&Z are purporting to act as if the Debtor is still in possession, trying to prevent Trustee Despins from serving and fulfilling his obligations to the estate, and seeking to delay the investigation into the Debtor's affairs. The Debtor does not have standing or authority to represent the estate's interest in advocating these positions because the Debtor is no longer in possession of the estate. However, if Z&Z is granted authority to advance these issues, they are central to the administration of the Debtor's estate and thus, Z&Z subjects itself to the obligations of 11 U.S.C. § 327(a). While 11 U.S.C. § 327(a) is not applicable to Z&Z to the extent that Z&Z represents the Debtor in his individual capacity as a debtor out of possession, Z&Z is not being engaged to protect the Debtor's personal interest but to advance the interest of the estate generally.

If Z&Z is subject to the requirements of 11 U.S.C. § 327(a), Z&Z cannot meet the requirements of 11 U.S.C. § 327(a) because of its concurrent representation of statutory insiders Hong Kong International Funds Investments (USA) Limited LLC ("HKI") (the purported owner of the Lady May) and (b) Mei Guo (the Debtor's daughter who is the purported owner of HKI). Both HKI and Ms. Guo are plainly and uncontrovertibly adverse to the chapter 11 estate as they

are targets of claims that they are holding and/or controlling potential property of the chapter 11 estate. Z&Z's simultaneous representation of the Debtor, HKI and Ms. Guo implicates Rule 1.7 of the Rules of Professional Conduct in that the clients are adverse to each other despite appearing to be in harmony now.

## **FACTS**

1.      The Debtor filed a voluntary chapter 11 petition ("Petition") on February 15, 2022. ECF 1.

2.      The Debtor retained the firm of Brown Rudnick LLP ("Brown Rudnick") to be his chapter 11 counsel. ECF 293.

3.      On June 15, 2022, the Court granted the United States Trustee's motion for an order directing the appointment of an examiner or, in the alternative, a chapter 11 trustee ("UST Examiner/Trustee Motion" at ECF 102) and entered an order directing the United States Trustee to appoint one (1) disinterested trustee in the Debtor's bankruptcy case ("Trustee Order"). ECF 465.

4.      The United States Trustee appointed Luc A. Despins of Paul Hastings LLP ("PH") to serve as the chapter 11 trustee.

5.      On July 7, 2022, the United States Trustee filed his Notice of Appointment of Luc A. Despins as the chapter 11 trustee (ECF 514) and an Application for Approval of the Appointment of Luc A. Despins pursuant to 11 U.S.C. §1104(d) (ECF 515) ("Application"). The Declaration of Disinterestedness of Luc A. Despins was filed as part of the Application ("Original Declaration"). The Court scheduled the Application for a hearing on July 8, 2022 (the "July 8 Hearing"). ECF 517.

6.      At the July 8 Hearing, Attorney Despins announced on the record that he would be filing a supplemental disclosure and explained the nature of the additional disclosures. Brown Rudnick on behalf of the Debtor, the Official Committee of Unsecured Creditors ("Committee"), creditor Pacific Alliance Asia Opportunity Fund, L.P. ("PAX"), and certain other creditors were all present at the hearing and no party objected to the appointment of Attorney Despins on the grounds that Attorney Despins was not competent to serve or was not disinterested. Some concerns about PH were noted, but no challenge was raised to Attorney Despins serving as chapter 11 trustee. Thereafter, the Court granted the Application and approved the appointment of Attorney Despins as chapter 11 trustee ("Order Approving Trustee"). ECF 523.

7.      On July 11, 2022, Attorney Aaron Mitchell filed an appearance as counsel to the Debtor and filed a letter objection to the appointment of Attorney Despins ("Mitchell Letter Objection") which included, among other items, demands for information about the United States Trustee's chapter 11 trustee selection process. ECF 530 and 531.

8.      On July 12, 2022, Trustee Despins filed a supplemental disclosure explaining he had no personal prior representation of any entity affiliated with PAX and that PH had previously represented certain entities that share the same parent entity as PAX ("July 12 Supplemental Disclosure"). ECF 538. The July 12 Supplemental Disclosure is consistent with the disclosure at the July 8 Hearing.

9.      Also on July 12, 2022, Trustee Despins filed an application to employ PH as his chapter 11 trustee counsel ("PH Retention Application") and a motion seeking an expedited hearing on the PH Retention Application. ECF 539 and 541.

