UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK[1]<br><br>Debtor. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>Re: ECF Nos. 539, 561 |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S POSITION STATEMENT IN JOINT RESPONSE TO (I) DEBTOR'S MOTION FOR RELIEF FROM ORDER APPOINTING LUC A. DESPINS AS CHAPTER 11 TRUSTEE, AND (II) APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), by and through its undersigned counsel hereby responds to both (i) the Debtor's *Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee* [ECF No. 561] (the "Rule 60(b) Motion"); and (ii) the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* [ECF No. 539] (the "Paul Hastings Retention Application"):

**I.    INTRODUCTION**[2]

1. When the Court ordered the appointment of a chapter 11 trustee, it expressed optimism that a trustee would level the playing field for the Debtor's many creditors, maximize

---

[1] The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Unless otherwise stated all citations and quotations are omitted, and all emphasis is added.  All exhibits cited herein are attached to the July 27, 2022 *Declaration of Peter Friedman in Support of Pacific Alliance Asia Opportunity Fund L.P.'s Position Statement in Joint Response to (i) the Debtor's Motion for Relief from Order*

1

the assets of the estate, and lead to an expeditious and equitable distribution of the estate's assets. This Court made clear that its decision to appoint a trustee was based primarily on its assessment that doing so was in the best interests of creditors and the estate.[3] A strong and truly independent neutral could serve both to maximize assets and drive resolutions that might be acceptable to the stakeholders, such as a plan of reorganization. Any trustee and counsel appointment must be considered through the lens of these related goals. If issues surrounding current or proposed fiduciaries and professionals have the effect of distracting from or interfering with the overriding purpose of appointing a trustee, their engagements must be structured to redress those concerns. Failing that, the fiduciaries and professionals should not be approved and/or continue to serve in those roles.

2. The United States Trustee ("UST") initially nominated Joe D. Whitley of Womble Bond Dickson LLP's ("Womble") as chapter 11 trustee. But this nomination was short-lived: The UST withdrew Mr. Whitley's nomination the morning of the hearing on his appointment on July 5, 2022, due to an apparent conflict (presumably representation of an interested party on unrelated matters).

3. On July 8, 2022, the Court confirmed the appointment of Luc A. Despins of Paul Hastings LLP ("Paul Hastings"), noting that while no party had yet "put forth any reason . . . as to why [Mr. Despins' appointment] should not occur," if the parties were to "find some reason, then [the parties] have remedies under the bankruptcy code to address those reasons."[4] Mr. Despins subsequently moved to retain Paul Hastings as his counsel.[5] The proposed rates for Paul

---

*Appointing Luc A. Despins as Chapter 11 Trustee, and (ii) the Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* ("Friedman Decl.").
[3] *Memorandum of Decision and Order Denying Motion to Dismiss Without Prejudice and Granting Joinder to Motion For Appointment of Chapter 11 Trustee* at 13–16, ECF No. 465 ("Trustee Order").
[4] Friedman Decl., Ex. 1, July 8, 2022 Hr'g Tr. at 13:1–4.
[5] Paul Hastings Retention Application, ECF No. 539.

2

Hastings range from $1,310-$1,935 for partners, $1,335-$1,860 for Counsel, and $755-$1,230 for Associates.[6] As PAX explained at the Court's July 21, 2022 status conference, PAX had nothing to do with Mr. Despins' appointment; to the contrary, PAX actively endorsed other candidates for the position of trustee and, before Mr. Despins' selection, expressly communicated its strong preference for different trustee candidates to the UST.

4.      When Mr. Despins first disclosed his firm's representation of an affiliate of PAX, the largest creditor in this bankruptcy, at the July 8, 2022 trustee appointment hearing, it prompted a frenzy of false and inflammatory social media posts by the Debtor and, eventually, his Rule 60(b) Motion. Together, the social media posts (which, over the years, PAX has come to recognize as par for the course when the Debtor is gearing up for an extended litigation battle), the Debtor's arguments outlined in the Rule 60(b) Motion, and the statements made by Debtor's purported counsel from Zeisler & Zeisler, P.C., at the July 21, 2022 status conference, send a clear and unmistakable message: The Debtor intends to fight tooth and nail, for as long as the legal process will allow, to disqualify Mr. Despins and Paul Hastings. All of this presages a protracted, expensive, and dilatory legal battle that threatens to (i) detract from all creditors' ability to recover from the estate, (ii) impose unnecessary transactional costs on the estate, (iii) unduly burden PAX, and (iv) perhaps incent the trustee to disfavor PAX to avoid further controversy. This distraction poses the real risk of creating a cloud of uncertainty regarding the finality of actions taken by the trustee and counsel and interfering with efforts to reach a negotiated resolution of the case.

