**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HO WON KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | |

**THE DEBTOR'S MEMORANDUM REGARDING WHETHER ZEISLER & ZEISLER, P.C. MUST COMPLY WITH 11 U.S.C. § 327(a) AND WHETHER ITS REPRESENTATION OF THE DEBTOR CREATES A CONFLICT OF INTEREST**

The debtor, Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel and pursuant to this Court's Scheduling Order entered on July 22, 2022 (the "Scheduling Order"), hereby submits this memorandum regarding (i) whether Zeisler & Zeisler, P.C. ("Z&Z") must comply with the provisions of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014 in connection with its representation of the Debtor who is no longer a debtor-in-possession, and (ii) whether an actual conflict of interest exists in connection with Z&Z's representation of the Debtor, HK International Funds Investments (USA) Limited, LLC ("HK USA"), and Mei Guo ("Ms. Guo," together with the Debtor and HK USA, the "Clients"), in the above-captioned Chapter 11 proceeding (the "Bankruptcy Case") and *HK International Funds Investments (USA) Limited v. Kwok, et al.*, 5:22-AP-5003 (JAM) (the "Adversary Proceeding").

**INTRODUCTION**

As set forth more fully below, Z&Z is not required to comply with 11 U.S.C. § 327(a) and Bankruptcy Rule 2014 because those provisions are not applicable to the employment of professionals by debtors who are debtors out-of-possession by virtue of the appointment of a Chapter 11 trustee. Section 327(a) and Bankruptcy Rule 2014 govern only those professionals who

serve the estate and are eligible to be paid from property of the estate. Professionals employed by debtors out-of-possession debtors do not serve the estate and cannot be compensated from the estate. Here, the Debtor ceased to be a debtor-in-possession on July 8, 2022, when this Court issued the Order Granting Appointment of Chapter 11 Trustee (Doc. No. 523) (the "Appointment Order"). To be clear—while Bankruptcy Code section 1109(b) expressly provides that the Debtor "may raise and may appear and be heard on any issue in the case," Z&Z does not and cannot represent the bankruptcy estate, it represents only the Debtor in his individual debtor out of possession capacity.

In addition, Z&Z's representation of the Clients does not create a conflict of interest. Upon the appointment Luc Despins (the "Trustee") as Chapter 11 trustee pursuant to the Appointment Order, the Trustee was automatically substituted for the Debtor in the Adversary Proceeding. Z&Z never represented the Debtor before the Court appointed the Trustee, and the Debtor is no longer a party in the Adversary Proceeding due to the Trustee's appointment. Furthermore, the Debtor agrees that HK USA is the owner of the yacht, the "Lady May," and that the Lady May does not constitute property of the Estate. Consequently, there is no conflict of interest under Rules of Professional Conduct 1.7(b)(3) in Z&Z representing the Debtor in the Bankruptcy Case and HK USA and Ms. Guo in the Adversary Proceeding. Z&Z's representation of the Clients "does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or the same proceeding … ."

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

    A.   **The Appointment of the Chapter 11 Trustee**

On February 15, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 16, 2022, the Debtor filed his application to employ Brown

Rudnick under section 327(a) of the Bankruptcy Code. (Doc. No. 86.) On April 29, 2022, the Court authorized the Debtor's employment and retention of Brown Rudnick. (Doc. No. 293).

On April 11, 2022, Z&Z filed an appearance on behalf of HK USA, and HK USA, represented by Z&Z, commenced the Adversary Proceeding. The Adversary Proceeding was brought against "the debtor in possession, Ho Won Kwok, (the 'Debtor' or 'Kwok'), and Pacific Alliance Asia Opportunity Fund, L.P. ('PAX'), seeking a declaratory judgment that a certain vessel known as the Lady May (the 'Lady May') is not property of the Debtor's Chapter 11 Bankruptcy Estate (the 'Estate') within the meaning of 11 U.S.C. § 541." Adv. Pro. 22-05003, Doc. No. 1, at 1. On May 10, 2022, Z&Z filed an appearance in the Bankruptcy Case on behalf on behalf of Ms. Guo.

On June 15, 2022, this Court issued a Memorandum of Decision, *inter alia*, granting the Motion to Dismiss or, in the alternative, Partial Joinder to the USTs Motion for the Appointment of a Chapter 11 Trustee (Doc. No. 183), to the extent that it sought the appointment of a Chapter 11 trustee. (Doc. No. 465.).  On July 7, 2022, the UST filed a notice of its appointment of Luc Despins (the "Trustee") as Chapter 11 trustee (Doc. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 515), seeking the Court's approval of the appointment of the Trustee. On July 8, 2022, the Court entered an order granting the appointment of the Trustee. (Doc. No. 523, the "Appointment Order").

On July 12, 2022, the Debtor retained Z&Z as his counsel in the Bankruptcy Case. Immediately prior to Z&Z's retention, Z&Z informed the Clients that their interest did not appear to conflict such that Z&Z could ethically represent all three of them. Z&Z further informed the Clients of¸ *inter alia*, the consequences of later conflicts of interest arising and the how Z&Z's representation of the Clients could impact attorney-client privilege. Z&Z recommended that the

3

Clients consult with separate counsel in deciding whether to consent to joint representation by Z&Z. The Clients consented in writing to their joint representation by Z&Z. On July 14, 2022, Z&Z filed appearances on behalf of the Debtor in the Bankruptcy Case.

On July 13, 2022, Brown Rudnick filed a motion to withdraw its appearance for the Debtor. (Doc. No. 543.)

The Court held a status conference on July 21, 2022 (the "July 21 Status Conference"), and raised the issues of, *inter alia*, whether Z&Z is obligated to comply with Bankruptcy Code § 327(a) and Bankruptcy Rule 2014 and whether Z&Z's representation of the Clients creates a non-waivable conflict of interest. See Transcript of July 21 Hearing, at 37-42. In the Scheduling Order, the Court ordered that Z&Z "shall filed briefs addressing whether Z&Z must comply with the provisions of 11 U.S.C. 327(a) and whether a conflict of interest exists in connection with Z&Z's representation of HK International Funds Investments (USA) Limited, LLC, Mei Guo, and the Debtor in the Debtor's Chapter 11 case and adversary proceedings" in advance of the hearing scheduled for August 1, 2022. (*See* Scheduling Order.)

## II.     LAW AND ARGUMENT

### A. Z&Z Is Not Required to Comply With 11 U.S.C. § 327(a) and Bankruptcy Rule 2014

Section 327 of the Bankruptcy Code governs the employment of professional persons and states, in pertinent part:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Bankruptcy Rule 2014 expressly applies only to applications made under Bankruptcy Code sections 327, 1103 and 1114. Consistent with the plain language of section 327, the United States Supreme Court has held that "Section 327(a) of the Bankruptcy Code allows *bankruptcy trustees* to hire attorneys, accountants, and other professionals to assist them in carrying out their duties. … § 327(a) professionals are hired to serve the *administrator of the estate* for the benefit of the estate." *Baker Botts L.L.P. v. ASARCO LLC,* 576 U.S. 121, 124, 127 (2015) (emphasis added). The Supreme Court has further held that the appointment of a trustee, "terminate[s the debtor's] status as debtor-in-possession and so terminated [the attorney approved under 327(a)]'s service under § 327 as an attorney for the debtor-in-possession." *Lamie v. United States Tr.*, 540 U.S. 526, 532 (2004).[1]

The Court in *Lamie* held that Bankruptcy Code section 330 "does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by §327. If the attorney is to be paid from estate funds under § 330(a)(1) in a chapter 7 case, he must be employed *by the trustee* and approved by the court." *Id*. at 538 (emphasis added). "Because the [petitioner in *Lamie*] was never subsequently employed by the trustee and approved by the court pursuant to section 327, the Court held section 330(a) did not authorize compensation

---

[1] While *Lamie* involved the appointment of a Chapter 7 trustee, "[i]t makes no difference" to the question of compensation of professionals under section 330(a) (and relatedly, their employment under section 327(a)) whether the trustee is appointed in a Chapter 11 or Chapter 7 proceeding. *Harrington v. Nickless (In re Int'l Gospel Party Boosting Jesus Groups, Inc.)*, 487 B.R. 12, 15 (D. Mass 2013) (noting that Lamie cited with approval *Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distributors)*, 157 F.3d 414 (5th Cir. 1998), which held that section 330(a), as amended, "excludes attorneys from its catalog of professional officers of a bankruptcy estate who may be compensated for their work after the appointment of a Chapter 11 trustee."); *see also Morrison v. United States Trs.*, 2010 U.S. Dist. LEXIS 63339, [*14] (E.D.N.Y. June 24, 2010) ("The statutory language construed in *Lamie* is not limited to Chapter 7, and there is no basis in law to presume that a different result would follow where a Chapter 11 trustee has been appointed."); *In re Bay Voltex Corp.*, 2006 Bankr. LEXIS 3702, [*3] (Bankr. N.D. Cal. Dec. 29, 2006) (agreeing that services provided to a Chapter 7 debtor and a Chapter 11 debtor out of possession are "tantamount to a distinction without a difference.").

5

to the attorney from estate funds*." Harrington*, 487 B.R. at 15. *See also* 3 COLLIER ON BANKRUPTCY ¶ 327.05[3], at 327-60 (Lawrence P. King *et al.*, 16th ed. Rev. 2013) ("The Supreme Court … in *Lamie v. United States Trustee* [held] …that the plain language of the statute controlled and that the debtor's counsel could not be compensated pursuant to section 330 *since it could not be retained pursuant to section 327*." (emphasis added)).

Consistent with the foregoing, cases are uniform in holding that a debtor out of possession is not required to obtain court approval to employ an attorney. *See, e.g.*, *In re Land*, 116 B.R. 798, 803 (D. Colo. 1990) ("The Bankruptcy Code also requires certain disclosures [under § 329 of the Code] by attorneys who have not been employed by the trustee pursuant to § 327 of Code and who do not seek compensation from funds of the estate, but who have been employed by a debtor out-of-possession to represent his interests in connection with the case."); *In re Prime Foods of St. Croix*, 80 B.R. 758, (D. V.I. 1987) ("Upon the appointment of Mider as trustee, the debtor was no longer 'in possession.' The debtor's choice of counsel is not subject to court approval."); *In re TAJ Graphics Enters., LLC*, 549 B.R. 825, 828 (Bankr. E.D. Mich. 2016) ("An out-of-possession Chapter 11 debtor is not authorized to employ a professional person, such as an attorney, under § 327. That authority is reserved to the estate trustee."); *In re Mullendore*, 517 B.R. 232, 238 (Bankr. D. Mont. 2014) ("Under the Code, as under prior law, court approval is not necessary for the appointment of … an attorney for the debtor *out of* possession in a chapter 11 case." (quoting 3 COLLER ON BANKRUPTCY ¶ 327.05[3] (Lawrence P. King *et al.*, 16th ed. Rev. 2013) (emphasis in original)); *In re Caprock Wine Co., L.L.C.*, 2010 Bankr. LEXIS 598, [*3] (Bankr. N.D. Tex. March 3, 2010) ("The Bankruptcy Code does not contemplate either the employment or compensation of counsel for the debtor (as opposed to the debtor in possession). Stated otherwise, a chapter 11 debtor that is no longer in possession is not required to obtain court approval for

6

employment of an attorney." (citations omitted)); *In re Apollo Group*, 224 B.R. 48, 49 (Bankr. E.D. Mich. 1998) ("[B]ecause the Court has appointed a trustee, Apollo is no longer required to obtain court approval pursuant to § 327 to employ an attorney."). The undersigned could find no case to the contrary.

Z&Z represents a debtor out-of-possession. Not only is Z&Z not required to be employed under section 327(a), Z&Z may not be employed pursuant to section 327(a) by the Debtor now that he is out of possession. *See Lamie*, 540 U.S. at 532; *Baker Botts L.L.P.*, 576 U.S. at 124, 127. The Debtor still has a right to retain counsel and such counsel may be compensated other than by the estate. *See Lamie*, 540 U.S. at 540 ("[T]he Act still allows debtors' attorneys to be compensated in different ways."); *In re Int'l Gospel Party Boosting Jesus Groups, Inc.*, 487 B.R. at 18 ("[I]t is common for the [d]ebtor to retain counsel after the appointment of an estate trustee, even if counsel may not be compensated from the bankruptcy estate."). To reiterate--while Bankruptcy Code section 1109(b) expressly provides that the Debtor "may raise and may appear and be heard on any issue in the case," Z&Z does not and cannot represent the bankruptcy estate, it represents only the Debtor in his individual debtor out of possession capacity. Z&Z fully recognizes that it is required to comply with Bankruptcy Code section 329 and Bankruptcy Rule 2016(b).

### B. Z&Z Representation of the Clients Does Not Present a Conflict of Interest

Consistent with the foregoing, other than the disclosure and other requirements of Bankruptcy Code section 329 and Bankruptcy Rule 2016(b), the Debtor's retention of Z&Z in the Bankruptcy Case is governed only by the Rules of Professional Conduct. Rule 83.2 of the Local Civil Rules of the United States District Court for the District of Connecticut, made applicable by Local Rule of Bankruptcy Procedure 1001-1(b), provides in relevant part that "this Court recognizes the authority of the 'Rules of Professional Conduct,' as approved by the Judges of the

Connecticut Superior Court as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut."

Rule 1.7 of the Connecticut Rules of Professional Conduct governs conflict of interests between current clients and states:

> (a) Except as provided in subsection (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>   (1) the representation of one client will be directly adverse to another client; or
>
>   (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under subsection (a), a lawyer may represent a client if:
>
>   (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
>   (2) the representation is not prohibited by law;
>
>   (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or the same proceeding before any tribunal; and
>
>   (4) each affected client gives informed consent, confirmed in writing.

The Court's principal focus in raising the conflict issue appears to be Rule 1.7(b)(3). Transcript of July 21 Hearing, at 47, lines 18-22 ("How are you going to represent both HK International and Mr. Kwok in that adversary proceeding that HK International filed against Mr. Kwok and the bankruptcy estate as to the title to the Lady May? Isn't that an absolute and obvious conflict of interest?"). The simple answer is that the Debtor is no longer a party to the Adversary

Proceeding, the Trustee is now the party to the Adversary Proceeding in place of the Debtor, as the Trustee appears to recognize. Transcript of July 21 Hearing, at 17, lines 19-25.

Bankruptcy Code section 323(b) provides: "The trustee in a case under this title has capacity to sue and be sued." Federal Rule of Bankruptcy Procedure 2012(a) provides in relevant part: "If a trustee is appointed in a chapter 11 case…, the trustee is substituted automatically for the debtor in possession as a party in any pending action, proceeding, or matter." In accordance with the plain language of these provisions, Courts have consistently held that upon appointment of a trustee, the trustee is automatically substituted for the debtor in any pending action or proceeding and the debtor has no standing to take any action in any such proceeding. *See, e.g.*, *Hicks v. Citigroup, Inc.*, 2012 U.S. Dist. LEXIS 193044, [*5] (W.D. Wash. Oct. 16, 2012) ("[W]here a plaintiff in an ongoing lawsuit filed for bankruptcy and her interests are transferred by law to the estate, dismissal of that plaintiff is appropriate because that individual no longer has standing to bring the claims in light of the automatic transfer of interest to the Trustee."); *In re Innovative Commun. Co., L.L.C.*, 2009 U.S. Dist. LEXIS 73674, [*9-10] (D. V.I. Aug. 19, 2009) ("In this case, after Springel was appointed as Chapter 11 trustee for the Corporate Debtors, the authority to pursue appeals belonged exclusively to Springel. Thus, when Springel was appointed as trustee, the Debtors lost standing to pursue the instant appeal."); *Alstrin v. St. Paul Mercury Ins. Co.*, 179 F.Supp. 2d 376, 403-04 (D. Del. 2002) (agreeing with trustee's argument that insured v. insured insurance policy exclusion did not apply because debtor and trustee were separate entities and once trustee was appointed debtor-in-possession ceased to exist and trustee was automatically substituted); *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 801 (E.D. Tenn. 1998) ("It is the Trustee who has the *exclusive* standing and capacity to sue *and be sued on behalf of the bankruptcy estate under 11 U.S.C. § 323(b)*.

The Trustee is appointed by the Bankruptcy Court to take charge of the debtor's estate, collect assets, bring suit on the debtor's claims against other persons, *defend actions against the estate,* and otherwise administer the estate." (internal citations omitted, emphasis added)); *In re B&P Baird Holdings, Inc.*, 2011 Bankr. LEXIS 4550, [*11] (Bankr. W.D. Mich. Nov. 22, 2011) ("[I]f anyone will be permitted to seek post-judgment relief in the Western District of New York, it will be the Trustee as the representative of the estate under 11 U.S.C. § 323(a) and the person automatically substituted in lieu of the Debtor in that litigation under Fed. R. Bankr. P. 2012(a)."); *In re Champ Car World Series, LLC*, 411 B.R. 619, 623 (Bankr. S.D. Ind. 2008) ("[T]he Trustee succeeds to all claims by and against the Debtor."). *See also* 9 COLLER ON BANKRUPTCY ¶ 2012.01[1], at 2012-2 – 2012-3 (Lawrence P. King *et al*., 16th ed. Rev. 2020) ("[A] trustee succeeding a debtor in possession shall substitute automatically for the debtor in possession just as the trustee would for the predecessor trustee. This is consistent with the concept that a debtor in possession is, in effect, a trustee. Notably, a trustee and a debtor in possession cannot co-exist in a chapter 11 case. Thus, once a trustee is appointed, the debtor in possession ceases to exist.").

The Debtor is no longer the defendant in the Adversary Proceeding and Z&Z is not acting as an advocate against the Debtor in the Adversary Proceeding. In fact, the Debtor's and HK USA's (and relatedly, Mei Guo's) interests are aligned with regard to the subject matter of the Adversary Proceeding, in that the Debtor does not believe that he owns the Lady May and he does not believe that the Lady May is part of the Estate. As a result, the representation of HK USA in the Adversary Proceeding is not directly adverse to the Debtor now that he is out of possession and no longer the defendant in the Adversary Proceeding.

In terms of the other provisions of Rule 1.7, under (a)(1) as noted upon the appointment of the Trustee the Debtor is no longer the defendant in the Adversary Proceeding and HK USA and

10

the Debtor are not directly adverse. Under 1.7(a)(2), there is not a significant risk that "the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Z&Z, as well as the Clients, find it very unlikely that a conflict will eventuate as a result of the Adversary Proceeding. The Debtor is no longer a party to that proceeding and has no control over it or even interest in it. As noted, to the extent relevant, the Debtor agrees with HK USA that he does not own the Lady May.

Under Rule 1.7(b)(1), Z&Z reasonably believes that it will be able to provide competent and diligent representation to the Clients. Under 1.7(b)(2), Z&Z is not aware of any law which prohibits its representation of the Clients in the Bankruptcy Case. 1.7(b)(3) is addressed above. Under 1.7(b)(4), as described above, each of the Clients has given informed consent, confirmed in writing. Therefore, should this Court find that a conflict of interest exists under Rule 1.7(a), it should also find that the exception found in Rule 1.7(b) is applicable because all four prongs of the rule are satisfied.

### III. CONCLUSION

Based on the foregoing, Z&Z may represent the Clients in the Bankruptcy Case. Z&Z is not required to comply with section 327(a) and no conflict of interest exists as a result of Z&Z's representation of the Clients.

Dated at Bridgeport, Connecticut on this 27th day of July, 2022.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ Eric Henzy*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
skindseth@zeislaw.com
aromney@zeislaw.com
jcesaroni@zeislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Eric Henzy
Eric Henzy (ct12849)