**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE DEBTOR'S MOTION FOR RELIEF FROM
ORDER APPOINTING LUC A. DESPINS AS CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee") of the estate of the Debtor, Ho Wan Kwok (the "Debtor"), hereby submits this Objection to the Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee (the "Rule 60(b) Motion").

In support of the Objection, the Committee respectfully represents as follows:

1. The Committee agrees with and adopts by reference the arguments made against the Rule 60(b) Motion by the Chapter 11 Trustee, Luc A. Despins (the "Trustee") in the Objection of Chapter 11 Trustee to Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee (the "Trustee Objection"), and as more fully set forth below, submits further grounds for the denial of the Rule 60(b) Motion.

2. The Debtor's Rule 60(b) Motion proceeds from the fundamentally mistaken view that the representation by Paul Hastings LLP ("Paul Hastings"), the Trustee's law firm, of businesses the Debtor claims are owned by the Chinese government, disqualifies the Trustee from being a "disinterested person" under 11 U.S.C. § 1104(d). This view, in turn, relies on the

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

mistaken premise that the Chinese government or the Chinese Communist Party is a party in interest in this case such as to have required disclosure of Paul Hastings' "connections with the Chinese government" (Rule 60(b) Motion ¶34), and that these "connections" disable the Trustee with an "interest [that is] materially adverse to the interest of the estate or of any class of creditors or equity security holders …." (Rule 60(b) Motion ¶35).

3. But the Chinese government or the Chinese Communist Party is simply not a party in interest in this case. To be a party in interest under the Bankruptcy Code, one "must have a financial or legal stake in the outcome of the particular matter." *In re Old Carco, LLCI,* 500 B.R. 683, 691 (Bankr. S.D.N.Y. 2013) (citing *In re Teligent, Inc.*, 640 F.3d 53, 60-61 (2d Cir. 2011)). *See also In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989) (party requesting party in interest status "must either be a creditor of a debtor to invoke the court's jurisdiction or be able to assert an equitable claim against the estate"). The Debtor has not listed the Chinese government or the Chinese Communist Party as a creditor in his schedules and has cited no financial or legal stake they might claim to have in this chapter 11 case. And the fact that this case has been pending for over five months without hearing from them simply confirms they have no interest in it.

4. As for the Debtor's claim that the Trustee has a "materially adverse interest," as defined under 11 U.S.C. § 101(14), a "materially adverse" interest must be an interest that is adverse to the "interests of the estate or … any class of creditors or equity security holders," and must exist on account of, or "by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

5. Preliminarily, it is readily apparent that irrespective of any animus or vendetta the Chinese government may be proven to have against the Debtor, Paul Hastings' representation of

businesses in China – even if that is considered to equate with representation of the Chinese government itself – does not in the slightest degree give the Trustee a materially adverse interest to "any class of creditors or … equity security holders," inasmuch as the Debtor is not a creditor or an "equity security holder" in this case.[2]

6. Moreover, the general rule in bankruptcy cases is that a debtor has no standing to object to matters of case administration unless he or she can establish a reasonable prospect of a surplus. *See Barnard v. Citibank, N.A.*, (*In re Lynch*), Case No. 15-74795-AST, Adv. Pro. No. 19-08119-AST, 2021 WL 1536392, at *4 (Bankr. E.D.N.Y. Apr. 15, 2021) (citing *In re Licata*, 659 F. App'x 704, 706 (2d Cir. 2016)).  Here, the Debtor's scheduled liabilities are far in excess of the nominal assets he claims to have and thus, he cannot establish standing to object to the approval of the Trustee's appointment.

7. Two additional points on the issue of disinterestedness unequivocally establish that the Trustee does not fail the disinterestedness test by virtue of Paul Hastings' representation of Chinese businesses in unrelated matters.  As stated by the Collier's treatise, "an interest is disqualifying only if it arises from the person's interest on his or her own behalf, not when it arises in a representative capacity," and "a person that may represent an interest that is potentially adverse to the estate does not necessarily fail to be disinterested, because the focus of

---

[2] "Equity security" is defined as

  **(A)** share in a corporation, whether or not transferable or denominated "stock", or similar security;
  **(B)** interest of a limited partner in a limited partnership; or
  **(C)** warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

11 U.S.C. § 101(16).  In turn, "equity security holder," is defined as the "holder of an equity security."  11 U.S.C. § 101(17).

3

the disinterested definition is on … whether the person 'has' an interest materially adverse to the estate." 7 COLLIER ON BANKRUPTCY ¶ 1104.02[7][a], at 1104-27 (Richard Levin & Henry Sommer eds., 16th ed. 2022).

8.      No claim has been made that the Trustee himself represents the Chinese government or businesses that are owned by the Chinese government; the Debtor's complaint is that his law firm does. Thus, the Trustee holds no interest on his own behalf that can be questioned as giving rise to a lack of disinterestedness.

9.      Moreover, the adverse interest the Debtor claims is held by Paul Hastings by virtue of its representation of businesses in China depends upon the speculative premise that the Chinese government will, in the future, attempt to influence how the Trustee will administer this case through some form of pressure they will exert upon Paul Hastings. Even accepting the notion that there is an adverse interest simply by virtue of Paul Hastings' presence in China and representation of businesses there – a position with which the Committee does not agree – it is at most a "potential" adversity that will likely never come to be. As Collier's expresses it, representation of an interest that is only "potentially adverse to the estate" is not disqualifying.

10.     The Debtor also contends that Paul Hastings' past representation of entities related to the ultimate parent company of PAX in unrelated matters disqualifies the Trustee based on a lack of disinterestedness. The Debtor is mistaken.

11.     In the related context of retention of professionals under 11 U.S.C. § 327(a) (requiring disinterestedness and no interest adverse to the estate), the Second Circuit has made it clear that because section 327(a) is phrased in the present tense, a professional must be disqualified under that section "only if it presently hold[s] or represent[s] an interest adverse to the estate, notwithstanding any interests it may have held or represented in the past." *Bank*

4

*Brussels Lambert v. Coan* (*In re AroChem Corp.*), 176 F.3d 610, 623 (2d Cir. 1999).[3]  More particularly, past representation of a creditor of the estate will not serve as a basis for disqualifying a professional under section 327(a), a rule that is further supported by 11 U.S.C. § 327(c), which condones even concurrent representation of a creditor and the estate unless it is shown that there is an actual conflict of interest by the dual representation.  *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007).  *See also In re Ampal-American Israel Corp.*, 554 B.R. 604, 615-16 (S.D.N.Y. 2016) (past representation of creditor by trustee's proposed counsel not disqualifying).

12. Here, we have the more attenuated situation in which Paul Hastings has in the past represented, not PAX, but entities that are related to the ultimate parent of PAX in matters that are completely unrelated to this case.  Such representation does not in any way affect the Trustee's disinterested status.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Rule 60(b) Motion and grant such other or further relief as it may deem just, equitable and proper.

---

[3] As it is here, "[t]he disinterested" requirement, looking to the nonexistence of interests that are 'materially adverse' to the estate or any class of creditors, is subsumed … within the requirements of section 327(a) itself, requiring the absence of interests adverse to the estate." *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 470 (Bankr. S.D.N.Y. 2007).  Indeed, as noted there, "by adding a requirement that an adverse interest be 'materially adverse,' "section 101(14) imposes a requirement that is more forgiving of adverse interests than is section 327(a)," *i.e.,* by only making "***materially*** adverse" interests disqualifying under the definition of disinterestedness.  *Id.* (emphasis added).

Dated: Bridgeport, Connecticut
July 27, 2022

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF HO WAN KWOK**

By: */s/Irve J. Goldman*
Irve J. Goldman
Jonathan A. Kaplan
Pullman & Comley, LLC
850 Main Street, 8th Floor
PO Box 7006
Bridgeport, CT 06601-7006
(203) 330-2213
igoldman@pullcom.com

Its Attorneys

6

**CERTIFICATION OF SERVICE**

       I, Irve J. Goldman, herby certify that on the 27th day of July, 2022, a true and correct copy of the foregoing Objection to the Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee (the "Rule 60(b) Motion") was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF

       By:  */s/Irve J. Goldman*

ACTIVE/83201.1/IJG/10472826v1