UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------------X
: 
In re: : Chapter 11
: 
   Ho Wan Kwok, : Case No. 22-50073 (JAM)
: 
: 
: 
             Debtor.[1] : 
: 
---------------------------------------------------------------------X

### SUPPLEMENTAL BRIEF IN SUPPORT OF
### MOTION TO WITHDRAW APPEARANCE

Brown Rudnick LLP ("Brown Rudnick") hereby submits this supplemental brief in support of its *Motion to Withdraw Appearance* (the "Motion to Withdraw") (Docket No. 543).

As a preliminary note, Brown Rudnick continues to fully appreciate that (i) payment of any fees or costs from the estate to the firm will require submission of fee applications in accordance with Code Section 330 and all applicable Federal and Local Rules, and entry of an order allowing the same; and (ii) until entry of such order, Brown Rudnick is required to, and will, continue to hold its retainer in the amount of $948,164.80 in its segregated retainer account with its customary bank (JPMorgan Chase) in accordance with the Code and all applicable Rules. Brown Rudnick has confirmed these commitments to both the Chapter 11 Trustee and the Office of the United States Trustee, and has informed them that if either of them believes that additional confirmations, reports or arrangements are appropriate as to that retainer, Brown Rudnick will conform to the same.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

In further support of the Motion to Withdraw, Brown Rudnick states as follows:

## FACTUAL BACKGROUND

1. On February 15, 2022, Ho Wan Kwok (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code.

2. On March 16, 2022, the Debtor filed an application to employ Brown Rudnick as counsel (Docket No. 86), and an order approving the retention thereof was subsequently entered on April 29, 2022 (Docket No. 293).

3. On June 15, 2022, the Court entered an order directing appointment of a chapter 11 Trustee. Docket No. 465. The current chapter 11 trustee was appointed on July 7, 2022. Docket No. 514.

4. On July 11, 2022, substitute counsel appeared for the Debtor, noting that additional counsel would be retained and appear shortly. *See* Docket Nos. 530 (Notice of Appearance), 531 (objection to trustee appointment noting Debtor's "transition[] to new Chapter 11 counsel").

5. On July 13, 2022, Brown Rudnick filed its Motion to Withdraw, citing D. Conn. L. Civ. R. 7(e), made applicable to the above-captioned proceeding by Local Rule 9083-4 of the Local Rules of this Court and noting that substitute counsel had filed a Notice of Appearance in satisfaction of the Rules. Docket No. 543.

6. On July 14, 2022, additional counsel appeared on behalf of the Debtor. Docket Nos. 550-553.

## ANALYSIS

7. Withdrawal of attorneys is governed by D. Conn. L. Civ. R. 7(e). Local Rule 9083-4 (incorporating D. Conn. L. Civ. R. 7(e)). The rule states as follows:

> Withdrawals of appearances may be accomplished only upon motion, which normally **will not be granted except upon a showing that other counsel has appeared or** that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw. **In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists** for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

D. Conn. L. Civ. R. 7(e) (emphasis added).

8. It follows from the language of the Rule that the court will inquire into whether "good cause" exists for the withdrawal of the counsel of record only if "other counsel" has not appeared. Here, two substitute counsels have appeared for the Debtor. Withdrawal should be permitted on that basis alone pursuant to the Rule.

9. Regardless, even where "other counsel" does not appear, "district courts have typically considered" solely "whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.' " *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999)) (citing *Brown v. National Survival Games, Inc.*, No. 91–CV–221, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial .... granting the instant motion will not likely cause undue delay"); *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw when case is "on the verge of trial readiness"); *Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw and noting concern with litigation delay because it would be "too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees")); *see also, e.g., Lego A/S v. Best-Lock Construction Toys, Inc.*, 2019 WL 6770096, at *2

3

(D. Conn. Dec. 12, 2019) ("[i]n the instance case, because Murtha Cullina has made no "showing that other counsel has appeared" on behalf of Best-Lock, Murtha Cullina must establish that "good cause" exists for its withdrawal and that Best-Lock received appropriate notice explaining the implications of counsel's withdrawal on Best-Lock's defense in this action").

10. This case is not proceeding to a trial, and there are no time-sensitive proceedings that would be disrupted by Brown Rudnick's withdrawal. A chapter 11 trustee has been appointed; thus, the Debtor's rights and duties (and those of counsel) are comparatively circumscribed. The Debtor is represented by multiple counsel of record. Withdrawal of Brown Rudnick will not disrupt this Chapter 11 Case.

11. Good cause exists to grant the Motion to Withdraw.

[This space intentionally left blank.]

WHEREFORE, for the foregoing reasons, the undersigned respectfully requests that the Court grant leave to withdraw Brown Rudnick's appearance in the above-captioned case.

Dated: July 27, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Attn: Jeffrey L. Jonas, Esq. (*pro hac vice*)
Attn: Bennett S. Silverberg, Esq. (*pro hac vice*)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
  jjonas@brownrudnick.com
  bsilverberg@brownrudnick.com

64790593 v3

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Ho Wan Kwok, | : | Case No. 22-50073 |
|  | : |  |
| Debtor.[1] | : |  |
|  | : |  |

## CERTIFICATE OF SERVICE

I, William R. Baldiga, hereby certify that on the 27th day of July, 2022, Brown Rudnick LLP's Supplemental Brief in Support of Motion to Withdraw Appearance was sent by e-mail to all appearing parties by operation of the Court's electronic filing system

Dated: July 27, 2022

**BROWN RUDNICK LLP**

By: /s/ *William R. Baldiga*
BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone: (860) 509-6500
Facsimile: (860) 509-6653
Email: dkletter@brownrudnick.com

Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
      Jeffrey L. Jonas, Esq. (*pro hac vice*)
      Bennett S. Silverberg, Esq. (*pro hac vice*)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com
      jjonas@brownrudnick.com
      bsilverberg@brownrudnick.com

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.