**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                                        :

In re:                                             :    Chapter 11

HO WAN KWOK,                        :    Case No. 22-50073

           Debtor.                    :

---------------------------------------------------------------x

**SECOND SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS**
**OF LUC A. DESPINS**

I, Luc A. Despins, declare the following is true to the best of my knowledge, information, and belief:

1.    I submit this declaration (the "Second Supplemental Declaration") to supplement (a) the declaration submitted to the Court on July 7, 2022 [Docket No. 515-1] (the "Initial Declaration")[1] as part of the U.S. Trustee's request to appoint me as chapter 11 trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Debtor") pending before this Court (the "Chapter 11 Case"); and (b) the declaration submitted to the Court on July 12, 2022 [Docket No. 538] (the "First Supplemental Declaration" and, together with the Initial Declaration, the "Prior Declarations") and in further support of my application to approve the employment of Paul Hastings as counsel to the Trustee (the "Application"). I hereby supplement the Prior Declarations with respect to both my appointment as chapter 11 trustee and the retention of Paul Hastings, as follows:

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Initial Declaration.

2. On June 25, 2022, Paul Hastings was retained to represent Stephen A. Wynn in the civil litigation commenced by the United States Department of Justice (the "DOJ") against Mr. Wynn in May 2022 (the "DOJ Litigation"). That litigation solely involves the issue of whether Mr. Wynn is required to register as a foreign agent under the Foreign Agents Registration Act of 1938 and does not, in any way, concern the propriety of any action Mr. Wynn may or may not have taken with respect to the Debtor. *See* Complaint, *Att'y Gen. of U.S. v. Wynn*, No. 22-1372 (D.D.C. May 17, 2022). The only parties to the DOJ Litigation are the DOJ and Mr. Wynn, and Paul Hastings had no involvement in the activities of Mr. Wynn prior to the commencement of the DOJ Litigation.

3. I did not disclose Paul Hastings' representation of Mr. Wynn (the "Wynn Representation") in the Prior Declarations because I first learned of the Wynn Representation yesterday by reading the Debtor's objection, dated July 27, 2022, to the Application [Docket No. 622]. Paul Hastings' conflicts system did not reflect any connection between the Debtor and the Wynn Representation because the Debtor is not a party to or witness in the DOJ Litigation.

4. I believe that the Wynn Representation has no bearing on the retention of Paul Hastings as counsel to the Trustee (or, for that matter, on my appointment as Trustee). As noted above, the Debtor is not a party or even a witness in connection with the DOJ Litigation, and the interests of the Debtor will not in any way be affected by the outcome of the DOJ Litigation, and, in any event, the DOJ Litigation simply does not relate in any way to the Chapter 11 Case. Mr. Wynn is not a creditor or party in interest in connection with the Chapter 11 Case. The Debtor's estate will not be increased or decreased and the allowed claims against the Debtor will not fluctuate based on the outcome of the DOJ Litigation. I do not know Mr. Wynn and I have never

represented him. Further, out of an abundance of caution, Paul Hastings has established an ethical wall between the attorneys representing Mr. Wynn (based in Washington D.C.) and the attorneys representing the Trustee.

5. I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed July 28, 2022, at Greenwich, CT.

_/s/ Luc Despins_
Luc A. Despins

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK,                    :    Case No. 22-50073 (JAM)
:
Debtor.                       :
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2022, the foregoing Declaration was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated:     July 28, 2022
           New Haven, Connecticut

                              By: */s/ Patrick R. Linsey*
                                  Douglas S. Skalka (ct00616)
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  dskalka@npmlaw.com
                                  plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

  *and*

Nicholas A. Bassett *(*admitted *pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

  *and*

Avram E. Luft *(*admitted *pro hac vice)*
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Proposed Counsel for the Chapter 11 Trustee*