**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK,                                    :    Case No. 22-50073 (JAM)
:
Debtor.                                  :
:
---------------------------------------------------------------x

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE**

To the Honorable United States Bankruptcy Judge Julie A. Manning:

Luc A. Despins, in his capacity as trustee in the above-captioned case filed under chapter 11 of Title 11 of the United States Code (the "Trustee"), respectfully submits this omnibus reply (the "Reply") (a) in support of the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* [Docket No. 539] (the "Application")[1] and (b) in response to the objection to the Application filed by the Debtor [Docket No. 622] (the "Debtor's Objection") and the position statement with respect to the Application filed by Pacific Alliance Asia Opportunity Fund L.P. [Docket No. 618] (the "PAX Statement"). In support of the Reply, the Trustee states as follows:

---

[1] Capitalized terms used but not defined herein have the meanings set forth in the Application.

1. The Trustee does not believe that preparing a lengthy reply to the Debtor's Objection and the PAX Statement is a wise use of his time, as the Trustee's principal focus is the investigation of the Debtor's assets and financial affairs. The Trustee therefore reserves the bulk of his comments in response to the Debtor's Objection and the PAX Statement for the upcoming hearing on the Application scheduled for August 1, 2022 (the "Hearing"). The Trustee takes the opportunity afforded by this Reply to make the following brief comments.

I. **Debtor Issues**

2. First, as the Court alluded during the status conference held on July 21, 2022, debtors out of possession have no standing to be heard in connection with matters involving the Trustee's administration of the estate absent the expectation of a surplus. *See* Tr., July 21, 2022, at 42:21-24 ("[E]verybody knows . . . there's no money in this estate, so how do you have standing to argue anything[?]").² The Trustee's retention of counsel is just such a matter of estate administration, and, consequently, the Debtor has no standing to object to the Application. *See, e.g., Furlough v. Cage (In re Technicool Sys., Inc.*), 896 F.3d 382, 386 (5th Cir. 2018) (owner of chapter 7 debtor corporation had no standing to object to trustee's application to employ special counsel because "[t]he order must burden his pocket before he burdens a docket").

3. Even putting aside the standing issue, the Debtor's Objection is completely without merit. The Debtor's Objection constitutes yet another effort by the Debtor to use issues that have no connection whatsoever to this chapter 11 case as a means to delay and distract the Trustee from his critical investigation of the Debtor's assets and financial affairs. The latest example relates to Paul Hastings' representation of Stephen A. Wynn in the civil litigation

---

² The relevant excerpt of the July 21, 2022 hearing transcript is attached hereto as Exhibit A.

commenced by the United States Department of Justice against Mr. Wynn in May 2022 (the "DOJ Litigation"), with respect to which Paul Hastings was retained on June 25, 2022. As further described in the *Second Supplemental Declaration of Disinterestedness of Luc A. Despins*, that litigation solely involves the issue of whether Mr. Wynn is required to register as a foreign agent under the Foreign Agents Registration Act of 1938 and does not, in any way, concern the propriety of any action Mr. Wynn may or may not have taken with respect to the Debtor. *See* Complaint, *Att'y Gen. of U.S. v. Wynn*, No. 22-1372 (D.D.C. May 17, 2022). The only parties to the DOJ Litigation are the DOJ and Mr. Wynn, and Paul Hastings had no involvement in the activities of Mr. Wynn prior to the commencement of the DOJ Litigation. The Debtor is not a party or even a witness in connection with the DOJ Litigation, and the interests of the Debtor will not in any way be affected by the outcome of the DOJ Litigation, and, in any event, the DOJ Litigation simply does not relate in any way to this chapter 11 case. Mr. Wynn is not a creditor or party in interest in connection with the Debtor's chapter 11 case. The Debtor's estate will not be increased or decreased and the allowed claims against the Debtor will not fluctuate based on the outcome of the DOJ Litigation. Further, out of an abundance of caution, Paul Hastings has established an ethical wall between the attorneys representing Mr. Wynn (based in Washington, D.C.) and the attorneys representing the Trustee.

## II.    PAX Issues

4.    Finally, the concerns set forth in the PAX Statement regarding the Trustee's ability to administer the estate in an economical manner (as he is required to do in the exercise of his fiduciary duties) provide no basis to challenge the terms of retention set forth in the Application.[3] Notably, at the core of the PAX Statement is a deeply unfair proposal that would

---

[3]    Tellingly, Pacific Alliance Asia Opportunity Fund L.P. ("PAX") is the only creditor to have challenged the terms of the Trustee's proposed retention of Paul Hastings. The official committee of unsecured creditors,

3

essentially have Paul Hastings bear not only the risk of not collecting assets, but also the risk of asset values being less than anticipated. However, this proposal contains nothing like the kind of "upside" that contingency counsel representing bankruptcy trustees typically receive, namely contingency fee arrangements under which counsel would be paid a percentage of amounts recovered, often in the 30% to 40% range. *See e.g.*, *In re Pearlman*, No. 6:07–bk–00761–KSJ, 2014 WL 1100223, at *3 (Bankr. M.D. Fl. Mar. 20, 2014) (approving 35% contingency fee arrangement for counsel to chapter 11 trustee); *In re Merry-Go-Round Enter's, Inc*., 244 B.R. 327, 341 (Bankr. D. Md. 2000) (finding 40% contingency fee for chapter 7 trustee's special litigation counsel, in the amount of approximately $70 million, to be reasonable); *In re Miller*, 620 B.R. 637, 644 (Bankr. E.D. Cal. 2020) (finding a 40% contingency fee reasonable for chapter 7 trustee special counsel); Order Authorizing Appointment of Attorney, *In re Flanagan*, No. 99-30565 (ASD) (Bankr. D. Conn. Apr. 4, 2003), [Docket No. 595] (approving contingency fee for chapter 7 trustee's counsel of 1/3 of amounts recovered and upon any appeal a contingency fee of 40%). Here, Paul Hastings is not seeking any upside incentive, just the payment of its regularly hourly rates. No one can deny that this is a purely contingent engagement at this stage as the likelihood of the collection of assets, the timing of such collection, and the ultimate value of assets collected are all speculative. The bottom line is that Paul Hastings will not get paid unless the Trustee collects assets, and no further adjustment to its proposed retention is appropriate given that contingency.

[*Remainder of page intentionally left blank.*]

---

which (unlike PAX) owes fiduciary duties to all unsecured creditors and would logically have the most reason for concern regarding the cost of the Trustee's counsel, has filed a response stating that it has no objection to the Application, *see* Docket No. 625, which response was joined by creditors Rui Ma, Zheng Wu, and Weican Meng. *See* Docket No. 630.

WHEREFORE, for the foregoing reasons, and for the additional reasons the Trustee will discuss at the Hearing, the Trustee respectfully requests that the Court overrule the Objections and enter the Proposed Order granting the relief requested in the Application and such other relief as is just and proper.

Dated:   July 28, 2022              LUC A. DESPINS,
         New Haven, Connecticut     CHAPTER 11 TRUSTEE

                                    By: */s/ Patrick R. Linsey*
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        plinsey@npmlaw.com

                                            *and*

                                        Nicholas A. Bassett *(admitted pro hac vice)*
                                        PAUL HASTINGS LLP
                                        2050 M Street NW
                                        Washington, D.C., 20036
                                        (202) 551-1902
                                        nicholasbassett@paulhastings.com

                                            *and*

                                        Avram E. Luft *(admitted pro hac vice)*
                                        Douglass Barron (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 318-6079
                                        aviluft@paulhastings.com

                                        *Proposed counsel for the Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

-------------------------------------------------------x
                                                       :
In re:                                                 :  Chapter 11
                                                       :
HO WAN KWOK,                                           :  Case No. 22-50073 (JAM)
                                                       :
        Debtor.                                        :
                                                       :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2022, the foregoing Reply, and all exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[4] Parties may access this filing through the Court's CM/ECF system.

Dated:      July 28, 2022
            New Haven, Connecticut

                                        By: */s/ Patrick R. Linsey*
                                            Douglas S. Skalka (ct00616)
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            dskalka@npmlaw.com
                                            plinsey@npmlaw.com

---

[4] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

*and*

Nicholas A. Bassett *(*admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(*admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Proposed Counsel for the Chapter 11 Trustee*

2

**Exhibit A**

```
               UNITED STATES BANKRUPTCY COURT
                  DISTRICT OF CONNECTICUT
                    BRIDGEPORT DIVISION


In Re                              *    Case No. 22-50073 (JAM)
                                   *
    HO WAN KWOK,                   *    Bridgeport, Connecticut
                                   *    July 21, 2022
            Debtor.                *
                                   *
* * * * * * * * * * * * * * * *
```

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor: | DYLAN P. KLETTER, ESQ.<br>Brown Rudnick, LLP<br>185 Asylum Street<br>Hartford, CT  06103 |
| | ERIC HENZY, ESQ.<br>AARON ROMNEY, ESQ.<br>Zeisler & Zeisler<br>10 Middle Street, 15th Floor<br>Bridgeport, CT  06604 |
| For HK International Funds<br>Investments (USA) Limited,<br>LLC: | STEPHEN M. KINDSETH, ESQ.<br>Zeisler & Zeisler<br>10 Middle Street, 15th Floor<br>Bridgeport, CT  06604 |
| For the Creditor, Pacific<br>Alliance Asia Opportunity<br>Fund, L.P.: | PETER FRIEDMAN, ESQ.<br>STUART M. SARNOFF, ESQ.<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
APPEARANCES Cont'd:

For the Creditor, Pacific        PATRICK M. BIRNEY, ESQ.
 Asia Alliance Opportunity       Robinson & Cole LLP
 Fund, L.P.:                     280 Trumbull Street
                                 Hartford, CT  06103

For the Creditors Committee:     IRVE GOLDMAN, ESQ.
                                 Pullman & Comley
                                 850 Main Street, 8th Floor
                                 Bridgeport, CT  06604

For the Creditor, Rui Ma,        KRISTEN MAYHEW, ESQ.
 Zheng Wu and Weican Meng:       McElroy Deutsch Mulvaney &
                                  Carpenter
                                 30 Jeliff Lane
                                 Southport, CT  06890

                                 CAROLLYNN H.G. CALLARI, ESQ.
                                 Law firm of Callari Partners
                                 One Rockefeller Plaza, 10th Fl.
                                 New York, NY  10020

Chapter 11 Trustee:              LUC A. DESPINS, ESQ.
                                 Paul Hastings, LLP
                                 200 Park Avenue
                                 New York, NY  10166

For the Chapter 11 Trustee:      DOUGLAS S. SKALKA, ESQ.
                                 PATRICK R. LINSEY, ESQ.
                                 Neubert, Pepe & Monteith, P.C.
                                 195 Church Street, 13th Floor
                                 New Haven, CT  06510

For the U.S. Trustee:            HOLLEY L. CLAIBORN, ESQ.
                                 Office of the United States
                                  Trustee
                                 The Giaimo Federal Building
                                 150 Court Street, Room 302
                                 New Haven, CT  06510
```

1           MR. HENZY:  Oh, it doesn't, Your Honor.

2           THE COURT:  Right.

3           MR. HENZY:  No.  I'm not -- I'm sorry.

4           THE COURT:  So how is 329 applicable?

5           MR. HENZY:  Oh, I -- under 329, I believe what
6    Attorney Claiborn was referring to, I still have to file the
7    statement required by 329 and Rule 2016(b).

8           THE COURT:  So if you're a debtor -- let's carry
9    your thought process out.  If you're no longer a debtor-in-
10   possession and you don't have to be subject to any of the
11   Court, any of the oversight of the Court that's in the
12   bankruptcy code or the rules, then why do you have standing
13   to say anything?

14          MR. HENZY:  Because I represent the debtor out of
15   possession.  The debtor out of possession --

16          THE COURT:  Okay.  You represent the debtor out of
17   possession.  In your Chapter 7 cases that you're talking
18   about, the Chapter 7 debtor has no standing unless and until
19   it's proven that there be some surplus for the Chapter 7
20   debtor.

21          And at this point, we all know -- everybody knows
22   -- Mr. Despins knows, he took on this assignment knowing
23   that there's no money in this estate, so how do you have
24   standing to argue anything.  If you take your argument to
25   its fullest extent, you're not subject to disinterestedness,