## **<u>EXHIBIT A</u>**

Trustee's Proposed Order (clean)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
                         :

In re:                         :   Chapter 11
                          :

    Ho Wan Kwok,         :   Case No. 22-50073 (JAM)
                          :

                          :

           Debtor.[1]       :

                          :
---------------------------------------------------------------------X

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] filed by the above-captioned debtor (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in this Chapter 11 Case, (b) approving procedures for submitting Proofs of Claim, (c) approving the Claim Form, and (d) approving the form of notice of the bar dates and manner of service thereof; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and the Trustee having been appointed in this Chapter 11 Case by order, dated July 8, 2022; and this Court having found that

---

[1]    The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion. At the time of the filing of the Motion, the Debtor was the debtor in possession. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to that order, the United States Trustee selected Luc A. Despins as the chapter 11 trustee (the "Trustee"). On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Trustee consents to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of this Chapter 11 Case shall file a proof of such claim in writing so that it is received on or before **October 28, 2022 at 11:59 p.m. (ET)** (the "General Bar Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date.

3.      The following procedures for the filing of Proofs of Claim shall apply:

a.      Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form

410 (the "<u>Official Form</u>");[3] and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.     All Proofs of Claim must be filed so as to be received on or before the General Bar Date by the Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court by the General Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

**Proofs of Claim may <u>not</u> be delivered by facsimile, telecopy, or electronic mail transmission.**

c.     Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or governmental units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the General Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the General Bar Date unless an exception identified in subsection (e) below applies.

d.     If the Trustee amends or supplements the Schedules of Assets and Liabilities (the "<u>Schedules</u>") after the Trustee's counsel gives notice of the General Bar Date, which is to be mailed under the terms of this Bar Date Order, then the Trustee shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the General Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing; provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

---

[3]   The Official Form can be found at <u>www.uscourts.gov/forms/bankruptcy-forms</u> on the official website for the United States Courts.

e.      The following persons are not required to file a Proof of Claim on or before the General Bar Date, solely with respect to the claims described below:

i.      any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

ii.     any person whose claim has been paid in full;

iii.    a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

iv.     a claim for which a separate deadline has been fixed by this Court;

v.      any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

vi.     any person not required to file a proof of claim pursuant to any order of this Court.

4.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this Chapter 11 Case.

5.      The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed form of publication notice (the "Publication Notice"), substantially in the form annexed hereto as **Annex III**, are approved.

6.      The following procedures are approved with respect to notice of the Bar Dates:

Within seven (7) business days after entry of this Order, the Trustee shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice to the following parties:

    i.    the United States Trustee;

    ii.    counsel to the Committee and counsel to any examiner appointed as as of the date of entry of the Bar Date Order;

    iii.    all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Trustee by any such creditor or by returned mail from the post office with a forwarding address; provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtor's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

    iv.    all parties actually known to the Trustee as having potential claims against the Debtor;

    v.    all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Trustee by any such counterparty or by returned mail from the post office with a forwarding address;

    vi.    the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);[4]

    vii.    the Internal Revenue Service, the Securities and Exchange Commission, the attorneys general for the states of Connecticut and New York, and local taxing authorities in Connecticut and New York;

    viii.    all persons or entities that have filed claims in this Chapter 11 Case (as of the date of entry of the Bar Date Order);

    ix.    all parties who have sent correspondence to the Court and that are listed on the Court's electronic docket for this Chapter 11 Case (as of the date of entry of the Bar Date Order);

---

[4]    The Debtor shall provide the Trustee with such information within 2 business days of entry of this Bar Date Order.

      x.     all parties who have sent correspondence to the Trustee regarding assets of, or claims against, the Estate.

      xi.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case (as of the date of entry of the Bar Date Order); and

      xii.   such additional persons and entities as deemed appropriate by the Trustee.

7.     The Trustee shall cause the Publication Notice to be published on one occasion in each of the following newspapers:

      a.    the *USA Today*;

      b.    *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

      c.    *The World Journal* (with the Publication Notice translated into Mandarin).

with such publication to occur no later than ten (10) business days after the entry of this Bar Date Order.

8.     The Debtor shall cause the Publication Notice to be posted, no later than seven business days after entry of this Bar Date Order, and at no expense to the Trustee or the Estate, (a) on his social media account on GETTR (i.e., the account known as @Miles), for a continuous period of no less than 48 hours and (b) on the homepage of GNews.org, for a continuous period of no less than 24 hours, for a continuous period of no less than 48 hours, in each case without modifying, in any way, the Bar Date notice and without adding any commentary with respect to such posting, whether such commentary is part of the same posting or added in any subsequent postings by, or at the direction of, the Debtor.

9.     The Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

10.    Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtor's creditors

of their rights and obligations in connection with any potential claims that they may have against the Debtor in this Chapter 11 Case.

11.     Nothing in this Bar Date Order shall prejudice the right of the Trustee or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in this Chapter 11 Case, reflected in the Schedules, or otherwise.

12.     Entry of this Bar Date Order is without prejudice to the right of the Trustee to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtor or be forever barred from so filing.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022
        Bridgeport, Connecticut                _____
                                               UNITED STATES BANKRUPTCY JUDGE

## **Annex I**

Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X

In re:

      Ho Wan Kwok,

            Debtor.[1]

-------------------------------------------------------------------X

Chapter 11

Case No. 22-50073 (JAM)

**NOTICE OF DEADLINES REQUIRING THE FILING OF**
**PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST HO WAN KWOK, A.K.A. GUO WENGUI, A.K.A. MILES KWOK**

On February 15, 2022 (the "Petition Date"), Mr. Ho Wan Kwok (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Debtor's chapter 11 case (the "Chapter 11 Case").

On August [__], 2022, the Bankruptcy Court entered an order (the "Bar Date Order") establishing **October 28, 2022 at 11:59 p.m. (ET)** (the "General Bar Date") as the last date and time for each person or entity (each as defined in the Bankruptcy Code), including governmental units (as defined in the Bankruptcy Code) to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in the Bankruptcy Code) against the Debtor in the Chapter 11 Case.[2]

The General Bar Date and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition Claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtor that arose before the Petition Date, i.e., February 15, 2022 (i.e., the Petition Date).

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

[2]    The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtor or to be able to share in distributions from the Debtor's estate if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or before the General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.    **WHAT TO FILE**

Enclosed with this notice is a Proof of Claim form for use in this Chapter 11 Case. You may utilize the Proof of Claim form(s) enclosed with this notice in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

3.    **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be received on or before **October 28, 2022 at 11:59 p.m. (ET)** by the Bankruptcy Court at the following address:

US Bankruptcy Court
District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the General Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

### 4.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the General Bar Date if you are:

  a.    any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

  b.    any person whose claim has been paid in full;

  c.    a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

  d.    a claim for which a separate deadline has been fixed by this Court;

  e.    any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

  f.    any person not required to file a proof of claim pursuant to any order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtor, but that may not have an unpaid claim against the Debtor. The fact that you have received this notice does not mean that you have a claim against the Debtor or that the Bankruptcy Court or the Debtor believe that you have a claim against the Debtor.

### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising from the rejection of an executory contract or unexpired lease you must file a Proof of Claim based on such rejection by the later of (i) the General Bar Date and (ii) the date that is thirty (30) days after entry of an order by the Bankruptcy Court approving such rejection.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the General Bar Date, unless an exception identified in section 4 above applies.

6.    **CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE GENERAL BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(c)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTOR, HIS PROPERTY, OR THIS ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS OF REORGANIZATION THAT MAY BE FILED IN THIS CHAPTER 11 CASE.

THE BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE GENERAL BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

7.    **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the Debtor on the Debtor's Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim form(s) regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtor (as authorized by the Bankruptcy Court) on account of your claim(s), then the enclosed Proof of Claim form(s) should reflect the net amount of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed on the Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the General Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtor's Chapter 11 Case, which may be accessed through the Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN
ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS
WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

Dated: _____, 2022

Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

and

Nicholas A. Bassett (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

and

Avram E. Luft (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*[Proposed] Counsel for the Chapter 11 Trustee*

## **<u>Annex II</u>**

Claim Form

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

| Fill in this information to identify the case: |
| --- |
| Debtor:       Ho Wan Kwok |
| United States Bankruptcy Court for the District of Connecticut |
| Case number: 22-50073 |

Official Form 410

# Proof of Claim

4/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, including administrative expense claims arising under Bankruptcy Code Section 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:    Identify the Claim

| 1. | Who is the current creditor? | |
| --- | --- | --- |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☐ No<br>☐ Yes.  From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | | Name | Name |
| | | Number      Street | Number      Street |
| | | City              State          ZIP Code | City              State          ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |
| 4. | Does this claim amend one already filed? | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____      Filed on _____<br>                                                                                                         MM  / DD  / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.  Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7.  How much is the claim?**   $_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9.  Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10.  Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11.  Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>                          MM / DD  / YYYY<br><br><br>_____<br>Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name  _____<br>        First name          Middle name          Last name<br><br>Title  _____<br><br>Company  _____<br>        Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br>        Number        Street<br>        _____<br>        City                    State      ZIP Code<br><br>Contact phone  _____    Email  _____ |

**<u>Annex III</u>**

Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------------------X
                                              :

In re:                                       :   Chapter 11

      Ho Wan Kwok,                  :   Case No. 22-50073 (JAM)

                Debtor.[1]        :

-------------------------------------------------------------------------------X

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

PLEASE TAKE NOTICE THAT:

On February 15, 2022 (the "Petition Date"), Mr. Ho Wan Kwok (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Debtor's chapter 11 case (the "Chapter 11 Case").

On August [__], 2022, the Bankruptcy Court entered an order (the "Bar Date Order") establishing **October 28, 2022 at 11:59 p.m. (ET)** (the "General Bar Date") as the last date and time for each person or entity (as defined in the Bankruptcy Code), including governmental units (as defined in the Bankruptcy Code) to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in the Bankruptcy Code) against the Debtor in the Chapter 11 Case.[2] Copies of the Proof of Claim form may be viewed and downloaded free of charge on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms. Copies of the Bar Date Order may be obtained upon written request to [proposed] counsel for the Trustee at douglassbarron@paulhastings.com.

All Proofs of Claim must be filed so as to be received on or before the General Bar Date by the Bankruptcy Court at the following address:

                    US Bankruptcy Court
                    District of Connecticut
                    Brien McMahon Federal Building
                    915 Lafayette Boulevard
                    Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the General Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court. **Proofs of claim sent by fax or email will not be accepted**.

To be properly filed, each Proof of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the form of Proof of Claim attached to the Bar Date Order or the Official Bankruptcy Form 410; and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this Chapter 11 Case.

If you require additional information regarding this Notice, you may contact the Trustee's [proposed] counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com. mailto:mujiinfo@donlinrecano.com**If you believe that you hold a claim against the Debtor, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.**

---

[1]   Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.
[2]   The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

**<u>Annex IV</u>**

Appendix K – Notice of Disputed, Contingent, or Unliquidated Claim

## NOTICE OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIM
## AND NOTICE OF DEADLINE FOR FILING PROOF OF CLAIM

To:  Claimant(s) Address(es)

Scheduled Claim Amount(s): $_____
Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

**[Note:** *All Claimants should be listed here, or an exhibit may be used to list each claimant, with their respective address and the amount of the claim scheduled as disputed, contingent, or unliquidated]*

1.  The Debtor scheduled your claim as indicated above.  Any creditor whose claim is scheduled as disputed, contingent, or unliquidated in the Debtor's Schedules filed on _____, 202__ (ECF No. _), and/or the Amended Schedules filed on _____, 202__ (ECF No. _), must file a proof of claim by _____, 202__.  Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any creditor required to file a proof of claim who fails to do so shall not be treated as a creditor with respect to such a claim for the purposes of voting on the Debtor's Plan and for distributions to creditors.

2.  Creditors who have already filed claims need not file them again.

3.  A proof of claim form is enclosed with this notice.

4.  Counsel to the Debtor shall file this completed notice listing all those creditors whose claim was not scheduled or whose claim was scheduled as disputed, contingent, or unliquidated in the Schedules and Amended Schedules (ECF Nos._) on or before _____, 202__.  Counsel to the Debtor shall also serve this notice on all affected parties by First Class Mail, postage prepaid on or before _____, 202__.  Counsel to the Debtor shall file a Certificate of Service indicating such compliance on or before _____, 202__.