# **EXHIBIT B**

Trustee's Proposed Order (blackline)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
                    :
In re:                         :    Chapter 11
                    :
     Ho Wan Kwok,         :    Case No. 22-50073 (JAM)
                    :
                    :
         Debtor.[1]          :
                    :
------------------------------------------------------------------X

**ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") in this chapter 11 case (the "Chapter 11 Case"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in this Chapter 11 Case, (b) approving procedures for submitting Proofs of Claim, (c) approving the Claim Form, and (d) approving the form of notice of the bar dates and manner of service thereof; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and the Trustee having been appointed in this Chapter 11 Case by order, dated July 8, 2022; and this Court having found that the Motion is a core proceeding pursuant to 28

---

[1]  The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2]  Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion. At the time of the filing of the Motion, the Debtor was the debtor in possession. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to that order, the United States Trustee selected Luc A. Despins as the chapter 11 trustee (the "Trustee"). On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

U.S.C. § 157(b), and that the ~~Debtor~~Trustee consents to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion ~~and the Kwok Declaration~~ and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as provided herein.

2.     Except as otherwise provided herein, all persons and entities~~,~~ (including, without limitation, individuals, partnerships, corporations, joint ventures, ~~and~~ trusts, and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of this Chapter 11 Case shall file a proof of such claim in writing so that it is received on or before [ ]**October 28**, **2022 at 11:59 p.m. (ET)** (the "General Bar Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date.

~~3.     Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before [August 31], 2022 at 11:59 p.m. (ET).~~

3.     ~~4.~~ The following procedures for the filing of Proofs of Claim shall apply:

a.     Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition

Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form") ;[3] ~~or filed electronically with the Court;~~ and (~~vi~~iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.    All Proofs of Claim must be filed so as to be received on or before the General Bar Date by the Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

~~b.~~ A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court by the ~~applicable~~General Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

**Proofs of Claim may <u>not</u> be delivered by facsimile, telecopy, or electronic mail transmission.**

c.    Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or ~~Governmental Units~~governmental units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the ~~applicable~~General Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the ~~applicable~~General Bar Date unless an exception identified in subsection (~~g~~e) below applies.

d.    If the ~~Debtor~~Trustee amends or supplements ~~his~~the Schedules of Assets and Liabilities (the "Schedules") after the ~~Debtor~~Trustee's counsel gives notice of the General Bar ~~Dates~~Date, which is to be mailed under the terms of this Bar Date Order, then the ~~Debtor~~Trustee shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the ~~applicable~~General Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing~~,~~; provided, however, that any

---

[3]   The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.

holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

e.     The following persons are not required to file a Proof of Claim on or before the ~~applicable~~General Bar Date, solely with respect to the claims described below:

i.     any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

ii.     any person whose claim has been paid in full;

iii.     a claim that has been allowed by an order of this Court entered on or before the ~~applicable~~General Bar Date;

iv.     a claim for which a separate deadline has been fixed by this Court;

v.     any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

vi.     any person not required to file a proof of claim pursuant to any order of this Court.

4.     ~~5.~~ Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this Chapter 11 Case.

5.     ~~6.~~ The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed form

of publication notice of (the 503(b)(9) Bar Date"Publication Notice"), substantially in the form annexed hereto as **Annex III** (the "503(b)(9) Bar Date Notice"), are approved.

7.   Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Debtor that arose or accrued on the Petition Date for which administrative expense priority is sought pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim"), shall file an application or motion seeking approval of the 503(b)(9) Claim as provided below so that it is received on or before the General Bar Date:

By overnight courier, first class mail, or hand delivery to:

Brown Rudnick LLP
c/o Uriel Pinelo, Esq.
Seven Times Square
New York, NY 10036

6.   8.  The following procedures are approved with respect to notice of the Bar Dates:

Within fiveseven (57) business days after entry of this Order, the DebtorTrustee shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice and 503(b)(9) Bar Date Notice to the following parties:

i.    the United States Trustee;

ii.   counsel to the Committee and counsel to any trustee and/or examiner then appointed as as of the date of entry of the Bar Date Order;

iii.  all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Trustee by any such creditor or by returned mail from the post office with a forwarding address; provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in

the Debtor's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

iv.    all parties actually known to the ~~Debtor~~Trustee as having potential claims against the Debtor;

v.    all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Trustee by any such counterparty or by returned mail from the post office with a forwarding address;

vi.    the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);[4]

vii.    the Internal Revenue Service ~~and all applicable Governmental Units~~, the Securities and Exchange Commission, the attorneys general for the states of Connecticut and New York, and local taxing authorities in Connecticut and New York;

viii.    all persons or entities that have filed claims in this Chapter 11 Case (as of the date of entry of the Bar Date Order);

ix.    all parties ~~that~~who have sent correspondence to the Court and that are listed on the Court's electronic docket for this Chapter 11 Case (as of the date of entry of the Bar Date Order);

x.    all parties who have sent correspondence to the Trustee regarding assets of, or claims against, the Estate.

xi.    ~~x.~~all parties who have requested notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case (as of the date of entry of the Bar Date Order); and

xii.    ~~xi.~~such additional persons and entities as deemed appropriate by the ~~Debtor~~Trustee.

~~9.    The Debtor may in his sole discretion, but shall not be required to, publish the Bar Date Notice in newspapers, trade journals, or similar publications.~~

---

[4]    The Debtor shall provide the Trustee with such information within 2 business days of entry of this Bar Date Order.

7. The Trustee shall cause the Publication Notice to be published on one occasion in each of the following newspapers:

      a. the *USA Today*;

      b. *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

      c. *The World Journal* (with the Publication Notice translated into Mandarin),

with such publication to occur no later than ten (10) business days after the entry of this Bar Date Order.

8. The Debtor shall cause the Publication Notice to be posted, no later than seven business days after entry of this Bar Date Order, and at no expense to the Trustee or the Estate, (a) on his social media account on GETTR (i.e., the account known as @Miles), for a continuous period of no less than 48 hours and (b) on the homepage of GNews.org, for a continuous period of no less than 24 hours, for a continuous period of no less than 48 hours, in each case without modifying, in any way, the Bar Date notice and without adding any commentary with respect to such posting, whether such commentary is part of the same posting or added in any subsequent postings by, or at the direction of, the Debtor.

9. ~~10.~~ The ~~Debtor~~Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

10. ~~11.~~ Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtor's creditors of their rights and obligations in connection with any potential claims that they may have against the Debtor in this Chapter 11 Case.

11.    ~~12.~~ Nothing in this Bar Date Order shall prejudice the right of the ~~Debtor~~Trustee or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in this Chapter 11 Case, reflected in the Schedules, or otherwise.

12.    ~~13.~~ Entry of this Bar Date Order is without prejudice to the right of the ~~Debtor~~Trustee to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtor or be forever barred from so filing.

13.    ~~14.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022
       Bridgeport, Connecticut

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Annex I</u>**

Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
                              :

In re:                          :   Chapter 11
                              :

    Ho Wan Kwok,            :   Case No. 22-50073 (JAM)
                              :

                              :

      Debtor.[1]                :
                              :
---------------------------------------------------------------------X

**NOTICE OF DEADLINES REQUIRING THE FILING OF**
**PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTOR**

The

**TO:  ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST HO WAN KWOK, A.K.A. GUO WENGUI, A.K.A. MILES KWOK**

On February 15, 2022 (the "Petition Date"), Mr. Ho Wan Kwok (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has. On July 8, 2022, the Bankruptcy Court entered an order (granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Debtor's chapter 11 case (the "Chapter 11 Case").

On August [__], 2022, the Bankruptcy Court entered an order (the "Bar Date Order") establishing [ ]**October 28**, 2022 at 11:59 p.m. (ET) (the "General Bar Date") as the last date and time for each person (or entity (each as defined in section 101(41) of title 11 of the United States Code (the "the Bankruptcy Code")), excludingincluding governmental units (as defined in the Bankruptcy Code section 101(27), the "Governmental Units") to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in Bankruptcy Code section 101(5)) (such deadline, the "General Bar Date")[2] against Mr. Ho Wan Kwok, the above captioned debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"). Please review the Notice Of 503(B)(9) Claims Bar Date To All Persons With Claims Against The Debtor for instructions related to the assertion of a claim arising underthe Bankruptcy Code section 503(b)(9) against the Debtor in the Chapter 11 Case.[2]

---

[1]   Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

[2]   The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

[2]   The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

The General Bar Date and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition Claims arising under ~~Bankruptcy Code~~ section 503(b)(9) of the Bankruptcy Code, against the Debtor that arose before the Petition Date, i.e., February 15, 2022 (~~i.e.,~~ the "Petition Date"~~), which was the date that the Debtor commenced this Chapter 11 Case. Governmental Units have until [August 31], 2022 at 11:59 p.m. (ET). (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates") as the deadline to file Proofs of Claim against the Debtor~~).

## 1.    WHO MUST FILE A PROOF OF CLAIM

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtor or to be able to share in distributions from the Debtor's estate if you have a claim that arose before the Petition Date, and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or before the ~~applicable~~General Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code ~~section 101(5)~~ and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    WHAT TO FILE

~~The Debtor~~Enclosed with this notice is ~~enclosing~~ a Proof of Claim form for use in this Chapter 11 Case. You may utilize the Proof of Claim form(s) ~~provided by the Debtor~~enclosed with this notice in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

## 3.    WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before [ ]**October 28**, **2022 at 11:59 p.m. (ET)** ~~(for all persons except Governmental Units), or so as to be received on or before [August 31], 2022 at 11:59 p.m. (ET) (for all Governmental Units~~) by the Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the ~~applicable~~General Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

### 4.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the ~~applicable~~General Bar Date if you are:

a.    any person whose claim is listed on the Schedules; if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

b.    any person whose claim has been paid in full;

c.    a claim that has been allowed by an order of this Court entered on or before the ~~applicable~~General Bar Date;

d.    a claim for which a separate deadline has been fixed by this Court;

e.    any person that already has filed a Proof of Claim against the Debtor in this Chapter 11 Case in a form that is substantially similar to the Official Form; or

f.    any person not required to file a proof of claim pursuant to any order of the Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtor, but that may not have an unpaid claim against the Debtor. The fact that you have received this notice does not mean that you have a claim against the Debtor or that the Bankruptcy Court or the Debtor believe that you have a claim against the Debtor.

### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising ~~out of~~from the rejection of an executory contract or unexpired lease ~~as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, then~~ you must file a Proof of Claim ~~by the applicable Bar Date. If you have a claim arising from the rejection of an executory contract or unexpired lease as to which the order authorizing~~based on such rejection ~~is dated after~~by the ~~date~~later of ~~entry of~~(i) the General Bar Date ~~Order, then you must file a Proof of Claim with respect to such claim by the dated fixed~~and (ii) the date that is thirty (30) days after entry of an order by the Bankruptcy Court ~~in the applicable order authorizing~~approving such rejection ~~of such contract or lease as the deadline for filing a Proof of Claim~~.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the ~~applicable~~General Bar Date, unless an exception identified in section 4 above applies.

**6.      CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE ~~APPLICABLE~~GENERAL BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CHAPTER 11 CASE AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(~~C~~c)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTOR, HIS PROPERTY, OR THIS ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS OF REORGANIZATION THAT MAY BE FILED IN THIS CHAPTER 11 CASE.

THE BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE GENERAL BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

**7.      THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the Debtor on the Debtor's Schedules.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim form(s) regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtor (as authorized by the Bankruptcy Court) on account of your claim(s), then the enclosed Proof of Claim form(s) should reflect the net amount of your claim(s).

As set forth above, if you agree with the nature, amount, and status of your claim as listed on the Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the ~~applicable~~General Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtor's Chapter 11 Case, which may be accessed through the Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

Dated: ~~April [ ]~~_____, 2022 (ct29437)

~~BROWN RUDNICK~~Patrick R. Linsey

NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP

By: ~~/s/ DRAFT~~
~~BROWN RUDNICK LLP~~
~~185 Asylum~~
2050 M Street ~~NW~~
~~Hartford, CT 06103~~
~~Attn: Dylan Kletter, Esq.~~
~~Telephone:  (860) 509-6500~~
~~Facsimile:  (860) 509-6653~~
~~Email:  dkletter@brownrudnick~~
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

~~Seven Times Square~~

____*and*

Avram E. Luft *(pro hac vice)*
Douglass Barron *(pro hac vice)*
PAUL HASTINGS LLP
200 Park Avenue
New York, ~~NY 10036~~New York 10166
~~Attn: William R. Baldiga, Esq. (pro hac pending)~~
~~Attn: Bennett S. Silverberg, Esq. (pro hac pending)~~
~~Attn: Uriel Pinelo, Esq. (pro hac pending)~~
~~Telephone:~~
(212) ~~209-4800~~318-6079
~~Facsimile:  (212) 209-4801~~

Email: wbaldiga@brownrudnick
aviluft@paulhastings.com
bsilverberg@brownrudnick.com
upinelo@brownrudnick.com

*[Proposed] Counsel for the Chapter 11 Trustee*