**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| Debtor. | : |  |

**DEBTOR'S OBJECTION TO MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY RULES 9014(C) AND 9016, QUASHING SUBPOENAS AND CONFIRMING THAT DEBTOR IS NOT ENTITLED TO DISCOVERY IN CONNECTION WITH DEBTOR'S MOTION FOR RELIEF FROM ORDER APPOINTING LUC A. DESPINS AS CHAPTER 11 TRUSTEE OR THE TRUSTEE'S APPLICATION TO EMPLOY PAUL HASTINGS LLP AS COUNSEL**

The debtor, Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., hereby Objects (the "Objection") to the July 25, 2022 Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Rules 9014(c) and 9016, Quashing Subpoenas and Confirming that Debtor is not Entitled to Discovery in Connection with Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee or the Trustee's Application to Employ Paul Hastings LLP as Counsel (the "Motion to Quash"). In support of his Objection, the Debtor represents as follows:

**INTRODUCTION**

1. This Court has not entered an order prohibiting the Debtor from conducting discovery in support of his July 15, 2022, Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee (the "Rule 9024 Motion"), (Doc. No. 561). Indeed, during the July 21, 2022, Status Conference before this Court the Debtor's counsel specifically asked the Court to enter an order prohibiting discovery if the Court was not going to permit the Debtor to take discovery in support of his Rule 9024 Motion:

> 4 I don't want to serve discovery and put people in
> 5 a position of having to file motions with the Court and have
> 6 the Court potentially have a hearing or not have a hearing
> 7 and rule on the motion to give me then whatever rights I
> 8 have with respect to the Court's ruling.
> 9 Which is why I -- for me, it would be much
> 10 preferable -- it may be preferable for other parties -- if
> 11 the Court's going to rule that is to rule that today and get
> 12 it out of the way.
> 13 THE COURT: Well, I'll consider that.
> 14 MR. HENZY: Thank you, Your Honor.

(*See* Transcript of July 21, 2022 Status Conference (the "July 21 Tran."), at 105:4-14).

2. The Court issued a Scheduling Order/Pretrial Order on July 22, 2022, (Doc. No. 596) (the "Scheduling Order") setting a number of matters down for hearing on August 1, 2022, including the Rule 9024 Motion, and establishing deadlines by which parties were to submit briefing. Significantly, the Scheduling Order, which entered the day after the Status Conference, is silent on the issue of discovery. Thus, far from prohibiting discovery, the Court left the Debtor to do "whatever [his counsel] think[s] is appropriate" as it related to discovery, *see* July 21, Tran. at 103:4-7, and the Debtor's counsel thus served discovery on Paul Hastings, LLP ("Paul Hastings"), the law firm of which the Trustee is a member.

3. The primary and only properly briefed basis for the relief sought in the Motion to Quash is this Court's purported prohibition on conducting discovery. Because no such prohibition exists, the Motion to Quash should be denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

   A. **The Appointment of the Chapter 11 Trustee, Filing of the Rule 9024 Motion and Issuance of the Subpoenas Sought to be Quashed**

4. On February 15, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

5. On June 15, 2022, this Court issued a Memorandum of Decision, *inter alia*, granting

2

Pacific Alliance Asia Opportunity Fund, L.P.'s ("PAX") Motion to Dismiss or, in the alternative, Partial Joinder to the USTs Motion for the Appointment of a Chapter 11 Trustee (Doc. No. 183) to the extent that it sought the appointment of a Chapter 11 trustee. (Doc. No. 465.)

6. On July 7, 2022, the UST filed a notice (the "Appointment Notice") appointing Luc A. Despins (the "Trustee") as the Chapter 11 trustee (Doc. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 515) (the "Appointment Application").

7. On July 8, 2022, only one day after the UST filed the Appointment Notice and the Appointment Application, this Court conducted a hearing on the Appointment Application (the "July 8 Hearing") at which the Court entered an Order Appointing Luc A. Despins as Chapter 11 Trustee (the "Appointment Order"). During the July 8 Hearing, the Trustee disclosed for the first time Paul Hastings' relationship with Pacific Alliance Group ("PAG"),[1] the parent company of PAX. (*See* Transcript of July 8 Hearing "July 8 Hearing Tran." at 6:15-25).

8. During the July 8 Hearing, the Debtor's then counsel stated that he could not, at that point, definitively say whether the Debtor would oppose the appointment of Mr. Despins:

> 6 MR. BALDIGA: I don't know yet. I think -- I'm
> 7 not sure we're going to have -- going to have any concerns.
> 8 But to the extent we do, I think it's premature to assess
> 9 what those would be exactly until we see the disclosure and
> 10 have an opportunity to talk to the client about that.

(July 8 Hearing Tran., at 12:6-10).

9. In response to Attorney Baldiga's concerns about the Trustee's disclosures, which the Trustee made for the first time on the record during the July 8 Hearing, the Court stated:

> THE COURT: I understand. I do understand what
> 22 you're saying.
> 23 But I'm talking about right now, today, the only
> 24 thing before the Court is the appointment of Mr. Despins as

---

[1] PAG was also subsequently identified as "PAG Holdings Limited."

3

>   25 the Chapter 11 trustee.
>   1       And no one has put forth any reason at this point
>   2 as to why that should not occur. And if it occurs and then
>   3 you find some reason, then you have remedies under the
>   4 bankruptcy code to address those reasons. . . .

(July 8 Hearing Tran., at 12:21-13:4). Based on the timing of the filing of the Appointment Notice, Appointment Application, and July 8 Hearing, there was no opportunity for the Debtor to conduct any meaningful analysis of the Appointment Application, let alone file an objection to commence a contested matter and thereafter conduct discovery. Requiring a debtor to articulate an objection to a Chapter 11 trustee's disinterestedness (or lack thereof) within twenty-four hours of receiving an admittedly incomplete and deficient disclosure, and within hours, at most, of receiving an incomplete verbal supplement to that deficient disclosure, is simply not fair.

10. On July 12, 2022, the Trustee filed the First Supplemental Declaration of Disinterestedness of Luc A. Despins (the "Supplemental Despins Declaration"), in which the Trustee stated that Paul Hastings represented "certain entities," which it defined as the "PAG Entities," that share a common parent with PAX. (Supplemental Despins Declaration, ¶ 2.) The Supplemental Despins Declaration does not disclose any details regarding Paul Hastings' representations of the PAG Entities, instead stating in conclusory fashion that they were in connection with "unrelated matters." (*Id.*) The Application does not provide any additional information concerning Paul Hastings' representation of the PAG Entities, or the relationship between them and PAX, even though Paul Hastings representation of the PAG Entities was ongoing at least as of May 2022. (Supplemental Despins Declaration, at ¶ 2).

11. On July 12, 2022, the Trustee also filed the Application of Chapter 11 Trustee for Entry of Order Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee (Doc. No. 539) (the "Application to Employ"). Annexed to the

4

Application to Employ is the Declaration Of Nicholas A. Bassett In Support Of Chapter 11 Trustee's Application For Entry Of An Order, Pursuant To Bankruptcy Rules 2014 and 2016, Authorizing And Approving Retention And Employment Of Paul Hastings LLP As Counsel To Chapter 11 Trustee (the "Bassett Declaration"). Notwithstanding the requirements of Bankruptcy Rule 2014(a) that a retention application be accompanied by "a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee," the Bassett Declaration itself merely "refers to the Despins Declaration" . . . "for a description of Paul Hastings' connections to potential parties in interest in the Chapter 11 case." (Bassett Declaration ¶ 19).

12. On July 15, 2022, one week after the appointment of the Trustee, the Debtor filed the Rule 9024 Motion. The Rule 9024 Motion seeks relief from the Appointment Order. (*See* July 8 Hearing Tran., at 12:21-13:4).

13. On July 20, 2022, the Trustee filed his Objection of Chapter 11 Trustee to Debtor's Motion for Relief From Order Appointing Luc A. Despins as Chapter 11 Trustee (the "Rule 9024 Motion Objection"). The filing of the Rule 9024 Motion Objection created a contested matter concerning the Rule 9024 Motion (the "Rule 9024 Motion Contested Matter").

14. In connection with the Rule 9024 Motion Contested Matter, on July 22, 2022, after the Scheduling Order issued, the Debtor served a document subpoena (the "Document Subpoena") and a deposition subpoena (the Deposition Subpoena" and collectively the "Subpoenas") on Paul Hastings, the law firm of which the Trustee is a partner and the entity that would have custody, possession and control of the documents and information the Debtor seeks to prosecute the Rule 9024 Motion.

15. The Subpoenas sought documents and testimony related to three discrete matters bearing on the Trustee's disinterestedness: (a) Paul Hastings' representation of and relationship with the PAG Entities, (b) Paul Hastings' representation of and relationship with UBS, AG and other UBS entities, and (c) Paul Hastings' (i) relationship with the government of the People's Republic of China and/or the Chinese Communist Party ("CCP"), (ii) representation of Chinese state-owned entities ("State-owned Entities"), and (iii) offices in China, including the regulation of those offices by the Chinese government. *See* Document Subpoena, at Schedule A, Requests 1, 4-5 (seeking information related to the PAG Entities); 6-7 (seeking information related to UBS), and 2-3, 8-10 (seeking information related to the China). The Deposition Subpoena seeks testimony concerning the Despins Declaration and Supplemental Despins Declaration (deposition topics 1-4), Paul Hastings' relationship with and representation of the PAG Entities (deposition topics 5-6), and UBS (deposition topics 7-8), and Paul Hastings' offices in China and its representation of State-owned Entities (deposition topics 9-13).[2]

16. The Document Subpoena required Paul Hastings to produce responsive documents by July 26, 2022, and the Deposition Subpoena required Paul Hastings to produce a corporate representative for a deposition on July 28, 2022. The Debtor was required to set short return dates for the Subpoenas because the information sought by the Subpoenas was to be utilized during the August 1, 2022, hearing the on the Rule 9024 Motion.

**B. The Debtor's Pending Claims Against UBS AG**

17. In addition to the relationships with the PAG Entities discussed *supra*, Paul Hastings also represents UBS AG and various other UBS entities. (*See* Declaration of Luc A.

---

[2] A copy of the Document Subpoena is attached to the Motion to Quash as Exhibit B; a copy of the Deposition Subpoena is attached to the Motion to Quash as Exhibit C.

Despins, Doc. No. 515-1 (the "Despins Declaration ¶ 7(c)").

18. The Debtor is a plaintiff in an action pending in the High Court of Justice of England and Wales Queen's Bench Division Commercial Court captioned *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, Case No: CL-2020-000345 (the "UBS Action").[3] The Plaintiffs in the UBS Action seek $500 million in damages from UBS. (UBS Action, Particulars of Claim, at ¶ 33(1), attached as Exhibit 1 to the Debtor's Objection to Application to Employ, Doc. No. 622-1). The sole defendant in the UBS Action is UBS AG. (*Id.*, at p. 1 (Caption); ¶ 5).

19. Paul Hastings has represented UBS AG and Paul Hastings continues to represent UBS affiliates. (*See* Despins Declaration ¶ 7(c)). Thus, the Debtor seeks to take discovery related to the relationship between Paul Hastings and UBS as that relationship impacts the Trustee's disinterestedness.

### C. The Interest of the Chinese Government in This Case and Paul Hastings' Failure to Disclose Chinese Interests

20. Rather than restate the substance of the portion of the Debtor's Objection to the Application to Employ that addresses the Interest of the Chinese Government in this Case and Paul Hastings' Failure to Disclose Chinese Interests, the Debtor incorporates paragraphs 19-36 of the Debtor's Objection to the Application to Employ as if fully stated herein. Doc. No. 622.

## II. JURISDICTION AND VENUE

21. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(A).

---

[3] The reference to UBS AG (London Branch) is to UBS AG's branch office in London which "by agreement of the parties [was] designated as the counterparty for all of the contracts relevant to the claim in [the UBS Action]." (UBS Action, Particulars of Claim, at ¶ 5).

Venue is proper in this Court for this case and this Motion pursuant to 28 U.S.C. §§ 1408 and 1409, respectively.

### III.   LEGAL BASIS FOR RELIEF

#### A.   The Court Did Not Enter an Order Prohibiting Discovery

22.     There is no dispute that the Debtor's opposed Rule 9024 Motion constitutes a contested matter, *see* Motion to Quash at ¶19 and authorities cited therein, and that Fed. R. Bankr. P. 9014(c) and 9016, and the discovery they provide for, are applicable to this contested matter. Indeed, the Trustee's only actually developed basis for quashing the Subpoenas is the wholly incorrect contention that this Court directed that the Debtor could not take any discovery in support of the Rule 9024 Motion. (Motion to Quash at ¶ 26 ("To the extent that the Court does not quash the Subpoenas . . . the Trustee reserves all rights and bases to challenge any discovery sought for any and all additional reasons not specifically stated herein, including, without limitation, the irrelevance, ambiguity, and over-breadth of particular requests or the extent to which particular requests or areas of inquiry seek to invade the attorney-client privilege or other applicable privileges and protections.")

23.     The Trustee completely ignores the extended colloquy between the Court and the Debtor's counsel regarding discovery wherein the Court, after initially stating that no discovery would be permitted, expressly declined to enter an order precluding the Debtor from taking discovery, instead instructing the Debtor's counsel: "[y]ou can do whatever you think is appropriate". (July 21. Tran. at 103:4-7).

24.     The Trustee also ignores that the Court did not enter any order precluding the Debtor from taking discovery despite the fact that the Debtor's counsel asked the Court multiple times to enter such an order if the Court had already decided not to permit discovery so that the

8

service of discovery would not result in the very motion practice in which the Trustee and Debtor are now engaged. (*See* July 21 Tran, at 102:23-103:7; 105:4-14).

25. Moreover, and significantly, when the Court did enter an order the day after the Status Conference, the order said nothing about discovery. *See generally* Scheduling Order. Thus, the Court did not enter an order precluding discovery on the Rule 9024 Motion. *see* Fed. R. Bankr. P. 9014(c).

26. Further, because the Trustee's Motion to Quash relies entirely on the false premise that the Court did enter an order precluding the Debtor from taking further discovery, the Court should deny the Motion to Quash and direct Paul Hastings to comply with the Document Subpoena by producing responsive documents within Five (5) days of the entry of an order denying the Motion to Quash. In addition, the Court should compel Paul Hastings to produce a corporate representative who is knowledgeable about the topics identified in the Deposition Subpoena and competent to testify on behalf of Paul Hastings for a deposition within seven (7) days of the date on which the Court enters an order denying the Motion to Quash.

### B. Compliance with the Subpoenas Does Not Present an Undue Burden

27. The Trustee half-heartedly argues that compliance with the Subpoenas would create an undue burden on Paul Hastings. First, the Subpoenas were served on Paul Hastings and to the extent there is any burden in complying with the Subpoenas that burden is on Paul Hasting, not the Trustee. Thus, only Paul Hastings has standing to move to quash the Subpoenas on the grounds of undue burden and it has not done so. *See Media v. Doe No. 4*, 12 civ. 2950 (JPO), 2012 U.S. Dist. LEXIS 170554, *5 (SDNY, Nov. 30, 2012) (denying defendant's motion to quash third-party subpoena on undue burden grounds because "the burden of literal compliance with this subpoena falls to third-party, Verizon"); *Piercy v. Wilhelmi*, No. 16-MC 43-NJR, 2016 U.S. Dist LEXIS

79102, *4, n.2 (S.D. Ill., June 17, 2016) ("Defendants, however, do not have standing to challenge the subpoenas on these [undue burden and relevance] grounds; only the non-party to whom the subpoena was directed can raise these challenges") (citing cases); *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-1222 (VAB), 2020 U.S. Dist. LEXIS 202603, *15-16 (D. Conn., Oct. 30, 2020) ("This Court need not depart from the Second Circuit's guidance, echoed in courts across this Circuit, that '[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.'") (bracket in original).

28. Second, the Trustee's argument regarding undue burden focuses nearly exclusively on compliance with the Debtor's requests that seek information about China, not even mentioning the PAG Entities or UBS. (*See* Motion to Quash, at ¶¶22-24). Thus, the Trustee has waived any argument that the Debtor's requests concerning the PAG Entities and UBS impose an undue burden on anyone.

29. Third, even if the Trustee had standing to assert that the Document Subpoena imposes an undue burden on Paul Hastings, he fails to establish that the Document Subpoena on Paul Hastings was unduly burdensome. *Sberbank of Russia v. Traisman*, 3:14cv216 (WWE), 2016 U.S. Dist. LEXIS 113351, *2-*3 (D. Conn., Aug. 23, 2016) ("The party seeking to quash a subpoena bears the burden to show that compliance with the subpoena will prove burdensome."). Indeed, the Trustee does not identify or articulate any burden that Paul Hastings would endure from complying with the requests that seek information concerning Paul Hastings' offices in China and its representation of, and relationships with State-owned Entities and the CCP, let alone an undue burden. Instead, in a classic example of whataboutism, the Trustee argues that Brown Rudnick also has relationships with China, which the Debtor did not raise when he retained Brown Rudnick. (Motion to Quash, at ¶ 23).

30.     The fact that Brown Rudnick may represent Chinese persons and entities has absolutely no relevance to whether Paul Hastings' significant relationships with China and State-owned Entities make the Trustee not disinterested. Likewise, the fact that certain Brown Rudnick attorneys authored a guide for Chinese companies investing in the United States on the very discrete subject of deal review by the Committee on Foreign Investment in the United States, *see* Motion to Quash, at 9, is not comparable to Paul Hastings operating three offices in China, representing numerous State-owned Entities, generating millions of dollars a year in revenue from those same entities, and at all times continuously operating those offices, subject to the unilateral approval of the Chinese government.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court (1) deny the Motion to Quash and enter an order compelling (i) Paul Hastings to comply with the Document Subpoena by producing responsive documents within Five (5) days of the date of the Court's Order and (ii) Paul Hastings to produce a corporate representative who is knowledgeable about the topics identified in the Deposition Subpoena and competent to testify on behalf of Paul Hastings for a deposition within seven (7) days of the date of the Court's order; and (2) grant such further relief as the Court deems just and proper.

---

[4] Based on its website, Brown Rudnick does not appear to maintain an office in China or more generally in Asia

Dated at Bridgeport, Connecticut on this 29th day of July, 2022.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ Aaron A. Romney*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
skindseth@zeislaw.com
aromney@zeislaw.com
Jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                     */s/ Aaron A. Romney*
                                                                     Aaron A. Romney (ct28144)