# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| Debtor. | : | |

**DEBTOR'S RESPONSE TO MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 541, 1108, AND 105, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) <u>GRANTING RELATED RELIEF</u>**

The debtor, Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., for his response to the Motion Of Chapter 11 Trustee For Entry Of Order, Pursuant To Bankruptcy Code Sections 363, 541, 1108, And 105, (A) Confirming That Chapter 11 Trustee Holds All Of Debtor's Economic Rights In Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee To Act In Any Foreign Country On Behalf Of The Estate, And (C) Granting Related Relief (the "Motion"), states as follows:

1. On February 15, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

2. On June 15, 2022, this Court issued a Memorandum of Decision, *inter alia*, granting PAX's Motion to Dismiss or, in the alternative, Partial Joinder to the UST's Motion for the Appointment of a Chapter 11 Trustee (Doc. No. 183) to the extent that it sought the appointment of a Chapter 11 trustee. (Doc. No. 465.)

3. On July 7, 2022, the UST filed a notice appointing Luc A. Despins (the "Trustee")

as Chapter 11 trustee (Doc. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 515) seeking the Court's approval of the appointment of the Trustee.

4. On July 8, 2022, the Court entered its Order Granting Appointment Of Chapter 11 Trustee (Doc. No. 523), granting the appointment of the Trustee as Chapter 11 trustee in the case.

5. The Debtor is not seeking to interfere with the Trustee's *legitimate* rights to identify and recover property of the estate. However, by the Motion, the Trustee seeks extremely broad relief with respect to, with one exception, unnamed entities. The Trustee seeks that relief on very short notice to the Debtor and on no notice to entities that may have rights with respect to the relief sought. Additionally, the Trustee fails to state the authority that entitles him to the relief sought.

6. The order sought by the Trustee provides that:

> the Trustee holds all of the Debtor's economic and governance rights, for the benefit of the Estate, with respect to all Debtor-Controlled Entities, including, without limitation, Genever (BVI). For the avoidance of doubt, the foregoing rights include the Trustee's authority to replace any existing officer, director, manager, or similar person of the Debtor-Controlled Entities. As part of the foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter 11 trustee in this Chapter 11 Case, as any such officer, director, manager, or similar person who has been removed.

Proposed Order ¶ 2. This is not a correct statement of the law and there is no legal authority—statutory or judicial—for this Court to enter the Trustee's proposed order.

7. To be clear, the Debtor does not dispute that the Trustee holds all of the Debtor's *economic rights*, in accordance with the Bankruptcy Code and as consistent with applicable non-bankruptcy law.

8. Other than Genever Holding Corporation (BVI) ("Genever BVI"), the identities of the so-called "Debtor-Controlled Entities" that the Trustee is seeking relief with respect to are not specified in the Motion.

9. With respect to *governance rights*, as the cases cited by the Trustee in the Motion

make clear, the governance rights that a trustee succeeds to is jurisdiction-specific and entity-specific. For example, in certain jurisdictions and depending on, *inter alia*, the operating agreement, a trustee of a debtor/member in a limited liability company does not obtain governance rights. Without identifying the specific Debtor-Controlled Entities and analyzing applicable non-bankruptcy law and any governing documents to evaluate the particular governance rights that the Trustee appropriately assumes versus those that he cannot, the Trustee seeks sweeping relief in a vacuum. As to any particular entity, such authority may not be justified. And the Trustee also seeks to be granted such unrestricted corporate authority with respect to entities that have not been put on notice and have not been granted a full and fair opportunity to be heard.

10. With respect to Genever (BVI), the Trustee makes no reference to the applicable law of the British Virgin Islands or the organization documents of Genever (BVI) to support the governance rights he seeks to assume, so there is no way to know whether the corporate authority sought by the Trustee with respect to Genever (BVI)—absolute and without limitation--is consistent with either.

11. Moreover, the very factual premise upon which the Trustee relies to claim corporate authority over Genever (BVI) is materially incomplete. In paragraph 14 of the Motion, the Trustee states that "[i]t is undisputed that the Debtor owns all of the equity in Genever (BVI)." As authority for that statement, the Trustee cites in footnote 4 of the Motion the Debtor's Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs at 4 (Doc. No. 77, the "Global Notes"), and the Trustee states: "The Debtor has asserted that he holds the equity in Genever (BVI) in trust for Bravo Luck Limited, the equity of which is owned by the Debtor's son. The Trustee is investigating to what extent this assertion is accurate." The full Global Note provides:

3

> The Debtor also has access to an apartment located at the Sherry-Netherlands Hotel, 781 Fifth Avenue, New York, NY 10022 (the "Apartment"). The cooperative shares in the Apartment are held by Genever Holdings LLC (the "US SPV"). The membership interests in the US SPV are held by Genever Holdings Corporation (the "BVI Company"). The Debtor holds all of the equity of the BVI Company; however, pursuant to a Declaration of Trust and Agreement, dated as of February 17, 2015 (the "Trust Date"), the Debtor holds such equity in trust for Bravo Luck Limited (the "Apartment Owner"). The Debtor's son owns the equity of the Apartment Owner. On or about the Trust Date, the Apartment Owner funded the US SPV with the purchase price for the Apartment. These funds came from entities owned or controlled by the Debtor's son and not from the Debtor.
>
> The US SPV commenced its own chapter 11 case before the United States Bankruptcy Court for the Southern District of New York on October 12, 2020 (Case No. 20-12411 (JLG)). The US SPV's disclosure statement with respect to its reorganization plan states that the US SPV "sought Chapter 11 relief . . . in the face of multiple court disputes relating primarily to the beneficial ownership of the Residence as between Bravo Luck Limited . . . and [Pacific Alliance Asia Opportunity Fund LP ("PAX")]." [Docket No. 165]. In litigation seeking to determine the ownership of the Apartment, the Apartment Owner contends that it is the beneficial owner of the Apartment. The ultimate ownership of the Apartment will be resolved outside of the US SPV's chapter 11 case. Before the BVI courts, PAX has sought the turnover of the US SPV's membership interests based upon its judgment (which remains under appeal) against the Debtor.
>
> The Apartment is currently marketed for sale by Sotheby's International Realty under the authority of Melanie L. Cyganowski, Esq., the US SPV's sales officer. For these reasons, the Debtor does not report the value of the Apartment as an asset.

Thus, it is disputed whether the Debtor *owns* all of the equity in Genever (BVI). That dispute has been an issue in Genever Holdings LLC's Chapter 11 case pending before Judge Garrity in the Southern District of New York, and pursuant to an order entered by Judge Garrity, it is contemplated that that dispute will be resolved in litigation in the BVI. *See* Order Granting Debtor's Second Renewed Motion To Approve The Revised Settlement Agreement, Doc. No. 165-1, Case No. 20-12411 (Bankr. S.D.N.Y. Jan 7, 2022). The party asserting that it is the owner of the equity in Genever (BVI), Bravo

4

Luck Limited, has not been put on notice of the relief sought by the Trustee in the Motion.

12. The order sought by the Trustee broadly provides that "to the extent the Trustee's exercise of economic and governance rights with respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business, such exercise is hereby approved, as there is sound business justification for the exercise of such rights, including because the Trustee holds all of the Debtor's economic and governance rights with respect to such entities for the benefit of the Estate." Proposed Order ¶ 2. Such blanket approval of unspecified action by the Trustee should not be authorized. The Trustee's requested sweeping authorization of out of the ordinary course action deprives the Debtor and all other parties-in-interest of a full and fair opportunity to analyze and be heard concerning contemplated actions by the Trustee. If the Trustee seeks to take action out of the ordinary course of business, then he should be required to seek the Court's authority to do so after notice and a hearing, as required by Bankruptcy Code section 363.

13. With respect to the Trustee's request to serve as a "foreign representative," the order sought by the Trustee provides that the:

> Trustee is hereby authorized to act, as the Debtor's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of (a) investigating, collecting, and recovering assets of the Debtor located in foreign countries, including relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities. Without limiting the foregoing, the Trustee is authorized, pursuant to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related to Genever (BVI) from the appropriate British Virgin Island ("BVI") entity holding such corporate documents.

Proposed Order ¶ 4. The Debtor has no objection to the Court authorizing the Trustee to act in foreign countries *on behalf of the estate* in any way permitted by the relevant applicable foreign

law, as provided in Bankruptcy Code section 1505. The Debtor does object to the Trustee being authorized to act as *his foreign representative*, that is not what the statute provides. For the reasons stated above, the Debtor objects to the Trustee exercising control over the Debtor-Controlled Entities, but only to the extent that such exercise would conflict with applicable non-bankruptcy law or relevant governing documents.

14. The order sought by the Trustee provides that "the Court respectfully requests the assistance of the foreign courts, including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis) with respect to the Trustee's exercise of corporate control over Genever (BVI)." Proposed Order ¶ 6. The Debtor would not tell this Court what it should or should not communicate to a foreign court, as that is of course completely within this Court's discretion. But this provision appears to be very open-ended and indefinite, and it appears to grant the Trustee the imprimatur of the Court with respect to "any request of the Trustee for relief" that the Trustee might make to a foreign court, even if the Court has no knowledge of any such request.

**WHEREFORE,** the Debtor respectfully requests that the Court deny the Motion consistent with this response and grant him such other and further relief as justice requires.

Dated at Bridgeport, Connecticut on this 29th day of July, 2022.

            **THE DEBTOR,**
            **HO WAN KWOK**

            */s/ Eric Henzy*
            Eric Henzy (ct12849)
            Stephen M. Kindseth (ct14640)
            Aaron A. Romney (ct28144)
            James M. Moriarty
            John L. Cesaroni (ct29309)
            10 Middle Street, 15th Floor
            Bridgeport, Connecticut 06604
            Telephone: (203) 368-4234

Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
skindseth@zeislaw.com
aromney@zeislaw.com
Jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Eric Henzy
                                                Eric Henzy (ct12849)