UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK,                                             :    Case No. 22-50073
                                                         :
         Debtor.                                         :
                                                         :
---------------------------------------------------------x

# FIRST SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS OF LUC A. DESPINS

I, Luc A. Despins, declare the following is true to the best of my knowledge, information, and belief:

1. I submit this declaration (the "First Supplemental Declaration") to supplement the declaration submitted to the Court on July 7, 2022 [Docket No. 515-1] (the "Initial Declaration")[1] as part of the U.S. Trustee's request to appoint me as chapter 11 trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Debtor") pending before this Court (the "Chapter 11 Case") and in further support of my application (to be filed contemporaneously herewith) to approve the employment of Paul Hastings as counsel to the Trustee. I hereby supplement the Intial Declaration as follows:

2. As I mentioned before the Court during the hearing held on July 8, 2022, in connection with the review procedures described in paragraph 4 of the Initial Declaration, certain Paul Hastings attorneys resident in Paul Hastings' Hong Kong office formerly represented certain entities (collectively, the "PAG Entities") which share a common ultimate parent (PAG

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Initial Declaration.



Debtor's Exhibit C

Holdings Limited) with Pacific Alliance Asia Opportunity Fund LP ("PAX")[2] in Unrelated Matters (as defined in the Initial Declaration to mean matters unrelated to the Debtor, his family members, or entities controlled by the Debtor or his family members), the most recent of which concluded in May of 2022 (the "PAG Unrelated Matters").[3]

3. Paul Hastings is a large multinational law firm with thousands of current and former clients. To put matters in perspective, Paul Hastings' fees collected in the PAG Unrelated Matters accounted for approximately 0.004% of Paul Hastings' fees collected for the firm's fiscal year ending January 31, 2022, approximately 0.02% of Paul Hastings' fees collected during the firm's three prior fiscal years ending January 31, 2022, and approximately 0.03% of Paul Hastings' fees collected during the firm's five prior fiscal years ending January 31, 2022.

4. Paul Hastings has not represented PAX and does not currently represent PAX or any entity related to PAX. I have never represented PAX or any entity related to PAX, and, in my capacity as Trustee, I am able to be adverse to PAX and so is Paul Hastings as PAX is not and was not a client of the firm and, in any event, even assuming, without conceding the point, that the PAG Entities and PAX would be treated as as one for conflict purposes, the PAG Entities are former clients in connection with Unrelated Matters. *See* Conn. R. Prof. Cond. 1.9 (Lawyer may be adverse to former client as long as new representation is not related to prior matter handled for former client.)

5. In addition, I supplement the Initial Declaration as follows:

---

[2] Put another way, PAX's indirect parent company, PAG Holdings Limited, is also the indirect parent company of the PAG Entities. To be clear, however, the PAG Entities are neither parent companies nor subsidiaries with respect to PAX.

[3] The names of the PAG Entities are PAG Real Estate Asia; PAG Assets (Real Estate) Limited; PAG Real Estate Investment Ltd.; BT Cayman Ltd.; Super Alliance Real Estate L.P.; and Sunstone KB (HKSAR) Ltd.

      a. One Paul Hastings attorney, James Bliss, who is not currently a member of the team of attorneys assigned to represent the Trustee, worked at the law firm of Schatz & Schatz, Ribicoff & Kotkin ("Schatz & Schatz"), in Hartford, Connecticut, as a summer associate (in 1994) and first-year associate (in 1995-1996), at a time when, the Honorable Julie A. Manning was also employed at Schatz & Schatz.

6.     To the best of my knowledge, information, and belief, based on the review procedures described in the Initial Declaration, Paul Hastings does not have any "connection" to the parties in interest identified on Schedule 1 to the Initial Declaration, except as described in the Initial Declaration and this First Supplemental Declaration. Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure. Out of an abundance of caution, I have disclosed in the Initial Declaration, and am disclosing in this First Supplemental Declaration, representations that are not, to my understanding, disqualifying or problematic under either section 327(a) of the Bankruptcy Code or applicable standards of professional ethics.

7.     For the reasons set forth in the Initial Declaration and this First Supplemental Declaration, I believe that Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

8.     I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed July 12, 2022, at New York, New York.

*/s/ Luc A. Despins*
Luc A. Despins