**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                      :

In re:                      :    Chapter 11
                      :

HO WAN KWOK,        :    Case No. 22-50073 (JAM)
                      :

      Debtor.[1]        :
                      :
------------------------------------------------------x

### APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE

Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), respectfully states as follows in support of this application (the "Application"):

### RELIEF REQUESTED

1. By this Application, the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and approving the retention of Paul Hastings LLP ("Paul Hastings") as the Trustee's counsel effective as of the date of his appointment, *i.e.*, July 8, 2022. The Trustee also requests, pursuant to section 327(d) of the Bankruptcy Code, that he be authorized to act as one of the attorneys for the Debtor's estate.

2. In support of this Application, the Trustee submits the *Declaration of Nicholas A. Bassett in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rule 2014 and 2016, Authorizing*

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.



*and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* (the "Bassett Declaration"), attached hereto as **Exhibit B**, which is incorporated by reference.  In addition, this Application incorporates by reference the *Declaration of Disinterestedness of Luc A. Despins*, dated July 7, 2022 [ECF No. 515-1], as supplemented on July 12, 2022 [ECF No. 538] (the "Despins Declaration").

## JURISDICTION, VENUE, AND STATUTORY BASES

3.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and, to the extent applicable, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules").

## BACKGROUND

6.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

9.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

## PAUL HASTINGS' QUALIFICATIONS

10.      The Trustee seeks to retain Paul Hastings as his attorneys because of Paul Hastings' extensive experience and recognized expertise in the field of financial restructuring and bankruptcy and other relevant practice areas.  As one of the largest law firms in the world, with a national and an international practice, Paul Hastings has substantial experience in virtually all aspects of the law that may arise in the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, securities, and tax expertise, both in a domestic and international context.

11.      Paul Hastings' Financial Restructuring Group is capable of providing an array of services to assist the bankruptcy estate and its creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances.  In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of Enron, Lehman Brothers, Refco, Eagle Hospitality, Cred, Semi-Tech (a/k/a Singer); Safety-Kleen; AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Dictaphone;

3

Education Holdings 1; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Reddy Ice; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role as counsel to the Official Committee of Unsecured Creditors in Puerto Rico's cases under Title III of PROMESA.

12.     Of particular note, Paul Hastings lawyers also have extensive experience in complex bankruptcy litigation and international investigations, including as a result of their representations of the official committee of unsecured creditors in the Refco chapter 11 cases, the official committee of unsecured creditors in the Enron chapter 11 cases, the debtors in the Eagle Hospitality Group chapter 11 cases, the debtors in the Cred chapter 11 cases (the first cryptocurrency chapter 11 cases), the debtors in the Interlogic Outsourcing chapter 11 cases, as well as ad hoc groups of convertible noteholders in connection with their pursuit of assets of China Medical Technologies and American Oriental Bioengineering.  In addition, Paul Hastings attorneys previously represented James L. Garrity, Jr. (now Hon. James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York), as the chapter 11 trustee in the case of GSC Group (f/k/a Greenwich Street Capital), as well as James Hassett, as chapter 11 trustee in the case of CIS Corp.

4

13.     In addition, it is in the best interest of the Debtor's estate that the Trustee also be authorized to act as one of the attorneys for the Debtor's estate.[2]  Mr. Despins is the Co-chair of Paul Hastings Financial Restructuring Group.  Mr. Despins is a bankruptcy practitioner with over 35 years of experience representing debtors and creditors, including many of the debtors, committees, and creditors identified above, including Enron, Lehman Brothers, Refco, Eagle Hospitality, Semi-Tech (a/k/a Singer), Safety-Kleen, and the chapter 11 trustee in the case of CIS Corp.

14.     Accordingly, the Trustee submits that Paul Hastings' retention as bankruptcy counsel, including authorizing him to act as one of the attorneys for the Debtor's estate pursuant to section 327(d) of the Bankruptcy Code, is necessary and in the best interest of the Debtor's estates.  Paul Hastings is both well-qualified and uniquely able to represent the Trustee in the Chapter 11 Case in an efficient and effective manner, including because the Trustee is also a partner of Paul Hastings and thus is intimately familiar with the experiences and expertise of Paul Hastings' attorneys.

## SERVICES TO BE PROVIDED

15.     The Trustee anticipates that Paul Hastings will render general legal services as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, and tax-related advice.  In particular, the Trustee has requested that Paul Hastings perform, among others, the following legal services:

(a)     advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

---

[2]    The Trustee will separately track his time spent as chapter 11 trustee and his time spent as one of the attorneys for the Debtor's estate.

(b)    advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

(c)    commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

(d)    preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

(e)    advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

(f)    advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

(g)    advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

(h)    advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(i)    assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

(j)    negotiating with parties in interest.

It is necessary and essential that the Trustee employs attorneys to render the foregoing professional services.  Paul Hastings has substantial expertise in all of these areas.

16.    By separate application, the Trustee will seek to retain Neubert, Pepe & Monteith, P.C. to serve as local Connecticut counsel.  In order to avoid any duplication of effort and provide services to the Trustee in the most efficient and cost-effective manner, Paul Hastings will coordinate with local counsel regarding their respective responsibilities in the Chapter 11 Case.

6

## PROFESSIONAL COMPENSATION

17.    Paul Hastings intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Case, subject to the Court's approval . The hourly rates and corresponding rate structure Paul Hastings will use in the Chapter 11 Case are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in other restructuring matters (with the exception of Puerto Rico's Title III cases), as well as similar complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases. Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters such as the present representation typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

18.    Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Currently, Paul Hastings' customary hourly rate ranges in the United States are as follows:

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| Partners | $1,310 – $1,935 |
| Of Counsel | $1,335 – $1,860 |
| Associates | $755 – $1,230 |
| Paralegals | $250 – $565 |

19.    Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. Paul Hastings' hourly

rates are subject to periodic adjustments to reflect economic and other conditions.[3] So long as Paul Hastings charges its regular hourly rates in effect at the time, the Trustee consents to Paul Hastings' annual and other periodic rate increases. In addition, in determining the level of compensation to be paid to Paul Hastings and its reasonableness, the Trustee compared Paul Hastings' hourly rates with the range of rates charged by other top firms in other large, complex, and international matters.

20.     The Trustee submits that Paul Hastings' hourly rates are reasonable, comparable to Paul Hastings' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals who offer the same services. This is especially true under the circumstances here where the Debtor' estate currently has no assets to pay professional fees. As a result, Paul Hastings is being retained, for all practical purposes, on a contingency basis—*i.e.*, its compensation will depend on whether assets are eventually brought into the Debtor's estate (which, in turn, will depend on the extent to which Paul Hastings and the Trustee are successful in recovering assets for the benefit of the Debtor's estate and its creditors).

21.     Based on my experience, a typical contingency fee arrangement where no estate assets are available to fund the compensation of counsel to the trustee would far exceed the hourly rates charged by Paul Hastings (which Paul Hastings would be charging here) for engagements where compensation is not contingent on assets being brought into the estate.

---

[3]   For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of:  (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines").  As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

22.    It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges.  Paul Hastings will charge the Trustee for these expenses in a manner and at rates consistent with charges generally made to its other clients.

23.    To ensure compliance with applicable deadlines in the Chapter 11 Case, from time to time the firm utilizes the services of overtime assistants.  Paul Hastings charges fees for such administrative services that arise out of business necessity.

## PAUL HASTINGS' DISINTERESTEDNESS

24.    The Despins Declaration discloses Paul Hastings' connections to the Debtor and potential parties in interest in the Chapter 11 Case and are incorporated in this Application by reference.  In reliance on the Despins Declaration, and except as set forth therein, the Trustee believes that: (a) Paul Hastings has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) neither Paul Hastings nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.  Therefore, the Trustee believes that Paul Hastings is a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

25.    Paul Hastings will review its files periodically during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Paul Hastings will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF

26.    The Trustee seeks to retain Paul Hastings as his attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to court approval may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."  In addition, pursuant to section 327(d) of the Bankruptcy Code, the Court "may authorize the trustee to act as attorney . . . for the estate if such authorization is in the best interest of the estate."

27.    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

28.    Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United

10

States trustee, or any person employed in the office of the United
States trustee.

29.    As required by Bankruptcy Rule 2014(a), this Application, along with the Bassett

Declaration and the Despins Declaration, sets forth: (a) the specific facts establishing the

Trustee's need to employ Paul Hastings as counsel in the Chapter 11 Case and the reasons for the

Trustee's selection of Paul Hastings, including that it is in the best interest of the estate that he be

authorized to act as one of the attorneys for the Debtor's estate; (b) the professional services to

be rendered by Paul Hastings; (c) Paul Hastings' compensation and the reasonableness thereof;

and (d) to the best of the Trustee's knowledge, Paul Hastings' connection, if any, to certain

parties in interest in the Chapter 11 Case.

30.    Finally, the Trustee requests that the retention of Paul Hastings be authorized and

approved effective as of the date of the Trustee's appointment, *i.e.*, July 8, 2022, which was also

the date on which Paul Hastings began providing services to the Trustee.  In accordance with

Local Rule 2014-1(b)(1), this Application is deemed contemporaneously filed with the

commencement of such services because this Application was filed within thirty (30) days after

the commencement of services.

31.    The Trustee submits that for all of the reasons stated in this Application, the

Bassett Declaration, and the Despins Declaration the proposed retention of Paul Hastings as the

Trustee's bankruptcy and restructuring counsel in the Chapter 11 Case falls squarely within the

scope of sections 327(a) and (d) and is warranted.  Accordingly, the Trustee respectfully requests

that the Court authorize the retention of Paul Hastings as counsel to the Trustee.

**NO PRIOR REQUEST**

32.    The Trustee has not previously sought the relief requested herein from this or any

other court.

11

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting

the relief requested in this Application and such other relief as is just and proper.

Dated:    July 12, 2022                    Chapter 11 Trustee in Chapter 11 Case of Ho Wan
                                           Kwok


                                           _____
                                           Luc A. Despins

## EXHIBIT A

**Proposed Order**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

```
------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
HO WAN KWOK,                            :   Case No. 22-50073 (JAM)
                                        :
            Debtor.                     :
                                        :
------------------------------------------------------x
```

### ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE, EFFECTIVE AS OF PETITION DATE

Upon the application (the "Application")[1] of Mr. Luc A. Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), for the entry of an order (this "Order") authorizing and approving the Trustee to retain

and employ Paul Hastings LLP ("Paul Hastings") as his counsel effective as of July 8, 2022,

pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), all as

more fully set forth in the Application; and upon consideration of the Application, the Bassett

Declaration, and the Despins Declaration; and this Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the *Standing Order of Reference* from the United States District Court for the District of

Connecticut (as amended); and consideration of the Application and the relief requested therein

---

[1]   Capitalized terms used but not defined herein have the meanings set forth in the Application.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been given; and the Court having found that (i) the relief requested in the Application is in the

best interest of the Debtor's estate, its creditors, and all parties in interest, (ii) the legal and

factual bases set forth in the Application, the Bassett Declaration, the Despins Declaration, and

upon the record of any hearing on the Application before this Court establish just cause for the

relief granted herein, (iii) Paul Hastings is a "disinterested person," as defined in section 101(14)

of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Paul

Hastings does not hold or represent an interest adverse to the Debtors' estates; and due and

sufficient notice of the Application having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

hereby ORDERED THAT:

1.       The Application is granted as set forth herein.

2.       The Trustee is authorized to retain and employ Paul Hastings as his attorneys

effective as of July 8, 2022 on the terms set forth in the Application, the Bassett Declaration, and

the Despins Declaration.  In addition, the Trustee is authorized to act as one of the attorneys for

the Debtor's estate.  Paul Hastings (including the Trustee, in his role as counsel) will charge its

regular hourly rates in effect from time to time, as such rates may be increased periodically,

annually or otherwise.

3.       Paul Hastings is authorized to act as the Trustee's counsel and to perform those

services described in the Application.  Specifically, but without limitation, Paul Hastings is

authorized to render the following legal services:

     (a)    advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

     (b)    advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

     (c)    commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

     (d)    preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

     (e)    advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

     (f)    advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

     (g)    advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

     (h)    advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

     (i)    assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

     (j)    negotiating with parties in interest.

4.       The Debtor's estate shall be responsible for Paul Hastings' compensation and

reimbursement of expenses in the Chapter 11 Case.

3

5.      Allowance of any compensation for Paul Hastings shall be limited to the extent of

services actually performed, and expenses actually incurred, as attorney for the Trustee, and shall

not include compensation for the performance of any of the trustee duties that are generally

performed by a chapter 11 trustee without the assistance of an attorney.

6.      Paul Hastings shall provide no less than ten business days' notice to the Debtor,

the U.S. Trustee, and counsel to any official committee before any increases in the rates it

charges are implemented and shall file such notice with the Court.

7.      The Trustee and Paul Hastings are authorized and empowered to take all actions

necessary to effectuate the relief granted in this Order.

8.      The requirements of the Local Rules are satisfied by the contents of the

Application.

9.      To the extent the Application, the Bassett Declaration, or the Despins Declaration

is inconsistent with this Order, the terms of this Order shall govern.

10.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

11.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT B

**Bassett Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-----------------------------------------------------x
                                                     :
In re:                                               :    Chapter 11
                                                     :
HO WAN KWOK,                                         :    Case No. 22-50073 (JAM)
                                                     :
            Debtor.¹                                 :
                                                     :
-----------------------------------------------------x
```

**DECLARATION OF NICHOLAS A. BASSETT IN SUPPORT OF**
**CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER,**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330 AND**
**BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND**
**APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP**
**AS COUNSEL TO CHAPTER 11 TRUSTEE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), I, Nicholas A. Bassett, declare that the following is true to the best of my knowledge,

information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of New

York.  My application for admission *pro hac vice* to the United States Bankruptcy Court for the

District of Connecticut (the "Court") was filed on July 11, 2022 [ECF No. 533].

2.      I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located

at, among other offices worldwide, 200 Park Avenue, New York, New York, 10166, and am

duly authorized to make this declaration (this "Declaration") on behalf of Paul Hastings.  I

submit this Declaration in support of the *Application of Chapter 11 Trustee for Entry of an*

*Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rule 2014 and*

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are
9595.

*2016, Authorizing and Approving the Retention and Employment of Paul Hastings LLP as*

*Counsel to Chapter 11 Trustee* (the "<u>Application</u>")[2] submitted by Mr. Luc A. Despins, in his

capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan

Kwok (the "<u>Debtor</u>").

3.      The facts set forth in this Declaration are based upon my personal knowledge,

discussions with other Paul Hastings attorneys, and the firm's client/matter records that were

reviewed by me or other Paul Hastings attorneys.  To the extent any information disclosed in this

Declaration requires amendment or modification upon completion of Paul Hastings' further

review or as additional information becomes available, a supplemental declaration will be

submitted to the Court reflecting such amended or modified information.

### PAUL HASTINGS' QUALIFICATIONS

4.      Paul Hastings is particularly qualified to serve as the Trustee's counsel in this

chapter 11 case (the "<u>Chapter 11 Case</u>").  Paul Hastings is one of the largest law firms in the

world, with a national and an international practice, and has substantial experience in virtually all

aspects of the law that may arise in the Chapter 11 Case, including bankruptcy, litigation,

investigations, real estate, securities, and tax expertise.

5.      Paul Hastings' Financial Restructuring Group is capable of providing an array of

services to assist the bankruptcy estate and its creditors in maximizing values and ultimate

recoveries in a broad range of challenging circumstances.  In roles ranging from debtor's counsel

to committee counsel, Paul Hastings' lawyers have played a significant role in many of the

largest and most complex cases under the Bankruptcy Code, including, among many others, the

chapter 11 cases of Enron, Lehman Brothers, Refco, Eagle Hospitality, Cred, Semi-Tech (a/k/a

Singer); Safety-Kleen; AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores;

---

[2]      Capitalized terms used but not defined herein have the meanings set forth in the Application.

Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Dictaphone; Education Holdings 1; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Reddy Ice; Sabine Oil & Gas Corporation; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.  Paul Hastings' lawyers also play a lead role as counsel to the Official Committee of Unsecured Creditors in Puerto Rico's cases under Title III of PROMESA.

6.      Of particular note, Paul Hastings lawyers also have extensive experience in complex bankruptcy litigation and international investigations, including as a result of their representations of the official committee of unsecured creditors in the Refco chapter 11 cases, the official committee of unsecured creditors in the Enron chapter 11 cases, the debtors in the Eagle Hospitality Group chapter 11 cases, the debtors in the Cred chapter 11 cases (the first cryptocurrency chapter 11 cases), the debtors in the Interlogic Outsourcing chapter 11 cases, as well as ad hoc groups of convertible noteholders in connection with their pursuit of assets of China Medical Technologies and American Oriental Bioengineering.  In addition, Paul Hastings attorneys previously represented James L. Garrity, Jr. (now Hon. James L. Garrity, Jr., United States Bankruptcy Judge for the Southern District of New York), as the chapter 11 trustee in the case of GSC Group (f/k/a Greenwich Street Capital), as well as James Hassett, as chapter 11 trustee in the case of CIS Corp.

3

7.      In addition, Mr. Luc A. Despins is the Co-chair of Paul Hastings Financial Restructuring Group and a partner in the Corporate practice of Paul Hastings.  Mr. Despins is a bankruptcy practitioner with over 35 years of experience representing debtors and creditors, including many of the debtors, committees, and creditors identified above, including Enron, Lehman Brothers, Refco, Eagle Hospitality, Semi-Tech (a/k/a Singer), Safety-Kleen, and the chapter 11 trustee in the case of CIS Corp.

8.      Paul Hastings is both well-qualified and uniquely able to represent the Trustee in the Chapter 11 Case in an efficient and effective manner, including because the Trustee is also a partner of Paul Hastings and thus is intimately familiar with the experiences and expertise of Paul Hastings' attorneys.

## SERVICES TO BE PROVIDED

9.      Paul Hastings will render general legal services as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, and tax-related advice.  In particular, the Trustee has requested that Paul Hastings perform, among others, the following legal services:

    (a)    advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

    (b)    advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

    (c)    commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

    (d)    preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

4

(e)     advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

(f)     advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

(g)     advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

(h)     advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(i)     assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

(j)     negotiating with parties in interest.

## COMPENSATION OF PAUL HASTINGS

10.     Paul Hastings will apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval.  The hourly rates and corresponding rate structure Paul Hastings will use in the Chapter 11 Case are generally the same as the hourly rates and corresponding rate structure that Paul Hastings uses in similar matters (with the exception of Puerto Rico's Title III cases), as well as other complex transactional and litigation matters whether in court or otherwise, regardless of whether a fee application is required and regardless of the location of the chapter 11 cases.  Paul Hastings' rates and rate structure reflect that such restructuring and other complex matters such as the present representation typically are national and international in scope and involve great complexity, high stakes, and severe time pressures.

11.     Paul Hastings operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization,

the firm's expertise, performance, and reputation, the nature of the work involved, and other

factors. Paul Hastings' current customary hourly rate ranges in the United States are as follows:

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| Partners | $1,310 – $1,935 |
| Of Counsel | $1,335 – $1,860 |
| Associates | $755 – $1,230 |
| Paralegals | $250 – $565 |

12.    Paul Hastings' hourly rates are set at a level designed to compensate it fairly for

the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly

rates vary with the experience and seniority of the individuals assigned. I believe these rates are

reasonable and commensurate with the hourly rates of other firms of similar size and expertise.

Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other

conditions.[3]

13.    It is Paul Hastings' policy to charge its clients in all areas of practice for all

expenses incurred in connection with a client's matter. The expenses charged to clients include,

among other things, photocopying, witness fees, travel expenses, filing and recording fees, long

distance telephone calls, postage, express mail and messenger charges, computerized legal

research charges and other computer services, expenses for "working meals," and telecopier

charges. Paul Hastings will charge the Trustee for these expenses in a manner and at rates

consistent with charges generally made to its other clients.

---

[3]    For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and
paraprofessionals in the form of: (i) step increases historically awarded in the ordinary course on the basis of
advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's
current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the U.S.
Trustee Guidelines). As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to
the Debtors, the U.S. Trustee, and counsel to any official committee before implementing periodic increases,
and shall file any such notice with the Court.

14.     To ensure compliance with applicable deadlines in the Chapter 11 Case, from time to time the firm utilizes the services of overtime assistants. Paul Hastings charges fees for such administrative services that arise out of business necessity.

15.     Paul Hastings has agreed to accept as compensation for its services in the Chapter 11 Case such sums as may be allowed by this Court, based upon the time spent and services rendered, the difficulties encountered, and other appropriate factors.

16.     Paul Hastings currently charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies in its offices in the United States. Paul Hastings does not charge its clients for incoming facsimile transmissions. Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hardbound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

17.     Paul Hastings will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Case. Further, even though Appendix B of the U.S. Trustee Guidelines does not apply in this Chapter 11 Case because it only applies if the debtor's petition lists $50 million or more in assets and $50 million or more in liabilities, Paul Hastings also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the U.S. Trustee Guidelines in connection with the interim and final fee applications to be filed by Paul Hastings in the Chapter 11 Case.

18.     Paul Hastings has not received any promises as to payment or compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein. Moreover, Paul Hastings has not agreed to share any

7

of its compensation from the Debtor and/or his estate with any other person, other than the

partners, of counsel, associates, and staff employed by Paul Hastings as permitted by section 504

of the Bankruptcy Code. The proposed retention of Paul Hastings is not prohibited by

Bankruptcy Rule 5002.

### PAUL HASTINGS' CONFLICTS CHECK

19.    The Despins Declaration, which was prepared in connection with, and attached to,

the U.S. Trustee's *Application for Order Approving Appointment of a Chapter 11 Trustee* [ECF

No. 515], sets forth Paul Hastings' conflict review procedures and the steps performed to identify

not only the Trustee's but also Paul Hastings' connections to potential parties in interest in the

Chapter 11 Case. For a description of Paul Hastings' connections to potential parties in interest

in the Chapter 11 case, I refer to the Despins Declaration.

### STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

20.    Paul Hastings does not believe that Appendix B of the U.S. Trustee Guidelines

applies in this Chapter 11 Case because the debtor's petition does not list $50 million or more in

assets <u>and</u> $50 million or more in liabilities. In particular, the Debtor estimated the value of his

assets between $50,001 and $100,000. Nevertheless, Paul Hastings intends to make a reasonable

effort to comply with the U.S. Trustee's requests for information and additional disclosures set

forth in the U.S. Trustee Guidelines in connection with the interim and final fee applications to

be filed by Paul Hastings in the Chapter 11 Case, but reserves all rights as to their relevance and

substantive legal effect in connection with the Application or any application for compensation

in the Chapter 11 Cases. Paul Hastings provides the following response to the request for

information set forth in Paragraph D.1. of the U.S. Trustee Guidelines.

Question:    Did you agree to any variations from, or alternatives to, your
standard or customary billing arrangements for this engagement?

8

Response:     No.  Paul Hastings and the Trustee have not agreed to any variations from, or alternatives to, Paul Hastings' standard billing arrangements for this engagement.  That said, as discussed above, as a practical matter, Paul Hastings will only be compensated if and to the extent that there are assets in the Debtor's estate.

Question:     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
Response:     No.

Question:     If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
Response:     Paul Hastings did not represent the Trustee in the 12 months prepetition.

Question:     Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?
Response:     The Trustee and Paul Hastings are working together on a budget and staffing plan for the period from July 8, 2022 through September 30, 2022.


*[Remainder of page intentionally left blank.]*

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 12th day of July 2022

/s/ Nicholas A. Bassett
Nicholas A. Bassett