**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
                                                     :
In re:                                               :    Chapter 11
                                                     :
    Ho Wan Kwok,                 :    Case No. 22-50073 (JAM)
                                                     :
                                                     :
        Debtor.[1]   :
                                                     :
---------------------------------------------------------------------X

**CHAPTER 11 TRUSTEE'S NOTICE OF FILING REVISED PROPOSED
ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108,
AND 1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF
DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN
DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11
TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE,
AND (C) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 23, 2022, Mr. Luc A. Despins, in his capacity as

the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), filed the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy*

*Code Sections 363, 541, 1108, and 1505, (A) Confirming That Chapter 11 Trustee Holds All of*

*Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B)*

*Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C)*

*Granting Related Relief* [ECF No. 598] (the "Corporate Governance Rights Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised

proposed order granting the Corporate Governance Rights Motion.  The proposed order has been

---

[1]    The above-captioned debtor (the "Debtor") is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Corporate Governance Rights Motion.

revised to address the concerns raised in the Debtor's objection to the Corporate Governance Rights Motion as well as to resolve certain informal comments received by the Trustee.

  **PLEASE TAKE FURTHER NOTICE** that attached hereto as <u>**Exhibit 2**</u> is a blackline version of the revised proposed order marked to show the changes that have been made to the version attached to the Corporate Governance Rights Motion.

Dated:  July 31, 2022      LUC A. DESPINS,
     New Haven, Connecticut   CHAPTER 11 TRUSTEE

               By:  /s/Douglas S. Skalka
                Douglas S. Skalka (ct00616)
                Patrick R. Linsey (ct29437)
                NEUBERT, PEPE & MONTEITH, P.C.
                195 Church Street, 13th Floor
                New Haven, Connecticut 06510
                (203) 781-2847
                dskalka@npmlaw.com
                plinsey@npmlaw.com

                *and*

                Nicholas A. Bassett *(pro hac vice)*
                PAUL HASTINGS LLP
                2050 M Street NW
                Washington, D.C., 20036
                (202) 551-1902
                nicholasbassett@paulhastings.com

                *and*

                Avram E. Luft *(pro hac vice)*
                Douglass Barron *(pro hac vice)*
                PAUL HASTINGS LLP
                200 Park Avenue
                New York, New York 10166
                (212) 318-6079
                aviluft@paulhastings.com

                *Proposed counsel for the Chapter 11 Trustee*

2

## **Exhibit 1**

**Revised Proposed Order (clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                           :

In re:                      :     Chapter 11
                            :

HO WAN KWOK,           :     Case No. 22-50073 (JAM)
                            :

           Debtor.         :
                            :

-------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND 1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 363, 541, 1108, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), (a) confirming that the Trustee holds all of the Debtor's economic and corporate governance rights in all corporate entities owned and/or controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation, Genever Holdings Corporation ("Genever (BVI)") and granting related relief, (b) authorizing the Trustee to act in any foreign country on behalf of the Debtor's estate (the "Estate"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due

and sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

hereby ORDERED THAT:

    1.      The Motion is granted as set forth herein.

    2.      Effective as of entry of the order, dated July 8, 2022, granting the appointment of

Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523], the Trustee holds all of the

Debtor's economic and governance rights, for the benefit of the Estate, with respect to all

Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of

doubt, the foregoing rights include the Trustee's authority to replace any existing officer,

director, manager, or similar person of the Debtor-Controlled Entities.  As part of the foregoing,

to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter 11 trustee

in this Chapter 11 Case, as any such officer, director, manager, or similar person who has been

removed.

    3.      In accordance with sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the

Debtor is hereby directed to, respectively, (a) cooperate with the Trustee as necessary to enable

the Trustee to perform his duties, including, without limitation, the Trustee's investigation into

the assets of the debtor, and (b) surrender to the Trustee all property of the estate and any

recorded information, including, without limitation, books, documents, records, and papers

relating to property of the estate (including, without limitation, his shares in Genever (BVI) and

all related corporate governance documents).  In furtherance of the Debtor's duties under

sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to:

(a)     execute the share transfer form and the director's resolution with respect to the

Debtor's shares in Genever (BVI) in the forms attached hereto as **Exhibit A**

(leaving such documents in undated form) and deliver, within two business days

after entry of this Order, such executed documents to the Trustee (who will then

submit such documents to the registered agent for Genever (BVI) in the British

Virgin Islands ("BVI")); and

(b)     request, no later than two business days after entry of this Order, his counsel,

including, without limitation, the law firm of Harcus Parker Limited and any

former counsel (collectively, "UK Counsel"), in the litigation styled *Kwok Ho*

*Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London*

*Branch)*, Case No. CL-2020-000345, pending in the High Court of Justice,

Business and Property Courts of England and Wales, Queen's Bench Division,

Commercial Court (the "UBS Litigation"), to (i) immediately deliver to and share

with the Trustee all memoranda, advice, and other communications by UK

Counsel to the Debtor regarding the UBS Litigation, any other information

(whether in written form or not) regarding the merits of the UBS Litigation, and

any settlement offers received or made by the Debtor or UK Counsel in

connection with such litigation, and (ii) immediately provide the Trustee will full

access to UK Counsel's case file in the UBS Litigation as well as all pleadings

and other court documents filed in the UBS Litigation (in the case of both (i) and

(ii), regardless of whether such documents, communications, or information are

subject to any attorney-client privilege, work product, or other privilege and regardless of when such documents, communications, or information were made or created). In furtherance of the foregoing, the Debtor shall deliver, no later than two business days after entry of this Order, a copy of the letter in the form attached hereto as **Exhibit B** to the law firm of Harcus Parker Limited (with a copy thereof to be delivered to the Trustee). For the avoidance of doubt, the Trustee shall be deemed, for all purposes, to be the owner of the Debtor's claims asserted in the UBS Litigation.

4.      To the extent the Trustee's exercise of economic and governance rights with respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business, such exercise is hereby approved, as there is sound business justification for the exercise of such rights, including because the Trustee holds all of the Debtor's economic and governance rights with respect to such entities for the benefit of the Estate. Notwithstanding the applicability of any of Bankruptcy Rule 6004(h) or any other provisions of the Bankruptcy Rules or the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived. For the avoidance of doubt, nothing in this Order authorizes the Trustee to sell, otherwise dispose of, lease, or encumber any equity in Debtor-Controlled Entities or other assets of the Debtor.

5.      Pursuant to section 1505 of the Bankruptcy Code, the Trustee is hereby authorized to act, as the Estate's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of (a) investigating,

4

collecting, and recovering assets of the Debtor located in foreign countries, including relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities.  Without limiting the foregoing, the Trustee is authorized, pursuant to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related to Genever (BVI) from the appropriate BVI entity holding such corporate documents.

6.      The Debtor shall not interfere with, hinder, or delay the Trustee's exercise of the authority under this Order, including any action taken or to be taken by the Trustee in a foreign court on behalf of the Estate in furtherance of such authority.  To the extent the Debtor opposes the Trustee's exercise of such authority, the Debtor shall be limited to seeking relief from this Court (and not the relevant foreign court or other foreign entity, as the case may be) on notice to parties in interest, to the extent the Debtor can show that he has standing to do so.

7.      In furtherance of the Trustee's exercise of the authority under this Order, the Court respectfully requests the assistance of the foreign courts, including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis) with respect to the Trustee's exercise of corporate control over Genever (BVI).

8.      Nothing in this Order shall be deemed to authorize any particular action with respect to Genever Holdings LLC ("Genever (US)") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "Genever Court"). The Trustee shall appear before, and seek guidance from, the Genever Court to the extent the

Trustee's exercise of corporate governance rights with respect to Genever (US) would impact its chapter 11 case.

9.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit A

**Share Transfer Form and Director's Resolution**

# GENEVER HOLDINGS CORPORATION

**incorporated in the British Virgin Islands**
**Company No. 1862840**
(the *Company*)

---

### SHARE TRANSFER INSTRUMENT

---

I, **Ho Wan Kwok**, of [*insert address*] (the *Transferor*) DO HEREBY transfer to **Luc A. Despins, solely in his capacity as trustee in the chapter 11 case of Ho Wan Kwok**, of 200 Park Avenue, New York, New York 10166 (the *Transferee*), the 1000 shares of US$0.001 par value standing in my name in the share register of the Company.

This share transfer instrument is governed by British Virgin Islands law.

As witness the hand of the Transferor this _____ day of August, 2022.


Executed by                                     )
**Ho Wan Kwok**                              )    _____
                                                       )

This share transfer instrument is not subject to stamp duty in the British Virgin Islands unless the Company or its direct or indirect subsidiaries holds real property within the British Virgin Islands.  The Company will not treat the Transferee as the registered holder of any shares until the name of the Transferee has been entered in the share register of the Company.

**GENEVER HOLDINGS CORPORATION**
**Incorporated in the British Virgin Islands**
**Company No. 1862840**
(the ***Company***)

WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY

WHEREAS the Company has received a share transfer dated August _____, 2022 relating to the transfer of 1000 shares in the capital of the Company (the ***Shares***) executed by Ho Wan Kwok in favour of Luc A. Despins, solely in his capacity as trustee in the chapter 11 case of Ho Wan Kwok, of 200 Park Avenue, New York, New York 10166 (the ***Transferee***), together with a certificate representing the Shares (the ***Certificate***).

I, the undersigned, being the sole director of the Company, DO HEREBY ADOPT the following resolutions:

1. the transfer of the Shares be and is hereby approved;

2. the Certificate be and is hereby cancelled;

3. a new certificate relating to the Shares and signed by the director of the Company be issued under the common seal of the Company to the Transferee;

4. the registered agent of the Company be and is hereby authorised and directed to update the Company's share register; and

5. any of the foregoing which have been done on or before the date hereof be and are hereby adopted, ratified, confirmed and approved.

Ho Wan Kwok hereby confirms that he is the Transferor and therefore has an interest in and connection with the transactions contemplated by these resolutions.

I have executed this director's resolution this ……. day of August 2022.

_____

Ho Wan Kwok – Director

**<u>Exhibit B</u>**

**Letter to Harcus Parker Limited**

Ho Wan Kwok
*[insert address]*

August [___], 2022

**VIA EMAIL AND OVERNIGHT MAIL**

Harcus Parker Limited
7th Floor
Melbourne House
44 - 46 Aldwych
London, WC2B 4LL
Attn:   Jennifer Morrissey
Email: JMorrissey@harcusparker.co.uk

Re:     ***Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG
        (London Branch)**, Case No. CL-2020-000345 – Appointment of Trustee in Chapter
        11 Case of Ho Wan Kwok*

Dear Ms. Morrisey:

This is to confirm to you that Luc A. Despins has been appointed as the trustee (the "<u>Trustee</u>") in
my chapter 11 case, pending before the United States District Court for the District of
Connecticut (the "<u>U.S. Bankruptcy Court</u>").  All of my interests in the litigation against UBS AG
(London Branch) pending in in the High Court of Justice, Business and Property Courts of
England and Wales, Queen's Bench Division, Commercial Court (the "<u>UBS Litigation</u>") is
property of my bankruptcy estate.

Upon Mr. Despins' appointment as the Trustee, he exercises control over all property of the
bankruptcy estate, including the UBS Litigation, so that he now has authority and standing to
prosecute the UBS Litigation.  I have no authority or standing at this time to prosecute the UBS
Litigation.

In furtherance of the foregoing, and for the avoidance of doubt, I hereby expressly authorize you
to have full and complete discussions with Mr. Despins regarding the UBS Litigation, the merits
thereof, any related settlement discussions, and any other topics related to the prosecution of the
UBS Litigation, regardless of any attorney-client privilege, work product, or other privilege,
which I hereby fully waive for such purposes.

Among other things, and as detailed in the order of the U.S. Bankruptcy Court (a copy of which
is enclosed as <u>Exhibit 1</u>), I instruct you to (i) immediately deliver to and share with the Trustee all
memoranda, advice, and other communications by you to me regarding the UBS Litigation,
any other information (whether in written form or not) regarding the merits of the UBS
Litigation, and any settlement offers received or made by me or you in connection with such

1

litigation, and (ii) immediately provide the Trustee will full access to your case file in the UBS Litigation as well as all pleadings and other court documents filed in the UBS Litigation.

Sincerely,

_____

Ho Wan Kwok

cc: Luc A. Despins, in his capacity as trustee in the chapter 11 case of Ho Wan Kwok

Enclosure

**Exhibit 2**

**Revised Proposed Order (blackline)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

------------------------------------------------------x----
                                                      :
In re:                                 :    Chapter 11
                                                      :
HO WAN KWOK,                           :    Case No. 22-50073 (JAM)
                                                      :
            Debtor.                    :
                                                      :
------------------------------------------------------x----

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND 1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 363, 541, 1108, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), (a) confirming that the Trustee holds all of the Debtor's economic and corporate governance rights in all corporate entities owned and/or controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation, Genever Holdings Corporation ("Genever (BVI)") and granting related relief, (b) authorizing the Trustee to act in any foreign country on behalf of the Debtor's estate (the "Estate"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Effective as of entry of the order, dated July 8, 2022, granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523], the Trustee holds all of the Debtor's economic and governance rights, for the benefit of the Estate, with respect to all Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of doubt, the foregoing rights include the Trustee's authority to replace any existing officer, director, manager, or similar person of the Debtor-Controlled Entities.  As part of the foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter 11 trustee in this Chapter 11 Case, as any such officer, director, manager, or similar person who has been removed.

3.    In accordance with sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to, respectively, (a) cooperate with the Trustee as necessary to enable the Trustee to perform his duties, including, without limitation, the Trustee's investigation into the assets of the debtor, and (b) surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and

2

all related corporate governance documents).  In furtherance of the Debtor's duties under sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to:

(a) execute the share transfer form and the director's resolution with respect to the Debtor's shares in Genever (BVI) in the forms attached hereto as **Exhibit A** (leaving such documents in undated form) and deliver, within two business days after entry of this Order, such executed documents to the Trustee (who will then submit such documents to the registered agent for Genever (BVI) in the British Virgin Islands ("BVI")); and

(b) request, no later than two business days after entry of this Order, his counsel, including, without limitation, the law firm of Harcus Parker Limited and any former counsel (collectively, "UK Counsel"), in the litigation styled *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, Case No. CL-2020-000345, pending in the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "UBS Litigation"), to (i) immediately deliver to and share with the Trustee all memoranda, advice, and other communications by UK Counsel to the Debtor regarding the UBS Litigation, any other information (whether in written form or not) regarding the merits of the UBS Litigation, and any settlement offers received or made by the Debtor or UK Counsel in connection with such litigation, and (ii) immediately provide the Trustee will full access to UK Counsel's case file in the UBS Litigation as well as all pleadings and other court documents filed in the UBS Litigation (in the case of both (i) and (ii), regardless of whether such documents, communications, or information are

subject to any attorney-client privilege, work product, or other privilege and regardless of when such documents, communications, or information were made or created).  In furtherance of the foregoing, the Debtor shall deliver, no later than two business days after entry of this Order, a copy of the letter in the form attached hereto as **Exhibit B** to the law firm of Harcus Parker Limited (with a copy thereof to be delivered to the Trustee).  For the avoidance of doubt, the Trustee shall be deemed, for all purposes, to be the owner of the Debtor's claims asserted in the UBS Litigation.

4.    3. To the extent the Trustee's exercise of economic and governance rights with respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business, such exercise is hereby approved, as there is sound business justification for the exercise of such rights, including because the Trustee holds all of the Debtor's economic and governance rights with respect to such entities for the benefit of the Estate.  Notwithstanding the applicability of any of Bankruptcy Rule 6004(h) or any other provisions of the Bankruptcy Rules or the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.  For the avoidance of doubt, nothing in this Order authorizes the Trustee to sell or, otherwise dispose of, lease, or encumber any equity in Debtor-Controlled Entities or other assets of the DebtorsDebtor.

5.    4. Pursuant to section 1505 of the Bankruptcy Code, the Trustee is hereby authorized to act, as the DebtorEstate's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of (a) investigating,

collecting, and recovering assets of the Debtor located in foreign countries, including relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities.  Without limiting the foregoing, the Trustee is authorized, pursuant to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related to Genever (BVI) from the appropriate ~~British Virgin Island ("~~BVI~~")~~ entity holding such corporate documents.

6. ~~5.~~ The Debtor shall not interfere with, hinder, or delay the Trustee's exercise of the authority under this Order, including any action taken or to be taken by the Trustee in a foreign court on behalf of the Estate in furtherance of such authority.  To the extent the Debtor opposes the Trustee's exercise of such authority, the Debtor shall be limited to seeking relief from this Court (and not the relevant foreign court or other foreign entity, as the case may be) on notice to parties in interest, to the extent the Debtor can show that he has standing to do so.

7. ~~6.~~ In furtherance of the Trustee's exercise of the authority under this Order, the Court respectfully requests the assistance of the foreign courts, including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis) with respect to the Trustee's exercise of corporate control over Genever (BVI).

8. ~~7.~~ Nothing in this Order shall be deemed to authorize any particular action with respect to Genever Holdings LLC ("Genever (US)") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "Genever Court"). The Trustee shall appear before, and seek guidance from, the Genever Court to the extent the

Trustee's exercise of corporate governance rights with respect to Genever (US) would impact its chapter 11 case.

9. 8. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10. 9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. 10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                         :
In re:                                   :   Chapter 11
                                         :
HO WAN KWOK,                             :   Case No. 22-50073 (JAM)
                                         :
                    Debtor.              :
                                         :
------------------------------------------------------x
```

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on July 31, 2022, the foregoing Notice, and all exhibits and attachments thereto, was electronically filed.  Notice of this filing will be sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  Parties may access this filing through the Court's CM/ECF system.  The undersigned further certifies that on July 31, 2022 a copy of the Notice was sent to Bravo Luck Limited by email to its counsel as follows:

> Francis J. Lawall
> Troutman Pepper Hamilton Sanders LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103-2799
> Francis.lawall@troutman.com

---

[3] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice will be made on the next business day.

Dated:    July 31, 2022                    LUC A. DESPINS,
          New Haven, Connecticut           CHAPTER 11 TRUSTEE


                                           By:  /s/Douglas S. Skalka
                                               Douglas S. Skalka (ct00616)
                                               Patrick R. Linsey (ct29437)
                                               NEUBERT, PEPE & MONTEITH, P.C.
                                               195 Church Street, 13th Floor
                                               New Haven, Connecticut 06510
                                               (203) 781-2847
                                               dskalka@npmlaw.com
                                               plinsey@npmlaw.com