UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                        :    Chapter 11
:
HO WAN KWOK,                      :    Case No. 22-50073 (JAM)
:
Debtor.                                :
:
---------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT
OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE,
EFFECTIVE AS OF PETITION DATE**

Upon the application (the "Application")[1] of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order") authorizing and approving the Trustee to retain and employ Paul Hastings LLP ("Paul Hastings") as his counsel effective as of July 8, 2022, pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), all as more fully set forth in the Application; and upon consideration of the Application, the Bassett Declaration, and the Despins Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein

---

[1]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Bassett Declaration, the Despins Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Paul Hastings does not hold or represent an interest adverse to the Debtors' estates; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; after due deliberation and sufficient cause appearing therefor and after a hearing held on August 1, 2022, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Trustee is authorized to retain and employ Paul Hastings as his attorneys effective as of July 8, 2022 on the terms set forth in the Application, the Bassett Declaration, and the Despins Declaration. In addition, the Trustee is authorized to act as one of the attorneys for the Debtor's estate. Paul Hastings (including the Trustee, in his role as counsel) will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, subject to court approval.

3. Paul Hastings is authorized to act as the Trustee's counsel and to perform those services described in the Application. Specifically, but without limitation, Paul Hastings is authorized to render the following legal services:

 (a) advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

 (b) advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

 (c) commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

 (d) preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

 (e) advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

 (f) advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

 (g) advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

 (h) advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

 (i) assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

 (j) negotiating with parties in interest.

4. The Debtor's estate shall be responsible for Paul Hastings' compensation and reimbursement of expenses in the Chapter 11 Case.

5. Allowance of any compensation for Paul Hastings shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Trustee, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a chapter 11 trustee without the assistance of an attorney.

6. Paul Hastings shall provide no less than ten business days' notice to the Debtor, the U.S. Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court. Any increase in rates are subject to approval by the Court.

7. The Trustee and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8. The requirements of the Local Rules are satisfied by the contents of the Application.

9. To the extent the Application, the Bassett Declaration, or the Despins Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 2nd day of August, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut