**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK,                                        :    Case No. 22-50073 (JAM)
                                                    :
       Debtor.                                     :
                                                    :
------------------------------------------------------x

**ORDER GRANTING
APPLICATION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING
RETENTION AND EMPLOYMENT OF NEUBERT, PEPE, & MONTEITH, P.C., AS
LOCAL AND CONFLICTS COUNSEL TO THE CHAPTER 11 TRUSTEE**

Upon the Application of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Neubert, Pepe & Monteith, P.C. ("NPM") as local counsel and, if necessary, conflicts counsel to the Chapter 11 Trustee, effective as of July 8, 2022 (the "Application"), and upon the Declarations of Patrick R. Linsey dated July 15, 2022 and July 26, 2022 (the "Linsey Declarations"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Linsey Declarations; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States

District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Linsey Declarations, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) NPM is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) NPM does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and after a hearing held on August 1, 2022, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Chapter 11 Trustee is authorized to retain and employ NPM as his attorneys effective as of July 8, 2022 on the terms set forth in the Application and the Linsey Declarations.

3. NPM is authorized to act as the Chapter 11 Trustee's local counsel and conflicts counsel and to perform those services described in the Application. Specifically, but without limitation, NPM is authorized to render the following legal services, as the Chapter 11 Trustee's local counsel and conflicts counsel:

    a. advising the Chapter 11 Trustee as to his rights, powers, and duties in the Chapter 11 Case;

b. advising the Chapter 11 Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

c. commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

d. preparing on behalf of the Chapter 11 Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

e. advising the Chapter 11 Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

f. advising and assisting the Chapter 11 Trustee in connection with any potential asset sales and property dispositions;

g. advising the Chapter 11 Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

h. advising the Chapter 11 Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

i. assisting the Chapter 11 Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

j. negotiating with parties in interest.

4. The Debtor's estate shall be responsible for NPM's compensation and reimbursement of expenses in the Chapter 11 Case.

5. The allowance of any compensation to be paid to NPM shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6. Allowance of any compensation for NPM shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7. NPM shall provide no less than ten business days' notice to the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8. The Chapter 11 Trustee and NPM are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10. To the extent the Application and the Linsey Declarations are inconsistent with this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 2nd day of August, 2022.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut