## Exhibit 2

**Revised Proposed Order (blackline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x----
                           :
In re:                        :     Chapter 11
                           :
HO WAN KWOK,          :     Case No. 22-50073 (JAM)
                           :
          Debtor.        :
                           :
------------------------------------------------------x----

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND 1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 363, 541, 1108, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), (a) confirming that the Trustee holds all of the Debtor's economic and corporate governance rights in all corporate entities owned and/or controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation, Genever Holdings Corporation ("Genever (BVI)") and granting related relief, (b) authorizing the Trustee to act in any foreign country on behalf of the Debtor's estate (the "Estate"), and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Effective as of entry of the order, dated July 8, 2022, granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523], the Trustee holds all of the Debtor's economic and governance rights, for the benefit of the Estate, with respect to all Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of doubt, the foregoing rights include the Trustee's authority to replace any existing officer, director, manager, or similar person of the Debtor-Controlled Entities.  As part of the foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter 11 trustee in this Chapter 11 Case, as any such officer, director, manager, or similar person who has been removed.

3.      In accordance with sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to, respectively, (a) cooperate with the Trustee as necessary to enable the Trustee to perform his duties, including, without limitation, the Trustee's investigation into the assets of the ~~debtor~~Debtor, and (b) surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and

all related corporate governance documents).  In furtherance of the Debtor's duties under sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to:

(a)     fill in all missing information and execute each of (i) the share transfer ~~form and~~instrument, (ii) the director's resolution with respect to the Debtor's shares in Genever (BVI), (iii) the transfer-in pack of Harneys Fiduciary, and (iv) the director's resolution related to the restoration of the Genever (BVI), execution of the transfer-in pack, and appointment of a new registered agent, in each case in the forms attached hereto as **Exhibit A** (leaving such documents in undated form) and deliver, within two business days after entry of this Order, such completed and executed documents to the Trustee (who will then submit such documents to the new registered agent for Genever (BVI) in the British Virgin Islands ("BVI")); and

(b)     request, no later than two business days after entry of this Order, his counsel, including, without limitation, the law firm of Harcus Parker Limited and any former counsel (collectively, "UK Counsel"), in the litigation styled *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, Case No. CL-2020-000345, pending in the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "UBS Litigation"), to (i) immediately deliver to and share with the Trustee all memoranda, advice, and other communications by UK Counsel to the Debtor regarding the UBS Litigation, any other information (whether in written form or not) regarding the merits of the UBS Litigation, and any settlement offers received or made by the Debtor or UK Counsel in

connection with such litigation, and (ii) immediately provide the Trustee ~~will~~with

full access to UK Counsel's case file in the UBS Litigation as well as all

pleadings and other court documents filed in the UBS Litigation (in the case of

both (i) and (ii), regardless of whether such documents, communications, or

information are subject to any attorney-client privilege, work product, or other

privilege and regardless of when such documents, communications, or

information were made or created).  In furtherance of the foregoing, the Debtor

shall deliver, no later than two business days after entry of this Order, a copy of

the letter in the form attached hereto as **Exhibit B** to the law firm of Harcus

Parker Limited (with a copy thereof to be delivered to the Trustee).  For the

avoidance of doubt, the Trustee shall be deemed, for all purposes, to be the owner

of the Debtor's claims asserted in the UBS Litigation.

4.       To the extent the Trustee's exercise of economic and governance rights with

respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business,

such exercise is hereby approved, as there is sound business justification for the exercise of such

rights, including because the Trustee holds all of the Debtor's economic and governance rights

with respect to such entities for the benefit of the Estate.  Notwithstanding the applicability of

any of Bankruptcy Rule 6004(h) or any other provisions of the Bankruptcy Rules or the Local

Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the

District of Connecticut to the contrary, the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry, and any applicable stay of the

effectiveness and enforceability of this Order is hereby waived.  For the avoidance of doubt,

nothing in this Order authorizes the Trustee to sell, otherwise dispose of, lease, or encumber any equity in Debtor-Controlled Entities or other assets of the Debtor.

5.      Pursuant to section 1505 of the Bankruptcy Code, the Trustee is hereby authorized to act, as the Estate's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of (a) investigating, collecting, and recovering assets of the Debtor located in foreign countries, including relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities.  Without limiting the foregoing, the Trustee is authorized, pursuant to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related to Genever (BVI) from the appropriate BVI entity holding such corporate documents.

6.      The Debtor shall not interfere with, hinder, or delay the Trustee's exercise of the authority under this Order, including any action taken or to be taken by the Trustee in a foreign court on behalf of the Estate in furtherance of such authority.  To the extent the Debtor opposes the Trustee's exercise of such authority, the Debtor shall be limited to seeking relief from this Court (and not the relevant foreign court or other foreign entity, as the case may be) on notice to parties in interest, to the extent the Debtor can show that he has standing to do so.

7.      In furtherance of the Trustee's exercise of the authority under this Order, the Court respectfully requests the assistance of the foreign courts, including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis) with respect to the Trustee's exercise of corporate control over Genever (BVI).

8.      Nothing in this Order shall be deemed to authorize any particular action with respect to Genever Holdings LLC ("Genever (US)") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "Genever Court"). The Trustee shall appear before, and seek guidance from, the Genever Court to the extent the Trustee's exercise of corporate governance rights with respect to Genever (US) would impact its chapter 11 case.

9.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.