**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                             :        Chapter 11
                                                                        :
HO WAN KWOK,                                              :        Case No. 22-50073 (JAM)
                                                                        :
         Debtor.[1]                                          :
                                                                        :
-------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE
HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER,
PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULES 9006(b) AND 9027,
EXTENDING TRUSTEE'S DEADLINE FOR REMOVAL OF CIVIL ACTIONS**

        Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, Extending Trustee's Deadline for Removal of Civil Actions* [Docket No. 672] (the "Removal Deadline Motion"). In support of his Motion to Expedite, the Trustee respectfully states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

        1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

Retention Application, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

**BACKGROUND**

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code").

5. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On April 19, 2022, the Debtor filed his *Motion for Order Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027 Extending the Deadline by Which the Debtor May Remove Civil Actions* [ECF No. 235] (the "Debtor's Motion"), requesting an order extending the Debtor's deadline to file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline") from May 16, 2022, through September 13, 2022. No order has been entered with respect to the Debtor's Motion.[2]

7. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

---

[2] In light of his Removal Deadline Motion, the Trustee intends to withdraw the Debtor's Motion.

8. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

9. As discussed in the Removal Deadline Motion, the Trustee's Removal Deadline for prepetition civil actions is thirty days from the Court's entry of the Appointment Order, *i.e.*, August 8, 2022.[3]  *See* Bankruptcy Rule 9027(a)(2).

## THE REMOVAL DEADLINE MOTION[4]

10. By the Removal Deadline Motion, the Trustee requests the Court to extend his deadline his Removal Deadline through and including December 6, 2022, to allow sufficient time for the Trustee to conduct a thorough and thoughtful investigation of litigation as to which the Debtor is a party and to determine whether civil actions should be removed pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a).

## RELIEF REQUESTED

11. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Removal Deadline Motion upon an expedited basis, because the Trustee's Removal Deadline for prepetition civil actions is presently August 8, 2022.

12. The Trustee respectfully requests that the Court schedule a hearing with respect to the Removal Deadline Motion to be held Thursday, August 4, 2022, at 1:00 p.m., when the Court has already scheduled a hearing on another matter in this chapter 11 case. Alternatively, the Trustee requests that the Court schedule a hearing on the Removal Deadline Motion at a time convenient for the Court on Friday, August 5, 2022, or Monday, August 8, 2022.

---

[3] August 7, 2022 is a Sunday.
[4] The following summary of the relief sought in the Removal Deadline Motion is qualified in its entirety by the Removal Deadline Motion.

3

13. Expedited consideration of the Removal Deadline Motion is required to ensure that the Trustee's Removal Deadline does not expire before the Trustee is afforded sufficient time to determine whether it is necessary for him to exercise his rights under Bankruptcy Rule 9027(a) for the benefit of the Debtor's estate.

14. No parties-in-interest will be prejudiced by expedited consideration of the Removal Deadline Motion, considering, *inter alia*, that the Debtor's Motion requesting similar relief has been pending since April 19, 2022, without objection by any party.

15. Finally, the Trustee requests that the Court direct that notice of the Removal Deadline Motion and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Removal Deadline Motion on August 4, 2022, at 1:00 p.m., ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated:   August 2, 2022           LUC A. DESPINS,
         New Haven, Connecticut   CHAPTER 11 TRUSTEE

By: /s/ Patrick R. Linsey
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

        and

    Nicholas A. Bassett (pro hac vice)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

        and

    Avram E. Luft (pro hac vice)
    Douglass Barron (pro hac vice)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    Counsel for the Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK,                                    :    Case No. 22-50073 (JAM)
:
       Debtor.                                   :
:
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, Extending Trustee's Deadline for Removal of Civil Actions* [Docket No. 672] (the "Removal Deadline Motion");[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Removal Deadline Motion shall be held on **August 4, 2022, at 1:00 p.m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Removal Deadline Motion shall be _____ **at __:__ _.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Removal Deadline Motion and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

2

Committee, and the United States Trustee, on or before August __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                               :    Chapter 11
                                     :
HO WAN KWOK,                         :    Case No. 22-50073 (JAM)
                                     :
        Debtor.                     :
                                     :
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 2, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated:      August 2, 2022
               New Haven, Connecticut

                                    By: */s/ Patrick R. Linsey*
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1

     *and*

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

     *and*

Avram E. Luft *(pro hac vice)*
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*