**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
HO WAN KWOK,                                                   :    Case No. 22-50073 (JAM)
                                                               :
            Debtor.                                            :
                                                               :
---------------------------------------------------------------x

**REPLY OF CHAPTER 11 TRUSTEE IN SUPPORT MOTION OF CHAPTER 11
TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 363, 541, 1108, AND 1505, (A) CONFIRMING THAT CHAPTER 11
TRUSTEE HOLDS ALL OF DEBTOR'S ECONOMIC AND CORPORATE
GOVERNANCE RIGHTS IN DEBTOR-CONTROLLED ENTITIES,
(B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN ANY FOREIGN COUNTRY
ON BEHALF OF ESTATE, AND (C) GRANTING RELATED RELIEF**

To the Honorable United States Bankruptcy Judge Julie A. Manning:

      Luc A. Despins, in his capacity as trustee in the above-captioned case filed under chapter 11 of Title 11 of the United States Code (the "Trustee"), respectfully submits this reply (the "Reply") (a) in support of the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 541, 1108, and 1505, (A) Confirming that Chapter 11 Trustee Holds all of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country On Behalf Of Estate, And (C) Granting Related Relief* [Docket No. 598] (the "Motion")[1] and the revised proposed order with respect thereto filed on August 2, 2022 [Docket No. 671] (the "Revised Proposed Order"), and (b) in response to the objections to the Motion filed by the Debtor on July 29, 2022 [Docket No. 643] (the "Initial Objection") and August 4, 2022 [Docket No. 678] (the

---

[1]     Capitalized terms used but not defined herein have the meanings set forth in the Motion.

"Supplemental Objection" and, together with the Initial Objection, the "Objections"). In support of the Reply, the Trustee states as follows:

1. Given that the Debtor's Supplemental Objection was only just filed this morning, the Trustee reserves the bulk of his comments in response to the Supplemental Objection for the hearing on the Motion scheduled for 1:00 p.m. today (the "Hearing"). The Trustee files this reply to make two simple points that are dispositive in favor of the Motion and the entry of the Revised Proposed Order as requested by the Trustee.

**A.    Corporate Governance with Respect to Genever Entities**

2. First, the documents presented to the Court during the hearing held on August 1, 2022—specifically, the Kwok interrogatory responses[2] and the Genever BVI share certificate[3]—show the Debtor's unequivocal ownership of Genever BVI's shares. Those documents are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

3. Second, regardless of whether Genever BVI and/or Genever US hold the Sherry-Netherland Apartment in trust for the benefit of Bravo Luck Limited (as is alleged by the Debtor and with respect to which issue the Trustee has significant doubt and reserves all its rights), **the fact is that this Debtor, Mr. Kwok, in his capacity as sole shareholder of Genever BVI (which is the sole member of Genever US), has exercised corporate control over Genever BVI (and, through Genever BVI, Genever US).** The Debtor's corporate control over Genever BVI (and, through Genever BVI, Genever US) is demonstrated irrefutably in multiple documents

---

[2] Defendant Kwok's Responses and Objections to Plaintiff Pacific Alliance Asia Opportunity Fund L.P.'s Third Set of Interrogatories, *Pacific Alliance Asia Opportunity Fund L.P.,* v. *Kwok Ho Wan*, Index No. 652077/2017 (N.Y. Sup. Apr. 28, 2021), Docket No. 756, at 6, 9.
[3] Share Certificate of Genever Holdings Corporation, *Pacific Alliance Asia Opportunity Fund L.P.,* v. *Kwok Ho Wan*, Index No. 652077/2017 (N.Y. Sup. Apr. 2, 2019), Docket No. 289, SN 0161.

filed by Genever US in connection with Genever US's chapter 11 case pending in the New York Bankruptcy Court, including:

    a. The October 6, 2020 Company Resolutions (the "October 6 Resolutions"), attached hereto as **Exhibit C**, which, among other things, (i) authorized Genever US to commence its chapter 11 case before the New York Bankruptcy Court; and (ii) appointed Yanping ("Yvette") Wang ("Ms. Wang")[4] as Genever US's representative to execute the chapter 11 petition and related documents. The October 6 Resolutions were signed by the Debtor on behalf of Genever BVI, without any countersignature of Bravo Luck Limited.

    b. The May 24, 2021 "Resolution Ratifying and Approving Certain Actions Amending the Company's Operating Agreement of Genever Holdings LLC," attached hereto as **Exhibit D**, which provides, among other things, for the retention of the Honorable Melanie L. Cyganowski (Ret.) as sales officer, signed by the Debtor on behalf of Genever BVI, without any countersignature of Bravo Luck Limited.

    c. The Debtor's "Lar-Dan Declaration" filed in connection with the retention of Genever US's bankruptcy counsel, signed by the Debtor and attached hereto as **Exhibit E**, in which the Debtor states: "I am the sole member of

---

[4] Ms. Wang is a close associate of the Debtor who has played multiple roles in connection with entities linked to the Debtor, including serving as president of Golden Spring (New York) Ltd. *See* Affidavit of Yan Ping Wang, *Pacific Alliance Asia Opportunity Fund L.P.,* v. *Kwok Ho Wan*, Index No. 652077/2017 (N.Y. Sup. May 16, 2018), Docket No. 182 ¶ 1 ("I am the President of Golden Spring (New York) Ltd., and in that capacity serve as an administrator of the interests of the defendant, sued herein as Kwok Ho Wan . . . .").

[Genever BVI] which is the sole member of [Genever US]," without any reference to Bravo Luck Limited.

    d.    Genever US's chapter 11 petition along with various documents filed with the chapter 11 petition, as well as the application to employ Genever US's bankruptcy counsel, which documents are attached hereto as **Exhibit F**, each of which is signed by Ms. Wang, pursuant to her authority under the October 6 Resolutions, without any countersignature of Bravo Luck Limited.

4.    In sum, the Trustee seeks to exercise the same corporate governance rights that the Debtor exercised over the Genever BVI and Genever US entities prior to the Trustee's appointment, and the Debtor's arguments based on the alleged existence of a trust are simply additional distractions to prevent the Trustee from discharging his duties.

5.    Finally, contrary to the Debtor's assertion in the Supplemental Objection, an adversary proceeding is not required to compel a Debtor to surrender to the Trustee the shares in Genever BVI. *See* Bankruptcy Rule 7001(1) ("The following are adversary proceedings: (1) a proceeding to recover money or property, **other than a proceeding to compel the debtor to deliver property to the trustee** . . .) (emphasis added).

**B.**    **Letter to UK Counsel Regarding UBS Litigation**

6.    Following the August 1, 2022 hearing on the Motion, the Trustee has received comments from Debtor's UK Counsel in the UBS Litigation (*i.e.*, Harcus Parker Limited) regarding the form of letter attached as Exhibit B to the Revised Proposed Order. A modified version of the letter reflecting such comments as well as a few non-substantive changes (marked to show changes against the version attached as Exhibit B to the Revised Proposed Order) is

-5-

attached hereto as **Exhibit G**.[5]  The Trustee believes that this letter will be acceptable to UK Counsel.

[*Remainder of page intentionally left blank.*]

---

[5] While the Trustee does not agree with all the changes to the letter suggested by UK Counsel, the Trustee is not asking the Court to adopt the statements in the letter as the Court's or the Trustee's views on the Bankruptcy Code and the impact of the appointment of a chapter 11 trustee on the Debtor's pending litigation against third parties. The Trustee is prepared to accept the changes suggested by UK counsel in order to get prompt access to UK Counsel's views on the merits and path forward in the UBS Litigation. The Trustee will also submit a revised form of order to reflect this.

WHEREFORE, for the foregoing reasons, and for the additional reasons the Trustee will discuss at the Hearing, the Trustee respectfully requests that the Court overrule the Objections and enter the Revised Proposed Order granting the relief requested in the Motion and such other relief as is just and proper.

Dated:    August 4, 2022               LUC A. DESPINS,
          New Haven, Connecticut       CHAPTER 11 TRUSTEE

                                       By: */s/ Patrick R. Linsey*
                                           Patrick R. Linsey (ct29437)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 781-2847
                                           plinsey@npmlaw.com

                                               and

                                           Nicholas A. Bassett *(pro hac vice* pending)
                                           PAUL HASTINGS LLP
                                           2050 M Street NW
                                           Washington, D.C., 20036
                                           (202) 551-1902
                                           nicholasbassett@paulhastings.com

                                               and

                                           Avram E. Luft *(pro hac vice* pending)
                                           Douglass Barron *(pro hac vice* pending)
                                           PAUL HASTINGS LLP
                                           200 Park Avenue
                                           New York, New York 10166
                                           (212) 318-6079
                                           aviluft@paulhastings.com

                                           *Proposed counsel for the Chapter 11 Trustee*