**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

                      Plaintiff,

    vs.

KWOK HO WAN, et al.,

                      Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

Part 61

## DEFENDANT KWOK'S RESPONSES AND OBJECTIONS TO PLAINTIFF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S THIRD SET OF INTERROGATORIES

       Defendant Kwok Ho Wan ("Defendant Kwok"), based on present information and belief, and pursuant to the requirements of the CPLR, the Rules of the Commercial Division, and in accordance with this Court's October 15, 2020 Decision and Order (Dkt. No. 630) ("Order"), hereby provides the following responses and objections to Plaintiff Pacific Alliance Asia Opportunity Fund L.P.'s Third Set of Interrogatories, dated November 6, 2020 ("Interrogatories"):

### GENERAL OBJECTIONS

       1.     Defendant Kwok objects to these Interrogatories as they violate Commercial Division Rule 11-a(a) which limits interrogatories to "25 in number, including subparts, unless another limit is specified in the preliminary conference order."

       2.     Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is not limited in time to the relevant period at issue.

3.      Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is beyond the scope permitted under CPLR § 5229 and/or other applicable laws or rules of the court.

5.      Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection.

6.      Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery in the possession of third parties not under his control or within the scope of his authority to produce.

7.      Defendant Kwok objects to each Interrogatory to the extent that it calls for documents to which Plaintiff should already have access.

8.      Defendant Kwok objects to each Interrogatory to the extent that it is vague or ambiguous.

9.      Defendant Kwok objects to each Interrogatory to the extent that it is overly broad or unduly burdensome.

10.     Defendant Kwok objects to each Interrogatory to the extent that it is, or assumes, a legal conclusion.

11.     Defendant Kwok objects to each Interrogatory to the extent that it exceeds, contradicts, and/or varies in any way from any agreement reached by counsel for all parties.

12.     Defendant Kwok objects to each Interrogatory to the extent that it is unreasonably cumulative and duplicative.

13.     Defendant Kwok objects to each Interrogatory to the extent that it is intended to harass, oppress or unduly burden Defendant Kwok.

14.     Defendant Kwok objects to each Interrogatory to the extent that it calls for speculation, conjecture, or legal conclusions.

15.     Defendant Kwok objects to each Interrogatory to the extent that it calls for information presently unknown to Defendant Kwok.  The responses herein are based upon Defendant Kwok's present recollection, knowledge, information and belief.  Defendant Kwok reserves the right to supplement, amend, correct or clarify his responses.

16.     The omission of any objection from this document does not constitute a waiver of that objection.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing General Objections, each of which is hereby incorporated by reference, Defendant Kwok responds and objects to each specified Definition and Interrogatory as follows:

### DEFINITION 2 ("Interest")

The term "Interest" means any direct or indirect interest, whether partial, whole, potential, or contingent, including without limitation legal ownership, beneficial ownership, right to control, ownership of any or all of the shares of an incorporated entity, membership or interest in a limited liability company or partnership, or access to funds or assets.

### Response to Definition 2

Defendant Kwok objects to the definition of "Interest" as it is overbroad, unduly

burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's

Order to the extent that it includes "potential" interest. Defendant Kwok further objects to the

definition of "Interest" as vague and ambiguous to the extent that it includes "access to funds or

assets." Defendant Kwok also objects to the definition of "Interest" to the extent that it calls for

speculation, conjecture, or legal conclusions.

## DEFINITION 3 ("Asset")

The term "Asset" means any asset or property whatsoever, whether tangible or intangible, including without limitation cash, bank accounts, brokerage accounts, real property, land, corporate shares, membership or interest in a limited liability company or partnership, stocks, shares, bonds, investments, investment vehicles, actual or potential judgments, liens, easements, attachments, leases, intellectual property including without limitation patents and trademarks, automobiles, airplanes, helicopters, sea vessels, vehicles, artwork, collectibles, clothing, jewelry, cryptocurrency, crypto-wallets, safe deposit boxes, chattel, precious stones or securities, commodities, receivables, convertible loans, and interests derived from financial instruments, whether directly or indirectly held.

### Response to Definition 3

Defendant Kwok objects to the definition of "Asset" as it is overbroad, unduly

burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's

Order to the extent that it includes "intangible" assets. Defendant Kwok further objects to the

definition of "Asset" as vague and ambiguous to the extent that it includes "intangible" assets.

## DEFINITION 4 ("Family Member")

The term "Family Member" includes Your parents, siblings, aunts and uncles, spouse(s), first- and second-cousins, children, grandchildren, nephews, and nieces.

### Response to Definition 4

Defendant Kwok objects to the definition of "Family Member" as it is overbroad, unduly

burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's

Case 22-50073   Doc 679-1   Filed 08/04/22   Entered 08/04/22 11:17:40   Page 6 of 31

Order which authorizes discovery on the Sherry-Netherland residence, the Lady May yacht and

"other assets that Mr. Kwok may own, whether directly or indirectly." Defendant Kwok further

objects to the definition of "Family Member" to the extent it seeks to bring into its definition

individual third parties that he does not control.  Mr. Kwok's responses will be limited to those

assets "that Mr. Kwok may own, whether directly or indirectly."

## INSTRUCTION 7 ("Time Period")

Unless otherwise specified, the applicable time period for each Interrogatory is January 1, 2008, up to and including the date of production (the "Time Period").

### Response to Instruction 7

Defendant Kwok objects to the "Time Period" set out in Instruction 7 as it is overbroad,

unduly burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this

Court's Order which authorizes discovery on the Sherry-Netherland residence, the Lady May

yacht and "other assets that Mr. Kwok may own, whether directly or indirectly."  The relevant

Time Period for purposes of this disclosure is October 15, 2020 (the date of the CPLR §5229

proceedings on the record) through the present date in order to identify any assets which Mr.

Kwok "may own, whether directly or indirectly."

## INTERROGATORY NO. 1[1]

Identify all Persons (excluding natural persons) in which You have an Interest or have had an Interest since January 1, 2015.

---

[1] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

INDEX NO. 652077/2017
NYSCEF DOC. NO. 756
RECEIVED NYSCEF: 04/28/2021

## Response to Interrogatory No. 1

Subject to the General and Specific Objections made above, Defendant Kwok responds: I am the legal owner of the issued shares of Genever Holdings Corporation. Genever Holdings Corporation is the sole shareholder of Genever Holdings, LLC.

## INTERROGATORY NO. 2[2]

Admission of ownership

For all Persons identified in response to Interrogatory No. 1, Identify:

      a.     Any Persons with knowledge about that Person.

      b.     Any other Persons that also have an Interest in that Person.

      c.     The value of Your Interest in that Person, and the value of any Interests held by any other Persons in that Person.

      d.     Any members of that Person's board of directors, board of managers, board of members, board of advisers, or management.

      e.     The state or jurisdiction of organization or incorporation of that Person.

      f.     The date of incorporation or organization of that Person.

      g.     The description, value, and location of any and all Assets that have a value greater than $10,000 that are held (directly or indirectly) by that Person.

      h.     Any and all bank, brokerage, investment, cryptocurrency, or other accounts indirectly or directly held or controlled by that Person (including without limitation the bank or brokerage name, name on the account, authorized signatories, branch location, account number, and balance).

      i.     The custodian(s), location(s), and general description of all Documents and Communications relating to that Person.

      j.     Any and all Persons in which that Person has any Interest (and for all such Persons, Identify the information requested in subparts (a)-(i)).

      k.     For any Person in which You no longer have any Interest, (i) the date on which (a) You sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such

---

[2] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Person.

l.   Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Person.

**Response to Interrogatory No. 2:**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Genever Holdings Corporation:

a.   Daniel Podhaskie, Yanping Wang, and I have knowledge related to this entity. We are each represented by counsel.
b.   None.
c.   Interest is nil as the only asset is Genver Holdings, LLC which has liabilities greater than its assets.
d.   I am the sole shareholder.
e.   British Virgin Islands.
f.   February 13, 2015.
g.   None. Noting that it owns 100% of the shares of Genever Holdings, LLC.
h.   None.
i.   Intertrust Corporate Services, Ritter House, Tortola.
j.   Owns 100% of the shares of Genever Holdings, LLC.
k.   None.
l.   A trust agreement exists between and//or among Defendant Kwok, Genever Holdings Corporation; Genever Holdings, LLC and Bravo Luck Limited.

Genever Holdings, LLC:

a.   Daniel Podhaskie, Yanping Wang, and I have knowledge related to this entity. We are each represented by counsel.
b.   None.
c.   Interest is nil as the only asset is Genever Holdings, LLC which has liabilities greater than its assets.
d.   I am the sole shareholder.
e.   New York.
f.   February 13, 2015
g.   None. Noting that it is the leaseholder related to the property which comprises the previously-identified Sherry Netherlands coop shares.
h.   None.
i.   Daniel Podhaskie, Yanping Wang, and I.
j.   Owns 100% of the shares of Genever Holdings, LLC.
k.   None.
l.   A trust agreement exists between and//or among Defendant Kwok, Genever Holdings Corporation; Genever Holdings, LLC and Bravo Luck Limited.

## INTERROGATORY NO. 3[3]

Identify all Persons (excluding natural persons) in which any Family Member has an Interest or has had an Interest since January 1, 2015.

### Response to Interrogatory No. 3

Subject to the General and Specific objections made above, Defendant Kwok will not respond to this Interrogatory.

## INTERROGATORY NO. 4[4]

For all Persons identified in response to Interrogatory No. 3, Identify:

a.   Any Persons with knowledge about that Person.

b.   Any other Persons that also have an Interest in that Person.

c.   The value of the Family Member's Interest in that Person, and the value of any Interests held by any other Persons in that Person.

d.   Any members of that Person's board of directors, board of managers, board of members, board of advisers, or management.

e.   The state or jurisdiction of organization or incorporation of that Person.

f.   The date of incorporation or organization of that Person.

g.   The description, value, and location of any and all Assets that have a value greater than $10,000 that are held (directly or indirectly) by that Person.

h.   Any and all bank, brokerage, investment, cryptocurrency, or other accounts indirectly or directly held or controlled by that Person (including without limitation the bank or brokerage name, name on the account, authorized signatories, branch location, account number, and balance).

i.   The custodian(s), location(s), and general description of all Documents and Communications relating to that Person.

j.   Any and all Persons in which that Person has any Interest (and for all such Persons, Identify the information requested in subparts (a)-(i)).

---

[3] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.
[4] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

k.      For any Person in which the Family Member no longer has any Interest, (i) the date on which (a) the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b)circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Person.

1.      Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Person.

### Response to Interrogatory No. 4

Subject to the General and Specific objections made above, Defendant Kwok will not respond to this Interrogatory.

## INTERROGATORY NO. 5

Identify any Assets that have a value greater than $10,000 in which You have an Interest or have had an Interest since January 1, 2015.

### Response to Interrogatory No. 5

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I am the legal owner of the issued shares of Genever Holdings Corporation. Genever Holdings Corporation is the sole shareholder of Genever Holdings, LLC, its only asset. The liabilities of Genever Holdings, LLC exceed its assets as set forth in Bankruptcy filings for Genever Holdings, LLC.

Admission of ownership

## INTERROGATORY NO. 6

For all Assets identified in response to Interrogatory No. 5, Identify:

a.      Any Persons with knowledge about that Asset.

b.      Any other Persons that also have an Interest in that Asset.

c.      The value of Your Interest in that Asset, and the value of any Interests held by any other Persons in that Asset.

d.      The state or jurisdiction in which that Asset is located.

9

e.     The date on which You acquired your Interest in that Asset.

f.     The custodian(s), location(s), and general description of all Documents and Communications relating to that Asset.

g.     For any Asset in which You no longer have any Interest, (i) the date on which (a) You sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Asset.

h.     Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Asset.

**Response to Interrogatory No. 6**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

See Response to Interrogatory No. 2 above.

## INTERROGATORY NO. 7

Identify any Assets that have a value greater than $50,000 in which any Family Member has an Interest or has had an Interest since January 1, 2015.

**Response to Interrogatory No. 7**

Subject to the General and Specific objections made above, Defendant Kwok will not

respond to this Interrogatory.

## INTERROGATORY NO. 8

For all Assets identified in response to Interrogatory No. 7, Identify:

a.     Any Persons with knowledge about that Asset.

b.     Any other Persons that also have an Interest in that Asset.

c.     The value of the Family Member's Interest in the Asset, and the value of any Interests held by any other Persons in that Asset.

d.     The state or jurisdiction in which that Asset is located.

e.     The date on which a Family Member acquired an Interest in that Asset.

f.  The custodian(s), location(s), and general description of all Documents and Communications relating to that Asset.

g.  For any Asset in which any Family Member no longer has any Interest, (i) the date on which (a) the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Asset.

h.  Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Asset.

**Response to Interrogatory No. 8**

Subject to the General and Specific objections made above, Defendant Kwok will not

respond to this Interrogatory.

## INTERROGATORY NO. 9[5]

Identify all bank, brokerage, investment, cryptocurrency, or other accounts in which You have an Interest or have had an Interest since January 1, 2015.

**Response to Interrogatory No. 9**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

None.

## INTERROGATORY NO. 10[6]

For all accounts identified in response to Interrogatory No. 9, Identify:

a.  Any Persons with knowledge about that account.

b.  The bank or brokerage name.

c.  The name on that account.

---

[5] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.
[6] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

d.    The authorized signatories on that account.

e.    The branch location.

f.    The account number.

g.    The account balance.

h.    Any other Persons that also have an Interest in that account.

i.    The value of Your Interest in that account, and the value of any Interests held by any other Persons in that account.

j.    The date on which You acquired Your Interest in that account.

k.    The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

l.    For any account in which You no longer have any Interest, (i) the date on which (a) You sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that account.

### Response to Interrogatory No. 10

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Not Applicable.

## INTERROGATORY NO. 11[7]

Identify all bank, brokerage, investment, cryptocurrency, or other accounts in which a Family Member has an Interest or has had an Interest since January 1, 2015.

### Response to Interrogatory No. 11

Subject to the General and Specific objections made above, Defendant Kwok will not

respond to this Interrogatory.

---

[7] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

## INTERROGATORY NO. 12[8]

For all accounts identified in response to Interrogatory No. 11, Identify:

a. Any Persons with knowledge about that account.

b. The bank or brokerage name.

c. The name on the account.

d. The authorized signatories on that account.

e. The branch location.

f. The account number.

g. The account balance.

h. Any other Persons that also have an Interest in that account.

i. The value of any Family Member's Interest in that account, and the value of any Interests held by any other Persons in that account.

j. The date on which the Family Member acquired their Interest in that account.

k. The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

l. For any account in which the Family Member no longer has any Interest, (i) the date on which (a) the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that account.

m. Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that account.

### Response to Interrogatory No. 12

Subject to the General and Specific objections made above, Defendant Kwok will not respond to this Interrogatory.

---

[8] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

Case 22-50073   Doc 679-1   Filed 08/04/22   Entered 08/04/22 11:17:40   Page 15 of
31

## INTERROGATORY NO. 13

Identify the custodian(s), location(s), and general description of all Documents and
Communications relating to your personal finances, Assets, and Interests in any Person.

### Response to Interrogatory No. 13

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Daniel Podhaskie, Yanping Wang, and I are the custodians of the responsive formation and

corporate documents, which are located at 162 E. 64th Street, New York, New York 10065.

## INTERROGATORY NO. 14

Identify (including without limitation the type, value, source, and amount) any gifts, benefits,
payments, income, or loans You have received since January 1, 2015.

### Response to Interrogatory No. 14

Subject to the General and Specific Objections made above, Defendant Kwok responds:

This Interrogatory is unclear to the extent that it includes "benefits" within its scope but

with respect to other gifts, payments, income or loans received for the relevant time period, there

are none.

## INTERROGATORY NO. 15

Identify (including without limitation the type, value, source, and amount) any gifts, benefits,
payments, income, or loans You have made or given since January 1, 2015.

### Response to Interrogatory No. 15

Subject to the General and Specific Objections made above, Defendant Kwok responds:

This Interrogatory is unclear to the extent that it includes "benefits" within its scope but with

respect to other gifts, payments, income or loans made or given for the relevant time period,

there are none.

**INTERROGATORY NO. 16**

To the extent not already Identified in response to the prior Interrogatories, Identify, for the "personal JPMorgan Chase account in New York," referred to at paragraph 35 of the February 5, 2016 Affidavit of Kwok Ho Wan in Support of Plaintiff s Opposition to Defendant's Motion to Dismiss the Complaint in *Ace Decade Holdings Ltd. v. UBS AG,* Index No. 653316/2015 (N.Y. Sup. Ct.):

     a.    Any Persons with knowledge about that account.

     b.    Any Persons with any Interest in that account.

     c.    The bank or brokerage name.

     d.    The name on that account.

     e.    The authorized signatories on that account.

     f.    The branch location.

     g.    The account number.

     h.    The account balance.

     i.    The value of Your Interest in that account, and the value of any Interests held by any other Persons in that account.

     j.    The date on which You acquired your Interest in that account.

     k.    The date on which any Family Member acquired an Interest in that account.

     l.    The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

     m.    If You or any Family Member no longer have any Interest in the account, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in the account.

     n.    Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that account.

**Response to Interrogatory No. 16**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

To my best recollection, this account was closed in or about March or April 2017, and certainly well before October 15, 2020.

## INTERROGATORY NO. 17

To the extent not already Identified in response to the prior Interrogatories, Identify, for the bank account at UBS AG Hong Kong Branch with account number 371236, referenced on page 16 of Exhibit B to Eastern Profit Corporation Limited's November 22, 2019 Response to Letter Motion in *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18- cv-2185 (JGK) (S.D.N.Y.) (ECF No. 203-2):

    a.    Any Persons with knowledge about that account.

    b.    Any Persons with any Interest in that account.

    c.    The bank or brokerage name.

    d.    The name on that account.

    e.    The authorized signatories on that account.

    f.    The branch location.

    g.    The account number.

    h.    The account balance.

    i.    The value of Your Interest in that account, and the value of any Interests held by any other Persons in that account.

    j.    The date on which You acquired your Interest in that account.

    k.    The date on which any Family Member acquired an Interest in that account.

    l.    The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

    m.    If You or any Family Member no longer have any Interest in the account, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in the account.

    n.    Any and all trust agreements, pledges, liens, encumbrances, or interferences of

any kind that have been placed on or relate to that account.

### Response to Interrogatory No. 17

Subject to the General and Specific Objections made above, Defendant Kwok responds:

While the defendant in that action attempted to bring me in to that case, those claims were summarily dismissed. I am not a party to the above-referenced action. The document referred to above specifically states that the identified account is not held by me. It also bears noting that the document appears to be a document from the High Court of Hong Kong which is under the direct control of the Chinese Communist Party.

### INTERROGATORY NO. 18

With respect to the February 23, 2015 letter from UBS on your behalf to the Sherry Netherland (which was filed in this litigation at docket number 256 bearing the Bates numbers SN 0056), Identify:

    a.    The "personal investment company" referred to at SN 0056.

    b.    The account(s) associated with the "funds involved in this banking relationship" referred to at SN 0056.

    c.    For the account(s) identified in subpart (b), the information requested in Interrogatory 16 subparts (a)-(n).

### Response to Interrogatory No. 18

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I cannot answer this Interrogatory without more information besides a vague reference by a third-party to an unidentified account. I can say with certainty that I have no personal accounts with UBS as of October 15, 2020, the relevant period for these Interrogatories.

### INTERROGATORY NO. 19

To the extent not already Identified in response to the prior Interrogatories, Identify, for the Lady May:

a.   Any Persons with knowledge about it.

b.   Any Persons with any Interest in it.

c.   Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.   Its current value.

e.   Its current location, including without limitation the address, state, and jurisdiction.

f.   If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

g.   The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 19**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

a.   Hong Kong International Funds Investments (USA) Limited, LLC and Mei Guo. Both are represented by counsel.

b.   Hong Kong International Funds Investments (USA) Limited, LLC and Mei Guo.

c.   Responsive information is not within my possession, custody, and/or control.

d.   Responsive information is not within my possession, custody, and/or control.

e.   Responsive information is not within my possession, custody, and/or control.

f.   I do not have an interest. Beyond that, responsive information is not within my possession, custody, and/or control, except to note that I am not aware of any seizure, sale, transfer or disposition.

g.   Responsive information is not within my possession, custody, and/or control.

**INTERROGATORY NO. 20**

To the extent not already Identified in response to the prior Interrogatories, Identify, for the Residence:

      a.      Any Persons with knowledge about it.

      b.      Any Persons with any Interest in it.

      c.      Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

      d.      Its current value.

      e.      If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

      f.      The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 20**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

      a.    Daniel Podhaskie, Yanping Wang, and I. We are each represented by counsel.

      b.    Bravo Luck Limited.

      c.    Besides those caused by Plaintiff, there is the above-referenced Trust Agreement with Bravo Luck Limited, as well as certain restrictions as to the transfer of shares held by the Sherry Netherlands.

      d.    I cannot opine on its market value, though its sale value has significantly diminished as a result of Plaintiff's conduct.

      e.    The lease is currently held by Genever Holdings, LLC and has been during the relevant period of time. The beneficial owner is and has been Bravo Luck Limited during the relevant period of time.

## INTERROGATORY NO. 21

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 33 Ferncliff Road, Cos Cob, Connecticut, USA:

a.  Any Persons with knowledge about it.

b.  Any Persons with any Interest in it.

c.  Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.  Its current value.

e.  If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.  The custodian(s), location(s), and general description of all Documents and Communications relating to it.

### Response to Interrogatory No. 21

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.

## INTERROGATORY NO. 22

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 373 Taconic Rd, Greenwich, Connecticut, USA:

a.  Any Persons with knowledge about it.

b.  Any Persons with any Interest in it.

c.  Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.  Its current value.

e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it

**Response to Interrogatory No. 22**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the information requested in this Interrogatory.

## INTERROGATORY NO. 23

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at Room 411, 4th Floor, Nan Fung Tower, 173 Des Voeux Road Central, Hong Kong:

a.    Any Persons with knowledge about it.

b.    Any Persons with any Interest in it.

c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.    Its current value.

e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Mere st in it.

f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it.

### Response to Interrogatory No. 23

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.

## INTERROGATORY NO. 24

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real
property known as Majestic View Manor, located at 20 South Bay Road, Hong Kong:

- a.    Any Persons with knowledge about it.
- b.    Any Persons with any Interest in it.
- c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or
  interferences of any kind relating to it at any time.
- d.    Its current value.
- e.    If You or any Family Member no longer has any Interest in it, (i) the date on
  which (a) You or the Family Member sold, transferred, or disposed of that
  Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the
  Family Member sold, transferred, or disposed of that Interest, or (b) that seized
  that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b)
  circumstances of such seizure; and (iv) all Persons that currently have an Interest
  in it.
- f.    The custodian(s), location(s), and general description of all Documents and
  Communications relating to it.

### Response to Interrogatory No. 24

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.

## INTERROGATORY NO. 25

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real
property located at 22 South Bay Road, Hong Kong:

- a.    Any Persons with knowledge about it.
- b.    Any Persons with any Interest in it.
- c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or

interferences of any kind relating to it at any time.

d.    Its current value.

e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 25**

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the information requested in this Interrogatory.


**INTERROGATORY NO. 26**

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 5 Princes Gate, Apartment 6, London, England SW7 1QJ:

a.    Any Persons with knowledge about it.

b.    Any Persons with any Interest in it.

c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.    Its current value.

e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 26**

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.

## INTERROGATORY NO. 27

To the extent not already Identified in response to the prior Interrogatories, Identify, for any automobiles, sea vessels, airplanes, helicopters, or vehicles in which You or a Family Member have or has had an Interest:

a.   Any Persons with knowledge about it.

b.   Any Persons with any Interest in it.

c.   Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.   Its current value.

e.   Its current location, including without limitation the address, state, and jurisdiction.

f.   If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

g.   The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 27**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

None.  Defendant Kwok will not respond to this Interrogatory with respect to "Family Members"

pursuant to the objections made above.

## INTERROGATORY NO. 28

For each debt with a value greater than $10,000 owed to You, a Family Member, or any Person in which You have an Interest, Identify:

    a.     The Person who owes the debt;

    b.     The Person to whom the debt is owed;

    c.     The amount of the debt;

    d.     The purpose and consideration for the debt;

    e.     Any Persons with knowledge of information relating to the debt; and

    f.     The custodian(s), location(s), and general description of all Documents and Communications relating to the debt.

### Response to Interrogatory No. 28

Subject to the General and Specific Objections made above, Defendant Kwok responds: I am not aware of any debts owed to me as identified above, however, should I become aware of any such debts existing for the relevant time period, I reserve my right to supplement this response. Defendant Kwok will not respond to this Interrogatory with respect to "Family Members" pursuant to the objections made above.

## INTERROGATORY NO. 29

For each debt with a value greater than $10,000 owed by You, a Family Member, or any Person in which You have an Interest, Identify:

    a.     The Person who owes the debt;

    b.     The Person to whom the debt is owed;

    c.     The amount of the debt;

    d.     The purpose and consideration for the debt;

    e.     Any Persons with knowledge of information relating to the debt; and

    f.     The custodian(s), location(s), and general description of all Documents and Communications relating to the debt.

### Response to Interrogatory No. 29

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Nannan Itakura - $27,000.00.

The following are creditors of Genever Holdings, LLC: Sherry Netherland - $891,262.06;

Bravo Luck Limited - $67,5000,000.00; Golden Spring NY - $1,800,000.00; and Qiang Guo -

$5,000,000.00.

Defendant Kwok will not respond to this Interrogatory with respect to "Family Members"

pursuant to the objections made above.

## INTERROGATORY NO. 30

Identify all third-party professionals, consultants and service providers (including without
limitation any attorneys, bankers, asset managers, investment advisors, certified public
accountants, and brokers) that were engaged by or performed services for You or for any Person
in which you have an Interest (including without limitation those identified in Interrogatory 31).

### Response to Interrogatory No. 30

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Services have been provided to me by my attorneys during the relevant time period. My

attorneys are:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York NY 10001
212-589-4200

Alvarez & Marsal
600 Madison Avenue, 8th Floor
New York, New York, 10022
(212) 759-4433

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(212) 223-0400

Lawall & Mitchell, LLC
55 Madison Ave #400
Morristown, NJ 07960
(973) 285-3280

Schulman Bhattacharya, LLC
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814
(240) 356-8550

Hodgson Russ LLP
605 3rd Ave #2300
New York, NY 10158
(212) 751-4300

Clayman & Rosenberg LLP
305 Madison Ave #650
New York, NY 10165
(212) 922-1080

Harcus Parker Limited
7th Floor
Melbourne House
44-46 Aldwych
London
WC2B 4LL
+44 (0)20 3995 3900

LALIVE SA
35, Rue de la Mairie
P.O. Box 6569
1211 Geneva 6
Switzerland
+41 58 105 2000

Goldfarb & Huck Roth Riojas, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452.0260

The Casper Firm, LLC
400 E. Pratt Street, Suite 903
Baltimore, MD 21202
(410) 989-5097

GPS McQuhae LLP
Suite 1801, Chinachem Exchange Square,

1 Hoi Wan St,
Quarry Bay, Hong Kong
+852 3758 2421

## INTERROGATORY NO. 31[9]

To the extent not already Identified in response to the prior Interrogatories, Identify the
information requested in Interrogatory 2 subparts (a)-(l) for the following entities: Genever
Holdings Corporation, Genever Holdings LLC, Auspicious Coast Limited, Bravo Luck Limited,
Beijing Zenith Holdings Company Limited, AAGV Limited, Assets Sino Limited, BSA Strategic
Fund I, Insight Phoenix Fund, Alfonso Global Limited, Allied Capital Global Limited, Creative
Apex Investments Limited, Crystal Breeze Investments Limited, Elite Well Global Limited,
Globalist International Limited, Infinitum Developments Limited, Infinite Increase Limited,
Noble Fame Global Limited, Eastern Profit Corporation Limited, Alfa Global Ventures Limited,
Ace Decade Holdings Limited, Hong Kong International Funds Investments Limited, Anton
Development Limited, Rosy Acme Ventures Limited, Leading Shine Limited, Golden Spring
(New York) Limited, China Golden Spring (Hong Kong) Limited, Saraca Media Group, Voice
of Guo Media Inc., GTV Media Group, Guo Media, GNews, Greenwich Land LLC, AI Group
Holdings Inc., Hamilton Capital Holdings Inc., Gfashion Group, Next Tycoon Investments
Limited, Shiny Times Holdings Limited, Spirit Charter Investment Limited, Beijing Pangu
Investment Inc. and its affiliates, Worldwide Opportunity Holdings Limited, and Empire Growth
Holdings Limited.

### Response to Interrogatory No. 31

Subject to the General and Specific Objections made above, Defendant Kwok responds:

See responses to Interrogatories 1 and 2 above. I am not in possession, custody, or control of

responsive information with respect to any other entities listed.


Dated: New York, New York                Respectfully submitted,
        December 4, 2020
                                          **BAKER & HOSTETLER LLP**


                                          By:    _/s/ Melissa M. Carvalho_____


---

[9] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also
includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

John Siegal
Melissa M. Carvalho
Erica Barrow Clark
45 Rockefeller Plaza
14th Floor
New York, NY  10111
jsiegal@bakerlaw.com
mcarvalho@bakerlaw.com
ebarrow@bakerlaw.com

*Attorneys for Defendent Kwok Ho Wan*

To:
Edward Moss  (emoss@omm.com)
Stuart Sarnoff (ssarnoff@omm.com)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000

-and-
Robert W. Seiden (rseiden@seidenlegal.com)
1120 Avenue of the Americas
New York, NY 10036
(212) 626-6708
*Attorneys for Plaintiff Pacific Alliance Asia Opportunity Fund L.P.*

## VERIFICATION

STATE OF NEW YORK        )
                         )ss:
COUNTY OF NEW YORK   )

I, KWOK HO WAN, have read the foregoing DEFENDANT KWOK'S RESPONSES AND
OBJECTIONS TO PLAINTIFF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S
THIRD SET OF INTERROGATORIES, know the contents thereof, and declare under penalty of
perjury, under the laws of the State of New York, that the representations made therein are true
and correct to the best of my personal knowledge.


Dated: December 4, 2020

_____
KWOK HO WAN


Sworn to before me this 4 day of
December 2020

NOTARY PUBLIC

DANIEL THOMAS PODHASKIE
Notary Public, State of New York
Reg. No. 02PO6394578
Qualified in Queens County
Commission Expires July 8, 2023