**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

**EXHIBIT LIST FOR  CHAPTER 11 TRUSTEE**

IN RE:

CHAPTER 11

HO WAN KWOK,
      DEBTOR.

CASE No.: 22-50073 (JAM)

ECF No. 598 – Motion for Order Confirming that Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities; Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate; and Granting Related Relief

HEARING DATE:  August 4, 2022

**EXHIBITS SUBMITTED BY:**  Luc A. Despins, Chapter 11 Trustee

**ATTORNEY:**  Luc A. Despins, Chapter 11 Trustee

| EXHIBIT # | DESCRIPTION | ID/FULL | SUBMIT DATE | WITNESS |
|---|---|---|---|---|
| A | Defendant Kwok's Responses and Objections to Plaintiff Pacific Alliance Asia Opportunity Funds L.P.'S Third Set of Interrogatories | FULL | 8/4/2022 | |
| B | Certificate filed with New York County Clerk for Genever Holdings Corporation | FULL | 8/4/2022 | |
| C | Company Resolutions for Genever Holdings, LLC filed in the U.S. Bankruptcy Court for the Southern District of New York | FULL | 8/4/2022 | |
| D | Resolution Ratifying and Approving Certain Actions Amended the Company's Operating Agreement of Genever Holdings, LLC filed in the U.S. Bankruptcy Court for the Southern District of New York | FULL | 8/4/2022 | |
| E | "Lar-Dan" Declaration of Kwok Ho Wan a/k/a Miles Kwok in Connection with Retention of Goldberg Weprin Finkel Goldstein LLP, as Counsel For the Debtor filed in the U.S. Bankruptcy Court for the Southern District of New York | FULL | 8/42022 | |

APPEAL FILED ON _____ ;
CHECKED EXHIBITS HAVE BEEN SUBMITTED TO DISTRICT COURT ON _____ .COPIES OF THE EXHIBITS
HAVE BEEN RETAINED BY THE BANKRUPTCY COURT

| EXHIBIT # | DESCRIPTION | ID/FULL | SUBMIT DATE | WITNESS |
|:---:|:---|:---:|:---:|:---:|
| F | Voluntary Petition for Genever Holdings LLC filed in the U.S. Bankruptcy Court for the Southern District of New York | FULL | 8/4/2022 | |
| G | Red and Blue Lined Letter Addressed to Harcus Parker Limited | FULL | 8/4/2022 | |

APPEAL FILED ON _____ .
CHECKED EXHIBITS HAVE BEEN SUBMITTED TO DISTRICT COURT ON _____ .COPIES OF THE EXHIBITS HAVE
BEEN RETAINED BY THE BANKRUPTCY COURT

**Exhibit A**

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok

VS. _____

Trustee  EXHIBIT _____ A _____

DATE _____ IDEN.

DATE  8/4/2022 Admitted in Full _____ EVID.

BY  P.E.

Deputy Clerk

AO 386

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PACIFIC ALLIANCE ASIA OPPORTUNITY FUND
L.P.,

                           Plaintiff,

        vs.

KWOK HO WAN, et al.,

                          Defendants.

Index No. 652077/2017

Hon. Barry Ostrager

Part 61

## DEFENDANT KWOK'S RESPONSES AND OBJECTIONS TO PLAINTIFF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S THIRD SET OF INTERROGATORIES

Defendant Kwok Ho Wan ("Defendant Kwok"), based on present information and belief, and pursuant to the requirements of the CPLR, the Rules of the Commercial Division, and in accordance with this Court's October 15, 2020 Decision and Order (Dkt. No. 630) ("Order"), hereby provides the following responses and objections to Plaintiff Pacific Alliance Asia Opportunity Fund L.P.'s Third Set of Interrogatories, dated November 6, 2020 ("Interrogatories"):

## GENERAL OBJECTIONS

1.      Defendant Kwok objects to these Interrogatories as they violate Commercial Division Rule 11-a(a) which limits interrogatories to "25 in number, including subparts, unless another limit is specified in the preliminary conference order."

2.      Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is not limited in time to the relevant period at issue.

Case 22-50073    Doc 701    Filed 08/04/22    Entered 08/05/22 15:57:35    Page 5 of 66

3.    Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is beyond the scope permitted under CPLR § 5229 and/or other applicable laws or rules of the court.

5.    Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection.

6.    Defendant Kwok objects to each Interrogatory to the extent that it calls for documents, information, or other discovery in the possession of third parties not under his control or within the scope of his authority to produce.

7.    Defendant Kwok objects to each Interrogatory to the extent that it calls for documents to which Plaintiff should already have access.

8.    Defendant Kwok objects to each Interrogatory to the extent that it is vague or ambiguous.

9.    Defendant Kwok objects to each Interrogatory to the extent that it is overly broad or unduly burdensome.

10.    Defendant Kwok objects to each Interrogatory to the extent that it is, or assumes, a legal conclusion.

11.    Defendant Kwok objects to each Interrogatory to the extent that it exceeds, contradicts, and/or varies in any way from any agreement reached by counsel for all parties.

12.    Defendant Kwok objects to each Interrogatory to the extent that it is unreasonably cumulative and duplicative.

13.    Defendant Kwok objects to each Interrogatory to the extent that it is intended to harass, oppress or unduly burden Defendant Kwok.

14.    Defendant Kwok objects to each Interrogatory to the extent that it calls for speculation, conjecture, or legal conclusions.

15.    Defendant Kwok objects to each Interrogatory to the extent that it calls for information presently unknown to Defendant Kwok.  The responses herein are based upon Defendant Kwok's present recollection, knowledge, information and belief.  Defendant Kwok reserves the right to supplement, amend, correct or clarify his responses.

16.    The omission of any objection from this document does not constitute a waiver of that objection.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing General Objections, each of which is hereby incorporated by reference, Defendant Kwok responds and objects to each specified Definition and Interrogatory as follows:

## DEFINITION 2 ("Interest")

The term "Interest" means any direct or indirect interest, whether partial, whole, potential, or contingent, including without limitation legal ownership, beneficial ownership, right to control, ownership of any or all of the shares of an incorporated entity, membership or interest in a limited liability company or partnership, or access to funds or assets.

Case 22-50073   Doc 701   Filed 08/04/22   Entered 08/05/22 15:57:35   Page 7 of 66

### Response to Definition 2

Defendant Kwok objects to the definition of "Interest" as it is overbroad, unduly

burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's

Order to the extent that it includes "potential" interest. Defendant Kwok further objects to the

definition of "Interest" as vague and ambiguous to the extent that it includes "access to funds or

assets." Defendant Kwok also objects to the definition of "Interest" to the extent that it calls for

speculation, conjecture, or legal conclusions.

### DEFINITION 3 ("Asset")

The term "Asset" means any asset or property whatsoever, whether tangible or intangible,
including without limitation cash, bank accounts, brokerage accounts, real property, land,
corporate shares, membership or interest in a limited liability company or partnership, stocks,
shares, bonds, investments, investment vehicles, actual or potential judgments, liens, easements,
attachments, leases, intellectual property including without limitation patents and trademarks,
automobiles, airplanes, helicopters, sea vessels, vehicles, artwork, collectibles, clothing, jewelry,
cryptocurrency, crypto-wallets, safe deposit boxes, chattel, precious stones or securities,
commodities, receivables, convertible loans, and interests derived from financial instruments,
whether directly or indirectly held.

### Response to Definition 3

Defendant Kwok objects to the definition of "Asset" as it is overbroad, unduly

burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's

Order to the extent that it includes "intangible" assets. Defendant Kwok further objects to the

definition of "Asset" as vague and ambiguous to the extent that it includes "intangible" assets.

### DEFINITION 4 ("Family Member")

The term "Family Member" includes Your parents, siblings, aunts and uncles, spouse(s), first-
and second-cousins, children, grandchildren, nephews, and nieces.

### Response to Definition 4

Defendant Kwok objects to the definition of "Family Member" as it is overbroad, unduly

burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's

Order which authorizes discovery on the Sherry-Netherland residence, the Lady May yacht and "other assets that Mr. Kwok may own, whether directly or indirectly." Defendant Kwok further objects to the definition of "Family Member" to the extent it seeks to bring into its definition individual third parties that he does not control.  Mr. Kwok's responses will be limited to those assets "that Mr. Kwok may own, whether directly or indirectly."

## INSTRUCTION 7 ("Time Period")

Unless otherwise specified, the applicable time period for each Interrogatory is January 1, 2008, up to and including the date of production (the "Time Period").

### Response to Instruction 7

Defendant Kwok objects to the "Time Period" set out in Instruction 7 as it is overbroad, unduly burdensome, exceeds the scope of CPLR §5229 disclosure, and exceeds the scope of this Court's Order which authorizes discovery on the Sherry-Netherland residence, the Lady May yacht and "other assets that Mr. Kwok may own, whether directly or indirectly."  The relevant Time Period for purposes of this disclosure is October 15, 2020 (the date of the CPLR §5229 proceedings on the record) through the present date in order to identify any assets which Mr. Kwok "may own, whether directly or indirectly."

## INTERROGATORY NO. 1[1]

Identify all Persons (excluding natural persons) in which You have an Interest or have had an Interest since January 1, 2015.

---

[1] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

## Response to Interrogatory No. 1

Subject to the General and Specific Objections made above, Defendant Kwok responds: I am the legal owner of the issued shares of Genever Holdings Corporation. Genever Holdings

Corporation is the sole shareholder of Genever Holdings, LLC.

Admission of ownership

## INTERROGATORY NO. 2[2]

For all Persons identified in response to Interrogatory No. 1, Identify:

a.  Any Persons with knowledge about that Person.

b.  Any other Persons that also have an Interest in that Person.

c.  The value of Your Interest in that Person, and the value of any Interests held by any other Persons in that Person.

d.  Any members of that Person's board of directors, board of managers, board of members, board of advisers, or management.

e.  The state or jurisdiction of organization or incorporation of that Person.

f.  The date of incorporation or organization of that Person.

g.  The description, value, and location of any and all Assets that have a value greater than $10,000 that are held (directly or indirectly) by that Person.

h.  Any and all bank, brokerage, investment, cryptocurrency, or other accounts indirectly or directly held or controlled by that Person (including without limitation the bank or brokerage name, name on the account, authorized signatories, branch location, account number, and balance).

i.  The custodian(s), location(s), and general description of all Documents and Communications relating to that Person.

j.  Any and all Persons in which that Person has any Interest (and for all such Persons, Identify the information requested in subparts (a)-(i)).

k.  For any Person in which You no longer have any Interest, (i) the date on which (a) You sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such

---

[2] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Person.

l.  Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Person.

### Response to Interrogatory No. 2:

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Genever Holdings Corporation:

a.  Daniel Podhaskie, Yanping Wang, and I have knowledge related to this entity. We are each represented by counsel.
b.  None.
c.  Interest is nil as the only asset is Genver Holdings, LLC which has liabilities greater than its assets.
d.  I am the sole shareholder.
e.  British Virgin Islands.
f.  February 13, 2015.
g.  None. Noting that it owns 100% of the shares of Genever Holdings, LLC.
h.  None.
i.  Intertrust Corporate Services, Ritter House, Tortola.
j.  Owns 100% of the shares of Genever Holdings, LLC.
k.  None.
l.  A trust agreement exists between and//or among Defendant Kwok, Genever Holdings Corporation; Genever Holdings, LLC and Bravo Luck Limited.

Genever Holdings, LLC:

a.  Daniel Podhaskie, Yanping Wang, and I have knowledge related to this entity. We are each represented by counsel.
b.  None.
c.  Interest is nil as the only asset is Genever Holdings, LLC which has liabilities greater than its assets.
d.  I am the sole shareholder.
e.  New York.
f.  February 13, 2015
g.  None. Noting that it is the leaseholder related to the property which comprises the previously-identified Sherry Netherlands coop shares.
h.  None.
i.  Daniel Podhaskie, Yanping Wang, and I.
j.  Owns 100% of the shares of Genever Holdings, LLC.
k.  None.
l.  A trust agreement exists between and//or among Defendant Kwok, Genever Holdings Corporation; Genever Holdings, LLC and Bravo Luck Limited.

## INTERROGATORY NO. 3[3]

Identify all Persons (excluding natural persons) in which any Family Member has an Interest or has had an Interest since January 1, 2015.

### Response to Interrogatory No. 3

Subject to the General and Specific objections made above, Defendant Kwok will not

respond to this Interrogatory.

## INTERROGATORY NO. 4[4]

For all Persons identified in response to Interrogatory No. 3, Identify:

a.   Any Persons with knowledge about that Person.

b.   Any other Persons that also have an Interest in that Person.

c.   The value of the Family Member's Interest in that Person, and the value of any Interests held by any other Persons in that Person.

d.   Any members of that Person's board of directors, board of managers, board of members, board of advisers, or management.

e.   The state or jurisdiction of organization or incorporation of that Person.

f.   The date of incorporation or organization of that Person.

g.   The description, value, and location of any and all Assets that have a value greater than $10,000 that are held (directly or indirectly) by that Person.

h.   Any and all bank, brokerage, investment, cryptocurrency, or other accounts indirectly or directly held or controlled by that Person (including without limitation the bank or brokerage name, name on the account, authorized signatories, branch location, account number, and balance).

i.   The custodian(s), location(s), and general description of all Documents and Communications relating to that Person.

j.   Any and all Persons in which that Person has any Interest (and for all such Persons, Identify the information requested in subparts (a)-(i)).

---

[3] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.
[4] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

Case 22-50073   Doc 701   Filed 08/04/22   Entered 08/05/22 15:57:35   Page 12 of 66

k.   For any Person in which the Family Member no longer has any Interest, (i) the date on which (a) the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b)circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Person.

l.   Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Person.

**Response to Interrogatory No. 4**

Subject to the General and Specific objections made above, Defendant Kwok will not respond to this Interrogatory.

**INTERROGATORY NO. 5**

Identify any Assets that have a value greater than $10,000 in which You have an Interest or have had an Interest since January 1, 2015.

**Response to Interrogatory No. 5**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I am the legal owner of the issued shares of Genever Holdings Corporation. Genever Holdings Corporation is the sole shareholder of Genever Holdings, LLC, its only asset. The liabilities of Genever Holdings, LLC exceed its assets as set forth in Bankruptcy filings for Genever Holdings, LLC.

Admission of ownership

**INTERROGATORY NO. 6**

For all Assets identified in response to Interrogatory No. 5, Identify:

a.   Any Persons with knowledge about that Asset.

b.   Any other Persons that also have an Interest in that Asset.

c.   The value of Your Interest in that Asset, and the value of any Interests held by any other Persons in that Asset.

d.   The state or jurisdiction in which that Asset is located.

e.      The date on which You acquired your Interest in that Asset.

f.      The custodian(s), location(s), and general description of all Documents and Communications relating to that Asset.

g.      For any Asset in which You no longer have any Interest, (i) the date on which (a) You sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Asset.

h.      Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Asset.

**Response to Interrogatory No. 6**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

See Response to Interrogatory No. 2 above.

## INTERROGATORY NO. 7

Identify any Assets that have a value greater than $50,000 in which any Family Member has an Interest or has had an Interest since January 1, 2015.

### Response to Interrogatory No. 7

Subject to the General and Specific objections made above, Defendant Kwok will not respond to this Interrogatory.

## INTERROGATORY NO. 8

For all Assets identified in response to Interrogatory No. 7, Identify:

a.      Any Persons with knowledge about that Asset.

b.      Any other Persons that also have an Interest in that Asset.

c.      The value of the Family Member's Interest in the Asset, and the value of any Interests held by any other Persons in that Asset.

d.      The state or jurisdiction in which that Asset is located.

e.      The date on which a Family Member acquired an Interest in that Asset.

f.     The custodian(s), location(s), and general description of all Documents and Communications relating to that Asset.

g.     For any Asset in which any Family Member no longer has any Interest, (i) the date on which (a) the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that Asset.

h.     Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that Asset.

**Response to Interrogatory No. 8**

Subject to the General and Specific objections made above, Defendant Kwok will not respond to this Interrogatory.

## INTERROGATORY NO. 9[5]

Identify all bank, brokerage, investment, cryptocurrency, or other accounts in which You have an Interest or have had an Interest since January 1, 2015.

**Response to Interrogatory No. 9**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

None.

## INTERROGATORY NO. 10[6]

For all accounts identified in response to Interrogatory No. 9, Identify:

a.     Any Persons with knowledge about that account.

b.     The bank or brokerage name.

c.     The name on that account.

---

[5] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.
[6] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

d.    The authorized signatories on that account.

e.    The branch location.

f.    The account number.

g.    The account balance.

h.    Any other Persons that also have an Interest in that account.

i.    The value of Your Interest in that account, and the value of any Interests held by any other Persons in that account.

j.    The date on which You acquired Your Interest in that account.

k.    The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

l.    For any account in which You no longer have any Interest, (i) the date on which (a) You sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that account.

### Response to Interrogatory No. 10

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Not Applicable.

### INTERROGATORY NO. 11[7]

Identify all bank, brokerage, investment, cryptocurrency, or other accounts in which a Family Member has an Interest or has had an Interest since January 1, 2015.

### Response to Interrogatory No. 11

Subject to the General and Specific objections made above, Defendant Kwok will not

respond to this Interrogatory.

---

[7] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

## INTERROGATORY NO. 12[8]

For all accounts identified in response to Interrogatory No. 11, Identify:

a.    Any Persons with knowledge about that account.

b.    The bank or brokerage name.

c.    The name on the account.

d.    The authorized signatories on that account.

e.    The branch location.

f.    The account number.

g.    The account balance.

h.    Any other Persons that also have an Interest in that account.

i.    The value of any Family Member's Interest in that account, and the value of any Interests held by any other Persons in that account.

j.    The date on which the Family Member acquired their Interest in that account.

k.    The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

l.    For any account in which the Family Member no longer has any Interest, (i) the date on which (a) the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in that account.

m.    Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that account.

### Response to Interrogatory No. 12

Subject to the General and Specific objections made above, Defendant Kwok will not

respond to this Interrogatory.

---

[8] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

## INTERROGATORY NO. 13

Identify the custodian(s), location(s), and general description of all Documents and Communications relating to your personal finances, Assets, and Interests in any Person.

### Response to Interrogatory No. 13

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Daniel Podhaskie, Yanping Wang, and I are the custodians of the responsive formation and

corporate documents, which are located at 162 E. 64th Street, New York, New York 10065.

## INTERROGATORY NO. 14

Identify (including without limitation the type, value, source, and amount) any gifts, benefits, payments, income, or loans You have received since January 1, 2015.

### Response to Interrogatory No. 14

Subject to the General and Specific Objections made above, Defendant Kwok responds:

This Interrogatory is unclear to the extent that it includes "benefits" within its scope but

with respect to other gifts, payments, income or loans received for the relevant time period, there

are none.

## INTERROGATORY NO. 15

Identify (including without limitation the type, value, source, and amount) any gifts, benefits, payments, income, or loans You have made or given since January 1, 2015.

### Response to Interrogatory No. 15

Subject to the General and Specific Objections made above, Defendant Kwok responds:

This Interrogatory is unclear to the extent that it includes "benefits" within its scope but with

respect to other gifts, payments, income or loans made or given for the relevant time period,

there are none.

## INTERROGATORY NO. 16

To the extent not already Identified in response to the prior Interrogatories, Identify, for the "personal JPMorgan Chase account in New York," referred to at paragraph 35 of the February 5, 2016 Affidavit of Kwok Ho Wan in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss the Complaint in *Ace Decade Holdings Ltd. v. UBS AG,* Index No. 653316/2015 (N.Y. Sup. Ct.):

    a.     Any Persons with knowledge about that account.

    b.     Any Persons with any Interest in that account.

    c.     The bank or brokerage name.

    d.     The name on that account.

    e.     The authorized signatories on that account.

    f.     The branch location.

    g.     The account number.

    h.     The account balance.

    i.     The value of Your Interest in that account, and the value of any Interests held by any other Persons in that account.

    j.     The date on which You acquired your Interest in that account.

    k.     The date on which any Family Member acquired an Interest in that account.

    l.     The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

    m.     If You or any Family Member no longer have any Interest in the account, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in the account.

    n.     Any and all trust agreements, pledges, liens, encumbrances, or interferences of any kind that have been placed on or relate to that account.

### Response to Interrogatory No. 16

Subject to the General and Specific Objections made above, Defendant Kwok responds:

To my best recollection, this account was closed in or about March or April 2017, and certainly well before October 15, 2020.

## INTERROGATORY NO. 17

To the extent not already Identified in response to the prior Interrogatories, Identify, for the bank account at UBS AG Hong Kong Branch with account number 371236, referenced on page 16 of Exhibit B to Eastern Profit Corporation Limited's November 22, 2019 Response to Letter Motion in *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, C.A. No. 18- cv-2185 (JGK) (S.D.N.Y.) (ECF No. 203-2):

a.   Any Persons with knowledge about that account.

b.   Any Persons with any Interest in that account.

c.   The bank or brokerage name.

d.   The name on that account.

e.   The authorized signatories on that account.

f.   The branch location.

g.   The account number.

h.   The account balance.

i.   The value of Your Interest in that account, and the value of any Interests held by any other Persons in that account.

j.   The date on which You acquired your Interest in that account.

k.   The date on which any Family Member acquired an Interest in that account.

l.   The custodian(s), location(s), and general description of all Documents and Communications relating to that account.

m.   If You or any Family Member no longer have any Interest in the account, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in the account.

n.   Any and all trust agreements, pledges, liens, encumbrances, or interferences of

any kind that have been placed on or relate to that account.

**Response to Interrogatory No. 17**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

While the defendant in that action attempted to bring me in to that case, those claims were summarily dismissed. I am not a party to the above-referenced action. The document referred to above specifically states that the identified account is not held by me. It also bears noting that the document appears to be a document from the High Court of Hong Kong which is under the direct control of the Chinese Communist Party.

## INTERROGATORY NO. 18

With respect to the February 23, 2015 letter from UBS on your behalf to the Sherry Netherland (which was filed in this litigation at docket number 256 bearing the Bates numbers SN 0056), Identify:

    a.    The "personal investment company" referred to at SN 0056.

    b.    The account(s) associated with the "funds involved in this banking relationship" referred to at SN 0056.

    c.    For the account(s) identified in subpart (b), the information requested in Interrogatory 16 subparts (a)-(n).

**Response to Interrogatory No. 18**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I cannot answer this Interrogatory without more information besides a vague reference by a third-party to an unidentified account. I can say with certainty that I have no personal accounts with UBS as of October 15, 2020, the relevant period for these Interrogatories.

## INTERROGATORY NO. 19

To the extent not already Identified in response to the prior Interrogatories, Identify, for the Lady May:

a.   Any Persons with knowledge about it.

b.   Any Persons with any Interest in it.

c.   Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.   Its current value.

e.   Its current location, including without limitation the address, state, and jurisdiction.

f.   If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

g.   The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 19**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

a.   Hong Kong International Funds Investments (USA) Limited, LLC and Mei Guo.

Both are represented by counsel.

b.   Hong Kong International Funds Investments (USA) Limited, LLC and Mei Guo.

c.   Responsive information is not within my possession, custody, and/or control.

d.   Responsive information is not within my possession, custody, and/or control.

e.   Responsive information is not within my possession, custody, and/or control.

f.   I do not have an interest. Beyond that, responsive information is not within my possession, custody, and/or control, except to note that I am not aware of any seizure, sale, transfer or disposition.

g.   Responsive information is not within my possession, custody, and/or control.

## INTERROGATORY NO. 20

To the extent not already Identified in response to the prior Interrogatories, Identify, for the Residence:

- a.      Any Persons with knowledge about it.

- b.      Any Persons with any Interest in it.

- c.      Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

- d.      Its current value.

- e.      If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

- f.      The custodian(s), location(s), and general description of all Documents and Communications relating to it.

## Response to Interrogatory No. 20

Subject to the General and Specific Objections made above, Defendant Kwok responds:

- a.   Daniel Podhaskie, Yanping Wang, and I.  We are each represented by counsel.

- b.   Bravo Luck Limited.

- c.   Besides those caused by Plaintiff, there is the above-referenced Trust Agreement with Bravo Luck Limited, as well as certain restrictions as to the transfer of shares held by the Sherry Netherlands.

- d.   I cannot opine on its market value, though its sale value has significantly diminished as a result of Plaintiff's conduct.

- e.   The lease is currently held by Genever Holdings, LLC and has been during the relevant period of time. The beneficial owner is and has been Bravo Luck Limited during the relevant period of time.

## INTERROGATORY NO. 21

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 33 Ferncliff Road, Cos Cob, Connecticut, USA:

  a.  Any Persons with knowledge about it.

  b.  Any Persons with any Interest in it.

  c.  Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

  d.  Its current value.

  e.  If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

  f.  The custodian(s), location(s), and general description of all Documents and Communications relating to it.

### Response to Interrogatory No. 21

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.

## INTERROGATORY NO. 22

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 373 Taconic Rd, Greenwich, Connecticut, USA:

  a.  Any Persons with knowledge about it.

  b.  Any Persons with any Interest in it.

  c.  Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

  d.  Its current value.

e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it

**Response to Interrogatory No. 22**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.

## INTERROGATORY NO. 23

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at Room 411, 4th Floor, Nan Fung Tower, 173 Des Voeux Road Central, Hong Kong:

a.    Any Persons with knowledge about it.

b.    Any Persons with any Interest in it.

c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.    Its current value.

e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Mere st in it.

f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 23**

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the information requested in this Interrogatory.

## INTERROGATORY NO. 24

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property known as Majestic View Manor, located at 20 South Bay Road, Hong Kong:

    a.    Any Persons with knowledge about it.

    b.    Any Persons with any Interest in it.

    c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

    d.    Its current value.

    e.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

    f.    The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 24**

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the information requested in this Interrogatory.

## INTERROGATORY NO. 25

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 22 South Bay Road, Hong Kong:

    a.    Any Persons with knowledge about it.

    b.    Any Persons with any Interest in it.

    c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or

interferences of any kind relating to it at any time.

d.   Its current value.

e.   If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.   The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 25**

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the

information requested in this Interrogatory.


**INTERROGATORY NO. 26**

To the extent not already Identified in response to the prior Interrogatories, Identify, for the real property located at 5 Princes Gate, Apartment 6, London, England SW7 1QJ:

a.   Any Persons with knowledge about it.

b.   Any Persons with any Interest in it.

c.   Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.   Its current value.

e.   If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

f.   The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 26**

Subject to the General and Specific objections made above, Defendant Kwok responds:

I am not the owner of this property and I am not in possession, custody, or control of the information requested in this Interrogatory.

## INTERROGATORY NO. 27

To the extent not already Identified in response to the prior Interrogatories, Identify, for any automobiles, sea vessels, airplanes, helicopters, or vehicles in which You or a Family Member have or has had an Interest:

a.    Any Persons with knowledge about it.

b.    Any Persons with any Interest in it.

c.    Any sales, transfers, dispositions, pledges, liens, agreements, encumbrances, or interferences of any kind relating to it at any time.

d.    Its current value.

e.    Its current location, including without limitation the address, state, and jurisdiction.

f.    If You or any Family Member no longer has any Interest in it, (i) the date on which (a) You or the Family Member sold, transferred, or disposed of that Interest, or (b) that Interest was seized; (ii) the Person (a) to which You or the Family Member sold, transferred, or disposed of that Interest, or (b) that seized that Interest; (iii) the (a) consideration, if any, for such sale or transfer, or (b) circumstances of such seizure; and (iv) all Persons that currently have an Interest in it.

g.    The custodian(s), location(s), and general description of all Documents and Communications relating to it.

**Response to Interrogatory No. 27**

Subject to the General and Specific Objections made above, Defendant Kwok responds:

None.  Defendant Kwok will not respond to this Interrogatory with respect to "Family Members" pursuant to the objections made above.

## INTERROGATORY NO. 28

For each debt with a value greater than $10,000 owed to You, a Family Member, or any Person in which You have an Interest, Identify:

    a.    The Person who owes the debt;

    b.    The Person to whom the debt is owed;

    c.    The amount of the debt;

    d.    The purpose and consideration for the debt;

    e.    Any Persons with knowledge of information relating to the debt; and

    f.    The custodian(s), location(s), and general description of all Documents and Communications relating to the debt.

### Response to Interrogatory No. 28

Subject to the General and Specific Objections made above, Defendant Kwok responds: I am not aware of any debts owed to me as identified above, however, should I become aware of any such debts existing for the relevant time period, I reserve my right to supplement this response. Defendant Kwok will not respond to this Interrogatory with respect to "Family Members" pursuant to the objections made above.

## INTERROGATORY NO. 29

For each debt with a value greater than $10,000 owed by You, a Family Member, or any Person in which You have an Interest, Identify:

    a.    The Person who owes the debt;

    b.    The Person to whom the debt is owed;

    c.    The amount of the debt;

    d.    The purpose and consideration for the debt;

    e.    Any Persons with knowledge of information relating to the debt; and

    f.    The custodian(s), location(s), and general description of all Documents and Communications relating to the debt.

### Response to Interrogatory No. 29

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Nannan Itakura - $27,000.00.

The following are creditors of Genever Holdings, LLC: Sherry Netherland - $891,262.06;

Bravo Luck Limited - $67,5000,000.00; Golden Spring NY - $1,800,000.00; and Qiang Guo -

$5,000,000.00.

Defendant Kwok will not respond to this Interrogatory with respect to "Family Members"

pursuant to the objections made above.

## INTERROGATORY NO. 30

Identify all third-party professionals, consultants and service providers (including without
limitation any attorneys, bankers, asset managers, investment advisors, certified public
accountants, and brokers) that were engaged by or performed services for You or for any Person
in which you have an Interest (including without limitation those identified in Interrogatory 31).

### Response to Interrogatory No. 30

Subject to the General and Specific Objections made above, Defendant Kwok responds:

Services have been provided to me by my attorneys during the relevant time period. My

attorneys are:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York NY 10001
212-589-4200

Alvarez & Marsal
600 Madison Avenue, 8th Floor
New York, New York, 10022
(212) 759-4433

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(212) 223-0400

Lawall & Mitchell, LLC
55 Madison Ave #400
Morristown, NJ 07960
(973) 285-3280

Schulman Bhattacharya, LLC
7500 Old Georgetown Road, Suite 901
Bethesda, Maryland 20814
(240) 356-8550

Hodgson Russ LLP
605 3rd Ave #2300
New York, NY 10158
(212) 751-4300

Clayman & Rosenberg LLP
305 Madison Ave #650
New York, NY 10165
(212) 922-1080

Harcus Parker Limited
7th Floor
Melbourne House
44-46 Aldwych
London
WC2B 4LL
+44 (0)20 3995 3900

LALIVE SA
35, Rue de la Mairie
P.O. Box 6569
1211 Geneva 6
Switzerland
+41 58 105 2000

Goldfarb & Huck Roth Riojas, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452.0260

The Casper Firm, LLC
400 E. Pratt Street, Suite 903
Baltimore, MD 21202
(410) 989-5097

GPS McQuhae LLP
Suite 1801, Chinachem Exchange Square,

1 Hoi Wan St,
Quarry Bay, Hong Kong
+852 3758 2421

## INTERROGATORY NO. 31[9]

To the extent not already Identified in response to the prior Interrogatories, Identify the
information requested in Interrogatory 2 subparts (a)-(l) for the following entities: Genever
Holdings Corporation, Genever Holdings LLC, Auspicious Coast Limited, Bravo Luck Limited,
Beijing Zenith Holdings Company Limited, AAGV Limited, Assets Sino Limited, BSA Strategic
Fund I, Insight Phoenix Fund, Alfonso Global Limited, Allied Capital Global Limited, Creative
Apex Investments Limited, Crystal Breeze Investments Limited, Elite Well Global Limited,
Globalist International Limited, Infinitum Developments Limited, Infinite Increase Limited,
Noble Fame Global Limited, Eastern Profit Corporation Limited, Alfa Global Ventures Limited,
Ace Decade Holdings Limited, Hong Kong International Funds Investments Limited, Anton
Development Limited, Rosy Acme Ventures Limited, Leading Shine Limited, Golden Spring
(New York) Limited, China Golden Spring (Hong Kong) Limited, Saraca Media Group, Voice
of Guo Media Inc., GTV Media Group, Guo Media, GNews, Greenwich Land LLC, AI Group
Holdings Inc., Hamilton Capital Holdings Inc., Gfashion Group, Next Tycoon Investments
Limited, Shiny Times Holdings Limited, Spirit Charter Investment Limited, Beijing Pangu
Investment Inc. and its affiliates, Worldwide Opportunity Holdings Limited, and Empire Growth
Holdings Limited.

### Response to Interrogatory No. 31

Subject to the General and Specific Objections made above, Defendant Kwok responds:

See responses to Interrogatories 1 and 2 above. I am not in possession, custody, or control of

responsive information with respect to any other entities listed.

Dated: New York, New York          Respectfully submitted,
        December 4, 2020
                                   **BAKER & HOSTETLER LLP**


                                   By:    _/s/ Melissa M. Carvalho_____

---

[9] Pursuant to correspondence from Eddie Moss to Melissa Carvalho, dated November 19, 2020, this Request also
includes the following accounts at Chase Manhattan Bank: 4563310029216029 and 4563310029216839.

John Siegal
Melissa M. Carvalho
Erica Barrow Clark
45 Rockefeller Plaza
14th Floor
New York, NY 10111
jsiegal@bakerlaw.com
mcarvalho@bakerlaw.com
ebarrow@bakerlaw.com

*Attorneys for Defendent Kwok Ho Wan*

To:
Edward Moss (emoss@omm.com)
Stuart Sarnoff (ssarnoff@omm.com)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000

-and-
Robert W. Seiden (rseiden@seidenlegal.com)
1120 Avenue of the Americas
New York, NY 10036
(212) 626-6708
*Attorneys for Plaintiff Pacific Alliance Asia Opportunity Fund L.P.*

FILED: NEW YORK COUNTY CLERK 04/28/2021 10:54 PM INDEX NO. 652077/2017

NYSCEF DOC. NO. 756    Case 22-50073   Doc 701   Filed 08/04/22   Entered 08/05/22 15:57:35   Page 33 of 66   RECEIVED NYSCEF: 04/28/2021

## VERIFICATION

STATE OF NEW YORK       )
                         )ss:
COUNTY OF NEW YORK   )

I, KWOK HO WAN, have read the foregoing DEFENDANT KWOK'S RESPONSES AND
OBJECTIONS TO PLAINTIFF PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S
THIRD SET OF INTERROGATORIES, know the contents thereof, and declare under penalty of
perjury, under the laws of the State of New York, that the representations made therein are true
and correct to the best of my personal knowledge.

Dated: December 4, 2020

_____
KWOK HO WAN

Sworn to before me this _4_ day of
December 2020

_____
NOTARY PUBLIC

DANIEL THOMAS PODHASKIE
Notary Public, State of New York
Reg. No. 02PO6394578
Qualified in Queens County
Commission Expires July 8, 2023

DANIEL THOMAS PODHASKIE
Notary Public, State of New York
Reg. No. 02PO6394578
Qualified in Queens County
Commission Expires July 8, 2023

**Exhibit B**

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok _____

VS. _____

Trustee  EXHIBIT _____ B _____

DATE _____ IDEN.

DATE  8/4/2022 Admitted in Full _____ EVID.

BY  P.E. _____

Deputy Clerk

AO 386



Incorporated under the BVI Business Companies Act, 2004

Number of certificate

1

Number of shares

1,000

**Genever Holdings Corporation**

This is to certify that Ho Wan Kwok of 49th Floor, Bank of China Tower, No. 1 Garden Road, Central, Hong Kong is the registered holder of **One Thousand (1,000) Ordinary shares** with **USD$0.001 par value** each being fully paid in the above-named company, subject to the Memorandum and Articles of Association of the company.

Given under the seal of the company dated 13 February 2015.

For and on behalf of
Elian First Director (BVI) Limited
**Director**

**Exhibit C**

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok

VS. _____

Trustee   EXHIBIT _____ C _____

DATE _____ IDEN.

DATE   8/4/2022 Admitted in Full   EVID.

BY   P.E.

Deputy Clerk

AO 386

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

Genever Holdings LLC,                                           Case No.

                              Debtor.
------------------------------------------------------------x

## COMPANY RESOLUTIONS

A special meeting of the sole Member of Genever Holdings LLC (the "Company") having been held on October 6, 2020, and upon motion duly made and carried, the following resolutions were unanimously adopted:

**RESOLVED,** the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York; and it is further

**RESOLVED,** Yanping Wang is appointed as the Company's representative and is authorized to act on behalf of the Company to (a) execute the Chapter 11 petition and all other accompanying documents, and cause the same to be filed with the Bankruptcy Court; and (b) cause to be filed all schedules, statements, lists, motions, applications and other papers or documents necessary or desirable to prosecute the Chapter 11 case; and it is further

**RESOLVED,** that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

Dated:   New York, New York
         October 6, 2020



GENEVER HOLDINGS LLC

By: Genever Holdings Corporation

By: _____
        Ho Wan Kwok

Signature of Ho Wan Kwok

**Exhibit D**

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok _____

VS. _____

Trustee    EXHIBIT _____ D _____

DATE _____ IDEN.

DATE __8/4/2022 Admitted in Full____ EVID.

BY __P.E._____

Deputy Clerk

AO 386

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:                                          Chapter 11

Genever Holdings LLC,                           Case No. 20-12411 (JLG)

                          Debtor.

--------------------------------------------------------x

### RESOLUTION RATIFYING AND APPROVING
### CERTAIN ACTIONS AMENDING
### THE COMPANY'S OPERATING AGREEMENT
### OF GENEVER HOLDINGS, LLC

A special meeting of the members of Genever Holdings LLC (the "**Company**") having been held on May 24, 2021 pursuant to the Company's Operating Agreement dated February 13, 2015 (the "***Operating Agreement***") in connection with the Company's execution of the proposed Amended and Restated Settlement Agreement dated May 24, 2021 (the ö***Settlement Agreement***ö), and upon motion duly made and carried, the following resolutions were unanimously adopted:

**RESOLVED**, the Settlement Agreement is hereby approved and ratified in all respects in the exercise of the Company's business judgment;

**RESOLVED**, that in furtherance of the Settlement Agreement and in the exercise of its business judgment consistent with its fiduciary duties as a debtor-in-possession and the fiduciary standards set forth in Section 9.4 of the Operating Agreement, the Company hereby hires and appoints the Honorable Melanie L. Cyganowski (Ret.) (hereinafter "***Judge Cyganowski***") pursuant to Section 9.3 of the Operating Agreement as an employee to act as the Company's Sales Officer as provided in the Settlement Agreement;

**RESOLVED**, that Judge Cyganowski shall have only the duties and responsibilities set forth in the Settlement Agreement to control and oversee the sale of the Residence as defined under the Settlement Agreement;

**RESOLVED**, that Judge Cyganowski shall not have any other duties or responsibilities to the Company or its Members, Managers or creditors except as expressly stated in the Settlement Agreement;

**RESOLVED**, that Judge Cyganowski's employment and appointment by the Company as the Sales Officer remains subject to approval of the Bankruptcy Court;

**RESOLVED**, the provisions of Section 9.3 of the Operating Agreement be and the same are hereby amended to ratify and confirm, consistent with the

Settlement Agreement, that the appointment of Judge Cyganowski as Sales Officer cannot be revoked or terminated, and Judge Cyganowski cannot be removed by the Company or its Member or Managers without an Order of the Bankruptcy Court;

**RESOLVED**, that should Judge Cyganowski be unable to serve as the Sales Officer under the Settlement Agreement due to death, incapacity, resignation or removal then in such event, her successor shall be selected by the Company in accordance with the Settlement Agreement.

**IN WITNESS WHEREOF**, the undersigned have executed these Resolutions effective as of the day first set forth above.



GENEVER HOLDINGS LLC

By:    Genever Holdings Corporation

By:    /s/ Ho Wan Kwok

Signature of Ho Wan Kwok

**Exhibit E**

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok

VS. _____

Trustee   EXHIBIT _____ E _____

DATE _____ IDEN.

DATE  8/4/2022 Admitted in Full _____ EVID.

BY  P.E._____

Deputy Clerk

AO 386

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                              Chapter 11

Geneer Holdings LLC,                                Case No. 20-12411-JLG

                              Debtor.
----------------------------------------------------------x

### "LAR-DAN" DECXLARATION OF KWOK HO WAN A/K/A MILES KWOK IN CONNECTION WITH RETENTION OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, AS COUNSEL FOR THE DEBTOR

Kwok Ho Wan a/k/a Miles Kwok declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the sole member of Genever Holdings Corp. which is the sole member of the Debtor Genever Holdings LLC (the "Debtor").

2. I submit this Declaration in connection with Debtor's application to retain Goldberg Weprin Finkel Goldstein LLP ("GWFG") as attorneys in this matter.

3. As disclosed in the Declaration of Kevin J. Nash filed in support of the proposed retention, GWFG received a payment in the sum of $25,000 plus $2,000 for the filing fee of $1,717 and noticing expenses. I funded this payment to the Debtor as capital and not as a loan. I nevertheless waive any possible right to seek reimbursement from the Debtor relating to the payment. I borrowed the monies to fund the payment from an unrelated third party not involved in this case.

4. I have separate counsel and I have been advised, and hereby acknowledge, that GWFG is to be engaged in this Chapter 11 case solely to represent the interests of the Debtor and shall not represent me or the Debtor's equity holder in connection with any possible matter. I further expressly acknowledge that GWFG owes a duty of undivided loyalty to the Debtor only.

Dated:  New York, New York

January __, 2021



Signature of
Ho Wan Kwok →

_____
Kwok Ho Wan a/k/a Miles Kwok

2

## Exhibit F

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok

VS. _____

Trustee   EXHIBIT _____ F _____

DATE _____ IDEN.

DATE _ 8/4/2022 Admitted in Full _ EVID.

BY _ P.E. _____

Deputy Clerk

AO 386

| Fill in this information to identify your case: |
| --- |
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION |
| Case number (if known) _____  Chapter __11__ |

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
| --- | --- | --- | --- |
| 1. | Debtor's name | **Genever Holdings LLC** | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-3338202 | |

| | | | |
| --- | --- | --- |
| 4. | Debtor's address | Principal place of business | Mailing address, if different from principal place of business |
| | | **781 5th Ave**<br>**Apt 1801**<br>**New York, NY 10022-5520**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **New York**<br>County | Location of principal assets, if different from principal place of business |
| | | | **781 5th Ave Apt 1801 New York, NY 10022-5520**<br>Number, Street, City, State & ZIP Code |

| | | |
| --- | --- | --- |
| 5. | Debtor's website (URL) | |

| | | |
| --- | --- | --- |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

| Debtor | Genever Holdings LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

**B.** *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_5313_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | ___ | When | ___ | Case number | ___ |
|---|---|---|---|---|---|
| District | ___ | When | ___ | Case number | ___ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☒ No

☐ Yes.

| Debtor | ___ | Relationship | ___ |
|---|---|---|---|
| District | ___ | When ___ | Case number, if known ___ |

| Debtor | Genever Holdings LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in this district?** *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

▨ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

| **14. Estimated number of creditors** | ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated Assets** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **Genever Holdings LLC**                                    Case number (*if known*)
       Name

▨ **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October 6, 2020**
         MM / DD / YYYY

> **Signature of Ms. Wang. Ms. Wang was authorized to sign on behalf of Genever US by the Debtor pursuant to October 6 Resolutions (Ex. A).**

X _____                    **Yanping Wang**
    Signature of authorized representative of debtor            Printed name

Title   **Authorized Representative**

**18. Signature of attorney**

X **/s/ Kevin J. Nash** _____        Date **October 6, 2020**
    Signature of attorney for debtor                     MM / DD / YYYY

    **Kevin J. Nash**
    Printed name

    **Goldberg Weprin Finkel Goldstein LLP**
    Firm name

    **1501 Broadway 22nd Floor**
    **New York, NY 10036**
    Number, Street, City, State & ZIP Code

    Contact phone  **(212) 221-5700**    Email address  **knash@gwfglaw.com**

    **Kevin J. Nash**
    Bar number and State

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                      Chapter 11

Genever Holdings LLC,                                           Case No.

                                        Debtor.

-------------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Yanping Wang declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the duly designated representative of Genever Holdings LLC (the "Debtor"), a New York limited liability company with offices at The Sherry-Netherlands Apartments, 781 Fifth Avenue, New York, NY 10022, Unit 1801. As such, I have the requisite knowledge of the Debtor's financial and legal affairs to make this Declaration on the Debtor's behalf.

2. This Declaration is submitted in support of the Debtor's Chapter 11 filing pursuant to Local Rule 1007-2 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtor's plans to emerge from bankruptcy.

### Lead-Up to the Chapter 11 Filing

3. The Debtor is the owner of the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Premises"). The Debtor's interest in the Premises is memorialized by approximately 3,000 shares of Sherry Netherland cooperative stock and corresponding proprietary leases.

4. The Premises were acquired in 2015 for the total sum of approximately $70 million, largely with funding provided by Bravo Luck Limited ("Bravo") pursuant to a certain trust agreement, plus approximately $5 million advanced by Mr. Qiang Guo. The trust recognizes Bravo as the beneficial owner of the Premises based on its funding of most of the purchase price. Bravo is a company owned by Mr. Qiang Guo, the son of Mr. Kwok Ho Wan a/k/a Miles Kwok, who serves mainly in a representative capacity as the manager of the Debtor and trustee under the trust agreement.

5. Since acquisition of the Premises, Bravo has also chiefly funded maintenance charges and assessments. Miles Kwok was a prominent real estate investor and businessman in China before a host of financial and legal troubles with the Communist Ruling Party forced him to leave the country. Mr. Kwok is currently seeking political asylum in the United States amidst false corruption charges lodged by the Chinese government.

6. The Debtor and Mr. Kwok have been engaged in certain litigation in the U.S.A. since 2017 involving an entity known as Pacific Alliance Asia Opportunity Fund ("Pacific Alliance"). The Pacific Alliance litigation relates to a personal guarantee of loan indebtedness unrelated to the Premises. While the Debtor is not a party to Mr. Kwok's loan transactions involving Pacific Alliance, it has been joined in a lawsuit filed by Pacific Alliance in the Supreme Court, New York County [Index No. 652077/2017] (the "Pacific Action") seeking to impose alter ego liability on the Debtor and others.

7. This lawsuit, which is being actively defended, puts a cloud on the future direction and ownership of the Premises. In the meanwhile, the Premises have become subject to non-payment proceedings instituted by the Sherry-Netherlands Hotel for unpaid maintenance

charges of approximately $1,000,000. The ability of Bravo to generate funds to pay maintenance is hampered by challenges over the ownership of the Premises.

8.    The Premises were previously subject to a motion for a pre-judgment attachment motion filed by Pacific Alliance in April 2019. That motion was resolved following an evidentiary hearing without issuance of an attachment, based upon a consent order issued by the State Supreme Court requiring the Debtor and Mr. Kwok to provide prior notice to Pacific Alliance of any future disposition of the Premises.

9.    Despite this consent order, Pacific Alliance has recently filed a second motion by order to show cause returnable in mid-October seeking to restrain Mr. Kwok from selling, assigning or transferring any property in which he has an interest. Ostensibly, this order to show cause is again directed against the Premises, although, functionally, the order to show cause, appears duplicative of the since-resolved pre-judgment motion for attachment.

10.    Before the Premises become further entangled in litigation involving competing claims of ownership, the Debtor is filing this Chapter 11 petition to gain the needed flexibility to be in a position to maximize value under the rehabilitative power of the Bankruptcy Court. The Chapter 11 allows for a possible sale of the Premises, if necessary, while protecting the legitimate rights or claims of both Bravo and Pacific Alliance.

11.    Indeed, with the onset of the Covid-19 pandemic, the future of the Premises has become even more uncertain. Real estate values are declining throughout the City of New York, and it will undoubtedly be difficult to sell an apartment of this magnitude should that become necessary without Chapter 11 oversight.

12.    Contrary to published reports, Mr. Kwok does not have an ownership interest in the Premises, although he currently resides in the apartment. Thus, an important

threshold goal of the Chapter 11 case is to obtain a resolution of the competing claims relating to the Premises as between Bravo and Pacific Alliance. Once this issue is resolved or settled, the matter involving Pacific Alliance will be clarified and the Debtor will then be in a position to promulgate a plan of reorganization. Pending such a determination, Chapter 11 will help the Debtor preserve the status quo.

### Local Rule 1007-2 Disclosures

13.    Pursuant to Local Rule 1007-2(a)(3), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

14.    Pursuant to Local Rule 1007-4(a)(4), a list of all of the Debtor's creditors is attached hereto.

15.    Pursuant to Local Rule 1007-4(a)(5), The Sherry-Netherland, Inc., although listed as a general creditor, potentially retains rights as a secured creditor for unpaid maintenance under state law.

16.    Pursuant to Local Rule 1007-4(a)(6), the Debtor's assets and liabilities will be set forth in formal bankruptcy schedules to be filed concurrently or within fifteen (15) days of the date hereof.

17.    Pursuant to Local Rule 1007-4(a)(7), the membership interest in the Debtor is not publicly traded, and is held by Genever Holdings Corporation as listed in the schedule of equity holders filed herewith.

18.    Pursuant to Local Rule 1007-4(a)(8), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

19.     Pursuant to Local Rule 1007-4(a)(9), the Premises together with the auxiliary units are in concept leased from The Sherry-Netherland Hotel pursuant to various proprietary leases.

20.     Pursuant to Local Rule 1007-4(a)(10), the Debtor's books and records are located at its offices at 781 Fifth Avenue, New York, NY 10022.

21.     Pursuant to Local Rule 1007-4(a)(11), a list of all pending lawsuits is filed herewith.

22.     Pursuant to Local Rule 1007-4(a)(12), Mr. Kwok serves as the Manager of the Debtor pursuant to the terms of the Debtor's Operating Agreement without compensation. I likewise serve as the Debtor's representative for Chapter 11 without compensation.

23.     Pursuant to Local Rule 1007-4(b)(1), the Debtor has no current employees.

24.     Pursuant to Local Rule 1007-4(b)(2) and (3), the Debtor anticipates incurring disbursements in the next 30 days of approximately $100,000 which is comprised mainly of maintenance charges and assessments, as per the attached budget.

Dated:   New York, New York
         October 6, 2020

Signature of Ms.Wang. Ms. Wang was authorized to sign on behalf of Genever US by the Debtor pursuant to October 6 Resolutions (Ex. A).



By: _____
    Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 11

Genever Holdings LLC,                                      Case No.

                            Debtor.
------------------------------------------------------------x

## COMPANY RESOLUTIONS

A special meeting of the sole Member of Genever Holdings LLC (the "Company") having been held on October 6, 2020, and upon motion duly made and carried, the following resolutions were unanimously adopted:

**RESOLVED**, the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York; and it is further

**RESOLVED**, Yanping Wang is appointed as the Company's representative and is authorized to act on behalf of the Company to (a) execute the Chapter 11 petition and all other accompanying documents, and cause the same to be filed with the Bankruptcy Court; and (b) cause to be filed all schedules, statements, lists, motions, applications and other papers or documents necessary or desirable to prosecute the Chapter 11 case; and it is further

**RESOLVED**, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

Dated:   New York, New York
             October 6, 2020



Signature of Ho Wan Kwok →

GENEVER HOLDINGS LLC

By: Genever Holdings Corporation

By: _____
          Ho Wan Kwok

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                    Chapter 11

Genever Holdings LLC,                                     Case No.

                            Debtor.
-------------------------------------------------------x

## LIST OF LAWSUITS

1. Pacific Alliance Asia Opportunity Fund L.P., Plaintiff v. Kwok Ho Wan, a/k/a Kwok Ho,
   a/k/a Gwo Wen Gui, a/k/a Guo Wengui, a/k/a Guo Wen-Gui, a/k/a Wan Gue Haoyun,
   a/k/a Miles Kwok, a/k/a Haoyun Guo, Genever Holdings LLC and Genever Holdings
   Corporation, Defendants
   Index No. 652077/2017
   Supreme Court of the State of New York
   County of New York
   60 Centre Street, Part 61, Room 232
   New York, NY 10007
   Hon. Barry R. Ostrager

   O'Melveny & Myers LLP
   Attorneys for Plaintiff
   7 Times Sq
   New York, NY 10036-6524

2. Genever Holdings LLC, Plaintiff v. The Sherry-Netherland, Inc., Defendant
   Index No. 152838/2020
   Supreme Court of the State of New York
   County of New York
   60 Centre Street, Part 61, Room 232
   New York, NY 10007
   Hon. Eileen Rakower

   Lawall & Mitchell, LLC
   Attorneys for Plaintiff
   Aaron A. Mitchell, Esq.
   162 East 64th Street
   New York, NY 10065

Adam Leitman Bailey, P.C.
Attorneys for Defendant
One Battery Park Plaza, 18th Floor
New York, NY 10004

3. The Sherry-Netherland, Inc., Petitioner (Landlord) v. Genever Holdings LLC,
Respondent (Tenant)
Index No. 154853/2020
Civil Court of the City of New York
County of New York

Adam Leitman Bailey, P.C.
Carolyn Z. Rualo, Esq.
Attorneys for Petitioner-Landlord
One Battery Park Plaza, 18th Floor
New York, NY 10004

4. The Sherry-Netherland, Inc., Petitioner (Landlord) v. Genever Holdings LLC, 781 Fifth
Avenue, Apartment 1801, New York, NY 10022, Respondent (Tenant)
Index No. 154854/2020
Civil Court of the City of New York
County of New York

Adam Leitman Bailey, P.C.
Carolyn Z. Rualo, Esq.
Attorneys for Petitioner-Landlord
One Battery Park Plaza, 18th Floor
New York, NY 10004

5. The Sherry-Netherland, Inc., Petitioner-Landlord v. Genever Holdings LLC, Respondent-
Occupant, "John Doe" and/or "Jane Doe", Respondents-Under-Occupants
Index No. 155038/2020
Civil Court of the City of New York
County of New York

Adam Leitman Bailey, P.C.
Carolyn Z. Rualo, Esq.
Attorneys for Petitioner-Landlord
One Battery Park Plaza, 18th Floor
New York, NY 10004

Dated:  New York, New York
       October 6, 2020

Signature of Ms. Wang.
Ms. Wang was authorized
to sign on behalf of
Genever US by the Debtor
pursuant to October 6
Resolutions (Ex. A).



GENEVER HOLDINGS LLC

By: Genever Holdings Corporation

By:

Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                              Chapter 11

Genever Holdings LLC,                               Case No.

                              Debtor.
-------------------------------------------------------x

## LIST OF EQUITY HOLDERS

    1.  Genever Holdings Corporation
       BVI Business Company
       P.O. Box 3170
       Road Town, Tortola, British Virgin Islands

Dated:  New York, New York
       October 6, 2020



Signature of Ms. Wang. Ms. Wang was authorized to sign on behalf of Genever US by the Debtor pursuant to October 6 Resolutions (Ex. A).

GENEVER HOLDINGS LLC

By: Genever Holdings Corporation

By: _____
      Yanping Wang

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:                                                          Chapter 11

Genever Holdings LLC,                                           Case No.

                                    Debtor.
--------------------------------------------------------------x

### BANKRUPTCY RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rule 7007.1, Genever Holdings LLC certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated:   New York, New York
         October 6, 2020



Signature of Ms. Wang. Ms. Wang was authorized to sign on behalf of Genever US by the Debtor pursuant to October 6 Resolutions (Ex. A).

GENEVER HOLDINGS LLC

By: Genever Holdings Corporation

By: Yanping Wang

United States Bankruptcy Court
Southern District of New York, Manhattan Division

IN RE:                                                          Case No. _____

Genever Holdings LLC _____          Chapter 11 _____
                                    Debtor(s)

### VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.

Date: __October  6, 2020__          Signature: _____

                                               **Yanping Wang, Authorized Representative**
                                                                                    Debtor

Date: _____          Signature: _____

                                                                          Joint Debtor, if any

Signature of Ms. Wang. Ms. Wang was authorized to sign on behalf of Genever US by the Debtor pursuant to October 6 Resolutions (Ex. A).

© 2020 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Adam Leitman Bailey P.C.
1 Battery Park Plz Fl 18
New York, NY 10004-1646

Bravo Luck Limited
P.O. Box 957
Off Shore Incoropration Centre
Road Town, Tortola
British Virgin Islands

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Lawall & Mitchell LLC
162 E 64th St
New York, NY 10065-7478

New York State Attorney General
120 Broadway
New York, NY 10271-0002

NYC Dep't of Finance
Legal Affairs
345 Adams St Fl 3
Brooklyn, NY 11201-3719

NYC Dept of Law
Attn: Bernadette Brennan, Esq.
100 Church St Rm 5-233
New York, NY 10007-2601

NYS Dep't of Taxation
Bankruptcy/Special Procedure
PO Box 5300
Albany, NY 12205-0300

Pacific Alliance Asia
Opportunity Fund LP
c/o O'Melveny & Myers
7 Times Sq
New York, NY 10036-6524

Qiang Guo c/o Bravo Luck Limited
P.O. Box 957
Off Shore Incoropration Centre
Road Town, Tortola
British Virgin Islands

Romer Debbas LLP
275 Madison Ave Ste 801
New York, NY 10016-1153

The Sherry Netherland
781 5th Ave
New York, NY 10022-1092

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                                    Chapter 11

Genever Holdings LLC,                                       Case No. 20-12411-JLG

                                   Debtor.
--------------------------------------------------------x

## APPLICATION IN SUPPORT OF THE RETENTION OF GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP AS BANKRUPTCY COUNSEL

**TO THE HONORABLE JAMES L. GARRITY, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

        The application of Genever Holdings LLC, the Debtor herein, in support of the proposed retention of Goldberg Weprin Finkel Goldstein LLP ("GWFG") as its bankruptcy counsel, represents as follows:

        1.      The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 12, 2020, and thereafter has continued in possession and management of its property as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

        2.      The Debtor owns the entire 18th Floor Apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, NY 10022 (the "Units"). The Units are subject to competing claims relating to ownership and the Chapter 11 is designed to maximize the value of the Units under a court supervised sale process while the competing claims and interests are sorted out.

        3.      The Debtor hereby seeks to retain GWFG as counsel to the Debtor to provide legal services on behalf of the Debtor's estate, including:

                a.      To provide the Debtor with all necessary representation in connection with this Chapter 11 case, as well as the Debtor's responsibilities as a debtor-in-possession.

b.  To represent the Debtor in all proceedings before the U.S. Bankruptcy Court and the Office of the U.S. Trustee.

c.  To prepare and file all necessary legal papers, applications, motions, objections, adversary proceedings, and reports on the Debtor's behalf.

d.  To render all other legal services required by the Debtor in connection with the administration of the Chapter 11 case with the ultimate goal of obtaining approval of a plan of reorganization.

4.  The Debtor believes that GWFG is qualified to represent the Debtor herein and is sufficiently disinterested to serve as counsel within the meaning of the Bankruptcy Code.

5.  GWFG is not a creditor or equity holder of the Debtor, and does not hold an interest adverse to the Debtor or the Debtor's estate.

WHEREFORE, the Debtor requests entry of the pre-fixed order authorizing the retention of Goldberg Weprin Finkel Goldstein LLP as bankruptcy counsel.

Dated: New York, New York
    January __, 2021



Signature of Ms. Wang.  Ms. Wang was authorized to sign on behalf of Genever US by the Debtor pursuant to October 6 Resolutions (Ex. A).

Genever Holdings Ltd

By: _____
    Yvette Wang

**Exhibit G**

CASE NO. _____ 22-50073 _____

IN RE: Ho Wan Kwok _____

VS. _____

Trustee  EXHIBIT _____ G _____

DATE _____ IDEN.

DATE  8/4/2022 Admitted in Full  EVID.

BY  P.E. _____

Deputy Clerk

AO 386

Ho Wan Kwok
*[insert address]*

August [____], 2022

**VIA EMAIL** ~~**AND OVERNIGHT MAIL**~~

Harcus Parker Limited
7th Floor
Melbourne House
44 - 46 Aldwych
London, WC2B 4LL
Attn:   Jennifer Morrissey
Email: JMorrissey@harcusparker.co.uk

**Re:    *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, Case No. CL-2020-000345 – Appointment of Trustee in Chapter 11 Case of Ho Wan Kwok**

Dear Ms. ~~Morrisey~~Morrissey:

This is to confirm to you that Luc A. Despins has been appointed as the trustee (the "Trustee") in my chapter 11 case, pending before the United States District Court for the District of Connecticut (the "U.S. Bankruptcy Court"). All of my interests in the litigation against UBS AG (London Branch) pending in ~~in~~ the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "UBS Litigation") is property of my bankruptcy estate as a matter of United States bankruptcy law.

Upon Mr. Despins' appointment as the Trustee, he exercises control over all property of the bankruptcy estate, including my claim in the UBS Litigation, so that he now has authority and standing to apply to be recognized as the appropriate party to prosecute my claim in the UBS Litigation. As a matter of United States bankruptcy law, I have no authority or standing at this time to prosecute the UBS Litigation.

In furtherance of the foregoing, and for the avoidance of doubt, I hereby expressly authorize you to have full and complete discussions on my behalf with Mr. Despins regarding the UBS Litigation, the merits thereof, any related settlement discussions, and any other topics related to the prosecution of the UBS Litigation, and to take instructions from him in relation to my claim in the UBS Litigation regardless of any attorney-client privilege, work product, or other privilege~~,~~ which ~~I hereby fully~~belongs to me. Any waiver of privilege is limited to the provision of this information to the Trustee. My consent is limited to giving full access to the Trustee and is not a consent by me to allow the Trustee to waive ~~for such purposes~~the privilege.

Among other things, and as detailed in the order of the U.S. Bankruptcy Court (a copy of which is enclosed as Exhibit 1), I instruct you to (i) ~~immediately~~as soon as is practicable deliver to and

1

share with the Trustee all memoranda, advice, and other communications by you to me regarding the UBS Litigation, any other information (whether in written form or not) regarding the merits of the UBS Litigation, and any settlement offers received or made by me or you in connection with such litigation, and (ii) ~~immediately~~as soon as is practicable provide the Trustee will full access to the parts of your case file in the UBS Litigation to which I am entitled as well as all pleadings and other court documents filed in the UBS Litigation.

Sincerely,


_____

Ho Wan Kwok


cc: Luc A. Despins, in his capacity as trustee in the chapter 11 case of Ho Wan Kwok

Enclosure