**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

## **THE DEBTOR'S LIMITED OBJECTION TO RULE 2004 MOTIONS**

Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through his undersigned attorneys, Zeisler & Zeisler, P.C., hereby submits his limited objection to the Chapter 11 Trustee's (the "Trustee") July 28, 2022 (i) Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examination of Ho Wan Kwok and Production of Documents (Doc. No. 636) (the "Debtor 2004 Motion"); (ii) the Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Legal and Financial Advisors to the Debtor (Doc. No. 637) (the "Professionals 2004 Motion"); and (iii) the Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Entities and Individuals Affiliated with the Debtor (Doc. No. 638) (the "Third-Party Motion" and together with the Debtor 2004 Motion and the Professionals 2004 Motion, the "Rule 2004 Motions"). In support of his objection, the Debtor respectfully represents as follows:

**I.    Preliminary Statement**

1.    The Debtor agrees that the Trustee may take Rule[1] 2004 examinations of the

---

[1] "Rule" or "Rules" shall refer to the Federal Rules of Bankruptcy Procedure.

Debtor, his professionals (the "Professionals"), and various other parties that the Trustee contends are affiliated with the Debtor (the "Third Parties"). However, the relief sought by the Trustee through the Rule 2004 Motions is premature and impermissible at this juncture to the extent that the Trustee seeks an order compelling the production of documents or other compliance with the substance of the proposed subpoenas (the "Proposed Subpoenas") that are attached to the Rule 2004 Motions. Those issues must be addressed after the Proposed Subpoenas are served. *See* Local Bankr. R. 2004-1(c)(3).

    **II.**    **The Rule 2004 Motions**

    2.    On July 28, 2022, the Trustee, through his counsel, filed the Rule 2004 Motions.

    3.    Through the Rule 2004 Motions, the Trustee seeks orders (the "Proposed Orders"), *inter alia*, "directing the production of certain documents as set forth in the Requests for Production of Documents attached to the Proposed Subpoena[s.]" (Debtor 2004 Motion, p. 18; Professionals 2004 Motion, p. 21.) The Proposed Orders, if entered and interpreted literally, would preclude the Debtor, the Professionals and the Third Parties from objecting to the scope of the Proposed Subpoenas on numerous grounds, including the scope of the documents sought through the Proposed Subpoenas, the scope of the attorney-client and other privileges retained by the Debtor after the Trustee's appointment, and the date on which a privilege log is due, in violation of Local Rule 2004-1.

    4.    The Rule 2004 Motions also assert, incorrectly, that all of the Debtor's attorney-client privileges and any related work-product privileges are now controlled by the Trustee. (Debtor 2004 Motion, pp. 15-16; Professionals 2004 Motion, pp. 19-20.) That is not the law. Although there is a split of authority on the scope of the debtor's privilege that transfers to a Debtor's bankruptcy trustee, to the best of the undersigned's knowledge, no court has held that

an individual debtor's bankruptcy trustee controls all of an individual debtor's attorney-client and work product privileges that existed before the Trustee's appointment.

5. Some courts have held that an individual debtor—as distinguished from a corporate debtor—retains control of all of his or her attorney-client and attorney work product privileges that existed before the Trustee's appointment. *E.g., Gottlieb v. Fayerman (In re Ginzburg)*, 517 B.R. 175, 181 (Bankr. C.D. Cal. 2014). Other courts have applied a more context-specific balancing approach that factors in whether the communication concerns the administration of the debtor's estate, on the one hand, or a possible conflict between the debtor's estate and the debtor, on the other hand—the former weighing in favor of transferring the privilege to the trustee and the latter weighing in favor of the debtor retaining the privilege. *E.g., Moore v. Eason (In re Bazemore)*, 216 B.R. 1020, 1023-24 (Bankr. S.D. Ga. 1998).

6. Regardless, the scope of the privileges that the Debtor did—or did not—retain upon the Trustee's appointment, is a question for another day. The only issue before the Court is whether the Trustee may serve the Proposed Subpoenas—which he can—subject to the Debtor's and other interested parties' right to seek to quash the Proposed Subpoenas based on their scope or other grounds. All other relief sought through the Rule 2004 Motions and the Proposed Orders is therefore premature and impermissible at this juncture. *In re Sutera*, 141 B.R. 539, 542 (Bankr. D. Conn. 1992).

### III. The Trustee Improperly Seeks Orders from This Court Ordering the Debtor the Professionals, and the Third Parties to Produce Documents

7. Rule 2004(a) permits the Court to "order the examination of any entity." The appearance of the witness and the production of documents may be compelled by subpoena. Rule 2004(c). Thus, pursuant to Rule 2004, the Court may order that an examination take place. *In re Sutera*, 141 B.R. at 542. However, "the issue of document production normally is addressed after

3

the service of a subpoena *duces tecum* and a subsequent challenge." *Id.*; *see also See Mathirampuzha v. Potter*, 2005 U.S. Dist. LEXIS 62973, at *3-4 (D. Conn. Nov. 16, 2005).

> [Rule 2004] contemplates only that the court may order the examination of any entity. That entity's cooperation in the examination process is then secured with a subpoena, issued under Rule 45 of the Federal Rules of Civil Procedure. . . . If the examinee thinks that the subpoena is inappropriate, it may take advantage of the procedures outlined there. . . . This process has the advantage of allowing the court to avoid the appearance of approving any details of the examination, such as when, where, etc. Only if there is a dispute on such issues does the court need to become involved. The point here is that unless and until the examinee is subpoenaed in connection with an authorized examination, there is nothing it needs to do and it has precious little to complain about.

*In re Sheetz*, 452 B.R. 746, 748-49 (Bankr. N.D. Ind. 2011) (citations and footnotes omitted); *see also* Local Bankr. R. 2004-1(c)(3). Ordering the production of documents, as distinguished from allowing the Trustee to serve the Proposed Subpoenas, does not afford the Debtor or the proposed examinees/recipients thereof the opportunity to object to or challenge the Proposed Subpoenas as required by Rule 9016, which incorporates Fed. R. Civ. P. 45. *In re Thow*, 392 B.R. 860, 867 (Bankr. W.D. Wash. 2007). *Accord In re Onatah Farms, LLC*, 2021 Bankr. LEXIS 1785, at *6-7 (Bankr. N.D. Ind. Apr. 29, 2021) ("By asking the court not only to permit the examination but also approve a subpoena ordering it to occur at a particular time and place and requiring the production of documents the motion seems to subvert the usual subpoena process and the protections Rule 45 gives to the subpoenaed party.").

8.    Local Bankr. R. 2004-1(c)(3) provides that "[t]he failure to file a response or objection pursuant to this Rule shall not prejudice the proposed examinee, witness, or party from whom documents are sought from filing a motion for protective order, to quash the subpoena, or to vacate an order entered pursuant to the motion after the seven (7) day period has passed."

9.    The Trustee cannot circumvent the process and protections mandated by Fed. R. Civ. P. 45, which Bankruptcy Rule 9016 incorporates into this contested matter. For these

reasons, while the Debtor does not object to the Court "order[ing] the examination" of the Debtor and/or the Professionals or Third Parties (*see* Rule 2004(a)), the Debtor objects to the Rule 2004 Motions and Proposed Orders to the extent that they purport to (i) compel the production of a particular scope of documents requested by the Trustee, (ii) schedule depositions at a particular time or place, and/or (iii) require the Debtor, Professionals or Third Parties to provide the Trustee with a privilege log by a particular date.

**WHEREFORE**, the Debtor requests that the Court: (i) grant the Rule 2004 Motions only to the extent that they seek permission to serve the Proposed Subpoenas; (ii) deny the Rule 2004 Motions to the extent that they seek any additional relief, including the production of documents, or a determination of the applicability of the attorney client privilege, attorney work product doctrine, or other applicable privileges that the Debtor retained and/or may have transferred to the Trustee by operation of law; and (iii) grant the Debtor such other and further relief as the Court deems just and proper.

Dated at Bridgeport, Connecticut this 5th day of August, 2022.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ John L. Cesaroni*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
skindseth@zeislaw.com
aromney@zeislaw.com
jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ John L. Cesaroni*
John L. Cesaroni
