**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK,                                          :    Case No. 22-50073 (JAM)
                                                      :
        Debtor.¹                                      :
                                                      :
------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S REPLY IN SUPPORT OF MOTIONS FOR ENTRY OF ORDERS UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING EXAMINATIONS OF DEBTOR, DEBTOR's LEGAL AND FINANCIAL ADVISORS, AND VARIOUS ENTITIES AND INDIVIDUALS AFFILIATED WITH DEBTOR, AND FOR PRODUCTION OF DOCUMENTS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby files this reply (the "Reply") in support of the Trustee's July 28, 2022 (a) Motion for Entry of an Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examination of Ho Won Kwok and Production of Documents [Docket No. 636] (the "Debtor 2004 Motion"); (b) Omnibus Motion for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Legal and Financial Advisors to the Debtor [Docket No. 637] (the "Advisors 2004 Motion"); and (c) Omnibus Motion for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Entities and Individuals Affiliated with the Debtor [Docket No. 638] (the "Affiliated Persons 2004 Motion" and, together with the Debtor 2004 Motion and the Advisors 2004 Motion, collectively, the "2004

---

¹ Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

Motions"); and in response to the August 5, 2022: (x) Response and Reservation of Rights of Brown Rudnick LLP to Chapter 11 Trustee's Discovery Motion [Docket No. 698] (the "BR Response"); (y) Response and Reservation of Rights of Verdolino & Lowey, P.C. to Chapter 11 Trustee's Discovery Motion [Docket No. 698] (the "V&L Response"); and (z) Debtor's Limited Objection to Rule 2004 Motions [Docket No. 703] (the "Debtor's Limited Objection" and together with the BR Response and the V&L Response, the "2004 Responses"). With respect to the foregoing, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Trustee filed the 2004 Motions on July 28, 2022, as part of, among other things, the Trustee's exercise of his duties to identify and assert appropriate interests in the property of the Debtor's chapter 11 estate (the "Estate"). The Debtor 2004 Motion requests authority under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to serve subpoenas (collectively, the "2004 Subpoenas") for production of documents and testimony from the Debtor concerning his property and financial affairs. The Advisors 2004 Motion and the Affiliated Persons 2004 Motion seek similar relief with respect to 14 professional firms employed by the Debtor (both pre- and postpetition) and 19 entities and individuals affiliated with the Debtor.

2. As the Court has recognized repeatedly, it is critically important for the Trustee to conduct a comprehensive investigation of the Debtor's assets and financial affairs and to do so expeditiously. The Court originally ordered the appointment of a chapter 11 trustee nearly two months ago, on June 15, 2022, and this case has been pending since February 2022. It is long past time for the Trustee to begin uncovering the Debtor's assets and returning those assets to the Estate for ultimate distribution to the Debtor's creditors. The first step in this process is the relief sought in the 2004 Motions.

3. Critically, none of the 2004 Responses takes issue with the relief the Trustee seeks. The Debtor's Limited Objection serves primarily as a reservation of rights concerning purportedly applicable privileges attaching to documents in the Debtor's possession. The only actual "objection" the Debtor raises is with respect to the Trustee's request to order the Debtor (and other responding parties) to respond to the Trustee's subpoenas within 30 days. This relief is entirely appropriate, especially in the context of this case, in which expediency is paramount and additional delay should not be tolerated. The requested deadline for responses to the subpoenas will not prohibit any party who receives a subpoena from attempting to raise objections thereto, consistent with applicable rules and any order of the Court.

4. Similarly, the BR Response and the V&L Response (the "Professionals' Responses") do not oppose the relief the Trustee seeks but instead reserve rights with respect to potential non-disclosure obligations. Both of the Professionals' Responses recognize that "the Trustee has generally succeeded to the privileges of the Debtor, including the attorney-client privilege." The Trustee agrees this is an accurate statement of the law. The Professionals' Responses nevertheless assert that their document productions may be subject to certain legal or ethical limitations. Neither of the Professionals' Responses articulates the basis for any such limitations, and the Trustee reserves his rights to address them at the appropriate time. What matters for present purposes is that neither firm opposes entry of orders granting the 2004 Motions.

## REPLY

5. For the reasons set forth in the 2004 Motions, the relief the Trustee seeks is fully consistent with Bankruptcy Rule 2004 and with his mandate in this case. Out of more than 30 parties targeted by the 2004 Motions, only three filed limited responses. Because none of the 2004

Responses meaningfully objects to the relief the Trustee seeks, the Trustee respectfully requests that the Court grant the 2004 Motions and enter the proposed orders without delay.

### I. The Debtor's Limited Objection Should be Overruled

6.      On August 5, 2022, the Debtor filed the Debtor's Limited Objection. The Debtor's Limited Objection is set forth in two parts. The first part, like the Professionals' Responses, reserves the Debtor's purported rights to assert privilege, which the Debtor's Limited Objection ultimately describes as "a question for another day."[2] *See* Debtor's Limited Objection at ¶¶ 3-6. The second part objects to the 2004 Motions to the extent they seek to "compel" the production of particular documents, to schedule depositions at a particular time or place, and/or to require provision of a privilege log by a particular date, all before the service of a subpoena. The Debtor's Limited Objection should be overruled.

7.      As threshold matter, the Debtor's Limited Objection does not follow Rule 2004-1(c)(4) of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") (expressly incorporating Rule 37 of the District of Connecticut Local Civil Rules (the "Local Civil Rules")), inasmuch as it does not include an affidavit "certifying that [the Debtor] has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." *See* Local Civil Rule 37(a). In fact, as discussed herein in more detail, counsel for the Debtor and counsel for the Trustee did participate in a telephone conference on August 2, 2022, which should have fully resolved the Debtor's purported concern discussed in the

---

[2] To the extent the Debtor is suggesting that the issue of the scope of any applicable privileges should not be decided until several weeks—if not longer—from now, after the Debtor has received and responded to the Trustee's subpoenas, the Trustee respectfully disagrees. As noted at the hearing before the Court on August 4, 2022, the Trustee believes his ownership of the Debtor's privileges is a critical issue that the Court should resolve as soon as possible. The Trustee intends to bring that issue to the Court for resolution in the near future, including without limitation by motions to compel pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45, and the Trustee reserves the right to request that any such motion be heard on shortened notice.

4

Debtor's Limited Objection. Because the Debtor did not file the required affidavit and disclose this telephone conference, the Debtor's Limited Objection should be immediately overruled. *See* Local Bankruptcy Rule 2004-1(c)(4) ("The failure to comply with the requirements of D. Conn. L. Civ. R. 37 shall be grounds for overruling any objection filed to a motion.").

8.  The Debtor's Limited Objection also fails on the merits. The procedures set forth in the proposed orders granting the 2004 Motions are designed to properly order and organize timely responses among 34 examinees (*i.e.*, the Debtor, 14 professional firms that are examinees under the Advisors 2004 Motion, and 19 entities and individuals that are examinees under the Affiliated Persons 2004 Motion). Specifically, the proposed orders provide, among other things, for document production and (if applicable) production of a privilege log conforming to the requirements of District of Connecticut Local Civil Rule (the "Local Civil Rules") 26(e)[3] to occur within 30 days of service of the respective 2004 Subpoenas and for oral examinations to occur within 14 days following production of documents at the offices of the Trustee's counsel in New York City or at such other location as the Trustee and the examinee may agree. As with any 2004 Subpoenas, compliance is subject to the rights of the examinees or parties-in-interest that have standing to seek to oppose or limit production and/or testimony if grounds to do so exist. *See* Local Bankruptcy Rule 2004-1(c)(3).

9.  These provisions of the proposed orders are not intended to and do not infringe on the rights of the rights of any examinees or parties-in-interest as those rights are preserved under Local Bankruptcy Rule 2004-1(c)(3). The timeframes for production and examination set forth in the proposed orders would, alternatively, be set forth in forms of subpoena attached to the 2004 Motions after the Court has ordered the requested examinations. *See* Local Bankruptcy Rule 2004-

---

[3] Local Civil Rule 26(e) applies to Bankruptcy Rule 2004 discovery pursuant to Local Bankruptcy Rule 2004-1(a).

1(c). Considering the numerous (34) examinees at issue between the Trustee's three 2004 Motions, and that the Trustee may stagger service of the 2004 Subpoenas to conduct discovery in an orderly and efficient fashion, the Trustee properly determined it more appropriate to provide for generally applicable timeframes set forth in the 2004 Motions and proposed orders, rather than in 34 separate forms of subpoenas (each bearing dates subject to change depending on the timing of the Court's granting of the 2004 Motions and the Trustee's service of the subpoenas).

10. None of this should be a surprise to the Debtor. As noted above, while not disclosed in the Debtor's Limited Objection, counsel for the Trustee participated in a telephone conference with counsel for the Debtor to discuss the 2004 Motions on August 2, 2022. During that call, counsel for the Debtor outlined the matters set forth in the Debtor's Limited Objection, and the Trustee's counsel stated that the 2004 Motions are not calculated to compel testimony or deprive proper parties of any rights to seek to oppose or limit discovery to the extent they have the right to do so consistent with Local Bankruptcy Rule 2004-1(c)(3).

11. Given that the Trustee's counsel's statements during that call should have resolved the purported concerns discussed in the Debtor's Limited Objection, the Trustee can only regard the purpose of the Debtor's Limited Objection to be further obstruction and delay. This would be consistent with the Debtor's track record of seeking to delay, obstruct, or otherwise interfere with the Trustee's exercise of his duties concerning property of the Estate (*e.g.*, as the Debtor recently manifested by objecting to the Trustee's efforts to obtain information from and direct counsel in the United Kingdom prosecuting the Estate's claims against UBS AG). Including the requested response deadlines in the proposed order will help to ensure that no further delay occurs and at the same time preserve the rights of all parties to assert objections to the Trustee's 2004 Subpoenas.

**II.     Neither the BR Response nor the V&L Responses Opposes the Relief Sought**

12.     On August 5, 2022, Brown Rudnick LLP ("Brown Rudnick") filed its BR Response and Verdolino & Lowey, P.C. ("V&L" and, together with Brown Rudnick, collectively, the "Professionals") filed its V&L Response. The Professionals' Responses do not object to the relief sought in the 2004 Motions but merely seek to reserve rights with respect to hypothetical "work product" issues and "ethical obligations" that may be asserted in response to a subpoena.

13.     While the Trustee disagrees with the Professionals' characterization of these unasserted claims, the Trustee agrees that – if asserted – they will properly be resolved either in the course of Bankruptcy Rule 2004 discovery or in the context of any other motion that seeks to resolve the issue (including as discussed in n. 2, *supra*), and do not implicate the Court's consideration of the 2004 Motions.

WHEREFORE, because the Debtor's Limited Objection fails both procedurally and on the merits, the Court should overrule the Debtor's Limited Objection, grant the Trustee's 2004 Motions, enter the proposed orders filed therewith, and grant such other and further relief as the Court deems just and proper.

*[The remainder of this page is intentionally blank.]*

Dated: August 10, 2022  LUC A. DESPINS,
New Haven, Connecticut  CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

    *and*

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft *(pro hac vice)*
Douglass Barron *(pro hac vice)*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 1 |
| HON WO KWOK | Case No. 22-50073 (JAM) |
| Debtor. |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 10, 2022, the foregoing Objection was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's case management/electronic filing (CM/ECF) system or by mail on August 11, 2022, to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. The Debtor and Brown Rudnick LLP are among the appearing parties that will receive notice via CM/ECF. Notice will further be sent to Verdolino & Lowey, P.C., on August 10, 2022, by email to Craig R. Jalbert, CIRA, at cjalbert@vlpc.com.

Dated:   August 10, 2022
         New Haven, Connecticut

> By: */s/ Patrick R. Linsey*
> Patrick R. Linsey (ct29437)
> NEUBERT, PEPE & MONTEITH, P.C.
> 195 Church Street, 13th Floor
> New Haven, Connecticut 06510
> (203) 781-2847
> plinsey@npmlaw.com
>
> *and*

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(pro hac vice)*
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2