**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No:  22-50073 (JAM) |
| Debtor. | |

**DECLARATION OF AARON A. ROMNEY IN SUPPORT OF**
**THE DEBTOR'S LIMITED OBJECTION TO RULE 2004 MOTIONS**

I, AARON A. ROMNEY, hereby declare:

1.      I am a partner and shareholder of the law firm of Zeisler & Zeisler, P.C., counsel for Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case.

2.      I submit this Declaration in support of the Debtor's Limited Objection to Rule 2004 Motions (Doc. No. 703) (the "Limited Objection").

3.      I make this Declaration based upon my personal knowledge of the facts asserted herein based on my participation in the August 2, 2022, teleconference (the "Meet and Confer") between counsel for the Debtor and counsel for the Chapter 11 Trustee, Luc A. Despins (the "Trustee").

4.      The persons present at the Meet and Confer were myself, John Cesaroni and James Moriarty, on behalf of the Debtor, and Patrick Linsey, Avrum Luft and Nicholas Bassett, on behalf of the Trustee.

5.      The purpose of the Meet and Confer was to address certain limited issues that the Debtor had with the proposed orders (the "Proposed Orders") granting the subpoenas proposed by the Trustee (the "Proposed Subpoenas"), which the Debtor's counsel attempted, in good faith, to resolve without the need for motion practice.

6.      Pursuant to Local R. Bankr. P. 2004-1(c)(3), the Debtor's counsel did not conduct the Meet and Confer to address the scope of the discovery sought by the Trustee.  To the contrary, the Debtor's counsel only sought to confirm that the Trustee's Motions for Rule 2004 Examinations (Doc. Nos 636, 637, and 638 (the "Rule 2004 Motions") did not seek relief that Local R. Bankr P. 2004-1(c)(3) expressly precludes, *i.e.*, an order compelling the recipients (the "Recipients") of the Proposed Subpoenas to comply with the document requests set forth in the Proposed Subpoenas.

7.      The Debtor's counsel requested this language solely because the proposed order granting the Proposed Subpoenas (the "Proposed Order") included language that directly contradicted Local R. Bankr P. 2004-1(c)(3). Specifically, the Proposed Orders state that the "[Recipient] hereby directed to produce all documents within 30 days of the service of the subpoena . . ."[1]

8.      At the Meet and Confer, the Debtor's counsel raised the issue that, if interpreted literally, the Proposed Orders directed compliance with the Proposed Subpoenas, rather than granting the Trustee permission to serve them.

9.      The Debtor's counsel expressly referred to Local R. Bankr. P. 2004-1(c)(3), which states that substantive objections, by way of filing a motion for protective order, to quash the subpoena, or to vacate the order granting the Rule 2004 motion, were reserved until after the Trustee served the Proposed Subpoenas.

---

[1] The Proposed Orders did implicitly allow the Recipients to object on privilege grounds insofar as they purported to require the Recipients to deliver privilege logs contemporaneously with the production of documents.  In this regard, the Limited Objection only objected to the time in which the Proposed Orders purported to require the Recipients to deliver privilege logs to the Trustee.

10.     The Debtor's counsel further stated that the Proposed Orders exceeded the scope permitted by Local R. Bankr. P. 2004-1(c)(3), and the Trustee's Proposed Orders did not track the language of the Local Bankruptcy Rule.  The Debtor's counsel stated that the Proposed Orders, if entered by the Court, would expressly circumvent Local R. Bankr. P. 2004-1(c)(3).

11.     The Debtor's counsel requested at the Meet and Confer that the parties stipulate, or submit an amended proposed order making clear, that the orders granting the Rule 2004 Motions permitted the Trustee to serve the Proposed Subpoenas, but did not direct compliance with the Proposed Subpoenas pursuant to Local R. Bankr. P. 2004-1(b).  In other words, the Debtor's counsel merely sought confirmation that the Trustee did not seek to circumvent Local R. Bankr. P. 2004-1(c)(3), despite the fact that the language of the Proposed Orders purported to do exactly that.

12.     The Trustee's counsel refused to agree to the Debtor's proposal, despite local counsel acknowledging on the call that the Debtor's request mirrored the Local Bankruptcy Rules.

13.     In light of the Trustee's unwillingness to limit the scope of the Proposed Orders to the scope permitted by the Local Bankruptcy Rules, I communicated to the Trustee's counsel my belief that the parties had exhausted their ability to meet and confer further on the issue.

14.     Separately, the Debtor's counsel raised the issue that the Rule 2004 Motions were not the proper avenue for the Court to decide the issue of the scope and control of the Debtor's attorney-client privilege – *i.e.*, the extent of the Debtor's and the Trustee's respective control of the privilege. Thus, the Debtor's counsel did not believe a discussion of the control of the Debtor's attorney-client privilege was necessary or within the required scope of the Meet and Confer regarding the Rule 2004 Motions.

15.     Nonetheless, in an effort to expedite the process of resolving and narrowing privilege issues related to the Proposed Subpoenas, the Debtor's counsel proposed submitting these issues to the Court in an omnibus fashion on a reasonable timetable.

16.     The Debtor's counsel believed this was an efficient alternative to presenting privilege issues to the Court on an ad hoc basis in response to each of the Proposed Subpoenas after they were served, which would almost certainly cause unnecessary delay, cause unnecessary expense to all parties, and unduly burden this Court's resources.

17.     In response, the Trustee's counsel indicated that the Trustee was unwilling to address privilege issues on a subject-matter basis and was only wiling to address privilege issues on a document-by-document basis.

18.     Based on the Trustee's position, I, as the Debtor's counsel, indicated that I did not believe it would be possible to address privilege issues on a document-by-document basis in connection with the Rule 2004 Motions.

19.     I further acknowledged that the privilege issue was not presently before the Court, the Trustee had no obligation to engage in such a streamlined process (as an alternative to addressing privilege issues on an ad hoc basis), and, based on the Trustee's counsel's lack of interest in presenting privilege issues to the court on an omnibus basis, expressed my belief that the parties had exhausted their Meet and Confer requirements.  However, I expressed the Debtor's willingness to meet and confer on any issues concerning the Rule 2004 Motions other than the issues described above that we had exhausted.

20.     I am mindful of the fact that Local R. Bankr. P. 2004-1(c)(3) provides that failure to comply with D. Conn. L. Civ. R. 37 is grounds to deny an objection to a motion for Rule 2004 examination.  I am also mindful of the fact that D. Conn. L. Civ. R. 37 requires a party filing a

motion concerning a discovery dispute to file, as part of the motion papers, "an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court."

21.     As the partner at Zeisler & Zeisler responsible for supervising this matter, I viewed the Limited Objection as a procedural matter that merely sought to ensure that the scope of the orders ultimately granting the 2004 Motions mirrored the relief permitted under Local R. Bankr. P. 2004-1(c)(3).  I did not view the Limited Objections as a dispute that concerned the scope of the Proposed Subpoenas that required an affidavit pursuant to D. Conn. L. Civ. R. 37.

22.     To the extent I was incorrect, I humbly and respectfully apologize to the Court and request that the Court accept this declaration as evidence that the Debtor's counsel met and conferred with the Trustee's counsel before filing the Limited Objections (which the Trustee's Reply to the Limited Objection does not dispute), and deem the Limited Objection to have been filed in material compliance Local R. Bankr. P. 2004-1(c)(3).

23.     The undersigned further requests that the Court deem this declaration part of the Limited Objection.

24.     The sole purpose of the Limited Objection is to ensure that the Orders ultimately entered by the Court granting the Rule 2004 Motions do not exceed the scope permitted by this Court's Local Rules.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2022.

Aaron A. Romney (ct28114)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th floor
Bridgeport, Connecticut 06604
(203) 368-4234
aromney@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Aaron A. Romney*
Aaron A. Romney