# *In re Ho Wan Kwok,* Chapter 11 Case No. 22-50073 (JAM)

**REPORT OF CHAPTER 11 TRUSTEE ON (I) COORDINATION OF CHAPTER 11 CASES OF GENEVER HOLDINGS LLC AND HO WAN KWOK AND (II) HOUSEKEEPING MATTERS**

**AUGUST 12, 2022 STATUS CONFERENCE**

Disclaimer: This presentation is based on preliminary observations of the Chapter 11 Trustee based on information available at this time and remains subject to ongoing review and investigation. Accordingly, the information contained herein remains subject to material changes. In addition, certain sections reflect the Chapter 11 Trustee's views on legal issues and no assurances can be given that the Court (or any other court) would agree with the Chapter 11 Trustee's views on such legal issues.



# TABLE OF CONTENTS

| | | |
|---|---|---|
| A. | Introduction | 2-3 |
| B. | Coordination of Genever US and Individual Debtor Chapter 11 Cases | 4-10 |
| C. | Transfer of Venue of Genever US Chapter 11 Case | 11-14 |
| D. | Housekeeping Matters | 15-17 |



# A. INTRODUCTION

1. **This Chapter 11 Case and the Genever US Chapter 11 Case Are Closely Linked**

    - The chapter 11 cases of (a) Ho Wan Kwok (the "Individual Debtor") and (b) Genever Holdings LLC ("Genever US"), the single asset real estate entity through which the Individual Debtor owns the apartment on the 18th floor of the Sherry Netherland (the "Apartment"), are closely linked.
        - Both cases were filed in an attempt to protect the Individual Debtor's key identified U.S. assets—the Sherry Netherland Apartment and the *Lady May* yacht—from his creditors.
        - Both cases raise the question of whether these assets in fact belong to the Individual Debtor (and, consequently, his chapter 11 estate).
        - The chart on the following page summarizes the relationships between the Individual Debtor, his children, certain affiliated entities, and these two key identified assets.



# A. INTRODUCTION

## 2. Chart Showing the Individual Debtor's Family Members and Certain Related Entities and Key Identified Assets



**ALLEGED CORPORATE AND ASSET OWNERSHIP STRUCTURE.  SUBJECT TO FURTHER DILIGENCE.**



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 1. Genever US and Individual Debtor Chapter 11 Cases Arise from Same Asset Protection Strategy

- The filing of both the Genever US chapter 11 case and this chapter 11 case arise from the same legal strategy pursued by the Individual Debtor—shielding assets from his creditors, and doing so through transactions involving family members and related entities.

- Both chapter 11 filings were precipitated by events in the New York Supreme Court (the "NYS Court") litigation (the "PAX Litigation") by Pacific Alliance Asia Opportunity Fund L.P. ("PAX") against the Individual Debtor.
    - Genever US filed its chapter 11 petition in the U.S. Bankruptcy Court for the Southern District of New York on **October 12, 2020**. Genever US's only scheduled assets are the Apartment and a related security deposit (for a total scheduled value of $73 million).
        - The Genever US petition was filed (1) shortly after the September 15, 2020 summary judgment order in the NYS Court (Justice Ostrager) holding the Individual Debtor liable to PAX for breach of contract in an amount of $116 million; and (2) immediately prior to Justice Ostrager's October 15, 2020 post-judgment restraining order.
        - The October 15, 2020 restraining order stated that "Mr. Kwok and/or the registered owners of (1) the Residence at the Sherry Netherland Hotel and (2) the yacht, 'the Lady May' are restrained from making or causing any sale, assignment, transfer, or interference with those assets."

# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

1. **Genever US and Individual Debtor Chapter 11 Cases Arise from Same Asset Protection Strategy [cont'd]**

    - Similarly, the Individual Debtor filed his chapter 11 petition with the U.S. Bankruptcy Court for the District of Connecticut on **February 15, 2022**, shortly after the entry of Justice Ostrager's decision and order on February 9, 2022 (the "Final Contempt Order") ordering the Individual Debtor to pay contempt fines of $134 million within five business days. The Individual Debtor has asserted he has essentially nothing in the way of assets beyond certain potential litigation claims.

        - The Individual Debtor's chapter 11 filing gave him bankruptcy protection against PAX on multiple fronts. In addition to protecting him from the consequences of failing to comply with the Final Contempt Order, this chapter 11 filing also stayed PAX's motion (filed in January of 2022) to hold the Individual Debtor in contempt for failing to comply with Justice Ostrager's September 2021 order requiring him to turn over his shares in Genever BVI to PAX. The Individual Debtor remained holder of those shares until the appointment of the Trustee.



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 2. Genever US and Individual Debtor Chapter 11 Cases Involve Same Issues

- The Genever US chapter 11 case and this chapter 11 case both involve the same essential question:

    **What assets belonged to the Individual Debtor (and thus his chapter 11 estate) as of the filing of his chapter 11 petition on February 15, 2022?**

- In this chapter 11 case, these issues are already on the table.
    - HK International Funds Investment (USA) Limited ("HK USA"), an entity that is allegedly owned by the Individual Debtor's daughter, has commenced an adversary proceeding seeking a ruling that the *Lady May* is property of HK USA and not of this chapter 11 estate.
    - In addition, the Individual Debtor has asserted that he is not the beneficial owner of the Apartment, or the Genever entities, under the theory that they are subject to a February 17, 2015 trust agreement (the "Purported Trust Agreement") in favor of Bravo Luck Limited ("Bravo Luck"), an entity allegedly owned by the Individual Debtor's son, and that it is Bravo Luck that is beneficial owner of the Apartment.
        - The Trustee has serious doubts about Bravo Luck's position and is currently reviewing potential challenges to the Purported Trust Agreement, including as to authenticity, validity, and enforceability, as well as actual fraudulent intent transfer challenges.



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 2. Genever US and Individual Debtor Chapter 11 Cases Involve Same Issues [cont'd]

- In the Genever US chapter 11 case, Bravo Luck Limited has filed a proof of claim asserting, among other things, that it is the beneficial owner of the Apartment by virtue of the Purported Trust Agreement. In the alternative, Bravo Luck asserts a general unsecured claim against Genever US for approximately $76 million based on allegedly supplying the funds used to purchase the Apartment and pay for related expenses.
    - Unsecured claims against Genever US based on payment of Apartment-related expenses have also been filed by Qiang Guo (the Individual Debtor's son) and Golden Spring.

- Similarly, PAX has filed a $116 million claim against Genever US in its chapter 11 case based on the *alter ego* theory it had asserted in NYS Court but which had not yet gone to trial at the time of the Individual Debtor's petition date (*i.e.*, February 15, 2022).



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 3. Genever US and Individual Debtor Chapter 11 Cases Should Be Closely Coordinated

- Given that the Genever US chapter 11 case and this chapter 11 case arise from the same circumstances, involve the same central issues, and would involve the same witnesses at trial, the two cases should be closely coordinated.
    - The Individual Debtor's creditors (who may have *alter ego* claims against Genever US based on claims against the Individual Debtor) were **not** notified of the Genever US claims bar date, *i.e.*, March 10, 2021.
    - In the Genever US chapter 11 case, creditors are now barred (absent relief from the court) from filing claims.
        - The Genever US bar date notice was not published and was only served upon the Sherry Netherland, Inc., PAX, and Individual Debtor's family or related parties.
        - Accordingly, **the only proofs of claim** in the Genever US chapter 11 case were filed by the Sherry Netherland, Inc., PAX, Bravo Luck, Golden State (New York) Ltd. ("Golden State"), and Qiang Guo (the Individual Debtor's son) (together, the "Five Genever US Claimants"). The Five Genever US Claimants were also the only parties listed as creditors with material claims on Genever US's schedules.
    - No creditors committee was ever appointed in the Genever US chapter 11 case.
    - By contrast, in this chapter 11 case, the claims bar date has not yet been set. Numerous parties are listed as creditors on the Individual Debtor's schedules and there is an active creditors committee advised by counsel. Moreover, the Trustee has submitted a draft bar date notice that would be widely published in both English and Mandarin publications.



# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 4. Coordination Is Needed to Ensure that the Individual Debtor's Legitimate Creditors Share in Value of Apartment

- Absent further court relief, because numerous creditors of the Individual Debtor did not receive notice of the deadline to file claims in the Genever US chapter 11 case to assert, for example *alter ego* claims, their claims against the Individual Debtor would be structurally subordinated to the claims of the Five Genever US Claimants in any distribution of the value of the Apartment (as shown in the diagram below) because they would only share in the equity value (if any) that would remain after the Five Genever US Claimants have been paid in full





# B. COORDINATION OF GENEVER US AND INDIVIDUAL DEBTOR CHAPTER 11 CASES

## 5. Trustee Opposes Structural Subordination of the Individual Debtor's Creditors

- Subordinating the Individual Debtor's creditors (who did not receive notice of the Genever US claims bar date) does not appear to be appropriate.
  - If Genever US (and other entities owned by the Individual Debtor or his family members) are found to be *alter egos* of the Individual Debtor, the value of the assets belonging to (all of) these entities (including the Apartment and *Lady* May) should be collected in this estate by the Trustee to fund distributions to all of the Individual Debtor's valid creditors.

## 6. One Bankruptcy Court Should Resolve Ownership Disputes

- Given that the same issues surrounding the Individual Debtor's potential beneficial ownership of key identified assets such as the Apartment and the *Lady May* have arisen in both this and the Genever US chapter 11 cases (and given that both likely involve the same witnesses), the Trustee believes that for reasons of consistency in decision-making and judicial economy, the same court should decide those issues.

## 7. Involvement of Bravo Luck in Individual Debtor Case

- Recently discovered documents tend to indicate that Bravo Luck was involved in the *Lady May* transactions, thereby further supporting the need to have all asset ownership issues and challenges to related transactions centralized in one forum.



## C.  TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

### 1. Transfer of Venue of Genever US Chapter 11 Case to Connecticut Bankruptcy Court Appears to Be Appropriate

- The Trustee intends to seek to transfer the Genever US chapter 11 case to the Connecticut bankruptcy court where it can be administratively consolidated with this chapter 11 case.

- Under Bankruptcy Rule 1014(b), which addresses venue transfer when petitions of a debtor and its affiliate (Genever US is wholly-owned by this estate) are filed in different districts, the court where the first petition was filed, *i.e.*, U.S. Bankruptcy Court for the Southern District of New York (Judge Garrity), would decide the venue transfer issue.

    - **No assurances can be given that Judge Garrity would grant the Trustee's motion to transfer the Genever US chapter 11 case to the District of Connecticut.**
    - **On the other hand, the Trustee does not intend to file such motion if the Connecticut bankruptcy court were to oppose that proposed venue transfer.**



# C. TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

## 1. Transfer of Venue of Genever US Chapter 11 Case to Connecticut Bankruptcy Court Appears to Be Appropriate

- For all the reasons discussed herein, the Trustee believes that transfer of the Genever US chapter 11 case to the District of Connecticut is appropriate because, among other things, it is in the interest of justice and it is the most efficient solution to address coordination issues.

  - Factors commonly considered in connection with venue transfer motions include: (1) the debtor's choice of venue; (2) the proximity of creditors to the court; (3) the proximity of the debtor to the court; (4) the proximity of those persons necessary for the administration of the estate to the court; (5) the location of the debtor's assets; (6) the economic and efficient administration of the estate, including the ability of the different districts to timely consider the case; (7) judicial economy; and (8) general issues of fairness.[1] Factor (6), the economic and efficient administration of the estate, is weighed most heavily by many courts considering a change of venue under section 1412.[2]

---

1. *See, e.g., In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979); *In re Condor Exploration, LLC*, 294 B.R. 370 (Bankr. D. Colo. 2003); *In re Land Stewards, L.C.*, 293 B.R. 364 (Bankr. E.D. Va. 2002); *In re Enron Corp.*, 274 B.R. 327 (Bankr. S.D.N.Y. 2002); *In re Moss*, 249 B.R. 411 (Bankr. N.D. Tex. 2000).
2. *Id.*



# C. TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

## 2. Venue Transfer Is Not Incompatible with Settlement Agreement Regarding Sale of Apartment

- On February 26, 2021, PAX, Bravo Luck, and Genever US entered into a settlement agreement that, following the execution of an amended version of the agreement on September 24, 2021, was approved by Judge Garrity pursuant to an order dated October 8, 2021 (the "Genever Settlement Agreement").

- The Genever Settlement Agreement included the following key elements:
  - PAX agreed to withdraw motions it had filed for (1) relief from stay to allow it to pursue its *alter ego* claims against Genever US in the PAX Litigation and (2) conversion to chapter 7 or, in the alternative, appointment of a chapter 11 trustee.
  - PAX was granted stay relief to pursue the PAX Litigation, with the stay otherwise remaining in place with respect to other purposes, including relating to enforcement or collection of any judgment against Genever US.
  - Genever US agreed to appoint Melanie Cyganowski to be its sales officer (the "Sales Officer") to control and oversee the sale of the Apartment, with proceeds of such sale to be escrowed pending further order of the bankruptcy court.



# C.  TRANSFER OF VENUE OF GENEVER US CHAPTER 11 CASE

## 2. Venue Transfer Is Not Incompatible with Settlement Agreement Regarding Sale of Apartment [cont'd]

- Importantly, the Genever Settlement Agreement does **not** contain any agreement regarding the appropriate forum or venue to resolve the substantive disputes related to the Sherry Netherland Apartment, such as the ownership thereof, merits of PAX's *alter ego* claim against Genever US, or Bravo Luck's claims of beneficial ownership.

- Indeed, immediately following the provision in the Genever Settlement Agreement providing for stay relief, the Genever Settlement Agreement states textually: **"Nothing herein shall be construed as an acknowledgement of the appropriate forum outside the bankruptcy court to address any such issues, with all Parties' rights expressly reserved."**[1]

    - Similarly, the Genever Settlement Agreement does not address the eventual distribution of the proceeds of the sale of the Apartment to claimants.

---

1. While the Genever Settlement Agreement also references PAX's litigation in BVI court against Genever BVI, Bravo Luck, the Individual Debtor, and Qiang Guo (the Individual Debtor's son) seeking to enforce the judgment in PAX's NY state court action, the Genever Settlement Agreement provides that nothing therein "shall prejudice the rights of any party, including Bravo Luck and PAX to proceed with the BVI Litigation" and that nothing in the Genever Settlement Agreement "shall prejudice the rights of any Party, including Bravo Luck and PAX, from proceeding with any and all claims . . . In BVI, State Court, or otherwise, and Bravo Luck and PAX reserve all rights to oppose such claims in the applicable forum."



## D.  HOUSEKEEPING MATTERS

### 1.  Monthly Operating Reports

- The Individual Debtor has still not filed monthly operating reports ("MORs") for the month of May 2022, June 2022, and the first seven days of July 2022 (*i.e.*, the period prior to the order appointing the Trustee on July 8, 2022 [ECF No. 523].
    - The May 2022 MOR was due on June 21, 2022, the June 2022 MOR was due on July 21, 2022, and the July MOR (for the first 7 days) is due on August 21, 2022.

### 2.  Update re *Lady May* Inspection

- On August 11, 2022, HK International Funds Investment (USA) Limited, LLC ("HK USA"), the purported title holder of the *Lady May*, filed a motion for an order establishing a repair reserve for the *Lady May* [ECF No. 728] (the "Repair Reserve Motion").
- HK USA also requested that the Repair Reserve Motion be heard on an expedited basis.  The Trustee **opposes** consideration of the motion on an expedited basis.
- The Trustee is continuing to analyze the Repair Reserve Motion and reserves all rights in this regard.



## D. HOUSEKEEPING MATTERS

### 3. Exercise of Corporate Governance Rights

- On August 10, 2022, the Court entered the corporate governance rights order [ECF No. 717].  The Trustee has been in contact with counsel for the Individual Debtor to obtain executed copies of the documents (and information to complete the registration form for the new BVI agent) required under the order.

- Also on August 10, 2022, the Individual Debtor appealed the corporate governance rights order [ECF No. 723].

### 4. Motions re Privileged Documents

- As noted at the hearing before the Court on August 4, 2022, the Trustee believes his ownership of the Individual Debtor's privileges is a critical issue that the Court should resolve as soon as possible.  The Individual Debtor is affirmatively opposing access to privileged information.

- The Trustee intends to bring that issue to the Court for resolution in the near future, including without limitation by motions to compel pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45, and the Trustee reserves the right to request that any such motion be heard on shortened notice.



# D. HOUSEKEEPING MATTERS

## 5. Scheduling Next Status Conferences

- Proposed dates:
    - Wednesday, August 24
    - Wednesday, September 7
    - Wednesday, September 21
    - Monday, October 3

