**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**DEBTOR'S MOTION TO EXPEDITE HEARING ON
DEBTOR'S MOTION FOR STAY PENDING APPEAL OF ORDER, PURSUANT TO
BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND 105,
(A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS
ALL OF DEBTOR'S ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN
DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE
TO ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C)
GRANTING RELATED RELIEF**

The debtor, Ho Wan Kwok (the "Debtor"), for his motion (the "Motion") to expedite a hearing on his Debtor's Motion For Stay Pending Appeal Of Order, Pursuant To Bankruptcy Code Sections 363, 521 541, 1108, And 105, (A) Confirming That Chapter 11 Trustee Holds All Of Debtor's Economic Rights In Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee To Act In Any Foreign Country On Behalf Of The Estate, And (C) Granting Related Relief (the "Stay Motion"), respectfully states:

1. On February 15, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

2. On June 15, 2022, this Court issued a Memorandum of Decision, *inter alia*, granting PAX's Motion to Dismiss or, in the alternative, Partial Joinder to the UST's Motion for the Appointment of a Chapter 11 Trustee (Doc. No. 183), to the extent that it sought the appointment of a Chapter 11 trustee (Doc. No. 465.)

3. On July 7, 2022, the UST filed a notice appointing Luc A. Despins (the "Trustee")

as Chapter 11 trustee (Doc. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 515), seeking the Court's approval of the appointment of the Trustee. On July 8, 2022, the Court entered its Order Granting Appointment Of Chapter 11 Trustee (Doc. No. 523), granting the appointment of the Trustee as Chapter 11 trustee in this case.

4. As the Court has been informed and as the Debtor disclosed in his Statement of Financial Affairs (Doc. No. 77, p. 22), prior to the Petition Date (in September 2020), the Debtor and two other plaintiffs commenced an action (the "UBS Action") in the United Kingdom against UBS AG asserting damages of some $500 million. The Harcus Parker firm in London continues to represent the two other plaintiffs in that action and it represented the Debtor up until the appointment of the Trustee.

5. On August 10, 2022, the Court entered its Order, Pursuant To Bankruptcy Code Sections 363, 521 541, 1108, And 105, (A) Confirming That Chapter 11 Trustee Holds All Of Debtor's Economic Rights In Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee To Act In Any Foreign Country On Behalf Of The Estate, And (C) Granting Related Relief (Doc. No. The Debtor filed a notice of appeal of the Order on August 10, 2022 (Doc. No. 717). While the Debtor appeals from a number of the provisions of the Order, the Debtor seeks a stay pending appeal only with respect to paragraph 3(b) thereof. By paragraph 3(b), the Court directs the Debtor to deliver a letter drafted by the Trustee (as defined below) to the law firm of Harcus Parker Limited, the Debtor's former counsel in the UBS Action (as defined below), which provides, among other things, that the Debtor authorizes Harcus Parker to communicate with and turn documents over to the Trustee "regardless of any attorney-client privilege, work product, or other privilege, which I hereby fully waive for such purposes."

6. The Order provides that the Debtor must sign and deliver such letter within five

business days of the entry of the Order, i.e., August 17, 2022.

7. By the Stay Motion, the Debtor seeks a stay pending his appeal of paragraph 3(b) of the Order. Cause exists to consider and determine the Stay Motion upon an expedited basis. Both the Court and the Trustee have suggested that the Debtor would be subject to contempt if he fails to sign and deliver the letter as provided in the Order. The Debtor does not intend to sign and deliver the letter. In addition, the Debtor is concerned that the Trustee will use the Order to seek to take some action based on the Order in the UK courts during the pendency of the Debtor's appeal, and that such action could cause harm to the Debtor.

8. The Debtor requests that the Court direct that notice of the Stay Motion and the Court's order granting this Motion be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Committee, the Trustee, and the United States Trustee.

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Motion on or before August 24, 2022, at a time convenient for the Court, and ordering notice of such hearing as set forth in the attached Order.

Dated at Bridgeport, Connecticut on this 17th day of August, 2022.

                **THE DEBTOR,**
                **HO WAN KWOK**

                */s/ Eric Henzy*
                Eric Henzy (ct12849)
                Stephen M. Kindseth (ct14640)
                Aaron A. Romney (ct28144)
                James M. Moriarty
                John L. Cesaroni (ct29309)
                10 Middle Street, 15th Floor
                Bridgeport, Connecticut 06604
                Telephone: (203) 368-4234
                Facsimile: (203) 368-5487
                Email: ehenzy@zeislaw.com

skindseth@zeislaw.com
aromney@zeislaw.com
Jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the Motion to expedite a hearing on the Debtor's Motion For Stay Pending Appeal Of Order, Pursuant To Bankruptcy Code Sections 363, 521 541, 1108, And 105, (A) Confirming That Chapter 11 Trustee Holds All Of Debtor's Economic Rights In Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee To Act In Any Foreign Country On Behalf Of The Estate, And (C) Granting Related Relief (Doc. No 761, the "Stay Motion"); and good cause appearing, it is hereby

ORDERED, that a hearing on the Stay Motion shall be held on August __, 2022, at __:__ _.m. at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to object to the Stay Motion shall be August __, 2022, at __:__ _.m.; and it is further

ORDERED, that a copy of this Order, along with the Stay Motion and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case (the "Chapter 11 Case") qualified to receive electronic notice via the Court's CM/ECF service, as well as the Committee, the Trustee, and the United States Trustee, on or before August __, 2022, and the Debtor shall file a certificate of service in advance of the Hearing.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　　　/s/ Eric Henzy
　　　　　　　　　　　　　　　　　　　　　　Eric Henzy (ct12849)