**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK,                                          :    Case No. 22-50073 (JAM)
                                                      :
          Debtor.                                     :
                                                      :
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER STAYING THROUGH OCTOBER 21, 2022 PENDING ADVERSARY PROCEEDINGS BROUGHT AGAINST THE DEBTOR PURSUANT TO 11 U.S.C. SECTIONS 523 AND/OR 727**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, staying proceedings in each of the several adversary proceedings filed in connection with the above-captioned chapter 11 case (the "Chapter 11 Case") seeking a determination of non-dischargeability of a debt pursuant to Section 523 of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code") and/or denial of Debtor's discharge pursuant to Section 727 of the Bankruptcy Code, for a period of sixty (60) days, from August 22, 2022 through and including October 21, 2022.  The adversary proceedings sought to be affected hereby (hereinafter the "Adversary Proceedings") are as follows[1]:

- *Cheng v. Kwok*, Adv. Pro. 22-5010
- *Ma v. Kwok*, Adv. Pro. 22-5011
- *Pacific Alliance Asia Opportunity Fund v. Kwok*, Adv. Pro. 22-5012[2]
- *Wu v. Kwok*, Adv. Pro. 22-5013
- *Meng v. Kwok*, Adv. Pro. 22-5014

---

[1] For the avoidance of doubt, this Motion and the Proposed Order filed herewith shall not affect proceedings in *HK International Funds Investments (USA) Limited, v. Kwok, et al*. (Adv. Pro. 22-5003).

[2] Hereinafter, the Pacific Alliance Asia Opportunity Fund is referred to as "PAX."  Each of the Adversary Proceedings is individually referred to herein by its first named plaintiff.

- *Nunberg v. Kwok*, Adv. Pro. 22-5017
- *Zhang v. Kwok*, Adv. Pro. 22-5018

In support of this Motion, the Trustee respectfully states as following:

## JURISDICTION, VENUE, AND BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for this Motion is the Court's inherent power to control the disposition of its docket, as set forth in further detail and with relevant authority below.

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.[3]

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

---

[3] The references to docket numbers set forth in this Motion refer to the Chapter 11 Case docket unless otherwise indicated.

8. The several Adversary Proceedings were commenced at various times during the period June 20, 2022 through July 20, 2022. Each of the Adversary Proceedings seeks, *inter alia*, a determination of non-dischargeability of an alleged debt or debts pursuant Section 523 of the Bankruptcy Code; *Zhang v. Kwok* also seeks denial of a discharge pursuant to Section 727 of the Bankruptcy Code.

9. The Trustee moved to stay each of the Adversary Proceedings, in the cases of *Cheng*, *Ma*, and *PAX*, through August 22, 2022, in the case of *Wu* and *Meng* through August 31, 2022, and in the cases of *Nunberg* and *Zhang*, through September 21, 2022. The motions were granted in each such case with the exception of *Zhang*, which motion remains *sub judice*.[4]

## REQUESTED RELIEF

10. By this Motion, the Trustee seeks entry of the Proposed Order further staying the several Adversary Proceedings through a uniform date of October 21, 2022.

11. This Court may stay an adversary proceeding upon a variety of grounds. "As the Supreme Court has observed, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC), 470 B.R. 659, 684 (Bankr. E.D.N.Y 2012) (internal quotation marks omitted) citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); see also Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey), 1990 U.S. Dist. LEXIS 10235, 1990 WL 123840, at *2 (S.D.N.Y. Aug. 7, 1990) (finding that the bankruptcy court has the authority to enter a stay of an adversary proceeding).

---

[4] See [*Cheng* Adversary Proceeding, ECF Nos. 12, 17]; [*Ma* Adversary Proceeding, ECF Nos. 10, 16]; [*PAX* Adversary Proceeding, ECF Nos. 10, 15]; [*Wu* Adversary Proceeding, ECF Nos. 13, 19]; [*Meng* Adversary Proceeding, ECF Nos. 14, 20]; [*Nunberg* Adversary Proceeding, ECF Nos. 8, 9]; and [*Zhang* Adversary Proceeding, ECF No. 9].

Determination of whether grounds exist to stay a proceeding are subject to this Court's sound discretion. In re South Side House, LLC, 470 B.R. at 684.

12. Good cause exists for the Court to stay these Adversary Proceedings. The Trustee's appointment remains relatively recent, and the Trustee is in the process of investigating the Debtor's estate, including the identification of its assets. To be sure, the Trustee's investigation will eventually include assessing the validity and magnitude of claims asserted in these Adversary Proceedings (and whether and to what extent the matters raised therein may affect the estate, its creditors, and the ultimate disposition of the estate's assets), and the role of the Trustee in each of these Adversary Proceedings. Critically, the Trustee requires additional time to analyze the issues raised in the respective Adversary Proceedings in order to take a position with respect to the complaints filed therein and determine the impact of a potential dischargeability judgment on the Trustee's other efforts in this Chapter 11 Case, such as the proposal of chapter 11 plan, which process could be affected by the entry of a judgment in these Adversary Proceedings. It would be particularly inefficient to require the Trustee to expedite those determinations or for the Court, the Trustee, and other parties-in-interest to expend time and resources with respect to the Adversary Proceedings, when the prospect of a confirmable plan of reorganization that would provide for an eventual discharge of the Debtor in this Chapter 11 Case is subject to considerable doubt.

13. The Trustee believes that requesting the relief sought herein by this Motion filed in the Chapter 11 Case, rather than by filing similar motions in each of the seven Adversary Proceedings, is appropriate, because the relief sought herein implicates the Trustee's orderly management and administration of the chapter 11 estate. As more specifically discussed below, the Trustee has consulted and provided notice of this Motion to all parties to the Adversary

Proceedings. The Trustee also requests that the Court direct the clerk to enter the Proposed Order granting this Motion in each of the Adversary Proceedings as well as in the Chapter 11 Case.

14. Trustee's counsel, Patrick Linsey, has spoken with John Cesaroni, counsel for the Debtor, regarding this Motion, and Mr. Cesaroni indicated that the Debtor does not object to the relief requested herein. Email requests directed to counsel for the plaintiffs or, if *pro se*, email requests directed to the plaintiffs, in each of the Adversary Proceedings to determine their positions regarding the requested relief were sent on the evening of August 16, 2022; thus far Mr. Nunberg (*pro se* plaintiff in the *Nunberg* Adversary Proceeding) and counsel for the plaintiffs from the *Cheng*, *Ma*, *PAX*, *Wu*, and *Meng* Adversary Proceedings have responded, indicating that they, likewise, do not object to the requested relief. Counsel for the plaintiffs from the *Zhang* Adversary Proceeding has not responded to the Trustee's inquiry as of the filing of this Motion.

15. This is the Trustee's second request for the relief sought by this Motion.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Court should enter the Proposed Order extending stays in each of the above-described Adversary Proceedings through and including October 21 2022, and grant such other and further relief as the Court deems just and proper.

Dated:   August 17, 2022           LUC A. DESPINS,
         New Haven, Connecticut    CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    James C. Graham (ct06064)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett *(pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft *(pro hac vice)*
    Douglass Barron *(pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 1 |
| HO WON KWOK | Case No. 22-50073 (JAM) |
| Debtor. |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 17, 2022, the foregoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties to this bankruptcy case by operation of the Court's case management/electronic filing (CM/ECF) system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Notice of this filing will also be sent by e-mail to each party to the affected Adversary Proceedings by e-mail, or by regular U.S. Mail to anyone unable to accept filing by e-mail, as follows:

Adv. Pro. 22-5010: Jay Marshall Wolman at jmw@randazza.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5011: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5012: Patrick M. Birney at pbirney@rc.com; Peter Friedman at pfriedman@omm.com; Stuart Sarnoff at ssarnoff@omm.com; Annecca H. Smith at asmith@rc.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5013: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at

aromney@zeislaw.com; John Cesaroni at  jcesaroni@zeislaw.com

      Adv. Pro. 22-5014: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at  jcesaroni@zeislaw.com

      Adv Pro 22-5017: Samuel Dan Nunberg at snunberg@winstonashe.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at  jcesaroni@zeislaw.com

      Adv. Pro. 22-5018: Thomas J. Sansone, at  tsansone@carmodylaw.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at  jcesaroni@zeislaw.com

| | | |
|---|---|---|
| Dated: | August 17, 2022<br>New Haven, Connecticut | LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE |

          By: */s/ Patrick R. Linsey*
             James C. Graham (ct06064)
             Patrick R. Linsey (ct29437)
             NEUBERT, PEPE & MONTEITH, P.C.
             195 Church Street, 13th Floor
             New Haven, Connecticut 06510
             (203) 781-2847
             plinsey@npmlaw.com

              *and*

             Nicholas A. Bassett *(pro hac vice)*
             PAUL HASTINGS LLP
             2050 M Street NW
             Washington, D.C., 20036
             (202) 551-1902
             nicholasbassett@paulhastings.com

              *and*

             Avram E. Luft *(pro hac vice)*
             Douglass Barron *(pro hac vice)*
             PAUL HASTINGS LLP
             200 Park Avenue
             New York, New York 10166
             (212) 318-6079
             aviluft@paulhastings.com

             *Counsel for the Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                 :    Chapter 11
:
HO WAN KWOK,                           :    Case No. 22-50073 (JAM)
:
         Debtor.                     :
:
---------------------------------------------------------x

**PROPOSED ORDER GRANTING MOTION FOR STAY OF ADVERSARY PROCEEDINGS SEEKING DETERMINATION OF NON-DISCHARGEABILITY OF DEBTS AND/OR DENIAL OF DISCHARGE**

UPON CONSIDERATION OF the motion of Chapter 11 Trustee Luc A. Despins (the "Trustee") requesting an additional stay of the adversary proceedings *Cheng v. Kwok*, Adv. Pro. 22-5010; *Ma v. Kwok*, Adv. Pro. 22-5011; *Pacific Alliance Asia Opportunity Fund v. Kwok*, Adv. Pro. 22-5012; *Wu v. Kwok*, Adv. Pro. 22-5013; *Meng v. Kwok*, Adv. Pro. 22-5014; *Nunberg v. Kwok*, Adv. Pro. 22-5017 and *Zhang v. Kwok*, Adv. Pro. 22-5018 (the "Adversary Proceedings") through October 22, 2022, and good cause having been shown, it is by the Court,

ORDERED, that the motion is GRANTED and the above-described Adversary Proceedings are hereby stayed, and all related deadlines associated therewith are extended, through October 21, 2022; and it is further

ORDERED, that this Order shall be entered in in the above-captioned Chapter 11 Case as well as in each of the Adversary Proceedings.