**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, : Case No. 22-50073 (JAM)
:
Debtor. :
:
---------------------------------------------------------x

**ATTACHMENT TO MONTHLY OPERATING REPORT**
**FOR THE PERIOD JULY 8, 2022 THROUGH JULY 31, 2022**

This attachment is incorporated into and made a part of the Monthly Operating Report ("MOR") of Chapter 11 Trustee Luc A. Despins.

**General Disclaimers**

1. The MOR is presented on a form promulgated in 2021 by the Executive Office of the United States Trustee. This form in many instances requires inserting a number for a line item even if the line item does not apply. The form also does not allow for the insertion of explanations or asterisks next to answers. Accordingly, as presented, certain responses may be inapplicable or incomplete. Following guidance from the United States Trustee's office, this attachment is being filed as an integral part of the MOR.

2. On July 8, 2022, the Bankruptcy Court signed an order approving the appointment of Luc A. Despins, Esq. as Chapter 11 Trustee (the "Trustee"). The information in this MOR is based only on information beginning on the date of the Trustee's appointment and only on bank accounts within the Trustee's control.[1]

3. The Trustee reserves the rights to amend, modify or supplement this MOR or update it in future MORs.

**Specific Responses**

Part 1 Responses

4. As noted above, this information is limited to cash receipts and disbursements since the Trustee was appointed and with respect to accounts under the Trustee's control.

---

[1] The Trustee notes that the Debtor has failed to file MORs in connection with the reporting periods of May 2022, June 2022, and July 1-8, 2022, prior to the Trustee's appointment. The Trustee is currently investigating the Debtor's assets and financial affairs (with respect to which investigation the Debtor has not cooperated).

1

Part 2 Responses

5. To the extent this section is applicable (the Debtor is an individual), the Trustee has insufficient information to complete this section. As of the filing of this MOR, no bar date has been established with respect to prepetition claims and no bar date has been established with respect to administrative claims.

6. The Trustee is aware of certain professional fees and expenses that have arisen in connection with services provided by the Trustee's counsel, however, the Trustee has not yet reviewed or approved such fees (payment of which remains contingent upon the Trustee's collection of additional estate assets), nor have any fee applications been filed with respect to such fees. The Trustee therefore believes it would be premature to list such fees herein as postpetition payables at this time.

Part 3 Responses

7. No assets under the control of the Trustee have been sold or transferred.

Part 4 Responses

8. To the extent this section is applicable (the Debtor is an individual), the Trustee has insufficient information to complete this section.

Part 5 Responses

9. There have been no commissions, fees, or expenses approved or paid with respect to the Trustee and his Court approved retained professionals, or with respect to any other professionals providing services to the official committee of unsecured creditors (the "Committee") or the Debtor (in connection with services provided to the Debtor prior to the appointment of the Trustee).

10. The Trustee is aware of a number of professional firms that have provided services to the Committee or the Debtor (prior to the appointment of the Trustee) but that have not at this time had their retentions approved by the Court. The Trustee lists such professional firms (of which he is aware) in this part of the MOR out of an abundance of caution but reserves all his rights with respect to the retention and/or payment of fees with respect to such professional firms. The Trustee also notes that the Debtor may have employed professionals (prior to the appointment of the Trustee) of which the Trustee is not aware.

Part 6 Responses

11. The Trustee is not aware of any postpetition taxes that have accrued during the time period since the Trustee's appointment.

Part 7 Responses

12. The Trustee notes that the Debtor filed a chapter 11 plan on April 20, 2022 [Docket No. 197] (the "April 2022 Plan") with respect to which no disclosure statement was filed or approved.

Part 8 Responses

13. The Trustee has insufficient information to respond to Part 8.