**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                                     :

In re:                                          :        Chapter 11

HO WAN KWOK,                        :        Case No. 22-50073 (JAM)

            Debtor.[1]                    :

------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE
HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER
(A) PROVIDING THAT CONTROL OF ANY ATTORNEY-CLIENT PRIVILEGE,
WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE
2004 SUBPOENAED DOCUMENTS PASSED TO TRUSTEE UPON APPOINTMENT,
(B) DIRECTING THAT DEBTOR AND OTHER EXAMINEES NOT WITHHOLD
DOCUMENTS ON ACCOUNT OF SUCH PRIVILEGES,
AND (C) GRANTING RELATED RELIEF**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Entry of Order (A) Providing That Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing That Debtor and Other Examinees Not Withhold Documents on Account of Such Privileges, and (C) Granting Related Relief* (the "Privileges Motion"). In support of his Motion to Expedite, the Trustee respectfully states as follows:

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The Privileges Motion, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.

6. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case (ECF No. 523) (the "Appointment Order").

7. On July 28, 2022, the Trustee filed three related motions: (i) Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Examination of Ho Wan Kwok and Production of Documents (ECF No. 636) (the "Debtor 2004 Motion"); (ii) the Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Legal and Financial Advisors to the Debtor (ECF No. 637) (the "Professionals 2004 Motion"); and (iii) the

Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Entities and Individuals Affiliated with the Debtor (ECF No. 638) (the "Third-Party Motion" and together with the Debtor 2004 Motion and the Professionals 2004 Motion, the "Rule 2004 Motions," attaching the "Rule 2004 Subpoenas").

8. On August 2, 2022, counsel for the Trustee and counsel for the Debtor met and conferred via teleconference regarding the limited issues concerning the Rule 2004 Motions (the "August 2 Meet and Confer"). During the meet and confer, counsel for the Debtor suggested that, despite the proposed subpoenas attached to the Rule 2004 motions being limited to topics core to the Trustee's rights and obligations, including identification and investigation of the estate's assets, financial condition and administration, absent a ruling from the Court, counsel believed it was likely the Debtor would seek to withhold potentially responsive documents on the grounds that the Debtor, and not the Trustee, controlled the relevant privilege. Counsel for the Trustee made clear that it could not see a basis for the Debtor to claim that control of the attorney-client privilege as to the requested information had not passed to the Trustee, and asked that to the extent the Debtor was aware of any such documents, or basis for the Debtor to assert such a privilege, that it identify those issues to the Trustee immediately, so as to avoid any delay. For the Debtor's part, his counsel suggested that the Court should provide guidance on privilege issues in advance of future disagreements over privilege.

9. On August 5, 2022, the Debtor filed a Limited Objection to the Rule 2004 Motions (ECF No. 703) ("Debtor's Limited Objection"), noting the Debtor's position that control over the attorney-client privilege in connection with the Rule 2004 motion was legally ambiguous, and a "a question for another day." *See* Debtor's Limited Objection at 2 (citing

Debtor 2004 Motion at 15-16; Professionals 2004 Motion at 19-20). In support of the Debtor's Limited Objection, the Debtor's counsel, Aaron Romney of Zeisler & Zeisler, P.C., submitted a Declaration in Support of the Debtor's Limited Objection (ECF No. 732) (the "Romney Declaration"), reflecting the Debtor's position that the issue of control of the attorney-client privilege be submitted "to the Court in an omnibus fashion on a reasonable timetable." (Romney Declaration at 4).

10.   On August 10, 2022, the Trustee filed a Reply in Support of the Rule 2004 Motions (ECF. No. 724) ("Trustee's Reply"), reiterating that the Trustee's ownership of the Debtor's privileges is a critical issue that the Court should resolve as soon as possible. (*See* ECF No. 724 at 4 n.2). The Trustee's Reply indicated an intent to bring this issue before the Court in the near future. (*Id.*).

11.   On August 12, 2022, the Court held a hearing with respect to the Rule 2004 Motions and directed the Trustee to file revised proposed orders with respect to the Rule 2004 Motions. (*See* ECF No. 742). At the hearing, counsel for the Trustee made clear that, because it appeared that the Debtor continued to intend to assert a privilege over responsive documents called for under the proposed Rule 2004 subpoenas on the grounds that control of the privilege was ambiguous, the Trustee intended to seek a ruling from the Court on these issues. (Hr'g Tr. at 15:12-15). Counsel from Brown Rudnick rose to agree that, as prior counsel to the Debtor, such a ruling would be extremely helpful. (Hr'g Tr. at 20:19-21).

12.   On August 16, 2022, the Court granted the Rule 2004 Motions, authorizing the service of the Rule 2004 Subpoenas. (Order Granting Chapter 11 Trustee's Application for Rule 2004 Discovery with Respect to Various Legal and Financial Advisors to the Debtor (ECF No. 756), Order Granting Chapter 11 Trustee's Application for Rule 2004 Examination of Ho Wan

4

Kwok (ECF No. 757), and Order Granting Chapter 11 Trustee's Application for Rule 2004 Discovery with Respect to Various Entities and Individuals Affiliated with Debtor (ECF No. 756) (the three orders collectively, the "Rule 2004 Orders")). Pursuant to the Rule 2004 Orders, parties must either produce documents, or produce to the Trustee a privilege log (to the extent a party does not produce any documents requested in the Subpoena on the basis of some privilege), within 30 days of the service of the Subpoena.

13. On August 22, 2022, the Trustee filed the Privileges Motion, which seeks entry of an order (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection, and any other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Debtor or any other Discovery Recipients, not withhold documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[2] or attempt to assert any such privileges that are properly controlled by the Trustee, and (c) granting related relief, all as more fully set forth in the Privileges Motion.

### RELIEF REQUESTED

14. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Privileges Motion upon an expedited basis. The Trustee respectfully requests that the Court (i) schedule a hearing with respect to the Privileges Motion to be held on August 30, 2022, at 1:00 p.m. or as soon as possible thereafter as the Court may be available, and (ii) order that the deadline to object to the Privileges Motion be August 28, 2022 at 1:00 p.m. The Court has already set August 30, 2022 as the expedited hearing on the *Debtor's Motion For Stay Pending*

---

[2] Capitalized terms not defined herein have the meanings given to them in the Privileges Motion.

*Appeal of Order, Pursuant to Bankruptcy Code Sections 363, 521 541, 1108, and 105, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of the Estate, and (C) Granting Related Relief* (Doc. No 761, the "Stay Motion").

**BASIS FOR RELIEF**

15.     The information requested for the Trustee's Rule 2004 investigation is critical to the Trustee's investigation of the estate's actual assets and financial condition.  As detailed in the Privileges Motion, this is particularly true with regard to any privileged documents the Debtor, or his former counsel, have related to the numerous shell companies, trusts and other legal entities associated with the Debtor, whose purpose seems likely to be obfuscation of the Debtor's estate's interest in assets, and whose existence is predicated on legal advice.  Absent prompt access to this essential privileged information, not only will the Trustee's efforts to expediently investigate the Debtor's assets be frustrated, but with each passing day, the potential complexity associated with recovery of the estate's assets only grows.

16.     Among the documents the Trustee seeks are documents related to ongoing litigation that Debtor has commenced against other parties, which litigations are now assets of the estate.  Many, if not all, of the non-public documents currently held by the Debtor or his counsel related to those litigations are likely to be subject to claims of privilege.  Given that the Trustee is now responsible for the prosecution and defense of these litigations, the Trustee has an urgent need for access to these documents, including case files and work product of outside counsel, to fulfill his obligations.

17.     Counsel for the Debtor and Brown Rudnick, the Debtor's former bankruptcy counsel, have already indicated that a prompt decision from the Court clarifying the Trustee's

control of the privilege with regard to the requested Rule 2004 subpoenaed documents will be invaluable for the recipients of the Rule 2004 subpoenas, so as to avoid any potential improper invocations of a privilege that is no longer controlled by the Debtor.

18.  Given the Trustee's and Debtor's unified view on the importance of a clear and expedient ruling regarding the Trustee's control of the applicable privileges, and the fact that the Debtor and Trustee have already been discussing this issue for weeks, there is no prejudice to the Debtor, or any counsel who he may intend to instruct regarding treatment of privileged information, by expediting consideration of the Privileges Motion.

19.  The Trustee believes the hearing on the Privileges Motion should be set for August 30, 2022, which is the date the Court recently set for the hearing on the Stay Motion in response to the Debtor's request to expedite that motion.  As will be explained in the Debtor's response to the Stay Motion, the Privileges Motion and the Stay Motion involve overlapping issues in that both motions relate to the transfer of control of applicable privileges and protections from the Debtor to the Trustee upon the Trustee's appointment.  The Trustee therefore believes it would be inefficient for the Court to hear these motions separately.[3]

20.  Finally, the Trustee requests that the Court direct that notice of the Privileges Motion and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee.

---

[3]  The Trustee would be amenable to having the Privileges Motion heard on a slightly more extended timetable—for example, with hearing taking place the week of September 5, 2022—if the hearing on the Stay Motion were also adjourned to that date, with objection deadlines for both motions adjourned commensurately to the week of August 29, 2022.  To this end, the Trustee notes that he proposed to the Debtor a solution that would have resolved the need for the Debtor's motion to expedite the Stay Motion, but he did not receive a response to that proposal prior to the Court scheduling the hearing on the Stay Motion for August 30.

7

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Privileges Motion on August 30, 2022, at 1:00 p.m., ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated:  August 22, 2022  LUC A. DESPINS,
New Haven, Connecticut  CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
   Douglas S. Skalka (ct00616)
   Patrick R. Linsey (ct29437)
   NEUBERT, PEPE & MONTEITH, P.C.
   195 Church Street, 13th Floor
   New Haven, Connecticut 06510
   (203) 781-2847
   dskalka@npmlaw.com
   plinsey@npmlaw.com

   *and*

   Nicholas A. Bassett *(pro hac vice* pending)
   PAUL HASTINGS LLP
   2050 M Street NW
   Washington, D.C., 20036
   (202) 551-1902
   nicholasbassett@paulhastings.com

   *and*

   Avram E. Luft *(pro hac vice* pending)
   Douglass Barron *(pro hac vice* pending)
   PAUL HASTINGS LLP
   200 Park Avenue
   New York, New York 10166
   (212) 318-6079
   aviluft@paulhastings.com

   *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

----------------------------------------------------x
                                                :
In re:                                          :   Chapter 11
                                                :
HO WAN KWOK,                                    :   Case No. 22-50073 (JAM)
                                                :
        Debtor.                                 :
                                                :
----------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite")[1] seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Entry of Order (A) Providing That Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing That Debtor and Other Examinees Not Withhold Documents On Account of Such Privileges, and (C) Granting Related Relief* [ECF No. ___] (the "Privileges Motion"); and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Privileges Motion shall be held on **August 30, 2022, at 1:00 p.m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Privileges Motion shall be **August 28, 2022 at 1:00 p.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Privileges Motion and any

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

2

attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, on or before August __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                    :   Chapter 11
:
HO WAN KWOK,                              :   Case No. 22-50073 (JAM)
:
　　　　Debtor.                            :
:
------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 22, 2022, the foregoing Motion and Proposed Order was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated:      August 22, 2022
            New Haven, Connecticut

                              By: */s/ Patrick R. Linsey*
                                  Douglas S. Skalka (ct00616)
                                  James C. Graham (ct06064)
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  dskalka@npmlaw.com
                                  jgraham@npmlaw.com
                                  plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

   *and*

   Nicholas A. Bassett *(pro hac vice* pending)
   PAUL HASTINGS LLP
   2050 M Street NW
   Washington, D.C., 20036
   (202) 551-1902
   nicholasbassett@paulhastings.com

   *and*

   Avram E. Luft *(pro hac vice* pending)
   Douglass Barron (*pro hac vice* pending)
   PAUL HASTINGS LLP
   200 Park Avenue
   New York, New York 10166
   (212) 318-6079
   aviluft@paulhastings.com

   *Counsel for the Chapter 11 Trustee*