**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN TRUSTEE'S OBJECTION TO DEBTOR'S
MOTION FOR STAY PENDING APPEAL OF ORDER**

The Official Committee of Unsecured Creditors (the "Committee") of the estate of the Debtor, Ho Wan Kwok (the "Debtor"), herby supports and joins in the Trustee's Objection to Debtors' Motion for Stay Pending Appeal of Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 105, (A) Confirmation that Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief (the "Trustee Objection"). In further support of the Trustee Objection, the Committee respectfully submits the following[2]:

1.  The information sought by the Trustee in the Counsel Letter is among the legal and equitable interests of the Debtor in property and therefore is property of the estate, particularly as it relates to what the Debtor has scheduled as the most significant asset in his estate – the UBS Litigation. 11 U.S.C. § 541(a)(1). Indeed, under 11 U.S.C. § 542(e), it would be subject to

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2] Capitalized terms that were defined in the Trustee Objection, if used herein, have the same meanings ascribed to them in the Trustee Motion.

turnover. Although turnover under that section is "[s]ubject to any applicable privilege," as the Trustee has established, the privilege is controlled by him. *Cf. Degirolamo v. Daily & Haskins* (*In re Wittmer*), 2011 WL 6000799, at *3 (Bankr. N. D. Ohio Nov. 30, 2011) (debtor's attorney-client privilege could not asserted to preclude trustee from receiving privileged information from prepetition counsel when the trustee was not seeking to use the information obtained directly against the debtors," but rather, "if successful, the Trustee could recover monies on behalf of the estate that benefit the debtors").

2. In terms of the public interest, it has been well said that "[t]he public interest in the expeditious administration of bankruptcy cases is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." *Carrol v. Unicom AP Chemical Corporation* (*In re MGL Corp.*), 262 B.R. 324, 330 (Bankr. E.D. Pa. 2001). That is precisely what would occur if the Court were to stay the Order pending appeal.

**WHEREFORE**, the Committee respectfully requests that the Court deny the Debtor's Motion to Stay and grant such other and further relief as it may be deem just and proper.

Dated: Bridgeport, Connecticut
August 26, 2022

         **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:  */s/Irve J. Goldman*
     Irve J. Goldman
     Jonathan A. Kaplan
     Pullman & Comley, LLC
     850 Main Street, 8th Floor
     PO Box 7006
     Bridgeport, CT 06601-7006
     (203) 330-2213
     igoldman@pullcom.com

     Its Attorneys

## **CERTIFICATION OF SERVICE**

I, Irve J. Goldman, herby certify that on August 26, 2022, a true and correct copy of the foregoing Joinder of the Official Committee of Unsecured Creditors in Trustee's Objection to Debtor's Motion for Stay pending Appeal of Order was filed with the Court and served all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system ("CM/ECF").

By:  /s/Irve J. Goldman