**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                    :    Chapter 11
                                                                                :
HO WAN KWOK,                                                  :    Case No. 22-50073 (JAM)
                                                                                :
          Debtor.[1]                                                     :
                                                                                :
---------------------------------------------------------x

**TRUSTEE'S REPLY TO DEBTOR'S OBJECTION TO MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER (A) PROVIDING THAT CONTROL OF ANY ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS PASSED TO TRUSTEE UPON APPOINTMENT, (B) DIRECTING THAT DEBTOR AND OTHER EXAMINEES NOT WITHHOLD DOCUMENTS ON ACCOUNT OF SUCH PRIVILEGES, AND (C) GRANTING RELATED RELIEF**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), files this Reply (the "Reply") to Debtor's Objection (the "Objection") to Motion of Chapter 11 Trustee for Entry of Order (A) Providing that Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing that Debtor and Other Examinees Not Withhold Documents on Account of Such Privileges, and (C) Granting Related Relief (the "Privileges Motion"). In support of this Reply, the Trustee represents as follows:

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1

**PRELIMINARY STATEMENT**

1.  The Objection is more of the same from this Debtor: another attempt to muddy the issues, delay progress in this case, and evade his responsibilities under the Bankruptcy Code.[2] The Privileges Motion—similar to the Trustee's motion concerning corporate governance rights, which the Court recently granted[3]—does no more than ask the Court to confirm what the law requires: upon the Trustee's appointment, he gained control of the Debtor's privileges on matters relating to his assets and financial condition and to the post-petition administration of his estate. In his Objection, the Debtor blatantly mischaracterizes the nature of the relief being sought as asking for a "blanket waiver" of all his privileges and also contends—contrary to statements he made previously to the Trustee and the Court—that the Court cannot issue an order identifying the privileges that passed to the Trustee other than on a document-by-document basis. The Debtor is wrong on all counts, and his Objection should be overruled.

2.  As an initial matter, the Trustee is not asking for the Court to order a "blanket waiver" of the Debtor's privileges. In fact, the Trustee is not asking for a "waiver" of anything. The issue the Privileges Motion addresses is the transfer of control of privileges to the Trustee under the Bankruptcy Code, which has nothing to do with whether or not a privilege is "waived," but rather simply establishes that the Trustee controls certain of the Debtor's privileges moving forward. Moreover, the Privileges Motion does not ask for an order providing that ***all privileges on all topics*** have passed to the Trustee; rather, the Trustee's request is limited to confirming that, under the balancing test utilized by the vast majority of courts, the Trustee now controls all

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Privileges Motion.

[3] *See* The *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 541, 1108, and 105, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of the Estate, and Granting Related Relief* (ECF No. 598).

privileges relating to the identification of estate assets, the Debtor's financial condition, and matters involving the post-petition administration of the estate.  These are the types of documents the Trustee seeks in his subpoenas to the Debtor, his current and former professionals, and individuals and entities associated with the Debtor.  The Trustee is *not* presently asking for documents concerning the Debtor's criminal activities (such as the rape and false imprisonment allegations he mentions) or other unrelated topics. To the extent there are privileged documents concerning such topics that would be responsive to the Trustee's requests, the Trustee is not seeking control over those privileges at this time.  The Debtor's purported concerns in this regard are, therefore, unfounded.

3. Neither is the Trustee seeking access to documents covered by privileges held by *other parties*, as the Debtor contends.  The Trustee has served a number of Rule 2004 Subpoenas on the Debtor's family members, current and former law firms, and other associated entities and individuals.  The Trustee is not, however, seeking control over the privileges, if any, that belong exclusively to such parties.  The Privileges Motion asks only that the Debtor not instruct any of his law firms or the other Discovery Recipients to withhold documents from production on the basis of a privilege that the *Debtor* purportedly owns and controls, either by himself or through an alleged common interest with another party.  To the extent that a Debtor's family member or other party holds *their own privileges* that have not been waived and that they have the right to assert under applicable law, such privileges are unaffected by the Privileges Motion.[4]

4. Finally, the Debtor's newly-minted position that the Court cannot make a determination as to the Trustee's control of privileges except on a document-by-document basis is not only an attempt to delay, but it is also meritless and entirely inconsistent with the Debtor's

---

[4] The Trustee reserves all rights to contest any documents that any Discovery Recipient withholds from production for any reason, including based on the assertion of one or more privileges.

own prior statements. During the parties' initial meet and confer on the Rule 2004 Motions, the Debtor's counsel said it would not make sense to discuss privileges on a document-by-document basis. The Debtor reiterated this position in the declaration his counsel submitted in support of the Debtor's objection to the Trustee's Rule 2004 Motions:

> ***I, as the Debtor's counsel, indicated [in the meet and confer] that I did not believe it would be possible to address privilege issues on a document-by-document basis in connection with the Rule 2004 Motions***.

(Romney Declaration, ¶ 18 (emphasis added)). Counsel instead proposed that the Court address the privilege issues in an "***omnibus fashion***"— *see id.* at ¶ 15 (emphasis added)—*i.e.,* precisely the manner in which the Trustee has presented the issue in the Privileges Motion.

5.      Based on this history, any assertion that the Privileges Motion is not ripe for adjudication is baseless and amounts to nothing more than another attempt by this Debtor to frustrate the Trustee's investigation and delay progress in this case. Indeed, the Debtor has, to date, remarkably not produced a ***single document*** to the Trustee in response to either the Rule 2004 Motion or the Trustee's informal requests. The Court should see through the Debtor's antics, overrule his Objection, and grant the Privileges Motion.

## REPLY

6.      The Objection first misstates the nature of the relief sought by the Privileges Motion and claims it is procedurally improper. Once these meritless arguments are debunked, it is clear the Debtor has no meaningful objection to the substance of the Privileges Motion because the law plainly provides that the Trustee controls the Debtor's privileges on matters related to his assets and financial condition and the administration of his estate.

### A. Privileges Motion Does Not Seek Impermissible "Blanket Waiver"

7. As noted above, and as the Privileges Motion itself makes clear, the relief the Trustee seeks is limited. The Trustee does *not* ask for a "waiver" of any privileges but rather asks for a ruling that the control of privileges on certain subject matters has passed to the Trustee. The "Relief Requested" section of the Privileges Motion states as follows:

> By this Motion, the Trustee respectfully requests that the Court enter an order confirming that, upon the Trustee's appointment, control over any attorney-client privilege, work product protection, and other privileges relating to the assets, liabilities, financial status or administration of the estate passed to the Trustee, and that neither the Debtor nor any other Discovery Recipient shall withhold any documents responsive to the Rule 2004 Subpoenas on the basis of any such privilege or attempt to assert any such privilege.

(Privileges Motion, ¶ 31.) Thus, the Privileges Motion seeks only to confirm that the Trustee controls all of the Debtor's former privileges *on issues related to the recovery of estate assets, the Debtor's financial condition, and the administration of his estate*. The Debtor's purported concern regarding a "blanket waiver" is entirely unfounded.

8. In addition, the Trustee does not, as the Debtor contends, seek control of privileges that *other parties* exclusively own and control. As described in the Privileges Motion, if the other Discovery Recipients claim to hold a common interest or joint defense privilege with the Debtor, the Trustee has gained control over the Debtor's rights with respect to such privilege. However, if another Discovery Recipient holds documents that are legitimately subject to a claim of privilege belonging only to that Discovery Recipient (and not also to the Debtor), their right to assert that privilege is unaffected by the Privileges Motion. The Trustee, of course, reserves his right to later challenge any such privileges—and, in fact, the Trustee finds it hard to believe that another Discovery Recipient could legitimately claim privilege over issues affecting assets of *the Debtor's estate*—but that issue is preserved for another day.

### B. Issue of Trustee's Control Of Privilege Need Not Be Decided on Document-by-Document Basis

9. The Debtor already told this Court in the Romney Declaration submitted on August 11 that it would ***not be possible*** to address privilege issues on a document-by-document basis and, therefore, the Court should address such issues in an omnibus fashion. This is precisely what the Privileges Motion asks the Court to do. Despite having invited the Trustee to file the Privileges Motion, the Debtor now contends it is improper to proceed in this manner. The Court should see the Debtor's gamesmanship for what it is—yet another attempt to delay and obstruct the Trustee's investigation in this case.

10. The Trustee does not dispute that, in a typical litigation, where there are isolated questions regarding the privileged nature of specific documents, it may be more common to litigate privilege issues after a producing party has specifically identified such documents on a privilege log. But this case is unique for important reasons, and nothing prevents the Court from addressing key threshold privilege issues now, at the outset of the Rule 2004 process.

11. First, as the Court has repeatedly recognized, it is imperative that the Trustee's investigation move forward expeditiously. The Debtor filed his case six months ago and has done everything in his power to prevent the Court, the Trustee, and other parties in interest from making meaningful progress. If the Debtor is allowed to prolong the Court's consideration of privilege issues until he produces a privilege log, it will only result in further delay.

12. Second, the parties have already joined issue on the question presented to the Court—*i.e.*, whether the Trustee controls the Debtor's privileges and, if so, to what extent. The Debtor has taken the position that either he retains ***all*** of his privileges or that the balancing test allows him to continue to assert privileges over matters relating to his assets and financial condition. The Trustee, on the other hand, takes the position that the Trustee controls all the

Debtor's privileges on these topics. Accordingly, there is a clear dispute between the parties that the Court can and should resolve at this time.

13. Finally, the Debtor's arguments in his Objection are inconsistent on whether the Court can resolve privilege issues other than on a document-by-document basis. While he initially takes the position that the Court cannot do so, he later invites the Court to issue an order, prior to the production of any documents or privilege log, that "direct[s] the parties how to conduct the [balancing test] analysis to the Debtor's information." (Objection at ¶ 33.)[5] Thus, the Debtor concedes that the issues presented by the motion are properly before the Court.

    C. **Under Balancing Analysis, Trustee Controls All Privileges Relating to Potential Estate Assets, Debtor's Financial Condition, and Estate Administration**

14. The Debtor's meritless process-based objections aside, it is clear that the Debtor has no legitimate objection to the Privileges Motion's substance. Specifically, the law is clear that the Court should apply a "balancing test" and that, under such test, the Trustee obtained control of all privileges of the Debtor relating to estate assets, his financial condition, and the estate's post-petition administration immediately upon the Trustee's appointment. The Debtor has no credible argument to the contrary.

15. The Debtor first suggests, half-heartedly, that "one line of authority" supports the conclusion that a trustee never acquires control over *any* of an individual debtor's privileges. The Debtor, as he did in his limited objection to the Rule 2004 Motions, cites *Gottlieb v.*

---

[5] To be clear, the Debtor's specific proposal regarding the guidance the Court should provide is problematic and not workable. The Debtor suggests, "[f]or example, the Court could direct the recipients of the Subpoenas to withhold documents on the basis of privilege . . . only documents that they believe potentially implicate harm to the Debtor, such as criminal allegations, facts relating to non-dischargeability, or facts that have nothing to do with the Debtor's estate, such as his pending asylum application." (Objection at ¶ 33.) The Debtor's amorphous standard, contrary to any case law regarding the balancing test, would allow the recipients to use their own subjective judgment of what may "implicate harm to the Debtor" or relate to non-dischargeability, to effectively withhold almost any document that the Debtor thinks would be unfavorable to him, including documents related to his efforts to keep assets outside the reach of his creditors.

*Fayerman (In re Ginzburg)*, 517 B.R. 175, 181 (Bankr. C.D. Cal. 2014), in support of this position. But the Debtor fails to acknowledge that this non-binding case (i) is an extreme outlier and (ii) erred in its analysis and conclusions (including due to its misplaced reliance on *Swidler & Berlin v. United States*, 524 U.S. 399 (1998)), for all the reasons set forth in the Privileges Motion. (*See* Privileges Motion at ¶ 52 ("The Supreme Court [in *Swidler*] did not consider when the attorney-client privilege passes to a trustee, or to any other successor in interest. Rather its focus was on an independent counsel's request that a new exception to the attorney-client privilege be created to allow a third-party access to previously privileged information.")).[6]

16.  The Debtor next argues that, to the extent the balancing test governs, the Trustee has misapplied that test. Specifically, the Debtor contends that a "trustee is not entitled to information simply because it concerns the Debtor's finances and financial condition." (Objection, ¶ 25.) The case law, however, holds just the opposite—a trustee necessarily controls the Debtor's privileges over information related to the Debtor's assets and financial condition because that information is central to the Trustee's core function of identifying potential estate assets for the benefit of creditors. *See, e.g.*, *In re Bazemore*, 216 B.R. 1020, 1024 (Bankr. S.D. Ga. 1998), 216 B.R. at 1024 (finding that trustee had control of privilege where it sought documents to determine if estate held cause of action); *Bame*, 251 B.R. at 377 (finding in favor of trustee's request to control privilege of individual debtor when seeking discovery of documents to recover assets); *In re Horvath*, No. 13-34137, 2015 WL 2195060, at *6 (Bankr. N.D. Ohio May 7, 2015) (trustee controlled debtor's privilege regarding potential assets where

---

[6] The Debtor also fails to acknowledge that there is yet a third line of cases holding that **all of the Debtor's privileges** automatically pass to a Trustee. (*See* Privileges Motion at ¶ 38 n.9 ("As noted by the court in *Bame*, . . . [some courts hold] that '*per se* an individuals' attorney-client privileged communications always transfer to the trustee.'" (citing *In re Bame*, 251 B.R. 367, 376-77 (Bankr. D. Minn. 2000))).

"the sole purpose of the Trustee's inquiry is to augment her ability to administer the estate with respect to those assets and to potentially increase the value of Debtor's estate to his creditors").

17. The Debtor's primary concern appears to be that the Trustee could get access to privileged information relating to the Debtor's potential criminal liability or to pending non-dischargeability actions. As discussed above, however, the Trustee is only seeking discovery related to the Debtor's assets, financial condition, and the administration of his estate; the Trustee is not seeking documents concerning unrelated allegations of criminal liability, such as allegations of false imprisonment or rape, or other unrelated legal issues, such as the Debtor's pending asylum application. To be clear, the Debtor has not articulated any basis—and there is none—for him to withhold documents related to the location of his assets, including his potential real or personal property assets, such as the *Lady May* or his New York apartment, and his ownership and control over various businesses and legal entities. The law is clear that documents related to these topics must be produced.[7]

18. The Debtor contends that certain of the Trustee's document requests (e.g., Request No. 17, which asks for documents relating to legal disputes involving the Debtor) can potentially be read to call for the production of privileged documents implicating his criminal liability on unrelated issues, such as the aforementioned false imprisonment and rape allegations. To the extent Request No. 17 or any other request would call for the production of such

---

[7] The Debtor's apparent concern that the Trustee may use documents obtained in discovery against the Debtor in pending non-dischargeability actions is also unfounded for the separate reason that the Debtor himself has **taken the position that the Trustee does not have standing to be heard in a non-dischargeability action under section 523 of the Bankruptcy Code**. Accordingly, by the Debtor's admission, there should be no concern with the Trustee obtaining access to documents related to pending non-dischargeability actions.

documents, the Trustee is willing to revise the language of his proposed order to state that the Debtor is not, at this time, being asked to pass control of such privileges to the Trustee.[8]

19.     Finally, the Debtor does not appear to take issue with the Trustee's position that all privileged post-petition documents relating to the administration of this case prior to the Trustee's appointment automatically pass to the Trustee, without regard to the balancing test. (*See* Privileges Motion at ¶ 49).  Accordingly, all such documents, including specifically all documents in the possession of the Debtor's former bankruptcy counsel, Brown Rudnick LLP, should be provided to the Trustee in response to the Rule 2004 Motions.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order confirming that, upon the Trustee's appointment, control over any attorney-client privilege, work product protection, and other privileges relating to the assets, liabilities, financial status or administration of the estate passed to the Trustee, and that neither the Debtor nor any other Discovery Recipient shall withhold any documents responsive to the Rule 2004 Subpoenas on the basis of any such privilege or attempt to assert any such privilege.

Dated:    August 29, 2022               LUC A. DESPINS,
          New Haven, Connecticut        CHAPTER 11 TRUSTEE

                                        By: */s/ Patrick R. Linsey*
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            plinsey@npmlaw.com

                                            *and*

---

[8] To be clear, the Trustee reserves all rights to challenge any privilege assertions based on the argument that a withheld document relates to potential criminal liability, including the right to argue that the crime-fraud exception to the attorney-client privilege prevents the Debtor from asserting such privilege.

Nicholas A. Bassett *(pro hac vice* pending)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(pro hac vice* pending)
Douglass Barron (*pro hac vice* pending)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                           :

In re:                                       :        Chapter 11

HO WAN KWOK,              :        Case No. 22-50073 (JAM)

        Debtor.                :

-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2022, the foregoing Reply was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1]  Parties may access this filing through the Court's CM/ECF system.

Dated:    August 29, 2022                LUC A. DESPINS,
            New Haven, Connecticut      CHAPTER 11 TRUSTEE

                                                    By: */s/ Patrick R. Linsey*
                                                        Patrick R. Linsey (ct29437)
                                                        NEUBERT, PEPE & MONTEITH, P.C.
                                                       195 Church Street, 13th Floor
                                                       New Haven, Connecticut 06510
                                                       (203) 781-2847
                                                       plinsey@npmlaw.com

                                                            *and*

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Nicholas A. Bassett *(pro hac vice* pending)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

  *and*

Avram E. Luft *(pro hac vice* pending)
Douglass Barron (*pro hac vice* pending)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2