UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK,                                        :    Case No. 22-50073
                                                    :
        Debtor.                                     :
                                                    :

---

**THIRD SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS
OF LUC A. DESPINS**

I, Luc A. Despins, declare the following is true to the best of my knowledge, information, and belief:

1. I submit this declaration (the "Third Supplemental Declaration") to supplement (a) the declaration submitted to the Court on July 7, 2022 [Docket No. 515-1] (the "Initial Declaration")[1] as part of the U.S. Trustee's request to appoint me as chapter 11 trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Debtor") pending before this Court (the "Chapter 11 Case"); (b) the declaration submitted to the Court on July 12, 2022 [Docket No. 538] (the "First Supplemental Declaration"); and (c) the declaration submitted to the Court on July 28, 2022 [Docket No. 633] (the "Second Supplemental Declaration" and, together with the Initial Declaration and the First Supplemental Declaration, the "Prior Declarations"), and in further support of my application to approve the employment of Paul Hastings as counsel to the Trustee (the "Application"). I hereby supplement the Prior Declarations with respect to both my appointment as chapter 11 trustee and the retention of Paul Hastings, as follows:

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Initial Declaration.

-2-

2. I attached to the Initial Declaration a schedule of parties in interest (the "Initial Parties in Interest List") that was used by Paul Hastings as part of its review procedures to enable it to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and any local rules of the Court regarding the service of a trustee and the employment of professionals under the Bankruptcy Code (the "Review Procedures").

3. Subsequent to my appointment as Trustee, and as part of the process of my investigation into the assets and financial affairs of the Debtor, I have become aware of a number of additional parties that I believe may be considered parties in interest in connection with the Chapter 11 Case. I attach hereto, as Schedule 1, an updated list of parties in interest that is supplemented to include these additional parties (the "First Revised Parties in Interest List"). I have also attached, as Schedule 2 hereto, a redline comparison document showing the newly added parties (the "Recently Added Parties in Interest") as compared to the parties on the Initial Parties in Interest List (the "Previously Known Parties in Interest"). I have asked Paul Hastings Personnel to apply the Review Procedures, as applicable, to the Recently Added Parties in Interest.

4. Based on the results of the Review Procedures , I believe neither Paul Hastings nor any of its attorneys, including me, has any connections (as that term is used in Bankruptcy Rule 2014), with any of the Recently Added Parties in Interest, except:

    a. Williams & Connolly LLP ("Williams & Connolly") assisted the Debtor in connection with the formation of Genever Holdings Corporation (BVI) and is a target of the Trustee's investigation of professional firms that have represented the Debtor and entities linked to the Debtor. Williams & Connolly is a current client of Paul Hastings in connection with Unrelated

    Matters related to employment law advice. I, in my capacity as Trustee, am able to be adverse to Williams & Connolly and to be the named plaintiff, as chapter 11 Trustee, in any lawsuit against Williams & Connolly. All matters related to Williams & Connolly will be handled by my local and conflicts counsel, Neubert, Pepe & Monteith, P.C. ("NPM").

b. I have received reports that the Debtor (or entities affiliated with the Debtor and/or his family members) may have done business with Standard Chartered Bank, Citibank, Chase Bank, and HSBC (the "Banks"). The Banks therefore have become targets in the Trustee's investigation of the Debtor's assets and financial affairs because they may be in possession of documents relevant to such investigation. Paul Hastings represents the Banks in various Unrelated Matters. (Paul Hastings, like other large law firms, represents numerous large financial institutions such as the Banks as a matter of course). I, in my capacity as Trustee, am able to be adverse to the Banks and to be the named plaintiff, as chapter 11 Trustee, in any lawsuit against the Banks. All matters related to the Banks will be handled by NPM.

c. The law firm of Elliott Kwok Levine & Jaroslaw LLP ("EKLJ"), has represented Lamp Capital LLC ("Lamp"), the entity that funded the retainer paid to the Debtor's former bankruptcy counsel, in its capacity as a non-party involved in *Pacific Alliance Asia Opportunity Fund L.P. v. Ho Wan Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.) (J. Ostrager). As such, EKLJ is a target of the Trustee's investigation of professional firms

that have represented the Debtor and entities linked to the Debtor. A partner at EKLJ, though not the partner representing Lamp, currently represents Paul Hastings in an Unrelated Matter. I, in my capacity as Trustee, am able to be adverse to EKLJ and to be the named plaintiff, as chapter 11 Trustee, in any lawsuit against EKLJ. All matters related to EKLJ will be handled by NPM.

5. In addition, subject to what was previously disclosed in the Prior Declarations, I continue to believe that neither Paul Hastings nor any of its attorneys, including me, has any connections (as that term is used in Bankruptcy Rule 2014), with any of the Previously Known Parties in Interest, except:

    a. Counsel Press Inc. ("Counsel Press") was listed by the Debtor on his SOFA as a creditor that received a payment within the 90 days preceding the commencement of the Chapter 11 Case. Shortly before the filing of this Third Supplemental Declaration, an affiliate of Counsel Press Inc. became a client of Paul Hastings in connection with an Unrelated Matter. I, in my capacity as Trustee, am able to be adverse to Counsel Press and to be the named plaintiff, as chapter 11 Trustee, in any lawsuit against Counsel Press. All matters related to Counsel Press will be handled by NPM.

6. I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed August 29, 2022, at New York, NY.

_____
Luc A. Despins

-4-