**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
: 
In re:                                          :    Chapter 11
:
HO WAN KWOK,                       :    Case No. 22-50073 (JAM)
:
      Debtor.                              :
:
------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING
RETENTION AND EMPLOYMENT OF HARNEY WESTWOOD AND RIEGELS LP,
AS BRITISH VIRGIN ISLANDS COUNSEL TO THE CHAPTER 11 TRUSTEE**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of Connecticut (the "Court"), respectfully requests (the "Application") that the Court authorize his employment of the law firm of Harney Westwood and Riegels ("Harneys") as his British Virgin Islands ("BVI") counsel with respect to this Chapter 11 Case. In support of this Application, the Chapter 11 Trustee states the following:

## RELIEF REQUESTED

1. By this Application, the Chapter 11 Trustee seeks entry of an order, substantially in the form of the proposed order filed herewith (the "Proposed Order"), authorizing and approving the retention and employment of Harneys as the Chapter 11 Trustee's BVI counsel effective as of July 31, 2022.

2. In support of this Application, the Chapter 11 Trustee submits the *Declaration of Andrew Thorp in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Harneys as BVI Counsel to the Chapter 11 Trustee* (the "Thorp Declaration"), attached as **Exhibit A**, which is incorporated herein by reference.

## JURISDICTION, VENUE, AND STATUTORY BASES

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

6. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

8. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Chapter 11 Trustee [Docket No. 514].

9. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case [Docket No. 523].

10. On August 2, 2022, the Court entered orders authorizing and approving (a) the retention of Paul Hastings LLP ("Paul Hastings") as lead counsel to the Chapter 11 Trustee [Docket No. 668]; and (b) the retention of Neubert, Pepe, & Montieth, P.C. ("NPM") as local and conflicts counsel to the Chapter 11 Trustee [Docket No. 669].

## THE FIRM'S QUALIFICATIONS

11. Harneys is a global offshore law firm that maintains an office in the British Virgin Islands. Harneys was founded in 1960 and has a widely diversified practice including dispute resolution, corporate and commercial law, private wealth, funds, banking and finance and regulatory and tax. The BVI Dispute Resolution Department currently employs 21 lawyers, who are assisted by six paralegals.

12. The Chapter 11 Trustee selected Harneys as his BVI counsel, because of Harney's expertise in insolvency, restructuring, fraud, arbitration, bankruptcy, investigations, corporate crimes and fraud, corporate and commercial litigation matters. Harneys is well suited for the type of representation required by the Chapter 11 Trustee. Harneys has substantial resources and expertise in the areas of the law that may arise in this case.

13.     Harneys has specific and relevant experience in the representation of liquidators and trustees including trustees in bankruptcy proceedings, and has provided advice on complex and litigious (and potentially litigious) issues that arise in the course of the administration of trusts and regularly appear before the British Virgin Islands courts. Harneys has experience with liaising and working cooperatively with overseas lead counsel by assisting with compliance with BVI rules and procedures, attending to routine and administrative matters as they arise, and otherwise providing services as may be required by lead counsel and in the best interests of its clients, all in a manner that promotes efficiency and avoids any unnecessary duplication of efforts by counsel.

14.     Among other things, Harneys will assist with the Chapter 11 Trustee's efforts to exercise, in accordance with the Court's *Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 1505, (A) Confirming that Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* [Docket No. 717] (the "Corporate Governance Order"), corporate control over Genever Holdings Corporation ("Genever (BVI)") (a BVI entity), which, through its U.S. subsidiary, Genever Holdings LLC, wholly owns an apartment at the Sherry-Netherland building in New York, New York (the "Sherry-Netherland Apartment"). In this effort, Harneys has already begun, and will continue to, advise the Chapter 11 Trustee with respect to, among other things, the transfer of the Debtor's shares in Genever (BVI) to the Chapter 11 Trustee and related issues, as well as taking all necessary steps related to Genever (BVI) before BVI courts.

## THE ANTICIPATED SERVICES

15. The Chapter 11 Trustee anticipates that Harneys will render general legal services, as BVI counsel, as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, tax, and other matters.

16. The Chapter 11 Trustee requests to employ Harneys to render general legal services as BVI counsel with respect to this Chapter 11 Case.

17. To avoid any duplication of effort and to provide services to the Chapter 11 Trustee in the most efficient and cost-effective manner, Harneys will coordinate with Paul Hastings and NPM regarding their respective responsibilities in the Chapter 11 Case.

### COMPENSATION OF PROFESSIONALS

18. Harneys intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case. Harneys will charge the Chapter 11 Trustee for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in this Chapter 11 Case.

19. At present, the 2022 hourly rates of Harneys are $150.00 - $275.00 for paralegal work; $400.00 - $800.00 for associates and counsel; and up to $1050.00 for partners of the firm. Harney's hourly rates are subject to periodic adjustments to reflect economic and other conditions.[1]

---

[1] Harneys hourly rates are typically revised at the end of each calendar year to reflect experience, seniority, and standing. These step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, Harneys will provide ten business days' notice to the Debtor, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to the Committee and any other official committee, before implementing periodic increases, and shall file any such notice with the Court.

5

It is anticipated that Harneys services will primarily be provided by Andrew Thorp, whose hourly rate is $1050.00, Olga Osadchaya whose hourly rate is $800 and Gerrard Tin, whose hourly rate is $475.00.

20.     Harneys will also bill for out-of-pocket expenses made on behalf of the Chapter 11 Trustee, including photocopying, filing fees and international couriers, in accordance with practices in this District.

## **HARNEYS IS DISINTERESTED**

21.     To the best of the Chapter 11 Trustee's knowledge in reliance upon the Thorp Declaration, and except as disclosed therein, Harneys does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

22.     More specifically, upon such basis, the Chapter 11 Trustee believes that: (a) Harneys has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) neither Harneys nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Chapter 11 Trustee believes that Harneys is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

23. Based on the Thorp Declaration, the Chapter 11 Trustee believes that Harneys does not represent any adverse interest to unsecured creditors in connection with these cases.

**BASIS FOR THE RELIEF REQUESTED,
NOTICE, AND NO PRIOR REQUEST FOR RELIEF REQUESTED HEREBY**

24. The Chapter 11 Trustee requests to retain and employ Harneys as his attorneys, serving in capacity as BVI counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

25. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

26. Bankruptcy Rule 2014(a) provides that an application for retention include:

specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

27. The Chapter 11 Trustee requires the services of BVI counsel to exercise his responsibilities. The BVI counsel will coordinate with and assist the Chapter 11 Trustee and its proposed lead counsel, Paul Hastings and local counsel, Patrick R. Linsey, in complying with BVI rules and procedures, attending to routine and administrative matters as they arise, and otherwise providing services as may be required by lead counsel and in the best interests of its clients. The Chapter 11 Trustee's BVI counsel will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

28.     Accordingly, the employment of Harneys as the Chapter 11 Trustee's BVI counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

29.     The Chapter 11 Trustee submits that Harneys' hourly rates are reasonable, comparable to Harneys' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals who offer the same services. This is especially true under the circumstances here where the Debtor' estate currently has no assets to pay professional fees. As a result, Harneys is being retained, for all practical purposes, on a contingency basis—i.e., its compensation will depend on whether assets are eventually brought into the Debtor's estate (which, in turn, will depend on the extent to which Harneys and the Trustee are successful in recovering assets for the benefit of the Debtor's estate and its creditors).

30.     Based on my experience, a typical contingency fee arrangement where no estate assets are available to fund the compensation of counsel to the trustee would far exceed the hourly rates charged by Harneys (which Harneys would be charging here) for engagements where compensation is not contingent on assets being brought into the estate.

31.     Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise." Accordingly, the Chapter 11 Trustee requests authority to retain and employ Harneys effective July 31, 2022, which was the date that the Chapter 11 Trustee selected Harneys as BVI counsel and on which Harneys began providing services to the Chapter 11 Trustee.

32. Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

33. No previous application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Chapter 11 Trustee's employment of Harneys, as his BVI counsel and order such other and further relief as the Court deems just and proper.

Dated:   August 30, 2022

Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok

*/s/ Luc A. Despins*
Luc A. Despins