**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
--------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK,                            :    Case No. 22-50073 (JAM)
                                        :
            Debtor.                     :
                                        :
--------------------------------------------------------x
```

**PROPOSED ORDER GRANTING
APPLICATION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING
RETENTION AND EMPLOYMENT OF HARNEY WESTWOOD AND RIEGELS LP,
AS BRITISH VIRGIN ISLANDS COUNSEL TO THE CHAPTER 11 TRUSTEE**

Upon the Application of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Harney Westwood Riegels ("**Harneys**") as British Virgin Islands ("**BVI**") counsel to the Chapter 11 Trustee, effective as of August **[.]**, 2022 (the "Application"), and upon the Declaration of Andrew Thorp dated August **[.]**, 2022 (the "Thorp Declaration"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Thorp Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District

2

Court for the District of Connecticut (as amended); and consideration of the Application and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i)

the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and

all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Thorp

Declaration, and upon the record of any hearing on the Application before this Court establish just

cause for the relief granted herein, (iii) Harneys is a "disinterested person," as defined in section

101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and

(iv) Harneys does not hold or represent an interest adverse to the Debtor's estate; and due and

sufficient notice of the Application having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had before

this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Chapter 11 Trustee is authorized to retain and employ Harneys as his BVI

attorneys effective as of July 31, 2022 on the terms set forth in the Application and the Thorp

Declaration.

3.      Harneys is authorized to act as the Chapter 11 Trustee's BVI counsel and to perform

those services described in the Application.

4.      The Debtor's estate shall be responsible for Harneys compensation and

reimbursement of expenses in the Chapter 11 Case.

5.      The allowance of any compensation to be paid to Harneys shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.      Allowance of any compensation for Harneys shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7.      Harneys shall provide no less than ten business days' notice to the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8.      The Chapter 11 Trustee and Harneys are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10.      To the extent the Application and the Thorp Declaration are inconsistent with this Order, the terms of this Order shall govern.

11.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.