**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK,                            :    Case No. 22-50073 (JAM)
                                        :
            Debtor.                     :
                                        :
-------------------------------------------------------x
```

**NOTICE OF REVISED PROPOSED ORDER (A) PROVIDING THAT CONTROL OF ANY ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS PASSED TO TRUSTEE UPON APPOINTMENT, (B) DIRECTING THAT DEBTOR AND OTHER EXAMINEES NOT WITHHOLD DOCUMENTS ON ACCOUNT OF SUCH PRIVILEGES, AND (C) GRANTING RELATED RELIEF**

PLEASE TAKE NOTICE that Mr. Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby

submits a revised proposed order, attached as Exhibit A hereto (the "Revised Proposed Order"),

in support of his motion [ECF No. 777] for an order (a) confirming that the Trustee owns and

controls the attorney-client privilege, work product protection and other privileges on issues

related to the Debtor's assets and financial affairs and the administration of his estate, (b)

directing that the Discovery Recipients not withhold documents from the Trustee on account of

any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such

privileges that are properly owned by the Trustee and (c) granting related relief.   The Trustee

also attaches to this notice (i) as Exhibit B, a blackline showing changes between the initial

proposed order and the Revised Proposed Order, (ii) as Exhibit C, a blackline showing changes

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

between the Revised Proposed Order and proposed changes to the Revised Proposed Order

requested by counsel to the Debtor, and (iii) as Exhibit D, the Trustee's comments to the

Debtor's proposed changes as reflected in Exhibit C.

Dated:      September 6, 2022               LUC A. DESPINS,
            New Haven, Connecticut          CHAPTER 11 TRUSTEE

                                            By:    /s/Douglas S. Skalka
                                                   Douglas S. Skalka (ct00616)
                                                   Patrick R. Linsey (ct29437)
                                                   NEUBERT, PEPE & MONTEITH, P.C.
                                                   195 Church Street, 13th Floor
                                                   New Haven, Connecticut 06510
                                                   (203) 821-2000
                                                   dskalka@npmlaw.com
                                                   plinsey@npmlaw.com

                                                       and

                                                   Nicholas A. Bassett (pro hac vice)
                                                   PAUL HASTINGS LLP
                                                   2050 M Street NW
                                                   Washington, D.C., 20036
                                                   (202) 551-1902
                                                   nicholasbassett@paulhastings.com

                                                       and

                                                   Avram E. Luft (pro hac vice)
                                                   Douglass Barron (pro hac vice)
                                                   PAUL HASTINGS LLP
                                                   200 Park Avenue
                                                   New York, New York 10166
                                                   (212) 318-6079
                                                   aviluft@paulhastings.com

                                                   Counsel for the Chapter 11 Trustee

# **Exhibit A**

Trustee's Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                      :
In re:                    :     Chapter 11
                      :
HO WAN KWOK,        :     Case No. 22-50073 (JAM)
                      :
           Debtor.      :
                      :
-------------------------------------------------------x

**ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

1

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from

the United States District Court for the District of Connecticut (as amended); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court having found that the relief requested in the Motion, as modified herein, is in the best

interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice need be given; and upon all of the proceedings had before this Court; and any

objections to the relief requested herein having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Trustee has exclusive control of any attorney-client privilege, work product

protection, or any related privilege or protection that could otherwise be asserted by the Debtor

or his counsel under any applicable law (including, without limitation, any interests of the Debtor

in any common interest or joint defense privilege alleged to be held with other parties) (together,

the "Trustee Privileges") concerning (i) assets (including actual or potential causes of action) that

(A) are or were held by the Debtor, (B) are or were held by others that the Trustee is

investigating pursuant to the Rule 2004 Subpoenas for purposes of determining whether they

hold or may have information about assets in which the Debtor holds or may have held an

interest, or (C) otherwise relate to, or could conceivably be brought into, the Debtor's estate,[2] (ii)

---

[2]      Forms of the Rule 2004 Subpoenas, including document requests, were attached to the Trustee's 2004 Motions as follows:  as to the Debtor 2004 Motion, Exhibit B; as to the Professionals 2004 Motion, Exhibits C-1 through C-14; and as to the Third-Party Motion, Exhibits C-1 through C-19.  They are incorporated herein by reference.

the Debtor's financial condition (including, without limitation, liabilities of the estate), or (iii)

activities related to the administration of the estate (including, without limitation, the preparation

of schedules and the preparation of the *Declaration of Mr. Ho Wan Kwok in Support of the*

*Chapter 11 Case and Certain Motions*) during the period between the petition date and the

issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively,

the "Investigation Topics").

3.          Neither the Debtor nor his counsel (based on instructions from the Debtor or any

person acting on behalf of the Debtor), nor any other examinee, is entitled to withhold any of the

documents and information requested in the attachments to the Rule 2004 subpoenas on the basis

of any Trustee Privileges concerning the Investigation Topics.

4.          Nothing herein shall prevent the Debtor from asserting any and all privileges

concerning legal matters unrelated to the Investigation Topics, such as unrelated criminal

allegations (*e.g.*, allegations related to rape or false imprisonment that have been made against

the Debtor) or the Debtor's asylum application (other than documents related to the litigation

styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.), which does not relate

to the substance of the asylum application).  The Trustee and the Debtor reserve all rights with

respect to any privileges claimed over such other matters.

5.          To the extent the Trustee receives Documents or information from the Debtor or

his counsel or other advisors relating to facts, allegations, or issues arising in adversary

proceedings against the Debtor asserting non-dischargeability, the Trustee will (i) not share such

Documents and information with the plaintiffs in such adversary proceedings, and (ii) keep such

Documents and information confidential as required by any confidentiality stipulation or

protective order to be entered in this case.

6.      For the avoidance of doubt, the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case.

7.      Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

8.      Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor ), nor any other examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

9.      Nothing herein shall be construed to preclude the Trustee or the Debtor, including through their respective counsel, from disputing the application of this Order to particular Documents or information.

10.     The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit B**

Blackline of Trustee's Revised Proposed Order to
Original Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x---
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK,                                          :    Case No. 22-50073 (JAM)
                                                      :
            Debtor.                                   :
                                                      :
------------------------------------------------------x---

**ORDER (A) PROVIDING THAT REGARDING CONTROL OF ANY**
**ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER**
**PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS PASSED TO**
**TRUSTEE UPON APPOINTMENT, (B) DIRECTING THAT DEBTOR AND OTHER**
**EXAMINEES NOT WITHHOLD DOCUMENTS ON ACCOUNT OF SUCH**
**PRIVILEGES, AND**
**(C) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the

United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for

examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the

attorney-client privilege, work product protection and other privileges on issues related to the

Debtor's assets and financial affairs and the administration of his estate, (b) directing that the

Discovery Recipients not withhold documents from the Trustee on account of any such privileges

in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are

properly owned by the Trustee and (c) granting related relief, all as more fully set forth in the

---
[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

1

Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted ~~as~~to the extent set forth herein.

2.      ~~Control~~The Trustee has exclusive control of any attorney-client privilege, work product protection, or any related privilege or protection~~, arising~~ that could otherwise be asserted by the Debtor or his counsel under any applicable law~~, concerning the documents and information requested in the attachments~~ (including, without limitation, any interests of the Debtor in any common interest or joint defense privilege alleged to be held with other parties) (together, the "Trustee Privileges") concerning (i) assets (including actual or potential causes of action) that (A) are or were held by the Debtor, (B) are or were held by others that the Trustee is investigating pursuant to the Rule 2004 Subpoenas ~~(the "Requested Materials") passed to the Trustee~~for purposes of determining whether they hold or may have information about assets in which the Debtor holds or may have held an interest, or (C) otherwise relate to, or could

conceivably be brought into, the Debtor's estate,[2] (ii) the Debtor's financial condition (including, without limitation, liabilities of the estate), or (iii) activities related to the administration of the estate (including, without limitation, the preparation of schedules and the preparation of the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions*) during the period between the petition date and the issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively, the "Investigation Topics").

3.      Neither the Debtor nor his counsel (based on instructions from the Debtor or ~~otherwise~~any person acting on behalf of the Debtor), nor any other examinee, is entitled to withhold any of the ~~Requested Materials~~documents and information requested in the attachments to the Rule 2004 subpoenas on the basis of ~~the attorney-client privilege, work product doctrine, or any related privilege or protection~~any Trustee Privileges concerning the Investigation Topics.

4.      Nothing herein shall prevent the Debtor from asserting any and all privileges concerning legal matters unrelated to the Investigation Topics, such as unrelated criminal allegations (*e.g.*, allegations related to rape or false imprisonment that have been made against the Debtor) or the Debtor's asylum application (other than documents related to the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.), which does not relate to the substance of the asylum application).  The Trustee and the Debtor reserve all rights with respect to any privileges claimed over such other matters.

5.      To the extent the Trustee receives Documents or information from the Debtor or his counsel or other advisors relating to facts, allegations, or issues arising in adversary proceedings against the Debtor asserting non-dischargeability, the Trustee will (i) not share such

---

[2]   Forms of the Rule 2004 Subpoenas, including document requests, were attached to the Trustee's 2004 Motions as follows:  as to the Debtor 2004 Motion, Exhibit B; as to the Professionals 2004 Motion, Exhibits C-1 through C-14; and as to the Third-Party Motion, Exhibits C-1 through C-19.  They are incorporated herein by reference.

Documents and information with the plaintiffs in such adversary proceedings, and (ii) keep such Documents and information confidential as required by any confidentiality stipulation or protective order to be entered in this case.

6.     For the avoidance of doubt, the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case.

7.     Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

8.     4. Neither the Debtor nor his counsel (based on instructions from the Debtor or otherwise any person acting on behalf of the Debtor ), nor any other examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

9.     Nothing herein shall be construed to preclude the Trustee or the Debtor, including through their respective counsel, from disputing the application of this Order to particular Documents or information.

10.     5. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11.     6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13.

4

# **Exhibit C**

Blackline Showing Debtor's Proposed Modifications to
Trustee's Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x---
                        :
In re:                  :    Chapter 11
                        :
HO WAN KWOK,       :    Case No. 22-50073 (JAM)
                        :
        Debtor.      :
                        :
------------------------------------------------------x---

**ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE, WORK
PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004
SUBPOENAED DOCUMENTS**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the

United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for

examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the

attorney-client privilege, work product protection and other privileges on issues related to the

Debtor's assets and financial affairs and the administration of his estate, (b) directing that the

Discovery Recipients not withhold ~~documents~~Documents from the Trustee on account of any

such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such

privileges that are properly owned by the Trustee and (c) granting related relief, all as more fully

set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

1

*Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Motion is granted to the extent, in part, as set forth herein.

2.    The Trustee has exclusive control of any attorney-client privilege, and work product protection, or any related privilege or protection that could otherwise be asserted by the Debtor or his counsel under any applicable law (including, without limitation, any interests of the Debtor in any common interest or joint defense privilege alleged to be held with other parties) (together, the "Trustee Privileges") concerning (i)with respect to Documents that (i) are necessary to identify the Debtor's bankruptcy estate's assets (including actual or potential causes of action against third parties) that (A) are or were held by the Debtor, (B) are or were held by others that the Trustee is investigating pursuant to the Rule 2004 Subpoenas for purposes of determining whether they hold or may have information about assets in which the Debtor holds or may have held an interest, or (C) otherwise relate to, or could conceivably be brought into, the

~~Debtor's estate,~~[2] (ii) are necessary to identify the Debtor's ~~financial condition (including, without limitation,~~estate's liabilities ~~of the estate)~~, or (iii) ~~activities related~~relate solely to the administration of the estate (including, without limitation, the preparation of schedules ~~and the preparation of the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions*~~) during the period between the petition date and the issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively, the "Investigation Topics").

3.      ~~Neither~~Subject to paragraph 4, neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor), nor any other Rule 2004 examinee, is entitled to withhold any ~~of the documents and information~~Document requested in the attachments to the Rule 2004 subpoenas solely on the basis of any Trustee Privileges concerning the Investigation Topics.

4.      ~~Nothing~~Notwithstanding anything herein to the contrary, nothing herein shall prevent the Debtor or his counsel from asserting any and all privileges concerning ~~legal~~other matters ~~unrelated to the Investigation Topics~~, such as ~~unrelated~~criminal allegations (~~*e.g.*, allegations related to rape or false imprisonment that have been made against the Debtor) or~~, the Debtor's asylum application (~~other than documents related to~~except as is necessary for the Trustee to assess the merits of the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.), which does not relate to the substance of the asylum application), or any matters that concern dischargeability, including, but not limited to, allegations involving the Securities and Exchange Commission's investigation related to GTV Media Group, Inc.,

---

[2]    ~~Forms of the~~The Rule 2004 Subpoenas~~, including document requests, were~~ are attached ~~to the Trustee's 2004 Motions as follows:  as to the Debtor 2004 Motion, Exhibit B; as to the Professionals 2004 Motion, Exhibits C-1 through C-14; and as to the Third-Party Motion, Exhibits C-1 through C-19.  They are incorporated herein by reference~~hereto as Exhibit ▮.

G-Coins and/or G-Dollars.  The Trustee and the Debtor reserve all rights with respect to any privileges claimed over such other matters.

~~5.      To the extent the Trustee receives Documents or information from the Debtor or his counsel or other advisors relating to facts, allegations, or issues arising in adversary proceedings against the Debtor asserting non-dischargeability, the Trustee will (i) not share such Documents and information with the plaintiffs in such adversary proceedings, and (ii) keep such Documents and information confidential as required by any confidentiality stipulation or protective order to be entered in this case.~~

~~6.      For the avoidance of doubt, the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case.~~

5.      ~~7.~~ Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

6.      ~~8.~~ Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor ), nor any other Rule 2004 examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      Nothing herein shall be construed to impact, one way or another, the Debtor or the Debtor's counsel's rights, whatever they may be, to assert whatever privileges the Debtor may have under the laws of the United Kingdom in the litigation styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and

Wales Commercial Court), or in any other litigations outside of the United States that are governed by foreign law.

9.  Nothing herein shall be construed to preclude the Trustee, the Debtor or the Debtor, including through their respective's counsel, from disputing the application of this Order to any particular Documents or informationDocument.

10.  The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.  Nothing herein shall be construed as a waiver by the Debtor of any privilege or protection.

11.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.  12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

ACTIVE/83201.1/IJG/10559924v1ACTIVE/83201.1/IJG/10559924v1

# **Exhibit D**

Trustee's Comments to Debtor's Proposed Modifications to
Revised Proposed Order



*Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent in part, as set forth herein.

2. The Trustee has exclusive control of any attorney-client privilege, and work product protection, or any related privilege or protection that could otherwise be asserted by the Debtor or his counsel under any applicable law (including, without limitation, any interests of the Debtor in any common interest or joint defense privilege alleged to be held with other parties) (together, the "Trustee Privileges") concerning (i)with respect to Documents that (i) are necessary to identify the Debtor's bankruptcy estate's assets (including actual or potential causes of action against third parties) that (A) are or were held by the Debtor, (B) are or were held by others that the Trustee is investigating pursuant to the Rule 2004 Subpoenas for purposes of determining whether they hold or may have information about assets in which the Debtor holds or may have held an interest, or (C) otherwise relate to, or could conceivably be brought into, the Debtor's estate,² (ii) are necessary to identify the Debtor's financial condition (including, without limitation, estate's liabilities of the estate), or (iii) activities relatedrelate solely to the

2



administration of the estate (including, without limitation, the preparation of schedules ~~and the preparation of the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions*~~) during the period between the petition date and the issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively, the "Investigation Topics").

3.    ~~Neither~~Subject to paragraph 4, neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor), nor any other Rule 2004 examinee, is entitled to withhold any ~~of the documents and information~~Document requested in the attachments to the Rule 2004 subpoenas solely on the basis of any Trustee Privileges concerning the Investigation Topics.

4.    ~~Nothing~~Notwithstanding anything herein to the contrary, nothing herein shall prevent the Debtor or his counsel from asserting any and all privileges concerning ~~legal~~other matters ~~unrelated to the Investigation Topics~~, such as ~~unrelated~~criminal allegations ~~(e.g., allegations related to rape or false imprisonment that have been made against the Debtor)~~ or the Debtor's asylum application ~~(other than documents related to~~except as is necessary for the Trustee to assess the merits of the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.), which does not relate to the substance of the asylum application), or any matters that concern dischargeability, including, but not limited to, allegations involving the Securities and Exchange Commission's investigation related to GTV Media Group, Inc., G-Coins and/or G-Dollars. The Trustee and the Debtor reserve all rights with respect to any privileges claimed over such other matters.

~~5.    To the extent the Trustee receives Documents or information from the Debtor or his counsel or other advisors relating to facts, allegations, or issues arising in adversary~~

3

Debtor has not contested that Trustee has control of all privileges related to post-petition administration of estate, which includes preparation of Debtor's declaration.

The words "Rule 2004" before "examinee" are too limiting; Trustee has control of privileges in all aspects of this case.

Order applies to Documents **and** information.

The word "solely" incorrectly suggests that Debtor may partially assert one or more Trustee Privileges.

Debtor, not his counsel, holds and is entitled to assert privileges.

Debtor has not identified any criminal allegations related to the Topics covered by the Trustee Privileges (e.g., assets, financial condition or estate administration) and is not entitled to withhold documents related to such topics.

Debtor is not entitled to determine what is "necessary" for Trustee to assess *Clark Hill* litigation, which is an asset of estate.

A new paragraph has been added to Trustee's revised proposed order addressing Debtor's concerns related to non-dischargeability actions (documents will be kept confidential). Trustee needs documents related to claims against estate.



proceedings against the Debtor asserting non-dischargeability, the Trustee will (i) not share such Documents and information with the plaintiffs in such adversary proceedings, and (ii) keep such Documents and information confidential as required by any confidentiality stipulation or protective order to be entered in this case.

6.    For the avoidance of doubt, the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case.

5.    7. Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

6.    8. Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor ), nor any other Rule 2004 examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

7.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.    Nothing herein shall be construed to impact, one way or another, the Debtor or the Debtor's counsel's rights, whatever they may be, to assert whatever privileges the Debtor may have under the laws of the United Kingdom in the litigation styled *Kwok Ho Wan v. UBS AG,* Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court), or in any other litigations outside of the United States that are governed by foreign law.

9.    Nothing herein shall be construed to preclude the Trustee, the Debtor or the Debtor, including through their respective's counsel, from disputing the application of this Order to any particular Documents or informationDocument.

4

Debtor has not contested that Trustee has control of all privileges related to post-petition administration of estate.

The words "Rule 2004" before "examinee" are too limiting; no examinee should be permitted to interfere.

See note on first page.  Trustee controls privileges arising under any and all applicable laws.

Again, order applies to Documents and information.  Also, Debtor, not his counsel, holds privileges.



10.    ~~The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.~~  Nothing herein shall be construed as a waiver by the Debtor of any privilege or protection.

~~11.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.~~

11.    ~~12.~~  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

5

Trustee agrees that no "waiver" is occurring by operation of this order; for clarity, however, once Trustee controls privilege, Trustee is entitled to decide whether to waive such privilege.

[Note:  This line has not been deleted but rather was moved to a different paragraph on previous page.]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

———————————————————————x
                                                  :
In re:                                            :          CHAPTER 11
                                                  :
HO WAN KWOK,                                       :          CASE NO. 22-50073 (JAM)
                                                  :
              Debtor.                             :
———————————————————————x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2022 the foregoing proposed Order

was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of

the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant

to the Notice of Electronic Filing.  Parties may access this filing through the Court's system.

Dated: September 6, 2022                     LUC A. DESPINS,
       New Haven, Connecticut                CHAPTER 11 TRUSTEE


                              By:     /s/Douglas S. Skalka
                                    Douglas S. Skalka (ct00616)
                                    Patrick R. Linsey (ct29437)
                                    NEUBERT, PEPE & MONTEITH, P.C.
                                    195 Church Street, 13th Floor
                                    New Haven, Connecticut 06510
                                    (203) 821-2000
                                    dskalka@npmlaw.com
                                    plinsey@npmlaw.com