**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                            :    Chapter 11
:
HO WAN KWOK,                        :    Case No. 22-50073 (JAM)
:
Debtor.              :
:
---------------------------------------------------------x

**ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold Documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted, in part, as set forth herein.

2. The Trustee has exclusive control of any attorney-client privilege and work product protection that could otherwise be asserted by the Debtor or his counsel (together, the "Trustee Privileges") with respect to Documents that (i) are necessary to identify the Debtor's bankruptcy estate's assets (including causes of action against third parties) that are or were held by the Debtor, (ii) are necessary to identify the Debtor's estate's liabilities, or (iii) relate solely to the administration of the estate (including, without limitation, the preparation of schedules) during the period between the petition date and the issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively, the "Investigation Topics").

3. Subject to paragraph 4, neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor), nor any other Rule 2004 examinee, is entitled to withhold any Document requested in the attachments to the Rule 2004 subpoenas solely on the basis of any Trustee Privileges concerning the Investigation Topics.

4. Notwithstanding anything herein to the contrary, nothing herein shall prevent the Debtor or his counsel from asserting any and all privileges concerning other matters, such as criminal allegations, the Debtor's asylum application (except as is necessary for the Trustee to assess the merits of the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D.D.C.), which does not relate to the substance of the asylum application), or any matters that concern dischargeability, including, but not limited to, allegations involving the Securities and Exchange Commission's investigation related to GTV Media Group, Inc., G-Coins and/or G-Dollars. The Trustee and the Debtor reserve all rights with respect to any privileges claimed over such other matters.

5. Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

6. Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor), nor any other Rule 2004 examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Nothing herein shall be construed to impact, one way or another, the Debtor or the Debtor's counsel's rights, whatever they may be, to assert whatever privileges the Debtor may have under the laws of the United Kingdom in the litigation styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court), or in any other litigations outside of the United States that are governed by foreign law.

9. Nothing herein shall be construed to preclude the Trustee, the Debtor or the

Debtor's counsel from disputing the application of this Order to any particular Document.

10. Nothing herein shall be construed as a waiver by the Debtor of any privilege or protection.

11. Nothing herein shall purport to impact the rights of any holder of a joint or common interest privilege along with the Debtor, or the counsel of any such holder, to assert its rights with respect such joint or common interest privilege.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.