**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK,                                           :    Case No. 22-50073 (JAM)
                                                       :
                    Debtor.[1]                         :
                                                       :
-------------------------------------------------------x

## CHAPTER 11 TRUSTEE'S COUNTER-DESIGNATION OF
## ADDITIONAL ITEMS TO BE INCLUDED IN RECORD ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8009, Luc Despins, as the appointed

Chapter 11 Trustee to the Debtor's estate (the "Trustee"), by and through his undersigned counsel,

Paul Hastings LLP, hereby submits his designation of additional items to be included in the record

on appeal (the "Designation") with respect to the appeal ("Appeal") filed by debtor Ho Wan Kwok

(the "Debtor" or "Appellant") to the United States District Court for the District of Connecticut of

this Court's *Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 1505, (A)*

*Confirming that Chapter 11 Trustee Holds all of Debtor's Economic and Corporate Governance*

*Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign*

*Country on Behalf of Estate, and (C) Granting Related Relief,* entered on August 10, 2022, ECF

No. 717 (the "Corporate Governance Order").[2]

---

[1]   Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are 9595.

[2]   The Trustee reserves all rights to move to strike Appellant's designation of items on appeal that have been improperly included in the record.  *See* Fed. R. Bankr. P. 8009(e).

## <u>COUNTER-DESIGNATION OF RECORD ON APPEAL</u>[3]

I.   **Filings in Case No. 22-50073 (JAM) (Bankr. D. Conn.)**

The Trustee designates the following additional items filed to the docket of Case No. 22-50073 (JAM) (Bankr. D. Conn.) to be included in the record on appeal:

| Date Filed | ECF No. | Description |
| --- | --- | --- |
| 03/19/2022 | 102 | United States Trustee's Motion for an Order Directing the Appointment of an Examiner or, in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee |
| 03/20/2022 | 107 | Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions |
| 04/06/2022 | 183 | Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee |
| 05/11/2022 | 344 | Debtor's Consent to Dismissal of Case and Response to Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee |
| 05/11/2022 | 346 | Opposition of the Official Committee of Unsecured Creditors to Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee |
| 05/11/2022 | 347 | Objection of Creditors Rui Ma, Zheng Wu and Weican Meng to the Motion of Pacific Alliance Asia Opportunity Fund L.P. for Dismissal of this Case or, in the Alternative, for Appointment of a Trustee |
| 05/11/2022 | 348 | Creditor Logan Cheng's Opposition to Pacific Alliance Asia Opportunity Fund L.P.'s Motion to Dismiss Chapter 11 Case |
| 05/18/2022 | 392 | Pacific Alliance Asia Opportunity Fund L.P.'s Omnibus Reply in Support of Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for Order Directing the Appointment of a Chapter 11 Trustee |

---

[3]   The items designated herein include all exhibits and attachments to such items.

| Date Filed | ECF No. | Description |
|---|---|---|
| 05/20/2022 | 404 | Pacific Alliance Asia Opportunity Fund L.P.'s Exhibit List RE Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for Order Directing the Appointment of a Chapter 11 Trustee |
| 05/20/2022 | 405 | Creditors Rue Ma, Zheng Wu and Weican Meng's Joinder to the Witness and Exhibit List Submitted by the Official Committee of Unsecured Creditors |
| 05/20/2022 | 406 | List of Witnesses and Exhibits of the Official Committee of Unsecured Creditors |
| 05/20/2022 | 408 | Supplemental Memorandum of Law of the Official Committee of Unsecured Creditors Addressing the Alternatives of Dismissal, Conversion or the Appointment of a Chapter 11 Trustee |
| 05/20/2022 | 412 | Creditor Logan Cheng's Position Paper as to Dismissal, Conversion, or Appointment |
| 05/20/2022 | 414 | United States Trustee's Witness and Exhibit List |
| 05/20/2022 | 416 | United States Trustee's Position Statement Regarding Required Relief Under 11 U.S.C. § 1112(b) |
| 05/20/2022 | 418 | Supplemental Statement of Creditors Rue Ma, Zheng Wu and Weican Meng in Support of Conversion of Case |
| 05/20/2022 | 421 | Pacific Alliance Asia Opportunity Fund L.P.'s Supplemental Statement in Support of Motion to Dismiss Chapter 11 Case |
| 05/23/2022 | 430 | Notice of Status of Civil Action Removed From Supreme Court of the State of New York, New York County Pursuant to 28 U.S.C. § 1452(A) and Rule 9027 of the Federal Rules of Bankruptcy Procedure and Request for Status Conference |
| 05/24/2022 | 432 | Amended Notice of Status of Civil Action Removed From Supreme Court of the State of New York, New York County Pursuant to 28 U.S.C. § 1452(A) and Rule 9027 of the Federal Rules of Bankruptcy Procedure and Request for Status Conference |
| 05/25/2022 | 440 | Exhibit List for Pacific Alliance Asia Opportunity Fund L.P. |
| 05/25/2022 | 441 | Exhibit List for Official Committee of Unsecured Creditors |

| Date Filed | ECF No. | Description |
|---|---|---|
| 05/27/2022 | 442 | Transcript of Motion for Order Directing Appointment of an Examiner, or in the Alternative Motion for Order Directing the Appointment of a Chapter 11 Trustee; Motion to Dismiss Chapter 11 Case or in the Alternative, Partial Joinder to U.S. Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee |
| 06/16/2022 | 466 | Errata Sheet Regarding Official Transcript |
| 06/15/2022 | 465 | Memorandum of Decision and Order Denying Motion to Dismiss without Prejudice and Granting Joinder to Motion for Appointment of Chapter 11 Trustee |
| 07/06/2022 | 511 | Response of Pacific Alliance Asia Opportunity Fund L.P. to Court's Errata Sheet Regarding Official Transcript |
| 07/06/2022 | 512 | Response of Creditors Rui Ma, Zheng Wu and Weican Meng to the Court's Errata Sheet Regarding Official Transcript |
| 07/07/2022 | 515 | Application for Order Approving Appointment of a Chapter 11 Trustee |
| 07/08/2022 | 523 | Order Granting Appointment of Chapter 11 Trustee |
| 07/22/2022 | 586 | Request for Transcript of July 21, 2022 Status Conference filed by Trustee Luc A. Despins |
| 07/23/2022 | 599 | Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 541, 1108, and 1505, (A) Confirming that Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in any Foreign Country on behalf of Estate, and (C) Granting Related Relief |
| 07/25/2022 | 607 | Order Granting Motion to Expedite Hearing |
| 07/26/2022 | 614 | Preliminary Report of Chapter 11 Trustee Regarding Progress Since Appointment and Work Plan |
| 07/27/2022 | 617 | Certificate of Service |
| 07/27/2022 | 632 | BNC Certificate of Mailing – PDF Document |
| 08/02/2022 | 667 | Order Denying Motion for Relief from Judgment/Order |
| 08/04/2022 | 680 | Certificate of Service |

| Date Filed | ECF No. | Description |
|---|---|---|
| 08/17/2022 | 761 | Debtor's Motion for Stay Pending Appeal of Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 105, (A) Confirming that Chapter 11 Trustee Holds all of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief |
| 08/22/2022 | 777 | Motion of Chapter 11 Trustee for Entry of Order (A) Providing that Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing that Debtor and Other Examinees Not Withhold Documents on Account of Such Privileges, and (C) Granting Related Relief |
| 08/22/2022 | 778 | Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on Motion of Chapter 11 Trustee for Entry of Order (A) Providing that Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing that Debtor and Other Examinees Not Withhold Documents on Account of Such Privileges, and (C) Granting Related Relief |
| 08/23/2022 | 780 | Order Scheduling Expedited Hearing |
| 08/26/2022 | 796 | Trustee's Objection to Debtor's Motion for Stay Pending Appeal of Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 105, (A) Confirming that Chapter 11 Trustee Holds all of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief |
| 08/26/2022 | 797 | Joinder of the Official Committee of Unsecured Creditors in Trustee's Objection to Debtor's Motion for Stay Pending Appeal of Order |
| 08/27/2022 | 799 | Debtor's Objection to Motion of Chapter 11 Trustee for Entry of Order (A) Providing that Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing that Debtor and Other Examinees Not Withhold Documents on Account of Such Privileges, and (C) Granting Related Relief |

| Date Filed | ECF No. | Description |
|---|---|---|
| 08/29/2022 | 801 | Trustee's Reply to Debtor's Objection to Motion of Chapter 11 Trustee for Entry of Order (A) Providing that Control of Any Attorney-Client Privilege, Work Product Protection, and Other Privileges Related to Rule 2004 Subpoenaed Documents Passed to Trustee Upon Appointment, (B) Directing that Debtor and Other Examinees Not Withhold Documents on Account of Such Privileges, and (C) Granting Related Relief |
| 09/06/2022 | 826 | Request for Transcript of May 25, 2022 Evidentiary Hearing |

## II.  Transmittal Correspondence in Case No. 22-50073 (JAM) (Bankr. D. Conn.)

The Trustee designates the following additional items to be included in the record on appeal:

| Date and Time | ECF No. | Description |
|---|---|---|
| 08/05/2022, 2:33 p.m. (prevailing Eastern Time) | N/A | Transmittal electronic correspondence from counsel to the Chapter 11 Trustee to the Chambers of the Hon. Julie A. Manning, attaching:  (i) further revised proposed order and (ii) blackline version of further revised proposed order, marked to show changes against order filed to the docket on August 4, 2022 at ECF No. 681 (attached hereto as **Exhibit A**) |
| 08/05/2022, 7:03 p.m. (prevailing Eastern Time) | N/A | Additional electronic correspondence from counsel to the Chapter 11 Trustee to the Chambers of the Hon. Julie A. Manning regarding further revised proposed order (attached hereto as **Exhibit B**) |

## CERTIFICATION REGARDING TRANSCRIPTS

The Trustee respectfully certifies, pursuant to Bankruptcy Rule 8009(b)(3), that he has ordered the necessary transcripts and that the transcript order forms for same have been properly transmitted and are filed on the docket.

## RESERVATION OF RIGHTS

The Trustee expressly reserves, and does not waive, his right to supplement this Designation. This filing is made expressly subject to, and without waiver of, any and all rights, remedies, challenges, and objections.

Dated:    September 6, 2022               LUC A. DESPINS,
                New Haven, Connecticut       CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## Exhibit A

| | |
|---|---|
| **From:** | Bongartz, Alex |
| **To:** | CourtroomDeputy_Bridgeport@ctb.uscourts.gov |
| **Cc:** | Holley.L.Claiborn@usdoj.gov; jgoldman@pullcom.com; pfriedman@omm.com; laronsson@omm.com; ssarnoff@omm.com; ehenzy@zeislaw.com; SKindseth@zeislaw.com; ccallari@callaripartners.com; Despins, Luc A.; Barron, Douglass E.; plinsey@npmlaw.com; Doug Skalka |
| **Subject:** | In re Kwok / Case No. 22-50073 (JAM) – Further Revised Proposed Corporate Governance Order |
| **Date:** | Friday, August 5, 2022 11:32:48 AM |
| **Attachments:** | image001.png |
| | In re Kwok -- Further Revised Proposed Corporate Governance Order (blackline).pdf |
| | In re Kwok -- Further Revised Proposed Corporate Governance Order (clean).pdf |

To the Chambers of the Honorable Julie A. Manning:

Further to yesterday's hearing on the chapter 11 trustee's corporate governance motion [ECF No. 598] and the related revised proposed orders [ECF Nos. 645, 671, and 681], please see attached:

(1) A clean version of the further revised proposed order, reflecting the changes directed by the Court at yesterday's hearing as well as two additional, minor changes (as further detailed below); and

(2) A blackline version of the further revised proposed order, marked to show changes against the version filed with the Court on August 4, 2022 [ECF No. 681]. (The attached blackline does not include Exhibit A to the order, because no further changes have been made to Exhibit A.)

The attached further revised proposed order reflects two additional, minor changes.

First, earlier today, the chapter 11 trustee received a few final comments from UK counsel (Harcus Parker Limited) on the form of letter to UK counsel, which are reflected in the final form of letter in Exhibit B to the further revised proposed order attached to this email. (A copy of the final form of letter was also provided to counsel to the debtor prior to sending this email to Chambers.) Accordingly, there is no need to include an interim deadline for the chapter 11 trustee to provide a final form of the letter to the debtor, and the five business days period for the debtor to sign and deliver the letter to UK counsel can commence upon entry of the order.

Second, after further conferring with BVI counsel, the chapter 11 trustee has determined that it is not necessary for Mr. Kwok to sign the transfer-in pack to the new BVI agent for Genever Holdings Corporation, but that the chapter 11 trustee can submit the form himself, subject to the debtor providing certain missing information to the chapter 11 trustee. (The chapter 11 trustee has already emailed counsel to the debtor the list of questions to allow the chapter 11 trustee to complete the form.) Paragraph 3(a) to the attached revised proposed order reflects this (minor) modification. Prior to submitting the attached revised proposed order, the chapter 11 trustee also shared a draft of the revisions to paragraph 3(a) with counsel to the debtor. As of the time of this email, counsel to the debtor has not raised any objections to this language.

Respectfully submitted,

Alex Bongartz



**G. Alexander Bongartz | Of Counsel | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6472 | Mobile: +1.617.838.5117 | Main: +1.212.318.6000 | Fax: +1.212.303.7072 |
alexbongartz@paulhastings.com | www.paulhastings.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK,                            :    Case No. 22-50073 (JAM)
                                        :
              Debtor.                   :
                                        :
-------------------------------------------------------x
```

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND
1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S
ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN DEBTOR-
CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO ACT IN
ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING
RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to sections 363, 541, 1108, and 1505 of title 11 of the

United States Code (the "Bankruptcy Code"), (a) confirming that the Trustee holds all of the

Debtor's economic and corporate governance rights in all corporate entities owned and/or

controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation,

Genever Holdings Corporation ("Genever (BVI)") and granting related relief, (b) authorizing the

Trustee to act in any foreign country on behalf of the Debtor's estate (the "Estate"), and (c)

granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the *Standing Order of Reference* from the United States District Court for the District

of Connecticut (as amended); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due

and sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor; and

for the reasons stated on the record at the hearings held on August 1, 2022 and August 4, 2022

with respect to the Motion and the additional relief sought through, among other things, the filing

of the revised proposed orders filed on July 31, 2022 [ECF No. 645], August 2, 2022 [ECF No.

671], and August 4, 2022 [ECF No. 681], it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Effective as of entry of the order, dated July 8, 2022, granting the appointment of

Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523], the Trustee holds all of the

Debtor's economic and governance rights, for the benefit of the Estate, with respect to all

Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of

doubt, the foregoing rights include the Trustee's asserted authority to replace any existing

officer, director, manager, or similar person of the Debtor-Controlled Entities.  As part of the

foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter

11 trustee in this Chapter 11 Case, as any such officer, director, manager, or similar person who

has been removed.

3.      In accordance with sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the

Debtor is hereby directed to, respectively, (a) cooperate with the Trustee as necessary to enable

the Trustee to perform his duties, including, without limitation, the Trustee's investigation into

the assets of the Debtor, and (b) surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and all related corporate governance documents).  In furtherance of the Debtor's duties under sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to:

(a)      fill in all missing information and execute each of (i) the share transfer instrument, (ii) the director's resolution with respect to the Debtor's shares in Genever (BVI), and (iii) the director's resolution related to the restoration of the Genever (BVI), submission of the transfer-in pack, and appointment of a new registered agent, in each case in the forms attached hereto as **Exhibit A** (leaving such documents in undated form) and deliver, within two business days after entry of this Order, such completed and executed documents to the Trustee (who will then submit such documents to the new registered agent for Genever (BVI) in the British Virgin Islands ("<u>BVI</u>")) as well as provide the Trustee with the information necessary for the Trustee to complete the transfer-in pack of Harneys Fiduciary, in the form included in **Exhibit A** hereto, within two business days after entry of this Order (who will then submit the transfer-in pack to the new registered agent for Genever (BVI) in the BVI); and

(b)      deliver, no later than five business days after entry of this Order, a copy of the letter in the form attached hereto as **Exhibit B** (the "<u>Letter to UK Counsel</u>") to the law firm of Harcus Parker Limited, former counsel to the Debtor in the litigation styled *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, Case No. CL-2020-000345, pending in the High Court

of Justice, Business and Property Courts of England and Wales, Queen's Bench

Division, Commercial Court (the "UBS Litigation"), with a copy of such letter to

be delivered concurrently to the Trustee.  For the avoidance of doubt, the Trustee

shall be deemed, for all purposes, to be the owner of the Debtor's claims asserted

in the UBS Litigation.

4.      To the extent the Trustee's exercise of economic and governance rights with

respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business,

such exercise is hereby approved, as there is sound business justification for the exercise of such

rights, including because the Trustee holds all of the Debtor's economic and governance rights

with respect to such entities for the benefit of the Estate.  Notwithstanding the applicability of

any of Bankruptcy Rule 6004(h) or any other provisions of the Bankruptcy Rules or the Local

Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the

District of Connecticut to the contrary, the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness

and enforceability of this Order is hereby waived.  For the avoidance of doubt, nothing in this

Order authorizes the Trustee to sell, otherwise dispose of, lease, or encumber any equity in

Debtor-Controlled Entities or other assets of the Debtor.

5.      Pursuant to section 1505 of the Bankruptcy Code, the Trustee is hereby

authorized to act, as the Estate's foreign representative, in any foreign country on behalf of the

Estate in any way permitted by applicable foreign law for the purpose of (a) investigating,

collecting, and recovering assets of the Debtor located in foreign countries, including relief in

foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the

Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as

necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities. Without limiting the foregoing, the Trustee is authorized, pursuant to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related to Genever (BVI) from the appropriate BVI entity holding such corporate documents.

6.      The Debtor shall not interfere with, hinder, or delay the Trustee's exercise of the authority under this Order, including any action taken or to be taken by the Trustee in a foreign court on behalf of the Estate in furtherance of such authority. To the extent the Debtor opposes the Trustee's exercise of such authority, the Debtor shall be limited to seeking relief from this Court (and not the relevant foreign court or other foreign entity, as the case may be) on notice to parties in interest, to the extent the Debtor can show that he has standing to do so.

7.      In furtherance of the Trustee's exercise of the authority under this Order, the Court respectfully requests the assistance of the foreign courts with respect to the Trustee's exercise of corporate control over the Debtor-Controlled Entities, including, without limitation, Genever (BVI).

8.      Nothing in this Order shall be deemed to authorize any particular action with respect to Genever Holdings LLC ("Genever (US)") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "Genever Court"). The Trustee shall appear before, and seek guidance from, the Genever Court to the extent the Trustee's exercise of corporate governance rights with respect to Genever (US) would impact its chapter 11 case.

9.      Nothing in this Order shall constitute a ruling or determination regarding the validity or enforceability of the alleged trust agreement, purportedly dated February 17, 2015 and

executed by the Debtor, Genever (US), Genever (BVI), and Bravo Luck Limited (the "Alleged Trust Agreement"), or regarding any challenges to the Alleged Trust Agreement, and all rights of all parties in respect thereto are preserved.

10.    The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit A</u>

**Share Transfer Form and Director's Resolution**

# GENEVER HOLDINGS CORPORATION

**incorporated in the British Virgin Islands**
**Company No. 1862840**
(the *Company*)

---

### SHARE TRANSFER INSTRUMENT

---

I, **Ho Wan Kwok**, of [*insert address*] (the *Transferor*) DO HEREBY transfer to **Luc A. Despins, solely in his capacity as trustee in the chapter 11 case of Ho Wan Kwok**, of 200 Park Avenue, New York, New York 10166 (the *Transferee*), the 1000 shares of US$0.001 par value standing in my name in the share register of the Company.

This share transfer instrument is governed by British Virgin Islands law.

As witness the hand of the Transferor this _____ day of August, 2022.

Executed by                                          )
**Ho Wan Kwok**                                   )    _____
                                                            )

**This share transfer instrument is not subject to stamp duty in the British Virgin Islands unless the Company or its direct or indirect subsidiaries holds real property within the British Virgin Islands. The Company will not treat the Transferee as the registered holder of any shares until the name of the Transferee has been entered in the share register of the Company.**

**GENEVER HOLDINGS CORPORATION**
**Incorporated in the British Virgin Islands**
**Company No. 1862840**
(the ***Company***)

WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY

WHEREAS the Company has received a share transfer dated August _____, 2022 relating to the transfer of 1000 shares in the capital of the Company (the ***Shares***) executed by Ho Wan Kwok in favour of Luc A. Despins, solely in his capacity as trustee in the chapter 11 case of Ho Wan Kwok, of 200 Park Avenue, New York, New York 10166 (the ***Transferee***), together with a certificate representing the Shares (the ***Certificate***).

I, the undersigned, being the sole director of the Company, DO HEREBY ADOPT the following resolutions:

1. the transfer of the Shares be and is hereby approved;

2. the Certificate be and is hereby cancelled;

3. a new certificate relating to the Shares and signed by the director of the Company be issued under the common seal of the Company to the Transferee;

4. the registered agent of the Company be and is hereby authorised and directed to update the Company's share register; and

5. any of the foregoing which have been done on or before the date hereof be and are hereby adopted, ratified, confirmed and approved.

Ho Wan Kwok hereby confirms that he is the Transferor and therefore has an interest in and connection with the transactions contemplated by these resolutions.

I have executed this director's resolution this ……. day of August 2022.


_____

Ho Wan Kwok – Director

*Transfer-In Pack – BVI Business Company*



| PART A - COMPANY | |
|---|---|
| **Name of the Company**<br>*(Note: Type the name exactly as listed on the Certificate of Incorporation/Registration)* | |
| **Former Name(s) (if applicable)** | |
| | |
| **Company Type** | |
| **Current Registered Agent** | Name of Registered Agent<br><br>Contact Person |
| **Contact Details** | Telephone Number  Email Address |
| **Method of Change of registered office and agent** | ☐ I will arrange for the outgoing agent to file the transfer<br>☐ I would like to arrange a 'forced transfer' by Harneys legal team |
| **Reason for change of registered office and agent** | |
| **Director's Resolution** | Please click here for a template resolution to change the Company's registered agent. |
| **Is the Company operating a non-profit/charity within the British Virgin Islands?** | ☐ Yes  ☐ No |
| **Is the Company regulated by or registered with the Financial Services Commission?** | ☐ Yes  ☐ No |
| **Purpose of Company**<br>*(Note: Please be specific "holding Company" or "investment fund" is insufficient)* | |
| | |

| **Intended nature of Company's business** | | |
|---|---|---|
| Does the Company: | | |
| 1. | receive more than 20% of its revenue in the form of cash or equivalents? | ☐ Yes  ☐ No |
| Is the company involved in: | | |
| 2. | the arms, defence, military or nuclear industries? | ☐ Yes  ☐ No |
| 3. | trading oil and gas, precious metals, gems, jewels, fine art, real estate or other collectors' items? | ☐ Yes  ☐ No |
| 4. | the creation or provision of any one of the following: | ☐ Yes  ☐ No |



|  |  |  |
|---|---|---|
|  | • blockchain technology<br>• the creation or issuance of virtual assets or tokens<br>• any one of the following: the offering of an exchange between virtual assets and fiat currencies, the offering an exchange between one or more forms of virtual assets, the provision of services relating to the transfer of virtual assets, the provision of virtual asset custody services or the participation in, and provision of, financial services related to a virtual asset issuance or the sale of a virtual asset? |  |
| 5. | the production or trading of substances or products? | ☐ Yes ☐ No |
| 6. | gambling or the adult entertainment industry? | ☐ Yes ☐ No |
| 7. | activities that may have a major environmental impact (e.g. forestry, oil and gas, deep sea mining, quarrying or power generation)? | ☐ Yes ☐ No |
| Collective Investment | | |
| 8. | Is this vehicle being used to pool investor capital to generate capital or income returns? | ☐ Yes ☐ No |
| Structure | | |
| 9. | If this entity will form part of a group (including holdings of minority interests), please provide a chart indicating the position this entity will take in the structure. The chart should include all entities holding, directly or indirectly, an interest st of 10% or more in this entity and any subsidiaries of the entity. If the structure has 3 layers or less then copies of the Register of Members of each entity through to the ultimate parent maybe provided as an alternative to a structure chart. | |

If you have answered **YES** to any of the questions above, please provide details.

<br>

If the intended nature of the Company's business is not identified above, please provide details.

<br>

**Country(ies) of intended business activities**
*(Note: Please include location of customers, distributors and bank accounts.)*

<br>

**Source of funds**
*(Note: Please provide details of the source of funding for the initial activities of the Company. You may be asked to provide supporting documentation.)*

<br>

**PART B - ECONOMIC SUBSTANCE**

The Company may be required to have adequate substance' in the BVI.

*Please click here to review Harneys guidance on economic substance requirements. If you have any queries please liaise with your usual Harneys contact.*

**Economic Substance Financial Reporting Period**

*Transfer-In Pack – BVI Business Company*



Default reporting periods depend on the date of incorporation. If you have elected to use an economic substance reporting period end that is not your default date please tick here, and confirm the date of your reporting period end:

| ☐ | We have formally notified the ITA of a change to our economic substance reporting period, our current reporting period end is: | [dd/mm/yyyy to dd/mm/yyyy] |
|---|---|---|
| ☐ | We would like to apply to make a change to our default reporting period. Harneys is able to arrange this notification – we will contact you to discuss what is possible to achieve and provide a quote. | |

If no box is ticked, the default reporting period will apply.

**Does Company conduct:**

| 1. | banking business? | ☐ Yes ☐ No |
|---|---|---|
| 2. | distribution and service centre business? | ☐ Yes ☐ No |
| 3. | financing and leasing business? | ☐ Yes ☐ No |
| 4. | fund management business? | ☐ Yes ☐ No |
| 5. | headquarters business? | ☐ Yes ☐ No |
| 6. | holding company business? | ☐ Yes ☐ No |
| | Please specify the types of asset(s) that the Company is intending to hold. | |
| | Please provide details of any other legal entities in which the Company will hold interests (e.g. shares, partnership interests, etc.) | |
| 7. | insurance business? | ☐ Yes ☐ No |
| 8. | intellectual property business? | ☐ Yes ☐ No |
| 9. | shipping business? | ☐ Yes ☐ No |

If you have answered **YES** to any of the questions above, please provide details.

*(Note: The activities above may be 'relevant activities' for economic substance purposes. Please include as much detail as possible on the exact scope of any relevant activity.)*

| Please confirm the entity's country(ies) of tax residence. | |
|---|---|

## PART C - SHAREHOLDERS

*(Note:  Details of additional shareholders can be entered in Part I.)*

| Name of Shareholder | Name | |
|---|---|---|
| Contact Details | Telephone Number | Email Address |
| | | |
| Name of Shareholder | Name | |

*Transfer-In Pack – BVI Business Company*



| Contact Details | Telephone Number | Email Address |
|---|---|---|
| | | |
| Name of Shareholder | Name | |
| Contact Details | Telephone Number | Email Address |
| | | |
| Name of Shareholder | Name | |
| Contact Details | Telephone Number | Email Address |

### PART D - BENEFICIAL OWNER(S)

*Note: Under the Beneficial Ownership Secure Search System Act, 2017 (**BOSS Act**), unless the Company is exempt, it is required to identify its beneficial owners and registrable legal entities and to notify its registered agent of the prescribed particulars of such persons. **The registered agent is then obliged to establish and maintain a database with such particulars which may be made available for searching by the International Tax Authority**. A beneficial owner under the BOSS Act is a natural person who: (i) ultimately owns or controls 25% or more of the shares or voting rights of the Company; or (ii) otherwise exercises control over the management of the Company. Any such person is referred to below as a "BOSS Act Beneficial Owner".*

Please provide:
(i)    details of all beneficial owners of the Company who are interested in 10% or more of the Company (indicating which, if any, hold 25% or more or otherwise qualify as a BOSS Act Beneficial Owner); and
(ii)    details of all registrable legal entities of the Company.

### Beneficial Owner Particulars - Natural Persons

*Note: A beneficial owner under the Anti-Money Laundering Terrorist Financing Code of Practice, 2008 (AML Code) is a natural person who ultimately owns or controls 10% or more of the shares or voting rights of the Company.*

| First Name | Middle Name | Surname | Residential Address | |
|---|---|---|---|---|
| | | | Address 1 | |
| Nationality | Date of Birth (DD/MM/YYYY) | | Address 2 | |
| | | | City | State |
| BOSS Act Beneficial Owner | ☐ Yes    ☐ No | | Country | Post/Zip Code |
| | | | | |
| First Name | Middle Name | Surname | Residential Address | |
| | | | Address 1 | |
| Nationality | Date of Birth (DD/MM/YYYY) | | Address 2 | |
| | | | City | State |
| BOSS Act Beneficial Owner | ☐ Yes    ☐ No | | Country | Post/Zip Code |

*Transfer-In Pack – BVI Business Company*



| First Name | Middle Name | Surname | Residential Address | |
|---|---|---|---|---|
| | | | Address 1 | |
| **Nationality** | **Date of Birth (DD/MM/YYYY)** | | Address 2 | |
| | | | City | State |
| **BOSS Act Beneficial Owner** | ☐ Yes ☐ No | | Country | Post/Zip Code |

| First Name | Middle Name | Surname | Residential Address | |
|---|---|---|---|---|
| | | | Address 1 | |
| **Nationality** | **Date of Birth (DD/MM/YYYY)** | | Address 2 | |
| | | | City | State |
| **BOSS Act Beneficial Owner** | ☐ Yes ☐ No | | Country | Post/Zip Code |

**Beneficial Owner Particulars - Registrable Legal Entities**

*Note: A registrable legal entity is a legal entity which would be a beneficial owner if it were a natural person and falls into one of the following categories: (a) its securities are listed on a recognised stock exchange or a subsidiary of an entity the securities of which are so listed; (b) it is a BVI regulated investment fund or a subsidiary of such a fund; (c) it is a BVI regulated person or a foreign regulated person; or (d) it is a sovereign state or a wholly owned subsidiary of a sovereign state. Additional information may be requested.*

| Full Legal Name | | Registered Address | |
|---|---|---|---|
| | | Address 1 | |
| **Alternative Name(s)** *(if applicable)* | | Address 2 | |
| | | City | City |
| | | Country | Country |
| **Country of Registration** | | | |
| **Registration Number** | | | |
| **Date of incorporation** | | (DD/MM/YYYY) | |
| **Name of Stock Exchange** *(if applicable)* | | | |
| **Name of Regulator** *(if applicable)* | | | |
| **Location of Beneficial Ownership Database** | | **Address** | |
| **Beneficial Ownership Database** | | Address 1 | |

*Transfer-In Pack – BVI Business Company*



| | Address 2 | |
|---|---|---|
| | City | City |
| | Country | Country |
| **Contact Details** | Telephone Number | Email Address |

**Beneficial Owner - Exemption**

| Will the company be an exempt person under the BOSS Act? | ☐ Yes  ☐ No |
|---|---|

If **YES**, on what basis?

 

**PART E - DIRECTOR(S)**

Each director must sign and complete the relevant section in our Compliance Pack ([Individuals](#) or [Companies](#) or [Others](#)) together with a Consent to Act Form signed at their original date of appointment – if you need to reproduce this document please use this template ([Individual Directors](#) or [Non-Individual Directors](#)).

*Please refer to our Additional Services section for more information about our director services.*

*(Note:  Details of additional directors can be entered in Part I.)*

| **Name of Director** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |

| **Name of Director** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |

| **Name of Director** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |

**PART F - OFFICER(S)**

*(Note:  Details of additional officers can be entered in Part I.)*

| **Name of Officer** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |

| **Name of Officer** | Name | |
|---|---|---|
| **Contact Details** | Telephone Number | Email Address |

**PART G - COMPLIANCE QUESTIONNAIRE**

Any natural person or corporate entity which is listed in one of the following sections must complete a Compliance Questionnaire:

*Transfer-In Pack – BVI Business Company*



☐ Shareholders in Part C

☐ Beneficial Owners in Part D

☐ Registrable legal entities listed in Part D

☐ Directors listed in Part E

Please refer to our Compliance Pack (Individuals or Companies or Others).

### PART H - LOCATION OF ORIGINAL CORPORATE RECORDS

*Note: It is a mandatory requirement for the Company to keep either: (i) the original; or (ii) a copy of the corporate records listed below at the office of its registered agent. The company must inform the registered agent if original corporate documents will be kept at an alternative address and update the registered agent within 14 days of any change in location of the original records.*

| Corporate Record | Harneys | Alternative Address | |
|---|---|---|---|
| **Register of Members** | ☐ | Address 1 | |
| | | Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| Contact Details | | Telephone Number | Email Address |
| Corporate Record | Harneys | Alternative Address | |
| **Register of Directors** | ☐ | Address 1 | |
| | | Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| Contact Details | | Telephone Number | Email Address |
| Corporate Record | Harneys | Alternative Address | |
| **Minutes and Resolutions of Directors and Members** | ☐ | Address 1 | |
| | | Address 2 | |
| | | City | State |
| | | Country | Post/Zip Code |
| Contact Details | | Telephone Number | Email Address |
| Corporate Record | Harneys | Alternative Address | |
| **Register of Charges** | ☐ | Address 1 | |
| | | Address 2 | |

*Transfer-In Pack – BVI Business Company*



|  |  | City | State |
|---|---|---|---|
|  |  | Country | Post/Zip Code |
| **Contact Details** |  | Telephone Number | Email Address |

*Note: Additional fees will be incurred annually by the Company which must be paid in advance if Harneys are required to maintain the original financial records.*

| Corporate Record | Harneys | Alternative Address | |
|---|---|---|---|
| **Financial records and underlying documentation** | ☐ | Name of record keeper | |
|  |  | Address 1 / Address 2 | |
|  |  | City | State |
|  |  | Country | Post/Zip Code |
| **Contact Details** |  | Telephone Number | Email Address |
| Harneys can also provide specialised Bookkeeping and Financial Statement preparation services. Would you like us to contact you with more information? |  | ☐ Yes  ☐ No | |

| **PART I - ADDITIONAL INFORMATION** |
|---|

*Note: Please use this space to provide us with any special instructions or additional information. Any work which is not within the scope of our services may be referred to our affiliate law firm, Harneys Westwood & Riegels LP, who will contact you directly.*

| |
|---|
| |

| **PART J - PAYMENT INSTRUCTIONS AND BILLING** | |
|---|---|
| If you have not received a quote in relation to our services please contact our New Business Team. | |
| **Method of payment:** We accept payments via wire transfer and credit card. Please click here for our payment instructions and use the reference 'New Business' and the proposed name of the Company provided in Part A. | |
| **Instructing Agent/Client** | |
| **Please indicate your method of payment** | ☐ Credit Card    ☐ Wire |
| **Billing Address** | Address 1 |
|  | Address 2 |
|  | City / City |
|  | Country / Country |
| **Billing Email** *(Note: We only send invoices by email.)* | |

| **PART K - DECLARATION AND UNDERTAKING** |
|---|

*Transfer-In Pack – BVI Business Company*



I declare that I have read the **Terms and Conditions** and request that Harneys Fiduciary proceed with the Transfer-In of the Company according to the details provided in this Pack and I am authorised by each data subject to provide their personal data to Harneys Fiduciary. I certify that the information provided in this Pack is true and correct to the best of my knowledge, and I undertake to inform Harneys Fiduciary promptly should any of the provided details change. I further confirm that no situation has occurred where I have reason to believe that there may be legal or tax issues in connection with this structure and the laws and institutions of any jurisdiction.

| | |
|---|---|
| **Full Name** | |
| **Name of corporate entity (if applicable)** | |
| **Position with corporate entity (if applicable)** | |
| **Signature** | |
| **Date** | |

*Transfer-In Pack – BVI Business Company*



## ADDITIONAL SERVICES

### Company Secretarial Services

Our company administration teams provide secretarial and administrative support including acting as company secretary throughout the life of a business or project. This includes maintenance of company records.

### Nominee Shareholder Services & Trust Services

We provide nominee shareholder services. For clients interested in succession planning involving their BVI business company shares we would invite you to consider the use of our trust services. Our experienced team of private wealth practitioners can advise you on this process. One of the key benefits of succession planning through trusts is avoiding the time, cost and publicity associated with a BVI probate application.

### Director Services

Harneys Fiduciary offers both corporate directors and qualified professionals who may be appointed to serve as directors of a BVI Company. Provision of director services is considered on a case by case basis, however, taking into consideration the type of company and its activities.

### Bank Accounts

We work closely with numerous financial institutions in the BVI and internationally and can help you open a bank account for your new company quickly and efficiently. We can provide authorised signatories for bank accounts and maintain and keep your financial records.

### Accounting Services

Harneys Fiduciary has its own in-house accounting team specialising in the provision of bookkeeping and accounting services to meet the needs of companies, limited partnerships and trusts.

Our accounting services include maintenance of financial records, preparation of monthly, quarterly, or annual management accounts, preparation of annual financial statements and liaising with external auditors and advisors as required.

We can also provide access to auditors and other specialists outside our firm if this is necessary to meet your particular needs. Our connections both locally in the BVI and internationally are numerous and well established.

### Other Services

Harneys Fiduciary also provides other services including liquidation services, authorised representative services, safe custody, escrow and a wide range of corporate secretarial services provided on an ad-hoc basis.

If you have any questions or would like more information on any of the above services please contact us.

**GENEVER HOLDINGS CORPORATION**
**Incorporated in the British Virgin Islands**
**Company No. 1862840**
(the **Company**)

WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY

---

WHEREAS the Company's registered agent has resigned, and the Company is currently struck-off of the Registry of Corporate Affairs (the **Registry**) pursuant to s.213(1) of the BVI Business Companies Act 2004.

WHEREAS the Company intends to rectify the status of the Company and place it back in good standing and in order to do so desires to appoint Harneys Corporate Services Limited of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, VG 1110, British Virgin Islands as its registered agent.

I, the undersigned, being the sole director of the Company, DO HEREBY ADOPT the following resolutions:

1. the Company change its registered agent to Harneys Corporate Services Limited of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, VG 1110, British Virgin Islands;

2. the Company change its registered office to Craigmuir Chambers, Road Town, Tortola, VG 1110, British Virgin Islands;

3. a notice, in the approved form, of the change of registered agent and registered office of the Company, be filed with the BVI Registry of Corporate Affairs; and

4. the sole director, any employee of Harneys Corporate Services Limited or any employee of Harney Westwood & Riegels LP, be and is hereby authorised to:

   a. pay any outstanding fees due to the Registry;

   b. execute or submit any document to the Registry;  and

   c. to take any and all other actions necessary to bring the Company into good standing and to give full effect to the change of registered agent and registered office; and

5.   the terms and conditions of Harneys Corporate Services Limited for the provision of registered office and registered agent services (as amended or supplemented from to time) be and are approved, and the completion and execution of the Harneys Corporate Services Limited 'transfer-in pack' for and on behalf of the Company by the sole director be and is hereby approved.

Ho Wan Kwok hereby confirms that he has no conflict of interest in connection with the transactions contemplated by these resolutions.

I have executed this director's resolution this ……. day of August 2022.


_____

Ho Wan Kwok – Director

## Exhibit B

**Letter to Harcus Parker Limited**

Ho Wan Kwok
[*insert address*]

August [___], 2022

**VIA EMAIL**

Harcus Parker Limited
7th Floor
Melbourne House
44 - 46 Aldwych
London, WC2B 4LL
Attn:   Jennifer Morrissey
Email: JMorrissey@harcusparker.co.uk

**Re:**     ***Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)**, Case No. CL-2020-000345 – Appointment of Trustee in Chapter 11 Case of Ho Wan Kwok*

Dear Ms. Morrissey:

This is to confirm to you that Luc A. Despins has been appointed as the trustee (the "<u>Trustee</u>") in my chapter 11 case, pending before the United States District Court for the District of Connecticut (the "<u>U.S. Bankruptcy Court</u>").  All of my interests in the litigation against UBS AG (London Branch) pending in  the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "<u>UBS Litigation</u>") is property of my bankruptcy estate as a matter of United States bankruptcy law.

Upon Mr. Despins' appointment as the Trustee, he exercises control over all property of the bankruptcy estate, including my claim in the  UBS Litigation, so that he now has authority and standing to apply to be recognized as the appropriate party to prosecute my claim in the UBS Litigation.  As a matter of United States bankruptcy law, I have no authority or standing at this time to prosecute the UBS Litigation.

In furtherance of the foregoing, and for the avoidance of doubt, I hereby expressly authorize you to have full and complete discussions on my behalf with Mr. Despins regarding the UBS Litigation, the merits thereof, any related settlement discussions, and any other topics related to the prosecution of the UBS Litigation and to take instructions from him in relation to my claim in the UBS Litigation regardless of any attorney-client privilege, work product, or other privilege which belongs to me.  Any waiver of privilege is limited to the provision of this information to the Trustee.  My consent is limited to giving access to the Trustee to the extent that I am entitled and contains no wider waiver of privilege and is not consent by me to the Trustee to waive my privilege.

Among other things, and as detailed in the order of the U.S. Bankruptcy Court (a copy of which is enclosed as <u>Exhibit 1</u>), I instruct you to (i) as soon as is practicable deliver to and share with the Trustee all memoranda, advice, and other communications by you to me regarding the UBS Litigation, any other information (whether in written form or not) regarding the merits of the UBS Litigation, and any settlement offers received or made by me or you in connection with such litigation, and (ii) as soon as is practicable provide the Trustee will full access to the parts of your case file in the UBS Litigation to which I am entitled as well as all pleadings and other court documents filed in the UBS Litigation.

Sincerely,


_____

Ho Wan Kwok


cc: Luc A. Despins, in his capacity as trustee in the chapter 11 case of Ho Wan Kwok

Enclosure

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x----
                                              :
In re:                                        :   Chapter 11
                                              :
HO WAN KWOK,                                  :   Case No. 22-50073 (JAM)
                                              :
              Debtor.                         :
                                              :
                                              :
-------------------------------------------------------x----

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363, 521, 541, 1108, AND**
**1505, (A) CONFIRMING THAT CHAPTER 11 TRUSTEE HOLDS ALL OF DEBTOR'S**
**ECONOMIC AND CORPORATE GOVERNANCE RIGHTS IN**
**DEBTOR-CONTROLLED ENTITIES, (B) AUTHORIZING CHAPTER 11 TRUSTEE TO**
**ACT IN ANY FOREIGN COUNTRY ON BEHALF OF ESTATE, AND (C) GRANTING**
**RELATED RELIEF**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the

entry of an order (this "Order"), pursuant to sections 363, 541, 1108, and 1505 of title 11 of the

United States Code (the "Bankruptcy Code"), (a) confirming that the Trustee holds all of the

Debtor's economic and corporate governance rights in all corporate entities owned and/or

controlled by the Debtor (the "Debtor-Controlled Entities"), including, without limitation,

Genever Holdings Corporation ("Genever (BVI)") and granting related relief, (b) authorizing the

Trustee to act in any foreign country on behalf of the Debtor's estate (the "Estate"), and (c)

granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the *Standing Order of Reference* from the United States District Court for the District

of Connecticut (as amended); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due

and sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and any objections to the relief requested herein having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor; and

for the reasons stated on the record at the hearings held on August 1, 2022 and August 4, 2022

with respect to the Motion and the additional relief sought through, among other things, the

filing of the revised proposed orders filed on July 31, 2022 [ECF No. 645], August 2, 2022 [ECF

No. 671], and August 4, 2022 [ECF No. 681], it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Effective as of entry of the order, dated July 8, 2022, granting the appointment of

Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523], the Trustee holds all of the

Debtor's economic and governance rights, for the benefit of the Estate, with respect to all

Debtor-Controlled Entities, including, without limitation, Genever (BVI).  For the avoidance of

doubt, the foregoing rights include the Trustee's asserted authority to replace any existing

officer, director, manager, or similar person of the Debtor-Controlled Entities.  As part of the

foregoing, to the extent necessary, the Trustee is authorized to act, in his capacity as the chapter

11 trustee  in this Chapter 11 Case, as any such officer, director, manager, or similar person who

has been removed.

3.      In accordance with sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the

Debtor is hereby directed to, respectively, (a) cooperate with the Trustee as necessary to enable

the Trustee to perform his duties, including, without limitation, the Trustee's investigation into

the assets of the Debtor, and (b) surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and all related corporate governance documents).  In furtherance of the Debtor's duties under sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code, the Debtor is hereby directed to:

(a)     fill in all missing information and execute each of (i) the share transfer instrument, (ii) the director's resolution with respect to the Debtor's shares in Genever (BVI), and (iii) the ~~transfer-in pack of Harneys Fiduciary, and (iv) the~~ director's resolution related to the restoration of the Genever (BVI), ~~execution~~submission of the transfer-in pack, and appointment of a new registered agent, in each case in the forms attached hereto as **Exhibit A** (leaving such documents in undated form) and deliver, within two business days after entry of this Order, such completed and executed documents to the Trustee (who will then submit such documents to the new registered agent for Genever (BVI) in the British Virgin Islands ("BVI")) as well as provide the Trustee with the information necessary for the Trustee to complete the transfer-in pack of Harneys Fiduciary, in the form included in Exhibit A hereto, within two business days after entry of this Order (who will then submit the transfer-in pack to the new registered agent for Genever (BVI) in the BVI); and

(b)     deliver, no later than ~~two~~five business days after entry of this Order, a copy of the letter in the form attached hereto as **Exhibit B** (the "Letter to UK Counsel") to the law firm of Harcus Parker Limited, former counsel to the Debtor in the litigation styled *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v.*

*UBS AG (London Branch)*, Case No. CL-2020-000345, pending in the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "UBS Litigation"), with a copy of such letter to be delivered concurrently to the Trustee.  For the avoidance of doubt, the Trustee shall be deemed, for all purposes, to be the owner of the Debtor's claims asserted in the UBS Litigation.

4.      To the extent the Trustee's exercise of economic and governance rights with respect to the Debtor-Controlled Entities is deemed to be outside the ordinary course of business, such exercise is hereby approved, as there is sound business justification for the exercise of such rights, including because the Trustee holds all of the Debtor's economic and governance rights with respect to such entities for the benefit of the Estate.  Notwithstanding the applicability of any of Bankruptcy Rule 6004(h) or any other provisions of the Bankruptcy Rules or the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.  For the avoidance of doubt, nothing in this Order authorizes the Trustee to sell, otherwise dispose of, lease, or encumber any equity in Debtor-Controlled Entities or other assets of the Debtor.

5.      Pursuant to section 1505 of the Bankruptcy Code, the Trustee is hereby authorized to act, as the Estate's foreign representative, in any foreign country on behalf of the Estate in any way permitted by applicable foreign law for the purpose of (a) investigating, collecting, and recovering assets of the Debtor located in foreign countries, including relief in foreign courts in furtherance thereof, as necessary or appropriate, (b) exercising control over the

Debtor-Controlled Entities, including seeking relief in foreign courts in furtherance thereof, as necessary or appropriate, and (c) requesting and obtaining corporate documents from appropriate foreign corporate registries (or similar entities) holding such documents with respect to the Debtor-Controlled Entities.  Without limiting the foregoing, the Trustee is authorized, pursuant to section 1505 of the Bankruptcy Court, to request and obtain the corporate documents related to Genever (BVI) from the appropriate BVI entity holding such corporate documents.

6.      The Debtor shall not interfere with, hinder, or delay the Trustee's exercise of the authority under this Order, including any action taken or to be taken by the Trustee in a foreign court on behalf of the Estate in furtherance of such authority.  To the extent the Debtor opposes the Trustee's exercise of such authority, the Debtor shall be limited to seeking relief from this Court (and not the relevant foreign court or other foreign entity, as the case may be) on notice to parties in interest, to the extent the Debtor can show that he has standing to do so.

7.      In furtherance of the Trustee's exercise of the authority under this Order, the Court respectfully requests the assistance of the foreign courts, ~~including the assistance of the BVI courts regarding any request of the Trustee for relief (including on an emergency basis)~~ with respect to the Trustee's exercise of corporate control over the Debtor-Controlled Entities, including, without limitation, Genever (BVI).

8.      Nothing in this Order shall be deemed to authorize any particular action with respect to Genever Holdings LLC ("Genever (US)") in its chapter 11 case pending before the United States Bankruptcy Court for the Southern District of New York (the "Genever Court"). The Trustee shall appear before, and seek guidance from, the Genever Court to the extent the Trustee's exercise of corporate governance rights with respect to Genever (US) would impact its chapter 11 case.

5

9.      Nothing in this Order shall constitute a ruling or determination regarding the validity or enforceability of the alleged trust agreement, purportedly dated February 17, 2015 and executed by the Debtor, Genever (US), Genever (BVI), and Bravo Luck Limited (the "Alleged Trust Agreement"), or regarding any challenges to the Alleged Trust Agreement, and all rights of all parties in respect thereto are preserved.

10.     The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit B</u>

**Letter to Harcus Parker Limited**

Ho Wan Kwok
[*insert address*]

August [___], 2022

**VIA EMAIL**

Harcus Parker Limited
7th Floor
Melbourne House
44 - 46 Aldwych
London, WC2B 4LL
Attn:   Jennifer Morrissey
Email: JMorrissey@harcusparker.co.uk

Re:    *Kwok Ho Wan, Ace Decade Holdings Limited, and Dawn State Limited v. UBS AG (London Branch)*, Case No. CL-2020-000345 — Appointment of Trustee in Chapter 11 Case of Ho Wan Kwok

Dear Ms. Morrissey:

This is to confirm to you that Luc A. Despins has been appointed as the trustee (the "Trustee") in my chapter 11 case, pending before the United States District Court for the District of Connecticut (the "U.S. Bankruptcy Court").  All of my interests in the litigation against UBS AG (London Branch) pending in  the High Court of Justice, Business and Property Courts of England and Wales, Queen's Bench Division, Commercial Court (the "UBS Litigation") is property of my bankruptcy estate as a matter of United States bankruptcy law.

Upon Mr. Despins' appointment as the Trustee, he exercises control over all property of the bankruptcy estate, including my claim in the  UBS Litigation, so that he now has authority and standing to apply to be recognized as the appropriate party to prosecute my claim in the UBS Litigation.  As a matter of United States bankruptcy law, I have no authority or standing at this time to prosecute the UBS Litigation.

In furtherance of the foregoing, and for the avoidance of doubt, I hereby expressly authorize you to have full and complete discussions on my behalf with Mr. Despins regarding the UBS Litigation, the merits thereof, any related settlement discussions, and any other topics related to the prosecution of the UBS Litigation and to take instructions from him in relation to my claim in the UBS Litigation regardless of any attorney-client privilege, work product, or other privilege which belongs to me.  Any waiver of privilege is limited to the provision of this information to the Trustee.  My consent is limited to giving ~~full~~ access to the Trustee to the extent that I am entitled and contains no wider waiver of privilege and is not ~~a~~ consent by me to ~~allow~~ the Trustee to waive ~~the~~my privilege.

1

Among other things, and as detailed in the order of the U.S. Bankruptcy Court (a copy of which is enclosed as Exhibit 1), I instruct you to (i) as soon as is practicable deliver to and share with the Trustee all memoranda, advice, and other communications by you to me regarding the UBS Litigation, any other information (whether in written form or not) regarding the merits of the UBS Litigation, and any settlement offers received or made by me or you in connection with such litigation, and (ii) as soon as is practicable provide the Trustee will full access to the parts of your case file in the UBS Litigation to which I am entitled as well as all pleadings and other court documents filed in the UBS Litigation.

Sincerely,

_____
Ho Wan Kwok

cc: Luc A. Despins, in his capacity as trustee in the chapter 11 case of Ho Wan Kwok

Enclosure

## **Exhibit B**

| | |
|---|---|
| **From:** | Bongartz, Alex |
| **To:** | CTBdb_CourtroomDeputy_Bridgeport |
| **Cc:** | Holley.L.Claiborn@usdoj.gov; jgoldman@pullcom.com; pfriedman@omm.com; laronsson@omm.com; ssarnoff@omm.com; ehenzy@zeislaw.com; SKindseth@zeislaw.com; ccallari@callaripartners.com; Despins, Luc A.; Barron, Douglass E.; plinsey@npmlaw.com; Doug Skalka |
| **Subject:** | RE: In re Kwok / Case No. 22-50073 (JAM) – Further Revised Proposed Corporate Governance Order |
| **Date:** | Friday, August 5, 2022 4:03:13 PM |
| **Attachments:** | image001.png |

To the Chambers of the Honorable Julie A. Manning:

We apologize for communicating with the Court in this fashion (which we understand is not standard practice); however, we are doing so out of an abundance of caution to avoid further distractions emanating from debtor's counsel, including the suggestion of debtor's counsel (in an email to the trustee) that, given recent developments, our email to Chambers at 2:33 p.m. (ET) today was no longer accurate.

In particular, after sending the email below, which email was sent after UK counsel (Harcus Parker Limited) had provided substantive comments on the form of letter at 11:54 a.m. (ET) today, UK counsel advised the trustee at 4:08 p.m. (ET) as follows:

> Whilst we have given comment on the form of letter we would be comfortable receiving, we did so having understood that this was in the context of Mr Kwok's agreement to its broad terms. If he is not prepared to sign such a letter and it is instead court-ordered, the situation is **likely to be different**. If any waiver of Mr Kwok's privilege is ordered, that does not mean that such a letter will have effect under English law.

> Any letter obtained under power of compulsion from Mr Kwok would be **likely** to require a court order in England, to ensure that my firm is not breaching its obligations of privilege and confidentiality and to ensure that privilege is preserved if disclosure is provided (all these being matters of English law).

> These questions are **complex and require proper consideration** both by the US Bankruptcy Court and the English courts.

> I am content for this email to be put before the Judge in the US Bankruptcy Court.

(emphasis added). (The foregoing email from UK counsel was prompted by an email from debtor's counsel complaining about the form of letter and noting that Mr. Kwok would not voluntarily sign such letter, even if ordered by the Court, and that he would appeal that order.)

The trustee would like to clarify that, in an email sent to UK counsel more than 24 hours ago (and immediately after yesterday's hearing), the trustee advised UK counsel that he was dropping debtor's counsel from the email chain because the "judge has indicated that she will enter the order over [the Debtor's] objection." Therefore, the trustee is at a loss as to how UK counsel was confused about the context in which their comments on the letter were being sought. In fact, based on UK counsel having provided substantive comments to the form of letter at 11:54 a.m. earlier today, the trustee believed that the letter was acceptable to UK counsel.

Moreover, and perhaps more importantly, the trustee made clear during the August 4 hearing that he would not give complete discretion to UK counsel to control the privilege issue and that, therefore, this Court should order the debtor to sign the letter even if that letter did not receive UK counsel's approval. That is what appears to be happening now.

To be clear, the trustee requests entry of the form of order (including its exhibits) as submitted to Chambers earlier this afternoon, regardless of the developments over the last few hours. In this regard, the trustee would also like to point out that the most recent email from UK counsel (quoted in full above) acknowledges that "[t]hese questions are complex and require proper consideration," and, accordingly, the letter might still be critical in getting court approval in the UK. Indeed, from the trustee's point of view, having to obtain UK court approval would be the worst possible outcome, as approval of UK counsel is still possible, although not guaranteed.

Respectfully submitted,

Alex Bongartz

---

**From:** CTBdb_CourtroomDeputy_Bridgeport <CourtroomDeputy_Bridgeport@ctb.uscourts.gov>
**Sent:** Friday, August 5, 2022 3:16 PM
**To:** Bongartz, Alex <alexbongartz@paulhastings.com>

**Cc:** Holley.L.Claiborn@usdoj.gov; igoldman@pullcom.com; pfriedman@omm.com; laronsson@omm.com; ssarnoff@omm.com; ehenzy@zeislaw.com; SKindseth@zeislaw.com; ccallari@callaripartners.com; Despins, Luc A. <lucdespins@paulhastings.com>; Barron, Douglass E. <douglassbarron@paulhastings.com>; plinsey@npmlaw.com; Doug Skalka <DSkalka@npmlaw.com>
**Subject:** [EXT] RE: In re Kwok / Case No. 22-50073 (JAM) – Further Revised Proposed Corporate Governance Order

Thank you.

---

**From:** Bongartz, Alex <alexbongartz@paulhastings.com>
**Sent:** Friday, August 5, 2022 2:33 PM
**To:** CTBdb_CourtroomDeputy_Bridgeport <CourtroomDeputy_Bridgeport@ctb.uscourts.gov>
**Cc:** Holley.L.Claiborn@usdoj.gov; igoldman@pullcom.com; pfriedman@omm.com; laronsson@omm.com; ssarnoff@omm.com; ehenzy@zeislaw.com; SKindseth@zeislaw.com; ccallari@callaripartners.com; Despins, Luc A. <lucdespins@paulhastings.com>; Barron, Douglass E. <douglassbarron@paulhastings.com>; plinsey@npmlaw.com; Doug Skalka <DSkalka@npmlaw.com>
**Subject:** In re Kwok / Case No. 22-50073 (JAM) – Further Revised Proposed Corporate Governance Order

**CAUTION - EXTERNAL:**

To the Chambers of the Honorable Julie A. Manning:

Further to yesterday's hearing on the chapter 11 trustee's corporate governance motion [ECF No. 598] and the related revised proposed orders [ECF Nos. 645, 671, and 681], please see attached:

(1)  A clean version of the further revised proposed order, reflecting the changes directed by the Court at yesterday's hearing as well as two additional, minor changes (as further detailed below); and

(2)  A blackline version of the further revised proposed order, marked to show changes against the version filed with the Court on August 4, 2022 [ECF No. 681].  (The attached blackline does not include Exhibit A to the order, because no further changes have been made to Exhibit A.)

The attached further revised proposed order reflects two additional, minor changes.

First, earlier today, the chapter 11 trustee received a few final comments from UK counsel (Harcus Parker Limited) on the form of letter to UK counsel, which are reflected in the final form of letter in Exhibit B to the further revised proposed order attached to this email.  (A copy of the final form of letter was also provided to counsel to the debtor prior to sending this email to Chambers.)  Accordingly, there is no need to include an interim deadline for the chapter 11 trustee to provide a final form of the letter to the debtor, and the five business days period for the debtor to sign and deliver the letter to UK counsel can commence upon entry of the order.

Second, after further conferring with BVI counsel, the chapter 11 trustee has determined that it is not necessary for Mr. Kwok to sign the transfer-in pack to the new BVI agent for Genever Holdings Corporation, but that the chapter 11 trustee can submit the form himself, subject to the debtor providing certain missing information to the chapter 11 trustee.  (The chapter 11 trustee has already emailed counsel to the debtor the list of questions to allow the chapter 11 trustee to complete the form.)  Paragraph 3(a) to the attached revised proposed order reflects this (minor) modification.  Prior to submitting the attached revised proposed order, the chapter 11 trustee also shared a draft of the revisions to paragraph 3(a) with counsel to the debtor.  As of the time of this email, counsel to the debtor has not raised any objections to this language.

Respectfully submitted,

Alex Bongartz

---



**G. Alexander Bongartz | Of Counsel | Financial Restructuring Group**
**Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6472 | Mobile:**
**+1.617.838.5117 | Main: +1.212.318.6000 | Fax: +1.212.303.7072 |**
alexbongartz@paulhastings.com | www.paulhastings.com

*****************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.