**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                           :

In re:                                                  :        Chapter 11

HO WAN KWOK,                              :        Case No. 22-50073 (JAM)

            Debtor.                              :

---------------------------------------------------------x

**SUPPLEMENTAL SUBMISSION OF TRUSTEE REGARDING MOTION FOR ORDER (A) PROVIDING THAT CONTROL OF ANY ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS PASSED TO TRUSTEE UPON APPOINTMENT, (B) DIRECTING THAT DEBTOR AND OTHER EXAMINEES NOT WITHHOLD DOCUMENTS ON ACCOUNT OF SUCH PRIVILEGES, AND (C) GRANTING RELATED RELIEF**

Pursuant to the Court's instructions during the hearing on September 6, 2022 (the "Hearing"), Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this supplemental submission in support of his motion [ECF No. 777] (the "Motion") for an order (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief.

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

On September 6, 2022, the Trustee submitted a revised proposed order [ECF 823] (the "Trustee Proposed Order") on the Motion, and the Debtor submitted a competing revised proposed order [ECF 824] (the "Debtor Proposed Order"). As explained during the Hearing, the Trustee objects to entry of the Debtor Proposed Order and requests the Court enter the Trustee Proposed Order. Attached hereto as Exhibit A is an annotated copy of a blackline comparing the Debtor Proposed Order to the Trustee Proposed Order. Specifically, *the blackline shows the additions and deletions the Trustee proposes to make to the Debtor's proposed order*. The annotations in Exhibit A explain why such changes are necessary.

Dated:  September 7, 2022            LUC A. DESPINS,
        New Haven, Connecticut       CHAPTER 11 TRUSTEE

                                     By: */s/ Patrick R. Linsey*
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 781-2847
                                         plinsey@npmlaw.com

                                             and

                                         Nicholas A. Bassett *(pro hac vice* pending)
                                         PAUL HASTINGS LLP
                                         2050 M Street NW
                                         Washington, D.C., 20036
                                         (202) 551-1902
                                         nicholasbassett@paulhastings.com

                                             and

                                         Avram E. Luft *(pro hac vice* pending)
                                         Douglass Barron (*pro hac vice* pending)
                                         PAUL HASTINGS LLP
                                         200 Park Avenue
                                         New York, New York 10166
                                         (212) 318-6079
                                         aviluft@paulhastings.com

                                         *Counsel for the Chapter 11 Trustee*

# **Exhibit A**

> UNITED STATES BANKRUPTCY COURT
> DISTRICT OF CONNECTICUT
> BRIDGEPORT DIVISION
>
> ---------------------------------------------------------x
> In re:                              :    Chapter 11
>                                     :
> HO WAN KWOK,                        :    Case No. 22-50073 (JAM)
>                                     :
>         Debtor.                     :
>                                     :
> ---------------------------------------------------------x
>
> **REVISED PROPOSED ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**
>
> Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold ~~Documents~~documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*
>
> ---
> [1] Capitalized terms not defined herein have the meanings given to them in the Motion.
>
> 1

The order should apply to both documents **and** information (including deposition testimony) obtained in discovery.  [Note: This change to the title does not appear in the order the Trustee submitted at ECF 823.  The change has been made for purposes of this illustration for clarity, and it should be included in the final order entered by the Court.]

Annotation 2 (pointing to "documents"):
Global change:  the word "document" should not be capitalized because it is not defined in the Motion.  This order will broadly apply to all documents (as that term is interpreted and defined by applicable discovery rules) and all other information of any kind produced in discovery.





*Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court, and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted~~, in part, as~~ to the extent set forth herein.

2. The Trustee has exclusive control of any attorney-client privilege~~ and~~, work product protection, or any related privilege or protection that could otherwise be asserted by the Debtor or his counsel under any applicable law (including, without limitation, any interests of the Debtor in any common interest or joint defense privilege alleged to be held with other parties) (together, the "Trustee Privileges") ~~with respect to Documents that (i) are necessary to identify the Debtor's bankruptcy estate's~~concerning (i) assets (including actual or potential causes of action~~ against third parties~~) that (A) are or were held by the Debtor, ~~(ii)~~ (B) are ~~necessary to identify~~or were held by others that the Trustee is investigating pursuant to the Rule 2004 Subpoenas for purposes of determining whether they hold or may have information about assets in which the Debtor holds or may have held an interest, or (C) otherwise relate to, or could

2

Control of ***all*** types of privileges described in this paragraph has passed to Trustee, including common interest/joint defense.

Same comment: privileges of all types arising under applicable law pass to the Trustee.

Debtor cannot be allowed to decide what Documents or information are "necessary" to identify potential estate assets. This order addresses only control of privileges and not permissible scope of Trustee's investigation under Rule 2004. Trustee has broad discretion in how to conduct his investigation.

Trustee must be permitted to investigate and control privileges with respect to both ***actual and potential*** causes of action, and against ***any*** parties (not merely "third parties").

Trustee is entitled to investigate whether assets purportedly in the hands of others could be brought into the estate. With respect to any privileges asserted as to this subject matter, either (i) the privileges are invalid/do not exist because Debtor cannot logically hold privileges related to ***other parties'*** purported assets, or (ii) control of such privileges passes to Trustee.

Debtor cannot be allowed to decide what Documents or information are "necessary" to investigate his liabilities and financial condition.

The word "solely" is too limiting. The fact that documents or information may relate to **both** the administration of the estate and other topics does not restrict passage of privilege.

Debtor has not contested that Trustee has control of all privileges related to post-petition administration of estate, which includes preparation of Debtor's declaration.

The words "Rule 2004" before "examinee" are too limiting; Trustee has control of privileges in all aspects of this case.

Order applies to documents **and** information.

The word "solely" incorrectly suggests that Debtor may partially assert one or more Trustee Privileges.

Debtor, not his counsel, holds and is entitled to assert privileges. Therefore, "or his counsel" should be stricken.

Debtor has not identified any criminal allegations related to Investigation Topics covered by Trustee Privileges (e.g., assets, financial condition or estate administration) and is therefore only entitled to withhold documents "unrelated" to such topics.

Debtor is not entitled to determine what is "necessary" for Trustee to assess claims of Debtor against Clark Hill law firm in *Clark Hill* litigation, which is an asset of estate.

Carve-out for materials related to dischargeability is unnecessary in light of ¶ 5 of the Trustee's Proposed Order. Trustee must be allowed to investigate claims against estate.

Rule 2004 Subpoenas should be incorporated by reference.



This paragraph addresses Debtor's concerns regarding discovery related to non-dischargeability actions by providing that Trustee will keep materials obtained in discovery confidential and not share them with plaintiffs to such actions. Moreover, Debtor has taken the position (and Trustee does not disagree) that Trustee has no ability to participate in the pending non-dischargeability actions because § 1106(a)(1) of Bankruptcy Code does not incorporate § 704(a)(6).

The law is clear that Trustee has control over post-petition privileges between Debtor and his advisors, Brown Rudnick and Verdolino, who represented Mr. Kwok as a debtor-in-possession with fiduciary duties to the estate. As estate retained professionals, neither Brown Rudnick nor Verdolino could have represented Mr. Kwok personally on any matters.

The words "Rule 2004" are too limiting because no examinee should be entitled to interfere with this order.

[Note: It is important that order be immediately effective and enforceable. This paragraph has not been deleted but rather has been moved to the next page in the Debtor Proposed Order. Debtor does not take issue with this provision.]

Trustee does not believe it is necessary to specifically address the UBS litigation in this order; however, if Court disagrees, Trustee has no issue including a provision stating that privileges at issue in the UBS litigation are subject to the Court's separate order concerning corporate governance rights, which has been appealed by Debtor.



The language "in any other litigations outside of the United States that are governed by foreign law" should be stricken. Other than the UBS litigation, this order applies to all privileges, both foreign and domestic. Trustee's control of privileges is not limited to domestic privileges.

Order applies to both documents *and* information.

This line should be included to ensure order is enforceable by Trustee. Trustee has no issue with language stating that nothing in this order will result in a waiver of a privilege by Debtor; however, once Trustee controls privileges, Trustee (and only Trustee) is entitled to waive such privileges.

Debtor's proposed addition of paragraph 11 concerning other parties' rights under common interest or joint defense privileges is unnecessary. However, Trustee agrees that this order does not impact the privilege rights of parties other than the Debtor. Trustee reserves all rights with respect to any such privileges that may be asserted.