**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK, | Case No. 22-50073 (JAM) |
| Debtor. |  |

**DEBTOR'S SUMMARY OF DISPUTED ISSUES REGARDING PROPOSED ORDERS REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION**

The debtor, Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., hereby submits the following summary of disputed issues regarding the parties' proposed orders regarding control of the Debtor's attorney-client and work-product privileges:

1)    Paragraphs two and three of the Debtor's and Trustee's proposed orders both identify the general scope of the attorney-client and work product privilege that they propose, respectively, transferred to the Trustee upon his appointment. The Trustee has proposed what amounts to a blanket waiver of privilege with respect to certain broad categories of documents, *i.e.,* all documents or information concerning potential assets owned by the Debtor or various third parties, the Debtor's financial condition and/or administration of the Debtor's estate. These topics, absent limitations, are far broader than necessary to facilitate the Trustee's administration of the Debtor's estate.

The Debtor submits that transferring all of the Debtor's privileges to the Trustee concerning these broad categories, absent any consideration, whatsoever, of the potential harm to the Debtor from so doing, fails to consider or acknowledge the "balancing test" required by virtually all of

the authority that permits a bankruptcy trustee of an individual debtor's estate to control any (as opposed to none) of the debtor's attorney-client or work product privileges.

The Debtor has proposed i) a narrower scope of the privilege to be transferred to the Trustee, and ii) less onerous limitations on the Debtor's and unspecified third party "examinees[']" right to withhold documents based on privilege. The Debtor submits that the test he proposes balances his interests with the Trustee's interests by allowing the Trustee access to sufficient information to identify the estate's assets and liabilities, and matters that are necessary to the administration of the Debtor's estate, while preserving the Debtor's right to keep confidential his communications with counsel that go beyond what is necessary for the Trustee to achieve these purposes.

The Debtor also objects to the overbroad language in paragraph two of the Trustee's proposed order which seeks to transfer to the Trustee "any related privilege or protection," under "any applicable law" and "any common interest or joint defense privilege alleged to be held with other parties." The Debtor does not believe that the Court should enter an order transferring unspecified privileges to the Trustee in a manner that purports to impact the rights of unspecified third parties, or that purports to impact foreign proceedings and the rights of parties, including professionals, who are subject to the laws of foreign jurisdictions.

2) The Debtor hereby withdraws its objection to the Trustee's proposed order to the extent the Debtor's proposed order sought to limit the application of the Court's order to "Documents." The Debtor consents to language in an order granting the Trustee's Motion, in part, referring to "documents, information and communications."

3) The Trustee purports to agree in paragraph four of his proposed order that the Debtor retains his attorney-client privileged communications concerning his asylum application,

but paragraph four purports to transfer to the Trustee the Debtor's privilege "related to the litigation styled as *Guo Wengui v. Clark Hill PLC,* Case No. 19-cv-03195 (D.D.C.). These positions are irreconcilable.

The Debtor retained Clark Hill PLC to file a highly sensitive asylum application for the Debtor and his family. The CCP hacked Clark Hill, targeted and extracted the Debtor's asylum application and published it online. Clark Hill withdrew from representing the Debtor after the CCP threatened to harm the firm if it did not.

The Debtor proposes that the Court limit the Trustee's access to the Debtor's privileged information concerning his litigation with Clark Hill to that necessary to assess the merits of the Debtor's malpractice action against Clark Hill, which can be obtained from the firm engaged by the Debtor to assert those claims—not Clark Hill. The Debtor respectfully submits that allowing the Trustee access to the Debtor's privileged information held by Clark Hill would provide a back door to all privileged information concerning the Debtor's highly sensitive asylum application.

4) The Debtor objects to the portion of paragraph four and all of paragraph five of the Trustee's proposed order that would require the Debtor to provide the Trustee with information concerning issues that implicate the Debtor's right to a discharge. At least until or unless the Trustee agrees to waive his right to challenge the Debtor's right to a discharge or to propose a plan that does not allow the Debtor a discharge, the Trustee and the Debtor are directly adverse to each other with respect to issues that concern dischargeability. Although the Trustee's proposed language would preclude the Trustee from sharing the Debtor's privileged communications concerning matters that implicate dischargeability with plaintiffs in adversary proceedings brought by third parties, the Trustee's proposed language would not prevent the Trustee from using the Debtor's privileged information against him or sharing the Debtor's privileged information with

other third parties.  Further, whether a particular liability is or is not dischargeable does not impact the Debtor's estate, since the sole purpose of denying the Debtor a discharge is to allow creditors to recover claims against the Debtor from sources *other than the Debtor's estate.*

5) The Debtor objects to paragraph six of the Trustee's proposed order because it purports to compel the production of all privileged communications between Brown Rudnick and Verdolino & Lowey created after the Petition Date, without regard to subject matter or consideration of potential harm to the Debtor.  The blanket disclosure required by paragraph six of the Trustee's proposed order fails to recognize or apply any sort of balancing test, which the majority of cases require.  Moreover, the cases found by the Debtor's counsel that did not apply a case specific balancing test either (i) *per se* allowed an individual debtor to retain his attorney-client and work product privileges or (ii) pertained only to a narrower sub-set of the debtor's privileged information, such as a particular pre-petition action.

6) The Trustee objects to the inclusion of paragraph 8 in the Debtor's proposed order, which proposes removing the action styled *Kwok v. UBS AG* pending in the United Kingdom and other foreign proceedings from the scope of the Court's order.  The UBS action is the subject of a related order that is currently on appeal.  In addition, the Debtor does not believe the Court should purport to determine privilege issues concerning pending litigation in foreign jurisdictions that are subject to the laws of foreign countries.

7) The Trustee appears to object to the language proposed in paragraph ten of the Debtor's proposed order that makes clear the Court's order should not be construed as a waiver by the Debtor of any privilege or protection.  If the Court determines that the Trustee owns a particular privilege that the Debtor previously held, then the Debtor has nothing to waive with respect to those privileges.  There is a substantive difference between a "waiver" by the Debtor and a judicial

determination that a particular privilege on a particular issue transferred to the Trustee by operation of law.

Dated at Bridgeport, Connecticut on this 7th day of September, 2022.

        **THE DEBTOR,**
        **HO WAN KWOK**

        */s/ Aaron A. Romney, Esq.*
        Aaron A. Romney (ct28144)
        10 Middle Street, 15th Floor
        Bridgeport, Connecticut 06604
        Telephone: (203) 368-4234
        Facsimile: (203) 368-5487
        Email:aromney@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

>  */s/ Aaron A. Romney*
> Aaron A. Romney, Esq.