**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK,                                             :    Case No. 22-50073 (JAM)
                                                         :
          Debtor.                                        :
                                                         :
---------------------------------------------------------x

**NOTICE OF SUBMISSION OF FURTHER REVISED PROPOSED ORDER ON MOTION FOR ORDER (A) PROVIDING THAT CONTROL OF ANY ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS PASSED TO TRUSTEE UPON APPOINTMENT, (B) DIRECTING THAT DEBTOR AND OTHER EXAMINEES NOT WITHHOLD DOCUMENTS ON ACCOUNT OF SUCH PRIVILEGES, AND (C) GRANTING RELATED RELIEF**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this notice of submission of a further revised proposed order in support of his motion [ECF No. 777] (the "Motion") for an order (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief.

---

[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

Following the continued hearing on the Motion that occurred on September 6, 2022, the Trustee has endeavored to further meet and confer with the Debtor concerning a potential consensual resolution of the Motion. To that end, the Trustee has prepared a further revised proposed order (the "Further Revised Trustee Proposed Order"), attached hereto as Exhibit A (clean) and Exhibit B (blackline to Trustee's prior proposed order appearing at ECF 823), containing two new paragraphs designed to address certain concerns the Debtor has raised regarding the relief sought by the Motion. Specifically, the Trustee has inserted (i) a paragraph setting forth a procedure that would allow the Debtor, under certain circumstances, to seek a further ruling from the Court as to privileges governing particular documents or information that could result in personal harm to the Debtor if disclosed to the Trustee, and (ii) a paragraph indicating that the Trustee's control over the Debtor's privileges will entitle the Trustee to access and otherwise use privileged documents and information but will not permit the Trustee to waive any privileges absent further order of the Court.

Specifically, the two new paragraphs added to the Further Revised Trustee Proposed Order are the following:

> 7. Notwithstanding anything herein to the contrary, to the extent the Debtor believes in good faith that particular documents or information that are covered by a Trustee Privilege and that concern the Investigation Topics could result in personal harm to the Debtor if disclosed to the Trustee, then (i) the Debtor or his counsel, as applicable, shall, by the applicable production deadline, log all such documents in accordance with the requirements of D. Conn. L. Civ. R. 26(e) and/or identify all such non-documentary information in a manner necessary to support the claim of privilege, including with sufficient information to identify the basis for asserting the potential for personal harm,[2] and (ii) either party

---

[2] Consistent with applicable discovery rules, the Debtor may withhold from production (using appropriate redactions as necessary) only that portion of such document or information that is subject to the Debtor's claim of privilege and good-faith belief regarding personal harm; all other portions of such document or information must be produced to the Trustee.

2

may file a motion with the Court to have the question of control of the privilege over any logged documents or other information decided on an expedited basis, and the Debtor may request that the Court, in making such decision, undertake a further balancing analysis in accordance with applicable case law.  For purposes of this paragraph, "expedited basis" shall require a response to any motion within four days, and any reply within two days thereafter; the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience.  The Court may as part of its consideration of any such motion require the production of logged documents and information to the Court for *in camera* inspection.  For the avoidance of doubt, the possibility that the disclosure of the documents or information in question could result in the Trustee identifying potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, shall not constitute "personal harm to the Debtor" sufficient for the Debtor to withhold documents or information pursuant to this paragraph, regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

8.     For purposes of this order only, the term "control" as used herein with respect to any Trustee Privilege shall mean that the Trustee is able to review, access, and otherwise use all documents and information subject to such privilege in carrying out his duties and responsibilities in this case, including without limitation in prosecuting actions to recover property of the estate; provided, however, the Trustee shall not be entitled to waive any Trustee Privilege (for example, by disclosing privileged documents or information on the public docket of this case or by sharing such documents or information with a third party) absent further order of the Court, and all filings by the Trustee containing or describing documents or information covered by a Trustee Privilege shall be filed under seal.  The parties reserve all their respective rights as to any future request by the Trustee to waive a Trustee Privilege. Any such request to waive a Trustee Privilege may be made by motion on an expedited basis in accordance with the procedures described in paragraph 7.

The Trustee shared this language for the revised proposed order with counsel for the Debtor yesterday afternoon, but the Debtor has not yet responded as to whether the revisions resolve his objection to the Motion.  Regardless of the Debtor's position, however, the Trustee consents to the Further Revised Trustee Proposed Order and requests that it be entered by the

Court. To the extent the Debtor is able to advise the Court prior to the continued hearing on September 12, 2022 that the revisions to the order resolve his objections, then the Further Revised Trustee Proposed Order can be entered on consent. If not, the Trustee requests that it be entered over any remaining objections asserted by the Debtor.

In addition to the new paragraphs 7 and 8 described above, the Trustee has also added language to the Further Revised Trustee Proposed Order indicating that he does not take issue with the Debtor's position that nothing in the order is intended to affect the Debtor's rights regarding privilege under the laws of the United Kingdom in the litigation styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court), which is subject to a separate order of this Court. [3]

Dated:	September 9, 2022	LUC A. DESPINS,
	New Haven, Connecticut	CHAPTER 11 TRUSTEE

	By: */s/ Patrick R. Linsey*
	Patrick R. Linsey (ct29437)
	NEUBERT, PEPE & MONTEITH, P.C.
	195 Church Street, 13th Floor
	New Haven, Connecticut 06510
	(203) 781-2847
	plinsey@npmlaw.com

	    and

	Nicholas A. Bassett *(pro hac vice* pending)
	PAUL HASTINGS LLP
	2050 M Street NW
	Washington, D.C., 20036
	(202) 551-1902
	nicholasbassett@paulhastings.com

---

[3]	For the avoidance of doubt, **the revisions to the Further Revised Trustee Proposed Order do not address all of the issues existing between the Trustee's prior proposed order [ECF 823] and the Debtor's proposed order [ECF 824]**. Such issues are described in the Trustee's supplemental submission dated September 7, 2022 [ECF 835], and, except to the extent addressed by the Further Revised Trustee Proposed Order, they remain outstanding.

4

*and*

Avram E. Luft *(pro hac vice* pending)
Douglass Barron (*pro hac vice* pending)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK,                                            :    Case No. 22-50073 (JAM)
                                                        :
            Debtor.                                     :
                                                        :
---------------------------------------------------------x

**ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested

---
[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

1

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Trustee has exclusive control of any attorney-client privilege, work product protection, or any related privilege or protection that could otherwise be asserted by the Debtor or his counsel under any applicable law (including, without limitation, any interests of the Debtor in any common interest or joint defense privilege alleged to be held with other parties) (each, a "Trustee Privilege" and, together, the "Trustee Privileges") concerning (i) assets (including actual or potential causes of action) that (A) are or were held by the Debtor, (B) are or were held by others that the Trustee is investigating pursuant to the Rule 2004 Subpoenas for purposes of determining whether they hold or may have information about assets in which the Debtor holds or may have held an interest, or (C) otherwise relate to, or could conceivably be brought into, the Debtor's estate,[2] (ii) the Debtor's financial condition (including, without limitation, liabilities of

---

[2] Forms of the Rule 2004 Subpoenas, including document requests, were attached to the Trustee's 2004 Motions as follows: as to the Debtor 2004 Motion, Exhibit B; as to the Professionals 2004 Motion, Exhibits C-1

2

the estate), or (iii) activities related to the administration of the estate (including, without limitation, the preparation of schedules and the preparation of the *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions*) during the period between the petition date and the issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively, the "Investigation Topics").

3.  Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor), nor any other examinee, is entitled to withhold any of the documents and information requested in the attachments to the Rule 2004 subpoenas on the basis of any Trustee Privileges concerning the Investigation Topics.

4.  Nothing herein shall prevent the Debtor from asserting any and all privileges concerning legal matters unrelated to the Investigation Topics, such as unrelated criminal allegations (*e.g.*, allegations related to rape or false imprisonment that have been made against the Debtor) or the Debtor's asylum application (other than documents related to the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.), which does not relate to the substance of the asylum application). The Trustee and the Debtor reserve all rights with respect to any privileges claimed over such other matters.

5.  To the extent the Trustee receives documents or information from the Debtor or his counsel or other advisors relating to facts, allegations, or issues arising in adversary proceedings against the Debtor asserting non-dischargeability, the Trustee will (i) not share such documents and information with the plaintiffs in such adversary proceedings, and (ii) keep such

---

through C-14; and as to the Third-Party Motion, Exhibits C-1 through C-19. They are incorporated herein by reference.

3

documents and information confidential as required by any confidentiality stipulation or protective order to be entered in this case.

6. For the avoidance of doubt, the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case.

7. Notwithstanding anything herein to the contrary, to the extent the Debtor believes in good faith that particular documents or information that are covered by a Trustee Privilege and that concern the Investigation Topics could result in personal harm to the Debtor if disclosed to the Trustee, then (i) the Debtor or his counsel, as applicable, shall, by the applicable production deadline, log all such documents in accordance with the requirements of D. Conn. L. Civ. R. 26(e) and/or identify all such non-documentary information in a manner necessary to support the claim of privilege, including with sufficient information to identify the basis for asserting the potential for personal harm,[3] and (ii) either party may file a motion with the Court to have the question of control of the privilege over any logged documents or other information decided on an expedited basis, and the Debtor may request that the Court, in making such decision, undertake a further balancing analysis in accordance with applicable case law. For purposes of this paragraph, "expedited basis" shall require a response to any motion within four days, and any reply within two days thereafter; the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience. The Court may as part of its consideration of any such motion require the production of logged documents and information to the Court for *in*

---

[3] Consistent with applicable discovery rules, the Debtor may withhold from production (using appropriate redactions as necessary) only that portion of such document or information that is subject to the Debtor's claim of privilege and good-faith belief regarding personal harm; all other portions of such document or information must be produced to the Trustee.

4

*camera* inspection. For the avoidance of doubt, the possibility that the disclosure of the documents or information in question could result in the Trustee identifying potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, shall not constitute "personal harm to the Debtor" sufficient to withhold documents or information pursuant to this paragraph, regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

8. For purposes of this order only, the term "control" as used herein with respect to any Trustee Privilege shall mean that the Trustee is able to review, access, and otherwise use all documents and information subject to such privilege in carrying out his duties and responsibilities in this case, including without limitation in prosecuting actions to recover property of the estate; provided, however, the Trustee shall not be entitled to waive any Trustee Privilege (for example, by disclosing privileged documents or information on the public docket of this case or by sharing such documents or information with a third party) absent further order of the Court, and all filings by the Trustee containing or describing documents or information covered by a Trustee Privilege shall be filed under seal. The parties reserve all their respective rights as to any future request by the Trustee to waive a Trustee Privilege. Any such request to waive a Trustee Privilege may be made by motion on an expedited basis in accordance with the procedures described in paragraph 7.

9. Nothing herein shall be construed to impact, one way or another, the Debtor or the Debtor's counsel's rights, whatever they may be, to assert whatever privileges the Debtor may have under the laws of the United Kingdom in the litigation styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court).

10. Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

11. Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor ), nor any other examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

12. Nothing herein shall be construed to preclude the Trustee or the Debtor, including through their respective counsel, from disputing the application of this Order to particular documents or information.

13. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK,                                             :    Case No. 22-50073 (JAM)
                                                         :
        Debtor.                                          :
                                                         :
---------------------------------------------------------x

### ~~NOTICE OF REVISED PROPOSED~~ ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT PROTECTION, AND OTHER PRIVILEGES RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION

Upon the motion (the "Motion") of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 323, 521, 541, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's orders granting the Trustee's motions for examination pursuant to Rule 2004, (a) confirming that the Trustee owns and controls the attorney-client privilege, work product protection and other privileges on issues related to the Debtor's assets and financial affairs and the administration of his estate, (b) directing that the Discovery Recipients not withhold documents from the Trustee on account of any such privileges in responding to the Rule 2004 Subpoenas,[1] or attempt to assert any such privileges that are properly owned by the Trustee and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the

---
[1] Capitalized terms not defined herein have the meanings given to them in the Motion.

1

United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion, as modified herein, is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Trustee has exclusive control of any attorney-client privilege, work product protection, or any related privilege or protection that could otherwise be asserted by the Debtor or his counsel under any applicable law (including, without limitation, any interests of the Debtor in any common interest or joint defense privilege alleged to be held with other parties) (each, a "Trustee Privilege" and, together, the "Trustee Privileges") concerning (i) assets (including actual or potential causes of action) that (A) are or were held by the Debtor, (B) are or were held by others that the Trustee is investigating pursuant to the Rule 2004 Subpoenas for purposes of determining whether they hold or may have information about assets in which the Debtor holds or may have held an interest, or (C) otherwise relate to, or could conceivably be brought into, the Debtor's estate,[2] (ii) the Debtor's financial condition (including, without limitation, liabilities of the estate), or (iii) activities related to the administration of the estate (including, without limitation, the preparation of schedules and the preparation of the *Declaration of Mr. Ho Wan*

[2] Forms of the Rule 2004 Subpoenas, including document requests, were attached to the Trustee's 2004 Motions as follows: as to the Debtor 2004 Motion, Exhibit B; as to the Professionals 2004 Motion, Exhibits C-1 through C-14; and as to the Third-Party Motion, Exhibits C-1 through C-19. They are incorporated herein by reference.

*Kwok in Support of the Chapter 11 Case and Certain Motions*) during the period between the petition date and the issuance of the order appointing the Trustee on July 8, 2022 (topics (i) through (iii), collectively, the "Investigation Topics").

3. Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor), nor any other examinee, is entitled to withhold any of the documents and information requested in the attachments to the Rule 2004 subpoenas on the basis of any Trustee Privileges concerning the Investigation Topics.

4. Nothing herein shall prevent the Debtor from asserting any and all privileges concerning legal matters unrelated to the Investigation Topics, such as unrelated criminal allegations (*e.g.*, allegations related to rape or false imprisonment that have been made against the Debtor) or the Debtor's asylum application (other than documents related to the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.), which does not relate to the substance of the asylum application). The Trustee and the Debtor reserve all rights with respect to any privileges claimed over such other matters.

5. To the extent the Trustee receives documents or information from the Debtor or his counsel or other advisors relating to facts, allegations, or issues arising in adversary proceedings against the Debtor asserting non-dischargeability, the Trustee will (i) not share such documents and information with the plaintiffs in such adversary proceedings, and (ii) keep such documents and information confidential as required by any confidentiality stipulation or protective order to be entered in this case.

6. For the avoidance of doubt, the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case.

7. Notwithstanding anything herein to the contrary, to the extent the Debtor believes in good faith that particular documents or information that are covered by a Trustee Privilege and that concern the Investigation Topics could result in personal harm to the Debtor if disclosed to the Trustee, then (i) the Debtor or his counsel, as applicable, shall, by the applicable production deadline, log all such documents in accordance with the requirements of D. Conn. L. Civ. R. 26(e) and/or identify all such non-documentary information in a manner necessary to support the claim of privilege, including with sufficient information to identify the basis for asserting the potential for personal harm,[3] and (ii) either party may file a motion with the Court to have the question of control of the privilege over any logged documents or other information decided on an expedited basis, and the Debtor may request that the Court, in making such decision, undertake a further balancing analysis in accordance with applicable case law. For purposes of this paragraph, "expedited basis" shall require a response to any motion within four days, and any reply within two days thereafter; the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience. The Court may as part of its consideration of any such motion require the production of logged documents and information to the Court for *in camera* inspection. For the avoidance of doubt, the possibility that the disclosure of the documents or information in question could result in the Trustee identifying potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, shall not constitute "personal harm to the Debtor" sufficient to withhold documents or information pursuant to this paragraph, regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

---

[3] Consistent with applicable discovery rules, the Debtor may withhold from production (using appropriate redactions as necessary) only that portion of such document or information that is subject to the Debtor's claim of privilege and good-faith belief regarding personal harm; all other portions of such document or information must be produced to the Trustee.

8. For purposes of this order only, the term "control" as used herein with respect to any Trustee Privilege shall mean that the Trustee is able to review, access, and otherwise use all documents and information subject to such privilege in carrying out his duties and responsibilities in this case, including without limitation in prosecuting actions to recover property of the estate; provided, however, the Trustee shall not be entitled to waive any Trustee Privilege (for example, by disclosing privileged documents or information on the public docket of this case or by sharing such documents or information with a third party) absent further order of the Court, and all filings by the Trustee containing or describing documents or information covered by a Trustee Privilege shall be filed under seal. The parties reserve all their respective rights as to any future request by the Trustee to waive a Trustee Privilege. Any such request to waive a Trustee Privilege may be made by motion on an expedited basis in accordance with the procedures described in paragraph 7.

9. Nothing herein shall be construed to impact, one way or another, the Debtor or the Debtor's counsel's rights, whatever they may be, to assert whatever privileges the Debtor may have under the laws of the United Kingdom in the litigation styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court).

10. ~~7.~~ Nothing herein shall be construed to impact the Debtor's 5th Amendment Privilege under the United States Constitution.

11. ~~8.~~ Neither the Debtor nor his counsel (based on instructions from the Debtor or any person acting on behalf of the Debtor ), nor any other examinee, shall interfere with, hinder, or delay the Trustee's exercise of the authority under this Order.

12. ~~9.~~ Nothing herein shall be construed to preclude the Trustee or the Debtor,

5

including through their respective counsel, from disputing the application of this Order to particular documents or information.

13. ~~10.~~ The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

14. ~~11.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. ~~12.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.