**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, : Case No. 22-50073 (JAM)
: 
Debtor. : 
: 
---------------------------------------------------------x

**ADDENDUM TO APPLICATION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING
RETENTION AND EMPLOYMENT OF HARNEY WESTWOOD AND RIEGELS LP,
AS BRITISH VIRGIN ISLANDS COUNSEL TO CHAPTER 11 TRUSTEE**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby files this addendum (the "Addendum") to the Chapter 11 Trustee's application, dated August 30, 2022 [Docket No. 807] (the "Application"),[1] requesting that the Court, in addition to approving and authorizing the Chapter 11 Trustee's employment of the law firm of Harney Westwood and Riegels LP ("Harneys Legal") as his BVI counsel with respect to this Chapter 11 Case, also authorize the Chapter 11 Trustee to enter, on behalf of the Debtor's estate (the "Estate"), into the director services agreement with Harneys Corporate Services Limited ("Harneys Corporate") and Genever Holdings Corporation ("Genever BVI"), dated September 13, 2022 (the "Director Services Agreement"),[2] solely for the purpose of the Estate paying the annual fees in accordance with Section 6 of the Director Services Agreement.  In

---

[1] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application.

[2] A copy of the Director Services Agreement is attached hereto as **Exhibit D**.

support of this Addendum, the Chapter 11 Trustee submits the Declaration of Claire Abrehart, attached hereto as **Exhibit A** (the "Abrehart Declaration"), which is incorporated herein by reference. In further support of this Addendum, the Chapter 11 Trustee states as follows:

### RELIEF REQUESTED

1. By this Addendum, the Chapter 11 Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Revised Proposed Order"),[3] authorizing and approving—in addition to the retention and employment of Harneys Legal as the Chapter 11 Trustee's BVI counsel (as detailed in the Application)—the Estate's entry into the Director Services Agreement, solely for purpose of paying the annual fees for the director services to be provided by Harneys Corporate to Genever BVI and up to four Affiliated Companies (as defined below), subject to the terms of the Director Services Agreement.

2. In particular, pursuant to Section 6.2 of the Director Services Agreement, the Estate agrees to pay Harneys Corporate:

   (a) immediately after the execution of the Director Services Agreement, the pro rata share of the annual fee for the remainder of 2022 in the amount of $6,667.00; and

   (b) any future annual fees that may come due, but only after the Estate has recovered additional funds sufficient to pay such future annual fees.

3. In addition, under Section 6.3 of the Director Services Agreement, in the event the Chapter 11 Trustee requests that Harneys Corporate provide director services for up to four additional entities affiliated with the Genever BVI and/or Ho Wan Kwok (such additional entities, the "Affiliated Companies"), the annual fee payable for each such additional entity shall

---

[3] A blackline of the Revised Proposed Order marked to show the changes made to the proposed order attached to the Application is attached hereto as **Exhibit C**.

be $7,500, rather than $20,000.[4]  For the avoidance of doubt, in accordance with Section 6.2(a) of the Director Services Agreement, the Estate agrees to pay such additional annual fees, but only after the Estate has recovered additional funds sufficient to pay such additional annual fees.

4. The above fee structure is highly advantageous to the Estate, as it reflects not only a substantial reduction in the annual for additional director services for the Affiliated Companies, but Harneys Corporate agrees to defer the Estate's payment of future annual fees until sufficient additional funds are recovered by the Estate.  Moreover, Harneys Corporate has agreed to forego accrual of any interest on such deferred fees until January 1, 2024.  Harneys Corporate would not have agreed to these concessions absent Harneys Legal being retained as the Chapter 11 Trustee's BVI counsel.

## JURISDICTION, VENUE, AND STATUTORY BASIS

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory basis for the relief requested in this Addendum is section 363(b) of the Bankruptcy Code.

## BACKGROUND

8. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[4] The Chapter 11 Trustee anticipates that it will require additional director services from Harneys Corporate in connection with the exercise of corporate control over additional Debtor-controlled BVI entities.

9.     On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

10.    On July 8, 2022, the Court entered an order [Docket No. 523] granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case.

11.    On August 10, 2022, the Court entered the corporate governance order [Docket No. 717] (the "Corporate Governance Order"), pursuant to which, among other things, the Court (a) confirmed that the Chapter 11 Trustee holds all of the Debtor's economic and governance rights, for the benefit of the Estate, with respect to all Debtor-Controlled Entities (as defined in the Corporate Governance Order), including, without limitation, Genever BVI, and (b) directed the Debtor to execute a share transfer instrument (and related materials) so as to effectuate the transfer of all of the Debtor's shares in Genever BVI to the Chapter 11 Trustee.

12.    In accordance with the Corporate Governance Order, the Debtor's shares in Genever BVI were transferred to the Chapter 11 Trustee, and such transfer was registered with Harneys Corporate, the registered agent for Genever BVI.

13.    On August 30, 2022, the Chapter 11 Trustee filed the Application to retain Harneys Legal.

14.    On September 2, 2022, the Chapter 11 Trustee filed the supplemental declaration of Andrew Thorp in support of the Application [Docket No. 815] (the "First Supplemental Declaration").  The First Supplemental Declaration disclosed, among other things, that:

- the Chapter 11 Trustee intends to appoint Claire Abrehart, a director of Harneys Corporate, to serve as the sole director of Genever BVI, pursuant to a director services agreement between Genever BVI and Harneys Corporate; and

- Harneys Legal shares ultimate common ownership with Harneys Corporate, which is a separate legal entity that is operationally independent from Harneys Legal, and some members of the board of directors of Harneys Corporate are also partners of Harneys Legal.

4

15. At the September 6, 2022 status conference, the Chapter 11 Trustee informed the Court that Genever BVI would enter into a director services agreement with Harney Corporate and that Harneys Corporate would accept payment of $6,667 on account of the pro-rated portion of the remaining four months of 2022 (*i.e.*, 1/3 of the annual fee of $20,000) and would **not** seek payment on its 2023 director fees ($20,000) until after the Estate has collected additional funds.

### HARNEYS CORPORATE'S QUALIFICATIONS

16. Harneys Corporate is a BVI Business Company authorized and regulated by the BVI Financial Services Commission to provide certain fiduciary services, including the provision of professional directors. Harneys Corporate maintains an office in the British Virgin Islands.

17. Harneys Corporate has substantial expertise in the provision of fiduciary services to clients incorporated in the British Virgin Islands. Its services include the provision of registered agent/registered office services, the provision of professional directors, and the provision of compliance and economic substance solutions.

### DIRECTOR SERVICES AGREEMENT[5]

18. Pursuant to, and subject to, the terms of the Director Services Agreement, Harneys Corporate will provide a person, namely Claire Abrehart, to serve as the director of Genever BVI. Upon her appointment as director, Ms. Abrehart would replace the current director of Genever BVI (*i.e.*, Mr. Ho Wan Kwok).

19. As noted, pursuant to Section 6.2 of the Director Services Agreement, the Estate agrees to pay Harneys Corporate:

---

[5] The following summary of the Director Services Agreement is qualified, in its entirety, by the terms of the Director Services Agreement, attached to the Abrehart Declaration.

    (c)    immediately after the execution of the Director Services Agreement, the pro rata share of the annual fee for the remainder of 2022 in the amount of $6,667.00; and

    (d)    any future annual fees that may come due, but only after the Estate has recovered additional funds sufficient to pay such future annual fees.

20. In addition, under Section 6.3 of the Director Services Agreement, in the event the Chapter 11 Trustee requests that Harneys Corporate provide director services for up to four additional entities affiliated with the Genever BVI and/or Ho Wan Kwok (such additional entities, the "<u>Affiliated Companies</u>"), the annual fee payable for each such additional entity shall be $7,500, rather than $20,000.[6] For the avoidance of doubt, in accordance with Section 6.2(a) of the Director Services Agreement, the Estate agrees to pay such additional annual fees, but only after the Estate has recovered additional funds sufficient to pay such additional annual fees.[7]

21. Under the Director Services Agreement, the Estate is **not** agreeing to pay any other amounts that may come due under the Director Services Agreement.

## **HARNEYS CORPORATE IS DISINTERESTED**

22. To the best of the Chapter 11 Trustee's knowledge in reliance upon the Abrehart Declaration, and except as disclosed therein, neither Ms. Abrehart nor Harneys Corporate, nor any member or associate thereof, represents professionally, or has any connection with, the Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

---

[6] The Chapter 11 Trustee anticipates that it will require additional director services from Harneys Corporate in connection with the exercise of corporate control over additional Debtor-controlled BVI entities.

[7] Pursuant to Section 6.4 of the Director Services Agreement, in the event that any fees to Harneys Corporate have accrued in accordance with the Director Services Agreement prior to January 1, 2024 (the "<u>Interest Date</u>") and have not been paid by the Interest Date (by virtue of the operation of Section 6.3 of the Director Services Agreement or otherwise), such fees shall carry interest at an annualized rate of 7.5%, compounded annually and calculated from the Interest Date.

**BASIS FOR RELIEF REQUESTED**

23. The Chapter 11 Trustee does not believe that Court approval is necessary for the Estate to enter into the Director Services Agreement for the limited purposes of paying the annual fees in accordance with Section 6 thereof. Indeed, the director services under the Director Services Agreement will be provided to Genever BVI, which is **not** a debtor in the Chapter 11 Case or any other bankruptcy case. Nor is Harneys Corporate being retained by the Trustee or the Estate. Moreover, the Trustee considers the payment of $6,667 by the Estate (as well as any additional annual fees, in accordance with the terms of the Director Services Agreement), to be a transaction in the ordinary course of business that may be undertaken pursuant to section 363(c)(1) of the Bankruptcy Code without a notice or hearing.

24. Nevertheless, at the request of the United States Trustee, the Chapter 11 Trustee has agreed to file this Addendum requesting that the Court formally authorize and approve the Estate's entry into Director Services Agreement pursuant to section 363(b) of the Bankruptcy Code, solely for the purpose of paying the annual fees in accordance with Sections 6.2, 6.3, and 6.4 of the Director Services Agreement.[8]

25. Under applicable case law in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.");

---

[8] For the avoidance of doubt, by the Addendum, the Chapter 11 Trustee is requesting Court authorization for the Estate to pay all future annual fees that may come due in accordance with the Director Services Agreement, including annual fees in respect of services to be provided to Affiliated Companies (subject to the Estate having collected additional funds sufficient funds to make such payments).

*Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

26.     The Estate's payment of the annual fees (in accordance with the terms of the Director Services Agreement) is a sound exercise of the Chapter 11 Trustee's business judgment. The shares in Genever BVI have already been transferred to the Chapter 11 Trustee; however, at this time, the Debtor continues to hold the position of a director for Genever BVI. In order for the Chapter 11 Trustee to be able to exercise full control over Genever BVI—and, by extension, its wholly owned subsidiary Genever Holdings LLC ("Genever US"), which, in turn holds title to the Sherry-Netherland apartment—the Chapter 11 Trustee needs to replace the Debtor with a new director at Genever BVI. This requires Genever BVI to retain the services of a corporate services provider to supply a person to serve as the new director. Harneys Corporate has agreed to provide such services on favorable terms.

27.     Furthermore, because Genever BVI does not have any funds available at this time—indeed, its only asset is its membership interest in Genever US—the Chapter 11 Trustee has no choice but to pay the relevant fees out of Estate funds in order to obtain the services of a director for Genever BVI. Importantly, and in recognition of the Estate's limited resources, Harneys Corporate has agreed to certain modifications to its standard fee structure, including allowing the Chapter 11 Trustee to defer payment of any future annual fees until such time as the Estate has recovered additional funds sufficient to pay such future annual fees.

28.     In addition, to the extent that the Chapter 11 Trustee seeks to exercise corporate control over additional BVI entities owned and/or controlled by the Debtor, Harneys Corporate

has agreed to provide director services at a reduced annual fee of $7,500 (again, with payment to be deferred until the Estate has collected sufficient additional funds).  Thus, the only out-of-pocket expense, at this time, is the payment of $6,667 for the pro rata share of the 2022 annual fee with respect to the director services for Genever BVI, while the payment on all future annual fees is deferred until the Estate has recovered sufficient additional funds.

29.     The above fee structure is highly advantageous to the Estate, as it reflects not only a substantial reduction in the annual for additional director services for the Affiliated Companies, but Harneys Corporate agrees to defer the Estate's payment of future annual fees until sufficient additional funds are recovered by the Estate.  Moreover, Harneys Corporate has agreed to forego accrual of any interest on such deferred fees until January 1, 2024.  Harneys Corporate would not have agreed to these concessions absent Harneys Legal being retained as the Chapter 11 Trustee's BVI counsel.

30.     For all the reasons, the Chapter 11 Trustee submits that the Estate's payment of the annual fees on the terms set forth in the Director Services Agreement, is reasonable and appropriate under the circumstances.

## NOTICE

31.     Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

32.     No previous application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter the Revised Proposed Order, substantially in the form attached hereto are **Exhibit B**, granting the Application (as expanded by the Addendum) and such other and further relief as the Court deems just and proper.

Dated:   September 13, 2022                                Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok

*/s/ Luc A. Despins*
Luc A. Despins