**Exhibit B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                : Chapter 11
                                      :
HO WAN KWOK,                          : Case No. 22-50073 (JAM)
                                      :
         Debtor.                      :
                                      :
---------------------------------------------------------x

**PROPOSED ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF HARNEY WESTWOOD AND RIEGELS LP, AS BRITISH VIRGIN ISLANDS COUNSEL TO THE CHAPTER 11 TRUSTEE AND (B) AUTHORIZING AND APPROVING ESTATE'S ENTRY INTO DIRECTOR SERVICES AGREEMENT**

Upon the application (as expanded by the Addendum, dated September 13, 2021, the "Application")[1] of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), (a) for authority to retain and employ Harney Westwood Riegels ("Harneys Legal") as British Virgin Islands ("BVI") counsel to the Chapter 11 Trustee, effective as of July 31, 2022, pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules") and (b) to authorize and approve, pursuant to section 363(b) of the Bankruptcy Code, the Estate's entry into the Director Services Agreement,

---

[1] Capitalized terms used but not otherwise defined have the meanings set forth in the Application and the Addendum, as applicable.

solely for purpose of paying the annual fees in accordance with Section 6 of the Director Services Agreement, all as more fully set forth in the Application; and upon consideration of the Application, the Thorp Declaration, the First Supplemental Declaration, and the Abrehart Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application, the Thorp Declaration, the First Supplemental Declaration, and the Abrehart Declaration and the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Harneys Legal and Harneys Corporate are each a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and, in the case of Harneys Legal, as required by section 327(a) of the Bankruptcy Code, and (iv) Harneys Legal and Harneys Corporate do not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Chapter 11 Trustee is authorized to retain and employ Harneys Legal as his BVI attorneys effective as of July 31, 2022 on the terms set forth in the Application, the Thorp Declaration, and the First Supplement Declaration.

3. Harneys Legal is authorized to act as the Chapter 11 Trustee's BVI counsel and to perform those services described in the Application.

4. The Estate shall be responsible for Harneys Legal's compensation and reimbursement of expenses in the Chapter 11 Case.

5. The allowance of any compensation to be paid to Harneys Legal shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6. Allowance of any compensation for Harneys Legal shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7. Harneys Legal shall provide no less than ten business days' notice to the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8. Pursuant to section 363(b) of the Bankruptcy Code, the Estates entry into the Director Services Agreement, solely for the purpose of paying the annual fees of director services to be provided to Genever BVI and up to four Affiliated Companies, in accordance with the terms of the Director Services Agreement, is hereby authorized and approved. For the

avoidance of doubt, the Estate is authorized to make such payments without the need to file any separate application for allowance of compensation.

9. The Chapter 11 Trustee, Genever BVI, Harneys Legal, and Harneys Corporate are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11. To the extent the Application, the Thorp Declaration, the Supplemental Declaration, and the Abrehart Declaration are inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.