**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                          :

In re:                            :     Chapter 11
                                         :

HO WAN KWOK,             :     Case No. 22-50073 (JAM)
                                         :

          Debtor.[1]       : 
                                         :
-------------------------------------------------------x

## MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF PROTECTIVE ORDER

Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), by and through his undersigned counsel, Paul Hastings LLP, submits this motion (the "Motion for Protective Order") pursuant to sections 105 and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of a protective order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"). In support of the Motion for Protective Order, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. By this Motion for Protective Order, the Trustee requests that the Court enter the Proposed Order, governing the treatment of documents and testimony in this case, including any confidential or highly confidential information relating to the Trustee's investigation or other issues or disputes that arise related to the above-captioned chapter 11 case.

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

2.      The subject of matter of this case, including the Rule 2004 investigation the Trustee is undertaking, raises numerous issues related to confidential communications, requests for confidential advice from advisors, and sensitive business transactions.[2] Due to the sensitive and confidential nature of this personal and business information, it is important that a protective order be entered, so that all parties and witnesses are able to provide information without concern for the potential harmful consequences of divulging confidential information, while at the same time having a clear directive regarding the treatment of such information in this case.

3.      Certain respondents to the Trustee's Rule 2004 subpoenas, including former legal advisors to the Debtor and other professionals, have indicated that prior to producing responsive documents to the Trustee they wished to see a protective order entered, providing for procedures and protections governing confidential or highly confidential information.  Accordingly, it is essential that the Court, by entry of the Proposed Order, establish a clear framework for the sharing of confidential and highly confidential information, so that the Trustee can continue to move forward with his investigation of potential assets of the Debtor.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2]    On July 28, 2022 the Trustee filed motions for Rule 2004 discovery as to the Debtor, the Debtor's professionals, and certain persons and entities related to the Debtor (the "Initial 2004 Motions"). *See* [ECF No. 636] (Debtor); [ECF No. 637] (Debtor's Professionals); [ECF No. 638] (Related Entities and Individuals); Case No. 22-50073 (JAM).  On August 16, 2022, the Court entered orders granting the Initial 2004 Motions (the "Initial 2004 Orders"). *See* [ECF Nos. 756, 757, 758].  On September 7, 2022 the Trustee submitted his first supplemental motion for Rule 2004 discovery with respect to additional professionals, persons and entities related to the Debtor, and relevant financial institutions (the "First Supplemental 2004 Motion").  *See* [ECF No. 839].  On September 21, 2022 the Court entered an order granting the First Supplemental 2004 Motion (together with the Initial 2004 Orders, the "Rule 2004 Orders."). *See* [ECF No. 866].

## RELIEF REQUESTED

6.      The Trustee seeks entry of an order, in substantially the form of the Proposed Order, pursuant to 11 U.S.C. §§ 105 and 107, Federal Rule 26(c), and Bankruptcy Rule 9018, approving the terms and provisions of the Proposed Order, which sets forth procedures and protections governing any confidential or highly confidential information is this case.

## BASIS FOR RELIEF REQUESTED

7.      The Court has the authority to issue the Proposed Order under section 105(a) of the Bankruptcy Code, which provides the Bankruptcy Court "broad administrative power" to issue any order that serves the interest of preserving the value of the Debtor's assets, and to facilitate an efficient process to manage its docket.  *See, e.g., Adelphia Commc'ns Corp. v. The Am. Channel, LLC (In re Adelphia Commc'ns Corp.),* 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) (explaining the court "may use its equitable powers to assure the orderly conduct of the reorganization proceedings") (quoting *In re Baldwin-United Corp. Litig.,* 765 F.2d 343, 348 (2d Cir. 1985)). Additionally, Courts may enter confidentiality protective orders to govern discovery in order to promote efficiency in litigation and the facilitation of discovery matters.  The Court should enter the Proposed Order because it will assist in facilitating judicial efficiencies and effective management of the Trustee's ongoing investigation of potential estate assets and discovery in this case.  The Proposed Order will also protect the Debtor from public disclosure of confidential personal and financial information and assist other entities, including professional firms, in sharing and disclosing information essential to the Trustee's investigation.

8.      Federal Rule of Civil Procedure 26(c)(1)(G) allows for the issuance of a protective order to mandate that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G);

*see also* Fed. R. Bankr. P. 9018 ("On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . . confidential . . . commercial information").  A protective order may be appropriate where the party seeking protection demonstrates: (i) that the information for which protection is sought is confidential, *Houbigant, Inc. v. Dev. Specialists, Inc.,* No. 01 Civ. 7388 LTSGWG, 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003), and (ii) "good cause" exists for the issuance of such an order, *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004).

9.      Here, certain of the discovery that the Trustee seeks in connection with his investigation and the case more generally could implicate confidential financial and commercially sensitive information that is entitled to confidentiality protections, including such information in the possession of professional firms and law offices that have represented the Debtor or entities that may be affiliated or controlled by the Debtor.

10.      The Proposed Order is necessary because disseminating confidential and commercially and personally sensitive  information absent procedures governing the protection of the information could cause harm to the Debtor and third parties assisting the Trustee with his investigation.

## NO PRIOR REQUEST

11.      No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion for Protective Order and (a) enter the Proposed Order in substantially the form attached hereto and (b) grant such other and further relief as may be just and proper.

Dated:    September 24, 2022
    New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**<u>Exhibit A – Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :
HO WAN KWOK,                                    :    Case No. 22-50073 (JAM)
                                                :
                Debtor.¹                        :
                                                :
-------------------------------------------------------x
```

**[PROPOSED] PROTECTIVE ORDER**

This Protective Order ("Order") is entered into by and among: (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto.  Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "Party," and collectively as the "Parties."²  This Order is being entered pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

---

¹ Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are 9595.

² The designation of a "Party" is for purposes of reference in this Order only.

**Recitals**

WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), in this Court (the case commenced by such petition, the "<u>Chapter 11 Case</u>"); and there are, or may be, judicial or other proceedings before this Court, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "<u>Dispute</u>" and, collectively, the "<u>Disputes</u>") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;

WHEREAS, the Court authorized the appointment of the Trustee by granting the United States Trustee's application for an order approving the appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(d);

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, subpoenas, and other discovery requests (collectively, the "<u>Discovery Requests</u>") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "<u>Local Rules</u>"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party seeks to maintain as Confidential Material or Highly Confidential Material (as those terms are defined below), it is

hereby agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below):

## Scope of Order

1.    This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes before this Court, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a contested matter or adversary proceeding, in connection with an exchange of exhibits in advance of a hearing, and/or in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").  Discovery Material includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.    This Order does not affect, amend or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.    For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Upon the consent of the Trustee, any non-Party that executes Exhibit A and delivers a copy to the Trustee shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto.  For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant.

### Designating Discovery Material

5.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

(a)      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)      Highly Confidential Material: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably

believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff).

(c)   Designation By Another Party: Any Party may designate any Discovery Material as Confidential or Highly Confidential in accordance with paragraphs 5(a) and 5(b), whether or not that Party is the one which originally disclosed or exchanged the Discovery Material, and in such event, the designating Party shall be a Producing Party with respect to that Discovery Material.

(d)   Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 8 and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material").

6.   Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing

5

Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that it is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Relativity (or other document review platform) load file, if applicable. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

7.     Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated Material").  At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material.   No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with

that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

**<u>Use and Disclosure of Confidential or Highly Confidential Material</u>**

8.      General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties solely in this Court for the purposes of a Dispute or the Chapter 11 Case, and not for any other purpose or in any other forum, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

9.      Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)      the Trustee;

(b)      any Party who has signed Exhibit A and delivered a copy thereof to the Trustee subject to the Producing Party's consent, not to be unreasonably withheld; and

(c)      any other persons specified in Paragraph 10 below.

10.      Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)      counsel, and staff working under the express direction of such counsel, for:

      i.     the Trustee;

      ii.    any Party who has signed Exhibit A and delivered a copy to the Trustee, subject to the Producing Party's consent, not to be unreasonably withheld; and

(b)    professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order or a Party who has signed Exhibit A in connection with the Disputes or this Chapter 11 Case;

(c)    any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)    any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm, provided that the relevant section of the deposition transcript is itself designated as Highly Confidential, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Highly Confidential, and subject to paragraph 12;

(e)    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(f) court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(g) the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;

(h) any mediators and their staffs retained in connection with a Dispute or these this Chapter 11 Case; and

(i) any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11. Designated Material To Be Disclosed Only In Accordance With Paragraphs 9 and 10: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12. Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 10(b), 10(d), or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access.  A copy of such executed Exhibit A for representatives identified in Paragraphs 10(d) and 10(i), but not for representatives identified in Paragraph 10(b), shall be provided to the Producing Party.  Such executed Exhibit A for representatives identified in Paragraph 10(b) shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of

good cause is made and the Court so orders.  For the avoidance of doubt, an Exhibit A may be executed on behalf of an organization for any representative identified in Paragraph 10(b) rather than requiring each relevant individual at that organization to execute Exhibit A.

13.    Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9077-1.  If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing.  The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

14.    Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  Whenever practicable, as part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, or if not practicable prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party to discuss ways to redact the Designated Material so that the material may be

offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Producing Party shall bear the burden of requesting appropriate relief from the Court.

### Depositions and Rule 2004 Examinations

15.    Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (b) providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter and as far in advance of the hearing or pleading deadline as possible. Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

16.    Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.     Witness Review of Deposition Testimony: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.     Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.  After such exclusion from the portion of any deposition containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony containing Designated Material, such persons must become a Party to this Order.

19.     Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

20.     Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.    For the purposes of this Order, "writing" shall include electronic mail.

23.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.    Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.    Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  The Receiving Party may seek relief from the Court if the

Receiving Party and the Producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

26.     Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at an evidentiary hearing or at trial.

27.     Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Producing Party inadvertently produces materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege, or other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections.  In such circumstances, when the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material.  Within 5 business days after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any

effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.

28.    Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto.  If the Receiving Party wishes to challenge one or more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations.  If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court.  Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure. Notwithstanding anything set forth in this Order, no provision herein, including this paragraph 28, shall supplant or supersede any provision set forth in that certain *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information,* [Docket No. 856].

29.    Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality

to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or this Chapter 11 Case.

30.    Continuing Applicability Of Confidentiality Agreement And Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material.  The final termination of the Disputes and the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.    Amendment Of Confidentiality Agreement And Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

32.    Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed

16

and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.     Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 29, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

34.     Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.     Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

36.     Prior Agreements:  The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

37.     Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**THE FOREGOING IS SO ORDERED:**

Dated: <u>September    , 2022</u>             <u>                        </u>
                                       HONORABLE JULIE A. MANNING
                                       UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                       :

In re:                    :     Chapter 11
                       :

HO WAN KWOK,        :     Case No. 22-50073 (JAM)
                       :

          Debtor.[1]      :
                       :

------------------------------------------------------x

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ declare under penalty of perjury (this "<u>Declaration</u>") that:

1. My address is

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby certify and agree that I have read and understand the terms of the Protective Order (the "<u>Order</u>") entered on _____, 2022 in *In re: Ho Wan Kwok*, Case No. 22-50073 (JAM), in the United States Bankruptcy Court for the District of Connecticut.  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.  I further certify that I will not use Designated Material for any purpose other than the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order

---

[1]   Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are 9595.

to receive Designated Material.  I agree to be bound by the terms and conditions of the Order.

5.  I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.  I acknowledge and agree that I am aware that by receiving Designated Material:

   a.  I may be receiving material nonpublic information about companies that issue securities; and

   b.  There exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.  I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

Signature: _____

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                      :

In re:                     :     Chapter 11
                      :

HO WAN KWOK,         :     Case No. 22-50073 (JAM)
                      :

          Debtor.[1]     :

                      :
------------------------------------------------------x

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on September 24, 2022, the foregoing Motion (including the proposed order attached thereto) was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2]  Parties may access this filing through the Court's CM/ECF system.

Dated:    September 24, 2022      LUC A. DESPINS,
           New Haven, Connecticut    CHAPTER 11 TRUSTEE

                              By: */s/ Patrick R. Linsey*
                                Douglas S. Skalka (ct00616)
                                Patrick R. Linsey (ct29437)
                                NEUBERT, PEPE & MONTEITH, P.C.
                                195 Church Street, 13th Floor
                                New Haven, Connecticut 06510
                                (203) 781-2847
                                dskalka@npmlaw.com, plinsey@npmlaw.com

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are 9595.

[2]    To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

*and*

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(pro hac vice)*
Douglass Barron *(pro hac vice)*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*