**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK,                                        :    Case No. 22-50073 (JAM)
                                                    :
          Debtor.[1]                               :
                                                    :
---------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING, IF ANY, ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF PROTECTIVE ORDER**

      Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing, if any, to consider and determine the *Motion of Chapter 11 Trustee for Entry of Protective Order* [Docket No. 874] (the "Motion for Protective Order"). In support of his Motion to Expedite, the Trustee respectfully states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

      1.    The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The Motion for Protective Order, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case").  No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

8. On July 28, 2022 the Trustee filed motions for Rule 2004 discovery as to the Debtor, certain of the Debtor's professionals, and certain persons and entities related to the Debtor (the "Initial 2004 Motions").[2]

9. On August 16, 2022, the Court entered orders granting the Initial 2004 Motions (the "Initial 2004 Orders").[3]

---

[2] *See* [ECF No. 636] (Debtor); [ECF No. 637] (Debtor's Professionals); [ECF No. 638] (Related Entities and Individuals); Case No. 22-50073 (JAM).
[3] *See* [ECF Nos. 756, 757, 758].

10. On September 7, 2022 the Trustee submitted his first supplemental motion for Rule 2004 discovery with respect to additional professionals, persons and entities related to the Debtor, and relevant financial institutions (the "First Supplemental 2004 Motion").[4]

11. On September 21, 2022 the Court entered an order granting the First Supplemental 2004 Motion (together with the Initial 2004 Orders, the "Rule 2004 Orders").[5]

## MOTION FOR PROTECTIVE ORDER[6]

12. By the Motion for Protective Order, the Trustee requests that the Court enter the Proposed Order, governing the treatment of documents and testimony in this case, including any confidential or highly confidential information relating to the Trustee's investigation or other issues or disputes in the above-captioned chapter 11 case.

13. The subject of matter of this case, including the Rule 2004 investigation the Trustee is undertaking, raises numerous issues related to confidential communications, requests for confidential advice from advisors, and sensitive business transactions. Due to the sensitive and confidential nature of this personal and business information, it is important that a protective order be entered, so that all parties and witnesses can provide information and evidence without concern that doing so may lead to the potentially harmful disclosure of confidential information.

14. Most pressingly, certain respondents to the Trustee's Rule 2004 subpoenas, including former legal advisors to the Debtor and other professionals, have requested that a protective order be entered providing for procedures and protections governing confidential or highly confidential information before they produce documents to the Trustee. Accordingly, it is essential that the Court expeditiously establish a clear framework for the sharing of confidential

---

[4] *See* [ECF No. 839].
[5] *See* [ECF No. 866].
[6] The following summary of the relief sought in the Motion for Protective Order is qualified in its entirety by the Motion for Protective Order.

3

and highly confidential information, so that the Trustee can continue to move forward with his investigation of potential assets of the Debtor.

**RELIEF REQUESTED**

15. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Motion for Protective Order upon an expedited basis. First, the Trustee submits that the Court may and should enter the Proposed Order[7] without further notice or a hearing. Bankruptcy Rule 9018 provides that

> On motion or on its own initiative, ***with or without notice***, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed. R. Bankr. P. 9018. Accordingly, the Trustee submits that, in light of the nature of the relief requested in the Motion for Protective Order, no other or further notice need be given and a hearing in unnecessary.

16. Second, should the Court elect to hold a hearing on the Motion for Protective Order, the Trustee respectfully requests that the Court schedule a hearing with respect to the Motion for Protective Order to be held Tuesday, September 27, 2022, at 2:00 p.m. (prevailing Eastern Time) or as soon as possible thereafter as the Court may be available. The Court has already set September 27, 2022 as the hearing on, among other things, the Trustee's retention application of Harney Westwood and Riegels LP [ECF No. 807].

---

[7] Capitalized terms not defined herein have the meanings ascribed to such terms in the Motion for Protective Order.

17. As detailed in the Motion for Protective Order, it is paramount that the Trustee obtain, as soon as possible, documents and communications from the Debtor and all other parties subpoenaed pursuant to the Rule 2004 Orders, in order to preserve and recover assets for the benefit of the Estate. Further, other material issues and disputes in the Chapter 11 Case will and do involve confidential and highly confidential information. Unless the Court enters an order substantially in the form of the Proposed Order, parties in interest, including parties subject to the Rule 2004 Orders or involved in other disputes related to the Chapter 11 Case, may refuse to produce critical records to the Trustee in a timely manner, regardless of the merits of any decision to withhold documents. Any such delay in obtaining information that might preserve and assist in the recovery of assets for the benefit of the Estate is of great concern to the Trustee and could impede the Trustee's exercise of control over such assets.

18. Furthermore, there is minimal, if any, prejudice to parties in interest by expediting consideration of the Motion for Protective Order. The Trustee has had constructive discussions with the Debtor and numerous other parties subject to the Rule 2004 Orders concerning the parties' mutual interest in having a protective order govern confidential and highly confidential materials in the Chapter 11 Case as soon as practicable. Parties to adversary proceedings and other disputes in the Chapter 11 Case will only benefit from entry of the Proposed Order, which will expedite compliance with discovery obligations in the Chapter 11 Case generally.

19. Finally, the Trustee requests that, if the Court does not enter the Proposed Order without further notice and without a hearing, the Court direct that the Court's order granting this Motion to Expedite and scheduling a hearing be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee.

WHEREFORE, the Trustee requests that the Court grant the relief requested in the Motion for Protective Order and enter the Proposed Order without further notice and without a hearing, but if the Court should elect to provide further notice of the Motion for Protective Order and hold a hearing, the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Motion for Protective Order on September 27, 2022, at 2:00 p.m. (prevailing Eastern Time), ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated:  September 24, 2022            LUC A. DESPINS,
        New Haven, Connecticut        CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com, plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK,                                             :    Case No. 22-50073 (JAM)
                                                         :
       Debtor.                                           :
                                                         :
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Entry of Protective Order* [Docket No. 874] (the "Motion for Protective Order");[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Motion for Protective Order shall be held on **September 27, 2022, at 2:00 p.m. (prevailing Eastern Time)** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Motion for Protective Order shall be _____ **at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Motion for Protective Order and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, on or before September \_\_, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                                                   :
In re:                                             :   Chapter 11
                                                   :
HO WAN KWOK,                                       :   Case No. 22-50073 (JAM)
                                                   :
         Debtor.                                   :
                                                   :
---------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 24, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated:    September 24, 2022
          New Haven, Connecticut

                                    By: */s/ Patrick R. Linsey*
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2