**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HO WAN KWOK | § | CASE NO. 22-50073 (JAM) |
| | § | |
| Debtor. | § | |

**THE DEBTOR'S OBJECTION TO MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING, IF ANY, ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF PROTECTIVE ORDER**

Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby objects to the Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing, If Any, on Motion of Chapter 11 Trustee for Entry of Protective Order (Doc. No. 875) (the "Motion to Expedite"), filed by Luc A. Despins, the Chapter 11 Trustee (the "Trustee"), on the evening of Saturday, September 24 2022. In support of his objection, the Debtor respectfully represents as follows:

1. On Saturday, September 24, 2022, at 4:42pm, the Trustee filed the Motion of Chapter 11 Trustee for Entry of Protective Order (Doc. No. 874) (the "Motion for Protective Order"), seeking the entry of the Proposed Protective Order (the "Proposed Protective Order") appended thereto as Exhibit A.

2. Immediately after filing the Motion for Protective Order, the Trustee filed the Motion to Expedite, asking that the Court to enter the Proposed Protective Order without a hearing, or alternatively, to hold a hearing on September 27, 2022.

3. Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the

period reduced." "In considering such motions, courts should balance possible prejudice to other parties against the reasons advanced for reducing the time." 10 Collier on Bankruptcy ¶ 9006.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). "The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986).

4. The Trustee has not shown cause as to why an expedited hearing should be held or that the Proposed Protective Order should enter without providing the Debtor an opportunity to fully review and respond to it. He only cites to the fact that this Court has issued orders regarding his requests to take Rule 2004 Examinations of various parties but does not explain why that necessitates the entry of an order with insufficient notice and opportunity to respond by the Debtor.

5. While the Debtor agrees that a protective order is appropriate in this case, he and his counsel should have adequate time to review the Proposed Protective Order and object to the inclusion of provisions that he believes are inappropriate or the failure to include other appropriate terms. However, through the Motion to Expedite, the Trustee essentially seeks to deprive the Debtor of a full and fair opportunity to respond to the Motion for Protective Order, which was filed on a Saturday evening prior to Rash Hashana, for consideration at a hearing on the following Tuesday (or not at all). Moreover, the Trustee never shared a draft of the Proposed Protective Order with the Debtor's counsel for comment or discussion, but rather, attempts to obtain a protective order, which would apply to confidential or otherwise sensitive information about the Debtor, on little or no notice, so that it is subject to as little scrutiny as possible. This is not appropriate, and the Court should deny the Motion to Expedite.

6. Again, the Debtor agrees with the general proposition that a protective order

2

should enter. However, he respectfully requests that he be given adequate time to review the Proposed Protective Order with his counsel and confer with counsel for the Trustee on any appropriate changes as the Debtor, unlike the Trustee, would like to attempt to see whether agreement can be reached on the language of a protective order, or at least whether any disputed issues may be narrowed. Failing an agreement on a proposed protective order, the Debtor requests a reasonable opportunity to file an objection thereto and have a hearing in due course.

**WHEREFORE**, the Debtor requests that the Court deny the Motion to Expedite, and grant him such other and further relief as this Court deems just and proper.

Dated at Bridgeport, Connecticut this 26th day of September, 2022.

**THE DEBTOR,
HO WAN KWOK**

By: */s/John L. Cesaroni*
Eric A. Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
skindseth@zeislaw.com
aromney@zeislaw.com
jmoriarty@zeislaw.com
jcesaroni@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HO WAN KWOK | § | CASE NO. 22-50073 (JAM) |
| | § | |
| Debtor. | § | |

**CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 26th day of September, 2022, a copy of the foregoing was sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

By: */s/John L. Cesaroni*
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: jcesaroni@zeislaw.com

4