**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, : Case No. 22-50073 (JAM)
:
Debtor.[1] :
:
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER AUTHORIZING
COMPLIANCE WITH RULE 2004 SUBPOENAS AND ENFORCING CONSENT
ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK
PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS
AND INFORMATION**

Luc A. Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), by and through his undersigned counsel, submits this motion (the "Motion") pursuant Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing Brown Rudnick LLP ("Brown Rudnick") and Verdolino & Lowey, P.C. ("Verdolino") to produce Rule 2004 subpoenaed documents and information and enforcing the Court's *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [ECF No. 856] (the "Privilege Order"). In support of the Motion, the Trustee respectfully states as follows:

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

**PRELIMINARY STATEMENT**

1. On August 17, 2022 the Trustee served Brown Rudnick and Verdolino[2] with subpoenas (the "Rule 2004 Subpoenas") pursuant to the Court's order granting the Trustee's motion to conduct a Rule 2004 investigation of certain of the Debtor's current and former advisors, including Brown Rudnick and Verdolino. Despite their best efforts to diligently comply with the Rule 2004 Subpoenas, and the Privilege Order's clear direction that all post-petition privileged documents in the custody and possession of Brown Rudnick and Verdolino are presumed to be under the control of the Trustee, Brown Rudnick and Verdolino have been unable to produce to the Trustee a single responsive, post-petition, privileged document to date. The Debtor has prevented Brown Rudnick and Verdolino from making any production by taking unreasonable and improper positions in violation of the Privilege Order. The Trustee, Brown Rudnick, and Verdolino now ask the Court to enforce the Privilege Order and authorize Brown Rudnick and Verdolino to immediately produce all responsive documents in their possession to the Trustee.

2. Based on discussions with Brown Rudnick, for itself and on behalf of Verdolino, the Trustee understands that, initially, the Debtor first took the unreasonable position, prior to the subpoena Production Deadline,[3] that he would neither (i) permit Brown Rudnick and Verdolino to produce post-petition, privileged documents to the Trustee, despite not identifying to Brown Rudnick and Verdolino a single privileged document or category of document likely in the possession of Brown Rudnick and/or Verdolino that might cause the Debtor personal harm as required by the Privilege Order, nor (ii) be willing to allow his current counsel, Zeisler & Zeisler,

---

[2] The Debtor applied to employ Verdolino as his financial advisor, but that application was later withdrawn. (*See* [ECF No. 737]). Brown Rudnick accepted service of a Rule 2004 subpoena directed to Verdolino, on behalf of Verdolino.

[3] Capitalized terms not defined in the Preliminary Statement have the meanings ascribed to them in subsequent sections of the Motion.

P.C., to undertake its own timely review of the documents. Now, weeks later, with both the Production Deadline and the 10-day deadline for producing a privilege log under the Privilege Order having passed, the Debtor wishes to avail himself of an opportunity he previously spurned, requesting that his counsel review ***every single post-petition privileged document of Brown Rudnick and Verdolino prior to its production***. The Debtor makes this request despite not being able to articulate a good faith basis to believe that any document in the files of Brown Rudnick and/or Verdolino could give rise to personal harm to the Debtor if disclosed to the Trustee, which is the only basis on which the Debtor can seek to withhold documents under the Privilege Order.

3. The review the Debtor requests to undertake will cause nothing but further delay in the Trustee's investigation, and is wholly improper. Given the presumption in the Privilege Order that the Trustee controls the privilege as to all of the documents in the possession of Brown Rudnick and Verdolino, Brown Rudnick and Verdolino should be permitted to produce them immediately. To the extent the Debtor believes in good faith any of the document(s) should have been withheld due to a likelihood of causing personal harm, he can exercise his right under Rule 26 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>") to claw back the documents and seek to log them pursuant to the Privilege Order. The Debtor will not be prejudiced by this procedure because the Privilege Order expressly provides that production of documents to the Trustee will not result in a privilege waiver, and the Trustee cannot seek to effect any such waiver without further order of the Court.

4. Accordingly, for these reasons and those discussed below, the Trustee requests that Brown Rudnick and Verdolino be authorized to immediately produce to the Trustee all responsive post-petition privileged documents in their possession and custody, subject to the Debtor's right

to seek to claw back any such documents he believes, in good faith, will cause him personal harm, in accordance with the requirements of the Privilege Order.

## PROCEDURAL POSTURE

5.      On August 17, 2022, the Trustee served the Rule 2004 Subpoenas on Brown Rudnick and Verdolino, requesting the production of documents and information concerning, among other topics, potential assets of the Debtor's estate (the "Estate"). Pursuant to the Rule 2004 Subpoenas and the Court's *Order Granting Chapter 11 Trustee's Application for Rule 2004 Discovery with Respect to Various Legal and Financial Advisors to the Debtor* [ECF No. 756], Brown Rudnick and Verdolino were directed to produce all responsive documents to the Trustee by September 16, 2022 (the "Production Deadline").

6.      On September 14, 2022, the Court entered the consensually negotiated and agreed upon Privilege Order, the purpose of which was to expedite the investigation process by clearly setting out which privileged documents were under the control of the Trustee and which remained controlled by the Debtor. With regard to post-petition documents in the possession or control of Brown Rudnick and Verdolino, the Privilege Order explicitly provides that

> it is presumed that the Trustee has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with their representation of the Debtor in this case, subject to the terms set forth in paragraph 7.

(Privilege Order, ¶ 6.).

7.      Pursuant to paragraph 7 of the Privilege Order, the Debtor has only a limited ability to seek to withhold documents as privileged on the grounds that disclosure would cause him personal harm ("Personal Harm Documents," and each, a "Personal Harm Document") (*Id.,* ¶ 7). Specifically,

> to the extent the Debtor believes in good faith that particular documents or information . . . could result in ***personal harm*** to the Debtor if disclosed to the Trustee, then (i) ***the Debtor's counsel*** [*i.e.*, Zeisler & Zeisler, P.C.] ***shall, within 10 days of the applicable production deadline*** . . . log all such documents . . . and/or identify all such non-documentary information in a manner necessary to support the claim of privilege including with sufficient information to prima facie identify the basis for asserting the potential for personal harm[, however,] . . . that the disclosure of documents or information in question could result in the Trustee identifying potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, ***shall not*** constitute "personal harm to the Debtor" sufficient to withhold documents or information pursuant to [paragraph 7], regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

*Id.* (emphasis added).

8. Accordingly, to the extent the Debtor seeks to withhold a document from the Trustee as privileged, any such privilege: (i) may only be asserted based on purported personal harm to the Debtor that is unrelated to (a) the identification of potential Estate assets or (b) evidence concerning the Debtor's potential ownership or control of various assets, and (ii) must be asserted by the Debtor within 10 days of the applicable Production Deadline by causing the documents to be placed on a privilege log (the "<u>Privilege Log Deadline</u>"). (*Id.*).

## FACTUAL BACKGROUND

9. Based on discussions with Brown Rudnick, the Trustee understands that following entry of the Court's order authorizing Rule 2004 examinations of, among others, Brown Rudnick and Verdolino, (*see* [ECF No. 756]) (entered Aug. 16, 2022) and continuing until September 28, 2022, Brown Rudnick engaged in numerous discussions with Zeisler & Zeisler, P.C., current counsel to the Debtor in the chapter 11 case (the "<u>Debtor's Counsel</u>"), regarding Brown Rudnick and Verdolino's ability to produce responsive post-petition privileged documents to the Trustee.

10. On or about September 14, 2022, Brown Rudnick informed the Debtor's Counsel that, given Brown Rudnick's lack of access to the Debtor, and its inability to presume what the Debtor may believe would cause him personal harm, Brown Rudnick was not in a position to withhold responsive documents on that basis. The Trustee understands that the Debtor's Counsel, despite having access to the Debtor, did not inform Brown Rudnick of any documents, nor categories of information or conduct, that it believed would cause the Debtor personal harm, leading Brown Rudnick to request that the Debtor agree that Brown Rudnick may produce all responsive post-petition privileged documents to the Trustee. The Debtor refused.[4]

11. Given the Debtor's refusal, Brown Rudnick stated that in the alternative it would provide the Debtor's Counsel with all of the Brown Rudnick and Verdolino documents prior to their production to allow the Debtor and/or the Debtor's Counsel conduct a review for Personal Harm Documents. Unreasonably, the Debtor refused this offer as well, informing Brown Rudnick that it was somehow Brown Rudnick's responsibility to divine what might cause personal harm to the Debtor. This, of course, is incorrect, because the Debtor owns the privilege, and only the Debtor—through his current counsel—can decide what may cause him personal harm if disclosed.

12. With Brown Rudnick being provided no basis by the Debtor to withhold any privileged documents, but yet being faced with the prospect of the Debtor claiming that Brown Rudnick had no right to produce his privileged documents, the September 16 Production Deadline and September 26 Privilege Log Deadline passed without production of documents or a log.

13. Made aware of the impasse by discussions with Brown Rudnick and Debtor's Counsel throughout the relevant time period, the Trustee proposed to the Debtor (the "Trustee Proposal") that Brown Rudnick and Verdolino produce the responsive post-petition privileged

---

[4] The Trustee's understanding of the discussions that are described herein and other facts set forth in this Factual Background are based principally on statements made by Brown Rudnick.

documents to the Trustee and that, in the unlikely event that any Personal Harm Document existed, the Debtor could exercise his right to claw back the document as having been inadvertently produced pursuant to Federal Rule 26. The Debtor rejected the Trustee Proposal.

14. After the Production Deadline passed, the Debtor's Counsel informed counsel for the Trustee and Brown Rudnick that it would agree to perform a review of potential Personal Harm Documents, on condition that it (a) could review every responsive post-petition privileged document, despite the Privilege Order's directive that such documents are presumed to be under the control of the Trustee, and (b) be permitted an unspecified (and seemingly unlimited) "reasonable time" to perform such a review. The Debtor's alternative offer was to maintain its incorrect position that Brown Rudnick and Verdolino, and not the Debtor, should be required to determine what privilege documents might cause personal harm to the Debtor, and undertake a review of all responsive post-petition privileged documents in Brown Rudnick's possession. Given the almost certain likelihood that either of the Debtor's proposals would cause the already late productions of Brown Rudnick and Verdolino to become further delayed, to the prejudice of the Trustee and the Estate, the Trustee rejected the Debtor's proposals.

15. On September 29, 2022, counsel for the Debtor, the Trustee and Brown Rudnick conducted a conference call to attempt to find a consensual path forward. In an attempt to reach consensus, the Trustee, once again, reiterated its proposal for full production of documents by Brown Rudnick and Verdolino, protected by a claw back right of the Debtor, emphasizing that the Trustee Proposal would allow the Trustee to obtain the documents in a timely manner, while preserving, and not waiving, any rights or arguments of the Debtor. Unfortunately, the Debtor once again took the position that, prior to any production, his counsel needed to review each post-petition, privileged document in Brown Rudnick and Verdolino's possession, despite his continued

inability to articulate why any documents might exist that would give rise to personal harm if disclosed to the Trustee.

## JURISDICTION AND VENUE

16. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

17. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

18. The Trustee seeks entry of an order, in substantially the form of the Proposed Order, pursuant to Bankruptcy Rules 2004 and 9016, authorizing Brown Rudnick and Verdolino to produce Rule 2004 subpoenaed documents and enforcing the Privilege Order.

## BASIS FOR RELIEF REQUESTED

19. It is axiomatic that "Bankruptcy courts retain jurisdiction to enforce and interpret their own orders." *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005) (citation omitted). Furthermore, Bankruptcy Courts have "broad administrative power" to issue any order that serves the interest of preserving the value of the Debtor's assets and to facilitate an efficient process to manage its docket. *See, e.g., Adelphia Commc'ns Corp. v. The Am. Channel, LLC (In re Adelphia Commc'ns Corp.)*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) (explaining the court "may use its equitable powers to assure the orderly conduct of the reorganization proceedings") (quoting *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985)).

20. Federal Rule 26, together with Federal Rule of Evidence 502(b), "provide[s] for a clawback of confidential documents contained among other materials knowingly produced." *U.S. v. Caroleo,* No. 17-cr-177 (ENV), 2019 WL 5869690 at, *2 (E.D.N.Y. Nov. 11, 2019).

> Pursuant to Federal Rule of Civil Procedure 26, which is referenced by Federal Rule of Evidence 502(b), a party in receipt of information

>> subject to a claim of privilege must, after being notified, 'promptly return, sequester, or destroy the specified information.' Fed. R. Civ. P. 26(b)(5)(B). In this world of electronic document production by the terabyte, bench and bar concluded that it was incumbent ***not to slow production pending scrupulous scrutiny of each document for privilege***. *See id.* advisory committee's note to 2006 amendment (noting that the risk of waiver as to electronically stored information 'and the time and effort required to avoid it, can increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact been reviewed').

*Id.* (emphasis added). *See also Bretillot v. Burrow,* No. 14cv7633 (JGK)(MHD), 2015 WL 5306224, at *27 (S.D.N.Y. June 30, 2015) (discussing interplay between Federal Rule of Evidence 502 and Rule 26(b)(5)(B), and, given the growing costs of electronic discovery, the need to permit clawback of documents). Accordingly, the Trustee's Proposal, by providing for a claw back right of the Debtor, is consistent with the plain meaning and purpose the Federal Rules and is a reasonable, common-sense approach that preserves the rights of all Parties.

21. Given the Production Deadline and Privilege Log Deadline have passed, and the absence of any stated grounds to believe any Personal Harm Documents might exist, coupled with the presumption in paragraph 6 of the Privilege Order that the Trustee now controls the privilege over all documents in the possession or custody of Brown Rudnick and Verdolino, the Court can and should order that: (i) Brown Rudnick and Verdolino are authorized to immediately produce all privileged documents to the Trustee pursuant to paragraph 6 of the Privilege Order; (ii) if the Debtor believes any such document is a Personal Harm Document, the production of such Personal Harm Document will be treated as inadvertent under Federal Rule of Civil Procedure 26(b)(5)(B); and, (iii) such Personal Harm Document may be clawed backed by the Debtor and logged in a privilege log, upon which either the Trustee or Debtor may avail itself of its right to request

adjudication of any dispute concerning the claim of privilege as set forth more fully in paragraph 7 of the Privilege Order.

22. The Debtor's rejection of this approach, and its position to the contrary that it should be permitted to review every Brown Rudnick and Verdolino document prior to production, is unreasonable and unnecessary and would do nothing more than further delay the Trustee's investigation. The Debtor has been on notice of the privilege issue for months and has never sought relief under the Privilege Order for an "extension of time" to fulfill its obligations under the Privilege Order by the Privilege Log Deadline. (*See* Privilege Order, ¶ 7(i)). The Privilege Order is explicit that, if the Debtor wishes to assert privilege over a document on the basis of personal harm, ***the Debtor's Counsel (Zeisler & Zeisler, P.C.) has 10 days from the Production Deadline to produce a privilege log***. This 10-day deadline has passed, and the Debtor's Counsel has not logged a single document; thus, the Debtor no longer has the right to log any documents, and they can be produced, subject to the Debtor's claw-back rights under Federal Rule 26.

23. The relief the Trustee seeks in the Proposed Order will provide a means for all parties, including the Debtor, to comply with the Privilege Order without waiving any right or suffering any prejudice and will ensure that the Trustee's investigation not be further disrupted by the Debtor's unreasonable positions and obstructionist tactics. Accordingly, the Trustee respectfully requests that the Proposed Order be entered by the Court.

## NO PRIOR REQUEST

24. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and (a) enter the Proposed Order in substantially the form attached hereto and (b) grant such other and further relief as may be just and proper.

Dated:  September 30, 2022  　　　　　　　LUC A. DESPINS,
　　　　New Haven, Connecticut　　　　　　CHAPTER 11 TRUSTEE

　　　　　　　　　　　　　　　　　　　　By: */s/ Patrick R. Linsey*
　　　　　　　　　　　　　　　　　　　　　　Patrick R. Linsey (ct29437)
　　　　　　　　　　　　　　　　　　　　　　NEUBERT, PEPE & MONTEITH, P.C.
　　　　　　　　　　　　　　　　　　　　　　195 Church Street, 13th Floor
　　　　　　　　　　　　　　　　　　　　　　New Haven, Connecticut 06510
　　　　　　　　　　　　　　　　　　　　　　(203) 781-2847
　　　　　　　　　　　　　　　　　　　　　　plinsey@npmlaw.com

　　　　　　　　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　　　　　　　Nicholas A. Bassett (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　2050 M Street NW
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C., 20036
　　　　　　　　　　　　　　　　　　　　　　(202) 551-1902
　　　　　　　　　　　　　　　　　　　　　　nicholasbassett@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　　*and*

　　　　　　　　　　　　　　　　　　　　　　Avram E. Luft (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Douglass Barron (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　　　　　　　　(212) 318-6079
　　　　　　　　　　　　　　　　　　　　　　aviluft@paulhastings.com
　　　　　　　　　　　　　　　　　　　　　　douglassbarron@paulhastings.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Chapter 11 Trustee*

**Exhibit A – Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, : Case No. 22-50073 (JAM)
: 
Debtor.[5] :
: 
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER AUTHORIZING COMPLIANCE WITH RULE 2004 SUBPOENAS AND ENFORCING CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Upon consideration of the Motion seeking an order authorizing Brown Rudnick LLP and Verdolino & Lowey, P.C. to produce Rule 2004 subpoenaed documents and information and enforcing the Court's *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [ECF No. 856] (the "Privilege Order"), after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Motion is granted as set forth below.

**ORDERED**: Brown Rudnick LLP and Verdolino & Lowey, P.C. are hereby authorized to immediately produce to the Trustee all post-petition documents responsive to the Rule 2004 subpoena the Trustee served on Brown Rudnick LLP and Verdolino & Lowey, P.C., respectively, on August 17, 2022.

**ORDERED**: The Debtor may exercise his rights under Federal Rule of Civil Procedure 26(b)(5)(B) to seek to claw back any document produced by Brown Rudnick LLP and/or Verdolino & Lowey, P.C. and to assert privilege over any such document to the extent he is permitted to do so in accordance with paragraph 7 of the Privilege Order.

**ORDERED**: Any document clawed back by the Debtor shall be logged in a privilege log provided to the Trustee within two days of the Debtor's notice of such claw back.

---

[5] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

**ORDERED**: Pursuant to paragraph 7 of the Privilege Order, either the Trustee or Debtor may avail itself of its right to request adjudication of any dispute concerning the Debtor's claim of privilege over any clawed back document at any time.

**ORDERED**: This Order is immediately enforceable.

Dated: _____, 2022

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Julie A. Manning,
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge