**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                          :        Chapter 11
:
HO WAN KWOK,                                    :        Case No. 22-50073 (JAM)
:
Debtor.[1]                                      :
:
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER AUTHORIZING COMPLIANCE WITH RULE 2004 SUBPOENAS AND ENFORCING CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance With Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents And Information* [Docket No. 898] (the "Enforcement Motion"). In support of this Motion to Expedite, Movants respectfully state as follows:

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The Enforcement Motion, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

8. On July 28, 2022 the Trustee filed motions for Rule 2004 discovery as to the Debtor, certain of the Debtor's professionals, and certain persons and entities related to the Debtor (the "Initial 2004 Motions").[2]

9. On August 16, 2022, the Court entered orders granting the Initial 2004 Motions (the "Initial 2004 Orders").[3]

10. On August 17, 2022 the Trustee served Brown Rudnick LLP ("Brown Rudnick") and Verdolino & Lowey, P.C. ("Verdolino") with subpoenas (the "Rule 2004 Subpoenas") pursuant to the Court's order granting the Trustee's motion to conduct a Rule 2004 investigation of certain of the Debtor's current and former advisors, including Brown Rudnick and Verdolino. Pursuant to the Rule 2004 Subpoenas and the Court's *Order Granting Chapter 11 Trustee's Application for Rule 2004 Discovery with Respect to Various Legal and Financial Advisors to the Debtor* [ECF No. 756], Brown Rudnick and Verdolino were directed to produce all responsive documents to the Trustee by September 16, 2022 (the "Production Deadline").

11. On September 14, 2022, the Court entered the consensually negotiated and agreed upon *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [ECF No. 856] (the "Privilege Order"), the purpose of which was to expedite the investigation process by clearly setting out which privileged documents were under the control of the Trustee and which may remain controlled by the Debtor.

12. Based on discussions with Brown Rudnick, the Trustee understands that following entry of the Court's order authorizing Rule 2004 examinations of, among others, Brown Rudnick and Verdolino, (*see* [ECF No. 756]) (entered Aug. 16, 2022) and continuing until September 28,

---

[2] *See* [ECF No. 636] (Debtor); [ECF No. 637] (Advisors); [ECF No. 638] (Related Entities and Individuals).
[3] *See* [ECF Nos. 756, 757, 758].

2022, Brown Rudnick, on behalf of itself and Verdolino, engaged in numerous discussions with Zeisler & Zeisler, P.C., current counsel to the Debtor in the chapter 11 case (the "Debtor's Counsel"), regarding its ability to produce responsive post-petition privileged documents to the Trustee.  Despite their best efforts to diligently comply with the Rule 2004 Subpoenas, and the Privilege Order's clear direction that all post-petition privileged documents in the custody and possession of Brown Rudnick and Verdolino are presumed to be under the control of the Trustee, Brown Rudnick and Verdolino have been unable to produce to the Trustee a single responsive, post-petition, privileged document to date.  The Debtor has prevented Brown Rudnick and Verdolino from making any production by taking unreasonable and improper positions in violation of the Privilege Order.

## ENFORCEMENT MOTION[4]

13. By the Enforcement Motion, the Trustee asks the Court to enforce the Privilege Order and authorize Brown Rudnick and Verdolino to immediately produce all responsive documents in their possession to the Trustee.  The Privilege Order provides that the Trustee presumptively has exclusive control over all post-petition documents and files in the possession or control of Brown Rudnick and Verdolino in connection with their representation of the Debtor in this case.  (*See* Privilege Order, ¶ 6).  Pursuant to paragraph 7 of the Privilege Order,

> to the extent the Debtor believes in good faith that particular documents or information . . . could result in personal harm to the Debtor if disclosed to the Trustee, then (i) the Debtor's counsel [i.e., Zeisler & Zeisler, P.C.] shall, within 10 days of the applicable production deadline . . . log all such documents . . . and/or identify all such non-documentary information in a manner necessary to support the claim of privilege including with sufficient information to prima facie identify the basis for asserting the potential for personal harm[, however,] . . . that the disclosure of documents or information in question could result in the Trustee identifying

---

[4] The following summary of the relief sought in the Enforcement Motion is qualified in its entirety by the Enforcement Motion.

4

>  potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, shall not constitute "personal harm to the Debtor" sufficient to withhold documents or information pursuant to [paragraph 7], regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

14. The Privilege Order therefore establishes a presumption that certain Rule 2004 subpoenaed documents in the possession of Brown Rudnick and Verdolino are under the Trustee's control, and to the extent the Debtor seeks to withhold a document from the Trustee as privileged, any such privilege: (i) may only be asserted based on purported personal harm to the Debtor that is unrelated to (a) the identification of potential Estate assets or (b) evidence concerning the Debtor's potential ownership or control of various assets ("<u>Personal Harm Documents</u>"), and (ii) must be asserted by the Debtor within 10 days of the applicable Production Deadline by causing the documents to be placed on a privilege log (the "<u>Privilege Log Deadline</u>"). (*Id.*, ¶¶ 6, 7).

15. For weeks the Trustee and Brown Rudnick (for itself and on behalf of Verdolino) have sought a timely resolution of the Debtor's purported concerns regarding the handling of Personal Harm Documents, notwithstanding the absence of any stated basis from the Debtor to conclude that any such documents may exist or be in the possession of Brown Rudnick and/or Verdolino. Given the impasse and the prejudicial delay to the Trustee's investigation it is causing, the Trustee proposed to the Debtor (the "<u>Trustee Proposal</u>") that Brown Rudnick and Verdolino produce responsive post-petition privileged documents to the Trustee and that, in the unlikely event that any Personal Harm Document existed, the Debtor could exercise his right to claw back the document as having been inadvertently produced pursuant to Federal Rule 26. The Debtor rejected the Trustee Proposal.

16. The Production Deadline and Privilege Log Deadline have passed, and the Debtor now insists that prior to any production to the Trustee, Debtor's Counsel must review each post-

petition, privileged document in the possession of Brown Rudnick and Verdolino, despite the Debtor's continued inability to articulate why any Personal Harm Document might exist.

17.     The Trustee Proposal, as set forth in the Proposed Order (as defined in the Enforcement Motion and annexed thereto), provides a means for all parties, including the Debtor, to comply with the Privilege Order without waiving any right or suffering any prejudice and will ensure that the Trustee's investigation not be further disrupted by the Debtor's unreasonable positions and obstructionist tactics.  Accordingly, the Court can and should order that: (i) Brown Rudnick and Verdolino are authorized to immediately produce all privileged documents to the Trustee pursuant to paragraph 6 of the Privilege Order; (ii) if the Debtor believes any such document is a Personal Harm Document, the production of such Personal Harm Document will be treated as inadvertent under Federal Rule of Civil Procedure 26(b)(5)(B); and, (iii) such Personal Harm Document may be clawed backed by the Debtor and logged in a privilege log, upon which either the Trustee or Debtor may avail itself of its right to request adjudication of any dispute concerning the claim of privilege as set forth more fully in paragraph 7 of the Privilege Order.

## RELIEF REQUESTED

18.     Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown.  Cause exists to consider and determine the Enforcement Motion upon an expedited basis.

19.     The Trustee submits that the ongoing delay in receiving the Rule 2004 subpoenaed documents from Brown Rudnick and Verdolino, when the Debtor has had notice of this issue for weeks, is prejudicial to the Trustee and the Estate given the attendant delay in the Trustee's investigation the Debtor's conduct is causing.  The prejudice to the Trustee based on the delay to his investigation alone establishes cause to hear the Enforcement Motion on shortened notice.  The

Proposed Order also ensures enforcement of the Privilege Order, allows Brown Rudnick and Verdolino to comply with their obligations under the Rule 2004 Subpoenas, and causes no harm to any parties in interest, including the Debtor. In fact, and consistent with the Privilege Order, the Proposed Order provides claw back protections to the Debtor under Federal Rule 26, notwithstanding his failure to identify any good faith basis to conclude the a single Personal Harm Document exists.

20. As detailed in the Enforcement Motion, it is paramount that the Trustee obtain, as soon as possible, documents and communications from Brown Rudnick and Verdolino in order to preserve and recover assets for the benefit of the Estate. These privilege and Personal Harm Document issues have been well known to the Debtor, and the Court should not countenance further delay that prejudices the Trustee's investigation, to the detriment of the Estate. Furthermore, there is no prejudice to parties in interest by expediting consideration of the Enforcement Motion. The Debtor will be afforded the protections of Federal Rule 26 under the Proposed Order, and authorizing the production of the Rule 2004 subpoenaed documents will materially benefit the Trustee's investigation.

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Enforcement Motion on October 4, 2022, at 12:00 p.m. (prevailing Eastern Time), ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated: September 30, 2022
New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                    :    Chapter 11
:
HO WAN KWOK,                              :    Case No. 22-50073 (JAM)
:
      Debtor.                       :
:
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance With Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents And Information* [Docket No. 898] ("Enforcement Motion");[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Enforcement Motion shall be held on **October 4, 2022, at 12:00 p.m. (prevailing Eastern Time)** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Enforcement Motion shall be _____ **at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Enforcement Motion and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, on or before October __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, : Case No. 22-50073 (JAM)
:
Debtor. :
:
---------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 30, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1] Parties may access this filing through the Court's CM/ECF system.

Dated: September 30, 2022
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

---

[1] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*