**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------X
:
In re:                                                                                  :    Chapter 11
                                                                                            :
    Ho Wan Kwok,                                                  :    Case No. 22-50073 (JAM)
                                                                                            :
                                                                                            :
               Debtor.[1]                                            :
                                                                                            :
---------------------------------------------------------------X

**RESPONSE TO TRUSTEE'S MOTION FOR PROTECTIVE ORDER, AND CONSENT TO FURTHER RELIEF SOUGHT BY TRUSTEE**

Brown Rudnick LLP ("Brown Rudnick") and Verdolino & Lowey P.C. ("VLPC," with Brown Rudnick, the "Respondents") hereby submit this response in connection with the *Motion of Chapter 11 Trustee for Entry of Protective Order* (the "Motion") [Docket No. 874], and *Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance with Rule 2004 Subpoena and Enforcing Consent Order* (the "Enforcement Motion") [Docket No. 898]. In the most simple terms, the Respondents' Response is as follows:

- Respondents want nothing more than to expeditiously and efficiently comply with the Court's discovery orders and issued subpoenas, in accordance with the rights and privileges assigned to or reserved by each of the Trustee and the Debtor by orders of this Court, and Respondents have themselves asserted (and assert here) no objections of any kind to any of them;

- Respondents have diligently taken all appropriate actions to be able to do so; and

- Unfortunately, for whatever reasons and by whatever cause, the Respondents' position seems to have been misconstrued, and so it has become necessary and appropriate for Respondents to set out here simply and directly its efforts to date and intentions in that regard, including to avoid further ambiguities or mistaken assumptions.

In further response to the Motion, Respondents state as follows:

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

## PROCEDURAL BACKGROUND

1. On February 15, 2022, Ho Wan Kwok (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code.

2. On March 16, 2022, the Debtor filed an application to employ Brown Rudnick as counsel. Docket No. 86. The same date, the Debtor applied to employ VLPC as his financial advisor. Docket No. 90.

3. An order approving Brown Rudnick's retention was entered on April 29, 2022. Docket No. 293. The Court held the VLPC application under advisement, and it was later withdrawn. *See* Docket No. 737.

4. On June 15, 2022, the Court entered an order directing appointment of a chapter 11 trustee. Docket No. 465. The current chapter 11 trustee, Luc Despins (the "Trustee"), was appointed on July 7, 2022. Docket No. 514.

5. On July 13, 2022, Brown Rudnick filed a motion to withdraw as counsel. Docket No. 543. The Court has granted Brown Rudnick's motion to withdraw. Docket No. 666.

6. On July 28, 2022, the Trustee filed a motion seeking discovery of the Debtor's current and former professionals pursuant to Rule 2004. Docket No. 637. The Respondents did not oppose the motion, and the Court granted the motion on August 16, 2022. Docket No. 756.

7. Following entry of the Court's order, the Debtor raised questions concerning the scope of privilege transferred to the Trustee. Accordingly, on August 22, 2022, the Trustee filed a motion to resolve any such issues. Docket No. 777.

8. On September 14, 2022, the Court entered its *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed*

*Documents and Information* [Docket No. 856] (the "Consent Order") resolving the Trustee's motion concerning the transfer of privilege.

9. Pursuant to the Consent Order, all of Respondents' documents and communications are presumed subject to the Trustee's exclusive control; provided, however, that the Trustee's exclusive control is qualified "to the extent the **Debtor** believes in good faith that particular documents or information . . . could result in personal harm to the Debtor if disclosed to the Trustee . . . **the Debtor's counsel** shall . . . log all such documents." ¶ 7 (the "Debtor's Personal Harm Privilege").

**RESPONSE**

10. Almost immediately upon appointment of the Trustee, the Respondents had constructive and customary conversations with the Trustee and Trustee's counsel regarding the preservation of Respondents' documents, in recognition that all or substantially all of them ultimately would be subject to production. Consistent with that, within a few days of the Trustee's appointment, and well before the Trustee even filed his motions for discovery under Bankruptcy Rule 2004, Respondents began the process of preserving and making ready for production all of their client files, emails and other communications, all without the need for Court order of any type.

11. The Respondents did not participate in the negotiation of the Consent Order entered on September 14, 2022.

12. On the very day on which the Consent Order was entered, Respondents reached out to Debtor's counsel to ask how the Debtor and his counsel intended to administer the Debtor's Personal Harm Privilege set out at paragraph 7 of the Consent Order. In particular, Respondents made several requests:

3

- The Debtor has testified that this chapter 11 case was commenced in significant part to preserve his life, liberty and safety (see *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* ¶ 2 [Docket No. 107]) (Debtor's testimony that the filing was significantly motivated to stay his threatened incarceration, and that were he to be incarcerated or if his family could not otherwise provide him with physical security, the Chinese Communist Party "would have me assassinated at the earliest possible opportunity."), it was conceivable that, at the present time, the Debtor might believe that at least some of Respondents' work (and, thus, communications related to such work) could be within the Debtor's Personal Harm Privilege;

- While the Respondents themselves could not identify anything in particular that would be so implicated, the Consent Order expressly left such determination to the Debtor himself and not to the Respondents, and accordingly, the Respondents needed direction from the Debtor as to any document or matter that the Debtor now believed to be within such Privilege;

- The Respondents suggested that the Debtor permit Respondents to produce to the Trustee the entirety of their files and communications, with the Debtor later being allowed to "claw back" any particular communication that the believed to fall within the Debtor's Personal Harm Privilege under applicable rules and law; and

- Even as the Debtor considered providing such permission, or other clarity as to how he intended to assert his Debtor's Personal Harm Privilege, the Debtor nonetheless could and should provide to Respondents confirmation that all of Respondents' communications with third parties (such as the Creditors' Committee, Pacific Alliance, the Office of the United States Trustee, and other unaffiliated creditors in the case) as not possibly within any retained Debtor's Personal Harm Privilege, so as to allow Respondents to at least start the production of substantial documents on a rolling basis.

13. Despite repeated additional written requests and conferences, the last of which was joined by Trustee's counsel, the Respondents have been unable to obtain clarity in that regard from Debtor's counsel.

14. Respondents have had no communications with the Debtor himself for approximately three months, and cannot themselves know what documents, if produced, could conceivably result in personal harm to the Debtor. Again, to be perfectly clear, the Respondents

4

do not themselves claim any continuing privilege or other rights to withhold responsive documents, and simply wish to expeditiously and efficiently comply with the Consent Order and the relevant subpoenas, without risk of liability on account of the production of documents or giving of testimony that may be later determined to be within the scope of the Debtor's Personal Harm Privilege.

15. Simultaneously with the foregoing, and in lieu of a formal response to the Trustee's subpoena, Brown Rudnick delivered to the Trustee on September 16, 2022 a letter outlining the categories of documents it proposed to search for and produce, once the Respondents' obligations and the Debtors' privilege assertions were resolved. The Trustee accepted the letter and, subject to certain minor consensual adjustments to search terms, has broadly agreed with the Respondents as to the scope of search and production. In short, then, there appears to be no other impediment to the Respondents' ability to fully comply with the subpoenas other than resolution of how the Debtor intends to communicate and resolve his Personal Harm Privilege.

16. The Trustee has now filed his Enforcement Motion, in an effort to bring the necessary clarity to the issues described above. Respondents have reviewed that Enforcement Motion, believe that it provides an appropriate resolution of the concerns noted above, and so support the relief sought thereby.

[This space intentionally left blank.]

Dated: September 30, 2022

        **BROWN RUDNICK LLP and**
        **VERDOLINO & LOWEY P.C.**

        By their counsel,


        BROWN RUDNICK LLP
        185 Asylum Street
        Hartford, CT 06103
        Attn: Dylan Kletter, Esq.
        Telephone: (860) 509-6500
        Facsimile: (860) 509-6653
        Email: dkletter@brownrudnick.com


        By: /s/ *William R. Baldiga*
        Seven Times Square
        New York, NY 10036
        Attn: William R. Baldiga, Esq. (*pro hac vice*)
        Telephone: (212) 209-4800
        Facsimile: (212) 209-4801
        Email: wbaldiga@brownrudnick.com


        One Financial Center
        Boston, MA 02111
        Attn: Tristan G. Axelrod, Esq. (*pro hac vice*)
        Telephone: (617) 856-8200
        Facsimile: (617) 856-8201
        Email: taxelrod@brownrudnick.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re: <br><br> Ho Wan Kwok, <br><br> Debtor.[1] | Chapter 11 <br><br> Case No. 22-50073 |

## CERTIFICATE OF SERVICE

I, William R. Baldiga, hereby certify that on the 30th Day of September, 2022, the *Response to Trustee's Motion for Protective Order* was sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

Dated: September 30, 2022

**BROWN RUDNICK LLP and VERDOLINO & LOWEY P.C.**

By their counsel,

BROWN RUDNICK LLP
185 Asylum Street
Hartford, CT 06103
Attn: Dylan Kletter, Esq.
Telephone:  (860) 509-6500
Facsimile:  (860) 509-6653
Email: dkletter@brownrudnick.com


By: /s/ *William R. Baldiga*
Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: wbaldiga@brownrudnick.com

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

                One Financial Center
                Boston, MA 02111
                Attn: Tristan G. Axelrod, Esq. (*pro hac vice*)
                Telephone: (617) 856-8200
                Facsimile:  (617) 856-8201
                Email: taxelrod@brownrudnick.com

64852115 v1