**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**THE DEBTOR'S OBJECTION TO MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER AUTHORIZING COMPLIANCE WITH RULE 2004 SUBPOENAS AND ENFORCING CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby objects to the Chapter 11 Trustee's (the "Trustee") Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on the Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance With Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents And Information [Docket No. 898], (the "Motion to Expedite"), filed by the Trustee at 10:03 pm on Friday, September 30 2022. In support of his objection, the Debtor respectfully represents as follows:

　　　　1.　　On Friday, September 30, 2022, at 9:54 pm, the Trustee filed the Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance With Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents And Information (Doc. No. 898) (the "Motion for Order"). The Motion for Order seeks the entry of an order compelling the Debtor's former law firm, Brown Rudnick LLP ("BR"), to produce all Debtor related documents in its

possession without first satisfying its obligations to review the documents for privilege.

2.      The Motion, as is the Trustee's *modus operandi*, accuses the Debtor of intentionally seeking to delay this proceeding by delaying the production of documents from BR, and describes a series of alleged events related to the Trustee's efforts to secure production of documents in BR's possession which are misleading at best.

3.      The Trustee filed the Motion for Order at 10:00 pm on Friday, September 30, 2022, and through the Motion to Expedite asks the Court to schedule a hearing on the Motion for Order at 12:00 pm on Tuesday, October 4, 2022, thereby giving the Debtor one business day to respond to the Motion for Order, as well as BR's orchestrated Response to Trustee's Motion for Protective Order, And Consent to Further Relief Sought by the Trustee filed by BR at 10:18 pm on Friday September 30, twenty (20) minutes after the Trustee filed his Motion for Order. The Motion to Expedite is a thinly veiled attempt by the Trustee to prevent the Debtor from setting the record straight as to the series of events leading up to the filing of the Motion for Order.

4.      Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." "In considering such motions, courts should balance possible prejudice to other parties against the reasons advanced for reducing the time." 10 Collier on Bankruptcy ¶ 9006.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). "The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986).

5.      The Trustee has not shown cause as to why the Motion for Order should be considered on an expedited basis. The Trustee has served dozens of subpoenas on, among others,

professionals who have represented the Debtor, financial institutions, and various entities in which the Debtor purportedly holds an interest, seeking documents and information related to the Debtor. The process of receiving and reviewing documents from the multitude of subpoenaed parties will take time. As a result, providing the Debtor with an opportunity to respond to the Motion for Order pursuant to this Court's ordinary motion timeline is not going to cause the Debtor's case to move any more or less quickly than it would if the Court granted the Motion to Expedite. Denying the Motion to Expedite will, however, ensure that the Debtor has a full opportunity to respond to the Trustee's misleading rendition of the background facts that purportedly support the relief sought in the Motion for the Order.

6. The Trustee has made it a habit of seeking to expedite every motion that he files with this Court, continually arguing that an expedited hearing is necessary because the Debtor is seeking to delay. This strategy has been primarily successful and often results in the Debtor having very little time to fully and fairly respond to the Trustee's motions.

7. The Debtor should not be forced to respond to every motion filed by the Trustee on an expedited basis particularly where, as here, the Trustee has several motions for relief pending to be heard on an expedited basis at one time. The Debtor should be given a full and fair opportunity to respond to the Motion for Order so that he can correct the Trustee's recitation of facts, show why the Debtor not caused any delay with respect to BR's production, and argue why the relief sought by the Trustee in the Motion for Order should be denied.

**WHEREFORE**, the Debtor requests that the Court deny the Motion to Expedite and grant him such other and further relief as this Court deems just and proper.

Dated at Bridgeport, Connecticut this 3rd day of October, 2022.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ Aaron A. Romney*
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email:  aromney@zeislaw.com
         jmoriarty@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Aaron A. Romney*
Aaron A. Romney
