**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
HO WAN KWOK,                                             :   Case No. 22-50073 (JAM)
                                                         :
         Debtor.[1]                                      :
                                                         :
---------------------------------------------------------x

### ORDER FINDING DEBTOR IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH CORPORATE GOVERNANCE RIGHTS ORDER

Upon the motion (the "Motion")[2] of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), holding Ho Wan Kwok (the "Debtor") in civil contempt for failure to comply with the Corporate Governance Rights Order and imposing appropriate sanctions, all as further detailed in the Motion; and this Court having jurisdiction to consider the Motion to Compel and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Court finds the Debtor to be in civil contempt for violation of the Corporate Governance Rights Order as it relates to the transfer of the shares in Ace Decade to the Trustee.

3. Within three days of entry of this Order, the Debtor shall comply with the Corporate Governance Rights Order and (i) execute, and cause any nominee shareholder of Ace Decade to execute, a share transfer instrument to transfer all of the Debtor's shares in Ace Decade (including all shares beneficially owned by the Debtor through any nominee shareholder) to the Trustee, (ii) execute and/or cause the director(s) of Ace Decade to execute a resolution approving such transfer, and (iii) provide the Trustee with all corporate documents with respect to Ace Decade and Dawn State.[3]

4. Regardless of the Debtor's compliance with paragraph 3, the Debtor shall be judicially estopped from asserted in this chapter 11 case that he does not own Ace Decade and, indirectly, Dawn State (as the wholly owned subsidiary of Ace Decade).

5. In addition, failure to comply with paragraph 3 of this Order shall result in entry of a further Order causing _____.

---

[3] For the avoidance of doubt, the share transfer instrument and the related director's resolution shall be in the same form as the corresponding documents related to the shares of Genever (BVI), as attached as Exhibit A to the Corporate Governance Rights Order.

6. The Trustee shall serve a copy of this Order on the Debtor.

7. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.