# *In re Ho Wan Kwok,* Chapter 11 Case No. 22-50073 (JAM)

## REPORT OF CHAPTER 11 TRUSTEE FOR SEPTEMBER 27, 2022 STATUS CONFERENCE

<u>Disclaimer</u>: This presentation is based on preliminary observations of the Chapter 11 Trustee based on information available at this time and remains subject to ongoing review and investigation.  Accordingly, the information contained herein remains subject to material changes.  In addition, certain sections reflect the Chapter 11 Trustee's views on legal issues and no assurances can be given that the Court (or any other court) would agree with the Chapter 11 Trustee's views on such legal issues.



# A. UPDATE ON HK USA ADVERSARY PROCEEDING

## 1. Trustee's Counterclaims and Prejudgment Remedy Application

- On Friday, September 23, 2022, the Trustee filed his answer and counterclaims [Docket No. 36 in Adv. Proc. No. 22-05003] (the "Counterclaims") in the adversary proceeding filed by HK USA seeking a declaration that it (and not the estate) is the owner of the Lady May.

  - The Counterclaims assert, among other things, that HK USA is an *alter ego* of the Debtor and that all assets purportedly belonging to HK USA, including the Lady May and HK USA's interest and/or rights in the $37 million currently in escrow with U.S. Bank (the "Escrowed Funds") pursuant to the Lady May stipulated order [Main Case Docket No. 299] (the "Lady May Stipulated Order"), are in fact property of the estate.

- In connection with the Counterclaims, the Trustee also filed:

  - A prejudgment remedy application (the "Prejudgment Remedy Application") with respect to, among other things, the Lady May and the Escrowed Funds, along with a memorandum of law in support of such application [Docket Nos. 37-38 in Adv. Proc. 22-05003]; and

  - A motion for the expedited consideration of the Prejudgment Remedy Application at the hearing scheduled for October 7, 2022 (the "October 7 Hearing") [Docket No. 39 in Adv. Proc. 22-05003].

  - Trustee has requested that the Court set the deadline to object to the Prejudgment Remedy Application for October 3.



# A. UPDATE ON HK USA ADVERSARY PROCEEDING [CONT'D]

## 1. Trustee's Counterclaims and Prejudgment Remedy Application [cont'd]

- Currently, HK USA's motion to establish a repair reserve is scheduled to be heard at the October 7 hearing, but it makes no sense to deal with that motion without first addressing the Prejudgment Remedy Application.

- The Trustee does not need to move on an expedited schedule as long as the Trustee's rights are not negatively affected by the passage of time. Therefore, the pace of the schedule really depends on the counterclaim defendants' willingness to agree to preserve the *status quo*.



## B. UPDATE ON GENEVER US CHAPTER 11 CASE

### 1. September 27 Status Conference in Genever US Chapter 11 Case

- At 10:00 a.m. (ET) today (September 27, 2022), Judge Garrity held a status conference in the chapter 11 case of Genever Holdings LLC ("Genever (US)").
- To be clear, the Trustee now has corporate control over Genever Holdings Corporation ("Genever (BVI)") and its wholly owned subsidiary, Genever (US).
    - Kwok has transferred all his shares in Genever (BVI) to the Trustee, and that transfer has been registered with the registered agent for Genever (BVI) in the British Virgin Islands.
    - The Trustee has also removed Kwok as the sole director of Genever (BVI) and replaced him with Claire Abrehart of Harneys Corporate Services Limited. Pursuant to a power of attorney by Genever (BVI), the Trustee is authorized to, among other things, take any and all actions on behalf of Genever (US) in connection with its chapter 11 case.
- During that status conference, the Trustee advised Judge Garrity that Genever US would move to transfer its chapter 11 case to the District of Connecticut so that the Genever US case could be jointly administered with the Debtor's chapter 11 case pending before this Court.
    - The Trustee expects that the venue transfer motion will be filed in the next two to three days.
    - Judge Garrity scheduled a hearing the venue transfer motion for October 25, 2022, with briefing to be completed by October 18, 2022.



# C. UPDATE ON ACE DECADE AND DAWN STATE

## 1. Trustee's Efforts to Exercise Corporate Control Over Ace Decade and Dawn State

- As discussed in prior hearings, the Trustee has identified two Debtor-controlled BVI entities, Ace Decade Holdings Limited ("Ace Decade") and Dawn State Limited ("Dawn State") over which he intends to exercise corporate control.

  - Ace Decade and Dawn State are the Debtor's co-plaintiffs in his litigation against UBS in the United Kingdom.

  - According to the September 2020 complaint in the UBS litigation in the United Kingdom (and signed by the Debtor under penalty of perjury), Ace Decade was acquired by the Debtor in 2014 and Ace Decade has owned and controlled Dawn State since 2015. This complaint was filed with the Court by the Debtor at Docket No. 622-1.

  - Similarly, at his 341 meeting, the Debtor testified that he was the "legal representing owner" of Ace Decade, that there were no other owners of Ace Decade, and that he became owner of Ace Decade "[a]t the end of 2014." The relevant excerpt from the 341 meeting transcript was filed by the Trustee at Docket No. 848.



# C. UPDATE ON ACE DECADE AND DAWN STATE [CONT'D]

1. **Trustee's Efforts to Exercise Corporate Control Over Ace Decade and Dawn State [cont'd]**

    - On August 31, 2022, the Trustee emailed a letter (the "August 31 Letter") to the Debtor's counsel to request that, in accordance with the corporate governance order entered by this Court on August 10, 2022 [Docket No. 717] (the "Corporate Governance Order"), the Debtor execute and deliver to the Trustee by 10:00 a.m. (ET) on September 6, 2022, a share transfer instrument and related director's resolution to effectuate the transfer of the Ace Decade shares to the Trustee.

    - The Debtor failed to respond to the Trustee's August 31 Letter by the September 6, 2022 deadline.



## C.  UPDATE ON ACE DECADE AND DAWN STATE [CONT'D]

### 2.  Debtor's Lack of Cooperation With Respect to Ace Decade and Dawn State

- The Trustee raised the Debtor's failure to respond at the September 6, 2022 status conference (the "September 6 Status Conference"), requesting that the Court impose a deadline by which the Debtor would be required to respond to the August 31 Letter.
    - In response, Mr. Henzy refused to provide any assurances as to when he would respond to the August 31 Letter, stating: "I'm going to work on it. I'm going to move with all due speed, but I don't know how long it's going to take me."  Sept. 6 Tr. at 24: 21-23.
    - The Court then stated: "I'm going to look after we're done with our hearing today to see what's in the record of this case and then determine what steps will be taken and if a deadline will be set to -- and it's likely that it will be, but I don't know that until I review everything, after I review what's in the record of this case." Sept. 6 Tr. at 26: 9-14.
- The Trustee raised the issue at the September 13, 2022 hearing (the "September 13 Hearing"), pointing the Court to the Debtor's admissions at his 341 meeting.
    - In response, Mr. Romney responded by stating that Mr. Henzy, who was not present at the September 13 Hearing, was handling the matter and that Mr. Romney could not speak to the issue.
- As of today (i.e., after 27 days' notice), the Debtor has not yet provided the Trustee with **any response** to the Trustee's August 31 Letter. **This constitutes a continued violation of the Corporate Governance Order.**
- The Trustee requests that the Court set a deadline by which the Debtor is required to respond to the Trustee's August 31 Letter.



# D. RULE 2004 DISCOVERY

## 1. Document Production Issues

- The Trustee continues to face a number of document production issues in connection with the Debtor's document production obligations.

- For example, although one of the primary purposes of the Trustee's investigation is to identify assets ostensibly held by others that should be brought into the estate, the Debtor and his daughter have both taken the position that **they need only provide information related to the extremely limited assets the Debtor acknowledges belong to him, thus preventing the Trustee from obtaining critical evidence relating to assets held by the Debtor's relatives and in shell companies that the Trustee believes may be property of the estate**.

- The Debtor has implausibly claimed to have almost no documents in his possession on any of the requested topics despite his extensive business activities—for example, the Debtor claims to not use email and to have virtually no responsive electronic documents of any kind. In addition to being implausible, the Debtor's position ignores that he required to produce not only documents in his possession, but also documents under his control—including documents in the possession of advisors or shell companies that he controls. Thus far, the Debtor has not agreed to produce such documents.



# D. RULE 2004 DISCOVERY [CONT'D]

## 1. Document Production Issues [cont'd]

- The Trustee has also encountered difficulty enforcing the Court's recent order on his privileges motion. Although that order requires the Rule 2004 recipients to log any privileged documents within 10 days of their production deadline, certain of such parties have expressed an inability to meet this deadline given their need to coordinate with the Debtor on their document productions and delays they have encountered in doing so.

- The Trustee reserves all his rights in this regard.



# E. HOUSEKEEPING MATTERS

## 1. Undisclosed Transfers of Potential Estate Property

- As the Court may be aware, an entity called Greenwich Land, LLC ("Greenwich Land"), purportedly owned by the Debtor's wife, is the title holder of the Debtor's residence in Greenwich, Connecticut, and also pays for a portion of the Debtor's living expenses.
    - As discussed in the Counterclaims, Greenwich Land is one of a series of entities that the Trustee believes are alter egos of the Debtor.
- The Trustee has become aware that, on or about April 26, 2022, in a transfer that was never disclosed to this Court, Greenwich Land sold a second property, on Ferncliff Road in Cos Cob, Connecticut, which it had previously owned.
- This transfer occurred while Greenwich Land was subject to a restraint notice served by PAX in connection with PAX's litigation before Justice Ostrager. The restraint notice prohibited Greenwich Land from making any transfer of property in which the Debtor has an interest for a period of one year from the date the notice was served (which was on or about May 4, 2021).
    - The restraint notice notes that PAX believed the Debtor "may have direct, indirect, or beneficial ownership in, or the right or ability to direct or control" Greenwich Land and its assets.



# E. HOUSEKEEPING MATTERS [CONT'D]

## 2. Monthly Operating Reports

- On September 21, 2022, the Trustee filed the monthly operating report ("MOR") for the period from August 1, 2022 through August 30, 2022 [Docket No. 868].
- During the September 6 Status Conference, the Court imposed a deadline of September 30, 2022 for the Debtor to file the MORs for May 2022, June 2022, and the first seven days of July 2022 (i.e., the period prior to the order appointing the Trustee on July 8, 2022).

## 3. Next Status Conference

- The Trustee suggests cancelling the status conference currently scheduled for October 4, 2022, and holding the next status conference on October 7, 2022 at 10:00 a.m. (ET), i.e., the same date as the hearing on HK USA's repair reserve motion.

