**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>              Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**[PROPOSED]CONSENT ORDER GRANTING HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC'S MOTION FOR ORDER ESTABLISHING REPAIR RESERVE FOR THE LADY MAY**

Upon the Motion for Order Establishing Repair Reserve for the Lady May (the "Motion") filed pursuant to this Court's Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, the "Lady May" (the "Stipulated Order") by HK International Funds Investments (USA) Limited, LLC ("HK USA"), which seeks an order establishing the repair reserve (the "Repair Reserve") required by the Stipulated Order, including the amount of the Repair Reserve equaling $4,000,000.00 (the "Repair Reserve Amount") and certain ancillary relief as set forth therein; andthe Court having scheduled an evidentiary hearing for Friday, October 7, 2022 at 10:00 a.m. (the "Hearing") to consider the relief requested by the Motion and any objections thereto; upon Pacific Alliance Asia Opportunity Fund L.P.'s Limited Objection to HK International Funds Investments (USA) Limited, LLC's Motion to Establish Repair Reserve for the Lady May [ECF No. 871] and the Joinder of the Official Committee of Unsecured Creditors in Pacific Alliance Asia Opportunity Fund L.P.'s Limited Objection to HK International Funds Investments (USA) Limited, LLC's Motion to Establish Repair Reserve for the Lady May [ECF No. 873] (collectively, the "Limited Objections"); upon further the written consent to the entry of this Order in resolution of the Motion and the Limited Objections by (a) each of the parties to the Stipulated Order, namely, the debtor, Ho Wan Kwok,

HK USA, the Official Committee of Unsecured Creditors appointed in this case, and the creditors, Pacific Alliance Asia Opportunity Fund L.P., Rui Ma and Zheng Wu, as well as (b) the trustee appointed in this case, Luc A. Despins (the "Trustee"), delivered to counsel for HK USA;[1] and finally upon consideration of the Motion and the relief requested appearing to this Court to be necessary and appropriate to carry out the orderly operation of the Debtor's estate and, in particular, the effectuation of the procedures set forth in the Stipulated Order; due and sufficient notice of the Motion having been given under the particular circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motion is hereby **GRANTED** to the extent set forth herein, the Limited Objections have been resolved as set forth herein and, therefore, are hereby **WITHDRAWN,** and the Repair Reserve required by the Stipulated Order and requested in the Motion, including the Repair Reserve Amount equaling $4,000,000.00, is hereby authorized, approved and established subject to the terms and conditions of this Order as follows:

(i) ~~The trustee appointed in this case, Luc A. Despins (or any successor thereto) (the "Trustee"),~~ The Trustee shall hold the Repair Reserve Amount as escrow agent in the Trustee's section 345 bank account (the "Trustee's Bank Account") solely for the purpose of securing the completion of the service, maintenance, and repairs required to be performed to restore the Lady May to good working order in accordance with the Stipulated Order, specifically, paragraph 11 (the "Required Repairs") and this Order; provided, however, that the Repair Reserve Amount shall be held in the Trustee's Bank Account as if segregated from all other funds in such

---

[1] Nothing in this Order, nor the Trustee's participation in formulating this Order, shall be deemed to affect whether or not the Trustee is a party to or subject to the Stipulated Order, and all parties' rights in this regard are reserved including, but not limited to, the Debtor's and HK USA's position that the Trustee is, in fact, a party to and subject to the terms and conditions of the Stipulated Order.

2

    account, and the Trustee shall not be able to use or disburse any of the Repair Reserve Amount except as provided in this Order;

(ii) HK USA shall cause the service, maintenance, and repairs set forth in the proposals appended hereto as **Exhibit A** to be performed at Bridgeport Boatworks, 731 Seaview Avenue, Bridgeport, Connecticut, to repair the fuel pump/engines, repair the paint on the starboard bow section of the hull, fabricate and install bilge boards for center bilge, and service the starboard and port main engines (after repairs) on the Lady May (the "Initial Work");

(iii) The "Valve Service" described in the Motion, and any other Required Repairs (i) not included in the Initial Work or (ii) not known at this time but discovered in connection with either the Initial Work or the Valve Service (the "Remaining Work"), shall be performed at a later date to be determined (but shall be completed in no event later than on or before seven (7) months after the entry of this Order which deadline may be extended for good cause shown), subject to further order of this Court in accordance with the Stipulated Order;

(iv) To fund the Repair Reserve, this Court shall by separate Order direct the "Escrow Agent" to disburse from the "Escrow Funds" (as these terms are used in the Stipulated Order) to the Trustee good funds in the Repair Reserve Amount, which transfer shall establish the Repair Reserve in accordance with Section 11 of the Stipulated Order;[2]

---

[2] For the avoidance of doubt, and notwithstanding anything to the contrary in this Order, nothing in this Order, shall affect the status of the remaining Escrow Funds (i.e., the other $33 million) other than the second to last decretal paragraph of this Order which provides that HK USA has performed and satisfied its obligation to establish the Repair Reserve in accordance with Section 3(v) and 11 of the Stipulated Order.

(v)    The Trustee shall pay from the Repair Reserve Amount the expenses (including any required deposits)) incurred to perform the Required Repairs or to pay the Insurance Deductible (as defined in the Motion) without further notice if such expenses are in accordance with the estimates set forth in **Exhibit A**, or if such expenses are not in accordance with such estimates, upon either:

    a.    The written consent of HK USA and the Trustee; or

    b.    The order of this Court following a motion seeking such relief and after due notice and a hearing;

To the extent that the Trustee and his advisors spend more than ten (10) hours in any given month related to the administration of payments from the Repair Reserve, the corresponding fees shall be paid out of the Repair Reserve;

(vi)    Notwithstanding anything herein to the contrary, the Trustee shall not be, nor required to be, a party to any contract (including any work orders) related to the Required Repairs, and the Trustee shall have no liability whatsoever to any person providing goods or services related to the Required Repairs, except that the Trustee shall be required to pay expenses in accordance with, and subject to the terms of, this Order;

(vii)    In the event and to the extent the Repair Reserve Amount is insufficient to fund fully and pay for the Required Repairs ("Repair Reserve Shortfall"), HK USA shall immediately deliver to the Trustee the Repair Reserve Shortfall (i) if funds are still held by the Escrow Agent, by seeking an Order from this Court directing the Escrow Agent to disburse good funds to the Trustee from the Escrow Funds; and/or (ii) by transferring good funds to the Trustee from other, non-escrowed sources.

>Any dispute with respect to the Repair Reserve Shortfall shall be heard by this Court upon motion of any party and after due notice and a hearing and, once determined by this Court, HK USA shall immediately deliver the Repair Reserve Shortfall to the Trustee to be held by Trustee in accordance with this Order;

(viii) After completion of the Initial Work and then again after the completion of all Required Repairs, including, but not limited to the Valve Service, HK USA shall (a) obtain documentation from (i) Bridgeport Boatworks or such other third-party contractor that provided the corresponding Required Repairs, and (ii) Lloyd's Register of Shipping or the American Bureau of Shipping, certifying that the corresponding Required Repairs have been completed (the "Repair Certifications") and (b) promptly cause the Lady May to be moved from dry dock into water;

(ix) Promptly upon receipt of a Repair Certifications, HK USA shall provide copies thereof to the Trustee, who shall then have a right to timely inspect the Lady May to confirm the completion of the corresponding Required Repairs (each, the "Trustee Inspection," and, the final Trustee Inspection after the completion of all Required Repairs, the "Final Trustee Inspection"). Any costs associated with a Trustee Inspection shall be borne by the Debtor's estate. If a Trustee Inspection does not commence within 15 days of the later of the Trustee's receipt of the Repair Certification or the Lady May having been moved from dry dock into water, the Trustee waives its right to conduct the Trustee Inspection. For the avoidance of doubt, each Trustee Inspection may include a sea trial, at the sole discretion of the Trustee, which sea trial HK USA shall reasonably accommodate;

(x) Upon completion of the Initial Work and the Trustee Inspection with respect to the Initial Work or upon the Trustee's waiver of his right to inspect the Initial Work as set forth above, and in the event and to the extent the Repair Reserve Amount exceeds the amount reasonably necessary to secure the payment of the Remaining Required Repairs ("Repair Reserve Excess") including, but not limited to, the Remaining Work, this Court, upon motion of HK USA filed on or after November 15, 2022, and after due notice and a hearing, shall determine the Repair Reserve Excess, if any, and shall order the Trustee to transfer such Repair Reserve Excess to HK USA or, in the event this Court has entered an order granting a prejudgment remedy against HK USA and such prejudgment remedy is not otherwise fully secured, the Trustee shall continue to hold such Repair Reserve Excess subject to and in accordance with the order granting prejudgment remedy;

(xi) Upon completion of the Final Trustee Inspection, or upon the Trustee's waiver of his right to inspect as set forth above, and in the event and to the extent the Repair Reserve Amount exceeds the amount that was necessary to pay for the Required Repairs (including, but not limited to, the Initial Work and the Valve Service), this Court, upon motion of HK USA and after due notice and a hearing, and once determined by this Court that the Required Repairs have been fully performed, shall order the Trustee to transfer any excess Repair Reserve funds to HK USA or, in the event this Court has entered an order granting a prejudgment remedy in favor of the Trustee and against HK USA and such prejudgment remedy is not otherwise fully secured, the Trustee shall continue to hold such excess subject to and in accordance with the order granting prejudgment remedy;

(xii) HK USA shall cause any and all insurance proceeds payable on account of the Required Repairs to be paid either (i) to the entity performing the Required Repairs to pay for such Required Repairs or (ii) to the Trustee to be incorporated into and held as part of the Repair Reserve subject to the terms and conditions of this Order; and HK USA shall further promptly upon receipt of any such insurance proceeds provide the Trustee with documentation establishing that it has complied with this paragraph; and it is further

**ORDERED**, that, by this Order, HK USA has performed and satisfied its obligation to establish the Repair Reserve in accordance with Section 3(v) and 11 of the Stipulated Order; provided, however, that HK USA shall not file with this Court the "HK USA Certification" as permitted by paragraph 3 of the Stipulated Order before November 3, 2022[3]; and it is finally

**ORDERED**, that the Hearing is marked off.

---

[3] ~~Nothing in this Order, nor the Trustee's participation in formulating this Order, shall be deemed to affect whether the Trustee is a party to or subject to the Stipulated Order, and all parties' rights in this regard are reserved.~~

