**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                    :

In re:                     :    Chapter 11
                     :

HO WAN KWOK,       :    Case No. 22-50073 (JAM)
                     :

       Debtor.[1]       :
                     :

---------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE
HEARING, IF ANY, ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF
ORDER HOLDING DEBTOR IN CIVIL CONTEMPT FOR FAILURE TO COMPLY
WITH CORPORATE GOVERNANCE ORDER**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), by and through his undersigned

counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling

an expedited hearing, if any, to consider and determine the *Motion of Chapter 11 Trustee for Entry*

*of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance*

*Order* [Docket No. 913] (the "Contempt Motion").[2]  In support of his Motion to Expedite, the

Trustee respectfully states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1.     The United States Bankruptcy Court for the District of Connecticut (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference* from the United States District Court for the District of Connecticut (as amended).  The

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases.  The last four digits of the Debtor's taxpayer identification number are 9595.

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Contempt Motion.

Contempt Motion, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

6.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

8.      On July 23, 2022, the Trustee filed the *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 541, 1108, and 105, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of the Estate, and Granting Related Relief* [Docket No. 598] (the "Corporate Governance Rights Motion").

9.      As detailed in the Corporate Governance Rights Motion, the Trustee sought such relief because the Debtor has shown a willingness to defy court orders, suggesting that the Debtor and related persons (whether acting individually or through the Debtor-Controlled Entities) may try to take advantage of any ambiguity or misunderstanding concerning the Trustee's rights in order to frustrate the Trustee's efforts to identify and recover property of the Estate.[3]

10.     On August 10, 2022, the Court granted the Corporate Governance Rights Motion and entered its *Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 105, (A) Confirming that Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* [Docket No. 761] (the "Corporate Governance Rights Order").

11.     The Corporate Governance Rights Order confirms that the Trustee holds all of the Debtor's economic and corporate governance rights with respect to all Debtor-Controlled Entities and, moreover, directs the Debtor to "cooperate with the Trustee to enable the Trustee to perform his duties" and "surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate."[4]  The foregoing provisions are in full force and effect.

## THE CONTEMPT MOTION[5]

12.     By the Contempt Motion, the Trustee requests that the Court hold the Debtor in civil contempt for the Debtor's willful failure and refusal to comply with the Corporate

---

[3]     Corporate Governance Rights Motion ¶ 1

[4]     Corporate Governance Rights Order ¶¶ 2, 3.

[5]     The following summary of the relief sought in the Contempt Motion is qualified in its entirety by the Contempt Motion.

Governance Rights Order as it pertains to Ace Decade Holdings Limited ("Ace Decade") and, indirectly, Dawn State Limited ("Dawn State"), Ace Decade's wholly owned subsidiary.

13.     As detailed in the Contempt Motion, the Debtor has repeatedly admitted, in court filings and/or under oath, that he owns Ace Decade and, indirectly, Dawn State Limited ("Dawn State"), Ace Decade's wholly owned subsidiary.

14.     The Trustee has expressly requested that the Debtor comply with the Corporate Governance Rights Order as it pertains to Ace Decade and Dawn State – starting thirty-eight days ago.  On August 31, 2022, the Trustee sent a letter to Debtor's counsel (the "August 31, 2022 Letter") requesting that the Debtor cause his shares in Ace Decade to be transferred to the Trustee no later than September 6, 2022.[6]  To date the Debtor has not transferred the shares in Ace Decade to the Trustee, nor has the Debtor provided any corporate documents or any evidence that the Debtor is not the owner of Ace Decade.

15.     The Trustee has also raised the Debtor's non-compliance at prior status conferences before the Court.  Only after four weeks of delay did the Debtor's counsel respond to the August 31, 2022 Letter by asserting at the September 27, 2022 status conference that the Debtor purports not own Ace Decade and that his admission at the Section 341 Meeting to the contrary was purportedly the result of a series of mistranslations.  Debtor's counsel did not address the Debtor's other written admissions that he owns Ace Decade.  As discussed in the Contempt Motion, the Debtor's latest alternative facts strain credulity.

16.     To enforce the Corporate Governance Rights Order, and to oppose the Debtor's latest efforts to rewrite history, including his own testimony regarding facts within his knowledge,

---

[6] The August 31 Letter also requested that the share transfer instrument and the related director's resolution be in the same form as the corresponding documents related to the transfer of shares of Genever (BVI) (which documents had been attached as Exhibit A to the Corporate Governance Rights Order).

the Trustee filed the Contempt Motion on October 4, 2022.  The Contempt Motion requests that the Court hold the Debtor in contempt, impose appropriate sanctions to coerce the Debtor's compliance with the Corporate Governance Rights Order, and order that the Debtor shall be judicially estopped from asserting in this chapter 11 case that he does not own Ace Decade.

## RELIEF REQUESTED

17.    Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown.  Cause exists to consider and determine the Contempt Motion upon an expedited basis.

18.    It is imperative that the Court swiftly adjudicate the Contempt Motion to require the Debtor's compliance with the Corporate Governance Rights Order, permit the Trustee to continue his investigation and administration of the estate as it pertains to these assets, and to ensure that the Debtor does not benefit (if only by delay) from his willful defiance of the Court's orders.  There is no prejudice to the Debtor by expediting the hearing on the Contempt Motion, given that this matter has been pending for more than a month now.

19.    The Trustee requests that a hearing on the Contempt Motion be scheduled for the week of October 24, 2022, on a date that is convenient to the Court.

20.    The Trustee further requests that the Court direct that notice of the Contempt Motion and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, and that the Court set an appropriate deadline for the Debtor to object to the Contempt Motion in advance of the hearing.

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form

attached hereto, setting a hearing on the Contempt Motion, ordering notice of such hearing as set

forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated:    October 7, 2022            LUC A. DESPINS,
          New Haven, Connecticut     CHAPTER 11 TRUSTEE


                                     By: */s/ Patrick R. Linsey*
                                         Douglas S. Skalka (ct00616)
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 781-2847
                                         dskalka@npmlaw.com, plinsey@npmlaw.com

                                             *and*

                                         Nicholas A. Bassett (admitted *pro hac vice*)
                                         PAUL HASTINGS LLP
                                         2050 M Street NW
                                         Washington, D.C., 20036
                                         (202) 551-1902
                                         nicholasbassett@paulhastings.com

                                             *and*

                                         Avram E. Luft (admitted *pro hac vice*)
                                         Douglass Barron (admitted *pro hac vice*)
                                         PAUL HASTINGS LLP
                                         200 Park Avenue
                                         New York, New York 10166
                                         (212) 318-6079
                                         aviluft@paulhastings.com

                                         *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK,                                           :    Case No. 22-50073 (JAM)
                                                       :
          Debtor.                                      :
                                                       :
-------------------------------------------------------x
```

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited

hearing on the *Motion of Chapter 11 Trustee for Entry of Order Holding Debtor in Civil*

*Contempt for Failure to Comply with Corporate Governance Order* [Docket No. 913] (the

"Contempt Motion");[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Contempt Motion shall be held on **October __, 2022,**

**at _:00 _.m. (prevailing Eastern Time)** at the United States Bankruptcy Court, District of

Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT  06604

(the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Contempt Motion shall be _____ **at __:__**

**_.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Contempt Motion and any

attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case

qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the

Committee, and the United States Trustee, on or before October __, 2022, and the Trustee shall

---

[1]    Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to
       Expedite.

2

file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK,                                           :   Case No. 22-50073 (JAM)
                                                       :
              Debtor.                                  :
                                                       :
-------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 7, 2022, the foregoing Motion was

electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned

chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[1]  Parties

may access this filing through the Court's CM/ECF system.

Dated:        October 7, 2022
              New Haven, Connecticut

                                   By: */s/ Patrick R. Linsey*
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

---

[1]   To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or
      not qualified to accept electronic notice was made on the next business day.

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2