**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                 :    Chapter 11
:
HO WAN KWOK,                                              :    Case No. 22-50073 (JAM)
:
      Debtor.¹                                              :
:
---------------------------------------------------------x
:
In re:                                                                 :    Chapter 11
:
GENEVER HOLDINGS CORPORATION,  :    Case No. 22-50542 (JAM)
:
      Debtor.                                                :
:
---------------------------------------------------------x

**MOTION OF (A) CHAPTER 11 TRUSTEE FOR CHAPTER 11 CASE OF HO WAN KWOK AND (B) GENEVER HOLDINGS CORPORATION FOR ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

      Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), and Genever Holdings Corporation (the "Genever (BVI) Debtor" and, together with the Trustee, the "Movants") jointly file this motion (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) directing procedural consolidation and joint administration of the chapter 11 case of the Genever (BVI) Debtor and the chapter 11 case of the Individual Debtor (together, the "Chapter 11 Cases"); and (ii) granting related relief. Pursuant to Rule

---

¹   Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1015-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules") the Movants incorporate herein by reference the *Affidavit of Luc A. Despins in Support of Motion for Entry of Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Despins Affidavit"), attached hereto as **Exhibit B**, setting forth facts warranting the joint administration of the Chapter 11 Cases. In support of this Motion, the Movants respectfully state as follows.

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409.

3. The bases for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

**A.    Individual Debtor's Chapter 11 Case**

4. On February 15, 2022, the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Individual Debtor Chapter 11 Case. No examiner has been appointed in the Individual Debtor Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465 in Case No. 22-50073 (JAM)] (the "Trustee Order") directing the United States

Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of the Trustee as the chapter 11 trustee in the Individual Debtor's chapter 11 case [Docket No. 523 in Case No. 22-50073 (JAM)].

7. On August 10, 2022, the Court entered an order [Docket No. 717 in Case No. 22-50073 (JAM)] (the "Corporate Governance Rights Order") which, among other things, (a) confirms the Trustee holds all of the Individual Debtor's economic and governance rights with respect to all corporate entities owned and/or controlled by the Individual Debtor, including the Genever (BVI) Debtor and (b) directs the Individual Debtor to "cooperate with the Trustee to enable the Trustee to perform his duties" and "surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and all related corporate governance documents)." Corporate Governance Rights Order ¶¶ 2, 3.

8. In accordance with the Corporate Governance Rights Order, the Individual Debtor's shares in the Genever (BVI) Debtor were transferred to the Trustee and such transfer was registered with the registered agent for the Genever (BVI) Debtor in the British Virgin Islands ("BVI").

9. On September 14, 2022, the Trustee removed Ho Wan Kwok as the sole director of the Genever (BVI) Debtor, replacing him with Claire Abrehart of Harneys Corporate Services Limited (a BVI company that provides, among other things, director services to clients incorporated in the BVI).

**B.      Genever (US)'s Chapter 11 Case**

10.     On October 12, 2020, Genever Holdings LLC (the "Genever (US) Debtor") filed its chapter 11 petition in the United State Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

11.     The Genever (US) Debtor is a wholly owned subsidiary of the Genever (BVI) Debtor.

12.     On the Genever (US) Debtor's Schedules of Assets and Liabilities, the Genever (US) Debtor's only scheduled assets are the Residence at the Sherry Netherland Hotel (the "Sherry Netherland Apartment") in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.

13.     On September 30, 2022, the Trustee and the Genever (US) Debtor filed a motion in the New York Bankruptcy Court requesting that the Genever (US) Debtor's chapter 11 case be transferred to this Court, so that the Genever (US) Debtor's chapter 11 case can be jointly administered with the Individual Debtor's chapter 11 case. The hearing on the Venue Transfer Motion is currently scheduled for October 25, 2022.

**RELIEF REQUESTED**

14.     The Movants request that the Court maintain one file and one docket for the Chapter 11 Cases under the case of the Individual Debtor, and that the Chapter 11 Cases be administered under the following caption:

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
---------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

15. The Movants further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

16. Additionally, the Movants request that an entry be made on the Genever (BVI) Debtor's chapter 11 case docket substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut directing joint administration of the chapter 11 cases of Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases; last four digits of tax identification number: 9595) and Genever Holdings Corporation. The docket in the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (JAM) should be consulted for all matters affecting this case.

### Basis for Relief

17. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."[2] The debtors in the Chapter 11 Cases are "affiliates" as that term

---

[2] FED. R. BANKR. P. 1015(b).

is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

18. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with affiliated debtors.  *See, e.g.*, *In re Latex Foam Int'l, LLC*, Case No. 19-51064.

19. Given that the Trustee is administering the Individual Debtor's estate and is the registered owner of the shares in the Genever (BVI) Debtor, joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in the Chapter 11 Cases will affect both the Individual Debtor and the Genever (BVI) Debtor, including as it relates to the Sherry Netherland Apartment.  The entry of the Order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  *See, e.g.*, *In re I.R.C.C., Inc.*, 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); *In re Stuery*, 94 B.R. 553, 554 (Bankr. N.D. Ind. 1988) (same); *In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (same) *aff'd* 949 F.2d 1058 (9th Cir. 1991).  Joint administration also will allow the Office of the United States Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

20. Moreover, joint administration will not adversely affect the Individual Debtor's or the Genever BVI Debtor's (together, collectively, the "Debtors") respective constituencies because this Motion seeks only administrative, **not** substantive, consolidation of the two Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.  Accordingly, the Movants submit that the joint administration of the

Chapter 11 Cases is in the best interests of the two Debtors' estates, their creditors, and all other parties in interest.

### No Previous Request

21. No previous request for the relief sought herein has been made to this or any Court.

### Notice

22. The Movants will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Connecticut; (b) the holders of the 20 largest unsecured claims against the Genever (BVI) Debtor; (c) the Official Committee of Unsecured Creditors in the Individual Debtor's chapter 11 case; (d) the United States Attorney's Office for the District of Connecticut; and (e) any other parties entitled to notice pursuant to Local Rules 2002-1(b) and 9013-1. The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Movants respectfully requests entry of the Proposed Order (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: October 11, 2022
      New Haven, Connecticut

| GENEVER HOLDINGS CORPORATION | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By: */s/ Patrick R. Linsey*<br>   Douglas S. Skalka (ct00616)<br>   Patrick R. Linsey (ct29437)<br>   NEUBERT, PEPE & MONTEITH, P.C.<br>   195 Church Street, 13th Floor<br>   New Haven, Connecticut 06510<br>   (203) 781-2847<br>   dskalka@npmlaw.com<br>   plinsey@npmlaw.com<br><br>*Proposed Counsel for Genever Holdings Corporation* | By: */s/ Patrick R. Linsey*<br>   Douglas S. Skalka (ct00616)<br>   Patrick R. Linsey (ct29437)<br>   NEUBERT, PEPE & MONTEITH, P.C.<br>   195 Church Street, 13th Floor<br>   New Haven, Connecticut 06510<br>   (203) 781-2847<br>   dskalka@npmlaw.com<br>   plinsey@npmlaw.com<br><br>    *and*<br><br>   Nicholas A. Bassett (*pro hac vice*)<br>   PAUL HASTINGS LLP<br>   2050 M Street NW<br>   Washington, D.C., 20036<br>   (202) 551-1902<br>   nicholasbassett@paulhastings.com<br><br>    *and*<br><br>   Douglass Barron (*pro hac vice*)<br>   PAUL HASTINGS LLP<br>   200 Park Avenue<br>   New York, New York 10166<br>   (212) 318-6079<br>   douglassbarron@paulhastings.com<br><br>*Counsel for the Chapter 11 Trustee* |

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

---

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No. 22-50073 (JAM) |
| Debtor.[1] | |

---

| | |
|---|---|
| In re: | Chapter 11 |
| GENEVER HOLDINGS CORPORATION, | Case No. 22-50542 (JAM) |
| Debtor. | |

---

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), and Genever Holdings Corporation (the "Genever (BVI) Debtor" and, together with the Trustee, the "Movants") for entry of an order (this "Order"): (a) directing procedural consolidation and joint administration of the chapter 11 case of the Genever (BVI) Debtor and the chapter 11 case of the Individual Debtor (together, the "Chapter 11 Cases") and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estates of the Individual Debtor and the Genever (BVI) Debtor, their creditors, and other parties in interest; and this Court having found that the Movants' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-50073 (JAM).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                                               :
In re:                                                         : Chapter 11
                                                               :
HO WAN KWOK, *et al*.,[1]                                       : Case No. 22-50073 (JAM)
                                                               :
        Debtors.                                              : (Jointly Administered)
---------------------------------------------------------------x

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation.  The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

    4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

    5.      An entry shall be made on the Genever (BVI) Debtor's chapter 11 case docket that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut directing joint administration of the chapter 11 cases of Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases; last four digits of tax identification number: 9595) and Genever Holdings Corporation.  The docket in the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (JAM) should be consulted for all matters affecting this case.

    6.      The Trustee and the Genever (BVI) Debtor shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Connecticut shall keep one consolidated docket, one file, and one consolidated service list.

    7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

3

8.       The Trustee and the Genever (BVI) Debtor are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.       This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT B**

**Despins Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                    :    Chapter 11
:
HO WAN KWOK,                                              :    Case No. 22-50073 (JAM)
:
      Debtor.[1]                                          :
:
---------------------------------------------------------x
:
In re:                                                    :    Chapter 11
:
GENEVER HOLDINGS CORPORATION,    :    Case No. 22-50542 (JAM)
:
      Debtor.                                             :
:
---------------------------------------------------------x

**AFFIDAVIT OF LUC A. DESPINS IN SUPPORT OF MOTION FOR ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

I, Luc A. Despins, being duly sworn, hereby depose and say:

    1.    I am the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor") and the registered owner of the shares in Genever Holdings Corporation (the "Genever (BVI) Debtor"). By virtue of these positions and my participation in the relevant events, I have personal knowledge of the facts set forth herein. I provide this affidavit (the "Affidavit") in support of the *Motion of (A) Chapter 11 Trustee for Chapter 11 Case of Ho Wan Kwok and (B) Genever Holdings Corporation for Entry of Order (I) Directing*

---

[1]    Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

*Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Motion").[1]

2. Given that the Trustee is administering the Individual Debtor's estate and is the registered owner of the shares in the Genever (BVI) Debtor, joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect both the Individual Debtor and the Genever (BVI) Debtor, including as it relates to the Sherry Netherland Apartment. The entry of the Order directing joint administration of the Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

3. The Motion does not request and the Movants do not seek substantive consolidation of the Chapter 11 Cases.

I declare upon penalty of perjury that the foregoing is true and correct.

Dated: October 11, 2022

                                                          */s/ Luc A. Despins*
                                                        Luc A. Despins
                                                        Chapter 11 Trustee for the Chapter 11 Estate
                                                        of Ho Wan Kwok

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.