**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

----------------------------------------------------x
: 
In re: : Chapter 11
 : 
HO WAN KWOK, : Case No. 22-50073 (JAM)
 : 
    Debtor.[1] : 
 : 
----------------------------------------------------x
 : 
In re: : Chapter 11
 : 
GENEVER HOLDINGS CORPORATION, : Case No. 22-50542 (JAM)
 : 
    Debtor. : 
 : 
----------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARINGS ON: (1) MOTION OF (A) CHAPTER 11 TRUSTEE FOR CHAPTER 11 CASE OF HO WAN KWOK AND (B) GENEVER HOLDINGS CORPORATION FOR ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF; AND (2) GENEVER HOLDINGS CORPORATION'S MOTION FOR ENTRY OF ORDER EXTENDING TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

    Chapter 11 Trustee Luc A. Despins (the "Trustee"), and Genever Holdings Corporation (the "Genever BVI Debtor"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby move (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the (1) *Motion of (A) the Trustee for Chapter 11 Case of Ho Wan Kwok and (B) Genever BVI Debtor for Entry of Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Joint

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1

Admin. Motion"); and (2) *Genever BVI Debtor's Motion for Entry of Order Extending Time to File Schedules and Statement of Financial Affairs* (the "Schedules Extension Motion" and, together with the Joint Admin. Motion, collectively, the "First-Day Motions"). In support of his Motion to Expedite, the Trustee and the Genever (BVI) Debtor (together, collectively, the "Movants") respectfully state as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409.

3. The basis for the relief requested herein is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On October 11, 2022 (the "Petition Date"), the Genever (BVI) Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Genever (BVI) Debtor is authorized to continue operating its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed to date in this chapter 11 case.

5. A brief description of the Genever BVI Debtor and the facts and circumstances supporting the Genever BVI Debtor's chapter 11 case is set forth in the *Declaration of Claire Abrehart, Director of Genever Holdings Corporation, in Support of Debtor's Chapter 11 Petition* (the "First Day Declaration"), which the Debtor relies upon and incorporates by reference herein.[2]

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings given to them in the First Day Declaration. A copy of the First Day Declaration is included with the chapter 11 petition at Docket No. 1.

## THE FIRST-DAY MOTIONS[3]

6.      The Joint Admin. Motion – jointly filed by the Trustee in the Individual Debtor's chapter 11 case and by the Genever (BVI) Debtor in its chapter 11 case – requests that the Court order the joint administration of these chapter 11 cases. The Joint Admin. Motion does not seek substantive consolidation of the cases.

7.      The Movants believe that joint administration will promote efficiency and reduce the need for unnecessary, duplicative filings in their respective cases. Based on the facts set forth above, the Movants expect that many of the same factual and legal issues will arise in these chapter 11 cases and the creditor bodies are similar in these cases.

8.      The Genever (BVI) Debtor, by its Schedules Extension Motion, also seeks additional time to file its schedules and statement of financial affairs. While the Genever (BVI) Debtor, with the help of its advisors, is working diligently and expeditiously on the preparation of the schedules, resources are limited. In view of the amount of work entailed in completing the Schedules, the Genever (BVI) Debtor will not be able to properly and accurately complete the Schedules within the 14-day period following the Petition Date. Thus, the Genever (BVI) Debtor has requested a 45-day extension of time to prepare and file its schedules and statement of financial affairs.

## RELIEF REQUESTED

9.      Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the First-Day Motions upon an expedited basis.

---

[3]    The following summary of the relief sought in the First-Day Motions is qualified in its entirety by the First-Day Motions.

10. The Joint Admin. Motion will reduce unnecessary expense and complication without prejudice to any party-in-interest. The Movants thus submit that this motion should be determined sooner rather than later.

11. The Genever (BVI) Debtor further requests expedited determination of the Schedules Extension Motion inasmuch as the schedules would otherwise be due within fourteen days following the Petition Date.

12. Finally, the Movants submit that an expedited hearing will provide the Movants with the opportunity to further advise the Court with respect to the facts and circumstances surrounding the commencement of the Genever (BVI) chapter 11 case and to answer any questions that the Court may have with respect to same.

13. The Movants request that the Court order that a hearing be held with respect to the First-Day Motions on October 13, 2022 at 9:30 a.m., at which time the Court has already scheduled a hearing in the Individual Debtor's chapter 11 case [Docket No. 917 in Case No. 22-50073 (JAM)], or at such date and time thereafter as is convenient for the Court.

14. Finally, with respect to notice of the First-Day Motions:

    a. the Genever BVI Debtor respectfully requests that in its chapter 11 case the Court direct that notice of the First-Day Motions be given to: (i) the twenty largest unsecured creditors of the Genever (BVI) Debtor; (ii) all parties that have requested notice and that are qualified to receive electronic notice; and (iii) the United States Trustee; by overnight mail, facsimile transmission, or electronic mail; and

    b. The Trustee respectfully requests that in the Individual Debtor's chapter 11 case the Court direct that notice of the Joint Admin. Motion be given to: (i) the Committee; (ii) all parties that have requested notice and that are qualified to receive electronic notice;

and (iii) the United States Trustee; by overnight mail, facsimile transmission, or electronic mail.

15.     The Movants submit that the foregoing notice is due and sufficient with respect to the First-Day Motions and that no further notice should be required.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]*

WHEREFORE, the Movants request that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the First-Day Motions, ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated: October 11, 2022
    New Haven, Connecticut

| GENEVER HOLDINGS CORPORATION | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By: */s/ Patrick R. Linsey*<br>    Douglas S. Skalka (ct00616)<br>    Patrick R. Linsey (ct29437)<br>    NEUBERT, PEPE & MONTEITH, P.C.<br>    195 Church Street, 13th Floor<br>    New Haven, Connecticut 06510<br>    (203) 781-2847<br>    dskalka@npmlaw.com<br>    plinsey@npmlaw.com<br><br>*Proposed Counsel for Genever Holdings Corporation* | By: */s/ Patrick R. Linsey*<br>    Douglas S. Skalka (ct00616)<br>    Patrick R. Linsey (ct29437)<br>    NEUBERT, PEPE & MONTEITH, P.C.<br>    195 Church Street, 13th Floor<br>    New Haven, Connecticut 06510<br>    (203) 781-2847<br>    dskalka@npmlaw.com<br>    plinsey@npmlaw.com<br><br>    *and*<br><br>    Nicholas A. Bassett (*pro hac vice*)<br>    PAUL HASTINGS LLP<br>    2050 M Street NW<br>    Washington, D.C., 20036<br>    (202) 551-1902<br>    nicholasbassett@paulhastings.com<br><br>    *and*<br><br>    Douglass Barron (*pro hac vice*)<br>    PAUL HASTINGS LLP<br>    200 Park Avenue<br>    New York, New York 10166<br>    (212) 318-6079<br>    douglassbarron@paulhastings.com<br><br>    *Counsel for the Chapter 11 Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re: : Chapter 11
:
HO WAN KWOK, : Case No. 22-50073 (JAM)
:
      Debtor.[1] :
:
---------------------------------------------------------x
:
In re: : Chapter 11
:
GENEVER HOLDINGS CORPORATION, : Case No. 22-50542 (JAM)
:
      Debtor. :
:
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the (1) *Motion of (A) the Trustee for Chapter 11 Case of Ho Wan Kwok and (B) Genever BVI Debtor for Entry of Order (I) Directing Joint Administration of Related Chapter 11 Cases and (II) Granting Related Relief* (the "Joint Admin. Motion"); and (2) *Genever BVI Debtor's Motion for Entry of Order Extending Time to File Schedules and Statement of Financial Affairs* (the "Schedules Extension Motion" and, together with the Joint Admin. Motion, collectively, the "First-Day Motions");[2] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the First-Day Motionsf shall be held on **October 13, 2022,**

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

**at 9:30 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that a copy of this Order, along with the Joint Admin. Motion and any attachments thereto, shall be served upon: (a) in *In re Ho Wan Kwok* (case no. 22-50073), (i) the Committee; (ii) all parties that have requested notice and that are qualified to receive electronic notice; and (iii) the United States Trustee; by overnight mail, facsimile transmission, or electronic mail; and (b) in *In re Genever Holdings Corporation* (case no. 22-50542), (i) the twenty largest unsecured creditors of the Genever (BVI) Debtor; (ii) all parties that have requested notice and that are qualified to receive electronic notice; and (iii) the United States Trustee; by overnight mail, facsimile transmission, or electronic mail; and it is further

**ORDERED,** that a copy of the Schedules Extension Motion and any attachments thereto, shall be served upon, in *In re Genever Holdings Corporation* (case no. 22-50542), (i) the twenty largest unsecured creditors of the Genever (BVI) Debtor; (ii) all parties that have requested notice and that are qualified to receive electronic notice; and (iii) the United States Trustee; by overnight mail, facsimile transmission, or electronic mail; and it is further

**ORDERED**, that Movants shall file certificates of service attesting to their compliance with this Order in their respective chapter 11 cases in advance of the Hearing.