# EXHIBIT

# A

# AMERICAN BAR ASSOCIATION
STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 473**  February 17, 2016

**Obligations Upon Receiving a Subpoena or Other Compulsory Process for Client Documents or Information**

*A lawyer receiving a subpoena or other compulsory process for documents or information relating to the representation of a client has several obligations. If the client is available, the lawyer must consult the client. If instructed by the client or if the client is unavailable, the lawyer must assert all reasonable claims against disclosure and seek to limit the subpoena or other initial demand on any reasonable ground. If ordered to disclose confidential or privileged information and the client is available, a lawyer must consult with the client about whether to produce the information or appeal. If the client and the lawyer disagree about how to respond to the initial demand or to an order requiring disclosure, the lawyer should consider withdrawing from the representation pursuant to Model Rule 1.16. If disclosure is ordered and the client is unavailable for consultation, the lawyer is not ethically required to appeal. When disclosing documents and information— whether in response to an initial demand or to an order, and whether or not the client is available—the lawyer may reveal information only to the extent reasonably necessary. The lawyer should seek appropriate protective orders or other protective arrangements so that access to the information is limited to the court or other tribunal ordering its disclosure and to persons having a need to know.*

## I. Introduction

Recently the Committee was asked to revisit Formal Opinion 94-385 (July 5, 1994) regarding subpoena of a lawyer's files because Model Rule 1.6(b)(6) was adopted in 2002, more than a decade ago (at that time as 1.6(b)(4)). Model Rule 1.6(b)(6) provides: "A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to comply with *other law or court order*."[1]

When Formal Opinion 94-385 was issued, Model Rule 1.6(b) permitted a lawyer to disclose confidential information *in only two circumstances*: (i) to prevent certain crimes,

---

1. ABA MODEL RULE 1.6(b)(6) (2015) (emphasis added). The phrase "other law" refers, generally, to statutory or regulatory requirements. *See, e.g.*, State Bar of Michigan Advisory Op. RI-311 (1999) (regulation requiring lawyer to report the names and addresses of clients to the Legal Services Corporation); State Bar of Michigan Advisory Op. RI-54 (1990) (Internal Revenue Code requirement that cash transactions exceeding $10,000.00 be reported to the Internal Revenue Service). Although there is overlap in the two phrases, this opinion addresses principally the obligations of a lawyer who receives a subpoena or other initial demand that is or may be enforced by a court or other tribunal. Throughout this opinion, "subpoena," "demand," "compulsory process," and similar terms are used interchangeably to refer to any initial demand by an entity or person or government agency seeking information protected by Model Rule 1.6(a) that is or may be enforced by compulsory process. "Court" or "tribunal" refers to a court, an arbitrator in a binding arbitration proceeding or a legislative body, and an administrative agency or other body acting in an adjudicative capacity and includes any other "tribunal" within the meaning of Model Rule 1.0(m).

**Formal Opinion 473**     2

and (ii) to establish certain claims or defenses on behalf of the lawyer.[2] Relying in part on then Comment [20], Formal Opinion 94-385 advised that the lawyer "must comply with the final orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about a client."[3] The Opinion explained that this "does not mean that the lawyer should be a passive bystander to attempts by a governmental agency—or by any other person or entity for that matter—to examine her files or records."[4] Rather,

> [W]here a government agency serves on the lawyer a subpoena or court order directing the lawyer to turn over to the agency the lawyer's files relating to her representation of the client—the lawyer has a professional responsibility to seek to limit the subpoena, or court order, on any legitimate available ground (such as the attorney-client privilege, work product immunity, relevance or burden), so as to protect documents as to which the lawyer's obligation under Rule 1.6 apply. Only if the lawyer's efforts [at limiting the subpoena or order] are unsuccessful, either in the trial court or in the appellate court (in those jurisdictions where an interlocutory appeal on this issue is permitted), and she is specifically ordered by the court to turn over to the governmental agency documents which, in the lawyer's opinion, are privileged, may the lawyer do so.[5]

In the twenty-one years since publication of Formal Opinion 94-385 and the fourteen years since the Ethics 2000 amendments, additional questions have arisen regarding how a lawyer should respond to subpoenas, demands, or other compulsory process for client information and documents. These questions include: If disclosure is to be made, how extensive should it be? What, if any, protective measures should or must the lawyer seek? Are the obligations different when the client is not available for consultation? When the client is available for consultation but responding to the demand is outside the scope of a current representation, how should the lawyer handle retention and fee arrangements? If the client and the lawyer disagree about how to respond—either to the initial demand or after disclosure is ordered—what are the lawyer's obligations? Must the lawyer appeal an adverse decision for a client who is unavailable? Should or may the lawyer provide for these contingencies in retainer letters? This opinion provides guidance on these and related questions. The advice offered here updates and extends the advice offered in Formal Opinion 94-385.

## II. Discussion

Rule 1.6(b) permits but does not require a lawyer to disclose information relating to the representation of a client ("[a] lawyer may reveal information") that the lawyer would

---

2. *Compare* ABA MODEL RULE 1.6(b) (1994), *with* ABA MODEL RULE 1.6(b) (2015).
3. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 94-385 (1994), at 2.
4. *Id*.
5. *Id.* at 3 (footnotes omitted).

**Formal Opinion 473**     3

otherwise be barred from disclosure under Rule 1.6(a).[6] Each of the seven 1.6(b) provisions specifies an exception to the 1.6(a) prohibition, and under each provision disclosure is permitted.[7]

For example, Rule 1.6(b)(6) makes clear that a lawyer cannot argue 1.6(a) bars compliance with a court order. Rule 1.6(a) permits disclosure of information relating to the representation, "if such disclosure is permitted by paragraph (b)," and subparagraph (b)(6) permits the lawyer to disclose information "to comply with other law or court order." A lawyer must obey a court order, subject to any right to move the court to withdraw or modify the order or to appeal the order.[8] But a lawyer facing a court order requiring the disclosure of client confidential information still is faced with complex, critical and fact-intensive questions on how to respond—e.g., what challenges should be considered, what specific information should be disclosed, and what protective measures should be sought. In making these judgments the lawyer must balance obligations inherent in the lawyer's dual role as an advocate for the client and an officer of the court.[9] In doing so, the lawyer should disclose client confidential information only to the extent "the lawyer reasonably believes necessary" to comply with the order.[10] Provision (b)(6) enables—indeed calls upon—the lawyer to make these delicate judgments.

    **A. Notice and Consultation**

The lawyer's obligations of notice and consultation upon receiving a demand for client files and information are essentially the same for current and former clients. First,

---

6. ABA MODEL RULE 1.6(a) (2015) provides: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."

7. *See, e.g.*, ABA MODEL RULE 1.6(b)(1) (2015) (a lawyer *may* reveal confidential information "to prevent reasonably certain death or substantial bodily harm") (emphasis added); ABA MODEL RULE 1.6(b)(2) (2015) (a lawyer *may* reveal confidential information "to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services") (emphasis added). ABA MODEL RULE 1.6(b)(6) is, by its terms, and consistent with (b)(1) through (b)(5), also permissive. *See* ABA MODEL RULE 1.6(b)(6) (2015) ("[a] lawyer *may* reveal information . . . to comply with . . . a court order") (emphasis added). *See also* A LEGISLATIVE HISTORY: THE DEVELOPMENT OF THE ABA MODEL RULES OF PROFESSIONAL CONDUCT, 1982-2013 130 (Art Garwin ed., 2013); Margaret Love, *The Revised ABA Model Rules of Professional Conduct: Summary of the Work of Ethics 2000*, 15 GEO. J. LEGAL ETHICS 441, 451 (2002).

8. *See, e.g.*, ABA MODEL RULE 3.4(c) (2015) ("A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal"); ABA MODEL RULE 8.4(d) (2015) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice"); ABA MODEL RULE 8.4(a) (2015) ("It is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct"). *See also* RESTATEMENT OF THE LAW GOVERNING LAWYERS (3d) § 105 (2000) ("In representing a client in a matter before a tribunal, a lawyer must comply with applicable law, including rules of procedure and evidence and specific tribunal rulings.").

9. *See* Dike v. Dike, 448 P.2d 490, 493 (Wash. 1968) (discussing whether a lawyer should be ordered to disclose confidential information the court said, "[I]t is important to recognize that an attorney has a dual role [in this context] — he is both an advocate for his client and an officer of the court . . . . Neither duty can be meaningfully considered independent from the other.").

10. ABA MODEL RULE 1.6 cmt. [16] (2015).

**Formal Opinion 473**                                                                                                         4

the lawyer must notify—or attempt to notify—the client.[11] For former clients, the lawyer must make reasonable efforts to reach the client by, for example, internet search, phone call, fax, email or other electronic communications, and letter to the client's last known address. The specific efforts required to reach particular clients will depend on the circumstances existing when the lawyer receives the demand. But these efforts must be reasonable within the meaning of Model Rule 1.0(h), and should be documented in the lawyer's files.

The lawyer's obligations to the client will differ depending on whether the client is available for consultation. Where the client is available, the lawyer must consult the client about how to respond to the demand.[12] Model Rule 1.4 should guide this consultation.

Rule 1.4 directs the lawyer to "promptly inform the client of any decision or circumstance with respect to which the client's informed consent" is required and to "explain [the] matter to the extent reasonably necessary to permit the client to make informed decisions."[13] Rule 1.6(a) allows the lawyer to disclose information relating to the representation with the client's informed consent.[14] "'Informed consent' denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated

---

11. *See, e.g.*, State Bar of Michigan Advisory Op. CI-925 (1983) (lawyer must notify client upon receipt of a subpoena for documents relating to the lawyer's representation of the client) (citations omitted); Alaska Bar Ass'n Op. 96-3 (1996) (upon receiving a demand for confidential information or documents, the lawyer should attempt to contact the client concerning the request). *See also* Linda G. Bauer, *Subpoena Savvy: What To Do When Your Client's File is Subpoenaed* (Nov. 2002), www.mass.gov/obcbbo/subpoena.htm (". . . [T]he lawyer should first attempt to contact the former client to determine whether the client consents to the disclosure."); D.C. Bar Op. 14 (1976), at 2 ("an attorney should promptly notify his former client when he receives a subpoena asking for documents that came into his possession during the course of the representation of that former client or documents that affect or may affect that former client"); Pennsylvania Legal Ethics & Prof'l Responsibility Comm. Op. 2002-106 (2003) ("a lawyer may comply with an order issued in a private arbitration to reveal confidential client information, but must first raise the confidentiality issue with the arbitration panel and notify any clients whose confidences are implicated. The lawyer should try to limit the scope and impact of the disclosure.").

12. *See* ABA MODEL RULE 1.6 cmt. [15] (2015) (client consultation is required by Rule 1.4 before responding to an order or demand for information relating to a representation by "a court or by another tribunal or governmental entity"). The protection of 1.6 is provided to former clients through Model Rule 1.9(c)(1) and (2), which provide: "A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client . . . or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client." *See also* Swidler & Berlin v. U.S., 524 U.S. 399 (1998) (obligations of confidentiality continue even after the death of a client); Jamaica Pub. Serv. Co. v AIU Ins. Co., 684 N.Y.S.2d 459, 462 (N.Y. 1998) (an attorney owes a "continuing duty" to a former client not to reveal confidences learned in the course of a professional relationship). *See also* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 fn8 ("[t]he lawyer's obligation to protect the attorney-client privilege ordinarily applies when the lawyer is called to testify or provide documents regarding a former client no less than a current client"); Rhode Island Supreme Ct. Ethics Advisory Panel Op. 2013-05, at 3 (2013) (obligations under 1.6 continue even after death of client; even then a "lawyer has a professional responsibility to seek to limit [a] subpoena or court order on any legitimate grounds such as attorney-client privilege, work product immunity, burden or relevance, to protect information to which obligations under Rule 1.6 apply") (citing ABA Formal Opinion 94-385).

13. ABA MODEL RULE 1.4 (2015).

14. *See* ABA MODEL RULE 1.6(a) (2015) (prohibiting a lawyer from revealing confidential information unless the client gives "informed consent").

**Formal Opinion 473**         5

adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct."[15]

The content of the consultation will depend on the circumstances. It should include, at a minimum, (i) a description of the protections afforded by Rule 1.6(a) and (b), (ii) whether and to what extent the attorney-client privilege or work product doctrine or other protections or immunities apply, and (iii) any other relevant matter. Other relevant matters include, for example, "to the extent that the disclosure of confidential client information in a civil proceeding may raise potential criminal liability for the client, the consequences should be explained to the client during the consultation process."[16] The lawyer also may need to discuss whether the subpoena or other demand is valid and whether the requested document contains self-incriminatory information that might form the basis of a Fifth Amendment privilege claim against disclosure.

If, after consultation, the client wishes to challenge the demand, the lawyer should, as appropriate and consistent with the client's instructions, challenge the demand on any reasonable ground. If, after making the challenge, the court or other tribunal rules against the motion to withdraw or modify the order or demand for production, "the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4."[17] If the client decides not to appeal and gives informed consent to disclosure, the lawyer must produce the documents and information consistent with the client's instructions and as described in Part IIC of this opinion.

The lawyer has several options and some obligations if the lawyer and client disagree about how to respond to the initial demand or to an adverse ruling, or if the client wishes to retain new counsel. For a current client, where the initial demand or the appeal is within the scope of the retention, for example, the lawyer may seek to withdraw in compliance with Model Rule 1.16.[18] Where the initial demand or the appeal constitutes a new matter for a current client or relates to a former client and the client wishes to seek other counsel, the lawyer should take reasonable steps to protect the client's interest during the client's search for other counsel.[19]

### B. Fee Arrangements

When responding to a demand that is outside the scope of a current retention, or when the demand relates to information and documents of a former client, the lawyer may need to discuss fee and retention arrangements during the consultation. In doing so, however, the lawyer must comply with the relevant rules. For example, under Model Rule 1.5(b) "[t]he scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in

---

15. ABA MODEL RULE 1.0(e) (2015).
16. *See* Bauer, *supra* note 11.
17. ABA MODEL RULE 1.6 cmt. [15] (2015).
18. *See* ABA MODEL RULE 1.16(b)(1), (4), (7) & 1.16(c) (2015).
19. *See* ABA MODEL RULE 1.16(d) (2015).

**Formal Opinion 473**    **6**

writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate."[20]

Lawyers also may consider providing for these situations in initial retainer letters by including provisions that (i) the client will keep the lawyer informed on how to reach the client, even after the representation has ended, (ii) in the event the lawyer receives a subpoena or other demand for information protected by Model Rule 1.6, the client will promptly respond to the lawyer's request for instructions, and (iii) the client agrees to pay all reasonable fees and costs associated with any production or judicial proceedings in response to a subpoena or other demand. Even if no fee agreement is reached—either in the initial retainer letter or during a consultation following the lawyer's receipt of the demand—the lawyer nevertheless may be required to challenge the initial demand, as discussed below.[21]

### C. Where the Client is Unavailable for Consultation

Where the client is unavailable for consultation after the lawyer has made reasonable efforts to notify the client, the lawyer "*should* assert on behalf of the client all non-frivolous claims that . . . the information sought is protected against disclosure by the attorney-client privilege or other applicable law."[22] The lawyer has this obligation to assert all reasonable objections and claims when the lawyer receives the initial demand.[23] During

---

20. ABA MODEL RULE 1.5(b) (2015).

21. *See, e.g.*, D.C. Bar Op. 288 fn4 (1999) (" . . . [even] if no agreement on fees and expenses is reached regarding the efforts to protect the confidential information [demanded by a subpoena], the lawyer must nevertheless take all ethically required steps to protect the privilege even if not compensated for the services by the client."). A later suit in *quantum meruit* for the services rendered may be available to the lawyer but that is an issue of law beyond the jurisdiction of this Committee. Alternatively, a lawyer may seek to withdraw as appropriate under Rule 1.16.

22. ABA MODEL RULE 1.6 cmt. [15] (2015) (emphasis added). *See* RESTATEMENT OF THE LAW, *supra* note 8, § 63 cmt. b ("A lawyer generally is required to raise any reasonably tenable objection to another's attempt to obtain confidential client information . . . from the lawyer if revealing the information would disadvantage the lawyer's client and the client has not consented . . ."); Bd. of Prof'l Responsibility of the Supreme Ct. of Tennessee Formal Op. 2014-F-158 (2014) ("[i]n the absence of informed consent of the client, the lawyer must reveal the information or document if ordered to [do] so by the tribunal, but only after the lawyer has raised all non-frivolous objections that the information sought is protected against disclosure by the attorney-client privilege or other applicable law"); D.C. Bar Op. 288 (1999) (" . . . . A lawyer generally is required to raise any reasonably tenable objection to another's attempt to obtain confidential information . . . , unless disclosure would serve the client's interests . . . ." (citations omitted); D.C. Bar Op. 14 (1976) (". . . [W]hen documents are subpoenaed or an effort is otherwise made to compel their disclosure, it is the lawyer's ethical duty to a former client to assert on the former client's behalf every objection or claim of privilege available to him when to fail to do so might be prejudicial to the client"); Kentucky Bar Ass'n Op. E-315 (1987) (upon receiving a grand jury subpoena for client documents a lawyer "must respond by asserting any privilege (i.e., the attorney-client privilege) . . . .") (citations omitted); New Jersey Advisory Comm. on Prof'l Ethics Op. 145 (1969) (". . . if the client fails to respond to the attorney's letter his silence cannot be construed as consent and it would be improper to turn over copies of the [client's documents absent a court order] . . . .").

23. Appropriate objections and claims may vary with the jurisdiction. In some states, e.g., California, a lawyer may be *required* to raise certain claims or objections. *See, e.g.*, CAL. EVIDENCE CODE § 955 (1965) (lawyer who received or made a communication subject to the privilege under this article shall claim the privilege whenever he is present when the communication is sought to be disclosed and is authorized to claim

the proceeding before the court or other tribunal, the lawyer should explain the lawyer's diligent but unsuccessful efforts to reach the client. If the lawyer is ordered to produce the documents and records, paragraph (b)(6) permits the lawyer to comply with the court order, as discussed below.

### D. Complying With the Court Order

As noted, relying in part on then Comment [20], Formal Opinion 94-385 declared that a "lawyer must comply with the *final* orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client."[24] Other authorities also direct a lawyer to comply with "final" orders of a court or other tribunal.[25] Questions have arisen as to whether the reference to "final order" in Formal Opinion 94-385 and elsewhere requires a lawyer to appeal an adverse ruling when the client cannot be located or is unavailable for consultation.

Model Rule 1.6(b)(6) makes no reference to a "final" order. The comments adopted in 2002 make no reference to "final" orders. Comment [15] reads simply, "In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4. Unless review is sought, however, paragraph (b)(6) permits the lawyer to comply with the court's order."[26] The text thus suggests that omitting the reference to "final" orders was meant to relieve the lawyer from the added burden of pursuing an appeal or other "final" disposition, unless appropriate arrangements are made with an available client. The obligation of the lawyer with regard to an appeal is particularly relevant if the client or former client is unavailable.[27]

Requiring a lawyer to take an appeal when the client is unavailable places significant and undue burdens on the lawyer. An appeal costs money and takes time away from other clients. Taking an appeal on behalf of an unavailable client forces the lawyer to act without consultation and direction. While such clients need and deserve protection in

---

the privilege under subdivision (c) of § 954). In other states, by contrast, a lawyer may be *forbidden* from raising certain objections or claims.

    24. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 94-385, at 2 (emphasis added). Prior to the adoption of the amendments in 2002, Comment [20] to Model Rule 1.6 also said, a "lawyer must comply with the *final* orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client." *See* A LEGISLATIVE HISTORY, *supra* note 7, at 129 (emphasis added).

    25. *See, e.g.*, Rhode Island Supreme Ct. Ethics Advisory Panel Op. 98-02 (1998) (upon receiving a demand for confidential information a lawyer "has professional responsibility to seek to limit subpoena [sic] or court order on any legitimate ground, such as attorney-client privilege, work product immunity, burden or relevance . . . . The . . . attorney must comply, however, with the *final* orders of a court requiring him/her to produce the documents sought or to give information about the former client" (emphasis added) (citing ABA Formal Opinion 94-385)). *See also* State Bar of Arizona Op. 00-11 (2000) (discussing, *inter alia*, a comment to Arizona RPC 1.6, which says, ""The lawyer must comply with the *final* orders of a court or other tribunal . . . [requiring disclosure]" but noting that "[w]hat constitutes a 'final order' is problematic. Criminal attorneys might well argue that before revealing any such confidential information . . . the lawyer must await a final order by the highest court of appellate review and the mandate is spread relative thereto, if the original order of the lower court is appealed") (emphasis added).

    26. ABA MODEL RULE 1.6 cmt. [15] (2015).

    27. *See* the Reporter's comment in A LEGISLATIVE HISTORY, *supra* note 7, at 132.

**Formal Opinion 473**        **8**

response to an initial demand—to avoid improper and unjustified access to information and documents that the rules protect even after the client's death[28]—the balance changes once a court or other tribunal has ruled on the lawyer's initial objection. In the absence of instructions from the client to appeal, the ethics rules do not require a lawyer to shoulder further burdens. Accordingly, a lawyer is not ethically required to take an appeal on behalf of a client whom the lawyer cannot locate after due diligence.[29]

Once a lawyer determines disclosure is appropriate—in response to an initial demand or to an order and whether or not the client is available—the lawyer may produce documents and information "only to the extent the lawyer reasonably believes . . . is necessary . . . ."[30] The lawyer should seek appropriate protective orders and similar arrangements "to the fullest extent practicable."[31] "[D]isclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it . . . ."[32]

### III. Conclusion

A lawyer receiving a subpoena or other compulsory process for information or documents relating to the representation of a client has several obligations. If the client is available, the lawyer must consult the client. If instructed by the client or if the client is unavailable, the lawyer must assert all reasonable claims against disclosure and seek to limit the subpoena or other demand on any reasonable ground.

If ordered to disclose confidential or privileged information and the client is available, a lawyer must consult with the client about whether to produce the information or to appeal. If the client and the lawyer disagree about how to respond to the initial demand or to an order requiring disclosure, the lawyer should consider withdrawing pursuant to Model Rule 1.16. If disclosure is ordered and the client is unavailable for consultation, the lawyer is not ethically required to appeal.

When disclosing documents and information—whether in response to an initial demand or to a court order and whether or not the client is available—the lawyer may reveal information only to the extent reasonably necessary. The lawyer should seek appropriate protective orders or other protective arrangements so that access to the information is limited to the tribunal ordering its disclosure and to persons having a need to know.

---

      28. Swidler & Berlin v. U.S., 524 U.S. 399 (1998) (obligations of confidentiality continue even after the death of a client); Jamaica Pub. Serv. Co. v. AIU Ins. Co., 684 N.Y.S.2d 459, 462 (N.Y. 1998) (an attorney owes a "continuing duty" to a former client not to reveal confidences learned in the course of a professional relationship).
      29. When challenging the subpoena or other demand in the first instance the lawyer should explain to the court or other tribunal the lawyer's efforts to locate the client and the client's unavailability.
      30. ABA MODEL RULE 1.6 cmt. [16] (2015).
      31. *Id.*
      32. *Id.*

**Formal Opinion 473**  9

Where the client is available, the lawyer is not required to act without a fee but arrangements regarding the scope of the work and fee arrangements must conform to the relevant rules.[33] Where the client is unavailable to make retention and fee arrangements, the lawyer is nevertheless required to challenge the demand in the first instance. Lawyers should consider providing for these situations in retainer agreements.

---

33. *See, e.g.*, ABA MODEL RULE 1.5 (2015).

**AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY**
321 N. Clark Street, Chicago, Illinois 60654-4714 Telephone (312) 988-5328
CHAIR: Myles V. Lynk, Tempe, AZ ■ Arthur D. Burger, Washington, DC ■ Wendy Wen Yun Chang, Los Angeles, CA ■ Robert A. Creamer, Cambridge, MA ■ Hon. Daniel J. Crothers, Bismarck, ND ■ Keith R. Fisher, Arlington, VA ■ Barbara S. Gillers, New York, NY ■ Amanda Jones, Chicago, IL ■ Hope Cahill Todd, Washington, DC ■ Allison L. Wood, Chicago, IL

**CENTER FOR PROFESSIONAL RESPONSIBILITY:** Dennis A. Rendleman, Ethics Counsel, Mary McDermott, Associate Ethics Counsel
**©2016 by the American Bar Association. All rights reserved.**