**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

----------------------------------------------------x
:
In re:                                                           :    Chapter 11
:
HO WAN KWOK,                                         :    Case No. 22-50073 (JAM)
:
Debtor.[1]                                              :
:
----------------------------------------------------x

**REPLY IN SUPPORT OF MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER AUTHORIZING COMPLIANCE WITH RULE 2004 SUBPOENAS AND ENFORCING CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Luc A. Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), by and through his undersigned counsel, respectfully submits this reply (the "Reply") (i) in further support of his motion [ECF No. 898] (the "Enforcement Motion"), and (ii) in response to the Debtor's objection to the Enforcement Motion [ECF No. 939] (the "Objection"). In support of this Reply, the Trustee respectfully states as follows:

**ARGUMENT**

1. The Court entered the Privilege Order[2] on September 14, 2022. Paragraph 7 of that order provides that if the Debtor wishes to withhold documents from production on the grounds that their disclosure would cause him personal harm, "the Debtor's counsel" (Zeisler & Zeisler) must produce a privilege log within 10 days of the deadline to respond to the applicable

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] [ECF No. 856]. Capitalized terms not otherwise defined herein have the meanings given to such terms in the Enforcement Motion.

subpoena. Brown Rudnick's and Verdolino's deadline to respond to their subpoenas was September 16, 2022, which set the Privilege Log Deadline at September 26, 2022. The Debtor's counsel, however, did not produce a privilege log by that deadline, nor did counsel move for an extension of time. Because the Privilege Log Deadline has come and gone without action by the Debtor, the Court can and should enforce the Privilege Order and direct that the documents of Brown Rudnick and Verdolino be produced immediately. This ends the analysis.

2.  In his Objection, the Debtor asks for more time and, apparently, for the Court to simply ignore its own prior orders. But enforcing the Court's prior orders, including the Privilege Order, is the only way to maintain order in this case and prevent the Debtor from brazenly flouting his obligations to the Trustee and to the Court. The Debtor contends he has never sought to delay the Trustee's investigation, but the record is clearly to the contrary. This case has now been pending for eight months. The Trustee was appointed more than three months ago, and this Court entered the Rule 2004 Orders nearly two months ago, on August 16, 2022. The Trustee served his subpoenas on Brown Rudnick and Verdolino on August 17, 2022. Since then, it has been a painful process—to put it mildly—to get any action out of the Debtor.

3.  The Debtor initially squabbled with Brown Rudnick and Verdolino for weeks over who should review potentially privileged documents before eventually agreeing that the Debtor's current counsel would do so but would need an indeterminate "reasonable time" for such review. The Trustee did not then categorically reject counsel's request to review the documents, as the Debtor asserts. (*See* Objection ¶ 19.) Rather, the Trustee rejected the Debtor's request to not even begin reviewing the documents until a week after production was due with no guarantee as to when they would be produced. In an effort to be constructive, the Trustee proposed a practical solution that would allow all of Brown Rudnick's and Verdolino's documents to be produced

immediately. Specifically, even though the Debtor had waived his ability to withhold documents as privileged under the Privilege Order by not producing a log by the deadline, the Trustee offered to treat every document produced by Brown Rudnick and Verdolino as an inadvertently produced document, such that the Debtor could exercise his rights under Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502(b) to claw back any document produced to the Trustee that he believes may cause him personal harm.[3]  But the Debtor rejected this solution, with the only logical explanation being that he would prefer to continue to delay and obstruct this investigation.

4. The Debtor now touts the progress he has purportedly made in reviewing Brown Rudnick's and Verdolino's files, as if to show that his counsel's proposal to review all of the documents prior to their production is working as intended. Specifically, he states that his counsel received more than 16,000 such files on October 6, 2022 and that counsel has since reviewed those files, identifying 33 of them as documents to be included in a privilege log. But the Debtor's efforts are both far too little and far too late. The Court established a hard deadline of September 26, 2022 for his counsel to produce a privilege log, and the Debtor let that deadline lapse with no action. He does not get a second chance.[4] *Buck v. United States*, No. 3:18-CV-1253 (AWT), 2021 WL 4391090, at *1 (D. Conn. Sept. 24, 2021) (withholding party "must 'serve on all parties a privilege log' with information required under local rules, D. Conn. Civ. R. 26(e), or risk waiving

---

[3] The Debtor has asserted that the Trustee's offer to allow the Debtor to assert his clawback rights under the Federal Rules is not a "compromise" because he already has such rights. The Debtor misunderstands. He only has clawback rights with respect to documents produced inadvertently. If the Debtor allows documents to be produced without reviewing them, then any production of privileged documents would not be inadvertent. The Trustee, however, has offered to treat them as inadvertently produced as a compromise. Moreover, the Debtor ignores that, by letting the deadline to produce a privilege log lapse, he waived his ability to assert privilege under the Privilege Order. The Trustee, however, is still willing to give the Debtor a clawback right.

[4] In paragraph 14 of his Objection, the Debtor asserts that it would have been "absurd" for anyone to conclude that privilege determinations could have been made in response to the Subpoena by the September 16 response deadline because the Privilege Order did not enter until September 14. The Debtor misses the point. The deadline to produce a privilege log was not until September 26, twelve days later. In any event, as of September 14, the Debtor had full knowledge of his obligations under the Privilege Order. If he needed more time to meet those obligations, he could have moved for an extension. He did not.

the privilege entirely"); *see also Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) ("[F]ailure to comply with the explicit requirements of [the local rule] may result in a finding that the privilege has been waived[.]").

5. In any event, the Debtor's purported progress is hardly meaningful. Despite saying he is withholding 33 documents as privileged, ***the Debtor still has not produced a privilege log for those documents, nor has he produced any of the non-privileged documents***. The Trustee looks forward to seeing a log and learning, finally, what types of documents in the files of Brown Rudnick and Verdolino the Debtor believes could possibly cause him personal harm if disclosed to the Trustee. Another glaring problem with the progress the Debtor touts is that he has only received and reviewed one batch of documents. The Trustee understands that Brown Rudnick and Verdolino still have thousands more documents to send to the Debtor's counsel for review, and the Debtor's counsel has not committed to review and log those documents by a date certain.

6. The bottom line is that the Debtor is out of time and has been for weeks. This Court should enforce the Privilege Order and direct that Brown Rudnick's and Verdolino's documents be produced immediately, subject to the Debtor's ability to exercise his clawback rights under the Federal Rules of Evidence and Federal Rules of Civil Procedure.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Trustee respectfully requests that the Court grant the Enforcement Motion and (a) enter the Proposed Order in substantially the form attached thereto and (b) grant such other and further relief as may be just and proper.

Dated: October 12, 2022　　　　　　　　LUC A. DESPINS,
　　　　　New Haven, Connecticut　　　　CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
　　Patrick R. Linsey (ct29437)
　　NEUBERT, PEPE & MONTEITH, P.C.
　　195 Church Street, 13th Floor
　　New Haven, Connecticut 06510
　　(203) 781-2847
　　plinsey@npmlaw.com

　　　　*and*

　　Nicholas A. Bassett (admitted *pro hac vice*)
　　PAUL HASTINGS LLP
　　2050 M Street NW
　　Washington, D.C., 20036
　　(202) 551-1902
　　nicholasbassett@paulhastings.com

　　　　*and*

　　Avram E. Luft (admitted *pro hac vice*)
　　Douglass Barron (admitted *pro hac vice*)
　　PAUL HASTINGS LLP
　　200 Park Avenue
　　New York, New York 10166
　　(212) 318-6079
　　aviluft@paulhastings.com
　　douglassbarron@paulhastings.com

　　*Counsel for the Chapter 11 Trustee*