**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
                                                         :
In re:                                          :    Chapter 11
                                                       :
    Ho Wan Kwok,                       :    Case No. 22-50073 (JAM)
                                                         :
                                                       :
                    Debtor.[1]                    :
                                                       :
---------------------------------------------------------------------X

**RESPONDENTS' URGENT MOTION IN AID OF COMPLIANCE WITH ORDER REGARDING RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Brown Rudnick LLP ("Brown Rudnick") and Verdolino & Lowey P.C. ("VLPC," with Brown Rudnick, the "Respondents") hereby submit this motion (the "Motion") in aid of their compliance with the Court's *Order Granting Motion for Entry of Order Authorizing Compliance with Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* (the "Production Order") [Docket No. 962]. In the most simple terms, the Respondents' Motion provides and requests as follows:

- **This Motion does not seek delay.** Brown Rudnick has concluded necessary reviews and is capable of producing all responsive documents to the Trustee, and fully desires to do so as soon as possible. **To be clear: Brown Rudnick is able and willing to produce all such documents to the Trustee at or before 5:00 p.m. on the date hereof, provided resolution of the issues identified herein.**

- VLPC has in fact produced all documents responsive to the Chapter 11 Trustee's subpoena, subject to withholdings in connection with the Debtor's existing privilege log;

- Unfortunately, the Debtor's most recent filings and arguments indicate the Debtor's belief that Respondents' compliance with the Court's order may violate their legal and/or ethical duties to the Debtor;

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

- In discussions pertaining to the Production Order, Debtor's counsel expressly reserved the right – at least for the time being – to take legal action against Brown Rudnick in connection with its production of documents as required by the Production Order; and

- Respondents' requested, and the Trustee agreed, to certain changes to the Trustee's proposed order on its Motion to address the Debtor's positions and the Respondents' concerns;

- Neither the Court's comments on the record on October 13, 2022 nor the Production Order address these issues directly and, thus, could lead to further litigation.

Accordingly, and in the interest of expediting its production at minimal risk of further litigation concerning their obligations to their former client, the Respondents request that the Court assist in their compliance with the Production Order by the clarifications proposed in the order attached hereto as **Exhibit A**.

In further support for the Motion, Respondents state as follows:

## FACTUAL BACKGROUND

1. With respect to the pertinent facts preceding this Motion, Respondents incorporate herein by reference the facts stated in the *Response to Trustee's Motion for Protective Order, and Consent to Further Relief Sought by Trustee* [Docket No. 901] (the "Enforcement Response") as well as their remarks to the Court on the record on October 12, 2022 in connection with the *Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance with Rule 2004 Subpoena and Enforcing Consent Order* [Docket No. 898] (the "Enforcement Motion"). Certain pertinent facts contained therein are summarized and restated herein.

2. On February 15, 2022, Ho Wan Kwok (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code.

2

3.      On March 16, 2022, the Debtor filed an application to employ Brown Rudnick as counsel. Docket No. 86. The same date, the Debtor applied to employ VLPC as his financial advisor. Docket No. 90.

4.      An order approving Brown Rudnick's retention was entered on April 29, 2022. Docket No. 293. The Court held the VLPC application under advisement, and it was later withdrawn. *See* Docket No. 737.

5.      On June 15, 2022, the Court entered an order directing appointment of a chapter 11 trustee. Docket No. 465. The current chapter 11 trustee, Luc Despins (the "Trustee"), was appointed on July 7, 2022. Docket No. 514.

6.      On July 13, 2022, Brown Rudnick filed a motion to withdraw as counsel. Docket No. 543. The Court has granted Brown Rudnick's motion to withdraw. Docket No. 666.

**RULE 2004 MOTION AND SUBPOENA**

7.      On July 28, 2022, the Trustee filed a motion seeking discovery of the Debtor's current and former professionals pursuant to Rule 2004. Docket No. 637. The Respondents did not oppose the motion, and the Court granted the motion on August 16, 2022. Docket No. 756. The Trustee served subpoenas on Brown Rudnick and VLPC on that date, which subpoenas have been interpreted as a request for each Respondent's entire client file. The subpoenas stated a demand for response by September 16, 2022.

8.      Following receipt of the subpoenas, each Respondent took measures to ensure preservation of all possible documents responsive to the subpoenas.

9.      Following entry of the Court's order and service of the subpoenas on the Respondents and others, the Debtor raised questions concerning the scope of privilege

transferred to the Trustee. Accordingly, on August 22, 2022, the Trustee filed a motion to resolve any such issues. Docket No. 777.

10. Notwithstanding the pending motion practice regarding the scope of privilege, Brown Rudnick (on behalf of both Respondents) engaged in frequent discussions with counsel to both the Trustee and the Debtor over the ensuing period. Ultimately, as it appeared that the Trustee's motion would be resolved on consent, Brown Rudnick was able to negotiate a process with the Trustee whereby the parties would agree on search terms to narrow the vast universe of potentially responsive documents.

11. On September 9, 2022, the Trustee's counsel agreed to accept, expressly in lieu of a formal response to the subpoenas on or before September 16, a proposal from the Respondents as to search terms and methods, such that the Respondents might collect, review, and produce to the appropriate party once the Court issued a ruling on the Trustee's privilege motion.

12. On September 13, 2022, Brown Rudnick delivered the contemplated proposal in satisfaction of its obligation to formally respond to the Trustee's subpoenas.

**CONSENT ORDER AND SUBSEQUENT NEGOTIATIONS**

13. On September 14, 2022, the Court entered its *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [Docket No. 856] (the "Consent Order") resolving the Trustee's motion concerning the transfer of privilege.

14. Pursuant to the Consent Order, all of Respondents' documents and communications are presumed subject to the Trustee's exclusive control; provided, however, that the Trustee's exclusive control is qualified "to the extent the **Debtor** believes in good faith that particular documents or information . . . could result in personal harm to the Debtor if disclosed

4

to the Trustee . . . **the Debtor's counsel** shall . . . log all such documents." ¶ 7 (the "<u>Debtor's Personal Harm Privilege</u>") (emphasis added).

15. Brown Rudnick immediately thereafter engaged in further discussions with the Trustee and the Debtor regarding the interpretation of the order and the necessary process to collect, review and produce documents. Unfortunately, the Trustee and the Debtor were not, at any relevant time, able to fully agree on any protocol.

16. Regardless, on September 23 the Respondents reached an agreement with the Trustee on the final search terms and methods to be employed. The Trustee requested, and the Respondents agreed without argument, to a broad set of terms (including such common names as "Miles") intended to capture all possible documents relating to the representation.

## <u>BROWN RUDNICK REVIEW AND PRODUCTION</u>

17. The search terms requested by the Trustee generated approximately 180,000 potentially responsive emails initially collected by Brown Rudnick, in addition to several thousand electronic documents on the firm's archival systems and thousands of pages of hard copy documents generated by attorneys. As agreed with the Trustee and for obvious reasons, this collection was subject to exclusion for plainly non-responsive documents (e.g., documents mentioning individuals named or nicknamed "Miles" other than the Debtor) and documents referencing the Debtor for reasons purely related to the Respondents' business operations (e.g., records of outstanding work in progress).

18. Brown Rudnick immediately undertook to cull the 180,000 emails as proposed. Within days the 180,000 had been reduced to approximately 20,000. At that point, however, the effort required document-by-document review by attorneys, as well as digitization of hard copy

documents, and a tiered review of certain documents created by attorney William Baldiga in light of his management role at Brown Rudnick during the representation.

19. Simultaneous with these efforts, Brown Rudnick continued to engage with the Trustee and the Debtor to negotiate a process for privilege review and production. Although agreement at times appeared obtainable, following a conference on September 29 the Trustee and Brown Rudnick reached the conclusion that an agreement was not forthcoming. Accordingly, the Trustee filed the Enforcement Motion on September 30.

20. The Trustee informed Respondents of the forthcoming Enforcement Motion, and given the time-sensitive nature of the endeavors (both generally and it being a Friday evening preceding court closure and certain religious observances), Respondents simultaneously prepared their own response to accompany the anticipated filing. Accordingly, the Respondents were able to file the Enforcement Response shortly after the Trustee's own filing.

**SUBSEQUENT NEGOTIATIONS**

21. After reviewing the filed Enforcement Motion, Brown Rudnick expressed to the Trustee its concern that the proposed order supplied within the motion might not resolve the objections expressed by the Debtor's counsel.

22. In sum, Debtor's counsel had expressed its view that Brown Rudnick was required to assert privileges on behalf of the Debtor - notwithstanding the text of the Consent Order, Brown Rudnick's lack of access to the Debtor personally, and Debtor's counsel's unwillingness to review documents or assert privileges up to that point.[2] As a result, Brown Rudnick has been effectively precluded from obtaining its former client's informed consent to

---

[2] The Debtor's counsel has expressed some disagreement regarding the nature and timing of its offers to review documents and assert privilege. Regardless, until approximately October 6, 2022, Brown Rudnick did not understand the Debtor's counsel to have made any offer or commitment that appeared to satisfy the requirements of the Consent Order and applicable rules of professional conduct.

6

disclosure of potentially privileged information as required by Rule of Professional Conduct 1.6(b).

23. Despite the foregoing, Brown Rudnick understands certain statements of Debtor's counsel to imply or be interpreted that Brown Rudnick's production of documents directly to the Trustee (as requested in the Enforcement Motion) could constitute a breach of professional obligations.[3]

24. Brown Rudnick thus requested that the Trustee's proposed order on the Enforcement Motion address the Debtor's position by expressly acknowledging Brown Rudnick's satisfaction of legal and ethical obligations to the Debtor in its compliance with such order.

25. The Trustee agreed to the requested changes to the proposed order.

**DEBTOR'S AGREEMENT TO REVIEW AND ASSERT PRIVILEGE**

26. On or around October 6, 2022, communications with Debtor's counsel resulted in, for the first time within Brown Rudnick's understanding, an unequivocal commitment on the part of Debtor's counsel to review documents provided by the Respondents and create a privilege log.

27. Within 24 hours, Respondents produced:

   a. To the Trustee and the Debtor, approximately 650 documents as to which the Debtor's counsel acknowledged that no privilege could be asserted;

   b. To the Debtor, the entirety of the VLPC client file, consisting of approximately 14,000 documents;[4] and

---

[3] To be clear, notwithstanding certain disagreements, at no time has Debtor's counsel instructed, advised, or otherwise suggested that Brown Rudnick should fail to respond to any subpoena or disobey any order of the Court. This Motion is not intended to suggest any impropriety or in any way criticize the actions of counsel.

[4] VLPC subsequently discovered that several thousand documents in the file produced to the Debtor for privilege review were not in fact responsive. These documents were removed prior to VLPC's eventual production to the Trustee.

  c. To the Debtor, an initial production of approximately 3,500 documents from Brown Rudnick's client file, as part of a rolling production in connection with Brown Rudnick's ongoing review to ensure responsiveness and completeness.

(these documents together, "Tranche 1").

28. The Debtor did not alter his legal position regarding Brown Rudnick's obligations and potential liability, and in fact formally stated such position in his objection to the Enforcement Motion at Docket No. 939.

29. Regardless, the Debtor's counsel did review with admirable speed the documents produced by VLPC and Brown Rudnick, such that prior to the hearing on the Enforcement Motion, the Debtor's counsel was able to provide a privilege log in connection with the approximately 17,500 Tranche 1 documents reviewed in the previous week.

## BROWN RUDNICK PRODUCTION STATUS

30. Immediately following receipt of the Debtor's privilege log, Respondents removed the approximately 10 documents identified in the log and prepared to produce the remaining thousands of Tranche 1 documents to the Trustee. These documents – including, for the avoidance of doubt, the entirety of the VLPC client file – were produced to the Trustee on October 13, 2022.

31. As Respondents' counsel indicated at the hearing on the Enforcement Motion on October 13, 2022, certain documents remained to be produced to the Trustee as of that date. Such documents can be described as follows:

  a. Approximately 4,200 were produced to the Debtor on October 12, 2022, and had not been reviewed or logged as of the hearing ("Tranche 2");

  b. Approximately 10,000 remained subject to further review by Brown Rudnick to ensure responsiveness prior to production ("Tranche 3"); and

  c. Brown Rudnick understood that its obligation to respond to the subpoena would be ongoing, such that documents later discovered would be produced (whenever identified, "Tranche 4").

32. Additionally at the hearing, the Respondents noted and the Court entertained oral argument regarding the Debtor's position concerning Brown Rudnick's professional obligations.

33. In the approximately 24 hours subsequent to the hearing, Brown Rudnick was able to review and prepare to produce all of the Tranche 3 documents and reduce the remaining document count to approximately 7,000.

34. While certain Tranche 4 documents are anticipated to exist, the number and nature of such documents is not presently known.

**COURT ENTERS PRODUCTION ORDER**

35. Only hours after the hearing on October 13, 2022, the Court entered the Production Order in connection with the Trustee's Enforcement Motion.

36. The Production Order is not entirely derived from the Trustee's proposed order on the Enforcement Motion and does not contain or address the revisions to such proposed order agreed by the Trustee and Brown Rudnick to resolve concerns regarding the Respondents' ethical and legal obligations raised in the Debtor's prior arguments and objection brief.

37. The Production Order states, in relevant part, that it is:

**ORDERED**: At or before 5:00 p.m. on October 14, 2022, Verdolino & Lowey, P.C. is authorized and shall produce to the Trustee all post-petition documents responsive to the Rule 2004 subpoena subject to the Debtor's existing privilege log discussed on the record during the hearing, which documents Verdolino & Lowey, P.C. provided to the Debtor prior to the hearing; and it is further

**ORDERED**: At or before 5:00 p.m. on October 14, 2022, Brown Rudnick LLP is authorized and shall produce to the Trustee all post-petition documents responsive to the Rule 2004 subpoena subject to the Debtor's existing privilege log discussed on the record during the hearing, regardless of whether Brown Rudnick LLP provided the documents to the Debtor prior to the hearing…

38. The Production Order additionally provides the Debtor with certain rights to provide notice of privilege in connection with rules of civil procedure; however, it does not

9

expressly incorporate all rights under such rules and does not adopt all of the language previously proposed.

39. As previously noted, VLPC has produced its entire client file to the Trustee subject to the Debtor's privilege log, and accordingly appears to have satisfied the Production Order regardless of interpretation, subject to its continuing obligations upon the identification of additional responsive documents.

40. Respondents bring this Motion to aid in compliance with the above-cited paragraph and their related continuing obligations under the Production Order and related prior orders.

## MOTION

41. Brown Rudnick must comply with the orders of this Court, as well as its obligations to current and former clients. In light of the positions taken by the Debtor, the Production Order creates the possibility of perceived conflict between Brown Rudnick's obligations.

42. Indeed, in discussions pertaining to the Production Order, Debtor's counsel expressly reserved the right – at least for the time being – to take legal action against Brown Rudnick in connection with its production of documents as required by the Production Order.

43. Accordingly, the Respondents request the Court's assistance in clarifying their obligations under the Order.

44. As a preliminary note, Brown Rudnick has been concerned as to the interpretation of the Production Order. The relevant paragraph states that Brown Rudnick "shall produce to the Trustee all post-petition documents responsive to the Rule 2004 subpoena subject to the Debtor's existing privilege log discussed on the record during the hearing." As noted above, the Tranche

3 documents had been identified as possibly responsive, but subject to further review, as of the entry of the Production Order. It was not clear whether the Order would then require Brown Rudnick to review and produce as many as 10,000 documents within 24 hours, regardless of the ability of its personnel, software, and other resources to do so.

45. **Fortunately, Brown Rudnick is able to report that as of the filing of this Motion some 24 hours after entry of the Order and thanks to no small effort by its personnel, it has been able to complete its review of the Tranche 3 documents and can make the production of Tranche 2 and Tranche 3 documents to the Trustee, subject to resolution of the concerns expressed below.**

46. In sum, Respondents have the following concerns that can be remedied by the Court by a simple order:

47. First, the Production Order does not expressly provide the Debtor with the claw-back rights afforded under Federal Rule of Civil Procedure 26(b)(5)(B) ("After being notified, a party *must promptly return*, sequester, or destroy…"). Rather, the Order states that the Debtor has a right to provide notice under the Rule, file a privilege log with the court, and may then request adjudication of any dispute. Brown Rudnick is concerned that the Order could be interpreted to either (1) waive or eliminate some portion of the Debtor's privilege or clawback rights, or (2) require the Debtor to, in effect, sue for return or destruction of documents believed to place him at risk of personal harm.

48. As such, absent clarification, the Production Order seems to incentivize litigation by the Debtor both against the Trustee for return of documents and against Brown Rudnick for breach of ethical and/or legal duties by, in effect, consenting to disclosure of privileged information absent the protections afforded by Rule.

49. Second, the Production Order does not expressly overrule the Debtor's objection to the Enforcement Motion, or otherwise in any way speak to the Debtor's position regarding the propriety of Brown Rudnick's productions (even if otherwise compliant with this Court's orders). This gives rise to concern that even facially compliant behavior may give rise to further litigation. Accordingly, Brown Rudnick requests that the Court expressly overrule the Debtor's objection and order that Brown Rudnick's production of documents to the Trustee in compliance with the Order satisfies Brown Rudnick's legal and ethical obligations to the Debtor.

50. Finally, the proposed order would extend the deadline previously set for Brown Rudnick to produce responsive documents to a date one day following entry of the Court's order. To be clear, Brown Rudnick has prepared its production and has the technical capability to produce documents as soon as the Court enters the order, and would do so as soon as possible after entry thereof. Brown Rudnick personnel are able and willing to produce at any time prior to close of business on October 14, 2022. Without knowing the timing of any order or correlating personnel availability, Brown Rudnick requests a grace period of one day to ensure receipt of the order and compliance by its personnel.

## NO PRIOR REQUEST

51. No prior request for the relief sought herein has been made to this or any other court.

## MEET AND CONFER

52. Prior to the filing of this Motion, Respondents met and conferred with counsel to the Trustee and Debtor and requested consent to the relief requested herein. Trustee's counsel indicated it would reflect its position separately in the record following the filing of this Motion.

WHEREFORE, the Respondents respectfully request that the Court grant this Motion and (a) enter the Proposed Order in substantially the form attached hereto and (b) grant such other and further relief as may be just and proper.

Dated: October 14, 2022

          **BROWN RUDNICK LLP and**
          **VERDOLINO & LOWEY P.C.**

          By their counsel,

          BROWN RUDNICK LLP
          185 Asylum Street
          Hartford, CT 06103
          Attn: Dylan Kletter, Esq.
          Telephone: (860) 509-6500
          Facsimile: (860) 509-6653
          Email: dkletter@brownrudnick.com

          By: /s/ *William R. Baldiga*
          Seven Times Square
          New York, NY 10036
          Attn: William R. Baldiga, Esq. (*pro hac vice*)
          Telephone: (212) 209-4800
          Facsimile: (212) 209-4801
          Email: wbaldiga@brownrudnick.com

          One Financial Center
          Boston, MA 02111
          Attn: Tristan G. Axelrod, Esq. (*pro hac vice*)
          Telephone: (617) 856-8200
          Facsimile: (617) 856-8201
          Email: taxelrod@brownrudnick.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>    Ho Wan Kwok,<br><br>                    Debtor.[1] | Chapter 11<br><br>Case No. 22-50073 |

## CERTIFICATE OF SERVICE

I, William R. Baldiga, hereby certify that on the 14th Day of October, 2022, the *Respondents' Urgent Motion in Aid of Compliance with Order Regarding Rule 2004 Subpoenaed Documents and Information* was sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

Dated: October 14, 2022

                                            **BROWN RUDNICK LLP and VERDOLINO & LOWEY P.C.**

                                            By their counsel,

                                            BROWN RUDNICK LLP
                                            185 Asylum Street
                                            Hartford, CT 06103
                                            Attn: Dylan Kletter, Esq.
                                            Telephone: (860) 509-6500
                                            Facsimile: (860) 509-6653
                                            Email: dkletter@brownrudnick.com

                                            By: /s/ *William R. Baldiga*
                                            Seven Times Square
                                            New York, NY 10036
                                            Attn: William R. Baldiga, Esq. (*pro hac vice*)
                                            Telephone: (212) 209-4800
                                            Facsimile: (212) 209-4801

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

Email: wbaldiga@brownrudnick.com

One Financial Center
Boston, MA 02111
Attn: Tristan G. Axelrod, Esq. (*pro hac vice*)
Telephone: (617) 856-8200
Facsimile:  (617) 856-8201
Email: taxelrod@brownrudnick.com

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
In re:                                    :    Chapter 11
                                          :
   Ho Wan Kwok,                          :    Case No. 22-50073 (JAM)
                                          :
        Debtor.[2]                      :
                                          :
---------------------------------------------------------------------X

**[PROPOSED] ORDER GRANTING RESPONDENTS'**
**URGENT MOTION IN AID OF COMPLIANCE WITH ORDER**
**REGARDING RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

      Upon consideration of the Motion of Brown Rudnick LLP and Verdolino & Lowey, P.C. in connection with the *Order Granting Motion for Entry of Order Authorizing Compliance with Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* (the "Production Order") [Docket No. 962], after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

      **ORDERED**: The Motion is granted as set forth below. Objections to the Motion and the prior Enforcement Motion are overruled to the extent required to effectuate this Order.

      **ORDERED**: Subject to its continuing obligations to produce to the Chapter 11 Trustee any information responsive to Rule 2004 subpoenas in accordance with Federal Rule of Civil Procedure 26(e), the obligation of VLPC stated to produce responsive documents at or before 5:00 p.m. on October 14, 2022 as stated in the Production Order is satisfied.

      **ORDERED**: Subject to its continuing obligations to produce to the Chapter 11 Trustee any information responsive to Rule 2004 subpoenas in accordance with Federal Rule of Civil Procedure 26(e), the stated deadline of 5:00 p.m. on October 14, 2022 by which Brown Rudnick is authorized and shall produce responsive documents to the Trustee in connection with the Rule 2004 subpoena is extended to [the date that is one day following entry of this order].

      **ORDERED**: Respondents' production of responsive documents directly to the Chapter 11 Trustee as referenced herein and in the Production Order does not and shall not violate their respective legal and ethical obligations to the Debtor, whatever such obligations

---

[2] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

may be. Such production shall not be deemed a waiver of any privilege held by the Debtor, Brown Rudnick, or VLPC or of any rights of the foregoing under Federal Rule of Civil Procedure 26(b)(5)(B).

**ORDERED**: The Debtor may exercise all applicable rights under Federal Rule of Civil Procedure 26(b)(5)(B) to seek to claw back any document produced by Brown Rudnick LLP and/or Verdolino & Lowey, P.C. to the Chapter 11 Trustee and to assert privilege over any such document to the extent he is permitted to do so in accordance with paragraph 7 of the Privilege Order, and Federal Rule of Civil Procedure 26(b)(5)(B) shall otherwise apply in all respects to such assertion.

**ORDERED**: This Order is immediately enforceable.

Dated: _____, 2022

                                                              Julie A. Manning,
                                                              United States Bankruptcy Judge

64863856 v4