**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
: 
In re:                                                             :   Chapter 11
                                                                   :
    Ho Wan Kwok,                                                :   Case No. 22-50073 (JAM)
                                                                   :
                                                                   :
                                                                   :
           Debtor.[1]                                           :
                                                                   :
---------------------------------------------------------------------X

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1),**
**TO EXPEDITE HEARING ON RESPONDENTS'**
**URGENT MOTION IN AID OF COMPLIANCE WITH ORDER**
**REGARDING RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

Brown Rudnick LLP ("Brown Rudnick") and Verdolino & Lowey P.C. ("VLPC," with Brown Rudnick, the "Respondents"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider the *Respondents' Urgent Motion in Aid of Compliance with Order Regarding Rule 2004 Subpoenaed Documents and Information* [Docket No. 974] (the "Compliance Motion").[2] In support of this Motion to Expedite, the Respondents respectfully state as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut (as amended).

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Compliance Motion.

The Compliance Motion, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## FACTUAL BACKGROUND

4. On February 15, 2022, Ho Wan Kwok (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code.

5. On March 16, 2022, the Debtor filed an application to employ Brown Rudnick as counsel. Docket No. 86. The same date, the Debtor applied to employ VLPC as his financial advisor. Docket No. 90.

6. An order approving Brown Rudnick's retention was entered on April 29, 2022. Docket No. 293. The Court held the VLPC application under advisement, and it was later withdrawn. *See* Docket No. 737.

7. On June 15, 2022, the Court entered an order directing appointment of a chapter 11 trustee. Docket No. 465. The current chapter 11 trustee, Luc Despins (the "Trustee"), was appointed on July 7, 2022. Docket No. 514.

8. On July 13, 2022, Brown Rudnick filed a motion to withdraw as counsel. Docket No. 543. The Court has granted Brown Rudnick's motion to withdraw. Docket No. 666.

9. On July 28, 2022, the Trustee filed a motion seeking discovery of the Debtor's current and former professionals pursuant to Rule 2004. Docket No. 637. The Respondents did not oppose the motion, and the Court granted the motion on August 16, 2022. Docket No. 756. The Trustee served subpoenas on Brown Rudnick and VLPC on that date, which subpoenas have

been interpreted as a request for each Respondent's entire client file. The subpoenas stated a demand for response by September 16, 2022.

10. Following entry of the Court's order and service of the subpoenas on the Respondents and others, the Debtor raised questions concerning the scope of privilege transferred to the Trustee. Accordingly, on August 22, 2022, the Trustee filed a motion to resolve any such issues. Docket No. 777.

11. On September 14, 2022, the Court entered its *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [Docket No. 856] (the "Consent Order") resolving the Trustee's motion concerning the transfer of privilege.

12. Following entry of the Consent Order, the Debtor and Trustee could not agree on a privilege review protocol that allowed Brown Rudnick to produce documents to either party. On September 30, 2022, the Trustee filed the *Motion of Chapter 11 Trustee for Entry of Order Authorizing Compliance with Rule 2004 Subpoena and Enforcing Consent Order* [Docket No. 898] (the "Enforcement Motion").

13. On October 13, 2022, the Court entered the *Order Granting Motion for Entry of Order Authorizing Compliance with Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [Docket No. 962] (the "Production Order").

14. The Production Order requires, among other things, that Brown Rudnick produce certain documents to the Trustee not later than October 14, 2022 at 5:00 p.m. EST (within hours of the filing hereof).

15. The Production Order does not address certain relief previously discussed between Respondents and the Trustee and agreed thereby. Moreover, in discussions pertaining to the Production Order (and prior thereto), Debtor's counsel expressly reserved the right to take legal action against Brown Rudnick in connection with its production of documents as required by the Production Order.

16. Accordingly, and in the interest of expediting its production at minimal risk of further litigation concerning their obligations to their former client, the Respondents filed the Compliance Motion, requesting that the Court assist in their compliance with the Production Order by clarifying their obligations in respect thereof.

## THE COMPLIANCE MOTION

17. Respondents incorporate herein by reference the Compliance Motion in its entirety, and restate and summarize such Motion as follows:

- **The Compliance Motion does not seek delay.** Brown Rudnick has concluded necessary reviews and is capable of producing all responsive documents to the Trustee, and fully desires to do so as soon as possible. **To be clear: Brown Rudnick is able and willing to produce all such documents to the Trustee at or before 5:00 p.m. on the date hereof, as required by the Production Order.**

- VLPC has in fact produced all documents responsive to the Chapter 11 Trustee's subpoena, subject to withholdings in connection with the Debtor's existing privilege log;

- Unfortunately, the Debtor's most recent filings and arguments indicate the Debtor's belief that Respondents' compliance with the Court's order may violate their legal and/or ethical duties to the Debtor;

- In discussions pertaining to the Production Order Debtor's counsel expressly reserved the right – at least for the time being – to take legal action against Brown Rudnick in connection with its production of documents as required by the Production Order; and

- Respondents' requested, and the Trustee agreed, to certain changes to the Trustee's proposed order on its Motion to address the Debtors' positions and the Respondents' concerns;

4

- Neither the Court's comments on the record on October 13, 2022 nor the Production Order address these issues directly and, thus, could lead to further litigation.

18. Brown Rudnick must comply with the orders of this Court, as well as its obligations to current and former clients. In light of the positions taken by the Debtor, the Production Order creates the possibility of perceived conflict between Brown Rudnick's obligations.

19. Brown Rudnick requests resolution of the Compliance Motion on an expedited basis to resolve these concerns within the time stated under the Production Order, or as near as possible thereto.

## RELIEF REQUESTED

20. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Compliance Motion upon an expedited basis.

21. It is imperative that the Court swiftly adjudicate the Compliance Motion to reduce the risk of subsequent litigation regarding the Production Order, and to resolve these concerns and ensure the Trustee's access to responsive documents within the time stated under the Production Order, or as near as possible thereto.

22. The Respondents request that a hearing on the Compliance Motion, to the extent required be scheduled as soon as possible.

23. The Respondents further request that the Court direct that Compliance Motion and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee,

and that the Court set an appropriate deadline for parties to object to the Compliance Motion in advance of the hearing.

## CONCLUSION

WHEREFORE, the Respondents request that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Compliance Motion, ordering notice of such hearing as set forth in the attached Order, and ordering such other and further relief as is just and proper.

Dated: October 14, 2022

    **BROWN RUDNICK LLP and VERDOLINO & LOWEY P.C.**

    By their counsel,

    BROWN RUDNICK LLP
    185 Asylum Street
    Hartford, CT 06103
    Attn: Dylan Kletter, Esq.
    Telephone: (860) 509-6500
    Facsimile: (860) 509-6653
    Email: dkletter@brownrudnick.com

    By: /s/ *William R. Baldiga*
    Seven Times Square
    New York, NY 10036
    Attn: William R. Baldiga, Esq. (*pro hac vice*)
    Telephone: (212) 209-4800
    Facsimile: (212) 209-4801
    Email: wbaldiga@brownrudnick.com

    One Financial Center
    Boston, MA 02111
    Attn: Tristan G. Axelrod, Esq. (*pro hac vice*)
    Telephone: (617) 856-8200
    Facsimile: (617) 856-8201
    Email: taxelrod@brownrudnick.com

**EXHIBIT A**

Proposed Scheduling Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------X
:
In re: : Chapter 11
:
    Ho Wan Kwok, : Case No. 22-50073 (JAM)
:
:
:
          Debtor.[1] :
:
---------------------------------------------------------------------X

# ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Respondents' Urgent Motion in Aid of Compliance with Order Regarding Rule 2004 Subpoenaed Documents and Information* [Docket No. 974] (the "Compliance Motion");[2] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Compliance Motion shall be held on **October \_\_, 2022, at \_:00 \_.m. (prevailing Eastern Time)** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Compliance Motion shall be **_____ at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Compliance Motion and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

2

qualified to receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, and the United States Trustee, on or before October __, 2022, and the Respondents shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------X
                                                                  :
In re:                                                            : Chapter 11
                                                                  :
    Ho Wan Kwok,                                 : Case No. 22-50073 (JAM)
                                                                  :
                                                                  :
    Debtor.[1]                                   :
                                                                  :
------------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

I, William R. Baldiga, hereby certify that on the 14th Day of October, 2022, the *Motion, Pursuant To Bankruptcy Rule 9006(C)(1), To Expedite Hearing On Respondents' Urgent Motion In Aid Of Compliance With Order Regarding Rule 2004 Subpoenaed Documents And Information Respondents' Urgent Motion in Aid of Compliance with Order Regarding Rule 2004 Subpoenaed Documents and Information* was sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

Dated: October 14, 2022

                                        **BROWN RUDNICK LLP and**
                                        **VERDOLINO & LOWEY P.C.**

                                        By their counsel,

                                        BROWN RUDNICK LLP
                                        185 Asylum Street
                                        Hartford, CT 06103
                                        Attn: Dylan Kletter, Esq.
                                        Telephone:  (860) 509-6500
                                        Facsimile:  (860) 509-6653
                                        Email: dkletter@brownrudnick.com

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

By: /s/ *William R. Baldiga*
Seven Times Square
New York, NY 10036
Attn: William R. Baldiga, Esq. (*pro hac vice*)
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: wbaldiga@brownrudnick.com

One Financial Center
Boston, MA 02111
Attn: Tristan G. Axelrod, Esq. (*pro hac vice*)
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: taxelrod@brownrudnick.com