**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------X
                                                    :

In re:                                :   Chapter 11

                                      :

      Ho Wan Kwok,               :   Case No. 22-50073 (JAM)

                                      :

                                      :

               Debtor.[1]        :

                                      :
-------------------------------------------------------------------X

**TRUSTEE'S RESPONSE TO RESPONDENTS' URGENT MOTION IN AID OF**
**COMPLIANCE WITH ORDER REGARDING RULE 2004 SUBPOENAED**
**DOCUMENTS AND INFORMATION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby submit this response (the "Response") in connection with the *Respondents' Urgent Motion in Aid of Compliance With Order Regarding Rule 2004 Subpoenaed Documents and Information* (the "Clarification Motion") [Docket No. 974]. The Trustee's Response is as follows:

1.      The Trustee does not believe any clarification of the Production Order[2] is necessary, nor does the Trustee believe the Court needs to issue an Order in aid of enforcement of the Production Order.  In the Trustee's view, the Production Order is clear in delineating the rights and obligations of the parties, including, in particular, by ordering all that all documents responsive to the Subpoena be produced to the Trustee by no later than 5:00 p.m. today, subject to the Debtor's claw-back rights under Federal Rule of Civil Procedure 26(b)(5)(B).

2.      Notwithstanding the foregoing, the Trustee does not object to the Court's entry of the proposed order attached to the Clarification Motion, with one exception: the Trustee does not

---

[1]  The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

agree that Brown Rudnick's or any other party's deadline to comply with the Production Order should be extended beyond today's 5:00 p.m. production deadline, as a result of the filing of the Clarification Motion or otherwise.

3.      Finally, the Trustee notes that the Production Order is, by its terms, immediately enforceable, and the filing of the Clarification Motion does not relieve the Respondents of their obligations thereunder.    Unless the Court extends the production deadline set forth in the Production Order – which the Court should not – the Trustee expects timely compliance.

[This space intentionally left blank.]

---

[2]  Capitalized terms not defined herein have the meanings given to them in the Clarification Motion.

Dated: October 14, 2022   LUC A. DESPINS,
   New Haven, Connecticut  CHAPTER 11 TRUSTEE

       By: */s/ Patrick R. Linsey*
        Patrick R. Linsey (ct29437)
        NEUBERT, PEPE & MONTEITH, P.C.
        195 Church Street, 13th Floor
        New Haven, Connecticut 06510
        (203) 781-2847
        plinsey@npmlaw.com

         *and*

        Nicholas A. Bassett *(pro hac vice* pending)
        PAUL HASTINGS LLP
        2050 M Street NW
        Washington, D.C., 20036
        (202) 551-1902
        nicholasbassett@paulhastings.com

         *and*

        Avram E. Luft *(pro hac vice* pending)
        Douglass Barron *(pro hac vice* pending)
        PAUL HASTINGS LLP
        200 Park Avenue
        New York, New York 10166
        (212) 318-6079
        aviluft@paulhastings.com

        *Counsel for the Chapter 11 Trustee*