**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------X
:
In re:                                                        :   Chapter 11
                                                              :
   Ho Wan Kwok,                                  :   Case No. 22-50073 (JAM)
                                                              :
                                                              :
            Debtor.[1]             :   Re: ECF Nos. 962 and 974
                                                              :
---------------------------------------------------------------X

**ORDER GRANTING RESPONDENTS' URGENT MOTION IN**
**AID OF COMPLIANCE WITH ORDER**
**REGARDING RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION**

      On September 30, 2022, the Chapter 11 Trustee filed a Motion (the "Motion," ECF No. 898) seeking an order authorizing Brown Rudnick LLP and Verdolino & Lowey, P.C. (the "Respondents") to produce Rule 2004 subpoenaed documents and information and enforcing the Court's Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information [ECF No. 856] (the "Privilege Order"). A hearing on the Motion was held on October 13, 2022. After consideration of the Motion, the Debtor's Objection to the Motion, ECF No. 939, the Reply to the Debtor's Objection, ECF No. 949, and the arguments advanced during the hearing, for the reasons stated on the record, cause exists to grant relief as set forth in this Order due to a lack of compliance with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of Civil Procedure of the United States District Court for the District of Connecticut, and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut governing discovery and the Privilege Order, which the Court initially granted as set forth in its *Order Granting Motion for Entry of Order Authorizing Compliance with Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* (the "Production Order") [Docket No. 962].

      On October 14, 2022, the Respondents filed their motion seeking, among other things, clarification of the Production Order (the "Clarification Motion") [Docket No. 974]. The Court held a hearing with respect to the Clarification Motion on October 17, 2022. Upon consideration of the Motion and the Clarification Motion, it is hereby:

      **ORDERED**: The Motion and the Clarification Motion are granted as set forth below. Certain relief with respect to the Clarification Motion is entered upon consent as expressly set forth below; and it is further

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

**ORDERED:** At or before 5:00 p.m. on October 14, 2022, Verdolino & Lowey, P.C. is authorized and shall produce to the Trustee all post-petition documents responsive to the Rule 2004 subpoena subject to the Debtor's existing privilege log discussed on the record during the hearing, which documents Verdolino & Lowey, P.C. provided to the Debtor prior to the hearing; and it is further

**ORDERED:** At or before 5:00 p.m. on October 17, 2022, Brown Rudnick LLP is authorized and shall produce to the Trustee all documents responsive to the Rule 2004 subpoena subject to the Debtor's existing privilege log discussed on the record during the October 13, 2022 hearing, regardless of whether Brown Rudnick LLP provided the documents to the Debtor prior to the hearing; and it is further

**ORDERED:** At or before 5:00 p.m. on October 18, 2022, the Debtor shall file on the docket of this case the existing privilege log that was produced to the Chapter 11 Trustee on October 12, 2022; and it is further

**ORDERED**: Respondents' production of responsive documents directly to the Chapter 11 Trustee as referenced herein and in the Production Order does not and shall not violate their respective legal and ethical obligations to the Debtor, whatever such obligations may be. Such production shall not be deemed a waiver of any privilege held by the Debtor, Brown Rudnick, or VLPC or of any rights of the foregoing under Federal Rule of Civil Procedure 26(b)(5)(B). The Debtor has consented to the relief provided in this paragraph; and it is further

**ORDERED**: The Debtor may exercise all applicable rights under Federal Rule of Civil Procedure 26(b)(5)(B) to seek to claw back any document produced by Brown Rudnick LLP and/or Verdolino & Lowey, P.C. to the Chapter 11 Trustee and to assert privilege over any such document to the extent he is permitted to do so in accordance with paragraph 7 of the Privilege Order, and Federal Rule of Civil Procedure 26(b)(5)(B) shall otherwise apply in all respects to such assertion; and it is further

**ORDERED**: Any document which the Debtor provides written notice to the Chapter 11 Trustee under Federal Rule of Civil Procedure 26(b)(5)(B) that the Debtor claims is subject to privilege or protection shall be logged in a privilege log provided to the Trustee and filed on the docket of this case within two days of the Debtor's written notice; and it is further

**ORDERED**: Pursuant to paragraph 7 of the Privilege Order, either the Trustee or Debtor may avail itself of its right to request adjudication of any dispute concerning the Debtor's claim of privilege or protection over any document at any time; and it is further

**ORDERED**: Brown Rudnick LLP and/or Verdolino & Lowey, P.C. have a continuing obligation to produce to the Chapter 11 Trustee any information responsive to Rule 2004 subpoenas in accordance with Federal Rule of Civil Procedure 26(e); and it its further

**ORDERED**: This Order shall replace and supersede the Production Order in all respects; and it is further

**ORDERED**: This Order is immediately enforceable.

Dated at Bridgeport, Connecticut this 18th day of October, 2022.



*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut