**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------X
:
In re: : Chapter 11
:
HO WAN KWOK,[1] : Case No. 22-50073 (JAM)
:
           Debtor. :
:
:
:
:
------------------------------------------------------X

**MOTION BY BAKER & HOSTETLER LLP FOR APPROVAL**
**OF PROCEDURE FOR PRODUCTION IN RESPONSE TO SUBPOENA**

    Baker & Hostetler LLP ("B&H") hereby submits this motion ("Motion") requesting entry of an order, substantially in the form filed herewith, approving the procedure for production set forth herein relating to the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* (Doc. No. 856) (the "Privileges Consent Order"). The Debtor consents to the relief requested in this Motion.

## BACKGROUND

    1.    Prior to the petition date, B&H represented the Debtor in the six lawsuits (the "Pre-Petition Litigation").[2] The Pre-Petition Litigation was stayed by the Debtor's filing of the above-captioned bankruptcy case.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.
[2] The Pre-Petition Lawsuits are: (a) *Wu and Lan v. Kwok*, Index No. 152123/2018 in the Supreme Court of the State of New York, County of New York; (b) *Tang and Geng v. Kwok et al.*, Civil Action No. 1:17-cv-09031-JFK in the United States District Court for the Southern District of New York; (c) *Fu v. Kwok et al.*, 7:20-cv-257-DC in the United States District Court for the Western District of Texas (Midland/Odessa Division); (d) *Huang v. Kwok*, Index

2.     On or about August 22, 2022, the Chapter 11 Trustee ("Trustee") served B&H with a Rule 2004 Subpoena (Doc. No. 37, Ex. C-1) (the "Subpoena"). After the Subpoena was served, B&H exchanged multiple emails and had telephone conferences regarding the Subpoena with the Trustee's counsel and the Debtor's counsel, including regarding the parties' respective position on the meaning of the "personal harm" privilege retained by the Debtor under Paragraph 7 of the September 15, 2022 Privileges Consent Order.

3.     After conferring with the Trustee's counsel and receiving extensions to the initial Subpoena deadline, B&H timely served its response and objections to the Subpoena on October 10, 2022 (the "Response Deadline")[3] and is working diligently to review and produce documents by its extended production deadline of October 21, 2022 (the "Production Deadline"), to which the Trustee consented.

4.     B&H is working diligently to review and produce documents to the Trustee. As of the date of this Motion, B&H has more than fifty (50) professionals reviewing the approximately 60,000 documents that were identified as potentially responsive to the Subpoena using agreed-upon search terms negotiated with the Trustee's counsel. B&H anticipates that the vast majority of responsive documents will be produced on the Production Deadline.

### PROPOSED PRODUCTION PROCEDURE

5.     By this Motion, B&H respectfully requests entry of an order permitting B&H to produce documents responsive to the Subpoena to the Trustee and the Debtor in accordance with the Privileges Consent Order under the following procedure, to which the Debtor does not object:

---

No. 156552/2017 in the Supreme Court of the State of New York, County of New York; (e) *Meng and Boxun Inc. v. Kwok*, Index No. 159636/2017 in the Supreme Court of the State of New York, County of New York; and (f) *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok et al.*, Index No. 652077/2017 in the Supreme Court of the State of New York, County of New York.
[3] For the avoidance of doubt, nothing herein is intended to waive or amend B&H's response - to the Subpoena.

(i) B&H shall produce documents that B&H in good faith believes are not subject to Paragraph 7 of the Privileges Consent Order (the "Non-Personal Harm Documents") to the Trustee by the Production Deadline or as soon thereafter as is reasonably practicable following BH's identification of the same through the diligent efforts described herein.

(ii) B&H shall act in good faith to identify documents that may be subject to Paragraph 7 of the Privileges Consent Order (the "Personal Harm Documents") and provide that subset of documents to the Debtor by the Production Date or as soon thereafter as is reasonably practicable following BH's identification of the same through the diligent efforts described herein.

(iii) As between BH and the Debtor/the Debtor's bankruptcy counsel, the Debtor's bankruptcy counsel shall make the final determination as to whether documents identified by BH are Personal Harm Documents and shall promptly produce to the Trustee or withhold and identify on a privilege log the Personal Harm Documents in accordance with the procedures set forth in the Privileges Consent Order.

(iv) Nothing herein shall prejudice any parties' respective rights under the Privileges Consent Order, all of which rights are preserved, including the Debtor's right to seek a reasonable extension of the ten (10) day period from the Production Deadline by which the Debtor must provide to the Trustee a privilege log identifying any Personal Harm Documents that were withheld from BH's production to the Trustee.

(v) Nothing herein shall prejudice in any way the Debtor and B&H's respective rights under Federal Rules of Civil Procedures 26(b)(5)(B) to seek to claw back any document produced to the Trustee and to assert privilege over any such document to the extent permitted to do so in accordance with paragraph 7 of the Privileges Consent Order, and Federal Rule of Civil Procedure 26(b)(5)(B) shall otherwise apply in all respects to such assertion.

(vi) Nothing herein shall prejudice the Debtor's and B&H's respective rights under the Protective Order entered in this case (Doc. No. 923), all of which rights are preserved.

WHEREFORE, Baker & Hostetler LLP respectfully requests that the Court grant this Motion and (a) enter the proposed order in substantially the form filed herewith, and (b) grant all other relief that is appropriate under the circumstances.

Dated: October 19, 2022

        Respectfully submitted,

        BAKER & HOSTETLER LLP

        By their counsel,

        GREEN & SKLARZ LLC

        */s/ Kellianne T. Baranowsky*
        Lawrence S. Grossman (ct15790)
        Kellianne T. Baranowsky (ct26684)
        Joanna M. Kornafel (ct29199)
        One Audubon Street, 3rd Floor
        Green & Sklarz LLC
        New Haven, CT 06511
        Tel.: 203-285-8545
        Fax: 203-823-4546
        lgrossman@gs-lawfirm.com
        kbaranowsky@gs-lawfirm.com
        jkornafel@gs-lawfirm.com

        BAKER & HOSTETLER LL

        Andrew Layden, FL Bar. No.: 86070
         *Pro Hac Vice*
        Danielle Merola, FL Bar. No.: 120120
         *Pro Hac Vice*
        Baker Hostetler LLP
        200 South Orange Avenue, Suite 2300
        Orlando, Florida 32801-3432
        (407) 649-4000
        alayden@bakerlaw.com
        dmerola@bakerlaw.com