## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE No.    22-50073 |
| ) | |
| HO WAN KWOK, ) | |
| ) | |
| DEBTOR, ) | |

## MOTION TO QUASH THIRD-PARTY SUBPOENA
## TO WILLIAMS & CONNOLLY

The Bankruptcy Trustee served Williams & Connolly LLP ("Williams & Connolly")

with a third-party subpoena on September 22, 2022.  Exhibit ("Ex.") 1.  All but four of the

subpoena requests seek documents from Mr. Kwok's client file, which was returned to Mr.

Kwok's counsel of record in this matter—Lawall & Mitchell, LLC —back in January 2021.  *See*

Ex. 2.  Williams & Connolly retained a copy of that client file, but it would be unduly

burdensome for Williams & Connolly to review that file for responsive documents and privilege

when Mr. Kwok, who is a party to this action, has all of the documents in question.  Williams &

Connolly thus respectfully requests that the Court quash Requests 1–2, 6–13 and 15–21, all of

which are directed to that client file.  Williams & Connolly does not seek to quash Requests 3–5

and 14, which call for documents that are not part of the client file.

### ARGUMENT

### I.    The Subpoena Must Be Quashed (in Part) as Unduly Burdensome.

Third-party subpoenas must not impose an undue burden on the receiving party.  Fed. R.

Civ. P. 45(d)(3)(A)(iv) (a court must quash a subpoena that "subjects a person to undue burden");

*BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018) (citing *Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 508 (D.C. Cir. 2007)) (same). In evaluating undue burden, courts must consider Rule 26's bar on discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *Watts,* 482 F.3d at 508–09 (holding that the standards in Rule 26 determine when a discovery request creates an undue burden). Where "more convenient [or] less burdensome" sources exist, "those alternatives should be explored first." *Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 339 (D.D.C. 2021) (alteration in original) (*quoting Saperstein v. Palestinian Auth. (In re Subpoena to Goldberg)*, 693 F. Supp. 2d 81, 88 (D.D.C. 2010).

Thus, for example, in *Diamond Services Management Company, LLC*, the court quashed a third-party subpoena on an outside law firm because the plaintiffs could have sought the same information from the defendant during discovery or "subpoena[ed] relevant information . . . from the parties closest to the litigants: Barnes & Thornburg and Scheef & Stone," the defendant's current counsel. 339 F.R.D. at 340. The court held that either alternative obviated "the more serious 'unwanted burden thrust upon' the non-party Respondents," by the plaintiff's subpoena. *Id.* (*quoting Watts*, 482 F.3d at 509); *see also Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 406 (D. Conn. 2020) (granting protective order against subpoenas that are "cumulative and duplicative and seek information that is more conveniently obtained from [the defendant] than from the non-parties").

Moreover, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in a Rule 45 inquiry. *Watts,* 482 F.3d at 509 (citation omitted). Rule 45 requires courts to "protect a[ny] person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P.

45(d)(2)(B)(ii). Thus, "absent a showing that plaintiff either cannot obtain—or in fact *has not* obtained—ample discovery on the essential elements of her claim[s]" without subpoenaing a third-party, courts must avoid imposing "costly search[es]" on third-parties. *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 96 (D. Conn. 2012). Here, there is no good reason to impose the extraordinary burden of producing Mr. Kwok's file and parsing the terms of the parties' Consent Order to determine what documents are now considered privileged on Williams & Connolly, a third-party that had no role in negotiating the Consent Order and which is not a party to this proceeding.

There is no question that Mr. Kwok, who is a party to this matter and whose counsel of record, Lawall & Mitchell LLC, possesses the relevant documents, is a more convenient and less burdensome source of the documents than Williams & Connolly. Indeed, it will be far less burdensome for the attorneys of record, who negotiated the Consent Order on privilege, to review the files and make decisions about which documents remain privileged as to Mr. Kwok, and which documents are now within the Trustee's privilege. Thus, Rules 26 and 45 demand that the Trustee seek Mr. Kwok's file from Mr. Kwok and his attorneys of record, rather than from Williams & Connolly. *See also Burlodge Ltd. v. Standex Int'l Corp. (In re Motion To Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.)*, 257 F.R.D. 12, 19 (D.D.C. 2009) (quashing subpoena and refusing to modify it "because of the absence of any showing that the information sought is not available from other sources").

## **CONCLUSION**

For the foregoing reasons, Williams & Connolly respectfully requests that the Court quash Requests 1–2, 6–13 and 15–21 of the subpoena served on September 22, 2022.

DATED:  October 20, 2022          **WILLIAMS & CONNOLLY LLP**

By: _____

Samuel Davidoff
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:  (202) 434-5000
Facsimile:   (202) 434-5029