UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, : Case No. 22-50073 (JAM)
:
Debtor.[1] :
:
------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS REGARDING MOTION BY BAKER & HOSTETLER LLP FOR APPROVAL OF PROCEDURE FOR PROCEDURE IN RESPONSE TO SUBPOENA

Luc A. Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), by and through his undersigned counsel, hereby responds and reserves the Trustee's rights with respect to the *Motion by Baker & Hostler LLP for Approval of Procedure for Production in Response to Subpoena* (the "Motion") [ECF No. 998] filed by Baker & Hostetler LLP ("Baker"). More specifically, the Trustee consents to entry of the proposed order requested by Baker in its Motion, provided, however, that the Trustee's consent is based on certain representations made by Baker and is subject to the Trustee's reservation of rights, all of which are described herein.

### RELEVANT FACTS AND PROCEDURE

1. As discussed by the Trustee in the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of certain of the Debtor's professionals (the "Advisors PJR Motion") [ECF No. 637], the Trustee believes that Baker has relevant documents and information concerning, among other topics, potential assets of the Debtor's estate

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1

(the "Estate"). Baker has represented the Debtor in the New York state court litigation involving the Debtor's largest scheduled unsecured creditor, PAX, and is party to an executory engagement letter with the Debtor. *See Pacific Alliance Asia Opportunity Fund L.P. v. Ho Wan Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.). The contempt proceedings in the New York state court litigation were critical to returning the *Lady May* to Connecticut waters. Baker may possess documents and information relevant to that litigation as well as to the location and provenance of other Estate property. The Court granted the Advisors PJR Motion on August 16, 2022 [ECF No. 756].

2. On August 22, 2022, pursuant to the Court's order, the Trustee served Baker via process server with a subpoena (the "Rule 2004 Subpoena") requesting the production of documents and information. Following service of the Rule 2004 Subpoena, Baker requested several extensions of its deadlines to serve its responses and objections (originally September 5, 2022) (the "Response Deadline") and to produce documents (originally September 21, 2022) (the "Production Deadline"). The Trustee's counsel communicated extensively with Baker in an effort to secure voluntary compliance with minimum delay. During these discussions, the Trustee consented to extend the Response Deadline through October 10, 2022, and the Trustee consented to continue the Production Deadline through today, October 21, 2022.

3. On October 10, 2022, Baker served its Responses and Objections to the Trustee's Rule 2004 Subpoena (the "R&Os").

4. Baker commenced its production to the Trustee yesterday, October 20, 2022, and the Trustee understands from Baker that the vast majority of its production will be made prior to the hearing scheduled on its Motion (*i.e.*, October 25, 2022).

## THE CONSENTED TO PRIVILEGE ORDER

5. On September 14, 2022, the Court entered the consensually negotiated and agreed upon order governing control of privilege (the "Privilege Order") [ECF No. 856], the purpose of which was to expedite the investigation process by clearly setting out which privileged documents were under the control of the Trustee and which remained controlled by the Debtor. (Privilege Order, ¶ 6.).

6. Pursuant to paragraph 7 of the Privilege Order, the Debtor has only a limited ability to seek to withhold documents as privileged on the grounds that disclosure would cause him personal harm ("Personal Harm Documents," and each, a "Personal Harm Document") (*Id.,* ¶ 7). Specifically,

> to the extent the Debtor believes in good faith that particular documents or information . . . could result in ***personal harm*** to the Debtor if disclosed to the Trustee, then (i) ***the Debtor's counsel*** [*i.e.*, Zeisler & Zeisler, P.C.] ***shall, within 10 days of the applicable production deadline*** . . . log all such documents . . . and/or identify all such non-documentary information in a manner necessary to support the claim of privilege including with sufficient information to prima facie identify the basis for asserting the potential for personal harm[, however,] . . . that the disclosure of documents or information in question could result in the Trustee identifying potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, ***shall not*** constitute "personal harm to the Debtor" sufficient to withhold documents or information pursuant to [paragraph 7], regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

*Id.* (emphasis added).

## THE MOTION AND BAKER'S REPRESENTATIONS WITH RESPECT THERETO

7. On October 19, 2022, Baker filed the Motion, requesting that the Court approve a procedure whereunder Baker would produce documents in compliance with the Rule 2004 Subpoena. More specifically, and among other things, the Motion requests that with respect to

documents that Baker believes may be Personal Harm Documents subject to paragraph 7 of the Privilege Order (the "Review Documents"), Baker be permitted to provide such documents to the Debtor and his counsel for expeditious review to determine whether the Debtor asserts that they are Personal Harm Documents that should be logged and withheld from production. In the meantime, Baker would produce to the Trustee all documents that are not Review Documents.

8. In connection with Baker's Motion, the Trustee asked Baker to identify, among other things, how many documents Baker intended to withhold from its immediate production and when Baker's immediate production and when Baker would commence its production of documents that are not Review Documents.

9. In response, Baker represented to the Trustee:

a. Baker has completed its review of the vast majority of approximately 58,000 known documents responsive to the search terms agreed upon between the Trustee and Baker, and is prepared to produce most of such documents to the Trustee without delay (*i.e.*, prior to the hearing on its Motion) subject to the limited exceptions described below;

b. To date in its review, Baker has identified approximately 700 Review Documents which it proposes to provide to the Debtor and Debtor's counsel for review to determine whether to assert that they are Personal Harm Documents; and

c. There are limited quantities of documents that Baker has not been able to review or complete its review for certain specified reasons (*i.e.*, approximately 300 documents that have not yet been reviewed due to a technical error, 90 documents that are pending review because they are written in a foreign language, documents on compact discs that must be uploaded to Baker's electronic discovery platform, and documents provided by another law firm that must be obtained through another electronic discovery

4

platform, and certain internal Baker communications concerning its production in this matter as to which Baker may assert its own privilege), all of which Baker will review as soon as possible and either produce to the Trustee, assert its own privilege, or, in the case of further identified Review Documents, provide to the Debtor and Debtor's counsel for expeditious review.

10. Baker's Motion does not request to extend its Production Deadline or the Debtor's deadline (*i.e.*, ten days from the Production Deadline) to assert any privilege that the Debtor believes he retains under the Privilege Order with respect to any responsive documents.

## THE TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS

11. Based upon the foregoing representations, and subject to the reservation of rights as discussed below, the Trustee does not object to entry of Baker's proposed order.

12. Apart from consenting to the procedures expressly provided under Baker's proposed order, the Trustee otherwise reserves all rights with respect to the Rule 2004 Subpoena, including, without limitation:

   a. To enforce the Production Deadline and the Debtor's deadline to assert privilege pursuant to the Privilege Order;

   b. To oppose any future request to extend the foregoing deadlines;

   c. To seek appropriate relief from the Court if any of the representations made by Baker (as set forth above) are not accurate;

   d. To dispute any assertions of privilege by Baker or the Debtor; and

   e. To otherwise assert and all rights under the Court's orders and under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, all local rules, the Bankruptcy Code, and any other relevant law.

| | | |
|---|---|---|
| Dated: | October 21, 2022<br>New Haven, Connecticut | LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE |

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett *(pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft *(pro hac vice)*
    Douglass Barron *(pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*