**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S OBJECTION TO MOTION TO QUASH THIRD-PARTY SUBPOENA TO WILLIAMS & CONNOLLY AND CROSS-MOTION TO COMPEL**

Luc A. Despins, as the appointed Chapter 11 Trustee to the Individual Debtor's estate (the "Trustee"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 45(d), incorporated herein by Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2004 and 9016, hereby objects (the "Objection") to the *Motion to Quash Third-Party Subpoena to Williams & Connolly* (the "Motion to Quash") [Docket No. 1002] filed by Williams & Connolly LLP ("W&C") and cross-moves to compel W&C's compliance with the Trustee's Rule 2004 Subpoena (defined below). W&C may not escape its obligations to comply with the Trustee's subpoena and cooperate in discovery by demanding the Trustee instead seek discovery from the Individual Debtor – particularly here, where the Individual Debtor claims that he is not in possession of documents that W&C admits it has retained. In support of this Objection, the Trustee respectfully states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## RELEVANT BACKGROUND AND PROCEDURE

1.      On September 14, 2022, the Court entered the consensually negotiated and agreed upon order governing control of privilege (the "Privilege Order") [Docket No. 856], the purpose of which was to expedite the investigation process by clearly setting out which privileged documents were under the control of the Trustee and which remained controlled by the Debtor. (Privilege Order, ¶ 6.).

2.      Pursuant to paragraph 7 of the Privilege Order, the Debtor has only a limited ability to seek to withhold documents as privileged on the grounds that disclosure would cause him personal harm ("Personal Harm Documents," and each, a "Personal Harm Document") (*Id.,* ¶ 7). Specifically,

> to the extent the Debtor believes in good faith that particular documents or information . . . could result in ***personal harm*** to the Debtor if disclosed to the Trustee, then (i) ***the Debtor's counsel*** [*i.e.*, Zeisler & Zeisler, P.C.] ***shall, within 10 days of the applicable production deadline*** . . . log all such documents . . . and/or identify all such non-documentary information in a manner necessary to support the claim of privilege including with sufficient information to prima facie identify the basis for asserting the potential for personal harm[, however,] . . . that the disclosure of documents or information in question could result in the Trustee identifying potential assets of the estate, or could constitute evidence relating to the ownership or control of assets by the Debtor, ***shall not*** constitute "personal harm to the Debtor" sufficient to withhold documents or information pursuant to [paragraph 7], regardless of any position or opinion of the Debtor regarding the ownership or control of such assets.

*Id.* (emphasis added).

3.      As discussed by the Trustee in the *First Supplemental Omnibus Motion for Entry of an Order Under Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Authorizing Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliated with the Debtor, and Relevant Banks* (the "Rule 2004 Motion") [Docket No.

839], the Trustee believes that W&C has relevant documents and information concerning, among other topics, potential assets of the Individual Debtor's estate (the "Estate"). More specifically, W&C assisted the Individual Debtor in connection with the incorporation of the Genever BVI Debtor. The Genever BVI Debtor wholly owns Genever Holdings LLC ("Genever US"), which in turn wholly owns a condominium in the Sherry Netherland Hotel in Manhattan, allegedly purchased in 2015 for approximately $70 million (the "Condominium").[2] W&C therefore is likely to have documents relevant to corporate entities that may be, or be in possession of, Estate property (as well as property of the Genever BVI estate).

4. The Court granted the Rule 2004 Motion on September 21, 2022 [Docket No. 866].

5. On September 22, 2022, pursuant to the Court's order, the Trustee served W&C with a subpoena (the "Rule 2004 Subpoena") requesting the production of documents and information. W&C's deadline to respond or object ("R&Os") to the Rule 2004 Subpoena was October 6, 2022 (the "Response Deadline") and W&C's deadline to produce documents is today, October 24, 2022[3] (the "Production Deadline").

6. Trustee's counsel has communicated with counsel for W&C to encourage voluntary compliance with the Rule 2004 Subpoena with minimum delay. On September 22, 2022, Trustee's counsel sent the Privilege Order to W&C's counsel.

7. On September 29, 2022, Trustee's counsel spoke by telephone with W&C's counsel. On this call, W&C's counsel stated that W&C had provided certain documents responsive to the Rule 2004 Subpoena (*i.e.*, W&C's "client file") to other prior counsel for the

---

[2] It is possible that W&C has represented the Individual Debtor, the Genever BVI Debtor, or related entities and individuals, as to other relevant subject matter, and thus the Rule 2004 Subpoena is not limited to the subject matter described above. (A copy of the Rule 2004 Subpoena is attached to the Motion to Quash as Exhibit 1.) Counsel for the Trustee has asked counsel for W&C as to which matters W&C has advised the Individual Debtor and associated entities and individuals, and W&C's counsel has thus far declined to provide this information.

[3] Thirty days from September 22, 2022, is October 22, 2022, a Saturday. Accordingly, the subpoena sets October 24, 2022, at 10 a.m. as its date and time for compliance.

Individual Debtor (Aaron Mitchell) in January 2021 (*i.e.*, more than one year prior to the filing of the Individual Debtor's chapter 11 petition) and proposed that the Trustee thus obtain documents responsive to the Rule 2004 Subpoena from the Individual Debtor rather than from W&C. Counsel for the Trustee stated that the Trustee requires production be made by W&C for reasons discussed in this Objection. Counsel for the Trustee also said that the Individual Debtor (through his current counsel, *i.e.*, Zeisler & Zeisler, P.C.), has claimed that the Individual Debtor is not in possession of most documents concerning his business dealings and that the Trustee should obtain them from his prior counsel. Prior to the end of the call, W&C's counsel stated that W&C would speak with the Individual Debtor's current counsel about the foregoing matters.

8. The Trustee did not hear further from W&C prior to the filing of the Motion to Quash. Notwithstanding the Response Deadline and the Production Deadline, W&C neither served R&Os on the Trustee by the Response Deadline, nor, as of the filing of this Objection, has W&C produced documents responsive to the Rule 2004 Subpoena.

9. Counsel for the Trustee contacted counsel for W&C after W&C filed the Motion to Quash, on October 20, 2022, and the parties' respective counsel spoke further on October 24, 2022, to determine whether the issues in the Motion to Quash and in this Objection could be narrowed or resolved.[4]

**ARGUMENT**

10. On October 20, 2022, W&C filed the Motion to Quash, requesting that the Court quash the Rule 2004 Subpoena as to all but a few of the requests set forth in the Rule 2004

---

[4] While District of Connecticut Local Rule of Civil Procedure 37 does not expressly apply to Federal Rule of Civil Procedure 45, to the extent that the Court would hold this rule to apply, undersigned counsel states upon penalty of perjury that the statements in ¶¶ 7-9 are true and correct.

Subpoena's appended request for production (the "RFP"), *i.e.*, requests 1-2, 6-13, and 15-21 (collectively, the "Disputed Requests").

11. The Motion to Quash is solely premised on W&C's contention that, because W&C transmitted the Individual Debtor's "client file" to other counsel previously employed by the Individual Debtor in January 2021, it would be unduly burdensome to require W&C to comply with the Rule 2004 Subpoena (including by conducting a privilege review) as it pertains to the Disputed Requests and the Trustee should instead obtain such documents and information from the Individual Debtor himself. This position fails for multiple reasons.

12. First, the Motion to Quash incorrectly assumes that the Disputed Requests are limited to the documents and information in W&C's "client file." The Rule 2004 Subpoena and its RFP are not so limited, nor has the Trustee ever suggested such a limitation. To the contrary, the instructions contained in the RFP expressly state, among other things, that the RFP extends to "all Documents: (a) in [W&C's] possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on [W&C's] behalf, including [W&C's] counsel or other representatives and advisors. Each Document shall be produced in its entirety."

13. W&C does not explain in its Motion to Quash what is and is not in its "client file," however, W&C acknowledged (in a meet-and-confer with counsel for the Trustee) that at least some documents responsive to the Disputed RFPs fall outside of this document set. The Trustee requires that W&C produce *all* documents within its possession, custody, or control responsive to the Rule 2004 Subpoena; not simply those documents that it claims to have previously produced to one of the Individual Debtor's other prior counsel.

14. Further, as W&C is aware and as discussed above, the Individual Debtor has taken the position that he possesses very few documents relevant to his own business dealings and that

the Trustee must instead obtain them from third parties including his prior counsel. While the Trustee disagrees with this position, to move the Trustee's investigation forward with the minimum delay, the Trustee has subpoenaed, among others, many of the Individual Debtor's former advisors, including W&C. Under such circumstances, allowing the Individual Debtor and his former counsel to point fingers at one another rather than complying with subpoenas and cooperating in discovery would grind many aspects of the Trustee's investigation to a halt.[5]

15. The Motion to Quash states that W&C does not wish to be responsible for asserting privilege with respect to discovery responsive to the Rule 2004 Subpoena. The Federal Rules of Civil Procedure provide for parties (including third parties) to assert claims of privilege and for the adjudication of such claims, *see generally* Federal Rule of Civil Procedure 45, and the requirement that such procedures be followed does not constitute an undue burden.

16. In any event, the Privilege Order already provides procedures and a timeframe for the Individual Debtor to assert any privilege he believes that he retains (*i.e.*, as to alleged Personal Harm Documents). The Individual Debtor's prior counsel may communicate with his current counsel to permit the Individual Debtor to assert that responsive documents are Personal Harm Documents and to log them on that basis, however, plainly the Privilege Order does not relieve third parties of their own obligations in discovery.

17. W&C's Motion to Quash is scheduled to be heard on October 25, 2022, *i.e.*, after the Production Deadline. From the most recent meet-and-confer with W&C, the Trustee understands that W&C will not produce *any* documents by the Production Deadline. Accordingly, while the Rule 2004 Subpoena is self-executing, in an abundance of caution the Trustee

---

[5] Even if the Individual Debtor had already produced its "client file" to the Trustee – which he has not – and even if this "client file" represented all discovery responsive to the Disputed Requests – which it does not – the Trustee would still require production from W&C to ensure that the document set obtained from the Individual Debtor was complete.

respectfully cross-moves, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), that the Court compel W&C to produce all documents responsive to the Rule 2004 Subpoena.[6] More specifically, in its order denying the Motion to Quash, the Court should compel W&C's production of all documents responsive to the Rule 2004 Subpoena within seven (7) days.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[6] "The better view is that, because subpoenas are self-executing, an order denying a motion to quash, unless it indicates otherwise, should be deemed an order granting enforcement. Wise counsel, however, should take the precaution of filing a cross-motion for enforcement." 9 Moore's Federal Practice - Civil § 45.50 (2022).

WHEREFORE, the Court should enter an order denying the Motion to Quash, compelling W&C's production of all documents responsive to the Rule 2004 Subpoena within seven (7) days, and ordering such other and further relief as the Court deems just and proper.

Dated: October 24, 2022  
      New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                   :   Chapter 11
:
HO WAN KWOK, *et al*.,                   :   Case No. 22-50073 (JAM)
:
Debtors.[7]                              :   Jointly Administered
:
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2022 the foregoing Objection was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: October 24, 2022                LUC A. DESPINS,
       New Haven, Connecticut          CHAPTER 11 TRUSTEE

                                       By: */s/ Patrick R. Linsey*
                                           Douglas S. Skalka (ct00616)
                                           Patrick R. Linsey (ct29437)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 781-2847
                                           dskalka@npmlaw.com
                                           plinsey@npmlaw.com

---

[7] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).