**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                      :

In re:                            :    Chapter 11
                                        :

HO WAN KWOK, *et al.*,      :    Case No. 22-50073 (JAM)
                                        :

         Debtors.[1]        :    Jointly Administered
                                        :

---------------------------------------------------------x

**SECOND MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER STAYING**
**PENDING ADVERSARY PROCEEDINGS BROUGHT AGAINST THE INDIVIDUAL**
**DEBTOR PURSUANT TO 11 U.S.C. SECTIONS  523 AND/OR 727**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

above-captioned jointly administered chapter 11 cases (collectively, the "Chapter 11 Case"),

hereby files this motion (the "Motion") for entry of an order, substantially in the form attached

hereto as **Exhibit A**, staying proceedings in each of the several adversary proceedings filed in

connection with the Chapter 11 Case seeking a determination of non-dischargeability of a debt

pursuant to Section 523 of Title 11 of the United States Code (such title, hereinafter, the

"Bankruptcy Code") and/or denial of the Individual Debtor's discharge pursuant to Section 727 of

the Bankruptcy Code, pending further Order of this Court[2].  The adversary proceedings sought to

be affected hereby (hereinafter the "Adversary Proceedings") are as follows[3]:

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] By order dated August 31, 2022, this Court granted the Trustee's Motion for Entry of Order Staying Through October 21, 2022 Pending Adversary Proceedings Brought Against the Debtor Pursuant to 11 U.S.C. Sections 523 and/or 727 (the "Prior Stay Order") (ECF No. 830).

[3] For the avoidance of doubt, this Motion and the Proposed Order filed herewith shall not affect proceedings *HK International Funds Investments (USA) Limited, v. Luc A. Despins, as Chapter 11 Trustee* (Adv. Proc. 22-05003) or *Luc A. Despins, as Chapter 11 Trustee v. Bravo Luck Limited, at al.* (Adv. Proc. 22-05027).

- *Cheng v. Kwok*, Adv. Pro. 22-5010
- *Ma v. Kwok*, Adv. Pro. 22-5011
- *Pacific Alliance Asia Opportunity Fund v. Kwok*, Adv. Pro. 22-5012[4]
- *Wu v. Kwok*, Adv. Pro. 22-5013
- *Meng v. Kwok*, Adv. Pro. 22-5014
- *Nunberg v. Kwok*, Adv. Pro. 22-5017
- *Zhang v. Kwok*, Adv. Pro. 22-5018

In support of this Motion, the Trustee respectfully states as following:

## JURISDICTION, VENUE, AND BASIS

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference* from the United States District Court for the District of Connecticut (as amended).  This
is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for this Motion is the Court's inherent power to control the disposition of
its docket, as set forth in further detail and with relevant authority below.

## BACKGROUND

4.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the
Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On March 21, 2022, the United States Trustee appointed an official committee of
unsecured creditors (the "Committee") in the Individual Debtor's Chapter 11 Case.  No examiner
has been appointed in the Chapter 11 Case.

---

[4] Hereinafter, the Pacific Alliance Asia Opportunity Fund is referred to as "PAX."  Each of the Adversary Proceedings
is individually referred to herein by its first named plaintiff.

6.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.[5]

7.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

8.      The several Adversary Proceedings were commenced at various times during the period June 20, 2022 through July 20, 2022.  Each of the Adversary Proceedings seeks, *inter alia*, a determination of non-dischargeability of an alleged debt or debts pursuant Section 523 of the Bankruptcy Code; *Zhang v. Kwok* also seeks denial of a discharge pursuant to Section 727 of the Bankruptcy Code.

9.      The Trustee moved to stay each of the Adversary Proceedings, in the cases of *Cheng*, *Ma*, and *PAX*, through August 22, 2022, in the case of *Wu* and *Meng* through August 31, 2022, and in the cases of *Nunberg* and *Zhang*, through September 21, 2022.  The motions were granted as requested in each such case, except that the stay in *Zhang* ran through October 21, 2022.[6]

10.      By Motion dated August 17, 2022, the Trustee sought an Order of this Court staying all of the Adversary Proceedings through October 21, 2022.  On August 31, 2022, the Prior Stay Order entered extending the stay in the Adversary Proceedings through October 21, 2022.

---

[5] The references to docket numbers set forth in this Motion refer to the Chapter 11 Case docket unless otherwise indicated.

[6] See [*Cheng* Adversary Proceeding, ECF Nos. 12, 17]; [*Ma* Adversary Proceeding, ECF Nos. 10, 16]; [*PAX* Adversary Proceeding, ECF Nos. 10, 15]; [*Wu* Adversary Proceeding, ECF Nos. 13, 19]; [*Meng* Adversary Proceeding, ECF Nos. 14, 20]; [*Nunberg* Adversary Proceeding, ECF Nos. 8, 9]; and [*Zhang* Adversary Proceeding, ECF No. 9, 15].

**REQUESTED RELIEF**

11.     By this Motion, the Trustee seeks entry of the Proposed Order further staying the several Adversary Proceedings pending further Order of this Court.

12.     This Court may stay an adversary proceeding upon a variety of grounds.  "As the Supreme Court has observed, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  U.S. Bank N.A. v. Perlmutter (In re South Side House, LLC), 470 B.R. 659, 684 (Bankr. E.D.N.Y 2012) (internal quotation marks omitted) citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); see also Musselman v. Home Ins. Co. of Ind. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey), 1990 U.S. Dist. LEXIS 10235, 1990 WL 123840, at *2 (S.D.N.Y. Aug. 7, 1990) (finding that the bankruptcy court has the authority to enter a stay of an adversary proceeding). Determination of whether grounds exist to stay a proceeding are subject to this Court's sound discretion.  In re South Side House, LLC, 470 B.R. at 684.

13.     Good cause exists for the Court to stay these Adversary Proceedings.  The Trustee continues his investigation of the Individual Debtor's estate, including the identification of its assets. The investigation is as far-reaching as Individual Debtor's multi-national lifestyle and business dealings.  The Trustee's investigation will eventually include assessing the validity and magnitude of claims asserted in these Adversary Proceedings (and whether and to what extent the matters raised therein may affect the estate, its creditors, and the ultimate disposition of the estate's assets), and the role of the Trustee in each of these Adversary Proceedings.  Critically, the Trustee requires additional time to analyze the issues raised in the respective Adversary Proceedings to take a position with respect to the complaints filed therein and determine the impact of a potential

dischargeability judgment on the Trustee's other efforts in this Chapter 11 Case, such as the proposal of a Chapter 11 plan of reorganization, which process could be affected by the entry of a judgment in any of these Adversary Proceedings.  It would be particularly inefficient to require the Trustee to expedite those determinations or for the Court, the Trustee, and other parties-in-interest to expend time and resources with respect to the Adversary Proceedings, when the prospect of a confirmable plan of reorganization that would provide for an eventual discharge of the Individual Debtor in this Chapter 11 Case is subject to considerable doubt.

14.     Additionally, currently there are very limited resources in the Individual Debtor's estate.  The Trustee believes that the creditors and all parties-in-interest in the estate are best served by focusing the estate's limited resources toward investigation and possible recovery of potential assets and claims belonging to the estate for the benefit of its constituents.

15.      The Trustee believes that extending the stay until further order of the Court allows the Trustee the ability to focus time and efforts on the investigation into Individual Debtor's assets, business and financial dealings while allowing that parties to the Adversary Proceedings may seek to terminate the stay by applying to the Court for such relief.

16.     The Trustee believes that requesting the relief sought herein by this Motion filed in the Chapter 11 Case, rather than by filing similar motions in each of the seven Adversary Proceedings, is appropriate, because the relief sought herein implicates the Trustee's orderly management and administration of the chapter 11 estate.  As more specifically discussed below, the Trustee has consulted and provided notice of this Motion to all parties to the Adversary Proceedings.  The Trustee also requests that the Court direct the clerk to enter the Proposed Order granting this Motion in each of the Adversary Proceedings as well as in the Chapter 11 Case.

17.    More specifically, the Trustee's undersigned counsel contacted via email counsel for all parties in the Adversary Proceedings and Samuel Nunberg (who is self-represented) to request consent of the parties to the Adversary Proceedings with respect to the relief sought by this Motion.  In response to this email, undersigned counsel received the following:

    a.    Counsel for the Individual Debtor consented to the relief sought by this Motion;

    b.    Counsel to the plaintiffs in Zhang consented to the relief sought by this Motion; and

    c.    Counsel to the remaining parties did not respond to the email and thus have not made known to the Trustee any objection to the relief sought by this Motion.

18.    The extension of the stay requested hereby would be without prejudice to the rights of any parties-in-interest in the Adversary Proceedings to request that the Court terminate the stay.

19.    This is the Trustee's second request for the relief sought by this Motion.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Court should enter the Proposed Order extending stays in each of the above-described Adversary Proceedings pending further order of this Court and grant such other and further relief as the Court deems just and proper.

Dated:    October 24, 2022            LUC A. DESPINS,
          New Haven, Connecticut       CHAPTER 11 TRUSTEE


                                       By: */s/ Patrick R. Linsey*
                                           James C. Graham (ct06064)
                                           Patrick R. Linsey (ct29437)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 781-2847
                                           plinsey@npmlaw.com

                                               *and*

                                           Nicholas A. Bassett *(pro hac vice)*
                                           PAUL HASTINGS LLP
                                           2050 M Street NW
                                           Washington, D.C., 20036
                                           (202) 551-1902
                                           nicholasbassett@paulhastings.com

                                               *and*

                                           Avram E. Luft *(pro hac vice)*
                                           Douglass Barron *(pro hac vice)*
                                           PAUL HASTINGS LLP
                                           200 Park Avenue
                                           New York, New York 10166
                                           (212) 318-6079
                                           aviluft@paulhastings.com

                                           *Counsel for the Chapter 11 Trustee*

7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                  :

In re:                            :     Chapter 11

                                  :

HO WAN KWOK, *et al.*,         :     Case No. 22-50073 (JAM)

                                  :

           Debtors.[7]        :     Jointly Administered

                                  :
---------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2022, the foregoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties to this bankruptcy case able to receive electronic notice by operation of the Court's case management/electronic filing (CM/ECF) system. Parties may access this filing through the Court's CM/ECF system.

Notice of this filing will also be sent by e-mail to each party to the affected Adversary Proceedings, as follows:

Adv. Pro. 22-5010: Jay Marshall Wolman at jmw@randazza.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5011: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5012: Patrick M. Birney at pbirney@rc.com; Peter Friedman at pfriedman@omm.com; Stuart Sarnoff at ssarnoff@omm.com; Annecca H. Smith at asmith@rc.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

---

[7]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Adv. Pro. 22-5013: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5014: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv Pro 22-5017: Samuel Dan Nunberg at snunberg@winstonashe.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5018: Thomas J. Sansone, at tsansone@carmodylaw.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Dated:    October 24, 2022          LUC A. DESPINS,
           New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    James C. Graham (ct06064)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

     *and*

    Nicholas A. Bassett *(pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

     *and*

9

Avram E. Luft *(pro hac vice)*
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                               :

In re:                         :    Chapter 11
                                :

HO WAN KWOK, *et al.*,       :    Case No. 22-50073 (JAM)
                                :

           Debtors.[1]     :    Jointly Administered
                                :

---------------------------------------------------------x

**PROPOSED ORDER GRANTING MOTION FOR STAY OF ADVERSARY**
**PROCEEDINGS SEEKING DETERMINATION OF NON-DISCHARGEABILITY OF**
**DEBTS AND/OR DENIAL OF DISCHARGE**

UPON CONSIDERATION OF the motion of Chapter 11 Trustee Luc A. Despins (the "Trustee") requesting an additional stay of the adversary proceedings *Cheng v. Kwok*, Adv. Pro. 22-5010; *Ma v. Kwok*, Adv. Pro. 22-5011; *Pacific Alliance Asia Opportunity Fund v. Kwok*, Adv. Pro. 22-5012; *Wu v. Kwok*, Adv. Pro. 22-5013; *Meng v. Kwok*, Adv. Pro. 22-5014; *Nunberg v. Kwok*, Adv. Pro. 22-5017 and *Zhang v. Kwok*, Adv. Pro. 22-5018 (the "Adversary Proceedings") pending further order of this Court, and good cause having been shown, it is by the Court,

ORDERED, that the motion is GRANTED and the above-described Adversary Proceedings are hereby stayed, and all related deadlines associated therewith are extended pending further order of this Court; and it is further

ORDERED, that this Order shall be entered in in the above-captioned Chapter 11 Case as well as in each of the Adversary Proceedings.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).