**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1),
TO EXPEDITE HEARING AND MOTION FOR BRIDGE ORDER ON
SECOND MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER STAYING
PENDING ADVERSARY PROCEEDINGS BROUGHT AGAINST THE INDIVIDUAL
DEBTOR PURSUANT TO 11 U.S.C. SECTIONS 523 AND/OR 727**

Chapter 11 Trustee Luc A. Despins (the "Trustee"), in the above-captioned chapter 11 case (the "Chapter 11 Case") of the debtor (the "Debtor"), by and through his undersigned proposed counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Second Motion of Chapter 11 Trustee for Entry of Order Staying Pending Adversary Proceedings Brought Against the Individual Debtor Pursuant to 11 U.S.C. Sections 523 and/or 727* [Docket No. 1024] (the "Motion to Stay") and for entry of a bridge order granting temporary relief pending such hearing. In support of his Motion to Expedite, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The Motion to Stay, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code").

5. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in the Individual Debtor's Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.[2]

---

[2] The references to docket numbers set forth in this Motion refer to the Chapter 11 Case docket unless otherwise indicated.

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

8. The Motion to Stay concerns the following adversary proceedings (collectively, the "Adversary Proceedings"):

- *Cheng v. Kwok*, Adv. Pro. 22-5010
- *Ma v. Kwok*, Adv. Pro. 22-5011
- *Pacific Alliance Asia Opportunity Fund v. Kwok*, Adv. Pro. 22-5012[3]
- *Wu v. Kwok*, Adv. Pro. 22-5013
- *Meng v. Kwok*, Adv. Pro. 22-5014
- *Nunberg v. Kwok*, Adv. Pro. 22-5017
- *Zhang v. Kwok*, Adv. Pro. 22-5018

9. The several Adversary Proceedings were commenced at various times during the period June 20, 2022 through July 20, 2022. Each of the Adversary Proceedings seeks, *inter alia*, a determination of non-dischargeability of an alleged debt or debts pursuant Section 523 of the Bankruptcy Code; *Zhang v. Kwok* also seeks denial of a discharge pursuant to Section 727 of the Bankruptcy Code.

10. The Trustee moved to stay each of the Adversary Proceedings, in the cases of *Cheng*, *Ma*, and *PAX*, through August 22, 2022, in the case of *Wu* and *Meng* through August 31, 2022, and in the cases of *Nunberg* and *Zhang*, through September 21, 2022. The motions were granted as requested in each such case, except that the stay in *Zhang* ran through October 21, 2022.[4]

---

[3] Hereinafter, the Pacific Alliance Asia Opportunity Fund is referred to as "PAX." Each of the Adversary Proceedings is individually referred to herein by its first named plaintiff.

[4] See [*Cheng* Adversary Proceeding, ECF Nos. 12, 17]; [*Ma* Adversary Proceeding, ECF Nos. 10, 16]; [*PAX* Adversary Proceeding, ECF Nos. 10, 15]; [*Wu* Adversary Proceeding, ECF Nos. 13, 19]; [*Meng* Adversary Proceeding, ECF Nos. 14, 20]; [*Nunberg* Adversary Proceeding, ECF Nos. 8, 9]; and [*Zhang* Adversary Proceeding, ECF No. 9, 15].

11. By Motion dated August 17, 2022, the Trustee sought an Order of this Court staying all of the Adversary Proceedings through October 21, 2022. On August 31, 2022, the Prior Stay Order entered extending the stay in the Adversary Proceedings through October 21, 2022.

## THE MOTION TO STAY[5]

12. By the Motion to Stay, the Trustee seeks entry of an order further staying the Adversary Proceedings pending further order of the Court. As discussed in the Motion to Stay, proceedings concerning the dischargeability of alleged debts and/or the Individual Debtor's eligibility for discharge may result in collateral impacts to the estate in this Chapter 11 Case, and, in the Trustee's view, the Adversary Proceedings are not prudent matters for the investment of judicial resources, or of the resources of the Trustee and other parties-in-interest, at this time.

13. As discussed more fully in the Motion to Stay, the Trustee has provided notice to all parties to the Adversary Proceedings that the Trustee would seek the relief requested in the Motion to Stay. The Individual Debtor and the plaintiffs in the *Zhang* adversary proceeding consented to the relief sought by the Motion to Stay and none of the parties have stated that they oppose such relief.

## RELIEF REQUESTED

14. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Motion to Stay upon an expedited basis. The deadline for the prior stay of the Adversary Proceedings expired after October 21, 2022. The Trustee respectfully requests that the Court schedule a hearing (the "Hearing") with respect to the Motion to Stay in the next several weeks, at a date and time convenient for the Court.

---

[5] The following summary of the relief sought in the Motion to Stay is qualified in its entirety by the Motion to Stay.

15. Pending a Hearing on the Motion to Stay, the Trustee requests that the Court order relief on an interim basis, in the form of a bridge order, staying the Adversary Proceedings pending the Hearing.

16. Finally, the Trustee requests that the Court direct that notice of the Motion to Stay and the Court's order granting this Motion to Expedite and scheduling a hearing, be served on all parties-in-interest appearing in the Chapter 11 Case qualified to receive electronic notice via the Court's CM/ECF service, as well as the Individual Debtor, the Committee, the U.S. Trustee, and on all parties to the Adversary Proceedings.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a Hearing on the Motion to Stay on _____ \_\_, 2022, at \_\_:\_\_ \_.m., providing the Adversary Proceedings shall be stayed pending the Hearing, ordering notice of such Hearing as set forth in the attached Order, and ordering such other and further relief as the Court deems just and proper.

Dated:   October 24, 2022  
         New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    James C. Graham (ct06064)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    plinsey@npmlaw.com

    *and*

Nicholas A. Bassett *(pro hac vice)*  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft *(pro hac vice)*  
Douglass Barron *(pro hac vice)*  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6079  
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                         :

In re:                                        :        Chapter 11
                                         :
HO WAN KWOK,                      :        Case No. 22-50073 (JAM)
                                         :
        Debtor.                      :
                                         :
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING AND BRIDGE ORDER

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the *Second Motion of Chapter 11 Trustee for Entry of Order Staying Pending Adversary Proceedings Brought Against the Individual Debtor Pursuant to 11 U.S.C. Sections 523 and/or 727* [Docket No. 1024] (the "Motion to Stay"), and requesting interim relief pending a hearing on the Motion to Stay;[1] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Motion to Stay shall be held on _____ \_\_**, 2022, at \_\_:\_\_ \_.m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Motion to Stay shall be _____ **at \_\_:\_\_ \_.m.**; and it is further

**ORDERED,** that, pending occurrence of the Hearing, the Adversary Proceedings are hereby stayed, and all related deadlines associated therewith are extended; and it is further

**ORDERED,** that a copy of this Order, along with the Motion to Stay and any attachments thereto, shall be served upon all parties to the above-captioned chapter 11 case qualified to

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

1

2

receive electronic notice via the Court's CM/ECF service, as well as the Debtor, the Committee, the United States Trustee, and all parties to the Adversary Proceedings, on or before _____ __, 2022, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 1 |
| HO WON KWOK | : | Case No. 22-50073 (JAM) |
| Debtor. | : |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 24, 2022, the foregoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties to this bankruptcy case by operation of the Court's case management/electronic filing (CM/ECF) system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Notice of this filing will also be sent by e-mail to each party to the affected Adversary Proceedings by e-mail, or by regular U.S. Mail to anyone unable to accept filing by e-mail, as follows:

Adv. Pro. 22-5010: Jay Marshall Wolman at jmw@randazza.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5011: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5012: Patrick M. Birney at pbirney@rc.com; Peter Friedman at pfriedman@omm.com; Stuart Sarnoff at ssarnoff@omm.com; Annecca H. Smith at asmith@rc.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

Adv. Pro. 22-5013: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at

1

ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

    Adv. Pro. 22-5014: Kristin B. Mayhew at kmayhew@mdmc-law.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

    Adv Pro 22-5017: Samuel Dan Nunberg at snunberg@winstonashe.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

    Adv. Pro. 22-5018: Thomas J. Sansone, at tsansone@carmodylaw.com; Eric Henzy at ehenzy@zeislaw.com; James Moriarty at jmoriarty@zeislaw.com; Aaron Romney at aromney@zeislaw.com; John Cesaroni at jcesaroni@zeislaw.com

| | | |
|---|---|---|
| Dated: | October 24, 2022 | LUC A. DESPINS, |
| | New Haven, Connecticut | CHAPTER 11 TRUSTEE |

                By: */s/ Patrick R. Linsey*
                    James C. Graham (ct06064)
                    Patrick R. Linsey (ct29437)
                    NEUBERT, PEPE & MONTEITH, P.C.
                    195 Church Street, 13th Floor
                    New Haven, Connecticut 06510
                    (203) 781-2847
                    plinsey@npmlaw.com

                    *and*

                    Nicholas A. Bassett *(pro hac vice)*
                    PAUL HASTINGS LLP
                    2050 M Street NW
                    Washington, D.C., 20036
                    (202) 551-1902
                    nicholasbassett@paulhastings.com

                    *and*

                    Avram E. Luft *(pro hac vice)*
                    Douglass Barron *(pro hac vice)*
                    PAUL HASTINGS LLP
                    200 Park Avenue
                    New York, New York 10166
                    (212) 318-6079
                    aviluft@paulhastings.com

                    *Counsel for the Chapter 11 Trustee*