UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re                          *   Case No. 22-50073 (JAM)
                               *
    HO WAN KWOK,               *
                               *
            Debtor.            *   Bridgeport, Connecticut
                               *   October 17, 2022
                               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *

TRANSCRIPT OF MOTION IN AID OF COMPLIANCE
WITH ORDER REGARDING RULE 2004 SUBPOENAED
DOCUMENTS AND INFORMATION
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor,              ERIC A. HENZY, ESQ.
 HK International and        Zeisler & Zeisler, P.C.
                             10 Middle Street, 15th Floor
                             Bridgeport, CT  06604


For the Creditors Committee: IRVE GOLDMAN, ESQ.
                             Pullman & Comley
                             850 Main Street
                             Bridgeport, CT  06601


For the Creditor, Pacific    PATRICK BIRNEY, ESQ.
 Alliance Asia Opportunity   Robinson & Cole
 Fund L.P.:                  28 Trumbull Street
                             Hartford, CT  06103


For the Chapter 11           PATRICK R. LINSEY, ESQ.
 Trustee:                    Neubert Pepe & Monteith, PC
                             195 Church Street
                             New Haven, CT  06510




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

APPEARANCES:   (Cont'd)


Chapter 11 Trustee:              LUC A. DESPINS, ESQ.
                                 Paul Hastings LLP
                                 200 Park Avenue
                                 New York, NY  10166


For Brown Rudnick,               WILLIAM BALDIGA, ESQ.
 Creditor:                       Brown Rudnick
                                 Seven Times Square
                                 New York, NY  10036


For Baker Hostetler,             LAWRENCE GROSSMAN, ESQ.
 Interested Party:               Green & Sklarz, LLC
                                 One Audubon Street
                                 New Haven, CT  06511

1          (Proceedings commenced at 10:03 a.m.)

2               THE COURTROOM DEPUTY:  Case No. 22-50073, Ho Wan

3     Kwok.

4               THE COURT:  Good morning.  If we could have

5     appearances for the record, starting with the Chapter 11

6     Trustee, please.

7               MR. DESPINS:  Good morning, Your Honor.  Luc

8     Despins, Chapter 11 Trustee.

9               THE COURT:  Good morning.

10               MR. LINSEY:  Good morning, Your Honor.  Patrick

11     Linsey for the trustee.

12               THE COURT:  Good morning.

13               MR. GOLDMAN:  Good morning, Your Honor.  Irve

14     Goldman, Pullman & Comley, representing the creditors

15     committee.

16               THE COURT:  Good morning.

17               MR. BIRNEY: Good morning, Your Honor.  Patrick

18     Birney, Robinson & Cole, on behalf of PAX.

19               Your Honor, there's a preliminary matter I would

20     like to take up after appearances if I can?

21               THE COURT:  Certainly.  Good morning.

22               Mr. Baldiga?

23               MR. BALDIGA:  Good morning, Your Honor.  William

24     Baldiga, Brown Rudnick, for Brown Rudnick.

25               THE COURT:  Good morning.

1          MR. HENZY:  Eric Henzy, Zeisler & Zeisler, for the

2     debtor.

3          THE COURT:  Good morning.

4          MR. HENZY:  Thank you.  Good morning, Your Honor.

5          MR. GROSSMAN:  Good morning, Your Honor.  Larry

6     Grossman for Baker Hostetler.

7          And as with Attorney Birney there is a preliminary

8     matter I would like to address.

9          THE COURT:  Good morning.

10          So, Attorney Birney, I think, and Attorney

11     Grossman, you're talking about motions to appear remotely,

12     but I'm not going to allow that today.  We talked about that

13     last week.  I'm not going to have hearings remotely unless I

14     think there's a need to.

15          So if your clients want to listen on the phone

16     they can do that on the public access line or they can

17     listen to the hearing once this hearing is concluded.

18          We also didn't get a chance to really review the

19     motions.  I know they were filed.  But that's what I

20     discussed last week at our hearing and you were -- and

21     everybody was -- I think all the parties that are here today

22     and that were on the phone heard me say that, so we're not

23     going to do that today.  Okay?  Thank you, both.

24          MR. BIRNEY:  Thank you, Your Honor.

25          THE COURT:  Okay.  Mr. Baldiga, this is your

1    motion.

2             MR. BALDIGA:  Yes.  Thank you, Your Honor.  First,

3    thank you for hearing us on such short notice.

4             I believe that we're here on a fully consensual

5    basis.

6             THE COURT:  That would -- that's nice to hear.

7    I'd like to hear about that then.

8             MR. BALDIGA:  Well, there haven't been too many

9    times, Your Honor, where people have been able to say that

10   in this case, but through good discussions with all parties,

11   not just over the weekend, but in the days before that.

12            And we are prepared to produce all of our files

13   immediately to the trustee upon entry of this order.

14            There are three things addressed, Your Honor, in

15   this order.  There is one minor nit that I will take up.

16            THE COURT:  When you talk about this order, just

17   would you like me to refer to the order that's already

18   entered or the order that you submitted with your motion?

19            MR. BALDIGA:  The proposed order.

20            THE COURT:  Okay.  That proposed order, just so

21   you know, even if everyone agrees to those terms, there's

22   still terms in the order that I entered that are not in your

23   proposed order that will need to be in that order.

24            MR. BALDIGA:  Okay.  Well, obviously then --

25            THE COURT:  Such as --

1              MR. BALDIGA:  Yeah.

2              THE COURT:  -- and I'll just -- I'll just -- it's

3       not -- it may not have anything to do with you --

4              MR. BALDIGA:  Sure.

5              THE COURT:  -- quite frankly, but the order that

6       was entered on the 13th had provisions with regard to the

7       debtor filing the privilege log on the docket, also had a

8       provision -- I guess I didn't understand your argument about

9       the clawback issue because the rule is cited in the order --

10      three or four -- in three or four places.

11             So if you want -- I don't know.  I don't think it

12      needs to be explicit, but I guess you're saying you want it

13      explicit.  Is that what you're telling me?

14             MR. BALDIGA:  It's less our issue, Your Honor,

15      than the debtor's.

16             And if -- we thought it was appropriate that it be

17      explicit because the rule applies to, as we understand it,

18      an inadvertent production.

19             And whether this production that we make today is

20      inadvertent or not, I don't know and wouldn't want to argue

21      that point, but we -- it's not our clawback right so I'm not

22      inclined to argue.

23             THE COURT:  I agree.  And I think the Federal

24      Rules of Civil Procedure provide for what they provide for.

25      I'm not sure that it needs to be explicit.

1      But go right ahead and let me hear you and then we

2  can see where we stand.

3      MR. BALDIGA:  Okay.  So there were three things to

4  be addressed.

5      One is the order entered on Thursday, docket 962,

6  applies to on its face post-petition documents.  It's

7  perhaps my fault that I haven't addressed with this court

8  prior to that what has been discussed among the parties,

9  which is that our work began a day or two prior to the

10  commencement of the case.

11     Almost all of the documents accordingly have been

12  created or delivered to us post-petition.  And I guess it

13  depends on -- there's always that interesting thing about

14  the day of filing itself, whether that's pre or post or some

15  of both.

16     And so we have just stricken, again by agreement,

17  the word post-petition because we are delivering all of our

18  files.  And that will extend to at least some things, very,

19  very few, that are technically pre-petition because they

20  were created or delivered to us the day before or the day

21  of, but prior to the time of filing.

22     It's more of a technical thing, but we have not

23  had the ability to try to distinguish between pre and post-

24  petition and I think no one believes that that would be a

25  good use of anyone's time.

1         THE COURT:  Okay.

2         MR. BALDIGA:  Second, the clawback issue that

3    we've already addressed, I don't have more to say about

4    that.

5         Third, that this proposed order has something that

6    the docket 962 order does not have, which is just a -- I

7    think a fairly simple acknowledgment again which is not a

8    concern of the debtor or the trustee, that -- clarifying

9    that what this court is ordering us to do is not to violate

10   our legal or ethical obligations.

11        And we think that has been implicit all along.

12   But since if that issue does come up in future years, may

13   not be in this court, what was implicit perhaps we think in

14   this courtroom would be a better explicit.

15        And, again, no one has any problem with that.  And

16   obviously gives us the comfort to produce immediately.

17        So with that, Your Honor, there is one nit that

18   Mr. Henzy and I have discussed and obviously we will -- we

19   didn't intend for this to -- well, we intended that this

20   would supplant the prior order, but not replace it in its

21   entirety, but we're happy to have that be an amended and

22   restated order and to work with the parties and the Court to

23   have it do that and to bring in the other provisions of 962

24   that are not explicitly here.

25        But let me just get to the one nit.  In the first

1   decretal paragraph -- I'm not sure if you're at our order.

2          THE COURT:  Yeah.  I'm holding it right now.

3          MR. BALDIGA:  The first decretal paragraph says

4   the motion is granted as set forth below.  Objections to the

5   motion.  And then I would strike the next five words.  So

6   strike the words and the prior enforcement motion.  And

7   that's it.

8          And then we're prepared to have this order be

9   entered, again, with whatever changes the Court believes

10  appropriate.

11         THE COURT:  Okay.  Thank you.

12         MR. BALDIGA:  Thank you.

13         THE COURT:  Mr. Despins?

14         MR. DESPINS:  Good morning, Your Honor.

15         There's just one thing I need to check with Mr.

16  Baldiga, but generally we agree that this is consensual and

17  it's the order my partner had seen the deletion of these

18  last few words.

19         MR. BALDIGA:  No.  That was just this morning.

20         MR. DESPINS:  So I apologize for doing this.  I --

21         THE COURT:  That's all right.  Well, we may have

22  to take a little recess in a few minutes once we --

23         MR. DESPINS:  It would be a very, very short

24  recess.

25         THE COURT:  -- once we hear from everyone.  Okay?

1     MR. DESPINS:  Okay.  Thank you.

2     THE COURT:  Okay.  Attorney Henzy?

3     MR. HENZY:  Thank you, Your Honor.

4     Your Honor, I don't want to -- just on it being

5  consensual all around, I don't want to disappoint everyone.

6  I could probably come up with something, but I won't.

7     Mr. Baldiga's correct.  With that one change to

8  the order, we'll have no objection.

9     In terms of whether this is a -- there's going to

10 be a new order or -- I had, I think with Attorney Baldiga,

11 contemplated that this order was going to be in addition to

12 the court's order, but, you know, I have no objection to

13 there being a, you know, combined order that melds

14 everything.

15    THE COURT:  Your client has no problem with the

16 Court ordering that the production of the documents does not

17 and shall not violate the respective legal and ethical

18 obligations to the debtor?

19    MR. HENZY:  Correct.

20    THE COURT:  Okay.  That's fine.

21    Then what I'd like you all to do --

22    Thank you.  I'm sorry.  Is there anything else you

23 wanted to say, Attorney Henzy?

24    MR. HENZY:  There's nothing else, Your Honor, no.

25    THE COURT:  Attorney Grossman?

1          MR. GROSSMAN:  Thank you, Your Honor.

2          My client, Baker Hostetler, is a law firm like

3     Brown Rudnick and was also served with a subpoena.  And like

4     Brown Rudnick, Baker Hostetler is concerned about the

5     obligations it may have to the debtor, its client or former

6     client.

7          And we filed a joinder in the Brown Rudnick motion

8     filed Friday.  We filed that yesterday simply asking that

9     any order entered by the Court similarly apply to Baker --

10         THE COURT:  Hold on a second, Attorney Grossman.

11    I'm sorry.  We can't hear you if that's happening.  They

12    were supposed to stop that, but I guess they didn't.  Just

13    give it, if you don't mind, a second.

14         (Pause)

15         THE COURT:  All right.  Go ahead.  Let's see how

16    we do.  No, that's not good.

17         (Pause)

18         THE COURT:  Well, I know what your point is.  Let

19    me just say that I don't know when your client was served

20    with a subpoena.  When was your client served with a

21    subpoena?

22         MR. GROSSMAN:  It was served with a subpoena I

23    believe in September.  We --

24         THE COURT:  Well, we need to know that

25    specifically because your client has to exercise its rights

1    and remedies under the Federal Rules of Civil Procedure like

2    Brown Rudnick did.  You have not done that that I can tell

3    at this point, there's nothing before the Court.  I don't

4    know when the subpoena was served.  And this order only

5    applies to Verdolino & Lowey and Brown Rudnick.

6            So why don't we take a recess so Mr. Despins can

7    talk to his partner about the proposed changes to the order

8    and then you and he can talk about -- and the debtor about

9    what, if anything, you can come up with.

10           But this is specifically limited to Verdolino &

11   Lowey and Brown Rudnick so there isn't going to be a joinder

12   of this.  You may need to file your own documents.

13           This is something that's been going on for quite

14   some time.  Mr. Baldiga's been here at every hearing I think

15   since the middle, if not the beginning of September,

16   addressing these issues on the subpoenas that were served.

17   So I have no idea.  It's not before me in the record

18   anywhere that I'm aware of.

19           And, Mr. Linsey, maybe you can help on that.  I

20   don't know when Baker Hostetler was served with a subpoena.

21   But the Federal Rules of Civil Procedure apply so we need to

22   make sure that these things are handled appropriately under

23   those rules.  Okay?

24           MR. GROSSMAN:  Your Honor, would it make any

25   difference if I were to inform the Court that my co-counsel,

1   partner at Baker Hostetler, spoke with the trustee's

2   counsel?

3          THE COURT:  It might.  That's why you need to talk

4   to them and see what you can come up with.  Okay?

5          MR. GROSSMAN:  Understood.  Thank you.

6          THE COURT:  So we're going to take a short recess.

7   I'll probably be back out at 10:30.  Hopefully the

8   construction will stop by then.

9       (Recess from 10:16 a.m. until 10:37 a.m.)

10          THE COURT:  Please be seated.

11          All right.  We're back on the record after a

12   recess.

13          And, Mr. Baldiga, I know you were going to speak

14   with Mr. Despins about -- or vice versa about an issue that

15   you weren't sure that you had closed the loop on prior to

16   this morning, so go right ahead.

17          MR. BALDIGA:  Yes.  Thank you, Your Honor.

18   William Baldiga.

19          That language that -- the deletion of those five

20   words is fine with the trustee as well.

21          THE COURT:  And with the debtor as well?

22          MR. BALDIGA:  Yes.

23          MR. HENZY:  Yes, Your Honor.

24          THE COURT:  Okay.  Thank you.

25          MR. DESPINS:  And, Your Honor, basically -- Luc

1    Despins, Chapter 11 Trustee.

2            We believe that the prior order overruled the

3    objections, but the point is this order does not need to say

4    that specifically so we're okay with the deletion.

5            THE COURT:  Well, I think what this order is going

6    to say is that it's going to be a consent order superceding

7    the prior order so that we don't have confusion about two

8    different orders.  And I want -- I would like the parties,

9    when they present this order -- the order that entered, 962,

10   the first two paragraphs before the ordered paragraph should

11   start the order.  Okay?

12           What I'm going to do, Mr. Baldiga, is we'll enter

13   some kind of order granting your urgent motion in aid of

14   compliance with the order and then it will say, you know,

15   order -- motion granted, revise consent order, superceding

16   ECF 962 will enter.  Okay?

17           MR. HENZY:  At the risk of causing trouble, the

18   debtor did object to --

19           THE COURT:  And we're going to make them -- we're

20   going to ask Mr. Baldiga to make sure he puts that in this

21   new consent order that you did object.

22           MR. HENZY:  Because if this is going to supercede

23   the existing court order --

24           THE COURT:  All right.  How about revised, revise

25   or amend?.  How would you like it to be characterized?

1          MR. HENZY:  Well, it's just -- it wouldn't be a

2     consent order, that's all.  The debtor's not objecting to

3     the entry of Mr. Baldiga's order or the additional relief

4     I'll call it that Mr. Baldiga is asking for, but the debtor

5     did object to the entry of the order that the Court had

6     entered.

7          THE COURT:  Okay.  When I asked you this morning

8     though I think you said you consented to the language that

9     Mr. Baldiga asked for.

10          MR. HENZY:  So I do.

11          THE COURT:  Okay.

12          MR. HENZY:  But if there's now going to be a

13     revised order that supercedes the Court's order -- and just

14     so -- which was document number 962 and that would then

15     become I guess I'll call it the operative order the debtor

16     didn't consent to the entry of 962.

17          THE COURT:  I agree.  And if you look at what I

18     said about adding the first two paragraphs from the prior

19     order --

20          MR. HENZY:  Yeah.

21          THE COURT:  -- the second paragraph talks about

22     the debtor's objection.

23          MR. HENZY:  I understood, Your Honor.  But if this

24     order is going to be called a consent order, I think that

25     implies that the debtor consented to the entry of the order,

1    and that's -- if this is superceding 962, the debtor did not

2    consent to the entry of that order.  So I'm --

3              THE COURT:  But it doesn't make sense to have two

4    orders.

5              MR. HENZY:  I agree with you, Your Honor.

6              THE COURT:  Okay.  So what's your solution?

7              MR. HENZY:  If you want to have a revised order, a

8    revised order I think is fine, but it just -- it would not

9    be a consent order.

10             THE COURT:  Well, then the language that you are

11   consenting to, that paragraph, I want it to say that all the

12   parties consented.

13             THE COURT:  And that's fine.

14             THE COURT:  Okay.  Because that's got to be in

15   here.  I'm not making any rulings.

16             MR. HENZY:  Yeah.

17             THE COURT:  You're consenting to that.

18             MR. HENZY:  To that language, yes.

19             THE COURT:  Yes.

20             MR. HENZY:  And we can --

21             THE COURT:  To the language about -- that Brown

22   Rudnick and Verdolino & Lowey --

23             MR. HENZY:  Yes.

24             THE COURT:  -- whatever it says.  I'm sorry.

25             MR. HENZY:  That language is consented to, Your

1  Honor, yes.

2          THE COURT:  Okay.  Then that's what I want you to

3  say.

4          MR. HENZY:  Understood.

5          THE COURT:  And then make it a revised order.  But

6  I'm not entering a revised order unless and until that

7  language, which is already -- everyone stated on the record

8  is consented to.  Okay?

9          MR. HENZY:  Understood.

10          MR. BALDIGA:  Everything you just described, Your

11  Honor, I think we can work -- and I'll make sure that we

12  circulate something, but we'll produce today on that basis.

13          THE COURT:  Okay.  So in addition to the first two

14  paragraphs in 962, I also would like the third ordered

15  paragraph that requires the debtor to file the existing

16  privilege log on the docket in that order.  The one that you

17  submitted, Attorney Baldiga, doesn't have any of that in

18  there.  Okay?

19          MR. BALDIGA:  Yes.

20          THE COURT:  And then let me just make sure.  I

21  don't think your order -- let me triple check for a second.

22  Maybe it does have it and I'm just not seeing it.

23          I don't see a provision in your proposed order,

24  Attorney Baldiga, regarding the debtor's -- which I think

25  the trustee asked for in his original order, two things.

1          Your order does not have the -- an ordered

2     paragraph that Trustee Despins asked for and is in 962,

3     which is the third from the bottom ordered paragraph, where

4     it says pursuant to paragraph 7 either the trustee or the

5     debtor may avail itself of the right to request adjudication

6     of any dispute.

7          MR. BALDIGA:  Yes.  All for the same reason.  We

8     were not intending that this replace that.  But now that we

9     know that it does --

10          THE COURT:  Yes.

11          MR. BALDIGA:  -- we will bring all of that in.

12          THE COURT:  All right.  That's got to be in.

13          And then also the written notice provision of the

14     debtor if he -- this was Mr. Despins' language as well, the

15     fourth from the bottom ordered paragraph, I think it changed

16     a little bit, but, any document which the debtor provides

17     written notice to the Chapter 11 Trustee under Federal --

18     this is a prospectively, not that exists, right, under

19     Federal Rules of Civil Procedure 26(b)(5)(B) that the debtor

20     claims is subject to privilege or protection shall be logged

21     in a privilege log provided to the trustee and filed on the

22     docket of this case within two days of the debtor's written

23     notice.  That was Mr. Despins' language.  So that's got to

24     be in there too.

25          MR. BALDIGA:  We will.

1          THE COURT:  Okay.  All right.

2          So what else do we need to accomplish today?

3          Attorney Grossman?

4          MR. GROSSMAN:  Your Honor, Larry Grossman again on

5     behalf of Baker Hostetler.

6          During the break, I conferred with the debtor and

7     there is no agreement at this time regarding Baker

8     Hostetler.  We are not going to press the joinder motion.

9          We will be filing a motion this week and a motion

10    to expedite a hearing to facilitate our agreement with the

11    trustee.  And we hopefully will have the consent of all

12    parties.

13         THE COURT:  Okay.  Thank you.

14         Mr. Despins, there's another motion for extension

15    of time that was filed by another party that was served with

16    a subpoena, it was filed last week, saying that they need

17    time to comply with the subpoena.  Give me a second and I'll

18    tell you who -- I'm sorry, I don't have it right in front of

19    me.

20         On the 13th, there was a motion to extend time to

21    respond to subpoena filed by, and I'm not going to pronounce

22    the name properly, and I apologize, Hing Chi Ngok interested

23    party, represented by Evan Goldstein.

24         Mr. Linsey, do you know what -- are you familiar

25    with that motion?

1            MR. LINSEY:  I am familiar with that, Your Honor.

2            THE COURT:  Okay.  Are you going to be -- are you

3      going to be --

4            MR. LINSEY:  Generally.

5            THE COURT:  If you're going to oppose it, I need

6      you to oppose it in writing by the end of this week.  Okay?

7            MR. LINSEY:  We will do.  And we do intend to

8      submit a written response to that motion, Your Honor.

9            THE COURT:  Well, I'm going to order you to do

10     that by Friday.

11           MR. LINSEY:  Yes, Your Honor.

12           THE COURT:  Okay?  So I will take care of that

13     later today, insofar as there will be some order entered

14     that the trustee needs to file a response to the motion by

15     whatever Friday is, the 21st I think.

16           MR. LINSEY:  Understood.  And for your

17     understanding, it's the debtor's wife is the is discovery

18     party at issue.

19           THE COURT:  Okay.  Thank you.  Thank you.

20           All right.  Is there anything further we need to

21     review today?

22           MR. DESPINS:  Just for the record, Luc Despins,

23     Chapter 11 Trustee, just a housekeeping matter.  I mentioned

24     this to Mr. Henzy before the hearing.

25           We're going to file a motion seeking a preliminary

1    injunction in connection with the prejudgment remedy --

2            THE COURT:  Okay.

3            MR. DESPINS:  -- to be heard at the same time.  It

4    doesn't change anything except that there's a -- and Your

5    Honor knows this, but I -- the difference between in

6    personam and in rem jurisdiction with the prejudgment remedy

7    you can attach assets in Connecticut or in -- but we also

8    need to be -- to have in personam remedies against, for

9    example, if Your Honor will grant that, against the daughter

10   because she may have assets elsewhere.

11           And so, therefore, it's a purely -- it doesn't

12   change the hearing at all except actually the preliminary

13   injunction standards are probably higher for us than the

14   prejudgment remedy, but we wanted to let you know that we're

15   going to do that.

16           And I don't know if -- I didn't want to box in Mr.

17   Henzy.  I mentioned before the hearing if we need to file a

18   motion to shorten the time, but it would be the same

19   schedule, the same hearing, it's the same -- everything is

20   the same except that technically it's a different type of

21   remedy in personam versus in rem.

22           MR. HENZY:  For the record, I don't agree that it

23   doesn't change the relief being sought.  It does change the

24   relief being sought.

25           THE COURT:  I don't think that's what he said, but

1    I understand why you said that.  I think he said it doesn't

2    change the schedule.  I thought that's what he said.

3              MR. HENZY:  Well, I think it --

4              THE COURT:  But it only doesn't change the

5    schedule if he files a motion and it gets scheduled at the

6    same time.

7              MR. HENZY:  I think that's right.

8              THE COURT:  Yeah.

9              MR. HENZY:  But I think --

10             THE COURT:  I understand.

11             MR. HENZY:  Okay.

12             THE COURT:  I understand your point.

13             MR. HENZY:  Thank you, Your Honor.

14             THE COURT:  There's no question it's a different

15   standard if a temporary restraining order is sought --

16             MR. HENZY:  Yes.

17             THE COURT:  -- in addition to a prejudgment

18   remedy.

19             MR. HENZY:  And I think, as Mr. Despins seems to

20   recognize it, it also brings -- potentially brings into play

21   assets that until that motion is filed are not in play.  So

22   that that is just additional relief.

23             THE COURT:  Well, we'll see what happens when it

24   gets filed --

25             MR. HENZY:  Yes, Your Honor.

1          THE COURT:  -- and then we'll go from there.

2          MR. HENZY:  Yes, Your Honor.

3          THE COURT:  Okay?

4          MR. HENZY:  Thank you.

5          THE COURT:  Thank you.

6          MR. DESPINS:  So, therefore, we need to file a

7     motion to expedite on that hearing?

8          THE COURT:  I'll let you all talk about it --

9          MR. DESPINS:  Okay.

10          THE COURT:  -- but it seems to me that Attorney

11     Henzy would say yes.

12          MR. DESPINS:  Okay.

13          MR. HENZY:  Yes.

14          MR. DESPINS:  Thank you, Your Honor.

15          THE COURT:  All right.  Is there anything else we

16     need to address today?

17          All right.  I do appreciate the parties working

18     through the issues over the weekend.  And I understand the

19     issue about it not being a consent order.  That's fine as

20     long as that provision that Mr. Baldiga, you know, had

21     talked about, and we did talk about at the hearing

22     extensively, I actually went back and listened to it before

23     today, that it's got to be clear that that's on consent.

24     Okay?

25          MR. BALDIGA:  Understood, Your Honor.

1          THE COURT:  All right.  So then we'll look for the

2     revised proposed order when it comes in and it will enter

3     shorter thereafter.

4          MR. BALDIGA:  Thank you.

5          UNIDENTIFIED:  Thank you, Your Honor.

6          THE COURT:  All right.  That is the only thing on

7     today's calendar, so court is adjourned.

8          (Proceedings adjourned at 10:49 a.m.)

9      I, CHRISTINE FIORE, Certified Electronic Court Reporter

10    and Transcriber, certify that the foregoing is a correct

11    transcript from the official electronic sound recording of

12    the proceedings in the above-entitled matter.

13

14    *Christine Fiore*

15    _____          October 25, 2022

16       Christine Fiore, CERT

17

18

19

20

21

22

23

24

25