**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                     :     Chapter 11
:
HO WAN KWOK, *et al.*,                      :     Case No. 22-50073 (JAM)
:
Debtors.[1]                                      :     Jointly Administered
:
-------------------------------------------------------x   Re: ECF No. 1002

**CONSENT ORDER ON WILLIAMS &**
**CONNOLLY'S MOTION TO QUASH THIRD-**
**PARTY SUBPOENA AND CHAPTER 11 TRUSTEE'S**
**CROSS-MOTION TO COMPEL**

Upon consideration of the *Motion to Quash Third-Party Subpoena to Williams & Connolly* [ECF

No. 1002] filed by Williams and Connolly LLP ("W&C") and the *Chapter 11 Trustee's Objection to*

*Motion to Quash Third-Party Subpoena to Williams & Connolly and Cross-Motion to Compel* [ECF No.

1023] filed by Luc A. Despins, in his capacity as Chapter 11 Trustee in the above-captioned chapter 11

case of the Individual Debtor (the "Trustee"), and arguments made by the parties before this Court on

Tuesday, October 25, 2022, and in a supplemental remote hearing held on Thursday, October 27, 2022,

and on consent of the parties in order to resolve W&C's Motion to Quash Third-Party Subpoena to

W&C, this Court hereby **ORDERS**:

1.       Within the timeframes specified herein in the following paragraphs 2 through 4, W&C

shall produce all documents responsive to the Bankruptcy Rule 2004 Subpoena and appended Request

for Production of Documents (collectively, the "Subpoena") in a form that is numbered by bates stamps

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

(any such documents, "Review Documents") to the Individual Debtor by electronic transmission to the Individual Debtor's bankruptcy counsel, Zeisler & Zeisler, P.C. ("Zeisler"). In order to expedite the matter, W&C may include non-responsive documents (any such documents, "Non-Responsive Documents") in its production to Zeisler so that W&C's responsiveness review and the Individual Debtor's privilege review can proceed simultaneously.

2.      With respect to that set of documents that W&C has described as the Individual Debtor's "client file" and which W&C has asserted that it produced to Aaron Mitchell in January 2021 (the "Client File"), W&C shall produce the Client File to Zeisler within five (5) business days of the entry of this Order as Review Documents.

3.      With respect to W&C's invoices to the Individual Debtor, which consist of W&C's time entries and statements of work during the course of W&C's representation of the Individual Debtor (collectively, the "Individual Debtor Invoices"), W&C shall produce all Individual Debtor Invoices to Zeisler within five (5) business days of the entry of this Order as Review Documents. Such production shall not excuse W&C's obligation to produce invoices issued to parties other than the Individual Debtor to the extent that such invoices exist and are responsive to the Subpoena and which shall be subject to the timeframe set forth in the following paragraph 4.

4.      With respect to all other documents that are responsive to the Subpoena, W&C shall produce all such documents to Zeisler as Review Documents within fourteen (14) business days of the entry of this Order.

5.      Upon delivery of any Review Documents to Zeisler, the Individual Debtor shall have ten (10) calendar days (the "Review Period") to: (a) prepare a log (the "Individual Debtor's Log") in a form compliant with the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [ECF No. 856] (the "Privileges Consent Order") asserting that any Review Documents should be withheld from production

to the Trustee pursuant to paragraph 7 of the Privileges Consent Order and identifying any such documents by bates number (any such documents, "Logged Documents"); and (b) deliver the Individual Debtor's Log to W&C and the Trustee.

6. Upon the conclusion of the Review Period for any Review Documents, W&C shall: (x) withhold from production all Review Documents that are Logged Documents on a timely delivered Individual Debtor's Log and retain them pending further order of the Court pursuant to the Privileges Consent Order; (y) withhold from production all Review Documents that are Non-Responsive Documents, and provide the Trustee an index of the bates numbers withheld on this basis; and (z) immediately produce all other Review Documents to the Trustee.

7. Nothing herein shall prejudice any parties' respective rights under the Privileges Consent Order, all of which rights are preserved.

8. Nothing herein shall prejudice in any way the Individual Debtor and W&C's respective rights under Federal Rules of Civil Procedures 26(b)(5)(B) to seek to claw back any document produced to the Trustee and to assert privilege over any such document to the extent permitted to do so in accordance with paragraph 7 of the Privileges Consent Order, and Federal Rule of Civil Procedure 26(b)(5)(B) shall otherwise apply in all respects to such assertion.

9. The terms of this Order shall be immediately enforceable upon entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 28th day of October, 2022.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut