**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                               :

In re:                           :     Chapter 11
                                               :

HO WAN KWOK, *et al.*,       :     Case No. 22-50073 (JAM)
                                               :

        Debtors.[1]             :     Jointly Administered
                                               :

------------------------------------------------------x

**DECLARATION OF AVRAM E. LUFT IN SUPPORT OF MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING DEBTOR, MEI GUO, HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC, HING CHI NGOK, GREENWICH LAND LLC, LAMP CAPITAL LLC, AND  GOLDEN SPRING (NEW YORK) LTD. TO COMPLY WITH   RULE 2004 SUBPOENAS**

I, Avram E. Luft, declare:

1.       I am an attorney admitted to practice law in the State of New York and am Of Counsel at the law firm of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, and counsel for Luc A. Despins as Chapter 11 Trustee (the "Trustee").  I respectfully submit this declaration in support of the *Motion of Chapter 11 Trustee for Entry of Order Compelling Debtor, Mei Guo, HK International Funds Investments (USA) Limited, LLC, Hing Chi Ngok, Greenwich Land LLC, Lamp Capital LLC, and Golden Spring (New York) Ltd. to Comply with Rule 2004 Subpoenas* (the "Motion").

2.       Attached hereto are true and correct copies of the following documents:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

| Exhibit | Description of Exhibit | Date |
|---------|----------------------|------|
| A | *Intentionally omitted* | |
| B-1 | Subpoena for Rule 2004 Examination of Ho Wan Kwok | 8/17/2022 |
| B-2 | Subpoena for Rule 2004 Examination of Mei Guo | 8/17/2022 |
| B-3 | Subpoena for Rule 2004 Examination of HK USA | 8/17/2022 |
| B-4 | Subpoena for Rule 2004 Examination of Hing Chi Ngok | 8/19/2022 |
| B-5 | Subpoena for Rule 2004 Examination of Greenwich Land | 8/19/2022 |
| B-6 | Subpoena for Rule 2004 Examination of Lamp Capital | 8/19/2022 |
| B-7 | Subpoena for Rule 2004 Examination of Golden Spring | 8/17/2022 |
| C-1 | Email from Patrick Linsey to James Moriarty serving subpoenas on the Individual Debtor, Mei Guo, and HK USA | 8/19/2022 |
| C-2 | Affidavit of service for service of subpoena on Hing Chi Ngok | 8/24/2022 |
| C-3 | Affidavit of service for service of subpoena on Greenwich Land | 8/22/2022 |
| C-4 | Affidavit of service for service of subpoena on Lamp Capital | 8/23/2022 |
| C-5 | Affidavit of service for service of subpoena on Golden Spring | 8/24/2022 |
| D-1 | Individual Debtor's objections and responses to Subpoena | 9/2/2022 |
| D-2 | Mei Guo's objections and responses to the Subpoena | 9/2/2022 |
| D-3 | HK USA's objections and responses to the Subpoena | 9/2/2022 |
| E | Hing Chi Ngok's objections and responses to the Subpoena | 9/23/2022 |

3.      Between August 17, 2022 and August 19, 2022, the Trustee served subpoenas pursuant to the Rule 2004 Orders on the Individual Debtor, Mei Guo, HK USA, Hing Chi Ngok, Greenwich Land, Lamp Capital, and Golden Spring.  *See* Exhibits B-1 to B-7 (the "Subpoenas").

4.     On September 2, 2022, the Individual Debtor, Mei Guo and HK USA each served objections and responses to their respective Subpoenas.   True and correct copies of the objections and responses to the Subpoenas served by the Individual Debtor, Mei Guo, and HK USA are attached hereto as Exhibits D-1 to D-3.

5.     Counsel to the Trustee and counsel to the Individual Debtor, HK USA, and Mei Guo ("Individual Debtor Parties' Counsel") met and conferred in good faith on September 9, 2022, September 15, 2022, and September 22, 2022 in an effort to resolve their disputes over the Individual Debtor's objections and responses to the Subpoenas.

6.     During the meet and confers, counsel for the Trustee addressed the Individual Debtor's, HK USA's, and Mei Guo's objections that they would not search for or produce any documents related to the Individual Debtor's Family, the Associated Individuals, and the Associated Entities, including any such documents related to their assets, their connections to the Individual Debtor, or the Individual Debtor's use of such assets.   Throughout the meet and confers, counsel for the Trustee explained that an investigation into these issues was clearly contemplated in the Rule 2004 Orders,[2] and the Individual Debtor's refusal to produce such documents had the impact of preventing the Trustee from carrying out his duties.   Individual Debtor Parties' Counsel maintained their objection that searching for such documents was beyond the scope of the Rule 2004 Orders and thus such documents would not be produced, with the exception of documents related to the *Lady May* and the Sherry Netherland Apartment, as the existence of these contested assets was already known to the Trustee. Seeking to confirm the parameters of this objection, counsel for the Trustee raised the hypothetical of whether Individual Debtor Parties' Counsel would maintain their objection to the following scenario:   if

---

[2] Terms not defined herein should take the meaning assigned to them in the Motion.

there was another yacht identical in every way to the *Lady May*, except the existence of such yacht was currently unknown to the Trustee, and Ms. Guo and HK USA would continue to assert ownership over it, would the Individual Debtor, Mei Guo and HK USA maintain their objection that they would not search for or produce documents related to such an asset?  Individual Debtor Parties' Counsel, took the position that they would not produce any such documents, despite being willing to produce them for documents relating to the *Lady May*, given their stated objections.

7.    The Individual Debtor Parties' Counsel also referenced that their clients had very few responsive documents, and that, in particular, the Individual Debtor was alleged to have almost no documents. When asked whether that assertion included a search for the documents under his control, including those held by his counsel and other advisors, Individual Debtor Parties' Counsel stated that they had not done such a search, and would not do such a search. Instead, they took the position that the Trustee's subpoenas to the Individual Debtor's Advisors obviated the need for the Individual Debtor, HK USA and Mei Guo to search for documents in the possession of their advisors.  Counsel to the Trustee disagreed, noting that such documents are in the control of the Individual Debtor, and the Individual Debtor's Subpoena covers different and additional topics not directed to the Advisors, and thus would need to be searched for and produced by the Individual Debtor, Mei Guo, and HK USA. Counsel to the Trustee also noted that relying only on requests to the Individual Debtor's known advisors does not account for advisors currently unknown to the Trustee.

8.    Counsel for the Trustee also inquired into the parameters of the search performed by counsel to the Individual Debtor to understand what areas were searched and how they searched (including what search terms were used) to help understand how virtually no

documents could be found. Counsel for the Individual Debtor stated that the Individual Debtor keeps almost no hardcopy documents and does not use a computer or e-mail. We were informed that a search was conducted for the two iPhones he does use, but no responsive documents were identified. Counsel for the Trustee inquired how there could be no responsive documents at least for the openly ongoing businesses involving the Individual Debtor, including the sale of his music. No explanation was provided as to what search was done for such documents, or how counsel knew none existed.

9.      During the meet and confers, counsel for the Trustee also inquired regarding the Individual Debtor, Mei Gui and HK USA's objections to the time frame of the Subpoenas. Counsel for the Trustee explained the basis for seeking documents for this time period. Individual Debtor Parties' Counsel rejected this time period, but could not identify a reasonable time period consistent with the Trustee's needs within which they would agree to produce documents. The Trustee noted his need for a time period covering the period during which the Individual Debtor acknowledged he began holding significant assets until today, as the Trustee's investigation is focused on where those and other assets of the estate went.

10.     Following three meet and confers, the parties were unable to resolve their disputes on these issues.

11.     Counsel to the Trustee and counsel to Hing Chi Ngok (who began representing Greenwich Land LLC on October 20, 2022) met and conferred in good faith on September 16, 2022, September 30, 2022, October 18, 2022, and October 20, 2022 in an effort to resolve their disputes in connection with their subpoenas. Specifically, counsel for the Trustee noted that the Trustee is entitled to investigate potential assets of the Individual Debtor that may be held by people or entities other than the Debtor, and that the Trustee's investigation is not limited to what

few assets that the Debtor himself admits to owning, or exclusively to communications or documents connected to the Debtor.  Counsel to Hing Chi Ngok and Greenwich Land maintained they were not obligated to search for and review documents related to Debtor's Family, Associated Individuals, or Associated Entities (other than Greenwich Land).  Ultimately, the parties were unable to resolve their disputes relating to the subpoenas.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      October 28, 2022
            New Haven, Connecticut          Respectfully submitted,


                                            By: */s/ Avram E. Luft*
                                                Avram E. Luft (*pro hac vice* pending)
                                                aviluft@paulhastings.com
                                                PAUL HASTINGS LLP
                                                200 Park Avenue
                                                New York, New York 10166
                                                (212) 318-6079

                                                *Counsel for the Chapter 11 Trustee*

## Exhibit B-1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _Connecticut_

In re _Ho Wan Kwok_      Case No. _22-50073_
        Debtor

Chapter _11_

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Ho Wan Kwok

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **September 16, 2022, 10 A.M.**<br>**(see attached Bankruptcy Court Order)** |

The examination will be recorded by this method: _court reporter/stenographer_

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _August 17, 2022_

           CLERK OF COURT

                              OR

_____       _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                                   Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_Luc Despins, Ch. 11 Trustee_ , who issues or requests this subpoena, are:

Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

name of the native file. The native file must be named after the FIRSTBATES.

b.  Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c.  <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d.  <u>Native Production for Certain File Types.</u>  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e.  <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f.  <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.       If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.       If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.       If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

10.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

11.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

12.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

13.      All references to Entities includes all affiliates thereof.

14.      All references to individual names include all alternative names, aliased, or nicknames.

15.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

16.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

17.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" or "Debtor" means and refers to Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with any of his employees, agents, counsel, advisors, or anyone acting on his behalf.

2.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with any of his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

3.    "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with any of her employees, agents, counsel, advisors, or anyone acting on her behalf.

4.    "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, a/k/a Yue Qingzhi, 岳庆芝, or any other alias), together with any of her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.     "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

6.    "<u>Associated Individuals</u>" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

7.    "<u>Associated Entities</u>" means, individually and collectively, all organizations or

Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the

Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned,

controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective

employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such

Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA

Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited,

AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital

Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited,

Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd.,

Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited,

BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane

Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited,

Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire

Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever

Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc.,

Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd.,

Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head

Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal

Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA)

Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited,

Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine

Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

8.      "Including" or any variant thereof means "including without limitation."

9.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

10.      "Any" and "all" and "each" mean "each and every."

11.      "Each" and "every" mean "each and every."

12.      "Third Party" means a Person or Entity other than Yourself.

13.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

14.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

15.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

16.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

17.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

18.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains,

11

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

19.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

20.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

## IV.    DOCUMENTS TO BE PRODUCED

1.    All documents regarding any income or Asset of the Debtor, the Debtor's estate, or of an Associated Entity.

2.    Documents sufficient to show all entities or Assets that the Debtor or the Debtor's Estate holds or has ever held a legal, economic, or beneficial interest in, or total or partial control of, at any time from January 1, 2011 through the present.

3.    For any Asset identified in response to Request No. 2 in which the Debtor asserts he or the Debtor's Estate no longer holds such an interest, all Documents relating to the disposition of that Asset, including but not limited to, when the Debtor relinquished his interest, to whom, for what value, and if the Debtor has had any use of or other interaction with the Asset since the moment he asserts he or the Debtor's Estate no longer retained an interest.

4.    All Documents regarding the Associated Entities, including but not limited to their corporate structure, Assets, incorporation information, officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

5.    All Documents regarding the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.; and any financial interest that the Debtor or the Debtor's estate possesses in any Associated Entity.

6.    All Documents related to the purported Declaration of Trust and Agreement, dated February 17, 2015, entered into by the Debtor, as Trustee, Genever Holdings Corporation, and Genever Holdings LLC, in favor of Bravo Luck Limited, as beneficiary.

7.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

13

8.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases, payments, and other transactions related thereto.

9.     All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

10.     All Communications between You and, either, the Debtor's Family, or any Associated Individual, agent, employee, or individual acting on Your behalf, related to any business transaction relating to the Debtor, the Debtor's Estate, the Debtor's Family or the Associated Entities.

11.     All communications with counsel for the Debtor's Family or the Associated Entities.

12.     All communications with Qu Guo Jiao regarding any Assets, liabilities, financial interests, economic health, financial statements of the Debtor, the Debtor's Family, or any Associated Entity.

13.     All communications with Daniel Podhaskie regarding any Assets, liabilities, financial interests, economic health, financial statements of the Debtor, the Debtor's Family, or any Associated Entity.

14.     All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, the Associated Entities, or the Associated Individuals, including but not limited to, the amounts of such gifts, benefits, or loans, the

purposes for which such gifts, benefits, or loans were used, when the gifts, benefits, or loans were provided, the terms of repayment for any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

15.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or Associated Entities, including but not limited to Documents showing when the trust(s) was created, by whom it was created, to whose benefit it was created, and the corpus of the trust.

16.     Tax returns for the Debtor, each Individual member of the Debtor's Family, and any Associated Entity from the years 2014 to the present.

17.     All Documents related to any sale, acquisition, disposition, purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, or any Associated Entity.

18.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity, and those related to the action before the High Court of Justice of England and Wales, Queen's Bench Division Commercial Court, styled *Kwok Ho Wan & Ors v UBS*, Cl-2020-000345, including those related to the basis for Your claim in such action.

19.     All Documents related to that certain U.S. Securities and Exchange Commission *Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order,* Release No. 10979/September

13, 2021, entered in Administrative Proceeding File No. 3-20537, *In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc.,* including but not limited to those regarding the sources of funds for all payments to legal counsel to the respondent-Associated Entities subject to that administrative proceeding, the sources of funds for all payments of fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to such order, and those regarding the manner of payment used by respondent-Associated Entities to satisfy the obligations of such order.

20.     All Documents regarding the place, property, or location the Debtor resides in or inhabits, including but not limited to the location of such place or property; when and how often the Debtor is there; who owns or controls the place or property; who funds any expenses or payments related to the place or property; any terms relating to the Debtor's use of the property; and anyone else who is authorized to use the property.

21.     All Documents regarding the Debtor's use of any Assets belonging to, controlled by, or whose complete or partial ownership is held by the Debtor's Family, an Associated Individual, or an Associated Entity.

22.     All Documents regarding any Entity that the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity holds any interest or investment in, including but not limited to the nature and value of that interest or investment; any proceeds or benefits from the entity that the Debtor, the Debtor's Estate, or the Associated Entity receives; and all Documents relating to any financial reporting or data relating to such Entity, including but not limited to all books and records, financial statement or tax Documents.

16

23.     All Documents regarding any investment or business dealing made by, with, or on
behalf of the Debtor or the Debtor's Family, on the one hand, and any Associated Entity, on the
other hand.

24.     All Documents regarding the "billions" of "funds and property, including real
estate in Hong Kong" which were frozen in 2019 by the High Court of the Hong Kong Special
Administrative Region, Court of First Instance. (*See* ECF N0. 107 at ¶17).

25.     All Documents regarding each of the Assets the Debtor claimed to own during a
2017 interview with Vice News, including but not limited to, the "two private jets," the "most
advanced yachts," and the "hundreds of race cars." (*See* Vice News Interview at   6:38-7:07
(Nov. 15 2017) (when asked whether he had any regrets over how he has fought his campaign
against China, the Debtor said, "I have absolutely no regrets for what I have done over the past
nine months. I have the wealthy life that everyone in the world dreams about. I have the biggest
house in Hong Kong, thousands of square meters. I have the most luxurious apartment in
London. I have the biggest place in Beijing. I have more than 10 properties in Pangu. I have two
private jets. I have the most advanced yachts. I have hundreds of race cars. I have an apartment
like this in New York. I don't have any material needs anymore.")).[14]

26.     All Documents related to any income, revenue, Assets or advertisement revenue
generated from the YouTube channel(s) possessed or controlled by the Debtor, the Debtor's
Estate, Debtor's Family, or an Associated Entity.

27.     Documents sufficient to show the identity, name, length of employment, and
salary for each and every employee of the Associated Entities.

---

[14] This quote was spoken by Debtor in Chinese and translated into English by Vice News.

28.     All Documents related to any aircraft owned, controlled, or used by You, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

29.     All passports or similar Documents authorizing cross-border travel issued by any sovereign state, nation, city-state, or autonomous region to You, including but not limited to any expired or unused Documents, and all pages of such passports or similar Documents.

30.     All Documents related to any pledges of Assets of any Associated Entity, including Bravo Luck Limited, to any other Entity.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                  :

In re:                            :    Chapter 11
                                    :

HO WAN KWOK,          :    Case No. 22-50073 (JAM)
                                    :

          Debtor.        :    Re: ECF No. 636
                                    :
---------------------------------------------------------x

**ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S APPLICATION FOR**
**RULE 2004 EXAMINATION OF HO WAN KWOK**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of Ho Wan Kwok ("Debtor") (the "Application", ECF No. 636), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held on August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign a Subpoena, in a form substantially similar to the Subpoena attached to the Rule 2004 Motion as Exhibit B, and to serve the Subpoena along with a copy of this Order in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Debtor.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Debtor is hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent the Debtor does not produce any documents requested in the Subpoena on the basis of some privilege, the Debtor is hereby directed to produce the Trustee with a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Debtor is hereby directed to ensure that that all documents and other information, including without limitation in any electronic format, requested in the Subpoena or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, are not destroyed.

ORDERED: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of the Debtor by examination under Bankruptcy Rule 2004 at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the Debtor in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                             :

In re:                          :     Chapter 11
                                             :

HO WAN KWOK,             :     Case No. 22-50073 (JAM)
                                           :

          Debtor.          :     Re: ECF No. 636
                                           :
-------------------------------------------------------x

**ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S APPLICATION FOR**
**RULE 2004 EXAMINATION OF HO WAN KWOK**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of Ho Wan Kwok ("Debtor") (the "Application", ECF No. 636), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held on August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign a Subpoena, in a form substantially similar to the Subpoena attached to the Rule 2004 Motion as Exhibit B, and to serve the Subpoena along with a copy of this Order in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Debtor.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Debtor is hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent the Debtor does not produce any documents requested in the Subpoena on the basis of some privilege, the Debtor is hereby directed to produce the Trustee with a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Debtor is hereby directed to ensure that that all documents and other information, including without limitation in any electronic format, requested in the Subpoena or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, are not destroyed.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of the Debtor by examination under Bankruptcy Rule 2004 at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the Debtor in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

**<u>Exhibit B – 2</u>**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _Connecticut_

In re _Ho Wan Kwok_

Debtor

Case No. _22-50073_

Chapter _11_

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _Mei Guo_

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **September 16, 2022, 10 A.M.**<br>**(see attached Bankruptcy Court Order)** |

The examination will be recorded by this method: _court reporter/stenographer_

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _August 17, 2022_

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Luc Despins, Ch. 11 Trustee_ , who issues or requests this subpoena, are:

Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Requests for Production of Documents**

## I.    INSTRUCTIONS

1.      Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

    a.   Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.   Image Load File

        a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                    format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.   The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.   The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.   "<u>You</u>" or "<u>Your</u>" or "<u>Yourself</u>" means and refers to Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.   "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.   "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4. "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5. "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6. "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7. "<u>Associated Individuals</u>" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8

8.      "<u>Associated Entities</u>" means, individually and collectively, all organizations or

Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the

Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned,

controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective

employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such

Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA

Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited,

AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital

Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited,

Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd.,

Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited,

BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane

Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited,

Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire

Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever

Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc.,

Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd.,

Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head

Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal

Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA)

Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited,

Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine

Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.     "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains,

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

### IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.      All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures

or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10.     All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

12.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor.

14.    Documents sufficient to show all of Your Assets and sources of income or funding.

15.    For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.    Copies of Your tax returns.

17.    Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.    All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.    All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.    All Documents related to any Associated Entity that You hold or have held an interest in.

21.    All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any legal entity, including without limitation the Associated Entities.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK,                            :    Case No. 22-50073 (JAM)
                                        :
            Debtor.                     :    RE: ECF No. 638
                                        :
-------------------------------------------------------x
```

## ORDER
## GRANTING CHAPTER 11 TRUSTEE'S APPLICATION
## FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND
## INDIVIDUALS AFFILIATED WITH DEBTOR

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto (the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas, including any Document Requests or Notices of Deposition, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Entities and Individuals listed on Exhibit B to the Application. Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to seek substantially similar discovery from Related Entities and Individuals outside of the United States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

     **ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

     **ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

     Dated at Bridgeport, Connecticut this 16th day of August, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

**Exhibit B-3**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Connecticut

In re Ho Wan Kwok
                    Debtor

Case No. 22-50073

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: HK International Funds Investments (USA) Limited, LLC
*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **September 16, 2022, 10 A.M.**<br>**(see attached Bankruptcy Court Order)** |

The examination will be recorded by this method: court reporter/stenographer

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 17, 2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*
Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Luc Despins, Ch. 11 Trustee        , who issues or requests this subpoena, are:

Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Requests for Production of Documents

## I.   INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b.  Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                                                                   format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c.  <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d.  <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e.  <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f.  <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.     If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.     If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.     If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to HK International Funds Investments (USA) Limited LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias),
together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue
Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or
anyone acting on her behalf.

6.    "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the
Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the
Debtor.

7.    "Associated Individuals" means, individually and collectively, all individuals that
(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the
Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated
with one or more Associated Entities, together with the respective employees, agents, counsel,
advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall
include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello,
Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo
Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie
(a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao
Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li
(a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping
Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明
), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8.      "<u>Associated Entities</u>" means, individually and collectively, all organizations or

Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the

Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned,

controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective

employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such

Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA

Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited,

AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital

Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited,

Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd.,

Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited,

BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane

Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited,

Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire

Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever

Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc.,

Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd.,

Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head

Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal

Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA)

Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited,

Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine

Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

9

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "Any" and "all" and "each" mean "each and every."

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains,

11

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.    DOCUMENTS TO BE PRODUCED**

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.      All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures

or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

12.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

13.      All Documents and communications between any of your outside counsel or other advisors and the Debtor.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledges of Your Assets to any other Entity.

21.     All Documents related to Transfers you made in January 2015 to Bravo Luck Limited in the approximate amount of $520 million.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                        _____
                                                                        *Server's signature*

                                                        _____
                                                                        *Printed name and title*


                                                        _____
                                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                       :
In re:                                                 :       Chapter 11
                                                       :
HO WAN KWOK,                                           :       Case No. 22-50073 (JAM)
                                                       :
            Debtor.                                    :       RE: ECF No. 638
                                                       :
------------------------------------------------------x

**ORDER**
**GRANTING CHAPTER 11 TRUSTEE'S APPLICATION**
**FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND**
**INDIVIDUALS AFFILIATED WITH DEBTOR**

　　　Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto (the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

　　　**ORDERED**: The Rule 2004 Motion is granted as set forth below.

　　　**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas, including any Document Requests or Notices of Deposition, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Entities and Individuals listed on Exhibit B to the Application.  Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to seek substantially similar discovery from Related Entities and Individuals outside of the United States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

     **ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

     **ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

     Dated at Bridgeport, Connecticut this 16th day of August, 2022.

*Julie A. Manning*
*United States Bankruptcy Judge*
*District of Connecticut*

**<u>Exhibit B-4</u>**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Connecticut

In re  Ho Wan Kwok

Debtor

Case No.  22-50073

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Hing Chi Ngok a/k/a Hing Chi Ng a/k/a Yue Qingzhi

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP 200 Park Avenue New York, New York 10166 | **September 19, 2022, 10 A.M. (see attached Bankruptcy Court Order)** |

The examination will be recorded by this method:  court reporter/stenographer

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 19 , 2022

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*
Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)*  Luc Despins, Ch. 11 Trustee , who issues or requests this subpoena, are:

Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510 plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the
FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-
reference file (.LOG or .OPT) links the images to the database records. It
should be a comma-delimited file consisting of seven fields per line with a
line in the cross-reference file for every image in the database with the
following                                                            format:
ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box
Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within
the .DAT file.  The full path to the text file (OCRPATH) should be included in the
.DAT file. It is recommended document level ANSI text files, named per the
FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and
the number of text files per folder should not exceed 1,000 files. There should be
no special characters (including commas in the folder names). Text files must be
provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require
viewing in their native format for a full understanding of their content and meaning
must be produced in native format.  These include, but are not limited to,
spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab
separated values, etc.), Microsoft PowerPoint or other special presentation files,
database files, and audio/visual files.  Provide an image of a Bates numbered slip
sheet indicating the presence of a native file, and include the path to the native as a
field in the .dat file.  Name the produced native file with the Bates number
corresponding to the slip sheet for the file.  Group native files within incrementally
named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact
duplicates exist. For email messages, consolidate duplicates based on MD5 hash
generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties.
For email attachments and standalone electronic files, consolidate duplicates based
on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a
Concordance compliant load file (.dat). The first line of the .DAT file must be a
header row identifying the field names. The .DAT file must use the following
Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII
character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields
must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.      "You" or "Your" or "Yourself" means and refers to Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.     "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "<u>Associated Individuals</u>" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8.    "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.     "<u>Including</u>" or any variant thereof means "including without limitation."

10.     "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains,

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

### IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.      All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures

or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

12.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

13.      All Documents and communications between any of your outside counsel or other advisors and the Debtor.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any Associated Entity that You hold or have held an interest in.

21.     All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any legal entity, including without limitation the Family Related Entities and the Associated Entities.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
HO WAN KWOK,                                :   Case No. 22-50073 (JAM)
                                            :
              Debtor.                       :   RE: ECF No. 638
                                            :
-------------------------------------------------------x
```

## ORDER
## GRANTING CHAPTER 11 TRUSTEE'S APPLICATION
## FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND
## INDIVIDUALS AFFILIATED WITH DEBTOR

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto (the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas, including any Document Requests or Notices of Deposition, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Entities and Individuals listed on Exhibit B to the Application. Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to seek substantially similar discovery from Related Entities and Individuals outside of the United States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

**Exhibit B-5**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Connecticut

In re  Ho Wan Kwok

Debtor

Case No.  22-50073

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Greenwich Land  LLC

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP 200 Park Avenue New York, New York 10166 | **September 19, 2022, 10 A.M. (see attached Bankruptcy Court Order)** |

The examination will be recorded by this method:  court reporter/stenographer

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 19 , 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Luc Despins, Ch. 11 Trustee         ,  who issues or requests this subpoena, are:

 Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
 plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## <u>Requests for Production of Documents</u>

## I.    <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    <u>Image Load File</u>

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

5

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to Greenwich Land LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.     "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.     "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.     "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

9

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks,

drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers,

notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional

materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-

cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other

kind, and all meta-data thereof, however stored (whether in tangible or electronic form),

recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the

original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership,

association, or any other Entity. "Person" also includes any agent, representatives, or expert,

including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole

proprietorship, firm, board, joint venture, association, agency, authority, commission or other

business entity or juristic Person, as well as any affiliate, agent, parent including but not limited

to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to,

supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection

with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to,

connected with, commenting on, in respect of, about, in relation to, discussing, showing,

describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject

matter, means, without limitation, any document that constitutes, comprises, involves, contains,

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.      "<u>Communication(s)</u>" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.      "<u>Asset(s)</u>" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.      "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    <u>DOCUMENTS TO BE PRODUCED</u>

1.      All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.      All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.      All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures

13

or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

12.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

13.      All Documents and communications between any of your outside counsel or other advisors and the Debtor.

14

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any Transfer received by You from Saraca Media Group, Inc., in or about February 2020 in the approximate amount of $2 million.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                  :

In re:                       :     Chapter 11

                                :

HO WAN KWOK,        :     Case No. 22-50073 (JAM)

                                :

        Debtor.         :     RE: ECF No. 638

                                :
------------------------------------------------------x

**ORDER**
**GRANTING CHAPTER 11 TRUSTEE'S APPLICATION**
**FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND**
**INDIVIDUALS AFFILIATED WITH DEBTOR**

       Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto (the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

       **ORDERED**: The Rule 2004 Motion is granted as set forth below.

       **ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas, including any Document Requests or Notices of Deposition, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Entities and Individuals listed on Exhibit B to the Application. Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to seek substantially similar discovery from Related Entities and Individuals outside of the United States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

**Exhibit B-6**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _Connecticut_

In re _Ho Wan Kwok_

 Debtor

Case No. _22-50073_

Chapter _11_

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _Lamp Capital LLC_

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **September 19, 2022, 10 A.M.**<br>**(see attached Bankruptcy Court Order)** |

The examination will be recorded by this method:  _court reporter/stenographer_

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _August 19_, 2022

CLERK OF COURT

 OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Luc Despins, Ch. 11 Trustee_ , who issues or requests this subpoena, are:

Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
plinsey@npmlaw.com; 203-821-2000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

<u>**Requests for Production of Documents**</u>

## I.    <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    <u>Image Load File</u>

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided<br>Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3. Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5. Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

5

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to Lamp Capital LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明 ), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8

8.      "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

9

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.　　"Including" or any variant thereof means "including without limitation."

10.　　"And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.　　"Any" and "all" and "each" mean "each and every."

12.　　"Each" and "every" mean "each and every."

13.　　"Third Party" means a Person or Entity other than Yourself.

14.　　"Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.　　"Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains,

11

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.        All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.        All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.        All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.        All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.        All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

8.        All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures

13

or any similar commodity, including without limitation Communications with Jiang Yunfu Be
regarding any such investments or trading.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor,
including without limitation the aircraft bearing tail number T7-GQM and any other aircraft
registered in San Marino, including without limitation copies of all registration documents and
flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the
Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without
limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the
purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans
were provided; and the terms of any loans, all representations and warranties made in connection
with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11.      All Documents concerning any trust or similar instrument set up by, on behalf of,
or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated
Entity, including without limitation Documents sufficient to show when the trust(s) was created,
by whom it was created, for whose benefit it was created, and the corpus of the trust.

12.      All Documents related to any obligation, claim, liability, or debt associated with
any legal dispute involving the Debtor, including but not limited to those relating to any litigation
before any local, state, federal, or international body, whether an administrative body, court, panel,
or alternative dispute resolution entity.

13.      All Documents and communications between any of your outside counsel or other
advisors and the Debtor.

14

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to Your funding of the Debtor's $1 million retainer with Brown Rudnick LLP, including but not limited to the manner of such payment, the source of the funds, and all Communications between You, on the one hand, and Brown Rudnick LLP on the other hand.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                    _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                   :

In re:                       :      Chapter 11
                              :

HO WAN KWOK,        :      Case No. 22-50073 (JAM)
                              :

      Debtor.        :      RE: ECF No. 638
                              :
--------------------------------------------------------x

**ORDER**
**GRANTING CHAPTER 11 TRUSTEE'S APPLICATION**
**FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND**
**INDIVIDUALS AFFILIATED WITH DEBTOR**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto (the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas, including any Document Requests or Notices of Deposition, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Entities and Individuals listed on Exhibit B to the Application. Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to seek substantially similar discovery from Related Entities and Individuals outside of the United States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

## **Exhibit B-7**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _Connecticut_____

In re  Ho Wan Kwok_____          Case No. _22-50073_____

                Debtor

                                     Chapter _11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Golden Spring (New York) Ltd._____

                        *(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **September 16, 2022, 10 A.M.**<br>**(see attached Bankruptcy Court Order)** |

The examination will be recorded by this method:  _court reporter/stenographer_____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 17, 2022_____

                    CLERK OF COURT

                                       OR

      _____                    _____
      *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                         Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Luc Despins, Ch. 11 Trustee_____  , who issues or requests this subpoena, are:

 Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
 plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

<u>**Requests for Production of Documents**</u>

**I.    INSTRUCTIONS**

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    <u>Image Load File</u>

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u>  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.  RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.  DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.      "You" or "Your" or "Yourself" means and refers to Golden Spring (New York) Ltd., together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8

8.    "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New

Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "Any" and "all" and "each" mean "each and every."

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

10

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks,
drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers,
notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional
materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-
cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other
kind, and all meta-data thereof, however stored (whether in tangible or electronic form),
recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any
of the foregoing that contain any notes, comments, or markings of any kind not found on the
original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership,
association, or any other Entity. "Person" also includes any agent, representatives, or expert,
including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole
proprietorship, firm, board, joint venture, association, agency, authority, commission or other
business entity or juristic Person, as well as any affiliate, agent, parent including but not limited
to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to,
supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection
with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to,
connected with, commenting on, in respect of, about, in relation to, discussing, showing,
describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject
matter, means, without limitation, any document that constitutes, comprises, involves, contains,

11

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.        All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.        All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.        All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.        All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.        All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

8.         All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures

or any similar commodity, including without limitation Communications with Jiang Yunfu Be
regarding any such investments or trading.

9. All Documents related to any aircraft owned, controlled, or used by the Debtor,
including without limitation the aircraft bearing tail number T7-GQM and any other aircraft
registered in San Marino, including without limitation copies of all registration documents and
flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10. All Documents regarding any gifts, benefits or loans, to, from or on behalf of the
Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without
limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the
purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans
were provided; and the terms of any loans, all representations and warranties made in connection
with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11. All Documents concerning any trust or similar instrument set up by, on behalf of,
or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated
Entity, including without limitation Documents sufficient to show when the trust(s) was created,
by whom it was created, for whose benefit it was created, and the corpus of the trust.

12. All Documents related to any obligation, claim, liability, or debt associated with
any legal dispute involving the Debtor, including but not limited to those relating to any litigation
before any local, state, federal, or international body, whether an administrative body, court, panel,
or alternative dispute resolution entity.

13. All Documents and communications between any of your outside counsel or other
advisors and the Debtor.

14

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any funding you have provided to the Debtor and any agreement or arrangements concerning such funding, including without limitation its repayment.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                    :

In re:                          :      Chapter 11
                                      :

HO WAN KWOK,            :      Case No. 22-50073 (JAM)
                                      :

            Debtor.          :      RE: ECF No. 638
                                      :
------------------------------------------------------x

**ORDER**
**GRANTING CHAPTER 11 TRUSTEE'S APPLICATION**
**FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND**
**INDIVIDUALS AFFILIATED WITH DEBTOR**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto (the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas, including any Document Requests or Notices of Deposition, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Entities and Individuals listed on Exhibit B to the Application. Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to seek substantially similar discovery from Related Entities and Individuals outside of the United States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

_Julie A. Manning_
United States Bankruptcy Judge
District of Connecticut

**Exhibit C-1**

| | |
|---|---|
| **From:** | Patrick Linsey <plinsey@npmlaw.com> |
| **Sent:** | Friday, August 19, 2022 1:54 PM |
| **To:** | 'James Moriarty' |
| **Cc:** | Stephen Kindseth; Eric Henzy; Aaron A. Romney; Bassett, Nicholas; Luft, Avi E.; Sutton, Ezra |
| **Subject:** | [EXT] RE: In re Kwok (Bankr. D. Conn. case. no. 22-50073) -- 2004 exam subpoena to HK Int'l Funds Investments (USA) Ltd., LLC |
| **Attachments:** | 2004 Subpoena Mei Guo 08.17.2022.pdf; 2004 Subpoena Debtor 08.17.2022.pdf; 2004 Subpoena HK International Funds Investments (USA) Limited 08.17.2022.pdf |

Jim --

Please find attached the ch. 11 trustee's subpoenas to the debtor, Mei Guo, and HK International Funds Investments (USA) Limited, LLC. We appreciate the courtesy. Have a good weekend.

Best,

Pat Linsey

-----Original Message-----
From: James Moriarty <jmoriarty@zeislaw.com>
Sent: Friday, August 19, 2022 9:24 AM
To: Patrick Linsey <plinsey@npmlaw.com>
Cc: Stephen Kindseth <SKindseth@zeislaw.com>; Eric Henzy <ehenzy@zeislaw.com>; Aaron A. Romney <aromney@zeislaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>
Subject: RE: In re Kwok (Bankr. D. Conn. case. no. 22-50073) -- 2004 exam subpoena to HK Int'l Funds Investments (USA) Ltd., LLC

Caution: External Email. Verify you know the sender before clicking a Link.


Good morning Pat. Zeisler & Zeisler is authorized to accept service of Rule 2004 subpoenas on behalf of Mr. Kwok, Ms. Guo and HK and will accept service via email. Per your emails, Z&Z is accepting service on behalf of each of Mr. Kwok, Ms. Guo and HK with a full reservation of rights apart from sufficiency of service.

Jim

-----Original Message-----
From: Patrick Linsey <plinsey@npmlaw.com>
Sent: Thursday, August 18, 2022 7:30 PM
To: James Moriarty <jmoriarty@zeislaw.com>
Cc: Stephen Kindseth <SKindseth@zeislaw.com>; Eric Henzy <ehenzy@zeislaw.com>; Aaron A. Romney <aromney@zeislaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>
Subject: Re: In re Kwok (Bankr. D. Conn. case. no. 22-50073) -- 2004 exam subpoena to HK Int'l Funds Investments (USA) Ltd., LLC

Checking in about this.

> On Aug 17, 2022, at 8:49 PM, James Moriarty <jmoriarty@zeislaw.com> wrote:
>
> Caution: External Email. Verify you know the sender before clicking a Link.
>
>
> Pat:
>
> We will get back to you on all of the requests to accept service tomorrow. Enjoy your evening.
>
> Sent from my iPhone
>
> On Aug 17, 2022, at 7:39 PM, Patrick Linsey <plinsey@npmlaw.com> wrote:
>
>
> Gentlemen:
>
> Please advise whether you will accept service of the Chapter 11 Trustee's 2004 exam subpoena to HK International Funds Investment (USA) Limited, LLC via email, with a reservation of rights apart from sufficiency of service. Thanks much.
>
> Best,
>
> Pat Linsey
>
>
> Patrick R. Linsey
> Direct: 203.781.2847 |  plinsey@npmlaw.com<mailto:plinsey@npmlaw.com>
>
> NEUBERT, PEPE & MONTEITH, P.C.
> 195 Church Street, 13th Floor, New Haven, CT 06510 New Haven |
> Hartford |  Fairfield |  White Plains |
> https://nam04.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.n
> pmlaw.com%2F&amp;data=05%7C01%7Cplinsey%40npmlaw.com%7C73cb26b271c540f
> a03bd08da81e603cd%7Cd5b0b0c37b004d8899e9606fc842bc7f%7C0%7C0%7C6379651
> 22171921213%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMz
> IiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=GQtNwVq%2Bj
> UWYE3iG1u07anxCmyJvu%2B6jroZ4pcSw0tw%3D&amp;reserved=0<https://nam04.s
> afelinks.protection.outlook.com/?url=https%3A%2F%2Flinkprotect.cudasvc
> .com%2Furl%3Fa%3Dhttp%253a%252f%252fwww.npmlaw.com%252f%26c%3DE%2C1%2C
> uwKna18gDUKKUrYQF4xPTh04VToWyvoNzb9qPjd61HJutXLcrvTAzEaJRXc31BYhKNRmEk
> F7s3bvz-e6udIAb3i92A4FQyQj4nQwcRNuZPeYAvA%2C%26typo%3D1&amp;data=05%7C
> 01%7Cplinsey%40npmlaw.com%7C73cb26b271c540fa03bd08da81e603cd%7Cd5b0b0c
> 37b004d8899e9606fc842bc7f%7C0%7C0%7C637965122171921213%7CUnknown%7CTWF
> pbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6M
> n0%3D%7C3000%7C%7C%7C&amp;sdata=6OAW6Lpc6Yxf4msDDq6gt9b9Tf6R7kGsI8X0y9
> g%2FmkU%3D&amp;reserved=0

**Exhibit C-2**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
----------------------------------------------------------X

Case No. 22-50073

In re:
HO WAN KWOK

AFFIDAVIT OF SERVICE

Debtor.
----------------------------------------------------------X
STATE OF CONNECTICUT)
                              S.S.:
COUNTY OF HARTFORD   )

ETHAN YADE, being duly sworn, deposes and says that he is over the age of eighteen years, is

an agent of METRO ATTORNEY SERVICE INC., and is not a party to this action.

That on the 23rd day of August, 2022, at approximately 3:18 PM, deponent served a true copy of

the SUBPOENA FOR RULE 2004 EXAMINATION upon Hing Chi Ngok a/k/a Hing Chi Ng a/k/a Yue

Qingzhi at 373 Taconic Road, Greenwich, Connecticut, by personally delivering and leaving the same with

Olena Gaurysh, Co-Tenant, who informed deponent that she is an agent authorized by appointment to receive

service at that address.

Olena Gaurysh is a white female, approximately 36 years of age, stands approximately 5 feet 6

inches tall, weighs approximately 150 pounds with blonde hair.

ETHAN YADE

Sworn to before me this
24th day of August, 2022

NOTARY PUBLIC

AMY J. CHANTRY
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/23

**Exhibit C-3**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------X

Case No. 22-50073

In re:
HO WAN KWOK                                    AFFIDAVIT OF SERVICE

          Debtor.
-------------------------------------------------------X
STATE OF DELAWARE      )
                       S.S.:
COUNTY OF NEW CASTLE)

          GILBERT DEL VALLE, being duly sworn, deposes and says that he is over the age of eighteen

years, is an agent of METRO ATTORNEY SERVICE INC., and is not a party to this action.

          That on the 22nd day of August, 2022, at approximately 12:45 PM, deponent served a true copy of

the SUBPOENA FOR RULE 2004 EXAMINATION upon Greenwich Land, LLC c/o Corporate Creations

Network Inc. at 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, Delaware, by personally

delivering and leaving the same with Curt Sweltz, who informed deponent that he is an agent authorized by

appointment to receive service at that address.

          Curt Sweltz is a white male, approximately 60 years of age, stands approximately 5 feet 9 inches

tall, weighs approximately 160 pounds with gray hair.

_____
GILBERT DEL VALLE

Sworn to before me this
22nd day of August, 2022

_____
NOTARY PUBLIC

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires on July 26, 2026

**Exhibit C-4**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------X

Case No. 22-50073

In re:
HO WAN KWOK

AFFIDAVIT OF SERVICE

       Debtor.
--------------------------------------------------------X
STATE OF DELAWARE   )
                    S.S.:
COUNTY OF NEW CASTLE)

       DENORRIS BRITT, being duly sworn, deposes and says that he is over the age of eighteen years, is an agent of METRO ATTORNEY SERVICE INC., and is not a party to this action.

       That on the 23rd day of August, 2022, at approximately 12:42 PM, deponent served a true copy of the SUBPOENA FOR RULE 2004 EXAMINATION upon Lamp Capital LLC c/o Corporate Creations Network Inc. at 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, Delaware, by personally delivering and leaving the same with Curt Sweltz, who informed deponent that he is an agent authorized by appointment to receive service at that address.

       Curt Sweltz is a white male, approximately 60 years of age, stands approximately 5 feet 9 inches tall, weighs approximately 160 pounds with gray hair.


_____
DENORRIS BRITT

Sworn to before me this
23rd day of August, 2022


_____
NOTARY PUBLIC

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires on July 26, 2026

**Exhibit C-5**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------X

Case No. 22-50073

In re:
HO WAN KWOK                                    AFFIDAVIT OF SERVICE

     Debtor.
-------------------------------------------------------X
STATE OF NEW YORK   )
                  S.S.:
COUNTY OF NEW YORK)

       DOMINIC DELLAPORTE, being duly sworn, deposes and says that he is over the age of

eighteen years, is employed by the attorney service, METRO ATTORNEY SERVICE INC., and is not a

party to this action.

       That on the 22nd day of August, 2022, at approximately 11:42 AM, deponent served a true

copy of the SUBPOENA FOR RULE 2004 EXAMINATION upon Golden Spring (New York) ltd c/o

CT Corporation System at 28 Liberty Street, New York, New York, by personally delivering and

leaving the same with Mohamed Dansoko, Process Specialist, who informed deponent that he is an

agent authorized by appointment to receive service at that address.

       Mohamed Dansoko is a black male, approximately 33 years of age, stands approximately 6

feet 1 inches tall, weighs approximately 240 pounds with black hair.

_____
DOMINIC DELLAPORTE #1320496

Sworn to before me this
24th day of August, 2022

_____
NOTARY PUBLIC

EVAN COHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02CO4998577
Qualified in Rockland County
My Commission Expires 06-29-2026

**Exhibit D-1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. | |

**THE DEBTOR'S RESPONSES AND OBJECTIONS TO**
**THE CHAPTER 11 TRUSTEE'S REQUESTS FOR THE PRODUCTION**
**OF DOCUMENTS INCLUDED WITH THE RULE 2004 EXAMINATION**
**SUBPOENA SERVED UPON THE DEBTOR ON AUGUST 19, 2022**

Pursuant to Fed. R. Civ. P. 45(d)(B), made applicable to this proceeding by Fed. R. Bankr. P. 2004 and 9016, Ho Wan Kwok (the "Debtor"), by and through is undersigned counsel, objects and responds to the Requests for Production of Documents included with the Subpoena served upon the Debtor by the Chapter 11 Trustee as follows:[1]

### I.     **OBJECTIONS TO INSTRUCTIONS**

2.     Electronically stored information must be produced in accordance with the following instructions: . . .

**OBJECTION**: The Debtor Objects to instruction numbered 2 on the grounds that it is unduly burdensome to require him to produce documents in the requested format because it would cause him to have to incur unnecessary and likely substantial expenses, including the expense of an ESI vendor to load, prepare and store documents. Thus, the Debtor will produce documents in a reasonably useable format.

5.     Each Request contained herein extends to all Documents: (a) in Your possession,

---

[1] The subpoena was served upon the Debtor via his counsel on August 19, 2022. Thus, the Debtor's Objections are served within fourteen days of the date the subpoena was served.

custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety

**OBJECTION**: The Debtor Objects to instruction numbered 5 on the grounds that it is overly broad and therefore renders each Request for Production overly broad. The Debtor will produce responsive, non-privileged documents, if any, within his custody, possession or control.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document

**OBJECTION**: The Debtor Objects to instruction numbered 6 on the grounds that it purports to place a burden on him that is not otherwise required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Rules of the United States District Court for the District of Connecticut. The Debtor will not provide the information requested in instruction numbered 6.

7.        If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

**OBJECTION:** *See* Objection to instruction numbered 6.

8.        If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

**OBJECTION**: The Debtor Objects to instruction numbered 8 on the grounds that it is unduly burdensome in that it calls for far more information than required by D. Conn. L. Civ. R. 26(e). To the extent that the Debtor withholds responsive documents on the basis of privilege he will provide a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

9.        Document Request as to which a claim of privilege or work product is not made,

responsive documents should be provided in full.

**OBJECTION**: The Debtor Objects to instruction numbered 9 on the grounds that it purports to eliminate all objections to the Requests for Production other than objections as to privilege or work product. Pursuant to the Order Granting Chapter 11 Trustee's Application for Rule 2004 Examination of Ho Wan Kwok (the "Debtor 2004 Exam Order") all objections to the Requests for Production were reserved and are asserted herein to the individual Requests.

10.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

**OBJECTION:** *See* Objection to instruction numbered 8. To the extent the Debtor redacts on the basis of privilege, the redactions will be set forth on a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

12.     If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

**OBJECTION:** The Debtor Objects to instruction numbered 12 to the extent that it purports to require him to incur the expense to review and translate documents that are in a language other than English or his native language.

13.     All references to Entities includes all affiliates thereof.

**OBJECTION:** The Debtor Objects to instruction numbered 13 to the extent that it purports to require him to undertake an investigation or analysis to ascertain the identity of all affiliates of the as defined Entities. The Debtor will not undertake such an investigation or analysis and limits

his responses to the Trustee's Requests for Production to Entities and affiliates known to him.

14.     All references to individual names include all alternative names, aliased, or nicknames.

**OBJECTION:** The Debtor Objects to instruction numbered 14 to the extent that it purports to require him to undertake an investigation or analysis to ascertain "all alternative names, aliased, or nicknames" used by individuals inquired about in the Trustee's Requests for Production. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to "alternative names, aliased, or nicknames" known to him.

15.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

**OBJECTION**: The Debtor Objects to instruction numbered 15 on the grounds that it is overly broad and unduly burdensome and makes every Request for Production into which it is incorporated overly broad and unduly burdensome inasmuch as the Trustee cannot articulate a good faith basis to require the Debtor to search for and produce documents over a more than ten year period. The Debtor will not search for documents dating back to February 5, 2012. The Debtor's counsel will meet and confer with the Trustee's counsel in order to agree upon a more reasonable and appropriate time period.

### III.     **OBJECTIONS TO DEFINITIONS**

The Debtor generally Objects to the Trustee's Definitions on the grounds that certain terms are defined multiple times in different ways, first by incorporating the definitions and rules of construction of D. Conn. L. Civ. R. 26(c) and (d), and then by individually defining some of the same terms that are defined within the Local Rules, e.g., Document and Communication. In

responding to the Requests for Production the Debtor will apply the most restrictive definition to terms that are defined in multiple ways in order to avoid undue burden.

2.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Son" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf, if anyone. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf known to him, if anyone.

3.     "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with any of her employees, agents, counsel, advisors, or anyone acting on her behalf.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Daughter" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain any aliases of the Debtor's Daughter, or any of the Debtor's Daughter's employees, agents, counsel, advisors, or anyone acting on her behalf, if anyone. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any aliases of the Debtor's Daughter, or any of the Debtor's Daughter's employees, agents, counsel, advisors, or anyone acting on her behalf known to him, if anyone.

4.     "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Purported Wife" on the grounds that the use of the qualifying word "purported" in describing the Debtor's wife is demeaning, unnecessary and intended solely to slander the Debtor. The Debtor further Objects to the definition of the term "Debtor's Purported Wife" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf known to him, if any.

5.     "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Family" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain "any other familial relation to the Debtor." The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any "familial relation to the Debtor" known to him. The Debtor further Objects to the definition of the term "Debtor's Family" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it includes any individual to whom the Debtor is related, regardless of the distance of the relationship, *e.g.*, tenth cousin.

6.     "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are

7

affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明 ), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

**OBJECTION:** The Debtor Objects to the definition of the term "Associated Individuals" on the grounds that it assumes that the persons enumerated in the definition "(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor [ ]; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities." The Debtor further Objects to the definition of the term "Defined Person" to the extent that it purports to require him to undertake an investigation or analysis to ascertain "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to "individuals that (1) hold, control, have custody over, or

8

discretion over assets owned, controlled, or enjoyed by the Debtor; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." known to him. The Debtor also Objects to the definition of the term "Associated Individual" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by . . . the Debtor's Family, regardless of whether the Debtor owns or controls such assets.

       7.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA,

Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New 10 Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

**OBJECTION:** The Debtor Objects to the definition of the term "Associated Entities" on the grounds that it assumes that the enumerated entities "(1) have been owned, controlled, or invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor [ ]." The Debtor Objects to the definition of the term "Associated Entities" to the extent that it purports to require the him to undertake an investigation or analysis to ascertain the identity of "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the

Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to "organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor [ ], together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing" known to the Debtor. The Debtor also Objects to the definition of the term "Associated Entities" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by . . . the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by . . . the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing," regardless of whether the Debtor owns or controls such entities.

## IV.     OBJECTIONS TO REQUESTS FOR PRODUCTION[2]

1.      All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it calls for him to make legal conclusions in determining whether "any income or asset" is an asset of the Debtor, part of the undefined "Debtor's estate," or an asset of an Associated Entity. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-

---

[2] The Debtor incorporates by reference into each Objection to the Requests for Production his Objections to Instructions and Objections to Definitions as and where applicable.

client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged documents related to income or Assets of the Debtor located after a reasonably diligent search will be produced.

2.      Documents sufficient to show all entities or Assets that the Debtor or the Debtor's Estate holds or has ever held a legal, economic, or beneficial interest in, or total or partial control of, at any time from January 1, 2011 through the present.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it calls for him to make legal conclusions in determining whether he or the undefined "Debtor's Estate" "holds or has ever held a legal, economic, or beneficial interest in, or total or partial control of" an Asset or entity. The Debtor further Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks the production of documents over a period of more than 11 years regardless of the status of the entity or Asset. The Debtor also Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged documents related to entities or Assets that the Debtor holds or has held a legal, economic, or beneficial interest in, or total or partial control of within a reasonably agreed upon period of time that are located after a reasonably diligent search will be produced.

3.      For any Asset identified in response to Request No. 2 in which the Debtor asserts he or the Debtor's Estate no longer holds such an interest, all Documents relating to the disposition of that Asset, including but not limited to, when the Debtor relinquished his interest, to whom, for what value, and if the Debtor has had any use of or other interaction with the Asset since the moment he asserts he or the Debtor's Estate no longer retained an interest.

**OBJECTION AND RESPONSE:** *See* Objection to Request numbered 2. Subject to and without waiving the foregoing Objections, non-privileged responsive documents within a reasonably agreed upon period of time that are located after a reasonably diligent search will be produced.

4.      All Documents regarding the Associated Entities, including but not limited to their corporate structure, Assets, incorporation information, officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it requires the Debtor to search for and produce "[a]ll Documents regarding the Associated Entities", regardless of the content or relevance of the Document. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. The Debtor also Objects to that portion of the request seeking Documents regarding the relationship of the Debtor's Family to any of the Associated Entities. Subject to and without waiving the foregoing Objections, the Debtor will produce non-privileged responsive documents, if any, concerning the Associated Entities "corporate structure, Assets, incorporation information, officers and directors, business purpose, and relationship to the Debtor" located after a reasonably diligent search.

5.      All Documents regarding the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.; and any financial interest that the Debtor or the Debtor's estate possesses in any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it requires the Debtor to search for and produce "[a]ll Documents regarding the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.; and any financial interest that the Debtor or the Debtor's estate possesses in any Associated Entity," regardless of the content or relevance of the Document and regardless of whether a responsive Document is publicly available. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, the Debtor will produce non-privileged responsive documents, if any, that are not equally available to the Trustee, such as by way of having been filed with a Court on a public docket or the land records of a town or county, located after a reasonably diligent search.

6.      All Documents related to the purported Declaration of Trust and Agreement, dated February 17, 2015, entered into by the Debtor, as Trustee, Genever Holdings Corporation, and Genever Holdings LLC, in favor of Bravo Luck Limited, as beneficiary.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it requires the Debtor to search for and produce "[a]ll Documents related to the purported Declaration of Trust and Agreement, dated February 17, 2015, entered into by the Debtor, as Trustee, Genever Holdings Corporation, and Genever Holdings LLC, in favor of Bravo Luck Limited, as beneficiary," regardless of the content or relevance of the Document and regardless of whether a responsive Document is

publicly available. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, the Debtor will produce non-privileged responsive documents, if any, that are not equally available to the Trustee, such as by way of having been filed with a Court on a public docket, located after a good faith search.

7.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets of non-debtors which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

8.      All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases, payments, and other transactions related thereto.

**OBJECTION AND RESPONSE:** Non-privileged responsive documents of the Debtor located

after a good faith search, if any, will be produced.

9.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about investments or trading in crude oil futures or any similar commodity assets of non-debtors, *i.e.,* the Debtor's Family, or an Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

10.     All Communications between You and, either, the Debtor's Family, or any Associated Individual, agent, employee, or individual acting on Your behalf, related to any business transaction relating to the Debtor, the Debtor's Estate, the Debtor's Family or the Associated Entities.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about business transactions of non-debtors, *i.e.,* the Debtor's Family, or an Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing

Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

11.    All communications with counsel for the Debtor's Family or the Associated Entities.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll communications with counsel for the Debtor's Family or the Associated Entities" regardless of the content or relevance of the Document or communication. The Debtor further Objects to this Request for Production on the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. The Debtor will neither search for nor produce documents responsive to this Request as propounded.

12.    All communications with Qu Guo Jiao regarding any Assets, liabilities, financial interests, economic health, financial statements of the Debtor, the Debtor's Family, or any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

13.     All communications with Daniel Podhaskie regarding any Assets, liabilities, financial interests, economic health, financial statements of the Debtor, the Debtor's Family, or any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

14.     All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, the Associated Entities, or the Associated Individuals, including but not limited to, the amounts of such gifts, benefits, or loans, the purposes for which such gifts, benefits, or loans were used, when the gifts, benefits, or loans were provided, the terms of repayment for any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks documents and information about "gifts, benefits, or loans" made, given or received by non-debtors which documents and information will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure

by the attorney-client privilege and the attorney work product doctrine. Subject to and without

waiving the foregoing Objections, non-privileged responsive documents regarding transactions

to or from the Debtor that are otherwise responsive and located after a good faith search, if any,

will be produced.

15.    All Documents concerning any trust or similar instrument set up by, on behalf of,

or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or Associated Entities,

including but not limited to Documents showing when the trust(s) was created, by whom it was

created, to whose benefit it was created, and the corpus of the trust.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad, unduly burdensome and seeks information about "trusts or similar

instruments" set up by non-debtors for the benefit of non-debtors which documents will not be

produced. The Debtor further Objects to this Request for Production to the extent that it calls for

the production of documents and information protected from disclosure by the attorney-client

privilege and the attorney work product doctrine. Subject to and without waiving the foregoing

Objections, non-privileged responsive documents regarding "any trust or similar instrument set

up by, on behalf of, or for the benefit of the Debtor" located after a good faith search, if any, will

be produced.

16.    Tax returns for the Debtor, each Individual member of the Debtor's Family, and

any Associated Entity from the years 2014 to the present.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it purports to require the Debtor to produce personal tax returns of non-debtors,

which will not be produced. The Debtor further Objects to this Request for Production to the

extent that it calls for the production of documents and information protected from disclosure by

the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, tax returns for the Debtor located after a good faith search, if any, will be produced.

17.    All Documents related to any sale, acquisition, disposition, purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, or any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

18.    All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity, and those related to the action before the High Court of Justice of England and Wales, Queen's Bench Division Commercial Court, styled *Kwok Ho Wan & Ors v UBS*, Cl-2020-000345, including those related to the basis for Your claim in such action.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll Documents related

to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity" regardless of the content or relevance of the document, and regardless of whether a document is publicly available on a court or entity docket. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Based on the breadth of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that responsive documents can be searched for, and to the extent located, produced.

19.    All Documents related to that certain U.S. Securities and Exchange Commission Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order, Release No. 10979/September 16 13, 2021, entered in Administrative Proceeding File No. 3-20537, In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc., including but not limited to those regarding the sources of funds for all payments to legal counsel to the respondent☐Associated Entities subject to that administrative proceeding, the sources of funds for all payments of fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to such order, and those regarding the manner of payment used by respondent-Associated Entities to satisfy the obligations of such order.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll Documents related to that certain U.S. Securities and Exchange Commission Order Instituting Cease-and-Desist Proceedings . . ." regardless of the content or relevance of the document, and regardless of whether a document is publicly available on a court docket. The Debtor also Objects to this Request for Production on the grounds that it seeks financial information and sources of payments to and from non-debtors that do not concern the Debtor. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Based on the breadth of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that responsive documents can be searched for, and to the extent located, produced.

20.     All Documents regarding the place, property, or location the Debtor resides in or inhabits, including but not limited to the location of such place or property; when and how often the Debtor is there; who owns or controls the place or property; who funds any expenses or payments related to the place or property; any terms relating to the Debtor's use of the property; and anyone else who is authorized to use the property.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll Documents regarding the place, property, or location the Debtor resides in or inhabits, . . ." regardless of the content or relevance of the document, and regardless of whether a document is publicly available. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client

privilege and the attorney work product doctrine. Based on the breadth of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that responsive documents can be searched for, and to the extent located, produced.

21. All Documents regarding the Debtor's use of any Assets belonging to, controlled by, or whose complete or partial ownership is held by the Debtor's Family, an Associated Individual, or an Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it seeks information that is not relevant to the Debtor's assets inasmuch as the Request is premised upon ownership of an Asset by someone other than the Debtor. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Because this Request seeks Documents that are not relevant to the Trustee's investigation of the Debtor's Assets, the Debtor will neither search for nor produce documents responsive to this Request.

22. All Documents regarding any Entity that the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity holds any interest or investment in, including but not limited to the nature and value of that interest or investment; any proceeds or benefits from the entity that the Debtor, the Debtor's Estate, or the Associated Entity receives; and all Documents relating to any financial reporting or data relating to such Entity, including but not limited to all books and records, financial statement or tax Documents.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding any interest or investment currently held by the Debtor, directly or indirectly, located after a good faith search, if any, will be produced.

23.     All Documents regarding any investment or business dealing made by, with, or on behalf of the Debtor or the Debtor's Family, on the one hand, and any Associated Entity, on the other hand.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

24.     All Documents regarding the "billions" of "funds and property, including real estate in Hong Kong" which were frozen in 2019 by the High Court of the Hong Kong Special Administrative Region, Court of First Instance. (See ECF N0. 107 at ¶17).

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by

the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents located after a good faith search, if any, will be produced.

25.     All Documents regarding each of the Assets the Debtor claimed to own during a 2017 interview with Vice News, including but not limited to, the "two private jets," the "most advanced yachts," and the "hundreds of race cars." (See Vice News Interview at 6:38-7:07 (Nov. 15 2017) (when asked whether he had any regrets over how he has fought his campaign against China, the Debtor said, "I have absolutely no regrets for what I have done over the past nine months. I have the wealthy life that everyone in the world dreams about. I have the biggest house in Hong Kong, thousands of square meters. I have the most luxurious apartment in London. I have the biggest place in Beijing. I have more than 10 properties in Pangu. I have two private jets. I have the most advanced yachts. I have hundreds of race cars. I have an apartment like this in New York. I don't have any material needs anymore.")).

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production to the extent that it is based on the legal conclusion that title to each of the assets identified in the Request was actually held by the Debtor, and that the statements related to what the Debtor has, *e.g.*, "I have the biggest house in Hong Kong," equates to the Debtor holding title to the asset. The Debtor further Objects to this Request to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents concerning the Debtor's interests in the assets identified in this Request located after a good faith search, if any, will be produced.

26.     All Documents related to any income, revenue, Assets or advertisement revenue

generated from the YouTube channel(s) possessed or controlled by the Debtor, the Debtor's Estate, Debtor's Family, or an Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production on the grounds that it seeks Documents related to income, etc. from "YouTube channel(s) possessed or controlled by the Debtor" without defining what it means to possess or control a YouTube channel. The Debtor also Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests in the assets identified in this Request located after a good faith search, if any, will be produced.

27. Documents sufficient to show the identity, name, length of employment, and salary for each and every employee of the Associated Entities.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks documents and information that is not related to the Trustee's investigation of the Debtor's assets. Based on the breadth and lack of relevance of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request, and ascertain its relevance, so that responsive documents can be searched for, and to the extent located, produced.

28. All Documents related to any aircraft owned, controlled, or used by You,

including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it calls for the production of "[a]ll Documents related to any aircraft owned, controlled, or used by You." The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents that are related to the Debtor's use or ownership of any "aircraft . . . including . . . the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino" located after a good faith search, if any, will be produced.

29.    All passports or similar Documents authorizing cross-border travel issued by any sovereign state, nation, city-state, or autonomous region to You, including but not limited to any expired or unused Documents, and all pages of such passports or similar Documents.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it seeks the production of documents that are wholly irrelevant to the Trustee's investigation of the Debtor's assets and is propounded solely to harass and annoy the Debtor. The Debtor will neither search for nor produce any Documents in response to this Request.

30.    All Documents related to any pledges of Assets of any Associated Entity, including Bravo Luck Limited, to any other Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents related to pledges of Assets owned or controlled by the Debtor, located after a good faith search, if any, will be produced.

Dated at Bridgeport, Connecticut this 2nd day of September, 2022.

**THE DEBTOR,**
**HOW WAN KWOK**

*/s/ James M. Moriarty*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        skindseth@zeislaw.com
        aromney@zeislaw.com
        jmoriarty@zeislaw.com
        jcesaroni@zeislaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Debtor's Responses and Objections to the Chapter 11 Trustee's Requests for the Production of Documents Included with the Rule 2004 Examination Subpoena Served Upon the Debtor on August 19, 2022 was served by electronic mail on this 2nd day of September 2022 on the following counsel of record for the Chapter 11 Trustee:


Douglas E. Barron: douglassbarron@paulhastings.com;

Nicholas Bassett: nicholasbassett@paulhastings.com;

Avi E. Luft : aviluft@paulhastings.com;

Patrick Linsey plinsey@npmlaw.com.


*James M. Moriarty*
James M. Moriarty (ct21876)

**Exhibit D-2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. | |

### NON-PARTY MEI GUO'S RESPONSES AND OBJECTIONS TO THE CHAPTER 11 TRUSTEE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS INCLUDED WITH THE RULE 2004 EXAMINATION SUBPOENA SERVED UPON MS. GUO ON AUGUST 19, 2022

Pursuant to Fed. R. Civ. P. 45(d)(B), made applicable to this proceeding by Fed. R. Bankr. P. 2004 and 9016, non-party, Mei Guo ("Ms. Guo"), by and through her undersigned counsel, objects and responds to the Requests for Production of Documents included with the Subpoena served upon Ms. Guo by the Chapter 11 Trustee as follows:[1]

### I.    OBJECTIONS TO INSTRUCTIONS

2.    Electronically stored information must be produced in accordance with the following instructions: . . .

**OBJECTION**: Ms. Guo Objects to instruction numbered 2 on the grounds that it is unduly burdensome to require her to produce documents in the requested format because it would cause Ms. Guo to have to incur unnecessary and likely substantial expenses, including the expense of an ESI vendor to load, prepare and store documents. Fed. R. Civ. P. 45(d)(1) requires the Trustee and his counsel to avoid imposing undue burden upon a party subject to a subpoena; requiring Ms. Guo to produce documents in the requested format does the exact opposite, *i.e.,* it imposes

---

[1] The subpoena was served upon Ms. Guo via her counsel on August 19, 2022. Thus, Ms. Guo's Objections are served within fourteen days of the date the subpoena was served.

an undue burden on Ms. Guo. Thus, documents that Ms. Guo produces, if any, will be produced in a reasonably useable format.

5.      Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety

**OBJECTION**: Ms. Guo Objects to instruction numbered 5 on the grounds that it is overly broad and therefore renders each Request for Production overly broad. Ms. Guo will produce responsive, non-privileged documents, if any, within her custody, possession or control.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document

**OBJECTION**: Ms. Guo Objects to instruction numbered 6 on the grounds that it purports to place a burden on her that is not otherwise required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Rules of the United States District Court for

the District of Connecticut. Ms. Guo will not provide the information requested in instruction numbered 6.

7.     If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

**OBJECTION:** *See* Objection to instruction numbered 6.

8.     If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

**OBJECTION**: Ms. Guo Objects to instruction numbered 8 on the grounds that it is unduly burdensome in that it calls for far more information than required by D. Conn. L. Civ. R. 26(e). To the extent that Ms. Guo withholds responsive documents on the basis of privilege she will

provide a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

**OBJECTION:** *See* Objection to instruction numbered 8. To the extent Ms. Guo redacts on the basis of privilege, the reactions will be set forth on a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

11.     If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

**OBJECTION:** Ms. Guo Objects to instruction numbered 11 to the extent that it purports to require Ms. Guo to incur the expense to review and translate documents that are in a language other than English or her native language.

12.     All references to Entities includes all affiliates thereof.

**OBJECTION:** Ms. Guo Objects to instruction numbered 12 to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain the identity of all affiliates of the as defined Entities. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to Entities and affiliates known to her.

13.     All references to individual names include all alternative names, aliased, or nicknames.

**OBJECTION:** Ms. Guo Objects to instruction numbered 13 to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain "all alternative names,

aliased, or nicknames" used by individuals inquired about in the Trustee's Requests for
Production. Ms. Guo will not undertake such an investigation or analysis and limits her
responses to the Trustee's Requests for Production to "alternative names, aliased, or nicknames"
known to her.

14.    Unless otherwise expressly indicated, the period of time covered by the Document
Requests is the period from February 5, 2012 to the date responses to the Document Requests are
due.

**OBJECTION**: Ms. Guo Objects to instruction numbered 14 on the grounds that it is overly
broad and unduly burdensome and makes every Request for Production into which it is
incorporated overly broad and unduly burdensome inasmuch as the Trustee cannot articulate a
good faith basis to require Ms. Guo to search for and produce documents over a more than ten
year period. Ms. Guo will not search for documents dating back to February 5, 2012. Ms. Guo's
counsel will meet and confer with the Trustee's counsel in order to agree upon a more reasonable
and appropriate time period.

### III.    OBJECTIONS TO DEFINITIONS

Ms. Guo generally Objects to the Trustee's Definitions on the grounds that certain terms
are defined multiple times in different ways, first by incorporating the definitions and rules of
construction of D. Conn. L. Civ. R. 26(c) and (d), and then by individually defining some of the
same terms that are defined within the Local Rules, e.g., Document and Communication. In
responding to the Requests for Production Ms. Guo will apply the most restrictive definition to
terms that are defined in multiple ways in order to avoid undue burden.

1.    "You" or "Your" or "Yourself" means and refers to Mei Guo (a/k/a Mei Gui, 郭
美, or any other alias), together with all of its affiliates, divisions, agencies, instrumentalities,

departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the terms "You" or "Your" or "Yourself" on the grounds that the definition defines an entity, not a natural person. In responding to the Requests for Production and producing responsive documents, if any, Ms. Guo will comply with her obligation to produce responsive documents in her custody, possession and control.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain any aliases of the Debtor, or any of the Debtor's employees, agents, counsel, advisors, or anyone acting on his behalf. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any aliases of the Debtor, or any of the Debtor's employees, agents, counsel, advisors, or anyone acting on his behalf known to her.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor's Son" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf known

to her.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor's Purported Wife" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf known to Ms. Guo.

6.    "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor's Family" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain "any other familial relation to the Debtor." Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any "familial relation to the Debtor" known to Ms. Guo. Ms. Guo also Objects to the definition of the term "Debtor's Family" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it includes any individual to whom the Debtor is related, regardless of the distance of the relationship, *e.g.*, tenth cousin.

7.    "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by

7

the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明 ), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

**OBJECTION:** Ms. Guo Objects to the definition of the term "Associated Individuals" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to "individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of

8

the foregoing." known to Ms. Guo. Ms. Guo also Objects to the definition of the term "Associated Individual" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by . . . the Debtor's Family, regardless of whether the Debtor owns or controls such assets.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital

Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New 10 Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Associated Entities" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain the identity of "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to "organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor [ ], together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of

any of the foregoing" known to Ms. Guo. Ms. Guo also Objects to the definition of the term "Associated Entities" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by . . . the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by . . . the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing," regardless of whether the Debtor owns or controls such entities.

### IV. <u>OBJECTIONS TO REQUESTS FOR PRODUCTION</u>

1.      All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it calls for her to make legal conclusions in determining whether "any income or asset" is an asset of the Debtor, part of the undefined "Debtor's estate," or an asset of an Associated Entity. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined term Associated Entity. Ms. Guo is unaware of any assets of the Debtor. As such, Ms. Guo will not undertake a futile search for responsive documents.

2.      All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that the term "Debtor's financial condition" is undefined and is therefore vague and ambiguous. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents located after a good faith search, if any, will be produced.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets of non-debtors, including Ms. Guo, which will not be produced. Ms. Guo also Objects to this Request for Production on the grounds that it calls for her to make legal conclusions in determining whether any of the assets listed in the Requests is owned by the Debtor. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity, and Objects to the production of banking and financial information of Associated Entities. Ms. Guo does not have in her possession, custody or control

documents of the Debtor that could be responsive to this Requests for Production, and Ms. Guo will neither search for nor produce non-Debtor documents of the type requested.

4.     All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objection, non-privileged responsive documents located after a good faith search, if any, will be produced.

5.     All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that the term "Documents related to Communications" is vague and confusing. Ms. Guo further Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it purports to require the production of "[a]ll Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity" regardless of the Entity, the Debtor's interest in the Entity, and the substance of the communication. Ms. Guo also Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo incorporates her Objections to the defined term Associated Entities. Subject to and without waiving the foregoing Objections, non-privileged responsive communication between Ms. Guo

and the Debtor concerning the operation of Associated Entities located after a good faith search, if any, will be produced.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets and investments of non-debtors, including Ms. Guo, which will not be produced. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity, and Objects to the production of documents regarding "any Transfer, investment, or other transaction or business dealing" of any Associated Entities in which the Debtor has no ownership interest. Ms. Guo is unaware of any "Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor" within the last four years, and as a result Ms. Guo will not undertake a futile search for responsive documents.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it (i) seeks information about the assets of non-debtors, including Ms. Guo, which will not be produced, and (ii) seeks all

14

Documents related to "property ever occupied or used by the Debtor" regardless of the content of the Document. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also Objects to the production of documents regarding assets owned by Associated Entities in which the Debtor has no ownership interest. Based on the breadth of this Request, Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about investments or trading of non-debtors, including Ms. Guo, which will not be produced. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity, and Objects to the production of documents regarding commodities trading, if any, by Associated Entities in which the Debtor has no ownership interest. Ms. Guo is unaware of any trading "in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be" by the Debtor and Ms. Guo will not undertake a futile search for responsive documents.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor,

including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it calls for her to make legal conclusions in determining whether any aircraft was "owned" or "controlled" by the Debtor. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents that are related to the Debtor's use or ownership of any "aircraft . . . including . . . the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino" located following a good faith search, if any, will be produced.

10.     All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about "gifts, benefits, or loans" made or given by non-debtors, including, as propounded, completely unrelated third-party financial institutions, to non-debtors, including Ms. Guo, which will not be produced. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of

documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

11.    All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about "trusts or similar instruments" set up by non-debtors for the benefit of non-debtors, including Ms. Guo. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

12.    All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor,

. . .", regardless of the content of the Document. Ms. Guo also Objects to this Request for Production on the grounds that it seeks documents that are publicly available. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

13.    All Documents and communications between any of your outside counsel or other advisors and the Debtor.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll Documents and communications between any of your outside counsel or other advisors and the Debtor" regardless of the content of the Document or communication. Ms. Guo further Objects to this Request for Production on the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

14.    Documents sufficient to show all of Your Assets and sources of income or funding.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce documents sufficient to show "all of [her] Assets and sources of income or funding" even though Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required

to produce the requested Documents, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

15.     For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

**OBJECTION AND RESPONSE:** *See* Objection and Response to Request for Production numbered 14.

16.     Copies of Your tax returns.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce her personal tax returns even though Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required to produce her personal tax returns, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce documents sufficient to show "all bank accounts and investment accounts within [her] possession or control," *i.e.*, Ms. Guo's personal accounts, even though Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required to produce the requested Documents, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it purports to require Ms. Guo to produce all documents regarding any credit card she has used, including her personal credit card and including *any* purchase she has made on any credit card.  Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required to produce the requested Documents, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is not applicable to her as a natural person.

20.     All Documents related to any Associated Entity that You hold or have held an interest in.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce all documents "related to any Associated Entity that [she] hold[s] or ha[s] held an interest in." Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, and Ms. Guo is not required to produce the requested Documents. Ms. Guo further Objects to this Request for Production on

the grounds that it calls for the production of documents, communications, and information
protected from disclosure by the attorney-client privilege, including the common interest
privilege, and the attorney work product doctrine. Subject to and without waiving the foregoing
Objections, Ms. Guo will produce non-privileged responsive documents related to HK
International Funds Investments (USA) Limited, LLC ("HK") because issues related to HK are
already being litigated in a related adversary proceeding.

      21.     All Communications with the Debtor, and Documents related to Communications
with the Debtor, related to the operation, management, or decision-making of any legal entity,
including without limitation the Associated Entities.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the
grounds that the term "Documents related to Communications" is vague and confusing. Ms. Guo
further Objects to this Request for Production on the grounds that it is overly broad and unduly
burdensome in that it purports to require Ms. Guo to produce all "Communications with the
Debtor, and Documents related to Communications with the Debtor, related to the operation,
management, or decision-making of any legal entity" regardless of the entity and regardless of
the content of the communication. Ms. Guo also Objects to this Request for Production on the
grounds that it calls for the production of documents, communications, and information protected
from disclosure by the attorney-client privilege, including the common interest privilege, and the
attorney work product doctrine. Subject to and without waiving the foregoing Objections, Ms.
Guo will produce non-privileged responsive documents related to HK because issues related to
HK are already being litigated in a related adversary proceeding.

Dated at Bridgeport, Connecticut this 2nd day of September, 2022.

**NON-PARTY,**
**MEI GUO**

*/s/ James M. Moriarty*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
            skindseth@zeislaw.com
            aromney@zeislaw.com
            jmoriarty@zeislaw.com
            jcesaroni@zeislaw.com

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing Non-Party Mei Guo's Responses and Objections to the Chapter 11 Trustee's Requests for the Production of Documents Included with the Rule 2004 Examination Subpoena Served Upon Ms. Guo on August 19, 2022 was served by electronic mail on this 2nd day of September 2022 on the following counsel of record for the Chapter 11 Trustee:

Douglas E. Barron: douglassbarron@paulhastings.com;

Nicholas Bassett: nicholasbassett@paulhastings.com;

Avi E. Luft : aviluft@paulhastings.com;

Patrick Linsey plinsey@npmlaw.com.

*James M. Moriarty*
James M. Moriarty (ct21876)

**Exhibit D-3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No:  22-50073 (JAM) |
| Debtor. | |

**NON-PARTY HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC'S RESPONSES AND OBJECTIONS TO  THE CHAPTER 11 TRUSTEE'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS INCLUDED WITH THE RULE 2004 EXAMINATION SUBPOENA SERVED ON AUGUST 19, 2022**

Pursuant to Fed. R. Civ. P. 45(d)(B), made applicable to this proceeding by Fed. R. Bankr. P. 2004 and 9016, non-party, HK International Funds Investments (USA) Limited, LLC ("HK"), by and through its undersigned counsel, objects and responds to the Requests for Production of Documents included with the Subpoena served upon HK by the Chapter 11 Trustee as follows:[1]

I.     **OBJECTIONS TO INSTRUCTIONS**

2.     Electronically stored information must be produced in accordance with the following instructions: . . .

**OBJECTION**: HK Objects to instruction numbered 2 on the grounds that it is unduly burdensome to require it to produce documents in the requested format because it would cause HK to have to incur unnecessary and likely substantial expenses, including the expense of an ESI vendor to load, prepare and store documents. Fed. R. Civ. P. 45(d)(1) requires the Trustee and his counsel to avoid imposing undue burden upon a party subject to a subpoena; requiring HK to

---

[1] The subpoena was served upon HK via its counsel on August 19, 2022. Thus, HK's Objections are served within fourteen days of the date the subpoena was served.

produce documents in the requested format does the exact opposite, *i.e.,* it imposes an undue burden on HK. Thus, documents that HK produces, if any, will be produced in a reasonably useable format.

5.      Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety

**OBJECTION**: HK Objects to instruction numbered 5 on the grounds that it is overly broad and therefore renders each Request for Production overly broad. HK will produce responsive, non-privileged documents, if any, within its custody, possession or control.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document

**OBJECTION**: HK Objects to instruction numbered 6 on the grounds that it purports to place a burden on it that is not otherwise required by the Federal Rules of Civil Procedure, Federal Rules

of Bankruptcy Procedure, or Local Rules of the United States District Court for the District of
Connecticut. HK will not provide the information requested in instruction numbered 6.

7.      If You are requested to produce a Document that has been destroyed, then Your
response must state, in addition to the information required by the preceding Instruction: (a) the
reason for the Document's destruction; (b) the identity of the Person who destroyed the
Document; and (c) the identity of the Person who directed that the Document be destroyed.

**OBJECTION:** *See* Objection to instruction numbered 6.

8.      If You claim that a requested Document is privileged or attorney work-product,
then Your response must: (a) state (i) a description of the Document adequate to support Your
contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the
Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity
of each Person who received or saw the original or any draft, copy, or reproduction of the
Document, (vii) whether the Document itself, or any information contained or referred to in the
Document is in the possession, custody, or control of any other Persons, and if so, the identity of
such Persons, as well as a statement addressing how the information came into their possession,
(viii) the claim of privilege under which the Document is withheld, and (ix) all of the
circumstances upon which You will rely to support such claim of privilege; and (b) produce a
privilege log containing all of the information requested in Part (a) of this Instruction for each
Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R.
26(e).

**OBJECTION**: HK Objects to instruction numbered 8 on the grounds that it is unduly
burdensome in that it calls for far more information than required by D. Conn. L. Civ. R. 26(e).
To the extent that HK withholds responsive documents on the basis of privilege it will provide a

3

privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

**OBJECTION:** *See* Objection to instruction numbered 8. To the extent HK redacts on the basis of privilege, the reactions will be set forth on a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

11.      If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

**OBJECTION:** HK Objects to instruction numbered 11 to the extent that it purports to require HK to incur the expense to review and translate documents that are in a language other than English.

12.      All references to Entities includes all affiliates thereof.

**OBJECTION:** HK Objects to instruction numbered 12 to the extent that it purports to require HK to undertake an investigation or analysis to ascertain the identity of all affiliates of the as defined Entities. HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to Entities and affiliates known to it, if any.

13.      All references to individual names include all alternative names, aliased, or nicknames.

**OBJECTION:** HK Objects to instruction numbered 13 to the extent that it purports to require HK to undertake an investigation or analysis to ascertain "all alternative names, aliased, or

nicknames" used by individuals inquired about in the Trustee's Requests for Production. HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to "alternative names, aliased, or nicknames" known to it, if any.

14.    Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

**OBJECTION**: HK Objects to instruction numbered 14 on the grounds that it is overly broad and unduly burdensome and makes every Request for Production into which it is incorporated overly broad and unduly burdensome inasmuch as the Trustee cannot articulate a good faith basis to require HK to search for and produce documents over a more than ten year period. HK will not search for documents dating back to February 5, 2012. HK's counsel will meet and confer with the Trustee's counsel in order to agree upon a more reasonable and appropriate time period.

## III.    OBJECTIONS TO DEFINITIONS

HK generally Objects to the Trustee's Definitions on the grounds that certain terms are defined multiple times in different ways, first by incorporating the definitions and rules of construction of D. Conn. L. Civ. R. 26(c) and (d), and then by individually defining some of the same terms that are defined within the Local Rules, e.g., Document and Communication. In responding to the Requests for Production HK will apply the most restrictive definition to terms that are defined in multiple ways in order to avoid undue burden.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** HK Objects to the definition of the term "Debtor" to the extent that it purports to

require HK to undertake an investigation or analysis to ascertain any aliases of the Debtor, or any of the Debtor's employees, agents, counsel, advisors, or anyone acting on his behalf. HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to any aliases of the Debtor, or any of the Debtor's employees, agents, counsel, advisors, or anyone acting on his behalf known to it.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** HK Objects to the definition of the term "Debtor's Son" to the extent that it purports to require HK to undertake an investigation or analysis to ascertain any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf. HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf known to it.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

**OBJECTION:** HK Objects to the definition of the term "Debtor's Daughter" to the extent that it purports to require HK to undertake an investigation or analysis to ascertain any aliases of the Debtor's Daughter, or any of the Debtor's Daughter's employees, agents, counsel, advisors, or anyone acting on her behalf. HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to any aliases of the Debtor's Daughter, or any of the Debtor's Daughter's employees, agents, counsel, advisors, or anyone acting on her behalf known to it.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue

Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or

anyone acting on her behalf.

**OBJECTION:** HK Objects to the definition of the term "Debtor's Purported Wife" to the extent

that it purports to require HK to undertake an investigation or analysis to ascertain any aliases of

the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents,

counsel, advisors, or anyone acting on her behalf. HK will not undertake such an investigation or

analysis and limits its responses to the Trustee's Requests for Production to any aliases of the

Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel,

advisors, or anyone acting on her behalf known to HK.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's

Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

**OBJECTION:** HK Objects to the definition of the term "Debtor's Family" to the extent that it

purports to require HK to undertake an investigation or analysis to ascertain "any other familial

relation to the Debtor." HK will not undertake such an investigation or analysis and limits its

responses to the Trustee's Requests for Production to any "familial relation to the Debtor"

known to HK. HK also Objects to the definition of the term "Debtor's Family" on the grounds

that it is overly broad and makes every request into which it is incorporated overly broad because

it includes any individual to whom the Debtor is related, regardless of the distance of the

relationship, *e.g.*, tenth cousin.

7.      "Associated Individuals" means, individually and collectively, all individuals that

(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by

the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are

affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明 ), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

**OBJECTION:** HK Objects to the definition of the term "Associated Individuals" to the extent that it purports to require HK to undertake an investigation or analysis to ascertain "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of the foregoing." HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to "individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of the foregoing." known to HK, if any. HK also Objects to the definition of the term "Associated Individual" on

the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by . . . the Debtor's Family", regardless of whether the Debtor owns or controls such assets.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange,

Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New 10 Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

**OBJECTION:** HK Objects to the definition of the term "Associated Entities" to the extent that it purports to require HK to undertake an investigation or analysis to ascertain the identity of "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." HK will not undertake such an investigation or analysis and limits its responses to the Trustee's Requests for Production to "organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor [ ], together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing" known to HK. HK also Objects to the definition of the term "Associated Entities" on

the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by . . . the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by . . . the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing," regardless of whether the Debtor owns or controls such entities.

### IV.    OBJECTIONS TO REQUESTS FOR PRODUCTION

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it calls for it to make legal conclusions in determining whether "any income or asset" is an asset of the Debtor, part of the undefined "Debtor's estate," or an asset of an Associated Entity. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. HK also incorporates its Objection to the defined term Associated Entity. HK is unaware of any income or Assets of the Debtor. As such, HK will not undertake a futile search for responsive documents.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that the term "Debtor's financial condition" is undefined and is therefore vague and ambiguous.

HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents located after a good faith search, if any, will be produced.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets of non-debtors. HK also Objects to this Request for Production on the grounds that it calls for it to make legal conclusions in determining whether any of the assets listed in the Request are owned by the Debtor. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. HK also incorporates its Objection to the defined terms Debtor's Family and Associated Entity. Subject to and without waiving the foregoing Objections, HK will produce non-privileged responsive documents related to HK and the Debtor or the Debtor's Estate, if any, located after a good faith search.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production to the extent that

it calls for the production of documents and information protected from disclosure by the
attorney-client privilege and the attorney work product doctrine. Subject to the foregoing
Objection, non-privileged responsive documents located after a good faith search, if any, will be
produced.

5.      All Communications with the Debtor, and Documents related to Communications
with the Debtor, related to the operation, management, or decision-making of any Entity,
including without limitation the Associated Entities.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds
that the term "Documents related to Communications" is vague and confusing. HK further
Objects to this Request for Production on the grounds that it is overly broad and unduly
burdensome in that it purports to require the production of "[a]ll Communications with the
Debtor, and Documents related to Communications with the Debtor, related to the operation,
management, or decision-making of any Entity" regardless of the Entity, the Debtor's interest in
the Entity, and the substance of the communication. HK also Objects to this Request for
Production to the extent that it calls for the production of documents and information protected
from disclosure by the attorney-client privilege and the attorney work product doctrine. HK
incorporates its Objections to the defined term Associated Entities. Subject to and without
waiving the foregoing Objections, HK will produce non-privileged responsive documents, if any,
located after a good faith search.

6.      All Documents regarding any Transfer, investment, or other transaction or
business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds
that it is overly broad, unduly burdensome and seeks information about the assets and

investments of non-debtors, including HK, which will not be produced. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. HK also incorporates its Objection to the defined terms Debtor's Family and Associated Entity. Subject to and without waiving the foregoing Objections, HK will produce non-privileged responsive documents, if any, related to "any transfer, investment, or other transaction or business dealing made to, by, or with the Debtor."

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it (i) seeks information about the assets of non-debtors, and (ii) seeks all Documents related to "property ever occupied or used by the Debtor" regardless of the content of the Document. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Based on the breadth of this Request, HK will neither search for nor produce documents responsive to this Request as propounded.

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be

regarding any such investments or trading.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds

that it is overly broad, unduly burdensome and seeks information about investments or trading of

non-debtors which will not be produced. HK further Objects to this Request for Production to the

extent that it calls for the production of documents and information protected from disclosure by

the attorney-client privilege and the attorney work product doctrine. HK also incorporates its

Objection to the defined terms Debtor's Family and Associated Entity. HK is unaware of any

trading "in or around July 2020, or at any other time, in crude oil futures or any similar

commodity, including without limitation Communications with Jiang Yunfu Be" by the Debtor

and HK will not undertake a futile search for responsive documents.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor,

including without limitation the aircraft bearing tail number T7-GQM and any other aircraft

registered in San Marino, including without limitation copies of all registration documents and

flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds

that it calls for it to make legal conclusions in determining whether any aircraft was "owned" or

"controlled" by the Debtor. HK further Objects to this Request for Production to the extent that it

calls for the production of documents and information protected from disclosure by the attorney-

client privilege and the attorney work product doctrine. Subject to the foregoing Objections, HK

is unaware of any documents related to the Debtor's use or ownership of any "aircraft . . .

including . . . the aircraft bearing tail number T7-GQM and any other aircraft registered in the

Republic of San Marino". As such, HK will not undertake a futile search for responsive

documents.

15

10.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about "gifts, benefits, or loans" made or given by non-debtors, including, as propounded, completely unrelated third-party financial institutions, to non-debtors, which will not be produced. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. HK also incorporates its Objection to the defined terms Debtor's Family and Associated Entity. Subject to and without waiving the foregoing Objections, HK will produce non-privileged responsive documents, if any, related to "any gifts, benefits or loans, to, from or on behalf of the Debtor, or the Debtor's Estate" located after a good faith search.

11.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about "trusts or similar instruments" set up by non-debtors for the benefit of non-debtors, which will not be produced.

16

HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine, and incorporates its Objection to the defined terms Debtor's Family and Associated Entity. Subject to the foregoing Objections, HK is unaware of any documents related to "any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate". As such, HK will not undertake a futile search for responsive documents.

12.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, . . .", regardless of the content of the Document. HK also Objects to this Request for Production on the grounds that it seeks documents that are publicly available. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine, including the common interest privilege. HK will neither search for nor produce documents responsive to this Request for Production as propounded.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds

that it is overly broad, and unduly burdensome in that it seeks "[a]ll Documents and communications between any of your outside counsel or other advisors and the Debtor" regardless of the content of the Document or communication. HK further Objects to this Request for Production on the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. HK will neither search for nor produce documents responsive to this Request for Production as propounded.

14.    Documents sufficient to show all of Your Assets and sources of income or funding.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it purports to require HK to produce documents sufficient to show "all of [its] Assets and sources of income or funding" even though HK is not a debtor. HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine, including the common interest privilege. Based on the breadth of this Request HK will neither search for nor produce documents responsive to this Request as propounded. HK's counsel will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that Responsive Documents can be produced.

15.    For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

**OBJECTION AND RESPONSE:** *See* Response and Objection to Request numbered 14.

16.    Copies of Your tax returns.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it purports to require HK to produce its tax returns even though HK is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, HK is not required to produce its tax returns, and HK will neither search for nor produce documents responsive to this Request for Production.

17.    Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it purports to require HK to produce documents sufficient to show "all bank accounts and investment accounts within [its] possession or control," *i.e.*, HK's accounts, even though HK is not a debtor. Subject to and without waiving the foregoing Objections, HK states that it does not maintain or control any bank or investment accounts, and therefore there are no responsive documents to produce.

18.    All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

**OBJECTION AND RESPONSE:** HK does not have a credit card issued in its name and therefore there are no responsive documents to produce.

19.    All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll corporate governance and organizational Documents." HK further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine, including the common interest privilege. Subject to and without waiving the foregoing Objections, HK will produce non-privileged "[d]ocuments sufficient to show [HK's] corporate structure, names of officers and directors, business purpose, and relationship to the Debtor."

20.    All Documents related to any Associated Entity that You hold or have held an interest in.

**OBJECTION AND RESPONSE:** None.

21.    All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any legal entity, including without limitation the Associated Entities.

**OBJECTION AND RESPONSE:** HK Objects to this Request for Production on the grounds that the term "Documents related to Communications" is vague and confusing. HK further Objects to this Request for Production on the grounds that it purports to (i) require HK to produce all "Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any legal entity" regardless of the entity and regardless of the content of the communication, and (ii) calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, HK will produce non-

privileged responsive documents related to "[c]ommunications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of [HK], if any, located after a good faith search.

Dated at Bridgeport, Connecticut this 2nd day of September, 2022.

**NON-PARTY,**
**HK INTERNATIONAL FUNDS**
**INVESTMENTS (USA) LIMITED, LLC**

*/s/ James M. Moriarty*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        skindseth@zeislaw.com
        aromney@zeislaw.com
        jmoriarty@zeislaw.com
        jcesaroni@zeislaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Non-Party HK International Funds Investments (USA) Limited, LLC Responses and Objections to the Chapter 11 Trustee's Requests for the Production of Documents Included with the Rule 2004 Examination Subpoena Served on August 19, 2022 was served by electronic mail on this 2nd day of September 2022 on the following counsel of record for the Chapter 11 Trustee:

Douglas E. Barron: douglassbarron@paulhastings.com;

Nicholas Bassett: nicholasbassett@paulhastings.com;

Avi E. Luft : aviluft@paulhastings.com;

Patrick Linsey plinsey@npmlaw.com.

*James M. Moriarty*
James M. Moriarty (ct21876)