## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HO WAN KWOK | § | CASE NO. 22-50073 (JAM) |
| | § | |
| Debtor. | § | |

### THE DEBTOR'S, MEI GUO'S AND HK INTERNATIONAL FUNDS INVESTMENT (USA) LIMITED, LLC'S OBJECTION TO MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON CHAPTER 11 TRUSTEE'S MOTION TO COMPEL

Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), Mei Guo ("Ms. Guo"), and HK International Funds Investment (USA) Limited, LLC ("HK USA" Collectively the "Respondents"), by and through their undersigned counsel, hereby object to the Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing (the "Motion to Expedite") (Doc. No. 1048) on the Motion of Chapter 11 Trustee for Entry of Order Compelling, [among others] the Debtor, [Ms.] Guo, [and HK USA] to Comply with Rule 2004 Subpoenas (the "Motion to Compel") (Doc. No. 1046), filed by Luc A. Despins, the Chapter 11 Trustee (the "Trustee"), on October 28, 2022. In support of their Objection, the Respondents respectfully represent as follows:

1. The Trustee filed the underlying Motion to Compel and Motion to Expedite on Friday, October 28, 2022, at 11:00 pm with the thinly veiled intention of precluding a substantive response by the Respondents to the Motion to Expedite and the Motion to Compel, because the Trustee knows that both are meritless, at least as they relate to the Respondents.

2. Indeed, the Trustee seeks to expedite a hearing on a Motion to Compel that the Trustee admits was ripe for filing nearly six weeks ago following the September 22, 2022, final meet and confer between the Trustee's counsel and the Respondents' counsel to discuss the very

issues that the Trustee seeks to have adjudicated through the Motion to Compel. If there was urgency to the Motion to Compel as it related to the Respondents the Trustee would have filed it a long time ago, and if he had, that timely filed motion would be fully briefed and ready for adjudication even if it had proceeded on a regular motion track pursuant to the Local Rules.

3.  Instead, the Trustee sat on the ostensibly urgent Motion to Compel for nearly six weeks, and now, as he has done with nearly every filing in this case, seeks to severely prejudice the Respondents' rights by forcing them to respond to the Motion to Compel on an expedited basis knowing that at the same time Respondents' counsel is, without limitation, preparing: i) to review documents on an expedited basis that will be forthcoming from Williams & Connelly LLP following this Court's entry of an October 28, 2022 "consent order" (on which the Debtor was never consulted) concerning the procedure for review of Williams & Connelly documents prior to production to the Trustee [ECF 1042]; ii) for a November 15, 2022, hearing on the Trustee's Motion for Contempt, which is being heard on an expedited basis [ECF 1044], and iii) for a November 30, 2022, hearing on the Trustee's prejudgment remedy and injunction application (the "PJR Application") filed against Ms. Guo and HK USA, which was also initially to be heard on an expedited basis but continued by agreement.[1]

4.  Jamming another response down the Respondent's throat on an expedited basis, especially when the Trustee sat on the underlying Motion to Compel, is fundamentally unfair. The Trustee has failed to establish the requisite cause necessary for this Court to grant the

---

[1] The Debtor's counsel is also (i) reviewing 2,177 documents preliminarily identified by Baker Hostetler, LLP as potential Personal Harm documents and preparing a privilege log that is due today; (ii) responding to an inquiry from Clark Hill regarding its document production to the Trustee; and (iii) addressing the Trustee's purported demand, made at 5:11 pm on Friday, October 28, 2022, that the Debtor supplement his privilege log concerning Brown Rudnick's initial production to the Trustee by close of business today. Given these facts, none of which are disputable, the Trustee's ongoing narrative that the Debtor is acting to delay is frivolous.

2

Motion to Expedite, and the Motion to Expedite should be denied. *See In re Schindler*, 2011 Bankr. LEXIS 1208, *7 (Bankr. E.D.N.Y., March 21, 2011) ("However, cause under Rule 9006(c) . . . 'is not shown when the cause for expedited hearing is one of movant's own making.'") (Citation omitted).

5. The Motion to Expedite should also be denied because the Trustee's statement in paragraph 13 of the Motion to Expedite that "[t]ime is particularly of the essence for the relief requested in the Motion to Compel due to the pending hearing on the Trustee's motions for prejudgment and injunctive relief as against [Ms. Guo and HK USA]" is wholly disingenuous and misleading.

6. Indeed, the Trustee fails to inform the Court that the parties have agreed to a schedule for expedited discovery in connection with the PJR Application, and in connection with that schedule the parties to the PJR Application have already served one another with requests for production (the "PJR Requests"), and the Trustee has issued subpoenas to, among others, the Debtor and Golden Spring (New York) Limited.

7. The Trustee, Ms. Guo and HK USA have agreed to exchange responses to the PJR Requests and produce responsive documents, if any, by November 8, 2022, before the Motion to Compel would even be heard on an expedited basis. Thus, the parties' agreement to conduct discovery related to the PJR Application on an expedited basis cuts against an expedited hearing on the Motion to Compel and the Motion to Expedite should be denied.[2]

---

[2] For the avoidance of doubt, and to avoid any claim that the Respondent's counsel has misled the Court, Ms. Guo and HK USA are not representing that there will be large document productions forthcoming in response to the PJR Requests, only that the parties to the PJR Application have agreed to a process for discovery related to the PJR Application that is outside of the Rule 2004 Subpoena discovery, and that the Trustee will obtain discovery related to the PJR Application, including depositions, through that process.

8.  Lastly, the Trustee's investigation is moving forward expeditiously. The Trustee has received and continues to receive tens of thousands of documents, totaling hundreds of thousands of pages, from the Debtor's professionals, including, among others, Brown Rudnick and Verdolino and Lowey, who represented the Debtor in this case prior to the Trustee's appointment, Paul Weiss Rifkind Wharton & Garrison, counsel in connection with the 2015 purchase of the Sherry Netherlands apartment by Bravo Luck, which is a primary focus of the Trustee's investigation, and Baker Hostetler, LLP, the Debtor's most recent counsel in the PAX litigation that was pending in New York State Supreme Court—from where the contempt order related to the Lady May emanates. Thus, denying the Motion to Expedite and allowing the Motion to Compel to proceed on a regular motion track, with the Respondents' opposition due in 21-days, will not forestall the Trustee's investigation in this case where, as the Court has been informed, the parties are continuing discussions concerning a possible global resolution of the case.

**WHEREFORE**, the Debtor requests that the Court deny the Motion to Expedite, and grant him such other and further relief as this Court deems just and proper.

Dated at Bridgeport, Connecticut this 31st day of October, 2022.

**THE DEBTOR, HO WAN KWOK,
AND THE RESPONDENTS MEI GUO
AND HK INTERNATIONAL FUNDS
INVESTMENT (USA) LIMITED, LLC**

*/s/ James M. Moriarty*
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: aromney@zeislaw.com
         jmoriarty@zeislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James M. Moriarty*
James M. Moriarty