**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                  :

In re:                                        :       Chapter 11
                                                :
HO WAN KWOK, *et al.*,                :       Case No. 22-50073 (JAM)
                                                :
                  Debtors.[1]          :       Jointly Administered
                                                :
------------------------------------------------------x

**REPLY OF CHAPTER 11 TRUSTEE TO OBJECTIONS TO MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING DEBTOR, MEI GUO, HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC, HING CHI NGOK, GREENWICH LAND LLC, LAMP CAPITAL LLC, AND GOLDEN SPRING (NEW YORK) LTD. TO COMPLY WITH RULE 2004 SUBPOENAS**

Luc A. Despins, chapter 11 trustee in the chapter 11 case of the Individual Debtor (the "Trustee"), hereby respectfully submits his reply (the "Reply") in support of his *Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on Motion of Chapter 11 Trustee for Entry of Order Compelling Debtor, Mei Guo, HK International Funds Investments (USA) Limited, LLC, Hing Chi Ngok, Greenwich Land LLC, Lamp Capital LLC, and Gold Spring (New York) Ltd. To Comply with Rule 2004 Subpoenas* [Docket No. 1048] (the "Motion to Expedite") and in response to the objections thereto filed by the Individual Debtor, Mei Guo, and HK International Funds Investments (USA) Limited, LLC [Docket No. 1050] (the "Zeisler-Represented Parties'

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

Objection") and by Hing Chi Ngok (*i.e.*, the individual alleged to be the Individual Debtor's Wife) and Greenwich Land LLC [Docket No. 1055] (the "HCN/GLL Objection").

## THE TRUSTEE'S MOTION TO COMPEL

1. The Motion to Expedite requests that the Court schedule an expedited hearing next week with respect to the *Motion of Chapter 11 Trustee for Entry of Order Compelling Debtor, Mei Guo, HK International Funds Investments (USA) Limited, LLC, Hing Chi Ngok, Greenwich Land LLC, Lamp Capital LLC, and Gold Spring (New York) Ltd. To Comply with Rule 2004 Subpoenas* [Docket No. 1046] (the "Motion to Compel"), which in turn requests, among other things, that the Court compel compliance with the Trustee's Rule 2004 Subpoenas by parties-in-interest including the Individual Debtor, Mei Guo, and HK USA (together, collectively, the "Zeisler-Represented Parties") and Ngok and Greenwich Land (together, collectively, "HCN/GLL").[2]

2. As discussed at greater length in the Motion to Compel, the Zeisler-Represented Parties' and HCN/GLL's persistent noncompliance with their obligations to comply with the Rule 2004 Subpoenas has delayed and obstructed the Trustee's investigation—in keeping with the conduct of the Individual Debtor and his allies since the Trustee's appointment.

## REPLY TO THE ZEISLER-REPRESENTED PARTIES' OBJECTION

3. The Zeisler-Represented Parties contend that the Trustee has created a false emergency for the sole purpose of prejudicing their ability to adequately respond to the Motion to Compel. This assertion has no merit. The urgency is real, and the Zeisler-Represented Parties have plenty of time and ability to respond to the Motion to Compel on the timetable the Trustee has proposed.

---

[2] Capitalized terms not otherwise defined herein adopt the definitions set forth in the Motion to Compel.

4. As the Court knows, the Trustee—through the first nearly four months of his appointment—has needed to scratch and claw at every turn to obtain cooperation from the Individual Debtor and his relatives and advisors with respect to the Trustee's investigation. The Trustee has already been before the Court on, among other things, contested Rule 2004 motions, disputes relating to the Individual Debtor's erroneous privilege assertions, and disputes seeking to hold the Individual Debtor in contempt of Court for failing to comply with his obligations to cooperate with the Trustee under existing orders of the Court and the Bankruptcy Code, including section 521(a)(3) of the Bankruptcy Code.

5. To give a late-breaking example of the Individual Debtor's obstructionist conduct, this afternoon the Trustee received an email from the Individual Debtor's counsel in this case stating that such counsel is not authorized to accept service on behalf of the Individual Debtor of the recognition papers the Trustee has filed in the United Kingdom to facilitate his request for documents from the Individual Debtor's UK counsel in the UBS litigation. This response is perfectly consistent with the Individual Debtor's ongoing strategy of making everything as difficult for the Trustee as possible.[3]

6. If the Trustee were forced to proceed on regular notice every time he needs to seek relief from the Court relating to the Individual Debtor's obstructionist tactics, the Trustee would practically never make progress in this case and the Individual Debtor would be rewarded for his improper conduct.[4]

---

[3] Indeed, it was counsel to the Individual Debtor that had insisted at the August 4, 2022 hearing that the Trustee must seek such recognition, only to now refuse to accept service of the very recognition application. See Aug. 4, 2022 Hr'g Tr. at 11:16-19 ("There's a right way to do this, Your Honor, I think. Mr. Despins needs to take steps to have himself recognized as a party in the U.K. action and that privilege issue then I think needs to be worked through.").

[4] The Court has recognized this concern in the past, including when it issued the Privileges Order, which set out a mechanism for resolving issues related to the Individual Debtor's privilege assertions on an expedited basis.

7. The Zeisler-Represented Parties contend in their objection that the Trustee could have filed the Motion to Compel in late September after initial meet-and-confer discussions occurred. As explained in the Motion to Expedite (and in the Motion to Compel), however, the Trustee has been in continuing discussions with the Zeisler-Represented Parties and other subpoena recipients over the last month on issues related to the assertion of privileges and other document production issues. As these discussions evolved, the relief the Trustee intended to seek via the Motion to Compel remained a moving target. The Trustee thus chose to wait for certain of these discussions to conclude before filing the Motion to Compel so as to avoid burdening the Court with multiple, overlapping motions. The Trustee's decision turned out to be a sound one, as he was able to resolve his disputes with certain parties that are not subjects of the Motion to Compel.

8. Regardless, the timetable the Trustee has now proposed for resolving the Motion to Compel is not prejudicial to the Zeisler-Represented Parties. By their own admission, the Zeisler-Represented Parties have been well aware of the issues raised by the Motion to Compel—including their refusal to search for documents related to assets not owned by the Individual Debtor, the Individual Debtor's refusal to search the files of his advisors and other professionals, and the Individual Debtor's general failure to conduct an adequate search for responsive documents—for over a month. The Zeisler-Represented Parties know full well what positions they are going to take in response to these issues, and they should have no problem articulating them in an objection to the Court on five days' notice.

9. The Zeisler-Represented Parties attempt to erect another strawman by arguing that the discovery underlying the Motion to Compel is not relevant to the prejudgment attachment and preliminary injunction hearing (collectively, the "PJR Hearing") scheduled to commence on

November 30, 2022. While the Trustee, HK USA, and Mei Guo have agreed among themselves on a schedule for discovery related to the PJR Hearing, the Trustee never said he would not use documents he is seeking in parallel in his ongoing Rule 2004 investigation. In fact, it should be obvious that he *does* intend to do so given that his subpoenas pursuant to the Rule 2004 motion plainly seek information directly relevant to issues that will be heard and resolved at the PJR Hearing.

10. Similarly unavailing is the Zeisler-Represented Parties' suggestion that they should be excused from compliance with the Rule 2004 Subpoenas because the Trustee has obtained some discovery from third parties (including certain of the Individual Debtor's former counsel). First, the Individual Debtor's conduct with respect to, among others, Brown Rudnick LLP, reflects that documents obtained elsewhere have not been thanks to the Individual Debtor's help but rather despite his obstruction and interference. Further, while other parties have been producing documents, the Individual Debtor himself has produced virtually no documents to date and, of course, his documents are likely the most centrally relevant to the Trustee's investigation. The documents specifically addressed in the Motion to Compel—*i.e.*, documents related to potential estate assets in the hands of third parties—are exactly the types of documents the Trustee urgently needs to make progress in his investigation.

11. Finally, the Individual Debtor's alleged attempts to negotiate a potential consensual resolution of this case with certain stakeholders provides even more reason to expedite determination of the Motion to Compel. To the extent a settlement is proposed, it must be evaluated in light of all the evidence available, including, in particular, the information the Trustee is seeking in the Motion to Compel. The Trustee, other parties-in-interest, and ultimately the Court cannot assess the veracity of the Individual Debtor's representations regarding his financial

condition unless the Zeisler-Represented Parties produce documents related to the assets they claim to be owned by the Individual Debtor's family and family office—*i.e.*, the very instruments he has been found to use to obscure his holdings. So long as the Individual Debtor can continue to hide the location of his assets, he has no incentive to come clean and take meaningful steps to repay his creditors.

12. Moreover, the Individual Debtor's mention of settlement discussions as a basis for denying the Motion to Expedite is precious, coming from the person who is an expert in breaching settlements he has previously executed. Apparently now, the Individual Debtor thinks he can simply utter the words "possible global resolution" and suspend the Trustee's investigation and all progress in this chapter 11 case. The Court knows that the Trustee will explore all potential settlements in good faith, but the Court should also know that it is the Trustee's progress in the case thus far that has forced the Individual Debtor to consider the reality that he will not get away with the schemes that the New York Supreme Court has found he engaged in to hide his assets. It would be entirely counter-productive and, to state it bluntly, naïve, to believe that it is in the interest of the estate to put the chapter 11 case on hold and hope for the best from the Individual Debtor. Indeed, time and again, from proceeding to proceeding, the Individual Debtor's conduct reflects that he responds not to trust or warnings but only to a firm hand and tangible consequences.

## **REPLY TO THE HCN/GLL OBJECTION**

13. HCN/GLL suggest that the consent order they reached with the Trustee [Docket No. 1022] (the "Consent Order") obviates the need to resolve their pending objections as discussed in the Motion to Compel. HCN/GLL are wrong. Rather, the Consent Order calls for the production of documents on November 8, 2022, but it does not resolve HCN/GLL's objection (as expressed

in meet-and-confer discussions) to searching for documents related to assets held by non-debtors as the other Noncompliant Respondents.

14. In fact, when HCN/GLL and the Trustee negotiated the Consent Order, Trustee's counsel specifically asked HCN/GLL's counsel whether HCN/GLL continued to stand on their objection. After HCN/GLL's counsel answered in the affirmative, Trustee's counsel stated that HCN/GLL would be included in the Trustee's Motion to Compel. HCN/GLL's counsel never suggested that the Consent Order would somehow prevent or delay adjudication of the objection. Accordingly, that issue is ripe for decision.

15. Further, even if the circumstances surrounding the Trustee's discussions with HCN/GLL were different because of the consent order or otherwise (they are not), it would be highly inefficient for the Court to hear the Motion to Compel relating to the other Noncompliant Respondents on a separate schedule when it involves the exact same issue. Rather, this issue should be determined now so that HCN/GLL's production includes all documents to which the Trustee is entitled—not merely those that they deign to produce.

## CONCLUSION

For all of these reasons, and those discussed in the Motion to Expedite, it is important that the Motion to Compel be promptly adjudicated. The Trustee therefore respectfully requests that the Motion to Expedite be granted by entry of the proposed order filed therewith.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated:   November 1, 2022           LUC A. DESPINS,
         New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett *(pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft *(pro hac vice)*
    Douglass Barron *(pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                   :

In re:                                          :       Chapter 11

HO WAN KWOK, *et al.*,             :       Case No. 22-50073 (JAM)

               Debtors.[1]            :       Jointly Administered

-------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

Dated:    November 1, 2022          LUC A. DESPINS,
           New Haven, Connecticut     CHAPTER 11 TRUSTEE

                                                 By: */s/ Patrick R. Linsey*
                                                     Douglas S. Skalka (ct00616)
                                                     Patrick R. Linsey (ct29437)
                                                     NEUBERT, PEPE & MONTEITH, P.C.
                                                     195 Church Street, 13th Floor
                                                     New Haven, Connecticut 06510
                                                     (203) 781-2847
                                                     dskalka@npmlaw.com
                                                     plinsey@npmlaw.com

                                                           *and*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   *and*

Avram E. Luft *(pro hac vice)*
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*