# EXHIBIT

# A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|   |   |   |
|---|---|---|
| In re | : | Chapter 11 |
|   | : |   |
| HO WON KWOK, | : | Case No. 22-50073 (JAM) |
|   | : |   |
| Debtor. | : |   |

**REVISED PRIVILEGE LOG DOCUMENTS OF**
**VERDOLINO & LOWEY AND BROWN RUDNICK**

| Bates | Date | Custodian | Type of Document | Parties | Subject | Claimed Privilege | Personal Harm |
|---|---|---|---|---|---|---|---|
| None | 10/19/21 | Verdolino & Lowey | Agreement | Golden Spring (New York) Ltd., Kwok Ho Wan, Ace Decade Holdings Limited and Dawn State Limited | Litigation Funding | Attorney-Work Product.[1] | The withheld document relates to an action pending in the United Kingdom styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court) (the |

---

[1] *See Cont'l Circuits LLC v. Intel Corp*, 435 F. Supp. 3d 1014, 1021 (D. AZ 2020) (concluding that litigation funding agreements were prepared because of litigation and therefore constitute attorney work product). *See also Lambeth Magnetic Structures, LLC v. Seagate Tech (US) Holdings, Inc.*, 2017 U.S. Dist. LEXIS 215773, *16-*17 (W.D. Pa, Jan. 18, 2018) (holding that communications with litigation funders and funding agreement are work product and denying motion to compel the production of same).

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | "UK Action"). The Bankruptcy Court's September 14, 2022, Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information (the "Privilege Order") specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |

| BR_KWOK 00020991 | 10/19/21 | Brown Rudnick | Agreement | Golden Spring (New York) Ltd., Kwok Ho Wan, Ace Decade Holdings Limited and Dawn State Limited | Litigation Funding | Attorney-Work Product; Common Interest | The withheld document relates to the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |
| --- | --- | --- | --- | --- | --- | --- | --- |
| BR_KWOK 00028970 | 3/9/22 | Brown Rudnick | Email Thread | Melissa Francis, Esq., Jennifer Morrisey, Damon Parker, Edward Argles,[2] | Advice regarding litigation fees and the potential | Attorney-Client. | The withheld document relates to advice from counsel representing the Debtor in UK Action and the impact that the production of a |

---

[2] Ms. Morrisey, Mr. Parker and Mr. Argles are, or were at the time of the email, professionals employed by Harcus Parker Limited, the Debtor's UK counsel in the UK Action.

3

| | | | | Bennett Silverberg, Esq., Aaron Mitchell, Esq., and Robert Stark, Esq. | harm to the Debtor in the UK Action of the production of the UBS litigation funding agreement in response to discovery requests made to the Debtor in his Bankruptcy case. | | | document in the Debtor's Bankruptcy case could have on the Debtor in the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |
| BR_ KWOK 00028562; 22535 | 3/3/22 | Brown Rudnick | Invoice | Lalive SA – Debtor's Swiss counsel in connection with UBS action. | Invoice | Attorney-Client (privilege may be governed by Swiss law) | The withheld document is an invoice from counsel representing the Debtor in an action pending in Switzerland which action was filed solely to preserve the |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Debtor's rights to pursue UBS in Switzerland in the event that a motion filed in the UK Action to move the case from the UK to Switzerland was granted, it was not. The case filed in Switzerland, and to which the invoice relates, is effectively the same case as the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | same document in the UK Action, whether under UK law or Swiss law. |
| BR_KWOK 00027065 | 3/9/22 | Brown Rudnick | Email Thread | Melissa Francis, Esq., Jennifer Morrisey, Damon Parker, Edward Argles, Bennett Silverberg, Esq., Aaron Mitchell, Esq., and Robert Stark, Esq. | Advice regarding litigation fees and the potential harm to the Debtor in the UK Action of the production of the UBS litigation funding agreement in response to discovery requests made to the Debtor in his Bankruptcy case. | Attorney-Client. | The withheld document relates to advice from counsel representing the Debtor in UK Action and the impact that the production of a document in the Debtor's Bankruptcy case could have on the Debtor in the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | or disclosure of the same document in the UK Action. |
| BR_KWOK 00023917 | 3/17/22 | Brown Rudnick | Email Thread | Melissa Francis, Esq., Jennifer Morrisey, Edward Argles, Bennett Silverberg, Esq., | Comments from the Debtor's UK Action counsel regarding the description of the UK Action to be utilized in the Debtor's affidavit and other Bankruptcy Court filings. | Attorney-Client. | The withheld document relates to advice from counsel representing the Debtor in UK Action regarding disclosures to be made by the Debtor in his Bankruptcy Court filings related to the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |

| BR_KWOK 00023528 | 3/17/22 | Brown Rudnick | Email Thread | Melissa Francis, Esq., Jennifer Morrisey, Edward Argles, Bennett Silverberg, Esq., | Comments from the Debtor's UK Action counsel regarding the description of the UK Action to be utilized in the Debtor's affidavit and other Bankruptcy Court filings. | Attorney-Client. | The withheld document relates to advice from counsel representing the Debtor in UK Action regarding disclosures to be made by the Debtor in his Bankruptcy Court filings related to the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |
|---|---|---|---|---|---|---|---|
| BR_KWOK 00021709 | 3/17/22 | Brown Rudnick | Email Thread | Melissa Francis, Esq., Jennifer Morrisey, | Comments from the Debtor's | Attorney-Client. | The withheld document relates to advice from counsel representing the |

8

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Edward Argles, Bennett Silverberg, Esq., | UK Action counsel regarding the description of the UK Action to be utilized in the Debtor's affidavit and other Bankruptcy Court filings. | | Debtor in UK Action regarding disclosures to be made by the Debtor in his Bankruptcy Court filings related to the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |
| BR_KWOK 00021713 | 3/17/22 | Brown Rudnick | Attachment to email | Jennifer Morrisey, Edward Argles, | Comments from the Debtor's UK Action counsel regarding | Attorney-Client | The withheld document relates to advice from counsel representing the Debtor in UK Action regarding disclosures to be made by the Debtor |

9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | the description of the UK Action to be utilized in the Debtor's affidavit and other Bankruptcy Court filings. | | in his Bankruptcy Court filings related to the UK Action. The Privilege Order specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |
| BR_KWOK 00011133 | 5/10/22 | Brown Rudnick | Email | William R. Baldaga, Esq., Melissa Francis, Esq., Bennett Silverberg, Esq., Jeffrey Jonas, Esq., taxelrod@ brownrudnick.c | Advice concerning effect of dismissal of bankruptcy case on future bankruptcy | Attorney-Client | The privileged advice in the redacted portion of the email does not relate to Investigation Topics as that term is defined in the Privilege Order and no showing of personal harm is required to withhold the document |

10

|  |  |  |  | om (BCC), kaulet@brownrudnick.com (BCC) | filings. (requires redaction). |  | on the basis of attorney client privilege. |
|---|---|---|---|---|---|---|---|