# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>               Debtor.<br><br>HO WAN KWOK,<br><br>               Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>               Respondent. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

## MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 45, incorporated herein by Fed. R. Bankr. P. 9016, and Fed. R. Bankr. P. 9018, the debtor, Ho Wan Kwok (the "Debtor"), through his undersigned counsel, hereby moves for a protective order precluding the disclosure of the Debtor's asylum application (the "Asylum Application") to the Chapter 11 Trustee, Luc A. Despins (the "Trustee"). In support of his Motion, the Debtor respectfully states as follows:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1. On July 28, 2022, the Trustee filed his Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Various Legal and Financial Advisors to the Debtor (Doc. No. 637) (the "Professionals 2004 Motion"), seeking, *inter alia*, to conduct the examination of Clark Hill PLC ("Clark Hill").

2. Clark Hill was the Debtor's counsel with respect to the Asylum Application.

3. The Debtor filed a limited objection (Doc. No. 703), *inter alia*, to the Professionals 2004 Motion on August 5, 2022, on the grounds that if the proposed order filed therewith were entered and interpreted literally, it would preclude objections, including based upon privilege, in violation of Local Rule 2004-1.

4. On August 16, 2022, the Court entered the Order Granting Chapter 11 Trustee's Application for Rule 2004 Discovery with Respect to Various Legal and Financial Advisors to the Debtor (Doc. No. 756), which *inter alia*, permitted service of a subpoena upon Clark Hill, but directed that compliance was "[s]ubject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules[.]"

5. On August 18, 2022, the Trustee gave notice that it would serve a subpoena (the "Subpoena")[1] upon, *inter alia*, Clark Hill, which was subsequently served upon Clark Hill.

6. On September 14, 2022, the Court entered the Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information (Doc. No. 856) (the "Consent Order"). The Consent Order defined the scope of the Trustee's and Debtor's respective control of the attorney-client and work-product privileges and set forth certain procedures for disputes concerning the same. Moreover, the Consent Order specifically provided

> Nothing herein shall prevent the Debtor from asserting any and all privileges concerning legal matters unrelated to the Investigation Topics, such as unrelated criminal allegations or the Debtor's asylum application (other than documents related to the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.) [(the "Clark Hill Action")]] that relate to the merits of the legal malpractice action, as distinguished from the merits of the Debtor's asylum application, subject to the balancing test incorporated herein, **which does not relate to the substance of the asylum application**).

---

[1] A copy of the subpoena is attached hereto as **Exhibit A**.

(Consent Order, ¶ 4.) (emphasis added). The Investigation Activities are limited to the Debtors' assets, financial condition, or activities related to the administration of the bankruptcy estate, which, per the Consent Order, "does not relate to the substance of the asylum application." (*Id.*, ¶ 2.)

7.      During the hearings concerning the negotiation of the Consent Order, the Trustee and his counsel each represented, separately, that the Trustee did not seek the Debtor's Asylum Application:

> The debtor identifies his concerns about potentially privileged documents related to . . . things that have been made against him as well as his asylum application. ***We are not, in our investigation at this time, seeking any documents related to those issues***. (Tr. 8/30/22, **Exhibit B**, at 104: 6-11 (Bassett, N.) (emphasis added)).

> [T]he debtor contends, well as I said before, there's a concern that, you know, it's possible documents the trustee is seeking to have access to could involve potential . . . ***unrelated issues like his asylum application***, ***but, again, as I said before, we're not seeking to get those documents through our discovery requests***. (*Id.*, at 110: 12-19 (Bassett, N.) (emphasis added)).

> The debtor has identified one request in our subpoena directed to his former law firms and professionals, ***Request 17, that asks for information about legal disputes which could be read to include . . . his asylum application, we are willing to make clear on the record that we're not seeking to get that type of information and we'll limit that request accordingly***. (*Id.*, at 110: 20-111:2 (Bassett, N.) (emphasis added)).

> [***T***]***here is no basis that's been provided as to why documents would relate to assets, financial condition, or the administration of the estate, would have anything to do with the debtor's asylum application***. (*Id.*, at 137: 17-20 (Bassett, N.) (emphasis added)).

> But, again, if there is language we could work out to make clear if there's a document that talks about . . . ***his asylum application***, things like that, in his objection, I think we could work out language to put in the proposed order to again make clear that ***we are not seeking that***. (*Id.*, at 138: 24-139: 5 (Bassett, N.) (emphasis added)).

> [A]s we've made clear in our order, you know, ***there are carveouts designed to address specifically the concerns that the debtor has raised concerning privileged***

3

*communications that relate to . . . his asylum application*. (Tr. 9/6/22, **Exhibit C**, 49: 5-10 (Bassett, N.) (emphasis added)).

And that is exactly how we tried to craft our revised proposed order is to track those categories in that weigh of the case law and then to also make clear to address the debtor's concerns that he is still able to assert privileges over documents related to . . . his asylum application . . . . (*Id.*, at 76: 13-18 (Bassett, N.)).

So the balancing—[the court is] doing the balancing. [The court is] doing the balancing in a category-by-category document *with some very specific carveouts regarding . . . the asylum issue carved out, [the court is] doing the balancing*. (*Id.*, at 108: 9-15 (Despins, L.) (emphasis added)).

8. The Court expressly relied on the Trustee's and his counsel's representations when it entered the Consent Order-just as the Debtor did when it agreed to the Consent Order:

The Court: Well, I'm trying to figure out how we should proceed. And right now this was a continued hearing on the trustee's motion to have this court determine that he holds all the privileges of the debtor.

My understanding of that motion was that even though the trustee wants that order, *he would agree to carveout anything with regard to the asylum issue. . .*

*I mean, he was—he's not asserting and never has asserted that he's going to exercise that right.* (*Id.*, at 67: 20-68:5) (emphasis added)).

9. Thereafter, pursuant to discussions among the Debtor, Clark Hill, the Trustee, and their counsel, it was agreed that Clark Hill would produce documents responsive to the Subpoena to the Debtor's counsel for review. Clark Hill produced documents to the Debtor, which included the Asylum Application. Counsel for the Debtor has asserted to the Trustee's counsel and Clark Hill's counsel that the Asylum Application is prohibited from disclosure. However, the Trustee's counsel, despite the Trustee's representations to the Court that the Subpoena did not seek the Debtor's Asylum Application, now asserts that the Asylum Application must be produced to him. Thus, the Debtor filed this Motion.

4

## II.  JURISDICTION AND VENUE

10. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court for this case and this Motion pursuant to 28 U.S.C. §§ 1408 and 1409, respectively.

## III.  LEGAL BASIS FOR RELIEF

11. Fed. R. Bankr. P. 9018 provides in relevant part that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . (3) to protect governmental matters that are made confidential by statute or regulation. . . ."

> When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – "any order which justice requires." The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.

*In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

12. Moreover, Fed. R. Civ. P. 45(d)(3) permits the Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" A party who is not a party to a subpoena has standing to quash or modify a subpoena to protect a "personal right or privilege with regard to the documents sought." *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (citation and quotation marks omitted).

13. The Immigration and Nationality Act "prohibits the disclosure of information pertaining to any asylum application. . . ." *Zhong Rong Li v. Gonzales*, 181 F. App'x 124, 128 (2d Cir. 2006). Specifically, 8 C.F.R. § 1208.6(a) provides:

> Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's

5

implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General.

14. Here, it is clear that the Asylum Application is protected from disclosure by 8 C.F.R. § 1208.6(a), and that no exception is applicable to permit disclosure. *See* 8 C.F.R. § 1208.6(c)-(e). In addition, the Asylum Application does not relate to the Investigation Activities of the Trustee – i.e., investigating the Debtor's assets, financial condition, and administration of the estate—a fact that the Trustee's counsel repeatedly represented to the Court during the hearings concerning the Consent Order, and the Court expressly relied on the Trustee's representation that he would not seek to compel production of the Debtor's Asylum Application when it entered the Consent Order. (*See* paragraphs 7-8 above). Moreover, in light of the fact that the Subpoena had already been served when the Trustee's counsel made these representations in open court—and the Court relied on them when it entered the Consent Order—either (i) the Subpoena does not seek to compel the production of the Debtor's Asylum Application, *i.e.,* the Asylum Application is nonresponsive to the Subpoena; or (ii) the Trustee and his counsel affirmatively misrepresented their intentions to the Court. Presumably the former is the case—but the end result is the same: the Trustee cannot compel Clark Hill to produce the Debtor's Asylum Application to him or his counsel.

15. For the reasons set forth above—most notably the Trustee's and his counsel's representations to the Court, it is obvious that the Trustee does not seek the Asylum Application as part of his investigation, but, rather, he improperly seeks to obtain highly confidential information in order to gain leverage over the Debtor, given that the Trustee is well aware of the persecution of the Debtor by the Chinese Communist Party. Moreover, even if i) the Trustee could

6

establish that the Asylum Application is relevant to the administration of the Debtor's estate, which he cannot, or ii) the Trustee had not repeatedly represented to the Court that he would not seek to compel anyone to produce the Debtor's Asylum Application through the Subpoena, which he did, the clear protection of 8 C.F.R. § 1208.6(a) precludes disclosure of the Asylum Application to the Trustee.

**WHEREFORE,** the Debtor respectfully requests that the Court grant this Motion, enter an order precluding the disclosure of the Asylum Application to the Trustee, and grant him such other and further relief as justice requires.

Dated at Bridgeport, Connecticut on this 2nd day of November, 2022.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ Aaron A. Romney*
Aaron A. Romney (ct28144)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: aromney@zeislaw.com
       jcesaroni@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>                 Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |
| HO WAN KWOK,<br><br>                 Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>                 Respondent. | |

**PROPOSED ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

Upon the Motion for Protective Order (the "Motion"), filed by the debtor, Ho Wan Kwok, having come before the Court, and there being due and sufficient cause to grant the requested relief, it is hereby

**ORDERED**, that the Motion is in all respects **GRANTED**, and it is further

**ORDERED**, that Clark Hill LLP is precluded from producing the Asylum Application[2] to the Trustee.

---

[2] Capitalized terms herein shall have the same meaning as in the Motion, unless otherwise indicated.

8

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>    Debtor.<br><br><br>HO WAN KWOK,<br><br>    Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>    Respondent. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**NOTICE OF CONTESTED MATTER RESPONSE DEADLINE**

Ho Wan Kwok (the "Debtor") has filed a Motion for Protective Order (the "Contested Matter") in the above-captioned case. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than November 16, 2022. In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. section 102 (1).

                **THE DEBTOR,**
                **HO WAN KWOK**

                */s/ Aaron A. Romney*
                Aaron A. Romney (ct28144)
                10 Middle Street, 15th Floor
                Bridgeport, Connecticut 06604
                Telephone: (203) 368-4234
                Facsimile: (203) 368-5487
                Email: aromney@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>               Debtor. | Chapter 11<br><br>Case No:  22-50073 (JAM) |
| HO WAN KWOK,<br><br>               Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>               Respondent. | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2022, copies of foregoing Motion for Protective Order, exhibits thereto, Proposed Order, and Notice of Contested Matter Procedure were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                               **THE DEBTOR,**
                                               **HO WAN KWOK**

                                               */s/ Aaron A. Romney*
                                               Aaron A. Romney (ct28144)
                                               10 Middle Street, 15th Floor
                                               Bridgeport, Connecticut 06604
                                               Telephone: (203) 368-4234
                                               Facsimile: (203) 368-5487
                                               Email: aromney@zeislaw.com