# **<u>EXHIBIT B</u>**

```
                  UNITED STATES BANKRUPTCY COURT
                     DISTRICT OF CONNECTICUT
                       BRIDGEPORT DIVISION


In Re                            *   Case No. 22-50073 (JAM)
                                 *
    HO WAN KWOK,                 *   Bridgeport, Connecticut
                                 *   August 30, 2022
          Debtor.                *
                                 *
* * * * * * * * * * * * * * * *

      TRANSCRIPT OF ORDER SCHEDULING STATUS CONFERENCE;
        MOTION FOR ORDER ESTABLISHING REPAIR RESERVE
         FOR LADY MAY; MOTION TO EXPEDITE HEARING;
          MOTION TO STAY PENDING APPEAL ESTABLISHING
       REPAIR RESERVE FOR THE LADY MAY; MOTION TO STAY
           SECS.523/727 ADVERSARY PROCEEDINGS; MOTION
        FOR ORDER PROVIDING THAT CONTROL OF PRIVILEGES
      PASSED TO TRUSTEE UPON APPOINT AND FOR RELATED RELIEF
              BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtor,                  STEPHEN M. KINDSETH. ESQ.
 HK International and            AARON ROMNEY, ESQ.
 Mei Guo:                        ERIC HENZY, ESQ.
                                 Zeisler & Zeisler, P.C.
                                 10 Middle Street, 15th Floor
                                 Bridgeport, CT  06604



For the Creditor, Pacific        LAURA ARONSSON, ESQ.
 Alliance Asia Opportunity       STUART M. SARNOFF, ESQ.
 Fund L.P.:                      O'Melveny & Myers LLP
                                 Times Square Tower
                                 7 Times Square
                                 New York, NY  10036

                                 PATRICK BIRNEY, ESQ.
                                 Robinson & Cole
                                 28 Trumbull Street
                                 Hartford, CT  06103

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
APPEARANCES:   (Cont'd)

For the Creditors Committee:   IRVE GOLDMAN, ESQ.
                               Pullman & Comley
                               850 Main Street
                               Bridgeport, CT  06601

For the U.S. Trustee:          HOLLEY CLAIBORN, ESQ.
                               Office of the United States
                                 Trustee
                               The Giaimo Federal Building
                               150 Court Street, Room 302
                               New Haven, CT  06510

Chapter 11 Trustee:            LUC A. DESPINS, ESQ.
                               Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166

Counsel for the                NICHOLAS BASSETT, ESQ.
 Chapter 11 Trustee:           Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166

                               PATRICK R. LINSEY, ESQ.
                               Neubert, Pepe & Monteith, P.C.
                               195 Church Street, 13th Floor
                               New Haven, CT  06510


For Verdolino & Lowey:         WILLIAM BALDIGA, ESQ.
                               Brown Rudnick
                               Seven Times Square
                               New York, NY  10036
```

1  are limiting that.

2  If you look at the request for release section of
3  our motion, which we cited again in our reply, we're looking
4  specifically for assets of the estate, his financial
5  condition and matters relating to administration.

6  The debtor identifies his concerns about
7  potentially privileged documents related to criminal issues
8  such as allegations of rape and false imprisonment and other
9  things that have been made against him as well as his asylum
10 application.  We are not, in our investigation at this time,
11 seeking any documents related to those issues.

12 Again, we're focused on assets and an
13 investigation that hopefully be used to augment this estate.

14 Second, Your Honor, we're not asking for a waiver
15 or any control over privileges that belong to other parties.
16 And, in fact, I don't know how one could even read our
17 motion to be requesting that relief.

18 We are, to be clear, seeking a determination that
19 the trustee has succeeded to any privileges that the debtor
20 holds with other parties in terms of a common interest or a
21 joint defense privilege.  And we cite case law for that in
22 our motion.  And I don't think that's contested, frankly.

23 But what we're not seeking, what the debtor seems
24 to suggest we are seeking, but we're not, is an order from
25 the Court that the trustee now controls any privilege that

1 that very specifically seek documents related to assets of

2 the estate, other transactional matters involving the debtor

3 prior to the bankruptcy, and other things that simply do not

4 implicate the types of concerns regarding criminal

5 liability, et cetera, that this debtor is worried about.

6 So there's nothing in the approach that the *Foster*

7 case was concerned about that we're trying to ask the Court

8 to do here.

9 And frankly, if you look at other cases, there are

10 plenty of other cases that have issued the type of order

11 that we're asking this court to issue, including one of the

12 cases we cite is the *In re Tarkington* case from the Eastern

13 District of North Carolina in 2010.

14 There, there was an investigation into potential

15 estate assets. The trustee wanted to depose an attorney who

16 represented the debtor prior to the bankruptcy, and what the

17 Court ended up doing was, all right, I'm going to let the

18 deposition go forward, here is what I consider to be within

19 the scope of the privilege.

20 All of the privilege related to assets of the

21 estate, et cetera, has passed to the trustee. Anything that

22 could go under criminal liability or those things could

23 still be covered by a privilege.

24 So you can go take the deposition, and counsel to

25 the debtor can interpose objections consistent with that,

1              These are cases where the issue was the trustee

2      was trying to investigate assets of the estate that would

3      potentially relate in, you know, augmenting the estate, of

4      the value of those assets.

5              And what the courts held in those cases is that

6      this is a situation where the debtor would benefit from

7      that.

8              These are -- when the debtor's estate is augmented

9      by additional -- the location of causes of action or the

10     identification of other assets he benefits.  He's not harmed

11     by that.

12             So, you know, the debtor contends, well, as I said

13     before, there's a concern that, you know, it's possible

14     documents that the trustee is seeking to have access to

15     could involve potential criminal liability, whether it's the

16     rape allegations that he mentioned, false imprisonment, or

17     completely unrelated issues like his asylum application,

18     but, again, as I said before, we're not seeking to get those

19     documents through our discovery requests.

20             The debtor has identified one request in our

21     subpoena directed to the debtor's former law firms and

22     professionals, Request 17, that asks for information about

23     legal disputes which could be read to include criminal

24     actions against him, to the extent there are any, or his

25     asylum application, we're willing to make clear on the

1    record that we're not seeking to get that type of

2    information and we'll limit that request accordingly.

3             I mean, the only plausible scenario where the

4    debtor could say that he has a document that is responsive

5    to our subpoena, but also could result in harm to him, is

6    that there's some document that relates to his assets,

7    relates to the topics that we're seeking to explore, and

8    also somehow implicates his criminal liability.

9             But the debtor has not even offered one hint of

10   what that could be.  He's come forward with nothing to

11   suggest other than, as he said in his opposition,

12   allegations of false imprisonment and the like.

13            There is no reason to believe that he's given of

14   that we have that I could even imagine as to why the

15   documents we're seeking related to, for example, his

16   interest in the New York condominium, the Lady May, to all

17   the other private jets and things like that that he's talked

18   about, there's no conceivable scenario where those documents

19   would relate to these types of issues.

20            So this idea that the balancing test would weigh

21   in favor of not passing control over of these privileges to

22   the estate is just -- I think there's no weight to that.

23            The debtor also raises, Your Honor, the non-

24   dischargeability actions that have been filed against him.

25   And he says that while there's a concern there I could be

1  all.  So there's just no legitimate concern at all that
2  somehow we're going to get information related to these
3  actions.
4          And by the way, we're not going to share the
5  documents we get with the plaintiffs to those actions, so
6  this idea of a concern on the 523 actions, again, I think is
7  just -- it's really nonexistent.
8          A couple -- a couple more points, Your Honor,
9  before I wrap up.  At least on my opening remarks.
10         The debtor in his objection, although he initially
11 says the Court shouldn't issue any ruling here, he says,
12 well, if the Court does, it could issue certain guidance.
13         And the way I think the debtor frames that
14 guidance is to say that the Court could direct the
15 recipients -- and this is in paragraph 33 of the objection -
16 - the Court could direct the recipients of the subpoenas to
17 withhold documents on the basis of privilege, quote, "Only
18 documents that they believe potentially implicate harm to
19 the debtor such as criminal allegations, facts relating to
20 non-dischargeability, or facts that have nothing to do with
21 the debtor's estate, such as his pending asylum application.
22         Now, some of that actually sounds consistent with
23 the remarks I've given today, but I think it also highlights
24 sort of what we're also worried about and the mischief that
25 could result if an order specific to that language is

1  questions.  Thank you.

2  　　　　　MR. ROMNEY:  Thank you, Your Honor.

3  　　　　　MR. BASSETT:  Your Honor, just briefly in

4  response.  I think I might stay here this time if that's

5  okay.

6  　　　　　THE COURT:  That's fine.

7  　　　　　MR. BASSETT:  So Mr. Romney, in addressing our

8  proposed changes to the language, I think his position was

9  that, well, we're still not providing for the application of

10 a balancing test because if what we're saying is that

11 privileges related to the debtor's assets, financial

12 condition, or the administration of his estate, pass to the

13 trustee, it doesn't account for the possibility that there's

14 some other personal, individual interest, criminality or

15 otherwise that the debtor might have.

16 　　　　　And I think the fallacy in that logic is that

17 there is no basis that's been provided as to why documents

18 would relate to assets, financial condition, or the

19 administration of the estate, would have anything to do with

20 the debtor's asylum application, with criminal allegations

21 that are made against -- that have been made against him for

22 rape or false imprisonment.

23 　　　　　I mean, if the debtor's concern is that there

24 could be hypothetically a document where the debtor was

25 having a conversation with his counsel about both false

1  unrelated criminal liability or, you know, the particular

2  things, again, that he's mentioned, his asylum application,

3  things like that, in his objection, I think we could work

4  out language to put in the proposed order to again make

5  clear that we're not seeking that.

6  I think there are other tweaks we would need,

7  including to reserve our right to the extent of any withheld

8  documents that we think might be relevant to the trustee's

9  investigation on a crime-fraud exception to the attorney-

10 client privilege, for example, but I do think there is a way

11 to work out some language that could address some of the

12 debtor's concerns.

13 But, again, it cannot be a situation where the

14 debtor gets to decide when he's harmed by the disclosure of

15 a document because that is an open invitation for him to

16 just withhold documents that he doesn't want us to see.

17 Thank you, Your Honor.

18 THE COURT: Thank you.

19 MR. ROMNEY: Your Honor, if I may?

20 THE COURT: Yes.

21 MR. ROMNEY: Very, very briefly.

22 I've already said creating a privilege log is not

23 deciding.

24 But I do want to make one perhaps significant

25 clarification, which is, these order -- the proposed order

1        MR. BASSETT:  Thank you, Your Honor.

2        THE COURT:  Is there anything else that we can

3  address today in the case?

4      (No response)

5        THE COURT:  Okay.  This was the last matter on

6  today's calendar, so we will see you next Tuesday at 1:00

7  p.m., and court is adjourned.

8      (Proceedings concluded at 4:29 p.m.)

9        I, CHRISTINE FIORE, court-approved transcriber and

10 certified electronic reporter and transcriber, certify that

11 the foregoing is a correct transcript from the official

12 electronic sound recording of the proceedings in the above-

13 entitled matter.

14

15 *Christine Fiore*

16 _____        September 10, 2022

17 Christine Fiore, CERT

18     Transcriber