# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>            Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

## THE DEBTOR'S CLAWBACK NOTICE

Pursuant to the Bankruptcy Court's October 13, 2022, Order Granting Motion for Entry of Order Authorizing Compliance with Rule 2004 Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information [ECF 962] (the "Order"), the Debtor, Ho Wan Kwok, by and through his undersigned counsel, hereby gives notice that he is exercising his rights under the Order and Fed. R. Civ. P. 26(b)(5)(B), as incorporated into the Order, to clawback documents produced to the Trustee by Brown Rudnick as identified on the attached Clawback Log, Documents of Brown Rudnick.[1] Pursuant to Fed. R. Civ. P. 26(b)(5)(B) upon receipt of this written notice the Trustee "must promptly return, sequester, or destroy the specified information [on the Clawback Log] and any copies [he] has; must not use or disclose the information until the claim is resolved; [and] must take reasonable steps to retrieve the information if [he has] disclosed it before being notified; . . .".

---

[1] The Debtor files his Debtor's Clawback Notice along with the attached Clawback Log to both provide notice to the Trustee of the Debtor's exercise of his clawback rights and in compliance with the Order's requirement that the Debtor file on the docket a log identifying clawed back documents within two (2) days of the Debtor providing the Trustee notice of clawback.

The Debtor gives further notice that he has provided the Trustee with a redacted copy of the document listed on the Clawback Log as Bates stamped BR_KWOK 00035993 to replace the non-redacted copy that has been clawed back.[2]

Dated at Bridgeport, Connecticut this 3rd day of November, 2022.

                                      **THE DEBTOR,**
                                      **HO WAN KWOK**

*/s/ James M. Moriarty*
James M. Moriarty (ct21876)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5467
Email: jmoriarty@zeislaw.com

---

[2] The Debtor's counsel's review of documents produced to the Trustee by Brown Rudnick pursuant to the Order is ongoing. The Debtor reserves his right to clawback additional documents should the ongoing review reveal additional documents that are subject to clawback in accordance with the terms of the Order.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

<i>/s/ James M. Moriarty</i><br>
James M. Moriarty

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HO WON KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | November 3, 2022 |
| | : | |

### CLAWBACK LOG, DOCUMENTS OF BROWN RUDNICK

| Bates | Date | Custodian | Type of Document | Parties | Subject | Claimed Privilege | Personal Harm |
|---|---|---|---|---|---|---|---|
| BR_KWOK 00032126; BR_KWOK 00040982 | 10/19/21 | Brown Rudnick | Agreement | Golden Spring (New York) Ltd., Kwok Ho Wan, Ace Decade Holdings Limited and Dawn State Limited | Litigation Funding | Attorney-Work Product.[1] | The withheld document relates to an action pending in the United Kingdom styled *Kwok Ho Wan v. UBS AG*, Claim No. CL-2020-000345 (High Court of Justice Business and Property Courts of England and Wales Commercial Court) (the "UK Action"). The |

---

[1] *See Cont'l Circuits LLC v. Intel Corp*, 435 F. Supp. 3d 1014, 1021 (D. AZ 2020) (concluding that litigation funding agreements were prepared because of litigation and therefore constitute attorney work product). *See also Lambeth Magnetic Structures, LLC v. Seagate Tech (US) Holdings, Inc.*, 2017 U.S. Dist. LEXIS 215773, *16-*17 (W.D. Pa, Jan. 18, 2018) (holding that communications with litigation funders and funding agreement are work product and denying motion to compel the production of same).

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Bankruptcy Court's September 14, 2022, Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information (the "Privilege Order") specifically recognizes that the Debtor may have privileges under the laws of the United Kingdom that could be asserted by the Debtor in the UK Action. *See* Privilege Order, at sec. 9. The Debtor has thus withheld this document from production for the express purpose of ensuring that he is preserving, and not waiving, any privilege that he may have to assert against production or disclosure of the same document in the UK Action. |
| | | | | | | |

| BR_KWOK 00035993 | 5/10/22 | Brown Rudnick | Email | William R. Baldaga, Esq., Melissa Francis, Esq., Bennett Silverberg, Esq., Jeffrey Jonas, Esq., taxelrod@brownrudnick.com (BCC), kaulet@brownrudnick.com (BCC) | Advice concerning effect of dismissal of bankruptcy case on future bankruptcy filings. (requires redaction). | Attorney-Client | The privileged advice in the redacted portion of the email does not relate to Investigation Topics as that term is defined in the Privilege Order and no showing of personal harm is required to withhold the document on the basis of attorney client privilege. |