**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                       :

In re:                                :     Chapter 11
                                         :
HO WAN KWOK, *et al*.,[1]          :     Case No. 22-50073 (JAM)
                                         :
           Debtors.            :     (Jointly Administered)
                                         :
-------------------------------------------------------x
                                         :

In re:                                :     Chapter 11
                                         :
GENEVER HOLDINGS LLC,      :     Case No. 22-50592 (JAM)
                                         :
           Debtor.             :
                                         :
-------------------------------------------------------x

**SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC FOR OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM; (II) APROVING FORM OF NOTICE OF BAR DATES; AND (III) GRANTING RELATED RELIEF**

Luc Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the

chapter 11 case of Ho Wan Kwok (the "<u>Individual Debtor</u>"), Genever Holdings Corporation

("<u>Genever (BVI)</u>"), and Genever Holdings LLC ("<u>Genever (US)</u>" and, together with the Trustee,

and Genever (BVI), the "<u>Movants</u>") submit this supplemental motion (the "<u>Supplemental</u>

<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the

"<u>Proposed Order</u>"), pursuant to section 502(b)(9) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation.  The mailing address for the Trustee and the Genever (BVI) Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

"Bankruptcy Rules"), (a) setting the bar dates for filing proofs of claim in the chapter 11 cases of the Individual Debtor, Genever (BVI), and Genever (US) (collectively, the "Debtors" and their chapter 11 cases, the "Chapter 11 Cases"), (b) approving the form of notice of bar dates, and (c) granting related relief.  In support of the Supplemental Motion, the Movants respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Through this Supplemental Motion, the Movants respectfully request entry of an order establishing the bar dates to file proofs of claim in the chapter 11 cases of the Individual Debtor, Genever (BVI), and Genever (US) as well as granting certain related relief.  In particular, the Movants request that the Court approve a general claims bar date of **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)** for all persons or entities (including governmental units) asserting claims against any of the Debtors, except that the bar date for governmental units to assert claims against Genever (BVI) shall be set for **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)**.[2]

2.      As the Trustee previously explained at the August 1, 2022 status conference, the Trustee deferred seeking entry of a bar date order in the Individual Debtor's chapter 11 case until after venue of Genever (US)'s chapter 11 case was transferred from the Southern District of New York to this Court, so that a single bar date could be established for chapter 11 cases of the Individual Debtor and Genever (US).[3]  In particular, a new bar date should be established in

---

[2]     As explained below, a separate governmental bar date is necessary for claims against Genever (BVI) because a governmental bar date may not be set earlier than 180 days after the petition date, and Genever (BVI) only commenced its chapter 11 case on October 11, 2022.  For the avoidance of doubt, all governmental units must file their claims against the Individual Debtor and/or Genever (US) by January 13, 2023 at 11:59 p.m. (prevailing Eastern Time).

[3]     As the Court is well aware, prior to the appointment of the Trustee, the Individual Debtor wholly owned Genever (BVI), which, in turn, wholly owns Genever (US).

2

Genever (US)'s case because only a few direct creditors of Genever (US), but not creditors of the Individual Debtor, received notice of the bar date previously established in Genever (US)'s chapter 11 case. Importantly, creditors of the Individual Debtor should be given the opportunity to assert claims against the Genever entities, including on the basis that these entities are or were *alter egos* of the Individual Debtor. In fact, one of the Individual Debtor's largest creditors, Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), which was among the creditors that was notified of the prior bar date in Genever (US)'s case, did just that. Absent re-setting the bar date in Genever (US)'s case, creditors of the Individual Debtor would effectively be structurally subordinated to the claims of the handful of creditors that did file proofs of claims in Genever (US)'s case because they would be limited to the equity value, if any, that remains at Genever (US) after satisfying the claims (to the extent allowed) of the few creditors that did file proofs of claim in Genever (US)'s case. All creditors of the Individual Debtor should be given the opportunity to assert claims against Genever (US).[4]

3. For these reasons, the Movants propose to modify the proof of claim form so as to allow holders of claims against the Individual Debtor to elect to also assert their claim against Genever (BVI) and Genever (US) on the basis that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor. To be clear, the Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any such claims, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor. For the avoidance of doubt, any creditor of the Individual Debtor that has a separate claim against Genever (BVI) and/or Genever (US) (*i.e.*, in addition to a claim based on

---

[4]    Of course, entities that previously filed a proof of claim in Genever (US)'s chapter 11 case will not be required to file a new proof of claim.

*alter ego*) must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

4.     Now that Genever (US)'s chapter 11 case has been transferred to this Court, the Movants request entry of the Proposed Order (a) setting the bar dates for filing proofs of claim in the Chapter 11 Cases, (b) approving the form of notice of bar dates, and (c) granting related relief.  A blackline of the Proposed Order (including exhibits) marked to show changes against the proposed order filed by the Trustee on July 28, 2022 is attached hereto as **Exhibit B**.[5]

## JURISDICTION AND VENUE

5.     The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This matter is a core proceeding under 28 U.S.C. § 157(b).

6.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The bases for the relief requested herein are section 502(b)(9) of title 11 of the Bankruptcy Code and Bankruptcy Rule 3003(c).

## BACKGROUND

**I.     The Individual Debtor's Chapter 11 Case**

8.     On February 15, 2022 (the "Individual Debtor Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9.     On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Individual Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

---

[5]     With respect to Annex II to the Proposed Order, the changes to the Claim Form have been highlighted in yellow.

10.     On March 30, 2022, the Individual Debtor filed a bar date motion [Docket No. 146] (the "Original Bar Date Motion").[6]  The Court did not rule on the Original Bar Date Motion.

11.     On June 15, 2022, the Court entered a memorandum of decision and order (ECF No. 465) (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

12.     On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case [Docket No. 523] (the "Appointment Order").

13.     On July 28, 2022, the Trustee filed a revised proposed bar date order proposing a October 28, 2022 general bar date for proofs of claim filed in the Debtor's case.  As discussed at the August 1, 2022 status conference, despite having filed the proposed bar date order, the Trustee requested the Court adjourn consideration of the bar date order until such time as Genever US's chapter 11 case has been transferred to this Court so that a single bar date could be set in both the Individual Debtor's chapter 11 case and Genever (US)'s chapter 11 case.

## II.     Genever (US)'s Chapter 11 Case

14.     On October 12, 2020 (the "Genever (US) Petition Date"), Genever (US) filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

15.     No trustee or official committee of unsecured creditors has been appointed in Genever (US)'s chapter 11 case.

---

[6]     On April 26, 2022, the Individual Debtor filed an amended proposed bar date order [Docket No. 262] with minor changes to the proposed bar date order attached to the Original Bar Date Motion.

16.     Genever (US)'s only scheduled assets are the Residence at the Sherry Netherland Hotel (the "Sherry Netherland Apartment") in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.

17.     By order dated January 30, 2021 [Docket No. 46 in Case No. 20-12411 (JLG)], the New York Bankruptcy Court set the general bar date to file proofs of claim against Genever (US) for March 10, 2021.  At the time, the bar date notice was only served on the handful of direct creditors of Genever US as well as certain government entities, but it was not served on any creditors of the Individual Debtor (other than PAX).[7]

18.     On September 30, 2022, the Trustee and Genever (US) file their joint motion to transfer venue of Genever (US)'s chapter 11 case to this Court [Docket No. 211 in Case No. 20-12411 (JLG)] (the "Venue Transfer Motion").

19.     By order dated November 3, 2022, the New York Bankruptcy Court granted the Venue Transfer Motion.

20.     Concurrently with the filing of this Supplemental Motion, the Movants have filed a motion requesting that Genever (US)'s chapter 11 case be jointly administered with the chapter 11 cases of the Individual Debtor and Genever (BVI).

### III.    Genever (BVI)'s Chapter 11 Case

21.     On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever (BVI) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

---

[7]     *See* Declaration of Service, dated February 4, 2021, *In re Genever Holdings LLC*, Case No. 20-12411 (JLG) (Bankr. S.D.N.Y.) [Docket No. 48].  Only five creditors have filed proofs of claim in Genever (US)'s chapter 11 case: Sherry-Netherland, Inc., PAX, Bravo Luck Limited ("Bravo Luck"), Golden Spring (New York) Ltd., and the Debtor's son, *i.e.*, Qiang Guo.

22.     No trustee or official committee of unsecured creditors has been appointed in

Genever (BVI)'s chapter 11 case.

23.     October 14, 2022, the Court entered an order granting joint administration of the

Individual Debtor's chapter 11 case and Genever (BVI)'s chapter 11 case [Docket No. 970].

## **RELIEF REQUESTED**

24.     The Movants respectfully request entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), granting the following relief:

a.      Establishing the following bar dates for the filing of proofs of claim (each, a "Proof of Claim") in the chapter 11 cases of the Individual Debtor, Genever (BVI), and Genever (US):

    i.      For all entities (including governmental units) asserting claims against the Individual Debtor and/or Genever (US), **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date");[8]

    ii.     For all entities (other than governmental units) asserting claims against Genever (BVI), **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time),** *i.e.*, General Bar Date; and

    iii.    For governmental units asserting claims against Genever (BVI), **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates");[9]

b.      Approving procedures for filing Proofs of Claim;

c.      Approving the proposed Bar Date Notice (as defined below) and related procedures; and

d.      Approving the proposed form of publication notice (the "Publication Notice").

---

[8]     For the avoidance of doubt, the General Bar Date also applies to any claim by governmental units against the Individual Debtor and/or Genever (US).

[9]     A separate governmental bar date is necessary for Genever (BVI) because under Bankruptcy Rule 3002(c)(1), governmental units have 180 days after the petition date to file proofs of claim.  This only affects Genever (BVI)'s chapter 11 case because the chapter 11 cases of the Individual Debtor and Genever (US) have each been pending for more than 180 days.

## I.    **Bar Dates**

25.    Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.  Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against a Debtor that arose prior to its petition date, and whose claim is not scheduled in a Debtor's schedules of assets and liabilities (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim

26.    The Movants propose to establish the same General Bar Date for the chapter 11 cases of the Individual Debtor, Genever (BVI), and Genever (US), except that the deadline to file claims by governmental units against Genever (BVI) shall be set for 180 days after the Genever (BVI) Petition Date.  To be clear, and as further detailed below, the Movants are seeking to set a General Bar Date for the chapter 11 case of Genever (US) notwithstanding that a bar date had previously been set by the New York Bankruptcy Court.

27.    For the avoidance of doubt, the Bar Dates are the dates and times by which all entities must submit Proofs of Claim, unless such entity or entities' Proof of Claim falls within one of the exceptions set forth in this Supplemental Motion.  Subject to these exceptions, the Bar Dates would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the relevant Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.  The Debtors submit that the timeframes and procedures proposed in this Supplemental Motion will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

II.    **Procedures for Filing Proofs of Claim**

A.    **Parties Required to File Proofs of Claim**

28.    Except as otherwise set forth herein, the Movants respectfully request that the Court require each of the following entities holding claims against the Debtors arising before the applicable petition date to file Proofs of Claim on or before the applicable Bar Date:

a.    any entity whose claim against the Debtors is not listed in the Debtors' Schedules or is listed as contingent, unliquidated or disputed if such entity desires to participate in the Chapter 11 Cases or share in any distribution in the Chapter 11 Cases; and

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules.

B.    **Parties <u>Not</u> Required to File Proofs of Claim**

29.    The Movants request that, notwithstanding anything to the contrary contained herein, the Court exempt the following entity or entities from any requirement to file a Proof of Claim before the applicable Bar Date:

a.    any person whose claim is listed on the Schedules, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

b.    any person whose claim has been paid in full;

c.    a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

d.    a claim for which a separate deadline has been fixed by this Court;

e.    any person that already has filed a Proof of Claim against the Debtors in the Chapter 11 Cases (including a Proof of Claim against Genever (US) while its case was pending in the New York Bankruptcy Court) in a form that is substantially similar to the Official Form; or

f.    any person not required to file a proof of claim pursuant to any order of this Court.

### C.    Form of Proof of Claim and Filing Proofs of Claim

30.    The Movants request that the Court approve the form for filing a Proof of Claim based on Official Form 410 (including the related instructions) substantially in the form annexed as Annex II to the Proposed Order (the "Claim Form").

31.    With respect to preparing and filing of a Proof of Claim, the Movants propose that each Proof of Claim be required to be consistent with the following:

a.    Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form");[10] and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.    All Proofs of Claim must be filed so as to be received on or before the applicable Bar Date by the Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court by the General Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court.

**Proofs of Claim may <u>not</u> be delivered by facsimile, telecopy, or electronic mail transmission.**

c.    Any entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or governmental units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable petition date, pursuant to such executory contract or unexpired lease (other than a claim for

---

[10]    The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.

rejection damages), must file a Proof of Claim for such unpaid amounts on or before the Bar Date, unless another exception applies.

d.   If the Movants amend or supplement the Schedules of Assets and Liabilities (the "Schedules") after the notice of the Bar Date has been given in accordance with the terms of the Bar Date Order, then the Movants shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing; provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a Proof of Claim.

32.    In addition, the Claim Form has been modified to allow holders of claims against the Individual Debtor to elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor.

33.    The Bar Date Notice (as defined below) describes the *alter ego* issue as follows:

- If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors.  To be clear, if a creditor holds a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable, must be filed.

- Generally, when analyzing *alter ego* claims, courts look to (1) whether the relevant entities/persons operated as a single economic unit and (2) whether there was an overall element of injustice or unfairness in maintaining the separateness between the Individual Debtor and the Genever Debtors.  In analyzing these issues, courts generally consider a number of factors, including whether the entity that is the alleged *alter ego* entity was adequately capitalized, observed corporate formalities, and/or was a façade for the person in control of the *alter ego* entity. To be clear, the foregoing list of factors is not exhaustive and no single factor is dispositive.  The Bar Date Notice makes clear that creditors should consult their attorney regarding these matters.

- The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is

the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

### III.    Consequences of Failure to File a Proof of Claim

34.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in the Chapter 11 Cases.

### IV.    Procedures for Providing Notice of the Bar Dates

35.    The Movants propose the following procedures (the "Procedures") for providing mailing and publication notice of the Bar Dates:

### A.    Bar Date Notices

36.    Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (l), the Movants propose to provide notice of the Bar Dates to all parties in interest as follows:

a.    within seven (7) business days after entry of the Proposed Order, the Movants propose to cause written notice of the Bar Dates, substantially in the form annexed as Annex I to the Proposed Order (the "Bar Date Notice") to be served via first class mail to the following entities (or their respective counsel, if known):

        i.    the United States Trustee;

        ii.    counsel to the Committee;

        iii.    all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Movants by any such creditor or by returned mail from the post office with a forwarding address; provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtors' Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and

Unliquidated Creditors (Appendix K), substantially in the form attached to the Proposed Order as <u>Annex IV</u> (the "<u>Local Rule 3003-1 Notice</u>");

iv.    all parties actually known to the Movants as having potential claims against the Debtors;

v.    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Movants by any such counterparty or by returned mail from the post office with a forwarding address;

vi.    the attorneys of record to all parties to pending litigation against the Debtors (as of the date of entry of the Bar Date Order);[11]

vii.    the Internal Revenue Service, the Securities and Exchange Commission, the attorneys general for the states of Connecticut and New York, and local taxing authorities in Connecticut and New York;

viii.    all persons or entities that have filed claims in the Chapter 11 Cases (as of the date of entry of the Bar Date Order);

ix.    all parties who have sent correspondence to the Court and that are listed on the Court's electronic docket for the Chapter 11 Cases (as of the date of entry of the Bar Date Order);

x.    all parties who have sent correspondence to the Trustee regarding assets of, or claims against, the Estate.

xi.    all parties who have requested notice pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases (as of the date of entry of the Bar Date Order); and

xii.    such additional persons and entities as deemed appropriate by the Movants.

37.    The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding (i) who must file a Proof of Claim, (ii) the procedures for filing a

---

[11]    The Individual Debtor shall provide the Trustee with such information within two (2) business days of entry of this Bar Date Order.

Proof of Claim, and (iii) the consequences of failure to timely file a Proof of Claim.  The Movants

request the Court approve the use of the Bar Date Notice as set forth in this Supplemental Motion

### B.     Publication Notice

38.     In addition to the foregoing, the Movants propose to publish the Bar Date Notice

as soon as reasonably practicable after the date on which the Proposed Order is entered, modified

for publication in substantially the form annexed as <u>Annex III</u> to the Proposed Order

(the "<u>Publication Notice</u>"), on one occasion in each of the following newspapers:

   a.  the *USA Today*;

   b.  *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

   c.  *The World Journal* (with the Publication Notice translated into Mandarin), with
       such publication to occur no later than ten (10) business days after the entry of
       this Bar Date Order.

## <u>BASIS FOR RELIEF</u>

### I.     <u>The Bar Dates and Procedures for Filing Proofs of Claim Are Reasonable and Should be Approved</u>

39.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a

chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may

extend the time within which proofs of claim or interest may be filed."

40.     In this case, the proposed Procedures provide creditors with ample notice and

opportunity and a clear process for filing Proofs of Claim and thus are designed to achieve

administrative and judicial efficiency.  Indeed, the proposed Procedures will provide

comprehensive notice and clear instructions to creditors and allow the Chapter 11 Cases to move

forward quickly with minimal administrative expense and delay.

41.     The Movants' proposed Procedures provide clear instructions that will help avoid

confusion or uncertainty among creditors that might lead them to file unnecessary protective

14

Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.

42.     Additionally, while a bar date had previously been set in Genever (US)'s chapter 11 case for March 10, 2021, the Movants submit that it is appropriate to set a new bar date in Genever (US)'s case because creditors of the Individual Debtor did not receive notice of the deadline to file claims in Genever (US)'s chapter 11 case, and, thus, they did not have the opportunity to assert claims against Genever (US), including on the basis that Genever US is an *alter ego* of the Individual Debtor.  This is to be contrasted with PAX, one of the Individual Debtor's creditors which did receive notice of the bar date in Genever (US)'s case and which filed a proof of claim in Genever (US)'s case on the basis that, among other things, Genever (US) is the *alter ego* of the Individual Debtor.

43.     As a result, absent relief from this Court, creditors of the Individual Debtor would effectively be structurally subordinated to the claims of the handful of creditors that did file proofs of claims in Genever (US)'s chapter 11 case because they would be limited to the equity value, if any, that remains at Genever (US) after satisfying the claims (to the extent allowed) of the few creditors that did file proofs of claim in Genever (US)'s case.  If Genever US (and other entities owned by the Debtor or his family members) are found to be *alter egos* of the Debtor, the value of the assets belonging to all of these entities, including the Sherry Netherland Apartment, should be collected by the Trustee to fund distributions to all of the Individual Debtor's legitimate creditors.

44.     Setting the General Bar Date as the new bar date for claims against Genever (US) would remedy any unfairness by allowing all creditors of the Debtor to be given the opportunity to assert claims against the Individual Debtor and with respect to all his assets (including the

15

Sherry Netherland Apartment).  For the avoidance of doubt, entities that previously filed a Proof of Claim in Genever (US)'s chapter 11 case are not required to file a new Proof of Claim.

45.     Finally, the Movants submit that it will minimize confusions to modify the Claim Form to allow holders of claims against the Individual Debtor to elect to also assert their claim against Genever (BVI) and Genever (US) on the basis that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.  Absent providing such an election on the Claim Form, many creditors of the Individual Debtor may inadvertently fail to also assert an *alter ego* claim against Genever (BVI) and/or (Genever (US).  Moreover, the instructions to the Claim Form also make clear that the Trustee, Genever (BVI), and Genever (US) reserve their rights to object to any such claims, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.  For the avoidance of doubt, any creditor of the Individual Debtor that has a separate claim against Genever (BVI) and/or Genever (US) (*i.e.*, in addition to a claim based on *alter ego*) must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

## II.     The Proposed Notice Procedures Are Reasonable and Should be Approved

46.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21-days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).  Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice.  Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.  In addition, section 105(a) of the Bankruptcy Code, in conjunction with Bankruptcy Rule 9007 and certain subsections of Bankruptcy Rule 2002, permits the Court to establish notice standards as to most pleadings which are likely to be filed in a bankruptcy case.  *See* Fed. R. Bank. P. 2002(m) (providing

16

authority to determine notice requirements as to Bankruptcy Rule 2002 matters); Bankruptcy Rule 9007 (providing overall authority to regulate notices).

47.     The Movants propose to provide the Bar Date Notice by mail to all known creditors and utilize publication to give notice to its unknown creditors.  The Movants submit this procedure is consistent with applicable case law.

48.     The Movants submit that the relief requested herein provides for clear notice of the General Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Accordingly, the Movants respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

49.     To implement the foregoing successfully, the Movants request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Movants have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

50.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Movants' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Supplemental Motion or any order granting the relief requested by this Supplemental Motion or a finding that any

particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Movants', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Movants that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Supplemental Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

### **NOTICE**

51.    The Movants will provide notice of this Supplemental Motion to: (a) the Office of the United States Trustee for the District of Connecticut; (b) the Committee; (c) holders of claims filed in the Genever (US) case; (d) holders of the 20 largest unsecured claims against Genever (BVI); (e) the Office of the United States Attorney for the District of Connecticut; (f) the Office of the United States Attorney for the Southern District of New York; (g) the state attorneys general for Connecticut and New York; (h) the Debtors' identified, interested taxing authorities, including the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 in the chapter 11 cases of the Individual Debtor, Genever (BVI), and/or Genever (US).  In view of the nature of the relief requested, the Movants respectfully submit that no other or further notice need be provided.

*[Remainder of page intentionally left blank.]*

The Movants respectfully request entry of the Order, granting the relief requested in this Supplemental Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 8, 2022
      New Haven, Connecticut

| GENEVER HOLDINGS LLC | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By: /s/ Douglas S. Skalka | By: /s/ Douglas S. Skalka |
|     Douglas S. Skalka (ct00616) |     Douglas S. Skalka (ct00616) |
|     Patrick R. Linsey (ct29437) |     Patrick R. Linsey (ct29437) |
|     NEUBERT, PEPE & MONTEITH, P.C. |     NEUBERT, PEPE & MONTEITH, P.C. |
|     195 Church Street, 13th Floor |     195 Church Street, 13th Floor |
|     New Haven, Connecticut 06510 |     New Haven, Connecticut 06510 |
|     (203) 821-2000 |     (203) 821-2000 |
|     dskalka@npmlaw.com |     dskalka@npmlaw.com |
|     plinsey@npmlaw.com |     plinsey@npmlaw.com |
|      *and* |      *and* |
|     Kevin J. Nash, Esq. |     Nicholas A. Bassett (*pro hac vice*) |
|     GOLDBERG WEPRIN FINKEL |     PAUL HASTINGS LLP |
|     GOLDSTEIN LLP |     2050 M Street NW |
|     1501 Broadway, 22nd Floor |     Washington, D.C., 20036 |
|     New York, New York 10036 |     (202) 551-1902 |
|     (212) 221-5700 |     nicholasbassett@paulhastings.com |
| *Counsel for Genever Holdings LLC* |      *and* |
| *Debtor and Debtor-in-Possession* | |
| |     Douglass Barron (*pro hac vice*) |
| GENEVER HOLDINGS CORPORATION |     PAUL HASTINGS LLP |
| |     200 Park Avenue |
| By: /s/ Douglas S. Skalka |     New York, New York 10166 |
|     Douglas S. Skalka (ct00616) |     (212) 318-6079 |
|     Patrick R. Linsey (ct29437) |     douglassbarron@paulhastings.com |
|     NEUBERT, PEPE & MONTEITH, P.C. | |
|     195 Church Street, 13th Floor | *Counsel for the Chapter 11 Trustee* |
|     New Haven, Connecticut 06510 | |
|     (203) 821-2000 | |
|     dskalka@npmlaw.com | |
|     plinsey@npmlaw.com | |
| *Counsel for Genever Holdings Corporation* | |
| *Debtor and Debtor-in-Possession* | |

## Exhibit A

**Proposed Order (Clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, *et al.*,[1]                      :    Case No. 22-50073 (JAM)
                                              :
            Debtors.                          :    (Jointly Administered)
                                              :
---------------------------------------------------------x

### ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon (i) the motion (the "Original Bar Date Motion") filed by Ho Wan Kwok (the

"Individual Debtor") for entry of an order setting bar dates for creditors to submit Proofs of

Claim in the Individual Debtor's chapter 11 case and granting related relief and (ii) the

supplemental motion (the "Supplemental Motion" and, together with the Original Bar Date

Motion, the "Motion")[2] filed by Luc Despins, in his capacity as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"),

Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)"

and, together with the Trustee, the "Movants"), pursuant to section 502(b)(9) of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date Order")

(a) setting bar dates for creditors to submit Proofs of Claim in the Chapter 11 Cases,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Supplemental Motion.

(b) approving procedures for submitting Proofs of Claim, (c) approving the form of Proof of Claim, and (d) approving the form of notice of the bar dates and manner of service thereof, all as more fully set forth in the Supplemental Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and the Trustee having been appointed in the Individual Debtor's chapter 11 case by order, dated July 8, 2022; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Movants consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein,

      a.      all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Individual Debtor or Genever (US)—which arose on or prior to

the filing of each such Debtors' respective chapter 11 cases[3]—shall file a proof of such claim in writing so that it is received on or before **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date;[4]

b.      all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, but excluding governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against Genever (BVI)—which arose on or prior to the filing of Genever (BVI)'s chapter 11 case[5]—shall file a proof of such claim in writing so that it is received on or before **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date, or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date; and

c.      all governmental units that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against Genever (BVI)—which arose on or prior to the filing of Genever (BVI)'s chapter 11 case—shall file a proof of such claim in writing so that it is received on or before **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)**, (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

3.     The following procedures for the filing of Proofs of Claim shall apply:

a.      Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form");[6] and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.      All Proofs of Claim must be filed so as to be received on or before the applicable Bar Date by the Court at the following address:

        US Bankruptcy Court
        District of Connecticut

---

[3]   The Individual Debtor commenced his chapter 11 case on February 15, 2022, and Genever (US) commenced its chapter 11 case on October 12, 2020.

[4]   For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

[5]   Genever (BVI) commenced its chapter 11 case on October 11, 2022.

[6]   The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court by the applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Court through the Court's website at http://www.ctb.uscourts.gov.[7]

**Proofs of Claim may <u>not</u> be delivered by facsimile, telecopy, or electronic mail transmission.**

c.    Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or governmental units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the General Bar Date unless an exception identified in subsection (e) below applies.

d.    If the Movants amend or supplement the Debtors' Schedules of Assets and Liabilities (the "<u>Schedules</u>") after the notice is given of the applicable Bar Date, which is to be mailed under the terms of this Bar Date Order, then the Movants shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing; <u>provided</u>, <u>however</u>, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

e.    The following persons are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

---

[7]    A login and password to the Court's Public Access to Court Electronic Records ("<u>PACER</u>") are required in order to access the Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

i.      any person whose claim is listed on the Schedules, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

ii.     any person whose claim has been paid in full;

iii.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

iv.    a claim for which a separate deadline has been fixed by this Court;

v.      any person that already has filed a Proof of Claim against the Debtors in the Chapter 11 Cases in a form that is substantially similar to the Official Form; or

vi.    any person not required to file a proof of claim pursuant to any order of this Court.

4.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in the Chapter 11 Cases.

5.      The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **<u>Annex I</u>** (the "<u>Bar Date Notice</u>"), (b) the proposed form for Proofs of Claim (the "<u>Claim Form</u>"), substantially in the form annexed hereto as **<u>Annex II</u>**, and (c) the proposed form of publication notice (the "<u>Publication Notice</u>"), substantially in the form annexed hereto as **<u>Annex III</u>**, are approved.

6.      On the Claim Form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) on the basis that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.  To be clear, the Trustee,

Genever (BVI), and Genever (US) reserve all their rights to object to any such claims, including

on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever

(US) are or were *alter egos* of the Individual Debtor.  For the avoidance of doubt, any creditor of

the Individual Debtor that has a separate claim against Genever (BVI) and/or Genever (US) (*i.e.*,

in addition to a claim based on *alter ego*) must file a separate Proof of Claim against Genever

(BVI) and/or Genever (US), as applicable.

       7.     The following procedures are approved with respect to notice of the Bar Dates:

> Within seven (7) business days after entry of this Bar Date Order, the Movants shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice to the following parties:

> > i.     the United States Trustee;

> > ii.    counsel to the Committee;

> > iii.   all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Movants by any such creditor or by returned mail from the post office with a forwarding address; provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtors' Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

> > iv.   all parties actually known to the Movants as having potential claims against the Debtors;

> > v.    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Movants by any such counterparty or by returned mail from the post office with a forwarding address;

    vi.     the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);[8]

    vii.    the Internal Revenue Service, the Securities and Exchange Commission, the attorneys general for the states of Connecticut and New York, and local taxing authorities in Connecticut and New York;

    viii.   all persons or entities that have filed claims in the Chapter 11 Cases (as of the date of entry of the Bar Date Order);

    ix.     all parties who have sent correspondence to the Court and that are listed on the Court's electronic docket for these Chapter 11 Cases (as of the date of entry of the Bar Date Order);

    x.      all parties who have sent correspondence to the Trustee regarding assets of, or claims against, the Debtors' estates.

    xi.     all parties who have requested notice pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases (as of the date of entry of the Bar Date Order); and

    xii.    such additional persons and entities as deemed appropriate by the Movants.

8.     The Movants shall cause the Publication Notice to be published on one occasion in each of the following newspapers:

    a.   the *USA Today*;

    b.   *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

    c.   *The World Journal* (with the Publication Notice translated into Mandarin)

with such publication to occur no later than ten (10) business days after the entry of this Bar Date Order.

9.     The Movants are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

---

[8]   The Debtor shall provide the Trustee with such information within 2 business days of entry of this Bar Date Order.

10. Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtors' creditors of their rights and obligations in connection with any potential claims that they may have against the Debtors in the Chapter 11 Cases.

11. Nothing in this Bar Date Order shall prejudice the right of the Movants or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in the Chapter 11 Cases, reflected in the Schedules, or otherwise.

12. Entry of this Bar Date Order is without prejudice to the right of the Movants to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtors or be forever barred from so filing.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2022
       Bridgeport, Connecticut                    _____
                                                  UNITED STATES BANKRUPTCY JUDGE

## **<u>Annex I</u>**

Bar Date Notice

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------x
                                 :

In re:                            :     Chapter 11

                                   :

HO WAN KWOK, *et al.*,[1]     :     Case No. 22-50073 (JAM)

                                   :

           Debtors.           :     (Jointly Administered)

                                   :

---------------------------------------------------x

**NOTICE OF DEADLINES REQUIRING THE FILING OF PROOFS OF CLAIM TO
ALL PERSONS WITH CLAIMS AGAINST THE DEBTORS**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST (A) HO
WAN KWOK, A.K.A. GUO WENGUI, A.K.A. MILES KWOK, (B) GENEVER
HOLDINGS CORPORATION, AND/OR (C) GENEVER HOLDINGS LLC**

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"). On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case.

On October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court. Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.[2]

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]     This amount does not reflect the fair market value of the Sherry Netherland apartment.

Holdings Corporation ("Genever (BVI)") filed its chapter 11 petition in the Connecticut Bankruptcy Court.  Genever (BVI) wholly owns Genever (US).

By order dated November [___], 2022, the chapter 11 cases of the Individual Debtor, Genever (US), and Genever (BVI) are jointly administered for procedural purposes only.

On November [___], 2022, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "Chapter 11 Cases"):[3]

1. Prepetition Claims Against Individual Debtor: The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a proof of claim (a "Proof of Claim") in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Individual Debtor Petition Date (i.e., February 15, 2022) against the Individual Debtor is **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date").[4]

2. Prepetition Claims Against Genever (US): The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (US) Petition Date (i.e., October 12, 2020) against Genever (US) is **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)**, i.e., the General Bar Date.

3. Prepetition Claims Against Genever (BVI):

   a. The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (i.e., October 10, 2022) against Genever (BVI) is **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)**, i.e., the General Bar Date.

   b. The last date and time for all governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (i.e., October 10, 2022) against Genever (BVI) is **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

---

[3]    The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

[4]    For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

The Bar Dates and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors that arose before the applicable Petition Date.

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor.  If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors.  To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

Generally, when analyzing *alter ego* claims, courts look to (1) whether the relevant entities/persons operated as a single economic unit and (2) whether there was an overall element of injustice or unfairness in maintaining the separateness between the Individual Debtor and the Genever Debtors.  In analyzing these issues, courts generally consider a number of factors, including whether the entity that is the alleged *alter ego* entity was adequately capitalized, observed corporate formalities, and/or was a façade for the person in control of the *alter ego* entity.  To be clear, the foregoing list of factors is not exhaustive and no single factor is dispositive.  You should consult your attorney regarding these matters.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

## 1.     WHO MUST FILE A PROOF OF CLAIM

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtors or to be able to share in distributions from the Debtors' estates if you have a claim that arose before the applicable Petition Date, and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.      WHAT TO FILE

Enclosed with this notice is a Proof of Claim form for use in the Chapter 11 Cases.  You may utilize the Proof of Claim form(s) enclosed with this notice in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained on the Connecticut Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

## 3.      WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before the applicable Bar Date by the Connecticut Bankruptcy Court at the following address:

US Bankruptcy Court
District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov.[5]

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

---

[5]    A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

#### 4.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the General Bar Date if you are:

a.    any person whose claim is listed on the Schedules, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

b.    any person whose claim has been paid in full;

c.    a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

d.    a claim for which a separate deadline has been fixed by this Court;

e.    any person that already has filed a Proof of Claim against the Debtors in the Chapter 11 Cases in a form that is substantially similar to the Official Form; or

f.    any person not required to file a proof of claim pursuant to any order of the Connecticut Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtors, but that may not have an unpaid claim against any of the Debtors. The fact that you have received this notice does not mean that you have a claim against any of the Debtors or that the Connecticut Bankruptcy Court, the Trustee, or the Debtors believe that you have a claim against any of the Debtors.

#### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising from the rejection of an executory contract or unexpired lease you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after entry of an order by the Connecticut Bankruptcy Court approving such rejection. Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the General Bar Date, unless an exception identified in section 4 above applies.

#### 6.    CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO

SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THE CHAPTER 11 CASES AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(c)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTORS, THEIR PROPERTY, OR THEIR ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.

THE CONNECTICUT BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE APPLICABLE BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

### 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against the Debtors on the Debtors' Schedules. As set forth above, if you agree with the nature, amount, and status of your claim as listed on the applicable Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not (but still may) file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, then you must do so before the applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtors' Schedules are available for inspection on the Connecticut Bankruptcy Court's electronic docket for the Chapter 11 Cases, which may be accessed through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.  Copies of the Debtors' Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Connecticut Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

8.    **ADDITIONAL INFORMATION**

　　　　If you require additional information regarding this Notice, you may contact the Trustee's counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com. If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.


Dated: _____, 2022


GENEVER HOLDINGS LLC

By: _____
　　Douglas S. Skalka (ct00616)
　　Patrick R. Linsey (ct29437)

　　NEUBERT, PEPE & MONTEITH, P.C.

　　195 Church Street, 13th Floor
　　New Haven, Connecticut 06510
　　(203) 781-2847
　　dskalka@npmlaw.com
　　plinsey@npmlaw.com

　　　　*and*

　　Kevin J. Nash, Esq.
　　GOLDBERG WEPRIN FINKEL
　　GOLDSTEIN LLP
　　1501 Broadway, 22nd Floor
　　New York, New York 10036
　　(212) 221-5700

*Counsel for Genever Holdings LLC*
*Debtor and Debtor-in-Possession*


GENEVER HOLDINGS CORPORATION
By: _____
　　Douglas S. Skalka (ct00616)
　　Patrick R. Linsey (ct29437)

　　NEUBERT, PEPE & MONTEITH, P.C.


LUC A. DESPINS, CHAPTER 11 TRUSTEE


By: _____
　　Douglas S. Skalka (ct00616)
　　Patrick R. Linsey (ct29437)
　　NEUBERT, PEPE & MONTEITH, P.C.
　　195 Church Street, 13th Floor
　　New Haven, Connecticut 06510
　　(203) 781-2847
　　dskalka@npmlaw.com
　　plinsey@npmlaw.com

　　　　*and*

　　Nicholas A. Bassett (*pro hac vice*)
　　PAUL HASTINGS LLP
　　2050 M Street NW
　　Washington, D.C., 20036
　　(202) 551-1902
　　nicholasbassett@paulhastings.com

　　　　*and*

　　Douglass Barron (*pro hac vice*)
　　PAUL HASTINGS LLP
　　200 Park Avenue
　　New York, New York 10166
　　(212) 318-6079
　　douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for Genever Holdings Corporation*
*Debtor and Debtor-in-Possession*

## **Annex II**

Claim Form

**Fill in this information to identify the case:**

Debtor _____

United States Bankruptcy Court for the District of Connecticut

Case number _____

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number        Street

City                        State            ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number        Street

City                        State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____   ____   ____   ____ |
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>   ☐ No<br>   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br>            charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |
| 8A. **Alter Ego Claim Against Genever Entities?** | If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the following box:<br>   ☐ Yes. |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>      **Nature of property:**<br>      ☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim*<br>               *Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>      ☐ Motor vehicle<br>      ☐ Other. Describe:         _____<br><br>      **Basis for perfection:**         _____<br>      Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>      **Value of property:**               $_____<br>      **Amount of the claim that is secured:**     $_____<br><br>      **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured<br>                                                                          amounts should match the amount in line 7.)<br><br>      **Amount necessary to cure any default as of the date of the petition:**     $_____<br><br>      **Annual Interest Rate** (when case was filed)_____%<br>      ☐ Fixed<br>      ☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
|  | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
|  | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
|  | Number          Street |
|  | _____ |
|  | City          State     ZIP Code |
| Contact phone | _____          Email          _____ |

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Alter Ego Claims:** If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC (the "Genever Debtors") on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the applicable box on the proof of claim form. The Trustee and the Genever Debtors reserve all rights in regard to any such *alter ego* claims, including on the basis that the Trustee is the only party entitled to assert that the Genever Debtors are or were alter egos of the Individual Debtor.

**Do not file these instructions with your form.**

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## **<u>Annex III</u>**

Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------------------X
:
In re:                                                              :  Chapter 11
     Ho Wan Kwok, *et al.*                            :  Case No. 22-50073 (JAM)
                Debtors.[1]     :  (Jointly Administered)
-----------------------------------------------------------------------------X

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

PLEASE TAKE NOTICE THAT:

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"). On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case.

On October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court. Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.[2]

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever Holdings Corporation ("Genever (BVI)" and, together with the Individual Debtor and Genever (US), the "Debtors") filed its chapter 11 petition in the Connecticut Bankruptcy Court. Genever (BVI) wholly owns Genever (US).

On November [___], 2022, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "Chapter 11 Cases"):[3]

1.    Prepetition Claims Against Individual Debtor: The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a proof of claim (a "Proof of Claim") in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Individual Debtor Petition Date (*i.e.*, February 15, 2022) against the Individual Debtor is **January 13, 2023 at 11:59 p.m. (ET)** (the "General Bar Date").

2.    Prepetition Claims Against Genever (US): The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (US) Petition Date (*i.e.*, October 12, 2020) against Genever (US) is **January 13, 2023 at 11:59 p.m. (ET)**, *i.e.*, the General Bar Date.

3.    Prepetition Claims Against Genever (BVI):

    a.    The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **January 13, 2023 at 11:59 p.m. (ET)**, *i.e.*, the General Bar Date.

    b.    The last date and time for all governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    This amount does not reflect the fair market value of the Sherry Netherland apartment.

[3]    The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

Genever (BVI) is **April 10, 2023 at 11:59 p.m. (ET)** (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor. If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors. To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

Copies of the Proof of Claim form may be viewed and downloaded free of charge on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms. Copies of the Bar Date Order may be obtained upon written request to counsel for the Trustee at douglassbarron@paulhastings.com.

All Proofs of Claim must be filed so as to be received on or before the General Bar Date by the Connecticut Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the applicable Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov. **Proofs of claim sent by fax or email will not be accepted**.

To be properly filed, each Proof of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) conform substantially to the form of Proof of Claim attached to the Bar Date Order or the Official Bankruptcy Form 410; and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans that may be filed in the Chapter 11 Cases.

If you require additional information regarding this Notice, you may contact the Trustee's counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com. mailto:mujiinfo@donlinrecano.com**If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.**

## **Annex IV**

Local Rule 3003-1 Notice

## NOTICE OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIM
## AND NOTICE OF DEADLINE FOR FILING PROOF OF CLAIM

To:    Claimant(s) Address(es)

      Debtor: [Ho Wan Kowk]
      Scheduled Claim Amount(s): $ _____
      Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

      Debtor: [Genever Holdings Corporation]
      Scheduled Claim Amount(s): $ _____
      Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

      Debtor: [Genever Holdings LLC]
      Scheduled Claim Amount(s): $ _____
      Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

1.    The Debtors (i.e., Ho Wan Kwok, Genever Holdings Corporation, and Genever Holdings LLC) scheduled your claim as indicated above.  Any creditor (including governmental units) whose claim is scheduled as disputed, contingent, or unliquidated in the Debtors' Schedules filed on March 9, 2022 (ECF No. 78 in Case No. 22-50073 (JAM)), _____, 2022 (ECF No. _ in Case No. 22-50542 (JAM)), and November 3, 2020 (ECF No. 4 in Case No. 22-50592 (JAM)) (collectively, the "Schedules"), must file a proof of claim by January 13, 2023, except that claims by governmental units against Genever Holdings Corporation may be filed until April 10, 2023.  Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any creditor required to file a proof of claim who fails to do so shall not be treated as a creditor with respect to such a claim for the purposes of voting on the Debtors' plan and for distributions to creditors.

2.    Creditors who have already filed claims need not file them again.

3.    A proof of claim form is enclosed with this notice.

4.    Counsel to the Trustee, counsel to Genever Holdings Corporation, and/or counsel to Genever Holdings LLC shall file this completed notice listing all those creditors whose claim was not scheduled or whose claim was scheduled as disputed, contingent, or unliquidated in the Schedules on or before seven business days after entry of the bar date order (ECF No. _) (the "Bar Date Order").  Counsel shall also serve this notice on all affected parties by First Class Mail, postage prepaid on or before seven (7) business days after entry of the Bar Date Order.  Counsel shall file a Certificate of Service indicating such compliance on or before fourteen (14) business days after entry of the Bar Date Order.

## **Exhibit B**

**Proposed Order (Blackline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

———————————————————————————— X

———————————————————————————— :

In re:                                              :    Chapter 11

~~Ho Wan Kwok,~~                           x
                                                    :
                                                    :
                                                    :    Case No. 22-50073 (JAM)

——————————— ~~Debtor.~~[1]        :

HO WAN KWOK, *et al.*,[1]               :    (Jointly Administered)

——————— Debtors.                    :

                                                    :

                                                    :

———————————————————————————— X

———————————————————————————— X **ORDER ESTABLISHING**
**DEADLINES FOR FILING PROOFS OF**
**CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon ~~the~~ (i) the motion (the "Original Bar Date Motion") filed by Ho Wan Kwok (the "Individual Debtor") for entry of an order setting bar dates for creditors to submit Proofs of Claim in the Individual Debtor's chapter 11 case and granting related relief and (ii) the supplemental motion (the "Supplemental Motion" and, together with the Original Bar Date Motion, the "Motion")[2] filed by ~~the above-captioned debtor~~ Luc Despins, in his capacity as the

---

~~[1]   The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.~~

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Supplemental Motion. ~~At the time of the filing of the Motion, the Debtor was the debtor in possession.  On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to that order, the United States Trustee selected Luc A. Despins as the chapter 11 trustee (the "Trustee").  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].~~

chapter 11 trustee (the "~~Debtor~~Trustee") appointed in ~~this~~the chapter 11 case of Ho Wan Kwok (the "~~Chapter 11 Case"),~~ Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, the "Movants"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in ~~this~~the Chapter 11 ~~Case~~Cases, (b) approving procedures for submitting Proofs of Claim, (c) approving the form of Proof of Claim ~~Form~~, and (d) approving the form of notice of the bar dates and manner of service thereof~~;~~, all as more fully set forth in the Supplemental Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and the Trustee having been appointed in ~~this Chapter~~the Individual Debtor's chapter 11 ~~Case~~case by order, dated July 8, 2022; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the ~~Trustee consents~~Movants consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of ~~this~~the Chapter 11 ~~Case~~Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and

after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein,

a.      all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Individual Debtor or Genever (US)—which arose on or prior to the filing of this Chaptereach such Debtors' respective chapter 11 Case cases[3]—shall file a proof of such claim in writing so that it is received on or before October 28January 13, 20222023 at 11:59 p.m. (ETprevailing Eastern Time) (the "General Bar Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date.;[4]

b.      all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, but excluding governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against Genever (BVI)—which arose on or prior to the filing of Genever (BVI)'s chapter 11 case[5]—shall file a proof of such claim in writing so that it is received on or before January 13, 2023 at 11:59 p.m. (prevailing Eastern Time), i.e., the General Bar Date, or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date; and

c.      all governmental units that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against Genever (BVI)—which arose on or prior to the filing of Genever (BVI)'s chapter 11 case—shall file a proof of such claim in writing so that it is received on or before April 10, 2023 at 11:59 p.m. (prevailing Eastern Time), (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

3.      The following procedures for the filing of Proofs of Claim shall apply:

a.      Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the

---

[3]   The Individual Debtor commenced his chapter 11 case on February 15, 2022, and Genever (US) commenced its chapter 11 case on October 12, 2020.

[4]   For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

[5]   Genever (BVI) commenced its chapter 11 case on October 11, 2022.

applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form");[36] and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.  All Proofs of Claim must be filed so as to be received on or before the General applicable Bar Date by the Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court by the General applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Bankruptcy Court through the Court 's website at http://www.ctb.uscourts.gov.[7]

**Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.**

c.  Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or governmental units) that asserts a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the General applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the General Bar Date unless an exception identified in subsection (e) below applies.

d.  If the Trustee amends or supplements Movants amend or supplement the Debtors' Schedules of Assets and Liabilities (the "Schedules") after the Trustee's counsel gives notice is given of the General applicable Bar Date,

---

[36]  The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.

[7]  A login and password to the Court's Public Access to Court Electronic Records ("PACER") are required in order to access the Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

which is to be mailed under the terms of this Bar Date Order, then the ~~Trustee~~Movants shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the ~~General~~applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing; provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

e.    The following persons are not required to file a Proof of Claim on or before the ~~General~~applicable Bar Date, solely with respect to the claims described below:

i.    any person whose claim is listed on the Schedules~~;~~, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

ii.    any person whose claim has been paid in full;

iii.    a claim that has been allowed by an order of this Court entered on or before the ~~General~~applicable Bar Date;

iv.    a claim for which a separate deadline has been fixed by this Court;

v.    any person that already has filed a Proof of Claim against the ~~Debtor~~Debtors in ~~this~~the Chapter 11 ~~Case~~Cases in a form that is substantially similar to the Official Form; or

vi.    any person not required to file a proof of claim pursuant to any order of this Court.

4.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the ~~Debtor~~Debtors, ~~his~~their property, or ~~this estate~~their estates (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in ~~this~~the Chapter 11 ~~Case~~Cases.

5.       The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed form of publication notice (the "Publication Notice"), substantially in the form annexed hereto as **Annex III**, are approved.

6.       On the Claim Form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) on the basis that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.  To be clear, the Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any such claims, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.  For the avoidance of doubt, any creditor of the Individual Debtor that has a separate claim against Genever (BVI) and/or Genever (US) (*i.e.*, in addition to a claim based on *alter ego*) must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

7.       6. The following procedures are approved with respect to notice of the Bar Dates:

> Within seven (7) business days after entry of this Bar Date Order, the ~~Trustee~~Movants shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice to the following parties:
>
> > i.       the United States Trustee;
> >
> > ii.      counsel to the Committee ~~and counsel to any examiner appointed as of the date of entry of the Bar Date Order~~;
> >
> > iii.     all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the ~~Trustee~~Movants by any such creditor or by returned mail from the post office with a forwarding address; provided, however, that all holders of claims listed as disputed, contingent, or

unliquidated in the ~~Debtor~~Debtors's Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

iv. all parties actually known to the ~~Trustee~~Movants as having potential claims against the ~~Debtor~~Debtors;

v. all counterparties to the ~~Debtor~~Debtors's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the ~~Trustee~~Movants by any such counterparty or by returned mail from the post office with a forwarding address;

vi. the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);[48]

vii. the Internal Revenue Service, the Securities and Exchange Commission, the attorneys general for the states of Connecticut and New York, and local taxing authorities in Connecticut and New York;

viii. all persons or entities that have filed claims in ~~this~~the Chapter 11 ~~Case~~Cases (as of the date of entry of the Bar Date Order);

ix. all parties who have sent correspondence to the Court and that are listed on the Court's electronic docket for ~~this~~these Chapter 11 ~~Case~~Cases (as of the date of entry of the Bar Date Order);

x. all parties who have sent correspondence to the Trustee regarding assets of, or claims against, the ~~Estate~~Debtors' estates;

xi. all parties who have requested notice pursuant to Bankruptcy Rule 2002 in ~~this~~the Chapter 11 ~~Case~~Cases (as of the date of entry of the Bar Date Order); and

xii. such additional persons and entities as deemed appropriate by the ~~Trustee~~Movants.

8. ~~7.~~The ~~Trustee~~Movants shall cause the Publication Notice to be published on one occasion in each of the following newspapers:

---

[48] The Debtor shall provide the Trustee with such information within 2 business days of entry of this Bar Date Order.

a.   the *USA Today*;

b.   *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

c.   *The World Journal* (with the Publication Notice translated into Mandarin).

with such publication to occur no later than ten (10) business days after the entry of this Bar Date Order.

~~8.      The Debtor shall cause the Publication Notice to be posted, no later than seven business days after entry of this Bar Date Order, and at no expense to the Trustee or the Estate, (a) on his social media account on GETTR (i.e., the account known as @Miles), for a continuous period of no less than 48 hours and (b) on the homepage of GNews.org, for a continuous period of no less than 24 hours, for a continuous period of no less than 48 hours, in each case without modifying, in any way, the Bar Date notice and without adding any commentary with respect to such posting, whether such commentary is part of the same posting or added in any subsequent postings by, or at the direction of, the Debtor.~~

9.      The ~~Trustee is~~ Movants are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

10.      Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the ~~Debtor~~Debtors'~~s~~ creditors of their rights and obligations in connection with any potential claims that they may have against the ~~Debtor~~Debtors in ~~this~~the Chapter 11 ~~Case~~Cases.

11.      Nothing in this Bar Date Order shall prejudice the right of the ~~Trustee~~Movants or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in ~~this~~the Chapter 11 ~~Case~~Cases, reflected in the Schedules, or otherwise.

12.    Entry of this Bar Date Order is without prejudice to the right of the

~~Trustee~~Movants to seek a further order of this Court fixing the deadline by which holders of

claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such

claims by way of motion or application against the ~~Debtor~~Debtors or be forever barred from so

filing.

13.    This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.

Dated: _____, 2022                _____
      Bridgeport, Connecticut                        UNITED STATES BANKRUPTCY JUDGE

**Annex I**

Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

**BRIDGEPORT DIVISION**

In re:                                                    Chapter 11

~~Ho Wan Kwok,~~                                          :

                                                         Case No. 22-50073 (JAM)
                                                         :
~~Debtor.¹~~

                                                         :
                                                         (Jointly Administered)
HO WAN KWOK, *et al.*,¹                                   :

           Debtors.                                       :

**NOTICE OF DEADLINES REQUIRING THE FILING OF PROOFS OF CLAIM TO <u>ALL PERSONS WITH CLAIMS AGAINST THE</u> ~~DEBTOR~~ <u>DEBTORS</u>**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST (A) HO WAN KWOK, A.K.A. GUO WENGUI, A.K.A. MILES KWOK , (B) GENEVER HOLDINGS CORPORATION, AND/OR (C) GENEVER HOLDINGS LLC**

---

~~¹  Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.~~

¹   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court").  On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case (the "Chapter 11 Case").

On August

On October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").  On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court.  Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.[2]

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever Holdings Corporation ("Genever (BVI)") filed its chapter 11 petition in the Connecticut Bankruptcy Court.  Genever (BVI) wholly owns Genever (US).

By order dated November [__], 2022, the chapter 11 cases of the Individual Debtor, Genever (US), and Genever (BVI) are jointly administered for procedural purposes only.

On November [__], 2022, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing October 28, 2022 at 11:59 p.m. (ET) the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "General Bar Date") as the Chapter 11 Cases"):[3]

1. Prepetition Claims Against Individual Debtor: The last date and time for each person or entity (each as defined in the Bankruptcy Code), including all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units (as defined in the Bankruptcy Code) to file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in the Bankruptcy Code) against arising prior to the Individual Debtor in the Chapter 11 Case.[2] Petition Date (i.e., February 15, 2022) against the Individual Debtor is **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time) (the "General Bar Date").**[4]

---

[2]  This amount does not reflect the fair market value of the Sherry Netherland apartment.

[3]  The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

[2]  The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

[4]  For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

2

~~The General Bar Date~~

2.  Prepetition Claims Against Genever (US): The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (US) Petition Date (*i.e.*, October 12, 2020) against Genever (US) is **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date.

3.  Prepetition Claims Against Genever (BVI):

    a.  The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **January 13, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date.

    b.  The last date and time for all governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition ~~Claims~~claims arising under section 503(b)(9) of the Bankruptcy Code, against the ~~Debtor~~Debtors that arose before the applicable Petition Date ~~, i.e., February 15, 2022 (i.e., the Petition Date).~~ .

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor. If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors. To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

Generally, when analyzing *alter ego* claims, courts look to (1) whether the relevant entities/persons operated as a single economic unit and (2) whether there was an overall element of injustice or unfairness in maintaining the separateness between the Individual Debtor and the Genever Debtors. In analyzing these issues, courts generally consider a number of factors, including whether the entity that is the alleged *alter ego* entity was adequately capitalized, observed corporate formalities, and/or was a façade for the person in control of the *alter ego*

entity.  To be clear, the foregoing list of factors is not exhaustive and no single factor is dispositive.  You should consult your attorney regarding these matters.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the ~~Debtor~~Debtors or to be able to share in distributions from the ~~Debtor~~Debtors~~'s estate~~ estates if you have a claim that arose before the applicable Petition Date, and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the ~~Debtor~~Debtors that occurred before the Petition Date must be filed on or before the ~~General~~applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

### 2.    WHAT TO FILE

Enclosed with this notice is a Proof of Claim form for use in ~~this~~the Chapter 11 ~~Case~~Cases.  You may utilize the Proof of Claim form(s) enclosed with this notice in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained on the Connecticut Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

### 3.      WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before ~~October 28, 2022 at 11:59 p.m. (ET)~~the applicable Bar Date by the Connecticut Bankruptcy Court at the following address:

US Bankruptcy Court
District of Connecticut

Brien McMahon Federal Building

915 Lafayette Boulevard

Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the ~~General~~applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court. through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov.[5]

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

### 4.      WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the General Bar Date if you are:

   a.      any person whose claim is listed on the Schedules~~:~~, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

   b.      any person whose claim has been paid in full;

   c.      a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

   d.      a claim for which a separate deadline has been fixed by this Court;

   e.      any person that already has filed a Proof of Claim against the ~~Debtor~~Debtors in ~~this~~the Chapter 11 ~~Case~~Cases in a form that is substantially similar to the Official Form; or

---

[5]   A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

f.      any person not required to file a proof of claim pursuant to any order of the Connecticut Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the ~~Debtor~~Debtors, but that may not have an unpaid claim against any of the ~~Debtor~~Debtors.  The fact that you have received this notice does not mean that you have a claim against any of the ~~Debtor~~Debtors or that the Connecticut Bankruptcy Court, the Trustee, or the ~~Debtor~~Debtors believe that you have a claim against any of the ~~Debtor~~Debtors.

**5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease you must file a Proof of Claim based on such rejection by the later of (i) the ~~General~~applicable Bar Date and (ii) the date that is thirty (30) days after entry of an order by the Connecticut Bankruptcy Court approving such rejection.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the General Bar Date, unless an exception identified in section 4 above applies.

**6.      CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE ~~GENERAL~~APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN ~~OF REORGANIZATION~~ FILED IN ~~THIS~~THE CHAPTER 11 ~~CASE~~CASES AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE ~~DEBTOR~~DEBTORS'~~S~~ CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(c)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE ~~DEBTOR~~DEBTORS, ~~HIS~~THEIR PROPERTY, OR ~~THIS~~THEIR ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS ~~OF REORGANIZATION~~ THAT MAY BE FILED IN ~~THIS~~THESE CHAPTER 11 ~~CASE~~CASES.

THE CONNECTICUT BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE

~~GENERAL~~APPLICABLE BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

**7.      THE ~~DEBTOR~~DEBTORS'~~S~~ SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the ~~Debtor~~Debtors on the ~~Debtor~~Debtors's Schedules.

~~To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim form(s) regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtor (as authorized by the Bankruptcy Court) on account of your claim(s), then the enclosed Proof of Claim form(s) should reflect the net amount of your claim(s).~~

As set forth above, if you agree with the nature, amount, and status of your claim as listed on the applicable Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not (but still may) file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, then you must do so before the ~~General~~applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the ~~Debtor~~Debtors's Schedules are available for inspection on the Connecticut Bankruptcy Court's electronic docket for the ~~Debtor's~~ Chapter 11 ~~Case~~Cases, which may be accessed through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.  Copies of the ~~Debtor~~Debtors's Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Connecticut Bankruptcy Court, located at:

Brien McMahon Federal Building

915 Lafayette Boulevard

Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE ~~DEBTOR~~DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

**8.      ADDITIONAL INFORMATION**

If you require additional information regarding this Notice, you may contact the Trustee's counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com.  If you believe that you hold a claim against the Debtors,

you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.

Dated: _____, 2022

Patrick R. Linsey (ct29437)

NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(pro hac vice)*
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(pro hac vice)*
Douglass Barron *(pro hac vice)*
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*[Proposed] Counsel for the Chapter 11 Trustee*

| GENEVER HOLDINGS LLC | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By: _____ | By: _____ |
| _____ Douglas S. Skalka (ct00616) | _____ Douglas S. Skalka (ct00616) |
| _____ Patrick R. Linsey (ct29437) | _____ Patrick R. Linsey (ct29437) |
| _____ NEUBERT, PEPE & MONTEITH, P.C. | _____ NEUBERT, PEPE & MONTEITH, P.C. |
| _____ 195 Church Street, 13th Floor | _____ 195 Church Street, 13th Floor |
| _____ New Haven, Connecticut 06510 | _____ New Haven, Connecticut 06510 |
| _____ (203) 781-2847 | _____ (203) 781-2847 |
| _____ dskalka@npmlaw.com | _____ dskalka@npmlaw.com |
| _____ plinsey@npmlaw.com | _____ plinsey@npmlaw.com |
| _____ *and* | _____ *and* |
| _____ Kevin J. Nash, Esq. | _____ Nicholas A. Bassett *(pro hac vice)* |
| _____ GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP | _____ PAUL HASTINGS LLP |
| _____ 1501 Broadway, 22nd Floor | _____ 2050 M Street NW |
| _____ New York, New York 10036 | _____ Washington, D.C., 20036 |
| _____ (212) 221-5700 | _____ (202) 551-1902 |
| | _____ nicholasbassett@paulhastings.com |
| *Counsel for Genever Holdings LLC* | _____ *and* |
| *Debtor and Debtor-in-Possession* | |

GENEVER HOLDINGS CORPORATION

By: _____

    Douglas S. Skalka (ct00616)

    Patrick R. Linsey (ct29437)

    NEUBERT, PEPE & MONTEITH, P.C.

    195 Church Street, 13th Floor

    New Haven, Connecticut 06510

    (203) 781-2847

    dskalka@npmlaw.com

    plinsey@npmlaw.com


*Counsel for Genever Holdings Corporation*

*Debtor and Debtor-in-Possession*

    Douglass Barron (*pro hac vice*)

    PAUL HASTINGS LLP

    200 Park Avenue

    New York, New York 10166

    (212) 318-6079

    douglassbarron@paulhastings.com


*Counsel for the Chapter 11 Trustee*

## **Annex II**

Claim Form

**Fill in this information to identify the case:**

Debtor _____

United States Bankruptcy Court for the District of Connecticut

Case number _____

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number        Street _____

City                      State              ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number        Street _____

City                      State              ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____        Filed on _____
                                                                                                MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?** <br> ☐ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as health care information. |
| 8A. **Alter Ego Claim Against Genever Entities?** | If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the following box: <br> ☐ Yes. |

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**

   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe:   _____

   **Basis for perfection:**   _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                          $_____
   **Amount of the claim that is secured:**        $_____

   **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No <br> ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No <br> ☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | _____ | | |
| | First name | Middle name | Last name |
| Title | _____ | | |
| Company | _____ | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | _____ | | |
| | Number | Street | |
| | _____ | | |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Alter Ego Claims:**  If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC (the "Genever Debtors") on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the applicable box on the proof of claim form.  The Trustee and the Genever Debtors reserve all rights in regard to any such *alter ego* claims, including on the basis that the Trustee is the only party entitled to assert that the Genever Debtors are or were alter egos of the Individual Debtor.

**Do not file these instructions with your form.**

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## **Annex III**

Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------------X
                                    :

In re:                             :    Chapter 11

      Ho Wan Kwok, *et al.*       :    Case No. 22-50073 (JAM)

~~_____ Debtor.¹ _____~~ :    (Jointly Administered)

Debtors.¹                        :
---------------------------------------------------------------------------X

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM**

PLEASE TAKE NOTICE THAT:

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court").  On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case ~~(the "Chapter 11 Case")~~.

On ~~August~~October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").  On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court.  Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.²

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever Holdings Corporation ("Genever (BVI)" and, together with the Individual Debtor and Genever (US), the "Debtors") filed its chapter 11 petition in the Connecticut Bankruptcy Court.  Genever (BVI) wholly owns Genever (US).

On November [___], 2022, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing ~~October 28, 2022~~the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "Chapter 11 Cases"):³

1.   Prepetition Claims Against Individual Debtor: The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a proof of claim (a "Proof of Claim") in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Individual Debtor Petition Date (*i.e.*, February 15, 2022) against the Individual Debtor is **January 13, 2023** at 11:59 p.m. (ET) (the "General Bar Date") ~~as the,~~

2.   Prepetition Claims Against Genever (US): The last date and time for ~~each person or entity (each~~all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code), ~~including~~ arising prior to the Genever (US) Petition Date (*i.e.*, October 12, 2020) against Genever (US) is **January 13, 2023 at 11:59 p.m. (ET)**, *i.e.*, the General Bar Date.

3.   Prepetition Claims Against Genever (BVI):

---

~~¹   Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.~~

1   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2   This amount does not reflect the fair market value of the Sherry Netherland apartment.

3   The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

    a. The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to ~~file a proof of claim (each, a "Proof of Claim," and collectively, the "Proofs of Claim") in respect of any prepetition claim (as defined in the Bankruptcy Code) against the Debtor in the Chapter 11 Case.²~~ the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **January 13, 2023 at 11:59 p.m. (ET)**, *i.e.*, the General Bar Date.

    b. The last date and time for all governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **April 10, 2023 at 11:59 p.m. (ET) (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").**

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor.  If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors.  To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

Copies of the Proof of Claim form may be viewed and downloaded free of charge on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.  Copies of the Bar Date Order may be obtained upon written request to ~~[proposed]~~ counsel for the Trustee at douglassbarron@paulhastings.com.

All Proofs of Claim must be filed so as to be received on or before the General Bar Date by the Connecticut Bankruptcy Court at the following address:

        US Bankruptcy Court
        District of Connecticut
        Brien McMahon Federal Building
        915 Lafayette Boulevard
        Bridgeport, CT 06604

All Proofs of Claim will be deemed filed only when **actually received** at the address listed above on or before the ~~General~~applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov.  **Proofs of claim sent by fax or email will not be accepted.**

To be properly filed, each Proof of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) conform substantially to the form of Proof of Claim attached to the Bar Date Order or the Official Bankruptcy Form 410; and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans ~~of reorganization~~ that may be filed in ~~this~~the Chapter 11 ~~Case~~Cases.

If you require additional information regarding this Notice, you may contact the Trustee's ~~[proposed]~~ counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com.  **If you believe that you hold a claim against the ~~Debtor~~Debtors, you should consult an attorney if you have any questions regarding this Notice, including**

² The Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the General Bar Date to permit the filing of a late Proof of Claim.

**whether you should file a Proof of Claim.**

## **Annex IV**

Local Rule 3003-1 Notice

**NOTICE OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIM
AND NOTICE OF DEADLINE FOR FILING PROOF OF CLAIM**

To:     Claimant(s) Address(es)

Debtor: [Ho Wan Kowk] Scheduled Claim Amount(s): $__        _ Claim(s) Scheduled as:
[disputed, contingent, or unliquidated, as applicable]

~~[Note: All Claimants should be listed here, or an exhibit may be used to list each claimant, with their respective address and the amount of the claim scheduled~~Debtor: [Genever Holdings Corporation] Scheduled Claim Amount(s): $ _____
Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

Debtor: [Genever Holdings LLC]
Scheduled Claim Amount(s): $ _____
Claim(s) Scheduled as : [disputed, contingent, or unliquidated, as applicable]

1.   The ~~Debtor~~Debtors (i.e., Ho Wan Kwok, Genever Holdings Corporation, and Genever Holdings LLC) scheduled your claim as indicated above.        Any creditor (including governmental units) whose claim is scheduled as disputed, contingent, or unliquidated in the ~~Debtor~~Debtors's Schedules filed on  March 9, ~~202~~2022 (ECF No. 78 in Case No. 22-50073 (JAM)),  _____, 2022 (ECF No.  _ in Case No. 22-50542 (JAM)), and~~/or~~ November 3, 2020 (ECF No. 4 in Case No. 22-50592 (JAM)) (collectively, the ~~Amended "Schedules filed on _____, 202 (ECF No. _~~"),
must file a proof of claim by ~~_____, 202~~January 13, 2023, except that claims by governmental units against Genever Holdings Corporation may be filed until April 10, 2023. Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any creditor required to file a proof of claim who fails to do so shall not be treated as a creditor with respect to such a claim for the purposes of voting on the ~~Debtor's Plan~~Debtors' plan and for distributions to creditors.

2.   Creditors who have already filed claims need not file them again.

3.   A proof of claim form is enclosed with this notice.

4.   Counsel to the ~~Debtor~~Trustee, counsel to Genever Holdings Corporation, and/or counsel to Genever Holdings LLC shall file this completed notice listing all those creditors whose claim was not scheduled or whose claim was scheduled as disputed, contingent, or unliquidated in the Schedules ~~and Amended Schedules (ECF Nos. _)~~on or before ~~_____,~~ ~~202~~seven business days after entry of the bar date order (ECF No. _) (the "Bar Date Order"). Counsel~~ to the Debtor~~ shall also serve this notice on all affected parties by First Class Mail, postage prepaid on or before ~~, 202~~seven (7) business days after entry of the Bar Date Order. Counsel~~ to the Debtor~~ shall file a Certificate of Service indicating such compliance on or before ~~_____, 202~~fourteen (14) business days after entry of the Bar Date Order.

K-2