```
                UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF CONNECTICUT
                      BRIDGEPORT DIVISION

In Re                              *    Case No. 22-50073 (JAM)
                                   *
    HO WAN KWOK,                   *
                                   *
              Debtor.              *    Bridgeport, Connecticut
                                   *    October 27, 2022
                                   *
 *  *  *  *  *  *  *  *  *  *  *  *  *  *

              TRANSCRIPT OF MOTION TO QUASH
          BEFORE THE HONORABLE JULIE A. MANNING
              UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Creditor, Pacific Alliance Asia Opportunity Fund L.P.: | ANNECCA SMITH, ESQ.<br>Robinson & Cole<br>28 Trumbull Street<br>Hartford, CT  06103 |
| For the Chapter 11 Trustee: | PATRICK R. LINSEY, ESQ.<br>Neubert Pepe & Monteith, PC<br>195 Church Street<br>New Haven, CT  06510 |
| Chapter 11 Trustee: | LUC A. DESPINS, ESQ.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY  10166 |
| For Williams & Connolly, Interested Party: | JAMES J. HEALY, ESQ.<br>Cowdery & Murphy, LLC<br>280 Trumbull Street<br>Hartford, CT  06103 |
| | ERICA S. SIMPSON, ESQ.<br>Williams & Connolly, LLP<br>680 Maine Avenue, SW<br>Washington, DC  20024 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1        (Proceedings commenced at 2:04 p.m.)

2            THE COURTROOM DEPUTY:  Case No. 22-50073, Ho Wan

3    Kwok.

4            THE COURT:  Good morning.  If we could have

5    appearances for the record, starting with the Chapter 11

6    Trustee, please.

7            MR. DESPINS:  Good afternoon, Your Honor.  Luc

8    Despins, Chapter 11 Trustee.

9            THE COURT:  Good afternoon.

10           MR. LINSEY:  Good morning, Your Honor.  Patrick

11   Linsey, Connecticut counsel for the trustee.

12           THE COURT:  Good afternoon.

13           MR. HEALY:  Good afternoon, Your Honor.

14           James Healy, from Cowdery and Murphy, appearing on

15   behalf of Williams and Connelly. I note that Erica Simpson,

16   of Williams and Connelly, who was with us in the hearing

17   room this week, is also with us today.

18           THE COURT:  Yes.  Thank you.  I see you both,

19   Attorney Healy and Simpson.  Good afternoon.

20           MR. HEALY:  Good afternoon.

21           THE COURT:  Attorney Smith?

22           MS. SMITH:  Good afternoon, Your Honor.  Annecca

23   and Smith, of Robinson and Cole, on behalf of PAX.

24           THE COURT:  Good afternoon.

25           All right.  On the calendar today is the continued

1  hearing on the motion to quash filed on behalf of Williams
2  and Connelly.
3              And I was alerted to the fact that something was
4  filed on the docket a few minutes ago, a proposed order with
5  regard to the motion.
6              I haven't really had an opportunity to look at it.
7  So I'm not sure if this is an order on consent or where
8  things stand as of this afternoon.
9              So I don't know, Attorney Linsey or Mr. Despins.
10 Do you want to provide the court with an update as to where
11 things stand?
12             MR. LINSEY:  Thank you, Your Honor.  Patrick
13 Linsey, counsel for the Chapter 11 Trustee.  And I
14 apologize. I realized it apparently looks like I'm in the
15 witness protection right now.  On the other hand, I don't
16 think I got here for my looks, so hopefully Your Honor will
17 just bear with me.
18             Anyway we did, I think it's fair to say, reach a
19 resolution, a form of order that everyone is comfortable
20 with resolving Williams and Connolly's motion to quash and
21 the Chapter 11 Trustee's cross motion to compel.
22             And if Your Honor would like I can sort of briefly
23 take you through that order.
24             THE COURT:  Yes, please.
25             MR. LINSEY:  Sure.

1        So the first thing I'll say is that this order is
2   meant to sort of harmonize what our -- Williams and
3   Connolly's obligations with respect to the subpoena with the
4   concern that Williams and Connolly has, and they can correct
5   me if they think I'm misstating anything, in permitting the
6   individual debtor time to review an assert any privilege
7   that it has under the consent privilege order.
8        So this creates a -- what we're calling a
9   (indiscernible) new procedure where documents that Williams
10  and Connolly believes may be responsive to the subpoena are
11  provided to the individual debtor, by the individual
12  debtor's bankruptcy counsel, Zeisler and Zeisler.  That
13  triggers a ten-day period.  Ten days, obviously, is the
14  period that's just under the consent privilege order.
15       During that ten-day period, the individual debtor
16  may log anything that the individual debtor believes in good
17  faith is subject to a privilege that the individual debtor
18  retains.  And that's more specifically discussed, as Your
19  Honor knows, in that consent order.
20       Also during that time, Williams and Connelly will
21  be conducting a review to ensure that the document that is
22  being reviewed is responsive and removing non-responsive
23  documents from the document set.
24       Upon the conclusion of the ten-day review period,
25  if the individual debtor has logged documents to assert a

1    privilege under the privilege -- consent privilege order,
2    then Williams and Connelly will withhold those documents
3    pending further order of the court.  And, again, that
4    process plays out under the consent privilege order.
5              If they're non-responsive documents, Williams and
6    Connelly will withhold those as well.  All the documents
7    that Williams and Connelly is transmitting to the individual
8    debtor are going to be Bate stamped.
9              So the trustee will be made aware of any documents
10   that Williams and Connelly is then retaining after those are
11   transmitted to the individual debtor.
12             But those that Williams and Connelly has not
13   withheld on responsiveness grounds, and those as to which
14   the individual debtor has not logged and asserted a
15   privilege under the consent privilege order will be
16   immediately turned over to the Chapter 11 trustee.
17             And then there are the provisions that -- similar
18   to those that we had in the other orders governing
19   production by the individual debtor's former counsel stating
20   that nothing in the order prejudices the parties' rights
21   under the consent privilege order and that the individual
22   debtor and all parties will retain their rights under
23   Federal Rule of Civil Procedure 26 and citing that specific
24   subpart of 26 that deals with inadvertent disclosure.
25             So unless Williams and Connelly has anything to

1    add, I think that that's a fair summary of the order. I
2    appreciate counsel from Williams and Connelly working on
3    this with counsel for the trustee on an expedited basis and
4    to the extent Your Honor is comfortable with it, it's an
5    order that both Williams and Connelly and the trustee are
6    comfortable with.
7             THE COURT:  Okay.  Thank you very much.
8             MR. HEALY:  And, Your Honor --
9             THE COURT:  Attorney Healy, go right ahead.
10            MR. HEALY:  My apologies, Your Honor. I did not
11   mean to interrupt.
12            I just wanted to make sure the record is clear
13   that Williams and Connelly consents to this order as
14   resolving the motion to quash. I just wanted to make sure
15   the record was clear about that. Thank you.
16            THE COURT:  Well, I would like you both to
17   resubmit the order and call it a consent order, because
18   that's what it is, right?  It's a consent order.  It's an
19   order on consent.
20            So it will be a proposed consent order.  And for
21   some reason, Mr. Linsey, I don't know why -- it's probably
22   just a glitch, but I think just submit it in Word format
23   because the margins didn't print out right or something
24   during it being a pdf.  And you can submit it to the
25   courtroom deputy email box.  You don't need to docket it on

1    the docket again. Okay? But what I propose --

2             MR. LINSEY: I apologize, Your Honor. We'll do

3    that.

4             THE COURT: What I propose is at the end of the

5    first paragraph -- again, the title will be the proposed

6    consent order, and then at the end of the first paragraph,

7    before the first ordered paragraph, it would say, "And in a

8    supplemental remote hearing held on Thursday, October 27,

9    2022 and on consent of the parties, this court hereby

10   orders." Okay? Something just as simple as that so that

11   it's clear that it was on the consent of the parties.

12            I've looked at it briefly, now that Attorney

13   Linsey spoke of it, and I see that it is a resolution of how

14   the process will take place, as far as the turnover of

15   documents to Zeisler and Zeisler and the trustee at

16   different points and the preparation of an individual

17   debtor's log, if that's what the debtor decides to do.

18            I do appreciate the parties working together to

19   accomplish this. It's necessary under the circumstances of

20   the case to make sure that it's clear how each production

21   will occur.

22            And so with regard to Williams and Connelly, there

23   is now going to be a consent order with regard to the

24   process of the compliance with the subpoena.

25            I'm looking at it again. As I said, I didn't study

1   every line but I think it's fair to say that it's somewhat
2   similar to other consent orders that have been entered with
3   regard to subpoenas served on the debtor's former counsel.
4            Do you think that's an accurate statement, Mr.
5   Despins and Attorney Linsey?
6            MR. DESPINS:  Yes, Your Honor.
7            THE COURT:  Okay.  And then I agree that -- and
8   Attorney Healy, if you want to even put in the first
9   paragraph that this is a resolution of the motion to quash,
10  if you want to specifically say that, I'm fine with that
11  too.  You and Attorney Linsey can work that out.
12           But I specifically want to make it clear that it
13  is a consent order --
14           MR. HEALY:  Thank you, Your Honor.
15           THE COURT:  But I want to make it clear that it is
16  a consent order and that the parties consent to the ordered
17  paragraphs contained in the order. Okay?
18           MR. LINSEY:  Thank you, Your Honor.
19           MR. HEALY:  Yes, Your Honor. Thank you.
20           THE COURT:  Again, I do appreciate the parties
21  working through the issues.  As I said on Tuesday, the
22  trustee does need to be able to continue with a meaningful
23  investigation in this case and this should at least help
24  those efforts, which is what discovery is supposed to do.
25           So I do appreciate the parties coming together and

1   resolving these issues.
2           Is there anything else we need to address this
3   afternoon in this matter?
4           MR. HEALY: Not from out perspective, Your Honor.
5   Thank you.
6           THE COURT:  Thank you.
7           All right.  Hearing nothing --
8           MR. DESPINS:  Your Honor --
9           THE COURT:  Oh, Mr. Despins.
10          MR. DESPINS:  -- not with respect to this matter,
11  but with respect to the case, just a couple of housekeeping
12  matters.
13          The first is that you will recall that we had
14  filed a motion for contempt regarding these (indiscernible)
15  and we had filed a motion to expedite the hearing on that.
16  And you had entered an order saying I will not decide that
17  in expedition until I see the response.
18          The response was filed I guess two days ago. And
19  basically it's a response that doesn't contain a sworn --
20  attach a sworn declaration from anyone so that he doesn't
21  own it.  He doesn't say who owns it. Obviously, he knows who
22  owns it in theory. He doesn't say that. It doesn't say that.
23          So we would request that Your Honor enters an
24  order scheduling the hearing on this matter -- on the
25  contempt matter with respect to Ace Decade.

1  THE COURT: And do you have a suggestion about a
2  hearing date, understanding that the debtor's not
3  participating in this conference today and -- in any event,
4  what's your suggestion, if you have one?
5  MR. DESPINS: Well, it would the week of the 14th
6  of November.
7  THE COURT: Okay. I understand.
8  I have -- I know that the response has been filed.
9  I would say that I've read it but I haven't studied it and I
10 did say that I would rule on the motion to expedite once the
11 response was filed, and it was filed -- it was timely filed.
12 So I will rule in short order on the motion to
13 expedite the hearing.
14 MR. DESPINS: Thank you, Your Honor.
15 THE COURT: Thank you. Are there any other
16 matters, Trustee Despins? You said you thought -- I thought
17 you said --
18 MR. DESPINS: Yes, there was but, frankly, I did
19 not realize that debtor's counsel wasn't on the line so
20 there's a forthcoming motion to compel production, but I
21 don't think it's right to go through that, given that
22 they're not on the call. So we'll have to be deal with that
23 separately.
24 Thank you, Your Honor.
25 THE COURT: Okay. Thank you. All right.

Ho Wan Kwok - October 27, 2022                                11

1        Anything further from anyone else this afternoon?
2        MR. LINSEY:  No, Your Honor.
3        THE COURT:  All right.  Thank you, all and thank
4   you, again, for your efforts in resolving the motion to
5   quash.  Attorney Linsey, as I said, I know Attorney Healy
6   may want to add one or two words as well, but you can submit
7   -- you don't need to file the revisions on the docket. You
8   could just submit it to the courtroom deputy, Bridgeport
9   Courtroom Deputy email box.  And as soon as that's done, it
10  will be brought to my attention and we'll get that order
11  entered.  Okay?
12       MR. LINSEY:  Okay.  Thank you, Your Honor.
13       THE COURT:  All right.  Thank you, all.
14       MR. HEALY:  Thank you.
15       This is the last matter on the calendar today, so
16  court is adjourned.
17       (Proceeding concluded at 2:17 p.m.)
18       I, CHRISTINE FIORE, Certified Electronic Court
19  Reporter and Transcriber, certify that the foregoing is a
20  correct transcript from the official electronic sound
21  recording of the proceedings in the above-entitled matter.
22
23       *Christine Fiore* (signature)
24  _____       November 8, 2022
25     Christine Fiore, CERT