# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re | : Chapter 11 |
| Ho Wan Kwok, | : Case No. 22-50073 |
| Debtor.[1] | : |

## SUPPLEMENTAL DECLARATION OF IRVE J. GOLDMAN
## PURSUANT TO FED. R. BANKR. P. 2014(a)

I, Irve J. Goldman, being duly sworn, depose and say the following:

1. I am a partner with the law firm of Pullman & Comley, LLC ("P&C"), which maintains its principal office at 850 Main Street, Bridgeport, Connecticut, and make this supplemental declaration in connection with P&C's authorized retention as counsel to the Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 case of Ho Wan Kwok (the "Debtor") (ECF No. 298).

2. This supplemental declaration is submitted to supplement the declaration I submitted with the Committee's Application to Employ Pullman & Comley, LLC as Counsel to the Official Committee of Unsecured Creditor (ECF No. 157) and in particular, to make disclosure of an additional connection with several of the Debtor's creditors which recently came about as a result of the addition of Kristin B. Mayhew, Esq. as a member of P&C on November 1, 2022.

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

3. Prior to joining P&C, Ms. Mayhew was affiliated with the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, and throughout most of this case has been representing creditors, Rui Ma ("Ma"), Weican (Watson) Meng ("Meng") and Zheng (Bruno) Wu ("Wu"), both in the case in chief and in three adversary proceedings commenced to determine the dischargeability of the Debtor's debts to the creditors (Adv. Pro. Nos. 22-5011, 22-5013, and 22-5014). Additionally, Ms. Mayhew has appeared for Plaintiff Yang Lan ("Lan") in Adversary Proceeding No. 22-5013 and for Plaintiff Boxun, Inc. ("Boxun") in Adversary Proceeding No. 22-5014. Creditors Ma, Meng, Wu, Lan and Boxun are hereafter collectively referred to as the "<u>Creditors</u>". Ms. Mayhew's representation of the Creditors was in the capacity as local counsel for out-of-state counsel, Carollynn Callari, Esq., now with the firm of Raines Feldman. It is expected that Ms. Mayhew will continue in that role while she is with P&C.

4. Section 1103(b) of the Bankruptcy Code provides:

An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

5. It is submitted that P&C's representation of the Creditors by virtue of Ms. Mayhew's joining it as a member does not create nor will it result in the representation of an adverse interest to the interests of the Committee in this case. *See generally In re National Century Financial Enterprises, Inc.*, 298 B.R. 112, 117-18 (Bankr. S.D. Ohio 2003). These Creditors have a unity of interests with the creditor constituency the Committee represents and their claims of nondischargeability should not affect what assets of the estate may be recovered and distributed for the benefit of general unsecured creditors. To the extent an actual conflict

arises in the future, P&C and Ms. Mayhew will make the necessary arrangements for conflicts' counsel for the Creditors.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: Bridgeport, Connecticut
       November 9, 2022

                                       */s/Irve J. Goldman*
                                        Irve J. Goldman