# EXHIBIT

# A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. | |

**THE DEBTOR'S RESPONSES AND OBJECTIONS TO**
**THE CHAPTER 11 TRUSTEE'S REQUESTS FOR THE PRODUCTION**
**OF DOCUMENTS INCLUDED WITH THE RULE 2004 EXAMINATION**
**SUBPOENA SERVED UPON THE DEBTOR ON AUGUST 19, 2022**

Pursuant to Fed. R. Civ. P. 45(d)(B), made applicable to this proceeding by Fed. R. Bankr. P. 2004 and 9016, Ho Wan Kwok (the "Debtor"), by and through is undersigned counsel, objects and responds to the Requests for Production of Documents included with the Subpoena served upon the Debtor by the Chapter 11 Trustee as follows:[1]

I.    **OBJECTIONS TO INSTRUCTIONS**

2.    Electronically stored information must be produced in accordance with the following instructions: . . .

**OBJECTION**: The Debtor Objects to instruction numbered 2 on the grounds that it is unduly burdensome to require him to produce documents in the requested format because it would cause him to have to incur unnecessary and likely substantial expenses, including the expense of an ESI vendor to load, prepare and store documents. Thus, the Debtor will produce documents in a reasonably useable format.

5.    Each Request contained herein extends to all Documents: (a) in Your possession,

---

[1] The subpoena was served upon the Debtor via his counsel on August 19, 2022. Thus, the Debtor's Objections are served within fourteen days of the date the subpoena was served.

custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety

**OBJECTION**: The Debtor Objects to instruction numbered 5 on the grounds that it is overly broad and therefore renders each Request for Production overly broad. The Debtor will produce responsive, non-privileged documents, if any, within his custody, possession or control.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document

**OBJECTION**: The Debtor Objects to instruction numbered 6 on the grounds that it purports to place a burden on him that is not otherwise required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Rules of the United States District Court for the District of Connecticut. The Debtor will not provide the information requested in instruction numbered 6.

7.　　　If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

**OBJECTION:** *See* Objection to instruction numbered 6.

8.　　　If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

**OBJECTION**: The Debtor Objects to instruction numbered 8 on the grounds that it is unduly burdensome in that it calls for far more information than required by D. Conn. L. Civ. R. 26(e). To the extent that the Debtor withholds responsive documents on the basis of privilege he will provide a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

9.　　　Document Request as to which a claim of privilege or work product is not made,

responsive documents should be provided in full.

**OBJECTION**: The Debtor Objects to instruction numbered 9 on the grounds that it purports to eliminate all objections to the Requests for Production other than objections as to privilege or work product. Pursuant to the Order Granting Chapter 11 Trustee's Application for Rule 2004 Examination of Ho Wan Kwok (the "Debtor 2004 Exam Order") all objections to the Requests for Production were reserved and are asserted herein to the individual Requests.

10.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

**OBJECTION:** *See* Objection to instruction numbered 8. To the extent the Debtor redacts on the basis of privilege, the redactions will be set forth on a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

12.     If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

**OBJECTION:** The Debtor Objects to instruction numbered 12 to the extent that it purports to require him to incur the expense to review and translate documents that are in a language other than English or his native language.

13.     All references to Entities includes all affiliates thereof.

**OBJECTION:** The Debtor Objects to instruction numbered 13 to the extent that it purports to require him to undertake an investigation or analysis to ascertain the identity of all affiliates of the as defined Entities. The Debtor will not undertake such an investigation or analysis and limits

his responses to the Trustee's Requests for Production to Entities and affiliates known to him.

14.    All references to individual names include all alternative names, aliased, or nicknames.

**OBJECTION:** The Debtor Objects to instruction numbered 14 to the extent that it purports to require him to undertake an investigation or analysis to ascertain "all alternative names, aliased, or nicknames" used by individuals inquired about in the Trustee's Requests for Production. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to "alternative names, aliased, or nicknames" known to him.

15.    Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

**OBJECTION**: The Debtor Objects to instruction numbered 15 on the grounds that it is overly broad and unduly burdensome and makes every Request for Production into which it is incorporated overly broad and unduly burdensome inasmuch as the Trustee cannot articulate a good faith basis to require the Debtor to search for and produce documents over a more than ten year period. The Debtor will not search for documents dating back to February 5, 2012. The Debtor's counsel will meet and confer with the Trustee's counsel in order to agree upon a more reasonable and appropriate time period.

### III.    OBJECTIONS TO DEFINITIONS

The Debtor generally Objects to the Trustee's Definitions on the grounds that certain terms are defined multiple times in different ways, first by incorporating the definitions and rules of construction of D. Conn. L. Civ. R. 26(c) and (d), and then by individually defining some of the same terms that are defined within the Local Rules, e.g., Document and Communication. In

responding to the Requests for Production the Debtor will apply the most restrictive definition to terms that are defined in multiple ways in order to avoid undue burden.

2.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Son" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf, if anyone. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf known to him, if anyone.

3.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with any of her employees, agents, counsel, advisors, or anyone acting on her behalf.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Daughter" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain any aliases of the Debtor's Daughter, or any of the Debtor's Daughter's employees, agents, counsel, advisors, or anyone acting on her behalf, if anyone. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any aliases of the Debtor's Daughter, or any of the Debtor's Daughter's employees, agents, counsel, advisors, or anyone acting on her behalf known to him, if anyone.

4.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Purported Wife" on the grounds that the use of the qualifying word "purported" in describing the Debtor's wife is demeaning, unnecessary and intended solely to slander the Debtor. The Debtor further Objects to the definition of the term "Debtor's Purported Wife" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf. The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf known to him, if any.

5.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

**OBJECTION:** The Debtor Objects to the definition of the term "Debtor's Family" to the extent that it purports to require the Debtor to undertake an investigation or analysis to ascertain "any other familial relation to the Debtor." The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to any "familial relation to the Debtor" known to him. The Debtor further Objects to the definition of the term "Debtor's Family" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it includes any individual to whom the Debtor is related, regardless of the distance of the relationship, *e.g.*, tenth cousin.

6.      "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are

affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a *郝海东*), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明 ), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

**OBJECTION:** The Debtor Objects to the definition of the term "Associated Individuals" on the grounds that it assumes that the persons enumerated in the definition "(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor [ ]; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities." The Debtor further Objects to the definition of the term "Defined Person" to the extent that it purports to require him to undertake an investigation or analysis to ascertain "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to "individuals that (1) hold, control, have custody over, or

8

discretion over assets owned, controlled, or enjoyed by the Debtor; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." known to him. The Debtor also Objects to the definition of the term "Associated Individual" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by . . . the Debtor's Family, regardless of whether the Debtor owns or controls such assets.

7.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA,

Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC.,
GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New
York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital
Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange,
Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds
Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite
Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC,
Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon
Investments Limited, New 10 Federal State of China (a/k/a NFSC), Noble Fame Global Limited,
Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV,
Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY
LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter
Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd.,
World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited,
and ZIBA Limited.

**OBJECTION:** The Debtor Objects to the definition of the term "Associated Entities" on the
grounds that it assumes that the enumerated entities "(1) have been owned, controlled, or
invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets
owned, controlled, or enjoyed by the Debtor [ ]." The Debtor Objects to the definition of the
term "Associated Entities" to the extent that it purports to require the him to undertake an
investigation or analysis to ascertain the identity of "all organizations or Entities of any type that
(1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have
an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the

Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." The Debtor will not undertake such an investigation or analysis and limits his responses to the Trustee's Requests for Production to "organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor [ ], together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing" known to the Debtor. The Debtor also Objects to the definition of the term "Associated Entities" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by . . . the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by . . . the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing," regardless of whether the Debtor owns or controls such entities.

## IV.     OBJECTIONS TO REQUESTS FOR PRODUCTION[2]

1.      All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it calls for him to make legal conclusions in determining whether "any income or asset" is an asset of the Debtor, part of the undefined "Debtor's estate," or an asset of an Associated Entity. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-

---

[2] The Debtor incorporates by reference into each Objection to the Requests for Production his Objections to Instructions and Objections to Definitions as and where applicable.

client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged documents related to income or Assets of the Debtor located after a reasonably diligent search will be produced.

2.      Documents sufficient to show all entities or Assets that the Debtor or the Debtor's Estate holds or has ever held a legal, economic, or beneficial interest in, or total or partial control of, at any time from January 1, 2011 through the present.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it calls for him to make legal conclusions in determining whether he or the undefined "Debtor's Estate" "holds or has ever held a legal, economic, or beneficial interest in, or total or partial control of" an Asset or entity. The Debtor further Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks the production of documents over a period of more than 11 years regardless of the status of the entity or Asset. The Debtor also Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged documents related to entities or Assets that the Debtor holds or has held a legal, economic, or beneficial interest in, or total or partial control of within a reasonably agreed upon period of time that are located after a reasonably diligent search will be produced.

3.      For any Asset identified in response to Request No. 2 in which the Debtor asserts he or the Debtor's Estate no longer holds such an interest, all Documents relating to the disposition of that Asset, including but not limited to, when the Debtor relinquished his interest, to whom, for what value, and if the Debtor has had any use of or other interaction with the Asset since the moment he asserts he or the Debtor's Estate no longer retained an interest.

**OBJECTION AND RESPONSE:** *See* Objection to Request numbered 2. Subject to and without waiving the foregoing Objections, non-privileged responsive documents within a reasonably agreed upon period of time that are located after a reasonably diligent search will be produced.

4.      All Documents regarding the Associated Entities, including but not limited to their corporate structure, Assets, incorporation information, officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it requires the Debtor to search for and produce "[a]ll Documents regarding the Associated Entities", regardless of the content or relevance of the Document. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. The Debtor also Objects to that portion of the request seeking Documents regarding the relationship of the Debtor's Family to any of the Associated Entities. Subject to and without waiving the foregoing Objections, the Debtor will produce non-privileged responsive documents, if any, concerning the Associated Entities "corporate structure, Assets, incorporation information, officers and directors, business purpose, and relationship to the Debtor" located after a reasonably diligent search.

5.      All Documents regarding the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.; and any financial interest that the Debtor or the Debtor's estate possesses in any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it requires the Debtor to search for and produce "[a]ll Documents regarding the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.; and any financial interest that the Debtor or the Debtor's estate possesses in any Associated Entity," regardless of the content or relevance of the Document and regardless of whether a responsive Document is publicly available. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, the Debtor will produce non-privileged responsive documents, if any, that are not equally available to the Trustee, such as by way of having been filed with a Court on a public docket or the land records of a town or county, located after a reasonably diligent search.

6.    All Documents related to the purported Declaration of Trust and Agreement, dated February 17, 2015, entered into by the Debtor, as Trustee, Genever Holdings Corporation, and Genever Holdings LLC, in favor of Bravo Luck Limited, as beneficiary.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it requires the Debtor to search for and produce "[a]ll Documents related to the purported Declaration of Trust and Agreement, dated February 17, 2015, entered into by the Debtor, as Trustee, Genever Holdings Corporation, and Genever Holdings LLC, in favor of Bravo Luck Limited, as beneficiary," regardless of the content or relevance of the Document and regardless of whether a responsive Document is

publicly available. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, the Debtor will produce non-privileged responsive documents, if any, that are not equally available to the Trustee, such as by way of having been filed with a Court on a public docket, located after a good faith search.

7.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets of non-debtors which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

8.      All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases, payments, and other transactions related thereto.

**OBJECTION AND RESPONSE:** Non-privileged responsive documents of the Debtor located

after a good faith search, if any, will be produced.

9.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about investments or trading in crude oil futures or any similar commodity assets of non-debtors, *i.e.,* the Debtor's Family, or an Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

10.     All Communications between You and, either, the Debtor's Family, or any Associated Individual, agent, employee, or individual acting on Your behalf, related to any business transaction relating to the Debtor, the Debtor's Estate, the Debtor's Family or the Associated Entities.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about business transactions of non-debtors, *i.e.,* the Debtor's Family, or an Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing

Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

11.    All communications with counsel for the Debtor's Family or the Associated Entities.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll communications with counsel for the Debtor's Family or the Associated Entities" regardless of the content or relevance of the Document or communication. The Debtor further Objects to this Request for Production on the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. The Debtor will neither search for nor produce documents responsive to this Request as propounded.

12.    All communications with Qu Guo Jiao regarding any Assets, liabilities, financial interests, economic health, financial statements of the Debtor, the Debtor's Family, or any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

13.     All communications with Daniel Podhaskie regarding any Assets, liabilities, financial interests, economic health, financial statements of the Debtor, the Debtor's Family, or any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

14.     All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, the Associated Entities, or the Associated Individuals, including but not limited to, the amounts of such gifts, benefits, or loans, the purposes for which such gifts, benefits, or loans were used, when the gifts, benefits, or loans were provided, the terms of repayment for any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks documents and information about "gifts, benefits, or loans" made, given or received by non-debtors which documents and information will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure

by the attorney-client privilege and the attorney work product doctrine. Subject to and without
waiving the foregoing Objections, non-privileged responsive documents regarding transactions
to or from the Debtor that are otherwise responsive and located after a good faith search, if any,
will be produced.

15.    All Documents concerning any trust or similar instrument set up by, on behalf of,
or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or Associated Entities,
including but not limited to Documents showing when the trust(s) was created, by whom it was
created, to whose benefit it was created, and the corpus of the trust.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the
grounds that it is overly broad, unduly burdensome and seeks information about "trusts or similar
instruments" set up by non-debtors for the benefit of non-debtors which documents will not be
produced. The Debtor further Objects to this Request for Production to the extent that it calls for
the production of documents and information protected from disclosure by the attorney-client
privilege and the attorney work product doctrine. Subject to and without waiving the foregoing
Objections, non-privileged responsive documents regarding "any trust or similar instrument set
up by, on behalf of, or for the benefit of the Debtor" located after a good faith search, if any, will
be produced.

16.    Tax returns for the Debtor, each Individual member of the Debtor's Family, and
any Associated Entity from the years 2014 to the present.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the
grounds that it purports to require the Debtor to produce personal tax returns of non-debtors,
which will not be produced. The Debtor further Objects to this Request for Production to the
extent that it calls for the production of documents and information protected from disclosure by

the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, tax returns for the Debtor located after a good faith search, if any, will be produced.

17.    All Documents related to any sale, acquisition, disposition, purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, or any Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

18.    All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity, and those related to the action before the High Court of Justice of England and Wales, Queen's Bench Division Commercial Court, styled *Kwok Ho Wan & Ors v UBS*, Cl-2020-000345, including those related to the basis for Your claim in such action.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll Documents related

to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity" regardless of the content or relevance of the document, and regardless of whether a document is publicly available on a court or entity docket. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Based on the breadth of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that responsive documents can be searched for, and to the extent located, produced.

19.     All Documents related to that certain U.S. Securities and Exchange Commission Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order, Release No. 10979/September 16 13, 2021, entered in Administrative Proceeding File No. 3-20537, In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc., including but not limited to those regarding the sources of funds for all payments to legal counsel to the respondent□Associated Entities subject to that administrative proceeding, the sources of funds for all payments of fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to such order, and those regarding the manner of payment used by respondent-Associated Entities to satisfy the obligations of such order.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll Documents related to that certain U.S. Securities and Exchange Commission Order Instituting Cease-and-Desist Proceedings . . ." regardless of the content or relevance of the document, and regardless of whether a document is publicly available on a court docket. The Debtor also Objects to this Request for Production on the grounds that it seeks financial information and sources of payments to and from non-debtors that do not concern the Debtor. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Based on the breadth of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that responsive documents can be searched for, and to the extent located, produced.

20.    All Documents regarding the place, property, or location the Debtor resides in or inhabits, including but not limited to the location of such place or property; when and how often the Debtor is there; who owns or controls the place or property; who funds any expenses or payments related to the place or property; any terms relating to the Debtor's use of the property; and anyone else who is authorized to use the property.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it seeks "[a]ll Documents regarding the place, property, or location the Debtor resides in or inhabits, . . ." regardless of the content or relevance of the document, and regardless of whether a document is publicly available. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client

privilege and the attorney work product doctrine. Based on the breadth of this Request, the Debtor will neither search for nor produce responsive documents to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's counsel in an effort to narrow the scope of this Request so that responsive documents can be searched for, and to the extent located, produced.

21.     All Documents regarding the Debtor's use of any Assets belonging to, controlled by, or whose complete or partial ownership is held by the Debtor's Family, an Associated Individual, or an Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it seeks information that is not relevant to the Debtor's assets inasmuch as the Request is premised upon ownership of an Asset by someone other than the Debtor. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Because this Request seeks Documents that are not relevant to the Trustee's investigation of the Debtor's Assets, the Debtor will neither search for nor produce documents responsive to this Request.

22.     All Documents regarding any Entity that the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity holds any interest or investment in, including but not limited to the nature and value of that interest or investment; any proceeds or benefits from the entity that the Debtor, the Debtor's Estate, or the Associated Entity receives; and all Documents relating to any financial reporting or data relating to such Entity, including but not limited to all books and records, financial statement or tax Documents.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding any interest or investment currently held by the Debtor, directly or indirectly, located after a good faith search, if any, will be produced.

23.    All Documents regarding any investment or business dealing made by, with, or on behalf of the Debtor or the Debtor's Family, on the one hand, and any Associated Entity, on the other hand.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Debtor's Family, or any Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents regarding the Debtor's interests located after a good faith search, if any, will be produced.

24.    All Documents regarding the "billions" of "funds and property, including real estate in Hong Kong" which were frozen in 2019 by the High Court of the Hong Kong Special Administrative Region, Court of First Instance. (See ECF N0. 107 at ¶17).

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by

the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents located after a good faith search, if any, will be produced.

      25.    All Documents regarding each of the Assets the Debtor claimed to own during a 2017 interview with Vice News, including but not limited to, the "two private jets," the "most advanced yachts," and the "hundreds of race cars." (See Vice News Interview at 6:38-7:07 (Nov. 15 2017) (when asked whether he had any regrets over how he has fought his campaign against China, the Debtor said, "I have absolutely no regrets for what I have done over the past nine months. I have the wealthy life that everyone in the world dreams about. I have the biggest house in Hong Kong, thousands of square meters. I have the most luxurious apartment in London. I have the biggest place in Beijing. I have more than 10 properties in Pangu. I have two private jets. I have the most advanced yachts. I have hundreds of race cars. I have an apartment like this in New York. I don't have any material needs anymore.")).

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production to the extent that it is based on the legal conclusion that title to each of the assets identified in the Request was actually held by the Debtor, and that the statements related to what the Debtor has, *e.g.*, "I have the biggest house in Hong Kong," equates to the Debtor holding title to the asset. The Debtor further Objects to this Request to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents concerning the Debtor's interests in the assets identified in this Request located after a good faith search, if any, will be produced.

      26.    All Documents related to any income, revenue, Assets or advertisement revenue

generated from the YouTube channel(s) possessed or controlled by the Debtor, the Debtor's
Estate, Debtor's Family, or an Associated Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the
grounds that it is overly broad, unduly burdensome and seeks financial information of non-
debtors, *i.e.,* the Debtor's Family or any Associated Entity, which will not be produced. The
Debtor further Objects to this Request for Production on the grounds that it seeks Documents
related to income, etc. from "YouTube channel(s) possessed or controlled by the Debtor"
without defining what it means to possess or control a YouTube channel. The Debtor also
Objects to this Request for Production to the extent that it calls for the production of documents
and information protected from disclosure by the attorney-client privilege and the attorney work
product doctrine. Subject to and without waiving the foregoing Objections, non-privileged
responsive documents regarding the Debtor's interests in the assets identified in this Request
located after a good faith search, if any, will be produced.

27.     Documents sufficient to show the identity, name, length of employment, and
salary for each and every employee of the Associated Entities.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the
grounds that it is overly broad, unduly burdensome and seeks documents and information that is
not related to the Trustee's investigation of the Debtor's assets. Based on the breadth and lack of
relevance of this Request, the Debtor will neither search for nor produce responsive documents
to this Request as propounded. Counsel for the Debtor will meet and confer with the Trustee's
counsel in an effort to narrow the scope of this Request, and ascertain its relevance, so that
responsive documents can be searched for, and to the extent located, produced.

28.     All Documents related to any aircraft owned, controlled, or used by You,

including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it calls for the production of "[a]ll Documents related to any aircraft owned, controlled, or used by You." The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents that are related to the Debtor's use or ownership of any "aircraft . . . including . . . the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino" located after a good faith search, if any, will be produced.

29.     All passports or similar Documents authorizing cross-border travel issued by any sovereign state, nation, city-state, or autonomous region to You, including but not limited to any expired or unused Documents, and all pages of such passports or similar Documents.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the grounds that it seeks the production of documents that are wholly irrelevant to the Trustee's investigation of the Debtor's assets and is propounded solely to harass and annoy the Debtor. The Debtor will neither search for nor produce any Documents in response to this Request.

30.     All Documents related to any pledges of Assets of any Associated Entity, including Bravo Luck Limited, to any other Entity.

**OBJECTION AND RESPONSE:** The Debtor Objects to this Request for Production on the

grounds that it is overly broad, unduly burdensome and seeks financial information of non-debtors, *i.e.,* the Associated Entity, which will not be produced. The Debtor further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents related to pledges of Assets owned or controlled by the Debtor, located after a good faith search, if any, will be produced.

Dated at Bridgeport, Connecticut this 2nd day of September, 2022.

**THE DEBTOR,**
**HOW WAN KWOK**

*/s/ James M. Moriarty*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        skindseth@zeislaw.com
        aromney@zeislaw.com
        jmoriarty@zeislaw.com
        jcesaroni@zeislaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Debtor's Responses and Objections to the Chapter 11 Trustee's Requests for the Production of Documents Included with the Rule 2004 Examination Subpoena Served Upon the Debtor on August 19, 2022 was served by electronic mail on this 2nd day of September 2022 on the following counsel of record for the Chapter 11 Trustee:


Douglas E. Barron: douglassbarron@paulhastings.com;

Nicholas Bassett: nicholasbassett@paulhastings.com;

Avi E. Luft : aviluft@paulhastings.com;

Patrick Linsey plinsey@npmlaw.com.


*James M. Moriarty*
James M. Moriarty (ct21876)