# EXHIBIT

# B

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. | |

**NON-PARTY MEI GUO'S RESPONSES AND OBJECTIONS TO
THE CHAPTER 11 TRUSTEE'S REQUESTS FOR THE PRODUCTION
OF DOCUMENTS INCLUDED WITH THE RULE 2004 EXAMINATION
SUBPOENA SERVED UPON MS. GUO ON AUGUST 19, 2022**

Pursuant to Fed. R. Civ. P. 45(d)(B), made applicable to this proceeding by Fed. R.
Bankr. P. 2004 and 9016, non-party, Mei Guo ("Ms. Guo"), by and through her undersigned
counsel, objects and responds to the Requests for Production of Documents included with the
Subpoena served upon Ms. Guo by the Chapter 11 Trustee as follows:[1]

I.       **OBJECTIONS TO INSTRUCTIONS**

2.       Electronically stored information must be produced in accordance with the
following instructions: . . .

**OBJECTION**: Ms. Guo Objects to instruction numbered 2 on the grounds that it is unduly
burdensome to require her to produce documents in the requested format because it would cause
Ms. Guo to have to incur unnecessary and likely substantial expenses, including the expense of
an ESI vendor to load, prepare and store documents. Fed. R. Civ. P. 45(d)(1) requires the Trustee
and his counsel to avoid imposing undue burden upon a party subject to a subpoena; requiring
Ms. Guo to produce documents in the requested format does the exact opposite, *i.e.,* it imposes

---

[1] The subpoena was served upon Ms. Guo via her counsel on August 19, 2022. Thus, Ms. Guo's
Objections are served within fourteen days of the date the subpoena was served.

an undue burden on Ms. Guo. Thus, documents that Ms. Guo produces, if any, will be produced in a reasonably useable format.

5.      Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety

**OBJECTION**: Ms. Guo Objects to instruction numbered 5 on the grounds that it is overly broad and therefore renders each Request for Production overly broad. Ms. Guo will produce responsive, non-privileged documents, if any, within her custody, possession or control.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document

**OBJECTION**: Ms. Guo Objects to instruction numbered 6 on the grounds that it purports to place a burden on her that is not otherwise required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or Local Rules of the United States District Court for

the District of Connecticut. Ms. Guo will not provide the information requested in instruction numbered 6.

7.    If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

**OBJECTION:** *See* Objection to instruction numbered 6.

8.    If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

**OBJECTION**: Ms. Guo Objects to instruction numbered 8 on the grounds that it is unduly burdensome in that it calls for far more information than required by D. Conn. L. Civ. R. 26(e). To the extent that Ms. Guo withholds responsive documents on the basis of privilege she will

provide a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

9.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

**OBJECTION:** *See* Objection to instruction numbered 8. To the extent Ms. Guo redacts on the basis of privilege, the reactions will be set forth on a privilege log that complies with the requirements of D. Conn. L. Civ. R. 26(e).

11.    If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

**OBJECTION:** Ms. Guo Objects to instruction numbered 11 to the extent that it purports to require Ms. Guo to incur the expense to review and translate documents that are in a language other than English or her native language.

12.    All references to Entities includes all affiliates thereof.

**OBJECTION:** Ms. Guo Objects to instruction numbered 12 to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain the identity of all affiliates of the as defined Entities. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to Entities and affiliates known to her.

13.    All references to individual names include all alternative names, aliased, or nicknames.

**OBJECTION:** Ms. Guo Objects to instruction numbered 13 to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain "all alternative names,

aliased, or nicknames" used by individuals inquired about in the Trustee's Requests for Production. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to "alternative names, aliased, or nicknames" known to her.

14.    Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

**OBJECTION**: Ms. Guo Objects to instruction numbered 14 on the grounds that it is overly broad and unduly burdensome and makes every Request for Production into which it is incorporated overly broad and unduly burdensome inasmuch as the Trustee cannot articulate a good faith basis to require Ms. Guo to search for and produce documents over a more than ten year period. Ms. Guo will not search for documents dating back to February 5, 2012. Ms. Guo's counsel will meet and confer with the Trustee's counsel in order to agree upon a more reasonable and appropriate time period.

### III.    **OBJECTIONS TO DEFINITIONS**

Ms. Guo generally Objects to the Trustee's Definitions on the grounds that certain terms are defined multiple times in different ways, first by incorporating the definitions and rules of construction of D. Conn. L. Civ. R. 26(c) and (d), and then by individually defining some of the same terms that are defined within the Local Rules, e.g., Document and Communication. In responding to the Requests for Production Ms. Guo will apply the most restrictive definition to terms that are defined in multiple ways in order to avoid undue burden.

1.    "You" or "Your" or "Yourself" means and refers to Mei Guo (a/k/a Mei Gui, 郭 美, or any other alias), together with all of its affiliates, divisions, agencies, instrumentalities,

departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the terms "You" or "Your" or "Yourself" on the grounds that the definition defines an entity, not a natural person. In responding to the Requests for Production and producing responsive documents, if any, Ms. Guo will comply with her obligation to produce responsive documents in her custody, possession and control.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain any aliases of the Debtor, or any of the Debtor's employees, agents, counsel, advisors, or anyone acting on his behalf. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any aliases of the Debtor, or any of the Debtor's employees, agents, counsel, advisors, or anyone acting on his behalf known to her.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor's Son" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any aliases of the Debtor's Son, or any of the Debtor's Son's employees, agents, counsel, advisors, or anyone acting on his behalf known

to her.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor's Purported Wife" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf. Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any aliases of the Debtor's Purported Wife, or any of the Debtor's Purported Wife's employees, agents, counsel, advisors, or anyone acting on her behalf known to Ms. Guo.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Debtor's Family" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain "any other familial relation to the Debtor." Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to any "familial relation to the Debtor" known to Ms. Guo. Ms. Guo also Objects to the definition of the term "Debtor's Family" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it includes any individual to whom the Debtor is related, regardless of the distance of the relationship, *e.g.*, tenth cousin.

7.      "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by

the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明 ), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

**OBJECTION:** Ms. Guo Objects to the definition of the term "Associated Individuals" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to "individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of

the foregoing." known to Ms. Guo. Ms. Guo also Objects to the definition of the term "Associated Individual" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by . . . the Debtor's Family, regardless of whether the Debtor owns or controls such assets.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital

Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New 10 Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

**OBJECTION:** Ms. Guo Objects to the definition of the term "Associated Entities" to the extent that it purports to require Ms. Guo to undertake an investigation or analysis to ascertain the identity of "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." Ms. Guo will not undertake such an investigation or analysis and limits her responses to the Trustee's Requests for Production to "organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor [ ]; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor [ ], together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of

any of the foregoing" known to Ms. Guo. Ms. Guo also Objects to the definition of the term "Associated Entities" on the grounds that it is overly broad and makes every request into which it is incorporated overly broad because it purports to include "all organizations or Entities of any type that (1) have been owned, controlled, or invested in by . . . the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by . . . the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing," regardless of whether the Debtor owns or controls such entities.

IV.     **OBJECTIONS TO REQUESTS FOR PRODUCTION**

1.      All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it calls for her to make legal conclusions in determining whether "any income or asset" is an asset of the Debtor, part of the undefined "Debtor's estate," or an asset of an Associated Entity. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined term Associated Entity. Ms. Guo is unaware of any assets of the Debtor. As such, Ms. Guo will not undertake a futile search for responsive documents.

2.      All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that the term "Debtor's financial condition" is undefined and is therefore vague and ambiguous. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents located after a good faith search, if any, will be produced.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets of non-debtors, including Ms. Guo, which will not be produced. Ms. Guo also Objects to this Request for Production on the grounds that it calls for her to make legal conclusions in determining whether any of the assets listed in the Requests is owned by the Debtor. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity, and Objects to the production of banking and financial information of Associated Entities. Ms. Guo does not have in her possession, custody or control

documents of the Debtor that could be responsive to this Requests for Production, and Ms. Guo will neither search for nor produce non-Debtor documents of the type requested.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objection, non-privileged responsive documents located after a good faith search, if any, will be produced.

5.      All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that the term "Documents related to Communications" is vague and confusing. Ms. Guo further Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it purports to require the production of "[a]ll Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity" regardless of the Entity, the Debtor's interest in the Entity, and the substance of the communication. Ms. Guo also Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo incorporates her Objections to the defined term Associated Entities. Subject to and without waiving the foregoing Objections, non-privileged responsive communication between Ms. Guo

and the Debtor concerning the operation of Associated Entities located after a good faith search, if any, will be produced.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about the assets and investments of non-debtors, including Ms. Guo, which will not be produced. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity, and Objects to the production of documents regarding "any Transfer, investment, or other transaction or business dealing" of any Associated Entities in which the Debtor has no ownership interest. Ms. Guo is unaware of any "Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor" within the last four years, and as a result Ms. Guo will not undertake a futile search for responsive documents.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it (i) seeks information about the assets of non-debtors, including Ms. Guo, which will not be produced, and (ii) seeks all

Documents related to "property ever occupied or used by the Debtor" regardless of the content of the Document. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also Objects to the production of documents regarding assets owned by Associated Entities in which the Debtor has no ownership interest. Based on the breadth of this Request, Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

8.    All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about investments or trading of non-debtors, including Ms. Guo, which will not be produced. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity, and Objects to the production of documents regarding commodities trading, if any, by Associated Entities in which the Debtor has no ownership interest. Ms. Guo is unaware of any trading "in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be" by the Debtor and Ms. Guo will not undertake a futile search for responsive documents.

9.    All Documents related to any aircraft owned, controlled, or used by the Debtor,

including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it calls for her to make legal conclusions in determining whether any aircraft was "owned" or "controlled" by the Debtor. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, non-privileged responsive documents that are related to the Debtor's use or ownership of any "aircraft . . . including . . . the aircraft bearing tail number T7-GQM and any other aircraft registered in the Republic of San Marino" located following a good faith search, if any, will be produced.

10.    All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about "gifts, benefits, or loans" made or given by non-debtors, including, as propounded, completely unrelated third-party financial institutions, to non-debtors, including Ms. Guo, which will not be produced. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of

documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

11.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, unduly burdensome and seeks information about "trusts or similar instruments" set up by non-debtors for the benefit of non-debtors, including Ms. Guo. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo also incorporates her Objection to the defined terms Debtor's Family and Associated Entity. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

12.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor,

. . .", regardless of the content of the Document. Ms. Guo also Objects to this Request for Production on the grounds that it seeks documents that are publicly available. Ms. Guo further Objects to this Request for Production to the extent that it calls for the production of documents and information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

13.    All Documents and communications between any of your outside counsel or other advisors and the Debtor.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad, and unduly burdensome in that it seeks "[a]ll Documents and communications between any of your outside counsel or other advisors and the Debtor" regardless of the content of the Document or communication. Ms. Guo further Objects to this Request for Production on the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. Ms. Guo will neither search for nor produce documents responsive to this Request for Production as propounded.

14.    Documents sufficient to show all of Your Assets and sources of income or funding.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce documents sufficient to show "all of [her] Assets and sources of income or funding" even though Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required

to produce the requested Documents, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

15.     For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

**OBJECTION AND RESPONSE:** *See* Objection and Response to Request for Production numbered 14.

16.     Copies of Your tax returns.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce her personal tax returns even though Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required to produce her personal tax returns, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce documents sufficient to show "all bank accounts and investment accounts within [her] possession or control," *i.e.*, Ms. Guo's personal accounts, even though Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required to produce the requested Documents, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

18.    All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it purports to require Ms. Guo to produce all documents regarding any credit card she has used, including her personal credit card and including ***any*** purchase she has made on any credit card.  Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, Ms. Guo is not required to produce the requested Documents, and Ms. Guo will neither search for nor produce documents responsive to this Request for Production.

19.    All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it is not applicable to her as a natural person.

20.    All Documents related to any Associated Entity that You hold or have held an interest in.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that it purports to require Ms. Guo to produce all documents "related to any Associated Entity that [she] hold[s] or ha[s] held an interest in." Ms. Guo is not a debtor. The Trustee is not entitled to the information he seeks via this Request for Production, and Ms. Guo is not required to produce the requested Documents. Ms. Guo further Objects to this Request for Production on

the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, Ms. Guo will produce non-privileged responsive documents related to HK International Funds Investments (USA) Limited, LLC ("HK") because issues related to HK are already being litigated in a related adversary proceeding.

21.    All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any legal entity, including without limitation the Associated Entities.

**OBJECTION AND RESPONSE:** Ms. Guo Objects to this Request for Production on the grounds that the term "Documents related to Communications" is vague and confusing. Ms. Guo further Objects to this Request for Production on the grounds that it is overly broad and unduly burdensome in that it purports to require Ms. Guo to produce all "Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any legal entity" regardless of the entity and regardless of the content of the communication. Ms. Guo also Objects to this Request for Production on the grounds that it calls for the production of documents, communications, and information protected from disclosure by the attorney-client privilege, including the common interest privilege, and the attorney work product doctrine. Subject to and without waiving the foregoing Objections, Ms. Guo will produce non-privileged responsive documents related to HK because issues related to HK are already being litigated in a related adversary proceeding.

Dated at Bridgeport, Connecticut this 2nd day of September, 2022.

**NON-PARTY,**
**MEI GUO**

_/s/ James M. Moriarty_
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        skindseth@zeislaw.com
        aromney@zeislaw.com
        jmoriarty@zeislaw.com
        jcesaroni@zeislaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Non-Party Mei Guo's Responses and Objections to the Chapter 11 Trustee's Requests for the Production of Documents Included with the Rule 2004 Examination Subpoena Served Upon Ms. Guo on August 19, 2022 was served by electronic mail on this 2nd day of September 2022 on the following counsel of record for the Chapter 11 Trustee:

Douglas E. Barron: douglassbarron@paulhastings.com;

Nicholas Bassett: nicholasbassett@paulhastings.com;

Avi E. Luft : aviluft@paulhastings.com;

Patrick Linsey plinsey@npmlaw.com.

*James M. Moriarty*
James M. Moriarty (ct21876)