**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al*.,[1] : Case No. 22-50073 (JAM)
: 
      Debtors. : (Jointly Administered)
: 
---------------------------------------------------------x
: 
In re: : Chapter 11
: 
GENEVER HOLDINGS LLC, : Case No. 22-50592 (JAM)
: 
      Debtor. : 
: 
---------------------------------------------------------x

**ORDER DIRECTING JOINT ADMINISTRATION OF**
**RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation (the "Genever (BVI) Debtor") and Genever Holdings LLC ( "Genever (US) Debtor" and, together with the Trustee and the Genever (BVI) Debtor, the "Movants") for entry of an order (this "Order"): (a) directing procedural consolidation and joint administration of the chapter 11 case of the Genever (US) Debtor and the chapter 11 cases of the Individual Debtor and Genever (BVI) Debtor (collectively, the "Chapter 11 Cases") and (b) granting related relief, all as more fully set forth in the Motion; and this Court having

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation.  The mailing address for the Trustee and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estates of the Individual Debtor, the Genever (BVI) Debtor, and the Genever (US) Debtor, their creditors, and other parties in interest; and this Court having found that the Movants' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-50073 (JAM).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------------x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
HO WAN KWOK, et al.,¹                                       :  Case No. 22-50073 (JAM)
                                                            :
         Debtors.                                           :  (Jointly Administered)
------------------------------------------------------------x
```

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

4.  The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code. All pleadings concerning the Chapter 11 Cases shall be filed in the Individual Debtor's case (Ho Wan Kwok, Case No. 22-50073 (JAM)).

5.  An entry shall be made on the Genever (US) Debtor's chapter 11 case docket that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut directing joint administration of the chapter 11 cases of Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases; last four digits of tax identification number: 9595), Genever Holdings Corporation, and Genever Holdings LLC. The docket in the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (JAM) should be consulted for all matters affecting this case.

6.  The Trustee, the Genever (BVI) Debtor, and the Genever (US) Debtor shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Connecticut shall keep, one consolidated docket, one file, and one consolidated service list.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases.

8. The Trustee, the Genever (BVI) Debtor, and the Genever (US) Debtor are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                             :     Chapter 11
:
HO WAN KWOK, *et al.*                              :     Case No. 22-50073 (JAM)
:
         Debtors.[1]                               :     Jointly Administered
:
-------------------------------------------------------x
:
In re:                                             :
:     Chapter 11
GENEVER HOLDINGS LLC,                              :
:     Case No. 22-50592 (JAM)
         Debtor.                                   :
:
-------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 17, 2022, the foregoing proposed Order was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation. The mailing address for the Trustee and the Genever (BVI) Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1

2

Dated: November 17, 2022
      New Haven, Connecticut

By: /s/Douglas S. Skalka
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com
plinsey@npmlaw.com