UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|   |   |
|---|---|
| In Re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

**CREDITOR LOGAN CHENG'S OBJECTION TO (I) CHAPTER 11 TRUSTEE'S MOTION TO SEAL REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER HOLDING DEBTOR IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH CORPORATE GOVERNANCE RIGHTS ORDER AND RELATED DOCUMENTS; AND (II) CHAPTER 11 TRUSTEE'S ORAL MOTION TO CLOSE THE COURTROOM**

Logan Cheng, Creditor, objects to the *Chapter 11 Trustee's Motion to seal reply in support of Motion for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order and Related Documents* (ECF No. 1095) and the related oral request made November 17, 2022, to close the courtroom for that portion of the hearing on the contempt motion addressing the documents sought to be sealed.

The Trustee has identified his Exhibits 20-24, 28-30, and 34-38 (ECF No. 1099), as documents to be sealed on the basis of privilege per ECF No. 856, and Exhibit 27 (ECF No. 1100) as a document to be sealed on the basis of having been designated as confidential under the protective order at ECF No. 923. The Court, on November 17, 2022, appeared to suggest that the exhibits at issue appear at ECF No. 1083, but that document stops at Exhibit 27 and there is little indication in those documents as to what, if anything, is withheld from the public. Moreover, the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

sealing motion makes no reference to ECF No. 1083.  Thus, Creditor Cheng is arguing with his proverbial hand tied behind his back—he has no idea what is sought to be sealed or the particularized reason for it, and he cannot, as a result, make a complete argument or analysis as to the propriety of sealing or courtroom closure.

The Court must avoid shielding from scrutiny that which rightfully should be exposed to sunlight.  It should avoid repeating the errorss the Second Circuit reversed in *Brown v. Maxwell*, where it determined, "in contravention of our precedent, the District Court failed to review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values." 929 F.3d 41,48 (2d Cir. 2019).  The courts do not belong to Kwok – they belong to the people.  *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("what transpires in the court room is public property").  As discussed herein, there is no proper basis to deny Creditor and the public access to the information at issue.  There are both common law and First Amendment rights of access.  The Trustee and Debtor have not provided any compelling reason why those rights should be abridged.

Moreover, under the Bankruptcy Code, "the plain meaning of 11 U.S.C. § 107(a) mandates that all papers filed in a bankruptcy case are public records open to examination unless the court decides to protect information in them under § 107(b)." *In re Purdue Pharma L.P.*, 632 B.R. 34, 39 (Bankr. S.D.N.Y. 2021)(finding the common law right of access having been superseded by Section 107).  The Trustee does not purport the documents to be sealed (and therefore necessitating courtroom closure) to be "a trade secret or confidential research, development, or commercial information" or "scandalous or defamatory matter" under Section 107(b), the only categories on which exclusion can be had (barring risk of identity theft or *unlawful* injury under Section 107(c)).  Merely being marked "confidential" or claimed "privileged" does not either make such so nor automatically meet the statutory requirements; the markings and claims of others do not govern.  Further, under Section 107(c), perhaps Debtor or another might be injured by the disclosure, but

there is nothing to suggest that it would be from unlawful activity.[2]

### 1.1 Historical and Constitutional Presumtions

Apart from the statute, there is both a First Amendment and common law right of access to court records.[3] Both remind us that there is a strong presumption of openness in the judicial branch. That presumption should not be laid aside lightly. And, to the extent this Court does not agree with *Purdue Pharma* that Section 107 superseded the common law, Creditor invokes his rights thereunder.

#### 1.1.1 Common Law Right to Access

The common law right to access is long-established. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). In *Nixon*, the Supreme Court recognized the federal common law right "to inspect and copy public records and documents." *Id*. This right extends to exhibits filed in cases. "[H]istorically both civil and criminal trials have been presumptively open." *E*Trade Fin. Corp. v. Deutsche Bank AG*, 582 F. Supp. 2d 528, 531 (S.D.N.Y. 2008) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 n.17 (1980)); *see also id*. at 599 (Stewart, J., concurring); *and see Maryland v. Baltimore Radio Show, Inc*., 338 U.S. 912, 920 (1950) ("one of the demands of a democratic society is that the public should know what goes on in courts").

Courts have consistently noted that access to courts and court records is important for public education, public trust, and the integrity of the court system. "[A] trial courtroom also is a public place where the people generally and representatives of the media have a right to be present, and where their presence historically has been through to enhance the integrity and quality of what takes place." *Richmond Newspapers*, 448 U.S. at 587 (1980). Those who observe and report on

---

[2] This is in contrast to the Court's determination that proceedings on November 16, 2022, should be sealed due to the risk of unlawful physical violence against the Trustee, his counsel, and counsel for PAX, apparently inspired by Kwok's broadcasts, as well as the disparaging nature of the remarks. (ECF No. 1108)

[3] To the extent any order or rule of the Court conflicts with the right of access under statute, common law controlling precedent, or the Constitution, it must yield to that authority.

RANDAZZA | LEGAL GROUP

court proceedings play a vital role in ensuring that the public can view the workings of the judicial process. "What better way to demonstrate to the public that its courts are fair and just than to say to the public, 'come and view the proceedings yourself and judge for yourself?'" *Suen v. Las Vegas Sands, Inc.*, District Court, Clark County, Nevada, Case No. A493744-C at 8 (Apr. 16, 2013). Here, access to the court records, especially the Kwok exhibits at issue, are particularly important because this case involves matters of public concern. As the Court is well aware, Mr. Kwok is a high-profile, self-professed billionaire, who has had dealings involving Steve Wynn, Steve Bannon, the Chinese Communist Party, and others. Secretive adjudications in this case will cast doubt on the system and the people may be left wondering if another politician, celebrity, or businessperson has been tied to any of the already public allegations regarding Kwok and his associates.

The Second Circuit reinforced the common law presumption in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("The courts have long recognized the "general right to inspect and copy public records and documents, including judicial records and documents.") (citing *Nixon*, 435 U.S. at 597, 598 & n.7). "This right is said to predate the Constitution." *Bernstein* 814 F.3d at 142 (citing *United States v. Amodeo II*, 71 F.3d 1044, 1048 (2d Cir. 1995)) (internal quotation marks omitted). That general right means that sealing is inappropriate.

### 1.1.2  The First Amendment Compels Access

The First Amendment requires public access to court proceedings. *See Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 10 (1986);[4] *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (the public and the press have a "qualified First Amendment right to attend judicial

---

[4] Historically, the Supreme Court noted: "Long ago in the celebrated trial of Aaron Burr for treason, for example, with Chief Justice Marshall sitting as trial judge, the probable-cause hearing was held in the Hall of the House of Delegates in Virginia, the courtroom being too small to accommodate the crush of interested citizens." *Press-Enter,* 478 U.S. at 10*,* citing to *United States v. Burr*, 25 F. Cas. 1 (No. 14,692) (CC Va. 1807).

proceedings and to access certain judicial documents."). This is long unquestioned in the criminal context, but the Supreme Court has made it clear that this extends to all cases. *Richmond Newspapers*, 448 U.S. at 580 n.7. "[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal." *Id*. at 599 (Stewart, J. concurring). "[T]he First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records. *N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth*., 684 F.3d 286, 298 (2d Cir. 2011) (citing *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 22 (2d Cir. 1984)); *see also Hartford Courant*, 380 F.3d at 93 (2d Cir. 2004) (finding a right to civil and criminal docket sheets).

Notably, every circuit that has considered whether the First Amendment requires public access in civil cases has concluded it does. *See, e.g.*, *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253-54 (4th Cir. 1988); *In re Continental Ill. Secs. Litig*., 732 F.2d 1302, 1308 (7th Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984); *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 661 (8th Cir. 1983); *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983). "The First Amendment requires that court proceedings be open to the public, and by extension the news media, absent the most clearly articulated and compelling reason for closing them in a particular circumstance." *Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580, 588 (S.D.N.Y. 1996). The First Amendment, "protects the public's right to have access to judicial documents [and] has been understood to be stronger than its common law ancestor and counterpart." *United States v. Erie Cty*., 763 F.3d 235, 236 (2d Cir. 2014). No compelling reason for secrecy exists here. This defies the constitutional mandate that legal proceedings are inherently public affairs. *Richmond Newspapers*, 448 U.S. at 580; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605 (1982).

### 1.2  Standard for Sealing a Court Record

The Court should begin from a strong presumption in favor of access and, "[i]n most cases, a judge must carefully and *skeptically* review sealing requests to insure that there really is an

extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis added); *see also SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91(2d Cir. 2004) ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings.); *Westmoreland v. CBS*, Inc., 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom."); *United States v. Myers (In re in re Nat'l Broad. Co.)*, 635 F.2d 945 (2d Cir. 1980) (finding that there is an especially strong presumption requiring extraordinary circumstances to justify restrictions). "Once a First Amendment right of access to judicial documents is found, the documents may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. And, broad and general findings by the trial court are not sufficient to justify closure." *United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014).

The starting point is to determine whether the documents at issue are "judicial documents" for which a presumption of access applies. *See SEC v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001) ("[A] subspecies of sealed documents in civil cases—so-called 'judicial documents'— deserve a presumption in favor of access.") When evidence is used in a dispositive motion or its opposition, there must be a compelling reason to shield it from public view. Generally, a "[f]inding that a document is a "judicial document" triggers a presumption of public access." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013). Civil contempt has been deemed a dispositive motion. *See Cardell Fin. Corp. v. Suchodolski Assocs.*, 896 F. Supp. 2d 320, 324 (S.D.N.Y. 2012). Contempt proceedings are "independent and collateral proceedings for the purposes of appellate jurisdiction," *Kiobel v. Millson*, 592 F.3d 78, 87 (2d Cir. 2010) (Cabranes, J., concurring) (*citing Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990)),

Documents that directly affect adjudication or are used, "to determine litigants' substantive legal rights, the presumption of access is at its zenith…and thus can be overcome only by

extraordinary circumstances." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) and *United States v. Amodeo II*, 71 F.3d 1044 (2d Cir. 1995)) (internal quotation marks omitted). The locus of the inquiry is whether the document "is presented to the court to invoke its powers or affect its decisions." *Bernstein*, 814 F.3d at 142. The exhibits at issue are being presented to the Court to adjudicate whether or not Kwok should be held in contempt. *Newsday, supra,* involved the right of access to documents in connection with a contempt proceeding, but in that case, the document was not required to be made public because it was not being used to determine whether a finding of contempt should be made. In contrast, the exhibits here are submitted directly for the purpose of convincing the Court to hold Kwok in contempt and they are, therefore, judicial documents. To find otherwise would mean the documents should be inadmissible as irrelevant, and not even Kwok made that objection.

### 1.2.1   The Compelling Reason Standard Applies to the Documents at Issue

The exhibits sought to be sealed are judicial documents, and there must be compelling reasons to seal them. "Since such a document is the basis for the adjudication, only the most compelling reasons can justify sealing." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 136 (2d Cir. 2016). The claimed compelling reasons must be supported by specific factual findings. *See United States v. Erie Cty.*, 763 F.3d 235, 236 (2d Cir. 2014). The compelling reason and facts must show more than mere conjecture, and more than embarrassment, incrimination, or wider exposure of the facts to the public. *See Bernstein*, 814 F.3d at 144 (finding that information that was embarrassing or suggested the party was complicit in a kickback scheme fell, "woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal") (internal citation omitted).

The only reason suggested by the Trustee is that UBS might somehow use them in defending against the claims in the UK litigation is not compelling. The Trustee does not assert in any way what UBS might do with the information or how it might prejudice the Estate. The

Trustee does not even assert this will happen, only that there could be some hypothetical, unknown use. Presumably, the documents *do not* undermine the claims against UBS as a whole, else the Trustee and his counsel would have abided the ethical duty of withdrawing a meritless claim. For a party to prevail on a showing of a compelling reason to seal a court record, that party must present specific factual findings sufficient to overcome the presumption that court records will be open to the public. There are no compelling reasons to seal this information.

### 1.2.2 There is Neither a "Compelling Reason" nor "Good Cause" to Seal the Exhibits

The Court must apply the stringent compelling reason standard to judicial documents. Although the Second Circuit demands a strong presumption for judicial documents, the Trustee could not, hypothetically even meet a lower "good cause" standard. The "materials at issue…are subject to at least some presumption of public access" and the Court must "articulate specific and substantial reasons for sealing such material". *Brown, supra* at 50. There are no such reasons to seal the Exhibits. Ultimately, mere privacy concerns are insufficient to warrant sealing of records. This is not a case involving merely spurious and defamatory allegations. There is no specific, articulated harm that would befall Kwok, the Estate, or any third party.

### 2.0 Conclusion

Kwok is a public figure and the case has been covered by multiple state and national media outlets. The public has a vested interest in these and all court proceedings, and the public has a strong interest in how the courts are used to shield bankrupt billionaires, especially debtors deemed unfit to remain in possession. There is no basis to seal the exhibits under Section 107, the common law, or the First Amendment.

WHEREFORE the motion to seal the exhibits should be denied and the courtroom should be open for the entire contempt proceeding.

RANDAZZA | LEGAL GROUP

|  |  |
|---|---|
| Dated: November 17, 2022 | Respectfully submitted, |
|  | /s/ Jay M. Wolman<br>Jay M. Wolman – ct29129 of<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT 06103<br>P: 702-420-2001<br>F: 305-437-7662<br>ecf@randazza.com<br><br>*Counsel for Creditor*<br>*Logan Cheng f/k/a Shui-Yuan Cheng* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, the foregoing document was served on all parties or their counsel of record through the CM/ECF system, or otherwise via U.S. Mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing.

/s/ Jay M. Wolman
Jay M. Wolman – ct29129

RANDAZZA | LEGAL GROUP