**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
HO WAN KWOK, *et al.*,                    :   Case No. 22-50073 (JAM)
                                          :
           Debtors.[1]              :   Jointly Administered
                                          :
---------------------------------------------------------x

**SECOND SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE
2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL LEGAL
AND FINANCIAL ADVISORS TO THE INDIVIDUAL DEBTOR, ENTITIES AND
INDIVIDUALS AFFILIATED WITH DEBTOR, RELEVANT BANKS AND ENTITIES
DOING BUSINESS WITH DEBTOR AND AFFILIATED ENTITIES**

Luc A. Despins, as the appointed Chapter 11 Trustee to the Individual Debtor's estate (the "Trustee"), by and through his undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004(a) (the "Bankruptcy Rules") and Local Bankruptcy Rule 2004-1 (the "Local Rules"), hereby applies (the "Application" or "Motion") to conduct the examination of the legal, advisory, or accounting firms (the "Advisors"), the family members, business associates, and corporate entities (the "Related Persons"), certain banks at which the Trustee believes the Individual Debtor and Related Persons conducted business relevant to the estate (the "Banks") and certain entities doing business with Individual Debtor and/or affiliated entities (the "Vendors" and, together with the Advisors, Banks and the Related Persons, the "Examinees") of the Individual Debtor, as such Examinees are identified in **Exhibit B**, attached hereto, in the above-captioned

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

chapter 11 case (the "Case"). **Please take notice that the deadline to object to this Application is November 25, 2022, and in the absence of a timely filed objection, the proposed order filed herewith as Exhibit A (the "Proposed Order") may enter without further notice and hearing.** In support of his Application, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Trustee, in furtherance of his duties and responsibilities under the order authorizing the appointment of a chapter 11 trustee dated July 6, 2022, (*See* ECF. No. 465, at 14, hereinafter referred to as the "Trustee Order"), continues his investigation into the Individual Debtor's financial and business affairs to determine whether additional estate assets exist and to recover upon those assets for the benefit of the Individual Debtor's estate.

2. The Trustee's investigation has identified more individuals and entities with possible knowledge of the Individual Debtor's assets and financial activities and the Trustee seeks to further his investigation by moving to take additional Bankruptcy Rule 2004 discovery with respect to these Examinees.

3. The Trustee believes that the Examinees have access to and understandings of information relating to the Individual Debtor's assets, financial affairs, and potential financial interests in various corporate entities related to the Individual Debtor, his family, or his associates. Indeed, the Trustee expects that, to the extent the Individual Debtor has engaged in efforts to hide his wealth through a network of shell companies and otherwise (as the New York Supreme Court has found), the Individual Debtor would likely have needed extensive assistance and counsel from the Advisors and aid and participation by the Related Persons.

4. The Trustee has submitted several Bankruptcy Rule 2004 motions granted by the Court, including one directed at legal and financial firms believed to have advised the Individual

Debtor and related entities and individuals (ECF No. 637, the "Advisors 2004 Motion"), one directed at entities and individuals believed to be affiliated with, controlled by, or otherwise connected to the Individual Debtor (the "Related Persons 2004 Motion"), and the Trustee's First Supplemental Omnibus Motion dated September 7, 2022 (the "First Omnibus Motion," together with the Advisors 2004 Motion and the Related Persons 2004 Motion, collectively, the "2004 Motions"), which was granted by Court order dated September 27, 2022 (*See* ECF No. 866). The discovery requested herein will supplement and augment inquiries the Trustee has already begun, as well as open additional avenues of investigation and potential discovery of assets.

5. In the interest of brevity, the Trustee incorporates the First Omnibus Motion herein by reference and makes it a part hereof. All capitalized terms not defined herein shall have the meanings ascribed to them in the First Omnibus Motion.

## JURISDICTION AND VENUE

6. The Court has jurisdiction to entertain this application under 28 U.S.C. §§ 157 and 1334. Venue to hear this Application is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

7. This Application is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2)(A), (E), and (F).

## THE EXAMINEES

8. The Examinees are additional individuals and entities that may be working for, with, or controlled by the Individual Debtor, or that may otherwise have material information concerning the Individual Debtor's assets and financial condition. Many of the Examinees are involved with, part of, or otherwise related to the web of shell companies described by New York Supreme Court Justice as the Individual Debtor's "shell game" – some of which the Trustee has discussed in, *e.g.*, the *Answer and Counterclaims* filed in *HK International Funds Investments*

*(USA) Limited, v. Luc A. Despins, as Chapter 11 Trustee* (Adv. Proc. 22-05003). The Examinees further include advisors that assisted the Individual Debtor and Related Persons in carrying out the various business activities that are subject to the Trustee's investigation as well as parties that may have contracted with or otherwise done business with the Individual Debtor.

9.  More specifically, the Examinees are as follows:

**(a)** The Individual Debtor has devoted substantial time and energy to promoting crypto-currency ventures, including respect to so-called "G-Coins" and "G-Dollars" and "H-Coins" and "H-Dollars", and it is believed that the Individual Debtor has business ties to and financial involvement with these enterprises. It is further believed that the Individual Debtor's involvement in these ventures occurs, in part, through certain entities that the Individual Debtor owns or controls that promote these cryptocurrencies, the Individual Debtor's sales of digital music and related goods, and the Individual Debtor's personal brand, including: **(i) GNEWS MEDIA GROUP INC.; (ii) G FASHION LLC; (iii) GMUSIC; (iv) GNEWS LLC; (v) GEDUCATION; (vi) GFNY, INC.; (vii) G-CLUB INVESTMENTS LIMITED; (viii) G CLUB OPERATIONS LLC; (ix) G CLUB US OPERATIONS INC.; (x) G CLUB US OPERATIONS LLC; (xi) G LIVE, LLC; (xii) GBROADCAST, LLC** and **(xiii) GPOSTS LLC** (collectively, the "<u>G-Entities</u>").

**(b) (i) HCHK PROPERTY MANAGEMENT, INC. and (ii) HCHK TECHNOLOGIES, INC. (collectively, the "<u>HCHK Entities</u>").** The HCHK Entities have been linked to the Individual Debtor and to several Related Persons, including Himalaya International Financial Group Ltd.; and to various G Entities. HCHK Property Management, Inc. was registered to do business in the State of Connecticut earlier this year

4

and is believed to be conducting business related to the cryptocurrency ventures promoted by the Individual Debtor;

**(c) (i) HUDSON DIAMOND HOLDING, INC., (ii) HUDSON DIAMOND HOLDING LLC,** and **(iii) HUDSON DIAMOND NY LCC** (collectively, the "**Hudson Entities**"). The Hudson Entities have been linked to the Individual Debtor and to several Related Persons, including the Individual Debtor's Daughter and Saraca Media Group.

**(d) FMV LTD and/or FREEDOM MEDIA VENTURE LTD (together, "FMV").** FMV has been linked to the Individual Debtor's cryptocurrency business and is alleged to be conducting business related to the cryptocurrency ventures promoted by the Individual Debtor;

**(e) (i) HIMALAYA NEW WORLD INC. and (ii) US HIMALAYA CAPITAL INC. (together, the "Himalaya Entities").** The **Himalaya Entities** are alleged to be affiliated with the Individual Debtor affiliated Himalaya Exchange cryptocurrency business;

**(f)** As more fully set forth in the 2004 Motions, the New York County Supreme Court found that the Individual Debtor beneficially owns and controls the *Lady May*. (Final Contempt Order at 9) ("The evidence clearly and convincingly demonstrates that [Individual Debtor] holds a beneficial interest in and controls the Lady May."). The following entities are believed to have information regarding the purchase of the *Lady May:* **(i) APSLEY YACHTS LTD. ("Apsley")** and **(ii) DWF LLP ("DWF")**. It is believed that Apsley was the seller of the *Lady May* and is likely to have information regarding the Individual Debtor's interest in the yacht. It is believed that DWF, a global legal business headquartered in the United Kingdom with a global presence, represented the seller of the

*Lady May* and may have information, documents, and records related to the sale transaction.

**(g)** In addition to the foregoing, the Individual Debtor has frequently referenced other significant real and personal property assets that he or his immediate family members own and control. In furtherance of the Trustee's investigation, the Trustee seeks additional discovery related to residential properties owned by Greenwich Land, an entity purportedly owned and controlled by Individual Debtor's Wife, and located at 33 Ferncliff Road, Greenwich, Connecticut (the "Ferncliff"). It is believed that attorney (i) **Jack S. Lipson, Esq.** was involved in the sale of Ferncliff and may have information, documents, and records related to the sale transaction and Individual Debtor's interest therein. Additionally, **(ii) IVEY, BARNUM & O'MARA, LLC** are believed to have been involved in Greenwich Land's purchase of the property located at 373 Taconic Road, Greenwich, Connecticut, 06831, and may have information, documents, and records related to the transaction and Individual Debtor's interest therein. The Trustee also seeks additional discovery related to the Sherry Netherland Condominium in which the Individual Debtor resides, and it is believed that real estate agent **(iii) Kathleen Sloane** assisted the Individual Debtor in connection with the purchase of the Condominium and may have information, documents, and records related to the sale transaction and Individual Debtor's interest therein.

**(h)** As discussed in greater detail in the 2004 Motions, the Individual Debtor and Related Persons utilized the services of many professionals and other third parties, including law firms, accountants and financial firms, and brokerage firms, to provide advice or support with respect to the Individual Debtor's business deals and other matters

6

concerning assets, liabilities, or financial interests potentially relevant to the administration of the Individual Debtor's estate. These professional advisors likely have information, based on their communications with the Individual Debtor and work they performed at his or others' requests, that could be of vital importance to the Trustee's investigation. These professional advisors further include, among others: (i) **THE CASPER FIRM, LLC**, which, led by attorney Ari Casper, represented the Individual Debtor and/or certain related entities to the Individual Debtor in connection with the *Clark Hill* litigation and is therefore likely to have documents relevant to the Individual Debtor's claims and their value to the estate; (ii) **PETRILLO KLEIN & BOXER, LLP**, which, led by Guy Petrillo, represents the Individual Debtor in his personal capacity in, among other matters, the PAX litigation and the *Clark Hill* litigation and, in that capacity, may be in possession of documents relevant to the Trustee's investigation; and **(iii) RAICH ENDE MOLTER CO. LLP**, which served as the Individual Debtor's accountancy firm and/or his tax preparer, and is therefore likely to have documents relevant to the Individual Debtor's financial data and corporate information.

**(i)** Additionally, as discussed in greater detail in the 2004 Motions, the Individual Debtor and Related Persons utilized many advisors and associates to control the web of interrelated associated entities connected to the Individual Debtor. These advisors likely have information, based on their roles in the associated entities, their communications with the Individual Debtor, and work they performed at his or others' requests, that could be of vital importance to the Trustee's investigation. These advisors include: **(i) Anthony "Tony" DiBattista**, who the Trustee understands is or was an officer of GTV Media, as well as HCHK Technologies, Inc., HCHK Property Management, Inc., Lexington Property

and Staffing, Inc., G Fashion and G Club; **(ii) Han Chunguang**, who has been an officer and purported owner of Saraca Media Group and Eastern Profit Corporation Limited, and was identified in the Hong Kong Restraint Order as holding assets subject to the Individual Debtor's control; **(iii) Karin Maistrello**, who the Trustee understands is a former employee of Golden Spring and former director of ACA Capital Group Limited; **(iv) Jessica Mastrogiovanni**, who served as General Counsel to Saraca Media Group Inc.; and **(v) Kyle Bass**, who the Trustee understands is a former chairman of Rule of Law Foundation.

**(j)** In addition to the advisors and professionals discussed above as representing the Individual Debtor, **COHN BIRNBAUM & SHEA P.C.** represented the Golden Spring in connection with the Individual Debtor's Chapter 11 Case, including with respect to the contemplated funding by Golden Spring of the Individual Debtor's proposed chapter 11 plan. Cohn Birnbaum & Shea P.C. therefore may have documents relevant to the relationship between Golden Spring and the Individual Debtor, to the Individual Debtor's financial condition and to potential claims against the estate;

**(k)** As discussed in the 2004 Motions, Lamp Capital LLC ("Lamp Capital") is an entity purportedly owned by the Individual Debtor's Son that is believed to have helped fund many of the Individual Debtor's legal expenses, and is believed to be owned through **(i) INFINITY TREASURY MANAGEMENT INC.** Some individuals alleged to be associated with Lamp Capital include: **(ii) Talha Zobair**, who the Trustee understands is the current or former director of Lamp Capital; **(iii) Nadeem Akbar**, who the Trustee understands is the current or former President of Lamp Capital; and **(iv) Bernardo Enriquez**, who the Trustee understands is current or former Treasurer of Lamp Capital.

8

All of these entities and individuals are likely to have relevant documents regarding the Individual Debtor's assets given their connections to the Lamp Capital and the Individual Debtor;

(l) As discussed in the 2004 Motions, the public record is replete with information regarding entities, purportedly controlled by the Individual Debtor's family or close advisors, which play a critical role in the Individual Debtor's commercial activities and other conduct concerning assets, liabilities or financial interests potentially relevant to the administration of the Individual Debtor's estate. Such entities include: **(i) AI GROUP HOLDINGS INC., (ii) BOOMING SAIL NEW YORK LLC,** and **(iii) HAMILTON CAPITAL HOLDINGS INC.**, Delaware incorporated entities that the Trustee understands are controlled by William Je (a.k.a. Je Kin Ming) and share their address with Golden Spring and numerous other entities linked to Individual Debtor; as well as **(iv) LEXINGTON PROPERTY AND STAFFING, INC.**, a Delaware incorporated entity linked to the Individual Debtor for which the Trustee understands Anthony DiBattista is a current or former officer;

(m) It is believed that the Individual Debtor's business activities include the sale and/or licensing of music and/or other intellectual property. It is believed that, in conducting the foregoing business, the Individual Debtor, and/or the Related Persons or the G Entities, did business with the following: **(i) APPLE INC.** runs iTunes, a music streaming platform with which one or more of the G Entities are believed to have contractual relations; **(ii) SPOTIFY USA, INC. and SPOTIFY TECHNOLOGY S.A.** run Spotify, a music streaming platform with which one or more of the G Entities are believed to have contractual relations; **(iii) YOUTUBE, LLC** runs YouTube, a music

9

streaming platform with which one or more of the G Entities are believed to have contractual relations; and (iv) **AMAZON.COM, INC.** runs Amazon Music, a music streaming platform with which one more of the G Entities are believed to have contractual relations.

(n)  (i) **ROSCALITAR 2** is believed to be a Cayman Islands located fund or entity believed to have had contractual relations with one or more of the Genever BVI Debtor, and its subsidiary company, through the pledge of shares or other collateral; and (**ii) BLUE CAPITAL LIMITED** is an entity believed to have had contractual relations with one or more of the Genever BVI Debtor, and its subsidiary company, through the pledge of shares or other collateral.

(o)  It has been reported to the Trustee that the Individual Debtor, along with entities and individuals linked to the Individual Debtor, have done business at multiple banking institutions, which may include the Related Persons and transactions described in this Application and the First Omnibus Motion.  The Trustee thus believes that these banking institutions may possess information and documents related to the Individual Debtor's commercial activities and other conduct concerning assets, liabilities, or financial interests potentially relevant to the administration of the Individual Debtor's estate, and may hold assets of the Individual Debtor.  These Banks are, among others: **BANK OF AMERICA, N.A., CAPITAL ONE FINANCIAL CORPORATION, and T.D. BANK, N.A.**

### RELIEF REQUESTED

10. The Trustee seeks entry of an order, in substantially the form of the Proposed Order, pursuant to Bankruptcy Rule 2004(a) and Local Rule 2004-1, authorizing the Trustee to conduct the examination of the Examinees included on Exhibit B.

**BASIS FOR RELIEF REQUESTED**

11. Pursuant to Rule 2004(a), on application of a party in interest, the Court may order the examination of any person or entity. The scope of an examination authorized under Rule 2004 is exceedingly broad and may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

12. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Group Ltd.*, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted). This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). *See also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." (internal quotation and citation omitted)).

13. In the declaration he submitted on March 20, 2022 in support of the filing of this case, the Individual Debtor represented that among the purposes for filing his chapter 11 case were "to … (b) afford stakeholders an efficient opportunity to investigate [his] assets, liabilities, and financial affairs, given what [he] perceive[d] to be misunderstandings in that regard; [and] (c) establish what assets are estate property and, in turn, available for distribution to holders of allowed claims . . . ." (Individual Debtor's Declaration, ¶3). The investigation the Trustee seeks to perform

is directly relevant to these stated purposes in that it will help the Trustee identify the Individual Debtor's assets and liabilities in order to make distributions to creditors.

14. The areas for inquiry herein are part of the Trustee's ongoing investigative efforts. As the investigation evolves, new avenues of inquiry become apparent and the need for additional discovery of persons, entities and areas of inquiry arise. Based on all the facts and evidence discussed above and as contained in the First Omnibus Motion, the Trustee seeks the investigative tools afforded by Rule 2004 to further establish the true ownership of assets and to explore other potential assets about which the Trustee does not yet have knowledge.

15. The Trustee requests that, in furtherance of his examinations, the Court direct the Examinees to provide documentation to the Trustee's counsel, as requested in the forms annexed hereto[2] and made a part hereof (the "Proposed Subpoenas"), within thirty (30) days of the service of a subpoena, substantially similar in form and substance to the Proposed Subpoenas, or such other time as agreed upon by the Trustee. These requests seek documents consisting of, among other things, the Examinees' communications with the Individual Debtor regarding his financial condition, asset transfers, and corporate governance issues. The requests also seek the Examinees' internal files and correspondence on these same topics.[3]

---

[2] Included in Exhibit B is an index of Proposed Subpoenas that would be served on the Examinees if this Motion is granted. The Trustee also attaches hereto as **Exhibits C-1 to C-53** the individualized Proposed Subpoenas, including the topics for discovery directed to each Examinee, which are substantially similar in form and substance.

[3] The *Lady May* is among the topics and potential estate assets with respect to which the Trustee seeks discovery. The Trustee submits that such discovery is appropriate pursuant to Rule 2004 even though an adversary proceeding with respect to the ownership of the *Lady May* is presently pending. The Trustee's proposed discovery related to the *Lady May* relates to the overall pattern of conduct by the Individual Debtor to evade his creditors and is therefore broader than discovery that will likely be sought in the adversary proceeding. It is also more efficient for all parties for the Trustee to take this discovery now given that the Trustee is otherwise seeking Rule 2004 discovery from the same parties on other topics—it would be inefficient for the Trustee to have to take discovery from these same parties twice. Moreover, this is not the classic situation where an adversary plaintiff, through Rule 2004, seeks to undermine the protections provided by the Bankruptcy Rules governing discovery in adversary proceedings. In fact, the pending proceeding doctrine, if it would apply at all (it does not) would not prevent the Trustee from seeking Rule 2004 discovery from individuals or entities who are not parties to the adversary proceeding concerning the *Lady May*. Finally, given the procedural posture of the adversary proceeding, the Trustee may not be able to obtain discovery in

16. The type of discovery that the Trustee will obtain from Examinees is well within the scope of Bankruptcy Rule 2004. Bankruptcy courts routinely provide for Rule 2004 discovery against professional firms when the discovery may identify and aid the recovery of assets for the benefit of the estate and creditors. *See, e.g., In re Bame,* 251 B.R. 367 (Bankr. D. Minn. 2000); *In re Horvath*, No. 13-34137, 2015 WL 2195060 (Bankr. N.D. Ohio May 7, 2015) (approving discovery related to claims on schedule of assets permissible from individual debtor where obtaining such discovery might increase the value of the debtor's estate).

17. The Trustee submits that the facts set forth above constitute sufficient cause for the Court to order the production of documents pursuant to Rule 2004 from the Examinees. Although the Individual Debtor is a necessary source of information and documents to help the Trustee uncover estate assets, seeking discovery from other parties, including the Examinees, is likely to significantly reduce the costs the estate would otherwise incur in identifying and recovering estate property. Indeed, lawyers and other professionals are uniquely positioned to have information concerning asset transfers, legal entity formation and other corporate governance issues, and the Individual Debtor's financial condition. Accordingly, documents in the possession of the Examinees could be among the most valuable to the Trustee's investigation.

18. Authorization of this Application is critical for the Trustee to fulfill the duties contemplated in the Trustee Order effectively, including specifically his mandate to "locate the [Individual] Debtor's assets for the benefit of creditors and the estate" and "investigate the [Individual] Individual Debtor's assets, liabilities, and financial affairs." (*See* Trustee Order at 15-16, 18).

---

that proceeding at present. The Trustee needs its Rule 2004 discovery now, however, to adequately protect and preserve potential assets of the estate.

19.     No party in interest, including the Individual Debtor, shall suffer undue prejudice upon the granting of the relief sought in this Application.

## NO PRIOR REQUEST

20.     No prior application for the relief requested herein has been made. The Trustee filed the prior 2004 Motions, including the First Omnibus Motion, which the Court granted; however, those prior motions did not request to take discovery from the Examinees at issue here.

## OBJECTION DEADLINE

21.     The deadline to object to this Application is **November 25, 2022**, and in the absence of a timely filed objection, the Proposed Order may enter without further notice and hearing.

*[THE REST OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Trustee respectfully requests that the Court grant this Application and enter the Proposed Order, pursuant to Fed. R. Bankr. P. 2004(a), directing the examination of the Examinees, and directing the production of certain documents as set forth in the Requests for Production of Documents attached to the Proposed Subpoenas, and for such other and further relief as the Court may deem just and proper.

Dated:   November 18 , 2022   LUC A. DESPINS,
         New Haven, Connecticut   CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------x

**NOTICE OF OBJECTION DEADLINE**

Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's Estate (the "Applicant"), has filed an Application for Rule 2004 Examination of certain advisors and professionals, family members, business associates, corporate entities, and banking institutions identified in **Exhibit B** (the "Rule 2004 Examination") with the U.S. Bankruptcy Court for the District of Connecticut. Notice is hereby given that any objection or response to the Rule 2004 Examination must be filed with the Court no later than November 25, 2022, in accordance with Fed. R. Bankr. P. 2002(a) and 9014 and Local Bankr. R. 2004-1(c). In the absence of a timely filed objection, the proposed order regarding the Rule 2004 Examination *may* enter without further notice and hearing, see 11 U.S.C. section 102(1).

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

| | | |
|---|---|---|
| Dated: | November 18, 2022<br>New Haven, Connecticut | LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE |

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*