**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                      :

In re:                    :    Chapter 11
                      :

HO WAN KWOK, *et al*.,     :    Case No. 22-50073 (JAM)
                      :

       Debtors.[1]      :    Jointly Administered
                      :

------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION TO SEAL STATEMENT OF CHAPTER 11
TRUSTEE WITH RESPECT TO DEBTOR'S SOCIAL MEDIA
INTIMIDATION CAMPAIGN**

Luc A. Despins, as the Chapter 11 Trustee appointed in the Debtor's chapter 11 case (the

"Trustee"), by and through his undersigned counsel, pursuant to District of Connecticut Local Rule

of Civil Procedure (the "Local Civil Rules") 5(e), District of Connecticut Local Rule of

Bankruptcy Procedure (the "Local Bankruptcy Rules") 9077-1, and section 107 of the Title 11 of

the U.S. Code (the "Bankruptcy Code") hereby files this motion (the "Motion") for entry of the

proposed order filed herewith as **Exhibit A** (the "Proposed Order"), permitting the sealed filing of

the Trustee's *Statement of Chapter 11 Trustee with Respect to Debtor's Social Media Intimidation*

*Campaign* (the "Statement"),[2] and certain exhibits thereto.  In support of this Motion, the Trustee

states as follows:

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and Genever Holdings Corporation ("Genever BVI"). The mailing address for the Trustee and Genever BVI is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms not otherwise defined herein adopt the definitions set forth in the Statement.

**RELEVANT FACTS**

1.        At the November 16 Hearing in connection with the Contempt Motion, the Trustee made the Court aware of a communication by an organization linked to the Debtor called the "Himalaya Global Alliance" asking its supporters to protest at the addresses of "known CCP operatives and sympathizers."  This communication (the "Call to Protest") included the address of the office of Paul Hastings in New York City and the home addresses of the Trustee and the Trustee's former spouse (as well as the home addresses of the family of an executive of Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") and the office of O'Melveny Myers, counsel to PAX, in New York City).

2.        Moreover, at the November 16 Hearing, the Trustee also presented, in a sealed portion of the hearing, videos that the Debtor posted on social media following the Trustee's November 11, 2022 deposition of the Debtor in connection with the Contempt Motion.

3.        Subsequently, near the end of the hearing held on November 18, 2022 in connection with the Contempt Motion (the "November 18 Hearing"), the Trustee noted that the Debtor had posted on social media additional attacks on the Trustee and PAX.

4.        On November 19, 2022, counsel to the Trustee sent an email to the Court, copying counsel to the Debtor, counsel to PAX, and counsel to the United States Trustee, summarizing the social media attacks referenced by the Trustee at the November 18 Hearing, proposing that the Debtor's social media attacks be addressed at the November 21, 2022 status conference, and noting that the Trustee would follow up with the Statement describing the Debtor's social media intimidation campaign in more detail.

5.        On November 20, 2022, the Debtor's supporters staged protests outside the private residences of **the Trustee, PAX's executive, and their family members.**  They have

also picketed the offices of counsel to the Trustee (Paul Hastings) and counsel to PAX (O'Melveny).

6.     In describing the Debtor's intimidation campaign against the Trustee, the Statement discusses, and presents exhibits containing, a number of types of information (collectively, the "Sensitive Information") that, even if already released into the public sphere by the Debtor and his affiliated organizations, should not be further disseminated through public court filings or argument.  This Sensitive Information includes:

    a)  Residential addresses of individuals, including the Trustee, the Trustee's former spouse, and the chief executive of PAX;

    b)  The names, photographs, and employers of the Trustee's children;

    c)  The website addresses where the Debtor and his affiliated organizations have posted this Sensitive Information.

**THE COURT SHOULD SEAL SENSITIVE INFORMATION IN STATEMENT AND EXHIBITS THERETO**

7.     It is essential that the Trustee be able to use the Sensitive Information in order to demonstrate to the Court the nature and extent of the Debtors' online intimidation campaign.

8.     On the other hand, unnecessary disclosure of the Sensitive Information may increase the risk of harm to the individuals and entities targeted by the Debtor's social media campaign, which, as discussed in the Statement, has already resulted in followers of the Debtor **picketing the private homes of the Trustee, one of the Trustee's children, and the Trustee's former spouse, as well as the homes of PAX's executive and his family members.**

9.     Just this morning (November 21, 2022), the Debtor's followers picketed the offices of Paul Hastings and O'Melveny, including with signs showing the photographs of the

Trustee's counsel, Mr. Bassett and Mr. Luft, as well as PAX's counsel, including Mr. Sarnoff and Mr. Friedman.

10.      Accordingly, the Trustee proposes to file the Statement and the exhibits thereto under seal.

11.      Further, as explained in the Statement, the Debtor's intimidation campaign has also targeted PAX and its counsel.  Therefore, the Debtor will share unredacted copies of the Statement and its exhibits with PAX's counsel and requests that PAX's counsel also be allowed to participate fully in any hearing or status conference in connection with the Statement, including in the sealed portions of such hearing or status conference.

12.      Section 107(b)(2) of the Bankruptcy Code provides for the protection of "a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."  Moreover, section 107(c)(1) of the Bankruptcy Code provides

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> > (A)Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> >
> > (B)Other information contained in a paper described in subparagraph (A).

13.      Given that **the Debtor's social media attacks have already caused groups of his followers to hold protests outside the private homes of the Trustee, one of the Trustee's children, and the Trustee's former spouse, as well as the homes of PAX's executive and his family members**, section 107 of the Bankruptcy Code is clearly applicable to the Sensitive Information described above.

14.      Local Civil Rule 5(e), applicable to this contested matter pursuant to Local Bankruptcy Rule 9077-1, provides for the Court to permit the filing of documents and

information under seal.  The requisite bases are clearly and compellingly set forth in this Motion and are further included in the proposed order filed herewith; these are more than sufficient to justify the Court's sealing of the Protected Material.  *See* Local Civil Rule 5(e)(3).  The relief requested by this Motion is narrowly tailored to serve these important interests.  *See id.*

15.    The Trustee will therefore file under seal an unredacted copy of the Statement with all Sensitive Information highlighted in yellow.  The Trustee will simultaneously file on the public docket a copy of the Statement with all Sensitive Information, including in the exhibits to the Statement, redacted.

16.    The Trustee has drafted the Proposed Order granting this Motion to exclude outright disclosure of the Sensitive Information in order to permit it to be filed on the public docket.

*[The remainder of this page is intentionally blank.]*

WHEREFORE, the Court should grant this Motion, permit the filing of Sensitive Information under seal as provided in the Proposed Order and grant such other and further relief as the Court deems just and proper.

Dated:    November 21, 2022          LUC A. DESPINS,
          New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

6

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
:
In re:                                                          :        Chapter 11
                                                                :
HO WAN KWOK, *et al*.,                      :        Case No. 22-50073 (JAM)
                                                                :
               Debtors.[1]                            :        Jointly Administered
                                                                :
---------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S MOTION TO SEAL STATEMENT OF CHAPTER 11**
**TRUSTEE WITH RESPECT TO DEBTOR'S SOCIAL MEDIA**
**INTIMIDATION CAMPAIGN**

UPON CONSIDERATION OF the motion (the "Motion") of Chapter 11 Trustee Luc A.

Despins (the "Trustee") requesting permission to file under seal the *Statement of Chapter 11*

*Trustee with Respect to Debtor's Social Media Intimidation Campaign* (the "Statement") and

certain other documents; and good cause having been shown, and a hearing on the Motion having

been held, and the Court having found that the protection of Sensitive Information (as defined in

the Motion) is appropriate pursuant to section 107(b)(2) and (c)(1) of the Bankruptcy Code, and

all objections to the Motion having been overruled, and the relief provided in this Order being

narrowly tailored to serve the foregoing purposes, and good cause having thereby and otherwise

been shown, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and
Genever Holdings Corporation ("Genever BVI"). The mailing address for the Trustee and Genever BVI is Paul
Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
Wan Kwok (solely for purposes of notices and communications).

ORDERED, that the Court approves the filing of the unredacted Statement under seal; and it is further;

ORDERED, that the Trustee shall file a copy of the Statement on the public docket in this chapter 11 case that has been redacted with respect to the Sensitive Information (as defined in the Motion); and it is further;

ORDERED, that the Trustee shall serve an unredacted copy of the Statement on counsel to PAX, and counsel to PAX shall be allowed to participate fully in any hearing or status conference with respect to the Statement and the subject matter thereof, including in any sealed portion of such hearing or status conference.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, et al.,                    :    Case No. 22-50073 (JAM)
                                        :
          Debtors.¹                     :    Jointly Administered
                                        :
-------------------------------------------------------x
```

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on November 21, 2022, the foregoing Motion, and all exhibits thereto (collectively, the "<u>Served Documents</u>"), was electronically filed under seal. The undersigned hereby further certifies that, immediately upon filing, the Trustee served the Served Documents upon counsel for the Debtor by manual email at the following email addresses: ehenzy@zeislaw.com; and jmoriarty@zeislaw.com.

Dated:    November 21, 2022          LUC A. DESPINS,
          New Haven, Connecticut     CHAPTER 11 TRUSTEE


                                     By: */s/ Patrick R. Linsey*
                                         Douglas S. Skalka (ct00616)
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 781-2847
                                         dskalka@npmlaw.com
                                         plinsey@npmlaw.com

                                              *and*

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "<u>Debtor</u>") and Genever Holdings Corporation ("<u>Genever BVI</u>"). The mailing address for the Trustee and Genever BVI is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   *and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*