UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, *et al.*,[1]               :    Case No. 22-50073 (JAM)
                                        :
    Debtors.                          :    (Jointly Administered)
                                        :
---------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
GENEVER HOLDINGS LLC,                   :    Case No. 22-50592 (JAM)
                                        :
    Debtor.                           :
                                        :
---------------------------------------------------------x

**NOTICE OF TRUSTEE'S INTENTION TO SUBMIT A FURTHER REVISED PROPOSED ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

PLEASE TAKE NOTICE THAT, on November 16, 2022, the Court held a hearing (the "Hearing") on (i) the motion [Docket No. 146] (the "Original Bar Date Motion") filed by Ho Wan Kwok (the "Individual Debtor") for entry of an order setting bar dates for creditors to submit Proofs of Claim in the Individual Debtor's chapter 11 case and granting related relief and (ii) the supplemental motion [Docket No. 1072] (the "Supplemental Motion" and, together with the Original Bar Date Motion, the "Motion")[2] filed by Luc Despins, in his capacity as the chapter

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation. The mailing address for the Trustee and the Genever (BVI) Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Supplemental Motion.

11 trustee (the "Trustee") appointed in the chapter 11 case of the Individual Debtor, Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, the "Movants"), pursuant to section 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Bar Date Order") (a) setting bar dates for creditors to submit Proofs of Claim in the Chapter 11 Cases, (b) approving procedures for submitting Proofs of Claim, (c) approving the form of Proof of Claim, and (d) approving the form of notice of the bar dates and manner of service thereof, all as more fully set forth in the Supplemental Motion.

PLEASE TAKE FURTHER NOTICE THAT, at the conclusion of the Hearing on the Motion, the Court granted the Motion with certain modification discussed by the Trustee on the record at the Hearing, and, on November 17, 2022, the Trustee submitted to the Court a revised proposed Bar Date Order, reflecting those modifications.[3]

PLEASE TAKE FURTHER NOTICE THAT, since the conclusion of the Hearing, the Individual Debtor have continued to post attacks on social media against the Trustee and Pacific Alliance Asia Opportunity Fund, L.P. in an transparent attempt to intimidate the Trustee and creditors involved in these Chapter 11 Cases, all as further detailed in *Statement of Chapter 11 Trustee with Respect to Debtor's Social Media Intimidation Campaign* [Docket No. 1133].

PLEASE TAKE FURTHER NOTICE THAT, while these antics will not influence or sway the Trustee, it is possible (if not likely) that creditors will be intimidated and choose not to file a Proof of Claim out of fear of retaliation by the Individual Debtor and his followers. For that reason, the Trustee believes that the Bar Date Order should be revised to give individual

---

[3]    As of the filing of this Notice, the Court has not yet entered the Bar Date Order.

2

creditors the ability to submit a Proof of Claim with the creditor's name and contact information redacted. The Trustee envisions that this could be accomplished in one of two ways.

- The first option would be to allow individual creditors to check a box on the Proof of Claim form to elect to have their names and contact information redacted. Such creditors would then have to submit the <u>unredacted</u> version of their Proof of Claim to a P.O. Box to be established by the Trustee. Once so received by the Trustee, the Trustee would redact the creditors' names and contact information on such Proofs of Claim as well as assign such creditors a unique numeric code (the "<u>Claimant Number</u>"). The Trustee would then submit the <u>redacted</u> versions of the Proofs of Claim to the Court for uploading onto the claims register, while retaining the <u>unredacted</u> originals in his records.
- The second option would be for creditors to request from the Trustee, before submitting their Proofs of Claim, a unique Claimant Number. Such creditors would then submit their Proofs of Claim directly to the Court, but with (a) the creditors' names replaced with the assigned Claimant Numbers and (b) all contact information redacted by the creditors. In addition to submitting a redacted version to the Court, such creditors would also be required to submit an <u>unredacted</u> version of their Proofs of Claim to a P.O. Box to be established by the Trustee. As with the first option, the Trustee would retain the <u>unredacted</u> originals in his records.

To be clear, the Trustee is indifferent as between the first and the second option, and will request guidance in this regard from the Court at the status conference scheduled for November 21,

2022, at 2:00 p.m. (ET).  In the meantime, the Trustee respectfully requests that the Court not enter the Bar Date Order previously submitted to the Court.

| | | |
|---|---|---|
| Dated: | November 21, 2022<br>New Haven, Connecticut | LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE |

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*