UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>                     Debtor.<br><br>PACIFIC ALLIANCE ASIA OPPORTUNITY FUND, L.P.<br>                     Plaintiff.<br>vs.<br><br>HO WAN KWOK,<br>                     Defendant. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. No.  22-_____ (JAM)<br><br><br><br>November 22, 2022 |

## COMPLAINT FOR INJUNCTIVE RELIEF

Pursuant to Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Pacific Alliance Asia Opportunity Fund L.P. ("PAX" or "Plaintiff") brings this complaint against the defendant Ho Wan Kwok (the "Debtor" or "Kwok"), seeking to enjoin the Debtor from publishing messages, videos, or other communications, on the Internet or otherwise, designed to harass or intimidate PAX, its employees, and its representatives—including by posting the home addresses of PAX's manager's Chairman and his family members, the Trustee and his family members, and the office addresses of counsel for PAX and Luc Despins, chapter

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) ("Kwok" or the "Individual Debtor"), Genever Holdings Corporation ("Genever BVI"), and Genever Holdings LLC (last four digits of tax identification number: 8202) ("Genever US").  The mailing address for the Trustee, Genever BVI, and Genever US is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

11 trustee (the "Trustee")—or otherwise influencing the expeditious administration of these bankruptcy proceedings. In support thereof, PAX alleges as follows:

## INTRODUCTION

1. The Debtor's *modus operandi* is to utilize social media as a tool to harass and intimidate his adversaries as he attempts to evade the legal process—particularly when he faces the prospect of an unfavorable outcome. PAX (Kwok's largest creditor) and its counsel have long suffered the brunt of Kwok's antics, including Kwok's public accusations that PAX, its attorneys, and even the State Court judge overseeing the pre-petition litigation between PAX and Kwok, are operatives of the Chinese Communist Party ("CCP"). But in his latest gambit, Kwok has stooped to new lows, publishing to his 171,200 followers on the online social media platform Gettr the home and work addresses of the parties adverse to him, including that of the Chairman of PAX's manager Mr. Shan Weijian, PAX's counsel, the Trustee, the Trustee's law firm, ***and their non-party family members***, along with a message urging his followers to stage protests outside these homes or offices for a minimum of 90 days.

2. Kwok's outburst and his escalating threats come as the Trustee draws closer to securing Kwok's assets for the benefit of creditors and Kwok once again risks being held in contempt for failing to comply with this Court's corporate governance order. Kwok and his family members, business associates, and affiliated entities are facing motions to compel compliance with Rule 2004 discovery requests over Kwok's objection and the transfer to this Court of a Kwok-related chapter 11 proceeding that has been pending in the Southern District of New York. Unable to escape his own voluntary chapter 11—including its demands of transparency and procedural fairness—Kwok has voiced his frustrations online and manufactured a conspiracy designed to undermine and destabilize these bankruptcy proceedings.

2

3. By targeting parties to the proceedings and their family members with false allegations and inciting protests outside their homes, Kwok has not only threatened to disrupt the orderly administration of these proceedings—he has compromised the safety and security of the targeted individuals. Moreover, his actions violate state and federal law, as described below.

4. PAX seeks a temporary restraining order and preliminary injunction to enjoin Kwok from continuing his online campaign of harassment and intimidation, which, if left unabated, will continue to cause Mr. Shan and his family members; PAX's officers, employees, and counsel; and the Trustee, his family, and his counsel to fear for their physical safety, and threatens to disrupt the orderly administration of these chapter 11 proceedings.

## JURISDICTION AND VENUE

5. The Court has jurisdiction to consider this adversary proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Court has subject matter jurisdiction over the proceeding as Mr. Kwok's publications relate to the chapter 11 proceedings and are intended to be communicated to PAX and the Trustee to influence the administration of those proceedings.

7. Pursuant to Bankruptcy Rule 7008, PAX consents to the entry of final orders or a final judgment by this Court in this adversary proceeding.

## THE PARTIES

8. Plaintiff PAX is an investment fund organized as an exempted limited partnership under the laws of the Cayman Islands. PAX is the largest creditor in Kwok's chapter 11 proceedings by a significant amount.

9. Defendant Kwok is a Chinese national domiciled in Connecticut and is the Debtor in chapter 11 proceeding *In re Ho Wan Kwok,* Case No. 55-bk-50073 before this Court.

## FACTUAL BACKGROUND

**A. PAX obtained a $116 million judgment against Kwok in state court after Kwok failed to repay a loan.**

10. Nearly eleven years ago, PAX signed a loan agreement with a Kwok-owned entity called Shiny Times. Kwok personally guaranteed that loan. Despite multiple repayment extensions and PAX's numerous attempts to settle the debt, Kwok has never repaid the loan.

11. PAX sued Kwok for breach of the personal guarantee contract on April 18, 2017 in New York State Supreme Court. Following nearly four years of litigation, on February 3, 2021, PAX secured a judgment against Kwok for $116,402,019.57. PAX then "undertook a year's-long effort to enforce [the] judgment by first identifying and then attempting to levy upon Kwok's assets in the United States." This was no small task because, as Justice Ostrager found, "Kwok, who is a self-declared multi-billionaire, had secreted his assets in a maze of corporate entities and with family members." Kwok has yet to repay any of the $116,402,019.57 judgment, which accrued post-judgment interest at the rate of 9 percent per year.

**B. The state court found Kwok in contempt and ordered him to pay $134 million.**

12. Part of PAX's effort to enforce the judgment involved Kwok's luxury super-yacht, the Lady May. Although Kwok claims to have no assets, he has (at a minimum) beneficial ownership of the Lady May, purchased in 2015 for € 28 million. On September 30, 2020, Justice Ostrager issued a temporary restraining order preventing Kwok "from making or causing any sale, assignment, transfer or interference with any property in which he has an interest…." Two weeks later, on October 15, 2020, Justice Ostrager specified that this restraint on Kwok included the Lady May. But unbeknownst to Justice Ostrager and PAX, the Lady May

4

had already left New York for Florida on or about October 9. The yacht then went to the Bahamas, and finally to Europe.

13. In response, PAX filed a contempt motion and on March 16, 2021, the court issued a conditional order of civil contempt directing Kwok or the boat's registered owner to return the Lady May to the court's jurisdiction by May 15, 2021, and imposing a $500,000 fine for every day thereafter that the yacht remained beyond its jurisdiction. The New York Appellate Division, First Department, unanimously affirmed the trial court's order, finding that (i) PAX had "established by clear and convincing evidence that [Kwok had] violated a lawful clear mandate of the court, of which he had knowledge, and that such violation resulted in prejudice to [PAX's] rights…"; and (ii) "the daily fine of $500,000 was intended to strongly encourage [Kwok] to purge himself of the contempt." Accordingly, the First Department instructed Justice Ostrager to "proceed with an evidentiary hearing to resolve a dispute as to ownership and control of the yacht, and to assess appropriate penalties" before issuing a final contempt order.

14. Justice Ostrager held that evidentiary hearing on February 2, 2022. After hearing testimony from seven witnesses, Justice Ostrager concluded that "[t]he testimony adduced at the hearing out of the mouths of [Kwok]'s witnesses clearly and convincingly demonstrated that Kwok beneficially owns and controls the Lady May and has utter contempt for this Court and the judicial process." The court further found that "[n]ot only does Kwok control the yacht, it appears he provided the funds to purchase it and he is the person who principally enjoys the use of the yacht." As a result, Justice Ostrager entered the February 9 order of contempt (the "<u>Contempt Order</u>"), which imposed a $134 million fine, based on the "268 days," "[a]s of February 7, 2022," that "the Lady May ha[d] remained outside the jurisdiction of the Court."

### C. Rather than pay the fine, Kwok filed for bankruptcy.

15. Consistent with his past practice of flouting court orders, Kwok failed to pay the contempt fine. Instead, on February 15, 2022, Kwok filed for bankruptcy in this Court. Kwok's bankruptcy petition listed $50,001–$100,000 in assets—omitting the valuable Lady May entirely.

16. On March 1, 2022, PAX filed a motion to confirm the inapplicability of the automatic stay with respect to the Contempt Order, arguing that the automatic stay—which is for honest, good-faith debtors—was not meant to shield debtors like Kwok from the consequences of defying court orders and assaulting the dignity of the judicial system. Faced with the prospect of this Court permitting post-petition enforcement of the Contempt Order, Kwok came to the negotiating table, and the parties filed a stipulated order compelling the return of the Lady May to Connecticut waters. The agreement required that an entity called HK International Funds Investments (USA) Limited ("HK USA")—the purported technical owner of the Lady May—deposit $37 million with an escrow agent to secure HK USA's return of the yacht to this jurisdiction, and to establish a reserve for all repairs necessary to restore the yacht to good working order.

17. On March 21, 2022, the United States Trustee ("UST") moved for appointment of an examiner or chapter 11 trustee. On April 6, 2022, PAX moved to dismiss the case, or in the alternative, joined the UST's motion for appointment of a trustee. Faced with the prospect of a trustee or examiner investigating his assets, Kwok consented to PAX's motion to dismiss on May 11, 2022, citing PAX's reasonable discovery efforts (which he dubbed "unrestrained legal warfare") as a reason.

**D. This Court appointed a Trustee to oversee Kwok's assets.**

18. This Court granted PAX's motion to appoint a trustee on June 15, 2022, and denied the motion to dismiss. On July 8, 2022, over Kwok's objection this Court entered an order appointing Luc Despins as Trustee.

19. On August 10, 2022, the Court entered an order (the "Corporate Governance Order") granting the Trustee control over all of the Debtor's economic and corporate governance rights in Debtor-controlled entities and, directing the Debtor to "cooperate with the Trustee to enable the Trustee to perform his duties" and "surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate."

20. On August 16, 2022, the Court granted the Trustee's application for Rule 2004 discovery with respect to the Debtor, his legal and financial advisors, and entities and individuals affiliated with the Debtor. And, on October 28, 2022, the Trustee filed a motion to compel the Debtor, his wife and daughter, his business associates and affiliated entities to comply with Rule 2004 orders and with the subpoenas issued by the Trustee.

**E. Kwok faces yet another contempt motion and additional discovery.**

21. On October 4, 2022, the Trustee filed a motion asking the Court to hold the Debtor in civil contempt for failure to comply with the corporate governance order. On November 16, 2022, the Court held a hearing on this motion.

22. On October 11, 2022, the Trustee brought an adversary complaint against Bravo Luck and Qiang Guo (Kwok's son) seeking relief from the Debtor's abuse of the corporate form to judgment-proof himself and keep his assets outside the reach of creditors.

23. On November 8, 2022, the Trustee filed a motion for order setting bar dates for filing proofs of claim. On November 11, 2022, Kwok was deposed by the Trustee.

24. On November 17, 2022, the Court entered an order directing joint administration of related chapter 11 cases, thereby transferring the bankruptcy proceedings of Genever Holdings, LLC—a Kwok entity that had filed for chapter 11 protection in the Southern District of New York—to this Court.

### F. With the case going poorly for Kwok, Kwok turns to his large social media following.

25. Over time, Kwok has amassed over 1 million followers across various digital and media platforms such as YouTube, GTV, Twitter, and Gettr. Kwok has a "verified account" on Gettr, as indicated by the red "V" next to his username, and posts several times a day to an audience of more than 171,000 Gettr followers.

### G. Kwok published information and harassing and defamatory statements about PAG's Chairman and his family, the Trustee and his family, and PAX's and the Trustee's counsel, urging his followers to protest at their homes or offices.

26. On November 16, 2022, Kwok reposted and pinned on Gettr, one of his primary social media outlets, a post by the "Himalaya Global Alliance" (originating from a Gettr account called "NFSC Speaks") urging supporters to protest at the addresses of "known CCP operatives and sympathizers." The communication published (i) the home address of the Trustee; (ii) the home addresses or cities of residence for the Trustee's former spouse and his ▇▇▇▇ (iii) the New York office address of the Trustee's counsel, Paul Hastings LLP; (iv) the home addresses of the Chairman of PAG,[2] Mr. Shan and his family members; and (v) the New York office address of PAX's counsel, O'Melveny & Myers LLP.

---

[2] PAG is PAX's manager.

27. The "NFSC" in "NFSC Speaks" is the "New Federal State of China," an organization co-founded by Mr. Kwok. Indeed, it was Kwok himself—along with Steve Bannon—who announced the launch of NSFC on social media and in online videos. In other words, the post Kwok pinned to his personal Gettr account came from an organization that he organized and is closely associated with him.

28. The Debtor has also reposted on his Gettr page clips from a longer video recorded on November 16, 2022 (the "November 16 Video"), originally posted by NFSC Speaks, that contains numerous attacks against PAX and Mr. Shan (as well as the Trustee and the Trustee's law firm, Paul Hastings). The full November 16 Video, which can be viewed at ███████████████████████, is replete with outrageous baseless and vexatious attacks against PAX and the Trustee:

   a. accusing Mr. Shan of using "money from both American and Chinese people…to enslave the Chinese people," and being a "spy and a thief stealing pension funds" for the Communist Party.

   b. alleging that the Trustee is "acting for the interest of the CCP," and repeatedly showing a photo of the Trustee together with the map of China, colored red with a prominent hammer and sickle.

   c. further threatening the Trustee by saying that the NFSC movement and its followers will "make sure every single person in your life . . . know[s] what you have done to the Chinese people . . . that those concentration camps were able to be built because of you."

    d.   threatening the Trustee by stating "you have ▮▮▮▮▮▮▮, right, I hope they are watching this," and promising to "make sure they know they should be shameful of having a father like you."

    e.   calling the Trustee and PAX's counsel "American traitors" and "enablers of evil" who help build concentration camps on behalf of the CCP and whose "hands are stained with Chinese people's blood," and comparing the Trustee and PAX's counsel to lawyers "going after the Jews" during the Holocaust.

29.   On November 18, 2022, Kwok reposted yet another video (the "<u>November 18 Video</u>") that again makes numerous baseless and outrageous attacks in an effort to intimidate the Trustee and PAX's counsel and the Trustee, including the following:

    a.   displaying pictures of the Trustee as well as PAX's attorneys (including Messrs. Sarnoff, Friedman, and Harbach) and accusing them of, among other things, being "worse than a Nazi collaborator in World War Two."

    b.   threatening the Trustee and PAX's counsel by saying that, among other things, they will "make sure every single person in your life . . . knows about the horrible things that you have done to the Chinese people."

    c.   displaying pictures of each of the Trustee's ▮▮▮▮▮▮▮, identifying their names and employers, and, among other outrageous comments, claiming that "your father [the Trustee] . . . is literally putting millions of Uighurs in concentration camps."

    d.   displaying pictures of PAX's attorneys, the Trustee, and the Trustee's ▮▮▮▮▮▮▮ together with a red map of China, with a prominent hammer and sickle.

30. On November 18, 2022, PAX's counsel learned that several local police departments contacted Mr. Shan's family members to warn them that protests were imminent.

31. On November 19, 2022, Kwok reposted another NFSC Speaks post, displaying four images: one of the Trustee edited to appear as if he is in Chinese military uniform, and one of each of the Trustee's ▮▮▮▮▮▮▮' LinkedIn profiles, identifying their employers. The caption alleges that the Trustee is "aiding and abetting CCP . . . to persecute the Chinese people."

32. Some of the NFSC posts, which the Debtor re-posted to his own Gettr page, included violent replies to NFSC's post. For example, one commenter on an NFSC post threatened that Mr. Shan's family "will become the price of their father or husband's evil deeds. This is actually what it means 'wife sacrifice' as well as 'child sacrifice.'"

33. On November 20, 2022, a group of Debtor-aligned protestors gathered to protest outside the residences of: PAG's Chairman's family members, the Trustee, the Trustee's ▮▮▮▮▮▮ and the Trustee's ▮▮▮▮▮, among others. The protesters standing outside the Trustee's home blocked traffic, distributed leaflets saying, among other things, that they were protesting against "targeted racial and political persecution of Chinese Americans," and that:

> Your neighbor, Luc Albert Despins and his law firm Paul Hasting LLP are benefactors and enablers of the CCP's crimes against humanity, infiltration of the U.S. legal financial systems, and persecution of Chinese dissidents abroad. Despite the CCP's ongoing genocide in Xinjiang and its history of human rights abuses, Paul Hastings has acted on behalf of the CCP to hunt Chinese dissidents and to destroy the livelihood of Chinese freedom fighters.

34. Further, the Trustee received reports that an NFSC representative threatened that the Trustee "will live under horror for the rest of [his] life." Other actions relating to these protestors are detailed in the Trustee's November 21, 2022 pleading [ECF 1133] and incorporated by reference herein.

35. The following day, November 21, 2022, protesters organized outside offices of O'Melveny & Myers LLP in New York City and in Washington, D.C. They held signs with pictures of O'Melveny attorneys (Mr. Sarnoff, Mr. Friedman, and Mr. Harbach) and O'Melveny's Chairman, declaring them operatives of the CCP. The signs also "branded" red hammers and sickles on the O'Melveny lawyers' foreheads. Protesters staged similar demonstrations outside the New York offices of Paul Hastings LLP, displaying defamatory signs containing pictures of the Trustee and his counsel, Mr. Bassett and Mr. Luft. One of the protesters in New York attempted to gain entry into Paul Hastings' interior office space by claiming, falsely, that he had a meeting scheduled with Mr. Bassett.

36. Finally, during the November 21, 2022 status conference, this Court asked Kwok's counsel whether he could represent that Kwok would cease this pattern of conduct. Kwok's counsel responded "no."

**H. Kwok's doxing follows a months-long smear campaign against PAX, the Trustee, and their respective representatives.**

37. Although this may be the first time Kwok has published home addresses and other personal information about his legal adversaries' family members, it has long been Kwok's practice to stoke anger and vitriol amongst his followers by spreading falsehoods via his social media megaphone. For instance, in a July 8, 2022 post, Kwok accused PAX of committing fraud and colluding with the CCP regarding the appointment of a chapter 11 trustee in this bankruptcy.

38. Likewise, in another July 8, 2022 post, Kwok declared that all attorneys and officials "in collusion with PAG," PAX's manager, including a named former O'Melveny & Myers partner, will end up in jail.

39. Moreover, in a July 10, 2022 post, Kwok called the Trustee a "scumbag" and a "garbage lawyer," and falsely proclaimed that the Trustee's firm receives 50% of its revenue from Communist China.

40. Kwok continued this improper pattern of conduct in a July 13, 2022 post that accused the Trustee of committing fraud in court and called on his followers to "dig out all bankruptcy cases in which [the Trustee] acted as trustee, and all IPO deals and transactions that [the Trustee's firm] has represented on behalf of the CCP's companies."

41. Again, in a July 17, 2022 post, Kwok accused specific lawyers representing PAX, by name, of colluding with the CCP.

42. And, in a July 19, 2022 post, Kwok urged his "fellow fighters" to "please spread the word[] about the revelations of the CCP military intelligence and truths about the trustee of my bankruptcy case."  In the video attached to this post, Kwok falsely declared that a former O'Melveny partner's attorney license is "being revoked for sure" and stated that O'Melveny and Paul Hastings are "evil."

43. Given Kwok's considerable influence amongst his audience, these posts often draw thousands of "likes," "reposts" and/or "comments."

## CLAIM FOR RELIEF

## COUNT ONE

### (Order pursuant to 28 U.S.C. § 1651(a))

44. Plaintiffs reallege the allegations contained in paragraphs 1-43, which are incorporated by reference as if set forth fully herein.

45. Plaintiffs bring this claim under 28 U.S.C. § 1651(a), which provides that District Court may "issue all writs necessary or appropriate in aid of their respective jurisdictions."

46. Kwok has attempted to disrupt and manipulate the expedient administration of these bankruptcy proceedings through his Gettr posts.

47. In addition, Kwok's actions violate 18 U.S.C. § 2261A(2) and Conn. Gen. Stat. § 53a-183(a)(3).

48. 18 U.S.C. § 2261A(2) provides: "Whoever—(2) with intent to" "harass" or "intimidate," "uses … any interactive computer service" "to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to" that person or their immediate family members and spouses or intimate partners, violates the federal stalking statute.

49. Under Conn. Gen. Stat. § 53a-183(a)(3), "[a] person is guilty of harassment" "when with intent to harass, terrorize or alarm another person, and for no legitimate purpose, such person" "communicates or shares a photograph, video or words or engages in any other form of communication to a digital, electronic, online or other meeting space, in a manner likely to cause terror, intimidation or alarm."

50. The Debtor has used the social media platform Gettr to harass and intimidate legal adversaries and their respective relatives, as well as other creditors or potential witnesses.

51. Accordingly, an order under 18 U.S.C. § 1651(a) is warranted.

## CLAIM FOR RELIEF

## COUNT TWO

**(Order pursuant to 11 U.S.C. § 105(a))**

52. Plaintiffs reallege the allegations contained in paragraphs 1-43, which are incorporated by reference as if set forth fully herein.

53. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

54. Kwok's latest outburst is specifically designed to frustrate the orderly progression of this case by harassing parties through social media. These acts undermine the Court's authority to oversee the fair and equitable administration of the bankruptcy case and instead, subvert the bankruptcy process by alienating and intimidating Kwok's largest creditor and the Trustee, as well as other creditors and potential witnesses.

55. Accordingly, an order under 11 U.S.C. § 105(a) is warranted.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Court enter judgment in its favor and against Kwok and grant the following relief:

A. That the Court restrain and enjoin the Defendant, Ho Wan Kwok, his officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with the foregoing, from (i) publishing online the home addresses and other personal information about the Trustee, PAX's manager PAG Chairman Shan Weijian, PAX's or PAG's other officers and employees, and their respective relatives; (ii) posting false and harassing online materials about the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives; and (iii) encouraging, inciting, suggesting, or directly or indirectly funding protests at the homes of the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives;

B. That the Court order Defendant Kwok to remove all existing social media posts that (i) contain personal information about the Trustee, PAX or PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives; and (ii) encourage, incite, or suggest protests, harassment, doxing, or similar conduct toward the Trustee, any PAX or PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives.

C. Such other relief as the court deems just and proper.

Dated: November 22, 2022
Hartford, Connecticut

**Pacific Alliance Asia Opportunity Fund L.P.**

By: */s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
           asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
           ssarnoff@omm.com