**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | |
| | : | |

**JOINT LIMITED OBJECTION OF MEI GUO AND HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC TO THE SECOND SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL LEGAL AND FINANCIAL ADVISORS TO THE INDIVIDUAL DEBTOR, ENTITIES AND INDIVIDUALS AFFILIATED WITH DEBTOR, RELEVANT BANKS AND ENTITIES DOING BUSINESS WITH DEBTOR AND AFFILIATED ENTITIES**

Mei Guo ("Ms. Guo"), a counterclaim defendant in the Adversary Proceeding captioned *HK International Funds Investments (USA) Limited, LLC v. Ho Wan Kwok*, Adv. Pro. No. 22-05003 (the "Adversary"), and HK International Funds Investments (USA) Limited, LLC ("HK USA"), the plaintiff and a counterclaim defendant in the Adversary, by and through their undersigned counsel, hereby object (the "Limited Objection") to the motion (Doc. No. 1116, the "Motion") filed by Luc A. Despins as the chapter 11 trustee (the "Trustee") seeking this Court's authority to conduct certain examinations and issue subpoenas pursuant to Rule 2004. In support of their Limited Objection, Ms. Guo and HK USA respectfully state as follows.

**I.      Preliminary Statement**

1.      The Trustee seeks this Court's authority to conduct examinations and issue subpoenas under Rule 2004 – often described as a "fishing expedition" – on matters that directly relate to claims and counterclaims asserted in the Adversary. However, as a matter of law and as detailed herein, the Trustee may not circumvent the protections afforded to Ms. Guo and HK USA in the Adversary by the Fed. R. Bankr. P. and Fed. R. Civ. P. by seeking discovery related to the

1

Adversary via Rule 2004. Such discovery, if conducted at all, *must* be conducted in the Adversary. Accordingly, and for the reasons set forth below, this Court should deny the Motion.

## II. Background

2. On February 15, 2022 (the "Petition Date"), the Ho Wan Kwok (the "Individual Debtor") filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this bankruptcy case.

3. On April 11, 2022, HK USA initiated the Adversary seeking a declaration that it, and not the Individual Debtor, is the lawful owner of the Lady May.

4. On September 23, 2022, the Trustee filed a massive 62-page, 141 paragraph counterclaim with more than 3,100 pages of exhibits in the Adversary (Doc. No. 36 in the Adversary, the "Counterclaim"). The Counterclaim greatly expands the scope of the Adversary to include, *inter alia*, claims that the HK USA is an alter ego of the Individual Debtor, HK USA "was the recipient of an actual fraudulent transfer by the Debtor consisting of the value of the Lady May and/or the funds used to purchase the Lady May," and "a negligence claim against HK USA based on HK USA having taken and kept the Lady May overseas in violation of court orders…." (*See* Counterclaim, at 7-8).

5. On November 18, 2022, the Trustee filed the instant Motion wherein he requests that this Court "direct[] the examination of the Examinees" (as defined in the Motion) and "direct[] the production of certain documents as set forth in the Requests for Production of Documents" in the 53 subpoenas attached to the Motion. (Motion, at 15).

## III. Argument

6. "Under the [pending proceeding rule], 'once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and

2

not by Rule 2004,' *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002), *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ('The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to [Rule] 7026 *et seq.*, rather than by a [Rule] 2004 examination.')…." *In re SunEdison, Inc.*, on, 490 (Bankr. S.D.N.Y. 2017); *see also*, *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

7. "The pending proceeding rule is based on the different safeguards that attend Rule 2004 and civil litigation discovery, and reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *In re SunEdison, Inc.*, 572 B.R. at 490.

8. In the 53 subpoenas that the Trustee seeks to serve on the Examinees there are dozens of requests for information concerning the Lady May that directly relate to claims and counterclaims made in the Adversary, specifically regarding the ownership of the Lady May made by HK USA and the Trustee's wide-ranging claims set forth in the Counterclaim.

9. In particular, the subpoenas directed at Apsley Yachts Ltd. ("Apsley") and DWF LLP ("DWF") contain very broad demands seeking, *inter alia*, documents concerning (i) the Lady May, (ii) "the ownership or control" of the Lady May, (iii) "any money or value paid or given" related to the Lady May "and the source thereof," (iv) "any money or value generated or obtained related to" the Lady May "and the disposition thereof," (v) "the use of" the Lady May by the Individual Debtor and his family, (vi) the "operation, maintenance, service, or overhaul" of the Lady May, (vii) the "lease or rental" of the Lady May, and (viii) "the purchase sale or marketing of" the Lady May. (Exhibit C-17 (the "Aspley Subpoena") and Exhibit C-18 (the "DWF Subpoena"), attached to the Motion). These requests are clearly designed to collect documents for

use in the Adversary, primarily the ownership, use, and control of the Lady May and financial matters relating to the Lady May.

10. In addition to the Apsley Subpoena and the DWF Subpoena, 43 other subpoenas (collectively, the "Other Subpoenas") attached to the Motion contain broad demands seeking, *inter alia*, "[a]ll [d]ocuments regarding any property ever occupied or used by the [Individual] Debtor, including without limitation the Lady May" or "[a]ll [d]ocuments regarding the Lady May[.]" (*See* Exhibits C-1-16, 19-21, 27-28, 31-52). Considering the breadth of these document requests in the Other Subpoenas and the entities to which the Trustee directs these document requests (including professional firms, individuals, and other business entities) these requests are intended to capture, among other things, documentation for use by the Trustee in the Adversary.

11. Thus, Aspley Subpoena and the DWF Subpoena, in their entirety, and the Other Subpoenas, in part, seek information directly related to the allegations at issue in the Adversary. As a matter of law, the Trustee may not circumvent the protections afforded to Ms. Guo and HK USA in the Adversary by the Fed. R. Bankr. P. and Fed. R. Civ. P. by seeking discovery related to the Adversary via Rule 2004. *See In re SunEdison, Inc.*, 572 B.R. at 490; *In re Ecam Publ'ns, Inc.*, 131 B.R. at 559; *In re Enron Corp.*, 281 B.R. 836, at 841. The Trustee cannot be permitted to end run those rules by using Rule 2004 to obtain discovery that is clearly intended to be used in the Adversary.

12. The Trustee concedes that the discovery sought via the Motion overlaps with the discovery that could be sought in the Adversary. (Motion, at 12, n. 3). The Trustee's attempts to excuse his effort to abuse Rule 2004 with conclusory statements and without citation to any legal authority all fail. Indeed, the Trustee is simply incorrect in asserting that "[t]he pending proceeding doctrine… would not prevent the Trustee from seeking Rule 2004 discovery from individuals or

4

entities who are not parties to the adversary proceeding concerning the Lady May." (*Id.*) Though the Trustee "may conduct Rule 2004 examinations of entities which are not parties to or are not affected by the pending adversary proceeding(s)[,]… discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of the Federal Rules of Bankruptcy Procedure. Thus a trustee… must look to Rule 7026 *et seq.* after an adversary proceeding is commenced for discovery as to both entities affected by the proceeding and issues addressed in the proceeding." *In re Martelli*, Nos. 16-20983-PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (quotations omitted), *citing In re Wash. Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009); *In re Szadkowski*, 198 B.R. 140, 142 (Bankr. D. Md. 1996).[1]

13.     Accordingly, the Motion must be denied insofar as it seeks this Court's authorization for the Trustee issue the Aspley Subpoena and the DWF Subpoena as well as the Other Subpoenas to the extent that they seek information directly related to the allegations at issue in the Adversary. The Trustee should be ordered to pursue any additional discovery as issues concerning the ownership of the Lady May and the Trustee's Counterclaim, including the discovery sought via the Motion, in the Adversary.

**WHEREFORE,** Ms. Guo and HK USA respectfully request that the Court deny the Motion as set forth herein and grant them such other and further relief as justice requires.

---

[1] The Trustee's other justifications are equally unavailing. Indeed, though the Trustee's efforts to seek discovery "relat[ing] to the overall pattern of conduct by the Individual Debtor" might be broader than some aspects of claims in the Adversary, that does not excuse the Trustee from seeking discovery *that is related to the claims* in the Adversary *via that proceeding*. Likewise, though the Trustee might think it "inefficient" to pursue discovery inside and outside the Adversary, such alleged inefficiency (assuming it exists) does not justify denying the undersigned non-debtors the rights and protections afforded to them under the Fed. R. Bank. P. and Fed. R. Civ. P.

Dated at Bridgeport, Connecticut on this 22nd day of November, 2022.

**HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC, AND MEI GUO**

*/s/ John L. Cesaroni*
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5467
Email: Jmoriarty@zeislaw.com
         jcesaroni@zeislaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          */s/ John L. Cesaroni*
                                          John L. Cesaroni (ct29309)