**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| HO WAN KWOK, *et al.*,[1] | : | CASE NO. 22-50073 (JAM) |
| Debtors. | : | Jointly Administered |

**GENEVER HOLDINGS LLC'S APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF <u>NEUBERT, PEPE, & MONTEITH, P.C., AS ITS CO-COUNSEL</u>**

Genever Holdings LLC, debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of Connecticut (the "Court"), respectfully requests (the "Application") that the Court authorize its employment of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM") as its co-counsel with respect to this Chapter 11 Case. In support of this Application, the Debtor states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**RELIEF REQUESTED**

1.      By this Application, the Debtor seeks entry of an order, substantially in the form of the proposed order filed herewith (the "Proposed Order"), authorizing and approving the retention and employment of NPM as Debtor's co-counsel effective as of November 7, 2022. In support of this Application, the Debtor submits the *Declaration of Douglas S. Skalka in Support of Genever Holdings LLC's Application for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Neubert, Pepe & Monteith, P.C. as Its Co-Counsel* (the "Skalka Declaration"), attached as Exhibit A, which is incorporated herein by reference.

**JURISDICTION, VENUE, AND STATUTORY BASES**

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

**BACKGROUND**

5.      On October 12, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court").

6. By order dated February 8, 2021 and entered by the SDNY Bankruptcy Court, the firm of Goldberg Weprin Finkel Goldstein LLP ("Goldberg Weprin") was retained to serve as counsel for the Debtor.

7. By order dated November 3, 2022, the SDNY Bankruptcy Court transferred venue of the Debtor's Chapter 11 Case to this Court.

8. As of the filing of this Application, no creditors committee or trustee has been appointed in the Debtor's Chapter 11 Case.

## THE FIRM'S QUALIFICATIONS

9. NPM maintains offices in New Haven, Hartford, and Fairfield, Connecticut, and White Plains, New York. NPM was founded in 1993 and has a widely diversified general and corporate practice. The firm currently employs 36 lawyers, who are assisted by six paralegals.

10. The Debtor selected NPM as its co-counsel because of NPM's expertise in financial reorganizations, bankruptcy, investigations, and commercial litigation matters. NPM is well suited for the type of representation required by the Debtor. Its insolvency practice includes ten attorneys. NPM has substantial resources and expertise in the areas of the law that may arise in this case.

11. NPM has specific and relevant experience in the representation of debtors, chapter 11 trustees, and creditor committees, including within and in connection with cases in this Court. NPM also has experience in serving as local counsel for Luc Despins, the Debtor's equity holder, in connection with the pending chapter 11 proceedings of the Debtor's affiliate, Ho Wan Kwok, Case No. 22-50073 (JAM) (the "Kwok Case"). Moreover, NPM has filed an application to serve as counsel for Genever Holding Corporation, the Debtor's parent company, which application is currently scheduled for a hearing on November 16, 2022 before this Court. As a result of this role, NPM is familiar with the Debtor's corporate structure and the dispute over the ownership of the

3

assets of the Debtor.

## THE ANTICIPATED SERVICES

12. The Debtor anticipates that NPM will render general legal services, as its co-counsel, with Goldberg Weprin, to work as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, tax, and other matters. In particular, the Debtor has requested that NPM perform, among others, the following legal services:

 (a) advising the Debtor as to its rights, powers, and duties in the Chapter 11 Case;

 (b) advising the Debtor as to its investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

 (c) commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

 (d) preparing on behalf of the Debtor necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

 (e) advising the Debtor concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

 (f) advising the Debtor with respect to, and assisting in the negotiation and documentation of, financing agreements and related transactions;

 (g) reviewing the nature and validity of any liens asserted against the Debtor's property and advising the Debtor concerning the enforceability of such liens;

 (h) advising and assisting the Debtor in connection with any potential asset sales and property dispositions;

 (i) advising the Debtor concerning executory contract and unexpired lease assumptions, assignments, and rejections;

 (j) advising the Debtor in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

 (k) assisting the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

4

        (l)        negotiating with parties-in-interest.

### COMPENSATION OF PROFESSIONALS

13. The Debtor anticipates that NPM will work with Goldberg Weprin to provide services in this case in such a manner that there will not be a duplication of effort and there will be a focus on delivering legal services in an efficient and cost-effective manner.

14. NPM intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case. NPM will charge the Debtor for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in this Chapter 11 Case.

15. At present, the 2022 hourly rates of NPM are $150.00 - $175.00 for paralegal work; $175.00 - $360.00 for associates and counsel; and up to $450.00 for principals of the firm. NPM's hourly rates are subject to periodic adjustments to reflect economic and other conditions.[2] It is anticipated that NPM's services will primarily be provided by Douglas S. Skalka, whose hourly rate is $450.00, Lucas B. Rocklin, whose hourly rate is $400.00, and Patrick R. Linsey, whose hourly rate is $350.00.

16. The Debtor submits that NPM's hourly rates are reasonable, comparable to NPM's hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably

---

[2] NPM's hourly rates are typically revised at the end of each calendar year to reflect experience, seniority, and standing. These step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, NPM will provide ten business days' notice to the Debtor, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to the Committee and any other official committee, before implementing periodic increases, and shall file any such notice with the Court.

skilled professionals who offer the same services. This is especially true under the circumstances here where the Debtor's estate currently has no assets to pay professional fees. As a result, NPM is being retained, for all practical purposes, on a contingency basis—*i.e.*, its compensation will depend on whether assets are eventually brought into the Debtor's estate (which, in turn, will depend on the extent to which NPM and the Debtor are successful in recovering assets for the benefit of the Debtor's estate and its creditors).

17. NPM will also bill for out-of-pocket expenses made on behalf of the Debtor, including photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees, travel expenses, and computer-aided research, in accordance with practices in this District.

### **NPM IS DISINTERESTED**

18. To the best of the Debtor's knowledge in reliance upon the Skalka Declaration, and except as disclosed therein, NPM does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

19. More specifically, upon such basis, the Debtor believes that: (a) NPM has no connection with the Debtor, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or a party with an actual or potential interest in the Chapter 11 Case other than its role as local and conflicts counsel for Mr. Despins in the Kwok Case and proposed role as counsel for Genever Holdings Corporation; and (b) neither NPM nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or its affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or its affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors

6

or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Debtor believes that NPM is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

20. Based on the Skalka Declaration, the Debtor believes that NPM does not represent any adverse interest to unsecured creditors in connection with these cases.

### BASIS FOR THE RELIEF REQUESTED, NOTICE, AND NO PRIOR REQUEST FOR RELIEF REQUESTED HEREBY

21. The Debtor requests to retain and employ NPM as its co-counsel, pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor-in-possession, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [its] duties under this title."[3]

22. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a debtor-in-possession may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

23. Bankruptcy Rule 2014(a) provides that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

24. The Debtor requires the services of counsel to exercise its responsibilities. NPM

---

[3] A debtor-in-possession has the rights of a trustee to employ counsel pursuant to, *e.g.*, Bankruptcy Code sections 327 and 328. *See* 11 U.S.C. § 1107.

7

has agreed to endeavor to avoid the duplication of efforts and provide services as efficiently as possible. Accordingly, the employment of NPM as the Debtor's co-counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

25. Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise." Accordingly, the Debtor requests authority to retain and employ NPM effective November 7, 2022, which was the date that this Chapter 11 Case was transferred to this Court and on which NPM began providing services to the Debtor.

26. No previous application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtor requests that the Court enter an Order, substantially in the form of the Proposed Order attached hereto, granting the Application, and authorizing the Debtor's employment of Neubert, Pepe & Monteith, P.C., as its co-counsel, and order such other and further relief as the Court deems just and proper.

Dated: November 22, 2022                    GENEVER HOLDINGS LLC,

                                            By:   /s/Luc A. Despins
                                                Luc A. Despins, Chapter 11 Trustee
                                                for the Estate of Ho Wan Kwok

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

———————————————————x
:
In re:                                                   :        CHAPTER 11
                                                            :
HO WAN KWOK, *et al.*,[1]                  :        CASE NO. 22-50073 (JAM)
                                                            :
        Debtors.                                    :        Jointly Administered
———————————————————x

**ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF NEUBERT, PEPE, & MONTEITH, P.C., AS DEBTOR'S CO-COUNSEL**

Upon the Application of Genever Holdings LLC (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Neubert, Pepe & Monteith, P.C. ("NPM") as co-counsel to the Debtor, effective as of November 7, 2022 (the "Application"), and upon the Declaration of Douglas S. Skalka (the "Skalka Declaration"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Skalka Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Skalka Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) NPM is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) NPM does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ NPM as its attorneys effective as of November 7, 2022 on the terms set forth in the Application and the Skalka Declaration.

3. NPM is authorized to act as Debtor's counsel and to perform those services described in the Application. Specifically, but without limitation, NPM is authorized to render the following legal services, as Debtor's counsel:

    a. advising the Debtor as to its rights, powers, and duties in the Chapter 11 Case;

      b.      advising the Debtor as to its investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

      c.      commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

      d.      preparing on behalf of the Debtor necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

      e.      advising the Debtor concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

      f.      advising and assisting the Debtor in connection with any potential asset sales and property dispositions;

      g.      advising the Debtor concerning executory contract and unexpired lease assumptions, assignments, and rejections;

      h.      advising the Debtor in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

      i.      assisting the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

      j.      negotiating with parties in interest.

4.      The Debtor's estate shall be responsible for NPM's compensation and reimbursement of expenses in the Chapter 11 Case.

5. The allowance of any compensation to be paid to NPM shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6. NPM shall provide no less than ten business days' notice to the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

7. The Debtor and NPM are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9. To the extent the Application and the Skalka Declaration are inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
| HO WAN KWOK, *et al.*,[1] | : | CASE NO. 22-50073 (JAM) |
| Debtors. | : | Jointly Administered |

**DECLARATION OF DOUGLAS S. SKALKA
IN SUPPORT OF GENEVER HOLDINGS LLC'S APPLICATION FOR ENTRY OF
ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330,
BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1
AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT
OF NEUBERT, PEPE, & MONTEITH, P.C., AS ITS CO-COUNSEL**

I, Douglas S. Skalka, being duly sworn, do depose and say:

1. I am a principal of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM"), which maintains its principal office at 195 Church Street, 13th Floor, New Haven, CT 06510, and I make this declaration in support of Genever Holdings LLC's (the "Debtor") *Application for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Neubert, Pepe & Monteith, P.C. as Its Co-Counsel* in the above-captioned chapter 11 case (the "Chapter 11 Case").

2. NPM maintains offices in New Haven, Hartford, and Fairfield, Connecticut, and White Plains, New York. NPM was founded in 1993 and has a widely diversified general and corporate practice. The firm currently employs 36 lawyers, who are assisted by six paralegals.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

3. NPM has expertise in practice areas including financial reorganizations, bankruptcy, investigations, corporate, and commercial litigation matters. NPM is well suited for the type of representation required by the Debtor. Its insolvency practice includes ten attorneys. NPM has substantial resources and expertise in the areas of the law that may arise in this case.

4. NPM has specific and relevant experience in the representation of chapter 11 trustees, post-confirmation liquidating trustees, and creditor committees, including within and in connection with cases in this Court.

5. NPM intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), and any other applicable rules and orders with respect to this Chapter 11 Case. NPM will charge the Debtor for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in this Chapter 11 Case.

6. At present, the 2022 hourly rates of NPM are $150.00 - $175.00 for paralegal work; $175.00 - $350.00 for associates and counsel; and up to $450.00 for principals of the firm. NPM's hourly rates are subject to periodic adjustments to reflect economic and other conditions.[2] It is anticipated that NPM's services will primarily be provided by Douglas S. Skalka, whose hourly

---

[2] NPM's hourly rates are typically revised at the end of each calendar year to reflect experience, seniority, and standing. These step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, NPM will provide ten business days' notice to the Debtor, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to the Committee and any other official committee, before implementing periodic increases, and shall file any such notice with the Court.

rate is $450.00, Lucas B. Rocklin, whose hourly rate is $400.00, and Patrick R. Linsey, whose hourly rate is $350.00.

7. NPM will also bill for out-of-pocket expenses made on behalf of the Debtor, including photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees, travel expenses, and computer-aided research, in accordance with practices in this District.

8. To the best of my knowledge and belief after due inquiry, neither I, nor NPM, nor any member or associate thereof, represents professionally, or has any connection with, the Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as disclosed herein.

9. NPM maintains a computer database (the "Database") containing, *inter alia*, the names of all NPM's current and former clients and, with respect to any engagement, adverse and related persons. I caused to be submitted to, and checked against, the Database all of the following names: (a) the Debtor; (b) creditors as set forth on the List of Creditors in this Chapter 11 Case, (c) Luc A. Despins, the Chapter 11 Trustee ("Mr. Despins" or the "Chapter 11 Trustee") in the pending bankruptcy case of Ho Wan Kwok, Case No. 22-50073 (the "Kwok Case"), (d) all parties appearing in this Chapter 11 Case, (e) creditors as set forth on the List of Creditors in the Genever Holdings Corporation ("Genever BVI") bankruptcy proceedings, Case No. 22-50542 ("Genever BVI Case"), and (f) the following potentially interested or adverse parties: (i) Golden Spring (New York) Ltd; (ii) Hing Ch Ngok; (iii) Qiang Guo; (iv) Mei Gui; (v) HK International Funds Investments (USA) Limited, LLC; (vi) Bravo Luck Limited; (vii) Lamp Capital LLC; (viii) The Sherry-Netherland, Inc.; (ix) Goldberg Weprin Finkel Goldstein LLP; (x) Honorable Melanie L. Cyganowski; and (xi) Sotheby's International Realty ((a) through (f), the "Potentially Interested

3

Parties").

10. NPM has no relationship or connection with the Potentially Interested Parties, or, to the best of my knowledge, with any other creditor of the Debtor, except that (i) NPM is serving as local counsel for the Chapter 11 Trustee in the Kwok Case; prior to its retention by the Chapter 11 Trustee, NPM had not provided any legal services to Mr. Despins; (ii) NPM is serving as counsel for Genever BVI in the Genever BVI Case; and (iii) one of NPM's attorneys, Mark I. Fishman ("Mr. Fishman"), was contacted in or around March and April 2022 by counsel for Rui Ma and Weican Meng and by counsel for Rong Zhang, Xiodan Wang, and Chong Shen Rap, and I, was contacted in or around June 2022 by a candidate for the chapter 11 trustee position in the Kwok Case (whose appointment was not approved by the Court) (the foregoing, collectively, the "Consulted Persons") to discuss potential engagements to represent the Consulted Persons with respect to the Kwok Case, *provided however*, that the Consulted Persons never retained or engaged NPM, NPM did not represent the Consulted Persons or charge them fees, the Consulted Persons never paid NPM fees, and I am not aware of NPM having received any information that would interfere with its representation of the Debtor (including, were such to occur, in a capacity adverse to the Consulted Persons). See Conn. R.P.C. 1.18. To date and currently, Mr. Fishman is not one of NPM's attorneys providing services to the Chapter 11 Trustee. In addition, Patrick R. Linsey was previously an attorney at Zeisler & Zeisler, P.C. ("Z&Z"), which firm is counsel to certain parties-in-interest in the Kwok Case, including, as of July 14, 2022, the Debtor. Mr. Linsey has not worked at Z&Z since March 2020. Mr. Linsey is not aware that the Debtor or any parties-in-interest were clients of Z&Z when he was an attorney at the firm, and he never worked on any matters for or, to the best of his knowledge, relating to, Mr. Kwok or any parties-in-interest in the Kwok Case, while employed at Z&Z.

4

11. While NPM has made a diligent effort to ascertain the identity of any connections or potential conflicts with interested parties, to the extent that any additional information comes to light, NPM will review, disclose, and resolve any conflict or adverse interests that may appear.

12. Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) NPM has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or its respective attorneys or accountants; and (b) neither NPM nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, I believe that NPM is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

13. NPM will apply to the Court for compensation under Bankruptcy Code §§ 330 and 331, Rules 2014 and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules.

14. NPM does not believe that Appendix B of the U.S. Trustee Guidelines (the "Larger Case Guidelines") applies in this Chapter 11 Case, because the Debtor's petition does not list $50 million or more in assets and $50 million or more in liabilities. In particular, the Debtor estimated the value of his assets between $10,000,001 and $50 million. Nevertheless, NPM intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Larger Case Guidelines in connection with the interim and final fee applications to be filed by NPM in the Chapter 11 Case, but reserves all rights as to their relevance

and substantive legal effect in connection with the Application or any application for compensation in the Chapter 11 Case.

15. In the interest of providing maximum disclosure, and notwithstanding NPM's position concerning the inapplicability of the Larger Case Guidelines, NPM provides the following response to the request for information set forth in Paragraph D.1. of the Larger Case Guidelines:

> Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
> Answer: No. That said, as discussed in the Application, as a practical matter, NPM will only be compensated if and to the extent that there are assets in the Debtor's estate.
>
> Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
> Answer: No.
>
> Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
> Answer: N/A. NPM has not previously represented the Debtor.
>
> Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?
> Answer: The Debtor and NPM are discussing staffing and a budget for this Chapter 11 Case for the period from October 11, 2022 through December 31, 2022.

16. NPM has neither shared nor agreed to share with any other person compensation received in these cases, except as is permitted by §504(b)(1) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: November 22, 2022, at New Haven, Connecticut

                                                             /s/Douglas S. Skalka
                                                             Douglas S. Skalka

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                            :    CHAPTER 11
:
HO WAN KWOK, *et al.*,[1]           :    CASE NO. 22-50073 (JAM)
:
Debtors.              :    Jointly Administered
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 23, 2022 the foregoing Application was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: November 23, 2022            LUC A. DESPINS,
New Haven, Connecticut              CHAPTER 11 TRUSTEE

By:    /s/Douglas S. Skalka
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com
plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).