**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: <br><br> HO WAN KWOK *et al.*, <br><br> Debtor. | Chapter 11 <br><br> Case No: 22-50073 (JAM) <br><br> Jointly Administered |
| HO WAN KWOK, <br><br> Movant, <br><br> v. <br><br> LUC A. DESPINS, <br> CHAPTER 11 TRUSTEE <br><br> Respondent. | |

**REPLY IN FURTHER SUPPORT OF MOTION FOR PROTECTIVE ORDER**

The individual debtor, Ho Wan Kwok (the "Debtor"), through his undersigned counsel, hereby submits his reply in further support of his Motion for Protective Order (Doc. No. 1063) (the "Motion") seeking to preclude the disclosure of the Asylum Application[1] to the Trustee. The Chapter 11 Trustee's Response in Opposition to the Motion (Doc. No. 1105) (the "Objection") conspicuously ignores the clear language of the Consent Order and federal regulation. Therefore, the Motion should be granted. In further support of the Motion, the Debtor respectfully states as follows:

**I.   The Trustee Ignores the Clear Language of the Consent Order**

1.   Unsurprisingly, given his predilection for *ad hominem* attacks, the Trustee begins

---

[1] Capitalized terms herein shall have the same meaning as in the Motion, unless otherwise indicated.

the Objection by making a thinly-veiled accusation that the Debtor has not been forthright with the Court. (Objection, ¶ 2.) However, it is the Trustee who ignores the clear language of the Consent Order. The Trustee relies upon Paragraph 2 of the Consent Order to argue that the Debtor cannot claim any privilege as to the Asylum Application. However, the Trustee conveniently reads Paragraph 2 in isolation and ignores the Consent Order's language that applies specifically to the Asylum Application.

2. Paragraph 2 of the Consent Order identifies certain privileges that belonged to the Debtor and transferred to the Trustee (defined in the Consent Order as "Trustee Privileges"). Paragraph 2 limits Trustee privileges to "attorney-client privileges[s] or work product protection[s] that could otherwise be asserted by the Debtor . . . concerning [Investigation Topics]" (as defined in the Consent Order).

3. By contrast, Paragraph 4 of the Consent Order specifically (i) applies to the Debtor's Asylum Application; (ii) extends to all privileges (not just the attorney-client and work product privileges) and (iii) acknowledges that the substance of the Debtor's Asylum Application is not an Investigation Topic. Paragraph 4 provides:

> Nothing herein shall prevent the Debtor from asserting **any and all privileges concerning legal matters unrelated to the Investigation Topics, such as** unrelated criminal allegations or **the Debtor's asylum application** (other than documents related to the litigation styled as *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.) [(the "Clark Hill Action")] that relate to the merits of the legal malpractice action, **as distinguished from the merits of the Debtor's asylum application**, subject to the balancing test incorporated herein, **which does not relate to the substance of the asylum application**).

(Consent Order, ¶ 4.) (emphasis added). Thus, Paragraph 4 of the Consent Order makes clear that the Debtor retains his rights to assert any and all privileges related to the merits of the Asylum Application.

4. Although the completed version of the Asylum Application was not technically protected by the attorney-client privilege once it was submitted to the government for consideration, the Asylum Application is, nonetheless, protected from disclosure by federal law, and specifically, 8 C.F.R. § 208.6(a). Therefore, it is privileged from disclosure. Because only the attorney client and work product privileges transferred to the Trustee under the Consent Order, and only with respect to Investigation Topics (and even then, only when the personal harm to the Debtor from disclosure did not outweigh the Trustee's interest in obtaining the document or information)—and the Debtor retained all other privileges, including privileges that concern the substance of the Asylum Application—the Consent Order precludes disclosure of the Asylum Application to the Trustee.[2]

## II. The Substance of the Asylum Application Is Not at Issue in the Malpractice Action

5. The substance of the entire Asylum Application is not at issue in the action captioned *Guo Wengui v. Clark Hill, PLC*, Case No. 19-cv-03195 (D. D.C.) (the "Malpractice Action"). Rather, the primary issue is whether Clark Hill, PLC ("Clark Hill") committed malpractice, breached its fiduciary duties, and/or breached its contract for legal representation by failing to maintain adequate security to protect the Asylum Application from being publicly leaked by a data breach. Moreover, to the extent the Malpractice Action concerns damages, *i.e.,* the emotional distress that the Debtor suffered from disclosure of certain portions of his Asylum Application into the public sphere, the Trustee presumably can obtain that information from the public sphere. Regardless, and more importantly, the Trustee's interest in obtaining the Asylum

---

[2] In his Objection to the Motion, the Trustee cites and attaches emails in which the Debtor's undersigned counsel stated that the Asylum Application is not privileged. (*E.g.*, Objection, ¶ 34.) However, that statement implicitly referred only to the attorney-client privilege, and was made before the undersigned, who is not an immigration attorney, had spoken with immigration counsel and was not aware of 8 C.F.R. § 208.6(a).

Application, whatever it may be, certainly does not trump the federal protections that preclude disclosure of asylum applications to third-parties or the substantial personal harm that the Debtor will suffer from additional disclosure of his Asylum Application. *See Consent Order,* ¶ 7 (requiring a balancing test weighing personal harm to the Debtor against the Trustee's interest in obtaining privileged information).

6. Moreover, after the Trustee's counsel acknowledged that the Subpoena, among other subpoenas, "could be read to include . . . [the Debtor's] asylum application", he "[made] clear on the record that [the Trustee was] not seeking to get that type of information and we'll limit that request accordingly." (Tr. 8/30/22, at 110: 20-111:2 (Bassett, N.).)

7. Finally, neither Clark Hill's data breach nor Clark Hill's more limited disclosures under seal in the Malpractice Action constitute a waiver of the Debtor's privilege or rights as to the Asylum Application. 8 C.F.R. § 208.6(a) ("Information contained in or pertaining to any application for . . . asylum . . . shall not be disclosed **without the written consent of the applicant**, except as permitted by this section or at the discretion of the Secretary [of the Department of Homeland Security.").[3]

### III. <u>8 C.F.R. § 208.6(a) Is Not Limited to the Government</u>

8. Nothing within the text of 8 C.F.R. § 208.6(a) limits its application so as to only preclude disclosure of an asylum application by government actors. Rather, *only certain exceptions* to the general prohibition against disclosure of an asylum application in 8 C.F.R. § 208.6(a) apply only to government actors. *E.g.*, 8 C.F.R. § 208.6(c) ("**This section shall not apply to any disclosure to: (1) Any United States Government official** or contractor having a need

---

[3] 8 C.F.R § 208.6 and § 1208.6 are substantively identical, except that § 208.6 authorizes the Secretary of Homeland Security to authorize disclosure of an asylum application and § 1208.6 authorizes the Attorney General to authorize disclosure.

**to examine information in connection with**. . . .") (emphasis added). Clearly, the Department of Homeland Security demonstrated that it knows how to limit a regulation's application to government actors—and it chose not to do so in 8 C.F.R. § 208.6.

9. Further evidencing the intent of 8 C.F.R. § 208.6, the "Federal Regulation Protecting the Confidentiality of Asylum Applicants Synopsis" (the "Synopsis"), which is attached hereto as Exhibit A, expressly states that third parties who receive an asylum application are bound by the confidentiality regulations. *See Synopsis, Frequently Asked Question 2*, at p. 3 ("In general, asylum-related information must not be shared with third parties without the asylum applicant's written consent or the Secretary of Homeland Security's specific authorization."); *Frequently Asked Question 7*, at p. 4 (Q: If asylum-related information is properly disclosed to a third party pursuant to the regulation, what is the third party's obligation with respect to confidentiality? A: *As the new custodian of the asylum-related information, the third-party recipient is bound by the confidentiality regulation under 8 CFR 208.6.*") (emphasis added).

10. The Trustee relies upon a single case for the proposition that 8 C.F.R. § 208.6 applies only to government actors, *Al Otro Lado v. Mayorkas*, No. 3:17-cv-02366-BAS-KSC, 2021 U.S. Dist. LEXIS 68380, at *22 (S.D. Cal. Apr. 7, 2021). However, that case, which is not controlling, is not persuasive in light of the foregoing. In *Al Otro Lado*, the parties did not dispute that the regulation applied only to government actors, and the Court accepted their agreement without analysis. Here, the issue is disputed, and the Court should resolve the issue by looking to the clear language of 8 C.F.R. § 208.6 and the *Synopsis* attached hereto.

11. **WHEREFORE,** the Debtor respectfully requests that the Court grant the Motion and enter an order precluding the disclosure of the Asylum Application to the Trustee.

Dated at Bridgeport, Connecticut on this 29th day of November, 2022.

        **THE DEBTOR,**
        **HO WAN KWOK**

        */s/ Aaron A. Romney*
        Aaron A. Romney (ct28144)
        John L. Cesaroni (ct29309)
        10 Middle Street, 15th Floor
        Bridgeport, Connecticut 06604
        Telephone: (203) 368-4234
        Facsimile: (203) 368-5487
        Email: aromney@zeislaw.com
               jcesaroni@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK *et al.*, | Case No: 22-50073 (JAM) |
| Debtor. | Jointly Administered |
| HO WAN KWOK, | |
| Movant, | |
| v. | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE | |
| Respondent. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2022, copies of foregoing Reply in Further Support of Motion for Protective Order was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        **THE DEBTOR,**
                                        **HO WAN KWOK**

                                        */s/ Aaron A. Romney*
                                        Aaron A. Romney (ct28144)
                                        10 Middle Street, 15th Floor
                                        Bridgeport, Connecticut 06604
                                        Telephone: (203) 368-4234
                                        Facsimile: (203) 368-5487
                                        Email: aromney@zeislaw.com