UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
In re:                                              :   CHAPTER 11
                                                    :
                                                    :   CASE NO. 22-50073 (JAM)
HO WAN KWOK, *et al.*,[1]                            :
                                                    :   Jointly Administered
         Debtors.                                   :
------------------------------------------------------x   RE: ECF NO. 1154

**ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF NEUBERT, PEPE, & MONTEITH, P.C., AS DEBTOR'S CO-COUNSEL**

Upon the Application of Genever Holdings LLC (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Neubert, Pepe & Monteith, P.C. ("NPM") as co-counsel to the Debtor, effective as of November 7, 2022 (the "Application"), and upon the Declaration of Douglas S. Skalka (the "Skalka Declaration"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Skalka Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Skalka Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) NPM is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) NPM does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ NPM as its attorneys effective as of November 7, 2022 on the terms set forth in the Application and the Skalka Declaration.

3. NPM is authorized to act as Debtor's counsel and to perform those services described in the Application. Specifically, but without limitation, NPM is authorized to render the following legal services, as Debtor's counsel:

    a. advising the Debtor as to its rights, powers, and duties in the Chapter 11 Case;

  b. advising the Debtor as to its investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

  c. commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

  d. preparing on behalf of the Debtor necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

  e. advising the Debtor concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

  f. advising and assisting the Debtor in connection with any potential asset sales and property dispositions;

  g. advising the Debtor concerning executory contract and unexpired lease assumptions, assignments, and rejections;

  h. advising the Debtor in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

  i. assisting the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

  j. negotiating with parties in interest.

4. The Debtor's estate shall be responsible for NPM's compensation and reimbursement of expenses in the Chapter 11 Case.

5. The allowance of any compensation to be paid to NPM shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6. NPM shall provide no less than ten business days' notice to the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

7. The Debtor and NPM are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9. To the extent the Application and the Skalka Declaration are inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 30th day of November, 2022.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut