UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,                                 :    Case No. 22-50073 (JAM)
                                                       :
                    Debtors.[1]                        :    Jointly Administered
                                                       :
-------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT
TO BANKRUPTCY CODE  SECTIONS 327, 328, AND 330, BANKRUPTCY RULES
2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1,
AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL
WRIGHT AS BARRISTER IN UNITED KINGDOM**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee")

appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure

(the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of

Connecticut (the "Court"), respectfully requests (the "Application") that the Court authorize his

employment of Paul Wright as barrister in the United Kingdom.  In support of this Application,

the Chapter 11 Trustee states the following:

**RELIEF REQUESTED**

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
mailing address for the Trustee, Genever Holdings LLC, the Genever HGoldings Corporation is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
(solely for purposes of notices and communications).

1.      By this Application, the Chapter 11 Trustee seeks entry of an order, substantially in the form of the proposed order filed herewith (the "Proposed Order"), authorizing and approving the retention and employment of Paul Wright ("Mr. Wright") as the Chapter 11 Trustee's barrister in the United Kingdom, effective as of November 1, 2022.

2.      In support of this Application, the Chapter 11 Trustee submits the *Declaration of Paul Wright in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Paul Wright as Barrister* (the "Wright Declaration"), attached as **Exhibit A**, which is incorporated herein by reference.

## JURISDICTION, VENUE, AND STATUTORY BASES

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

6.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Chapter 11 Trustee [Docket No. 514].

9.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case [Docket No. 523].

## PAUL WRIGHT'S QUALIFICATIONS

10.     Paul Wright is a self-employed barrister and a member of 9 Stone Buildings Barristers' Chambers, Lincoln's Inn, London WC2A 3NN, United Kingdom.  Mr. Wright received his undergraduate degree in law (LLB) from the University of Warwick in 2012, completed his Bar Professional Training Course in 2014, and was called to the bar in August of that year.  Prior to undertaking pupillage, Mr. Wright worked in the restructuring and insolvency department of Freshfields Bruckhaus Deringer LLP between September 2014 and December 2016.  Between December 2016 and September 2017, Mr Wright worked in the legal department of a shipping company, Navig8 Ltd. He successfully undertook pupillage at 9 Stone Buildings between October 2017 and September 2018, before joining 9 Stone Buildings as a member in October 2018. During his first year of practice, Mr Wright was seconded to the restructuring and insolvency team at Fieldfisher LLP in London and since has developed a broad commercial and chancery practice, with a particular focus on insolvency matters.

11.     The Chapter 11 Trustee selected Mr. Wright as his barrister based on Mr. Wright's familiarity with insolvency matters as well as the fact that the Chapter 11 Trustee required the services of a barrister in connection with the hearing on the Chapter 11 Trustee's request for

recognition in the United Kingdom as well as with respect to potential future hearings. Representation by a barrister is required in such hearings in the United Kingdom.

## THE ANTICIPATED SERVICES

12.     The Chapter 11 Trustee anticipates that Mr. Wright will represent him in court hearings in the United Kingdom.   Due to the highly specialized nature of a barrister's role, there will be no unnecessary duplication of services or related issues arising from Mr. Wright's retention.

## COMPENSATION OF MR. WRIGHT

13.     Mr. Wright will not seek payment from the chapter 11 estate directly, but will seek payment from Paul Hastings; however, Mr. Wright understands that, as a matter of U.S. bankruptcy law, this arrangement may be viewed as if he were charging the chapter 11 estate for his legal services because Paul Hastings will seek reimbursement of such expenses from the estate. Accordingly, Mr. Wright will file an application for compensation of professional services rendered and for reimbursement of expenses incurred with respect to recognition of the Chapter 11 Case as a foreign main proceeding in the United Kingdom, and related matters (the "Engagement") pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case.

14.     In this matter, Mr. Wright's fee is charged as a fixed sum agreed on an ad hoc basis for the particular scope of work in respect of which my services are required, which amount corresponds to £3,000 for services in connection with the hearing on the recognition of the Chapter 11 Trustee in the United Kingdom.  By comparison, were Mr. Wright to be charging an hourly rate, it (in sterling) would be £200.

15.     Mr. Wright may also bill for any out-of-pocket expenses made on behalf of the Chapter 11 Trustee, including photocopying, filing fees and international couriers.

## MR WRIGHT IS DISINTERESTED

16.     To the best of the Chapter 11 Trustee's knowledge in reliance upon the Wright Declaration, and except as disclosed therein, Mr. Wright does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

17.     More specifically, upon such basis, the Chapter 11 Trustee believes that: (a) Mr. Wright has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) Mr. Wright (i) is not a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) has not had any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Chapter 11 Trustee believes that Mr. Wright is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

18.     Based on the Wright Declaration, the Chapter 11 Trustee believes that Mr. Wright does not represent any adverse interest to unsecured creditors in connection with the Chapter 11 Case.

**BASIS FOR THE RELIEF REQUESTED,**
**NOTICE, AND NO PRIOR REQUEST FOR RELIEF REQUESTED HEREBY**

19.　　The Chapter 11 Trustee requests to retain and employ Mr. Wright as his barrister in the United Kingdom pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

20.　　Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

21.　　Bankruptcy Rule 2014(a) provides that an application for retention include:

specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

22.　　The Chapter 11 Trustee requires the services of a barrister in the United Kingdom to exercise his responsibilities.  Mr. Wright will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

23.　　Accordingly, the employment of Mr. Wright as the Chapter 11 Trustee's barrister, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

24.　　The Chapter 11 Trustee submits that Mr. Wright's rates are reasonable, comparable to rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

25.     Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise."  Accordingly, the Chapter 11 Trustee requests authority to retain and employ Mr. Wright effective November 1, 2022, which was the date that Mr. Wright began providing services to the Chapter 11 Trustee.

26.     Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

27.     No previous application for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Chapter 11 Trustee's employment of Mr. Wright as barrister, and order such other and further relief as the Court deems just and proper.

Dated:   December 1, 2022                    Chapter 11 Trustee in Chapter 11 Case of Ho Wan
                                             Kwok

                                             */s/ Luc A. Despins*
                                             Luc A. Despins