## **Exhibit A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                            :  Chapter 11
:
HO WAN KWOK, *et al.*,                            :  Case No. 22-50073 (JAM)
:
Debtors.[1]                                   :  Jointly Administered
:
------------------------------------------------------x

## DECLARATION OF PAUL WRIGHT
## IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE
## FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
## SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
## BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING
## RETENTION AND EMPLOYMENT OF PAUL WRIGHT AS BARRISTER

I, Paul Wright, being duly sworn, do depose and say:

1. I am a self-employed barrister and a member of 9 Stone Buildings Barristers' Chambers, Lincoln's Inn, London WC2A 3NN, United Kingdom, and I make this declaration in support of the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Paul Wright as Barrister in United Kingdom*, with respect to recognition of the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor") as a foreign main proceeding in the United Kingdom, and related matters (the "Engagement").

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2.  In England and Wales, there are generally two types of lawyers, solicitors and barristers. Barristers are specialist court room advocates who have rights of audience in all of the higher courts of England and Wales. The majority of barristers are self-employed professionals who typically become members of a set of "chambers" where they share and pay for clerking and infrastructure facilities alongside other barristers with a similar practice.[2] While a senior barrister may collaborate with one or more junior barristers to form an advocacy team for larger cases, members of chambers generally operate as sole traders.

3.  One of the key distinctions between barristers and solicitors is that a solicitor is generally instructed directly by an individual or company to act on their behalf. Solicitors typically operate in partnerships or limited liability partnerships. From time to time, a firm of solicitors acting on behalf of a person may instruct a barrister to give specialist assistance (preparing advice or documents for use in litigation) or to appear on behalf of their clients in court.

4.  As such, barristers are said to have two "clients," the solicitor by whom they are instructed (their "professional client") and the lay person on whose behalf they are instructed to act (their "lay client"). In relation to the Engagement, my professional client is Paul Hastings and my lay client is Luc A. Despins in his capacity as the Chapter 11 Trustee.

5.  Barristers are regulated by the Bar Standards Board, a body which produces the BSB Handbook which contains a code of conduct with which all barristers must comply. The BSB Handbook makes it clear that barristers have "a duty to act in the best interests of each client . . . , to provide a competent standard of work and service to each client . . . and to keep the affairs of each client confidential." Such duties owed to the "client" are owed to the "lay client, not to [the] professional client or other intermediary (if any)." Such duties are subject only to a barrister's duty

---

[2] A barrister's clerk is responsible for managing the practice of all members of chambers. The clerks are paid a monthly fee by each individual barrister as a percentage of their earnings.

2

to the court and their obligations to act with honesty, and with integrity and to maintain their independence.

6.      In England and Wales, barristers generally enter into a contract for their services with their professional client, and it is the professional client who is liable to pay barrister's fees. The professional client will, in turn, take steps to recover a barrister's fees from the lay client as a reimbursed expense. As such, in relation to the Engagement, I will seek to recover my fee from Paul Hastings which will seek reimbursement of that amount from the chapter 11 estate. Notwithstanding the foregoing, as further detailed below, I will file a fee application in the Chapter 11 Case.

7.      To become a barrister a person usually has to complete an undergraduate degree, followed by an academic bar vocational course. Upon the successful completion of the bar vocational course together with other regulatory requirements, students are formally "called to the Bar" and then become barristers. However, to provide legal services, a barrister must complete a further period of "pupillage."[3]

8.      I received my undergraduate degree in law (LLB) from the University of Warwick in 2012, completed my Bar Professional Training Course in 2014, and was called to the Bar in August of that year. Prior to undertaking pupillage, I worked in the restructuring and insolvency department of Freshfields Bruckhaus Deringer LLP between September 2014 and December 2016. Between December 2016 and September 2017, I worked in the legal department of a shipping company, Navig8 Ltd. I successfully undertook pupillage at 9 Stone Buildings between October 2017 and September 2018, before joining 9 Stone Buildings as a member in October 2018. During my first year of practice, I was seconded to the restructuring and insolvency team at Fieldfisher

---

[3] Pupillage is typically a period of twelve months during which a pupil barrister shadows a number of practicing barristers (known as pupil supervisors) and completes certain regulatory professional requirements.

LLP in London and since have developed a broad commercial and chancery practice, with a particular focus on insolvency matters.

9. As noted out above, I will not seek payment from the chapter 11 estate directly, but will seek payment from Paul Hastings; however, I understand that, as a matter of U.S. bankruptcy law, this arrangement may be viewed as if I were charging the chapter 11 estate for my legal services because Paul Hastings will seek reimbursement of such expenses from the estate. Accordingly, I will file an application for compensation of professional services rendered and for reimbursement of expenses incurred in connection with the Engagement pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case.

10. In this matter, my fee is charged as a fixed sum agreed on an ad hoc basis for the particular scope of work in respect of which my services are required, which amount corresponds to £3,000 for services in connection with the hearing on the recognition of the Chapter 11 Case in the United Kingdom. I confirm that the fixed-fee charged in relation to this matter accords with a typical fee that I would charge in connection with the Engagement.

11. For comparison, were I to be charging for time spent basis, my hourly rate (in sterling) would be £200.

12. I may also bill Paul Hastings for any out-of-pocket expenses made on behalf of the Chapter 11 Trustee, including photocopying, filing fees and international couriers.

13. To the best of my knowledge and belief after due inquiry, I have no connection with the Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee as have been identified to me by Paul Hastings.

14. I attach to this Declaration, as Schedule 1, a consolidated list of parties in interest in connection with the Chapter 11 Case that has been produced by Paul Hastings and provided to me before signing this Declaration that I am informed includes:

   a. parties listed as creditors, executory contract counterparties, and co-debtors on the Debtor's Schedules D, F, G, and H [Docket No. 78];

   b. parties listed on the Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the Chapter 11 Case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Debtor (SOFA Part 11, Question 27).

   c. parties and counsel filing notice of appearances in the Chapter 11 Case;

   d. the Court and personnel of the office of the United States Trustee; and

   e. other parties in interest that I have become aware of as a result of the Chapter 11 Trustee's ongoing investigation of the Debtor's assets.

15. I maintain records of my current and former clients and, with respect to any engagement, adverse persons. Before signing this Declaration, I have checked against such records all of the names listed on Schedule 1 (collectively, the "Interested Parties").

16. To the best of my knowledge and belief, I have no relationship or connection with the Interested Parties or with any other creditor of the Debtor, except that I am currently instructed by a different client in respect of an unrelated matter where the adverse party is Barclays Bank PLC.

17. While I have made a diligent effort to ascertain the identity of any connections or potential conflicts with the Interested Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

18. Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) I have no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) (i) I am not a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) I have not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) I have no interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, I understand from my discussions with Paul Hastings that this means I am a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

19. I further understand from such discussions that Appendix B of the U.S. Trustee Guidelines (the "Larger Case Guidelines") does not apply in this Chapter 11 Case, because the Debtor's petition does not list $50 million or more in assets and $50 million or more in liabilities. In particular, I am informed that the Debtor estimated the value of his assets between $50,001 and $100,000. Nevertheless, I intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Larger Case Guidelines in connection with the interim and final fee applications to be filed in the Chapter 11 Case (insofar as is consistent with the duties which I owe to the court, and to my professional and lay clients),

but reserve all rights as to their relevance and substantive legal effect in connection with the Application or any application for compensation in the Chapter 11 Case.

20. In the interest of providing maximum disclosure, and notwithstanding my position concerning the inapplicability of the Larger Case Guidelines, I provide the following response to the request for information set forth in Paragraph D.1. of the Larger Case Guidelines:

> Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
> Answer: No.
>
> Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
> Answer: No. I am the only professional engaged in relation to the present application and I do not change my rate based upon the geographic location of the bankruptcy case.
>
> Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
> Answer: N/A. I have not previously represented the Chapter 11 Trustee.
>
> Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?
>
> Answer: My fee has been agreed with Paul Hastings. I understand that the Chapter 11 Trustee has also agreed to my fee. I have also agreed that I am willing to separately agree with respect to budgets for particular pieces of work. As I am the only professional engaged in relation to the present application, no agreement is necessary in relation to staffing.

21. Other than as referred to above in relation to the payment of clerking costs, I have neither shared nor agreed to share with any other person compensation received in connection with the Engagement, except as is permitted by §504(b)(1) of the Bankruptcy Code.

22. I consent that the following language may be included in any order by the Court approving the Chapter 11 Trustee's application in connection with my instruction in connection with the Engagement.

> Allowance of any compensation for Paul Wright shall be limited to the extent of services actually performed, and expenses actually incurred, as barrister instructed to act on behalf of for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: December 1, 2022, at London, United Kingdom

Paul Wright

# **SCHEDULE 1**

## SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK

**20 LARGEST UNSECURED CREDITORS**

PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES**

HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL**

HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**

7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
AI GROUP HOLDINGS INC.,
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AN HONG
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANTON DEVELOPMENT LIMITED
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BERKELEY ROWE
BERNARDO ENRIQUEZ
BNY MELLON, N.A.
BOIES SCHILLER
BOXUN INC.
BRANCH
BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAPITAL ONE BANK
CHAO-CHIH CHIU
CHASE BANK
CHENGLONG WANG
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG KONG) LIMITED
CHONG SHEN RAPHANELLA
CHUANG XIN LTD.
CITIBANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER LLP

COHN BIRNBAUM & SHEA P.C.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAWN STATE LIMITED
DONGNA FANG
DWF LLP
EASTERN PROFIT CORPORATION LIMITED
EDUARDO EURNEKIAN
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMPIRE GROWTH HOLDINGS
ERIC GOLDSMITH MD, LLC
FAN BINGBING
FIONA YU
FIRST ABU DHABI BANK
FORBES HARE
FREEDOM MEDIA VENTURE LTD
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
GETTR USA
GFASHION MEDIA GROUP INC.,
GFNY, INC
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GPOSTS LLC
GREENWICH LAND LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUY PETRILLO
HAIHONG WANG
HAMILTON CAPITAL HOLDINGS INC
HAN CHUNGUANG
HAO HAIDONG

HARCUS PARKER LTD.
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERO GRAND LIMITED
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HING CH NGOK
HONG KONG INTERNATIONAL FUNDS INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG ZENG
HSBC
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
JACK S. LIPSON
JANOVER LLC
JASON MILLER
JENNIFER MERCURIO
JESSE BROWN
JIA LI WANG
JIA YANG LI
JIAMEI LU
JIAN FAN
JIANG SU PROVINCE JIAN GONG GROUP LTD BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANSHENGXIE AND JIEFU ZHENG
JING GENG
JOHN S LAU
JONATHAN YOUNG
JUMBO CENTURY LIMITED
JUN LIU
JUNE SHI
KAIXIN HONG
KARIN MAISTRELLO,
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KUI CHENG

LALIVE SA
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAWALL & MITCHELL, LLC
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE VARTAN
LIEHONG ZHUANG
LIHONG WEI LAFRENZ (AKA SARA WEI)
LINDA HE CHEUNG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
MACDONALD
MAR-A-LAGO
MAUNAKAI CAPITAL
MAX KRASNER
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
MELISSA MENDEZ
MILES GUO
MILES GWOK
MOA-FU
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
NOVELTY HILL LTD.
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OGIER
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PAUL WEISS
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PULLMAN & COMLEY, LLC
QIQHUA FAN
QU GUOJIAO
QUIJU JIA
RANDAZZA LEGAL GROUP, PLLC
ROBINSON & COLE LLP
RONG ZHANG
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP, INC.,
SCHULMAN BHATTACHARYA, LLC
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK

SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN ZHUANG GONG CHENG LTD BEJING FIRST
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHUANG WANG
SPIRIT CHARTER INVESTMENT LIMITED
STANDARD CHARTERED BANK
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STRATEGIC VISION LLC
TELI CHEN
THE CASPER FIRM
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THOMAS RAGLAND
THREE TREASURE LLC
TM PRIMROSE LIMITED
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
U.S. LEGAL SUPPORT, INC.
UBS AG (LONDON BRANCH)
UBS AG (LONDON)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
US HIMALAYA LTD.
VERDOLINO & LOWEY
VERITEXT
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WARD & BERRY, PLLC
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIXIANG GE
WELL ORIGIN LTD.
WEN LIN
WENG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS LIMITED
WU ZHENG
XIAO YAN ZHU
XIAODAN WANG
XINGYU YAN
XIQUI ("BOB") FU
YA LI
YACHTZOO SARL

YAN GAO
YAN HUANG
YANG LAN
YANKWITT LLP
YANPING WANG
YAZ QINGUA
YELIANG XIA
YI LI
YING LIU
YUE HUA ZHU SHI
YUNXIA WU
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG WU (A/K/A BRUNO WA)
ZHENGJUN DONG
ZIBA LIMITED