UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*,[1] | ) ) | (Jointly Administered) |
| Debtors. | ) ) | Re: ECF No. 1116 |

**ORDER GRANTING CHAPTER 11 TRUSTEE'S SECOND SUPPLEMENTAL OMNIBUS MOTION FOR 2004 EXAMINATION**

On November 18, 2022, Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") of the estate (the "Estate") of Ho Wan Kwok (the "Debtor"), filed his Second Supplemental Omnibus Motion for 2004 Examination, ECF No. 1116 (the "Motion). On November 22, 2022, Mei Guo and HK International Funds Investment (USA) Ltd., LLC ("HK (USA)," and together with Ms. Guo, the "Objectors") filed their Joint Limited Objection, ECF No. 1149 (the "Objection"), relating only to the requests to examine Apsley Yachts Ltd. and DWF LLP. On November 30, 2022, a hearing was held on the Motion and Objection.

Upon consideration of the pleadings, the arguments advanced at the hearing, the facts and circumstances of this case, and the applicable law, the Court finds the pending proceeding doctrine is not a bar to the examinations of Apsley Yachts Ltd. and DWF LLP because they are not parties to the pending adversary *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel.*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

*Kwok*, Case No. 22-05003 (JAM) (Bankr. D. Conn. 2022). *Compare In re SunEdison*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) ("The Debtors are not parties to the State Court Action, and hence, the rule does not apply to them."); *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) ("The possibility that JPM may intervene in the DC Action is not a sufficient reason to deny the Debtors' Motion at this time. The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties.   JPM has not cited any authority for the proposition that a Rule 2004 examination of an entity is improper when a proceeding is pending in another venue against a third party and there is a 'substantial likelihood' that the examinee may intervene.")  (internal citations omitted); *In re Ecam Publications, Inc.*, 131 B.R. 556, 560–61 (Bankr. S.D.N.Y 1991) (allowing 2004 examination by trustee of parties, against whom the trustee had bought but not yet brought claims) *with In re Martelli*, Nos. 16-20983-PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (applying pending proceeding rule to non-parties to that proceeding because the material was sought by a party to the proceeding and was related to the proceeding); *In re Enron Corp.*, 281 B.R. 836, 838 (Bankr. S.D.N.Y. 2002) (applying pending proceeding rule to a non-party to that proceeding because "no party disputes that the automatic discovery stay of the [Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B)] applies to McKinsey."); *cf.  In re Cambridge Analytica, LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) (unclear who was the target of the 2004 examination); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (applying pending proceeding rule where discovery was sought by a party to the proceeding against a third-party defendant to that proceeding); *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) (applying pending

proceeding doctrine a party to the proceeding was seeking discovery against another party to that proceeding.) Therefore, it is hereby

ORDERED: The Objection is OVERRULED. The Motion is GRANTED; it is further

ORDERED: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign subpoenas in a form substantially similar to the Subpoenas attached to the Motion as Exhibits C-1 to C-53 and to serve the subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the examinees listed on Exhibit B to the Motion; it is further

ORDERED: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the examinees are hereby directed to produce all documents within 30 days of the service of the subpoena, or such other time as agreed upon by the Trustee. To the extent an examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee; and it is further

ORDERED: The examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or these Chapter 11 cases, are properly maintained, are available for production, inspection and copying, and are not destroyed; it is further

ORDERED: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any examinee listed on Exhibit B to the Motion by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Montheith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 2nd day of December, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut