UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re                          *   Case No. 22-50073 (JAM)
                               *
      HO WAN KWOK,             *   Bridgeport, Connecticut
                               *   November 17, 2022
            Debtor.           *
                               *
* * * * * * * * * * * * * * *  *

TRANSCRIPT OF MOTION FOR ENTRY OF ORDER HOLDING
DEBTOR IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH
CORPORATE GOVERNANCE RIGHTS ORDER
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:                ERIC A. HENZY, ESQ.
                               JAMES M. MORIARTY, ESQ.
                               Zeisler & Zeisler, P.C.
                               10 Middle Street, 15th Floor
                               Bridgeport, CT  06604

For the Creditor, Pacific      ANNECCA SMITH, ESQ.
 Alliance Asia Opportunity     Robinson & Cole
 Fund L.P.:                    280 Trumbull Street
                               Hartford, CT  06103

                               STUART SARNOFF, ESQ.
                               PETER FREIDMAN, ESQ.
                               O'Melveny & Myers LLP
                               Times Square Tower
                               7 Times Square
                               New York, NY  10036

For the Chapter 11             PATRICK R. LINSEY, ESQ.
 Trustee and Genever,          Neubert Pepe & Monteith, PC
 BVI and Genever U.S.:         195 Church Street, 13th Floor
                               New Haven, CT  06510

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

APPEARANCES: (Cont'd.)


For the Chapter 11 Trustee:   NICHOLAS A. BASSETT, ESQ.
                                    DOUGLAS E. BARRON, ESQ.
                                    Paul Hastings LLP
                                    200 Park Avenue
                                    New York, NY  10166


Chapter 11 Trustee:            LUC A. DESPINS, ESQ.
                                    Paul Hastings LLP
                                    200 Park Avenue
                                    New York, NY  10166


For the U.S. Trustee:         HOLLEY L. CLAIBORN, ESQ.
                                    Office of the United States
                                      Trustee
                                    The Giaimo Federal Building
                                    150 Court Street, Room 302
                                    New Haven, CT  06510


For the Creditors Committee:  IRVE J. GOLDMAN, ESQ.
                                    Pullman & Comley
                                    850 Main Street, 8th Floor
                                    Bridgeport, CT  06604


For Logan Cheng, Creditor:   JAY MARSHALL WOLMAN, ESQ.
                                    Randazza Legal Group, PLLC
                                    100 Pearl Street, 14th Floor
                                    Hartford, CT  06103

1          (Proceedings commenced at 12:17 p.m.)

2          THE COURTROOM DEPUTY:  Case no. 22-50073, Ho Wan

3    Kwok.

4          THE COURT:  Okay.  Good afternoon.  If we could

5    have appearances for the record, please, starting with the

6    Chapter 11 Trustee.

7          MR. DESPINS:  Good afternoon, Your Honor.  Luc

8    Despins with Paul Hastings, Chapter 11 Trustee.

9          THE COURT:  Good afternoon.

10         And counsel for the Chapter 11 Trustee?

11         MR. BASSETT:  Yes.  Hi, Your Honor.  It's

12   Nick Bassett --

13         THE COURT:  Mr. Bassett --

14         MR. BASSETT:  Sorry about that.  Nick Bassett,

15   Your Honor, from Paul Hastings on behalf of the Chapter 11

16   Trustee.

17         THE COURT:  Okay.  Good.  First of all, your

18   connection -- it corrected itself, which is good.  It

19   sounded odd at first, but I think you're okay, Mr. Bassett.

20         Mr. Barron?

21         MR. BARRON:  Hello, Your Honor.  This is Douglas

22   Barron, also of Paul Hastings, on behalf of the Chapter 11

23   Trustee.  Thank you.

24         THE COURT:  Good afternoon.

25         And counsel for -- local counsel for the Chapter

1    11 Trustee?

2                 MR. LINSEY:  Good morning, Your Honor.  Patrick

3    Linsey, Connecticut counsel for the trustee.

4                 THE COURT:  Good afternoon.

5                 And the Office of the United States Trustee?

6                 MS. CLAIBORN:  Good afternoon, Your Honor.  Holley

7    Claiborn for the U.S. Trustee.

8                 THE COURT:  And counsel for PAX?

9                 MR. SARNOFF:  Good afternoon, Your Honor.  It's

10   Stuart Sarnoff, O'Melveny & Myers, on behalf of PAX.  My

11   partner, Peter Freidman, is also with me.

12                THE COURT:  Good afternoon.

13                MS. SMITH:  Good afternoon, Your Honor.  Annecca

14   Smith,  Robinson & Cole, Connecticut counsel for PAX.

15                THE COURT:  Good afternoon.

16                And counsel for the Committee?

17                MR. GOLDMAN:  Good afternoon, Your Honor.  Irve

18   Goldman, Pullman & Comley, representing the Creditors

19   Committee.

20                THE COURT:  Good afternoon.

21                And counsel for the debtor?

22                MR. HENZY:  Eric Henzy, of Zeisler & Zeisler, for

23   the debtor.

24                MR. MORIARTY:  Good afternoon, Your Honor.  James

25   Moriarty, of Zeisler & Zeisler,also for the debtor, as well

1    as Mei Guo and HK USA to the extent the Court is going to

2    hear argument on the motion to compel today.

3              THE COURT:  I don't think the motion to compel is

4    on the calendar today.

5              MR. MORIARTY:  Then I --

6              THE COURT:  At least not that I'm aware of.

7              MR. MORIARTY:  Then I am just appearing for the

8    debtor, Your Honor.

9              THE COURT:  Okay.  Thank you.

10             Attorney Wolman?

11             MR. WOLMAN:  Good afternoon, Your Honor.  Jay

12   Wolman of -- of Randazza Legal Group for Creditor Logan

13   Cheng.

14             THE COURT:  Good afternoon.

15             I think that -- I think I have not missed anyone,

16   and everyone has noted their appearance for the record.  Is

17   that correct?

18             Okay.  Yesterday was a hearing on -- was going to

19   be an evidentiary hearing on the motion for contempt that

20   was filed by the Chapter 11 Trustee in addition to some

21   administrative hearings that were scheduled yesterday with

22   regard to the joint administrative of the estates -- of the

23   Connecticut estate with -- Connecticut estates with the New

24   York estate and the order regarding a bar date.

25             The night before the hearing, so Tuesday night,

1    the 15th, an order was -- a notice of proposed order

2    partially resolving the motion for contempt was filed by the

3    Chapter 11 Trustee.  And attached to that notice was an

4    order that was entitled Order Regarding Debtor's Beneficial

5    Ownership and Control of Ace Decade Holdings Limited and

6    Dawn State Limited.

7            And we had discussions about that order yesterday.

8    And as everyone noted, including the Court, on the record

9    that the Court really didn't have an opportunity to review

10   that order since it was filed, I believe -- and it's fine

11   that it was filed at 10:45 on Tuesday night.  That's not an

12   issue.  But the point is that the Court didn't have the

13   chance to truly review that order prior to the hearing.

14           Trustee Despins and Eric Henzy agreed -- Attorney

15   Henzy on behalf of the individual debtor, Mr. Kwok, agreed

16   that the order could enter and that the debtor was not going

17   to object to the order or appeal the order.

18           After the hearing, which we discussed many things

19   during the hearing yesterday, on the 16th, I went back and

20   looked at that order.  And I just have a few questions about

21   it and I think probably a few revisions to it that I think

22   are necessary in order for the record to be accurate and

23   complete.

24           MR. DESPINS:  Judge, I think there's a problem

25   with your line.  Or I think it's your line in the sense

1    you're coming in and out.

2              THE COURT:  You can't hear me?

3              MR. DESPINS:  Well, maybe -- let me check to see

4    if I'm the only one on the phone --

5              MR. HENZY:  I --

6              MR. DESPINS:  -- that's experiencing the problem.

7              MR. HENZY:  I'm not having any issue with hearing

8    you, Your Honor.

9              MR. DESPINS:  I guess I -- others are not moving.

10             UNIDENTIFIED SPEAKER:  I'm not having any problem

11   either.

12             MR. DESPINS:  The picture is frozen.

13             MR. HENZY:  I think it's you, Trustee Despins.

14             UNIDENTIFIED SPEAKER:  Yeah.  No problems here.

15             THE COURT:  I think, Trustee Despins, what

16   everybody is saying is that it must be your --

17             MR. BASSETT:  Your Honor, it's NickBassett from

18   Paul Hastings.  I'm actually in the same room as Trustee

19   Despins, and he is working on his device.  I think he

20   might -- may be having a connection issue.

21             THE COURT:  Okay.  Yeah.  And when you started

22   talking, Attorney Bassett, at the very beginning of the

23   hearing, you had -- you were having an issue being heard.

24   So I don't know if it has something to do with the

25   connection in your room.  But in any event, apparently,I am

1    being heard by everyone other than Trustee Despins.  So I'll

2    wait for a moment.  I'll wait for --

3           MR. BASSETT:  If it's okay with Your Honor, would

4    it be all right if Mr. Despins -- or Trustee Despins for the

5    moment just slid in next to me?

6           THE COURT:  I have no problem with that.

7           MR. BASSETT:  All right.  Great.

8           THE COURT:  I can see you both.  That's fine.  I

9    think everyone else can see you who's looking, who's

10   participating via Zoom.  So I think that's fine.

11          So what I was saying was, Trustee Despins, and I'm

12   sorry that you couldn't hear everything I said, was when I

13   went back and looked at the order, the proposed order that

14   was submitted, I just think it needs a few revisions in

15   order for it to be accurate for the record and us to proceed

16   with the hearing today.  First and foremost, I think it

17   really should -- instead of saying -- instead of -- I mean,

18   there's a -- there's two ways you can do it.

19          The order says Order Regarding Debtor's Beneficial

20   Ownership Interest and Control of Ace Decade Holdings and

21   Dawn State Limited.

22          I would think it would be more accurate to say, as

23   you said in your proposed -- in the notice that it's an

24   order partially resolving the motion for contempt.  And you

25   can then say order partially resolving motion for contempt

1    in connection with Ace State -- you know, Ace Decade.

2    However you want to say it.  But I think it needs to be

3    clear.

4            Because you're all asking me to order findings

5    that I've made that I haven't even made.  So I want to make

6    it very clear that this is a partial resolution of the

7    motion for contempt.  Okay?  Number one.

8            Number two, on page -- before you get to the order

9    paragraphs, there is a discussion about exhibits being

10   admitted into evidence.  And that hasn't happened yet.  And

11   so -- and it says that the debtor has no objection.  And

12   that's fine.  I -- again, I have no problem with any of

13   this.

14           But I want the record to be clear that the parties

15   are agreeing that the exhibits -- apparently Exhibits 7 and

16   10, which are the 341 meeting transcripts, Exhibit -- I

17   should say Trustee's Exhibits 7 and 10, Trustee's Exhibit 6,

18   which is the bill of particulars from the cause of -- the

19   action pending in London, and the Trustee's Exhibit 15,

20   which is an affidavit of the individual debtor, Mr. Kwok, in

21   an action in the New York State Court in the matter known as

22   *Ace Decade vs. UBS* -- I think you have -- I know you don't

23   want this to be a consent order, but it is.  It's a

24   stipulated order, at least with regard to paragraphs 1 and 2

25   and with regard to the evidence.  Okay?

1          With regard to paragraph 3 -- and this is why I

2    was asking the question yesterday.  And I said at one point

3    I think Attorney Henzy said it better than I did.

4          But I think the reality is this, your -- you --

5    and the order should reflect the reality, which is the

6    debtor and -- the individual debtor and the trustee have

7    partially resolved the motion for contempt with -- in

8    connection with paragraphs 1 and 2 as that relates to Ace

9    and Dawn.  Okay?  But they don't agree with regard to

10   paragraph 3 that -- on whether or not Mr. Kwok has fully

11   complied with the corporate governance order.  Okay?  Isn't

12   that -- that's accurate.

13          MR. HENZY:  Your Honor, I want to be clear that

14   the debtor is not objecting to the Court making a finding

15   that -- just what this paragraph 1 says.

16          THE COURT:  Right.

17          MR. HENZY:  But the debtor is not -- it -- that's

18   not -- it's stipulated the debtor is not objecting, but the

19   debtor is not stipulating to that finding.

20          THE COURT:  But you're stipulating that you're not

21   going to appeal.

22          MR. HENZY:  I'm stipulating I'm not going to

23   appeal.  So I'm stipulating that I'm not going to object to

24   that finding, and I'm stipulating I'm not going to appeal

25   that finding.

1          THE COURT:  Fine.  Great.  Then that's what you're

2     going to say in this order.  Because it doesn't say that

3     right now, because it's a little awkward in that I'm being

4     ordered to find -- make findings that I haven't even made

5     yet.  Okay?  So I want it to be clear that you -- and I

6     agree with -- Mr. Henzy, that's fine.  You can say exactly

7     what you just said.

8          MR. HENZY:  Okay.

9          THE COURT:  That the debtor is stipulating the --

10    the trustee and the debtor are stipulating that the debtor

11    is not objecting to paragraphs 1 and 2.  And also the

12    paragraph about the appeal, which I forget if that's

13    paragraph 7 or 8 or whatever paragraph that is.  Okay?

14         But what you're not stipulating to and why this

15    isn't a consent order is because, Attorney Henzy, you're

16    going to argue today, I believe, that Mr. Kwok, the

17    individual debtor, has complied with the corporate

18    governance order, and Mr. Despins is going to argue that he

19    has not.

20         MR. HENZY:  Yeah.  Well, Judge, as I said

21    yesterday, I'm going to argue that in some sense he doesn't

22    need to comply with the -- he doesn't need to do anything to

23    comply with the corporate governance order.  But if he has,

24    he has attempted to do so.

25         THE COURT:  I think that -- I mean, I understand

1    that parsing of the words, but I think it's -- there is a --

2    there is no difference between what you just said and what I

3    said, which is that you have -- that your client has

4    complied with the corporate governance order, whatever that

5    means.

6                 MR. HENZY:  Okay.  That's fine.

7                 THE COURT:  Okay?  Whatever that means.

8                 MR. HENZY:  Yep.

9                 THE COURT:  Okay.  So then in paragraph 3, the

10   portion that I still -- the one substantive issue I do have

11   with paragraph 3 -- and maybe it's not a substantive

12   issue -- is it says, "And the Court shall decide what the

13   debtor will be required to do."  Okay.

14                Well, the Court's only going to decide what the

15   debtor will be required to do based upon the presentations

16   of the parties of what it is parties believe the debtor has

17   not done to be in compliance with the corporate governance

18   order and/or for any sanction that should be imposed against

19   the debtor for having the trustee have to bring forth the

20   contempt motion without the resolution of the contempt --

21   full and complete resolution of the contempt motion.

22                I'm not going to -- you're going to tell me what

23   it is he has -- I am going to find.  I'm not going to find

24   it, right?  You have to make that presentation.

25                It's not up to me to determine -- I don't know

1    what it is that Mr. Kwok can or cannot do or should or

2    shouldn't have done or whatever to be in compliance with the

3    corporate governance order.  You're going to have to tell me

4    what that is.  And you're going to have to make that

5    presentation.  Because, at this point, what Mr. Kwok has

6    done by stipulating to these findings is now abandoning the

7    arguments and the objection that there was a problem with

8    the translation, that he wasn't an owner -- a beneficial

9    owner and whatever else the objection raised with regard to

10   Ace Decade and Dawn State.

11       So this order didn't enter after yesterday because

12   of those reasons.  So I have no idea if the parties want to

13   take a recess and discuss that; the parties are prepared to

14   make those changes, as I've discussed on the record, and

15   have the order entered before we proceed with the

16   continuation of the hearing.  But I wanted to raise that

17   issue immediately, because I'm not going to enter the order

18   in the form that it is at the moment.

19       MR. DESPINS:  But just to be clear, Your Honor,

20   there are parts of it that you raised that we could be

21   satisfied.

22       For example, on the issue of the exhibits or the

23   documents you're going to rely on, Mr. Henzy could say, yes,

24   I am not objecting to that.  And at that point, that part of

25   the order should be okay.  But --

1           THE COURT:  But the exhibits aren't in evidence.

2       I haven't looked at them.  And I -- you're telling me I'm

3       making -- you're saying the Court finds.  You have to

4       stipulate that I -- that you are agreeing that I can find.

5       I'm not finding any -- I haven't found anything at this

6       point, right?  I haven't looked at any of the exhibits.

7           MR. DESPINS:  We understand.  So what --

8       Mr. Bassett was going to handle the hearing.  But he could

9       take you through the exhibits and show you, look, here it

10      says that he owns this, et cetera, et cetera.  And then if

11      Your Honor is convinced, you could then say, okay, I'm

12      prepared to make the finding.

13          THE COURT:  Well, why can't you do it the other

14      way where the debtor -- the individual debtor and Mr. -- and

15      you as the trustee stipulate that these exhibits, once

16      admitted into evidence, that the debtor will -- does not

17      object to the Court making a finding that -- I'm not -- I --

18      you're asking -- if someone else reads this order -- let's

19      just put it in that light.

20          If someone else reads this order and then -- in

21      the manner that -- in the version that it is right now,

22      there will be a presumption that I went through these

23      exhibits and made these findings.  I didn't do that.  I

24      haven't made any findings.

25          But you're agreeing that I can.  So just say that.

1    And put the exhibits into evidence.  You haven't introduced

2    those exhibits into evidence at this point.  They're not

3    part of the record.

4              MR. HENZY:  Your Honor, if I -- I might be able to

5    simplify --

6              THE COURT:  Sure.

7              MR. HENZY:  -- at least on that issue.  On

8    Exhibits 7 -- 6, 7, 10 and 15, which is the --

9              THE COURT:  The trustee's exhibits.

10             MR. HENZY:  Sorry, Your Honor.  This is in the

11   first decretal paragraph of the order that runs from page 1

12   over to page 2.

13             THE COURT:  Yeah.

14             MR. HENZY:  Okay.  Where it lists those four

15   exhibits.

16             THE COURT:  Uh-huh.

17             MR. HENZY:  I have no objection to those exhibits

18   being admitted as full exhibits.  And, in fact, I stipulate

19   and I've agreed with counsel that those would be admitted as

20   full exhibits.  And so I agree with Mr. Despins that I think

21   that the trustee can point you then now into the places in

22   those exhibits that he wants you to look.

23             THE COURT:  But why do I need to do that if you

24   can say that you both stipulate that I can make the -- the

25   following findings based on those exhibits?

1           MR. HENZY:  Well, I'm --

2           THE COURT:  Why can't --

3           MR. HENZY:  I'm not stipulating, Your Honor, to a

4     finding.  I'm not --

5           THE COURT:  Then I don't know what this order

6     does.

7           MR. HENZY:  I --

8           THE COURT:  You're not stipulating, but you're not

9     objecting.

10          MR. HENZY:  I'm not objecting.  That's correct.

11          THE COURT:  Well, then I'm overruling your

12    objection to the motion for contempt on -- in paragraphs 1

13    and 2.

14          MR. HENZY:  You're overruling my objection on the

15    basis that -- on the argument made in the objection that

16    Mr. Kwok was not the owner of Ace Decade as of Mr. Despins'

17    appointment.  So and I can tell you, Your Honor, it's --

18          THE COURT:  Actually, it says as of the date of

19    the petition.  That would be --

20          MR. HENZY:  It's both.  It's both.  It's both,

21    Your Honor.  But, I mean, I -- it -- Your Honor, I -- this

22    may make it simpler is you can overrule my objection.

23          So paragraphs 15 through 20 of my objection, which

24    are the -- where I argue -- I make an impossibility argument

25    on the ground that Mr. Kwok was not the owner as of both the

1    petition date and the date of the trustee's appointment, you

2    can overrule my objection, paragraphs 15 through 20 of my

3    objection.

4                THE COURT:  Well, it doesn't say that in the

5    order, and --

6                MR. HENZY:  But if that -- again, if that will

7    make it simpler for the Court --

8                THE COURT:  I don't know what will make it

9    simpler.  But what I'm saying to you right now is if someone

10   else reads this order, they are -- they're going to believe

11   that I -- we had a hearing where evidence was introduced and

12   that after due deliberation and sufficient cause appearing

13   therefore, I find the following.

14               MR. BASSETT:  Your Honor?  Sorry to interrupt,

15   Your Honor.

16               THE COURT:  Go ahead.

17               MR. BASSETT:  Nick Bassett from Paul Hastings on

18   behalf of the trustee.  I think Your Honor is exactly

19   correct.  I mean, that's what we had anticipated.

20               I think what Mr. Henzy -- what Attorney Henzy is

21   trying to say is that his client's position, as it relates

22   to this issue, is that he does not want to be on the record

23   consenting to these findings.  But at the same time, you are

24   exactly correct that he has abandoned those arguments.  He

25   is no longer advancing the argument that he does not own Ace

1    Decade and, therefore, he is no longer objecting to our

2    motion on that basis.

3           So the resolution that we negotiated was we would

4    submit this proposed order to Your Honor.  The debtor would

5    not object to the findings we are proposing that the Court

6    make based on the documents that would be coming into

7    evidence.  And I would ask for Exhibits 6, 7, 10 and 15 to

8    be moved into evidence.

9           Based on those documents, the Court  would then

10   issue a finding that Mr. Kwok is the beneficial owner and,

11   you know, make the finding that is actually articulated in

12   the proposed order.  I won't repeat it, because the order

13   says what the finding would be.

14          And we don't want to rush the Court in making that

15   finding.  So we're happy to do whatever is necessary.  If

16   the Court would like us to walk through the exhibits, I can

17   do that.

18          I will tell you that as far as the second phase,

19   I'm planning to talk about some of those documents only

20   because they're also relevant to the argument today.

21          But I think -- I don't know if that clears things

22   up, but I think that's what we were intending for this order

23   to do.

24          THE COURT:  I don't think I need you to run

25   through the specifics in those documents, but I do think I

1   need you to -- what you just have done is moved for the

2   introduction of the exhibits.

3          And let's make the record clear that Trustee's

4   Exhibits 6, 7, 10 and 15, Trustee's counsel is moving for

5   the full admission of those documents into evidence.  And

6   counsel for the individual debtor, Mr. Kwok, has just stated

7   on the record that he has no opposition at all to the

8   admission of those exhibits.

9          Does anyone else have any opposition to the

10  admission -- full admission of Exhibits 6 -- Trustee's

11  Exhibits 6, 7, 10 and 15?  Okay.  Hearing nothing, then

12  those exhibits will be admitted in full as part of the

13  hearing on this motion for contempt.

14      (Trustee's Exhibits Nos. 6, 7, 10 and 15 were admitted

15  into evidence.)

16          THE COURT:  And that's what I -- I want to make

17  the record clear on this, because it -- I understand, and

18  I -- as I said yesterday, I appreciate narrowing the issues.

19  But we still need to make sure that it's clear that all of

20  this is being done in connection with the motion for

21  contempt and that the -- I -- the order isn't going to enter

22  until that evidence is now admitted into evidence.

23          And with regard to paragraph 3 of this order, I'm

24  not going to decide what the debtor will be required to do

25  without someone telling me what I should decide, right?  I

1    mean, I want that to be clear, Attorney Bassett and Attorney

2    Henzy.

3          It's not as if I'm going to sit down and look at

4    all these things and then say, oh, well, I think he could

5    have done X, Y or Z, so that's what I'm going to say.

6    That's not my job.

7          My job is to determine whether or not you or

8    anyone has proven that there is a basis to enter in some

9    form of an order of contempt and what form of order that

10   should be.  Okay?

11         MR. BASSETT:  Understood.  Understood, Your Honor.

12   And that's what we intend to do with the balance of today's

13   hearing.

14         THE COURT:  So how do you want to handle this

15   order, though?  Because I thought you wanted this order to

16   enter before -- and maybe we -- maybe it doesn't need to

17   enter before we start the remainder of this hearing.  But

18   I'm not going to enter this order in the form that it is

19   until some of those changes that we just discussed are made.

20         MR. BASSETT:  Your Honor, if I may?  Would it be

21   okay to ask for a short recess, maybe ten minutes, to confer

22   with the trustee and my colleagues and perhaps Attorney

23   Henzy as well?

24         THE COURT:  Sure.  We can -- we can take as much

25   time as you need.

1          MR. BASSETT:  Well, I think I would start with ten

2     minutes.  That would be great.  I don't know if there's an

3     easy way for us to communicate with your chambers if we need

4     more time or not.  Maybe we can just hop back on Zoom --

5          THE COURT:  Why don't you just hop back on Zoom.

6     And --

7          MR. BASSETT:  Okay.

8          THE COURT:  -- and the courtroom deputy will be

9     monitoring it, and we'll go from there.

10          And, again, I'm not trying -- you all have to

11     understand I'm not -- I have to sign this order, right?  So

12     I need to make sure that I understand what the -- this order

13     says and agree with what this order says.

14          And even if this order isn't going to be appealed,

15     it could be part of a record at some point, right, that if

16     someone has to review, I want them to make sure -- I want to

17     make sure that they understand what occurred in connection

18     with this motion.

19          And this order right now in the format that it's

20     in I'm not comfortable with.  And I -- but I think I can be

21     come comfortable fairly quickly.  But I think you need to

22     address those issues.  Okay?

23          MR. HENZY:  Thank you, Your Honor.

24          MR. BASSETT:  Thank you, Your Honor.

25          THE COURT:  All right.  So then court will be in

1    recess, and we'll hear back from you when you're ready.  But

2    you can take more than ten minutes if you need.  You do

3    whatever you think is appropriate.  Okay?

4              MR. BASSETT:  Thank you, Judge.

5              THE COURT:  All right.  Court is in recess.

6              THE COURTROOM DEPUTY:  Court is in recess.

7         (Court recessed from 12:43 p.m. to 1:48 p.m.)

8              THE COURT:  Okay.  Good afternoon again.  I

9    received after our recess -- or during our recess a revised

10   order regarding partial resolution of trustee's contempt

11   motion.

12             Mr. Bassett, before the break -- before the

13   recess, you made a suggestion to me -- well, first of all,

14   the exhibits in that -- in the first introductory paragraph

15   for the order, Exhibit -- Trustee's Exhibits 6, 7, 10 and

16   15, have now been admitted into evidence.  You suggested at

17   one point that you are going to be referencing those

18   exhibits during the continuation of this hearing.  Is that

19   correct?

20             MR. BASSETT:  That is correct, Your Honor.  And I

21   think what I had also offered to do is to walk the Court

22   through the relevant portions of those documents that I

23   think firmly support the findings that we're asking the

24   Court to enter in this order partially resolving the

25   contempt motion.  But it is important to us, and I also

1    understand to the debtor, to have this order entered before

2    we proceed with the balance of the hearing on the unresolved

3    portion of the contempt motion.

4           So I could -- I'm happy to do that first.  And if

5    the Court wanted a break or -- I'm happy to proceed however

6    Your Honor would like.  But I just wanted to say --

7           THE COURT:  Why don't you go ahead and point me to

8    the proof that you have in those exhibits that supports the

9    findings that you're saying the Court's making in paragraphs

10   1 and 2 of this order and that the debtor does not contest.

11          MR. BASSETT:  Sure.  Your Honor, would it be

12   possible to give my colleague, Douglas Barron, access to

13   screen share, because I'll make it even easier by having him

14   put up some documents on the screen that I think are even

15   highlighted.

16          THE COURT:  Absolutely.  We can give control to

17   Attorney Barron.

18          MR. BARRON:  Thank you, Your Honor.

19          MR. BASSETT:  Okay, Your Honor.  So the -- if my

20   colleague could put the first document on the screen, which

21   is Trustee's Exhibit 7, which is a copy of the April 6,

22   2022, transcript of the Section 341 meeting of creditors.

23   I'll start with that one.

24          MR. BARRON:  Yes.  And just a second.

25          MR. BASSETT:  So, Your Honor, this is on page 60

1     of the transcript.  You will see it highlighted there.  And,

2     again, the finding that we're asking the Court to make in

3     paragraph 1 of the order is that the debtor has exclusively

4     beneficially owned and controlled Ace Decade Holdings

5     Limited on the petition date and has maintained such control

6     thereafter.  I'm paraphrasing.

7           Your Honor, what we were showing you here in this

8     document is the debtor's testimony at the Section 341

9     meeting where he is asked about whether he owns any interest

10    in Ace Decade Holdings Limited.  As you can see there, he

11    testified yes.  When asked what the nature of his ownership

12    interest was, he described that interest.

13          The trustee then asked him whether he was the only

14    legal owner of Ace Decade Holdings Limited.  That question

15    was repeated.  He said, I am a legal representing owner.

16    The question was, are there any other owners of Ace Decade?

17    His response was no.  When asked when he became an owner of

18    Ace Decade, he said at the end of 2014.

19          That, Your Honor -- and I'll get to the other

20    exhibits in a moment.  But this was obviously a meeting

21    where the debtor gave sworn testimony post petition on April

22    6th, directly asked about his ownership interest in Ace

23    Decade.  He said that he was the owner.  When he was asked

24    whether there were any other owners, he said no.  So I think

25    that, in and of itself, establishes the exclusive ownership

1   that we're asking the Court to find in paragraph 1 of the

2   order.

3           Now, if we could go to the second document, which

4   is Exhibit 6 on the trustee's exhibit list.  This is the

5   particulars of claim or essentially the complaint that was

6   filed on September 23, 2020, in the litigation against UBS

7   in which both the debtor, Ace Decade -- and Ace Decade and

8   Dawn State are plaintiffs.

9           There is a -- I don't know if my colleague can do

10  this or not, but at the end before the exhibits there's a

11  verification page where the debtor has signed his signature

12  swearing to the truth and accuracy of all the allegations in

13  this complaint.  There it is right there.  That's the

14  debtor's signature.  I believe it's Exhibit 26, although

15  that's not in the record.  But I -- he confirmed as much to

16  me in his deposition.

17          And then if we can go back to --

18          THE COURT:  Could I stop you for one second,

19  Attorney Bassett?  I thought you said this was Exhibit 6,

20  not 26.

21          MR. BASSETT:  It is Exhibit 6, Your Honor.  I

22  apologize.

23          THE COURT:  That's all right.  I just want to make

24  sure I have that correct.  I have seen Exhibit 6 before, so

25  you don't need to --

1          MR. BASSETT:  Okay.

2          THE COURT:  -- do anything more with Exhibit 6.

3     Thank you.

4          MR. BASSETT:  Just for purposes of the record -- I

5     won't take you through it -- but, you know, some of the

6     language that goes directly to the fact that the debtor owns

7     and controls Ace Decade, made the investments that Ace

8     Decade used to do a transaction with UBS that is the subject

9     of the litigation, those are paragraph 7, paragraph 8,

10    paragraph 11 and paragraph 4 and also paragraph 24.  Again,

11    we don't need to look at those (indiscernible) for the

12    record.

13         THE COURT:  Thank you.

14         MR. BASSETT:  The next document, Your Honor -- and

15    I don't know if the Court has also had the opportunity to

16    look at this document, but it's Exhibit 15 on the trustee's

17    exhibit list.

18         THE COURT:  Yeah.  I have not seen that document

19    before --

20         MR. BASSETT:  Okay.

21         THE COURT:  -- Exhibit 15.

22         MR. BASSETT:  So if Mr. Barron could pull that one

23    on the screen, please.  Okay.  This document, again, Exhibit

24    15 on our exhibit list, this is the February 5, 2016,

25    affidavit that the debtor submitted in a related but earlier

1    litigation against UBS involving the same subject matter.

2    In that case, only Ace Decade was the named plaintiff

3    against UBS.  But the debtor nevertheless submitted this

4    affidavit on behalf of Ace Decade as plaintiff in that case.

5         Again, I'll -- I think the statements in here

6    demonstrate very clearly that the debtor, in fact, is and

7    always has been the owning and controlling interest behind

8    Ace Decade and the investment that it made that is at issue

9    in the UBS litigation.

10        If you look at paragraph 1 -- sorry, paragraph 10.

11   I apologize.  My colleague is correct.  At paragraph 10,

12   look to the language that we've highlighted.

13        This demonstrates that when the debtor was in

14   discussions with UBS, in particular an individual named

15   Mr. Wong at UBS, he testified in this affidavit that

16   Mr. Wong told me, the debtor, that because of the size of

17   the investment that I was planning to make the executives

18   from UBS globally would participate in structuring a deal.

19        Again, the relevant focus there is that this is an

20   investment that he, not anyone else, not some other

21   beneficial owner or other person, was planning to make.

22        If you go to paragraph 11 on the next page,

23   please.  Again, similar language.  You'll see that the

24   debtor testified under oath in this affidavit -- or asserted

25   under oath in this affidavit that the senior executives at

1    UBS who were overseeing the structuring of the investment

2    would act in my, the debtor's, best interest.  And he says

3    that I, the debtor, entrusted UBS to act as my advisor for

4    the investment.

5            If you go to the next paragraph, this again

6    provides more detail as to the events leading to the

7    investment.

8            He mentions in the language that's highlighted

9    there -- and I'll talk about this in the next portion of the

10   hearing a bit further, but he notes that employees at UBS

11   advised him, the debtor, on which of his employees to

12   appoint as the sole shareholder and director of Ace Decade.

13           He further states in that same paragraph that

14   those same individuals advised him how best to transfer the

15   funds -- and this is critical to the ownership question, I

16   believe, Your Honor -- how best to transfer the funds

17   necessary for the investment from one of my UBS accounts to

18   the Ace Decade account.  So the investment that Ace Decade

19   entered into was funded by the debtor's own funds from his

20   own account.

21           The next paragraph, 13, that you see there

22   contains similar language.  I think they can be read really

23   in no other way than as indicating that the debtor viewed

24   the investment that Ace Decade was making as his investment.

25           So I think, Your Honor, when you take this

1   document together with the particulars of claims and the

2   statements with which Your Honor is familiar from that

3   document and the clear testimony post petition at the 341

4   meeting where he was directly asked the question of

5   ownership, you know, we would submit that these documents

6   support the findings that we're asking the Court to make.

7   I'm happy to answer any questions that you may have.

8            THE COURT:  I do not have any questions.  Thank

9   you.

10           Attorney Henzy, do you have any opposition to the

11  Court making the findings in paragraph 1 after the

12  information that's been pointed out by Attorney Bassett

13  in -- in Trustee's Exhibits 7, 6 and 15?

14           MR. HENZY:  The debtor does not object to the

15  Court making the findings.

16           THE COURT:  Thank you.

17           Okay.  Attorney Bassett, did you want to do the

18  same thing with paragraph 2, or are you asserting that it

19  would be the same information with regard to paragraph 2 in

20  the order?

21           MR. BASSETT:  Paragraph 2 in the order, I think

22  it's the same information.  It would -- the finding that

23  we're asking the Court in paragraph 2 would be based both on

24  the same evidence as well as the representation that is

25  articulated in paragraph 2.

1          THE COURT:  Okay.  I'm fine with that now that you

2     have pointed out the specific information in the exhibits

3     that have been admitted as full exhibits.

4          So with regard to your other changes in the

5     provision to the order, paragraph 3 change is find with me.

6     I think there are no further changes, so I can -- we can

7     enter that order now.  Do you -- I think we need to give the

8     courtroom deputy five minutes to do that.  So we'll have to

9     take a very brief recess for the courtroom deputy to do

10    that, and then we can come back and continue with the

11    evidentiary hearing.  Okay?

12         MR. BASSETT:  Thank you very much, Your Honor.

13         THE COURT:  All right.  Thank you.  The court is

14    in recess.

15         THE COURTROOM DEPUTY:  The court is in recess.

16       (Court recessed from 2:11 p.m. to 2:11 p.m.)

17         THE COURTROOM DEPUTY:  Court is in session after

18    recess.

19         THE COURT:  Okay.  The courtroom deputy has

20    entered the order with the changes made by the parties

21    earlier today on the docket.  It is ECF Number 110 -- 1110,

22    entered at 2:11:25.

23         So, Mr. Bassett, did you want to proceed now with

24    the rest of the evidentiary hearing?

25         MR. BASSETT:  Yes.  Thank you, Your Honor.

1          Before we proceed with the remainder of the

2    hearing, I think there is one -- well, maybe two slight

3    housekeeping issues.

4          The first is at the beginning of today's hearing,

5    there was a question, I think, raised by Attorney Moriarty

6    about the motion to compel.

7          THE COURT:  Right.  And I did go back and look at

8    that.

9          MR. BASSETT:  Yes.

10          THE COURT:  And the order on the motion to compel

11    says that it will be -- a hearing will be held at the

12    conclusion of the evidentiary hearing, either today or at

13    the conclusion of the evidentiary hearing on the motion for

14    contempt.  And, obviously, we haven't concluded.

15          So, Attorney Moriarty, you are correct that it

16    should have appeared on the calendar today, but it didn't,

17    because the evidentiary hearing -- well, not because.  It

18    should have appeared on the calendar today.

19          However, it would not be commenced until after --

20    or it would not commence, the hearing on the motion to

21    compel, until after the conclusion of the hearing -- the

22    evidentiary hearing on the motion for contempt.  That's what

23    the order setting the hearing on the motion for compel said.

24          MR. BASSETT:  That's --

25          THE COURT:  Does anybody disagree with that?

1           MR. BASSETT:  No.  That was our understanding,

2     Your Honor.  I think it had said at the conclusion of

3     today's evidentiary hearing and then also carried over to

4     tomorrow if necessary.

5           So, you know, we're at the Court's mercy as to

6     what will happen when we finish today.  You know, we're

7     happy to do that today, happy to do it tomorrow if that ends

8     up being better.

9           THE COURT:  Well, yeah.  We'll see how things play

10    out.  But Attorney Moriarty was right that it -- the

11    motion -- and I apologize, Attorney Moriarty.  It wasn't on

12    the calendar, but it should have been.  But it would not be

13    scheduled to commence until this evidentiary hearing on the

14    motion for contempt is concluded.  Okay?

15          MR. MORIARTY:  Thank you, Your Honor.

16          THE COURT:  Thank you.

17          MR. BASSETT:  And then the other -- the only other

18    open issue that I thought we should address before I proceed

19    with the remainder of the hearing is the issue regarding the

20    motion to seal that we had discussed with the Court

21    yesterday.  My colleague, Mr. -- or Attorney Linsey, I

22    think, can walk the Court through where we are as --

23          THE COURT:  Well, let me stop you on that too.  I

24    did go back and look at that after our hearing yesterday.

25    And under our local rules, Appendix N, motions to seal must

1  be set for a hearing.  And the motion for -- to seal that

2  was filed on Monday has not been set for a hearing yet.

3         So I -- are you saying, Attorney Bassett, that

4  there's -- you need that motion to seal to be addressed

5  before this hearing -- evidentiary hearing on the motion for

6  contempt can be concluded?

7         MR. BASSETT:  You know, I -- Your Honor, I was --

8  there's -- certainly some of the exhibits that are going to

9  be relevant to this next portion of the hearing are exhibits

10  that are confidential and/or privileged or both such that

11  not everyone who is a party to this Zoom call today can have

12  access to that information.

13         However, I think I will be able to give my

14  presentation today by describing those documents in

15  generalities without disclosing the information that can't

16  be disclosed.  So from that --

17         THE COURT:  Okay.

18         MR. BASSETT:  From that standpoint, I think we

19  could do the argument without necessarily having that

20  sealing issue resolved.  Although if my colleague, Attorney

21  Linsey, who's a little bit closer to the sealing order has a

22  different view, he can let us know.

23         MR. LINSEY:  No.  I agree with that.  I think it

24  makes sense.  I would just ask that the Court schedule the

25  hearing with respect to the order as soon as possible.

1        THE COURT:  Well, what I intended to -- thank you,

2   Attorney -- I'm sorry.  I didn't mean to cut you off.  Was

3   there something else that you wanted to say, Attorney

4   Linsey?

5        MR. LINSEY:  No, Your Honor.  Thank you.

6        THE COURT:  Okay.  Thank you.

7        Having heard the issue raised yesterday, I did go

8   back and look at the docket and what -- where things stand

9   with regard to other issues.

10       And I'm going to orally order that the hearing on

11  the motion to seal, which is ECF 1095, be scheduled for

12  Monday, which I believe is the 21st of November, at noon,

13  along with the -- at the same time as the status conference

14  is held.  And if anybody opposes the motion to seal, they

15  must file an objection to the motion to seal by 3:00 p.m.

16  tomorrow.

17       MR. HENZY:  Your Honor, may I be heard?

18       THE COURT:  Yes.

19       MR. HENZY:  Thank you.  Let me just preface, Your

20  Honor, I would very much like to get this hearing completed

21  as soon as possible.

22       And I'm -- and we are not going to have an

23  objection to the motion to seal.  But just logistically, how

24  are we going to do this today if there are documents that

25  are being introduced into evidence that should be under

1    seal?

2              I'm just -- I'm missing, I guess, the point as to

3    how are we doing that?  If they're not under seal, and

4    they're being introduced into evidence, and they're --

5              THE COURT:  They're not being introduced into

6    evidence.  Attorney Bassett just said he wasn't -- I think

7    what Attorney Bassett --

8              MR. HENZY:  I'm not sure that's right, Your Honor,

9    but --

10             MR. BASSETT:  Yeah.  Your Honor, if I could

11   clarify.

12             I do think I will be asking the Court to have -- I

13   will be asking for certain of our exhibits to be admitted

14   into evidence, including a couple of exhibits that are

15   confidential and/or privileged.

16             I think maybe a way to deal with that would be to

17   have a -- I don't know if the documents could be admitted

18   and the sealing aspect of that dealt with later.

19             As I said, I will not be disclosing the

20   confidential contents of those documents during my

21   presentation today.

22             If that's not possible, I don't know if the

23   documents could be admitted provisionally with the sealing

24   issue to be decided on Monday.  But I -- it seems to me

25   there's a way to navigate that, Your Honor.

1          MR. HENZY:  Your Honor --

2          MR. LINSEY:  Your Honor, may I add something?

3     There's a provision under the existing protective order for

4     documents to be filed under seal.  The fact is, these

5     exhibits are filed under seal.  They're on the Court's

6     docket.  And I think they can be properly admitted today.

7          We have -- in order to make sure that this issue

8     is crystal clear, we filed a motion to seal.  And we would

9     like an order on that.  But that part, I think -- and I

10    think this was sort of along the lines of what Mr. Bassett

11    is saying, it can probably wait until Monday, unless anybody

12    else on the line disagrees with me.

13         MR. HENZY:  I'm not trying to make trouble here,

14    Your Honor.  But I'll be honest with you.  It's making my

15    head hurt to understand how we're admitting exhibits into

16    evidence today in a public trial where the exhibits are

17    either under seal or they're not.

18         I also -- I don't know what Mr. Bassett is going

19    to argue based on those documents, and so I don't know what

20    I would argue in response.  So I just logistically -- I'm

21    not sure how we're doing this.

22         But, again, I want to go forward, and I -- we are

23    not going to oppose the motion to seal.  But I also don't

24    want to be prejudiced but -- that I can't argue something

25    that's in a document that Mr. Bassett has put into evidence

1    on whatever provisional or on whatever other basis.

2                MR. BASSETT:  Your Honor, to help the Court and

3    maybe Attorney Henzy understand, I think what I envision --

4    I think there will probably be two documents that I would

5    reference by exhibit number.

6                Attorney Henzy has copies of those two exhibits.

7    I think he's going to -- I think that actually our exhibits

8    are listed in paragraph 4, I believe it is, of the order

9    that the Court just entered.  So Attorney Henzy is familiar

10   with those documents.

11               I am going to refer to them generally as why I

12   think they are documents that are relevant for the Court to

13   consider.  And I am fairly confident that Attorney Henzy in

14   responding is not going to need to do anything more than

15   that.

16               MR. HENZY:  Well, that -- I appreciate that

17   Mr. Bassett is confident about that, but until I know what

18   his argument is, I don't know whether I'm going to need to

19   refer to something specifically in the document.  And I

20   don't think it would be appropriate to prejudice me from

21   being able to do that.

22               If Mr. Bassett -- I'm not trying to prejudice

23   Mr. Bassett and not have him be able to use these documents.

24   We've stipulated to their admissibility.  But I can't be

25   prohibited from potentially reading something in the

1    document into the record if I think that's appropriate in

2    making argument.

3              THE COURT:  Well, the -- how are you going to do

4    that if the documents are going to be under seal?

5              MR. HENZY:  Well, Your Honor, if they're under

6    seal, and they're put in evidence, I think if I need to then

7    refer to something in the document, the courtroom would have

8    to be --

9              THE COURT:  Right.  That's what --

10             MR. HENZY:  -- cleared.

11             THE COURT:  Okay.  That's what I'm -- I just

12   wanted to make sure you were -- that's what you were

13   envisioning.

14             MR. HENZY:  I don't know any other way to do it,

15   Your Honor.

16             THE COURT:  I don't either, but I didn't

17   understand what -- that you were thinking that.  You

18   seemed -- I didn't understand what you were saying.  So --

19             MR. HENZY:  Yeah.  I apologize, yeah, Your Honor.

20             THE COURT:  That's fine.  That's fine.

21             MR. HENZY:  Well, the problem is the motion hasn't

22   been set for a hearing, the motion to seal.  And is

23   anyone -- any party that's on the phone -- on this -- in --

24   participating in this virtual remote hearing today objecting

25   to the motion to seal?

1            MR. FREIDMAN:  Your Honor, this is Peter Freidman

2    from O'Melveny & Myers on behalf of PAX.  We don't have any

3    intention of objecting.

4            And I do note that the Court in connection with

5    the identity of a Golden Spring employee earlier in this

6    case, you may remember, did permit the admission of

7    something into evidence as -- with the designation of it as

8    being under seal during the middle of the hearing and then

9    just let parties without a prior oral motion or prior motion

10   from the -- from Golden Springs' counsel and the -- and let

11   the issue be resolved later.

12           I think the -- now, it may remain under seal, but

13   people were able to figure out how to handle it with the

14   Court's guidance.  So we certainly hope that this can

15   proceed and, you know, don't object to documents being

16   admitted under seal.

17           MR. LINSEY:  And, Your Honor, I think that's in

18   keeping with the protective order which allows documents to

19   be filed under seal and then creates a remedy for anyone who

20   wants to challenge that, which is to file a motion.

21           Again, because we take the privilege issue

22   seriously, we have put the issue before Your Honor by filing

23   a motion that Your Honor -- sounds like you're inclined to

24   consider on Monday.  But for present purposes today, I think

25   that ought to be sufficient.

1          MR. WOLMAN:  Your Honor, this is Jay Wolman for

2     Mr. Cheng.  I mean, the order, notwithstanding contempt,

3     doesn't override, you know, a party's rights and the rights

4     of the public under the common law and the first amendment.

5     So as a general proposition, to the extent the order is in

6     conflict with that, that yields to the common law and the

7     first amendment.  You know, I --

8          THE COURT:  What order are you referring to,

9     Attorney Wolman?

10          MR. WOLMAN:  The one Mr. Linsey was just referring

11     to about being able to --

12          THE COURT:  The protective order?

13          MR. WOLMAN:  What?

14          THE COURT:  The protective order?

15          MR. WOLMAN:  Yes, Your Honor.

16          THE COURT:  Okay.

17          MR. WOLMAN:  And do I know whether or not I'm

18     going to object, per se, to this?  You know, Mr. Bassett

19     said he was going to describe the documents.  And so -- and

20     that's -- upon his description, I might think that there is

21     a sufficient interest that it's not worth challenging.  But

22     I can't say -- but I'm going to reserve the right to

23     challenge it.

24          THE COURT:  All right.  So then I think let's just

25     proceed, and we'll see how it goes.  Okay?  That's what

1    we'll do.

2              So go ahead, Attorney Bassett.  You proceed.

3              MR. BASSETT:  Thank you, Your Honor.  So we are

4    here at the second portion of the hearing today on the

5    trustee's contempt motion, which is at ECF 913.

6              What the trustee is asking in that motion is for

7    an order holding the debtor in contempt for his failure to

8    take necessary actions to ensure that complete ownership and

9    control of Ace Decade is transferred to the trustee.

10             Now, I want to just start -- and I hope my

11   colleague, Mr. Barron, still has access to screen share.

12             THE COURT:  If he doesn't, we'll make sure we give

13   it to him.  I'll ask the courtroom deputy --

14             MR. HENZY:  Can I ask a question, Your Honor?  I'm

15   sorry.  Just sort of before we start sharing screens,

16   before -- Your Honor, before we start sharing screens

17   with -- with potential evidence --

18             MR. BASSETT:  This is the governance rights order,

19   Attorney Henzy.

20             MR. HENZY:  Okay.  But maybe -- can I just ask a

21   question about we're doing this?  Are we going to admit

22   evidence and then have argument or -- I want --

23             THE COURT:  Well, that -- I think that is actually

24   a good point, so I -- Attorney Henzy raises the point that

25   in this order that I just entered, subsequent to the four

1    exhibits that have already been introduced into evidence,

2    there's an agreement in a paragraph about a bunch of other

3    exhibits, right, that you both agree can be admitted as full

4    exhibits.

5             MR. HENZY:  Well, to be clear, Your Honor, the --

6    it's -- these are exhibits the trustee has told me that they

7    want to admit and that I have stipulated will be admitted.

8    But there's no prohibition on other evidence being admitted.

9             THE COURT:  I didn't say that.  I said let's

10   start --

11            MR. HENZY:  Okay.  Okay.

12            THE COURT:  -- let's start with the --

13            MR. HENZY:  Yep.

14            THE COURT:  -- exhibits that everybody agrees can

15   be admitted.  Okay?

16            MR. HENZY:  Okay.  Okay.

17            THE COURT:  So I'm not -- I didn't say that, and I

18   didn't think that.  I --

19            MR. HENZY:  I misunderstood.  I misunderstood.

20            THE COURT:  I was suggesting let's get the

21   record -- let's try to make this record clear and straight

22   right now.

23            You asked me before we -- you both asked me before

24   we continue this evidentiary hearing to enter an order

25   regard -- with regard to the partial resolution of the

1     contempt motion which I have -- which we have now just done.

2     In that order that was entered at 211 or whatever time it

3     was that I stated it was, stated on the record, there's a --

4     there's a paragraph that relates to this continuation or

5     what I think you referred to as compliance hearing that

6     indicates that there are a number of exhibits that the

7     parties agree can be admitted in full.

8              So we should do that first.  We should --

9              MR. BASSETT:  Yes, Your Honor.

10             THE COURT:  -- get that done, Attorney Bassett.

11    Okay?

12             MR. BASSETT:  Understood, Your Honor.  So at this

13    time, I would ask the Court to admit into evidence Trustee

14    Exhibits 13, 28 to 30, 34, 36 to 37, and 39.  And I would

15    note that just for the record, I believe Exhibits 34, 36 and

16    37 are documents that are subject to the request for

17    sealing.

18             THE COURT:  I'm looking at that.  All right.  Let

19    me -- before we go any further, does anyone have any

20    objections to the admissions -- to the admission in full of

21    Exhibits 13, 28 through 30, 34, 36 through 37 and 39 and

22    with the understanding that Exhibits 34, 36 and 37 are

23    subject to the requests for sealing that the trustee has

24    made in connection with the motion to seal?

25             MR. HENZY:  Your Honor, the one issue I have is

1    that the stipulation was that Exhibit 13 -- just page 3 of

2    Exhibit 13 would be admitted.  And I don't know if Attorney

3    Bassett intended on doing more than that.

4         MR. BASSETT:  Your Honor, I did not intend to do

5    more than that.  I did not intend to say anything different

6    from what is in the stipulation.  I think the stipulation

7    also refers to certain -- a certain part of Exhibit 39, page

8    55, lines 23 to 25 of that exhibit.

9         MR. HENZY:  So with that, Your Honor, I have no

10   objection to the full admission of these per the stipulation

11   subject to on 34, 36 and 37, you know, my concern about my

12   ability to now use them during this hearing.

13        THE COURT:  Okay.  Does anyone else wish to be

14   heard on the exhibits?  Okay.  Then the exhibits -- Trustee

15   Exhibits 13 page 3, Exhibits 28 through 30, 34, 36, 37 and

16   39 page -- I didn't hear the part that -- of page -- of 39,

17   Attorney Bassett.  What is it?  Page what?

18        MR. BASSETT:  I just misplaced the document, Your

19   Honor.

20        THE COURT:  Take your time.

21        MR. HENZY:  Which exhibit, Your Honor?  Sorry.

22        MR. BASSETT:  Exhibit 39.

23        MR. HENZY:  Yeah.  It --

24        THE COURT:  39.  You said there was a -- just a

25   portion of that exhibit coming --

1          MR. BASSETT:  Yeah.  Sorry.  I have it now.  I

2     apologize.  It's a deposition transcript.  And then the

3     stipulation referred to -- or the order, rather, referred to

4     page 55, lines 23 to 25.

5          THE COURT:  Okay.  Then all of those documents

6     are -- all of those exhibits are admitted as full exhibits

7     for the reasons stated on the record.  And we will address

8     the issues of the sealing of Exhibits 34, 36 and 37 if and

9     when they arise during the hearing.  So you -- so that's the

10    exhibits.

11         (Trustee's Exhibits Nos. 13, 28, 29, 30, 34, 36, 37 and

12    39 were admitted into evidence.)

13         THE COURT:  Now, Attorney Henzy also asked a

14    question of Attorney Bassett, because there are no witnesses

15    in this hearing, how are you proceeding?  Are you proceeding

16    with showing the Court these exhibits all at once, one at a

17    time, making arguments one at a time with regard to each

18    exhibit?  How do you intend to proceed?

19         MR. BASSETT:  Your Honor, during the course of my

20    argument today, I will -- my intent was to refer to these

21    documents as they become relevant to points that I'm making.

22    And to make it easy for the Court and everyone else, I will

23    have -- I will try to have my colleague put them on the

24    screen except, of course, for the ones that are

25    confidential.

1        As Attorney Henzy mentioned, there are -- the

2   order is not exhaustive in terms of the exhibits that the

3   parties may rely upon.  I do think I may end up referencing

4   a few other exhibits on our list today, and I think it would

5   be probably most efficient to just address those as they

6   arise.  And as I refer to them, I could ask the Court to

7   have those admitted, and we can take any objections up at

8   that time.  Or we can do it at the end.  I'm happy to

9   proceed however the Court would like.

10       THE COURT:  Attorney Henzy?

11       MR. HENZY:  That's fine with me, Your Honor.  And

12  I would -- assuming Mr. Bassett is done, then I would go

13  through the exhibits that I would propose to have admitted.

14  And I would then do -- I would do the same.  I would refer

15  to the exhibits throughout my argument.

16       THE COURT:  That's fine with me then.  I think

17  what will happen then is Attorney Bassett will start to make

18  his arguments, and he will refer to whatever exhibits he

19  thinks are relevant.

20       If there are any admitted exhibits, obviously, we

21  won't have to worry about that unless it's one of the

22  exhibits that's subject to the sealing motion.

23       If it is an exhibit that has -- is on the list of

24  exhibits but has not yet been offered and admitted, then we

25  will address that issue when we come to it.  Okay?  Does

1    that make sense to everyone?

2                MR. HENZY:  It does to me, Your Honor.

3                MR. BASSETT:  Yes, Your Honor.  Thank you.

4                THE COURT:  All right.  Then please proceed.

5                MR. BASSETT:  Thank you, Your Honor.

6                MR. HENZY:  Oh, I'm -- I'll -- should I go forward

7    with my -- I'm sorry, Your Honor.  I don't mean to interrupt

8    Attorney Bassett.  Should I go forward with my -- so I guess

9    my thought is do -- can we close the evidence and go to

10   argument?  But, again, I'm at --

11               THE COURT:  I don't think we can yet, because we

12   have to hear from Attorney Bassett in case there's other

13   exhibits he wants to introduce, right?  And I -- it's his

14   motion, right?  So he's got to proceed with his motion or

15   he's got to --

16               MR. HENZY:  Thank you, Your Honor.

17               THE COURT:  I think that's the better way to

18   proceed, Attorney Henzy.  Okay?

19               MR. HENZY:  Very well, Your Honor.

20               THE COURT:  All right.  Thank you.

21               MR. BASSETT:  Thank you, Your Honor.  So one of

22   the arguments that -- one of the principal arguments that

23   the debtor has relied upon in opposition to the trustee's

24   contempt motion is that the corporate governance rights

25   order, which I've now put on the screen that this Court

1    entered on August 10, 2022, is not sufficiently clear in

2    terms of what the debtor has been instructed to do with

3    respect to the trustee's economic and governance rights and

4    the entities he controls, including Ace Decade.  The reason

5    I put this language on the screen, and I think it's helpful

6    to refer back to it, is that I don't think there is even

7    arguably an ounce of ambiguity in the language in the order

8    as to what the debtor wants to do.

9         In paragraph 2, the court ordered that the trustee

10   holds all of the debtor's economic and governance rights for

11   the benefit of the estate with respect to all

12   debtor-controlled entities.  And that, of course, now

13   includes Ace Decade.

14        It goes on and it says that for the avoidance of

15   doubt, those rights include the trustee's authority to

16   replace any existing officer, director, manager or similar

17   person of those entities.  Then it further states that the

18   trustee is authorized to act in his capacity as a Chapter 11

19   trustee in this Chapter 11 case absent any such officer,

20   director, manager (indiscernible).

21        (Pause.)

22        That does not happen magically.  And the Code

23   anticipates this, and the Court's corporate governance

24   rights order that we're looking at anticipates this.

25        THE COURTROOM DEPUTY:  Excuse me, Your Honor.

1    This is the courtroom deputy.  There was a long pause from

2    Attorney Bassett.  I'm not sure if he wasn't talking or if

3    he was frozen.  It seemed it was frozen.

4            THE COURT:  Attorney Bassett, I think there was

5    some problem with your connection there again.  That was

6    similar to this morning.  So I don't know if there's

7    anything you can do about that.

8            But I -- Madam Courtroom Deputy, heard, I think,

9    everything that Mr. Bassett said.  But there was --

10           THE COURTROOM DEPUTY:  Okay.

11           THE COURT:  -- a communication lapse, I guess I

12    would say --

13           THE COURTROOM DEPUTY:  Uh-huh.

14           THE COURT:  -- in the audio.

15           THE COURTROOM DEPUTY:  Okay.

16           THE COURT:  So --

17           MR. BASSETT:  Yeah.  I'm sorry, Your Honor.  I'm

18    on the same connection that I've been on all day long.  I

19    honestly don't know what might have happened.  Hopefully I

20    can just proceed.  And, obviously, if there's another issue,

21    somebody could point that out.  I could try --

22           THE COURT:  Yeah.  If there's another issue, and

23    we'll -- and we point it out, what you could do is you could

24    call in and talk on the phone and then turn off your audio

25    on Zoom.  And that might work.  We've had that happen

1    before.  So we'll see.

2          MR. BASSETT:  All right.  Yeah.  I apologize in

3    advance.  And if it happens again, maybe we'll go that

4    route.  But I think for now I'll just try to continue if

5    that's okay.

6          THE COURT:  Yes, please.

7          MR. BASSETT:  So just to rewind very briefly in

8    case there was any inability to hear what I was saying.

9    Paragraph 3 of the order, as I was saying, is, I think,

10   critically important, because what that paragraph does is it

11   recognizes that although the trustee by operation of law

12   becomes the owner of the debtor's property upon his

13   appointment, that transfer does not happen magically.

14         And the ability of the trustee to actually

15   exercise the rights of ownership and have the benefits of

16   ownership is not something that he can be expected to do

17   without the cooperation and the assistance of the debtor.

18         And that's why in this order there's a specific

19   reference to Sections 521(a)(3) and 521(a)(4) of the

20   Bankruptcy Code which spell out the requirements of the

21   debtor to both have property conveyed to the trustee and to

22   otherwise assist the trustee in allowing him to carry out

23   his duties and responsibilities under the Bankruptcy Code.

24         So while those obligations already exist by

25   operation of law under the Bankruptcy Code, the corporate

1   governance rights order makes it further clear by spelling

2   that out and, I think, removing any doubt whatsoever that

3   could even arguably exist concerning the obligations of the

4   debtor in this case to take steps to ensure that with

5   respect to his economic and governance rights and all of the

6   entities that he owns and controls, including Ace Decade, he

7   has to do what is necessary to help the debtor actually

8   exercise the benefits of that ownership and control.

9        Now, before, Your Honor, this morning and before

10  yesterday, we had a dispute over whether the debtor in fact

11  had beneficial ownership and control over Ace Decade.

12       Now that the Court has entered the order that hit

13  the docket a few moments before we began the session, there

14  is no longer any dispute.  The Court has made a finding that

15  the debtor is the exclusive beneficial owner and the person

16  in control of Ace Decade and that, but for the trustee's

17  appointment, he still would be today.

18       So taking that finding together with the corporate

19  governance rights order and the requirements of the

20  Bankruptcy Code, I don't think there could possibly be any

21  dispute that the debtor has an obligation to take action to

22  ensure that the trustee obtains his ownership and control

23  rights over Ace Decade, including, as I will discuss in more

24  detail later, making sure that the shares are transferred to

25  the trustee.

1    So the debtor's argument, I think, now that the

2    ownership issue is off the table, what you'll hear from

3    Attorney Henzy is essentially that there's nothing more the

4    debtor can do to comply with his obligations under this

5    order and under the Bankruptcy Code to direct the person --

6    who we did not learn in the debtor's objections, because

7    this person was not mentioned.  So we finally learned in his

8    deposition, Ms. Yvette Wang, is now the current nominee

9    shareholder who holds the shares of Ace Decade for the

10   benefit of formerly the debtor and now the trustee.

11   And what I think Attorney Henzy is going to tell

12   you is that Mr. -- that the debtor has already asked Ms.

13   Wang by sending her a letter to transfer the shares, and

14   it's out of his hands.  There's nothing else that he can do.

15   And, therefore, he should not possibly be held in contempt

16   of court.

17   And that entire argument, Your Honor, is built on

18   an entirely false premise.  It is based on the notion,

19   unsupported by any evidence, that the relationship between

20   the debtor and Ms. Wang is an arm's length relationship

21   where he has no ability to do anything other than send the

22   letter asking her politely to transfer the shares, has no

23   ability to take further steps to call her, to do anything

24   else to assist the trustee in making sure that he is able to

25   exercise control over Ace Decade.

1          And I'm going to walk the Court through the

2    evidence that is completely to the contrary.  And I'd like

3    my colleague, Mr. Barron, if he can -- I was going to start

4    actually, Your Honor, back at the beginning with some of the

5    documents that we've already gone over, including the bill

6    of particulars, the testimony from the 341 transcript and

7    the affidavit in the New York litigation.  I won't belabor

8    those points, because I've already walked the Court through

9    them.

10          But just as a quick recap, these documents show

11    that from the inception of the creation of Ace Decade and, I

12    think, maybe the end of 2014 or 2015, just before the UBS

13    investment was entered into by Ace Decade, the debtor at all

14    times was the one who was providing the funding, making

15    decisions and acting on behalf of Ace Decade.

16          I pointed the Court to a line in Mr. Kwok's -- in

17    the debtor's affidavit in the UBS litigation in New York

18    State Court, which I believe is at Exhibit 15, earlier where

19    it talks about how a represntative of UBS told the debtor in

20    structuring the transaction that he needed to place one of

21    his employees as the director and sole shareholder in name

22    of the entity in order to accomplish the structure that they

23    were hoping to accomplish, but it had no bearing whatsoever

24    on the fact that the debtor was always the principal behind

25    the company, the one making decisions and the one in

1    control.

2            Now, what the debtor has now testified to, and he

3    submitted an exhibit on his exhibit list which I'll get to

4    later that contains a letter dated November 10th that he

5    purportedly sent to this person, what he has now testified

6    to is that the original person who at the direction of UBS

7    was placed as the director and sole shareholder of Ace

8    Decade, Ms. Yong Yu, has since at some point in time

9    transferred the name -- the ownership and name -- the

10   nominee ownership of the shares to another individual, Ms.

11   Yvette Wang, who I mentioned to you previously.

12           And what the debtor is going to tell you is

13   that -- well, his counsel will represent -- the debtor won't

14   testify, because he's not here today to testify, which to us

15   is not a surprise.  But what Mr. Henzy will tell you is that

16   the debtor would say that Ms. Wang is not an employee and

17   doesn't answer to him, and, therefore, there's nothing he

18   can do.

19           But I want to walk the Court through some of the

20   documents that are in the record that prove just the

21   opposite.

22           And if my colleague could start with -- and this

23   first document is -- it's going to be Trustee's -- I may

24   have misreferenced an exhibit previously.  I'm just going to

25   go ahead and ask my colleague, Mr. Barron.

1          The arbitration award is the document, but what

2     exhibit on our list is that, Mr. Barron?

3          MR. BARRON:  Yes.  That's Exhibit 13.

4          MR. BASSETT:  13.  Okay.  Thank you.

5          So, Your Honor, this is a document that I don't

6     believe was in the list that we walked through earlier.  No,

7     it is.  Sorry.

8          THE COURT:  It is.

9          MR. BASSETT:  Exhibit 13.

10          THE COURT:  It's Exhibit -- I thought we were just

11     looking at page --

12          MR. BASSETT:  You're right.

13          THE COURT:  -- 3 of (indiscernible, audio break).

14          MR. BASSETT:  Yes.  You're correct, Your Honor.  I

15     apologize.

16          So if Mr. Barron could scroll to page 3.  Keep

17     going, keep going, keep going.  Okay.  It's the next page.

18          So this is an arbitration award that the law firm

19     Boies Schiller obtained against the debtor.  And what you'll

20     see here is a -- an indication in this order that Yvette

21     Wang is, in fact, the debtor's chief of staff, at least in

22     the eyes of the arbitration panel that heard the dispute.

23          The next document that I would like to bring to

24     the Court's attention is Exhibit 39 on the witness list.

25     This is also in the list that we discussed earlier and,

1    therefore, it has been admitted to the Court.

2          This is a deposition transcript from a deposition

3    that the debtor gave on October 3, 2018, where he is asked,

4    who is your assistant?  His answer was, we're together.  Yve

5    (Wang, Wang Yanping.  And the question -- the response to

6    that was, does she go by Yvette, not Yve?  He says yes.  So

7    this is Mr. Kwok, the debtor, referring to Ms. Wang as his

8    assistant.

9          Now, the next document is Exhibit 29 on our list,

10   which is also in the documents that were admitted

11   previously.

12         MR. BARRON:  And I'm going to show that on the

13   screen.

14         MR. BASSETT:  Now, Your Honor, this is an email

15   from this individual to another individual -- from Ms. Wang

16   to another individual.  And, again, this is from the 2016

17   time period.

18         But what this document shows, and it's an example,

19   really, of what you'll see in many of the other documents,

20   is Ms. Wang is not only, as highlighted here, referring to

21   the debtor as her boss but what this document shows she is,

22   in fact, doing is simply serving as a go-between,

23   effectively passing on messages to and from the debtor.

24         And I think, you know, completely contradicts, as

25   I said before, this notion that she doesn't work for or

1    answer to or have any obligation to be responsive to

2    anything the debtor might ask her to do.

3           The next document is Exhibit 30 on the exhibit

4    list.

5           MR. HENZY:  I'm sorry.  Is that 30, or is that 34?

6           MR. BASSETT:  That document -- that's not the

7    right document.  Take that one off the screen, please,

8    Mr. Barron.

9           And this one, I guess, we do not have highlighted

10   for Your Honor.  I apologize.  This is also on the list that

11   were admitted -- that -- on the exhibits that have been

12   admitted to the Court.  This is another example of Ms. Wang

13   communicating on behalf of the debtor.  And there's a line,

14   although not highlighted, again referring to the debtor as

15   her boss.  And I think my colleague has just highlighted it.

16          The other documents that I would point the Court

17   to, I think, are documents -- these are the documents that I

18   will only reference in generalities.

19          But I think they are actually the ones that really

20   drive home the point that I have been trying to make most

21   clearly.  Because they are documents where -- and, again,

22   I'm not going to reveal the substance of what is contained

23   in these documents, because it's confidential.

24          MR. HENZY:  Your Honor, I'm going to object.  I

25   think we have to resolve this issue.  Because there is

1    information in the documents that for me to be able to

2    fairly address what Mr. Bassett is saying I'm going to want

3    to point to and tell the Court about.

4            And I don't -- so I can't do that in a general

5    way.  There's specific information in the documents.  I

6    can't tell you specific information in a general way.

7            THE COURT:  All right.  Let me just ask you a

8    question.  Let's take it either way.  Well, it doesn't

9    matter if I deny the motion to seal.  But if I grant the

10   motion to seal, how would this proceed?  How would we

11   proceed?

12           And I'm just asking because I want to make sure I

13   understand the positions of the parties.  If I grant the

14   motion to seal with regard to these specific documents --

15   that I don't know which ones we're talking about yet, but we

16   already talked about at least 34, 36 and 37 being subject to

17   the motion to seal.

18           If I were to grant that motion, Attorney Bassett

19   and Attorney Henzy, then you would say no further argument

20   could be made until the only people left would be the two of

21   you and me?

22           MR. BASSETT:  That's correct, Your Honor.  Because

23   these particular documents are documents that not only are

24   confidential but are also subject to a privilege that the

25   debtor formerly held that the trustee now holds.

1          MR. HENZY:  I agree with that, Your Honor.

2          THE COURT:  So we -- there -- we either have to do

3     that now or we have to wait until Monday to rule on the

4     motion to seal, which seems to make not a lot of sense,

5     although the motion to seal is supposed to be set for a

6     hearing.  That's what our local rules require.  So how is it

7     that you both propose we proceed?

8          MR. BASSETT:  Your Honor, I just -- I guess I

9     don't understand why Attorney Henzy believes he needs to

10    disclose the content of these documents before I've even

11    made the very high-level point that I would want to make.

12          And if in responding to that he wants to -- he can

13    even direct the Court, who has copies of these documents, to

14    particular lines.  As long as he's not disclosing the

15    contents, then I don't think it's a problem.

16          I mean, I hate to offer to ask to take another

17    recess, but one option is I could spend two minutes telling

18    Mr. Henzy what I'm going to say and we could figure out if

19    that resolves the issue.

20          THE COURT:  Or we could -- you could tell me that

21    you want me to look at these exhibits for some -- and you

22    don't have to tell me why.

23          And, Attorney Henzy, you can tell me why I

24    shouldn't look at those exhibits.  And we can still rule on

25    whether or not they're sealed or not sealed.

1          I mean, the problem we have is -- I know everybody

2     wants the Court to just rule one way or another on the

3     motion to seal.  But the problem is  our rules require that

4     it be scheduled for a hearing, and it's not scheduled for a

5     hearing at this point in time.

6          And the -- it was filed Monday.  The -- I mean,

7     I'm not even --

8          MR. LINSEY:  Your Honor, can I make a suggestion?

9          THE COURT:  Yes.

10          MR. LINSEY:  That the documents are now presently

11     on the Court's record under seal.

12          THE COURT:  I understand.

13          MR. LINSEY:  And I think that's permissible

14     according to the protective order.  Your Honor is -- we've

15     asked -- we have filed the motion.  We've asked Your Honor

16     to rule.  Your Honor has indicated that you're going to take

17     that motion up on Monday.

18          But I think the status quo now is they're under

19     seal.  And, you know, perhaps there could be a -- you know,

20     a more limited proceeding in terms of who's on there today,

21     but -- and anyone has remedies on Monday if there's a

22     decision made that things under seal shouldn't be.  I can't

23     imagine there would be, but people will have that remedy

24     then.

25          But to delay this entire proceeding for days after

1     the delays we already have been through just seems very

2     inefficient.

3                THE COURT:  I understand it seems inefficient.

4     But, unfortunately, we have processes under our local rules

5     that a motion to seal needs to be scheduled for a hearing.

6     And it hasn't been, number one.

7                But I -- I don't want to stop the proceedings

8     either.  But I have to handle the evidence in the

9     appropriate manner, correct?  Or not just I.  All the

10    parties have to handle the evidence in the appropriate

11    manner.

12               So my suggestion was -- these documents that are

13    under seal that I think, Mr. Bassett -- I think, I don't

14    know -- but that you're going to refer to are the documents

15    that were filed yesterday on the docket, Attorney Linsey.

16    Is it the documents at 1099 and 1100?

17               MR. LINSEY:  These documents, I believe, are at --

18    the -- this -- what we're talking about now, the sealed

19    documents, I believe they're at 1091.  I'd have to take a

20    look where exactly they are on the docket under seal.

21               MR. BASSETT:  And --

22               MR. LINSEY:  If you give me one -- if you give me

23    a moment, I can pull the --

24               THE COURT:  Sure.  Sure.

25               (Pause.)

1          THE COURT:  All right.  There is a sealed document

2     at 1091.  There's a sealed document at 1092.

3          MR. LINSEY:  Yeah.  No.  Your Honor was right in

4     the first instance, though.  There are two sealed documents

5     that were filed yesterday, 1099 and at 1100.

6          THE COURT:  Okay.

7          MR. LINSEY:  And this document, I believe, is

8     within the documents that are in 1099.

9          (Pause.)

10          UNIDENTIFIED SPEAKER:  Which exhibit are we

11     talking about again?  Which number?

12          THE COURT:  We don't know yet what exhibit we're

13     talking about.

14          MR. LINSEY:  The one -- the sealed -- so the --

15     they break down this way.  1099 are the sealed documents --

16     rather the sealed exhibits that are privileged.  1100 is --

17          THE COURT:  Yes.

18          MR. LINSEY:  -- one other --

19          THE COURT:  But I think --

20          MR. LINSEY:  -- one --

21          THE COURT:  I think part of the problem is, right,

22     the sealed documents don't indicate what exhibit numbers

23     they are, at least on the docket itself, right?  So and I'm

24     not saying that that's -- I'm -- the trustee filed a list of

25     witnesses and exhibits with one PDF document of 1,600 pages.

1    And I think that includes 53 exhibits.  I think.  Something

2    along those lines.  While they are book marked, they are not

3    separately filed.

4         With regard to those exhibits, they're -- I

5    believe, Attorney Linsey, but I could be wrong, because as

6    you know, and you're correct, some of this was filed

7    yesterday; some of this was filed two days ago, three days

8    ago.

9         I can't -- unless I open up those documents, which

10   I'm obviously entitled to do, I don't know what exhibits are

11   in those sealed documents.  I don't know what exhibits are

12   in any of those sealed documents.  And the problem is I

13   think we, you know, need to -- I need to be able to figure

14   that out.  Okay?

15        MR. LINSEY:  I can put it into the record right

16   now that it's Exhibits 20 through 24, 28 --

17        THE COURT:  In which one?  In which one?

18        MR. LINSEY:  I'm sorry.  I'm talking about 1099

19   right now.

20        THE COURT:  Okay.  Good.  That's helpful.  So

21   let's go through that.  1099 is what?  What exhibit -- what

22   trustee exhibits is that?

23        MR. LINSEY:  20 through 24, 28 through 30, 34

24   through 38.  That's it.

25        THE COURT:  Okay.  That's in 1099.  Those are the

1    trustee's exhibits that are under seal in 1099.

2              MR. LINSEY:  Correct.

3              THE COURT:  What about 1100?

4              MR. LINSEY:  Only one exhibit.  That's Exhibit 27.

5              THE COURT:  Okay.  Thank you.  Now, what about the

6    other exhibits that are -- what about the other documents

7    that are under seal that were filed a few days ago?

8              MR. LINSEY:  Those documents are the motion to

9    seal and -- itself and the reply memorandum in support of

10   the trustee's motion for contempt which is -- some of which

11   is a little bit behind some of the subsequent developments

12   that have happened in terms of, you know, this partial

13   consent order that's entered.  But that's what those treat.

14             In terms of the sealed exhibits, everything is in

15   1099 and 1100.

16             THE COURT:  Okay.  Okay.  That's very helpful.

17   Thank you.

18             MR. LINSEY:  No problem.

19             THE COURT:  So, Attorney Bassett and Attorney

20   Henzy, there are two sealed documents on the docket of this

21   case that obviously no one can see what they are, because

22   I -- because they're sealed.

23             However, we've just recited -- Attorney Linsey has

24   just recited what the exhibits are.  And there's already a

25   list of witnesses and exhibits that indicates what those

1    exhibits are.  It doesn't tell you what they say in them,

2    obviously, but it tells you what they are, correct?

3           I mean, if you go back to your trustee's list of

4    exhibits -- so, for example, if we look at Exhibit 20 on the

5    trustee's list of exhibits -- that list of exhibits is on

6    the docket.

7           It's not under seal, Attorney Linsey, correct?

8           MR. LINSEY:  That's correct, Your Honor.

9           THE COURT:  Right.

10          MR. LINSEY:  The list of exhibits is not under

11   seal.

12          THE COURT:  Right.  So Exhibit 20 is an email

13   chain beginning on January 30, 2015, in which R. Bartlett of

14   Williams & Connolly emailed multiple individuals concerning

15   Mr. Kwok's desire to retain real estate counsel.  That's

16   what the list of -- that's what it says.

17          And then Exhibit 21 is identified as an email

18   chain.  Exhibit 22 is identified as an email chain.  Exhibit

19   23 is identified as an email chain.  And Exhibit 24 is an

20   email chain.  Exhibit 28 is identified as an email chain.

21   Exhibit 29 is identified as an email chain.  Exhibit 30 is

22   an email.

23          And what -- and the last one -- you said 34

24   through what, Attorney Linsey?  I apologize.  You said it,

25   and I didn't write it down properly.  The last part of 1099.

1          MR. LINSEY:  No problem, Your Honor.  It's 34

2     through 38.

3          THE COURT:  Oh, through 38.  Okay.  I didn't --

4          MR. BASSETT:  And, Your Honor, I -- this part

5     won't be controversial, because we already covered it when

6     we admitted the exhibits under the order.  But the three

7     exhibits that I was just going to reference again only

8     generally are Exhibits 34, 36 and 37.

9          And I'm not going to reveal anything that I

10    shouldn't.  But just so the Court knows, all I am going to

11    say is that these documents show Ms. Wang acting in a

12    certain capacity on a certain issue.  That's it.  And --

13         And I don't understand why Attorney Henzy could

14    not respond and say, Your Honor, if you look at those

15    documents, including, you know, paragraph X, Y or Z, you

16    know, they actually don't show that, without divulging on

17    the record the contents.  I don't understand why that would

18    be necessary.  So it seems to me we could proceed here.

19         MR. HENZY:  Okay.  That is completely unfair, Your

20    Honor.  And I have the greatest respect for counsel.  I did

21    not create this issue.  The motion to seal could have been

22    expedited.  It wasn't.

23         It would not be fair for me to be restricted in

24    what I can do with these documents.  And I will tell you

25    that I would have -- at least with a couple of them, I would

1    have a different characterization than Mr. Bassett is giving

2    you.  Or I would add a lot -- I would add color to what

3    Mr. Bassett is saying to you.  And I can't do that without

4    making --

5              THE COURT:  Okay.  So let me ask you then, are --

6    you want me to excuse everyone and let Attorney Bassett make

7    his argument and you give your response to these three

8    exhibits?

9              MR. HENZY:  Your Honor, I want to --

10             MR. BASSETT:  If that's what -- Your Honor, if

11   that's what Attorney Henzy insists on.

12             MR. HENZY:  Your Honor, what I want is to be able

13   to make whatever use of these exhibits I deem appropriate.

14   And it -- you know, I told you I'm not objecting to the

15   motion to seal.

16             THE COURT:  Right.  So then -- so that's what I

17   asked you before.  I said, so assume it's granted; how would

18   we proceed?  And you said -- I think you said that --

19             MR. HENZY:  Yeah.

20             THE COURT:  -- everybody else would have to be

21   excused.

22             MR. HENZY:  That's correct.  Yes, Your Honor.

23             THE COURT:  Right.  So then that's what I just

24   said.  So that's what you're asking, and that's what we'll

25   do.  That's what we'll do.  We'll excuse everyone.  And

1    it'll be you, me and Mr. Bassett.

2              MR. HENZY:  And we're going to do that today?

3              THE COURT:  We're going to do that right now.

4              MR. BASSETT:  Your Honor?

5              MR. HENZY:  All right.  I thought you didn't want

6    to do that, but that -- I'm not objecting to that, Your

7    Honor.

8              THE COURT:  Okay.

9              MR. WOLMAN:  Your Honor?

10             THE COURT:  Yes.

11             MR. WOLMAN:  This is a public proceeding.  There's

12   a public access line.  Unlike the other day at least was an

13   emergency issue, again, this has been teed up previously.

14   As Mr. Henzy said, this could have been expedited.

15             And the Court cannot just seal the public and

16   close the courtroom without that very same public hearing on

17   whether or not it should do so.  And so we're putting the

18   cart before the horse.

19             The public -- even the ability to observe the

20   court and court proceedings is part of that common law and

21   First Amendment right of access.

22             And so we object to the sealing of the courtroom

23   at this time.  They may be provisionally under seal, but

24   that does not mean that the Court has now determined that

25   they should be under seal.

1           And if the Court decides that the documents should

2     not be under seal, then the public will have been denied

3     access to this very proceeding improperly.

4           THE COURT:  So they -- actually, they won't,

5     because then you will have access to the proceeding.  So I

6     don't agree with your argument, Attorney Wolman.  And there

7     is already a protective order in place that already

8     anticipated things being filed under seal.

9           This hearing on this motion for contempt has been

10    set for some time.  And if you had concerns about these

11    issues, you could have raised them ahead of time as well.

12    You know that -- you've seen the matter has been filed under

13    seal.  You haven't filed anything.

14          And no other party is on the phone or

15    participating in this that's objecting to the process that

16    we just set forth in order to continue the hearings in this

17    case and to allow this investigation to go forward, which is

18    what is going on in this case.  The cases that you've cited

19    to yesterday have been cited in the Second Circuit as not

20    applying in bankruptcy cases.  And the public interest in

21    this case may, in fact, well be served even after today

22    because of whatever ruling is made.

23          However, there are already orders in place that

24    anticipated that there are privileges asserted -- that can

25    be asserted with these documents and that there were

1    confidential information in these documents.

2            And if you wanted to be bound by those things,

3    your client could have signed onto those orders.  And I

4    don't believe your client has. And so we're going to proceed

5    in the manner that I've just stated we are going to proceed.

6            So I'm going to have everyone be removed from the

7    public access line and from the courtroom, and I will

8    continue on with regard to Exhibits 34, 36 and 37 at this

9    time with Attorney Bassett and Attorney Henzy only.  When

10   those issues are resolved, everybody else will be brought

11   back into the hearing.

12           MR. MORIARTY:  Your Honor, this is Attorney

13   Moriarty.  I'm also counsel for the debtor.  Is there any

14   reason why I would need to leave?

15           THE COURT:  Yes.  We're going to keep it to

16   Attorney -- to the people making the argument.  Thank you.

17           MR. BASSETT:  Your Honor, full disclosure, the

18   trustee, as you know, is in the room with me.  I assume it's

19   acceptable for him to stay.

20           THE COURT:  Yes.  The trustee can stay.

21           All right.  Let's go ahead and remove --

22           MR. HENZY:  Your Honor?  I apologize Your Honor.

23   I'd ask that my partner, Mr. Moriarty, be able to stay with

24   me.  He --

25           THE COURT:  Look, everybody, I just want to say

1    one thing.  This is getting out of control.  This is a

2    hearing.

3             We are -- we're not going to have this hearing --

4    every single moment we have in a hearing somebody say, oh,

5    wait a minute, wait a minute, wait a minute.  We are -- this

6    is an evidentiary hearing.  Evidence is being presented.

7             Mr. Moriarty, you can -- you are not to say

8    anything.  You turn off your microphone.

9             That's it.  I have ruled.  If no one likes the

10   ruling, you can appeal it.  Let's proceed the way that I've

11   just stated.

12            THE COURTROOM DEPUTY:  Okay, Your Honor.  We're

13   just removing people.

14            THE COURT:  Yes.

15            THE COURTROOM DEPUTY:  Okay.

16       (Pause.  Parties placed in waiting room.)

17            THE COURTROOM DEPUTY:  Okay, Your Honor.  I

18   believe I have Attorney Bassett, Attorney Moriarty and

19   Attorney Henzy still in the room.

20            THE COURT:  Is the public access line --

21            THE COURTROOM DEPUTY:  They're in the waiting

22   room.  That's in the --

23            THE COURT:  There's no one else --

24            THE COURTROOM DEPUTY:  The public access line

25   is --

1          THE COURT:  There's no one else --

2          THE COURTROOM DEPUTY:  -- in the waiting room.

3          THE COURT:  All right.  I want everyone to know we

4     are getting -- we're going to address this issue, because

5     I'm not going to have this hearing anymore.  I'm not going

6     to have fights over motions to seal.  I'm not going to go

7     through this.  This is ridiculous.  It's a waste of

8     everyone's time.  I've got an attorney who's going to object

9     that this is under seal.

10         So I'm not going to continue this hearing.  I'm

11    going -- you're going -- someone has to file a motion -- an

12    emergency motion to have the motion for -- to seal put on

13    the calendar tomorrow morning.  And we'll address it.

14         And I'm not going to do this.  I'm not going to

15    spend my time and my days having to worry about people

16    appealing whether this is a public hearing or not.  You've

17    all entered into orders.  You're all sophisticated lawyers.

18    You need to figure this out.  I am not going to do this.

19    Okay?

20         So I am -- we're going to go back on the record.

21    And we're going to tell everybody that given the objection

22    to the fact that the sealing motion hasn't been held yet

23    and -- we're going to stop today's hearing and we are going

24    to have the -- someone's going to have to move to put the

25    motion for seal on the hearing calendar for tomorrow

1    morning.

2              And you can make an oral motion to do that.  I

3    will allow that.  And I will tell anyone if they need --

4    want to file an objection, they need to do so by whatever

5    time it is.

6              Now, I will also tell you that tomorrow at noon I

7    have an appointment that I have to keep.  So we -- if we're

8    going to start this hearing tomorrow morning at whatever

9    time we're going to start it at, it's going to have to be

10   stopped again.

11             So you're all going to have to decide how you want

12   to proceed.  But this is not how we're going to proceed.  I

13   am not going to sit here and have to make rulings about

14   whether something is public record or not and what the

15   effect of prior orders that you all agreed to and that have

16   been entered in this case have in this case.  I'm not doing

17   that.  That is a waste of judicial resources, and it is not

18   an efficient use of an evidentiary hearing.

19             So, Mr. Bassett and Mr. Henzy, what are your --

20   what do you propose to do this afternoon once we conclude

21   this hearing?  Because I'm not doing anything else today.  I

22   am not getting involved in fights about whether or not the

23   public has been excluded from this hearing.

24             MR. HENZY:  Your Honor, if I could?  I don't want

25   to be involved in that fight either.  I'm not fighting that

1    issue in any way, shape or form.  I apologize.

2            All I want to do is be able to use the exhibits in

3    a full way.  I don't want to be prejudiced by not being able

4    to tell you specifically what I am talking about in the

5    exhibits.

6            I do think -- and as I said earlier, I want to get

7    this done.  I think it is impossible that we will finish in

8    two hours tomorrow.  I'm happy to start at 10:00, stop at

9    noon and then continue it at the Court's next available

10   date.  Or if the Court is available on Monday at 10:00

11   a.m. -- I don't know what the Court's calendar is.  I'm

12   happy to continue it until Monday.

13           But I -- again, I'm at the Court's, you know, and

14   Mr. Bassett and Mr. Despins', you know, discretion.  But I

15   just -- I absolutely do not want the Court to think that I'm

16   saying I think we can finish in two hours tomorrow.

17           By the time we get through -- Mr. Wolman is going

18   to argue the sealing, Your Honor -- and I don't mean that as

19   a criticism of Mr. Wolman.  And it's going to be 10:30

20   before we get going.  And we're not going to finish this

21   case in an hour and a half.  We're not going to.

22           MR. DESPINS:  Your Honor, just for clarification,

23   were you suggesting that when we go back on the public

24   docket that we could make an oral request to have the

25   sealing motion heard tomorrow morning?

1          THE COURT:  That is correct.

2          MR. DESPINS:  Okay.  So at least we can get that

3     out of the way tomorrow.

4          MR. HENZY:  And I will --

5          THE COURT:  That is correct.

6          MR. HENZY:  Yeah.  And I will have no objection to

7     that, just to be clear.  I'm --

8          THE COURT:  And I'm not saying we can't have a

9     hearing -- the hearing couldn't continue at 1:00 or 1:30

10    tomorrow afternoon --

11         MR. HENZY:  Oh.  Oh.

12         THE COURT:  -- or something.  I'm not saying that.

13    But I'm saying there's going to be a definite stopping

14    point --

15         MR. HENZY:  Okay.  Okay.

16         THE COURT:  -- I have no control over.

17         MR. HENZY:  Okay.  All right.  I misunderstood

18    that.  So that's fine.

19         THE COURT:  Sorry.  You didn't misunderstand.  I

20    didn't say --

21         MR. HENZY:  No, no, no.

22         THE COURT:  -- that I --

23         MR. HENZY:  Yeah.  No, that's fine.  That's fine.

24         THE COURT:  But I just -- I can't -- I'm not going

25    to do that.  I just -- it's just not -- it's not worth

1    anyone's time or energy.  It's just not.

2              MR. BASSETT:  Okay.  We apologize as well, Your

3    Honor, for the challenges that this has created.

4              THE COURT:  I just -- so, ultimately, I'm going to

5    unseal everything that I -- well, I don't know what I'm

6    going to do, actually, except that I'm going to go back on

7    the record, and I'm going to say we -- I told the parties

8    that we are not going to continue this hearing today because

9    of the objection with regard to the public access.  And then

10   the parties -- and then you all can take whatever action you

11   think is appropriate this afternoon.  Okay?

12             MR. BASSETT:  Thank you, Your Honor.

13             THE COURT:  All right.  So I'm going to ask the

14   courtroom deputy to please bring in -- bring everyone back

15   in.

16             THE COURTROOM DEPUTY:  Your Honor, I have to say

17   that I did not hear you say to go off the record, so

18   although I did remove those parties, there is a recording.

19             THE COURT:  That's fine.  That's fine.

20             THE COURTROOM DEPUTY:  So I just wanted you to

21   know that so --

22             THE COURT:  That's fine.

23             THE COURTROOM DEPUTY:  Okay.  Okay.

24             THE COURT:  But before you bring them back in --

25             THE COURTROOM DEPUTY:  Yes.

1          THE COURT:  -- because there's a -- there is a

2     recording --

3          THE COURTROOM DEPUTY:  Yes.

4          THE COURT:  -- are -- we didn't talk about

5     anything that is related to any specifics of under seal.  So

6     I don't think there's a problem with the recording being

7     public of what we just talked about.  Does anybody --

8          MR. HENZY:  I don't --

9          THE COURT:  -- disagree with that?

10          MR. HENZY:  I agree, Your Honor.  I agree with

11     that.

12          MR. BASSETT:  Your Honor, we don't have a

13     disagreement with that, Your Honor.

14          THE COURT:  Okay.  Good.  Then that's what I'm

15     going to do.  I don't need to get involved in any more of

16     this -- of these issues.  You know, unless they're

17     warranted.

18          And I'm not saying it's not warranted.  He can

19     make -- any lawyer can make whatever argument they feel is

20     appropriate.  But I can't have an evidentiary hearing be

21     subject to this issue.  The issue needs to be decided.

22     Okay?

23          All right.  So, Madam Courtroom Deputy, you're

24     correct.  Just keep the record the same.

25          THE COURTROOM DEPUTY:  Okay.

1          THE COURT:  It is what it is.  And we didn't

2     discuss any of the exhibits that are subject to the sealing

3     motion.  And I will explain that to everyone when we get

4     back on the record.

5          THE COURTROOM DEPUTY:  Okay.  Okay.  We are -- we

6     have never been off the record.  I just want to make it

7     clear.

8          THE COURT:  I'm sorry.  When you bring everyone

9     back in, I should say.

10          THE COURTROOM DEPUTY:  Okay.

11          THE COURT:  When you bring everyone back in to the

12     hearing, the virtual hearing --

13          THE COURTROOM DEPUTY:  Okay.

14          THE COURT:  -- which is another reason why these

15     hearings are -- virtual hearings are -- just add another

16     layer of complexity.

17          THE COURTROOM DEPUTY:  Okay.  All right.  Thank

18     you, Your Honor.  So I'm going to admit all now.

19          THE COURT:  Thank you.

20          THE COURTROOM DEPUTY:  You're welcome.  Okay.  I

21     believe everyone is back in the hearing.

22          THE COURT:  Okay, everyone.  I removed everyone

23     from the courtroom for a few minutes, but I can tell you

24     that the transcript of that time is public record.  It's not

25     filed under seal.

1          I informed the parties, much as you could say --

2     you could do in a sidebar, that the Court is not going to

3     continue with the evidentiary hearing today in light of the

4     objection of Mr. Wolman with regard to the public access to

5     the hearing.  Therefore, we are not going to proceed.

6          I told the trustee's counsel that if they want to

7     move orally to schedule the hearing on the motion to seal

8     for tomorrow morning, I would entertain that motion.

9          And that if someone objected, they can object

10    orally to that being scheduled tomorrow morning.  And if it

11    is scheduled tomorrow morning, then they can file a written

12    objection before the hearing tomorrow morning.

13         So, Mr. Bassett, how would you like to proceed?

14         MR. BASSETT:  Your Honor, Nick Bassett from Paul

15    Hastings on behalf of the trustee.  The trustee hereby moves

16    to set the motion to seal, which I believe is at ECF 1095,

17    for hearing tomorrow morning when the Court resumes.

18         THE COURT:  Okay.  Mr. Wolman, what's your

19    position on that motion?

20         MR. WOLMAN:  At this point, I have to reserve my

21    rights to object, so --

22         THE COURT:  Are you objecting to it being

23    scheduled tomorrow morning?

24         MR. WOLMAN:  No.

25         THE COURT:  Okay.  Then the hearing on the motion

1    to seal is scheduled for tomorrow morning at 10:00 a.m.  It

2    will again be held via remote access via Zoom.

3          Attorney Wolman, you'll have until 9 a.m. to file

4    an opposition to the motion.  No other party is objecting to

5    the motion to seal.

6          So and we will -- anything -- that -- so that is

7    how we are going to handle the evidentiary hearing.  It's

8    going to be suspended at this time until we can address the

9    motion to seal tomorrow morning at 10:00 a.m.

10         Mr. Moriarty, that means --

11         MR. MORIARTY:  Yes?

12         THE COURT:  -- the motion to compel again,

13   obviously, will not be commenced today, because the hearing

14   on the -- the evidentiary hearing on the motion to -- for

15   contempt has not concluded yet.

16         So you're just -- unfortunately, the motion to

17   compel will just have to be continued until whatever time

18   there is a conclusion of the hearing on the motion for

19   contempt.  Okay?

20         MR. MORIARTY:  Your Honor, the motion to compel

21   seeks to compel my clients to do something, so I'm okay

22   without you hearing it today.

23         Just Attorney Bassett -- I think he mentioned ECF

24   1095 as the motion to seal.  And I believe previously

25   Attorney Linsey mentioned it at 1099.  And I just --

1          THE COURT:  1099 is -- no.  The motion is -- the

2     motion is 1095.

3          MR. MORIARTY:  Okay.  Thank you.

4          THE COURT:  The documents that are sealed are 1099

5     and 1100.  Those are the two documents that are sealed.  The

6     actual motion is 1095.

7          MR. MORIARTY:  Okay.  So Attorney Bassett was

8     correct.  I just wanted to make sure there wasn't an issue

9     tomorrow morning.

10          THE COURT:  With regard to what?

11          MR. MORIARTY:  With regard to the motion number

12     being incorrect.

13          THE COURT:  Oh, I see.

14          MR. MORIARTY:  But I was incorrect.

15          THE COURT:  I see.  I see.  Well, I'm going to

16     look right now again for the fifth time to make sure that

17     I'm correct so that we can get this record -- make sure this

18     record is accurate with -- since we have over a thousand

19     docket entries since February.

20          So I am looking at the official docket of the

21     case, the CM/ECF docket.  1095 is the motion to seal related

22     to Documents 1083, which are the exhibits.  So it does say

23     that on the docket, Attorney Moriarty, that the motion to

24     seal is 1095.  Okay?

25          MR. MORIARTY:  Thank you, Your Honor.

1              THE COURT:  And then -- no, that's okay.  And then

2     Attorney Linsey indicated and articulated on the record

3     today within the last hour when I asked the question that

4     the two sealed documents, 1099 -- 1099 is -- are Trustee

5     Exhibits 20 through 24, 28 through 30 and 34 through 38.

6     And ECF 1100 is Trustee Exhibit 27.

7              Are there any other documents that I should be

8     addressing with regard to this motion to seal, 1095, that

9     we'll be hearing tomorrow morning at 10:00 a.m.?

10         (No audible response)

11              Okay.  Hearing nothing, then that -- then we will

12    have the hearing on the motion to seal tomorrow morning at

13    10:00 a.m.

14              And I think there is no -- nothing further that we

15    can address this afternoon.  The court will be in recess

16    until 10:00 a.m.

17              MR. GOLDMAN:  Judge, just one point for

18    clarification.  Following the hearing on the motion to seal,

19    Your Honor will continue with the motion for contempt, I

20    take it?

21              THE COURT:  That is correct.

22              MR. GOLDMAN:  Thank you.

23              THE COURT:  Okay.  Thank you.  Court is in

24    recess -- excuse me, is adjourned.

25              MR. HENZY:  Thank you, Your Honor.

1          UNIDENTIFIED SPEAKER:  Thank you.

2          THE COURTROOM DEPUTY:  Court is adjourned.

3          MR. BASSETT:  Thank you.

4       (Proceedings concluded at 3:28 p.m.)

5

6

7          I, CHRISTINE FIORE, Certified Electronic

8    Court Reporter and Transcriber, certify that the foregoing

9    is a correct transcript from the official electronic sound

10   recording of the proceedings in the above-entitled matter.

11

12

13   _____     December 1, 2022

14      Christine Fiore, CERT

15

16

17

18

19

20

21

22

23

24

25

INDEX

TRUSTEE'S

EXHIBITS:                                                        Received

6    Particular of Claims, *Kwok Ho Wan & Ors. v.*

     *UBS,* C1-2020-00345 High Court of Justice

     of England and Wales Queen's Bench Div.

     Commercial Court, 9/23/20                                    19

7    Transcript of Section 341 Meeting, 4/6/22                    19

10   Transcript of Section 341 Meeting, 3/21/22                   19

13   Final Arbitration Award in *Boies Schiller*

     *Flexner LLP v. Miles Kwok*                                  45

15   Affidavit of in *Ace Decade Holdings*

     *Limited v. UBS AG*                                          19

28   Email Chain Beginning 7/11/19 at 7:08 p.m.

     in which M. Krasner emailed Y. Wang and K.

     Maistrello concerning Chateau Ridge property                45

29   Email Chain Beginning 11/10/16 in which

     K. Sloane emailed Y. Wang concerning the

     Sherry Netherland                                           45

30   Email from K. Sloane to Y. Wang on 5/12/17

     concerning the Sherry Netherland                            45

1                                                        Received

2    34   Email Chain Beginning 12/8/22 at 2:57 p.m.

3         in which Q. Gao emailed Y. Yu, copying

4         J. Schiller and M. Huange concerning

5         NY UBS action                                   45

6    36   Email Chain Beginning 12/8/16 at 3:00 p.m.

7         in which Q. Gao emailed D. Boies and L. Carlsen,

8         copying J. Schiller and M. Huange,

9         concerning NY UBS action                        45

10   37   Email Chain Beginning 12/8/16 at 3:00 p.m.

11        in which Q. Gao emailed D. Boies and L. Carlsen,

12        copying J. Schiller and M. Huange,

13        concerning NY UBS action                        45

14   39   Deposition Transcript of Ho Wan Kwok in

15        *PAX v. Kwok,* 10/3/18                           45

16

17

18

19

20

21

22

23

24

25