**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                          :     Chapter 11
                                                :
HO WAN KWOK, *et al.*,                          :     Case No. 22-50073 (JAM)
                                                :
              Debtors.¹                         :     Jointly Administered
                                                :
------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO
EXPEDITE HEARING ON APPLICATION OF CHAPTER 11 TRUSTEE, GENEVER
HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC FOR ENTRY OF
ORDER (I) APPROVING RETENTION AND APPOINTMENT OF EPIQ CORPORATE
RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF
DECEMBER 1, 2022, AND (II) GRANTING RELATED RELIEF**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby move (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Application of Chapter 11 Trustee, Genever Holdings Corporation, and Genever Holdings LLC for Entry of Order (I) Approving Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent, Effective as of December 1, 2022, and (II) Granting Related Relief* [Docket No.

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1198] (the "Application").[2]  In support of his Motion to Expedite, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.   The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  The Addendum, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.   Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

**I.   Individual Debtor's Chapter 11 Case**

4.   On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.   On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Individual Debtor's chapter 11 case (the "Chapter 11 Case" or the "Main Case").  No examiner has been appointed in the Chapter 11 Case.

6.   On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins

---

[2]   Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Application.

as the Trustee.[3]

7.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

## II.     Genever (BVI)'s Chapter 11 Case

8.      On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever (BVI) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

9.      No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

10.     October 14, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case and Genever (BVI)'s chapter 11 case [Docket No. 970].

## III.    Genever (US)'s Chapter 11 Case

11.     On October 12, 2020, Genever (US) filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

12.     No trustee or official committee of unsecured creditors has been appointed in Genever (US)'s chapter 11 case.

13.     On September 30, 2022, the Trustee and Genever (US) file their joint motion to transfer venue of Genever (US)'s chapter 11 case to this Court [Docket No. 211 in Case No. 20-12411 (JLG)] (the "Venue Transfer Motion"). By order dated November 3, 2022, the New York Bankruptcy Court granted the Venue Transfer Motion.

---

[3] The references to docket numbers set forth in this Motion refer to the Chapter 11 Case docket unless otherwise indicated.

3

14. On November 21, 2022, the Court entered an order granting joint administration of the chapter 11 cases of the Individual Debtor, Genever (BVI), and Genever (US) [Docket No. 1141].

## IV. Bar Date Motion

15. On November 8, 2022, Movants filed the *Supplemental Motion of Chapter 11 Trustee, Genever Holdings Corporation, and Genever Holdings LLC for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim; (II) Approving Form of Notice of Bar Dates; and (III) Granting Related Relief* [Docket No. 1072] (the "Supplemental Bar Date Motion").

16. On November 16, 2022, the Court held a hearing (the "Hearing") on the Supplemental Bar Date Motion [Docket No. 1072]. At the conclusion of the Hearing on the Supplemental Bar Date Motion, the Court granted the Supplemental Bar Date Motion with certain modification discussed by the Trustee on the record at the Hearing

17. On November 17, 2022, the Trustee submitted to the Court a revised proposed Bar Date Order, reflecting those modifications.

18. On December 2, 2022, Movants filed an addendum to the Supplemental Bar Date Motion [Docket No. 1191] (the "Addendum") requesting, among other things, that the Court approve procedures to allow individual creditors to submit proofs of claim on a confidential basis without publicly disclosing their names and contact information.

19. On December 5, 2022, Movants filed the Application requesting entry of an order retaining Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent, effective as of December 1, 2022.

## THE APPLICATION

20. By the Application, the Movants seeks entry of an order appointing Epiq as the

claims and noticing agent for the Debtors in accordance with the Services Agreement, effective as of December 1, 2022.

21. As provided in the Application, it is necessary for individual creditors of the Debtors to file proofs of claim on a confidential basis due to the Individual Debtor's intimidation strategy. Movants have determined that the most efficient and economical method of submitting proofs of claim on a confidential basis is through a claims and noticing agent. An unnecessary administrative burden would be imposed on individual creditors, the Trustee, Genever (BVI), Genever (US), the Clerk, and the Court without retention of a claims and noticing agent because each individual creditor would need to seek relief from the Court to have the personal information in their proof of claim sealed. As such, the Movants believe the appointment of Epiq is in the best interests of the Debtors' estates and parties in interest.

## RELIEF REQUESTED

22. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Application upon an expedited basis. The Trustee respectfully requests that the Court schedule a hearing with respect to the Application for Monday, December 12, 2022, or as soon as possible thereafter as the Court may be available.

23. For one, the appointment of a claims and noticing agent is largely a ministerial matter. Moreover, in light of the requested procedures to allow individual creditors to submit proofs of claim on a confidential basis, it is critical that a claims and noticing agent be appointed to manage and implement these procedures.

24. Finally, the Trustee requests that the Court order that any opposition to the Application be filed on or before December 9, 2022, at 12:00 p.m.

WHEREFORE, Movants request that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Application on December 12, 2022, setting a deadline to object to the Application, and ordering such other and further relief as is just and proper.

Dated: December 5, 2022
New Haven, Connecticut

| GENEVER HOLDINGS LLC | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By: */s/ Douglas S. Skalka* <br> Douglas S. Skalka (ct00616) <br> Patrick R. Linsey (ct29437) <br> NEUBERT, PEPE & MONTEITH, P.C. <br> 195 Church Street, 13th Floor <br> New Haven, Connecticut 06510 <br> (203) 781-2847 <br> dskalka@npmlaw.com <br> plinsey@npmlaw.com <br><br> and <br><br> Kevin J. Nash, Esq. <br> GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP <br> 1501 Broadway, 22nd Floor <br> New York, New York 10036 <br> (212) 221-5700 <br><br> *Counsel for Genever Holdings LLC Debtor and Debtor-in-Possession* <br><br> GENEVER HOLDINGS CORPORATION <br><br> By: */s/ Douglas S. Skalka* <br> Douglas S. Skalka (ct00616) <br> Patrick R. Linsey (ct29437) <br> NEUBERT, PEPE & MONTEITH, P.C. <br> 195 Church Street, 13th Floor <br> New Haven, Connecticut 06510 <br> (203) 781-2847 <br> dskalka@npmlaw.com <br> plinsey@npmlaw.com <br><br> *Counsel for Genever Holdings Corporation Debtor and Debtor-in-Possession* | By: */s/ Douglas S. Skalka* <br> Douglas S. Skalka (ct00616) <br> Patrick R. Linsey (ct29437) <br> NEUBERT, PEPE & MONTEITH, P.C. <br> 195 Church Street, 13th Floor <br> New Haven, Connecticut 06510 <br> (203) 781-2847 <br> dskalka@npmlaw.com <br> plinsey@npmlaw.com <br><br> and <br><br> Nicholas A. Bassett *(pro hac vice)* <br> PAUL HASTINGS LLP <br> 2050 M Street NW <br> Washington, D.C., 20036 <br> (202) 551-1902 <br> nicholasbassett@paulhastings.com <br><br> and <br><br> Douglass Barron *(pro hac vice)* <br> PAUL HASTINGS LLP <br> 200 Park Avenue <br> New York, New York 10166 <br> (212) 318-6079 <br> douglassbarron@paulhastings.com <br><br> *Counsel for the Chapter 11 Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                           :
In re:                                                                   :    Chapter 11
                                                                           :
HO WAN KWOK, *et al.*,                                  :    Case No. 22-50073 (JAM)
                                                                           :
                                  Debtors.[1]              :    Jointly Administered
                                                                           :
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the chapter 11 trustee's (the "Trustee"), Genever Holdings Corporation's ("Genever (BVI)"), and Genever Holdings LLC's ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") *Application of Chapter 11 Trustee, Genever Holdings Corporation, and Genever Holdings LLC for Entry of Order (I) Approving Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent, Effective as of December 1, 2022, and (II) Granting Related Relief* [Docket No. 1198] (the "Application");[2] and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Application shall be held on **December 12, 2022, at [_]:00 [_].m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Application.

2

**ORDERED,** that the deadline to object to the Application shall be **December 9, 2022 at 12:00 p.m.**; and it is further

**ORDERED,** that a copy of this Order, along with the Application and any attachments thereto, shall be served upon all parties to the above-captioned case, and the Movants shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                  :
In re:                                      :      Chapter 11
                                                  :
HO WAN KWOK, *et al.*,         :      Case No. 22-50073 (JAM)
                                                  :
           Debtors.[1]               :      Jointly Administered
                                                  :
---------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 5, 2022, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

Dated:    December 5, 2022           LUC A. DESPINS,
           New Haven, Connecticut     CHAPTER 11 TRUSTEE

                                              By:  /s/Douglas S. Skalka
                                                     Douglas S. Skalka (ct00616)
                                                     Patrick R. Linsey (ct29437)
                                                     Neubert, Pepe & Monteith, P.C.
                                                   195 Church Street, 13th Floor
                                                   New Haven, Connecticut 06510
                                                   (203) 821-2000
                                                   dskalka@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.