UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
                              :
In re:                           :   Chapter 11
                              :
HO WAN KWOK, *et al.*,[1]      :   Case No. 22-50073 (JAM)
                              :
          Debtors.        :   (Jointly Administered)
                              :
-------------------------------------------------------x

## CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), TO RETAIN ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INSPECT LADY MAY YACHT

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed

in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), hereby files this Motion (the "Motion") for the entry of an order, substantially in the

form attached hereto as **Exhibit C**, authorizing the Trustee to retain and employ Engineering

Operations and Certification Services, LLC ("EOCS") pursuant to the letter agreement dated

December 7, 2022 (the "Engagement Agreement"),[2] by and between the Trustee and EOCS, to

provide inspection services with respect to the Lady May yacht (the "Lady May"), effective as of

November 23, 2022.  In support of this Motion, the Trustee also submits the declaration (the

"White Declaration") of Dexter White ("Mr. White") annexed hereto as **Exhibit B**, and further

represents as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] A true and correct copy of the Engagement Agreement is attached hereto as **Exhibit A**.

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended).  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.　　Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　The statutory basis for the relief requested in this Motion is section 363(b) of the Bankruptcy Code.

## RELIEF REQUESTED

4.　　By this Motion, pursuant to section 363(b) of the Bankruptcy Code, the Trustee requests the entry of an order, substantially in the form of **Exhibit C** (the "Proposed Order") attached hereto, authorizing the Trustee to retain and employ EOCS to provide the Trustee with inspection services with respect to the Lady May.

## BACKGROUND

### A.  Lady May and Stipulated Order

5.　　 On February 3, 2021, the New York County Clerk of Court entered a judgment against the Debtor in the amount of $116,402,019.57 (the "Judgment") in the litigation styled *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 9, 2022), before Justice Ostrager in the New York Supreme Court.[3]  To ensure satisfaction of the Judgment, Justice Ostrager issued multiple orders restraining the Debtor's interest in the Lady May.

---

[3]　Judgment, *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 3, 2021) (the "New York Action"), NYSCEF Doc. No. 716.

6.      On February 9, 2022, in connection with the Debtor's moving of, and continuous failure to return, the Lady May, Justice Ostrager issued a final contempt order ordering the Debtor to remit $134,000,000 to PAX by February 16, 2022.[4]

**B.  Chapter 11 Case**

7.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

8.      On March 1, 2022, PAX moved for relief from the automatic stay, to institute further proceedings to enforce Justice Ostrager's Final Contempt Order and compel the return of the Lady May from foreign waters.[5]  On April 11, 2022, HK USA consented to the entry of an order compelling the return of the Lady May to the jurisdiction of this Court,[6] and on April 29, 2022, the Court entered its *Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, the "Lady May"* (the "Stipulated Order").

9.      In accordance with the Stipulated Order and to secure its obligation to deliver the Lady May to the navigable waters of Connecticut, HK International Funds Investments (USA) Limited, LLC's ("HK USA") deposited $37 million (the "Escrow Funds") with U.S. Bank

---

[4]  Decision and Order on Motion at 4, 10, *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 9, 2022), NYSCEF Doc. No. 1181 (the "Final Contempt Order").

[5]  *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code*, ECF No. 57.

[6]  *Statement of HK International Funds Investments (USA) Limited, LLC Regarding Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the  Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code*, ECF No. 203.

National Association.[7]  The Stipulated Order also requires HK USA "at its sole expense . . . to restore the Lady May to good working order."[8]

10.     On July 8, 2022, the Court entered an order [Docket No. 523] granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

11.     On September 23, 2022, HK USA filed its *Motion for Order Establishing a Repair Reserve for the Lady May* [Docket No. 728] (the "Repair Reserve Motion") which sought, among other things, to establish a repair reserve of funds to return the Lady May to good working order.

12.     On October 7, 2022, the Court entered the *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 930] (the "Repair Reserve Order") granting the Repair Reserve Motion, and establishing a repair reserve equaling $4 million (the "Repair Reserve Amount").  The Repair Reserve Order requires the Trustee to hold the Repair Reserve Amount in escrow "solely for the purpose of securing the completion of the service, maintenance, and repairs required to be performed to restore the Lady May to good working order in accordance with the Stipulated Order."[9]

13.     The Repair Reserve Order also provides the Trustee with the right, after receiving a certification from HK USA certifying that the required repairs to the Lady May have been completed, to "timely inspect the Lady May to confirm the completion of the corresponding Required Repairs (each, the 'Trustee Inspection,' and, the final Trustee Inspection after the

---

[7]    Stipulated Order at ¶¶ 1, 3, 11.

[8]    *Id.* at 11.

[9]    Repair Reserve Order ¶ i.

completion of all Required Repairs, the 'Final Trustee Inspection')."[10]  Finally, the Repair Reserve Order states that "[a]ny costs associated with a Trustee Inspection shall be borne by the Debtor's estate."[11]

14.     In connection with the Trustee's obligation to secure the completion of the repairs required to restore the Lady May to good working order, and the Trustee's right to perform an inspection the Lady May, the Trustee requires a third party with the relevant expertise to inspect the Lady May.

## EOCS' QUALIFICATIONS

15.     EOCS's services include engineering, design-build processes, program management, operations performance and assessments, facility assessments, improvements and certification, nuclear engineering and compliance, incident investigation, and marine surveys. Mr. White, President and CEO of EOCS, has spent the last four decades as a shipbuilder and operating engineer, leading teams to resolve operational problems, through root-cause analysis, mapping, and developing design and operational changes.  Mr. White has participated in and overseen the testing for seaworthiness, certification, and delivery of hundreds of sea vessels, including 50 U.S. Navy submarines.  He hold a bachelor's degree in Business Administration and Shipyard Management from the University of New Haven, and has held a United States Coast Guard Master Captain's License.  Mr. White is also a member of the Association of Certified Marine Surveyors, the International Association of Marine Investigators, the Society of Naval Architects & Marine Engineers, and the American Society of Naval Engineers.

---

[10]  *Id.* ¶ ix.

[11]  *Id.*

16.    Additionally, EOCS and Mr. White are already familiar with the Lady May, as they performed an inspection of the Lady May on July 13, 2022 on behalf of PAX as called for in the Stipulated Order.[12]  Thus, EOCS and Mr. White are particularly well qualified to conduct the necessary inspections of the Lady May.

## **SCOPE OF SERVICES**[13]

17.    Subject to approval by the Court, the Trustee proposes to retain EOCS to provide Mr. White to perform an inspection of the Lady May in connection with the Trustee's rights and obligations under the Repair Reserve Order (the "Inspection Services").  As part of the Inspection Services, Mr. White may, among other things, conduct a visual inspection of the Lady May's engine room, midship hold, anchor locker, tender stowage, galley and crew quarters, owner and guest accommodations, salon, dining room, bar, bridge, decks, and freeboard above the waterline.  The Inspection Services may also include:

    a)  preparing and analyzing expert reports;
    b)  participating in meetings and telephone consultations;
    c)  giving deposition testimony;
    d)  testifying in court; and
    e)  providing other services as specified by the Trustee.

18.    The Trustee submits that the foregoing Inspection Services are necessary to ensure the Lady May is in good working order in accordance with the Repair Reserve Order, so as to maximize the value of the estate.

---

[12]    Stipulated Order ¶ 11.

[13]    The following summary of the Engagement Agreement is qualified, in its entirety, by the terms of Engagement Agreement, attached hereto as **Exhibit A**.

### EOCS' DISINTERESTEDNESS

19.     To the best of the Trustee's knowledge in reliance upon the White Declaration, and except as disclosed therein, neither Mr. White nor EOCS, nor any member or associate thereof, represents professionally, or has any connection with, the Trustee, the Debtor, his creditors,[14] any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

### TERMS OF RETENTION

20.     As provided in the Repair Reserve Order, and in accordance with the terms of the Engagement Agreement, EOCS will be paid by the Debtor's estate for the services of Mr. White at the rate of $175 (USD) per hour, plus travel costs at the rate of $50 (USD) per hour.

### FEE PROCESS

21.     The Trustee requests authorization that, in lieu of filing fee applications, the Trustee be authorized to file a notice with the Court attaching EOCS' invoices for the Inspection Services.  Parties in interest will then have fourteen (14) days to object to such invoices.  If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order.  If any timely objections are filed, the Trustee may file a response to such objection(s) within seven (7) days thereafter, after which the Court will rule on the matter (the aforementioned process in connection with the EOCS invoices the "EOCS Fee Protocol"). Notwithstanding the foregoing, the EOCS Fee Protocol shall only apply as long as fees for any consecutive three (3) month period do not exceed $30,000 and the aggregate amount of fees do not exceed $50,000.  If EOCS' fees over any consecutive three (3) month period exceed $30,000, or the aggregate fees exceed $50,000, then EOCS will file a fee application with the Court.

---

[14]     As noted above and in the White Declaration, EOCS has previously inspected the Lady May on behalf of PAX as called for in the Stipulated Order.

7

## BASIS FOR RELIEF REQUESTED

22.    The Trustee requests that the Court authorize and approve his entry into the Engagement Agreement pursuant to section 363(b) of the Bankruptcy Code.  Under applicable case law in this and other circuits, if a debtor's or trustee's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved.  *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

23.    The Trustee's payment of EOCS' fees (in accordance with the terms of the Engagement Agreement) is a sound exercise of the Trustee's business judgment.  Mr. White has extensive experience inspecting yachts, and as discussed above is already familiar with the workings and condition of the Lady May.  The Trustee believes that EOCS and Mr. White are the highly qualified to provide the inspection services contemplated under the Repair Reserve Order.  In light of the foregoing, the Trustee believe that the retention of EOCS is appropriate and in the best interests of the Debtor's estate and his creditors.

24.    For all the reasons, the Trustee submits that the payment of EOCS' fees on the terms set forth in the Engagement Agreement is reasonable and appropriate under the circumstances.

## NOTICE

25.     Notice of this Motion has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

26.     No prior request for the relief sought in the Motion has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter the Proposed Order, substantially in the form attached hereto are **Exhibit C**, granting the Motion and such other and further relief as the Court deems just and proper.

Dated:    December 8, 2022             LUC A. DESPINS,
           New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: /s/ Douglas S. Skalka
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## EXHIBIT A

**Engagement Agreement**

Luc A. Despins
Chapter 11 Trustee for the Estate of Ho Wan Kwok

December 6, 2022

Dexter White
Engineering Operations and Certification Services, LLC
PO Box 67
Mystic, Connecticut 06355

**Re:**  ***Retention Agreement Regarding Services in Connection With In re Ho Wan Kwok***

Dear Mr. White:

This letter confirms that Luc Despins, in his capacity as chapter 11 trustee (the "Trustee" or "Client") for the estate of Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo (the "Debtor"), has retained, effective as of November 23, 2022, you and your team to provide expert services relating to his role as Trustee in connection with the existing bankruptcy case captioned *In re Ho Wan Kwok*, subject to such retention being approved by the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). The terms of our retention of you are set forth below.

1.  Independent Contractor.  You agree to provide your services in the Action as an independent contractor and that you are not an employee of Paul Hastings LLP or Client. You and any of your agents or representatives will work only at the request of and as directed by the Trustee.

2.  Services.  Your services are needed to assist the Trustee, on a confidential and privileged basis, in performing an inspection to assess the condition of the Lady May (IMO 1012355).  These services may also include preparing and analyzing expert reports, participating in meetings and telephone consultations, giving deposition testimony, testifying in court, and providing other services as specified by the Trustee.

3.  Termination.  The Trustee or you may terminate this Agreement without cause at any time by provision and receipt of prior written notice to the other party, by confirmed fax or mail.  If this Agreement is terminated by the Trustee without cause, you will be compensated by the Trustee for all services and expenses incurred as a result of this Agreement up to the date of termination.

4.  Payment Arrangement.  You will be compensated for your services at your standard rate of $175/hour plus travel costs at $50/hour.  You will also be reimbursed for your reasonable expenses incurred in the rendering of services, provided such expenses have been incurred at the request or direction, and with the prior approval, of the Trustee.  You will prepare a detailed monthly invoice for your fees and expenses and will send it directly to Client, as follows:

Luc Despins
lucdespins@paulhastings.com
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
c/o Luc A. Despins, as Chapter 11 Trustee for the Estate of Ho Wan Kwok

By executing this letter, Client agrees to pay the amounts incurred in accordance with the terms of this Agreement and the order of the Bankruptcy Court order approving your retention.

5.    <u>Confidentiality/Privilege/Proprietary Information</u>.  You acknowledge and agree that all information, data, property and case-specific experience obtained or created, prepared or developed by you pursuant to this Agreement (a) is "confidential and privileged information," (b) will be maintained in confidence and not disclosed to any third person, (c) is the property and work product of Client (and you have no rights to or interest in it) and (d) is intended to be within the privilege accorded attorney-client privileged communications and/or attorney work product, <u>provided that</u>, this provision does not apply to the extent required by law or as necessary to discharge your services as an expert witness (e.g., in giving deposition testimony or testifying in court). You will not act in any manner, or take any position, to the contrary.

6.    <u>Scope of and Restrictions on Engagement</u>.  Client agrees that you may be engaged by other parties without the need for consent from Client, nor any obligation to advise Client of such engagements, provided that during the pendency of this specific matter, you agree not to accept any other engagement which would result in you working in a position directly adverse to Client in this specific matter.

7.    <u>Miscellaneous</u>.

    (a)    <u>Assignment</u>.  You agree not to assign this Agreement or subcontract the work to be performed under it, except as might be agreed upon by you and the Trustee.

    (b)    <u>Authority</u>.  You warrant that you have the authority to enter into this Agreement and to make the commitments contained in it.

    (c)    <u>Choice of Law</u>.  The construction of this Agreement will be governed by New York law, and any dispute, claim or controversy respecting this Agreement, its meaning, or the performance of Client or you under it, including but not limited to the enforcement or alleged infringement, interference or breach of any related right or obligation of any of the parties will be governed thereby.

    (d)    <u>Compliance with Law</u>.  You will comply with any and all applicable laws and regulations which are now in effect, or which may become applicable in connection with the services hereunder.  You agree to cooperate fully with the Trustee in complying with the requirements of any government or regulatory

2

agency validly asserting jurisdiction over the Trustee in regard to the subject matter of this Agreement.

(e)     Complete Agreement/Changes.  This letter sets forth the entire agreement between Client and you relating to the subject matter set forth in this Agreement, and supersedes any prior agreements, written or oral.  This is a fully integrated document.  This Agreement may not be modified except by a writing subscribed to by the Trustee and you.

(f)     Arbitration.  As a material part of this Agreement, Client and you agree that any and all disputes, claims or controversies arising out of or relating to this Agreement, its enforceability, interpretation, or termination, or the negotiations leading up to it, or to its arbitrability, or any alleged breach, default or misrepresentation of or under any of its provisions or concerning the relationship of the parties, or its termination, or the services performed or not performed by, or the rights of obligations of, any person (collectively, "Claims"), will be submitted to and determined exclusively by confidential, final and binding arbitration, in accordance with the then existing Commercial Arbitration Rules of the American Arbitration Association, in the City of New York.  Claims subject to final and binding arbitration under this Agreement include, without limitation, all those that otherwise could be tried in court to a judge or jury in the absence of this Agreement.  Each party agrees to pay an equal share of the costs of the proceeding, including the Arbitrator's fees.  The Arbitrator shall award to the prevailing party attorneys' fees and decide any dispute regarding costs.

Sincerely,

Luc A. Despins, GAB

as Chapter 11 Trustee for the Estate of Ho Wan Kwok

3

**ACCEPTED AND AGREED TO**
**this 6th day of December 2022:**

**Dexter White**

By: _____

**ACCEPTED AND AGREED TO AS TO PAYMENT TERMS**
**this 6th day of December 2022:**

**Luc Despins**

By: _____

4

# **EXHIBIT B**

**White Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                        :    Case No. 22-50073 (JAM)
:
Debtors.                    :    (Jointly Administered)
:
-------------------------------------------------------x

**DECLARATION OF DEXTER WHITE IN SUPPORT OF CHAPTER 11 TRUSTEE'S**
**MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b) TO RETAIN**
**ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO**
**INSPECT LADY MAY YACHT**

I, Dexter White, under penalty of perjury, declare as follows:

1.       I am the President and CEO of Engineering Operations and Certification Services,

LLC ("EOCS"), an engineering and operations consultancy based in Connecticut located at 16

Whitehall Pond Mystic, CT 06355.  I make this declaration (the "Declaration") in support of the

*Chapter 11 Trustee's Motion to Retain Engineering Operations and Certification Services, LLC*

*to Inspect Lady May Yacht* (the "Motion"), in the chapter 11 case (the "Chapter 11 Case") of Ho

Wan Kwok (the "Debtor").

2.       I oversee the provision of EOCS's services, which include engineering, design-

build processes, program management, operations performance and assessments, facility

assessments, improvements and certification, nuclear engineering and compliance, incident

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
Wan Kwok (solely for purposes of notices and communications).

investigation, and marine surveys.  I have spent the last four decades as a shipbuilder and operating engineer, leading teams to resolve operational problems, through root-cause analysis, mapping, and developing design and operational changes.  I have participated in and overseen the testing for seaworthiness, certification, and delivery of hundreds of sea vessels, including 50 U.S. Navy submarines.  I hold a bachelor's degree in Business Administration and Shipyard Management from the University of New Haven, and have held a United States Coast Guard Master Captain's License.  I am a member of the Association of Certified Marine Surveyors, the International Association of Marine Investigators, the Society of Naval Architects & Marine Engineers, and the American Society of Naval Engineers.

3.     My company EOCS was retained by Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 Case of the Debtor to assist in performing an inspection to assess the condition of the Lady May.  Unless otherwise indicated below, I have personal knowledge of the matters set forth below, and if called as a witness, I could and would testify competently thereto.

4.     In connection with the Trustee's obligation to secure the completion of the repairs required to restore the Lady May to good working order, and the Trustee's right to perform an inspection of the Lady May, I have been retained by the Trustee to inspect the Lady May and advise the Court whether it has been restored to good working order.

27.    As part of my inspection of the Lady May, I will, among other things, conduct a visual inspection of the Lady May's engine room, midship hold, anchor locker, tender stowage, galley and crew quarters, owner and guest accommodations, salon, dining room, bar, bridge, decks, and freeboard above the waterline.  Additionally, as part of my services for the Trustee, I may:

2

a) prepare and analyze expert reports;

b) participate in meetings and telephone consultations;

c) give deposition testimony;

d) testify in court; and

e) provide other services as specified by the Trustee.

5.       EOCS charges for my services at a rate of $175 (USD) per hour, plus travel costs at the rate of $50 (USD) per hour.

6.       To the best of my knowledge and belief after due inquiry, other than my previous work inspecting the Lady May on behalf of PAX, I have no connection with the Trustee, Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee as have been identified to me by Paul Hastings LLP.

7.       I attach to this Declaration, as Schedule 1, a consolidated list of parties in interest in connection with the Chapter 11 Cases that has been produced by Paul Hastings LLP and provided to me before signing this Declaration that I am informed includes:

a.   parties listed as creditors, executory contract counterparties, and co-debtors on the Debtor's Schedules D, F, G, and H [Docket No. 78];

b.   parties listed on the Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the chapter 11 case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Debtor (SOFA Part 11, Question 27).

c.   parties and counsel filing notice of appearances in the Debtor's chapter 11 case;

3

        d.   the Court and personnel of the office of the United States Trustee; and

        e.   other parties in interest that I have become aware of as a result of the

             Trustee's ongoing investigation of the Debtor's assets.

8.      I maintain records of my current and former clients and, with respect to any

engagement, adverse persons.  Before signing this Declaration, I have checked against such

records all of the names listed on Schedule 1 (collectively, the "Interested Parties").

9.      To the best of my knowledge and belief, other than my previous work inspecting

the Lady May on behalf of PAX, I have no relationship or connection with the Interested Parties

or with any other creditor of the Debtor.

10.    While I have made a diligent effort to ascertain the identity of any connections or

potential conflicts with the Interested Parties, to the extent that any additional information comes

to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

11.    Based on the foregoing, insofar as I have been able to ascertain based on the

information currently available to me: (a) I have no connection with the Debtor, his creditors, the

U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an

actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants;

and (b) (i) I am not a creditor, equity security holder, or insider of the Debtor or his affiliates,

(ii) I have not been, within two years before the Petition Date, a director, officer, or employee of

the Debtor or his affiliates, and (iii) I have no interest materially adverse to the interests of the

Debtor's estate or any class of creditors or equity security holders by reason of any direct or

indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

Therefore, I understand from my discussions with Paul Hastings LLP that this means I am a

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: December 7, 2022, at Mystic, Connecticut

/s/ Dexter White

Dexter White

## **SCHEDULE 1**

## <u>SCHEDULE OF PARTIES IN INTEREST</u>

**<u>20 LARGEST UNSECURED CREDITORS</u>**
PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**<u>DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES</u>**
HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**<u>BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL</u>**
HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**
7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
AI GROUP HOLDINGS INC.,
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AN HONG
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANTON DEVELOPMENT LIMITED
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BERKELEY ROWE
BERNARDO ENRIQUEZ
BNY MELLON, N.A.
BOIES SCHILLER
BOXUN INC.
BRANCH
BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAPITAL ONE BANK
CHAO-CHIH CHIU
CHASE BANK
CHENGLONG WANG
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG KONG) LIMITED
CHONG SHEN RAPHANELLA
CHUANG XIN LTD.
CITIBANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
COHN BIRNBAUM & SHEA P.C.

COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAWN STATE LIMITED
DONGNA FANG
DWF LLP
EASTERN PROFIT CORPORATION LIMITED
EDUARDO EURNEKIAN
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMPIRE GROWTH HOLDINGS
ERIC GOLDSMITH MD, LLC
FAN BINGBING
FIONA YU
FIRST ABU DHABI BANK
FORBES HARE
FREEDOM MEDIA VENTURE LTD
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
GETTR USA
GFASHION MEDIA GROUP INC.,
GFNY, INC
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GPOSTS LLC
GREENWICH LAND LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUY PETRILLO
HAIHONG WANG
HAMILTON CAPITAL HOLDINGS INC
HAN CHUNGUANG
HAO HAIDONG
HARCUS PARKER LTD.

HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERO GRAND LIMITED
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HING CH NGOK
HONG KONG INTERNATIONAL FUNDS INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG ZENG
HSBC
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
JACK S. LIPSON
JANOVER LLC
JASON MILLER
JENNIFER MERCURIO
JESSE BROWN
JIA LI WANG
JIA YANG LI
JIAMEI LU
JIAN FAN
JIANG SU PROVINCE JIAN GONG GROUP LTD BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANSHENGXIE AND JIEFU ZHENG
JING GENG
JOHN S LAU
JONATHAN YOUNG
JUMBO CENTURY LIMITED
JUN LIU
JUNE SHI
KAIXIN HONG
KARIN MAISTRELLO,
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KUI CHENG
LALIVE SA

LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAWALL & MITCHELL, LLC
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE VARTAN
LIEHONG ZHUANG
LIHONG WEI LAFRENZ (AKA SARA WEI)
LINDA HE CHEUNG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
MACDONALD
MAR-A-LAGO
MAUNAKAI CAPITAL
MAX KRASNER
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
MELISSA MENDEZ
MILES GUO
MILES GWOK
MOA-FU
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
NOVELTY HILL LTD.
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OGIER
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PAUL WEISS
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PULLMAN & COMLEY, LLC
QIQHUA FAN
QU GUOJIAO
QUIJU JIA
RANDAZZA LEGAL GROUP, PLLC
ROBINSON & COLE LLP
RONG ZHANG
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP, INC.,
SCHULMAN BHATTACHARYA, LLC
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHERRY-NETHERLAND, INC.

SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN ZHUANG GONG CHENG LTD BEJING FIRST
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHUANG WANG
SPIRIT CHARTER INVESTMENT LIMITED
STANDARD CHARTERED BANK
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STRATEGIC VISION LLC
TELI CHEN
THE CASPER FIRM
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THOMAS RAGLAND
THREE TREASURE LLC
TM PRIMROSE LIMITED
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
U.S. LEGAL SUPPORT, INC.
UBS AG (LONDON BRANCH)
UBS AG (LONDON)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
US HIMALAYA LTD.
VERDOLINO & LOWEY
VERITEXT
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WARD & BERRY, PLLC
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIXIANG GE
WELL ORIGIN LTD.
WEN LIN
WENG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS LIMITED
WU ZHENG
XIAO YAN ZHU
XIAODAN WANG
XINGYU YAN
XIQUI ("BOB") FU
YA LI
YACHTZOO SARL
YAN GAO

YAN HUANG
YANG LAN
YANKWITT LLP
YANPING WANG
YAZ QINGUA
YELIANG XIA
YI LI
YING LIU
YUE HUA ZHU SHI
YUNXIA WU
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG WU (A/K/A BRUNO WA)
ZHENGJUN DONG
ZIBA LIMITED

**EXHIBIT C**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al*.,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

## ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO RETAIN ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INSPECT LADY MAY YACHT

Upon the motion (the "Motion")[2] of the Trustee for the entry of an order authorizing the

Trustee to retain EOCS, pursuant to the terms and conditions of the Engagement Agreement, to

authorize and approve, pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry

into the Engagement Agreement, all as more fully set forth in the Motion; and upon

consideration of the White Declaration; and it appearing that this Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the

United States District Court for the District of Connecticut (as amended); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

Court having found that that it may enter a final order consistent with Article III of the United

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, itis hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Trustee is authorized to retain and employ EOCS effective as of November 23, 2022 on the terms set forth in the Motion and, the White Declaration.

3.      EOCS is authorized to perform those services described in the Motion.

4.      The Debtor's estate shall be responsible for EOCS' compensation and reimbursement of expenses in the Chapter 11 Case.

5.      In lieu of filing fee applications, the Trustee is authorized to file a notice with the Court attaching EOCS' invoices for the Inspection Services.  Parties in interest shall then have fourteen (14) days to object to such invoices.  If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order.  If any timely objections are filed, the Trustee may file a response to such objection(s) within seven (7) days thereafter, after which the Court will rule on the matter (the aforementioned process in connection with the EOCS invoices, the "EOCS Fee Protocol").  Notwithstanding the foregoing, the EOCS Fee Protocol shall only apply as long as fees for any consecutive three (3) month period do not exceed $30,000 and the aggregate amount of fees does not exceed $50,000.  If EOCS' fees over any consecutive three (3) month period exceed $30,000, or the aggregate fees exceed $50,000, then EOCS shall file a fee application with the Court.

6.      Allowance of any compensation for EOCS shall be limited to the extent of services actually performed, and expenses actually incurred.

7.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement is hereby authorized and approved.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

11.      To the extent the Motion and the White Declaration are inconsistent with this Order, the terms of this Order shall govern.

12.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| | x | |
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| HO WAN KWOK, *et al.*, [1] | : | CASE NO. 22-50073 (JAM) |
| | : | |
| Debtors. | : | Jointly Administered |
| | x | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 9, 2022 the foregoing Application was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing.  Parties may access this filing through the Court's system.

Dated: December 9, 2022           LUC A. DESPINS,
       New Haven, Connecticut        CHAPTER 11 TRUSTEE

By:    /s/Douglas S. Skalka
     Douglas S. Skalka (ct00616)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 821-2000
     dskalka@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).