```
                UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF CONNECTICUT
                     BRIDGEPORT DIVISION

In Re                            *    Case No. 22-50073 (JAM)
                                 *
HO WAN KWOK and GENEVER          *
 HOLDINGS CORPORATION,           *    Bridgeport, Connecticut
                                 *    December 2, 2022
             Debtor.             *
                                 *
* * * * * * * * * * * * * * * *

              TRANSCRIPT OF MOTION FOR PROTECTIVE ORDER
                 BEFORE THE HONORABLE JULIE A. MANNING
                    UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtor:                  STEPHEN KINDSETH, ESQ.
                                 Zeisler and Zeisler
                                 10 Middle Street, 15th Floor
                                 Bridgeport, CT  06604

For the Plaintiff:               ANNECCA SMITH, ESQ.
 Alliance Asia Opportunity       Robinson & Cole
 Fund L.P.:                      28 Trumbull Street
                                 Hartford, CT  06103

                                 STUART SARNOFF, ESQ.
                                 O'Melveny & Myers LLP
                                 Times Square Tower
                                 7 Times Square
                                 New York, NY  10036

Chapter 11 Trustee:              LUC A. DESPINS, ESQ.
                                 Paul Hastings LLP
                                 200 Park Avenue
                                 New York, NY  10166

For the Chapter 11               NANCY KINSELLA, ESQ.
 Trustee:                        Neubert Pepe & Monteith, PC
                                 195 Church Street
                                 New Haven, CT  06510

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1    (Proceedings commenced at 10:06 a.m.)
2            THE COURTROOM DEPUTY:  Case no. 22-50073 Ho Wan
3    Kwok and Genever Holdings Corporation and Genever Holdings,
4    LLC.
5            THE COURT:  Good morning.  If we could have
6    appearances for the record, starting with the Chapter 11
7    Trustee, please.
8            MR. DESPINS:  Good morning, Your Honor.  Luc
9    Despins, Chapter 11 Trustee.
10           THE COURT:  Counsel for PAX?
11           MR. SARNOFF:  Good morning, Your Honor. Stuart
12   Sarnoff, O'Melveny and Myers, for creditor, PAX.
13           MS. KINSELLA:  Good morning, Your Honor.  Nancy
14   Kinsella on behalf on the Chapter 11 Trustee.
15           THE COURT:  Good morning.
16           MS. SMITH:  Good morning, Your Honor.  Annecca
17   Smith, Robinson and Cole, also on behalf of creditor, PAX.
18           THE COURT:  Good morning.
19           MR. KINDSETH:  Good morning, Your Honor.  Stephen
20   Kindseth for the debtor, Ho Wan Kwok.  Attorney Romney
21   apologizes for not being here.  He got the booster shot
22   yesterday and had a pretty severe reaction to it today,
23   unfortunately, and so he's not able to be present at this
24   time.
25           THE COURT:  Okay. I'm sorry to hear that.  Thank

1   you.  Attorney Hellman?  Oh, you're not appearing in the
2   main case, sorry.  You're right.  You were right to sit
3   down.  Thank you.  Sorry.
4          Okay.  On the calendar in the Kwok case this
5   morning is a continued hearing on a motion for protective
6   order.
7          And Attorney Kindseth, I understand that Attorney
8   Romney is not going to be here today, given what you've just
9   stated, which is unfortunate for him, obviously.
10         But I do believe you were here in court the other
11  day when I spoke with Attorney Romney and the Chapter 11
12  Trustee and counsel about the protective order.
13         MR. KINDSETH:  Of course.
14         THE COURT:  So where do things stand as of this
15  morning with regard to the protective order.
16         MR. KINDSETH:  After discussing the matter -- in
17  presenting the issues to Mr. Kwok, Mr. Kwok is not inclined
18  to consent to the trustee and the trustee's counsel
19  obtaining a copy of the asylum application.
20         THE COURT:  So he objects, as opposed to not
21  inclined.  He objects.
22         MR. KINDSETH:  I apologize.
23         THE COURT:  That's okay. No, I just want to make
24  the record clear.
25         MR. KINDSETH:  So he stands by the objection --

1   sorry.  He stands by the arguments made in the motion for a
2   protective order, the reply and arguments of counsel,
3   Attorney Romney, in support of the position that a
4   protective order should enter protecting the disclosure of
5   the asylum application.
6              THE COURT:  Okay.  Thank you.
7              Trustee Despins?
8              MR. DESPINS:  Thank you, Your Honor.
9              Obviously, it's not a request for a protective
10  order. It's so that we cannot see the application at all.
11             So we've already argued it. I want to be precise.
12  This is not a situation where you need to compel the debtor
13  to give us the application.  The other side in the
14  litigation already has it.
15             If you're inclined to do so, you would only need
16  to authorize them, the law firm of Jenner and Block, to
17  share with us the court pleadings in that case, including
18  the asylum application.
19             So this is not a situation where you need to
20  compel the debtor to do anything because it's already been
21  produced to the other side.
22             And, Your Honor, we've been at this -- not in this
23  court but outside of court for three months.  This is
24  probably, in mind, of course, the simplest issue in this
25  case. It's not privileged.  It's -- we absolutely have the

1  obligation to see it to decide or to engage with Jenner and
2  Block in trying to settle this to see what is this claim
3  worth.
4          I can't do this blind and I would urge Your Honor
5  to enter an order as soon as you can allowing the firm of
6  Jenner and Block to share all court pleadings in that case,
7  subject to two protective orders; the one in that case that
8  we've already signed and the one in this case --
9          THE COURT:  Does the record of this case have the
10 protective order in the case in which Jenner and Block is
11 involved?  I'm not sure I've seen that. That's why I'm
12 asking that question.
13         MR. DESPINS:  The answer is I don't know.
14         THE COURT:  Okay.  That's fine. I'll figure it
15 out.  But I don't believe I've seen that protective order.
16         Do you know, Mr. Kindseth, if that protective
17 order that Trustee Despins is just speaking about that was
18 entered in another court in which Jenner and Block is
19 involved in that matter, has been put in the record of this
20 Chapter 11 case?
21         MR. KINDSETH:  I do not know.
22         THE COURT:  Okay.
23         MR. KINDSETH:  But I would like to address the
24 procedural representation of the trustee.
25         The matter before the court is the motion for a

1    protective order that we filed seeking to protect the
2    disclosure of the asylum application.
3            There is no motion by the trustee asking the court
4    to direct Jenner and Block in separate litigation to produce
5    information to the trustee or authorize it.  That's not
6    before the court that relief has not been sought.
7            And so I just want to be very clear, procedurally,
8    the question is whether or not the protective order that the
9    debtor requested may enter.
10           THE COURT:  Okay.  Trustee Despins?
11           MR. DESPINS:  Your Honor, this would set up -- I
12   mean, this is a Kwok special -- is that, obviously, we
13   thought this issue would be resolved through this motion.
14   And Jenner and Block is not going to produce without --
15   because they're afraid they're going to get sued by Mr.
16   Kwok. They're going to produce without a court order saying
17   we're authorized to see it.
18           Do we really have to file a motion to compel?
19   This is -- we're spending so much money and time on this. I
20   think Your Honor has the authority under the code of 521 to
21   do this either compelling the debtor to turn it over, or
22   authorizing us. It's an asset of the estate.  The lawsuit is
23   an asset of the estate.  We need to have access to all
24   elements of that asset and the court can *sua sponte* order
25   that.

1  THE COURT: I'm not sure if it needs to be *sua*
2  *sponte*. I think it's within -- whatever the court orders is
3  within the preview of the Federal Rules of Civil Procedure
4  with regard to a motion for a protective order.
5  The court can grant the motion for a protective
6  order. The court can deny the motion for a protective order
7  or the court can grant whatever relief it thinks appropriate
8  in connection with the issues in the protective order.
9  So I don't think there's a need for any further
10 motions to be filed. The court will -- I asked the parties,
11 which you obviously did, to have a discussion about whether
12 there could be an agreement. There isn't. So the court
13 will rule. And so hopefully maybe even today.
14 So we can move on from that matter then.
15 So now we can call the adversary proceeding,
16 please.
17   I, CHRISTINE FIORE, Certified Electronic Court Reporter
18 and Transcriber, certify that the foregoing is a correct
19 transcript from the official electronic sound recording of
20 the proceedings in the above-entitled matter.
21
22 *[signature: Christine Fiore]*
23 _____        December 6, 2022
24   Christine Fiore, CERT
25       Transcriber