# **<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | Re: ECF No. 1063 |
|  | ) |  |

## ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER

On November 2, 2022, Ho Wan Kwok (the "Individual Debtor") filed a Motion for Protective Order, ECF No. 1063, (the "Motion"), seeking to prevent the production of Clark Hill PLC's motion for summary judgment (the "Motion for Summary Judgment") and the Individual Debtor's asylum application attached to the Motion for Summary Judgment (the "Asylum Application") in the case of *Guo Wengui v. Clark Hill PLC*, 1:19-cv-03195-JEB (D.D.C.) (hereinafter the "Malpractice Action"). On November 16, 2022, Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee" and, together with the Individual Debtor, the "Parties") for the estate of the Individual Debtor (the "Estate"), filed an objection to the Motion, ECF No. 1105, (the "Objection"). On November 29, 2022, the Individual Debtor filed a reply in support of the Motion, ECF No. 1174, (the "Reply").

---

[1] The Debtors in these Chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

A hearing on the Motion was held on November 30, 2022.  The Court gave the Parties time to attempt to settle the issues raised in the Motion and continued the hearing to December 1, 2022.  During the continued hearing, the Parties reported that they were not able to reach a settlement of the Motion.

The Court finds that, in accordance with the provisions of a consent order regarding attorney client and work-product privileges, ECF No. 856, (the "Privileges Consent Order"), the Motion for Summary Judgment and the Asylum Application are "documents related to the [Malpractice Action] that relate to the merits of the legal malpractice action."  (ECF No. 856 ¶ 4.)  The Court further finds that the Trustee and his counsel need access to the Motion for Summary Judgment and the Asylum Application to prosecute the Malpractice Action, which is an asset of the Estate, and that production of these documents to the Trustee and his counsel will not result in personal harm to the Individual Debtor in accordance with the terms of the Privileges Consent Order.  (ECF No. 856 ¶ 7.)  Therefore, upon review of the relevant pleadings, the arguments of counsel advanced during the hearing, and for the reasons stated on the record, it is hereby

**ORDERED**:  The Motion is GRANTED in part.  The Motion for Summary Judgment and the Asylum Application shall be produced only to the Trustee and his counsel.  As it relates to these bankruptcy cases, only the Individual Debtor and his counsel and the Trustee and his counsel shall have access to the Motion for Summary Judgment and the Asylum Application at this time.  The Motion for Summary Judgment and the Asylum Application are not to be discussed, shown, or produced in any way to other interested parties in these bankruptcy cases; and it is further

3

**ORDERED**: Jenner & Block LLP is authorized to produce the Motion for Summary Judgment and the Asylum Application only to the Trustee and his counsel pursuant to this Order and in accordance with the protective order in the Malpractice Action, as applicable.

Dated at Bridgeport, Connecticut this 9th day of December, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut