# **EXHIBIT A**

```
                    UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF CONNECTICUT
                        BRIDGEPORT DIVISION


In Re                              *   Case No. 22-50073 (JAM)
                                   *
   HO WAN KWOK,                    *   Bridgeport, Connecticut
                                   *   August 30, 2022
            Debtor.                *
                                   *
* * * * * * * * * * * * * * * *
```

TRANSCRIPT OF ORDER SCHEDULING STATUS CONFERENCE;
MOTION FOR ORDER ESTABLISHING REPAIR RESERVE
FOR LADY MAY; MOTION TO EXPEDITE HEARING;
MOTION TO STAY PENDING APPEAL ESTABLISHING
REPAIR RESERVE FOR THE LADY MAY; MOTION TO STAY
SECS.523/727 ADVERSARY PROCEEDINGS; MOTION
FOR ORDER PROVIDING THAT CONTROL OF PRIVILEGES
PASSED TO TRUSTEE UPON APPOINT AND FOR RELATED RELIEF
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the Debtor, HK International and Mei Guo: | STEPHEN M. KINDSETH. ESQ.<br>AARON ROMNEY, ESQ.<br>ERIC HENZY, ESQ.<br>Zeisler & Zeisler, P.C.<br>10 Middle Street, 15th Floor<br>Bridgeport, CT 06604 |
| For the Creditor, Pacific Alliance Asia Opportunity Fund L.P.: | LAURA ARONSSON, ESQ.<br>STUART M. SARNOFF, ESQ.<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036 |
| | PATRICK BIRNEY, ESQ.<br>Robinson & Cole<br>28 Trumbull Street<br>Hartford, CT 06103 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
APPEARANCES:   (Cont'd)

For the Creditors Committee:    IRVE GOLDMAN, ESQ.
                                Pullman & Comley
                                850 Main Street
                                Bridgeport, CT  06601

For the U.S. Trustee:           HOLLEY CLAIBORN, ESQ.
                                Office of the United States
                                  Trustee
                                The Giaimo Federal Building
                                150 Court Street, Room 302
                                New Haven, CT  06510

Chapter 11 Trustee:             LUC A. DESPINS, ESQ.
                                Paul Hastings LLP
                                200 Park Avenue
                                New York, NY  10166

Counsel for the                 NICHOLAS BASSETT, ESQ.
 Chapter 11 Trustee:            Paul Hastings LLP
                                200 Park Avenue
                                New York, NY  10166

                                PATRICK R. LINSEY, ESQ.
                                Neubert, Pepe & Monteith, P.C.
                                195 Church Street, 13th Floor
                                New Haven, CT  06510


For Verdolino & Lowey:          WILLIAM BALDIGA, ESQ.
                                Brown Rudnick
                                Seven Times Square
                                New York, NY  10036
```

Ho Wan Kwok - August 30, 2022                                104

1  are limiting that.

2          If you look at the request for release section of
3  our motion, which we cited again in our reply, we're looking
4  specifically for assets of the estate, his financial
5  condition and matters relating to administration.

6          The debtor identifies his concerns about
7  potentially privileged documents related to criminal issues
8  such as allegations of rape and false imprisonment and other
9  things that have been made against him as well as his asylum
10 application.  We are not, in our investigation at this time,
11 seeking any documents related to those issues.

12         Again, we're focused on assets and an
13 investigation that hopefully be used to augment this estate.

14         Second, Your Honor, we're not asking for a waiver
15 or any control over privileges that belong to other parties.
16 And, in fact, I don't know how one could even read our
17 motion to be requesting that relief.

18         We are, to be clear, seeking a determination that
19 the trustee has succeeded to any privileges that the debtor
20 holds with other parties in terms of a common interest or a
21 joint defense privilege.  And we cite case law for that in
22 our motion.  And I don't think that's contested, frankly.

23         But what we're not seeking, what the debtor seems
24 to suggest we are seeking, but we're not, is an order from
25 the Court that the trustee now controls any privilege that

1   that very specifically seek documents related to assets of

2   the estate, other transactional matters involving the debtor

3   prior to the bankruptcy, and other things that simply do not

4   implicate the types of concerns regarding criminal

5   liability, et cetera, that this debtor is worried about.

6              So there's nothing in the approach that the *Foster*

7   case was concerned about that we're trying to ask the Court

8   to do here.

9              And frankly, if you look at other cases, there are

10  plenty of other cases that have issued the type of order

11  that we're asking this court to issue, including one of the

12  cases we cite is the *In re Tarkington* case from the Eastern

13  District of North Carolina in 2010.

14             There, there was an investigation into potential

15  estate assets.  The trustee wanted to depose an attorney who

16  represented the debtor prior to the bankruptcy, and what the

17  Court ended up doing was, all right, I'm going to let the

18  deposition go forward, here is what I consider to be within

19  the scope of the privilege.

20             All of the privilege related to assets of the

21  estate, et cetera, has passed to the trustee.  Anything that

22  could go under criminal liability or those things could

23  still be covered by a privilege.

24             So you can go take the deposition, and counsel to

25  the debtor can interpose objections consistent with that,

1            These are cases where the issue was the trustee
2    was trying to investigate assets of the estate that would
3    potentially relate in, you know, augmenting the estate, of
4    the value of those assets.
5            And what the courts held in those cases is that
6    this is a situation where the debtor would benefit from
7    that.
8            These are -- when the debtor's estate is augmented
9    by additional -- the location of causes of action or the
10   identification of other assets he benefits.  He's not harmed
11   by that.
12           So, you know, the debtor contends, well, as I said
13   before, there's a concern that, you know, it's possible
14   documents that the trustee is seeking to have access to
15   could involve potential criminal liability, whether it's the
16   rape allegations that he mentioned, false imprisonment, or
17   completely unrelated issues like his asylum application,
18   but, again, as I said before, we're not seeking to get those
19   documents through our discovery requests.
20           The debtor has identified one request in our
21   subpoena directed to the debtor's former law firms and
22   professionals, Request 17, that asks for information about
23   legal disputes which could be read to include criminal
24   actions against him, to the extent there are any, or his
25   asylum application, we're willing to make clear on the

1  record that we're not seeking to get that type of

2  information and we'll limit that request accordingly.

3  I mean, the only plausible scenario where the

4  debtor could say that he has a document that is responsive

5  to our subpoena, but also could result in harm to him, is

6  that there's some document that relates to his assets,

7  relates to the topics that we're seeking to explore, and

8  also somehow implicates his criminal liability.

9  But the debtor has not even offered one hint of

10  what that could be. He's come forward with nothing to

11  suggest other than, as he said in his opposition,

12  allegations of false imprisonment and the like.

13  There is no reason to believe that he's given of

14  that we have that I could even imagine as to why the

15  documents we're seeking related to, for example, his

16  interest in the New York condominium, the Lady May, to all

17  the other private jets and things like that that he's talked

18  about, there's no conceivable scenario where those documents

19  would relate to these types of issues.

20  So this idea that the balancing test would weigh

21  in favor of not passing control over of these privileges to

22  the estate is just -- I think there's no weight to that.

23  The debtor also raises, Your Honor, the non-

24  dischargeability actions that have been filed against him.

25  And he says that while there's a concern there I could be

1  all. So there's just no legitimate concern at all that
2  somehow we're going to get information related to these
3  actions.
4           And by the way, we're not going to share the
5  documents we get with the plaintiffs to those actions, so
6  this idea of a concern on the 523 actions, again, I think is
7  just -- it's really nonexistent.
8           A couple -- a couple more points, Your Honor,
9  before I wrap up. At least on my opening remarks.
10          The debtor in his objection, although he initially
11 says the Court shouldn't issue any ruling here, he says,
12 well, if the Court does, it could issue certain guidance.
13          And the way I think the debtor frames that
14 guidance is to say that the Court could direct the
15 recipients -- and this is in paragraph 33 of the objection -
16 - the Court could direct the recipients of the subpoenas to
17 withhold documents on the basis of privilege, quote, "Only
18 documents that they believe potentially implicate harm to
19 the debtor such as criminal allegations, facts relating to
20 non-dischargeability, or facts that have nothing to do with
21 the debtor's estate, such as his pending asylum application.
22          Now, some of that actually sounds consistent with
23 the remarks I've given today, but I think it also highlights
24 sort of what we're also worried about and the mischief that
25 could result if an order specific to that language is

1    questions.  Thank you.

2             MR. ROMNEY:  Thank you, Your Honor.

3             MR. BASSETT:  Your Honor, just briefly in

4    response.  I think I might stay here this time if that's

5    okay.

6             THE COURT:  That's fine.

7             MR. BASSETT:  So Mr. Romney, in addressing our

8    proposed changes to the language, I think his position was

9    that, well, we're still not providing for the application of

10   a balancing test because if what we're saying is that

11   privileges related to the debtor's assets, financial

12   condition, or the administration of his estate, pass to the

13   trustee, it doesn't account for the possibility that there's

14   some other personal, individual interest, criminality or

15   otherwise that the debtor might have.

16            And I think the fallacy in that logic is that

17   there is no basis that's been provided as to why documents

18   would relate to assets, financial condition, or the

19   administration of the estate, would have anything to do with

20   the debtor's asylum application, with criminal allegations

21   that are made against -- that have been made against him for

22   rape or false imprisonment.

23            I mean, if the debtor's concern is that there

24   could be hypothetically a document where the debtor was

25   having a conversation with his counsel about both false

1    unrelated criminal liability or, you know, the particular

2    things, again, that he's mentioned, his asylum application,

3    things like that, in his objection, I think we could work

4    out language to put in the proposed order to again make

5    clear that we're not seeking that.

6         I think there are other tweaks we would need,

7    including to reserve our right to the extent of any withheld

8    documents that we think might be relevant to the trustee's

9    investigation on a crime-fraud exception to the attorney-

10   client privilege, for example, but I do think there is a way

11   to work out some language that could address some of the

12   debtor's concerns.

13        But, again, it cannot be a situation where the

14   debtor gets to decide when he's harmed by the disclosure of

15   a document because that is an open invitation for him to

16   just withhold documents that he doesn't want us to see.

17        Thank you, Your Honor.

18        THE COURT: Thank you.

19        MR. ROMNEY: Your Honor, if I may?

20        THE COURT: Yes.

21        MR. ROMNEY: Very, very briefly.

22        I've already said creating a privilege log is not

23   deciding.

24        But I do want to make one perhaps significant

25   clarification, which is, these order -- the proposed order

1     MR. BASSETT:  Thank you, Your Honor.

2     THE COURT:  Is there anything else that we can
3  address today in the case?

4     (No response)

5     THE COURT:  Okay.  This was the last matter on
6  today's calendar, so we will see you next Tuesday at 1:00
7  p.m., and court is adjourned.

8     (Proceedings concluded at 4:29 p.m.)

9     I, CHRISTINE FIORE, court-approved transcriber and
10  certified electronic reporter and transcriber, certify that
11  the foregoing is a correct transcript from the official
12  electronic sound recording of the proceedings in the above-
13  entitled matter.

14

15  *Christine Fiore*

16  _____          September 10, 2022

17     Christine Fiore, CERT

18        Transcriber