# **EXHIBIT B**

```
                    UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF CONNECTICUT
                        BRIDGEPORT DIVISION


In Re                              *   Case No. 22-50073 (JAM)
                                   *
    HO WAN KWOK,                   *   Bridgeport, Connecticut
                                   *   September 6, 2022
                    Debtor.        *
                                   *
* * * * * * * * * * * * * * *

             TRANSCRIPT OF MOTION FOR ORDER PROVIDING
              THAT CONTROL OF PRIVILEGES PASSED TO
                TRUSTEE UPON APPOINTMENT AND FOR
                         RELATED RELIEF
              BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Debtor,<br> HK International and<br> Mei Guo: | ERIC HENZY, ESQ.<br>AARON ROMNEY, ESQ.<br>Zeisler & Zeisler, P.C.<br>10 Middle Street, 15th Floor<br>Bridgeport, CT  06604 |
| For the Creditor, Pacific<br> Alliance Asia Opportunity<br> Fund L.P.: | PETER FRIEDMAN, ESQ.<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036 |
| | ANNECCA SMITH, ESQ.<br>Robinson & Cole<br>28 Trumbull Street<br>Hartford, CT  06103 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

```
APPEARANCES:  (Cont'd)

For the Creditors Committee:   IRVE GOLDMAN, ESQ.
                               Pullman & Comley
                               850 Main Street
                               Bridgeport, CT  06601

For the U.S. Trustee:          HOLLEY CLAIBORN, ESQ.
                               Office of the United States
                                 Trustee
                               The Giaimo Federal Building
                               150 Court Street, Room 302
                               New Haven, CT  06510

For the Chapter 11             NICHOLAS BASSETT, ESQ.
 Trustee:                      Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166

                               PATRICK R. LINSEY, ESQ.
                               Neubert, Pepe & Monteith, P.C.
                               195 Church Street, 13th Floor
                               New Haven, CT  06510

Chapter 11 Trustee:            LUC A. DESPINS, ESQ.
                               Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166
```

1    this order because this order is designed to prevent the
2    debtor from doing that.
3             Another bucket I think that could exist that could
4    generate future disputes as to privileged communications is
5    that, as we've made clear in our order, you know, there are
6    carve outs designed to address specifically the concerns
7    that the debtor has raised concerning privileged
8    communications that relate to criminal allegations that have
9    been made against him or that relate to his asylum
10   application.  And I'm happy to and I'm prepared to walk
11   through our changes in more detail.
12            But, again, if the debtor were to assert a
13   privilege over those documents on a privilege log, then we
14   could be back before the Court disputing those privileges
15   because the point of the order is to reserve all rights with
16   respect to those privileges.
17            It could be that the debtor asserts a privilege
18   over criminal allegations. Then, you know, we would argue
19   that there's a crime fraud exception and we would otherwise
20   argue that the document is just not privileged.  So that
21   could be back before the Court.
22            But to answer the Court's question, if this order
23   is entered, it does resolve what we are asking the Court to
24   do today.
25            And, again, Your Honor, what we filed was a copy

1    out anything with regard to the asylum issue, anything with
2    regard to these alleged tort issues and, obviously, with
3    regard to the Fifth Amendment.
4                I mean, he was -- he's not asserting and never has
5    asserted that he's going to exercise that right.
6                MR. ROMNEY:  Yeah.  Well, there is a discrepancy,
7    as I read the orders on the -- what I would describe as tort
8    issue.
9                THE COURT:  Well, I -- I mean --
10               MR. ROMNEY:  Yeah.
11               THE COURT:  -- I'm talking about the allegations
12   of rape and things like that.  I don't know what those are
13   about, but that's what's been put forth, right, in this --
14   in the record of this case.
15               Before the trustee was even appointed there were
16   people that said that they -- these causes of action were
17   out there.  Those creditors filed motions in this case.
18   They said a lot of things, obviously, none of which have
19   been substantiated in this court at this point and maybe
20   never will be.  Okay?
21               So that's what I'm talking about when I'm talking
22   -- I'm talking about some of the alleged very difficult to
23   discuss torts, not, you know, if there was some other --
24   like maybe you claimed the -- I don't even know.
25               As you know, I didn't read the UBS complaint.  Is

1  Second Circuit authority on this question -- but I do think,
2  as we tried to marshal in our papers and talk about at last
3  week's hearing, there are many bankruptcy cases out there
4  that have tried to address the issue of the individual
5  privileges passing to a trustee in the wake of *Weintraub*.
6           And I think the overwhelming majority of those
7  cases and the clear trend of the case law is to say that the
8  trustee passes when the privilege relates to efforts by the
9  trustee to identify estate assets, to investigate the
10 debtor's financial condition, and certainly with respect to
11 any post-petition matters affecting the administration of
12 his estate prior to the appointment of a trustee.
13          And that is exactly how we tried to craft our
14 revised proposed order is to track those categories in that
15 weight of the case law and then to also make clear to
16 address the debtor's concerns that he is still able to
17 assert privileges over documents related to criminal
18 allegations or to his asylum application but are not related
19 to those four -- to those three categories that I just
20 mentioned.
21          So to address the particular comment that Attorney
22 Romney made, I think he said, you know, there may be a
23 document that talks about estate assets, but it also, you
24 know, is a privileged communication related to criminal
25 allegations against the debtor, you know, that have been

Ho Wan Kwok - September 6, 2022                                108

1   communications with Brown Rudnick when he was a debtor-in-
2   possession, there's no debate in the case law that we have
3   access to that.  It's narrow.  It's a demonstration of the
4   case.  And he was acting as a fiduciary, not in his own
5   capacity.  And he was getting -- you know, shame on Brown
6   Rudnick if they were giving him advice on his personal
7   situation.  They were giving advice to him as a debtor-in-
8   possession.  And that's fundamental, Your Honor.
9           So the balancing -- you're doing the balancing.
10  You're doing it on a category-by-category document with some
11  very specific carve outs regarding the -- what do we call
12  the crime, I want to be precise about this, although it's
13  unfortunate,  but the rape and confinement allegations
14  carved out, the asylum issue carved out, you're doing the
15  balancing.
16          And courts, that's the way they've done it, by
17  categories of documents.  Where courts have been reversed,
18  the only circuit court that reversed, and in that case, it's
19  the same as here, where both sides agreed there should be a
20  balancing test, is that the Court did not look at any
21  documents or any category of documents.
22          And here the Court has right in front of it the
23  very narrow categories that we're raising.  And on that
24  basis you have the power to do this.
25          THE COURT:  Okay.  Anything further from anyone

Ho Wan Kwok - September 6, 2022                                        110

1   hearing today on the Kwok matter.
2           MR. BASSETT:  Thank you, Your Honor.
3           THE COURT:  Thank you.
4       (Proceedings concluded at 3:31 p.m.)
5           I, CHRISTINE FIORE, Certified Electronic Court
6   Reporter and Transcriber, certify that the foregoing is a
7   correct transcript from the official electronic sound
8   recording of the proceedings in the above-entitled matter.
9
10  *[signature: Christine Fiore]*
11  _____          September 14, 2022
12      Christine Fiore, CERT
13
14
15
16
17
18
19
20
21
22
23
24