UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

———————————————————————— x
                                                            :
In re:                                           :     CHAPTER 11
                                                            :
HO WAN KWOK, *et al.*,                     :     CASE NO. 22-50073 (JAM)
                                                            :
                    Debtors.[1]                  :     Jointly Administered
———————————————————————— x

**DEBTOR'S APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF HARNEY WESTWOOD AND RIEGELS LP, AS ITS BRITISH VIRGIN ISLANDS COUNSEL**

Genever Holdings Corporation, debtor and debtor-in-possession (the "Debtor") in the above-captioned jointly administered chapter 11 case (the "Chapter 11 Case"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of Connecticut (the "Court"), respectfully requests (the "Application") that the Court authorize its employment of the law firm of Harney Westwood and Riegels LP ("Harneys") as its British Virgin Islands ("BVI") counsel with respect to the Debtor's Chapter 11 Case. In support of this Application, the Debtor states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

<u>Relief Requested</u>

1.By this Application, the Debtor seeks entry of an order, substantially in the form of the proposed order filed herewith (the "Proposed Order"), authorizing and approving the retention and employment of Harneys as the Debtor's BVI counsel effective as of November 21, 2022.

2.In support of this Application, the Debtor submits the *Declaration of George Weston in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Harneys as Debtor's BVI Counsel* (the "Weston Declaration"), attached as <u>Exhibit A</u>, which is incorporated herein by reference.

<u>Jurisdiction, Venue, And Statutory Bases</u>

3.The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

<u>Background</u>

6.On October 11, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a BVI entity established in 2015. The Debtor's Director is a director of Harney's Corporate Services Limited ("Harneys Corporate"). Harneys Corporate is a fiduciary services firm which is affiliated with

Harneys.

7. On November 17, 2022, the Court entered an order authorizing and approving the retention of Neubert, Pepe, & Monteith, P.C. ("NPM") as the Debtor's bankruptcy counsel (ECF No. 1107).

The Firm's Qualifications

8. Harneys is a global offshore law firm that maintains an office in the British Virgin Islands. Harneys was founded in 1960 and has a widely diversified practice including dispute resolution, corporate and commercial law, private wealth, funds, banking and finance and regulatory and tax. The BVI Dispute Resolution Department currently employs 21 lawyers, who are assisted by six paralegals.

9. The Debtor selected Harneys as its BVI counsel because of Harney's expertise in insolvency, restructuring, fraud, arbitration, bankruptcy, investigations, corporate crimes and fraud, corporate and commercial litigation matters. Harneys is well suited for the type of representation required by the Debtor. Harneys has substantial resources and expertise in the areas of the law that may arise in this case.

10. Harneys has specific and relevant experience in the representation of liquidators and trustees and has provided advice on complex and litigious (and potentially litigious) issues that arise in the course of the administration of trusts and regularly appear before the British Virgin Islands courts. Harneys has experience with liaising and working cooperatively with overseas lead counsel by assisting with compliance with BVI rules and procedures, attending to routine and administrative matters as they arise, and otherwise providing services as may be required by lead counsel and in the best interests of its clients, all in a manner that promotes efficiency and avoids any unnecessary duplication of efforts by counsel.

11. By Order of this Court dated October 3, 2022 (ECF No. 909), Harneys has been retained as BVI Counsel for Luc A. Despins, as the Chapter 11 Trustee (the "Chapter 11 Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"). Harneys has provided services to the Chapter 11 Trustee in connection with the transfer of the Individual Debtor's shares in the Debtor to the Chapter 11 Trustee in accordance with this Court's *Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 1505, (A) Confirming that Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* (ECF No. 717) (the "Corporate Governance Order"). Pursuant to its proposed Retention by the Debtor, Harneys will advise the Debtor with respect to its obligations under BVI law, as well as taking all necessary steps related to Genever (BVI) before BVI courts. Harneys will continue to advise the Chapter 11 Trustee in relation to the collection of other assets of the Individual Debtor.

<u>The Anticipated Services</u>

12. The Debtor anticipates that Harneys will render general legal services, as BVI counsel, as needed throughout the course of the Chapter 11 Case, including bankruptcy, litigation, investigations, real estate, tax, and other matters.

13. Th Debtor requests to employ Harneys to render general legal services as BVI counsel with respect to this Chapter 11 Case.

14. To avoid any duplication of effort and to provide services to the Debtor in the most efficient and cost-effective manner, Harneys will coordinate with NPM regarding their respective responsibilities in the Chapter 11 Case.

Compensation of Professionals

15.     Harneys intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case. Harneys will charge the Debtor for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in this Chapter 11 Case.

16.     At present, the 2022 hourly rates of Harneys are $150.00 - $275.00 for paralegal work; $400.00 - $800.00 for associates and counsel; and up to $1050.00 for partners of the firm. Harney's hourly rates are subject to periodic adjustments to reflect economic and other conditions.[2] It is anticipated that Harneys services will primarily be provided by George Weston, whose hourly rate is $850, Olga Osadchaya whose hourly rate is $800 and Gerrard Tin, whose hourly rate is $475.00.

17.     Harneys will also bill for out-of-pocket expenses made on behalf of the Debtor, including photocopying, filing fees and international couriers, in accordance with practices in this District.

Harneys is Disinterested

18.     To the best of the Debtor's knowledge in reliance upon the Weston Declaration, and except as disclosed therein, Harneys does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United

---

[2] Harneys hourly rates are typically revised at the end of each calendar year to reflect experience, seniority, and standing. These step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013) (the "U.S. Trustee Guidelines"). As set forth in the Proposed Order, Harneys will provide ten business days' notice to the Debtor, the Assistant United States Trustee for the District of Connecticut (the "U.S. Trustee"), and counsel to any other official committee, before implementing periodic increases, and shall file any such notice with the Court.

5

States Trustee, or any person employed in the Office of the United States Trustee.

19. More specifically, upon such basis, the Debtor believes that: (a) other than its roles as BVI counsel for the Chapter 11 Trustee, Harneys has no connection with the Debtor, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) neither Harneys nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtor or its affiliates, (ii) has been, within two years before the Petition Date, a director, officer, or employee of the Debtor or its affiliates, or (iii) has any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Debtor believes that Harneys is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

20. Based on the Weston Declaration, the Chapter 11 Trustee believes that Harneys does not represent any adverse interest to unsecured creditors in connection with these cases.

Basis For the Relief Requested, Notice, and
No Prior Request For Relief Requested Hereby

21. The Debtor requests to retain and employ Harneys as its attorneys, serving in capacity as BVI counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

22. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a

fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

23. Bankruptcy Rule 2014(a) provides that an application for retention include:

specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

24. The Debtor requires the services of BVI counsel to exercise its responsibilities. Harneys will coordinate with and assist the Debtor and its bankruptcy counsel, Neubert, Pepe & Monteith, P.C., in complying with BVI rules and procedures, attending to routine and administrative matters as they arise, and otherwise providing services as may be required by lead counsel and in the best interests of its clients. The Debtor's BVI counsel will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

25. Accordingly, the employment of Harneys as the Debtor's BVI counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

26. The Debtor submits that Harneys' hourly rates are reasonable, comparable to Harneys' hourly rates for non-bankruptcy engagements, and within the range of rates charged by comparably skilled professionals who offer the same services. This is especially true under the circumstances here where the Debtor' estate currently has no assets to pay professional fees. As a result, Harneys is being retained, for all practical purposes, on a contingency basis—i.e., its compensation will depend on whether assets are eventually brought into the Debtor's estate (which, in turn, will depend on the extent to which Harneys and the Trustee are successful in recovering assets for the benefit of the Debtor's estate and its creditors).

27. Based on my experience, a typical contingency fee arrangement where no estate assets are available to fund the compensation of counsel to the trustee would far exceed the hourly

rates charged by Harneys (which Harneys would be charging here) for engagements where compensation is not contingent on assets being brought into the estate.

28.    Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise." Accordingly, the Debtor requests authority to retain and employ Harneys effective November 21, 2022, which was the date that the Debtor selected Harneys as BVI counsel and on which Harneys began providing services to the Debtor.

29.    Notice of this Application has been given to the United States Trustee and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

30.    No previous application for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, for the foregoing reasons, the Debtor requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Debtor's employment of Harneys, as its BVI counsel, and order such other and further relief as the Court deems just and proper.

Dated: December 15, 2022            GENEVER HOLDINGS CORPORATION,

By: _____
Claire Abrehart, Director

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| HO WAN KWOK, *et al.*, | : | CASE NO. 22-50073 (JAM) |
| Debtors.[1] | : | Jointly Administered |

**ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF HARNEY WESTWOOD AND RIEGELS LP, AS DEBTOR'S BRITISH VIRGIN ISLANDS COUNSEL**

Upon the Application of Genever Holdings Corporation (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Harney Westwood and Riegels LP ("Harneys") as its British Virgin Islands ("BVI") counsel, effective as of November 21, 2022 (the "Application"), and upon the Declaration of George Weston (the "Weston Declaration"), pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Weston Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Reference from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Weston Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Harneys is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Harneys does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ Harneys as its BVI attorneys effective as of November 21, 2022 on the terms set forth in the Application and the Weston Declaration.

3. Harneys is authorized to act as Debtor's BVI counsel and to perform those services described in the Application.

4. The Debtor's estate shall be responsible for Harneys compensation and reimbursement of expenses in the Chapter 11 Case.

5. The allowance of any compensation to be paid to Harneys shall be determined in

accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6. Allowance of any compensation for Harneys shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Debtor, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7. Harneys shall provide no less than ten business days' notice to the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8. The Debtor and Harneys are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10. To the extent the Application and the Weston Declaration are inconsistent with this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT A