```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                         BRIDGEPORT DIVISION


 In Re                              *    Case No. 22-50073 (JAM)
                                    *
     HO WAN KWOK,                   *    Bridgeport, Connecticut
                                    *    September 13, 2022
                       Debtor.      *
                                    *
 * * * * * * * * * * * * * * * *


                   TRANSCRIPT OF MOTION FOR ODER
              BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE


 APPEARANCES:

 For the Debtor:                   AARON ROMNEY, ESQ.
                                   JAMES MORIARTY, ESQ.
                                   Zeisler & Zeisler, P.C.
                                   10 Middle Street, 15th Floor
                                   Bridgeport, CT  06604

 For the Creditor, Pacific         PETER FRIEDMAN, ESQ.
  Alliance Asia Opportunity        O'Melveny & Myers LLP
  Fund L.P.:                       Times Square Tower
                                   7 Times Square
                                   New York, NY  10036

                                   ANNECCA SMITH, ESQ.
                                   Robinson & Cole
                                   28 Trumbull Street
                                   Hartford, CT  06103

 For the Chapter 11 Trustee:       NICHOLAS A. BASSETT, ESQ.
                                   Paul Hastings LLP
                                   200 Park Avenue
                                   New York, NY  10166


 Proceedings recorded by electronic sound recording, transcript
 produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
APPEARANCES Cont'd:

For the Chapter 11           PATRICK R. LINSEY, ESQ.
 Trustee:                    Neubert Pepe & Monteith, PC
                             195 Church Street
                             New Haven, CT  06510


Chapter 11 Trustee:          LUC A. DESPINS, ESQ.
                             Paul Hastings LLP
                             200 Park Avenue
                             New York, NY  10166



For the Creditors Committee: IRVE GOLDMAN, ESQ.
                             Pullman & Comley
                             850 Main Street
                             Bridgeport, CT  06601



For the U.S. Trustee:        HOLLEY L. CLAIBORN, ESQ.
                             Office of the United States
                                Trustee
                             The Giaimo Federal Building
                             150 Court Street, Room 302
                             New Haven, CT  06510


For the Creditor,            JAY MARSHALL WOLMAN, ESQ.
 Logan Cheng:                Randazza Legal Group, PLLC
                             100 Pearl Street, 14th Floor
                             Hartford, CT  06103
```

1           (Proceedings commenced at 3:32 p.m.)
2           THE COURTROOM DEPUTY:  Case Number 22-50073, Ho
3  Wan Kwok.
4           THE COURT:  Okay.  Good afternoon.  If we could
5  have appearances for the record, beginning with the Chapter
6  11 trustee, please?
7           MR. DESPINS:  Good afternoon, Your Honor.  Luc
8  Despins, Chapter 11 trustee.
9           MR. BASSETT:  Good afternoon, Your Honor.  Nick
10 Bassett, from Paul Hastings, on behalf of the Chapter 11
11 trustee.
12          MR. LINSEY:  Good afternoon, Your Honor.  Patrick
13 Linsey for the trustee.
14          THE COURT:  Attorney Friedman?
15          MR. FRIEDMAN:  Good afternoon, Your Honor.  Peter
16 Friedman, from O'Melveny and Myers, on behalf of PAX.  I
17 also see Ms. Smith with the Robinson Cole firm.  Annecca
18 Smith with the Robinson Cole firm on behalf of PAX.
19          THE COURT:  Thank you.
20          MR. GOLDMAN:  Good afternoon, Your Honor -- good
21 afternoon, Your Honor.  Irve Goldman, Pullman and Comley,
22 for the Creditor's Committee.
23          THE COURT:  Good afternoon.  And then counsel for
24 the debtor?
25          MR. ROMNEY:  Good afternoon, Your Honor.  Aaron

1     Romney, Zeisler and Zeisler, for the debtor.
2             MR. MORIARTY:  Good afternoon, Your Honor.  James
3     Moriarty, Zeisler and Zeisler, on behalf of the debtor.
4             THE COURT:  Good afternoon.  Attorney Wolman?
5             MR. WOLMAN:  Good afternoon, Your Honor.  Jay
6     Wolman, of Randazza Legal Group, for creditor, Logan Cheng.
7             THE COURT:  Good afternoon.
8             MS. CLAIBORN:  And, Your Honor, Holley Claiborn
9     for the U.S. Trustee, present in the courtroom.
10            THE COURT:  Good afternoon.  Attorney Claiborn was
11    here on several other matters today so she stayed here to be
12    in the courtroom as opposed to possibly being in transit
13    when the hearing started.
14            So in any event, I haven't -- all I know is
15    something was just filed.  Is it a consent order?
16            MR. BASSETT:  It is, Your Honor.
17            THE COURT:  Okay.  Great.  Let me open it up.
18            Okay.  I see in Paragraph 7 of the consent order
19    that was just filed on the docket about six minutes ago,
20    that Paragraph 7 -- the time frame has changed with regard
21    to the production of documents, and subject to the right to
22    make a good faith -- to make a motion in good faith for a
23    reasonable extension of time, to log all such documents in
24    accordance with the requirements of District of Connecticut
25    Local Rule of Civil Procedure 26(e).

          And then there's a footnote. I'm not sure if that footnote was in the prior version, but maybe it was.

          MR. BASSETT: It was, Your Honor.

          THE COURT: Okay. Thank you.

          MR. BASSETT: And, Your Honor, if helpful, I mean, I can just give you a brief overview.

          THE COURT: Sure. Go ahead.

          MR. BASSETT: Nick Bassett. Nick Bassett, from Paul Hastings, on behalf of the Chapter 11 trustee.

          We worked with Attorney Romney over the last 24 hours to try to come to a resolution, and obviously happy to report that we have. We appreciate his efforts and everyone else's in that regard.

          But the changes to the order that we submitted are really pretty minor. I mean, there are some wording changes in other parts of the order that we were -- that we ultimately, you know, were able to come to an agreement on. I don't know, since this is on consent, if the Court wants me to go through every single wording change.

          As it relates to Paragraph 7, you are correct, Your Honor. We did address the time production issue per the Court's instructions. You highlighted that.

          The other change in that paragraph, consistent with the discussion we had with Your Honor, is that the time for seeking relief on an expedited basis instead of four

1  days to respond to a motion with a reply two days
2  thereafter.  It's now eight days with a reply of four days
3  thereafter, so we did in fact meet in the middle on that.
4          And then, you know, otherwise really there are
5  just some wording changes that we made to other paragraphs.
6  But in terms of what we discussed at the last hearing, those
7  are -- you know, those are the key adjustments that were
8  made to that Paragraph 7.
9          THE COURT:  The only thing I see in Paragraph 7
10 that I mentioned yesterday that looks like it's still there
11 is in the fourth line.  It says, "Then 1, the debtor or his
12 counsel."
13         MR. BASSETT:  You know what, Your Honor?  That may
14 be -- that may be our mistake because you very clearly asked
15 for that change and I think we just were focused on our
16 differences and failed to --
17         THE COURT:  Sure.
18         MR. BASSETT:  -- failed to implement it, but we're
19 happy to make that adjustment and submit a Word version of
20 the revised order.
21         THE COURT:  That would be helpful.
22         MR. ROMNEY:  The intention certainly -- I'm sorry,
23 Your Honor.
24         THE COURT:  Go ahead, Attorney Romney.
25         MR. ROMNEY:  The intent was certainly not that the

1    debtor would be filing any pro se, documents regarding this
2    issue.  It was -- it was distinguishing between myself and
3    my colleagues, debtor's counsel versus prior counsel that
4    had been served with a subpoena, and Attorney Bassett is
5    correct, we -- in trying to resolve our differences, we
6    neglected to fix that issue and I'm sure we can take care of
7    that as soon as we adjourn.
8             THE COURT:  If the document is submitted in Word
9    format to the courtroom deputy box, we can make that change.
10   All it's going to change to is the debtor's counsel and the
11   words, as applicable, will be deleted.  Okay?
12            MR. ROMNEY:  Understood.
13            MR. BASSETT:  We will get you the (indiscernible)
14   Your Honor.
15            THE COURT:  Okay.  Thank you.  And then -- so
16   because the changes that were made in 7 are now on consent,
17   then Paragraph 8 falls into place as well because it has the
18   same time frames and issues regarding expedited review,
19   correct?
20            MR. BASSETT:  That's correct, Your Honor.
21            MR. ROMNEY:  Correct, Your Honor.
22            THE COURT:  And then there were no changes -- I
23   don't think there were any changes to Paragraph 9 at --
24   other than what we discussed yesterday.
25            MR. ROMNEY:  That's correct.  Paragraph 9 was in

1    agreement as of yesterday, Your Honor.
2             THE COURT:  Right.
3             MR. ROMNEY:  And there were no changes to it since
4    then.
5             THE COURT:  Okay.  All right.  Well, the consent
6    order looks good to me.  I obviously appreciate all the
7    efforts of the parties in resolving this matter to this
8    point, and we -- and the consent order will enter with that
9    minor change noted on the record, and is there anything else
10   that we should address this afternoon with regard to this
11   issue?
12            MR. DESPINS:  Your Honor, sorry to interrupt.  Luc
13   Despins, Chapter 11 Trustee.
14            So two minor matters.  The first one is I just
15   want to make this comment, and I think it's pretty clear,
16   but just to avoid any, you know, any disputes later, you
17   know, the trustee would not have agreed with these various
18   changes but for the fact that people understand that this
19   order contains, you know, built-in procedures that will be
20   followed, and that no appeals will issue from that process.
21   So I think that's important.
22            The second point -- and I don't think we need to
23   put that in the order.  I think it's obvious, but I wanted
24   to state it anyway.
25            The second point is -- and I'm sorry, I don't want

1   to abuse the privilege, but we don't have a status
2   conference for a little while now, so I just wanted to put
3   back in front of Your Honor, the Ace Decade thing.
4              Again, not for a ruling, but at this point they've
5   had like, more than two weeks' advanced notice of the fact
6   that will want the information about these two companies,
7   Ace Decade and its subsidiary.
8              So we just want to make sure it's on top of your
9   file.  And I know your file is very thick and you have a lot
10  of things to cover, but I just want to make sure that was --
11  that's -- that remains on top of that file.  Thank you, Your
12  Honor.
13             THE COURT:  Thank you.  And I will note for the
14  record, that after you -- Trustee Despins raised the issue
15  yesterday, I did review the document that you filed on the
16  docket that was the testimony of Mr. Kwok during a continued
17  341 meeting on April 6th, 2022, I believe.  I believe I'm
18  correct on that date.  And that Mr. Kwok testified that he
19  owned Ace, the Ace entity, which I believe is also a
20  plaintiff in the UBS litigation.  Is that correct?
21             MR. DESPINS:  That's correct, Your Honor.
22             THE COURT:  Okay.
23             MR. DESPINS:  And is a 100 percent parent of the
24  other company called Dawn State.
25             THE COURT:  Okay.  So you are looking for -- you

1      sent a letter, which I don't -- Trustee Despins, the letter
2      you're talking about when you requested the turnover of that
3      information, is that on the docket of this case?  I'm not
4      saying it should be, I'm just asking.
5              MR. DESPINS:  No, Your Honor.  No.  No, it's not,
6      Your Honor.
7              THE COURT:  Okay.
8              MR. DESPINS:  But basically the letter said,
9      pursuant to the corporate governance order, please respond
10     just by Tuesday of -- it was Tuesday of last week, as to the
11     -- you know, why we're not getting -- why we should not be
12     getting the shares and the corporate governance documents
13     with respect to these two entities.
14             Mr. Henzy said he needed more time.  Your Honor
15     said -- took it under advisement.  So at this point, we're
16     only asking for the Court to give them a short, you know,
17     time period by which to respond.
18             I'm not asking you to rule on the merits.  Maybe
19     they'll raise something that would make what we all think to
20     be the case wrong, but the point is, they need to get on
21     with it and give us a response.  That's all we're asking
22     for.
23             THE COURT:  Understood.  Attorney Romney or
24     Attorney Moriarty, do you have any response with regard to
25     the Ace entity issue and the turnover of the information to

1  the trustee at this time?  If you don't, that's fine.  I am
2  just asking you while we're all here today.
3              MR. ROMNEY:  Thank you, Your Honor.  For the
4  record, Aaron Romney, Zeisler and Zeisler.
5              Mr. Henzy is handling that matter.  Him and
6  Attorney Kindseth are in New York currently dealing with an
7  unrelated matter, so I haven't had a chance to discuss the
8  issue with him, so -- this came up on the record yesterday.
9  They'll both be back in Connecticut, I believe Thursday, and
10 I plan to raise this with them.  If I can get a hold of them
11 before then, I will.
12             I believe this came up and we had a response date,
13 and Attorney Henzy is handling this matter.  I have no
14 knowledge of it other than what's been put on the record at
15 our various hearings.
16             My recollection was there was a date by which we
17 were to respond to that already on the record, so I would
18 ask that that date remain, and if we can respond sooner, we
19 certainly can.  I just don't want to speak for Attorney
20 Henzy without him present.
21             THE COURT:  I think the date has already passed.
22             MR. DESPINS:  No, there was no -- there was no
23 date, Your Honor.
24             THE COURT:  I think the date has already passed.
25             MR. DESPINS:  Yes, the date passed and it was

1        Tuesday -- it was Tuesday, the last hearing date.
2                    THE COURT:  Your September 6th --
3                    MR. DESPINS:  Sorry, not the last hearing, but the
4        hearing --
5                    THE COURT:  -- I believe.  Yeah.
6                    MR. DESPINS:  Correct.
7                    THE COURT:  I believe the response date was
8        September 6th, Attorney Romney.  And I think that's why the
9        trustee is --
10                   MR. ROMNEY:  I had thought there was a --
11                   THE COURT:  -- raising the issue.
12                   MR. ROMNEY:  I had thought there was a date
13       towards the end of the month.  I may be conflating issues.
14       There are admittedly a number of them in this case.
15                   MR. DESPINS:  No, no, there was (indiscernible).
16                   MR. ROMNEY:  Oh, that -- no, that's correct.  I
17       apologize.  I -- that is what I was thinking of when I
18       thought there was a date, because it -- what I will -- I
19       just don't want to speak out of turn here because I don't --
20       I have not had any involvement in the UBS matter or the Ace
21       entity.
22                   I can try to get a hold of Attorney Henzy, if
23       you'd like to recess, or we can -- or if the Court wants to
24       schedule a response deadline, obviously we will make sure
25       that it's followed.  I just do not have any -- I don't have

1    any information about that.
2           THE COURT:  That's fine.
3           MR. ROMNEY:  I've been focused on getting this
4    privilege issue resolved, Your Honor.
5           THE COURT:  That's fine.  As I said, I -- just
6    since we were all here, I was asking you the question.  If
7    you don't have a response right at the moment, that's fine.
8    I will look back at what was said on the record and I -- and
9    I'll take it from there.
10          But I did -- so you know, Attorney Romney, and you
11   can communicate this to your colleagues, I did review what
12   Trustee Despins filed on the docket of the case yesterday,
13   which is the 341 testimony of your client with regard to the
14   ownership of the entity at issue.  Okay?
15          MR. ROMNEY:  Understood, Your Honor.
16          THE COURT:  Okay.  Thank you.  All right.
17          Well, thank you all for your continued efforts in
18   producing what is now a consent order.
19          Attorney Bassett, when you have a chance to -- and
20   maybe you already have while we've been talking -- email the
21   Word version of the document to the courtroom deputy, we'll
22   make that minor change to Paragraph 7, and then the order
23   can enter.  Okay?
24          MR. BASSETT:  Absolutely, Your Honor.
25          THE COURT:  And I don't -- I'm not even sure when

1     our next hearing is, but I think it might be in two weeks or
2     something like that, unless something else comes up before
3     then.  So I --
4             MR. DESPINS:  I forget myself.
5             THE COURT:  All right.  Yeah.  I do too.  But in
6     any event, I do very much appreciate the efforts of the
7     parties to try to resolve this issue.
8             Yes, do have some hearings on September 27th.  I'm
9     looking right now, and I don't know if we have any before
10    then, but in any event we definitely do on the 27th.  So we
11    will go from there.  Okay?  That's only two weeks from
12    today.
13            All right.  Is there anything further that we
14    should address while we are together this afternoon?
15         (No audible response)
16            THE COURT:  Okay.  Hearing none -- nothing, then
17    Attorney Romney, I know you have some timing deadlines this
18    afternoon so the good news is, we're done well before 4:30,
19    and I appreciate the efforts of you and Attorney Bassett,
20    I'm sure in particular.  You both worked on this and that
21    order will enter, and then we will -- we'll go from there.
22    Okay?  So this is the last --
23            MR. BASSETT:  Thank you very much, Your Honor.
24            THE COURT:  Thank you.  And this is the last
25    matter on today's calender, so court is adjourned.

15

1              MR. ROMNEY:  Thank you.

2              MR. DESPINS:  Thank you, Your Honor.

3          (Proceedings concluded at 3:47 p.m.)

4              I, CHRISTINE FIORE, court-approved transcriber and

5     certified electronic reporter and transcriber, certify that

6     the foregoing is a correct transcript from the official

7     electronic sound recording of the proceedings in the above-

8     entitled matter.

9

10     *[signature: Christine Fiore]*

11     _____          December 19, 2022

12        Christine Fiore, CERT

13           Transcriber