**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                   :

In re:                           :     Chapter 11
                                :

HO WAN KWOK, *et al.*,[1]     :     Case No. 22-50073 (JAM)
                                :

         Debtors.         :     (Jointly Administered)
                                :

-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS CORPORATION,**
**AND GENEVER HOLDINGS LLC, PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 327, 328, AND 363, FOR ENTRY OF ORDER FURTHER EXTENDING**
**(I) SALE PROCESS OF SHERRY NETHERLAND APARTMENT AND (II)**
**RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS BROKER**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation

("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee,

and Genever (BVI), the "Movants") file this motion (the "Motion") requesting entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending (i) the

sale process of the Sherry Netherland Apartment (as defined below), subject to certain

modifications, and (ii) the retention of Sotheby's International Realty ("Sotheby's") as Genever

(US)'s broker to market and sell the Sherry Netherland Apartment.  In support of this Motion,

the Movants respectfully state as follows.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## JURISDICTION, VENUE, AND STATUTORY BASES

1.     The United States Bankruptcy Court for the District of Connecticut (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order
of Reference* from the United States District Court for the District of Connecticut (as amended).
This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a), 327, 328, 363 of title
11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

### I.     Genever (US)'s Chapter 11 Case and the Sale Process

4.     On October 12, 2020, Genever (US) filed a voluntary petition for relief under
chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the
Southern District of New York (the "SDNY Bankruptcy Court"), thereby commencing case
number 20-12411 (JLG) (the "SDNY Bankruptcy Case").

5.     One of the Genever (US)'s principal assets consists of the 18th floor apartment
and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, New
York 10022 (collectively, the "Sherry Netherland Apartment").

6.     On December 13, 2020, Pacific Alliance Asia Opportunity Fund L.P. ("PAX"),
filed its motion [Docket No. 13 in Case No. 22-50592] (the "Lift Stay Motion") to modify the
automatic stay to proceed with its pending state court litigation against Genever (US).  PAX is, at
this time, the largest unsecured creditor of the Individual Debtor and has asserted a claim against
Genever (US) on the basis that Genever (US) is an *alter ego* of the Individual Debtor.  *See* Proof
of Claim No. 5-1 against Genever (US).

2

7.     The Lift Stay Motion was opposed by Bravo Luck Limited ("Bravo Luck").  *See* Docket No. 21 in Case No. 22-50592.  Bravo Luck has asserted a beneficial interest in the Sherry Netherland Apartment on the basis of a purported trust agreement.  *See* Proof Claim No. 4-1 against Genever (US).  Bravo Luck's purported beneficial interest in the Sherry Netherland Apartment is currently being challenged in (i) an adversary proceeding commenced by the Trustee in the Individual Debtor's chapter 11 case, *see* Adv. Proc. No. 22-05027, and (ii) an adversary proceeding commenced by Genever (US) in its chapter 11 case, *see* Adv. Proc. No. 22-05030.

8.     On January 12, 2020, PAX filed its motion [Docket Nos. 35 and 36 in Case No. 22-50592] (the "Conversion Motion") to convert Genever (US)'s chapter 11 case to a case under chapter 7 or, in the alternative, to appoint a trustee.  The Conversion Motion was also opposed by Bravo Luck.  *See* Docket No. 44 in Case No. 22-50592.

9.     On September 24, 2021, Genever (US) filed its *Omnibus Second Renewed Motion (i) to Approve Second Amended and Restated Settlement with Bravo Luck and PAX; and (ii) to Hire Melanie L. Cyganowski as an Employee Only to Act as the Sales Officer for the Debtor's Bankruptcy Estate* [Docket No. 131 in Case No. 22-50592] (the "Settlement Motion").

10.     As set forth in the Settlement Motion, Genever (US), PAX and Bravo Luck entered into a settlement (the "Settlement Agreement") (attached to the Settlement Motion as Exhibit A),[2] establishing, among other things, a framework for the sale of the Sherry Netherland Apartment under the stewardship of former bankruptcy judge Melanie L. Cyganowski as sales officer (the "Sales Officer") to be employed by Genever (US) in accordance with an engagement letter dated September 24, 2021 (attached to the Settlement Motion as Exhibit B).  The

---

[2]     For the Court's ease of reference, a copy of the Settlement Agreement is attached hereto as **Exhibit B**.

Settlement Agreement and the procedures for the sale of the Sherry Netherland Apartment were

designed to resolve PAX's concerns about Mr. Kwok's undue control over Genever (US)—

concerns that were at the center of PAX's Lift Stay Motion[3] and Conversion Motion.[4] *See*

Settlement Agreement at 1.

11.     Under the Settlement Agreement, the Sales Officer's authority and duties are,

among other things, to (i) select a real estate broker to be retained and employed by Genever

(US)'s estate in the Sales Officer's business judgment, and subject to the right of Bravo Luck

and PAX to object, (ii) oversee and interface with the retained real estate broker, and (iii) have

the final approval power after prior consultation with Genever (US), Bravo Luck and PAX, and

subject to Bankruptcy Court approval with right to object by Bravo Luck and PAX, regarding the

marketing and sale of the Sherry Netherland Apartment.

12.     The Settlement Agreement also provides that the sale process shall be limited to

180 days from the retention of the broker, subject to extension upon written agreement of

Genever (US), Bravo Luck and PAX, or by further order of the court for cause shown.[5]

13.     On October 8, 2021, the SDNY Bankruptcy Court entered (i) an Order approving

the Settlement [Docket No. 141 in Case No. 22-50592] (the "Settlement Order"); and (ii) an

---

[3]   For example, in its Lift Stay Motion, PAX asserted that "Kwok orchestrated the bankruptcy filing in an effort to move the veil-piercing trial and related proceedings away from Justice Ostrager, who has presided over the State Court Action for almost four years and has issued a series of rulings adverse to Kwok, including summary judgment in favor of PAX on its breach of contract claim." Lift Stay Motion ¶ 1.

[4]   For example, in its Conversion Motion, PAX asserted that "Kwok caused the Debtor to file its Chapter 11 petition . . . as a last ditch and bad faith attempt to impede the State Court Action and avoid more adverse rulings and any enforcement efforts by PAX." Conversion Motion ¶ 4.

[5]   For the avoidance of doubt, the foregoing 180-day time limit does not apply to Ms. Cyganowski's engagement. In fact, Ms. Cyganowski's engagement letter provides that her employment "shall terminate upon the earlier of (i) the entry of a Court order dismissing the Bankruptcy Case, (ii) the entry of a Court order converting the Company's chapter 11 bankruptcy case to a case under chapter 7 of the Bankruptcy Code, and (iii) the entry of a Court order terminating my services as Sales Officer." A copy of Ms. Cyganowski's engagement letter is attached as Exhibit 2 to the Settlement Motion [Docket No. 131 in Case No. 22-50592]. Moreover, the Settlement Agreement provides that "[t]he Debtor may only revoke or terminate the hiring and appointment of Ms. Cyganowski pursuant to Order of the Bankruptcy Court." Settlement Agreement § 2.

Order approving Genever (US)'s hiring of Melanie L. Cyganowski [Docket No. 142 in Case No. 22-50592] (the "Sales Officer Order").

14.     On December 15, 2021, Genever (US) filed its *Application to Employ and Retain Sotheby's International Realty as its Real Estate Broker and Sales Agent* [Docket No. 160 in Case No. 22-50592] (the "Sotheby's Application"), in which Genever (US) sought to retain Sotheby's as Genever (US)'s sales agent in accordance with the engagement agreement [Docket No. 162-1 in Case No. 22-50592] (the "Retention Agreement").  The Retention Agreement provides that Sotheby's shall be retained for an initial term of 180 days from the entry of the Order approving its retention.

15.     On January 13, 2022, the SDNY Bankruptcy Court entered an order, pursuant to sections 327(a), 328, and 363(b) of the Bankruptcy Code and applicable Bankruptcy Rules, approving the Sotheby's Application [Docket No. 168 in Case No. 22-50592].

16.     The SDNY Bankruptcy Court has previously entered stipulations and orders extending the sale process of the Sherry Netherland Apartment and Sotheby's retention by Genever (US).  *See* Docket Nos. 202 and 222 in Case No. 22-50592.  Pursuant to the most recent stipulation and order entered on October 21, 2022 [Docket No. 222 in Case No. 22-50592], the sale process and Sotheby's retention were both extended through October 31, 2022.  Thus, the sale process under the Settlement Agreement has expired.

17.     As of the filing of this Motion, no buyer has yet been identified for the Sherry Netherland Apartment.

18.     On November 3, 2022, the SDNY Bankruptcy Court entered an order [Docket No. 225 in Case No. 22-50592] transferring the venue of the SDNY Bankruptcy Case to this Court, which assigned it Case Number 22-50592.

## II.    Individual Debtor's Chapter 11 Case

19.     On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the

Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

20.     On March 21, 2022, the United States Trustee appointed an Official Committee of

Unsecured Creditors ("Committee") in the Individual Debtor's chapter 11 case.  No examiner

has been appointed in the Individual Debtor's chapter 11 case.

21.     On June 15, 2022, the Court entered a memorandum of decision and order

[Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter

11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee

selected Luc A. Despins as the Trustee.

22.     On July 8, 2022, the Court entered an order granting the appointment of Luc A.

Despins as the Trustee in the Chapter 11 Case [Docket No. 523].  The Trustee owns all the

shares in Genever (BVI),[6] which, in turn, wholly owns Genever (US).

23.     The chapter 11 cases of the Individual Debtor, Genever (US), and Genever (BVI)

are being jointly administered for procedural purposes only.

## RELIEF REQUESTED

24.     Movants request authorization to continue the now-expired sale process of the

Sherry Netherland Apartment under the auspices of the Sales Officer retroactive to October 31,

2022 and through February 1, 2023, in accordance with the terms of the Settlement Agreement,

except that PAX and Bravo Luck shall have no further consent or consultation rights with respect

to the marketing and sale process after October 31, 2022 (i.e., the current end date of the sale

process).  The extension will be without prejudice to further extensions of the sale and marketing

---

[6]     Genever (BVI) filed its chapter 11 petition in this Court on October 11, 2022.

process upon the consent of the Movants, the Sales Officer, and Sotheby's without further order of the Court, or by further order of the Court for cause shown.

25.     In addition, Movants request authorization to continue the previously court-approved retention of Sotheby's as Genever (US)'s broker to market and sell the Sherry Netherland Apartment, retroactive to October 31, 2022 and through February 1, 2023, without prejudice to further extensions of Sotheby's retention by further order of the Court for cause shown.

## BASIS FOR RELIEF

26.     Movants submit that it is in the best interest of the estates of Genever (US), Genever (BVI), and the Individual Debtor to continue the sale process of the Sherry Netherland Apartment so as to monetize Genever (US)'s principal asset for the benefit of Genever (US).  As part of this sale process, it is critical that the Sales Officer and Sotheby's—both of whom have acquired substantial institutional knowledge regarding the Sherry Netherland Apartment and the sale process—continue to market and sell the Sherry Netherland Apartment.

27.     While the sale and marketing process would continue to be conducted by the Sales Officer and Sotheby's in accordance with the terms of the Settlement Agreement, Movants propose that the order extending the sale and marketing process not continue any of PAX's and Bravo Luck's consultation and consent rights which they previously enjoyed under the now-expired sale process.  For the period prior to October 31, 2022, these consultation rights included:

> i.     consultation rights with respect to the marketing process (including minimum offers and marketing strategy), *see* Settlement Agreement § 4, and the sale procedures (including selecting qualified bidders, scheduling an auction, and selecting the highest and otherwise best offer), *see id.* §§ 5, 6; and

ii.     the right to be kept fully informed regarding the status of the sale process, all offers received, and all material issues relating to the negotiation and eventual sale of the Sherry Netherland Apartment, *see id.* § 5.e.

28.     In addition, the Settlement Agreement also provided PAX and Bravo Luck with certain consent rights, namely:

i.      the right to propose/recommend parties to the Sales Officer for the role of the real estate broker and the right to interview prospective brokers, *see id.* § 3;

ii.     the right to review and approve, before filing, the motion seeking approval to sell the assets of Genever (US), including the Sherry Netherland Apartment, and the sale procedures in connection with the same, *id.* § 5.c.;

iii.    reasonable consent rights with respect to the selection of the bank with which the gross proceeds of the sale are to be deposited, *id.* § 5.h;

iv.     the right to propose replacement candidates for the Sales Officer, in the event of Ms. Cyganowski's death, incapacity, resignation, or removal, *id.* § 5.g; and

v.      consent rights in the event that Genever (US) seeks to expand or materially change the terms or duties of the Sales Officer and/or add new executive officers, *id.* § 27.D.b.

29.     It bears repeating that the parties entered into the Settlement Agreement (including the appointment of the Sales Officer to oversee the sale and marketing process) to resolve PAX's Lift Stay Motion and Conversion Motion, which raised serious concerns about the Individual Debtor's undue control over Genever (US) and its chapter 11 case.  In light of the appointment of the Trustee as an independent fiduciary for the Individual Debtor's estate and the Trustee's corporate control over Genever (US) (as a result of his ownership of Genever (BVI)'s shares), there is no longer any rationale for creditors (such as PAX and Bravo Luck) to continue to have consent or consultation rights with respect to the sale and marketing process.

30.     Movants submit that any objections that Bravo Luck or PAX may have to the relief sought in this Motion should be overruled.  If and when Movants request Court approval of a sale of the Sherry Netherland Apartment, Movants will provide notice of such sale to Bravo Luck and PAX (and other parties in interest), which will then have the opportunity to raise any objections they may have to such sale, including as to the identity of the prospective buyer, the sale price, or the marketing process.  There is no basis, however, to allow Bravo Luck or PAX to continue to have consent and consultation rights during the sale and marketing process, now that an independent fiduciary oversees that process.

31.     In addition, the Trustee notes that several of the consent rights were vague as to the scope of such rights.  For example, section 5.c of the Settlement Agreement stated that a draft of the Sale Motion (as defined in the Settlement Agreement) is to "be provided to Bravo Luck and PAX for review and **approval** prior to filing."  Settlement Agreement § 5.c (emphasis added).  It is not clear whether this provision effectively gave Bravo Luck and PAX an absolute veto right over any sale (by withholding their approval of a proposed Sale Motion) or whether Bravo Luck and PAX's consent rights were limited to the form of the Sale Motion, without being able to block the filing of such motion.  It should go without saying that the former would be highly improper, now that an independent fiduciary has been appointed in the Individual Debtor's chapter 11 case, which fiduciary now oversees the chapter 11 cases of Genever (BVI) and Genever (US).

32.     Finally, Movants have discussed the relief sought in this Motion with the Sales Officer, and she has confirmed that she has no objection to the requested relief.

## **NOTICE**

33.     Notice of this Motion has been given to the United States Trustee, the Individual

Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing

("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.  In addition,

counsel to Bravo Luck will receive notice of this Motion by email and first class mail.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, the Movants requests that the Court enter an

Order, substantially in the form of the Proposed Order filed herewith, granting the Motion, and

order such other and further relief as the Court deems just and proper.

Dated: December 20, 2022
      New Haven, Connecticut

| GENEVER HOLDINGS LLC | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By:    /s/Douglas S. Skalka | By:    /s/Douglas S. Skalka |
|     Douglas S. Skalka (ct00616) |     Douglas S. Skalka (ct00616) |
|     Patrick R. Linsey (ct29437) |     Patrick R. Linsey (ct29437) |
|     NEUBERT, PEPE & MONTEITH, P.C. |     NEUBERT, PEPE & MONTEITH, P.C. |
|     195 Church Street, 13th Floor |     195 Church Street, 13th Floor |
|     New Haven, Connecticut 06510 |     New Haven, Connecticut 06510 |
|     (203) 821-2000 |     (203) 821-2000 |
|     dskalka@npmlaw.com |     dskalka@npmlaw.com |
|     plinsey@npmlaw.com |     plinsey@npmlaw.com |
|      *and* |      *and* |
|     Kevin J. Nash, Esq. |     Luc A. Despins, Esq. |
|     GOLDBERG WEPRIN FINKEL |     PAUL HASTINGS LLP |
|     GOLDSTEIN LLP |     200 Park Avenue |
|     1501 Broadway, 22nd Floor |     New York, New York 10166 |
|     New York, New York 10036 |     (212) 318-6000 |
|     (212) 221-5700 | |
| *Counsel for Genever Holdings LLC Debtor and Debtor-in-Possession* | *Counsel for the Chapter 11 Trustee* |

GENEVER HOLDINGS CORPORATION

By:    /s/Douglas S. Skalka
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com
    plinsey@npmlaw.com
*Counsel for Genever Holdings Corporation Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK, *et al*.,[1]                           :    Case No. 22-50073 (JAM)
                                                    :
                    Debtors.                        :    (Jointly Administered)
---------------------------------------------------x

## NOTICE OF CONTESTED MATTER RESPONSE DATE

Luc A. Despins, as Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation (the "Movants") have filed a Motion for Order (i) Extending Sale Process and (ii) Retention of Sotheby's International Realty as Broker (the "Contested Matter") with the U.S. Bankruptcy Court for the District of Connecticut. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than January 3, 2023, in accordance with Federal Rules of Bankruptcy Procedure 2002(a) and 9014.[2]  In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see*, 11 U.S.C. section 102(1).

Dated: December 20, 2022              LUC A. DESPINS, CHAPTER 11 TRUSTEE
       New Haven, Connecticut         GENEVER HOLDINGS, LLC, and
                                      GENEVER HOLDINGS CORPORATION

                              By:___/s/Douglas S. Skalka_____
                                    Douglas S. Skalka (ct00616)
                                    Patrick R. Linsey (ct29437)
                                    Neubert, Pepe & Monteith, P.C.
                                    195 Church Street, 13th Floor
                                    New Haven, Connecticut 06510
                                    (203) 821-2000
                                    dskalka@npmlaw.com

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
HO WAN KWOK, et al.,[1]                       :   Case No. 22-50073 (JAM)
                                              :
                Debtors.                      :   (Jointly Administered)
                                              :
-------------------------------------------------------x
```

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328,**
**AND 363, FURTHER EXTENDING (I) SALE PROCESS OF SHERRY**
**NETHERLAND APARTMENT AND (II) RETENTION OF SOTHEBY'S**
**INTERNATIONAL REALTY AS BROKER**

Upon the motion (the "Motion") of Luc Despins, in his capacity as the chapter 11 trustee

(the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"),

Genever Holdings LLC ("Genever (US)"), and Genever Holdings Corporation ("Genever (BVI)"

and, together with the Trustee and Genever (US), the "Movants") for entry of an order (this

"Order") extending (i) the sale process of the Sherry Netherland Apartment,[2] subject to certain

modifications and (ii) the retention of Sotheby's as Genever (US)'s broker to market and sell the

Sherry Netherland Apartment; and the Court having reviewed the Motion and having considered

the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having

found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having determined that the relief sought in the Motion is in the best interest of the Movants, the estates, their creditors, and all parties in interest,

therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is approved as set forth in this Order.

2.      Notwithstanding the termination of the sale and marketing process under the Settlement Agreement on October 31, 2022, the sale and marketing process of the Sherry Netherland Apartment shall continue, as modified by this Order, retroactive to October 31, 2022 and through February 1, 2023, without prejudice to further extensions of the sale and marketing process upon the consent of the Movants, the Sales Officer, and Sotheby's without further order of the Court, or by further order of the Court for cause shown.

3.      The sale and marketing process shall continue to be conducted in accordance with the Settlement Agreement, except that neither PAX nor Bravo Luck shall have any further consent or consultation rights with respect to the sale and marketing process after October 31, 2022.

4.      Sotheby's retention by Genever (US) is extended from October 31, 2022 through February 1, 2023, without prejudice to further extensions of Sotheby's retention by further order of the Court for cause shown.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT B

**Settlement Agreement**

## SECOND AMENDED AND RESTATED SETTLEMENT AGREEMENT

This Second Amended and Restated Settlement Agreement (the "**Settlement Agreement**") is entered into as of September 24, 2021, by and among Genever Holdings, LLC, ("**Debtor**"), Pacific Alliance Asia Opportunity Fund L.P. ("**PAX**") and Bravo Luck Limited ("**Bravo Luck**") (each a "**Party**" and collectively, the "**Parties**").[1]

## W I T N E S E T H :

WHEREAS, on October 12, 2020, Debtor filed its Chapter 11 Case.

WHEREAS, on December 16, 2020, PAX filed its motion to *Modify the Automatic Stay to Proceed with State Court Action and Related Relief* (the "**Lift Stay Motion**") [Dkts 12-14], which included, *inter alia*, a request to try PAX's veil piercing claims against the Debtor in the State Court Action.

WHEREAS, on January 5, 2021, the Debtor filed a response to the Lift Stay Motion and Bravo Luck also filed its objection thereto [Dkts 21 and 22].

WHEREAS, on January 12, 2021, PAX filed its motion for an *Order Under 11 U.S.C. 1112(b) Converting the Debtor's Case to a Case Under Chapter 7 or, in the Alternative, for an Order Under 11 U.S.C. 1104(a) Appointing a Trustee to Administer the Debtor's Estate* ("**Conversion Motion**") [Dkts 35-37].

WHEREAS, on May 10, 2021, the Debtor filed its opposition to the Conversion Motion [Dkt 84] and on January 27, 2021, Bravo Luck filed its opposition to the Conversion Motion [Dkt 44].

WHEREAS, the Debtor, PAX and Bravo Luck entered in a settlement agreement on February 26, 2021 (the "**Initial Agreement**") to resolve the Lift Stay Motion and Conversion Motion, and to establish procedures for the sale of the Residence through the Chapter 11 Case while preserving the rights of all Parties.

WHEREAS, the Debtor moved (the "**Motion**") for approval of the Initial Agreement entered into on February 26, 2021 pursuant to Bankruptcy Rule 9019(a) [Dkt 62].

WHEREAS, with approval from PAX and Bravo Luck, the Debtor also moved to retain Melanie L. Cyganowski (Ret.) (hereinafter, "**Ms. Cyganowski**") as the Sales Officer for purposes of settlement pursuant to 11 U.S.C. §§105 and 363(b) [Dkt 72] (the "**Motion to Appoint Ms. Cyganowski**").

---

1 Capitalized terms shall have the meaning provided below, or if not otherwise defined, in the Motions.

WHEREAS, in support of the Motion to Appoint Ms. Cyganowski, the Debtor filed the Declaration of Disinterestedness by Melanie L. Cyganowski dated April 12, 2021 [Dkt. 73] (the **"Cyganowski Declaration"**).

WHEREAS, the Office of the U.S. Trustee ("**UST**") previously objected to the Initial Agreement, and the Parties thereafter agreed to amend and modify the Initial Agreement to attempt to address the concerns and objections raised by the UST (the "**Amended Settlement**").

WHEREAS, the Bankruptcy Court issued a decision dated September 1, 2021 finding, in the main, that the Amended Settlement met the standards of Bankruptcy Rule 9019(a), but denying the Debtor's motions due to certain issues relating to Ms. Cyganowski also providing legal advice directly to the Debtor or with the assistance of the Otterbourg P.C. law firm without retention under 11 U.S.C. § 327.

WHEREAS, the Parties have again further modified the Amended Settlement as provided herein to address the Court's concerns as set forth in its decision dated September 1, 2021 and to address the objections of the UST in a continuing effort to resolve their differences as described herein without resorting to further litigation, and, as a result of negotiations among the Parties, the Parties have agreed to resolve the Lift Stay Motion and the Conversion Motion, as well as establish procedures for the sale of the Residence through the Chapter 11 Case while preserving the rights of all Parties, as set forth below.

NOW, THEREFORE, for the consideration of the promises and the mutual covenants contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby CONSENT, AGREE, and STIPULATE as follows:

1.       *Definitions*.  Capitalized terms used herein but not otherwise defined shall have the following meanings:

   a.       **"Approval Order"** shall mean the order entered by the Bankruptcy Court granting the Motion and approving this Settlement Agreement.

   b.       **"Bankruptcy Court"** shall mean the United States Bankruptcy Court for the Southern District of New York.

   c.       **"BVI"** shall mean the British Virgin Islands.

   d.       **"BVI Litigation"** shall mean those certain actions filed by PAX in the BVI in 2020 under case No. BVIHCM 2020/0137 against: (i) Genever BVI, (ii) Bravo Luck, (iii) Kwok, and (iv) Guo, seeking, among other things, to enforce (a) the Judgment arising in the State Court Action; and (b) the Defense and Counterclaim filed on January, 14, 2021, by Bravo Luck and Guo against PAX.

   e.       **"Chapter 11 Case"** shall mean the underlying chapter 11 bankruptcy case captioned *GENEVER HOLDINGS LLC.*, filed by the Debtor in the Bankruptcy Court, case number 20-12411.

     f.     **"Effective Date"** shall mean the date on which the Approval Order has been entered by the Bankruptcy Court and is a final order.

     g.     **"Genever BVI"** shall mean Genever Holdings Corporation, a British Virgin Islands corporation and 100% owner of the Debtor.

     h.     **"Guo"** shall mean Qiang Guo.

     i.     **"Kwok"** shall mean Kwok Ho Wan aka Miles Kwok.

     j.     **"Operating Agreement"** shall mean the Limited Lability Company Agreement of the Debtor dated February 13, 2015, as amended by the Resolution, pursuant to section 23 therein.

     k.     **"Residence"** shall mean the entire 18th floor apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, New York 10022.

     l.     **"Resolution"** shall mean the corporate resolution previously passed by the Debtor as referenced in the Court's September 1, 2021 decision regarding the hiring of Ms. Cyganowski as an employee to serve as the Debtor's Sales Officer as provided hereunder.

     m.     **"Sale Motion"** shall mean a motion to be filed by the Debtor seeking approval by the Bankruptcy Court to sell the assets of the Debtor, including but not limited to, the Residence, and for approval of sale procedures in connection with same.

     n.     **"Sales Officer Hiring Order"** shall mean the separate order entered by the Bankruptcy Court approving the renewed Motion to hire Ms. Cyganowski pursuant to this Settlement Agreement.

     o.     **"Sherry-Netherland Co-Op Board"** shall mean the cooperative board of the Sherry-Netherland.

     2.     *Appointment of the Designated Sales Officer.* Debtor hereby (i) exercises it business judgment to hire and appoint Ms. Cyganowski solely as an employee to serve as the Debtor's Sales Officer (the "**SO**") pursuant to Sections 9.3 and 23 of the Operating Agreement and the Resolution and (ii) designates authority to Ms. Cyganowski as SO solely to control and oversee the sale of the Residence as provided hereunder and without subjecting Ms. Cyganowski to any other duties or responsibilities. Ms. Cyganowski's employment, as set forth in this Settlement Agreement, shall be approved by the Bankruptcy Court pursuant to the Sales Officer Hiring Order. Pursuant to the Operating Agreement, Bankruptcy Code Section 363, and this Settlement Agreement, the Debtor may only revoke or terminate Ms. Cyganowski's hiring upon further Order of the Bankruptcy Court. The Parties believe that Ms. Cyganowski has the requisite expertise selling luxury residential Manhattan real estate and co-ops through a bankruptcy process. Ms. Cyganowski is acceptable to the Debtor, Bravo Luck, and PAX. Ms. Cyganowski as SO will oversee and interface with the retained real estate broker as provided below, and shall have the final authority as delegated by the Debtor hereunder and in the

Resolution, subject to Bankruptcy Court approval with right of objection by Bravo Luck and PAX, over the Debtor's decision making, sale process and the selection of (i) Qualified Buyer (defined below) and Qualified Offer (defined below) and (ii) successful and backup offers for the sale of the Residence.  In the exercise of such powers, the SO shall consult with the Debtor, Bravo Luck and PAX.  The SO is not acting as a lawyer for the Debtor and is not a chapter 11 trustee or examiner but shall have the same type of powers utilized by a trustee in bankruptcy, limited strictly to the terms of employment hereunder and without displacing the Debtor from its role as a debtor in possession.

3.    *Broker*.  The SO shall select the real estate broker(s) (the "**Broker**") to be retained and employed by the Debtor's estate in the SO's business judgment as delegated by the Resolution, in consultation with the Parties, and subject to the right of Bravo Luck and PAX to object.  Bravo Luck and PAX shall be allowed to propose/recommend parties to the SO for the role of Broker.  Bravo Luck and PAX shall have the right to interview the prospective Brokers. Bravo Luck and PAX shall consult with the Broker and the SO for purposes of establishing the timing and realization of maximum value for the Residence.  The Broker will be compensated consistent with market terms, subject to Bankruptcy Court approval with right of objection by Bravo Luck and PAX. The SO will consult Bravo Luck and PAX regarding Broker's compensation.  Broker shall be disinterested and free of conflicts, as described below.  A draft Broker Agreement and Affidavit of Disinterest shall be provided to Bravo Luck and PAX for review and comment prior to filing by the Debtor, which shall include disclosure of all past and present conflicts, connections, and financial relationships between the Broker, and its representatives, with Miles Kwok, members of Kwok's family and their respective counsel, associates, affiliates and interests, as well as any past connection with Bravo Luck and PAX as well as their respective counsel, associates, affiliates and interests.  Broker shall have expertise selling luxury residential Manhattan real estate.

4.    *Marketing Terms*.  The Parties agree to the following terms for the marketing of the Residence, with the specific terms to be established by the SO in consultation with the Debtor and as provided below:

a.    Floor price to be set by the SO for minimum offers for any sale in consultation with Bravo Luck and PAX.

b.    The SO may consider imposing limitations on an insider offer or by PAX or an affiliate thereof, in consultation with Bravo Luck and PAX.

c.    The Broker shall fully disclose all fees, costs and any other direct or indirect compensation to be received by the Broker and its representatives.

d.    The SO shall coordinate with the Broker in consultation with the Debtor, Bravo Luck and PAX on protocols for sale of the Residence, including staging, marketing strategy and process, identifying prospective buyers, international outreach, setting floor and target sale price, counteroffers, negotiated concessions, etc. and coordination with the Sherry-Netherland, as necessary.

e.    Other protocols and procedures for sale of the Residence shall be developed by the SO and the Broker in consultation with the Debtor, Bravo Luck and PAX, including duration, minimum sale price, target sale price, and time, place, and

manner of any sale of the Residence.  Notwithstanding anything contained herein to the contrary, the duration of the sale process shall be limited to 180 days from the retention of the Broker, subject to extension upon written agreement of the Debtor, Bravo Luck and PAX, or by further order of the Court for cause shown.

       f.     Parties residing at the Residence shall make the Residence available for showing upon 24 hours advance notice.

     5.    *Sales Procedures*.  The Parties agree to the following regarding the sale of the Residence:

       a.     The sale shall be in cash payable at closing and shall be subject to higher and better offers.  If more than one Qualified Offer is received, the SO, in consultation with the Debtor, Bravo Luck and PAX, shall schedule an auction at which all Qualified Buyers can participate.

       b.     Selection of the winning Qualified Buyer shall be made by the SO in consultation with the Debtor, the Broker, Bravo Luck and PAX.

       c.     Sale shall be subject to Bankruptcy Court approval of a Sale Motion to be prepared and filed by the Debtor; draft of such motion to be provided to Bravo Luck and PAX for review and approval prior to filing.

       d.     Notwithstanding any other provision of this Settlement Agreement, and subject to applicable law, the sale of the Residence shall be subject to assignment of that certain Proprietary Lease by and between the Sherry-Netherland and the Debtor (the "Proprietary Lease"); all rights and obligations of the parties, whether under the Proprietary Lease or under applicable law, are expressly reserved.

       e.     Bravo Luck and PAX shall have access to the SO and the Broker and shall be kept fully informed regarding the status of the sale process, all offers received, and all material issues relating to the negotiation and eventual sale of the Residence.

       f.     The sale process shall include consultation rights for the Debtor, Bravo Luck and PAX, with the SO to have final authority in the event of any dispute pursuant to the authority granted to Ms. Cyganowski as an officer under Section 9.3 of the Operating Agreement.

       g.     Gross proceeds of sale less customary closing costs and expenses (including fees and expenses of the SO without further order of the Bankruptcy Court and the reasonable fees and expenses of the Broker subject to approval by the Bankruptcy Court upon notice to all Parties), without other deduction, shall be placed in escrow as provided below, subject to release solely with Bankruptcy Court approval on prior notice, including prior notice to Bravo Luck and PAX.  Notwithstanding the foregoing, Ms. Cyganowski shall have no control over, or obligations with regard to, the gross proceeds of the sale or the escrow account, which shall be held by an escrow agent in accordance with this paragraph, and only released upon further order of the Bankruptcy Court upon notice to the Parties.

h.      Gross proceeds of sale, as described above, shall be deposited in a nationally recognized collateralized bank reasonably acceptable to the Debtor, Bravo Luck and PAX and subject to Bankruptcy Court approval.

i.      Sherry-Netherland Co-op Board shall be consulted to confirm process and timing for Board approvals necessary to conduct and complete the sale of the Residence.

6.      *Approval Powers*. The SO shall oversee the sale process, and the Residence shall be initially marketed through the Broker in a commercially reasonable manner consistent with the stature of the Residence in an effort to identity one or more acceptable competing offers (each, a "**Qualified Offer**") from one or more acceptable competing buyers (each, a "**Qualified Buyer**"). An auction may be conducted if the SO determines it would result in a higher and better offer or upon further order of the Bankruptcy Court. The SO shall have the final approval power after prior consultation with the Debtor, Bravo Luck and PAX, and subject to Bankruptcy Court approval with right to object by Bravo Luck and PAX, regarding the marketing and sale of the Residence, including the following:

a.      To decide the sale process, whether through traditional means, private sale, auction, a combination thereof, or other process;

b.      To determine which potential buyers are Qualified Buyers;

c.      To determine which offers are Qualified Offers;

d.      To schedule an auction and determine the auction process, if necessary, including break-up fees, required overbids and other procedures;

e.      To determine which Qualified Offer is the highest and otherwise best offer and which is the next highest and otherwise best offer;

f.      To reject any offer that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Sales Procedures (as set forth in section 5 above) or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate;

g.      To waive any term and condition set forth herein with respect to any potential buyer;

h.      To impose additional terms and conditions with respect to any potential buyer and the successful purchaser;

i.      To extend the deadlines set forth herein;

j.      To, except, as set forth herein, adjourn or cancel any auction and/or sale hearing without further notice;

k.      To modify the Sales Procedures; and/or

l.      To withdraw the Sale Motion at any time with or without prejudice.

7.    *Stay Relief, Maintenance, Fees and Other Terms*.

a.    Stay relief is granted to allow PAX to prosecute, and the Debtor to defend, the state court action currently pending in the New York Supreme Court under Docket No. 652077/2017 (the "**State Court Action**"), with the stay to otherwise remain in place for all other purposes, including relating to enforcement or collection of any judgment entered against the Debtor in the State Court Action, pending further order of the Bankruptcy Court upon further notice to all Parties.  Nothing herein shall be construed as an acknowledgment of the appropriate forum outside the bankruptcy court to address any such issues, with all Parties' rights expressly reserved.

b.    Nothing herein shall prejudice the rights of any party, including Bravo Luck and PAX to proceed with the BVI Litigation, provided that PAX, Bravo Luck, Kwok, Guo or any of his or its affiliates reserve the right to assert claims in the Bankruptcy Court relating to its status as a creditor of the Debtor, and PAX reserves all rights to oppose such claims on any grounds. In addition, notwithstanding anything contained herein to the contrary, nothing in this Agreement shall prejudice the rights of any Party, including Bravo Luck and PAX, from proceeding with any and all claims, if any, against anyone, including Bravo Luck, Kwok, Guo, or any of his or its affiliates, and PAX or any of its affiliates, in BVI, State Court, or otherwise, and Bravo Luck and PAX reserve all rights to oppose such claims in the applicable forum.

c.    PAX shall withdraw its Conversion Motion expressly as provided below. PAX will not support or encourage a motion for the appointment of a trustee or conversion by any other party herein.  However, notwithstanding anything contained herein to the contrary, to the extent any substantive term of this Settlement Agreement is breached by the Debtor, Bravo Luck, Kwok, Guo, or any of their related entities, there shall be no limitation on PAX's right to renew or file its Conversion Motion, including appointment of a trustee, nor will there be any limitation upon the Debtor's or Bravo Luck's right to oppose such action on any ground, including inter alia, that such breach did not occur.  To the extent PAX breaches any substantive term under this Agreement, then PAX shall have no further right to renew or file its Conversion Motion, including appointment of a trustee, provided however, that there shall be no limitations upon PAX's right to seek a Bankruptcy Court declaration that such breach did not occur. Other than as expressly provided for under this Agreement, all Parties' rights and remedies are expressly reserved.

d.    Recommendation and Appointment of the SO:  In connection with execution of this Settlement Agreement, the Debtor, Bravo Luck and PAX have previously agreed upon Ms. Cyganowski as the designed SO.  In the event that paragraph 27(D)(f) is triggered, then Bravo Luck and PAX shall designate a total of four candidates for consideration as the designed SO, two by Bravo Luck and two by PAX (total of four by all Parties) (the "**List**"). The Parties shall confer to select an agreed SO from such List. If an agreement on selection of an SO cannot be reached by the Parties, then the Bankruptcy Court shall appoint the SO from such List, unless the Court finds an irreconcilable conflict to exist, after which the Office of the United States Trustee, after

consultation with Bravo Luck and PAX, may submit recommendations to the Court for other independent and disinterested persons to serve as SO.

   e.  Stay relief is confirmed to allow the Sherry-Netherland to apply all accrued and owing post-petition maintenance fees and assessments as of the date hereof, and thereafter on a monthly basis, from the current security deposit, with the stay to otherwise remain in place for all other purposes.

  8. *Bankruptcy Court Approval.* This Settlement Agreement is subject to approval by the Bankruptcy Court and shall only be effective and binding on and from the Effective Date. The Parties hereby agree to waive the 14-day appeal period with respect to the effect of the Approval Order. The Debtor shall request that the Bankruptcy Court make the Approval Order a final, non-appealable order immediately upon entry. Bravo Luck and PAX have and shall continue to take all reasonable steps to seek approval of the Settlement Agreement and entry of the Approval Order and defend against any objections to this Settlement Agreement or appeals from the Approval Order.

  9. *Conditions Precedent.* The obligations of the Parties set forth in this Settlement Agreement are subject to the occurrence of the Effective Date. If the Bankruptcy Court declines to enter the Approval Order, or if the Approval Order is vacated or reversed on appeal, this Settlement Agreement shall be of no further force or effect, and each of the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Settlement Agreement had never been formed and concluded/entered.

  10. *Representations and Warranties.* Each Party represents and warrants to the other Parties that: (a) it is authorized to execute and deliver this Settlement Agreement and perform its obligations hereunder; (b) each believes its own best interests are served by settling the matters encompassed by this Settlement Agreement, as provided in this Settlement Agreement; (c) no promise, agreement, inducement, representation, or warranty has been offered to any Party except as expressly provided in this Settlement Agreement; (d) this Settlement Agreement is not in violation of or in conflict with any other agreement of any Party; (e) this Settlement Agreement is executed voluntarily with full knowledge of the consequences and implications of the terms and obligations contained herein; (f) each Party has been represented by counsel of that Party's choice throughout the negotiations that preceded the execution of this Settlement Agreement, and in connection with the preparation and execution of this Settlement Agreement; (g) each Party has carefully and thoroughly reviewed this Settlement Agreement in its entirety and has resolved all questions concerning the meaning, legal nature, and binding effect of this Settlement Agreement with counsel of each Party's choosing; and (h) this Settlement Agreement is contractual and not merely recital, and that each Party has read, understands, and fully agrees to the terms of this Settlement Agreement.

  11. *No Admission of Liability.* Nothing in this Settlement Agreement shall be construed as an admission of liability or fault by any Party, and such liability and fault are expressly denied.

12.    *Further Assurances*.  Each Party shall execute and deliver any document or instrument reasonably requested by another Party after the date of this Settlement Agreement to effectuate the intent of this Settlement Agreement.

13.    *Assignment*.  No Party may assign any of its respective benefits, obligations or liabilities under or in respect of this Settlement Agreement without (a) the prior written consent of each other Party, which may be withheld in its absolute discretion, or (b) by order of the Bankruptcy Court.

14.    *Successors*.  This Agreement shall be binding upon and inure to the benefit of each Party and its respective successors, heirs, estates and personal representatives.

15.    *Amendments*.  This Agreement may be modified or amended only by a writing signed by a duly authorized representative of each Party hereto.

16.    *Integration*.  The provisions of this Settlement Agreement are integrated, essential and non-severable terms of this Settlement Agreement.

17.    *Counterparts; Facsimile Signatures*.  This Settlement Agreement may be executed in counterparts, each such counterpart will constitute an original document and such counterparts, taken together, will constitute one and the same document.  Electronically transmitted or facsimile copies shall be deemed to be originals.

18.    *Headings*.  The headings of this Settlement Agreement are inserted solely as a matter of convenience and for reference and do not define, limit or describe the scope of this Settlement Agreement or the scope or content of any of its provisions.

19.    *Governing Law*.  This Settlement Agreement shall be governed by and construed in accordance with the Bankruptcy Code.

20.    *Continuing Jurisdiction*.  The Bankruptcy Court shall retain jurisdiction to resolve any dispute relating to the interpretation or enforcement of this Settlement Agreement.

21.    *Entire Agreement*.  This Settlement Agreement constitutes the entire agreement and understanding of the Parties regarding this Settlement Agreement and the subject matter thereof.

22.    *Dual Construction*.  If any provision of this Settlement Agreement may be construed in two or more ways, one of which would render the provision invalid or otherwise voidable or unenforceable and another of which would render the provision valid and enforceable, such provision shall have the meaning that renders it valid and enforceable.

23.    *All Parties Drafted the Settlement Agreement*.  The rule of construction that provides that ambiguities in a contract shall be construed against the drafter shall not apply to this Settlement Agreement because each Party drafted its terms, and all Parties waive applicability of such rule of construction in interpreting this Settlement Agreement.

24.     *Conferring Benefits.*  Nothing in this Settlement Agreement shall be construed to confer any benefit upon any person or entity, other than the Parties.

25.     *Recitals.*  The recitals are true and correct and are incorporated herein as if set forth at length.

26.     *Time Is of the Essence.*  Time is of the essence in relation to this Settlement Agreement.

27.     *Additional Provisions to address the Concerns and Objections of the UST*

A.     The Debtor is authorized to hire Ms. Cyganowski as an employee to serve as the designated SO under its Operating Agreement as amended and bylaws to carry out the specific duties and obligations set forth in this Settlement Agreement, and has hired Ms. Cyganowski pursuant to the Resolution.

B.     Ms. Cyganowski will be paid on an hourly basis predicated on a current billing rate of $1,400 per hour with all of her compensation to be treated as an administrative expense claim in accordance with Section 503 of the Bankruptcy Code.  The Debtor shall seek authorization to pay Ms. Cyganowski her fees and expenses in connection with an application to sell the Residence.

C.     The rights, duties and obligations of the SO shall be carried out without the necessity for further approvals from the Debtor's member(s) and manager(s) as such approvals have already been given by the Debtor in the exercise of its business judgment; provided, that, the SO shall report periodically to the Debtor's member(s) and manager(s); and approval of the highest and best offer for the sale of the Residence shall be subject to further order of the Bankruptcy Court upon notice.

D.     The Debtor's hiring of Ms. Cyganowski as the SO in accordance with this Settlement Agreement, as approved by the Bankruptcy Court, shall be subject to the following general limitations.

a.     Ms. Cyganowski (and any agent and/or related entity) shall not act in any other capacity (for example, and without limitation, as a lawyer, counsel, financial advisor, examiner, trustee or investor/acquirer) in connection with the Chapter 11 Case.

b.     Solely upon written consent of the Debtor, Bravo Luck and PAX and by written motion to the Bankruptcy Court upon notice, the Debtor may seek to (i) have Ms. Cyganowski assume duties that are different than the functions envisioned in the Settlement Agreement, (ii) materially change the terms of the engagement, (iii) modify the functions provided thereunder, (iv) add new executive officers, or (v) altering or expanding the scope of the engagement (except neither Ms. Cyganowski nor Otterbourg P.C. shall provide legal services to the Debtor).

c.     No principal or employee associated with Ms. Cyganowski shall serve as a director of the Debtor during the pendency of the above-captioned case.

d.      From time to time periodically, and at least twenty (20) days in advance of any payment hereunder, the Debtor shall file or cause to be filed with the Bankruptcy Court and provide notice to parties having filed notices of appearance (the UST, Bravo Luck, and PAX) in this Chapter 11 Case, reports of Ms. Cyganowski's earned compensation and expenses.

e.      Ms. Cyganowski, and her agents, shall be entitled to advancement and indemnification by the Debtor's estate in like manner as any of the Debtor's officers for all judgments, costs, and expenses, including reasonable legal fees (which shall be paid under the indemnity after court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacity as SO or her agent, except for gross negligence, willful misconduct, fraud, or breach of fiduciary duty determined by a final order no longer subject to appeal. Nothing herein shall limit any defenses of Ms. Cyganowski allowed by law or deprive her of indemnity for any act or omission for which she has a defense.  Ms. Cyganowski shall be added to the Debtor's existing liability policy with AIG Property and Consulting Company as an additional insured.

f.      In the event of death, incapacity, resignation, or removal, a replacement SO shall be selected through the same process as the initial selection of the SO in accordance with this Settlement Agreement and further order of the Bankruptcy Court.

E.      Ms. Cyganowski, in consultation with the Debtor, PAX and Bravo Luck, shall make decisions in accordance with the terms of this Settlement Agreement regarding the sale and marketing of the Residence, utilizing her business judgment and subject to Bankruptcy Court approval of the sale of the Residence pursuant to 11 U.S.C. §363(b) and (f), and 1123.  The Debtor has amended the Operating Agreement to and hereby reconfirm (i) the hiring of Ms. Cyganowski as SO to carry out all of the duties and responsibilities as provided herein; (ii) that the Debtor cannot revoke Ms. Cyganowski's hiring and/or authority as SO without Bankruptcy Court approval; and (iii) that in the event of death, incapacity, resignation, or removal, a replacement SO shall be selected in accordance with this Settlement Agreement. Notwithstanding the foregoing, nothing contained herein shall divest the Debtor from its duties as a debtor-in-possession.

F.      To the extent there is inconsistency between the terms of this Settlement Agreement, the Motion, the Engagement Letter and the Order approving this Settlement Agreement, the terms of this Settlement Agreement shall govern.

[Signatures on the following page]

Dated:   September 24, 2021

Genever Holdings LLC

By: */s/Kevin J. Nash*
Kevin J. Nash
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10022-5520
212-301-6944
KNash@qwfglaw.com
Attorneys for Debtor, Genever Holdings, LLC

Pacific Alliance Asia Opportunity Fund L.P.

By: */s/ Douglas E. Spelfogel*
Douglas E. Spelfogel
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
212-682-7474
dspelfogel@foley.com
Attorneys for Pacific Alliance Asia Opportunity
Fund L.P.

Bravo Luck Limited

By: */s/ Fran J. Lawall*
Francis J. Lawall
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215-981-4000
Francis.lawall@troutman.com
Attorneys for Bravo Luck Limited

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, et al.,[1]                       :    Case No. 22-50073 (JAM)
                                              :
            Debtors.                          :    (Jointly Administered)
-------------------------------------------------- x:
```

<u>**CERTIFICATE OF SERVICE**</u>

In accordance with applicable provisions of the Federal Rules of Bankruptcy Procedure 2002 and 7004, the undersigned certifies that on December 20, 2022, the following documents were served on the United States Trustee and all appearing parties via the Court's electronic filing system or by first class mail on each party listed on the Service List.

**I.    Documents Served**
- Motion for Order (i) Extending Sale Process and (ii) Retention of Sotheby's International Realty as Broker
- Exhibit A (proposed Order Further Extending the Sale Process and Retention of Sotheby's International Realty as Broker)
- Exhibit B (Settlement Agreement)
- Notice of Contested Matter Response Date

**II.    Service List**
    **a.    Electronic Mail Service List**

- Laura Aronsson     laronsson@omm.com
- Tristan G. Axelrod     taxelrod@brownrudnick.com
- William R. Baldiga     wbaldiga@brownrudnick.com
- Kellianne Baranowsky     kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com;kbaranowsky@ecf.courtdrive.com
- Douglass E. Barron     douglassbarron@paulhastings.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

- Nicholas A. Bassett    nicholasbassett@paulhastings.com,
  jonathonkosciewicz@paulhastings.com;lucdespins@paulhastings.com;alexbongartz@pa
  ulhastings.com;ezrasutton@paulhastings.com;douglassbarron@paulhastings.com;ecf.frg
  @paulhastings.com;aviluft@paulhastings.com
- Patrick M. Birney    pbirney@rc.com, ctrivigno@rc.com
- Christopher H. Blau    cblau@zeislaw.com
- G. Alexander Bongartz    alexbongartz@paulhastings.com
- Carollynn H.G. Callari    ccallari@callaripartners.com
- Daniel Cantor    dcantor@omm.com
- John L. Cesaroni    jcesaroni@zeislaw.com
- Holley L. Claiborn    holley.l.claiborn@usdoj.gov
- Samuel Bryant Davidoff    sdavidoff@wc.com
- Luc A. Despins    lucdespins@paulhastings.com,
  matlaskowski@paulhastings.com;davidmohamed@paulhastings.com
- David S. Forsh    dforsh@callaripartners.com
- Peter Friedman    pfriedman@omm.com
- Taruna Garg    tgarg@murthalaw.com, mgarcia@murthalaw.com
- Irve J. Goldman    igoldman@pullcom.com, rmccoy@pullcom.com
- Evan S. Goldstein    egoldstein@uks.com
- Mia N. Gonzalez    mgonzalez@omm.com
- James C. Graham    jgraham@npmlaw.com,
  sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net
- Lawrence S. Grossman    LGrossman@gs-lawfirm.com, aevans@gs-
  lawfirm.com;ngolino@gs-
  lawfirm.com;lawrencegrossman@ecf.courtdrive.com;mbuckanavage@gs-
  lawfirm.com;eross@gs-lawfirm.com
- David V. Harbach    dharbach@omm.com
- James J. Healy    jhealy@cowderymurphy.com
- Jeffrey Hellman    jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com
- Eric A. Henzy    ehenzy@zeislaw.com, cjervey@zeislaw.com
- Jonathan Kaplan    jkaplan@pullcom.com,
  prulewicz@pullcom.com;rmccoy@pullcom.com
- Stephen M. Kindseth    skindseth@zeislaw.com, cjervey@zeislaw.com
- Nancy Bohan Kinsella    nkinsella@npmlaw.com,
  moshea@npmlaw.com;smowery@npmlaw.com;npm.bankruptcy@gmail.com
- Andrew V. Layden    alayden@bakerlaw.com
- Patrick R. Linsey    plinsey@npmlaw.com,
  karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net
- Avram Emmanuel Luft    aviluft@paulhastings.com
- Kristin B. Mayhew    kmayhew@pullcom.com, kwarshauer@mdmc-
  law.com;bdangelo@mdmc-law.com
- Danielle L. Merola    dmerola@bakerlaw.com
- Sherry J. Millman    smillman@stroock.com
- Aaron A Mitchell    aaron@lmesq.com
- James M. Moriarty    jmoriarty@zeislaw.com, kjoseph@zeislaw.com
- Sara Pahlavan    spahlavan@omm.com

- Patrick N. Petrocelli    ppetrocelli@stroock.com
- Lucas Bennett Rocklin    lrocklin@npmlaw.com,
  NeubertPepeMonteithPC@jubileebk.net
- Aaron Romney    aromney@zeislaw.com, swenthen@zeislaw.com
- Scott D. Rosen    srosen@cb-shea.com,
  msullivan@cbshealaw.com;dtempera@cbshealaw.com
- Thomas J. Sansone    tsansone@carmodylaw.com
- Stuart M. Sarnoff    ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com
- Douglas S. Skalka    dskalka@npmlaw.com,
  smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net
- Jeffrey M. Sklarz    jsklarz@gs-lawfirm.com, aevans@gs-
  lawfirm.com;mbuckanavage@gs-lawfirm.com;eross@gs-
  lawfirm.com;jsklarz@ecf.courtdrive.com
- Annecca H. Smith    asmith@rc.com
- John Troy    johntroy@troypllc.com
- Tiffany Troy    tiffanytroy@troypllc.com, troylaw@troypllc.com
- U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
- Michael S. Weinstein    mweinstein@golenbock.com
- Jay Marshall Wolman    jmw@randazza.com, ecf-6898@ecf.pacerpro.com
- Peter J. Zarella    pzarella@mdmc-law.com
- U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV

**b.    Manual Service by USPS, first class, postage prepaid:**

Brown Rudnick LLP
Attn: President or General Mgr
One Financial Center
Boston, MA 02111

Chao-Chih Chiu, Huizhen Wang
Yunxia Wu, Keyi Zilkie
c/o TroyGould PC
1801 Century Park East, 16th Floor
Attn: Christopher A. Lilly
Los Angeles, CA 90067-2367

Gregory A. Coleman
Coleman Worldwide Advisors, LLC
P O Box 2839
New York, NY 10008-2839

J. Ted Donovan, Kevin J. Nash
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway 22nd Floor
New York, NY 10036

Dundon Advisers LLC
Attn: President or General Mgr
10 Bank Street, Suite 1100
White Plains, NY 10606

Peter M. Friedman
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Francis J. Lawall
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103-2799

Steven E. Mackey
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Sherry Millman
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Richard C. Morrissey
Office of the U.S. Trustee
201 Varick Street, Room 1006
New York, NY 10014

Edward Moss, Diana Perez
Stuart Sarnoff, and Daniel Shamah
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

Alissa M. Nann
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

Irve Goldman, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601

Gabriel Sasson
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Douglas E. Spelfogel
Derek L. Wright
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001

Stretto
Attn: President or General Mgr
410 Exchange, Suite 100
Irvine, CA 92602

Yongbing Zhang
223 West Jackson Blvd. #1012
Chicago, IL 60606

Genever Holdings Corporation
P.O. Box 3170
Road Town Tortola, BVI

Genever Holdings LLC
781 Fifth Avenue Apt. 1801
New York, NY 10022-5520

Dated: December 20, 2022
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE
GENEVER HOLDINGS, LLC, and
GENEVER HOLDINGS CORPORATION


By:    /s/Douglas S. Skalka          
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    Neubert, Pepe & Monteith, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com