```
                UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF CONNECTICUT
                     BRIDGEPORT DIVISION

In Re                            *   Case No. 22-50073 (JAM)
                                 *
HO WAN KWOK, GENEVER HOLDINGS    *   Bridgeport, Connecticut
 CORPORATION and GENEVER         *   December 13, 2022
 HOLDINGS, LLC,                  *
                                 *
          Debtor.                *
                                 *
* * * * * * * * * * * * * * * * *

                       TRANSCRIPT OF
       APPLICATION TO EMPLOY PAUL WRIGHT AS BARRISTER
 IN UNITED KINGDOM APPLICATION OF CHAPTER 11 TRUSTEE FOR
         ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
          SECTIONS 327, 328, AND 330, BANKRUPTCY RULES
              2014 AND 2016, AND LOCAL BANKRUPTCY
            RULES 2014-1 AND 2016-1, AUTHORIZING AND
                APPROVING RETENTION AND EMPLOYMENT
         OF PAUL WRIGHT AS BARRISTER IN UNITED KINGDOM
             BEFORE THE HONORABLE JULIE A. MANNING
                UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor, Mei Guo       STEPHEN KINDSETH, ESQ.
 and HK USA:                  Zeisler & Zeisler, P.C.
                              10 Middle Street, 15th Floor
                              Bridgeport, CT  06604

For the Chapter 11 Trustee:   PATRICK LINSEY, ESQ.
                              Neubert Pepe & Monteith, PC
                              195 Church Street
                              New Haven, CT  06510

Chapter 11 Trustee:           LUC A. DESPINS, ESQ.
                              Paul Hastings LLP
                              200 Park Avenue
                              New York, NY  10166




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

```
APPEARANCES: (Cont'd.)

For the Creditor, Pacific      ANNECCA SMITH, ESQ.
 Alliance Asia Opportunity     Robinson & Cole
 Fund L.P.:                    28 Trumbull Street
                               Hartford, CT  06103


For the U.S. Trustee:          HOLLEY L. CLAIBORN, ESQ.
                               Office of the United States
                                 Trustee
                               The Giaimo Federal Building
                               150 Court Street, Room 302
                               New Haven, CT  06510
```

1        (Proceedings commenced at 11:04 a.m.)
2                THE COURTROOM DEPUTY:  Case No. 22-50073, Ho Wan
3    Kwok, Genever Holdings Corporation and Genever Holdings,
4    LLC.
5                THE COURT:  Okay.  Good morning.  If we could have
6    appearances for the record, starting with the Chapter 11
7    Trustee, please.
8                MR. DESPINS:  Good morning, Your Honor.  Luc
9    Despins, Chapter 11 Trustee.
10               THE COURT:  Good morning.
11               MR. LINSEY:  Good morning, Your Honor.  Patrick
12   Linsey for the Trustee.
13               THE COURT:  Good morning.
14               MS. SMITH:  Good morning, Your Honor.  Annecca
15   Smith, Robinson & Cole, for PAX.
16               THE COURT:  Good morning.
17               MR. KINDSETH:  Good morning, Your Honor.  Stephen
18   Kindseth, Zeisler & Zeisler, for the debtor as well as Ms.
19   Mei Guo and HK USA.
20               THE COURT:  Good morning.
21               All right.  On the calendar today is the -- sorry,
22   did I do something wrong?
23               Oh, Attorney Claiborn.  I'm sorry.
24               MS. CLAIBORN:  Good morning, Your Honor.  Holley
25   Claiborn appearing on Zoom on behalf of the United States

1    Trustee.

2           THE COURT:  Good morning.  Sorry about that.  I
3    knew you were there, but for some reason I didn't take your
4    appearance so I apologize.

5           All right.  So, Mr. Despins, this is your
6    application to employ Paul Wright as a barrister in the
7    United Kingdom.  And we set this for a hearing.  And I
8    didn't see that any objection to your application was filed,
9    or I should say in the affirmative there was no objection
10   filed that I saw, correct?

11          MR. DESPINS:  That's correct, Your Honor.

12          THE COURT:  Okay.  So how are we proceeding today?

13          MR. DESPINS:  Just, you know, a two-second
14   presentation.

15          THE COURT:  Okay.  Go right ahead.

16          MR. DESPINS:  So, Your Honor, this is the motion
17   of the trustee to retain Mr. Wright as a barrister.  I know
18   you know this, but just for the record, you know, barristers
19   in England are the ones who actually argue in court rather
20   than solicitors, and we needed that because we filed a
21   motion to have this proceeding recognized over there as a
22   foreign proceeding which gives us all sorts of rights in
23   terms of discovery and all that.

24          And that was objected to by Ace Decade and Dawn
25   State, so we now will have a contested hearing with Mr.

1   Wright handling the contested hearing some time next week.
2   I forget the exact date.
3              And I wanted to say we went to a very junior
4   barrister, not a King's Counsel, to save on fees. And the
5   fee he's agreed to accept here is 3,000 pounds, which is
6   very, very small considering the work that has to be done.
7              And, you know, as Your Honor said, there were no
8   objections filed so we would ask that Your Honor, if the
9   order is acceptable to Your Honor, that Your Honor would
10  approve this.
11             The way it's going to work, and we say that in the
12  application, is that Paul Hastings is going to pay his fees
13  and seek reimbursement from the estate, but he will file an
14  application in any event.
15             In a sense, we're backstopping his -- he's not
16  like us, taking this on a contingency. He will be paid by
17  us regardless of what happens, but he will file an
18  application with the Court in any event because essentially
19  he is getting compensated, well, we hope, by the estate
20  through Paul Hastings eventually.
21             THE COURT:  Understood.
22             So I have reviewed the application. I've reviewed
23  his declaration, of Mr. Wright, that's also attached to the
24  application. The only thing I didn't focus on, and I'm
25  going to right now, is just the proposed order. I mean, I

1  looked at it, but I need to look at it again.  I didn't know
2  if there would be an objection so I didn't spend a lot of
3  time on the -- on the proposed order I have to say.  So let
4  me take another look at that.
5          (Pause.)
6          THE COURT:  The only thing I noticed, and I don't
7  know if it's a typographical error, in the beginning of the
8  proposed order, it says upon the application of Chapter 11
9  Trustee in the above-captioned case for authority to retain
10 and employ Paul Wright as barrister in the United Kingdom
11 for the Chapter 11 Trustee effective as of July 31, 2022,
12 and then in the ordered paragraph it says effective as of
13 November 1.
14         MR. DESPINS:  Yeah.  That is a typo, Your Honor.
15 You're right.
16         THE COURT:  So it's November 1?
17         MR. DESPINS:  Yes.  Yes.  Because with the 30-day
18 rule --
19         THE COURT:  Okay.  That's fine.
20         MR. DESPINS:  Yeah.
21         THE COURT:  That's absolutely fine.
22         MR. DESPINS:  Yes.
23         THE COURT:  I just wanted to make sure.
24         MR. DESPINS:  Yeah.  I'm sorry about that.
25         THE COURT:  That's not a problem.  We can change

1    it.

2            So I'm asking the courtroom deputy, do you see

3    where it says July?

4            THE COURTROOM DEPUTY:  Yes.

5            THE COURT:  Okay.  So we're going to change that

6    to November 1st.

7            THE COURTROOM DEPUTY:  Yes.

8            THE COURT:  Okay?

9            THE COURTROOM DEPUTY:  Yes.

10           THE COURT:  Otherwise the proposed order looks

11   fine to me.

12           Does anyone else wish to be heard?

13           MR. KINDSETH:  Nothing, Your Honor.

14           MR. DESPINS:  And I wanted to, just for the

15   completeness of the record, I said the purpose of the

16   recognition in the U.K. allows us to get discovery, but it's

17   more than that.  Also it's related to UBS litigation.  This

18   is a portal for us to have access to information in that

19   case from the lawyers in the U.K., which they're contesting,

20   but that's one of the reasons I wanted to make sure that the

21   record was clear about that.

22           THE COURT:  I even think his declaration might

23   have said something about that.

24           MR. DESPINS:  Okay.

25           THE COURT:  I'd have to go back and look, but that

1    was my -- because it lists as parties that were, you know --
2             MR. DESPINS:  Conflict, yeah.
3             THE COURT:  -- to provide to the Court, it lists
4    UBS and --
5             MR. DESPINS:  Yeah.
6             THE COURT:  In any event, I understand the reason
7    that you're seeking to employ the barrister.  I think it's
8    reasonable.  And you've supported it being necessary under
9    the circumstances, the specific circumstances of this case.
10            No one has filed any written objection to your
11   application.  There's no one participating in this hearing
12   today that's objecting to your application.
13            And, Attorney Claiborn, I think the U.S. Trustee's
14   Office filed a statement of no objection, correct?
15            MS. CLAIBORN:  Yes, Your Honor.  That statement is
16   number 1219 on the docket.
17            THE COURT:  Okay.  And the U.S. Trustee's Office,
18   thank you, has filed a statement of no objection.
19            For all those reasons, the application is granted
20   and the proposed order with the minor change of the date
21   noted on the record will enter.
22            MR. DESPINS:  Thank you, Your Honor.
23            THE COURT:  Okay.  Thank you.
24            MR. KINDSETH:  Your Honor?
25            THE COURT:  Yes.

1                MR. KINDSETH:  Would you consider a joint report
2        in a related matter?
3                THE COURT:  I don't know.  Should I?
4                MR. KINDSETH:  It would be appreciated.
5                THE COURT:  You know, I'm not trying to be -- just
6        that there's nothing on the docket.  I will consider it,
7        yes.
8                MR. KINDSETH:  Thank you.
9                And so this pertains to the presently scheduled
10       prejudgment remedy hearing scheduled to commence on January
11       9th.  There's a scheduling order in place.  This concerns
12       the Lady May and the $37 million escrow.
13               My client's father passed away.
14               THE COURT:  I saw that.  That's unfortunate.  I'm
15       sorry to hear that.
16               MR. KINDSETH:  Thank you very much.
17               THE COURT:  I think somebody put that in a
18       pleading actually.
19               MR. KINDSETH:  Okay.  And so --
20               THE COURT:  That's the -- recently somebody said
21       that.  I don't know.
22               MR. KINDSETH:  I wasn't sure if Your Honor was
23       aware.  And so both my clients are observing a three-week
24       mourning period as is traditionally observed and the trustee
25       and his counsel have been very accommodating in that regard.

1        But with current deadlines and so forth it's made
2   things extremely difficult, and we are in agreement to
3   adjourn the January 9th prejudgment remedy hearing for
4   approximately a month so that we can take the depositions in
5   January and the mourning period can be observed.
6        We're in agreement as to -- that there's a number
7   of standstill components, and we're in agreement to continue
8   them to a corresponding period, subject to my client's final
9   approval on that issue, but I have every expectation that
10  that will be attained.
11       We're also contemplating doing the depositions the
12  week of January 9th and the first part of January 16th.  And
13  so we're asking the Court, and we will be submitting a
14  proposed order.  So nothing needs to happen, you know, at
15  this hearing, we're just advising the Court that we'd like
16  to have the prejudgment hearing continued to what's
17  contemplated to be February 7th, 8th and 10th.
18       THE COURT:  The 7th is not going to work.  That's
19  a day I can tell you is not going to work.  Let me look at
20  the 8th and 10th.  Just give me a second, okay?
21       MR. KINDSETH:  Thank you, Your Honor.
22     (Pause.)
23       THE COURT:  Yeah.  I mean, I think the 8th could
24  work, but I don't -- the 7th is not going to work.  You can
25  submit -- you know, when everybody -- if everyone is in

1  agreement, you submit whatever you want and I will
2  absolutely attempt to accommodate you.  But I can tell you
3  right now I know February 7th does not work.  Okay?
4           MR. KINDSETH:  Okay.
5           THE COURT:  The 8th probably works.  The 9th is a
6  Chapter 13 hearing day.
7           MR. DESPINS:  That's why we had excluded it.
8           THE COURT:  Right.  The 10th is possible, I mean,
9  and the next week is also possible.  Okay?
10          MR. KINDSETH:  Thank you.
11          THE COURT:  But I just want to -- the 7th I
12 already know does not work.
13          But along -- it's not the same, but I was looking
14 at, last night, upcoming hearings in the case and I know
15 there are things scheduled for January 4th that are not the
16 PJR hearing, the preliminary injunction, contempt, or any of
17 that, but I think it has to do with the trustee seeking a
18 bar date order, and also --
19          MR. DESPINS:  Retention of a claims agent.
20          THE COURT:  -- the claims agent.  And then there's
21 an adversary where Bravo Luck is one of the defendants.  I
22 may have to reschedule those to the day before, Tuesday, the
23 3rd, if nobody has an objection to that.
24          We'll probably have the courtroom deputy send out
25 an email because I'm having a scheduling problem on January

1  the 4th.  So I may have to reschedule those to Tuesday, the
2  3rd, but it would be in the afternoon on the 3rd.  So I just
3  want to tell you that so --
4              MR. KINDSETH:  Thank you, Your Honor.
5              THE COURT:  -- it would probably be at 3:30 or
6  4:00 o'clock on the afternoon of January 3rd.  But you'll
7  get an email from the courtroom deputy.  I just wanted to,
8  since you're now raising scheduling issues, I did see that I
9  -- there's a problem with the Wednesday, the 4th, date.
10             MR. KINDSETH:  Thank you.
11             THE COURT:  I didn't know there was a problem when
12 any of those things were scheduled, but I know that there's
13 a problem now.
14             So it's -- it's highly unusual to change a hearing
15 to a day before that it's scheduled, but if everybody agrees
16 to it, I don't see that being a problem.
17             And we would issue, if everyone agrees to it, new
18 notices of hearing or whatever so that it would be clear to
19 everyone involved that it's rescheduled to a day earlier
20 than it was originally scheduled.  Okay?
21             So I'm just -- there's no need for you to respond.
22 I'm just giving you a heads up that you're likely going to
23 get the communication from the courtroom deputy about the
24 matters that are scheduled on the 4th of January.
25             MR. KINDSETH:  Thank you very much, Your Honor.

1           THE COURT:  Okay?

2           MR. DESPINS:  Your Honor, since we're talking

3    about scheduling --

4           THE COURT:  Yes.

5           MR. DESPINS:  -- we filed a motion to retain Mr.

6    Dexter White as an expert with respect to the Lady May.  We

7    didn't file a motion to expedite, but we were wondering

8    whether it could be heard on the 3rd as well?  We were going

9    to ask for the 4th, but now that's going to be moved to the

10   3rd.

11          THE COURT:  The 4th won't work.  Yeah.

12          MR. DESPINS:  So the 3rd.

13          THE COURT:  I mean, an expert to do what?  Just so

14   I have an understanding.

15          MR. DESPINS:  He's doing the review of the

16   repairs.

17          THE COURT:  Okay.  Would you have an opposition to

18   that or you don't --

19          MR. KINDSETH:  No.

20          THE COURT:  -- you can't answer that right now?

21          MR. KINDSETH:  He's actually on the Lady May right

22   now on a sea trial.

23          THE COURT:  Okay.

24          MR. KINDSETH:  We have no issue.  He did the

25   inspection --

1           THE COURT:  You have no issue if I schedule that
2     for the --
3           MR. KINDSETH:  No, not at all.
4           THE COURT:  Okay.  Okay.
5           MR. KINDSETH:  Not at all.
6           THE COURT:  Then I think -- I think, you know, the
7     earliest you'll be heard on the 3rd will be 3:30 because we
8     have a whole bunch -- I mean, you know, those could all go
9     away, but those are standing, regular hearings.  I can set
10    it for 3:30 or I can set it for 4:00.  If I set it for 3:30,
11    there'll be an understanding that you might not get heard
12    until quarter of 4:00 or 4:00.
13          So does that -- what do you -- I mean, I know not
14    everyone is here, but I'm asking you does that make -- does
15    that present any problem as far as you can -- as far as you
16    can tell at the moment?
17          MR. KINDSETH:  No problem.
18          MR. DESPINS:  No problem, Your Honor.
19          THE COURT:  All right. So then we'll take care of
20    that today or tomorrow.  We'll send out -- well, first of
21    all, I will just schedule the hearing on the expert motion,
22    which I haven't looked at or anything yet, but, for the 3rd
23    in the afternoon.
24          And then I will send -- I'll have the courtroom
25    deputy reach out to all the parties about the other matters

1  that are scheduled on the 4th and see if everyone has no
2  opposition to those matters being rescheduled to the
3  afternoon of the 3rd as well.
4          MR. KINDSETH: Thank you.
5          Since we're addressing scheduling, there's one
6  other matter. We have filed a motion to use a portion of
7  the repair reserve to pay crew salaries and other expenses
8  since the Lady May is staying in place in Bridgeport for the
9  foreseeable future.
10         We've asked and the trustee's evaluating the
11 request, and part of it depends upon the success of the sea
12 trial today, but we would like to fund the crew and the
13 insurance and everything and maintain the status quo. And
14 we're proposing to do that from the repair reserve. And
15 that was filed last week, and we've asked for an expedited
16 hearing. I just am alerting to Your Honor.
17         THE COURT: Okay.
18         MR. KINDSETH: I know Your Honor's been tied up so
19 to speak --
20         THE COURT: I would say that's an accurate
21 assessment, yes.
22         MR. KINDSETH: -- and I just am alerting you
23 because, you know, my client is behind on paying the crew
24 and other expenses, and we're hoping --
25         THE COURT: Have you talked to the trustee about

1  it?

2             MR. KINDSETH:  Yes, we have.  Absolutely.  And
3  we've provided information.  And the trustee -- part of it
4  depends upon the success of the sea trial today.

5             THE COURT:  I see.

6             MR. KINDSETH:  But if I could get the hearing
7  scheduled, I'm hopeful we'll have an agreement --

8             THE COURT:  I don't think you're going to get a
9  hearing scheduled before January 3rd though.

10            MR. KINDSETH:  Okay.

11            THE COURT:  I think that's the problem.

12            MR. KINDSETH:  Okay.

13            THE COURT:  But, if there's -- you filed a motion
14 seeking to pay past amounts, is that correct, or future
15 amounts?

16            MR. KINDSETH:  Partly past.

17            THE COURT:  Okay.

18            MR. KINDSETH:  Mostly a six month budget.

19            THE COURT:  Well, maybe you can reach an agreement
20 on the past amounts, or you could try to.

21            MR. KINDSETH:  Okay.  We'll work on it.

22            THE COURT:  Maybe you could reach an agreement on
23 the past amounts and then we can deal with the future
24 amounts.

25            MR. KINDSETH:  Fantastic.  That would be -- we'll

1   definitely work on that.
2            THE COURT:  Okay.  All right.  So I'll take a look
3   at that, but I just -- as I was saying to all the parties
4   that have been here in the other matters, there really --
5   the timing that the Court has between now and year end is
6   horrible.  And it's not because I'm going to Bermuda or
7   anything, it's just it is what it is.
8            MR. KINDSETH:  Yeah.
9            THE COURT:  Okay?  So that's where we are.
10           MR. KINDSETH:  Thank you very much, Your Honor.
11           THE COURT:  Okay.
12           MR. KINDSETH:  I appreciate --
13           THE COURT:  All right.
14           MR. KINDSETH:  -- considering these reports.
15           THE COURT:  All right.  Thank you.  I appreciate
16  you all making those reports.
17           And you'll see some -- we'll move some of those
18  things along and get things scheduled --
19           MR. KINDSETH:  Thank you.
20           THE COURT:  -- as we just discussed on the record.
21  Okay?
22           Anything further today from anyone?
23           MR. DESPINS:  No.  No, Your Honor.
24           THE COURT:  Okay.
25           MR. KINDSETH:  Nothing further.

1       THE COURT: All right. Then I think we have --
2  our next hearing is at noon, is that correct?
3       THE COURTROOM DEPUTY: Yes.
4       THE COURT: All right. So then court is in recess
5  until noon.
6       (Proceedings adjourned at 11:20 a.m.)
7     I, CHRISTINE FIORE, Certified Electronic Court Reporter
8  and Transcriber, certify that the foregoing is a correct
9  transcript from the official electronic sound recording of
10 the proceedings in the above-entitled matter.
11
12 *Christine Fiore*
13 _____        December 28, 2022
14     Christine Fiore, CERT