UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.* | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

**MOTION FOR ORDER AUTHORIZING HK INTERNATIONAL FUNDS
INVESTMENTS (USA) LIMITED, LLC
<u>TO ENGAGE JAMES PIZZARUSO AS CAPTAIN OF THE LADY MAY</u>**

Pursuant to this Court's Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, the "Lady May" [Doc. No. 299] (the "Stipulated Order"), HK International Funds Investments (USA) Limited, LLC ("HK USA"), by and through its undersigned counsel, hereby moves (the "Motion") for an order authorizing HK USA to engage James Pizzaruso as captain of the Lady May. In support of this Motion, HK USA respectfully states as follows.

**I.    Introduction**

1. The Lady May's current captain, Lloyd Bernard, has tendered his resignation and has advised that January 6, 2023, will be his last day as captain of the Lady May. Arrangements have been made for another experienced captain, James Pizzaruso, to replace Mr. Bernard.

2. For the safety and security of the Lady May and to enable HK USA to continue complying with multiple aspects of this Court's orders, as further detailed below, it is critical for the Lady May to have a captain aboard.

3. Pursuant to the Stipulated Order, HK USA may not "engage or hire any other [c]aptain… absent further order from this Court." Stipulated Order, at ¶ 8. Accordingly, and for

1

the reasons set forth herein, HK USA moves for an order from this Court authorizing it to engage Mr. Pizzaruso to serve as captain of the Lady May. Particularly considering Mr. Pizzaruso's experience and qualifications detailed herein, HK USA respectfully submits that no party-in-interest will be prejudiced by this Court granting the relief requested herein.

**II.    Background**

   **a.  The Stipulated Order**

4.      Pursuant to an agreement amongst HK USA, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX"), Ho Wan Kwok (the "Individual Debtor"), the Official Committee of Unsecured Creditors (the "Committee"), and creditors Rui Ma and Zheng Wu, HK USA agreed to deliver the Lady May to the navigable waters of Connecticut. The parties incorporated their agreement into the Stipulated Order, which this Court issued on April 29, 2022.

5.      In addition to compelling HK USA to deliver the Lady May to the navigable waters of Connecticut, the Stipulated Order governs various other aspects of HK USA's operation of the Lady May. Among other things, the Stipulated Order requires that HK USA obtain this Court's authorization before "engag[ing] or hir[ing] any other [c]aptain."[1] Stipulated Order, at ¶ 8.

   **b.  Mr. Bernard and Mr. Pizzaruso**

6.      Mr. Bernard tendered his resignation as captain of the Lady May to Yachtzoo, the yacht management company for the Lady May, on December 23, 2022. Mr. Bernard advised the undersigned counsel of his resignation on December 29, 2022. While Yachtzoo is in possession of the Stipulated Order, it did not realize that the Stipulated Order requires HK USA to obtain an order from this Court authorizing HK USA to engage a new captain of the Lady May.

---

[1] The Stipulated Order also provides that HK USA may not "terminate the [c]aptain… absent further order from this Court." Stipulated Order, at ¶ 8. HK USA did not terminate Mr. Bernard. Mr. Bernard unilaterally tendered his resignation. Consequently, HK USA is not seeking an order from this Court authorizing HK USA to terminate Mr. Bernard.

Consequently, Yachtzoo processed Mr. Bernard's resignation request and began the process of identifying a new captain for the Lady May.

7. Mr. Bernard has advised that January 6, 2023, will be his last day as captain of the Lady May. Mr. Bernard has further advised that he has accepted a new position, which is scheduled to begin on February 5, 2023. Mr. Bernard's family is in Costa Rica and, between January 6 and February 5, Mr. Bernard plans to visit with his family, who he has not seen in more than four months.

8. Yachtzoo, the yacht management company for the Lady May, has made arrangements for Mr. Pizzaruso to replace Mr. Bernard. As set forth in his *curriculum vitae*, attached hereto as **Exhibit A**, Mr. Pizzaruso has more than two decades of experience serving aboard yachts similar to the Lady May. Specifically, Mr. Pizzaruso served as the captain of the motor yacht Arcadia from June 2007 to April of 2021. During that time, Mr. Pizzaruso logged over 100,000 miles on the Arcadia and managed haul outs in the United States (in Rhode Island, California, Georgia, and Florida), Japan, Australia, and France. Before the Arcadia, Mr. Pizzaruso served as captain of the sailing yacht Keewaydin between October 2000 and November 2006. As captain of the Keewaydin, Mr. Pizzaruso oversaw two major refits aboard the vessel.

9. Additionally, Mr. Pizzaruso is licensed by the United States Coast Guard (the "Coast Guard") to captain vessels up to 1,600 gross tons (equal to 3,000 gross tons using the international measuring convention),[2] which greatly exceeds the Lady May's 406 GT (ITC). *See* Exhibit A, at 1. Further, as evidenced by Mr. Pizzaruso's Merchant Mariner Credential issued by the Coast Guard, attached hereto as **Exhibit B**, Mr. Pizzaruso is licensed to serve as a "master"

---

[2] The United States measures gross tonnage, or "GRT," differently than the international standard, identified as "GT (ITC)". 1,600 GRT is equal to 3,000 GT (ITC).

(colloquially, a captain) of vessels up to 3,000 GT (ITC). *See* Exhibit B, at 2-3; *see also* 46 CFR § 10.107 ("Master means the officer having command of a vessel").

10.	Moreover, the Lady May's insurers have approved of Mr. Pizzaruso taking over as captain of the Lady May. Also, Yachtzoo has been able to secure Mr. Pizzaruso's services at a rate consistent with those of Mr. Bernard. Consequently, there will be no material difference in the operating expenses of the Lady May.

11.	Based on the foregoing, Mr. Pizzaruso has significant experience aboard vessels like the Lady May and it is the opinion of Yachtzoo and HK USA that Mr. Pizzaruso is well-qualified to take over as captain of the Lady May.

12.	Mr. Pizzaruso is planning to arrive at the Lady May on January 5, 2023. At this time, HK USA intends to have Mr. Pizzaruso served with copies of this Court's Stipulated Order and Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May [Doc. No. 930] (the "Consent Order"). Mr. Bernard would take January 5 and January 6 to assist Mr. Pizzaruso is familiarizing himself with the Lady May and her remaining crew prior to Mr. Bernard's planned departure from the Lady May the evening of January 6.

### III.	Relief Requested and Basis Therefore

13.	Pursuant to the Stipulated Order, HK USA seeks an order from this Court authorizing it to engage Mr. Pizzaruso as the Lady May's captain to replace Mr. Bernard.

14.	For the following reasons, HK USA respectfully submits filling the soon-to-be-vacant role of captain is critical to maintaining the safety and security of the Lady May, ensuring the continued good operation of the yacht, and enabling HK USA to continue to comply with this Court's orders.

15. First, as a condition of maintaining coverage for the Lady May, insurance companies require vessels like the Lady May to have a captain. If Mr. Bernard is not replaced with a new captain, the Lady May is subject to losing its existing insurance coverage. In addition to being in HK USA's interest to maintain insurance coverage for the Lady May, the Stipulated Order *requires* HK USA to maintain such insurance. Stipulated Order, at ¶ 6. Without a new captain, HK USA would thus be unable to comply with this provision of the Stipulated Order. Relatedly, Bridgeport Harbor Marina (where the Lady May is presently docked), like many other marinas, requires vessels like the Lady May to maintain insurance coverage. Losing insurance coverage may thus also result in the Lady May being evicted from Bridgeport Harbor Marina.

16. Second, Bridgeport Harbor Marina requires vessels like the Lady May to have sufficient crew on board to safely move the vessel as may be necessary, such as to make room in the marina for the arrival or departure of other vessels or in the case of emergencies. To safely move, the Lady May requires a captain and two other crewmembers at a minimum. Without a captain, the Lady May would be unable to comply with requests from the marina to move, which again may result in the marina evicting the Lady May.

17. Third, while it is unlikely, a severe weather event may require the Lady May to move to maintain the safety of the vessel and her crew. For example, if a storm like Hurricane Sandy materialized, it might be necessary to move the Lady May out of Bridgeport Harbor Marina and into a more sheltered location such as a river. Similarly, in the case of a fire at Bridgeport Harbor Marina, the Lady May might need to be moved to ensure its safety. Without a captain, the Lady May would be unable to make such movements, jeopardizing the safety of the Lady May and that of her remaining crew.

18. Fourth, pursuant to the Consent Order, the chapter 11 trustee Luc A. Despins (the "Trustee") has the ability to request seal trials to inspect the repairs performed aboard the Lady May, "which seal trial HK USA shall reasonably accommodate." Consent Order, a ¶ (ix). One such sea trial occurred on Saturday, December 10, 2022, during which the Lady May departed the marina and engaged in maneuvers necessary to, *inter alia*, test the Lady May's main engines as requested by the Trustee. Without a captain aboard the Lady May, HK USA will be unable to accommodate any further requests for seal trials made by the Trustee and the Trustee's ability to conduct Trustee Inspections (as defined in the Consent Order) will be impaired.

19. Fifth, as previously disclosed to this Court, the valves in the hull of the Lady May must be serviced. *See* HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May [Doc. No. 728], at ¶ 21. The valve service is anticipated to be performed in the coming months. *See* Consent Order, at ¶ (iii) (requiring the valve service to be performed "no later than on or before seven… months after the entry of this Order"). To perform the valve service, the Lady May must be hauled out of the water, which requires maneuvering the vessel and hence requires a captain aboard.

20. Sixth, having a single point of contact aboard the Lady May has been instrumental in enabling HK USA and Yachtzoo to efficiently organize and manage the repairs to the Lady May that have been performed in recent weeks. HK USA expects that the assistance of a captain will likewise be beneficial in managing the upcoming valve service.

21. Accordingly, without a qualified captain to replace Mr. Bernard, the safety and security of the Lady May will be compromised and HK USA will be unable to comply with multiple aspects of this Court's existing orders.

22. As set forth above and detailed in the exhibits submitted herewith, Mr. Pizzaruso is well-qualified to replace Mr. Bernard as the Lady May's captain, particularly considering Mr. Pizzaruso's experience managing the haul out of yachts similar to the haul out that will be necessary to perform the valve service in the coming months.

23. Therefore, HK USA submits that engaging Mr. Pizzaruso will help ensure the continued safety and security of the yacht and enable HK USA to continue to comply with this Court's orders regarding the vessel.

**IV.    Conclusion**

**WHEREFORE**, HK USA respectfully requests that this Court (i) enter an order substantially in the form of the Proposed Order attached hereto as **Exhibit C** authorizing HK USA to engage Mr. Pizzaruso as captain of the Lady May subject to further order of this Court and (ii) grant such other and further relief as this Court deems just and proper.

HK INTERNATIONAL FUNDS
INVESTMENTS (USA) LIMITED, LLC

By: */s/ Christopher H. Blau*
Eric A. Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
(203) 368-4234 / (203) 549-0872 (fax)
Email: ehenzy@zeislaw.com;
skindseth@zeislaw.com;
cblau@zeislaw.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2022, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Christopher H. Blau*
Christopher H. Blau (ct30120)