**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK, *et al.*,                                  :    Case No. 22-50073 (JAM)
                                                        :
            Debtors.¹                                   :    Jointly Administered
                                                        :
---------------------------------------------------------x

**OBJECTION OF CHAPTER 11 TRUSTEE TO HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC'S MOTION TO MODIFY CONSENT ORDER GRANTING HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC'S MOTION FOR ORDER ESTABLISHING REPAIR RESERVE FOR THE LADY MAY**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), submits this objection (the "Objection") to HK International Funds Investments (USA) Limited, LLC's ("HK USA") *Motion to Modify Consent Order Granting HK International Funds Investments (USA) Limited, LLC'S Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 1216] (the "Motion").² In support of his Objection, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. HK USA's Motion seeks to require the Trustee to fund certain Operating Expenses for the Lady May, in the amount of up to $1 million, out of the Repair Reserve established under the Consent Order to fund repairs of the Lady May. While the Motion focuses

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined in this Motion have the meanings set forth in the Motion.

on the question of whether there are excess funds in the Repair Reserve sufficient to fund the Operating Expenses, that question is, at best, premature.

2.  In fact, the parties previously agreed in the Consent Order that any motion by HK USA requesting the release of any Repair Reserve Excess (as defined in the Consent Order)[3] may not be filed until at least two weeks after the Court has concluded the hearing on the Trustee's application for a prejudgment remedy [Docket No. 37 in Adv. Proc. No. 22-05003 (JAM)] (the "PJR Application") against HK USA in the adversary proceeding styled *HK International Funds Investments (USA) Limited, LLC v. Ho Wan Kwok*, Adv. Proc. No. 22-05003 (JAM) (the "HK USA Adversary Proceeding").[4]

3.  The Consent Order also explicitly provides that the Trustee must continue to hold any Repair Reserve Excess "in the event this Court has entered an order granting a prejudgment remedy against HK USA and such prejudgment remedy is not otherwise fully secured," subject to the terms of any such order.[5]  Moreover, as part of several consensual adjournments of the hearing on the PJR Application, HK USA agreed to also move back the date when it may file a motion to request the release of any Repair Reserve Excess, such that, at this time, any such request may only be made on or after **February 27, 2023**, *i.e.*, no earlier than fourteen (14) days after the last date scheduled for the hearing on the PJR Application.

4.  Finally, to be clear, nothing in the Consent Order authorizes the payment of operating expenses out of the Repair Reserve.  Indeed, what types of costs would be funded out

---

[3] The Repair Reserve Excess is defined in the Consent Order as the extent to which the "Repair Reserve Amount exceeds the amount reasonably necessary to secure the payment of the Remaining Required Repairs." Consent Order at 6.

[4] The PJR Application seeks, among other things, the attachment of HK (USA)'s property, including any Repair Reserve Excess, to secure the judgment sought by the Trustee in the HK USA Adversary Proceeding.

[5] Consent Order at 6.

2

of the Repair Reserve was the subject of extensive negotiations between HK USA and the Trustee, with the parties ultimately agreeing **not** to fund operating expenses out of the Repair Reserve, such as the Operating Expenses at issue in the Motion. HK USA cannot now claim that it did not anticipate having to fund the operating expenses for the Lady May. Through this Objection, the Trustee merely seeks to hold HK USA to the agreed-upon arrangement under the Consent Order: only repair costs will be funded out of the Repair Reserve and any motion seeking the release of any Repair Reserve Excess may only be filed on or after February 27, 2023.[6]

5.      For all these reasons, the Court should deny HK USA's Motion.[7]

## BACKGROUND

6.      On February 3, 2021, the New York County Clerk of Court entered a judgment against the Individual Debtor in the amount of $116,402,019.57 (the "Judgment") in the litigation styled *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 9, 2022), before Justice Ostrager in the New York Supreme Court.[8] To ensure satisfaction of the Judgment, Justice Ostrager issued multiple orders restraining the Individual Debtor's interest in the Lady May.

---

[6] Shortly before the holidays, HK USA requested that past due Operating Expenses for the month of November 2022 and estimated Operating Expenses for the month of December 2022 be paid out of the Repair Reserve. As a courtesy, and to avoid, among other things, the crew leaving the vessel, the Trustee consented to entry of an order [Docket No. 1255] authorizing the release of limited funds (less than $300,000) to pay the Operating Expenses for November and December 2022. Such funds were, in fact, released from the Repair Reserve on December 21, 2022. However, the Trustee made clear in such order that it is his position that he is under no obligation to release funds from the Repair Reserve to pay the Operating Expenses and that, to the extent HK USA desires to use funds in the Repair Reserve to pay Operating Expenses, it must request a release of any Repair Reserve Excess in accordance with the Consent Order and after the conclusion of the hearing on the PJR Application.

[7] Of course, HK USA may renew its request for the release of any Repair Reserve Excess in accordance with the Consent Order on or after February 27, 2023. To be clear, the Trustee reserves all his rights in regard to any such future motion, including as it relates to the extent of any Repair Reserve Excess.

[8] Judgment, *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 3, 2021) (the "New York Action"), NYSCEF Doc. No. 716.

7. On February 9, 2022, in connection with the Individual Debtor's moving of, and continuous failure to return, the Lady May, Justice Ostrager issued a final contempt order ordering the Individual Debtor to remit $134,000,000 to PAX by February 16, 2022.[9]

8. On February 15, 2022, the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors in the Individual Debtor's chapter 11 case.

9. On March 1, 2022, PAX moved for relief from the automatic stay, to institute further proceedings to enforce Justice Ostrager's final contempt order and compel the return of the Lady May from foreign waters.[10] On April 11, 2022, HK USA consented to the entry of an order compelling the return of the Lady May to the jurisdiction of this Court,[11] and on April 29, 2022, the Court entered its *Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, the "Lady May"* (the "Stipulated Order"), setting forth the terms and conditions regarding the return of the Lady May to the navigable waters of Connecticut.

10. In accordance with the Stipulated Order and to secure its obligation to deliver the Lady May to the navigable waters of Connecticut, HK USA borrowed $37 million from Himalaya International Financial Group Ltd. and deposited such funds into escrow with U.S.

---

[9] Decision and Order on Motion at 4, 10, *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 9, 2022), NYSCEF Doc. No. 1181 (the "Final Contempt Order").

[10] *Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* [Docket No. 57].

[11] *Statement of HK International Funds Investments (USA) Limited, LLC Regarding Motion of Pacific Alliance Asia Opportunity Fund L.P. for Entry of an Order Confirming the Inapplicability of the Automatic Stay or, in the Alternative, Relief from the Automatic Stay Pursuant to Section 362(d)(2) of the Bankruptcy Code* [Docket No. 203].

Bank National Association.[12]  The Stipulated Order also requires HK USA "at its sole expense . . . to restore the Lady May to good working order."[13]

11. On July 8, 2022, the Court entered an order [Docket No. 523] granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

12. On September 23, 2022, HK USA filed its *Motion for Order Establishing a Repair Reserve for the Lady May* [Docket No. 728] (the "Repair Reserve Motion") which sought, among other things, to establish a repair reserve to return the Lady May to good working order.

13. Also on September 23, 2022, the Trustee filed his Answer and Counterclaims [Docket No. 36 in Adv. Proc. No. 22-05003 (JAM)] (the "Answer and Counterclaims") and the PJR Application in the HK USA Adversary Proceeding.  In his Answer and Counterclaims, the Trustee asserts a series of affirmative claims against HK USA, including that the Court should issue a declaratory judgment that HK USA is an alter ego of the Individual Debtor and that, therefore, all property of HK USA, including the Lady May and the $37 million deposited into escrow and/or rights related thereto under the applicable escrow agreement, are property of the Individual Debtor's chapter 11 estate.  In order to secure any judgment in favor of the Trustee's claims in his Answer and Counterclaims, the PJR Application seeks to attach, among other things, the Lady May and the $37 million that HK USA placed into escrow pursuant to the Stipulated Order.[14]

14. On October 7, 2022, the Court entered the *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair*

---

[12]  Stipulated Order ¶¶ 1, 3, 11.

[13]  *Id.* at 11.

[14]  *See* PJR Application ¶ 5(d), (e).

*Reserve for the Lady May* [Docket No. 930] (the "Consent Order") granting the Repair Reserve Motion and establishing the Repair Reserve in the amount of $4 million, which reserve was funded from the $37 million held in escrow.[15]

15.　According to the Consent Order, after the completion of the Initial Work and the Trustee Inspection[16] (each as defined in the Consent Order), HK USA may file a motion on or after November 15, 2022 (such date, the "Filing Date") to request that the Court determine the amount of any Repair Reserve Excess and order the Trustee "to transfer such Repair Reserve Excess to HK USA or, in the event this Court has entered an order granting a prejudgment remedy against HK USA and such prejudgment remedy is not otherwise fully secured, the Trustee shall continue to hold such Repair Reserve Excess subject to and in accordance with the order granting prejudgment remedy."[17]  In other words, the Consent Order only permits the release of any Repair Reserve Excess to HK USA if the Court determines that any Repair Reserve Excess is not required to fully secure a prejudgment remedy ordered by the Court.

16.　At the time, the parties agreed that the Filing Date would be no earlier than November 15, 2022 because the hearing (the "PJR Hearing") on the Trustee's PJR Application was scheduled to commence on October 31, 2022 and continue through November 2, 2022 (if necessary).  Accordingly, the Consent Order required HK USA to wait until approximately two weeks after the conclusion of the PJR Hearing to file a motion requesting the release of any Repair Reserve Excess.

17.　On October 25, 2022, the Court entered the *Consented to Order (A) Adjourning Hearing on Chapter 11 Trustee's Application for Prejudgment Remedy, (B) Setting Hearing on*

---

[15]　*See Order Compelling Partial Disbursement of Escrow Funds* at 2 [Docket No. 932].

[16]　The Trustee Inspection of the Initial Work has been completed.

[17]　Consent Order at 6 (emphasis added).

6

*Chapter 11 Trustee's Motion for Preliminary Injunction, (C) Extending Related Deadlines, and (D) Granting Related Relief* [Adv. Proc. Docket No. 67] (the "October 25 Consent Order"). Among other things, the October 25 Consent Order adjourned the start date of the PJR Hearing to November 30, 2022 (with the hearing to continue through December 2, 2023, if necessary) and moved the Filing Date from November 15, 2022 to December 15, 2022.[18]

18. On November 28, 2022, the Court entered the second consent order further adjourning the PJR Hearing and related dates [Adv. Proc. Docket No. 76] (the "November 28 Consent Order"). Among other things, the November 28 Consent Order further adjourned the start date of the PJR Hearing to January 9, 2023 (with the hearing to continue through January 11, 2023, if necessary) and further moved the Filing Date from December 15, 2022 to January 25, 2023.[19]

19. On December 21, 2022, the Court entered the third consent order further adjourning the PJR Hearing and related dates [Adv. Proc. Docket No. 86] (the "December 21 Consent Order"). Among other things, the December 21 Consent Order further adjourned the start date of the PJR Hearing to February 8, 2023 (with the hearing to continue through February 13, 2023, if necessary) and further moved the Filing Date from January 25, 2023 to February 27, 2023.[20]

**ARGUMENT**

20. In its Motion, HK USA requests that the Consent Order be modified so as to authorize and direct the Trustee to pay up to $1 million to satisfy, from the Repair Reserve, the Operating Expenses for the Lady May for the period from November 2022 through April 2023,

---

[18] October 25 Consent Order ¶¶ 1, 9.
[19] November 28 Consent Order ¶¶ 1, 10.
[20] December 21 Consent Order ¶¶ 1, 8.

7

the bulk of which relate to salaries, management fees, and other expenses relating to retention of the Lady May's crew as well as the payment of insurance premiums.[21] HK USA states that any funds it possessed beyond the $37 million in escrow have been exhausted, and therefore it requires the Trustee to pay the Operating Expenses from the Repair Reserve. For the following reasons, the Motion should be denied.

A.     **Consent Order Does Not Authorize Payment of Operating Expenses from Repair Reserve**

21.     The Consent Order is clear: the only expenses that may be paid out of the Repair Reserve are "the expenses (including any required deposits) incurred to perform the Required Repairs or to pay the Insurance Deductible."[22] This is not a situation where the parties forgot to address the issue of whether operating expenses could be paid out of the Repair Reserve. The parties extensively discussed what expenses could be funded out of the Repair Reserve, and the fact that the Consent Order does **not** include operating expenses among the types of expenses that may be paid out of the Repair Reserve speaks volumes about how this issue was resolved. Thus, from the outset, HK USA understood that, notwithstanding entry of the Consent Order, operating expenses would continue to be the responsibility of HK USA.

22.     Nor should HK USA be allowed to abdicate its responsibility to maintain the Lady May in good working order by claiming that it currently has insufficient funds to pay the Operating Expenses—and this is especially true here given that, until recently, HK USA was willing and able to fund operating expenses for the Lady May and, in fact, was even able to borrow $37 million to fund the escrow established under the Stipulated Order. Indeed, at the

---

[21]    *See* Motion Ex. B (showing a 5-month budget forecast for the Lady May for the period from December 2022 through April 2023).

[22]    Consent Order at 4.

8

time HK USA agreed to entry of the Consent Order, it anticipated (or should have anticipated) that it would have to continue to pay to the operating expenses for the Lady May. Moreover, ensuring that the Lady May is delivered in good working order is the responsibility of HK USA, **not** the responsibility of the Trustee.[23]

23. The Trustee recognizes, of course, that HK USA's failure to pay the Operating Expenses could cause the Lady May to fall into disrepair—and HK USA's refusal to fund such expenses is quite disconcerting. However, this does not alter the fact that it is HK USA's obligation to fund the cost of operating and maintaining the Lady May. The Repair Reserve is not a "slush fund" for HK USA to cover its expenses, other than the cost of repairs in accordance with the Consent Order (and except to the extent that the Court approves the release of any Repair Reserve Excess, upon request by HK USA on or after February 27, 2023).

**B.    Any Request for Release of Any Repair Reserve Excess Cannot Be Made Until February 27, 2023**

24. HK USA also expends a great deal of effort arguing that there are more than sufficient funds in the Repair Reserve to fund the Operating Expenses; however, that issue is, at best, premature. The Consent Order already provides for a mechanism for HK USA to request the release of any Repair Reserve Excess, but such a request may only be made, at the earliest, two weeks after the conclusion of the PJR Hearing. This sequencing was no accident. Depending on the outcome of the pending PJR Application, any Repair Reserve Excess could become subject to prejudgment attachment, in which case, the Consent Order requires the Trustee "to continue to hold such Repair Reserve Excess subject to and in accordance with the order granting prejudgment remedy."[24] The Consent Order thus explicitly recognizes that the

---

[23]    *See* Stipulated Order ¶ 1.

[24]    Consent Order at 6.

9

fate of any Repair Reserve Excess depends on the outcome of the pending PJR Application, and, accordingly, any request for release of any Repair Reserve Excess may not be made at this time.

25. Indeed, and in addition to the Consent Order, HK USA has agreed on three separate occasions to extend the Filing Date concurrently with the adjournment of the PJR Hearing,[25] so that any request for release of any Repair Reserve Excess may only be filed, at the earliest, two weeks after the conclusion of the PJR Hearing (which is currently scheduled to commence on February 8, 2023 and conclude on February 13, 2023 (if necessary)).  Given the possibility that the Court will grant a prejudgment remedy as it relates to any Repair Reserve Excess, it would be premature to release any such excess at this time.

26. The Trustee acknowledges that it is possible that a prejudgment remedy ultimately granted by the Court would be fully secured without taking into account any Repair Reserve Excess, such that the Repair Reserve Excess could be released in the future.  But that does not mean that HK USA can request the release of any Repair Reserve Excess before February 27, 2023.  To the contrary, whether any Repair Reserve Excess is required to fully secure a prejudgment remedy depends on this Court's ruling on the PJR Application.

27. In sum, the Consent Order clearly provides that (a) only repair costs may be paid out of the Repair Reserve and (b) HK USA may only request the release of any Repair Reserve Excess on or after February 27, 2023, *i.e.*, two weeks after the conclusion of the hearing on the PJR Application.[26]  HK USA has offered no reason to disturb this agreed-upon arrangement.  Accordingly, the Motion should be denied.

[*Remainder of page intentionally left blank.*]

---

[25] *See* October 25 Consent Order ¶ 9; November 28 Consent Order ¶ 10; December 21 Consent Order ¶ 8.

[26] The Trustee reserves all his rights as to the whether there is any Repair Reserve Excess and, if so, the amount of such excess.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court deny the Motion.

Dated:   January 2, 2023             LUC A. DESPINS,
         New Haven, Connecticut      CHAPTER 11 TRUSTEE

                                     By: /s/Douglas S. Skalka
                                         Douglas S. Skalka (ct00616)
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 821-2000
                                         dskalka@npmlaw.com

                                             *and*

                                         Nicholas A. Bassett *(pro hac vice)*
                                         PAUL HASTINGS LLP
                                         2050 M Street NW
                                         Washington, D.C., 20036
                                         (202) 551-1902
                                         nicholasbassett@paulhastings.com

                                             *and*

                                         Avram E. Luft *(pro hac vice)*
                                         Douglass Barron *(pro hac vice)*
                                         PAUL HASTINGS LLP
                                         200 Park Avenue
                                         New York, New York 10166
                                         (212) 318-6079
                                         aviluft@paulhastings.com

                                         *Counsel for the Chapter 11 Trustee*

11

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :   Case No. 22-50073 (JAM)
                                                         :
                    Debtors.                             :   (Jointly Administered)
                                                         :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 2, 2022, the foregoing Objection was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

Dated:   January 2, 2023                LUC A. DESPINS,
         New Haven, Connecticut         CHAPTER 11 TRUSTEE


                                        By: /s/Douglas S. Skalka
                                            Douglas S. Skalka (ct00616)
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 821-2000
                                            dskalka@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.