**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                    :   Chapter 11
                                                          :
HO WAN KWOK, *et al.*,                                    :   Case No. 22-50073 (JAM)
                                                          :
            Debtors.[1]                                   :   Jointly Administered
                                                          :
---------------------------------------------------------x

**STATEMENT OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC REGARDING RELATIONSHIP BETWEEN EPIQ CORPORATE RESTRUCTURING, LLC AND XCLAIM INC.**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with Genever (BVI) and the Trustee, the "Movants") hereby submit this statement regarding the relationship between Epiq Corporate Restructuring, LLC ("Epiq") and Xclaim Inc. ("Xclaim"), a third-party claims trading website.

1. At the January 3, 2022 hearing on Movants' application to retain Epiq as claims and noticing agent [Docket No. 1198] (the "Epiq Retention Application"), the Court requested clarification as to whether Epiq's proposed retention in these chapter 11 cases implicated the concerns recently addressed by the United States Bankruptcy Court for the Southern District of

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

New York regarding so-called synchronization agreements pursuant to which claims agents share publicly available claims data with operators of for-profit claims-trading websites (where such claims are posted for sale) in return for the claims agent receiving a fee.[2]

2. As disclosed in the declaration of Kate Mailloux attached as Exhibit C to the Epiq Retention Application, while Epiq previously was party to an agreement with Xclaim, Epiq terminated that agreement effective as of September 9, 2022.

3. Epiq has also confirmed to Movants that (a) neither Epiq nor its affiliates are party to any agreements where it or they receive(s) consideration in exchange for transferring information derived from its role as a claims agent under 28 U.S.C. § 156(c) to non-client third parties and (b) neither Epiq nor its affiliates will enter into any such agreements for as long as they are retained as a claims agent under 28 U.S.C. § 156(c) in these chapter 11 cases.

[*Remainder of page intentionally left blank.*]

---

[2] *See e.g.*, *In re Madison Square Boys & Girls Club, Inc.*, 642 B.R. 487 (Bankr. S.D.N.Y. 2022) (claims agent's agreement with Xclaim to synchronize proofs of claim with Xclaim website where such claims are posted for sale, in return for claims agent receiving a fee, violated 28 U.S.C. § 156(c)). Following the *Madison Square Boys & Girls Club* decision, the United States Bankruptcy Court for the Southern District of New York commenced a miscellaneous proceeding to ascertain whether sanctions should be imposed on claim agents who have performed under synchronization agreements between claims agents and third-party operators of for-profit claims-trading website or similar entities. The court has not yet issued a decision on sanctions.

WHEREFORE, for the foregoing reasons, the reasons set forth in the Epiq Retention Application, and the reasons set forth at the January 3, 2023 hearing, Movants requests that the Court enter an order granting the Epiq Retention Application, subject to the modifications requested by the Court at the January 3, 2023 hearing.[3]

Dated: January 4, 2024
      New Haven, Connecticut

| GENEVER HOLDINGS LLC | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
|---|---|
| By: */s/ Patrick R. Linsey* <br>    Douglas S. Skalka (ct00616) <br>    Patrick R. Linsey (ct29437) <br>    NEUBERT, PEPE & MONTEITH, P.C. <br>    195 Church Street, 13th Floor <br>    New Haven, Connecticut 06510 <br>    (203) 821-2000 <br>    dskalka@npmlaw.com <br>    plinsey@npmlaw.com <br><br> *Counsel for Genever Holdings LLC* <br> *Debtor and Debtor-in-Possession* | By: */s/ Patrick R. Linsey* <br>    Douglas S. Skalka (ct00616) <br>    Patrick R. Linsey (ct29437) <br>    NEUBERT, PEPE & MONTEITH, P.C. <br>    195 Church Street, 13th Floor <br>    New Haven, Connecticut 06510 <br>    (203) 821-2000 <br>    dskalka@npmlaw.com <br>    plinsey@npmlaw.com <br><br>    *and* <br><br>    Luc A. Despins, Esq. <br>    G. Alexander Bongartz, Esq. <br>    PAUL HASTINGS LLP <br>    200 Park Avenue <br>    New York, New York 10166 <br>    (212) 318-6472 <br><br> *Counsel for the Chapter 11 Trustee* |
| GENEVER HOLDINGS CORPORATION <br><br> By: */s/ Patrick R. Linsey* <br>    Douglas S. Skalka (ct00616) <br>    Patrick R. Linsey (ct29437) <br>    NEUBERT, PEPE & MONTEITH, P.C. <br>    195 Church Street, 13th Floor <br>    New Haven, Connecticut 06510 <br>    (203) 821-2000 <br>    dskalka@npmlaw.com <br>    plinsey@npmlaw.com <br><br> *Counsel for Genever Holdings Corporation* <br> *Debtor and Debtor-in-Possession* | |

---

[3] Movants will submit to the courtroom deputy a revised proposed order granting the Epiq Retention Application incorporating the changes requested by the Court at the hearing.