**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
In re:

HO WAN KWOK, *et al.*,[1]

      Debtors.
------------------------------------------------------x

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Re: ECF No. 1212

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO RETAIN ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INSPECT LADY MAY YACHT**

Upon the motion (the "Motion")[2] of the Trustee for the entry of an order authorizing the Trustee to retain Engineering Operations and Certification Services, LLC ("EOCS"), pursuant to the terms and conditions of the Engagement Agreement, to authorize and approve, pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement, all as more fully set forth in the Motion; and upon consideration of the White Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, and after the hearing held on January 3, 2023, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Trustee is authorized to retain and employ EOCS effective as of November 23, 2022 on the terms set forth in the Motion and, the White Declaration.

3. EOCS is authorized to perform those services described in the Motion.

4. The Debtor's estate shall be responsible for EOCS' compensation and reimbursement of expenses in the Chapter 11 Case.

5. In lieu of filing fee applications, the Trustee is authorized to file a notice with the Court attaching EOCS' invoices for the Inspection Services. Parties in interest shall then have fourteen (14) days to object to such invoices. If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order. If any timely objections are filed, the Trustee may file a response to such objection(s) within seven (7) days thereafter, after which the Court will rule on the matter (the aforementioned process in connection with the EOCS invoices, the "EOCS Fee Protocol"). Notwithstanding the foregoing, the EOCS Fee Protocol shall only apply as long as fees for any consecutive three (3) month period do not exceed $30,000 and the aggregate amount of fees does not exceed $50,000. If EOCS' fees over any consecutive three (3) month period exceed $30,000, or the aggregate fees exceed $50,000, then EOCS shall file a fee application with the Court.

6.       Allowance of any compensation for EOCS shall be limited to the extent of services actually performed, and expenses actually incurred.

7.       Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement is hereby authorized and approved.

8.       Notwithstanding anything to the contrary in the Engagement Agreement, (a) the Trustee's retention of EOCS shall be governed by the laws of Connecticut and (b) any dispute arising out of the Trustee's retention of EOCS shall be resolved by this Court.

9.       The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10.       The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

11.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12.       To the extent the Motion and the White Declaration are inconsistent with this Order, the terms of this Order shall govern.

13.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 4th day of January, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut