UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1257** |

**OBJECTION OF BRAVO LUCK LIMITED TO MOTION OF
CHAPTER 11 TRUSTEE, GENEVER HOLDINGS CORPORATION,
AND GENEVER HOLDINGS LLC, PURSUANT TO BANKRUPTCY
CODE SECTIONS 327, 328, AND 363, FOR ENTRY OF ORDER FURTHER
EXTENDING (I) SALE PROCESS OF SHERRY NETERLAND APARTMENT
AND (II) RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS BROKER**

Bravo Luck Limited ("Bravo Luck"), by and through its counsel, hereby objects (this "Objection") to the *Motion of Chapter 11 Trustee, Genever Holdings Corporation, and Genever Holdings LLC, Pursuant to Bankruptcy Code Sections 327, 328, and 363, for Entry of Order Further Extending (I) Sale Process of Sherry Netherland Apartment and (II) Retention of Sotheby's International Realty as Broker* (Docket No. 1257) (the "Motion")[2] filed by Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants"). In support of this Objection, Bravo Luck respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall be ascribed the definitions provided to them in the Motion.

## OBJECTION

1. In Genever (US)'s bankruptcy case, Genever (US), Bravo Luck and PAX carefully crafted the Settlement Agreement, after months of hard-fought negotiations, in order to establish a framework for the sale of the Sherry-Netherland Apartment, including, among other things, the appointment of the Sales Officer and real estate broker and payment of the resulting sale proceeds into an escrow account, not to be released unless and until notice of any distribution was provided with an opportunity for objection and entry of a court order. Also as part of this comprehensive Settlement Agreement, Bravo Luck and PAX were granted specific consent and consultation rights related to the sale and marketing process. Without these guaranteed consent and consultation rights, the settlement never would have been reached and numerous concessions by Bravo Luck would never have been made.

2. As part of the Settlement Agreement, the sale process was limited to 180 days from the retention of a real estate broker, "subject to extension upon written agreement of the Debtor [Genever (US)], Bravo Luck, and PAX, or by further order of the Court for cause shown." Settlement Agreement, ¶ 4(e). Additionally, the Settlement Agreement provides that it may only be modified or amended by written agreement of Genever (US), Bravo Luck, and PAX.

3. By the Motion, the Movants do not simply request that the sale process in accordance with the Settlement Agreement be extended through February 1, 2023, without the prior written authorization of Bravo Luck as required by paragraph 4(e) of the Settlement Agreement. The Motion goes well beyond a simple extension request[3] and seeks to terminate Bravo Luck's consent and consultation rights as expressly negotiated and provided by the

---

[3] To be clear, Bravo Luck's objection is solely as to the request to eliminate the consent and consultation rights granted pursuant to the Settlement Order and Settlement Agreement. Bravo Luck is not otherwise objecting to the extension of the sale and marketing process in accordance with the terms of the Settlement Order and Settlement Agreement.

Settlement Agreement, which Settlement Agreement was approved by the Bankruptcy Court pursuant to the Settlement Order. The Movants cannot pick and choose between aspects of the Settlement Agreement that benefit the Trustee and Debtors and eliminate provisions of the Settlement Agreement—such as Bravo Luck's consent and consultation rights—that the Movants dislike and would rather not be bound by despite the binding and final Settlement Order.

4. The Movants argue that "there is no basis . . . to allow Bravo Luck or PAX to continue to have consent and consultation rights during the sale and marketing process, now that an independent fiduciary oversees that process." Motion, ¶ 30. The Movants, however, are placing the burden on the wrong party. The Settlement Agreement granted express consent and consultation rights related to the sale and marketing of the Sherry-Netherland Apartment to Bravo Luck and PAX. A final court order approved the Settlement Agreement, including such consent and consultation rights.

5. The Movants' only semblance of an argument for unilaterally seeking to amend the Settlement Agreement to eliminate Bravo Luck's contractual consent and consultation rights is because the Trustee has been appointed as an independent fiduciary for the Individual Debtor's estate and now has indirect corporate control over Genever (US).

6. While the Trustee's appointment may resolve PAX's concerns (which Bravo Luck cannot speak to), it certainly does not satisfy Bravo Luck's purpose for entering into the Settlement Agreement, which was motivated by its asserted ownership interest in the Sherry-Netherland Apartment and, thus, the marketing process for, and disposition of the resulting proceeds of, any sale of the property until such ownership issues are resolved. Moreover, the Trustee's appointment is not an automatic veto over provisions of a settlement agreement bargained-for by parties and approved by the Bankruptcy Court for the Southern District of New York prior to the Trustee's involvement. Nor is Bravo Luck's ability to object to any future motion

to approve the sale of the Sherry-Netherland Apartment a substitute for Bravo Luck's bargained-for consent and consultation rights under the Court-approved Settlement Agreement.

7. The Movants also make a weak argument that the Settlement Agreement's consent rights are vague and may provide Bravo Luck and PAX with a veto right over a sale. *See* Motion, ¶ 31. To be sure, the Settlement Agreement's terms are not vague,[4] however, the issue regarding interpretation of the Settlement Agreement is not ripe at the moment. If an issue arises as to the extent of Bravo Luck's consent and consultation rights, the parties to the Settlement Agreement can make any such arguments at that time and ask this Court to make a determination.[5] Speculation about a potential disagreement related to the consent and consultation rights in the future is not a basis for improperly amending the Settlement Agreement and depriving Bravo Luck of its contractual rights.

8. By the Motion, the Movants are impermissibly attempting to circumvent the correct procedure for seeking relief from a final Settlement Order as required under Rule 60 of the Federal Rules of Civil Procedure (the "Civil Procedure Rules") as incorporated into Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Rule 60 (as incorporated by Bankruptcy Rule 9024) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[4] Without waiving any of its rights or arguments should a disagreement about Bravo Luck's consent and consultation rights arise in the future, there are multiple provisions throughout the Settlement Agreement that make clear that the Sales Officer has final authority over many aspects of the sale process, including selection of the winning bid. *See* Settlement Agreement, ¶¶ 2, 5(b), 5(f) ("The sale process shall include consultation rights for the Debtor, Bravo Luck and PAX, with the SO to have final authority in the event of any dispute pursuant to the authority granted to Ms. Cyganowski as an officer under Section 9.3 of the Operating Agreement."); 6.

[5] To date, the exercise of the consultation rights has been wholly productive by allowing parties with the most interest in the Sherry- Netherland Apartment to share their views with the Sales Officer for purposes of obtaining the highest and best price.

>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>> (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>> (2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

FED. R. CIV. P. 60.[6]

9.    At this time, the Movants cannot make arguments under Bankruptcy Rule 9024 and Civil Procedure Rule 60 without providing a new notice period to affected parties, such as Bravo Luck. Moreover, a motion for relief from a final order "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). The Motion was filed well after a year from the date the Settlement Order was entered on October 8, 2021. Additionally, the Motion was

---

[6] Bankruptcy Rule 9024 incorporates Civil Procedure Rule 60 as follows:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code [11 USCS § 727(e)], and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330 [11 USCS § 1144, 1230, or 1330]. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

filed almost six months after the Trustee's appointment and after multiple extensions of the sale process were sought after the Trustee's appointment and approved by the Bankruptcy Court for the Southern District of New York in Genever (US)'s bankruptcy case. *See* Case No. 20-12411 (JLG), Docket No. 202 (extending sale process to September 12, 2022); Docket No. 222 (extending sale process to October 31, 2022).

10. Thus, even if the Movants had properly asserted grounds to strike Bravo Luck's consent and consultation rights from the Settlement Agreement (which it has not and cannot do), such request was brought outside of a reasonable time and should be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Bravo Luck respectfully requests that the Court deny the Motion.

Dated: January 4, 2023
      Amston, CT

BRAVO LUCK LIMITED

By: /s/ David M. S. Shaiken, Esq.
David M. S. Shaiken
Shipman, Shaiken & Schwefel, LLC
Its Counsel
433 South Main Street, Suite 319
West Hartford, CT 06110
Telephone: (860) 606-1703
Facsimile: (866) 431-3248
E-mail: david@shipmanlawct.com
Fed. Bar. No. ct02297

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

By: /s/ Francis J. Lawall
Francis J. Lawall
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750
E-mail: francis.lawall@troutman.com

*Counsel for Bravo Luck Limited*

## Certification of Service

The foregoing Objection was served this 4th day of January, 2023, via the Court's electronic filing system or by United States mail, first-class, postage prepaid, on all parties listed on the Service List.

**Service List**

    a.    **Electronic Mail Service**

Laura Aronsson laronsson@omm.com
Tristan G. Axelrod taxelrod@brownrudnick.com
William R. Baldiga wbaldiga@brownrudnick.com
Kellianne Baranowsky kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com; kbaranowsky@ecf.courtdrive.com
Douglass E. Barron douglassbarron@paulhastings.com
Nicholas A. Bassett nicholasbassett@paulhastings.com, jonathonkosciewicz@paulhastings.com; lucdespins@paulhastings.com; alexbongartz@paulhastings.com; ezrasutton@paulhastings.com; douglassbarron@paulhastings.com; ecf.frg@paulhastings.com; aviluft@paulhastings.com
Patrick M. Birney pbirney@rc.com, ctrivigno@rc.com
Christopher H. Blau cblau@zeislaw.com
G. Alexander Bongartz alexbongartz@paulhastings.com
Carollynn H.G. Callari ccallari@callaripartners.com
Daniel Cantor dcantor@omm.com
John L. Cesaroni jcesaroni@zeislaw.com
Scott M. Charmoy scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com; charmoysr97992@notify.bestcase.com
Holley L. Claiborn holley.l.claiborn@usdoj.gov
Samuel Bryant Davidoff sdavidoff@wc.com
Luc A. Despins lucdespins@paulhastings.com, matlaskowski@paulhastings.com; davidmohamed@paulhastings.com
David S. Forsh dforsh@callaripartners.com
Peter Friedman pfriedman@omm.com
Taruna Garg tgarg@murthalaw.com, mgarcia@murthalaw.com
Irve J. Goldman igoldman@pullcom.com, rmccoy@pullcom.com
Evan S. Goldstein egoldstein@uks.com
Mia N. Gonzalez mgonzalez@omm.com
James C. Graham jgraham@npmlaw.com, sgibbons@npmlaw.com; NeubertPepeMonteithPC@jubileebk.net
Lawrence S. Grossman LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com; ngolino@gs-lawfirm.com; lawrencegrossman@ecf.courtdrive.com; mbuckanavage@gs-lawfirm.com; eross@gs-lawfirm.com
David V. Harbach, II dharbach@omm.com
James J. Healy jhealy@cowderymurphy.com
Jeffrey Hellman jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com
Eric A. Henzy ehenzy@zeislaw.com, cjervey@zeislaw.com
Jonathan Kaplan jkaplan@pullcom.com, prulewicz@pullcom.com; rmccoy@pullcom.com
Stephen M. Kindseth skindseth@zeislaw.com, cjervey@zeislaw.com

Nancy Bohan Kinsella nkinsella@npmlaw.com, moshea@npmlaw.com; smowery@npmlaw.com; npm.bankruptcy@gmail.com
Andrew V. Layden alayden@bakerlaw.com
Patrick R. Linsey plinsey@npmlaw.com, karguello@npmlaw.com; NeubertPepeMonteithPC@jubileebk.net
Avram Emmanuel Luft aviluft@paulhastings.com
Kristin B. Mayhew kmayhew@pullcom.com, kwarshauer@mdmc-law.com; bdangelo@mdmc-law.com
Danielle L. Merola dmerola@bakerlaw.com
Sherry J. Millman smillman@stroock.com
Aaron A Mitchell aaron@lmesq.com
James M. Moriarty jmoriarty@zeislaw.com, cgregory@zeislaw.com
Sara Pahlavan spahlavan@omm.com
Patrick N. Petrocelli ppetrocelli@stroock.com
Lucas Bennett Rocklin lrocklin@npmlaw.com, NeubertPepeMonteithPC@jubileebk.net
Aaron Romney aromney@zeislaw.com, swenthen@zeislaw.com
Scott D. Rosen srosen@cb-shea.com, msullivan@cbshealaw.com; dtempera@cbshealaw.com
Thomas J. Sansone tsansone@carmodylaw.com
Stuart M. Sarnoff ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com
Douglas S. Skalka dskalka@npmlaw.com, smowery@npmlaw.com; NeubertPepeMonteithPC@jubileebk.net
Jeffrey M. Sklarz jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com; mbuckanavage@gs-lawfirm.com; eross@gs-lawfirm.com; jsklarz@ecf.courtdrive.com
Annecca H. Smith asmith@rc.com
John Troy johntroy@troypllc.com
Tiffany Troy tiffanytroy@troypllc.com, troylaw@troypllc.com
U. S. Trustee USTPRegion02.NH.ECF@USDOJ.GOV
Michael S. Weinstein mweinstein@golenbock.com
Jay Marshall Wolman jmw@randazza.com, ecf-6898@ecf.pacerpro.com
Peter J. Zarella pzarella@mdmc-law.com

b.    **Service by United States Mail**

| | |
|---|---|
| Brown Rudnick LLP<br>Attn: President or General Mgr<br>One Financial Center<br>Boston, MA 02111 | Dundon Advisers LLC<br>Attn: President or General Mgr<br>10 Bank Street, Suite 1100<br>White Plains, NY 10606 |
| Chao-Chih Chiu, Huizhen Wang Yunxia Wu, Keyi Zilkie<br>c/o TroyGould PC<br>1801 Century Park East, 16th Floor<br>Attn: Christopher A. Lilly<br>Los Angeles, CA 90067-2367 | Peter M. Friedman<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006 |

| | |
|---|---|
| Gregory A. Coleman<br>Coleman Worldwide Advisors, LLC<br>PO Box 2839<br>New York, NY 10008-2839 | Steven E. Mackey<br>Office of the U.S. Trustee<br>The Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT 06510 |
| J. Ted Donovan and Kevin J. Nash<br>Goldberg Weprin Finkel Goldstein LLP<br>1501 Broadway 22nd Floor<br>New York, NY 10036 | Gabriel Sasson<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166 |
| Sherry Millman<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | Douglas E. Spelfogel<br>Derek L. Wright<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Richard C. Morrissey<br>Office of the U.S. Trustee<br>201 Varick Street, Room 1006<br>New York, NY 10014 | Stretto<br>Attn: President or General Mgr<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |
| Edward Moss, Diana Perez, Stuart Sarnoff, and Daniel Shamah<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 | Yongbing Zhang<br>223 West Jackson Blvd. #1012<br>Chicago, IL 60606 |
| Alissa M. Nann<br>Foley & Lardner LLP<br>90 Park Avenue<br>New York, NY 10016 | Genever Holdings Corporation<br>P.O. Box 3170<br>Road Town<br>Tortola, British Virgin Islands |
| Irve Goldman, Esq.<br>Pullman & Comley, LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Genever Holdings LLC<br>781 Fifth Avenue Apt. 1801<br>New York, NY 10022-5520 |

                                              /s/ David M. S. Shaiken
                                              David M. S. Shaiken