UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>Re: ECF No. 1257 |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S LIMITED OBJECTION
TO TRUSTEE'S MOTION TO EXTEND THE SALE PROCESS OF
THE SHERRY NETHERLAND APARTMENT**

TO THE HONORABLE JULIE A. MANNING,
UNITED STATES BANKRUPTCY JUDGE:

Pacific Alliance Asia Opportunity Fund L.P. ("PAX") respectfully submits this limited objection to the *Motion of Chapter 11 Trustee, Genever Holdings Corporation, and Genever Holdings LLC, Pursuant to Bankruptcy Code Sections 327, 328, and 363, for Entry of Order Further Extending (i) Sale Process of Sherry Netherland Apartment and (ii) Retention of Sotheby's International realty as Broker*, ECF No. 1257 (the "Motion").[2]

PAX objects to the Motion to the extent it seeks to diminish or eliminate PAX's consultation rights, objection rights, or other rights or entitlements with respect to the marketing and sale of the Sherry Netherland Apartment as set forth in the *Second Amended and Restated Settlement Agreement* between Genever Holdings, LLC, PAX, and Bravo Luck Limited

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) ("Kwok" or the "Individual Debtor"), Genever Holdings Corporation ("Genever BVI"), and Genever Holdings LLC (last four digits of tax identification number: 8202) ("Genever US").

[2] The Trustee, Genever Holdings Corporation, and Genever Holdings LLC are collectively referred to herein as "Movants." Capitalized terms used but not defined in this objection have the meanings used in the Motion.

(the "Settling Agreement").[3] PAX supports an extension of the sale process of the Sherry Netherland Apartment and the continued retention of Sotheby's International Realty as Broker. However, any extension of the sale process must preserve all of PAX's rights and entitlements under the Settlement Agreement. While that may also require Bravo Luck having continued rights, PAX has no objection to that—if Bravo Luck improperly impedes or thwarts the sale process, the Court can take appropriate remedial action upon expedited motion by the Trustee.

An inclusive, transparent process that facilitates the constructive participation of relevant parties will limit post-hoc criticism of any future sale of the Sherry Netherland Apartment. The sale process established by the Settlement Agreement has operated without issue to date (although it has not yielded the desired results). The Settlement Agreement provides PAX (and Bravo Luck) with rights to participate in the sale and marketing of the Sherry Netherland Apartment, including:

- The right to object to decisions taken during the sale process, including selection of the qualified buyer, qualified offers, and successful and backup offers.

- Consultation rights on marketing terms, including: (i) the floor price for minimum offers; (ii) any limitations on insider offers; and (iii) protocols for sale of the residence, including marketing, strategy, identification of potential buyers, duration of the sale process, target sale process, and other matters.

- Consultation rights on sales procedures, including: (i) scheduling of an auction; (ii) selection of the winning qualified bidder; and (iii) the marketing and sale of the residence. The Settlement Agreement provides that PAX and Bravo Luck have

---

[3] A copy of the Settlement Agreement is attached as Exhibit B to the Motion.

2

consultation rights over the sale process "with the [Sales Officer] to have final authority in the event of any dispute."

- Consultation rights related to the Sales Officer's final approval of the sales process.

- The right to review and approve a sale motion prior to filing.

- The right to be kept fully informed regarding the sale process, offers received, and material issues relating to the negotiation and sale of the residence.

- The right to approve the bank to hold the proceeds of sale and to receive prior notice of the release of proceeds of sale from escrow.

- The right to object to the selection of the real estate broker, recommend candidates to act as broker, and object to compensation of the broker.

Settlement Agreement at 3–6. The Settlement Agreement does not grant PAX or Bravo Luck any unconditional veto rights over any sale. *See* Settlement Agreement § 6 (listing final approval powers of Sales Officer).

In the context of the chapter 11 cases of the Individual Debtor, Genever BVI, and Genever US, it makes perfect sense to continue these rights for PAX. PAX is, by far, the largest holder of claims against each of the Debtors and it has been by far the most active participant in these cases. But for PAX's actions before and during the Genever bankruptcy, creditors could have been deprived of any value from the Sherry Netherland Apartment. And, PAX has its consent rights because it filed the Lift Stay Motion and Conversion Motion in the Genever case. It agreed to resolve those motions in exchange for the bargained-for consultation rights that are an integral part of the Settlement Agreement. Taking away those rights now would be unnecessarily punitive.

3

Since the Trustee was appointed in July 2022 (and even before then), PAX has exercised its limited consultation and consent rights in good faith. The Movants have not shown why cause exists to now exclude PAX from the process of marketing an asset of such substantial value, in which PAX has been involved, without issue, for over a year. Indeed, the Movants fail to point to any conduct by PAX that has frustrated the Trustee's ability to market the property. As described above, the Settlement Agreement specifically safeguards against any such conduct.

For all of these reasons, the Court should only grant the Motion if it maintains PAX's consultation rights, objection rights, and other rights or entitlements under the Settlement Agreement and order that PAX's rights and entitlements under the Settlement Agreement are preserved in full.

*[Signature on following page]*

Dated: January 4, 2023
       Hartford, Connecticut

                              **Pacific Alliance Asia Opportunity Fund L.P.**

                              *By:* /s/ *Patrick M. Birney*
                              Patrick M. Birney (CT No. 19875)
                              Annecca H. Smith (CT No. 31148)
                              **ROBINSON & COLE LLP**
                              280 Trumbull Street
                              Hartford, CT 06103
                              Telephone: (860) 275-8275
                              Facsimile: (860) 275-8299
                              E-mail: pbirney@rc.com
                                          asmith@rc.com

                              -and-

                              Peter Friedman (admitted *pro hac vice*)
                              Stuart M. Sarnoff (admitted *pro hac vice*)
                              **O'MELVENY & MYERS LLP**
                              Seven Times Square
                              New York, NY 10036
                              Telephone: (212) 326-2000
                              Facsimile: (212) 326-2061
                              Email: pfriedman@omm.com
                                          ssarnoff@omm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

                                                    /s/ *Patrick M. Birney*
                                                    Patrick M. Birney