**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                          :     Chapter 11
                                                                :
HO WAN KWOK, *et al*.,                              :     Case No. 22-50073 (JAM)
                                                                :
                        Debtors.[1]                            :     Jointly Administered
                                                                :
-------------------------------------------------------x

**APPLICATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 327, 328, AND 330 AND BANKRUPTCY RULES 2014 AND 2016,**
**AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT**
**OF PAUL HASTINGS LLP AS COUNSEL TO GENEVER DEBTORS**

Genever Holdings Corporation (the "Genever (BVI) Debtor"), and Genever Holdings

LLC (the "Genever (US) Debtor" and, together with the Genever (BVI) Debtor, the "Genever

Debtors") jointly state as follows in support of this application (the "Application"):

**RELIEF REQUESTED**

1.      By this Application, the Genever Debtors seeks entry of an order, substantially in

the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), (i)

authorizing and approving the retention of Paul Hastings LLP ("Paul Hastings") as counsel to (a)

the Genever (BVI) Debtor effective as of the Genever (BVI) Petition Date (as defined below)

and (b) the Genever (US) Debtor effective as of the Venue Transfer Date (as defined below), and

(ii) granting such other and further relief as the Court deems just and proper.

---

[1]      The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2.     In support of this Application, the Genever Debtors rely on the *Declaration of Nicholas A. Bassett in Support of Application for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Genever Debtors* (the "Bassett Declaration"), attached hereto as **Exhibit B**, which is incorporated by reference.  In addition, this Application incorporates by reference the *Declaration of Disinterestedness of Luc A. Despins*, dated July 7, 2022 [Docket No. 515-1], as supplemented on July 12, 2022 [Docket No. 538], July 28, 2022 [Docket No. 633], and August 29, 2022 [Docket No. 802] (together, the "Despins Declaration").

## JURISDICTION, VENUE, AND STATUTORY BASES

3.     The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The statutory bases for the relief requested herein are sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and, to the extent applicable, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules").

**BACKGROUND**

A.    **Individual Debtor's and Genever (BVI) Debtor's Cases**

6.    On February 15, 2022 (the "Individual Debtor Petition Date"), Ho Wan Kwok (the "Individual Debtor") filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.    On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Individual Debtor's chapter 11 case.

8.    On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of the Trustee as the chapter 11 trustee in the Individual Debtor's chapter 11 case [Docket No. 523].

9.    On August 2, 2022, the Court entered an order authorizing and approving retention and employment of Paul Hastings as counsel to the Trustee effective as of the Individual Debtor Petition Date (the "Individual Debtor Retention Order").

10.    On August 10, 2022, the Court entered an order [Docket No. 717 in Case No. 22-50073 (JAM)] (the "Corporate Governance Rights Order") which, among other things, (a) confirms the Trustee holds all of the Individual Debtor's economic and governance rights with respect to all corporate entities owned and/or controlled by the Individual Debtor, including the Genever (BVI) Debtor and (b) directs the Individual Debtor to "cooperate with the Trustee to enable the Trustee to perform his duties" and "surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and

3

papers relating to property of the estate (including, without limitation, his shares in Genever (BVI) and all related corporate governance documents)."  Corporate Governance Rights Order ¶¶ 2, 3.

11.    In accordance with the Corporate Governance Rights Order, control of the Individual Debtor's shares in the Genever (BVI) Debtor was transferred to the Trustee and such transfer was registered with the registered agent for the Genever (BVI) Debtor in the British Virgin Islands ("BVI").

12.    On September 14, 2022, the Trustee removed Ho Wan Kwok as the sole director of the Genever (BVI) Debtor, and entered into a Director Services Agreement with Harneys Corporate Services Limited (a BVI company that provides, among other things, director services to clients incorporated in the BVI).  Pursuant to this agreement, Claire Abrehart was appointed as the sole director of Genever (BVI) and, among other things, Ms. Abrehart agreed that she would undertake her duties as director in accordance with her consideration of the best interests of Genever (BVI).

13.    On October 11, 2022, the Genever (BVI) Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court (the "Genever (BVI) Petition Date").

14.    No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

15.    October 14, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case and Genever (BVI)'s chapter 11 case [Docket No. 970].

B.      **Genever (US) Debtor's Chapter 11 Case**

16.      The Genever (US) Debtor is a wholly owned subsidiary of the Genever (BVI) Debtor.

17.      On October 12, 2020, the Genever (US) Debtor filed its chapter 11 petition in the United State Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

18.      On September 30, 2022, the Trustee and Genever (US) Debtor filed their joint motion to transfer venue of the Genever (US) Debtor's chapter 11 case to this Court [Docket No. 211 in Case No. 22-50592 (JAM)] (the "Venue Transfer Motion").

19.      By order dated November 3, 2022 (the "Venue Transfer Date"), the New York Bankruptcy Court granted the Venue Transfer Motion, transferring the chapter 11 case of the Genever (US) Debtor to this Court.

20.      On November 21, 2022, the Court entered an order granting joint administration of the Genever (US) Debtor's chapter 11 case with the jointly administered cases of the Individual Debtor and the Genever (BVI) Debtor's chapter 11 case [Docket No. 1141].

## RETENTION OF PAUL HASTINGS

21.      On July 12, 2022, the Individual Debtor filed the Trustee's *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* (the "Paul Hastings Application") [Docket No. 539].  On August 2, 2022, the Court entered the Individual Debtor Retention Order authorizing and approving retention and employment of Paul Hastings as counsel to the Trustee.

22.     As counsel, Paul Hastings provides and seeks to continue to provide legal services to the Genever Debtors on the same terms as those described in the Paul Hastings Application (as modified to reflect the rate adjustments set forth in the notice, dated December 19, 2022 [Docket No. 1251]).  To the best of the Genever Debtors' knowledge and as is further disclosed in the Despins Declaration, Paul Hastings is not a prepetition creditor of the Genever Debtors, does not hold or represent any interest adverse to the Genever Debtors or their estates and is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.[2]

23.     Paul Hastings has and will continue to perform services on behalf of the Genever Debtors pursuant to the same compensation structure applicable to the Individual Debtor, as described in the Paul Hastings Application.  Further, the Genever Debtors and the Trustee intend to carefully monitor and coordinate the efforts of Paul Hastings to maximize efficiency and to prevent duplication of services whenever possible.  The Genever Debtors and the Trustee will continue relying on Neubert Pepe & Monteith, P.C. for the majority of their chapter 11 legal needs,[3] and will utilize Paul Hastings for specific matters where it makes sense to do so under

---

[2]     The Trustee's control over the shares of Genever (BVI) does not render him (and, certainly, not Paul Hastings) an "interested" person under section 101(14) of the Bankruptcy Code.  Pursuant to section 541 of the Bankruptcy Code, the commencement of the Individual Debtor's chapter 11 case created a bankruptcy estate, which estate succeeded to all of the Individual Debtor's legal or equitable interests in property—including the shares of Genever (BVI).  Upon his appointment as the Trustee of the chapter 11 estate of the Individual Debtor, Mr. Despins became the nominal owner of those shares, but the beneficial owner remains the chapter 11 estate, and the Trustee's nominal ownership does not render him "interested."  *See, e.g.*, *In re Realty Associates Security Corp.*, 56 F. Supp. 1007 (S.D.N.Y. 1944) (bankruptcy trustees' "nominal ownership of the subsidiary's stock in their fiduciary capacity does not prevent such persons from being deemed disinterested"); *In re OPM Leasing Services Inc.*, 16 B.R. 932 (Bankr. S.D.N.Y. 1982) (declining to remove trustee and citing *Realty Associates* for proposition that "it is 'personal interests' that are forbidden [and the trustee] is acting as a fiduciary and has no personal interest"); *In re Hartley*, 50 B.R. 852 (Bankr. N.D. Ohio 1985) (denying motion to remove trustee for alleged conflict of interest and "not[ing] that the Trustee became the owner of the stock by operation of law," and that this "is not the usual conflict of interest case where self dealing is involved").

[3]     Orders approving Neubert Pepe & Monteith, P.C.'s retention were entered in the Genever (BVI) case and the Genever (US) case on November 17, 2022 and November 30, 2022, respectively.

6

the circumstances, including because it is more efficient to do so or because of Paul Hastings'

specific expertise and abilities.  As one example, Paul Hastings (as counsel to the Trustee) has

commenced an adversary proceeding against Bravo Luck Limited in the Individual Case, and the

Genever Debtors have commenced nearly identical complaints against Bravo Luck in the their

respective chapter 11 cases.  These three adversary proceedings arise out of the same facts, seek

substantially the same relief and, in fact, are subject to a pending motion to consolidate.  In this

instance (and in instances like it) the Genever Debtors and the Trustee intend to rely on Paul

Hastings as primary counsel.

24.    Finally, to the extent required under the applicable Individual Debtor Retention

Order, Paul Hastings shall file interim and final fee applications for the allowance of

compensation for services rendered and reimbursement of expenses incurred in accordance with

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any

other applicable procedures and orders of the Court.

## **BASIS FOR RELIEF**

25.    The Genever Debtors, at the direction of their director, have determined that Paul

Hastings is the best, most efficient, and most logical choice as debtors' counsel in the chapter 11

cases of the Genever Debtors.  Accordingly, they seek to retain Paul Hastings as counsel to the

Genever Debtors pursuant to section 327(a) of the Bankruptcy Code, which provides that a

trustee,[4] subject to court approval may employ professional persons "that do not hold or

represent an interest adverse to the estate, and that are disinterested persons, to represent or assist

the [debtor in possession] in carrying out [its] duties under this title."

---

[4]    Or, as applicable to the Genever Debtors, the debtors in possession, who perform the function of a trustee under
section 1107(a) of the Bankruptcy Code.

26.     Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a

trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a

fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

27.     Bankruptcy Rule 2014(a) requests that an application for retention include:

> specific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee.

28.     As required by Bankruptcy Rule 2014(a), this Application, along with the Bassett

Declaration and the Despins Declaration, sets forth: (a) the specific facts establishing the

Genever Debtors need to employ Paul Hastings as counsel in the Genever Debtors' chapter 11

cases and the reasons for the Genever Debtors selection of Paul Hastings; (b) the professional

services to be rendered by Paul Hastings; (c) Paul Hastings' compensation and the

reasonableness thereof; and (d) to the best of Paul Hastings' knowledge, Paul Hastings'

connection, if any, to certain parties in interest in the Genever Debtors' chapter 11 cases.

29.     Finally, the Genever Debtors request that the retention of Paul Hastings be

authorized and approved effective (i) as of the Genever (BVI) Petition Date for the Genever

(BVI) Debtor; and (b) as of the Venue Transfer Date for the Genever (US) Debtor.  Notably,

Local Rule 2014-1(b)(1) permits an application to be deemed as having been contemporaneously

filed with the commencement of a professional's services when an application has been filed

within thirty (30) days after the commencement of services.  Thus, the Local Rules recognize the

legitimacy of retroactive relief in connection with a retention application, and the Genever

8

Debtors merely seek a small enlargement of that period, to approximately three months in connection with the Genever (BVI) Debtor, and approximately 60 days for the Genever (US) Debtor. The Genever Debtors believe that retention of Paul Hastings effective as of the foregoing dates is warranted under the circumstances and that no party in interest will be prejudiced by such request. Retroactive relief is appropriate here for the additional reason that, prior to filing this application, Paul Hastings reached out to the office of the U.S. Trustee in an effort to address, and resolve, any concerns with Paul Hastings' retention. Those efforts were successful, as Paul Hastings understands, after discussions with the U.S. Trustee, that the U.S. Trustee does not object to the instant application.

30. Finally, the Genever Debtors note that, going forward, the firm of Goldberg Weprin Finkel Goldstein LLP, which has represented the Genever (US) Debtor in its chapter 11 case, will only play a "historical" role with respect to the chapter 11 case of the Genever (US) Debtor, *i.e.*, it will remain available to provide, upon written request, historical information regarding the Genever (US) Debtor and its chapter 11 case.

31. The Genever Debtors submit that for all of the reasons stated in this Application, the Bassett Declaration, and the Despins Declaration, the proposed retention of Paul Hastings as bankruptcy and restructuring counsel in the Genever Debtors' chapter 11 cases falls squarely within the scope of section 327(a) and is warranted. Accordingly, the Genever Debtors respectfully request that the Court authorize the retention of Paul Hastings as counsel to the Genever Debtors.

## NO PRIOR REQUEST

32. The Genever Debtors have not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Genever Debtors respectfully request entry of the Proposed Order granting the relief requested in this Application and such other relief as is just and proper.

Dated:    January 5, 2023

Director of Genever Holdings Corporation

_____

Claire Abrehart

## **EXHIBIT A**

### **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                  :
In re:                         :    Chapter 11
                                    :
HO WAN KWOK, *et al.*,       :    Case No. 22-50073 (JAM)
                                    :
          Debtors.[1]       :    Jointly Administered
                                    :
-------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS COUNSEL TO GENEVER DEBTORS**

Upon the application (the "Application")[2] of Genever Holdings Corporation (the "Genever (BVI) Debtor"), and Genever Holdings LLC (the "Genever (US) Debtor" and, together with the Genever (BVI) Debtor, the "Genever Debtors"), for the entry of an order (this "Order") authorizing and approving the Genever Debtors to retain and employ Paul Hastings LLP ("Paul Hastings") as counsel by: (a) the Genever (BVI) Debtor effective as of the Genever (BVI) Petition Date (as defined below) and (b) the Genever (US) Debtor effective as of the Venue Transfer Date, pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), all as more fully set forth in the Application; and upon consideration of the Application,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

the Bassett Declaration, and the Despins Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that (i) the relief requested in the Application is in the best interest of the Genever Debtors' estates, their creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Bassett Declaration, the Despins Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Paul Hastings does not hold or represent an interest adverse to the Genever Debtors' estates; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Genever (BVI) Debtor effective as of the Genever (BVI) Petition Date, *i.e.*, to October 11, 2022 and the Genever (US) Debtor effective as of the Venue Transfer Date, *i.e.*, to November 3, 2022, on the terms set forth on the terms and conditions set forth in the Paul Hastings Application, as modified and supplemented by the Application, the Bassett Declaration,

the Despins Declaration, and the *Notice of Change in Hourly Rates of Paul Hastings LLP, Counsel to Chapter 11 Trustee* [Docket No. 1251].

3.      Paul Hastings is authorized to perform any and all services in respect of the Genever Debtors as granted in the Individual Debtor Retention Order, attached to this Order as Exhibit 1, subject to any conditions or restrictions therein.

4.      To the extent required under the Individual Debtor's Retention Order, Paul Hastings shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

5.      Paul Hastings shall provide no less than ten business days' notice to the Genever Debtors, the U.S. Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

6.      The Genever Debtors and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7.      The requirements of the Local Rules are satisfied by the contents of the Application.

8.      To the extent the Application, the Bassett Declaration, or the Despins Declaration is inconsistent with this Order, the terms of this Order shall govern.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **EXHIBIT 1**

**Individual Debtor Retention Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                    :

In re:                        :     Chapter 11
                                      :

HO WAN KWOK,         :     Case No. 22-50073 (JAM)
                                      :

          Debtor.          :
                                      :
------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT
OF PAUL HASTINGS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE,
EFFECTIVE AS OF PETITION DATE**

Upon the application (the "Application")[1] of Mr. Luc A. Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), for the entry of an order (this "Order") authorizing and approving the Trustee to retain

and employ Paul Hastings LLP ("Paul Hastings") as his counsel effective as of July 8, 2022,

pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), all as

more fully set forth in the Application; and upon consideration of the Application, the Bassett

Declaration, and the Despins Declaration; and this Court having jurisdiction to consider the

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the *Standing Order of Reference* from the United States District Court for the District of

Connecticut (as amended); and consideration of the Application and the relief requested therein

---

[1]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Bassett Declaration, the Despins Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Paul Hastings does not hold or represent an interest adverse to the Debtors' estates; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; after due deliberation and sufficient cause appearing therefor and after a hearing held on August 1, 2022, it is hereby ORDERED THAT:

1.　　　The Application is granted as set forth herein.

2.　　　The Trustee is authorized to retain and employ Paul Hastings as his attorneys effective as of July 8, 2022 on the terms set forth in the Application, the Bassett Declaration, and the Despins Declaration.  In addition, the Trustee is authorized to act as one of the attorneys for the Debtor's estate.  Paul Hastings (including the Trustee, in his role as counsel) will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, subject to court approval.

3.      Paul Hastings is authorized to act as the Trustee's counsel and to perform those services described in the Application.  Specifically, but without limitation, Paul Hastings is authorized to render the following legal services:

(a)      advising the Trustee as to his rights, powers, and duties as chapter 11 trustee in the Chapter 11 Case;

(b)      advising the Trustee as to his investigation into the property of the Debtor's estate, including the pursuit of any actions to collect and recover property for the benefit of the Debtor's estate;

(c)      commencing, conducting, and/or continuing litigation necessary and appropriate to assert rights held by the Debtor's estate, protect assets of the Debtor's estate, or otherwise further the goal of completing the Chapter 11 Case;

(d)      preparing on behalf of the Trustee necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing financial and other reports filed and to be filed in the Chapter 11 Case;

(e)      advising the Trustee concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in the Chapter 11 Case;

(f)      advising and assisting the Trustee in connection with any potential asset sales and property dispositions;

(g)      advising the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

(h)      advising the Trustee in connection with the formulation, negotiation, and promulgation of a plan or plans of reorganization, and related transactional documents;

(i)      assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate; and

(j)      negotiating with parties in interest.

4.      The Debtor's estate shall be responsible for Paul Hastings' compensation and reimbursement of expenses in the Chapter 11 Case.

5. Allowance of any compensation for Paul Hastings shall be limited to the extent of services actually performed, and expenses actually incurred, as attorney for the Trustee, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a chapter 11 trustee without the assistance of an attorney.

6. Paul Hastings shall provide no less than ten business days' notice to the Debtor, the U.S. Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court. Any increase in rates are subject to approval by the Court.

7. The Trustee and Paul Hastings are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8. The requirements of the Local Rules are satisfied by the contents of the Application.

9. To the extent the Application, the Bassett Declaration, or the Despins Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 2nd day of August, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT B

**Bassett Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------- x
                                     :

In re:                                :        Chapter 11

                                       :

HO WAN KWOK, *et al.*,           :        Case No. 22-50073 (JAM)

                                       :

             Debtors.[1]            :        Jointly Administered

                                       :

------------------------------------------------------- x

**DECLARATION OF NICHOLAS A. BASSETT IN SUPPORT OF APPLICATION FOR**
**ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND**
**330 AND BANKRUPTCY RULES 2014 AND 2016, AUTHORIZING AND APPROVING**
**RETENTION AND EMPLOYMENT  OF PAUL HASTINGS LLP AS**
**COUNSEL TO GENEVER DEBTORS**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Nicholas A. Bassett, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of New York.  My application for admission *pro hac vice* to the United States Bankruptcy Court for the District of Connecticut (the "Court") was filed on July 11, 2022 [ECF No. 533].

2.      I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York, 10166, and am duly authorized to make this declaration (this "Declaration") on behalf of Paul Hastings.  I submit this Declaration in support of the *Application for Entry of Order, Pursuant to Bankruptcy*

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Genever Debtors* (the "Application")[2] submitted by Genever Holdings Corporation (the "Genever (BVI) Debtor"), and Genever Holdings LLC (the "Genever (US) Debtor" and, together with the Genever (BVI) Debtor, the "Genever Debtors").

3.      The facts set forth in this Declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys.  To the extent any information disclosed in this Declaration requires amendment or modification upon completion of Paul Hastings' further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4.      Paul Hastings' qualifications and its compensation structure are set forth in the Initial Bassett Declaration and the *Notice of Change in Hourly Rates of Paul Hastings LLP, Counsel to Chapter 11 Trustee* [Docket No. 1251].

## SERVICES TO BE PROVIDED

5.      Paul Hastings will provide the same services on the same terms for the Genever Debtors as it does for the Trustee.

## PAUL HASTINGS CONFLICTS CHECK

6.      The Despins Declaration, which was prepared in connection with, and attached to, the U.S. Trustee's *Application for Order Approving Appointment of a Chapter 11 Trustee*

---

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.  This Declaration incorporates by reference the *Declaration of Nicholas A. Bassett in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330 and Bankruptcy Rules 2014 and 2016, Authorizing and Approving Retention and Employment of Paul Hastings LLP as Counsel to Chapter 11 Trustee* (the "Initial Bassett Declaration"), previously submitted as Exhibit B to the Paul Hastings Application.

[Docket No. 515], and which was supplemented on July 12, 2022 [Docket No. 538], July 28, 2022 [Docket No. 633], and August 29, 2022 [Docket No. 802], sets forth Paul Hastings' conflict review procedures and the steps performed to identify not only the Trustee's but also Paul Hastings' connections to potential parties in interest in the Individual Debtor's chapter 11 cases, which parties in interest are the same as for the Genever Debtors.  For a description of Paul Hastings' connections to potential parties in interest in these chapter 11 cases, I refer to the Despins Declaration.

*[Remainder of page intentionally left blank.]*

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.


Executed this 5th day of January 2023

_____/s/Nicholas A. Bassett_____
Nicholas A. Bassett

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

|  |  |  |
|---|---|---|
| | x | |
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | CASE NO. 22-50073 (JAM) |
| | : | |
| Debtors. | : | Jointly Administered |
| | x | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2023 the foregoing Application to Employ was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing.

Dated: January 5, 2023         THE DEBTORS,
      New Haven, Connecticut      GENEVER HOLDINGS CORPORATION and
                      GENEVER HOLDINGS LLC

By:    /s/Douglas S. Skalka
          Douglas S. Skalka (ct00616)
          NEUBERT, PEPE & MONTEITH, P.C.
          195 Church Street, 13th Floor
          New Haven, Connecticut 06510
          (203) 821-2000
          dskalka@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).