**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                          :

In re:                         :     Chapter 11
                          :

HO WAN KWOK, *et al.*,[1]     :     Case No. 22-50073 (JAM)
                          :

        Debtors.         :     (Jointly Administered)
                          :

---------------------------------------------------x

## ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon (i) the motion (the "Original Bar Date Motion") filed by Ho Wan Kwok (the

"Individual Debtor") for entry of an order setting bar dates for creditors to submit Proofs of

Claim in the Individual Debtor's chapter 11 case and granting related relief, (ii) the supplemental

motion (the "Supplemental Motion")[2] filed by Luc Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual

Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC

("Genever (US)" and, together with the Trustee, the "Movants"), pursuant to section 502(b)(9) of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Bar Date

Order") (a) setting bar dates for creditors to submit Proofs of Claim in the Chapter 11 Cases,

(b) approving procedures for submitting Proofs of Claim, (c) approving the form of Proof of

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Supplemental Motion.

Claim, and (d) approving the form of notice of the bar dates and manner of service thereof, all as more fully set forth in the Supplemental Motion, and (iii) the Addendum to the Supplemental Motion (the "Addendum" and, together with the Motion and the Supplemental Motion, the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and the Trustee having been appointed in the Individual Debtor's chapter 11 case by order, dated July 8, 2022; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Movants consent to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of the Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at the hearings held before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Except as otherwise provided herein,

   a.      all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against the Individual Debtor or Genever (US)—which arose on or prior to

the filing of each such Debtors' respective chapter 11 cases[3]—shall file a proof of such claim in writing so that it is received on or before **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date") or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date;[4]

b.      all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, but excluding governmental units) that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against Genever (BVI)—which arose on or prior to the filing of Genever (BVI)'s chapter 11 case[5]—shall file a proof of such claim in writing so that it is received on or before **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)**,[6] *i.e.*, the General Bar Date, or such other later date fixed by the Court if a person or entity obtains leave of the Court to assert a claim after the General Bar Date; and

c.      all governmental units that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against Genever (BVI)—which arose on or prior to the filing of Genever (BVI)'s chapter 11 case—shall file a proof of such claim in writing so that it is received on or before **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)**, (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

3.      The following procedures for the filing of Proofs of Claim shall apply:

a.      Proofs of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) conform substantially to the Claim Form or the Official Bankruptcy Form 410 (the "Official Form");[7] and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

b.      All Proofs of Claim must be submitted so as to be received on or before the applicable Bar Date by either:

---

[3]   The Individual Debtor commenced his chapter 11 case on February 15, 2022, and Genever (US) commenced its chapter 11 case on October 12, 2020.

[4]   For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

[5]   Genever (BVI) commenced its chapter 11 case on October 11, 2022.

[6]   The General Bar Date shall apply to such claims notwithstanding any other bar date that was previously generated by the Court.

[7]   The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms on the official website for the United States Courts.

     i.       the Court at the following address:

             US Bankruptcy Court
             District of Connecticut
             Brien McMahon Federal Building
             915 Lafayette Boulevard
             Bridgeport, CT 06604

             or

     ii.      Epiq Corporate Restructuring, LLC - (the "Claims Agent")[8] at the following address:

             **If by First Class Mail:**

             Ho Wan Kwok Claims Processing Center
             c/o Epiq Corporate Restructuring, LLC
             P.O. Box 4419
             Beaverton, OR 97076-4419

             **If by Hand Delivery or Overnight Mail:**

             Ho Wan Kwok Claims Processing Center
             c/o Epiq Corporate Restructuring, LLC
             10300 SW Allen Blvd.
             Beaverton, OR 97005

             or

     iii.     electronically using the interface available on the Claims Agent's website at https://dm.epiq11.com/KwokTrustee.

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court or the Claims Agent by the applicable Bar Date. Alternatively, Proofs of Claim may be submitted electronically with the Court through the Court's website at http://www.ctb.uscourts.gov.[9]

**Proofs of Claim may <u>not</u> be delivered by facsimile, telecopy, or electronic mail transmission.**

    c.      Any person (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or governmental units) that asserts a

---

[8]    The retention of Epiq Corporate Restructuring, LLC is being approved by separate order of this Court.

[9]    A login and password to the Court's Public Access to Court Electronic Records ("PACER") are required in order to access the Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after the entry of an order by the Court approving such rejection, or be forever barred from so filing.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date, pursuant to such executory contract or unexpired lease (other than a claim for rejection damages), must file a Proof of Claim for such unpaid amounts on or before the General Bar Date unless an exception identified in subsection (e) below applies.

d.      If the Movants or the Debtors amend or supplement the Debtors' Schedules of Assets and Liabilities (the "Schedules") after the notice is given of the applicable Bar Date, which is to be mailed under the terms of this Bar Date Order, then the Movants shall give notice of any amendment or supplement to the holders of any claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) thirty (30) days from the date of such notice to file a Proof of Claim, or be forever barred from so filing; provided, however, that any holder of a claim listed on the Schedules as disputed, contingent, or unliquidated shall have forty-five (45) calendar days with respect to such claim affected by such amendment as the bar date for filing a proof of claim.

e.      The following persons are not required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

i.      any person whose claim is listed on the Schedules, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

ii.     any person whose claim has been paid in full;

iii.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

iv.     a claim for which a separate deadline has been fixed by this Court;

v.      any person that already has filed a Proof of Claim against the Debtors in the Chapter 11 Cases in a form that is substantially similar to the Official Form; or

vi.     any person not required to file a proof of claim pursuant to any order of this Court.

4.      Individual claimants have the option of submitting their Proofs of Claim on a confidential basis (each such Proof of Claim, a "Confidential Proof of Claim") so as to keep their names and contact information confidential, as detailed below.  Confidential Proofs of Claim shall be held and treated by the Claims Agent as CONFIDENTIAL in accordance with the Protective Order, dated October 26, 2022 [Docket No. 923] (the "Protective Order"), except that (i) copies of Confidential Proofs of Claim with the names and contact information of the individual claimants redacted (wherever such names and contact information may appear in the Confidential Proof of Claim, including any attachments thereto) shall be made publicly available on the claims register maintained by the Claims Agent and (ii) unredacted copies of Confidential Proofs of Claim shall be provided or made available to (w) the Trustee, Genever (BVI), Genever (US), and their respective counsel and advisors, (x) upon request, the Court, provided that such Confidential Proofs of Claim will be kept under seal, (y) upon request, the United States Trustee, and (z) upon request, any Authorized Party (as defined below), provided that such Authorized Party has signed a joinder to the Protective Order.

a.      Individual claimants that desire to submit a Confidential Proof of Claim must (i) elect on their Proofs of Claim to have such Proofs of Claim treated confidentially and (ii) submit the completed Proofs of Claim (without any redactions) **directly to the Claims Agent**, whether electronically or at the Claims Agent address set forth above.  For the avoidance of doubt, such Proof of Claim should **not** be submitted to or filed with the Court.

b.      The "Authorized Parties" are:

i.      Subject to the terms of Protective Order, the Committee and its counsel;

ii.      Subject to the Protective Order, Zeisler & Zeisler, P.C., as counsel for the Individual Debtor, provided that such counsel has also entered into an agreement with the Trustee not share with the Individual Debtor the claimant's name and contact information provided in any Confidential Proofs of Claim; and

iii.    Subject to the Protective Order, such other persons as the Court may authorize to access the Confidential Proof of Claim pursuant to a subsequent order; provided, however, that any such determination shall be made on no less than fourteen (14) days' notice to the affected claimant, the Committee, and the Trustee.

c.    The Trustee, Genever (BVI), Genever (US), their respective counsel and advisors, the United States Trustee, and the Authorized Parties in possession of any Confidential Proof of Claim shall keep the names and contact information of the applicable claimants confidential and shall not use or disclose the claimant's name or contact information provided in any Confidential Proof of Claim except in accordance with the terms of the Protective Order or pursuant to a separate order of this Court.

d.    The Claims Agent shall assign to each claimant submitting a Confidential Proof of Claim a unique identifier code and shall maintain a confidential list of the identities of such claimants, their corresponding identifier code, and their respective Confidential Proof of Claim. The confidential list of the identities of such claimants shall be provided only to such parties entitled to receive the names and contact information of such claimants pursuant to this Order.

5.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in the Chapter 11 Cases.

6.    The (a) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Annex I** (the "Bar Date Notice"), (b) the proposed form for Proofs of Claim (the "Claim Form"), substantially in the form annexed hereto as **Annex II**, and (c) the proposed form of publication notice (the "Publication Notice"), substantially in the form annexed hereto as **Annex III**, are approved.

7.    On the Claim Form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) on the basis that Genever (BVI)

and Genever (US) are or were *alter egos* of the Individual Debtor.  To be clear, the Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any such claims, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.  Any creditor of the Individual Debtor that previously filed a Proof of Claim against the Individual Debtor in a form substantially similar to the Official Form shall be deemed to have elected to also assert such claim against Genever (BVI) and Genever (US) on the basis that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor, subject to the same reservation of rights above.   For the avoidance of doubt, any creditor of the Individual Debtor that has a separate claim against Genever (BVI) and/or Genever (US) (*i.e.*, in addition to a claim based on *alter ego*) must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

8.    The following procedures are approved with respect to notice of the Bar Dates:

Within seven (7) business days after entry of this Bar Date Order, the Movants shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice to the following parties:

i.    the United States Trustee;

ii.    counsel to the Committee;

iii.    all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Movants by any such creditor or by returned mail from the post office with a forwarding address; provided, however, that all holders of claims listed as disputed, contingent, or unliquidated in the Debtors' Schedules shall also be served with a Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline For Filing Proof of Claim pursuant to Local Rule 3003-1 and the Court's Order and Notice to Disputed, Contingent and Unliquidated Creditors (Appendix K), substantially in the form attached hereto as **Annex IV** (the "Local Rule 3003-1 Notice");

iv.    all parties actually known to the Movants as having potential claims against the Debtors;

v.      all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request made to the Movants by any such counterparty or by returned mail from the post office with a forwarding address;

vi.     the attorneys of record to all parties to pending litigation against the Debtor (as of the date of entry of the Bar Date Order);[10]

vii.    the Internal Revenue Service, the Securities and Exchange Commission, the attorneys general for the states of Connecticut and New York, and local taxing authorities in Connecticut and New York;

viii.   all persons or entities that have filed claims in the Chapter 11 Cases (as of the date of entry of the Bar Date Order);

ix.     all parties who have sent correspondence to the Court and that are listed on the Court's electronic docket for these Chapter 11 Cases (as of the date of entry of the Bar Date Order);

x.      all parties who have sent correspondence to the Trustee regarding assets of, or claims against, the Debtors' estates.

xi.     all parties who have requested notice pursuant to Bankruptcy Rule 2002 in the Chapter 11 Cases (as of the date of entry of the Bar Date Order); and

xii.    such additional persons and entities as deemed appropriate by the Movants.

9.      The Movants shall cause the Publication Notice to be published on one occasion in each of the following newspapers:

a.   the *USA Today*;

b.   *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

c.   *The World Journal* (with the Publication Notice translated into Mandarin)

with such publication to occur no later than ten (10) business days after the entry of this Bar Date Order.

---

[10]    The Debtor shall provide the Trustee with such information within 2 business days of entry of this Bar Date Order.

10.     The Movants are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

11.     Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all of the Debtors' creditors of their rights and obligations in connection with any potential claims that they may have against the Debtors in the Chapter 11 Cases.

12.     Nothing in this Bar Date Order shall prejudice the right of the Movants or any other party in interest to dispute or assert any setoffs or defenses to any claim that may be filed in the Chapter 11 Cases, reflected in the Schedules, or otherwise.

13.     Entry of this Bar Date Order is without prejudice to the right of the Movants to seek a further order of this Court fixing the deadline by which holders of claims not subject to the Bar Dates established herein must file Proofs of Claim or assert such claims by way of motion or application against the Debtors or be forever barred from so filing.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated at Bridgeport, Connecticut this 5th day of January, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

## **Annex I**

Bar Date Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                        :

In re:                      :     Chapter 11
                         :

HO WAN KWOK, *et al.*,[1]     :     Case No. 22-50073 (JAM)
                       :

        Debtors.      :     (Jointly Administered)
                       :

------------------------------------------------------x

**NOTICE OF DEADLINES REQUIRING THE FILING OF PROOFS OF CLAIM TO
ALL PERSONS WITH CLAIMS AGAINST THE DEBTORS**

**TO:**    **ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST (A) HO
WAN KWOK, A.K.A. GUO WENGUI, A.K.A. MILES KWOK, (B) GENEVER
HOLDINGS CORPORATION, AND/OR (C) GENEVER HOLDINGS LLC**

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"). On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case.

On October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court. Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.[2]

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    This amount does not reflect the fair market value of the Sherry Netherland apartment.

Holdings Corporation ("Genever (BVI)") filed its chapter 11 petition in the Connecticut Bankruptcy Court. Genever (BVI) wholly owns Genever (US).

By order dated November 21, 2022, the chapter 11 cases of the Individual Debtor, Genever (US), and Genever (BVI) are jointly administered for procedural purposes only.

On January [___], 2023, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "Chapter 11 Cases"):[3]

1. Prepetition Claims Against Individual Debtor: The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a proof of claim (a "Proof of Claim") in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Individual Debtor Petition Date (*i.e.*, February 15, 2022) against the Individual Debtor is **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date").[4]

2. Prepetition Claims Against Genever (US): The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (US) Petition Date (*i.e.*, October 12, 2020) against Genever (US) is **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date.

3. Prepetition Claims Against Genever (BVI):

   a. The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date.[5]

   b. The last date and time for all governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

---

[3]    The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

[4]    For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

[5]    The General Bar Date shall apply to such claims notwithstanding any other bar date that was previously generated by the Court.

2

The Bar Dates and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors that arose before the applicable Petition Date.

**As detailed in Section 3 below, individual claimants have the option to submit their Proofs of Claim on a confidential basis such that their names and contact information will not be publicly disclosed. If you desire to exercise this option, please carefully review the instructions below.**

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor. If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors. Any creditor of the Individual Debtor that previously filed a Proof of Claim against the Individual Debtor in a form substantially similar to the Official Form shall be deemed to have elected to also assert such claim against the Genever Debtors on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor, subject to the same reservation of rights above. To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

Generally, when analyzing *alter ego* claims, courts look to (1) whether the relevant entities/persons operated as a single economic unit and (2) whether there was an overall element of injustice or unfairness in maintaining the separateness between the Individual Debtor and the Genever Debtors. In analyzing these issues, courts generally consider a number of factors, including whether the entity that is the alleged *alter ego* entity was adequately capitalized, observed corporate formalities, and/or was a façade for the person in control of the *alter ego* entity. To be clear, the foregoing list of factors is not exhaustive and no single factor is dispositive. You should consult your attorney regarding these matters.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

### 1.    WHO MUST FILE A PROOF OF CLAIM

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtors or to be able to share in distributions from the Debtors' estates if you have a claim that arose before the applicable Petition Date, and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2.      WHAT TO FILE**

Enclosed with this notice is a Proof of Claim form for use in the Chapter 11 Cases.  You may utilize the Proof of Claim form(s) enclosed with this notice in order to file your claim(s).  Additional Proof of Claim forms and instructions may be obtained on the Connecticut Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant or the claimant's attorney.  All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

**3.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be received on or before the applicable Bar Date by either:

a.      the Connecticut Bankruptcy Court at the following address:

> US Bankruptcy Court
> District of Connecticut
> Brien McMahon Federal Building
> 915 Lafayette Boulevard
> Bridgeport, CT 06604

or

b.      Epiq Corporate Restructuring, LLC (the "<u>Claims Agent</u>") at the following addresses:

> **If by First Class Mail:**
> Ho Wan Kwok Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4419
> Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Mail:**
Ho Wan Kwok Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

or

c.      electronically using the interface available on the Claims Agent's website at https://dm.epiq11.com/KwokTrustee;

provided, however, that any individual claimant that wishes to file a proof of claim on a confidential basis must file a Confidential Proof of Claim (as defined below) with the Claims Agent **only**.

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court or the Claims Agent by the applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov.[6]

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

**IMPORTANT**:  **Individual claimants have the option of submitting their Proofs of Claim on a confidential basis (each such Proof of Claim, a "Confidential Proof of Claim") so as to keep their names and contact information confidential.**

**Individual claimants that desire to submit a Confidential Proof of Claim must:**

a.      **elect on their Proofs of Claim to have such Proofs of Claim treated confidentially; and**

b.      **submit the completed Proofs of Claim (without any redactions) directly to the Claims Agent, whether electronically or at the Claims Agent address set forth above.  For the avoidance of doubt, such Proof of Claim should not be submitted to or filed with the Court.**

**The claims register maintained by the Claims Agent will only contain redacted versions of the Confidential Proofs of Claims, with the names and contact information of such individual claimants redacted.  In addition, only (i) the Trustee, Genever (BVI), Genever (US), and their respective counsel and advisors, (ii) the Court, (iii) the United States**

---

[6]     A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

**Trustee, and (iii) the Authorized Parties (as defined in the Bar Date Order), <u>but not the</u> <u>Individual Debtor</u>, will have access to the Confidential Proofs of Claim.**

### 4.    WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the General Bar Date if you are:

   a.    any person whose claim is listed on the Schedules, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

   b.    any person whose claim has been paid in full;

   c.    a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

   d.    a claim for which a separate deadline has been fixed by this Court;

   e.    any person that already has filed a Proof of Claim against the Debtors in the Chapter 11 Cases in a form that is substantially similar to the Official Form; or

   f.    any person not required to file a proof of claim pursuant to any order of the Connecticut Bankruptcy Court.

   This notice may be sent to many persons that have had some relationship with or have done some business with the Debtors, but that may not have an unpaid claim against any of the Debtors.  The fact that you have received this notice does not mean that you have a claim against any of the Debtors or that the Connecticut Bankruptcy Court, the Trustee, or the Debtors believe that you have a claim against any of the Debtors.

### 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

   If you hold a claim arising from the rejection of an executory contract or unexpired lease you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after entry of an order by the Connecticut Bankruptcy Court approving such rejection.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the General Bar Date, unless an exception identified in section 4 above applies.

6. **CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THE CHAPTER 11 CASES AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(c)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTORS, THEIR PROPERTY, OR THEIR ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.

THE CONNECTICUT BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE APPLICABLE BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

7. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the Debtors on the Debtors' Schedules. As set forth above, if you agree with the nature, amount, and status of your claim as listed on the applicable Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not (but still may) file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtors' Schedules are available for inspection on the Connecticut Bankruptcy Court's electronic docket for the Chapter 11 Cases, which may be accessed through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtors' Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Connecticut Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

8.   **ADDITIONAL INFORMATION**

If you require additional information regarding this Notice, you may contact the Trustee's counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com. If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.

Dated: _____, 2023

| | |
|---|---|
| GENEVER HOLDINGS LLC | LUC A. DESPINS, CHAPTER 11 TRUSTEE |
| By: _____ | By: _____ |
| Douglas S. Skalka (ct00616)<br>Patrick R. Linsey (ct29437)<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>dskalka@npmlaw.com<br>plinsey@npmlaw.com | Douglas S. Skalka (ct00616)<br>Patrick R. Linsey (ct29437)<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>dskalka@npmlaw.com<br>plinsey@npmlaw.com |
| *Counsel for Genever Holdings LLC*<br>*Debtor and Debtor-in-Possession* | *and* |
| GENEVER HOLDINGS CORPORATION | Nicholas A. Bassett *(pro hac vice)*<br>PAUL HASTINGS LLP<br>2050 M Street NW<br>Washington, D.C., 20036<br>(202) 551-1902<br>nicholasbassett@paulhastings.com |
| By: _____ | |
| Douglas S. Skalka (ct00616)<br>Patrick R. Linsey (ct29437)<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>dskalka@npmlaw.com<br>plinsey@npmlaw.com | *and*<br><br>Douglass Barron *(pro hac vice)*<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6079<br>douglassbarron@paulhastings.com |
| *Counsel for Genever Holdings Corporation*<br>*Debtor and Debtor-in-Possession* | *Counsel for the Chapter 11 Trustee* |

**Fill in this information to identify the case:**

Debtor _____

United States Bankruptcy Court for the District of Connecticut

Case number _____

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**1A. Election to Keep Name and Contact Information Confidential**

☐ I hereby elect to have my name and contact information kept confidential.

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number        Street

City                    State            ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number        Street

City                    State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____ |
| 7. **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>  ☐ No<br>  ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |
| 8A. **Alter Ego Claim Against Genever Entities?** | If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the following box:<br>  ☐ Yes. |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>  **Nature of property:**<br>  ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>  ☐ Motor vehicle<br>  ☐ Other. Describe:  _____<br><br>  **Basis for perfection:**  _____<br>  Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>  **Value of property:**  $_____<br>  **Amount of the claim that is secured:**  $_____<br><br>  **Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>  **Amount necessary to cure any default as of the date of the petition:**  $_____<br><br>  **Annual Interest Rate** (when case was filed)_____%<br>  ☐ Fixed<br>  ☐ Variable |
| 10. **Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br><br>☐ Yes. Identify the property:  _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY


_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
          First name              Middle name              Last name

Title     _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
          Number          Street

          _____
          City                              State        ZIP Code

Contact phone  _____    Email  _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Alter Ego Claims:** If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC (the "Genever Debtors") on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the applicable box on the proof of claim form. The Trustee and the Genever Debtors reserve all rights in regard to any such *alter ego* claims, including on the basis that the Trustee is the only party entitled to assert that the Genever Debtors are or were alter egos of the Individual Debtor.

**Do not file these instructions with your form.**

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

**IMPORTANT:  Individual claimants may elect to have their name and contact information kept confidential.  In order for such election to be effective, claimants must (a) check the box in question 1A and (b) submit their Proofs of Claim to the Claims Agent in accordance with the accompanying Bar Date Notice.**

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Offers to purchase a claim**

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## **<u>Annex III</u>**

Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------------------X
                                                                :
In re:                                                          :   Chapter 11
     Ho Wan Kwok, *et al.*                            :   Case No. 22-50073 (JAM)
               Debtors.[1]     :   (Jointly Administered)
-------------------------------------------------------------------------------X

### NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

PLEASE TAKE NOTICE THAT:

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"). On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case.

On October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court. Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.[2]

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever Holdings Corporation ("Genever (BVI)" and, together with the Individual Debtor and Genever (US), the "Debtors") filed its chapter 11 petition in the Connecticut Bankruptcy Court. Genever (BVI) wholly owns Genever (US).

On January [__], 2023, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "Chapter 11 Cases"):[3]

1.   Prepetition Claims Against Individual Debtor: The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a proof of claim (a "Proof of Claim") in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Individual Debtor Petition Date (*i.e.*, February 15, 2022) against the Individual Debtor is **February 17, 2023 at 11:59 p.m. (ET)** (the "General Bar Date").

2.   Prepetition Claims Against Genever (US): The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (US) Petition Date (*i.e.*, October 12, 2020) against Genever (US) is **February 17, 2023 at 11:59 p.m. (ET)**, *i.e.*, the General Bar Date.

3.   Prepetition Claims Against Genever (BVI):

     a.   The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **February 17, 2023 at 11:59 p.m. (ET)**,[4] *i.e.*, the General Bar Date.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   This amount does not reflect the fair market value of the Sherry Netherland apartment.

[3]   The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

[4]   The General Bar Date shall apply to such claims notwithstanding any other bar date that was previously generated by the Court.

b. The last date and time for all <u>governmental units</u> to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **April 10, 2023 at 11:59 p.m. (ET)** (the "<u>Governmental/Genever (BVI) Bar Date</u>" and, together with the General Bar Date, the "<u>Bar Dates</u>").

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "<u>Genever Debtors</u>") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor. If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors. Any creditor of the Individual Debtor that previously filed a Proof of Claim against the Individual Debtor in a form substantially similar to the Official Form shall be deemed to have elected to also assert such claim against the Genever Debtors on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor, subject to the same reservation of rights above. To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

Copies of the Proof of Claim form may be viewed and downloaded free of charge on the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms. Copies of the Bar Date Order may be obtained upon written request to counsel for the Trustee at douglassbarron@paulhastings.com.

All Proofs of Claim must be filed so as to be received on or before the General Bar Date either

(a)    by the Connecticut Bankruptcy Court at the following address:

US Bankruptcy Court
District of Connecticut
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

or

(b)    Epiq Corporate Restructuring, LLC (the "<u>Claims Agent</u>") at the following addresses:

If by First Class Mail:

Ho Wan Kwok Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

If by Hand Delivery or Overnight Mail:

Ho Wan Kwok Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

or

(c)    electronically using the interface available on the Claims Agent's website at
https://dm.epiq11.com/KwokTrustee.

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court or the Claims Agent by the applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov.  **Proofs of claim sent by fax or email will not be accepted**.

---

**IMPORTANT:  Individual claimants have the option of submitting their Proofs of Claim on a confidential basis (each such Proof of Claim, a "Confidential Proof of Claim") so as to keep their names and contact information confidential.  Individual claimants that desire to submit a Confidential Proof of Claim must (a) elect on their Proofs of Claim to have such Proofs of Claim treated confidentially and (b) submit the completed Proofs of Claim (without any redactions) directly to the Claims Agent, whether electronically or at the Claims Agent address set forth above.  For the avoidance of doubt, such Proof of Claim should not be submitted to or filed with the Court.**

---

To be properly filed, each Proof of Claim must: (i) be written in the English language; (ii) be denominated in the lawful currency of the United States as of the applicable Petition Date (using the exchange rate, if applicable, as of the applicable Petition Date); (iii) conform substantially to the form of Proof of Claim attached to the Bar Date Order or the Official Bankruptcy Form 410; and (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim who fails to timely file a Proof of Claim as provided herein shall (a) be forever barred, estopped, and enjoined from asserting such claims against the Debtor, his property, or this estate (or from submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans that may be filed in the Chapter 11 Cases.

If you require additional information regarding this Notice, you may contact the Trustee's counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com.  **If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.**

## NOTICE OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIM
## AND NOTICE OF DEADLINE FOR FILING PROOF OF CLAIM

To:    Claimant(s) Address(es)

    Debtor: [Ho Wan Kowk]
    Scheduled Claim Amount(s): $ _____
    Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

    Debtor: [Genever Holdings Corporation]
    Scheduled Claim Amount(s): $ _____
    Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

    Debtor: [Genever Holdings LLC]
    Scheduled Claim Amount(s): $ _____
    Claim(s) Scheduled as: [disputed, contingent, or unliquidated, as applicable]

1. The Debtors (i.e., Ho Wan Kwok, Genever Holdings Corporation, and Genever Holdings LLC) scheduled your claim as indicated above. Any creditor whose claim is scheduled as disputed, contingent, or unliquidated in the Debtors' Schedules filed on March 9, 2022 [ECF No. 78 in Case No. 22-50073 (JAM)], November 3, 2020 [ECF No. 4 in Case No. 22-50592 (JAM)], and November 25, 2022 [ECF No. 1157 in Case No. 22-50073 (JAM)] (collectively, the "Schedules"), must file a proof of claim by February 17, 2023, except that claims by governmental units against Genever Holdings Corporation may be filed until April 10, 2023. Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(2), any creditor required to file a proof of claim who fails to do so shall not be treated as a creditor with respect to such a claim for the purposes of voting on the Debtors' plan and for distributions to creditors.

2. Creditors who have already filed claims need not file them again.

3. A proof of claim form is enclosed with this notice.

4. Counsel to the Debtor(s) shall file this completed notice listing all those creditors whose claim was not scheduled or whose claim was scheduled as disputed, contingent, or unliquidated in the Schedules on or before seven business days after entry of the bar date order [ECF No. _ in Case No. 22-50073 (JAM)] (the "Bar Date Order"). Counsel to the Debtor(s) shall also serve this notice on all affected parties by First Class Mail, postage prepaid on or before seven (7) business days after entry of the Bar Date Order. Counsel to the Debtor shall file a Certificate of Service indicating such compliance on or before fourteen (14) business days after entry of t he Bar Date Order.