**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                    :

In re:                              :     Chapter 11

                                    :

HO WAN KWOK, *et al.*,           :     Case No. 22-50073 (JAM)

                                    :

           Debtors.[1]          :     Jointly Administered

                                    :
-------------------------------------------------------x

**ORDER (I) APPROVING RETENTION AND APPOINTMENT OF EPIQ CORPORATE
RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF
DECEMBER 1, 2022, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application") of Luc Despins, in his capacity as the chapter

11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual

Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC

("Genever (US)" and, together with Genever (BVI) and the Trustee, the "Movants") for entry of

an order (this "Order") (a) approving the retention and appointment of Epiq Corporate

Restructuring, LLC ("Epiq") as the Claims and Noticing Agent in the Debtors' chapter 11 cases,

effective as of December 1, 2022, under 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy

Code, and (b) for Epiq to, among other things, (i) distribute required notices to parties in interest,

(ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors'

cases, and (iii) provide such other administrative services—as required by the Debtors—that

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
(solely for purposes of notices and communications).

would fall within the purview of services to be provided by the Clerk's Office; and upon the

Mailloux Declaration; and it appearing that the receiving, docketing and maintaining of proofs of

claim would be unduly time consuming and burdensome for the Clerk; and this Court being

authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and

facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy

and transmit proofs of claim; and this Court being satisfied that Epiq has the capability and

experience to provide such services and that Epiq does not hold an interest adverse to the

Debtors or the estates respecting the matters upon which it is to be engaged; and good and

sufficient notice of the Application having been given; and no other or further notice being

required; and it appearing that the employment of Epiq is in the best interests of the Debtors,

their estates, their equity security holders, and creditors; and sufficient cause appearing

therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is approved as set forth in this Order.

2.      The Movants are authorized, pursuant to 28 U.S.C. § 156(c) to retain Epiq, and

Epiq is appointed as the Claims and Noticing Agent, effective as of December 1, 2022, under the

terms and conditions of the Services Agreement.

3.      Epiq is authorized and directed to perform noticing services and to receive,

maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases,

and all related tasks, all as described in the Application (the "Claims and Noticing Services").

4.      Epiq shall serve as the custodian of court records and shall be designated as the

authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and

directed to maintain a Claims Register for each of the Debtors, to provide public access to every

proof of claim, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk, all subject to and in accordance with the confidentiality restrictions in the *Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* regarding Confidential Proofs of Claim (as defined in the Bar Date Order) and any other confidentiality restrictions that may be approved by the Court.

5.      Epiq is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6.      Epiq is authorized to take such other actions as are needed to comply with all duties set forth in the Application.

7.      The Trustee, Genever (BVI), and Genever (US) are authorized to compensate Epiq for the Claims and Noticing Services in accordance with the terms of the Services Agreement.

8.      Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Genever (BVI), Genever (US), the Trustee, the Office of the United States Trustee, counsel for Genever (BVI), counsel for Genever (US), counsel for the Trustee, counsel for an official committee, if any, monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

9.      The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10.      Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

11.     The Trustee, Genever (BVI), and Genever (US) shall indemnify Epiq and other Indemnified Parties, as that term is defined in the Services Agreement, under the terms of the Services Agreement, as modified pursuant to this Order.

12.     The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the Claims and Noticing Services as provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

13.     Notwithstanding anything to the contrary in the Services Agreement, the Trustee, Genever (BVI), and Genever (US) shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; or (ii) settled prior to a judicial determination but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the terms of the Service Agreement as modified by this Order.

14.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Trustee, Genever (BVI), and Genever (US) on account of the their indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in the Court, and the Trustee, Genever (BVI), and Genever (US) may not pay any such amounts to Epiq before the entry of an order by this Court

approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Trustee's, Genever (BVI)'s, and Genever (US)'s obligation to indemnify Epiq.  All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

15.    In the event Epiq is unable to provide the Claims and Noticing Services approved by this Order, Epiq will immediately notify the Clerk and the Movants' counsel, and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Movants' counsel.

16.    Epiq shall provide no less than ten business days' notice to the Trustee, the Debtors, the U.S. Trustee, and counsel to any official committee before any increases in rates it charges are implemented and shall file such notice with the Court.  Any increase in rates are subject to approval by the Court.

17.    The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

18.    The Movants and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19.    Epiq shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

20.     In the event that any of these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to the case or cases shall be under no obligation to continue to retain Epiq for any purpose.

21.     In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

22.     The Movants and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and Services Agreement.

23.     Notwithstanding any term in the Services Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 5th day of January, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut