# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | Case No. 22-50073 |
| | ) | |
| HO WAN KWOK, | ) | |
| | ) | |
| DEBTOR, | ) | |
| | ) | |

## MOTION TO QUASH THIRD-PARTY SUBPOENA
## TO IVEY, BARNUM & O'MARA, LLC

Non-party Ivey, Barnum & O'Mara, LLC ("IBO") respectfully submits this motion to quash a third-party subpoena served upon it by the Bankruptcy Trustee in this proceeding (the "Bankruptcy Proceeding"). The third-party subpoena to IBO is presently returnable on January 9, 2023 (the "Subpoena"). A copy of the Subpoena is annexed as Exhibit 1.

IBO was previously counsel to non-party Greenwich Land, LLC ("Greenwich Land") in connection with a real estate matter in February 2020. Greenwich Land is listed in the Subpoena as one of the many "Associated Entities" which "(1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest in, whether directly or indirectly in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." Ex. 1 at pg. 9, ¶ 8.

IBO retained a copy of the file from its representation of Greenwich Land. However, it is respectfully submitted that it would be unduly burdensome for IBO to review that file for responsive documents and privilege and/or to appear for a deposition. It also unfairly and unnecessarily places IBO in the ethically precarious position of potentially being adverse to the

position of its former client, Greenwich Land, with respect to any privileged documents or matters. Greenwich Land, as the client, naturally owns and controls the attorney-client privilege, not IBO.

Greenwich Land has already appeared in this Bankruptcy Proceeding, by counsel – Updike, Kelly & Spellacy, P.C.  A review of the filings made in this Bankruptcy Proceeding indicates that Greenwich Land appears to have already been subpoenaed for documents and deposition testimony by the Trustee.  A copy of the subpoena to Greenwich Land is annexed as Exhibit 2.

On January 6, 2023 we provided counsel to Greenwich Land in this Bankruptcy Proceeding (Updike, Kelly & Spellacy, P.C.) with a copy of IBO's file from its representation of Greenwich Land.  Greenwich Land along with its counsel in the Bankruptcy Proceeding are in the best position to determine which documents it considers to be privileged and/or responsive to the IBO Subpoena.

In short, this is an incredibly complex Bankruptcy Proceeding into which IBO should not be thrust unwillingly and unnecessarily.  Responding to the Subpoena works an undue burden on IBO.  The more convenient and less burdensome source of documents and information is clearly Greenwich Land.  The Trustee should seek Greenwich Land's file directly from Greenwich Land and its attorneys of record in this proceeding, rather than from IBO.  It likewise should seek deposition testimony from Greenwich Land, not IBO.  IBO thus respectfully requests that the Court quash the Subpoena, in its entirety.

## ARGUMENT

**A.     The Portion of the Subpoena Seeking Documents from IBO Must be Quashed as it is Unduly Burdensome and Because it Seeks Documents Protected by Attorney-Client Privilege.**

Third-party subpoenas must not impose an undue burden on the receiving party. Fed. R. Civ. P. 45(d)(3)(A)(iv) (a court must quash a subpoena that "subjects a person to undue burden.");

*BuzzFeed, Inc. v. U.S. Dep't of Just.*, 318 F. Supp. 3d 347, 356 (D.D.C. 2018) (*citing Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 508 (D.C. Cir. 2007)) (same).  In evaluating undue burden, courts must consider Rule 26's bar on discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *Watts*, 482 F.3d at 508-09 (holding that the standards in Rule 26 determine when a discovery request creates an undue burden).  When "more convenient [or] less burdensome" sources exist, "those alternatives should be explored first." *Diamond Servs. Mgmt. Co., LLC v. Knobbe, Martens, Olson & Bear, LLP*, 339 F.R.D. 334, 339 (D.D.C. 2021) (alteration in the original) (*quoting Saperstein Palestinian Auth. (In re Subpoena to Goldberg)*, 693 F. Supp. 2d 81, 88 (D.D.C. 2010).

Thus, for example, in *Diamond Services Management Company, LLC*, the court quashed a third-party subpoena on an outside law firm because the plaintiffs could have sought the same information from defendant during discovery or "subpoena[ed] relevant information … from the parties closest to the litigants: Barnes & Thornburg and Scheef & Stone," the defendant's current counsel. 339 F.R.D. at 340.  The court held that either alternative obviated "the more serious 'unwanted burden thrust upon' the non-party Respondents," by the plaintiff's subpoena. *Id*. (*quoting Watts*, 482 F.3d at 509); *see also Hughes v. Hartford Life & Accident Ins. Co.*, 507 F.Supp. 3d 384, 406 (D. Conn. 2020) (granting protective order against subpoenas that are "cumulative and duplicative and seek information that is more conveniently obtained from [the defendant] than from the non-parties.").

Moreover, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry. *Watts*, 482 F.3d at 509 (citation omitted).  Rule 45 requires courts to "protect a[ny] person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P.

45(d)(2)(B)(ii). Thus, "absent a showing that plaintiff either cannot obtain – or in fact *has not obtained* – ample discovery on the essential elements of her claim[s]" without subpoenaing a third-party, courts must avoid imposing "costly search[es]" on third-parties. *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 96 (D. Conn. 2012).

It also is black letter law that the attorney-client privilege "belongs solely to the client, and may only be waived by him. An attorney may not waive the privilege without his client's consent." *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987).

Here, it is respectfully submitted that there is no justifiable reason to impose upon IBO the heavy burden of reviewing, cataloguing and producing Greenwich Land's file from IBO's prior (and concluded) representation. Even more importantly, this Subpoena has placed IBO in a most unenviable position. It is in possession of various documents relative to its representation of Greenwich Land which are clearly protected from disclosure by attorney-client privilege. Yet IBO cannot voluntarily waive the privilege it does not own. Only IBO's former client – Greenwich Land – can make the decision to waive the attorney-client privilege. It would be manifestly unjust to place IBO in the precarious position of potentially being adverse to the position of Greenwich Land in regards to these documents. IBO should not be forced to essentially guess at which documents, if any, Greenwich Land would seek to withhold from production on the basis of attorney-client privilege. Nor should IBO be burdened with the task of then preparing a time-consuming log in relation to any privileged documents along with having to participate in further proceedings as to any disputes about the documents withheld as privileged.

IBO has provided a copy of its file to Greenwich Land's counsel in this Bankruptcy Proceeding. There can be no question that Greenwich Land (described in the Subpoena as an "Associated Entity" of the Debtor) and whose counsel now possesses the relevant documents, is a

more convenient and less burdensome source of the documents and information relative to IBO's prior representation of Greenwich Land. Indeed, it will be far less burdensome for Greenwich Land and its counsel in this Bankruptcy Proceeding to review the IBO file and make decisions about which documents are privileged and which shall be produced. Thus, Rules 26 and 45, respectfully, demand that the Trustee seek Greenwich Land's file from Greenwich Land and its attorneys of record in this proceeding, rather than from IBO. *See also Burlodge Ltd. v. Standex Int'l Corp. (In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*), 257 F.R.D. 12, 19 (D.D.C. 2009) (quashing subpoena and refusing to modify it "because of the absence of any showing that the information sought is not available from other sources.").

Finally, it also bears mentioning that IBO is a third-party who had absolutely no prior role in this Bankruptcy Proceeding and is not a party to this Bankruptcy Proceeding. It similarly had no role in any of Greenwich Land's responses to any prior subpoena served upon it and how those responses may relate to the plethora of allegations/claims associated with this incredibly complex Bankruptcy Proceeding. IBO further had no role in negotiating the terms of the three prior consent orders with the Trustee (all of which are annexed as Exhibit 3) that govern Greenwich Land's responses to the subpoenas served upon it. These factors likewise warrant quashing of the Subpoena.

**B.     The Portion of the Subpoena Seeking IBO's Deposition Must Likewise be Quashed as it is Unduly Burdensome and Unnecessarily Duplicative.**

The Subpoena's request for IBO's deposition also is unduly burdensome and unnecessary. This aspect of the Subpoena should be quashed as well.

Greenwich Land is to be deposed and/or has already been deposed by the Trustee in connection with this Bankruptcy Proceeding. Ex. 2. The Trustee surely can obtain the information it seeks about IBO's representation directly from Greenwich Land (an "Associated Entity" of the

5

Debtor) as a party closest to the Debtor. IBO should not be burdened by having to sit for such a duplicative deposition.

IBO's knowledge also is limited to the information contained in its file (which has been provided to Greenwich Land) as well as knowledge obtained via protected attorney-client communications. Once again, this will unduly place IBO in a precarious position at any deposition when issues of attorney-client privilege inevitably arise as it is only Greenwich Land that can decide whether to waive or invoke attorney-client privilege, not IBO.

In short, the considerations discussed throughout this motion demonstrate that sitting for the subpoenaed deposition will work an undue burden on IBO. This is especially so given that IBO will be placed in an ethically tenuous position as it relates to the interests of its former client, Greenwich Land. The Trustee can and should seek the information directly from Greenwich Land, not IBO. The portion of the Subpoena seeking IBO's subpoena should therefore also be quashed.

## CONCLUSION

For the foregoing reasons, IBO respectfully requests that this Court quash the Subpoena, in all respects.

Dated: Greenwich, Connecticut  
January 6, 2023

IVEY, BARNUM & O'MARA, LLC

By: */s/ Stephen G. Walko*  
Stephen G. Walko, Esq. (ct27644)  
170 Mason Street  
Greenwich, Connecticut 06830  
Telephone: (203) 661-6000  
Email: swalko@ibolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, a copy of the foregoing was filed electronically and served by U.S. mail, first class postage prepaid on any party unable to accept electronic filing. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                        */s/ Stephen G. Walko*
                                        Stephen G. Walko, Esq. (ct27644)