**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :     Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                               :     Case No. 22-50073 (JAM)
                                                       :
            Debtors.                                   :     (Jointly Administered)
                                                       :
-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING**
**JPMORGAN CHASE BANK N.A. TO COMPLY WITH RULE 2004 SUBPOENA**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

Ho Wan Kwok's (the "Individual Debtor") chapter 11 case (the "Chapter 11 Case"), hereby files

this motion (the "Motion to Compel") for entry of an order, substantially in the form attached

hereto (the "Proposed Order"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure

(the "Federal Rules"), and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") compelling JPMorgan Chase Bank N.A. (the "Defaulting Respondent")

to comply with this Court's *Order Granting First Supplemental Omnibus Motion of Chapter 11*

*Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing*

*Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and*

*Individuals Affiliates with the Debtor, and Relevant Banks* dated September 21, 2022 (ECF No.

866, the "Rule 2004 Order") and with the Trustee's Subpoena of the Defaulting Respondent issued

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
       Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
       Wan Kwok (solely for purposes of notices and communications).

1

pursuant to such order.  In support of the Motion to Compel, the Trustee respectfully states as follows:

## FACTUAL BACKGROUND

### I.    Trustee's Rule 2004 Motions, Orders, and Subpoenas

1.    On September 7, 2021, the Trustee filed his First Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliates with the Debtor, and Relevant Banks (the "First Omnibus 2004 Motion") seeking discovery with respect to various legal and financial advisors to the Individual Debtor, persons affiliated with the Individual Debtor, and, as relevant here, banks at which the Individual Debtor and persons and entities related to the Individual Debtor are believed to have deposited funds or conducted financial transactions.

2.    Among these banks was the Defaulting Respondent.  In particular, the Trustee has reason to believe that the Individual Debtor and that debtor Genever Holdings LLC ("Genever (U.S.)") held accounts at the Defaulting Respondent.  For this, among other reasons, the Defaulting Respondent is highly likely to possess documents relevant to the Individual Debtor's assets and financial affairs.

3.    The Defaulting Respondent did not object to the First Omnibus 2004 Motion.  The First Omnibus 2004 Motion was granted by entry of the Rule 2004 Order on September 21, 2022.

4.    On September 26, 2022, pursuant to the Rule 2004 Order, the Trustee served the Defaulting Respondent with a Subpoena for Rule 2004 Examination with appended Request for Production of Documents (collectively, the "Chase Subpoena").  A true and accurate copy of the

2

Chase Subpoena is attached hereto as <u>Exhibit A</u>.  The Chase Subpoena required compliance on or before October 24, 2022.

5.      The Defaulting Respondent did not object to compliance with the Chase Subpoena. Instead, the Defaulting Respondent contacted the Trustee by telephone messages to its counsel on October 12 and 19, 2022, to request information concerning the persons and entities relevant to discovery in the Chase Subpoena.

6.      To assist the Defaulting Respondent in complying with the Rule 2004 Order, the Trustee compiled information to assist the Defaulting Respondent in performing searches with respect to the Chase Subpoena.  Counsel for the Trustee contacted the Defaulting Respondent, by telephone and by email, including on October 19, 2022, November 15, 2022, and November 16, 2022, to request a telephone conference to provide this information and to otherwise discuss the Defaulting Respondent's compliance with the Chase Subpoena.

7.      On November 18, 2022, the Trustee's counsel again requested by email to meet-and-confer with the Defaulting Respondent and warned the Defaulting Respondent that continued failure to respond would require the Trustee to file a motion to enforce compliance with the Chase Subpoena and reserved the right to seek appropriate sanctions under such circumstances.

8.      The Defaulting Respondent failed and refused to respond to the foregoing correspondence.  Hence this Motion to Compel.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2) (A), (E), and (O).

## RELIEF REQUESTED

10.    The Trustee seeks entry of the Proposed Order compelling the Defaulting Respondent to comply with the Chase Subpoena holding the Defaulting Respondent in civil contempt for failing to do so to date.

## BASIS FOR RELIEF

### I.    The Defaulting Respondent Must Comply with the Chase Subpoena

11.    The Trustee is tasked with investigating the Individual Debtor's assets and affairs for the benefit of the Individual Debtor's creditors.   "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Grp. Ltd.*, Case No. 16-13625-JLG, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted).  This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed.  *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.") (internal quotation and citation omitted)); *id.* (noting that "[u]nlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition") (internal citations and punctuation omitted); Fed. R. Bankr. P. 2004(b) (authorizing scope of 2004 examinations "relat[ing] . . . to . . . property . . . and financial condition of the debtor, or to ***any matter*** which may affect the administration of the debtor's estate") (emphasis added).

4

12.     The Trustee reasonably believes that the Defaulting Respondent has records relevant to the Trustee's investigation, including, among other things, with respect to accounts held by the Individual Debtor and by Genever U.S.  Accordingly, the Trustee obtained the Rule 2004 Order and served the Defaulting Respondent with the Rule 2004 Order.  The Defaulting Respondent has no cause to ignore or refuse compliance with the Chase Subpoena.  The Court should thus compel the Defaulting Respondent's compliance with the Chase Subpoena.

## II.     The Defaulting Respondent Should be Held in Civil Contempt

13.     Rule 45(e) of the Federal Rules of Civil Procedure provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  *In re Corso*, 328 B.R. 375, 385 (E.D.N.Y. 2005) (quoting FRCP 45(e)) (quotations omitted); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("Where a party fails to object to a subpoena and also fails to comply, it may be held in contempt, pursuant to Rule 45[(e)]") (internal quotations omitted).

14.     To hold a party in civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order."  *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (*citing N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir. 1984)).

15.     In a civil contempt proceeding, a finding of contempt will be upheld so long as the order violated "is clear and unambiguous, the proof of non-compliance [with the order] is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *Corso*, 328 B.R. at 385 (quoting *United States v. Local 1804–1, Int'l Longshoremen's Assn.*, 44 F.3d 1091, 1096 (2d Cir.1995) (quotations omitted) (alterations in original)).

16.    Additionally, a party that fails to timely respond or object to a subpoena within the mandated period is not permitted to raise objections at a later time. *See Corso*, 328 B.R. at 384-85 ("Because [the subpoenaed party] did not raise any timely objections to the Trustee's subpoena, or move to quash it in a timely manner [it] waived its right to object to the Subpoena.").

17.    Finally, courts have found that a party that fails to respond or object to a subpoena may be sanctioned for that failure.  *See PaineWebber Inc.*, 211 F.R.D. at 249 ("Where a party fails to object to a subpoena and also fails to comply, it may be held in contempt, pursuant to Rule 45[(e)], **and sanctions may therefore be imposed**.") (internal quotations omitted and emphasis added); *Corso*, 328 B.R. at 385-86 (upholding bankruptcy court's sanction of a party which made "no effort" to comply with a Rule 2004 subpoena).  Specifically, courts in the Second Circuit have awarded attorneys' fees where a party fails to comply with a subpoena. *See Gucci Am., Inc. v. Li*, No. 10-CV-4974 (RJS), 2015 WL 7758872, at *4 (S.D.N.Y. Nov. 30, 2015) ("[C]ourts in this Circuit have awarded attorneys' fees where a party or a non-party willfully fails to comply with a subpoena.").

18.    Here, service of the document request attached to the Chase Subpoena has occurred, and, despite its awareness of the Chase Subpoena, the Defaulting Respondent has not made any effort to comply with the Chase Subpoena. *See id.* (affirming bankruptcy court's Contempt Order where service of subpoena was clear and unambiguous and no effort was made to comply).

19.    Indeed, after the Defaulting Respondent requested that the Trustee provide additional information concerning the searches required under the Chase Subpoena, and after the Trustee cooperated to compile such information, the Defaulting Respondent ceased responding to the Trustee's communications altogether.

20.     Accordingly, the Court should issue an order (i) holding the Defaulting Respondent in civil contempt of Court, (ii) preventing the Defaulting Respondent from raising any objections to the Chase Subpoena, and (iii) ordering the Defaulting Respondent to pay the Trustee's attorneys' fees related to this motion.

## NO PRIOR REQUEST

21.     The Trustee has not previously sought the relief requested herein from this or any other court.

## CERTIFICATION OF COUNSEL

22.     As set forth above, and in the Declaration of Patrick R. Linsey filed herewith, counsel for the Trustee has sought on numerous occasions to confer with the Noncompliant Respondent in good faith in an effort to resolve this dispute and counsel for the Noncompliant Respondent has failed or refused to respond.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in this Motion to Compel and such other relief as is just and proper.

Dated:     January 6, 2022            LUC A. DESPINS,
           New Haven, Connecticut     CHAPTER 11 TRUSTEE


                                      By:    /s/Douglas S. Skalka
                                         Douglas S. Skalka (ct00616)
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 821-2000
                                         dskalka@npmlaw.com
                                         plinsey@npmlaw.com

7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, et al.,²                    :    Case No. 22-50073 (JAM)
                                        :
                Debtors.                :    (Jointly Administered)
                                        :
-------------------------------------------------------x
```

**DECLARATION OF PATRICK R. LINSEY IN SUPPORT OF**
**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING**
**JPMORGAN CHASE BANK N.A. TO COMPLY WITH RULE 2004 SUBPOENA**

I, Patrick R. Linsey, declare:

1.      I am an attorney admitted to practice law in the State of Connecticut and an associate at the law firm of Neubert, Pepe & Monteith, P.C., and counsel for Luc A. Despins as Chapter 11 Trustee (the "Trustee").  I respectfully submit this declaration in support of the *Motion of Chapter 11 Trustee for Entry of Order Compelling JPMorgan Chase Bank N.A. to Comply with Rule 2004 Subpoenas* (the "Motion").

2.      I have requested to meet-and-confer with JPMorgan Chase Bank, N.A. (the "Defaulting Respondent") with respect to the issues addressed in the Motion on numerous occasions, including, without limitation, on November 16, 2022.  The Defaulting Respondent has failed or refused to respond to these requests to meet-and-confer.

---

²     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      January 6, 2023

New Haven, Connecticut          Respectfully submitted,

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

### District of __Connecticut__

In re  __Ho Wan Kwok_____     Case No. __22-50073_____
                     Debtor

                                                    Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  __JPMorgan Chase Bank, N.A._____
*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| **NEUBERT, PEPE & MONTEITH, P.C.** | **October 24, 2022, 10 A.M.** |
| **195 Church Street, 13th Floor** | **(see attached Bankruptcy Court Order)** |
| **New Haven, Connecticut 06510** | |

The examination will be recorded by this method:  __court reporter/stenographer_____

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

__See Requests for Production of Documents, attached hereto._____

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __September 22, 2022__

                      CLERK OF COURT

                                      OR

    _____         _____
    *Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                                        **Patrick R. Linsey (ct29437)**

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Luc Despins, Ch. 11 Trustee_____ ,  who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
__plinsey@npmlaw.com; (203) 821-2000__

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## Request for Production of Documents

### I.    INSTRUCTIONS

1.      Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

    a.   Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.   Image Load File

        a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.  An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b.  Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c.  <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d.  <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e.  <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f.  <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

2

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

6

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to JPMorgan Chase Bank, N.A., together with any of its affiliates, parents, and subsidiaries, and any of their employees, agents, counsel, advisors, or anyone acting on their behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, individually and collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "2004 Discovery Targets" means, individually and collectively, the Debtor, the Debtor's Family, ACA Capital Group Limited, Himalaya International Financial Group Ltd., Himalaya International Clearing Ltd., Himalaya International Payments Ltd., Himalaya International Reserves Ltd., Jesse Brown, William Je, William Je, Eastern Profit Corporation Limited, HK International Funds Investments (USA) Limited LLC, Bravo Luck Limited, Golden Spring (New York) Ltd., Lamp Capital LLC, Greenwich Land LLC, Qu Guo Jiao, Daniel Thomas Podhaskie, Yvette Wang, Ace Decade Holdings Limited, Dawn State Limited, Rule of Law Society IV Inc., Rule of Law Foundation III, GTV Media Group, Inc., Voice of Guo Media, Inc., and Saraca Media Group Inc.

8.      "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel,

advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Jesse Brown, William Je, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

9.  "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited,

Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya International Clearing Ltd. , Himalaya International Payments Ltd., Himalaya International Reserves Ltd., Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Hudson Diamond NY LLC, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., TM Primrose Limited, Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

10.    "Including" or any variant thereof means "including without limitation."

11.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

12.    "Any" and "all" and "each" mean "each and every."

13.    "Each" and "every" mean "each and every."

14.    "<u>Third Party</u>" means a Person or Entity other than Yourself.

15.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

16.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

17.    "<u>Person(s)</u>" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

18.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

19.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

20.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

21.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

22.     "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

## IV.    DOCUMENTS TO BE PRODUCED

1.      All Documents dated between January 1, 2014 and the present related to any account held by, controlled by, on behalf of, or otherwise related to any of the 2004 Discovery Targets, including any and all account statements, authorizations, power of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions.

2.      All Documents dated between January 1, 2014 and the present related to any funds, securities, property, or assets belonging to, held by, controlled by, on behalf of, or otherwise related to any of the 2004 Discovery Targets, including any and all account statements, authorizations, powers of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions.

3.      All Documents dated between January 1, 2014 and the present related to any business, commerce or financial transactions, including but not limited to any loan, line of credit, bailment, deposit, swap, securities transactions, mortgage, or ISDA, with any of the 2004 Discovery Targets, including any and all account statements, authorizations, powers of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions.

4.      All Documents dated between January 1, 2014 and the present relating to any wire transfer activity relating to the 2004 Discovery Targets, regardless of the existence of any accounts, including but not limited to all wire transfer receipts, account numbers, balances, authorizations, identification information related to the parties to the transfer, correspondence, instructions, or other records.

5.      All Documents dated between January 1, 2014 and the present related to any correspondence and communications between you and the 2004 Discovery Targets.

6.      All Documents dated between January 1, 2014 and the present related to any account with any 2004 Discovery Target relating to  opening of the account, authorized users of the account and maintenance of the account.

7.      All Documents dated between January 1, 2014 and the present  related to any anti-money laundering, know-your-customer, or other compliance activity relating to any of the 2004 Discovery Targets, including but not limited to any information provided by any of the 2004 Discovery Targets, or learned by You.

8.      All Documents dated between January 1, 2014 and the present relating to any communications with any regulator from any country, including but not limited to the Bank of England, the United States Federal Reserve, the S.E.C., the CFTC, FINRA, China Securities Regulatory Commission, People's Bank of China, Hong Kong Securities and Futures Commission, and the Hong Kong Monetary Authority relating to any of the 2004 Discovery Targets.

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
                          :

In re:                    :    Chapter 11

                      :

HO WAN KWOK,       :    Case No. 22-50073 (JAM)

                      :

      Debtor.[1]       :    Re: ECF No. 839

                      :

-------------------------------------------------------x

**ORDER
GRANTING FIRST SUPPLEMENTAL OMNIBUS MOTION OF
CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE
2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO
ADDITIONAL LEGAL AND FINANCIAL ADVISORS TO THE DEBTOR, ENTITIES
AND INDIVIDUALS AFFILIATED WITH DEBTOR, AND RELEVANT BANKS**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Examinees listed on Exhibit B thereto (the "Application", ECF No. 637), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-25 and to serve the Subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Examinees listed on Exhibit B to the Application.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Examinees are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the Examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P.

---

[1]   Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

1

45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Examinee listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Montheith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 21st day of September, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

2

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: ___JPMorgan Chase Bank, N.A.___
on *(date)* __9/26/22__

☒ I served the subpoena by delivering a copy to the named person as follows: ___Lidia Jesus, Associate,___
___JPMorgan Chase Bank, 2125 Main Street, Bridgeport CT___
_____ on *(date)* ___9/28/22___ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __·__ .

My fees are $ __10.85__ for travel and $ __55.80__ for services, for a total of $ __66.65__ .

I declare under penalty of perjury that this information is true and correct.

Date: __9/28/22__

_____
*Server's signature*

___ERNEST LADEN  - STATE MARSHAL___
*Printed name and title*
ERNEST A. LADEN
STATE MARSHAL
FAIRFIELD COUNTY
P.O. BOX 3718
BRIDGEPORT, CT 06605
*Server's address*

Additional information concerning attempted service, etc.:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                        :

In re:                        :     Chapter 11
                        :

HO WAN KWOK, *et al.*,[1]     :     Case No. 22-50073 (JAM)
                        :

          Debtors.        :     (Jointly Administered)
                        :
--------------------------------------------------------x

### [PROPOSED] ORDER COMPELLING JPMORGAN CHASE BANK N.A. TO COMPLY WITH RULE 2004 SUBPOENA AND AWARDING SANCTIONS

Upon consideration of the Motion seeking an order compelling JPMorgan Chase Bank N.A. (the "Defaulting Respondent") to comply with the Court's *Order Granting First Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliates with the Debtor, and Relevant Banks* dated September 21, 2022 (ECF No. 866, the "Rule 2004 Order") and with the subpoenas (the "Chase Subpoena") the Trustee issued to the Defaulting Respondent pursuant to the Rule 2004 Order, after notice and a hearing, *see* 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Motion is granted as set forth below.

**ORDERED**: The Defaulting Respondent shall search for and produce all documents responsive to the Chase Subpoena within fourteen (14) days of the entry of this Order.

**ORDERED**: Within fourteen (14) days of entry of this Order, in the event the Defaulting Respondent remains unresponsive to the Chase Subpoena, the Defaulting Respondent shall be in civil contempt of Court, shall be estopped from raising any objections to the Subpoenas, and shall be required to pay the Trustee's attorneys' fees related to this Motion.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
HO WAN KWOK, et al.,¹               :    Case No. 22-50073 (JAM)
                                    :
             Debtors.               :    (Jointly Administered)
-------------------------------------------------------x
```

### NOTICE OF CONTESTED MATTER RESPONSE DATE

Luc A. Despins, as Chapter 11 Trustee (the "Movant") has filed a Motion for Entry of Order Compelling JPMorgan Chase Bank, N.A. to Comply with Rule 2004 Subpoena (the "Contested Matter") with the U.S. Bankruptcy Court for the District of Connecticut. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than January 20, 2023, in accordance with Federal Rules of Bankruptcy Procedure 2002(a) and 9014.² In the absence of a timely filed response, the proposed order in the Contested Matter **may** enter without further notice and hearing, *see*, 11 U.S.C. section 102(1).

Dated: January 6, 2023                    LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

By:    /s/Douglas S. Skalka
      Douglas S. Skalka (ct00616)
      Patrick R. Linsey (ct29437)
      Neubert, Pepe & Monteith, P.C.
      195 Church Street, 13th Floor
      New Haven, Connecticut 06510
      (203) 821-2000
      dskalka@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                          :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                            :    Case No. 22-50073 (JAM)
:
            Debtors.                                         :    (Jointly Administered)
------------------------------------------------- x:

## CERTIFICATE OF SERVICE

In accordance with applicable provisions of the Federal Rules of Bankruptcy Procedure 2002 and 7004, the undersigned certifies that on January 6, 2023, the following documents were served on the United States Trustee and all appearing parties via the Court's electronic filing system or by first class mail on each party listed on the Service List.

**I.      Documents Served**
- Motion for Entry of Order Compelling JPMorgan Chase Bank, N.A. to Comply with Rule 2004 Subpoena
- Declaration of Patrick R. Linsey in Support of Motion
- Exhibit A
- Proposed Order
- Notice of Contested Matter Response Date

**II.     Service List**
    **a.      Electronic Mail Service List**

- Laura Aronsson     laronsson@omm.com
- Tristan G. Axelrod     taxelrod@brownrudnick.com
- William R. Baldiga     wbaldiga@brownrudnick.com
- Kellianne Baranowsky     kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com;kbaranowsky@ecf.courtdrive.com
- Douglass E. Barron     douglassbarron@paulhastings.com

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

- Nicholas A. Bassett    nicholasbassett@paulhastings.com, jonathonkosciewicz@paulhastings.com;lucdespins@paulhastings.com;alexbongartz@paulhastings.com;ezrasutton@paulhastings.com;douglassbarron@paulhastings.com;ecf.frg@paulhastings.com;aviluft@paulhastings.com
- Patrick M. Birney    pbirney@rc.com, ctrivigno@rc.com
- Christopher H. Blau    cblau@zeislaw.com
- G. Alexander Bongartz    alexbongartz@paulhastings.com
- Carollynn H.G. Callari    ccallari@callaripartners.com
- Daniel Cantor    dcantor@omm.com
- John L. Cesaroni    jcesaroni@zeislaw.com
- Scott M. Charmoy    scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com;charmoysr97992@notify.bestcase.com
- Holley L. Claiborn    holley.l.claiborn@usdoj.gov
- Samuel Bryant Davidoff    sdavidoff@wc.com
- Luc A. Despins    lucdespins@paulhastings.com, matlaskowski@paulhastings.com;davidmohamed@paulhastings.com
- David S. Forsh    dforsh@callaripartners.com
- Peter Friedman    pfriedman@omm.com
- Taruna Garg    tgarg@murthalaw.com, mgarcia@murthalaw.com
- Irve J. Goldman    igoldman@pullcom.com, rmccoy@pullcom.com
- Evan S. Goldstein    egoldstein@uks.com
- Mia N. Gonzalez    mgonzalez@omm.com
- James C. Graham    jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net
- Lawrence S. Grossman    LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com;ngolino@gs-lawfirm.com;lawrencegrossman@ecf.courtdrive.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com
- David V. Harbach    dharbach@omm.com
- James J. Healy    jhealy@cowderymurphy.com
- Jeffrey Hellman    jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com
- Eric A. Henzy    ehenzy@zeislaw.com, cjervey@zeislaw.com
- Jonathan Kaplan    jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com
- Stephen M. Kindseth    skindseth@zeislaw.com, cjervey@zeislaw.com
- Andrew V. Layden    alayden@bakerlaw.com
- Patrick R. Linsey    plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net
- Avram Emmanuel Luft    aviluft@paulhastings.com
- Kristin B. Mayhew    kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com
- Danielle L. Merola    dmerola@bakerlaw.com
- Sherry J. Millman    smillman@stroock.com
- Aaron A Mitchell    aaron@lmesq.com
- James M. Moriarty    jmoriarty@zeislaw.com, cgregory@zeislaw.com
- Sara Pahlavan    spahlavan@omm.com

- Patrick N. Petrocelli    ppetrocelli@stroock.com
- Lucas Bennett Rocklin    lrocklin@npmlaw.com, NeubertPepeMonteithPC@jubileebk.net
- Aaron Romney    aromney@zeislaw.com, swenthen@zeislaw.com
- Scott D. Rosen    srosen@cb-shea.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com
- Thomas J. Sansone    tsansone@carmodylaw.com
- Stuart M. Sarnoff    ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com
- David M.S. Shaiken    david@shipmanlawct.com
- Douglas S. Skalka    dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net
- Jeffrey M. Sklarz    jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com;jsklarz@ecf.courtdrive.com
- Annecca H. Smith    asmith@rc.com
- John Troy    johntroy@troypllc.com
- Tiffany Troy    troylegalpllc@gmail.com, troylaw@troypllc.com
- U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
- Stephen G. Walko    swalko@ibolaw.com
- Michael S. Weinstein    mweinstein@golenbock.com
- Jay Marshall Wolman    jmw@randazza.com, ecf-6898@ecf.pacerpro.com
- Peter J. Zarella    pzarella@mdmc-law.com

**b.    Manual Service by USPS, first class, postage prepaid**:

Brown Rudnick LLP
Attn: President or General Mgr
One Financial Center
Boston, MA 02111

Chao-Chih Chiu, Huizhen Wang
Yunxia Wu, Keyi Zilkie
c/o TroyGould PC
1801 Century Park East, 16th Floor
Attn: Christopher A. Lilly
Los Angeles, CA 90067-2367

Gregory A. Coleman
Coleman Worldwide Advisors, LLC
P O Box 2839
New York, NY 10008-2839

J. Ted Donovan, Kevin J. Nash
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway 22nd Floor
New York, NY 10036

Dundon Advisers LLC
Attn: President or General Mgr
10 Bank Street, Suite 1100
White Plains, NY 10606

Peter M. Friedman
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Francis J. Lawall
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103-2799

Steven E. Mackey
Office of the U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

3

Sherry Millman
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Richard C. Morrissey
Office of the U.S. Trustee
201 Varick Street, Room 1006
New York, NY 10014

Edward Moss, Diana Perez
Stuart Sarnoff, and Daniel Shamah
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

Alissa M. Nann
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

Irve Goldman, Esq.
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06601

Gabriel Sasson
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Douglas E. Spelfogel
Derek L. Wright
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001

Stretto
Attn: President or General Mgr
410 Exchange, Suite 100
Irvine, CA 92602

Yongbing Zhang
223 West Jackson Blvd. #1012
Chicago, IL 60606

Genever Holdings Corporation
P.O. Box 3170
Road Town Tortola, BVI

Genever Holdings LLC
781 Fifth Avenue Apt. 1801
New York, NY 10022-5520

JPMorgan Chase Bank, N.A.
Attn: President or General Mgr
2125 Main Street
Bridgeport, CT  06606

Dated: January 6, 2023            LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

                     By: ___/s/Douglas S. Skalka_____
                        Douglas S. Skalka (ct00616)
                        Patrick R. Linsey (ct29437)
                        Neubert, Pepe & Monteith, P.C.
                        195 Church Street, 13th Floor
                        New Haven, Connecticut 06510
                        (203) 821-2000
                        dskalka@npmlaw.com