**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| Ho Wan Kwok, | : |
| | : Case No. 22-50073 |
| Debtor.[1] | : |
| | : |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO MOTION FOR ORDER REMOVING TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee" or "UCC"), by and thorough its undersigned counsel, hereby submits this Objection to the Motion for Order Removing Trustee (the "Removal Motion") filed by Debtor, Ho Wan Kwok ("Debtor"), and respectfully represents in support of its Objection the following:

1. Section 324(a) of the Bankruptcy Code provides that "[t]he court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause." In this Circuit, removal of a trustee for cause requires the movant to establish that the trustee "engaged in fraud or caused … actual injury to the estate." *Maiman v. Spizz* (*In re Ampal-American Israel Corp.*), 691 Fed. Appx. 12, 16 (2d Cir. May 24, 2017) (summary order). *See also In re Lundborg*, 110 B.R. 106, 108 (Bankr. D. Conn. 1990) ("a party seeking the removal of a trustee must prove that there has been some actual injury or fraud"); *In re New Century TRS Holdings, Inc.*, Case No. 07-10416 (KJC), 2013 WL 12324114, at *5 (Bankr. D. Del. July 9, 2013) (requiring proof of fraud or actual injury)[2]

---

[1] The Debtor is known by the following names: Guo Wengui; Miles Guo; Miles Kwok; and Ho Wan Kwok.

[2] The Debtor contends that removal can be based merely on "the appearance of impropriety" (Removal Motion ¶32), but cites no decision in this Circuit which so holds. Although the Debtor cites *In re Vebeliunas*, 231 B.R. 181, 187-95 (Bankr. S.D.N.Y. 1999), for that proposition, the decision in *Vebilunas* dealt not with removal of a trustee under 11 U.S.C. § 324(a), but with the disinterestedness of counsel to a trustee under 11 U.S.C. § 327(a). Even if the § 327(a) standard can be borrowed for removal motions

2. A "party seeking to remove a trustee must make a strong showing because the effect of removal is deleterious to the continuity of the administration of the estate." *In re Empire State Conglomerates Inc.*, 546 B.R. 306, 317 (Bankr. S.D.N.Y. 2016) (internal quotation and citation omitted). *See also Surabian v. Picard*, No. 13 Civ. 935(JGK), 2014 WL 917091, at *2 (S.D.N.Y. Mar. 7, 2014) (removal of trustee requires a "strong factual showing"). Indeed, some courts have held that the grounds for removal of a trustee must be proven by "clear and convincing evidence." *In re Nilhan Developers, LLC*, Case No. 15-58443-WLH, 2021 WL 153935, at *17 (Bankr. N.D. Ga. Apr. 19, 2021).

3. Courts are in agreement that removal of a trustee is "an extreme remedy." *See e.g. In re Reagan*, 403 B.R. 614, 623 (8th Cir. BAP 2009); *In re CNC Payroll, Inc.*, 491 B.R. 454, 460 (Bankr. S.D. Tex. 2013); *In re United Tax Group, LLC*, 622 B.R. 148, 157 (Bankr. D. Del. 2020); *In re Cee Jay Discount Stores, Inc.*, 171 B.R. 173, 175 (Bankr.E.D.N.Y.1994) (noting that removal is an "extreme" remedy that requires "actual injury or fraud"). As such, much like the burden of proving cause for the appointment of a chapter 11 trustee, the burden of proving grounds for removal of a trustee should be by clear and convincing evidence. *Cf. In re Bayou Group, LLC*, 564 F.3d 541, 546 (2d Cir. 2009) (requiring that cause for the appointment of a chapter 11 trustee be proven by clear and convincing evidence in recognition that the appointment of a chapter 11 trustee is an "extraordinary remedy").

---

under § 324(a), an appearance of impropriety, alone, would not be a basis for removal. *See In re Peck*, 112 B.R. 485, 489 n. 6 (Bankr. D. Conn. 1990) ("in this Circuit the mere appearance of impropriety is not alone a sufficient basis for granting a disqualification motion" under § 327(a)). *See also* 3 COLLIER ON BANKRUPTCY ¶ 324.02[2] at 324-5 *(*Richard Levin & Henry Sommer eds., 16th ed. 2022) (stating majority rule as requiring proof of "actual fraud or injury," with only "some courts" finding that an appearance of impropriety will suffice).

4.  In addition, "courts should consider the best interests of the estate … when determining whether to remove a trustee." *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D. Conn. 1990). *See also In re United Tax Group, LLC,* 622 B.R. 148, 157 (Bankr. D. Del. 2020) ("a court must consider the best interest of the estate, not merely that of a single complaining movant"). More particularly, "[r]emoval should be exercised only if the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change in administration." *Maiman v. Spizz* (*In re Ampal-American Israel Corp.*), 554 B.R. 604, 624 (S.D.N.Y. 2016), *aff'd* 691 Fed. Appx. 12 (2d Cir. May 24, 2017). *Accord* 3 COLLIER ON BANKRUPTCY ¶ 324.02[3] at 324-6 (Richard Levin & Henry Sommer eds., 16th ed. 2022) (also stating that "[t]he cost to the estate of a substitution in trustees must be taken into account").

5.  The Debtor has not demonstrated that the trustee in this case (the "Trustee") has engaged in fraud or has inflicted "actual injury" on the estate. While the Committee has no first-hand knowledge of what transpired at the Debtor's November 17, 2022 meeting with the Trustee, the Committee views the actions taken by the Trustee of which it is aware as comporting with what should be expected of a zealous and scrutinizing estate representative, particularly given the Debtor's prefiling and post-filing contemptuous, obstreperous and untrustworthy conduct.

6.  The Committee further submits that it would not be in the best interest of the estate for the Trustee to be removed and replaced at this juncture of the case. Since his appointment on July 7, 2022, the Trustee and his professionals have undertaken substantial efforts to investigate the affairs of the Debtor, uncover potential avenues of recovery for creditors and pursue known assets for the benefit of the estate. To introduce a new trustee at this stage of the case would cause the administration of the estate to suffer far more than the effect on the estate of any discord between the Trustee and the Debtor, who, rather than cooperating with the Trustee to garner assets for the estate,

appears more concerned with obstructing the process, causing collateral litigation and protecting assets which are ostensibly owned or held by family members or their affiliates.

Dated:  Bridgeport, Connecticut
       January 13, 2023

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:  */s/Irve J. Goldman*
Irve J. Goldman
Jonathan A. Kaplan
Pullman & Comley, LLC
850 Main Street, 8th Floor, PO Box 7006
Bridgeport, CT 06601-7006
(203) 330-2213
igoldman@pullcom.com
Its Attorneys

## **CERTIFICATION OF SERVICE**

    I, Irve J. Goldman, herby certify that on the 13th day of January, 2023, a true and correct copy of the foregoing Objection to Motion for Order Removing was filed with the Court and served upon all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system.

                                            */s/Irve J. Goldman*