## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| **HO WAN KWOK, ET AL,**[1] | **Case No. 22-50073 (JAM)** |
| **Debtors.** | **Jointly Administered** |

---

### UNITED STATES TRUSTEE'S PRELIMINARY RESPONSE TO THE
### DEBTOR'S MOTION TO REMOVE CHAPTER TRUSTEE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),
through counsel, files this preliminary response to the Motion to Remove Chapter 11 Trustee (ECF
1274) ("Motion to Remove") filed by debtor Ho Wan Kwok ("Debtor"), through his counsel,
seeking to remove Luc A. Despins as chapter 11 trustee of the Debtor's case pursuant to 11 U.S.C.
§ 324 ("Section 324").  The Motion to Remove was filed using the Court's Contested Matter
Procedure, which requires initial responses/objections by January 13, 2023.  Because the merits of
the Motion to Remove have yet to be tested or considered through evidence, the United States
Trustee's response is preliminary and focused on providing some context and background of the
Debtor's case, as well as the standards governing a removal motion under Section 324.

## I.        BACKGROUND

1.        Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok ("Debtor"
and/or "Kwok")[2] filed a voluntary chapter 11 petition ("Petition") on February 15, 2022. ECF 1. The
Debtor retained the firm of Brown Rudnick LLP ("Brown Rudnick") to be his chapter 11 counsel
and paid Brown Rudnick a $1 million retainer. *See* ECF 54; ECF 86; ECF 77 at page 17; ECF 78 at
page 20; and ECF 293.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok as well as numerous other aliases) (last four digits of tax identification number: 9595; case number 22-50073), Genever Holdings LLC (last four digits of tax identification number: 8202; case number 22-50592) and Genever Holdings Corporation (case number 22-50542).

[2] The Debtor is also known by multiple other aliases.

2.      The Debtor filed his chapter 11 case just days after the February 2022 Contempt Decision in the PAX Lawsuit[3] in New York State Court and on the eve of the deadline to pay creditor Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") a contempt award of $134,000,000 imposed by the February 2022 Contempt Decision due to the Debtor's failure to return the yacht known as the Lady May to the jurisdiction of New York. On March 1, 2022, PAX filed a motion for relief from stay seeking authority to resume the PAX Lawsuit in order to pursue efforts toward the return of the Lady May. ECF 57.

3.      On March 19, 2022, the United States Trustee filed a motion seeking an order directing the appointment of an examiner or, in the alternative, a chapter 11 trustee ("UST Examiner/Trustee Motion"). ECF 102.

4.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in this case. ECF 108.

5.      On March 22, 2022, the Debtor filed a motion for financing seeking to borrow $8 million dollars from Golden Spring New York Ltd. ("Golden Spring"), an entity purportedly owned by the Debtor's son Qiang Guo ("DIP Financing Motion"). ECF 117. The Debtor claims to have no ownership interest in or control over Golden Spring, but Golden Spring has in the past - allegedly without being reimbursed - gifted funds to the Debtor to pay for all of his living expenses, and has also loaned funds and/or paid for litigation expenses of the Debtor. *See* ECF 77 at Schedule D.

6.      On April 6, 2022, PAX, the Debtor's largest unsecured creditor, filed a motion to dismiss or, in the alternative, a partial joinder to the UST Examiner/Trustee Motion with regard to the relief of the appointment of a chapter 11 trustee ("PAX Motion to Dismiss"). ECF 183.

7.      On April 6, 2022, the Debtor filed an opposition to the UST Examiner/Trustee Motion that objected to the appointment of a chapter 11 trustee. ECF 180.

---

[3] Capitalized terms used but not defined herein shall have the meaning set forth in the UST Examiner/Trustee Motion. ECF 102.

8.      On May 11, 2022, the Debtor consented to the dismissal of his case and withdrew the DIP Financing Motion. ECF 344 and 345.

9.      On May 25, 2022, the Court held a hearing on the PAX Motion to Dismiss and the UST Examiner/Trustee Motion.

10.      On June 15, 2022, the Court entered an order directing the United States Trustee to appoint one disinterested trustee in the Debtor's bankruptcy case ("Trustee Order"). ECF 465.

### ***Appointment of Luc A. Despins as Chapter 11 Trustee and Debtor's Opposition Thereto***

11.      On July 7, 2022, the United States Trustee filed his Notice of Appointment of Luc A. Despins of Paul Hastings LLP ("PH") as the chapter 11 trustee (ECF 514) and an Application for Approval of the Appointment of Luc A. Despins pursuant to 11 U.S.C. §1104(d) (ECF 515) ("Application"). The Declaration of Disinterestedness of Luc A. Despins was filed as part of the Application ("Original Declaration"). After a hearing held on July 8, 2022, the Court granted the Application ("Order Approving Trustee"). ECF 523.[4]

12.      On July 11, 2022, Attorney Aaron Mitchell filed an appearance as counsel to the Debtor and filed a letter objection to the appointment of Trustee Despins ("Mitchell Letter Objection"). ECF 530 and 531.

13.      On July 12, 2022, Trustee Despins filed an application to employ PH as his chapter 11 trustee counsel ("PH Retention Application") and a motion seeking an expedited hearing on the PH Retention Application. ECF 539 and 541.[5]

14.      On July 13, 2022, Brown Rudnick filed a motion to withdraw as Debtor's counsel ("Motion to Withdraw"). ECF 543.

---

[4] At the July 8 hearing, Attorney Despins announced on the record that he would be filing a supplemental disclosure and explained the nature of the additional disclosures (the "Supplemental Disclosures"). Counsel for the Debtor (Brown Rudnick), the Committee, PAX, and certain other creditors were all present at the hearing and no party raised an objection to the appointment of Attorney Despins on the grounds that Attorney Despins was not competent to serve or was not disinterested.

[5] On July 12, 2022, Trustee Despins formally filed the Supplemental Disclosure explaining he had no personal prior representation of any entity affiliated with PAX and that PH had previously represented certain entities that share the same parent entity as PAX ("July 12 Supplemental Disclosure"). ECF 538. The July 12 Supplemental Disclosure is consistent with the Supplemental Disclosure at the July 8 Hearing.

15.     On July 14, 2022, the Debtor, through Z&Z[6], also filed an objection to having the PH Retention Application heard on an expedited basis. ECF 554.

16.     On July 15, 2022, the Debtor, through Z&Z, filed a motion seeking relief under Rule 60b/Rule 9024 to vacate the appointment of Trustee Despins as chapter 11 trustee ("Motion to Vacate"). ECF 561. The Motion to Vacate argued, among other things, that PH has a significant relationship with the Peoples Republic of China ("China"), Chinese Communist Party ("CCP"), and "their state owned and controlled entities." Motion to Vacate at ¶ 2.

17.     On July 22, 2022, Z&Z attorneys issued requests/subpoenas for information and documents about Trustee Despins, PH, PAX, and entities connected to PAX.[7]  Trustee Despins filed a motion to quash the discovery issued by the Debtor (ECF 608) and the Debtor filed an objection in response (ECF 641).

18.     On July 26, 2022, Trustee Despins filed a supplemental declaration in support of the PH Retention Application. ECF 612.

19.     On July 27, 2022, the United States Trustee, the Committee, PAX and various creditors filed responses to the Motion to Vacate. ECF 615, 618, 621, and 628.  Also on July 27, 2022, the Debtor filed an objection to the PH Retention Application. ECF 622.

20.     On July 28, 2022, Trustee Despins filed a supplemental declaration of disinterestedness. ECF 633.

---

[6] Attorneys at Z&Z have been involved in this case since April 2022 when Stephen Kindseth and Aaron Romney filed appearances as counsel for (a) Hong Kong International Funds Investments (USA) Limited LLC ("HKI") (the purported owner of the Lady May) and (b) Mei Guo (the Debtor's daughter who is the purported owner of HKI). ECF 201, 202, 339, and 340. John Cesaroni of Z&Z has also appeared as counsel for Ms. Guo. ECF 341. On July 14, 2022, four (4) attorneys from the law firm of Zeisler & Zeisler, P.C. ("Z&Z") filed appearances as counsel to the Debtor, namely Eric Henzy, Stephen Kindseth, Aaron Romney, and John Cesaroni. ECF 550, 551, 552, and 553. On July 20, 2022, James Moriarty of Z&Z has also appeared as counsel for the Debtor. ECF 574.

[7] Z&Z's discovery requests were: (a) Z&Z sent a letter to Trustee Despins seeking further information about the connections of PH and Trustee Despins to UBS and affiliates of UB; (b) Z&Z served a subpoena for documents on PH seeking information and documents (i) about the trustee selection process and specifically following up on the Mitchell Letter Objection; (ii) about the identity of PH's clients in China that are "State Owned Entities" or are "CCP Officials," and compensation from same; (iii) about the connections of PH to UBS and affiliates of UBS; (iv) about the PAG entities represented by PH and the compensation received by PH from same; (v) about PH's licenses, certificates or other authorizations permitting PH to operate its offices in Beijing, Hong Kong, and Shanghai; (vi) about PH's revenue from all of its offices in China and Hong Kong; and (vii) about communications between Trustee Despins and/or PH and anyone else about "(a) the Debtor's adverse interests to the Chinese Government or the Chinese Communist Party, or (b) whether those adverse interests impact, one way or another, the issue of whether Despins or Paul Hastings is Disinterested;" and (c) Z&Z issued interrogatories to PAX seeking identification of all matters where PH provided services to "any PAG Entity" since 2017, and the amount of fees paid to PH for those matters.

21.     On August 1, 2022, the Court held a hearing on the Motion to Vacate, the PH Retention Application, the Motion to Withdraw, and other matters. ECF 658, 659, 660, 661, 662, 663, 664 and 665.  By order dated August 2, 2022, the Court denied the Motion to Vacate ("Order Denying Motion to Vacate"). ECF 667.  Also, by orders dated August 2, 2022, the Court approved the Motion to Withdraw and the PH Retention Application. ECF 666 and 668.

22.     On August 9, 2022, the Debtor filed an appeal of the Order Denying Motion to Vacate. ECF 711.  An amended notice of appeal was filed on August 10, 2022. ECF 715. The appeal is limited to challenging the portion of the Order Denying Motion to Vacate that states that "[a]lthough the Debtor did not seek to terminate the appointment of the Chapter 11 Trustee under 11 U.S.C. § 1105 or remove the Chapter 11 Trustee under 11 U.S.C. § 324, no grounds exist to terminate the appointment of Chapter 11 Trustee or remove the Chapter 11 Trustee appointed in the Debtor's case." ECF 715.

23.     The appeal of the Order Denying Motion to Vacate is pending in the United States District Court for the District of Connecticut as *Kwok v. Despins, et al (In re Kwok),* 3:22-cv-1019 (KAD) ("Appeal"). Briefing in the Appeal concluded this week.  No stay pending appeal has been imposed.

### ***Trustee Despins' Investigation and Debtor's Conduct***

24.     Since his appointment, Trustee Despins has actively investigated the Debtor's financial affairs and assets. Trustee Despins' efforts to obtain information and assert control over the Debtor's assets have been opposed, challenged, and criticized by the Debtor at almost every opportunity.  The chapter 11 case docket currently contains over 1200 entries (and is thus not easily summarized) and features numerous examples of the Debtor's lack of cooperation with the investigation and efforts to impede Trustee Despins' access to information and documentation regarding the Debtor's assets and financial affairs.

25.     The Debtor is currently the subject of a pending motion for civil contempt filed by Trustee Despins on October 14, 2022 (ECF 913) for failure to comply with an order of the Court entered on August 10, 2022 (ECF 717) ("Corporate Governance Order").[8]

26.     The Debtor is currently a defendant in an injunction adversary proceeding filed against him by PAX (and joined by Trustee Despins as a plaintiff) seeking an order enjoining the Debtor's from publishing messages, videos, or other communications, on the Internet or otherwise, designed to harass or intimidate PAX, it's personnel and counsel, and Trustee Despins, his family, and his counsel. *See Pacific Alliance Asia Opportunity Fund, L.P. v. Kwok*, Adversary Proceeding 22-5032 ("Injunction Adversary").

27.     In the Injunction Adversary, the Court issued a temporary restraining order on November 23, 2022 ("TRO"). *See* ECF 26 in the Injunction Adversary.[9]

28.      Thereafter, on November 30, 2022, PAX and Trustee Despins filed a motion in the Injunction Adversary to hold the Debtor in civil contempt for having violated the TRO ("TRO Contempt Motion"). *See* ECF 40, 41, 114, and 119 in the Injunction Adversary. The TRO Contempt Motion remains pending.

29.     The Debtor subsequently filed oppositions in the Injunction Adversary to the preliminary injunction and the TRO Contempt Motion through new counsel, Attorneys David Wachen and Jeffrey Hellman. *See* ECF 58, 112 in the Injunction Adversary.

---

[8] The Debtor has appealed Corporate Governance Order (ECF 723) and the appeal is pending in the United States District Court for the District of Connecticut as *Kwok v. Despins, et al (In re Kwok)*, 3:22-cv-1028 (KAD) ("Corporate Governance Order Appeal"). Although the Debtor requested a stay pending appeal (ECF 761) and the Court considered that motion on August 31, 2022, the Court has not imposed a stay and the motion for a stay remains under advisement. ECF 761 and docket entry on August 31, 2022. Briefing in the Corporate Governance Order Appeal concluded this week.

[9] The TRO temporarily enjoined the Debtor from: "(1) posting false and harassing online materials about the Chapter 11 Trustee Luc Despins (the "Trustee"), PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives; (2) publishing online the home addresses and other personal information of the Trustee, PAX's manager PAG's Chairman Shan Weijian, PAX's or PAG's other officers and employees, and their respective relatives (including identifying relatives' employers); and (3) encouraging, inciting, suggesting, or directly or indirectly funding protests at the home or office the Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses)." *Id.* The TRO further "temporarily enjoined from interfering in any way with the integrity of his Chapter 11 case, the Chapter 11 case of Genever Holdings, LLC, and the Chapter 11 case of Genever Holdings Corporation which have been jointly administered in this Court, including taking any act to, and/or directing or encouraging others to take any act that, threatens, or encourages others to threaten the safety of Trustee, PAX's or PAG's officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses)." *Id.* Additionally, the TRO required the Debtor to "remove all existing social media posts that (i) contain personal information about the Trustee, PAX or PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses); and (ii) encourage, incite, or suggest protests, harassment, doxing, or similar conduct toward the Trustee, any PAX of *[sic]* PAG officers or employees, counsel to the Trustee or PAX, and any of their respective relatives (including former spouses)." *Id.*

30.     In December 2022, the Court held a multi-day evidentiary hearing in the Injunction

Adversary on the request for a preliminary injunction. By order dated December 7, 2022, the Court

extended the TRO pending the ruling on the preliminary injunction by order dated December 7,

2022. *See* ECF 80 in the Injunction Adversary. [10]

31.     On January 11, 2023 (and subsequently modified by corrections docketed on January

13, 2023), the Court issued a memorandum of decision ("January PI Decision") and order of

preliminary injunction against the Debtor and third parties ("Preliminary Injunction Order"). *See*

ECF 128, 129, 133 and 134 in the Injunction Adversary.[11]

32.     The January PI Decision contains findings regarding the Debtor's conduct and efforts

to impede Trustee Despins' investigation and ultimately concludes the Debtor has engaged in

conduct that "embarrass[es], burden[s], delay[s] or otherwise impede[s] the reorganization

proceedings." *See* ECF 133 at page 43; *see also, inter alia*, pages 37-39, 41-42.

33.     Against this backdrop, on December 30, 2022, the Debtor filed the Motion to Remove

seeking an order removing Trustee Despins from his role as chapter 11 trustee.

### *Motion to Remove*

34.     The Motion to Remove raises a number of criticisms of the path of the Debtor's case

since Trustee Despins' appointment.  Among other things, the Debtor criticizes Trustee Despins'

efforts to obtain discovery from third parties related to the Debtor, the cost of Trustee Despins'

efforts, and the unwillingness of Trustee Despins to succumb to the Debtor's request to limit and/or

---

[10] On January 5, 2023, the Debtor filed a notice of appeal of the TRO. *See* ECF 123 in Injunction Adversary.

[11] The Preliminary Injunction Order imposes multiple restrictions on the Debtor and others, enjoining (a) protesting, picketing, parading, or displaying or distributing harassing material ("Conduct") subject to certain parameters, and (b) encouraging, inciting, suggesting, or directly or indirectly funding the Conduct via any form of communication including, without limitation, social media.  The Preliminary Injunction Order also directs the Debtor "to take down all existing social media posts on accounts he uses or controls, including, without limitation, the Gettr accounts with the (former) handles @Miles, @MilesGuo, and @MilesGuoLive, that (a) contain the home addresses and other personal information (including, with respect to relatives, relatives' employers) of the Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Chapter 11 Trustee or PAX or its affiliates, and any of their respective relatives (including former spouses); and/or (b) encourage, incite, or suggest any activity enjoined by paragraphs 1 and/or 2 of this Order." Further, the Preliminary Injunction Order enjoins the Debtor "from interfering in any way with the integrity of his Chapter 11 case, the Chapter 11 case of Genever Holdings, LLC, and the Chapter 11 case of Genever Holdings Corporation, which have been jointly administered in this Court, including taking any act to, and/or directing or encouraging others to take any act that, threatens, or encourages others to threaten the safety of Chapter 11 Trustee, PAX's or its affiliates' officers or employees, counsel to the Chapter 11 Trustee or PAX, and any of their respective relatives (including former spouses)." *See* ECF 134 in the Injunction Adversary.

curtail his investigation while a global resolution of the case is negotiated. The primary focus of the Motion to Remove appears to be that Trustee Despins should be removed because he purportedly will not agree to a settlement on terms that the Debtor posits are acceptable to the Debtor and certain creditors. *See* Motion to Remove at pages 8-11.

35.    The Motion to Remove also claims that Trustee Despins violated Connecticut Rule of Professional Conduct 3.4(7) during alleged settlement discussions by purportedly threatening criminal charges in order to obtain advantage in the chapter 11 case, which in turn the Debtor alleges "caused actual injury to the estate" and thus grounds for removal. *See* Motion to Remove at pages 15-17.

## II.    RESPONSE

Section 324 of the Bankruptcy Code governs removal of a trustee. "The court, after notice and a hearing, may remove a trustee, other than the United States trustee, for cause." 11 U.S.C. § 324(a). "Cause, which is not defined by the Code, must be determined by courts on an *ad hoc* basis." *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D. Conn. 1990, Shiff, J.); *Cole v. Rescia (In re Cole)*, 2022 WL 4536830, \*9 (D. Conn. September 22, 2022).   The removal of a trustee is extreme. *In re Lundborg* 110 B.R. 106, 108, (Bankr. D. Conn. 1990) And, since the removal of a trustee is an extreme remedy, cause to remove a trustee cannot be found in actions that fall within the proper scope of a trustee's discretion and which do not represent some type of misconduct. *See In re Consolidated Industries*, 330 B.R. 712, 715 (Bankr. N.D. Ind. 2005) (holding that the trustee's failure to commence litigation was a proper exercise of his business judgment and therefore did not constitute cause for removal).  "It is well established that 'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate." *In re AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008).

8

The Second Circuit has stated that, "[i]n defining "cause" for removal, [w]e have traditionally stressed the elements of fraud and actual injury to the debtor interests." *Dieffenbach v. Haworth (In re Haworth)*, 365 Fed. Appx. 529, 530 (2d. Cir 2009) (*quotations **omitted; citations** omitted*). Cause must be supported by specific facts, and the party seeking removal has the burden to prove them. *In re AFI Holding, Inc.*, 530 F.3d at 845. Trustees are "granted wide authority and discretion regarding his chosen methods of administering the assets of an estate, including his decisions regarding whether assets are worth liquidating and whether litigation is worth pursuing." *In re Carvalho*, 578 B.R. 1, 11 (Bankr. D. D.C. 2017). Removal is not warranted if a trustee's exercise of business judgment was discretionary and reasonable under the circumstances. *Id. (citation omitted).*  In addition, courts should consider whether the administration of the estate would suffer from a change of administration necessitated by removal of the trustee. *See, e.g., In re Freeport Italian Bakery, Inc.*, 340 F.2d 50, 55 (2d Cir. 1965).  Section 324 "is a powerful device, to be deployed only in the most severe of cases*." In re Belmonte*, 524 B.R. 17, 28 (Bankr. E.D.N.Y. 2015). "The party seeking to remove a trustee must make a 'strong showing because the effect of removal is deleterious to the continuity of the administration of the estate.'"  *In re Empire State Conglomerates, Inc*., 546 B.R. 306, 317 (Bankr.S.D.N.Y.2016) (citing *Matter of Carla Leather, Inc*., 44 B.R. 457, 473 (Bankr.S.D.N.Y.1984), aff'd, 50 B.R. 764 (S.D.N.Y.1985)).  Thus, "[r]emoval should be exercised only 'if the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change in administration.'" *In re Concept Packaging Corp*., 7 B.R. 607, 609 (Bankr.S.D.N.Y.1980) (quoting *Freeport Italian Bakery, Inc*., 340 F.2d at 55).

The Debtor has the burden to demonstrate that there is a well-founded basis for the removal of Trustee Despins as the Chapter 11 trustee of Debtor's bankruptcy estate. The Motion to Remove, however, is largely premised on the fact that Trustee Despins will not accept the

Debtor's proposal for settlement, which the Debtor claims is acceptable to certain creditors. In contrast, the January PI Decision finds that Trustee Despins "is not at all opposed to reaching a settlement in this case" and recognizes that Trustee Despins "has fiduciary duties to creditors other than PAX, including those creditors who have not yet filed proofs of claim." *See* ECF 133 at 39. The January PI Decision also observes that Trustee Despins is doing what he was appointed to do[12] – investigate the Debtor's assets and financial affairs – but "has been met with opposition at every step in the process" and that "[a]ny replacement trustee would have to start over again and would likely face opposition from the Debtor immediately upon appointment, as the Chapter 11 Trustee has faced since his appointment." *See* ECF 133 at 38, 42.

Differing opinions and disputes as to how a chapter 11 case should proceed or be resolved are a natural occurrence, but rarely form a basis for a court to remove a trustee. Indeed, the burden to demonstrate that removal is appropriate is a difficult one - and the burden does not appear to have been met by the contents of the Motion to Remove as a challenge to a trustee's business judgment regarding settlement does not meet the high bar necessary to remove a trustee.

As noted above, trustees are granted wide authority and latitude to exercise their business judgment and discretion when administering an estate including, but not limited to, with respect to evaluating the terms of a potential settlement and taking discovery to conduct an investigation into the debtor's affairs. Furthermore, the burden to demonstrate that removal is warranted is difficult. Here, the allegations raised in the Motion to Remove fall woefully short of that high burden. Accordingly, the Motion to Remove should be denied.

---

[12] The Motion to Remove criticizes Trustee Despins for his unwillingness to "stand down" on his investigation and focus on settlement. The January PI Decision observes that investigation is exactly what Trustee Despins is supposed to be doing: "Although the Debtor's bankruptcy counsel testified that he repeatedly asked the Chapter 11 Trustee to 'stand down,' the Court appointed the Chapter 11 Trustee precisely to fulfill those fiduciary duties." ECF 133 at 39.

Dated: January 13, 2023
    New Haven, CT

Respectfully submitted,
WILLIAM K. HARRINGTON
United States Trustee for Region 2

By:    /s/ Holley L. Claiborn
        Holley L. Claiborn
        Trial Attorney
        Office of the United States Trustee
        Giaimo Federal Building, Room 302
        150 Court Street
        New Haven, CT 06510
        Holley.L.Claiborn@usdoj.gov
        (203) 773-2210
        Federal Bar No.: ct17216 (Connecticut)

## <u>CERTIFICATE OF SERVICE</u>

This certifies that a copy of the foregoing was served on all parties listed below on January 13, 2023 via the Electronic Case Filing System maintained by this Court as noted below:

**Laura Aronsson on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
laronsson@omm.com

**Laura Aronsson on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
laronsson@omm.com

**Tristan G. Axelrod on behalf of Creditor Brown Rudnick LLP**
taxelrod@brownrudnick.com

**Tristan G. Axelrod on behalf of Creditor Verdolino & Lowey, P.C.**
taxelrod@brownrudnick.com

**William R. Baldiga on behalf of Creditor Brown Rudnick LLP**
wbaldiga@brownrudnick.com

**William R. Baldiga on behalf of Defendant Kwok Ho Wan**
wbaldiga@brownrudnick.com

**Kellianne Baranowsky on behalf of Interested Party BakerHostetler**
kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com;kbaranowsky@ecf.courtdrive.com

**Douglass E. Barron on behalf of Chapter 11 Trustee Luc A. Despins**
douglassbarron@paulhastings.com

**Nicholas A. Bassett on behalf of Chapter 11 Trustee Luc A. Despins**
nicholasbassett@paulhastings.com,
jonathonkosciewicz@paulhastings.com;lucdespins@paulhastings.com;alexbongartz@paulhastings.com
;ezrasutton@paulhastings.com;douglassbarron@paulhastings.com;ecf.frg@paulhastings.com;aviluft@
paulhastings.com

**Patrick M. Birney on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
pbirney@rc.com, ctrivigno@rc.com

**Patrick M. Birney on behalf of Creditor Pacific Alliance Asia Opportunity Fund L.P.**
pbirney@rc.com, ctrivigno@rc.com

**Patrick M. Birney on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
pbirney@rc.com, ctrivigno@rc.com

**Christopher H. Blau on behalf of Interested Party HK International Funds Investments (USA) Limited, LLC**
cblau@zeislaw.com

**G. Alexander Bongartz on behalf of Chapter 11 Trustee Luc A. Despins**
alexbongartz@paulhastings.com

**Carollynn H.G. Callari on behalf of 20 Largest Creditor Rui Ma**
ccallari@callaripartners.com

**Carollynn H.G. Callari on behalf of 20 Largest Creditor Weican Meng**
ccallari@callaripartners.com

**Carollynn H.G. Callari on behalf of Creditor Zheng Wu**
ccallari@callaripartners.com

**Daniel Cantor on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
dcantor@omm.com

**John L. Cesaroni on behalf of Counter-Defendant HK International Funds Investments (USA) Limited, LLC**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Counter-Defendant Mei Guo**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Debtor Ho Wan Kwok**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Defendant Ho Wan Kwok**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Defendant Ho Wan Kwok**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Interested Party HK International Funds Investments (USA) Limited, LLC**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Interested Party Mei Guo**
jcesaroni@zeislaw.com

**John L. Cesaroni on behalf of Plaintiff HK International Funds Investments (USA) Limited, LLC**
jcesaroni@zeislaw.com

**Scott M. Charmoy on behalf of Interested Party HCHK Property Management, Inc.**
scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com;charmoysr97992@notify.bestcase.com

**Scott M. Charmoy on behalf of Interested Party HCHK Technologies, Inc.**
scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com;charmoysr97992@notify.bestcase.com

**Scott M. Charmoy on behalf of Interested Party Lexington Property and Staffing, Inc.**
scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com;charmoysr97992@notify.bestcase.com

**Holley L. Claiborn on behalf of U.S. Trustee U. S. Trustee**
holley.l.claiborn@usdoj.gov

**Samuel Bryant Davidoff on behalf of Interested Party Williams & Connolly LLP**
sdavidoff@wc.com

**Luc A. Despins**
lucdespins@paulhastings.com, matlaskowski@paulhastings.com;davidmohamed@paulhastings.com

**Luc A. Despins on behalf of Chapter 11 Trustee Luc A. Despins**
lucdespins@paulhastings.com, matlaskowski@paulhastings.com;davidmohamed@paulhastings.com

**David S. Forsh on behalf of 20 Largest Creditor Rui Ma**
dforsh@callaripartners.com

**David S. Forsh on behalf of 20 Largest Creditor Weican Meng**
dforsh@callaripartners.com

**David S. Forsh on behalf of Creditor Zheng Wu**
dforsh@callaripartners.com

**Peter Friedman on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
pfriedman@omm.com

**Peter Friedman on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
pfriedman@omm.com

**Taruna Garg on behalf of Creditor The Sherry-Netherland, Inc.**
tgarg@murthalaw.com, mgarcia@murthalaw.com

**Irve J. Goldman on behalf of Creditor Committee Official Committee of Unsecured Creditors**
igoldman@pullcom.com, rmccoy@pullcom.com

**Irve J. Goldman on behalf of Creditor Committee Pullman & Comley, LLC**
igoldman@pullcom.com, rmccoy@pullcom.com

**Evan S. Goldstein on behalf of Interested Party Greenwich Land, LLC**
egoldstein@uks.com

**Evan S. Goldstein on behalf of Interested Party Hing Chi Ngok**
egoldstein@uks.com

**Mia N. Gonzalez on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
mgonzalez@omm.com

**Mia N. Gonzalez on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
mgonzalez@omm.com

**James C. Graham on behalf of Chapter 11 Trustee Luc A. Despins**
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**James C. Graham on behalf of Defendant Luc A. Despins**
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**James C. Graham on behalf of Trustee Luc A. Despins**
jgraham@npmlaw.com, sgibbons@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Lawrence S. Grossman on behalf of Interested Party BakerHostetler**
LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com;ngolino@gs-lawfirm.com;lawrencegrossman@ecf.courtdrive.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com

**David V. Harbach, II on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
dharbach@omm.com

**David V. Harbach, II on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
dharbach@omm.com

**James J. Healy on behalf of Interested Party Williams & Connolly LLP**
jhealy@cmdhlaw.com

**Jeffrey Hellman on behalf of Defendant Ho Wan Kwok**
jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com

**Eric A. Henzy on behalf of Debtor Ho Wan Kwok**
ehenzy@zeislaw.com, cjervey@zeislaw.com

**Eric A. Henzy on behalf of Defendant Ho Wan Kwok**
ehenzy@zeislaw.com, cjervey@zeislaw.com

**Eric A. Henzy on behalf of Defendant Ho Wan Kwok**
ehenzy@zeislaw.com, cjervey@zeislaw.com

**Eric A. Henzy on behalf of Interested Party HK International Funds Investments (USA) Limited, LLC**
ehenzy@zeislaw.com, cjervey@zeislaw.com

**Jonathan Kaplan on behalf of Creditor Committee Official Committee of Unsecured Creditors**
jkaplan@pullcom.com, prulewicz@pullcom.com;rmccoy@pullcom.com

**Stephen M. Kindseth on behalf of Debtor Ho Wan Kwok**
skindseth@zeislaw.com, cjervey@zeislaw.com

**Stephen M. Kindseth on behalf of Interested Party HK International Funds Investments (USA) Limited, LLC**
skindseth@zeislaw.com, cjervey@zeislaw.com

**Stephen M. Kindseth on behalf of Interested Party Mei Guo**
skindseth@zeislaw.com, cjervey@zeislaw.com

**Nancy Bohan Kinsella on behalf of Plaintiff-Intervenor Luc A. Despins**
nkinsella@npmlaw.com, moshea@npmlaw.com;smowery@npmlaw.com;npm.bankruptcy@gmail.com

**Francis J. Lawall on behalf of Defendant Bravo Luck Limited**
, susan.henry@troutman.com;marcy.smith@troutman.com

**Francis J. Lawall on behalf of Interested Party Bravo Luck Limited**
francis.lawallf@troutman.com, susan.henry@troutman.com;marcy.smith@troutman.com

**Andrew V. Layden on behalf of Interested Party BakerHostetler**
alayden@bakerlaw.com

**Patrick R. Linsey on behalf of Chapter 11 Trustee Luc A. Despins**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Patrick R. Linsey on behalf of Counter-Claimant Luc A. Despins**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Patrick R. Linsey on behalf of Debtor Genever Holdings Corporation**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Patrick R. Linsey on behalf of Defendant Luc A. Despins**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Patrick R. Linsey on behalf of Plaintiff Luc A. Despins**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Patrick R. Linsey on behalf of Plaintiff-Intervenor Luc A. Despins**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Patrick R. Linsey on behalf of Trustee Luc A. Despins**
plinsey@npmlaw.com, karguello@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Avram Emmanuel Luft on behalf of Chapter 11 Trustee Luc A. Despins**
aviluft@paulhastings.com

**Kristin B. Mayhew on behalf of 20 Largest Creditor Rui Ma**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of 20 Largest Creditor Weican Meng**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Creditor Committee Official Committee of Unsecured Creditors**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Creditor Zheng Wu**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Plaintiff Boxun Inc.**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Plaintiff Rui Ma**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Plaintiff Weican (Watson) Meng**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Plaintiff Yang Lan**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Kristin B. Mayhew on behalf of Plaintiff Zheng Wu**
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

**Danielle L. Merola on behalf of Interested Party BakerHostetler**
dmerola@bakerlaw.com

**Sherry J. Millman on behalf of Creditor The Sherry-Netherland, Inc.**
smillman@stroock.com

**Aaron A Mitchell on behalf of Debtor Ho Wan Kwok**
aaron@lmesq.com

**Aaron A Mitchell on behalf of Defendant Ho Wan Kwok**
aaron@lmesq.com

**James M. Moriarty on behalf of Counter-Defendant HK International Funds Investments (USA) Limited, LLC**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Counter-Defendant Mei Guo**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Debtor Ho Wan Kwok**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Defendant Ho Wan Kwok**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Defendant Ho Wan Kwok**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Interested Party HK International Funds Investments (USA) Limited, LLC**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Interested Party Mei Guo**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**James M. Moriarty on behalf of Plaintiff HK International Funds Investments (USA) Limited, LLC**
jmoriarty@zeislaw.com, cgregory@zeislaw.com

**Sara Pahlavan on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
spahlavan@omm.com

**Patrick N. Petrocelli on behalf of Creditor The Sherry-Netherland, Inc.**
ppetrocelli@stroock.com

**Lucas Bennett Rocklin on behalf of Chapter 11 Trustee Luc A. Despins**
lrocklin@npmlaw.com, NeubertPepeMonteithPC@jubileebk.net

**Aaron Romney on behalf of Counter-Defendant HK International Funds Investments (USA) Limited, LLC**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Counter-Defendant Mei Guo**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Debtor Ho Wan Kwok**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Defendant Ho Wan Kwok**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Defendant Ho Wan Kwok**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Interested Party HK International Funds Investments (USA) Limited, LLC**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Interested Party Mei Guo**
aromney@zeislaw.com, swenthen@zeislaw.com

**Aaron Romney on behalf of Plaintiff HK International Funds Investments (USA) Limited, LLC**
aromney@zeislaw.com, swenthen@zeislaw.com

**Scott D. Rosen on behalf of Attorney Cohn Birnbaum & Shea, P.C.**
srosen@cb-shea.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

**Thomas J. Sansone on behalf of Attorney Michael S. Weinstein**
tsansone@carmodylaw.com

**Thomas J. Sansone on behalf of Creditor Chong Shen Raphanella**
tsansone@carmodylaw.com

**Thomas J. Sansone on behalf of Creditor Rong Zhang**
tsansone@carmodylaw.com

**Thomas J. Sansone on behalf of Creditor Xiaodan Wang**
tsansone@carmodylaw.com

**Thomas J. Sansone on behalf of Plaintiff Chong Shen Raphanella**
tsansone@carmodylaw.com

**Thomas J. Sansone on behalf of Plaintiff Rong Zhang**
tsansone@carmodylaw.com

**Thomas J. Sansone on behalf of Plaintiff Xiaodan Wang**
tsansone@carmodylaw.com

**Stuart M. Sarnoff on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

**Stuart M. Sarnoff on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com

**David M.S. Shaiken on behalf of Defendant Bravo Luck Limited**
david@shipmanlawct.com

**David M.S. Shaiken on behalf of Interested Party Bravo Luck Limited**
david@shipmanlawct.com

**Douglas S. Skalka on behalf of Chapter 11 Trustee Luc A. Despins**
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Douglas S. Skalka on behalf of Counter-Claimant Luc A. Despins**
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Douglas S. Skalka on behalf of Debtor Genever Holdings Corporation**
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Douglas S. Skalka on behalf of Debtor Genever Holdings LLC**
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Douglas S. Skalka on behalf of Defendant Luc A. Despins**
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Douglas S. Skalka on behalf of Plaintiff-Intervenor Luc A. Despins**
dskalka@npmlaw.com, smowery@npmlaw.com;NeubertPepeMonteithPC@jubileebk.net

**Jeffrey M. Sklarz on behalf of Interested Party BakerHostetler**
jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com;jsklarz@ecf.courtdrive.com

**Annecca H. Smith on behalf of 20 Largest Creditor Pacific Alliance Asia Opportunity Fund L.P.**
asmith@rc.com

**Annecca H. Smith on behalf of Plaintiff Pacific Alliance Asia Opportunity Fund L.P.**
asmith@rc.com

**John Troy on behalf of Interested Party Troy Law, PLLC**
johntroy@troypllc.com

**Tiffany Troy on behalf of Creditor Troy Law, PLLC**
troylegalpllc@gmail.com, troylaw@troypllc.com

**Stephen G. Walko on behalf of Interested Party Ivey, Barnum & O'Mara LLC**
swalko@ibolaw.com

**Michael S. Weinstein on behalf of Creditor Chong Shen Raphanella**
mweinstein@golenbock.com

**Michael S. Weinstein on behalf of Creditor Rong Zhang**
mweinstein@golenbock.com

**Michael S. Weinstein on behalf of Creditor Xiaodan Wang**
mweinstein@golenbock.com

**Jay Marshall Wolman on behalf of Creditor Logan Cheng**
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

**Jay Marshall Wolman on behalf of Plaintiff Logan Cheng**
jmw@randazza.com, ecf-6898@ecf.pacerpro.com

**Peter J. Zarella on behalf of 20 Largest Creditor Rui Ma**
pzarella@mdmc-law.com

**Peter J. Zarella on behalf of 20 Largest Creditor Weican Meng**
pzarella@mdmc-law.com

**Peter J. Zarella on behalf of Creditor Zheng Wu**
pzarella@mdmc-law.com

/s/ Holley L. Claiborn
Holley L. Claiborn