**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK *et al.*,[1]<br><br>                     Debtors. | Chapter 11 Case No.<br><br>22-50073 (JAM)<br><br>Re: ECF No. 1274 |
| HO WAN KWOK,<br><br>                     Movant,<br>v.<br><br>LUC A. DESPINS, CHAPTER 11 TRUSTEE<br><br>                     Respondent. | |

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.'S OBJECTION TO DEBTOR'S MOTION FOR ORDER REMOVING TRUSTEE**

Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), by and through its undersigned counsel, opposes the Debtor's *Motion for Order Removing Trustee* [ECF No. 1274] (the "Motion" or "Mot."):

**INTRODUCTION**[2]

This Motion is Kwok's latest attempt to divert this chapter 11 proceeding from its fundamental purpose: maximizing recoveries for his creditors, of which PAX is by far the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) ("Kwok" or the "Individual Debtor"), Genever Holdings Corporation ("Genever BVI"), and Genever Holdings LLC (last four digits of tax identification number: 8202) ("Genever US"). The mailing address for the Trustee, Genever BVI, and Genever US is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Unless otherwise stated all citations and quotations are omitted, and all emphasis is added. All defined terms have the same meaning as in the Motion.

largest. Legally, Kwok has not met the extremely high standard under the Bankruptcy Code for removing a trustee. And practically, a new trustee would not solve Kwok's real gripe—that the investigation of his assets and vast web of companies and associates must continue because he has not yet achieved a fully documented, fully consensual resolution of these cases. To the contrary, installing a new trustee would inevitably further delay the resolution of these cases and impose higher costs. PAX has been pursuing repayment from Kwok for over a decade, and cannot support any further delay. Rather than continuing to attack the Trustee and undermine the integrity of this proceeding, both through this motion and his ongoing unlawful harassment campaign—which this Court has now enjoined—Kwok should focus his efforts on resolving this case by working with the Trustee and creditors to benefit the estate.

Accordingly, PAX respectfully requests that the Court deny the Debtor's *Motion for Order Removing Trustee*.

## BACKGROUND

1. On July 7, 2022, the Court approved Luc Despins's appointment as the chapter 11 Trustee.[3] Eight days later, Kwok moved to vacate that order, arguing that Mr. Despins was not disinterested.[4]

2. On August 1, 2022, the Court denied Kwok's motion.[5]

3. During the Summer and early Fall of 2022, PAX's counsel and Kwok's counsel engaged in settlement negotiations.[6] Settlement discussions started with the Creditors'

---

[3] *Order Granting Appointment of Chapter 11 Trustee* [ECF No. 523].
[4] *The Debtor's Motion for Relief from Order Appointing Luc A. Despins as Chapter 11 Trustee* [ECF No. 561].
[5] *Aug. 1, 2022 Hearing Transcript* [ECF No. 714] at 62:10–25.
[6] *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 133] (the "1/13/23 PI Decision") ¶ 30.

Committee in September 2022 and continued through October 2022.[7] By September 26, 2022, Kwok and PAX agreed on a workable structure for a potential settlement, which the parties outlined in writing. But contrary to Kwok's assertion, any potential settlement between Kwok and PAX was not "very, very close" to being final. Mot. ¶ 17. Rather, there were still material details that needed to be worked out and agreed upon, including Kwok's responsibility to get the Trustee on board.[8]

4.  On October 21, 2022, Kwok instructed his "fellow fighters," "friends of the New Federal State of China," and his personal supporters to stop spreading the personal information of PAG's executives and their families and counsel as a necessary condition for a reconciliation with PAX.[9]

5.  While PAX and Kwok were negotiating a settlement structure, the Trustee sought discovery to identify potential estate assets and governance rights to control estate assets. In October 2022, the Trustee engaged in related motion practice to compel discovery[10] and moved to hold Kwok in contempt for violating the Court's August 10, 2022 Corporate Governance Order (the "Contempt Motion").[11] Notwithstanding the ongoing settlement discussions continuing into mid-November, the Trustee made clear to counsel for both Kwok and PAX that

---

[7] *Id.*

[8] PAX takes no position as to whether, in this context, Federal Rule of Evidence 408 bars the disclosure of the settlement terms discussed between it and Kwok. Nevertheless, Kwok's choice ***not*** to disclose those specific terms in the Motion demonstrates their irrelevance to the question at hand—*i.e.*, whether there is cause to remove the Trustee. At the hearing on the motion for a preliminary injunction, the Court expressed its view that "talking about who's keep[ing] what and getting this and getting that" in a settlement is "not relevant, and it's not admissible." Dec. 12, 2022 Hr'g Tr., Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 111] ("12/12/22 Tr.") at 864:14–16. The same is true here; there is no need to disclose any of the terms that PAX and Kwok discussed.

[9] 1/13/23 PI Decision ¶ 31.

[10] *See, e.g.*, *Motion of Chapter 11 Trustee for Entry of Order Compelling Individual Debtor, Mei Guo, HK International Funds Investments (USA) Limited, LLC, Hing Chi Ngok, Greenwich Land LLC, Lamp Capital LLC, and Golden Spring (New York) Ltd. to Comply with Rule 2004 Subpoenas* [ECF No. 1046].

[11] *See Motion of Chapter 11 Trustee for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order* [ECF No. 913].

3

he intended to continue pursuing discovery, as well as the Contempt Motion, against Kwok. The Trustee similarly indicated to counsel for Kwok and PAX that, given there was no bar date and there were as yet potentially sizable unasserted claims, he was not in a position to support the proposed settlement construct.

6.     On November 15, 2022, the NFSC Gettr account posted a call to protest from Kwok-related Himalaya Global Alliance, directing supporters to begin demonstrations outside the offices of Paul Hastings LLP and O'Melveny & Myers LLP, as well as addresses associated with the Trustee and his family and PAG's Chairman and members of his family.[12]

7.     The same day, Kwok posted on his @Miles Gettr account that "Our reconciliation with PAG[] has become impossible for sure. In this case, no matter what the circumstances are, the opposite side is trying to do everything it can to make you in contempt of court."

8.     On November 17, 2022, the Trustee and his counsel met with Kwok, his counsel, and his translator (the "November 17 Meeting"). Mot. ¶ 19. At that meeting, the Trustee confirmed that he did not support the proposed settlement construct between Kwok, PAX, and the Creditors' Committee, and instead proposed a settlement in the form of a $250 million payment to the estate.[13] To date, the claims against the estate exceed $400 million; and PAX's claims alone are more than $250 million.

9.     On or about November 20, 2022, Kwok's followers—at his instigation and direction[14]—started their improper on-site harassment campaign at the Trustee's office and

---

[12] 1/13/23 PI Decision ¶ 34.
[13] Id. at ¶ 37.
[14] Id. at ¶¶ 41, 45, 49–50, 53–54, 57–58, 63, 65, 72–77.

home, his family's homes, PAG-related homes, and PAX's counsel's offices and homes.[15] That improper conduct has continued unabated for nearly two months.[16]

10. In an attempt to stop the harassment and prevent irreparable harm to the integrity of these chapter 11 cases, on November 22, 2022, PAX initiated an adversary proceeding against Kwok and sought a Temporary Restraining Order and Preliminary Injunction.[17]

11. The Trustee moved to intervene in the adversary proceeding on November 22, 2022,[18] and the Court granted that motion the next day.[19]

12. On November 23, 2022, following a hearing and argument, the Court issued a temporary restraining order, which, among other things, enjoined Kwok and all persons in active concert or participation with him from (i) further engaging in any harassment of the Trustee, the Trustee's family, PAX officers and employees, counsel to the Trustee and PAX, and any of their respective relatives; and (ii) interfering in any way with the integrity of this and/or the Genever bankruptcy, including by threatening (or encouraging the threatening of) the above-listed individuals.[20]

13. The Court held a four-day evidentiary hearing on December 5, 6, 7, and 12, 2022, on PAX's motion for a preliminary injunction. During the hearing, several witnesses testified regarding the November 17 Meeting.

---

[15] *Id.* at ¶¶ 41–71.
[16] *Id.*
[17] See *Pacific Alliance v. Kwok*, Adv. Pro. No. 22-05032 [Adv. Pro. ECF Nos. 1–6].
[18] See *Trustee's Motion (a) to Intervene in Adversary Proceeding and (b) for Joinder to PAX's Motion for Order (i) Preliminarily Enjoining Debtor From Publishing Personal Information about Certain Parties and Their Relatives Online, (ii) Directing Debtor to Remove Any Such Existing Posts, (iii) Granting Temporary Restraining Order in Event That Court Orders Hearing on this Motion; and (iv) Referring Debtor's Conduct To US Attorney's Office for District of Connecticut*, Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 9].
[19] See *Order Granting the Motion to Intervene,* Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 25].
[20] *Order Granting Application for Temporary Restraining Order,* Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 26].

14.     On January 11, 2023, the Court issued its decision and order on PAX's preliminary injunction motion, enjoining Kwok's and his followers' unlawful and harassing behavior.[21]

## ARGUMENT

### A. Kwok cannot establish "cause" to remove Trustee.

15.     Bankruptcy Code section 324(a) provides that a trustee can be removed for "cause." 11 U.S.C. § 324(a). It is well-established that "cause" is a high standard and "requires a strong showing." *In re Regan*, No. 18-31694, 2021 WL 4844325, at *5 (Bankr. N.D.N.Y. Oct. 14, 2021) (denying motion to remove trustee where debtor failed to meet "high bar" for showing cause); *see also In re Ampal-Am. Israel Corp.*, 554 B.R. 604, 625 (S.D.N.Y. 2016) (discussing "high standards imposed for removal of a properly elected trustee"), *aff'd*, 691 F. App'x 12 (2d Cir. 2017). As Kwok's motion acknowledges, "remov[ing] a trustee for cause generally requires a showing of fraud or actual injury to the bankruptcy estate." *See* Mot. ¶ 27 (citing cases). "A trustee should not be removed for mistakes in judgment where that judgment was discretionary and reasonable under the circumstances, and courts should consider the best interests of the estate . . . ." *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D. Conn. 1990). Indeed, "even if the trustee acted improperly, absent fraud or actual injury . . . there [is] no cause for removal." *In re Regan*, 2021 WL 4844325, at *2. In citing these cases, PAX does not mean to suggest that any such Trustee misconduct was present here.

16.     Kwok has not—and cannot—come close to meeting his burden to establish cause. Indeed, Kwok offers only two supposed grounds for removing the Trustee: (i) "misconduct"

---

[21] *See generally* 1/13/23 PI Decision; *Corrected Order Granting in Part Motion for Preliminary Injunction*, Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 134].

during the November 17 Meeting, and (ii) obstruction of a global resolution of this case. *See* Mot. ¶¶ 33–43. Each is unavailing.

### i. The Trustee's alleged "misconduct" is not grounds for removal.

17. Kwok asserts that the Trustee engaged in misconduct during the November 17 Meeting as part of a strategy "to entrap the Debtor in a contempt, perjury, or some other some other crime." *Id.* at ¶ 7. PAX defers to the Trustee for a discussion of what actually occurred during the November 17 Meeting. But Kwok's displeasure with the Trustee's supposed litigation strategy does not meet the legal standard for a trustee's removal. And it is ironic that Kwok purports to be worried about being entrapped into committing contempt, *see id.* at ¶¶ 7–11, given that he admits that it was the $134 million contempt judgment in New York state court that "forc[ed him] into bankruptcy."[22] But even if it were true that the Trustee was hoping to "entrap" Kwok, the simplest way for Kwok to defeat that strategy is to avoid committing "contempt, perjury, or some other crime." *Id.* at ¶ 36.

18. Kwok points to the Contempt Motion as a "primary example of the Trustee's strategy" to entrap Kwok. *Id.* at ¶ 37. If the Contempt Motion is unfounded, or the relief sought too broad, then the Court will rule accordingly. But Kwok offers no cogent theory for why simply making such a motion necessitates—or even supports—removing the Trustee from his position.

### ii. The Trustee has not obstructed a settlement.

19. Kwok's assertion that the Trustee's removal would be in the estate's best interest because the Trustee has obstructed a global settlement is premised on Kwok's mischaracterization of his negotiations with PAX as "very near final." *Id.* at 2. As explained

---

[22] *Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* [ECF No. 107] ¶ 24.

above, although PAX and Kwok had agreed on a structure for a potential settlement—*i.e.*, a framework for a how a settlement could be achieved—there were important and complex details that needed to be negotiated and agreed upon, and Kwok separately had to persuade the Trustee to support it. *See supra* ¶ 3. To be sure, while PAX was—and under the right circumstances remains—hopeful that a global settlement can be reached, there was no "agreement in principle on all material terms" (Mot. ¶ 14) and a settlement could not fairly be described at that juncture as "very near final." *Id.* at 2. Thus, the Trustee's alleged "obstruction" of that inchoate settlement cannot constitute grounds for removal.

20.     The fact is that if anyone has obstructed a settlement, it is Kwok. Two days before the November 17 Meeting, Kwok-related entities issued a call to protest at the Trustee's offices, PAX's counsel's offices, and the Trustee's and his family's residences, and the residences of PAG's Chairman and his relatives.[23] The same day, Kwok took to social media to complain that "reconciliation with PAG[] ha[d] become impossible" and that his adversaries were doing "everything" they could "to make [him] in contempt of court." Indeed, Debtor's counsel testified that, as a backdrop to the November 17 Meeting, "things were fairly heated," blaming the increased temperature on, among other things, "[a] social media campaign that was going on, that was causing great agita among a number of participants in this whole process."[24] But Kwok was the only party who participated in and directed any activity on social media related to this bankruptcy.[25] In other words, the agita-inducing, settlement-impacting social media campaign was Kwok's and Kwok's alone.

---

[23] 1/13/23 PI Decision ¶ 34.
[24] 12/12/22 Tr. at 846:2–3, 874:8–10. *See also* 1/13/23 PI Decision ¶ 35.
[25] 12/12/22 Tr. at 875:7–876:8.

### B. Removal of Trustee Despins is not in the best interests of the estate.

21. As noted above, when deciding a motion under section 324, courts must consider the "best interests of the estate." *In re Lundborg*, 110 B.R. 106, 108 (Bankr. D. Conn. 1990). PAX, the creditor with the largest claim by far and the creditor that has been waiting many years for Kwok to repay his debts, believes that the estate's interests would be *disserved* by removing the Trustee and undertaking the time- and money-consuming process of appointing a new one. Rather than steer this bankruptcy farther off course, the best path forward is for the Trustee and his counsel to continue to identify expeditiously assets for the estate and, as soon as possible, propose a confirmable plan.

22. Moreover, removing the Trustee and appointing a new one would not be in the best interests of the estate because, having effectively been rewarded for his misbehavior, Kwok will only resort to his usual tactics if and when a new trustee inevitably does not act in what Kwok subjectively perceives to be his favor. Kwok's suggestion that there is a problem with this Trustee, and that he would welcome any other trustee (*see* Mot. at 3), is highly suspect and belied by his past conduct. Kwok has long disparaged and accused those with whom he disagrees, including his creditors[26] and even his former legal counsel, of being Chinese Communist Party agents. As the Court acknowledged, if Mr. Despins were no longer the Trustee any new trustee would "have to start over again" and would also "likely face opposition from [Kwok] immediately upon appointment, as [Mr. Despins] has faced since his appointment."[27]

---

[26] *Exhibit 1 to Declaration of Peter Friedman in Support of Pacific Alliance Asia Opportunity Fund L.P.'s Motion for an Order (I) Preliminarily Enjoining the Debtor from Publishing Personal Information about Certain Parties and their Relatives Online, (II) Directing the Debtor to Remove Any Such Existing Posts, (III) Granting a Temporary Restraining Order in the Event that the Court Orders a Hearing on this Motion, and (IV) Referring the Debtor's Conduct to the US Attorney for the District of Connecticut*, Adv. Pro. No. 22-05032 [Adv. Pro. ECF No. 6-1] (transcript of December 12, 2020 YouTube video, in which Kwok accuses PAX of conspiring with the CCP).

[27] 1/13/23 PI Decision at 42.

## **CONCLUSION**

23. For the foregoing reasons, PAX respectfully asks that the Court deny Debtor's Motion for Order Removing Trustee.

Dated: January 13, 2023
Hartford, Connecticut

Respectfully submitted,

By: */s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Annecca H. Smith (CT No. 31148)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
         asmith@rc.com

-and-

Peter Friedman (admitted *pro hac vice*)
Stuart M. Sarnoff (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
         ssarnoff@omm.com

*Attorneys for Pacific Alliance Asia Opportunity Fund L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, a copy of the foregoing was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties receiving notice by operation of the court's electronic filing system. Parties in interest may access this filing through the Court's CM/ECF System.

/s/ *Patrick M. Birney*
Patrick M. Birney

26344631-v1