**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                             :    Chapter 11
:
HO WAN KWOK, *et al.*,                              :    Case No. 22-50073 (JAM)
:
Debtors.[1]                                    :    Jointly Administered
:
---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S
MOTION FOR ENTRY OF ORDER SEALING EXHIBIT A TO OBJECTION TO
DEBTOR'S MOTION FOR ORDER REMOVING TRUSTEE AND RELATED RELIEF**

Luc A. Despins, as the Chapter 11 Trustee (the "Trustee") appointed in debtor Ho Wan Kwok's (the "Debtor") chapter 11 case (the "Chapter 11 Case"), by and through his undersigned counsel, pursuant to District of Connecticut Local Rule of Civil Procedure (the "Local Civil Rules") 5(e), District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") 7007-2 and 9077-1, and the Protective Order entered October 6, 2022 [ECF No. 923] (the "Protective Order") in the Chapter 11 Case, hereby moves (the "Motion to Seal") for entry of the proposed order filed herewith preserving the confidentiality and the safety of a crucial witness by permitting the sealed filing of Exhibit A (the "Confidential Exhibit") to the Trustee's Objection [ECF No. 1326] (the "Removal Objection") to the Debtor's *Motion for Order Removing Trustee* [Docket No. 1274] (the "Removal Motion") and restricting disclosure of this document and

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and Genever Holdings Corporation ("Genever BVI"). The mailing address for the Trustee and Genever BVI is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

information contained therein, including the witness's identity, to certain counsel for the Debtor. In support of his Motion to Seal, the Trustee states as follows:

## RELEVANT FACTS

1. The Debtor filed his Removal Motion on December 30, 2022.

2. On January 13, 2023, the Trustee filed his Removal Objection on the public docket, except for the Confidential Exhibit, which the Trustee has filed under seal pursuant to this Motion to Seal [ECF No. 1327].

3. The Confidential Exhibit is a declaration obtained by the Trustee during his investigation from a witness who has knowledge and information supporting the Trustee's counterclaims in the HK International Funds Investments (USA) Limited, LLC adversary proceeding [Adv. Proc. No. 22-05003] (the "HK Adversary Proceeding").

4. The Confidential Exhibit is also highly relevant to the Trustee's Removal Objection, inasmuch as it constitutes one of the prime fruits of the Trustee's ongoing investigation of the Debtor's financial affairs and reflects progress in the Trustee's efforts to recover assets that properly belong to the chapter 11 estate.

5. The declarant who swore to the Confidential Exhibit has expressed concern for the declarant's personal safety in the event that the contents of the Confidential Exhibit and/or the declarant's identity is disclosed to the Debtor, his relatives, his associates, or his counsel and advisors other than those described herein.[2]

6. The Trustee shares the declarant's concerns in light of, among other things, the Debtor's conduct in this case toward the Trustee and his professionals and the Court's recent finding that the Debtor's pattern of harassing and intimidating conduct "is having a chilling effect

---

[2] This Motion to Stay employs gender-neutral pronouns to preserve the declarant's confidentiality and thus their safety.

on potential witnesses and creditors in these cases." (Memorandum of Decision Granting in Part Motion for Preliminary Injunction [Adv. Proc. No. 22-05032 (the "Injunction Proceeding") ECF No. 128] (Jan. 11, 2023) (the "Injunction Decision").)

7. The Protective Order provides for documents and information to designated as "Highly Confidential Material," including where their disclosure may threaten personal safety. (Protective Order at ¶ 5(b).) Under the Protective Order, even parties who are entitled to obtain Highly Confidential Material may not review it themselves; rather access is restricted to their counsel (*i.e.*, the "AEO Provision"). (Protective Order at ¶ 10(a).)

8. Earlier today, counsel for the Trustee conferred with counsel for the Debtor at Zeisler and Zeisler, P.C. ("Z&Z") and Chiesa Shahinian & Giantomasi PC ("CSG"), *i.e.*, the Debtor's counsel with respect to the Removal Motion and the HK Adversary Proceeding, and requested consent that the Confidential Exhibit be shared solely with counsel for the Debtor at Z&Z and CSG and withheld from further disclosure, including to the Debtor's other professionals, *e.g.*, Aaron Mitchell ("Attorney Mitchell") and Melissa B. Francis ("Attorney Francis").

9. Attorney Mitchell and Attorney Francis have served as close advisors to the Debtor on a variety of matters, including matters unrelated to this Chapter 11 Case, and for time periods that began well before the commencement of this case. By contrast, it is the Trustee's understanding that Z&Z and CSG are serving as outside counsel to the Debtor only in connection with this case. Thus, the need for Z&Z and CSG to have access to Confidential Exhibit differs from that of any other counsel, including Attorney Mitchell and Attorney Francis.

10. Counsel for the Trustee conferred with Z&Z and CSG prior to filing this motion; however, they have not yet provided a response with their positions.

## THE COURT SHOULD SEAL THE CONFIDENTIAL EXHIBIT AND LIMIT ITS DISCLOSURE TO COUNSEL FOR THE DEBTOR AT Z&Z AND CSG

11. It is essential that the Trustee be able to use the Confidential Exhibit both in the context of the HK Adversary Proceeding (where evidentiary proceedings will commence next month) and in the context of the Debtor's Removal Motion and the Trustee's Removal Objection. The Confidential Exhibit reflects both the potency of the Trustee's claims and of his investigation. The Trustee's use of the Confidential Exhibit, however, should not come at the cost of jeopardizing anyone's personal safety.

12. The limitations on disclosure the Trustee requests are reasonable and within this Court's authority. Local Civil Rule 5(e), applicable to the contested matter (*i.e.*, the Removal Motion) pursuant to Local Bankruptcy Rule 9077-1, provides for the Court to permit the filing of documents and information under seal where circumstances warrant. This Court has already approved appropriate limitations upon disclosure, including the AEO Provision in the Protective Order, where personal safety is at stake.

13. Here, the declarant of the Confidential Exhibit has expressed credible concerns about risks to the declarant's safety if the Confidential Exhibit is disseminated to the Debtor. These concerns are more than justified given the record in this case, including the recent Injunction Decision, which makes clear that publicizing the identity of witnesses who provide information useful to the Trustee's investigation could result in misconduct by the Debtor, and those allied with him, such as protests, doxing, and other harassment, that will discourage other potential witnesses from coming forward or from otherwise cooperating in this case.

14. The Trustee understands that the Debtor's counsel may take the position that, under the Protective Order as it currently exists, any outside counsel (including Attorney Mitchell and Attorney Francis) may see the document if it is designated Highly Confidential under the

Protective Order. Under the circumstances, however, given the gravity of the concerns at stake, the Trustee believes it is critical that the Confidential Exhibit (as well as its content and the identity of the declarant) be provided *only* to attorneys at Z&Z and CSG. No other counsel, advisors, or other persons have a need for this information—and certainly not one that trumps the harm to personal safety that could occur if the information is disclosed to the Debtor or others.

15. Accordingly, the Trustee requests that the Court approve the filing of the Confidential Exhibit under seal and that the Court order that the dissemination of the Confidential Exhibit, as well as its subject matter and any information contained therein, including the identity of the declarant (together, the "Confidential Material"), be limited to (a) the Trustee and the Trustee's counsel; (b) the Debtor's counsel at Z&Z and CSG; and (c) the Court and its staff (the "Confidential Parties").

16. The Court has already approved restriction with respect to Highly Confidential Material in its Protective Order, and the circumstances here warrant further restriction to preserve the declarant's personal safety. The relief requested by this Motion is narrowly tailored to serve these important interests. *See* Local Civil Rule 5(e). Likewise, the facts and circumstances discussed above, and, in particular, the risk to the declarant's personal safety, support further restricting disclosure of the Confidential Material to the Confidential Parties.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]*

WHEREFORE, the Court should grant this Motion to Seal, approve the sealed filing of the Confidential Exhibit as provided in the Proposed Order, restrict disclosure of the Confidential Material to the Confidential Parties, and grant such other and further relief as the Court deems just and proper.

Dated:   January 13, 2023           LUC A. DESPINS,
         New Haven, Connecticut     CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

        *and*

    Nicholas A. Bassett (*pro hac vice* pending)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

        *and*

    Avram E. Luft (*pro hac vice* pending)
    Douglass Barron (*pro hac vice* pending)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                 :     Chapter 11
:
HO WAN KWOK, *et al*.,                 :     Case No. 22-50073 (JAM)
:
        Debtors.[1]         :     Jointly Administered
:
---------------------------------------------------------x

### [PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER SEALING EXHIBIT A TO OBJECTION TO DEBTOR'S MOTION FOR ORDER REMOVING TRUSTEE AND RELATED RELIEF

UPON CONSIDERATION OF the motion (the "Motion to Seal") of Chapter 11 Trustee Luc A. Despins (the "Trustee") requesting approval of the sealed filing of the Confidential Exhibit; and good cause having been shown, and the Court having found that the disclosure of the Confidential Exhibit, as well as its subject matter and any information contained therein, including the identity of the declarant (together, the "Confidential Material"),[2] could prejudice the Debtor's estate (the "Estate"), by threatening the declarant of the Confidential Exhibit's personal safety and by discouraging third parties from cooperating in the Trustee's investigation, the Court having found that the filing of Confidential Exhibit under seal is consistent with relevant parties' agreements and expectations under the Protective Order, the relief provided in this Order being

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and Genever Holdings Corporation ("Genever BVI"). The mailing address for the Trustee and Genever BVI is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined in this Order shall adopted the definitions set forth in the Motion to Seal.

narrowly tailored to serve the foregoing purposes, and good cause having thereby and otherwise been shown, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Court approves the filing of the Confidential Exhibit under seal and the Confidential Exhibit shall remain under seal; and it is further

ORDERED, that access to the Confidential Exhibit and the Confidential Material is limited to (a) the Trustee and his counsel, (b) the Debtor's counsel at Z&Z and CSG, and (c) the Court and its staff (the "Confidential Parties"); and it is further

ORDERED, that the Trustee shall serve the Debtor with a copy of the Confidential Exhibit by transmitting the Confidential Exhibit to the Debtor's counsel at Z&Z and CSG; and it is further

ORDERED, that the Debtor's counsel at Z&Z and CSG are prohibited from disclosing the Confidential Exhibit or the Confidential Material to any persons who are not Confidential Parties, including, without limitation, the Debtor's other counsel or professionals or the Debtor himself.