Connecticut Local Form 420B (Notice of Objection to Claim)     12/2020

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

In re: Ho Wan Kwok et al.

*a/k/a Miles Kwok, Miles Guo, Wengui Guo*

Debtor(s)

Case No. : 22-50073

Chapter: 11

## NOTICE OF OBJECTION TO CLAIM

| Claim No: | Claimant: |
|---|---|
| 16 | Qiu Yu |

The Debtor, Ho Wan Kwok has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated.** **You should read these papers carefully and discuss them with your attorney, if you have one.**

[**Note to Objecting Party**: You must choose a response date that is at least thirty (30) days after the date the Objection to Claim is filed, unless otherwise ordered.]

If you do not want the Court to eliminate or change your claim, then on or before

**February 17, 2023**

you or your lawyer must file with the Court a written response to the objection, explaining your position.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. Your response should be mailed to:

United States Bankruptcy Court
District of Connecticut
915 Layfayette Boulevard, Bridgeport CT 06604

Connecticut Local Form 420B (Notice of Objection to Claim) 12/2020

In re: Ho Wan Kwok et al.

*a/k/a Miles Kwok, Miles Guo, Wengui Guo*

Debtor(s)

Case No. : 22-50073

Chapter: 11

A copy of your response should also be mailed to:

John L. Cesaroni, Zeisler & Zeisler, P.C., 10 Middle St., 15th Fl., Bridgeport, CT 06604

(Objector and Objector's attorney, if applicable, name and address)

(Names and addresses of others to be served)

  If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

Date: January 17, 2023

Signature: /s/ John L. Cesaroni

Name: John L. Cesaroni

Address: Zeisler & Zeisler, P.C., 10 Middle St., 15th Fl., Bridgeport, CT 06604

Ho Wan UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re: <br><br> HO WAN KWOK, *et al.*, <br><br>　　　　　　　Debtors. <br><br><br> HO WAN KWOK, <br><br>　　　　　　　Objector, <br><br> v. <br><br> QIU YU <br><br>　　　　　　　Claimant. | Chapter 11 <br><br> Case No:  22-50073 (JAM) |

## OBJECTION TO CLAIM NUMBER 16 OF QIU YU

　　　　Pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and Local Bankr. R. 3007-1, the individual debtor, Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., hereby objects to Claim number 16 ("Claim 16"), asserting a non-priority unsecured claim against the Debtor's estate in the amount of $14,000.00 filed by the claimant, Qiu Yu ("Claimant"), in this bankruptcy case on January 6, 2023. The entire amount of Claim 16 should be disallowed because it is not a claim enforceable against the Debtor. In support of his objection, the Debtor represents as follows:

**I.　　BACKGROUND**

　　　　1.　　On February 15, 2022, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

　　　　2.　　On June 15, 2022, the Bankruptcy Court issued its Memorandum of Decision and Order Denying Motion To Dismiss Without Prejudice And Granting Joinder To Motion For

Appointment Of Chapter 11 Trustee (ECF Doc. No. 465), ordering, among other things, that a chapter 11 trustee be appointed in the bankruptcy case.

3. On July 7, 2022, the United States Trustee filed a notice appointing the Chapter 11 Trustee, Luc A. Despins (the "Trustee"), as trustee in this bankruptcy case (ECF Doc. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (ECF Doc. No. 515), seeking the Court's approval of the appointment of the Trustee.

4. On July 8, 2022, the Court entered its Order Granting Appointment Of Chapter 11 Trustee (ECF Doc. No. 523), granting the appointment of the Trustee as chapter 11 trustee in the bankruptcy case.

5. On January 6, 2023 Claimant filed Claim 16, asserting a non-priority unsecured claim in the amount of $14,000.00. The only basis alleged by Claimant in support of Claim 16 is "investment fraud". The only documents attached to Claim 16 are what appear to be two wire transfer confirmations, in German – one in the amount of $7,000.00 to an entity called Himalaya International Clearing ("HIC"), and the other in the same amount to Deltec Bank and Trust Limited ("Deltec").

II. **JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This Objection is a core proceeding under 28 U.S.C. § 157(b)(2)(B). Venue is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409.

### III. LEGAL BASIS FOR RELIEF

#### A. The Debtor Has Standing to Object to the Claim 16

7. Section 502(a)[1] provides in relevant part that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." "For the purposes of Chapter 11 proceedings, a 'party in interest' includes 'the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee.'" *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127 (S.D.N.Y. 2011) (quoting 11 U.S.C. § 1121(c)). Thus, in a Chapter 11 case, the Debtor has standing to object to a claim in his bankruptcy case even where a trustee has been appointed. *In re Futterman*, 602 B.R. 465, 472 (Bankr. S.D.N.Y. 2019).

8. The Debtor notes that the Trustee has argued in his Objection of Chapter 11 Trustee to Motion for Order Removing Trustee (Doc. No. 1326) that the Debtor does not have standing to participate in litigation concerning assets of the estate, unless there could be a surplus after creditors are paid, because of the Trustee's appointment. However, all the cases cited by the Trustee are Chapter 7 cases. *See In 60 E. 80th St. Equities*, 218 F.3d 109, 115 (2d Cir. 2000); *In re Licata*, 659 Fed. App'x 704, 706 (2d Cir. 2016); *Cole v. Rescia*, 2022 U.S. Dist. LEXIS 175759, at *15-16, 2022 WL 4536830 (D. Conn. Sept. 28, 2022). This, of course, is a Chapter 11 case, and even where there is a trustee appointed the Debtor is a party in interest, who can, *inter alia*, file a plan. 11 U.S.C. § 1121(c) ("Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—(1)a trustee has been appointed under this chapter.

---

[1] References herein to "Section(s)" are to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless otherwise indicated.

. . .").

9. Moreover, even in a Chapter 7 case, Courts have recognized several situations in which a debtor can object to a claim, including (1) there could be a surplus for the debtor; (2) there are nondischargeable claims against the debtor; (3) the trustee has failed or refused to object to the claim; or (4) the objection will not interfere with the administration of the estate. *See In re Stylianou*, 2009 Bankr. LEXIS 5524, at *78 n.48 (Bankr. S.D.N.Y. Aug. 21, 2009); *McGuirl v. White*, 86 F.3d 1232, 1235 (D.C. Cir. 1996). Assuming, *arguendo*, that the Chapter 7 cases apply here, there have been several nondischargeability complaints filed against the Debtor, and while the Debtor denies that the claims are nondischargeable and believes he will prevail in those actions, he recognizes that there is risk inherent in all litigation. Moreover, the Trustee has not objected to Claim 16, nor would the Debtor's objection interfere with the administration of the Debtor's estate. It is a separate contested proceeding that would only affect whether, and to what extent, Claim 16 is disallowed.

### B. **Claim 16 Is Not *Prima Facie* Valid Because It Does Not Contain Sufficient Allegations or Documentation**

10. Fed. R. Bankr. P. 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

> Hence, the burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. . . . If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. . . . If, however, the claimant fails to allege facts in the proof of claim that are

4

>sufficient to support the claim, *e.g.,* by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained. . . .

*In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004) (quoting *In re Rally Partners, L.P.*, 306 B.R. 165, 168-69 (Bankr. E.D. Tex. 2003)) (citations omitted). Thus, if the presumption of validity does not arise, "'the creditor cannot rest on the proof of claim.'" *Id.* (quoting *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993)).

11. Here, Claimant has failed to allege facts or attach sufficient documents to support Claim 16. All that Claim 16 purports to show is that there were wire transfers made to HIC and Deltec. There are no allegations or documents provided that in any way connect the transfers to these non-debtor entities to the Debtor – i.e., there are no alleged facts showing that Claimant has any claims against the debtor. Moreover, the only documentation provided is in German, and the Court should not consider these documents as part of the record. In considering a summary judgment motion filed by a creditor in response to the liquidation trustee's objection to claim, the Court in *In re Solar Trust of Am., LLC*, 2014 Bankr. LEXIS 3487, at *7-10 (Bankr. D. Del. Aug. 18, 2014), refused to consider an incomplete translation of a German appellate court decision that formed the basis of the claim. As the Court found, "[w]here a document is written in a foreign language and the submitting party fails to provide an English translation, a court may appropriately decline to consider the document as part of the record on summary judgment." *Id.* at *8 (citing cases). Similarly, here, in the context of this objection to Claim 16, the Court should not consider the attachments to Claim 16 as evidence in support thereof.

12. Thus, in a hearing in this matter, Claimant should have the burden of proving the validity of Claim 16 because there are not sufficient allegations or documentation to support the presumption of the *prima facie* validity of Claim 16.

5

### C. Claimant Cannot Prove the Validity of Claim 16 Because It Is Not a Claim against the Debtor

13. Claimant cannot carry their burden of persuasion that Claim 16 valid because it is based on allegations that sums of money were paid to non-debtor third parties. Moreover, the Debtor has no interest in HIC or Deltec and did not have an account at Deltec. Moreover, he did not commit any type of "investment fraud" with respect to Claimant (or otherwise). Alternatively, even if the Court concludes that Claim 16 is entitled to the presumption of *prima facie* validity, the Debtor will introduce sufficient evidence at a hearing to shift the burden to Claimant to prove the validity of their claim, which they cannot do.

14. Section 502(b) provides that after notice and a hearing on an objection to claim, the Court shall determine the amount of the claim and allow it except, *inter alia,* if "(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]" Obviously, in order for Claim 16 to be valid, it must be a claim asserted against the Debtor. *See Osborne v. Aravena (In re Aravena)*, 2012 Bankr. LEXIS 1826, at *4 (Bankr. D. Conn. Apr. 20, 2012) Thus, in *In re Friedberg*, 2012 Bankr. LEXIS 1194, at *7-8 (Bankr. D. Conn. Mar. 21, 2012), the Court found that the burden shifted to the claimant to demonstrating that it had a valid claim against the debtor pursuant to a note and mortgage to which the debtor was not a party nor a guarantor. The Court concluded that the claimant did not carry its burden because it "did not produce any evidence that the debtor was a maker, co-signer, guarantor, or otherwise an obligor, of the promissory note or the mortgagor in his individual capacity." *Id.* at *8.

15. Thus, even assuming, *arguendo*, that the Debtor has the initial burden of proof as to the validity of Claim 16, it is clear that the Debtor has challenged the legal validity of Claim 16, which is sufficient to shift the burden back to Claimant to demonstrate the validity of their claim.

*See id.*; *Constant v. Nissan Infiniti LT (In re Constant)*, 2021 Bankr. LEXIS 2569, at *6 (Bankr. D. Conn. Sep. 20, 2021) ("Debtor's Objection squarely challenges the legal sufficiency of Claim 2-2 by refuting the existence of a contractual obligation that would bind her to pay the amount due.").

16. As the Debtor will demonstrate at a hearing, he had (and has) no interest in HIC or Deltec, nor did he ever have an account at Deltec. Additionally, it is unclear exactly what Claimant's allegations are against the Debtor as they only allege "investment fraud" as the basis for Claim 16. However, the Debtor never engaged in any fraudulent conduct with respect to Claimant, and Claimant would not be able to demonstrate as much at a hearing.

### IV. CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order disallowing Claim 16 in its entirety and grant him such other and further relief as justice requires.

Dated at Bridgeport, Connecticut on this 17th day of January, 2023.

          **THE DEBTOR,**
          **HO WAN KWOK**

          */s/ John L. Cesaroni*
          John L. Cesaroni (ct29309)
          10 Middle Street, 15th Floor
          Bridgeport, Connecticut 06604
          Telephone: (203) 368-4234
          Facsimile: (203) 368-5487
          Email: jcesaroni@zeislaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No: 22-50073 (JAM) |
| HO WAN KWOK,<br><br>    Objector,<br><br>v.<br><br>QIU YU<br><br>    Claimant. | |

**PROPOSED ORDER SUSTAINING OBJECTION TO PROOF OF CLAIM**

  The Objection to the Proof of Claim of Qiu Yu, Claim number 16, filed pursuant to Fed. R. Bankr. P. 3007 dated January 17, 2023 (the "Objection to Claim", ECF No. ___), having come before the Court after notice and a hearing, *see* 11 U.S.C. § 102(1), and the Court having considered the Objection to Claim and any response filed to the Objection to Claim, it appearing that cause exists to sustain the Objection to Claim; it is hereby

  ORDERED: The Proof of Claim of Qiu Yu, Claim No. 16, in the amount of $14,000.00 is hereby disallowed in its entirety.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No: 22-50073 (JAM) |
| HO WAN KWOK,<br><br>        Objector,<br><br>v.<br><br>QIU YU<br><br>        Claimant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January 2023, copies of foregoing Notice of Objection to Claim, Objection to Claim Number 16 of Qiu Yu, and Proposed Order were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I hereby further certify that on this 17th day of January 2023, copies of foregoing Notice of Objection to Claim, Objection to Claim Number 16 of Qiu Yu, and Proposed Order were sent to the Claimant, Qiu Yu, via First Class United States mail to the address provided for notices in Claim number 16 as follows:

    Qiu Yu
    Am Grossen Rohrpfuhl 25
    Berlin, DE 12355
    Germany

9

**THE DEBTOR,**
**HO WAN KWOK**

*/s/  John L. Cesaroni*
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: jcesaroni@zeislaw.com