**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                           :
In re:                                     :    Chapter 11
                                           :
HO WAN KWOK, *et al.*,[1]                  :    Case No. 22-50073 (JAM)
                                           :
                        Debtors.           :    (Jointly Administered)
                                           :
---------------------------------------------------------x
                                           :
PACIFIC ALLIANCE ASIA                      :
OPPORTUNITY FUND L.P.,                     :
                                           :    Adv. Proceeding No. 22-05032 (JAM)
                        Plaintiff,         :
v.                                         :
                                           :
HO WAN KWOK,                               :
                                           :
                        Defendant.         :
                                           :
---------------------------------------------------------x

**DECLARATION OF DOUGLASS BARRON IN SUPPORT OF EMERGENCY MOTION
OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS FOR ENTRY OF ORDER (A)
COMPELLING INDIVIDUAL DEBTOR TO COMPLY WITH PRELIMINARY
INJUNCTION WITH RESPECT TO CLAIMS PROCESS, (B) QUASHING
INDIVIDUAL DEBTORS' OBJECTIONS TO CLAIMS, AND (C) BARRING
INDIVIDUAL DEBTOR FROM FILING FURTHER OBJECTIONS TO CLAIMS,
<u>ABSENT LEAVE OF COURT</u>**

I, Douglass Barron, declare:

1.      I am an attorney admitted to practice law in the State of New York and am an

associate at the law firm of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, counsel

for the appointed Chapter 11 Trustee to the Individual Debtor, Kwok's estate (the "<u>Trustee</u>").  I

---

[1]      The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

respectfully submit this declaration in support of the *Emergency Motion of Luc A. Despins, as Chapter 11 Trustee for Estate of Ho Wan Kwok, for Entry of Order (A) Compelling Individual Debtor to Comply with Preliminary Injunction With Respect to Claims Process, (B) Quashing Individual Debtors' Objections to Claims, and (C) Barring Individual Debtor from Filing Further Objections to Claims, Absent Leave of Court* (the "Motion").

2.      Attached as **Exhibit 1** is a screenshot of @OXVDESIGN's January 10, 2023, 11:40 AM Gettr post.

3.      Attached as **Exhibit 2** is a screenshot of the banner at the top of the Gettr account @OXVDESIGN.

4.      Attached as **Exhibit 3** is a screenshot of @piaochanghai's January 10, 2023, 10:53 AM Gettr post (with redactions added to protect personal information).

5.      Attached as **Exhibit 4** is a screenshot of the banner at the top of the Gettr account @piaochanghai.

6.      Attached as **Exhibit 5** is a screenshot of @MilesGuo's January 13, 2023, 10:45 AM Gettr post.

7.      Attached as **Exhibit 6** is a true and correct copy of the August 6, 2019 hearing transcript of *In re Cole*, No. 10-50091 (JAM) (Bankr. D. Conn.).

8.      Attached as **Exhibit 7** is a true and correct copy of the August 10, 2019 hearing transcript of *In re Cole*, No. 10-50091 (JAM) (Bankr. D. Conn.).

Dated:      January 19, 2023
            New York, New York          Respectfully submitted,

                                        By: */s/ Douglass Barron*
                                             Douglass Barron
                                             douglassbarron@paulhastings.com
                                             PAUL HASTINGS LLP
                                             200 Park Avenue

New York, New York 10166
(212) 318-6690

*Counsel for the Chapter 11 Trustee*

**Exhibit 1**

 OXVDESIGN 梦想设计组 ✔
@OXVDESIGN · Jan 10

原英喜拱卒（真名Yu Qiu）到美国324法庭（康州破产法庭）把自己列入了债权人名单。
郭先生破产案 luc敲诈案 中共埋了多少雷？！ Luc背后的动机何在？
#YuQiu #luc #lucdespins #shanweijian #单伟健 #sec #ccp #whistleblowermovement #nfsc



Posted on 11:40 AM · Jan 10th, 2023

57 Likes    52 Reposts

**Exhibit 2**



**Exhibit 3**



**Exhibit 4**



**Exhibit 5**



**Exhibit 6**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
In Re                         *    Case No.10-50091(JAM)
                              *
     HAROLD E. COLE,          *    Bridgeport, Connecticut
                              *    August 6, 2019
          Debtor.            *
                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

TRANSCRIPT OF MOTION TO WITHDRAW AS
ATTORNEY and ORDER TO SHOW CAUSE
BEFORE THE HONORABLE JULIE A. MANNING
CHIEF UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

Chapter 7 Trustee:              KARA S. RESCIA, ESQ
                                PAIGE M. VAILLANCOURT, ESQ.
                                Rescia & Katz, LLP
                                5104 Bigelow Commons
                                Enfield, CT  06082

For the Debtor:                 MAXIMINO MEDINA, JR., ESQ.
                                Zeldes, Needle & Cooper
                                1000 Lafayette Blvd
                                Bridgeport, CT  06601

For the U.S. Trustee:           HOLLEY L. CLAIBORN, ESQ.
                                Office of the United States
                                  Trustee
                                The Giaimo Federal Building
                                150 Court Street, Room 302
                                New Haven, CT  06510


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1          THE COURT:  I already saw your motion.  Is that

2    what you mean?

3          MS. HEMINWAY:  Correct.

4          THE COURT:  Yeah.

5          MS. HEMINWAY:  But I'm not allowed to provide any

6    --

7          THE COURT:  Well, you don't have standing to move

8    for the withdraw -- to -- a debtor doesn't have the right to

9    say that the trustee can be removed.

10          MS. HEMINWAY:  I understand.  I have been told

11    throughout this process that if the debtor has an excess

12    estate then he can in fact have limited input to how things

13    are managed because --

14          THE COURT:  There's case law on both sides of that

15    equation and there's no controlling case law in Connecticut.

16    And in fact the case law on that issue says that the debtor

17    has to prove that there will be a surplus.  And at this

18    point, given what the trustees told me, there may not even

19    be a surplus for your dad.

20          The fact that we've gone through these processes

21    in different steps, and there was an auction some time ago

22    where the belief was that there would be more money that

23    would be obtained in the auction, and there wasn't, there

24    may not be.

25          And so I'm not going to hold anything up because

1              So it would have been in the best interest of the

2        bankruptcy estate to have an auctioneer sell it that said it

3        was only 200,000?

4                    THE COURT:  I don't understand your point.

5                    MS. HEMINWAY:  We had an auctioneer that would

6        liquidate it who ran Early American antique auctions on a

7        very regular basis.  He ran ten per year in each of the

8        years prior to --

9                    THE COURT:  Then what's -- you have information

10       about his rate of recovery and all the assets that he

11       auctioned off?

12             That he had an 80 percent or 90 percent or 100

13       percent, you know, recovery of funds based upon his estimate

14       of what he would get?

15                   MS. HEMINWAY:  We can certainly -- we could have

16       certainly provided a record.

17                   THE COURT:  Well, it's -- it's --

18                   MS. HEMINWAY:  We could have -- it's very easy to

19       provide a record of an auction hall's pre-auction estimates

20       and the realized bids.  We could have certainly provided

21       that to the trustee.

22                   THE COURT:  Okay.

23                   MS. HEMINWAY:  And it's very easy to determine

24       that.

25                   THE COURT:  But as I started today, the hearing

1    today, I said to you at the very beginning, you don't have

2    standing to make these arguments.  The debtor has no rights

3    anymore as a Chapter 7 debtor unless and until there's

4    clearly a surplus.  And even then the case law says not so

5    fast.

6          The Chapter 7 Trustee has the rights and

7    responsibilities and duties under the bankruptcy code.

8    She's trying to carry out those duties.  That's what's going

9    to happen.

10         MS. HEMINWAY:  And those duties are better served

11   by selling it for a lesser amount?

12         THE COURT:  She's not selling it for a lesser

13   amount.  She's going to sell it for as much an amount as it

14   can produce.

15         MS. HEMINWAY:  Your Honor, I provided

16   documentation to the trustee.  Her auctioneers are not

17   experts in Early American antiques.

18         Even in the motion that's before the Court today

19   --

20         THE COURT:  What motion that's before the Court?

21         MS. HEMINWAY:  What Your Honor approved recently

22   on the motion to sell antiques, they recommend -- they

23   represent certain information about online sales and leaving

24   inventory in place because it brings more money.

25         If you look at the online sales they have sold,

**Exhibit 7**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re                              *    Case No. 10-50091(JAM)
                                   *
     HAROLD E. COLE,               *
                                   *
                 Debtor.           *
                                   *

HAMILTON GROUP, LLC,               *    Adv. Proc. No. 21-5007
                                   *
             Plaintiff,            *    Bridgeport, Connecticut
                                   *    August 10, 2021
     vs.                           *
                                   *
HAROLD E. COLE, et al.,            *
                                   *
             Defendants.           *
                                   *
* * * * * * * * * * * * * * * *    *

              TRANSCRIPT OF THIRD AMENDED MOTION TO
             REMOVE TRUSTEE; MOTION FOR LEAVE OF
              COURT TO FILE AMENDED CIVIL ACTION
            BEFORE THE HONORABLE JULIE A. MANNING
             CHIEF UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

Chapter 7 Trustee:            KARA S. RESCIA, ESQ
                              PAIGE M. VAILLANCOURT, ESQ.
                              Rescia & Katz, LLP
                              5104 Bigelow Commons
                              Enfield, CT  06082


For the Debtor:               NEAL P. ROGAN, ESQ.
                              Law Offices of Neal
                                Rogan, LLC
                              315 Post Road West
                              Westport, CT  06880


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.


**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

11

1    really had the opportunity, and I know the Court mentioned

2    that there have been hearings on this, but this is the first

3    time we've had an opportunity to present a full evidentiary

4    hearing on this motion to remove the trustee.

5         THE COURT:  Well, Attorney Rogan, as we've

6    discussed in prior hearings, the case law is very clear that

7    in a Chapter 7 case, a debtor doesn't have standing to raise

8    issues unless there is going to be some surplus from the

9    estate, and we've had this discussion on several occasions,

10   including back to when Mr. Berillo represented Mr. Cole,

11   before Ms. Hemingway was involved.  And they were completely

12   in agreement with the process and the sale of all of these

13   assets, until Ms. Hemingway came involved and said that she

14   thought that the appraisers and the auctioneers were not

15   right and that someone else should be conducting the

16   auction.

17        Those motions were all denied, and there were

18   orders entered requiring the cooperation of the debtor with

19   regard to the sale and auction of the assets of the debtor's

20   estate.

21        Now we can go back, and I'm happy to do so, and go

22   through all the representations made on the record by

23   Attorney Berillo and others in his firm, about the -- when

24   this case was converted and what happened in Chapter 11 by

25   the way, Attorney Rogan, which is -- you had no -- nothing