**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HO WAN KWOK et al. | § | CASE NO. 22-50073 (JAM) |
| | § | |
| Debtors. | § | |

**THE DEBTOR'S LIMITED OBJECTION TO MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARINGS ON EMERGENCY MOTION OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS FOR ENTRY OF ORDER (A) COMPELLING INDIVIDUAL DEBTOR TO COMPLY WITH PRELIMINARY INJUNCTION WITH RESPECT TO CLAIMS PROCESS, (B) QUASHING INDIVIDUAL DEBTORS' OBJECTIONS TO CLAIMS, AND (C) BARRING INDIVIDUAL DEBTOR FROM FILING FURTHER OBJECTIONS TO CLAIMS, ABSENT PRIOR LEAVE OF COURT**

Ho Wan Kwok, the individual debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby submits his limited objection to the Motion, Pursuant to Bankruptcy Rule 9006(C)(1), to Expedite Hearings on Emergency Motion of Chapter 11 Trustee and Genever Debtors for Entry of Order (A) Compelling Individual Debtor to Comply with Preliminary Injunction with Respect to Claims Process, (B) Quashing Individual Debtors' Objections to Claims, and (C) Barring Individual Debtor from Filing Further Objections to Claims, Absent Prior Leave Of Court (Doc. No. 1347) (the "Motion to Expedite"), filed by Luc A. Despins, the Chapter 11 Trustee (the "Trustee"), and debtor Genever Holdings LLC ("Genever") on the evening of Thursday, January 19, 2023. While the Debtor does no object to an expedited hearing and objection deadline, in general, he requests that the Court give him adequate time to respond, which the dates set forth in the Motion to Expedite would not do. In support of his limited objection, the Debtor respectfully represents as follows:

1.　On Thursday, January 19, 2023, at 5:44pm, the Trustee and Genever filed the Emergency Motion of Chapter 11 Trustee and Genever Debtors for Entry of Order (A)

Compelling Individual Debtor to Comply with Preliminary Injunction with Respect to Claims Process, (B) Quashing Individual Debtors' Objections to Claims, and (C) Barring Individual Debtor from Filing Further Objections to Claims, Absent Prior Leave Of Court (Doc. No. 1345) (the "Motion to Compel and Quash"), seeking an order (i) compelling the Debtor to comply with the Corrected Order Granting in Part Motion for Preliminary Injunction (Adv. Proc. Docket No. 134) issued by this Court in the adversary proceeding captioned *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok*, Adv. Pro. No. 22-05032 (the "Adversary Proceeding"); (ii) quashing the claims objections (Doc. Nos. 1332, 1333, 1334) filed by the Debtor; and (iii) barring the Debtor from filing any further objections to claims absent leave from the Court.

2.  Immediately after filing the Motion to Compel and Quash, the Trustee and Genever filed the Motion to Expedite, seeking an expedited hearing on Tuesday, January 24, 2023, at 2:00pm and an order that any opposition to the Motion to Compel and Quash be filed by "9:00am (noon)" on Tuesday, January 24, 2023.

3.  Fed. R. Bankr. P. 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." "In considering such motions, courts should balance possible prejudice to other parties against the reasons advanced for reducing the time." 10 Collier on Bankruptcy ¶ 9006.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). "The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986).

4.  The Debtor does not generally object to the Court holding a hearing on the Motion to Compel and Quash on an expedited basis or setting a shortened deadline for the

Debtor to file his objections. However, the Debtor objects to having the hearing and submitting his oppositions only two business days after the Motion to Compel and Quash was filed. The Debtor requires additional time to confer with his counsel and to properly respond to the Motion to Compel and Quash, which, although filed as a single motion, actually seeks separate relief in both the Adversary Proceeding and the Bankruptcy Case. As the Court is aware, the Debtor has separate counsel in the Adversary Proceeding and the Bankruptcy Case, and it is necessary to confer with both in order to formulate a response to the Motion to Compel and Quash. Moreover, the Motion to Compel and Quash seeks the extraordinary relief of barring the Debtor from filing objections to claims without permission of the Court.

5. Therefore, the Debtor respectfully requests that the Court deny the Motion to Expedite to the extent that it seeks a hearing on January 24, 2023, and requires that any opposition be due that morning. Rather, to the extent the Court is inclined to grant the Motion to Expedite, the Debtor respectfully requests that the Court set a hearing on the Motion to Compel and Quash no earlier than Tuesday, January 31, 2023, and order that any opposition should be filed by noon on Monday, January 30, 2023.

**WHEREFORE**, the Debtor requests that the Court deny the Motion to Expedite to the extent set forth herein, and grant him such other and further relief as this Court deems just and proper.

Dated at Bridgeport, Connecticut this 20th day of January, 2023.

**THE DEBTOR,**
**HO WAN KWOK**

  /s/  John L. Cesaroni
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: jmoriarty@zeislaw.com
           jcesaroni@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| **HO WAN KWOK et al.** | § | **CASE NO. 22-50073 (JAM)** |
| | § | |
| **Debtors.** | § | |

**CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 20th day of January, 2023, a copy of the foregoing was sent by e-mail to all appearing parties by operation of the Court's electronic filing system.

    */s/*   John L. Cesaroni
    John L. Cesaroni (ct29309)
    10 Middle Street, 15th Floor
    Bridgeport, Connecticut 06604
    Telephone: (203) 368-4234
    Facsimile: (203) 368-5487
    Email: jcesaroni@zeislaw.com