UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.¹ | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF No. 1046 |

ORDER GRANTING IN PART
MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENAS

On October 28, 2022, Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") for the estate (the "Estate") of Ho Wan Kwok (the "Debtor"), filed his Motion of Chapter 11 Trustee for Entry of Order Compelling Individual Debtor, Mei Guo, HK International Funds Investments (USA) Limited, LLC, Hing Chi Ngok, Greenwich Land LLC, Lamp Capital LLC, and Golden Spring (New York) Ltd. to Comply with Rule 2004 Subpoenas, ECF No. 1046 (the "Motion"), which subpoenas were authorized by orders the Court on August 16, 2022 (ECF Nos. 757 and 758).

On October 24, 2022, November 14, 2022, and December 9, 2022, the Trustee entered into consent orders potentially resolving the Motion as to Ms. Ngok and Greenwich Land LLC (the "Consent Orders," ECF Nos. 1022, 1129, and 1215).

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

On November 14, 2022, the Debtor, Ms. Guo, and HK International Funds Investments (USA) Limited, LLC ("HK (USA)," and together with the Debtor and Ms. Guo, the "Objectors") filed their Joint Objection to the Motion (the "Objection," ECF No. 1090).

Golden Spring (New York) Ltd. ("Golden Spring") and Lamp Capital LLC ("Lamp Capital," and together with Golden Spring, the "Non-responding Parties") filed no responsive pleadings.

On November 30, 2022, a hearing was held on the Motion and the Objection, at which the Trustee and the Objectors presented their respective arguments. The Non-responding Parties did not appear at the hearing.

The Court is not ruling on the Motion as it relates to Hing Chi Ngok and Greenwich Land LLC at this time because it appears that the Motion is potentially resolved as to those parties by the Consent Orders.

Upon consideration of the pleadings and the arguments of the Trustee and the Objectors, and cognizant of the Debtor's duties under 11 U.S.C. §§ 521(a)(3) and (4), the Court finds the following:

1. The Trustee's request for the Debtor's responsive documents to the extent they are dated June 1, 2014, or later, is reasonable.

2. The Trustee's request for the Debtor's responsive documents relating to assets allegedly owned by other persons or entities, including without limitation his family members and associated entities, in addition to those he acknowledges he owns, is also reasonable given the Trustee is charged with investigating potential assets of the Estate.

3. The Trustee's request for responsive documents within the Debtor's custody, possession, or control, including without limitation documents in the files of his current or

former counsel and other agents and advisors, irrespective of potential future productions by said parties, is reasonable.

4. The Trustee's request for the Debtor's passport(s) is not reasonable at this time.

5. Ms. Guo and HK (USA) have not waived their objection that the pending proceeding doctrine precludes discovery through a Rule 2004 examination.

6. The Trustee's request for Ms. Guo and HK (USA)'s responsive documents dated June 1, 2014, is reasonable.

7. The Trustee's request for responsive documents within Ms. Guo's and HK (USA)'s custody, possession, or control, including without limitation documents in the files of their current or former counsel and other agents and advisors, irrespective of potential future productions by said parties, is reasonable.

8. The Trustee's requests for information from Ms. Guo and HK (USA) about assets allegedly owned by Ms. Guo are reasonable, given allegations and previous court holdings that she is a nominee owner for the Debtor.

9. Counsel to the Objectors has not established that they were sufficiently diligent under the circumstances.

10. With respect to the Non-responding Parties, the Court will issue an Order to Show Cause why they should not be found to be in civil contempt for failure to respond to or comply with the subpoenas.

Accordingly, it is hereby

**ORDERED:** The Motion is **GRANTED** in part and **DENIED** in part as set forth below as it relates to the Objectors; and it is further

**ORDERED:** The Objection is **OVERRULED** as it relates to discovery requests directed to the Debtor except as to the requests that seek documents dated earlier than June 1, 2014, and to the requests that seek the Debtor's passport(s), to which extent the Objection is **SUSTAINED**, without prejudice to the Trustee to seek documents dated earlier than June 1, 2014, and the Debtor's passport(s) at a later date as the investigation proceeds upon cause shown. The Debtor shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee:

    (i) documents responsive to the Trustee's requests dated June 1, 2014, or later, unless a particular request specifies a different time period that does not begin before June 1, 2014;

    (ii) documents responsive to the Trustee's requests as to both assets he acknowledges he owns and assets allegedly belonging to persons or entities other than the Debtor, including without limitation his family members and associated entities; and

    (iii) documents responsive to the Trustee's requests that are within his custody, possession, or control, including without limitation documents in the files of his current or former counsel and other agents and advisors, unless such documents have already been produced by his current or former counsel and other agents and advisors but without consideration of any potential future production by his current or former counsel and other agents and advisors;

and it is further

**ORDERED:** The Debtor shall, by 5:00 p.m. on February 7, 2023, file on the docket of this case a sworn declaration describing in detail the document collection, search, and review actions taken by him and his counsel in response to the subpoena, including without limitation a detailed description of the processes that he and his counsel performed to:

(i)  identify all of the Debtor's electronic devices; all online document repositories to which he has access; all social media, email, and other accounts associated with electronic documents; all bank accounts and related account statements; and all other potential sources of responsive hard copy and electronic documents that may exist; and

(ii)  search the foregoing sources for responsive documents, including without limitation for documents responsive to the requests related to expenses or money transfers, to assets or financial or business transactions or records related to the Debtor's family or associated entities, and to business interests associated with the Debtor;

and it is further

**ORDERED:**  The Objection is **OVERRULED** as it relates to discovery requests directed to Mei Guo and HK (USA) except as such requests concern specifically the Lady May, which is subject to a pending adversary proceeding – *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. 2022) (the "Adversary Proceeding") – or as such requests are for documents dated earlier than June 1, 2014, to which extent the Objection is **SUSTAINED**.  The Court issues this Order without prejudice to the Trustee to seek discovery from Ms. Guo or HK USA regarding the Lady May in the Adversary Proceeding in accordance with the Fed. R. Civ. P. 26 *et al.* and Fed. R. Bankr. P. 7026 *et al.* and without prejudice to the Trustee to seek discovery of documents dated earlier than June 1, 2014, as the investigation proceeds upon cause shown.  Furthermore, should either Mei Guo or HK (USA) no longer be a party to a pending proceeding involving the Trustee and relating to the Lady May, the Trustee may seek discovery regarding the Lady May in the Chapter 11 bankruptcy cases from such party upon cause shown.  Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee:

(i)  documents responsive to the Trustee's requests, except as to the documents that concern the Lady May, dated June 1, 2014, or later, unless a particular request specifies a different time period and such time period does not begin before June 1, 2014;

(ii)  documents responsive to the Trustee's requests, except as the documents concern the Lady May, as to both assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, including without limitation his family members, including Mei Guo herself, and associated entities, including HK (USA) itself; and

(iii)  documents responsive to the Trustee's requests that are within their custody, possession, or control, except as to the documents concern the Lady May, including without limitation documents in the files of their current or former counsel and other agents and advisors, unless such documents have already been produced by their current or former counsel and other agents and advisors but without consideration of any potential future production by their current or former counsel and other agents and advisors.

Dated at Bridgeport, Connecticut this 20th day of January, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut