**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| | January 20, 2023 |

**REPLY OF THE SHERRY-NETHERLAND, INC. IN SUPPORT OF THE MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC, PURSUANT TO BANKRUPTCY CODE SECTION 327, 328, AND 363, FOR ENTRY OF ORDER FURTHER EXTENDING (I) SALE PROCESS OF SHERRY NETHERLAND APARTMENT AND (II) RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS BROKER**

The Sherry Netherland, Inc. ("The Sherry Netherland") respectfully submits this reply in support of the Motion.[2] In support of the Motion, The Sherry Netherland respectfully states as follows:

1. The Sherry Netherland is a residential cooperative housing corporation, within which the Sherry Netherland Apartment is located. The Sherry Netherland Apartment is titled in the name of Genever (US) and memorialized by 3,050 cooperative shares allocable to apartments 1801, MR 2219, MR 719, issued to Genever (US) under proprietary leases between The Sherry

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used in this reply but not defined herein have the meanings given to them in the *Motion of Chapter 11 Trustee, Genever Holdings LLC, Pursuant to Bankruptcy Code Section 327, 328, and 363, for Entry of Order Further Extending (I) Sale Process of Sherry Netherland Apartment and (II) Retention of Sotheby's International Realty as Broker* [Case No. 22-50073, Docket No. 1257].

Netherland, as lessor, and the Debtor, as lessee, entered into on March 6, 2015, appurtenant thereto (collectively, the "Proprietary Lease"). Genever (US) and The Sherry Netherland are also parties to, among other agreements, that certain Agreement and Consent with Respect to Shares and Proprietary Lease (the "Agreement and Consent"), made as of March 6, 2015, by and between the Sherry, as Lessor, the Debtor, as Lessee, and Mr. Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo, as Occupant.

2. The Sherry Netherland Apartment is the only significant asset of Genever (US) and the only asset that has the potential to provide the unsecured creditors of Genever (US), if any, with a recovery. [Case No. 22-50592, Docket No. 4 at 3-6].

3. The Sherry Netherland is the only undisputed and secured creditor of Genever (US). [Case No. 22-50592, Docket No. 4 at 6]; Proof of Claim No. 1-1 against Genever (US). Specifically, The Sherry Netherland has, among other actual or potential claims, (a) pre-petition claims for unpaid arrearages owed to The Sherry Netherland under the Proprietary Lease and the Lessor's Corporate Documents (as defined in the Agreement and Consent), including unpaid monthly payments of rent, additional rent, maintenance charges, assessments, attorneys' fees, interest, and late fees; and (b) post-petition claims for ongoing or future maintenance charges, assessments, attorneys' fees, interest, and late fees. The Sherry Netherland's pre-petition claims alone are in excess of at least $900,000.[3]

4. In addition, as of the Petition Date, The Sherry Netherland held a security deposit in the sum of approximately $3 million (the "Security Deposit"). [Case No. 22-50592, Docket No. 165 at 12]. Pursuant to the *Consent Order Granting the Sherry-Netherland, Inc. Relief from*

---

[3] The claims listed here are not meant to be exhaustive. The Sherry Netherland reserves all rights as to any claims it has asserted to date, or may assert in the future.

*the Automatic Stay* [Case No. 22-50592, Docket No. 107], The Sherry Netherland is authorized "to apply all accrued and owing post-petition maintenance fees and assessments due under the Proprietary Lease . . . on a monthly basis, from the [Security Deposit]."

5. All of The Sherry Netherland's claims and all additional unpaid amounts due, including unpaid amounts due to The Sherry Netherland in the future, are secured by the Sherry Netherland Apartment and the Security Deposit and have been guaranteed by the Individual Debtor. The Security Deposit is a finite source of funds and, if the Sherry Netherland Apartment is not sold within a reasonable time, the Security Deposit will be completely exhausted by accrued and owing post-petition maintenance fees and assessments due under the Proprietary Lease. Because the operating and capital expenses of The Sherry Netherland are funded by maintenance fees and assessments paid by the corporation's shareholders, the effect of the depletion of the Security Deposit will be to force the other shareholders of The Sherry Netherland to fund these expenses until the Sherry Netherland Apartment is sold.

6. PAX and Bravo Luck both claim to be unsecured creditors of Genever (US) based on equitable arguments. PAX purports to be an unsecured creditor of the Individual Debtor and has nevertheless asserted a claim against Genever (US) on the basis that Genever (US) is an alter ego of the Individual Debtor. *See* Proof of Claim No. 5-1 against Genever (US). And Bravo Luck claims that it holds a beneficial interest in the Sherry Netherland Apartment and, based on that interest, it claims to be an unsecured creditor of Genever (US). *See* Proof of Claim No. 4-1 against Genever (US). The Trustee and Genever (US) are each separately challenging Bravo Luck's purported beneficial interest. *See* Adv. Proc. No. 22-05027; Adv. Proc. No. 22-05030.[4]

---

[4] At this time, The Sherry Netherland takes no position on the merits of PAX and Bravo Luck's respective equitable arguments or on whether they are, in fact, unsecured creditors of Genever (US).

7. The Sherry Netherland was involved in Genever (US)'s bankruptcy case when the Settlement Agreement was negotiated and put in place. At that time, equitable or beneficial ownership of the Sherry Netherland Apartment was embroiled in litigation, and PAX was seeking to litigate its concerns about Mr. Kwok's undue control over Genever (US) through the Lift Stay Motion and the Conversion Motion. [Case No. 22-50592, Docket No. 45.] Ongoing litigation between PAX and Bravo Luck was causing a distraction to the effective administration of Genever (US)'s bankruptcy case and hindered the ability of Genever (US) to effectuate a sale of the Sherry Netherland Apartment, its only significant asset. [*Id.*]. The Settlement Agreement seemingly removed that distraction by resolving PAX's concerns about Mr. Kwok's undue control over the sale of the Sherry Netherland Apartment and, accordingly, should have cleared the way for an efficient and commercially reasonable sale of the Sherry Netherland Apartment.

8. It has now been over one year since the Settlement Agreement was signed and Genever (US) does not appear to be much closer to consummating the sale of the Sherry Netherland Apartment. The Sherry Netherland believes that Bravo Luck and PAX's consent and consultation rights in the Settlement Agreement are hindering the sale process. Instead of allowing the Sales Officer and Sotheby's to exercise their reasoned commercial discretion to market and ultimately sell the Sherry Netherland Apartment at an appropriate price under current market conditions, The Sherry Netherland believes that Bravo Luck and PAX are pursuing their own individual agendas at the expense of the estate of Genever (US) and to the detriment of The Sherry Netherland and its other shareholders. The Sherry Netherland supports the relief requested in the Motion, including the request that PAX and Bravo Luck shall have no further consent or consultation rights with respect to the marketing and sales process after October 31, 2022. The Sherry Netherland supports this relief because The Sherry Netherland supports the

efficient and commercially reasonable sale of the Sherry Netherland Apartment at an appropriate price under current market conditions and, at this time, believes the Motion provides the best path forward for achieving that value-maximizing result for the estate of Genever (US) and its stakeholders. The Sherry Netherland does not believe that delaying the sale in the speculative hope that the value of the Sherry Netherland Apartment will increase over time, or for any other reason, is in the interest of Genever (US) and its stakeholders.

9. Largely for the reasons stated in the Motion, The Sherry Netherland agrees that PAX and Bravo Luck have no further need for consent or consultation rights. The Trustee has the direct or indirect authority over the Individual Debtor, Genever (BVI), and Genever (US). Motion ¶ 22. Accordingly, the concerns that led to the granting of consent and consultation rights in the first instance, namely, concerns about Mr. Kwok's undue control over the sale of the Sherry Netherland Apartment, are no longer present. And, having finally resolved any issues arising from Mr. Kwok's undue control, further consent and consultation rights will only serve as a new impediment to a prompt and commercially reasonable sale by the Trustee, being advised by a capable real estate broker who is familiar with current market conditions. Further, the Settlement Agreement has expired by its terms and was never intended to last in perpetuity. *See* Motion at Ex. B, § 4(e). The sale process of the Sherry Netherland Apartment should therefore proceed without the consent and consultation rights that are preventing an efficient and commercially reasonable sale of the Sherry Netherland Apartment.

WHEREFORE, for the foregoing reasons and for the reasons set forth in the Motion, The Sherry Netherland respectfully requests that the Court enter an Order, substantially in the form of the Proposed Order filed with the Motion, granting the Motion, and order such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: Stamford, CT<br>January 20, 2023 | /s/ Taruna Garg<br>Taruna Garg (ct28652)<br>MURTHA CULLINA LLP<br>107 Elm Street<br>Stamford, CT 06902<br>Telephone: (203) 653-5400<br>Facsimile: (203) 653-5444<br>Email: targ@murthalaw.com<br><br>-and-<br><br>Sherry J. Millman*<br>Patrick N. Petrocelli*<br>STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006<br>Email: smillman@stroock.com<br>ppetrocelli@stroock.com<br><br>*Counsel for The Sherry Netherland, Inc.*<br><br>*Admitted *pro hac vice* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| | January 20, 2023 |

**CERTIFICATE OF SERVICE**

I, Taruna Garg, hereby certify that on the 20th day of January, 2023, The Sherry Netherland's *Reply in Support of the Motion of Chapter 11 Trustee, Genever Holdings LLC, Pursuant to Bankruptcy Code Section 327, 328, and 363, for Entry of Order Further Extending (I) Sale Process of Sherry Netherland Apartment and (II) Retention of Sotheby's International Realty as Broker* was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

/s/ Taruna Garg
Taruna Garg