**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, et al.,[1]                 :    Case No. 22-50073 (JAM)
                                        :
              Debtors.                  :    (Jointly Administered)
                                        :
-------------------------------------------------------x
```

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS COPRORATION, AND GENEVER HOLDINGS LLC (A) IN SUPPORT OF THEIR MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 363, FOR ENTRY OF ORDER FURTHER EXTENDING (I) SALE PROCESS OF SHERRY NETHERLAND APARTMENT AND (II) RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS BROKER, AND (B) IN RESPONSE TO OBJECTIONS**

To the Honorable United States Bankruptcy Judge Julie A. Manning:

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") respectfully submit this omnibus reply (the "Reply") (a) in support of the *Motion of Chapter 11 Trustee, Genever Holdings Corporation, and Genever Holdings LLC, Pursuant to Bankruptcy Code Sections 327, 328, and 363, for Entry of Order Further Extending (I) Sale Process of Sherry Netherland Apartment and (II) Retention Of Sotheby's International Realty As Broker* [Docket No. 1257] (the "Motion")[2] and (b) in response

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Motion.

to the objection filed by Bravo Luck Limited ("Bravo Luck") [Docket No. 1288] (the "Bravo Luck Objection") and the limited objection filed by Pacific Alliance Asia Opportunity Fund L.P. ("PAX," and, together with Bravo Luck, the "Objectors") [Docket No. 1292] (the "PAX Limited Objection," and, together with the Bravo Luck Objection, the "Objections").  In support of the Reply, the Movants respectfully state as follows.

**REPLY**

1.      The Objectors raise a number of objections based on the terms of the Settlement Agreement and the legal requirements to modify the sale process pursuant to the Settlement Agreement.  However, the Objectors misunderstand the relief sought in the Motion.  The Motion does **not** seek to extend the sale process **pursuant to** the Settlement Agreement.  As explained in the Motion, that sale process **expired on October 31, 2022**.[3]

2.      Rather, the Motion seeks authorization for Movants to continue to attempt to sell the Sherry Netherland Apartment under the auspices of the Sales Officer as well as continue to retain Sotheby's as broker to market the Sherry Netherland Apartment (collectively, the "Extensions").  But these sale efforts would **not** be conducted pursuant to the Settlement Agreement, but rather, would be a new, separate sales process, while adopting some of the terms of the Settlement Agreement.  Motion ¶ 24.  Such terms include employing former bankruptcy judge Melanie L. Cyganowski as sales officer in connection with the process, as well as retaining Sotheby's as the sales broker.  However, the Motion does not seek to revive the "now-expired sales process" under which "PAX's and Bravo Luck's [enjoyed] consultation and consent

---

[3]   The Settlement Agreement provides that the sale process shall be limited to 180 days from the retention of the broker, subject to extension upon written agreement of Genever (US), Bravo Luck and PAX, or by further order of the court for cause shown.  The SDNY Bankruptcy Court previously entered stipulations and orders extending the sale process of the Sherry Netherland Apartment and Sotheby's retention by Genever (US).  *See* Docket Nos. 202 and 222 in Case No. 22-50592.  Pursuant to the most recent stipulation and order entered on October 21, 2022 [Docket No. 222 in Case No. 22-50592], the sale process and Sotheby's retention were both extended through October 31, 2022.

rights."  Motion ¶ 27.  Indeed, those rights expired at the same time that the sale process under the Settlement Agreement expired, *i.e.*, on October 31, 2022.

3.        In particular, Bravo Luck, which notably does not oppose the continued efforts to sell the Sherry Netherland Apartment, asserts that Movants have violated the Settlement Agreement by not obtaining written authorization from Bravo Luck to extend the sale process, and by "seek[ing] to terminate Bravo Luck's consent and consultation rights" in the Settlement Agreement.  Bravo Luck Objection ¶ 3.[4]  Additionally, Bravo Luck suggests that by doing so, the Movants are "attempting to circumvent the correct procedure for seeking relief from a final Settlement Order as required under [Civil Procedure] Rule 60. . . as incorporated into [Bankruptcy] Rule 9024."  Bravo Luck Objection ¶ 8.  However, these objections are inapposite, as Movants are **not** seeking to modify the sale process pursuant to the Settlement Agreement—a process that expired by its own terms on October 30, 2022.  Instead, Movants seek authorization to continue to attempt to sell the Sherry Netherland Apartment, outside the ambit of the Settlement Agreement, while retaining the services of the Sales Officer and Sotheby's.  Rule 60 simply does not apply under these circumstances.

4.        Similarly, PAX, which also does not oppose the continued efforts to sell the Sherry Netherland Apartment, argues that Movants are allegedly attempting to diminish PAX's rights under the Settlement Agreement and that Movants have failed to show "why cause exists to now exclude PAX from the [marketing and sales] process" which "the Settlement Agreement specifically safeguards against."  PAX Objection at 4.  But again, Movants need not show such

---

[4]    Additionally, while Bravo Luck argues that, the issue of whether the consent rights under the Settlement Agreement are vague is not ripe at this time because the terms are not currently being interpreted by the Court. Bravo Luck Objection ¶ 7.  However, the interpretation of the terms is not at issue, rather the vague scope of the consent rights is yet another reason why the Movants do not seek to move forward with the sale process pursuant to the Settlement Agreement.

cause because the sale process pursuant to the Settlement Agreement has expired and Movants do **not** seek to revive it.

5.      To reiterate, Movants simply seek authorization to continue to attempt to sell the Sherry Netherland Apartment under the auspices of the Sales Officer and with the assistance of Sotheby's.  There is no basis to resort to Rule 60 or require Movants to show as to why the sale process pursuant to the Settlement Agreement should be modified.  No such modification is being sought by Movants for the simple reason that the sale process under the Settlement Agreement has expired.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, the Movants respectfully request that the Court overrule the Objections and enter the Proposed Order granting the relief requested in the Motion and such other relief as is just and proper.

Dated: January 20, 2023 at New Haven, Connecticut

GENEVER HOLDINGS LLC

By: /s/ Patrick R. Linsey
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *and*

    Kevin J. Nash, Esq.
    GOLDBERG WEPRIN FINKEL
    GOLDSTEIN LLP
    1501 Broadway, 22nd Floor
    New York, New York 10036
    (212) 221-5700

*Counsel for Genever Holdings LLC*
*Debtor and Debtor-in-Possession*

GENEVER HOLDINGS CORPORATION

By: /s/ Patrick R. Linsey
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com
    plinsey@npmlaw.com

*Counsel for Genever Holdings Corporation*
*Debtor and Debtor-in-Possession*

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: /s/ Patrick R. Linsey
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *and*

    Luc A. Despins, Esq.
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6000

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| HO WAN KWOK, *et al.*[1] | 22-50073 (JAM) |
| Debtor. | (Jointly Administered) |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Reply was electronically filed. Notice of the filing was sent by e-mail to all parties to the above-captioned chapter 11 case qualified to receive electronic notice by operation of the Court's electronic filing ("<u>CM/ECF</u>") system. Parties may access this filing through the Court's CM/ECF system.

Dated:         January 20, 2023
                   New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).