**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
:
In re:                                         :    Chapter 11
                                               :
HO WAN KWOK, *et al.*,[1]                      :    Case No. 22-50073 (JAM)
                                               :
    Debtors.                                   :    (Jointly Administered)
                                               :
---------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULE 9006(c)(1), TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING UBS AG TO COMPLY WITH RULE 2004 SUBPOENA**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed with respect to the debtor Ho Wan Kwok's (the "Individual Debtor's") chapter 11 case (the "Chapter 11 Case"), by and through his undersigned counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee for Entry of Order Compelling UBS to Comply with Rule 2004 Subpoenas* [ECF No. 1362] (the "Motion to Compel").[2] In support of his Motion to Expedite, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Compel.

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). The Motion to Compel, including this Motion to Expedite with respect thereto, is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief sought by this Motion to Expedite is Bankruptcy Rule 9006(c)(1).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

## THE UBS SUBPOENA AND THE MOTION TO COMPEL[3]

8. The Trustee is charged to investigate the Individual Debtor's financial affairs.

9. From his investigation, the Trustee understands that the Individual Debtor, and individuals and entities controlled by or allied with him, have deposited funds at or otherwise had financial relationships with UBS. Among other things, the Individual Debtor at one time held more than $400 million at UBS through what UBS (in its letter to the Sherry Netherland Board) deemed a "personal investment company" (and which the Trustee understands was Bravo Luck).

10. The Trustee thus requested Bankruptcy Rule 2004 discovery from UBS in his First 2004 Motion, which the Court approved by its Rule 2004 Order. Pursuant to the Rule 2004 Order, the Trustee served UBS with the UBS Subpoena. UBS has asserted blanket objections that the documents and information are related to accounts that are located outside the United States.

11. Counsel for the Trustee and UBS have engaged in a meet-and-confer process that stretched for months. Eventually, UBS declined to produce any documents or information in compliance with the UBS Subpoena. Rather, UBS insists that the Trustee undertake legal process (via Hague Convention discovery or recognition proceedings) throughout the world or obtain consent from the individuals and entities affiliated with the Individual Debtor (which consent prior proceedings in these cases make plain will not be forthcoming).

12. Accordingly, the Trustee has filed his Motion to Compel requesting that the Court overrule UBS's objections and direct its compliance with the subpoena.

---

[3] The following summary of the relief sought in the Motion to Compel is qualified in its entirety by the Motion to Compel.

13. The Motion to Compel discusses in detail UBS's prior conduct with respect to the Individual Debtor that was directed towards or occurred within the United States and explains why, under the legal standards binding in this circuit, UBS must comply with the UBS Subpoena.

## RELIEF REQUESTED

14. Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the Motion to Compel upon an expedited basis.

15. The Trustee respectfully requests that the Court schedule a hearing with respect to the Motion to Compel on January 31, 2023, at 2:30 p.m. The Trustee requests that the Court order that any opposition to the Motion to Compel be filed on or before January 27, 2023.

## BASIS FOR RELIEF REQUESTED

16. The Chapter 11 Case has already been pending for nearly one year, and it is critically important that the Trustee's investigation proceed expeditiously and free from obstruction. The Trustee's primary means of conducting the investigation thus far has been by seeking document productions and information pursuant to Bankruptcy Rule 2004 subpoenas. By refusing to comply with the UBS Subpoena, and insisting that the Trustee instead pursue unworkable alternatives, UBS is delaying the Trustee's investigation and prejudicing these estates.

17. As explained in the Motion to Compel, the Trustee has worked diligently with UBS *for months* to provide information and records in an effort to facilitate and expedite UBS's production. UBS's response to these efforts was to decline compliance and insist that the Trustee pursue discovery by other means (*i.e.*, legal process in countries throughout the world).

18. The Trustee's investigation must move forward without further delay. Accordingly, its is imperative that the Motion to Compel be heard as soon as possible.

19.     UBS has been represented by outside counsel with respect to the UBS Subpoena since November 2022. The Trustee advised UBS on January 19, 2023, that unless UBS agreed to comply with the UBS Subpoena, the Trustee would be filing the Motion to Compel. The Trustee also cited the relevant legal standards requiring UBS's compliance to UBS. On January 20, 2023, in an final meet-and-confer, counsel for the parties discussed these standards. As set forth in the Certificate of Service appended hereto, the Trustee served UBS's counsel with a copy of the Motion to Compel (as well as this Motion to Expedite) by email immediately upon its filing.

20.     Accordingly, UBS is in a position to respond to the Motion to Compel on the timeframe requested by this Motion to Expedite.

21.     Further, there are already matters scheduled to be heard on January 31, 2023, including another Bankruptcy Rule 2004 motion to compel, such that hearing the Motion to Compel regarding UBS would promote judicial efficiency.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Motion to Compel for January 31, 2023, at 2:30 p.m., scheduling a deadline to object to the Motion to Compel for January 27, 2023, and ordering such other and further relief as is just and proper.

Dated:    January 23, 2023    LUC A. DESPINS,
          New Haven, Connecticut    CHAPTER 11 TRUSTEE

                                   By: */s/ Patrick R. Linsey*
                                       Douglas S. Skalka (ct00616)
                                       Patrick R. Linsey (ct29437)
                                       NEUBERT, PEPE & MONTEITH, P.C.
                                       195 Church Street, 13th Floor
                                       New Haven, Connecticut 06510
                                       (203) 781-2847
                                       dskalka@npmlaw.com
                                       plinsey@npmlaw.com

                                       *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                            :

In re:                                :    Chapter 11

HO WAN KWOK, *et al*.,[1]         :    Case No. 22-50073 (JAM)

       Debtors.           :    (Jointly Administered)

---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the chapter 11 trustee's (the "Trustee") *Motion of Chapter 11 Trustee for Entry of Order Compelling UBS to Comply with Rule 2004 Subpoenas* [ECF No. 1362] (the "Motion to Compel"); and good cause appearing, it is hereby

**ORDERED,** that a hearing on the Motion to Compel shall be held on **January 31, 2023, at 2:30 p.m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

**ORDERED,** that the deadline to object to the Motion to Compel shall be January 27, 2023; and it is further

**ORDERED,** that a copy of this Order, along with the Motion to Compel and any attachments thereto, shall be served upon all parties to the above-captioned case able to receive electronic notice, and the Trustee shall file a certificate of service in advance of the Hearing.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :    Case No. 22-50073 (JAM)
                                                         :
         Debtors.                                        :    (Jointly Administered)
                                                         :
---------------------------------------------------------x

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2023, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system. Copies of the foregoing Motion and the Motion to Compel discussed therein were also emailed to counsel for UBS at lisa.fried@hsf.com. Parties may access this filing through the Court's CM/ECF system.

Dated:   January 23, 2023           LUC A. DESPINS,
         New Haven, Connecticut     CHAPTER 11 TRUSTEE

                                    By: */s/ Patrick R. Linsey*
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).