UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

**UBS AG'S MOTION TO (1) VACATE ORDER GRANTING MOTION TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING UBS AG TO COMPLY WITH RULE 2004 SUBPOENA ("MOTION TO COMPEL"), PURSUANT TO BANKRUPTCY RULE 9024 AND FEDERAL RULE OF CIVIL PROCEDURE 60, AND (2) ENLARGE TIME FOR UBS TO RESPOND TO MOTION TO COMPEL TO FEBRUARY 13, 2023 AND ADJOURN HEARING ON MOTION TO COMPEL, PURSUANT TO BANKRUPTCY RULE 9006(b)(1)**

Non-party UBS AG ("UBS"), by and through its undersigned counsel, respectfully submits this motion (1) pursuant to Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure, to vacate the Order Granting Motion to Expedite Hearing (the "Order Expediting Hearing," [ECF No. 1370]), entered by the Court on January 24, 2023, granting the Motion to Expedite the Hearing on the Motion of Chapter 11 Trustee for Entry of Order Compelling UBS to Comply With Rule 2004 Subpoena (the "Motion to Compel," [ECF No. 1362]), filed on January 23, 2023 by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee"); and (2) pursuant to Bankruptcy Rule 9006(b)(1), to enlarge the time for UBS to respond to the Motion to Compel to February 13, 2023. UBS would be prepared to attend a hearing on the Motion to Compel after that date, at the Court's convenience, but in light of the just-filed Order Directing the Parties to Mediation [ECF No. 1373], entered on January 24, 2023 – which *inter alia* stayed all hearings after January 31, 2023 (*see id*. at 6) – UBS does not now propose a new hearing date.

UBS remains willing to meet and confer with the Trustee's counsel in the meantime, to see if further progress can be made toward resolving or limiting the issues in dispute.

The Order Expediting Hearing, entered this morning, provides UBS with only four days in which to respond to the Motion to Compel (which, together with the Motion to Expedite Hearing, was only filed yesterday). The Court granted the Motion to Expedite before UBS responded, although UBS's counsel had notified the Court and the Trustee's counsel earlier this morning of UBS's intention to respond to the Motion to Expedite today. UBS respectfully submits that the Order Expediting Hearing should be vacated, because the Trustee failed to make even a bare showing of the requisite "cause" for his request to shorten UBS's time and require it to file its response no later than January 27, 2023, and UBS will suffer substantial prejudice if the Order Expediting Hearing remains in effect.

UBS requires more than four days in which to support its response to the Motion to Compel with: (i) declarations on foreign law explaining that complying with the Rule 2004 Subpoena served on UBS (the "Subpoena") would require UBS to violate the law of certain jurisdictions, setting out the adverse consequences UBS could suffer in those jurisdictions if it were ordered to comply with the Subpoena, and describing alternative methods the Trustee could use to pursue the discovery requested in the Subpoena that would not require UBS to violate foreign law; and (ii) declarations of one or more UBS representatives establishing the impracticability of compliance with the Subpoena for UBS, given its scale and breadth of operations in multiple jurisdictions and the almost limitless range of documents the Trustee seeks in the Subpoena. UBS therefore requests that the Order Expediting Hearing be vacated and UBS's time to respond to the Motion to Compel be enlarged to February 13, 2023.

As shown below, the Trustee, in the Motion to Expedite, failed to make any specific showing of urgency and gave short shrift to UBS's record of good-faith cooperation – which the Trustee's counsel acknowledged in his declaration in support of the Motion to Compel [ECF No. 1362, Declaration of Patrick R. Linsey, at ¶ 2] – and provision of extensive information to the Trustee over the course of the meet-and-confer process to date. UBS, moreover, is working diligently to obtain declarations on foreign law from legal experts in Hong Kong and Switzerland, supporting its planned response to the Motion to Compel. However, in light of the challenges posed by coordinating work in multiple time zones and Lunar New Year holidays occurring this week and next in Hong Kong, UBS requires additional time to obtain those declarations as well as to finalize declarations of one or more UBS representatives. UBS will be severely prejudiced if it were required to respond to the Motion to Compel without these declarations.

UBS has accordingly moved for an order (i) vacating the Order Expediting Hearing and (ii) enlarging UBS's time to respond to the Motion to Compel to February 13, 2023, so that it will have sufficient time to substantively respond to the Motion to Compel. In support of its Motion to Vacate and to Enlarge Time, UBS respectfully states as follows:

## BACKGROUND

1. The Trustee served the exceedingly broad Subpoena, demanding that UBS produce a staggering range of information and documents relating to Debtor Ho Wan Kwok and 26 other individuals and entities[1] purportedly associated with him (the "2004 Discovery Targets"). The Subpoena seeks numerous types of documents[2] going back 11 years, to January 1, 2012, and the

---

[1] These are merely the discovery targets that are specifically identified; the Subpoena defines "Debtor" to include not only Mr. Kwok but also his "employees, agents, counsel, advisors, or anyone acting on his behalf," making it impossible to know with certainty who the actual discovery targets are.

[2] The Subpoena defines "Documents" to include "electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans articles, specification, diaries, letters, telegrams, photographs, minutes,

Trustee's counsel, during the parties' meet and confer discussions, has insisted that the Trustee seeks documents held by UBS anywhere on earth. Nonetheless, in his motion for leave to serve the Subpoena [ECF No. 839], the Trustee indicated that the Subpoena should be directed to "UBS AG Hong Kong branch" (*see id.* at Exhibit B at 4), suggesting that his primary, albeit not sole, jurisdiction of interest is Hong Kong.

2. On October 12, 2022, UBS served its objections to the Subpoena. Counsel for UBS and the Trustee respectively participated in a series of telephonic meet-and-confer discussions commencing on November 23, 2022. Throughout this process, over the past several weeks, UBS – far from "refusing to comply with the UBS Subpoena" (Motion to Expedite ¶ 16) – has worked in good faith to provide to the Trustee information it could supply without violating the laws of jurisdictions in which UBS operates and to propose procedures that would enable the Trustee to seek the additional information sought in the Subpoena without putting UBS in legal jeopardy abroad. Among other things, UBS's external counsel asked the Trustee's counsel to provide UBS with a list of jurisdictions of primary interest to the Trustee to assist UBS in responding to the Subpoena. On January 10, 2023, the Trustee's counsel confirmed that the jurisdictions in which the Trustee was primarily interested were the United States, the United Kingdom, the British Virgin Islands, Hong Kong, the People's Republic of China (the "PRC"), and Switzerland. UBS subsequently determined the scope of the information potentially responsive to the Subpoena it was able to provide to the Trustee relating to those jurisdictions. On the parties' most recent meet-

---

contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, film, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or marking of any kind not found on the original documents or that are otherwise not identical to the original documents." Subpoena, at 11.

and-confer telephone call on January 20, 2023, UBS's external counsel informed the Trustee's counsel that:

a. UBS had not identified any responsive accounts in the United States, the United Kingdom or the British Virgin Islands relating to any of the 2004 Discovery Targets that are not also claimants in a pending proceeding between those claimants and UBS in the United Kingdom;

b. UBS expected to soon be in a position to update the Trustee with respect to the PRC but would need additional time, in part because of the Lunar New Year holiday (celebrated January 22 through February 5, 2023), during which business in the PRC slows in a manner analogous to the US holiday period between Christmas and New Year's Day; and

c. With respect to Switzerland and Hong Kong, assuming that UBS had any responsive materials in those jurisdictions, UBS would not be able to produce any information or documents in response to the Subpoena without violating those jurisdictions' laws, which carry severe, and in certain circumstances criminal, penalties for violation. However, as UBS's external counsel had explained on several of the parties' earlier meet-and-confer calls, the Trustee could instead seek disclosure from those jurisdictions *either* by (i) proceeding under the Hague Evidence Convention or, (ii) seeking judicial recognition in Hong Kong of this U.S. bankruptcy case, which could lead to local court orders with which UBS could comply, eliminating the risk of it violating the law of those jurisdictions. UBS's external counsel – again, not for the first time – also explained that UBS would not object if the Trustee proceeded via either or both of these alternative paths and that, to the extent any potentially responsive materials existed in Switzerland or Hong Kong, UBS was prepared to review and prepare such materials for production in parallel with the Trustee making his applications under the Hague Evidence Convention or for foreign recognition, to avoid any delay once appropriate court orders were issued requiring production in those jurisdictions.

3.      It therefore simply is not true that "UBS has asserted blanket objections that the documents and information [the Trustee seeks] are related to accounts that are located outside the United States" (Motion to Expedite ¶ 10) or that "UBS declined to produce any documents or information in compliance with the UBS Subpoena." (Motion to Expedite ¶ 11). Nor did UBS "insist[] that the Trustee undertake legal process (via Hague Convention discovery or recognition proceedings) *throughout the world.*" (*Id.*; emphasis added). Rather, UBS proposed viable and

well-recognized alternative paths for the Trustee to seek the information he requests without putting UBS in violation of other jurisdictions' laws. And, contrary to the Trustee's assertion, those alternatives are anything but "unworkable." (Motion to Expedite ¶ 16).  For example, federal courts frequently require litigants to resort to Hague Evidence Convention procedures.  *See, e.g., Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 160 (S.D.N.Y. 2011) (magistrate judge's ruling) (directing plaintiffs to request information they sought in China through the Hague Convention), *aff'd*, 2011 WL 11562419 (S.D.N.Y. 2011). During the January 20, 2023 meet-and-confer telephone call, the Trustee's external counsel stated that, rather than pursue any of the alternative paths UBS had outlined (and agreed not to oppose), the Trustee planned to file the Motion to Compel.

4. On January 23, 2023, the Trustee filed the Motion to Compel and Motion to Expedite.  At 8:44 a.m. today, UBS's counsel, copying the Trustee's counsel, sent an email to the Court at "CourtroomDeputy_Bridgeport@ctb.uscourts.gov" providing the Court and the Trustee's counsel with  notice that UBS intended to "file slightly later this morning an objection to the Chapter 11 Trustee's motion of yesterday seeking an expedited hearing [ECF No. 1363] in connection with the Trustee's motion to compel compliance with Rule 2004 subpoena [ECF No. 1362], and a cross-motion seeking to set the hearing on the Trustee's motion to compel no earlier than February 15 and UBS's time to respond to the motion to compel as February 13."  The Court issued the Order Expediting Hearing before UBS could file its objection to the Motion to Expedite.

## ARGUMENT

**The Order Expediting Hearing Should Be Vacated**

5. Fed. R. Civ. P. 60, made applicable by Bankruptcy Rule 9024, provides that the Court may grant relief from an order under various circumstances.  Here, where (i) the Trustee

failed to make any showing of good "cause" in support of his motion for the extraordinary relief of an expedited hearing; (ii) the Order Expediting Hearing will result in serious prejudice to UBS; and (iii) UBS – a non-party to these proceedings – had an insufficient opportunity to respond to a motion that had been filed only the previous day, UBS respectfully submits that the Court should vacate the Order Expediting Hearing.

6. Fed. R. Bankr. P. 9006(c)(1), on which the Trustee based his Motion to Expedite, provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown* may in its discretion with or without motion or notice order the period reduced." (emphasis added). "In considering such motions, courts should balance possible prejudice to other parties against the reasons advanced for reducing the time." 10 Collier on Bankruptcy ¶ 9006.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). "The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986) (collecting cases); *In re A.H. Coombs, LLC,* No. BR 16-25559, 2016 WL 7985367, at *3 (Bankr. D. Utah Dec. 22, 2016) ("motions to expedite should be used sparingly, rather than as a matter of course"), citing *In re Villareal*, 160 B.R. 786, 787-88 (Bankr. W.D. Tex. 1993) (same).

7. UBS does not dispute the generic point that the Trustee's investigation should proceed "expeditiously and free from obstruction." (Motion to Expedite ¶ 16.) And UBS has in no way sought to prevent the investigation from proceeding, despite the Trustee's baseless assertion that UBS has dragged its feet and "refus[ed] to comply" (*id.*). To the contrary, UBS has made clear to the Trustee since the parties first began meeting and conferring that UBS wishes to

cooperate and respond to the Subpoena but simply cannot do so without running afoul of foreign legal requirements in jurisdictions where it operates.

8. The Trustee failed to establish the "cause" required by Rule 9006(c)(1). In support of his Motion to Expedite, the Trustee stated only in conclusory terms that "UBS is delaying the Trustee's investigation and prejudicing these estates." (Motion to Expedite ¶ 16.) The Trustee, however, nowhere even attempted to explain how the estates would be prejudiced unless UBS was required to respond to a sweeping Motion to Compel on just four days' notice, or to otherwise demonstrate the existence of the "cause" that it was his burden to establish to obtain extraordinary relief under Rule 9006(c)(1). Despite asserting that "it is imperative that the Motion to Compel be heard as soon as possible" (Motion to Expedite ¶ 18), the Trustee cited no emergency that would occur between January 27 and the response date UBS requests, February 13. The Motion to Expedite therefore should be vacated. *See In re S. Willow Creek Farm*, 251 B.R. 441 (B.A.P. 10th Cir. 1999) (reversing grant of an expedited hearing because the moving party failed to "provide evidence in its motion that if the motion is not granted there [would be] a danger of irreparable harm or clear prejudice to the moving party"). Moreover, given the Court's directions in this afternoon's Order Directing the Parties to Mediation [ECF No. 1373], there is no pressing reason for the Court to take up this complicated discovery dispute on an expedited basis.

9. It is of no moment that, as the Trustee argued, "there are already matters scheduled to be heard on January 31, 2023." "Administrative convenience does not justify an abbreviated notice." *Sandra Cotton*, 65 B.R. at 156. In any event, the Court can always reschedule the hearing for a date convenient to it and the parties.

**UBS's Motion to Enlarge UBS's Response Date to February 13, 2023 Should Be Granted**

10. Pursuant to Bankruptcy Rule 9006(b)(1), "when an act is required or allowed to be done at or within a specific period . . . by order of court, the court for cause shown may at any time in its discretion … order the period enlarged if the request therefor is made before the expiration of the period originally prescribed…" "The standard 'for cause shown' is determined on a case-by-case basis, and courts generally grant such motions absent a showing of bad faith or prejudice to the nonmoving party." § 5:34. Rule 6: Bankruptcy Rule 9006—Enlargement, 1 Bankruptcy Litigation § 5:34. Here, not only did the Trustee fail to demonstrate "cause" for shortening UBS's response time, but UBS has shown "cause" for granting its motion to enlarge its response date to February 13, 2023.

11. The Order Expediting Hearing provides UBS with just four days to respond to the Motion to Compel. UBS is in the process of obtaining expert declarations on foreign law from Hong Kong and Switzerland, as well as declarations of one or more UBS representatives to demonstrate that compliance with the Subpoena as drafted would be impracticable, to support its response to the Motion to Compel.

12. In particular, the expert declarations on foreign law will demonstrate to the Court the hardships UBS could suffer if it were required to violate the laws of Hong Kong and Switzerland if it were required to produce information or documents from those jurisdictions except through the Hague Evidence Convention or other appropriate channels. Those declarations will also address the viability and feasibility of those channels, contrary to the Trustee's dismissive *ipse dixit* assertion that they are "unworkable." As UBS will detail in its response to the Motion to Compel, the hardship to a foreign entity in complying with a U.S. subpoena that raises a conflict with foreign law and the availability of other methods for the production of the documents sought

are critical factors in determining whether such a subpoena should be enforced. *See, e.g., Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. Of Iowa*, 482 U.S. 522, 543-44 (1987) (identifying factors that courts should consider before overruling foreign entities' comity-based objections); *Minpeco, S.A. v. Conticommodity Services, Inc.*, 116 F.R.D. 517, 529-30 (S.D.N.Y. 1987) (holding that balance of relevant factors did not favor compelling disclosure of requested information, which was protected by Swiss bank secrecy laws). Preparation of the expert declarations on foreign law requires close coordination among individuals located in multiple time zones around the world and is further complicated by the fact that the Lunar New Year holiday presently has slowed business in Hong Kong considerably. Case law expounding on the balancing test courts must apply when determining whether to enforce a subpoena against a foreign entity focuses, among other things, on exactly the type of hardship that will be addressed in the declarations being prepared. *See, e.g., Minpeco*, 116 F.R.D. at 522, 525-26.

## CONCLUSION

13. In sum: (a) the Court should vacate the Order Expediting Hearing because the Trustee did not establish cause to shorten to four days UBS's time to respond to the Motion to Compel, and UBS will be unfairly prejudiced if required to respond to the Motion to Compel in such an artificially constrained time frame; and (b) UBS's motion to enlarge should be granted because it has established cause for an order, pursuant to Rule 9006(b)(1), setting its time to respond to the Motion to Compel as February 13, 2023 and rescheduling the hearing for a mutually convenient date in the future.

**WHEREFORE,** UBS respectfully requests that the Court vacate the Order Expediting Hearing and enter an Order enlarging UBS's deadline to respond to the Motion to Compel to February 13, 2023.

Dated:　　　January 24, 2023

　　　　　　　　　　　　　　　　　　　　　　　UBS AG

　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Marc J. Gottridge*
　　　　　　　　　　　　　　　　　　　　　　　Marc J. Gottridge (ct12094)
　　　　　　　　　　　　　　　　　　　　　　　Lisa J. Fried (*admission pending*)
　　　　　　　　　　　　　　　　　　　　　　　HERBERT SMITH FREEHILLS
　　　　　　　　　　　　　　　　　　　　　　　　　NEW YORK LLP
　　　　　　　　　　　　　　　　　　　　　　　450 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　　　　(917) 542-7600
　　　　　　　　　　　　　　　　　　　　　　　marc.gottridge@hsf.com
　　　　　　　　　　　　　　　　　　　　　　　lisa.fried@hsf.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Non-Party UBS AG*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2023, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anybody unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3] Parties may access this filing through the Court's CM/ECF system.

Dated:  January 24, 2023

UBS AG

By:  */s/ Marc J. Gottridge*
Marc J. Gottridge (ct12094)
Lisa J. Fried (*admission pending*)
HERBERT SMITH FREEHILLS
    NEW YORK LLP
450 Lexington Avenue
New York, New York 10017
(917) 542-7600
marc.gottridge@hsf.com
lisa.fried@hsf.com

*Counsel for Non-Party UBS AG*

---

[3] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.