**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------x

**OBJECTION OF CHAPTER 11 TRUSTEE TO**
**UBS AG'S MOTION TO (1) VACATE ORDER GRANTING MOTION TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING UBS AG TO COMPLY WITH RULE 2004 SUBPOENA ("MOTION TO COMPEL"), PURSUANT TO BANKRUPTCY RULE 9024 AND FEDERAL RULE OF CIVIL PROCEDURE 60, AND (2) ENLARGE TIME FOR UBS TO RESPOND TO MOTION TO COMPEL TO FEBRUARY 13, 2023 AND ADJOURN HEARING ON MOTION TO COMPEL, PURSUANT TO BANKRUPTCY RULE 9006(B)(1)**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the Ho Wan Kwok's (the "Individual Debtor") chapter 11 case (the "Chapter 11 Case"), hereby respectfully objects (the "Objection") to the *Motion to (1) Vacate Order Granting Motion to Expedite Hearing on Motion of Chapter 11 Trustee for Entry of Order Compelling UBS AG to Comply with Rule 2004 Subpoena, Pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60, and (2) Enlarge Time for UBS to Respond to Motion to Compel to February 13, 2023 and Adjourn Hearing on Motion to Compel, Pursuant to Bankruptcy Rule 9006(b)(1)* [ECF No. 1381] (the "Motion to Vacate") filed January 24, 2023 by UBS AG ("UBS") seeking to vacate

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

or modify the Court's Order scheduling a hearing and response deadline (the "Hearing Order") with respect to the *Motion of Chapter 11 Trustee for Entry of Order Compelling UBS AG to Comply with Rule 2004 Subpoena* (the "Motion to Compel"). In support of his Objection, the Trustee respectfully states the following:

## FACTUAL BACKGROUND

**The Trustee Subpoenaed UBS Under Bankruptcy Rule 2004, Because the Debtor Held Assets at UBS and UBS Undertook Conduct Both Within and Directed Towards the United States**

1. On September 7, 2021, the Trustee filed his First Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliates with the Debtor, and Relevant Banks (the "First Omnibus 2004 Motion") seeking discovery with respect to various legal and financial advisors to the Individual Debtor, persons affiliated with the Individual Debtor, and, as relevant here, banks at which the Individual Debtor and persons and entities related to the Individual Debtor are believed to have deposited funds or conducted financial transactions.

2. In particular, the Individual Debtor, and individuals and entities controlled by or allied with him, held substantial assets at UBS, borrowed from, and otherwise did business with and through UBS. This is shown by, among other things, documents and information obtained by the Trustee reflecting accounts at UBS in the name of Bravo Luck Limited ("Bravo Luck") – an entity the Individual Debtor previously owned (and which is now allegedly owned by the Individual Debtor's son), and which the Trustee's investigation suggests received, held, and distributed millions of dollars on the Individual Debtor's behalf. The Individual Debtor was a signatory with respect to these Bravo Luck accounts.

3. Indeed, UBS's involvement with the Individual Debtor is exemplified by a reference letter that UBS provided to the Sherry Netherland Board of Directors in 2015 (the "Sherry Netherland Board"), wherein UBS represented that the Individual Debtor had been "a client of ours through a personal investment company since July 2012" with "funds involved in this banking relationship [of] not less than USD400,000,000." UBS issued the UBS Letter from its office in Hong Kong (the "Hong Kong Branch") to the Sherry Netherland Board in Manhattan, presumably at the Individual Debtor's direction.[2]

4. Still further, the Trustee has obtained records reflecting that the UBS office located in Stamford, Connecticut (the "Stamford Branch") was involved in transactions that transferred millions of dollars funds from Bravo Luck's accounts at UBS. Thus, on numerous occasions, UBS has conducted business involving the Individual Debtor either within the United States or, in the case of the UBS Letter, directed to the United States.

5. For these reasons, among others, the Trustee included UBS in his First Rule 2004 Motion. UBS did not object to the First Rule 2004 Motion, which the Court granted by its *Order Granting First Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliates with the Debtor, and Relevant Banks* dated September 21, 2022 (ECF No. 866, the "Rule 2004 Order").

6. Pursuant to the Rule 2004 Order, the Trustee issued a subpoena to UBS (the "UBS Subpoena"), which subpoena was served on UBS at its Stamford Branch on September 26, 2022.

---

[2] This letter was among the documents that the Sherry Netherland Board relied upon in approving the Individual Debtor's purchase, through co-debtors Genever Holdings Corporation ("Genever (BVI)") and Genever Holdings LLC ("Genever (US)") and, together with the Individual Debtor and Genever (BVI), collectively, the "Debtors"), a condominium at the Sherry Netherland Hotel in Manhattan for approximately $70 million.

**UBS Has Had Months to Comply with the Subpoena – But Refuses to Do So**

7.     UBS served the Trustee with blanket objections (the "Objections") on October 12, 2022. UBS's Objections did not specifically respond to the requests in the Requests for Production appended to the UBS Subpoena. Rather, they recited a blanket objection to producing documents related to accounts purportedly located in jurisdictions outside of the United States.[3]

8.     Over a period of several months, the Trustee and UBS met and conferred regarding the UBS Subpoena. The parties' counsel held at least half a dozen telephone conferences and exchanged numerous emails. UBS first requested time to ascertain what documents and information are responsive to the UBS Subpoena and to consider its willingness to comply with the UBS Subpoena. The Trustee cooperated to provide UBS information in an effort to aid and expedite its review and compliance, including a copy of the UBS Letter and information reflecting the involvement of the Stamford Branch with respect to relevant accounts and transactions.

9.     UBS eventually informed the Trustee earlier this month that it will not produce *any* documents or information – or even disclose what documents or information exist – responsive to the UBS Subpoena, because of banking privacy laws in foreign jurisdictions. Meanwhile, UBS has refused to confirm the individuals and entities for which it has responsive documents or even list the countries where it alleges responsive documents must be pursued. Thus, following the logic of UBS, in order to obtain documents responsive to the UBS Subpoena[4], the Trustee would

---

[3] UBS's Objections also stated blanket objections on other grounds. For the most part, the Trustee understood these to be resolved during the meet-and-confer or subsumed by UBS's objection to production on jurisdictional/foreign law grounds as discussed herein and in the Motion to Compel. With respect to the "pending proceeding" doctrine, UBS's discussion of that doctrine is overbroad, and, in any event, UBS did not raise this in its Objections and thus it is waived as grounds to object to production.

[4] UBS has stated only that "accounts" do not exist in the United States, the United Kingdom, and the British Virgin Islands. As the map of UBS's global presence reflects, numerous jurisdictions remain scattered across six continents. Throughout the meet-and-confer process, UBS has sought to put the onus on the Trustee to name specific jurisdictions where UBS should search its documents and information. While the Trustee has noted certain jurisdictions of particular interest (again, in the hopes of expediting production), the Trustee has likewise been clear that it is not his obligation to tell UBS where it maintains its own documents and information.

need to pursue Hague Convention discovery or commence recognition proceedings in *dozens of countries* throughout the world where UBS has branches.

10. Alternatively, UBS has suggested that the Trustee secure consent from individuals and entities associated with the Individual Debtor. Obviously, such consent is not likely to be forthcoming, considering the posture of these cases. Rather, as the Court recently noted, the Trustee's investigation "has been met with opposition at every step in the process …" *Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, Adv. Pro. 22-05032 (Jan. 11, 2023) [ECF No. 128] (the "Injunction Decision") at p. 37.[5] The Trustee has explained to UBS that these are not workable alternatives.

**The Trustee Provided UBS Advance Notice of the Motion to Compel**

11. Accordingly, on January 23, 2023, the Trustee has filed his Motion to Compel requesting that the Court overrule UBS's objections and direct its compliance with the subpoena.

12. To ensure that UBS was provided ample notice, and in the spirit of professional courtesy, as early as January 13, 2023, the Trustee's counsel advised counsel for UBS that the Trustee was contemplating moving to compel compliance, and on January 19, 2023, Trustee's counsel emailed counsel for UBS and stated, among other things: "Unless UBS is prepared to produce documents responsive to the subpoena in the immediate future, the trustee will be filing a motion to compel." In that email, Trustee's counsel also provided relevant Second Circuit authority also included in the Trustee's Motion to Compel.

13. The Trustee moved for expedited determination of the Motion to Compel. Motion, Pursuant to Bankruptcy Rule 9006(c)(1), to Expedite Hearing on *Motion of Chapter 11 Trustee*

---

[5] The Trustee has already issued subpoenas to several of the entities from which UBS suggests the Trustee seek consent (*i.e.*, Lamp Capital LLC and Golden Spring (New York) Ltd.), and the entities simply ignored them. (*See* Motion to Compel [ECF No. 1046].) The notion that such entities would now provide the Trustee consent to obtain records from UBS is absurd.

*for Entry of Order Compelling UBS AG to Comply with Rule 2004 Subpoena* [ECF No. 1363] (the "Motion to Expedite").

14. In addition to discussing the Trustee's urgent need to obtain responsive documents and information from UBS without delay, and the protracted meet-and-confer process, the Motion to Expedite also discussed the advance notice that the Trustee provided UBS.

## **OBJECTION**

15. Rather than simply responding to the Trustee's twelve-page Motion to Compel, UBS has filed a ten-page Motion to Vacate seeking to relitigate the Court's scheduling of a hearing. This is only the latest development in the more than three months UBS has persisted in its refusal to produce documents and information responsive to the UBS Subpoena. **Enough is enough.**

16. UBS has had months to comply with the UBS Subpoena. Failing voluntary compliance, UBS has had months to articulate its excuses for refusing to comply. The notion that it now requires an additional three weeks to tell the Court why it will not produce responsive documents or information defies logic.

### **After Three Months, Any Objection that UBS is Unable to Articulate Now Is Waived**

17. Any basis for objection that UBS cannot presently articulate is not timely raised and thus may not excuse compliance. It is axiomatic that discovery objections not timely made are waived. *See, e.g., Cohalan v. Genie Indus.*, 276 F.R.D. 161, 164 (S.D.N.Y. 2011); *Berube v. A&P*, 2007 U.S. Dist. LEXIS 177, *2 (D. Conn. Jan. 3, 2007); *Israel v. Carpenter*, 2002 U.S. Dist. LEXIS 11792, *3 (S.D.N.Y. June 28, 2002) (non-party" waived any objections [to subpoena] by failing to raise them in a timely manner").

18. During the parties' lengthy meet-and-confer process, UBS repeatedly stated that it was engaging in internal conferences and review with respect to the UBS Subpoena. Finally,

6

earlier this month, UBS claimed that foreign law prevented it from producing any documents or information responsive to the UBS Subpoena. The parties' counsel engaged in three telephone conferences in the last two weeks to discuss UBS's position with respect to foreign law.

19. Now, UBS claims to require an additional three weeks to prepare declarations explaining its theories to refuse compliance. This begs the question: **If UBS cannot immediately explain why it is not complying with the UBS Subpoena, what has UBS been doing for the last three months?** Whatever the answer, it is plain that UBS is not entitled to further delay.

**The Hearing Notice Provides UBS Adequate Notice to Prepare**

20. The Court's Hearing Order provides UBS sufficient time to address the Motion to Compel. First, the Motion to Vacate omits to discuss advance notice that the Trustee provided UBS of the likelihood the Trustee would be filing a motion to compel, starting January 10, 2023. On January 19, 2023, the Trustee told UBS that it was prepared to file a motion to compel if UBS did not comply with the UBS Subpoena and provided UBS the same line of Second Circuit authority cited in the Trustee's Motion to Compel.

21. That the Court's hearing Order was met only hours later with the Motion to Vacate demonstrates that UBS and its counsel have adequate resources to respond to the Motion to Compel. If UBS wishes to cite or otherwise discuss foreign law, it may do so in its opposition.

22. Moreover, UBS's stated intention to rely on "declarations on foreign law from legal experts in Hong Kong and Switzerland" (Motion to Vacate at p. 3) is of dubious import unless UBS also discloses and produces these declarants for cross-examination. If were to do so, UBS should not need to file these declarations by the response date.[6]

---

[6] To be crystal clear, any purported bases to decline compliance that UBS is unable to plainly articulate in an objection to a Motion to Compel immediately are waived.

23. In any event, the authority set forth in the Trustee's Motion to Compel explains that foreign "bank secrecy laws are not a 'get out of jail free' card." *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 364 (S.D.N.Y 2018); *see also Linde v. Arab Bank, PLC*, 706 F.3d 92, 114-116 (2d Cir. 2013).

24. Notwithstanding the foregoing, the Trustee does not object to an extension of time for UBS to respond to the Motion to Compel from January 27, 2023, to January 30, 2023, at 12 noon (*i.e.*, the day prior to the hearing).

**The Court Correctly Granted the Motion to Expedite**

25. The Court's Hearing Order should stand. **As the Court recently found, delay and expense are both immensely prejudicial to the Trustee's investigation and, thus, to these bankruptcy estates.** *See* Injunction Decision at pp. 32-33 ("The delay is particularly harmful because there may not be an adequate remedy at law to compensate for the delay. The Chapter 11 Trustee cannot hire professionals to assist with the investigation without Estate assets and Estate assets may be placed outside the reach of creditors while the investigation continues to be delayed.").

26. Moreover, three months have passed since UBS served its Objections. UBS and the Trustee have engaged in at least half a dozen telephone conferences and exchanged numerous emails. This process has culminated with UBS producing no documents or information responsive to the UBS Subpoena.[7] This likewise supports the Court's exercise of its discretion in granting the Motion to Expedite and entering the Hearing Order.

27. The Court determines the existence of cause to shorten time under Bankruptcy Rule 9006(c) by considering the facts and circumstances of a given case. *See, e.g., In re Landmark*

---

[7] Contrary to the Motion to Vacate at pp. 3-4, information provided by UBS in the nature of its reasoning for not producing materials responsive to the UBS Subpoena, or in the nature of proposing unworkable alternatives, does not represent the provision of documents or information in compliance with the subpoena. The Trustee did not serve the UBS Subpoena to obtain excuses.

*Park Plaza Ltd. Partnership*, 167 B.R. 752, 758 (Bankr. D. Conn. 1994); *Alphas v. Pereira (In re Alphas Co. of N.Y. Inc.)*, 2016 U.S. Dist. LEXIS 11788, *13 (Bankr. S.D.N.Y. Jan. 27, 2016).

28. The Court's determination here was appropriate and well within its discretion. Thus, the Court should deny the Motion to Vacate and determination of the Motion to Compel should proceed as set forth under the Hearing Order.

*[THE REST OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, for the foregoing reasons, the Court should deny the Motion to Vacate and grant such other relief as is just and proper.

Dated:  January 25, 2023           LUC A. DESPINS,
        New Haven, Connecticut     CHAPTER 11 TRUSTEE

                                   By: */s/ Patrick R. Linsey*
                                       Patrick R. Linsey (ct29437)
                                       NEUBERT, PEPE & MONTEITH, P.C.
                                       195 Church Street, 13th Floor
                                       New Haven, Connecticut 06510
                                       (203) 781-2847
                                       plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                :

In re:                                         :        Chapter 11

HO WAN KWOK, *et al.*,[1]           :        Case No. 22-50073 (JAM)

       Debtors.                 :        (Jointly Administered)

---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 25, 2023, the foregoing Objection was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system.

Dated:   January 25, 2023              LUC A. DESPINS,
            New Haven, Connecticut       CHAPTER 11 TRUSTEE

                                                   By: */s/ Patrick R. Linsey*
                                                      Douglas S. Skalka (ct00616)
                                                        Patrick R. Linsey (ct29437)
                                                        NEUBERT, PEPE & MONTEITH, P.C.
                                                        195 Church Street, 13th Floor
                                                        New Haven, Connecticut 06510
                                                        (203) 781-2847
                                                        plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).