# EXHIBIT A

**RULE 2004 SUBPOENA**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  Connecticut

In re  Ho Wan Kwok

Debtor

Case No.  22-50073

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Bravo Luck Limited

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **February 10, 2023, 10 A.M.**<br>**(see attached Bankruptcy Court Order)** |

The examination will be recorded by this method:   court reporter/stenographer

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Requests for Production of Documents, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  January 11, 2023

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Patrick R. Linsey (ct29437)

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Luc Despins, Ch. 11 Trustee     ,  who issues or requests this subpoena, are:

Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, New Haven, Connecticut 06510
 plinsey@npmlaw.com; 203-821-2000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**Requests for Production of Documents**

I.    **INSTRUCTIONS**

    1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

    2.    Electronically stored information must be produced in accordance with the following instructions:

        a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

        b.    <u>Image Load File</u>

            a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b.   Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

    c.   <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

    d.   <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

    e.   <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

    f.   <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to Bravo Luck Limited, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias),
together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue
Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or
anyone acting on her behalf.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the
Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the
Debtor.

7.      "Associated Individuals" means, individually and collectively, all individuals that
(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the
Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated
with one or more Associated Entities, together with the respective employees, agents, counsel,
advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall
include, but are not limited to: Daniel Podhaskie, Jason Miller, Steve Bannon, Karin Maistrello,
Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo
Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie
(a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao
Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li
(a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping
Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明
), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

8

8.      "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., HCHK Property Management, Inc., HCHK Technologies, Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Infinite Increase Limited, Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY

9

Limited, Lexington Property and Staffing, Inc., Long Gate Limited, Next Tycoon Investments Limited, New Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "Any" and "all" and "each" mean "each and every."

12.    "Each" and "every" mean "each and every."

13.    "Third Party" means a Person or Entity other than Yourself.

14.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters,

telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks,

drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers,

notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional

materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-

cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other

kind, and all meta-data thereof, however stored (whether in tangible or electronic form),

recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the

original documents or that are otherwise not identical to the original documents.

16.      "Person(s)" means an individual, corporation, proprietorship, partnership,

association, or any other Entity. "Person" also includes any agent, representatives, or expert,

including but not limiting to, attorneys or financial advisors.

17.      "Entity" means any natural Person, corporation, partnership, subsidiary, sole

proprietorship, firm, board, joint venture, association, agency, authority, commission or other

business entity or juristic Person, as well as any affiliate, agent, parent including but not limited

to legal counsel, financial advisors, or any other representative.

18.      "Regarding" means concerning, describing, comprising, referring to, related to,

supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection

with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to,

connected with, commenting on, in respect of, about, in relation to, discussing, showing,

describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject

matter, means, without limitation, any document that constitutes, comprises, involves, contains,

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to

the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without

limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or

otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or

replies, whether in person, by telephone, in writing, or by means of electronic transmittal

devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally

or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value,

including but not limited to any resource with economic value that is owned, controlled or is for

the benefit of an entity, that is expected to provide a future benefit, including but not limited to,

all real and personal property, intangible property, investments, rights to invest or to future

revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity,

and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the

Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate,

or an Associated Entity.

2.      All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

5.      All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

13

8.      All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

9.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

10.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

11.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

12.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledges of Your Assets to any other Entity.

21.     All Documents related to the purported Declaration of Trust and Agreement, dated February 17, 2015, entered into by the Debtor, as Trustee, Genever Holdings Corporation, and Genever Holdings LLC, in favor of Bravo Luck Limited, as beneficiary.

22.    All Documents related to Transfers you received in January 2015 from HK International Funds Investment (USA) Limited, LLC, Hong Kong International Funds Investments Limited, and/or Eastern Profit Corporation Limited in the approximate amount of $520 million.

23.    All Documents related to any Assets that You, the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, ever held at UBS AG (or any affiliated Entities) including, without limitation, that with respect to "Portfolio 371236."

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                            _____
                                                                             *Server's signature*

                                                            _____
                                                                            *Printed name and title*


                                                            _____
                                                                              *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

### (c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

### (g) Contempt.
The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-------------------------------------------------------x
:
In re:                                          :     Chapter 11
                                                :
HO WAN KWOK,                                    :     Case No. 22-50073 (JAM)
                                                :
            Debtor.                             :     RE: ECF No. 638
                                                :
-------------------------------------------------------x

## ORDER
## GRANTING CHAPTER 11 TRUSTEE'S APPLICATION
## FOR RULE 2004 DISCOVERY WITH RESPECT TO VARIOUS ENTITIES AND
## INDIVIDUALS AFFILIATED WITH DEBTOR

Upon consideration of the Application seeking an order authorizing a Federal Rule of
Bankruptcy Procedure 2004 examination of the Entities and Individuals listed on Exhibit B thereto
(the "Application", ECF No. 638), filed by Luc Despins, as the appointed Chapter 11 Trustee to
the Debtor's estate (the "Applicant"), after notice and a hearing held August 12, 2022, it
appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel
for the Trustee, are hereby authorized to sign Subpoenas in a form substantially similar to the
Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-19 and to serve the Subpoenas,
including any Document Requests or Notices of Deposition, along with a copy of this Order, in
accordance with Bankruptcy Rule 2004 requiring examination and the production of documents
by the Entities and Individuals listed on Exhibit B to the Application. Paul Hastings LLP and
Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are further authorized to
seek substantially similar discovery from Related Entities and Individuals outside of the United
States of America, with this Court's assistance as necessary.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal
Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court,
the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents
within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee.
To the extent an Entity or Individual does not produce any documents requested in the Subpoena
on the basis of some privilege, the Entity or Individual is hereby directed to produce to the
Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R.
Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or
such other time as agreed upon by the Trustee.

**ORDERED**: The Entities and Individuals listed on Exhibit B are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Paul Hastings LLP and Neubert, Pepe & Monteith, P.C., as proposed counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Entity, and any Individual, listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 16th day of August, 2022.

*Julie A. Manning*
*United States Bankruptcy Judge*
*District of Connecticut*