# **EXHIBIT B**

# **OBJECTION LETTER**

140639252v8

Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103-2799



troutman.com

**Francis J. Lawall**
francis.lawall@troutman.com

January 25, 2023

**VIA EMAIL**

Patrick R. Linsey
Neubert, Pepe & Moneith, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
plinsey@npmlaw.com

Re:   *In re Ho Wan Kwok*, Case No. 22-50073 (JAM) – Objection to Subpoena for Rule 2004 Examination

Mr. Linsey:

We write regarding the subpoena for testimony and documents dated January 11, 2023 (the "Subpoena") issued by your client Luc A. Despins, in his capacity as the chapter 11 trustee in the above-referenced chapter 11 case, on Bravo Luck Limited ("Bravo"). Despite our telephonic meet and confer on January 23, 2023, it is our understanding that the Trustee does not intend to withdraw the Subpoena. Although we intend to engage in good faith discussions regarding the scope of the Subpoena to the extent it is not otherwise quashed, I write to preserve the rights of Bravo under Rules 2004, 7026, and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 26 and 45 of the Federal Rules of Civil Procedure (the "Civil Rules") by asserting the following objections.

Concurrently with the sending of this letter, Bravo will be filing a motion to quash the Subpoena on the basis that: (i) it violates established Federal bankruptcy procedure by seeking to impose a Bankruptcy Rule 2004 examination on Bravo, while it is a defendant in three adversary proceedings, including one filed by your client; (ii) it violates the geographical restrictions of Civil Rule 45(c); and (iii) it imposes an undue burden on Bravo, pursuant to Civil Rule 45(d)(3)(iv). Bravo reiterates these grounds as part of its objection to the Subpoena.

Bravo is a British Virgin Islands corporation—it does not reside and does not regularly transact business within 100 miles of the place of compliance listed in the Subpoena, in New York City. Likewise, to the extent that Civil Rule 45's out-of-state restriction for parties and their officers applies, Bravo does not reside and does not regularly transact business in person in the State of New York. Likewise, Bravo's principal and sole officer resides outside of the United States and is not employed in and does not regularly transact business in person in the State of

**Patrick R. Linsey**
January 25, 2023
Page 2



New York. The demand for testimony in the subpoena is in violation of Civil Rule 45(c)'s geographical limitations. Similarly, to the extent that the Subpoena demands the production of any of Bravo's documents located in the British Virgin Islands and, thus, over 100 miles beyond the place of compliance in New York City, the Subpoena violates Civil Rule 45(c)'s geographical limitations.

In addition to the above reasons, Bravo objects to the Subpoena on the grounds that it is vague, ambiguous, overbroad, oppressive, and requires a search for, and production of documents in response to 23 sweeping categories of documents. The Subpoena takes no steps to avoid imposing an undue burden on Bravo as required by Civil Rule 45. Quite to the contrary, the Subpoena inappropriately requests "all documents" and/or "all communications" on several topics without reasonable limitation. In addition, the categories of documents inappropriately assume that Bravo has knowledge of the Debtor's involvement in matters having nothing to do with Bravo. By way of example, the Subpoena inappropriately requests "All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity" without reasonable limitation or explanation. Bravo further objects to each request in the Subpoena to the extent that it seeks the production of documents, materials, or information that is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" per the permissible scope of discovery under Civil Rule 26(b)(1). Bravo likewise objects to the Subpoena to the extent the requests seek the disclosure or production of documents that are protected by the attorney-client privilege, the attorney work product doctrine, or by any other applicable privilege or protection. Bravo likewise reserves all rights available to it under both Federal and local rules.

Finally, please be aware that if and when we reach an agreement on terms for production, Bravo's willingness to produce any documents does not include the production of any privileged documents.

Please contact me at your convenience if you have questions.


Sincerely,

Francis J. Lawall