## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**REPLY OF UBS AG IN FURTHER SUPPORT OF ITS MOTION TO (1) VACATE ORDER GRANTING MOTION TO EXPEDITE HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING UBS AG TO COMPLY WITH RULE 2004 SUBPOENA ("MOTION TO COMPEL"), PURSUANT TO BANKRUPTCY RULE 9024 AND FEDERAL RULE OF CIVIL PROCEDURE 60, AND (2) ENLARGE TIME FOR UBS TO RESPOND TO MOTION TO COMPEL TO FEBRUARY 13, 2023 AND ADJOURN HEARING ON MOTION TO COMPEL, PURSUANT TO BANKRUPTCY RULE 9006(b)(1)**

Non-party UBS AG ("UBS"), by and through its undersigned counsel, respectfully submits this reply in further support of its motion (1) pursuant to Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure, to vacate the Order Granting Motion to Expedite Hearing (the "Order Expediting Hearing," [ECF No. 1370]), entered by the Court on January 24, 2023, granting the Motion to Expedite the Hearing on the Motion of Chapter 11 Trustee for Entry of Order Compelling UBS to Comply With Rule 2004 Subpoena (the "Motion to Compel," [ECF No. 1362]), filed on January 23, 2023 by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee"); and (2) pursuant to Bankruptcy Rule 9006(b)(1), to enlarge the time for UBS to respond to the Motion to Compel to February 13, 2023 (the "Motion").

1

**1. The Trustee still fails to show sufficient "cause" to justify the expedited hearing date.**

Relying heavily on references to delay and obstruction by the Debtors and parties allegedly affiliated with him, as opposed to UBS, the Trustee, in objecting to the Motion, still fails to cite any actual urgency requiring expedited treatment the Motion to Compel.  As set out in the Motion, reducing a litigant's time to respond and expediting a hearing are extreme remedies that ought to be the rare exception to the customary practice of providing litigants with sufficient time to respond to an application in the absence of a showing of prejudice to their adversary.  Here, the Trustee fails to point to any way in which the estates will be prejudiced if UBS is granted just two additional weeks – until February 13, 2023 – to respond to the Motion to Compel.[1]

**2. The Trustee does not deny that compliance with the Subpoena would require UBS to violate foreign law.**

The Trustee does not substantively respond to UBS's assertion that if it complied with the Subpoena, it would be required to violate the law of certain foreign jurisdictions, which could result in substantial consequences – including in certain circumstances criminal prosecution.  UBS will submit to the Court declarations of legal experts in those jurisdictions, describing among other things the alternative channels by which the Trustee could proceed to seek the discovery in the Subpoena without requiring UBS to violate foreign law.

**3. The Trustee does not deny the relevance of foreign law objections.**

The Trustee does not dispute the basis for UBS's planned submission of expert declarations – the fact that the production of documents from a foreign jurisdiction pursuant to the Subpoena

---

[1]    In the Trustee's objection to the Motion [the "Objection," ECF No. 1384], the Trustee states that he "does not object to an extension of time for UBS to respond to the Motion to Compel from January 27, 2023, to January 30, 2023, at 12 noon (*i.e.,* the day before the hearing)."  (Objection, at ¶ 24.)  That less-than-one additional business day would do little to assist UBS in its efforts to coordinate across multiple time zones and jurisdictions, or the related delays occasioned by ongoing Lunar New Year celebrations in Hong Kong and the PRC.  February 13 is only two weeks later and just three weeks from the date on which the Motion to Compel was served.

could violate that jurisdiction's law (including in Hong Kong and Switzerland), which in turn under US law implicates the *Aerospatiale* balancing of relevant factors, as to which foreign law expert declarations are appropriate.  Nor does the Trustee even acknowledge UBS's showing that obtaining a foreign law declaration from Hong Kong now is more challenging than usual due to ongoing Lunar New Year celebrations there.

### 4.  UBS has not waived its objections.

Contrary to the Trustee's repeated assertion that UBS has waived or abandoned some of its objections to the Subpoena, UBS notes, as a threshold issue, that the objection letter from UBS that the Trustee attached as Exhibit B to the Motion to Compel stated clearly that UBS reserved the right to supplement or amend its response and offered to meet and confer in an effort to narrow or eliminate areas of dispute.  (Motion to Compel [ECF 1362] at 36.)  The Trustee now, for the first time, asserts that arguments by UBS based on the pending proceeding doctrine have been waived, but UBS has asserted that objection during several of the parties' meet-and-confer calls, during which the Trustee's external counsel did not once object.  Similarly, the Trustee cannot reasonably suggest that UBS's objections on the basis of overbreadth and burden have been anything other than plain, since the subject matter of the parties' meet-and-confer calls included UBS's repeated requests that the Trustee advise it of those jurisdictions around the world which were of primary interest to him.

* * *

Accordingly, (a) the Court should vacate the Order Expediting Hearing because the Trustee did not establish cause to shorten to four days UBS's time to respond to the Motion to Compel, and UBS will be unfairly prejudiced if required to respond to the Motion to Compel in such an artificially constrained time frame; and (b) UBS's motion to enlarge should be granted because it

has established cause for an order, pursuant to Rule 9006(b)(1), setting its time to respond to the Motion to Compel as February 13, 2023 and rescheduling the hearing for a mutually convenient date in the future.

**WHEREFORE,** UBS respectfully requests that the Court vacate the Order Expediting Hearing and enter an Order enlarging UBS's deadline to respond to the Motion to Compel to February 13, 2023.

Dated:          January 25, 2023

UBS AG

By: _/s/ Marc J. Gottridge_
Marc J. Gottridge (ct12094)
Lisa J. Fried (_admission pending_)
HERBERT SMITH FREEHILLS
      NEW YORK LLP
450 Lexington Avenue
New York, New York 10017
(917) 542-7600
marc.gottridge@hsf.com
lisa.fried@hsf.com

_Counsel for Non-Party UBS AG_

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 25, 2023, the foregoing Reply was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anybody unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2]  Parties may access this filing through the Court's CM/ECF system.

Dated:        January 25, 2023

UBS AG

By: _____*/s/ Marc J. Gottridge*_____
Marc J. Gottridge (ct12094)
Lisa J. Fried (*admission pending*)
HERBERT SMITH FREEHILLS
          NEW YORK LLP
450 Lexington Avenue
New York, New York 10017
(917) 542-7600
marc.gottridge@hsf.com
lisa.fried@hsf.com

*Counsel for Non-Party UBS AG*

---

[2]        To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.