**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF Nos. 1332, 1334, 1335, 1345 |

## ORDER OVERRULING OBJECTIONS TO CLAIMS 16, 17, AND 18

On January 6, 2023, Qiu Yu filed Proofs of Claim 16 and 17.  On January 11, 2023, Lee Chu (together with Qiu Yu, the "Creditors") filed Proof of Claim 18 (together with Proofs of Claim 16 and 17, the "Claims").

On January 17, 2023, Ho Wan Kwok (the "Debtor") filed objections to the Claims.  (ECF Nos. 1332, 1334–35, collectively the "Objections to Claims.")  On January 19, 2023, Luc A. Despins, the Chapter 11 Trustee for the estate (the "Estate") of the Debtor, (the "Trustee") filed a Motion to Compel Compliance With Preliminary Injunction and Quashing Individual Debtor's Claims Objections.  (ECF No. 1345, the "Motion.")  On January 24, 2023, the Debtor filed an objection to the Motion.  (ECF No. 1380, the "Objection.")  On January 25, 2023, the Trustee filed a reply.  (ECF No. 1388, the "Reply.")  A hearing on the Motion was held on January 26, 2023.  For the reasons stated on the record and as supplemented below, the Objections to Claims are overruled.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

The Second Circuit has noted that standing in bankruptcy case requires a party be "directly and adversely affected pecuniarily." *Licensing by Paolo, Inc. v. Sinatra ex rel. Gucci (In re Gucci)*, 126 F.3d 380 (2d Cir. 1997). In the Chapter 7 context, the Second Circuit has held that it is "well-established that a Chapter 7 debtor . . . has standing to object . . . only if there could be a surplus after all creditors' claims are paid." *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th Street Equities, Inc.)*, 218 F.3d 109, 115 (2d Cir. 2000); *see Cole v. Rescia*, Case No. 3:21-cv-01130-MPS, 2022 WL 4536830, at *4–5 (D. Conn. Sept. 28, 2022).

The Debtor argues that this rule should not apply in Chapter 11 cases because 11 U.S.C. § 1109(b) states "A party in interest, including the debtor . . . may raise and may appear and be heard on any issue in a case under this chapter." *Gucci*, however, was a Chapter 11 case – § 1109(b) has been "restricted through application of principles of standing." 7 COLLIER ON BANKRUPTCY ¶ 1109.01[3] (16th ed. 2022). Hence, "[i]n a chapter 7 case, or a chapter 11 case in which the debtor is not in possession and there is no possibility of a surplus being returned to the debtor, the debtor usually has no pecuniary interest in the outcome of claims objections and thus no standing to object to claims." 4 COLLIER ON BANKRUPTCY ¶ 502.02[2][c]. This is because the appointment of a Chapter 11 trustee divests a Chapter 11 debtor of a bankruptcy trustee's powers and duties. *Kraus-Thomson Org., Ltd. v. McCorhill Publ'g, Inc. (In re McCorhill Publ'g, Inc.)*, 89 B.R. 393, 396 (S.D.N.Y. 1988). Nevertheless, a debtor-out-of-possession "has a pecuniary interest in the equity of the estate if all the creditors can be paid in full, or if each class of impaired claims accepts [a] plan in accordance with 11 U.S.C. § 1129(a)(8)(A), so that the debtor may retain an equity interest." *McCorhill Publ'g*, 89 B.R. at 396.

In his Schedules, the Debtor asserts he has $3,850 in assets, no income, and no expectation of a change in his income. (ECF No. 78.) The Debtor lists in his Schedules that he has $373,803,498.09 in non-priority unsecured debt. (*Id.*) The Debtor has not, at this time, sufficiently established that there is a reasonable possibility of a surplus in this case. Given the Debtor's lack of income, it is likely any Chapter 11 Plan proposed by the Debtor will not pay creditors in full. Therefore, the rule regarding standing in Chapter 7 cases arguably applies here due to the specific facts and circumstances of the Debtor's case.

The Debtor further argues that he has standing to object to the Claims because certain creditors have filed non-dischargeability actions against him. The Court finds this argument unconvincing at this time. As far as the Debtor has alleged, the Claims total roughly $10,000,000 compared to roughly $375,000,000 in scheduled debt. With allegedly less than $4,000 in assets, disallowance of the Claims will have no appreciable impact on the amount received by any non-dischargeable claim(s).

In addition, the Debtor argues that he should be allowed to object to the Claims to assure the Trustee that certain claims the Debtor views as an impediment to settlement should be disallowed. It is the Trustee's duty – not the Debtor's – to determine whether to object to the Claims as his investigation develops. *See McCorhill Publ'g*, 89 B.R. at 396. There is no benefit to the Estate to have the debtor-out-of-possession running a parallel investigation absent any evidence that the Trustee is neglecting his duties. *See Kowal v. Malkemus (In re Thompson),* 965 F.2d 1136, 1147 (1st Cir. 1992); *Merhav Ampal Grp., Ltd. v. Merhav (M.N.F.) Ltd. (In re Ampal-Am. Israel Corp.),* 545 B.R. 802, 809 (Bankr. S.D.N.Y. 2016). It has been only 20 days since the first of the Creditors filed their claims. The deadline for filing Proofs of Claim in this case has not yet passed. (ECF No. 1297.)

Therefore, the Court finds the Debtor lacks standing to assert the Objections to Claims, and for that reason, the Objections to Claims are overruled.

Furthermore, the Debtor must obtain this Court's approval before filing any future objections to claims. In making this determination, the Second Circuit requires this Court consider

> (1) the [Debtor's] history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the [Debtor's] motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parities our has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). The Court notes the six exhibits introduced into evidence at the hearing. Without ruling at this time on the remaining relief requested by the Motion, these exhibits, coupled with the numerous findings of fact in the Corrected Memorandum of Decision Granting In Part Motion For Preliminary Injunction, *Pac. All. Asia Opportunity Fund L.P. v. Kwok (In re Kwok)*, Adv. P. No. 22-05032 (JAM) (Bankr. D. Conn. Jan. 13, 2023), ECF No. 133, raise questions as to why the Debtor would file and prosecute the Claims Objections at this time. The claims process is central to the purpose of bankruptcy. *Cf. Stern v. Marshall*, 564 U.S. 462 (2011). The Court takes the administration of the claims process very seriously.

Accordingly, it is hereby

**ORDERED:** The Claims Objections are **OVERRULED** without prejudice. The Creditors are not required to file responses to the Claims Objections on or before February 16, 2023. For the avoidance of doubt, the February 16, 2023, response deadlines set by the Claims Objections are null and void; and it is further

**ORDERED:** The Debtor may not file any future objections to Proofs of Claim in these bankruptcy cases without seeking and obtaining the permission of this Court to do so; and it is further

**ORDERED:** At or before 5:00 p.m. on January 27, 2023, the Debtor must serve this Order on the Creditors by overnight mail and file a certificate of service demonstrating compliance with this Order at or before 12:00 p.m. on January 30, 2023.

Dated at Bridgeport, Connecticut this 27th day of January, 2023.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut