**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>          Debtors.<br><br><br>HO WAN KWOK,<br><br>          Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>          Respondent. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**THE DEBTOR'S LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER SEALING EXHIBIT A TO OBJECTION TO DEBTOR'S MOTION FOR ORDER REMOVING TRUSTEE AND RELATED RELIEF**

      Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case"), by and through his undersigned attorneys, Zeisler & Zeisler, P.C., hereby submits his limited objection to Chapter 11 Trustee's Motion for Entry of Order Sealing **Exhibit A** to Objection to Debtor's Motion for Order Removing Trustee and Related Relief (Doc. No. 1328) (the "Motion to Seal"), filed by Luc. A. Despins, the Chapter 11 Trustee (the "Trustee") on January 13, 2023. In support of this objection, the Debtor respectfully represents as follows:

    **I.    Preliminary Statement**

    1.    The Debtor does not oppose, generally, the Trustee's request to seal **Exhibit A** to the Trustee's Objection (Doc. No. 1326) (the "Removal Objection") filed in response to the Debtor's Motion for Order Removing the Trustee (Doc. No. 1274) (the "Motion to Remove").

However, the Debtor objects to the Motion to Seal to the extent it seeks to deprive the Debtor, and, because the Debtor's counsel also represents HK International Funds Investments (USA) Limited, LLC ("HKI") and Mei Guo ("Ms. Guo"), deprive HKI and Ms. Guo of their fundamental right to select their own counsel, communicate with their counsel and meaningfully participate in their defense of the Trustee's claims and allegations against them by precluding them from accessing an ostensibly confidential declaration (the "Declaration") and the identity of the declarant (the "Anonymous Declarant," referred to collectively along with the "Declaration" as the "Disputed Materials"). The Trustee further seeks to violate the Debtor's, HKI's and Ms. Guo's rights by restricting access to the Confidential Materials solely to Zeisler & Zeisler, P.C. ("Z&Z") and Chiesa Shahinian & Giantomasi PC ("CSG") and restricting those firms from sharing or discussing the Disputed Materials with anyone outside of their respective firms, including the Debtor, HKI and Ms. Guo.[1]

2. Critically, the Motion to Seal seeks to preclude the Debtor, HKI and Ms. Guo from accessing the advice and assistance of their counsel—and depriving their counsel of the advice and assistance of their clients—under a thinly veiled guise of a motion to seal information from the public. The relief sought through the Motion to Seal is all the more outrageous because the Trustee filed it in connection with the Removal Motion, a contested matter to which HKI and Ms. Guo are not even parties, and yet the Motion to Seal expressly seeks permission to provide the Disputed Materials to CGS under the misguided assumption that doing so will allow the Trustee to introduce the Declaration into evidence in the Trustee's Adversary Proceeding against

---

[1] The undersigned counsel recognizes that HKI and Ms. Guo are not parties to this contested matter, and, therefore, files this limited objection on behalf of the Debtor only. However, because the Motion to Seal overtly seeks relief against HKI and Ms. Guo—and because the Debtor's counsel also represents HKI and Ms. Guo—this limited objection addresses the portions of the Motion to Seal that purport to deprive HKI and Ms. Guo (in addition to the Debtor) of their fundamental rights.

2

HKI and Ms. Guo, Adv. Proc. No. 5:22-ap-5003, which has absolutely nothing to do with the Removal Proceeding.[2]

3.  Moreover, the Trustee fails to articulate any basis, whatsoever, for (i) why the Disputed Materials are confidential; (ii) how the Declaration could conceivably be admissible until or unless the Debtor's, HKI's and Ms. Guo's counsel are afforded an opportunity to cross-examine the Anonymous Declarant; or (iii) how the Declaration could possibly be relevant to the Removal Motion or any other proceeding related to the Debtor's bankruptcy case, including the HK Adversary Proceeding.

4.  The Motion to Seal cites no authority for the relief sought by the Trustee—because there is none. Simply stated, the Motion to Seal is merely the latest effort on the part of the Trustee to deprive the Debtor, HKI and Ms. Guo of their most basic rights as litigants, including due process. For these reasons, as more fully set forth below, the Debtor respectfully requests that the Court deny the Motion to Seal to the extent that it seeks to deprive the Debtor, HKI, Ms. Guo and certain of their chosen counsel from accessing the Disputed Material.

**II.    Background**

5.  The Debtor presumes the Court's familiarity with the procedural posture of the Debtor's bankruptcy case and related proceedings.

6.  On October 6, 2022, this Court entered a stipulated protective order (Doc. No. 923) (the "Protective Order").

7.  The Protective Order prescribes two categories of discovery materials which are subject to the Protective Order: "Confidential Material" and "Highly Confidential Material."

---

[2] The Motion to seal incorrectly identifies CSG as the Debtor's counsel. CSG does not represent, and never has represented, the Debtor. Insofar as i) the Motion to Seal ostensibly concerns the Removal Motion and ii) HKI and Ms. Guo are not parties to the Removal Motion, it is unclear on what cognizable basis the Motion to Seal even mentions HKI, Ms. Guo or their lead counsel, CSG.

Protective Order, at ¶¶ 5(a) and (b). Highly Confidential Material includes documents and information that "is of such a nature that a risk of personal safety…would be created" if disclosed. *Id.*, at ¶5(b). Confidential Material may be shared with parties (once certain prerequisites are satisfied) while Highly Confidential Material may be shared only with attorneys and certain enumerated persons, such as experts and court professionals. Parties, including the Debtor, may not access Highly Confidential material. Protective Order, at ¶¶ 9 and 10.

8. Pursuant to the Protective Order, if a party seeks to file Designated Materials (as defined in the Protective Order) under seal, "the Producing Party shall bear the burden of defending such sealing." *Id.,* at ¶ 13. Moreover, no provision of the Protective Order purports to allow a Producing Party to decide which of a Receiving Party's counsel may, or may not, receive Designated Materials.

9. On September 23, 2022, the Trustee filed a prejudgment remedy application against HKI and Ms. Guo (the "PJR Application"). (Doc. No. 37). On October 17, 2022, the Trustee filed a motion for preliminary injunction against HKI and Ms. Guo (the "Injunction Application"). (Doc. No. 50). On or about November 29, 2022, the Trustee, Ms. Guo and HKI exchanged exhibits that they each intended or reserved the right to seek to introduce at the hearing on the PJR and Injunction Applications (the "Proposed Exhibits"). Upon information and belief, the Disputed Materials were not included in the Trustee's Proposed Exhibits.[3]

10. On December 30, 2022, the Debtor filed the Motion to Remove.

11. On January 13, 2023, the Trustee filed the Removal Objection on the public docket, other than the Disputed Materials, which the Trustee purports to seek to file under seal pursuant to Local Rule 5(e). In reality, the Trustee seeks restrictions that extend far beyond

---

[3] The Debtor states that the Declaration was not included in the Trustee's Proposed Exhibits "upon information and belief" because the Debtor and his counsel (and HKI and Ms. Guo and their counsel) have not seen and cannot access the Declaration that was filed under seal.

4

those permitted by Local Rule 5(e), the restrictions mandated by the Protective Order, and basic principles of due process and fundamental fairness. The Trustee seeks this extraordinary relief based on nothing more than his unilaterally declared "credible concerns about risks to the declarant's safety…." (Motion to Seal, at ¶13). This assertion, if accepted by the Court, would effectively open the door to allow the Trustee to restrict the Debtor's, HKI's and Ms. Guo's access to all witnesses and introduce hearsay statements against them in Court while depriving the Debtor, HKI and Ms. Guo of their right to cross-examination and to present evidence to disprove those witnesses' allegations. Simply stated, the Trustee has offered nothing to suggest that the Anonymous Declarant has any particular or legitimate reason to fear for his or her safety or that the Debtor has ever physically harmed anyone for speaking out against his views.[4]

12.  Notably, the Trustee provides no authority for the relief that he seeks, articulates no basis or explanation for why he or the Anonymous Declarant purports to have "credible concerns" for the Anonymous Declarant's safety and fails to describe the general nature of the Anonymous Declarant's ostensible testimony. Moreover, the Trustee has not provided any explanation regarding, *inter alia*, how the Trustee came into contact with the Anonymous Declarant, who drafted the Declaration, the extent that the Trustee and/or his counsel participated in drafting the Anonymous Declaration or any other information concerning the Disputed Materials.

---

[4] The only basis on which the Trustee even attempts to argue that the Anonymous Declarant has reason to fear for his or her safety is that the Debtor has allegedly caused internet posts identifying individuals who have interests adverse to his own, and he allegedly encouraged protests near certain persons' residences and places of businesses. Motion to Seal, at ¶ 13. The Trustee does not allege that the Debtor or anyone allegedly acting in connection with his views has engaged in or threatened physical violence. Moreover, the Trustee's rationale for precluding the Debtor from accessing the Disputed Materials applies to anyone who has ever spoken negatively of the Debtor.

### III.     Argument

13.     It is well established that every litigant has "the right… to participate in the process whereby justice is done -- to understand and become involved in the preceeding [*sic*], not to be compelled passively to await its outcome." *Doe v. District of Columbia*, 679 F.2d 1115, 1119-20 (D.C. Cir. 1983). "[E]very litigant has a powerful interest in being able to retain and consult freely with an attorney." *Id.* at 1119.  Moreover, "[i]nsofar as the fair administration of justice requires that all parties to a controversy be fully and equally informed of their entitlements, the public has a similarly important interest in preserving the ability of each disputant to confer with his [or her] lawyer." *Id.* at 1119.

14.     When evidence is offered against a party, that party needs to have the opportunity "to offer a credible defense" to that evidence including, for example, additional facts to contextualize the evidence or evidence to discredit the statements of a declarant. *See Canadian Am. Oil Co. v. NLRB*, 82 F.3d 469, 474 (D.C. Cir. 1996). This can only be accomplished if the party can consult with their counsel concerning the identity of witnesses and the subject matter of the evidence they intend to present. *See id.* (stating that there is "much room for an erroneous decision" where an attorney is precluded from disclosing the identity of the other parties' witnesses testifying against their client). This is particularly true where the documents sought to be protected from a party "lie at the very heart of" the claims or counterclaims. *Prometheus Solutions v. Coker*, 2015 U.S. Dist. LEXIS 201158, *18 (D.N.M. Apr. 1, 2015).

15.     Ultimately, a party "should not be put in a position where they are essentially kept in the dark about important facts of the case." *Id.*, at *7 (quoting *DeFazio v. Hollister, Inc.*, 2007 U.S. Dist. LEXIS 98147, *8 (E.D. Cal. Sept. 5, 2007)).  While it is indisputably true that certain types of information may be restricted to the eyes of counsel, it is a "drastic remedy" that cannot

be used to deprive an individual party "from reviewing the documents that lie at the heart of the case [in such a manner that] would severely restrict [a party's] right to participate in their own defense" or interfere with counsel's ability to depose a witness. *Id.* at *8, *12.[5] At minimum, "[a] party seeking relief under [Fed. R. Civ. P.] 26(c) must demonstrate the alleged harm 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* at *6 (quoting *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550 (6th Cir. 2004) and *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). "That showing requires specific demonstrations of fact, supported where possible by concrete examples, rather than broad, conclusory allegations of potential harm." *Coker*, 2015 U.S. Dist. LEXIS 201158, at *6.

16.     In *Doe v. District of Columbia*, the Court of Appeals for the District of Columbia Circuit held that the District Court's "protective order sharply curtailing the ability of appellants' counsel to discuss with their clients information obtained during discovery constituted . . . an abuse of discretion." *Doe,* 697 F.2d at 1118. In that case, the plaintiffs were a group of prison inmates who "presented evidence of their exposure to the danger of violent and sexual abuse—a situation allegedly caused or exacerbated by understaffing, deficient security equipment and procedures, inadequate systems for classifying and segregating prisoners, and a poorly designated and deteriorating physical plant." *Id.* at 1117. On that basis, the District Count entered an order precluding the defendants' counsel from identifying to the defendants the identity of the plaintiffs' witnesses or the substance of their testimony. *Id.* at 1118-19.

17.     The Circuit Court of Appeals for the District of Columbia agreed with the District Court that the plaintiffs had more than adequately detailed "the danger of retaliation to which they would be exposed if persons inside the prison learned of allegations they made," and that

---

[5] Attorneys'-eyes-only designations are frequently used to protect trade secrets or other highly proprietary information, as distinguished from fact-based evidence that only the parties, as distinguished from counsel or expert witnesses, can understand. *Id.* at *8 n.3, *11-12.

7

those allegations "were more than sufficient to show that 'substantial and serious harm' might well have resulted from dissemination of the information in question." *Id.* at 1121. The Court of Appeals further found that the District Court properly limited its order to specific "designated areas of inquiry." *Id.* Nonetheless, the Court of Appeals held that the District Court abused its discretion because the District Court's protective order unfairly "inhibited consultation between [defendants] and their attorneys." *Id.*

18. *Doe* establishes that the case presently before the Court is not even a close call. Unlike in *Doe,* the Trustee does not allege that the Anonymous Declarant is living in a prison or under the control of the Debtor, HKI or Ms. Guo. Indeed, the Trustee does not allege that the Debtor, HKI or Ms. Guo have ***any*** ability to control or even contact the Anonymous Declarant. Likewise, the Trustee does not allege that the Debtor, HKI or Ms. Guo have any inclination to harm the Anonymous Declarant or anyone else, and he has not articulated any basis on which the Trustee or the Anonymous Declarant could reasonably fear for the Anonymous Declarant's safety. To the contrary, the only evidence presented in the Debtor's Bankruptcy case concerning violence (as distinguished from speech and peaceful demonstrations) is that the *Debtor* and *Ms. Guo* have been subject to unspeakable acts of violence at the hands of the Chinese Communist Party, and that they have responded to these acts with words. Simply stated: the Debtor fights with his pen—not a sword.

19. For these reasons, among others, there is no legal or constitutional basis to grant the relief sought by the Trustee on this record.

20. Although the above analysis should end the Court's inquiry, the Debtor respectfully requests that the Court take notice of the context in which the Motion to Seal was filed and deny the surreptitious relief that the Motion to Seal seeks. The Trustee has filed the

Motion to Seal as part of his response to the Removal Motion. The basis of the Removal Motion is the Trustee's egregious misconduct, *i.e.*, his attempt to leverage (to put it mildly) the threat of criminal charges against the Debtor to double the amount of a nine-figure global resolution proposal made by the Debtor's family. The Trustee has not articulated how the Disputed Materials could possibly relate, one way or another, to the issue of whether the Trustee's conduct justifies or requires his removal as the trustee of the Debtor's Chapter 11 Estate.

21. By contrast, it is clear that the Trustee filed the Motion to Seal to covertly seek permission to introduce the Disputed Materials at evidentiary hearings, including the hearing on the PJR and Injunction Applications—and he did so in a context where HKI and Ms. Guo are not parties, technically have no interest in the outcome, and had no opportunity to depose the Anonymous Declarant. The Trustee has no legitimate basis to even mention HKI or Ms. Guo in the context of the Removal Motion, much less to use a motion to seal an exhibit that ostensibly concerns the Removal Motion to seek to deprive HKI and Ms. Guo of their right to consult with their counsel and review evidence that the Trustee seeks to introduce against them. Indeed, if the Motion to Seal is granted as proposed by the Trustee, the Debtor, HKI and Ms. Guo may not even be able to confirm that the Anonymous Declarant exists or is the individual who wrote the Declaration. The Court should not tolerate such gamesmanship, particularly from someone who claims the status of a government official.

22. "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 37 U.S. 254, 269, 90 S. Ct. 1011 (1970). It is axiomatic that "[a] party can be prejudiced by the lack of opportunity to 'put the weight of [the witness'] testimony and [] credibility to a test," and, in the absence of such evidence, the fact-finder "'cannot fairly appraise'" the witness.

*Availa v. Target Corp.*, 2022 U.S. Dist. LEXIS 193505, *4 (E.D.N.Y. Oct. 24, 2022) (quoting *Du Beau v. Smither and Mayton, Inc.*, 203 F.2d 395, 396 (D.C. Cir. 1953)). Beyond credibility, "cross-examination can be used to … 'seek the truth,' or to 'delve into the witness' story to test the witness' perceptions and memory.'" *Id.* (quoting *Pillsbury Co. v. Conboy*, 459 U.S. 248, 259, 103 S. Ct. 608 (1983); citing *Davis v. Alaska*, 415 U.S. 308, 317, 94 S. Ct. 1105 (1974)). Indeed, it is unfair to the opposing party for a court to consider an affidavit or declaration in the context of an evidentiary hearing where that party is not afforded the opportunity to cross-examine the declarant. *See e.g., Rafter v. Bank of Am.*, 2011 U.S. Dist. LEXIS 76082, *16 n.3 (S.D.N.Y. June 28, 2011) (refusing to consider an affidavit submitted after an evidentiary hearing had concluded).

23.     This principle is underscored in *A.W. v. Bd. Of Educ. of the Wallkill Cent. Sch. Dist.*, 2015 U.S. LEXIS 46346 (N.D.N.Y. Apr. 9, 2015). In that case, the plaintiffs filed a civil complaint under the Individuals with Disabilities and Education Improvement Act of 2004, 20 U.S.C. § 1415(i)(2)(A), "seeking a review of the final administrative decision of the New York State Review Officer… which denied them tuition reimbursement…" for their infant, A.W. *Id.* at *2-3. In such actions, "a court shall receive the administrative record," and "'hear additional evidence at the request of a party,' and decide the matter on the preponderance of evidence." *Id.* at *5-6 (quoting 20 U.S.C. §1415(i)(2)(C)(i)-(iii)).

24.     In *A.W.*, the plaintiffs offered as additional evidence five affidavits and a psychological evaluation of A.W. performed by a psychologist. The District Court precluded the plaintiffs from introducing all five affidavits because "the motion [to supplement the record with the affidavits] [wa]s nothing more than a procedural gambit to shade additional [plaintiffs'] witnesses from the scrutiny of cross examination.'" *Id.* at *9. The court agreed with the

defendant that the witnesses "could have been subjected to cross examination…" and "to allow affidavits… fully circumvents [the opposing party's] due process rights" particularly where the plaintiffs "did not take the opportunity to specifically identify these five employees nor the substance of each of their sworn testimony." *Id.* at *9-10. Further, the district court allowed the psychological evaluation into evidence, but "compel[led] [the psychologist] to submit to a deposition" so the defendant could "challenge the underlying determinations within the [r]eport." *Id.* at *12.

25. Here, like the plaintiffs in *A.W.*, the Trustee is using the Motion to Seal as a procedural gambit to deny the Debtor, HKI, and Ms. Guo the opportunity to scrutinize the Anonymous Declarant. The natural consequence of the Trustee's strategy is that this Court, as the fact-finder, will be shielded from evidence that may discredit, contextualize, or contradict the testimony contained in the Declaration, without which the Court cannot fairly evaluate the witness's testimony.[6] This Court should not countenance the Trustee's desired result (*i.e.*, this Court's acceptance of an unchallenged sworn statement to bolster the Trustee's own claims and arguments, as well as the inevitable onslaught of similar evidence in future proceedings of this Court) or his method for achieving that end.

For the Foregoing reasons, the Debtor respectfully requests that the Court deny the Motion to Seal to the extent that it seeks to preclude the Debtor, HKI and Ms. Guo from viewing or discussing the Disputed Materials with their chosen counsel and grant such other and further relief as the Court deems just and proper.

---

[6] The Debtor, HKI, Ms. Guo and their counsel also cannot evaluate the veracity of the Anonymous Declarant's statements if the Debtor, HKI and Ms. Guo do not know the Anonymous Declarant's identity and cannot read the substance of the Declaration.

Dated at Bridgeport, Connecticut this 27th day of January, 2023.

**THE DEBTOR,
HO WAN KWOK**

*/s/Aaron A. Romney*
Stephen M. Kindseth (ct14640)
Aaron A. Romney (ct28144)
Daniel A. Byrd (ct31151)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: skindseth@zeislaw.com
aromney@zeislaw.com
dbyrd@zeislaw.com
*His Attorneys*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Aaron A. Romney*
Aaron A. Romney (ct28144)