**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No: 22-50073 (JAM) |
| HO WAN KWOK,<br><br>            Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>            Respondent. | |

**HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC AND MEI GUO'S LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER SEALING EXHIBIT A TO OBJECTION TO DEBTOR'S MOTION FOR ORDER REMOVING TRUSTEE AND RELATED RELIEF**

      1.      The Trustee's Motion is styled as a motion seeking the sealing of an exhibit (the "Confidential Exhibit") that is relevant to the Trustee's opposition to the Debtor's motion seeking the Trustee's removal. Notwithstanding the caption, the Trustee makes clear that he intends to use the Confidential Exhibit in the HK Adversary Proceeding, including in the prejudgment remedy evidentiary hearing ("PJR Hearing") that was scheduled to commence on February 8, 2023. (*See* Motion ¶ 11). Accordingly, HK International Funds Investments (USA) Limited, LLC ("HKI") and Mei Guo file this separate opposition to the Motion.[1]

---

[1] The Motion wrongly states that CSG Law is counsel to the Debtor. We are not. CSG Law is counsel to HKI and Ms. Guo individually.

2. The Motion should be denied for several reasons.

3. First, the PJR Hearing will determine whether the $37 million in Escrow Funds will remain with the Trustee until the conclusion of the HK Adversary Proceeding or be returned to HKI to payback the loan it took—and Ms. Guo personally guaranteed—from Himalaya International Financial Group Ltd ("Himalaya"). The stakes could not be any higher for HKI and Ms. Guo. For every day the Himalaya loan remains unpaid, HKI and Ms. Guo incur approximately $37,000 in interest, or over $1 million every month.

4. It is the Trustee's burden to demonstrate that the Escrow Funds are attachable. The whole point of the PJR Hearing is to determine whether the Trustee can meet his burden with live witness testimony where HKI and Ms. Guo will have an opportunity to cross examine the Trustee's witnesses and challenge his proofs.

5. The Motion contemplates something far different for the PJR Hearing. Rather than calling live witnesses, the Trustee intends to conduct a hearing by declaration. And not only a hearing by declaration, but a hearing by declaration where HKI and Ms. Guo cannot even know the name of the declarant or the substance of the declarant's statements. The Trustee cites no caselaw for this remarkable proposition.

6. He cannot because a hearing by declaration is an obvious violation of HKI and Ms. Guo's due process rights. *See, e.g.*, *United States v. James Daniel Good Real Property,* 510 U.S. 43, 55 (1993) ("Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. ... No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it."); *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."); *Goldberg v.*

*Kelly,* 397 U.S. 254, 269 (1970) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses."); *Rafter v. Bank of Am.*, No. 04 Civ. 3341(JSR)(KNF), 2011 WL 2897331, at *6 n.3 (S.D.N.Y. June 28, 2011) (refusing to consider an affidavit submitted after an evidentiary hearing).

7. Second, not only is the Motion without any basis in law, it is also without any basis in fact. HKI and Ms. Guo have not "protest[ed], dox[ed] [or] harass[ed]" anyone—ever. (Motion ¶ 13). There is no evidence before the Court that disclosing the Confidential Exhibit to HKI and Ms. Guo would risk the declarant's safety. (*See, e.g.*, Motion ¶ 6 ("The Trustee shares the declarant's concerns in light of, among other things, *the Debtor's conduct* in this case toward the Trustee and his professionals and the Court's recent finding that *the Debtor's pattern of harassing and intimidating conduct* …")) (emphasis added). And whatever the imagined safety risk may be, it is far outweighed by HKI and Ms. Guo's right to know who is testifying against them and what that person has said. HKI and Ms. Guo cannot prepare a defense otherwise.

8. Third, even if it were somehow appropriate for the Court to accept into evidence a secret declaration not subject to cross examination or any meaningful rebuttal as the basis for attaching $37 million, it is not appropriate for the Trustee to declare which attorneys get to see that Confidential Exhibit and which do not. That is not the Protective Order the Trustee negotiated. The AEO provision is just that, attorneys' eyes only. Not CSG Law's eyes only. Or Zeisler & Zeisler's eyes only.

9. There is no basis for the Trustee to declare that Aaron Mitchell, who has been Ms. Guo's attorney for years, cannot see the Confidential Exhibit. The only basis is litigation advantage for the Trustee. He admits as much. (*See* Motion ¶ 9).

10. CSG Law was just recently retained. We do not have the long history that Mr. Mitchell has with HKI or Ms. Guo. If the Confidential Exhibit is kept from HKI and Ms. Guo, and also Mr. Mitchell, there would be no way for CSG Law to even attempt to rebut what is said by a declarant who we will likely have no familiarity with. We cannot ask our client about the declarant, and if the Trustee has his way, we cannot even ask our client's longtime counsel about the declarant.

11. The Trustee's Motion should be seen for what it is: an attempt by the Trustee to gain every conceivable litigation advantage in the PJR Hearing while kneecapping HKI and Ms. Guo's ability to meaningfully participate in the hearing and secure the release of $37 million in assets wrongly held.

Dated at Roseland, New Jersey this 27th day of January, 2023.

        **HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC AND MEI GUO**

        */s/ Lee Vartan*
        Lee Vartan
        Chiesa Shahinian & Giantomasi PC
        105 Eisenhower Parkway
        Roseland, NJ 07068
        Telephone: (973) 530-2107
        Email: lvartan@csglaw.com
        *Attorneys for HK International Funds Investments (USA) Limited, LLC and Mei Guo*

        Stephen M. Kindseth (ct14640)
        Aaron A. Romney (ct28144)
        Zeisler & Zeisler, P.C.
        10 Middle Street, 15th Floor
        Bridgeport, Connecticut 06604
        Telephone: (203) 368-4234
        Email: skindseth@zeislaw.com
               aromney@zeislaw.com
        *Local Counsel for HK International Funds Investments (USA) Limited, LLC and Mei Guo*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    */s/ Lee Vartan*
    Lee Vartan