```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                         BRIDGEPORT DIVISION

In Re                              *   Case No. 22-50073 (JAM)
                                   *
HO WAN KWOK, GENEVER HOLDINGS      *   Bridgeport, Connecticut
 CORPORATION and GENEVER           *   January 17, 2023
 HOLDINGS, LLC,                    *
                                   *
          Debtor.                  *
                                   *
* * * * * * * * * * * * * * * *

             TRANSCRIPT OF MOTION TO MODIFY ORDER
      GRANTING HK INTERNATIONAL FUNDS INVESTMENTS (USA)
         LIMITED, LLC'S MOTION FOR ORDER ESTABLISHING
                REPAIR RESERVE FOR THE LADY MAY
            BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Movant, H.K. International Funds Investments, USA, Ltd.: | CHRISTOPHER BLAU, ESQ. Zeisler & Zeisler, P.C. 10 Middle Street, 15th Floor Bridgeport, CT 06604 |
| For the Creditor, Pacific Alliance Asia Opportunity Fund L.P.: | ANNECCA SMITH, ESQ. Robinson & Cole 28 Trumbull Street Hartford, CT 06103 |
| For the Chapter 11 Trustee: | PATRICK LINSEY, ESQ. Neubert, Pepe and Monteith 195 Church Street New Haven, CT 06510 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1          (Proceedings commenced at 2:07 p.m.)
2                    THE COURTROOM DEPUTY:  Case no. 22-50073, Ho Wan
3     Kwok, Genever Holdings Corporation and Genever Holdings,
4     LLC.
5                    THE COURT:  Good afternoon.  If we could have
6     appearances for the record, starting with the Chapter 11
7     Trustee's counsel, please.
8                    MR. LINSEY:  Patrick Linsey, of Neubert, Pepe and
9     Monteith, for the Chapter 11 Trustee.  Good afternoon, Your
10    Honor.
11                   THE COURT:  Good afternoon.
12                   Counsel for PAX.
13                   MS. SMITH:  Good afternoon, Your Honor.  Annecca
14    Smith, Robinson and Cole, Connecticut counsel for PAX.
15                   THE COURT:  Good afternoon.
16                   And counsel for H.K. International Funds
17    Investments.
18                   MR. BLAU:  Good afternoon, Your Honor.  Chris
19    Blau, from Zeisler and Zeisler, for H.K. International Funds
20    Investments, USA, Limited, LLC.
21                   THE COURT:  Good afternoon.
22                   So we had court this morning, but I know that you
23    all submitted an order that we had talked about last week
24    that you submitted today.
25                   So I've look at it.  The only change I would make

1  is when you get to the first ordered paragraph, and the

2  second ordered paragraph -- I think it's just those two,

3  actually.  I would just say the consent order is further

4  modified.  Okay?   And we can do that, if you have no

5  problem with it.

6           The reason I'm saying that is you do refer to the

7  first modified order.

8           But I'm just saying if some other court needs to

9  look at this and try to understand what -- you know, it's

10 not that this is supplanting the first modified consent

11 order. It's just an additional modification, or a further

12 modification to the order -- to the original consent order,

13 930, ECF 930.

14          So does that work for everyone if we add the words

15 -- we add the word, excuse me, further between the words

16 hereby and modified in the first and second ordered

17 paragraphs on page 2 and 3 of your proposed order?

18          MR. BLAU:  That change is fine for HK, Your Honor.

19          MR. LINSEY:  That's fine for the trustee, Your

20 Honor.

21          MS. SMITH:  Likewise for PAX, Your Honor.

22          THE COURT:  Thank you.

23          I guess the only other thing I could do, to be

24 fully -- since I'm trying to address a concern about

25 somebody in the future not understanding what this all

1   means, see the fourth ordered paragraph on page 3 where it
2   says, Ordered that except as modified herein, the provisions
3   of the consent order remain in effect.
4              We might need to say except as modified herein and
5   in the --
6              MR. LINSEY:  Well, Your Honor, on the first page,
7   the definition of consent order is ECF no. 930, as modified.
8   So I think that would be embedded in the definition -- in
9   the defined term.
10             THE COURT:  I hope somebody gets that.
11             MR. LINSEY:  Okay.  I don't -- I'm just trying --
12             THE COURT:  I hear you.
13             MR. LINSEY: -- to explain the drafting.
14             THE COURT:  I hear what you're saying but when
15  you've got somebody -- if someone has to look at this that
16  has no idea what's going on, they're going to say what? I
17  mean, I would.
18             MR. LINSEY: Yeah. I hear you.
19             THE COURT:  And I know what's going on pretty much
20  with regard to the orders anyway.
21             MR. LINSEY: Sure.
22             THE COURT:  Yes, because if you look at what
23  you're talking about, Attorney Linsey, you're talking about
24  the first six lines on the order of page 1.
25             MR. LINSEY:  Correct.  The sixth line.  The

1    parenthetical.

2              THE COURT: Yeah, it says ECF -- as modified, the

3    consent order. But it doesn't tell you that it's already

4    been modified at 12455 right there. It doesn't tell you

5    that.

6              It tells you that there's a -- later down the page

7    it says tells you there's a modification that's in 1255.

8    This court having issued that certain consent order

9    modifying consent order -- I mean, all I'm saying is I don't

10   think it's as clear as it could be but --

11             MR. LINSEY: As long as -- first of all, I

12   understand. I don't disagree with Your Honor's point. I

13   think I was just trying to explain the drafting process such

14   as -- I was not directly involved in it, but just as I'm

15   aware of it.

16             As long -- if there were a reference that said the

17   consent order as modified by -- my concern there would be if

18   we say -- if that referenced the consent order says as

19   modified by X, but then does every other reference to the

20   consent order need to say as modified by X.

21             THE COURT: Well, it either should say nothing. It

22   should just say ECF 930, the consent order, because down

23   below it says  This court, having issued that certain

24   consent order modifying consent order, granting H.K.

25   International's motion for  -- you know, that -- you know

1   what I'm saying?
2           MR. LINSEY: So what if we did this, subject to
3   Your Honor and, obviously, counsel responding.
4           In the parenthetical, rather than saying ECF 930 -
5   - I should be standing. I apologize, Your Honor. ECF 930,
6   as modified, the consent order, we said ECF 930 as modified
7   by ECF 1276, the consent order to clarify what's modifying
8   it.
9           THE COURT: I don't know what 1276 is.
10          MR. LINSEY: I'm sorry. 1255. Whatever the --
11  yeah, the prior order that modified the consent order.
12          THE COURT: I don't know. What do you all think?
13  I just want it to be clear. Everything that's modified is
14  modifying 930, right?
15          MR. LINSEY: Correct.
16          THE COURT: SoI think it should just say ECF 930,
17  the consent order, because after that then you then go --
18  then you then have language, ths court having issued that
19  certain consent order modifying consent order, and then it
20  refers to 1255, right?
21          MR. LINSEY: Well, what if we defined -- where it's
22  presently defined as the consent order, we define that as
23  the original consent order. And then after the reference to
24  1255 we have a parenthetical that says the original consent
25  order, as modified by 1255, the consent order --

1        THE COURT:  I think you could do it a different
2    way.
3        MR. LINSEY: Okay.
4        THE COURT:  I think you take out as modified in
5    the sixth line of this order in the parenthetical, ECF 930,
6    the consent order.
7        Then in -- top of page 2 where it says the motion
8    for order establishing the Lady -- reserve for the Lady May,
9    then you put the first modified consent order, right?
10   That's how you define it. The first modified consent order.
11   Because this is now the second -- or you could say first
12   consent -- I would call it the first modified consent order
13   and then this is going to be the second modified consent
14   order.
15       MR. LINSEY: Well, I think they're two -- begging
16   Your Honor's pardon, I think they're two separate -- I
17   understand that the prior order modified -- I understand
18   that the prior order with consent on this motion modified
19   what's defined herein as the consent order.
20       However, the consent order still has independent
21   effect such that --
22       THE COURT:  I understand all that.
23       And all we're saying is that the first modified
24   order modified the consent order.  And this order modifies
25   the consent order again to provide different provisions. The

1    order -- the so ordered paragraphs in this order don't
2    appear in the first modified order, do they?
3            MR. BLAU:  No, Your Honor.  They don't.
4            THE COURT:  They're all separate modifications.
5    These are -- so when it comes to the end of the day and
6    we're going to have a hearing on this, there's going to be
7    three orders I need to look at;  the original consent order,
8    the first modified consent order and the second modified
9    consent order.  Maybe it will be more. Who knows.
10           They're not -- none of them replace -- the first
11   order doesn't replace the consent order and the second order
12   doesn't replace the first order -- modified order or the
13   original consent order.  There's three orders I need to look
14   at because they all have different provisions.
15           And these two consent orders are modifying terms
16   and conditions in 930.  That's the way I read it.  And
17   that's why we're having this discussion.
18           MR. LINSEY:  That's absolutely right, Your Honor.
19   The only thing I'm trying to do -- and I'm absolutely not
20   trying to -- as much as like the word nerd part of my brain
21   always likes to argue about semantics, I really try not to.
22   I just wanted to avoid a situation where every reference to
23   consent order in the order has to be changed to consent to
24   modify --
25           THE COURT:  It doesn't have to be.  That's my

1    point.

2            MR. LINSEY:  Okay.

3            THE COURT:  That's exactly my point, that you take

4    out as modified in the sixth line of the order.  You've just

5    talking about 930, the consent order.

6            Then when you go on to the bottom of page 1, onto

7    the top of page 2, you're talking about the first modified

8    consent order.

9            Then when you go down to the ordered paragraph it

10   says the consent order, 930, is hereby further modified to

11   authorize blah, blah, blah, because all of these ordered

12   paragraphs in this document that I'm holding, which is ECF

13   no. 1330, all of these ordered paragraphs do not appear in

14   the first modified order.

15           MR. LINSEY:  But respectfully, Your Honor, I think

16   that the consent -- in terms of the first thing on the third

17   page, the order -- the consent order is hereby modified --

18           THE COURT:  Hereby further modified.  Further

19   modified.

20           MR. LINSEY:  Further modified.

21           THE COURT:  That's how I started the whole hearing

22   off.  Further modified.  It's already been modified once.

23   This is the second time it's being modified.

24           MR. LINSEY:  Okay.

25           THE COURT:  That's the point.

1            MR. BLAU:  Your Honor, in the second to last
2    ordered paragraph on page 3 of docket 1330, as I understand
3    Your Honor's point, it would say ordered that except as
4    modified herein and in the --
5            THE COURT:  And in the first modified consent
6    order.
7            MR. BLAU:  Correct.  The provision of the consent
8    order, 930, is --
9            THE COURT:  Remain in effect.
10           MR. BLAU: Remain in effect.
11           THE COURT:  That is correct.
12           MR. LINSEY:  So is the idea that the penultimate
13   paragraph on page 3, the order that except as modified
14   herein provisions of the consent order --
15           THE COURT:  Except as modified herein and in the
16   first modified consent order.
17           MR. LINSEY:  Okay.
18           THE COURT:  Comma, the provisions of the consent
19   order remain in effect, including, but not limited to, the
20   handling of any repair reserve excess.
21           MR. BLAU: Those changes would be fine with H.K.
22           MR. LINSEY:  That's fine, Your Honor.
23           THE COURT:  I think it's much clearer that way. I
24   mean, otherwise you got a court going what?  What is this
25   modifying?  Is this changing -- someone could think that

1    it's superceding a prior order. It's not superceding.  All
2    that's happening is 930 has been effect since October, I
3    believe.
4              Then 1220 -- the first modified -- and this was
5    all in connection with me suggesting when there was an
6    argument about this reserve issue, to take it in increments,
7    right?  You need to pay the people for -- I think the first
8    modification paid like October through December or
9    something, right?  And how you're paying -- now you're
10   making authorizations to pay through the end of February.
11             It's like an interim cash collateral order.
12   There's a first, there's a second, there's a third.  That's
13   what this is, right, but it goes back and it relates back to
14   the original consent order entered in October.
15             So I think those changes make it more clear,
16   because then what are you going to say every single time?
17   ECF no. 30, as modified by the first consent order, the
18   second consent order, the third consent order, and then
19   still call it the consent order? That doesn't make any sense
20   because then you still have to look at four orders. That's
21   the point.
22             The point is the first modified consent order and
23   the second modified consent order do not override or
24   supercede the consent order except for as expressly stated
25   in the modified orders.

1          MR. LINSEY:  I understand Your Honor's point. I
2    think you're right.  That's a clear way to put it.  Why
3    don't we --
4          THE COURT:  I can make these changes.  We can do
5    that.  There's no need to submit a new order.  We can do
6    this. Because all I'm doing is I'm deleting one word on page
7    1, adding in the top of page 2, defining 1255 as the first
8    modified consent order.
9          The bottom of page 2, in the first ordered
10   paragraph, adding the word further in between the words
11   hereby and modified -- well, fine. If you guys want to do
12   it, that's fine.  I mean, whatever you want to do.
13         MR. LINSEY:  Respectfully --
14         THE COURT:  But that's what it's going to say.
15   It's going to say what I just said it's going to say.
16         MR. LINSEY:  I understand that, Your Honor.  I
17   just want my client to be able to lay eyes on it.  That's
18   all.  I understand -- and I will tell him that Your Honor
19   was very clear about that.
20         THE COURT:  It's going to say what I said it's
21   going to say or I'm not going to enter it.  Because that's -
22   - look, we have to understand that probably some other
23   court's going to look at this at some time.
24         I'm not going to have a situation where if I'm
25   confused, how do you think another court's going to be,

1  right?  I need it to be as clear as it possibly can be.

2              So let's go over this again so we make sure we're
3  all on the same page.  Page 1, line 6, that starts Lady May
4  (ECF No. 930, delete the words as modified).  Top of page
5  2, first line, where it says ECF No. 1255.  Before that add
6  the words the and then in quotations first modified consent
7  order, ECF No. 1255.

8              Then at the ordered paragraph at the bottom of
9  page 2, that the consent order is hereby further modified.
10 Okay.  Top of page 3, Ordered that the consent order is
11 hereby further modified.  Then the fourth ordered paragraph
12 on page 3, Except -- Ordered that except as modified herein,
13 and in the first modified consent order, then the remaining
14 language remains the same.

15             Now that's it.  That's all that needs to be done.

16             With regard to the scheduling of the hearing
17 though I can't tell you right now when this is going to be
18 scheduled and I can't tell you -- I mean, I believe it can
19 be scheduled before February 28th.  I'm pretty sure but I'm
20 not scheduling it right at the moment.  So I'll schedule it
21 once this order enters.

22             Do you want me to put a date in that paragraph
23 then?  Is that what you're looking for?  A date and time of
24 hearing in that final paragraph on page 3?

25             MR. BLAU:  Speaking for H.K., Your Honor, if Your

1    Honor wanted to put a date and time certain in that range of
2    February 15th to February 28th, H.K. would not have an
3    objection to that.
4            The objective was to make sure that any further
5    hearing on the motion to modify, which is docket 1216, was
6    heard after the PJR hearing, but before the March expenses
7    come due.  So we're trying to thread the needle while not
8    scheduling something on the court's calendar without asking
9    you, Your Honor.
10           So yes, if you wanted to -- if the court wanted to
11   pick something between February 15 and February 28th, I
12   think that would be --
13           THE COURT:  And nobody has any objection to any
14   date and time I pick in that time frame?  Because I don't
15   want to pick a date and then have somebody say well, I'm not
16   available. Or this can't happen, because then I'll have to
17   enter another order.
18           MR. BLAU:  Speaking for H.K., Your Honor, I think
19   we can make someone available in that range.
20           MR. LINSEY:  I would need to talk with the trustee
21   to confirm dates, Your Honor.
22           THE COURT:  All right. What you're going to do
23   then -- that's fair. And I'm sure PAX probably has the same
24   -- this is what you're going to do.
25           You're going to take this order and you're going

1    to fix it the way we just talked and then you're all going
2    to talk about dates for a hearing and then you're going to
3    submit three dates between -- and times between February 15
4    and February 28th, when you submit this order, that
5    everybody agrees to and I'll pick the one that works best
6    for the court's schedule. How about that?
7             MR. LINSEY:  Thank you, Your Honor.
8             THE COURT:  I hear a resounding yes.
9             MR. LINSEY:  Are there any days that are better
10   for the court in that range or --
11            THE COURT:  There are no days that are better.
12            MR. LINSEY:  Okay.
13            THE COURT:  And there's no days that are worse.  I
14   mean, it is what it is.  The 17th and the 24th and -- I'm
15   sorry.  The 21st and the 28th are calendar hearing dates.
16   Regular calendar hearings.
17            The 21st probably is not the best day because
18   we're closed on the 20th for President's Day, okay.
19            The 22nd, actually is not a great day.  There's a
20   trial scheduled.  Whether that goes forward or not I don't
21   know, but it's scheduled.  The 22nd and the 23rd.
22            So to answer your question the 15th looks okay.
23   The 16th looks okay. The 27th looks okay and the 28th in the
24   afternoon looks okay.  Okay?
25            MR. LINSEY:  We'll get back to Your Honor.

1        THE COURT: All right. I think that's the best way
2  to proceed, right?
3        MR. LINSEY: I appreciate Your Honor's point about
4  the changes. I'm sorry if I was a little slow to pick up on
5  them.
6        THE COURT: No, it's fine.
7        I just -- you know, I try to look at things in
8  every case -- and it doesn't mean I do it right, but I try
9  to look at things in every case like what if somebody else
10 needed to look at this? Will they understand what's
11 happening?
12       And like I said, I'm sure I don't do it right all
13 the time, but I try to make it as clear as possible so that
14 somebody doesn't have to go back and look at motions, or
15 look at other things. You know, that's what I try to do.
16       MR. LINSEY: I appreciate it, Your Honor.
17       THE COURT: So that's where that came from.
18       MR. LINSEY: Okay.
19       THE COURT: I'm just trying to make it as clear as
20 possible. All right?
21       So is there anything further we need to address
22 this afternoon?
23       MR. BLAU: Not for H.K., Your Honor.
24       MR. LINSEY: Just five housekeeping -- no, I'm
25 kidding. I apologize, Your Honor. Nothing, Your Honor.

```
 1              THE COURT:  Okay.  Anything -- counsel for PAX?
 2              MS. SMITH:  Nothing.
 3              THE COURT:  Okay.  Thank you.  So this was the
 4    last matter on today's calendar so court is adjourned.
 5              (Proceedings concluded at 2:28 p.m.)
 6              I, CHRISTINE FIORE, Certified Electronic Court
 7    Reporter and Transcriber, certify that the foregoing is a
 8    correct transcript from the official electronic sound
 9    recording of the proceedings in the above-entitled matter.
10
11    [signature: Christine Fiore]
12    _____        January 26, 2023
13       Christine Fiore, CERT
14
15
16
17
18
19
20
21
22
23
24
25
```