# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

### DECLARATION OF LISA J. FRIED
### IN SUPPORT OF UBS AG'S OPPOSITION TO CHAPTER 11 TRUSTEE'S
### <u>MOTION TO COMPEL</u>

I, Lisa J. Fried, declare as follows:

1. I am a partner of Herbert Smith Freehills New York LLP, 450 Lexington Avenue, New York, New York, 10017, counsel to non-party UBS AG ("UBS") in connection with the above-captioned bankruptcy proceeding. I submit this declaration in support of UBS's opposition to the Motion of Chapter 11 Trustee for Entry of Order Compelling UBS AG to Comply with Rule 2004 Subpoena [ECF No. 1362] (the "Motion") and in particular to provide the Court with information relating to the meet-and-confer process in which the parties participated before the Chapter 11 Trustee (the "Trustee") filed the Motion.

2. The Trustee served the Rule 2004 subpoena to UBS at issue in the Motion (the "Subpoena") on September 26, 2022, demanding that UBS produce a broad range of information and documents relating to Debtor Ho Wan Kwok and 26 other individuals and entities purportedly associated with him (the "2004 Discovery Targets").

3. On October 12, 2022, UBS served its objections to the Subpoena (the "Objection"). (*See* Motion, Ex. B). Among other objections, UBS objected: (i) to producing documents relating to accounts located outside the US, noting that "employees of UBS entities in jurisdictions outside

1

of the United States could face criminal penalties" if they were to produce documents in response to a subpoena; (ii) to producing documents relating to any regulator of UBS; (iii) on the basis that the Subpoena is overly broad and unduly burdensome; (iv) because certain of the materials requested in the Subpoena could be sought from the parties to the proceeding; (v) to the lack of particularity of the Subpoena and its failure to identify a reasonable time period; (vi) to the extent that it improperly seeks documents in the possession, custody or control not of UBS but of UBS's affiliates; and (vii) on the basis of attorney-client and other applicable privileges.  The Objection also stated, "UBS will not produce documents from UBS's offices or those of its affiliates or subsidiaries located outside of the United States that would violate the laws of any other jurisdiction."  UBS also reserved the right to supplement or amend the Objection and offered to meet and confer with the Trustee to narrow or eliminate areas of dispute.

4. The Trustee's counsel, Patrick R. Linsey, and I, along with Theodore Wills, Head of Legal Execution Services for UBS Group AG, communicated via email to schedule a mutually convenient time to meet and confer and ultimately spoke by telephone on November 28, 2022. During that call, Mr. Linsey indicated that the Trustee was seeking discovery not only relating to accounts within the US but also relating to accounts located elsewhere in the world.  Mr. Wills and I reiterated that UBS objected to producing materials relating to accounts outside the US, and Mr. Wills said that UBS personnel in certain jurisdictions—*e.g.*, Switzerland—could face criminal penalties if they produced documents.

5. During that call, and in subsequent discussions, UBS has worked in good faith to provide to the Trustee information it could supply without violating the laws of jurisdictions in which UBS operates and to propose procedures that would enable the Trustee to seek the additional information sought in the Subpoena without putting UBS, its employees, and agents in legal

2

jeopardy abroad. Following each of the parties' meet-and-confer calls, UBS and its counsel have worked diligently – across multiple time zones, and over the Lunar New Year holidays when business activity in Hong Kong and the PRC slows considerably – to obtain information for the Trustee.

6. Mr. Linsey, Mr. Wills and I communicated again at various times following the November 28, 2022 call, and I describe particularly relevant communications here:

7. Mr. Linsey, Mr. Wills and I spoke on December 20, 2022. During that call, Mr. Wills and I indicated that it would be helpful to know if there were particular jurisdictions in which the Trustee was interested. Mr. Linsey said that he was aware that the Trustee suspected that the 2004 Discovery Targets may have had dealings and / or accounts with UBS in Hong Kong, the UK, the US, and possibly the People's Republic of China (the "PRC"). He added that he would discuss our request with the Trustee and would let us know if there were other jurisdictions on which they were primarily focused. Mr. Linsey emailed us following our call to add the British Virgin Islands to the list.

8. Mr. Linsey and I spoke again on December 29, 2022. During that call, Mr. Linsey advised that the Trustee was particularly interested in the existence of accounts in the name of Bravo Luck Limited, if any, at UBS. Mr. Linsey requested that UBS search for and produce, among other things, account statements reflecting money into and out of any such account and any records UBS had reflecting who was an authorized owner or signatory of the account, with the ability to instruct that payments be made out of it.

9. On January 10, 2023, Mr. Linsey confirmed that the jurisdictions in which the Trustee was primarily interested were the United States, the United Kingdom, the British Virgin Islands, Hong Kong, the PRC, and Switzerland.

10. On the parties' most recent meet-and-confer telephone call on January 20, 2023, I informed Mr. Linsey that:

   a. UBS had not identified any responsive accounts in the United States, the United Kingdom or the British Virgin Islands relating to any of the 2004 Discovery Targets that are not also claimants in the pending proceeding between those claimants and UBS in the United Kingdom;

   b. UBS expected to soon be in a position to update the Trustee with respect to the PRC but would need additional time, in part because of the Lunar New Year holiday (celebrated January 22 through February 5, 2023), during which business in the PRC slows in a manner analogous to the US holiday period between Christmas and New Year's Day; and

   c. With respect to Switzerland and Hong Kong, assuming that UBS had any responsive materials in those jurisdictions, UBS would not be able to produce any information or documents in response to the Subpoena without violating those jurisdictions' laws, which carry severe, and in certain circumstances criminal, penalties for violation. However, as I had explained on several of the parties' earlier meet-and-confer calls, the Trustee could instead seek disclosure from those jurisdictions either by (i) proceeding under the Hague Evidence Convention or, (ii) seeking judicial recognition in Hong Kong of this U.S. bankruptcy case, which could lead to local court orders with which UBS could comply, eliminating the risk of it violating the law of those jurisdictions. I—again, not for the first time—also explained that UBS would not object if the Trustee proceeded via either or both of these alternative paths and that, to the extent any potentially responsive materials existed in Switzerland or Hong Kong, UBS was prepared to review and prepare such materials for production in parallel with the Trustee making his applications under the Hague Evidence Convention or for foreign recognition, to avoid any delay once appropriate court orders were issued requiring production in those jurisdictions.

11. Mr. Linsey and I spoke again on January 20, 2023, at which point he stated that the Trustee planned to file the Motion.

12. UBS subsequently confirmed that, as of June 14, 2015, all Swiss-booked wealth management and retail and corporate accounts were transferred from UBS to an affiliated entity, UBS Switzerland AG, as a consequence of a spin-off of the Swiss-booked business into a separately incorporated entity in response to a request by the Swiss Financial Market Supervisory Authority, the Swiss financial market regulator.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2023.

_____
Lisa J. Fried