# Exhibit 4

A

# CASES

DETERMINED BY THE

B
## CHANCERY DIVISION

AND IN

## LUNACY

AND ON APPEAL THEREFROM IN THE

C
## COURT OF APPEAL

[COURT OF APPEAL]

D
PARRY-JONES v. LAW SOCIETY AND OTHERS

C. A.

1967
Nov. 15

*Solicitor—Discipline—Powers of Law Society—Investigation of complaint—Notice to solicitor to produce documents connected with his practice as solicitor and to produce accounts—Investigating officer—Solicitor's claim that documents subject to professional privilege—Whether professional privilege applicable—Power of Law Society to inspect before nature of complaint communicated to solicitor—Whether account and trust account rules ultra vires —Solicitors Act, 1957 (5 & 6 Eliz. 2, c. 27), s. 29* [1]*—Solicitors'*

LORD
DENNING
M.R.,
DIPLOCK and
SALMON L.JJ.

[Reported by MARCEL BERLINS, ESQ.]

[1] Solicitors Act, 1957, s. 29: "(1) The council shall make rules—(a) as to the opening and keeping by solicitors of accounts at banks for clients' money; and (b) as to the keeping by solicitors of accounts containing particulars and information as to moneys received, held or paid by them for or on account of their clients; and (c) empowering the council to take such action as may be necessary to enable them to ascertain whether or not the rules are being complied with; Provided that any such rules shall not come into operation until they have been approved by the Master of the Rolls. (2) The council shall also make rules—(a) as to the opening and keeping by every solicitor who is a sole trustee, or who is co-trustee only with one or more of his partners, clerks or servants, of an account at a bank for moneys of any trust of which he is such a sole trustee or co-trustee; and (b) as to the keeping by every such solicitor of accounts containing particulars and information as to moneys received, held or paid by him for or on account of any such trust; and (c) empowering the council to take such action as may be necessary to enable them to ascertain whether or not the rules are being complied with. (3) If a solicitor fails to comply with any rules made under this section, any person may make a complaint in respect of that failure to the disciplinary committee...."

1

| C. A. | |
|---|---|
| 1967 | |
| Parry-Jones | |
| v. | |
| Law Society | |

*Accounts Rules,* 1945 (S.R. & O. 1944, No. 781), r. 11 [2]—*Solicitors'*         A
*Trust Accounts Rules,* 1945 (S.R. & O. 1944, No. 781), r. 11.[3]
*Statutory Instrument—Validity—Whether ultra vires—Rules made by Law Society—Solicitors' Accounts Rules, 1945, r. 11—Solicitors' Trust Accounts Rules, 1945, r. 11.*
*Natural Justice—Opportunity to meet charge—Solicitor—Investigation by Law Society of complaint—Whether judicial proceeding—Whether natural justice requires solicitor to be told details of*   B
*complaint.*
*Practice—Discovery—Privilege—Professional privilege—Law Society's notice to solicitor to produce documents and accounts relating to his practice—Whether professional privilege applicable.*

On February 9, and March 3, 1967, the Law Society served on a solicitor a written notice pursuant to rule 11 of the Solici-   C
tors' Accounts Rules, 1945, and rule 11 of the Solicitors' Trust Accounts Rules, 1945, requiring him to produce for inspection his books of account and any other necessary documents relating to (a) his practice as a solicitor and (b) every trust of which he was a trustee. On February 22 the solicitor issued a specially indorsed writ (later amended to include the second notice) seeking injunctions restraining the Law Society and its officials   D
concerned from having access pursuant to the notices to confidential information relating to any client of his without the express authority of such client, and without prior information to him of the nature and content of complaint made to or by the society; and from having access to any accounts in respect of which it was or might be alleged (without his knowledge) that he was a solicitor-trustee. The writ also sought an order that   E
the solicitor was entitled to full particulars of any complaint or representation made by or to the Law Society in regard to his conduct as a solicitor, and that the defendants were not entitled to proceed on the notices until after the complaints had been

---

[2] Solicitors' Accounts Rules, 1945 (made under s. 1 of the Solicitors' Act, 1933, but by virtue of s. 88 (2) of the Act of 1957 having effect as if made under s. 29 of that Act), r. 11: "(1) In order to ascertain whether these rules have been complied with, the council, acting either—(a) on their own motion; or (b) on a written statement or request transmitted to them by or on behalf of the governing body of a provincial Law Society or a committee thereof; or (c) on a written complaint lodged with them by a third party; may require any solicitor-trustee to produce at a time and place to be fixed by the council, all books of account, bank pass books, looseleaf bank statements, statements of account, vouchers, and documents relating to all or any of the trusts of which he is solicitor-trustee for the inspection of any person appointed by the council, and such person shall be directed to prepare for the information of the council a report on the result of such inspection. Such report may be used as a basis for proceedings under the Solicitors Acts, 1932 to 1941. (2) Upon being required so to do a solicitor-trustee shall produce such books of account, bank pass books, loose leaf bank statements, statements of accounts, vouchers and documents at the time and place fixed. . . ."   F, G

[3] Solicitors' Trust Accounts Rules, 1945, r. 11, is in similar terms to r. 11 of the Solicitors' Accounts Rules, 1945.

A    received by him and he had replied to or taken appropriate steps with regard to them.

       Buckley J. on a motion by the Law Society and the officials concerned, ordered that the indorsement on the writ be struck out as disclosing no cause of action.

       On appeal by the solicitor:—

       *Held*, dismissing the appeal (1) that the contractual duty of
B    confidence was overriden by the duty to obey the general law; that section 29 of the Solicitors Act, 1957, in enabling the council of the Law Society to "take such action as may be necessary," empowered it to make rules whereby it could inspect a solicitor's books and supporting documents in order to see that the rules were complied with, even if it meant dis-closing the client's affairs; and that, accordingly, the account and
C    trust account rules were valid rules which overrode any privilege or confidence which otherwise might subsist between solicitor and client.

       *Per* Diplock L.J. Privilege is irrelevant when one is not con-cerned with judicial or quasi-judicial proceedings (post, p. 9D).

       (2) That since the inspection of books or documents pursuant to the rules was neither a judicial or quasi-judicial inquiry but
D    only an inquiry as to whether or not there was prima facie evidence that the ground of complaint existed, natural justice did not require a solicitor to be told what had instigated the Law Society to make the inquiries, which it was entitled to make without instigation, nor entitle him to particulars of the complaint, if any, against him.

       *Wiseman* v. *Borneman* [1968] Ch. 429; [1968] 2 W.L.R. 320; [1967] 3 All E.R. 1045, C.A. followed.
E

       Decision of Buckley J. [1968] Ch. 195; [1967] 3 W.L.R. 1305; [1967] 3 All E.R. 248 affirmed.

C. A.
1967
———
Parry-Jones
v.
Law Society

APPEAL from Buckley J.[4]

On February 9, and March 3, 1967, the Law Society served on the plaintiff, Aneurin Glanmor Parry-Jones, a solicitor of the
F High Court, a written notice pursuant to rule 11 of the Solicitors' Accounts Rules, 1945, and rule 11 of the Solicitors' Trust Accounts Rules, 1945, requiring him to produce for inspection his books of account and any other necessary documents relating to (a) his practice as a solicitor and (b) every trust of which he was a trustee.

G    On February 22, 1967, the plaintiff issued a specially indorsed writ, amended on March 13, 1967, against the defendants, the Law Society, its Secretary General, Sir Thomas Lund, Robert Frederick Payne and Paul Arthur Leach, the chairman and secretary of its professional purposes committee, John Frederick Warren, the clerk

---

[4] [1968] Ch. 195; [1967] 3 W.L.R. 1305; [1967] 3 All E.R. 248.

C. A.
1967
―――
Parry-Jones
v.
Law Society
―――

to the disciplinary committee, and John Albert Hilary Harden, claiming

 " an injunction against the defendants and each of them by their respective officers and/or agents . . . (1) restraining the defendants and each of them from all or any steps pursuant to," the two notices, ". . . in so far as the said notices purport without lawful authority to empower the defendants or any of them to have access to confidential information relating to any client of the plaintiff without the express authority of such client to such access; (2) restraining the defendants and each of them from all or any steps as aforesaid without prior information to the plaintiff of the nature and content of any complaint made to or by the defendants or any of them; (3) restraining the defendants and each of them from all or any steps as aforesaid in respect of any accounts of the plaintiff in regard to which it is or may be alleged that the plaintiff is a solicitor-trustee in so far as the plaintiff is not aware of any accounts in respect whereof he can be termed a solicitor-trustee, and in so far as the plaintiff has habitually maintained proper accounts of clients' moneys in which there has not been and there is not at the date hereby or at the date of the amendment hereof any deficiency; (4) and the plaintiff further claims an order that he is entitled to full particulars of any complaint or representation made by or to the defendants or any of them in regard to the conduct of the plaintiff as a solicitor, and that the defendants shall not be entitled in any event to proceed on the said notice save in reference to and after the receipt by the plaintiff of particulars of such complaints or representations in order that the plaintiff may reply to or take appropriate steps in regard to the same."

 On July 11, 1967, the defendants applied for an order that the indorsement on the plaintiff's writ be struck out under R.S.C. Ord. 18, r. 19, and under the inherent jurisdiction of the court, on the ground, inter alia, that it disclosed no reasonable cause of action against any of the defendants. Buckley J. giving judgment in open court on July 21, ordered [4] that the claims indorsed on the writ be struck out and dismissed the action.

 The plaintiff appealed contending (a) that the society could not require him to produce for inspection information privileged because subject to an obligation of confidence between solicitor and client and that rules purporting to empower the society so to do were accordingly ultra vires; (b) that natural justice required that a solicitor should be given details of any complaint against him as a result of which an inspection under rule 11 was made.

[4] [1968] Ch. 195.

A    The appellant in person. First, rule 11 of the Solicitors' Account Rules is ultra vires because it conflicts with section 46 (6) of the Solicitors Act, 1957. If this were not so, it would mean that solicitors would in effect have no privilege. The Law Society cannot require a solicitor to produce information which, either by contractual obligation, or because of privilege, he is not at

B liberty to produce. The privilege contained in rule 5 of the rules dealing with accountant's reports in the Solicitors' Accounts Compensation Fund and Practice Rules, ought to be implied in rule 11 of the Solicitors' Accounts Rules, 1945. An accountant, in his annual inspection, does no more and no less than the Law Society does under rule 11. Therefore the same principles re-

C garding privilege should apply.

    Secondly, the requirements of natural justice should apply. [Reference was made to *Lau Liat Meng* v. *Disciplinary Committee*.[5]] Natural justice requires that notice be given to the solicitor of the complaint against him, as a result of which the Law Society is investigating. Practically it would be far better

D for the Law Society in its investigation, if the solicitor has the opportunity to know what the complaint concerns.

    *T. H. Bingham* for the respondents. Rules made by the Law Society must be capable of dealing with the situation where a solicitor has something to hide. The rules do no more than reflect the duty imposed on the council by section 29 of the Solicitors

E Act, 1957. That section is very wide and unequivocal in its language. It is not subject to any privilege or any saving clause. If a solicitor were to be entitled to refuse inspection of documents, this would enable a fraudulent solicitor to prevent an investigating accountant from doing his duty. These rules are the only way to deal with possibly fraudulent solicitors.

F    Does the power of investigation override the implied contractual confidence between solicitor and client? This is a public policy point, and there are two issues involved. One is that the Law Society, which looks after solicitors' matters should be entitled to investigate solicitors. The other is that confidential matters between solicitors and clients should not be disclosed. If there

G is conflict, the power to investigate must override the confidence.

    There must be implied in any contract between solicitor and client a term that the solicitor must comply with the law. A right to confidence cannot prevail over a statute. Section 29 of the Act of 1957 overrides any duty of confidence owed by the solicitor to the client.

[5] [1968] A.C. 391; [1967] 3 W.L.R. 877, P.C.

C. A.
1967
―――
Parry-Jones
v.
Law Society
―――

A    With regard to the natural justice argument, the investigation by the accountant is not a judicial proceeding. Under rule 11 of the Solicitors' Accounts Rules, 1945, which gives the council wide powers, it is not necessary for them to divulge the source of the complaint. It would be undesirable if the council did have to divulge this as (a) people would no longer report possible malpractices to the Law Society and (b) there would be the possibility B    of an action against the informant.

    The appellant in reply. It cannot be contended that these wide powers are necessary. In the case of a fraudulent solicitor, because of the procedure which provides for notice of an inspection to be given, he will have enough time to " cook his books," or abscond. The Law Society must be under an obligation to disclose C    under which section of rule 11 they are proceeding. If for instance a complaint has been made, it would be quite inappropriate for them to act under section (*a*).

    LORD DENNING M.R. For many years now the Law Society have made rules about clients' money. Every solicitor has to D    keep his clients' money in a separate account relating to clients' money. This has been a very important safeguard for clients all over the country. Every solicitor has also every year to engage an accountant to examine his accounts and to give a certificate that he is complying with the rules. In addition, the Council of the Law Society can send down an accountant of their own E    choice to make an investigation of the solicitor's books to see if he is complying with the rules.

    On February 9, 1967, and also on March 3, 1967, the Law Society wrote to Mr. Parry-Jones requiring him to produce at his office his various books of account for the inspection of Mr. Harden, the Law Society's investigating accountant. As far as we F    know, Mr. Parry-Jones has complied with that request and the investigation has been held. But in the course of it, Mr. Parry-Jones raised two points of some importance. And he has brought an action to test the position. The first point is this. He says that he is not bound to produce to the accountant a document or information which is privileged from production. We all know G    that, as between solicitor and client, there are two privileges. The first is the privilege relating to legal proceedings, commonly called legal professional privilege. A solicitor must not produce or disclose in any legal proceedings any of the communications between himself and his client without the client's consent. The second

| 1 Ch. | CHANCERY DIVISION | 7 |

<div style="float:right">
C. A.

1967

Parry-Jones
v.
Law Society

Lord
Denning
M.R.
</div>

A    privilege arises out of the confidence subsisting between solicitor and client similar to the confidence which applies between doctor and patient, banker and customer, accountant and client, and the like. The law implies a term into the contract whereby a professional man is to keep his client's affairs secret and not to disclose them to anyone without just cause (see *Tournier* v. *National Pro-*

B    *vincial & Union Bank of England* [1]). This particularly applies in the relationship of solicitor and client. The solicitor is not to disclose his client's affairs to anyone at all except under the most special and exceptional circumstances. In reliance on these principles, Mr. Parry-Jones says that the accountant sent by the Law Society should not be allowed to see documents or information

C    relating to a client's affairs.

     We have been into the matter with the help of Mr. Parry-Jones (who has argued his case very well on his own behalf) and Mr. Bingham on behalf of the Law Society. In my opinion the contract between solicitor and client must be taken to contain this implication: the solicitor must obey the law, and,

D    in particular, he must comply with the rules made under the authority of statute for the conduct of the profession. If the rules require him to disclose his client's affairs, then he must do so.

     The rules are made under section 29 of the Solicitors Act, 1957. It says:

E

> " (1) The council shall make rules—(*a*) as to the opening and keeping by solicitors of accounts at banks for clients' money; and (*b*) as to the keeping by solicitors of accounts containing particulars and information as to moneys received, held or paid by them for or on account of their clients; and (*c*) empowering the council to take such action

F    > as may be necessary to enable them to ascertain whether or not the rules are being complied with; . . ."

     All the matters contained in (*a*), (*b*) and (*c*) are clients' matters. The books and accounts contain information as to clients' affairs. By enabling the council to "take such action as may be necessary," the statute imports that rules can be made

G    whereby the council can look into the solicitor's books and supporting documents in order to see that the rules are complied with, even if it does mean disclosing the clients' affairs.

     Under the statute the council have made rule 11 (1) of the Solicitors' Accounts Rules, 1945, which says:

---

[1] [1924] 1 K.B. 461, 479–481; 40 T.L.R. 214, C.A.

8            CHANCERY DIVISION            [1969]

C. A.
1967
―――
Parry-Jones
v.
Law Society
―――
LORD
DENNING
M.R.
―――

"In order to ascertain whether these rules have been complied with, the council, acting either—(a) on their own motion; or (b) on a written statement or request transmitted to them by or on behalf of the governing body of a provincial Law Society or a committee thereof; or (c) on a written complaint lodged with them by a third party; may require any solicitor to produce"

his books, and so forth. In my opinion that rule is a valid rule which overrides any privilege or confidence which otherwise might subsist between solicitor and client. It enables the Law Society for the public good to hold an investigation, even if it involves getting information as to clients' affairs. But they and their accountant must, of course, themselves respect the obligation of confidence. They must not use it for any purpose except the investigation, and any consequential proceedings. If there should be subsequent application to the disciplinary committee, the information can be used for that purpose. In all other respects the usual rules of legal professional privilege apply—see section 46 (6) of the Act.

Then Mr. Parry-Jones raised another point. He said that if the council act under rule 11 (1) (c) on a written complaint lodged by a third party, then that complaint should be shown to him, the solicitor. He says he is entitled to know who is making the complaint and the nature of it. Such is required, he says, by natural justice. I would point out that under rule 11 (4) it is provided that, before instituting an inspection on a written complaint alleged by a third party, the council shall require prima facie evidence that the ground of complaint exists. That shows that the council have only to inquire whether there is prima facie evidence. As we held a few days ago in *Wiseman* v. *Borneman*,[2] a prima facie case stands on a very different footing from an actual determination. Where the only inquiry is as to whether there is prima facie evidence, natural justice does not require that the party should be given notice of it. Nor do I think the solicitor is entitled to know whether the council are acting under (a), (b) or (c) of rule 11 (1). The rule does not require it. The council are entitled to send their accountant to make an investigation without disclosing on which ground they are acting. The solicitor is not entitled to be told the particulars of the complaint.

In the result I am of opinion that all the claims which

―――
[2] [1968] Ch. 429; [1968] 2 W.L.R. 320; [1967] 3 All E.R. 1045, C.A.

A   Mr. Parry-Jones raises by the indorsement on the writ in this     C. A.
action are not well-founded. The judge was quite right to              1967
strike it out and dismiss the action.                              ────────
                                                                    Parry-Jones
I would, therefore, dismiss the appeal.                                v.
                                                                   Law Society

B   DIPLOCK L.J. I agree. I think this action is obviously misconceived. If I did not think so, then I should not think it right to strike it out under the summary procedure.

The foundation of Mr. Parry-Jones' case is the submission that an inspection of documents under rule 11 of the Solicitors' Accounts Rules, 1945, is in the nature of a judicial proceeding.
C   In my view it is no more in the nature of a judicial proceeding than an inspection by a factory inspector under the Factories Act of factory premises. Of course, the result of it may lead to subsequent judicial or quasi-judicial proceedings, but that does not make the inquiry or inspection a judicial or quasi-judicial proceeding itself.

D   So far as Mr. Parry-Jones' point as to privilege is concerned, privilege, of course, is irrelevant when one is not concerned with judicial or quasi-judicial proceedings because, strictly speaking, privilege refers to a right to withhold from a court, or a tribunal exercising judicial functions, material which would otherwise be admissible in evidence. What we are concerned
E   with here is the contractual duty of confidence, generally implied though sometimes expressed, between a solicitor and client. Such a duty exists not only between solicitor and client, but, for example, between banker and customer, doctor and patient and accountant and client. Such a duty of confidence is subject to,
F   and overridden by, the duty of any party to that contract to comply with the law of the land. If it is the duty of such a party to a contract, whether at common law or under statute, to disclose in defined circumstances confidential information, then he must do so, and any express contract to the contrary would be illegal and void. For example, in the case of banker
G   and customer, the duty of confidence is subject to the overriding duty of the banker at common law to disclose and answer questions as to his customer's affairs when he is asked to give evidence on them in the witness box in a court of law. I think that similar provisions as to disclosure apply to doctors under the National Health Act. I agree with Lord Denning M.R.

C. A.
1967
―――
Parry-Jones
v.
Law Society
―――
DIPLOCK L.J

that section 29 of the Solicitors' Act, 1957, which deals with     A
accounts (the whole of the material in which consists of information about clients' affairs because it is the clients' accounts only which are dealt with in this section) and empowers the council to take such action as may be necessary to enable them to ascertain whether or not the rules are being complied with, necessarily empowers the council to make rules which entitle     B
the council of the Law Society to override that privilege. They have in my view made such a rule in rule 11 of the Solicitors' Account Rules, 1945, and there is accordingly nothing in the first point which Mr. Parry-Jones raises.

As regards the second point, that he is entitled under rules of natural justice to see a complaint, if indeed there was a     C
complaint laid against him, I agree with Lord Denning M.R. that there is nothing in that point at all. It is also founded upon the assumption that the inspection is a judicial or quasi-judicial inquiry. It is nothing of the sort and I can see no reason why Mr. Parry-Jones should have any right to know what has instigated the Law Society to make the inquiries which     D
they are entitled to make without any instigation at all.

SALMON L.J. I agree with both the judgments which have been delivered.

*Appeal dismissed with costs.*
E

Solicitors: *Hempsons.*

―――

1968
Jan. 24;
Feb. 12
―――
CROSS J.

*In re* STAINES URBAN DISTRICT COUNCIL'S AGREEMENT     F

TRIGGS v. STAINES URBAN DISTRICT COUNCIL

[1967 S. No. 2939]

*Contract—Consideration—Vendor and purchaser—Agreement under*     G
  *seal regulating use of land—Covenant by local authority not to*
  *exercise statutory powers—Whether void covenant whole consideration for option.*
*Town Planning—Agreement regulating use of land—Sports ground—*
  *Covenant by planning authority restricting right of compulsory*

―――

[Reported by MRS. ROSALIE LONG, Barrister-at-Law.]