HCMP 3560/2016

# IN THE HIGH COURT OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION
# COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO 3560 OF 2016

---

IN THE MATTER OF Pacific Andes Enterprises (BVI) Limited (In Liquidation)

and

IN THE MATTER OF the inherent jurisdiction of the Court

---

BY

| THE JOINT AND SEVERAL LIQUIDATORS OF PACIFIC ANDES ENTERPRISES (BVI) LIMITED | Applicants |

---

AND

HCMP 3561/2016

# IN THE HIGH COURT OF THE
# HONG KONG SPECIAL ADMINISTRATIVE REGION
# COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO 3561 OF 2016

---

IN THE MATTER OF PARD Trade Limited (In Liquidation)

and

IN THE MATTER OF the inherent jurisdiction of the Court

---

BY

| THE JOINT AND SEVERAL LIQUIDATORS OF PARD TRADE LIMITED | Applicants |

- 2 -

AND                                                                                                          HCMP 3562/2016

**IN THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

MISCELLANEOUS PROCEEDINGS NO 3562 OF 2016

---

|  |  |
|---|---|
| IN THE MATTER OF Parkmond Group Limited (In Liquidation) | |
| and | |
| IN THE MATTER OF the inherent jurisdiction of the Court | |

---

BY

| THE JOINT AND SEVERAL LIQUIDATORS OF PARKMOND GROUP LIMITED | Applicants |
|---|---|

---

AND                                                                                                          HCMP 3563/2016

**IN THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

MISCELLANEOUS PROCEEDINGS NO 3563 OF 2016

---

IN THE MATTER OF Solar Fish Trading Limited (In Provisional Liquidation)

and

IN THE MATTER OF the inherent jurisdiction of the Court

---

BY

| THE JOINT AND SEVERAL PROVISIONAL LIQUIDATORS OF SOLAR FISH TRADING LIMITED | Applicants |
|---|---|

Before: Hon Harris J in Chambers

Date of Written Submission: 6 January 2017

Date of Decision: 17 January 2017

Date of Reasons for Decision: 27 January 2017

## REASONS FOR DECISION

1.      On 18 November 2016 the East Caribbean Supreme Court ("**Supreme Court**") ordered the winding up of the following three companies, which are incorporated in the British Virgin Islands:

    (1)    Pacific Andes Enterprises (BVI) Limited ("**PAE**");

    (2)    PARD Trade Limited ("**PTL**"); and

    (3)    Parkmond Group Limited ("**Parkmond**").

On 25 November 2016 Solar Fish Trading Limited ("**Solar Fish**"), which is incorporated in the BVI, was also wound up by the Supreme Court.

2.      The companies are part of a large corporate group. The ultimate holding company is Pacific Andes Resources Development Limited ("**PARD**"), which is incorporated in Bermuda and listed on the Main Board of the Singapore Stock Exchange. PARD is in turn part of another group of companies of which Pacific Andes International Holdings Limited ("**PAIH**") is the ultimate holding company. PAIH is controlled by the Ng Family, which holds the majority shares in N.S. Hong Investment (BVI) Limited, which in turn holds the majority shares in PAIH. PAIH owns approximately 66% of PARD through its subsidiary Clamford Holding Limited. PAIH is listed on the Main Board of The Stock Exchange of Hong Kong Limited.

-4-

3. The four winding-up orders made by the Supreme Court appointed Nicholas Gronow, Ian Morton and Joshua Taylor, all of FTI Consulting, as provisional liquidators of the Companies. Subsequently they were appointed joint and several liquidators ("**Liquidators**"). Mr Gronow explains in his affirmations in support of the applications that the Liquidators' investigations have identified a number of parties in Hong Kong, which they believe may holds assets and records belonging to the Companies and have information that would be useful to the Liquidators in the furtherance of the liquidations. Accordingly, in December 2016 the Liquidators applied to the Supreme Court to issue a letter of request to this Court for recognition of the Liquidators appointment on terms that would allow them to advance their investigations. Letters of Request were issued on 19 December 2016. The Letters of Request use slightly different wording in their introductory recitals. In the case of PAE, PTL and Parkmond they read as follows:

> "#[1]. Pursuant to the Order and section 175(1) of the Insolvency Act, no person may commence or proceed with any action or proceeding against the Company (in which liquidation had already commenced) unless the Court otherwise orders.
>
> #. Pursuant to section 284(1) of the Insolvency Act, the Court may order that any person who the Liquidators consider is capable of giving information concerning the Company or a connected company to appear before the Court for examination concerning the Company or a connected company, including the promotion, formation, business dealings, accounts, assets, liabilities or affairs of the Company or connected company."

In the case of Solar Fish the second of these paragraphs reads:

---

[1] The paragraph numbering differs in each Letter of Request.

- 5 -

> "9. Pursuant to section 282(1) of the Insolvency Act, the JPLs may, by notice in writing, require certain persons (i) to provide the JPLs with such information concerning the Company, including the promotion, formation, business, dealings, accounts, assets, liabilities or affairs as the JPLs reasonably require, (ii) to attend on the JPLs at such reasonable time and at such place as may be specified in the notice; or (iii) to be examined on oath or affirmation by him, or by his legal practitioner, on any matter referred to at (i) above."

4. Paragraph 2 of the substantive request requests the following assistance:

> "The Liquidators have and may exercise such powers as are available to them as a matter of BVI law (as set out above) and would be available to them under the laws of Hong Kong as if they had been appointed liquidators of the Company under the laws of Hong Kong and in particular but without prejudice to the generality of the foregoing, for the following purposes:
>
> (a) to obtain from third parties such documents and information as concern the Company, including its promotion, formation, business dealings, accounts, assets, liabilities or affairs in order to facilitate the Liquidators investigations into the assets and affairs of the Company and the circumstances which gave rise to its insolvency;
>
> (b) to locate, protect, secure and take into their possession and control all assets and property within the jurisdiction of the Hong Kong High Court to which the Company is or appears to be entitled;
>
> (c) to locate, protect, secure and take into their possession and control the books, papers, and records of the Company including the accountancy and statutory records within the jurisdiction of the Hong Kong High Court and to investigate the assets and affairs of the Company and the circumstances which gave rise to its insolvency;
>
> (d) to retain and employ barristers, solicitors or attorneys and/or such other agents or professional persons as the Liquidators consider appropriate for the purpose of advising or assisting in the execution of their powers and duties; and

- 6 -

(e) so far as may be necessary to supplement and to effect the powers set out at sub-paragraphs (a) to (c) above, to bring legal proceedings and make all such applications to the Hong Kong High Court whether in their own names or in the name of the Company on behalf of and for the benefit of the Company including any applications for:

(i) orders for disclosure, the production of documents and/or examination of third parties which it is anticipated may be made by the Liquidators to facilitate their investigations into the assets and affairs of the Company and the circumstances which gave rise to its insolvency; and/or

(ii) ancillary relief such as freezing orders, search and seizure orders in any legal proceedings commenced."

5. In a series of decisions, principally (1) *Joint Official Liquidators of A Company v B & C* [2]; (2) *Re Joint Official Liquidators of Centaur Litigation SPC* [3]; (3) *Re G Ltd* [4]; (4) *Rennie Produce (Aust) Pty Ltd (in liquidation in Australia)* [5]; (5) *Bay Capital Asia Fund LP (in official liquidation) v DBS Bank (Hong Kong) Limited* [6]; and (6) *BJB Career Education Company Limited (in provisional liquidation)* [7] I have explained the Hong Kong Companies Court's power to provide assistance and recognition to a liquidator of a foreign incorporated company appointed by the court of the company's place of incorporation if the insolvency laws of the place of incorporation grant similar powers to a liquidator to those available under our own insolvency legislation. It is not necessary for me to repeat what is already explained in the authorities to which I have referred.

---

[2] [2014] 5 HKC 152
[3] Unreported, HCMP 3389/2015, HCMP 3391/2015, HCMP 3393/2015, 10 March 2016
[4] [2016] 1 HKLRD 167
[5] Unreported, HCMP 1640/2016, 26 August 2016
[6] Unreported, HCMP 3104/2015, 2 November 2016
[7] [2017] 1 HKLRD 113

6. The increasing number of applications for recognition and assistance in recent years has allowed a form of order to emerge that this Court will generally be prepared to grant on written application made pursuant to a letter of request. Such applications can be granted very quickly. I note for the benefit of practitioners that although such applications are very familiar to me, they will not necessarily be familiar to other judges who hear company matters, and applications should comply with *Practice Direction 3.5* and be accompanied by a paginated and indexed hearing bundle to assist the court in processing them quickly. In the present case it was not.

7. I am satisfied having read the supporting affirmations, the Letters of Requests and having regard to the principles explained in the authorities to which I have referred, that the orders sought by the Liquidators should be granted. The form of order differs in one respect from those that have been granted in recent cases. That is the proposed addition of sub-paragraph (a) referred to in paragraph 4 above. I agree that expressly providing a power to this effect would probably assist the Liquidators, but in my view the proposed wording might be read as giving them a right to obtain from third parties documents that the Liquidators are not entitled to without an order of the Court pursuant to *section 221(3)* of the *Companies (Winding Up and Miscellaneous Provisions) Ordinance*, Cap 32, or some other statutory or common law power. As the law in Hong Kong currently stands even under *section 221(3)* a liquidator only has the right to obtain documents "relating to the company", not documents, which cannot properly and fairly be described as relating to the company, but concern its promotion and the other matters referred to in *section 221(1)*. This is explained in

Case 22-50073    Doc 1409-23    Filed 01/30/23    Entered 01/30/23 10:03:34    Page 8 of 8

- 8 -

my decision in *The Joint and Several Liquidators of China Medical Technologies Inc* [8], which is currently under appeal. I am, however, prepared to grant the following order:

> To request and receive from third parties documents and information concerning the Company and its promotion, formation, business dealings, accounts, assets, liabilities or affairs including the cause of its insolvency.

This makes clear that the Liquidators are entitled to seek documents and information from third parties in Hong Kong. Even if the decision in *China Medical* is wrong, I doubt in any event whether it would be appropriate to grant an order for assistance in the form sought by the Liquidators in sub-paragraph (a). The language of the order would need to avoid giving the impression that it places a third party under a compulsion to provide documents or information. This would need a further order of the Court under *section 221(3)* and it is the current practice of the Companies Court to require applications under *section 221* to be made *inter partes*.

8. I have appended to this decision the form of order granted.

(Jonathan Harris)
Judge of the Court of First Instance
High Court

Clifford Chance, for the applicants (in all actions)

---

[8] [2015] 2 HKLRD 27