**A**  **RE TAKAMATSU**

COURT OF FIRST INSTANCE
HIGH COURT MISCELLANEOUS PROCEEDINGS NO 274 OF 2019, [2019] HKCFI 802
HARRIS J

**B**  28 FEBRUARY, 25 MARCH 2019

**Companies and Corporations – Winding up – Foreign insolvency order – Letter of request – Recognition and assistance – Access by trustee to bank accounts in Hong Kong**

**C**  公司與法團 — 清盤 — 外國破產命令 — 要求信 — 認可及協助 — 受託人取用香港的銀行賬戶

**D**  The applicant, the appointed trustee in bankruptcy of a company incorporated in Japan which was ordered by the Japanese court to be wound up on the ground of insolvency on 1 March 2018, applied pursuant to a letter of request of the Japanese court for recognition and assistance from the Hong Kong courts in order to enable him to deal with the company's affairs in Hong Kong, including the accessing of the company's bank account records with two banks in Hong Kong.

**E**  **Held**, granting the application:

(1) Although Japan had a civil law system which was not as familiar to the Hong Kong court as systems with similar common law insolvency regimes, it was clear from the evidence that had been filed in support of the application that the company was in a collective insolvency proceeding in its place of incorporation. It followed that the proceeding should be recognised. Although not identical, the status and powers of a trustee in bankruptcy appointed in Japan was similar to those of a liquidator appointed in Hong Kong. The court would therefore grant the Japanese trustee the powers in the standard form recognition order because they were consistent with the powers that the trustee had under Japanese law. *Re Joint and Several Liquidators of Pacific Andes Enterprises (BVI) Ltd* [2017] HKEC 146, [2017] HKCU 245 applied (paras 9, 13-14).

**F**

**G**  **Obiter**

(2) The order in 2(e) of the standard form recognition order granted conferred the right to apply for examinations of a person concerning the affairs of a company or to seek documents from a third party concerning the company's affairs. If such an application were to be made, it would be necessary to demonstrate that a like power existed in the Japanese regime and that it was appropriate to grant such an order on the evidence before the court (para 14).

**H**

**Cases referred to**

*Bay Capital Asia Fund LP v DBS Bank (Hong Kong) Ltd* [2016] HKEC 2377, [2016] HKCU 2627 (CFI)

**I**  *Joint and Several Liquidators of Pacific Andes Enterprises (BVI) Ltd, Re* [2017] HKEC 146, [2017] HKCU 245 (CFI)

*Joint Liquidators of Supreme Tycoon Ltd, Re* [2018] 2 HKC 485, [2018] 1 HKLRD 1120, [2018] HKCFI 277 (CFI)

*Joint Provisional Liquidators of China Lumena New Materials Corp, Re* [2018] HKCFI 276, [2018] HKCU 453 (CFI)

**Legislation referred to**
Bankruptcy Act (Act No 75 of 2 June 2004) [Japan] arts 34(1), 78(1), 83(1)
Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap 32) s 286B

[*Editorial note*: for cross-border insolvency, see *The Annotated Ordinances of Hong Kong* (LexisNexis), commentary under Part X of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap 32), [327.05]-[327.06].]

**Originating Summons**
The applicant, Kaoru Takamatsu, a trustee in bankruptcy appointed in Japan over Japan Life Co Ltd, a Japanese incorporated company in compulsory liquidation in Japan, applied for an order from the court to recognise the Japanese winding up and to provide assistance. The facts appear sufficiently in the following judgment.

*Written Submissions by Deacons, for the applicant.*

**Harris J:**

*The application*

1. Japan Life Co, Ltd is incorporated in Japan ('**Company**'). The Company was ordered to be wound up on 1 March 2018 by the District Court of Tokyo, Twentieth Civil Division ('**Tokyo Court**') on the grounds of insolvency. Takamatsu Kaoru, who is a lawyer admitted to practice in Japan, was appointed trustee in bankruptcy on the same day. The Company was, so I understand, in the business of selling health products prior to its winding up.

2. The Company maintained accounts with Mizuho Bank, Ltd and the Hongkong and Shanghai Banking Corporation Ltd in Hong Kong. Mr Takamatsu wishes to obtain access to the Company's bank account records held by the two banks, who, although it is unnecessary for reasons discussed in *Bay Capital Asia Fund LP v DBS Bank (Hong Kong) Ltd*,[1] require orders from this Court authorising Mr Takamatsu to request and receive them. In addition, there are three sets of legal proceedings to which the Company is a party. There are also claims for unpaid wages by at least one employee.

3. Mr Takamatsu seeks recognition by this Court and an order providing assistance in order to enable him to deal with the Company's affairs in Hong Kong. He has obtained from the Tokyo Court a letter of request seeking an order for recognition and assistance in substantially the form commonly granted by this Court. The application has been supported by an affirmation of Kondo Tetsuya, also a lawyer admitted to practice law in Japan, explaining relevant elements of the Japanese bankruptcy code.

---

1. Unrep, HCMP 3104/2015, 2 November 2016; [2016] HKEC 2377, [2016] HKCU 2627.

4. As far as I am aware this is the first application by a trustee in bankruptcy appointed in Japan over a Japanese incorporated company in compulsory liquidation in Japan for a formal order recognising the Japanese winding up and providing assistance. It is, therefore, useful for me to summarise for the benefit of practitioners the principles by reference to which the court determines these applications and append to these reasons the order that I will grant.

*The principles of recognition of foreign insolvency proceedings relevant to this application*

5. The law is well-settled that the Hong Kong court will recognise foreign insolvency proceedings that comply with the following criteria:

(1) the foreign insolvency proceedings are collective insolvency proceedings, such as a Cayman provisional liquidation (eg *Re Joint Provisional Liquidators of China Lumena New Materials Corp*[2]);

(2) the foreign insolvency proceedings are opened in the company's country of incorporation (eg *Re Joint Liquidators of Supreme Tycoon Ltd* [3]).

6. Upon the foreign insolvency proceedings being recognised, the Hong Kong court will grant assistance to the foreign officeholders:

'In the case of liquidators appointed in jurisdictions with similar insolvency regimes to Hong Kong, the assistance may extend to granting orders that give the foreign liquidators substantially similar powers…' (*Re Joint Liquidators of Supreme Tycoon Ltd.*[4])

7. As the law is well-settled, the Companies Court has developed a standard practice on applications for recognition orders and such applications may be granted very quickly on a written application:

'The increasing number of applications for recognition and assistance in recent years has allowed a form of order to emerge that this Court will generally be prepared to grant on written application made pursuant to a letter of request. Such applications can be granted very quickly. I note for the benefit of practitioners that although such applications are very familiar to me, they will not necessarily be familiar to other judges who hear company matters, and applications should comply with Practice Direction 3.5 and be accompanied by a paginated and indexed hearing bundle to assist the court in processing them quickly.' (*Re Joint and Several Liquidators of Pacific Andes Enterprises (BVI) Ltd.*[5])

8. To help facilitate the grant of recognition orders on the papers, the Companies Court has also provided a standard-form order to guide applicants, as set out in *Re Joint and Several Liquidators of Pacific Andes*

---

2. Unrep, [2018] HKCFI 276, [2018] HKCU 453.
3. [2018] 2 HKC 485, [2018] 1 HKLRD 1120; [2018] HKCFI 277 at [12].
4. *Ibid*.
5. Unrep, HCMP 3560/2016, 27 January 2017; [2017] HKEC 146, [2017] HKCU 245; at [6].

*Enterprises (BVI) Ltd.*[6]

*The order sought is consistent with the conventional recognition practice developed by the Companies Court*

9. Japan has a civil law system, which as a consequence is not as familiar to the Hong Kong court as systems with similar common law insolvency regimes, which are the source of most applications for recognition and assistance. It is, however, clear from the evidence that has been filed in support of the application that the Company is in a collective insolvency proceeding in its place of incorporation. It follows that the proceeding should be recognised.

10. Japan's Bankruptcy Act (Act No 75 of 2 June 2004) ('**Act**') provides in Article 78(1) that '*Where an order of commencement of bankruptcy proceedings is made, the right to administer and dispose of property that belongs to the bankruptcy estate shall be vested exclusively in a bankruptcy trustee appointed by the court.*' This would appear similar to the position of a trustee in bankruptcy in the case of personal bankruptcy in Hong Kong. Mr Kondo explains that property vests in the trustee automatically and without the need for a formal order transferring title to the trustee.

11. Article 34(1) of the Act defines the bankrupt's estate: '*Any and all property that the bankrupt holds at the time of commencement of bankruptcy proceedings (irrespective of whether or not it exists in Japan) shall constitute the bankruptcy estate.*'

12. Article 83(1) of the Act gives the trustee a right to inspect books and documents and other objects relating to the bankrupt's estate. Mr Kondo opines that it is the governing view in Japan that this right extends to books, documents and objects held by third parties as long as they are relevant to the bankrupt's estate.

13. Although not identical, the status and powers of a trustee in bankruptcy appointed in Japan is similar to those of a liquidator appointed in Hong Kong. In my view it is consistent with established principle for the court to recognise the trustee's status and rights in respect of the administration of the bankrupt's estate. In practical terms this involves recognising that the trustee has the right to take control of the Company's property in Hong Kong and administer it, thus taking over the rights that prior to the making of the bankruptcy order would have vested in the board of the Company. This would include the right to call for, receive and/or inspect documents that the board could call for such as bank records held by the Company's bankers.

14. The standard recognition and assistance order set out in *Re Joint and Several Liquidators of Pacific Andes Enterprises (BVI) Ltd* [7] confers on a

---

6. *Ibid.*
7. *Ibid.*

**A**   foreign liquidator general power to administer a company's assets and seek documents and information [2(a), (b) & (c)]. These are powers that a trustee has under the Japanese insolvency regime. It seems to me consistent with the principles discussed in cases such as *Pacific Andes* for this Court to grant to a Japanese trustee the powers in the standard order, because they

**B**   are consistent with the powers that the trustee has under Japanese law. These powers include the right to, for example, apply under *s 286B* of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap 32) for an order for examination of a person concerning the affairs of a company or to seek documents from a third party concerning a company's affairs [2(e)]. I would emphasise that the order in [2(e)] confers the right to

**C**   apply. If such an application were to be made it would be necessary for Mr Takamatsu to demonstrate that a like power exists in the Japanese regime and that it is appropriate to grant such an order on the evidence before the Court.

**D**

*Order*

15. I will, therefore, grant an order in the terms appended to these reasons.

**E**   *Order*

1. The Order made by the District Court of Tokyo, Twentieth Civil Division on 1 March 2018 commencing a bankruptcy procedure in relation to Japan Life Co, Ltd (the '**Company**') and appointing Mr Kaoru Takamatsu (the '**Trustee**') as trustee in bankruptcy of the Company be

**F**   recognised by this Court.

2. The Trustee has and may exercise such powers as are available to him as a matter of Japanese law and would be available to him under the laws of Hong Kong as if he had been appointed liquidator of the Company under the laws of Hong Kong and in particular, but without prejudice to the

**G**   generality of the foregoing, for the following purposes:

> (a) to request and receive from third parties such documents and information as concern the Company, including its promotion, formation, business dealings, accounts, assets, liabilities or affairs including the cause of its insolvency;

**H**  
> (b) to locate, protect, secure and take into his possession and control all assets and property within the jurisdiction of the courts of Hong Kong to which the Company is or appears to be entitled;

> (c) to locate, protect, secure and take into his possession and control the books, papers, and records of the Company including the accountancy and statutory records within the jurisdiction of the courts of Hong Kong and to investigate the

**I**   assets and affairs of the Company and the circumstances which gave rise to its insolvency;

> (d) to retain and employ barristers, solicitors or attorneys and/or such other agents or professional persons as the Trustee considers appropriate for the purpose of advising or assisting in the execution of his powers and duties; and

(e) so far as may be necessary to supplement and to effect the powers set out at subparagraphs (a) to (d) above, to bring legal proceedings and make all such applications to this Court whether in his own name or in the name of the Company on behalf of and for the benefit of the Company including any applications for:

(i) orders for disclosure, the production of documents and/or examination of third parties which it is anticipated may be made by the Trustee to facilitate his investigations into the assets and affairs of the Company and the circumstances which gave rise to its insolvency; and/or

(ii) ancillary relief such as freezing orders, search and seizure orders in any legal proceedings commenced.

3. For so long as the Company remains in liquidation in Japan, no action or proceeding shall be proceeded with or commenced against the Company or its assets or affairs, or its property within the jurisdiction of the courts of Hong Kong, except with leave of this Court and subject to such terms as this Court may impose.

4. The Trustee do have liberty to apply; and

5. The costs of the application be paid out of the assets of the Company as an expense of the bankruptcy of the Company.

*Reported by Grace Law*