UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al*.,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------x

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE IN SUPPORT OF MOTION FOR ENTRY OF ORDER SEALING CONFIDENTIAL EXHIBIT TO OBJECTION TO DEBTOR'S MOTION FOR ORDER REMOVING TRUSTEE AND RELATED RELIEF**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), hereby submits this reply (the "Reply") in further support of the *Chapter 11 Trustee's Motion for Entry of Order Sealing Confidential Exhibit to Objection to Debtor's Motion for Order Removing Trustee and Related Relief* (the "Sealing Motion")[2] and in response to the objections filed by (a) the Individual Debtor [Main Case Docket No. 1400] and (b) Mei Guo and HK International Funds Investments (USA) Limited LLC [Main Case Docket No. 1401] (together, the "Objections"). In further support of the Sealing Motion, the Trustee respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Sealing Motion.

## REPLY

1.      Despite the Objections attempts to obfuscate the purpose of the Motion to Seal, it really is very straightforward, and very important. It requests that the Court allow a highly confidential declaration to be filed on an attorneys-eyes-only basis as an exhibit under seal in connection the Trustee's objection to the Removal Motion, with the added protection that access to the document and the identity of the declarant be limited to Z&Z and CSG.

2.      Producing exhibits and testimony on an attorneys' eyes only basis is already provided for in this case.[3] The Protective Order allows for documents to be produced on an attorneys' eyes only basis through their designation as "Highly Confidential." The Debtor and his counsel have produced numerous documents in discovery with Highly Confidential designations, with the Debtor going so far as to assert that his entire deposition in connection with the Ace Decade proceeding had to be treated as Highly Confidential prior to a single question even being asked. Moreover, the Debtor and Ms. Guo have asserted that some information does not even have to be disclosed for alleged security reasons, such as the Debtor's asylum application (with respect to which the Debtor sought a protective order) or Ms. Guo's address (which her counsel recently instructed her not to disclose at her deposition on grounds of a security concern, despite counsel for the Trustee stating to her counsel that if he had a concern he could designate that part of the transcript as Highly Confidential). In fact, to date the Debtor and his prior counsels have designated thousands documents as attorney's eyes only.

---

[3]    It is also commonplace for such protective orders to restrict disclosure to outside counsel only, the same level of protection being requested in the Sealing Motion. *See e.g. Sony Computer Ent. Am., Inc. v. NASA Elecs. Corp.,* 249 F.R.D. 378, 383 (S.D. Fla. 2008) ("it is appropriate to permit an 'attorneys' eyes only' designation, which is restricted to outside counsel . . . without prejudice, however, to the right of Plaintiff to seek to lift this designation as to particular information if necessary to do so in the litigation of this case"); *Field Turf USA, Inc. v. Sports Const. Grp., LLC*, No. 1:06 CV 2624, 2007 WL 4412855, at *1 (N.D. Ohio Dec. 12, 2007) (protective order "provides that 'attorneys' eyes only' material may be disclosed only to the receiving party's 'outside counsel'").

3. Thus, the real issue being objected to is the Trustee's request to extend the scope of protections afforded Highly Confidential documents to further exclude Aaron Mitchell and other "in-house" counsel for the Debtor and his family and who, like Mr. Mitchell, have not appeared before this Court for purposes of any substantive matters.[4] As discussed further below, the Trustee believes such additional protection is eminently reasonable given the concerns the Witness has expressed with respect to the Witness's personal safety.

4. Restricting the Debtor's other counsel, including Aaron Mitchell and Melissa Francis, from seeing the Confidential Exhibit is warranted by the unique relationship these attorneys have with the Debtor Parties, whom they serve as in-house counsel in connection with numerous matters. Mitchell and Francis have for years acted as intermediaries between the Debtor Parties and their outside counsel, relaying instructions and information. Mitchell's law office was at one point located at the same address used by the Debtor and numerous of his shell companies, 162 E. 164th Street, New York, New York.[5] Mitchell and Francis have also advised the Debtor in connection with this chapter 11 case without filing proper disclosures regarding their compensation.[6] For these reasons, Mitchell and Francis are not, in the Trustee's view, true outside counsel in the same manner as Z&Z and CSG, and the Trustee has legitimate concerns about their ability to keep confidential information from the Debtor and his associates. Indeed, as the Court is aware, Mitchell was previously implicated in the violation of the non-disclosure

---

[4] This latter group notably includes Melissa Francis and Daniel Podhaskie, counsel who have registered no appearances before this Court but have previously been actively involved in matters on behalf of the Debtor and Ms. Guo in connection with the Debtor's numerous other business dealings.

[5] *See Consent to Change Attorney*, filed by Mitchell in connection with the PAX litigation before Justice Ostrager and dated November 14, 2019, Index No. 652077/207, NYSECF 338, attached hereto as **Exhibit A.**

[6] Mitchell filed a notice of appearance on July 11, 2022 [Docket No. 530], but has never disclosed his compensation as required of a Debtor's counsel under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Francis has not filed either a notice of appearance or disclosure regarding compensation.

agreement related to the meeting held between the Trustee and the Debtor on November 17, 2022, which violation this Court found was committed by "[t]he Debtor, or someone the Debtor controls or directs."[7]

5.      The Debtor Parties' efforts to downplay the Witness's safety concerns should be rejected. The Trustee will not belabor the point given the Court's familiarity with both the Debtor's well-documented methods of organizing his followers to harass perceived opponents (actions that have resulted in violence on multiple occasions in the past[8]), as well as the Debtor's history of violating court orders. Suffice it to say that the Witness's safety concerns are eminently well-founded based on the record before the Court.

6.      Furthermore, the Objections filed by the Debtor, Mei Guo, and HK USA (together, the "Debtor Parties") miscomprehend the nature of the relief sought in the Sealing Motion, accusing the Trustee of attempting to deprive the Debtor Parties of their right to confront adverse witnesses. That is not correct. The Witness has not even been introduced as a witness in connection with a hearing on the removal motion, the PJR hearing, or any other matter, and the Confidential Exhibit has not yet been offered into evidence. Although the Trustee intends to introduce the Confidential Exhibit at the PJR hearing (and to potentially call the Witness to testify), its admissibility for that purpose is not before the Court at this time. Moreover, nothing

---

[7] *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, Adv. Proc. No. 22-05032 [Docket No. 133] ¶ 74. The Debtor's other counsel present at the meeting, Stephen Kindseth, testified that he did not breach the agreement.

[8] *See, e.g.*, Friedman, Dan. "A Fugitive Chinese Tycoon Met Steve Bannon. Misinformation Mayhem Ensued." *Mother Jones*, March – April 2022, https://www.motherjones.com/politics/2022/02/guo-wengui-miles-guo-gettr-steve-bannon/ ("At least two Guo-inspired protests have led to violence. On September 21, 2020, after Guo lashed out at "fake pro-democracy activists" who "should be beaten up as soon as we see them," a Los Angeles–based anti-CCP activist who goes by Mang Liuzi was assaulted by a Guo acolyte protesting outside his home. A couple months later, two men protesting outside the Vancouver home of Gao Bingchen, a journalist Guo had denounced, attacked a friend of Gao's, kicking him repeatedly in the head and neck as he lay crumpled on the pavement."). This violent history belies the Debtor's contention that he merely "fights with the pen."

4

in the Sealing Motion seeks to prohibit the Debtor Parties from asking this Court to remove or modify the confidentiality restrictions applicable to the Confidential Exhibit after they receive and review the document. Their rights in that regard, as set forth in the Protective Order, are fully preserved.[9] The Trustee's counsel reached out to Z&Z to propose a consensual arrangement under which the Confidential Exhibit would be provided to outside counsel (to Z&Z, initially, and subsequently to both Z&Z and CSG), without any prejudice to the Debtor's ability to request that the Confidential Exhibit be subject to further disclosure.[10] They declined to receive the document on this basis.

7.      Finally, the Trustee is not seeking a litigation advantage, as the Debtor Parties contend. Mei Guo and HK USA assert that that the Trustee "admits" in paragraph 9 to the Sealing Motion that his basis in seeking to prevent Aaron Mitchell from seeing the Confidential Exhibit is a supposed litigation advantage. This assertion is a misrepresentation of the Sealing Motion, which says at paragraph 9 that "Z&Z and CSG are serving as outside counsel to the Debtor only in connection with this case" and that "[t]hus, the need for Z&Z and CSG to have access to the Confidential Exhibit differs from that of any other counsel, including Attorney Mitchell and Attorney Francis." The point here is obviously not that preventing Mitchell and Francis from seeing the Confidential Exhibit would give the Trustee a litigation advantage, but just the opposite: that it would <u>not</u> give the Trustee a litigation advantage given that the primary counsel handling this litigation would be able to see the document.

---

[9]   For this reason, the cases cited by the Debtor regarding the rights of parties to confront witnesses are inapposite. Similarly inapposite are the cases cited by the Debtor in which courts ruled that attorneys-eyes-only protective orders were not appropriate. In this case, the Protective Order employs an attorney-eyes-only designation, has already been approved, and has not been challenged by the Debtor on that basis.

[10]  An email sent to Z&Z by the Trustee's counsel with this proposal is attached hereto as **Exhibit B.**

8.      Because the Sealing Motion seeks relief necessary to protect the safety of a key witness in this case, and because the Debtor Parties will suffer no prejudice given that their rights to seek further disclosure of the Confidential Exhibit in accordance with the Protective Order are fully preserved, the Sealing Motion should be granted.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter an order granting the relief requested in the Sealing Motion and such other relief as is just and proper.

Dated: January 30, 2023
      New Haven, Connecticut

                LUC A. DESPINS, CHAPTER 11 TRUSTEE

                By: */s/ Patrick R. Linsey*
                    Douglas S. Skalka (ct00616)
                    Patrick R. Linsey (ct29437)
                    NEUBERT, PEPE & MONTEITH, P.C.
                    195 Church Street, 13th Floor
                    New Haven, Connecticut 06510
                    (203) 781-2847
                    dskalka@npmlaw.com
                    plinsey@npmlaw.com

                      *and*

                    Nicholas A. Bassett (admitted *pro hac vice*)
                    PAUL HASTINGS LLP
                    2050 M Street NW
                    Washington, D.C., 20036
                    (202) 551-1902
                    nicholasbassett@paulhastings.com

                      *and*

                    Avram E. Luft (admitted *pro hac vice*)
                    G. Alexander Bongartz (admitted *pro hac vice*)
                    PAUL HASTINGS LLP
                    200 Park Avenue
                    New York, New York 10166
                    (212) 318-6079
                    aviluft@paulhastings.com
                    alexbongartz@paulhastings.com

                    *Counsel for the Chapter 11 Trustee*

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------

PACIFIC ALLIANCE ASIA OPPORTUNITY

        Plaintiff,

v.

KWOK HO WAN, a/ka KWOK HO, aka GWO WENGUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI, a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK, a/k/a HAOYUN GUO, a/k/a GENEVER HOLDINGS CORPORATION, and GENEVER HOLDINGS, LLC

        Defendants.

-----------------------------------------------------------

Index No.: 652077/2017

**Consent to Change Attorney**

        **IT IS HEREBY CONSENTED** that LAWALL & MITCHELL LLC be substituted as attorney of record for Defendants GENEVER HOLDINGS CORPORATION and GENEVER HOLDINGS, LLC, in the above-captioned action in place and stead of HODGSON RUSS LLP as of the date hereof.

Dated: November 14, 2019
       New York, NY

Respectfully,

_____
Mark A. Harmon, Esq.
HODGSON RUSS LLP
605 Third Ave, Suite 2300
New York, NY 10158
mharmon@hodgsonruss.com
212-751-4300

*Outgoing Attorneys for Defendants
Genever Holdings Corporation and
Genever Holdings, LLC*

Respectfully,

_____
Aaron A. Mitchell, Esq.
LAWALL & MITCHELL, LLC
162 E. 64th Street
New York, NY 10065
aaron@lmesq.com
973-285-3280

*Incoming Attorneys for Defendants
Genever Holdings Corporation and
Genever Holdings, LLC*

Acknowledged,

_____郭文贵_____
Guo Wengui, as Director, Genever Holdings Corporation

State of New York      }
                       } ss.:
County of New York     }

On the 14th day of November, 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared GUO WENGUI, on behalf of Genever Holdings Corporation and Genever Holdings, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____Maistrello____
Notary Public

KARIN MAISTRELLO
NOTARY PUBLIC STATE OF NEW YORK
Registration No. 01MA6376654
Qualified in NY County
Commision expires June, 18 2022

2

**EXHIBIT B**

**Subject:** FW: [EXT] RE: HK USA PJR Hearing

From: Bassett, Nicholas <nicholasbassett@paulhastings.com<mailto:nicholasbassett@paulhastings.com>>
Sent: Monday, January 9, 2023 6:54 PM
To: Eric Henzy <ehenzy@zeislaw.com<mailto:ehenzy@zeislaw.com>>; James Moriarty <jmoriarty@zeislaw.com<mailto:jmoriarty@zeislaw.com>>
Cc: Aaron A. Romney <aromney@zeislaw.com<mailto:aromney@zeislaw.com>>; Despins, Luc A. <lucdespins@paulhastings.com<mailto:lucdespins@paulhastings.com>>; Luft, Avi E. <aviluft@paulhastings.com<mailto:aviluft@paulhastings.com>>; Barron, Douglass E. <douglassbarron@paulhastings.com<mailto:douglassbarron@paulhastings.com>>
Subject: HK USA PJR Hearing

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Eric and Jim,

The Trustee has obtained a declaration from a witness that the Trustee may rely upon at the upcoming PJR hearing in the HK USA adversary proceeding. The declarant has expressed concerns about their safety and has instructed us to take all appropriate steps to protect their identity. With that in mind, we are prepared to share a copy of the declaration with you on a Highly Confidential, Zeisler-eyes-only basis under the Protective Order [ECF 923]. Pursuant to paragraph 10(a)(iii) of the Protective Order, we are only consenting at this time to sharing the declaration with Zeisler upon your execution of Exhibit A to the Protective Order. This means that, absent either the Trustee's consent or further order of the Court, only Zeisler attorneys may have access to the declaration and the information contained therein (including without limitation the identity of the declarant and the contents of the declaration), and neither the declaration nor such information may be shared with the Debtor, his other lawyers and advisors, or anyone else.

Please confirm that you will accept the declaration on this basis, subject to your rights under the Protective Order, and we will send you a copy. If you do not agree to proceed on this basis, we will need to raise the issue with the Court.

Regards,

Nick

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK, *et al.*,[1]                               :    Case No. 22-50073 (JAM)
                                                        :
                        Debtors.                        :    (Jointly Administered)
                                                        :
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 30, 2023, the foregoing Reply (including the exhibits thereto) was electronically filed. Notice of this filing was sent by e-mail to all parties able to receive electronic notice by operation of the Court's electronic filing system ("CM/ECF"). Parties may access these filings by CM/ECF.

Dated: January 30, 2023
       New Haven, Connecticut

                                    By:    */s/ Patrick R. Linsey*
                                           Patrick R. Linsey (ct29437)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 821-2000
                                           plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).