# EXHIBIT A

**Revised Proposed Order**

144105649v1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                  :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]               :   Case No. 22-50073 (JAM)
:
Debtors.                      :   (Jointly Administered)
:
---------------------------------------------------------x

**[PROPOSED] ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 363, FURTHER EXTENDING (I) SALE PROCESS OF SHERRY NETHERLAND APARTMENT AND (II) RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS BROKER**

Upon the motion (the "Motion") of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings LLC ("Genever (US)"), and Genever Holdings Corporation ("Genever (BVI)" and, together with the Trustee and Genever (US), the "Movants") for entry of an order (this "Order") extending (i) the sale process of the Sherry Netherland Apartment,[2] subject to certain modifications and (ii) the retention of Sotheby's as Genever (US)'s broker to market and sell the Sherry Netherland Apartment; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

144105649v1

is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having determined that the relief sought in the Motion is in the best interest of the Movants, the estates, their creditors, and all parties in interest, therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is approved as set forth in this Order.

2. Notwithstanding the termination of the sale and marketing process under the Settlement Agreement on October 31, 2022, the sale and marketing process of the Sherry Netherland Apartment shall continue, as modified by this Order, retroactive to October 31, 2022 and through April 30, 2023, without prejudice to further extensions of the sale and marketing process upon the consent of the Movants, PAX, Bravo Luck, the Sales Officer, and Sotheby's without further order of the Court, or by further order of the Court for cause shown.

3. The sale and marketing process shall continue to be conducted in accordance with the Settlement Agreement, except that, notwithstanding anything to the contrary in the Settlement Agreement, neither PAX nor Bravo Luck shall have any further consent rights with respect to the sale and marketing process after October 31, 2022, including, without limitation, any right to approve the draft of the Sale Motion (as defined in the Settlement Agreement). For the avoidance of doubt, nothing in this Order shall modify PAX's and Bravo Luck's rights under the Settlement Agreement to object to the sale and marketing process of the Sherry Netherland Apartment, and PAX and Bravo Luck reserve all their rights in this regard.

4.      Sotheby's retention by Genever (US) is extended from October 31, 2022 through April 30, 2023, without prejudice to further extensions of Sotheby's retention by further order of the Court for cause shown.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

144105649v1