**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                              :        Chapter 11
                                                    :
HO WAN KWOK, *et al.*,[1]                           :        Case No. 22-50073 (JAM)
                                                    :
            Debtors.                                :        (Jointly Administered)
                                                    :
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 363, FOR ENTRY OF ORDER AUTHORIZING SALES OFFICER AND SOTHEBY'S INTERNATIONAL REALTY TO MARKET SHERRY NETHERLAND APARTMENT FOR RENT**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants"), by and through their undersigned counsel, respectfully submit this motion requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the former bankruptcy judge Melanie L. Cyganowski, as sales officer (the "Sales Officer"), and Sotheby's International Realty ("Sotheby's") to market the Sherry Netherland Apartment (as defined below) for rent.  In support of this Motion, Movants respectfully state as follows:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PRELIMINARY STATEMENT**

1. On February 1, 2023, the Court entered an order [Docket No. 1425] (the "Extension Order") granting Movants' motion to extend the sale process for the Sherry Netherland Apartment, with certain modifications, including (a) preserving the consultation rights of Bravo Luck Limited ("Bravo Luck") and Pacific Alliance Asia Opportunity Fund L.P. ("PAX") under the Settlement Agreement (as defined below), but removing any consent rights, and (b) extending the sale process of the Sherry Netherland Apartment to April 30, 2023.

2. While the Extension Order did not grant Movant's request (as reflected in the revised proposed order filed on January 25, 2023 [Docket No. 1390]) to also authorize the Sales Officer to market the Sherry Netherland Apartment for rent, the Extension Order allowed Movants to file a supplemental motion requesting such relief on or before February 10, 2023, with the hearing on such motion to be held on March 7, 2023 at 2:00 p.m. (ET).

3. By this Motion, Movant now request that the Sales Officer and Sotheby's be authorized to market the Sherry Netherland Apartment for rent. Such authorization would be subject to the following conditions:

   - Entry into any rental agreement with respect to the Sherry Netherland Apartment is subject to approval of the Court upon notice and a hearing;

   - The rights of all parties in interest, including, without limitation, PAX and Bravo Luck, to object to approval of such rental agreement are preserved; and

   - Nothing in the Proposed Order amends, modifies, or supersedes any rights (including approval rights) of Sherry-Netherland, Inc. (the "Sherry-Netherland") and the Sherry-Netherland Co-Op Board (as defined in the Settlement Agreement) with respect to any such rental agreement.

4. For the avoidance of doubt, PAX and Bravo Luck would have the same consultation rights (but no consent rights) with respect to the marketing of the Sherry Netherland Apartment for rent, to the same extent as they have consultation rights with respect to the

2

marketing of the Sherry Netherland Apartment for sale under the Settlement Agreement (as modified by the Extension Order).

5. Movants submit that it is in the best interest of the Debtors' estates to expand the Sales Officer's and Sotheby's authorization to also include the marketing of the apartment for rent. Despite the Sales Officer's and Sotheby's best efforts to identify a buyer for the Sherry Netherland Apartment, those efforts have not yet been successful. In the meantime, maintenance charges and assessments (in the amount of more than $87,000 per month), which are due under Genever (US)'s long-term lease with the Sherry-Netherland, continue to accrue and are being deducted on a monthly basis from the security deposit related to the Sherry Netherland Apartment (the "Security Deposit"). Other than the Sherry Netherland Apartment and the Security Deposit, Genever (US) has no presently identified material assets that could be used to funds the monthly maintenance charges and assessments.

6. To avert the possibility that the Security Deposit is depleted prior to a sale of the apartment, it is critical that the Sales Officer and Sotheby's be given the flexibility to also market the apartment for rent so as to generate rental income to fund the payment of the maintenance charges and assessments. Renting the apartment would also provide additional runway to identify a buyer for a value-maximizing sale. However, to reiterate, any rental agreement would be subject to approval of this Court upon notice and a hearing.

7. For all these reasons, and as further detailed below, Movants request that the Motion be granted.

**BACKGROUND**

8. On October 12, 2020, Genever (US) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the

Southern District of New York (the "SDNY Bankruptcy Court"), thereby commencing case number 20-12411 (JLG) (the "SDNY Bankruptcy Case").

9.  One of the Genever (US)'s principal assets consists of the 18th floor apartment and auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, New York 10022 (collectively, the "Sherry Netherland Apartment").[2] The Sherry Netherland Apartment was purchased in 2015 for approximately $70 million.

10. On September 24, 2021, Genever (US) filed its *Omnibus Second Renewed Motion (i) to Approve Second Amended and Restated Settlement with Bravo Luck and PAX; and (ii) to Hire Melanie L. Cyganowski as an Employee Only to Act as the Sales Officer for the Debtor's Bankruptcy Estate* [Docket No. 131 in Case No. 22-50592] (the "Settlement Motion"). As set forth in the Settlement Motion, Genever (US), PAX and Bravo Luck entered into a settlement (the "Settlement Agreement") (attached to the Settlement Motion as Exhibit A), establishing, among other things, a framework for the sale of the Sherry Netherland Apartment under the stewardship of former bankruptcy judge Melanie L. Cyganowski as Sales Officer to be employed by Genever (US) in accordance with an engagement letter dated September 24, 2021 (attached to the Settlement Motion as Exhibit B).

11. Under the Settlement Agreement, the Sales Officer's authority and duties are, among other things, to (i) select a real estate broker to be retained and employed by Genever (US)'s estate in the Sales Officer's business judgment, and subject to the right of Bravo Luck and PAX to object, (ii) oversee and interface with the retained real estate broker, and (iii) have the final approval power after prior consultation with Genever (US), Bravo Luck and PAX, and subject to Court approval with right to object by Bravo Luck and PAX, regarding the marketing

---

[2] The Apartment is the subject of that certain proprietary lease, dated March 6, 2015, by and between Genever (US), as lessee of the apartment, and the Sherry-Netherland, as lessor of the apartment.

and sale of the Sherry Netherland Apartment. The Settlement Agreement also provides that the sale process shall be limited to 180 days from the retention of the broker, subject to extension upon written agreement of Genever (US), Bravo Luck and PAX, or by further order of the court for cause shown.

12. On October 8, 2021, the SDNY Bankruptcy Court entered (i) an Order approving the Settlement [Docket No. 141 in Case No. 22-50592] (the "Settlement Order"); and (ii) an Order approving Genever (US)'s hiring of Melanie L. Cyganowski [Docket No. 142 in Case No. 22-50592] (the "Sales Officer Order").

13. On December 15, 2021, Genever (US) filed its *Application to Employ and Retain Sotheby's International Realty as its Real Estate Broker and Sales Agent* [Docket No. 160 in Case No. 22-50592] (the "Sotheby's Application"), in which Genever (US) sought to retain Sotheby's as Genever (US)'s sales agent in accordance with the engagement agreement [Docket No. 162-1 in Case No. 22-50592] (the "Retention Agreement"). The Retention Agreement provides that Sotheby's shall be retained for an initial term of 180 days from the entry of the Order approving its retention.

14. On January 13, 2022, the SDNY Bankruptcy Court entered an order, pursuant to sections 327(a), 328, and 363(b) of the Bankruptcy Code and applicable Bankruptcy Rules, approving the Sotheby's Application [Docket No. 168 in Case No. 22-50592].

15. On November 3, 2022, the SDNY Bankruptcy Court entered an order [Docket No. 225 in Case No. 22-50592] transferring the venue of the SDNY Bankruptcy Case to this Court, which assigned it Case Number 22-50592. The chapter 11 cases of the Individual Debtor, Genever (US), and Genever (BVI) are being jointly administered for procedural purposes only.

16. On December 12, 2023, Movants filed their *Motion, Pursuant to Bankruptcy Code Sections 327, 328, and 363, for Entry of Order Further Extending (I) Sale Process of Sherry Netherland Apartment and (II) Retention of Sotheby's International Realty as Broker* [Docket No. 1257] (the "Extension Motion") seeking, among other things, to extend the sale process for the Sherry Netherland Apartment.[3]

17. Following the January 24, 2023 hearing on the Extension Motion, Movants submitted a revised proposed order (the "Revised Proposed Order") that included certain modifications to the proposed order attached to the Extension Motion, including (a) preserving PAX's and Bravo Luck's consultation rights under the Settlement Agreement (but removing any consent rights), (b) extending the sale process to April 30, 2023, and (c) authorizing the Sales Officer to also market the Sherry Netherland Apartment for rent.

18. On February 1, 2023, the Court entered the Extension Order, with the revisions reflected in the Revised Proposed Order, except that (a) the Court removed the paragraph that would have also authorized the Sales Officer to market the Sherry Netherland Apartment for rent and (b) instead, allowed Movants to file a supplemental motion with respect to such requested relief.

19. As of the filing of this Motion, no buyer has yet been identified for the Sherry Netherland Apartment.

---

[3] The SDNY Bankruptcy Court had previously entered stipulations and orders extending the sale process of the Sherry Netherland Apartment and Sotheby's retention by Genever (US), such that, prior to the approval of the Extension Motion, the sale process under the Settlement Agreement had terminated on October 31, 2022. See Docket Nos. 202 and 222 in Case No. 22-50592.

6

## JURISDICTION, VENUE, AND STATUTORY BASES

20. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

21. The bases for the relief requested herein are sections 105(a), 327, 328, and 363 of title 11 of the United States Code (the "Bankruptcy Code").

## BASIS FOR RELIEF

22. The relief sought in this Motion is exceedingly narrow—namely, to authorize the Sales Officer and Sotheby's to *market the apartment for rent*, in addition to their existing authorization to market the Sherry Netherland Apartment for sale. To be clear, through this Motion, Movants are *not* seeking authorization to rent the Sherry Netherland Apartment. Indeed, once a potential renter has been identified, Movants will come back to this Court to seek approval of the rental agreement, upon notice and a hearing.

23. The narrow relief sought in this Motion is in the best interest of the Debtors' estates, as it will provide an additional avenue to monetize the substantial value of the apartment by marketing the apartment to parties interested in renting. For a little over a year now, the Sales Officer and Sotheby's have expended great efforts to identify a potential buyer for the Sherry Netherland Apartment; however, due to a variety of economic factors, including the limited pool of potential buyers for a multi-million dollar penthouse apartment, these efforts have not yet been successful. In the meantime, the Sherry-Netherland has charged, and continues to charge, Genever (US) postpetition maintenance charges and assessments in the amount of more than $87,000 per month, which amounts are currently being deducted from the Security Deposit on a monthly basis. As a result, the balance of the Security Deposit has declined from approximately

$3.5 million, as of Genever (US)'s petition date, to less than $1.2 million, as of February 1, 2023. Because Genever (US) has no other presently identified material assets, absent finding a buyer or renter for the apartment, the Security Deposit would be exhausted in a little over a year.

24. Movants are optimistic that, ultimately, a buyer will be found for the Sherry Netherland Apartment. However, in the interim, the Sales Officer and Sotheby's should be given the ability to also market the apartment for rent—in addition to their continuing efforts to market the apartment for sale. Renting the apartment could not only cover some or all of the monthly maintenance charges and assessments, thereby preserving (or, at a minimum, reducing the depletion of) the Security Deposit, but it would also give the Sales Officer and Sotheby's additional time to identify a potential buyer for a value-maximizing sale.

25. Given the time-sensitive nature of the relief requested in this Motion, Movants also request a waiver of the fourteen-day stay requirements under Bankruptcy Rule 6004(h), such that the Proposed Order be effective immediately upon entry thereof.

26. Finally, Movants acknowledge that, currently, Ho Wan Kwok and members of his immediate family (collectively, the "Kwok Family") are permitted—by agreement between the Sherry-Netherland, as lessor, and Genever (US), as lessee—to use the Sherry Netherland Apartment without paying any rent or maintenance charges. To be clear, by this Motion, Movants are *not* seeking to terminate the Kwok Family's permissive use of the apartment. That said, in the interest of full disclosure, Genever (US) and the Trustee intend to commence, in the near future, an adversary proceeding (and file a related summary judgment motion) seeking to bring to an end the Kwok Family rent-free use of the Apartment.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, Movants request that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: February 7, 2023  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION

By: /s/Douglas S. Skalka
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com
plinsey@npmlaw.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
alexbongartz@paulhastings.com

*Counsel for the Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, *et al.*,[1]                     :    Case No. 22-50073 (JAM)
                                              :
         Debtors.                          :    (Jointly Administered)
                                              :
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328,
AND 363, AUTHORIZING SALES OFFICER AND SOTHEBY'S INTERNATIONAL
REALTY TO MARKET SHERRY NETHERLAND APARTMENT FOR RENT**

Upon the motion (the "Motion") of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings LLC ("Genever (US)"), and Genever Holdings Corporation ("Genever (BVI)" and, together with the Trustee and Genever (US), the "Movants") for entry of an order (this "Order") authorizing the Sales Officer[2] and Sotheby's to market the Sherry Netherland Apartment for rent; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given;

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT

1. The Motion is approved as set forth in this Order.

2. Notwithstanding anything to the contrary in the Settlement Agreement or the Extension Order, the Sales Officer and Sotheby's are authorized to market the Sherry Netherland Apartment for rent; <u>provided</u>, <u>however</u>, that (a) entry into any rental agreement is subject to approval of the Court upon notice and a hearing, (b) the rights of all parties in interest, including, without limitation, PAX and Bravo Luck, to object to approval of such agreement are preserved, and (c) nothing herein amends, modifies, or supersedes any rights (including approval rights) of the Sherry-Netherland and the Sherry-Netherland Co-Op Board (as defined in the Settlement Agreement) with respect to any such rental agreement.

3. For the avoidance of doubt, PAX and Bravo Luck shall have the same consultation rights (but no consent rights) with respect to the marketing of the Sherry Netherland Apartment for rent, to the same extent as they have consultation rights with respect to the marketing of the Sherry Netherland Apartment for sale under the Settlement Agreement (as modified by the Extension Order).

4. Movants are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                    :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                 :   Case No. 22-50073 (JAM)
:
Debtors.                         :   (Jointly Administered)
:
------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 7, 2023, the foregoing Motion, and all exhibits and attachments thereto, was electronically filed. Notice of this filing will sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

Dated:   February 7, 2023
         New Haven, Connecticut

                                        By:  /s/Douglas S. Skalka
                                             Douglas S. Skalka (ct00616)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 821-2000
                                             dskalka@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.