**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
-------------------------------------------------------x

**AMENDED ORDER (I) APPROVING RETENTION AND APPOINTMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF DECEMBER 1, 2022, AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application") of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with Genever (BVI) and the Trustee, the "Movants") for entry of an order (this "Order") (a) approving the retention and appointment of Epiq Corporate Restructuring, LLC ("Epiq") as the Claims and Noticing Agent in the Debtors' chapter 11 cases, effective as of December 1, 2022, under 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and (b) for Epiq to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' cases, including proofs of claim received by the Clerk's Office and proofs of claim which

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

contain confidential information; and (iii) provide such other administrative services, as directed, that would fall within the purview of services to be provided by the Clerk's Office; and upon the Mailloux Declaration; and it appearing that under the specific facts and circumstances of these cases that receiving, docketing and maintaining proofs of claim would be burdensome for the Clerk's Office; and under 28 U.S.C. §156(c), the Debtors have requested to utilize, at the Debtors' expense, outside agents and facilities to provide certain notices to parties in these cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and this Court being satisfied that Epiq has the capability and experience to provide such services and that Epiq does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and it appearing that the employment of Epiq is in the best interests of the Debtors and their estates,

IT IS HEREBY ORDERED THAT:

1. The Application is approved as set forth in this Amended Order.

2. The Movants are authorized, pursuant to 28 U.S.C. § 156(c), to retain Epiq, and Epiq is appointed as the Claims and Noticing Agent, effective as of December 1, 2022, under the applicable terms and conditions of the Services Agreement and this Amended Order.

3. Epiq is authorized and directed to perform noticing services as directed by the Court, the Clerk of the Court, or the Trustee, and to receive, maintain, record, and otherwise administer all proofs of claim filed in these chapter 11 cases including proofs of claim containing confidential information, and all related tasksas described in the Application and provided in this Amended Order (the "<u>Claims and Noticing Services</u>"). Epiq shall only perform noticing services directed by the Court, the Clerk of Court, or the Trustee: (i) with respect to matters required to be served by the Trustee, Genever (BVI), and/or Genever (US) on all creditors; or (ii) as expressly

authorized by further order of this Court. Epiq shall file the according certificate of service no later than one (1) business days after the date of such service.

4.      Epiq shall eliminate all duplicate notice addresses in its service list. Service upon those parties that have filed a notice of appearance in these chapter 11 cases will be made through the Court's CM/ECF system. Every notice of electronic filing associated with a document filed in these chapter 11 cases ("NEF") is deemed to be a certificate of service pursuant to D. Conn. L.R. 5(c), and D.Conn. Bankr. L.R. 1001-1(b) and 9036-1(a)(3). Epiq shall have no obligation to serve such a document on any party who receives and has consented to electronic service of documents and shall not include or list any party in a certificate of service, which party received and has consented to electronic service of documents filed in these chapter 11 cases.

5.      Epiq shall serve to assist the Clerk of the Court as the custodian of court records and shall be assisting the Clerk of the Court who is designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain a Claims Register for each of the Debtors, to provide public access to every proof of claim, and to provide the Court or the Clerk of the Court with a certified duplicate Claims Register upon request, all subject to and in accordance with the confidentiality restrictions in the *Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* regarding Confidential Proofs of Claim (as defined in the Bar Date Order) and any other confidentiality restrictions that may be approved by the Court.

6.      Epiq is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

7. The Trustee, Genever (BVI), and Genever (US) are authorized to compensate Epiq for the Claims and Noticing Services in accordance with the applicable terms of the Services Agreement subject to court approval of any request for compensation.

8. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Genever (BVI), Genever (US), the Trustee, the Office of the United States Trustee, counsel for Genever (BVI), counsel for Genever (US), counsel for the Trustee, counsel for an official committee, if any, monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the applicable terms of the Services Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates subject to court approval.

11. The Trustee, Genever (BVI), and Genever (US) shall indemnify Epiq and other Indemnified Parties, as that term is defined in the applicable terms of the Services Agreement as modified pursuant to this Amended Order.

12. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the applicable terms of the Services Agreement for services other than the Claims and Noticing Services as provided under the applicable terms of the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the applicable terms of the Services Agreement, the Trustee, Genever (BVI), and Genever (US) shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, or fraud; or (ii) settled prior to a judicial determination but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the applicable terms of the Service Agreement as modified by this Order.

14. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Epiq believes that it is entitled to the payment of any amounts by the Trustee, Genever (BVI), and Genever (US) on account of the their indemnification, contribution, and/or reimbursement obligations under the applicable terms of the Services Agreement (as modified by this Amended Order), including without limitation the advancement of defense costs, Epiq must file an application therefor in the Court, and the Trustee, Genever (BVI), and Genever (US) may not pay any such amounts to Epiq before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Trustee's, Genever (BVI)'s, and Genever (US)'s obligation to indemnify Epiq.  All parties in interest shall retain the right to object to any demand by Epiq for indemnification, contribution, or reimbursement.

15. In the event Epiq is unable to provide the Claims and Noticing Services approved by this Amended Order, Epiq will immediately notify the Clerk of the Court and the Movants' counsel, and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent or to the Clerk of the Court with the advice and consent of the Clerk of the Court and the Movants' counsel.

16. Epiq shall provide no less than ten business days' notice to the Trustee, the Debtors, the U.S. Trustee, and counsel to any official committee before any increases in rates it charges are implemented and shall file such notice with the Court. Any increase in rates is subject to approval by the Court.

17. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

18. Epiq shall not cease providing claims processing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court.

19. In the event that any of these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, the chapter 7 trustee appointed to the case or cases shall be under no obligation to continue to retain Epiq for any purpose.

20. In the event of any inconsistency between the applicable terms of the Services Agreement, the Application, and this Amended Order, the terms of this Amended Order shall govern.

21. Notwithstanding any applicable term in the Services Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Amended Order.

Dated at Bridgeport, Connecticut this 8th day of February, 2023.



*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut