**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

PANAGIOTA MANATAKIS, being duly sworn, deposes and says:

1.  I am employed as a Senior Case Manager by Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  I caused to be served the:

    a.  "Proof of Claim," a copy of which is annexed hereto as <u>Exhibit A</u>, (the "POC Form"),

    b.  "Notice of Deadlines Requiring the Filing of Proofs of Claim to All Persons With Claims Against the Debtors," dated January 5, 2023, a copy of which is annexed hereto as <u>Exhibit B</u>, (the "Bar Date Notice"),

    c.  "关于提交索赔证明的截止日期的通知," (i.e. the Publication Notice translated into Mandarin), a copy of which is annexed hereto as <u>Exhibit C</u>, (the "Publication Notice"),

    d.  "注释版索赔证明," (i.e. the Annotated Proof of Claim Form translated into Mandarin), a copy of which is annexed hereto as <u>Exhibit D</u>, (the "Annotated POC Form"),

by causing true and correct copies to be:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

i.    enclosed securely in a postage pre-paid envelope and delivered via first class mail to the party listed on the annexed <u>Exhibit E</u> on February 2nd, 2023

ii.    enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to the parties listed on the annexed <u>Exhibit F</u> on February 7th, 2023 and

iii.    delivered via electronic mail to the parties listed on the annexed <u>Exhibit G</u> on February 7th, 2023

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT, OR LEGAL DEPARTMENT."

<u>*/s/ Panagiota Manatakis*</u>
Panagiota Manatakis

Sworn to before me this
8th day of February, 2023
<u>*/s/ Diane M. Streany*</u>
Notary Public, State of New York
No. 01ST5003825
Qualified in Westchester County
Commission Expires November 2, 2026

**EXHIBIT A**

**Fill in this information to identify the case:**

Debtor _____

United States Bankruptcy Court for the District of Connecticut

Case number _____

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

| 1. Who is the current creditor? | _____ Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ | 1A. **Election to Keep Name and Contact Information Confidential** <br> ☐ I hereby elect to have my name and contact information kept confidential. |
|---|---|---|

| 2. Has this claim been acquired from someone else? | ☐ No <br> ☐ Yes. From whom? _____ | |
|---|---|---|

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number        Street | Number        Street |
| City           State         ZIP Code | City           State         ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| 4. Does this claim amend one already filed? | ☐ No <br> ☐ Yes. Claim number on court claims registry (if known) _____        Filed on _____ <br> MM / DD / YYYY |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No <br> ☐ Yes. Who made the earlier filing? _____ |
|---|---|

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---------------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

**8A. Alter Ego Claim Against Genever Entities?**

If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the following box:

☐ Yes.

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                      $_____

**Amount of the claim that is secured:**          $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**          $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**          $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

Official Form 410                                **Proof of Claim**                                page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name            Middle name              Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City                                State       ZIP Code |
| Contact phone | _____     Email  _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Alter Ego Claims:** If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC (the "Genever Debtors") on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the applicable box on the proof of claim form. The Trustee and the Genever Debtors reserve all rights in regard to any such *alter ego* claims, including on the basis that the Trustee is the only party entitled to assert that the Genever Debtors are or were alter egos of the Individual Debtor.

**Do not file these instructions with your form.**

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

**IMPORTANT:  Individual claimants may elect to have their name and contact information kept confidential.  In order for such election to be effective, claimants must (a) check the box in question 1A and (b) submit their Proofs of Claim to the Claims Agent in accordance with the accompanying Bar Date Notice.**

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Offers to purchase a claim**

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
            Debtors.                                   :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

### NOTICE OF DEADLINES REQUIRING THE FILING OF PROOFS OF CLAIM TO ALL PERSONS WITH CLAIMS AGAINST THE DEBTORS

**TO:     ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST (A) HO WAN KWOK, A.K.A. GUO WENGUI, A.K.A. MILES KWOK, (B) GENEVER HOLDINGS CORPORATION, AND/OR (C) GENEVER HOLDINGS LLC**

On February 15, 2022 (the "Individual Debtor Petition Date"), Mr. Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"). On July 8, 2022, the Connecticut Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Individual Debtor's chapter 11 case.

On October 12, 2020 (the "Genever (US) Petition Date"), Genever Holdings LLC ("Genever (US)") filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). On November 3, 2022, the New York Bankruptcy Court entered an order transferring Genever (US)'s chapter 11 case to the Connecticut Bankruptcy Court. Genever (US)'s only scheduled assets are a residence at the Sherry Netherland Hotel in New York, New York, and a related security deposit for a total scheduled value of approximately $73 million.[2]

On October 11, 2022 (the "Genever (BVI) Petition Date" and, together with the Genever (US) Petition Date and the Individual Debtor Petition Date, the "Petition Dates"), Genever

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]     This amount does not reflect the fair market value of the Sherry Netherland apartment.

Holdings Corporation ("Genever (BVI)") filed its chapter 11 petition in the Connecticut Bankruptcy Court.  Genever (BVI) wholly owns Genever (US).

By order dated November 21, 2022, the chapter 11 cases of the Individual Debtor, Genever (US), and Genever (BVI) are jointly administered for procedural purposes only.

On January 5, 2023, the Connecticut Bankruptcy Court entered an order (the "Bar Date Order") establishing the following deadlines to file proofs of claim against the Debtors in their chapter 11 cases (the "Chapter 11 Cases"):[3]

1. Prepetition Claims Against Individual Debtor: The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a proof of claim (a "Proof of Claim") in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Individual Debtor Petition Date (*i.e.*, February 15, 2022) against the Individual Debtor is **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date").[4]

2. Prepetition Claims Against Genever (US): The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (US) Petition Date (*i.e.*, October 12, 2020) against Genever (US) is **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date.

3. Prepetition Claims Against Genever (BVI):

   a. The last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, and joint ventures) other than governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **February 17, 2023 at 11:59 p.m. (prevailing Eastern Time)**, *i.e.*, the General Bar Date.[5]

   b. The last date and time for all governmental units to file a Proof of Claim in respect of any claim (as defined in the Bankruptcy Code) arising prior to the Genever (BVI) Petition Date (*i.e.*, October 10, 2022) against Genever (BVI) is **April 10, 2023 at 11:59 p.m. (prevailing Eastern Time)** (the "Governmental/Genever (BVI) Bar Date" and, together with the General Bar Date, the "Bar Dates").

---

[3]   The Connecticut Bankruptcy Court, upon motion by a creditor, may extend the time for filing Proofs of Claim after the applicable Bar Date to permit the filing of a late Proof of Claim.

[4]   For the avoidance of doubt, the General Bar Date also applies to any claims by governmental units against the Individual Debtor and/or Genever (US).

[5]   The General Bar Date shall apply to such claims notwithstanding any other bar date that was previously generated by the Court.

The Bar Dates and the procedures set forth below for filing Proofs of Claim (the "Procedures") apply to all claims, excluding prepetition claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors that arose before the applicable Petition Date.

**As detailed in Section 3 below, individual claimants have the option to submit their Proofs of Claim on a confidential basis such that their names and contact information will not be publicly disclosed.  If you desire to exercise this option, please carefully review the instructions below.**

On the Proof of Claim form, holders of claims against the Individual Debtor may elect to also assert their claim against Genever (BVI) and Genever (US) (the "Genever Debtors") on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor.  If the Genever Debtors are or were *alter egos* of the Individual Debtor, then a creditor of the Individual Debtor would also be a creditor of the Genever Debtors, despite the absence of a direct contractual or other relationship between the creditor and the Genever Debtors.  Any creditor of the Individual Debtor that previously filed a Proof of Claim against the Individual Debtor in a form substantially similar to the Official Form shall be deemed to have elected to also assert such claim against the Genever Debtors on the basis that the Genever Debtors are or were *alter egos* of the Individual Debtor, subject to the same reservation of rights above.  To be clear, if you hold a claim against the Genever Debtors based on a direct contractual or other relationship between the creditor and the Genever Debtors (*i.e.*, in addition to a claim based on *alter ego*), you must file a separate Proof of Claim against Genever (BVI) and/or Genever (US), as applicable.

Generally, when analyzing *alter ego* claims, courts look to (1) whether the relevant entities/persons operated as a single economic unit and (2) whether there was an overall element of injustice or unfairness in maintaining the separateness between the Individual Debtor and the Genever Debtors.  In analyzing these issues, courts generally consider a number of factors, including whether the entity that is the alleged *alter ego* entity was adequately capitalized, observed corporate formalities, and/or was a façade for the person in control of the *alter ego* entity.  To be clear, the foregoing list of factors is not exhaustive and no single factor is dispositive.  You should consult your attorney regarding these matters.

The Trustee, Genever (BVI), and Genever (US) reserve all their rights to object to any claims based on an *alter ego* theory, including on the basis that the Trustee is the only party entitled to assert that Genever (BVI) and Genever (US) are or were *alter egos* of the Individual Debtor.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You must file a Proof of Claim in order to vote on a chapter 11 plan filed by the Debtors or to be able to share in distributions from the Debtors' estates if you have a claim that arose before the applicable Petition Date, and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the applicable Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.    WHAT TO FILE

Enclosed with this notice is a Proof of Claim form for use in the Chapter 11 Cases. You may utilize the Proof of Claim form(s) enclosed with this notice in order to file your claim(s). Additional Proof of Claim forms and instructions may be obtained on the Connecticut Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proofs of Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant or the claimant's attorney. All Proofs of Claim must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date). You may attach to your completed Proof of Claim any documents on which such claim is based.

All Proofs of Claim must not contain complete social security numbers or taxpayer identification numbers (include only the last four (4) digits of such numbers), complete birth dates (include only the relevant year), the names of any minors (include only such minors' initials), or financial account numbers (include only the last four (4) digits of such numbers).

## 3.    WHEN AND WHERE TO FILE

All Proofs of Claim must be filed so as to be received on or before the applicable Bar Date by either:

a.    electronically using the interface available on the website of Epiq Corporate Restructuring, LLC (the "Claims Agent") at https://dm.epiq11.com/KwokTrustee;

b.    Claims Agent at the following addresses:

**If by First Class Mail:**
Ho Wan Kwok Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Mail:**
Ho Wan Kwok Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

or

c.      the Connecticut Bankruptcy Court at the following address:

>           US Bankruptcy Court
>           District of Connecticut
>           Brien McMahon Federal Building
>           915 Lafayette Boulevard
>           Bridgeport, CT 06604

provided, however, that any individual claimant that wishes to file a proof of claim on a confidential basis must file a Confidential Proof of Claim (as defined below) with the Claims Agent **only**.

A Proof of Claim is deemed to be timely filed only if it is **actually received** by the Court or the Claims Agent by the applicable Bar Date.  Alternatively, Proofs of Claim may be submitted electronically with the Connecticut Bankruptcy Court through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov.[6]

PROOFS OF CLAIM **MAY NOT** BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

**IMPORTANT:  Individual claimants have the option of submitting their Proofs of Claim on a confidential basis (each such Proof of Claim, a "Confidential Proof of Claim") so as to keep their names and contact information confidential.**

**Individual claimants that desire to submit a Confidential Proof of Claim must:**

a.      **elect on their Proofs of Claim to have such Proofs of Claim treated confidentially; and**

b.      **submit the completed Proofs of Claim (without any redactions) directly to the Claims Agent, whether electronically or at the Claims Agent address set forth above.  For the avoidance of doubt, such Proof of Claim should not be submitted to or filed with the Court.**

**The claims register maintained by the Claims Agent will only contain redacted versions of the Confidential Proofs of Claims, with the names and contact information of such individual claimants redacted.  In addition, only (i) the Trustee, Genever (BVI), Genever (US), and their respective counsel and advisors, (ii) the Court, (iii) the United States**

---

[6]     A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov.

**Trustee, and (iii) the Authorized Parties (as defined in the Bar Date Order), but not the Individual Debtor, will have access to the Confidential Proofs of Claim.**

## 4.     WHO DOES NOT NEED TO FILE A PROOF OF CLAIM

You do not need to file a Proof of Claim on or before the General Bar Date if you are:

a.     any person whose claim is listed on the Schedules, if (x) the claim is not listed on the Schedules as disputed, contingent, or unliquidated, and (y) the person does not dispute the amount, nature, or priority of the claim as set forth in the Schedules;

b.     any person whose claim has been paid in full;

c.     a claim that has been allowed by an order of this Court entered on or before the General Bar Date;

d.     a claim for which a separate deadline has been fixed by this Court;

e.     any person that already has filed a Proof of Claim against the Debtors in the Chapter 11 Cases in a form that is substantially similar to the Official Form; or

f.     any person not required to file a proof of claim pursuant to any order of the Connecticut Bankruptcy Court.

This notice may be sent to many persons that have had some relationship with or have done some business with the Debtors, but that may not have an unpaid claim against any of the Debtors.  The fact that you have received this notice does not mean that you have a claim against any of the Debtors or that the Connecticut Bankruptcy Court, the Trustee, or the Debtors believe that you have a claim against any of the Debtors.

## 5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you hold a claim arising from the rejection of an executory contract or unexpired lease you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days after entry of an order by the Connecticut Bankruptcy Court approving such rejection.  Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the applicable Petition Date pursuant to such executory contract or unexpired lease (other than a claim for rejection damages) must file a Proof of Claim for such amounts on or before the General Bar Date, unless an exception identified in section 4 above applies.

6.   **CONSEQUENCES OF THE FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN FULL IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ALLEGED CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN FILED IN THE CHAPTER 11 CASES AND FOR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASE ON ACCOUNT OF SUCH ALLEGED CLAIM.

PURSUANT TO BANKRUPTCY RULE 3003(c)(2), ANY HOLDER OF A CLAIM WHO FAILS TO TIMELY FILE A PROOF OF CLAIM AS PROVIDED HEREIN SHALL (A) BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIMS AGAINST THE DEBTORS, THEIR PROPERTY, OR THEIR ESTATE (OR FROM SUBMITTING A PROOF OF CLAIM WITH RESPECT THERETO) AND (B) NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION WITH RESPECT TO ANY CHAPTER 11 PLAN OR PLANS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.

THE CONNECTICUT BANKRUPTCY COURT, UPON MOTION BY A CREDITOR, MAY EXTEND THE TIME FOR FILING PROOFS OF CLAIM AFTER THE APPLICABLE BAR DATE TO PERMIT THE FILING OF A LATE PROOF OF CLAIM.

7.   **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the Debtors on the Debtors' Schedules. As set forth above, if you agree with the nature, amount, and status of your claim as listed on the applicable Debtor's Schedules, and if your claim is not described as disputed, contingent, or unliquidated, then you need not (but still may) file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, then you must do so before the applicable Bar Date, in accordance with the Procedures as set forth in this notice.

Copies of the Debtors' Schedules are available for inspection on the Connecticut Bankruptcy Court's electronic docket for the Chapter 11 Cases, which may be accessed through the Connecticut Bankruptcy Court's website at http://www.ctb.uscourts.gov. A login and password to the Connecticut Bankruptcy Court's Public Access to Court Electronic Records ("PACER") are required in order to access this information through the Connecticut Bankruptcy Court's website, and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtors' Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time), Monday through Friday at the Office of the Clerk of the Connecticut Bankruptcy Court, located at:

Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER OF SUCH A POTENTIAL CLAIM SHOULD FILE A PROOF OF CLAIM.

8.      **ADDITIONAL INFORMATION**

If you require additional information regarding this Notice, you may contact the Trustee's counsel at 1-212-318-6690 or submit an inquiry via e-mail to douglassbarron@paulhastings.com. If you believe that you hold a claim against the Debtors, you should consult an attorney if you have any questions regarding this Notice, including whether you should file a Proof of Claim.

Dated: January 5, 2023

GENEVER HOLDINGS LLC

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for Genever Holdings LLC*
*Debtor and Debtor-in-Possession*

GENEVER HOLDINGS CORPORATION

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for Genever Holdings Corporation*
*Debtor and Debtor-in-Possession*

LUC A. DESPINS, CHAPTER 11 TRUSTEE

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*and*

Nicholas A. Bassett (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------------------------------X
                                               :

In re:                                    : Chapter 11

        Ho Wan Kwok, *et al.*            : Case No. 22-50073 (JAM)

                       Debtors. [1]    : (Jointly Administered)

--------------------------------------------------------------------------------X

<u>关于提交索赔证明的截止日期的通知</u>

请注意：

2022 年 2 月 15 日（以下简称"<u>个人债务人申请日</u>"），Ho Wan Kwok 先生（"<u>个人债务人</u>"）根据美国法典第 11 卷第 11 章（以下简称"<u>破产法典</u>"）向美国康涅狄格州地区破产法院（以下简称"<u>康涅狄格州破产法院</u>"）提出了自愿破产申请。2022 年 7 月 8 日，康涅狄格州破产法院发布命令，同意任命 Luc A. Despins 为个人债务人第 11 章案件的受托人（以下简称"<u>受托人</u>"）。

2020 年 10 月 12 日（以下简称"<u>Genever（美国）申请日</u>"），Genever Holdings LLC（以下简称"<u>Genever（美国）</u>"）向美国纽约南区破产法院（以下简称"<u>纽约破产法院</u>"）提交其第 11 章申请书。2022 年 11 月 3 日，纽约破产法院发布命令，将 Genever（美国）的第 11 章案件移交给康涅狄格州破产法院。Genever（美国）的唯一一计划资产是位于纽约纽约市 Sherry Netherland 酒店的住宅和相关的保证金，总计划价值约为 7300 万美元。[2]

2022 年 10 月 11 日（以下简称"<u>Genever（BVI）申请日</u>"，与 Genever（美国）申请日和个人债务人申请日一起合称为"<u>申请日</u>"），Genever Holdings Corporation（以下简称"<u>Genever（BVI）</u>"，与个人债务人和 Genever（美国）一起合称为"<u>债务人</u>"）向康涅狄格破产法院提出第 11 章申请。Genever（BVI）全资拥有 Genever（美国）。

2023 年 1 月 5 日，康涅狄格州破产法院发布命令（以下简称"<u>截止日期命令</u>"），确定在第 11 章案件（以下简称"<u>第 11 章案件</u>"）中对债务人提交索赔证明的以下截止日期。[3]

1.  <u>对个人债务人的诉前索赔</u>：所有个人和实体（包括但不限于个人、合伙企业、公司、合资企业、信托和政府单位）就个人债务人申请日（*即* 2022 年 2 月 15 日）之前产生的针对个人债务人的任何索赔（根据《破产法》的定义）提交索赔证明（以下简称"<u>索赔证明</u>"）的最后日期和时间是 **2023 年 2 月 17 日晚上 11 点 59 分（美国东部时间）**（以下简称"<u>一般截止日</u>"）。

2.  <u>对 Genever（美国）的诉前索赔</u>：所有个人和实体（包括但不限于个人、合伙企业、公司、合资企业、信托和政府单位）就 Genever（美国）申请日（*即* 2020 年 10 月 12 日）之前产生的对 Genever（美国）的任何索赔（根据《破产法》的定义）提交索赔证明的最后日期和时间是 **2023 年 2 月 17 日晚上 11 点 59 分（美国东部时间）**，*即*，一般截止日。

3.  <u>对 Genever（BVI）的诉前索赔</u>：

    a.  所有个人和实体（包括但不限于个人、合伙企业、公司和合资企业）（政府单位除外）就 Genever (BVI)申请日（*即* 2022 年 10 月 10 日）之前产生的对 Genever (BVI)的任何索赔（根据《破产法》的定义）提交索赔证明的最后日期和时间是 **2023 年 2 月 17 日晚 11 点 59 分（美国东部时间）**，[4] *即*，一般截止日。

---

[1]    这些第 11 章案件的债务人是 Ho Wan Kwok（又称 Guo Wengui、Miles Guo 和 Miles Kwok，以及许多其他别名）（纳税标识号的最后四位数：9595），Genever Holdings LLC（纳税标识号的最后四位数：8202）和 Genever Holdings Corporation。受托人、Genever Holdings LLC 和 Genever Holdings Corporation 的通信地址是 Paul Hastings LLP, 200 Park Avenue, New York, NY 10166，收件人：Luc A. Despins，作为 Ho Wan Kwok 的受托人（仅用于通知和通信）。

[2]    这一金额并不反映 Sherry Netherland 公寓的公平市场价值。

[3]    康涅狄格州破产法院可根据债权人的动议，在适用的截止日期之后延长提交索赔证明的时间，以允许提交逾期的索赔证明。

[4]    尽管法院之前规定过任何其他的截止日，一般截止日应适用于这些索赔。

b. 所有*政府单位*就 Genever (BVI)申请日（*即* 2022 年 10 月 10 日）之前产生的对 Genever (BVI)的任何索赔（根据《破产法》的定义）提交索赔证明的最后日期和时间是 **2023 年 4 月 10 日晚上 11 点 59 分 （美国东部时间）** （以下简称 "*政府/Genever（BVI）截止日*"，与一般截止日一起合称为"*截止日*"）。

在索赔证明表中，对个人债务人有索赔的索赔持有人可以选择同时对 Genever（BVI）和 Genever（美国）（以下简称"Genever *债务人*"）提出索赔，理由是 Genever 债务人是或曾经是个人债务人的*另一个身份*。如果 Genever 债务人是或曾经是个人债务人的*另一个身份*，那么个人债务人的债权人也将是 Genever 债务人的债权人，尽管该债权人与 Genever 债务人之间没有直接的合同关系或其他关系。个人债务人的任何债权人如果之前以与正式表格基本相同的形式向个人债务人提交了索赔证明，应被视为已选择以 Genever 债务人是或曾经是个人债务人的*另一个身份*为由，也向 Genever 债务人提出该索赔，但须遵守上述相同的权利保留。为明确起见，如果你根据债权人与 Genever 债务人之间的直接合同关系或其他关系对 Genever 债务人持有索赔权（*即*，除了基于*另一个身份*的索赔外），你必须对 Genever（BVI）和/或 Genever（美国）单独提交索赔证明，如适用。

受托人、Genever (BVI)和 Genever (US)保留其反对任何基于*另一个身份*理论的索赔的所有权利，包括基于受托人是唯一有权宣称 Genever (BVI)和 Genever (US)是或曾经是个人债务人的*另一个身份*的一方。

索赔证明表的副本可在破产法院的网站上免费查看和下载，网址是 [www.uscourts.gov/forms/bankruptcy-forms](www.uscourts.gov/forms/bankruptcy-forms)。如果向 受 托 人 的 律 师 提 出 书 面 请 求 ， 可 以 获 得 " 截 止 日 期 命 令 " 的 副 本 ， 电 子 邮 件 地 址 是 [douglassbarron@paulhastings.com](douglassbarron@paulhastings.com)。

所有索赔证明必须通过以下任一方式提交，以便在一般截止日或之前收到：

(a)    提交到康涅狄格州破产法院，地址如下：

US Bankruptcy Court, District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, CT 06604

或

(b)    Epiq Corporate Restructuring, LLC（"索赔代理"），地址如下：

如果使用一级邮件：

Ho Wan Kwok Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076-4419

如果是亲手递送或隔夜邮件：

Ho Wan Kwok Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005

或

(c)    使用索赔代理网站上的界面进行电子化处理，网址是 https://dm.epiq11.com/KwokTrustee.

只有在适用的截止日期之前，法院或索赔代理**实际收到**索赔证明，才会被视为及时提交。或者，索赔证明可以通过康涅狄格州破产法院的网站 http://www.ctb.uscourts.gov，以电子方式向康涅狄格州破产法院提交。**通过传真或电子邮件发送的索赔证明将不会被接受。**

> **重要提示：个人索赔人可以选择以保密方式提交索赔证明（每份此类索赔证明为"保密索赔证明"），以便对其姓名和联系信息进行保密处理。希望提交保密索赔证明的个人索赔人必须(a)**在其索赔证明上选择对该索赔证明进行保密处理，并**(b)**将填妥的索赔证明（未作任何编辑）直接提交给索赔代理，无论是以电子方式还是按上述索赔代理地址提交。为避免疑问，此类索赔证明不应提交给法院。**

为了正确提交，每份索赔证明必须：(i) 用英语书写；(ii) 以适用的申请日期的美国合法货币计价（使用适用的申请日期的汇率，如果适用）；(iii) 基本上符合截止日期命令所附的索赔证明表或官方破产表 410；以及(iv) 由索赔人或（如果索赔人不是个人）索赔人的授权代理人签署。

根据《破产规则》第 3003(c)(2)条，任何未按本条规定及时提交索赔证明的索赔持有人将(a)被永远禁止、阻止和限制对债务人、其财产或本破产财团提出此类索赔（或提交相关的索赔证明），以及(b)在就第 11 章案件中可能提交的任何第 11 章计划进行投票和分配时，不被视为与此类索赔有关的债权人。

如果你需要有关本通知的更多信息，你可以通过拨打电话 1-212-318-6690 与受托人的律师联系，或通过电子邮件 douglassbarron@paulhastings.com 提交查询。mailto:mujiinfo@donlinrecano.com 如果你认为你有对债务人的索赔，如果你对本通知有任何疑问，包括你是否应该提交索赔证明，你应该咨询律师。

**EXHIBIT D**

**注释版索赔证明**

**重要提示：** 索赔证明表的注释版本仅供参考，以帮助使用普通话的索赔人填写索赔证明。页面右边的注释不具有控制效力。此外，请不要使用此注释版索赔证明表来填写和提交您的索赔。请使用关于提交索赔证明的截止日期的通知中包含的英文版索赔证明表（无注释）。为避免疑义，索赔证明必须以英文填写。如果您对如何填写索赔证明有任何疑问，请咨询您的律师。

---

**Fill in this information to identify the case:**

Debtor _____

United States Bankruptcy Court for the District of Connecticut

Case number _____

请填写您提出本索赔所针对的债务人的名称（即 Ho Wan Kwok、Genever Holdings Corporation 或 Genever Holdings LLC）。如果您要对 Ho Wan Kwok 提出索赔，但也希望以 Genever Holdings Corporation 和 Genever Holdings LLC 是 Ho Wan Kwok 的另一个身份为由对这两个实体提出相同的索赔，请勾选下面问题 8A 中的方框。

Official Form 410

**Proof of Claim**                                                        04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

请填写相应债务人第 11 章案件的案件编号（即 Ho Wan Kwok 为 22-50073，Genever Holdings Corporation 为 22-50542，Genever Holdings LLC 为 22-50592）。

**Part 1:   Identify the Claim**

1. Who is the current creditor?

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

1A. Election to Keep Name and Contact Information Confidential
☐ I hereby elect to have my name and contact information kept confidential.

请在此处填写您的姓名。请注意，如果您勾选了下方问题 1A 中的方框，则此信息将不会公开披露，并会被保密处理。

如果您想对您的姓名和联系信息保密，请选中此框。

2. Has this claim been acquired from someone else?
☐ No
☐ Yes.  From whom? _____

3. Where should notices and payments to the creditor be sent?
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices be sent?

Name _____

Number   Street _____

City        State        ZIP Code

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____

Number   Street _____

City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

请在此处填写您的联系信息。请注意，如果您勾选了上述问题 1A 中的方框，则此信息将不会公开披露，并会被保密处理。

4. Does this claim amend one already filed?
☐ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on ____/____/____ MM / DD / YYYY

请在此说明这份索赔是否旨在修订先前提交的一份索赔。如果是，请填写先前提交的索赔编号。

5. Do you know if anyone else has filed a proof of claim for this claim?
☐ No
☐ Yes.  Who made the earlier filing? _____

请在此处说明是否有其他人已针对您在本份索赔证明中提出的索赔提交了索赔证明。如果是，请填写提交较早索赔证明的人。

Official Form 410                    Proof of Claim                    page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. How much is the claim? $_____  Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

> 请填写您的索赔金额，以及该金额是否包括利息或其他费用。

8. What is the basis of the claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

> 请说明您的索赔依据。例如，您的索赔也许基于提供的商品或执行的服务的合同，或基于人身伤害。您还可以附上一个附件，详细说明您的索赔依据。请附上任何支持索赔的文件的隐藏过敏感信息的副本。

8A. Alter Ego Claim Against Genever Entities?
If you assert a claim against Ho Wan Kwok, you may also assert a claim against Genever Holdings Corporation and Genever Holdings LLC on the basis that these entities are *alter egos* of Ho Wan Kwok by checking the following box:
☐ Yes.

9. Is all or part of the claim secured?
☐ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a Mortgage *Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection:
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

> 如果您对 Ho Wan Kwok 提出此索赔，但也想对 Genever Holdings Corporation 和 Genever Holdings LLC 提出相同的索赔，理由是这些实体是 Ho Wan Kwok 的另一个身份，请选中此框。

10. Is this claim based on a lease?
☐ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

11. Is this claim subject to a right of setoff?
☐ No
☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ _____ _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number       Street |
| | _____ |
| | City                          State       ZIP Code |
| Contact phone | _____          Email _____ |

填写此索赔证明的人必须在上面签名并注明日期。请在此勾选相应的方框（例如，您是债权人、债权人的代理律师或授权代理人等）。

请填写此索赔证明的签署日期。

请在此签名。

请在此填写此索赔证明的填写与签署人的姓名。如上所述，如果您选中了问题 1A 中的方框，债权人的姓名和联系信息将不会公开披露，并将被保密。

# EXHIBIT E

HO WAN KWOK, et al.
Case No. 22-50073 (JAM)
First Class Mail Service

Kui Cheng
11450 US Highway 380
Suite 130, #207
Cross Roads, TX 76227

**EXHIBIT F**

| Claim Name | Address Information |
|---|---|
| ACA CAPITAL GROUP LIMITED | RM 1605, 16/F HUA QIN INTERNATIONAL BLDG, 340 QUEEN'S RD C SHEUNG WAN HONG KONG SAR |
| ACA CAPITAL GROUP LIMITED | 3A MONTAGU ROW MARYLEBONE LONDON W1U 6DZ UNITED KINGDOM |
| APSLEY YACHTS LTD. | CAYMAN BUSINESS PARK, A7, PO BOX 10300 APO, GEORGE TOWN, GRAND CAYMAN KY1-1003 CAYMAN ISLANDS |
| BARCLAYS BANK PLC | C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON DE 19808 |
| BINGSHANG JIAO | 2901 BRIANS HILL LN. OAKTON VA 22124 |
| BRAGAR WEXLER EAGEL & SQUIRE, P.C. | 885 3RD AVE STE 3040 ATTN: JESSICA MASTROGIOVANNI NEW YORK NY 10022-4834 |
| CAPITAL ONE FINANCIAL CORPORATION | C/O CORPORATION SERVICE COMPANY 100 SHOCKOE SLIP, FL 2 RICHMOND VA 23219 |
| CRANE ADVISORY GROUP LLC | ONE WORLD TRADE CENTER 85TH FLOOR NEW YORK NY 10007 |
| DAWN STATE LIMITED | P.O. BOX 957, OFFSHORE INCORPORATIONS CENTRE ROAD TOWN TORTOLA BRITISH VIRGIN ISLANDS |
| EHSAN MASUD | C/O ARIAS, FABREGA & FABREGA TRUST CO. BVI LTD., P.O. BOX 985 ROAD TOWN TORTOLA, BVI US BRITISG VIRGIN ISLANDS |
| FIRST ABU DHABI BANK | AL QURM - BUSINESS PARK P.O. BOX 6316 ATTN: HANA AL-ROSTAMANI ABU DHABI UNITED ARAB EMIRATES |
| FIRSTBANK PUERTO RICO | C/O SARA ALVAREZ-CABRERO 1519 PONCE DE LEON AVENUE PDA 23, SANTURCE SAN JUAN PR 00908 |
| FIRSTBANK PUERTO RICO | PO BOX 9146 SAN JUAN PR 00908 |
| FREEDOM MEDIA VENTURES LTD. | 2ND FLOOR, WATER'S EDGE BUILDING WICKHAMS CAY II, ROAD TOWN TORTOLA VG1110 BRITISH VIRGIN ISLANDS |
| G CLUB US OPERATIONS INC. | 590 MADISON AVENUE NEW YORK NY 10022 |
| G CLUB US OPERATIONS INC. | C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON DE 19808 |
| G CLUB US OPERATIONS INC. | 800 N HARPER AVE LOS ANGELES CA 90046 |
| G CLUB US OPERATIONS LLC | C/O CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON DE 19808 |
| G FASHION LLC | CT CORPORATION SYSTEM 361 SAN FRANCISCO STREET, 4TH FLOOR SAN JUAN PR 00901 |
| G FASHION LLC | PO BOX 9022946 SAN JUAN PR 00902 |
| G LIVE, LLC | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING STE 104 WILMINGTON DE 19810 |
| G-CLUB INVESTMENTS LIMITED | 2/F 1053 GREAT WEST ROAD BRENTWOOD TW8 9BW ENGLAND |
| GBROADCAST, LLC | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING #104 WILMINGTON DE 19810 |
| GEDUCATION | C/O CHESTNUT BUSINESS SERVICES, LLC 911 CHESTNUT STREET CLEARWATER FL 33756 |
| GEDUCATION | 10809 INDIAN HILLS COURT LARGO FL 33777 |
| GEOFFREY YUSSOUF | BERKELEY ROWE LIMITED 5 MERCHANT SQUARE LONDON W2 1AY UNITED KINGDOM |
| GETTR USA, INC. | C/O CT CORPORATION SYSTEM 28 LIBERTY STREET, NEW YORK NY 10005 |
| GETTR USA, INC. | 3 COLUMBUS CIRCLE FL 20 NEW YORK NY 10019 |
| GETTR USA, INC. | C/O THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE STREET WILMINGTON DE 19801 |
| GNEWS LLC | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD, TATNALL BUILDING STE 104 WILMINGTON DE 19810 |
| GNEWS MEDIA GROUP INC. | C/O CORPORATE CREATIONS NETWORK 3411 SILVERSIDE ROAD TATNALL BUILDING #104 WILMINGTON DE 19810 |
| GOLDEN SPRING (NEW YORK) LTD. | C/O CT CORPORATION SYSTEM 28 LIBERTY STREET, NEW YORK NY 10005 |
| GPOSTS LLC | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING #104 WILMINGTON DE 19810 |
| GTV MEDIA GROUP, INC. | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING STE 104 WILMINGTON DE 19810 |
| HAYMAN CAPITAL MANAGEMENT, L.P. | PARKLAND HALL AT OLD PARKLAND ATTN: KYLE BASS 3889 MAPLE AVENUE 6TH FLOOR DALLAS TX 75219 |
| HIMALAYA INVESTMENT LLC | C/O BUDDI SAGAR SUBEDI 1851 MCCONNOR PKWY. SCHAUMBURG IL 60173 |

| Claim Name | Address Information |
|---|---|
| HIMALAYA INVESTMENT LLC | C/O JIAMING LIU 7424 E BLACKROCK RD. SCOTTSDALE AZ 85255 |
| HIMALAYA NEW WORLD INC. | 12587 FAIR LAKES CIR, STE 135 FAIRFAX VA 22033 |
| HIMALAYA NEW WORLD INC. | C/O BINGSHANG JIAO 2901 BRIANS HILL LN. OAKTON VA 22124 |
| HIMALAYA VENTURES LLC | C/O MARY JIANG 33 ENCINA AVENUE PALO ALTO CA 94301 |
| HIMALAYA VENTURES LLC | 2500 EL CAMINO REAL #209 PALO ALTO CA 94306 |
| HSBC HOLDINGS PLC | C/O THE CORPORATION TRUST, INCORPORATED 2405 YORK ROAD, SUITE 201 LUTHERVILLE TIMONIUM MD 21093 |
| HSBC HOLDINGS PLC | C/O OFFICE OF THE GENERAL COUNSEL 95 WASHINGTON STREET BUFFALO NY 14203 |
| HUDSON DIAMOND HOLDING LLC | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING #104 WILMINGTON DE 19810 |
| HUDSON DIAMOND HOLDING, INC. | C/O OCORIAN CORPORATE SERVICES (BVI) LIMITED JAYLA PLACE WICKHAMS CAY 1 RD TOWN ATTN KELLY, RAVEN TORTOLA VG1110 BRITISH VIRGIN ISLANDS |
| HUDSON DIAMOND NY LCC | C/O CORPORATE CREATIONS NETWORK INC. 600 MAMARONECK AVE, #400 HARRISON NY 10528 |
| HUDSON DIAMOND NY LCC | 140 PEARL ST STE 100 BUFFALO NY 14202-4014 |
| INFINITY TREASURY MANAGEMENT INC. | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING, STE 104 WILMINGTON DE 19810 |
| JASON MILLER | 3 COLUMBUS CIRCLE FL 20 NEW YORK NY 10019 |
| JIAMING LIU | 7424 E BLACKROCK RD. SCOTTSDALE AZ 85255 |
| JPMORGAN CHASE BANK, N.A. | STANDARD CHARTERED PLC 1095 AVENUE OF THE AMERICAS NEW YORK NY 10036 |
| JPMORGAN CHASE BANK, N.A. | C/O CT CORPORATION SYSTEM 4400 EASTON COMMONS WAY SUITE 125 COLUMBUS OH 43219 |
| KARIN MAISTRELLO | 17 GIFFORD AVE APARTMENT 5F JERSEY CITY NJ 07304 |
| KARIN MAISTRELLO | 445 PARK AVENUE NEW YORK NY 10022 |
| KARIN MAISTRELLO | 162 E 64TH STREET NEW YORK NY 10065 |
| LAMP CAPITAL LLC | C/O MATTHEW L. LEVINE, ESQ. ELLIOTT KWOK LEVINE & JAROSLAW LLP 565 FIFTH AVENUE NEW YORK NY 10017 |
| M&T BANK CORPORATION | C/O RENE F. JONES ONE M&T PLAZA, BUFFALO NY 14203 |
| M&T BANK CORPORATION | ATTENTION: GENERAL COUNSEL ONE M&T PLAZA, 8TH FLOOR 345 MAIN STREET BUFFALO NY 14203-2399 |
| MARK A. STEFFENSEN | HSBC HOLDINGS PLC 452 FIFTH AVENUE NEW YORK NY 10018 |
| MARY JIANG | 33 ENCINA AVENUE PALO ALTO CA 94301 |
| MAYWIND TRADING LLC | C/O LEGALINC CORPORATE SERVICES INC. 200 E RANDOLPH ST STE 5100 CHICAGO IL 60601 |
| MAYWIND TRADING LLC | 3341 S WALLACE ST., APT B CHICAGO IL 60616 |
| MAYWIND TRADING LLC | 12810 N CAVE CREEK RD. APT 206 PHOENIX AZ 85022 |
| NADEEM AKBAR | LAMP CAPITAL LLC 667 MADISON AVENUE NEW YORK NY 10065 |
| NEW YORK MOS HIMALAYA LLC AND/OR | MOS HIMALAYA LLC 40 BROMPTON ROAD GREAT NECK NY 11021 |
| NEW YORK MOS HIMALAYA LLC AND/OR | MOS HIMALAYA LLC C/O A REGISTERED AGENT, INC. 8 THE GREEN, STE. A DOVER DE 19901 |
| OGIER | RITTER HOUSE WICKHAMS CAY II PO BOX 3170 ROAD TOWN TORTOLA VG1110 BRITISH VIRGIN ISLANDS |
| PAUL H. COMPTON | BARCLAYS BANK PLC 1 CHURCHILL PLACE GREATER LONDON LONDON E14 5HP UNITED KINGDOM |
| ROSCALITAR 2 | C/O MAPLES CORPORATE SERVICES LIMITED PO BOX 309 UGLAND HOUSE SOUTH CHURCH STREET GEORGE TOWN GRAND CAYMAN KY1-1104 CAYMAN ISLANDS |
| SARACA MEDIA GROUP, INC. | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING STE 104 WILMINGTON DE 19810 |
| STACEY FRIEDMAN | JPMORGAN CHASE BANK, N.A. 1111 POLARIS PARKWAY, SUITE 0460 COLUMBUS OH 43240 |
| STARLING BANK LIMITED | 1 DUVAL SQUARE 5TH FLOOR, LONDON FRUIT & WOOL EXCHANGE LONDON E1 6PW UNITED KINGDOM |
| TALHA ZOBAIR | 750 LEXINGTON AVENUE NEW YORK NY 10022 |

HWK TRUST
SERVICE LIST

| Claim Name | Address Information |
|------------|---------------------|
| US HIMALAYA CAPITAL INC. | C/O BUSINESS FILINGS INCORPORATED 108 WEST 13TH STREET WILMINGTON DE 19801 |
| US HIMALAYA CAPITAL INC. | P.O. BOX 391271 MOUNTAIN VIEW CA 94041 |
| VOICE OF GUO MEDIA, INC. | C/O LIHONG WEI LAFRENZ 14747 N NORTHSIGHT BLVD. STE 111, #405 SCOTTSDALE AZ 85260 |
| VOICE OF GUO MEDIA, INC. | C/O ELAINE LAM 1850 W ORANGE GROVE RD. TUCSON AZ 85704 |
| WENCONG WANG | 826 NORTH AVENUE, FOREST PARK GA 30297 |
| WENCONG WANG | C/O CT CORPORATION SYSTEM 361 SAN FRANCISCO STREET, 4TH FLOOR SAN JUAN PR 00901 |
| WILLIAM JE | 162 EAST 64TH STREET NEW YORK NY 10065 |
| WILLIAM JE | C/O CORPORATE CREATIONS NETWORK INC. 3411 SILVERSIDE ROAD TATNALL BUILDING, STE 104 WILMINGTON DE 19810 |
| YACHTZOO SARL | LE BEAU RIVAGE 9 AVENUE D'OSTENDE MC 98000 MONACO |
| YOUTUBE, LLC | CORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE WILMINGTON DE 19808 |
| YOUTUBE, LLC | C/O CORPORATION SERVICE COMPANY 2710 GATEWAY OAKS DRIVE, STE 150N ATTN: 1505 CORPORATION 538 SACRAMENTO CA 95833 |
| YVETTE WANG | GOLDEN SPRING 162 E. 64TH STREET NEW YORK NY 10065 |

**Total Creditor count  85**

**EXHIBIT G**

adam.swick@akerman.com
aneuhardt@bsfllp.com
bbosson@cahill.com
bhanyc@gmail.com
BMargulis@BSFLLP.com
carolina.fornos@pillsburylaw.com
Darren.Drabble@dwf.law
drosenfield@warren.law
haynesn@gtlaw.com
jbach@shapiroarato.com
jclark@phillipsnizer.com
jklein@pkbllp.com
jlipson@jlipson.net
jmoran@moritthock.com
Joshua Roy JRoy@cahill.com
jriley@wbamct.com
jstorino@jenner.com
jtemkin@maglaw.com
kkearney@hodgsonruss.com
ksloane@bhsusa.com
lisa.fried@hsf.com
marc.gottridge@hsf.com
mconway@lpgmlaw.com
mlevine@ekljlaw.com
ngadd@paulweiss.com
rahman.connelly@pillsburylaw.com
richardsignorelli@gmail.com
Robert.Nader@forbeshare.com
rory.greebel@wilsonelser.com
SRosen@cbshealaw.com
steinbergh@gtlaw.com
tmiltenberger@cbshealaw.com;
walko@ibolaw.com
janthony@anthonyandpartners.com
mchernofsky@idbny.com
patricia.schaubeck@dime.com
hcannom@wscllp.com
legaladmin@spotify.com
brian.peterson@klgates.com
daisy.c.roque@bofa.com
subpoena@capitalone.com
emlacombe@duanemorris.com
jennifer.watt@bnymellon.com
melissa.leal@citi.com
lfried@hsf.com