**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                              :    Chapter 11
                                                                         :
HO WAN KWOK, *et al.*,[1]                            :    Case No. 22-50073 (JAM)
                                                                         :
    Debtors.                                                      :    (Jointly Administered)
                                                                         :
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO SHOW CAUSE WHY DEBTOR, MEI GUO, AND HK (USA) SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH ORDER COMPELLING COMPLIANCE WITH RULE 2004 SUBPOENAS AND SANCTIONED FOR SUCH CONTEMPT**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, respectfully submits this motion (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requiring the Debtor, Mei Guo (the "Debtor's Daughter"), and HK International Funds Investments (USA) Limited, LLC ("HK (USA)" and, together with the Debtor and the Debtor's Daughter, the "Respondents") to appear *at a date and time to be determined by the Court*, at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, and show cause why the Court should not hold them in civil

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

contempt for failing to adequately respond to or comply with the Court's *Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoenas* (ECF No. 1353) (entered Jan. 20, 2023, the "January 20 Order"). In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Respondents have, for the last approximately six months, attempted to frustrate the Trustee's investigation into potential assets of the estate at nearly every turn. The January 20 Order sought to finally put an end to this obstruction by (i) compelling the Respondents to comply with the Trustee's Rule 2004 Orders[2] and related subpoenas by producing certain previously-withheld documents by January 31, 2023, and (ii) instructing the Debtor to file with the Court a sworn declaration detailing the process by which he searched for potentially responsive documents by February 7, 2023. Rather than comply with these directives and finally provide the Trustee the discovery to which he is entitled, the Respondents have again opted to obfuscate and delay.

2. For his part, the Debtor has—for the first time in response to the Trustee's Rule 2004 subpoena[3]—sought to invoke his rights under the Fifth Amendment as a means to produce *no* documents to the Trustee and provide *no* description of his document search process. The Debtor bears the burden of demonstrating that the Fifth Amendment relieves him of his discovery obligations, and he has not come close to carrying that burden here. Indeed, the Debtor has provided no explanation at all as to why the production of documents or the submission of the

---

[2] Capitalized terms not defined in this Preliminary Statement have the meanings given to them *infra*.

[3] As the Court is well aware, the Debtor has invoked the Fifth Amendment numerous times in this case—including more than 200 times during one hearing in December 2022—to avoid providing testimony on substantive issues. He has not, however, previously taken the position that the Fifth Amendment prevents him from producing documents or even describing the process by which he searched for documents. To the contrary, prior to the issuance of the January 20 Order, the Debtor produced some (albeit very limited) documents to the Trustee and sought to explain certain aspects of his collection process to the Court in response to the Trustee's motion to compel—all without invoking the Fifth Amendment.

declaration required by the January 20 Order would cause him to provide incriminating testimony. The only information the Debtor has provided is the following:

- On February 1, 2023, the day after the deadline for the Debtor to produce documents, the Debtor's bankruptcy counsel sent an email to the Trustee's counsel stating that, in response to the January 20 Order, the Debtor "is asserting his rights under the 5th Amendment, including any rights under the Act of Production Doctrine."[4]

- On February 7, 2023, the Debtor filed a declaration (ECF No. 1444) (the "February 7 Declaration") with the Court stating that he is "invok[ing] [his] rights under the 5th Amendment to the United States Constitution, including under the act of production doctrine, with respect to the Subpoena dated August 17, 2022, in its entirety, including all requests for documents and information set forth therein."

- On February 7, 2023, in response to a request by the Trustee for a further explanation of the basis for the Debtor's invocation of his Fifth Amendment rights, the Debtor's bankruptcy counsel stated, "[w]e have nothing further to add at this time concerning the Debtor's invocation of his 5th amendment right. We will continue to discuss the issue with his criminal counsel."[5]

3.  The Debtor is not entitled to blanket Fifth Amendment protection from the requirements of the January 20 Order on this paltry record, especially since it is far from apparent as to how the Fifth Amendment could apply in this situation. With respect to the order's document production requirement, the Debtor must explain, at a minimum, how his production of documents would be "testimonial," in addition to incriminating. As for the declaration requirement, the Debtor needs to explain to the Court how merely describing the process by which he searched for documents (separate and apart from the actual production of those documents) is somehow likely to incriminate him—a proposition that is nonsensical on its face. He has done none of this.

---

[4] An e-mail chain including the Feb. 1, 2023 email from Debtor's bankruptcy counsel to the Trustee's counsel is attached as **Exhibit A** to the Declaration of Nicholas A. Bassett in support of the Motion (the "Bassett Declaration"), filed concurrently herewith.

[5] *See* Bassett Decl., Ex. A. Counsel did not identify who is serving as the Debtor's "criminal counsel."

4. The Debtor's Daughter's and HK USA's failure to comply with the January 20 Order is even more straightforward but equally brazen: they have simply ignored the Court-ordered deadline and produced no documents to the Trustee. The Trustee has met and conferred with their counsel on several occasions to no avail. Most recently, on February 10, 2023, counsel to the Debtor's Daughter and HK USA stated that they believed it might take them another month to comply with their document production obligations. Any such delay is entirely unacceptable in light of the Court-ordered deadline and is a blatant disregard for this Court's authority.

5. The Trustee had hoped to avoid involving the Court in this matter, especially in light of the Court's directive in its mediation order that the parties should, where possible, meet and confer to avoid legal process during the pendency of the mediation.[6] Unfortunately, the Trustee's efforts to resolve these issues consensually in conversations with counsel for the Respondents were unsuccessful, leaving the Trustee with no other option but to seek relief from the Court to address the Respondents' failure to comply with the January 20 Order.

6. By this motion, the Trustee respectfully requests that the Respondents be required to show cause why they should not be held in contempt of Court for violating the January 20 Order. If they fail to do so, the Court should issue appropriate sanctions, including, without limitation, finding certain facts (including ownership of assets) established against them and issuing an appropriate award of costs and expenses to the Trustee, including his attorneys' fees.

---

[6] The Respondents are acting as if the Court's mediation order has relieved them of having to comply with other Court orders during the pendency of the mediation and otherwise cooperate with the Trustee in the bankruptcy case. The Court's order provided no such thing.

**BACKGROUND**

A.     **Trustee's Rule 2004 Investigation.**

7.     Following his appointment in July 2022, the Trustee immediately commenced a comprehensive investigation into the Debtor's assets and affairs. This investigation is critical to the administration of the Debtor's estate given his assertions that, despite being a self-proclaimed billionaire, he has virtually no assets to his name for distribution to creditors.

8.     On August 16, 2022, in furtherance of the Trustee's investigation, the Court entered orders (the "Rule 2004 Orders")[7] authorizing the issuance of subpoenas for the examination of the Respondents, among other parties, pursuant to Rule 2004. In accordance with the Rule 2004 Orders, on or about August 19, 2022, the Trustee served Rule 2004 Subpoenas on the Respondents.

9.     For the next several months, the Trustee worked tirelessly to obtain the Respondents' full compliance with the Rule 2004 Orders and related subpoenas.[8] As described in the record underlying the January 20 Order, however, these efforts were unsuccessful. The Debtor and others within his orbit, including the Debtor's Daughter and HK (USA), frustrated the examination process at every turn, ultimately producing a grand total of only *forty-six* (Debtor), *nineteen* (the Debtor's Daughter), and *four hundred seventy-two* (HK (USA)) documents, respectively. With limited exceptions, the Respondents refused to, among other things, (i) produce documents related to assets they contend belong to the Debtor's family members or other persons and entities, (ii) collect and produce documents in the possession of their counsel and advisors, or (iii) sufficiently describe the efforts by which they searched for responsive documents.

---

[7]     *See* (ECF Nos. 757 and 758).

[8]     The Daughter is the purported sole owner of HK (USA), who but for the Daughter has no officers, employees, directors, members, managers, or managing members through whom it may act.

10. On October 28, 2022, the Trustee filed a motion to compel (ECF No. 1046) (the "Motion to Compel") the Respondents' compliance with the Rule 2004 Orders and subpoenas. On November 14, 2022, the Respondents filed a joint objection to the Motion to Compel. A hearing on the Motion to Compel occurred on November 30, 2022. The Debtor did not at any time in response to the Motion to Compel raise the Fifth Amendment as a means to avoid his discovery obligations. Following the hearing, the Court issued the January 20 Order.

**B.     January 20 Order**

11. The January 20 Order required the Debtor to (i) by 5:00 p.m. on January 31, 2023 (the "Document Production Deadline"), search for and produce to the Trustee documents responsive to: "the Trustee's requests dated June 1, 2014, or later; . . . the Trustee's requests as to both assets he acknowledges he owns and assets allegedly belonging to persons or entities other than the Debtor, including without limitation his family members and associated entities; and . . . the Trustee's requests that are within [the Debtor's] custody, possession, or control, including without limitation documents in the files of his current or former counsel and other agents and advisors," and (ii) by 5:00 p.m. on February 7, 2023 (the "Declaration Deadline"), file with the Court "a sworn declaration describing in detail the document collection, search, and review actions taken by him and his counsel in response to the subpoena, including without limitation a detailed description of the processes that he and his counsel performed to . . . identify [and search] all of the Debtor's" electronic devices, online document repositories and various online or electronic accounts, financial accounts and "all other potential sources of responsive hard copy and electronic documents that may exist[.]" January 20 Order (ECF No. 1353).

12. Similarly, the January 20 Order required the Debtor's Daughter and HK (USA) to, by the Document Production Deadline, search for and produce to the Trustee[9] documents responsive to the Trustee's requests, including documents as to assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, "including Mei Guo herself, and associated entities, including HK (USA) itself;" and documents within the Daughter's and HK (USA)'s custody, possession, and control. *Id.*

C. **Debtor's Noncompliance with January 20 Order**

13. The day after the Document Production Deadline, the Debtor's counsel at Zeizler & Zeisler ("Bankruptcy Counsel") emailed counsel to the Trustee stating, for the first time, that the Debtor was asserting his rights under the Fifth Amendment, including the act of production doctrine, in response to the January 20 Order's document production requirement. On the Declaration Deadline, the Debtor submitted the February 7 Declaration stating that he was asserting his rights under the Fifth Amendment, including the act of production doctrine, in response to the Rule 2004 Order and subpoena directed to him and the January 20 Order.

14. Immediately after receiving the February 7 Declaration, counsel to the Trustee emailed the Debtor's Bankruptcy Counsel requesting a further explanation as to how the Fifth Amendment prevented the Debtor from producing documents or preparing the declaration required by the January 20 Order. Bankruptcy Counsel responded that it had "nothing further to add at this time concerning the Debtor's invocation of his 5th amendment right" but that counsel would continue to discuss the issue with the Debtor's criminal counsel.[10]

---

[9] The January 20 Order excludes documents that concern the Lady May from the ambit of materials the Court ordered the Daughter and HK (USA) to search for and produce.

[10] *See* Bassett Decl., Ex. A.

**D.    Debtor's Daughter's and HK (USA)'s Noncompliance with January 20 Order**

15.    More than 10 days have passed since the Document Production Deadline, and yet the Daughter and HK (USA) have neither produced any documents to the Trustee nor confirmed whether any additional responsive documents have been identified for production. The Trustee has had discussions with the Daughter's and HK (USA)'s counsel concerning this issue, but these discussions have not been productive.

16.    Originally, one of the law firms representing the Daughter and HK (USA) (the Zeisler firm) requested an extension of time to complete the production until February 3, 2023 while the parties discussed other scheduling issues in light of the Court's order instructing the parties to engage in mediation. In response, the Trustee agreed that he would not seek to compel compliance with the January 20 Order if production did not occur until February 3, 2023.

17.    On February 3, the Zeisler firm, on behalf of the Daughter and HK (USA), asked for a further extension of the Document Production Deadline through February 17, 2023, with productions from the Daughter and HK (USA) to begin on February 10, 2023. While the Trustee did not agree to such extension, the Trustee indicated that he did not wish to unnecessarily involve the Court in a further dispute at this time and, therefore, would not, as a practical matter, seek relief from the Court concerning the missed deadline earlier than February 7, 2023.

18.    On February 7, at the direction of the Zeisler firm, the Trustee's counsel conferred with the Daughter's and HK (USA)'s other counsel (Chiesa Shahinian & Giantomasi PC ("<u>CSG Law</u>")) via telephone regarding compliance with the January 20 Order. During that conversation, counsel at CSG Law stated that he would be discussing a response to the January 20 Order's document production requirement with his client the next day and hoped to complete his document production by the end of the week or, perhaps, the beginning of the following week. The Trustee's counsel again responded that, although the production was long overdue, the Trustee did not want

to expend resources on motion practice if the document production was forthcoming. CSG Law promised to provide an update on February 8, 2023.

19. The Trustee's counsel did not receive an update on February 8. On February 9, the Trustee's counsel wrote to CSG Law[11] asking for an update on the production and reminding counsel of his clients' search and production obligations under the January 20 Order, noting that the Trustee intended to move the Court for relief by the end of the week if a satisfactory response was not provided. On February 10, 2023, the Trustee again conferred with both CSG Law and the Zeisler firm. During this call, counsel at CSG Law outlined a process for collecting and producing documents, noting that he expected such process may take another month to complete.

## JURISDICTION, VENUE, AND STATUTORY BASES

20. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

21. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

22. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9014 and 9020.

## BASIS FOR RELIEF

### A. Debtor Has Failed to Comply With January 20 Order

23. The party invoking the protection of the Fifth Amendment bears the burden of demonstrating how and why it applies in a given situation. *See, e.g., In re Schick*, 215 B.R. 4, 9 (Bankr. S.D.N.Y 1997). To satisfy this burden, the party "must provide enough information to

---

[11] An e-mail chain including the Feb. 9, 2023 email from Trustee's counsel to CSG Law is attached as **Exhibit B** to the Bassett Declaration.

enable the Court to conduct a factual inquiry to determine the incriminating potential of the documents sought and the act of production against the privilege asserted." *Id.* at 9 (citation and internal quotation marks omitted). "[I]n order to effectively invoke the protections of the Fifth Amendment, a party must make a particularized objection to each discovery request." *In re Astor*, 62 A.D.3d 867, 869 (2009) (citation and internal quotations omitted).

24. Here, the Debtor has not come close to carrying his burden of demonstrating why he is entitled to the protection of the Fifth Amendment with respect to either his document production obligation or the requirement of the January 20 Order that he submit a declaration describing his document search and collection process.

### i. Debtor Has Not Established Why Fifth Amendment Allows Him to Avoid Producing Documents Requested by Trustee.

25. The Fifth Amendment privilege "does not . . . reach the content of voluntarily created documents because there is no compulsion to create them." *Schick* 215 B.R. at 8. "This is particularly true where the contents of the documents relates to debtors, their property and their business transactions." *Id.*; *see also Butcher v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985) ("Information relating to property of the estate is not so intimately personal as to evoke serious concern over privacy interests, particularly in bankruptcy where the trustee has a strong interest in knowing the nature and scope of the estate's holdings.").

26. The only possible basis on which the Debtor could withhold documents under the Fifth Amendment is pursuant to the so-called "act of production" doctrine. Under this doctrine, a party's production of documents in response to a subpoena or other process can potentially raise Fifth Amendment concerns if the act of producing the documents is itself "testimonial" in character and would incriminate the producing party. *Schick* 215 B.R. at 9. The doctrine has been relatively rarely applied and is only available upon a showing by the producing party that its requirements

are satisfied. *See id*. (a "party does not discharge the burden simply by asserting that he will incriminate himself by producing the documents" but, rather, must provide enough information to enable the Court to determine whether the doctrine has been properly invoked.); *Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified.").[12]

27. The Debtor has not even attempted to demonstrate how the act of production doctrine permits him to avoid producing particular documents or categories of documents, let alone *every document* the Trustee has requested. This blanket assertion of the doctrine as to all documents in the Debtor's possession, custody, or control is both unprecedented and indefensible. *See Bailey*, 753 F.2d at 470 ("[T]he debtor must, at least, classify documents and indicate something about why the act of production of each class of documents might be incriminating.").

28. Accordingly, the Debtor has failed to comply with the clear requirement of the January 20 Order that he produce documents by January 31, 2023.

### ii. Debtor Has Not Established Why Fifth Amendment Prevents Him From Providing Required Declaration.

29. The Debtor's assertion of his Fifth Amendment privilege in response to the requirement of the January 20 Order that he provide a declaration detailing his search and collection process is even more perplexing. As noted above, the Debtor bears the burden of establishing why the particular testimony he is being asked to provide would be incriminating. He cannot meet this burden.

---

[12] The act of production doctrine is subject to various judicially-created exceptions for certain types of documents and certain situations. These exceptions are not discussed herein and cannot be addressed unless and until the Debtor provides more information concerning the basis for his reliance on the doctrine.

11

30. Notably, the January 20 Order does not instruct the Debtor to submit a declaration concerning any substantive facts that might be incriminating or to disclose the contents of any documents in his possession. Rather, it simply requires the Debtor to describe the process (if any) he and his counsel have undertaken to identify potentially responsive documents. It is hard to understand how the provision of such testimony could possibly be incriminating, and the Debtor's February 7 Declaration contains no explanation of his position on this issue.

31. Far from violating the Debtor's Fifth Amendment rights, testimony by the Debtor regarding his document search and collection process is actually a ***prerequisite*** to his invocation of the Fifth Amendment over documents in his possession, custody, or control. This is so because, if the Debtor has not first conducted a thorough search and collection process to identify any responsive documents that may exist, he cannot possibly say whether or not the production of such documents would somehow incriminate him.

32. Accordingly, the Debtor has failed to comply with the clear requirement of the January 20 Order that he provide a declaration describing his search for responsive documents.

**B.     Debtor's Daughter and HK (USA) Have Failed to Comply With January 20 Order**

33. The January 20 Order clearly and unequivocally required the Debtor's Daughter and HK (USA) to produce all remaining responsive documents in their possession, custody, or control by the Document Production Deadline. They failed to do so. The Trustee tried to be reasonable in not filing a motion with the Court immediately following the expiration of the deadline; however, ten days have now passed, and the Debtor's Daughter and HK (USA) have still not produced a single document. Most recently, their counsel informed the Trustee that counsel expects it will take approximately an additional month for them to complete their production obligations. This failure to abide by the Court-ordered deadline—which the Debtor's Daughter

and HK (USA) have not sought to extend—is inexcusable. The Debtor's Daughter and HK (USA) should be ordered to show cause why they should not be held in contempt of Court.

  **C. If Respondents Do Not Show Cause for Their Refusal to Satisfy Requirements of January 20 Order, They Should be Held in Contempt of Court and Sanctioned.**

  34. This Court has already held the Debtor in contempt of court for violating other orders in this case. If he fails to show cause for his failure to comply with the January 20 Order, the Court should again find him in contempt and issue appropriate sanctions. The Court should do the same with respect to the Debtor's Daughter and HK (USA).

  35. Under the Federal Rules of Civil Procedure (as incorporated by the Federal Rules of Bankruptcy Procedure), courts have the power to impose a range of sanctions as a result of a party's "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). "Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, [the court] has broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

  36. One potential sanction a court may issue is an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and/or "prohibiting the disobedient party from supporting or opposing designated … defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii); *see Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 253 (S.D.N.Y. 2012) (finding disputed facts established in order to "restor[e] the prejudiced party to the same position [it] would have been in absent the wrongful conduct").

  37. Here, the Trustee is seeking from the Respondents documents related to the Debtor's potential legal and equitable ownership of assets, including without limitation evidence of his interests in shell companies and other entities and in various real and personal property. To

the extent the Respondents continue to wrongfully withhold such documents from production, the Court can and should sanction them by finding that such interests and ownership are established for purposes of this case. *See Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) (affirming sanctions order finding that plaintiff had established facts necessary to assert claim for "alter ego" liability against defendant who failed to comply with discovery orders requiring production of evidence related to that claim).[13]

38. Another potential sanction that a court may issue (which this Court has already issued in the past based on the Debtor's contempt of Court[14]) is an award of costs and attorneys' fees. To the extent the Debtor's Daughter and HK (USA) are found in contempt of Court, the Court should compel them to pay the Trustee's costs and expenses, including attorneys' fees, incurred in filing this motion and otherwise seeking to enforce the January 20 Order.

[*Remainder of page intentionally left blank.*]

---

[13] A further hearing can be held on the specific sanctions the Court should issue—including the specific factual findings the Court should make against the Respondents—in the event they are found in contempt of Court for violating the January 20 Order. As to the Debtor, any such sanctions are separate from (and in addition to) the Court's ability to draw adverse inferences as a result of the Debtor's invocation of the Fifth Amendment, assuming it is appropriate for him to do so.

[14] *See Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order* (ECF No. 1372) (finding "the Debtor in civil contempt" and "sanction[ing] him reasonable attorneys' fees and costs in the event he fails to purge himself of contempt").

WHEREFORE, for the foregoing reasons, the Trustee request that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: February 10, 2023
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

        *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

        *and*

    Avram E. Luft (admitted *pro hac vice*)
    G. Alexander Bongartz (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK, et al.,¹                                  :   Case No. 22-50073 (JAM)
                                                       :
           Debtors.                                    :   (Jointly Administered)
                                                       :
-------------------------------------------------------x
```

**ORDER TO APPEAR AND SHOW CAUSE WHY COURT SHOULD NOT HOLD
DEBTOR, MEI GUO, AND HK (USA) IN CONTEMPT OF COURT**

The Court has found that Ho Wan Kwok (the "Debtor"), Mei Guo (the "Daughter"), and HK International Funds Investments (USA) Limited, LLC ("HK (USA)" and together with the Debtor and the Daughter, the "Respondents") have not complied with the *Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoenas* (ECF No. 1353) (entered Jan. 20, 2023, the "January 20 Order"). Accordingly, it is hereby **ORDERED**:

The Respondents are to appear at _____, 2023, at the at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, and show cause why the Court should not hold them in civil contempt of court for failing to adequately respond to or comply with the January 20 Order; and it is further

**ORDERED**: The Trustee shall file a certificate of service demonstrating service of this Order on the Respondents on or before 12:00 p.m. (noon) on _____, 2023.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| Debtors. | : | (Jointly Administered) |

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 10, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: February 10, 2023
New Haven, Connecticut

By: */s/Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*