**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                                                    :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                             :    Case No. 22-50073 (JAM)
:
Debtors.                                                    :    (Jointly Administered)
:
---------------------------------------------------------x

**DECLARATION OF NICHOLAS A. BASSETT IN SUPPORT OF MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO SHOW CAUSE WHY DEBTOR, MEI GUO, AND HK (USA) SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH ORDER COMPELLING COMPLIANCE WITH RULE 2004 SUBPOENAS AND SANCTIONED FOR SUCH CONTEMPT**

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

I, Nicholas A. Bassett, hereby declare:

1. I am a partner at the law firm Paul Hastings LLP, 2050 M Street NW, Washington, D.C. 20036, counsel for the appointed Chapter 11 Trustee in the above captioned case (the "Trustee"). I respectfully submit this declaration in support of the *Motion of Chapter 11 Trustee for Order to Show Cause Why Debtor, Mei Guo, And HK (USA) Should Not Be Held in Contempt of Court for Failure to Comply with Order Compelling Compliance with Rule 2004 Subpoenas and Sanctioned For Such Contempt* (the "Motion"). I have personal knowledge of the matters set forth herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of an email chain beginning with correspondence from the Individual Debtor's bankruptcy counsel to the Trustee's counsel dated February 1, 2023.

3. Attached hereto as **Exhibit B** is a true and correct copy of an email chain beginning with correspondence from the Trustee's counsel to CSG Law dated February 9, 2023.

\* \* \*

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 10, 2023
       Washington, D.C.         /s/ Nicholas A. Bassett
                                                  Nicholas A. Bassett, Esq.
                                                  PAUL HASTINGS LLP

**EXHIBIT A**

| | |
|---|---|
| **From:** | Aaron A. Romney |
| **To:** | Bassett, Nicholas; James Moriarty; Luft, Avi E. |
| **Cc:** | Despins, Luc A.; Stephen Kindseth |
| **Subject:** | [EXT] RE: In re: Ho Wan Kwok, Case No. 22-50073 |
| **Date:** | Tuesday, February 7, 2023 5:52:02 PM |
| **Attachments:** | image001.png |

**--- External Email ---**

Thank you Nick.

With respect to HK issues set forth in your email, Lee is taking the lead. Please make sure to copy him on all correspondence concerning HK and Ms. Guo.

We have nothing further to add at this time concerning the Debtor's invocation of his 5h amendment right. We will continue to discuss the issue with his criminal counsel.

Have a good night.

---

**From:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Sent:** Tuesday, February 7, 2023 2:15 PM
**To:** James Moriarty <jmoriarty@zeislaw.com>; Luft, Avi E. <aviluft@paulhastings.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Despins, Luc A. <lucdespins@paulhastings.com>
**Subject:** RE: In re: Ho Wan Kwok, Case No. 22-50073

**External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..**

Jim,

I write in response to your email below and also in reference to the declaration the Debtor filed today purporting to assert his rights under the Fifth Amendment in response to the Court's order dated January 20, 2023 [ECF 1353] (the "January 20 Order") compelling him to (i) produce certain documents by January 31, 2023, and (ii) submit a sworn declaration by today describing in detail his document collection, search and review process in response to the Trustee's subpoena.

We do not believe the Debtor has substantiated a basis for his invocation of the Fifth Amendment, whether based on the "act of production doctrine" or otherwise. Among other things, the Debtor has not demonstrated how or why his production of every document the January 20 Order has compelled him to produce would be either incriminating or "testimonial," as he must in order to rely on his rights under the Fifth Amendment. We further do not understand the basis for the Debtor's assertion in his declaration that merely describing the process he used to search for responsive documents, in accordance with the January 20 Order, would somehow impinge on his Fifth Amendment rights. The Debtor cannot possibly take the position that his production of certain documents would violate his Fifth Amendment rights if he has not first searched for and identified all responsive documents that may exist, and we are entitled to understand the contours of that search and identification process, as the Court recognized in issuing its January 20 Order.

Finally, I would note that the Debtor previously both produced documents and attempted to describe his document collection efforts without asserting any purported rights under the Fifth Amendment. In fact, the Debtor did not once invoke the Fifth Amendment in his response to the Trustee's subpoena or at the hearing on the Trustee's motion to compel.

The Trustee's subpoena has been outstanding since August 2022, the January 20 Order was issued nearly three weeks ago, and the Debtor's deadlines to comply with the order have now lapsed. Absent a sufficient explanation by tomorrow, February 8, concerning the basis for the Debtor's assertions of his Fifth Amendment rights, we intend to seek relief from the Court.

Separately, as Avi discussed with Aaron last Friday, the production deadline under the January 20 Order of your other clients, Mei Guo and HK USA, has also passed. I previously agreed to take no action if your client produced the documents by February 3, and Avi subsequently agreed in the interest of allowing you to spend time on the production as opposed to motion practice that we would not seek the assistance of the Court prior to today. Please let us know if that production will be forthcoming today, as otherwise we also intend to address that issue with the Court.

Regards,

Nick



**Nick Bassett | Partner | Financial Restructuring Group**
Paul Hastings LLP | 2050 M Street NW, Washington, DC 20036 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax: +1.202.551.0402 | nicholasbassett@paulhastings.com | www.paulhastings.com

**From:** James Moriarty <jmoriarty@zeislaw.com>
**Sent:** Wednesday, February 1, 2023 5:32 PM
**To:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>
**Subject:** [EXT] In re: Ho Wan Kwok, Case No. 22-50073

**--- External Email ---**

Nick/Avi:

With respect to the Court's order on the Trustee's Motion to Compel, dated January 20, 2023, Doc. No. 1353, Mr. Kwok is asserting his rights under the 5th Amendment, including any rights under the Act of Production Doctrine.

Jim

James M. Moriarty, Esq.
Zeisler & Zeisler, P.C.
10 Middle Street
15th Floor
Bridgeport, Connecticut 06604
203-368-4234
Direct: 203-368-5485
Mobile: 203-525-6456
jmoriarty@zeislaw.com
http://www.zeislaw.com

**EXHIBIT B**

| | |
|---|---|
| **From:** | Vartan, Lee |
| **To:** | Luft, Avi E. |
| **Cc:** | Bassett, Nicholas; Aaron A. Romney |
| **Subject:** | [EXT] RE: Following up on Mei Guo and HK Int productions |
| **Date:** | Thursday, February 9, 2023 3:24:11 PM |
| **Attachments:** | image001.png |
| | image002.png |

**--- External Email ---**

Hope all is well. We have had a number of conversations, and have a proposed path forward. Are you free at 9:30 tomorrow to discuss?

Best,

Lee



**LEE VARTAN**
Member
**Chiesa Shahinian & Giantomasi PC**

**O** 973.530.2107 | **M** 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

---

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, February 9, 2023 12:46 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>
**Subject:** Following up on Mei Guo and HK Int productions

**\* External Message \***

Lee,

Having not heard from you yesterday, I am writing to ask that you update us today on whether your client intends to complete their production by no later than tomorrow, or if we need to raise the issue with the Court.

On our call on Tuesday evening we discussed your clients failure to comply with the Court ordered production date and your expectations regarding when they would make production. We told you that if your clients could make a complete production before the end of this week we would withhold raising to the Court your clients failure to comply with the Court, but if your clients did not anticipate being in compliance by that time, we asked that you tell us now so that we need not waste further time. You told us that you were meeting with Mei yesterday and that you would get back to us later in the day yesterday, to let us know the status of the production.

On that call we also had a brief discussion re: the scope of what your client must search for and produce. Specifically, in response to your comment that Ms. Guo need not produce her documents that may be held by Golden Springs, I noted that Ms. Guo and HK Int. were required to produce all documents in their possession custody and control, whether they were currently in their personal possession or in the hands of Golden Springs, Lamp Capital or any other agent, counsel or advisor. Consistent with my comment, I wanted to draw your attention to the Court's order that specifically calls for the production of such documents, and that Golden Springs, Lamp Capital, Yvette Wang, and Max Krasner (along with potentially others) – all of whom Ms. Guo has testified have taken actions either on behalf of, or in relations to, her business interests – have not yet produced a single document, and as such Ms. Guo is required under the Order to produce any documents under her or HK Int. control that they may have.

Similarly, I will note to avoid any dispute later, that the Order specifically calls for information regarding Ms. Guo and HK (USA)'s assets that are allegedly owned by Ms. Guo. While not definitive, I will note from her deposition, this should include any information

regard her bank accounts (including the one at Bank of China where she testified her salary is deposited into, along with the six others she said were recently closed); her salary; the plane she testified she owned and the $10 mm she claims to have received for it; interests in any family businesses (including Pangu Plaza); the BVI entities she owns (including Whitecroft); Eastern Profit; HK Int (USA); HK Int (HK); her apartment; any monies she receives for expenses or otherwise from family offices or family members.

Please let us know. Thanks.



**Avi E. Luft** | **Of Counsel** | **Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6079 | Main: +1.212.318.6000 | Fax: +1.212.303.7079 | email | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

*Please note that as of January 24, the firm's new headquarters address will be 105 Eisenhower Parkway, Roseland, NJ 07068.*

***Please Note:** The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

**Thank you.**