Richard N. Freeth
Freeth & Associates, LLC
260 Madison Ave., 8th Floor
New York, New York 10016
(917) 775-7082

Attorneys for Jiaming Liu

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------------------X
In Re:

       HO WAN KWOK, et al.                   Chapter 11
                                                  Case No.: 22-50073(JAM)

                         Debtor.

------------------------------------------------------------------X

**NOTICE OF JIAMING LIU'S MOTION TO QUASH SUBPOENA**

TO: Patrick R. Linsey, Esq.
NEUBERT, PEPE & MONTEITH, P.C.
195 Church St., 13th Floor
New Haven, CT 05610
Attorneys for Trustee

United States Bankruptcy Court
District of Connecticut

      Jiaming Liu (the "Movant") respectfully, by and through his undersigned counsel, Richard N. Freeth, hereby files this motion (the "Motion") for entry of an order, to quash the subpoena issued by the Trustee in the above-captioned matter, dated January 24, 2023 (the "Subpoena"), attached hereto as "Exhibit A," and represents in support hereof as follows:

**PRELIMINARY STATEMENT**

      **1.**    The Trustee, in complete disregard for the Federal Rules regarding the serving of subpoenas upon non-parties, has sent an impossibly overbroad and unduly burdensome set of demands, and demand -- on an erroneous party -- to appear at a counsel's offices in Connecticut on February 27, 2023, to the Movant who works and resides in Arizona – considerably more than 100 miles from this Honorable Court. On this basis alone the subpoena must be quashed.

1

2. Further, the Trustee has failed to perform to that level of professionalism expected of Federally appointed trustees, in that he failed to perform sufficient due diligence to confirm the identity of the Movant before serving him with an overbroad and unduly burdensome set of discovery demands, as the Movant is in no way connected to the Debtor, or the Creditors, or any asset, claim or item subject to the proceedings in this action.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

4. The legal predicates for the relief requested herein are Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

## FACTS

5. The Movant does not have first-hand knowledge regarding what business(es) the Debtor was in prior to the Petition Date, or is in at present. Upon information and belief, the Debtor was and is principally engaged in real estate development and finance.

6. The Movant has had no prior contact with any of the parties.

7. The Movant immigrated from China to the USA in December 2010 at the age of 23.

8. In the last two years he has worked as a delivery driver with a monthly income at around $3000.

9. On December 22, 2022, Mr. Liu received a two-pound package of nearly four hundred pages of documents from Defendants. Mr. Liu thought the delivery was a mistake.

10. Then, on January 20, 2023, Mr. Liu received a FedEx delivery of a Connecticut Bankruptcy Court order, dated January 13, 2023, which provided for limitations against certain individuals and entities

from engaging in protests against certain parties involved in this proceeding, and other related individuals and entities associated with the Chinese Communist Party.

11. On January 23, 2023, Mr. Liu made a phone call to 203-821-2000. He was connected to the Trustee's office at the offices of Paul Hastings. Mr. Liu tried to explain to the Trustee's office that he was not the person they were looking for, that his company was not the company the trustee should go after, and that the trustee's office must have made a mistake.

12. Rather than listen to Mr. Liu, the Trustee's lawyer's office confirmed Mr. Liu's name and address, but otherwise did not answer any further questions, nor acknowledge Mr. Liu's warning that he was not connected to these proceedings.

13. Very next day, on January 24, 2022, around 2:00 pm MST, Mr. Liu was served with the subpoena by a court officer from Maricopa County Superior Court, Tonya Arruda.

14. As a result of this repeated and gratuitous service of a massive set of documents on Mr. Liu, he started to panic. He could not focus his attention for the remaining of the day and becoming fearful, anxious and disoriented. Indeed, during this period, while operating his vehicle, a 2015 Toyota Prius near his residence in Scottsdale Arizona, Mr. Liu was unable to focus his attention because of his concerns on being subpoenaed. As a result of such disorientation, Mr. Liu failed to yield from a stop sign and hit the vehicle from the opposing direction.

15. The Movant suspects that he was served the Subpoena because he is the registered owner of Himalaya Investment LLC, a corporation registered in the state of Arizona. The Movant registered Himalaya Investment LLC in June 2020. The Movant does not know Ho Wan Kwok. Movant does not follow the Whistleblower Movement, with which Ho Wan Kwok is associated.

**RECIPIENT SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS**

16. The Court should impose sanctions against the Trustee under Federal Rule 45 because he did not take any reasonable steps to avoid imposing undue burden or expense to Movant. Under Federal Rule 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take reasonable

steps to avoid imposing undue burden or expense on a person subject to the subpoena." Further, "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). "Under Rule 45(d)(1), a court must conduct a two-part inquiry to determine: (1) whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and (2) if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." Saint-Jean v. Emigrant Mortg. Co., 2015 U.S. Dist. LEXIS 197754, at *14 (E.D.N.Y. Oct. 7, 2015) (imposing sanctions because the subpoenas "were not reasonably tailored to produce information relevant to [the]" case and they should not have been issued). "The burden falls upon the serving party to prove that it has complied with this mandate." In re Faiella, 2008 Bankr. LEXIS 1452, at *13 (Bankr. D.N.J. Apr. 18, 2008).

17. Here, the Trustee took no steps to avoid imposing a burden. It was utter disregard to the Movant as a person, and disrespect for his time, and energy, and financial situation. The Movant even called the Trustee's firm to explain how they had the wrong person, and he was utterly ignored. Rather than check their information, the Trustee has the Movant served with the same mass of documents via in-person service.

18. Sanctions under Federal Rule 45(d)(1) are meant to protect parties from the misuse of subpoenas. "Sanctions are properly imposed and attorney's fees are awarded where" the party improperly issuing the subpoena "refused to withdraw it, requiring the non-party to institute a motion to quash." Breaking Media, Inc. v. Jowers, 2021 U.S. Dist. LEXIS 67473, at *18 (S.D.N.Y. Apr. 7, 2021).

19. The undersigned contacted the law offices of Newbert, Pepe & Monteith, listed at the attorney representing the Trustee, February 15, 2023 and February 20, 2023 in an effort to negotiate a stipulation in lieu of this motion, and Trustee's counsel declined to participate in any meaningful way, thus obligating the filing of this motion.

| | |
|---|---|
| Dated: February 20, 2023 | Freeth & Associates, LLC |
| | By: *[signature]* |
| | Richard N. Freeth |
| | |
| | 260 Madison Ave., 8th Fl. |
| | New York, NY 10016 |
| | (917)775-7082 |
| | |
| | Attorneys for Jiaming Liu |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
------------------------------------------------------------------X
In Re:

       HO WAN KWOK, et al.                       Chapter 11
                                                                Case No.: 22-50073(JAM)
                              Debtor.

------------------------------------------------------------------X

This matter having come on before the Court on the Motion to Quash Subpoena filed on behalf of Jiaming Liu. The parties appeared by and through their respective counsel of record.

The Court, having considered the submissions of the parties, including all of the records, files, and proceedings herein, finds that the Subpoena is unreasonable, oppressive, and without merit.

IT IS ORDERED that the Subpoena dated January 24, 2023, and served on Jiaming Liu, is QUASHED. THE MOTION FOR PROTECTIVE ORDER IS GRANTED.

                                                                                         _____