**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED**

Pursuant to Fed. R. Bankr. P. 8009(a), the appellant and debtor Ho Wan Kwok, (the "Debtor"), by his undersigned attorneys, Zeisler & Zeisler, P.C., respectfully submits his designation of items to be included in the record on appeal and his statement of issues to be presented in connection with his appeal of the United States Bankruptcy Court's January 24, 2023, *Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order,* (ECF No. 1372).

**I.    Designation of Items to be Included in the Record on Appeal**

1. January 24, 2023, *Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order,* (ECF No. 1372).

2. November 16, 2022, Transcript of Motion for Joint Administration with 22-50073; Motion for Order (I) Setting Bar Dates of Filing Proofs of Claim; (ii) Approving Form of Notice of Bar Dates and (iii) Granting Related Relief; Motion of Chapter 11 Trustee for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights [Order]; Application to Employee Neubert, Pepe & Monteith and Motion for Joint Administration with 22-50592 Before the Honorable Julie A. Manning United States Bankruptcy Judge.

3. November 17, 2022, Transcript of Motion for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order Before the Honorable Julie A. Manning United States Bankruptcy Judge.

4. November 18, 2022, Transcript of Motion to Seal; Motion for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order and Motion of Chapter 11 Trustee for Entry of Order Compelling Individual Debtor, Mei Gui (sic), HK International Funds Investments (USA) Limited LLC, Hing Chi Ngok, Greenwich Land LLC, Lamp Capital LLC and Cold (sic) Spring (New York) LTR (sic) to Comply with Rule 2004 Subpoenas Before the Honorable Julie A. Manning United States Bankruptcy Judge.[1]

5. July 23, 2022, *Motion of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 363, 521, 1108, and 1505, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* (ECF No. 598) (Debtor's Hearing Exhibit G).

6. August 10, 2022, *Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 1505, (A) Confirming That Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (C) Granting Related Relief* (ECF No. 717) (Debtor's Hearing Exhibit E).

---

[1] A portion of the November 18, 2022 hearing was conducted under seal. The Debtor previously ordered and received the November 18, 2022 transcript, but upon review has only received the public portion. The Debtor has ordered the transcript for the portion of the November 18, 2022 hearing conducted under seal.

7. October 4, 2022, *Motion of Chapter 11 Trustee for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order* (ECF No. 913).

8. October 25, 2022, *Objection to Motion of Chapter 11 Trustee for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order* (ECF No. 1026).

9. Reply in Support of Chapter 11 Trustee's Motion for Contempt (ECF No. 1095) (filed under seal).

10. November 17, 2022, *Order Regarding Partial Resolution of Trustee's Contempt Motion* (ECF No. 1110).

11. Debtor's Hearing Exhibit B (*see* ECF No. 1268 for a description of the Debtor's Hearing Exhibits).

12. Debtor's Hearing Exhibit C.

13. Debtor's Hearing Exhibit D.

14. Debtor's Hearing Exhibit E.

15. Debtor's Hearing Exhibit G.

16. Debtor's Hearing Exhibit H (page 118, line 13, and 121 lines 23-25).

17. Debtor's Hearing Exhibit I (page 47, line 15-17, and 64 lines 14 and 19-22).

18. Trustee's Hearing Exhibit 6 (*see* ECF No. 1269 for a description of the Trustee's Hearing Exhibits).

19. Trustee's Hearing Exhibit 7.

20. Trustee's Hearing Exhibit 13 (page 3 only).

21. Trustee's Hearing Exhibit 15.

22. Trustee's Hearing Exhibit 27 (under seal).

23. Trustee's Hearing Exhibit 28 (under seal).

24. Trustee's Hearing Exhibit 29 (under seal).

25. Trustee's Hearing Exhibit 30 (under seal).

26. Trustee's Hearing Exhibit 32.

27. Trustee's Hearing Exhibit 33.

28. Trustee's Hearing Exhibit 34 (under seal).

29. Trustee's Hearing Exhibit 36 (under seal).

30. Trustee's Hearing Exhibit 37 (under seal).

31. Trustee's Hearing Exhibit 39 (page 55, lines 23-25).

**II.**     **Statement of Issues To Be Presented**

1.     Whether the Bankruptcy Court erred in finding that the order that the Debtor purportedly failed to comply with, defined in the *Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order,* (ECF No. 1372), as the Corporate Governance Order, as interpreted by the Chapter 11 Trustee and enforced by the Court, was clear and unambiguous.

2.     Whether the Bankruptcy Court erred in finding that Debtor has not diligently attempted to reasonably comply with the Corporate Governance Order.

3.     Whether the Bankruptcy Court erred in finding that the Trustee had proven the Debtor's noncompliance with the Corporate Governance Order by clear and convincing evidence.

4.     Whether the Bankruptcy Court erred by considering and relying upon evidence that was not before the Court and outside the record.

5.     Whether the Bankruptcy Court erred in finding that the Debtor acted in bad faith.

6.     Whether the Bankruptcy Court erred in finding that as a result of the Debtor's purported bad faith the Debtor was required to prove that the Corporate Governance Order was not clear and unambiguous.

7.  Whether the Bankruptcy Court erred in excluding evidence offered by the Debtor consisting of portions of the Debtor's deposition transcript which were offered by the Debtor pursuant to Fed. R. Civ. P. 32(a)(6) and Fed. R. Evid. 106 after the Trustee introduced only certain portions of the Debtor's deposition transcript.

Dated at Bridgeport, Connecticut, this 21st day of February 2023.

                                          **THE DEBTOR,**
                                        **HO WAN KWOK**

                                        */s/ James M. Moriarty*
                                        Eric Henzy (ct12849)
                                        James M. Moriarty (ct21876)
                                        10 Middle Street, 15th Floor
                                        Bridgeport, Connecticut 06604
                                        Telephone: (203) 368-4234
                                        Facsimile: (203) 368-5485
                                        Email: ehenzy@zeislaw.com
                                                     jmoriarty@zeislaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 21st day of February 2023 a copy of the foregoing Appellant's Designation of Items to Be Included in the Record on Appeal and Statement of Issues to be Presented was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *James M. Moriarty*
James M. Moriarty