**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1446**<br><br>February 21, 2023 |

**BRAVO LUCK'S OBJECTION TO MOTION OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 363, FOR ENTRY OF ORDER AUTHORIZING SALES OFFICER AND SOTHEBY'S INTERNATIONAL REALTY TO MARKET SHERRY NETHERLAND APARTMENT FOR RENT**

Bravo Luck Limited ("Bravo Luck") hereby files this objection to the *Motion of Chapter 11 Trustee and Genever Debtors, Pursuant to Bankruptcy Code Sections 327, 328, and 363, for Entry of Order Authorizing Sales Officer and Sotheby's International Realty to Market Sherry Netherland Apartment for Rent* [Docket No. 1446] (the "Motion")[2] and respectfully states as follows:

**OBJECTION**

1. As set forth in prior filings before this Court, the Debtor, Bravo Luck, and PAX carefully crafted the Settlement Agreement following months of hard-fought negotiations, in order to establish a framework for the sale of the Sherry Netherland Apartment, including, among other things, the appointment of the Sales Officer, a real estate broker and payment of the resulting

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall be ascribed the definitions given to them in the Motion.

145855222v3

sale proceeds into an escrow account, not to be released unless and until notice of any distribution was provided with an opportunity for objection and entry of a court order. The Settlement Agreement **does not** provide a framework for renting the Sherry Netherland Apartment and is strictly limited to an agreed-upon sales process. Further, the Settlement Agreement provides that it may only be modified or amended by written agreement of Genever (US), Bravo Luck, and PAX.

2. By the Motion, the Movants again seek to upend the deal struck in the Settlement Agreement, which was approved by the final and binding Settlement Order and which explicitly and solely approves the disposition of the Sherry Netherland Apartment through a **sale process**. The Movants cannot unilaterally alter the Settlement Agreement to allow for a marketing process for renting the Sherry Netherland Apartment without Bravo Luck's consent. The proposed marketing process for renting and, indeed, renting the Sherry Netherland Apartment does not satisfy Bravo Luck's purpose for entering into the Settlement Agreement, which was motivated by its asserted ownership interest in the Sherry Netherland Apartment and, thus, the marketing process for, and protection of the resulting proceeds arising from, any **sale** or disposition of the property until such ownership issues are resolved. Nor are Bravo Luck's "preserved" rights to object to any future rental agreement for the Sherry Netherland Apartment a substitute for the entire *raison d'etre* of the heavily negotiated, Court-approved Settlement Agreement—the **sale** of the Sherry Netherland Apartment.

3. The Movants make much of the "narrow" relief sought by the Motion, *i.e.,* that they are simply seeking authorization to *market* the Sherry Netherland Apartment for rent. But at best, this is an attempt to overcome the Settlement Agreement in piecemeal fashion, as the ultimate result of the marketing process sought by the Motion has at its end an impermissible disposition of the Sherry Netherland Apartment not contemplated or approved by the Settlement

145855222v3

Order—renting, rather than a sale. At worst, this is a diversion of estate resources and the time and attention of the Sales Officer and Sotheby's from consummating the only agreed-upon process for liquidating the value of the Sherry Netherland Apartment—the sale process bargained for in the Settlement Agreement.

4. The Movants' only justification for seeking to fundamentally alter the Settlement Agreement is that the prospect of finding a renter is, in the Movants' view, urgent, necessary, and in the best interest of the estates. Yet it is not a given that renting the Sherry Netherland Apartment will maximize the value of the property. In addition to diverting resources and the attention of the Sales Officer and Sotheby's away from the agreed-upon sales process, renting the Sherry Netherland Apartment could make the property less desirable for a potential buyer or delay its ultimate sale. A renter occupying the Sherry Netherland Apartment would undoubtedly diminish the flexibility for showing the property to a would-be purchaser and restrict the timeframe for when a potential buyer could begin to occupy the property following a sale. This loss of flexibility could well make the sale marketing process more difficult and could chill interest from buyers wishing to occupy the Sherry Netherland Apartment as soon as possible. Further, there is risk that potential renters would not leave the Sherry Netherland Apartment in optimal condition for showcasing the property to interested parties, further hampering the sale process.[3]

5. Further, even assuming *arguendo,* that the marketing process is beneficial to the estates, this does not justify the Movants' disregard for the final and binding Settlement Order. Indeed, the Movants are impermissibly attempting to circumvent the correct procedure for

---

[3] Given the Movants' apparent concern that there will be insufficient funds to cover the monthly maintenance charges and assessments of the Sherry Netherland Apartment—a concern echoed in the Trustee's complaint [Adv. Pro. No. 23-05002, Docket No. 1] and brief in support of summary judgment [Adv. Pro. No. 23-05002, Docket No. 3] filed in the adversary proceeding recently initiated against certain members of the Debtor's family—should the Court be inclined to grant the Motion, Bravo Luck asks that all proceeds generated through renting the Sherry Netherland Apartment be placed in escrow and used **exclusively** to pay such monthly maintenance charges and assessments.

seeking relief from a final order, as required under Rule 60 of the Federal Rules of Civil Procedure (the "Civil Rules") as incorporated into Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Civil Rule 60 provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60.

6. The Movants do not—and cannot—make an argument that any of the factors enumerated in Civil Rule 60 apply such that relief from the Settlement Order ought to be granted.  Moreover, a motion for relief from a final order "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P. 60(c)(1).  The Settlement Order was entered on October 8, 2021—well over a year ago.  Thus, even if the Movants had properly asserted grounds to fully upend the process approved in the final Settlement Order (which they have not and cannot do), such request was brought outside of a reasonable time and should be denied.

7. Finally, as this Court is aware, the Sherry Netherland Apartment and ownership of the Genever entities remains the subject of three separate adversary proceedings filed by the Trustee related to the 2015 trust agreement.  As has been held consistently within the Second Circuit, section 541(b)(1) of the Bankruptcy Code specifically excludes from property of the estate

-4-

any property held by a debtor in trust for another. *See, e.g., In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir. 1989) ("Property in which the debtor holds only legal title and not an equitable interest, however, becomes property of the estate only to the extent of a debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold . . . That is, the bankruptcy estate does not include 'property of others in which the debtor ha[s] some minor interest such as a lien or bare legal title,'" (quoting *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204 n. 8 (1983)) (internal citation omitted); *Marwin Prod. Sys., Ltd. v. Pratt & Whitney Co.*, 140 B.R. 327, 331 (Bankr. D. Conn. 1992) (". . . Bankruptcy Code § 541(b)(1) excludes from the bankruptcy estate property of others held by the debtor in trust at the time of the filing of the petition."); *see also Dally v. Bank One, Chicago N.A. (In re Dally),* 202 B.R. 724, 727 (Bankr. N.D. Ill. 1996) (holding the same). Until a final determination is rendered with respect to these adversary proceedings, there is no authority under the Bankruptcy Code to allow a change or disposition of the Sherry Netherland Apartment without Bravo Luck's consent.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Bravo Luck respectfully requests that the Court deny the Motion.

Dated:  February 21, 2023

/s/ *Francis J. Lawall*
Francis J. Lawall
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4481
francis.lawall@troutman.com

and

David M. S. Shaiken (ct02297)
Shipman, Shaiken & Schwefel, LLC
433 South Main Street, Suite 319
West Hartford, CT 06110
Telephone: (860) 606-1703
Fax: (866) 431-3248
david@shipmanlawct.com

*Counsel for Bravo Luck Limited*

145855222v3

## Certification of Service

The foregoing Objection was served this 21st day of February, 2023, via the Court's electronic filing system or by United States mail, first-class, postage prepaid, on all parties listed on the Service List.

**Service List**

    a.    **Electronic Mail Service**

Laura Aronsson laronsson@omm.com
Tristan G. Axelrod taxelrod@brownrudnick.com
William R. Baldiga wbaldiga@brownrudnick.com
Kellianne Baranowsky kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com; kbaranowsky@ecf.courtdrive.com
Daniel D. Barnes dbarnes@csglaw.com
Douglass E. Barron douglassbarron@paulhastings.com
Nicholas A. Bassett nicholasbassett@paulhastings.com, jonathonkosciewicz@paulhastings.com; lucdespins@paulhastings.com; alexbongartz@paulhastings.com; ezrasutton@paulhastings.com; douglassbarron@paulhastings.com; ecf.frg@paulhastings.com; aviluft@paulhastings.com
Patrick M. Birney pbirney@rc.com, ctrivigno@rc.com
Christopher H. Blau cblau@zeislaw.com
G. Alexander Bongartz alexbongartz@paulhastings.com
Carollynn H.G. Callari ccallari@callaripartners.com
Daniel Cantor dcantor@omm.com
John L. Cesaroni jcesaroni@zeislaw.com
Scott M. Charmoy scottcharmoy@charmoy.com, ecf-3ae5beb98d9b@ecf.pacerpro.com; charmoysr97992@notify.bestcase.com
Holley L. Claiborn holley.l.claiborn@usdoj.gov
Samuel Bryant Davidoff sdavidoff@wc.com
Luc A. Despins lucdespins@paulhastings.com, matlaskowski@paulhastings.com; davidmohamed@paulhastings.com
Sam Della Fera, Jr. sdellafera@csglaw.com
David S. Forsh dforsh@callaripartners.com
Richard N Freeth rfreeth@freethfirm.com
Peter Friedman pfriedman@omm.com
Taruna Garg tgarg@murthalaw.com, mgarcia@murthalaw.com
Irve J. Goldman igoldman@pullcom.com, rmccoy@pullcom.com
Evan S. Goldstein egoldstein@uks.com
Mia N. Gonzalez mgonzalez@omm.com
Marc Gottridge marc.gottridge@hsf.com
James C. Graham jgraham@npmlaw.com, sgibbons@npmlaw.com; NeubertPepeMonteithPC@jubileebk.net
Lawrence S. Grossman LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com; ngolino@gs-lawfirm.com; lawrencegrossman@ecf.courtdrive.com; mbuckanavage@gs-lawfirm.com; eross@gs-lawfirm.com
David V. Harbach, II dharbach@omm.com
James J. Healy jhealy@cowderymurphy.com
Jeffrey Hellman jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com

145855222v3

Eric A. Henzy ehenzy@zeislaw.com, cjervey@zeislaw.com
Jonathan Kaplan jkaplan@pullcom.com, prulewicz@pullcom.com; rmccoy@pullcom.com
Stephen M. Kindseth skindseth@zeislaw.com, cjervey@zeislaw.com
Nancy Bohan Kinsella nkinsella@npmlaw.com, moshea@npmlaw.com; smowery@npmlaw.com; npm.bankruptcy@gmail.com
Julie A Lavoie jlavoie@murthalaw.com
Andrew V. Layden alayden@bakerlaw.com
Patrick R. Linsey plinsey@npmlaw.com, karguello@npmlaw.com; NeubertPepeMonteithPC@jubileebk.net
Avram Emmanuel Luft aviluft@paulhastings.com
Bonnie C. Mangan bonnie.mangan@manganlaw.com, becky.avery@manganlaw.com
Kristin B. Mayhew kmayhew@pullcom.com, kwarshauer@mdmc-law.com; bdangelo@mdmc-law.com
Danielle L. Merola dmerola@bakerlaw.com
Sherry J. Millman smillman@stroock.com
Aaron A Mitchell aaron@lmesq.com
James M. Moriarty jmoriarty@zeislaw.com, cgregory@zeislaw.com
Sara Pahlavan spahlavan@omm.com
Patrick N. Petrocelli ppetrocelli@stroock.com
Lucas Bennett Rocklin lrocklin@npmlaw.com, NeubertPepeMonteithPC@jubileebk.net
Aaron Romney aromney@zeislaw.com, swenthen@zeislaw.com
Scott D. Rosen srosen@cb-shea.com, msullivan@cbshealaw.com; dtempera@cbshealaw.com
Thomas J. Sansone tsansone@carmodylaw.com
Stuart M. Sarnoff ssarnoff@omm.com, stuart-sarnoff-1059@ecf.pacerpro.com
Douglas S. Skalka dskalka@npmlaw.com, smowery@npmlaw.com; NeubertPepeMonteithPC@jubileebk.net
Jeffrey M. Sklarz jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com; mbuckanavage@gs-lawfirm.com; eross@gs-lawfirm.com; jsklarz@ecf.courtdrive.com
Annecca H. Smith asmith@rc.com
John Troy johntroy@troypllc.com
Tiffany Troy tiffanytroy@troypllc.com, troylaw@troypllc.com
U. S. Trustee USTPRegion02.NH.ECF@USDOJ.GOV
Lee Vartan lvartan@csglaw.com
Stephen G. Walko swalko@ibolaw.com
Michael S. Weinstein mweinstein@golenbock.com
Jay Marshall Wolman jmw@randazza.com, ecf-6898@ecf.pacerpro.com
Peter J. Zarella pzarella@mdmc-law.com

145855222v3

### b. Service by United States Mail

| | |
|---|---|
| Brown Rudnick LLP<br>Attn: President or General Mgr<br>One Financial Center<br>Boston, MA 02111 | Dundon Advisers LLC<br>Attn: President or General Mgr<br>10 Bank Street, Suite 1100<br>White Plains, NY 10606 |
| Chao-Chih Chiu, Huizhen Wang Yunxia Wu, Keyi Zilkie<br>c/o TroyGould PC<br>1801 Century Park East, 16th Floor<br>Attn: Christopher A. Lilly<br>Los Angeles, CA 90067-2367 | Peter M. Friedman<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, DC 20006 |
| Gregory A. Coleman<br>Coleman Worldwide Advisors, LLC<br>PO Box 2839<br>New York, NY 10008-2839 | Steven E. Mackey<br>Office of the U.S. Trustee<br>The Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT 06510 |
| J. Ted Donovan and Kevin J. Nash<br>Goldberg Weprin Finkel Goldstein LLP<br>1501 Broadway 22nd Floor<br>New York, NY 10036 | Gabriel Sasson<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166 |
| Sherry Millman<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | Douglas E. Spelfogel<br>Derek L. Wright<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |
| Richard C. Morrissey<br>Office of the U.S. Trustee<br>201 Varick Street, Room 1006 New York, NY 10014 | Stretto<br>Attn: President or General Mgr<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |
| Edward Moss, Diana Perez, Stuart Sarnoff, and Daniel Shamah<br>O'Melveny & Myers LLP<br>7 Times Square<br>New York, NY 10036 | Yongbing Zhang<br>223 West Jackson Blvd. #1012<br>Chicago, IL 60606 |
| Alissa M. Nann<br>Foley & Lardner LLP<br>90 Park Avenue<br>New York, NY 10016 | Genever Holdings Corporation<br>P.O. Box 3170<br>Road Town<br>Tortola, British Virgin Islands |

145855222v3

| | |
|---|---|
| Epiq Corporate Restructuring, LLC<br>Attn: President or General Manager<br>777 Third Avenue<br>12th Floor<br>New York, NY 10017 | Genever Holdings LLC<br>781 Fifth Avenue Apt. 1801<br>New York, NY 10022-5520 |

                    /s/ Francis J. Lawall
                    Francis J. Lawall

145855222v3