**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK, *et al.*,[1]                           :    Case No. 22-50073 (JAM)
                                                    :
         Debtors.                                   :    (Jointly Administered)
                                                    :
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC, PURSUANT TO BANKRUPTCY CODE SECTION 107 AND LOCAL BANKRUPTCY RULES 1007-1(b) AND 9077-1, FOR ENTRY OF ORDER AUTHORIZING CLAIMS AGENT TO EXCLUDE ALL ATTACHMENTS FROM CONFIDENTIAL PROOFS OF CLAIM TO BE UPLOADED TO CLAIMS AGENT'S PUBLIC CLAIMS REGISTER**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") submit this motion requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Claims Agent (as defined in the *Order Establishing Deadlines for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Docket No. 1297] (the "Bar Date Order"))[2] to exclude all attachments from the Confidential Proofs of Claim to be uploaded to the Claims Agent's public claims register.  In support of this Motion, Movants respectfully state as follows:

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined herein have the meanings set forth in the Bar Date Order.

**JURISDICTION, VENUE, AND STATUTORY BASES**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This matter is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are section 107 of the Bankruptcy Code, Rules 1007-1(b) and 9077-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), and Rule 5(e) of the District of Connecticut Local Rule of Civil Procedure.

**BACKGROUND**

4.  As the Court is well aware, the Bar Date Order established procedures for individual claimants to submit their Proofs of Claim on a confidential basis so as to keep their names and contact information confidential. The Bar Date Order further provided that redacted copies of such Confidential Proofs of Claim—with the names and contact information of the individual claimants redacted (wherever such names and contact information may appear in the Confidential Proof of Claim, including any attachments thereto)—would be made publicly available on the claims register maintained by the Claims Agent. Accordingly, before any claims can be uploaded to the Claims Agent's public claims register, the Claims Agent (under the supervision of counsel for Movants) must review these claims and, if necessary, redact any personal identifying information.

5.  Unfortunately, the process of reviewing and redacting claims has proven to be more time-consuming than anticipated. As of the General Bar Date (*i.e.*, February 17, 2023), a

total of more than 1,200 proofs of claim have been submitted to the Claims Agent or the Court,[3] with the overwhelming majority of individual claimants having opted to have their claims treated confidentially. In addition to the sheer number of claims filed, many Confidential Proofs of Claim include numerous lengthy attachments (often totaling hundreds of pages) that contain, in addition to the claimants' names and contact information, a wide variety of other personal identifying information that must be redacted, including passport/ID numbers, G-Club membership numbers, bank account numbers, wire transfer numbers, purchase confirmation numbers, and GTV share certificate numbers. In fact, virtually all Confidential Proofs of Claim contain attachments with personal identifying information of some form or another. Furthermore, many attachments are in Mandarin and must be reviewed by a Mandarin-speaker, further complicating the review and redaction process.

6. To date, approximately 350 proofs of claims have been reviewed by the Claims Agent and uploaded to its website, with an additional 100 proofs of claims in the process of being reviewed for redactions but not yet uploaded. This means that approximately 750 proofs of claims have yet to be reviewed for redactions, including approximately 600 claims that were filed only during the last week before the General Bar Date—and that number is likely to grow as claims continue to be received after the General Bar Date. Based on the claims review process so far, Movants estimate that reviewing and redacting the remaining claims would require approximately 1,100 hours on the part of the Claims Agent as well as approximately 50

---

[3] The Trustee previously advised the Court that the Individual Debtor has been encouraging his followers to file inflated claims. *See* Docket No. 1345. The Trustee's fears have now been realized. In fact, since the Individual Debtor's online statements to his followers, more than 200 claims have been filed asserting liabilities of $10 million or more (with a handful of claims even asserting more than $1 billion in liabilities). Many of these claims were filed on the Court's public claims register or filed with Epiq, but without selecting confidential treatment, apparently in an effort to demonstrate to the Individual Debtor that his instructions were followed. The Trustee, Genever (US), and Genever (BVI) reserve all their rights with respect to these facially improper and possibly fraudulent claims.

to 75 hours on the part of Movants' counsel (who would, among other things, review the Claims Agent's proposed redactions as well as Mandarin-language documents). Even with much of the work delegated to junior timekeepers, Movants estimate that the total cost of completing the redactions for the remaining claims would likely reach $250,000. By contrast, simply removing attachments to Confidential Proofs of Claim would cost only a fraction of that amount (approximately $20,000), and, for all practical purposes, obviate the need of Movant's counsel to be involved in the redaction process at all.

## RELIEF REQUESTED

7.      Movants request entry of the Proposed Order attached hereto as **Exhibit A**, authorizing the Claims Agent to exclude all attachments from the Confidential Proofs of Claim to be uploaded to the Claims Agent's public claims register. To be clear, the proof of claim forms themselves (redacted for personal identifying information) would continue to be uploaded to the Claims Agent's public claims register.

8.      For the avoidance of doubt, except for the narrow relief sought in this Motion, Movants are **not** seeking to modify the Bar Date Order, including the other procedures related to the confidential treatment of Confidential Proofs of Claim. For example, in accordance with the Bar Date Order, unredacted copies of Confidential Proofs of Claim will continue to be provided or made available to (a) the Trustee, Genever (BVI), Genever (US), and their respective counsel and advisors, (b) upon request, the Court, provided that such Confidential Proofs of Claim will be kept under seal, (c) upon request, the United States Trustee, and (d) upon request, any Authorized Party (including the Committee and its counsel as well as Zeisler & Zeisler, P.C., the

Individual Debtor's counsel), provided that such Authorized Party has signed a joinder to the Protective Order.[4]

### BASIS FOR RELIEF REQUESTED

9. Movants submit there is ample basis to withhold the attachments to Confidential Proofs of Claims from public view. For example, section 107(b)(2) of the Bankruptcy Code provides:

> (1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18)[5] contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

Moreover, Local Civil Rule 5(e), applicable to this contested matter pursuant to Local Bankruptcy Rule 9077-1, provides for the Court to permit the filing of documents and information under seal.

10. As the Court recognized when it approved the Bar Date Order, section 107 of the Bankruptcy Code clearly applies to the personal identifying information of individual creditors in these chapter 11 cases. If such information were to become publicly available on the claims

---

[4] Authorized Parties also include, subject to the Protective Order, such other persons as the Court may authorize to access the Confidential Proof of Claim pursuant to a subsequent order; provided, however, that any such determination shall be made on no less than fourteen (14) days' notice to the affected claimant, the Committee, and the Trustee

[5] Section 1028(d) of Title 18 defines "means of identification" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual . . ."

register, there is a real risk that the Individual Debtor and his affiliated organization will target individual creditors.

11. Moreover, Bankruptcy Judge James Tancredi approved similar procedures in another chapter 11 case, authorizing the claims agent to keep entire proofs of claims of individual victims confidential, subject to providing access to such claims to certain authorized parties. *See In re The Norwich Roman Catholic Diocesan Corp.*, No. 21-20687 (JJT) (Bankr. D. Conn. Nov. 19, 2021). In addition, this Court entered an order only last week sealing all attachments to certain publicly-filed, *i.e.*, non-confidential, proofs of claim because they included personal identifying information. Movants respectfully submit that if attachments to public-filed claims are being sealed on the Court's public claims register, the Claims Agent should likewise be authorized to exclude the attachments from the Confidential Proofs of Claim uploaded to its public claims register.

12. Furthermore, the relief requested in this Motion would eliminate the risk that the Individual Debtor and/or his affiliated organizations will be able to "reverse-engineer" the identity of individual claimants based on other (unredacted) information contained in the attachments. Indeed, some creditors have raised the concern that the Individual Debtor and/or his affiliated organizations may be able to identify claimants by analyzing, for example, an attached email that the claimant sent to the Individual Debtor or his affiliated organizations— even though the claimant's name, email address, and other personal identifying information have been redacted from such email. And these concerns are not unfounded. As Movants detailed in their January 19, 2023 motion to compel compliance with the preliminary injunction [Docket No. 1345], the Individual Debtor has been using his social media presence and his network of

6

followers to harass certain creditors who filed proofs of claim by, among other things, publishing their personal information online.

13. Finally, in the interest of minimizing costs while this Motion is pending, the Claims Agent will, going forward, exclude the attachments from Confidential Proofs of Claim to be uploaded to the public claims register.[6] If the Court ultimately denies this Motion, the Claims Agent will, of course, re-start the process of reviewing and redacting attachments and then upload the redacted versions to its website.

## NOTICE

14. Notice of this Motion has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

[*Remainder of page intentionally left blank.*]

---

[6] Pending a ruling on this Motion, the redacted versions of Confidential Proofs of Claims that have already been uploaded to the Claims Agent's public claims register will continue to remain available on the claims register.

WHEREFORE, Movants respectfully request entry of the Proposed Order attached hereto as **Exhibit A** and grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: February 21, 2023  
     New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft (admitted *pro hac vice*)  
    G. Alexander Bongartz (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com  
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                   :

In re:                              :        Chapter 11
                                   :

HO WAN KWOK, *et al.*,[1]        :        Case No. 22-50073 (JAM)
                                   :

        Debtors.                 :        (Jointly Administered)
                                   :
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 107 AND LOCAL
BANKRUPTCY RULES 1007-1(b) AND 9077-1, AUTHORIZING CLAIMS AGENT TO
EXCLUDE ALL ATTACHMENTS FROM CONFIDENTIAL PROOFS OF CLAIM TO
BE UPLOADED TO CLAIMS AGENT'S PUBLIC CLAIMS REGISTER**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings LLC ("Genever (US)"), and Genever Holdings Corporation ("Genever (BVI)" and, together with the Trustee and Genever (US), the "Movants") for entry of an order (this "Order") authorizing the Claims Agent to exclude all attachments from Confidential Proofs of Claim to be uploaded to the Claims Agent's public claims register, all as further detailed in the Motion; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT

1. The Motion is approved as set forth in this Order.

2. Notwithstanding anything to the contrary in the Bar Date Order, the Claims Agent is hereby authorized to exclude all attachments from Confidential Proofs of Claim to be uploaded to the Claims Agent's public claims register.

3. Except as expressly provided in this Order, the Bar Date Order shall remain in full force and effect.

4. Movants are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.