**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>February 22, 2023 |

**STATEMENT OF NON-OBJECTION OF THE SHERRY-NETHERLAND, INC. IN RESPONSE TO THE MOTION OF THE CHAPTER 11 TRUSTEE AND GENEVER DEBTORS, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 363, FOR ENTRY OF ORDER AUTHORIZING SALES OFFICER AND SOTHEBY'S INTERNATIONAL REALTY TO MARKET <u>SHERRY NETHERLAND APARTMENT FOR RENT</u>**

The Sherry Netherland, Inc. ("<u>The Sherry Netherland</u>") respectfully submits this statement of non-objection in response to the Motion.[2] The Sherry Netherland does not object to the relief requested in the Motion and, in support of its non-objection, respectfully states as follows:

1. The Sherry Netherland is a residential cooperative housing corporation, within which the Sherry Netherland Apartment is located. The Sherry Netherland Apartment is titled in the name of Genever (US) and memorialized by 3,050 cooperative shares allocable to apartments

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used in this statement but not defined herein have the meanings given to them in the *Motion of Chapter 11 Trustee and Genever Debtors, Pursuant to Bankruptcy Code Section 327, 328, and 363, for Entry of Order Authorizing Sales Officer and Sotheby's International Realty to Market Sherry Netherland Apartment for Rent* [Case No. 22-50073, Docket No. 1446] (the "<u>Motion</u>").

1801, MR 2219, MR 719, issued to Genever (US) under proprietary leases between The Sherry Netherland, as lessor, and the Debtor, as lessee, entered into on March 6, 2015, appurtenant thereto (collectively, the "Proprietary Lease"). Genever (US) and The Sherry Netherland are also parties to, among other agreements, that certain Agreement and Consent with Respect to Shares and Proprietary Lease (the "Agreement and Consent"), made as of March 6, 2015, by and between the Sherry, as Lessor, the Debtor, as Lessee, and Mr. Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo, as Occupant.

2. The Sherry Netherland Apartment is the only significant asset of Genever (US) and the only asset that has the potential to provide the unsecured creditors of Genever (US), if any, with a recovery. [Case No. 22-50592, Docket No. 4 at 3-6].

3. The Sherry Netherland is the only undisputed and secured creditor of Genever (US). [Case No. 22-50592, Docket No. 4 at 6]; Proof of Claim No. 1-2 against Genever (US). Specifically, The Sherry Netherland has, among other actual or potential claims, (a) pre-petition claims for unpaid arrearages owed to The Sherry Netherland under the Proprietary Lease and the Lessor's Corporate Documents (as defined in the Agreement and Consent), including unpaid monthly payments of rent, additional rent, maintenance charges, assessments, attorneys' fees, interest, and late fees; and (b) post-petition claims for ongoing or future maintenance charges, assessments, attorneys' fees, interest, and late fees. The Sherry Netherland's pre-petition claims alone are in excess of at least $900,000.[3]

4. In addition, as of the Petition Date for Genever (US), The Sherry Netherland held a security deposit in the sum of approximately $3.4 million (the "Security Deposit"). [Case No.

---

[3] The claims listed here are not meant to be exhaustive. The Sherry Netherland reserves all rights as to any claims it has asserted to date, or may assert in the future.

22-50592, Docket No. 165 at 12]. Pursuant to the *Consent Order Granting the Sherry-Netherland, Inc. Relief from the Automatic Stay* [Case No. 22-50592, Docket No. 107], The Sherry Netherland is authorized "to apply all accrued and owing post-petition maintenance fees and assessments due under the Proprietary Lease . . . on a monthly basis, from the [Security Deposit]."

5. All of The Sherry Netherland's claims and all additional unpaid amounts due, including unpaid amounts due to The Sherry Netherland in the future, are secured by the Sherry Netherland Apartment and the Security Deposit and have been guaranteed by the Individual Debtor. The Security Deposit is a finite source of funds and, if the Sherry Netherland Apartment is not sold within a reasonable time, the Security Deposit will be completely exhausted by accrued and owing post-petition maintenance fees and assessments due under the Proprietary Lease. Because the operating and capital expenses of The Sherry Netherland are funded by maintenance fees and assessments paid by the corporation's shareholders, the effect of the depletion of the Security Deposit will be to force the other shareholders of The Sherry Netherland to fund these expenses until the Sherry Netherland Apartment is sold.

6. The Sherry Netherland supports a prompt and commercially reasonable sale of the Sherry Netherland Apartment based on current market conditions. The Sherry Netherland understands that Movants share this same goal and are only intending to pursue a rental if such rental will "cover some or all of the monthly maintenance charges and assessments, thereby preserving (or, at a minimum, reducing the depletion of) the Security Deposit." Motion ¶ 24. The Sherry Netherland also understands and expects that Movants will not pursue a rental if the terms of such rental would be inconsistent with "a value maximizing sale" of the Sherry Netherland Apartment. *Id.*

7. In addition, the Proposed Order submitted with the Motion provides that "nothing [in the Proposed Order] amends, modifies, or supersedes any rights including approval rights) of the Sherry-Netherland and the Sherry-Netherland Co-Op Board (as defined in the Settlement Agreement) with respect to any such rental agreement." Proposed Order ¶ 2(c) [Case No. 22-50073, Docket No. 1446]. Accordingly, The Sherry Netherland understands that the Motion expressly preserves all of The Sherry Netherland's rights, including consent rights, with respect to any potential rental of the Sherry Netherland Apartment.

8. Based on the foregoing understandings, The Sherry Netherland does not object to the relief requested in the Motion. For the avoidance of doubt, The Sherry Netherland and the Sherry-Netherland Co-Op Board (as defined in the Settlement Agreement) reserve all of their rights under the Proprietary Lease, other applicable corporate documents, or otherwise (including consent rights), with respect to any potential rental of the Sherry Netherland Apartment and nothing contained herein is intended to indicate that The Sherry Netherland or the Sherry-Netherland Co-Op Board will support or consent to a future rental of the Sherry Netherland Apartment, should one be pursued. Without in any way limiting the reservation of rights contained herein, The Sherry Netherland believes it is advisable to inform Movants and the other parties that, at present and at a bare minimum, The Sherry Netherland would only support a rental of the Sherry Netherland Apartment (a) if the terms of such rental and use of the associated rental proceeds are sufficient to cover the monthly maintenance charges and assessments due to The Sherry Netherland (either on their own or together with the continued use of the Security Deposit); and (b) if the terms of such rental are consistent with, and would not unduly hinder, the continued pursuit of a prompt and commercially reasonable sale of the Sherry Netherland Apartment consistent with market conditions.

WHEREFORE, for the foregoing reasons, The Sherry Netherland does not object to the relief requested in the Motion.

Dated: Stamford, CT
February 22, 2023

/s/ Taruna Garg
Taruna Garg (ct28652)
MURTHA CULLINA LLP
107 Elm Street
Stamford, CT 06902
Telephone: (203) 653-5400
Facsimile: (203) 653-5444
Email: targ@murthalaw.com

-and-

Sherry J. Millman*
Patrick N. Petrocelli*
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
Email: smillman@stroock.com
ppetrocelli@stroock.com

*Counsel for The Sherry Netherland, Inc.*

*Admitted *pro hac vice*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| | February 22, 2023 |

**<u>CERTIFICATE OF SERVICE</u>**

I, Taruna Garg, hereby certify that on the 22nd day of February, 2023, the *Statement of Non-Objection of The Sherry-Netherland, Inc. in Response to the Motion of the Chapter 11 Trustee and Genever Debtors, Pursuant to Bankruptcy Code Sections 327, 328, and 363, for Entry of Order Authorizing Sales Officer and Sotheby's International Realty to Market Sherry Netherland Apartment for Rent* was filed via the Court's CM/ECF electronic filing system ("CM/ECF"), which sent notice to all parties receiving notification through CM/ECF.

/s/
Taruna Garg