**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                            :

In re:                                 :      Chapter 11
                                            :
HO WAN KWOK, *et al*.,[1]        :      Case No. 22-50073 (JAM)
                                            :
       Debtors.          :      (Jointly Administered)
                                            :      Re: ECF Nos. 1297 and 1469
------------------------------------------------------x

**ORDER GRANTING MOTION TO AUTHORIZE CLAIMS AGENT
TO EXCLUDE ALL ATTACHMENTS FROM CONFIDENTIAL PROOFS OF CLAIM**

       Before the Court is the Motion of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings LLC ("Genever (US)"), and Genever Holdings Corporation ("Genever (BVI)" and, together with the Trustee and Genever (US), the "Movants") for entry of an order (this "Order") authorizing the Claims Agent to exclude all attachments from Confidential Proofs of Claim to be uploaded to the Claims Agent's public claims register. (ECF No. 1469, the "Motion.") Paragraph 4 of the Order Establishing Deadlines for Filing Proofs of Claim and Approving Form of Notice Thereof (ECF No. 1297, the "Bar Date Order") requires Epiq to post confidential proofs of claim in redacted form on the public claims register. While the Bar Date Order does not explicitly order Epiq to also post attachments to confidential proofs of claim on the public

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

claims register, paragraph 4 of the Bar Date Order does specify that Epiq is to redact any attachments to confidential proofs of claim it posts on the public docket.

The Movants have requested an order to allow Epiq, not to redact or file attachments to confidential proofs of claim on the public docket due to the excessive costs that would be incurred in redacting confidential information contained in the attachments. No party has objected to this relief in the time allotted by the Court. (ECF No. 1474.)

Therefore, the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) the Court having found and determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates and creditors; it is hereby **ORDERED THAT**

1. The Motion is approved as set forth in this Order.

2. Notwithstanding anything to the contrary in the Bar Date Order, the Claims Agent is hereby authorized to not redact and to therefore exclude all attachments from Confidential Proofs of Claim to be uploaded to the Claims Agent's public claims register.

3. For the avoidance of doubt, paragraph 4 of the Bar Date Order, excluding its subparagraphs which are not modified by this Order, shall read as follows: "Individual claimants have the option of submitting their Proofs of Claim on a confidential basis (each such Proof of Claim, a "Confidential Proof of Claim") so as to keep their names and contact information confidential, as detailed below. Confidential Proofs of Claim shall be held and treated by the Claims Agent as CONFIDENTIAL in accordance with the Protective Order, dated October 26, 2022 [Docket No. 923] (the "Protective Order"), except that (i) copies of Confidential Proofs of

Claim – but not attachments to Confidential Proofs of Claim – with the names and contact information of the individual claimants redacted (wherever such names and contact information may appear in the Confidential Proof of Claim, including any attachments thereto, which Epiq makes available despite not being required to do so) shall be made publicly available on the claims register maintained by the Claims Agent and (ii) unredacted copies of Confidential Proofs of Claim shall be provided or made available to (w) the Trustee, Genever (BVI), Genever (US), and their respective counsel and advisors, (x) upon request, the Court, provided that such Confidential Proofs of Claim will be kept under seal, (y) upon request, the United States Trustee, and (z) upon request, any Authorized Party (as defined below), provided that such Authorized Party has signed a joinder to the Protective Order."

4. Except as expressly provided in this Order, the Bar Date Order shall remain in full force and effect.

5. Movants are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Trustee shall direct Epiq to recommence the processing of proofs of claim in conformity with the terms of this Order.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 28th day of February, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut