**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| In re | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.* | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | |
| | : | |

### INDIVIDUAL DEBTOR'S MOTION TO EXPEDITE HEARING ON INDIVIDUAL DEBTOR'S MOTION FOR STAY PENDING APPEAL OF ORDER HOLDING HIM IN CONTEMPT OF CORPORATE GOVERNANCE ORDER

The individual debtor, Ho Wan Kwok (the "Individual Debtor"), for his motion (the "Motion") to expedite a hearing on the Individual Debtor's Motion for Stay Pending Appeal of Order Holding Him In Contempt of Corporate Governance Order (the "Stay Motion"), respectfully states:

1.     On February 15, 2022, the Individual Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

2.     On July 7, 2022, the United States Trustee filed a notice appointing Luc A. Despins (the "Trustee") as Chapter 11 trustee (Doc. No. 514), and an Application for Order Approving Appointment of Chapter 11 Trustee (Doc. No. 515), seeking the Court's approval of the appointment of the Trustee. On July 8, 2022, the Court entered its Order Granting Appointment Of Chapter 11 Trustee (Doc. No. 523), granting the appointment of the Trustee as Chapter 11 trustee in this case.

3.     On July 23, 2022, the Trustee filed his Motion Of Chapter 11 Trustee For Entry Of Order, Pursuant To Bankruptcy Code Sections 363, 541, 1108, And 1505, (A) Confirming That

Chapter 11 Trustee Holds All Of The Debtor's Economic And Corporate Governance Rights In Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee To Act In Any Foreign Country On Behalf Of Estate, And (C) Granting Related Relief (Doc. No. 598, the "Corporate Governance Motion").

4.      On October 4, 2022, the Trustee filed his Motion of Chapter 11 Trustee For Entry Of Order Holding Debtor In Civil Contempt For Failure To Comply With Corporate Governance Rights Order (Doc. No. 913, the "Motion for Contempt"). The gravamen of the Motion for Contempt was the Individual Debtor's purported failure to cooperate with the Trustee in connection with the Trustee exercising corporate control over Ace Decade Holdings Limited ("Ace Decades").

5.      On October 25, 2022, the Individual Debtor filed his Objection to the Motion for Contempt (Doc. No. 1026); the Trustee filed his reply on November 14, 2022 (Doc. No. 1092).

6.       On November 17, 2022, the Court entered an Order Regarding Partial Resolution of Trustee's Contempt Motion (Doc. No. 1110, the "Partial Resolution Order"). Pursuant to the Partial Resolution Order the Court found that certain facts related to the Individual Debtor's beneficial ownership and control of Ace Decade had been established and the Individual Debtor did not contest and agreed that he would not appeal those findings. *See* Partial Resolution Order, at ¶1.

7.      On November 17 and 18, 2022 the Court received evidence and heard argument on the issues related to the Motion for Contempt that were not resolved by the Partial Resolution Order.

8.      On January 24, 2023, the Court entered its Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order (Doc. No. 1372, the "Contempt Order"),

deciding the discrete issues related to the Individual Debtor's obligations vis-à-vis Ace Decade under the Corporate Governance Order and holding the Individual Debtor in contempt for failing to comply with the Corporate Governance Order. The Contempt Order requires the Individual Debtor to purge himself of his contempt by 5:00 p.m. on March 6, 2023. *See* Contempt Order, at 15. The Contempt Order further provides that any failure to purge the contempt will result in the Individual Debtor being sanctioned the reasonable attorneys' fees and costs incurred by the Trustee in bringing the Contempt Motion, and threatens the possibility of further sanctions upon motion in order to secure compliance with the Corporate Governance Order. *See* Contempt Order, at 15-16.

9.      By the Stay Motion, the Individual Debtor seeks a stay pending his appeal of the Contempt Order. Cause exists to consider and determine the Stay Motion upon an expedited basis. The Individual Debtor faces significant and likely increasing sanctions and penalties for his failure to purge himself of contempt even though the Individual Debtor cannot be in contempt because, as detailed in the Stay Motion, the Corporate Governance Order is not clear and unambiguous and in fact does nothing other than generally order the Individual Debtor to obey the law and cooperate with the Trustee, whatever that may mean. In addition the other factors that courts in the Second Circuit look to when deciding motions for stay pending appeal also favor a stay. Thus, the Individual Debtor seeks an expedited hearing on the Stay Motion so that it can be heard as close in time as possible to March 6, the date by which the Individual Debtor has been ordered to purge himself of contempt, so that he can obtain meaningful appellate review of the Contempt Order without the specter of increasing sanctions designed to compel compliance and therefore moot his appeal.

10.      The Individual Debtor requests that the Court set a hearing for the Stay Motion

on Tuesday, March 7, 2023, and require any opposition to the Stay Motion to be filed by 12:00 p.m. on Monday, March 6, 2023. The Individual Debtor further requests that the Court direct that notice of the Stay Motion and the Court's order granting this Motion be served on all parties-in-interest appearing in the Individual Debtor's Chapter 11 case qualified to receive electronic notice via the Court's CM/ECF system, as well as the Committee, the Trustee, and the United States Trustee.

WHEREFORE, the Individual Debtor requests that the Court issue an Order, substantially in the form attached hereto, setting a hearing on the Stay Motion for March 7, 2023, during the Court's afternoon calendar when several matters in the Individual Debtor's case are already scheduled, and ordering notice of such hearing as set forth in the attached Order.

Dated at Bridgeport, Connecticut on this 1st day of March, 2023.

**THE INDIVIDUAL DEBTOR,
HO WAN KWOK**

*/s/ James M. Moriarty*
Eric Henzy (ct12849)
James M. Moriarty (ct21876)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
        Jmoriarty@zeislaw.com
        jcesaroni@zeislaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| _____ | : | |
| In re | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.* | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | |
| _____ | : | |

### ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the Motion to expedite a hearing on the Individual Debtor's Motion for Stay Pending Appeal of Order Holding Him In Contempt of Corporate Governance Order (the "Stay Motion"); and good cause appearing, it is hereby

ORDERED, that a hearing on the Stay Motion shall be held on March __, 2023, at __:__ _.m. at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to object to the Stay Motion shall be March __, 2023, at __:__ _.m.; and it is further

ORDERED, that a copy of this Order, along with the Stay Motion and any attachments thereto, shall be served upon all parties to the Individual Debtor's chapter 11 case qualified to receive electronic notice via the Court's CM/ECF system, as well as the Committee, the Trustee, and the United States Trustee, on or before February/March __, 2023, and the Individual Debtor shall file a certificate of service in advance of the Hearing.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of March, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>*/s/ James M. Moriarty*</u>
James M. Moriarty (ct21876)