**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PALLAS PARTNERS LLP AS SOLICITIORS IN UNITED KINGDOM**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of Connecticut (the "Court"), respectfully requests (the "Application") that the Court authorize his employment of Pallas LLP as solicitors in the United Kingdom. In support of this Application, the Chapter 11 Trustee states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**RELIEF REQUESTED**

1.  By this Application, the Chapter 11 Trustee seeks entry of an order, substantially in the form of the proposed order filed herewith (the "Proposed Order"), authorizing and approving the retention and employment of Pallas Partners LLP ("Pallas") as the Chapter 11 Trustee's solicitor in the United Kingdom, effective as of January 26, 2023, to represent the Chapter 11 Trustee as solicitor in the estate's litigation against UBS AG (the "UBS Action").

2.  The Chapter 11 Trustee selected Pallas as his solicitor based on Pallas' familiarity with complex commercial litigation and financial disputes. Moreover, as the Chapter 11 Trustee previously disclosed, his bankruptcy counsel, Paul Hastings LLP represents certain UBS entities. For that reason, and out of an abundance of caution, the Chapter 11 Trustee previously advised this Court and the UK court that Paul Hastings LLP would not serve as counsel to the Chapter 11 Trustee in the UBS Action. And while the Chapter 11 Trustee has retained a UK barrister (*i.e.*, Mr. Paul Wright) in connection with the UBS Action,[2] a barrister cannot act on his own, but must take his instructions from a solicitor. The Trustee has selected Pallas as the solicitor to fulfill that role.

3.  In support of this Application, the Chapter 11 Trustee submits the *Declaration of Natasha Harrison in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Pallas Partners LLP as Solicitors* (the "Harrison Declaration"), attached as **Exhibit A**, which is incorporated herein by reference.

---

[2] This Court approved the retention of Mr. Wright by order dated December 14, 2022 [Docket No. 1240].

## JURISDICTION, VENUE, AND STATUTORY BASES

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

5. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

7. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

9. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Chapter 11 Trustee [Docket No. 514].

10. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case [Docket No. 523].

## PALLAS' QUALIFICATIONS

11. Pallas is a law firm located at 1 King William Street, London, EC4N 7AF, UK. Pallas maintains offices in London, UK and New York, USA (Pallas Partners (US) LLP or "Pallas US"). Pallas was founded in 2022 and is an elite litigation and disputes firm focusing on

commercial litigation, international arbitration and investigations. The firm currently employs 25 lawyers, who are assisted by four paralegals.

12. Pallas has expertise in practice areas including financial restructuring and insolvency, corporate, and commercial litigation matters, as well as international arbitration and investigations. Pallas' broad financial restructuring and insolvency practice spans a range of legal services both in London and New York, including representation of chapter 11 trustees.

## ANTICIPATED SERVICES

13. The Chapter 11 Trustee anticipates that Pallas will represent him in the United Kingdom with respect to all matters related to the UBS Action. Due to the specialized nature of a solicitor's role, and given that Paul Hastings LLP will not represent the Trustee with respect to the UBS Action, there will be no duplication of services arising from Pallas' retention.

## COMPENSATION OF PALLAS

14. Pallas intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case. Pallas will charge the Debtor for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in the UBS Action, except that Pallas has agreed to reduce Natasha Harrison's rate from $1,650 to $1,400.

15. At present, the 2023 hourly rates of Pallas are $415 for paralegal work; between $730 and $980 for associates and counsel; and up to $1,650 for principals of the firm (except that Natasha Harrison's rate is reduced to $1,400). Pallas will also bill for out-of-pocket expenses

4

made on behalf of the Debtor, including photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees, travel expenses, and computer-aided research.

16.  The Debtor submits that Pallas' hourly rates are reasonable, comparable to Pallas' hourly rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services. This is especially true under the circumstances here where the Debtor's estate currently has no assets to pay professional fees. As a result, Pallas is being retained, for all practical purposes, on a contingency basis—*i.e.*, its compensation will depend on whether assets are eventually brought into the Debtor's estate (which, in turn, will depend in part on the extent to which Pallas and the Trustee are successful in recovering assets for the benefit of the Debtor's estate and its creditors).

## **PALLAS IS DISINTERESTED**

17.  To the best of the Chapter 11 Trustee's knowledge in reliance upon the Harrison Declaration, and except as disclosed therein, Pallas does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

18.  More specifically, upon the basis of the Harrison Declaration, and except as disclosed therein, the Chapter 11 Trustee believes that: (a) Pallas has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his respective attorneys or accountants; and (b) Pallas and its employees (i) are not a creditors, equity security holders, or insiders of the Debtor or his affiliates, (ii) have not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) has not had any interest materially adverse to the interests of the Debtor's estate or any class of creditors or

equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Chapter 11 Trustee believes that Pallas is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

19. Based on the Harrison Declaration, the Chapter 11 Trustee believes that Pallas does not represent any adverse interest to unsecured creditors in connection with the Chapter 11 Case.

**BASIS FOR RELIEF REQUESTED**

20. The Chapter 11 Trustee requests to retain and employ Pallas as his solicitor in the United Kingdom with respect to the UBS Action pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

21. Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

22. Bankruptcy Rule 2014(a) provides that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

23. The Chapter 11 Trustee requires the services of a solicitor in the United Kingdom to exercise his responsibilities. Pallas will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

24. Accordingly, the employment of Pallas as the Chapter 11 Trustee's solicitor, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

25. The Chapter 11 Trustee submits that Pallas' rates are reasonable, comparable to rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

26. Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise." Accordingly, the Chapter 11 Trustee requests authority to retain and employ Pallas effective January 26, 2023, which was the date that Pallas began providing services to the Chapter 11 Trustee.[3]

## NOTICE

27. Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

28. No previous application for the relief requested herein has been made to this or any other Court.

---

[3] While this Application is being filed 35 days after commencement of services (*i.e.*, January 26, 2023), the Trustee respectfully requests that the Court approve Pallas' retention effective as of January 26, 2023.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Chapter 11 Trustee's employment of Pallas as solicitors, and order such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: March 2, 2023 | Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok |
| | */s/ Luc A. Despins* |
| | Luc A. Despins |