**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, *et al.*,                  :    Case No. 22-50073 (JAM)
                                        :
                  Debtors.[1]           :    Jointly Administered
                                        :
-------------------------------------------------------x

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE**
**FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328,**
**AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY**
**RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND**
**EMPLOYMENT OF PALLAS PARTNERS LLP**
**AS SOLICITORS IN UNITED KINGDOM**

Upon the application (the "Application")[2] of Chapter 11 Trustee Luc A. Despins (the

"Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), (a) for

authority to retain and employ Pallas LLP ("Pallas") as solicitors in the United Kingdom to the

Chapter 11 Trustee, effective as of January 26, 2023, pursuant to sections 327, 328, and 330 of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the

Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of

Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
        Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
        mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
        LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
        (solely for purposes of notices and communications).

[2]     Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Harrison
        Declaration.

upon consideration of the Application and the Harrison Declaration; and this Court having

jurisdiction to consider the Application and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District

Court for the District of Connecticut (as amended); and consideration of the Application and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

(i) the relief requested in the Application is in the best interest of the Debtor's estate, its

creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application

and the Harrison Declaration, and the record of any hearing on the Application before this Court

establish just cause for the relief granted herein, (iii) Pallas is a "disinterested person," as defined

in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy

Code, and (iv) Pallas and its employees do not hold or represent an interest adverse to the

Debtor's estate; and due and sufficient notice of the Application having been given under the

particular circumstances; and it appearing that no other or further notice need be given; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is hereby ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Chapter 11 Trustee is authorized to retain and employ Pallas as his solicitors

in the United Kingdom effective as of January 26, 2023 on the terms set forth in the Application

and the Harrison Declaration.

3.      Pallas is authorized to act as the Chapter 11 Trustee's solicitors and to perform

those services described in the Application.

4.    The Estate shall be responsible for Pallas' compensation and reimbursement of expenses with respect to the engagement.

5.    The allowance of any compensation to be paid to Pallas shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.    Allowance of any compensation for Pallas shall be limited to the extent of services actually performed, and expenses actually incurred, as solicitors for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7.    Pallas shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8.    The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.    The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10.    To the extent the Application and Harrison Declaration are inconsistent with this Order, the terms of this Order shall govern.

11.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.