**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No: 22-50073 (JAM) |
| Debtors. | |
| | |
| HO WAN KWOK, | |
| Movant, | |
| v. | |
| LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE | |
| Respondent. | |

**DECLARATION OF LEE VARTAN, ESQ. IN OPPOSITION TO TRUSTEE'S ORDER TO SHOW CAUSE REGARDING COMPLIANCE WITH RULE 2004 SUBPOENAS AND JANUARY 20, 2023 ORDER**

I, Lee Vartan, Esq., hereby declare:

1.      I am a member of the law firm Chiesa Shahinian & Giantomasi PC, counsel for Mei Guo and HK International Funds Investments (USA) Limited, LLC ("HK USA") in the above-captioned action.  I respectfully submit this declaration in opposition to the Trustee's application by way of Order to Show Cause, seeking to hold Ms. Guo and HK USA in contempt for purported failure to comply with the Court's January 20, 2023 Order directing that they produce documents in response to the Trustee's Rule 2004 subpoenas (the "Subpoenas").

2.      The Trustee's application and request for sanctions should be denied as moot because Ms. Guo and HK USA have complied with the Subpoenas and performed an exhaustive search for documents potentially responsive to the Subpoenas.  Ms. Guo and HK USA have

produced documents responsive to the Subpoenas, and will supplement their productions should they identify any additional or further responsive documents in the future.

## **BACKGROUND**

3.      On August 19, 2022, Ms. Guo and HK USA were each served with a Rule 2004 subpoena (the "Subpoenas"). Ms. Guo and HK USA thereafter served timely objections to the document requests attached to the Subpoenas, asserting objections to certain of the enumerated Instructions and Definitions included with the requests for production, as well as objections to certain of the requests for production.

4.      On or about October 28, 2022, Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee"), filed a motion pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure seeking among other things, to compel Ms. Guo and HK USA to comply with the Subpoenas.

5.      Ms. Guo and HK USA responded to the Trustee's motion on November 14, 2022.

6.      A hearing in connection with the Trustee's motion was held on November 30, 2022.

7.      On January 20, 2023, the Court entered an Order granting the Trustee's motion in part (the "January 20 Order") (ECF #1353).

8.      Relevant to the Subpoenas, the January 20 Order directed that:

Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee:

(i) documents responsive to the Trustee's requests, except as to the documents that concern the Lady May, dated June 1, 2014, or later, unless a particular request specifies a different time period and such time period does not begin before June 1, 2014;

(ii) documents responsive to the Trustee's requests, except as the documents concern the Lady May, as to both assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, including without limitation his family members, including Mei Guo herself, and associated entities, including HK (USA) itself; and

(iii) documents responsive to the Trustee's requests that are within their custody, possession, or control, except as to the documents that concern the Lady May, including without limitation documents in the files of their current or former counsel and other agents and advisors, unless such documents have already been produced by their current or former counsel and other agents and advisors but without consideration of any potential future production by their current or former counsel and other agents and advisors.

(ECF #1353).

9.       Upon receipt of the January 20 Order, Ms. Guo and HK USA began taking steps to comply with the Order, including searching for hard copy records and conducting an inventory of electronic records.

10.      Shortly after receipt of the January 20 Order, on January 24, 2023, the Court entered an Order Directing the Parties to Mediation (the "Mediation Order") (ECF #1373).

11.      In the Mediation Order, the Court ordered that:

[D]uring the Mediation, absent compelling cause, all hearings in these Jointly Administered Chapter 11 cases and related adversary proceedings, are stayed, including without limitation all hearings in *HK Int'l Funds Invs. (USA) Ltd. v. Despins ex rel. Kwok, Adv.* P. No. 22-05003 (JAM) and *Pac. All. Asia Opportunity Fund L.P. v. Kwok, Adv.* P. No. 22-05032 (JAM). The Parties are ordered and directed to negotiate in good faith and encouraged to refrain from legal process which can be deferred, addressed by consensus, or duly considered by the Mediator.

(ECF #1373).

12.      Accordingly, following the Mediation Order, Ms. Guo and HK USA attempted to work with the Trustee, through counsel, to come to an agreed upon schedule for the production of documents required by the January 20 Order.  At all times, the Trustee understood that Ms. Guo and HK USA would need additional time, beyond that provided in the January 20 Order.

13.      On February 10, 2023, the parties conducted a meet and confer conference to discuss a schedule for the production of documents required by the January 20 Order.

14.      Ms. Guo and HK USA explained, through counsel, that while they did not believe that they are in possession of a significant number of documents responsive to the Subpoenas, it

would be costly and time intensive for them to confirm that fact. Among other things, Ms. Guo needed to search electronic documents for records responsive to the Subpoenas, as well as have those documents translated for review and possible production.

15.    Accordingly, Ms. Guo and HK USA advised the Trustee that they required an additional thirty (30) days to complete their search, review and production.

16.    The Trustee objected to that timeframe, and on February 10, 2023, Ms. Guo and HK USA filed a motion for an extension of time to complete their productions.

17.    Also on February 10, 2023, the Trustee filed an Order to Show Cause (ECF #1453), asking that the Court direct Ms. Guo and HK USA to "show cause why the Court should not hold them in civil contempt of court for failing to adequately respond to or comply with the January 20 Order."

18.    On February 13, 2023, the Court entered an Order granting the Order to Show Cause in part, and directing Ms. Guo and HK USA to appear on March 7, 2023 and "show cause why this Court should not hold them in civil contempt of court for failing to comply with the Order Compelling Production," and directing the "HK Parties … [to] file a sworn declaration on the docket of this case detailing full compliance with the Order Compelling Production or, failing that, describing in detail the efforts taken to comply." (ECF #1455).

19.    This declaration details Ms. Guo's and HK USA's efforts to comply with the January 20 Order, and their compliance with the January 20 Order to date.

20.    Because Ms. Guo and HK USA have complied with the January 20 Order, the Trustee's application for sanctions should be denied.

**THE TRUSTEE'S APPLICATION SHOULD BE DENIED BECAUSE MS. GUO AND HK USA HAVE COMPLIED WITH, AND WILL CONTINUE TO COMPLY WITH THE JANUARY 20 ORDER AND RULE 2004 SUBPOENAS**

21.     As set forth above, the January 20 Order directed that Ms. Guo and HK USA produce "documents responsive to the Trustee's requests, except as to the documents that concern the Lady May, dated June 1, 2014, or later."

22.     While the January 20 Order directs the production of documents from June 1, 2014 forward, Ms. Guo does not have access to materials pre-dating her arrival to the United States on May 16, 2017, and as a result of her horrific experiences with the Chinese Communist Party ("CCP"), does not regularly maintain electronic documents or communications for fear of CCP monitoring and hacking.

23.     These fears are well-founded based on Ms. Guo's lived experiences.  On January 10, 2015, while in her mid-twenties, Ms. Guo was detained by the CCP in China, during which time they took possession of all her email accounts.  Following that experience, Ms. Guo ceased using email as a means of regular communication.

24.     On December 28, 2016, Ms. Guo was detained by the CCP for a second time, and spent 40 days in a CCP detention center.  The experience was horrendous.  While detained, Ms. Guo, who was only a young woman, was separated from her family, did not know where she was, and was monitored by two security guards 24-hours a day.

25.     After Ms. Guo was released from detention in early 2017, her relationship with technology was further changed.  She stopped using a smartphone and communicated only by using a flip phone for fear of being tracked by the CCP.

26.     Even after seeking asylum in the United States, Ms. Guo's fear of the CCP remains. Ms. Guo has remained cautious of using technology for fear of the CCP tracking her whereabouts and harassment.

27.     Based on her experiences with the CCP, Ms. Guo does not communicate with her father (the Debtor) electronically, and only uses email and electronic communications for limited and discrete purposes.

28.     Presently, Ms. Guo maintains three email addresses, two of which were created to correspond with her attorneys with respect to the Lady May and this proceeding.  The first email account was created in or around January 30, 2021 to communicate with my office regarding the Lady May, and contains no non-privileged emails responsive to the Subpoenas.  The second email account was created in or around April 2022 for purposes of communicating with Zeisler & Zeisler, P.C.  Again, that email account contains no non-privileged emails responsive to the Subpoenas.

29.     Ms. Guo maintains a third email account, which was created in or around September 2019, and which she uses for limited personal and work matters.

30.     On February 20, 2023, Ms. Guo provided counsel with unfettered access to that email account to run searches and review documents potentially responsive to the Subpoenas.

31.     Specifically, the following search terms were run in the email account:  "Ho Wan Kwok," "Miles Kwok," "Miles Guo," "Guo Wengui," "Guo Haoyun," "Qiang Guo," "Mileson Kwok," "Hing Chi Ngok," "Hing Chi Ng," "Yue Qingzhi," "Daniel Podhaskie," "Jason Miller," "Steve Bannon," "Karin Maistrello," "Melissa Francis," "William Gertz," "Arethusa Forsyth," "Glenn Mellor," "Jennifer Mercurio," "Eduardo Eumekian," "Han Chunguang," "Qu Guojiao," "Qu Guo Jiao," "Guo Lijie," "Zhang Wei," "Lihong Wei Lafrenz," "Sara Wei," "Hao Haidong," "Ross Heinemeyer," "Max Krasner," "Kyle Bass," "Melissa Mendez," "Ya Li," "Dinggang Wang," "An Hong," "Yvette Wang," "Yanping Wang," "Yan Ping Wang," "Fiona Yu," "Je Kin Ming," "William Je," "Yu Jianming," "Yaz Qingua," "Lao Jiang," "Jiang Yunfu," "Jiang Yunfu Be," "Nod Hill LLC," "AAGV Limited," "ACA Investment Management Limited," "ACA Capital

Group Limited," "Ace Decade Holdings Limited," "AI Group Holdings Inc.," "Alfa Global Ventures Limited," "Alfonso Global Limited," "Allied Capital Global Limited," "Alpine Fiduciaries SA," "Anton Development Limited," "Assets Sino Limited," "Auspicious Coast Limited," "Beijing Pangu Investment Co.," "Beijing Pangu Investment Co. Ltd.," "Beijing Pangu Investment Inc." "Beijing Zenith Holdings Company Limited," "Bravo Luck," "BSA Strategic Fund I," "China Golden Spring (Hong Kong) Limited," "Golden Spring," "Chuang Xin Limited," "Crane Advisory Group LLC," "Creative Apex Investments Limited," "Crystal Breeze Investments Limited," "Dawn State Limited," "Eastern Profit Corporation Limited," "Elite Well Global Limited," "Empire Growth Holdings," "G Club Operations LLC," "G Fashion LLC," "G News LLC," "GETTR USA," "Genever Holdings Corporation," "Genever Holdings LLC," "GFASHION MEDIA GROUP INC.," "GFNY, Inc.," "Globalist International Limited," "GNews Media Group Inc.," "Golden Spring (New York) Ltd.," Greenwich Land LLC," "Guo Media," "GTV Media Group, Inc.," "Hamilton Capital Holdings Inc.," "Head Win Group Limited," "Henan Yuda," "Himalaya Embassy," "Himalaya Exchange," "Himalaya Federal Reserve," "Himalaya Supervisory Organization," "HK International Funds Investments (USA) Limited LLC," "Hong Kong International Funds Investments Limited," "Infinite Increase Limited," "Infinitum Developments Limited," "Insight Phoenix Fund," "Lamp Capital," "Leading Shine," "Leading Shine NY," "Long Gate Limited," "Next Tycoon Investments Limited," "New Federal State of China," "Noble Fame Global Limited," "Rosy Acme Ventures Limited," "Rule of Law Foundation III," "Rule of Law Foundation IV," "Rule of Law Fund," "Rule of Law Society," "Rule of Law Society IV," "G-Translators PTY," "Saraca Media Group," "Shiny Ace Ltd." "Shiny Times Holdings Ltd.," "Spirit Charter Investment Limited," "Stevenson, Wong & Co.," "Voice of

Guo Media, Inc.," "Well Origin Ltd.," "World Century Limited," "Worldwide Opportunity Holdings Limited," "Whitecroft Shore," and "ZIBA Limited."

32.     After applying over one hundred search terms, Ms. Guo discovered a single email reflecting transfers from Leading Shine, one of Ms. Guo's businesses, to Ms. Guo's separate business that is unrelated to the Debtor.  Ms. Guo advised that she communicated with her brother, Mileson Guo, by phone with respect to those transfers, and had no communications with her father.

33.     Ms. Guo typically communicates with her brother by phone when she is in need of funds.

34.     While Ms. Guo uses the messaging applications Whatsapp and Telegram, she does not typically communicate with her family using those applications.

35.     On February 20, 2023, Ms. Guo made her cellphone and messaging applications available to counsel for search and review, and no responsive communications were found.

36.     In addition to review of electronic communications, Ms. Guo has searched her hard copy records for responsive information.

37.     As a result of that review, Ms. Guo has produced to the Trustee documents from her Citibank account, which was closed in December 2022.  These documents have been produced with redactions to guard against disclosure of information that may reveal Ms. Guo's address or businesses she regularly frequents given her concerns regarding the CCP.

38.     Since coming to the United States, Ms. Guo has faced multiple bank account closures.  In the United States, Ms. Guo originally utilized an account with Chase Bank, which was closed in 2017.  After that account was closed, Ms. Guo opened an account with Bank of America and County Bank in Connecticut.  Both of those accounts have since been closed, and Ms. Guo does not have ready access to account statements for those accounts given the passage of

time since their closure.  While Ms. Guo has an account with the Bank of China, she does not have

electronic access to that account, and cannot visit a branch location due to safety concerns.

39.     Beyond the documents previously produced and discussed above, Ms. Guo and HK

USA are not in possession of additional documents responsive to the Subpoenas not already

produced.

## THERE IS NO BASIS FOR THE EXTREME REMEDY OF SANCTIONS

40.     Given Ms. Guo's and HK USA's compliance with the January 20 Order and Rule

2004 Subpoenas, the Trustee's request to hold them in contempt and for sanctions should be

denied.  *See Doe v. Mastoloni*, 307 F.R.D. 305, 309 (D. Conn. 2015) (sanctions "are reserved for

the most flagrant instances of discovery non-compliance. Ordering sanctions in these

circumstances, where Plaintiffs have served the [] Defendants with answers and objections would

not be based on any authority prescribed in the Federal Rules of Civil Procedure and a clear abuse

of the Court's discretion").

41.     "A court may impose sanctions pursuant to Rule 37(b)(2)(A) only when the

transgressing party has violated a prior court order."  *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d

216, 234 (2d Cir. 2020) (affirming denial of sanctions).

42.     Ms. Guo and HK USA did not "violate[] a prior court order," but moved to extend

their time to comply with the January 20 Order in order to provide adequate time to conduct

searches, including reviewing one hundred search terms.

43.     As set forth in Ms. Guo's and HK USA's motion for an extension of time to comply

with the January 20 Order, Ms. Guo and HK USA began taking steps to comply with the January

20 Order upon receipt, and have now conducted the requisite searches to provide a production of

responsive documents within Ms. Guo's and HK USA's control.

44.     Because Ms. Guo and HK USA have complied with, and will continue to comply with the January 20 Order, the Trustee's request to hold them in contempt and for sanctions should be denied.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated at Roseland, New Jersey this 6th day of March, 2023.

/s/  Lee Vartan
Lee Vartan
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 530-2107
Email: lvartan@csglaw.com
*Attorneys for HK International Funds Investments (USA) Limited, LLC and Mei Guo*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of March, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Lee Vartan*
Lee Vartan