**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                            :    Chapter 11
:
HO WAN KWOK *et al.*,                             :    Case No. 22-50073 (JAM)
:
Debtors.[1]                           :    Jointly Administered
:
---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S RESPONSE TO DECLARATION OF LEE VARTAN, ESQ. IN OPPOSITION TO TRUSTEE'S ORDER TO SHOW CAUSE REGARDING COMPLIANCE WITH RULE 2004 SUBPOENAS AND JANUARY 20, 2023 ORDER**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), files this response (the "Response") to the *Declaration of Lee Vartan, Esq. in Opposition to Trustee's Order to Show Cause Regarding Compliance with Rule 2004 Subpoenas and January 20, 2023 Order* [ECF No. 1512] (the "Attorney Declaration"), filed on behalf of Mei Guo ("Ms. Guo") and HK International Funds Investments *and* (USA) Limited, LLC ("HK USA" and, together with Ms. Guo, the "HK Parties") In support of this Response, the Trustee states the following:

**I.    HK PARTIES FAILED TO SATISFY COURT'S FEBRUARY 13, 2023 ORDER**

1.      The HK Parties have fallen far short of compliance with the Court's February 13, 2023 *Order Granting in Part Motion for Order to Appear and Show Cause Why the Court Should*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Not Hold the HK Parties in Contempt of Court* [ECF No. 1455] (the "Order to Show Cause") by submitting the Attorney Declaration, which is both procedurally and substantively deficient.

### A. HK Parties Have Facially Failed to Comply with Document Production Obligations and Declaration Requirement of Order to Show Cause

2. Counsel to the HK Parties represented in their February 10, 2023 *Motion for Extension of Time to Comply with Order Compelling Production* [ECF No. 1454 at ¶ 13] (the "Extension Motion") that the HK Parties "would continue to produce documents on a rolling basis[.]" *Id.* at ¶ 13. On the basis of this representation, the Court stated in the Order to Show Cause that it "expects that the HK Parties will be producing documents to the Trustee on a rolling basis during the ongoing mediation." Order to Show Cause at 2. The Court further instructed that, "[on] or before 5:00 p.m. on March 6, 2023, the HK Parties shall file a sworn declaration on the docket of this case detailing full compliance with the Order Compelling Production or, failing that, describing in detail the efforts taken to comply." *Id*. at 3.

3. The Trustee did not receive a ***single document production*** during the mediation, despite the HK Parties' promise to make rolling productions and the Court's expectation that they do so. Instead, after 8 p.m. last night, the HK Parties finally produced ***a total of 11 documents*** and filed the Attorney Declaration. The HK Parties thus (i) failed to fulfill their promise to make rolling productions during the mediation, and (ii) filed the Attorney Declaration in an untimely manner, three hours after the deadline. The HK Parties' delinquencies are not insignificant: as the Court recognized in the Order to Show Cause, the parties must be able to engage in a dialogue about discovery issues and compliance with court orders to productively move this case forward. The HK Parties' untimely actions have made this impossible.

4. The Attorney Declaration is also deficient because it is a declaration of counsel and not of the HK Parties themselves. The Order to Show Cause unambiguously required the ***HK***

***Parties***, not Attorney Vartan, to submit a declaration detailing their compliance with their document production obligations. This distinction is extremely important given the many incredulous assertions in the Attorney Declaration about Ms. Guo's purported lack of documents and lack of access to relevant information. To the extent Ms. Guo is going to assert, among other things, that (i) she does not ever communicate with her father electronically, (ii) does not communicate with her family using messaging applications, (iii) has no access to any of her bank accounts, and (iv) has a grand total of only 11 additional documents responsive to the Trustee's subpoena in her possession, custody, or control, she needs to attest to those assertions under penalty of perjury—she cannot rely on her attorney to do so.

5. Finally, although the Order to Show Cause made clear that ***both*** HK Parties were required to submit a declaration describing the satisfaction of their document production obligations, the Attorney Declaration is virtually silent with respect to HK USA. The Attorney Declaration instead focuses solely on Ms. Guo's purported life experiences and practices with regard to electronic communications and retention of documents. No information has been provided regarding the document creation and retention practices of HK USA or whether and to what extent HK USA took steps to collect documents responsive to the Trustee's subpoena. , Accordingly, HK USA has not complied with the Order to Show Cause.[2]

### B. Attorney Declaration Fails to Adequately Describe Ms. Guo's Compliance with Court's Order Compelling Production or Her Inability to Comply

6. Even assuming a declaration from Attorney Vartan could be deemed to satisfy the requirements of the Order to Show Cause (it should not be), the Attorney Declaration is

---

[2] If Ms. Guo does not have knowledge of HK USA's documents and records, then an individual in possession of such knowledge or understanding must submit a declaration that may satisfy the Court's order. Ms. Guo's apparent lack of knowledge is consistent with the fact that Ms. Guo owns HK USA in name only, while the entity is, in reality, beneficially owned and controlled by her father, the Debtor.

3

substantively deficient in describing Ms. Guo's compliance with her document production obligations under the Court's January 20, 2023 order [ECF No. 1353] (the "<u>Order Compelling Production</u>"). This is so for numerous reasons, some examples of which are described below.

7. **The Attorney Declaration does not make clear what electronic documents Ms. Guo may have in her possession**. The Attorney Declaration says nothing about the quantity and types of electronic devices that are within Ms. Guo's custody, possession or control. Thus, the Trustee can only speculate as to whether Mei Guo has access to computers, additional cellular telephones, tablets, or other mobile devices that may contain responsive documents.

8. **The Attorney Declaration does not describe an adequate email search.** The Attorney Declaration provides that Ms. Guo "*presently*" maintains three email addresses [Attorney Decl. at ¶ 28 (emphasis added)], but it does not disclose how many email addresses she maintained in the recent past; if she still has access to those accounts; and, if such accounts have been searched by anyone. The Attorney Declaration further provides that Ms. Guo only uses electronic communications for "limited and discrete" purposes—but, again, it doesn't explain what those purposes are and whether they are relevant to the subpoena. *Id.* ¶ 27. Likewise, counsel claims he was provided with "unfettered access" to an email account on February 20, 2022 to run search terms, yet counsel has made no representations with respect to any acts taken to ensure that documents or information has not been deleted or destroyed. *Id.* at ¶ 30.

9. In addition, the search terms that counsel purportedly applied appear woefully inadequate. To give just a few examples based on the Trustee's preliminary review:

- Searches for the Debtor and Qiang Guo include only full names, indicating that a simple message to "dad" or "Miles" or "Qiang" is unlikely to be identified as "responsive." In fact, not a single individual has been included in a search with less two names. *Id.* at ¶ 31.

4

- Similarly, references to "ACA" would likely be overlooked only because "ACA Investment Management Limited" and "ACA Capital Group Limited" are the full-named shell entities the Debtor uses to funnel funds around.  *Id.*  The same is true for other legal entities in the search terms.

- Documents concerning a confidant and advisor working on behalf of the Debtor, such as "Yvette Wang," should not be so unilaterally limited by requiring a hit only when both names are identified, as it stands to reason that Ms. Guo may have referred to such persons by one name only.  *Id.*

10. **The Description of Mei Guo's purported means of record-keeping and communicating with her family is vague and strains credulity.**  The Attorney Declaration provides that Ms. Quo doesn't "typically" communicate with her family on WhatsApp and Telegram but fails to (i) provide any quantum of communications on WhatsApp and Telegram that Mei Guo *does* have with her family or (ii) explain why those communications were not searched. *Id*. at ¶ 34.  Similarly, the Attorney Declaration provides no information as to whether Ms. Guo has engaged in responsive WhatsApp or Telegram messages with ***non-family members***, such as the individuals listed in paragraph 31 of the Attorney Declaration. *Id.*

11. **The Attorney Declaration provides no detail as to what hard copy documents were searched.**  While the Attorney Declaration provides that Mei Guo searched her "hard copy records" for responsive information, it provides no information as to what such records entail and how they were searched. *Id.* at ¶ 36.  Whether counsel supervised this purported hard copy records search, where it was done, and how Mei Guo performed it remain unclear based on the vague conclusions in the Attorney Declaration.

12. **The Attorney Declaration's description of Ms. Guo's access to bank account records is not credible and incomplete.**  The Attorney Declaration states, remarkably, that Ms. Guo does not presently have access to a single one of her bank accounts.  She states that three accounts she opened in the past are closed and that she no longer has access to account statements

or other documents. *Id*. at ¶ 38. She further states that, although she has an account at Bank of China, she cannot access that account because she does not have electronic access and refuses to visit a branch location out of fear for her safety. *Id*. These assertions are both not believable and woefully insufficient to prove that Ms. Guo has done everything she reasonably can to access her bank records. To the extent she is truly unable to access her now-closed accounts, she needs to provide account numbers to the Trustee so he can subpoena the records from the banks. As for the Bank of China account, it is not credible that Ms. Guo has no means of accessing that account. If she does not presently have electronic access, she should request it. If she does not want to visit a branch personally, she should send an attorney or other designee in her stead. Simply put, there are clearly ways for Ms. Guo to access her bank account information, and her failure to do so constitutes a failure to comply with the Order Compelling Production.

13. **The Attorney Declaration contains no discussion of steps Ms. Guo has taken to identify documents in the possession of other individuals or entities that are within her custody or control.** The Order Compelling Production required Ms. Guo and HK USA to produce responsive documents within their custody or control, "including without limitation documents in the files of their current or former counsel and other agents and advisors, unless such documents have already been produced . . . but without consideration of any potential future production by their current or former counsel and other agents and advisors." Order Compelling Production at 6. The Attorney Declaration *contains no discussion whatsoever* of any effort undertaken by Ms. Guo or HK USA to identify and collect responsive documents in the files of their current and former counsel and other advisors. Accordingly, the Attorney Declaration is deficient.

## II. SANCTIONS ARE APPROPRIATE BOTH TO FORCE COMPLIANCE WITH ORDER AND FOR TRUSTEE'S EXPENSES INCURRED TO DATE

14. For all the reasons noted above, the HK Parties have plainly failed to comply with the Order to Show Cause. The result is that the Trustee still—*nearly seven months after initially serving his subpoenas*—does not have access to critical information relating to the HK Parties that he needs to conduct his investigation and administer this case. The Court should issue appropriate sanctions necessary to compel the HK Parties to finally satisfy their document productions and comply with the orders of this Court in an expedited manner.

15. Even if the Attorney Declaration could be construed as constituting compliance with the Order to Show Cause (it does not), sanctions are appropriate to compensate the Trustee for having to bring the motion for contempt and finally ensure compliance from the HK Parties. There is simply no excuse for the HK Parties' delays. As the Attorney Declaration concedes, counsel to the HK Parties remarkably did not even obtain access to certain limited electronic storage accounts, digital drives, or email account until February 20, 2023, nearly three weeks after the deadline under the Order Compelling Production. Under these circumstances, sanctions requiring the HK Parties to compensate the Trustee for his fees and expenses in moving to compel compliance with the orders of this Court are plainly appropriate.

Dated:   March 6, 2023               LUC A. DESPINS,
            New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*