**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                            :    Chapter 11
:
HO WAN KWOK, *et al.*,                            :    Case No. 22-50073 (JAM)
:
Debtor.[1]                                        :    (Jointly Administered)
:
---------------------------------------------------------x

**TRUSTEE'S SUPPLEMENTAL STATEMENT REGARDING INDIVIDUAL**
**DEBTOR'S MOTION FOR STAY PENDING APPEAL OF ORDER HOLDING**
**HIM IN CONTEMPT OF CORPORATE GOVERNANCE ORDER**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), files this supplemental statement (the "Statement") to respond to certain statements made by counsel to the Debtor at the March 7, 2023 hearing (the "Hearing") on the *Individual Debtor's Motion for Stay Pending Appeal of Order Holding Him in Contempt of Corporate Governance Order* [Docket No. 1492] (the "Motion to Stay").[2]

**STATEMENT**

1. At the Hearing on the Motion to Stay, counsel for the Debtor asserted, ***for the first time and after full briefing and a prolonged hearing as to ownership and contempt***, that Ace Decade may actually be owned not by the Debtor but instead by an individual named Zhang

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  On March 6, 2023, the Trustee filed its objection to the Motion Stay [Docket No. 1505] (the "Objection"). Capitalized terms used but not defined in this Statement have the meanings set forth in the Objection.

Wei. The Trustee files this Statement to alert the Court that even though this statement strains all credulity, it is, in fact, consistent with the Debtor's prior attempts to argue misleadingly that certain of his other assets were owned by the same individual.

2. In particular, during the Debtor's depositions in connection with Pacific Alliance Asia Opportunity Fund L.P.'s litigation in the New York Supreme Court (the "PAX Litigation"), the Debtor at one point claimed that—notwithstanding the formal corporate formation documents unambiguously establishing Debtor's sole ownership of it—an individual named Zhang Wei (who allegedly resides in China) owned Genever Holdings Corporation (*i.e.*, the entity which wholly owns Genever Holdings LLC, which, in turn, owns the 18th floor apartment at the Sherry Netherland Hotel (the "Sherry Netherland Apartment")). During these depositions, the Debtor also claimed—conveniently—that Zhang Wei was "in and out" of prison in China, making it impossible for anyone to verify any of these assertions.

3. For example, during the October 3, 2018 deposition, the Debtor testified as follows:

> Q.  Do you live in a residence at the Sherry-Netherland Hotel?
> A.  Sometimes.
> Q.  *Who owns that residence?*
> A.  *Mr. Zhang Wei.*
> THE INTERPRETER: Z-H-A-N-G, W-E-I, phonetic spelling.
> Q.  Who is Zhang Wei?
> A.  Is a working partner, a fund, a conglomerate fund, a member of that.
> Q.  Is Zhang Wei a person or an entity?
> A.  It's a person.
> Q.  *Where does Zhang Wei live?*
> A.  *In prison.*
> Q.  *When did Zhang Wei purchase the residence?*
> A.  *This residence, it was in 2015.*
> Q.  *Do you have any ownership interest personally at all in the residence?*
> A.  *No.*
> Q.  Have you heard of a company called -- we talked about this earlier -- Genever Holdings Corporation?
> A.  I heard of it.

> Q. Does Genever Holdings Corporation own the residence at the Sherry-Netherland Hotel?
> A. Yes.
> *Q. What is Zhang Wei's relationship to Genever Holdings Corporation?*
> *A. Zhang Wei was entrusted by Genever.*
> THE INTERPRETER: I'll instruct him to say it in parts. I just said because of accuracy, I like to interpret 100 percent, and if he gives me too much information, I will be leaving out information. So I just asked him to give me in segments.
> *A. Mr. Zhang Wei was the initial person who put out the funds. I and this whole Genever Corporation was the entrusted party, and also to represent his investment, investors.*[3]

During the October 3, 2018 deposition, the Debtor further stated:

> *Q. Where is Zhang Wei in prison?*
> *A. In prison.*
> *Q. In what country?*
> *A. In China.*
> . . .
> *Q. You said earlier that Zhang Wei was in jail in China?*
> *A. Yes.*
> *Q. When did he go to jail?*
> *A. I have to think about that. Always in a different disappearance mode. There have been thousands of people in disappearance mode. Do not know where they are.*
> Q. Let me try to help, maybe. You and Zhang Wei were involved in applying to purchase the Sherry-Netherland residence in or around February/March 2015, right?
> A. Zhang Wei and me? No, I was representing Zhang Wei.
> Q. You were representing Zhang Wei in purchasing the apartment in or around February 22 or March 2015?
> A. Approximately. I do not remember exact time. Just approximate.
> Q. I'm just trying to -- I'm just trying to refresh you on the timing.
> A. My recollection of time is very inaccurate. I do not remember.
> *Q. Was Zhang Wei in jail at the time he was applying to purchase the Sherry-Netherland Hotel apartment?*
> *A. No.*[4]

---

[3] Oct. 3, 2018 Depo. Tr. at 27:12-29:6 (emphases added). Relevant excerpts of the October 3, 2018 deposition transcript are attached hereto as **Exhibit 1**.

[4] Oct. 3, 2018 Depo. Tr. at 41:8-11 and 56:6-57:8 (emphases added).

3

4. Of course, all these statements were made *at a time when, according to Bravo Luck Limited ("<u>Bravo Luck</u>") (i.e., the entity now allegedly owned by the Debtor's son) and the Debtor's son himself, the Sherry Netherland Apartment was purportedly held in trust for the benefit of Bravo Luck and the Debtor's son* pursuant to a purported trust agreement (the "<u>Purported Trust Agreement</u>"). This only further substantiates the Trustee's belief that the Purported Trust Agreement is not authentic and/or enforceable. At the appropriate time, the Trustee will demonstrate conclusively both that the Debtor has trotted out Zhang Wei's name at other junctures when it was convenient for him to try to deny ownership of other Debtor entities and that the Purported Trust Agreement is a sham for a host of other reasons as well.

[*Remainder of page intentionally left blank.*]

Dated: March 10, 2023  
      New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka, Esq. (ct00616)  
    Patrick R. Linsey, Esq. (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 821-2000  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett, Esq. *(pro hac vice)*  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1700  
    nicholasbassett@paulhastings.com

    *and*

    G. Alexander Bongartz, Esq. *(pro hac vice)*  
    Douglass Barron, Esq. (*pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6000  
    alexbongartz@paulhastings.com  
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# Exhibit 1

**Excerpts of October 3, 2018 Deposition Transcript**

*PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. vs.*
*KWOK HO WAN*

*MILES KWOK*
*October 3, 2018*



126 East 56th Street, Fifth Floor  New York, New York 10022
P: 212-750-6434   F: 212-750-1097
www.ellengrauer.com

*Original File 247294.TXT*
*Min-U-Script® with Word Index*

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------x
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.,

                    Plaintiff,

     -against-

KWOK HO WAN, a/k/a KWOK HO, a/k/a GWO WEN
GUI, a/k/a GUO WENGUI, a/k/a GUO WEN-GUI,
a/k/a WAN GUE HAOYUN, a/k/a MILES KWOK,
a/k/a HAOYUN GUY,

                    Defendant.

Index No.: 652077/2017
-------------------------------------------------x


                         7 Times Square
                         New York, New York

                         October 3, 2018
                         9:39 a.m.



          Videotaped Examination Before Trial
of the MILES KWOK, before Kristi Cruz, a Notary
Public of the State of New York.






          ELLEN GRAUER COURT REPORTING CO. LLC
            126 East 56th Street, Fifth Floor
                New York, New York 10022
                     212-750-6434
                     REF:  247294
```

```
 1   A P P E A R A N C E S:
 2
 3   O'MELVENY & MYERS LLP
 4   Attorneys for Plaintiff
 5        Times Square Tower
 6        7 Times Square
 7        New York, New York 10036
 8   BY:  EDWARD MOSS, ESQ.
 9        STUART SARNOFF, ESQ.
10        SARA N. PAHLAVAN, ESQ.
11        212.326.2000
12        emoss@omm.com
13        ssarnoff@omm.com
14        spahlavan@omm.com
15
16
17   HODGSON RUSS LLP
18   Attorneys for Defendant
19        605 Third Avenue, Suite 2300
20        New York, New York 10158
21   BY:  MARK A. HARMON, ESQ.
22        JILLIAN MARIE SEARLES, ESQ.
23        212.751.4300
24        mharmon@hodgsonruss.com
25        jsearles@hodgsonruss.com
```

```
 1  A P P E A R A N C E S:   (Cont'd)
 2
 3  ALSO PRESENT:
 4       ELIZABETH YAOYING JIANG, Mandarin Interpreter
 5       DAN MACOM, Videographer
 6       KARIN MAISTRELLO, Golden Spring
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                     KWOK
2        A.    No.
3        Q.    Thank you.
4        A.    Do you think my responses are fast
5   enough?
6        Q.    Mr. Kwok, I get to ask the questions
7   today.  But I will answer that one.  These
8   responses are fine.  Thank you.
9              Do you own a residence at the
10  Sherry-Netherland Hotel?
11       A.    No.
12       Q.    Do you live in a residence at the
13  Sherry-Netherland Hotel?
14       A.    Sometimes.
15       Q.    Who owns that residence?
16       A.    Mr. Zhang Wei.
17             THE INTERPRETER:  Z-H-A-N-G, W-E-I,
18       phonetic spelling.
19       Q.    Who is Zhang Wei?
20       A.    Is a working partner, a fund, a
21  conglomerate fund, a member of that.
22       Q.    Is Zhang Wei a person or an entity?
23       A.    It's a person.
24       Q.    Where does Zhang Wei live?
25       A.    In prison.
```

```
 1                       KWOK
 2       Q.    When did Zhang Wei purchase the
 3   residence?
 4       A.    This residence, it was in 2015.
 5       Q.    Do you have any ownership interest
 6   personally at all in the residence?
 7       A.    No.
 8       Q.    Have you heard of a company
 9   called -- we talked about this earlier --
10   Genever Holdings Corporation?
11       A.    I heard of it.
12       Q.    Does Genever Holdings Corporation
13   own the residence at the Sherry-Netherland
14   Hotel?
15       A.    Yes.
16       Q.    What is Zhang Wei's relationship to
17   Genever Holdings Corporation?
18       A.    Zhang Wei was entrusted by Genever.
19             THE INTERPRETER:  I'll instruct him
20         to say it in parts.
21             I just said because of accuracy, I
22         like to interpret 100 percent, and if he
23         gives me too much information, I will be
24         leaving out information.  So I just asked
25         him to give me in segments.
```

```
1                     KWOK
2        A.    Mr. Zhang Wei was the initial person
3   who put out the funds.  I and this whole
4   Genever Corporation was the entrusted party,
5   and also to represent his investment,
6   investors.
7              THE INTERPRETER:  He said is this
8        okay, I said yes.
9        Q.    Were you the one who applied to the
10  Sherry-Netherland to live in the apartment?
11             MR. HARMON:  Object to the form of
12       the question.
13       A.    One of them.
14       Q.    Who else applied to live in that
15  apartment at the Sherry-Netherland?
16       A.    I do not know.
17       Q.    You don't know who else applied to
18  live in the same apartment at the
19  Sherry-Netherland --
20             MR. HARMON:  Object to the form of
21       the question.
22             MR. MOSS:  How about if I finish the
23       question and then you can object.
24             MR. HARMON:  I thought you did.
25             MR. MOSS:  Okay.
```

```
 1                        KWOK
 2        Q.    You don't know who else applied to
 3   live in the same apartment at the
 4   Sherry-Netherland that you applied to live in?
 5              MR. HARMON:  Object to the form of
 6        the question.
 7        A.    If he objects, I don't have to
 8   answer it, right?
 9              MR. HARMON:  This one you have to
10        answer if you understand the question.
11        A.    I do not know.
12        Q.    How many other people applied to
13   live in the apartment that you applied to live
14   in at the Sherry-Netherland?
15              MR. HARMON:  Object to the form of
16        the question.
17        A.    I do not know.
18        Q.    Were any of those people that also
19   applied to live at the apartment that you
20   applied to live to at the Sherry-Netherland
21   not members of your family?
22              MR. HARMON:  Object to the form of
23        the question.
24        A.    I do not know.
25        Q.    Do you deal directly with the
```

```
 1                       KWOK
 2            MR. HARMON:  Object to the form of
 3      the question.
 4            THE INTERPRETER:  Interpreter,
 5      before I said the objection, the --
 6      Mr. Kwok said:
 7      A.    Mr. Zhang Wei and his attorneys.
 8      Q.    Where is Zhang Wei in prison?
 9      A.    In prison.
10      Q.    In what country?
11      A.    In China.
12      Q.    You have a son?
13      A.    Yes.
14      Q.    Am I pronouncing it correctly?
15 Mileson?
16      A.    English name is Mileson, but the
17 actual Chinese name is core chow.
18            THE INTERPRETER:  G U O Q I A N G,
19      phonetic spelling.
20      Q.    Is it okay with you if I use the
21 English name?
22      A.    Yes.
23      Q.    Does your son Mileson Kwok have any
24 ownership in Genever Holdings Corporation?
25      A.    I do not know.
```

```
 1                      KWOK
 2            THE INTERPRETER:  W-A-N-G, Y-A-N,
 3      P-I-N-G.
 4      Q.    Does she go by Yvette, not Eva?
 5      A.    Yes.
 6      Q.    You said earlier that Zhang Wei was
 7   in jail in China?
 8      A.    Yes.
 9      Q.    When did he go to jail?
10      A.    I have to think about that.  Always
11   in a different disappearance mode.  There have
12   been thousands of people in disappearance
13   mode.  Do not know where they are.
14      Q.    Let me try to help, maybe.  You and
15   Zhang Wei were involved in applying to
16   purchase the Sherry-Netherland residence in or
17   around February/March 2015, right?
18      A.    Zhang Wei and me?  No, I was
19   representing Zhang Wei.
20      Q.    You were representing Zhang Wei in
21   purchasing the apartment in or around February
22   or March 2015?
23      A.    Approximately.  I do not remember
24   exact time.  Just approximate.
25      Q.    I'm just trying to -- I'm just
```

```
 1                         KWOK
 2      trying to refresh you on the timing.
 3          A.    My recollection of time is very
 4      inaccurate.  I do not remember.
 5          Q.    Was Zhang Wei in jail at the time he
 6      was applying to purchase the Sherry-Netherland
 7      Hotel apartment?
 8          A.    No.
 9          Q.    Are you aware that my client has
10      argued to the Court about a YouTube video?
11          A.    Yes.
12          Q.    And you're aware that whoever posted
13      that video has represented that it was a tape
14      of you having a conversation?
15              MR. HARMON:  Object to the form of
16          the question.
17          A.    I don't understand the things you're
18      saying.
19          Q.    Have you ever heard that YouTube
20      video?
21          A.    Me, so many of them, thousands,
22      hundreds of thousands of them.  I don't know
23      which one you're referring to.
24          Q.    I'm referring to the one -- do you
25      understand that I'm referring to the one that
```

```
 1                    KWOK
 2    we talked about earlier, two minutes ago, that
 3    Pacific Alliance argued about to the court in
 4    this case?
 5         A.   I don't know.
 6  Di         MR. HARMON:  This is beyond the
 7         scope of what we believe is appropriate
 8         for attachment discovery, and I'm going to
 9         direct the witness not to answer further
10         questions about it.
11         Q.   Are you aware, Mr. Kwok, that in a
12    brief in this case that was signed by
13    Mr. Harmon and Ms. Searles, they argued on
14    your behalf that Pacific Alliance's assertion
15    that the voices in this YouTube video were not
16    proven?
17  DI         MR. HARMON:  This is beyond the
18         scope of what we believe to be appropriate
19         discovery on attachment, and I'm going to
20         direct the witness not to answer further
21         questions on the subject.
22              THE INTERPRETER:  Interpreter,
23         before I interpreted, he said:
24         A.   Refuse to answer.
25         Q.   Was it your voice on the YouTube
```