**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) | (Jointly Administered) |
|  | ) |  |
| Debtors.[1] | ) | Re: ECF Nos. 1353 and 1455 |
|  | ) |  |

**ORDER HOLDING HK PARTIES IN CONTEMPT OF COURT AND SANCTIONING
HK PARTIES, ATTORNEY VARTAN AND CHIESA SHAHINIAN & GIANTOMASI PC**

**I.  INTRODUCTION**

Before the Court is the Order Granting in Part Motion for Order to Appear and Show

Cause Why the Court Should Not Hold the HK Parties in Contempt of Court (the "Show Cause

Order").  (ECF No. 1455.)  On March 7, 2023, a hearing was held on the Show Cause Order (the

"Show Cause Hearing").  For the reasons stated on the record during the Show Cause Hearing

and those stated below, the Court finds Ms. Mei Guo and HK International Funds Investments

(USA) Limited, LLC ("HK USA," and together with Ms. Guo, the "HK Parties") in civil

contempt of Court pursuant to the Court's inherent contempt powers and also pursuant to Fed. R.

Civ. P. 37(b)(1) and 37(b)(2)(A)(vii).  Additionally, pursuant to Fed. R. Civ. P. 37(b)(2)(C), the

Court sanctions the HK Parties and Attorney Vartan and Chiesa Shahinian & Giantomasi PC

("CSG"), as the attorneys advising the HK Parties.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles
Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification
number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and
Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC,
and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY
10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of
notices and communications).

## II. BACKGROUND

On July 28, 2022, Luc A. Despins, in his capacity as Chapter 11 trustee for the estate of Ho Wan Kwok (the "Debtor"), (the "Trustee") filed a motion seeking to conduct a Rule 2004 examination of, *inter alia*, Ms. Guo and HK USA (the "Rule 2004 Motion"). (ECF No. 638.) On August 16, 2022, *almost seven months ago*, the Court entered an order granting the Rule 2004 Motion (the "Rule 2004 Order") and, *inter alia*, approved the proposed subpoenas to be served on Ms. Guo and HK USA (the "Subpoenas"). (ECF No. 758.) The Subpoenas were served on Ms. Guo and HK USA between August 19 and 23, 2022. (ECF No. 1046.)

On October 28, 2022, the Trustee filed a Motion to Compel Compliance of, *inter alia*, the HK Parties with the Subpoenas (the "Motion to Compel"). (ECF No. 1046.) On November 14, 2022, the HK Parties and the Debtor filed a joint objection to the Motion to Compel (the "Objection to the Motion to Compel"). (ECF No. 1090.) On November 30, 2022, a hearing was held on the Motion to Compel. At the conclusion of the hearing, the Motion to Compel was taken under advisement.[2]

On January 20, 2022, the Court entered the Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoenas (the "Order Compelling Production"). (ECF No. 1353.) In pertinent part, the Order Compelling Production provides:

> **ORDERED:** The Objection is **OVERRULED** as it relates to discovery requests directed to Mei Guo and HK (USA) except as such requests concern specifically the Lady May, which is subject to a pending adversary proceeding – *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. 2022)

---

[2] Between November 16, 2022, and January 13, 2023, the Court was engaged with matters in an adversary proceeding related to these cases styled *Pac. All. Asia Opportunity Fund v. Kwok (In re Kwok)*, Adv. P. 22-05032 (JAM), in which a temporary restraining order and preliminary injunction were sought, a four-day trial was held, and hundreds of exhibits as well as several witnesses were introduced at trial. Pursuant to Fed. R. Civ. P. 65(b)(3), the Court was required to address these matters "at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." It did so.

(the "Adversary Proceeding") – or as such requests are for documents dated earlier than June 1, 2014, to which the Objection is **SUSTAINED**. The Court issues this Order without prejudice to the Trustee to seek discovery from Ms. Guo or HK USA regarding the Lady May in the Adversary Proceeding in accordance with the Fed. R. Civ. P. 26 *et al.* and Fed. R. Bankr. P. 7026 *et al.* and without prejudice to the Trustee to seek discovery of documents dated earlier than June 1, 2014, as the investigation proceeds upon cause shown. Furthermore, should either Mei Guo or HK (USA) no longer be a party to a pending proceeding involving the Trustee and relating to the Lady May, the Trustee may seek discovery regarding the Lady May in the Chapter 11 bankruptcy cases from such party upon cause shown. Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee:

> (i) documents responsive to the Trustee's requests, except as to the documents that concern the Lady May, dated June 1, 2014, or later, unless a particular request specifies a different time period and such time period does not begin before June 1, 2014;

> (ii) documents responsive to the Trustee's requests, except as the documents concern the Lady May, as to both assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, including without limitation his family members, including Mei Guo herself, and associated entities, including HK (USA) itself; and

> (iii) documents responsive to the Trustee's requests that are within their custody, possession, or control, except as to [sic] the documents concern the Lady May, including without limitation documents in the files of their current or former counsel and other agents and advisors, unless such documents have already been produced by their current or former counsel and other agents and advisors but without consideration of any potential future production by their current or former counsel and other agents and advisors.

(*Id.* at 5–6.) The Order Compelling Production set a compliance deadline of January 31, 2023.

On January 24, 2023, the Court entered an order directing the parties in these Chapter 11 cases – including the HK Parties and the Trustee – to mediation (the "Mediation Order"). (ECF No. 1373.) The Mediation Order provides that the following would be stayed during mediation:

> **ORDERED:** The Court will hold the hearings presently scheduled to be held on January 24, 26, and 31, 2023. Following those hearings, during the Mediation, absent compelling cause, all hearings in these Jointly Administered Chapter 11 cases and related adversary proceedings, are stayed, including without limitation all hearings in *HK Int'l Funds Invs. (USA) Ltd. v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) and *Pac. All. Asia Opportunity Fund L.P. v. Kwok*, Adv. P. No. 22-05032 (JAM). The Parties are ordered and directed to negotiate in good faith and encouraged to refrain from legal

> process which can be deferred, addressed by consensus, or duly considered by the
> Mediator; and it is further

(*Id.* at 6.)  The Court elected not to stay pending discovery or compliance with the Order

Compelling Production and no party filed any pleadings asking the Court to do so.

　　　　During the mediation, on February 10, 2023, the Trustee filed a Motion for Order to

Show Cause why, *inter alia*, Ms. Guo and HK USA should not be held in contempt of court (the

"Motion for Show Cause Order").  (ECF No. 1453.)  In support of the Motion for Show Cause

Order, the Trustee filed a declaration of Attorney Bassett (the "Bassett Declaration").  That same

date – ten days after the production deadline set by the Order Compelling Production and almost

six months after the Subpoenas were served – the HK Parties filed a Cross-Motion for an

Extension of Time to Comply with Order Compelling Production (the "Motion for Extension of

Time," and, together with the Motion for Show Cause Order, the "Cross-Motions").  (ECF No.

1454.)  In pertinent part, the Motion for Extension of Time represented to the Court that:

> Accordingly, Ms. Guo and HK USA advised the Trustee that they require an additional
> thirty (30) days from today to complete their search, review and production. *Counsel
> made clear that Ms. Guo and HK USA would begin producing documents as early as next
> week, and would continue to produce documents on a rolling basis*, but were placing a
> realistic timeline on their practical and logistical ability to fully comply with the January
> 20 Order.

(*Id.* at ¶ 13) (emphasis added).  The Motion for Extension of Time sought an extension of time

"through and including March 13, 2023."  (*Id.* at ¶ 15)

　　　　On February 13, 2023, the Court issued the Show Cause Order.  (ECF 1455.)  In pertinent

part, the Show Cause Order found that "[b]oth the Bassett Declaration and the Motion for

Extension of Time establish that the HK Parties did not meet the production deadline ordered in

the Order Compelling Production."  (*Id.*)  Nevertheless, the Show Cause Order essentially split

the difference between the Cross-Motions:  The Show Cause Order did not grant the Motion for

Extension of Time. Instead, it scheduled the Show Cause Hearing. Nevertheless, it gave the HK Parties until "on or before 5:00 p.m. on March 6, 2023," – one less week than the HK Parties had requested – to "file a sworn declaration on the docket of this case detailing full compliance with the Order Compelling Production or, failing that, describing in detail the efforts taken to comply . . .." (*Id.*) Moreover, it set a hearing on the Motion for Extension of Time at the same time of the Show Cause Hearing. (*Id.*) The Court anticipated that the same evidence, which could potentially establish a diligent attempt at compliance, could also potentially establish cause for granting an extension of time. The Court believed this course of action wise because "[b]ased upon the representations of counsel for the HK Parties in the Motion for Extension of Time, the Court expects that the HK Parties will be producing documents to the Trustee on a rolling basis during the ongoing mediation." (*Id.*)

On March 6, 2023, the Trustee timely filed an objection to the Motion for Extension of Time (the "Objection to Extension of Time"). (ECF No. 1510.) In the Objection to Extension of Time, the Trustee alleged that no documents had been produced to the Trustee by either Ms. Guo or HK USA between the date the Show Cause Order issued and March 6, 2023, and that counsel for Ms. Guo and HK USA had ceased engaging with the Trustee and his counsel. (*Id.*) At 8:14:58 p.m., more than three hours after compliance was due, counsel for the HK Parties—not the HK Parties—filed an untimely sworn declaration alleging that the HK Parties had fully complied with the Order Compelling Production (the "Vartan Declaration"). (ECF No. 1512.)

On March 7, 2023, the HK Parties filed a reply to the Objection to Extension of Time (the "HK Parties Reply"). (ECF No. 1516.) The HK Parties Reply asserted that they had both fully complied to the best of their knowledge and that they would continue to comply, going forward, if and when they uncovered further responsive documents. That same date, the Trustee

filed a timely response to the Vartan Declaration (the "Trustee Reply") – despite the untimely filing of the Vartan Declaration.  (ECF No. 1517.)  The Trustee Reply asserted that (a) there were severe deficiencies in the Vartan Declaration's described process and contemptible omissions and (b) the Vartan Declaration was improperly a declaration of counsel rather than of the HK Parties themselves.

Also on March 7, 2023, the Court held the Show Cause Hearing.  Attorney Vartan did not appear at the Show Cause Hearing, although another CSG attorney appeared.  Attorney Vartan appeared the next day at a Status Conference held in a related adversary proceeding styled *HK International Funds Investments (USA) Limited, LLC v. Despins ex rel. Kwok (In re Kwok)*, Adv. P. No. 22-05003 (JAM) (the "Adversary Proceeding"), at which Status Conference the present matter was further discussed.  On March 9, 2023, the Court ordered the Trustee to file the deposition testimony of Ms. Guo (the "Deposition"), which was taken in relation to the Adversary Proceeding.  (ECF No. 1527.)  That same day, the Trustee filed the Deposition.  (ECF No. 1529.)

This matter is ripe for decision.

## III.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984.  The instant proceedings are statutorily core proceedings.  28 U.S.C. § 157(b)(2).  There is no constitutional issue precluding the exercise of jurisdiction in the instant case.  *Cf. Stern v. Marshall*, 564 U.S. 462, 487–99 (2011).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV. DISCUSSION[3]

### a. Contempt Standard

This Court has the inherent power to hold parties in contempt of court under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9020. *Taggart v. Lorenzen ex rel. Brown*, 139 S. Ct. 1795, 1801 (2019); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *PHH Mortg. Corp. v. Sensenich ex rel. Gravel (In re Gravel)*, 6 F.4th 503, 512 (2d Cir. 2021); *Mar. Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*, 920 F.2d 183, 187 (2d. Cir. 1990). Contempt may be sought to "'coerce the defendant into compliance'" with a court order or to "'compensate the complainant for losses'" resulting from noncompliance with a court order. *Taggart*, 139 S. Ct. at 1801 (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947)). A finding of civil contempt requires "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *see Gravel*, 6 F.4th at 512 (adding that the contemnor must have notice of the order).

Contempt "'should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct.'" *Taggart*, 139 S. Ct. at 1801 (citing *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609 (1885)). This standard is generally objective – a "party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Taggart*, 139 S. Ct. at 1802

---

[3] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9014(c).

(citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of wilfulness [sic] does not relieve from civil contempt."")).[4]

### b. Ms. Mei Guo and HK International Funds Investments (USA) Ltd., LLC are in Contempt of Court For Failure to Comply with the Order Compelling Production

#### i. Ms. Mei Guo and HK International Funds Investments (USA) Ltd., LLC Had Notice of the Order Compelling Production

The Court concludes that both of the HK Parties had notice of the Order Compelling Production. Both of them are represented by counsel in this case who receive service of the Court's orders by notices of electronic filing. Moreover, the HK Parties filed the Objection to Motion to Compel jointly with the Debtor. Finally, the HK Parties did not in any way contest they received notice in the Motion for Extension of Time, in any of their subsequent pleadings, or during the Show Cause Hearing.

#### ii. The Order Compelling Production Is Clear and Unambiguous

On March 8, 2023, during a Status Conference in the Adversary Proceeding, Attorney Vartan asserted that he did not know what the term "advisors" in the Order Compelling Production meant. At no other time has any argument been advanced suggesting that the Order Compelling Production is unclear. The Court finds Attorney Vartan's purported lack of understanding of subparagraph (iii) objectively unreasonable. *Taggart*, 139 S. Ct. at 1802 ("[A] party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable."). Therefore, as discussed

---

[4] Nevertheless, a party's bad faith may justify "placing 'the burden of any uncertainty in the decree . . . on [the] shoulders' of the party who violated the court order," and "a party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction." *Taggart*, 139 S. Ct. at 1802 (citing *McComb*, 336 U.S. at 192–93 and *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987)).

below, the Court finds there is no fair ground of doubt as to what the term "advisors" in

subparagraph (iii) means and, resultingly, what subparagraph (iii) requires.

The relevant section of the Order Compelling Production reads:

Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce
to the Trustee: . . .

> (iii) documents responsive to the Trustee's requests that are within their custody,
> possession, or control, except as to [sic][5] the documents concern the Lady May,
> including without limitation documents in the files of their current or former
> counsel and other agents and advisors, unless such documents have already been
> produced by their current or former counsel and other agents and advisors but
> without consideration of any potential future production by their current or former
> counsel and other agents and advisors.

Subparagraph (iii) is clear and unambiguous – unless a former or current counsel or other

agent or advisor has already produced a particular responsive document, the HK Parties were

ordered to produce the documents. Furthermore, the HK Parties were ordered to produce

documents not just in their personal custody or possession but also documents in their control,

such as documents held by current or former counsel and other agents and advisors.  For an

abundance of clarity and in response to the arguments of the parties prior to the entry of the

Order Compelling Production, subparagraph (iii) specifies that neither of the HK Parties were

required to make duplicative production of documents, but must produce any documents not yet

produced by current or former counsel and other agents and advisors.

For example, Ms. Guo testified that she manages and operates Pangu Plaza in Beijing.

She also testified that, in addition to HK USA, she owns and controls other entities with assets –

most of which were unknown to her at the time of the Deposition, including until recently an

---

[5] The Court acknowledges its typographical error in the clause "except as to [sic] the documents
concern the Lady May . . .."  The Court concludes, however, that this error could not create any
reasonable confusion as to the meaning of subparagraph (iii).

airplane which was sold in the summer of 2022 (during the pendency of her father's Chapter 11 bankruptcy case).  (Deposition at 17:19–18:15, 30:3–31:10, 56:18–72:14.)  If Ms. Guo's testimony is true, one could reasonably expect that she has in her possession extensive financial and corporate documents.  At the very least, even if she is not in possession of extensive financial and corporate documents, it is virtually impossible to believe that her attorneys, accountants, advisors, financial advisors, employees, contractors, etc. are not in possession of such documents.  Indeed, Ms. Guo testified about managers of Pangu Plaza who operate at her direction.  (Deposition at 53:13–54:3.)  These mangers and her attorneys, accountants, advisors, financial advisors, employees, contractors, etc. are under her control.  Under the clear and unambiguous terms of the Order Compelling Production, Ms. Guo would have to produce the documents in the possession of these managers who are among "current or former counsel and other agents and advisors," in order to avoid being in contempt of court unless the "current or former counsel and other agents and advisors" had already produced such documents.

Furthermore, it is clear from the Objection to the Motion to Compel and the hearing on the Motion to Compel that at least Zeisler & Zeisler, P.C. ("Z&Z") – the HK Parties only counsel at the time the Motion to Compel was argued – understood the portion of relief sought regarding documents in possession of current or former counsel and other agents and advisors.  Attorney Vartan could have asked Z&Z, to whom he undoubtedly spoke when entering this case, or he could have read the transcript of the hearing on the Motion to Compel if he seriously – albeit unreasonably – did not understand subparagraph (iii).[6]

---

[6] To be clear, Attorney Vartan and CSG represented HK USA in the New York Supreme Court action that precipitated these bankruptcy cases.  *See Pac. All. Asia Opportunity Fund, L.P. v. Kwok Ho Wan*, Index No. 652077/2017 (N.Y. Sup. Ct. Feb. 7, 2022), NYSCEF Doc. No. 1179.

Finally, attached to the Bassett Declaration is an email from Attorney Avram E. Luft, counsel to the Trustee, telling Attorney Vartan that the HK Parties would need to produce documents in the possession of, *inter alia*, Golden Spring (New York) Ltd as an agent, advisor, or attorney of the HK Parties. This suggests to the Court that before communications between Attorney Vartan and counsel to the Trustee broke down, there were discussions about the production of documents in the possession of current or former counsel and other agents and advisors.

Although no argument was made as to the remainder of the relevant ordered paragraph, including subparagraphs (i) and (ii), the Court concludes that they also are clear and unambiguous. The relevant section of the Order Compelling Production reads:

> **ORDERED:** The Objection is **OVERRULED** as it relates to discovery requests directed to Mei Guo and HK (USA) except as such requests concern specifically the Lady May, which is subject to a pending adversary proceeding – *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Kwok*, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. 2022) (the "Adversary Proceeding") – or as such requests are for documents dated earlier than June 1, 2014, to which extent the Objection is **SUSTAINED**. The Court issues this Order without prejudice to the Trustee to seek discovery from Ms. Guo or HK USA regarding the Lady May in the Adversary Proceeding in accordance with the Fed. R. Civ. P. 26 *et al*. and Fed. R. Bankr. P. 7026 *et al*. and without prejudice to the Trustee to seek discovery of documents dated earlier than June 1, 2014, as the investigation proceeds upon cause shown. Furthermore, should either Mei Guo or HK (USA) no longer be a party to a pending proceeding involving the Trustee and relating to the Lady May, the Trustee may seek discovery regarding the Lady May in the Chapter 11 bankruptcy cases from such party upon cause shown. Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee:
>
> > (i) documents responsive to the Trustee's requests, except as to the documents that concern the Lady May, dated June 1, 2014, or later, unless a particular request specifies a different time period and such time period does not begin before June 1, 2014;
> >
> > (ii) documents responsive to the Trustee's requests, except as the documents concern the Lady May, as to both assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, including without limitation his family members, including Mei Guo herself, and associated entities, including HK (USA) itself; and

In the Order Compelling Production, the Court sustained the Objection to the Motion to Compel in two respects. The body of the relevant ordered paragraph is largely spent explaining them.

First, pursuant to the pending proceeding doctrine, the Order Compelling Production required the Trustee to only pursue discovery relating to the Lady May from either Ms. Guo or HK USA in the Adversary Proceeding, so long as that proceeding remained pending against Ms. Guo or HK USA. However, the Trustee was also authorized to seek discovery in the Chapter 11 cases from whichsoever of the HK Parties was no longer party to the Adversary Proceeding, should one or both of them cease to be a party to the Adversary Proceeding. The Court was cognizant that Ms. Guo might move to dismiss the counterclaims against her in the Adversary Proceeding, in which she is not a plaintiff – only a counterclaim defendant. The Court wanted to be clear that if the counterclaims against Ms. Guo were dismissed, the Court's analysis under the pending proceeding doctrine might be altered.

Secondly, Z&Z had argued that discovery requests should date back to the Debtor's flight to America from Hong Kong. There was disagreement between the Trustee, on the one hand, and the Debtor and the HK Parties, on the other hand, as to when that occurred. The Court, hence, settled on the June 1, 2014, date as it seemed the parties were agreed that the Debtor fled China in the second half of 2014 or early 2015. The Court found the Trustee's argument about the statute of limitations applicable to fraudulent transfer actions underdeveloped during the hearing. The Court left open that the Trustee could make that argument again at a later date as his investigation developed.

While perhaps the above discussed language is technical, it is important to note that this language is not the operative language commanding production. The last sentence fragment of

12

the main paragraph begins the command to Ms. Guo and HK (USA). It provides that "Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee: . . .." Notably, this language is where the HK Parties begin their cite to the Order Compelling Production in their Motion for Extension of Time and the Vartan Declaration. There is no fair ground of doubt as to the meaning of this sentence fragment (which is completed by the subparagraphs).

Subparagraph (i) reads

(i) documents responsive to the Trustee's requests, except as to the documents that concern the Lady May, dated June 1, 2014, or later, unless a particular request specifies a different time period and such time period does not begin before June 1, 2014;

There is no fair ground of doubt as to the meaning of subparagraph (i). Moreover, this subparagraph is again directly responsive to arguments raised by Z&Z and the Trustee during the hearing on the Motion to Compel.

Subparagraph (ii) reads

(ii) documents responsive to the Trustee's requests, except as the documents concern the Lady May, as to both assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, including without limitation his family members, including Mei Guo herself, and associated entities, including HK (USA) itself; and

There is no fair ground of doubt as to the meaning of subparagraph (ii). Moreover, yet again this language is directly reflective of an issue that was litigated during the hearing on the Motion to Compel. The Court's language reflects a position the Trustee asserted, which position the HK Parties understood enough to cogently object to it.

Therefore, the Court concludes that the Order Compelling Production is clear and unambiguous.

### iii.  Ms. Mei Guo and HK International Funds Investments (USA) Ltd., LLC Did Not Comply with the Order Compelling Production

As the Court stated in the Show Cause Order, as of February 13th, "[b]oth the Bassett Declaration and the Motion for Extension of Time establish that the HK Parties did not meet the production deadline ordered in the Order Compelling Production."  The Trustee's assertion that nothing further was produced between the entry of the Show Cause Order and 5:00 p.m. on March 6, 2023, is not controverted.  Similarly, the Trustee's assertion that, at approximately 8:30 p.m. on March 6, 2023, the HK Parties collectively produced eleven (11) further documents to the Trustee is uncontested.  The Court concludes, for the reasons stated below, that the Trustee has established by clear and convincing evidence that neither of the HK Parties has complied with the Order Compelling Production.

The Court notes before considering the Vartan Declaration, it is under no obligation to do so.  In violation of the Show Cause Order, the Vartan Declaration was filed over three hours late. The Show Cause Order gave the HK Parties maximal time to file their declarations before the Show Cause Hearing and set a short time – less than 24 hours – for the Trustee to reply to any declarations.  Nevertheless, in the interest of justice, the Court does consider the Vartan Declaration for what it is worth.

In the Trustee Reply and during the Show Cause Hearing, the Trustee raised nine responses to the Declaration in support of finding the HK Parties in contempt.  The Court is convinced that the Trustee has established that the submission of eleven (11) documents at approximately 8:30 p.m. on March 6, 2023, did not bring either of the HK Parties into compliance with the Order Compelling Production.  The HK Parties failed to raise any convincing counterarguments in their papers or during the Show Cause Hearing.  The Court will address the Trustee's nine responses in turn.

14

First, the Trustee noted that the Vartan Declaration is not a declaration of Ms. Guo and/or HK USA. Therefore, the Trustee argued that the assertions about Ms. Guo's experiences in China and subsequent behavior towards electronic media are only representations of counsel – not sworn statements of Ms. Guo under penalty of perjury. Counsel to the HK Parties represented in response that Attorney Vartan is intimately aware of Ms. Guo's experience and behavior, having been her long-standing counsel. Additional CSG counsel further represented that it was their belief that the Show Cause Order did not specify that the HK Parties themselves had to file sworn declarations. The Court is troubled by this counterargument and will not weigh as heavily the representations of Attorney Vartan and additional CSG counsel as it would statements of Ms. Guo under penalty of perjury.

Second, the Trustee noted that the Vartan Declaration states nothing about HK USA's attempt to comply. The HK Parties argue this was unnecessary because Ms. Guo is the principal of HK USA, is the sole member of HK USA, and effectively everything that is HK USA's is Ms. Guo's. March 7 Hr. 2:13:44–2:14:08 p.m.; March 8 Hr. 1:39:23–1:40:06 p.m. Unless and until the Court finds that HK USA is the alter ego of Ms. Guo, this argument fails. Counsel for the HK Parties was quick to clarify that they did not intend to argue that Ms. Guo and HK USA were alter egos. The Court is, therefore, unconvinced by this argument and concludes that the Trustee is correct that the Vartan Declaration fails to detail HK USA's efforts to comply with the Order Compelling Production. Resultingly, the Court concludes that HK USA has not complied with the Order Compelling Production.

Third, the Trustee argued that the Vartan Declaration does not make clear what electronic documents/devices are in Ms. Guo's custody, possession, and control. As an example of why this is relevant to the issue of whether the Vartan Declaration demonstrates compliance, the

15

Trustee pointed out that in the Deposition, Ms. Guo testified she gets a new phone every month. (Deposition at 148:4–5.)  The Vartan Declaration contains no discussion of efforts to capture, preserve, and prepare the contents of each phone.  The HK Parties advanced no counterargument on this point.  The Court concludes that the Trustee has established that Ms. Guo has not complied with the Order Compelling Production regarding production of electronic records.

Fourth, the Trustee argued that the Vartan Declaration only discusses present email accounts and seemed to take Ms. Guo's alleged representations – which were not put to the Court under oath as discussed above – at face value.  This credulity is despite – as the Trustee and Attorney Vartan both represent – CSG only gaining access to the email accounts as of February 20, 2023.  March 8 Hr. at 1:35:32–1:35:47 p.m.  Two of the email accounts CSG accessed were accounts strictly designed for communication with CSG attorneys and Z&Z attorneys, respectively, and hence purportedly subject to attorney-client privilege.  The Trustee represents that documents were only produced from a third email account CSG attorneys accessed.  The Court finds, on this record, that the Trustee has established Ms. Guo has not complied with the Order Compelling Production regarding production of electronic records.

Fifth, the Trustee argues that the search terms used by the HK Parties were either poorly chosen or designed to avoid discovery.  In particular, the Trustee argues that the search terms listed only include persons and entities by their full names – including persons Ms. Guo knows as her family or close associates and entities with which Ms. Guo is purportedly similarly familiar.  There are no names of endearment or names denoting familiarity listed among the search terms.  The HK Parties argued that they scrupulously looked and searched for information regarding all the related parties, about whom the Subpoenas sought information.  The Court disagrees with the HK Parties and agrees with the Trustee's argument.  Therefore, the Court

concludes that the Trustee has established that Ms. Guo has not complied with the Order Compelling Production regarding production of electronic records.

Sixth, the Trustee objects that with respect to WhatsApp and Telegram, the Vartan Declaration states that Ms. Guo's conversations with family are atypical – with no clarification as to what atypical means.  Relatedly, the Trustee objects that the Vartan Declaration states nothing about Ms. Guo's communications with persons other than her family members via WhatsApp and Telegram, such as current or former counsel and other agents and advisors.  This again relates to the Trustee's first objection.  The Vartan Declaration's representations about Ms. Guo's behavior with electronic devices is not convincing.  Moreover, what is stated is, as the Trustee observes, less than fully forthcoming.  The HK Parties raise no counterargument on this point.  Therefore, the Court concludes that the Trustee has established that Ms. Guo has not complied with the Order Compelling Production regarding production of electronic records.

Seventh, the Trustee objects that the Vartan Declaration does not discuss in any detail the nature and sorts of hard copy documents that Ms. Guo keeps or the efforts that Ms. Guo and CSG attorneys took to search her hard copy documents for responsive documents.  Instead, the Vartan Declaration simply states that they conducted this investigation.  The HK Parties raise no counterarguments in this regard.  The Court agrees with the Trustee.  Therefore, the Court concludes that the Trustee has established that Ms. Guo has not complied with the Order Compelling Production regarding production of physical records.

Eighth, the Trustee argues that the Vartan Declaration's representations about Ms. Guo's bank accounts and her access to them is not credible.  The Court notes that this argument implicates the Trustee's first objection, namely, the Vartan Declaration speaks to Ms. Guo's relations to her bank accounts, but it is not her sworn statement.  The Vartan Declaration states

17

that Ms. Guo's Bank of China account is her only extant account, which account she purportedly refuses to access in order to provide information about it to the Trustee. The Trustee points out that while Ms. Guo may not feel safe in a physical Bank of China location – although again this is not her sworn statement – she could either set up online access to her account or send a designated representative to a physical Bank of China location to access the account information. The HK Parties raise no response to this objection. The Court agrees with the Trustee. Therefore, the Court concludes that the Trustee has established that Ms. Guo has not complied with the Order Compelling Production regarding production of information relating to her banking activity.

Ninth and finally, the Trustee objects that the Vartan Declaration is utterly silent about Ms. Guo's efforts – if any – to search for and produce documents under her control but in the possession of her current or former counsel and other agents and advisors. Other than Attorney Vartan's remark that he does not understand the word "advisor," the HK Parties did not respond to this argument. In the Deposition, Ms. Guo testified that she has significant management and/or ownership positions in several companies in her family's business empire. If this is true, she almost assuredly has control over many documents in the possession of current or former attorneys and other agents and advisors. The HK Parties cannot have it both ways. Ms. Guo cannot both own, operate, and manage in her own right substantial business interests and have no control over documents in the possession of the various entities she supposedly own, operates, and manages. Therefore, the Court concludes that the Trustee has established that Ms. Guo has not complied with the Order Compelling Production regarding production of information under her control but in the possession – physical, digital, or otherwise – of her current or former counsel and other agents and advisors.

For all the reasons stated above and on the record, the Court concludes both Ms. Guo and HK USA did not comply with the Order Compelling Production.

### iv. Ms. Mei Guo and HK International Funds Investments (USA) Ltd., LLC Did Not Diligently Attempt to Comply with the Order Compelling Production

In addition to the reasons stated above, the Court concludes that neither of the HK Parties diligently attempted to comply for the following reasons. The Subpoenas were served in August 2022. The Order Compelling Production was issued on January 20, 2023. The HK Parties had roughly four months to prepare for production before the entry of the Order Compelling Production. They did not produce and, as noted above, they *still* have not produced. As the Honorable Sonia Sotomayor, Associate Justice of the Supreme Court of the United States, observed when she was a judge in the United States District Court for the Southern District Court of New York: "neither [counsel] nor [a party has] a unilateral right to decide whether or when to comply with discovery demands." *535 Broadway Assocs. v. Com. Corp. of Am.*, 159 B.R. 403, 405 (S.D.N.Y. 1993) (sanctioning plaintiff in an adversary proceeding with dismissal for plaintiff's and plaintiff's counsel's actions regarding, *inter alia*, discovery).

This principle is relevant here. In the Motion for Extension of Time, the HK Parties represented to the Court and to their brother and sister counsel that they would be producing documents to the Trustee on a rolling basis. Explicitly relying on that representation and informing the HK Parties that the Court expected them to act in accordance with that representation, in entering the Show Cause Order, the Court effectively granted the HK Parties until 5:00 p.m. on March 6, 2023, to comply with the Order Compelling Production – an extension of over a month from the deadline set by the Order Compelling Production and almost seven months since the Subpoenas were served. Moreover, the Court preserved the possibility,

upon cause shown, for the HK Parties to obtain a further extension of time to March 13, 2023.

Nevertheless, instead of using the time the Court afforded them, the HK Parties chose to persist

in noncompliance. The HK Parties used the time the Court provided to stall, delay, and frustrate

the Trustee's ongoing investigation and related discovery efforts. The HK Parties' false

representations about production on a "rolling basis," and the late and noncompliant Vartan

Declaration, are not a diligent attempt to comply. Instead, these actions are a transparent and

egregious attempt to avoid compliance after ample consideration has been given to the HK

Parties both in the Order Compelling Production and the Show Cause Order. *See, e.g.*, *Malatuea

v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (affirming district court sanction

where there was no clear error with finding that "appellants willfully violated court orders and

abused the discovery process" and "[t]he sanctions imposed for this egregious conduct were well

within the judge's discretion").

### c.  Federal Rule of Civil Procedure 37

A party may be sanctioned for failure to make disclosures or cooperate in discovery

pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 37, made applicable in this case by D.

Conn. Bankr. L.R. 1001-1(a)(1) and 2004-1(a). Rule 37(b)(2) states

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or
> managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an
> order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a),
> the court where the action is pending may issue further just orders. They may include the
> following:
>
> > (i) directing that the matters embraced in the order or other designated facts be
> > taken as established for purposes of the action, as the prevailing party claims;
>
> > (ii) prohibiting the disobedient party from supporting or opposing designated
> > claims or defenses, or from introducing designated matters in evidence;
>
> > (iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i)-(vi), unless the disobedient party shows that it cannot produce the other person.

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).  Upon a finding of non-compliance with an order compelling production, a court may sanction a party under Fed. R. Civ. P. 37(b)(2)(A)–(C).  Additionally, a court may sanction a party's attorney, but only under Fed. R. Civ. P. 37(b)(2)(C).  *See Apex Oil Co. v. Belcher Co. of N.Y., Inc.*, 855 F.2d 1009, 1013, 1014–15 (2d Cir. 1988) (holding Fed. R. Civ. P. 37(b)(2)(C) sanctions available for attorneys but not Fed. R. Civ. P. 37(b)(2)(A)–(B) sanctions).  As the Second Circuit has stated,

Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

### d. Rules 37(b)(1) and 37(b)(2)(A)(vii) Provide Additional Statutory Contempt Authority

The Order Compelling Production is not an order to submit to a physical or mental examination.  Accordingly, contempt – and attendant sanctions – is available.  Therefore, in

21

addition to holding the HK Parties in contempt pursuant to the Court's inherent power to do so, the Court holds the HK Parties in contempt pursuant to Rule 37(b)(2)(A)(vii) for the reasons discussed above.  The Court further notes that Rule 37(b)(1) provides a further statutory basis underlying the contempt findings above, because the Court is also the court where the discovery was originally sought – not just the court where the Motion to Compel and Motion for Show Cause Order were filed.  *See In re Chase & Sanborn Corp.*, 872 F.2d 397 (11th Cir. 1989), *rev'd on other grounds by Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) (holding that a bankruptcy court may impose sanctions under Fed. R. Civ. P. 37(b) so long as (1) evidence in the record supports sanctions for failing to obey a discovery order and (2) the bankruptcy court articulates whether the sanction was intended to be compensatory or coercive).

> **e. Rule 37(b)(2)(C) Sanctions Are Appropriate Against Ms. Mei Guo, HK International Funds Investments (USA) Ltd., LLC, Attorney Vartan, and Chiesa Shahinian & Giantomasi PC**

"Counsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests."  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990).  For this reason, Federal Rule of Civil Procedure 37(b)(2)(C) provides

> (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980); *Apex Oil*, 855 F.2d at 1013, 1014–15.  The Court notes that Fed. R. Civ. P. 37(b)(2)(C) describes mandatory sanctions, should the conditions described arise.  As discussed above, the failure to comply was not "substantially justified."  For the most part, the HK Parties did not have any explanation at all.  Presently, there are no circumstances that would make an award of expenses unjust.  Therefore,

the question before the Court is who must be ordered to pay reasonable expenses, including

attorney's fees, caused by the failure of the disobedient parties—Ms. Guo, HK USA, and/or

Attorney Vartan and CSG.

For the reasons set forth above, the Court has concluded that the HK Parties are both in

contempt of Court.  Therefore, for those same reasons, the Court also finds that Rule 37(b)(2)(C)

sanctions are appropriate to enter against each of the HK Parties.

Furthermore, Attorney Vartan and CSG, at best, materially misrepresented to the Court

that it would proceed with production in its Motion for an Extension of Time.  At worst,

Attorney Vartan and CSG knowingly made false statements to the Court.  Regardless, the actions

of Attorney Vartan and CSG are not acceptable in any way.  The Court relied on Attorney

Vartan's and CSG's representations in crafting the Show Cause Order, which gave the HK

Parties several additional weeks to comply.  Moreover, it is clear from the Deposition – both in

Attorney Vartan's conduct during the Deposition and the discussion of the failure to produce

documents in the Adversary Proceeding prior to the Deposition – that this is part of a pattern of

unacceptable, obstructionist behavior of Attorney Vartan and CSG.  (Deposition at 166:12–20,

167:6–20 (discussing NDAs related to the Lady May and the failure of the HK Parties and CSG

to produce them).)  Therefore, on the basis of these findings, the Court also sanctions Attorney

Vartan and CSG under Rule 37(b)(2)(C).  *Cf. Martin v. Brown,* 63 F.3d 1252 (3d Cir. 1995).

The Second Circuit has affirmed the imposition of a sanction of attorneys' fees and costs

on a law firm or individual lawyer that served as counsel to a party jointly and severally with the

party under Rule 37.  *See, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d. Cir.

1990); *Friedman v. Shree PLC*, Civil No. 3:14CV00378 (AWT) (D. Conn. Sept. 15, 2017), ECF

No. 311, *aff'd by* Civil No. 3:14CV00378 (AWT) (D. Conn. Oct. 17, 2019), ECF No. 368, *aff'd by Friedman v. Radjuko*, 854 F. App'x 390 (2d Cir. 2021).

The Court hopes it is impressed upon Attorney Vartan and CSG that the Court is a court of law, and as lawyers appearing before this Court, they need to act appropriately and in accordance with their obligations as officers of the Court.  In the Motion for Extension of Time, Attorney Vartan represented to the Court that the HK Parties would produce documents to the Trustee on a rolling basis.  No documents were produced to the Trustee, let alone on a rolling basis, until eleven (11) documents were produced at approximately 8:30 p.m. on March 6, 2023.  Nevertheless, Attorney Vartan argued before the Court that he had made no false representations.  The Court thereafter warned Attorney Vartan that Rule 11 sanctions could enter against him for his misconduct.  While the Court declines to do so at this time, it hopes that Attorney Vartan takes this admonition to heart.

### f.  Standard For Sanction of Attorneys' Fees and Costs

Sanctions of attorneys' fees and costs must be "compensatory rather than punitive in nature."  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017).  Hence, the Supreme Court has held that

> A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned. But if an award extends further than that—to fees that would have been incurred without the misconduct—then it crosses the boundary from compensation to punishment. Hence the need for a court, when using its inherent sanctioning authority (and civil procedures), to establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party.

*Id.*  It does not matter that the Objection to Motion to Compel was partially sustained.  *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 288 (2d. Cir. 2021) (sanctions of attorneys' fees and costs discussed in different context).  Therefore, the Court sanctions the HK Parties, Attorney Vartan, and CSG reasonable attorneys' fees and costs related to the preparation and prosecution of the

Motion to Compel and the continued efforts by the Trustee to bring the HK Parties into compliance, including any ongoing efforts.  The fees and costs of the Trustee were incurred because the HK Parties failed to comply with the Subpoenas and persisted in non-compliance with the assistance of counsel, even after the Order to Compel Production and the Show Cause Order entered.  They persist in non-compliance to this day.

## V.  CONCLUSION

For the reasons stated above and on the record, pursuant to the failure to comply with the Order Compelling Production and the Order to Show Cause, both under the Court's inherent contempt power and pursuant to Fed. R. Civ. P. 37(b)(1) and 37(b)(2)(A)(vii), the Court finds Ms. Mei Guo and HK International Funds Investments (USA) Limited, LLC in contempt of court and sanctions them appropriately as set forth below.  Furthermore, for the reasons stated above and on the record, pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Court sanctions Ms. Mei Guo, HK International Funds Investments (USA) Limited, LLC, Attorney Vartan, and CSG for attorneys' fees and costs incurred on account of their noncompliance.  Accordingly, it is hereby

**ORDERED:**  Ms. Mei Guo and HK International Funds Investments (USA) Limited, LLC ("HK USA") shall at or before 11:59 p.m. on March 13, 2023 – the date they sought in the Motion for Extension of Time – purge themselves of contempt through complete compliance with the Order Compelling Production and the Show Cause Order; and it is further

**ORDERED:**  Should Ms. Guo and HK USA fail to purge their contempt at or before 11:59 p.m. on March 13, 2023, the Trustee may move for any sanction against Ms. Guo and HK USA, including without limitation those listed under Fed. R. Civ. P. 37(b)(2)(A); and it is further

**ORDERED:**  Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Ms. Guo, HK USA, Attorney Vartan, and Chiesa Shahinian & Giantomasi PC ("CSG") are jointly and severally liable and

sanctioned, as compensatory damages, reasonable attorney's fees and costs associated with the Trustee's efforts to secure compliance with the Court-authorized Subpoenas from the preparation and prosecution Motion to Compel through and including the reasonable attorneys' fees and costs spent in relation to ongoing efforts to secure compliance, which reasonable attorneys' fees and costs shall be payable to the Chapter 11 estate of Ho Wan Kwok and be determined by the Court upon the fee application(s) of the Trustee, which application(s) are to be submitted on or before March 24, 2023.

Dated at Bridgeport, Connecticut this 10th day of March, 2023.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut