Richard N. Freeth
Freeth & Associates, LLC
260 Madison Ave., 8th Floor
New York, New York 10016
(917) 775-7082

Attorneys for Himalaya Investment LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
------------------------------------------------------------------X
In Re:

      HO WAN KWOK, et al.                  Chapter 11
                                                Case No.: 22-50073(JAM)
                          Debtor.

------------------------------------------------------------------X

**NOTICE OF HIMALAYA INVESTMENT LLC'S MOTION TO QUASH SUBPOENA**

TO: Patrick R. Linsey, Esq.
NEUBERT, PEPE & MONTEITH, P.C.
195 Church St., 13th Floor
New Haven, CT 05610
Attorneys for Trustee

United States Bankruptcy Court
District of Connecticut

      Himalaya Investment LLC (the "Movant"), an Arizona registered limited liability company, by and through undersigned counsel, Richard N. Freeth, hereby files this motion (the "Motion") for entry of an order, to quash the subpoena issued by the Trustee in the above-captioned matter, dated January 24, 2023 (the "Subpoena"), attached hereto as "Exhibit A," and represents in support hereof as follows:

**PRELIMINARY STATEMENT**

      **1.**      The Trustee, in disregard of the Federal Rules regarding the serving of subpoenas upon non-parties, has sent an overbroad and unduly burdensome set of demands, and demand -- on an erroneous party -- to appear at a counsel's offices in New York, NY, to the Movant -- a limited liability company registered in Arizona, owned by an Arizona resident, and its only business address in Arizona. Notably, more than 100 miles from this Honorable Court. On this basis alone the subpoena must be quashed.

1

2. Further, the Trustee, or his Counsel, have failed to perform to that level of professionalism expected of Federally appointed trustees, in that they failed to perform sufficient due diligence to confirm the identity of the Movant before serving them with an overbroad and unduly burdensome set of discovery demands, as the Movant is in no way connected to the Debtor, or the Creditors, or any asset, claim or item subject to the proceedings in this action.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

4. The legal predicates for the relief requested herein are Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

**FACTS**

5. Himalaya Investment LLC is composed of one Member, Jiaming Liu,[1] who also serves as the Manager and Organizer.

6. The Movant's sole principal does not have any knowledge or information regarding the business(es) of the Debtor at any time prior to the Petition Date or at present.

7. The Movant has had no prior contact with any of the parties.

8. Mr. Liu, the sole member of the Movant, immigrated from China to the USA in December 2010 at the age of 23.

9. In the last two years, Mr. Liu has worked as a delivery driver with a monthly income at around $3000.

---

[1] Mr. Liu has previously moved for the same relief, but for himself personally. Counsel for the Trustee has suggested that the subpoena served on Mr. Liu for the LLC are not covered by the first motion filed by your Undersigned. Therefore, despite efforts to save the filing of yet another motion, Mr. Liu is compelled to file the instant motion as a formality in light of the fact that the Trustee served a separate subpoena on Mr. Liu's LLC and has a short while ago indicated that he, through Trustee's Counsel, is unwilling to negotiate to resolve the issues surrounding these two subpoenas with Undersigned Counsel as one issue, and will in this instance stand on formalities.

10. On December 22, 2022, Mr. Liu received a two-pound package of nearly four hundred pages of documents from Defendants. Mr. Liu thought the delivery was a mistake.

11. Then, on January 20, 2023, Mr. Liu received a FedEx delivery of a Connecticut Bankruptcy Court order, dated January 13, 2023, which provided for limitations against certain individuals and entities from engaging in protests against certain parties involved in this proceeding, and other related individuals and entities associated with the Chinese Communist Party.

12. On January 23, 2023, Mr. Liu made a phone call to 203-821-2000. He was connected to the Trustee's office at the offices of Paul Hastings. Mr. Liu tried to explain to the Trustee's office that he was not the person they were looking for, that his company was not the company the trustee should go after, and that the trustee's office must have made a mistake.

13. Rather than listen to Mr. Liu, the Trustee's lawyer's office confirmed Mr. Liu's name and address, but otherwise did not answer any further questions, nor acknowledge Mr. Liu's protestation that he was not connected to these proceedings, or the entities or individuals involved, in any way.

14. On the very next day, on January 24, 2022, around 2:00 pm MST, Mr. Liu was served with the subpoena by a court officer from Maricopa County Superior Court, Tonya Arruda.

15. As a result of this repeated and gratuitous service of a massive set of documents on Mr. Liu, he started to panic. He could not focus his attention for the remaining of the day and becoming fearful, anxious and disoriented. Indeed, during this period, while operating his vehicle, a 2015 Toyota Prius near his residence in Scottsdale Arizona, Mr. Liu was unable to focus his attention because of his concerns on being subpoenaed. As a result of such disorientation, Mr. Liu failed to yield from a stop sign and hit the vehicle from the opposing direction.

16. The Movant's principal suspects that he and his LLC were served the respective Subpoena because Mr. Liu employed the word "Himalaya" (the highest and maybe most famous mountain range in the world). The Movant was registered Himalaya Investment LLC in June 2020. The Movant does not know Ho Wan Kwok. Movant does not follow the Whistleblower Movement, with which Ho Wan Kwok is associated. Even though service of the subpoenas on Mr. Liu, and on the Movant, was improper, Mr. Liu

and the Movant have indicated to the Trustee, through its Counsel, that Mr. Liu is willing, in lieu of being deposed and etc., to provide an affidavit indicating that he does not know any of the persons or entities listed in the subpoenas, and has no documents responsive to any of the requests. It would appear that this is not acceptable to the Trustee.

**RECIPIENT SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS**

17. The Court should impose sanctions against the Trustee under Federal Rule 45 because he did not take any reasonable steps to avoid imposing undue burden or expense to Movant. Under Federal Rule 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Further, "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). "Under Rule 45(d)(1), a court must conduct a two-part inquiry to determine: (1) whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and (2) if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." Saint-Jean v. Emigrant Mortg. Co., 2015 U.S. Dist. LEXIS 197754, at *14 (E.D.N.Y. Oct. 7, 2015) (imposing sanctions because the subpoenas "were not reasonably tailored to produce information relevant to [the]" case and they should not have been issued). "The burden falls upon the serving party to prove that it has complied with this mandate." In re Faiella, 2008 Bankr. LEXIS 1452, at *13 (Bankr. D.N.J. Apr. 18, 2008).

18. Here, the Trustee took no steps to avoid imposing an undue burden. It was utter disregard to the Movant as a person, and disrespect for his time, and energy, and financial situation.

19. The Movant even called the Trustee's firm to explain how they had the wrong person, and he was utterly ignored. Rather than check their information, the Trustee has the Movant served with the same mass of documents via in-person service.

20. <u>Here, the only due diligence criteria used by the Trustee and or Trustee's Counsel to serve these subpoenas would appear to have been the use of the name of most famous mountain chain in the world in a corporate entity</u>. That is all. As a result, they intend to put someone under oath and compel him to answer invasive personal questions, spending his time and resources, and delve into his non-public business affairs. Who do these people think they are? What's the real motivation here? Intimidation of Mr. Liu for some other reason? Is it racially motivated? Your Undersigned can only speculate at this time.

21. Sanctions under Federal Rule 45(d)(1) are meant to protect parties from the misuse of subpoenas. "Sanctions are properly imposed, and attorney's fees are awarded where" the party improperly issuing the subpoena "refused to withdraw it, requiring the non-party to institute a motion to quash." <u>Breaking Media, Inc. v. Jowers</u>, 2021 U.S. Dist. LEXIS 67473, at *18 (S.D.N.Y. Apr. 7, 2021).

22. The undersigned contacted the law offices of Newbert, Pepe & Monteith, listed at the attorney representing the Trustee, February 15, 2023 and February 20, 2023 in an effort to negotiate a stipulation in lieu of this motion, and Trustee's counsel declined to participate in any meaningful way, thus obligating the filing of this motion.

Dated: March 13, 2023

Freeth & Associates, LLC

By: *[signature]*
Richard N. Freeth

260 Madison Ave., 8th Fl.
New York, NY 10016
(917)775-7082

Attorneys for Himalaya Investment LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------------*X*

In Re:

       HO WAN KWOK, et al.                        Chapter 11
                                                                   Case No.: 22-50073(JAM)

                                  Debtor.

-------------------------------------------------------------------X

This matter having come on before the Court on the Motion to Quash Subpoena filed on behalf of Himalaya Investment LLC. The parties appeared by and through their respective counsel of record.

The Court, having considered the submissions of the parties, including all of the records, files, and proceedings herein, finds that the Subpoena is unreasonable, oppressive, and without merit.

IT IS ORDERED that the Subpoena dated January 24, 2023, and served on Himalaya Investment LLC, is QUASHED. THE MOTION FOR PROTECTIVE ORDER IS GRANTED.

                                                                                                                  _____