# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No: 22-50073 (JAM) |
| HO WAN KWOK,<br><br>        Movant,<br><br>v.<br><br>LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE<br><br>        Respondent. | |

## DECLARATION OF MEI GUO, IN HER CAPACITY AS THE SOLE MEMBER OF HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC

I, Mei Guo, hereby declare:

1. I am the sole member of HK International Funds Investments (USA) Limited, LLC ("HK USA"). I make this declaration in order to demonstrate HK USA's compliance with the Trustee's Rule 2004 subpoena directed to HK USA (the "Subpoena"), and in response to the Court's March 10, 2023 Order (ECF No. 1537), holding HK USA in contempt and issuing sanctions for purported discovery violations.

### RELEVANT BACKGROUND REGARDING HK USA

2. In order for the Court to understand HK USA's compliance with the Subpoena, some background is important for the Court to understand what HK USA is, and what it is not.

3. HK USA was formed on September 11, 2018.

4. I am the sole member of HK USA, as memorialized in the HKI International Funds Investments (USA) Limited, LLC Agreement, dated April 1, 2019.

5. On or about April 17, 2020, I transferred ownership of the Lady May from Hong Kong International Funds Investments Limited ("HK International") to HK USA.

6. The Trustee is well familiar with these facts, as HK USA's corporate and formation documents were produced to the Trustee long ago, along with the transfer documents, which have been utilized by the Trustee in the adversary proceeding captioned *HK International Funds Investments (USA) Limited, LLC v. Ho Wan Kwok*, Adversary Proceeding No. 22-05003 (the "Adversary Proceeding").

7. The Trustee also understands, and confirmed during my deposition in the Adversary Proceeding, that the Lady May is the only asset of HK USA. The $37 million loan that HK USA took from Himalaya International Financial Group Limited ("Himalaya") in connection with the April 29, 2022 Stipulated Order "Compelling HK [USA] to Transport and Deliver That Certain Yacht, The 'Lady May'" (ECF No. 294) is not an asset; it is a liability.

8. During my deposition, Trustee's counsel confirmed:

> Q. Today, other than the Lady May and the $37 million that you took as a loan from Himalaya, does Hong Kong International USA have any other assets?
> …
> A. No.
> BY MR. LUFT:
> Q. Hong Kong International USA has no bank accounts, correct?
> A. Correct.

(Tr. 140:2-11).

9. Trustee's counsel also confirmed that HK USA has "no directors, officers, or employees; has no dedicated email servers or email suffixes; does not file tax returns; and has no bank account and it is not otherwise capitalized." (Tr. 141:9-14).

10. This is correct, and has been true since HK USA's formation in 2018.

2

## THE RULE 2004 SUBPOENA

11. On August 19, 2022, HK USA was served with the Subpoena. HK USA thereafter served timely objections to the document requests attached to the Subpoena, asserting objections to certain of the enumerated Instructions and Definitions included with the requests for production, as well as objections to certain of the requests for production.

12. On or about October 28, 2022, the Trustee filed a motion pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure seeking among other things, to compel HK USA to comply with the Subpoena.

13. HK USA, however, did produce documents in response to the Subpoena.

14. Specifically, on September 19, 2022, HK USA produced documents bates numbered HK/MG-0001-HK/MG-00093, consisting of HK USA's corporate documents and records. Shortly thereafter, on September 28, 2022, HK USA supplemented its production by producing documents within the possession of its counsel, Zeisler & Zeisler, P.C., bates numbered HK-MG 00094-HK-MG 02206. This production included documents and correspondence related to the return of the Lady May to Connecticut, the loan from Himalaya, and the agreement that became a Stipulated Order of this Court related to the Lady May, and the release of the proceeds of the Himalaya Loan from escrow.

15. HK USA also produced copies of other agreements in its possession, including agreements with the crew members of the Lady May, and a non-disclosure agreement given to crew members, as well as documents relating to the management of the yacht.

16. On November 14, 2022, HK USA filed its opposition to the Trustee's motion to compel and represented that "Ms. Guo and HK USA produced documents responsive to requests

3

related to HK USA and the Lady May. Other than documents related to their personal assets, HK USA and Ms. Guo have not withheld any responsive documents. HK USA owns the Lady May and nothing more so documents related to its assets were produced." (ECF No. 1090).

17. Thus, HK USA represented as early as November 2022 that it was not withholding documents responsive to the Subpoena.

18. HK USA supplemented its production on January 4, 2023, and produced additional documents responsive to the Subpoena, including email correspondence relating to the loan from Himalaya.

19. In total, HK USA and I have produced over two-thousand pages of documents in response to the Subpoena.

20. On January 20, 2023, the Court entered an Order granting the Trustee's motion to compel, in part (the "January 20 Order") (ECF #1353).

21. Relevant to the Subpoena, the January 20 Order directed that:

Mei Guo and HK (USA) shall, by 5:00 p.m. on January 31, 2023, search for and produce to the Trustee:

(i) documents responsive to the Trustee's requests, *except as to the documents that concern the Lady May*, dated June 1, 2014, or later, unless a particular request specifies a different time period and such time period does not begin before June 1, 2014;

(ii) documents responsive to the Trustee's requests, *except as the documents concern the Lady May*, as to both assets the Debtor acknowledges he owns and assets that allegedly belong to persons or entities other than the Debtor, including without limitation his family members, including Mei Guo herself, and associated entities, including HK (USA) itself; and

(iii) documents responsive to the Trustee's requests that are within their custody, possession, or control, *except as to the documents that concern the Lady May*, including without limitation documents in the files of their current or former counsel and other agents and advisors, unless such documents have already been produced by their current or former counsel and other agents and advisors but without consideration of any potential future production by their current or former counsel and other agents and advisors.

(ECF #1353) (emphasis added).

## HK USA'S COMPLIANCE WITH THE SUBPOENA AND COURT ORDER

22. Upon receipt of the January 20 Order, I re-reviewed the Subpoena to HK USA, along with the documents previously produced by HK USA.

23. In so doing, I confirmed that HK USA previously produced to the Trustee all responsive documents in its possession, custody and control, in its productions of September 19, 2022, September 28, 2022, and January 4, 2023.

24. As explained above, I am the sole owner of HK USA, and HK USA does not have any employees or maintain any bank accounts. Indeed, the Lady May is HK USA's sole asset.

25. Moreover, the only documents and communications that I maintain for HK USA relate to the Lady May, which documents were excluded from the January 20 Order.

26. I further reviewed the email accounts I utilize for matters relating to the Lady May, XXXXXX1989@gmail.com and XXXXXXXX@gmail.com, and confirmed that there were no non-privileged communications responsive to the Subpoena, relating to the Lady May or otherwise.

27. Moreover, while I do not use my personal email account for matters relating to HK USA, I nonetheless searched my personal email account for communications relating to HK USA and the Lady May, and did not find any responsive communications.

28. I previously produced my text message correspondence with Craig Heaslop, who previously captained the Lady May.

29. I have conducted a diligent search for documents responsive to the Rule 2004 Subpoena, and have not found any additional documents or communications on behalf of HK USA beyond the two-thousand pages previously produced to the Trustee.

30. As previously represented, HK USA has not withheld documents responsive to the Subpoena, and respectfully submits that it is in compliance with both the Subpoena and the Court's subsequent orders.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated at New York, NY this 13$^h$ day of March, 2023.

Mei Guo

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                                      */s/ Lee Vartan*
                                                                                                      Lee Vartan