**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, ) | (Jointly Administered) |
| ) | |
| Debtors.[1] ) | Re: ECF No. 1328 |

## ORDER GRANTING MOTION TO SEAL AND FOR PROTECTIVE ORDER

Before the Court is the Motion to Seal (ECF No. 1328, the "Motion to Seal") an exhibit (ECF No. 1327, the "Confidential Exhibit") filed on January 13, 2023, by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the estate of Mr. Ho Wan Kwok (the "Debtor"), in support of the Trustee's Objection (ECF No. 1326, the "Objection") to the Motion for Order Removing Trustee (ECF No. 1274, the "Removal Motion"). The Motion to Seal petitions the Court to (a) seal the Confidential Exhibit and (b) enter a protective order limiting disclosure of the exhibit to Zeisler & Zeisler, P.C. ("Z&Z") and Chiesa Shahinian & Giantomasi PC ("CSG").

On January 27, 2023, the Debtor, Ms. Mei Guo, and HK International Funds Investments (USA) Ltd., LLC ("HK USA," and, together with Ms. Guo, the "HK Parties") filed objections to the Motion to Seal. (ECF Nos. 1400–01, the "Debtor Objection" and the "HK Objection," respectively, and collectively the "Objections.") The Trustee filed a reply in support of the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Motion to Seal on January 30, 2023. (ECF No. 1415, the "Reply.") A hearing was held on January 31, 2023. For the reasons stated below, the Court grants the Motion to Seal.

The Motion to Seal states that the Confidential Exhibit reveals the identity of a confidential informant (the "Informant") who provided information to the Trustee during his ongoing investigation of the assets of the Debtor's estate. The Trustee argues that the Informant fears for their safety if the Debtor and his associates learn the identity of the Informant. The Trustee represents that he shares the Informant's fears and argues they are reasonable as evidenced by the conduct underlying the preliminary injunction the Court issued in a related adversary. (Corrected Order Granting in Part Motion for Preliminary Injunction (*Pac. All. Asia Opportunity Fund LP v. Kwok (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05032 (JAM) (Bankr. D. Conn. Jan. 13, 2023), ECF No. 124, the "Social Media & Protest Injunction.") The Trustee further argues the protections afforded documents designated "Confidential" or "Highly Confidential" by a producing party under the Protective Order (ECF No. 923, the "Protective Order") are insufficient in this instance. Finally, the Trustee argues that Attorneys Aaron Mitchell and Melissa Francis are effectively the Debtor's in-house counsel and that the Debtor's and the HK Parties' outside counsel, Z&Z and CSG, should be the only parties to receive the Confidential Exhibit.

The Debtor argues that the Motion to Seal should be denied to the extent it: (i) seeks protections greater than those provided by the Protective Order; and (ii) prevents the Debtor from accessing the Confidential Exhibit because the Confidential Exhibit was, at the time of the Debtor Objection, intended for use during an evidentiary hearing scheduled to be held on the Trustee's Application for Prejudgment Remedy and Motion for Preliminary Injunction in a related adversary proceeding. The Debtor asserts there is no basis to believe the argument that

the Informant and the Trustee are concerned for the Informant's safety and that the Debtor is, *sub rosa*, being deprived of his right to counsel.

The HK Parties advance the same arguments as the Debtor. In addition, the HK Parties argue that insofar as the Social Media & Protest Injunction may provide a basis to restrict the Debtor's access to the Confidential Exhibit, it does not provide a basis to restrict the HK Parties' access to the Exhibit as the Court has not previously found that the HK Parties engaged in a social media and protest campaign of harassment in relation to these Chapter 11 cases.

In reaching its decision on this matter, the Court first notes that the Confidential Exhibit is already sealed by the Order Granting in Part Motion to Seal, *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Est. of Kwok (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. Mar. 14, 2023), ECF No. 129. In this connection, the Court also notes that there have been repeated issues raised to keep the contents of the Confidential Exhibit confidential. *See* Order Granting Motions to Seal, *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Est. of Kwok (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. Mar. 14, 2023), ECF No. 128. During a hearing on March 15, 2023, when Attorney Vartan of CSG stated contents from the Confidential Exhibit on the record, the Court warned him and others that any further such disclosures would result in sanctions.

The Court also notes that the HK Parties have consented to the entry of a prejudgment remedy and preliminary injunction. *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Est. of Kwok (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05003 (JAM) (Bankr. D. Conn. Mar. 16, 2023), ECF Nos. 140 and 142.

For these reasons, the Objections are largely moot. The remaining issue for the Court is whether there is cause to enter a protective order to prevent disclosure of the Confidential Exhibit to any party other than Z&Z and CSG.

The Court finds the Debtor's argument that there is no credible basis for concern about what might happen if the Confidential Exhibit is disclosed to the Debtor is, effectively, an impermissible collateral attack on this Court's prior orders. The Court has found that "[t]he Debtor supports, encourages, and is the leader of a social media and protest campaign targeting the [the Trustee and Pacific Alliance Asia Opportunity Fund LP ("PAX"), a creditor in these cases], their counsel, and their relatives, at personal homes and workplaces." Social Media & Protest Injunction, at ¶ 77. The Court has also expressed concern with similar activity toward other creditors in these cases. (*See* ECF No. 1399.) The Court finds the Informant's and the Trustee's concerns about what would happen should the Debtor learn the Informant's identity valid under the circumstances of this case.

Ms. Guo is the Debtor's daughter and the only member of HK USA. Ms. Guo is deeply involved in the Debtor's family's business interests, which are alleged to be the Debtor's business interests. Ms. Guo holds various assets that are alleged to be the Debtor's assets – some of which other courts have indeed found to be the Debtor's assets. *See, e.g.*, *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL), 2021 WL 2554631 (S.D.N.Y. 2021). Ms. Guo is deeply intertwined with the Debtor and the Court concludes there is a definite risk in disclosing the Informant's identity and other contents of the Confidential Exhibit to her or HK USA.

Attorney Francis is in-house counsel to Golden Spring (New York) Ltd. ("Golden Spring"). Golden Spring is a family fund for the Debtor's family and is purportedly controlled

by the Debtor's son, Mr. Qiang Guo. Attorney Kindseth of Z&Z has represented to the Court that Attorney Francis is involved in procuring legal representation for the Debtor. The Court concludes there is definite risk in disclosing the Informant's identity and other contents of the Confidential Exhibit to Attorney Francis.

Attorney Mitchell is an attorney at Lawall & Mitchell, LLC, who represents the Debtor in these cases on a *pro bono* basis. (ECF No. 1448.) The Trustee attaches to the Reply a court filing wherein Attorney Mitchell uses the same address for Lawall & Mitchell, LLC as the Debtor used in his bankruptcy petition (ECF No. 1) and which has been used for numerous entities allegedly related to the Debtor, such as Golden Spring. Attorney Kindseth has stated on the record that he is not sure what Attorney Mitchell's engagement with the Debtor is. The Trustee has represented that Attorney Mitchell acts as a conduit for access to the Sherry Netherland Apartment. The Court concludes there is definite risk in disclosing the Informant's identity and other contents of the Confidential Exhibit to Attorney Mitchell.

The Court reiterates its warning to all parties on the record at the March 15, 2023, hearing regarding the Confidential Exhibit and the information contained in the Confidential Exhibit. Noncompliance with this Order is subject to sanction by this Court.

Accordingly, it is hereby

**ORDERED:** The Motion to Seal is **GRANTED** as set forth herein; and it is further

**ORDERED:** The Confidential Exhibit, which appears at ECF No. 1327, is sealed until further order of the Court. For the avoidance of doubt, the rights of the Debtor and the HK Parties to move to unseal the Confidential Exhibit are preserved; and it is further

**ORDERED:** The Trustee shall the Debtor's counsel at Z&Z and shall serve the HK Parties' counsel at Z&Z and CSG with the Confidential Exhibit; and it is further

**ORDERED:** The Debtor's counsel at Z&Z and the HK Parties' counsel at Z&Z and CSG are prohibited from discussing, identifying, disclosing, sending, mailing, forwarding, or in any way disseminating the Confidential Exhibit, the Confidential Exhibit's subject matter, the contents of the Confidential Exhibit, the information contained in the Confidential Exhibit, and the identity of the Informant, etc. to any persons or entities other than the Trustee and his counsel, the Debtor's counsel at Z&Z, and the HK Parties' counsel at Z&Z and CSG. For the avoidance of doubt, the Debtor's counsel at Z&Z and the HK Parties' counsel at Z&Z and CSG are prohibited from disclosing the Confidential Exhibit to any person or entity related to the Debtor, including, without limitation, the Debtor, the HK Parties, the Debtor's other counsel or professionals, the Debtor's other family members and associates; and it is further

**ORDERED:** Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case; the United States Trustee shall comply with its obligations under 11 U.S.C. § 107(c)(3)(B).

Dated at Bridgeport, Connecticut this 17th day of March, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut