**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | CHAPTER 11<br><br>Case No. 22-50073(JAM) |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE**

Pursuant to D. Conn. L. Civ. R. 7(b), made applicable by Local Bankr. R. 1001-1(b), defendant Ho Wan Kwok, the individual debtor (the "Individual Debtor"), respectfully moves for a thirty (30) day extension of time, from March 28, 2023 to and including April 27, 2023, to respond to the Chapter 11 Trustee's (the "Trustee") Motion for Order to Show Cause Why Debtor, Mei Guo, and HK (USA) Should not be Held in Contempt of Court for Failure to Comply with Order Compelling Compliance with Rule 2004 Subpoenas and Sanctioned for Such Conduct (the "Order to Show Cause" (Doc. No. 1453)). The Individual Debtor states that good cause exists to grant the requested extension based on the following:

1.      On January 20, 2023 this Court entered its Order Granting In Part Motion to Compel Compliance with Rule 2004 Subpoenas (the "Motion to Compel Order") Doc. No. 1353). As it relates to the Individual Debtor, the Motion to Compel Order required him to produce certain categories of documents by 5:00 p.m. on January 31, 2023, and to file, by 5:00

---

[1] The Debtors in these jointly administered chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.

p.m. on February 7, 2023, a sworn declaration concerning, *inter alai*, efforts to locate and review responsive documents.

2. The Individual Debtor's counsel thereafter informed the Trustee's counsel by email that the "[Individual Debtor] is asserting his rights under the 5th Amendment, including any rights under the Act of Production Doctrine," and on February 7, 2023, the Individual Debtor filed a sworn declaration stating:

> I am the Debtor in the above-captioned Chapter 11 case and am in receipt of the Court's order on the Trustee's Motion to Compel, dated January 20, 2023, Doc. No. 1353. I hereby invoke my rights under the 5th Amendment to the United States Constitution, including under the act of production doctrine, with respect to the Subpoena dated August 17, 2022, in its entirety, including all requests for documents and information set forth therein.

February 7, 2023, Declaration of Mr. Ho Wan Kwok Concerning Invocation of Fifth Amendment Privilege in Regard to Rule 2004 Discovery (Exhibit A to Doc. No. 1444).

3. The Order to Show Cause challenges the Individual Debtor's invocation of his Fifth Amendment privilege in response to the Motion to Compel Order, and seeks to hold the Individual Debtor in contempt.

4. On February 13, 2023, this Court issued its Order Granting In part Motion for Order to Appear and Show Cause Why the Court Should not Hold the HK Parties in Contempt of Court (the "February 13 Order" (Doc. No. 1455)). The February 13 Order stated that the Court would set a briefing schedule on the Individual Debtor's assertion of his Fifth Amendment privilege at the conclusion of the mediation. *Id.*, at 2.

5. Following the completion of the mediation, on March 7, 2023, this Court held a status conference on a number of matters. During the status conference the Court ordered the Debtor to respond to the Order to Show Cause by March 28, 2023.

6. As the Court is aware, on the morning of March 15, 2023, less than six weeks after the Individual Debtor invoked his Fifth Amendment privilege in response to the Motion to Compel Order, a twelve count indictment was unsealed in the United States District Court for the Southern District of New York charging the Individual Debtor and Kin Ming Je, a/k/a "William Je" with various federal crimes. The Individual Debtor was arrested by federal law enforcement authorities on March 15, 2023, and remains in federal custody; the Department of Justice has filed a lengthy memorandum arguing that the Individual Debtor should be denied bail and detained pending trial. *See USA v. Kwok*, 1:23cr118 (Doc. No. 7).

7. The Individual Debtor is currently being held at MDC Brooklyn. The Individual Debtor's bankruptcy counsel have not communicated with him directly since his arrest, and understand that his present focus and priority is on retaining criminal counsel and obtaining release on bail—as of March 20, 2023, the criminal case docket, *USA v. Kwok*, 1:23cr118, indicates that the Individual Debtor is represented by a public defender.[2]

8. The Individual Debtor and his bankruptcy counsel require the requested extension to fully assess the impact of the indictment and his arrest on the relief sought in the Order to Show Cause, and to work with criminal counsel, once retained, to fully and properly respond to the Order to Show Cause in light of these same incredibly serious events.

9. The Trustee will not be prejudiced by this extension. Indeed, even if the Court were to order the Individual Debtor to produce documents or other materials despite his Fifth Amendment invocation the Individual Debtor cannot do so as long as he remains incarcerated, which could be through trial.

---

[2] Criminal counsel that had previously advised the Individual Debtor on various matters will not be representing him in connection with his March 15 arrest and the indictment.

10. This is the Individual Debtor's first request for extension of time with respect to the foregoing time limitation.

11. Pursuant to D. Conn. L. Civ. R. 7(b)(2), counsel for the Individual Debtor has inquired of counsel for the Trustee as to Trustee's position on the requested extension of time, and the Trustee's counsel stated that the Trustee objects to the requested extension.

WHEREFORE, The Individual Debtor respectfully requests that the Court enter an order extending his time to respond to the Order to Show Cause by thirty (30) days, through and including April 27, 2023.

Dated at Bridgeport, Connecticut this 20$^h$ day of March 2023.

> THE DEFENDANT,
> HO WAN KWOK
>
> */s/ James M. Moriarty*
> Eric Henzy (ct12849)
> Aaron A. Romney (ct28144)
> James M. Moriarty (ct21876)
> Zeisler & Zeisler, P.C.
> 10 Middle Street, 15th Floor
> Bridgeport, Connecticut 06604
> Telephone: (203) 368-4234
> Facsimile: (203) 368-5485
> Email: ehenzy@zeislaw.com
>            aromney@zeislaw.com
>            Jmoriarty@zeislaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

CHAPTER 11

In re:

HO WAN KWOK, *et al.*,

Case No. 22-50073(JAM)

Debtors.³

**[PROPOSED]
ORDER GRANTING MOTION FOR
EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE**

Upon consideration of the Motion for Extension of Time to Respond to Order to Show Cause filed by the Individual Debtor Ho Wan Kwok; it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and it appearing that cause exists to grant the relief sought in the Motion; it is hereby

ORDERED, ADJUDGED, and DECREED that:

1. The Motion is GRANTED as set forth herein and the Individual Debtor Ho Wank Kwok shall file his response to the Order to Show Cause on or before April 27, 2023.

---

³ The Debtors in these jointly administered chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2023, a copy of foregoing Motion for Extension of Time to Respond to Order to Show Cause was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ James M. Moriarty*
James M. Moriarty (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5485
Email: Jmoriarty@zeislaw.com