UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------x

**EMERGENCY MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER
MODIFYING REPAIR RESERVE ORDER**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), respectfully submits this emergency motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), modifying the Court's *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 930] (the "Repair Reserve Order"), so as to allow up to $500,000 in operating, maintenance, and related expenses (including insurance premiums) for the Lady May to be funded out of the Repair Reserve (as defined in the Repair Reserve Order).[2] In support of this Motion, the Trustee states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] This Motion is premised on the Court granting the Trustee's pending motion for partial summary judgment [Docket No. 146 in Adv. Proc. No. 22-05003] (the "Partial Summary Judgment Motion") and determining that the Lady May is an asset of the Debtor's estate. The Court has scheduled a hearing on the Partial Summary Judgment Motion for March 27, 2023 at 11:00 a.m. (ET). By separate motion, the Trustee is requesting that this Motion be heard, on an expedited basis, immediately after the conclusion of the hearing on the Partial Summary

## PRELIMINARY STATEMENT[3]

1.     In the event that the Court grants the Trustee's Partial Summary Judgment Motion, the Trustee will be required to fund operating, maintenance, and related expenses, including insurance premiums, for the Lady May in order to protect and preserve this valuable asset for the benefit of the Debtor's creditors pending a future sale of the Lady May. Importantly, among other things, the Trustee must obtain and maintain protection and indemnity ("P&I") insurance with respect to the Lady May. As the Trustee previously reported to the Court, the current P&I policy is set to expire on March 28, 2023, and, as counsel for HK International Funds Investments (USA) Limited, LLC ("HK USA") confirmed to the Court, HK USA has been unable to procure an extension of the current P&I policy or obtain a new P&I policy. Accordingly, it is imperative that the Trustee obtain such insurance as soon as possible (assuming he prevails on the Partial Summary Judgment Motion).

2.     As the Court is aware, at this time, the cash balance in the trustee account (separate from the Repair Reserve) is *de minimis*—and practically negative, because expenses incurred to date have not been reimbursed. As HK USA detailed in its own (now-withdrawn) motion to modify the Repair Reserve Order to fund Lady May operating expenses out of the Repair Reserve [Docket No. 1216] (the "HK USA's Motion to Modify"), operating and maintenance expenses for the months of March and April 2023 are projected to be $324,224.25 and $110,724.25, respectively. *See* HK USA's Motion to Modify, Ex. B.

---

Judgment Motion. In the event the Partial Summary Judgment Motion is denied, the Trustee will withdraw this Motion without prejudice.

[3]   Capitalized terms used but not defined in the Preliminary Statement shall have the meanings ascribed to them later in the Motion.

3. At this time, the balance in the Repair Reserve, which is held by the Trustee for purposes of completing the service, maintenance, and repair for the Lady May, is approximately $3.4 million. While certain additional repair-related expenses have yet to be funded out of the Repair Reserve,[4] the Trustee believes that there is ample cushion to fund $500,000 in operating, maintenance, and related expenses for the Lady May, without running the risk that there would be insufficient funds to make repair-related payments.

4. The Trustee recognizes that HK USA asserts it is the owner of the funds that funded the Repair Reserve, but, as the Court is aware, the Trustee disagrees with that position and, instead, believes that these funds are property of the Debtor's estate. Indeed, the Court has already entered an order, to which HK USA consented, finding that:

> there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the Trustee.[5]

To secure that eventual judgment, the Court authorized the Trustee to attach, among other things:

> any interest and/or right to payment of the Counterclaim-Defendants [which includes HK USA] with respect to the funds—originally $37 million—that HK USA placed into an escrow account under the April 29, 2022 stipulation regarding the *Lady May*'s return to the United States.[6]

In other words, the Court has already concluded (on consent of HK USA) that there is probable cause that the Trustee will prevail on his claims in the HK USA Adversary Proceedings such that

---

[4] Certain repair-related expenses, in the amount of approximately $300,000, have not yet been funded out of the Repair Reserve, as the Trustee is awaiting a reconciliation from HK USA as to any insurance proceeds it received with respect to such repairs. (Any insurance proceeds would reduce the foregoing amount.) In addition, the repairs related to the sea valves have not yet been performed.

[5] *Order Granting Chapter 11 Trustee's Application for Prejudgment Remedy* [Docket No. 140 in Adv. Proc. No. 22-05003] at 2.

[6] *Id*.

3

he is entitled to recover such judgment from the funds in the Repair Reserve (which was funded from the $37 million originally held in escrow). Indeed, the Trustee's rights to the Repair Reserve are even *stronger* than the funds held in escrow because HK USA previously consented to the use of the funds in the Repair Reserve to preserve the Lady May, and the Trustee has custody and control of such funds.

5. In any event, as the Court will recall, the Trustee previously agreed to fund (and did fund) approximately $520,000 in operating and maintenance expenses out of the Repair Reserve for the period from November 2022 through February 2023.[7] Notably, the Trustee agreed to do so *before* he learned through his investigation that these expenses should have been paid by Lamp Capital LLC ("Lamp Capital"), an entity allegedly owned by the Debtor's son, Qiang Guo, pursuant to an operations and maintenance agreement with HK USA—an agreement that HK USA conveniently failed to mention in any of their motions and pleadings before this Court related to the Lady May and the Repair Reserve. As a result, approximately $520,000 less in funds are now subject to prejudgment attachment and, hence, available to the Trustee in the event he prevails in the HK USA Adversary Proceeding. Moreover, the Trustee submits that Lamp Capital is not just responsible for payment of operating expenses, but also repairs—raising serious questions about whether any portion of the $37 million originally in escrow should have even been used to fund a repair reserve (as opposed to Lamp Capital paying for all repairs in the first place).

---

[7] *See Consent Order Modifying Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 1255] (authorizing release of $298,558.28 from the Repair Reserve to fund Lady May operating expenses for November 2022 and December 2022); *Second Consent Order Modifying Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 1330] (authorizing release of $220,448.50 from the Repair Reserve to fund Lady May operating expenses for January 2023 and February 2023).

6. In light of this sequence of events, it would be fundamentally unfair, given Lamp Capital's failure to pay $520,000 in expenses (and HK USA's failure to disclose Lamp Capital's obligation to do so), not to allow the Trustee, an emergency basis, to use an equivalent amount from the Repair Reserve to fund expenses for the Lady May.

7. For all these reasons, the Trustee requests entry of an order modifying the Repair Reserve Order to authorize the Trustee to fund up to $500,000 out of the Repair Reserve to pay operating, maintenance, and related expenses for the Lady May.[8] To be clear, given the emergency nature of this Motion, the relief sought in this Motion is limited to funding $500,000 in expenses; however, the Trustee intends to seek separate relief to fund additional operating, maintenance, and related expenses for the Lady May (as may become necessary). For the avoidance of doubt, the Repair Reserve Order shall otherwise remain in place to fund the payment of repairs, including the repair of the sea valves.

8. Finally, while the Trustee recognizes that it previously opposed HK USA's Motion to Modify to fund operating and maintenance expenses of the Lady May out of the Repair Reserve, the Trustee did so because (a) HK USA sought such relief prior to the conclusion of the hearing on the PJR Application and (b) as noted, Lamp Capital was actually responsible for paying these expenses. Given that the PJR Application has now been granted (with the consent of the Counterclaim-Defendants) and given that it is clear—based on the HK USA withdrawing its motion—that Lamp Capital LLC will not be stepping up to pay such operating and maintenance expenses, the Trustee has no choice but to seek the relief set forth in this Motion.

---

[8] The Trustee intends, by separate motion, to request court authorization to fund, out of the aforementioned $500,000, fees and expenses of his expert (Dexter White), who is assisting the Trustee with procuring insurance and transitioning operations of the Lady May to the Trustee in the event the Trustee prevails on his Partial Summary Judgment Motion.

5

**JURISDICTION AND VENUE**

9. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

10. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**I. Establishment of the Repair Reserve for the Lady May**

11. On April 29, 2022, the Court entered its *Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, the "Lady May"* [Docket No. 299] (the "Stipulated Order") setting forth the terms and conditions regarding the return of the Lady May to the navigable waters of Connecticut. In accordance with the Stipulated Order, HK USA deposited $37,000,000 (the "Escrowed Funds") into an escrow account with U.S. Bank National Association. The Lady May was returned to the navigable waters of Connecticut in early July 2022.

12. On August 11, 2022, HK USA filed the *Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 728] (the "Repair Reserve Motion"), seeking to establish a reserve (the "Repair Reserve") to pay for certain repairs necessary to return the Lady May to good working order.

13. On October 7, 2022, upon the consent of the Trustee, HK USA, Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), the Official Committee of Unsecured Creditors, and creditors Rui Ma and Zheng Wu, the Court entered the Repair Reserve Order. Pursuant to the Repair Reserve Order, the Court (i) authorized the Trustee to hold a $4 million repair reserve (the "Repair Reserve") as escrow agent for the purpose of "securing the completion of the

6

service, maintenance and repairs required to be performed to restore the Lady May to good working order"[9] and (ii) allowed the Trustee to pay from the Repair Reserve the expenses incurred to perform required repairs for the Lady May. In accordance with the Repair Reserve Order and the related disbursement order [Docket No. 932], $4 million of the Escrowed Funds was transferred into the Repair Reserve.

14. On December 9, 2022, HK USA filed its motion to modify the Repair Reserve Order [Docket No. 1216] (*i.e.*, HK USA's Motion to Modify), seeking entry of an order authorizing and directing the Trustee to fund from the Repair Reserve certain amounts necessary to satisfy certain operating expenses for the Lady May that had been incurred and would be incurred over the subsequent five months. Attached to HK USA's Motion to Modify was a budget covering the period from November 2022 through April 2023. HK USA's Motion to Modify, Ex. B.

15. On January 2, 2023, the Trustee filed his initial objection [Docket No. 1276] (the "Initial Objection") to HK USA's Motion to Modify. The Trustee opposed the motion because, among other things, it was contrary to the terms of the Repair Reserve Order, which specifically set forth a mechanism to request the release of any excess in the Repair Reserve, which request may only be filed two weeks after the scheduled conclusion of the hearing on the Trustee's application for a prejudgment remedy [Docket No. 37 in Adv. Proc. No. 22-5003] (the "PJR Application") in the adversary proceeding styled *HK International Funds Investments (USA) Limited, LLC v. Ho Wan Kwok*, Adv. Proc. No. 22-05003 (JAM) (the "HK USA Adversary Proceeding").

---

[9]    Repair Reserve Order at 2.

16. On February 28, 2023, the Trustee filed his supplemental objection [Docket No. 1490] (the "Supplemental Objection") to HK USA's Motion to Modify. In the Supplemental Objection, the Trustee raised the additional objection that HK USA's Motion to Modify should also be denied because Lamp Capital contractually agreed to provide management and operational support to HK USA, which included maintaining its principal asset, the Lady May.

17. During the pendency of HK USA's Motion to Modify, but prior to learning about the Lamp Capital agreement still being in effect, the Trustee agreed to fund (and did fund) approximately $520,000 in Lady May operating expenses out of the Repair Reserve, namely $298,558.28 covering the period from November 2022 through February 2023.[10]

18. On March 17, 2023, HK USA's Motion to Modify was withdrawn without prejudice. *See* Docket No. 1551.

## II. HK USA Adversary Proceeding

19. On April 11, 2022, HK USA commenced the HK USA Adversary Proceeding against the Debtor and PAX, asserting that HK USA is the owner of the Lady May.

20. On September 23, 2022, the Trustee filed his Answer and Counterclaims [Docket No. 36 in Adv. Proc. No. 22-05003] and the PJR Application. On October 17, 2022, the Trustee filed his motion for a preliminary injunction [Docket No. 50 in Adv. Proc. No. 22-05003] (the "PI Motion") preventing HK USA and Mei Guo (the "Counterclaim-Defendants"), the Debtor's

---

[10] *See Consent Order Modifying Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 1255] (authorizing release of $298,558.28 from the Repair Reserve to fund Lady May operating expenses for November 2022 and December 2022); *Second Consent Order Modifying Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 1377] (authorizing release of $220,448.50 from the Repair Reserve to fund Lady May operating expenses for January 2023 and February 2023).

daughter and HK USA's owner, from transferring or encumbering their property wherever located.

21.  In his Answer and Counterclaims, the Trustee seeks a ruling that HK USA is an *alter ego* of the Debtor rendering all property of HK USA, including the Lady May and the $37 million deposited into escrow and/or rights related thereto under the applicable escrow agreement, property of the Debtor's chapter 11 estate. The PJR Application sought to attach, among other things, the Lady May and the $37 million that HK USA placed into escrow pursuant to the Stipulated Order to secure any judgment on the Trustee's claims in the Answer and Counterclaims.

22.  On March 15, 2023, the Court was scheduled to hear argument on the PJR Application and the PI Motion. At the hearing, the Counterclaim-Defendants consented to the entry of orders granting the PJR Application and the PI Motion. The corresponding orders were issued by the Court on March 17, 2023 (the "PJR Order" and "PI Order", respectively). *See* Docket Nos. 140 and 142 in Adv. Proc. No. 22-05003.

23.  In the PJR Order, the Court found, among other things, that

> there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the Trustee.[11]

To secure that eventual judgment, the Court also authorized the Trustee to attach sufficient property of the Counterclaim-Defendants to secure the amount of the Judgment (as defined in the PJR Order), including:

> any interest and/or right to payment of the Counterclaim-Defendants [which includes HK USA] with respect to the funds—originally $37

---

[11] PJR Order at 2.

9

million—that HK USA placed into an escrow account under the April 29, 2022 stipulation regarding the *Lady May*'s return to the United States.[12]

24. On March 19, 2023, the Trustee filed the Motion for Partial Summary Judgment and the related *Memorandum of Law in Support of Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Partial Summary Judgment on First Counterclaim* [Docket No 147 in Adv. Proc. No. 22-05003], pursuant to which the Trustee requested that this Court grant partial summary judgment in his favor on the first counterclaim (the "First Counterclaim") in the Trustee's Answer and Counterclaims, which seeks a declaratory judgment that the Lady May is property of the Debtor's estate.

25. Concurrently with the Motion for Partial Summary Judgment, the Trustee also filed a motion to expedite the hearing on that motion [Docket No. 149 in Adv. Proc. No. 22-05003] (the "Motion to Expedite SJ Hearing"). As detailed in the Motion to Expedite SJ Hearing, the Trustee was (and continues to be) deeply concerned about HK USA's willingness and/or ability to maintain the Lady May (including procuring adequate insurance) and believes that there is a real risk that HK USA may simply abandon the Lady May. These concerns are heightened in light of (i) the arrest of the Debtor by federal law enforcement on March 15, 2023 and (ii) later that same day, a fire in the 18th floor apartment at the Sherry Netherland Hotel, which apartment is owned by Genever Holdings LLC (one of the Debtors in these chapter 11 cases). This and other recent developments make it imperative that the Court decide as soon as possible the issue of whether the Trustee is the owner of the Lady May so that the Trustee can take appropriate actions to protect this valuable estate asset.

---

[12] *Id*.

26. By order dated, March 22, 2023 [Docket No. 153], the Court scheduled the hearing on the Partial Summary Judgment Motion for Monday, March 27, 2023 at 11:00 a.m. (ET).[13] By separate motion, filed concurrently herewith, the Trustee is requesting that this Motion be heard immediately after the Partial Summary Judgment Motion on March 27, 2023.

## RELIEF REQUESTED

27. The Trustee respectfully requests that the Court enter an order modifying the Repair Reserve Order to authorize the Trustee to pay from the Repair Reserve operating, maintenance, and related expenses (including insurance premiums) for the Lady May in an amount not to exceed $500,000.

## BASIS FOR RELIEF

28. An appointed chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)). If the Court determines that the Lady May is property of the Debtor's estate, the Trustee is obligated to preserve the Lady May as an asset of the estate in the interest of the Debtor's creditors. In particular, the Trustee must pay operating, maintenance, and related expenses for the Lady May, including insurance premiums. Such expenses accrue on a regular basis and if not paid could significantly diminish the value of the Lady May, ultimately reducing the amounts available for distribution to creditors.

29. Of particular note, the Trustee must secure new P&I insurance coverage for the Lady May as soon as possible. The current P&I policy for the Lady May is set to expire March

---

[13] The foregoing order was entered after HK USA confirmed that it has been unable to procure insurance for the Lady May.

28, 2023 and HK USA was not able to procure an extension of that policy or new a P&I policy for the Lady May. Failure to maintain P&I insurance for the Lady May puts the estate at risk of being subject to damages claims in the event of an accident involving the Lady May. Moreover, failure to insure estate property is inconsistent with the requirements of the Bankruptcy Code. *See In re Van Eck*, 425 B.R. 54, 61 (Bankr. D. Conn. 2010) ("Insurance that so insures the Debtor and his estate is required under Section 1112(b)(4)(C).").

30. In order for the Trustee to comply with his statutory duties to protect what may become a substantial asset of this estate (*i.e.*, Lady May), the Trustee must be granted the ability to pay for operating, maintenance, and related expenses (including applicable insurance premiums) from the funds remaining in the Repair Reserve, which is the only available resource to fund such payments.

31. As noted, at this time, the estate has only very limited liquidity. By contrast, monthly operating and maintenance expenses for the Lady May generally range from approximately $110,000 to $325,000 (as detailed on Exhibit B to HK USA's Motion to Modify). Moreover, the Trustee submits that there is no risk of depleting the Repair Reserve if up to $500,000 were made available to fund operating, maintenance, and related expenses for the Lady May. In fact, at this time, the balance in the Repair Reserve is approximately $3.4 million. And while, as noted, certain additional repair-related expenses have yet to be funded out of the Repair Reserve,[14] it is extremely unlikely that those remaining repairs would exceed $2.9 million.

32. The Trustee recognizes that the ownership of the Repair Reserve is in dispute. However, the Trustee submits that it is appropriate, under the circumstances here, to allow the

---

[14] Certain repair-related expenses, in the amount of approximately $300,000, have not yet been funded out of the Repair Reserve, as the Trustee is awaiting a reconciliation from HK USA as to any insurance proceeds it received with respect to such repairs. (Any insurance proceeds would reduce the foregoing amount.) In addition, the repairs related to the sea valves have not yet been performed.

Trustee to use up to $500,000 out of the Repair Reserve to fund Lady May related expenses. For one, as noted, the Court has already found that there is probable cause that the Trustee will prevail on his counterclaims in the HK USA Adversary Proceeding and, to secure such a judgment, authorized the Trustee to attach the funds—originally $37 million—that HK USA placed into escrow under the Stipulated Order, which funds include the amounts subsequently transferred into the Repair Reserve. Indeed, the Trustee's rights to the Repair Reserve are even *stronger* than the funds held in escrow because HK USA previously consented, as part of the Repair Reserve Order as well as the two consent orders to fund operating expenses, to the use of these funds to preserve the Lady May, and the Trustee has custody and control of such funds.

33. Further, the Trustee was previously misled into believing that HK USA had no available resources to fund the repairs and operating expenses for the Lady May—which turned out not be correct, in light of the operations and management agreement with Lamp Capital. What is more, this Court entered an order authorizing the funding of the Repair Reserve—from the Escrowed Funds—without HK USA disclosing the existence of the Lamp Capital agreement. Nor did HK USA disclose the Lamp Capital agreement when it sought to modify the Repair Reserve Order to fund operating and maintenance expenses for the Lady May. Nor did HK USA disclose this agreement at the times when it and the Trustee agreed that approximately $520,000 in Repair Reserve funds would be used to pay for operating and maintenance expenses for the Lady May. The net effect of this is that hundreds of thousands of dollars have been diverted from, initially, the Escrowed Funds and, later, the Repair Reserve to pay for expenses that are the responsibility of Lamp Capital—all without HK USA even mentioning the existence of the operations and maintenance agreement with Lamp Capital.

34. All of this, in turn, has resulted in a substantial reduction in funds that are now subject to prejudgment attachment and, hence, available to the Trustee in the event he prevails in the HK USA Adversary Proceeding. Based on the foregoing, the Trustee submits that it would be fundamentally unfair to allow HK USA to now prevent the use of $500,000 in Repair Reserve funds to preserve and protect a significant asset of this estate (assuming the Court determines that the Lady May is an asset of the estate).

35. Finally, and to be clear, nothing in the Repair Reserve Order prevents the Court from modifying that order. Neither HK USA, nor any of the other parties, have any consent (or veto) rights with respect to that order.

## CONCLUSION

36. For all these reasons, the Trustee requests entry of an order modifying the Repair Reserve Order to authorize the Trustee to fund up to $500,000 out of the Repair Reserve to pay operating, maintenance, and related expenses for the Lady May.

[*The remainder of this page is intentionally blank.*]

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:     March 23, 2023            LUC A. DESPINS,
           New Haven, Connecticut    CHAPTER 11 TRUSTEE

                                     By: */s/ Luc A. Despins*
                                        Luc A. Despins (admitted *pro hac vice*)
                                        G. Alexander Bongartz (admitted *pro hac vice*)
                                        Douglass Barron (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 318-6000
                                        alexbongartz@paulhastings.com
                                        douglassbarron@paulhastings.com

                                            *and*

                                        Nicholas A. Bassett (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        2050 M Street NW
                                        Washington, D.C., 20036
                                        (202) 551-1902
                                        nicholasbassett@paulhastings.com

                                            *and*

                                        Patrick R. Linsey (ct29437)
                                        Neubert, Pepe & Monteith, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        plinsey@npmlaw.com

                                        *Counsel for the Chapter 11 Trustee*

# EXHIBIT 1

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                         :    Chapter 11
:
HO WAN KWOK *et al.*,                          :    Case No. 22-50073 (JAM)
:
Debtors.[1]                                :    Jointly Administered
:
------------------------------------------------------x

**ORDER APPROVING EMERGENCY MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER MODIFYING REPAIR RESERVE ORDER**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an order modifying the Repair Reserve Order so as to allow that up to $500,000 in maintenance, operating, and related expenses for the Lady May be funded out of the Repair Reserve (all as further detailed in the Motion); and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary in the Repair Reserve Order, the Trustee is hereby authorized to pay out of the Repair Reserve the reasonable and ordinary operating, maintenance, and related expenses (including insurance premiums) for the Lady May up to an aggregate amount of $500,000.

3. For the avoidance of doubt, except as set forth in this Order, the Repair Reserve Order shall otherwise remain in place to fund the payment of repairs for the Lady May, including the repair of the sea valves.

4. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                          :    Chapter 11
                                                :
HO WAN KWOK *et al.*,                           :    Case No. 22-50073 (JAM)
                                                :
           Debtors.[1]                          :    Jointly Administered
                                                :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:    March 23, 2023                By: */s/ Luc A. Despins*
          New Haven, Connecticut           Luc A. Despins (admitted *pro hac vice*)
                                           G. Alexander Bongartz (admitted *pro hac vice*)
                                           Douglass Barron (admitted *pro hac vice*)
                                           PAUL HASTINGS LLP
                                           200 Park Avenue
                                           New York, New York 10166
                                           (212) 318-6000
                                           lucdespins@paulhastings.com
                                           alexbongartz@paulhastings.com
                                           douglassbarron@paulhastings.com

                                           *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

3