**Exhibit 12**



Attorney: <u>VES</u>  
Paralegal: <u>CLS</u>

File No. <u>087058.00000</u>

# **HUDSON DIAMOND HOLDING LLC**

Date of Organization: <u>January 24, 2019</u>  
State of Organization: <u>Delaware</u>

Fiscal Year: <u>December 31</u>  
Fed. I.D. No.: <u>Not Obtained</u>

Type of LLC: <u>Single-Member Limited Liability Company (Member-Managed)</u>

LLC Address: <u>162 East 64th Street, New York, NY 10065</u>

Contact: <u>Mei Guo</u>

## **MEMBER:**

| NAME OF MEMBER | MEMBERSHIP INTEREST |
|---|---|
| Mei Guo<br>162 East 64th Street<br>New York, NY 10065 | 100% |

## **OFFICERS:**

Yanping (Yvette) Wang – President and Signing Officer (bank account)  
Max Krasner – Vice President

Articles of Organization

HR0010123

# Delaware
## The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "HUDSON DIAMOND HOLDING LLC", FILED IN THIS OFFICE ON THE TWENTY-FOURTH DAY OF JANUARY, A.D. 2019, AT 9:14 O`CLOCK A.M.


Jeffrey W. Bullock, Secretary of State

7251102 8100
SR# 20190459129

Authentication: 202133676
Date: 01-24-19

You may verify this certificate online at corp.delaware.gov/authver.shtml

HR0010124

# CERTIFICATE OF FORMATION

## OF

## HUDSON DIAMOND HOLDING LLC

Under Section 18-201 of the
Delaware Limited Liability Company Act

1. The name of the limited liability company is Hudson Diamond Holding LLC (the "Company").

2. The address of the registered office of the Company in the State of Delaware and the name and address of the registered agent of the Company required to be maintained at such address are as follows:

| **REGISTERED AGENT** | **REGISTERED OFFICE** |
|---|---|
| Corporate Creations Network Inc.<br>3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19810 | 3411 Silverside Road<br>Tatnall Building #104<br>Wilmington, DE 19810 |

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation this 24th day of January, 2019.

Name: Courtney L. Scanlon
Title: Organizer

087058.00000 Business 18039431v1

State of Delaware
Secretary of State
Division of Corporations
Delivered 09:14 AM 01/24/2019
FILED 09:14 AM 01/24/2019
SR 20190459129 - File Number 7251102

HR0010125

Operating Agreement

HR0010126

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## HUDSON DIAMOND HOLDING LLC

This Limited Liability Company Agreement (the "Agreement") of HUDSON DIAMOND HOLDING LLC is entered into as of the 24th day of January, 2019 by Mei Guo, the sole member of the limited liability company (the "Member").

HUDSON DIAMOND HOLDING LLC was organized, in accordance with the Delaware Limited Liability Company Act (the "Act"), by the filing of a Certificate of Formation with the office of the Delaware Secretary of State on January 24, 2019. The Member hereby sets forth the following Agreement:

1. Name. The name of the limited liability company is HUDSON DIAMOND HOLDING LLC (the "Company").

2. Purpose. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing.

3. Registered Office. The address of the registered office of the Company in the State of Delaware is 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810.

4. Registered Agent. The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810. The Company may change such registered agent, from time to time, as the Member may deem advisable.

5. Member. The name and address of the Member is as follows:

| Name | Address |
|---|---|
| Mei Guo | 162 East 64th Street<br>New York, NY 10065 |

6. Powers of Member. The business and affairs of the Company shall be managed by the Member. The Member shall have the power and authority to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers and authorities, statutory or otherwise, possessed by members of limited liability companies under the laws of the State of Delaware. In connection with the foregoing, the

Member is hereby authorized and empowered to act through the officers and employees of the Company, if any, and any other persons designated by the Member to carry out any and all of the powers and authorities that the Member possesses under this Agreement. Without limiting the generality of the foregoing, the Company may:

    a. acquire, hold and dispose of interests (whether by the making of investments or otherwise and on such terms and conditions as the Member may determine) in other entities, including as a partner of a partnership, a member of a limited liability company and a stockholder of a corporation;

    b. borrow and re-lend money (on such terms and conditions as the Member may determine) in connection with the business;

    c. all powers and privileges granted by the Act, any other law or any provision of this Agreement;

    d. all powers and privileges incidental to such powers and privileges, including, without limitation, such power and privileges as are necessary or convenient to the conduct, promotion or attainment of the business, purposes or activities of the Company, and

    e. without limiting the powers and privileges enumerated in clause (c) or (d) above, all powers and privileges that the Company would have if the Company were a natural person.

    7. *Officers*. The Member may from time to time designate one or more individuals as officers of the Company who will have such titles and exercise such powers and duties as are assigned to them from time to time by the Member. Any officer may be removed by the Member at any time, with or without cause. Each officer shall hold office until his or her successor is duly elected and qualifies or until the earlier of the officer's death, resignation or removal. Any number of offices may be held by the same individual.

    8. *No Management by Other Persons or Entities*. No other person or entity shall be an agent of the Company or have any right, power or authority to transact any business in the name of the Company or to act for or on behalf of or to bind the Company.

    9. *Reliance by Third Parties*. Any person or entity dealing with the Company or the Member may rely upon a certificate signed by the Member as to:

    a. the identity of the Member;

    b. the existence or non-existence of any fact or facts which constitute a condition precedent to acts by the Member or are in any other manner germane to the affairs of the Company;

    c. the persons who or entities which are authorized to execute and deliver any instrument or document for or on behalf of the Company; or

HR0010128

      d. any act or failure to act by the Company or as to any other matter whatsoever involving the Company or the Member.

    10. Foreign Qualification. The Company may qualify to transact business as a foreign limited liability company in any jurisdiction the Member determines is necessary or appropriate to carry out the business activities of the Company and shall deliver all certificates and other instruments that are necessary to qualify, continue or terminate the Company as a foreign limited liability company in all such jurisdictions in which the Company may conduct business activities.

    11. Dissolution. The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written consent of the Member, (b) the bankruptcy, dissolution, expulsion, resignation or withdrawal of the Member or the occurrence of any other event which terminates the continued membership of the Member in the Company (other than an assignment of the Member's interest pursuant to Section 17), or (c) the entry of a decree of judicial dissolution under the Act.

    12. Winding Up. Upon the dissolution and winding up of the Company, the assets shall be distributed as provided for in Section 18-804 of the Act and upon completion of the distribution of Company assets, the Company shall be terminated and the person acting as liquidator shall cause the cancellation of the Certificate of Formation and shall take such other actions as may be necessary or appropriate to terminate the Company.

    13. Capital Contribution. As of the date of this Agreement, the Member has contributed assets in the amount set forth on Schedule A attached.

    14. Additional Contributions. The Member is not required to make any additional capital contribution to the Company, but may do so.

    15. Allocation of Profits and Losses. The Company's profits and losses shall be allocated to the Member.

    16. Distributions. Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

    17. Assignments. The Member may assign in whole or in part its limited liability company interest.

    18. Resignation. The Member may resign from the Company.

    19. Admission of Additional Members. One or more additional members of the Company may be admitted to the Company with the consent of the Member. Prior to the admission of any such additional member(s) of the Company, the Member shall amend this Agreement to make such changes as the Member shall determine to reflect the fact that the Company shall have more than one member.

HR0010129

20. **Liability of Member.** The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

21. **Indemnification.** To the fullest extent permitted under the Act, the Member (irrespective of the capacity in which it acts) shall be entitled to indemnification and advancement of expenses from the Company for and against any loss, damage, claim or expense (including attorneys' fees) whatsoever incurred by the Member relating to or arising out of any act or omission or alleged acts or omissions (whether or not constituting negligence or gross negligence) performed or omitted by the Member on behalf of the Company; provided, however, that any indemnity under this Section shall be provided out of and to the extent of Company assets only, and neither the Member nor any other person shall have any personal liability on account thereof.

22. **Governing Law.** This Agreement shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

23. **Amendments.** This Agreement may be amended by the Member for any reason and at any time.

24. **Severability.** In the event that any provision of this Agreement shall be declared to be invalid, illegal or unenforceable, such provision shall survive to the extent it is not so declared, and the validity, legality and enforceability of the other provisions hereof shall not in any way be affected or impaired thereby, unless such action would substantially impair the benefits to any party of the remaining provisions of this Agreement.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

HR0010130

IN WITNESS WHEREOF, the sole member has executed this Agreement, to be effective as of the day and year first above written.

_____
Mei Guo

- 5 -

## SCHEDULE A

| Member Name and Address | Capital Contribution | Membership Interest |
|---|---|---|
| Mei Guo<br>162 East 64th Street<br>New York, NY 10065 | $100.00 | 100% |

Minutes/Consents

HR0010133

# HUDSON DIAMOND HOLDING LLC

## CONSENT OF SOLE MEMBER WITHOUT A MEETING

The undersigned, being the sole member of Hudson Diamond Holding LLC, a Delaware limited liability company (the "Company"), does hereby consent that a special meeting be dispensed with, for the purposes hereof, and does hereby take the following actions by written consent, pursuant to the provisions of Section 18-302(d) of the Delaware Limited Liability Company Act:

Adoption of the following resolutions:

Bank Account

RESOLVED, that the sole member of the Company be, and hereby is authorized to designate any bank, trust company or other similar institution (the "Bank") as depository of the funds, including, without limitation, cash and cash equivalents, of the Company and to open a regular U.S. Dollar checking account; and be it further

RESOLVED, that Yanping (Yvette) Wang be, and hereby is, appointed Signing Officer for the Company; and be it further

RESOLVED, that in connection with the signing of checks, drafts or other orders for payment of money issued in the name and on behalf of the Company against any funds deposited in any and all general or special bank accounts, the individual signature of Yanping (Yvette) Wang (in her individual capacity) be, and hereby is, authorized to sign checks, drafts or other orders for payment of money issued in the name of the Company against any funds deposited in any of such accounts; and be it further

RESOLVED, that the sole member or the Signing Officer of the Company be, and hereby are, authorized and directed to sign bank resolutions, signature cards and any other document, certificate, application or paper necessary or appropriate in their and the Bank's judgment for the purpose of updating the authorized signatories and restrictions pertaining to the account of the Company.

| | |
|---|---|
| Election of Officers | RESOLVED, that the following individuals shall serve as officers of the Company in the position set forth opposite their names below until the next meeting of the members and until their successors have been duly elected and have qualified, or until their earlier resignation, removal or death:<br><br>Yanping (Yvette) Wang     -     President<br><br>Max Krasner     -     Vice President |
| Facsimile or Electronic Signature | RESOLVED, that this consent may be executed by the sole member using a facsimile or other form of electronic signature, in which case the Company is entitled to rely on such signature as conclusive evidence that this consent has been duly executed by such member. |

        **IN WITNESS WHEREOF**, this Consent of Sole Member Without a Meeting was executed on July 17, 2019

*/s/ Mei Guo*

EIN/Tax Filings

HR0010136

Membership Interests

HR0010137