**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                              :    Chapter 11
                                                                         :
HO WAN KWOK *et al.*,                                :    Case No. 22-50073 (JAM)
                                                                         :
                 Debtors.[1]                                     :    Jointly Administered
                                                                         :
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS TO LIMIT
SERVICE OF NOTICE FOR APPLICATIONS SEEKING COMPENSATION OF FEES
OR REIMBURSEMENT OF EXPENSES**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") file this motion (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), seeking to limit service of applications for compensation of fees or reimbursement of expenses to the Notice Parties (as defined below). In support of this Motion, Movants respectfully state as follows.

**RELIEF REQUESTED**

1.      By this Motion, Movants seeks to limit service of applications for compensation of fees or reimbursement of expenses in these chapter 11 cases to (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF")

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

system, (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing, and (iii) the twenty (20) largest creditors in the chapter 11 cases of Genever (US) and Genever (BVI) (collectively, the "Notice Parties").[2]

## JURISDICTION, VENUE, AND STATUTORY BASES

2. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409.

4. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (i).

## BACKGROUND

**I.    The Individual Debtor's Chapter 11 Case**

5. On February 15, 2022, the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.

7. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter

---

[2] Because an official committee has been appointed in the chapter 11 case of the Individual Debtor, Movants submit that it is not necessary to also serve the 20 largest creditors in the chapter 11 case of the Individual Debtor. *See* Bankruptcy Rule 2002(i).

2

11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [Docket No. 514].

8. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

## II.   Genever (US)'s Chapter 11 Case

9. On October 12, 2020, Genever (US) filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). No trustee or official committee of unsecured creditors has been appointed in Genever (US)'s chapter 11 case.

10. By order dated November 3, 2022, the New York Bankruptcy Court transferred venue of Genever (US)'s chapter 11 case to this Court.

## III.   Genever (BVI)'s Chapter 11 Case

11. On October 11, 2022, Genever (BVI) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

12. On November 21, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case, Genever (BVI)'s chapter 11 case, and Genever (US)'s chapter 11 case [Docket No. 1141].

## IV.   Fee and Expense Applications

13. To date, the Court has approved the retention of various professionals in these chapter 11 cases, including (i) Paul Hastings LLP, as counsel to the Trustee and the Genever Debtors [Docket Nos. 668, 1376], (ii) Neubert, Pepe & Monteith, P.C., as local Connecticut counsel to the Trustee and the Genever Debtors [Docket Nos. 669, 1107, 1177], (iii) Harney Westwood and Riegels LP, as BVI counsel to the Trustee and Genever BVI [Docket No. 909,

1286], (iv) Pallas Partner LLP, as UK solicitor for the Trustee [Docket No. 1596], and (v) Pullman & Comley, LLC, as counsel to the Committee [Docket No. 298].

14.     On March 1, 2023, the Trustee and Paul Hastings LLP filed the *First Interim Application of Chapter 11 Trustee and His Counsel, Paul Hastings LLP, for Reimbursement of Expenses for the Period from July 8, 2022 through October 31, 2022* [Docket No. 1495] (the "First PH Expense Application").  No hearing or objection deadline has yet been set on the First PH Expense Application.[3]

15.     At this time, no other applications, whether for allowance of fees or reimbursement of expenses, have been filed.

16.     On March 10, 2023, the Court entered the *Order Holding HK Parties in Contempt of Court and Sanctioning HK Parties, Attorney Vartan and Chiesa Shahinian & Giantomasi PC* (the "Contempt Order") [Docket No. 1537], which among other things authorizes the Trustee to file an application for the payment "reasonable attorney's fees and costs associated with the Trustee's efforts to secure compliance with the Court-authorized Subpoenas from the preparation and prosecution Motion to Compel through and including the reasonable attorneys' fees and costs spent in relation to ongoing efforts to secure compliance."[4]  By order dated March 20, 2023 [Docket No. 1563], the Court extended the deadline to submit such fee application to April 3, 2023.

## BASIS FOR RELIEF REQUESTED

17.     Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

---

[3]  The Trustee intends to supplement the First PH Expense Application to expand the period covered by the application.

[4]  By order dated March 20, 2023 [Docket No. 1563], the Court extended the deadline to submit such fee application to March 20, 2023.

4

Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

18. Pursuant to Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), notice of a hearing on any entity's request for compensation or reimbursement of expenses must be given by mail if the request exceeds $1,000. Moreover, Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3) and (6) of [Rule 2002] may be . . . mailed only to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

19. As of the today, approximately 1,300 claims have been filed in these chapter 11 cases—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). Movants submits that it would be unduly burdensome for the estates to serve every fee and/or expense application on 1,300 parties. Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates. In fact, it is very unlikely that individual creditors would have any interest in reviewing fee and expense applications generated by estate professionals in these chapter 11 cases—especially given that (a) several creditors are already active (and have filed notices of appearances) in these chapter 11 cases and (b) an official committee of unsecured creditors has been appointed in the Individual Debtor's chapter 11 case.

20. Indeed, in accordance with Rule 2002(i), where an official committee of unsecured creditors has been appointed (as is the case with respect to the Individual Debtor's chapter 11 case), the Court may limit service of fee and/or expense applications to the Committee and those parties that have requested notice. With respect to the other two Genever

cases (in which no official committee has been appointed), Movants request that, in lieu of serving all creditors, service be limited to the 20 largest unsecured creditors in such cases.

21. Relief of this nature (*i.e.*, limiting service of fee and expense applications) is commonly sought as part of compensation procedures, which are approved as a matter of course in chapter 11 cases.[5] However, given the limited cash resources currently available, Movants are not yet seeking approval of interim compensation procedures at this time, but only request the very narrow relief of limiting notice of fee and/or expense applications to the Notice Parties.

22. Movants submit that the relief sought in this Motion is appropriate in these chapter 11 cases and is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest.

[*Remainder of page intentionally left blank.*]

---

[5] *See, e.g.*, *In re Norwich Roman Catholic Diocesan Corp.*, No. 21-20687 (JJT), ¶ 6 (Bankr. D. Conn. Oct. 18, 2021) [Docket No. 314]; *In re Buyk Corp.*, No. 22-10328-MEW, ¶ 8 (Bankr. S.D.N.Y. Aug. 24, 2022) [Docket No. 387]; *In re Pareteum Corp.*, No. 22-10615 (LGB), ¶ 3 (Bankr. S.D.N.Y. July 11, 2022) [Docket No. 205].

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: March 28, 2023  
New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE  
GENEVER HOLDINGS LLC, AND  
GENEVER HOLDINGS CORPORATION

By: */s/ Patrick R. Linsey*  
Douglas S. Skalka (ct00616)  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 781-2847  
dskalka@npmlaw.com  
plinsey@npmlaw.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)  
Douglass Barron (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6079  
aviluft@paulhastings.com  
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                                      : Chapter 11
:
HO WAN KWOK, *et al.*,[1]                                   : Case No. 22-50073 (JAM)
:
          Debtors.                                  : (Jointly Administered)
---------------------------------------------------------------x

### ORDER LIMITING SERVICE OF NOTICE FOR APPLICATIONS SEEKING COMPENSATION OF FEES OR REIMBURSEMENT OF EXPENSES

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") for entry of an order (this "Order") limiting service of applications for compensation of fees or reimbursement of expenses to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Applications for compensation of fees or reimbursement of expenses in these chapter 11 cases only need to be served upon:

    (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system;

    (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing; and

    (iii) the twenty (20) largest creditors in the Debtors' chapter 11 cases of Genever (BVI) and Genever (US) (collectively, the "Notice Parties").

3. Entry of this Order is without prejudice to Movants' right to seek further modifications to procedures relating to interim fee and expense reimbursement applications.

4. Movants are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                : Chapter 11
:
HO WAN KWOK *et al.*,                 : Case No. 22-50073 (JAM)
:
    Debtors.                          : Jointly Administered
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 28, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:   March 28, 2023
         New Haven, Connecticut

                                    By: */s/ Patrick R. Linsey*
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

                                        *Counsel for the Chapter 11 Trustee, Genever*
                                        *Holdings Corporation, and Genever Holdings*
                                        *LLC*