**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
In re:

HO WAN KWOK, *et al.*,[1]

      Debtors.
------------------------------------------------------------x

: Chapter 11
:
: Case No. 22-50073 (JAM)
:
: (Jointly Administered)
:
Re: ECF No. 1610

**ORDER LIMITING SERVICE OF NOTICE FOR APPLICATIONS SEEKING COMPENSATION OF FEES OR REIMBURSEMENT OF EXPENSES**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") for entry of an order (this "Order") limiting service of applications for compensation of fees or reimbursement of expenses to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Applications for compensation of fees or reimbursement of expenses in these chapter 11 cases only need to be served upon:

   (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system;

   (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing; and

   (iii) the twenty (20) largest creditors in the Debtors' chapter 11 cases of Genever (BVI) and Genever (US) (collectively, the "Notice Parties").

3. Entry of this Order is without prejudice to Movants' right to seek further modifications to procedures relating to interim fee and expense reimbursement applications.

4. Movants are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 29th day of March, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut