**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                                                  :    Chapter 11
                                                                             :
HO WAN KWOK *et al.*,                                   :    Case No. 22-50073 (JAM)
                                                                             :
            Debtors.[1]                          :    Jointly Administered
                                                                             :
------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULES 9006(c)(1) AND 2002(i), FOR ENTRY OF AN ORDER EXPEDITING HEARING ON MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO ENTER INTO, AND PERFORM UNDER, CERTAIN POSTPETITION AGREEMENTS RELATING TO MAINTENANCE AND OPERATION OF THE LADY MAY, AND GRANTING RELATED RELIEF**

Luc A. Despins, as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to Rules 9006(c)(1) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for entry of an order scheduling an expedited hearing to consider and determine the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Enter Into, and Perform Under, Certain Postpetition Agreements Relating to Maintenance and Operation of the Lady May* (the "Yacht Agreements Motion") and granting related relief.[2] In support of this Motion to Expedite, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Lady May Agreements Motion.

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion to Expedite are Bankruptcy Rule 9006(c)(1) and 2002(i).

## BACKGROUND

4. In order to operate and maintain the Lady May and to protect and preserve this valuable asset for the benefit of the Debtor's creditors pending a future sale, the Trustee has entered into three agreements, subject to the approval of his Court—namely, the Management Agreement with Yachtzoo, the Crew Provision Agreement with FDS, and the Dockage Agreement with Bridgeport Harbor Marina (collectively, the "Yacht Maintenance Agreements").

5. The Yacht Agreements Motion seeks entry of an order authorizing the Trustee to enter into, and perform under, the Yacht Maintenance Agreements, including the payment the reasonable operational expenses incurred in the ordinary course of maintaining and operating the Lady May, in accordance with the Yacht Maintenance Agreements, all as further detailed in the Yacht Agreements Motion. The Trustee incorporates herein by reference the background section from the Yacht Agreements Motion.

## RELIEF REQUESTED

6. The Trustee respectfully requests that the Court schedule a hearing on the Lady May Agreements Motion on or before **April 12, 2023**, subject to the Court's availability. In addition, the Trustee requests that the Court order that any objections to the Lady May

Agreements Motion be filed on or before **April 10, 2023 at 4:00 p.m. (ET)**. The Trustee will address the arguments raised in any such objections at the hearing on the Yacht Agreements Motion.

7.  In addition, the Trustee requests that the Court limit, pursuant to Rule 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), service of the Yacht Agreements Motion to (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") and (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

## BASIS FOR RELIEF REQUESTED

8.  Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated. Cause exists to consider and determine the Lady May Agreements Motion on an expedited basis

9.  Now that the Court has determined that the Lady May is an asset of the Debtor's estate, the Trustee must ensure that the Lay May is maintained in working order pending an eventual sale for the benefit of this estate. As detailed in the Yacht Agreements Motion, the Management Agreement, the Crew Provision Agreement, and the Dockage Agreement are necessary to maintain the Lady May and preserve its value pending an eventual sale.

10. In order to ensure proper maintenance of the Lady May, as well as compliance with numerous certification and regulatory requirements (all as detailed in the Yacht Agreements Motion), it is imperative that the Trustee retain the service of Yachtzoo, FDS, and the Bridgeport Harbor Marina as soon as possible. Without the services of a yacht manager and a crew, and, of course, a marina to dock the Lady May, the Lady May risks falling into disrepair (or worse), which would result in additional repair expenses and/or substantially reduce the prospect of a

successful sale. In fact, without the services to be provided in connection with the Management Agreement and Crew Provision Agreement, the Lady May would fall out of compliance with applicable certifications, regulatory requirements, and insurance coverage, all of which are critical to protect and preserve the Lady May for the benefit of this estate. Moreover, various operational expenses will need to be paid as soon as possible, including crew salaries, insurance premiums, and supplies/materials to maintain the Lady May.

11. For these reasons, it is critical that the Trustee's entry into these agreements is approved as promptly as possible to avoid any issues with the maintenance of the Lady May.

12. Finally, the Trustee requests that the Court waive the requirement that the Yacht Agreements Motion be served on all creditors in these chapter 11 cases. While Bankruptcy Rule 2002(a)(2) generally requires that notice of a hearing on the proposed use, sale or lease of property of the estate other than in the ordinary course of business must be given to all creditors, Bankruptcy Rule 2002(i) allows the Court to limit service to the official committee of unsecured creditors or its authorized agents and to the creditors and equity security holders who filed a request that all notices be mailed to them.

13. As of the today, approximately 1,300 claims have been filed in these chapter 11 cases—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). The Trustee submits that it would be unduly burdensome for the estates to serve every fee and/or expense application on 1,300 parties. Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates. In fact, it is very unlikely that individual creditors would have any interest in reviewing operational and maintenance agreements with respect to the Lady May—especially given that (a) several

creditors are already active (and have filed notices of appearances) in these chapter 11 cases and (b) an official committee of unsecured creditors has been appointed in the Debtor's chapter 11 case.

14. Accordingly, the Trustee submits that it is appropriate to limit service of the Yacht Agreements Motion to (i) all parties who receive notice in these chapter 11 cases by operation of CM/ECF and (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

## **NO PREVIOUS REQUEST**

15. No previous request for the relief sought herein has been made by the Plaintiffs to this or any other court.

## **CONCLUSION**

16. It is imperative that all steps be taken to preserve the Lady May for the benefit of this estate, and, accordingly, the Trustee requests that the Yacht Agreements Motion be heard on an expedited basis.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 5, 2023  
New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
 Douglas S. Skalka (ct00616)
 Patrick R. Linsey (ct29437)
 NEUBERT, PEPE & MONTEITH, P.C.
 195 Church Street, 13th Floor
 New Haven, Connecticut 06510
 (203) 781-2847
 dskalka@npmlaw.com
 plinsey@npmlaw.com

 *and*

 Nicholas A. Bassett (admitted *pro hac vice*)
 PAUL HASTINGS LLP
 2050 M Street NW
 Washington, D.C., 20036
 (202) 551-1902
 nicholasbassett@paulhastings.com

 *and*

 Avram E. Luft (admitted *pro hac vice*)
 G. Alexander Bongartz (admitted *pro hac vice*)
 PAUL HASTINGS LLP
 200 Park Avenue
 New York, New York 10166
 (212) 318-6079
 aviluft@paulhastings.com
 alexbongartz@paulhastings.com

 *Counsel for the Chapter 11 Trustee*

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                    :    Chapter 11
:
HO WAN KWOK *et al.*,                     :    Case No. 22-50073 (JAM)
:
Debtors.[1]                      :    Jointly Administered
:
---------------------------------------------------------x

**ORDER SCHEDULING EXPEDITED HEARING ON MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO ENTER INTO, AND PERFORM UNDER, CERTAIN POSTPETITION AGREEMENTS RELATING TO MAINTENANCE AND OPERATION OF THE LADY MAY, AND GRANTING RELATED RELIEF**

The Court having considered the motion (the "Motion to Expedite")[2] seeking an expedited hearing on the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Enter Into, and Perform Under, Certain Postpetition Agreements Relating to Maintenance And Operation of the Lady May* [Docket No. ___] (the "Yacht Agreements Motion"); and good cause appearing for the relief sought in the Motion to Expedite, it is hereby

ORDERED, that a hearing on the Yacht Agreements Motion shall be held on April [___], 2023 at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of Connecticut,

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Motion to Expedite.

2

Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to object to the Lady May Agreements Motion shall be April [__], 2023 at 4:00 p.m. (ET); and it is further

ORDERED, that the Trustee may address any arguments raised in such objections at the Hearing; and it is further

ORDERED, that a copy of this Order, along with the Yacht Agreements Motion and any attachments thereto, only need to be served upon (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system, (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing, and the Trustee shall file a certificate of service in advance of the Hearing.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
HO WAN KWOK *et al.*,                                    :   Case No. 22-50073 (JAM)
                                                         :
         Debtors.¹                                       :   Jointly Administered
                                                         :
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 5, 2023, the foregoing Motion to Expedite, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

Dated:    April 5, 2023
          New Haven, Connecticut       By: */s/ Patrick R. Linsey*
                                           Douglas S. Skalka (ct00616)
                                           Patrick R. Linsey (ct29437)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 781-2847
                                           dskalka@npmlaw.com
                                           plinsey@npmlaw.com

                                           *Counsel for the Chapter 11 Trustee*

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).