UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                        :    Chapter 11
:
HO WAN KWOK *et al.*,              :    Case No. 22-50073 (JAM)
:
       Debtors.[1]                    :    Jointly Administered
:    Re: ECF No. 1637
------------------------------------------------------x

### ORDER AUTHORIZING TRUSTEE TO ENTER INTO, AND PERFORM UNDER, CERTAIN POSTPETITION AGREEMENTS RELATING TO MAINTENANCE AND OPERATION OF THE LADY MAY

Upon the motion (ECF No. 1637, the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an order approving the Trustee's entry into, and performance under certain agreements related to the vessel Lady May, namely (i) the Management Agreement, (ii) the Crew Provision Agreement, and (iii) the Dockage Agreement (including any reasonable extensions or renewals thereof), all as further detailed in the Motion; and the Court having reviewed the Motion and having considered the statements of counsel for the Trustee and objections of the United States Trustee (the "UST Objection") at a hearing held on April 11, 2023 (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

§ 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and having overruled the UST Objection; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee is authorized to enter into, and perform under, (i) the Management Agreement, (ii) the Crew Provision Agreement (with the modifications announced on the record at the Hearing regarding changing the choice of law in Section 15.1 to New York and adding a clarification in Section 5.3 that FDS is not released or discharged from liability to the Trustee), and (iii) the Dockage Agreement (including any reasonable extensions or renewals thereof), including payment of the reasonable operational expenses incurred in the ordinary course of maintaining and operating the Lady May, in accordance with the Yacht Maintenance Agreements.

3. Notwithstanding anything to the contrary in the Management Agreement (including Section 7.1.6.3 of the Management Agreement), Yachtzoo - shall issue, on a monthly basis, an invoice to the Trustee setting forth, for the then-current month, (a) the services rendered and/or to be rendered and (b) the expenses incurred and/or to be incurred in accordance with the agreed Vessel budget. Within five business days of receipt of such invoice, the Trustee shall

transfer the invoiced amount to the Vessel Account. To the extent that, at the end of any given month, there is any shortfall in the Vessel Account the Trustee shall transfer such shortfall to the Vessel Account. To the extent that, any the end of any given month, there is any surplus in the Vessel Account such surplus shall be either returned to the Trustee or applied to the invoice for the subsequent month, in the discretion of the Trustee. The Trustee shall not advance to the Vessel Account any future Management Fees or future expenses and, accordingly, Sections 7.1.6.4, 10.8, and 10.9 of the Management Agreement shall be void and not in effect. Yachtzoo consents to the foregoing modifications of the Management Agreement and shall be bound by same.

4. In accordance with section 15.2 of the Management Agreement, section 15.2 of the Crew Provision Agreement, and Section 4 of the Rider to the Dockage Agreement, this Court has, respectively, exclusive jurisdiction over any claim or dispute in respect of or arising out of each such agreement.

5. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 12th day of April, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut