**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x
                              :
In re:                        :     Chapter 11
                              :
HO WAN KWOK *et al*.,        :     Case No. 22-50073 (JAM)
                              :
         Debtors.[1]         :     Jointly Administered
                              :
-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE
TO LIMIT NOTICE AND TO SEAL WITH RESPECT TO MOTION
FOR ORDER AUTHORIZING ABANDONMENT OF PROPERTY PURSUANT
TO BANKRUPTCY CODE SECTION 554 AND BANKRUPTCY RULE 6007**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), pursuant to sections 105(a) and 107(b)

of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 6007(a) and 9018, and District of

Connecticut Local Rule of Civil Procedure (the "Local Civil Rules") 5(e), hereby respectfully

moves (the "Motion") that the Court enter an order, substantially in the form attached hereto as

**Exhibit A**, limiting notice and sealing pleadings and proceedings with respect to the Trustee's

forthcoming Motion for Order Authorizing Abandonment of Property Pursuant to Bankruptcy

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Code Section 554 and Bankruptcy Rule 6007 (as further described herein, the "Motion to Abandon"). In support of this Motion, the Trustee states as follows:

## RELIEF REQUESTED

1.      By this Motion, the Trustee seeks to limit notice of the Motion to Abandon to (a) the United States Trustee; (b) the Official Committee of Unsecured Creditors in the Individual Debtor's chapter 11 case (the "Committee"); (c) Pacific Alliance Asia Opportunity Fund L.P. ("PAX"); and (d) the Individual Debtor (together, collectively, the "Notice Parties"). The Trustee further requests that the Court permit the Trustee to file his forthcoming Motion to Abandon under seal, to require that any objections or responses to the Motion to Abandon likewise be filed under seal (with the same notice), and that the Court conduct a sealed hearing with respect to the Motion to Abandon with access limited to the Trustee, the Notice Parties, and the Court and its staff.

## JURISDICTION, VENUE, AND STATUTORY BASES

2.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409.

4.      The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rules 6007(a) and 9018, and Local Civil Rule 5(e).

## BACKGROUND

### I.      The Individual Debtor's Chapter 11 Case

5.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2

6.      On March 21, 2022, the United States Trustee appointed the Committee in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [ECF No. 514].

8.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

9.      Upon his appointment, the Trustee stepped into the Individual Debtor's shoes with respect to all legal and equitable interests in property held by the Individual Debtor as of the Petition Date (collectively, "Property of the Estate").  *See, e.g.,* 11 U.S.C. §§ 541, 1106, 1108.

10.      Moreover, on August 10, 2022, the Court entered its Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 1505, (a) Confirming that Chapter 11 Trustee Holds all of the Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (b) Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate, and (c) Granting Related Relief [ECF No. 717] (the "Corporate Governance Rights Order"), which specifically confirms the Trustee's ownership of and authority over the Debtor's economic rights and directs the Debtor to "surrender to the Trustee all property of the estate …"  (Corporate Governance Rights Order ¶ 3.)

11.      Accordingly, since his appointment, the Trustee has both investigated and, where appropriate, asserted the estate's interests with respect to property that is Property of the Estate. Among that Property of the Estate the Trustee has investigated is that which will be the subject of the Trustee's forthcoming Motion to Abandon (the "Subject Property").

12.     The specific facts relevant to the Subject Property include confidential commercial information regarding the Individual Debtor's, associated entities', and third parties' business affairs and dealings.  The Trustee is concerned that public discussion of these facts and of the nature of the Subject Property (including the Trustee's views with respect to its value) could prejudice or otherwise affect the rights of third parties.  Rightly or wrongly, such third parties could criticize or seek redress from the Trustee or the Individual Debtor's estate.  Hence this Motion to avoid any unnecessary controversies or disputes in this these regards.

## BASIS FOR RELIEF REQUESTED

13.     Section 541 of the Bankruptcy Code provides that, upon "notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  Generally, Bankruptcy Rule 6007(a) provides that notice of proposed abandonment by a trustee be given to the United States Trustee, all creditors, indenture trustees, and official committees, with a fourteen-day objection period, provided however, that this rule also expressly provides that the Court may direct otherwise.  *See* Fed. R. Bankr. P. 6007(a); *see also In re Caron*, 50 B.R. 27, 29-30 (Bankr. N.D. Ga. 1984) (court may direct which parties in interest are entitled to notice of a motion to abandon property).

14.     Both the Bankruptcy Code/Rules and this District's rules of practice further provide for sealed pleadings and proceedings where appropriate to protect the interests of the estate and of other parties in interest.  Specifically, section 107(b) of the Bankruptcy Code authorizes courts to issue orders to protect entities with respect to certain confidential or commercial information. 11 U.S.C. § 107(b). Further, Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code.

15.     Correspondingly, Local Civil Rule 5(e) provides, upon motion, that the Court may authorize parties to file pleadings under seal and for the closure of the courtroom under appropriate circumstances.  Moreover, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

16.     *FIRST*, the Court should limit notice with respect to the forthcoming Motion to Abandon to the Notice Parties.  Disclosure to the Notice Parties – and, in particular, to the United States Trustee, the Committee, and PAX – is sufficient under the circumstances of these chapter 11 cases to ensure that there is appropriate oversight (beyond, of course, the Court's review) with respect to the Trustee's business judgment concerning abandonment of the Subject Property. Moreover, notice to the Individual Debtor will ensure that that the Individual Debtor may respond to the Motion to Abandon if he should wish.

17.     *SECOND*, the Court should authorize the Trustee to file the Motion to Abandon under seal and should order that any objections or other responses to the Motion to Abandon be filed under seal and seal the hearing on the Motion to Abandon (with access limited to the Notice Parties, the Trustee, and the Court and its staff).  For the Trustee to explain the basis for his determination that the Subject Property should be abandoned, the Trustee must necessarily disclose confidential commercial information related to this property (and the Individual Debtor, associated entities, and other non-parties).  Sealing the relevant pleadings and proceedings (with appropriate notice to the Notice Parties) will protect the commercial and privacy interests of all concerned.

18.     The foregoing is particularly true with respect to the facts and circumstances relevant to the Subject Property – which relate not only to the value of the estate's property but also, potentially, to the rights and interests of other parties.  Unnecessary disclosure of such confidential information could subject the Trustee and the Individual Debtor's estate to criticism

(if not retaliation) by other parties.  Therefore, it is in the interests of the Individual Debtor's estate

(and its creditors) to seal the relevant pleadings and proceedings.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order (a) granting

the relief requested herein, and (b) granting such other relief as is just and proper.

Dated:      April 14, 2023                    LUC A. DESPINS, CHAPTER 11 TRUSTEE
            New Haven, Connecticut


                                        By: */s/ Patrick R. Linsey*
                                            Douglas S. Skalka (ct00616)
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            dskalka@npmlaw.com
                                            plinsey@npmlaw.com

                                            *Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

----------------------------------------------------------------x
                                                              :
In re:                                                        : Chapter 11
                                                              :
HO WAN KWOK, *et al.*,[1]                                     : Case No. 22-50073 (JAM)
                                                              :
              Debtors.                                        : (Jointly Administered)
                                                              :
----------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE**
**TO LIMIT NOTICE AND TO SEAL WITH RESPECT TO MOTION**
**FOR ORDER AUTHORIZING ABANDONMENT OF PROPERTY PURSUANT**
**TO BANKRUPTCY CODE SECTION 554 AND BANKRUPTCY RULE 6007**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual

Debtor"), for entry of an order (this "Order") limiting notice of the Trustee's forthcoming Motion

to Abandon and sealing pleadings and proceedings with respect thereto, all as more fully set forth

in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Standing Order of Reference* from the United States District Court for the District

of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the

relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in

interest; and the Court having found that sealing pleadings and proceedings related to the Motion

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation.  The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

to Abandon will protect the commercial and privacy interests of the Individual Debtor's estate and those of non-parties, and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Motion to Abandon may be filed under seal and, upon filing, shall be served via manual email only upon: the United States Trustee; the Committee; PAX; and the Debtor (collectively, the "Notice Parties").

3.      Objections or responses to the Motion to Abandon, if any, shall be filed within fourteen (14) days of the filing of the Motion to Seal and (a) shall be filed under seal; and (b) upon filing, shall be served via manual email upon the Trustee and the Notice Parties.

4.      The Court shall hold a hearing on the Motion to Abandon (and any objections or responses thereto) on May ___, 2023, at __:__ _.m., at the United States Bankruptcy Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Courtroom 123, Bridgeport, CT  06604 (the "Hearing").  Attendance at the Hearing shall be limited to the Notice Parties and their counsel, the Trustee and his counsel, and the Court and its staff.

5.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK *et al*.,                       :    Case No. 22-50073 (JAM)
                                            :
                       Debtors.             :    Jointly Administered
                                            :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:     April 14, 2023
           New Haven, Connecticut

                              By: */s/ Patrick R. Linsey*
                                  Douglas S. Skalka (ct00616)
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  dskalka@npmlaw.com
                                  plinsey@npmlaw.com

                                  *Counsel for the Chapter 11 Trustee*

3