**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1666**<br><br>April 14, 2023 |

**BRAVO LUCK LIMITED'S OBJECTION TO MOTION OF CHAPTER 11 TRUSTEE TO LIMIT NOTICE AND TO SEAL WITH RESPECT TO MOTION FOR ORDER AUTHORIZING ABANDONMENT OF PROPERTY PURSUANT TO BANKRUPTCY CODE SECTION 554 AND BANKRUPTCY RULE 6007**

Bravo Luck Limited ("Bravo"), by and through its undersigned counsel, hereby objects to the *Motion of Chapter 11 Trustee to Limit Notice and to Seal With Respect to Motion for Order Authorizing Abandonment of Property Pursuant to Bankruptcy Code Section 554 and Bankruptcy Rule 6007* [Docket No. 1666] (the "Motion"), and in support thereof respectfully represents as follows:

1.  The bankruptcy process is supposed to be transparent for all parties in interest. Bravo in particular has important interests at stake in the above-captioned cases, including its ownership interest in the Sherry Netherland Apartment, and its status as a creditor that has filed a proof of claim in excess of $76 million. *See* Case No. 22-50073, Claim No. 117; Case No. 22-50592, Claim No. 6 and; Case No. 22-50542, Claim No. 2.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2.      Nonetheless, the Trustee seeks court approval to abandon estate property—property that could be related to or otherwise used to satisfied Bravo's claims—with no notice to Bravo. Both the Bankruptcy Code and the Bankruptcy Rules provide procedural safeguards to avoid such a result. Section 554(a) of the Bankruptcy Code requires notice and a hearing. Section 102(1) defines "after notice and a hearing," and Bravo submits that providing it with meaningful notice, a hearing, and an opportunity to object to the abandonment is "appropriate under the particular circumstances." 11 U.S.C. § 102(1)(A). Further, Bankruptcy Rule 6007(b) provides that "[u]nless otherwise directed by the court," the motion and notice must be served on all creditors, who then have time to object (14 days "or within the time fixed by the court." Fed. R. Bankr. P. 6007(b).

3.      The Trustee's justification for an exception to these safeguards is thin—in particular as it related to Bravo, a significant creditor in these cases and a defendant in three related adversary proceedings where interests in certain property are heavily disputed. The Trustee claims that providing any actual explanation for the relief sought in the Motion would require that the Trustee "necessarily disclose confidential commercial information related to this property . . ." Motion at ¶ 17. This lacking explanation requires the Court, and other parties in interest, to take on faith that the extreme procedural shortcuts sought in the motion are appropriate and will not prejudice key parties such as Bravo.

4.      If the Motion is granted, Bravo will not know which assets are being abandoned, or to whom they are being abandoned. Nor will Bravo have the ability to object to the proposed abandonment. The Trustee has brought no compelling reasons or evidence for why this is "appropriate under the particular circumstances." Bravo is entitled to notice and a hearing and access to an unredacted copy of any forthcoming abandonment motion. The Court should deny the Motion.

WHEREFORE, Bravo Luck Limited respectfully requests that the Trustee's Motion be denied, or in the alternative, that the Court order the Trustee to give notice of any forthcoming motion for abandonment to Bravo, and that the Court order such other and further relief to which Bravo may be entitled at law or equity.

Dated:  April 14, 2023

/s/ Francis J. Lawall

Francis J. Lawall, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Telephone: (215) 981-4481
francis.lawall@troutman.com

and

David M. S. Shaiken (ct02297)
Shipman, Shaiken & Schwefel, LLC
433 South Main Street, Suite 319
West Hartford, CT 06110
Telephone: (860) 606-1703
Fax: (866) 431-3248
david@shipmanlawct.com

*Counsel for Bravo Luck Limited*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 14th day of April, 2023, the foregoing Objection, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                */s/ Francis J. Lawall*
                                                Francis J. Lawall