**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                           :

In re:                      :    Chapter 11
                          :

HO WAN KWOK *et al.*,    :    Case No. 22-50073 (JAM)
                          :

          Debtors.[1]    :    Jointly Administered
                          :

------------------------------------------------------x

## MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), TO EXPAND SCOPE OF RETENTION OF ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INCLUDE CONSULTATION SERVICES RELATED TO OPERATION AND MAINTENANCE OF THE LADY MAY

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), expanding, effective as of March 15, 2023, the scope of the retention of Engineering Operations and Certification Services, LLC ("EOCS") to provide consultation services related to the operation and maintenance of the Lady May in accordance with the letter agreement, dated as of March 15, 2023 (the "Updated Engagement Agreement"),[2] and granting related relief.  For the avoidance of doubt, except as modified by the Proposed

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    A true and correct copy of the Updated Engagement Agreement is attached hereto as **Exhibit 2**.

Order, all aspects of the original order granting the retention of EOCS [Docket No. 1285] (the "Original EOCS Retention Order") will remain in full force and effect.  In support of this Motion, the Trustee also submits the supplemental declaration (the "Second White Declaration") of Dexter White ("Mr. White") annexed hereto as **Exhibit 3**, and further states as follows:

**PRELIMINARY STATEMENT[3]**

1.      As the Court is aware, the Lady May is a complex, multi-million dollar piece of machinery that requires professional expertise to operate and maintain.  While the Trustee has requested authorization to enter into a yacht management agreement with Yachtzoo Sarl ("Yachtzoo") [Docket No. 1637], the Trustee requires the expertise of EOCS and Mr. White to ensure a smooth operational transition of the Lady May from its prior owner (HK USA) to the Trustee.[4]

2.      In the lead-up to the Court's Partial SJ Order on March 27, 2023, the Trustee sought and received the advice of EOCS and Mr. White with respect to various time-sensitive operational issues related to the Lady May—at a time that the Trustee could not yet consult with Yachtzoo (because they were still the yacht manager for HK USA).  For example, EOCS and Mr. White advised the Trustee on seeking replacement P&I insurance coverage—which, as the Court will recall, was about to expire on March 28, 2023 under HK USA's prior ownership, without the prospect of an extension or renewal—as well as other matters related to the operation and maintenance of the Lady May.

---

[3]    Capitalized terms used but not defined in the Preliminary Statement have the meanings ascribed to them later in this Motion.

[4]    As the Trustee previewed it in its March 23, 2023 motion to modify the repair reserve order [Docket No. 1588], he intended, by separate motion, to request court authorization to fund, out of the $500,000, the fees and expenses of EOCS to assist the Trustee with seeking insurance and transitioning operations of the Lady May to the Trustee.  The Trustee again previewed this request in his motion seeking authorization to enter into, and perform under, among other things, a yacht management agreement with Yachtzoo [Docket No. 1637].

3.      The Trustee submits that EOCS and Mr. White are ideally situated to assist the Trustee in this process, as they are already familiar with the Lady May, having previously conducted two inspections of the Lady May.  The Trustee is also informed that, to date, EOCS and Mr. White have spent approximately 10-12 hours assisting the Trustee in this process.[5]  For the avoidance of doubt, if the relief requested in this Motion is granted, EOCS and Mr. White will continue to comply with the fee procedures previously approved by this Court in the Original EOCS Retention Order.

4.      Finally, to be clear, the Trustee will monitor the services to be provided by EOCS to ensure that they do not duplicate services to be provided by Yachtzoo.  However, the Trustee does not expect that, going forward, a significant amount of hours will be required by EOCS and Mr. White with respect to transitioning maintenance and operation of the Lady May to the Trustee.

## JURISDICTION, VENUE, AND STATUTORY BASIS

5.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory basis for the relief sought in this Motion is section 363(b) of the Bankruptcy Code.

---

[5]      EOCS will submit a formal invoice in due course and in accordance with the procedures in the Original EOCS Retention Order.

## RELIEF REQUESTED

8.      The Trustee respectfully requests that the Court enter an order expanding, effective as of March 15, 2023, the scope of the Trustee's retention of EOCS to include consulting services related to the operation and maintenance of the Lady May.

9.      The Trustee further requests that the Court authorize the Trustee to pay the fees and expenses on account of such services (to the extent allowed in accordance with the procedures set forth in paragraph 5 of the Original EOCS Retention Order) solely out of the $500,000 made available from the Repair Reserve (as defined in the *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 930] (the "Repair Reserve Order")) pursuant to this Court's order, dated March 28, 2023 [Docket No. 1608].

## BACKGROUND

### I.      Prior Retention of EOCS

10.      On December 9, 2022, the Trustee filed his motion to retain and employ EOCS to provide the Trustee with inspection services with respect to the Lady May (the "Original EOCS Retention Application") [Docket No. 1212].  On January 4, 2023, the Court entered the Original EOCS Retention Order.[6]

### II.      Ownership of the Lady May

11.      On April 11, 2022, HK International Funds (USA) Limited, LLC ("HK USA") initiated an adversary proceeding by filing a Complaint [Docket No. 1, in Adv. Proc. No. 22-

---

[6]      Also on January 4, 2023, pursuant to the Original EOCS Retention Order, the Trustee filed a notice attaching EOCS' invoice for the inspection of the Initial Work, as defined in the *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 930] (the "Repair Reserve Order").  While, on January 18, 2023, HK USA and Mei Guo filed a limited objection to that invoice, they withdrew their objection on January 23, 2023.

5003] against the Debtor and Pacific Alliance Asia Opportunity Fund L.P., asserting that HK USA is the owner of the Lady May.

12.     On September 23, 2022, the Trustee filed his *Answer and Counterclaims* [Docket No. 36 in Adv. Proc. No. 22-5003] (the "Answer and Counterclaims").  The Trustee's First Counterclaim sought a ruling pursuant to 11 U.S.C. §§ 541 and 542 declaring that the Lady May is property of the Debtor's chapter 11 estate to be administered by the Trustee and ordering the surrender of the Lady May to the Trustee.

13.     On March 19, 2023, the Trustee filed his motion for partial summary judgment [Docket No. 146 in Adv. Proc. No. 22-5003] (the "Partial SJ Motion") and supporting materials, seeking summary judgment on the First Counterclaim. *See also* Docket Nos. 147, 148, and 150 in Adv. Proc. No. 22-5003.

14.     A hearing on the Partial SJ Motion was held on March 27, 2023.  At the conclusion of the hearing, for the reasons stated on the record and further set forth in the Court's *Supplemental Memorandum of Decision in Support of Oral Ruling Granting Motion for Partial Summary Judgment* [Docket No. 177 in Adv. Proc. No. 22-5003], the Court issued an oral ruling granting the Partial SJ Motion.  Also on March 27, 2023, the Court entered its order granting the Partial SJ Motion [Docket No. 172 in Adv. Proc. No. 22-5003] (the "Partial SJ Order"), finding, among other things, that the Lady May is the property of the Debtor's estate.[7]

## EOCS' QUALIFICATIONS

15.     For a detailed description of EOCS's qualifications the Trustee refers to, and incorporates by reference, the Original EOCS Retention Application.  In addition, the Trustee notes that EOCS and Mr. White are already familiar with the Lady May, as they performed not

---

[7]     *See* Partial SJ Order ¶ 2.

only an inspection of the Lady May on July 13, 2022 on behalf of Pacific Alliance Asia

Opportunity Fund L.P., but also an inspection for the Trustee in December 2022 in accordance

with the Repair Reserve Order.

## CONSULTATION SERVICES

16.     By this Motion, the Trustee proposes, subject to approval of the Court, that

EOCS's retention be expanded to include consultation services regarding the operation and

maintenance of the Lady May, including in connection with transitioning operations from its

prior owner (HK USA) to the Trustee (the "Consultation Services").  In particular, the

Consultation Services include assessing the operational condition of the vessel and subsystems,

evaluating defects and deficiencies, estimating cost of emerging repairs, review of service

records, insurance requirements, system certification documents, providing advice and guidance

for haul-out and long term lay-up, afloat concerns during long term port stay, and other services

related to vessels and hull and machinery and/or as specified by the Trustee.

17.     The Trustee submits that the foregoing Consultation Services are necessary to

ensure a smooth operational transition of the Lady May to the Trustee.

## EOCS' DISINTERESTEDNESS

18.     To the best of the Trustee's knowledge in reliance upon the Second White

Declaration, and except as disclosed therein, neither Mr. White nor EOCS, nor any member or

associate thereof, represents professionally, or has any connection with, the Trustee, the Debtor,

his creditors,[8] any other party-in-interest, their respective attorneys and accountants, the United

States Trustee, or any person employed in the Office of the United States Trustee.

---

[8]     As noted in the Second White Declaration, EOCS has previously inspected the Lady May on behalf of PAX as
called for in the *Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to
Transport and Deliver that Certain Yacht, the "Lady May* [Docket No. 299].

## TERMS OF RETENTION

19.     In accordance with the terms of the Updated Engagement Agreement, EOCS will be paid by the Debtor's estate for the services of Mr. White at the rate of $200 (USD) per hour, plus travel costs at the rate of $75 (USD) per hour.[9]

## FEE PROCESS

20.     The Trustee proposes that the fees and expenses incurred in connection with the Consultation Services will be subject to the same procedures previously approved by this Court in the Original EOCS Retention Order.  Specifically, in lieu of filing fee applications, the Trustee would be authorized to file a notice with the Court attaching EOCS' invoices for the Consultation Services.  Parties in interest will then have fourteen (14) days to object to such invoices.  If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order.  If any timely objections are filed, the Trustee may file a response to such objection(s) within seven (7) days thereafter, after which the Court will rule on the matter (the aforementioned process in connection with the EOCS invoices the "EOCS Fee Protocol").  Notwithstanding the foregoing, the EOCS Fee Protocol shall only apply as long as fees for any consecutive three (3) month period do not exceed $30,000 and the aggregate amount of fees do not exceed $50,000.  If EOCS' fees over any consecutive three (3) month period exceed $30,000, or the aggregate fees exceed $50,000, then EOCS will file a fee application with the Court.

## BASIS FOR RELIEF

21.     Section 363(b)(1) of the Bankruptcy Code provides in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of

---

[9]     These hourly rates reflects a $25 increase over the rates under the original engagement letter.

business, property of the estate." Under section 363(b) of the Bankruptcy Code, courts require

only that the trustee "show a sound business purpose justifies such actions." *See, e.g.*, *Comm. of*

*Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983)

("The rule we adopt requires that a judge determining a § 363(b) application expressly find from

the evidence presented before him at the hearing a good business reason to grant such an

application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-*

*Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a

reasonable basis for its business decisions (as distinct from a decision made arbitrarily or

capriciously), courts will generally not entertain objections to the debtor's conduct").

22.    In addition, a chapter 11 trustee has a "statutory duty to protect and preserve

property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung*

*Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)). As the Court has

determined that the Lady May is property of the Debtor's estate, the Trustee is obligated to

properly maintain, preserve, and protect the Lady May pending an eventual sale for the benefit of

this estate.

23.    The proper maintenance of the Lady May hinges upon a smooth operational

transition of the Lady May from HK USA to the Trustee. Managing this transition requires a

third party with the maritime expertise. The Trustee submits that EOCS is ideally situated to

assist the Trustee in transitioning the operation of the Lady May under the circumstances,

including because it previously conducted two inspections of the Lady May and is thus already

familiar with the yacht and its operation.

24.    The Trustee's entry into the Updated Engagement Agreement is a sound exercise

of the Trustee's business judgment. The Trustee believes that EOCS and Mr. White are qualified

8

to provide the necessary services to assist the Trustee in preserving and protecting the Lady May for the benefit of the Debtor's estate.  Indeed, prior to the Partial SJ Order, EOCS advised the Trustee on seeking replacement P&I insurance coverage (which, as the Court will recall, was about to expire on March 28, 2023 under HK USA's prior ownership) as well as other matters related to the operation and maintenance of the Lady May.

25.    The Trustee further submits that, given this Court's prior order authorizing the use of $500,000 from the Repair Reserve to fund operating, maintenance, and related expenses for the Lady May, it is only appropriate to also authorize the payment of EOCS's fees and expenses (to be extent allowed) in connection with providing the Consultation Services solely from those funds.

26.    Finally, the Trustee requests a waiver of the fourteen-day stay requirements under Bankruptcy Rule 6004(h), such that the Proposed Order be effective immediately upon entry thereof.  For all the reasons set forth above, any delays in maintaining and preserving the Lady May could adversely affect the Lady May and the value that could ultimately recovered in an eventual sale.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting

the relief requested herein and such other and further relief as the Court may deem just and

proper.

Dated: April 14, 2023                          LUC A. DESPINS, CHAPTER 11 TRUSTEE
   New Haven, Connecticut

           By: */s/ Patrick R. Linsey*
            Douglas S. Skalka (ct00616)
            Patrick R. Linsey (ct29437)
            NEUBERT, PEPE & MONTEITH, P.C.
            195 Church Street, 13th Floor
            New Haven, Connecticut 06510
            (203) 781-2847
            dskalka@npmlaw.com
            plinsey@npmlaw.com

             *and*

            Nicholas A. Bassett (admitted *pro hac vice*)
            PAUL HASTINGS LLP
            2050 M Street NW
            Washington, D.C., 20036
            (202) 551-1902
            nicholasbassett@paulhastings.com

             *and*

            Avram E. Luft (admitted *pro hac vice*)
            G. Alexander Bongartz (admitted *pro hac vice*)
            PAUL HASTINGS LLP
            200 Park Avenue
            New York, New York 10166
            (212) 318-6079
            aviluft@paulhastings.com
            alexbongartz@paulhastings.com

            *Counsel for the Chapter 11 Trustee*

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                       :

In re:                    :    Chapter 11
                       :

HO WAN KWOK *et al.*,     :    Case No. 22-50073 (JAM)
                       :

        Debtors.[1]      :    Jointly Administered
                       :

---------------------------------------------------x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO EXPAND SCOPE OF RETENTION OF ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INCLUDE CONSULTATION SERVICES RELATED TO OPERATION AND MAINTENANCE OF THE LADY MAY**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an order authorizing the Trustee to expand, effective as of March 15, 2023, the scope of the retention of Engineering Operations and Certification Services, LLC ("EOCS") pursuant to the Updated Engagement Agreement to include consultation services relating to the operation and maintenance of the Lady May, all as further detailed in the Motion; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Trustee's retention of EOCS is hereby expanded, effective as of March 15, 2023, to include the Consultation Services, in accordance with the Updated Engagement Agreement.

3.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Updated Engagement Agreement is hereby authorized and approved.

4.      Except as modified by this Order, the terms of the Original EOCS Retention Order shall remain in full force and effect.

5.      The allowance and payment of the fees and expenses incurred in connection with the Consultation Services is subject to the procedures in paragraph 5 of the Original EOCS Retention Order.  To the extent allowed in accordance with such procedures, the Trustee is authorized to pay such fees and expenses solely out of the $500,000 from the Repair Reserve previously authorized by this Court [Docket No. 1608] to fund operational, maintenance, and other expenses for the Lady May.

6.      Allowance of any compensation for EOCS shall be limited to the extent of services actually performed and expenses actually incurred.

7.      Any dispute arising out of the Trustee's retention of EOCS shall be resolved by this Court.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.     To the extent the Motion or the Updated Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 2</u>**

**Updated Engagement Agreement**

March 15, 2023

Dexter White
Engineering Operations and Certification Services, LLC
PO Box 67
Mystic, Connecticut 06355

**Re:**    ***Retention Agreement Regarding Services in Connection With In re Ho Wan Kwok***

Dear Mr. White:

This letter confirms that Luc Despins, in his capacity as chapter 11 trustee (the "Trustee" or "Client") for the estate of Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo (the "Debtor"), has retained, effective as of March 15, 2023, you and your team to provide expert services relating to his role as Trustee in connection with the existing bankruptcy case captioned *In re Ho Wan Kwok*, subject to such retention being approved by the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). The terms of our retention of you are set forth below.

1.    Independent Contractor.  You agree to provide your services in the Action as an independent contractor and that you are not an employee of Paul Hastings LLP or Client. You and any of your agents or representatives will work only at the request of and as directed by the Trustee.

2.    Services.  Your services are needed to assist the Trustee, on a confidential and privileged basis, in performing an inspection to assess the condition of the Lady May (IMO 1012355).  These services may also include preparing and analyzing expert reports, participating in meetings and telephone consultations, giving deposition testimony, testifying in court, assessing the operational condition of the vessel and subsystems, evaluating defects and deficiencies, estimating cost of emerging  repairs,  review of service records, insurance requirements, system certification documents, providing advice and guidance for haul-out and long term lay-up, afloat concerns during long term port stay  and other services related to vessels and hull and machinery and/or as specified by the Trustee.

3.    Termination.  The Trustee or you may terminate this Agreement without cause at any time by provision and receipt of prior written notice to the other party, by confirmed fax or mail.  If this Agreement is terminated by the Trustee without cause, you will be compensated by the Trustee for all services and expenses incurred as a result of this Agreement up to the date of termination.

4.    Payment Arrangement.  You will be compensated for your services at your standard rate of $200/hour plus travel costs at $75/hour.  You will also be reimbursed for your

reasonable expenses incurred in the rendering of services, provided such expenses have been incurred at the request or direction, and with the prior approval, of the Trustee.  You will prepare a detailed monthly invoice for your fees and expenses and will send it directly to Client, as follows:

> Luc Despins
> lucdespins@paulhastings.com
> Paul Hastings LLP
> 200 Park Avenue
> New York, NY 10166
> c/o Luc A. Despins, as Chapter 11 Trustee for the Estate of Ho Wan Kwok

By executing this letter, Client agrees to pay the amounts incurred in accordance with the terms of this Agreement and the order of the Bankruptcy Court order approving your retention.

5.    Confidentiality/Privilege/Proprietary Information.  You acknowledge and agree that all information, data, property and case-specific experience obtained or created, prepared or developed by you pursuant to this Agreement (a) is "confidential and privileged information," (b) will be maintained in confidence and not disclosed to any third person, (c) is the property and work product of Client (and you have no rights to or interest in it) and (d) is intended to be within the privilege accorded attorney-client privileged communications and/or attorney work product, provided that, this provision does not apply to the extent required by law or as necessary to discharge your services as an expert witness (e.g., in giving deposition testimony or testifying in court). You will not act in any manner, or take any position, to the contrary.

6.    Scope of and Restrictions on Engagement.   Client agrees that you may be engaged by other parties without the need for consent from Client, nor any obligation to advise Client of such engagements, provided that during the pendency of this specific matter, you agree not to accept any other engagement which would result in you working in a position directly adverse to Client in this specific matter.

7.    Miscellaneous.

   (a)    Assignment.  You agree not to assign this Agreement or subcontract the work to be performed under it, except as might be agreed upon by you and the Trustee.

   (b)    Authority.  You warrant that you have the authority to enter into this Agreement and to make the commitments contained in it.

   (c)    Choice of Law.  The construction of this Agreement will be governed by Connecticut law, and any dispute, claim or controversy respecting this Agreement, its meaning, or the performance of Client or you under it, including but not limited to the enforcement or alleged infringement, interference or breach of any related right or obligation of any of the parties will be governed thereby.

2

(d)     Compliance with Law.  You will comply with any and all applicable laws and regulations which are now in effect, or which may become applicable in connection with the services hereunder.  You agree to cooperate fully with the Trustee in complying with the requirements of any government or regulatory agency validly asserting jurisdiction over the Trustee in regard to the subject matter of this Agreement.

(e)     Complete Agreement/Changes.  This letter sets forth the entire agreement between Client and you relating to the subject matter set forth in this Agreement, and supersedes any prior agreements, written or oral.  This is a fully integrated document.  This Agreement may not be modified except by a writing subscribed to by the Trustee and you.

(f)     Exclusive Jurisdiction.  The United States District Court for the District of Connecticut shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of this Agreement.

Sincerely,

Luc Despins,

as Chapter 11 Trustee for the Estate of Ho Wan Kwok

3

**ACCEPTED AND AGREED TO**
**this 15th day of March 2023:**

**Dexter White**

By: _____

**ACCEPTED AND AGREED TO AS TO PAYMENT TERMS**
**this 15th day of March 2023:**

**Luc Despins, as Chapter 11 Trustee for the Estate of Ho Wan Kwok**

By: _____

4

## Exhibit 3

**Supplemental White Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------x
                                                 :
In re:                                           :   Chapter 11
                                                 :
HO WAN KWOK, et al.,¹                            :   Case No. 22-50073 (JAM)
                                                 :
             Debtors.                            :   (Jointly Administered)
                                                 :
-------------------------------------------------x
```

**SUPPLEMENTAL DECLARATION OF DEXTER WHITE IN SUPPORT OF CHAPTER
11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b),
TO EXPAND SCOPE OF RETENTION OF ENGINEERING OPERATIONS AND
CERTIFICATION SERVICES, LLC TO INCLUDE CONSULTATION SERVICES
RELATED TO OPERATION AND MAINTENANCE OF THE LADY MAY**

I, Dexter White, under penalty of perjury, declare as follows:

1.      I am the President and CEO of Engineering Operations and Certification Services,

LLC ("EOCS"), an engineering and operations consultancy based in Connecticut located at 16

Whitehall Pond Mystic, CT 06355.  I make this declaration (the "Supplemental Declaration") in

support of the *Chapter 11 Trustee's Motion, Pursuant to Bankruptcy Code Section 363(b), to*

*Expand Retention of Engineering Operations and Certification Services, LLC to Include*

*Consultation Services Related to the Operation and Maintenance of the Lady May* (the

"Motion"), in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor").

2.      This Declaration supplements my prior declaration submitted in support of the

*Chapter 11 Trustee's Motion, Pursuant to Bankruptcy Code Section 363(b), to Retain*

---

¹       The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
Wan Kwok (solely for purposes of notices and communications).

*Engineering Operations and Certification Services, LLC to Inspect Lady May Yacht* [Docket No. 1212].

3.      To the best of my knowledge and belief after due inquiry, other than my previous work inspecting the Lady May on behalf of Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), I have no connection with the Trustee, Debtor, his creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee as have been identified to me by Paul Hastings LLP.

4.      I attach to this Declaration, as **Schedule 1**, a consolidated list of parties in interest in connection with the Chapter 11 Cases that has been produced by Paul Hastings LLP and provided to me before signing this Declaration that I am informed includes:

    a.   parties listed as creditors, executory contract counterparties, and co-debtors on the Debtor's Schedules D, F, G, and H [Docket No. 78];

    b.   parties listed on the Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the chapter 11 case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Debtor (SOFA Part 11, Question 27).

    c.   parties and counsel filing notice of appearances in the Debtor's chapter 11 case;

    d.   the Court and personnel of the office of the United States Trustee; and

2

e.  other parties in interest that I have become aware of as a result of the

Trustee's ongoing investigation of the Debtor's assets.

5.      I maintain records of my current and former clients and, with respect to any

engagement, adverse persons.  Before signing this Declaration, I have checked against such

records all of the names listed on **Schedule 1** (collectively, the "Interested Parties").

6.      To the best of my knowledge and belief, other than my previous work inspecting

the Lady May on behalf of PAX, I have no relationship or connection with the Interested Parties

or with any other creditor of the Debtor.

7.      While I have made a diligent effort to ascertain the identity of any connections or

potential conflicts with the Interested Parties, to the extent that any additional information comes

to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

8.      Based on the foregoing, insofar as I have been able to ascertain based on the

information currently available to me: (a) I have no connection with the Debtor, his creditors, the

U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an

actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants;

and (b) (i) I am not a creditor, equity security holder, or insider of the Debtor or his affiliates,

(ii) I have not been, within two years before the Petition Date, a director, officer, or employee of

the Debtor or his affiliates, and (iii) I have no interest materially adverse to the interests of the

Debtor's estate or any class of creditors or equity security holders by reason of any direct or

indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

Therefore, I understand from my discussions with Paul Hastings LLP that this means I am a

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as

modified by section 1107(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: April 14, 2023, at Mystic, Connecticut

_____    _____

Dexter White

## SCHEDULE 1

<u>SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK</u>

**<u>20 LARGEST UNSECURED CREDITORS</u>**
PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**<u>DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES</u>**
HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**<u>BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL</u>**
HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**
7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZON WEB SERVICES LLC
AMAZON.COM INC.
AN HONG
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH AND/OR BANK OF CHINA LIMITED
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BERKELEY ROWE
BERNARDO ENRIQUEZ
BINGSHANG JIAO
BLUE CAPITAL
BNY MELLON, N.A.
BOIES SCHILLER
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRENT PETRO INC.
BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP

CAPITAL ONE BANK
CAPITAL ONE, NA
CHAO-CHIH CHIU
CHARMOY & CHARMOY LLC
CHASE BANK
CHENGLONG WANG
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG KONG) LIMITED
CHONG SHEN RAPHANELLA
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUANG XIN LTD.
CITIBANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
COHN BIRNBAUM & SHEA P.C.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DELTEC BANK & TRUST LIMITED
DIME COMMUNITY BANK
DING G. WANG A/K/A DINGGANG WANG
DONGNA FANG
DWF LLP
EASTERN PROFIT CORPORATION LIMITED
EDUARDO EURNEKIAN
EHSAN MASUD
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
FAN BINGBING
FIONA YU
FIRST ABU DHABI BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FORBES HARE
FREEDOM MEDIA VENTURES LTD
FUNGWAN TRADING INC.
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC

G NEWS LLC,
G TRANSLATORS PTY LTD
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
G-EDU INC.
GETTR USA
GFASHION MEDIA GROUP INC.
GFNY, INC
GINNEL ASSOCIATES, INC. (D/B/A GINNEL REAL ESTATE)
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GPOSTS LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUY PETRILLO
HAIHONG WANG
HAILING SHENG
HAMILTON CAPITAL HOLDINGS INC
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAN CHUNGUANG
HAO HAIDONG
HARCUS PARKER LTD.
HARNEY WESTWOOD AND RIEGELS LP
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HHS CAPITAL INC.
HIBERNIA NATIONAL BANK
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA INVESTMENT LLC

HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA VENTURES LLC
HING CH NGOK
HODGSON RUSS
HONG KONG INTERNATIONAL FUNDS INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG ZENG
HSBC
HSBC BANK USA
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUK TRADING INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
JACK S. LIPSON
JAMES PIZZARUSO
JANOVER LLC
JASON MILLER
JENNER & BLOCK LLP
JENNIFER MERCURIO
JESSE BROWN
JESSICA MASTROGIOVANNI
JIA LI WANG
JIA YANG LI
JIAMEI LU
JIAMING LIU
JIAN FAN
JIANG SU PROVINCE JIAN GONG GROUP LTD BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANSHENGXIE AND JIEFU ZHENG
JING GENG
JOHN S LAU
JONATHAN YOUNG
JPMORGAN CHASE BANK, N.A.
JUMBO CENTURY LIMITED
JUN LIU
JUNE SHI
KAIXIN HONG
KARIN MAISTRELLO
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KUI CHENG
KYLE BASS
LALIVE SA
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC

LAW OFFICE OF RICHARD E. SIGNORELLI
LAWALL & MITCHELL, LLC
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEXINGTON PROPERTY AND STAFFING INC.
LIBERTY JET MANAGEMENT
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LINDA HE CHEUNG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
M&T BANK
MACARON LIMITED
MACDONALD
MANUFACTURERS AND TRADERS TRUST COMPANY (D/B/A M & T BANK)
MAR-A-LAGO
MARCUM LLP
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY JIANG
MAUNAKAI CAPITAL
MAX KRASNER
MAYWIND TRADING LLC
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
MEDICAL SUPPLY SYSTEM INTERNATIONAL LLC
MEDICI BANK INTERNATIONAL LLC
MELISSA FRANCIS
MELISSA MENDEZ
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
METROPOLITAN COMMERCIAL BANK AND/OR METROPOLITAN BANK HOLDING CORP.
MILES GUO
MILES GWOK
MIN YANG
MOA-FU
MORITT HOCK & HAMROFF
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
MURTHA CULLINA LLP
NADEEM AKBAR
NATIONAL AUSTRALIA BANK LIMITED
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL BANKER RESIDENTIAL BROKERAGE)
NYC DEPT OF FINANCE
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LTD

OGIER
OPEN BANK
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PAUL WEISS
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PRIME TRUST LLC
PULLMAN & COMLEY, LLC
QING "SERENA" CAI
QIQHUA FAN
QIU YU
QU GUOJIAO
QUIJU JIA
RAICH ENDE MALTER CO. LLP (AKA RAICH ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS BANK
REDFIN CORPORATION
ROBINSON & COLE LLP
RONG ZHANG
ROSCALITAR2
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP, INC.,
SCHULMAN BHATTACHARYA, LLC
SEACOAST NATIONAL BANK
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHAPIRO ARATO BACH LLP
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN ZHUANG GONG CHENG LTD BEJING FIRST
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHUANG WANG
SIGNATURE BANK
SILVERGATE BANK
SIRIUS NETWORKING INC.
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC
SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK

STARLING BANK LTD
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STRATEGIC VISION LLC
TALHA ZOBAIR
TD BANK, N.A.
TELI CHEN
THE BANK OF PRINCETON
THE CASPER FIRM
THE FIRST BANK OF GREENWICH
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THOMAS RAGLAND
THREE TREASURE LLC
TM PRIMROSE LIMITED
TONG LE INTERNATIIONAL TRADING CO., LTD.
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
UNITEDLEX
UPDIKE, KELLY & SPELLACY P.C.
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
VERDOLINO & LOWEY
VERITEXT
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WARD & BERRY, PLLC
WARREN LAW GROUP
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIXIANG GE
WELL ORIGIN LTD.
WEN LIN
WENCONG WANG
WENG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS LIMITED
WU ZHENG
XIAO YAN ZHU

8

XIAODAN WANG
XINGYU YAN
XIQUI ("BOB") FU
YA LI
YACHTZOO SARL
YAN GAO
YAN HUANG
YANG LAN
YANKWITT LLP
YANPING WANG
YAZ QINGUA
YELIANG XIA
YI LI
YING LIU
YOUTUBE, LLC
YUE HUA ZHU SHI
YUNXIA WU
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG WU (A/K/A BRUNO WA)
ZHENGJUN DONG
ZHIZHE "FRANK" DONG
ZIBA LIMITED

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                   :

In re:                           :    Chapter 11
                                   :

HO WAN KWOK *et al.*,          :    Case No. 22-50073 (JAM)
                                   :

           Debtors.[1]        :    Jointly Administered
                                   :

------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 14, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:     April 14, 2023
          New Haven, Connecticut    By: */s/ Patrick R. Linsey*
                                    Douglas S. Skalka (ct00616)
                                    Patrick R. Linsey (ct29437)
                                    NEUBERT, PEPE & MONTEITH, P.C.
                                    195 Church Street, 13th Floor
                                    New Haven, Connecticut 06510
                                    (203) 781-2847
                                    dskalka@npmlaw.com
                                    plinsey@npmlaw.com

                                    *Counsel for the Chapter 11 Trustee*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).