**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                  :    Chapter 11
                                                                             :
HO WAN KWOK *et al.*,                                  :    Case No. 22-50073 (JAM)
                                                                             :
                            Debtors.[1]                           :    Jointly Administered
                                                                             :
---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION TO TRUSTEE'S
MOTION FOR ORDER TO SHOW CAUSE WHY DEBTOR SHOULD
NOT BE HELD IN CONTEMPT**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), respectfully submits this response (the "Response") to the *Individual Debtor's Objection to The Chapter 11 Trustee's Motion For Order to Show Cause Why Debtor Should Not Be Held in Contempt* (the "Objection") [Docket No. 1650]. The Trustee's Response is as follows:

**PRELIMINARY STATEMENT**

1.     The Debtor contends that because compliance with the January 20 Order[2] would violate his Fifth Amendment rights he should not be held in contempt of Court. His principal basis for this contention is that, by producing documents to the Trustee, he would allegedly reveal his "control" over certain entities and individuals, and this same issue of "control," he says, permeates

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] *See Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoenas* [ECF No. 1353] (entered Jan. 20, 2023). Capitalized terms not defined herein have the meanings given to them in the Objection.

the criminal indictment against him. But the Debtor cannot use the allegations of the criminal indictment to absolve himself of his past contempt because he initially asserted the Fifth Amendment in response to the January 20 Order more than a month before the criminal charges were announced. Moreover, to the extent the Debtor is using the indictment as a basis to assert the Fifth Amendment privilege on a prospective basis, this argument is flawed in the context of this bankruptcy case, which the Debtor commenced voluntarily to avoid the payment of his debts to creditors. The Debtor cannot reap the benefits of the chapter 11 process while shielding himself from his statutory obligation under the Bankruptcy Code to turn over documents to the Trustee.

2. The other arguments the Debtor raises also fail. The Debtor, not the Trustee, bears the burden as to his invocation of the Fifth Amendment privilege, and he cannot (despite his protestations to the contrary) assert that privilege in a blanket manner. The Debtor must instead explain why each act the January 20 Order requires of him would be both testimonial in nature and incriminating; otherwise, he is not entitled to the privilege. In his objection, the Debtor relies almost exclusively on the "control" issue and fails to explain why producing documents presently in his possession concerning assets of the estate would implicate his Fifth Amendment rights.

3. Because the Debtor's explanations for his failure to comply with the January 20 Order are insufficient, this Court should overrule his objection and find him in contempt of Court.

## **DISCUSSION**

4. The party invoking the protection of the Fifth Amendment bears the burden of demonstrating how and why it applies in a given situation. *See, e.g., In re Schick,* 215 B.R. 4, 9 (Bankr. S.D.N.Y. 1997). To satisfy this burden, the party "must provide enough information to enable the Court to conduct a factual inquiry to determine the incriminating potential of the documents sought and the act of production against the privilege asserted." *Id*. at 9 (citation and

internal quotation marks omitted). Invocation of the Fifth Amendment may not be done in a blanket or conclusory manner. Rather, "in order to effectively invoke the protections of the Fifth Amendment, a party must make a particularized objection to each discovery request." *In re Astor,* 62 A.D.3d 867, 869 (2009) (citation and internal quotations omitted).

5. Importantly, the Fifth Amendment privilege "does not . . . reach the content of voluntarily created documents because there is no compulsion to create them." *Schick* 215 B.R. at 8. "This is particularly true where the contents of the documents relates to debtors, their property and their business transactions." *Id.*; *see also Butcher v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985) ("Information relating to property of the estate is not so intimately personal as to evoke serious concern over privacy interests, particularly in bankruptcy where the trustee has a strong interest in knowing the nature and scope of the estate's holdings.")

6. In addition, the Fifth Amendment privilege may not be invoked to resist compliance with a "regulatory regime constructed to effect . . . public purposes unrelated to the enforcement of its criminal laws[,]"[3] such as the Bankruptcy Code. *See In re Harris*, 221 U.S. 274, 279 (1911) (Holmes, J.) (debtor may not invoke Fifth Amendment privilege to avoid statutory obligations to turn over documents to trustee).

7. Here, contrary to what the law requires, the Debtor seeks to invoke his Fifth Amendment privilege in a blanket manner to avoid complying with his obligations under the Bankruptcy Code. The Debtor has not satisfied his burden of supporting his assertion of his Fifth Amendment privilege in this manner and, therefore, he is in contempt of Court.

---

[3] *Baltimore City Department of Social Services v. Bouknight,* 493 U.S. 549, 556 (1990).

### A. Allegations of Criminal Indictment Cannot Absolve Debtor of Past Contempt

8.  The Debtor cannot use the allegations in the criminal indictment to absolve himself of contempt because he failed to comply with the January 20 Order well before the criminal indictment was filed. The United States announced its indictment on March 15, 2023; however, the Debtor's deadline under the January 20 Order to produce documents and provide a declaration detailing his search and collection process was February 7, 2023, nearly a month earlier. The Debtor could not have known of the indictment's specific allegations on February 7; accordingly, those allegations could not have provided a basis for the Debtor's invocation of the Fifth Amendment at that time. The Debtor is, therefore, in contempt of Court.

### B. Act of Production Doctrine Does Not Shield Debtor From Producing Documents

9.  Although the Debtor provides no excuse for his *past* failure to comply with the January 20 Order, he now argues primarily that, because the criminal indictment alleges that he controls certain individuals and entities, he cannot produce documents from those individuals and entities on a go-forward basis without conceding he has control over them, which would tend to incriminate him. This forward-looking argument fits more naturally within the Debtor's contemporaneously-filed Stay Motion,[4] and, therefore, the Trustee will reserve his right to fully address such argument in his forthcoming response to that motion. For present purpose, a few points are worth making.

10. First, as noted above, the ability of a debtor in bankruptcy to assert the act of production doctrine as a means to avoid statutory obligations to turn over documents to a trustee is questionable at best. As the Supreme Court noted long ago in *In re Harris*, when a bankrupt

---

[4] *See Motion For a Limited Stay of Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoena* [ECF No. 1649] (the "Stay Motion").

seeks to withhold documents under the Fifth Amendment privilege, "the question is not of testimony but of surrender – not of compelling the bankrupt to be a witness against himself in a criminal case, past or future, but of compelling him to yield possession of property that he no longer is entitled to keep." 221 U.S. at 279. In *Baltimore City Department of Social Services v. Bouknight,* 493 U.S. 549, 556 (1990), the Supreme Court, rejected the act of production privilege claim of a mother who had been granted custody of an abused child but later declined to bring the child to a welfare examination ordered by the state. There, the Supreme Court expressly analogized the mother's situation in *Bouknight* to a debtor's obligation to surrender financial documents to a bankruptcy trustee. 493 U.S. at 556 (citing *Harris*). *See also Fisher v. United States*, 425 U.S. 391, 410 (1976) (citing *Harris* with approval for the proposition that there is no cognizable testimonial aspect to the act of production when the "existence and location of the papers are a foregone conclusion and the [witness] adds little or nothing to the sum total of the [requesting party's] information by conceding that he in fact has the papers."); 3 *Collier on Bankruptcy*, ¶ 344.03[4] (Rev. 16th ed.) ("it is doubtful that a debtor, as opposed to other witnesses, may successfully refuse to turn over the property, books and records that every debtor under the Code is required to surrender to the trustee on the basis that this 'act of production' might itself tend to incriminate.").[5]

11.  Second, to the extent the Fifth Amendment permits the Debtor to avoid searching for and producing any documents in the possession or custody of certain individuals or entities because doing so would expose his "control" over such individuals and entities, he must clearly

---

[5] The Supreme Court's rejection of the privilege claim in *Harris* relied on a property rights theory of the Fifth Amendment that is no longer viable, that is, that the debtor could not claim the Fifth Amendment privilege as to books and records that were no longer his; however, the Supreme Court's decisions in *Bouknight* and *Fisher* have revived the applicability of *Harris* within the contemporary Fifth Amendment doctrine context.

5

make this Fifth Amendment assertion under oath in a particularized manner. *See Astor*, 62 A.D.3d at 869 ("in order to effectively invoke the protections of the Fifth Amendment, a party must make a particularized objection") (citation and internal quotations omitted). Specifically, the Debtor must state that he is refusing to produce documents related to each "Associated Individual" and "Associated Entity" listed in the Trustee's subpoena on the basis that the Fifth Amendment prevents him from testifying as to whether he has control over such individuals and entities. The Trustee is entitled to this level of specificity for purposes of building an evidentiary record in this case, and the Debtor cannot carry his burden with anything less.

12.     Third, the Debtor fails to acknowledge that, even if he has a valid basis for invoking the Fifth Amendment based on the notion that by producing certain documents he would concede his control over certain individuals and entities, this would not cover the entirety of his obligations under the January 20 Order. In addition to requiring the Debtor to produce documents from sources under his control, the January 20 Order also required him to produce documents in his own custody or possession related to potential property of the estate. *See* Jan. 20 Order at 2-4. The Debtor has provided no justification as to why producing such documents would either (a) be testimonial in nature, or (b) tend to incriminate him. The criminal indictment involves certain securities and investment frauds, while this case involves the Trustee's attempt to identify assets of the estate. It is not at all clear how every document relevant to the latter could somehow impact the former, and it is the Debtor's burden[6] to substantiate his Fifth Amendment privilege (not the Trustee's to refute it). *See e.g.*, *In re Connelly*, 59 B.R. 421, 445 (Bankr. N.D.Ill. 1986) (holding that the debtor, upon classifying the documents to be produced and those to be withheld, is required to indicate why the act of producing each class of documents withheld might be incriminating);

---

6       *In re Schick*, 215 B.R. at 9 (debtor's burden to substantiate Fifth Amendment privilege).

6

*In re Crabtree*, 39 B.R. 702, 712 (Bankr. E.D. Tenn. 1984) (finding that a debtor's refusal to provide information based on a blanket assertion of his Fifth Amendment right does not satisfy the debtor's statutory obligations, and that the debtor must "file a second statement […], addressing each question and asserting any privilege claimed on an item-by-item basis."); *In re Blan*, 239 B.R. 385, 392 (Bankr. W.D. Ark. 1999) (finding that debtor must substantiate his Fifth Amendment privilege that responding to the specific requests for information may tend to incriminate him).

13. <u>Fourth</u>, to the extent the Debtor is arguing that he cannot comply with the January 20 Order because the government has seized all of his documents, that argument, without more, is insufficient to avoid a finding of contempt. The Debtor previously represented to his counsel, the Trustee, and to this Court that he had no responsive text messages on his cell phones, ***no computer***, ***no servers***, and ***no hard copy documents in his house***.[7] The government has now stated that it seized ***approximately 30 phones*** and ***approximately 25 computers, plus dozens of external storage devices***, from the Debtor's residences.[8] The seizure of these devices not only exposes the untruthfulness of the Debtor's prior assertions, it also demonstrates that the government ***already has in its possession*** all the contents of such devices. Accordingly, to the extent the Debtor has himself retained copies of these devices or their contents (such as backup storage devices, cloud storage accounts, or email accounts containing the same information as the devices), he can search for and produce documents to the Trustee without any fear of prejudicing his rights in his criminal

---

[7] *See, e.g.,* Nov. 30, 2022 Hr'g Tr. at 52:18-53:2 (Moriarty, J.) ("The debtor represented that he doesn't use a computer. […] The debtor doesn't have a server. […] The debtor does not have an office. The debtor does not maintain hard copy documents in his house."); *id.* at 58:2 ("The debtor doesn't use email.").

[8] *See Letter Response in Opp. to Mot. of Yvette Wang for Bond,* No. 1:23-cr-118-AT [ECF No. 10], at 3.

case—i.e., if the government already has the documents, then there cannot be any harm to the Debtor in also providing them to the Trustee.

### C. Fifth Amendment Does Not Prevent Debtor From Providing Required Declaration

14. The January 20 Order also requires the Debtor to provide a declaration detailing his search and collection process. *See* Jan. 20 Order at 4-5. The Debtor, however, has provided no basis for why simply describing where and how he looked for documents could tend to incriminate him. If the Debtor has not even searched for responsive documents, how could he possibly know that his production of documents in his possession would be incriminating? The Debtor must provide a description of his search and collection efforts to comply with the January 20 Order.

[*Remainder of Page Intentionally Left Blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court reject the Debtor's arguments and hold him in contempt of Court for his past and ongoing violations of the January 20 Order.

Dated: April 14, 2023  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft (admitted *pro hac vice*)  
    G. Alexander Bongartz (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com  
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.¹ : Jointly Administered
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2023, the foregoing Response was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: April 14, 2023
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).