**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                            :

In re:                           :     Chapter 11
                                         :

HO WAN KWOK *et al.*,        :     Case No. 22-50073 (JAM)
                                         :

         Debtors.[1]        :     Jointly Administered
                                         :

-------------------------------------------------------x

**APPLICATION OF TRUSTEE, PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND**
**LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT**
**AND RETENTION OF EDMISTON AND COMPANY LIMITED AS BROKER**
**<u>FOR SALE OF LADY MAY AND LADY MAY II</u>**

      Luc A. Despins, in his capacity as chapter 11 trustee (the "<u>Trustee</u>") for the estate of

debtor Ho Wan Kwok (the "<u>Debtor</u>") hereby moves the Court (the "<u>Application</u>") pursuant to

sections 327(a) and 328 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and

Rule 2014-1 of the Local Bankruptcy Rules for the District of Connecticut (the "<u>Local Rules</u>")

for entry of an order (the "<u>Order</u>") substantially in the form of **<u>Exhibit A</u>** hereto authorizing the

Trustee to employ and retain Edmiston and Company Limited ("<u>Edmiston</u>") as broker in

accordance with the terms and conditions set forth in that certain Central Agency Sales

Agreement, dated as of April 17, 2023 (the "<u>Agreement</u>"), attached hereto as **<u>Exhibit B</u>**.  In

support of the relief sought in the Application, the Trustee submits the declaration of Dirk

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Johnson (the "Johnson Declaration"), attached hereto as **Exhibit C** and incorporated herein by reference.   In further support of this Application, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      In accordance with his statutory duties to maximize value for the Debtor's estate, the Trustee intends to sell the Lady May and the Lady May II.  Given the substantial value of the Lady May and the Lady May II it is necessary to engage a qualified and seasoned broker to market these yachts for sale.  To that end, the Trustee solicited and reviewed proposals from several brokers specializing in the sale of yachts.  After evaluating the various proposals, the Trustee determined to select Edmiston as the broker, not only because of its substantial experience in marketing luxury superyachts, but also because of its competitive fee structure. Moreover, Edmiston has also developed a comprehensive game plan to market the Lady May for sale in the coming months, as detailed in the indicative timeline attached hereto as **Exhibit D**.[2]

2.      The services to be provided by Edmiston will include (a) preparing for the marketing of the Lady May and the Lady May II, including drafting a sales contract preparing detailed set of specifications on equipment and technical components, (b) promoting the Lady May and the Lady May II by executing and managing all aspects of marketing, including advertising and public relations to digital campaigns and boat shows; and (c) managing the sale process for the Lady May and the Lady May II.

3.      As set forth more fully in the Agreement, Edmiston will be compensated as follows: (a) in the case of the sale of the Lady May, a fixed fee of 5% in case of an in-house deal whereby Edmiston represents both the buyer and the seller or 6% in case of a deal with any other

---

[2]    In connection with the marketing process, the Trustee intends to transfer the Lady May and the Lady May II to the foreign trade zone in Newport, Rhode Island.  The Trustee will file a motion requesting relief in that regard in the near future.

broker, intermediary and third-party commission agent (the "Sub-Listing Broker") and (b) in the case of the sale of the Lady May II, a fixed fee of 5%, whether in case of an in-house deal or in case of a deal with a Sub-Listing Broker.[3]

4.      Finally, the Trustee requested, and Edmiston agreed, that the Trustee will have the option to terminate the Agreement three (3) months after entry of this Court's order granting this Application.  If the Trustee exercises that option, the Agreement would terminate ten (10) days after the exercise of that option.

5.      The Trustee submits that approving the retention of Edmiston as the broker for the Lady May and the Lady May II is in the best interest of the estate and that, accordingly, Edmiston's retention, on the terms set forth in the Agreement, should be approved by the Court.

## JURISDICTION, VENUE, AND STATUTORY BASES

6.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

7.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

8.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S. C. §§ 1408 and 1409.

9.      The relief sought in this Application is predicated upon sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RELEVANT BACKGROUND

10.     On April 11, 2022, HK International Funds (USA) Limited, LLC ("HK USA") initiated an adversary proceeding by filing a Complaint [Docket No. 1, in Adv. Proc. No. 22-

---

[3]    Any Sub-Listing Broker involved in the sale shall receive his fee from Edmiston.

5003] against the Debtor and Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), asserting that HK USA is the owner of the Lady May yacht.

11.    On September 23, 2022, the Trustee filed his *Answer and Counterclaims* [Docket No. 36 in Adv. Proc. No. 22-5003] (the "Answer and Counterclaims"). The Trustee's first counterclaim (the "First Counterclaim") sought a ruling pursuant to 11 U.S.C. §§ 541 and 542 declaring that the Lady May is property of the Debtor's chapter 11 estate to be administered by the Trustee and ordering the surrender of the Lady May to the Trustee.

12.    On March 19, 2023, the Trustee filed his motion for partial summary judgment [Docket No. 146 in Adv. Proc. No. 22-5003] (the "Partial SJ Motion") and supporting materials, seeking summary judgment on the First Counterclaim. *See also* Docket Nos. 147, 148, and 150 in Adv. Proc. No. 22-5003.

13.    A hearing on the Partial SJ Motion was held on March 27, 2023.  At the conclusion of the hearing, for the reasons stated on the record and further set forth in the Court's *Supplemental Memorandum of Decision in Support of Oral Ruling Granting Motion for Partial Summary Judgment* [Docket No. 177 in Adv. Proc. No. 22-5003], the Court issued an oral ruling granting the Partial SJ Motion.

14.    That same day, the Court entered its order granting the Partial SJ Motion [Docket No. 172 in Adv. Proc. No. 22-5003] (the "Partial SJ Order"), finding, among other things, that the Lady May is the property of the Debtor's estate to be administered by the Trustee.

15.    On March 31, 2023, after the Trustee's discovery of HK USA's ownership of the Lady May II (together with the Lady May, the "Lady May Yachts"), the Court entered an amendment to the Partial MSJ Order, [Adv. Proc. ECF No. 183], finding that the Lady May II is also property of the estate.

4

16.     The Trustee requires services of a broker to assist the Trustee in the marketing and sale of the Lady May Yachts.

## QUALIFICATIONS

17.     The Trustee seeks to retain Edmiston because of its extensive experience and knowledge with respect to the marketing and sales of yachts.  Edmiston is a luxury superyacht broker specializing in the sale of yachts.  Edmiston currently is the broker for numerous yachts in the United States and worldwide.  In addition, in the past 24 months, Edmiston has sold more than 70 yachts over 30 meters in length, more than double the industry average of deals per broker.  Edmiston also holds the industry record for the sale of the highest number of Feadships (which is the builder of the Lady May).

18.     For these reasons, the Trustee submits that Edmiston is well-qualified and able to efficiently provide the requested brokerage services with respect to the Lady May Yachts.

## SERVICES TO BE PROVIDED

19.     The Trustee has retained Edmiston as broker to sell the Lady May Yachts pursuant to the Agreement.  The services Edmiston will include the following:

a.      Preparing (i) a marketing plan, including drafting a sales contract preparing detailed set of specifications on equipment and technical components, (ii) deck plans for marketing purposes, (iii) a comprehensive inventory listing all items on board the Lady May Yachts and located shore that are included in the sale, the items excluded from the sale, and the items that are excluded from the sale but which are offered for sale by special arrangement.

b.      Promoting the Lady May Yachts by (i) executing and managing all aspects of marketing, including advertising and public relations to digital campaigns and boat shows, (ii) coordinating all inspections and briefing the crew to ensure the Lady May Yachts are always presented in first-class show condition, (iii) preparing and handling video shoots to promote the Lady May Yachts, and (iv) connecting to the wider broker network to educate them on the Lady May Yachts.

      c.     Managing the sale process for the Lady May Yachts by, among other things, (i) fielding all offers until negotiations lead to an agreed price and terms, upon which an offer to purchase document will be prepared for the buyer to sign and whose deposit will be held in escrow subject to sea trial and survey, and (ii) managing the administration and closing process.

20.     In addition, Edmiston will provide the Trustee, on a confidential basis, with a monthly log identifying the interested parties and Sub-Listing Brokers with whom Edmiston communicates (including interested parties on whose behalf the Sub-Listing Broker communicates with Edmiston).  This log will allow the Trustee to track the progress made in the marketing and sale process.

21.     The Trustee intends to work closely with Edmiston to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate in this case.

22.     Furthermore, as set forth in the Agreement, the agreed-upon asking prices for the Lady May and the Lady May II are $26.5 million and $950,000, respectively.[4]

## COMPENSATION

23.     As set forth more fully in the Agreement and subject thereto, Edmiston will be compensated as follows (the "Compensation Structure"): (a) in the case of the sale of the Lady May, a fixed fee of 5% in case of an in-house deal whereby Edmiston represents both the buyer and the seller or 6% in case of a deal with any Sub-Listing Broker and (b) in the case of the sale of the Lady May II, a fixed fee of 5%, whether in case of an in-house deal or in case of a deal with a Sub-Listing Broker.  Any Sub-Listing Broker involved in the sale shall receive his fee from Edmiston.

24.     All marketing action shall be agreed between Edmiston and the Trustee and shall be at the expense of Edmiston unless otherwise agreed in writing by the Trustee.

---

[4]    The Lady May had previously been listed by a different broker with an asking price of $27.9 million.

Notwithstanding the foregoing, if the Trustee terminates the Agreement, without cause, the Trustee shall reimburse the Broker for all costs incurred in relation with the above-mentioned marketing actions, up to a maximum of EUR 30,000.  For the avoidance of doubt, the foregoing provision does not apply in the event the Agreement is terminated as a result of the Trustee electing to terminate the Agreement at the end of the initial three-month period.

## **INDEMNIFICATION**

25.     As a material part of the consideration for which Edmiston has agreed to provide the services described herein, the Trustee has agreed to the indemnification provisions in sections 9, 10 and 11 of the Agreement.  All requests of Edmiston for payment of indemnity pursuant to the Agreement will be made by means of an application (interim or final as the case may be) and served upon all parties in interest; *provided*, *however*, that in no event shall Edmiston be indemnified from any liability, loss, costs, or claim that is found by the Court to be the result of Edmiston's fraud or fraudulent misrepresentation, knowing or willful violation of law, willful misconduct, breach of fiduciary duty, self-dealing, bad faith, or gross negligence.  All parties' rights to object to any request of Edmiston for payment of indemnity pursuant to the Agreement shall be preserved.

## **RELIEF REQUESTED**

26.     By this Application, the Trustee seeks entry of an Order, substantially in the form attached hereto as Exhibit A, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing them to employ and retain Edmiston as broker in connection with the sale of the Lady May Yachts in this Chapter 11 Case, as set forth in the Agreement.

27.     The Trustee respectfully requests that, because Edmiston's compensation is results oriented and directly related to benefits received by the Debtor's estate as a result of the

sale of the Lady May Yachts, requiring Edmiston to filed detailed time records and periodic fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and Local Rule 2016 is unnecessary under the circumstances. The Trustee has been advised by Edmiston that it is not their practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

## **BASIS FOR RELIEF**

28.     The Trustee seeks to retain Edmiston as broker for the sale of the Lady May Yachts pursuant to section 327(a) of the Bankruptcy Code, which provides that a chapter 11 trustee may, subject to court approval:

> employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [trustee] in carrying out the [trustee]'s duties under this title.

11 U.S.C. § 327(a).

29.     Further, section 328(a) of the Bankruptcy Code allows a trustee, "with the court's approval, . . . [to] employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

30.     Under Bankruptcy Rule 2014(a), an application for retention must include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the

> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014(a).

31.     Based on the facts and for the reasons stated herein and in the Johnson

Declaration, retention and employment of Edmiston as broker for the Trustee to include the

marketing and sale of the Lady May Yachts pursuant to this Application is reasonable, necessary

and appropriate, and satisfies the requirements of sections 327 and 328 of the Bankruptcy Code

and Bankruptcy Rule 2014(a).  The Trustee submits that the relief sought in this Application will

facilitate the Trustee's restructuring efforts through the efficient sale of the Lady May Yachts, is

in the best interests of the Debtor's estate and stakeholders, and should be approved by the Court.

## DISINTERESTEDNESS

32.     To the best of the Trustee's knowledge, Edmiston (i) does not hold any interest

materially adverse to the Debtor's estate; (ii) has no connection with the Debtor, his creditors,

equity security holders, any other party in interest, or related parties herein; and (iii) is a

"disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the

Bankruptcy Code, except as set forth in the Johnson Declaration.

## NOTICE

33.     Notice of this Application has been given to the United States Trustee, the Debtor,

the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF")

system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

34.     No prior request for the relief sought in the Application has been made to this

Court or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the

Court (a) enter the Order substantially in the form attached hereto as **Exhibit A** and (b) grant

such other and further relief as is just and proper.

Dated: April 18, 2023               LUC A. DESPINS, CHAPTER 11 TRUSTEE
     New Haven, Connecticut

By: */s/ Luc A. Despins*
    Luc A. Despins (admitted *pro hac vice*)
    Avram E. Luft (admitted *pro hac vice*)
    G. Alexander Bongartz (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    lucdespins@paulhastings.com
    aviluft@paulhastings.com
    alexbongartz@paulhastings.com

    *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK et al.,                                    :    Case No. 22-50073 (JAM)
                                                       :
                       Debtors.[5]                     :    Jointly Administered
                                                       :
-------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: April 18, 2023           LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

                        By: */s/ Luc A. Despins*
                            Luc A. Despins (admitted *pro hac vice*)
                            Avram E. Luft (admitted *pro hac vice*)
                            G. Alexander Bongartz (admitted *pro hac vice*)
                            PAUL HASTINGS LLP
                            200 Park Avenue
                            New York, New York 10166
                            (212) 318-6079
                            lucdespins@paulhastings.com

---

[5]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

aviluft@paulhastings.com
alexbongartz@paulhastings.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                                  :    Chapter 11
:
HO WAN KWOK *et al*.,                         :    Case No. 22-50073 (JAM)
:
Debtors.[1]                          :    Jointly Administered
:
------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328,
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY
OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND
COMPANY LIMITED AS BROKER FOR SALE OF LADY MAY AND LADY MAY II**

Upon the application (the "Application"),[2] filed Luc Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing the

Trustee to employ and retain Edmiston and Company Limited ("Edmiston") as broker in

accordance with the terms and conditions set forth in the Agreement, all as further detailed in the

Application; and it appearing that this Court has jurisdiction to consider the Application pursuant

to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States

District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
(solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and this Court being satisfied based on the representations made in the Application and in the Johnson Declaration that, as more fully disclosed in the Johnson Declaration, (a) Edmiston does not hold or represent an interest adverse to the Debtors' estates and (b) Edmiston is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is approved as set forth herein.  All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2.      The Trustee is authorized to retain and employ Edmiston as broker in connection with the sale of the Lady May Yachts, on the terms set forth in the Agreement.

3.      The Compensation Structure is hereby approved, and Edmiston shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  Edmiston shall be compensated for its services solely in accordance with the

procedures set forth in the Application and such other procedures as may be fixed by order of this Court.

4.      All requests of Edmiston for payment of indemnity pursuant to the Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon all parties in interest; *provided*, *however*, that in no event shall Edmiston be indemnified for any liability, loss, costs, or claim that is found by this Court to be the result of Edmiston's fraud or fraudulent misrepresentation, knowing or willful violation of law, willful misconduct, breach of fiduciary duty, self-dealing, bad faith or gross negligence.

5.      All parties' rights to object to any request of Edmiston for payment of indemnity pursuant to the Agreement shall be preserved.

6.      To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

7.      The Trustee and Edmiston are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Central Agency Sales Agreement**



## CENTRAL AGENCY SALES AGREEMENT

| OWNER: | BROKER: |
|---|---|
| Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok<br>c/o Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | EDMISTON AND COMPANY LIMITED<br>Burleigh Manor, Peel Road, Douglas<br>Isle of Man, Im1, 5EP |

| YACHT #1:<br>LADY MAY | BUILDER AND YEAR:<br>Feadship De Vries, 2014 |
|---|---|
| FLAG AND PORT OF REGISTRY:<br>George Town, Cayman Islands | VAT STATUS:<br>EX VAT |
| ASKING PRICE (hereinafter the "Yacht #1 Price"):<br>USD 26,500,000 (Twenty Six Million Five Hundred Thousand United States Dollars) | |

| YACHT #2:<br>LADY MAY II | BUILDER AND YEAR:<br>Windy Scandinavia AB, 2017 |
|---|---|
| FLAG AND PORT OF REGISTRY:<br>George Town, Cayman Islands | VAT STATUS:<br>EX VAT |
| ASKING PRICE (hereinafter the "Yacht #2 Price"):<br>USD $950,000 (Nine Hundred Fifty Thousand United States Dollars) | |

1. Subject to the approval of this Agreement by the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), the Owner appoints the Broker as the exclusive Central Agent to manage the sale of Yacht #1 and Yacht #2 (collectively, the "Yachts") and all matters relating to the sale of the Yachts, including discussions with any other broker, intermediary and third-party commission agent ("**Sub-Listing Broker**"). The Owner acknowledges that the Broker assumes exclusive marketing rights for the sale of the Yachts. All enquiries received directly by the Owner from prospective purchasers or their agents or from other brokers shall immediately be referred to the Broker. The Owner shall advise the Captain of the Yacht(s) that the Broker is the Central Agent. All enquiries made directly to the Yachts shall immediately be referred to the Broker. The Owner shall arrange for the Captain to give every assistance to the Broker.

2. Yacht #1 will be offered for sale at the Yacht #1 Price, Yacht #2 will be offered at the Yacht #2 Price, and no other price(s) shall be quoted without specific authorisation from the Owner. The Broker shall submit all offers of any type to the Owner for his

consideration. The Owner agrees to sell (a) Yacht #1 to any customer who is ready, willing and able to purchase at the Yacht #1 Price and (b) Yacht #2 to any customer who is ready, willing and able to purchase at the Yacht #2 Price, or at such lower price(s) as the Owner may accept. The Yachts shall be marketed and sold separately, unless otherwise agreed by the Owner. Any sale shall be subject to the approval of the Bankruptcy Court.

3. The Broker may distribute information describing the Yachts to its clients and to any Sub-Listing Broker whom he judges qualified to negotiate a sale. The Broker will use its discretion to decide in which media he shall promote the Yachts for sale, including printed media, electronic distribution and online channels.

4. The Owner shall supply to the Broker photographs, brochures, plans and all detailed information as the Broker may reasonably require, and shall keep the Broker informed of any change in the location, price, or specification of the Yachts, or of any other matter affecting a potential buyer's assessment of the Yachts. The Owner warrants the accuracy of all information provided by it or on its behalf and undertakes to advise the Broker immediately of any change to such information.

5. Upon completion of the sale of each of the Yachts, or if either is otherwise transferred or conveyed during the term of this Agreement, or in the event that any purchaser acquires a beneficial interest in the ownership of the yacht, the Owner agrees to pay the Broker (a) in the case of the sale of Yacht #1, a fixed fee of 5% in case of an in-house deal whereby the Broker represents both the buyer and the seller or 6% in case of a deal with a Sub-Listing Broker and (b) in the case of the sale of Yacht #2, a fixed fee of 5%, whether in case of an in-house deal or in case of a deal with a Sub-Listing Broker. Each such fee shall be referred to as the "Full Fee". Any Sub-Listing Broker involved in the sale shall receive his fee from the Broker. On a monthly basis, the Broker shall provide the Owner with a log (a "Contact Log") identifying (a) the interested parties and the Sub-Listing Brokers with whom the Broker communicated during the preceding month regarding the Yachts and (b) in the case of communications with Sub-Listing Brokers, the interested parties on whose behalf the Sub-Listing Broker communicated with the Broker. Owner agrees to treat the Contact Logs confidentially and not share them with any party, other than his counsel.

6. All marketing action shall be agreed between the Broker and the

Owner and shall be at the expense of the Broker unless otherwise agreed in writing by the Owner. Notwithstanding the foregoing, if the Owner terminates the Agreement, without cause, the Owner shall reimburse the Broker for all costs incurred in relation with the above-mentioned marketing actions, up to a maximum of EUR 30,000 (thirty thousand euros). For the avoidance of doubt, the foregoing provision shall not apply in the event the Agreement is terminated as a result of the Owner electing to terminate the Agreement at the end of the initial three-month term.

7. It is specifically understood and agreed that the Broker does not assume and is not delegated care, custody or control of the Yachts and shall not be responsible for any loss or damage to the Yachts, regardless of cause, except to the extent that such loss or damage is the result of gross negligence or intentional misconduct by the Broker. Permission is hereby given to employees of the Broker and Sub- Listing Brokers to board and show the Yachts, by appointment or as otherwise agreed.

8. This Agreement shall become effective upon entry of an order of the Bankruptcy Court and shall remain in effect for an initial period of 3 (three) months after entry of such order, unless both Yachts are sold prior thereto. At the end of the initial three-months term, the Owner may elect to terminate the Agreement for any reason or for no reason, in which case the Agreement shall continue for an additional ten (10) days and then terminate. If the Owner does not make such election, the Agreement shall continue until terminated by either party for convenience, giving the other party 90 (ninety) days prior written notice. In the event that this Agreement is terminated and either Yacht is sold within 12 (twelve) months thereafter to a purchaser who was informed, during the term of the Agreement, about the Yachts by the Broker or a Sub-Listing Broker that introduced such purchaser to the Broker during the term of this Agreement, and provided that such purchaser was previously identified on one or more Contact Logs provided by the Broker to the Owner, then the Full Fee (with respect to the Yacht that is the subject of such sale) shall be payable to the Broker, as applicable under Clause 5. For the purposes of this clause the term "purchaser" shall include any nominee, agent, or any company owned or controlled by such a person, whether directly or indirectly.

9. The Owner agrees that it shall at all times remain solely responsible for all taxes, duties, levies and imposts wherever and

howsoever arising incurred or imposed in relation to the ownership, operation, management and any sale of the Yachts and any equipment used in connection with the Yachts (hereinafter "**Taxes**") and that the Broker shall have no liability therefore. The Owner shall protect, defend, indemnify and hold harmless (hereinafter "**Indemnify**") the Broker against any claim, loss, damage, cost or expenses (hereinafter "**Claim**") that may be suffered by the Broker in relation to Taxes. VAT or equivalent taxes, if applicable, shall be payable by the Owner at the prevailing rate on any sum payable pursuant to this Agreement.

10. To comply with applicable regulations in relation with the fight against corruption, money laundering and financing of terrorism (the "Compliance Regulations"), the Owner shall provide the Broker within 10 (ten) calendar days of the execution of this Agreement with all information and certified copies of such documents as the Broker reasonably requires to verify the identity and address of the Owner. Where the Owner fails to provide the documents or information requested, or where the Broker has reasonable reasons to believe based on the documents and information provided that the performance of this Agreement may cause any risk to the Broker under the Compliance Regulations, the Broker shall be entitled to terminate the agreement by written notice with immediate effect, and neither Party shall have any liability to the other in relation to such termination. The Owner shall Indemnify the Broker against any Claim suffered by the Broker in connection with the information and documents to be provided by the Owner under this clause, including but not limited to Claims due to their inaccuracy or incompleteness. The Owner agrees that, once a potential buyer is identified, the Broker may share with the broker of the purchaser and with their banks and lawyers any information and document provided to the Broker under this Clause.

11. The Owner undertakes on a continuing basis that he, as chapter 11 trustee for the estate of Ho Wan Kwok, or the sale of the Yacht, are not subject to sanctions by any applicable authority or government (including without limitation the UN, EU, US and UK) related to economic or trade restrictions, export controls, non-proliferation, anti-boycott, anti- terrorism or similar restrictions and that he shall notify the Broker immediately otherwise. Any breach of this Clause 11 shall constitute a material breach of the Agreement which shall entitle the Broker, at its sole discretion, to terminate the Agreement. The Owner shall Indemnify the Broker from and against any and all Claims

arising directly or indirectly as a result of a breach by the Owner of the provisions of this Clause.

12. The Owner is party to this Agreement solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. For the avoidance of doubt, no claim whatsoever may be asserted by the Broker against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

13. A copy of this Agreement shall be included as part of the Owner's motion in the Bankruptcy Court seeking entry of an order approving the retention of the Broker pursuant to the terms of this Agreement.

14. This Agreement is binding on the Broker and the Owner, their heirs, executors, successors, administrators and lawful assigns. For the avoidance of doubt, this Agreement is subject to the approval by the Bankruptcy Court. This Agreement shall not be assigned by any party without the previous consent in writing of the other party.

15. Any provision of this Agreement which expressly or by implication is intended to continue in force after termination of this Agreement (including, without limitation, Clauses 9 to 12) shall remain in full force and effect.

16. The interpretation and enforceability of this Agreement shall be governed by and construed in accordance with the laws of England and Wales without regard to any principle of conflict of laws which would refer the matter to the laws of another jurisdiction. The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of this Agreement.

| Signed for and on behalf of the Owner | Signed for and on behalf of the Broker |
|---|---|
| Name: Luc Despins | Name: DIRK JOHNSON |
| Title: Chapter 11 Trustee | Title: YACHT BROKER |
| Date signed: 4/18/2023 | Date signed: 4/18/23 |

**<u>Exhibit C</u>**

**Johnson Declaration**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

-------------------------------------------------------x
:
In re:                                              :     Chapter 11
                                                    :
HO WAN KWOK *et al.*,                               :     Case No. 22-50073 (JAM)
                                                    :
                    Debtors.[1]                     :     Jointly Administered
                                                    :
-------------------------------------------------------x

## DECLARATION OF DIRK JOHNSON IN SUPPORT OF APPLICATION OF TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND COMPANY LIMITED AS BROKER <u>FOR SALE OF LADY MAY AND LADY MAY II</u>

I, Dirk Johnson being duly sworn, state the following under penalty of perjury:

1.      I am Yacht Broker of Edmiston and Company Limited ("Edmiston"), maintaining offices at (a) 2 Marina Plaza, Newport, Rhode Island, 02840, and (b) Burleigh Manor, Peel Road, Douglas, Isle of Man, IM1 5EP.

2.      I am duly authorized to make this declaration (this "Declaration") on behalf of Edmiston and submit this Declaration in support of the *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order Authorizing Employment and Retention of Edmiston and Company Limited as Broker for Sale of Lady May and Lady May II* (the "Application")[2] in the chapter 11

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the

case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), seeking an order approving the retention of Edmiston as broker pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

3.      I am a Yacht Broker based in Newport, Rhode Island, since 1991.  I am currently (and have been for the last 2½ years) employed by Edmiston as a Yacht Broker.  I have approximately 15 years of experience in the superyacht brokerage industry.

4.      Edmiston was retained by Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 Case of the Debtor, to market and sell the Lady May and Lady May II (the "Lady May Yachts").  Unless otherwise indicated below, I have personal knowledge of the matters set forth below, and if called as a witness, I could and would testify competently thereto.

5.      As part of my role as broker of the Lady May Yachts, I will, among other things (i) prepare the Lady May Yachts for marketing, including by creating deck plans, (ii) promote the Lady May Yachts by executing and managing all aspects of marketing, including advertising and public relations to digital campaigns and boat shows, and (iii) manage the sale process for the Lady May Yachts.

6.      Edmiston is a luxury superyacht broker specializing in the sale of yachts. Edmiston currently is the broker for numerous yachts in the United States and worldwide.  In addition, in the past 24 months, Edmiston has sold more than 70 yachts over 30 meters in length, more than double the industry average of deals per broker.  Edmiston also holds the industry record for the sale of the highest number of Feadships (which is the builder of the Lady May).

7.      The services that Edmiston provides to the Trustee have assisted and will assist his efforts to maximize the value of the Debtor's estate by enabling the Trustee to derive value

---

Application.

from the Debtor's Lady May Yachts.  To my knowledge, the services will not duplicate the services of any other professional that the Trustee has retained.  In addition, if retained, Edmiston will use reasonable efforts to coordinate its services with the Trustee and the Trustee's other professionals to avoid the unnecessary duplication of services.

8.      Compensation will be payable to Edmiston on the terms set forth in the Agreement.  Edmiston believes that the requested compensation and payment arrangement is customary and reasonable for the work to be performed.

9.      In connection with the Trustee's proposed retention of Edmiston in the Chapter 11 Case, Edmiston has received a list of parties in interest provided by Paul Hastings LLP, attached hereto as **Schedule 1**, which includes:

   a.  parties listed as creditors, executory contract counterparties, and codebtors on the Debtor's Schedules D, F, G, and H [Docket No. 78];

   b.  parties listed on the Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the Chapter 11 Case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Debtor (SOFA Part 11, Question 27);

   c.  parties and counsel filing notice of appearances in the Debtor's Chapter 11 Case;

   d.  the Court and personnel of the office of the United States Trustee (the "US Trustee"); and

   e.  other parties in interest that I have become aware of as a result of the Trustee's ongoing investigation of the Debtor's assets.

10.      Edmiston maintains records of its current and former clients and, with respect to any engagement, adverse persons.  Before signing this Declaration, I have checked against such records all of the names listed on Schedule 1 (collectively, the "Interested Parties").

3

11.    To the best of my knowledge and belief, Edmiston has no relationship or connection with the Interested Parties or with any other creditor of the Debtor except as follows:

      a.    Edmiston signed a Central Agency Sales Agreement for the Lady May in August 2016 with HK Intrernational Funds Investments (USA) Limited, LLC.  This relationship formally ended on June 30, 2018 when the sales listing was handed over to another brokerage firm.

      b.    Edmiston was the operational yacht manager from July 13, 2016 until it completely ceased that role on November 21, 2017.

      c.    One of the Edmiston commercial teams have had communications over the past five years with a person named Qiang Guo (which I understand is the Debtor's son) regarding a few charter inquiries from him.  However, no business was ever undertaken with that person.

12.    Several of the entities listed on Schedule 1 are large multinational corporations, financial institutions, or law firms with which Edmiston may have business relationships unrelated to the Lady May or the Debtor, including, for example, Apple Inc., Bank of America, Bank of China, Barclays Bank, Boies Schiller, Brown Harris Stevens, BNY Mellon, Citibank, Greenberg Traurig, HSBC, JP Morgan Chase Bank, National Australia Bank, Signature Bank, Spotify, Standard Chargered Bank, UBS, and Youtube.

13.    While I have made a diligent effort to ascertain the identity of any connections or potential conflicts with the Interested Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

14.    Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) Edmiston has no connection with the Debtor, his

4

creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) (i) Edmiston is not a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) Edmiston has not been, within two years before the petition date of the Chapter 11 Case, a director, officer, or employee of the Debtor or his affiliates, and (iii) Edmiston has no interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, I understand from my discussions with Paul Hastings LLP that this means Edmiston is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

15.    No promises have been received by Edmiston nor by any employee thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Edmiston has no agreement with any other entity to share with such entity any compensation received by Edmiston in connection with this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2023

Dirk Johnson
Broker
Edmiston and Company

5

## Schedule 1

**Parties in Interest**

**SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK**

**20 LARGEST UNSECURED CREDITORS**
PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES**
HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL**
HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**
7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED

ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZON WEB SERVICES LLC
AMAZON.COM INC.
AN HONG
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH AND/OR BANK OF CHINA LIMITED
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BERKELEY ROWE
BERNARDO ENRIQUEZ
BINGSHANG JIAO
BLUE CAPITAL
BNY MELLON, N.A.
BOIES SCHILLER
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRENT PETRO INC.
BROWN HARRIS STEVENS

1

BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAPITAL ONE BANK
CAPITAL ONE, NA
CHAO-CHIH CHIU
CHARMOY & CHARMOY LLC
CHASE BANK
CHENGLONG WANG
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG
    KONG) LIMITED
CHONG SHEN RAPHANELLA
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUANG XIN LTD.
CITIBANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER
    LLP
COHN BIRNBAUM & SHEA P.C.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DELTEC BANK & TRUST LIMITED
DIME COMMUNITY BANK
DING G. WANG A/K/A DINGGANG WANG
DONGNA FANG
DWF LLP
EASTERN PROFIT CORPORATION LIMITED
EDUARDO EURNEKIAN
EHSAN MASUD
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND
    CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
FAN BINGBING
FIONA YU
FIRST ABU DHABI BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FORBES HARE
FREEDOM MEDIA VENTURES LTD

FUNGWAN TRADING INC.
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
G TRANSLATORS PTY LTD
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
G-EDU INC.
GETTR USA
GFASHION MEDIA GROUP INC.
GFNY, INC
GINNEL ASSOCIATES, INC. (D/B/A GINNEL
    REAL ESTATE)
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GPOSTS LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUY PETRILLO
HAIHONG WANG
HAILING SHENG
HAMILTON CAPITAL HOLDINGS INC
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAN CHUNGUANG
HAO HAIDONG
HARCUS PARKER LTD.
HARNEY WESTWOOD AND RIEGELS LP
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG
    LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HHS CAPITAL INC.

2

HIBERNIA NATIONAL BANK
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL
   GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS
   LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA INVESTMENT LLC
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA VENTURES LLC
HING CH NGOK
HODGSON RUSS
HONG KONG INTERNATIONAL FUNDS
   INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG ZENG
HSBC
HSBC BANK USA
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUK TRADING INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
JACK S. LIPSON
JAMES PIZZARUSO
JANOVER LLC
JASON MILLER
JENNER & BLOCK LLP
JENNIFER MERCURIO
JESSE BROWN
JESSICA MASTROGIOVANNI
JIA LI WANG
JIA YANG LI
JIAMEI LU
JIAMING LIU
JIAN FAN
JIANG SU PROVINCE JIAN GONG GROUP LTD
   BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANSHENGXIE AND JIEFU ZHENG
JING GENG
JOHN S LAU
JONATHAN YOUNG
JPMORGAN CHASE BANK, N.A.

JUMBO CENTURY LIMITED
JUN LIU
JUNE SHI
KAIXIN HONG
KARIN MAISTRELLO
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KUI CHENG
KYLE BASS
LALIVE SA
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAW OFFICE OF RICHARD E. SIGNORELLI
LAWALL & MITCHELL, LLC
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEXINGTON PROPERTY AND STAFFING INC.
LIBERTY JET MANAGEMENT
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LINDA HE CHEUNG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
M&T BANK
MACARON LIMITED
MACDONALD
MANUFACTURERS AND TRADERS TRUST
   COMPANY (D/B/A M & T BANK)
MAR-A-LAGO
MARCUM LLP
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY JIANG
MAUNAKAI CAPITAL
MAX KRASNER
MAYWIND TRADING LLC
MCELROY, DEUTSCH, MULVANEY &
   CARPENTER, LLP
MEDICAL SUPPLY SYSTEM INTERNATIONAL
   LLC
MEDICI BANK INTERNATIONAL LLC
MELISSA FRANCIS
MELISSA MENDEZ
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
METROPOLITAN COMMERCIAL BANK
   AND/OR METROPOLITAN BANK HOLDING
   CORP.
MILES GUO
MILES GWOK
MIN YANG

MOA-FU
MORITT HOCK & HAMROFF
MORVILLO ABRAMOWITZ GRAND IASON &
    ANELLO PC
MURTHA CULLINA LLP
NADEEM AKBAR
NATIONAL AUSTRALIA BANK LIMITED
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL
    BANKER RESIDENTIAL BROKERAGE)
NYC DEPT OF FINANCE
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LTD
OGIER
OPEN BANK
PACIFIC ALLIANCE ASIA OPPORTUNITY
    FUND L.P.
PAUL WEISS
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PRIME TRUST LLC
PULLMAN & COMLEY, LLC
QING "SERENA" CAI
QIQHUA FAN
QIU YU
QU GUOJIAO
QUIJU JIA
RAICH ENDE MALTER CO. LLP (AKA RAICH
    ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS
    BANK
REDFIN CORPORATION
ROBINSON & COLE LLP
RONG ZHANG
ROSCALITAR2
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)

SARACA MEDIA GROUP, INC.,
SCHULMAN BHATTACHARYA, LLC
SEACOAST NATIONAL BANK
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHAPIRO ARATO BACH LLP
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN
    ZHUANG GONG CHENG LTD BEJING
    FIRST
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHUANG WANG
SIGNATURE BANK
SILVERGATE BANK
SIRIUS NETWORKING INC.
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY
    AFFILIATES LLC
SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK
STARLING BANK LTD
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STRATEGIC VISION LLC
TALHA ZOBAIR
TD BANK, N.A.
TELI CHEN
THE BANK OF PRINCETON
THE CASPER FIRM
THE FIRST BANK OF GREENWICH
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THOMAS RAGLAND
THREE TREASURE LLC
TM PRIMROSE LIMITED
TONG LE INTERNATIIONAL TRADING CO.,
    LTD.
TROUTMAN PEPPER HAMILTON SANDERS
    LLP
TROY LAW PLLC
U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
UNITEDLEX

UPDIKE, KELLY & SPELLACY P.C.
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
VERDOLINO & LOWEY
VERITEXT
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WARD & BERRY, PLLC
WARREN LAW GROUP
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIXIANG GE
WELL ORIGIN LTD.
WEN LIN
WENCONG WANG
WENG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN &
    DICKER LLP
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS
    LIMITED

WU ZHENG
XIAO YAN ZHU
XIAODAN WANG
XINGYU YAN
XIQUI ("BOB") FU
YA LI
YACHTZOO SARL
YAN GAO
YAN HUANG
YANG LAN
YANKWITT LLP
YANPING WANG
YAZ QINGUA
YELIANG XIA
YI LI
YING LIU
YOUTUBE, LLC
YUE HUA ZHU SHI
YUNXIA WU
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG WU (A/K/A BRUNO WA)
ZHENGJUN DONG
ZHIZHE "FRANK" DONG
ZIBA LIMITED

## Exhibit D

**Indicative Timeline**

# Lady May Timeline



* Indicative timeline liable to change

## 2023

### Q2

**April 2023:**
- Sales focused photoshoot (photography & videography) – TBC date & location
- Announce Lady May as Edmiston CA (PR, social & digital)
- Social Media post & stories
- Bring Lady May to Newport

**May 2023:**
- Continue sales campaign for Lady May (PR, social & digital)
- Enroll Lady May in FTZ Newport Shipyard/ Safe Harbours
- Brokers open day in Newport
- Broker interview promoting yacht
- Edmiston Intelligence feature; triannual print and digital newsletter

**June 2023:**
- Continue sales campaign for Lady May (PR, social & digital)
- Boat International US print advertsing (half page)
- Obtain user generated content (photographs and filmed content from crew for a live BTS social campaign)
- Brokers open day in Newport
- Monthly Fleet Update; B2B monthly newsletter

### Q3

**July 2023**
- Continue sales campaign for Lady May (PR, social & digital)
- Market Overview, B2C product focused newsletter
- Monthly Fleet Update; B2B monthly newsletter

**August 2023**
- Continue sales campaign for Lady May (PR, social & digital)
- Edmiston Presents; B2C brand focused newsletter
- Monthly Fleet Update; B2B monthly newsletter

**September 2023**
- Attend Newport Brokerage Boat Show
- Continue sales campaign (PR, social, digital)
- Monthly Fleet Update; B2B monthly newsletter
- Edmiston Intelligence feature; triannual print and digital newsletter
- Utilise user generated content (photographs and filmed content from crew for a live BTS social campaign)
- Market Overview; B2C product focused newsletter

### Q4

**October 2023:**
- Attend Fort Lauderdale International Boat Show
- Show campaign marketing (PR, social, digital)
- Boat International US print advertising (Boat Show edition)
- Edmiston Presents; B2C brand focused newsletter
- Monthly Fleet Update; B2B monthly newsletter
- Post show B2B/B2C follow up mailer

**November 2023:**
- Continue sales campaign (PR, social, digital)
- Brokers & Press open day in Florida
- Monthly Fleet Update; B2B monthly newsletter
- Utilise user generated content (photographs and filmed content from crew for a live BTS social campaign)
- Market Overview; B2C product focused newsletter

**December  2023:**
- Continue sales campaign for Lady May (PR, social & digital)
- Edmiston Presents; B2C brand focused newsletter
- Monthly Fleet Update; B2B monthly newsletter