**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
HO WAN KWOK *et al.*,                                :    Case No. 22-50073 (JAM)
:
Debtors.[1]                                          :    Jointly Administered
:
---------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULES 9006(c)(1), FOR ENTRY OF AN ORDER EXPEDITING HEARING ON APPLICATION OF TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND COMPANY LIMITED AS BROKER FOR SALE OF LADY MAY AND LADY MAY II**

Luc A. Despins, as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for entry of an order scheduling an expedited hearing to consider and determine the *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order, Authorizing Employment and Retention of Edmiston and Company Limited as Broker for Sale of Lady May*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*and Lady May II* (the "Broker Retention Application") and granting related relief.[2] In support of this Motion to Expedite, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion to Expedite are Bankruptcy Rule 9006(c)(1) and 2002(i).

## BACKGROUND

4. The Lady May and Lady May II (together the "Lady May Yachts") are property of the Debtor's estate that the Trustee intends to sell both Lady May Yachts through a sale process that is most beneficial for the creditors of the estate.

5. The Broker Retention Applications seeks to retain Edmiston and Company Limited ("Edmiston") as broker in connection with the sale of the Lady May Yachts pursuant to section 327(a) and 328 of the Bankruptcy Code.

6. The Trustee incorporates herein by reference the background section from the Broker Retention Application.

## RELIEF REQUESTED

7. The Trustee respectfully requests that the Court schedule a hearing on the Broker Retention Application on or before **April 27, 2023**, subject to the Court's availability. In addition, the Trustee requests that the Court order that any objections to the Broker Retention

---

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Broker Retention Application.

Application Motion be filed on or before **April 25, 2023 at 4:00 p.m. (ET)**. The Trustee will address the arguments raised in any such objections at the hearing on the Broker Retention Application.

## BASIS FOR RELIEF REQUESTED

8. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated. Cause exists to consider and determine the Broker Retention Application on an expedited basis

9. The Trustee has determined that a sale of the Lady May Yachts, which are assets of the estate, would maximize value for the Debtor's creditors. The Trustee must retain a yacht sales broker to assist in the sale of the Lady May Yachts. As detailed in the Broker Retention Application, retaining Edmiston as broker to sell the Lady May Yachts will ensure an efficient and effective sale process.

10. It is critical that Edmiston's retention be approved by this Court so that it can begin the process of marketing the Lady May Yachts as soon as possible. As the Court is well aware, the monthly cost of maintaining the Lady May Yachts is substantial, and, accordingly, it is important that the sale process be commenced without delay. In this regard, it is also important to note that the summer season is about to begin—and commencing the process now will allow Edmiston to maximize the time period to market the Lady May Yachts.

11. For these reasons, it is critical that the Trustee employ and retain Edmiston as sales broker for the Lady May Yachts as promptly as possible to facilitate the sale process.

## NO PREVIOUS REQUEST

12. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## **CONCLUSION**

13.      It is imperative that all steps be taken to sell the Lady May Yachts for the benefit of this estate, and, accordingly, the Trustee requests that the Broker Retention Application be heard on an expedited basis.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Trustee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 18, 2023  
New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: /s/ G. Alexander Bongartz
  Luc A. Despins (admitted *pro hac vice*)
  Avram E. Luft (admitted *pro hac vice*)
  G. Alexander Bongartz (admitted *pro hac vice*)
  PAUL HASTINGS LLP
  200 Park Avenue
  New York, New York 10166
  (212) 318-6079
  lucdespins@paulhastings.com
  aviluft@paulhastings.com
  alexbongartz@paulhastings.com

  and

  Nicholas A. Bassett (admitted *pro hac vice*)
  PAUL HASTINGS LLP
  2050 M Street NW
  Washington, D.C., 20036
  (202) 551-1902
  nicholasbassett@paulhastings.com

  and

  Douglas S. Skalka (ct00616)
  Patrick R. Linsey (ct29437)
  NEUBERT, PEPE & MONTEITH, P.C.
  195 Church Street, 13th Floor
  New Haven, Connecticut 06510
  (203) 781-2847
  dskalka@npmlaw.com
  plinsey@npmlaw.com

  *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                  :

In re:                                     :        Chapter 11

HO WAN KWOK *et al.*,         :        Case No. 22-50073 (JAM)

        Debtors.[3]            :        Jointly Administered

---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: April 18, 2023                      LUC A. DESPINS, CHAPTER 11 TRUSTEE
       New Haven, Connecticut

                                                         By: */s/ G. Alexander Bongartz*
                                                             Luc A. Despins (admitted *pro hac vice*)
                                                             Avram E. Luft (admitted *pro hac vice*)
                                                             G. Alexander Bongartz (admitted *pro hac vice*)
                                                             Paul Hastings LLP
                                                             200 Park Avenue
                                                             New York, New York 10166
                                                             (212) 318-6079
                                                            lucdespins@paulhastings.com

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

aviluft@paulhastings.com
alexbongartz@paulhastings.com

 *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

 *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                  :    Chapter 11
:
HO WAN KWOK *et al*.,                                 :    Case No. 22-50073 (JAM)
:
Debtors.¹                                              :    Jointly Administered
:
---------------------------------------------------------x

**ORDER SCHEDULING EXPEDITED HEARING ON APPLICATION OF TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND COMPANY LIMITED AS BROKER FOR SALE OF LADY MAY AND LADY MAY II**

The Court having considered the motion (the "Motion to Expedite")² seeking an expedited hearing on the *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order, Authorizing Employment and Retention of Edmiston and Company Limited as Broker for Sale of the Lady May and Lady May II* [Docket No. ___] (the "Broker Retention Application"); and good cause appearing for the relief sought in the Motion to Expedite, it is hereby

ORDERED, that a hearing on the Broker Retention Application shall be held on April [___], 2023 at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to object to the Broker Retention Application shall be April [__], 2023 at 4:00 p.m. (ET); and it is further

ORDERED, that a copy of this Order, along with the Broker Retention Application and any attachments thereto, shall be served upon all parties to the above-captioned case, and the Trustee shall file a certificate of service in advance of the hearing.