**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------x
                                                             :
In re:                                                       :  Chapter 11
                                                             :
HO WAN KWOK, *et al*.,                                       :  Case No. 22-50073 (JAM)
                                                             :
                    Debtors.[1]                              :  Jointly Administered
                                                             :
-------------------------------------------------------------x

**ORDER CONCERNING (I) MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO
SHOW CAUSE [DOCKET NO. 1453] AND (II) DEBTOR'S MOTION FOR A LIMITED
STAY OF ORDER GRANTING IN PART MOTION TO COMPEL COMPLIANCE
WITH RULE 2004 SUBPOENA [DOCKET NO. 1649]**

Upon the (i) *Motion of Chapter 11 Trustee For Order to Show Cause Why Debtor …*

*Should not be Held in Contempt of Court for Failure to Comply with Order Compelling*

*Compliance with Rule 2004 Subpoenas and Sanctioned for Such Conduct* [Docket No. 1453] (the

"OSC Motion"), and (ii) *Debtor's Motion for Limited Stay of Order Granting in Part Motion to*

*Compel Compliance with Rule 2004 Subpoena* [Docket No. 1649] (the "Stay Motion" and,

together with the OSC Motion, the "Motions"), and this Court having found that the Court has

jurisdiction to consider the Motions and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; the relief requested therein is core matter pursuant to 28 U.S.C. § 157(b);

venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and sufficient notice

of the Motion having been given under the particular circumstances; and it appearing that no

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles
       Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax
       identification number: 9595), Genever Holdings LLC (last four digits of tax identification
       number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee,
       Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200
       Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan
       Kwok (solely for purposes of notices and communications).

other or further notice need be given; and, for the reasons stated on the record during the hearing on April 20, 2023 and based on the agreement of the chapter 11 trustee (the "Trustee") and the debtor Ho Wan Kwok (the "Debtor"), after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Debtor, through his special criminal defense counsel,  Brown Rudnick LLP, shall promptly request that the Assistant United States Attorneys for the Southern District of New York assigned to the criminal prosecution of the Debtor  (the "Government") , including if necessary by filing a motion with the United States District Court for the Southern District of New York (the "Criminal Court") to modify any existing protective order,  provide to the Trustee the documents and materials (the "Disclosure Materials") the Government produces to the Debtor as part of the Government's disclosures to the Debtor in connection with the criminal proceeding captioned *United States of America v. Ho Wan Kwok*, 23 CR 118 (AT) (the "Criminal Proceeding").  As part of such request, the Debtor shall inform the Government and the Criminal Court of this Order.

2.      The obligations of the Debtor pursuant to paragraph 1 of this Order are satisfied upon the Debtor timely making the request set out in paragraph 1 and taking such further action as may be reasonably necessary to respond to any questions or instructions of the Government and/or the Criminal Court in response to such request.  The Trustee understands and acknowledges that the Government may deny that request or otherwise refuse the Trustee receiving the Disclosure Materials and/or that the Criminal Court may not permit the requested disclosure.  The Debtor shall promptly inform the Trustee of any responses or objections by the Government or the Criminal Court to the requested disclosure.

3.      All documents and materials produced to the Trustee by the Government (i) will be kept confidential; (ii) shall be disclosed only to the Trustee and his counsel and the Debtor's special counsel; and (iii) with the exception of the Court and its staff, shall not be disclosed to any other person, including any party in interest in the chapter 11 case.

4.      To the extent the Debtor intends to assert his rights under the Fifth Amendment of the United States Constitution in response to the Trustee's existing August 2022 subpoena to the Debtor and this Court's January 20, 2023 order [Docket No. 1353] compelling compliance with such subpoena, the Debtor shall do so in a particularized manner in response to each of the specific requests made by the Trustee.

5.      For the avoidance of doubt, the Trustee reserves his right to obtain a deposition of the Debtor pursuant to this Court's *Order Granting Chapter 11 Trustee's Application for Rule 2004 Examination of Ho Wan Kwok* [Docket No. 757], and the Debtor reserves all of his rights and privileges as to the same and more generally.

6.      The Court shall retain jurisdiction to enforce this Order, and nothing herein shall prevent the Trustee, the Debtor, or any other party in interest from seeking modification of this Order or further relief related to this Order.


Dated: _____, 2023


                                             _____
                                             Julie A. Manning
                                             United States Bankruptcy Judge