## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
HO WAN KWOK, et al.,[1]                   :   Case No. 22-50073 (JAM)
                                          :
              Debtors.                    :   (Jointly Administered)
                                          :
-------------------------------------------------------x
```

## NOTICE OF SUBMISSION OF PROPOSED ORDER
## AND REQUEST FOR HEARING OR STATUS CONFERENCE

Luc A. Despins, as chapter 11 trustee (the "Trustee") for debtor Ho Wan Kwok (the "Debtor" and, together with the Trustee, collectively, the "Parties"), by and through undersigned counsel, in compliance with the Court's instructions at the hearing on April 20, 2023 (the "Hearing"), with respect to on (i) *Motion of Chapter 11 Trustee For Order to Show Cause Why Debtor … Should not be Held in Contempt of Court for Failure to Comply with Order Compelling Compliance with Rule 2004 Subpoenas and Sanctioned for Such Conduct* [Docket No. 1453] (the "OSC Motion"), and (ii) *Debtor's Motion for Limited Stay of Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoena* [Docket No. 1649] (the "Stay Motion" and, together with the OSC Motion, the "Motions"), hereby submits his proposed order, attached hereto as **Exhibit A** (the "Trustee's Proposed Order"), and respectfully requests a hearing or a status conference to resolve the differences between the Trustee's Proposed Order and the proposed order

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

submitted by the Debtor via email (the "Debtor's Proposed Order" and, together with the Trustee's Proposed Order, collectively, the "Proposed Orders").[2]  The Trustee further states the following:

1.      Since the Hearing, the Parties have met and conferred regarding a consensual proposed order for an adjournment of the Motions.  The Parties' discussions were productive but did not lead to full consensus on the proposed form of order.  The Parties have thus submitted their competing Proposed Orders.  A redline, attached hereto as **Exhibit B**, reflects the differences between the two proposals.

2.      These differences primarily relate to whether the Debtor will be required to move for permission from the Criminal Court to allow himself to disclose the materials produced to him by the Government in the Criminal Case (the "Disclosure Materials") to the Trustee, or whether the Debtor need only ask the Government if the Government will produce the Disclosure Materials to the Trustee.

3.      The Trustee's position is that, once the Debtor comes into possession of the Disclosure Materials, the Debtor (i) has an affirmative obligation to produce those materials to the Trustee in accordance with his discovery and disclosure obligations in this chapter 11 case, and (ii) must request appropriate modifications to any protective order in the Criminal Case and move the Criminal Court for permission to share the Disclosure Materials with the Trustee.  It is insufficient for the Debtor to simply ask the Government to make the disclosure to the Trustee, as the Government (unlike the Debtor) has no obligation to produce anything to the Trustee in accordance with the rules and orders of this Court or otherwise.

4.      If the Debtor is granted permission to share the Disclosure Materials with the Trustee, his production of those materials will not implicate his Fifth Amendment rights, or any

---

[2]      Capitalized terms used but not defined herein have the meanings given to them in the Trustee's Proposed Order.

other privileges or protections, because the Government already has the Disclosure Materials.  For all the reasons discussed at the Hearing and in the Parties' briefing on the Motions, no Fifth Amendment protection can apply to documents the Government already has in its possession, including based on the "foregone conclusion" doctrine.

5.      Another difference in the Proposed Orders is that the Trustee has included as an exhibit to his proposed order a specific list of requests relating to the particular entities and individuals from which the Trustee's Rule 2004 subpoena sought the production of documents as being within in the Debtor's control.  The Trustee requires the Debtor to assert his Fifth Amendment protection in response to each of the specific requests to ensure that the Debtor's responses are sufficiently particularized.  The Trustee understands that the Debtor does not object conceptually to this approach.

6.      The Trustee requests a further hearing or status conference on the Motions and the Proposed Orders to resolve the differences between the Parties' positions.  **Because the Debtor's submission to the U.S. District Court for the Southern District of New York regarding the form of the protective order to be entered in the Debtor's criminal case is due by April 28, 2023, the Trustee respectfully requests that such hearing or status conference be scheduled by Zoom prior to April 28.**

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated:   April 24, 2023             LUC A. DESPINS,
           New Haven, Connecticut    CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett *(pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft *(pro hac vice)*
    Douglass Barron *(pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

———————————————————————x
                   :

In re:                       :         CHAPTER 11
                   :

HO WAN KWOK, *et al.*,[3]     :         CASE NO. 22-50073 (JAM)
                   :

           Debtors.       :         Jointly Administered
———————————————————————x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 24, 2023, the foregoing was filed electronically using the Court's case management/electronic case files ("<u>CM/ECF</u>") system. Parties may access the Order to Show Cause via the CM/ECF system.

Dated: April 24, 2023           LUC A. DESPINS,
      New Haven, Connecticut    CHAPTER 11 TRUSTEE

                      By: */s/ Patrick R. Linsey*
                         Patrick R. Linsey (ct29437)
                         NEUBERT, PEPE & MONTEITH, P.C.
                         195 Church Street, 13th Floor
                         New Haven, Connecticut 06510
                         (203) 781-2847
                         plinsey@npmlaw.com

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                        :

In re:                       :  Chapter 11
                        :

HO WAN KWOK, *et al*.,     :  Case No. 22-50073 (JAM)
                        :

        Debtors.[1]       :  Jointly Administered
                        :

---------------------------------------------------------------x

**ORDER CONCERNING (I) MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO
SHOW CAUSE [DOCKET NO. 1453] AND (II) DEBTOR'S MOTION FOR A LIMITED
STAY OF ORDER GRANTING IN PART MOTION TO COMPEL COMPLIANCE
WITH RULE 2004 SUBPOENA [DOCKET NO. 1649]**

Upon the (i) *Motion of Chapter 11 Trustee For Order to Show Cause Why Debtor …*

*Should not be Held in Contempt of Court for Failure to Comply with Order Compelling*

*Compliance with Rule 2004 Subpoenas and Sanctioned for Such Conduct* [Docket No. 1453] (the

"OSC Motion"), and (ii) *Debtor's Motion for Limited Stay of Order Granting in Part Motion to*

*Compel Compliance with Rule 2004 Subpoena* [Docket No. 1649] (the "Stay Motion" and,

together with the OSC Motion, the "Motions"), and this Court having found that the Court has

jurisdiction to consider the Motions and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; the relief requested therein is core matter pursuant to 28 U.S.C. § 157(b);

venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and sufficient notice

of the Motion having been given under the particular circumstances; and it appearing that no

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

other or further notice need be given; and, for the reasons stated on the record during the hearing on April 20, 2023 and based on the agreement of the chapter 11 trustee (the "Trustee") and the debtor Ho Wan Kwok (the "Debtor"), after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Debtor, through his special criminal defense counsel,  Brown Rudnick LLP, shall promptly request that the Assistant United States Attorneys for the Southern District of New York assigned to the criminal prosecution of the Debtor  (the "Government") , including if necessary by filing a motion with the United States District Court for the Southern District of New York (the "Criminal Court") to modify any existing protective order,  provide to the Trustee the documents and materials (the "Disclosure Materials") the Government produces to the Debtor as part of the Government's disclosures to the Debtor in connection with the criminal proceeding captioned *United States of America v. Ho Wan Kwok*, 23 CR 118 (AT) (the "Criminal Proceeding").  As part of such request, the Debtor shall inform the Government and the Criminal Court of this Order.

2.    The obligations of the Debtor pursuant to paragraph 1 of this Order are satisfied upon the Debtor timely making the request set out in paragraph 1 and taking such further action as may be reasonably necessary to respond to any questions or instructions of the Government and/or the Criminal Court in response to such request.  The Trustee understands and acknowledges that the Government may deny that request or otherwise refuse the Trustee receiving the Disclosure Materials and/or that the Criminal Court may not permit the requested disclosure.  The Debtor shall promptly inform the Trustee of any responses or objections by the Government or the Criminal Court to the requested disclosure.

3.      All documents and materials produced to the Trustee by the Government (i) will be kept confidential; (ii) shall be disclosed only to the Trustee and his counsel and the Debtor's special counsel; and (iii) with the exception of the Court and its staff, shall not be disclosed to any other person, including any party in interest in the chapter 11 case.

4.      To the extent the Debtor intends to assert his rights under the Fifth Amendment of the United States Constitution in response to the Trustee's existing August 2022 subpoena to the Debtor and this Court's January 20, 2023 order [Docket No. 1353] compelling compliance with such subpoena, the Debtor shall do so in a particularized manner in response to each of the specific requests made by the Trustee.

5.      For the avoidance of doubt, the Trustee reserves his right to obtain a deposition of the Debtor pursuant to this Court's *Order Granting Chapter 11 Trustee's Application for Rule 2004 Examination of Ho Wan Kwok* [Docket No. 757], and the Debtor reserves all of his rights and privileges as to the same and more generally.

6.      The Court shall retain jurisdiction to enforce this Order, and nothing herein shall prevent the Trustee, the Debtor, or any other party in interest from seeking modification of this Order or further relief related to this Order.


Dated: _____, 2023


                                        _____
                                        Julie A. Manning
                                        United States Bankruptcy Judge

**<u>EXHIBIT B</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------x

In re:                                     : Chapter 11

HO WAN KWOK, *et al.*,                      : Case No. 22-50073 (JAM)

                              Debtors.[~1~][1]    : Jointly Administered

-------------------------------------------------------------x

**[PROPOSED] ORDER CONCERNING (I) ~~MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO SHOW CAUSE [DOCKET NO~~MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO SHOW CAUSE [DOCKET NO. 1453] ~~AND~~AND (II) DEBTOR'S MOTION FOR A LIMITED STAY OF ORDER GRANTING IN PART MOTION TO COMPEL COMPLIANCE WITH RULE 2004 SUBPOENA [~~DOCKET NO~~DOCKET NO. 1649]**

Upon the (i) *Motion of Chapter 11 Trustee For Order to Show Cause Why Debtor ~~...~~*

*...Should not be Held in Contempt of Court for Failure to Comply with Order Compelling Compliance with Rule 2004 Subpoenas and Sanctioned for Such Conduct* [Docket No. 1453] (the "OSC Motion"), and (ii) *Debtor's Motion for Limited Stay of Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoena* [Docket No. 1649] (the "Stay Motion" and, together with the OSC Motion, the "Motions"), and this Court having found that the Court has jurisdiction to consider the Motions and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; the relief requested therein is core matter pursuant to 28 U.S.C. § 157(b); venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no

---

~~1  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax~~

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

other or further notice need be given; and, for the reasons stated on the record during

the hearing on April 20, 2023 and based on the agreement of the chapter 11 trustee (the

"Trustee") and the debtor Ho Wan Kwok (the "Debtor"), after due deliberation and sufficient

cause appearing therefor, it is hereby ORDERED THAT:

1. ~~1.~~    The Debtor, through his special criminal defense counsel, Brown

Rudnick LLP,

shall promptly request ~~that~~permission from the Assistant United States Attorneys for the

Southern District of New York assigned to the criminal prosecution of the Debtor (the

"Government") ~~, including if necessary by filing a motion with~~and from the United States

District Court for the Southern District of New York (the "Criminal Court"), including by

requesting revisions to the Government's proposed protective order on or before April 28, 2023

and by filing a motion with the Criminal Court to modify any ~~existing~~ protective order, that it

may enter, to provide to the Trustee the documents and materials (the "Disclosure Materials") the

Government produces to the Debtor as part of the Government's disclosures to the Debtor in

connection with the criminal proceeding captioned *United States of America v. Ho Wan Kwok*,

23 CR 118 (AT) (the "Criminal Proceeding").  As part of such request, the Debtor shall inform

the Government and the Criminal Court of this Order.

2. ~~2.~~    The obligations of the Debtor pursuant to paragraph 1 of this Order

are satisfied

upon the Debtor timely making the request set out in paragraph 1 and taking such further action

as may be reasonably necessary to respond to any questions or instructions of the Government

and/or the Criminal Court in response to such request.  The Trustee understands and

acknowledges that the Government may deny that request or otherwise refuse the Trustee

receiving the Disclosure Materials and/or that the Criminal Court may not permit the requested

disclosure.  The Debtor shall promptly inform the Trustee of any responses or objections by the

Government or the Criminal Court to the requested disclosure.

3.    ~~3.~~    All documents and materials produced to the Trustee ~~by the Government~~ (i) will be kept confidential; (ii) shall be disclosed only to the Trustee and his counsel and the Debtor's special counsel; and (iii) with the exception of the Court and its staff, shall not be disclosed to any other person, including any party in interest in the chapter 11 case.

4.    To the extent the Debtor receives permission to share the Discovery Materials with the Trustee, the Debtor shall provide all of the Discovery Materials to the Trustee and shall not be entitled to withhold any of the Discovery Materials (which are already in the possession of the Government) from production to the Trustee on any basis, including without limitation based on the Fifth Amendment of the United States Constitution or any other privilege or protection.

5.    ~~4.~~    To the extent the Debtor intends to assert his rights under the Fifth Amendment of the United States Constitution in response to the Trustee's existing August 2022 subpoena to the Debtor and this Court's January 20, 2023 order [Docket No. 1353] compelling compliance with such subpoena, other than with respect to the Discovery Materials, the Debtor shall do so in a particularized manner in response to each of the specific requests ~~made by the Trustee~~ attached hereto as Exhibit A within seven (7) days of entry of this Order.

6.    ~~5.~~    For the avoidance of doubt, the Trustee reserves his right to obtain a deposition of the Debtor pursuant to this Court's *Order Granting Chapter 11 Trustee's Application for Rule 2004 Examination of Ho Wan Kwok* [Docket No. 757], and the Debtor reserves all of his rights and privileges as to the same and more generally.

7.        6.        The Court shall retain jurisdiction to enforce this Order, and

nothing herein shall

prevent the Trustee, the Debtor, or any other party in interest from seeking modification of this

Order or further relief related to this Order.


Dated: _____, 2023


                                        _____
                                        Julie A. Manning
                                        United States Bankruptcy Judge

**Exhibit A**

**Requests to Debtor Regarding Associated Entities and Associated Individuals
Listed In Rule 2004 Subpoena**

1. Produce all responsive documents in your control which are in the custody or possession of Daniel Podhaskie.

2. State that you have control over Daniel Podhaskie.

3. Produce all responsive documents in your control which are in the custody or possession of Jason Miller.

4. State that you have control over Jason Miller.

5. Produce all responsive documents in your control which are in the custody or possession of Steve Bannon.

6. State that you have control over Steve Bannon.

7. Produce all responsive documents in your control which are in the custody or possession of Karin Maistrello.

8. State that you have control over Karin Maistrello.

9. Produce all responsive documents in your control which are in the custody or possession of Melissa Francis.

10. State that you have control over Melissa Francis.

11. Produce all responsive documents in your control which are in the custody or possession of William Gertz.

12. State that you have control over William Gertz.

13. Produce all responsive documents in your control which are in the custody or possession of Arethusa Forsyth.

14. State that you have control over Arethusa Forsyth.

15. Produce all responsive documents in your control which are in the custody or possession of Glenn Mellor.

16. State that you have control over Glenn Mellor.

17. Produce all responsive documents in your control which are in the custody or possession of Jennifer Mercurio.

18. State that you have control over Jennifer Mercurio.

19. Produce all responsive documents in your control which are in the custody or possession of Eduardo Eurnekian.

20. State that you have control over Eduardo Eurnekian.

21. Produce all responsive documents in your control which are in the custody or possession of Han Chunguang (a/k/a 韩春光).

22. State that you have control over Han Chunguang (a/k/a 韩春光).

23. Produce all responsive documents in your control which are in the custody or possession of Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣).

24. State that you have control over Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣).

25. Produce all responsive documents in your control which are in the custody or possession of Guo Lijie (a/k/a 郭丽杰).

26. State that you have control over Guo Lijie (a/k/a 郭丽杰).

27. Produce all responsive documents in your control which are in the custody or possession of Zhang Wei (a/k/a 张伟).

28. State that you have control over Zhang Wei (a/k/a 张伟).

29. Produce all responsive documents in your control which are in the custody or possession of Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红).

30. State that you have control over Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红).

31. Produce all responsive documents in your control which are in the custody or possession of Hao Haidong (a/k/a 郝海东).

32. State that you have control over Hao Haidong (a/k/a 郝海东).

33. Produce all responsive documents in your control which are in the custody or possession of Ross Heinemeyer.

34. State that you have control over Ross Heinemeyer.

35. Produce all responsive documents in your control which are in the custody or possession of Max Krasner.

36. State that you have control over Max Krasner.

37. Produce all responsive documents in your control which are in the custody or possession of Kyle Bass.

38. State that you have control over Kyle Bass.

39. Produce all responsive documents in your control which are in the custody or possession of Ya Li (a/k/a 李娅).

40. State that you have control over Ya Li (a/k/a 李娅).

41. Produce all responsive documents in your control which are in the custody or possession of Dinggang Wang (a/k/a 王定刚).

42. State that you have control over Dinggang Wang (a/k/a 王定刚).

43. Produce all responsive documents in your control which are in the custody or possession of An Hong (a/k/a 安红).

44. State that you have control over An Hong (a/k/a 安红).

45. Produce all responsive documents in your control which are in the custody or possession of Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平).

46. State that you have control over Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平).

47. Produce all responsive documents in your control which are in the custody or possession of Fiona Yu.

48. State that you have control over Fiona Yu.

49. Produce all responsive documents in your control which are in the custody or possession of Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明).

50. State that you have control over Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明).

51. Produce all responsive documents in your control which are in the custody or possession of Yaz Qingua.

52. State that you have control over Yaz Qingua.

53. Produce all responsive documents in your control which are in the custody or possession of Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

54. State that you have control over Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

55. Produce all responsive documents in your control which are in the custody or possession of 7 Nod Hill LLC.

56. State that you have control over 7 Nod Hill LLC.

57. Produce all responsive documents in your control which are in the custody or possession of AAGV Limited.

58. State that you have control over AAGV Limited.

59. Produce all responsive documents in your control which are in the custody or possession of ACA Investment Management Limited.

60. State that you have control over ACA Investment Management Limited.

61. Produce all responsive documents in your control which are in the custody or possession of ACA Capital Group Limited.

62. State that you have control over ACA Capital Group Limited.

63. Produce all responsive documents in your control which are in the custody or possession of AI Group Holdings Inc.

64. State that you have control over AI Group Holdings Inc.

65. Produce all responsive documents in your control which are in the custody or possession of Alfa Global Ventures Limited.

66. State that you have control over Alfa Global Ventures Limited.

67. Produce all responsive documents in your control which are in the custody or possession of Alfonso Global Limited.

68. State that you have control over Alfonso Global Limited.

69. Produce all responsive documents in your control which are in the custody or possession of Allied Capital Global Limited.

70. State that you have control over Allied Capital Global Limited.

71. Produce all responsive documents in your control which are in the custody or possession of Alpine Fiduciaries SA.

72. State that you have control over Alpine Fiduciaries SA.

73. Produce all responsive documents in your control which are in the custody or possession of Anton Development Limited.

74. State that you have control over Anton Development Limited.

75. Produce all responsive documents in your control which are in the custody or possession of Assets Sino Limited.

76. State that you have control over Assets Sino Limited.

77. Produce all responsive documents in your control which are in the custody or possession of Auspicious Coast Limited.

78. State that you have control over Auspicious Coast Limited.

79. Produce all responsive documents in your control which are in the custody or possession of Beijing Pangu Investment Co.

80. State that you have control over Beijing Pangu Investment Co.

81. Produce all responsive documents in your control which are in the custody or possession of Beijing Pangu Investment Co. Ltd.

82. State that you have control over Beijing Pangu Investment Co. Ltd.

83. Produce all responsive documents in your control which are in the custody or possession of Beijing Pangu Investment Inc.

84. State that you have control over Beijing Pangu Investment Inc.

85. Produce all responsive documents in your control which are in the custody or possession of Beijing Zenith Holdings Company Limited.

86. State that you have control over Beijing Zenith Holdings Company Limited.

87. Produce all responsive documents in your control which are in the custody or possession of Bravo Luck Limited.

88. State that you have control over Bravo Luck Limited.

89. Produce all responsive documents in your control which are in the custody or possession of BSA Strategic Fund I.

90. State that you have control over BSA Strategic Fund I.

91. Produce all responsive documents in your control which are in the custody or possession of China Golden Spring (Hong Kong) Limited.

92. State that you have control over China Golden Spring (Hong Kong) Limited.

93. Produce all responsive documents in your control which are in the custody or possession of Chuang Xin Limited.

94. State that you have control over Chuang Xin Limited.

95. Produce all responsive documents in your control which are in the custody or possession of Crane Advisory Group LLC.

96. State that you have control over Crane Advisory Group LLC.

97. Produce all responsive documents in your control which are in the custody or possession of Creative Apex Investments Limited.

98. State that you have control over Creative Apex Investments Limited.

99. Produce all responsive documents in your control which are in the custody or possession of Crystal Breeze Investments Limited.

100. State that you have control over Crystal Breeze Investments Limited.

101. Produce all responsive documents in your control which are in the custody or possession of Eastern Profit Corporation Limited.

102. State that you have control over Eastern Profit Corporation Limited.

103. Produce all responsive documents in your control which are in the custody or possession of Elite Well Global Limited.

104. State that you have control over Elite Well Global Limited.

105. Produce all responsive documents in your control which are in the custody or possession of Empire Growth Holdings.

106. State that you have control over Empire Growth Holdings.

107. Produce all responsive documents in your control which are in the custody or possession of G Club Operations LLC.

108. State that you have control over G Club Operations LLC.

109. Produce all responsive documents in your control which are in the custody or possession of G Fashion LLC.

110. State that you have control over G Fashion LLC.

111. Produce all responsive documents in your control which are in the custody or possession of G News LLC.

112. State that you have control over G News LLC.

113. Produce all responsive documents in your control which are in the custody or possession of GETTR USA.

114. State that you have control over GETTR USA.

115. Produce all responsive documents in your control which are in the custody or possession of GFASHION MEDIA GROUP INC.

116. State that you have control over GFASHION MEDIA GROUP INC.

117. Produce all responsive documents in your control which are in the custody or possession of GFNY, Inc.

118. State that you have control over GFNY, Inc.

119. Produce all responsive documents in your control which are in the custody or possession of Globalist International Limited.

120. State that you have control over Globalist International Limited.

121. Produce all responsive documents in your control which are in the custody or possession of GNews Media Group Inc.

122. State that you have control over GNews Media Group Inc.

123. Produce all responsive documents in your control which are in the custody or possession of Golden Spring (New York) Ltd.

124. State that you have control over Golden Spring (New York) Ltd.

125. Produce all responsive documents in your control which are in the custody or possession of Greenwich Land LLC.

126. State that you have control over Greenwich Land LLC.

127. Produce all responsive documents in your control which are in the custody or possession of Guo Media.

128. State that you have control over Guo Media.

129. Produce all responsive documents in your control which are in the custody or possession of GTV Media Group, Inc.

130. State that you have control over GTV Media Group, Inc.

131. Produce all responsive documents in your control which are in the custody or possession of Hamilton Capital Holdings Inc.

132. State that you have control over Hamilton Capital Holdings Inc.

133. Produce all responsive documents in your control which are in the custody or possession of Head Win Group Limited.

134. State that you have control over Head Win Group Limited.

135. Produce all responsive documents in your control which are in the custody or possession of Henan Yuda.

136. State that you have control over Henan Yuda.

137. Produce all responsive documents in your control which are in the custody or possession of Himalaya Embassy.

138. State that you have control over Himalaya Embassy.

139. Produce all responsive documents in your control which are in the custody or possession of Himalaya Federal Reserve.

140. State that you have control over Himalaya Federal Reserve.

141. Produce all responsive documents in your control which are in the custody or possession of Himalaya Supervisory Organization.

142. State that you have control over Himalaya Supervisory Organization.

143. Produce all responsive documents in your control which are in the custody or possession of HK International Funds Investments (USA) Limited LLC.

144. State that you have control over HK International Funds Investments (USA) Limited LLC.

145. Produce all responsive documents in your control which are in the custody or possession of Hong Kong International Funds Investments Limited.

146. State that you have control over Hong Kong International Funds Investments Limited.

147. Produce all responsive documents in your control which are in the custody or possession of Infinite Increase Limited.

148. State that you have control over Infinite Increase Limited.

149. Produce all responsive documents in your control which are in the custody or possession of Infinitum Developments Limited.

150. State that you have control over Infinitum Developments Limited.

151. Produce all responsive documents in your control which are in the custody or possession of Insight Phoenix Fund.

152. State that you have control over Insight Phoenix Fund.

153. Produce all responsive documents in your control which are in the custody or possession of Lamp Capital LLC.

154. State that you have control over Lamp Capital LLC.

155. Produce all responsive documents in your control which are in the custody or possession of Leading Shine Limited.

156. State that you have control over Leading Shine Limited.

157. Produce all responsive documents in your control which are in the custody or possession of Leading Shine NY Limited.

158. State that you have control over Leading Shine NY Limited.

159. Produce all responsive documents in your control which are in the custody or possession of Long Gate Limited.

160. State that you have control over Long Gate Limited.

161. Produce all responsive documents in your control which are in the custody or possession of Next Tycoon Investments Limited.

162. State that you have control over Next Tycoon Investments Limited.

163. Produce all responsive documents in your control which are in the custody or possession of New Federal State of China (a/k/a NFSC).

164. State that you have control over New Federal State of China (a/k/a NFSC).

165. Produce all responsive documents in your control which are in the custody or possession of Noble Fame Global Limited.

166. State that you have control over Noble Fame Global Limited.

167. Produce all responsive documents in your control which are in the custody or possession of Rosy Acme Ventures Limited.

168. State that you have control over Rosy Acme Ventures Limited.

169. Produce all responsive documents in your control which are in the custody or possession of Rule of Law Foundation III, Inc.

170. State that you have control over Rule of Law Foundation III, Inc.

171. Produce all responsive documents in your control which are in the custody or possession of Rule of Law Foundation IV, Inc.

172. State that you have control over Rule of Law Foundation IV, Inc.

173. Produce all responsive documents in your control which are in the custody or possession of Rule of Law Fund.

174. State that you have control over Rule of Law Fund.

175. Produce all responsive documents in your control which are in the custody or possession of Rule of Law Society.

176. State that you have control over Rule of Law Society.

177. Produce all responsive documents in your control which are in the custody or possession of Rule of Law Society IV, Inc.

178. State that you have control over Rule of Law Society IV, Inc.

179. Produce all responsive documents in your control which are in the custody or possession of G-Translators PTY LTD.

180. State that you have control over G-Translators PTY LTD.

181. Produce all responsive documents in your control which are in the custody or possession of Saraca Media Group, Inc.

182. State that you have control over Saraca Media Group, Inc.

183. Produce all responsive documents in your control which are in the custody or possession of Shiny Ace Ltd.

184. State that you have control over Shiny Ace Ltd.

185. Produce all responsive documents in your control which are in the custody or possession of Shiny Times Holdings Ltd.

186. State that you have control over Shiny Times Holdings Ltd.

187. Produce all responsive documents in your control which are in the custody or possession of Spirit Charter Investment Limited.

188. State that you have control over Spirit Charter Investment Limited.

189. Produce all responsive documents in your control which are in the custody or possession of Stevenson, Wong & Co.

190. State that you have control over Stevenson, Wong & Co.

191. Produce all responsive documents in your control which are in the custody or possession of Voice of Guo Media, Inc.

192. State that you have control over Voice of Guo Media, Inc.

193. Produce all responsive documents in your control which are in the custody or possession of Well Origin Ltd.

194. State that you have control over Well Origin Ltd.

195. Produce all responsive documents in your control which are in the custody or possession of World Century Limited.

196. State that you have control over World Century Limited.

197. Produce all responsive documents in your control which are in the custody or possession of Worldwide Opportunity Holdings Limited.

198. State that you have control over Worldwide Opportunity Holdings Limited.

199. Produce all responsive documents in your control which are in the custody or possession of Whitecroft Shore Limited.

200. State that you have control over Whitecroft Shore Limited.

201. Produce all responsive documents in your control which are in the custody or possession of ZIBA Limited.

202. State that you have control over ZIBA Limited.