# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*,[1] | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | Re: ECF No. 1046, 1353, 1397 and |
|  | ) | 1546. |

## ORDER HOLDING GOLDEN SPRING
## AND LAMP CAPITAL IN CONTEMPT OF COURT

On October 28, 2022, Mr. Luc A. Despins, Chapter 11 trustee (the "Trustee") for the estate (the "Estate") of Mr. Ho Wan Kwok (the "Individual Debtor"), filed a Motion to Compel Compliance With 2004 Subpoenas. (ECF No. 1046, the "Motion to Compel.") The Motion to Compel argued, in pertinent part, that Golden Spring (New York) Ltd. ("Golden Spring") and Lamp Capital LLC ("Lamp Capital," and together with Golden Spring, the "Non-responding Parties") should be held in civil contempt of court because they neither responded to nor complied with Rule 2004 subpoenas (the "Subpoenas") authorized by the Court (ECF No. 758, the "Order Authorizing Subpoenas"). The Order Authorizing Subpoenas stated, *inter alia*, the following:

> **ORDERED:** Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Entities and Individuals listed on Exhibit B are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Entity or Individual does not produce any documents requested in the Subpoena on the basis of some privilege, the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

> Entity or Individual is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

The Motion to Compel asserted that the Non-responding Parties did not comply with this provision of the Order Authorizing Subpoenas.

The Non-responding Parties filed no pleadings in response to the Motion to Compel. A hearing on the Motion to Compel was held on November 30, 2022. The Non-responding Parties did not appear at the hearing. On January 20, 2023, the Court issued an order granting in part the Motion to Compel. (ECF No. 1353, the "Order Compelling Production.") In the Order Compelling Production, the Court found, *inter alia*, that the Non-responding Parties had neither complied nor responded to the Subpoenas and provided that an order would issue directing the Non-responding Parties to appear and show cause why they should not be held in civil contempt of court.

On January 27, 2023, the Court issued the Order to Show Cause (ECF No. 1397). Because the Trustee encountered difficulties in serving Lamp Capital, the Court issued a second Order to Show Cause on March 16, 2023, memorializing a prior oral ruling. (ECF No. 1546, the "Show Cause Order.") The Show Cause Order set a continued hearing to be held on April 18, 2023, (the "Show Cause Hearing") and set a new service deadline of March 24, 2023. On March 24, 2023, the Trustee filed a certificate of service demonstrating service of the Show Cause Order on the Non-responding parties on March 20, 2023, and further service on Lamp Capital on March 21, 2023. (ECF No. 1593, the "Certificate of Service.")

The Show Cause Order provided as follows with respect to Non-responding Parties:

> **ORDERED:** The Non-responding Parties are to personally appear through an Officer, Director, Member, or Manager at 2:00 p.m. on April 18, 2023, at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, and show cause why

this Court should not hold them in civil contempt of court for failing to respond or comply with subpoenas authorized by this Court . . .

On April 18, 2023, the Non-responding Parties did not personally appear through an Officer, Director, Member, or Manager at the Show Cause Hearing. During the Show Cause Hearing, the Court posed questions to the Trustee regarding service of the Subpoenas and the Show Cause Order. *See PHH Mortg. Corp. v. Sensenich ex rel. Gravel (In re Gravel)*, 6 F.4th 503, 512 (2d Cir. 2021) (holding that a finding of contempt requires notice). The Trustee directed the Court to paragraph 30 of the Motion to Compel, which details service of the Subpoenas on the Non-responding Parties. The Court concludes that the Subpoenas were properly served on the Non-responding Parties. Regarding the Show Cause Order, the Court ordered the Trustee to file a supplemental declaration providing evidence that service of the Show Cause Order upon the Non-responding Parties was properly made.

On April 21, 2023, the Trustee filed the Declaration of Nicholas A. Bassett with attached exhibits confirming that the addresses at which the Non-responding Parties were served are indeed the proper service addresses of the Non-responding Parties. (ECF No. 1694, the "Bassett Declaration.") On the basis of the Bassett Declaration and the Certificate of Service, the Court concludes service of the Show Cause Order on the Non-responding Parties was properly made.

Therefore, pursuant to Fed. R. Civ. P. 45(g), made applicable by Fed. R Bankr. P. 9016, the Court finds the Non-responding Parties in contempt for failure to comply with or respond to the Subpoenas. The failure to excuse their lack of response to the Subpoenas despite the ample time the Court has afforded them, either in response to the Motion to Compel or the Order to Show Cause, supports a finding of contempt under the Federal Rules of Civil Procedure. The Court sanctions the Non-responding Parties, as compensatory damages, reasonable attorneys' fees and costs related to the preparation and prosecution of the Motion to Compel and the

continued efforts by the Trustee to bring the Non-responding Parties into compliance, including any ongoing efforts. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017).

For the reasons stated above and on the record during the hearings held before the Court, it is hereby

**ORDERED:** Golden Spring (New York) Ltd. and Lamp Capital LLC (together, collectively, the "Non-responding Parties") are held to be in civil contempt of Court. Effective immediately, as compensatory damages for contempt, the Non-responding Parties are jointly and severally sanctioned reasonable attorney's fees and costs associated with the Trustee's efforts to secure their compliance with the Subpoenas from the preparation and prosecution of the Motion to Compel through and including the reasonable attorneys' fees and costs spent in relation to ongoing efforts to secure compliance, which reasonable attorneys' fees and costs shall be (i) payable to the Estate and then to the Trustee's counsel and (ii) determined by the Court upon the submission of fees and costs incurred, which shall be submitted on or before May 26, 2023; and it is further

**ORDERED:** Should either or both of the Non-responding Parties fail to purge itself of contempt by May 26 2023, the Trustee may move for further sanctions against whichever or both of the Non-responding Parties continue(s) to be in contempt; and it is further

**ORDERED:** The Trustee shall serve this Order upon the Non-responding Parties on or before May 5, 2023, and file a certificate of service demonstrating such service on or before May 12, 2023.

Dated at Bridgeport, Connecticut this 26th day of April, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut