UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                                      :
In re:                                         :      Chapter 11
                                                      :
HO WAN KWOK *et al.*,             :      Case No. 22-50073 (JAM)
                                                        :
            Debtors.[1]                      :      Jointly Administered
                                                        :
------------------------------------------------------x

**TRUSTEE'S NOTICE OF FILING OF REVISED PROPOSED
ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328,
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1,
AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND
COMPANY LIMITED AS BROKER FOR SALE OF LADY MAY AND LADY MAY II**

**PLEASE TAKE NOTICE** that, on April 18, 2022, Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), filed the *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order Authorizing Employment and Retention of Edmiston and Company Limited as Broker for Sale of Lady May and Lady May II* [Docket No. 1675] (the "Edmiston Retention Application").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised proposed order granting the Edmiston Retention Application. The proposed order has been revised to address concerns raised by the United States Trustee. The Trustee is informed

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Edmiston Retention Application.

by counsel to the United States Trustee that the attached revised proposed order resolves the United States Trustee's concerns.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 2** is a blackline version of the revised proposed order marked to show the changes that have been made to the version attached to the Edmiston Retention Application.

Dated:    April 26, 2023
         New York, New York

> By: */s/ G. Alexander Bongartz*
> Avram E. Luft (admitted *pro hac vice*)
> G. Alexander Bongartz (admitted *pro hac vice*)
> PAUL HASTINGS LLP
> 200 Park Avenue
> New York, New York 10166
> (212) 318-6079
> aviluft@paulhastings.com
> alexbongartz@paulhastings.com
>
>     and
>
> Nicholas A. Bassett (admitted *pro hac vice*)
> PAUL HASTINGS LLP
> 2050 M Street NW
> Washington, D.C., 20036
> (202) 551-1902
> nicholasbassett@paulhastings.com
>
>     and
>
> Douglas S. Skalka (ct00616)
> Patrick R. Linsey (ct29437)
> NEUBERT, PEPE & MONTEITH, P.C.
> 195 Church Street, 13th Floor
> New Haven, Connecticut 06510
> (203) 781-2847
> dskalka@npmlaw.com
> plinsey@npmlaw.com
>
> *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                                                    :  Chapter 11
:
HO WAN KWOK, *et al.*,[3]                                     :  Case No. 22-50073 (JAM)
:
        Debtors.                                               :  (Jointly Administered)
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 26, 2023, the foregoing Notice was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:     April 26, 2023
                New York, New York

                                              By: */s/ G. Alexander Bongartz*
                                              Avram E. Luft (admitted *pro hac vice*)
                                              G. Alexander Bongartz (admitted *pro hac vice*)
                                              Paul Hastings LLP
                                              200 Park Avenue
                                              New York, New York 10166
                                              (212) 318-6079
                                              aviluft@paulhastings.com
                                              alexbongartz@paulhastings.com

                                                           *and*

---

[3]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK *et al.*,                           :    Case No. 22-50073 (JAM)
:
Debtors.¹                                       :    Jointly Administered
:
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND COMPANY LIMITED AS BROKER FOR SALE OF LADY MAY AND LADY MAY II**

Upon the application (the "Application"),² filed Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing the Trustee to employ and retain Edmiston and Company Limited ("Edmiston") as broker in accordance with the terms and conditions set forth in the Agreement, all as further detailed in the Application; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case

---

1   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and this Court being satisfied based on the representations made in the Application and in the Johnson Declaration that, as more fully disclosed in the Johnson Declaration, (a) Edmiston does not hold or represent an interest adverse to the Debtors' estates and (b) Edmiston is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The Application is approved as set forth herein. All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

    2.    The Trustee is authorized to retain and employ Edmiston as broker in connection with the sale of the Lady May Yachts, on the terms set forth in the Agreement, subject to the terms of this Order.

    3.    The Compensation Structure is hereby approved. The Compensation Structure shall consist of: (a) in the case of the sale of the Lady May, a fixed fee of 5% in case of an in-house deal whereby the Edmiston locates the buyer from its own database or 6% in case of a deal

with a Sub-Listing Broker and (b) in the case of the sale of the Lady May II, a fixed fee of 5%, whether in case of an in-house deal or in case of a deal with a Sub-Listing Broker. Each such fee shall be referred to as the "Full Fee." Any Sub-Listing Broker involved in the sale shall receive their fee from Edmiston. For the avoidance of doubt, the Full Fee with respect to each of the Lady May Yachts shall only become due under the Agreement upon the consummation of a sale, transfer, or conveyance of each of the Lady May Yachts, respectively. Notwithstanding anything to the contrary in the Agreement or this Order, even though Edmiston will market and introduce the Lady May Yachts to potential buyers from its own database, Edmiston does not and will not enter into any contract with any such potential buyers to represent them in connection with selling the Lady May Yachts, nor will Edmiston have any duties to any such potential buyers.

4. The Trustee and Edmiston shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, the Trustee shall seek authority to make payment to Edmiston of the Full Fee calculated in accordance with the Agreement as part of the Trustee's motion to approve any sale of one or both of the Lady May Yachts, and such Full Fee shall only be paid upon approval by this Court and consummation of such sale. In the event that Edmiston seeks reimbursement of expenses pursuant to Section 6 of the Agreement, Edmiston shall file an application with this Court requesting approval of the reimbursement of such expenses as actual, reasonable costs. Edmiston shall be compensated for its services solely in accordance with the procedures set forth in this Order and any such other procedures as may be fixed by order of this Court.

5. All requests of Edmiston for payment of indemnity pursuant to the Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon all parties in interest; *provided*, *however*, that in no event shall Edmiston

be indemnified for any liability, loss, costs, or claim that is found by this Court to be the result of Edmiston's fraud or fraudulent misrepresentation, knowing or willful violation of law, willful misconduct, breach of fiduciary duty, self-dealing, bad faith or gross negligence.

6. All parties' rights to object to any request of Edmiston for payment of indemnity pursuant to the Agreement shall be preserved.

7. To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

8. The Trustee and Edmiston are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 2**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re: : Chapter 11
:
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, ~~FOR ENTRY OF ORDER~~ AUTHORIZING EMPLOYMENT AND RETENTION OF EDMISTON AND COMPANY LIMITED AS BROKER FOR SALE OF LADY MAY AND LADY MAY II**

Upon the application (the "Application"),[2] filed Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing the Trustee to employ and retain Edmiston and Company Limited ("Edmiston") as broker in accordance with the terms and conditions set forth in the Agreement, all as further detailed in the Application; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and this Court being satisfied based on the representations made in the Application and in the Johnson Declaration that, as more fully disclosed in the Johnson Declaration, (a) Edmiston does not hold or represent an interest adverse to the Debtors' estates and (b) Edmiston is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved as set forth herein. All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2. The Trustee is authorized to retain and employ Edmiston as broker in connection with the sale of the Lady May Yachts, on the terms set forth in the Agreement, subject to the terms of this Order.

3. The Compensation Structure is hereby approved. The Compensation Structure shall consist of: (a) in the case of the sale of the Lady May, a fixed fee of 5% in case of an in-house deal whereby the Edmiston locates the buyer from its own database or 6% in case of a deal with a Sub-Listing Broker and (b) in the case of the sale of the Lady May II, a fixed fee of 5%, whether in case of an in-house deal or in case of a deal with a Sub-Listing Broker. Each such fee shall be referred to as the "Full Fee." Any Sub-Listing Broker involved in the sale shall receive their fee from Edmiston. For the avoidance of doubt, the Full Fee with respect to each of the Lady May Yachts shall only become due under the Agreement upon the consummation of a sale, transfer, or conveyance of each of the Lady May Yachts, respectively. Notwithstanding anything to the contrary in the Agreement or this Order, even though Edmiston will market and introduce the Lady May Yachts to potential buyers from its own database, Edmiston does not and will not enter into any contract with any such potential buyers to represent them in connection with selling the Lady May Yachts, nor will Edmiston have any duties to any such potential buyers.

4. 3. The ~~Compensation Structure is hereby approved,~~Trustee and Edmiston shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, the Trustee shall seek authority to make payment to Edmiston of the Full Fee calculated in accordance with the Agreement as part of the Trustee's motion to approve any sale of one or both of the Lady May Yachts, and such Full Fee shall only be paid upon approval by this Court and consummation of such sale. In the event that Edmiston seeks reimbursement of expenses pursuant to Section 6 of the Agreement, Edmiston shall file an application with this Court requesting approval of the reimbursement of such expenses as actual, reasonable costs. Edmiston shall be compensated for its services solely in accordance with the

3

procedures set forth in ~~the Application~~this Order and any such other procedures as may be fixed by order of this Court.

5. ~~4.~~ All requests of Edmiston for payment of indemnity pursuant to the Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon all parties in interest; *provided*, *however*, that in no event shall Edmiston be indemnified for any liability, loss, costs, or claim that is found by this Court to be the result of Edmiston's fraud or fraudulent misrepresentation, knowing or willful violation of law, willful misconduct, breach of fiduciary duty, self-dealing, bad faith or gross negligence.

6. ~~5.~~ All parties' rights to object to any request of Edmiston for payment of indemnity pursuant to the Agreement shall be preserved.

7. ~~6.~~ To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

8. ~~7.~~ The Trustee and Edmiston are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. ~~8.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. ~~9.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.