### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

-------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK *et al.*,                                   :    Case No. 22-50073 (JAM)
                                                        :
                        Debtors.[1]                     :    Jointly Administered
                                                        :
-------------------------------------------------------x

### TRUSTEE'S NOTICE OF FILING OF REVISED PROPOSED ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING (I) MOVING LADY MAY TO NAVIGABLE WATERS OF RHODE ISLAND AND (II) ENTRY INTO, AND PERFORMANCE UNDER, NEWPORT DOCKAGE AGREEMENT

**PLEASE TAKE NOTICE** that, on April 24, 2022, Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), filed the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing (I) Moving Lady May to Navigable Waters of Rhode Island and (II) Entry Into, and Performance Under, Newport Dockage Agreement* [Docket No. 1696] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised proposed order granting the Motion.  The proposed order includes certain changes to address concerns raised by the United States Trustee.  While the Trustee is informed by counsel to the United States Trustee that the language added to paragraph 4 of the revised proposed order

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

resolves the United States Trustee's concerns with respect to Section 14 of the Dockage

Agreement, the Trustee understands that the United States Trustee has other, additional concerns

with respect to the Motion that remain unresolved at this time.  The revised proposed order also

includes (a) an amended rider to the Dockage Agreement (the "Amended Rider"), which reflects

a few modifications requested by SHM (and agreed to by the Trustee) and (b) conforming

changes to reflect the Amended Rider.

  **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 2** is a blackline

version of the revised proposed order marked to show the changes that have been made to the

version attached to the Motion.

  **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 3** is a blackline

version of the amended rider to the Dockage Agreement marked to show the changes that have

been made to the rider attached to the Motion.


Dated:  April 27, 2023
   New York, New York

       By: */s/ G. Alexander Bongartz*
       Avram E. Luft (admitted *pro hac vice*)
       G. Alexander Bongartz (admitted *pro hac vice*)
       PAUL HASTINGS LLP
       200 Park Avenue
       New York, New York 10166
       (212) 318-6079
       aviluft@paulhastings.com
       alexbongartz@paulhastings.com

        *and*

       Nicholas A. Bassett (admitted *pro hac vice*)
       PAUL HASTINGS LLP
       2050 M Street NW
       Washington, D.C., 20036

(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK, et al.,³                                  :   Case No. 22-50073 (JAM)
                                                       :
              Debtors.                                 :   (Jointly Administered)
                                                       :
-------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2023, the foregoing Notice was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:    April 27, 2023
          New York, New York

                              By: */s/ G. Alexander Bongartz*
                              Avram E. Luft (admitted *pro hac vice*)
                              G. Alexander Bongartz (admitted *pro hac vice*)
                              PAUL HASTINGS LLP
                              200 Park Avenue
                              New York, New York 10166
                              (212) 318-6079
                              aviluft@paulhastings.com
                              alexbongartz@paulhastings.com

                                   *and*

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

  *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK et al.,                                    :    Case No. 22-50073 (JAM)
                                                       :
              Debtors.[1]                              :    Jointly Administered
                                                       :
-------------------------------------------------------x
```

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING (I)**
**MOVING LADY MAY TO NAVIGABLE WATERS OF RHODE ISLAND AND (II)**
**ENTRY INTO, AND PERFORMANCE UNDER, NEWPORT DOCKAGE AGREEMENT**

Upon the motion (the "Motion"),[2] filed Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),

requesting entry of an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing (i)

moving the Lady May yacht to the navigable waters of Rhode Island and (ii) the Trustee's entry

into, and performance under, the Newport Dockage Agreement, all as further detailed in the

Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion

having been given; and no other or further notice being required and the Court having found and

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Stipulated Order, the Trustee is authorized to move the Lady May to the navigable waters of Rhode Island (including, for the avoidance of doubt, the Safe Harbor Shipyard in Newport, Rhode Island).  For the avoidance of doubt, and notwithstanding the declaration signed by the current captain of the Lady May, Mr. James Pizzaruso (the "Captain") on January 9, 2023, the Captain is permitted to move the Lady May to the navigable waters of Rhode Island.

3.      The Trustee is authorized to enter into, and perform under, the Newport Dockage Agreement (including the amended rider thereto, in the form attached hereto as **Exhibit A** (the "Amended Rider")), including any payment of fees and expenses that come due thereunder.

4.      With respect to section 14 of the Dockage Agreement, (i) any bankruptcy stay applicable to the assets of the estate of Ho Wan Kwok shall not apply to, limit, or otherwise prevent SHM from imposing and perfecting a lien for nonpayment of fees owed under the Dockage Agreement, (ii) SHM must give three business days advance notice to this Court in the event such a lien is being imposed, and (iii) SHM is required to obtain approval of this Court before exercising any rights to liquidate that lien.

5.      All requests of SHM for payment of indemnity pursuant to the Shipyard Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon all parties in interest; *provided*, *however*, that in no event shall SHM be indemnified for any liability, loss, costs, or claim that is found by this Court to be the

2

result of the sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct of SHM.

6.       All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Agreement shall be preserved.

7.       In accordance with Section 3 of the Amended Rider, this Court has exclusive jurisdiction over any claim or dispute in respect of or arising out of the Shipyard Agreement.

8.       The Trustee and SHM are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit A

**Amended Rider to Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, Between (i) Luc A. Despins, as the Chapter 11 Trustee for the Estate of Ho Wan Kwok and (ii) SHM Newport Shipyard, LLC**

Capitalized terms used but not defined herein have the meanings set forth in the Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, with respect to the Lady May (the "Dockage Agreement").

1. Mr. Luc A. Despins warrants and represents that he is the chapter 11 trustee for the estate of Ho Wan Kwok and is fully authorized to enter into the Dockage Agreement on behalf of the estate of Ho Wan Kwok. Mr. Luc A. Despins is party to the Dockage Agreement solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, any claims against Mr. Luc A. Despins shall be in his capacity as trustee. No claim whatsoever may be asserted by SHM against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

2. The Dockage Agreement is subject to approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (the "Chapter 11 Case"), is pending.

3. The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of the Dockage Agreement.

4. Notwithstanding anything to the contrary in the Standard Terms, all requests of SHM for payment of indemnity, which does not include maritime liens, pursuant to the Dockage Agreement will be made by means of an application (interim or final as the case may be) and served upon all parties in interest in the Chapter 11 Case; provided, however, that in no event shall SHM be indemnified from any liability, loss, costs, or claim that is found by the Bankruptcy Court to be the result of the sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct of SHM. All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Dockage Agreement shall be preserved.

**Owner**
By: _____

Name: Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok

Date: _____

**SHM Newport Shipyard, LLC**
By: _____

Name: _____

Title: _____

Date: _____

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                         :

In re:                        :       Chapter 11
                          :

HO WAN KWOK *et al.*,      :       Case No. 22-50073 (JAM)
                          :

        Debtors.[1]       :       Jointly Administered
                          :
-------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING (I)
MOVING LADY MAY TO NAVIGABLE WATERS OF RHODE ISLAND AND (II)
ENTRY INTO, AND PERFORMANCE UNDER, NEWPORT DOCKAGE AGREEMENT**

Upon the motion (the "Motion"),[2] filed Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),

requesting entry of an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing (i)

moving the Lady May yacht to the navigable waters of Rhode Island and (ii) the Trustee's entry

into, and performance under the Newport Dockage Agreement, all as further detailed in the

Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been

given; and no other or further notice being required and the Court having found and determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Stipulated Order, the Trustee is authorized to move the Lady May to the navigable waters of Rhode Island (including, for the avoidance of doubt, the Safe Harbor Shipyard in Newport, Rhode Island).  For the avoidance of doubt, and notwithstanding the declaration signed by the current captain of the Lady May, Mr. James Pizzaruso (the "Captain") on January 9, 2023, the Captain is permitted to move the Lady May to the navigable waters of Rhode Island.

3.      The Trustee is authorized to enter into, and perform under, the Newport Dockage Agreement (including the amended rider thereto, in the form attached hereto as **Exhibit A** (the "**Amended Rider**")), including any payment of fees and expenses that come due thereunder.

4.      With respect to section 14 of the Dockage Agreement, (i) any bankruptcy stay applicable to the assets of the estate of Ho Wan Kwok shall not apply to, limit, or otherwise prevent SHM from imposing and perfecting a lien for nonpayment of fees owed under the Dockage Agreement, (ii) SHM must give three business days advance notice to this Court in the event such a lien is being imposed, and (iii) SHM is required to obtain approval of this Court before exercising any rights to liquidate that lien.

5.    4. All requests of SHM for payment of indemnity pursuant to the Shipyard Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon all parties in interest; *provided*, *however*, that in no event shall SHM be indemnified for any liability, loss, costs, or claim that is found by this Court to be the result of ~~SHM's~~the sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct~~, breach of fiduciary duty, self-dealing, bad faith or gross negligence~~ of SHM.

6.    5. All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Agreement shall be preserved.

7.    6. In accordance with Section 3 of the Amended Rider ~~to Shipyard Agreement~~, this Court has exclusive jurisdiction over any claim or dispute in respect of or arising out of the Shipyard Agreement.

8.    7. The Trustee and SHM are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.    8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit A**

**Amended Rider to Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, Between (i) Luc A. Despins, as the Chapter 11 Trustee for the Estate of Ho Wan Kwok and (ii) SHM Newport Shipyard, LLC**

Capitalized terms used but not defined herein have the meanings set forth in the Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, with respect to the Lady May (the "Dockage Agreement").

1. Mr. Luc A. Despins warrants and represents that he is the chapter 11 trustee for the estate of Ho Wan Kwok and is fully authorized to enter into the Dockage Agreement on behalf of the estate of Ho Wan Kwok. Mr. Luc A. Despins is party to the Dockage Agreement solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, any claims against Mr. Luc A. Despins shall be in his capacity as trustee. No claim whatsoever may be asserted by SHM against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

2. The Dockage Agreement is subject to approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (the "Chapter 11 Case"), is pending.

3. The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of the Dockage Agreement.

4. Notwithstanding anything to the contrary in the Standard Terms, all requests of SHM for payment of indemnity, which does not include maritime liens, pursuant to the Dockage Agreement will be made by means of an application (interim or final as the case may be) and served upon all parties in interest in the Chapter 11 Case; provided, however, that in no event shall SHM be indemnified from any liability, loss, costs, or claim that is found by the Bankruptcy Court to be the result of the sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct of SHM. All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Dockage Agreement shall be preserved.

**Owner**
By: _____

Name: Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok

Date: _____

**SHM Newport Shipyard, LLC**
By: _____

Name: _____

Title: _____

*[Different first page setting changed from on in original to off in modified.]*.

5

Date: _____

*[Different first page setting changed from on in original to off in modified.]*.

6

**Exhibit 3**

**Amended Rider to Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, Between (i) Luc A. Despins, as the Chapter 11 Trustee for the Estate of Ho Wan Kwok and (ii) SHM Newport Shipyard, LLC**

Capitalized terms used but not defined herein have the meanings set forth in the Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, with respect to the Lady May (the "Dockage Agreement").

1. Mr. Luc A. Despins warrants and represents that he is the chapter 11 trustee for the estate of Ho Wan Kwok and is fully authorized to enter into the Dockage Agreement on behalf of the estate of Ho Wan Kwok. Mr. Luc A. Despins is party to the Dockage Agreement solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, noany claims against Mr. Luc A. Despins shall be in his capacity as trustee. No claim whatsoever may be asserted by SHM against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

2. The Dockage Agreement is subject to approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (the "Chapter 11 Case"), is pending.

3. The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of the Dockage Agreement.

4. Notwithstanding anything to the contrary in the Standard Terms, all requests of SHM for payment of indemnity, which does not include maritime liens, pursuant to the Dockage Agreement will be made by means of an application (interim or final as the case may be) and served upon all parties in interest in the Chapter 11 Case; provided, however, that in no event shall SHM be indemnified from any liability, loss, costs, or claim that is found by the Bankruptcy Court to be the result of SHM'sthe sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct, breach of fiduciary duty, self-dealing, bad faith, or gross negligence of SHM. All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Dockage Agreement shall be preserved.

**Owner**

By: *s/ Luc A. Despins, as trustee*
_____

Name: Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok

Date: April 24, 2023 _____

**SHM Newport Shipyard, LLC**

By: _____

Name: _____

Title: _____

Date: ~~April 24, 2023~~ _____