**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
In re:

HO WAN KWOK *et al.*,

Debtors.[1]

-------------------------------------------------------x

Chapter 11

Case No. 22-50073 (JAM)

Jointly Administered

Re: ECF No. 1696

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING (I) MOVING LADY MAY TO NAVIGABLE WATERS OF RHODE ISLAND AND (II) ENTRY INTO, AND PERFORMANCE UNDER, NEWPORT DOCKAGE AGREEMENT**

Upon the motion (the "Motion"),[2] filed Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing (i) moving the Lady May yacht to the navigable waters of Rhode Island and (ii) the Trustee's entry into, and performance under the Newport Dockage Agreement, all as further detailed in the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court on April 27, 2023 and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary in the Stipulated Order, the Trustee is authorized to move the Lady May to the navigable waters of Rhode Island (including, for the avoidance of doubt, the Safe Harbor Shipyard in Newport, Rhode Island). For the avoidance of doubt, and notwithstanding the declaration signed by the current captain of the Lady May, Mr. James Pizzaruso (the "Captain") on January 9, 2023, the Captain is permitted to move the Lady May to the navigable waters of Rhode Island.

3. The Trustee is authorized to enter into, and perform under, the Newport Dockage Agreement (including the amended rider thereto, in the form attached hereto as **Exhibit A** (the "Amended Rider")), including any payment of fees and expenses that come due thereunder.

4. With respect to section 14 of the Dockage Agreement, (i) any bankruptcy stay applicable to the assets of the estate of Ho Wan Kwok shall not apply to, limit, or otherwise prevent SHM from imposing and perfecting a lien for nonpayment of fees owed under the Dockage Agreement, (ii) SHM must give three business days advance notice to this Court in the event such a lien is being imposed, and (iii) SHM is required to obtain approval of this Court before exercising any rights to liquidate that lien.

5. All requests of SHM for payment of indemnity pursuant to the Shipyard Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon all parties in interest; *provided*, *however*, that in no event shall SHM be indemnified for any liability, loss, costs, or claim that is found by this Court to be the

Case 22-50073    Doc 1718    Filed 04/27/23    Entered 04/27/23 16:57:55    Page 3 of 5

result of the sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct of SHM.

      6.      All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Agreement shall be preserved.

      7.      In accordance with Section 3 of the Amended Rider, this Court has exclusive jurisdiction over any claim or dispute in respect of or arising out of the Shipyard Agreement.

      8.      The Trustee and SHM are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

      9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 27th day of April, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

3

**Exhibit A**

**Amended Rider to Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, Between (i) Luc A. Despins, as the Chapter 11 Trustee for the Estate of Ho Wan Kwok and (ii) SHM Newport Shipyard, LLC**

Capitalized terms used but not defined herein have the meanings set forth in the Commercial Yard and Dockage License and Service Agreement, executed on April 24, 2023, with respect to the Lady May (the "Dockage Agreement").

1. Mr. Luc A. Despins warrants and represents that he is the chapter 11 trustee for the estate of Ho Wan Kwok and is fully authorized to enter into the Dockage Agreement on behalf of the estate of Ho Wan Kwok. Mr. Luc A. Despins is party to the Dockage Agreement solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, any claims against Mr. Luc A. Despins shall be in his capacity as trustee. No claim whatsoever may be asserted by SHM against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

2. The Dockage Agreement is subject to approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (the "Chapter 11 Case"), is pending.

3. The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of the Dockage Agreement.

4. Notwithstanding anything to the contrary in the Standard Terms, all requests of SHM for payment of indemnity, which does not include maritime liens, pursuant to the Dockage Agreement will be made by means of an application (interim or final as the case may be) and served upon all parties in interest in the Chapter 11 Case; provided, however, that in no event shall SHM be indemnified from any liability, loss, costs, or claim that is found by the Bankruptcy Court to be the result of the sole negligence, gross negligence, fraud or fraudulent misrepresentation, knowing or willful violation of law, or willful misconduct of SHM. All parties' rights to object to any request of SHM for payment of indemnity pursuant to the Dockage Agreement shall be preserved.

**Owner**
By: _____

Name: Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok

Date: _____

**SHM Newport Shipyard, LLC**
By: _____

Name: _____

Title: _____

Date: _____