## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK et al.,                     :    Case No. 22-50073 (JAM)
                                        :
                Debtors.[1]             :    Jointly Administered
                                        :
-------------------------------------------------------x
```

## MOTION OF CHAPTER 11 TRUSTEE TO SEAL CERTAIN EXHIBITS TO MOTION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT WITH CLARK HILL PLC

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor") respectfully submits this motion (the "Motion"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requesting entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), authorizing the Trustee to file, under seal, the *Motion of Chapter 11 Trustee for Entry of Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement with Clark Hill PLC* [Docket No. 1724] (the "9019 Motion").[2]  In support of this Motion, the Trustee respectfully represents as follows.

### RELIEF REQUESTED

1.     By this Motion, the Trustee requests entry of an order authorizing the Trustee to

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the 9019 Motion.

redact and file under the seal the 9019 Motion and certain supporting exhibits as they contain certain information that: i) has been designated "Confidential" or "Highly Confidential" pursuant to that certain *Protective Order* [Docket No. 923] (the "Protective Order"); ii) that may only be disclosed to the Trustee and his counsel pursuant to the *Order Granting in Part Motion for Protective Order* [Docket No. 1217] (the "Asylum Application Protective Order"); or, iii) that has been filed under seal in the Action pursuant to the Stipulated Protective Order in the Action (the "Clark Hill Protective Order").

## JURISIDCTION AND VENUE

2.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On May 26, 2020, Judge Boasberg of the United States District Court for the District of Columbia (the "District Court") entered the Clark Hill Protective Order, pursuant to which materials with protected information could be designated as "Confidential" or "Attorneys' Eyes Only" (the "Designated Materials").[3]

5.      Pursuant to the Clark Hill Protective Order, "[a]ll transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been identified as Designated Material, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings."  Clark

---

[3] The Clark Hill Protective Order is attached hereto as **Exhibit 2**.

Hill Protective Order § 8.

6.      On July 28, 2022, the Trustee filed a motion for Rule 2004 discovery as to various

legal and financial advisors to the Debtor (the "Professionals 2004 Motion") [Docket No. 637],

including the law firm Clark Hill PLC ("Clark Hill").

7.      On August 16, 2022, the Court granted the Trustee's Professionals 2004 Motion

[Docket No. 756] (the "Professionals Rule 2004 Order"), pursuant to which the Trustee served a

subpoena on Clark Hill (the "Subpoena") requesting documents relevant to the Trustee's

investigation, which documents Clark Hill subsequently produced.

8.      On October 6, 2022, the Court entered the Protective Order, setting out what

information may be designated as "Confidential" or "Highly Confidential."

9.      The Protective Order provides:

A Producing Party may designate Discovery Material as "Confidential" if such
Producing Party reasonably believes that: (i) such Discovery Material (A)
constitutes or contains nonpublic proprietary or confidential technical, business,
financial, personal, or other information of a nature that should be protected under
the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract
to a legally protected right of privacy; or (ii) the Producing Party (A) is under a
preexisting obligation to a third party to treat such Discovery Material as
confidential or (B) has been reasonably requested by another Party or non- Party
to so designate such Discovery Material on the grounds that such other Party or
non- Party considers such Discovery Material to contain information that is
confidential or proprietary to such Party or non-Party.

A Producing Party may designate Discovery Material as "Highly Confidential" if
such Producing Party reasonably believes (or with respect to documents received
from another person, has been reasonably advised by such other person) that such
Discovery Material is of such a nature that a risk of personal safety, identity theft,
or competitive injury would be created if such Discovery Material were disclosed
to persons other than those identified in Paragraph 10 of this Order, such as
addresses or other sensitive personal identifiable information, trade secrets,
sensitive financial or business information, or material prepared by a Party's
industry advisors, financial advisors, accounting advisors, experts, or its
consultants (and their respective staff).

Protective Order ¶ 5(a), (b).

10.     Pursuant to the Protective Order, "[u]nless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules."  Protective Order ¶ 13

11.     On December 9, 2022, the Court entered the Asylum Application Protective Order, which states that Clark Hill's motion for summary judgment in the Action (the "Motion for Summary Judgment") and the Debtor's asylum application (the "Asylum Application") may be produced only to the Trustee, his counsel, the Debtor, and the Debtor's counsel (collectively, the "Permitted Parties").  Asylum Application Protective Order at 2.[4]

12.     Documents produced to the Trustee in connection with the Subpoena included Designated Materials filed under seal in the Clark Hill Action pursuant to the Clark Hill Protective Order.  Accordingly, those documents were designated as Highly Confidential under the Protective Order.  Notably, those documents included Clark Hill's Motion for Summary Judgment, whose treatment is governed by the Asylum Application Protective Order, and Clark Hill's Motion *In Limine*.

**BASIS FOR RELIEF**

13.     Section 107(b) of the Bankruptcy Code authorizes courts to issue orders to protect entities with respect to certain confidential or commercial information. 11 U.S.C. § 107(b). Further, Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of

---

[4]     Thus, the Asylum Application Protective Order would prohibit the sharing of the Motion for Summary Judgment and the Asylum Application with the United States Trustee as otherwise provided for under the Protective Order.

the Bankruptcy Code.  Upon the determination that information falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

14.     The Trustee's 9019 Motion references as exhibits, among others, the Motion *In Limine* from the Clark Hill Action (the "Motion *In Limine* Exhibit"), which Clark Hill designated as "Highly Confidential" pursuant to the Protective Order, and the Motion for Summary Judgment (the "Summary Judgment Exhibit"), for which access is limited to the Permitted Parties.

15.     Accordingly, to comply with the orders of both this Court and the District Court for the District of Columbia, the Trustee is required to file the 9019 Motion with the Summary Judgment Exhibit and the Motion *In Limine* Exhibit redacted.

16.     In light of the foregoing, the Trustee asks the Court (i) for authority to publicly file a version of the 9019 Motion with the Summary Judgment Exhibit and the Motion *In Limine* Exhibit redacted, (ii) for authority to file under seal an unredacted version of the 9019 Motion; and (iii) to order that the Summary Judgment Exhibit attached to the unredacted 9019 Motion may only be reviewed by the Permitted Parties.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court grant the Motion.

Dated:    April 28, 2022           LUC A. DESPINS,
         New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Douglas S. Skalka*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett *(pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft *(pro hac vice)*
    Douglass Barron *(pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK et al.,                                    :    Case No. 22-50073 (JAM)
                                                       :
            Debtors.¹                                  :    Jointly Administered
                                                       :
-------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING**
**MOTION OF CHAPTER 11 TRUSTEE TO SEAL CERTAIN EXHIBITS TO MOTION**
**FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING**
**SETTLEMENT AGREEMENT WITH CLARK HILL PLC**

Upon the *Motion of Chapter 11 Trustee to Seal Certain Exhibits to Motion for Entry of Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement with Clark Hill PLC* (the "Motion")[2], filed by the Trustee, seeking entry of an order pursuant to section 107(b) of the Bankruptcy Code and c authorizing the Trustee to file under seal certain exhibits to the 9019 Motion, the Court having reviewed the Motion and the responses thereto, if any; and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2.     The Trustee is hereby authorized to file unredacted versions of the 9019 Motion under seal, which shall only be made available to the Debtor and the Debtor's counsel, unless and until permitted by further order of this Court.

3.     The Trustee is further authorized to file on this Court's docket and to serve on other parties in interest copies of the 9019 Motion with the Summary Judgment Exhibit and the Motion *In Limine* Exhibit redacted.

4.     Nothing contained herein shall affect the rights of the United States Trustee, pursuant to 11 U.S.C. § 107(c)(3), to access to documents filed with the Court as long as the United States Trustee complies with the obligations set forth in  11 U.S.C. § 107(c)(3)(B).

5.     The Trustee is authorized to take all actions necessary to effectuate the relief granted herein.

6.     The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

## **EXHIBIT 2**

**Clark Hill Protective Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GUO WENGUI a/k/a MILES KWOK a/k/a
HO WAN KWOK,

        Plaintiff,

        v.

CLARK HILL PLC; THOMAS K.
RAGLAND,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:19-cv-3195

Hon. James Boasberg

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order. The parties jointly request that the Court enter this Stipulated Protective Order in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment. Upon review of the instant Motion and noting the agreement of the parties, the Court hereby **GRANTS** the Joint Motion for Entry of Stipulated Protective Order, and hereby **ORDERS**:

## I. INTRODUCTION

The parties, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following provisions of this Protective Order.

## II. SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the parties have and may be required to produce information that constitutes, in whole or in part, protected information such as commercial or financial information, information pertaining to data security measures, confidential information,

personally identifiable information, or other information that may cause harm to the producing party or a non-party. Without waiving any rights or objections to such production, the parties anticipate possible production of the following categories of protected information: (1) technical security information, protocols and specifications, including information pertaining to information and network security, (2) client information, (3) information submitted to any governmental or regulatory agency, which information is exempt from public disclosure, (4) information concerning business and marketing strategy, (5) information pertaining to ongoing government or court proceedings or investigations, (6) sensitive financial information and (7) other commercially or personally sensitive information. There may be categories of protected information in addition to these seven (7) categories.

## III.   DESIGNATION OF PROTECTED INFORMATION

A.   <u>Scope:</u>   This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential," or, for certain highly sensitive information, as "Attorneys' Eyes Only," consistent with the terms of this Order. The parties agree that information previously provided in the litigation is covered by this Order. When a party designates information as "Attorneys' Eyes Only", the Designating Party is certifying in good faith that the protected information would not be protected sufficiently by designating it as "Confidential." If requested by the Receiving Party, the Designating Party will provide its good faith reason for this conclusion. For purposes of this Order, any document, information, testimony, or other tangible things designated as "Confidential" or as "Attorneys' Eyes Only" is referred to herein as "Designated Information." "Designating Party" means the party or non-party who so designates the Designated Information; "Receiving Party" means the party or non-party to whom such Designated

Information was produced or disclosed. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its own Designated Information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if the party has first tried in good faith to resolve the issue with the other party or parties pursuant to the terms of this Order and D.D.C. Local Civ. R. 7(m).

      B.    <u>Application to Non-Parties</u>: Before a non-party is given copies of Designated Information as permitted hereunder, subject to the terms and exceptions set forth in Sections V.B and V.C of this Order below, such non-party must first sign the acknowledgment of this Order as set forth in <u>Exhibit A</u> attached hereto and agree to be bound by the terms of this Order; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of Designated Information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment of this Order as set forth in <u>Exhibit A</u> attached hereto and agree to be bound by this Order.

      C.    <u>Timing and Provisional Protection</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should endeavor to designate documents and/or information at the time of production or disclosure. Deposition testimony will be deemed provisionally protected for a period of fourteen (14) days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions or portions of specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired subject to any reasonable requests by a party

to extend the provisional period. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. <u>Manner of Designation:</u> Documents and information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or some substantially similar designation on each designated page of the document or electronic image.

## IV.  CHALLENGES TO DESIGNATED INFORMATION

A.  In the event that a Receiving Party disagrees with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith with the Designating Party pursuant to D.D.C. Local Civ. R. 7(m). At all times, the Designating Party carries the burden of establishing the propriety of the designation. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the Designated Information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper, a waiver of the right to challenge the designation, or an admission that the Designated Information is otherwise competent, relevant, or material.

B.  No material shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY if:

1. It is already in the public domain at the time of disclosure, with the exception of plaintiff's asylum application and related materials;

4

2. It becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

3. The Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure; or

4. The Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party has the right to make the disclosure to the Receiving Party.

## V. LIMITED ACCESS/USE OF PROTECTED INFORMATION

A. <u>Restricted Use:</u> Any documents and information that is produced or exchanged in the course of this action and any documents or information designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, including, but not limited to press releases, Internet or social media posting, or other publication of the material, without the written consent of the Designating Party. No Designated Information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of Designated Information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party notice within three (3) days of the receipt of any subpoena or other demand that seeks production or disclosure of any Designated Information, consulting with the Designating Party before responding to any such subpoena or demand and coordinating with the Designating Party on the filing of a motion to quash the subpoena, a protective order or other filing to protect the confidential nature of the Designated Information.

5

Any use or disclosure of Designated Information in violation of the terms of this Order may subject the disclosing person or party to sanctions to be awarded by this Court.

      B.    <u>Access to Confidential Information</u>:  The parties and all persons subject to this Order agree that documents and information designated as Confidential may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Attorneys representing or working on the representation of any party in this action and employees of that attorney's firm who are assisting the attorney in this action and are informed of the duties hereunder;

3. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has not been affiliated (other than for purposes of this action) with the party that did not produce the information designated "Confidential" and has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

5. Other witnesses and individuals noticed for depositions, so long as each such witness or individual has a legitimate reason associated with the matter to view the information and has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

C.    Access to "Attorneys' Eyes Only" Information:  The parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Attorneys representing or working on the representation of any party in this action and employees of that attorney's firm who are assisting the attorney in this action and are informed of the duties hereunder;

3. Experts or consultants employed by a party's counsel for purposes of this action, so long as each such expert or consultant has not been affiliated (other than for purposes of this action) with the party that did not produce the information designated "Attorneys' Eyes Only" and each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

4. Other witnesses and individuals noticed for depositions who are affiliated with the party that produced the information designated "Attorneys' Eyes Only"; and

5. Representatives for the party designating the information as "Attorneys' Eyes Only."

D.    Review of Witness Acknowledgments:  With reasonable notice, any Designating Party is entitled to review all copies of Exhibit A in any Receiving Party's possession.  The Receiving Party must, within seven (7) business days of the demand, provide all such copies to the Designating Party making the demand.  Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable

7

to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of Designated Information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

      D.    <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any Designated Information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

      E.    <u>In-Court Use of Designated Information</u>: If Designated Information will or may be offered in evidence at a hearing or trial, then the offering party must give reasonable advance notice to the Designating Party prior to offering the Designated Information at the hearing or trial so that any use or disclosure may be addressed by the parties and, if necessary, the Court, in advance of the hearing or trial.

      Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at a hearing or trial of any evidentiary materials.

## VI.   CLAW-BACK REQUESTS AND PRIVILEGE LOGS

      A.    <u>Failure to Make Designation:</u> If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the

Receiving Party and identify with particularity the information to be designated (the "Claw-Back Notification"). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the Claw-Back Notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.    Inadvertent Production of Privileged Information: If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evidence 502 as to the information subject to the claimed protection. The parties must also comply with D.D.C. Local Civ. R. 7(m) before seeking Court intervention to resolve any related dispute.

C.    Privilege Logs: The parties agree that, for purposes of claims of privilege or trial-preparation or work product protection pursuant to Federal Rule of Civil Procedure 26(b)(5), the parties need not identify in a privilege log documents or information created after May 14, 2019.

## VII.   DURATION/CONTINUED RESTRICTIONS

A.   <u>Handling of Designated Information Upon Conclusion of Action:</u>  Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed Designated Information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all Designated Information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.  No witness or party may retain Designated Information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the Designated Information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order.  This provision does not apply to the Court or Court staff.

B.   <u>Continued Restrictions Under this Order:</u>  The restrictions on disclosure and use of Designated Information survive the conclusion of this action.  This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order.  The parties agree that any order of dismissal of this action as to any or all parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal.  Each party hereby consents to the personal jurisdiction of the Court for that purpose.

## VIII.  REQUESTS TO SEAL

All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been identified as Designated Material, or which

10

contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

## IX.    INJUNCTIVE RELIEF

The parties acknowledge that breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If anyone violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation.

IT IS SO ORDERED this 26th day of May , 2020.

_____

UNITED STATES DISTRICT COURT

J. Boasberg

**EXHIBIT A**
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUO WENGUI a/k/a MILES KWOK a/k/a HO WAN KWOK, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Case No. 1:19-cv-3195 |
| | ) |
| v. | ) |
| | ) Hon. James Boasberg |
| CLARK HILL PLC; THOMAS K. RAGLAND, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## UNDERTAKING PURSUANT TO
## CONFIDENTIALITY ORDER

I, _____, the undersigned, declare and say:

1.     I am _____

                              Describe relationship to the party submitting the undertaking

I am employed by _____ as _____.
                         Employer                   Position

My business address is _____, telephone number _____.

2.     I acknowledge having been provided with and having read the "Stipulated Protective Order" entered by the Court in this matter (the "Protective Order"). I agree that I (i) am bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) am subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

3.     I am informed and understand, and therefore acknowledge, that I may be subject to contempt of court or any other penalties authorized by law or statute if I fail to comply with each of the provisions of the Protective Order.

4.     I consent to and accept, generally and unconditionally, the jurisdiction of the United

States District Court for the District of Columbia in the matter entitled *Guo Wengui v. Clark Hill PLC et al.* for the enforcement of the provisions of this Protective Order.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on _____ at _____ .

_____

Declarant

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :        Chapter 11
:
HO WAN KWOK *et al*.,                              :        Case No. 22-50073 (JAM)
:
Debtors.[1]                    :        Jointly Administered
:
------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 28, 2023, the foregoing Motion, and all

declarations, exhibits and attachments thereto, was electronically filed.  Notice of this filing was

sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's

electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's

CM/ECF system.

Dated:        April 28, 2023
              New Haven, Connecticut          By: */s/ Douglas S. Skalka*
                                                    Douglas S. Skalka (ct00616)
                                                    Patrick R. Linsey (ct29437)
                                                    NEUBERT, PEPE & MONTEITH, P.C.
                                                    195 Church Street, 13th Floor
                                                    New Haven, Connecticut 06510
                                                    (203) 781-2847
                                                    dskalka@npmlaw.com
                                                    plinsey@npmlaw.com

                                                    *Counsel for the Chapter 11 Trustee*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).