**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                  :
In re:                                     :      Chapter 11
                                  :
HO WAN KWOK *et al.*,                 :      Case No. 22-50073 (JAM)
                                  :
               Debtors.[1]                :      Jointly Administered
                                  :
---------------------------------------------------------x

**TRUSTEE'S NOTICE OF FILING OF REVISED PROPOSED ORDER
GRANTING CHAPTER 11 TRUSTEE'S MOTION TO EXPAND SCOPE OF
RETENTION OF ENGINEERING OPERATIONS AND CERTIFICATION
SERVICES, LLC TO INCLUDE CONSULTATION SERVICES RELATED
TO OPERATION AND MAINTENANCE OF THE LADY MAY**

**PLEASE TAKE NOTICE** that, on April 14, 2022, Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), filed the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), to Expand Scope of Retention of Engineering Operations and Certification Services, LLC to Include Consultation Services Related to Operation and Maintenance of the Lady May* [Docket No. 1669] (the "EOCS Application").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised proposed order granting the EOCS Application. The proposed order has been revised to address concerns raised by the United States Trustee. The Trustee is informed by counsel to the United

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Edmiston Retention Application.

States Trustee that the attached revised proposed order resolves the United States Trustee's concerns.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 2** is a blackline version of the revised proposed order marked to show the changes that have been made to the version attached to the EOCS Application.

Dated:    May 1, 2023                    LUC A. DESPINS, CHAPTER 11 TRUSTEE
             New York, New York

                                                By: /s/Douglas S. Skalka
                                                   Douglas S. Skalka (ct00616)
                                                   Patrick R. Linsey (ct29437)
                                                   NEUBERT, PEPE & MONTEITH, P.C.
                                                   195 Church Street, 13th Floor
                                                   New Haven, Connecticut 06510
                                                   (203) 821-2000
                                                   dskalka@npmlaw.com
                                                   plinsey@npmlaw.com

                                                       *and*

                                                   Avram E. Luft (admitted *pro hac vice*)
                                                 G. Alexander Bongartz (admitted *pro hac vice*)
                                                 PAUL HASTINGS LLP
                                                 200 Park Avenue
                                                 New York, New York 10166
                                                 (212) 318-6079
                                                 aviluft@paulhastings.com
                                                 alexbongartz@paulhastings.com

                                                       *and*

                                                 Nicholas A. Bassett (admitted *pro hac vice*)
                                                 PAUL HASTINGS LLP
                                                 2050 M Street NW
                                                 Washington, D.C., 20036
                                                 (202) 551-1902
                                                 nicholasbassett@paulhastings.com

                                                 *Counsel for the Chapter 11 Trustee*

2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                              :     Chapter 11
                                                    :
HO WAN KWOK, *et al.*,³                             :     Case No. 22-50073 (JAM)
                                                    :
        Debtors.                                :     (Jointly Administered)
                                                    :
---------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 1, 2023, the foregoing Notice was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:   May 1, 2023                         LUC A. DESPINS, CHAPTER 11 TRUSTEE
         New York, New York

                                                          By: /s/Douglas S. Skalka
                                                              Douglas S. Skalka (ct00616)
                                                              Patrick R. Linsey (ct29437)
                                                              NEUBERT, PEPE & MONTEITH, P.C.
                                                              195 Church Street, 13th Floor
                                                              New Haven, Connecticut 06510
                                                              (203) 821-2000
                                                              dskalka@npmlaw.com
                                                              plinsey@npmlaw.com

                                                              *Counsel for the Chapter 11 Trustee*

---

[3]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1

**Revised Proposed Order (clean)**

**Exhibit 1**

**Revised Proposed Order (clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[1] : Jointly Administered
: 
---------------------------------------------------------x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO EXPAND SCOPE OF RETENTION OF ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INCLUDE CONSULTATION SERVICES RELATED TO OPERATION AND MAINTENANCE OF THE LADY MAY**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an order authorizing the Trustee to expand, effective as of March 15, 2023, the scope of the retention of Engineering Operations and Certification Services, LLC ("EOCS") pursuant to the Updated Engagement Agreement to include consultation services relating to the operation and maintenance of the Lady May, all as further detailed in the Motion; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee's retention of EOCS is hereby expanded, effective as of March 15, 2023, to include the Consultation Services, in accordance with the Updated Engagement Agreement; *provided*, that the Consultation Services shall conclude as of March 31, 2023. For the avoidance of doubt, the foregoing time limitation on Consultation Services shall not affect any other services that may be provided in accordance with the Original EOCS Retention Order.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Updated Engagement Agreement is hereby authorized and approved.

4. Except as modified by this Order, the terms of the Original EOCS Retention Order shall remain in full force and effect.

5. The allowance and payment of the fees and expenses incurred in connection with the Consultation Services is subject to the procedures in paragraph 5 of the Original EOCS Retention Order. To the extent allowed in accordance with such procedures, the Trustee is authorized to pay such fees and expenses solely out of the $500,000 from the Repair Reserve previously authorized by this Court [Docket No. 1608] to fund operational, maintenance, and other expenses for the Lady May.

6.      Allowance of any compensation for EOCS shall be limited to the extent of services actually performed and expenses actually incurred.

7.      Any dispute arising out of the Trustee's retention of EOCS shall be resolved by this Court.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.      To the extent the Motion or the Updated Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 2**

**Revised Proposed Order (redline)**

**Exhibit 2**

**Revised Proposed Order (redline)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[1] : Jointly Administered
: 
---------------------------------------------------------x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO EXPAND SCOPE OF RETENTION OF ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC TO INCLUDE CONSULTATION SERVICES RELATED TO OPERATION AND MAINTENANCE OF THE LADY MAY**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an order authorizing the Trustee to expand, effective as of March 15, 2023, the scope of the retention of Engineering Operations and Certification Services, LLC ("EOCS") pursuant to the Updated Engagement Agreement to include consultation services relating to the operation and maintenance of the Lady May, all as further detailed in the Motion; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee's retention of EOCS is hereby expanded, effective as of March 15, 2023, to include the Consultation Services, in accordance with the Updated Engagement Agreement.; *provided*, that the Consultation Services shall conclude as of March 31, 2023. For the avoidance of doubt, the foregoing time limitation on Consultation Services shall not affect any other services that may be provided in accordance with the Original EOCS Retention Order.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Updated Engagement Agreement is hereby authorized and approved.

4. Except as modified by this Order, the terms of the Original EOCS Retention Order shall remain in full force and effect.

5. The allowance and payment of the fees and expenses incurred in connection with the Consultation Services is subject to the procedures in paragraph 5 of the Original EOCS Retention Order. To the extent allowed in accordance with such procedures, the Trustee is authorized to pay such fees and expenses solely out of the $500,000 from the Repair Reserve

previously authorized by this Court [Docket No. 1608] to fund operational, maintenance, and other expenses for the Lady May.

6. Allowance of any compensation for EOCS shall be limited to the extent of services actually performed and expenses actually incurred.

7. Any dispute arising out of the Trustee's retention of EOCS shall be resolved by this Court.

8. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10. To the extent the Motion or the Updated Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.