**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                     :
In re:                               :   Chapter 11
                                     :
HO WAN KWOK, et al.,¹                :   Case No. 22-50073 (JAM)
                                     :
          Debtors.                   :   (Jointly Administered)
                                     :
-------------------------------------------------------x
```

**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE
SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING (I) ENTRY INTO,
AND PERFORMANCE UNDER, ADDENDA TO MANAGEMENT AGREEMENT
AND CREW PROVISION AGREEMENT; (II) EMPLOYMENT OF CAPTAIN
FOR LADY MAY II; (III) ENTRY INTO, AND PERFORMANCE UNDER,
WORK ORDER RELATED TO COMMISSIONING OF LADY MAY II; AND
(IV) PAYMENT OF LADY MAY II MAINTENANCE AND OPERATIONAL
COSTS FROM PORTION OF REPAIR RESERVE**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), respectfully submits

this motion (the "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), authorizing: (i) the Trustee's entry into, and performance

under, (a) the addendum, dated May 2, 2023, to the Management Agreement, a copy of which is

attached hereto as **Exhibit B** (the "Lady May II Management Addendum"), with Yachtzoo Sarl

("Yachtzoo") and (b) the addendum, dated May 3, 2023, to the Crew Provision Agreement, a

copy of which is attached hereto as **Exhibit C** (the "Lady May II Crew Addendum"), with

---

¹     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

FDS46 Crew Series LLC ("FDS"), in each case to cover services with respect to the Lady May II yacht; (ii) employment of a captain for the Lady May II in accordance with the Crew Provision Agreement; (iii) the Trustee's entry into, and performance under, the Marine Service Work Authorization, dated May 3, 2023, a copy of which is attached hereto as **Exhibit D** (the "Work Order"), to commission the Lady May II and perform related seasonal maintenance; and (iv) payment of maintenance and operational costs for the Lady May II out of the $500,000 from the repair reserve (the "Repair Reserve") previously authorized by order of this Court, dated March 28, 2023 [Docket No. 1608], to fund yacht-related expenses. For the avoidance of doubt, by this Motion the Trustee also seeks authorization to pay the reasonable operational expenses incurred in the ordinary course of maintaining and operating the Lady May II, in accordance with the Management Agreement (as amended by the Lady May II Management Addendum) and the Crew Provision Agreement (as amended by the Lady May II Crew Addendum). In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1.     To date, the relief sought by the Trustee with respect to the two Lady May Yachts has principally focused on the Lady May. Among other things, to ensure the proper maintenance and operation of the Lady May, the Court has authorized the Trustee to enter into, and perform under, the Management Agreement with Yachtzoo, the Crew Provision Agreement with FDS, a dockage agreement with the Bridgeport marina, and a dockage agreement with SHM Newport Shipyard, LLC ("SHM") in Newport, Rhode Island. In addition, the Court has authorized the Trustee to move the Lady May to the navigable waters of Rhode Island—and the Trustee will

---

[2]     Capitalized terms not defined in the Preliminary Statement shall have the meaning ascribed to them later in the Motion.

seek, in the near future, authorization to transfer the Lady May into the foreign trade zone in Newport, Rhode Island.  The Trustee has also retained, with the Court's approval, Edmiston and Company Limited ("Edmiston") as sales broker for the Lady May and Lady May II.

2.      Now, by this Motion, the Trustee seeks relief concerning the operation and maintenance of the Lady May II, as part of the Trustee's efforts to prepare the Lady May II for an eventual sale.  As an initial step in that process, the Trustee seeks authorization to enter into, and perform under, (a) the Lady May II Management Addendum with Yachtzoo and (b) the Lady May II Crew Addendum with FDS.  These two addenda simply add the Lady May II to the existing Management Agreement and the Crew Provision Agreement, respectively.  Under the Management Agreement (as amended by the Lady May II Management Addendum), Yachtzoo will provide the same type of services with respect to the Lady May II as it already does with respect to the Lady May, including technical services, compliance services, financial services, and human resources related to the crew.  Adding the Lady May II to the Management Agreement is necessary to avoid the risk that the Lady May II falls into disrepair by not being properly maintained and operated, which could substantially decrease the prospect of a sale. Importantly, Yachtzoo will *not* charge an additional monthly service fee for adding the Lady May II to the Management Agreement.[3]

3.      Moreover, the Crew Addendum is necessary to hire a captain for the Lady May II. After conferring with Edmiston and the captain for the Lady May, the Trustee has determined that the Lady May and Lady May II should not share the same captain, as this would not only slow down preparing the two yachts for sale, but also interfere with marketing the two yachts

---

[3]     To be clear, in connection with the Management Agreement, the Trustee will necessarily incur various operational expenses for the Lady May II.  By this Motion, the Trustee is seeking authorization to pay the reasonable operational expenses incurred in the ordinary course of maintaining and operating the Lady May II.

concurrently (e.g., without two separate captains it would not be possible to schedule concurrent viewings and sea trials by potential buyers). To be clear, the only additional crew member to be hired would be a captain for the Lady May II.[4]

4.　　In this regard, at the recommendation of Edmiston, the Trustee has selected Mr. William Burke to serve as the captain for the Lady May II, on a part-time basis. As detailed further below, Mr. Burke has substantial maritime experience, particularly navigating tender boats. In any event, Mr. Burke will not be allowed to use the Lady May II without the Trustee's prior written approval (which may be by email). Mr. Burke would be hired by FDS and receive a daily fee of $300. The Trustee anticipates that Mr. Burke will work 2 to 3 days per week, such that his weekly salary would likely range from $600 to $900. For the avoidance of doubt, the Trustee is not himself hiring a captain; instead, the captain would be hired by FDS (a non-debtor). Nevertheless, out of an abundance of caution, and in the interest of full transparency, the Trustee is seeking this Court's authorization to have Mr. Burke employed as the captain for the Lady May II.

5.　　Furthermore, the Trustee requests authorization to enter into the Work Order to commission the Lady May II (including performing seasonal maintenance), *i.e.*, prepare the Lady May II for her return into the water, all as detailed in the estimate attached to the Work Order. These services would be performed at the Safe Harbor Post Road facility in Mamaroneck, New York, which is also where the Lady May II is currently dry-docked. Edmiston and the captain of the Lady May have advised the Trustee that these services are necessary for the Lady May II to be safely returned to the water. The estimated cost of commissioning the Lady May II is

---

[4]　With the addition of a captain for the Lady May II, the combined crew for the two yachts would increase to a total of six members, which increases the monthly fee under the Crew Provision Agreement from $910 to $1,240.

approximately $10,300.  In addition, the Safe Harbor Post Road facility has agreed to waive all storage fees for the month of May, while the Lady May II is being commissioned, which is expected to take 1 to 2 weeks.  The Trustee estimates that this fee waiver will result in approximately $2,000 in savings.

6.      Finally, the Trustee requests permission to fund the cost of operating and maintaining the Lady May II—including the salary of the new captain for the Lady May II and the cost of commissioning the Lady May II—from the $500,000 out of the Repair Reserve that the Court previously authorized to fund the operation and maintenance of the Lady May.  As the Court is aware, the cash balance in the trustee account (separate from the Repair Reserve) is *de minimis*.  If the Trustee cannot pay the costs required to operate and maintain the Lady May II, there is a significant likelihood that the value of the Lady May II will decrease resulting in less consideration from a potential buyer upon sale (assuming there would even be a sale) for the estate.  As noted, the $500,000 has already been authorized to pay Lady May-related operating expenses.  The Trustee is merely requesting that this authorization be expanded to also include the comparatively modest amount of operating and maintenance expenses for the Lady May II.  Neither HK USA nor Mei Guo should have an issue with this request including because they previously took the position that they did not disclose the existence of the Lady May II because they "viewed the asset of the Lady May II as part of the same asset [*i.e.*, the Lady May]."[5]

7.      The relief requested herein is reasonable and necessary for an effective and efficient sale of the Lady May II and is in the best interest of the estate.  For the avoidance of

---

[5]      *See* March 30, 2023 H'g Tr. at 24:16-17.  Relevant excerpts of the March 30, 2023 hearing transcript are attached hereto as **Exhibit E**.

doubt, at this time, the Trustee is not seeking authorization to move the Lady May II to Newport Rhode Island, but reserves his right to (and likely will) seek such authorization.[6]

## **VENUE, JURISDICTION, AND STATUTORY BASIS**

8.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

9.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

10.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.     The statutory bases for the relief sought in this Motion is section 363(b) of the Bankruptcy Code.

## **BACKGROUND**

### A.      **Status of Lady May and Lady May II**

12.     On April 11, 2022, HK International Funds (USA) Limited, LLC ("HK USA") initiated an adversary proceeding by filing a complaint [Docket No. 1, in Adv. Proc. No. 22-5003] against the Debtor and Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), asserting that HK USA is the owner of the Lady May.

13.     On April 29, 2022, the Court entered, in the main Chapter 11 Case, a *Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, the "Lady May"* [Docket No. 299] (the "Stipulated Order") setting forth the terms and conditions regarding the return of the Lady May to the navigable waters of Connecticut.  In accordance with the Stipulated Order, HK USA deposited $37,000,000 (the

---

[6]      The Trustee is evaluating, in consultation with Edmiston, whether it is advisable to move the Lady May II into a foreign-trade zone.

"Escrowed Funds") into an escrow account with U.S. Bank National Association. The Lady May was returned to the navigable waters of Connecticut in early July 2022.

14.     On September 23, 2022, the Trustee filed his *Answer and Counterclaims* [Docket No. 36 in Adv. Proc. No. 22-5003] (the "Answer and Counterclaims").  The Trustee's first counterclaim sought a ruling pursuant to 11 U.S.C. §§ 541 and 542 declaring that the Lady May is property of the Debtor's chapter 11 estate (the "First Counterclaim") to be administered by the Trustee and ordering the surrender of the Lady May to the Trustee.

15.     On March 19, 2023, the Trustee filed his motion for partial summary judgment [Docket No. 146 in Adv. Proc. No. 22-5003] (the "Partial SJ Motion") and supporting materials, seeking summary judgment on the First Counterclaim.  *See also* Docket Nos. 147, 148, and 150 in Adv. Proc. No. 22-5003.

16.     A hearing on the Partial SJ Motion was held on March 27, 2023.  At the conclusion of the hearing, for the reasons stated on the record and further set forth in the Court's *Supplemental Memorandum of Decision in Support of Oral Ruling Granting Motion for Partial Summary Judgment* [Docket No. 177 in Adv. Proc. No. 22-5003], the Court issued an oral ruling granting the Partial SJ Motion.  Also on March 27, 2023, the Court entered its order granting the Partial SJ Motion [Docket No. 172 in Adv. Proc. No. 22-5003] (the "Partial SJ Order"), finding, among other things, that the Lady May is the property of the Debtor's estate.[7]

17.     On March 31, 2023, after the Trustee's discovery of HK USA's ownership of the Lady May II (together with the Lady May, the "Lady May Yachts"), the Court entered an amendment to the Partial SJ Order [Docket No. 183 in Adv. Proc. No. 22-5003], finding that the Lady May II is also property of the estate.

---

[7]     *See* Partial PJ Order ¶ 2.

18.    The Lady May II is currently stored ashore at the Safe Harbor Post Road marina

("Safe Harbor Post Road") located at 155 East Boston Post Road, Mamaroneck, New York.

19.    On April 24, 2023, the Trustee filed the *Motion of Chapter 11 Trustee, Pursuant*

*to Bankruptcy Code Section 363(b), for Entry of Order Authorizing (I) Moving Lady May to*

*Navigable Waters of Rhode Island and (II) Entry Into, and Performance Under, Newport*

*Dockage Agreement* [Docket No. 1696] (the "Motion to Relocate").  On April 27, 2023, the

Court granted and the Motion to Relocate, authorizing, among other things, the Lady May's

transfer to the Safe Harbor Newport Shipyard located in Newport, Rhode Island.  *See* Docket No.

1718.

**B.    Repair Reserve**

20.    On August 11, 2022, HK USA filed its *Motion for Order Establishing Repair*

*Reserve for the Lady May* [Docket No. 728] (the "Repair Reserve Motion"), seeking to establish

a Repair Reserve to pay for certain repairs necessary to return the Lady May to good working

order.

21.    On October 7, 2022, upon the consent of the Trustee, HK USA, PAX, the Official

Committee of Unsecured Creditors, and creditors Rui Ma and Zheng Wu, the Court entered an

order granting the Repair Reserve Motion, with certain modifications [Docket No. 920].

22.    On March 23, 2023, the Trustee filed the *Emergency Motion of Chapter 11*

*Trustee for Entry of Order Modifying Repair Reserve Order* [Docket No. 1588] (the "Motion to

Modify"), to allow up to $500,000 in operating, maintenance, and related expenses for the Lady

May to be funded out of the Repair Reserve.

23.     On March 28, 2023, the Court granted the Motion to Modify and the relief requested therein, allowing up to $500,000 be used from the Repair Reserve for maintenance and related expenses for the Lady May.  *See* Docket No. 1608.

**C.      Operation and Maintenance of Lady May and Lady May II**

24.     On April 5, 2023, in order to operate and maintain the Lady May, the Trustee filed the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Enter Into, and Perform Under, Certain Postpetition Agreements Relating to Maintenance and Operation of the Lady May* [Docket No. 1637] (the "Yacht Maintenance Motion") for entry of an order to authorize entry into, and performance under, the Management Agreement with Yachtzoo, a dock space license agreement with the Bridgeport marina (the "Bridgeport Dockage Agreement"), and the Crew Provision Agreement with FDS.

25.     On April 12, 2023, the Court entered an order granting the relief sought in the Yacht Maintenance Motion authorizing the Trustee to enter into, and perform under, the Management Agreement, the Crew Provision Agreement, and the Bridgeport Dockage Agreement.  *See* Docket No. 1662.

26.     Pursuant to the Management Agreement, Yachtzoo provides various services required to maintain the Lady May, including technical services, compliance services, financial services, and human resources related to the crew.  For the services provided under the Management Agreement, Yachtzoo charges a monthly management fee of $6,550.15.  In addition, as part of its financial services, Yachtzoo processes payments of operational expenses—including crew salaries, insurance premiums, and materials and supplies for the yacht—that the Trustee may become obligated to pay as part of maintaining and operating the

Lady May. The precise amount of these expenses varies from month to month (and will depend on when certain payments, such as insurance premiums, come due).

27.     Under the Crew Provision Agreement, FDS provides a range of services related to the crew for the Lady May, including engagement of the Lady May crew, supervision of such personnel, and payroll administration. For the services provided under the Crew Provision Agreement, FDS charges a monthly payroll fee of $910 for a crew of 0-5 members and $1,274 for a crew of 6-8 members.

28.     On April 18, 2023, the Trustee filed the *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order Authorizing Employment and Retention of Edmiston and Company Limited as Broker for Sale of Lady May and Lady May II* [Docket No. 1675] (the "Broker Retention Application"), seeking an order authorizing the retention of Edmiston as broker to sell the Lady May Yachts for the benefit of the Debtor's estate.

29.     On April 27, 2023, the Court approved the Broker Retention Application [Docket No. 1717], authorizing the retention of Edmiston as sale broker for the Lady May Yachts.

30.     On May 2, 2023, subject to obtaining bankruptcy court approval, the Trustee executed the Lady May II Management Addendum with Yachtzoo, which amends the Management Agreement to add the Lady May II to the Management Agreement. Importantly, there will be no increased or additional management fee for adding the Lady May II to the Management Agreement.[8] Moreover, as with the Management Agreement, the Lady May II Management Addendum includes certain provisions requested by the Trustee, and agreed to by

---

[8]    Of course, costs and expenses that result from maintaining the Lady May II would be charged in the ordinary course of business. But, again, the management fee will not be incrementally increased from the addition of the Lady May II to the Management Agreement.

Yachtzoo, including providing that this Court has exclusive jurisdiction over any claim or disputed arising out of the Lady May II Management Addendum.

31.    On May 3, 2023, subject to obtaining bankruptcy court approval, the Trustee executed the Lady May II Crew Addendum, which amends the Crew Provision Agreement to add the Lady May II to the Crew Provision Agreement.  Because of the addition of a captain for the Lady May II, the combined crew for the two yachts will increase to six members, such that the monthly fee under the Crew Provision Agreement will increase from $910 to $1,240.  As with the Crew Provision Agreement, the Lady May II Crew Addendum includes certain provisions requested by the Trustee, and agreed to by Yachtzoo, including providing that this Court has exclusive jurisdiction over any claim or disputed arising out of the Lady May II Crew Addendum.

32.    The proposed captain for the Lady May II is Mr. William Burke.  Mr. Burke has extensive experience navigating tender boats in the Newport area.  In fact, from 2010 to 2020, he owned a business that specialized in operating and chartering tender boats in the Newport area. In total, Mr. Burke's experience includes navigating vessels over more than 160,000 miles of Ocean water.  Mr. Burke also has extensive other maritime experience, including owning a business that provided regatta and event support in Newport, including supplying rescue and medical support to participating teams.

33.    On May 3, 2023, subject to obtaining bankruptcy court approval, the Trustee entered into the Work Order with Safe Harbor Post Road to commission the Lady May II, *i.e.*, perform maintenance and related work to prepare the Lady May II for her return into the water. The services to be provided include, but are not limited to, the following: commission engines, charge batteries, check all lights, check fresh water system, and check salt water system.  These

services will be performed at Safe Harbor Post Road in Mamaroneck, New York (where the

Lady May II is currently dry-docked), and are expected to take approximately two weeks to

complete.  As part of the Work Order, Safe Harbor Post Road has agreed to waive all storage

fees.

34.    As with the other agreements, the Trustee has requested, and the counterparty to

the Work Order (*i.e.*, SHM Post Road, LLC) has agreed, to make certain modifications to their

standard terms, including (a) providing that this Court has exclusive jurisdiction over any claim

or disputed arising out of the Lady May II Crew Addendum and (b) requiring SHM Post Road,

LLC to obtain approval of this Court before exercising any rights to liquidate any lien that may

be imposed as a result of non-payment.

## BASIS FOR RELIEF

35.    The Trustee requests that the Court authorize and approve the Motion pursuant to

section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").  Section 363(b)(1)

of the Bankruptcy Code provides in pertinent part, that "[t]he trustee, after notice and a hearing,

may use, sell or lease, other than in the ordinary course of business, property of the estate."

Under section 363(b) of the Bankruptcy Code, courts require only that the trustee "show a sound

business purpose justifies such actions." *See, e.g., Comm. of Equity Sec. Holders v. Lionel Corp.*

*(In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a

judge determining a § 363(b) application expressly find from the evidence presented before him

at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related*

*Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr.

S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as

distinct from a decision made arbitrarily or capriciously), courts will generally not entertain

objections to the debtor's conduct.").  In addition, a chapter 11 trustee has a "statutory duty to

protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)).

36.     As with the Lady May, the Trustee is obligated to preserve and protect the Lady May II as property of the estate pending an eventual sale for the benefit of the estate.  To that end, the Lady May II must be properly managed and operated.  The Management Addendum ensures this by adding the Lady May II to the existing Management Agreement with Yachtzoo. Pursuant to the Management Agreement, Yachtzoo provides various services required to maintain the Lady May, including technical services, compliance services, financial services, and human resources related to the crew.   Through the Lady May II Management Addendum, these services will be extended to the Lady May II.  Importantly, Yachtzoo will not seek an increase in its management fee for adding the Lady May II to the Management Agreement.

37.     Moreover, the Lady May II Crew Addendum is necessary for the Trustee to have FDS employ a captain for the Lady May II.  After conferring with Edmiston and the captain for the Lady May, the Trustee has determined that the Lady May and Lady May II should not share the same captain, as this would interfere with preparing the two yachts for sale and with marketing the two yachts concurrently (e.g., without two separate captains it would not be possible to schedule concurrent viewings and sea trials by potential buyers).  To be clear, the Trustee does not intend to add any other crew members for the Lady May II.  By adding a captain for the Lady May II, the crew for the two Lady May Yachts will increase to a combined six members, such that the monthly fee under the Crew Provision Agreement increases from $910 to $1,240.

38.     The captain for the Lady May II will be compensated on a day-to-day basis and the Trustee anticipates the captain will be on the Lady May II approximately 2-3 days per week. After conferring with Edmiston, the Trustee determined to select Mr. Burke as the captain for the Lady May II.  Mr. Burke comes highly recommended by Edmiston, and he has extensive experience operating tender boats, including as a result of having owned a business in the Newport area for a ten-year period, during which time he operated and chartered numerous tender boats.  In any event, Mr. Burke will not be allowed to use the Lady May II without the Trustee's prior written approval (which may be by email).

39.     Further, the Lady May II must be prepared to be returned to the water, as it is currently dry-docked at the Safe Harbor Post Road facility in Mamaroneck, New York.  This requires certain seasonal maintenance and commissioning services, which will be performed at the Safe Harbor Post Road facility.  Critically, Safe Harbor Post Road has agreed to waive its monthly fee for storing the Lady May II during the commission and seasonal maintenance, which will save the estate approximately $2,000.  The Trustee consulted with Edmiston and the captain of the Lady May, who both advised the Trustee that the services in the Work Order are necessary for the Lady May II to operate adequately in the water.

40.     Finally, as the Court is aware, at this time, the cash balance in the trustee account (separate from the Repair Reserve) is *de minimis* and would most likely not be sufficient to cover the maintenance and operational costs associated with the Lady May II.  However, the Court authorized the Trustee to use up to $500,000 from the Repair Reserve for payment of maintenance and operating costs for the Lady May.  The Trustee believes these funds should also be made available to cover maintenance and operational costs associated with the Lady May II. Without the ability to pay the costs associated with maintenance and operation of the Lady May

II, there is a chance the Trustee will not be able to sell the Lady May II at maximum value and the estate will suffer.  Accordingly, the Trustee requests to be authorized to use the $500,000 in funds from the Repair Reserve to also pay for maintenance and operational costs for the Lady May II.

41.    Neither HK USA nor Mei Guo should have an issue with this request.  For one, by this Motion, the Trustee is not seeking authorization to increase the amount beyond $500,000.  And second, HK USA and Mei Guo previously took the position that they did not disclose the existence of the Lady May II because they "viewed the asset of the Lady May II as part of the same asset [*i.e.*, the Lady May]."[9]  In their view, "it was the same asset."[10]  Based on these prior statements, HK USA and Mei Guo should not now be allowed to argue that operational expenses for the Lady May II are not encompassed within the operational expenses for the Lady May.

## NO PRIOR REQUEST

42.    The Trustee has not previously sought the relief requested herein from this or any other court.

## CONCLUSION

43.    For all these reasons, the Trustee requests entry of an order authorizing (i) entry into, and performance under, the Lady May II Management Addendum and the Lady May II Crew Addendum; (ii) employment of a captain for the Lady May II; (iii) entry into, and performance under, the Work Order; and (iv) funding operating and maintenance costs for the Lady May II out of the $500,000 from the Repair Reserve previously authorized by order of this Court.

---

[9]    *See* March 30, 2023 H'g Tr. at 24:16-17.

[10]    *See id.* at 25:10.

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting

the relief requested herein and such other and further relief as the Court may deem just and

proper.

Dated: May 3, 2023                LUC A. DESPINS, CHAPTER 11 TRUSTEE
        New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft (admitted *pro hac vice*)
    G. Alexander Bongartz (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                              :

In re:                          :    Chapter 11
                              :

HO WAN KWOK, *et al.*,[1]       :    Case No. 22-50073 (JAM)
                              :

         Debtors.        :    (Jointly Administered)
                              :

-------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING**
**(I) ENTRY INTO, AND PERFORMANCE UNDER, ADDENDA TO MANAGEMENT**
**AGREEMENT AND CREW PROVISION AGREEMENT; (II) EMPLOYMENT OF**
**CAPTAIN FOR LADY MAY II; (III) ENTRY INTO, AND PERFORMANCE UNDER,**
**WORK ORDER RELATED TO COMMISSIONING OF LADY MAY II; AND**
**(IV) PAYMENT OF LADY MAY II MAINTENANCE AND OPERATIONAL**
**COSTS FROM PORTION OF REPAIR RESERVE**

      Upon the motion (the "Motion"),[2] filed Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),

pursuant to section 363(b) of the Bankruptcy Code, requesting entry of an order authorizing: (i)

the Trustee's entry into, and performance under, the Lady May II Management Addendum and

the Lady May II Crew Addendum; (ii) employment of a captain for the Lady May II in

accordance with the Crew Provision Agreement; (iii) the Trustee's entry into, and performance

under, the Work Order; and (iv) payment of maintenance and operational costs for the Lady May

II out of the $500,000 from the Repair Reserve previously authorized by this Court, all as further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

detailed in the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Trustee is authorized to enter into, and perform under, the Management Addendum and Crew Addendum, including payment of the reasonable operational expenses incurred in the ordinary course of maintaining and operating the Lady May II, in accordance with the Management Agreement (as amended by the Lady May II Management Addendum) and the Crew Provision Agreement (as amended by the Lady May II Crew Addendum).

3.  The Trustee is authorized to instruct FDS to employ Mr. William Burke as the captain for the Lady May II in accordance with the Crew Provision Agreement (as amended by the Lady May II Crew Addendum).  Mr. Burke shall not use the Lady May II without the Trustee's prior written approval (which may be by email).

4.  The Trustee is authorized to enter into, and perform under, the Work Order, including any payment of fees and expenses that come due thereunder.

5.  The Trustee is authorized to pay all operating and maintenance costs associated with the Lady May II, including those under the Work Order, the Management Agreement (as amended by the Lady May II Management Addendum), and the Crew Provision Agreement (as

amended by the Lady May II Crew Addendum) from the $500,000 out of the Repair Reserve previously authorized by order of the Court [Docket No. 1608] to fund yacht-related expenses.

6.　　The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7.　　The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.　　This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Lady May II Management Addendum**

## ADDENDUM I – APPROVED CHANGES

The following amendments to the Yachtzoo Yacht Management Agreement between Luc A Despins, as the chapter 11 trustee for the estate of Ho Wan Kwok, and YACHTZOO Sarl, dated 28th March 2023 (the "Yacht Management Agreement") have been agreed and approved between both parties:

PART I  Addition of section 3.a with reference to Lady May II as follows:

| 3.a The Yacht | | | |
|---|---|---|---|
| Name: | Lady May II | Flag State: | Cayman Islands |
| Official Number: | 746230 | Load line length: | 14,95m |
| Beam: | 4.20m | Draft: | 0,56m |
| Classification Society: | N/A | GT: | 7,43 |
| Registration: | Pleasure vessel | | |

The Effective Date of this Addendum is March 31, 2023.

This Addendum is subject to approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which the chapter 11 case of Ho Wan Kwok, Case No. 22-50073, is pending.

For the avoidance of doubt, as it relates to the Lady May II, Owner shall not be liable to the Manager or any of its employees or agents or managers with respect to any events that occurred prior to the Effective Date of this Addendum.

Furthermore, Mr. Luc A. Despins is party to this Addendum solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity.  Accordingly, no claim whatsoever may be asserted by Manager or any of its employees or agents or managers against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of this Addendum which cannot be settled amicably between the parties within reasonable time.

All other details remain the same as per Yacht Management Agreement.

CLIENT: Luc A. Despins, as the chapter 11
trustee for the estate of Ho Wan Kwok

MANAGEMENT COMPANY:
YACHTZOO Sarl

_____
Authorised Signatory

_____
Authorised Signatory

Position: Chapter 11 Trustee

Position:  Managing Partner

Date:  May 2, 2023

Date:  02 May 2023

## **Exhibit C**

**Lady May II Crew Addendum**

# Addendum Number 1

**THIS ADDENDUM** (the "Addendum") is made to the Crew Provision Agreement (the "Agreement") dated 6th April 2023 between:

**LUC A DESPINS, AS THE CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK** of c/o Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (the "Owner/operator") and **FDS46 CREW SERIES LLC** of Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960 (the "Employer")

And shall become effective as of 28th April 2023

The parties above hereby agree as follows:

- Owner/operator is also the owner/operator of the Vessel Lady May, registered in the Cayman Islands under official number 745195.
- The services detailed in the Agreement shall be extended to also cover any crew employed on the Vessel Lady May II, registered in the Cayman Islands under official number 746230.
- Mr. Luc A. Despins is party to this Addendum solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, no claim whatsoever may be asserted by Employer against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.
- For the avoidance of doubt, as it relates to the Lady May II, Owner/operator shall not have any liability to Employer for any events that occurred prior to the effective date of this Addendum. The Employer should also not be held liable for any claims brought by any crew member working onboard Lady May II prior to the effective date of this Addendum.
- This Addendum is subject to approval of the United States Bankruptcy Court for the District of Connecticut in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073, is pending.
- Each party submits to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Connecticut.

All other terms, clauses and conditions remain unchanged.

SIGNED by
**LUC A. DESPINS, AS THE CHAPTER 11**
**TRUSTEE FOR THE ESTATE OF HO WAN KWOK**

_____
Luc Despins

SIGNED for and on behalf of
**FDS46 CREW SERIES LLC**

_____
Marilena Stylianou
Acting on behalf of
**Bridport Ventures Limited,** Director

DocuSign Envelope ID: 28282E5A-8787-486E-8F53-544C7F6C87CF

# Addendum Number 1

**THIS ADDENDUM** (the "Addendum") is made to the Crew Provision Agreement (the "Agreement") dated 3rd May 2023 between:

**LUC A DESPINS, AS THE CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK** of c/o Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (the "Owner/operator") and **FDS46 CREW SERIES LLC** of Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960 (the "Employer")

And shall become effective as of 28th April 2023

The parties above hereby agree as follows:

- Owner/operator is also the owner/operator of the Vessel Lady May, registered in the Cayman Islands under official number 745195.
- The services detailed in the Agreement shall be extended to also cover any crew employed on the Vessel Lady May II, registered in the Cayman Islands under official number 746230.
- Mr. Luc A. Despins is party to this Addendum solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, no claim whatsoever may be asserted by Employer against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.
- For the avoidance of doubt, as it relates to the Lady May II, Owner/operator shall not have any liability to Employer for any events that occurred prior to the effective date of this Addendum. The Employer should also not be held liable for any claims brought by any crew member working onboard Lady May II prior to the effective date of this Addendum.
- This Addendum is subject to approval of the United States Bankruptcy Court for the District of Connecticut in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073, is pending.
- Each party submits to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Connecticut.

All other terms, clauses and conditions remain unchanged.

SIGNED by
**LUC A. DESPINS, AS THE CHAPTER 11
TRUSTEE FOR THE ESTATE OF HO WAN KWOK**


_____

Luc Despins

SIGNED for and on behalf of
**FDS46 CREW SERIES LLC**

Marilena Stylianou
D9EC989C01FA4C9...

_____

Marilena Stylianou
Acting on behalf of
**Bridport Ventures Limited,** Director

## **Exhibit D**

**Work Order**



**POST ROAD**
ᴮᴼᴬᵀ ᵞᴬᴿᴰ

155 E BOSTON POST RD | MAMARONECK, NY 10543
914.698.0295 • BY.COM

## MARINE SERVICE WORK AUTHORIZATION

| | | | |
|---|---|---|---|
| Customer Name | Luc A. Despins, as the chapter 11 trustee for the estate of Ho Wan Kwok | Vessel Name | Lady May II |
| Street Address | c/o Paul Hastings LLP, 200 Park Avenue | Make & Model | Windy Scandinavia AB |
| City, State & Zip | New York, New York 10166 | Year & Length | 2011, 52 feet |
| Phone | ( 212 )318 6001 | Hull Number | 746230 |
| Email Address | lucdespins@paulhastings.com | Registration | 746230 |
| Marina Location | Mamaroneck, New York | Key Location/Combo | |

### NOTE: A DEPOSIT EQUAL TO 50% OF THE ESTIMATED CHARGES WILL BE REQUIRED BEFORE WORK BEGINS.

#### *SERVICE REQUESTED*

See attached Repair Estimate.

I authorize the above repair work to be done along with the necessary materials, and hereby grant you and/or your employees permission to operate the boat/motor(s) for the purpose of testing, diagnosis and/or inspection. I represent that the Vessel is seaworthy and safe to be worked on by the Marina's employees, unless specifically stated above. I and the Vessel will be liable to the Marina for loss, damage or injuries attributable to any causes not disclosed and that were not reasonably foreseeable by nature of the work involved. I hereby stipulate and agree that any and all services provided by the Marina give rise to federal maritime and state liens against the Vessel for the period of time that a debt is owed under this contract. THE VESSEL AND ITS CONTENTS MAY BE SOLD AT PUBLIC AUCTION FOR THE SATISFACTION OF THESE LIENS under applicable federal and state statutes. ALL payments are due at the time of completion of all services performed. I understand that I am required to provide proof of insurance and a copy of the vessel's state registration or federal documentation upon request.

When service has been completed, I understand I will be sent an invoice for the full amount. If payment is not received within 14 days of the invoice date, I understand Marina will charge my credit card on file. I understand that my boat will not be released without full payment of the charges due. An interest charge not greater than 1.5% monthly (or such lower maximum rate allowed by law) will be applied to any balance greater than thirty (30) days past due. I understand that claims for adjustment on any bill must be requested within 10 days of bill receipt, after which time no adjustments will be made. I acknowledge that withholding payment is not an acceptable form of dispute resolution. In the event that I and Marina are unable to agree on the amount due for work performed or services rendered, such disagreement shall be settled as follows: Any complaint about the quality, adequacy or totality of work performed shall obligate the Marina to nothing more than the correcting of such validly demonstrated defects at no additional cost to me. Any claim of unreasonable charges shall entitle me solely to a detailed written and itemized accounting of the charges. In the event that the Vessel has left the Marina, I accept full financial responsibility for returning it to the Marina for complaints to be assessed and repairs, if any, to be made. If work is performed by another company to repair an alleged inadequacy of the Marina's work, excluding repairs that are immediately necessary to the safety and welfare of the Vessel and its crew, that work shall indisputably release the Marina from any obligation to correct or discount the work initially performed. A 1.5% environmental fee will be added to the total bill.

SIGNATURE _____  DATE: May 3, 2023

PRINT NAME: Luc A. Despins, as chapter 11 trustee for estate of Ho Wan Kwok



**SAFE HARBOR**
—— POST ROAD ——

April 25th 2023

Yachtzoo LLC

8000 SW 117th Ave. Suite 204

Catarineau & Givens, PA

619.547.6657

C/O Dirk Johnson

daj@edmiston.com

## Repair Estimate

1) Replace drive belts 3x
2) Replace crank case filter 3x
3) Replace air filter 3x
4) Replace IPS fluid
5) Replace IPS filter 3x
6) Replace engine anodes
7) Remove and install hull zincs
8) Inspect clamps on engine hoses
9) Replace belt tensioner 3x
10) Service raw water pumps
   24 hrs. labor:                    $3,312.00

Parts:

| | | |
|---|---|---:|
| 1) | Engine drive belts 3x: | $298.20 |
| 2) | Supercharger belt 3x | $296.70 |
| 3) | Crank case filter 3x | $601.35 |
| 4) | Raw water pump impeller 3x | $359.97 |
| 5) | Engine anodes | $167.88 |
| 6) | Air filter insert 3x | $338.97 |
| 7) | IPS filter and insert.3x | $285.00 |
| 8) | Belt tensioner 2x | $1,376.10 |
| 9) | Miscellaneous, screws, wipes, gasket maker, ties. | $150.00 |

Total Parts:                    $3,874.17

Total Parts and labor          $7,186.17



**SAFE HARBOR**
—— POST ROAD ——

**Commissioning:**

Commission engines, fresh water system, salt water systems, charge batteries, check all light, sea trial boat.

| | |
|---|---|
| 16hrs labor x $138PH | $2,208.00 |

---

| | |
|---|---|
| Estimated repairs- | $7,186.17 |
| Commissioning- | $2,208.00 |
| Total: | $9,394.17 |
| | |
| NY Sales tax 8.375% | $786.76 |
| + Compliance fee 2% | $187.88 |
| + Shipping | $ Unknown |
| Total: | $10,368.81 |

Thank you,

Safe Harbor Post Road

914-698-0295 / prb@shmarinas.com

**Rider to Marine Service Work Authorization, executed on May 3, 2023, by Luc A. Despins, as the Chapter 11 Trustee for the Estate of Ho Wan Kwok**

Capitalized terms used but not defined herein have the meanings set forth in the Marine Service Work Authorization, executed on May 2, 2023, with respect to the Lady May II (the "Work Order").

1. The Work Order, including this Rider, is subject to approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which court the chapter 11 case of Ho Wan Kwok, Case No. 22-50073 (the "Chapter 11 Case"), is pending.

2. Mr. Luc A. Despins warrants and represents that he is the chapter 11 trustee for the estate of Ho Wan Kwok and, upon approval by the Bankruptcy Court, is fully authorized to enter into the Work Order on behalf of the estate of Ho Wan Kwok. Mr. Luc A. Despins is party to the Work Order solely in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity. Accordingly, any claims against Mr. Luc A. Despins shall be in his capacity as trustee. No claim whatsoever may be asserted by SHM Post Road, LLC ("Safe Harbor") against Mr. Luc A. Despins in his personal capacity or Paul Hastings LLP.

3. The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of the Work Order.

4. Any bankruptcy stay applicable to the assets of the estate of Ho Wan Kwok shall not apply to, limit, or otherwise prevent Safe Harbor from imposing and perfecting a lien for nonpayment of fees owed under the Work Order. Safe Harbor agrees to give three business days advance notice to the Bankruptcy Court in the event such a lien is being imposed, and Safe Harbor agrees to obtain approval of the Bankruptcy Court before exercising any rights to liquidate that lien.

**Customer,**

By: _Luc Despins as trustee_

Name: Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok

Date: May 3, 2023

**SHM Post Road, LLC**

By: _[signature]_

Name: James C Gagnon

Title: GM

Date: 5/3/2023

## Exhibit E

**Excerpts of March 30, 2023 Hearing Transcript**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re                          *   Case No. 22-50073 (JAM)
                               *
HO WAN KWOK and GENEVER        *
 HOLDINGS CORPORATION,         *
                               *
              Debtor.          *

HK INTERNATIONAL FUNDS             Adv. Proc. No. 22-05003
 INVESTMENTS (USA) LIMITED,    *
                               *   Bridgeport, Connecticut
              Plaintiff,       *   March 30, 2023
                               *
     v.                        *
                               *
LUC A. DESPINS,                *
                               *
              Defendant.       *
                               *
* * * * * * * * * * * * * * *  *

              TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE JULIE A. MANNING
              UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor and          AARON ROMNEY, ESQ.
 Plaintiff, HK              Zeisler & Zeisler, PC
 International and          10 Middle Street, 15th Floor
 Mei Guo:                   Bridgeport, CT  06604


For the Plaintiff,          MELISSA F. WERNICK, ESQ.
 HK International and        Chiesa Shahinian &
 Mei Guo:                    Giantomasi, PC
                            One Boland Drive
                            West Orange, NJ  07052




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

APPEARANCES:  (Cont'd.)

| | |
|---|---|
| For the Defendant,<br> Luc A. Despins, Chapter 11<br> Trustee: | AVRAM EMMANUEL LUFT, ESQ.<br>NICHOLAS BASSETT, ESQ.<br>Paul Hastings, LLP<br>200 Park Avenue<br>New York, NY  10166 |
| | DOUGLAS S. SKALKA, ESQ.<br>Neubert Pepe & Monteith, PC<br>195 Church Street<br>New Haven, CT  06510 |
| Chapter 11 Trustee: | LUC A. DESPINS, ESQ.<br>Paul Hastings, LLP<br>200 Park Avenue<br>New York, NY  10166 |
| For the Creditor, Pacific<br> Alliance Asia Opportunity<br> Fund L.P.: | STUART SARNOFF, ESQ.<br>PETER FRIEDMAN, ESQ.<br>O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036 |
| | ANNECCA H. SMITH, ESQ.<br>Robinson & Cole<br>28 Trumbull Street<br>Hartford, CT  06103 |
| For the Creditors Committee: | IRVE GOLDMAN, ESQ.<br>Pullman & Comley<br>850 Main Street<br>Bridgeport, CT  06601 |
| For the U.S. Trustee: | HOLLEY L. CLAIBORN, ESQ.<br>Office of the United States<br> Trustee<br>The Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT  06510 |
| For Logan Cheng, Creditor: | JAY M. WOLMAN, ESQ.<br>Randazza Legal Group, PLLC<br>100 Pearl Street, 14th Floor<br>Hartford, CT  06103 |

1   that state as -- unequivocally that the only asset of HK USA

2   is the Lady May.  And that's what your client swore to under

3   penalty of perjury.

4           And Attorney Vartan's letter that was sent on the

5   27th, where we gave him time to -- additional time, the

6   Court provided additional time to provide that information

7   to the Trustee says the only asset of HK USA is the Lady

8   May.  So unless you can show me documents that --

9           MR. ROMNEY:  I would like to answer your question

10  --

11          THE COURT:  -- unless you can show me documents

12  that show this registration that was produced, that show

13  this registration that -- of the Lady May II in the name of

14  HK USA that were produced to the Trustee and his counsel,

15  then I think you've got a problem.

16          But you also have a problem because of what your

17  client has sworn to in declarations, and apparently

18  testified to at a 2004 examination, and what Mr. Vartan has

19  represented in a written letter to the Trustee in compliance

20  with an order of this court, in purported compliance with an

21  order of this court.

22          So I think you need to answer those questions.

23          I don't -- it doesn't matter to me if the Lady May

24  II services the Lady May because the Lady May II is a

25  separate vessel.  Even if it is the tender or whatever it

1      is, it doesn't matter.

2              It's a separate vessel that needs to be insured,

3      that has a different registration and apparently is

4      registered in the name of HK USA.  Okay?  No one seems to be

5      quarreling about that right now.  Do you disagree that it's

6      registered in the name of HK USA, the Lady May II?

7              MR. ROMNEY:  I do not, Your Honor.

8              And I would like to answer your other questions as

9      well if I can have an opportunity to do so.

10             THE COURT:  You absolutely shall have the

11     opportunity.  Go right ahead.

12             MR. ROMNEY:  Thank you.

13             So, again, speaking as for my understanding, as

14     well as Attorney Vartan's, because I've discussed this issue

15     with him, I also reviewed his letter, the reality is, and I

16     apologize that neither of us are boating experts, we viewed

17     the asset of the Lady May II as part of the same asset.  If

18     that's technically incorrect, we stand corrected.

19             But to the Trustee's point, there was no intent to

20     conceal anything.  And based on our position that we had

21     essentially viewed this as one in the same asset.

22             While I believe there would need to be an

23     amendment to the summary judgment order, for the same

24     reasons there was no malicious intent, no intent to deceive,

25     and this would have been resolved with a phone call or an

1    email, while we disagree with the Court's summary judgment

2    motion, and we do reserve our rights to appeal it, that is a

3    separate issue from the fact that for the same reasons that

4    we believe disclosing the Lady May was substantively

5    disclosing the Lady May II, and we believe that everyone

6    knew of it, we would consent that the Court's summary

7    judgment order applies.

8          And I believe that for technical reasons we'd need

9    a modification where it applies to the Lady May II.  It's

10   the exact same issue.  In our view, it was the same asset.

11   I apologize if we were technically incorrect.  There was no

12   intent to deceive.

13         And I'm sitting here telling the Court, and I

14   would have told the Trustee or his -- and his counsel, if

15   they had picked up the phone or emailed me, that we can

16   resolve the issue of the Lady May II through that.

17         THE COURT:  Well, Mr. Romney, your office has

18   consistently said throughout these proceedings that the

19   Trustee needs to file papers.

20         The Trustee started this whole process off by

21   trying to enter into agreements with you on behalf of Mr.

22   Kwok and HK USA and Mei Guo.

23         And you have stood here, as have other of your

24   colleagues, and said is there a motion pending?  Because I'm

25   not going to address that unless there's a motion pending?

1    And so you can't take that position now.  Number one.

2              Number two, I don't know how anyone in their -- in

3    a reasonable review of what an asset is could think that the

4    Lady May II is part of the Lady May.  If it was, then it

5    should be sitting on the side of it over at the dock here in

6    Bridgeport and it's not.

7              And apparently the only testimony with regard to

8    the Lady May II, apparently, and if someone shows me

9    something different, I will review it, is that your client,

10   Ms. Wernick and Mr. Romney, your client, Ms. Guo, testified

11   that it was owned by her brother.  So why would you then

12   think that was part of the Lady May if that's what your

13   client testified to in a deposition?

14             MR. DESPINS:  Your Honor, if I may jump in for two

15   seconds?

16             We will take Mr. Romney's concession.  We will

17   submit an amended order clarifying that the summary judgment

18   applies to both.  The consequences of what they did, we can

19   deal with that later.  But we can amend that order and say

20   that we own the Lady May II as well.

21             You know, it's like the bank robber with a bag of

22   money saying look at me, I'm giving you the money back.

23   Yeah.  I'll take the money back.  I'll take the bag.  We'll

24   deal with the rest --

25             THE COURT:  Is it insured though --

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK, et al.,¹                                  :   Case No. 22-50073 (JAM)
                                                       :
              Debtors.                                 :   (Jointly Administered)
                                                       :
-------------------------------------------------------x
```

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on May 3, 2023, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:      May 3, 2023
            New York, New York

                                        By: */s/ Patrick R. Linsey*
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

                                        *Counsel for the Chapter 11 Trustee*

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).