**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                    :    Chapter 11
:
HO WAN KWOK *et al.*,                      :    Case No. 22-50073 (JAM)
:
Debtors.[1]                     :    Jointly Administered
:
-------------------------------------------------------x    Re: ECF 1669

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO EXPAND SCOPE OF
RETENTION OF ENGINEERING OPERATIONS AND CERTIFICATION
SERVICES, LLC TO INCLUDE CONSULTATION SERVICES RELATED TO
OPERATION AND MAINTENANCE OF THE LADY MAY**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee

(the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting

entry of an order authorizing the Trustee to expand, effective as of March 15, 2023, the scope of

the retention of Engineering Operations and Certification Services, LLC ("EOCS") pursuant to

the Updated Engagement Agreement to include consultation services relating to the operation

and maintenance of the Lady May, all as further detailed in the Motion; and the Court having

reviewed the Motion and having considered the statements of counsel before the Court at a

hearing held on May 2, 2023 (the "Hearing"); and the Court having found that (a) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Trustee's retention of EOCS is hereby expanded, effective as of March 15, 2023, to include the Consultation Services, in accordance with the Updated Engagement Agreement; *provided*, that the Consultation Services shall conclude as of March 31, 2023.  For the avoidance of doubt, the foregoing time limitation on Consultation Services shall not affect any other services that may be provided in accordance with the Original EOCS Retention Order.

3.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Updated Engagement Agreement is hereby authorized and approved.

4.      Except as modified by this Order, the terms of the Original EOCS Retention Order shall remain in full force and effect.

5.      The allowance and payment of the fees and expenses incurred in connection with the Consultation Services is subject to the procedures in paragraph 5 of the Original EOCS Retention Order.  To the extent allowed in accordance with such procedures, the Trustee is authorized to pay such fees and expenses solely out of the $500,000 from the Repair Reserve previously authorized by this Court [Docket No. 1608] to fund operational, maintenance, and other expenses for the Lady May.

6.      Allowance of any compensation for EOCS shall be limited to the extent of services actually performed and expenses actually incurred.

7.      Any dispute arising out of the Trustee's retention of EOCS shall be resolved by this Court.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.     To the extent the Motion or the Updated Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 3rd day of May, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut