**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                 :

In re:                              :      Chapter 11
                                    :

HO WAN KWOK *et al.*,             :      Case No. 22-50073 (JAM)
                                    :

          Debtors.[1]            :      Jointly Administered
                                    :
-------------------------------------------------------x

**APPLICATION OF GENEVER HOLDINGS LLC, PURSUANT TO**
**BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES**
**2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION OF AFFILIATED**
**ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER**

Genever Holdings LLC ("Genever (US)") hereby moves the Court (the "Application")

pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Connecticut (the

"Local Rules") for entry of an order (the "Order"), substantially in the form of **Exhibit A** hereto,

authorizing Genever (US) to employ and retain Affiliated Adjustment Group, Ltd. ("AAGL") as

public insurance claims adjusters in accordance with the terms and conditions set forth in that

certain Public Adjuster Compensation Agreement, dated as of April 14, 2023 (the "Agreement"),

attached hereto as **Exhibit B**.  In support of the relief sought in the Application, Genever (US)

submits the declaration of John J. Panico (the "Panico Declaration"), attached hereto as

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**Exhibit C** and incorporated herein by reference.  In further support of this Application, Genever (US) respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Genever (US) requires a public adjuster to assist in the adjustment, negotiation, and/or settlement of Genever (US)'s claim (the "Claim") for the loss or damage sustained at the 18th floor apartment at the Sherry Netherland Hotel, 781 Fifth Avenue, New York, New York (the "Apartment") as a result of the fire that broker out at the Apartment on March 15, 2023 (the "Fire").  While Genever (US) understands that the insurer of the Apartment (*i.e.*, AIG) has not yet made a final determination as to whether to grant or deny coverage for damage caused by the Fire and any third-party liability claims against Genever (US) related to the Fire, the insurer has, to date, refused to make any payments to allow for even the clean-up of the Apartment because the cause of the Fire remains under investigation.  At the same time, Genever (US) has been informed by the insurer that they intend to cancel the existing insurance policy.  Accordingly, Genever (US) anticipates that the insurer may ultimately determine to refuse coverage.

2.      In light of these developments, Genever (US) selected AAGL as the public adjuster, not only because of its substantial experience in claim adjustments, but also because of its competitive fee structure, which (as further detailed below) is essentially a contingency fee tied to a successful recovery from the insurer of the Apartment.

3.      The services to be provided by AAGL will include: (a) preparation, presentation, adjustment, and negotiation, or effecting a settlement, of the claim for the loss or damage by a covered peril or perils sustained at the Apartment; and (b) preparation and delivery or periodic reports to Genever (US) with respect to (i) the cost of immediate remediation/abatement, (ii) the cost of repairs using different assumptions as to the state of repair, and (iii) the length of repairs or renovations.  Importantly, AAGL will also provide expert testimony before a court of

competent jurisdiction as to the aforementioned matters, *i.e.*, the cost of immediate remediation/abatement, the cost of repairs using different assumptions, and the length of repairs or renovations.

4.      As set forth more fully in the Agreement, AAGL will be compensated as follows: (a) for up to the first $3 million of any settlement proceeds from any claim, a fixed fee of 5% of such proceeds, (b) for any settlement proceeds greater than $3 million but less than $15 million, a fixed fee of 4% of the settlement proceeds, and (c) for any settlement proceeds greater than $15 million but less than $50 million, a fixed fee of 3% of such proceeds.  This compensation arrangement is common for public adjusters.

5.      Genever (US) submits that approving the retention of AAGL as public adjuster for the Claim is in the best interest of Genever (US)'s estate and that, accordingly, AAGL's retention, on the terms set forth in the Agreement, should be approved by the Court.

## JURISDICTION, VENUE, AND STATUTORY BASES

6.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

7.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

8.      Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S. C. §§ 1408 and 1409.

9.      The relief sought in this Application is predicated upon sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RELEVANT BACKGROUND

10.      On October 12, 2020, Genever (US) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code before the United States Bankruptcy

Court for the Southern District of New York (the "SDNY Bankruptcy Court"), thereby

commencing case number 20-12411 (JLG). *See Chapter 11 Petition* [Docket No. 1 in Case No.

22-50592 (JAM)].

11.     No trustee or examiner has been appointed in Genever (US)'s case.

12.     Genever (US)'s principal asset is the Apartment and a related security deposit.

13.      On November 3, 2022, the SDNY Bankruptcy Court entered an order transferring

the venue of Genever (US)'s chapter 11 case to this Court. *See Memorandum Decision and*

*Order Granting the Joint Motion of (A) Genever Holdings LLC and (B) Luc A. Despins as*

*Chapter 11 Trustee for Estate of Ho Wan Kwok to Transfer, Pursuant to 28 U.S.C. §§ 1408, and*

*1412 and Bankruptcy Rule 1014(a), Venue of Chapter 11 Case of Genever Holdings LLC to*

*Bankruptcy Court for District of Connecticut* [Docket No. 225 in Case No. 22-50592 (JAM)].

14.     The chapter 11 cases of Ho Wan Kwok (the "Individual Debtor"), Genever (US),

and Genever Holdings Corporation ("Genever (BVI)") are being jointly administered before this

Court for procedural purposes only. *See* Docket No. 1141 in Case No. 22-50073 (JAM).

15.     On March 15, 2023, the Fire broke out at the Apartment.  Upon information and

belief, the Apartment is currently uninhabitable.

16.     Genever (US) requires services of a claims adjuster to assist Genever (US) in the

preparation, presentation, adjustment, and negotiation, or effecting a settlement, of the Claim, as

well as other related services, including providing expert testimony regarding (i) the cost of

immediate remediation/abatement, (ii) the cost or repairs using different assumptions as to the

state of repair, and (iii) the length of repairs or renovations (as further detailed below, the

"Adjustment Services").

**QUALIFICATIONS**

17.     Genever (US) seeks to retain AAGL because of its extensive experience and knowledge with respect to adjustment of property claims and insurance claims for residential homes.  AAGL is a partnership of companies specializing in public adjusting of property claims and has an international reputation for responsive, skillful, and professional assistance to policyholders in residential claim settlements.  In addition, AAGL has settled thousands of claims in its 100-year history.

18.     For these reasons, Genever (US) submits that AAGL is well qualified and able to efficiently provide the Adjustment Service with respect to the Claim.

**SERVICES TO BE PROVIDED**

19.     Subject to approval of this Court,[2] Genever (US) has retained AAGL as public adjuster to assist with the preparation, presentation, adjustment, and negotiation, or effecting a settlement, of the Claim pursuant to the Agreement.  The services provided by AAGL will include the following:

      a.     Preparation, presentation, adjustment, and negotiation, or effecting the settlement, of the claim for the loss or damage by a covered peril or perils sustained at the Apartment.

      b.     Preparation and delivery or periodic reports to Genever (US) with respect to (i) the cost of immediate remediation/abatement, (ii) the cost or repairs using different assumptions as to the state of repair, and (iii) the length of repairs or renovations.

      c.     Providing expert testimony before a court of competent jurisdiction (which may be this Court) as to the aforementioned matters.

20.     Genever (US) intends to work closely with AAGL to ensure that there is no unnecessary duplication of services performed or charged to Genever (US)'s estate in this case.

---

[2]     Part II of Schedule A to the Agreement provides that the Agreement is subject to the approval of this Court.

**COMPENSATION**

21.     As set forth more fully in the Agreement and subject thereto, AAGL will be compensated as follows (the "Compensation Structure"): (a) for up to the first $3 million of any settlement proceeds from the claim, a fixed fee of 5% of such proceeds, (b) for any settlement proceeds greater than $3 million but less than $15 million, a fixed fee of 4% of the settlement proceeds, and (c) for any settlement proceeds greater than $15 million but less than $50 million, a fixed fee of 3% of such proceeds.

**RELIEF REQUESTED**

22.     By this Application, Genever (US) seeks entry of an Order, substantially in the form attached hereto as Exhibit A, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing them to employ and retain AAGL as public adjuster in connection the Claim, as set forth in the Agreement.

23.     Genever (US) respectfully requests that, because AAGL's compensation is results-oriented and directly related to benefits received by Genever (US)'s estate as a result of the Claim, requiring AAGL to filed detailed time records and periodic fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and Local Rule 2016 is unnecessary under the circumstances.  Genever (US) has been advised by AAGL that it is not their practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.  That said, AAGL will file a final fee application with respect to any fees to be paid pursuant to the Agreement.

**BASIS FOR RELIEF**

24.     Genever (US) seeks to retain AAGL as public adjuster to assist with the preparation, presentation, adjustment, and negotiation, or effecting the settlement, of the Claim

pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor-in-possession

may, subject to court approval:

> employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor-in-possession] in
> carrying out the [debtor-in-possession]'s duties under this title.

11 U.S.C. § 327(a).

25.    Further, section 328(a) of the Bankruptcy Code allows a debtor-in-possession,

"with the court's approval, . . . [to] employ or authorize the employment of a professional person

under section 327 . . . on any reasonable terms and conditions of employment, including on a

retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11

U.S.C. § 328(a).

26.    Under Bankruptcy Rule 2014(a), an application for retention must include:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014(a).

27.    Based on the facts and for the reasons stated herein and in the Panico Declaration,

retention and employment of AAGL as broker for Genever (US) as public adjuster pursuant to

this Application is reasonable, necessary and appropriate, and satisfies the requirements of

sections 327 and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).  Genever (US)

submits that the relief sought in this Application will facilitate Genever (US)'s restructuring

efforts through the maximizing of the value of the Claim, is in the best interests of Genever

(US)'s estate and stakeholders, and should be approved by the Court.

## DISINTERESTEDNESS

28.     To the best of Genever (US)'s knowledge, AAGL (i) does not hold any interest

materially adverse to Genever (US)'s estate; (ii) has no connection with Genever (US), its

creditors, equity security holders, any other party in interest, or related parties herein; and (iii) is

a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the

Bankruptcy Code, except as set forth in the Panico Declaration.

## NOTICE

29.     Notice of this Application has been given to the United States Trustee, the

Individual Debtor, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF")

system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

30.     No prior request for the relief sought in the Application has been made to this

Court or any other court.


*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons set forth herein, Genever (US) respectfully requests that the Court (a) enter the Order substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as is just and proper.

Dated: May 3, 2023  
New Haven, Connecticut

GENEVER HOLDINGS LLC

By: */s/ Patrick R. Linsey*

Douglas S. Skalka (ct00616)  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 781-2847  
dskalka@npmlaw.com  
plinsey@npmlaw.com

*and*

Avram E. Luft (admitted *pro hac vice*)  
G. Alexander Bongartz (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6079  
aviluft@paulhastings.com  
alexbongartz@paulhastings.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

*Counsel for Genever Holdings LLC*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK *et al*.,                                  :    Case No. 22-50073 (JAM)
                                                       :
                    Debtors.[1]                        :    Jointly Administered
                                                       :
-------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328,
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY
OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
AFFILIATED ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER**

Upon the application (the "Application"),[2] filed by Genever Holdings LLC ("Genever

(US)"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy

Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing

Genever (US) to employ and retain Affiliated Adjustment Group, Ltd. ("AAGL") as public

adjuster in accordance with the terms and conditions set forth in the Agreement, all as further

detailed in the Application; and it appearing that this Court has jurisdiction to consider the

Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from

the United States District Court for the District of Connecticut; and it appearing that venue of

this chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
      Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
      mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
      LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
      (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and this Court being satisfied based on the representations made in the Application

and in the Panico Declaration that, as more fully disclosed in the Panico Declaration, (a) AAGL

does not hold or represent an interest adverse to Genever (US)'s estate and (b) AAGL is a

"disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by

section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy

Code; and it appearing that proper and adequate notice of the Application has been given and

that no other or further notice is necessary; and after due deliberation thereon; and this Court

having reviewed the Application and having heard statements in support of the Application at a

hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Application is approved as set forth herein.  All objections to the relief

requested in the Application, whether filed or not, are hereby overruled.

2.    Genever (US) is authorized to retain and employ AAGL as public adjuster in

connection with the Claim, on the terms set forth in the Agreement.

3.    The Compensation Structure is hereby approved, and AAGL shall not be required

to file monthly or interim fee applications pursuant to sections 330 and 331 of the Bankruptcy

Code.  AAGL shall file a final fee application with respect to any fees to be paid pursuant to the

Agreement.

4.    To the extent the Application or the Agreement is inconsistent with this Order, the

terms of this Order shall govern.

5.    Genever (US) and AAGL are authorized and empowered to take all actions

necessary to effectuate the relief granted in this Order.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit B**

**Public Adjuster Compensation Agreement**

## PUBLIC ADJUSTER COMPENSATION AGREEMENT
### AFFILIATED ADJUSTMENT GROUP, LTD. - NYS PA LICENSE #840928
### 3000 Marcus Avenue, Suite 3W3
### Lake Success, NY 11042
### 516-352-1400

Sublicensees:
Steven Gutenplan                                                    John J. Panico
Bruce Azus                                                         David Azus

Date and Time of Initial Contact:  _4/14/23 1pm_

Genever Holdings LLC (the "Insured"), c/o Luc A. Despins, Chapter 11 Trustee of Ho Wan Kwok, with an office at 200 Park Avenue New York, NY 10166, hereby retains Affiliated Adjustment Group, Ltd. (the "Adjuster") to act or aid in the preparation, presentation, adjustment, and negotiation, or effecting the settlement, of the claim for the loss or damage by a covered peril or perils sustained at the 18th floor apartment at the Sherry Netherland Hotel, 781 Fifth Avenue, New York, New York, on 3/15/2023, and agrees to pay the Adjuster for such services a fee of **SEE ATTACHED SCHEDULE A** of the amount of the loss, including salvage, when and if adjusted or otherwise recovered from the insurance companies.

Zero disclosure statements are attached hereto.

This Agreement and the section entitled "Notice to Insured" is expressly subject to the terms set forth in **SCHEDULE A** hereto.

### NOTICE TO INSURED

1. The Adjuster may not receive any compensation unless the Adjuster discloses the compensation to you.

2. The Adjuster may not charge you any fees that total more than 12.5% of the recovery for services rendered by the Adjuster, except that the Adjuster may charge a fee of up to 20% on a supplemental claim if the aggregate fee charged is less than or equal to 12.5% of the full claim payment. A supplemental claim is a claim made to an insurer in a situation in which you did not retain a public adjuster when you made the initial claim, the insurer made a payment to you, and then you retained a public adjuster to prove the amount of the loss and extent of the loss and not the cause of the loss.

   A. The limit on the total fees that may be charged includes services rendered by an outside expert or consultant retained or employed by the Adjuster that directly relate to the adjusting function of the Adjuster.

   B. The limit on total fees also includes any referral of an individual or entity for services, work, or repairs relating to any insurance claim for which the Adjuster represents or represented you or has negotiated or effected settlement.

   C. If the Adjuster refers you to an individual or entity, including after you sign this compensation agreement, then the Adjuster must obtain an acknowledged disclosure statement from you at the time of the referral.

   D. YOU ARE NOT REQUIRED TO USE ANY INDIVIDUAL OR ENTITY TO WHOM OR WHICH THE ADJUSTER REFERS YOU.

3.  The Adjuster must compute the fee based upon any monies paid by the insurer for any insurance claim for which the public adjuster represents or represented you or has negotiated or effected a settlement, after you have retained the Adjuster's services.

4.  The fee to be charged under this compensation agreement may be negotiated between the parties for less than 12.5%, or with regard to the supplemental claim, for less than 20%. You should discuss the amount of the fee with the Adjuster before signing any compensation agreement. <u>You must initial the amount upon which you have agreed</u>.

5.  This compensation agreement is valid only if both this agreement and the attached notice of cancellation are written in the same language as that principally used in the oral negotiations and presentation.

6.  You may cancel this compensation agreement at any time prior to midnight of the third business day after the date which you signed this compensation agreement. Please read the attached "Notice of Cancellation" form for an explanation of this right.

_____

Signature of Public Adjuster
or Licensed Representative Thereof

_____

Date and Time of Signing

Signature of Insured                          Date and Time

_____

Signature of Insured                Date and Time

## NOTICE OF CANCELLATION

You may cancel the written compensation agreement, without any penalty or obligation, until midnight of the third business day after the date on which you signed the compensation agreement.

If you cancel, then any payments made by you under the compensation agreement, and any negotiable instrument executed by you, will be returned within ten business days following receipt by the public adjuster of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice, or any other written notice, to AFFILIATED ADJUSTMENT GROUP, LTD., 3000 MARCUS AVENUE, SUITE 3W3, LAKE SUCCESS, NY 11042 no later than midnight of_____.

**I hereby cancel this transaction.**

_____          _____

Signature(s) of Named Insured(s)                              Date

**SCHEDULE A TO PUBLIC ADJUSTMENT RETAINER AGREEMENT BETWEEN AFFILIATED ADJUSTMENT GROUP, LTD., AND GENEVER HOLDINGS LLC C/O LUC A. DESPINS, CHAPTER 11 TRUSTEE OF HO WAN KWOK DATED APRIL ___, 2023**

## Part I – Fee Schedule

**Fee Structure**

| Settlement Proceeds | Fee |
| --- | --- |
| Up to first $3,000,000 | 5% |
| $3,000,000 - $15,000,000 | 4% |
| $15,000,000 - $50,000,000 | 3% |



*\*\* No fee to be applied to deductible amounts*

## Part II – Bankruptcy-Related Provisions

The attached Public Adjustment Retainer Agreement is subject to the approval of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), in which court the chapter 11 case of Genever Holdings LLC, Case No. 22-50592, is pending.

The Bankruptcy Court shall have exclusive jurisdiction over any claim or dispute in respect of or arising out of the attached Public Adjustment Retainer Agreement.

Neither Mr. Luc A. Despins nor Paul Hastings LLP shall have any liability under the attached Public Adjustment Retainer Agreement.

## Part III – Other Provisions

The tasks of the Adjuster under the attached Public Adjustment Retainer Agreement shall include, at no additional cost, fee or expense, the preparation and delivery of periodic reports to Genever Holding LLC with respect to (i) the cost of immediate remediation/abatement, (ii) the cost of repairs using different assumptions as to the state of repair, and (iii) length of repairs or renovations, as well as providing expert testimony before a court of competent jurisdiction, which may be the Bankruptcy Court, as to these matters.

\*\*\*

Affiliated Adjustment Group, Ltd.

By: _____

Time & Date _____

Insured: Genever Holdings LLC, c/o Luc A. Despins, Chapter 11 Trustee for the Estate of Ho Wan Kwok

By: _____

Time & Date _____

## **Exhibit C**

**Panico Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
HO WAN KWOK *et al.*,               :   Case No. 22-50073 (JAM)
                                    :
        Debtors.[1]                 :   Jointly Administered
                                    :
------------------------------------------------------x

**DECLARATION OF JOHN J. PANICO IN SUPPORT OF APPLICATION OF
GENEVER HOLDINGS LLC, PURSUANT TO BANKRUPTCY CODE SECTIONS
327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1,
FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
AFFILIATED ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER**

I, John J. Panico being duly sworn, state the following under penalty of perjury:

1.      I am a public adjuster of Affiliated Adjustment Group, Ltd. ("AAGL"), which

maintains offices at 3000 Marcus Avenue, Suite 3W3, Lake Success, NY 11042.

2.      I am duly authorized to make this declaration (this "Declaration") on behalf of

AAGL and submit this Declaration in support of the *Application of Genever Holdings LLC,*

*Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and*

*Local Rule 2014-1, for Entry of Order Authorizing Employment and Retention of Affiliated*

*Adjustment Group, Ltd. as Public Adjuster* (the "Application")[2] in the chapter 11 case (the

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Application.

"Chapter 11 Case") of Genever Holdings LLC ("Genever (US)"), seeking an order approving the retention of AAGL as adjuster pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.

3.      I am a public adjuster based in Lake Success, New York, since 1996. I am currently (and have been for the last 27 years) employed by AAGL as a public adjuster. I have approximately 37 years of experience in the insurance claims adjustment industry.

4.      AAGL was retained by Genever (US) to assist Genever (US) in the preparation, presentation, adjustment, and negotiation, or effecting a settlement of the claim for the loss or damage sustained at the Apartment as a result of the Fire. Unless otherwise indicated below, I have personal knowledge of the matters set forth below, and if called as a witness, I could and would testify competently thereto.

5.      As part of my role as an adjuster in connection with the Claim, I will, among other things (i) prepare, present, adjust, and negotiate, or effectuate a settlement, of the claim for the loss or damage by a covered peril or perils sustained at the Apartment, (ii) prepare and delivery or periodic reports to Genever (US) with respect to (a) the cost of immediate remediation/abatement, (b) the cost or repairs using different assumptions as to the state of repair, and (c) the length of repairs or renovations, and (iii) provide expert testimony before a court of competent jurisdiction as to the aforementioned matters, if necessary.

6.      AAGL is a corporation specializing in public adjusting of property claims and has an international reputation for responsive, skillful, and professional assistance to policyholders in residential claim settlements. In addition, AAGL has settled over 11,500 insurance claims in its 27-year history.

7.      The services that AAGL provides to Genever (US) have assisted and will assist its efforts to maximize the value of Genever (US)'s estate by enabling the estate to derive value

2

from the Claim. To my knowledge, the services will not duplicate the services of any other professional that Genever (US) has retained. In addition, if retained, AAGL will use reasonable efforts to coordinate its services with Genever (US) and Genever (US)'s other professionals to avoid the unnecessary duplication of services.

8.    Compensation will be payable to AAGL on the terms set forth in the Agreement.

9.    In connection with Genever (US)'s proposed retention of AAGL in the Chapter 11 Case, AAGL has received a list of parties in interest provided by Paul Hastings LLP, attached hereto as **Schedule 1**, which includes:

      a.    parties listed as creditors, executory contract counterparties, and codebtors on the Individual Debtor's Schedules D, F, G, and H [Docket No. 78];

      b.    parties listed on the Individual Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the Chapter 11 Case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Individual Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Individual Debtor (SOFA Part 11, Question 27);

      c.    parties and counsel filing notice of appearances in the Individual Debtor's Chapter 11 Case;

      d.    the Court and personnel of the office of the United States Trustee (the "US Trustee"); and

      e.    other parties in interest that Genever (US) has become aware of as a result of ongoing investigations of the Individual Debtor's assets.

10.    AAGL maintains records of its current and former clients and, with respect to any engagement, adverse persons. Before signing this Declaration, I have checked against such records all of the names listed on Schedule 1 (collectively, the "Interested Parties").

11.    To the best of my knowledge and belief, AAGL has no relationship or connection with the Interested Parties or with any other creditor of Genever (US), except as follows:

a.  AAGL has served as a public adjuster for an insured party in connection with claims unrelated to the Apartment or Genever (US) in which AIG Property Casualty Company was the insurer; and

b.  A partner at AAGL is serving as public adjuster for an apartment on the 19th floor of the Sherry Netherlands.

12.  While I have made a diligent effort to ascertain the identity of any connections or potential conflicts with the Interested Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

13.  Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) AAGL has no connection with Genever (US), its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) (i) AAGL is not a creditor, equity security holder, or insider of Genever (US) or its affiliates, (ii) AAGL has not been, within two years before the petition date of the Chapter 11 Case, a director, officer, or employee of Genever (US) or its affiliates, and (iii) AAGL has no interest materially adverse to the interests of Genever (US)'s estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Genever (US), or for any other reason.  Therefore, I understand from my discussions with Paul Hastings LLP that this means AAGL is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

14.  No promises have been received by AAGL nor by any employee thereof as to compensation in connection with this chapter 11 case other than in accordance with the

4

provisions of the Bankruptcy Code. AAGL has no agreement with any other entity to share with such entity any compensation received by AAGL in connection with this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

John J. Panico
Public Adjuster
Affiliated Adjustment Group, Ltd.

5

## Schedule 1

**Parties in Interest**

## SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK

### 20 LARGEST UNSECURED CREDITORS

PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

### DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES

HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

### BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL

HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

### OTHER INTERESTED PARTIES

7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED

ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZON WEB SERVICES LLC
AMAZON.COM INC.
AN HONG
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH AND/OR BANK OF CHINA LIMITED
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BERKELEY ROWE
BERNARDO ENRIQUEZ
BINGSHANG JIAO
BLUE CAPITAL
BNY MELLON, N.A.
BOIES SCHILLER
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRENT PETRO INC.
BROWN HARRIS STEVENS

1

BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAPITAL ONE BANK
CAPITAL ONE, NA
CHAO-CHIH CHIU
CHARMOY & CHARMOY LLC
CHASE BANK
CHENGLONG WANG
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG
     KONG) LIMITED
CHONG SHEN RAPHANELLA
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUANG XIN LTD.
CITIBANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER
     LLP
COHN BIRNBAUM & SHEA P.C.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DELTEC BANK & TRUST LIMITED
DIME COMMUNITY BANK
DING G. WANG A/K/A DINGGANG WANG
DONGNA FANG
DWF LLP
EASTERN PROFIT CORPORATION LIMITED
EDUARDO EURNEKIAN
EHSAN MASUD
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND
     CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
FAN BINGBING
FIONA YU
FIRST ABU DHABI BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FORBES HARE
FREEDOM MEDIA VENTURES LTD

FUNGWAN TRADING INC.
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
G TRANSLATORS PTY LTD
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
G-EDU INC.
GETTR USA
GFASHION MEDIA GROUP INC.
GFNY, INC
GINNEL ASSOCIATES, INC. (D/B/A GINNEL
     REAL ESTATE)
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GPOSTS LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUY PETRILLO
HAIHONG WANG
HAILING SHENG
HAMILTON CAPITAL HOLDINGS INC
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAN CHUNGUANG
HAO HAIDONG
HARCUS PARKER LTD.
HARNEY WESTWOOD AND RIEGELS LP
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG
     LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HHS CAPITAL INC.

HIBERNIA NATIONAL BANK
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL
    GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS
    LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA INVESTMENT LLC
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA VENTURES LLC
HING CH NGOK
HODGSON RUSS
HONG KONG INTERNATIONAL FUNDS
    INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG ZENG
HSBC
HSBC BANK USA
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUK TRADING INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
JACK S. LIPSON
JAMES PIZZARUSO
JANOVER LLC
JASON MILLER
JENNER & BLOCK LLP
JENNIFER MERCURIO
JESSE BROWN
JESSICA MASTROGIOVANNI
JIA LI WANG
JIA YANG LI
JIAMEI LU
JIAMING LIU
JIAN FAN
JIANG SU PROVINCE JIAN GONG GROUP LTD
    BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANSHENGXIE AND JIEFU ZHENG
JING GENG
JOHN S LAU
JONATHAN YOUNG
JPMORGAN CHASE BANK, N.A.

JUMBO CENTURY LIMITED
JUN LIU
JUNE SHI
KAIXIN HONG
KARIN MAISTRELLO
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KUI CHENG
KYLE BASS
LALIVE SA
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAW OFFICE OF RICHARD E. SIGNORELLI
LAWALL & MITCHELL, LLC
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEXINGTON PROPERTY AND STAFFING INC.
LIBERTY JET MANAGEMENT
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LINDA HE CHEUNG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
M&T BANK
MACARON LIMITED
MACDONALD
MANUFACTURERS AND TRADERS TRUST
    COMPANY (D/B/A M & T BANK)
MAR-A-LAGO
MARCUM LLP
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY JIANG
MAUNAKAI CAPITAL
MAX KRASNER
MAYWIND TRADING LLC
MCELROY, DEUTSCH, MULVANEY &
    CARPENTER, LLP
MEDICAL SUPPLY SYSTEM INTERNATIONAL
    LLC
MEDICI BANK INTERNATIONAL LLC
MELISSA FRANCIS
MELISSA MENDEZ
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
METROPOLITAN COMMERCIAL BANK
    AND/OR METROPOLITAN BANK HOLDING
    CORP.
MILES GUO
MILES GWOK
MIN YANG

MOA-FU
MORITT HOCK & HAMROFF
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
MURTHA CULLINA LLP
NADEEM AKBAR
NATIONAL AUSTRALIA BANK LIMITED
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL BANKER RESIDENTIAL BROKERAGE)
NYC DEPT OF FINANCE
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LTD
OGIER
OPEN BANK
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PAUL WEISS
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PRIME TRUST LLC
PULLMAN & COMLEY, LLC
QING "SERENA" CAI
QIQHUA FAN
QIU YU
QU GUOJIAO
QUIJU JIA
RAICH ENDE MALTER CO. LLP (AKA RAICH ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS BANK
REDFIN CORPORATION
ROBINSON & COLE LLP
RONG ZHANG
ROSCALITAR2
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)

SARACA MEDIA GROUP, INC.,
SCHULMAN BHATTACHARYA, LLC
SEACOAST NATIONAL BANK
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHAPIRO ARATO BACH LLP
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN ZHUANG GONG CHENG LTD BEJING FIRST
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHUANG WANG
SIGNATURE BANK
SILVERGATE BANK
SIRIUS NETWORKING INC.
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC
SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK
STARLING BANK LTD
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STRATEGIC VISION LLC
TALHA ZOBAIR
TD BANK, N.A.
TELI CHEN
THE BANK OF PRINCETON
THE CASPER FIRM
THE FIRST BANK OF GREENWICH
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THOMAS RAGLAND
THREE TREASURE LLC
TM PRIMROSE LIMITED
TONG LE INTERNATIIONAL TRADING CO., LTD.
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
UNITEDLEX

UPDIKE, KELLY & SPELLACY P.C.
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
VERDOLINO & LOWEY
VERITEXT
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WARD & BERRY, PLLC
WARREN LAW GROUP
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIXIANG GE
WELL ORIGIN LTD.
WEN LIN
WENCONG WANG
WENG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN &
    DICKER LLP
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS
    LIMITED

WU ZHENG
XIAO YAN ZHU
XIAODAN WANG
XINGYU YAN
XIQUI ("BOB") FU
YA LI
YACHTZOO SARL
YAN GAO
YAN HUANG
YANG LAN
YANKWITT LLP
YANPING WANG
YAZ QINGUA
YELIANG XIA
YI LI
YING LIU
YOUTUBE, LLC
YUE HUA ZHU SHI
YUNXIA WU
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG WU (A/K/A BRUNO WA)
ZHENGJUN DONG
ZHIZHE "FRANK" DONG
ZIBA LIMITED

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                                            :        Chapter 11
                                                                    :
HO WAN KWOK *et al*.,                              :        Case No. 22-50073 (JAM)
                                                                    :
                    Debtors.[3]                                :        Jointly Administered
                                                                    :
------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 3, 2023, the foregoing Application, and all declarations, exhibits and attachments thereto, was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated: May 3, 2023                          GENEVER HOLDINGS LLC
           New Haven, Connecticut

                                                   By: */s/ Patrick R. Linsey*
                                                        Douglas S. Skalka (ct00616)
                                                        Patrick R. Linsey (ct29437)
                                                        NEUBERT, PEPE & MONTEITH, P.C.
                                                        195 Church Street, 13th Floor
                                                        New Haven, Connecticut 06510
                                                        (203) 781-2847
                                                        dskalka@npmlaw.com
                                                        plinsey@npmlaw.com

                                                        *Counsel for the Genever Holdings LLC*

---

[3]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).