**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                        :

In re:                       :

HO WAN KWOK, *et al.*,[1]    :

          Debtors.     :

---------------------------------------------------------x

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Re: ECF No. 1724

**ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING**
**SETTLEMENT AGREEMENT WITH CLARK HILL PLC**

Upon the Motion, dated April 28, 2023 (the "Motion"),[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11

case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), for entry of an order, approving a

settlement agreement between the Trustee and Clark Hill PLC ("Clark Hill"), as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Trustee having stepped

into the Debtor's shoes with respect to the Action; and the Court having granted the Corporate

Governance Rights Order, which specifically confirms the Trustee's ownership of and authority

over the Debtor's economic rights; and the Trustee having the sole and exclusive right to bring

and control claims belonging to the Debtor's estate, including all claims asserted in the Action;

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and the Court having found and determined that (i) the relief sought in the Motion is in the best

interests of the Trustee, the Debtor's estates, creditors, and all parties in interest, (ii) the

settlement reflected in the Settlement Agreement is fair and equitable and reasonable under the

circumstances, and (iii) that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, after the hearing held on May 4, 2023, it is **ORDERED THAT**:

     1.     The Motion is GRANTED.

     2.     All objections to the Motion, if any, that have not been withdrawn, waived or

settled, and all reservations of rights included therein, are overruled.

     3.     The settlement agreement, attached hereto as **<u>Exhibit A</u>** (the "<u>Settlement</u>

<u>Agreement</u>"), is approved pursuant to Bankruptcy Rule 9019.

     4.     The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

reflected in the Settlement Agreement and to perform any and all obligations contemplated

therein immediately upon entry of this Order.

     5.     This Order shall be effective and enforceable immediately upon entry pursuant to

Bankruptcy Rule 6004(h), and the Trustee shall have unfettered use of the Settlement Payment

when received.

     6.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order and to the Settlement Agreement.

     Dated at Bridgeport, Connecticut this 4th day of May, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT A

### SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("**Agreement**"), dated and effective as of April 28, 2023, is made between (a) Luc A. Despins, not individually, but solely in his capacity as the chapter 11 trustee (the "**Trustee**") for the estate of Guo Wengui a/k/a Miles Kwok a/k/a Ho Wan Kwok ("**Kwok**" or "**Debtor**"), and (b) Clark Hill PLC and Thomas K. Ragland (collectively, "**Clark Hill**"), on the other hand.  The Trustee and Clark Hill are each sometimes individually referred to herein as a "**Party**" and collectively as "**Parties**."  The Agreement shall become effective on the first day upon which it is executed by all Parties ("**Effective Date**").

## RECITALS

A.      WHEREAS, on February 15, 2022 ("**Petition Date**"), Kwok filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Connecticut (the "**Bankruptcy Court**") administered as *In re: Ho Wan Kwok*, No. 22-50073 (JAM) (Bankr. D. Conn.);

B.      WHEREAS, the Trustee is the duly appointed chapter 11 trustee for the Debtor's estate;

C.      WHEREAS, prior to the Petition Date, Clark Hill provided legal services to Kwok;

D.      WHEREAS, on or about September 19, 2019, Kwok filed a lawsuit against Clark Hill in Washington D.C. court, and, on October 24, 2019, the lawsuit was removed to United States District Court for the District of Columbia in an action captioned *Wengui v. Clark Hill PLC et al* (Case No. 1:2019-cv-03195) (hereinafter, the "**Lawsuit**"). The Lawsuit alleges claims arising out of Clark Hill's prior representation of Kwok, including: (1) breach of fiduciary duty, (2) breach of contract, (3) legal malpractice, and (4) punitive damage;

E.      WHEREAS, on or about November 25, 2019, Clark Hill filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which was fully briefed on January 14, 2020;

F.      WHEREAS, on or about February 20, 2020, Clark Hill's Motion to Dismiss was granted in part (dismissing Kwok's claims for punitive damages or claims for any injury resulting from Clark Hill's withdrawal of representation) and denied in part;

G.      WHEREAS, discovery occurred in the Lawsuit from February 2020 until December 2021;

H.      WHEREAS, on February 15, 2022, Clark Hill filed (1) a Rule 56 Motion for Summary Judgment and (2) Rule 702 Motion *in Limine* to Exclude Portions of Plaintiff's Proffered Expert Testimony under seal;

I.      WHEREAS, Clark Hill disputes and denies the claims that have been brought against them, and intends to defend vigorously and raise defenses at every stage;

J.      WHEREAS, the claims asserted in the Lawsuit are now property of the Debtor's bankruptcy estate;

K.      WHEREAS, Clark Hill has produced to the Trustee pleadings and discovery from the Lawsuit;

L.      WHEREAS, the Parties recognize the significant cost and risk associated with the continuation of ligation; and

M.      WHEREAS, the Parties have engaged in extensive arm's-length good faith negotiations and have each separately concluded that the execution and performance by them of this Agreement will avoid protracted and expensive litigation, while according them each a substantial and valuable benefit if the settlement embodied herein is consummated:

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

**1. Recitals.** The recitals set forth above constitute an integral part of this Agreement and are incorporated into this Agreement, evidencing the intent of the Parties in executing this Agreement, and describing the circumstances surrounding its execution. Accordingly, this Agreement shall be construed in the light thereof.

**2. Definitions.** In addition to the defined terms above and hereafter, the following capitalized terms used in this Agreement shall have the meanings specified below:

(a)      "**Claims**" means any and all manner of claims, counterclaims, complaints, disputes, demands, rights, actions, potential actions, causes of action, liabilities, duties, obligations, damages, losses, diminutions in value, obligations, judgments, decrees, request for attorneys' fees or costs, matters, issues, suits, proceedings, and controversies of any kind or nature whatsoever, including without limitation all claims related to any legal

services by Clark Hill provided to Kwok, all claims for professional malpractice, all claims for breach of contract, all claims for breach of fiduciary duty, all claims for indemnification or contribution, and all other obligations or claims of any and all kinds of torts, fraud, negligence, errors and omissions, bad faith, defamation, accounts, expenses, attorney fees, economic losses, bodily injury or injury to property, reputation, Kwok's asylum application, privacy, breach of security, humiliation, mental anguish, emotional distress, and actual, compensatory, incidental, consequential, or indirect damages, lost profits, punitive or exemplary damages, whether known or unknown, asserted or unasserted, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, claimed or unclaimed, apparent or not apparent, foreseen or unforeseen, matured or not matured, secured or unsecured, which now exist, or heretofore or previously existed, or may hereafter exist, whether or not any such matter or claim was asserted or could have been asserted on or before the Effective Date including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, equity, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

(b)      **"Estate Releasees"** means, (i) the Debtor's estate; (ii) the Trustee; and (iii) any and all of the Trustee's attorneys, accountants, advisors, representatives or agents, in their respective capacities as such.

(c)      **"Clark Hill Releasees"** means, (i) in any capacity, Clark Hill; and (ii) with respect to any Claims arising from or related to the Lawsuit, any and all of Clark Hill's past or present, direct or indirect, parent entities, subsidiaries, divisions, member firms, affiliates, predecessors and successors of each and all such entities, and each and all of their respective past or present partners, members, directors, principals, officers, board members, executives, shareholders, employees, subsidiaries, affiliates, divisions, predecessors, successors, assigns, heirs, attorneys, stockholders, boards, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, co-insurers, reinsurers and agents, in their respective capacities as such.

(d)      **"Settlement"** means the settlement contemplated by this Agreement.

(e)    "**Settlement Motion"** means a motion made by the Trustee pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for entry of a Settlement Order.

(f)    "**Settlement Order"** means an order entered by the Bankruptcy Court approving the Settlement and the Trustee's entry into this Agreement.

**3.  Consideration**.

In consideration for the releases and other terms set forth in this Agreement, Clark Hill shall pay Debtor's estate a total of four-hundred-and-ninety-nine thousand (499,000) USD (the "**Settlement Payment"**).  The Settlement Payment shall be made to the Trustee by wire transfer pursuant to instructions to be provided by the Trustee within 15 days after the date on which the Settlement Order is entered by the Bankruptcy Court; provided, however, that if a notice of appeal of the Settlement Order is filed, the Settlement Payment shall be made to the Trustee by wire transfer pursuant to instructions to be provided by the Trustee no later than 15 days after the date that the Settlement Order is no longer subject to appeal or *certiorari* proceedings and no such proceedings are pending.

**4.  Court Approval.**

Promptly following execution of this Agreement, the Trustee shall submit to the Bankruptcy Court the Settlement Motion requesting entry of a Settlement Order, in a form that is mutually agreeable to the Parties, which shall include findings that the Claims being released are owned by the Debtor's estate and that the Trustee has the sole ability to assert these Claims, and further providing that the Bankruptcy Court retains jurisdiction to enforce the Agreement and Settlement Order and to address any violations thereof.  The Trustee will use good faith efforts to secure approval of the Settlement Order.  If this agreement is not approved by the Bankruptcy Court, Clark Hill is not required to make the Settlement Payment.

**5.  Releases.**

(a)    **Debtor Releases.**  Subject to the Trustee's receipt of the Settlement Payment and the Bankruptcy Court's approval of this Agreement, the Trustee, the Debtor's estate and the Estate Releasees hereby unconditionally, absolutely and irrevocably release and discharge the Clark Hill Releasees of all Claims which they now have or ever had against the Clark Hill Releasees upon or by reason of any manner, cause or thing whatsoever

on or at any time prior to the date of this Agreement, including but not limited to Claims concerning, arising out of, or relating to the facts, circumstances, events, transactions or transfers alleged or which could have been alleged in the Lawsuit or arising out of the subject matter of the Lawsuit, it being the intention of the Trustee to reserve nothing whatsoever hereunder and to assure the Clark Hill Releasees peace and freedom from each and every of the released Claims of whatever character and description and including any Claims that may be asserted derivatively by any creditor; provided, however, that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement.  The Trustee acknowledges that he may discover facts after the Effective Date different from, or in addition to, those which the Trustee now knows or believes to be true.  The Trustee agrees that the releases contained in this paragraph shall be and remain effective in all respects notwithstanding the future discovery of such different or additional facts.

(b)    **Clark Hill Releases**.  Subject to the Trustee's receipt of the Settlement Payment and the Bankruptcy Court's approval of this Agreement, the Clark Hill Releasees hereby unconditionally, absolutely, and irrevocably release and discharge the Estate Releasees of all Claims which they now have or ever had against any of the Estate Releasees based upon or by reason of any manner, cause or thing whatsoever on or at any time prior to the date of this Agreement, it being the intention of the Clark Hill Releasees to reserve nothing whatsoever hereunder and to assure the Estate Releasees, and each of them, their peace and freedom from each and every of the released claims of whatever character and description; provided, however, nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement. Clark Hill Releasees acknowledge that they may discover facts after the Effective Date different from, or in addition to, those which they now know or believe to be true.  Clark Hill agrees that the releases contained in this paragraph shall be and remain effective in all respects notwithstanding the future discovery of such different or additional facts.

(c)    The Trustee represents and warrants that he is not aware of any claims they may have against any of Clark Hill Releasees other than the Claims asserted in the Lawsuit.

(d)     Clark Hill represents and warrants that they are not aware of any claims they may have against the Trustee or Debtor's estate other than Claims related to the Lawsuit.

**6.  Dismissal of the Trustee Action.**

Within five (5) days following the Trustee's receipt of the Settlement Payment, the Trustee and Clark Hill shall file in the Lawsuit a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) dismissing the Lawsuit with prejudice, and shall take such other and further actions as may be reasonably necessary to cause the Lawsuit to be dismissed with prejudice.

**7.  General Representations and Warranties.**

(a)     **Authority.**  Each of the undersigned covenants warrants that they have the power and authority to enter into and execute this Agreement and all releases, representations and warranties contained in this Agreement, on behalf of the Party on whose behalf this Agreement is so executed, subject in the case of the Trustee to Bankruptcy Court approval of this Agreement.

(b)     **Advice of Counsel.**  Each of the Parties acknowledges and warrants that they have consulted with its attorneys regarding the terms of this Agreement, and that the terms of the Agreement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, settlement and waiver of any and all claims as set forth herein.

(c)     **Due Diligence.**  Each of the Parties has investigated the matters set forth in this Agreement, and all other matters pertaining to this Agreement.  Each of the Parties represents and warrants that they have not relied upon any promises, agreements, representations, statements or warranties in entering into this Agreement that are not otherwise expressly provided for in this Agreement.

(d)     **No Assignment.**  The Trustee warrants and represents that, as of the Effective Date, he has not transferred or assigned, and will not transfer or assign, all or any part of the Claims released in this Agreement**.**

(e)     **No Admission of Liability**.  Nothing contained in this Agreement shall be deemed as an admission of any liability or lack of merit in any claim, by any party of any matter, claim or defense previously in dispute.

(f)      **Costs.**  The Parties shall bear their respective costs, fees, and expenses in connection with this Agreement and all other matters relating to or arising from the Debtor's bankruptcy case and the Lawsuit.   The Parties each waive any rights that any of them may have against the other to seek or recover any costs, fees, or expenses, including without limitation attorneys' fees related to or in connection with the Claims, this Agreement or the Lawsuit.

(g)      **Integration.**  This Agreement represents the full and complete agreement between the Parties.  Any representations, warranties, promises, or conditions, whether written or oral, not specifically incorporated into this Agreement, or in any other agreements, instruments, certificates, or documents delivered as required or contemplated under this Agreement, shall not be binding upon the Parties.  All other discussions, negotiations, and writings have been and are merged into this Agreement.

(h)      **Governing Law and Consent to Jurisdiction**.   This Agreement and all other documents required or contemplated hereby shall be governed by and construed in accordance with the laws of the state of New York applicable to contracts made and to be performed wholly within the laws of the state of New York but irrespective of its choice-of-law rules.  As specific inducement for the Parties to enter into this Agreement, each of the Parties hereby consents to the exclusive jurisdiction of the Bankruptcy Court for resolution of any disputes arising under or related to this Agreement, and waives any objection it may have to the laying of venue in any such court and any claim that such suit has been brought in an inconvenient forum.

(i)      **Notice to Parties.**

All notices given pursuant to this Agreement shall be delivered by hand delivery; overnight delivery by reputable overnight delivery service; or email with a copy by U.S. Mail, at the following addresses (or, if applicable, the most current address available for such Party):

Such notice must be sent to the following persons:

 If to Trustee:                          Paul Hastings LLP
                                        Attn: Avram E. Luft
                                        200 Park Ave
                                        New York, NY 10166
                                        + 212 318 6079

aviluft@paulhastings.com

If to Clark Hill:                  Jenner & Block LLP
                                   Attn: John Storino
                                   353 N Clark Street
                                   Chicago, IL 60654
                                   + 1 312 840 8683
                                   JStorino@jenner.com

**8.  Further Necessary Actions.**

Each Party agrees, without further consideration, to sign or cause to be signed, and to deliver to the other Party or its counsel any other documents and to take any other action as may be necessary to fulfill their respective obligations under this Agreement.  The Trustee served Clark Hill with a subpoena pursuant to the Trustee's Rule 2004 investigation in the Bankruptcy Case.  The Trustee acknowledges that Clark Hill produced documents responsive to the subpoena and the Trustee agrees to not seek further discovery from Clark Hill in the Bankruptcy Case.

**9.  Proper Construction.**

(a)     The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any Party.

(b)     As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

(c)     The section headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify, or otherwise be used in the interpretation of any of the provisions hereof.

(d)     If a deadline under this Agreement falls on a weekend or court holiday, the deadline shall be extended to the next weekday that is not a court holiday.

**10.  Survival of Representations and Warranties.**

All representations and warranties set forth in this Agreement shall be deemed continuing and shall survive the consummation of this Agreement.

**11.  Waiver or Modification.**

(a)     No waiver shall be binding unless executed in writing by the Party making the waiver.  No waiver of any of the provisions of this Agreement shall be

- 8 -

deemed, or shall constitute, a waiver of any other provision, whether or not similar, nor shall any waiver constitute a continuing waiver.

(b)     Neither this Agreement nor any term or provision may be changed, waived, discharged, or terminated except by an instrument in writing duly signed by both Parties.  No supplement, modification, or amendment to this Agreement shall be binding unless in writing and executed by both Parties.  This Agreement cannot be modified by oral or implied promises or representations.

**12.  Execution in Counterparts.**

This Agreement may be executed in counterparts, and the sum of each counterpart will constitute a single agreement.  Copies of the signatures of each Party's duly authorized signatory provided to the other Party via electronic means, including email and facsimile, shall be treated as original signatures.  A signature on a copy of this Agreement sent by facsimile or by email shall be accepted as binding on the Parties.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date specified below.

_____
LUC A. DESPINS, not individually but as
chapter 11 trustee for the Debtor's estate

_____
**THOMAS K. RAGLAND**

_____
**CLARK HILL PLC**

By: _____
Its: _____

- 10 -

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date specified below.

_____

**LUC A. DESPINS**, not individually but as chapter 11 trustee for the Debtor's estate

_____

**THOMAS K. RAGLAND**

_____

**CLARK HILL PLC**

By: _____
Its: _____