**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
          :
In re:            :   Chapter 11
          :
HO WAN KWOK, *et al.*,[1]   :   Case No. 22-50073 (JAM)
          :
     Debtors.     :   (Jointly Administered)
          :
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE
SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO (I)
TRANSFER LADY MAY INTO FOREIGN-TRADE ZONE IN NEWPORT, RHODE
ISLAND, (II) APPLY FOR AND OBTAIN INDEMNITY BOND RELATED
THERETO, AND (III) PAY ALL RELATED FEES**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), respectfully submits

this motion (the "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to section 363(b) of title 11 of the United States

Code (the "Bankruptcy Code"), authorizing the Trustee to (i) transfer the Lady May yacht into

the foreign-trade zone (the "FTZ") at the Safe Harbor Newport Shipyard (the "Safe Harbor

Shipyard") in Newport, Rhode Island, (ii) apply for and obtain an indemnity bond (the "FTZ

Indemnity Bond") in connection with transferring the Lady May into the FTZ, and (iii) pay all

related fees, including the fee for the FTZ Indemnity Bond and the incremental dockage fees

associated with berthing the Lady May in the FTZ.  The Trustee also requests authorization to

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

pay such fees out of the $500,000 from the repair reserve (the "Repair Reserve") previously

authorized by order of this Court, dated March 28, 2023 [Docket No. 1608], to fund yacht-

related expenses.  In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1.      As the Court is well aware, the Trustee intends to sell the Lady May (and the

Lady May II) for the benefit of the Debtor's estate and, to that end, has already obtained

authorization to (a) retain Edmiston and Company Limited ("Edmiston") as broker to market the

Lady May (and the Lady May II) for sale and (b) move the Lady May to the Safe Harbor

Shipyard in Newport, Rhode Island.[3]

2.      By this Motion, the Trustee now seeks authorization to transfer the Lady May into

Newport's foreign-trade zone.[4]  Foreign-trade zones, such as the one in Newport, are under the

U.S. Customs and Border Protection ("U.S. Customs") supervision, and are the United States'

version of what is known internationally as free-trade zones.  Advantages of transferring a vessel

into a foreign-trade zone include that such vessels (i) are not subject to U.S. duty or excise tax,

(ii) may be exported from the zone free of duty and excise tax, and (iii) may remain in a zone

indefinitely, whether or not subject to duty.  The FTZ at the Safe Harbor Shipyard is the only one

of its kind in the United States outside of Florida.

3.      Transferring the Lady May—a foreign-flagged ship that has not been imported

into the United States—into the FTZ will substantially enhance the prospect of a value-

---

[2]    Capitalized terms not defined in the Preliminary Statement shall have the meaning ascribed to them later in the Motion.

[3]    On May 2, 2023, the Lady May was moved from the Bridgeport marina in Bridgeport, Connecticut, to the Safe Harbor Shipyard in Newport, Rhode Island.

[4]    To be clear, the Lady May would remain at the Safe Harbor Shipyard, even after having been transferred into the FTZ.

maximizing sale, as such transfer will allow the Lady May to be marketed and sold to U.S. residents without incurring approximately $400,000[5] in duties (plus related fees) required to import the Lady May into the United States.  While the estate would not incur such duties if the Lady May were only marketed and sold to **non-**U.S. residents, it would not be in the best interest of the estate to limit the marketing of the Lady May to non-U.S. residents only.  It is simply not prudent to exclude potential U.S. buyers (who represent one of the largest markets for luxury yachts) from the universe of potential buyers.

4.       The Trustee acknowledges that transferring the Lady May into the FTZ will require the payment of some fees.  In particular, the fees associated with berthing the Lady May in the FTZ at the Safe Harbor Shipyard are somewhat higher than the fees currently being charged by the Safe Harbor Shipyard for berthing the Lady May outside the FTZ.  Specifically, the FTZ-related dockage fees reflect an incremental $2.50 per foot per night, for a total incremental cost of approximately $11,400 per month.  In addition, the Trustee anticipates that the FTZ Indemnity Bond will cost $5,970 (which is a one-time expense).[6]  While these cost are not negligible, they pale in comparison to the substantial duties that would have to be incurred if the Lady May were imported into the United States in order to be marketed and sold to U.S. residents.

5.       For all these reasons, and as further detailed below, the Trustee submits that the relief sought in this Motion is in the best interest of the Debtor's estate and should be granted.

---

[5]     The Trustee understands that such duties would be approximately 1.5% of the Lady May's estimate value.  Based on the listing price under the Edmiston broker agreement (i.e., $26.5 million), this would translate into approximately $400,000 in duties (plus related fees).

[6]     A copy of the invoice for the FTZ Indemnity Bond is attached hereto as **Exhibit B**.  A copy of the completed (but unsigned) application with surety Roanoke Trade to request the FTZ Indemnity Bond is attached hereto as **Exhibit C**.  The Trustee will not submit this application and pay the related fees for the FTZ Indemnity Bond until after the Court has granted the relief requested in this Motion.

**VENUE, JURISDICTION, AND STATUTORY BASIS**

6.      The United States Bankruptcy Court for the District of Connecticut (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference* from the United States District Court for the District of Connecticut.

7.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

8.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The statutory basis for the relief sought in this Motion is section 363(b) of the

Bankruptcy Code.

**BACKGROUND**

**A.      Ownership of Lady May**

10.      On April 11, 2022, HK International Funds (USA) Limited, LLC ("HK USA")

initiated an adversary proceeding by filing a complaint [Docket No. 1, in Adv. Proc. No. 22-

5003] against the Debtor and Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), asserting

that HK USA is the owner of the Lady May.

11.      On April 29, 2022, the Court entered, in the main chapter 11 case, the *Stipulated*

*Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and*

*Deliver that Certain Yacht, the "Lady May"* [Docket No. 299] (the "Stipulated Order") setting

forth the terms and conditions regarding the return of the Lady May to the navigable waters of

Connecticut.  In accordance with the Stipulated Order, HK USA deposited $37,000,000 (the

"Escrowed Funds") into an escrow account with U.S. Bank National Association. The Lady May

was returned to the navigable waters of Connecticut in early July 2022.

12.      On September 23, 2022, the Trustee filed his *Answer and Counterclaims* [Docket

No. 36 in Adv. Proc. No. 22-5003] (the "Answer and Counterclaims").  The Trustee's first

counterclaim sought a ruling pursuant to 11 U.S.C. §§ 541 and 542 declaring that the Lady May is property of the Debtor's chapter 11 estate (the "First Counterclaim") to be administered by the Trustee and ordering the surrender of the Lady May to the Trustee.

13.     On March 19, 2023, the Trustee filed his motion for partial summary judgment [Docket No. 146 in Adv. Proc. No. 22-5003] (the "Partial SJ Motion") and supporting materials, seeking summary judgment on the First Counterclaim.  *See also* Docket Nos. 147, 148, and 150 in Adv. Proc. No. 22-5003.

14.     A hearing on the Partial SJ Motion was held on March 27, 2023.  At the conclusion of the hearing, for the reasons stated on the record and further set forth in the Court's *Supplemental Memorandum of Decision in Support of Oral Ruling Granting Motion for Partial Summary Judgment* [Docket No. 177 in Adv. Proc. No. 22-5003], the Court issued an oral ruling granting the Partial SJ Motion.  Also on March 27, 2023, the Court entered its order granting the Partial SJ Motion [Docket No. 172 in Adv. Proc. No. 22-5003] (the "Partial SJ Order"), finding, among other things, that the Lady May is the property of the Debtor's estate.[7]

## B.     Repair Reserve

15.     On August 11, 2022, HK USA filed its *Motion for Order Establishing Repair Reserve for the Lady May* [Docket No. 728] (the "Repair Reserve Motion"), seeking to establish a Repair Reserve to pay for certain repairs necessary to return the Lady May to good working order.

16.     On October 7, 2022, upon the consent of the Trustee, HK USA, PAX, the Official Committee of Unsecured Creditors, and creditors Rui Ma and Zheng Wu, the Court entered an

---

[7]     *See* Partial PJ Order ¶ 2.

order granting the Repair Reserve Motion, with certain modifications [Docket No. 920] (the "Repair Reserve Order").

17.    On March 23, 2023, the Trustee filed the *Emergency Motion of Chapter 11 Trustee for Entry of Order Modifying Repair Reserve Order* [Docket No. 1588] (the "Motion to Modify"), to allow up to $500,000 in operating, maintenance, and related expenses for the Lady May to be funded out of the Repair Reserve.

18.    On March 28, 2023, the Court granted the Motion to Modify and the relief requested therein [Docket No. 1608] (the "Order Granting Motion to Modify"), allowing up to $500,000 be used from the Repair Reserve for maintenance and related expenses for the Lady May.

**C.    Operation and Maintenance of Lady May**

19.    On April 5, 2023, in order to operate and maintain the Lady May, the Trustee filed the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Enter Into, and Perform Under, Certain Postpetition Agreements Relating to Maintenance and Operation of the Lady May* [Docket No. 1637] (the "Yacht Maintenance Motion") for entry of an order to authorize entry into, and performance under, the Management Agreement with Yachtzoo, a dock space license agreement with the Bridgeport marina (the "Bridgeport Dockage Agreement"), and the Crew Provision Agreement with FDS46 Crew Series LLC.  On April 12, 2023, the Court entered an order granting the relief sought in the Yacht Maintenance Motion authorizing the Trustee to enter into, and perform under, the Management Agreement, the Crew Provision Agreement, and the Bridgeport Dockage Agreement.  *See* Docket No. 1662.

6

20.    On April 18, 2023, the Trustee filed the *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order Authorizing Employment and Retention of Edmiston and Company Limited as Broker for Sale of Lady May and Lady May II* [Docket No. 1675] (the "Broker Retention Application"), seeking an order authorizing the retention of Edmiston and Company Limited ("Edmiston") as broker to sell the Lady May Yachts for the benefit of the Debtor's estate.  On April 27, 2023, the Court approved the Broker Retention Application [Docket No. 1717], authorizing the retention of Edmiston as sales broker for the Lady May (and the Lady May II).

21.    On April 24, 2023, the Trustee filed the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing (I) Moving Lady May to Navigable Waters of Rhode Island and (II) Entry Into, and Performance Under, Newport Dockage Agreement* [Docket No. 1696] (the "Motion to Relocate").  While the Motion to Relocate did not request authorization to transfer the Lady May into the FTZ in Newport, Rhode Island, the Trustee previewed, in that motion, that he would seek such relief in the near future.  On April 27, 2023, the Court granted and the Motion to Relocate [Docket No. 1718] (the "Order to Relocate"), authorizing, among other things, the Lady May's relocation to the Safe Harbor Shipyard in Newport, Rhode Island.  *See* Docket No. 1718.

22.    The Order to Relocate also authorized the Trustee's entry into, and performance under, the Commercial Yard and Dockage License and Service Agreement (the "Newport Dockage Agreement") with SHM Newport Shipyard, LLC ("SHM").  Entry into the Newport Dockage Agreement was necessary in order for the Lady May to have a place to dock while in Newport, Rhode Island.  As detailed in the Motion to Relocate, the monthly dockage fee at the

Safe Harbor Shipyard is estimated to be approximately $42,000 per month (including electricity). The Lady May was moved to the Safe Harbor Shipyard on May, 2, 2023.

23.     The Trustee is informed that the FTZ-related dockage fees at the Safe Harbor Shipyard is an additional $2.50 per foot per night, for a total incremental monthly cost of approximately $11,400.

## RELIEF REQUESTED

24.     The Trustee respectfully requests that the Court enter an order authorizing the Trustee to (i) transfer the Lady May into the FTZ in Newport, Rhode Island, including completing relevant forms and submitting relevant documentation in connection with such transfer, (ii) apply for and obtain the FTZ Indemnity Bond in connection with transferring the Lady May into the FTZ, and (iii) pay all related fees, including the fee for the FTZ Indemnity Bond and the incremental FTZ-related dockage fees in the FTZ at the Safe Harbor Shipyard. The Trustee also requests authorization to pay such fees out of the $500,000 from the Repair Reserve previously authorized by the Order Granting Motion to Modify to fund yacht-related expenses.

25.     To be clear, at this time, the Trustee has completed, but not yet submitted, the application for the FTZ Indemnity Bond (and a copy of that application is attached hereto as **Exhibit C**). Once the Court has granted the relief requested in this Motion, the Trustee will submit the application, pay the related fees in the amount of $5,970, and, upon the issuance of the FTZ Indemnity Bond, sign such bond.

## BASIS FOR RELIEF

26.     The Trustee requests that the Court authorize and approve the Motion pursuant to section 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in

pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Under section 363(b) of the Bankruptcy Code, courts require only that the trustee "show a sound business purpose justifies such actions." *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

27.     In addition, a chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)). The Trustee is obligated to employ a process for the sale of the Lady May that is the most beneficial to the estate. To that end, the Trustee has determined, in his business judgment, that the Lady May should be moved to the FTZ.

28.     Now that the Lady May has been moved to the Safe Harbor Shipyard in Newport, Rhode Island, the Trustee seeks to transfer the Lady May into Newport's foreign-trade zone— also at the Safe Harbor Shipyard. Such transfer will provide substantial benefits to the estate. Most importantly, at this time, the Lady May—as a foreign-flagged ship that has not been imported into the United States—cannot be marketed and sold to U.S. residents. Importing the Lady May into the United States, however, would result in substantial duties and related fees. Indeed, based on the listing prices of the Lady May in the Edmiston brokerage agreement (*i.e.*,

$26.5 million), such duties would be approximately $400,000 (plus related fees).  Transferring

the Lady May into the FTZ would allow the Trustee to market and sale the Lady May to U.S.

residents without having to import the Lady May into the United States and incur such duties and

fees.

29.    While it would be possible to market and sell the Lady May to **non-**U.S. residents

without importing the Lady May (and incurring such duties and fees), marketing the Lady May

only to non-U.S. residents would substantially limit the universe of potential buyers.  After

conferring with Edmiston, the Trustee believes that doing so would not be in the best interest of

the estate.  Indeed, the Trustee understands that several U.S. residents have already expressed an

interest in viewing the Lady May, but, absent transfer into the FTZ, such viewings are not

possible at this time.

30.    To be clear, transferring the Lady May into the FTZ will have its own costs.  In

particular, the fees associated with berthing the Lady May in the FTZ at the Safe Harbor

Shipyard are an incremental $2.50 per foot per night, which translates into a total incremental

dockage fee of approximately $11,400 per month.  In addition, in order to transfer the Lady May

into the FTZ, the Trustee is required to obtain an indemnity bond.  This is so because once the

Lady May enters the FTZ , the FTZ becomes responsible to U.S. Customs for the activities of the

Lady May.  If the Lady May were to inadvertently end up in violation of FTZ regulations, that

would causes a penalty to be issued by U.S. Customs to the FTZ.  The FTZ Indemnity Bond

would ensure that the Trustee is responsible to compensate the FTZ for any such potential fines.[8]

The Trustee is informed that the FTZ Indemnity Bond for the Lady May will cost $5,970 (which

is a one-time expense).

---

[8]    To be clear, the Trustee has every intention to fully comply with all applicable FTZ regulations.

31.     While the foregoing costs are not negligible, they are only a fraction of the substantial duties that would be incurred if the Lady May were imported into the United States in order to be marketed and sold to U.S. residents—and this is still true even if the Lady May had to stay in the FTZ for several months before being sold.

32.     Finally, the Trustee submits that he also be authorized to pay the incremental FTZ-related dockage fees and the cost of the FTZ Indemnity Bond out of the $500,000 from the Repair Reserve previously authorized by the Order Granting Motion to Modify.  As the Court will recall, the $500,000 was specifically set aside to fund "the reasonable and ordinary operating, maintenance, and related expenses (including insurance premiums) for the Lady May."  Order Granting Motion to Modify ¶ 2.  The Trustee submits that the FTZ-related dockage fees and the cost of the FTZ Indemnity Bond fall within the scope of operating, maintenance, and related expenses, but, out of an abundance of caution, requests specific authorization to fund these fees out of the $500,000 previously set aside to fund yacht-related expenses.

33.     For all these reasons, the Trustee submits that the relief sought in this Motion is in the best interest of the Debtor's estate and should be granted.

**<u>NO PRIOR REQUEST</u>**

34.     The Trustee has not previously sought the relief requested herein from this or any other court.

**<u>CONCLUSION</u>**

35.     For all these reasons, the Trustee submits that moving the Lady May to the FTZ is a reasonable exercise of the Trustee's business judgment, and, accordingly, the relief requested in this Motion should be granted.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting

the relief requested herein and such other and further relief as the Court may deem just and

proper.

Dated: May 4, 2023                        LUC A. DESPINS, CHAPTER 11 TRUSTEE
        New Haven, Connecticut

By: */s/ Patrick R. Linsey*
     Douglas S. Skalka (ct00616)
     Patrick R. Linsey (ct29437)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 781-2847
     dskalka@npmlaw.com
     plinsey@npmlaw.com

        *and*

     Nicholas A. Bassett (admitted *pro hac vice*)
     PAUL HASTINGS LLP
     2050 M Street NW
     Washington, D.C., 20036
     (202) 551-1902
     nicholasbassett@paulhastings.com

        *and*

     Avram E. Luft (admitted *pro hac vice*)
     G. Alexander Bongartz (admitted *pro hac vice*)
     PAUL HASTINGS LLP
     200 Park Avenue
     New York, New York 10166
     (212) 318-6079
     aviluft@paulhastings.com
     alexbongartz@paulhastings.com

     *Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                       :
In re:                                 :   Chapter 11
                                       :
HO WAN KWOK, et al.,[9]                :   Case No. 22-50073 (JAM)
                                       :
                 Debtors.              :   (Jointly Administered)
                                       :
-------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2023, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:   May 4, 2023              By: */s/ Patrick R. Linsey*
         New Haven, Connecticut       Douglas S. Skalka (ct00616)
                                      Patrick R. Linsey (ct29437)
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2847
                                      dskalka@npmlaw.com
                                      plinsey@npmlaw.com

                                      *Counsel for the Chapter 11 Trustee*

---

[9]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                   :

In re:                            :     Chapter 11
                                     :

HO WAN KWOK *et al.*,         :     Case No. 22-50073 (JAM)
                                     :

           Debtors.[1]         :     Jointly Administered
                                     :
-------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING**
**TRUSTEE TO (I) TRANSFR LADY MAY INTO FOREIGN-TRADE ZONE IN**
**NEWPORT, RHODE ISLAND, (II) APPLY FOR AND OBTAIN INDEMNITY BOND**
**<u>RELATED THERETO, AND (III) PAY ALL RELATED FEES</u>**

Upon the motion (the "<u>Motion</u>"),[2] filed Luc A. Despins, in his capacity as the chapter 11

trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Debtor</u>"),

requesting entry of an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing the

Trustee to (i) transfer the Lady May yacht into the foreign-trade zone (the "<u>FTZ</u>") at the Safe

Harbor Newport Shipyard (the "<u>Safe Harbor Shipyard</u>") in Newport, Rhode Island, (ii) apply for

and obtain an indemnity bond (the "<u>FTZ Indemnity Bond</u>") in connection with transferring the

Lady May into the FTZ, and (iii) pay all related fees, including the fee for the FTZ Indemnity

Bond and the incremental dockage fees, all as further detailed in the Motion; and the Court

having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Notwithstanding anything to the contrary in the Stipulated Order, the Trustee is authorized to transfer the Lady May to the FTZ in Newport, Rhode Island (which, for the avoidance of doubt, is located at the Safe Harbor Shipyard in Newport), including completing relevant forms and submitting relevant documentation in connection with such transfer.

3.      The Trustee is authorized to submit the requisite applications, including the application for the FTZ Indemnity Bond, and pay all applicable fees associated with transferring the Lady May into the FTZ in Newport, Rhode Island, including the fee for the FTZ Indemnity Bond and the incremental dockage fees associated with berthing the Lady May in the FTZ at the Safe Harbor Shipyard.

4.      The Trustee is authorized to pay all such fees from the $500,000 out of the Repair Reserve previously authorized by order of the Court [Docket No. 1608] to fund yacht-related expenses.

5.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order, including signing of the FTZ Indemnity Bond (once issued).

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3

## **Exhibit B**

**Invoice for FTZ Indemnity Bond**



**CUSTOM BROKERS/FREIGHT FORWARDERS**
101 SE 21ST STREET, FORT LAUDERDALE, FL 33316
TEL: 954-522-3763
FAX: 954-522-3765
WWW.JPREYNOLDS.COM

# INVOICE WI00000829

**Page 1 of 1**

LUC A DESPINS AS CHAPTER 11 TRUSTEE FOR
ESTATES OF HO WAN KWOK
200 PARK AVE
NEW YORK NY 10166

| | |
|---|---|
| **INVOICE DATE** | 03-May-23 |
| **CUSTOMER ID** | LUCADENYC |
| **DUE DATE** | 03-May-23 |
| **TERMS** | Payment in Advance |

**CHARGES**

| DESCRIPTION | CHARGES IN USD |
|---|---|
| FTZ Indemnity Bond Charge – LADY MAY | 5,970.00 |

**TOTAL CHARGES**

If you are the importer of record, payment to the broker will not relieve you of liability for Customs charges (duties, taxes, or other debts owed Customs) in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to 'Customs and Border Protection' which shall be delivered to Customs by the broker.
THIS ORDER IS SUBJECT TO TERMS AND CONDITIONS AVAILABLE ON REQUEST

| | |
|---|---|
| **SUBTOTAL** | 5,970.00 |
| | |
| **TOTAL USD** | **5,970.00** |

| **CUSTOMER ID** LUCADENYC | **Invoiced** | USD 5,970.00 | **BALANCE DUE** | **USD 5,970.00** |
|---|---|---|---|---|
| | | | **DUE DATE** | 03-May-23 |

| Transfer Funds To: | Address: |
|---|---|
| **ABA** 021000021 WIRE   **SWIFT** CHASUS33 | JP REYNOLDS COMPANY, INC. |
| **Account** 697525027 | 101 SE 21ST ST |
| CHASE BANK NA (ACH ROUTING 267084131) | FORT LAUDERDALE FL 33316 |
| FORT LAUDERDALE | UNITED STATES |
| **Ref.** LUCADENYC / WI00000829 | |

## **Exhibit C**

**Application for FTZ Indemnity Bond**

# Application and Indemnity Agreement for Misc. Surety Bonds



## Instructions

1. Complete this entire application truthfully. Knowingly providing false or misleading information, or concealing information for the purpose of misleading, means you are committing a fraudulent insurance act, which may be a crime.
2. Include last annual business financial statements, including notes and accountant's report. If over six (6) months old, also include most current interim financial statements. Interim statements must be signed by a corporate officer attesting to their accuracy.
3. Obtaining a surety bond is similar to obtaining credit. Your application is subject to approval and may be denied. Completing the application does not guarantee your bond will be approved. Submit this application and all required attachments to Roanoke Trade, who will inform you of the decision on your application. If approved, you will be required to pay the first year's premium and applicable fees for your bond before it will be filed with the obligee.

## Applicant (Principal) Information

Applicant's complete legal name    Luc A Despins, as the Chapter 11 Trustee for the Estate of Ho Wan Kwok

Trade name or DBA name (if applicable)

Tax ID/Social Security Number/Customs Importer Number    N/A          DUNS No.    N/A

Address    200 Park Avenue                              SCAC Code    N/A

New York , NY 10166                                     License No.    N/A

Phone    212 318 6001      Fax    N/A      Email    lucdespins@paulhastings.com

☒ Individual/Sole Proprietorship ☐ Partnership ☐ LLC ☐ Corporation under the laws of

Years in business*    N/A          * If less than two years, attach summary of business experience of Applicant & its officers/directors/members/partners/owners.

Names of prior surety(ies)    N/A

Has Applicant (including any officer, director, member, partner, or owner thereof) ever filed for bankruptcy or reorganization?  If yes, indicate type of filing, date of filing, and current status of filing.  Note that, for the purposes of this question, "Applicant" includes the Principal named herein plus any affiliates and/or predecessor entities. (If Yes, attach explanation.)    ☐ Yes ☒ No

Has Applicant ever defaulted under any bond? (If Yes, attach explanation.)    ☐ Yes ☒ No

Are there any pending claims against any bond of Applicant? (If Yes, attach explanation.)    ☐ Yes ☒ No

## Insurance Survey

Please include a copy of the declaration page for all coverages indicated below as carried.

### Insurance Carried

| | | |
|---|---|---|
| Errors & Omissions (Professional Liability) | ☐ Yes ☒ No | Workers' Compensation ☐ Yes ☒ No |
| Commercial General Liability | ☐ Yes ☒ No | Marine Cargo (Shippers' Interest) ☐ Yes ☒ No |
| Commercial Property | ☐ Yes ☒ No | Cargo Legal Liability ☐ Yes ☒ No |
| Commercial Auto | ☐ Yes ☒ No | Other Liability (e.g., D&O) ☐ Yes ☒ No |
| Other: | | Other: |

## Bond Information

Please specify bond amounts and type(s) of bonds.

Amount    398,000          Desired effective date(s)

Bond Type    FTZ INDEMNITY BOND      Obligee    SHM NEWPORT SHIPYARD LLC

## Acknowledgement of Applicant

Initial each item.

1. Applicant agrees this application is subject to approval and that Roanoke Trade will inform Applicant of the decision on your application. Upon approval of this application, Applicant agrees to pay the first year's premium and applicable fees prior to filing the bond(s) with the Obligee(s).
   X
2. Applicant agrees to immediately notify Roanoke Trade of any suit or claim against Applicant that may be recoverable under its bond.
   X

### Agreement of Indemnity

The undersigned Applicant and Indemnitors hereby request the sureties represented by Roanoke Trade ("Surety") to become surety for the above bond(s). The undersigned hereby certify the truth of all statements in the application and attachments and jointly and severally agree:

1. to pay the premiums and any applicable fees including continuations and/or renewals;
2. to completely **INDEMNIFY** Surety against any and all liability, loss, costs, damages, fees of attorneys and other expenses which Surety may sustain or incur by reason of, or in consequence of the execution of such bond(s) and any renewal, continuation or successor(s) thereof;
3. to maintain such insurance coverages (including, but not necessarily limited to, errors & omissions) as may be specified by Surety as underwriting qualifications for the above bond(s)
4. that Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon said bond(s) and its decision in good faith to make any payment shall be final and conclusive as to the fact and extent of the liability of the undersigned;
5. upon demand by Surety, to deposit current funds with Surety in amount sufficient to satisfy any liability, claim asserted, suit or judgment by reason of suretyship; and
6. that if said bond(s) is(are) cancellable, this agreement may be terminated by its third party Indemnitors as to subsequent liability, upon 45 days written notice given to Surety by Certified Mail by such Indemnitors and with written confirmation from Surety stating when such termination will take effect. Such notice to Surety shall be sent to Roanoke Underwriting, Attn: Surety MGU Unit at its corporate offices.

Dated this _____ day of _____, 2023 _____

If Applicant(s) is (are) an **INDIVIDUAL(S)**, sign here:

Luc A Despins as chapter 11 trustee for the estate of Ho Wan Kwok

_____
Witness (sign and print name)

_____
Individually (sign and print name)

_____
Witness (sign and print name)

_____
Individually (sign and print name)

If Applicant is a **PROPRIETORSHIP**, sign here:

_____
Name of Proprietorship

_____
Witness (sign and print name)

_____
Individually and as Proprietor (sign and print name)

If Applicant is a **PARTNERSHIP**, sign here:

_____
Name of Partnership

_____
Witness (sign and print name)

_____
Individually and as Partner (sign and print name)

_____
Witness *(sign and print name)*

_____
Individually and as Partner *(sign and print name)*

If Applicant is a **CORPORATION or LLC**, sign here:

_____
Name of Corporation or LLC

_____
Officer Name and Title  *(sign and print name)*     / Member

_____
Officer Name and Title  *(sign and print name)*     / Member

## Signatures of Indemnitors

In consideration of the execution by Surety of the bond(s) herein applied for, the undersigned, jointly and severally, join in the foregoing Agreement of Indemnity. Each Indemnitor and Witness must sign and print his/her name.

_____
Witness

_____
Indemnitor

_____
Witness

_____
Indemnitor

_____
Witness

_____
Indemnitor