**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**MOTION FOR STAY PENDING APPEAL OF ORDER AWARDING FEES OF CHAPTER 11 TRUSTEE AND HIS COUNSEL PURSUANT TO SANCTIONS ORDER**

Pursuant to Fed. R. Bank. P. 8007(a), HK International Funds Investments (USA) Limited, LLC, Mei Guo, Lee Vartan, Esq., and Chiesa Shahinian & Giantomasi PC (the "HK Parties"), through their undersigned counsel, respectfully move for a stay (the "Motion to Stay") pending appeal of the Court's April 21, 2023, Order Awarding Fees of Chapter 11 Trustee and His Counsel Pursuant to Sanctions Order (the "Sanctions Order") [Doc. No. 1693], which awarded attorneys' fees in the amount of $83,370.26 to the Individual Debtor's Estate for payment to Paul Hastings LLP with said fees to be paid on or before May 5, 2023, and the Court's May 1, 2023 Order [Docket No. 1733] denying the HK Parties' Motion to Reconsider the Sanctions Order ) the "Reconsideration Order."

I. **RELEVANT FACTS**

1. On March 10, 2023, the Court entered an Order Holding the HK Parties in Contempt of Court and Sanctioning HK Parties, Attorney Vartan and Chiesa Shahinian & Giantomasi PC (the "Contempt Order") [Doc. No. 1537]. In accordance with the Contempt Order, HK USA and Guo were held in civil contempt of Court for purportedly failing to comply with (i) the Court's January 20, 2023 Order Granting in Part Motion to Compel Compliance With Rule 2004 Subpoenas, filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee") for the estate of

1

debtor Ho Wan Kwok (the "Debtor") [ECF No. 1353]; and (ii) the Court's February 13, 2023 Order Granting in Part Motion for Order to Appear and Show Cause Why the Court Should Not Hold the HK Parties in Contempt of Court, filed by the Trustee [ECF No. 1455].

2. In addition, the Contempt Order held that HK USA, Guo, Vartan and CSG Law were jointly and severally liable for and sanctioned, as compensatory damages, reasonable attorneys' fees and costs related to Trustee's efforts to secure compliance with the Rule 2004 Subpoenas and prosecution of the Moton to Compel. The Contempt Order also held that the Trustee's reasonable attorneys' fees and costs associated with securing compliance with the Rule 2004 Subpoenas, would "be determined by the Court upon the fee application(s) of the Trustee, which applications(s) are to be submitted on or before March 24, 2023." *See Contempt Order*, at 26.

3. On March 17, 2023, the Trustee filed an Unopposed Motion Pursuant to Bankruptcy Rule 9006(b), for Entry of an Order Extending Time to File Fee Application Pursuant to the Contempt Order (the "Motion to Extend Time") [Doc No. 1558]. Prior to filing the Motion to Extend Time, Trustee's counsel requested the consent of the HK Parties to file the motion through counsel, which consent was agreed to by the HK Parties.

4. By Order dated March 20, 2023, the Court granted the Trustee's Moton to Extend Time which extended the filing date of the fee application by ten days to April 3, 2023. During a status conference on March 30, 2023, counsel for Trustee requested a second extension to file the Fee Application, to April 10, 2023, which was granted by the Court. Thereafter, on April 10, 2023, the Trustee filed the Special Fee Application of Chapter 11 Trustee and his Counsel, Paul Hastings LLP (together, the "Applicants"), for Services Rendered in Securing Compliance with Court-Authorized Subpoenas (the "Fee Application") [Doc No. 1648].

5. On March 24, 2023, the HK Parties filed a Notice of Appeal of the Contempt Order. [ECF No. 1595]. Initial briefing in connection with the appeal is due on or before May 26, 2023.

6. Pursuant to Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedures, the deadline for the HK Parties to object to the Fee Application was no earlier than May 1, 2023.

7. Notwithstanding Rule 2002(a)(6), and the fact that no other deadline was fixed by this Court for the HK Parties to oppose the Fee Application, the Court entered the Sanctions Order on April 21, 2023.

8. On April 28, 2023, the HK Parties timely filed a motion for reconsideration of the Sanctions Order [ECF No. 1730].

9. On May 1, 2023, the Court entered an order denying the HK Parties' motion for reconsideration [ECF No. 1733].

10. On May 3, 2023, the HK Parties filed a Notice of Appeal from the April 21, 2023 Sanctions Order, as well as the May 1, 2023 Reconsideration Order. The HK Parties intend to consolidate appellate briefing on the Contempt Order, together with Sanctions Order and the Reconsideration Order.

## II.   ARGUMENT

11. Fed. R. Bank. P. 8007(a)(1)(A) provides that "[o]rdinarily a party must move first in the bankruptcy court for … a stay of a judgment, order, or decree of the bankruptcy court pending appeal …."

12. The Second Circuit has articulated the following four-prong test in determining whether to issue a stay of an order pending appeal: (a) whether there is a probability or possibility of success, or substantial probability or possibility of success, or serious legal questions going to the merits; (b) irreparable injury, balance of hardships tipping in favor of, or some injury to the

movant if a stay is denied; (c) substantial injury to the party opposing a stay if one is issued; and (d) the public interest. *Mohammed v. Reno*, 309 F.3d 95, 100-01 (2d Cir. 2002); *see also United States v. Grote,* 961 F.3d 105, 122-23 (2d Cir. 2020) (standard is (1) whether a movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interest that may be affected); *Hirschfeld v. Bd. Of Elections of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993) (same).

13. The "degree to which a factor must be present varies with the strength of the other factors, meaning more of one excuses less of the other." *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007) (citation and internal quotation marks omitted); *see also Mohammed*, 309 F.3d at 100-01 ("[W]e see considerable merit in the approach expressed by the District of Columbia Circuit: 'The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors.' Applying that test, that Circuit has granted a stay pending appeal where the likelihood of success is not high but the balance of hardships favors the applicant, and has stated that a stay may be granted where the probability of success is 'high' and 'some injury' has been shown. As the Sixth Circuit has explained, 'The probability of success that must be demonstrated is inversely proportional to the amount of injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other.'" (citations omitted)); *In re Taub*, 470 B.R. 273, 278 (Bankr. E.D.N.Y. 2012) ("The requisite showing of substantial possibility of success is inversely proportional to the amount of injury [the movant] will suffer absent the stay.").

4

14. Here, the HK Parties are likely to succeed on their appeal of the underlying Contempt Order, as well as their appeal of the Sanctions Order and the Reconsideration Order.

20. It is axiomatic that a "bankruptcy court's contempt power, like that of a district court, is 'narrowly circumscribed.'" *PHH Mortg. Corp v. Sensenich (In re Gravel)*, 6 F.4th 503, 511 (2d Cir. 2021). *See also Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003) ("[O]ur review of a contempt order is more exacting than under the ordinary abuse-of-discretion standard because a district court's contempt power is narrowly circumscribed."). This is because "[t]he judicial contempt power is a potent weapon." *Int'l Longshoreman's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967). *See also Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) ("[C]ivil contempt is a severe remedy …."); *In re Attorney General of U.S.*, 596 F.2d 58, 65 (2d Cir. 1979) ("[T]he court must not lightly invoke its contempt power."); *United States v. Wendy*, 575 F.2d 1025, 1030 (2d Cir. 1978) (recognizing that the "exercise of the contempt power is awesome in its implications."). Accordingly, "civil contempt 'should not be resorted to where there is a *fair ground of doubt* as to the wrongfulness of the defendant's conduct.'" *Taggart*, 389 S. Ct. 1801 (quoting *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885) (emphasis in original)).

21. "A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict. More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King*, 65 F.3d at 1058 (citation omitted). *See also Vineyard Vines, LLC v. MacBeth Collection, LLC*, 2018 U.S. Dist. LEXIS 205502, *39 (D. Conn., Dec. 5, 2018) ("'[T]he moving party …bears the burden of establishing

[these] three factors[.]") (quoting *Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009)).

22. On appeal, the HK Parties are likely to succeed on their arguments that the Contempt Order was in error given that the HK Parties attempted to comply with the Court's January 20, 2023 Order Granting in Part Motion to Compel Compliance With Rule 2004 Subpoenas [ECF No. 1353] and the Court's February 13, 2023 Order Granting in Part Motion for Order to Appear and Show Cause Why the Court Should Not Hold the HK Parties in Contempt of Court [ECF No. 1455]. Further, any purported non-compliance is the result of misunderstanding. *See Federated Dep.'t Stores, Inc. v. Wongco (In re R.H. Macy & Co.)*, 236 B.R. 583, 592 (Bankr. S.D.N.Y. 1999) ("A finding of civil contempt requires a showing that there exists an enforceable order that is clear and specific which unambiguously commands such party to perform or refrain from performing in accordance with the order."); *Gucci Am. v. Bank of China*, 768 F.3d 122, 143 (2d Cir. 2014) ("[U]nless the parties can 'ascertain from the four corners of the order precisely what acts are forbidden,' the order cannot form the basis for contempt."); *Liberty Propane L.P. v. Feheley*, 522 Fed. Appx. 38, 39 (2d Cir. 2013) (vacating contempt order for failure to produce specific documents where underlying orders regarding production did not expressly require production of those specific documents); *Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F. Supp. 116, 121 (S.D.N.Y. 1996) (finding contempt inappropriate where order operated by reference to motion, and thus did not expressly set forth its requirements within the four corners of the order).

23. Moreover, in all cases, the HK Parties are likely to succeed on their arguments that the fees awarded in the Sanctions Order are inflated and should not have been granted without providing the HK Parties with an opportunity to be heard in connection with the Fee Application.

24.     The HK Parties also satisfy the remaining elements for a stay pending appeal. Among other things, the HK Parties will suffer irreparable harm to the extent the Sanctions Order is not stayed pending appeal given the severe limitations this Court has already placed on the HK Parties' assets. On the other hand, granting a stay will not result in any prejudice to the Trustee. The Trustee may submit applications for fees in the ordinary course of this action.

25.     The public interest also militates in favor of a stay. "The judicial contempt power is a potent weapon," *Int'l Longshoreman's Ass'n.* 389 U.S. 64, at 76, that should not be lightly invoked. *In re Attorney General of U.S.*, 596 F.2d 58, at 65. The public has an interest in ensuring that sanctions only issue in narrowly subscribed circumstances.

### III.   CONCLUSION

26.     For the reasons set forth above, this Court should issue a stay of the Sanctions Order pending appeal.

Dated:  May 5, 2023
        Roseland, New Jersey

/s/ Lee Vartan
Lee Vartan (admitted pro hac vice)
lvartan@csglaw.com
Sam Della Fera, Jr. (admitted pro hac vice)
sdellafera@csglaw.com
Melissa F. Wernick (admitted pro hac vice)
mwernick@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
*Attorneys for Mei Guo, HK International Funds Investments (USA) Limited, LLC, Lee Vartan, Esq., and Chiesa Shahinian & Giantomasi PC*

           and
Aaron A. Romney (ct28144)
aromney@zeislaw.com
James M. Moriarty (ct21876)

jmoriarty@zeislaw.com
**ZEISLER & ZEISLER PC**
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone:  (203) 368-4234
Facsimile:  (203) 368-5485
*Local Counsel for Mei Guo, HK International Funds Investments (USA) Limited, LLC, Lee Vartan, Esq., and Chiesa Shahinian & Giantomasi PC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>              Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated:  May 5, 2023
          Roseland, New Jersey

*/s/ Lee Vartan*
Lee Vartan (admitted pro hac vice)
lvartan@csglaw.com
Sam Della Fera, Jr. (admitted pro hac vice)
sdellafera@csglaw.com
Melissa F. Wernick (admitted pro hac vice)
mwernick@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
*Attorneys for Mei Guo, HK International Funds Investments (USA) Limited, LLC, Lee Vartan, Esq., and Chiesa Shahinian & Giantomasi PC*

       *and*

>Aaron A. Romney (ct28144)
>aromney@zeislaw.com
>James M. Moriarty (ct21876)
>jmoriarty@zeislaw.com
>**ZEISLER & ZEISLER PC**
>10 Middle Street, 15th Floor
>Bridgeport, CT 06604
>Telephone:  (203) 368-4234
>Facsimile:  (203) 368-5485
>*Local Counsel for Mei Guo, HK International Funds Investments (USA) Limited, LLC, Lee Vartan, Esq., and Chiesa Shahinian & Giantomasi PC*