John F. O'Connor
202 429 8095
joconnor@steptoe.com

**Steptoe**

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

May 3, 2023

**VIA ELECTRONIC MAIL**

John A. Gibbons, Esq.
Blank Rome LLP
1825 Eye Street, N.W.
Washington, D.C. 20006
jgibbons@blankrome.com

Re:     **Genever Holdings, LLC -- Cancellation of Insurance Policies**

Dear John:

      We have been retained by AIG Property Casualty Company ("AIG") to respond to your letter of April 30, 2023 to Michael Bono, Esq., of Wade Clark Mulcahy LLP.  Your letter, sent on behalf of the Trustee of the bankruptcy estate of Ho Wan Kwok, asks AIG to reconsider its cancellation of certain insurance policies (the "Policies") issued to Genever Holdings LLC ("Genever") that insure property at 781 Fifth Avenue, 18th Floor, New York, New York 10022 (the "Unit") and two additional condominiums in the same building.  After consideration of your position, AIG declines to rescind its cancellation of the Policies.

      The Policies permit AIG to cancel the Policies upon "[d]iscovery of willful or reckless acts or omissions increasing the hazard insured against" as well as "[p]hysical changes in the property insured occurring after issuance . . . which result in the property becoming uninsurable in accordance with [AIG's] objective, uniformly applied underwriting standards in effect at the time the policy was issued or last voluntarily renewed."  As you are aware, on the morning of March 15, 2023, the Federal Bureau of Investigation ("FBI") arrested Ho Wan Kwok at the Unit on charges of financial fraud.  Later the same day, while investigators were still searching the Unit, a fire erupted at the Unit that significantly damaged the Unit.  As noted in public media accounts, the FBI and Fire Department of New York are investigating the origin and cause of the fire given its suspicious nature.

      At the time AIG first insured Genever, AIG was informed that Genever's direct owner was Ho Wan Kwak.  Prior to the fire, no one advised AIG that this representation was incorrect.  It appears, however, that this representation was inaccurate when made and was inaccurate at the

John A. Gibbons, Esq.
May 3, 2023
Page 2

**Steptoe**

time AIG issued the Policies. It appears that the actual facts are that Genever was owned by a corporation incorporated in the British Virgin Islands (Genever Holdings Corporation) and that Ho Wan Kwak was the sole shareholder in that corporation. Also, AIG learned after the fire that the United States Bankruptcy Court for the District of Connecticut had issued an order on August 10, 2022 directing the transfer of the shares of Genever Holdings Corporation to the Trustee assigned to Ho Wan Kwak's bankruptcy proceeding, solely in his capacity as Trustee, for the benefit of Ho Wan Kwak's estate, in order to prevent any purported sale of the Unit in violation of the orders of the bankruptcy court.

Your letter incorrectly asserts that AIG's cancellation alleges wrongdoing personally on the part of Mr. Despins. This is not correct. As Trustee, Mr. Despins stands in the shoes of the Debtor, here Ho Wan Kwak, with respect to claims in his capacity as Trustee. *See, e.g., Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995); *see also Wight v. BankAmerica Corp.*, 219 F.3d 79, 86 (2d Cir. 2000); *In re 1031 Tax Grp.*, 42 B.R. 178, 193 (Bankr. S.D.N.Y. 2009). Here, the transfer of shares in Genever Holdings Corporation was intended to prevent an unlawful sale of the property owned by Genever Holdings Corporation. It was not intended to confer upon Mr. Despins personally the economic benefits of ownership and, as we understand it, Ho Wan Kwak continued to possess and have full access to the Unit at all relevant times. Thus, the conduct of Ho Wan Kwak is imputed to Genever and the Trustee of his bankruptcy estate for purposes of rights and obligations under the Policies.

In addition, physical changes in the property have made it uninsurable. The Unit has suffered substantial damage under highly suspicious circumstances that are currently under investigation by federal and state government agencies. The resident of the Unit, who inaccurately had been represented to AIG as the direct, sole owner of Genever, is in federal custody on serious fraud charges, and the shares in the corporation that actually owns the Unit have been transferred to a bankruptcy Trustee who neither resides in the Unit nor has any economic interest in the Unit other than in his role as Trustee standing in the shoes of Ho Wan Kwak. In these circumstances, AIG falls comfortably within the bases in which it is entitled to cancel the Policies.

Your letter closes by stating that "Genever is examining the extent to which AIG's conduct may violate the Bankruptcy Code's automatic stay, among other things." The Policies, here, however, were issued postpetition. "An analysis of the case law relevant to postpetition insurance agreements reveals that an insurer of a debtor is entitled to cancel a *postpetition* insurance policy pursuant to its contractual provisions without violating the stay on the grounds that the stay never became effective." *In re New England Marine Servs., Inc.*, 174 B.R. 391, 396 (Bankr. E.D.N.Y. 1994); *see also In re Douglas*, 18 B.R. 813, 815 (Bankr. W.D. Tenn. 1982); *Bolin Oil Co. v. Reliance Ins. Co. (In re Bolin Oil Co.)*, 51 B.R. 936, 939 (Bankr. N.D. Ohio 1985); *Bogey's Barn, Ltd. v. Indiana Ins. Co. (In re Bogey's Barn Ltd.)*, 47 B.R. 555, 556 (Bankr. S.D. Fla. 1985); *Heaven Sent, Ltd. v. Centennial Ins. Co. (In re Heaven Sent, Ltd.)*, 50 B.R. 636, 639 (Bankr. E.D. Pa. 1985); *In re Patterson*, No. 09-22709, 2010 WL 1240735, at *2

John A. Gibbons, Esq.
May 3, 2023
Page 3

**Steptoe**

(Bankr. D. Conn. Mar. 19, 2010) ("[A]n insurer of a debtor is entitled to cancel a postpetition insurance policy pursuant to its contractual provisions without lifting the stay on the grounds that the stay never became effective." (quoting *In re New England Marine Servs.*, 174 B.R. 391 at 396)).

                                      Sincerely yours,

                                      John F. O'Connor