# BLANKROME

1825 Eye Street NW | Washington, D.C. 20006
blankrome.com

Phone:     (202) 420-3644
Fax:       (202) 379-9118
Email:     jgibbons@blankrome.com

April 30, 2023

Via Email MBono@wcmlaw.com

Michael Bono, Esq.
Wade Clark Mulcahy LLP
180 Maiden Lane
Suite 901
New York, NY 10038

Re:    Genever Holdings LLC Covered Insurance Claim and Insurance Coverage With AIG

Dear Mr. Bono:

We write on behalf of Genever Holdings LLC ("Genever").  We are in receipt of your April 17, 2023 and April 26, 2023 correspondence, sent on behalf of AIG, concerning the covered fire loss claim that Genever has submitted.  We will be addressing the assertions in those letters and AIG's failure to appropriately confirm coverage for the covered fire losses at a later time, but it suffices to say that AIG's rationale for denying coverage are no more compelling than the asserted rationales for canceling the policies.  We also are in receipt of five notices of cancellation AIG issued on April 25, 2023 that purport to cancel five insurance policies effective May 31, 2023.  The "reason[s] for cancellation" in the notices are identical:

> The reason for cancellation is discovery of willful or reckless acts by the insured increasing the hazard insured against. Additionally, physical changes in the property insured, after issuance of the renewal, which resulted in the property becoming uninsurable in accordance with the Company's underwriting standards.

The Insured under the policies is Genever:

> Name of Insured Mailing Address:
> Genever Holdings LLC
> Lus A. Despins Ch 11 Trustee
> of Ho Wan Kwok 200 Park Ave
> New York, NY 10166 USA

BLANKROME

Michael Bono, Esq.
April 30, 2023
Page 2

As AIG has acknowledged, court appointed trustee Luc A Despins, of Paul Hastings LLP, holds the shares of Genever's parent, and exerts control over Genever.

AIG has no basis nor support for the two asserted "reason[s] for cancellation." AIG offers no specifics for cancellation, but merely paraphrases two of the limited grounds that may be invoked for a cancellation of these renewal policies. The limited grounds for cancellation are onerous and AIG bears the burden of proving that it may properly invoke cancellation. The insurer's threadbare and fact-free notice of cancellation fails to satisfy the insurer's obligations of specificity and proof for cancellation. Moreover, even a cursory inspection of the asserted "reason[s] for cancellation" reveals that the cancellation is devoid of merit.

With respect to the first "reason," AIG generically asserts that it has discovered "willful or reckless acts by the insured [Genever] increasing the hazard insured against." Given Mr. Despins' trustee control, Genever acts through him. AIG does not identify any purported willful or reckless acts of Genever nor of Mr. Despins, as there are none, and AIG's unsubstantiated assertions are improper, and likely libelous. AIG similarly has not identified any purported increased hazard.

AIG's second assertion fares no better under scrutiny. The insurer does not identify any physical changes to the property, post renewal, that would render the property uninsurable. Indeed, the lone physical change to the property, that Genever is aware of, is that the residence suffered a fire during the policy period, covered under the insurance that AIG now attempts to cancel. The fact that Genever suffered an insured fire loss at the property is not a basis for AIG to cancel the policy. Moreover, the policy provision for cancellation mandates that any physical change must render the residence uninsurable "in accordance with our objective, uniformly applied underwriting standards at the time the policy was issued or last voluntarily renewed." *See*, *e.g.*, Homeowners Amendatory Endorsement NY for Policy PCG 0061821440. Genever is unaware of any objective, uniform underwriting standard by which AIG deems residences uninsurable simply because the residence suffered a covered casualty event. Indeed, AIG certainly does not advertise itself as applying such an unreasonable and unjust uniform underwriting standard.

AIG' notices of cancellation, and repudiation of the insurance policies it sold, constitutes an anticipatory breach of the policies. AIG has not satisfied, and cannot satisfy, the onerous standards for cancellation, and the notices of cancellation do not even attempt to satisfy AIG's burden. Indeed, AIG's cancellations appear to be retaliatory actions against Genever in response to Genever's submission of the insured fire loss claim for the damage to the residence at 781 Fifth Avenue, 18th Floor, and partial proof of loss. Submission of a loss claim is not a basis for AIG to seek cancellation of insurance. Moreover, AIG's notice of cancellation may place Genever's ownership of the residence in jeopardy of forfeiture, as maintaining insurance on the property is a requirement for continued ownership. As such, AIG is not only immediately liable for breach of its policies, but its conduct may result in additional consequential losses to Genever

**BLANKROME**

Michael Bono, Esq.
April 30, 2023
Page 3

for which AIG will be fully accountable and liable. In addition, as AIG is aware, Genever is a debtor-in-possession in a bankruptcy case pending in the Connecticut bankruptcy court, and Genever is examining the extent to which AIG's conduct may violate the Bankruptcy Code's automatic stay, among other things. We anticipate that AIG would not want to undertake actions that could lead it to being found to have violated the automatic stay.

AIG is obligated to immediately withdraw the notices of cancellation. Genever requests that AIG confirm withdrawal of the cancellation notices by 5:00 pm et Wednesday May 3, 2023.

Very truly yours,

John A. Gibbons

cc: Luc Despins, Esq.
James R. Murray, Esq.