**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Re: ECF No. 1770 |
| | ) | |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Before the Court is the motion of HK International Funds Investments (USA) Limited,

LLC ("HK USA"), Ms. Mei Guo (together with HK USA, the "HK Parties"), Attorney Lee

Vartan, and Chiesa Shahinian & Giantomasi PC ("CSG" and together with Attorney Vartan,

collectively, the "HK Attorneys") for a stay pending appeal of this Court's Order Awarding Fees

of Chapter 11 Trustee and His Counsel Pursuant to Sanctions Order (ECF No. 1693, the "Order

Awarding Amount of Sanctions") and Order Denying Motion for Relief from Judgment/Order

(ECF No. 1733, the "Order Denying Reconsideration").  (ECF No. 1770, the "Motion for Stay.")

The Order Awarding Amount of Sanctions determined the amount of reasonable

attorneys' fees and costs incurred by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee

(the "Trustee") for the estate of Mr. Ho Wan Kwok, to compel the HK Parties to comply with

Court-authorized subpoenas.  The HK Parties and the HK Attorneys were jointly and severally

sanctioned the fees and costs as compensatory damages for discovery abuses pursuant to Fed. R.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Civ. P. 37(b)(2)(C) by the Order Holding HK Parties in Contempt of Court and Sanctioning HK Parties, Attorney Vartan and Chiesa Shahinian & Giantomasi PC. (ECF No. 1537, the "Sanctions Order.") For the reasons stated below, the Court denies the Motion for Stay.

There are four elements that must be established for a stay pending appeal, namely, "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). As with the Second Circuit's preliminary injunction standard, the movant's burden on the first element – likelihood of success on the merits – varies depending on the strength or weakness of the movant's argument on the other elements under the specific facts and circumstances of the case. *Reno*, 309 F.3d at 100–01; *see Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010) (holding *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) remains the law of the Second Circuit). Therefore, the Court will first consider those other elements.

The HK Parties and the HK Attorneys argue that they will suffer irreparable harm because the HK Parties are subject to a preliminary injunction and a prejudgment remedy and do not have substantial liquidity. However, there is no evidence in the record that establishes the extent of Ms. Guo's assets. Furthermore, while HK USA has repeatedly asserted under oath that its only asset is the Lady May, it also owned the Lady May II, a fact that was not disclosed and only discovered after the entry of the preliminary injunction and prejudgment remedy. It is therefore possible other assets exist. Accordingly, the HK Parties have not met their burden to establish that paying the sanction will result in irreparable harm. For their part, the HK Attorneys advance no argument as to how the HK Attorneys would be irreparably harmed. Therefore, the HK Parties and the HK Attorneys have not established irreparable harm.

2

As to the next element, the HK Parties and the HK Attorneys argue that there is no prejudice to the Trustee because he can otherwise seek compensation from Mr. Kwok's estate in the ordinary course. However, it is well established in this case that the Trustee's ability to seek compensation from Mr. Kwok's estate is extremely limited given the paucity of assets Mr. Kwok admits he owns. Moreover, the purpose of the sanction is not to provide compensation from Mr. Kwok's estate, but rather to require the payment of expenses caused by the failure of the HK Parties and the HK Attorneys to comply with subpoenas and court orders relating to the discovery dispute pursuant to Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 37, made applicable in this case by D. Conn. Bankr. L.R. 1001-1(a)(1) and 2004-1(a). Accordingly, the HK Parties and the HK Attorneys have not established lack of prejudice to the Trustee.

With regard to the public interest element, the HK Parties and the HK Attorneys argue that the public interest supports a stay because the contempt power should not be lightly used. The Court does not understand this argument: As noted above, while the HK Parties – but not the HK Attorneys – were found in contempt, the sanction of reasonable attorneys' fees and costs was issued under Fed. R. Civ. P. 37(b)(2)(C) – not as a sanction for contempt, but due to the failure to comply with the subpoenas and court orders. Nevertheless, the Court did not use the contempt power lightly. Nor did it award the payment of expenses under Rule 37(b)(2)(C) lightly. The public has an interest in the integrity of the modern discovery regime established by the Federal Rules of Civil Procedure and parties involved in civil litigation must respect and abide those rules. For these reasons, the HK Parties and the HK Attorneys have not established that the public interest supports a stay pending appeal.

Returning to the element of likelihood of success on the merits, the Court concludes the HK Parties' and the HK Attorneys' burden is heavier because they have failed to establish the

other elements.  The HK Parties and the HK Attorneys argue that they are likely to succeed on the merits of their pending appeals of the Sanctions Order, the Order Awarding Amount of Sanctions, and the Order Denying Reconsideration.  They argue that the Court erred in entering the Sanctions Order because the HK Parties and the HK Attorneys diligently attempted to comply with the Court's Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoenas (ECF No. 1353, the "Order Compelling Production") and/or they misunderstood an ambiguous order.  They additionally argue that the Court erred in entering the Order Awarding Amount of Sanctions and the Order Denying Reconsideration because the Court did not afford the HK Parties 21 days to object to the Trustee's fees and the Trustee's fees are unreasonable.

The Motion for Stay does not seek to stay the Sanctions Order pending appeal. Nevertheless, because the HK Parties and the HK Attorneys raised the issue, the Court has considered whether the HK Parties diligently attempted to comply and whether there was a fair ground of doubt as to the terms of the Order Compelling Production.  Upon continuing review of the facts and circumstances of this case, and its conclusion in the Sanctions Order that the HK Parties did not diligently attempt to comply and that the Order Compelling Production was clear and unambiguous, the Court determines that its conclusions in the Sanctions Order were appropriate.  The Court concludes that the HK Parties and the HK Attorneys have not established a probability or possibility of success on appeal of the Sanctions Order.

As to the Order Awarding Amount of Sanctions and the Order Denying Reconsideration, the Court notes that the submission of the Trustee's fees was not a general-purpose fee application for compensation from estate assets.  Fed. R. Bankr. P. 2002(a)(6) provides that, unless a court orders otherwise, debtors, trustees, creditors, and indenture trustees (notably, the HK Parties and the HK Attorneys are none of these things) must be given 21 days' notice of an

application for more than $1,000 compensation from the estate. The purpose of this Rule is that

debtors, trustees as fiduciaries, creditors, and indenture trustees potentially have a pecuniary

interest in assets of the estate and, hence, in the amount of compensation awarded from the assets

of the estate.

No such pecuniary interest is at issue here. The Trustee's counsel are to be paid as

compensatory damages through a sanction issued against the HK Parties and the HK Attorneys –

an estate asset that does not exist but for the sanction.    In sum, the submission of the Trustee's

fees was ordered by this Court and was a *special* purpose application to determine the extent of

compensatory damages due for disobeying the subpoenas and court orders, to which application

Rule 2002(a)(6) is inapplicable.

The Court entered the Order Awarding Amount of Sanctions after a thorough review of

the time entries, considering the nature of the work described. The Court is intimately aware of

the work the Trustee's counsel had to do in seeking compliance with subpoenas and court orders

and was well equipped to assess the reasonableness of the expenses awarded. As to the specific

arguments raised by the HK Parties and the HK Attorneys, the Court concludes, as stated in the

Order Denying Reconsideration, that they lack merit. By way of example, the following are

arguments raised that are without merit:

1. The HK Parties and HK Attorneys argue that the Trustee's approach of reducing by
50% the fees associated with time entries relating to the prosecution of the Motion to Compel
(ECF No. 1046) addressing collectively Mr. Kwok and the HK Parties is unreasonable.

> The Court disagrees. The 50% reduction approach is reasonable on these facts and
> circumstances. The prosecution of the Motion to Compel against Ms. Hing Chi Ngok
> and Greenwich Land LLC has been proceeding through a series of consent orders. The
> Trustee's application did not bill for these hours. The prosecution of the Motion to
> Compel against Golden Spring (New York) Ltd. and Lamp Capital, LLC has proceeded
> through efforts to elicit a response where none has been forthcoming and, ultimately, to
> hold them in contempt. The Trustee's application did not bill for these hours. Mr. Kwok,
> however, made the same arguments as the HK Parties through the same attorneys in the

same pleadings and at hearings for much of the prosecution of the Motion to Compel. The Trustee's application billed for these shared hours and reduced the bill by half. Pointedly, the Trustee did not bill for the subsequent litigation about Mr. Kwok's invocation of the fifth amendment.

2.  The HK Parties and HK Attorneys argue that New York rates are unreasonable.

The Court disagrees.  New York rates are reasonable because (i) Paul Hastings was retained at New York rates and (ii) these cases are extraordinary within this district.

3.  The HK Parties and HK Attorneys argue that the number of partner and of counsel hours worked are unreasonable.

The Court disagrees.  The number of partner and of counsel hours worked was reasonable given the extent of the litigation related to this discovery dispute.

4.  The HK Parties and HK Attorneys argue that the fees sought are unreasonable because the HK Parties' objection to the Motion to Compel was partially sustained.

The Court disagrees.  The Second Circuit, as the Court previously noted in the Sanctions Order, has held that it does not matter that the HK Parties objections to the Motion to Compel were partially sustained. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 288 (2d. Cir. 2021) (sanctions of attorneys' fees and costs discussed in different context).

In sum, the Court concludes that the HK Parties and the HK Attorneys have not established a

possibility, probability, or likelihood of success on the merits.

For the reasons set forth above, the HK Parties and the HK Attorneys have not

established the requisite elements for a stay pending appeal.  Accordingly, it is hereby

ORDERED:  The Motion for Stay is **DENIED**.

Dated at Bridgeport, Connecticut this 15th day of May, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut

6