**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
HO WAN KWOK, et al.,                :    Case No. 22-50073 (JAM)
                                    :
        Debtors.¹                   :    Jointly Administered
                                    :
-------------------------------------------------x
```

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING GTV
MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., AND G-CLUB OPERATIONS
LLC TO COMPLY WITH RULE 2004 SUBPOENAS AND FOR ENTRY OF AN ORDER
HOLDING G-CLUB US OPERATIONS LLC, G-CLUB US OPERATIONS INC.,
HUDSON DIAMOND NY LLC, HUDSON DIAMOND HOLDING LLC, G-FASHION
LLC, GNEWS LLC, US HIMALAYA CAPITAL INC., NEW YORK MOS HIMALAYA
LLC, CRANE ADVISORY GROUP LLC, AND MAYWIND TRADING LLC IN CIVIL
CONTEMPT FOR FAILING TO RESPOND TO RULE 2004 SUBPOENAS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed with

respect to the Debtor's chapter 11 case (the "Chapter 11 Case"), hereby files this motion

(the "Motion to Compel") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to Rules 26 and 37 of the Federal Rules of Civil

Procedure (the "Federal Rules"), and Rules 2004 and 9016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), compelling GTV Media Group, Inc. ("GTV Media"), Saraca

Media Group, Inc. ("Saraca Media"), and G-Club Operations LLC ("G-Club Operations," and

together with GTV Media and Saraca Media, the "Noncompliant Respondents"), G-Club US

---

¹   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
    Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and
    Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever
    BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for
    the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY LLC ("Hudson Diamond NY"), Hudson Diamond Holding LLC ("Hudson Diamond Holding"), G-Fashion LLC ("G-Fashion"), GNews LLC ("GNews"), US Himalaya Capital Inc. ("US Himalaya Capital"), New York MOS Himalaya LLC ("New York MOS Himalaya"), Crane Advisory Group LLC ("Crane Advisory Group"), and Maywind Trading LLC ("Maywind Trading" and together with G-Club US Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, GNews, US Himalaya Capital, New York MOS Himalaya, and Crane Advisory Group, the "Defaulting Respondents" and collectively with the Noncompliant Respondents, the "Respondents") to comply with this Court's Rule 2004 Orders[2] and with the subpoenas (the "Subpoenas")[3] the Trustee issued pursuant to such orders.[4]  In support of the Motion to Compel, the Trustee submits the *Declaration of Avram E. Luft in Support of Motion to Compel* (the "Luft Declaration"),[5] and respectfully states as follows:

## **PRELIMINARY STATEMENT**

1.      Since his appointment, the Trustee has been conducting an investigation at the Court's direction to identify potential assets of the Debtor's estate (the "Estate") notwithstanding

---

[2]    The term "Rule 2004 Orders" shall mean the Court's (i) *Order Granting Chapter 11 Trustee's Application for Rule 2004 Discovery with Respect to Various Entities and Individuals Affiliated with Debtor* [ECF No. 758] (the "Associated Entity Rule 2004 Order"), (ii) *Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1184] (the "Second Supplemental Rule 2004 Order"), and (iii) *Order Granting Third Supplemental Omnibus Motion of Chapter 11 Trustee for entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with respect to Additional Entities and Individuals Affiliated with Debtor, Relevant Banks and Entities Doing Business with Debtor and Affiliated Entities* [ECF No. 1339] (the "Third Supplemental Rule 2004 Order").

[3]    A copy of each Subpoena is attached to the Luft Declaration (as defined herein) at **Exs. B-1 to B-13**.

[4]    In addition to the Respondents, the Trustee has also served Subpoenas on the following entities believed to be now dissolved: Infinity Treasury Management Inc., GNews Media Group Inc., Gbroadcast, LLC, and GLive, LLC.

[5]    The Luft Declaration is being filed contemporaneously herewith.

the Debtor's contention that he has virtually no assets to his name. The Trustee's primary means of conducting the investigation thus far has been by seeking document productions pursuant to seven Rule 2004 Orders. The Trustee has served no less than 105 Subpoenas and corresponding Document Requests on Rule 2004 targets, and has received over 100,000 documents in response to those Requests. Yet, key Respondents have not complied with their Subpoenas, impeding the Trustee's investigation as to key investigation targets, and others have failed to respond altogether.

2.      Specifically, as set forth herein, the Noncompliant Respondents have refused to comply with the Subpoenas. Two Noncompliant respondents—GTV Media and Saraca Media— who were served with Subpoenas in August, responded initially to their Subpoenas through counsel, but after lengthy meet and confers (but no productions of even a single document), their mutual counsel abruptly resigned, instead referring the Trustee's counsel to Aaron Mitchell, who has disclaimed any knowledge or responsibility for Saraca Media and has failed to provide Trustee's counsel the contact information of new counsel retained by GTV, if any.  Since then, neither entity has communicated with the Trustee, much less produced any documents in response to their Subpoenas.

3.      The third Noncompliant Respondent, G-Club Operations initially objected to every single request in its Subpoena and refused to produce a single document, first claiming that it was willing to comply provided the requests were limited due to G-Clubs Operations' very limited connection to the Debtor (saying his only connection was as an unpaid spokesperson), and then, after it was pointed out that based on information presented to the Court, it had already been recognized by the Court that there was in fact a distinct connection between the Debtor and G-Club, G-Club Operations did another about face, asserting that it would again not agree to comply with the Subpoena because its client was insulted by counsel for the Trustee referencing the

Debtor's connection to G-Club—a connection found to exist by this Court.  More recently, counsel for G-Club Operations once more changed its tune, indicated a new willingness to comply, but noting that senior members of G-Club Operations' management team resigned following the organization being named in the March 15, 2023 SEC Complaint[6] and that the entity was in the process of onboarding an independent director/manager, who would allegedly place responding to the Subpoena at the top of their priority list.  However, despite multiple promises that only a day or two was needed, for the onboarding to happen and the production to start, we are now weeks later, and G-Club Operations still has not produced a single document responsive to the Subpoena.

4.      Further, the Trustee seeks relief against the Defaulting Respondents for failure to comply in any way with the Trustee's Subpoenas.  The Defaulting Respondents, all of which have been served with Subpoenas, have failed to (i) communicate or meet and confer with the Trustee, despite multiple attempts by the Trustee to do so, (ii) serve responses and objections, or (iii) produce any responsive documents.  The Defaulting Respondents should be held in civil contempt for such failure.

5.      All the Respondents addressed by this Motion are closely linked with the Debtor and are key targets to the Trustee's investigation into the Debtor's affairs.  For instance, Saraca Media, the parent company to both GTV Media, GNews, and the other Kwok related G-media enterprises, ██████████████████████████████████████████████████████ ████████████████████████████████████.  Saraca Media is also the registered owner of trademarks associated with the Debtor's name and likeness.  GTV Media, Saraca Media, Hudson Diamond NY, and Hudson Diamond Holding also all share a mailing address with Golden Spring (New York) Ltd., the Debtor's purported home office.  G-Club Operations, G-Club US Operations

---

[6]    Capitalized terms not defined within this Preliminary Statement take the meaning assigned to them, below.

Inc., G-Club US Operations LLC, G-Fashion, and GNews are all part of the Debtor's G-Series entities—entities that this Court held serve as business vehicles for the Debtor.

## FACTUAL BACKGROUND

**I.   Trustee's Rule 2004 Motions, Orders, and Subpoenas**

6.     On July 28, 2022 the Trustee filed a motion for Rule 2004 discovery as to various entities and individuals affiliated with the Debtor, including GTV Media and Saraca Media (the "Associated Entity Rule 2004 Motion").[7]

7.     On August 16, 2022, the Court entered the Associated Entity Rule 2004 Order[8] authorizing the Trustee to examine GTV Media and Saraca Media pursuant to Rule 2004 and serve the Subpoenas and document requests attached thereto.  The Associated Entity Rule 2004 Order directed GTV Media and Saraca Media to, among other things: (i) "produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee[,]" and (ii) "ensure that all documents and other information, including without limitation in any electronic format . . . are available for production . . . [and] are not destroyed."[9]

8.     On August 19, 2022, the Trustee served a Subpoena on GTV Media via email.[10] On August 22, 2022, the Trustee served a Subpoena on Saraca Media via process server.[11] The Subpoenas directed GTV Media and Saraca Media to produce documents responsive to between twenty (20) and twenty-two (22) requests for production ("Requests") concerning the Debtor's

---

[7]   *See* [ECF No. 638].

[8]   *See* [ECF 758].

[9]   *See id*. at 2.

[10]   *See* Luft Decl., **Ex. C-1**.

[11]   *See* Luft Decl., **Ex. C-2**.

acts, conduct, and/or property, among other topics related to the Debtor's financial condition and affairs.[12]

9.        On September 7, 2022, the Trustee submitted his first supplemental motion for Rule 2004 discovery with respect to additional professionals, persons and entities related to the Debtor, and relevant financial institutions (the "First Supplemental Rule 2004 Motion").[13]  On September 21, 2022, the Court entered an order granting the First Supplemental Rule 2004 Motion.[14]

10.       On November 18, 2022, the Trustee filed a second supplemental omnibus motion for Rule 2004 discovery with respect to additional professionals, persons and entities related to the Debtor, and relevant financial institutions (the "Second Supplemental Rule 2004 Motion").[15] On December 2, 2022 the Court entered the Second Supplemental Rule 2004 Order.[16] The Second Supplemental Rule 2004 Order directed G-Club Operations, G-Club US Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, GNews, and US Himalaya Capital, among others, to: (i) "produce all documents within 30 days of the service of the subpoena, or such other time as agreed upon by the Trustee[,]" and (ii) "ensure that all documents and other information, including without limitation in any electronic format . . . are available for production . . . [and] are not destroyed."[17]

---

[12]    The Requests are attached as Exhibit A to each of the Subpoenas.  *See* n.3, *supra*.

[13]    *See* [ECF No. 839].

[14]    *See* [ECF No. 866].

[15]    *See* [ECF No. 1116].

[16]    *See* [ECF No. 1184].

[17]    *Id*. at 3.

11.     Between December 7, 2022 and December 9, 2022, counsel to the Trustee served Subpoenas on G-Club Operations,[18] G-Club US Operations LLC,[19] G-Club US Operations, Inc.,[20] Hudson Diamond NY,[21] Hudson Diamond Holding,[22] G-Fashion,[23] GNews,[24] and US Himalaya Capital.[25]   The Subpoenas directed each entity to produce documents responsive to twenty-one (21) Requests concerning the Debtor's acts, conduct, and/or property, among other topics related to the Debtor's financial condition and affairs.[26]

12.     On December 21, 2022, the Trustee filed a third supplemental omnibus motion for Rule 2004 discovery with respect to additional professionals, persons and entities related to the Debtor, and relevant financial institutions (the "Third Supplemental Rule 2004 Motion").[27] On January 18, 2023, the Court entered the Third Supplemental Rule 2004 Order.[28]   The Third Supplemental Rule 2004 Order directed New York MOS Himalaya, Crane Advisory Group, and Maywind Trading, among others, to: (i) "produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee[,]" and (ii) "ensure that all

[18]   *See* Luft Decl., **Ex. C-3**.

[19]   *See* Luft Decl., **Ex. C-4**.

[20]   *See* Luft Decl., **Ex. C-5**.

[21]   *See* Luft Decl., **Ex. C-6**.

[22]   *See* Luft Decl., **Ex. C-7**.

[23]   *See* Luft Decl., **Ex. C-8**.

[24]   *See* Luft Decl., **Ex. C-9**.

[25]   *See* Luft Decl., **Ex. C-10**.

[26]   The Requests are attached as Exhibit A to each of the Subpoenas.  *See* n.3, *supra*.

[27]   *See* [ECF No. 1259].

[28]   *See* [ECF 1339].

documents and other information, including without limitation in any electronic format . . . are available for production . . . [and] are not destroyed."[29]

13.     Between January 25, 2023 and January 31, 2023, counsel to the trustee served Subpoenas on New York MOS Himalaya,[30] Crane Advisory Group,[31] and Maywind Trading.[32] The Subpoenas directed each entity to produce documents responsive to twenty-one (21) Requests concerning the Debtor's acts, conduct, and/or property, among other topics related to the Debtor's financial condition and affairs.[33]

## II.    **Background Regarding Respondents**

14.     Each of the Respondents is an entity associated with the Debtor.  These Respondents are important discovery targets that are uniquely situated to have information directly related to the issues the Trustee is investigating, as follows:

15.     *GTV Media and Saraca Media***:** GTV Media is a media platform that acts as a centralized video platform hosting content that supports the Debtor's social media presence. Saraca Media is the parent company to GTV Media. Both Saraca Media and GTV Media list 162 East 64th Street, New York, New York as a corporate mailing address—the same address the Debtor listed as his address in his Chapter 11 Voluntary Petition.[34] ██████████████████████████
███████████████████████████████████.[35]

---

[29]    *Id.* at 1, 2.

[30]    *See* Luft Decl., **Ex. C-11**.

[31]    *See* Luft Decl., **Ex. C-12**.

[32]    *See* Luft Decl., **Ex. C-13**.

[33]    The Requests are attached as Exhibit A to each of the Subpoenas.  *See* n.3, *supra*.

[34]    *See* Luft Decl., **Ex. O** (Saraca Media); **Ex. P** (GTV Media).  *See also* [ECF No. 1].

[35]    *See* Luft Decl., **Ex. G at HR0002388**.

16. ████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████[36] Saraca Media also

is the registered owner with the United States Patent and Trademarks Office of the marks "Miles

Kwok," "Miles Guo," and "Guo Wengui."[37]  Finally, Saraca Media registered "Himalaya Coin"

and "Himalaya Dollar" as its assumed names in the State of New York, using filings signed by

Yvette Wang, president of Golden Spring.[38]

17.   Saraca Media and GTV Media were the subject of an Order Instituting Cease-and-

Desist Proceedings filed by the U.S. Securities and Exchange Commission (the "September 13,

2021 SEC Order"), which resulted in an aggregate obligation to pay to the SEC more than $539

million in civil penalties, disgorgement, and interest.[39] The September 13, 2021 SEC Order found

that GTV Media and Saraca Media (along with Voice of Guo Media, Inc., who is not a Respondent

to this Motion) conducted an illegal unregistered offering of GTV Media's common stock, and

charged GTV Media and Saraca Media with an illegal unregistered offering of a crypto currency

referred to as G-Coin or G-Dollar.

18.   *G-Club Operations, G-Club US Operations Inc., G-Club US Operations LLC, G-*

*Fashion, and GNews*: The Debtor has a web of "GSeries" entities comprised of for-profit and not-

for profit entities that are used as vehicles for the Debtor's commercial interests. The three G-Club

---

[36]   *See* Luft Decl., **Ex. K**.

[37]   *See* Luft Decl., **Ex. L**.

[38]   *See* Luft Decl., **Ex. M** (Himalaya Coin Certificate of Assumed Name); **Ex. N** (Himalaya Dollar Certificate of Assumed Name).

[39]   *See* U.S. Securities and Exchange Commission, Order, In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc., Admin. Proc. File No. 3-20537, Release No. 10979 (dated Sept. 13, 2021).

Respondents offer a membership service which purports to provide "'concierge customer service' and special access to [Debtor's] fashion collections, music releases, and an annual GSummit."[40] G-Fashion is a clothing brand created and promoted by the Debtor. GNews is owned by Saraca Media and "runs articles summarizing [Debtor's] pronouncements."[41]

19.     In a Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction (the "Preliminary Injunction Decision"), this Court found that "The GSeries includes the following entities: Himalaya Exchange, Gettr, **GFashion**, GMusic, **GClubs**, **GNews**, and GEdu";[42] "The G in GSeries stands for Guo";[43] and "The Debtor is the leader of the Whistleblower Movement, NFSC, ROLF, and Himalaya. The Whistleblower Movement, NFSC, ROLF, **GSeries**, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor."[44]

20.     _Hudson Diamond NY and Hudson Diamond Holding_: Hudson Diamond Holding is a Delaware limited liability company purportedly owned by Mei Guo.[45] Hudson Diamond NY is a subsidiary of Hudson Diamond Holding. Both entities list 162 East 64th Street, New York, New York as a corporate mailing address.[46] Both Yvette Wang[47] and Max Krasner, acting as employees

---

[40]   _See_ Dan Friedman, _A Fugitive Chinese Tycoon Met Steve Bannon. Misinformation Mayhem Ensued. The weird, wild, and scary tale of Miles Guo_, Mother Jones (March-April 2022 Issue) (last visited March 20, 2022), https://www.motherjones.com/politics/2022/02/guo-wengui-miles-guo-gettr-steve-bannon/).

[41]   _Id._

[42]   Adv. P. No 22-05032 ECF No. 133 at pg. 10, ¶ 2 (emphasis added).

[43]   _Id._ at pg. 10, ¶ 3.

[44]   _Id._ at pg. 11, ¶7 (emphasis added).

[45]   _See_ Luft Decl., **Ex. G at HR0002387**.

[46]   _See_ Luft Decl., **Ex. H** (Hudson Diamond NY LLC); Luft Decl., **Ex. I** (Hudson Diamond Holding)

[47]   The Court has already ruled that "[t]he Debtor has control over Ms. Wang" and that he "has employed Yvette Wang for several years, and has directed her to take actions on his behalf, including directing her to act on his

and/or agents of the Debtor, served as officers and/or authorized signatories of both Hudson Diamond NY and Hudson Diamond Holding.[48]  Hudson Diamond NY, through Max Krasner, explored numerous potential real estate purchases on behalf of the Debtor.[49] ████████████████

████████████████████████████████████████████████████████████

████[50]

      21.     *US Himalaya Capital and New York MOS Himalaya*: US Himalaya Capital and New York MOS Himalaya have been linked to "Himalaya Farms," which the Preliminary Injunction Decision described as "social media groups used by members of the [New Federal State of China, a purported government in exile founded by Debtor and Steve Bannon] to communicate with each other."[51]

      22.     *Crane Advisory*: Crane Advisory is a New York limited liability company believed to have received payments from the Debtor's unregistered security offerings.

      23.     *Maywind Trading*: Maywind Trading is purportedly owned by Sarah Wei, who is also believed to be associated with GTV Media. Maywind Trading is believed to have received

---

behalf to purchase properties such as the Sherry-Netherland apartment." Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order ¶ 4 [ECF No. 1372].

[48]   *See* Luft Decl., **Ex. T** (Wang elected as President and signing officer of Hudson Diamond NY. Krasner elected as Vice President.) ; **Ex. U** (Wang elected President Hudson Diamond Holding. Krasner elected Vice President.).

[49]   *See* Luft Decl. **Ex. V** at 87:25-88:12 (Q: "Were you ever told that there was any decision maker other than Mr. Kwok in connection with real estate transactions related to the work you were doing for Golden Spring, Greenwich Land, or Hudson Diamond [NY]?" A: "I was never told who was making the decisions on any of them . . . except in the e-mails, whatever was sent to me, but that was it." Q: "And in those e-mails, the only person referenced was Miles Kwok, correct?" A: "Correct").

[50]   *See* Luft Decl., **Ex. J**.

[51]   Adv. P. No 22-05032 ECF No. 133 at pg. 10, ¶ 2.

11

payments in connection with the Debtor's promotion of GTV Media and with the Debtor affiliated Himalaya Exchange.

## III.    Noncompliant Respondents' Responses and Objections to Subpoenas, Discovery Conferences, and Document Productions

### A.    Saraca Media and GTV Media

24.    On or around September 13, 2022, Jeremy Temkin of Morvillo Abramowitz Grand Iason & Anello PC ("Morvillo") informed counsel to the Trustee that his firm had been retained to represent GTV Media in response to the Subpoena and Requests.  On or around September 16, 2022, Mr. Temkin informed counsel to the Trustee that Morvillo had also been retained to represent Saraca Media in response to its Subpoena and Requests.

25.    Counsel to the Trustee subsequently extended the deadline for GTV Media and Saraca Media to respond and object to their Subpoenas until October 3, 2022. The deadline for each entity's document production was extended to that same date.

26.    On October 3, 2022, Morvillo served timely objections and responses on behalf of both GTV Media[52] and Saraca Media.[53] GTV Media's and Saraca Media's objections and responses contained numerous offers of production subject to various general and specific objections and noted a willingness to meet and confer regarding most other of the Requests.

27.    On October 7, 2022, counsel to the Trustee met and conferred with Morvillo regarding GTV Media's and Saraca Media's objections and responses. During that meet and confer, the parties discussed a Relativity database that was set up in connection with document productions made by GTV Media and Saraca Media to the SEC in connection with the

---

[52]    *See* Luft Decl., **Ex. D-1**.

[53]    *See* Luft Decl., **Ex. D-2**.

September 13, 2021 SEC Order (the "GTV and Saraca Database").  Morvillo indicated that it would provide counsel to the Trustee the parameters of the GTV and Saraca Database (the "GTV and Saraca Database Parameters"), to better allow counsel to the Trustee to determine the potential responsiveness of the documents in the GTV and Saraca Database to the Trustee's Subpoenas to GTV Media and Saraca Media.  For instance, Morvillo indicated that the GTV and Saraca database may not have included documents from custodians potentially important to the Trustee's investigation, such as Aaron Mitchell—who Morvillo indicated served on GTV's Board. Counsel to the Trustee indicated a willingness to consider the documents on the GTV and Saraca Database, but said that without a complete understanding of the Databases parameters, and with key custodians potentially missing, the Trustee could not blindly accept the documents on the GTV and Saraca Database as a complete substitute for targeted searches responsive to the Subpoena and Requests.

28.    Counsel to the Trustee did not receive the GTV and Saraca Database Parameters until November 2, 2023.[54]  On November 7, 2022, counsel to the Trustee sent Morvillo a detailed list of questions regarding the GTV and Saraca Database Parameters.[55]

29.    The Trustee never received responses to their follow-up questions regarding the GTV and Saraca Database.[56]

30.    On November 28, 2022, more than fifty days after GTV Media's and Saraca Media's document productions were due, counsel to the Trustee demanded that both entities

---

[54]    *See* Luft Declaration **Ex. E at E-9**.

[55]    *See* Luft Declaration **Ex. E at E-8**.

[56]    *See* Luft Declaration **Ex. E at E-5 through E-7**.

complete their production of documents (including privilege log(s)) on or before December 2, 2022.[57]

31.    On November 29, 2022, Morvillo responded that it had ceased representing Saraca Media on November 23, 2022 and had ceased representing GTV Media on November 29, 2022.[58] On December 1, 2022, and upon further inquiry by counsel to the Trustee, Morvillo clarified that it had withdrawn as counsel to both GTV Media and Saraca Media.[59]  On December 14, 2022, Morvillo indicated that all future inquiries regarding the Subpoenas to GTV Media and Saraca Media should be issued to Aaron Mitchell.[60]

32.    On December 15, 2022 Counsel to the Trustee reached out to Aaron Mitchell regarding the Subpoenas to GTV Media and Saraca Media.[61] On December 16, 2022, Mr. Mitchell indicated that he would speak to Mr. Temkin of Morvillo regarding GTV Media's Subpoena and would provide counsel to the Trustee with GTV Media's new counsel once retained.[62] Mr. Mitchell indicated that he had no authority to act on behalf of Saraca Media.

33.    On December 21, 2022, counsel to the Trustee reached out to Mr. Mitchell inquiring whether GTV Media had retained new counsel.[63] Counsel to the Trustee also inquired to whom communication should be directed with respect to Saraca Media's Subpoena. Counsel

---

[57]   *See* Luft Declaration **Ex. E at E-4**.

[58]   *See* Luft Declaration **Ex. E at E-2 through E-3**.

[59]   *See* Luft Declaration **Ex. E at E-2**.

[60]   *See* Luft Declaration **Ex. E at E-1**.

[61]   *See* Luft Declaration **Ex. F at F-1 through F-2**.

[62]   *See* Luft Declaration **Ex. F at F-1**.

[63]   *Id.*

to the Trustee has not received a response to these inquires, and has not received any document productions responsive to GTV Media's or Saraca Media's Subpoenas.

**B. G-Club Operations**

34.     On or around December 21, 2022, Carolina Fornos of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") reached out to counsel to the Trustee informing counsel to the Trustee that Pillsbury was retained by G-Club Operations to respond to its Subpoena and requesting to extend G-Club Operations' response and objection deadline.

35.     On December 21, 2022, counsel to the Trustee consented to a 14-day extension of time for G-Club Operations to respond and object to its Subpoena.

36.     On January 4, 2023, Pillsbury requested and was granted an additional 3-day extension to respond and object to G-Club Operations' Subpoena.

37.     On January 9, 2023, G-Club Operations served its objections and responses to its Subpoena.[64] G-Club Operations' objections and responses contained a variety of boilerplate objections around relevance, proportionality, and breadth, among other things. G-Club Operations did not offer to produce any documents in response to its Subpoena.

38.     On February 9, 2023 counsel to the Trustee met and conferred with Ms. Fornos regarding G-Club Operations' objections and responses.  Ms. Fornos relayed that she believed the Subpoena was too broad as to G-Club Operations, noting that the Debtor's entire relationship to G-Club Operations was that he was only an unpaid spokesperson for the entity. Counsel to the Trustee reiterated the findings that this Court made in the Preliminary Injunction Decision with regards to the Debtor's relationship to the GSeries entities, including the G-Club entities. Noting the Preliminary Injunction Decision, counsel to the Trustee stated that the record to date reflected

---

[64]     *See* Luft Decl., **Ex. D-3**.

that G-Club Operations was closely linked to the Debtor.  Ms. Fornos agreed to re-review the Requests and highlight those requests where G-Club Operations did not have any responsive documents. Counsel to the Trustee agreed to brainstorm ways to focus on the highest priority Requests, potentially through the compilation of targeted search terms, while not agreeing that any requests were inappropriate or need not be responded to.

39.     On March 7, 2023, counsel to the Trustee held a second meet and confer with Ms. Fornos. Prior to this second meet and confer, and consistent with the parties' agreement in the first meet and confer, counsel to the Trustee prepared search terms for the highest priority Requests.  However, during the second meet and confer, Ms. Fornos, for the first time, said that G-Club Operations was "extremely troubled" by the representations regarding the Debtor's relationship to G-Club Operations made during the parties' first meet and confer, where counsel to the Trustee reiterated the findings of this Court in the Preliminary Injunction Decision. Ms. Fornos said that G-Club Operations could not move forward with responding to its Subpoena given the statements by counsel reflecting the Court's decision. Ms. Fornos told counsel to the Trustee that G-Club Operations would inform the Trustee of any relief that G-Club Operations would seek with this Court with respect to the Preliminary Injunction Decision's findings of facts or G-Club Operations' Subpoena by March 10, 2023.

40.     Having not heard from Ms. Fornos regarding any relief sought by G-Club Operations, counsel to the Trustee emailed Ms. Fornos on April 6, 2023, demanding that G-Club Operations complete its entire production of responsive documents on or before April 10, 2023.[65]  On April 9, 2023, Ms. Fornos responded, in part, by saying that G-Club Operations "has been busy understanding the charges that have been filed and how they impact the Trustee's

---

[65]  *See* Luft Decl., **Ex. Q at Q-1**.

request."[66]  Ms. Fornos also requested another meet and confer to discuss the Trustee's

Subpoena.[67]

41.     On April 11, 2023, counsel to the Trustee held a third meet and confer with Ms.

Fornos. Ms. Fornos indicated that a number of G-Club Operations' executives, including its chief

executive officer, general counsel, and associate general counsel, resigned following the March

15, 2023 SEC Complaint, which named G-Club Operations.[68] Counsel to the Trustee asked Ms.

Fornos to prioritize responsive documents and records concerning G-Club Operations' bank

accounts, assets, and any transfers of funds or assets. Ms. Fornos said that she would provide

counsel to the Trustee an update no later than April 25, 2023.

42.     On April 25, 2023, Ms. Fornos emailed counsel to the Trustee reiterating that G-

Club Operations "experienced significant resignations of senior managers following the recent

news relating to Miles Guo."[69]  Ms. Fornos said that G-Club Operations "is in the process of

retaining an independent director/manager," saying that "we are optimistic that this can be in

place by next week."[70]  Ms. Fornos said that once the independent director/manager was in

place, the parties could "discuss a path forward and schedule with respect to the Trustee's Rule

2004 requests[.]"[71]

---

[66]  *Id.*

[67]  *Id.*

[68]  *See SEC v. Ho Wan Kwok, et. al.*, Complaint, United States District Court Southern District of New York, 1:23-cv-02200-PGG (March 15, 2023) (hereinafter referred to as the "March 15, 2023 SEC Complaint").

[69]  *See* Luft Decl., **Ex. R at R-2**.

[70]  *Id.*

[71]  *Id.*

43.     Counsel to the Trustee spoke with Ms. Fornos on April 28, 2023. Counsel to the Trustee requested that G-Club Operations begin producing responsive documents on May 1, 2023. Ms. Fornos indicated that G-Club Operations was in the process of onboarding the independent director/manager, a process she expected to be concluded in a few days, and said that the Trustee's Subpoena was at the top of the independent director's priority list. Ms. Fornos indicated that she would discuss the Subpoena with the independent director, and would update counsel to the Trustee by no later than May 3, 2023. Ms. Fornos said that she did not anticipate that G-Club Operations would have any difficulties producing responsive documents once the independent director was in place.

44.     Having not heard from Ms. Fornos on May 3, 2023, counsel for the Trustee reached out to Ms. Fornos on May 8, 2023 asking for an update as to G-Club Operations' compliance with the Subpoena.[72] Counsel for the Trustee asked that G-Club Operations begin immediate production of responsive documents, and reserved all rights to seek assistance of this court if G-Club Operations did not begin immediate production.[73] On May 9, 2023, Ms. Fornos emailed counsel to the Trustee saying, "GClub Operations continues to actively work to engage an independent director. Although that effort is far along, it is not yet concluded. Once concluded, addressing the Trustee's requests is a top priority. We will provide you with an update next week."[74] Over a month has passed since counsel for G-Club Operations noted the resignations of certain executives, as the third excuse they have offered for why they have not yet complied with their subpoena.

## IV.    Defaulting Respondents' Failure to Respond to Subpoenas

---

[72]    *See* Luft Decl., **Ex. R at R-1.**

[73]    *Id.*

[74]    See Luft Decl., **Ex. S**.

45.    The Defaulting Respondents are G-Club US Operations LLC, G-Club US Operations Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, GNews, US Himalaya Capital, New York MOS Himalaya, Crane Advisory Group, and Maywind Trading.

46.    The Trustee has served valid Subpoenas on all Defaulting Respondents. Specifically:

- Counsel to the Trustee served **Hudson Diamond NY** via process server on December 7, 2022 at a New York address for its registered agent. Hudson Diamond NY's deadline to serve objections was on December 21, 2022 and its deadline for the production of documents was on January 6, 2023. The Trustee has not received any objections or document productions from Hudson Diamond NY. Counsel to the Trustee sent a letter to the registered agent of Hudson Diamond NY on January 24, 2023 to follow up on the Subpoena. Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **Hudson Diamond Holding** via process server on December 7, 2022 at a Delaware address for its registered agent. Hudson Diamond Holding's deadline to serve objections was on December 21, 2022 and its deadline for the production of documents was on January 6, 2023. The Trustee has not received any objections or document productions from Hudson Diamond Holding. Counsel to the Trustee sent a letter to the registered agent of Hudson Diamond Holding on January 4, 2023 to follow up on the Subpoena. Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **GNews** via process server on December 7, 2022 at a Delaware address for its registered agent. GNews' deadline to serve objections was on December 21, 2022 and its deadline for the production of documents was on January 6, 2023. The Trustee has not received any objections or document productions from GNews.

- Counsel to the Trustee served **G-Club US Operations LLC** via process server on December 7, 2022 at a Delaware address for its registered agent. G Club US Operations LLC's deadline to serve objections was on December 21, 2022 and its deadline for the production of documents was on January 6, 2023. The Trustee has not received any objections or document productions from G Club US Operations LLC. Counsel to the Trustee sent a letter to the registered agent of G Club US Operations LLC on January 4, 2023 to follow up on the Subpoena. Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **G-Club US Operations Inc.** via process server on December 8, 2022 at a Delaware address for its registered agent. G Club US

Operations Inc.'s deadline to serve objections was on December 22, 2022, and its deadline for the production of documents was on January 9, 2023.  The Trustee has not received any objections or document productions from G Club US Operations Inc.  Counsel to the Trustee sent a letter to the registered agent of G Club US Operations Inc. on January 4, 2023 to follow up on the Subpoena. Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **US Himalaya Capital** via process server on December 8, 2022 at a Delaware address for its registered agent. US Himalaya Capital's deadline to serve objections was on December 22, 2022, and its deadline for the production of documents was on January 9, 2023. The Trustee has not received any objections or document productions from US Himalaya Capital. Counsel to the Trustee sent a letter to the registered agent of US Himalaya Capital on January 4, 2023 to follow up on the Subpoena.  Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **G-Fashion** via process server on December 9, 2022 at a Puerto Rico address for its registered agent. G-Fashion's deadline to serve objections was on December 23, 2022, and its deadline for the production of documents was on January 9, 2023. The Trustee has not received any objections or document productions from G-Fashion.

- Counsel to the Trustee served **New York MOS Himalaya** via process server on January 25, 2023 at a Delaware address for its registered agent. New York MOS Himalaya's deadline to serve objections was on February 8, 2023, and its deadline for the production of documents was on February 27, 2023.  The Trustee has not received any objections or document productions from New York MOS Himalaya.  Counsel to the Trustee sent a letter to the registered agent of New York MOS Himalaya on February 15, 2023 to follow up on the Subpoena. Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **Crane Advisory Group** via process server on January 25, 2023 at a New York address for its registered agent. Crane Advisory Group's deadline to serve objections was on February 8, 2023, and its deadline for the production of documents was on February 27, 2023.  The Trustee has not received any objections or document productions from Crane Advisory Group. Counsel to the Trustee sent a letter to the registered agent of Crane Advisory Group on February 15, 2023 to follow up on the Subpoena.  Counsel to the Trustee has received no response to this correspondence.

- Counsel to the Trustee served **Maywind Trading** via process server on January 31, 2023 at an Illinois address for its registered agent. Maywind Trading's deadline to serve objections was on February 14, 2023, and its deadline for the production of documents was on March 2, 2023.  The Trustee has not received any objections or document productions from Maywind Trading.  Counsel to the Trustee sent a letter to the registered agent of Maywind Trading on February 15,

2023 to follow up on the Subpoena.  Counsel to the Trustee has received no response to this correspondence.

## JURISDICTION AND VENUE

47.    The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2) (A), (E), and (O).

## RELIEF REQUESTED

48.    The Trustee seeks entry of the Proposed Order (1) compelling the Noncompliant Respondents to comply with the Rule 2004 Orders by searching for and producing documents responsive to the Requests within 14 days of the Order compelling production and (2) holding the Defaulting Respondents in civil contempt for failing to respond to the Subpoenas.

## BASIS FOR RELIEF

### I.    Noncompliant Respondents Must Produce Documents Responsive to the Subpoena

49.    "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Grp. Ltd.*, Case No. 16-13625-JLG, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted).  This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed.  *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.") (internal quotation and citation omitted)); *id.* (noting that "[u]nlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the

scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition") (internal citations and punctuation omitted); Fed. R. Bankr. P. 2004(b) (authorizing scope of 2004 examinations "relat[ing] . . . to . . . property . . . and financial condition of the debtor, or to *any matter* which may affect the administration of the debtor's estate") (emphasis added).

50.    Here, the Trustee served valid Subpoenas on GTV Media, Saraca Media, and G-Club Operations, and all three have failed to comply with the Subpoenas.

A. **GTV Media and Saraca Media Must Search for and Produce Documents Responsive to Requests**

51.    GTV Media and Saraca Media responded initially to the Trustee's Subpoenas through counsel, but have failed to respond following the sudden withdrawal of their counsel on the eve of a production demand—a demand made after months of delay.  However, entities should not be excused from their obligations under an otherwise valid Subpoena due to the withdrawing of previous counsel or their failure to procure new counsel.

52.    Accordingly, GTV Media and Saraca Media should be compelled to search for and produce documents responsive to all of the Trustee's Requests.

B. **G-Club Operations Must Search for and Produce Documents Responsive to Requests**

53.    The Requests to G-Club Operations fall squarely within the universe of appropriate areas for inquiry under Bankruptcy Rule 2004. G-Club Operations did not move to quash the Subpoena and did not otherwise move for a protective order.

54.    The Trustee's Requests for information concerning the internal affairs of G-Club Operations, an entity closely associated with the Debtor, is especially appropriate given the Debtor's history of using such persons and entities as repositories of his assets and enablers of his lifestyle.  Indeed, multiple courts have already determined that the Debtor hides his assets in shell

companies and through his family members. *See, e.g.*, *Eastern Profit Corp.,* 2021 WL 2554631, at *1 (Eastern Profit is "in essence, a shell corporation for" the Debtor"); Final Contempt Decision at 1, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 1181 (Debtor had made "efforts to avoid and deceive his creditors by parking his substantial personal assets with a series of corporations, trusted confidants, and family members").

55.    Counsel to G-Club Operations first indicated that G-Club Operations could not move forward in responding to the Subpoena because the requests were allegedly too broad given the (false) claimed tangential relationship between the Debtor and the entity, and then claimed they could not comply due to G-Club Operations' "fundamental" disagreement with counsel to the Trustee's referencing the decision of this Court with which G-Club Operations disagrees. More recently, G-Club Operations has delayed responding to the Subpoena for over another month, based on the pre-text that it is in the process of hiring an independent director or manager, and cannot comply with the subpoena until it does so. G-Club Operations' positions are extraordinary and unfounded in the law, and further delay cannot be tolerated. Counsel to the Trustee referenced the Preliminary Injunction Decision, which is law of the case, and the representation was made in direct response to an implausible and unsubstantiated representation made by counsel to G-Club Operations that the Debtor was a "mere spokesperson" for G-Club Operations. Mere disagreement with a valid Rule 2004 subpoena does not relieve a party of its obligations under the subpoena. *See, e.g., In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005) ("fishing expedition" allowed) (citation omitted). Court orders, including Rule 2004 orders and subpoenas, are not mere suggestions or invitations for compliance. *See, e.g.*, *Springman v. City of Venice*, 2010 WL 3958734, at *1 (M.D. Fla. Oct. 8, 2010) ("Court orders … are not mere suggestions, but rather are directives, compliance with which is required absent an intervening order of the court."); *Daubert v. City of Lindsay*, 2011

WL 2360900, at *7 (E.D. Cal. June 9, 2011) ("Court's orders are directives that must be followed, and are not mere suggestions.").

56.    Moreover, the alleged fleeing of G-Club executives in the wake of the SEC Complaint are not an excuse to maintain G-Club Operations stonewalling of the Trustee.

57.    Accordingly, G-Club Operations should be compelled to search for and produce documents responsive to all of the Trustee's Requests.

## II.    **The Defaulting Respondents Should be Held in Civil Contempt**

58.    As discussed above, the Defaulting Respondents—G-Club US Operations LLC, G-Club US Operations Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, GNews, US Himalaya Capital, New York MOS Himalaya, Crane Advisory Group, and Maywind Trading—are all closely connected to the Debtor, his property, and his business dealings and are therefore highly likely to have documents relevant to the Trustee's investigation.   All of the Defaulting Respondents, however, have failed to respond in any way to the Trustee's Subpoenas.

59.    Rule 45(e) of the Federal Rules of Civil Procedure provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  *In re Corso*, 328 B.R. 375, 385 (E.D.N.Y. 2005) (quoting FRCP 45(e)) (quotations omitted); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("Where a party fails to object to a subpoena and also fails to comply, it may be held in contempt, pursuant to Rule 45[(e)]") (internal quotations omitted).

60.    In order to hold a party in civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established

his inability to comply with the terms of the order." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (*citing N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 857 (2d Cir. 1984)).

61.     In a civil contempt proceeding, a finding of contempt will be upheld so long as the order violated "is clear and unambiguous, the proof of non-compliance [with the order] is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *Corso*, 328 B.R. at 385 (quoting *United States v. Local 1804–1, Int'l Longshoremen's Assn.*, 44 F.3d 1091, 1096 (2d Cir.1995) (quotations omitted) (alterations in original)).

62.     Additionally, a party that fails to timely respond or object to a subpoena within the mandated period is not permitted to raise objections at a later time. *See Corso*, 328 B.R. at 384-85 ("Because [the subpoenaed party] did not raise any timely objections to the Trustee's subpoena, or move to quash it in a timely manner [it] waived its right to object to the Subpoena.").

63.     Finally, courts have found that a party that fails to respond or object to a subpoena may be sanctioned for that failure. *See PaineWebber Inc.*, 211 F.R.D. at 249 ("Where a party fails to object to a subpoena and also fails to comply, it may be held in contempt, pursuant to Rule 45[(e)], **and sanctions may therefore be imposed**.") (internal quotations omitted and emphasis added); *Corso*, 328 B.R. at 385-86 (upholding bankruptcy court's sanction of a party which made "no effort" to comply with a Rule 2004 subpoena). Specifically, courts in the Second Circuit have awarded attorneys' fees where a party fails to comply with a subpoena. *See Gucci Am., Inc. v. Li*, No. 10-CV-4974 (RJS), 2015 WL 7758872, at *4 (S.D.N.Y. Nov. 30, 2015) ("[C]ourts in this Circuit have awarded attorneys' fees where a party or a non-party willfully fails to comply with a subpoena.").

64.     Here, service of the Document Requests attached to the Subpoenas on the Defaulting Respondents has occurred, and despite their awareness of the Subpoenas, the

Defaulting Respondents have either failed to comply or made no effort whatsoever to comply with the documents requests attached to the Subpoenas. *See id.* (affirming bankruptcy court's Contempt Order where service of subpoena was clear and unambiguous and no effort was made to comply). Accordingly, the Court should issue an order (i) holding the Defaulting Respondents in civil contempt of Court, (ii) preventing them from raising any objections to the Subpoenas, and (iii) ordering them to pay the Trustee's attorneys' fees related to this motion.

## **NO PRIOR REQUEST**

65.     The Trustee has not previously sought the relief requested herein from this or any other court.

## **CERTIFICATION OF COUNSEL**

66.     As set forth above, counsel to the Trustee has conferred with counsel to the Noncompliant Respondents in good faith via e-mail and in virtual conferences in an effort to resolve this dispute, which efforts were unsuccessful.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in this Motion to Compel and such other relief as is just and proper.

Dated:     May 18, 2023                          LUC A. DESPINS,
           New Haven, Connecticut                CHAPTER 11 TRUSTEE

                                          By: */s/ Patrick R. Linsey*
                                             Patrick R. Linsey (ct29437)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 781-2847
                                             plinsey@npmlaw.com

                                                 *and*

                                             Nicholas A. Bassett (admitted *pro hac vice*)
                                             PAUL HASTINGS LLP
                                             2050 M Street NW
                                             Washington, D.C., 20036
                                             (202) 551-1902
                                             nicholasbassett@paulhastings.com

                                                 *and*

                                             Avram E. Luft (admitted *pro hac vice*)
                                             Douglass Barron (admitted *pro hac vice*)
                                             PAUL HASTINGS LLP
                                             200 Park Avenue
                                             New York, New York 10166
                                             (212) 318-6079
                                             aviluft@paulhastings.com
                                             douglassbarron@paulhastings.com

                                             *Counsel for the Chapter 11 Trustee*

**<u>Exhibit A – Proposed Order</u>**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,                                 :    Case No. 22-50073 (JAM)
                                                       :
        Debtors.[1]                                    :    Jointly Administered
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER COMPELLING GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., AND G-CLUB OPERATIONS LLC TO COMPLY WITH RULE 2004 SUBPOENAS AND HOLDING G-CLUB US OPERATIONS LLC, G-CLUB US OPERATIONS INC., HUDSON DIAMOND NY LLC, HUDSON DIAMOND HOLDING LLC, G-FASHION LLC, GNEWS LLC, US HIMALAYA CAPITAL INC., NEW YORK MOS HIMALAYA LLC, CRANE ADVISORY GROUP LLC, AND MAYWIND TRADING LLC IN CIVIL CONTEMPT FOR FAILING TO RESPOND TO RULE 2004 SUBPOENAS**

Upon consideration of the Motion seeking an order compelling GTV Media Group, Inc. ("GTV Media"), Saraca Media Group, Inc. ("Saraca Media"), and G-Club Operations LLC ("G-Club Operations," and together with GTV Media and Saraca Media, the "Noncompliant Respondents"), G-Club US Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY LLC ("Hudson Diamond NY"), Hudson Diamond Holding LLC ("Hudson Diamond Holding"), G-Fashion LLC ("G-Fashion"), GNews LLC ("GNews"), US Himalaya Capital Inc. ("US Himalaya Capital"), New York MOS Himalaya LLC ("New York MOS Himalaya"), Crane Advisory Group LLC ("Crane Advisory Group"), Maywind Trading LLC ("Maywind Trading"

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor ") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

and together with G-Club US Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, GNews, US Himalaya Capital, New York MOS Himalaya, and Crane Advisory Group, the "<u>Defaulting Respondents</u>" and collectively with the Noncompliant Respondents, the "<u>Respondents</u>") to comply with the Court's Rule 2004 Orders[2] and with the Subpoenas the Trustee issued pursuant to the Rule 2004 Orders, after notice and a hearing, *see* 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

      **ORDERED**: The Motion is granted as set forth below.

      **ORDERED**:  The Noncompliant Respondents must search for and produce documents in response to the Trustee's Subpoena and attached Requests within fourteen (14) days of entry of this Order.

      **ORDERED**: Within 3 days of entry of this Order, in the event the Defaulting Respondents remain unresponsive to the Subpoenas, the Defaulting Respondents shall be in civil contempt of Court, shall be estopped from raising any objections to the Subpoenas, and shall be required to pay the Trustee's attorneys' fees related to this Motion.


Dated: _____, 2023



                             _____
                             Julie A. Manning,
                             United States Bankruptcy Judge

---

[2]   Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Compel.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                             :

In re:                             :    Chapter 11
                               :

HO WAN KWOK, *et al.*,         :    Case No. 22-50073 (JAM)
                               :

          Debtors.[1]       :    Jointly Administered
                               :

-------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 18, 2023, the foregoing Motion was

electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned

chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2]  Parties

may access this filing through the Court's CM/ECF system.


Dated:    May 18, 2023                LUC A. DESPINS,
           New Haven, Connecticut       CHAPTER 11 TRUSTEE

                                      By: */s/ Patrick R. Linsey*
                                      Patrick R. Linsey (ct29437)
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2847

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "<u>Debtor</u>") and Genever Holdings Corporation (the "<u>Genever BVI Debtor</u>"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

plinsey@npmlaw.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Truste*

2