**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------x

**DECLARATION OF AVRAM E. LUFT IN SUPPORT OF MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., AND G-CLUB OPERATIONS LLC TO COMPLY WITH RULE 2004 SUBPOENAS AND FOR ENTRY OF AN ORDER HOLDING G-CLUB US OPERATIONS LLC, G-CLUB US OPERATIONS INC., HUDSON DIAMOND NY LLC, HUDSON DIAMOND HOLDING LLC, G-FASHION LLC, GNEWS LLC, US HIMALAYA CAPITAL INC., NEW YORK MOS HIMALAYA LLC, CRANE ADVISORY GROUP LLC, AND MAYWIND TRADING LLC IN CIVIL CONTEMPT FOR FAILING TO RESPOND TO RULE 2004 SUBPOENAS**

I, Avram E. Luft, declare:

1. I am an attorney admitted to practice law in the State of New York and am Of Counsel at the law firm of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, and counsel for Luc A. Despins as Chapter 11 Trustee (the "Trustee").[2] I respectfully submit this declaration in support of the *Motion of Chapter 11 Trustee for Entry of Order Compelling GTV Media Group, Inc., Saraca Media Group, Inc., G-Club Operations LLC, G-Club US Operations LLC, G-Club US Operations Inc., Hudson Diamond NY LLC, Hudson Diamond Holding LLC,*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Individual Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Compel.

*G-Fashion LLC, Gnews LLC, US Himalaya Capital Inc., New York MOS Himalaya LLC, Crane Advisory Group LLC, and Maywind Trading LLC to Comply with Rule 2004 Subpoenas* (the "Motion to Compel").

2. Attached hereto are true and correct copies of the following documents:

| Exhibit | Description of Exhibit | Date |
|---|---|---|
| A | *Intentionally omitted* | |
| B-1 | Subpoena for Rule 2004 Examination of GTV Media | 9/19/2022 |
| B-2 | Subpoena for Rule 2004 Examination of Saraca Media | 9/19/2022 |
| B-3 | Subpoena for Rule 2004 Examination of G-Club Operations | 12/6/2022 |
| B-4 | Subpoena for Rule 2004 Examination of G-Club US Operations LLC | 12/6/2022 |
| B-5 | Subpoena for Rule 2004 Examination of G-Club US Operations, Inc. | 12/6/2022 |
| B-6 | Subpoena for Rule 2004 Examination of Hudson Diamond NY | 12/6/2022 |
| B-7 | Subpoena for Rule 2004 Examination of Hudson Diamond Holding | 12/6/2022 |
| B-8 | Subpoena for Rule 2004 Examination of G-Fashion | 12/6/2022 |
| B-9 | Subpoena for Rule 2004 Examination of Gnews | 12/6/2022 |
| B-10 | Subpoena for Rule 2004 Examination of US Himalaya Capital | 12/6/2022 |
| B-11 | Subpoena for Rule 2004 Examination of New York MOS Himalaya | 1/24/2023 |
| B-12 | Subpoena for Rule 2004 Examination of Crane Advisory Group | 1/24/2023 |
| B-13 | Subpoena for Rule 2004 Examination of Maywind Trading | 1/24/2023 |
| C-1 | Email from Patrick Linsey to Aaron Mitchell serving subpoena on GTV Media | 8/19/2022 |
| C-2 | Affidavit of service for service of subpoena on Saraca Media | 9/22/2022 |
| C-3 | Affidavit of service for service of subpoena on G-Club Operations | 12/9/2022 |

2

| | | |
|---|---|---|
| C-4 | Affidavit of service for service of subpoena on G-Club US Operations LLC | 12/7/2022 |
| C-5 | Affidavit of service for service of subpoena on G-Club US Operations, Inc. | 12/8/2022 |
| C-6 | Affidavit of service for service of subpoena on Hudson Diamond NY | 12/10/2022 |
| C-7 | Affidavit of service for service of subpoena on Hudson Diamond Holding | 12/7/2022 |
| C-8 | Affidavit of service for service of subpoena on G-Fashion | 12/9/2022 |
| C-9 | Affidavit of service for service of subpoena on Gnews | 12/7/2022 |
| C-10 | Affidavit of service for service of subpoena on US Himalaya Capital | 12/8/2022 |
| C-11 | Affidavit of service for service of subpoena on New York MOS Himalaya | 1/25/2023 |
| C-12 | Affidavit of service for service of subpoena on Crane Advisory Group | 1/27/2023 |
| C-13 | Affidavit of service for service of subpoena on Maywind Trading | 2/1/2023 |
| D-1 | GTV Media objections and responses to Subpoena | 10/3/2022 |
| D-2 | Saraca Media objections and responses to the Subpoena | 10/3/2022 |
| D-3 | G-Club Operations objections and responses to the Subpoena | 1/9/2023 |
| E | Email chain beginning on October 3, 2022, where Chelsea Scism of Morvillo emailed Avi Luft and Ezra Sutton of Paul Hastings, LLP concerning the Rule 2004 Subpoenas served on GTV Media and Saraca Media | 10/3/2022 |
| F | Email chain beginning on December 15, 2022, where Jonathon Kosciewicz of Paul Hastings, LLP emailed Aaron Mitchell concerning the Rule 2004 Subpoenas served on GTV Media and Saraca Media | 12/15/2022 |
| G | *This document has been filed under seal* | -- |
| H | Hudson Diamond NY corporate summary document | -- |
| I | Hudson Diamond Holding corporate summary document | -- |
| J | AIG automobile insurance declaration page for 2019 Rolls Royce | 05/10/2022-- 05/10/2023 |
| K | *This document has been filed under seal* | -- |
| L | Saraca Media USPTO Registry Page | 4/28/2021 |

3

| M | Saraca Media Certificate of Assumed Name for Himalaya Coin | 5/14/2020 |
|---|---|---|
| N | Saraca Media Certificate of Assumed Name for Himalaya Dollar | 5/14/2020 |
| O | Saraca Media corporate summary document | -- |
| P | GTV Media corporate summary document | -- |
| Q | Email chain beginning on January 9, 2023 where Carolina Fornos emailed Patrick Linsey regarding G-Club Operation Rule 2004 Subpoena | 1/9/2023 |
| R | Email chain beginning on April 24, 2023 where Carolina Fornos emailed Jonathon Kosciewicz regarding G-Club Operation Rule 2004 Subpoena | 4/28/2023 |
| S | Email from Carolina Fornos to Jonathon Kosciewicz regarding G-Club Operation Rule 2004 Subpoena | 5/9/2023 |
| T | Hudson Diamond NY LLC, Consent of Sole Member Without a Meeting | 12/4/2020 |
| U | Hudson Diamond Holding LLC Consent of Sole Member Without a Meeting | 7/17/2019 |
| V | Transcript of Deposition of Margaret Conboy | 2/21/23 |

3. Between August 19, 2022 and August 22, 2022, counsel to the Trustee served Subpoenas pursuant to the Rule 2004 Orders on GTV Media and Saraca Media. *See* Exhibits B-1 to B-2. Between December 7, 2022 and December 9, 2022, counsel to the Trustee served Subpoenas on G-Club Operations, G-Club US Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, Gnews, and US Himalaya Capital. *See* Exhibits B-3 to B-10. Between January 25, 2023 and January 31, 2023, counsel to the trustee served Subpoenas on New York MOS Himalaya, Crane Advisory Group, and Maywind Trading. *See* B-11 to B-13.

4. On October 3, 2022, it is my understanding that GTV Media and Saraca Media each served objections and responses to their respective Subpoenas. True and correct copies of

the objections and responses served by GTV Media and Saraca Media are attached hereto as Exhibits D-1 to D-2.

5. Counsel to the Trustee and Counsel to GTV Media and Saraca Media met and conferred in good faith on September 14, 2022 and October 7, 2022 in an effort to resolve their disputes over GTV Media's and Saraca Media's objections and responses to the Subpoenas. During those meet and confers, the parties discussed a Relativity database that was set up in connection with document productions made by GTV Media and Saraca Media to the SEC in connection with the September 13, 2021 SEC Order. Counsel to GTV Media and Saraca Media indicated that they would provide counsel for the Trustee the parameters of the GTV and Saraca Database, to better allow counsel for the Trustee to determine the potential responsiveness of the documents in the GTV and Saraca Database to the Trustee's Subpoenas to GTV Media and Saraca Media. Morvillo indicated that the GTV and Saraca database may not include documents from custodians potentially important to the Trustee's investigation, such as Aaron Mitchell— who Morvillo indicated served on GTV's Board. Counsel to the Trustee indicated a willingness to consider the documents on the GTV and Saraca Database as a potential source of documents to be searched, but said that without a complete understanding of the Databases parameters, and with key custodians potentially missing, the Trustee could not accept a search of solely the documents on the GTV and Saraca Database as a complete substitute for targeted searches responsive to the Subpoena and Requests.

6. It is my understanding that counsel to the Trustee received the GTV and Saraca Database Parameters on November 2, 2023, and that counsel to the Trustee sent detailed follow-up questions regarding the GTV and Saraca Database Parameters on November 7, 2022. On November 28, 2022, it is my understanding that counsel to the Trustee requested GTV Media

and Saraca Media complete their production of documents by December 2, 2022. On November 29, 2022, it is my understanding that counsel to GTV Media and Saraca Media informed counsel for the Trustee that they had ceased representing Saraca Media and GTV Media. It is my understanding that Morvillo informed counsel to the Trustee to reach out to Aaron Mitchell regarding all future inquiries pertaining to the GTV Media and Saraca Media Subpoenas.

7. It is my understanding that on December 15, 2022 Counsel for the Trustee reached out to Aaron Mitchell regarding the Subpoenas to GTV Media and Saraca Media. Mr. Mitchell responded on December 16, 2022 saying that he had no authority to act on behalf of Saraca Media, but would provide the contact information for GTV Media's new counsel once retained. On December 21, 2022, counsel to the Trustee asked Mr. Mitchell if GTV Media had acquired new counsel, and inquired whom to contact regarding Saraca Media. Counsel to the Trustee has not received a response to those latest inquiries, and has not received any document productions on behalf of GTV Media or Saraca Media.

8. On January 9, 2023, G-Club Operations served objections and responses to its Subpoenas. A true and correct copy of the objections and responses served by G-Club Operations is attached hereto as Exhibit D-3.

9. Counsel to the Trustee and Counsel to G-Club Operations met and conferred in good faith on February 9, 2023 and March 7, 2023 in an effort to resolve their disputes over the objections and responses to its Subpoena. During the February 9 meet and confer, counsel to G-Club Operations indicated a belief that the Subpoena as to G-Club Operations was too broad, saying that the Individual Debtor was an unpaid spokesperson for the entity. Noting the Preliminary Injunction Decision, counsel to the Trustee stated that the record to date reflected that G-Club Operations was closely linked and controlled by the Debtor. Ms. Fornos agreed to

re-review the Requests and highlight those requests where G-Club Operations did not have any responsive documents. Counsel to the Trustee agreed to brainstorm ways to focus on the highest priority Requests, potentially through the compilation of targeted search terms.

10. It is my understanding, however, that during the March 7 meet and confer, counsel to G-Club Operations, for the first time, said that G-Club Operations was "extremely troubled" by the representations regarding the Debtors relationship to G-Club made during the parties' first meet and confer, where counsel to the Trustee reiterated the findings of this Court in the Preliminary Injunction Decision. It is my understanding that Ms. Fornos said that G-Club Operations could not move forward with responding to its Subpoena given the statements reflecting the Court's decision. It is my understanding that Ms. Fornos told counsel to the Trustee that G-Club Operations would inform the Trustee of any relief that G-Club Operations would seek with this Court with respect to the Preliminary Injunction Decision's findings of facts or G-Club Operations' Subpoena by March 10, 2023. .

11. Having not heard from Ms. Fornos regarding any relief sought by G-Club Operations, it is my understanding that counsel to the Trustee emailed Ms. Fornos on April 6, 2023, demanding that G-Club Operations complete its entire production of responsive documents on or before April 10, 2023. On April 9, 2023, Ms. Fornos responded, in part, by requesting another meet and confer, saying that G-Club Operations was busy understanding the allegations made against G-Club Operations in the March 15, 2023 SEC Complaint.

12. On April 11, 2023, it is my understanding that counsel to the Trustee held a third meet and confer with Ms. Fornos. It is my understanding that Ms. Fornos indicated that a number of G-Club Operations' executives, including its chief executive officer, general counsel, and associate general counsel, resigned following the March 15, 2023 SEC Complaint, which named

G-Club Operations. It is my understanding that Counsel to the Trustee asked Ms. Fornos to prioritize responsive documents and records concerning G-Club Operations' bank accounts, assets, and any transfers of funds or assets. Ms. Fornos said that she would provide counsel to the Trustee an update no later than April 25, 2023.

13. On April 25, 2023, it is my understanding that Ms. Fornos emailed counsel to the Trustee reiterating that G-Club Operations experienced turnover following the Debtor and G-Club Operations being named in the SEC Complaint. Ms. Fornos said that the independent director/manager should be in place within the next week.

14. It is my understanding that counsel for the Trustee reached out to Ms. Fornos on May 8, 2023 asking for an update as to G-Club Operations' compliance with the Subpoena. Counsel for the Trustee asked that G-Club Operations begin immediate production of responsive documents, and reserved all rights to seek assistance of this court if G-Club Operations did not begin immediate production. On May 9, 2023, it is my understanding that Ms. Fornos emailed counsel to the Trustee evidencing further delay in G-Club Operations' appointment of an independent director/manager. The Trustee has not received and responsive documents from G-Club Operations.

15. Counsel to the Trustee has not received any objections or responses or document productions responsive to the Subpoenas served on G-Club US Operations LLC, G-Club US Operations, Inc., Hudson Diamond NY, Hudson Diamond Holding, G-Fashion, Gnews, US Himalaya Capital, New York MOS Himalaya, Crane Advisory Group, or Maywind Trading.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated:    May 18, 2023
         New Haven, Connecticut          Respectfully submitted,

                                         By: */s/ Avram E. Luft*
                                             Avram E. Luft (*pro hac vice* pending)
                                             aviluft@paulhastings.com
                                             PAUL HASTINGS LLP
                                             200 Park Avenue
                                             New York, New York 10166
                                             (212) 318-6079

                                             *Counsel for the Chapter 11 Trustee*