## **Exhibit D-1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | |
| HO WAN KWOK, | Chapter 11 |
| Debtor. | Case No. 22-50073 (JAM) |

## GTV MEDIA GROUP, INC.'S RESPONSES AND OBJECTIONS TO CHAPTER 11 TRUSTEE LUC DESPINS'S NON-PARTY SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016, non-party GTV Media Group, Inc. ("GTV"), by and through its undersigned counsel, hereby submits these Responses and Objections to the Subpoena for Rule 2004 Examination (the "Subpoena") served by Chapter 11 Trustee Luc Despins ("Trustee"), dated August 19, 2022 (the "Requests," or, individually, a "Request").

## GENERAL OBJECTIONS

GTV makes the following general objections to the Requests and each and every Definition and Instruction set forth therein. These general objections and the objections to the Trustee's definitions and instructions set forth below (collectively with these general objections, the "General Objections") are incorporated into each of the specific objections and responses to the Requests set forth below (the "Specific Objections"), as if fully set forth therein. Nothing in these responses should be construed as a waiver of any of these General Objections.

1.     GTV objects to the Requests to the extent they seek discovery of information that is not material to the acts, conduct, or property of Ho Wan Kwok (the "Debtor"); the liabilities and

financial condition of the Debtor; or any matter which may affect the administration of the
Debtor's estate or the Debtor's right to a discharge.

2.      GTV objects to the Requests to the extent they seek discovery of information that
is not proportional to the needs of the case.

3.      GTV objects to the Requests to the extent they are vague, ambiguous, overbroad,
or cumulative.

4.      GTV objects to the Requests to the extent they seek information outside of GTV's
possession, custody, or control.

5.      GTV objects to the Requests to the extent they seek information already in the
Trustee's possession, available in the public domain, or otherwise equally available to the Trustee.

6.      GTV objects to the Requests to the extent they are duplicative or cumulative.

7.      GTV objects to the Requests to the extent they call for the disclosure of information
that is privileged or exempt from discovery under any privilege or exemption under applicable
law.  GTV does not waive, and intends to preserve, any applicable privilege or protection.  Nothing
in these responses—including the inadvertent production of privileged material—is intended as,
or shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection,
or other applicable privilege, immunity, protection, or exception.

8.      GTV objects to the Requests to the extent they call for the disclosure of information
that would violate any law, rule, or regulation, and to the extent they call for the disclosure of
information that is protected from disclosure under any applicable privacy, data protection, or other
law or regulation.

9.      GTV objects to the Requests, including any of the Trustee's Instructions or
Definitions therein, to the extent they purport to impose on GTV burdens and obligations that are

2

not contemplated under or are contrary to the Bankruptcy Rules, Federal Rules, Local Rules of the District of Connecticut ("Local Rules"), or any other applicable law, rule, or court order.  In responding to these Requests, GTV will comply with the foregoing authorities.

10.    GTV will respond to each Request based on the information currently available to it.  GTV's responses are at all times subject to supplementation and revision in light of future investigation and analysis, and GTV reserves the right to supplement, amend, alter, correct, clarify, supplement, or revise its responses and objections as may be necessary or appropriate.

11.    The Responses and Objections provided herein shall not be construed as including any representations regarding the existence or non-existence of specific documents in GTV's possession, custody, or control.

12.    The objection to, failure to object to, or statement that GTV will search for or produce documents responsive to a Request, does not constitute a representation by GTV that any such documents exist or are in GTV's possession, custody or control.

13.    GTV objects to all Requests, or portions thereof, to the extent they imply the existence of facts or circumstances that do not or did not exist, and to the extent they state or assume factual or legal conclusions.  In responding, GTV does not admit the factual or legal premise of any Request.

14.    To the extent a particular Request calls for the production of documents that contain information of which only a part is responsive or discoverable, GTV objects and reserves the right not to produce documents in response to such Request except on a redacted basis.

15.    GTV objects to the Requests to the extent they purport to require more than a reasonable and diligent search for information from reasonably accessible sources from which responsive information reasonably may be expected to be found.

16.    GTV objects to all Requests or parts thereof to the extent they seek production of a "communication" that is not embodied within a "document."

17.    GTV objects to the Requests to the extent they call for the production of documents prior to the entry of a protective/confidentiality order in this case ("Protective Order").  GTV will not produce documents in response to the Requests prior to the entry of an appropriate Protective Order.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

18.    GTV objects to Instruction No. 2 to the extent that it seeks information or data that is incompatible with how GTV records, stores, and transmits information in the ordinary course of business.  GTV will make a reasonable and good faith effort to provide electronically stored information in the formats requested.

19.    GTV objects to Instruction Nos. 5-7, which purport to require GTV to undertake actions with respect to documents that are not within its possession, custody, or control.

20.    GTV objects to Instruction No. 8, which purports to impose a more onerous burden for asserting a claim of privilege than is required by the Bankruptcy Rules, Federal Rules, Local Rules, or any applicable law, rule, or court order.  To the extent a privilege log is necessary, GTV will comply with its obligations under the Bankruptcy Rules, Federal Rules, Local Rules, or any applicable law, rule, or court order.

21.    GTV objects to Instruction No. 12 on the grounds that it is vague, ambiguous, and overbroad.

22.    GTV objects to Instruction No. 14 on the grounds that "the date responses to the Document Requests are due" is unduly burdensome and unworkable in light of the nature of rolling productions.  Instead, GTV will interpret the date range of the Subpoena to terminate on August

19, 2022, the date the Subpoena was issued.  GTV further objects to February 5, 2012 as the starting point of the Subpoena's date range as overly broad, unduly burdensome, not proportional to the needs of the case, and not calculated to lead to the discovery of relevant evidence.  GTV's counsel is willing to meet and confer with the Trustee's counsel to discuss appropriate time periods for the Requests, but proposes the date of GTV's incorporation—April 17, 2020—as the starting point of the date range.

23.    GTV objects to Definition No. 1 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  GTV will interpret "You," "Your," and "Yourself" as encompassing GTV and its directors, officers, employees, and agents.

24.    GTV objects to Definition Nos. 2-5 on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome.  GTV will interpret "Debtor" to mean Ho Wan Kwok (and his aliases), "Debtor's Son" to mean Qiang Guo (and his aliases), "Debtor's Daughter" to mean Mei Guo (and her aliases), and "Debtor's Purported Wife" to mean Hing Chi Ngok (and her aliases).

25.    GTV objects to Definition Nos. 7-8, to the extent they imply the existence of facts or circumstances that do not or did not exist, and to the extent they state or assume factual or legal conclusions.  In responding, GTV does not admit that the "Associated Individuals" in Definition No. 7, and that the "Associated Entities" in Definition No. 8, are in fact associated with the Debtor, or that the Debtor in fact has any ownership, control, hold, custody, discretion, or other interest in them.

## **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**Request No. 1:**

*All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.*

**Response to Request No. 1:**

GTV incorporates its General Objections as though fully set forth herein. GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request and can be located through reasonable efforts.

**Request No. 2:**

*All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.*

**Response to Request No. 2:**

GTV incorporates its General Objections as though fully set forth herein. GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Notwithstanding the foregoing Specific and General Objections, GTV does not have any responsive documents within its possession, custody, or control.

**Request No. 3:**

*All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.*

**Response to Request No. 3:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; (3) calls for the production of privileged information; and (4) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in GTV.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that (a) are responsive to this Request; (b) can be located through reasonable efforts; and (c) are redacted to protect sensitive information.

**Request No. 4:**

*All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.*

**Response to Request No. 4:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "investment," "business

7

dealing," or "transactions" as used in this Request.  Notwithstanding the foregoing Specific and General Objections, GTV does not have any responsive documents within its possession, custody, or control.

**Request No. 5:**

*All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.*

**Response to Request No. 5:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.  GTV is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 6:**

*All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.*

**Response to Request No. 6:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome,

vague, and ambiguous, including because the Subpoena does not define "investment," "other transaction," or "business dealing" as used in this Request.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.

**Request No. 7:**

*All Documents regarding any property ever occupied or used by the Debtor, including without limitation the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.*

**Response to Request No. 7:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because it calls for documents regarding "any property ever occupied or used by the Debtor."  GTV will interpret this request to encompass only the properties enumerated within it.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.  GTV is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 8:**

*All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any*

*similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.*

**Response to Request No. 8:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "investments" or "trading" as used in this Request.  Notwithstanding the foregoing Specific and General Objections, GTV does not have any responsive documents within its possession, custody, or control.

**Request No. 9:**

*All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.*

**Response to Request No. 9:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because it calls for documents regarding "any aircraft owned, controlled, or used by the Debtor," and GTV is unaware of all aircraft meeting this description. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.  GTV is willing to meet

and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 10:**

*All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.*

**Response to Request No. 10:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "gifts," "benefits," or "loans" as used in this Request.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.  GTV is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 11:**

*All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.*

**Response to Request No. 11:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or

control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "trust" or "similar instrument" as used in this Request.  Notwithstanding the foregoing Specific and General Objections, GTV does not have any responsive documents within its possession, custody, or control.

**Request No. 12:**

*All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.*

**Response to Request No. 12:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including: (1) to the extent non-privileged responsive documents would be available in the public domain; and (2) because GTV would only be aware of litigation in which the Debtor and GTV were both parties, or litigation in which the Debtor was a party and GTV received a third party subpoena—not litigation in which the Debtor was a party but in which GTV is not a party or subpoena recipient.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce a list of all litigation in which either (a) the Debtor and GTV were both parties, or (b) the Debtor was a party and GTV received a third party subpoena.

**Request No. 13:**

*All Documents and communications between any of your outside counsel or other advisors and the Debtor.*

**Response to Request No. 13:**

GTV incorporates its General Objections as though fully set forth herein. GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because: (1) it seeks documents with no bearing on the Debtor's assets and finances; and (2) the Subpoena does not define "outside counsel" or "other advisors." Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. GTV is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, subject matters, custodians, and date ranges to locate potentially responsive documents.

**Request No. 14:**

*Documents sufficient to show all of Your Assets and sources of income or funding.*

**Response to Request No. 14:**

GTV incorporates its General Objections as though fully set forth herein. GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) calls for the production of privileged information; and (3) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in GTV. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody,

or control that (a) are responsive to this Request; (b) can be located through reasonable efforts; and (c) are redacted to protect sensitive information.

**Request No. 15:**

*For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.*

**Response to Request No. 15:**

GTV incorporates its General Objections as though fully set forth herein. GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Notwithstanding the foregoing Specific and General Objections, GTV does not have any responsive documents within its possession, custody, or control.

**Request No. 16:**

*Copies of Your tax returns.*

**Response to Request No. 16:**

GTV incorporates its General Objections as though fully set forth herein. GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information. GTV further objects to this request on the grounds that it is not likely to lead to any relevant information and it is not material to the acts, conduct, or property of Debtor; the liabilities and financial condition of the Debtor; or any matter which may affect the administration of the Debtor's estate or the Debtor's right to a discharge.

**Request No. 17:**

Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

**Response to Request No. 17:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) calls for the production of privileged information; and (3) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in GTV.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that (a) are responsive to this Request; (b) can be located through reasonable efforts; and (c) are redacted to protect sensitive information.

**Request No. 18:**

All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

**Response to Request No. 18:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information.  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.

**Request No. 19:**

All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate

*structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.*

**Response to Request No. 19:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information.  GTV further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "business purpose" or "relationship."  Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.

**Request No. 20:**

*All Documents related to that certain U.S. Securities and Exchange Commission Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order, Release No. 10979/September 13, 2021, entered in Administrative Proceeding File No. 3-20537, In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc., including but not limited to those regarding the sources of funds for all payments made by You, or on Your behalf, or for Your benefit, to Your legal counsel, those regarding the sources of funds for all payments of fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to such order, and those regarding the manner of payment used by You, anyone acting on Your behalf, or for Your benefit, to satisfy Your obligations under such order.*

**Response to Request No. 20:**

GTV incorporates its General Objections as though fully set forth herein.  GTV objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) calls for the production of privileged information; and (3) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in GTV.  Subject to the foregoing Specific and General Objections, and upon the entry

of a Protective Order, GTV will produce non-privileged documents within its possession, custody, or control that reflect the source of funds used by GTV to pay its legal counsel, fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to the Order identified in this request, that are redacted to protect sensitive information.

Dated: New York, New York
     October 3, 2022

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

By:     */s/ Jeremy H. Temkin*
     Jeremy H. Temkin
     Chelsea L. Scism
     565 Fifth Avenue
     New York, NY 10017
     Telephone: (212) 856-9600
     Fax: (212) 856-9494
     jtemkin@maglaw.com
     cscism@maglaw.com

*Attorneys for GTV Media Group, Inc.*