**Exhibit D-2**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM) |

### SARACA MEDIA GROUP, INC.'S RESPONSES AND OBJECTIONS TO CHAPTER 11 TRUSTEE LUC DESPINS'S NON-PARTY SUBPOENA

Pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016, non-party Saraca Media Group, Inc. ("Saraca"), by and through its undersigned counsel, hereby submits these Responses and Objections to the Subpoena for Rule 2004 Examination (the "Subpoena") served by Chapter 11 Trustee Luc Despins ("Trustee"), dated August 19, 2022 (the "Requests," or, individually, a "Request").

### GENERAL OBJECTIONS

Saraca makes the following general objections to the Requests and each and every Definition and Instruction set forth therein. These general objections and the objections to the Trustee's definitions and instructions set forth below (collectively with these general objections, the "General Objections") are incorporated into each of the specific objections and responses to the Requests set forth below (the "Specific Objections"), as if fully set forth therein. Nothing in these responses should be construed as a waiver of any of these General Objections.

1.  Saraca objects to the Requests to the extent they seek discovery of information that is not material to the acts, conduct, or property of Ho Wan Kwok (the "Debtor"); the liabilities and

1

financial condition of the Debtor; or any matter which may affect the administration of the Debtor's estate or the Debtor's right to a discharge.

2. Saraca objects to the Requests to the extent they seek discovery of information that is not proportional to the needs of the case.

3. Saraca objects to the Requests to the extent they are vague, ambiguous, overbroad, or cumulative.

4. Saraca objects to the Requests to the extent they seek information outside of Saraca's possession, custody, or control.

5. Saraca objects to the Requests to the extent they seek information already in the Trustee's possession, available in the public domain, or otherwise equally available to the Trustee.

6. Saraca objects to the Requests to the extent they are duplicative or cumulative.

7. Saraca objects to the Requests to the extent they call for the disclosure of information that is privileged or exempt from discovery under any privilege or exemption under applicable law. Saraca does not waive, and intends to preserve, any applicable privilege or protection. Nothing in these responses—including the inadvertent production of privileged material—is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or other applicable privilege, immunity, protection, or exception.

8. Saraca objects to the Requests to the extent they call for the disclosure of information that would violate any law, rule, or regulation, and to the extent they call for the disclosure of information that is protected from disclosure under any applicable privacy, data protection, or other law or regulation.

9. Saraca objects to the Requests, including any of the Trustee's Instructions or Definitions therein, to the extent they purport to impose on Saraca burdens and obligations that are

2

not contemplated under or are contrary to the Bankruptcy Rules, Federal Rules, Local Rules of the District of Connecticut ("Local Rules"), or any other applicable law, rule, or court order. In responding to these Requests, Saraca will comply with the foregoing authorities.

10. Saraca will respond to each Request based on the information currently available to it. Saraca's responses are at all times subject to supplementation and revision in light of future investigation and analysis, and Saraca reserves the right to supplement, amend, alter, correct, clarify, supplement, or revise its responses and objections as may be necessary or appropriate.

11. The Responses and Objections provided herein shall not be construed as including any representations regarding the existence or non-existence of specific documents in Saraca's possession, custody, or control.

12. The objection to, failure to object to, or statement that Saraca will search for or produce documents responsive to a Request, does not constitute a representation by Saraca that any such documents exist or are in Saraca's possession, custody or control.

13. Saraca objects to all Requests, or portions thereof, to the extent they imply the existence of facts or circumstances that do not or did not exist, and to the extent they state or assume factual or legal conclusions. In responding, Saraca does not admit the factual or legal premise of any Request.

14. To the extent a particular Request calls for the production of documents that contain information of which only a part is responsive or discoverable, Saraca objects and reserves the right not to produce documents in response to such Request except on a redacted basis.

15. Saraca objects to the Requests to the extent they purport to require more than a reasonable and diligent search for information from reasonably accessible sources from which responsive information reasonably may be expected to be found.

16. Saraca objects to all Requests or parts thereof to the extent they seek production of a "communication" that is not embodied within a "document."

17. Saraca objects to the Requests to the extent they call for the production of documents prior to the entry of a protective/confidentiality order in this case ("Protective Order"). Saraca will not produce documents in response to the Requests prior to the entry of an appropriate Protective Order.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

18. Saraca objects to Instruction No. 2 to the extent that it seeks information or data that is incompatible with how Saraca records, stores, and transmits information in the ordinary course of business. Saraca will make a reasonable and good faith effort to provide electronically stored information in the formats requested.

19. Saraca objects to Instruction Nos. 5-7, which purport to require Saraca to undertake actions with respect to documents that are not within its possession, custody, or control.

20. Saraca objects to Instruction No. 8, which purports to impose a more onerous burden for asserting a claim of privilege than is required by the Bankruptcy Rules, Federal Rules, Local Rules, or any applicable law, rule, or court order. To the extent a privilege log is necessary, Saraca will comply with its obligations under the Bankruptcy Rules, Federal Rules, Local Rules, or any applicable law, rule, or court order.

21. Saraca objects to Instruction No. 12 on the grounds that it is vague, ambiguous, and overbroad.

22. Saraca objects to Instruction No. 14 on the grounds that "the date responses to the Document Requests are due" is unduly burdensome and unworkable in light of the nature of rolling productions. Instead, Saraca will interpret the date range of the Subpoena to terminate on August

19, 2022, the date the Subpoena was issued. Saraca further objects to February 5, 2012 as the starting point of the Subpoena's date range as overly broad, unduly burdensome, not proportional to the needs of the case, and not calculated to lead to the discovery of relevant evidence. Saraca's counsel is willing to meet and confer with the Trustee's counsel to discuss appropriate time periods for the Requests, but proposes the date of Saraca's incorporation—May 31, 2018—as the starting point of the date range.

23. Saraca objects to Definition No. 1 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Saraca will interpret "You," "Your," and "Yourself" as encompassing Saraca and its directors, officers, employees, and agents.

24. Saraca objects to Definition Nos. 2-5 on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome. Saraca will interpret "Debtor" to mean Ho Wan Kwok (and his aliases), "Debtor's Son" to mean Qiang Guo (and his aliases), "Debtor's Daughter" to mean Mei Guo (and her aliases), and "Debtor's Purported Wife" to mean Hing Chi Ngok (and her aliases).

25. Saraca objects to Definition Nos. 7-8, to the extent they imply the existence of facts or circumstances that do not or did not exist, and to the extent they state or assume factual or legal conclusions. In responding, Saraca does not admit that the "Associated Individuals" in Definition No. 7, and that the "Associated Entities" in Definition No. 8, are in fact associated with the Debtor, or that the Debtor in fact has any ownership, control, hold, custody, discretion, or other interest in them.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Request No. 1:**

*All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.*

**Response to Request No. 1:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request and can be located through reasonable efforts.

**Request No. 2:**

*All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.*

**Response to Request No. 2:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Notwithstanding the foregoing Specific and General Objections, Saraca does not have any responsive documents within its possession, custody, or control.

**Request No. 3:**

*All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.*

**Response to Request No. 3:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; (3) calls for the production of privileged information; and (4) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in Saraca. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that (a) are responsive to this Request; (b) can be located through reasonable efforts; and (c) are redacted to protect sensitive information.

**Request No. 4:**

*All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.*

**Response to Request No. 4:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "investment," "business

dealing," or "transactions" as used in this Request. Notwithstanding the foregoing Specific and General Objections, Saraca does not have any responsive documents within its possession, custody, or control.

**Request No. 5:**

*All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.*

**Response to Request No. 5:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 6:**

*All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.*

**Response to Request No. 6:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome,

8

vague, and ambiguous, including because the Subpoena does not define "investment," "other transaction," or "business dealing" as used in this Request. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.

**Request No. 7:**

*All Documents regarding any property ever occupied or used by the Debtor, including without limitation the Lady May; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.*

**Response to Request No. 7:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because it calls for documents regarding "any property ever occupied or used by the Debtor." Saraca will interpret this request to encompass only the properties enumerated within it. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 8:**

*All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any*

9

*similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.*

**Response to Request No. 8:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "investments" or "trading" as used in this Request. Notwithstanding the foregoing Specific and General Objections, Saraca does not have any responsive documents within its possession, custody, or control.

**Request No. 9:**

*All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.*

**Response to Request No. 9:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because it calls for documents regarding "any aircraft owned, controlled, or used by the Debtor," and Saraca is unaware of all aircraft meeting this description. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to

meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 10:**

*All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.*

**Response to Request No. 10:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "gifts," "benefits," or "loans" as used in this Request. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, custodians, and date ranges to locate potentially responsive documents.

**Request No. 11:**

*All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.*

**Response to Request No. 11:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or

11

control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "trust" or "similar instrument" as used in this Request. Notwithstanding the foregoing Specific and General Objections, Saraca does not have any responsive documents within its possession, custody, or control.

**Request No. 12:**

*All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.*

**Response to Request No. 12:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including: (1) to the extent non-privileged responsive documents would be available in the public domain; and (2) because Saraca would only be aware of litigation in which the Debtor and Saraca were both parties, or litigation in which the Debtor was a party and Saraca received a third party subpoena—not litigation in which the Debtor was a party but in which Saraca is not a party or subpoena recipient. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce a list of all litigation in which either (a) the Debtor and Saraca were both parties, or (b) the Debtor was a party and Saraca received a third party subpoena.

**Request No. 13:**

*All Documents and communications between any of your outside counsel or other advisors and the Debtor.*

**Response to Request No. 13:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because: (1) it seeks documents with no bearing on the Debtor's assets and finances; and (2) the Subpoena does not define "outside counsel" or "other advisors." Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, subject matters, custodians, and date ranges to locate potentially responsive documents.

**Request No. 14:**

*Documents sufficient to show all of Your Assets and sources of income or funding.*

**Response to Request No. 14:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) calls for the production of privileged information; and (3) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in Saraca. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession,

custody, or control that (a) are responsive to this Request; (b) can be located through reasonable efforts; and (c) are redacted to protect sensitive information.

**Request No. 15:**

*For all Assets identified in response to Request [13] having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.*

**Response to Request No. 15:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) seeks documents equally accessible to the Debtor; and (3) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous. Notwithstanding the foregoing Specific and General Objections, Saraca does not have any responsive documents within its possession, custody, or control.

**Request No. 16:**

*Copies of Your tax returns.*

**Response to Request No. 16:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information. Saraca further objects to this request on the grounds that it is not likely to lead to any relevant information and it is not material to the acts, conduct, or property of Debtor; the liabilities and financial condition of the Debtor; or any matter which may affect the administration of the Debtor's estate or the Debtor's right to a discharge.

**Request No. 17:**

*Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.*

**Response to Request No. 17:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) calls for the production of privileged information; and (3) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in Saraca. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that (a) are responsive to this Request; (b) can be located through reasonable efforts; and (c) are redacted to protect sensitive information.

**Request No. 18:**

*All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.*

**Response to Request No. 18:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.

**Request No. 19:**

*All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate*

15

*structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.*

**Response to Request No. 19:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information. Saraca further objects to this request as overly broad, unduly burdensome, vague, and ambiguous, including because the Subpoena does not define "business purpose" or "relationship." Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts.

**Request No. 20:**

*All Documents related to that certain U.S. Securities and Exchange Commission Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order, Release No. 10979/September 13, 2021, entered in Administrative Proceeding File No. 3-20537, In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc., including but not limited to those regarding the sources of funds for all payments made by You, or on Your behalf, or for Your benefit, to Your legal counsel, those regarding the sources of funds for all payments of fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to such order, and those regarding the manner of payment used by You, anyone acting on Your behalf, or for Your benefit, to satisfy Your obligations under such order.*

**Response to Request No. 20:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; (2) calls for the production of privileged information; and (3) calls for the production of sensitive information, including the identities, addresses, and financial information of any investors in Saraca. Subject to the foregoing Specific and General Objections, and upon the entry

of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that reflect the source of funds used by Saraca to pay its legal counsel, fines, disgorgement, prejudgment interest, and/or civil penalties paid to the U.S. Securities and Exchange Commission pursuant to the Order identified in this request, that are redacted to protect sensitive information.

**Request No. 21:**

*All Documents related to any Transfer of funds, in the approximate amount of $2 million, made by You to Greenwich Land LLC in or about February 2020.*

**Response to Request No. 21:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information. Subject to the foregoing Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, subject matters, custodians, and date ranges to locate potentially responsive documents.

**Request No. 22:**

*All Documents related to any payment or Transfer by You to Mr. Steve Bannon in or about May 2018, on account of consulting fees, in an approximate and aggregate amount of $1 million, whether made in a lump sum payment or multiple installment payments over a matter of time.*

**Response to Request No. 22:**

Saraca incorporates its General Objections as though fully set forth herein. Saraca objects to this request to the extent it: (1) seeks documents that are not within its possession, custody, or control; and (2) calls for the production of privileged information. Subject to the foregoing

Specific and General Objections, and upon the entry of a Protective Order, Saraca will produce non-privileged documents within its possession, custody, or control that are responsive to this Request, and can be located through reasonable efforts. Saraca is willing to meet and confer with counsel for the Trustee to discuss appropriate search terms, subject matters, custodians, and date ranges to locate potentially responsive documents.

Dated: New York, New York
      October 3, 2022

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

By:    */s/ Jeremy H. Temkin*
       Jeremy H. Temkin
       Chelsea L. Scism
       565 Fifth Avenue
       New York, NY 10017
       Telephone: (212) 856-9600
       Fax: (212) 856-9494
       jtemkin@maglaw.com
       cscism@maglaw.com

*Attorneys for Saraca Media Group, Inc.*