UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
      Debtors.[1] : Jointly Administered
:
------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION TO FILE COMPLETE, UNREDACTED VERSION OF (A) MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., AND G-CLUB OPERATIONS LLC TO COMPLY WITH RULE 2004 SUBPOENAS AND FOR ENTRY OF AN ORDER HOLDING G-CLUB US OPERATIONS LLC, G-CLUB US OPERATIONS INC., HUDSON DIAMOND NY LLC, HUDSON DIAMOND HOLDING LLC, G-FASHION LLC, GNEWS LLC, US HIMALAYA CAPITAL INC., NEW YORK MOS HIMALAYA LLC, CRANE ADVISORY GROUP LLC, AND MAYWIND TRADING LLC IN CIVIL CONTEMPT FOR FAILING TO RESPOND TO RULE 2004 SUBPOENAS AND (B) CERTAIN EXHIBITS THERETO, UNDER SEAL**

      Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through undersigned counsel, respectfully submits this motion ("Motion to Seal") pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), District of Connecticut Local Rule of Civil Procedure (the "Local Civil Rules") 5(e), District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules") 9077-1, and the Protective Order entered

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

October 6, 2022 [Main Case ECF No. 923], hereby files this motion (the "Motion to Seal") for entry of the proposed order filed herewith as **Exhibit A** (the "Proposed Order"), permitting the sealed filing of the complete, unredacted version of the *Motion of Chapter 11 Trustee for Entry of Order Compelling GTV Media Group, Inc., Saraca Media Group, Inc., G-Club Operations LLC, G-Club US Operations LLC, G-Club US Operations Inc., Hudson Diamond NY LLC, Hudson Diamond Holding LLC, G-Fashion LLC, Gnews LLC, US Himalaya Capital Inc., New York MOS Himalaya LLC, Crane Advisory Group LLC, and Maywind Trading LLC to Comply with Rule 2004 Subpoenas* (the "Motion to Compel") and certain exhibits cited within and attached to the *Declaration of Avram E. Luft in Support of Motion to Compel* (the "Luft Declaration").[2] In support of this Motion to Seal,[3] the Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**I.    Trustee's Rule 2004 Investigation and Receipt of Confidential Documents**

2. On July 28, 2022, the Trustee filed a motion for Rule 2004 discovery as to various individuals and entities associated with the Debtor (the "Associated Entities Rule 2004 Motion")

---

[2]  The Motion to Compel and Luft Declaration are being filed contemporaneously herewith.

[3]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Compel.

[Docket No. 638]. On August 16, 2022, the Court granted the Trustee's Associated Entities Rule 2004 Motion (the "Associated Entities Rule 2004 Order") [Docket No. 758], pursuant to which the Trustee served subpoenas on the associated entities and individuals requesting documents relevant to the Trustee's investigation. Documents have subsequently been produced in response to such subpoenas (the "Associated Entity Documents").

3. On July 28, 2022, the Trustee filed a motion for Rule 2004 discovery as to various legal and financial advisors to the Debtor (the "Professionals 2004 Motion") [Docket No. 637], including law firms and professional firms. On August 16, 2022, the Court granted the Trustee's Professionals 2004 Motion (the "Professionals Rule 2004 Order") [Docket No. 756], pursuant to which the Trustee served subpoenas on the law firms and professional firms requesting documents relevant to the Trustee's investigation. Among the documents produced in response to these subpoenas are certain emails between attorneys or other professionals at the relevant entities and related documents (the "Professional Documents").

4. On October 6, 2022, the Court entered that certain Protective Order [Docket No. 923] (the "Protective Order"), which allows certain information that is "Confidential" or "Highly Confidential" to be redacted.

5. The Protective Order provides:

> A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non- Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

> A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff).

Protective Order ¶ 5(a), (b). Under the Protective Order, access to Highly Confidential Material is restricted to a receiving party's counsel (*i.e.*, the "AEO Provision"). Protective Order, ¶ 10(a).

6.  The Protective Order also states that "[u]nless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules." Protective Order ¶ 13.

7.  Certain Associated Entity Documents cited in the Motion to Compel and attached to the Luft Declaration have been designated by Rule 2004 subpoena recipients as Confidential or Highly Confidential.[4] In addition, certain Professional Documents cited in the Motion to Compel and attached to the Luft Declaration may contain information that is subject to a Trustee Privilege because it represents an attorney-client privilege formerly controlled by the Debtor.[5] Under the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [Main Case ECF No.

---

4  Specifically, Trustee Exhibit K (the "Privileged Exhibit").

5  Specifically, Trustee Exhibit G (the "Potentially Privileged Exhibit").

856] (the "Privileges Order"), "filings by the Trustee containing or describing documents or information covered by a Trustee Privilege shall be filed under seal." Privileges Order, ¶ 8.

## RELIEF REQUESTED

8. By this Motion, the Trustee requests entry of an order, substantially in the form of the Proposed Order, authorizing the Trustee to file under seal an unredacted version of the Motion to Compel and certain exhibits cited within and attached to the Luft Declaration as they contain (i) certain information that has been designated "Confidential" or "Highly Confidential" pursuant to the Protective Order or (ii) information that may be subject to a Trustee Privilege under the Privileges Order.

9. Specifically, the Trustee requests that he be authorized to submit, under seal, the following Privileged Exhibit: Exhibit K, and the following Potentially Privileged Exhibit: Exhibit G.

10. The Trustee further requests that the Court permit the Trustee to share the Potentially Privileged Exhibit with the Defendant to the extent that such permission is necessary under the Privileges Order.

## BASIS FOR RELIEF

11. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders to protect entities with respect to certain confidential or commercial information. 11 U.S.C. § 107(b). Further, Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Upon the determination that the information sought to be protected falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application."

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

12. The Trustee is submitting certain evidence in support of the Motion to Compel and Luft Declaration that (i) associated entities have sought to keep confidential by designating it as "Confidential" or "Highly Confidential" information pursuant to the Protective Order and (ii) may be subject to a Trustee Privilege because it represents an attorney-client privilege formerly controlled by the Debtor. Without waiving any arguments regarding confidentiality, the Trustee is required to submit the exhibits under seal and redact sensitive information in connection with the exhibits pursuant to paragraph 13 of the Protective Order and paragraph 8 of the Privileges Order.

13. For all of the foregoing reasons, the Trustee requests that he be authorized to file the Motion to Compel under seal and redact sensitive information and to submit the following exhibits cited within and attached to the Luft Declaration, under seal: Privileged Exhibit K and Potentially Privileged Exhibit G.

14. Further, the Trustee believes the Court should permit him to share the Potentially Privileged Exhibit with the Defendant to the extent that a privilege waiver would otherwise occur. To the extent the Court could not admit them into evidence without effecting a privilege waiver, the Trustee respectfully requests the Court's leave for that purpose. The Potentially Privileged Exhibit would remain under seal generally and, therefore, would not be available to parties other than the Defendant or anyone else entitled to see the documents under the Protective Order.

WHEREFORE, the Court should grant this Motion to Seal, approve the sealed filing of the Privileged Exhibit and Potentially Privileged Exhibit as provided in the Proposed Order and grant such other and further relief as the Court deems just and proper.

Dated:  May 18, 2023  
        New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    plinsey@npmlaw.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft (admitted *pro hac vice*)  
Douglass Barron (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6079  
aviluft@paulhastings.com  
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[6] : Jointly Administered
: 
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 18, 2023, the foregoing Motion, all declarations, exhibits and attachments thereto was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[7] Parties may access this filing through the Court's CM/ECF system.

Dated:  May 18, 2023             LUC A. DESPINS,
        New Haven, Connecticut   CHAPTER 11 TRUSTEE

                                 By: */s/ Patrick R. Linsey*
                                     Patrick R. Linsey (ct29437)
                                     NEUBERT, PEPE & MONTEITH, P.C.
                                     195 Church Street, 13th Floor
                                     New Haven, Connecticut 06510
                                     (203) 781-2847
                                     plinsey@npmlaw.com

---

[6] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor ") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[7] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :   Chapter 11
                                                      :
HO WAN KWOK, *et al.*,                                :   Case No. 22-50073 (JAM)
                                                      :
      Debtors.[1]                                 :   Jointly Administered
                                                      :
------------------------------------------------------x   [_____] [____], 2023


**[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO FILE COMPLETE, UNREDACTED VERSION OF (A) MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., AND G-CLUB OPERATIONS LLC TO COMPLY WITH RULE 2004 SUBPOENAS AND FOR ENTRY OF AN ORDER HOLDING G-CLUB US OPERATIONS LLC, G-CLUB US OPERATIONS INC., HUDSON DIAMOND NY LLC, HUDSON DIAMOND HOLDING LLC, G-FASHION LLC, GNEWS LLC, US HIMALAYA CAPITAL INC., NEW YORK MOS HIMALAYA LLC, CRANE ADVISORY GROUP LLC, AND MAYWIND TRADING LLC IN CIVIL CONTEMPT FOR FAILING TO RESPOND TO RULE 2004 SUBPOENAS AND (B) CERTAIN EXHIBITS THERETO, UNDER SEAL**

UPON CONSIDERATION OF the motion (the "Motion to Seal") of Chapter 11 Trustee Luc A. Despins (the "Trustee") requesting approval of the sealed filing of the Motion to Compel and the Privileged Exhibit[2] and Potentially Privileged Exhibit cited to in the Motion to Compel and attached to the Luft Declaration, and good cause having been shown; and the Court having found that the filing of the Privileged Exhibit and Potentially Privileged Exhibit is consistent

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and Genever Holdings Corporation (the "Genever BVI Debtor"). The mailing address for the Trustee and the Genever BVI Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined in this Order shall adopt the definitions set forth in the Motion to Seal.

with relevant parties' agreements and expectations under the Protective Order and Privileges Order, the relief provided in those Orders being narrowly tailored to serve the foregoing purposes, and good cause having thereby and otherwise been shown, it is by the Court, hereby

ORDERED, that the Motion to Seal is granted as set forth herein; and it is further

ORDERED, that the Trustee is authorized to file unredacted versions of the Motion to Compel and the Privileged Exhibit and Potentially Privileged Exhibit cited therein and attached to the Luft Declaration under seal, and those exhibits shall remain under seal and shall not be made publicly available, unless and until permitted by further order of this Court; and it is further

ORDERED, that the Trustee is further authorized to file on this Court's docket and to serve on other parties-in-interest redacted copies of the Privileged Exhibit and Potentially Privileged Exhibit that redact any material that is Designated Material pursuant to the Protective Order; it is further

ORDERED that, if necessary, the Court permits the Trustee to submit the Potentially Privileged Exhibit under seal, notwithstanding any restrictions in the Privileges Order; and it is further

ORDERED, that, pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case; the United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B); and it is further

ORDERED, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2023

_____
Julie A. Manning,
United States Bankruptcy Judge