**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------- x
In re:                             :     Chapter 11
                                   :
HO WAN KWOK, *et al*.,             :     Case No. 22-50073 (JAM)
                                   :
                      Debtors.     :
                                   :
---------------------------------- x

**GREENWICH LAND, LLC'S AND HING CHI NGOK'S
OBJECTION TO THE CHAPTER 11 TRUSTEE'S FIFTH SUPPLEMENTAL
OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR RULE 2004 DISCOVERY**

Parties-in-Interest and Defendants in Adversary Proceeding No. 23-05005 (the "Adversary Proceeding") Greenwich Land, LLC ("Greenwich Land") and Hing Chi Ngok ("Ms. Ngok" and together with Greenwich Land, "Defendants") respectfully submit this objection to Chapter 11 Trustee Luc A. Despins' (the "Trustee") Fifth Supplemental Omnibus Motion for Entry of an Order Under Bankruptcy Rule 2004 Authorizing Discovery (the "Rule 2004 Motion") (ECF 1789).

**INTRODUCTION**

1.      The Trustee filed the Adversary Proceeding against Defendants alleging Ms. Ngok is not the real owner of Greenwich Land, but rather that her husband the Debtor Ho Wan Kwok ("Debtor") is the true equitable owner. The Trustee obtained an *ex parte* attachment and *ex parte* temporary restraining order against Defendants in the Adversary Proceeding based on his sworn certification that he possessed sufficient evidence for the extraordinary relief.

2.      Having commenced the Adversary Proceeding, the Trustee must now abide by the Federal Rules of Civil Procedure. Nevertheless, the Trustee is bucking decades of caselaw and seeking to conduct shadow discovery away from Defendants but for use in the Adversary Proceeding under Federal Rule of Bankruptcy Procedure 2004.

1

**RELEVANT FACTUAL BACKGROUND**

3. The Trustee commenced this Adversary Proceeding on March 27, 2023 (ECF 1). The same day, the Trustee made his *ex parte* PJR Application pursuant to Conn. Gen. Stat. §52-278e(a) ("PJR Application") (ECF 11), and *ex parte* PI Motion (including for a TRO) (ECF 12). The PJR Application and PI Motion both seek similar relief to attach the Taconic Property and to enjoin Defendants from taking any action to encumber or transfer the Taconic Property. (ECF 4, ¶2 (PJR Application); ECF 12, ¶¶1-2 (Motion)).

4. On March 28, 2023, the Court entered the Trustee's proposed order and granted the PJR Application (the "PJR Order" (ECF 15)). The same day, the Court granted the Trustee's Motion for an *ex parte* temporary restraining order ("TRO") and set a hearing on the Trustee's PI Motion (ECF 14), which hearing is now scheduled to commence on May 30, 2023.

5. On May 15, 2023, the Trustee filed his Rule 2004 Motion. Among the relief sought by the Trustee, is discovery from Bento Technologies, Inc. ("Bento"). The Rule 2004 Motion makes clear that the Trustee is seeking the discovery from Bento for use in the Adversary Proceeding. Specifically, the Rule 2004 Motion alleges that "Bento has, among other things, been the recipient of significant funds from Greenwich Land LLC …." ECF 1789, pp. 4-5. The Trustee says nothing further than that Bento has information relevant to Greenwich Land, and his sprinkling of speculation that it may have other relevant information cannot be a basis for ignoring the pending action doctrine prohibiting the misuse of Rule 2004 discovery.

6. While it is obvious from the Rule 2004 Motion that the discovery the Trustee seeks from Bento is meant for use in the Adversary Proceeding, given the very limited and conclusory statements made by the Trustee regarding the other proposed examinees, it may be that the discovery from those examinees is also meant for use in the Adversary Proceeding. The Trustee

should also be required to take the discovery under the Federal Rules of Civil Procedure with participation by Defendants. In the meantime, the Court should require the Trustee to plead in detail the relevance of the information he seeks from the other examinees and to state whether any of the discovery relates to the Adversary Proceeding. If so, it cannot proceed under Rule 2004.

## ARGUMENT

7. "Relevance alone is not sufficient to justify a Rule 2004 request. A party seeking to conduct a Rule 2004 examination must also show good cause, such as the proposed examination is necessary to establish the claim of the party seeking the examination, or denial of such request would cause the examiner undue hardship or injustice." *In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017). Moreover, it is blackletter law "that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *see also In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) ("There is a well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the applicable Federal Rules of Civil Procedure, and not Rule 2004"). "The pending proceeding rule is based on the different safeguards that attend Rule 2004 and civil litigation discovery, and reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *In re Sunedison, Inc.*, 572 B.R. at 489.

8. Furthermore, no evidence obtained pursuant to Rule 2004 subpoenas served after the Trustee files an adversary proceeding should be admissible in the adversary proceeding. *See In re Anderson*, 17-adv-03008 (AMN) 2022 WL 1165002, *4-5 (Bankr. D. Conn. April 19, 2022) (holding that Rule 2004 examination transcripts of unavailable witnesses were inadmissible

hearsay in an adversary proceeding commenced after the Rule 2004 examinations); *see also Geico Indemnity Co. v. Dionisio*, 12-cv-01137, 2016 WL 74390, *6 (D. Conn. Jan. 6, 2016) (testimony from separate lawsuit inadmissible where party in the present action did not have the opportunity to cross-examine the witness during the prior testimony).

9. The Trustee's Rule 2004 Motion blatantly seeks to take discovery against Defendants under Rule 2004 for use in the Adversary Proceeding he already filed against Defendants. In the Adversary Proceeding, the Trustee seeks to dispossess Ms. Ngok of her only residence. The Trustee already obtained an attachment and injunction over the residence on an *ex parte* basis, relying on his sworn certification that he had sufficient evidence to warrant the drastic relief. The filing of the Adversary Proceeding itself eliminated the Trustee's ability to take Rule 2004 discovery concerning the subject matter of the Adversary Proceeding. Given how advanced the Trustee represents he is in his investigation concerning the subject matter of the Adversary Proceeding, it is even more egregious that he seeks to take more secret discovery without Defendants' involvement and without being subject to the Federal Rules of Civil Procedure.

10. Defendants are entitled to participate in any discovery concerning the Adversary Proceeding, and that discovery must be governed by the Federal Rules of Civil Procedure. Moreover, to the extent the Trustee proceeds with discovery under Rule 2004 without Defendants' involvement, none of it should be admissible in the Adversary Proceeding. *In re Anderson*, 2022 WL 1165002, *5 (transcripts of 2004 examination were inadmissible hearsay where the examinations were not taken within the adversary proceeding and the parties to the adversary proceeding did not have a full and fair opportunity to participate and cross examine).

11. Cases previously relied upon by the Trustee to avoid the pending action doctrine are inapplicable to the current Rule 2004 Motion and Defendants. ECF 1184, p. 2. The Court in

*In re Sunedison, Inc.*, 572 B.R. at 490, denied discovery by the debtors. In doing so, it did not apply the pending action doctrine, because the Debtors were not parties to the pending state court litigation. In *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009), the court permitted discovery under Rule 2004 only after it made a finding that the discovery sought was unrelated to the adversary proceeding. *Id.*, at 52-53 ("In this Court's view, the proper approach is that of Bennett Funding. Where a party requests a Rule 2004 examination and an adversary proceeding or other litigation in another forum is pending between the parties, the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding"). In *In re Ecam Publications, Inc.*, 131 B.R. 556, 560-61 (Bankr. S.D.N.Y. 1991), the court explicitly recognized the pending action doctrine in permitting a trustee to take a 2004 examination where no adversary proceeding was actually pending: "Moreover, the trustee has not commenced an adversary proceeding against the witnesses based on the transferred claims, in which event a Rule 2004 examination would not be appropriate because discovery in an adversary proceeding, as in Galluci, must be obtained in accordance with the Federal Rules of Civil Procedure." *Id.* at 560. These cases provide no support for the Trustee's attempt to take Rule 2004 discovery for use in the Adversary Proceeding.

## **CONCLUSION**

12.     The Court should deny the Trustee's Rule 2004 Motion. Defendants are entitled to participate in discovery for the Adversary Proceeding, which lawsuit carries enormous consequences for Ms. Ngok. The Court should not permit him to carry on a fishing expedition outside of the Adversary Proceeding and without the guardrails provided under the Federal Rules of Civil Procedure. Defendants' declaration of their meet and confer efforts is **Exhibit 1**.

Dated: May 22, 2023
       Stamford, Connecticut

                      **MEISTER SEELIG & FEIN PLLC**
                      By: */s/ Christopher J. Major*
                            Christopher J. Major, Esq.
                            Austin D. Kim, Esq.
                            125 Park Avenue, 7th Floor
                            New York, NY 10017
                            Tel: (212) 655-3500
                            Email: cjm@msf-law.com
                            adk@msf-law.com

                            *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2023, I caused the foregoing to be filed and served on all appearing parties in this Adversary Proceeding via the Court's Electronic Case Filing System.

                            By: */s/ Christopher J. Major*
                                Christopher J. Major, Esq.