**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.* | Case No: 22-50073 (JAM) |
| Debtors. | |

**DEBTOR'S LIMITED OBJECTION TO CHAPTER 11**
**TRUSTEE'S FIFTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

Ho Wan Kwok, the Debtor in the above-captioned bankruptcy case, hereby submits his limited objection to the Trustee's Fifth Supplemental Omnibus Motion for Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 (Doc. No. 1789) (the "Fifth Rule 2004 Motion"), filed on May 15, 2023. In support of his objection, the Debtor respectfully represents as follows:

### I. Preliminary Statement

1. The Debtor agrees that the Trustee may take Rule[1] 2004 examinations of third parties upon a showing that the scope of the proposed examination is reasonably related to the Debtor's estate. However, the mere existence of any relationship between the Debtor and a third-party does not give the Trustee carte blanche to seek unfettered access to that third party's financial records. The relief sought by the Trustee in the Fifth Rule 2004 Motion impermissibly requests broad, invasive and burdensome financial information from Nodal Partners, LLC ("Nodal"), including documents unrelated to the Debtor or the administration of the Debtor's estate, solely because the Trustee has identified *some* relationship between Nodal and the Debtor. These requests serve no purpose other than to harass and intimidate Nodal and, by association, other third parties who support the Debtor by instilling fear that they will be targeted too.[2]

2. In addition, the Debtor has recently learned that the Trustee contends that the proposed order attached to the Fifth Rule 2004 Motion as Exhibit A (the "Proposed Order") does not require the Trustee to give the Debtor or other parties in interest notice of the date and time on which the Trustee intends to conduct Rule 2004 Examinations. The Debtor objects to the Rule 2004 Motion and the Proposed Order to the extent of this construction.

---

[1] "Rule" or "Rules" shall refer to the Federal Rules of Bankruptcy Procedure.
[2] The Debtor's lack of good cause is further evidence by his seeking Rule 2004 examinations of other individuals on similarly specious grounds, including three individuals, Defeng Cao, Yongbing Zhang, and Yue Zhou, merely because they volunteered to guaranty a bond in favor of Yan Pin Wang (a/k/a Yvette Wang).

1

**II.      The Nodal Subpoena**

3.      Through the Fifth Rule 2004 Motion, the Trustee seeks, *inter alia*, an order authorizing him to serve a subpoena on Nodal (the "Nodal Subpoena"). (Fifth Rule 2004 Motion, pp. 6-8). The sole basis asserted by the Trustee to examine Nodal is that Nodal assisted the Debtor with payment of legal fees and is friends with the Debtor's daughter. The Nodal Subpoena makes no effort, whatsoever, to limit many of its requests to information that relates, even tangentially, to the Debtor's estate or even his family. Indeed, the Nodal Subpoena makes blanket requests for, among other things: "Documents sufficient to show all of [Nodal's] Assets and sources of income or funding;" all "[d]ocumentation related to [Nodal's] acquisition of [each] Asset" with a value of more than $50,000; and "[a]ll Documents regarding any credit cards used by [Nodal]…." (*Id.*, Exhibit C-7, pp. 14-15). Publicly available information establishes that Nodal is an operating company located in Austin, Texas that is managed by established and well-educated professionals and has no apparent connection to the Debtor.

**III.     The Trustee Improperly Seeks Unfettered Access to a Third Party's Financial Records**

4.      The scope of Rule 2004 examinations is limited "only to the acts, conduct, or property or the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." Fed. R. Bankr. P. 2004; *see also In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983) ("[B]y looking to the language of Rule 2004, it is evident that an examination may be had only of those persons possessing knowledge of the debtor's act, conduct or financial affairs *so far as this relates to a debtor's proceeding in bankruptcy*." (emphasis added)). "[I]n granting a Rule 2004 request, the bankruptcy court is required to make a finding of good cause for the examination." *In re Transmar Commodity Grp.*, 2018 Bankr. LEXIS 2473, *11 (Bankr. S.D.N.Y. Aug. 17,

2018) (internal quotation marks and citations omitted). "The party seeking discovery under Rule 2004 bears the burden of showing good cause for the examination it seeks" and "must demonstrate either that the proposed examination is necessary to establish the claim of the party, or that the denial of discovery would cause the party undue hardship or injustice." *Id.*, at *11-12 (citations omitted).

5. Furthermore, while "[t]he scope of examination authorized by Rule 2004 is exceptionally broad… [t]here are… limits to the scope of Rule 2004 examinations. Significantly, courts may limit, condition or even forbid the use of Rule 2004 where it is used to abuse or harass…." *Martin v. Schaap Moving Sys.*, 1998 U.S. App. LEXIS 15255, *6-8 (2d Cir. Apr. 21, 1998) (internal quotation marks and citations omitted); *see also In re Duratech Indus.*, 241 B.R. 283, 289 (E.D.N.Y. 1999) (Examinations under Rule 2004… have been compared to a "fishing expedition," but "[t]here are… limits to the scope of Rule 2004 examinations" including that they "may not be used for the purposes of abuse or harassment."). "To that end, the '[e]xamination of a witness as to matters having no relationship to the bankrupt's affairs or the administration of the estate… is improper.'" *In re Transmar Commodity Grp.*, 2018 Bankr. LEXIS 2473, at *27 (quoting *Keene Corp. v. Johns-Manville Corp (In re Johns-Manville Corp.)*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1383)). In particular, Rule 2004 "is not intended to be a fishing expedition of a third party's assets." *In re Downs*, 2021 Bankr. LEXIS 2839, *31 (Bankr. C.D. Cal. Oct. 13, 2021) (internal quotation marks and citation omitted).

6. Here, the Trustee requests documentation related to all of Nodal's assets, income, funding and credit use irrespective of any connection to the Debtor.[3] In those respects, the Nodal Subpoena seeks permission to put the cart before the horse in an effort to reach a barn that does

---

[3] While Request 13 of the Nodal Subpoena requests credit card documentation "*including*… monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor, the Debtor's Daughter, or an Associated Entity," this reference to the Debtor (and others) is not a limiting qualifier.

3

not exist—solely to intimidate the Debtor's supporters. Indeed, the only basis upon which the Trustee seeks this unfettered access to Nodal's finances is the conclusory statement that because Nodal "was disclosed… as a source of payment of the Debtor's counsel's fees" and "Nodal's president was said—upon information and belief of the Debtor's counsel—to be a friend of Mei Guo, the Debtor's daughter," that "Nodal is therefore likely in possession of documents relevant to the Trustee's investigation."

7. Putting aside the bare conclusory nature of that statement, the Trustee has not established (because he cannot establish) good cause for requesting all of Nodal's financial records absent any connection between the records requested and the Debtor or his estate. The requests are simply meant to harass Nodal based solely on its relationship with the Debtor. Therefore, the Court should deny the Rule 2004 Motion with respect to Nodal.

### IV. The Trustee Contends That the Proposed Order Does Not Require Notice of Third Party Examinations to the Debtor or Other Parties in Interest

Local Rule 2004-1(b) requires that if the examining party and the party to be examined agree "on an examination taking place, [notice of] the date, time, and place of such examination" must be provided to the Debtor and other parties in interest. Local Rule 2004-1(c) requires that in the absence of such an agreement, a party that seeks an examination must file a Rule 2004 motion and serve upon the Debtor, and other parties in interest, the motion accompanied by a proposed order, a notice of the seven-day period to object to the motion, and a copy of any subpoena for the production of documents. These two rules, read together, clearly establish that the Debtor and other parties in interest are entitled to notice of the date, time and place of a Rule 2004 examination at least a reasonable time prior to the examination taking place.

The Trustee has stated that he does not believe that prior Rule 2004 Orders entered by this Court, which are substantively identical to the Proposed Order, require him to provide the

Debtor and other parties in interest with notice of the date and time of the Rule 2004 examinations taken pursuant thereto.[4] Consistent with that position, the Trustee has already failed to provide reasonable, and, in at least one instance, any, notice of examinations, including where the examinees were the Debtor's former counsel. The Debtor is entitled to protect his interests at these examinations, particularly where the attorney-client privilege is at issue. Therefore, the Debtor objects to the Fifth Rule 2004 Motion and Proposed Order to the extent that they could be construed to allow the Trustee to examine third parties without providing reasonable notice of at least fifteen days of the date, time and location of the proposed examination.

**WHEREFORE**, the Debtor requests that the Court: (i) deny the Fifth Rule 2004 Motion as it relates to Nodal, (ii) require the Trustee to provide the Debtor and other parties in interest with notice of the date and time of any proposed examination at least fifteen (15) days before the Trustee schedules it to take place, and (iii) grant the Debtor such other and further relief as the Court deems just and proper.

---

[4] The Proposed Order purports to authorize the examination of Nodal under Rule 2004 "at the office of Neubert, Pepe & Monteith,… Paul Hastings LLP,… or at any other place that is mutually acceptable to the parties, on a date acceptable to the Trustee which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed." (*Id.*, Exhibit A, p. 2).

Dated at Bridgeport, Connecticut this 22nd day of May, 2023.

                                      **THE INDIVIDUAL DEBTOR,**
                                      **HO WAN KWOK**

                                      */s/ Aaron A. Romney, Esq.*
                                      Aaron A. Romney (ct28144)
                                      Daniel Byrd (ct31151)
                                      10 Middle Street, 15th Floor
                                      Bridgeport, Connecticut 06604
                                      Telephone: (203) 368-4234
                                      Facsimile: (203) 368-5487
                                      Email: aromney@zeislaw.com
                                                       dbyrd@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Aaron A. Romney, Esq.*
Aaron A. Romney
