UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>                Debtor. | Chapter 11<br><br>Case No: 22-50073 (JAM) |

**DECLARATION OF AARON A. ROMNEY IN SUPPORT
OF THE DEBTOR'S LIMITED OBJECTION TO CHAPTER 11
TRUSTEE'S FIFTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

I, AARON A. ROMNEY, hereby declare:

1. I am a partner and shareholder of the law firm of Zeisler & Zeisler, P.C., counsel for Ho Wan Kwok, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bankruptcy Case").

2. I submit this Declaration in support of the Debtor's Limited Objection (the "Limited Objection") to Chapter 11 Trustee's Fifth Supplemental Omnibus Rule 2004 Motion (the "Rule 2004 Motion") (Doc. No. 1814).

3. I make this Declaration based upon my personal knowledge of the facts asserted herein based on my participation in two May 22, 2023, teleconferences (the "Meet and Confer") between counsel for the Debtor and counsel for the Chapter 11 Trustee, Luc A. Despins (the "Trustee").

4. The persons present at the Meet and Confer were myself, on behalf of the Debtor, and Patrick Linsey, on behalf of the Trustee.

5. The purpose of the Meet and Confer was to address certain limited issues that the Debtor raised with the proposed subpoena (the "Proposed Subpoena") directed to Nodal

Partners, LLC ("Nodal") and, more generally, the notice provision in the proposed order (the "Proposed Order") granting the Rule 2004 Motion.

6. More specifically, at the Meet and Confer, I raised the issue that the Proposed Subpoena improperly seeks substantial financial records from Nodal irrespective of whether those records have any connection to the Debtor or the Bankruptcy Case.

7. I also raised the issue that the Trustee's counsel has recently contended that the Court's previous orders granting Rule 2004 examinations, which are substantively identical to the Proposed Order, does not require the Trustee to give the Debtor notice prior to conducting Rule 2004 examinations.

8. Despite my and Attorney Linsey's good faith efforts and discussion, the Debtor and the Trustee were unable to reach a resolution prior to the impending deadline for the Debtor to file the Limited Objection.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of May, 2023

/s/ _____
Aaron A. Romney (ct28114)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th floor
Bridgeport, Connecticut 06604
(203) 368-4234
aromney@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  */s/ Aaron A. Romney*
                                                  Aaron A. Romney