# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>　　　　Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>June 1, 2023 |

### G CLUB OPERATIONS LLC'S (1) PRELIMINARY OBJECTION TO TRUSTEE'S MOTION COMPEL AND (2) MOTION TO MODIFY RULE 2004 SUBPOENA

G Club Operations LLC ("**G Club**"), by and through its undersigned counsel, opposes the motion to compel (the "**Motion to Compel**") [Dkt. No. 1805] compliance with the Subpoena for a Rule 2004 Examination served on G Club on December 7, 2022 (the "**Subpoena**") by Luc A. Despins, in his capacity as the Chapter 11 trustee (the "**Trustee**") of the above-captioned debtors (collectively, the "**Debtors**"), pursuant to 11 U.S.C. § 1109(b), Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Bankruptcy Rule 2004, and Local Bankruptcy Rule 2004-1.  Although G Club has requested an extension of the deadline to respond to, and of the hearing date on, the Motion to Compel, for the reasons set forth in the Motion to Extend Time to Respond to Motion to Compel and Continue Hearing Date (the "**Extension Request**") (Dkt. No. __), G Club, out of an abundance of caution, sets forth the following preliminary objection to the Motion to Compel and the Subpoena to the extent the Extension Request is denied.  Put simply, on the facts here, the Motion to Compel is premature as G Club already is doing what it can to be able to negotiate with the Trustee as to the scope, priority, and propriety of the Subpoena.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

{00319777.1 }　　　　　　　　　　　　　　　1

First, the Trustee has, without doubt, employed a scorched earth approach in issuing more than one hundred Rule 2004 subpoenas (and counting) seeking every last document maintained by entities, including G Club. In multiple meet and confers and emails with the Trustee, G Club has clearly articulated its objections and tried to narrow the scope of the Subpoena and prioritize its response:

- The Trustee's demands are not proportional, are overly broad and burdensome, and beyond the permitted scope of even a Rule 2004 fishing expedition. As per recent filings, this unbridled discovery effort has cost the estate a substantial amount and the Trustee seeks *all* G Club documents on the premise that G Club effectively is synonymous with the Debtors yet G Club has never appeared in this action or otherwise been afforded an opportunity to be heard, and allegations of this nature impact G Club's due process rights.

Second, and significantly, counsel for G Club has advised the Trustee that following the indictment of the Debtor on March 15, 2023, the Chief Executive Officer, the General Counsel, and the Associate General Counsel of G Club resigned, severely impacting the ability of the entity to respond to the Subpoena, either by finalization and formalizing objections or beginning even a limited production of documents. As counsel informed the Trustee, in conference calls and in writing, G Club will prioritize the response to the Subpoena once an independent manager is appointed. That process necessarily took time, and counsel has regularly updated the Trustee on that process, including the appointment of the independent manager effective today.

Accordingly, any motion to compel is improper, a waste of judicial resources, and should be denied, particularly as the independent manager is, only as of today, in place. A reasonable amount of time to allow the manager to get up to speed, review the requests, and respond to

appropriately narrowed requests is likely to moot this motion. As set forth in the Extension Request, 60 days should provide a reasonable amount of time to accomplish these efforts.

Still, as noted above, to the extent the Extension Request is not granted, out of an abundance of caution and to protect its rights, G Club files this preliminary objection addressing the Motion to Compel and the Subpoena.

## ARGUMENT

### I. The Motion to Compel Is Premature

For the reasons set forth above, and as the Trustee is aware, G Club has not been in a position to respond to the Subpoena by formalizing objections, narrowing disputes or producing documents, until an independent manager was onboarded with authority to assist with addressing the discovery requests. This independent manager is now in place, effective June 1, 2023, and G Club is entitled to a reasonable amount of time to enable the independent manager to assess the matter and work with the Trustee to meaningfully respond to the Subpoena before the Court even considers a request to compel G Club to comply wholesale with the Subpoena.[2]

### II. The Requests Seek Documents Beyond the Scope of Rule 2004

Although Rule 2004 examinations are broad, they are not limitless. They cannot be used to perform a wholesale forensic investigation into a non-debtor's affairs. Indeed, they must be proportional and appropriately tailored. *See* Fed. R. Bankr. P. 2004(c); *see also* Local Rule 2004-1(a) ("Proportionality considerations apply to a request for the production of documents or electronically stored information in connection with a FRBP 2004 examination.").

---

[2] G Club has proposed a 60-day period for G Club and its new independent manager to do this, but Trustee's counsel has objected.

The Requests, as set forth and summarized below, are overly broad and far exceed the scope of Rule 2004. They are not limited to seeking information about the Debtors in a reasonable and proportional manner. *See* Fed. R. Bankr. P. 2004(a); *see also* Local Rule 2004-1(a). Instead, the Requests seek *all* financial documents, dealings, correspondence and matters of G Club *without limitation*. Counsel for G Club has made this objection to the Trustee, but the Trustee is unwilling to limit his requests.

By way of specific issues, the Trustee makes the following unbounded document requests first by identifying G Club as one of more than 60 "Associated Entities," or entities "associated" with the Debtor, (Ex. A, at 9 ("Definitions")), and then, demanding, *inter alia*:

| Request No. | Request |
|---|---|
| 1 | **All Documents regarding any income or Asset of** the Debtor, the Debtor's estate, or **an Associated Entity**.<br><br>In other words: *All Documents regarding any income or Asset of G Club, which would include communications, agreements and the like with each of its members, whether related to the Debtors or not.* |
| 3 | **All Documents regarding any balance sheet, bank statement, account statement, financial statement**, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document **relating to** the Debtor, the Debtor's Estate, the Debtor's Family, **an Associated Entity**, or an Associated Individual…<br><br>In other words: *All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions ... or similar document relating to ... G Club.* |
| 5 | **All** Communications with the Debtor, and **Documents related to** Communications with the Debtor, **related to the operation, management, or decision-making of** any Entity, including without limitation **the Associated Entities.**<br><br>In other words: *All Documents related to the operation, management, or decision-making of G Club.* |

| Request No. | Request |
|---|---|
| 6 | **All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with** the Debtor, the Debtor's Family, or **an Associated Entity.**<br><br>In other words: *All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with G Club.* |
| 8 | **All Documents related to any investments or trading by** the Debtor, the Debtor's Family, or **an Associated Entity**, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.<br><br>In other words: *All Documents related to any investment or trade by G Club.* |
| 10 | **All Documents regarding any gifts, benefits, or loans, to, from or on behalf of** the Debtor, the Debtor's Estate, the Debtor's Family or **the Associated Entities**…<br><br>In other words: *All Documents regarding any gifts, benefits, or loans, to, from or on behalf of G Club.* |
| 11 | **All Documents concerning any trust or similar instrument set up by, on behalf of,** or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family or **an Associated Entity**…<br><br>In other words: *All Documents concerning any trust or similar instrument set up by, on behalf of,* G Club. |

The Trustee also directly asks for all financial information regarding G Club:

| Request No. | Request |
|---|---|
| 14 | Documents sufficient to show all of **Your** Assets and sources of income or funding. |
| 15 | For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related **to Your** acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset. |
| 16 | Copies of **Your** tax returns. |
| 17 | **Documents sufficient to show all bank accounts and investment accounts within Your possession or control,** including the balances of and transfers to and from each such account. |
| 18 | All Documents regarding any credit cards used by **You**, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity. |
| 20 | All Documents related to any pledge(s) of **Your Assets** to any other Entity. |

To be clear, in each improper Request for which the Trustee seeks a document within a particular category that relates to an "Associated Entity," he seeks *every* document in G Club's possession or control relating to that category *about or relating to G Club* without limitation. (Ex. A, Request Nos. 1, 3, 5, 6, 8, 10, 11). The Trustee then proceeds to ask for all financial information relating to G Club, whether relating to the Debtor or not. (*Id.*, Requests 14, 15, 16, 17, 18, 20). Such requests must be narrowed.

It is black letter law that "Rule 2004 examinations . . . may not be used for the purposes of abuse or harassment, and cannot stray into matters not relevant to the basic inquiry." *In re Orion Healthcorp, Inc.*, 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019)) (quotations omitted). Moreover, courts consistently acknowledge that "[i]t is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Kearney*, 590 B.R. 913, 921 (Bankr. D. N.M. 2018) (*quoting Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985)) (collecting cases). Where a Rule 2004 examination "goes beyond its purpose as an investigatory device arising out of the needs of the trustee, it should be carefully scrutinized." *In re J&R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010). Indeed, "even if sufficiently related to the debtor or [his] bankruptcy case…a balancing analysis of the cost and disruptive effect" of a Rule 2004 subpoena "would be in order" when compliance requires "a voluminous document search and production." *In re Yahweh Center, Inc.* No. 16-04306-6-JNC, 2017 WL 327473, at * 2 (Bankr. E.D. N.C. Jan. 23, 2017).

Here, the Trustee has ignored proportionality, failed to balance any costs and disruptive effect, and far exceeded the bounds of Rule 2004 to launch a costly wholesale investigation into non-debtor G Club's private business affairs which require the Court's order to modify the scope of the demands.

## RESERVATION OF RIGHTS

G Club reserves its rights to supplement this preliminary objection. As described above, G Club has only recently retained an independent manager and the management team has had barely any time to learn about this matter. Moreover, the undersigned have had limited contact with the management team.,

## CONCLUSION

WHEREFORE, G Club respectfully requests that the Court deny the motion to compel and order the Trustee to modify the Rule 2004 requests. Further, G Club requests that the Court adjourn this hearing at least 60-days to permit counsel to interface with the new management team so as to allow a meaningful dialog and attempt at narrowing and/or resolving discovery issues.

**G|CLUB OPERATIONS, LLC**

By: /s/ Jeffrey M. Sklarz
GREEN & SKLARZ LLC
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684))
One Audubon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice* forthcoming)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorneys for G Club Operations LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2023, a copy of the foregoing was served via CMECF on the parties entitled to service and set forth thereon.

Date:   June 1, 2023                                         /s/ Jeffrey M. Sklarz