**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                 :      Chapter 11
                                                                            :
HO WAN KWOK, *et al.*,[1]                               :      Case No. 22-50073 (JAM)
                                                                            :
              Debtors.                              :      (Jointly Administered)
                                                                            :
---------------------------------------------------------x

**REPLY OF CHAPTER 11 TRUSTEE TO DEBTOR'S LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S FIFTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

      Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in response to the limited objection filed by the Debtor [Docket No. 1814] (the "Objection") to the *Fifth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, and Entities Doing Business with Debtor and Affiliated Entities* (the "2004 Motion"),[2] and respectfully states as follows:

**PRELIMINARY STATEMENT**

      1.      The Debtor's Objection to the Trustee's motion seeking Rule 2004 investigation of Nodal Partners LLC ("Nodal") is the latest, but far from the first, time the Debtor has

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Reply have the meanings set forth in the 2004 Motion.

misconstrued his role in this Chapter 11 Case to be that of the Trustee's antagonist. That is not the role of a debtor-out-of-possession. Rather, the Bankruptcy Code is explicit that such a debtor is supposed to cooperate with and assist a trustee. The Debtor is doing the opposite here by baselessly objecting to the Trustee's request for Rule 2004 discovery of a third party, Nodal, when even Nodal raises no objection to the 2004 Motion, and by also seeking the right to participate in every Rule 2004 deposition, which is not warranted and would only frustrate the Trustee's investigation into the Debtor's assets and affairs.

2. Nodal, like Golden Spring (New York) Limited ("Golden Spring") and Lamp Capital LLC ("Lamp") before it, is paying the Debtor's legal fees without any transparency regarding the source of its funds, or what control the Debtor has over Nodal. These subjects are ripe for investigation. The Debtor acknowledges that Nodal is run by both a friend of the family and a supporter of the Debtor—the exact profile the Debtor has repeatedly used in other circumstances to try to obfuscate his control and ownership over valuable legal entities and place a buffer between his assets and his creditors. It is thus highly likely that Nodal may possess documents related to potential estate assets. The Debtor's objective in opposing the investigation of Nodal is transparent: to prevent the Trustee from learning about the true source of funding the Debtor is using to pay his legal fees and to hinder the Trustee's efforts to further unravel the complex web of entities the Debtor uses to hide his assets and conduct his business. Because the investigation of Nodal is appropriate, and because the Debtor has no standing to object to it in any event, his objection should be overruled.

3. Finally, the Debtor's assertion that he has not received proper notice of the Rule 2004 investigation—and that he is entitled to notice of all future depositions—is based on a deliberate misreading of this Court's rules. The Debtor has been provided with the exact notice

provided for under Local Bankruptcy Rule 2004-1(c) for this and every other Rule 2004 motion. There is no rule or law that supports the Debtor's new demand that he be included in each step of the Trustee's Rule 2004 investigation, nor is such a request appropriate, particularly given the Debtor's penchant for weaponizing these proceedings for seemingly the sole purpose of manufacturing cost and delay for his estate against the interest of his creditors.

4.  The Debtor voluntarily sought the protections provided pursuant to filing under Chapter 11. Along with the benefits the Bankruptcy Code affords the Debtor, he must also comply with its requirements. It is long past time for the Debtor to cease obstructing this case and allow it to proceed as expeditiously and efficiently as possible. The Debtor's Objection should be rejected for lack of standing and merit.

## ARGUMENT

**A.    Debtor Lacks Standing to Object to 2004 Motion**

5.  The Debtor has no standing to object to the 2004 Motion. In the bankruptcy context, standing requires an "aggrieved person … directly and adversely affected pecuniarily" by an order of a bankruptcy court. *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 388 (2d Cir. 1997). Generally, a debtor out-of-possession "is not considered a 'party in interest' because he or she often lacks a pecuniary interest in property of the bankruptcy estate." *In re Yerushalmi*, No. 8-07-72816-LAS, 2019 WL 2385188, at *10 (Bankr. E.D.N.Y. June 5, 2019). Accordingly, a debtor out-of-possession has standing to object to issues involving the administration of the estate "only if there could be a surplus after all creditors' claims are paid." *See In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000); *see also In re Symka, Inc.*, 518 B.R. 888, 890 (Bankr. D. Colo. 2014) (denying a debtor out-of-possession's order to show cause requiring trustee to explain why trustee had not yet recovered certain alleged estate

assets: "It is a long-standing principle of bankruptcy administration that where all claims of creditors will not be paid and there will be no surplus to the debtor, *there is no standing to object to the administration [of the estate]* for lack of any pecuniary interest in the liquidation of assets and distributions to creditors" (emphasis added); *In re Licata*, 659 Fed. Appx. 704, 706 (2d Cir. 2016) (debtor "has the burden of showing that there is at least a reasonable possibility of a surplus").[3] This Court has already determined—in light of the Debtor having asserted in his schedules that he has $3,850 in assets, no income, and no expectation of a change in his income, and has $373,803,498.09 in non-priority unsecured debt[4]—that the Debtor had failed to "sufficiently establish[] that there is a reasonable possibility of a surplus in this case."[5]

6. Accordingly, as a debtor out-of-possession, the Debtor has no standing to object to a 2004 motion directed to a third party that seeks to uncover assets belonging to the estate.

**B.    Rule 2004 Investigation of Nodal is Appropriate and Necessary**

7. Even if the Debtor had standing to object to the 2004 Motion—which he does not—the Trustee's 2004 Motion seeking investigation of Nodal is plainly merited. Nodal is the latest in a series of entities purporting to pay the Debtor's legal fees.[6]

8. The Debtor has repeatedly used entities believed to be controlled by the Debtor,

---

[3] While a debtor out-of-possession has been found to have standing in some instances, such standing is limited to matters that might impact the debtor out-of-possession financially, such as objecting to nondischargeable claims, *see In re Yerushalmi*, 2019 WL 2385188, at *11 ("[C]ourts . . . have found that a debtor [out-of-possession] has standing where a debt is nondischargeable"), or to standing explicitly granted under the Bankruptcy Code, such as the right to file a plan of reorganization, *see In re Potter*, 292 B.R. 711 (B.A.P. 10th Cir. 2002) ("[A] debtor out of possession [retains] the right to file a plan of reorganization.").

[4] *See* the Debtor's schedules [Docket No. 78].

[5] *Order Overruling Objections to Claims 16, 17, and 18*, at 3 (Docket No. 1399).

[6] *See Third Supplemental Statement Re: Disclosure of Compensation of Attorneys for Debtor*, ¶ 2 (Docket No. 1774) (the "Disclosure").

such as Lamp and Golden Spring, to pay his legal fees and expenses.[7] Frequently, these corporate entities purport to be controlled by the Debtor's family or his supporters, yet upon investigation their sources of funds all appear to lead back to the Debtor.

9. Similarly, Nodal is described by counsel for the Debtor as being controlled by a friend of the Debtor's daughter and to be one of "the Debtor's supporters."[8] That the Trustee seeks to understand, among other things, whether the funds being used to pay the Debtor's legal fees are actually estate assets, whether they are subject to a loan or funding agreement with the Debtor, or if Nodal is another vehicle for the Debtor's movement of funds and assets, is well within the scope of Rule 2004. *See In re Brown,* No. 18-10617-JLG, 2018 WL 4944816, at *3 (Bankr. S.D.N.Y. Oct. 11, 2018) ("Third parties . . . are subject to Rule 2004 examination 'if they possess knowledge of the debtor's acts, conduct, or financial affairs which relate to the bankruptcy proceedings.'") (quoting *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)); *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 810-11 (Bankr. S.D.N.Y. 2018) ("The language of Rule 2004 is permissive and in the proper context the Court may authorize the examination of third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition.") (internal quotations omitted).

10. The specific information that the Trustee seeks pursuant to his subpoena to Nodal is plainly appropriate. Among other things, the financial data that the Trustee has requested, and that the Debtor desperately seeks to keep hidden by claiming without basis that it may not be

---

[7] *See Disclosure of Compensation of Attorney for Debtor* [Docket No. 54] (disclosing that the source of compensation paid to former bankruptcy counsel of the Debtor was Lamp); Tr. of Telephonic 341 Meeting of Creditors, dated April 6, 2022 at 85:17-19 (Debtor stating that Golden Spring has paid his expenses since 2015).

[8] *See* Objection at 4. Given these admissions, along with the Debtor's statement that the "request are simply meant to harass Nodal based *solely on its relationship with the Debtor*," the Debtor's statement to the Court that Nodal "has no apparent connection to the Debtor," *id.* at 2, is flatly baseless.

investigated, is the very information the Trustee needs to understand the nature of Nodal's payments of the Debtor's legal fees, the source of the funding of those payments, and the relationship between Nodal and the Debtor. These types of documents are classic targets of any Rule 2004 investigation, as they bear directly on the Debtor's affairs and may shed light on potential assets of his estate.

### C. Debtor's Assertion That He Was Not Given Proper Notice Under Local Rule 2004-1 is Baseless

11. The Debtor argues that Local Rule 2004-1 requires "that the Debtor and other parties in interest are entitled to notice of the date, time and place of a Rule 2004 examination at least a reasonable time prior to the examination taking place."[9] To support this assertion, the Debtor cites Local Rule 2004-1(b), which applies only to a 2004 examination agreed to orally or in writing between a party seeking a 2004 examination and a party to be examined (a "2004 Agreement"), and provides for the notice the Debtor now demands. Yet, Local Rule 2004-1(b) applies only to a 2004 Agreement, which neither the Nodal subpoena nor any other Rule 2004 investigation taken by the Trustee is based on. Rather, as the Court is aware, all Rule 2004 investigations in this case have been sought by motion, and thus are governed by Local Rule 2004-1(c). Local Rule 2004-1(c) provides that a party filing a Rule 2004 motion must provide the Debtor notice of the Rule 2004 motion itself but notably does not require any additional notice regarding the proposed examinations.[10]

12. With Local Rule 2004-1 clearly contradicting the Debtor's notice contention, the Debtor turns to a sleight of hand, stating that when Rule 2004-1(b) and (c) are "read together,

---

[9] Objection at 4.

[10] It is undisputed that Trustee has always given the proper notice required by Local Rule 2004-1(c) in connection with his 2004 Motion examinations.

6

[they] clearly establish" that the Debtor is entitled to the notice provided for a 2004 Agreement. But there is no "and" or other conjoining language between Rule 2004-1(b) and (c), nor any other basis to suggest that the two rules are intended to be read together. Notably, the Debtor does not cite any law in support of his reading, nor would such a reading make sense; Rule 2004-1(b) provides for the notice it affords in connection with a private 2004 Agreement because, otherwise, there would be no filing in the Court, and no interested parties would even be aware that a Rule 2004 examination was proceeding. A 2004 examination undertaken upon formal motion has no such issue, as all interested parties will receive notice of the motion upon filing.

13. Despite the fact that he is not entitled to notice of the Trustee's examinations, the Debtor contends he requires notice to "protect his interests." But, tellingly, the Debtor—despite having notice of every prior 2004 Motion examination—has never previously sought to participate in 2004 Motion examinations in the case.[11] In any event, even if the Debtor were correct that he is entitled to notice of the Trustee's examinations under Rule 2004-1 (which he is not), nothing in the rule even arguably gives the Debtor the right to attend and participate in those examinations.

14. There is good reason to not include the Debtor in the Trustee's Rule 2004 examinations. As a debtor out-of-possession of an estate that has no prospect of a surplus, the

---

[11] The one Rule 2004 Examination the Debtor did attend was that of Williams & Connolly, who requested that the Debtor's counsel be in attendance given the scope of Williams & Connolly's prior representation of the Debtor and its concern that the "personal harm" carve out of the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [Docket No. 856] (the "Privileges Order") might become an issue. No other Rule 2004 examinee has made a similar request, despite all being provided the Privileges Order, nor has the Debtor previously demanded to attend Rule 2004 examinations of his former counsel despite being aware that they had been served with subpoenas calling for their depositions. Moreover, counsel for the Debtor has repeatedly taken the position with regard to Rule 2004 investigations of his former counsel that it is incumbent upon those counsel, not his current bankruptcy counsel, to determine if sharing information with the Trustee is in compliance with the Privileges Order, and that the Debtor's current bankruptcy counsel did not want to be obligated to review all privileged information before it is produced to the Trustee.

Debtor has no need to attend examinations for the purpose of protecting a pecuniary interest. The Debtor's presence, if anything, will only interfere with the Trustee's investigation. The Debtor has a history of suing counsel for malpractice and orchestrating protests against those he views as potentially harming him, and thus his participation in the Trustee's examinations—many of which are of the Debtor's former counsel and his other advisors and associates—may have a chilling effect on the Trustee's investigation. Moreover, in a case such as this one, where employees and affiliates of the Debtor have worked tirelessly to avoid being served with Rule 2004 subpoenas, where the Debtor and his affiliates are alleged to have flagrantly moved assets out of the estate during the Chapter 11 Case, and where previously active Debtor-controlled entities such as Lamp Capital and Golden Spring have gone silent and refused to comply or reply when faced with Rule 2004 discovery, there is serious concern that the Debtor is trying to "peer over the shoulder" of the Trustee's investigation in an effort to stay one step ahead of the Trustee and the creditors of his estate.

15. The 2004 Motion should be granted because the Debtor lacks standing to object to the 2004 Motion, the Motion seeks relief necessary to advance the Trustee's investigation, and because it is fully compliant with the Local Rules.

[*Remainder of page intentionally left blank.*]

WHEREFORE, because the Objection fails both procedurally and on the merits, the Court should overrule the Objection, grant the 2004 Motion, enter the proposed orders filed therewith, and grant such other and further relief as the Court deems just and proper.

Dated: June 2, 2023
New Haven, Connecticut

        LUC A. DESPINS, CHAPTER 11 TRUSTEE

        By: */s/ Douglas S. Skalka*
           Douglas S. Skalka (ct00616)
           Patrick R. Linsey (ct29437)
           NEUBERT, PEPE & MONTEITH, P.C.
           195 Church Street, 13th Floor
           New Haven, Connecticut 06510
           (203) 781-2847
           dskalka@npmlaw.com
           plinsey@npmlaw.com

                *and*

           Nicholas A. Bassett (admitted *pro hac vice*)
           PAUL HASTINGS LLP
           2050 M Street NW
           Washington, D.C. 20036
           (202) 551-1902
           nicholasbassett@paulhastings.com

                *and*

           Avram E. Luft (admitted *pro hac vice*)
           G. Alexander Bongartz (admitted *pro hac vice*)
           PAUL HASTINGS LLP
           200 Park Avenue
           New York, New York 10166
           (212) 318-6079
           aviluft@paulhastings.com
           alexbongartz@paulhastings.com

           *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK *et al.*,                                   :    Case No. 22-50073 (JAM)
                                                        :
            Debtors.[12]                                :    Jointly Administered
                                                        :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

Dated: June 2, 2023             Luc A. Despins, as Chapter 11 Trustee
       New Haven, Connecticut
                                By: */s/ Douglas S. Skalka*
                                    Douglas S. Skalka (ct00616)
                                    Patrick R. Linsey (ct29437)
                                    NEUBERT, PEPE & MONTEITH, P.C.
                                    195 Church Street, 13th Floor
                                    New Haven, Connecticut 06510
                                    (203) 781-2847
                                    dskalka@npmlaw.com
                                    plinsey@npmlaw.com

                                    *Counsel for the Chapter 11 Trustee*

---

[12]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

10