**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, *et al.*,[1]               :    Case No. 22-50073 (JAM)
                                        :
          Debtors.                      :    (Jointly Administered)
                                        :
------------------------------------------------------x

**REPLY OF CHAPTER 11 TRUSTEE TO
GREENWICH LAND LLC AND HING CHI NGOK'S OBJECTION TO
CHAPTER 11 TRUSTEE'S FIFTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in support of the Trustee's *Fifth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, and Entities Doing Business with Debtor and Affiliated Entities* [ECF No. 1789] (the "2004 Motion") and in response to the Greenwich Land, LLC's ("Greenwich Land") and Hing Chi Ngok's ("Ms. Ngok" and, together with Greenwich Land, collectively, the "Objectors") *Objection* thereto [ECF No. 1813] (the "Objection").[2] In Reply to the Objection, the Trustee respectfully states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the 2004 Motion.

1.  The Objection fails, because this Court already ruled – quite correctly – that the "pending-action" doctrine does not prohibit the Trustee from conducting a Bankruptcy Rule 2004 investigation as to examinees that are non-parties to a pending adversary proceeding, merely because the Trustee's investigation could uncover information relevant to the existing litigation.

2.  Indeed, last November, another combination of family member and shell company associated with the Debtor (*i.e.*, Mei Guo and HK International Funds Investment (USA) Ltd., LLC (the "Prior Objectors")) objected to the Trustee's *Second Supplemental Omnibus Motion for 2004 Examination* for substantially the same reasons as those that premise the instant Objection.

3.  Following briefing and a lengthy hearing, the Court conclusively rejected the Prior Objectors' arguments:

> Upon consideration of the pleadings, the arguments advanced at the hearing, the facts and circumstances of this case, and the applicable law, the Court finds the pending proceeding doctrine is not a bar to the examinations of Apsley Yachts Ltd. and DWF LLP because they are not parties to the pending adversary *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Kwok*, Case No. 22-05003 (JAM) (Bankr. D. Conn. 2022). *Compare In re SunEdison*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) ("The Debtors are not parties to the State Court Action, and hence, the rule does not apply to them."); *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) ("The possibility that JPM may intervene in the DC Action is not a sufficient reason to deny the Debtors' Motion at this time. The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties. JPM has not cited any authority for the proposition that a Rule 2004 examination of an entity is improper when a proceeding is pending in another venue against a third party and there is a 'substantial likelihood' that the examinee may intervene.") (internal citations omitted); *In re Ecam Publications, Inc.*, 131 B.R. 556, 560–61 (Bankr. S.D.N.Y 1991) (allowing 2004 examination by trustee of parties, against whom the trustee had bought but not yet brought claims) *with In re Martelli*, Nos. 16-20983- PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (applying pending proceeding rule to non-parties to that proceeding because the material was sought by a party to the proceeding and was related to the proceeding); *In re Enron Corp.*, 281 B.R. 836, 838 (Bankr. S.D.N.Y. 2002) (applying pending proceeding rule to a non-party to that proceeding because "no party disputes that the automatic discovery stay of the [Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B)]

applies to McKinsey."); *cf. In re Cambridge Analytica, LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) (unclear who was the target of the 2004 examination); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (applying pending proceeding rule where discovery was sought by a party to the proceeding against a third-party defendant to that proceeding); *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) (applying pending proceeding doctrine a party to the proceeding was seeking discovery against another party to that proceeding.).

*Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1184] (the "Prior Decision").

4. The Court's Prior Decision is law of the case, and it is fatal to this recycled Objection. "Under the law-of-the-case doctrine, once a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *VFI KR SPE I, LLC v. Caldwell (In re ServiCom, LLC)*, 2021 Bankr. LEXIS 424, *42, 2021 WL 825155 (Bankr. D. Conn. Feb. 24, 2021) (internal quotation marks omitted) (*citing U.S. v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009); *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir.2002)). The doctrine provides that the Court's ruling on legal issues should continue to govern in a case, "unless cogent and compelling reasons militate otherwise. Cogent and compelling reasons include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Coan v. Licata (In re First Conn. Consulting Grp., Inc.)*, 2023 Bankr. LEXIS 852, *76 (Bankr. D. Conn. March 31, 2023) (*citing Quintieri*, 306 F.3d at 1230).

5. The Objectors offer nothing approaching this demanding standard. Rather, curiously, the instant Objection obliquely cites to the Prior Decision by ECF and page number – but only to purport that "[c]ases previously relied upon by the Trustee to avoid the pending action doctrine are inapplicable to the current Rule 2004 Motion and Defendants." (Objection at ¶ 11.) But the Prior Decision is not merely argument by the Trustee. Rather, it is this Court's conclusive ruling rejecting the very basis for this new Objection. Moreover, the authority discussed by the

Court in the Prior Decision is on point and that offered by the Objectors is inapposite.

6. Nor would granting the Bankruptcy Rule 2004 discovery sought by the 2004 Motion prejudice the Objectors. The Trustee, based on his investigation, understands Bento Technologies, Inc. ("Bento") to be a spending management platform used by the Debtor to distribute funds to and track the spending of various associated individuals and entities – including, but notably not limited to, Greenwich Land. This use of Bento is consistent with the Debtor's *modus operandi – i.e.*, a shell game involving a vast web of companies through which his cash and other assets have flowed.

7. To the extent that the Objectors have had financial dealings involving Bento, they should already have any relevant records and should have produced them to the Trustee themselves in response to the Bankruptcy Rule 2004 subpoenas that the Trustee issued to the Objectors. If the Objectors failed to do so, and now legitimately believe that they need discovery to uncover their own financial conduct, then they are free to undertake that discovery in the pending adversary proceeding. Nothing about the Trustee's more general Bankruptcy Rule 2004 investigation forecloses the Objectors' rights to seek discovery in the adversary proceeding.

8. By contrast, embracing the Objectors' argument – that the Trustee should not be permitted Bankruptcy Rule 2004 discovery if the subject matter could possibly implicate an existing adversary proceeding – would hobble the Trustee's investigation. The Debtor's financial affairs are convoluted by design. The transactions of one shell company often implicate the financial affairs of numerous other entities and individuals associated with the Debtor. Demanding the Trustee completely "carve-out" subject matter that might be relevant to pending adversary proceedings from Bankruptcy Rule 2004 discovery is impractical if not impossible.

9. The Objectors' other arguments (*i.e.*, those regarding use of the fruits of a Bankruptcy Rule 2004 investigation in an adversary proceeding (*e.g.*, Objection at ¶¶ 10-11)) are not properly before the Court. The Trustee reserves his rights to address those arguments if and when any such disagreements arise.

10. The Objectors' interest in obstructing the Trustee's investigation is unsurprising, but their efforts to recycle arguments previously rejected by the Court are inappropriate. The Court should overrule the Objection and grant the 2004 Motion.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, for the foregoing reasons, the Court should overrule the Objection, grant the 2004 Motion, and grant such other and further relief as is just and proper.

Dated: June 2, 2023
      New Haven, Connecticut

                                        LUC A. DESPINS, CHAPTER 11 TRUSTEE

                                        By: */s/ Patrick R. Linsey*
                                            Douglas S. Skalka (ct00616)
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            dskalka@npmlaw.com
                                            plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                            :
In re:                                                                    :    Chapter 11
                                                                            :
HO WAN KWOK *et al.*,                                          :    Case No. 22-50073 (JAM)
                                                                            :
                              Debtors.[3]                          :    Jointly Administered
                                                                            :
---------------------------------------------------------x

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

Dated: June 2, 2023           Luc A. Despins, as Chapter 11 Trustee
      New Haven, Connecticut

                                        By: */s/ Patrick R. Linsey*
                                             Douglas S. Skalka (ct00616)
                                             Patrick R. Linsey (ct29437)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 781-2847
                                             dskalka@npmlaw.com
                                             plinsey@npmlaw.com

                                             *Counsel for the Chapter 11 Trustee*

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).