UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
-------------------------------------------------x
                                                 :
In re:                                           :    Chapter 11
                                                 :
HO WAN KWOK, et al.,                             :    Case No. 22-50073 (JAM)
                                                 :
                         Debtor.¹                :    (Jointly Administered)
                                                 :
-------------------------------------------------x
```

**CHAPTER 11 TRUSTEE'S OBJECTION TO PURPORTED CONSENTED TO MOTION OF HUDSON DIAMOND NY LLC AND HUDSON DIAMOND HOLDING LLC TO ADJOURN HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER HOLDING HUDSON DIAMOND NY LLC AND HUDSON DIAMOND HOLDING LLC IN CIVIL CONTEMPT FOR FAILING TO RESPOND TO RULE 2004 SUBPOENAS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), files this objection (the "Objection") in response to the purported *Consented to Motion of Hudson Diamond NY LLC and Hudson Diamond Holding LLC to Adjourn Hearing on Motion of Chapter 11 Trustee for Entry of an Order Holding Hudson Diamond NY LLC and Hudson Diamond Holding LLC in Civil Contempt for Failing to Respond to Rule 2004 Subpoenas* [Docket No. 1850] (the "Purported Consent Motion").² In support of this Objection, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Objection have the meanings set forth in the Purported Consent Motion.

## BACKGROUND

1.  On May 18, 2022, the Trustee filed a motion [Docket No. 1805] (the "Contempt Motion") seeking to hold certain entities, including the Hudson Entities, in civil contempt for failing to respond to subpoenas issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rule 2004 Subpoenas").

2.  The Contempt Motion details the service of Rule 2004 Subpoenas on the Hudson Entities at the address of their respective registered agents on December 7, 2022. *See* Contempt Motion ¶ 46.

3.  A certificate of service attached to the Contempt Motion documents the appropriate service of the Contempt Motion.

4.  On May 23, 2023, the Court entered an order on the docket [Docket No. 1818] (the "Scheduling Order") scheduling a hearing on the Contempt Motion for June 6, 2023, at 1:00 p.m. (the "Contempt Hearing").

5.  On May 25, 2023, the Trustee filed a certificate of service documenting the appropriate service of the Scheduling Order.

6.  The Hudson Entities are entities purportedly owned by Mei Guo. On June 1, 2023, the Trustee was first informed that the Hudson Entities are represented by counsels Lee Vartan, of Chiesa Shahinian & Giantomasi PC and Aaron Romney, of Zeisler & Zeisler PC.

7.  On June 1, 2023, Mr. Vartan spoke by telephone with counsel to the Trustee, Avram Luft. Mr. Vartan represented on the call that the 2004 Subpoenas had, in Mr. Vartan's words, "slipped through the cracks," but that Mei Guo was now aware of them and intended to have the Hudson Entities comply with the Rule 2004 Subpoenas and produce their responsive

documents.[3]  Mr. Vartan requested that the Trustee agree to a two week extension (from June 1, 2023) for the Hudson Entities to complete their production.  Mr. Luft responded to Mr. Vartan that the Trustee was amenable to granting the Hudson Entities two weeks to fully comply with the Rule 2004 Subpoenas and complete their productions, provided that the Hudson Entities agreed not to contest or object to the Rule 2004 Subpoenas.  Mr. Luft added that if the Hudson Entities did intend to challenge or object to the Rule 2004 Subpoenas, those issues should be addressed at the Contempt Hearing, and that the two week extension would not be granted.  Mr. Vartan stated that he would confirm if his clients would be agreeable to the extension on the terms set forth by Mr. Luft.

8.      Immediately following his call with Mr. Vartan, Mr. Luft sent an email to Mr. Vartan at 5:23 p.m., on June 1, 2023, memorializing their discussion.  Mr. Vartan responded at 6:20 p.m., on June 1, 2023, with an email copying Mr. Romney and stating: "We are in Agreement, obviously other than privilege objections.  We are going to prepare a consent adjournment."  A copy of the email exchange between Mr. Luft and Mr. Vartan is attached hereto as **Exhibit A**.

9.      At 9:26 p.m. on June 1, 2023, Mr. Romney filed, on behalf of the Hudson Entities, the Purported Consent Motion and the proposed order attached thereto (the "Purported Consent Order").  The Purported Consent Motion and Purported Consent Order were never shared with counsel to the Trustee.

---

[3] Mr. Vartan at no point during this call suggested that the Hudson Entities had not been properly served or that they had legally failed to receive notice of the Rule 2004 Subpoenas.

10.     Though purportedly filed "upon the consent of" the Trustee, the Purported

Consent Motion and Purported Consent Order did not reflect the agreement reached between Mr.

Luft and Mr. Vartan.  Notably:

     a.  The Purported Consent Motion and Purported Consent Order represent that they have been filed with the Trustee's consent when they were never shared with the Trustee for his comment and approval.

     b.  The Purported Consent Motion and Purported Consent Order state that the Hudson Entities "contend that they did not receive actual notice" of the Rule 2004 Subpoenas, when it is undisputed that the Hudson Entities were properly served and thus given notice.

     c.  The Purported Consent Motion and Purported Consent Order state that the Hudson Entities and the Trustee are "engaged in good faith discussions with the goal of reaching a consensual resolution" of the Contempt Motion, when in fact the Parties had reached an agreement, which was not subject to further negotiation.

     d.  The Purported Consent Motion and Purported Consent Order state merely that the Trustee "consents to a two-week extension of time" for the Hudson Entities to produce documents, without mentioning the condition, required by the Trustee, that the Hudson Entities not challenge or otherwise object to the Rule 2004 Subpoenas, other than on the grounds of privilege.

11.     At 10:20 p.m. on June 1, 2023, following the filing of the Purported Consent

Motion, Mr. Luft communicated with Mr. Vartan and Mr. Romney by email and set forth the

reasons why the Purported Consent Motion was inaccurate and misleading.  A copy of Mr.

Luft's 10:20 p.m. email is attached hereto as **Exhibit B.**

12.     Later in the evening on June 1, 2023, following Mr. Luft's 10:20 p.m. email, Mr.

Luft and Mr. Romney spoke by phone.   Mr. Luft requested that the Purported Consent Motion

be withdrawn or amended to have it reflect what was actually agreed upon.  Mr. Luft

documented this conversation with an email to Mr. Romney and Mr. Vartan sent at 11:28 p.m.,

on June 1, 2023.  A copy of Mr. Luft's 11:28 p.m. email is attached hereto as **Exhibit C.**

13.     This morning of June 2, 2023, Mr. Luft emailed counsel for Hudson Diamond with proposed language which would more accurately reflect the actual discussions between Mr. Vartan and Mr. Luft and the terms agreed upon.  Despite there being seeming agreement that Mr. Luft accurately described the terms of his agreement with Mr. Vartan, the Hudson Entities informed Mr. Luft that they were not willing to correct the Purported Consent Motion.  Instead, Mr. Romney informed Mr. Luft that if he had an issue with what was filed he should feel free to inform the Court.  A copy of this email exchange is attached hereto as **Exhibit D.**  Counsel to the Trustee therefore proceeded to email the Court regarding the issue and to prepare this Objection.

## **ARGUMENT**

14.     The Purported Consent Motion should be denied because it is not, in fact, consented to by the Trustee and misrepresents the terms the Trustee agreed to in connection with the Hudson Entities' request for an extension of their time to produce documents and comply with the Rule 2004 Subpoenas.

15.     First, the language suggesting that the Hudson Entities did not receive notice is misleading to the extent it suggests that the Hudson Entities were not adequately served with the Rule 2004 Subpoenas.  It is undisputed and well documented that service was properly effectuated on the Hudson Entities.  Mr. Vartan's statement that the Rule 2004 Subpoenas "fell through the cracks" is not a basis to suggest to the Court that the Hudson Entities were not properly served the Rule 2004 Subpoenas.

16.     Second, the statement to the Court that the Parties were in the process of engaging in negotiations regarding the Rule 2004 Subpoenas is also not accurate. As clearly set out in Exhibit A, Mr. Vartan and Mr. Luft reached an agreement—the Hudson Entities received a two

week extension to comply with the subpoenas in exchange for agreeing that it would fully comply by June 15. 2023, and the Hudson Entities would not raise any non-privilege objections.

17.   Third, the complete omission of the Hudson Entities' agreement to fully comply with the Rule 2004 Subpoenas and not raise any non-privilege objections improperly seeks to place in an order only the extension of time that benefits the Hudson Entities, without ordering the terms insisted upon by the Trustee that the Hudson Entities agreed to in exchange for the extension they sought.

18.   The Trustee remains willing to accept the extension of time requested by the Hudson Entities in connection with their compliance with the Rule 2004 Subpoenas, provided they are willing to agree to the key terms that they will fully comply with the Rule 2004 Subpoenas by June 15, 2023, and that the Hudson Entities will not raise any non-privilege objections to the Rule 2004 Subpoenas.  Accordingly, to the extent the Hudson Entities still wish to proceed with the deal Mr. Luft and Mr. Vartan agreed to, the Trustee is prepared to move ahead on the terms agreed upon.  If however, the Hudson Entities no longer wish to proceed with the agreement, the Purported Consent Motion should be denied and the Contempt Hearing should proceed on June 6, 2023.

Dated: June 2, 2023                    LUC A. DESPINS,
          New Haven, Connecticut       CHAPTER 11 TRUSTEE

                                By: */s/ Douglas S. Skalka*
                                Douglas S. Skalka, Esq. (ct00616)
                                Patrick R. Linsey, Esq. (ct29437)
                                NEUBERT, PEPE & MONTEITH, P.C.
                                195 Church Street, 13th Floor
                                New Haven, Connecticut 06510
                                (203) 821-2000
                                dskalka@npmlaw.com
                                plinsey@npmlaw.com

                                      *and*

                                Nicholas A. Bassett, Esq. *(pro hac vice)*
                                PAUL HASTINGS LLP
                                2050 M Street NW
                                Washington, D.C., 20036
                                (202) 551-1700
                                nicholasbassett@paulhastings.com

                                      *and*

                                Avram Luft, Esq. *(pro hac vice)*
                                Douglass Barron, Esq. *(pro hac vice)*
                                PAUL HASTINGS LLP
                                200 Park Avenue
                                New York, New York 10166
                                (212) 318-6000
                                aviluft@paulhastings.com
                                douglassbarron@paulhastings.com

                                *Counsel for the Chapter 11 Trustee*

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                               :      Chapter 11
:
HO WAN KWOK *et al*.,                                 :      Case No. 22-50073 (JAM)
:
Debtors.[4]                                   :      Jointly Administered
:
------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 2, 2023, the foregoing was electronically

filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case

able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system.

Parties may access this filing through the Court's CM/ECF system.


Dated: June 2, 2023                          Luc A. Despins, as Chapter 11 Trustee
New Haven, Connecticut

By: */s/ Douglas S. Skalka*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

---

[4]      The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

8

## EXHIBIT A

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Thursday, June 1, 2023 6:20 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>
**Subject:** [EXT] RE: Hudson Diamond

--- **External Email** ---

I am copying Aaron as well. We are in agreement, obviously other than privilege objections. We are going to prepare a consent adjournment.



**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 5:23 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** Hudson Diamond

**\* External Message \***

Lee,

Good to speak to you today. Following up on our call I wanted to confirm that you informed me that the subpoenas we served on the Hudson Diamond entities had slipped through the cracks, but now that they were with Mei she intends to have the Hudson Diamond entities comply with the subpoena and produce their responsive documents. In furtherance of this you asked if the Trustee would agree to a two week extension from today to make the production. I told you that if the Hudson Diamond entities were going to fully comply with the subpoenas and not contest/object to them, I was fine with granting them two weeks to make their complete production, but that if they intended to object to the subpoenas, I would rather address those issues now at the upcoming hearing on the motion to compel. You told me that you would confirm if your clients were agreeable to the production extension on the terms I described.
Please let me know your clients position. Thanks.

Avi



**Avi E. Luft | Of Counsel | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6079 | Main: +1.212.318.6000 | Fax: +1.212.303.7079 | email | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**Please Note:** *The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

## EXHIBIT B

**From:** Luft, Avi E.
**Sent:** Thursday, June 1, 2023 10:21 PM
**To:** 'Vartan, Lee' <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>
**Subject:** RE: Hudson Diamond

Lee and Aaron,

I just saw the "consent adjournment" you filed. First, it was never shared with us prior filing, despite allegedly being done on consent. You are not authorized to make any filing in our name without clearing it with us first (saying you will prepare one is far different than filing one we have not seen). Second, the order does not say what we discussed nor what we agreed to.

You have written the court allegedly on consent that you are contending you did not receive notice of the subpoenas, that we are currently in negotiations to see if we can resolve the motion and that we are giving you a 2 week extension to produce your documents without any mention of your agreement that such extension is based upon your clients agreement to fully comply with the subpoenas and waive all non-privilege objections.

At no point was I told, much less agree, that the Hudson Entities claim they did not receive notice of the Rule 2004 subpoena. What Lee told me is that the subpoenas "slipped through the cracks" on your end, but that Mei now has them. It is improper for you to suggest your clients were not served with the subpoenas.

Further, our agreement was not for an adjournment to "engage[] in good faith discussions" to try to reach a consensual resolution without a hearing, as you write. What we agreed to on the phone and is written out as clear as day in my email below is that the Hudson Diamond entities were agreeing to fully comply with the subpoenas we served upon them and we were agreeing that they could have two weeks from today to fully comply. Again I was explicit that if your clients wished to object to the subpoenas and not fully comply, we would not agree to any extension to comply or adjournment. Lee wrote back that other than reserving for privilege, your clients agreed.

What you have represented to the Court is false, and not what the Trustee agreed to.

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Thursday, June 1, 2023 6:20 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>

**Subject:** [EXT] RE: Hudson Diamond

**--- External Email ---**

I am copying Aaron as well. We are in agreement, obviously other than privilege objections. We are going to prepare a consent adjournment.



**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

**O** 973.530.2107 | **M** 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

---

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 5:23 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** Hudson Diamond

**\* External Message \***

Lee,

Good to speak to you today. Following up on our call I wanted to confirm that you informed me that the subpoenas we served on the Hudson Diamond entities had slipped through the cracks, but now that they were with Mei she intends to have the Hudson Diamond entities comply with the subpoena and produce their responsive documents. In furtherance of this you asked if the Trustee would agree to a two week extension from today to make the production. I told you that if the Hudson Diamond entities were going to fully comply with the subpoenas and not contest/object to them, I was fine with granting them two weeks to make their complete production, but that if they intended to object to the subpoenas, I would rather address those issues now at the upcoming hearing on the motion to compel. You told me that you would confirm if your clients were agreeable to the production extension on the terms I described.
Please let me know your clients position. Thanks.

Avi

---



**Avi E. Luft | Of Counsel | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6079 | Main: +1.212.318.6000 | Fax: +1.212.303.7079 | email | www.paulhastings.com

*******************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**Please Note:** *The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*

## EXHIBIT C

**From:** Luft, Avi E.
**Sent:** Thursday, June 1, 2023 11:28 PM
**To:** 'Aaron A. Romney' <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** RE: Hudson Diamond

Aaron,

I am writing this to follow up on the phone conversation we just had. In short, we are in agreement that the agreement that I made with Lee, as it is described in my emails below, is consistent with both of our understandings of that agreement. I have expressed the Trustee's view that the what was filed this evening with the court does not accurately reflect that joint understanding for the reasons set forth in my prior email, and that accordingly we requested it be withdrawn to be replaced with a filing that both sides agree reflects the agreement reached.
Due to the time of night and staffing limitations, you have told me that making such a change tonight is not feasible, but that you do not have any objection to replacing the language to make sure both sides feel it accurately reflects their agreement. Accordingly, we have agreed that first thing tomorrow morning you will make the filing made tonight inoperative, and it will be replaced/amended with motion language that both sides agree reflects the agreement. For avoidance of doubt, nothing about this change will be a basis to argue that your clients' filing/opportunity to oppose our motion (which was due today, 6/1) is untimely.

If this is not consistent with your understanding, please let me know.

Thanks.

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, June 1, 2023 10:37 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** [EXT] RE: Hudson Diamond

**--- External Email ---**

Avi, I am happy to discuss now.  Though I am about to get out of here.  I don't necessarily disagree with your characterization of the agreement. I disagree with your characterization of how it was characterized.

Call me in my office 203-368-5473 or call my cell 203-895-1122 and lets discuss.  Preferably in the next 5 mins because I'm going home soon

**From:** Luft, Avi E. <aviluft@paulhastings.com>

**Sent:** Thursday, June 1, 2023 10:34 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Aaron,

My issues with what you filed are set forth clearly in what I wrote you. Either you guys can withdraw the statement now, or we will file something correcting the record. Let me know how you want to proceed.

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, June 1, 2023 10:31 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** [EXT] Re: Hudson Diamond

### --- External Email ---

I'm not sure what your issue is, and have not been on any direct discussions with you on this.   I'm in the office.  Please call me 203-368-5373.  I'm leaving in 15-30 mins.  203-895-1122 (cell) if you don't catch me before then

Get Outlook for iOS

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 10:20 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Lee and Aaron,

I just saw the "consent adjournment" you filed. First, it was never shared with us prior filing, despite allegedly being done on consent. You are not authorized to make any filing in our name without clearing it with us first (saying you will prepare one is far different than filing one we have not seen). Second, the order does not say what we discussed nor what we agreed to.

You have written the court allegedly on consent that you are contending you did not receive notice of the subpoenas, that we are currently in negotiations to see if we can resolve the motion and that we are giving you a 2 week extension to produce your documents without any mention of your agreement that such extension is based upon your clients agreement to fully comply with the subpoenas and waive all non-privilege objections.

At no point was I told, much less agree, that the Hudson Entities claim they did not receive notice of the Rule 2004 subpoena. What Lee told me is that the subpoenas "slipped through the cracks" on your end, but that Mei now has them. It is improper for you to suggest your clients were not served with the subpoenas.

Further, our agreement was not for an adjournment to "engage[] in good faith discussions" to try to reach a consensual resolution without a hearing, as you write. What we agreed to on the phone and is written out as clear as day in my email below is that the Hudson Diamond entities were agreeing to fully comply with the subpoenas we served upon them and we were agreeing that they could have two weeks from today to fully comply. Again I was explicit that if your clients wished to object to the subpoenas and not fully comply, we would not agree to any extension to comply or adjournment. Lee wrote back that other than reserving for privilege, your clients agreed.

What you have represented to the Court is false, and not what the Trustee agreed to.

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Thursday, June 1, 2023 6:20 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>
**Subject:** [EXT] RE: Hudson Diamond

**--- External Email ---**

I am copying Aaron as well. We are in agreement, obviously other than privilege objections. We are going to prepare a consent adjournment.



**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 5:23 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** Hudson Diamond

**\* External Message \***

Lee,

Good to speak to you today. Following up on our call I wanted to confirm that you informed me that the subpoenas we served on the Hudson Diamond entities had slipped through the cracks, but now that they were with Mei she intends to have the Hudson Diamond entities comply with the subpoena and produce their responsive documents. In furtherance of this you asked if the Trustee would agree to a two week extension from today to make the production. I told you that if the Hudson Diamond entities were going to fully comply with the subpoenas and not contest/object to them, I was fine with granting them two weeks to make their complete production, but that if they intended to object to the subpoenas, I would rather address those issues now at the upcoming hearing on the motion to compel. You told me that you would confirm if your clients were agreeable to the production extension on the terms I described.
Please let me know your clients position. Thanks.

Avi



**Avi E. Luft | Of Counsel | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6079 | Main:
+1.212.318.6000 | Fax: +1.212.303.7079 | email | www.paulhastings.com

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**Please Note:** *The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**<u>EXHIBIT D</u>**

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Friday, June 2, 2023 10:01 AM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Patrick Linsey <plinsey@npmlaw.com>; Barron, Douglass E. <douglassbarron@paulhastings.com>
**Subject:** [EXT] RE: Hudson Diamond

**--- External Email ---**

Do what you have to do.  We can put these emails in front of the court and explain why we are wasting its time despite the fact that we've both agreed to the narrative below (which I don't think it inconsistent with what is filed but apparently you do).

For the sake of clarity, exactly what are we disagreeing about?  As I said, I'm off the grid for a while.  I also now have calls at 12 and 130 so realistically I'm unavailable for more than a few mins at a time until 3ish.

Have a good day.

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Friday, June 2, 2023 9:56 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Patrick Linsey <plinsey@npmlaw.com>; Barron, Douglass E. <douglassbarron@paulhastings.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

OK. We will alert the clerk of the court that we did not consent to what was filed last night, that accordingly, we will ask the court not to act on your motion until after we have had a chance to  make our responsive pleading later today. Thanks.

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Friday, June 2, 2023 9:53 AM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Patrick Linsey <plinsey@npmlaw.com>; Barron, Douglass E. <douglassbarron@paulhastings.com>
**Subject:** [EXT] RE: Hudson Diamond

**--- External Email ---**

Avi, I have a lot to do today, most of which has nothing to do with this case. I spoke to you last night between 10:40-11:10 pm when I was dealing with a number of other things. We seemed to agree on substance then and we seem to now. I also definitely agreed to make sure the message to the court re the consented to motion was clear. I also clearly told you that I had no staff and don't personally know how to e-file (or even know my credentials). Your statements in that regard are accurate.

Upon review of the motion this am and the emails that preceded it, for the reasons stated below, I don't believe the motion was unclear. That said, if you believe clarification is necessary, I have no objection if you want to email the court or docket something that is consistent with the narrative below that we both seem to be accurately reflects the state of the universe.

I don't understand why that is necessary, but apparently that's because I'm not very intelligent. Sorry about that. I do my best.

Also, I don't understand your statement below that your email below was not describing an email to the court. It literally starts with the statement, ", I think am [sic] email should be sent to the court's clerk now …"

I'm tied up until noon. I also would prefer not to spend any more time or money on this issue. I'm very busy, as I know you are, and would like to leave the office today at a reasonable hour so I can actually see my family today while they are awake. Is that a reasonable objective?

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Friday, June 2, 2023 9:37 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>; Stephen Kindseth <SKindseth@zeislaw.com>; Patrick Linsey <plinsey@npmlaw.com>; Barron, Douglass E. <douglassbarron@paulhastings.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Aaron,

This is not language for a proposed email. It, as my email makes clear, is proposed language for an the amended pleading and order, which we agreed last night would be made (as described in my email). If you no longer wish to agree to amend the pleading you made last night to ensure that it accurately reflects what has been agreed to, we will make our own filing with the court to rectify this. If however, you want to go forward as we discussed last night and amend the pleading and proposed order this morning based on the language I proposed, subject to your stated edits (which I am ok with), I think that is the best course. Please let me know so we can alert the clerk of the court how we intend to proceed.

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Friday, June 2, 2023 9:29 AM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Despins, Luc A. <lucdespins@paulhastings.com>; Stephen Kindseth <SKindseth@zeislaw.com>
**Subject:** [EXT] RE: Hudson Diamond

### --- External Email ---

As I said in the email that I just sent a moment ago before I saw this, I think this is a colossal waste of our time (and the courts if you choose to send the email below), but subject to the following comments I could not care less if you would like to email the court. See minor comments embedded into your proposed email.

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Friday, June 2, 2023 9:14 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>

**Subject:** RE: Hudson Diamond

<span style="color:red">External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..</span>

Aaron,

In the interest of expediting this process, I think an email should be sent to the court's clerk now, alerting the Court to the fact that we intend to amend the motion and order this morning, and what was filed should not be acted upon. I think it cleaner if you send it, given that your office made the filing, but if you cannot do so now, we can do so. Please let me know.

Also, I am suggesting the following language be used to replace the language in the second paragraph of the motion and that this language then be used in the proposed order to replace what is in there now. I think it accurately reflects what both Lee and I, and subsequently you and I discussed. If you have changes, I am happy to discuss.

As set forth in the Proposed Consent Order, the Parties **have no reason to, and, therefore,** do not dispute that the Hudson Entities were properly served with the Rule 2004 subpoenas directed to each of them (the "Subpoenas") **through a statutory service agent**. ~~The Hudson Entities contend that despite service having been properly effectuated,~~ **However, as stated in the consent motion, the Hudson Entities contend that** the relevant individual at the Hudson Entities was not actually made aware of the Subpoenas until after the filing of the Motion**, a contention that the Trustee is in no position to admit or deny**. **In any event,** having now been apprised of the Subpoenas and the Motion, the Hudson Entities agree that they will fully comply with the Subpoenas and agree to raise no objections to the Subpoenas, other than as to issues of privilege. The Parties agree that based on the Hudson Entities agreement to fully comply with the Subpoenas and not raise any non-privilege objections to them, the Hudson Entities will have until June 15, 2023 to complete their production to the Trustee. Accordingly, the Parties request that the Motion hearing be adjourned until the Court's first available date after June 15, 2023. The Parties further agree that should the Motion hearing be deemed by the Parties to be no longer be necessary, the Parties will promptly inform the clerk of the court.

---

**From:** Luft, Avi E.
**Sent:** Thursday, June 1, 2023 11:28 PM
**To:** 'Aaron A. Romney' <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** RE: Hudson Diamond

Aaron,

I am writing this to follow up on the phone conversation we just had. In short, we are in agreement that the agreement that I made with Lee, as it is described in my emails below, is consistent with both of our understandings of that agreement. I have expressed the Trustee's view that the what was filed this evening with the court does not accurately reflect that joint understanding for the reasons set forth in my prior email, and that accordingly we requested it be withdrawn to be replaced with a filing that both sides agree reflects the agreement reached.
Due to the time of night and staffing limitations, you have told me that making such a change tonight is not feasible, but that you do not have any objection to replacing the language to make sure both sides feel it accurately reflects their agreement. Accordingly, we have agreed that first thing tomorrow morning you will make the filing made tonight inoperative, and it will be replaced/amended with motion language that both sides agree reflects the agreement. For avoidance of doubt, nothing about this change will be a basis to argue that your clients' filing/opportunity to oppose our motion (which was due today, 6/1) is untimely.

If this is not consistent with your understanding, please let me know.

Thanks.

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, June 1, 2023 10:37 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** [EXT] RE: Hudson Diamond

<span style="color:red">--- External Email ---</span>

Avi, I am happy to discuss now. Though I am about to get out of here. I don't necessarily disagree with your characterization of the agreement. I disagree with your characterization of how it was characterized.

Call me in my office 203-368-5473 or call my cell 203-895-1122 and lets discuss. Preferably in the next 5 mins because I'm going home soon

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 10:34 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Aaron,

My issues with what you filed are set forth clearly in what I wrote you. Either you guys can withdraw the statement now, or we will file something correcting the record. Let me know how you want to proceed.

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Thursday, June 1, 2023 10:31 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** [EXT] Re: Hudson Diamond

**--- External Email ---**

I'm not sure what your issue is, and have not been on any direct discussions with you on this.  I'm in the office.  Please call me 203-368-5373.  I'm leaving in 15-30 mins.  203-895-1122 (cell) if you don't catch me before then

Get Outlook for iOS

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 10:20 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Lee and Aaron,

I just saw the "consent adjournment" you filed. First, it was never shared with us prior filing, despite allegedly being done on consent. You are not authorized to make any filing in our name without clearing it with us first (saying you will prepare one is far different than filing one we have not seen). Second, the order does not say what we discussed nor what we agreed to.

You have written the court allegedly on consent that you are contending you did not receive notice of the subpoenas, that we are currently in negotiations to see if we can resolve the motion and that we are giving you a 2 week extension to produce your documents without any mention of your agreement that such extension is based upon your clients agreement to fully comply with the subpoenas and waive all non-privilege objections.

At no point was I told, much less agree, that the Hudson Entities claim they did not receive notice of the Rule 2004 subpoena. What Lee told me is that the subpoenas "slipped through the cracks" on your end, but that Mei now has them. It is improper for you to suggest your clients were not served with the subpoenas.

Further, our agreement was not for an adjournment to "engage[] in good faith discussions" to try to reach a consensual resolution without a hearing, as you write. What we agreed to on the phone and is written out as clear as day in my email below is that the Hudson Diamond entities were agreeing to fully comply with the subpoenas we served upon them and we were agreeing that they could have two weeks from today to fully comply. Again I was explicit that if your clients wished to object to the subpoenas and not fully comply, we would not agree to any extension to comply or adjournment. Lee wrote back that other than reserving for privilege, your clients agreed.

What you have represented to the Court is false, and not what the Trustee agreed to.

---

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Thursday, June 1, 2023 6:20 PM
**To:** Luft, Avi E. <aviluft@paulhastings.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Aaron A. Romney <aromney@zeislaw.com>
**Subject:** [EXT] RE: Hudson Diamond

**--- External Email ---**

I am copying Aaron as well. We are in agreement, obviously other than privilege objections. We are going to prepare a consent adjournment.



**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

---

**From:** Luft, Avi E. <aviluft@paulhastings.com>
**Sent:** Thursday, June 1, 2023 5:23 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Bassett, Nicholas <nicholasbassett@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>
**Subject:** Hudson Diamond

* External Message *

Lee,

Good to speak to you today. Following up on our call I wanted to confirm that you informed me that the subpoenas we served on the Hudson Diamond entities had slipped through the cracks, but now that they were with Mei she intends to have the Hudson Diamond entities comply with the subpoena and produce their responsive documents. In furtherance of this you asked if the Trustee would agree to a two week extension from today to make the production. I told you that if the Hudson Diamond entities were going to fully comply with the subpoenas and not contest/object to them, I was fine with granting them two weeks to make their complete production, but that if they intended to object to the subpoenas, I would rather address those issues now at the upcoming hearing on the motion to compel. You told me that you would confirm if your clients were agreeable to the production extension on the terms I described.
Please let me know your clients position. Thanks.

Avi

---

**Avi E. Luft | Of Counsel | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6079 | Main:



+1.212.318.6000 | Fax: +1.212.303.7079 | email | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

**Please Note:** *The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.