UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------x

**TRUSTEE'S EMERGENCY MOTION SEEKING ENTRY OF ORDER
PROVIDING METHOD OF SERVICE OF TRUSTEE'S MOTION, PURSUANT TO
BANKRUPTCY CODE SECTIONS 105 AND 363, BANKRUPTCY RULES 2002, 6004(c),
AND 9014, AND LOCAL RULES 6004-1 AND 6004-2, SEEKING ENTRY OF ORDER:
(I) AUTHORIZING AND APPROVING SALE OF THE LADY MAY FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II)
AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT, AND (III)
GRANTING RELATED RELIEF [DOCKET NO. 1858]**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby files this motion (the "Motion") requesting entry of an emergency order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), confirming that, with respect to the Lady May Sale Motion,[2] the Trustee is only required to serve on the creditor matrix (a) the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The "Lady May Sale Motion" refers to the *Trustee's Motion, Pursuant to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(c), and 9014, and Local Rules 6004-1 and 6004-2, Seeking Entry of Order: (I) Authorizing and Approving Sale of the Lady May Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing and Approving Purchase and Sale Agreement, and (III) Granting Related Relief* [Docket No. 1858]. Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Sale Motion.

notice of hearing [Docket No. 1859] (the "Hearing Notice"),[3] and (b) the *Notice of Proposed Private Sale of Estate Property* (the "Sale Notice"),[4] instead of serving a copy of the entire Lady May Sale Motion.[5]  In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On June 2, 2023, the Trustee filed the Lady May Sale Motion, pursuant to which the Trustee seeks to sell the Lady May to Herb Chambers Yachting, LLC (the "Buyer") free and clear of liens of liens, claims, interests and encumbrances (the "Sale"), pursuant to sections 363(b) and (f) of the Bankruptcy Code in accordance with that certain PSA.  That same day, the Hearing Notice was issued, which provides, among other things, that the Trustee shall, on or before June 5, 2023, serve the Hearing Notice and the Lady May Sale Motion on "all creditors and all parties indicating interest" in the Lady May.

4. Also on June 2, 2023, the Trustee served copies of the ***entire*** Lady May Sale Motion (including all attachments and the Sale Notice) as well as the Hearing Notice on (i) the Office of the United States Trustee for the District of Connecticut, (ii) the Buyer, (iii) counsel for the Debtor, (iv) the Committee, (v) all entities and individuals that have expressed to Edmiston, the broker for the Lady May, an interest in purchasing the Lady May, and (vi) all parties who

---

[3]   A copy of the Hearing Notice is attached hereto as **Exhibit B**.
[4]   A copy of the Sale Notice is attached hereto as **Exhibit C**.
[5]   As detailed below, on June 2, 2023, the Hearing Notice and the Sale Notice were served on creditor matrix.

have requested notice in the Debtor's case pursuant to Bankruptcy Rule 2002 (the "Notice Parties").[6]

5. Finally, also on June 2, 2023, Epiq Corporate Restructuring, LLC ("Epiq"), the Trustee's notice and claims agent, served copies of the Hearing Notice and the Sale Notice (but not the entire Lady May Sale Motion) via first class mail on the creditor matrix maintained in these chapter 11 cases (the "Creditor Matrix").[7]

## RELIEF REQUESTED

6. By this Motion, the Trustee requests entry of the Proposed Order confirming that the Trustee is only required to serve the Hearing Notice and the Sale Notice, but not the entire Lady May Sale Motion, on the Creditor Matrix.

## BASIS FOR RELIEF

7. Bankruptcy Rule 2002(a) generally requires that a minimum of twenty-one (21) days' notice of the proposed sale of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code. *See* Bankruptcy Rules 2002(a)(2), 2002(i). Additionally, Local Rule 6004-2(g) requires sale motions "be served by the Movant on all parties indicating interest in the purchase of the property."

8. In accordance with Bankruptcy Rules 2002(a)(2) and 2002(i), on June 2, 2023, the Trustee served the entire Lady May Sale Motion on the Notice Parties, and, also on June 2, 2023, Epiq served the Sale Notice and the Hearing Notice (but not the entire Lady May Sale

---

[6] Service of the Lady May Sale Motion and the Hearing Notice was effectuated electronically through the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. A certificate of service with respect to the service upon the Notice Parties was filed on June 5, 2023 at Docket No. 1865.

[7] The Trustee will be filing a certificate of service with respect to the aforementioned service by the end of the day today, *i.e.*, June 5, 2023.

Motion) on the Creditor Matrix. The Hearing Notice sets forth, among other things, the hearing date(s) for the Lady May Sale Motion (*i.e.*, June 27, 2023 and, if necessary June 28, 2023) and the related objection deadline (*i.e.*, June 23, 2023). In addition, the Sale Notice contains a summary description of the property to be sold (*i.e.*, the Lady May) as well as the key terms of the PSA. Furthermore, the Sale Notice also states, on the first page, and in **bold and all-caps** that the Lady May Sale Motion can be viewed, free of charge, at https://dm.epiq11.com/case/kwoktrustee/dockets, *i.e.*, the website maintained by Epiq in these chapter 11 cases.

9. The Trustee respectfully submits that the foregoing service complies with the Bankruptcy Rules and the Local Rules, as it provides notice of the proposed Sale to all interested parties, including all parties on the Creditor Matrix, twenty-one (21) days before the scheduled June 27, 2023 hearing on Lady May Sale Motion. However, because the Hearing Notice would require the Trustee to serve the full Lady May Sale Motion (including attachments thereto) on all creditors, the Trustee is compelled to file this Motion to seek relief from that requirement.

10. In particular, the Trustee believes that service of the entire Lady May Sale Motion on the Creditor Matrix is both unnecessary and unduly expensive. It is unnecessary because, all creditors are on notice of the proposed Sale through the Hearing Notice and Sale Notice, which describes the key terms of the proposed Sale as well as the objection deadline and the hearing date(s). Moreover, the Sale Notice directs the reader to Epiq's website where a copy of the entire Lady May Sale Motion can be viewed, free of charge. Thus, there is no prejudice to the parties on the Creditor Matrix from not serving them with a hard copy of the Lady May Sale Motion.

11. Nor would service of the entire Lady May Sale Motion be economical under the circumstances. Because there are approximately 1,600 creditors on the Creditor Matrix, it would cost the estate approximately $30,000 to serve the entire Lady May Sale Motion (which is 70 pages in total) on the Creditor Matrix. By contrast, serving only the Hearing Notice and the Sale Notice (which are 4 pages in total) on the Creditor Matrix costs only approximately $7,000.

12. In light of the foregoing, the Trustee respectfully requests that the Court not require the Trustee to serve the entire Lady May Sale Motion on the Creditor Matrix, but limit service on the Creditor Matrix to the Hearing Notice and the Sale Notice.

13. Finally, emergency relief is necessary here because if, notwithstanding the foregoing, the Court were to require the Trustee to serve the entire Lady May Sale Motion on the Creditor Matrix by end of day on June 5, 2023, such service would need to commence as soon as possible.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Bankruptcy Court enter the Proposed Order granting the relief requested herein.

Dated: June 5, 2023
New York, New York

By: */s/ G. Alexander Bongartz*
Luc A. Despins (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                            :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]             :    Case No. 22-50073 (JAM)
:
      Debtors.                          :    (Jointly Administered)
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2023, the foregoing Application was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

Dated:  June 5, 2023
       New York, New York                 By: */s/ G. Alexander Bongartz*
                                                   Luc A. Despins (admitted *pro hac vice*)
                                                   G. Alexander Bongartz (admitted *pro hac vice*)
                                                   Douglass Barron (admitted *pro hac vice*)
                                                   PAUL HASTINGS LLP
                                                   200 Park Avenue
                                                   New York, New York 10166
                                                   (212) 318-6000
                                                   lucdespins@paulhastings.com
                                                   alexbongartz@paulhastings.com
                                                   douglassbarron@paulhastings.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**ORDER PROVIDING METHOD OF SERVICE OF TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363, BANKRUPTCY RULES 2002, 6004(C), AND 9014, AND LOCAL RULES 6004-1 AND 6004-2, SEEKING ENTRY OF ORDER: (I) AUTHORIZING AND APPROVING SALE OF THE LADY MAY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT, AND (III) GRANTING RELATED RELIEF [DOCKET NO. 1858]**

Upon the motion (the "Motion")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting entry of an emergency order, confirming that, with respect to the Lady May Sale Motion, the Trustee is only required to serve on the creditor matrix (a) the Hearing Notice and (b) the Sale Notice, instead of serving a copy of the entire Lady May Sale Motion, all as further detailed in the Motion; and the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.   The Motion is GRANTED as set forth herein.

2.   The Trustee is not required to serve the Lady May Sale Motion on the Creditor Matrix, but, instead, the Trustee is authorized to serve only the Hearing Notice and the Sale Notice on the Creditor Matrix. For the avoidance of doubt, the foregoing shall not alter the requirement that the entire Lady May Sale Motion be served on the Notice Parties.

3.   The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

4.   The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.   This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT B**

**Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) | (Jointly Administered) |
|  | ) |  |
| Debtors.[1] | ) | Re: ECF No. 1858 |
|  | ) |  |

**NOTICE OF HEARING ON MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363, BANKRUPTCY RULES 2002, 6004(c), AND 9014, AND LOCAL RULES 6004-1 AND 6004-2, SEEKING ENTRY OF ORDER: (I) AUTHORIZING AND APPROVING SALE OF THE LADY MAY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT, AND <u>(III) GRANTING RELATED RELIEF</u>**

**PLEASE TAKE NOTICE** that, pursuant to D. Conn. L. Bankr. R. 6004-2(b), 9014-1(n), and Appendix N, a hearing will be held on **June 27, 2023** at **12:00 p.m. (noon)** and shall continue, as necessary, on **June 28, 2023** at **10:00 a.m.** at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, Connecticut to consider and act upon the following matter:

> **Motion, Pursuant To Bankruptcy Code Sections 105 And 363, Bankruptcy Rules 2002, 6004(C), And 9014, And Local Rules 6004-1 And 6004-2, Seeking Entry Of Order: (I) Authorizing And Approving Sale Of The Lady May Free And Clear Of Liens, Claims, Interests, And Encumbrances, (II) Authorizing And Approving Purchase And Sale Agreement, And (III) Granting Related Relief (the "Motion"), ECF No. 1858**, filed on behalf of Mr. Luc A. Despins, in his capacity as Chapter 11 trustee for the estate of Mr. Ho Wan Kwok (the "Trustee").

In accordance with Fed. R. Bankr. P. 2002(a), 9006(d), and 9014(a)–(b), any party shall file any Objection and/or Response on or before **June 23, 2023** and the Trustee shall file any Reply on or before **June 26, 2023** at **12:00 p.m. (noon)**.

On or before **June 5, 2023**, the Trustee shall serve this Notice of Hearing and the Motion and any attachments thereto on parties who are required to receive notice pursuant to Fed. R. Bankr. P. 2002(a)(2) and D. Conn. L. Bankr. R. 6004-2(g), including without limitation all creditors and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

all parties indicating interest in the purchase of the property to be sold, and the Trustee shall file a Certificate of Service on or before **June 6, 2023** evidencing that such service was made.

In accordance with D. Conn. L. Bankr. R. 2002-1(a), 9036-1 and Appendix A, service of this Notice of Hearing shall be made via the Court's CM/ECF System upon parties who have filed appearances in these Chapter 11 cases or have otherwise consented to electronic service.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be continued, adjourned, or canceled as appropriate without further notice.

Dated: June 2, 2023

Pietro Cicolini
Clerk of Court

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

Tel. (203) 579-5808
VCIS* (866) 222-8029
* Voice Case Information Syste
http://www.ctb.uscourts.gov
Form 112 - rms

# **EXHIBIT C**

**Sale Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br>Ho Wan Kwok, *et al.*<br><br>Debtor(s). | CASE NO: 22-50073<br><br>CHAPTER: 11 |
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address:<br><br>Douglas S. Skalka (State Bar No. ct00616)<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>Tel: (203) 781-2847<br>Fax: (203) 821-2009<br>dskalka@npmlaw.com<br><br>☒ *Attorney for:* Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok | **NOTICE OF PROPOSED<br>PRIVATE SALE OF ESTATE PROPERTY**<br><br>**D. CONN. BANKR. L. R. 6004-1(a)** |

**PLEASE TAKE NOTICE** that a hearing is scheduled to be held at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 on **June 27, 2023** at **12:00 p.m. (ET)** (and continuing on June 28, 2023, if necessary) to consider and act upon the following matter:

> Trustee's Motion, Pursuant to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(c), and 9014, and Local Rules 6004-1 and 6004-2, Seeking Entry Of Order: (I) Authorizing and Approving Sale of the Lady May Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing and Approving Purchase and Sale Agreement, and (III) Granting Related [Docket No. 1858] (the "Motion")

**THE MOTION CAN BE VIEWED, FREE OF CHARGE, AT:** https://dm.epiq11.com/case/kwoktrustee/dockets

**OBJECTION(S) DUE**: June 23, 2020 before 4:00 p.m. (ET). Untimely objections may not be considered.

| **Description of property to be sold (use additional page, if more space is needed):** | |
|---|---|
| The Lady May yacht (Reg. No. 745195), which includes all gear, machinery, equipment, furniture, fuel, consumables, all registered or unregistered tenders, toys, articles and appurtenances on board the Lady May and/or included on the Lady May's listing specification as of May 30, 2023. | |

**Proposed Private Sale Information:**

| Date of Proposed Private Sale: | June 30, 2023 | Time of Proposed Private Sale: | At or before 11:59 p.m. (ET) |
|---|---|---|---|
| Location of Proposed Private Sale: | International waters off the coast of Rhode Island, United States. | | |

| | |
|---|---|
| **Objection Deadline and Hearing Information:**<br><br>*Last date to file Objections to<br>Proposed Private Sale:    June 23, 2020 before 4:00 p.m. (ET)<br><br>*Hearing Date and Time<br>regarding Proposed Private Sale:    June 27, 2023 at 12:00 p.m. (ET) and continuing on June 28, 2023 (if necessary)<br><br>Location of hearing:<br>United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 | * **Hearing when objection filed:** A hearing on any objection to the Notice of Proposed Private Sale shall be held on the Hearing Date and Time listed in this Notice.<br><br>* **Hearing when no objection filed:** If no objection to the Notice of Proposed Private Sale is filed, the Court may require that a hearing on the Notice of Proposed Private Sale be held on the Hearing Date and Time listed in this Notice.<br><br>**See Local Rules of Bankruptcy Procedure, Appendix M**. Parties are encouraged to review the docket of this case or contact the Clerk's Office to determine if a hearing on the Notice of Proposed Private Sale will be held on the Hearing Date and Time listed in this Notice. |

Pursuant to D. Conn. Bankr. L.R. 6004-1(a), this form is mandatory. It has been approved for use in the United States Bankruptcy Court for the District of Connecticut and will be posted by the Clerk on the Court's website for publication.

03/2023    Page 1    Connecticut Local Form: CTB-LF238.A1
Local Rule 6004-1(a) - Notice of Proposed Private Sale of Estate Property

Proposed Private Sale price: $24,000,000.00

Terms and conditions of Proposed Private Sale, including, if applicable, information about how to register as a bidder:

| Provision | Summary Description |
|---|---|
| **Parties** | Seller: Luc A. Despins, solely in his capacity as chapter 11 trustee for the estate of Ho Wan Kwok (the "Trustee"). Buyer: Herb Chambers Yachting, LLC |
| **Deposit** | On May 31, 2023, the Buyer paid the deposit of $4,800,000 (20% of the Purchase Price) to the Trustee's account, as a deposit toward the purchase price to be held in escrow subject to the terms of the Purchase and Sale Agreement (the "PSA"). |
| **Survey Option; Acceptance of Lady May** | Buyer's obligation to purchase the Lady May is subject to Buyer's satisfaction with a trial run and survey of the Lady May; provided, however, that Buyer may only reject the Lady May if the surveyor (who shall be a duly qualified marine surveyor) certifies in writing that it discovered defects that affect the operational integrity of the Lady May or her machinery or her systems or renders the Lady May unseaworthy. The outside date for the Buyer to reject the Lady May based on the survey is June 20, 2023. Whether or not the Buyer has inspected the Lady May, the Buyer will be deemed to have accepted the Lady May if it fails to give timely written notice of its rejection in accordance with the PSA. |
| **Closing** | The transfer of the Lady May's ownership (the "Closing") will occur on or before June 30, 2023 (the "Closing Date"). The Closing will occur in international waters off the coast of Rhode Island, simultaneously with payment of all funds due from the Buyer and delivery of originals of all other documents necessary for transfer of good and marketable title to the Buyer.<br>At Closing, the Buyer will pay the balance of the Purchase Price (*i.e.*, $19,200,000) to the Trustee and the Deposit will be released to the Trustee, subject to deductions the Trustee owes to the Brokers for the commission, storage, insurance, repairs and/or other items (which are subject to approval of this Court). |
| **Sellers Representations/ Requirements for Closing** | The Trustee represents and warrants that it will transfer to the Buyer good and marketable title to the Lady May, free and clear of all debts, claims, maritime or common law liens, security interests, encumbrances, excise taxes, and other applicable taxes, customs' duties, or tariffs due to any state, country, regulatory and/or taxing authority of any kind whatsoever (collectively the "Encumbrances").<br>No less than two (2) business days before Closing, the Trustee will deliver to the Buyer (a) satisfactory evidence of title, (b) proof of payment or removal of all Encumbrances (except for those encumbrances that will be paid in full at closing), which proof may be the order entered by the Bankruptcy Court approving the sale of the Lady May (and which order shall provide the Lady May is being sold to Buyer free and clear of any Encumbrances), and (c) copies of any other documents necessary for transfer of good and marketable title to Buyer. |
| **Risk of Loss** | The Trustee will bear the risk of loss of or damage to the Lady May prior to Closing. |
| **Representations and Warranties** | Upon Closing, the Buyer will be deemed to have accepted the Lady May in its "as is" condition, the Trustee and the Brokers have given no warranty, either expressed or implied, and make no representation as to the condition of the Lady May, its fitness for any particular purpose or merchantability, all of which are disclaimed. |
| **Bankruptcy Court Approval** | The PSA for the proposed sale is subject to approval of this Court. |
| **Additional Bids** | Any interested bidders should contact the Trustee, whose contact information is included below, in connection with their bids on the Lady May. |

Contact person for Proposed Private Sale (*include name, address, telephone, fax and/or email address*):

Luc A. Despins, Chapter 11 Trustee for the Estate of Ho Wan Kwok
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6079
Fax: (212) 230-7771
lucdespins@paulhastings.com

Date: June 2, 2023

Pursuant to D. Conn. Bankr. L.R. 6004-1(a), this form is mandatory. It has been approved for use in the United States Bankruptcy Court for the District of Connecticut and will be posted by the Clerk on the Court's website for publication.

03/2023     Page 2     Connecticut Local Form: CTB-LF238.A1
Local Rule 6004-1(a) - Notice of Proposed Private Sale of Estate Property