# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,[1]<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50073 (JAM) |
| U.S. BANK NATIONAL ASSOCIATION, solely as Escrow Agent and not in its individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC; THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; and LUC A. DESPINS, solely as Chapter 11 Trustee appointed in the Chapter 11 case of Mr. Ho Wan Kwok and not in his individual capacity,<br><br>Defendants. | ADV. PROC. NO. _____<br><br><br><br><br><br><br><br>JUNE 6, 2023 |

## COMPLAINT FOR INTERPLEADER

### Parties

1.  Plaintiff U.S. Bank National Association, as escrow agent, ("U.S. Bank") is a national banking association organized and existing under the laws of the United States, with its main office, as set forth in its articles of association, located in the State of Ohio.

2.  Upon information and belief, defendant HK International Funds Investments (USA) Limited, LLC ("HK") is a Delaware limited liability company with an address located at 203 NE Front Street, Suite 101, Milford, Delaware. Upon information and belief, HK's

---

[1] The last four digits of the Debtor's federal tax identification number are 9595.

- 2 -

sole member is Mei Guo ("Ms. Guo"), who is, upon information and belief, a Chinese national.

3. Defendant the Official Committee of Unsecured Creditors (the "Committee") is the official committee of unsecured creditors appointed in the chapter 11 bankruptcy case of Ho Wan Kwok (the "Debtor") in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, the Honorable Julie A. Manning presiding (the "Bankruptcy Court"), Case No. 22-50073 (the "Bankruptcy Case") pursuant to the United States Trustee's *Notice of Appointment of Official Committee of Unsecured Creditors* filed on March 21, 2022 [Bankruptcy Case Docket No. 108]. The Committee is made up of the following individuals: (1) Rui Ma, who, upon information and belief, is a Chinese national; (2) Ning Ye, who, upon information and belief, is a citizen of the State of New York; and (3) Samuel Dan Nunberg, who, upon information and belief, is a citizen of the State of New York.

4. Defendant Luc A. Despins, Esq., (the "Trustee") is the chapter 11 trustee appointed in the Bankruptcy Case pursuant to the Bankruptcy Court's *Order Granting Appointment of Chapter 11 Trustee* entered on July 8, 2022 [Bankruptcy Case Docket No. 523]. Upon information and belief, Mr. Despins is a citizen of the State of Connecticut.

**Jurisdiction and Venue**

5. The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), including, but not limited to, this matter arising under title 11 and arising in and being related to the Bankruptcy Case. The United States District Court for the District of Connecticut also has jurisdiction over this matter pursuant to 28 U.S.C. § 1335.

6. The Bankruptcy Court has authority to hear and determine this matter pursuant to 28 U.S.C. §§ 105 and 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984.

7. Venue is proper pursuant to 28 U.S.C. § 1409. Venue is also proper in the Bankruptcy Court pursuant to the forum selection clause in Paragraph 14 of the Escrow Agreement (as that term is defined below).

8. This matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2).

### Summary of the Adverse Claims

9. On or about April 28, 2022, U.S. Bank, HK, and the Committee entered into an Escrow Agreement (the "Escrow Agreement", a true and correct copy of which is attached hereto as Exhibit A) pursuant to which certain funds relating to that certain *Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver that Certain Yacht, The "Lady May"* between, *inter alia*, HK and the Committee, and entered by the Bankruptcy Court on April 29, 2022 (the "Stipulated Order") [Bankruptcy Case Docket No. 299], were to be held in escrow in accordance with the terms and provisions of the Escrow Agreement.[2]

10. Pursuant to the Escrow Agreement, HK appointed U.S. Bank as escrow agent (the "Escrow Agent") under the Escrow Agreement, and U.S. Bank accepted such appointment under the terms and conditions set forth in the Escrow Agreement.

11. Pursuant to the Escrow Agreement, and in accordance with the Stipulated Order, the sum of $37,000,000 (the "Escrow Deposit") was wired to an account maintained by the Escrow Agent.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Escrow Agreement.

12. Through a subsequent *Consent Order Granting HK International Funds Investments (USA) Limited, LLC's Motion for Order Establishing Repair Reserve for the Lady May* [Bankruptcy Case Docket No. 930], the Bankruptcy Court ordered the Escrow Agent to transfer and deliver $4,000,000 of the Escrow Funds (as that term is defined below) to the Trustee for the creation of a separate repair reserve account (the "Repair Reserve").

13. The Escrow Deposit (as adjusted to account for earnings, payments and distributions made thereon, and proceeds thereof, and the subsequent creation of the Repair Reserve, the "Escrow Funds") has been and continues to be held in an account at U.S. Bank (the "Escrow Account").

14. Section 4 of the Escrow Agreement sets out the conditions upon which the Escrow Agent may disburse the Escrow Funds. One such condition, set forth in Section 4(a)(ii) of the Escrow Agreement, provides for the disbursement of funds in accordance with a "final, non-appealable order entered by the Bankruptcy Court on or after July 16, 2022 directing delivery of the Escrow Funds, accompanied by a certificate executed by the Party requesting disbursement to the effect that such order of the Bankruptcy Court is a final, non-appealable order of the Bankruptcy Court."

15. On May 26, 2023, the Trustee informed the Escrow Agent by letter (the "Trustee's Letter", a true and correct copy of which is attached hereto as Exhibit B) of entry of that certain *Memorandum of Decision and Order Granting Motion for Partial Summary Judgment on Second Counterclaim* in that certain Adversary Proceeding captioned *HK International Funds Investments (USA) Limited, LLC v. Ho Wan Kwok, et. al.*, Adversary Proceeding No. 22-05003 (the "HK Adversary Proceeding") by the Bankruptcy Court on

May 18, 2023 (the "HK Adversary Proceeding Order") [HK Adversary Proceeding Docket No. 221].

16. The Trustee's Letter referred to certain findings in the HK Adversary Proceeding Order and requested that the Escrow Agent transfer the balance of the Escrow Funds to the Trustee's account. The Trustee's Letter also indicated that the Committee consents to the Trustee's requested release of funds.

17. On May 26, 2023, HK, through its counsel, Stephen M. Kindseth, Esq. of Zeisler & Zeisler P.C., sent an email to the Escrow Agent, the Trustee, counsel to the Committee, and others, and, on May 29, 2023, HK, through its counsel, Aaron Romney, Esq. of Zeisler & Zeisler, PC., sent another email to the Escrow Agent, the Trustee, counsel to the Committee and others (collectively, the "Zeisler Emails", true and correct copies of which are attached hereto collectively as Exhibit C).

18. In the Zeisler Emails, HK, through its counsel, stated that the HK Adversary Proceeding Order is not yet a final order and that "the applicable provision of paragraph 4a [of the Escrow Agreement] provides that the Escrow Agent shall disburse the Escrow Funds upon receipt of 'a final, non-appealable order by the Bankruptcy Court on or after July 16, 2022, directing delivery of the Escrow Funds, accompanied by a certificate executed by the Party requesting disbursement to the effect that such order of the Bankruptcy Court is a final, non-appealable order of the Bankruptcy Court.'"

19. The Zeisler Emails also state that HK has filed a notice of appeal of the HK Adversary Proceeding Order (see HK Adversary Proceeding Docket No. 224) and that HK intends to file a motion for stay pending appeal promptly.

20. To date, the Escrow Agent has not received a certificate of the requesting party as required by Section 4(a)(ii) or any other documentation which is a sufficient basis for a disbursement under the terms of the Escrow Agreement.

21. The Trustee's Letter and the Zeisler Emails contain contradictory statements as to the disposition of the Escrow Funds, and it is apparent that a dispute exists regarding the disbursement of the Escrow Funds.

22. On May 30, 2023, the Escrow Agent, through its counsel, Shipman & Goodwin LLP, replied by letter (the "Shipman Letter", a true and correct copy of which is attached hereto without exhibits as Exhibit D) to the Trustee's Letter and the Zeisler Emails. By the Shipman Letter, the Escrow Agent informed the parties that the Trustee's Letter and the Zeisler Emails contained contradictory statements as to the disposition of the Escrow Funds and that it was apparent that there existed a dispute between the parties regarding the disbursement of the Escrow Funds.

23. On June 2, 2023, the Trustee sent an email to the Escrow Agent, counsel to HK, counsel to the Committee, and others (the "Trustee's Email", a true and correct copy of which is attached hereto as Exhibit E"), stating, "Today is June 2 and under the order all property of HK USA must be delivered to the Trustee."

24. Also on June 2, 2023, HK and Ms. Guo, through their counsel, filed a Motion for Stay Pending Appeal of the HK Adversary Proceeding Order [Adversary Proceeding Docket No. 227].

25. Pursuant to Section 5(ii) of the Escrow Agreement, if at any time a dispute exists with respect to the disposition of all or any portion of the Escrow Funds or any other obligations of the Escrow Agent or if the Escrow Agent is unable to determine in good faith

the proper actions with respect to its obligations under the Escrow Agreement, the Escrow Agent is entitled to "to petition (by means of interpleader action or any other appropriate method) any court in accordance with Section 14,[3] for instructions with respect to such dispute or uncertainty and, to the extent required or permitted by law, pay into such court, for holding and disposition in accordance with the instructions of such court, all Escrow Funds subject to such dispute or uncertainty after deduction and payment to [the] Escrow Agent of all documented out-of-pocket fees and expenses (including court costs and attorneys' fees) payable to, incurred by, or expected to be incurred by [the] Escrow Agent in connection with the performance of its duties and the exercise of its rights [under the Escrow Agreement]."

26. Pursuant to Sections 10 and 11 of the Escrow Agreement, HK agreed to and is obligated to pay the Escrow Agent's fees and expenses.

27. Section 11 of the Escrow Agreement further provides that HK grants the Escrow Agent a lien on and security interest in the Escrow Funds to secure payment of all amounts owing to it from time to time thereunder.

28. Section 17 of the Escrow Agreement provides that the Escrow Agreement shall be construed by and governed in accordance with the laws of the State of Connecticut.

29. As set forth in the Trustee's Letter, the Zeisler Emails, and the Trustee's Email, the Trustee has made repeated claims that the Escrow Funds should be disbursed to the Trustee and has argued that the filing of a Notice of Appeal by HK is irrelevant.

---

[3] Pursuant to Section 14 of the Escrow Agreement, in the event that any party commences a lawsuit or other proceeding relating to the Escrow Agreement, the parties agreed to the personal jurisdiction by and venue in the federal courts situated in the District of Connecticut, including the Bankruptcy Court.

30. The Zeisler Emails suggest that it is not appropriate for the Escrow Funds to be disbursed at this time and that the Escrow Funds should not be distributed absent a final and non-appealable order.

31. The Trustee's Letter and the Trustee's Email, on the one hand, and the Zeisler Emails, on the other, are contradictory.

32. Given conflicting instructions and the existence of a disagreement, uncertainty exists as to the Escrow Agent's proper actions with respect to its obligations under the Escrow Agreement.

33. The Escrow Agent cannot pay over the Escrow Funds to the Trustee without potential challenge of its actions and taking upon itself the responsibility of determining questions of law and fact.

34. The Escrow Agent has therefore filed this action to ensure that the Escrow Funds are properly distributed and to remove itself from the dispute, as is expressly contemplated by the Escrow Agreement for just such a circumstance.

**Interpleader is the Proper Remedy**

35. Escrow Funds, in the amount of $33,001,906.35 as of June 6, 2023, less fees and expenses due to the Escrow Agent, (the "Interpleader Funds") are now either due to the Trustee or should continue to be held in escrow pending resolution, by way of final, non-appealable order or otherwise, of the ongoing dispute.

36. Other than its charging lien for its fees and expenses incurred with respect to this interpleader action, currently in the estimated amount of $45,000.00, but subject to additional fees and expenses as this matter proceeds, the Escrow Agent claims no beneficial interest in the Escrow Funds. The Escrow Agent offers, and is ready and willing, to tender

the Interpleader Funds into the Court and to abide the judgment to be made and entered herein.[4]

37. Unless the conflicting and adverse claims to the Escrow Funds are disposed of in a single proceeding, the Escrow Agent is potentially subject to multiple litigations and at a substantial risk of suffering duplicate or inconsistent rulings on liability.

38. Under the provisions of 28 U.S.C. § 1335, Rule 22 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7022 of the Federal Rules of Bankruptcy Procedure, and/or Conn. Gen. Stat. § 52-484, the Escrow Agent is entitled to join all persons asserting claims against it in a single proceeding so that it may avoid duplicative litigation and the possibility of double or inconsistent liability on the conflicting and adverse claims of the defendants.

39. The Escrow Agent intends to make a motion to the Bankruptcy Court for deposit of the Interpleader Funds into the Registry of the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure, as made applicable by Rule 7067 of the Federal Rules of Bankruptcy Procedure.

---

[4] The Escrow Agent will continue to hold the amount remaining in the Escrow Account attributable to accrued fees and expenses until entry of an order of interpleader by this Court.

WHEREFORE, the Escrow Agent respectfully demands the following relief:

1. An order directing that the defendants be required to interplead and settle between themselves their rights to the Escrow Funds;

2. An order, pursuant to Rule 67 of the Federal Rules of Civil Procedure, as made applicable by Rule 7067 of the Federal Rules of Bankruptcy Procedure, authorizing the Escrow Agent to deposit the Interpleader Funds into the Registry of the Court, to the extent such an Order has not already entered.

3. An order directing that, upon deposit of the Interpleader Funds into the Bankruptcy Court, the Escrow Agent be discharged from all other or further liability related to the Escrow Agreement or the Escrow Funds;

4. An order authorizing the Escrow Agent to apply $45,000.00 to its unpaid fees and expenses.

5. An order directing that the defendants be enjoined from prosecuting or attempting to prosecute or taking any further action to secure payment of the Escrow Funds other than this action;

6. An order directing that the Escrow Agent be awarded any unpaid costs and attorneys' fees incurred in this action; and

7. Such other and further relief as may be proper.

Dated: June 6, 2023.

        PLAINTIFF,
        U.S. BANK NATIONAL ASSOCIATION,
        as Escrow Agent

        By   /s/ Kathleen M. LaManna
           Kathleen M. LaManna
           Shipman & Goodwin LLP
           One Constitution Plaza
           Hartford, CT  06103
           (860) 251-5000
           Fax (860) 251-5218
           klamanna@goodwin.com
           Federal Bar Number: CT16740
           Its Attorneys