# **Exhibit D**



Kimberly S. Cohen  
Phone: (860) 251-5804  
KCohen@goodwin.com

One Constitution Plaza  
Hartford, CT 06103-1919

May 30, 2023

**VIA E-MAIL**

Luc A. Despins, Esq.  
lucdespins@paulhastings.com

      RE:    In re: Ho Wan Kwok;  
                Requested Release of Funds under Escrow Agreement

Dear Mr. Despins:

      Our firm represents U.S. Bank National Association in connection with that certain Escrow Agreement (the "Escrow Agreement"), dated as of April 28, 2022, by and among HK International Funds Investments (USA) Limited, LLC ("HK USA"), the Official Committee of Unsecured Creditors (the "Committee") appointed in that certain bankruptcy case captioned *In re: Ho Wan Kwok*, Case No. 22-50073 (the "Bankruptcy Case") pending before the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") and U.S. Bank National Association, as escrow agent (the "Escrow Agent"). We are in receipt of your letter, dated May 26, 2023 (the "Paul Hastings Letter"), sent in your capacity as the chapter 11 trustee (the "Trustee") in the Bankruptcy Case, which attaches that certain *Memorandum of Decision and Order Granting Motion for Partial Summary Judgment on Second Counterclaim* [Docket. 221] entered by the Bankruptcy Court on May 18, 2023 (the "Order"). The Escrow Agent is also in receipt of an email, dated May 26, 2023, from Stephen M. Kindseth, Esq. of Zeisler & Zeisler, P.C. as counsel to HK USA, to you, counsel to the Committee, and others and an email, dated as of May 29, 2023, from Aaron Romney, Esq. of Zeisler & Zeisler, P.C. to you, counsel to the Committee, and others (collectively, the "Zeisler Emails"). Copies of the Paul Hastings Letter and Zeisler Emails are attached hereto. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Escrow Agreement.

      As you know, the Paul Hastings Letter refers to certain findings in the Order and requests that the Escrow Agent transfer the balance of the Escrow Funds to the Trustee's account. The Paul Hastings letter also indicates that the Committee consents to the requested release of funds.

      Section 4 of the Escrow Agreement provides for the delivery of Escrow Funds under a number of different circumstances. The Paul Hastings Letter, however, does not identify any

May 30, 2023
Page 2

section of the Escrow Agreement that would authorize the requested disbursement, and the request does not appear to comply with any of the enumerated distribution mechanisms in the Escrow Agreement. As you know, the Escrow Agent is not a financial stakeholder with respect to this matter and must act in accordance with the Escrow Agreement. Section 4(a)(ii) of the Escrow Agreement provides for the disbursement of funds in accordance with "a final, non-appealable order entered by the Bankruptcy Court on or after July 16, 2022 directing delivery of the Escrow Funds, accompanied by a certificate executed by the Party requesting disbursement to the effect that such order of the Bankruptcy Court is a final, non-appealable order of the Bankruptcy Court." The Escrow Agent has not received a certificate of the requesting party required by this section and the Order does not appear to be final and non-appealable.

The Paul Hastings Letter and the Zeisler Emails contain contradictory statements as to the disposition of the Escrow Funds. It is apparent that a dispute exists regarding the disbursement of the Escrow Funds. Additionally, the Zeisler Emails provided that HK USA has filed a notice of appeal of the Order and that HK USA intends to file a motion for stay pending appeal promptly. Given the omission of the certificate required by the Escrow Agreement, as well as the evidence of an appeal of the pending Order and the parties' disagreement as to the disposition of the Escrow Funds, the Escrow Agent is unable to make payment of the funds at this time. Pursuant to the terms of the Escrow Agreement, including but not limited to Section 5, the Escrow Agent is entitled to suspend the performance of its obligations, including disbursement obligations, until disputes and uncertainty are resolved, as evidenced by one of the stated final court orders and certificates contemplated by the Escrow Agreement, and the Escrow Agent has concluded that, at this time, it is appropriate to suspend such performance.

We welcome a dialogue as to whether another path to resolution is possible. The Escrow Agent has a limited role in this matter and we are hopeful that the disposition of the Escrow Funds can be resolved efficiently. We are sensitive to the fact that the parties likely do not wish to expend funds unnecessarily, and we therefore presume that minimizing litigation is desired, but we note that if the uncertainty regarding the proper distribution of the Escrow Funds cannot be resolved to the Escrow Agent's satisfaction, an interpleader action may also be appropriate, as contemplated and permitted by Section 5(ii) of the Escrow Agreement.

Nothing herein shall constitute a waive or release or any rights, remedies, claims and defenses of the Escrow Agent pursuant to the Escrow Agreement or otherwise available at law or equity. Such rights, remedies, claims, and defenses are expressly reserved.

May 30, 2023
Page 3

      I am happy to speak with you regarding this matter, and my contact information is included above if you believe that a discussion would be helpful.  Please also direct future correspondence regarding this matter to Shipman as counsel to the Escrow Agent.

                                    Sincerely,

                                    *Kimberly S. Cohen*
                                    Kimberly S. Cohen

KSC:cah


cc:      Alex Bongartz (alexbongartz@paulhastings.com)
          Stephen M. Kindseth, Esq. (SKindseth@zeislaw.com)
          Aaron A. Romney (aromney@zeislaw.com)
          Ho Wan Kwowk c/o William R. Baldiga (wbaldiga@brownrudnick.com) and Jeffrey L. Jonas (JJonas@brownrudnick.com)
          Irve Goldman, Esq. (igoldman@pullcom.com)
          Jonathan Kaplan, Esq. (jkaplan@pullcom.com)
          Samuel Nunberg (snunberg@winstonashe.com)
          Pacific Alliance Asia Opportunity Fund, L.P. (jlewis@pagasia.com)
          Peter Friedman, Esq. (pfriedman@omm.com)
          Carollynn H.G. Callari, Esq. (ccallari@callaripartners.com)
          Laurel Casasanta (laurel.casasanta@usbank.com)
          Ted Cheesebrough, Esq. (ted.cheesebrough@usbank.com)