UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In Re                              *   Case No. 22-50073 (JAM)
                                   *
     HO WAN KWOK,                  *   Bridgeport, Connecticut
                                   *   May 31, 2023
                 Debtor.           *
                                   *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

TRANSCRIPT OF ORDER SETTING STATUS CONFERENCE
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtor:                 STEPHEN KINDSETH, ESQ.
                                Zeisler & Zeisler PC
                                10 Middle Street
                                15th Floor
                                Bridgeport, CT  06604

For the Creditor, Pacific       STUART M. SARNOFF, ESQ.
 Alliance Asia Opportunity      O'Melveny & Myers LLP
 Fund L.P.:                     Times Square Tower
                                New York, NY  10036

                                ANNECCA H. SMITH, ESQ.
                                Robinson & Cole, LLP
                                280 Trubmull Street
                                Hartford, CT  06103

For the U.S. Trustee:           HOLLEY L. CLAIBORN, ESQ.
                                Office of the United States
                                   Trustee
                                The Giaimo Federal Building
                                150 Court Street, Room 302
                                New Haven, CT  06510

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

APPEARANCES Cont'd:

| | |
|---|---|
| For Mei Guo and HK USA: | MELISSA F. WERNICK, ESQ.<br>Chiesa Shahinian & Giantomasi<br>11 Times Square, 34th Floor<br>New York, NY  10036 |
| | STEPHEN KINDSETH, ESQ.<br>Zeisler & Zeisler PC<br>10 Middle Street<br>15th Floor<br>Bridgeport, CT  06604 |
| For the Defendant,<br> Luc A. Despins, Chapter 11<br> Trustee: | PATRICK LINSEY, ESQ.<br>Paul Hastings, LLP<br>200 Park Avenue<br>New York, NY  10166 |

3

1         (Proceedings commenced at 1:33 p.m.)

2              THE CLERK:  Case Number 22-50073, Ho Wan Kwok.

3              THE COURT:  Good afternoon.  If we could have

4    appearances for the record, starting with the Chapter 11

5    Trustee, please?

6              MR. DESPINS:  Good afternoon, Your Honor.  Luc

7    Despins, Chapter 11 Trustee.

8              MR. LINSEY:  Good afternoon, Your Honor.  Patrick

9    Linsey for the trustee.

10             MR. SARNOFF:  Good afternoon, Your Honor.  Stuart

11   Sarnoff, O'Melveny and Myers, on behalf of Creditor, PAX.

12             MS. SMITH:  Good afternoon, Your Honor.  Annecca

13   Smith, Robinson and Cole, also on behalf of PAX.

14             MS. WERNICK:  Good afternoon, Your Honor.  Melissa

15   Wernick from CSG Law on behalf of Mei Guo and HK USA.

16             MR. KINDSETH:  Good afternoon, Your Honor.

17   Stephen Kindseth, Zeisler and Zeisler, also on behalf of Ms.

18   Mei Guo and HK USA.

19             MR. KAPLAN:  Good afternoon, Your Honor.  Jonathan

20   Kaplan of Pullman and Comley on behalf of the Committee.

21             MS. CLAIBORN:  And good afternoon, Your Honor.

22   Holley Claiborn for the U. S. Trustee.

23             THE COURT:  Okay.  Good afternoon, everyone.

24   Attorney Kindseth, are you appearing on behalf of the debtor

25   as well?

1          MR. KINDSETH:  I am not.

2          THE COURT:  No one is appearing on behalf of the

3     debtor?

4          MR. KINDSETH:  That's correct, Your Honor.

5          THE COURT:  Okay.  All right.  Go ahead, Trustee

6     Despins.  You requested this status conference with regard

7     to the Lady May --

8          MR. DESPINS:  Yes.

9          THE COURT:  -- so please, proceed.

10          MR. DESPINS:  Yeah, Judge.  The first thing I want

11     to say is that we're really grateful of Your Honor making

12     herself available again on such short notice.

13          But, you know, there's good news, but it needs --

14     there are some logistical items that need to be addressed.

15          So the good news is, as you know from the status

16     conference last week, the bids were due yesterday at 5

17     o'clock and we received several bids and, as you know, the

18     minimum bid was 20 million, and the competitive dynamic

19     created an environment that produced the highest bid at $24

20     million, which was pretty close to the asking price. And so

21     that's very good news.

22          Now the complicating factor is that the buyer says

23     that he wants a closing by June 30th.  He wants the boat for

24     July 4th.  And you might say, well, that's ridiculous, but

25     at that price, if he asked me to go and wash the boat, I

5

1    would do that as well.

2            So my point is, Your Honor, we need to try to

3    accommodate that and I was looking at the schedule and, of

4    course, it depends on Your Honor's schedule.  But if we

5    filed the sale motion on Friday, normally as you know it's

6    21 days' notice for a sale of this property, but if we

7    shortened that by just two days to make it 19 days, and made

8    the objection deadline on the 24th of June, so that's a

9    shortening of two days, we could -- I'm sorry, it's the

10   21st.  I'm sorry.  The 21st of June, not the 24th.  21st of

11   June.  And the sale hearing could be, subject to Your

12   Honor's availability, on Monday the 26th.  That would allow

13   for a closing on the 30th, which is what the buyer has

14   requested and what we've agreed to.

15           But to be clear, you know, the contract is not

16   binding on me without court approval, but we did agree as

17   part of this deal to try to close by the 30th.

18           So that is the reason for the call, Your Honor, to

19   save a lot of time in back and forth to see, one, if the

20   Court is available on the 26th, and whether we can shorten

21   the deadline by two days.

22           Again, the sale motion filed on Friday of this

23   week, objection deadline on the -- Tuesday -- I'm sorry,

24   Wednesday, the 21st of June.  So that is the request, Your

25   Honor.

1          THE COURT:  Okay.  Does anyone else wish to be

2     heard on the request that's been made?  I have a couple of

3     questions, but I'd like to hear if anyone else wishes to be

4     heard.  Does anybody have any questions or objections to the

5     request that the trustee has made with regard to timing?

6          MR. KINDSETH:  Yes, Your Honor.  Stephen Kindseth

7     on behalf of Ms. Mei Guo and HK USA.

8          Your Honor, we would like a brief opportunity to

9     respond to this sale procedure proposal as being submitted

10    at a status conference.

11         We understand the need to expedite, but we don't

12    think it's appropriate to have an oral procedures motion

13    submitted and given literally minutes to formulate a

14    response.

15         My client may agree to the proposed sale procedure

16    but, again, we would like time to respond.  And I'm not

17    talking about significant time.  In fact, I would suggest 24

18    hours.  This is just to respond to the dates that are being

19    proposed.  We'd like to confer with our client --

20         THE COURT:  Well, you'll have an opportunity to do

21    that --

22         MR. KINDSETH:  -- and reflect upon those figures.

23         THE COURT:  -- because the sale motion is going to

24    be filed by Friday and you can oppose it, if you'd like, by

25    the -- if these dates -- if this proposal that the trustee

7

1   is suggesting is approved insofar as -- I'm not entering any

2   orders or anything today.  All he's telling me is what he's

3   proposing to do.  And he's --

4            MR. KINDSETH:  Okay.  Then I misunderstood --

5            THE COURT:  -- asking for a hearing date.  That's

6   what he's asking for, to put that as part of the proposal.

7   And then there will be an objection deadline, and then there

8   will be a hearing.

9            MR. KINDSETH:  But that's what I'm commenting on,

10  Your Honor.  I'm commenting on accelerating the sale

11  process, setting an objection to the one set in the hearing.

12  I'd like the opportunity --

13           THE COURT:  Then you can file a written objection

14  to that.

15           MR. KINDSETH:  Okay.  As long as nothing is being

16  ordered today, then, and --

17           THE COURT:  I'm not entering any orders.

18           MR. KINDSETH:  Okay.  Then I don't even know if

19  there's a request.

20           MR. DESPINS:  There's certainly a request, Your

21  Honor to --

22           THE COURT:  There is a request.

23           MR. DESPINS:  -- know if Your Honor --

24           THE COURT:  He made a request because he's trying

25  to figure out what date, if anything -- any date the Court

1    has for a sale hearing.  That's the -- that's what he's

2    requesting.

3          And then he's going to put in his papers whatever

4    he's going to put in his papers, and then everybody will

5    review them, and then everybody has an opportunity to

6    object.

7          That's what -- this is -- and we did have a status

8    conference last week regarding the Lady May where these

9    issues were raised.

10         I don't recall whether you or your client

11   participated in that, but I don't think you did, but you

12   were aware of it.  And you know that they've been moving to

13   try to sell the boat.

14         I mean, this is no -- this is nothing new.  This

15   is -- it's not even new to PAX, who's been trying to sell

16   the boat or get the boat since, what, 2019?

17         So I -- I mean, I understand what you're saying,

18   but you will have the opportunity to object.  All he's --

19   this is a status conference at which Trustee Despins has

20   said he has an offer, he's going to file a motion, he's

21   going to suggest that the hearing be held on a certain date

22   because the buyer wants to close by June 30.  So he's asking

23   if the Court can accommodate that timing.

24         And then if he is asking for less than 21 days,

25   he'll have to file a motion expediting the hearing based

1    upon whether the Court has a hearing date available on the

2    expedited basis.  Right?  So --

3              MR. KINDSETH:  Thank you, Your Honor.

4              THE COURT:  -- so that's where we are, from the

5    Court's perspective.

6              As I said to -- I don't -- I think I said last

7    week, while I'm not entering any order, you're just telling

8    me what the process is.

9              And I believe that Trustee Despins has done that

10   to give the Court knowledge of what he is anticipating

11   doing, and also in connection with scheduling, because let's

12   say, for example, he didn't file -- he files his sale motion

13   on Friday and then he has to find out whether or not -- and

14   he suggests a hearing on the 26th, but he doesn't know for

15   sure that the Court has availability.  That's what he's

16   asking for.  It's a status conference.  I think it's fair.

17   I think anybody can ask for that, and they do.

18             This is certainly not the first time I've been

19   asked in advance of pleadings filed, is it available -- will

20   the Court be available on X date for a hearing.  Okay?

21             And I think under the -- the very specific

22   circumstances and facts of this case, I don't think that the

23   request is unreasonable insofar as having a status

24   conference to inform the Court of the proposed course of

25   action, and then attempting to obtain a hearing date and

1    work backwards from that.  I don't think that's unreasonable

2    at all.  And I'm not saying you're saying it's unreasonable.

3         I'm just telling you, that's the perspective that

4    the Court has in connection with this request for a status

5    conference, much of which was highlighted to the Court last

6    week, and has been the subject of discussion in the

7    adversary proceeding, right?  I mean, that was the whole

8    issue on summary judgment on the first counterclaim.

9         So in any event, the issue I have with the 26th,

10   Trustee Despins, is we have something scheduled already

11   that's been scheduled for some time.  How much time do you

12   think you're going to need?  Or you don't have any -- I

13   don't know if you have any anticipation of how much time

14   you're going to need on the 26th.

15        MR. DESPINS:  It's difficult to say.  It really

16   depends on the objections that are filed.  I mean, I don't

17   think --

18        THE COURT:  I agree.

19        MR. DESPINS:  -- it should be more than two hours,

20   but --

21        THE COURT:  I agree.

22        MR. DESPINS:  I would just say that there's been

23   robust marketing here and robust bidding.  Yesterday, there

24   were some side bids, so I -- you know, it's always possible

25   that somebody shows up with a better bid.  God bless if that

1    happens, but I think there's been robust marketing and

2    bidding here, so I think that should give everyone some

3    comfort that the best price will be presented to the Court

4    at the hearing.

5          THE COURT:  I'm looking at some things on the

6    calendar, so you're going to all have to bear with me for a

7    moment while I look at things.

8          (Pause)

9          THE COURT:  Well, the problem with the 26th is

10   that we have an -- we have a trial scheduled on the 26th, in

11   an involuntary case that has been scheduled for some time.

12   We could start the hearing on the 27th.

13          I could -- I could continue some things that are

14   on, what I would call our weekly calendar that are not of

15   the same urgency, although they're urgent to those parties

16   but under -- if I have to prioritize, I could move things

17   and start -- I could move a few matters.  Just give me a

18   second, please.

19          (Pause)

20          THE COURT:  I could move a few matters and start

21   at noon on the 27th.  And then we could go on to the 28th.

22   I could -- and the trial that's scheduled for the 28th, I

23   already mentioned to Attorney Claiborn when she was in

24   hearings -- our Tuesday hearings last week, that that trial

25   might get continued, but it was for other reasons at that

1   point, but now it's for this reason.

2            Attorney -- Trustee Despins, what do you think

3   about that timing?

4            MR. DESPINS:  We'll take whatever time you can

5   give us, Your Honor.

6            THE COURT:  Okay.

7            MR. DESPINS:  So we'll start on the 27th.

8            THE COURT:  I think we need to start -- I -- this

9   trial on the 26th has been set for some time and it is an

10  evidentiary trial on a contesting an involuntary petition,

11  so it is something -- that, you know, does have to take

12  priority.

13           MR. DESPINS:  Understood.  Absolutely.

14           THE COURT:  So I think we can start on the 27th at

15  noon, and then we will continue on -- and I'll have the

16  whole day of the 28th available.

17           Attorney Claiborn, we'll have to --

18           MR. DESPINS:  Understood, Your Honor.

19           THE COURT:  -- we'll issue -- we could start the

20  trial that you were involved in on the 29th, and then see

21  where we go from there.

22           MS. CLAIBORN:  I think, Your Honor, that you may

23  have previously scheduled, perhaps earlier today, a hearing

24  on the fee application of Paul Hastings for the 29th.

25           THE COURT:  Oh.  Did we -- did we --

1          MS. CLAIBORN:  Hopefully, I didn't get my dates

2     wrong.

3          MR. DESPINS:  No, that's correct.

4          THE COURT:  Yeah, but we didn't change the trial

5     --

6          MR. DESPINS:  At 10:00 on the --

7          THE COURT:  -- on the 29th.  We didn't say that

8     there wasn't going to be a trial, but you're right.  You're

9     right, Attorney Claiborn, so it would just be that the trial

10     would start later, maybe at 11:00 or 12:00 on the 29th.

11     Okay?

12          MS. CLAIBORN:  Okay.

13          THE COURT:  We'll have to work on that, obviously.

14     All right.

15          So I'm turning to the courtroom deputy who

16     understands that if Trustee Despins files a motion to sell

17     the Lady May and a motion to expedite the hearing on this

18     Friday, files that sometime this Friday -- and obviously,

19     Trustee Despins, the sooner the better, because the clerk's

20     office staff, you know, does leave on Fridays at -- you

21     know, they're usually done in the afternoon.

22          If you file something at 5 o'clock, it might not

23     get reviewed until Monday.  So the earlier you file on

24     Friday, the more likely there -- it would be that an order

25     could possibly enter granting the expedited hearing and

1    setting the hearing for the 27th at noon.

2            That's -- but those documents would have to be --

3    have to be filed first, obviously.

4            MR. DESPINS:  But the motion to expedite, I'm

5    sure, can be filed way before 5 o'clock on Friday.  The

6    actual sale motion might take a little bit longer, but the

7    motion to expedite can be filed, you know, long time before

8    5 o'clock on Friday.

9            MR. KINDSETH:  Your Honor, those should be filed

10   together, obviously, so that we can be informed as to

11   precisely what transpired in terms of the sale process,

12   which I'd like to point out was not pre-approved by the

13   Court.  There is no sales procedures motion, no sale

14   procedures order.  These are the first we're going to be

15   hearing --

16           THE COURT:  There doesn't need to be a sales

17   procedure motion or order, Attorney Kindseth.

18           MR. KINDSETH:  I understand.  We're going to be

19   seeing it for the first time.  So the motion to expedite

20   with respect to the substantive motion should be filed

21   together.

22           THE COURT:  Well, that may be your position, so

23   we'll see what happens when motions get filed.

24           MR. DESPINS:  Your Honor, I think we can -- we

25   didn't want to do it like this, but if we file it on Friday,

1    if the objection deadline is Friday, the 23rd, that's 21

2    days.  So let's leave it at that and we'll have to work

3    during the weekend and all that.  And the hearing will be on

4    the 27th and we'll file a response Sunday evening or

5    something like that.

6         But any response would be -- need to file -- we'll

7    file it on Sunday evening.  That way, there's no shortening

8    of anything, so Mr. Kindseth doesn't have to be concerned

9    about that.

10        We just want to make sure, though, that -- and I

11   think you just confirmed that you are available on the 27th,

12   and so that's great.  We'll start on the 27th.

13        THE COURT:  We'll start -- assuming you file your

14   documents, the hearing will be scheduled on June 27th --

15   assuming you file all your documents by Friday, June 2nd,

16   the hearing will be scheduled for June 27th at noon, and

17   we'll continue on to June 28th, if necessary.

18        MR. DESPINS:  Thank you, Your Honor.

19        THE COURT:  Okay?

20        MR. DESPINS:  The other thing I want to mention,

21   which was not on the agenda but something that came up this

22   morning, literally, we submitted through courtroom deputy, a

23   revised proposed emergency order.  This is the order that

24   you amended four or five times already that -- regarding the

25   Sherry -- access to the Sherry Netherland.

1          And you'll recall that on purpose, I did not

2    include myself as a person who has the right to go to the

3    apartment.  I wanted to avoid any concerns or allegation

4    that somehow while an investigation was going, that I went

5    on site, so I excluded myself and have never been to the

6    apartment.

7          But now I need to go to the apartment for various

8    reasons, including the fact that we've discovered this

9    morning, artwork in a closet of one of the maid's room,

10   which artwork could be valuable and I -- I need to go and

11   recover it today and make sure it's safeguarded.

12         So we would ask Your Honor to nullify the order,

13   and Mr. Bongartz has already submitted by email a draft

14   order that would allow the trustee to go to the apartment,

15   and obviously we'll take pictures of everything.

16         The Sherry Netherland has already taken pictures

17   and they're the ones who discovered this this morning, and

18   so that's why we would ask the Court to modify the order to

19   allow us to go on premises to recover the artwork, which

20   time will tell whether it has any value or not, but if it

21   has value, it needs to be protected.  It can't be left in

22   the maid's room.

23         THE COURT:  The Sherry Netherland discovered that

24   this morning?  Is that what you're saying?

25         MR. DESPINS:  That's correct, Your Honor.

1      THE COURT:  So they were --

2      MR. DESPINS:  The way it works is that there are

3   three apartments.  There is the 18th floor.  That's where

4   the fire occurred.

5      And there are two other apartments that are --

6   apparently in the buildings are that -- typically when you

7   own the big apartment, you can buy one-bedroom or like a

8   studio, basically, to put your staff in.

9      And there are two of these that came with the 18th

10  floor apartment, but on different floors.  So you don't have

11  to go through the 18th floor to go there.

12      One is on the 22nd floor, the other one is on the

13  7th floor at the Sherry Netherland, and the Sherry

14  Netherland had never been -- you know, well, I'm sure they

15  had been at one point, but not recently, not since the fire.

16      And I told them this morning that they should go

17  and see what's in these apartments, and that's where they

18  told me that it was artwork.  They sent me pictures of that,

19  and I don't know just by looking at the pictures the value

20  it has, but certainly my job is to secure it.  We can't

21  leave it in the maid's room.

22      THE COURT:  Well, isn't it secure right now?  I

23  mean, who has access to -- I'm not suggest -- I just want to

24  understand.  What --

25      MR. DESPINS:  I --

1    THE COURT:  -- who has access to the area right

2  now?

3    MR. DESPINS:  Nobody, because the order that

4  you've entered covers both that 18th floor and the two other

5  apartments.  So in theory, no one should have access to

6  that, in theory.

7    But I don't -- I don't want to exaggerate here,

8  but we have good information that Mr. Kwok has purchased

9  artwork in the millions of dollars in the past.

10    We don't know where that artwork is, but if that

11  is part of it, I really think it would be ill advised to

12  leave it on the premises there, not that I have any interest

13  in going to the Sherry Netherlands to get this stuff, but I

14  know if there -- if it has value, it needs to be protected.

15  And without any issues as to who owns it and all that, that

16  can be determined later.  Right now, it needs to be in a

17  place where nobody can access it.

18    THE COURT:  And the proposed order indicates how

19  that is going to occur?

20    MR. DESPINS:  No, just the -- it just says that I

21  am entitled to go to the apartment, the apartment being

22  defined as the 18th floor and the two other maids' quarters,

23  if you will.  And I intend to go there this afternoon and

24  bring the artwork back to our offices.

25    MR. KINDSETH:  Your Honor, may I be heard?

1         THE COURT:  Yes.

2         MR. KINDSETH:  So I guess, Your Honor, for the

3    record, I will be appearing for Mr. Ho Wan Kwok at this

4    time, in light of this revelation.

5         My suggestion is -- and I think this protects the

6    estate and the trustee, and other parties who may claim an

7    interest.

8         If the trustee could circulate an inventory of

9    what the Sherry Netherland's staff has informed him is

10   present, at least we will have -- and I know the

11   identification may not be clear, but he said he had

12   photographs.  Perhaps there's a complete set of photographs

13   that he can share.

14        So at least -- before there's any additional

15   access, there's a record and it would be sent to me and

16   perhaps even the United States Trustee's office.  There

17   would be a record of what we're talking about here before he

18   access it -- accesses it and retrieves the property.

19        MR. DESPINS:  I'm happy to do that, Your Honor.

20   We have the pictures from the Sherry Netherland.  I'm happy

21   to share them.

22        And I said, I don't want to -- I'm not -- I know

23   nothing about art.  Or at least, I don't know anything about

24   expensive art.  This could be -- this could be junk, or it

25   could be worth something.  So that's why I think it's

1   important to be careful about this.

2           MR. KINDSETH:  We respect the trustee's

3   perspective in that regard.  We're just trying to create an

4   inventory.

5           MR. DESPINS:  Not an issue, Your Honor.

6   Absolutely.

7           THE COURT:  Okay.

8           MR. DESPINS:  And I can say that the Sherry

9   Netherland has already told me that one of the pieces was

10  already broken in the sense that when they -- when they --

11  when they opened the closet in the maid's quarter, they

12  could hear glass -- you know, they're all in Saran -- not

13  Saran Wrap.  They're in bubble wrap, and they could hear

14  glass, you know, moving there.

15          So -- but we'll video all of that when we take it,

16  but we'll also send pictures to Mr. Kindseth before going

17  over there.

18          THE COURT:  Well, I haven't seen the order that

19  you're talking about, and you're saying all it does is

20  modify an existing order to allow you to have access, which

21  Mr. Kwok's counsel is not opposing.  Correct?

22          MR. DESPINS:  That's correct.  That's all it does.

23  It doesn't talk about taking custody of anything.  I'll take

24  that on my own, but it just authorizes access to the

25  apartment, which I can't access without the order being

21

1    modified.

2            THE COURT:  Because the Sherry Netherland won't

3    let you in?

4            MR. DESPINS:  Correct.  And they're right.

5    They're correct.  They're --

6            THE COURT:  No, no, I understand.  I'm just asking

7    --

8            MR. DESPINS:  They are enforcing the order.

9            THE COURT:  -- I am just asking the question.  I

10   don't have anything in front of me --

11           MR. DESPINS:  Yes, they do.

12           THE COURT:  -- to refer to, so I'm just asking the

13   question.

14           MR. DESPINS:  It's basically they're enforcing the

15   prior orders Your Honor entered.  As I said before, I was

16   not on that list on purpose.  Now that, you know, a month

17   has passed, you know, since the fire, the investigations are

18   completely over in terms of forensic investigation in the

19   apartment, so there's no -- there's no issue about going to

20   the apartment, so that's why I feel comfortable doing that

21   and recovering the artwork, and we'll determine what value

22   it has, if any.

23           THE COURT:  Okay.  Well, I'll certainly take a

24   look at that order when it's brought to my attention.  I

25   mean, now you've told us, so we'll find it and we'll look at

22

1    it.

2            MR. DESPINS:  Thank you, Your Honor.

3            THE COURT:  Okay.  Thank you.

4            MR. DESPINS:  That's all we had from the trustee's

5    point of view for today.  Thank you again for making

6    yourselves available.  We really appreciate it.

7            THE COURT:  Okay.  You're welcome.  Then we'll see

8    what gets filed on Friday and we will act accordingly, and

9    we will look for an order regarding access to the apartment

10   at the Sherry Netherland, a modification to that order.

11   Okay?

12           MR. DESPINS:  Thank you, Your Honor.

13           THE COURT:  All right.  That concludes this status

14   conference today then, and that is our last matter on for

15   hearing today, so court is adjourned.

16           MR. DESPINS:  Thank you.

17           THE CLERK:  Court is adjourned.

18           MS. CLAIBORN:  Thank you.

19       (Proceedings concluded at 2:02 p.m.)

20

21

22

23

24

25

23

1        I, CHRISTINE FIORE, court-approved transcriber and

2    certified electronic reporter and transcriber, certify that

3    the foregoing is a correct transcript from the official

4    electronic sound recording of the proceedings in the above-

5    entitled matter.

6

7    *Christine Fiore*

8    _____        June 7, 2023

9        Christine Fiore, CERT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24