**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) ) | (Jointly Administered) |
| Debtors.[1] | ) ) | Re: ECF No. 1789 |

**ORDER GRANTING CHAPTER 11 TRUSTEE'S**
**FIFTH SUPPLEMENTAL OMNIBUS MOTION FOR 2004 EXAMINATION**

On May 15, 2023, Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") of the estate of Ho Wan Kwok (the "Debtor"), filed the Fifth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, and Entities Doing Business with Debtor and Affiliated Entities (the"Motion"), (ECF No. 1789.) On May 22, 2022, Ms. Hing Chi Ngok and Greenwich Land, LLC (the "Greenwich Parties") filed an objection to the Motion (the "Greenwich Objection"). (ECF No. 1813.) The Greenwich Parties object to the Motion insofar as it seeks the examination of Bento Technologies, Inc. ("Bento"). That same date, the Debtor also filed an objection to the Motion (the "Debtor Objection," and, together with the Greenwich Objection, the "Objections"). (ECF No. 1814.) The Debtor objects to the Motion on two grounds. First, the Debtor objects insofar as the Motion seeks the examination of Nodal Partners, LLC ("Nodal"). Second, the Debtor

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

objects that, under Fed. R. Civ. P. 45(a)(4), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Bankr. R. 2004-1(c), the Trustee must give notice to the Debtor of the date and time of each Rule 2004 deposition. On June 2, 2023, the Trustee filed replies to the Objections. (ECF Nos. 1860, 1862.)

On June 6, 2023, a hearing on the Motion was held. None of the proposed examinees objected to the Motion either through a filing a responsive pleading or appearing at the hearing.

### *The Greenwich Objection*

With respect to the objection of the Greenwich Parties, they argue that the Trustee must take discovery of Bento in the adversary proceeding styled *Despins ex rel. Kwok v. Greenwich Land,* LLC, Case No. 22-50073 (JAM), Adv. P. No. 23-05005 (JAM) (Bankr. D. Conn. June 5, 2023), because of the pending proceeding doctrine. The Trustee argues that it is the law of the case that the pending proceeding doctrine is inapplicable to Bento and that the examination of Bento and the request for production of documents directed at Bento are, in any event, about parties beyond just the Greenwich Parties.

As previously stated in the Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for 2004 Examination, ECF No. 1184, the Court continues to be persuaded by the case-law holding that the pending proceeding precludes discovery through a Fed. R. Bankr. P. 2004 examination only where the proposed examiner and examinee are parties to a pending proceeding and discovery in that proceeding must be conducted under the Federal Rules of Civil Procedure or the analogous part VII rules of the Federal Rules of Bankruptcy Procedure. *Compare In re SunEdison*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) ("The Debtors are not parties to the State Court Action, and hence, the rule does not apply to them."); *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) ("The possibility that JPM may intervene in

2

the DC Action is not a sufficient reason to deny the Debtors' Motion at this time. The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties. JPM has not cited any authority for the proposition that a Rule 2004 examination of an entity is improper when a proceeding is pending in another venue against a third party and there is a 'substantial likelihood' that the examinee may intervene.") (internal citations omitted); *In re Ecam Publications, Inc.*, 131 B.R. 556, 560–61 (Bankr. S.D.N.Y 1991) (allowing 2004 examination by trustee of parties, against whom the trustee had bought but not yet brought claims) *with In re Martelli*, Nos. 16-20983-PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (applying pending proceeding rule to non-parties to that proceeding because the material was sought by a party to the proceeding and was related to the proceeding); *In re Enron Corp.*, 281 B.R. 836, 838 (Bankr. S.D.N.Y. 2002) (applying pending proceeding rule to a non-party to that proceeding because "no party disputes that the automatic discovery stay of the [Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B)] applies to McKinsey."); *cf. In re Cambridge Analytica, LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) (unclear who was the target of the 2004 examination); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (applying pending proceeding rule where discovery was sought by a party to the proceeding against a third-party defendant to that proceeding); *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) (applying pending proceeding doctrine a party to the proceeding was seeking discovery against another party to that proceeding.) The Greenwich Parties have not identified or established any relevant pending proceedings, in which Bento and the Trustees are parties. Therefore, the Greenwich Objection is overruled.

*The Debtor Objection*

With respect to the Debtor's first objection, the Debtor objects that the proposed subpoena is overbroad under Fed. R. Bankr. P. 2004(b) to the extent it seeks information the Debtor posits is unrelated to (i) the acts, conduct, or property; (ii) the liabilities of the Debtor; (iii) any matter which may affect the administration of the Debtor's estate; or (iv) the Debtor's right to discharge.  The Trustee argues that the Debtor has no standing to object to the scope of the subpoena targeting Nodal and that the subpoena is reasonable under the specific facts and circumstances of this case and Fed. R. Bankr. P. 2004.

"To have standing, '[a] plaintiff must [1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief.'" *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1091 (2d Cir. 1995) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014)) (modifications in the original).  "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The relevant jurisdictional facts must be "clearly alleged." *Warth v. Seldin*, 422 U.S. 490, 490 (1972), which is a lower pleading standard than required for pleading the merits of a cause of action.  *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018); *Toretto v. Donnelley Fin. Solutions, Inc.*, 523 F. Supp. 3d 464 (S.D.N.Y. 2021); *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 156 (S.D.N.Y. 2018).  A court may resolve disputed jurisdictional facts by reference to evidence outside the pleadings.  *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991), *reaff'd by* 999 F.2d 33 (2d Cir. 1993).

In the Chapter 7 context, the Second Circuit has held that it is "well-established that a Chapter 7 debtor . . . has standing to object . . . only if there could be a surplus after all creditors' claims are paid." *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th Street Equities, Inc.)*, 218 F.3d 109, 115 (2d Cir. 2000); *see Cole v. Rescia*, Case No. 3:21-cv-01130-MPS, 2022 WL 4536830, at *4–5 (D. Conn. Sept. 28, 2022). The Court concludes that this principle also applies in Chapter 11 cases in which a Trustee is appointed. In the Chapter 11 context, the Second Circuit has held that standing in bankruptcy case requires a party be "directly and adversely affected pecuniarily." *Licensing by Paolo, Inc. v. Sinatra ex rel. Gucci (In re Gucci)*, 126 F.3d 380 (2d Cir. 1997); 7 COLLIER ON BANKRUPTCY ¶ 1109.01[3] (16th ed. 2022). Hence, "[i]n a chapter 7 case, or a chapter 11 case in which the debtor is not in possession and there is no possibility of a surplus being returned to the debtor, the debtor usually has no pecuniary interest in the outcome of claims objections and thus no standing to object to claims." 4 COLLIER ON BANKRUPTCY ¶ 502.02[2][c]. This is because the appointment of a Chapter 11 trustee divests a Chapter 11 debtor of a bankruptcy trustee's powers and duties. *Kraus-Thomson Org., Ltd. v. McCorhill Publ'g, Inc. (In re McCorhill Publ'g, Inc.)*, 89 B.R. 393, 396 (S.D.N.Y. 1988). Nevertheless, a debtor-out-of-possession "has a pecuniary interest in the equity of the estate if all the creditors can be paid in full, or if each class of impaired claims accepts [a] plan in accordance with 11 U.S.C. § 1129(a)(8)(A), so that the debtor may retain an equity interest." *McCorhill Publ'g*, 89 B.R. at 396.

The Motion seeks 2004 examinations in furtherance of the Trustee's pursuit of his duties. While the Debtor owes his estate, the Trustee, and this Court different duties and obligations, *see, e.g.*, 11 U.S.C. § 541, he is no longer a debtor-in-possession under 11 U.S.C. § 1107 with a trustee's rights and duties. The Debtor, moreover, lacks a pecuniary interest in the estate. In his

Schedules, the Debtor asserts he has $3,850 in assets, no income, and no expectation of a change in his income. (ECF No. 78.) The Debtor lists in his Schedules that he has $373,803,498.09 in non-priority unsecured debt. (*Id.*) The Debtor has not, at this time, sufficiently established that there is a reasonable possibility of a surplus in this case. For both of these reasons, on the instant facts, the Debtor lacks standing to object to the Trustee's 2004 examination of third parties. The Court does not, therefore, consider the Debtor's objection regarding the scope of the proposed examination and request for production of documents pursuant to Fed. R. Bankr. P. 2004(b). Furthermore, under D. Conn. L. Bankr. R. 2004-1(c)(3), Nodal may still object to any subpoena served upon it pursuant to this Order despite failing to object to the Motion, including on the grounds that such subpoena is overly broad. The Debtor's concern that this issue will slip past Court review is misplaced. The Debtor's objection as to the scope of the proposed 2004 examination of Nodal is overruled.

      With respect to the Debtor's second objection, the Debtor objects that the Debtor must be given notice of the time, date, and place of any and all 2004 examinations under applicable procedural rules. The Trustee argues that the Trustee's position is compliant with Fed. R. Civ. P. 45 and D. Conn. L. Bankr. R. 2004-1(c).

      The Debtor reads into Fed. R. Civ. P. 45(a)(4) that parties other than the subpoena target must be given advance notice of the date and time of the target's deposition. Rule 45(a)(4) does not say that. Rather, Fed. R. Civ. P. 45(a)(4) says that if a subpoena seeks "production of documents, electronically stored information, or tangible things or the inspection of premises before trial," then "a notice and a copy of the subpoena must be served on each party." The Trustee has done so: the proposed subpoenas are attached to the Motion. Similarly, the Debtor reads into D. Conn. L. Bankr. R. 2004-1(c) language that is not present. D. Conn. L. Bankr. R.

2004-1(b) provides that parties may pursue a 2004 examination without a motion and/or subpoena pursuant to mutual agreement. Where there is such an agreement, D. Conn. L. Bankr. R. 2004-1(b)(1) requires that the relevant parties must provide notice to certain parties as to, *inter alia*, the date, time, and place of the proposed examination. No analogous language exists in D. Conn. L. Bankr. R. 2004-1(c). Moreover, this absence is not mistaken. Where, as here, a party files a motion for 2004 examination – and properly serves the motion – the relevant parties receive notice of the proposed 2004 examination. Therefore, the Debtor's objection as to the notice procedures is overruled. As discussed at the hearing, however, the Court encourages the parties to reach an agreement relating to the interplay of 2004 examinations and the Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information. (ECF No. 856.)

    Accordingly, it is hereby

    **ORDERED:** The Objections are **OVERRULED**. The Motion is **GRANTED**; it is further

    **ORDERED:** Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign subpoenas in a form substantially similar to the subpoenas attached to the Motion as Exhibits C-1 to C-8 and to serve the subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the examinees listed on Exhibit B to the Motion; it is further

    **ORDERED:** Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the examinees are hereby directed to produce all documents within 30 days of the service of the subpoena, or such other time as agreed upon by the Trustee. To the extent an examinee does not produce any documents requested in the Subpoena on the basis of some

privilege, the examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee; and it is further

**ORDERED:** The examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or these Chapter 11 cases, are properly maintained, are available for production, inspection and copying, and are not destroyed; it is further

**ORDERED:** Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any examinee listed on Exhibit B to the Motion by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Montheith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated at Bridgeport, Connecticut this 7th day of June, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut