**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                            :

In re:                      :    Chapter 11

                        :

HO WAN KWOK, *et al.*,[1]    :    Case No. 22-50073 (JAM)

                        :

         Debtors.        :    (Jointly Administered)

                        :

------------------------------------------------------x

**EMERGENCY MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER,
PURSUANT TO BANKRUPTCY RULES 9014(c) AND 9016, QUASHING SUBPOENAS
AND CONFIRMING THAT HK PARTIES ARE NOT ENTITLED TO DISCOVERY IN
CONNECTION WITH TRUSTEE'S LADY MAY SALE MOTION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and

through his undersigned counsel, hereby respectfully moves (the "Motion to Quash"), under Rules

9014(c) and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for

entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the

"Proposed Order"), (a) quashing the Subpoenas (defined below) directed to the Trustee and to the

Trustee's broker, by Mei Guo and Hong Kong International Funds Investments (USA) Limited,

LLC ("HK USA" and, together with Mei Guo, the "HK Parties") in connection with the Trustee's

*Motion, Pursuant to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(C),*

*and 9014, and Local Rules 6004-1 and 6004 2, Seeking Entry Of Order: (I) Authorizing and*

*Approving Sale of the Lady May Free and Clear Of Liens, Claims, Interests, and Encumbrances,*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*(II) Authorizing and Approving Purchase and Sale Agreement, and (III) Granting Related Relief* [Docket No. 1858] (the "Sale Motion"), and (b) confirming that the HK Parties are not entitled to any discovery in connection with the Sale Motion.  In support of the Motion to Quash, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.     On June 14 and 16, 2023, the HK Parties emailed the Trustee's counsel subpoenas demanding depositions and document productions "in connection with the Lady May Sale" from the Trustee[2] and the Trustee's broker.[3]  The dates for the proposed depositions are June 20 and 21, respectively.  Because the HK Parties lack standing to be heard on the Sale Motion, they have no authority to issue the Subpoenas, and the Subpoenas should be quashed.

2.     The HK Parties were previously participants in this chapter 11 case based on HK USA's purported ownership interest in the Lady May.  On March 27, 2023, however, the Court entered its order granting the Trustee's motion for summary judgment declaring that the Lady May is property of the estate, thus paving the way for its sale (the "Lady May SJ Order").[4]  The Lady May SJ Order was effective immediately by its terms, and the HK Parties have not obtained a stay pending appeal—in fact, the HK Parties ***did not even move for a stay pending appeal of the Lady May SJ order until today,*** nearly three months after its entry.  The Trustee intends to oppose the stay motion, including on the grounds that it is untimely.

3.     In addition, neither of the HK Parties has asserted a proof of claim against the chapter 11 estate.  Because the HK Parties have no ownership interest in the Lady May, and

---

[2]     A true and accurate copy of the HK Parties' subpoena directed to the Trustee (the "Trustee Subpoena") is attached hereto as **Exhibit B**.

[3]     A true and accurate copy of the HK Parties' subpoena (the "Broker Subpoena" and, together with the Trustee Subpoena, collectively, the "Subpoenas") directed to Dirk Johnson ("Mr. Johnson"), a sales broker with Edmiston and Company Limited (the "Broker"), is attached hereto as **Exhibit C.**

[4]     The Lady May SJ Order appears at docket number 172 in Adv. Proceeding No. 22-05003.

because they are not otherwise creditors or parties in interest in this case, they lack standing to be heard on the Sale Motion and may not seek discovery with respect to that motion.

4.      HK USA separately lacks authority to issue the Subpoenas in light of the Court's May 18, 2023 summary judgment decision declaring that the Debtor owns and controls HK USA as his alter ego (the "Alter Ego SJ Order").  The Alter Ego SJ Order, which has not been stayed and thus is immediately effective, explicitly provides that HK USA "is and was at all relevant times the alter ego of" the Debtor and that all of HK USA's property interests belong to the estate.[5] Because the Trustee has stepped into the shoes of the Debtor, the Trustee now controls HK USA, and neither Mei Guo nor anyone else has authority to act on its behalf.

5.      The Trustee's counsel raised these issues by email with counsel for the HK Parties, who responded by refusing to withdraw the Subpoenas and inviting the Trustee to file this Motion to Quash.[6]  That the Trustee is yet again needing to litigate against the Debtor's family members who seem determined to interfere with the Trustee's work is frustrating to say the least. Accordingly, not only should the Motion to Quash be granted, but the Trustee reserves all rights to seek reimbursement for his fees and expenses in filing the motion.  For the avoidance of doubt, the Trustee will not be appearing at the noticed deposition on June 20, 2023 and, to the extent necessary, requests a stay of such noticed deposition pending resolution of this motion.[7]

---

[5]    Alter Ego SJ Order, at 36.

[6]    *See* Email exchange between Sam Della Fara and Nicholas Bassett, attached hereto as **Exhibit D**.

[7]    The HK Parties have been aware of the timing of the filing of the Sale Motion and its hearing at least since their counsel attended a status conference regarding the sale on May 31, 2023 [Docket No. 1838].  (*See also* ¶ 16 *infra*.)  The HK Parties then waited more than two weeks to issue the Subpoenas, which purport to schedule depositions on two- and three-business-days' notice.  By failing to seek discovery promptly, the HK Parties necessitated the filing of this Motion to Quash on an emergency basis.

## JURISDICTION, VENUE, AND STATUTORY BASIS

6.        The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b).

7.        Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.        The basis for the relief sought by this Motion is Bankruptcy Rules 9014(c) and 9016 (incorporating Federal Rule of Civil Procedure 45).

## BACKGROUND

**Procedural Background**

9.        On February 15, 2022, the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Bankruptcy Code.

10.        On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors in the Debtor's chapter 11 case   No examiner has been appointed.

11.        On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

12.        On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

**Relevant Proceedings Concerning HK USA and Lady May**

13.        On March 27, 2023, the Court entered the Lady May SJ Order [Docket No. 172 in Adv. Proc. No. 22-5003], finding, among other things, that the Lady May is property of the

Debtor's estate.[8]  On April 10, 2023, the HK Parties filed a notice of appeal from the Lady May SJ Order [Docket 197 in Adv. Proc. No. 22-5003].  On June 19, 2023, nearly three months later, the HK Parties filed a motion for stay of the Lady May SJ Order pending appeal.

14.    On April 18, 2023, the Trustee filed his application [Docket No. 1675] (the "Broker Retention Application") to retain the Broker as broker for the sale of the Lady May (as well as the Lady May II).  On April 27, 2023, the Court entered an order [Docket No. 1717] (the "Broker Retention Order") granting the Broker Retention Application.

15.    On May 18, 2023, the Court entered the Alter Ego SJ Order [Docket No. 221 in Adv. Proc. No. 22-5003] finding, among other things, that HK USA is and was at all relevant times the Debtor's alter ego, and that all of its property is property of the Debtor's estate.  The HK Parties filed a notice of appeal [Docket No. 224 in Adv. Proc. No. 22-5003] and moved for a stay pending appeal, which the Trustee has opposed [Docket Nos. 227, 235 in Adv. Proc. No. 22-5003].  As the Court noted at a hearing on the HK Parties' motion for stay on June 13, 2023, there is presently no stay in effect with respect to the Alter Ego SJ Order.

16.    Prior to the filing of the Sale Motion, on May 23, 2023, and May 31, 2023, the Court held status conferences concerning the marketing and anticipated sale of the Lady May.  At the May 31, 2023 status conference, the Trustee discussed the selection of a successful buyer for the Lady May, subject to the Court's consideration of a motion approving the sale, and the buyer's condition to close the sale by the end of June.

---

[8]    On March 31, 2023, the Court entered the Amendment to Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Partial Summary Judgment [Docket No. 182 in Adv. Proc. No. 22-5003] to also include a finding that the Lady May II is property of the Debtor's estate.

17.     On June 2, 2023, the Trustee filed the Sale Motion, which motion is pending before the Court.  A hearing has been scheduled on the Sale Motion to begin on June 27, 2023, and to continue (if necessary) on June 28, 2023 [Docket No. 1859].

## ARGUMENT

### A.     HK Parties Lack Standing Because They Have Not Obtained Stays of Court's Summary Judgment Orders and are Not Parties In Interest

18.     Neither HK Party is a creditor of the Debtor's estate or otherwise a party in interest who has legally cognizable interests in this chapter 11 case.  Section 1109(b) of the Bankruptcy Code defines "party in interest" to include the debtor, any trustee, creditors, and any official committees.  11 U.S.C. § 1109(b).  Although this list of persons is not exhaustive, the law is clear that "party in interest" status is limited to those persons who have "a direct financial stake in the [particular] proceeding in which [they] seek[] to be heard."  *In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895 (JLG), 2018 WL 6824074, at *3 (Bankr. S.D.N.Y. Dec. 27, 2018).

19.     The HK Parties have no stake in the sale of the Lady May.  They are not creditors who stand to benefit from the estate's receipt of the sale proceeds, nor do they have any other interest in the outcome of the sale.  Accordingly, they have no right to be heard.

20.     HK USA may contend it has standing because it is appealing the Lady May SJ Order, but that argument fails because HK USA has not obtained a stay pending appeal.  The law is settled that holder of a disallowed claim lacks standing to be heard because disallowance constitutes a judicial determination that the holder has no right to payment—contingent or otherwise—from a debtor's estate.  *See In re Kreisler Group, Inc.*, 648 F.2d 86, 88 (2d Cir. 1981) ("We think that with respect to these and Seventh Avenue's other objections to the confirmation of the plan of arrangement, Seventh Avenue now has no standing to object, in view of the valid determination that it is not a creditor.").

21.     Here, the Court has already entered the Lady May SJ Order and the Alter Ego SJ

Order, overruling the only bases on which HK USA has ever claimed a stake in this chapter 11

case.  These orders were effective immediately by their terms and are final notwithstanding HK

USA's appeals.  *See In re Bicoastal Corp.*, 146 B.R. 492, 494 (Bankr. M.D. Fla. 1992) ("Since the

last controlling Order entered by this Court is one which disallowed the claims of California and

Mathews and there is no stay granted pending appeal, neither California nor Mathews have at this

time an allowed claim and, therefore, they do not have a right to vote. The fact that the Order of

Disallowance is challenged on appeal is of no moment because no stay pending appeal was sought

or obtained.").  Unless and until HK USA prevails on its appeal of the Lady May SJ Order, it has

no standing to be heard and no ability to issue a subpoena relating to the Sale Motion.[9]

**B.      HK USA Lacks Authority to Serve Subpoenas**

22.     In addition to not being a party in interest under section 1109(b) of the Bankruptcy

Code, HK USA lacks the ability to serve a subpoena (or take any other unilateral action) in light

of the Alter Ego SJ Order.  Pursuant to that order, the Court found and ordered that HK USA "is

and was at all relevant times the alter ego of" the Debtor, based on, among other things, the

Debtor's exclusive control of HK USA.[10]  The Court further held that all of HK USA's property

---

[9]     Even if the pending appeal would somehow provide HK USA standing to oppose the Sale Motion (which it does not), it could not provide Mei Guo standing.  Mei Guo is one step further removed in that she is the purported nominal member of HK USA, meaning her interest (if any) in the Lady May is derivative of HK USA's.  Only parties who hold a direct interest in a bankruptcy estate are parties in interest with standing to be heard.  *See Southern Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997) ("A creditor, under the Code, is one who has a claim *against the debtor* or the estate. The concept does not, according to the Second Circuit, encompass a creditor of one of the debtor's creditors." (emphasis in original); *Heller v. Emanuel (In re Emanuel),* 450 B.R. 1, 7-8 (S.D.N.Y. 2011) (creditor of creditor lacked standing to assert his own interest in the bankruptcy estate); *In re Lifeco Inv. Grp., Inc.*, 173 B.R. 478, 487 (Bankr. D. Del. 1994) ("I find no statutory or judicial support to conclude that a creditor of a creditor has standing in a bankruptcy case. Indeed, numerous cases state the contrary."); *see also In re Greene Ave. Restoration II Corp.*, 597 B.R. 202, 217 n. 14 (Bankr. E.D.N.Y. 2019) ("An entity that does not hold a financial stake in the case is generally excluded from the definition of 'party in interest.'") (citing *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849–50 (Bankr. S.D.N.Y. 1989)).

[10]    Alter Ego SJ Order, at 36.

is now property of the estate.[11]  Given this decision, other than actions that may be necessary to cause compliance with the Alter Ego SJ Order, only the Trustee—and not HK USA or Mei Guo or anyone else—has the ability to direct HK USA's actions and control its property.  Accordingly, HK USA has no authority to issue the Subpoenas.

23.     The HK Parties claimed in email correspondence that the Alter Ego SJ Order merely rendered HK USA liable for the debts of the Debtor and transferred HK USA's assets into the estate.  The Alter Ego SJ Order did not, they maintain, "deem the [Debtor and HK USA] the same."[12]  This argument is both wrong and misses the point.

24.     As an initial matter, the Court did hold in its SJ Alter Ego Order that the Debtor and HK USA are one and the same.  Indeed, it is for precisely this reason the Court found that the Stipulated Delivery Order (as defined in the Alter Ego SJ Order) was void *ab initio* on the grounds that it constituted a contract entered into by one party (the Debtor) with itself (HK USA).[13]

25.     Moreover, even if some distinction continues as to the Debtor and HK USA, the Alter Ego SJ Order unquestionably prohibits HK USA from serving the Subpoenas.  The order clearly provides on its face that all property of HK USA is property of the estate under the exclusive control of the Trustee.  Under the Bankruptcy Code, property of the estate includes legal rights in litigation.  *In re Keener*, No. AP 14-09061, 2015 WL 1777446, at *4 (Bankr. N.D. Iowa Apr. 16, 2015), *amended*, No. AP 14-09061, 2015 WL 5118691 (Bankr. N.D. Iowa Aug. 28, 2015) ("Property of the estate includes all of debtor's legal rights"); *In re Atl. Gulf Communities Corp.*, 326 B.R. 294, 299 (Bankr. D. Del. 2005) ("litigation rights are property of the estate").  HK USA,

---

[11]   *Id.*

[12]   *See* Ex. D.

[13]   *See* Alter Ego SJ Order at 30-31.

therefore, has no ability to exercise legal rights in litigation, including the issuance of subpoenas, without the Trustee's permission, and any attempt by it to do so violates the automatic stay.[14]

26.    For all of these reasons, neither HK USA nor Mei Guo has standing or authority to issue the Subpoena.  The Trustee, therefore, respectfully requests that it be quashed.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the Court should grant this Motion to Quash, enter the Proposed Order quashing the Subpoenas and ordering that neither the Mei Guo, her counsel, nor HK USA's purported counsel, are permitted to serve discovery in connection with the Sale Motion, and order such other and further relief as the Court deems just and proper.

*[The rest of this page is intentionally blank.]*

---

[14]    To the extent that the Court does not quash the Subpoenas and/or permits any discovery on the Sale Motion, the Trustee reserves all rights and bases to challenge any discovery sought for any and all additional reasons not specifically stated herein, including, without limitation, the irrelevance, ambiguity, and over-breadth of particular requests or the extent to which particular requests or areas of inquiry seek to invade the attorney-client privilege or other applicable privileges and protections.

Dated:   June 19, 2023          LUC A. DESPINS,
         New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

        *and*

    Nicholas A. Bassett *(admitted pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

        *and*

    Avram E. Luft *(admitted pro hac vice)*
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
: 
In re:                                                      :        Chapter 11
                                                              :
HO WAN KWOK, *et al.*,[1]                   :        Case No. 22-50073 (JAM)
                                                              :
                        Debtors.                      :        (Jointly Administered)
                                                              :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 19, 2023, the foregoing Motion to Quash, and all exhibits and attachments thereto, was electronically filed.  Notice of this filing will sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or, on June 20, 2023, by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated:      June 19, 2023
                 New Haven, Connecticut

                                                    By: */s/ Patrick R. Linsey*
                                                           Patrick R. Linsey (ct29437)
                                                           NEUBERT, PEPE & MONTEITH, P.C.
                                                           195 Church Street, 13th Floor
                                                           New Haven, Connecticut 06510
                                                           (203) 781-2847
                                                           plinsey@npmlaw.com

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
              Debtors.                                 :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**EMERGENCY MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER,**
**PURSUANT TO BANKRUPTCY RULES 9014(c) AND 9016, QUASHING SUBPOENAS**
**AND CONFIRMING THAT HK PARTIES ARE NOT ENTITLED TO DISCOVERY IN**
**CONNECTION WITH TRUSTEE'S LADY MAY SALE MOTION**

Upon the motion (the "Motion to Quash")[2] of Mr. Luc A. Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), for the entry of an order (this "Order"), pursuant to Rules 9014(c) and 9016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) quashing the Subpoenas

directed to the Trustee and the Trustee's broker in connection with the Trustee's *Motion, Pursuant*

*to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(C), and 9014, and Local*

*Rules 6004-1 and 6004 2, Seeking Entry Of Order: (I) Authorizing and Approving Sale of the Lady*

*May Free and Clear Of Liens, Claims, Interests, and Encumbrances, (II) Authorizing and*

*Approving Purchase and Sale Agreement, and (III) Granting Related Relief* [Docket No. 1858]

(the "Sale Motion"), and (b) confirming that the HK Parties are not entitled to any discovery in

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
        LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
        for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
        Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
        of notices and communications).

[2]     Capitalized terms used but not defined herein shall having the meanings set forth in the Motion.

connection with the Sale Motion; and this Court having jurisdiction to consider the Motion to Quash and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion to Quash and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Quash is in the best interest of the Estate, its creditors, and all parties-in-interest; and due and sufficient notice of the Motion to Quash having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion to Quash is granted as set forth herein.

2.      The Subpoenas are hereby QUASHED.

3.      The HK Parties are not entitled to, and shall not, serve subpoenas or any other requests for discovery on the Trustee, Mr. Johnson or the Broker, or on any other party in connection with the Sale Motion.

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

5.      The Trustee may, at his discretion, file a supplemental motion requesting that the Court award the Trustee his fees and costs incurred in connection with the Motion to Quash and require payment of same by Mei Guo.  All of the Trustee's rights in this respect are reserved.

# **EXHIBIT B**

**Subpoena of Trustee**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Connecticut_____

In re _____Ho Wan Kwok, et al._____
                    Debtor

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff
                    v.
_____
                    Defendant

Case No. ___22-50073 (JAM)___

Chapter _____11_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Luc A. Despins, Chapter 11 Trustee_____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   Chiesa Shahinian & Giantomasi PC | DATE AND TIME |
|---|---|
| 11 Times Square, 34th Floor<br>New York, NY 10036 | June 20, 2023 at 11:00 a.m. |

The deposition will be recorded by this method:

Court reporter/stenographer

[X] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Schedule of Documents.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___June 14, 2023___

CLERK OF COURT

                                                      OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*
                                                      Sam Della Fera, Jr.

The name, address, email address, and telephone number of the attorney representing *(name of party)* Mei Guo and HK International Funds Investments (USA) Limited, LLC , who issues or requests this subpoena, are: Sam Della Fera, Jr., Esq. - Chiesa Shahinian &

Giantomasi PC, 105 Eisenhower Parkway, Roseland, NJ 07068. Phone: (973) 530-2076; E-mail: sdellafera@csglaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
　…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE OF DOCUMENTS

1.  Any and all documents evidencing any and all communications between you (and/or Paul Hastings LLP) and Edmiston and Company Limited ("Edmiston"), the broker for the sale of the Lady May.

2.  Any and all documents evidencing communications between you (and/or Paul Hastings LLP) and any potential bidders for the Lady May.

3.  Any and all marketing materials relating to Edmiston's marketing campaign to advertise and sell the Lady May.

4.  Any and all communications between you (and/or Paul Hastings LLP) and the Initial Bidders (as that term is defined in Declaration of Dirk Johnson in Support of Trustee's Motion to Sell the Lady May [Doc No. 1858] ("Declaration of Dirk Johnson").

5.  Any and all documents evidencing communications between you (and/or Paul Hastings LLP) and the Second Round Bidders (as that term is defined in paragraph 15 of the Declaration of Dirk Johnson).

6.  Any and all documents evidencing communications between you (and/or Paul Hastings LLP) and the Buyer (as that term is defined in paragraph 2 of the Declaration of Dirk Johnson), regarding the Lady May.

7.  A copy of any and all appraisals of the Lady May obtained by you (and/or Paul Hastings LLP) or in your possession (or possession of Paul Hastings LLP).

## EXHIBIT C

**Subpoena of Broker**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Connecticut___

In re    Ho Wan Kwok, et al.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   22-50073 (JAM)

Chapter   11

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No.   _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Dirk Johnson - Edmiston and Company Limited, 2 Marina Plaza, Newport, RI 02840
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE   Chiesa Shahinian & Giantomasi PC<br>11 Times Square<br>New York, NY 10036 | DATE AND TIME<br>June 21, 2023 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:
Court reporter/stenographer

☒ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Schedule of Documents

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   June 14, 2023

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Sam Della Fera, Jr.

The name, address, email address, and telephone number of the attorney representing *(name of party)* Mei Guo and HK International Funds Investments (USA) Limited, LLC , who issues or requests this subpoena, are:  Sam Della Fera, Jr., Esq. - Chiesa Shahinian & Giantomasi PC, 105 Eisenhower Parkway, Roseland, NJ 07068.  Phone:  (973) 530-2076; E-mail:  sdellafera@csglaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
 …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>SCHEDULE OF DOCUMENTS</u>

1.   Any and all documents evidencing communications between Edmiston and Company Limited ("Edmiston") and Luc A. Despins, Chapter 11 Trustee for Debtors, Ho Wan Kwok, *et al.* (the "Trustee"), regarding the sale of the Lady May.

2.   Any and all documents and marketing materials referenced in the Declaration of Dirk Johnson in Support of Trustee's Motion to Sell the Lady May [Doc No. 1858] ("Declaration of Dirk Johnson") that were used in Edmiston's marketing campaign to advertise and sell the Lady May.

3.   Any and all documents and marketing materials described and/or mentioned in paragraphs 6-10, including the documents and marketing materials referenced in footnotes 4-5, of the Declaration of Dirk Johnson.

4.   A copy of the five formal offers from the Initial Bidders mentioned in paragraph 11 of the Declaration of Dirk Johnson.

5.   Any and all documents evidencing communications between Edmiston and the Initial Bidders, regarding the Lady May.

6.   Any and all communications and documents referenced in paragraph 13 of the Declaration of Dirk Johnson between Edmiston and the Initial Bidders, as well as to the other parties that expressed interest in the Lady May.

7.   Any and all documents evidencing communications between Edmiston and the Second Round Bidders (as that term is defined in paragraph 15 of the Declaration of Dirk Johnson), regarding the Lady May.

8.   Any and all documents evidencing communications between Edmiston and the Buyer (as that term is defined in paragraph 2 of the Declaration of Dirk Johnson), regarding the Lady May.

## **EXHIBIT D**

**Email Exchange between HK Parties' Counsel and Trustee's Counsel**

**Sutton, Ezra**

| | |
|---|---|
| **From:** | Bassett, Nicholas <nicholasbassett@paulhastings.com> |
| **Sent:** | Friday, June 16, 2023 3:09 PM |
| **To:** | Della Fera, Sam |
| **Cc:** | Luft, Avi E.; Vartan, Lee; Wernick, Melissa F.; Stephen Kindseth; Aaron A. Romney (aromney@zeislaw.com); Patrick Linsey |
| **Subject:** | Re:  In re Kwok - Trustee Deposition Subpoena |
| **Attachments:** | image001.png; image002.png |

**◉ External email ❯**

**◉ Discusses sensitive information ❯**

**◉ Contains topics of a financial nature ❯**

Caution: External Email. Verify you know the sender before clicking a Link.

Sam, we are planning to move to quash.

Thanks.

Nick Bassett, Partner
Paul Hastings LLP
2050 M St., N.W.
Washington, DC 20036
202.551.1902<tel:202.551.1902>

On Jun 15, 2023, at 11:36 AM, Della Fera, Sam <sdellafera@csglaw.com> wrote:

--- External Email ---
Nick:

You are of course free to move to quash the subpoena for whatever reasons you deem appropriate.  As to the standing issue, the Court's decision to which you refer, which is not a final order, clearly noted the distinction between the trustee's claims in his Second and Third Counterclaims.  The alter ego relief sought in the Second Counterclaim, and granted by the court, merely "render[ed] one entity [i.e., HK USA] liable for the debts of another individual or entity [i.e., the Debtor,] … [t]hus accomplishing the transfer of [HK USA's] assets into the bankruptcy estate."  See also RS Air, LLC, et al v. NetJets Aviation, Inc., et al. (In re RS Air), BAP No. NC-23-1008-FSG at 13 n.5 (9th Cir. BAP June 2, 2023) ("Although the alter ego doctrine requires a showing that the two entities 'operated as a single economic entity,' Official Unsecured Creditors' Comm. of Broadstripe, LLC v. Highland Cap. Mgmt., L.P. (In re Broadstripe, LLC), 444 B.R. 51, 102 (Bankr. D. Del. 2010), the result is not to deem the entities the same, but to hold one liable for the other's debts, see Blair v. Infineon Techs. AG, 720 F. Supp. 2d 462, 469 (D. Del. 2010) [parenthetical omitted])."

Judge Manning expressly did not grant in her decision, and has not otherwise granted, to the trustee any beneficial or other ownership of HK USA, as sought in the Third Counterclaim.  Furthermore, Mei Guo remains HK USA's sole principal, and we submit that, if necessary, she has standing on that basis.

Sam

From: Bassett, Nicholas <nicholasbassett@paulhastings.com>
Sent: Wednesday, June 14, 2023 5:58 PM
To: Della Fera, Sam <sdellafera@csglaw.com>; Luft, Avi E. <aviluft@paulhastings.com>
Cc: Vartan, Lee <lvartan@csglaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Stephen Kindseth
<skindseth@zeislaw.com>; Aaron A. Romney (aromney@zeislaw.com) <aromney@zeislaw.com>
Subject: RE: In re Kwok - Trustee Deposition Subpoena


* External Message *
Sam,

I noticed you served this as purported counsel to both HK USA and Mei Guo.  Given the Court's alter ego decision, you
have no authority to act in this manner on HK USA's behalf and any attempt to do so is a violation of the Court's order.

As to Ms. Guo, please explain how she standing to be heard (and therefore serve discovery) on the motion.

Thanks,
Nick


_____

<https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.paulhastings.com%2F&data=05%7C01%7
Cnicholasbassett%40paulhastings.com%7C4ae62ee979aa42a286c908db6db650d6%7C04ffe8f5879440a685011ab59ab5
d0c7%7C1%7C0%7C638224402033553945%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiL
CJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=FNYb%2F3B8WWRVYhiCSZwScP%2FfOgD9ZGuZMZUzo
n3Zo9M%3D&reserved=0>
<image001.png>

Nick Bassett | Partner | Financial Restructuring Group
Paul Hastings LLP | 2050 M Street NW, Washington, DC 20036 | Direct: +1.202.551.1902 | Main: +1.202.551.1700 | Fax:
+1.202.551.0402 | nicholasbassett@paulhastings.com<mailto:nicholasbassett@paulhastings.com> |
www.paulhastings.com<https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.paulhastings.com
%2F&data=05%7C01%7Cnicholasbassett%40paulhastings.com%7C4ae62ee979aa42a286c908db6db650d6%7C04ffe8f58
79440a685011ab59ab5d0c7%7C1%7C0%7C638224402033553945%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAw
MDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=FNYb%2F3B8WWRVYhiCSZwSc
P%2FfOgD9ZGuZMZUzon3Zo9M%3D&reserved=0>


From: Della Fera, Sam <sdellafera@csglaw.com<mailto:sdellafera@csglaw.com>>
Sent: Wednesday, June 14, 2023 5:17 PM
To: Bassett, Nicholas <nicholasbassett@paulhastings.com<mailto:nicholasbassett@paulhastings.com>>; Luft, Avi E.
<aviluft@paulhastings.com<mailto:aviluft@paulhastings.com>>
Cc: Vartan, Lee <lvartan@csglaw.com<mailto:lvartan@csglaw.com>>; Wernick, Melissa F.
<mwernick@csglaw.com<mailto:mwernick@csglaw.com>>; Stephen Kindseth
<skindseth@zeislaw.com<mailto:skindseth@zeislaw.com>>; Aaron A. Romney
(aromney@zeislaw.com<mailto:aromney@zeislaw.com>) <aromney@zeislaw.com<mailto:aromney@zeislaw.com>>

Subject: [EXT] In re Kwok - Trustee Deposition Subpoena


--- External Email ---


Nick/Avi:

I have attached for service a subpoena for Luc's deposition as trustee in connection with the sale of the Lady May.  The deposition is noticed for Tuesday, June 20, 2023, at 11:00 a.m., in our New York office.  Please confirm that you accept service of the subpoena.  If you would like to discuss the deposition date and/or location, please let me know.

Sam

<https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fcsglaw.com%2F&data=05%7C01%7Cnicholasba ssett%40paulhastings.com%7C4ae62ee979aa42a286c908db6db650d6%7C04ffe8f5879440a685011ab59ab5d0c7%7C1% 7C0%7C638224402033553945%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1ha WwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=yP%2BQm%2FM1nRA5BNyMG0VQXo5DqJ5EdWDmJCUvrQPeVv8% 3D&reserved=0>
<image002.png>




SAM DELLA FERA, JR.

Chair, Bankruptcy & Creditors' Rights
Chiesa Shahinian & Giantomasi PC

O 973.530.2076
sdellafera@csglaw.com<mailto:sdellafera@csglaw.com>
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com<https://nam12.safelinks.protection.outlook.com/?url=http%3A%2F%2Fcsglaw.com%2F&data=05%7C01%7 Cnicholasbassett%40paulhastings.com%7C4ae62ee979aa42a286c908db6db650d6%7C04ffe8f5879440a685011ab59ab5 d0c7%7C1%7C0%7C638224402033553945%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiL CJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=yP%2BQm%2FM1nRA5BNyMG0VQXo5DqJ5EdWDmJC UvrQPeVv8%3D&reserved=0> |
LinkedIn<https://nam12.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.linkedin.com%2Fcompany%2Fch iesa-shahinian-%26-giantomasi-
pc%2F&data=05%7C01%7Cnicholasbassett%40paulhastings.com%7C4ae62ee979aa42a286c908db6db650d6%7C04ffe8f 5879440a685011ab59ab5d0c7%7C1%7C0%7C638224402033553945%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjA wMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=RtMzqrzGKG3FO6Zi2R5XEa% 2BYGBkU9htVxtacs4P6Oeo%3D&reserved=0>


_____

Please Note: The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

Thank you.

_____

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE<https://nam12.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.paulhastings.com%2Fglobal-privacy-statement&data=05%7C01%7Cnicholasbassett%40paulhastings.com%7C4ae62ee979aa42a286c908db6db650d6%7C04ffe8f5879440a685011ab59ab5d0c7%7C1%7C0%7C638224402033553945%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&sdata=27fYMxeSHEsqYc1jNc592riG19G61DHT9mIrzN%2FzgR4%3D&reserved=0>. If you have any questions, please contact Privacy@paulhastings.com<mailto:privacy@paulhastings.com>.


*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address.  For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.