**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 (JAM) |
| | : Jointly Administered |
| Debtor.[1] | : |
| | : |
| | : |

**FEE APPLICATION COVER SHEET**

First Interim/~~Final~~ Fee application of:    Pullman & Comley, LLC

Time Period:  From:  March 29, 2022        To:    April 30, 2023

Bankruptcy Petition Filed:    February 15, 2022

Date of Entry of Retention Order:    April 29, 2022 effective as of March 29, 2022

**Amount Requested**                              **Reductions**

Fees:        $504,742.50          Voluntary Fee Reductions:    $0

Expenses:    $709.53              Expenses:      $0

Total:       $505,452.03

**Retainer Request:**                             **Expense Detail:**

Retainer Received         __N/A___     Retainer Received          ___N/A_____
Prior award applied       __N/A___     Prior award applied        ___N/A_____
Balance before this request __N/A___   Balance before this request ___N/A_____
                                       Copies per page cost and total ___N/A_____

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**Hours and Rates per professional:**

| Hours | Rate | Rate Amount | Professional |
|---|---|---|---|
| 487.9 | Rate | $565/$580* | Irve J. Goldman |
| 420.5 | Rate | $425/$440* | Jonathan A. Kaplan |
| 14.8 | Rate | $435 | Steven J. Stafstrom |
| 67.5 | Rate | $575 | Kristin B. Mayhew |
| 2.4 | Rate | $300 | Cynhia R. Arndt |
| .4 | Rate | $590 | David P. Atkins |
| 2.0 | Rate | $285 | Boris Greenspun |
| .8 | Rate | $510 | Marcy Tench Stoval |

* Adjusted as of November 1, 2022.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor. | : |
| | : |
| | : |

**FIRST INTERIM APPLICATION OF PULLMAN & COMLEY, LLC, CONNECTICUT COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MARCH 29, 2022 THROUGH APRIL 30, 2019**

| | |
|---|---|
| **Name of Applicant:** | Pullman & Comley, LLC |
| **Authorized to provide professional services to:** | The Official Committee of Unsecured Creditors |
| **Date of Retention:** | April 29, 2022 effective as of March 29, 2022 |
| **Period for which compensation and reimbursement is sought:** | March 29, 2022 through April 30, 2022 |
| **Amount of Compensation sought as actual, reasonable and necessary:** | $504,742.50 |
| **Amount of Expense Reimbursement sought as actual, reasonable and necessary:** | $709.53 |
| **Voluntary Reductions:** | $0.00 |

This is a(n):  ☑ Interim    ☐ Final application

**PRIOR APPLICATION HISTORY**

| Application | Date Filed | Period Covered | Requested | | Monthly Statements | | Certificate of No Objection / Signed Order |
|---|---|---|---|---|---|---|---|
| | | | Fees 100% | Expenses | Fees 80% | Expenses | |
| | | | | | | | |

**SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM MARCH 29, 2022 THROUGH APRIL 30, 2022**

| Timekeeper Name | Year Admitted | Title/Department | Hours Worked | Rate | Bill Amount |
|---|---|---|---|---|---|
| Arndt, Cynthia R. | N/A | Paralegal | 2.4 | $300 | $720.00 |
| Atkins, David P. | 1984 | Partner/Litigation | .4 | $590 | $236.00 |
| Goldman, Irve J. | 1989 | Partner/Litigation and Bankruptcy | 487.9 | $565/$580* | $275,795.00 |
| Greenspun, Boris | N/A | Paralegal | 2.0 | $285 | $570.00 |
| Kaplan, Jonathan A. | 2005 | Partner/Litigation and Bankruptcy | 420.5 | $425/$450* | $180,635.50 |
| Mayhew, Kristin B. | 1999 | Partner/Litigation and Bankruptcy | 67.50 | $575 | $38,812.00 |
| Stafstrom, Steven J. | 2008 | Partner/Litigation | 14.8 | $435 | $6,438.00 |
| Tench Stoval, Marcy | 1993 | Counsel/Litigation | .8 | $510 | $408.00 |
| **TOTAL ALL TIMEKEEPERS** | | | | | **$504,742.50** |
| | | | | **Attorney Blended Rate** | **$473.77** |

* Rate adjusted as of November 1, 2022.

**SUMMARY OF COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF MARCH 29, 2022 THROUGH APRIL 30, 2022**

| Task Number | Task Description | Hours | Total |
|---|---|---|---|
| 1 | Case Administration | 570.8 | 285,370.50 |
| 2 | Meetings and Communication with Creditors | 7.9 | 4,253.50 |
| 3 | Fee/Employment Applications | 70.5 | 37,172.50 |
| 4 | DIP Financing | 37.9 | 19,635.50 |
| 5 | Asset Analysis and Recovery | 156.2 | 79,901.00 |
| 6 | PAX Motion to Dismiss or Appointment of Trustee | 150.5 | 77,024.50 |
| 7 | Plan & Disclosure Statement | 2.4 | 1,300.00 |
| | **Total Fees Rendered This Statement** | | **$504,742.50** |

**EXPENSE SUMMARY FOR THE PERIOD OF
MARCH 29, 2022 THROUGH APRIL 30, 2022**

| | |
|---|---:|
| Express Mail | $140.25 |
| External Phone Charges | 16.29 |
| Travel and related expenses | 513.74 |
| Business Lunch | 8.00 |
| Certificate of Good Standing | 31.25 |
| **Total Disbursements** | **$709.53** |

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**FIRST INTERIM APPLICATION OF PULLMAN & COMLEY,
LLC, AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD FROM
<u>MARCH 29, 2022 THROUGH APRIL 30, 2023</u>**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, Pullman & Comley, LLC ("<u>P&C</u>"), as counsel to the Official Committee of Unsecured Creditors in the Debtor's Chapter 11 Case (the "<u>Committee</u>"), appointed in the chapter 11 case of the Debtor, Ho Wan Kwok (the "<u>Debtor</u>"), submits its first interim application (the "<u>Application</u>") for allowance of compensation and reimbursement of expenses for the period of March 29, 2022 through April 30, 2023 (the "<u>Fee Period</u>").  By this Application, P&C seeks an interim allowance of compensation in the amount of $504,742.00 and expense reimbursement in the amount of $709.53.  In support of this Application, P&C respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**BACKGROUND**

1. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, thereby commencing this Chapter 11 case (the "Chapter 11 Case").

2. The Debtor remained a debtor in possession under sections 1101(1) and 1106(a) until a chapter 11 trustee, Luc A. Despins (the "Trustee"), was appointed by the United States trustee ("UST") on July 7, 2022 and approved by the Court on July 8, 2022.

3. On March 21, 2022, the UST appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

4. Shortly after its appointment, the Committee selected P&C as its counsel and on April 5, 2022, filed its Application to Employ Pullman & Comley, LLC as Counsel to the Official Committee of Unsecured Creditors.

5. On April 29, 2022, the Court entered the *Order Authorizing Retention and Employment of Pullman & Comley, LLC as Counsel for the Official Committee of Unsecured Creditors*, which was made effective as of March 29, 2022 ("Retention Order"). The Retention Order authorizes P&C to be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court and any Order entered by this Court with respect to the compensation of professionals.

6. Through the Application, P&C seeks allowance of compensation for professional services rendered for and on behalf of the Committee during the Fee Period. A detailed description of services rendered during the Fee Period in the form of P&C's monthly invoices, which also contain the disbursements it incurred in connection with the rendition of P&C's services, is annexed hereto as Exhibit "A".

**BRIEF CASE HISTORY**

7.  The Debtor commenced the Chapter 11 Case one day before the date by which he was ordered to pay a $134,000,000 contempt fine (the "Contempt Order") to Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") in the action, PAX v. Kwok, Index No. 652077/2017, pending in New York Supreme Court (the "New York Action").

8.  Give the long-standing and acrimonious litigation history between PAX and the Debtor, on March 1, 2022 PAX promptly moved for relief from the automatic stay to return to the New York Action for purposes of enforcing the Contempt Order (the "PAX Lift Stay Motion").

9.  On March 19, 2022, the UST filed a Motion for Order Directing Appointment of an Examiner, or in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee ("UST 1104 Motion").

10. On April 6, 2022, PAX filed a Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for Order Directing the Appointment of a Chapter 11 Trustee ("PAX Motion to Dismiss").

11. While the UST 1104 Motion and PAX Motion to Dismiss remained pending, the PAX Lift Stay Motion was resolved by a Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver That Certain Yacht, The "Lady May," entered on April 29, 2022.  The focus of the Chapter 11 Case then turned to whether it should be dismissed, which was the principal form of relief requested in the PAX Motion to Dismiss, or converted, or whether a Chapter 11 trustee should be appointed.  The Committee was the principal party opposing the PAX Motion to Dismiss, which was scheduled for an evidentiary hearing on May 25, 2022.

12.     Prior to and while pretrial proceedings relating to the PAX Motion to Dismiss were proceeding, the parties and the Court were dealing with a number of early case motions filed by the Debtor and opposed by the Committee or other parties in interest, in whole or in part, including (i) applications to retain Brown Rudnick LLP as Debtor's counsel, Verdolino & Lowey, P.C. as Debtor's financial advisor, and Stretto, Inc. as its claims and noticing agent (all filed on March 16, 2022), (ii) Debtor's for Entry of an Order Authorizing (I) Employment and Payment of Professionals Utilized in the Ordinary Course, (II) Payment of Prepetition Claims, and (III) Granting Related Relief, filed on March 22, 2022 (the "OCP Motion"), and (iii) Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief, filed on March 22, 2022 (the "DIP Motion"), which proposed an $8 million unsecured, subordinated loan to the estate, $4 million of which would be dedicated to payment of professional fees of the Committee and/or and examiner to conduct an investigation into the Debtor's assets and financial affairs.

12.     While the Committee was able to negotiate further concessions from the proposed DIP lender, Golden Spring (New York) Ltd. ("Golden Spring"), including preservation of alter ego claims against Golden Spring notwithstanding its proposed financing, the Court was having reservations with the proposed loan and was proceeding incrementally by requiring fee budgets from the parties for more defined periods of time and scheduled a hearing on the DIP Motion and other matters, including the applications to retain Brown Rudnick and Verdolino & Lowey, for April 27, 2022.  At that hearing, the DIP Motion was continued for hearing on May 4, 2022, after which the Court took the matter under advisement.

13. On May 11, 2022, however, before the Court could issue its decision on the DIP Motion, the Debtor filed a Consent to the Dismissal of the Chapter 11 Case and a Notice of Withdrawal of the DIP Motion.

14. The Committee vigorously opposed the PAX Motion to Dismiss, which was the subject of an evidentiary hearing on May 25, 2022 after substantial briefing by the parties, exchange of trial exhibits and other pretrial proceedings. On June 15, 2022, the Court issued its Memorandum of Decision and Order Denying Motion to Dismiss Without Prejudice and Granting Joinder to Motion for Appointment of Chapter 11 Trustee.

13. On July 7, 2022, the UST appointed the Trustee as the chapter 11 trustee of the Debtor's estate and his appointment was approved by the Court on July 8, 2022.

14. Litigation almost immediately ensued by the Debtor's filing of an objection to the Trustee's appointment, a motion for relief from the order appointing the Trustee, and an objection to the Trustee's application to retain his firm, Paul Hastings LLP, as his counsel. All of these attempts by the Debtor to oust the Trustee[2] and prevent his retention of counsel were denied by the Court by orders entered on August 2, 2022.

15. Since the Trustee's appointment, the Committee has taken a supportive role in the administration of the Chapter 11 Case, consulting with the Trustee as necessary in the administration of the Chapter 11 Case, 11 U.S.C. § 1103(a)(1), and serving a "watchdog" function. *See e.g. In re Commercial Mortgage and Finance Co.*, 414 B.R. 389, 400 (Bankr. N.D. Ill. 2009) (recognizing that "creditor committees often serve a 'watchdog' function").

## SUMMARY OF SERVICES BY PROJECT CATEGORY

16. The services rendered by P&C during the Fee Period are itemized as set forth in Exhibit "A" and summarized by project category as follows:

---

[2] The Debtor later filed a motion to remove the Trustee on December 30, 2022, which was opposed by the Committee and, of course, the Trustee, and was withdrawn by the Debtor on April 5, 2023.

- 5 -

      A.      <u>Case Administration</u>:      Fees: $285,455.00      Hours: 570.80

      17.      Among the myriad services performed by the Committee in this project category were: (i) convening the first and additional Committee meetings throughout the Chapter 11 Case to discuss case issues and strategies and otherwise communicating with the Committee to keep it abreast of case developments, (ii) preparing Committee bylaws, (iii) reviewing and analyzing the Debtor's schedules and statements and attending the first and continued section 341 meetings, (iii) attending and propounding questions at the deposition of Yvette Wang, (iv) reviewing the Debtor's early case motions as identified in ¶11 hereof and preparing and filing objections or positions statements in response thereto, (v) preparing for and attending the initial hearings on April 13, 2023 on PAX's Lift Stay Motion, the UST 1104 Motion and other motions and applications of the Debtor, (vi) negotiating and finalizing a stipulation for the extension of the section 523(c) deadline for filing nondischargeability complaints, (vii) interviewing and giving consideration to potential candidates for chapter 11 trustee, (viii) conducting periodic discussions with counsel for PAX and the Debtor and continued communications with the Committee concerning a possible global resolution of the Chapter 11 Case and, in connection therewith, researching and otherwise obtaining information from creditors' attorneys and other sources on the unsecured claims pool in the Chapter 11 Case, (ix) reviewing the Debtor's Rule 9024 motion to reconsider the appointment of the Trustee (the "<u>9024 Motion</u>"), conducting research and preparing an objection thereto, (x) reviewing and preparing responsive papers to Brown Rudnick's motion to withdraw, (xi) reviewing the Trustee's Motion for Order Confirming That Chapter 11 Trustee Holds All of Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities; Authorizing Chapter 11 Trustee to Act in Any Foreign Country on Behalf of Estate; and Granting Related Relief ("<u>Corporate Rights Motion</u>"), and Debtor's objection thereto, (xii) preparing for and attending the August 1, 2022 hearings on matters

identified in (ix), (x) and (xi) above, (xiii) preparing for and attending the continued hearing on the Trustee's Corporate Rights Motion and the hearing on the Debtor's motion for stay pending appeal of the denial of his Rule 9024 Motion, (xiv) reviewing and providing input on competing orders on the Corporate Rights Motion, (xv) considering and discussing with Trustee's counsel a section 105(a) injunction against securities fraud actions against nondebtors believed to be affiliated with the Debtor, (xvi) review of and engage in discussions and negotiations with counsel concerning HK International Funds Investments (USA) Limited, LLC's ("HK USA") Motion for Order Establishing a Repair Reserve for the Lady May (the "Repair Reserve Motion"), and PAX's objection thereto, preparation of the Committee's joinder in the PAX objection, attend the status conference on the Repair Reserve Motion and discussions with counsel for PAX and HK USA to reach a Consent Order resolving the Repair Reserve Motion, (xvii) review of and support Trustee's Motion for Order Providing that Control of Privileges Passed to Trustee Upon Appointment, and for Related Relief (the "Privilege Motion"), consider and weigh in on competing orders submitted on the Privilege Motion and attend the hearing to resolve the competing orders, (xviii) review of the Motion of Chapter 11 Trustee for Entry of Order Holding Debtor in Civil Contempt for Failure to Comply with Corporate Governance Rights Order, the Trustee's motion to authorize production from Brown Rudnick and Verdolino & Lowey, the Trustee's adversary proceeding against Bravo Luck Limited and Qiang Guo to determine the Sherry Netherland apartment property of the estate and for related relief, and the Trustee's motion for joint administration in anticipation of the transfer of the Chapter 11 case of Genever Holdings LLC to this Court, and attend the hearing on the motions, (xix) review of Trustee motion to compel compliance with Rule 2004 subpoenas against the Debtor, HK USA and other related persons and entities and attend the hearing thereon, (xx) review of the Trustee's motion for a bar order, provided comments and attended the hearing on the motion, (xxi) review

of the papers and attend the hearings held in the injunctive proceedings commenced to enjoin the Debtor's campaign of harassment against the Trustee, his law firm and PAX and its counsel's law firm and certain of its attorneys, and related motions and applications of PAX and the Trustee for contempt and to compel compliance with the Court's preliminary injunction, (xxii) review of and conduct discussions with counsel for the parties involved relating to HK's motion to modify the repair reserve, (xxiii) review of, conduct legal research on, and prepare an objection to, the Debtor's motion to remove the Trustee, (xxiv) prepare for, communicate with the Committee on, and engage in mediation sessions conducted by Judge Tancredi, (xxv) finalize a common interest agreement with the Trustee, (xxvi) attend the proceedings on the continued involvement of Epiq as claims agent, (xxvii) review the motions and other papers and attend the hearings on March 7, 2023 relating to important case administration matters, (xxviii) review of the SEC complaint and federal indictment against the Debtor, (xxix) review of the Trustee's motion to hire the Yachtzoo crew, enter into a dock and insurance agreement and expend monies from the repair reserve therefor, review of the Trustee's application to employ a yacht broker and to move the Lady May to Newport, RI and attend the hearings thereon.

      B.    <u>Communications with Creditors</u>[3]    Fees: $4,253.50    Hours: 7.90

18.    Services within this project category included telephone conferences with members of the Committee and other creditors concerning case issues, strategy, and creditor claims, and email communications and Zoom meetings with the Committee regarding the outcome of hearings, the appointment of and process of selecting a trustee, the status of Lady May and attempts at a global settlement of the Chapter 11 case.

      C.    <u>Fee and Employment Applications</u>    Fees: $37,172.50    Hours: 70.50

---

[3] Most of the time entries which included communications with creditors and the Committee are contained within the project category, Case Administration.

19.     Services included within this project category included: (i) identifying and interviewing prospective professionals for the Committee, (ii) preparing retention applications for the employment of professionals for the Committee, which were P&C as counsel, Dundon Advisors as financial advisors and Gregory Coleman as special fraud investigator, addressing potential conflicts of P&C and other retention issues identified by the UST and resolving them, and attending the hearings on the applications, (iii) preparing objections to the retention application of the Brown Rudnick, the OCP Motion and the Debtor's application to retain a claim agent and attending the hearings on the objected to applications and motion, (iii) attending the deposition of Craig Jalbert of Verdolino and Lowey at the offices of O'Melveny & Myers and propounding questions at the deposition, and (iv) reviewing and addressing the Debtor's interim compensation procedures motion.

D.      DIP Motion           Fees: $19,635.50      Hours: 37.90

20.     Services in this project category included: (i) reviewing the DIP Motion, identifying objectionable provisions and drafting an objection to the DIP Motion, (ii) reviewing the Debtor's responses to the Committee objection and other objections to the DIP Motion, (iii) reviewing the hearing exhibits for the hearing on the DIP Motion and preparing for the initial hearing on April 27, 2022, (iv) preparing for the contested hearing on the DIP Motion, conducting settlement negotiations with Debtor's counsel and Golden Spring's counsel and working out an interim DIP order, and attending the May 4, 2022 hearing on the DIP Motion. Shortly after the hearing, on May 11, 2022, the Debtor withdrew the DIP Motion and consented to the dismissal of the Chapter 11 Case.

E.      Asset Analysis and Recovery       Fees: $79,901.00   Hours: 156.20

21.     Services in this project category included: (i) reviewing the extensive PAX Lift Stay Motion and preparing the Committee's statement of position on it, which included

researching and citing authorities on the issues of preclusion and the Rooker-Feldman doctrine relative to Judge Ostrager's findings in the New York Action as to ownership of the Lady May, (ii) engaging counsel for HK USA and PAX in discussions concerning the consent order for the delivery of the Lady May to the navigable waters of Connecticut and the related escrow agreement with US Bank, and reaching agreement on terms, (iii) drafting Rule 2004 motions and document requests for persons and entities believed to have knowledge about or to possess assets of the Debtor, including Golden Spring, Lamp Capital, HK USA, Mei Guo, Greenwich Land, the Debtor's spouse, and Gettr, (iv) researching the Debtor's involvement in litigation in state and federal court and his association and connections with various organizations used by the Debtor for raising funds, (v) receiving and reviewing document production from HK USA and Mei Guo, (vi) engaging in discussions and other communications with counsel for HK USA and PAX and the Trustee and his counsel concerning the establishment of a repair reserve for the Lady May and reaching agreement on the terms of a consent order therefor, (vii) reviewing the Trustee's answer and counterclaims to HK USA's adversary proceeding seeking declaratory relief as to the ownership of the Lady May (the "<u>Lady May Adversary Proceeding</u>") and attending the status conferences and hearings held in the Lady May Adversary Proceeding, (viii) reviewing HK USA's motion to modify the repair reserve to pay for operating and maintenance expenses for the Lady May and work out a consensual order for same with counsel for HK USA, the Trustee and PAX, (ix) review of and provide input on the Trustee's motion to extend the sale process for the Debtor's Sherry Netherland apartment, (x) review of and attend the hearing on the Trustee's motion for summary judgment to declare the Lady May property of the estate, (xi) consider and obtain the Committee's position on the Trustee's motion to enter into a yacht maintenance agreement and related agreements for the Lady May, including the retention of a yacht broker, and consider and work out a consent order for conducting and paying for valve service repairs on

the Lady May, (xii) review of the Trustee's papers and opposition papers relative to his motion for summary judgment to declare HK USA the Debtor's alter ego and its assets property of the estate and attend oral argument on the motion, and (xiii) review of and attend the hearings on the Trustee's motion to relocate the Lady May to Newport, RI, motion to approve the settlement with Clark Hill settling the Debtor's malpractice action, and the Trustee's motion for contempt against the Debtor, HK USA and Mei Guo for non-compliance with Rule 2004 subpoenas.

    F.    PAX Motion to Dismiss or for the
Appointment of a Chapter 11 Trustee    Fees: $77,024.50    Hours: 150.50

22.    The services in this project category were directed to determining the fate of the Chapter 11 Case, in terms of whether it would be dismissed as requested by PAX, converted to a Chapter 7 case, or whether the Chapter 11 Case would be retained with the appointment of a Chapter 11 trustee. In summary, P&C's services in this project category consisted of reviewing the PAX Motion to Dismiss and cases cited therein, performing legal research to support the Committee's opposing position, preparing an opposition memorandum to the PAX Motion to Dismiss, engaging in written discovery and attending depositions, preparing witness and exhibit lists and reviewing PAX's witness and exhibit list in preparation for the hearing on the PAX Motion to Dismiss, preparing a supplemental memorandum of law on the alternatives of dismissal, conversion or the appointment of a Chapter 11 trustee, preparing for and attending the May 25, 2022 hearing on the PAX Motion to Dismiss, and reviewing the Court's Memorandum of Decision issued on June 15, 2022.

    G.    Plan and Disclosure Statement    Fees: $1,300.00    Hours: 2.40

23.    The services in this project category consisted of reviewing and preparing an outline of the issues identified with the Debtor's proposed plan of reorganization.

**DISBURSEMENTS**

24. P&C incurred reasonable and necessary out-of-pocket expenses in the sum of $709.53 in connection with rendering legal services to the Committee during the Fee Period. These disbursements consisted of necessary filing fees and were necessary to effectively render legal services in these cases.

**VALUATION OF SERVICES & RELIEF REQUESTED**

25. Attorneys and paraprofessionals employed by P&C have expended a total of 996.3 hours in connection with this matter during the Fee Period detailed below. The nature of the work performed by these persons is fully set forth in the detail attached hereto as Exhibit "A". The hourly rates set forth above were P&C's current hourly rates for work of this nature at the time the services were rendered. The reasonable value of the services rendered by P&C for the Fee Period as counsel to the Committee is $504,742.50.

26. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.

27. This is P&C's first interim application. P&C has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases, and there is no agreement or understanding between P&C and any other person, other than members of P&C, for the sharing of compensation to be received for services rendered in these cases. No prior application has been made to this or any other Court for this Fee Period or for the allowance of fees and disbursements sought herein.

This Application covers the period of March 29, 2022 through April 30, 2023. P&C has and will continue to perform additional necessary services subsequent to April 30, 2023, for which P&C will file subsequent fee applications.

28. Annexed hereto as Exhibit "B", and made part hereof, is a Certification of Irve J. Goldman, Esq, a member of P&C, submitted pursuant to section 504 of the Bankruptcy Code.

**WHEREFORE**, P&C respectfully requests the Court enter an order, substantially in the form attached hereto, providing: (a) that an interim allowance be made to P&C for the period from March 29, 2022 through April 30, 2023 in the amount of (i) $504,742.50 as compensation for necessary professional services rendered, and (ii) $709.53 for actual and necessary expenses incurred, for a total of $505,451.53; (b) that the Trustee be authorized and directed to pay P&C the outstanding amount of such sums; and (c) for such other and further relief as may be just and proper.

Dated: Bridgeport, Connecticut
June 20, 2023

Respectfully submitted,

**PULLMAN & COMLEY, LLC**

*/s/Irve J. Goldman*
Irve J. Goldman, Esq. (ct02404)
850 Main Street, 8th Floor
P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2213
Facsimile: (203) 576-8888
E-mail: jgoldman@pullman.com

*Counsel to the Official Committee of Unsecured Creditors*