# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>June 22, 2023 |

## G CLUB OPERATIONS LLC'S SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION TO COMPEL AND REQUEST FOR RELATED RELIEF

G Club Operations LLC ("**G Club**"), by and through its undersigned counsel, supplements its preliminary objection (the "**Preliminary Objection**") (Docket No. 1846) to the motion filed by Luc A. Despins, in his capacity as the chapter 11 trustee (the "**Trustee**") of the above-captioned debtors (collectively, the "**Debtors**"), seeking to compel G Club to comply ("**Motion to Compel**") (Docket No. 1805), with the Subpoena for a Rule 2004 Examination served on G Club on December 6, 2022 (the "**Subpoena**"). The Subpoena was issued pursuant to 11 U.S.C. § 1109(b), Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Bankruptcy Rule 2004, and Local Bankruptcy Rule 2004-1.

As set forth below, the Motion to Compel is unnecessary as G Club has formally responded to the Subpoena and begun the production of documents, but G Club recognizes that setting a discovery schedule and limiting the scope of the Subpoena is necessary to facilitate a production consistent with applicable law and minimize further disputes. Accordingly, G Club requests that the Motion to Compel be denied, the Subpoena be limited and modified, and it be given 60 days

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

{00321669.4}

to complete the production of documents.

## Preliminary Statement/Update on Production Status

Notwithstanding its good faith efforts to reach an agreement with the Trustee over the scope of the Subpoena, G Club and the Trustee were unable to do so. During this process, G Club's senior management with the ability to direct any production resigned. Aware of this practical impediment to any production, the Trustee nonetheless filed the Motion to Compel. G Club filed its Preliminary Objection on June 1, 2023, and the Court held a hearing on the Motion to Compel on June 6, 2023. On June 9, 2023, the Court issued an order requiring that G Club supplement its preliminary objection by June 22, 2023, and the Trustee respond to the supplement by June 23, 2023. The Court also has scheduled a hearing on the Motion to Compel for June 27, 2023.

Consistent with counsel's representations during the June 6, 2023 hearing, the independent manage of G Club, appointed on June 1, 2023, and his team, have worked diligently with counsel to identify responsive documents and to begin producing documents. As of the date of this filing, G Club has (1) served the Trustee with amended objections and responses to the Rule 2004 Subpoena identifying what it will produce ("**Amended Rule 2004 Subpoena Objections**") (copy attached as Exhibit A) and (2) produced over 300 responsive documents. More documents will be produced as G Club's review of documents continues. Under these circumstances, the Motion to Compel is unnecessary and should be denied.

G Club, however, also respectfully requests that the Court address the following issues to facilitate production and minimize future disputes:

First, the Court should impose a reasonable schedule to finish production and resolve any remaining disputes. G Clubs believes that 60 days to complete production consistent with its

Amended Rule 2004 Subpoena Objections, subject to extension by agreement or Court order, is reasonable, and scheduling a status conference for resolving remaining disputes, if any, shortly thereafter would save judicial resources.

Second, the Court should exercise its discretion to impose limits on the Trustee's document requests so that they are proportional to the issues currently under investigation by the Trustee, as required by the Federal Rules and this Court's Local Rules. The Trustee has asked for every document and communication of G Club regardless of their relationship to the Debtor. The Trustee had refused to narrow any request because his position is that he is entitled to every G Club document as if G Club were a debtor before this Court because the Court pre-approved it. As explained below, however, this assertion that G Club is synonymous with the Debtor is merely an allegation and cannot serve as a premise to exceed the legitimate boundaries of Rule 2004. Accordingly, the Court should limit the Trustee's Subpoena to documents reflecting any relationship, contracts, payments or other financial transactions between G Club and the Debtor, specifically identified members of his family and specifically identified entities and certain limited information about G Club's operations and contracts with third parties consistent with the objections set forth in the Amended Rule 2004 Subpoena Objections, and the Court should specifically exclude from the Subpoena information about G Club's members, their payments, and other identifying information, and requests equivalent to a forensics analysis of G Club.

## **ARGUMENT**

### I.    The Motion to Compel Is Unnecessary

During the hearing on June 6, 2023, counsel represented to the Court that as of June 1, 2023, an independent manager had been appointed, and that the manager was aware that addressing the Subpoena was a priority. Indeed, the independent manager worked with counsel, including

through a holiday weekend, to expedite the initial production of responsive documents. As of the date of this filing, more than 300 documents have been produced in compliance with the ESI protocols demanded by the Trustee.

Since the June 6th hearing, G Club also amended its formal objections to the Subpoena. On June 21, 2023, the Amended Rule 2004 Subpoena Objections were served, and G Club is working on supplemental productions consistent with it. Despite its best efforts, G Club needs sufficient time to finish that production, and proposes that a discovery schedule, rather than an order compelling production, is appropriate at this time.

**II.    The Requests Seek Documents Beyond the Scope of Rule 2004**

As set forth in the Preliminary Objection, Rule 2004 examinations are not limitless. "Rule 2004 examinations . . . may not be used for the purposes of abuse or harassment, and cannot stray into matters not relevant to the basic inquiry." *In re Orion Healthcorp, Inc.*, 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019)) (quotations omitted). They also "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs," *In re Kearney*, 590 B.R. 913, 921 (Bankr. D. N.M. 2018) (*quoting Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985)) (collecting cases), and they must be appropriately tailored to obtain information about the Debtor or administration of the Debtor's case, *see* Fed. R. Bankr. P. 2004(a), and proportional. Local Rule 2004-1(a) ("Proportionality considerations apply to a request for the production of documents or electronically stored information in connection with a FRBP 2004 examination."); *see also In re J&R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010) (where a Rule 2004 examination "goes beyond its purpose as an investigatory device arising out of the needs of the trustee, it should be carefully scrutinized."); *In re Yahweh Center, Inc.* No. 16-04306-6-JNC, 2017 WL 327473, at *2 (Bankr. E.D.N.C. Jan. 23, 2017) ("even if sufficiently related to the debtor or

[his] bankruptcy case…a balancing analysis of the cost and disruptive effect" of a Rule 2004 subpoena "would be in order" when compliance requires "a voluminous document search and production.").

The Subpoena, however, evidences no restraint at all. It seeks *all* financial documents, dealings, and matters of G Club *without limitation to the Debtor*. The Trustee has steadfastly refused any proposed limitations, contending that this Court has allowed discovery this broad, and not proportionately limited, to the Debtor's finances, conduct and affairs. G Club's Preliminary Objection sets forth specific examples of overbreadth and lack of proportionality (ECF No. 1846 at 4-5), which, like the entire Preliminary Objection, is incorporated here by reference.

In its Amended Rule 2004 Subpoena Objections, G Club has agreed to produce documents that are proportional and appropriately tailored for the Trustee to be able to evaluate the relationship between G Club, on the one hand, and the Debtor, the Debtor's Family and Associated Entities, on the other. The requests that go farther, which, by way of example, seek information about all sources of income, every bank account, and all tax records, are not proportional or within the proper bounds of Rule 2004, and in the absence of a compelling showing of need for this additional detail to answer the basic questions about the relationship between G Club, on the one hand, and the Debtor, the Debtor's Family and Associated Entities, on the other, should be eliminated from the Subpoena.

**III.     The Basis for the Subpoena Is an Erroneous Presumption About G Club**

The Trustee tries to justify the overbreadth of the Subpoena on the presumption that G Club does not exist independently of the Debtor. He claims he is entitled to do so based on a Preliminary Injunction Order entered by this Court concerning a harassment campaign between the Debtor and the Trustee. (*See generally* Adv. Pro. 22-05032, ECF No. 128 (the "Adversary Proceeding")).

The Trustee's reliance on the Preliminary Injunction Order, however, is misplaced. There is no basis to conclude that any findings have been made against *G Club*. Significantly (as detailed in the Preliminary Objection):

- The Preliminary Injunction Order demonstrates that, while the Court stated that "[t]he Debtor founded and controls GNews," and that "[t]he Debtor created GFashion," it made no such comment with respect to G Club, (*id*. ¶ 3);

- At most, the Preliminary Injunction Order states that G Club is part of "GSeries" and that GSeries is one of several entities that "serve the purpose of the Debtor" and "serve as business vehicles" for the Debtor, without any evidence that G Club is in fact one of those entities, is synonymous with the Debtor or otherwise under the Debtor's actual or improper control, (*id*. ¶¶ 2, 7);

- The transcripts of the underlying hearing do not reflect any evidence from which to support a finding that the Debtor controls G Club, (Adv. Pro., 22-05032, ECF No. 119); and

- G Club was not a party to the relevant adversary proceeding or served with notice of it or its request for temporary or preliminary injunctive relief.

Any reference contained in the Preliminary Injunction Order implying a control relationship between the Debtor and G Club or that the Debtor and G Club are synonymous, therefore, cannot be a "finding" by which G Club is bound or otherwise is unable to challenge. G Club is not collaterally estopped by any such finding. "Federal principles of collateral estoppel, which we apply to establish the preclusive effect of a prior federal judgment, require that (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and

(4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Ball* v. *A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (cleaned up).  Here, (1) the identical issue advanced by the Trustee that G Club and the Debtor are synonymous was not raised or decided in the context of the Preliminary Injunction, (2) the issue thus was not litigated, (3) G Club was not provided any opportunity to litigate the issue and (4) the issue was not necessary to resolve the question of restraining the social media harassment campaign and there has been no final judgment on the merits.

Principles of *res judicata* similarly do not apply to bind G Club to anything that happened in the Adversary Proceeding for three independent reasons, any one of which bars the application of the principle.  *Hecht* v. *United Collection Bureau, Inc.*, 691 F.3d 218, 221-22 (2d Cir. 2012).  First, *res judicata* applies only to a final judgment on the merits.  *Id.*  It is beyond dispute that a preliminary injunction is not a final judgment on the merits.  Second, only parties can be bound in a subsequent proceeding by a prior final judgment on the merits.  *Id.*  G Club was not a party to the Adversary Proceeding.  Finally, the latter action must assert the same cause of action as the former action.  *Id.*  The Adversary Proceeding does not assert a cause of action that the Debtor and G Club are synonymous.

In sum, reliance on a limited reference in the Preliminary Injunction Order is not sufficient to support a wholesale forensics examination of non-debtor G Club.  Without considered findings after discovery and a fully developed adversarial process, the Trustee presumes the conclusion of his investigation into the relationship between G Club, on the one hand, and the Debtor, the Debtor's Family and Associated Entities, on the other, to demand every piece of information, data and document from G Club.  For now, at least, the Trustee should be limited in that effort to the relationship between G Club, on the one hand, and the Debtor, the Debtor's Family and Associated

Entities, on the other, reserving for another day any right to more information from G Club unrelated to that relationship.

## **CERTIFICATION OF COUNSEL**

On June 21, 2023, the Trustee, through counsel, rejected G Club's request for 60 days to produce documents consistent with the Amended Rule 2004 Subpoena Objections.

## **CONCLUSION**

WHEREFORE, G Club respectfully requests that the Court deny the motion to compel; order the Trustee to modify or otherwise limit the Rule 2004 requests to be consistent with the Amended Rule 2004 Subpoena Objections; order G Club to produce documents consistent with the Amended Rule 2004 Subpoena Objections within 60 days, unless extended by agreement between the Trustee and G Club or Court order; schedule a status conference on the modified Subpoena shortly thereafter; and grant G Club such other relief as is just and proper.

By: */s/ Jeffrey M. Sklarz*
GREEN & SKLARZ LLC
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684)
One Audobon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice*)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorney for G Club Operations LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date:   June 22, 2023                                                            /s/ Jeffrey M. Sklarz