# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

### G CLUB OPERATIONS LLC'S FIRST AMENDED RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 7034 and 9016 of the Federal Rules of Bankruptcy Procedure, and pursuant to the Local Rules of Bankruptcy Procedure for the District of Connecticut (the "**Local Rules**"), non-party G Club Operations LLC ("**G Club**") hereby responds and objects to the Subpoena for Rule 2004 Examination of G Club (the "**Subpoena**") and Requests for Production of Documents (the "**Requests**") issued by Luc Despins, in his capacity as chapter 11 trustee of the above-captioned Debtors' estate (the "**Trustee**"). These responses and objections are an amendment to G Club's initial Responses and Objections to Subpoena to Produce Documents timely served on January 9, 2023. As discovery in this matter is ongoing, G Club reserves the right to further amend, change or supplement its responses. G Club is willing and prepared to meet and confer with the Trustee in an effort to narrow or eliminate these objections.

### G CLUB'S GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

G Club hereby asserts the following General Objections on Scope or Form and Reservation of Rights ("**General Objections**") to the Trustee's Requests, which are incorporated in and made a part of each specific response set forth below. The assertion of the same, similar, or additional objections in the specific response to these Requests does not waive, limit or modify any of G Club's General Objections. G Club has undertaken good-faith and reasonable efforts to explain

the specific factual or legal reasoning for each General Objection and is willing to meet and confer to discuss them.

1.  G Clubs objects to each Request as overbroad, not proportional, unduly burdensome, oppressive, vague and ambiguous, because each Request assumes relation or affiliation with the Debtor and more than 60 identified and unidentified entities with *non-party* G Club.  All the Requests seek documents or information that are not proportional to the needs of the case, at least in part, because the documents or information should be available from others, including entities under the Trustee's control.[1]  *See* Local Rule 2004-1(a). *See* Fed. R. Civ. P. 26(b)(1); (b)(2)(C)(i); (g)(1)(B)(iii); *Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 96 (D. Conn. 2012) (refraining to order broad and costly search because plaintiff failed to show that it "either cannot obtain – or in fact *has not* obtained – ample discovery on the essential of her claim[s]" without subpoenaing a third-party); *Breaking Media, Inc. v. Jowers*, Civ. 1:21-mc-00194-KPF, 2021 WL 1299108, at *5-6 (S.D.N.Y. Apr. 7, 2021) (finding, among other things, that the subpoena was burdensome and respondent failed to establish that it could not reasonably obtain information from other available sources).  The Requests further exceed the scope of Rule 2004.

2.  G Club further objects to each Request as overbroad, not proportional, unduly burdensome, oppressive, vague and ambiguous, because they request a single non-party to produce, for example, ten years of documents (February 5, 2012 – present) from persons and entities that are vaguely and ubiquitously defined (*see* below objections to definitions).  The Trustee includes "Associated Individuals" and "Associated Entities" (including their affiliates)

---

[1] Pursuant to the Court's Order, Pursuant to Bankruptcy Code Sections 363, 521, 541, 1108, and 1505, (A) Confirming that Chapter 11 Trustee Holds all of the Debtor's Economic and Corporate Governance Rights in Debtor-Controlled Entities, (B) Authorizing Chapter 11 Trustee to Act in Any Foreign Country On Behalf Of Estate, (C) Granting Related Relief (Doc. No. 717), the Trustee effectively controls the entities or individuals which presumably would have documents responsive to the Requests.

within the definitions of the "Debtor's Son," "Debtor's Daughter," "Debtor's Purported Wife," and "Debtor's Family," which includes but is not limited to their alleged respective employees, agents, counsel, advisors, or "anyone" acting on their behalf.  The breadth of these definitions renders it impossible to know the persons and entities that the Trustee purports to include within the Requests.  *See* Fed. R. Civ. P. 26(b)(1); (b)(2)(C)(i); Fed. R. Civ. P. 26(g)(1)(B)(iii).

3.      G Club objects to each Request that calls for "all" documents as unduly burdensome and overbroad because requests for "all documents" are inconsistent with G Club's discovery obligations – which are limited by principles of reasonableness and proportionality – and such requests do not align with the mandate of specificity of Rule 34. *See Lutes v. Kawasaki Motors Corp. USA*, Civ. No. 3:10CV1549 (WWE), 2014 WL 718546, at *7-8 (D. Conn. Dec. 16, 2014) ("All documents regarding any warnings, instructions, restrictions, or other limitations related to the hazards of tow line or rope or safe handling or storage issues . . . is overbroad in both substantive and temporal scope . . . ."); *Grigsby & Assocs., Inc. v. Rice Derivative Holdings, L.P.*, No. 00 Civ. 5056 (RO), 2001 WL 1135620, at *4 (S.D.N.Y. Sept. 26, 2001) (plaintiffs' motion to compel production of documents by non-party denied as subpoena contained "non-specific, overbroad production requests").

4.      G Club objects to each Request that calls for identification of documents or information subject to or protected by the attorney-client privilege, the work product doctrine, any other applicable privileges or doctrines limiting discovery, and any applicable law or regulations. G Club does not intend to waive any privileges or claims of confidentiality associated with documents or information that are produced in response to the Subpoena.  *See In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) (the attorney-client privilege "belongs solely to the client, and may only be waived by [the client]. . . .").

5.      G Club objects to each Request insofar as the Requests require G Club to comply with the Subpoena beyond the geographical limits specified in Rule 45(c)(2).

6.      Much of the information sought in the Requests is highly confidential and proprietary and consists of valuable commercial information, trade secrets, or business confidential materials, the disclosure of which would be highly prejudicial to G Club and the value of which cannot be calculated.  G Club objects to each Request that seeks documents or information that are protected as trade secrets by applicable law or include proprietary or confidential commercial information.  To the extent such documents or information are discoverable, production will be made pursuant to the confidentiality provisions of a Confidentiality or Protective Order applicable to this action and acceptable to G Club.  *See Uniroyal Chem. Co. Inc. v. Syngenta Crop. Protection*, 224 F.R.D. 53, 56-58 (D. Conn. 2004) (granting protective order and limiting disclosure of proprietary information to counsel).

7.      G Club objects to each Request to the extent it seeks discovery of information that only tangentially implicates the Debtor without regard to relevance and proportionality.  G Club further objects to each Request that is inconsistent with or enlarges the scope of permissible discovery under applicable law, including, but not limited to, the proportional scope of discovery mandated by the Federal and Local Rules, and the specificity requirements of Rule 34 and mandates of Rule 45(d)(1), made applicable by Fed. R. Bankr. P. 7034 and 9016.

8.      G Club objects to each Request to the extent it seeks documents or information not within G Club's possession, custody, or control.  *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).  G Club also objects to each Request that seeks documents or information not kept by G Club in the ordinary course of business.  *See* Fed. R. Civ. P. 45(e)(1)(A).  G Club has no obligation to create documents or information that do not exist simply for the purposes of discovery. *See, e.g.*, *Boudreau v. Smith*,

Case No. 3:17-cv-589 (SRU), 2020 WL 532321, at 3 (D. Conn. Feb. 3, 2020) (finding that court cannot compel "documents that do not exist."); *A & R Body Specialty and Collision Works, Inc. v. Progressive Cas. Ins. Co.*, Civ. No. 3:07CV929 (WWE), 2014 WL 5859024, at *6 (D. Conn. Nov. 10, 2014) ("As a general rule, non-parties are not required to create documents that do not exist, simply for the purposes of discovery") (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006)).

9.     Any response to a Request that indicates that non-privileged documents will be produced is in no way to be construed as a representation that such documents exist, that the Request seeks Documents and Communications within the scope of Rule 2004, or as an admission of any legal or factual contention contained in any Request.

10.     G Club does not waive or intend to waive, by reason of its Responses and Objections to the Subpoena, its right to:

a)   revise, amend or supplement these Responses and Objections;

b)   object on any ground to the use of documents or information produced in response to the Subpoena for any purpose, in whole or in part, in this or any other proceeding, action, or matter;

c)   object on any ground, at any time, to other discovery procedures or the Subpoena;

d)   object on the grounds of admissibility of any documents or information produced in response to the Subpoena; and

e)   file any appropriate motions with the court.

11.     In addition, to the extent that objections are resolved via a meet and confer, G Club will not produce any documents until a protective order is entered into by the parties and so ordered by the Court.

## OBJECTIONS TO DEFINITIONS

G Club objects to any "definition" that attempts to expand or alter its obligations in responding to discovery pursuant to the Federal Rules of Civil Procedure.

G Club objects to the definition "**You**" or "**Your**" or "**Yourself**" to the extent that it seeks information beyond G Club.

G Club objects to the definition "**Debtor**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee purports to include within the definition because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Debtor' Son**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee purports to include within the definition because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Debtor's Daughter**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee purports to include within the definition because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Debtor's Purported Wife**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee purports to include within the definition because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Debtor's Family**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee

purports to include within the definition because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Associated Individuals**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee purports to include within the definition because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Associated Entities**" because it is vague, overbroad, unduly burdensome, and that it is not possible to know all of the persons and entities that the Trustee purports to include within the definition, including affiliates of the Associated Entities because, among other things, the definition includes vague and ubiquitous qualifiers.

G Club objects to the definition "**Regarding**" because it is vague, overbroad and ambiguous as to the terms "supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with . . . ."

G Club objects to the definition "**Communication(s)**" because it is vague, overbroad and ambiguous as to the phrase "internally or with third parties."

G Club objects to the definition "**Asset(s)**" because it is vague, overbroad and ambiguous as to the phrase "any item that can be used to produce positive economic value."

<u>**OBJECTIONS TO INSTRUCTIONS**</u>

G Club objects to any "instruction" that attempts to expand or alter its obligations in responding to discovery pursuant to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

G Club objects to **Instruction No. 2** as overbroad, disproportionate and burdensome insofar as it seeks all documents in its "possession, custody, or control" or "in the possession, custody, or control of anyone acting on [G Club's] behalf including [G Club's] counsel or other representatives and advisors," and "[e]ach Document shall be produced in its entirety." G Club will only produce, once objections are resolved, either by agreement or a final court order, non-

privileged documents in its possession, custody, or control that can be located after a good faith and reasonable search and with reasonable diligence.

G Club objects to **Instruction No. 6** as overbroad, disproportionate and burdensome insofar as it seeks information beyond that required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure and Local Rules, and because it is not reasonably calculated to lead to the discovery of admissible evidence about documents that are no longer within G Club's custody and control.

G Club objects to **Instruction No. 8** as overbroad, disproportionate and burdensome insofar as it seeks to impose on G Club obligations to identify "each Person who received or saw the original or any draft, copy, or reproduction of the [privileged information]" and "whether [the privileged information] itself, or any information contained or referred to in the [privileged information] is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession."

G Club objects to **Instruction No. 10** as incomplete, disproportionate and overbroad insofar as it seeks supplemental information beyond that required by Rule 26(e) and the Local Rules.

G Club objects to **Instruction No. 12** as overbroad, disproportionate and burdensome insofar as "all references to Entities includes all affiliates thereof" when it is not possible to know all of the entities and affiliates that the Trustee purports to include within the term "Entities."

G Club objects to **Instruction No. 14** as overbroad, disproportionate and burdensome insofar as it seeks information from February 5, 2012 to present, in excess of ten years with no effort to tailor the Requests to be proportional in nature.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

### RESPONSE TO REQUEST NO. 1:

G Club objects to Request No. 1 on each of the grounds stated in its Overarching Objections, Objections to Definitions and Objections to Instructions (collectively, the "**Overarching Objections**"), which are incorporated by reference herein.  G Club further objects that the term "Associated Entity," which refers to G Club itself, among other entities, is overbroad, disproportionate and unduly burdensome.  G Club further objects on the grounds that, upon information and belief, there are ongoing, unresolved disputes regarding what constitutes Assets of the Debtor's estate, and thus the request is vague, insufficiently defined or circumscribed, disproportionate and unduly burdensome requiring G Club to guess whether documents are responsive.

Subject to the foregoing objections, G Club agrees to produce all documents regarding any income paid to, or an Asset of the Debtor.

### REQUEST NO. 2:

All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

### RESPONSE TO REQUEST NO. 2:

G Club objects to Request No. 2 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects to Request No. 2 because it is vague and ambiguous as to the phrases "All Documents related to the Debtor's . . .

obligations to his creditors"; "any efforts to avoid paying such obligations"; "the Debtor's financial condition"; and "any other actual or potential bankruptcy or similar insolvency proceeding."

Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 2, but agrees to produce all documents responsive to Request No. 2.

**REQUEST NO. 3:**

All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

**RESPONSE TO REQUEST NO. 3:**

G Club objects to Request No. 3 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects to Request No. 3 because it is vague and ambiguous to the extent it seeks "all Documents sufficient to show all Transfers to any of the foregoing."  G Club further objects to Request No. 3 insofar as it seeks information that is publicly available.  G Club further objects that the terms "Associated Individual" and "Associated Entity," which refers to G Club itself, among other entities, are overbroad, disproportionate and unduly burdensome.

Subject to the foregoing objections, G Club agrees to produce any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document showing a Transfer relating to the Debtor, the Debtor's Estate, or the Debtor's Family.

**REQUEST NO. 4:**

All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor.

**RESPONSE TO REQUEST NO. 4:**

G Club objects to Request No. 4 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  Subject to the foregoing objections, G Club agrees to produce all documents responsive to Request No. 4.

**REQUEST NO. 5:**

All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

**RESPONSE TO REQUEST NO. 5:**

G Club objects to Request No. 5 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects that the term "Associated Entity," which refers to G Club itself, among other entities, is overbroad, disproportionate and unduly burdensome.

Subject to the foregoing objections, G Club agrees to produce all communications with the Debtor and documents related to communications with the Debtor.

**REQUEST NO. 6:**

All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity.

**RESPONSE TO REQUEST NO. 6:**

G Club objects to Request No. 6 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects to Request No. 6 as overbroad, disproportionate and unduly burdensome.  G Club further objects to Request No. 6 because it is duplicative of Request No. 4 to the extent it seeks documents relating to G Club and

the Debtor's business dealings and transactions made to, by, or with the Debtor.  G Club further objects to Request No. 6 because it is vague and ambiguous as to the meaning of the phrase "other transaction."

Subject to the foregoing objections, G Club agrees to produce all documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor or Debtor's Family or an Associated Entity.

**REQUEST NO. 7:**

All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May*; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

**RESPONSE TO REQUEST NO. 7:**

G Club objects to Request No. 7 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects to Request No. 7 because it is vague and ambiguous as to the phrase "All Documents regarding any property ever occupied or used by the Debtor."

 Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 7, except for a few documents relating to the *Lady May* which G Club will produce.  G Club agrees to produce all documents responsive to Request No. 7.

**REQUEST NO.  8:**

All Documents related to any investments or trading by the Debtor, the Debtor's Family, or an Associated Entity, in or around July 2020, or at any other time, in crude oil futures or any similar commodity, including without limitation Communications with Jiang Yunfu Be regarding any such investments or trading.

**RESPONSE TO REQUEST NO. 8:**

G Club objects to Request No. 8 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 8 as G Club was not created until October 2020, but agrees to produce all documents responsive to Request No. 8.

**REQUEST NO. 9:**

All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

**RESPONSE TO REQUEST NO. 9:**

G Club objects to Request No. 9 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. Subject to the foregoing objections, G Club agrees to produce all documents responsive to Request No. 9.

**REQUEST NO. 10:**

All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

**RESPONSE TO REQUEST NO. 10:**

G Club objects to Request No. 10 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. G Club further objects to Request No. 10 because it is vague, disproportionate, overbroad, and unduly burdensome to the extent that it seeks

"All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities . . . ."  G Club further objects to Request No. 10 because it is vague and ambiguous as to the meaning of the phrase "other transaction."  G Club further objects to Request No. 10 because it is duplicative of Request No. 6.

Subject to the foregoing objections, G Club agrees to produce all documents responsive to Request No. 10.

**REQUEST NO. 11:**

All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

**RESPONSE TO REQUEST NO. 11:**

G Club objects to Request No. 11 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects to Request No. 11 because it is vague, overbroad, disproportionate and unduly burdensome to the extent that it seeks "All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity . . . ."

Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 11, but agrees to produce all documents responsive to Request No. 11.

**REQUEST NO. 12:**

All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

**RESPONSE TO REQUEST NO. 12:**

G Club objects to Request No. 12 on each of the grounds stated in its Overarching
Objections, which are incorporated by reference herein.  G Club further objects to Request No. 12
because it is vague, overbroad, disproportionate and unduly burdensome to the extent that it seeks
"All Documents related to any obligation, claim, liability, or debt associated with any legal dispute
involving the Debtor . . . [including] any litigation before any local, state, federal, or international
body, whether an administrative body, court, panel, or alternative dispute resolution entity."  G
Club further objects to Request No. 12 insofar as it seeks information that is publicly available.

Subject to the foregoing objections, and although its search is still ongoing, G Club does
not believe it has possession, custody, or control of documents responsive to Request No. 12, but
agrees to produce all documents responsive to Request No. 12.

**REQUEST NO. 13:**

All Documents and communications between any of your outside counsel or other advisors
and the Debtor.

**RESPONSE TO REQUEST NO. 13:**

G Club objects to Request No. 13 on each of the grounds stated in its Overarching
Objections, which are incorporated by reference herein.  G Club also objects to Request No. 13
because it is vague, overbroad, disproportionate and unduly burdensome.  G Club further objects
to Request No. 13 because it exceeds the scope of Rule 2004.  G Club further objects to Request
No. 13 because it is duplicative of Request No. 5.

Subject to the foregoing objections, G Club will produce documents responsive to Request
No. 13.

**REQUEST NO. 14:**

Documents sufficient to show all of Your Assets and sources of income or funding.

**RESPONSE TO REQUEST NO. 14:**

G Club objects to Request No. 14 on each of the grounds stated in its Overarching

Objections, which are incorporated by reference herein.  G Club also objects to Request No. 14 because it is overly broad, vague, disproportionate and ambiguous.  G Club also objects to Request No. 14 because it is beyond the scope of a Rule 2004 request to ask all "[d]ocuments 'sufficient to show all Your [non-party G Club's] Assets and sources of income and funding").  G Club further objects to Request No. 14 because it exceeds the scope of Rule 2004.  G Club is amenable to meet and confer to narrow this request.

**REQUEST NO. 15:**

For all Assets identified in response to Request 14 having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor or the Debtor's Family regarding such Asset.

**RESPONSE TO REQUEST NO. 15:**

G Club objects to Request No. 15 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club also objects to Request No. 15 because it is overly broad, disproportionate, vague, ambiguous, and unduly burdensome.  G Club further objects to Request No. 15 to the extent production of "Asset" includes the phrase "any item that can be used to produce positive economic value" and "Communications with the Debtor or the Debtor's Family regarding such Asset" when it is not possible to know all of the persons and entities that the Trustee purports to include within the definitions of "Debtor" or "Debtor's Family."  G Club further objects to Request No. 15 because it exceeds the scope of Rule 2004.

Subject to the foregoing objections, G Club incorporates its response to Request No. 14.

**REQUEST NO. 16:**

Copies of Your tax returns.

**RESPONSE TO REQUEST NO. 16:**

G Club objects to Request No. 16 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.  G Club further objects to Request No. 16

because it is overbroad, disproportionate and unduly burdensome. G Club further objects to Request No. 16 because it exceeds the scope of Rule 2004. G Club is amenable to meet and confer to narrow this request.

**REQUEST NO. 17:**

Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

**RESPONSE TO REQUEST NO. 17:**

G Club objects to Request No. 17 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. G Club further objects to Request No. 17 because it is overbroad, disproportionate and unduly burdensome. G Club further objects to Request No. 17 because it exceeds the scope of Rule 2004. G Club is amenable to meet and confer to narrow this request.

**REQUEST NO. 18:**

All Documents regarding any credit cards used by You, including without limitation monthly statements or other procurements sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

**RESPONSE TO REQUEST NO. 18:**

G Club objects to Request No. 18 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. G Club further objects that the term "Associated Entity," which refers to G Club itself, among other entities, is overbroad, disproportionate and unduly burdensome. G Club further objects to Request No. 18 because it exceeds the scope of Rule 2004.

Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 18, but agrees to produce all documents responsive to Request No. 18.

**REQUEST NO. 19:**

All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

**RESPONSE TO REQUEST NO. 19:**

G Club objects to Request No. 19 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. G Club further objects to Request No. 19 as overbroad, disproportionate and unduly burdensome. G Club further objects to Request No. 19 on the grounds that it is vague and ambiguous as to the phrase "other Documents . . . sufficient to show [its] . . . relationship to the Debtor or to any member of the Debtor's Family."

Subject to the foregoing objections, G Club agrees to produce all documents responsive to Request No. 19.

**REQUEST NO. 20:**

All Documents related to any pledge(s) of Your Assets to any other Entity.

**RESPONSE TO REQUEST NO. 20:**

G Club objects to Request No. 20 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein. G Club further objects to Request No. 20 as neither relevant to, nor discoverable in, the Debtor's chapter 11 case. G Club further objects to Request No. 20 as overbroad, disproportionate and unduly burdensome. G Club further objects to Request No. 20 because it is vague and ambiguous as to the meaning of the term "any pledge(s)" of its assets to any other entity. G Club further objects to Request No. 20 because it exceeds the scope of Rule 2004.

Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 20, but agrees to produce all documents responsive to Request No. 20.

**REQUEST NO. 21:**

All Documents related to Transfer(s) you made in January 2015 to Bravo Luck Limited in the approximate amount of $520 million.

**RESPONSE TO REQUEST NO. 21:**

G Club objects to Request No. 20 on each of the grounds stated in its Overarching Objections, which are incorporated by reference herein.

Subject to the foregoing objections, and although its search is still ongoing, G Club does not believe it has possession, custody, or control of documents responsive to Request No. 21, but agrees to produce all documents responsive to Request No. 21. As previously noted, G Club was created in October 2020.

Dated: June 21, 2023
          New York, New York

By:   _/s/ Carolina A. Fornos_
PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorney for G Club Operations LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2023, I caused a copy of the foregoing to be served via First Class Mail to the addresses listed below. In addition, courtesy copies were sent via email to the email addresses listed below.

Mr. Patrick R. Linsey
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
plinsey@npmlaw.com

Mr. Avram E. Luft
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
aviluft@paulhastings.com

Mr. Jonathon Kosciewicz
Paul Hastings LLP
71 South Wacker Drive Suite 4500
Chicago, IL 60606
jonathonkosciewicz@paulhastings.com

*/s/Carolina A. Fornos*
Carolina A. Fornos