UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

**HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC'S AND MEI GUO'S (A) OBJECTION TO TRUSTEE'S EMERGENCY MOTION FOR ORDER QUASHING SUBPOENAS AND DENYING THEM DISCOVERY IN CONNECTION WITH THE TRUSTEE'S MOTION TO SELL THE LADY MAY ("SALE MOTION"), AND (B) CROSS-MOTION TO ADJOURN THE HEARING ON THE SALE MOTION**

HK International Funds Investments (USA) Limited, LLC ("HK USA") and Mei Guo (together with HK USA, the "HK Parties"), by and through their undersigned counsel, hereby (a) object to the Emergency Motion of Chapter 11 Trustee (the "Trustee") for Entry of Order, Pursuant to Bankruptcy Rules 9014(c) and 9016, Quashing Subpoenas and Confirming that HK Parties Are Not Entitled to Discovery in Connection with Trustee's *Lady May* Sale Motion (the "Motion to Quash"), and (b) cross-move to adjourn the scheduled hearing dates for the Sale Motion (the "Cross-Motion"), and in support thereof, state as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**FACTUAL BACKGROUND**

**The Sale Motion**

1. The Trustee filed his Motion Pursuant to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(c), and 9014, and Local Rules 6604-1 and 6004-2, Seeking Entry of an Order: (i) Authorizing and Approving Sale of the *Lady May* Free and Clear of Liens, Claims, Interests, and Encumbrances; (ii) Authorizing and Approving Purchase and Sale Agreement, and (iii) Granting Related Relief (the "Sale Motion") on June 2, 2023 (Docket No. 1858). The hearing on the Sale Motion is scheduled to commence on June 27, 2023, at noon, and will continue as necessary on June 28, 2023, at 10:00 a.m.[2]

2. By the Sale Motion, the Trustee seeks this Court's approval for the sale of the *Lady May* yacht to Herb Chambers Yachting, LLC, for a downward-revised sale price of $23,150,000. *See* Supplement to the Sale Motion (Docket No. 1913) (the "Sale Motion Supplement"). The list price initially agreed upon between the Trustee and his retained broker for the yacht, Edmiston and Company Limited (the "Broker"), was $26,500,000. Declaration of Dirk Johnson in Support of the Sale Motion (the "Broker's Declaration") at 2, ¶ 4 (*See* Docket No. 1858). No rationale for that list price has been provided by the Trustee or the Broker. Moreover, contrary to Rule 6004-2(b)(4) of this Court's Local Rules, the Trustee has failed to obtain any appraisal or other formal valuation of the *Lady May*.

3. It is undisputed that the Trustee did not obtain advance Court approval of bidding procedures relating to his solicitation of offers to purchase the *Lady May*. Sale Motion at 4, ¶ 6. Instead, the Trustee relies on his broker's "significant marketing" to thousands of potentially

---

[2] The HK Parties have moved before both this Court and the District Court for the District of Connecticut for a stay of the order granting the Trustee judgment and finding that the *Lady May* is property of the individual debtor's estate.

interested parties "[c]onsistent with best industry practices," which resulted in formal offers from only five prospective buyers. Sale Motion at 2-3, ¶¶ 2-3; at 9, ¶¶ 23-24. Of the five bidders, only one, the bidder deemed by the Trustee to have submitted the highest and best offer, has been identified by the Trustee and Broker.

4. During the bidding process unilaterally established by the Trustee, the Trustee countered the five bids he received, each of which was materially below the list price, with a proposed sale price of $23 million. No basis for a counteroffer in that amount has been offered by the Trustee or the Broker.

5. When the Sale Motion was filed, the proposed sale price for the yacht was $24 million. (*See* Docket No. 1858). In the Sale Motion Supplement filed on June 19, 2023, the Trustee disclosed that that sale price is being reduced to $23,150,000 based upon certain undisclosed defects allegedly revealed by a survey of the yacht conducted by the proposed buyer. The Trustee has not made a copy of the survey available.

**The Requested Discovery**

6. On June 14, 2023, nearly two weeks before the scheduled hearing on the Sale Motion, the HK Parties sought basic deposition and document discovery regarding the sale, including with respect to the sale timing, marketing, bidding conditions, and negotiation of price and other terms, from the Trustee and the Broker. Copies of the HK Parties' discovery subpoenas are attached to the Motion to Quash as Exhibits B and C. Attached to each subpoena is a Schedule of Documents to be produced by each of the parties with regard to the sale of the *Lady May*.

7. The subpoenas seek customary information about a sale of a significant asset by a bankruptcy trustee, including copies of communications between and among the Trustee, the Broker, and potential buyers. At their depositions, the HK Parties intend to question the Trustee

and the Broker regarding, among other things, the undisclosed other bidders and bids, the basis for the initial listing price and the Trustee's counteroffer, the timing of the sale, and other information relevant to the reasonableness of the sale process, the buyer's good faith, and the other statutory requisites of 11 U.S.C. § 363.

## ARGUMENT

**Objection to the Motion to Quash**

8. The HK Parties are parties-in-interest who have standing to be heard on the Sale Motion. 11 U.S.C. § 1109(b). The Trustee makes much of the fact that the HK Parties have not filed claims in this case. But neither of them were creditors of the Debtor's estate on the chapter 11 petition date. At that time, HK USA had title to the *Lady May* and Mei Guo was not a guarantor of the $37 million loan obtained months later to establish the *Lady May* escrow. Consequently, neither of the HK Parties held a claim on the petition date that would require (or even allow) them to file a proof of claim. Circumstances have now changed. HK USA has been stripped of its ownership of the *Lady May*, and Ms. Guo faces significant potential liability as the guarantor of the loan that funded the escrow to secure the return of the *Lady May* to Connecticut—because the Trustee now seeks to take control of those funds to pay administrative and other claims. To suggest that the HK Parties have no financial stake in the sale of the *Lady May*—particularly while their appeal of the Court's order determining that the *Lady May* is property of the Debtor's Estate and their motion to stay that order pending appeal are before the District Court— is absurd.

9. It is equally absurd for the Trustee to argue that HK USA "has no ability to exercise legal rights in litigation . . . without the Trustee's permission. . . ." Motion to Quash at 9, ¶ 25. If true, the Trustee's position would preclude HK USA from appealing or otherwise challenging any judicial decision or Trustee action against it. Notwithstanding the Alter Ego SJ Order (as defined

in the Motion to Quash), HK USA has continued to appear on its own behalf in this bankruptcy case and in related adversary proceedings and appeals. The Trustee cannot, and should not be permitted to, deny HK USA its right to do so. Nor should the Trustee be permitted to deny the HK Parties basic information about the circumstances surrounding the marketing and sale of the *Lady May*. To allow the Trustee to withhold that information until the Sale Hearing severely compromises the ability of the HK Parties to prepare therefor.

10. The Trustee misconstrues the effect of the Alter Ego SJ Order. The Court's decision, which is not a final order, nowhere finds that the Debtor and HK USA are "one and the same"—nor could it have in the context of the Trustee's Second Counterclaim, which was the only Counterclaim at issue in the Alter Ego SJ Order. Indeed, the Alter Ego SJ Order clearly recognized the distinction between the Trustee's claims in his Second (alter ego) and Third (beneficial ownership of HK USA) Counterclaims. Alter Ego SJ Order at 25-26.

11. The alter ego relief sought and granted in connection with the Second Counterclaim, in the words of this Court, merely "render[ed] one entity [*i.e.*, HK USA] liable for the debts of another individual or entity [*i.e.*, the Debtor,] … thus accomplish[ing] the transfer of [HK USA's] assets into the bankruptcy estate." *Id*. at 25. *See also RS Air, LLC, et al v. NetJets Aviation, Inc., et al. (In re RS Air)*, BAP No. NC-23-1008-FSG at 13 n.5 (9th Cir. BAP June 2, 2023) ("Although the alter ego doctrine requires a showing that the two entities 'operated as a single economic entity,' *Official Unsecured Creditors' Comm. of Broadstripe, LLC v. Highland Cap. Mgmt., L.P. (In re Broadstripe, LLC)*, 444 B.R. 51, 102 (Bankr. D. Del. 2010), the result is not to deem the entities the same, but to hold one liable for the other's debts, *see Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 469 (D. Del. 2010) [parenthetical omitted])."

12. Contrary to the Trustee's position, this Court has never granted to the Trustee any beneficial or other ownership of HK USA. Simply put, the Trustee does not control HK USA.

**Cross-Motion to Adjourn the Sale Hearing**

13. Because the Trustee has refused to provide the requested discovery to date, the HK Parties submit that the hearing on the Sale Motion should be delayed until the requested discovery is provided.

14. The HK Parties subpoenaed the depositions of the Trustee and the Broker, for the week of June 20, 2023, well in advance of the sale hearing. By way of the subpoenas, the HK Parties seek to conduct limited, customary discovery in advance of the sale hearing to obtain information on the numerous and serious factual issues raised by the Trustee in the Sale Motion.

15. In addition, the District Court has scheduled a status conference for Monday, June 26, 2023, at 4:30 p.m., on the HK Parties' request for a stay of the Court's order granting summary judgment on the Trustee's First Counterclaim, which the HK Parties filed in order to suspend the sale of the *Lady May* pending the HK Parties' appeal. The HK Parties respectfully submit that the Court should wait to schedule the hearing on the Sale Motion until after the District Court's status conference.

16. Furthermore, under the current schedule, this Court will not hear the Motion to Quash until one hour before the hearing on the Sale Motion is scheduled to begin. Thus, the current schedule operates to *de facto* grant the Motion to Quash. If the Motion to Quash is denied, as it should be, the HK Parties should be given a reasonable opportunity to conduct the requested discovery in advance of a rescheduled sale hearing. Therefore, the HK Parties respectfully request that the Court continue the hearing on the Sale Motion until a reasonable time after the Court has ruled on the Motion to Quash.

WHEREFORE, the HK Parties respectfully request that the Court enter an order (1) denying the Motion to Quash; (2) continuing the Sale Hearing until a reasonable time after the District Court's status conference concerning the HK Parties' motion for stay pending appeal of the Court's decision granting summary judgment on the Trustee's First Counterclaim; and (3) granting such further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  June 22, 2023<br>Roseland, New Jersey | */s/ Sam Della Fera, Jr.*<br>Sam Della Fera, Jr. (admitted *pro hac vice*)<br>sdellafera@csglaw.com<br>Lee Vartan (admitted *pro hac vice*)<br>lvartan@csglaw.com<br>Melissa F. Wernick (admitted *pro hac vice*)<br>mwernick@csglaw.com<br>**CHIESA SHAHINIAN & GIANTOMASI PC**<br>105 Eisenhower Parkway<br>Roseland, NJ 07068<br>Telephone: (973) 325-1500<br>Facsimile: (973) 325-1501<br>*Attorneys for Mei Guo and HK International Funds Investments (USA) Limited, LLC*<br><br>and<br><br>Aaron A. Romney (ct28144)<br>aromney@zeislaw.com<br>James M. Moriarty (ct21876)<br>jmoriarty@zeislaw.com<br>**ZEISLER & ZEISLER PC**<br>10 Middle Street, 15th Floor<br>Bridgeport, CT 06604<br>Telephone:  (203) 368-4234<br>Facsimile:  (203) 368-5485<br>*Local Counsel for Mei Guo and HK International Funds Investments (USA) Limited, LLC* |

4858-5796-0812.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: June 22, 2023
Roseland, New Jersey

/s/ Sam Della Fera, Jr.
Sam Della Fera, Jr. (admitted *pro hac vice*)
sdellafera@csglaw.com
Lee Vartan (admitted *pro hac vice*)
lvartan@csglaw.com
Melissa F. Wernick (admitted *pro hac vice*)
mwernick@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
*Attorneys for Mei Guo and HK International Funds Investments (USA) Limited, LLC*

and

Aaron A. Romney (ct28144)
aromney@zeislaw.com
James M. Moriarty (ct21876)
jmoriarty@zeislaw.com
**ZEISLER & ZEISLER PC**
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5485
*Local Counsel for Mei Guo and HK International Funds Investments (USA) Limited, LLC*

4858-5796-0812.v1