**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al*.,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : : : | |
| | : | Adv. Proceeding No. 23-05013 (JAM) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN HOFMEISTER (in his capacity as assignee), | : : : : : : : | |
| Defendants. | : | |

------------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE (I) TO EXPEDITE HEARING ON, AND (II) TO LIMIT SERVICE OF, CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH ASSIGNEE OF HCHK ENTITIES UNDER NEW YORK COURT ASSIGNMENT PROCEEDINGS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), plaintiff in

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the above-captioned adversary proceeding, by and through their undersigned counsel, hereby moves (the "Motion") this Court for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) scheduling an expedited hearing to consider and determine the *Chapter 11 Trustee's Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings* (the "9019 Motion"),[2] and (ii) limiting service of the 9019 Motion to the Notice Parties (as defined below). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code and Rules 2002(a), 2002(i) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On June 8, 2023, the Trustee filed the Complaint, commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). The Complaint seeks declaratory rulings that the HCHK Entities are alter egos of, or such entities and/or their assets are equitably owned by, the Debtor and, in addition, seeking an injunction against any commencement or

---

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

continuation of the Assignment Proceedings. The Trustee also filed, on June 8, 2023, an emergency *ex parte* motion [Adv. Proc. 23-05013, Docket No. 4] (the "TRO Motion") for a temporary restraining order (a "TRO"), and, on June 9, 2023, a supplemental emergency *ex parte* TRO motion related to the Application and IMA with G-News. [Adv. Proc. 23-05013, Docket No. 14].

5. On June 12, 2023, the Court entered its *Order Granting in Part Emergency* Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* [Adv. Proc. 23-05013, Docket No. 18] (the "TRO Order"). Among other things, the TRO Order stated that:

> (i) the Defendants; (ii) the Defendants' officers, agents, servants, employees, and attorneys; and (iii) any person in active concert or participations with the Defendants and/or the Defendants' officers, agents, servants, employees, and attorneys including, without limitation, G-News Operations, LLC ("G-News") and Ms. Irene Feng, are temporarily restrained and enjoined from commencing or continuing the Assignment Proceedings (or any other judicial, administrative, or other actions or proceedings with respect to the HCHK Entities and/or their assets), including the Interim Management Agreement ("IMA") with G-News[3]

6. The TRO Order also set forth a litigation schedule with respect to the TRO Motion, including a deadline of June 23, 2023 for objections and lists of witnesses and exhibits, a deadline of June 24, 2023 for any reply in support of the TRO Motion, and a hearing date of June 26, 2023 with respect to the TRO Motion (the "Preliminary Injunction Hearing").

7. On June 21, 2023, the Trustee filed the *Emergency Motion of Chapter 11 Trustee to Adjourn HCHK Preliminary Injunction Hearing* [Adv. Proc. 23-05013, Docket No. 21] seeking an adjournment of the Preliminary Injunction Hearing and the holding of a status conference on June 27, 2023 (the "June 27 Status Conference") in connection with the TRO Motion and the status of ongoing discussions between the Parties including with regard to the 9019 Motion.

---

[3] TRO Order, at 14-15.

8.  Today, the Trustee filed the 9019 Motion, seeking Court approval of the Settlement Agreement, which seeks to accomplish, among other things, (1) the immediate transfer, on an interim basis and pending the outcome of the Adversary Proceeding, of over $38 million of the HCHK Entities' cash, currently held in accounts controlled by the Assignee, into accounts controlled by the Trustee, and (2) the comprehensive resolution of the open issues between the Parties.

## RELIEF REQUESTED

9.  By this Motion, the Trustee seeks to (I) expedite consideration of the 9019 Motion pursuant to a schedule to be discussed in greater detail with the Court at the June 27 Status Conference, and (II) limit service of the 9019 Motion to (i) the United States Trustee; (ii) the Assignee; (iii) the Debtor; (iv) the official committee of unsecured creditors; (v) the Defendants; (vi) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system; (vii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing; and (viii) through the filing by the Assignee in the New York Court of a notice with respect to the 9019 Motion prepared by the Assignee (the "Settlement Motion Notice") and the service of such notice on the parties listed on the consolidated service list of notice parties related to the Assignment Proceedings prepared by the Assignee, all parties in interest in the Assignment Proceedings, including, but not limited to, the HCHK Entities and all creditors of the HCHK Entities (collectively, the "Assignment Proceedings Notice Parties" and, together with other parties listed in this paragraph, the "Notice Parties"). A copy of the form Settlement Motion Notice is attached hereto as **Exhibit B.**

10.     The Trustee files this Motion with the consent of the Assignee, the HCHK Entities, and Anthony DiBattista.

A.     **Expedited Consideration**

11.     Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown. Cause exists to consider and determine the 9019 Motion upon an expedited basis pursuant to a schedule to be discussed in greater detail with the Court at the June 27 Status Conference. In particular, expedited consideration is warranted given that approval of the 9019 Motion will allow for the Parties to begin implementing the Settlement Agreement, including the Initial HCHK Funds Transfer of the HCHK Funds to the Trustee Accounts and the Assignee's resolution of the issues related to the Assignment Proceedings and the leased premises of the HCHK Entities at the Columbus Circle Offices (and the assets located therein). Importantly, approval of the 9019 Motion will allow the Parties to focus on implementing the Settlement Agreement instead of devoting time and resources (including resources of the chapter 11 estate) to litigating the TRO Motion, Complaint, and other Adversary Proceeding matters. These considerations are all the more acute in light of the significant amount of ongoing contested matters, adversary proceedings and appeals in the case and the estate's need to resolve potential litigation that might consume estate resources such as will be accomplished in connection with the Settlement Agreement—is urgent.

12.     The Trustee respectfully requests that the Court expedite consideration with respect to the 9019 Motion and this Motion (which seeks, in addition to expedited consideration of the 9019 Motion, limitations on service with respect thereto) pursuant to a schedule to be discussed in greater detail at the June 27 Status Conference.

B. **Limited Service**

13.   Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

14.   Pursuant to Bankruptcy Rule 2002(a)(3) notice of a hearing on a compromise or settlement must be given by mail. Moreover, Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3) and (6) of [Rule 2002] may be . . . mailed only to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

15.   As of today, approximately 1,300 claims have been filed in these chapter 11 cases—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). The Trustee submits that it would be unduly burdensome for the estates to serve the 9019 Motion on 1,300 parties. Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates. In fact, it is very unlikely that individual creditors would have any interest in reviewing the 9019 Motion—especially given that (a) several creditors are already active (and have filed notices of appearances) in these chapter 11 cases and (b) an official committee of unsecured creditors has been appointed in the Debtor's chapter 11 case.

16. Based on the foregoing, the Trustee requests that the Court authorize service of the 9019 Motion upon the Notice Parties and approve the form Settlement Motion Notice, attached hereto as **Exhibit B**, to be sent to the Assignment Proceedings Notice Parties.

17. The Trustee submits that the relief sought in this Motion is appropriate in the Chapter 11 Case and is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated:  June 23, 2023  
New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: /s/ *Patrick R. Linsey*  
Douglas S. Skalka (ct00616)  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 781-2847  
dskalka@npmlaw.com  
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(pro hac vice)*  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

*and*

Avram E. Luft *(pro hac vice)*  
Douglass Barron *(pro hac vice)*  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6079  
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
             Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 23-05013 (JAM)
             Plaintiff, :
v. :
:
:
HCHK TECHNOLOGIES, INC., :
HCHK PROPERTY MANAGEMENT, INC., :
LEXINGTON PROPERTY AND STAFFING, INC.,:
HOLY CITY HONG KONG VENTURES, LTD., :
ANTHONY DIBATTISTA, YVETTE WANG, :
and BRIAN HOFMEISTER (in his capacity :
as assignee), :
:
             Defendants. :
------------------------------------------------------------x

**ORDER (I) SCHEDULING EXPEDITED HEARING, AND**
**(II) LIMITING SERVICE OF NOTICE OF CHAPTER 11 TRUSTEE'S MOTION,**
**PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH**
**ASSIGNEE OF HCHK ENTITIES UNDER NEW YORK COURT**
**ASSIGNMENT PROCEEDINGS**

The Court having considered the motion (the "Motion") seeking (I) expedited

consideration of the *Chapter 11 Trustee's Motion, Pursuant to Bankruptcy Rule 9019,*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Regarding Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings* (the "9019 Motion"),[2] and (II) to limit service of the 9019 Motion to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT

    1.    The Motion is granted as set forth herein.

    2.    A hearing on the 9019 Motion shall be held on **June [___], 2023 at [__]:00 [__].m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604.

    3.    The deadline to object to the 9019 Motion shall be **June [___], 2023 at [__]:00 [__].m.**

    4.    The 9019 Motion only needs to be served upon:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

2

     i.     the United States Trustee;

    ii.     the Assignee;

   iii.     the Debtor;

   iv.     the official committee of unsecured creditors;

    v.     the Defendants;

   vi.     all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system;

  vii.     any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing; and

 viii.     the Assignment Proceedings Notice Parties, utilizing the Settlement Motion Notice.

5.     The form of Settlement Motion Notice attached as **Exhibit B** to the Motion is hereby approved.

6.     The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit B**

**Settlement Motion Notice**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
In the Matter of the General Assignment for the
Benefit of Creditors of:

HCHK TECHNOLOGIES, INC.,

                Assignor,

  - to -

BRIAN HOFMEISTER,

                Assignee.

-----------------------------------------------------------------------x

Index No. 510008/2023

## NOTICE OF ASSIGNEE'S SETTLEMENT WITH CHAPTER 11 TRUSTEE

    PLEASE TAKE NOTICE that on June 8, 2023, Luc A. Despins (the "**Chapter 11 Trustee**"), in his capacity as the chapter 11 trustee appointed in the chapter 11 bankruptcy case of Ho Wan Kwok ("**Kwok**") pending in the United States Bankruptcy Court for the District of Connecticut (the "**Bankruptcy Court**") under Case No. 22-50073 (JAM) (the "**Chapter 11 Case**"), filed an adversary complaint (the "**Complaint**") in the Chapter 11 Case, under Adversary Proceeding No. 23-05013 (the "**Adversary Proceeding**"), against, among other defendants, HCHK Technologies, Inc. ("**HCHK Technologies**"), HCHK Property Management, Inc. ("**HCHK Property**"), Lexington Property and Staffing, Inc. ("**Lexington Property**," and together with HCHK Technologies and HCHK Property, the "**Assignors**"), and Brian Hofmeister, in his capacity as assignee for the benefit of creditors of the Assignors (the "**Assignee**"), seeking declaratory judgment that the Assignors are alter egos of, or such entities and/or their assets are equitably owned by, Kwok and, in addition, seeking an injunction against any commencement or continuation of the Assignors' assignment for the benefit of creditor proceedings (the "**Assignment Proceedings**");

    PLEAST TAKE FURTHER NOTICE that on June 8, 2023, the Chapter 11 Trustee also filed an emergency *ex parte* motion seeking a temporary restraining order (the "**TRO Motion**"). On June 12, 2023, the Bankruptcy Court issued a temporary restraining order (the "**TRO**") which, *inter alia*, temporarily restrains and enjoins the Assignee from commencing or continuing the Assignment Proceedings (or any other judicial, administrative, or other actions or proceedings with respect to the Assignors and/or their assets);

    PLEASE TAKE FURTHER NOTICE that, following extensive good faith negotiations and discussions, the Assignee and the Chapter 11 Trustee have reached a settlement agreement (the "**Settlement Agreement**") regarding the TRO and Adversary Proceeding, the terms of which are set forth in the Chapter 11 Trustee's motion seeking the Bankruptcy Court's approval of the

Settlement Agreement (the "**Settlement Approval Motion**"), which was filed in the Adversary Proceeding on June 23, 2023, and is attached hereto as **Exhibit A**;[1]

PLEASE TAKE FURTHER NOTICE that a hearing will be held at __:__ __.m. (prevailing Eastern Time) on _____, 2023 at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604 at which the Bankruptcy Court will consider whether to grant the Settlement Approval Motion and approve the Settlement Agreement;

PLEASE TAKE FURTHER NOTICE that any objections or responses to the Settlement Approval Motion must be filed in the Bankruptcy Court and served on or prior to __:__ __.m. (prevailing Eastern Time) on _____, 2023

Dated: New York, New York
       June __, 2023

COLE SCHOTZ P.C.

By: _/s/ DRAFT_
    Warren A. Usatine
    Ryan T. Jareck
    Nolan E. Shanahan
    1325 Avenue of the Americas
    19th Floor
    New York, NY 10019
    (212) 752-8000

    *Proposed Counsel to Brian Hofmeister, Assignee*

TO:

This notice is being served upon all parties in interest, including, but not limited, to the assignors and all creditors, secured, general or otherwise, of the assigned estates by email, where known, and by first class mail to each party's last known address, where available.

---

[1] In the event of any inconsistency between the Settlement Approval Motion and this notice, the Settlement Approval Motion shall control.