## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, *et al.*,[1]                 :    Case No. 22-50073 (JAM)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S REPLY TO OBJECTION TO MOTION TO QUASH AND OPPOSITION TO CROSS-MOTION TO ADJOURN SALE HEARING

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the Debtor's Chapter 11 Case, in reply and opposition (as to the relief sought by cross-motion) to the HK Parties' *(A) Objection to Trustee's Emergency Motion for Order Quashing Subpoenas and Denying Them Discovery in Connection with the Trustee's Sale Motion, and (B) Cross-Motion to Adjourn the Hearing on the Sale Motion* [ECF No. 1926] (the "Objection and Cross-Motion"), and in support of the Trustee's Motion to Quash, hereby states the following:[2]

### PRELIMINARY STATEMENT

1.    The Opposition and Cross-Motion are but the latest salvos in the HK Parties' unrelenting campaign to thwart the proposed sale of the Lady May at all costs. The Court has already ruled that the HK Parties hold no interest in the Lady May, and they have obtained no stay pending appeal. Undeterred by this Court's summary judgment rulings and their resulting lack of

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Trustee's Emergency Motion for Order Quashing Subpoenas and Denying the HK Parties Discovery in Connection with the Trustee's Sale Motion [ECF No. 1912] (the "Motion to Quash").

standing to be heard, the HK Parties sought depositions related to the Sale Motion. Now they seek to delay the sale, which will effectively prevent it from happening, at least at the current price. The HK Parties are not entitled to discovery, and their request to delay the sale should be denied.

2.      As described in the Trustee's opposition to the HK Parties' motion for stay pending appeal (which is being filed concurrently herewith), the HK Parties have inexplicably sat on their rights since the Court issued the Lady May SJ Order in March 2023, waiting nearly three months, until earlier this week, to move for a stay pending appeal. Apparently acknowledging the futility of their stay motion, the HK Parties are now alternatively seeking to delay the sale through the Objection and Cross-Motion, ostensibly on the basis that they need time to obtain depositions prior to the hearing. But this request, too, is just as untimely as it is meritless.

3.      The Trustee announced that there was a winning bidder (and the timing of the anticipated sale) on May 31 and filed the Sale Motion disclosing the winning bidder on June 2. At any time since then, the HK Parties could have served their subpoenas on the Trustee and the broker. Instead, they waited nearly two weeks (until June 14) to do so and then asked to schedule the depositions on less than one week's notice. Given this delay, the HK Parties cannot now complain about the lack of time for depositions should they defeat the Motion to Quash. Had they served their subpoenas weeks ago, plenty of time would have existed for the Court to determine whether the depositions were appropriate and, if so, allow them to occur. Any prejudice relating to the timing of the sale hearing is thus entirely of the HK Parties' own making.

4.      Because the HK Parties have no standing and are not entitled to notice depositions, and because there is no basis to delay the sale hearing, the Court should both grant the Motion to Quash and deny the Cross-Motion.

**REPLY AND OPPOSITION**

A.    **HK Parties Lack Standing to be Heard**

5.      The HK Parties claim it is "absurd" to suggest they lack standing to be heard in response to the Sale Motion.  Yet they simply ignore the case law and legal arguments contained in the Motion to Quash.  The HK Parties do not—because they cannot—dispute the immutable principle of bankruptcy law that once the court has rejected a party's claimed basis for having an interest in a chapter 11 case, such party no longer has the right to be heard in that case unless it obtains a stay pending appeal.  *See In re Kreisler Group, Inc.*, 648 F.2d 86, 88 (2d Cir. 1981) ("We think that with respect to these and Seventh Avenue's other objections to the confirmation of the plan of arrangement, Seventh Avenue now has no standing to object, in view of the valid determination that it is not a creditor.").  Because they have not obtained a stay, the fact that the HK Parties have appealed this Court's summary judgment ruling is meaningless.  The pending appeal, standing alone, does nothing to give them standing to be heard.

6.      The HK Parties also claim that Mei Guo must have standing because she now faces liability as guarantor of the alleged "loan" HK USA received from the Debtor's criminal co-conspirator, William Je, a/k/a "Uncle William."  But even assuming that loan is real (which it is not), Mei Guo has not even attempted to file a proof of claim, contingent or otherwise, based on her alleged guarantor liability.  Moreover, her argument that her alleged guarantee of the purported loan gives her standing is inconsistent with the HK Parties' argument that the Court's ruling on the Trustee's alter ego claim does not collapse HK USA into the estate but, rather, merely renders the estate the owner of HK USA's assets.  (Objection and Cross-Motion ¶¶ 10-11.)  If that is the result of the alter ego ruling, then any claim Mei Guo may end up holding on account of her alleged guarantee liability would be a claim against HK USA, not against the chapter 11 estate.

7.      Finally, the HK Parties are wrong that HK USA is free to continue participating on all issues in this chapter 11 case notwithstanding the Court's alter ego ruling.  The HK Parties can, of course, pursue their appeal of the Alter Ego SJ Order, and the Trustee has never contended otherwise.  What the HK Parties cannot do, however—absent a stay pending appeal—is take any other actions that are inconsistent with the Court's ruling, including exercising other legal rights that are now property of the estate.  (*See* Motion to Quash ¶ 25.)  Again, the HK Parties simply ignore this well-settled legal principle in their objection.  If the HK Parties' position were correct, any creditor whose claim is disallowed could continue to be heard in a chapter 11 case potentially for years, even though such creditor has no legal stake in the case.  This result would be absurd.

**B.      <u>Proposed Discovery is Not Sought in Good Faith</u>**

8.      Even if the HK Parties had standing to be heard, the discovery they seek is still not appropriate.  It is clear from the history of this case and the HK Parties' arguments in their motion for a stay pending appeal and in the Objection and Cross-Motion that their actual objective is to prevent the sale of the Lady May from occurring at any price.

9.      In other words, the HK Parties do not really take issue with the adequacy of the proposed sales price; they take issue with the idea of any sale at all.  But the discovery they pretend to need relates solely to the adequacy of the marketing process the Trustee has undertaken and the resulting sale price.  This discovery has nothing to do with the HK Parties' real objective but rather is simply pretext to derail the sale process by delay.

10.      If the HK Parties were legitimately concerned with protecting their rights pending the appeal, their only avenue to obtain that relief would be a motion for a stay.  The have recently

filed that motion—in dramatically belated fashion—and the Court will decide it in due course.[3] But the discovery they seek regarding the Sale Motion is irrelevant and unnecessary.

### C.    Delaying Sale Would Severely Prejudice Estate

11.    The Trustee has worked tirelessly for more than two months to sell the Lady May in an efficient, value-maximizing process.  He and his counsel poured hundreds of hours of time into sale and marketing efforts and obtained the assistance of an experienced broker and other professionals.  As described in the Sale Motion, and as will be demonstrated in further detail at the hearing on such motion, the resulting sale process was thorough, consistent with industry standards, and has achieved a resoundingly successful result that is in the best interests of all the Debtor's creditors.  In fact, the evidence at the sale hearing will show that the resulting sales price is much better than what the broker himself ever imagined.

12.    The baseless aspersions that the HK Parties cast on the sale process misapprehend the unique market for ultra-luxury yachts and how a marketing process for such assets is typically conducted.  The HK Parties' ignorance reveals their true motive, which is not to ensure that the sale maximizes value but rather to scare away the buyer so that there can be no sale at all.

13.    Make no mistake, the delay the HK Parties seek would be devastating to this estate. The Trustee understands that the winning bidder is insistent on closing the sale by no later than June 30, and, if the sale does not close by that date, he will no longer be interested.  Similarly, the Trustee understands that the second and third highest bidders are also no longer interested.

14.    If the sale process is delayed, the best the Trustee can hope for is that the other bidders, who originally indicated an interest in purchasing the yacht in the $20 million or less range (*i.e.*, at least $3-$4 million less than the current purchase price), might possibly be interested in

---

[3]    As the Trustee discusses in his opposition to the HK Parties' last-minute motion for stay, the timing of that motion reeks of gamesmanship.

reengaging. But there is no guarantee they would have such interest, especially as the summer wears on, and the market for luxury yachts in the Northeast all but disappears. At that point, the yacht would have to be moved to Florida and remarketed.

15. But the risk of a diminished sale price is only part of the problem. The Trustee has already incurred significant time, fees, and expenses in connection with marketing the Lady May and negotiating the current proposed sale. These expenses will have been incurred for nothing if the sale hearing is delayed and the sale does not close. And as time drags on, further expenses will necessarily be incurred to maintain the Lady May, including salaries for the captain and crew, operational expenses (such as dockage fees, fuel, electricity, and supplies), repairs, and insurance premiums, which can range between $100,000 to $300,000 per month (depending on when such amounts come due). Finally, the Trustee would end up incurring additional costs and expenses in restarting a new sale process.

16. Given these severe threats to the estate, the sale should not be delayed. This is especially so where, as here, the HK Parties could have avoided the need to seek adjournment of the sale hearing by simply being more diligent in protecting their rights. If they had promptly sought discovery, there would have been plenty of time to resolve the Motion to Quash and, if necessary, to allow discovery to proceed. To be clear, even if sought earlier, the discovery would have been improper, and the Trustee still would have moved to quash. But if the HK Parties had acted diligently, there would be no need to rush to resolve the issue prior to the sale hearing and no basis for the HK Parties to seek to delay the hearing. Having sat on their hands, the HK Parties must bear the consequences of their inaction.

17.    For the foregoing reasons, and for the reasons discussed in the Motion to Quash, the Court should grant the Motion to Quash, and overrule and deny (as applicable) the Objection and Cross-Motion.

*[THE REST OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated:    June 25, 2023                    LUC A. DESPINS,
          New Haven, Connecticut          CHAPTER 11 TRUSTEE

                              By: */s/ Patrick R. Linsey*
                                  Douglas S. Skalka (ct00616)
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  dskalk@npmlaw.com
                                  plinsey@npmlaw.com

                                          *and*

                                  Nicholas A. Bassett *(admitted pro hac vice)*
                                  PAUL HASTINGS LLP
                                  2050 M Street NW
                                  Washington, D.C., 20036
                                  (202) 551-1902
                                  nicholasbassett@paulhastings.com

                                          *and*

                                  Avram E. Luft *(admitted pro hac vice)*
                                  Douglass Barron (admitted *pro hac vice*)
                                  PAUL HASTINGS LLP
                                  200 Park Avenue
                                  New York, New York 10166
                                  (212) 318-6079
                                  aviluft@paulhastings.com

                                  *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                :

In re:                          :    Chapter 11
                                :

HO WAN KWOK, *et al.*,[1]    :    Case No. 22-50073 (JAM)
                                :

          Debtors.        :    (Jointly Administered)
                                :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2023, the foregoing was electronically filed. Notice of this filing will sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or, on June 26, 2023, by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:    June 25, 2023
          New Haven, Connecticut

                    By: */s/ Patrick R. Linsey*
                      Patrick R. Linsey (ct29437)
                      NEUBERT, PEPE & MONTEITH, P.C.
                      195 Church Street, 13th Floor
                      New Haven, Connecticut 06510
                      (203) 781-2847
                      plinsey@npmlaw.com

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).