UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>RE: ECF No. 1805 |

### ORDER GRANTING MOTION TO
### COMPEL G-CLUB TO COMPLY WITH RULE 2004 SUBPOENA

Before the Court is the Motion for Entry of Order Compelling G-Club Operations LLC to Comply with Rule 2004 Subpoenas (the "Motion to Compel"), ECF No. 1805[2], filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok, on May 18, 2023. On June 1, 2023, G-Club Operations LLC ("G-Club") filed the (1) Preliminary Objection to Trustee's Motion to Compel and (2) Motion to Modify Rule 2004 Subpoena (the "Preliminary Objection"). (ECF No. 1846.)

After obtaining an extension of time to respond, on June 22, 2023, G-Club filed the Supplemental Objection to Motion to Compel and Request for Related Relief (the "Supplemental Objection," and together with the Preliminary Objection, collectively, the "Objection"). (ECF

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The Motion to Compel is an omnibus motion seeking varying relief against multiple parties. For the sake of clarity, this Order treats the Motion to Compel as a motion seeking relief against G-Club only.

No. 1924.) On June 23, the Trustee filed a reply (the "Reply"). (ECF No. 1934.) Hearings were held on the Motion to Compel on June 6, 2023 and June 27, 2023.

Exhibit C3 to the Declaration of Avram E. Luft attached to the Motion to Compel establishes that G-Club was served with the Rule 2004 subpoena on December 9, 2022, a fact which G-Club does not dispute. Exhibits Q, R, and S to the Declaration of Avram E. Luft further establish that the Trustee attempted to negotiate compliance with the Rule 2004 subpoena on several occasions. As stated on the record during the hearings held on the Motion to Compel, counsel for G-Club does not dispute the timeline of events established by counsel for the Trustee, but rather the characterization of G-Club's response to the Trustee's efforts.

G-Club did not produce any documents to the Trustee before June 6, 2023. Between June 6, 2023 and June 30, 2023, G-Club produced 300 documents. The Trustee argues that (i) G-Club's production is long overdue, (ii) G-Club has engaged in bad faith dilatory behavior, and (iii) G-Club's objections to the scope of the Rule 2004 subpoena are unreasonable given this Court's previous findings relating to G-Club, the serious allegations relating to G-Club in the criminal action styled *United States v. Kwok*, Case No. 23 Cr. 118 (AT) (S.D.N.Y. June 14, 2023) (the "Criminal Action"), and the Trustee's investigation. G-Club argues that (a) it needs an additional 60 days to comply with the Rule 2004 subpoena because an independent management firm was appointed on June 1, 2023 after all of G-Club's management "left"[3] in March 2023 and (b) the Rule 2004 subpoena is overbroad given that Mr. Kwok was just a spokesperson and the Rule 2004 subpoena asks for documents containing the personally identifying information of G-Club's members.

---

[3] During the hearing held on June 27, 2023, G-Club's counsel stated on the record that prior management "left" in March 2023.

It is clear that the production of documents by G-Club is several months overdue. The production of 300 documents in three weeks is not an encouraging sign. An additional 60-day extension of the time to respond to the Motion to Compel is not reasonable. Moreover, the Trustee has raised concerns regarding allegations that Ms. Yvette Wang, a defendant in the Criminal Action, engaged in fraudulent activity involving G-Club after G-Club had been served with the Rule 2004 subpoena, after Ms. Wang's arrest, and after the resignation of G-Club's former management. (Reply Ex. B.) During the hearings, G-Club's counsel disputed an aspersion about G-Club's conduct and argued that the Southern District of New York has not made any findings in the Criminal Action relating to G-Club. The Court agrees with the Trustee that there need not be findings to support Rule 2004 discovery. Therefore, the Motion to Compel is granted.

The Court turns to G-Club's scope objections. G-Club's first scope objection is not persuasive. This Court has already found that G-Club is related to Mr. Kwok and "serve[s] the purposes of [Mr. Kwok], serve[s] as business vehicles for [Mr. Kwok], and [its] members are personally loyal to [Mr. Kwok]." (Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction, *Pac. All. Asia Opportunity Fund, L.P. v. Kwok (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 22-05032 (JAM) (Jan. 13, 2023) (hereinafter Social Media/Protest Adversary), ECF No. 133 ¶¶ 2,7.) This finding was based on numerous exhibits and the live testimony of Ms. Jiao Bing Shang. Her testimony addressed how the Himalaya entities helped Mr. Kwok's followers buy G-Club membership. (Social Media/Protest Adversary, ECF No. 98, at *413:25–414:6.) Counsel to G-Club stated that she understood why the Trustee is seeking this discovery and understands why he is frustrated with how long this process has taken.

3

Turning to the second objection, G-Club offered no evidentiary support regarding its concerns about producing personally identifying information of members to the Trustee. G-Club's counsel was not sure if privacy and confidentiality protections exist in G-Club's membership contracts. G-Club could not provide any reason why the Protective Order previously entered on October 6, 2022 in this case, ECF No. 923, is insufficient to address G-Club's confidentiality concerns.

Accordingly, it is hereby

**ORDERED:** The Motion to Compel, ECF No. 1805, insofar as it relates to G-Club, is **GRANTED** as set forth herein; and it is further

**ORDERED:** G-Club shall produce all documents responsive to the Rule 2004 subpoena on or before July 14, 2023; and it is further

**ORDERED:** On or before July 5, 2023, the Trustee and G-Club shall meet and confer about confidentiality and privacy issues raised by G-Club.

Dated at Bridgeport, Connecticut this 28th day of June, 2023.



*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut