UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 1909 |

UNITED STATES TRUSTEE'S STATEMENT REGARDING
COURT'S ORDER DATED JUNE 15, 2023 [ECF 1909]

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), submits this statement in response to the Court's June 15, 2023 Order Continuing Hearing On Motion To Hold Hudson Diamond NY, LLC And Hudson Diamond Holdings, LLC In Civil Contempt And Requiring Attorneys Aaron Romney And Lee Vartan To Appear And Show Cause Why The Motion To Withdraw As Counsel Should Be Granted (ECF 1909) ("Hudson Order").

**Preliminary Statement**

In the Hudson Order, the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") has ordered the United States Trustee to state his position as to whether Attorney Aaron Romney of Zeisler & Zeisler, P.C. ("Attorney Romney") and Attorney Lee Vartan of Chiesa Shahinian & Giantomasi PC ("Attorney Vartan", and together with Attorney Romney, "Counsel") should be permitted to withdraw as counsel to Hudson Diamond NY, LLC ("Hudson NY") in the chapter 11 case of debtor Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok ("Debtor" and/or "Kwok"), Case No. 22-50073.[1] ECF 1909.

---

[1] The Debtor is also known by multiple other aliases.

1

The Hudson Order was issued on the heels of a series of events over a short period of time that invite questions and cause concerns, and the United States Trustee shares the concerns of the Court.

At this juncture, the optics of the bare-bones request to withdraw as counsel to Hudson NY filed by Attorney Romney combined with the failure of Hudson NY and Hudson Holdings, LLC ("Hudson Holdings" and together with Hudson NY, the "Hudson Entities") to respond to Rule 2004 subpoenas issued to them in December 2022 are troubling. Mei Guo, the Debtor's daughter, is a long-time client of both Attorney Romney and Attorney Vartan and she is at the center of the Court's inquiry. According to Attorney Romney, Mei Guo is the sole member of Hudson Holdings and he recently learned he was mistaken in his belief that Mei Guo is the sole member of Hudson NY, thus he seeks to withdraw as counsel to Hudson NY as he claims not to have authority to represent it. Attorney Romney has not disclosed who, if not Mei Guo, is the member(s) of Hudson NY.

Against this backdrop, it appears that there are a number of possible explanations for why Attorney Romney seeks to withdraw from representing Hudson NY, ranging from unintentional innocent mistake to inadequate due diligence in taking on client representation to purposeful strategic conduct, each of which impacts the administration of this estate because it is connected to the lack of cooperation of the Hudson Entities in failing to respond to subpoenas for an unreasonable period of time. Attorney Vartan's role in the events leading to the Hudson Order are similarly worthy of further inquiry and explanation. As of now, it is unclear whether the facts and circumstances warrant imposition of consequences for Counsel and the Hudson Entities, and the United States Trustee believes further information should be provided by Counsel as discussed *infra*.

**Known Background Information**

1.  According to the docket in the Debtor's case, Attorney Romney has represented Mei Guo in her individual capacity for over a year since May 10, 2022. *See* ECF 340. Attorney Romney has actively represented Mei Guo, both in pleadings and in presentations to the Court. *See* Docket of Debtor's case. Attorney Romney also represents Mei Guo in two adversary proceedings pending in connection with the Debtor's case. *See* Adv. Proc. 22-5003 and Adv. Proc. 23-5008 (collectively "Adversaries").

2.  According to the docket in the Debtor's case, Attorney Vartan has formally represented Mei Guo in her individual capacity in the Debtor's case since January 13, 2023. *See* ECF 1318. Attorney Vartan has actively represented Mei Guo, both in pleadings and in presentations to the Court. *See* Docket of Debtor's case. Attorney Vartan also represents Mei Guo in the Adversaries.

3.  Attorney Vartan also represents Mei Guo in the action filed by the Securities and Exchange Commission in March 2023 in the United States District Court for the Southern District of New York known as *Securities and Exchange Commission v. Kwok, et al*, Case No. 23-cv-2200.

4.  Pre-petition, Attorney Vartan represented Mei Guo in her individual capacity in connection with the lawsuit in New York known as *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok Ho Wan a/k/a Kwok Ho a/k/a Gwo Wen Gui a/k/a Guo Wengui a/k/a Guo Wen-Gui a/k/a Wan Gue Haoyun a/k/a Miles Kwok a/k/a Haoyun Guo, et al*, Case No. 652077/2017 in the Supreme Court of the State of New York.

5. On December 7, 2022, counsel for Chapter 11 Trustee Luc Despins ("Trustee Counsel") issued Rule 2004 subpoenas to Hudson NY ("Hudson NY Subpoena") and to Hudson Holdings ("HH Subpoena"). *See* Chapter 11 Trustee's Motion to Compel/Motion for Contempt at ECF 1805 ("ECF 1805") at page 19; ECF 1805-7 at page 2; ECF 1805-8 at page 2.

6. According to ECF 1805, Mei Guo, the daughter of the Debtor, is connected to both Hudson NY and to Hudson Holdings. *See* ECF 1805 at ¶ 20. Mei Guo is alleged to be the owner of Hudson NY. *Id.* Hudson NY is alleged to be a subsidiary of Hudson Holdings. *Id.* Both Hudson NY and Hudson Holdings use the same mailing address as originally listed by the Debtor on his chapter 11 petition. *Id.*; *see also* ECF 1.

7. Neither Hudson NY or Hudson Holdings responded to the subpoenas served on them. *See* ECF 1805. As a result, Trustee Counsel filed ECF 1805 on May 18, 2023 seeking to hold Hudson NY and Hudson Holdings in contempt.

8. On June 1, 2023, Attorney Vartan, in the capacity as counsel to Hudson NY and to Hudson Holdings, reached out to Trustee Counsel by phone regarding the Hudson NY Subpoena and the HH Subpoena. *See* ECF 1863 at pages 2 and 25. According to Trustee Counsel, this was the first response by Hudson NY and Hudson Holdings to the Hudson NY Subpoena and the HH Subpoena (collectively, the "Hudson Subpoenas"). *See* ECF 1863 at pages 2-3.

9. Also on June 1, 2023, Attorney Vartan, Attorney Romney, and Trustee Counsel exchanged emails about the Hudson Subpoenas. *See* ECF 1863 at pages 2 and 23-26. The emails reference Mei Guo as being aware of the Hudson Subpoenas and mention the intention to comply with the Hudson Subpoenas. *Id.*

10. That same day, June 1, 2023, Attorney Romney filed an appearance in this case as counsel to Hudson NY and to Hudson Holdings. *See* ECF 1848.

11. That same day, June 1, 2023, Attorney Romney, as counsel to both Hudson NY and to Hudson Holdings, filed a motion continue the hearing on ECF 1805 with the purported consent of Trustee Counsel and represented in that motion that both Hudson NY and Hudson Holdings would comply with their respective subpoenas ("Hudson Entities Continuance Motion"). *See* ECF 1850; *see also* Certificate of Service for ECF 1850 at ECF 1874.

12. The next day, June 2, 2023, Attorney Vartan, Attorney Romney, and Trustee Counsel exchanged further emails about the Hudson Subpoenas and the Hudson Entities Continuance Motion. *See* ECF 1863 at pages 23-26.

13. On June 2, 2023, Trustee Counsel filed an objection to the Hudson Entities Continuance Motion. *See* ECF 1863.

14. Subsequent to a hearing on June 6, 2023 at which Attorney Romney appeared on behalf of Hudson NY and Hudson Holdings and a discussion occurred between Attorney Romney and Trustee Counsel during a break from the hearing, the Court entered a consent order on June 8, 2023 on the Hudson Entities Continuance Motion which contained a requirement for Hudson NY and Hudson Holdings to respond to their respective subpoenas by June 15, 2023 ("Hudson Consent Order"). *See* ECF 1896.

15. A week after reaching the agreement in the Hudson Consent Order and two days prior to the deadline for compliance with subpoenas, on June 13, 2023, Attorney Romney filed a motion to withdraw as counsel to Hudson NY *only* ("Romney Withdrawal Motion"). *See* ECF 1903.

16. The Romney Withdrawal Motion was not accompanied by the required actual notice to the client Hudson NY pursuant to D. Conn. L. Civ. R. 7(e) and D. Conn. Bankr. L. R. 9083-4.

17. The Romney Withdrawal Motion provides a limited explanation for the withdrawal, stating simply that Attorney Romney "does not represent any member" of Hudson NY and does not have authority from an authorized representative of Hudson NY. *See* ECF 1903 at ¶¶ 4-5. Based on that, Attorney Romney seeks to withdraw as counsel to Hudson NY and describes his appearance on behalf of Hudson NY as "honest mistake of fact." *See* ECF 1903 at ¶ 4.

18. The Romney Withdrawal Motion states that Mei Guo is not the *sole* member of Hudson NY. *See* ECF 1903 at ¶ 3. The Romney Withdrawal Motion does not identify or disclose the member(s) of Hudson NY, nor does it state that Mei Guo is not a member of Hudson NY. *See* ECF 1903.

19. The Romney Withdrawal Motion states that Mei Guo is the sole member of Hudson Holdings. *See* ECF 1903 at ¶ 2.

20. The Romney Withdrawal Motion is not supported or accompanied by any document that reflects the position of Mei Guo, or any document that reflects who has authority to act as a representative of Hudson NY.

21. To date, no other counsel has filed an appearance on behalf of Hudson NY.

22. To date, notwithstanding the emails attached to ECF 1863 and having held himself out as counsel to Hudson NY and Hudson Holdings, Attorney Vartan has not filed an appearance in the Debtor's case on behalf of Hudson NY or on behalf of Hudson Holdings.

23. The Court issued the Hudson Order in response to the Romney Withdrawal

Motion.

**Information Which Should Be Provided By Counsel**

In connection with the Hudson Order, the United States Trustee believes that Counsel should provide the Court, Chapter 11 Trustee Luc A. Despins ("Trustee Despins"), Trustee Counsel, and the United States Trustee with additional information to assist in evaluating and determining whether it is appropriate to permit Attorney Romney to withdraw from his representation of Hudson NY and to address the role of Attorney Vartan as counsel to Hudson NY and Hudson Holdings. In particular, the United States Trustee believes that Counsel should each file with the Court individual affidavits which explains, addresses, and provides the following information:

A. *As to Hudson NY:*

   i. The date(s) when Attorney Romney and Attorney Vartan were first contacted by a representative(s) of Hudson NY, or a person(s) acting, or purporting to act, on behalf of Hudson NY (collectively "Hudson NY Representative") with respect to the Hudson NY Subpoena, and the identities and contact information for each Hudson NY Representative;

   ii. The name(s) of the Hudson NY Representative(s) who engaged Attorney Romney and Attorney Vartan, formally or informally, to represent Hudson NY and the date(s) of the engagement and their contact information;

   iii. Identifies the member(s) of Hudson NY as of the following dates: December 1, 2022, June 1, 2023, and June 13, 2023, and explains the source of such information;

  iv. Explains the ownership structure of Hudson NY as of the following dates: December 1, 2022, June 1, 2023, and June 13, 2023, and explains the source of such information; and

  v. Explains why Attorney Vartan did not file a formal appearance on behalf of Hudson NY in the Debtor's case; and

  vi. Explains what efforts were undertaken by Attorney Romney and Attorney Vartan to facilitate the response of Hudson NY to the Hudson NY Subpoena prior to June 1, 2023 and subsequent to June 1, 2023. Such explanations should identify the Hudson NY Representative(s) with whom Attorney Romney and Attorney Vartan communicated and provide a timeline of the efforts.

**B)** *As to Hudson Holdings:*

  i. The date(s) when Attorney Romney and Attorney Vartan were first contacted by a representative(s) of Hudson Holdings, or a person(s) acting, or purporting to act, on behalf of Hudson Holdings (collectively "Hudson Holdings Representative") with respect to the HH Subpoena, and identities and contact information for each Hudson Holdings Representative(s);

  ii. The names of the Hudson Holdings Representative(s) who engaged Attorney Romney and Attorney Vartan, formally or informally, to represent Hudson Holdings and the date(s) of the engagement and their contact information;

  iii. Identifies the member(s) of Hudson Holdings as of the following dates: December 1, 2022, June 1, 2023, and June 13, 2023, and explains the source of such information;

    iv. Explains the ownership structure of Hudson Holdings as of the following dates: December 1, 2022, June 1, 2023, and June 13, 2023, and explains the source of such information;

    v. Explains why Attorney Vartan did not file a formal appearance on behalf of Hudson Holdings in the Debtor's case; and

    vi. Explains what efforts were undertaken by Attorney Romney and Attorney Vartan to facilitate the response of Hudson Holdings to the HH Subpoena prior to June 1, 2023 and subsequent to June 1, 2023. Such explanations should identify the Hudson Holdings Representative(s) with whom Attorney Romney and Attorney Vartan communicated and provide a timeline of the efforts.

## **CONCLUSION**

The Hudson Subpoenas have been outstanding since December 2022 according to ECF 1805 and cooperation and performance under the Hudson Subpoenas is now long overdue. Given this backdrop, the information requested by the United States Trustee is pertinent to the Court's determination of the withdrawal of Counsel and to the Court's determination of whether to hold Hudson NY and Hudson Holdings in contempt for failure to respond to the Hudson Subpoenas issued by Trustee Counsel.

Absent the requested information, the United States Trustee lacks adequate information to properly assess the roles and conduct of Counsel and what consequences, if any, may be appropriate for their actions. At present Attorney Romney's self-described "honest mistake of fact" in assuming and performing the role of counsel to Hudson NY is without sufficient context and factual background. Additionally, the role of Attorney Vartan in representing Hudson NY

9

and Hudson Holdings (without a formal appearance in the Debtor's case) should also be explored and considered. Within these two areas of inquiry, the role of Mei Guo and possibly others acting, or purporting to act, on behalf of Hudson NY and Hudson Holdings can also be better understood and evaluated.

    Fulsome cooperation and disclosure by Counsel, Mei Guo, and authorized representatives of Hudson NY and Hudson Holdings is essential to maintaining the integrity of the proceedings, ensuring that Counsel meet their duty of candor to the Court, and to determining what relief is appropriate for the Court to consider and order.

Dated: July 3, 2023  
      New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn  
      Holley L. Claiborn  
      Trial Attorney  
      Office of the United States Trustee  
      Giaimo Federal Building, Room 302  
      150 Court Street  
      New Haven, CT 06510  
      Holley.L.Claiborn@usdoj.gov  
      Federal Bar No.: ct17216 (Connecticut)  
      (203) 773-2210

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was served on all appearing parties via the Court's CM/ECF filing system.

                              By:     /s/ Holley L. Claiborn
                                            Holley L. Claiborn