IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>July 5, 2023 |

**G CLUB OPERATIONS LLC'S NOTICE RE: MOTION, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH ASSIGNEE OF HCHK ENTITIES UNDER NEW YORK COURT ASSIGNMENT PROCEEDINGS**

G Club Operations LLC ("**G Club**"), by and through its undersigned counsel, provides the following notice for purposes of the *Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings* (ECF No. 1936, the "**9019 Motion**"):

1. G Club does *not* object to the 9019 Motion.

2. G Club gives notice that it is a counterparty to certain contractual agreements as set forth in a certain Master Services Agreement with HCHK Technologies, Inc. (Delaware) ("**HCHK Technologies**").

3. Nothing in the proposed settlement between the Trustee and HCHK Technologies, or in any proposed order, should waive G Club's rights set forth in the Master Services Agreement.

4. Specifically, HCHK Technologies is in possession of Confidential Information (as that term is defined in the Master Services Agreement) belonging to G Club as HCHK Technologies administered and managed G Club's emails and other applications.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

{00323846.1 }

5. The Assignee does not have the right to disclose that information to the Trustee, and G Club does not consent to the Trustee taking possession of that information. Rather, the information should be returned to G Club to enable it to review and provide responsive information to the Trustee in connection with Rule 2004 subpoena.

6. Accordingly, G Club proposes that paragraph 6 of the proposed order (ECF No. 1936 at 21) be modified as follows:

> The Assignee shall immediately make available to the Trustee all non-privileged corporate records (including in electronic form) and other documents pertaining ***only*** to the HCHK Entities in the possession of the Assignee ***and, provided however, that third-party information in the possession of the Assignee, including G Club data, should be returned to the proper party***.

7. Said G Club data is not property of the Assignee and should be returned to G Club in accordance with the Master Services Agreement.

8. Pursuant to that Master Services Agreement, HCHK also owes funds to G Club that should be returned to G Club.

**G CLUB OPERATIONS LLC**

By: */s/ Jeffrey M. Sklarz*
GREEN & SKLARZ LLC
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684)
One Audubon St., 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice*)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorneys for G Club Operations LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date: July 5, 2023                                                                     /s/ Jeffrey M. Sklarz