**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 1936 |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S MOTION REGARDING SETTLEMENT WITH HCHK ENTITIES <u>UNDER NEW YORK ASSIGNMENT PROCEEDINGS</u>**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), submits this limited objection to the motion of Chapter 11 Trustee Luc A. Despins ("Trustee") seeking approval of a settlement agreement ("Settlement Agreement") with the HCHK Entities[1] (ECF 1936) ("Settlement Motion"). As discussed herein, the United States Trustee objects to the proposed channeling injunction and exculpation provision in the Settlement Agreement that protect certain non-debtor third parties, specifically the assignee Brian Hofmeister and his various professionals, because the protected parties are not fiduciaries to the chapter 11 estate and the required criteria of the Second Circuit's recent decision *In re Purdue Pharma, L.P.,* 2023 WL 3700458, *68 (2nd Cir. May 30, 2023) has not been satisfied. The United States Trustee also believes that the Trustee's use of certain monies under the Settlement Motion, and the proposed Settlement Agreement, should be modified to increase transparency and impose reasonable safeguards.

---

[1] Term is defined in ECF 1963 at fn 3.

## FACTS

1.      On June 23, 2023, the Trustee filed the Settlement Motion seeking approval of a settlement agreement with the HCHK Entities and certain individuals. ECF 1963. The Settlement Motion was also filed in the pending adversary proceeding known as *Despins v. HCHK Technologies, Inc., et al*, Adv. Proc. 23-5013 ("Adversary Proceeding") at ECF 25.

2.      The Settlement Motion sets forth a resolution of limited issues with the HCHK Entities and assignee Brian Hofmeister and his various professionals (collectively, "Assignee"). The Settlement Motion describes a three-stage process with certain milestones and results and describes actions to be taken both in this chapter 11 case, as well as in assignment proceedings pending in New York that involve the HCHK Entities and the Assignee.

3.      In pertinent part, the Settlement Motion asks this Court to approve protections for the Assignee in the form of (a) a channeling injunction (*see* paragraph 13 of the proposed order) and (b) an exculpation provision (*see* paragraph 14 of the proposed order), both of which becomes effective when the Trustee is successful on a dispositive motion in the Adversary Proceeding. As stated in paragraph 21 of the Settlement Motion:

> A key terms of the Settlement Agreement are (1) an injunction (the "Channeling Injunction") under which, in the event the Court issues a Dispositive Ruling in favor of the Trustee, all creditors and/or equity holders of the HCHK Entities will be barred and enjoined and restrained from commencing, prosecuting or asserting any request, claim, or cause of action, including but not limited to, causes of action for contribution or indemnification, however denominated, against the Assignee, and specifically precluding any claims against the Assignee with respect to any matter relating to the Settlement Agreement or Proposed Order, except as raised through the appropriate pleading filed in this Court; and (2) the exculpation (the "Exculpation") of the Assignee with respect to any liability to any person or entity for any act taken or omitted to be taken in connection with, relating to, or arising out of, (a) the Assignment Proceedings; (b) this Adversary Proceeding; (c) the Settlement Agreement; and (d) formulating, negotiating, preparing, disseminating, implementing, or effecting consummation of this Motion and the Proposed Order (other than an act in contravention of this Motion or the implementation of the Proposed Order) or any contract, instrument, release,

agreement or document created or entered into, or any other act taken or omitted to be taken in good faith, in connection with the Assignment Proceedings, this Adversary Proceeding, the Settlement Agreement, this Motion, and the Proposed Order; *provided*, *however*, that the foregoing will not affect the liability of any person or entity that otherwise would result from any such act or omission to the extent such act or omission is determined by a final order to have constituted fraud, willful misconduct or gross negligence.

4.  Other pertinent relief sought in paragraph 18 of the Settlement Motion and paragraph 9 of the proposed order, is the use of certain monies by the Trustee to pay expenses relating to the windup of the HCHK Entities without prior approval and disclosure to the Court.

## **OBJECTION**

### *(a) Channeling injunction and exculpation provision*

The United States Trustee objects to the channeling injunction and the exculpation provision in the Settlement Agreement as they are the functional equivalent of inappropriate, nonconsensual, non-debtor third-party releases.

A release of claims held by non-debtors against other non-debtors is "a dramatic measure to be used cautiously" and "is only proper in rare cases." *In re Metromedia*, 416 F.3d 136, 142-43 (2d Cir. 2005) (internal citation omitted). Further, the Second Circuit's recent decision *In re Purdue Pharma, L.P.,* 2023 WL 3700458, *68 (2nd Cir. May 30, 2023) regarding releases for non-debtor third parties is instructive to the Court's consideration of the Settlement Agreement. According to *Purdue Pharma,* given the potential for abuse, third-party releases must be imposed against a backdrop of equity, and courts should exercise particular care when evaluating a non-debtor release. *Id*. at * 79. In evaluating releases, courts must consider the following seven factors to determine if a non-consensual non-debtor release is appropriate:

> First, is there an identity of interest between the debtor and the released third parties?
> Second, are the claims against the debtor and non-debtor factually and legally intertwined?

3

  Third, is the scope of the release appropriate?

  Fourth, is the release essential to the reorganization?

  Fifth, has the non-debtor contributed substantial assets to the reorganization?

  Sixth, did the impacted creditors overwhelmingly vote in support of the plan? and

  Seventh, does the plan provide fair payment of enjoined claims?

*Id.* at **78 & 79.

  The Second Circuit requires "consideration of each factor" but also cautions that "there may even be cases in which all factors are present, but the inclusion of third-party releases in a plan of reorganization should not be approved." *Id*. at * 79. The Second Circuit also required the bankruptcy court to "support each of these factors with specific and detailed findings." *Id.* In considering the Settlement Agreement, the Court must follow the guidance of the Second Circuit. In their current form, the Settlement Motion and proposed order provide protections to non-debtor third-parties who are not fiduciaries to this chapter 11 estate. The protections are not permissible as they do not satisfy *Purdue*.

  Even if, however, the third-party channeling injunction and exculpation could satisfy the *Purdue* factors, approval of the channeling injunction and the exculpation provision is a non-core proceeding under *Stern v. Marshall*, 564 U.S. 462 (2011), and the Court lacks constitutional authority to finally approve the channeling injunction and the exculpation provisions of the Settlement Agreement. Accordingly, should this Court approve the channeling injunction and/or the exculpation provision in the Settlement Agreement, its decision would only constitute findings of fact and conclusions of law for the District Court's *de novo* review.

  *(b) Use of settlement funds without oversight*

  Paragraph 9 of the proposed order provides for use of certain monies by the Trustee to pay expenses relating to the windup of the HCHK Entities without prior approval and disclosure to the Court. Use of monies should be transparent and subject to reasonable safeguards. The

United States Trustee asks that the Trustee be required to file a list of expenses on a monthly basis. Additionally, for any expense that is more than $25,000.00, the Trustee should be required to provide three days' advance notice to the United States Trustee and to the Official Committee of Unsecured Creditors ("Committee") to provide an opportunity for the United States Trustee and/or the Committee for input and, if needed, to raise concerns with the Court.

**WHEREFORE** for the foregoing reasons, the United States Trustee opposes the approval of the Settlement Motion and the Settlement Agreement in their current form.

Dated: July 5, 2023  
    New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:    /s/ Holley L. Claiborn  
        Holley L. Claiborn  
        Trial Attorney  
        Office of the United States Trustee  
        Giaimo Federal Building, Room 302  
        150 Court Street  
        New Haven, CT 06510  
        Holley.L.Claiborn@usdoj.gov  
        Federal Bar No.: ct17216 (Connecticut)  
        (203) 773-2210

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing was served on all appearing parties via the Court's CM/ECF filing system.

                                                       By:    /s/ Holley L. Claiborn
                                                                          Holley L. Claiborn