**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK et al.,                       :    Case No. 22-50073 (JAM)
                                          :
                      Debtors.¹           :    Jointly Administered
                                          :
-------------------------------------------------------x
```

**NOTICE OF FILING OF REVISED PROPOSED
ORDER GRANTING GENEVER HOLDINGS LLC'S APPLICATION
FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF AFFILIATED ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER**

**PLEASE TAKE NOTICE** that, on May 3, 2023, Genever Holdings LLC ("Genever

(US)"), filed the *Application of Genever Holdings LLC, Pursuant to Bankruptcy Code Sections

327(a) and 328, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order

Authorizing Employment and Retention of Affiliated Adjustment Group, Ltd. as Public Adjuster*

[Docket No. 1749] (the "AAGL Application").²

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised

proposed order granting the AAGL Application.  The proposed order has been revised to address

informal comments received from the United States Trustee.  Genever (US) is informed by

---

¹    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
     Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
     Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
     mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
     LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
     (solely for purposes of notices and communications).

²    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the AAGL
     Application.

counsel to the United States Trustee that the attached revised proposed order resolves the United

States Trustee's informal comments.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 2** is a blackline

version of the revised proposed order marked to show the changes that have been made to the

version attached to the AAGL Application.


Dated:    July 10, 2023
          New York, New York

                                        By: */s/ G. Alexander Bongartz*

                                        Avram E. Luft (admitted *pro hac vice*)
                                        G. Alexander Bongartz (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 318-6079
                                        aviluft@paulhastings.com
                                        alexbongartz@paulhastings.com

                                            *and*

                                        Nicholas A. Bassett (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        2050 M Street NW
                                        Washington, D.C., 20036
                                        (202) 551-1902
                                        nicholasbassett@paulhastings.com

                                            *and*

                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

                                        *Counsel for Genever (US)*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                                      :
In re:                                                :   Chapter 11
                                                      :
HO WAN KWOK, et al.,³                                 :   Case No. 22-50073 (JAM)
                                                      :
              Debtors.                                :   (Jointly Administered)
                                                      :
------------------------------------------------------x
```

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on July 10, 2023, the foregoing Notice was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated:    July 10, 2023
          New York, New York

By: */s/ G. Alexander Bongartz*

G. Alexander Bongartz (admitted pro hac vice)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
alexbongartz@paulhastings.com

*Counsel for Genever (US)*

---

³ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1

**Revised Proposed Order (clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK et al.,                                    :   Case No. 22-50073 (JAM)
                                                       :
                        Debtors.[1]                    :   Jointly Administered
                                                       :
-------------------------------------------------------x
```

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF AFFILIATED ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER**

Upon the application (the "Application"),[2] filed by Genever Holdings LLC ("Genever (US)"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing Genever (US) to employ and retain Affiliated Adjustment Group, Ltd. ("AAGL") as public adjuster in accordance with the terms and conditions set forth in the Agreement, all as further detailed in the Application; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being satisfied based on the representations made in the Application and in the Panico Declaration that, as more fully disclosed in the Panico Declaration, (a) AAGL does not hold or represent an interest adverse to Genever (US)'s estate and (b) AAGL is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is approved as set forth herein.  All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2.      Genever (US) is authorized to retain and employ AAGL as public adjuster in connection with the Claim, on a contingency fee basis on the terms set forth in the Agreement.

3.      The Compensation Structure is hereby approved.  The Compensation Structure shall be based on the settlement proceeds recovered by Genever (US) under the insurance policies with respect to the Apartment, and AAGL's fee shall be calculated as follows: (a) 5 percent on the first $3,000,000 or less in settlement proceeds recovered, plus (b) 4 percent on any settlement proceeds recovered in excess of $3,000,000 but not in excess of $15,000,000, plus (c) 3 percent on any settlement proceeds recovered in excess of $15,000,000 and up to $50,000,000. For the avoidance of doubt, AAGL will not hold any settlement proceeds recovered under such insurance policies.

4.      AAGL shall not be required to file monthly or interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  AAGL shall file a final fee application with respect to any fees to be paid pursuant to the Agreement.

5.      To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

6.      Genever (US) and AAGL are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 2

**Revised Proposed Order (redline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
HO WAN KWOK et al.,                     :   Case No. 22-50073 (JAM)
                                        :
                     Debtors.¹          :   Jointly Administered
                                        :
-------------------------------------------------------x
```

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF AFFILIATED ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER**

Upon the application (the "Application"),² filed by Genever Holdings LLC ("Genever (US)"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing Genever (US) to employ and retain Affiliated Adjustment Group, Ltd. ("AAGL") as public adjuster in accordance with the terms and conditions set forth in the Agreement, all as further detailed in the Application; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being satisfied based on the representations made in the Application and in the Panico Declaration that, as more fully disclosed in the Panico Declaration, (a) AAGL does not hold or represent an interest adverse to Genever (US)'s estate and (b) AAGL is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Application is approved as set forth herein.  All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2.    Genever (US) is authorized to retain and employ AAGL as public adjuster in connection with the Claim, on a contingency fee basis on the terms set forth in the Agreement.

3.    The Compensation Structure is hereby approved.  The Compensation Structure shall be based on the settlement proceeds recovered by Genever (US) under the insurance policies with respect to the Apartment, and AAGL's fee shall be calculated as follows: (a) 5 percent on the first $3,000,000 or less in settlement proceeds recovered, plus (b) 4 percent on any settlement proceeds recovered in excess of $3,000,000 but not in excess of $15,000,000, plus (c) 3 percent on any settlement proceeds recovered in excess of $15,000,000 and up to $50,000,000. For the avoidance of doubt, AAGL will not hold any settlement proceeds recovered under such insurance policies.

2

4.    3. The Compensation Structure is hereby approved, and AAGL shall not be required to file monthly or interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  AAGL shall file a final fee application with respect to any fees to be paid pursuant to the Agreement.

5.    4. To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

6.    5. Genever (US) and AAGL are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7.    6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.    7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.