**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                                                      :   Chapter 11
:
HO WAN KWOK *et al.*,                                        :   Case No. 22-50073 (JAM)
:
:   Jointly Administered
Debtors.[1]                                                              :
:   Re: ECF No. 1749
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF <u>AFFILIATED ADJUSTMENT GROUP, LTD. AS PUBLIC ADJUSTER</u>**

Upon the application (the "<u>Application</u>"),[2] filed by Genever Holdings LLC ("<u>Genever (US)</u>"), pursuant to sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "<u>Order</u>") authorizing Genever (US) to employ and retain Affiliated Adjustment Group, Ltd. ("<u>AAGL</u>") as public adjuster in accordance with the terms and conditions set forth in the Agreement, all as further detailed in the Application; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being satisfied based on the representations made in the Application and in the Panico Declaration that, as more fully disclosed in the Panico Declaration, (a) AAGL does not hold or represent an interest adverse to Genever (US)'s estate and (b) AAGL is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court on July 11, 2023; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is approved as set forth herein. All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2. Genever (US) is authorized to retain and employ AAGL as public adjuster in connection with the Claim, on a contingency fee basis on the terms set forth in the Agreement.

3. The Compensation Structure is hereby approved. The Compensation Structure shall be based on the settlement proceeds recovered by Genever (US) under the insurance policies with respect to the Apartment, and AAGL's fee shall be calculated as follows: (a) 5 percent on the first $3,000,000 or less in settlement proceeds recovered, plus (b) 4 percent on any settlement proceeds recovered in excess of $3,000,000 but not in excess of $15,000,000, plus (c) 3 percent on any settlement proceeds recovered in excess of $15,000,000 and up to $50,000,000. For the avoidance of doubt, AAGL will not hold any settlement proceeds recovered under such insurance policies.

4. AAGL shall not be required to file monthly or interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. AAGL shall file a final fee application with respect to any fees to be paid pursuant to the Agreement.

5. To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

6. Genever (US) and AAGL are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 13th day of July, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut