**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                  :

In re:                            :    Chapter 11
                                  :

HO WAN KWOK *et al.*,         :    Case No. 22-50073 (JAM)
                                  :

          Debtors.[1]       :    Jointly Administered
                                  :
-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS FOR ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS</u>**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Individual Debtor</u>"), Genever Holdings Corporation ("<u>Genever (BVI)</u>"), and Genever Holdings LLC ("<u>Genever (US)</u>" and, together with the Trustee, and Genever (BVI), the "<u>Movants</u>") hereby move (the "<u>Motion</u>"), pursuant to sections 105(a) and 331 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-1 of the Local Rules of Bankruptcy Procedure (the "<u>Local Rules</u>"), for entry of an order, substantially in the form of the proposed order filed herewith as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), establishing procedures for interim compensation and reimbursement of expenses to the attorneys and other professionals (collectively, the "<u>Professionals</u>") employed by the Movants or the Official Committee of Unsecured Creditors (the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

"Committee"), whose retentions are approved pursuant to sections 327, 328 or 1103 of the Bankruptcy Code.  In support of the Motion, the Movants respectfully state as follows:

## I.     JURISDICTION, VENUE, AND STATUTORY BASES

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## II.     BACKGROUND

### A.     The Individual Debtor's Chapter 11 Case

4.      On February 15, 2022, the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.

6.      On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [Docket No. 514].

7.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case [Docket No. 523].

**B.      Genever (US)'s Chapter 11 Case**

8.      On October 12, 2020, Genever (US) filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").  No trustee or official committee of unsecured creditors has been appointed in Genever (US)'s chapter 11 case.

9.      By order dated November 3, 2022, the New York Bankruptcy Court transferred venue of Genever (US)'s chapter 11 case to this Court.

**C.      Genever (BVI)'s Chapter 11 Case**

10.      On October 11, 2022, Genever (BVI) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

11.      On November 21, 2022, the Court entered an order [Docket No. 1141] granting joint administration of the Individual Debtor's chapter 11 case, and the chapter 11 cases of Genever (BVI) and Genever (US) (collectively, the "Genever Debtors").

**D.      Sources of Funding of These Estates**

12.      Upon the Trustee's appointment a little over one year ago, the Trustee and his counsel immediately embarked on an investigation into the financial affairs of the Individual Debtor.  Given the large number of companies affiliated with the Individual Debtor, and the fact that these companies or their assets are located around the world, the Trustee's investigation was, and continues to be, extensive.  To date, the Trustee's investigation has included, among other things, (a) seeking discovery under Bankruptcy Rule 2004 from hundreds of individuals and entities connected with the Individual Debtor and his various businesses, (b) analyzing thousands of documents produced in response to the Trustee's Rule 2004 subpoenas, (c) deposing several targets of the Trustee's Rule 2004 discovery, including the Individual Debtor's purported wife

(*i.e.*, Hing Chi Ngok),[2] (d) interviewing former employees and business associates of the Individual Debtor (including several communications with a confidential "informant," who executed a declaration detailing the Individual Debtor's business practices), (e) seeking discovery in the British Virgin Islands ("BVI") from the registered agents of various Kwok-affiliated entities incorporated in the BVI, (f) commencing proceedings in the U.K. to request (and obtain) recognition of the Individual Debtor's chapter 11 case as a foreign main proceeding (as a portal to future proceedings in the U.K.), (g) researching property records, and (h) pursuing litigation to recover property of the estate.

13.     While the Trustee's investigation remains ongoing, the Trustee has already succeeded in recovering, through litigation against HK International Funds Investments (USA) Limited, LLC ("HK USA") and the Individual Debtor's daughter (*i.e.*, Mei Guo), the Lady May and the Lady May II, as well as $33 million previously held by U.S. Bank in escrow pursuant to a stipulated order and $3 million in funds held in the Lady May repair reserve.  Thereafter the Court authorized the Trustee to sell the Lady May for a purchase price of $23.15 million, and the sale has since closed.  The Trustee also recently received approximately $500,000 from the Individual Debtor's former asylum counsel (*i.e.*, Clark Hill PLC) in connection with a settlement of estate causes of action.

14.     This is only the beginning.  The Trustee is pursuing numerous actions to bring significant additional assets into the estate, including actions to recover: (i) the Individual Debtor's real estate, including a mansion in Connecticut, (ii) one of his private jets, and (iii) approximately $38 million in cash belonging to certain entities controlled by the Individual Debtor.  These

---

[2]     In addition, the Trustee deposed several individuals, including the Individual Debtor and Mei Guo, in connection with adversary proceedings pending in these chapter 11 cases.

actions, among others, have the potential to realize more than $100 million in additional proceeds for the estate.

**E.**    **Fee and Expense Applications**

15.    To date, the Court has approved the retention of various professionals in these chapter 11 cases, including (i) Paul Hastings LLP, as counsel to the Trustee and the Genever Debtors [Docket Nos. 668, 1376], (ii) Neubert, Pepe & Monteith, P.C., as local Connecticut counsel to the Trustee and the Genever Debtors [Docket Nos. 669, 1107, 1177], (iii) Harney Westwood and Riegels LP, as BVI counsel to the Trustee and Genever (BVI) [Docket No. 909, 1286], (iv) Pallas Partner LLP, as UK solicitor for the Trustee [Docket No. 1596], (v) Saxe Doernberger & Vita, P.C., as special insurance coverage counsel for Genever (US) [Docket No. 1963]; and (vi) Pullman & Comley, LLC, as counsel to the Committee [Docket No. 298].

16.    On March 1, 2023, the Trustee and Paul Hastings LLP ("Paul Hastings") filed the *First Interim Application of Chapter 11 Trustee and His Counsel, Paul Hastings LLP, for Reimbursement of Expenses for the Period from July 8, 2022 through October 31, 2022* [Docket No. 1495]. The Movants' Connecticut counsel, Neubert, Pepe & Monteith, P.C. ("NPM"), filed a similar application on April 18, 2023 [Docket No. 1674]. The Court granted these applications following a hearing held on May 2, 2023 [Docket No. 1743].

17.    On May 30, 2023, Paul Hastings filed its *Interim Fee Application for Compensation and Reimbursement of Expenses for Period from July 8, 2022 through February 28, 2023* [Docket No. 1831] and NPM filed a similar application on June 1, 2023, NPM filed a similar application [Docket No. 1870]. The Court granted these applications following a hearing held on June 29, 2023 [Docket No. 1962].

18.    On June 20, 2023, Pullman & Comley LLC, counsel to the Committee, filed its *First Interim Application for Compensation for Services Rendered and Reimbursement of*

*Expenses Incurred for the Period from March 29, 2022 through April 30, 2023* [Docket No. 1917]. On June 21, 2023, Epiq Corporate Restructuring, LLC, the Trustee's noticing agent, filed its *First Interim Fee Application for Allowance of Compensation for Services Rendered and for Reimbursement of All Actual and Necessary Expenses Incurred for the Period from December 1, 2022 through February 28, 2023* [Docket No. 1921].  Hearings have been scheduled on these applications for July 18, 2023 [Docket Nos. 1927, 1928].

19.    In addition, Paul Hastings and NPM intend to file their second interim fee applications (covering the period from March 1, 2023 through June 30, 2023) in the near future.

### III.    REQUESTED RELIEF

20.    The Movants request that the Court enter an order establishing procedures for the payment of monthly fee statements for compensation and reimbursement of expenses of the Professionals, subject to appropriate notice and opportunity to object, while maintaining oversight and review through the Court's consideration of interim and final applications for compensation and reimbursement of expenses under Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

21.    Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.[3]  *See* 11 U.S.C. § 331.  In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers. *See* 11 U.S.C. § 105(a).

---

[3]    Also, as noted below, nothing in the proposed Compensation Procedures precludes any Professional from filing interim or final fee applications without first submitting monthly fee statements.

18.     The Movants propose, by their Proposed Order, that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:[4]

    a.     Following entry of the Proposed Order, on or before the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall file with the Court a monthly fee statement (the "Monthly Fee Statement"), and shall serve such Monthly Fee Statement on

    i.     Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok (lucdespins@paulhastings.com);

    ii.     Counsel for the Trustee, (x) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: G. Alexander Bongartz (alexbongartz@paulhastings.com) and Douglass Barron (douglassbarron@paulhastings.com)) and (y) Neubert, Pepe & Monteith, P.C., 195 Church Street, 13th Floor, New Haven, Connecticut 06510 (Attn: Douglas S. Skalka (dskalka@npmlaw.com) and Patrick R. Linsey (plinsey@npmlaw.com));

    iii.     the Office of The United States Trustee, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, Connecticut 06510 (Attn: Holley L. Claiborn (holley.l.claiborn@usdoj.gov));

    iv.     counsel for the Official Committee of Unsecured Creditors, Pullman & Comley, LLC, 850 Main Street, 8th Floor, PO Box 7006, Bridgeport, Connecticut 06601-7006 (Attn: Irve J. Goldman (igoldman@pullcom.com); and

    v.     counsel for Pacific Alliance Asia Opportunity Fund L.P., O'Melveny & Myers LLP, 7 Times Square, New York, New

---

[4]     The proposed Compensation Procedures, as set forth in the Proposed Compensation Procedures Order, generally conform to the form prescribed in the standing Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals (as amended) in the U.S. Bankruptcy Court for the Southern District of New York. S.D.N.Y. Bankr. General Order M-412 (*available at* http://www.nysb.uscourts.gov/sites/default/files/m412.pdf) (last visited July 10, 2023), applicable in cases filed in the U.S. Bankruptcy Code for the Southern District for New York pursuant to S.D.N.Y. Local Bankr. R. 2016-1(c). While the entry of an order providing for monthly payment procedures does not require a local bankruptcy rule (*e.g.*, such orders are routinely entered in the U.S. Bankruptcy Court for the District of Delaware, where the local rules do not discuss monthly compensation procedures), the Movants submit that the S.D.N.Y. procedures have been carefully considered, are time-tested, and appropriately balance the interests of the Court and all stakeholders in appropriate oversight, disclosure, practicality and efficiency.

York 10036 (Attn: Peter Friedman (pfriedman@omm.com) and Stuart M. Sarnoff (ssarnoff@omm.com))

(collectively, the "Notice Parties").  Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Limiting Service of Notice for Applications Seeking Compensation of Fees or Reimbursement of Expenses* [ECF No. 1611] (the "Fee App Notice Order").

b.      Professionals employed as of July 1, 2023, shall file, within twenty (20) days of the entry of the Proposed Order, their first Monthly Fee Statements for any periods through the end of the last full month before entry of the Proposed Order (to the extent such periods are not addressed by a previously filed fee application).[5]  Any Professionals retained after July 1, 2023, shall file their first Monthly Fee Statement for the period from the date on which their employment became effective through the end of the first full month following such date and otherwise in accordance with the procedures set forth in this Motion.

c.      Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries (redacted or modified to protect any privilege) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable, unless otherwise ordered by the Court.

d.      The Notice Parties shall have fourteen (14) days from the filing and service of a Monthly Fee Statement to review it and, if objecting to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), file with the Court and serve upon (i) the Professional whose Monthly Fee Statement is the subject of the Objection and (ii) the Notice Parties a written Notice of Objection to Fee Statement (a "Notice of Objection"), setting forth the nature of the Objection and the amount of fees or expenses as to which the Objection pertains.  The Court may extend the Objection Deadline upon the motion of any Notice Party filed prior to the Objection Deadline and served upon the applicable Professional, the Trustee, and the U.S. Trustee, and a showing of cause.

e.      At the expiration of the Objection Deadline, with respect to fees and expenses as to which no Notice of Objection has been served in accordance with the

---

[5]     Professionals' Monthly Fee Statements for any such periods may be filed in omnibus form but will otherwise be subject to all requirements for Monthly Fee Statements as set forth in the Proposed Order.

foregoing paragraph (d), 80% of the fees and 100% of the expenses shall be paid within fourteen (14) calendar days by the above-captioned Debtors' estates.

f.      If a Notice of Objection with respect to a particular Monthly Fee Statement is timely served, payment shall be withheld of only that portion of the Monthly Fee Statement as to which the Objection is directed and the Professional shall be paid the remainder of the fees and disbursements to the extent payable and pursuant to the procedures set forth in the foregoing paragraph (e).

g.      Promptly upon resolution of part or all of an Objection to a Professional's Monthly Fee Statement, the Professional shall file with the Court and serve notice of the resolution (the "Notice of Resolution of Objection") on the party that asserted the Objection (the "Objecting Party") and on all parties served with the applicable Notice of Objection indicating that the Objection has been fully or partially resolved, and, if partially resolved, the portion still subject to an Objection.  In the absence of written notice disputing the Notice of Resolution of Objection, filed with the Court within seven (7) days of the filing of the applicable Notice of Resolution of Objection and served by the Objecting Party on the applicable Professional, the Trustee, and the U.S. Trustee, the Objection at issue in the Notice of Resolution of Objection shall be deemed resolved, without prejudice to any objection to an interim or final application for compensation, as provided in the following paragraph (i).

h.      If an Objection is resolved, then that portion of the Monthly Fee Statement that is no longer subject to the Objection shall be paid from the above-captioned debtors' estates within fourteen (14) days of the expiration of time to dispute the Notice of Resolution of Objection.  All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application to be heard by the Court in accordance with the following paragraphs (j) and (k).  Objections shall not be heard or determined by the Court in advance of the applicable interim or final fee application.

i.      The service of a Notice of Objection in accordance with the foregoing paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.      Commencing with the period ending August 31, 2023, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee

Period.  Each Professional shall file its Interim Fee Application no later than forty-five (45) days after the end of the Interim Fee Period.

k.      The Court shall enter a notice of hearing (the "<u>Interim Fee Hearing Notice</u>") scheduling a hearing to consider the Interim Fee Applications for all Professionals (the "<u>Interim Fee Hearing</u>"), after the expiration of the forty-five (45)-day period set forth in the foregoing paragraph (j).  Unless otherwise ordered by the Court, the Trustee shall serve all parties entitled to service under the Fee App Notice Order with a copy of the Interim Fee Hearing Notice within seven (7) days of the Court's entry of the Interim Fee Hearing Notice, and the Trustee shall file a certificate attesting to having made such service prior to the Interim Fee Hearing.

l.      Any Professional that fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement (i) shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the Professional's last fee application, whichever is later.

m.      The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

o.      Any service required pursuant to the Compensation Procedures shall be made by electronic mail (including, if applicable, by the Court's CM/ECF system), or, to the extent that service by electronic mail cannot be made, by U.S. mail or reputable overnight courier (the "<u>Service Procedures</u>").

p.      For the avoidance of doubt, nothing herein shall preclude (a) any Professional from seeking allowance and payment of fees pursuant to interim or final fee applications without first having submitted Monthly Fee Statements or (b) the Court from considering any such fee applications (including any pending applications filed prior to entry of the Proposed Order).

## IV.    <u>BASIS FOR THE REQUESTED RELIEF</u>

22.    The provisions for employment and payment of a trustee's professionals in

"Chapter 11 are flexible and practical," and "[a] determination of whether, and in what amount, a

retainer should be paid is best left to the parties and the discretion of the Court." *In re Truong*, 259 B.R. 264, 268 (Bankr. D.N.J. 2001) (internal quotation marks omitted).

23.     In considering proposed interim compensation procedures, bankruptcy courts may weigh factors including the size of the bankruptcy case; that extended delay in payment would place undue hardship on counsel; counsel's financial position to pay any subsequent reassessment of fees; that the procedure provides for notice and that parties may object; that the payment procedure itself is the subject of a noticed hearing; the impact of the proposed procedures on the bankruptcy debtor's business operations and cashflow; the ability of the debtor to reorganize; and the reputation of debtor's professionals. *See id.*; *In re Mariner Post-Acute Network*, 257 B.R. 723, 731 (Bankr. D. Del. 2000) (approving modified procedures for monthly payment of professionals of undisputed fees and expenses); *In re Pittsburgh Corning Corp.*, 255 B.R. 162, 164 (Bankr. W.D. Pa. 2000) (approving procedures for monthly payments to professionals of undisputed fees and expenses).

24.     Accordingly, this Court and other bankruptcy courts have entered orders approving procedures for monthly payments of undisputed fees and expenses to professionals employed in chapter 11 cases. *See, e.g., In re Latex Foam Int'l, et al.*, Case No. 19-51064-JAM (jointly admin.), *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 301] (the "Latex Order"); *In re Sagecrest II LLC, et al.*, Case No. 08-50754-AHWS (jointly admin.), *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 441] (Jan. 30, 2009) (the "Sagecrest Order"). True and accurate copies of the Latex Order and the Sagecrest Order are attached hereto, respectively, as **Exhibits B and C**.

25.     Monthly payment of Professionals' fees and expenses is appropriate in these chapter 11 cases. These chapter 11 estates are in possession of sufficient resources to pay Professional fees

and expenses pursuant to the Compensation Procedures.  If these circumstances change, the Trustee will file a motion requesting that the Court suspend the Compensation Procedures.

26.     The proposed Compensation Procedures provide a mechanism for the Notice Parties to object to the payment of fees and reimbursement of expenses to the Professionals. In fact, if such an Objection is made and not resolved, *no* disputed amounts will be paid prior to the Court's consideration of the objection in the context of an interim or final application for compensation. Moreover, the Compensation Procedure do not diminish or replace the Court's authority to determine professionals' compensation pursuant to interim or final applications for compensation.

27.     Indeed, the protections set forth in the Proposed Compensation Procedures Order are substantially more vigorous than those in the Sagecrest Order.  For example, the holdback from amounts payable monthly is larger (20% in the Compensation Procedures vs. 15% in the Sagecrest Fee Procedures Order) and, unlike the Sagecrest Order, the Compensation Procedures here require that Professionals file interim fee applications every four months to remain entitled to receive monthly payments.[6]  These protections are similar to those implemented in consultation with the United States Trustee and approved by this Court in the Latex Order.

28.     Moreover, Movants request that, similar to the Sagecrest Order, service of the Monthly Fee Statements be limited to the Notice Parties (namely, the Trustee, his counsel, counsel for the U.S. Trustee, counsel for PAX, and counsel for the Committee) and that only such Notice Parties be permitted to object to a Monthly Fee Statement.  Indeed, it is customary in large chapter 11 cases to only allow a limited set of notice parties to object to monthly fee statements, while preserving all parties' in interest rights to object to interim and final fee applications (as is the case

---

[6]     The Sagecrest Order required that interim or final applications be filed at least annually.

under the proposed Compensation Procedures here).[7]  Moreover, this approach is consistent with the form approved by the U.S. Bankruptcy Court for the Southern District of New York.  In particular, that form contemplates that monthly fee statements are served on a limited set of notice parties (including estate fiduciaries, the official committee, and the U.S. Trustee) and only such parties have, as a practical matter, the ability to object to the monthly fee statements.[8]  In any event, service on all parties in interest would not only be costly, but offer little to no benefit, given that their ability to object to interim and final fee applications is fully preserved.

29.     Finally, it serves no purpose for these estates, while they are in possession of sufficient funds, to also accumulate administrative liabilities to their Professionals.  Rather, invoicing by and payment of Professionals' fees and expenses, upon a relatively current basis, will better inform and equip the Trustee and other parties-in-interest to appreciate and respond to the Professional expenses incurred in these chapter 11 cases and not unnecessarily delay payments.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[7]     *See, e.g., In re FTX Trading Ltd., et al.*, Bankr. D. Del., Case No. 22-11068 (JTD) (jointly admin.), *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 435] (Jan. 9, 2023) at 3; *In re The Financial Oversight and Management Board for Puerto Rico*, D.P.R., Case No. 17-BK-3283 (LTS) (jointly admin.), *Third Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546] (April 12, 2022) at 4; *In re Sears Holdings Corporation*, Bankr. S.D.N.Y., Case No. 18-23538 (RDD) (jointly admin.), *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 796] (Nov. 16, 2018) at 4.

[8]     *See* Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals (as amended) in the U.S. Bankruptcy Court for the Southern District of New York. S.D.N.Y. Bankr. General Order M-412 (*available at* http://www.nysb.uscourts.gov/sites/default/files/m412.pdf) (last visited July 10, 2023) at 2-3.

WHEREFORE, for the foregoing reasons, the Court should enter the Proposed Order approving the Compensation Procedures and grant such other and further relief as the Court deems just and proper.

Dated:    July 13, 2023                    LUC A. DESPINS, CHAPTER 11 TRUSTEE
          New Haven, Connecticut           GENEVER HOLDINGS LLC, AND
                                           GENEVER HOLDINGS CORPORATION

                                    By: */s/ Patrick R. Linsey*
                                           Douglas S. Skalka (ct00616)
                                           Patrick R. Linsey (ct29437)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 781-2847
                                           dskalka@npmlaw.com
                                           plinsey@npmlaw.com

                                               *and*

                                           Nicholas A. Bassett (admitted *pro hac vice*)
                                           PAUL HASTINGS LLP
                                           2050 M Street NW
                                           Washington, D.C., 20036
                                           (202) 551-1902
                                           nicholasbassett@paulhastings.com

                                               *and*

                                           Avram E. Luft (admitted *pro hac vice*)
                                           Douglass Barron (admitted *pro hac vice*)
                                           PAUL HASTINGS LLP
                                           200 Park Avenue
                                           New York, New York 10166
                                           (212) 318-6079
                                           aviluft@paulhastings.com
                                           douglassbarron@paulhastings.com

                                           *Counsel for the Chapter 11 Trustee, Genever*
                                           *Holdings LLC, and Genever Holdings*
                                           *Corporation*

## EXHIBIT A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

---------------------------------------------------------------x
                        :

In re:                           : Chapter 11
                        :

HO WAN KWOK, *et al.*,[1]       : Case No. 22-50073 (JAM)
                        :

            Debtors.        : (Jointly Administered)
---------------------------------------------------------------x

### [PROPOSED] ORDER
### ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Upon the motion (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Individual Debtor</u>"), Genever Holdings Corporation ("<u>Genever (BVI)</u>"), and Genever Holdings LLC ("<u>Genever (US)</u>" and, together with the Trustee, and Genever (BVI), the "<u>Movants</u>") for entry of an order (this "<u>Order</u>") establishing procedures for interim compensation and reimbursement of expenses for attorneys and other professionals employed by the Movants or the Committee whose retentions are approved pursuant to 11 U.S.C. §§ 327 or 1103 (collectively, the "<u>Professionals</u>"), all as more fully set forth in the Motion; and due and sufficient notice having been given; and the Court having held a hearing upon the Motion: and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest after the hearing held on _____, 2023; it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

2.      Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Professionals may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

a.      Following entry of this Order, on or before the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall file with the Court a monthly fee statement (the "Monthly Fee Statement"), and shall serve such Monthly Fee Statement on

i.      Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok (lucdespins@paulhastings.com);

ii.     Counsel for the Trustee, (x) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: G. Alexander Bongartz (alexbongartz@paulhastings.com) and Douglass Barron (douglassbarron@paulhastings.com)) and (y) Neubert, Pepe & Monteith, P.C., 195 Church Street, 13th Floor, New Haven, Connecticut 06510 (Attn: Douglas S. Skalka (dskalka@npmlaw.com) and Patrick R. Linsey (plinsey@npmlaw.com));

iii.    the Office of The United States Trustee, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, Connecticut 06510 (Attn: Holley L. Claiborn (holley.l.claiborn@usdoj.gov));

iv.     counsel for the Official Committee of Unsecured Creditors, Pullman & Comley, LLC, 850 Main Street, 8th Floor, PO Box 7006, Bridgeport, Connecticut 06601-7006 (Attn: Irve J. Goldman (igoldman@pullcom.com); and

v.      counsel for Pacific Alliance Asia Opportunity Fund L.P., O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: Peter Friedman (pfriedman@omm.com) and Stuart M. Sarnoff (ssarnoff@omm.com))

(collectively, the "Notice Parties").  Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Limiting Service of Notice for Applications*

*Seeking Compensation of Fees or Reimbursement of Expenses* [ECF No. 1611] (the "Fee App Notice Order").

b.        Professionals employed as of July 1, 2023, shall file, within twenty (20) days of the entry of this Order, their first Monthly Fee Statements for any periods through the end of the last full month before entry of this Order (to the extent such periods are not addressed by a previously filed fee application).[3]  Any Professionals retained after July 1, 2023, shall file their first Monthly Fee Statement for the period from the date on which their employment became effective through the end of the first full month following such date and otherwise in accordance with the procedures set forth in this Order.

c.        Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries (redacted or modified to protect any privilege) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable, unless otherwise ordered by the Court.

d.        The Notice Parties shall have fourteen (14) days from the filing and service of a Monthly Fee Statement to review it and, if objecting to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), file with the Court and serve upon (i) the Professional whose Monthly Fee Statement is the subject of the Objection and (ii) the Notice Parties a written Notice of Objection to Fee Statement (a "Notice of Objection"), setting forth the nature of the Objection and the amount of fees or expenses as to which the Objection pertains.  The Court may extend the Objection Deadline upon the motion of any Notice Party filed prior to the Objection Deadline and served upon the applicable Professional, the Trustee, and the U.S. Trustee, and a showing of cause.

e.        At the expiration of the Objection Deadline, with respect to fees and expenses as to which no Notice of Objection has been served in accordance with the foregoing paragraph (d), 80% of the fees and 100% of the expenses shall be paid within fourteen (14) calendar days by the above-captioned Debtors' estates.

f.        If a Notice of Objection with respect to a particular Monthly Fee Statement is timely served, payment shall be withheld of only that portion of the Monthly Fee Statement as to which the Objection is directed and the Professional

---

[3]      Professionals' Monthly Fee Statements for any such periods may be filed in omnibus form but will otherwise be subject to all requirements for Monthly Fee Statements as set forth in this Order.

shall be paid the remainder of the fees and disbursements to the extent payable and pursuant to the procedures set forth in the foregoing paragraph (e).

g.      Promptly upon resolution of part or all of an Objection to a Professional's Monthly Fee Statement, the Professional shall file with the Court and serve notice of the resolution (the "Notice of Resolution of Objection") on the party that asserted the Objection (the "Objecting Party") and on all parties served with the applicable Notice of Objection indicating that the Objection has been fully or partially resolved, and, if partially resolved, the portion still subject to an Objection.  In the absence of written notice disputing the Notice of Resolution of Objection, filed with the Court within seven (7) days of the filing of the applicable Notice of Resolution of Objection and served by the Objecting Party on the applicable Professional, the Trustee, and the U.S. Trustee, the Objection at issue in the Notice of Resolution of Objection shall be deemed resolved, without prejudice to any objection to an interim or final application for compensation, as provided in the following paragraph (i).

h.      If an Objection is resolved, then that portion of the Monthly Fee Statement that is no longer subject to the Objection shall be paid from the above-captioned debtors' estates within fourteen (14) days of the expiration of time to dispute the Notice of Resolution of Objection.  All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application to be heard by the Court in accordance with the following paragraphs (j) and (k).  Objections shall not be heard or determined by the Court in advance of the applicable interim or final fee application.

i.      The service of a Notice of Objection in accordance with the foregoing paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j.      Commencing with the period ending August 31, 2023, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period.  Each Professional shall file its Interim Fee Application no later than forty-five (45) days after the end of the Interim Fee Period.

k.      The Court shall enter a notice of hearing (the "Interim Fee Hearing Notice") scheduling a hearing to consider the Interim Fee Applications for all Professionals (the "Interim Fee Hearing"), after the expiration of the forty-five

4

(45)-day period set forth in the foregoing paragraph (j).  Unless otherwise ordered by the Court, the Trustee shall serve all parties entitled to service under the Fee App Notice Order with a copy of the Interim Fee Hearing Notice within seven (7) days of the Court's entry of the Interim Fee Hearing Notice, and the Trustee shall file a certificate attesting to having made such service prior to the Interim Fee Hearing.

l.      Any Professional that fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement (i) shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the Professional's last fee application, whichever is later.

m.      The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

o.      Any service required pursuant to the Compensation Procedures shall be made by electronic mail (including, if applicable, by the Court's CM/ECF system), or, to the extent that service by electronic mail cannot be made, by U.S. mail or reputable overnight courier (the "Service Procedures").

p.      For the avoidance of doubt, nothing herein shall preclude (a) any Professional from seeking allowance and payment of fees pursuant to interim or final fee applications without first having submitted Monthly Fee Statements or (b) the Court from considering any such fee applications (including any pending applications filed prior to entry of this Order).

3.      The Movants shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4.      Monthly Fee Statements, Notices of Objection, Notices of Resolution of Objection, and notices disputing Notices of Resolution of Objection, shall not be determined by the Court or scheduled for hearing prior to the applicable interim or final application for compensation, and any disputed issues in connection therewith shall be preserved pending the Court's consideration of

the interim or final application for compensation. The foregoing shall not limit the Court's authority to enter orders or schedule proceedings as the Court deems appropriate upon its review of these or any other documents filed in the above-captioned chapter 11 cases.

5.      The Trustee shall serve a copy of this Order on each of the Professionals.

6.      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      Any compensation or reimbursement of expenses paid to any Professional pursuant to this Order on account of its Monthly Fee Statements may be subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full or as provided in the order approving the sale of the Lady May [ECF No. 1953].

9.      Any Notice Party may object to requests for payments made pursuant to this Order on the grounds that the Movants have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of the case; *provided*, *however*, that the Trustee may request by motion (a "Suspension Motion") that the Court suspend the Compensation Procedures if, in the Trustee's sole discretion, he believes circumstances warrant such relief.  A Suspension Motion shall be heard within seven (7) days of filing subject to the Court's schedule.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT B**

**Sagecrest Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------X
In re:                                          :        CHAPTER 11
                                                :
SAGECREST II LLC,                               :        CASE NO. 08-50754 (AHWS)
SAGECREST FINANCE, LLC                          :        CASE NO. 08-50755 (AHWS)
SAGECREST HOLDINGS LIMITED                      :        CASE NO. 08-50763 (AHWS)
SAGECREST DIXON INC.                            :        CASE NO. 08-50844 (AHWS)
                                                :
            Debtors                             :        JOINTLY ADMINISTERED
                                                :        UNDER CASE NO. 08-50754 (AHWS)
---------------------------------------------------X

## ORDER AUTHORIZING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the request for the approval of procedures for interim monthly compensation and reimbursement of expenses the under 11 U.S.C. §§ 105(a) And 331 made by SageCrest II LLC ("SageCrest II"), SageCrest Finance LLC ("SageCrest Finance"), SageCrest Holdings Limited ("SageCrest Holdings") and SageCrest Dixon Inc. ("SageCrest Dixon"), as debtors and debtors in possession (collectively, the "Debtors" and, together with their non-debtor subsidiaries, "SageCrest") and of the Official Committee of Equity Holders (the "Committee") at the hearings held in these cases on January 13, 2009, and the Debtors and the Committee having submitted this Order at the direction of this Court, and the Court having reviewed the Order and upon hearing the representations of counsel, and finding the relief requested therein to be reasonable and sufficient cause appearing therefor, it is

ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all professional retained in these cases by order of this Court ("Retained Professionals") may seek monthly compensation in accordance with the following procedures

a.    On or before the 20th day of each month following the month or a prior month for which compensation is sought, each professional may submit a monthly statement (the "Monthly Statement") by hand or overnight delivery to the following parties:

SageCrest II LLC
SageCrest Finance LLC
SageCrest Holdings Limited
Three Pickwick Plaza
Suite 400
Greenwich, CT 06830-0000
Attn: Nick Ferreri
Debtor

Patrick J. Neligan, Jr.Esq.
Neligan Foley LLP
Republic Centre
325 N. St. Paul, Suite 3600
Dallas, Texas  75201
pneligan@neliganlaw.com
Counsel for Debtors, SageCrest II,LLC;
SageCrest Finance, LLC; SageCrest
Dixon,Inc.

James Berman, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605
jberman@zeislaw.com
Counsel for Debtors, SageCrest II,
LLC; SageCrest Finance, LLC;
SageCrest Dixon, Inc.

Alicia Leonard. Esq.
Assistant United States Trustee
Giamo Federal Building
150 Court Street
Room 302
New Haven, CT  06510
  M A C R O B U T T O N   HtmlResAnchor
USTPRegion02.NH.ECF@USDOJ.GOV

Jonathan B. Alter, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT  06103-3178
Counsel for DB Structured
Products

Eric Henzy, Esq.
Reid and Riege, P.C.
1 Financial Plaza
Hartford, CT 06103
Counsel for Committee of Equity
Security Holders

Laurence May, Esq.
Cole, Schotz, Meisel, Forman &
Leonard, P.A.
900 Third Avenue, 16th Floor
New York, NY 10022
Counsel to SageCrest Holdings,
Inc.

Melissa Zelen Neier, Esq.
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
Counsel for Provisional Liquidator

Dennis Meir, Esq.
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309-4530
Counsel to the Official Committee
of Equity Holders

Jeremy T. Stillings, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Counsel for Provisional Liquidator

b.   Because this Order is not intended to alter the fee application requirements
outlined in sections 330 and 331 of the Bankruptcy Code, all fees and expenses received
by Retained Professionals hereunder are subject to interim and final fee applications in
accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules
and the Local Bankruptcy Rules. The Monthly Statement shall not be filed with the Court
and a courtesy copy need not be delivered to chambers.

c.   Each Monthly Statement shall contain a list of the individuals and their
respective titles (e.g., attorney, accountant, or paralegal) who provided services during
the statement period, their respective billing rates, the aggregate hours spent by each
individual and a reasonably detailed breakdown of the disbursements incurred.  No
Retained Professional should seek reimbursement of an expense that would not be
allowed pursuant to the United States Trustee Guidelines for Reviewing Applications for
Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330.  Moreover,
each Monthly Statement should contain contemporaneously maintained time entries for
each individual in increments of tenths of an hour, except where otherwise ordered by the
Court.

d.   Each person receiving a Monthly Statement shall have at least fifteen days
after its receipt to object to it.  If he or she has an objection to the compensation or
reimbursement sought in a particular Monthly Statement, he or she shall, within said
fifteen days, serve upon the Retained Professional whose Monthly Statement is objected
to, and upon the other persons designated in paragraph (a) above to receive Monthly
Statements, a written "Notice of Objection to Fee Statement" (hereinafter referred to as
an "**Objection**") setting forth the nature of the objection and the amount of fees or
expenses at issue.

e.   Within twenty five days, but no earlier than eighteen days, following the
receipt of a Monthly Statement for which compensation is sought, the Debtors shall
promptly pay 85% of the fees and 100% of the expenses identified in each Monthly
Statement to which no Objection has timely been served in accordance with paragraph
(d) above.

f.   If the Debtors receive an Objection from one or more of the parties listed
herein to a particular Monthly Statement, they shall withhold payment of that portion of
the Monthly Statement to which the Objection is directed and promptly pay,  by no later
than twenty five days from receipt of the Monthly Statement, the remainder of the fees
and disbursements in the percentages set forth in paragraph (e) above.

g.   If the parties to an Objection are able to resolve their dispute following the
timely service of an Objection and if the party whose Monthly Statement was objected to
serves on all of the parties listed in paragraph (a) a statement indicating that the
Objection is withdrawn and describing in detail the terms of the resolution, then the

Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement no longer subject to an Objection.

h.   All Objections not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraphs (j) below.

i.   The service of an Objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any basis, whether or not raised in the Objection.  Furthermore, the decision by any party not to object to a Monthly Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any fee application subsequently made by any party to the Court in accordance with the Bankruptcy Code, including as to allocation of Professionals' compensation and expenses among the Debtors, with such allocation issues being reserved for the hearing on interim and final fee applications.

j.   Not less frequently than annually from the effective date of the approval of its retention, each Retained Professional shall serve and file with the Court an application for interim or final (as the case may be) Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested.

k.   Any Retained Professional that fails timely to file an application seeking approval of compensation and expenses previously paid under this Order shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until the filing of an application or further order of the Court and (ii) may be required to disgorge any fees paid since the later of such Retained Professional's retention or last fee application.

l.   Neither that an application for approval of compensation is pending or the entry of a Court order that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Statement shall disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

m.   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professional.

n.   The Committee Counsel may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Retained Professionals, collect and submit for payment statements of expenses, with supporting vouchers, from members of the committee he or she represents.

ORDERED that each Retained Professional whose retention has been approved by the Court as of the Petition Date may seek, in its first Monthly Statement(s), compensation for work performed and reimbursement for expenses incurred during the period beginning on the Petition Date; and it is further

ORDERED that the Debtors shall include all payments to Retained Professionals on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; and it is further

ORDERED that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, have not remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect while these cases are pending; and it is further

ORDERED that no professional may file a Monthly Statement until the Court enters an order approving the retention of such professional pursuant to section 327 or 1103 of the Bankruptcy Code; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; and it is further

ORDERED that notice of Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Bridgeport, CT
Dated: January 30, 2009

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge

## **EXHIBIT C**

**Latex Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LATEX FOAM INTERNATIONAL, LLC, | : | Case No. 19-51064 |
| LATEX FOAM INTERNATIONAL HOLDINGS, INC., | : | Case No. 19-51065 |
| LATEX FOAM ASSETS ACQUISITION, LLC, | : | Case No. 19-51066 |
| PURELATEX BLISS, LLC, and | : | Case No. 19-51067 |
| PLB HOLDINGS, LLC | : | Case No. 19-51068 |
| | : | (Jointly Administered Under |
| Debtors. | : | Case No. 19-51064) |
| | | Re: ECF No. 285 |

ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Upon the motion (the "Motion") of Latex Foam International Holdings, Inc. ("LFI Holdings"), Latex Foam International, LLC ("LFI"), Latex Foam Assets Acquisition, LLC ("LFA"), Pure Latex Bliss, LLC ("PLB"), and PLB Holdings, LLC ("PLB Holdings"), debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved pursuant to 11 U.S.C. §§ 327 or 1103 (collectively, the "Professionals")[1], all as more fully set forth in the Motion; and due and sufficient notice having been given; and the Court having held a hearing upon the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest after the hearing held on November 22, 2019; it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided by orders of this Court authorizing the

---

[1] For the purpose of this Order, the term Professionals does not include professionals: (a) employed as "ordinary-course professionals" (*see* ECF No. 189) or (b) employed under an order providing that their compensation is not subject to the Compensation Procedures set forth herein.

1

retention of specific professionals, all Professionals may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

      a.    Following entry of this Order, on or before the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall file with the Court a monthly fee statement (the "Monthly Fee Statement"), and shall serve such Monthly Fee Statement on: Latex Foam International Holdings, Inc., Latex Foam International, LLC, Latex Foam Assets Acquisition, LLC, Pure Latex Bliss, LLC, and PLB Holdings, LLC, 510 River Road, Shelton, CT 06484, Attn: Steve Turner (sturner@talalayglobal.com); (ii) counsel to the Debtors, Zeisler & Zeisler, P.C., 10 Middle Street, 15th Floor, Bridgeport, CT 06604, Attn: Eric Henzy, Esq. (ehenzy@zeislaw.com) and Patrick R. Linsey, Esq. (plinsey@zeislaw.com); (iii) counsel to the United States Trustee (the "U.S. Trustee"), The Giaimo Federal Building, 150 Court Street, Room 302, New Haven, CT 06510, Attn: Kari Mitchell, Esq. (Kari.Mitchell@usdoj.gov); (iv) counsel to Entrepreneur Growth Capital, LLC, McCarter & English LLP, 100 Mulberry Street, Newark, New Jersey 07102, Attn: Joseph Lubertazzi, Jr., Esq. (JLubertazzi@McCarter.com) and Joseph J. Cherico, Esq. (Jcherico@mccarter.com); (v) counsel to the Official Committee of Unsecured Creditors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Wojciech F. Jung, Esq. (wjung@lowenstein.com) and Mary E. Seymour, Esq. (mseymour@lowenstein.com); and (vi) any party that has appeared and requested notice in the above-captioned chapter 11 cases (collectively, the "Application Recipients"). Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Rules").

      b.    Professionals employed as of October 31, 2019 shall file their first Monthly Fee Statements for the period from the Petition Date (or, if later, the date upon which the employment of such Professional became effective (the "Effective Date")) through and including October 31, 2019, within twenty (20) days of the entry of the Proposed Compensation Procedures Order.[2] Any Professionals retained after October 31, 2019 shall file their first Monthly Fee Statement for the period from the Effective Date of their employment through the end of the first full month following such Effective Date and otherwise in accordance with the procedures set forth in this Motion.

      c.    Each Monthly Fee Statement must contain a list of the individuals

---

[2] Professionals' Monthly Fee Statements for any periods prior to November 1, 2019 may be filed in omnibus form but will otherwise be subject to all requirements for Monthly Fee Statements as set forth in this Order.

who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries (redacted or modified to protect any privilege) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable, unless otherwise ordered by the Bankruptcy Court. In the event that a Professional directly holds retainer funds (a "Direct Retainer") sufficient to pay some or all of the amounts of its Monthly Fee Statement, the Monthly Fee Statement shall indicate (a) the amount of such Direct Retainer and (b) the extent to which such Direct Retainer is available to pay any of the amounts requested for payment in the Monthly Fee Statement (a "Retainer Notice").[3] Following a Professional's filing and service of a Monthly Fee Statement and prior to its payment, if the amount of a Professional's Direct Retainer or its availability to pay the Professional's Fees and Expenses changes (*e.g.*, due to the allowance of fees and expenses pursuant to an interim application for compensation, payment of a supplemental retainer, *etc.*), the Professional shall promptly serve an amended Retainer Notice on the Debtors, Debtors' counsel, and the U.S. Trustee.

      d.      Parties-in-interest shall have fourteen (14) days from the filing and service of a Monthly Fee Statement to review it and, if objecting to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), file with the Court and serve upon the Professional whose Monthly Fee Statement is the subject of the Objection, the Debtors, Debtors' counsel, and the U.S. Trustee, a written Notice of Objection to Fee Statement (a "Notice of Objection"), setting forth the nature of the Objection and the amount of fees or expenses as to which the Objection pertains. The Court may extend the Objection Deadline upon the motion of any party-in-interest filed prior to the Objection Deadline and served upon the applicable Professional, the Debtors, the Debtors' counsel, and the U.S. Trustee, and a showing of cause.

      e.      At the expiration of the Objection Deadline, with respect to fees and expenses as to which no Notice of Objection has been served in accordance with the foregoing paragraph (d), 80% of the fees and 100% of the expenses (the "Payable Amounts") shall be paid as follows: (i) where Direct Retainer funds are available to pay some or all of the Payable Amounts, and the Professional has disclosed such availability in a Retainer Notice, the Payable Amounts shall first be paid from the Professional's Direct Retainer; and (ii) with respect to Payable Amounts for which Direct Retainer funds are not available, to the extent that funds

---

[3] For the avoidance of doubt, a Direct Retainer means retainer funds held in an account maintained by the Professional and not funds held in escrow accounts maintained by the Debtors for the benefit of certain Professionals, including those established pursuant to the Court's orders authorizing the Debtors' use of cash collateral (the "Professional Escrows," *see* ECF No. 272 at ¶¶ 5k, 5l(i)-(v)).

are available pursuant to a budget that is part of a Cash Collateral Order[4], the Debtors shall promptly pay such Payable Amounts.

      f.      If a Notice of Objection with respect to a particular Monthly Fee Statement is timely served, payment shall be withheld of only that portion of the Monthly Fee Statement as to which the Objection is directed and the Professional shall be paid the remainder of the fees and disbursements to the extent payable and pursuant to the procedures set forth in the foregoing paragraph (e).

      g.      Promptly upon resolution of part or all of an Objection to a Professional's Monthly Fee Statement, the Professional shall file with the Court and serve notice of the resolution (the "Notice of Resolution of Objection") on the party that asserted the Objection (the "Objecting Party") and on all parties served with the applicable Notice of Objection indicating that the Objection has been fully or partially resolved, and, if partially resolved, the portion still subject to an Objection, which Notice of Resolution of Objection shall also include a Retainer Notice. In the absence of written notice disputing the Notice of Resolution of Objection, filed with the Court within seven (7) days of the filing of the applicable Notice of Resolution of Objection and served by the Objecting Party on the applicable Professional, the Debtors, the Debtors' counsel, and the U.S. Trustee, the Objection at issue in the Notice of Resolution of Objection shall be deemed resolved, without prejudice to any objection to an interim or final application for compensation, as provided in the following paragraph (i).

      h.      If an Objection is resolved, then that portion of the Monthly Fee Statement that is no longer subject to the Objection shall promptly be paid from the Direct Retainer or by the Debtors, as applicable, in accordance with the foregoing paragraph (e). All Objections that are not resolved by the parties shall be preserved and presented to the Bankruptcy Court at the next interim or final fee application to be heard by the Bankruptcy Court in accordance with the following paragraphs (j) and (k). Objections shall not be heard or determined by the Court in advance of the applicable interim or final fee application.

      i.      The service of a Notice of Objection in accordance with the foregoing paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Bankruptcy Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Bankruptcy Court in accordance with the Bankruptcy Code.

      j.      Commencing with the period ending November 30, 2019, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Bankruptcy Court an application (an "Interim Fee Application") for interim Bankruptcy Court approval and allowance, pursuant to §§ 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and

---

[4] Amounts in the Professional Escrows pursuant to the Court's Cash Collateral Orders, to the extent held for the benefit of the applicable Professional(s), shall be considered funds available pursuant to a Cash Collateral Order budget.

reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than 45 days after the end of the Interim Fee Period. Any of the Debtors' Professionals and any of the Committee's Professionals that is unable to file its own Interim Fee Application with the Bankruptcy Court shall deliver to the Debtors' attorneys or the Committee's attorneys, as applicable, a fully executed copy of the Interim Fee Application with original signatures, along with service copies, three business days before the filing deadline. The Debtors' or the Committee's attorneys, as applicable, shall file and serve such Interim Fee Application.

k.      The Court shall enter a notice of hearing (the "Interim Fee Hearing Notice") scheduling a hearing to consider the Interim Fee Applications for All Professionals (the "Interim Fee Hearing"), after the expiration of the forty-five (45)-day period set forth in the foregoing paragraph (j).  Unless otherwise ordered by the Court, the Debtors shall serve all Application Recipients with a copy of the Interim Fee Hearing Notice within seven (7) days of the Court's entry of the Interim Fee Hearing Notice, and the Debtors shall file a certificate attesting to having made such service prior to the Interim Fee Hearing.

l.      Any Professional that fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the Professional's last fee application, whichever is later.

m.      The pendency of an Interim Fee Application or a Bankruptcy Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Bankruptcy Court.

n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Bankruptcy Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. Upon allowance by this Bankruptcy Court of a Professional's Interim Fee Application, all allowed requested fees and expenses (including any holdbacks) shall be paid first from any Direct Retainer held by the applicable Professionals and thereafter, to the extent that funds are available pursuant to a budget that is part of a Cash Collateral Order, by the Debtors.

o.      If at any time it is unclear (i) the extent to which a Professional's Direct Retainer is sufficient to pay Payable Amounts or allowed fees and expenses, or (ii) how funds held in Professional Escrows for the benefit of more than one Professional should be apportioned, the Debtors and/or the U.S. Trustee may request an amended Retainer Notice from the applicable Professional or direction from the Committee or the Debtors, as applicable, as to apportionment of funds in the Professional Escrows.

p.      Any service required pursuant to the Compensation Procedures shall be made by electronic mail (including, if applicable, by the Court's CM/ECF

system), or, to the extent that service by electronic mail cannot be made, by U.S. mail or reputable overnight courier (the "Service Procedures").

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4. Monthly Fee Statements, Notices of Objection, Notices of Resolution of Objection, and notices disputing Notices of Resolution of Objection, shall not be determined by the Court or scheduled for hearing prior to the applicable interim or final application for compensation, and any disputed issues in connection therewith shall be preserved pending the Court's consideration of the interim or final application for compensation. The foregoing shall not limit the Court's authority to enter orders or schedule proceedings as the Court deems appropriate upon its review of these or any other documents filed in the above-captioned chapter 11 cases.

5. The Debtors shall serve a copy of this Order on each of the Professionals.

6. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Any compensation or reimbursement of expenses paid to any Professional pursuant to this Order on account of its Monthly Fee Statements may be subject to disgorgement or adjustment, to the extent ordered by the Court: (a) in the event administrative claims are not paid in full, (b) based on the Court's subsequent orders in connection with the Professional's interim or final applications for compensation, or (c) as otherwise provided in this Order.[5]

---

[5] This provision shall not limit the rights of parties-in-interest to advance arguments, or the Court's authority to consider arguments, concerning the basis for or appropriateness of these remedies, including, without limitation, those concerning the effect of carve-outs ordered by the Court and/or that amounts at issue were paid from Professional Escrows or Direct Retainers.

9.     Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtors have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. section 1930 fees, or a manifest exigency exists by seeking a further order of this court, _otherwise_, this Order shall continue and shall remain in effect during the pendency of the case.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 25th day of November, 2019.

_Julie A. Manning_
Chief United States Bankruptcy Judge
District of Connecticut

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                     :

In re:                          :    Chapter 11
                                       :

HO WAN KWOK, *et al.*,[1]      :    Case No. 22-50073 (JAM)
                                       :

           Debtors.        :    (Jointly Administered)
                                       :

-------------------------------------------------------x

## NOTICE OF CONTESTED MATTER RESPONSE DATE

       Luc A. Despins, in his capacity as the chapter 11 trustee appointed in the chapter 11 case

of Ho Wan Kwok, Genever Holdings Corporation, and Genever Holdings LLC (collectively, the

"Movants") have filed a *Motion of Chapter 11 Trustee and Genever Debtors for Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained

Professionals* (the "Contested Matter") with the United States Bankruptcy Court for the District

of Connecticut.  Notice is hereby given that any response to the Contested Matter must be filed

with the Court no later than August 3, 2023, in accordance with Federal Rules of Bankruptcy

Procedure 2002(a) and 9014.[2]  In the absence of a timely filed response, the proposed order in the

Contested Matter **may** enter without further notice and hearing, *see* 11 U.S.C. section 102 (1).

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

Dated:   July 13, 2023             LUC A. DESPINS, CHAPTER 11 TRUSTEE,
         New Haven, Connecticut     GENEVER HOLDINGS CORPORATION, and
                                    GENEVER HOLDINGS LLC

                                By: */s/ Patrick R. Linsey*
                                   Douglas S. Skalka (ct00616)
                                   Patrick R. Linsey (ct29437)
                                   NEUBERT, PEPE & MONTEITH, P.C.
                                   195 Church Street, 13th Floor
                                   New Haven, Connecticut 06510
                                   (203) 781-2847
                                   dskalka@npmlaw.com
                                   plinsey@npmlaw.com

                                      *and*

                                   Nicholas A. Bassett *(pro hac vice)*
                                   PAUL HASTINGS LLP
                                   2050 M Street NW
                                   Washington, D.C., 20036
                                   (202) 551-1902
                                   nicholasbassett@paulhastings.com

                                      *and*

                                   Avram E. Luft *(pro hac vice)*
                                   Douglass Barron *(pro hac vice)*
                                   PAUL HASTINGS LLP
                                   200 Park Avenue
                                   New York, New York 10166
                                   (212) 318-6079
                                   aviluft@paulhastings.com

                                   *Counsel for the Movants*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
HO WAN KWOK et al.,                 :    Case No. 22-50073 (JAM)
                                    :
              Debtors.              :    Jointly Administered
                                    :
------------------------------------------------------x
```

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on July 13, 2023, the foregoing was filed electronically using the Court's case management/electronic case files system ("<u>CM/ECF</u>"). Electronic notice was provided automatically via CM/ECF at the time that the Served Documents were filed to all appearing parties eligible to receive electronic notice and the Served Documents may be viewed via CM/ECF.  Additionally, on July 13, 2023, the undersigned caused the Served Documents to be sent via first-class U.S. Mail to the recipients set forth on **Exhibit 1** appended hereto.  Such service constitutes service on all of the Notice Parties as defined in the Fee App Notice Order and the proposed Compensation Procedures.

Dated:      July 13, 2023
            New Haven, Connecticut

                              By: */s/ Patrick R. Linsey*
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  plinsey@npmlaw.com

## **Exhibit 1**

Cheng Jian Wu Jian She
Gaosheng Guo
Yan Zhao
c/o Ning Ye, Esq.
Law office of Ning Ye, Esq.
135-11 8th Ave. #1A
Flushing, NY 11354

Hong Qi Qu
Nan Tong Si Jian
Jian Gong
Yua Hua Zhuang Shi
c/o Kevin Tung, Esq.
Kevin Kerveng Tung P.C.
Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, NY 11354

Liehong Zhuang
Xiao Yan Zhu
c/o Jonathan T. Trexler, Esq.
Trexler & Zhang, LLP
224 West 35th Street, 11th Floor
New York, NY 10001

Jun Chen aka Jonathan Ho
c/o Wayne Wei Zhu, Esq.
41-25 Kissena Blvd, Suite 112
Flushing, NY 11355

Samuel Dan Nunberg
600 S. Dixie Hwy, Suite 455
West Palm Beach, FL 33401

Golden Spring New York Ltd.
162 E. 64th Street
New York, NY 10065-7478

Romer Debbas LLP
275 Madison Ave., Ste 801
New York, NY 10016-1153

Chao-Chih Chiu
Huizhen Wang
Yunxia Wu
Keyi Zilkie
c/o TroyGould PC
1801 Century Park East, 16th Floor
Attn: Christopher A. Lilly
Los Angeles, CA 90067-2367

Gregory A. Coleman
Coleman Worldwide Advisors, LLC
P O Box 2839
New York, NY 10008-2839

Dundon Advisers LLC
10 Bank Street, Suite 1100
White Plains, NY 10606

Edward Moss
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

Alissa M. Nann
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

Kevin J. Nash
J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway
22nd Floor
New York, NY 10036

Diana Perez
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

Stuart Sarnoff
O'Melveny & Myers LLP
7 Times Square
33rd Floor
New York, NY 10036

Daniel Shamah
O'Melveny & Myers, LLP
7 Times Square
New York, NY 10036

Douglas E. Spelfogel
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001

Stretto
410 Exchange, Suite 100
Irvine, CA 92602

Derek L. Wright
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001

Yongbing Zhang
223 West Jackson Bl;vd. #1012
Chicago, IL 60606