**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
HO WAN KWOK, *et al*.,[1]                                   :   Case No. 22-50073 (JAM)
                                                            :
                    Debtors.                                :   (Jointly Administered)
                                                            :
------------------------------------------------------------x
                                                            :
LUC A. DESPINS, CHAPTER 11                                  :
TRUSTEE,                                                    :
                                                            :   Adv. Proceeding No. 23-05013 (JAM)
                    Plaintiff,                              :
                                                            :
v.                                                          :
                                                            :
                                                            :
HCHK TECHNOLOGIES, INC.,                                    :
HCHK PROPERTY MANAGEMENT, INC.,                             :
LEXINGTON PROPERTY AND STAFFING, INC.,                      :
HOLY CITY HONG KONG VENTURES, LTD.,                         :
ANTHONY DIBATTISTA, YVETTE WANG,                            :
and BRIAN HOFMEISTER (in his capacity                       :
as assignee),                                               :
                                                            :
                    Defendants.                             :
------------------------------------------------------------x

**[REVISED PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, CHAPTER 11 TRUSTEE'S SETTLEMENT WITH ASSIGNEE OF HCHK ENTITIES UNDER NEW YORK COURT ASSIGNMENT PROCEEDINGS**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Kwok (the "Debtor"), for entry of an order, approving a settlement agreement between the Trustee and the Assignee, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

1. The Motion is GRANTED as set forth in this Order.

2. All objections to the Motion have been resolved by modifications to the original proposed order as set forth in this Order, or have been overruled, including all assertions of reservations of rights.

3. The Settlement Agreement, as modified by the terms of this Order, between the Trustee and the Assignee is approved pursuant to Bankruptcy Rule 9019.

4. **Modification of TRO Order:** The *Order Granting in Part Emergency* Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* [Adv. Proc. 23-05013, Docket No. 18] (the "TRO Order") is hereby modified to the extent it enjoins any action set forth herein.

5. **Initial HCHK Funds Transfer.** Promptly following entry of this Order, the Assignee[3] shall transfer the HCHK Funds to the Trustee's section 345 accounts with East West Bank (the "Trustee Accounts"), where such funds shall be held on an interim basis pending the Dispositive Ruling in the Adversary Proceeding; provided that, pending the Dispositive Ruling in the Adversary Proceeding, the Trustee may invest all or a portion of the HCHK Funds deposited in the Trustee Accounts (with such portion to be determined in the sole discretion of the Trustee) in U.S. Treasury bills (of terms to be selected by the Trustee in his sole discretion,

---

[3] References herein to the "Parties," "Trustee," and "Assignee" include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

2

up to maximum maturity of six months) to be purchased or acquired directly from the U.S. Treasury to be held separate and apart from other accounts of the Trustee and not subject to hypothecation, use, or other forms of encumbrance by the Trustee. The HCHK Funds shall constitute all the funds of the HCHK Entities within the Assignee's control, including cash deposited in accounts at ConnectOne Bancorp., Inc., in the approximate amount of $38,835,734.27. For the avoidance of doubt, pending the issuance of a Dispositive Ruling, the Trustee shall not be authorized to use the HCHK Funds for any purpose other than as set forth herein.

6. **Corporate Records.** The Assignee shall immediately make available to the Trustee all non-privileged corporate records (including in electronic form) and other documents pertaining to the HCHK Entities in the possession of the Assignee. All such corporate records and other documents shall be considered documents designated as "confidential" and subject to the protective order entered in this Chapter 11 Case on October 6, 2022 [Main Case Docket No. 923].

7. **Assignee to Take No Position in Adversary Proceeding.** The Assignee shall take no position and file no pleadings with respect to the relief sought by the Trustee in (a) the Complaint, (b) the TRO Motion, or (c) any Dispositive Motion filed in the Adversary Proceeding, as long as such Dispositive Motion is consistent with the settlement set forth herein and that appropriate notice of the requested relief is provided. Moreover, the Assignee shall not oppose, or assist any party opposing, the relief sought in the Adversary Proceeding or any pleadings filed therein, shall not assign to anyone his rights under the Deeds of Assignment, and shall not agree to modify any such rights.

8.      **No Prejudice.**  The entry of this Order and the occurrence of the Initial HCHK Funds Transfer shall be without prejudice to the rights of any party (other than the Assignee) to file pleadings and take positions in connection with the Adversary Proceeding, including by opposing a Dispositive Motion, subject to standing requirements; provided that, all rights of the Trustee to oppose any party, including by challenging such party's standing, shall be reserved.

9.      **Authorized Assignee Actions.**  Following the entry of this Order and the occurrence of the Initial HCHK Funds Transfer, the Assignee shall be authorized, solely pursuant to the terms of the Settlement Agreement and for the sole purpose of implementing the Settlement Agreement, to take certain Authorized Assignee Actions.  The Authorized Assignee Actions shall consist of (1) the Assignee seeking relief from the New York Court, subject to the review and prior approval of the Trustee, with respect to (a) the commencement of the Assignment Proceedings; (b) the approval of the retention of the Assignee's counsel Cole Schotz P.C. and McManimon, Scotland & Baumann, LLC; (c) the approval of the retention of the Assignee's financial advisor, DLA, LLC; (d) the approval of retention of the Assignee's appraiser, A. Atkins Appraisal Corp., (e) the procedural consolidation and joint administration of the Assignment Proceedings; and (f) the approval of the Assignee's efforts to secure the HCHK Entities' funds by opening accounts with ConnectOne Bancorp, Inc. and depositing such funds across multiple accounts so that the funds in each account are within the federally-insured limit of $250,000; and (g) the discharge of the Assignee and the closing of the Assignment Proceedings; (2) the Assignee's termination of the IMA with G-News and withdrawal of the Application filed in the New York Court with respect to the IMA with G-News; (3) the Assignee's continued administration of the HCHK Entities pending a Dispositive Ruling, subject to the prior approval of the Trustee, including by (a) securing the Columbus Circle Offices as

well as the Columbus Circle Assets; (b) notifying the landlord and/or sublandlord of the Columbus Circle Offices of the intention to vacate, when appropriate; (c) arranging for the storage and/or disposition of the Columbus Circle Assets; (d) complying with subpoenas issued by the United States Department of Justice; (e) securing the HCHK Entities' books, records, and other material stored on company devices pending a Dispositive Ruling; (f) cancelling security and utility services at the Columbus Circle Offices; and (g) addressing payroll and termination issues related to the HCHK Entities' three remaining employees and any employee benefit plans; and (4) such other actions as the Trustee and Assignee agree are reasonable and necessary to effectuate the Settlement Agreement, the preservation and transition of the HCHK Entities' assets to the Trustee, and conclusion of the Assignment Proceedings. The Trustee may advance to the Assignee a portion of the HCHK Funds from the Trustee's Accounts in connection with funding Authorized Assignee Actions, from which the Assignee may pay expenses (other than professional fees and expenses which are governed by paragraph 11 below) associated with the Authorized Assignee Actions subject to the approval of the Trustee. The Trustee shall file monthly reports in this Court, to be filed on the twenty-first day of the following month, with respect to expenses paid in connection with the Authorized Assignee Actions, and shall provide three days' advance notice with respect to any individual expense in an amount over $50,000.00 to the United States Trustee and the official committee of unsecured creditors in this Chapter 11 Case.

10.     **New York Court Orders Not Binding**:  Any relief granted by the New York Court in connection with the Assignment Proceedings shall not be binding on this Court with respect to issues within this Court's exclusive jurisdiction, such as the chapter 11 estate's

payment to the Assignee's professionals or the Assignee himself under the Settlement Agreement.

11. **Approval of Settlement Payment:** In the event the Court issues a Dispositive Ruling in favor of the Trustee, the Trustee shall pay from the Trustee Accounts, as a settlement payment pursuant to section 363 of the Bankruptcy Code (and subject to the Trustee's review of documentation supporting the Assignee's professionals' fees), the following amounts payable to the Assignee and his professionals: (1) with respect to the Assignee, an amount of $550,000.00; (2) with respect to Cole Schotz P.C. ("Cole Schotz"), an amount equal to the reasonable fees and expenses incurred by Cole Schotz in connection with the preparation and prosecution of the Assignment Proceedings since March 22, 2023 through filing of the Motion, which amount shall be no greater than $400,000.00; (3) with respect to McManimon, Scotland & Baumann, LLC ("MSB"), an amount equal to the reasonable fees and expenses incurred by MSB, as proposed counsel to the Assignee, since April 20, 2023 through the filing of the Motion, which amount shall be no greater than $75.000.00; (4) with respect to A. Atkins Appraisal Corp., an amount of $7,800.00; (5) with respect to DLA, LLC ("DLA"), an amount equal to the reasonable fees and expenses incurred by DLA, as proposed financial advisor to the Assignee, since May 1, 2023 through the filing of the Motion, which amount shall be no greater than $155,000.00; and (6) with respect to each of Cole Schotz, MSB and DLA, an amount equal to the incremental reasonable fees and expenses incurred by each firm from and after the filing of the Motion, subject to the Trustee's approval of such fees and expenses prior to their incurrence, in connection with Authorized Assignee Actions. The official committee of unsecured creditors in this Chapter 11 Case shall have the same access to the documentation supporting the Assignee's professionals' fees, and review rights with respect to such fees, as the Trustee.

12. **Modification of Bar Date Order:** In the event the Court issues a Dispositive Ruling in favor of the Trustee, the Trustee shall be authorized and directed to seek an amendment to this Court's bar date order to allow creditors (if any) of the HCHK Entities to file claims in the Debtor's chapter 11 case.

13. **Debtor Release:** In the event of a Dispositive Ruling in favor of the Trustee, the Assignee and his professionals (each a "Released Party" and collectively, the "Released Parties") shall be deemed released and discharged by the Trustee, on behalf of the Debtor and Debtor's estate, from any and all claims, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses and offsets of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, in tort, law, equity, or otherwise, including, but not limited to, any derivative claims of the Debtor and Debtor's estate (the "Release"). The entry of this Order, subject to the ultimate grant of the Dispositive Ruling, shall constitute the Bankruptcy Court's finding that the Release is: (a) in exchange for the good and valuable consideration among the parties; (b) a good faith settlement and compromise of the claims released by the Release set forth above; (c) in the best interests of the Debtor and Debtor's estate; (d) fair, equitable, and reasonable; and (e) given and made after reasonable investigation by the Trustee, on behalf of the Debtor and Debtor's estate.

14. **Gatekeeper Function:** In the event the Release set forth in paragraph 13 becomes effective, all creditors and/or equity holders of the HCHK Entities shall first be required to seek approval from this Court, which approval shall be sought by motion prior to asserting any request, claim, or cause of action, including but not limited to, causes of action for contribution or indemnification, however denominated, against any Released Party in this Court (and not in

any other forum).  If such a motion is filed, the Court shall determine whether such request, claim, or cause of action is released pursuant to the Release set forth above.

15. **Return of HCHK Funds to Assignee:**  In the event of a final order against the Trustee on both the alter ego and equitable ownership claims, the Trustee shall promptly return the HCHK Funds in his control to the Assignee.

16. **Approval of Notice of Order:**  The Court hereby approves the form Settlement Order Notice, attached as **Exhibit A** hereto, to be served on the Assignment Proceedings Notice Parties.

17. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Signed this __ day of _____, 2023

                                                _____
                                                Hon. Julie A. Manning
                                                United States Bankruptcy Judge