UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO, | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 2004 |

**UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO CHAPTER 11 TRUSTEE'S REVISED PROPOSED ORDER ON MOTION REGARDING SETTLEMENT WITH HCHK ENTITIES <u>UNDER NEW YORK ASSIGNMENT PROCEEDINGS</u>**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), submits this supplemental objection to the revised proposed order submitted by Chapter 11 Trustee Luc A. Despins ("Trustee") on his motion for approval of a settlement agreement with the HCHK Entities[1] (ECF 2004) ("Revised Proposed Order"). On July 5, 2023, the United States Trustee filed a limited objection to the Trustee's motion for approval of a settlement agreement with the HCHK Entities (ECF 1978) ("Objection"). Consistent with his Objection, the United States Trustee continues to oppose certain aspects of the settlement reflected in the Revised Proposed Order.

(a) *Lack of authority and subject matter jurisdiction for Paragraph 14*

The United States Trustee objects to paragraph 14 of the Revised Proposed Order and asks that it be removed from the Revised Proposed Order. Although styled as a "gatekeeper function," paragraph 14 implements a channeling injunction because it requires non-settling third parties, including parties not participating in this chapter 11 case, to obtain this Court's

---
[1] Term is defined in ECF 1963 at fn 3.

1

permission to bring claims against the Assignee. Paragraph 14 assumes without citing any statutory basis that the Court has both (i) subject matter jurisdiction over the independent claims of such third parties and (ii) the authority to impose and implement this mechanism. The Trustee has the burden to demonstrate that there is a statutory basis for relief described in paragraph 14 and has not met that burden. Accordingly, paragraph 14 should be stricken from the order.

(b) *Paragraph 9 - Threshhold for use of settlement funds is too high*

In response to the Objection, paragraph 9 of the Revised Proposed Order now provides for three days' advance notice to the United States Trustee and to the Official Committee of Unsecured Creditors ("Committee") of any expense in connection with the Authorized Assignee Actions that is more than $50,000. In his Objection, the United States Trustee had requested that the threshold be set at a lower amount of $25,000. The United States Trustee maintains that $25,000 is the appropriate number. Use of monies should be subject to reasonable safeguards and a threshold of $25,000 provides a fair balance between giving the Trustee autonomy and flexibility to pay expenses and having to preview with the United States Trustee and the Committee the reasons for expenses that exceed $25,000.00.

**WHEREFORE** for the foregoing reasons, the United States Trustee opposes the approval of the Revised Proposed Order in its current form.

Dated:  July 14, 2023  
        New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn  
       Holley L. Claiborn  
       Trial Attorney  
       Office of the United States Trustee  
       Giaimo Federal Building, Room 302  
       150 Court Street, New Haven, CT 06510  
       Holley.L.Claiborn@usdoj.gov  
       Federal Bar No.: ct17216 (Connecticut)  
       (203) 773-2210

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on all appearing parties via the Court's CM/ECF filing system.

By: /s/ Holley L. Claiborn
Holley L. Claiborn