IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>July 14, 2023 |

**G CLUB OPERATIONS LLC'S SUPPLEMENTAL NOTICE TO MODIFY THE
REVISED PROPOSED ORDER RELATING TO MOTION, PURSUANT TO
BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH ASSIGNEE OF
HCHK ENTITIES UNDER NEW YORK COURT ASSIGNMENT PROCEEDINGS**

G Club Operations LLC ("**G Club**"), by and through its undersigned counsel, hereby supplements its original Notice (ECF No. 1977) regarding the *Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings* (ECF No. 1936, the "**9019 Motion**") to highlight additional modifications to the recently filed revised Proposed Order allowing the 9019 Motion (the "**Revised Proposed Order**") (ECF No. 2004) which are necessary to (1) protect G Club's rights and claims and confidential and privileged communications and data administered for G Club by HCHK Technologies, Inc. ("**G Club Materials**") from improper disclosure and (2) establish a process pursuant to which the G Club Materials can be reviewed, analyzed and, if not confidential and privileged, produced to the Trustee.[2] To be clear, G Club is not seeking a ruling now that G Club Materials are confidential and privileged or that limits the Trustee's ability to challenge any

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] As of the filing of this Supplemental Notice, G Club has produced over 125,000 non-privileged documents to the Trustee responding to his Rule 2004 Subpoena to G Club.

{00323761.1 }

assertion of confidentiality or privilege by G Club or this Court's ability to decide whether any or all of the G Club Materials are confidential or privileged and thus not subject to production to the Trustee through discovery.[3]  G Club only seeks the implementation of a defined process that protects and preserves rights and privileges.  In support of this request for additional modifications to the Revised Proposed Order, G Club states as follows:

1. Following arguments at the hearing on the 9019 Motion held on July 11, 2023, the Court ordered that the Trustee file a revised proposed order that only sought to resolve the U.S. Trustee's Objections, but no other objections or notice lodged by any party, including the issues raised by G Club in its original Notice or at the hearing.  The Court also ordered that any further or additional issues by those parties who had lodged concerns be filed by 5:00 pm (ET) on July 14, 2023.

2. G Club retained HCHK Technologies, Inc. to administer a cloud-based storage and email system for its communications and financial documentation and to provide additional services, including certain legal services.  As such, G Club Materials include *all* emails, including materials with respect to which G Club would assert privilege, including attorney-client privilege,

---

[3] Although the Trustee contends that the Debtor and G Club are alter egos, he has not filed any action seeking that finding.  Indeed, the Trustee glosses the legal hurdles that he must first overcome to establish an alter ego, and even then, the assets of the Debtor's alter ego do not automatically become assets of this chapter 11 estate. *See e.g., FIH, LLC v. Barr*, No. X08FSTCV206045676S, 2022 WL 18110170, at *10 (Conn. Super. Ct. Dec. 28, 2022)("[A]lthough a piercing the corporate veil claim might be framed as an independent cause of action, the claim is nothing more than a remedial request to enforce a judgment against a party not primarily liable.")(internal quotation marks omitted).  Further, even if the Trustee were successful in asserting proving that the Debtor and G Club are alter egos, no court has held or been asked to hold that the Debtor and G Club (or any other entity for that matter) should be substantively consolidated such that G Club's independent existence and rights do not exist.  To eliminate the distinction between the Debtor and any other entity requires substantive consolidation which, assuming it is available as between debtors and non-debtors, would have the effect of "pooling the assets of, and the claims against, the two entities." *In re Augie/Restivo Baking Co., Ltd*., 860 F.2d 515, 518 (2d Cir. 1988). The Second Circuit has warned, however, that substantive consolidation should be used sparingly; "[b]ecause of the dangers in forcing creditors of one debtor to share on a parity with creditors of a less solvent debtor, we have stressed that substantive consolidation is no mere instrument of procedural convenience ... but a measure vitally affecting substantive rights." *Id.* (internal citations and quotations omitted).

as well as non-privileged communications and data which may be responsive to the Trustee's Rule 2004 Subpoena, and non-responsive information.

3. Neither the Revised Proposed Order nor the proposed settlement agreement it approves protects from disclosure G Club Materials that are not responsive to the Rule 2004 Subpoena or in which G Club may assert privilege.[4]  To the contrary, the Revised Proposed Order and underlying settlement agreement create uncertainty around these fundamental protections that may be irreparably compromised even before there is any final resolution of the Trustee's Adversary Proceeding No.23-05013-1 against the HCHK Entities, or any assertion by G Club that specific G Club Materials are not responsive to the Rule 2004 Subpoena or are privileged.

4. Specifically, Paragraph 6 of the Revised Proposed Order states:

> **"Corporate Records.** The Assignee shall immediately make available to the Trustee all non-privileged corporate records (including in electronic form) and other documents pertaining to the HCHK Entities in the possession of the Assignee. All such corporate records and other documents shall be considered documents designated as "confidential" and subject to the protective order entered in this Chapter 11 Case on October 6, 2022 [Main Case Docket No. 923].

(ECF 2004).

5. The uncertainty in this Paragraph 6 arises from the phrase "all non-privileged corporate records (including in electronic form) and other documents pertaining to the HCHK Entities in the possession of the Assignee." First, are G Club Materials "corporate records" of the HCHK Entities or "other documents pertaining to the HCHK Entities"? Arguably they are not, but the Revised Proposed Order should make clear that they are not so that G Club's rights and privileges are not made meaningless though a wholesale turnover of documents to the Trustee.

6. Second, it is unclear whether the turnover of only "non-privileged" documents

---

[4] G Club has not and does not waive any claim to privilege.

requires the Assignee to withhold documents in which G Club might assert privilege (or which G Club might assert are not responsive to the Rule 2004 Subpoena), even if the Assignee knew the positions G Club might take on these issues – which, of course, he does not.

7. Third, designating turned-over documents as "confidential" under the protective order is insufficient to protect G Club's rights and privileges. Even with respect to G Club Materials which may be responsive and non-privileged, there are documents that likely would be "Highly Confidential." G Club is the party in the first instance but subject to challenge that should designate the level of confidentiality that attaches the G Club Materials.

8. Fourth, even if the Court were to give G Club the right to review, designate and claw back documents after they are wholesale made available to the Trustee, its rights and privileges would not be adequately protected. Unlike the situation of an inadvertent disclosure of limited privileged materials by a party, disclosure here may not be limited at all, and will not be subject to review and sorting by G Club before the Trustee obtains control over them. Indeed, G Club has not reviewed all of the G Club Materials because it presently does not have access to all the data administered by HCHK Technologies.

9. Finally, the Revised Proposed Order requires further revisions because:

   a. HCHK Technologies is legally precluded from disclosing confidential information belonging to G Club pursuant to contractual obligations in the Master Services Agreement between G Club and HCHK Technologies which have been made known to the Trustee, the Assignee, and HCHK Technologies.

   b. HCHK Technologies lacked authority to assign any administrative or management rights to the Assignee.

   c. The Assignee lacks the authority to assign any administrative or management

rights to the Trustee.

10. To preserve G Club's rights and privileges, the Trustee's ability to challenge the assertion of those rights and privileges, and the Court to rule on any challenge, the Revised Proposed Order should be further revised to (a) prohibit the Assignee from turning over any G Club Material to the Trustee, (b) require the turnover (either directly or providing G Club with electronic access) of all G Club Material to G Club, (c) compel the Trustee and G Club to negotiate, in good faith, a schedule for the review and production of responsive, non-privileged G Club Materials in response to the Rule 2004 Subpoena, after access is provided and volume assessed, to be submitted to the Court for entry as an order and (d) provide that the Court will resolve any scheduling disputes or other disputes regarding withheld documents and privilege assertions.

11. Specifically, paragraph 6 of the Revised Proposed Order should be modified as follows:

> The Assignee shall make available to the Trustee all non-privileged corporate records (including in electronic form) and other documents pertaining ***only*** to the HCHK Entities and specifically excluding all records and documents or communications relating to G Club or sent to or by G Club and administered by HCHK Technologies, Inc. (the "**G Club Materials**"). The Assignee shall immediately return administrative and management rights for G Club Materials to G Club Operations (or physically turnover G Club Materials to G Club). The Assignee shall not provide the Trustee or any other person or entity with access to, or copies of, G Club Materials. Once G Club receives administrative and management rights for G Club Materials (or those materials are physically turned over G Club), G Club and the Trustee will (a) negotiate, in good faith, a schedule for the review and production of additional responsive, non-privileged G Club Materials in response to the Rule 2004 Subpoena, presenting that schedule to the Court for separate approval and (b) provide this Court will resolve any scheduling disputes or other disputes regarding withheld documents and privilege assertions by G Club.[5]

---

[5] G Club is a creditor of HCHK Technologies which was provided with a retainer for services that, in fact, were not rendered. G Club reserves all rights with respect to this and other claims against the HCHK Entities (and others).

**WHEREFORE**, for the reasons set forth above, G Club request that paragraph 6 of the Revised Proposed Order be further revised as set forth in Paragraph 11 above, and for such other relief as is just and proper.

**G CLUB OPERATIONS LLC**

By: */s/ Jeffrey M. Sklarz*
GREEN & SKLARZ LLC
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684)
One Audobon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice*)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorney for G Club Operations LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Date:  July 14, 2023                                          /s/ Jeffrey M. Sklarz