10.     Pursuant to 11 U.S.C. § 323 and 11 U.S.C. § 1101(1), the Debtor became a debtor "out of possession" by virtue of the Order Approving Trustee entered on June 8, 2022, approving the appointment of Trustee Despins. ECF 523.

11.     On July 15, 2022, the Debtor, through Z&Z, filed the Motion to Vacate under Rule 60b/Rule 9024 seeking to vacate the appointment of Attorney Despins as chapter 11 trustee. ECF 561. The Motion to Vacate argues that the July 12 Supplemental Disclosure provides new evidence and alleges that PH has a significant relationship with the Peoples Republic of China ("China"), the Chinese Communist Party ("CCP"), and "their state owned and controlled entities." Motion to Vacate at ¶ 2. Further, the Debtor argues that this is evidence that Trustee Despins is not disinterested and cannot be the chapter 11 trustee. Motion to Vacate at ¶ 37.

12.     On July 14, 2022, four (4) attorneys from the law firm of Zeisler & Zeisler, P.C. ("Z&Z") filed appearances as counsel to the Debtor, namely Eric Henzy, Stephen Kindseth, Aaron Romney, and John Cesaroni. ECF 550, 551, 552, and 553. On July 20, 2022, James Moriarty of Z&Z has also appeared as counsel for the Debtor. ECF 574.

13.     Attorneys at Z&Z have been involved in this case since April 2022 when Stephen Kindseth and Aaron Romney filed appearances as counsel for HKI (the purported owner of the yacht Lady May) and for Mei Guo (the Debtor's daughter who is the purported owner of HKI). ECF 201, 202, 339, and 340. John Cesaroni of Z&Z has also appeared as counsel for Ms. Guo. ECF 341.

14.     Also, on April 11, 2022, Attorney Romney of Z&Z commenced an adversary proceeding on behalf of HKI against the Debtor and PAX seeking a declaratory judgment that the yacht Lady May is not property of the estate under Section 541. *See Hong Kong International Funds Investments (USA) Limited LLC v. Kwok and Pacific Alliance Asia*

*Opportunity Fund, L.P.*, Adv. Proc. No. 22-5003 ("HKI Adversary").

15.    To date, Z&Z has not filed any disclosure of compensation related to its representation of the Debtor as required by Section 329 and Rule 2016(b). At the hearing on July 21, 2022, Attorney Eric Henzy of Z&Z acknowledged the obligation to comply with Section 329 and Rule 2016(b) in response to comments of counsel for the United States Trustee and the Court. Attorney Henzy advised the Court that Z&Z would do so within the fourteen (14) days set forth in Rule 2016(b) as required (which date would be July 28, 2022).

16.    On July 22, 2022, Z&Z attorneys issued requests/subpoenas for information and documents about Trustee Despins, PH, PAX, and entities connected to PAX. Z&Z attorneys made these discovery requests despite being advised by the Court at the July 21, 2022, hearing that discovery related to the Motion to Vacate was not appropriate at this juncture. Z&Z's discovery requests are as follows:

> a.    Z&Z sent a letter to Trustee Despins seeking further information about the connections of PH and Trustee Despins to UBS and affiliates of UBS;
>
> b.    Z&Z served a subpoena for documents on PH seeking information and documents (i) about the trustee selection process and specifically following up on the Mitchell Letter Objection; (ii) about the identity of PH's clients in China that are "State Owned Entities" or are "CCP Officials," and compensation from same; (iii) about the connections of PH to UBS and affiliates of UBS; (iv) about the PAG entities represented by PH and the compensation received by PH from same; (v) about PH's licenses, certificates or other authorizations permitting PH to operate its offices in Beijing, Hong Kong, and Shanghai; (vi) about PH's revenue from all of its offices in China and Hong Kong; and (vii) about

communications between Trustee Despins and/or PH and anyone else about "(a) the Debtor's adverse interests to the Chinese Government or the Chinese Communist Party, or (b) whether those adverse interests impact, one way or another, the issue of whether Despins or Paul Hastings is Disinterested;" and

c.  Z&Z issued interrogatories to PAX seeking identification of all matters where PH provided services to "any PAG Entity" since 2017, and the amount of fees paid to PH for those matters.

17.     Z&Z's discovery requests are broad and invasive. The clear purpose is to delay and/or prevent Trustee Despins from performing his duties and to find support for the theories advanced in the Motion to Vacate.

## **LEGAL STANDARDS**

### **A.  General discussion of 11 U.S.C. § 327(a).**

Counsel for a trustee or a debtor in possession plays an intimate and central role in the administration of the chapter 11 proceeding. *Matter of Seatrain Lines, Inc.*, 13 B.R. at 981. Because of this, and because of the accompanying fiduciary duty owed to the debtor and the estate, counsel for a debtor in possession must satisfy 11 U.S.C. § 327(a). Section 327(a) requires a professional to meet the following in order to be retained by a debtor in possession or a trustee to represent a bankruptcy estate:

> Except as otherwise provided in this section, the *trustee*, with the court's approval, may employ one or more attorneys …. that do not hold or represent an interest adverse to the *estate*, and that are disinterested persons, to represent or assist the *trustee* in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (*emphasis added*). Fed. R. Bankr. P. 9001 provides the definition of certain terms used throughout the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and subsection (11) of Rule 9001 states that the term "trustee" "includes a debtor in possession in a

chapter 11 case." Fed. R. Bankr. P. 9001(11). "While § 327 makes reference only to the trustee's

employment of a professional, this section is made applicable to debtors-in-possession by virtue

of § 1107 of the Code. Section 1107(a) provides in relevant part that "a debtor-in-possession

shall have all the rights, other than the right of compensation under section 330 of this title, and

powers, and shall perform all the functions and duties ... of a trustee serving in a case under this

chapter. 11 U.S.C. § 1107(a)." *In re Land*, 116 B.R. 798, fn. 3 (D. Colo. 1990), *aff'd and

remanded*, 943 F.2d 1265 (10th Cir. 1991).

Pursuant to Section 327(a), there are two basic requirements for retention of counsel to

represent a debtor's estate: (1) the attorney must not "hold or represent an interest adverse to the

estate," and (2) the attorney must be a "disinterested person." 11 U.S.C. § 327(a); *Vouzianas v.

Ready & Pontisakos (In re Vouzianas)*, 259 F.3d 103, 107 (2d Cir. 2001). The Second Circuit

defines "adverse interest" as follows:

> (1) to possess or assert any economic interest that would tend to lessen the
> value of the bankruptcy estate or that would create either an actual
> or potential dispute in which the estate is a rival claimant; or (2) to possess a
> predisposition under circumstances that render such a bias against the estate.

*In re Arochem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999). The "determination of an adverse

interest is objective and concerned with the appearance of impropriety." *In re Angelika Films

57th Inc.*, 227 B.R. 29, 38 (Bankr. S.D.N.Y. 1998). "The disqualifying adverse interest

addressed in § 327. . . is either an actual or a reasonably probable conflict of interest."   *In re

AroChem*, 181 B.R. 693, 700 (Bankr. D. Conn. 1995) (Shiff, J.), *aff'd, In re AroChem Corp.*, 176

F.3d 610 (2nd Cir. 1999). "Whether an adverse interest exists is best determined on a case-by-

case basis." *In re Arochem Corp.*, 176 F.3d at 623 (*citations omitted*). The standards in section

327(a) are "phrased in the present tense, permitting representation by professionals 'that do not

*hold* or *represent* an interest adverse to the estate.'" *Id.* (emphasis in original).[2]

The Bankruptcy Code defines a "disinterested person" as one who is "not a creditor, equity security holder, or an insider", and who "does not have an interest materially adverse to the interest of the estate or any class of creditors … by reason of any indirect or direct relationship to, connection with, or interest in, the debtor …" 11 U.S.C. § 101(14)(A) and (E). "The 'materially adverse' standard incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap. To this extent, the two prongs of section 327(a) are duplicative and form a single test to judge conflicts of interest." *In re Granite Partners, L.P.,* 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998); *see also JMK Construction Group, Ltd.,* 441 B.R. 222, 229 (Bankr. S.D.NY. 2010). "The mandatory provisions of section 327(a) do not allow for waiver." *In re Granite Partners, L.P.*, 219 B.R. 22, 34 (Bankr. S.D.N.Y. 1998) (*citations omitted*).

### B.    11 U.S.C. § 327 applies to debtors in possession and to trustees who are the legal representatives of the bankruptcy estate.

Under 11 U.S.C. § 323(a), a chapter 11 trustee is the sole legal representative of the chapter 11 estate and displaces the chapter 11 debtor. *In re Taub*, 439 B.R. 261, 272 (Bankr. E.D.N.Y. 2010). In such a setting, Section 327(a) authorizes only the trustee to employ counsel: "An out-of-possession Chapter 11 debtor is not authorized to employ a professional person, such

---

[2] "Counsel for a chapter 11 debtor owes a fiduciary duty of loyalty and care to his client which is the debtor-in-possession." *In re Angelika Films 57th Inc.,* 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998) (*citing In re Rancourt*, 207 B.R. 338, 360 (Bankr. D. NH 1997)) (debtor's counsel, who also represented debtor's principal, denied all compensation due to conflict).   Disqualification of counsel is appropriate when "'it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation'" *In re Granite Partners, L.P.,* 219 B.R. at 33 (quoting *In re Leslie Fay Cos.,* 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994)). "'By regulating the trustee's ability to hire professionals, section 327 serve[s] the important policy of ensuring that all professionals appointed [to represent the debtor] tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.'"   *In re Homesteads Community at Newtown, LLC*, 390 B.R. 32, 47 (Bankr. D.Conn. 2008) (*quoting In re AroChem Corp.*, 176 F.3d 610, 621 (2nd Cir. 1999)).

as an attorney, under § 327. That authority is reserved to the estate trustee. *See* 11 U.S.C. §§ 327; 1101(1); 1107(a)." *In re TAJ Graphics Enterprises, LLC*, 549 B.R. 825, 828 (Bankr. E.D. Mich. 2016). Support for this is found in the Supreme Court's opinion in *Lamie v. United States Trustee,* where the Supreme Court determined that after a debtor's status as debtor-in-possession is terminated, the debtor's attorney's status under § 327 as attorney for debtor-in-possession is also terminated. *Lamie v. United States Trustee*, 540 U.S. 526, 532 (2004) (given the conversion from Chapter 11 to Chapter 7 and the appointment of a Chapter 7 trustee, such event "terminated [the debtor's] status as debtor-in-possession and so terminated the [attorney's] service under § 327 as an attorney for the debtor-in-possession"); *see also Harrington v. Nickless* (*In re Int'l Gospel Party Boosting Jesus Grps., Inc.*), 487 B.R. 12, 15 (D. Mass. 2013) (applying *Lamie* to Chapter 11 case). Bankruptcy Courts have regularly followed *Lamie* in concluding that Section 327(a) is not applicable to a debtor out of possession. *See, e.g.*, *In re Bresnick*, 406 B.R. 582, 585 (Bankr. E.D.N.Y. 2009), *aff'd Morrison v. United States Trustee*, 2010 WL 2653394 (E.D.N.Y. June 24, 2010); *In re TAJ Graphics Enterprises, LLC*, 549 B.R. at 828; *In re Meill*, 2009 WL 2253256, *2 (Bankr. N.D. Iowa July 27, 2009).

Since a debtor out of possession is not required to comply with Section 327(a) to employ counsel, it follows that compensation for counsel for a debtor out of possession is also not governed by 11 U.S.C. § 330 and Fed. R. Bank. P. 2016 and thus may not be paid from the estate. *Lamie v. United States Trustee*, 540 U.S. 526 (2004) (requiring retention by the estate under Section 327 as a precondition to being compensated by the estate); *see, e.g., Morrison v. United States Trustee*, 2010 WL 2653394 (E.D.N.Y. June 24, 2010) (applying *Lamie*, debtor counsel not entitled to fees from the estate for representing the debtor out of possession after appointment of chapter 11 trustee); *In re NRG Resources, Inc.*, 64 B.R. 643 (W.D. La. 1986)

11

(debtor counsel not entitled to fees from the estate for representing the debtor out of possession).

**B.  Z&Z cannot meet Section 327(a) if it is applicable.**

The Debtor, through Z&Z, is actively opposing and challenging the appointment of Trustee Despins. If successful, the chapter 11 estate will be left without a trustee for a period of time, which delays both the appropriate investigation into the Debtor's affairs and the inevitable actions to try to recover potential estate assets now in the control of the Debtor's family.[3]

Z&Z's Motion to Vacate seeks relief under Rule 60b/9024 from the order approving the appointment of Trustee Despins on the grounds that Trustee Despins is not disinterested and cannot serve as the chapter 11 trustee. This effort is couched as appropriate and necessary to protect the estate and its creditors from a chapter 11 trustee that the Debtor contends is influenced and/or controlled by anti-Debtor entities and/or persons. Accordingly, Z&Z, on behalf of the Debtor, is conceptually advocating a position on behalf of the chapter 11 estate for the purported benefit of the chapter 11 estate. By acting as if it represents the chapter 11 estate, Z&Z may subject itself to the obligations of Section 327(a). While Section 327(a) does not apply to Z&Z to the extent that Z&Z represents the Debtor in his individual capacity as a debtor out of possession, the conduct of the Debtor and Z&Z could be interpreted to implicate Section 327(a).

If Z&Z is required to meet the standards of Section 327(a) because of its efforts to oppose the appointment of Trustee Despins, Z&Z will fail. Z&Z cannot meet the disinterested and lack of adverse representation requirements of Section 327(a). Z&Z cannot satisfy Section 327(a)

---

[3] The February 2022 Contempt Decision in the PAX Lawsuit begins with the statement that almost all of the 1,180 docket entries in the PAX Lawsuit involve the Debtor's "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members." *See* Exhibit C to the UST Examiner/Trustee Motion (ECF 102) at page 1. The NY Court went on to state that the Debtor had engaged in a "scheme" to "assert that he has no assets despite his lavish lifestyle. *Id.* Capitalized terms used but not defined herein shall have the meaning set forth in the UST Examiner/Trustee Motion. ECF 102.

because of its current representation of insiders HKI (the purported owner of the Lady May) and

Mei Guo (the Debtor's daughter who is the purported owner of HKI). *See* 11 U.S.C. §

101(31)(A); *see* February 9, 2022 decision in PAX Lawsuit. As alleged by PAX, the Committee,

and other creditors, in their briefs and evidence submitted to the Court in connection with the

motions that culminated in the Trustee Order, both HKI and Ms. Guo are plainly and

uncontrovertibly adverse to the chapter 11 estate as they are expected to be targets of claims by

Trustee Despins that they are holding and/or controlling potential property of the chapter 11

estate, including but not limited to the yacht known as the Lady May. ECF 408, 412, 418, and

421.

### C.    Z&Z's Obligations under Section 329 and Rule 2016(b).

Pursuant to 11 U.S.C. § 329 and Rules 2106(b) and 2017 of the Federal Rules of

Bankruptcy Procedure, the Court may review and determine the reasonable value of the services

rendered by an attorney representing a debtor under Title 11. Section 329 of the Bankruptcy

Code provides the following:

> (a) Any attorney representing a debtor in a case under this title, or in
> connection with such a case, whether or not such attorney applies for
> compensation under this title, shall file with the court a statement of the
> compensation paid or agreed to be paid, if such payment or agreement
> was made after one year before the date of the filing of the petition, for
> services rendered or to be rendered in contemplation of or in connection
> with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such
> services, the court may cancel any such agreement, or order the return of
> any such payment, to the extent excessive, to—
>
> (1) the estate, if the property transferred—
>
>   (A) would have been property of the estate; or
>
>   (B) was to be paid by or on behalf of the debtor under a plan under

13

chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. §329. Rule 2016(b) requires that "[e]very attorney for a debtor, whether or not the attorney applies for compensation, shall file … the statement required by § 329." Fed. R. Bankr. 2016(b). Thus, pursuant to Section 329 and Rule 2016(b), attorneys who represent debtors must disclose their compensation and the Court has authority to determine the reasonableness of compensation paid to a debtor's attorney for representing the debtor in connection with a bankruptcy case. In addition, Rule 2017 authorizes the court to analyze and determine whether any payment made to a debtor's attorney is excessive, whether such agreement is made before or after the order for relief, so long as the services are "in any way related to the case." Fed. R. Bankr. P. 2017. The burden of proof on the reasonableness of the legal fees charged rests with the debtor's attorney. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Having filed appearances as counsel for the Debtor, Z&Z must disclose the compensation it receives in connection with representing the Debtor, as well as the source(s) of that compensation. As acknowledged at the July 21, 2022 by Attorney Eric Henzy, Z&Z will disclose its compensation received in connection with representing the Debtor. The first such disclosure is due by July 28, 2022 per Rule 2016(b).

D.      **Rule 1.7 of the Rules of Professional Conduct.**

Z&Z has filed appearances as counsel to multiple parties in this chapter 11 case: the Debtor, HKI, and Mei Guo, the Debtor's daughter. This means that Z&Z must meet its obligations under Rule 1.7 of the Rules of Professional Conduct which addresses conflicts of interest with current clients. Rule 1.7 provides as follows:

Rule 1.7. Conflict of Interest: Current Clients. (a) Except as provided in subsection (b), a lawyer shall not represent a client if the representation involves a

14

concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (b) Notwithstanding the existence of a concurrent conflict of interest under subsection (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or the same proceeding before any tribunal; and (4) each affected client gives informed consent, confirmed in writing.

Conn. Rules of Prof'l Conduct at Rule 1.7. In Connecticut, "[o]ur Supreme Court has explained that a conflict of interest is 'that which impedes [counsel's] paramount duty of loyalty to his client [such that] an attorney may be considered to be laboring under an impaired duty of loyalty, and thereby be subject to conflicting interests, because of interests or factors personal to him that are inconsistent, diverse or otherwise discordant with [the interests] of his client ...'" *State v. Thompson,* 118 Conn. App. 140, 148, 983 A.2d 20 (2009) (*internal quotation marks omitted*), *cert. denied*, 294 Conn. 932, 986 A.2d 1057 (2010) (citing *State v. Crespo,* 246 Conn. 665, 718 A.2d 925 (1998), *cert. denied*, 525 U.S. 1125, 119 S.Ct. 911 (1999)).

"It is beyond dispute that courts [have] the authority to regulate the conduct of attorneys and [have] a duty to enforce the standards of conduct regarding attorneys." *Miller v. Appellate Court,* 320 Conn. 759, 771, 136 A.3d 1198 (2016) (internal quotation marks omitted). Disqualification under Rule 1.7(a)(1) requires evidence that the interests between clients are "directly adverse to each other." *Papageorge v. Kryzanski*, 2021 WL 2593867, *3 (Judicial District of Fairfield at Bridgeport, June 4, 2021, Jacobs, J.) (*internal quotation and citation omitted*). To find disqualification under Rule 1.7(a)(2), there must be evidence that the attorney's representation of one client is materially limited by the lawyer's responsibilities to another client,

15

a former client, a third party, or the personal interest of the lawyer. *See Chief Disciplinary Counsel v. Zelotes,* 152 Conn. App. 380, 98 A.3d 852, *cert. denied*, *Chief Disciplinary Counsel v. Zelotes,* 314 Conn. 944, 102 A.3d 1116 (2014).

Consideration of the intersection of Section 327(a) and the obligations of attorneys under the rules of professional conduct is also important. As noted by one court: "[c]onflicts rules do not apply only when application of the rules will not inconvenience the party seeking to retain conflicted counsel." *In re Project Orange Associates, LLC*, 431 B.R. 363, 379 (Bankr. S.D.N.Y. 2010). Moreover, what may be ethically permissible under rules of professional conduct does not necessarily "pass muster under section 327" and the provisions of Section 327(a) "do not allow for waiver" of a conflict. *In re Granite Partners, L.P.*, 219 B.R. at 34 (internal quotations and citations omitted). Simply put, Section 327(a) controls. *Id.*

A conflict of interest between the Debtor, on one hand, and HKI and Ms. Guo, on the other, certainly existed as of the beginning of this chapter 11 case based on the HKI Adversary. It may be that with the appointment of a chapter 11 trustee, the Debtor, HKI and Ms. Guo are all united now in their goal of preventing the chapter 11 estate from recovering the yacht Lady May and possibly other assets. The United States Trustee is not privy to what Z&Z, the Debtor, HKI and Ms. Guo have discussed regarding Z&Z's obligations under Rule 1.7, and whether there is an understanding or a consensus among them. Further, the United States Trustee is not privy to the scope and breadth of any conflict waivers that the Debtor, HKI and Ms. Guo may have signed and consented to.

With respect to the Debtor's role in adversary proceedings that do not involve the estate taking an affirmative position, such as the numerous adversaries brought against the Debtor under Section 523 for non-dischargeability of debt, it is up to the Debtor to decide and to fund

16

with non-estate funds, his representation by Z&Z.[4] Section 523 actions do not involve a chapter 11 trustee because "a trustee does not have standing to file a complaint to determine dischargeability in the case in which the trustee serves." *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 478 (6th Cir. BAP 1998) *(citing Houghton v. Hovatter (In re Martin)*, 64 B.R. 638, 639 (Bankr. D.Del.1986)).[5]

## CONCLUSION

This chapter 11 case is far from ordinary. Faced with a $134 million contempt fine, the Debtor filed chapter 11 and claimed to have virtually no assets and no regular income, yet lives in lavish settings in both Connecticut and New York City allegedly funded by benevolent family members, the "family office" of Golden Spring New York Ltd., and/or entities controlled by family members or the Debtor himself. Unsatisfied with the course of the chapter 11 case, the Debtor argued for dismissal, lost and now wishes to use his family's bankruptcy lawyers to represent him in lieu of Brown Rudnick (to which the Debtor paid a $1 million retainer pre-petition). Despite his alleged minimal assets and lack of income, the Debtor is now vigorously picking a fight over Trustee Despins serving as the chapter 11 trustee and burdening not only Trustee Despins and PH, but also PAX, with invasive discovery. The obvious inference to be drawn is that the Debtor opposes the very concept of a chapter 11 trustee, despite proclaiming the opposite to the Court. Using Z&Z to wage this battle and to argue that the estate will be harmed by allowing Trustee Despins to continue as chapter 11 trustee, and all the while Z&Z continues to represent HKI and Ms. Guo, the Debtor's daughter, rings hollow. And,

---

[4] This begs the question of whether the Debtor is using, or will use, monies that are alleged to be property of the estate. This issue is ripe for investigation by Trustee Despins.

[5] A chapter 11 trustee, not the debtor, is the appropriate party to bring adversary proceedings, or otherwise assert and pursue claims on an estate's behalf. *Rooney v. Thorson (In re Dawnwood Properties/78)*, 209 F.3d 114, 116 (2d Cir. 2000). A debtor may, however, take steps to protect claimed exemptions. *In re Taub*, 439 B.R. at 272. The United States Trustee notes that the Debtor has not claimed any exemptions on Schedule C. ECF 79 at page 8 of 73.

unfortunately, such battles will heighten the creditors' concerns about the future path of this case and the Debtor's self-created disputes to come.


Dated: July 27, 2022              Respectfully submitted,
      New Haven, Connecticut      WILLIAM K. HARRINGTON
                              UNITED STATES TRUSTEE FOR REGION 2

                              By:    /s/ Holley L. Claiborn
                                      Holley L. Claiborn
                                      Trial Attorney
                                      Office of the United States Trustee
                                      Giaimo Federal Building, Room 302
                                      150 Court Street
                                      New Haven, CT 06510
                                      Holley.L.Claiborn@usdoj.gov
                                      Federal Bar No.: ct17216 (Connecticut)
                                      (203) 773-2210

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on all appearing parties via the Court's electronic case filing system noted below:

Laura Aronsson on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
laronsson@omm.com

Kenneth Aulet on behalf of Debtor Ho Wan Kwok
kaulet@brownrudnick.com

William Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

William R. Baldiga on behalf of Debtor Ho Wan Kwok
wbaldiga@brownrudnick.com

Douglass E. Barron on behalf of Trustee Luc A. Despins
douglassbarron@pauhastings.com

Nicholas A. Bassett on behalf of Trustee Luc A. Despins
nicholasbassett@paulhastings.com

Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Defendant Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
pbirney@rc.com, ctrivigno@rc.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Rui Ma
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of 20 Largest Creditor Weican Meng
ccallari@callaripartners.com

Carollynn H.G. Callari on behalf of Creditor Zheng Wu
ccallari@callaripartners.com

John L. Cesaroni on behalf of Debtor Ho Wan Kwok
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Interested Party Mei Guo
jcesaroni@zeislaw.com

Holley L. Claiborn on behalf of U.S. Trustee U. S. Trustee
holley.l.claiborn@usdoj.gov

Luc A. Despins
lucdespins@paulhastings.com

Luc A. Despins on behalf of Trustee Luc A. Despins
lucdespins@paulhastings.com

David S. Forsh on behalf of 20 Largest Creditor Rui Ma
dforsh@callaripartners.com

David S. Forsh on behalf of 20 Largest Creditor Weican Meng
dforsh@callaripartners.com

David S. Forsh on behalf of Creditor Zheng Wu
dforsh@callaripartners.com

Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Peter Friedman on behalf of Defendant Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Peter Friedman on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
pfriedman@omm.com

Irve J. Goldman on behalf of Creditor Committee Official Committee of Unsecured Creditors
igoldman@pullcom.com, rmccoy@pullcom.com

Mia N. Gonzalez on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
mgonzalez@omm.com

James C. Graham on behalf of Trustee Luc A Despins
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

James C. Graham on behalf of Trustee Luc A. Despins
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
dharbach@omm.com

Eric A. Henzy on behalf of Debtor Ho Wan Kwok
ehenzy@zeislaw.com, cjervey@zeislaw.com

20

Eric A. Henzy on behalf of Defendant Ho Wan Kwok
ehenzy@zeislaw.com, cjervey@zeislaw.com

Eric A. Henzy on behalf of Defendant Ho Wan Kwok
ehenzy@zeislaw.com, cjervey@zeislaw.com

Eric A. Henzy on behalf of Interested Party HK International Funds Investments (USA) Limited,
LLC
ehenzy@zeislaw.com, cjervey@zeislaw.com

Jeffrey L Jonas on behalf of Debtor Ho Wan Kwok
jjonas@brownrudnick.com

Jonathan Kaplan on behalf of Creditor Committee Official Committee of Unsecured Creditors
jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com

Stephen M. Kindseth on behalf of Debtor Ho Wan Kwok
skindseth@zeislaw.com, cjervey@zeislaw.com

Stephen M. Kindseth on behalf of Interested Party HK International Funds Investments (USA)
Limited, LLC
skindseth@zeislaw.com, cjervey@zeislaw.com

Stephen M. Kindseth on behalf of Interested Party Mei Guo
skindseth@zeislaw.com, cjervey@zeislaw.com

Dylan Kletter on behalf of Debtor Ho Wan Kwok
dkletter@brownrudnick.com,
adeering@brownrudnick.com;upinelo@brownrudnick.com;bsilverberg@brownrudnick.com;rsta
rk@brownrudnick.com

Patrick R. Linsey on behalf of Trustee Luc A Despins
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

Patrick R. Linsey on behalf of Trustee Luc A. Despins
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

Avram Emmanuel Luft on behalf of Trustee Luc A. Despins
aviluft@pauhastings.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Rui Ma
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of 20 Largest Creditor Weican Meng
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor Zheng Wu
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Boxun Inc.
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Rui Ma
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Weican (Watson) Meng
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Yang Lan
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Plaintiff Zheng Wu
kmayhew@mdmc-law.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Timothy D. Miltenberger on behalf of Interested Party Golden Spring (New York) LTD
Tmiltenberger@cbshealaw.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Aaron A Mitchell on behalf of Debtor Ho Wan Kwok
aaron@lmesq.com

James M. Moriarty on behalf of Debtor Ho Wan Kwok
jmoriarty@zeislaw.com, kjoseph@zeislaw.com

James M. Moriarty on behalf of Defendant Ho Wan Kwok
jmoriarty@zeislaw.com, kjoseph@zeislaw.com

James M. Moriarty on behalf of Defendant Ho Wan Kwok
jmoriarty@zeislaw.com, kjoseph@zeislaw.com

Sara Pahlavan on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
spahlavan@omm.com

Lucas Bennett Rocklin on behalf of Trustee Luc A. Despins
lrocklin@npmlaw.com, NeubertPepeMonteithPC@jubileebk.net

Aaron Romney on behalf of Debtor Ho Wan Kwok
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Defendant Ho Wan Kwok
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Defendant Ho Wan Kwok
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Interested Party HK International Funds Investments (USA)
Limited, LLC
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Interested Party Mei Guo
aromney@zeislaw.com, swenthen@zeislaw.com

Aaron Romney on behalf of Plaintiff HK International Funds Investments (USA) Limited, LLC
aromney@zeislaw.com, swenthen@zeislaw.com

Scott D. Rosen on behalf of Interested Party Golden Spring (New York) LTD
srosen@cb-shea.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Thomas J. Sansone on behalf of Attorney Michael S. Weinstein
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Creditor Chong Shen Raphanella
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Creditor Rong Zhang
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Creditor Xiaodan Wang
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Plaintiff Chong Shen Raphanella
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Plaintiff Rong Zhang
tsansone@carmodylaw.com

Thomas J. Sansone on behalf of Plaintiff Xiaodan Wang
tsansone@carmodylaw.com

Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

Stuart M. Sarnoff on behalf of Defendant Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

Stuart M. Sarnoff on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

Bennett Silverberg on behalf of Debtor Ho Wan Kwok
bsilverberg@brownrudnick.com

Douglas S. Skalka on behalf of Trustee Luc A. Despins
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Annecca H. Smith on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.
asmith@rc.com

Michael S. Weinstein on behalf of Creditor Chong Shen Raphanella
mweinstein@golenbock.com

Michael S. Weinstein on behalf of Creditor Rong Zhang
mweinstein@golenbock.com

Michael S. Weinstein on behalf of Creditor Xiaodan Wang
mweinstein@golenbock.com

Jay Marshall Wolman on behalf of Creditor Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Jay Marshall Wolman on behalf of Plaintiff Logan Cheng
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

Peter J. Zarella on behalf of 20 Largest Creditor Rui Ma
pzarella@mdmc-law.com

Peter J. Zarella on behalf of 20 Largest Creditor Weican Meng
pzarella@mdmc-law.com

Peter J. Zarella on behalf of Creditor Zheng Wu
pzarella@mdmc-law.com

By:    /s/ Holley L. Claiborn
       Holley L. Claiborn