5.      The Trustee's and Paul Hastings' proposed fee structure is also a significant concern under the somewhat unique circumstances of this case. While counsel no doubt is

---

[6] *Id.* at ¶ 18.

sophisticated and experienced, their rates are particularly expensive given the unusual facts of this case, where the Debtor asserts he has only $3,850 to his name. The only presently available assets are the Lady May yacht and the Sherry Netherland apartment—both of which PAX has spent years pursuing and bringing within reach, at great expense, which it has solely borne. Significant additional litigation time will need to be expended to recover any other assets, with the Debtor (and his extended family and related entities) no doubt battling all the way. A high rate structure runs the real risk of largely consuming any new value created. Worse still, it may absorb much of the value from the Lady May and the Sherry Netherland apartment. And, of course, the proposed rates are all the more problematic if extensive time has to be spent addressing Paul Hastings' and Mr. Despins' alleged conflict issues.

6. Without endorsing the Debtor's conspiracy theories, PAX believes the Court should take into account and, to the extent necessary, redress and mitigate (i) the risks to the estate presented by the disputes over Mr. Despins' appointment and Paul Hasting's appointment, and (ii) Paul Hastings' proposed fee structure. First, the sideshow created by the disclosure of Paul Hastings' previous representations of PAX's affiliate has given the Debtor a platform from which to launch a slew of new accusations and motion practice. As the Debtor's own statements, the Rule 60(b) Motion, and the discovery recently served on PAX make clear, Mr. Despins' appointment will very likely become the focal point of this bankruptcy for the foreseeable future and, most importantly, will unnecessarily cost the creditors additional time and money. Second, as a matter of cost to the estate, the fees proposed by Mr. Despins and Paul Hastings are just too high—especially given the particular facts of this case and that Mr. Whitley and his firm were initially determined by the UST to be wholly qualified to perform the duties of chapter 11 trustee

and at a fraction of the price. Third, care must be taken to make sure that the trustee does not disfavor PAX going forward, and the Court is the best shield to protect from this risk.

7. PAX and the other creditors should not be subject to the practical and pecuniary consequences of litigation over Mr. Despins' appointment and Paul Hastings' retention. PAX is encouraged by the Court's comments at the July 21 status conference regarding strict limitations on discovery concerning the Debtors' motion and other litigation tactics that threaten to mushroom and impose significant costs. The estate should not bear the cost of resolving disputes over Paul Hastings' prior representations (including any appeals), which may be significant. PAX also believes that the Paul Hastings rate structure must be addressed in a way that creates incentives to: (i) encourage a prompt resolution of the case, (ii) avoid consuming the value of the assets PAX has already developed at its own very considerable expense, and (iii) encourage identification and recovery of new assets. If these protections cannot be promptly and effectively established, the estate should move in a different direction with a new trustee.

## II.    BACKGROUND

8. On June 15, 2022, this Court ordered the appointment of a chapter 11 trustee.[7] In the wake of that order, PAX interfaced with the UST and made recommendations and suggestions about whom to appoint (which did *not* include Mr. Despins), all the while urging the UST to be conscious of costs. On June 30, 2022, the UST submitted Joe D. Whitley as its proposed chapter 11 trustee, and an expedited hearing was set for July 5, 2022.[8] Shortly before

---

[7] *See* Trustee Order at 18.
[8] *See Notice of Appointment of Chapter 11 Trustee*, ECF No. 498; *Order Granting Motion for Expedited Hearing*, ECF No. 501.

the July 5 hearing, the UST withdrew its proposal to appoint Mr. Whitley because of an apparent conflict.[9]

9. Two days later, on July 7, 2022, the UST submitted a new proposed chapter 11 trustee, Mr. Despins, and the Court held an expedited hearing on his appointment the next day. At that hearing, Mr. Despins stated that he had just learned that morning that Paul Hastings had performed work for companies that share a common parent with PAX, i.e., PAG Holdings Ltd. ("PAG"), and that his firm was still investigating whether PAX was managed by PAG or another similar entity.[10] The Court entered an order granting the appointment of Mr. Despins as chapter 11 trustee the very same day.[11]

10. Shortly after the Court granted Mr. Despins' appointment, the Debtor followed his customary playbook and took to social media. Over the next several days, Mr. Kwok launched a bevy of attacks and threats against Mr. Despins, Paul Hastings, PAX, PAG, PAX's current and former attorneys, the United States Department of Justice, the UST, and others.[12] Below are just a few examples of Mr. Kwok's GETTR posts since July 8, 2022:

- "All those in collusion with PAG, i.e., the attorneys, the officials in the DOJ and the Hong Kong government, all PAG's senior executives, attorneys, and in-house counsels, such as [former O'Melveny & Myers LLP partner] Edward Moss, they will all end up in jail."[13]

- "They treat the U.S. judge as a fool. They are fooling the U.S. law and all Americans. . . . Luc A. Despins . . . How could you be trustworthy, right?"[14]

---

[9] *Withdrawal of US Trustee's Notice of Appointment of Chapter 11 Trustee and Application for Order Approving Appointment of a Chapter 11 Trustee*, ECF No. 507.
[10] *See* Friedman Decl., Ex. 1 at 6:15–25.
[11] *Order Granting Appointment of Chapter 11 Trustee*, ECF No. 523.
[12] As a disclaimer, PAX categorically denies each of the following statements and accusations made by the Debtor.
[13] Miles Guo (@Miles), GETTR (July 9, 2022, 2:00 AM), https://gettr.com/post/p1hmknhdcc0 (see embedded video at 0:07) (last accessed July 27, 2022).
[14] Miles Guo (@Miles), GETTR (July 9, 2022, 6:14 PM), https://gettr.com/post/p1hprzk3fe8 (see embedded video at 2:00) (last accessed July 27, 2022).

- "It was not until 10:00 AM yesterday that Luc. A. Despins claimed he just learnt PAG is the parent company of PAX.  That was a bald-faced lie."[15]

- "Ms. Holley L. Claiborn of the DOJ replaced the trustee with Luc A. Despins, who is a scumbag in the legal community, and this was done in a criminal-like manner. The evil forces behind the change of the trustee will certainly uncover the culprits behind the cases of George Higginbotham, Elliott Broidy, and Steve Wynn!"[16]

- "In terms of [Mr. Despins'] personal life and professional ethics, Luc is absolutely a criminal in the American legal community.  The day before yesterday, Luc dared to lie in front of the judge at the last minute."[17]

- "There is one lady named Holley L. Claiborn representing the U.S. Trustee office of the DOJ in Connecticut.  Since the first day she met with me, she has been very arrogant and rude.  She has tremendous resistance and hostility towards us.  When I first saw her, we were waiting in the hallway of the court, she kept talking to the lawyer hired by PAX, the lawyer(s) working at O'Melveny & Myers LLP (OMM).  During the whole time she was in court, she just sat with that OMM lawyer all the time.  Right in front of us (in courtroom) they exchanged email addresses and talked about which school their kids go [to]. . . . What Holley Claiborn did in the Connecticut court is absolutely in breach of ethical rules.  Even worse, she may be involved in a crime.  And what she did was extremely ridiculous.  She changed the trustee in a criminal-like manner. This cannot be done without being backed by an evil force."[18]

- "Luc A. Despins is also a garbage lawyer.  And Paul Hastings . . . almost 50% of its revenue is from Communist China . . . This kind of arrogance and ignorance is apparently a kind of corruption in the judicial system. . . .  There must be senior DOJ officials involved."[19]

- "Luc (A. Despins) Esq. is such a crap.  He is very low and cheap."[20]

- "7/13/2022 Miles Guo: Luc A. Despins and Paul Hastings LLP dared to tell blatant lies to the judge and commit fraud in the court. It is probably not the first time they have done this; we shall do our best to dig out all bankruptcy cases in which Luc A. Despins acted as trustee, and all IPO deals and transactions that

---

[15] Miles Guo (@Miles), GETTR (July 9, 2022, 6:28 PM), https://gettr.com/post/p1hpxrua62f (see embedded video at 1:27) (last accessed July 27, 2022).
[16] Miles Guo (@Miles), GETTR (July 10, 2022, 7:06 PM), https://gettr.com/post/p1httud3cce (last accessed July 27, 2022).
[17] *Id.* (see embedded video at 0:11).
[18] *Id.* (see embedded video at 0:59).
[19] *Id.* (see embedded video at 1:58).
[20] Miles Guo (@Miles), GETTR (July 12, 2022, 3:48 PM), https://gettr.com/post/p1hzwkfc74a (see embedded video at 0:02) (last accessed July 27, 2022).

7

> Paul Hastings has represented on behalf of the CCP's companies, and you will be shocked by what you find!"[21]

- "[L]et's talk about this Luc A. Despins, the so-called trustee of (our) case. He is the most aggressive, the bloodiest attorney in the American legal community. Whoever has him . . . as trustee will suffer miserably. We will reach out to all entities and individuals who had [Mr. Despins] as their trustee before. We will unite all the parties that once had [Mr. Despins] or Paul Hastings LLP as their trustee. In other words, we won't believe they committed fraud and corruption and manipulated the rule of law in this case only. In all the cases they have worked on they must have committed fraud or corruption in a similar fashion, i.e., all the documents they have submitted thus far, arrogance towards the judge, all the blatant lies told by Paul Hastings LLP, their attempt to delete information from the firm's webpage, it's definitely not the first time they've done things like this."[22]

- "By far, O'Melveny's best buddy is Paul Hastings."[23]

- "How many employees in Paul Hastings LLP were recruited from the U.S. DOJ? Also, how many of them are related to the CCP? How many clients of Paul Hastings LLP are related to the CCP? How much of its revenue came from the CCP? And O'Melveny, which is representing PAG…Because O'Melveny represented the (PAX) case against me it was awarded the so-called top judicial award in (CCP) China. Peter Friedman and Edward Moss of O'Melveny, and that Bradley Bondi of Cahill all joined the legal warfare against me. They are all the top lawyers in the U.S. All have been colluding with the CCP."[24]

- Paul Hastings LLP is absolutely evil. It has numerous conflicts of interest. We have already identified many more conflicts of interest. Luc A. Despins is indeed crooked. Also, we are going to dig out all the cases in which Luc has served as the trustee. We are going after him, and I don't think this is the first time he has ever lied. We must find out how many people he has harmed in order to protect the legal integrity of the US trustees as well as the integrity of the US laws. Then, we will look into how he has colluded with the CCP."[25]

- 7/19/2022: "In response to the non-complaint [sic] assignment of trustee by the U.S. Department of Justice, Mr. Miles Guo will initiate a series of motions and

---

[21] Miles Guo (@Miles), GETTR (July 13, 2022, 5:27 PM), https://gettr.com/post/p1i749ya0da.
[22] *Id.* (see embedded video at 0:12) (last accessed July 27, 2022).
[23] Miles Guo (@Miles), GETTR (July 13, 2022, 8:23 PM), https://gettr.com/post/p1i8hj77d7c  (see embedded video at 0:31) (last accessed July 27, 2022).
[24] Miles Guo (@Miles), GETTR (July 20, 2022, 12:13 AM), https://gettr.com/post/p1izy597423  (see embedded video at 0:01) (last accessed July 27, 2022).
[25] Miles Guo (@Miles), GETTR (July 19, 2022, 11:50 PM), https://gettr.com/post/p1j03537eed  (see embedded video at 0:24) (last accessed July 27, 2022).

appeals to expose the CCP's infiltration of the U.S. judiciary and the black hands of the U.S. judiciary."[26]

11. On July 12, 2022, amidst this firestorm, Mr. Despins filed his First Supplemental Declaration of Disinterestedness, in which he disclosed that "Paul Hastings attorneys resident in Paul Hastings' Hong Kong office formerly represented certain entities (collectively, the 'PAG entities') which share a common ultimate parent ([PAG]) with [PAX] in Unrelated Matters . . . the most recent of which concluded in May 2022."[27] Also on July 12, Mr. Despins filed the Paul Hastings Retention Application.[28]

## III. ARGUMENT

### 1. Steps must be taken to avoid having Mr. Despins' appointment turn into a drawn-out and expensive sideshow.

12. When it granted the UST's motion to appoint a chapter 11 trustee, the Court did so with the belief that appointing a trustee would:

- "optimize recovery for the creditors and the estate";[29]

- "assist with the development of a Chapter 11 plan with a reasonable likelihood of confirmation";[30] and

- be the "most efficient and effective method to address competing creditor claims asserted against the Debtor."[31]

---

[26] Miles Guo (@Miles), GETTR (July 18, 2022, 7:27 AM), https://gettr.com/post/p1irg9s22c2 (last accessed July 27, 2022).
[27] *First Supplemental Declaration of Disinterestedness of Luc A. Despins* at ¶ 2, ECF No. 538.
[28] Paul Hastings Retention Application, ECF No. 539.
[29] Trustee Order at 13; *see also id.* at 16 ("The appointment of a Chapter 11 trustee will enable that trustee . . . to optimize recovery of assets for the creditors and the estate."); *id.* at 17–18 ("[T]he appointment of a Chapter 11 trustee in this case will address concerns about any future misconduct by the Debtor while bringing independent judgment and good management to direct the affairs of the estate and optimize recovery for all creditors.").
[30] *Id.* at 14.
[31] *Id.*

If Mr. Despins' appointment and the Paul Hastings retention are mired in extensive and protracted litigation, none of the Court's goals can be met, and creditors will suffer further injury.

13. For one, Mr. Despins' appointment threatens to diminish the estate's assets and to create further obstacles on the road to confirmation of a chapter 11 plan unless the Court imposes limitations on the pending disputes and the estate is relieved of their related cost. Contrary to the Debtor's baseless insinuations, PAX did not affirmatively influence the UST's decision to appoint Mr. Despins. To the contrary, PAX actually recommended *other* candidates, and discouraged the appointment of Mr. Despins due to cost concerns.[32] Since Mr. Despins' appointment, issues regarding Paul Hastings' other representations (including PAX) have become a distraction. The Debtor's social media firestorm (*see supra* at 6–9), the Rule 60(b) Motion, and his history of profligate spending on legal pursuits (despite purportedly having only $3,850 to his name) threaten to impede progress in the case and impose significant unwarranted costs and delay. In the Debtor's own words from July 13, 2022: "[T]his trustee change, it is a long-lasting war for us. It won't stop until the culprit inside DOJ is exposed."[33] That day, the Debtor also exhorted his followers to "dig out all those (bankruptcy) cases in which [Mr. Despins] acted as trustee and all the IPO deals that Paul Hastings LLP represented on behalf of the CCP's companies. Dig as much as you can. Any piece of information you find will be of tremendous value."[34] And most recently, the Debtor vowed that, *"[i]n response to the non-complaint [sic] assignment of trustee by the U.S. Department of Justice, Mr. Miles Guo will*

---

[32] *See* Friedman Decl., Ex. 2, July 21, 2022 Status Conference Tr. at 66:15–25.
[33] Miles Guo (@Miles), GETTR (July 13, 2022, 8:23 PM), https://gettr.com/post/p1i8hj77d7c (see embedded video at 0:04) (last accessed July 27, 2022).
[34] Miles Guo (@Miles), GETTR (July 13, 2022, 5:27 PM), https://gettr.com/post/p1i749ya0da (see embedded video at 0:55) (last accessed July 27, 2022).

*initiate a series of motions and appeals."*[35]  Assuming Mr. Despins intends to recoup the costs of litigating the Debtor's "long-lasting war" from the estate's assets, his continued appointment will hardly "optimize recovery for the creditors and the estate."[36] [37]

14.     Moreover, PAX is concerned that the present disputes may make achieving a settlement or confirming any consensual plan more difficult, given the Debtor's presumptive unwillingness to cooperate with a person he has described as "garbage," "crap," "very low and cheap," "a criminal," "a scumbag," a "bald-faced li[ar]," and "the most aggressive, [and] bloodiest attorney in the American legal community."[38]  Though PAX doubts the Debtor's willingness to act in good faith in respect of any appointed chapter 11 trustee, the Debtor's public support of the appointment of Mr. Whitley[39] suggests that progress may not be impossible in this case.  PAX is also concerned that Kwok will do all he can to cast doubt on the motives and finality of any actions taken by the trustee and counsel, which may in turn interfere with efforts to reach a negotiated resolution of the case.  And, importantly, while PAX has faith that Mr. Despins and his colleagues are quite capable and intend to act with the utmost integrity, it is concerned that the above-described events may (consciously or subconsciously) incentivize the chapter 11 trustee to over-correct.  That is, PAX fears that in an attempt to appear to be fair to the

---

[35] Miles Guo (@Miles), GETTR (July 18, 2022, 7:27 AM), https://gettr.com/post/p1irg9s22c2 (last accessed July 27, 2022).
[36] Trustee Order at 13.
[37] For example, the Debtor may add to the mix a protracted challenge to "the connections of [Paul Hastings] and Trustee Despins to UBS and affiliates of UBS."  *See United States Trustee's Response to Debtor's Motion for Relief From Order Appointing Luc A. Despins as Chapter 11 Trustee*, ECF No. 615, at ¶ 30(a).  PAX and other creditors should not have to bear the delay and costs of Paul Hastings responding to this issue, especially not at the high fees proposed (*see infra* at Part III.2).
[38] *Supra* notes 15, 16, 17, 20, 22.
[39] Miles Guo (@Miles), GETTR (July 9, 2022, 1:05 AM), https://gettr.com/post/p1hm0pd2d90 (lamenting the "change [of] trustee assigned to [his] personal bankruptcy case from a highly respected Republican, Mr. Joe D. Whitley, to Luc A. Despins"; *see also id.* (embedded video at 0:54) (describing Mr. Whitley as having "a record of being respected in the legal field," as "very well respected," and as "a person with high respect and virtue"; and stating that he (the Debtor) is "very happy for this appointment of [Mr. Whitley as] trustee" and would be "willing to cooperate with [Mr. Whitley]") (last accessed July 27, 2022).

11

Debtor and other creditors, Paul Hastings may actually *dis*favor PAX to avoid generating further controversy.

15. In sum, if Mr. Despins remains the chapter 11 trustee, and if Paul Hastings is retained as counsel, steps must be taken to ameliorate the risks posed by recent developments. Otherwise, very significant hours and dollars will be wasted by a process that will undercut directly the Court's goals of "optimiz[ing] recovery," "assist[ing] with the development of a Chapter 11 plan with a reasonable likelihood of confirmation," and using the "most efficient and effective method to address competing creditor claims asserted against the Debtor."[40] At a minimum, PAX, the estate and the other creditors must not be drawn into extensive discovery on these issues. Additionally, the estate should not be made to bear the costs of the additional fees being incurred to address the disputes over Paul Hastings' other representations. Finally, caution must be taken to avoid having an "over-correction" concerning positions taken in the case that have the effect of unfairly disadvantaging PAX. On this final point, PAX believes that the Court will be the best safeguard to assure fairness to PAX going forward. Unless such safeguards are imposed, PAX does not believe that Mr. Despins should remain in the role of Trustee. Irrespective of the protections put in place at this juncture, PAX reserves the right to seek removal in the future if warranted, as well as to renew its motion to dismiss the bankruptcy case.

**2. Paul Hastings' proposed rates are not in the best interests of the estate.**

16. In the Paul Hastings Retention Application, Mr. Despins listed the following rate structure (the "Proposed Rates"):[41]

---

[40] Trustee Order at 13–14, 16–18.
[41] Paul Hastings Retention Application at ¶ 18.

12

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| Partners | $1,310 – $1,935 |
| Of Counsel | $1,335 – $1,860 |
| Associates | $755 – $1,230 |
| Paralegals | $250 – $565 |

These Proposed Rates are problematically expensive for several reasons.

17.     *First*, allowing the trustee and counsel to proceed under the Proposed Rates without modification threatens to consume value brought into the estate through the assets that PAX has already developed. As laid out by Mr. Despins in his July 21, 2022 presentation to the Court, the lowest hanging fruit (in terms of assets to be brought into the estate) are, without question, the Lady May and the Sherry Netherland Apartment. PAX gave the trustee an enormous head start on these assets as a result of its attempts to collect in the New York litigation. PAX is concerned about duplication of effort and incurring more fees at the highest rate structure for assets that have already been brought closer to recovery by PAX, at its own significant, already-incurred expense.

18.     *Second*, PAX knows from attempting to satisfy the judgment entered in February *2020* that locating the Debtor's assets and untangling the web of his shell companies and insider lackeys is an arduous, time- and money-consuming process. Combine this with the Debtor fighting the trustee at every turn, and whatever new value the trustee is able to create through the pursuit of new assets may be consumed by Paul Hastings' rates. What's more, work done by the trustee and counsel to search for and bring in new assets—which is by no means guaranteed to be successful—may have the undesirable effect of eating into much of the value from the Lady May and the Sherry Netherland.

19.     *Third*, if the Proposed Rates cover time spent by Paul Hastings and Mr. Despins responding to the alleged conflict issues, the estate stands to suffer further unnecessary losses.

13

The Debtor's statements (*see supra* at 6–9), the wide-ranging, conspiratorial arguments set forth in the Rule 60(b) Motion, and the discovery recently served on PAX[42] demonstrate that these issues are not going away any time soon. Mr. Despins' appointment and (if it is approved) Paul Hastings' retention as trustee counsel will thus become a major time and money drain on the estate, which will redound, ultimately, to the detriment of the creditors.

20. In the event the Proposed Rates are not adjusted, to prevent PAX and the other creditors from suffering the consequences of a protracted legal battle for which they bear no responsibility, PAX proposes that the Court not permit the Debtors' Rule 60(b) Motion, any forthcoming objection to the retention of Paul Hastings, and/or any other motion(s) filed by Debtor seeking to remove Mr. Despins or Paul Hastings (including without limitation, under Section 327) to be charged to and compensable by the estate.

21. *Fourth*, the Proposed Rates are *more than double* what Mr. Whitley and his firm, Womble, presumably would have charged to do the same work. In a recent District of Delaware bankruptcy, for example, Womble was approved as counsel to the Official Committee of Unsecured Creditors with the following rates:[43]

| | |
|---|---|
| Partners | $325 - $950 |
| Of Counsel | $330 - $925 |
| Associates | $280 - $685 |
| Senior Counsel | $125 - $765 |
| Counsel | $100 - $675 |
| Paralegals | $50 - $495 |

---

[42] On July 22, 2022, the Debtor served interrogatories on PAX, demanding, among other things, that PAX (i) "[i]dentify each matter for which Paul Hastings has provided services to any PAG Entity since January 1, 2017"; and (ii) "[s]tate, by individual matter, the total fees paid to Paul Hastings for services it rendered in each matter identified." Friedman Decl., Ex. 3.

[43] Friedman Decl., Ex. 4, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble

These rates are in line with those approved in at least six other bankruptcies since 2018 in which Womble served as committee counsel and/or liquidating trustee.[44]

22. But for an unforeseen conflict, the UST viewed Mr. Whitley as an appropriate choice to serve as trustee. Mr. Whitley presumably would have sought to retain his firm as counsel. Given the rates Womble likely would have charged if Mr. Whitley had not been withdrawn (again, *half the rates of Paul Hastings*), approving the Proposed Rates is not in best interests of the estate.[45] This is especially true given the atypical nature of this case, which began with no assets in the estate; features a Debtor notorious for secreting his assets "in a maze

---

Bond Dickinson (US) LLP as Counsel Effective as of April 22, 2021 at ¶ 11, *In re TECT Aerospace Group Holdings*, Inc., Case No. 21-10670-KBO (Bankr. D. Del. May 4, 2021), ECF No. 120.

[44] *See* Friedman Decl., Ex. 5, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Bond Dickinson (US) LLP as Counsel Nunc Pro Tunc to July 20, 2018 at ¶ 11, *In re Tintri, Inc.*, Case No. 18-11625-LSS (Bankr. D. Del. Aug. 7, 2018), ECF No. 132; Friedman Decl., Ex. 6, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Bond Dickinson (US) LLP as Counsel Nunc Pro Tunc to June 4, 2019 at ¶ 11, *In re JRV Group USA L.P.*, Case No. 19-11095-KBO (Bankr. D. Del. Jun. 20, 2019), ECF No. 84; Friedman Decl., Ex. 7, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Bond Dickinson (US) LLP as Counsel Nunc Pro Tunc to September 18, 2019 at ¶ 12, *In re Fred's Inc.*, Case No. 19-11984-CTG (Bankr. D. Del. Oct. 18, 2019), ECF No. 352; Friedman Decl., Ex. 8, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Bond Dickinson (US) LLP as Counsel Nunc Pro Tunc to February 5, 2020 at ¶ 12, *In re BL Restaurants Holding, LLC*, Case No. 20-10156-CTG (Bankr. D. Del. Mar. 4, 2020), ECF No. 241; Friedman Decl., Ex. 9, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Bond Dickinson (US) LLP as Counsel Nunc Pro Tunc to February 4, 2020 at ¶ 12, *In re Lucky's Market Parent Company, LLC*, Case No. 20-10166-JTD (Bankr. D. Del. Feb. 21, 2020), ECF No. 237; Friedman Decl., Ex. 10, Application of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Code Sections 328(a) and 1103 Authorizing and Approving the Employment and Retention of Womble Bond Dickinson (US) LLP as Counsel Effective as of October 29, 2021 at ¶ 11, *In re Red River Waste Solutions, LP*, Case No. 21-42423 (Bankr. N.D. Tex. Nov. 18, 2021), ECF No. 157.

[45] Indeed, the UST's objection to proposed fees in a recent District of Connecticut bankruptcy demonstrates how comparatively substantial Paul Hastings' are. In *In re Carla's Pasta*, the UST objected to fees proposed by Locke Lord LLP, which fees ranged from $570-620 for associates and $690-$765 for partners. *See* Friedman Decl., Ex. 11, United States Trustee's Statement Concerning Suri Realty, LLC's and Carla's Pasta, Inc.'s Applications to Retain Locke Lord LLP as Their Bankruptcy Counsel, *In re Carla's Pasta, Inc. and Suri Realty, LLC*, Case No. 21-20111 (Bankr. D. Conn. March 10, 2021), ECF No. 252. The UST noted that the fees "far exceed those charged for a similarly experienced firm," and that the fee range for associates in particular "exceeds that normally charged in the District of Connecticut by law firm partners with decades of experience in complex Chapter 11 bankruptcy practice." *Id.* at ¶¶ 26–27. While PAX does not assert that this Objection is prescriptive (each bankruptcy is different), it does believe that it is instructive regarding an appropriate fee range in this District.

of corporate entities and with family members";[46] and involves a creditor (PAX) that at its own significant expense has already done a great deal of legwork to identify material, low-hanging, target assets.

23. If Paul Hastings is to be retained under the circumstances, and the Court does not see fit to simply apply Womble's rates, any rate structure should incentivize the trustee and counsel to (i) bring about a prompt resolution of the case, (ii) avoid consuming the value of the assets PAX has already developed at its own expense, and (iii) encourage identification and recovery of new assets. To that end, if the Proposed Rates are to stand, PAX proposes the adoption of the following compensation structure (with the rate to be the highest rate provided in the grid below):

| # | Event | Result[47] |
|---|---|---|
| 1 | Global Settlement with Debtor and his affiliates that is approved by PAX and UCC within first six months (as such period may be extended with approval by PAX and UCC). | Paul Hastings earns 100% of the Proposed Rates. |
| 2 | Trustee recovers assets exceeding $200 million. | Paul Hastings earns 120% of the Proposed Rates, plus ability to seek an additional bonus. |
| 3 | Trustee recovers assets worth at least $150 million. | Paul Hastings earns 100% of the Proposed Rates. |
| 4 | Trustee recovers assets worth at least $100 million. | Paul Hastings earns 80% of the Proposed Rates. |
| 5 | Trustee recovers assets worth at least $75 million. | Paul Hastings rates capped at Womble rates. |
| 6 | (1) Trustee fails to recover both the Lady May and the Sherry Residence; and (2) other assets recovered by the estate are worth less than $50 million. | Paul Hastings earns 50% of the Proposed Rates. |

---

[46] *See* Friedman Decl., Ex. 12, Decision and Order on Motion at 1, *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 9, 2022), NYSCEF Doc. No. 1181.

[47] While this proposal is designed to address the concerns PAX has identified above, PAX recognizes that other fee proposals may be appropriate as well, and is open to working with the Court, the Trustee and the other creditors to arrive at an alternative arrangement in the event the above is not deemed acceptable.

## IV. CONCLUSION

24. In light of the foregoing, PAX respectfully asks that the Court, in ruling on the Rule 60(b) Motion and the Paul Hastings Retention Application, take into account and, to the extent necessary, redress and mitigate (i) the risks to the estate presented by the disputes over Mr. Despins' appointment and Paul Hasting's appointment and (ii) Paul Hastings' proposed fee structure.[48]

Dated:  Hartford, Connecticut
        July 27, 2022

**Pacific Alliance Asia Opportunity Fund L.P.**

By: */s/ Patrick M. Birney*
   Patrick M. Birney (CT No. 19875)
   Annecca H. Smith (CT No. 31148)
   **ROBINSON & COLE LLP**
   280 Trumbull Street
   Hartford, CT 06103
   Telephone:  (860) 275-8275
   Facsimile:  (860) 275-8299
   E-mail: pbirney@rc.com
   asmith@rc.com

   -and-

   Peter Friedman (admitted *pro hac vice*)
   Stuart M. Sarnoff (admitted *pro hac vice*)
   **O'MELVENY & MYERS LLP**
   Times Square Tower
   7 Times Square
   New York, NY 10036
   Telephone: (212) 326-2293
   E-mail: pfriedman@omm.com
   ssarnoff@omm.com

---

[48] PAX reserves the right to address other arguments Debtor may raise in his pleading.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2022, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney