UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF No. 1805, 1896 |

### ORDER REQUIRING MEI GUO TO APPEAR AND SHOW CAUSE WHY HUDSON DIAMOND HOLDING LLC SHOULD NOT BE HELD IN CONTEMPT OF COURT

Before the Court is the May 18, 2023 Motion for Entry of Order Holding Hudson Diamond Holding LLC in Civil Contempt for Failing to Respond to Rule 2004 Subpoenas (the "Contempt Motion"),[2] ECF No. 1805, filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok, and the Consent Order Regarding Contempt Motion (the "Consent Order"), ECF No. 1896. For the reasons stated below, the Court issues this Order to Appear and Show Cause.

A hearing was held on the Contempt Motion on June 6, 2023. During the hearing, the Trustee and counsel for Hudson Diamond NY LLC and Hudson Diamond Holding LLC (collectively, the "Hudson Diamond Entities") read into the record a stipulation regarding the Hudson Diamond Entities' compliance with the Rule 2004 subpoenas served on them. Following the hearing, on June 8, 2023, the Court entered the Consent Order Regarding

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Various pleadings and orders discussed in this Order were omnibus in nature. For the sake of clarity, the titles of pleadings and orders are set forth herein only as they concern Hudson Diamond Holdings LLC.

Contempt Motion (the "Consent Order"). (ECF No. 1896.) Pursuant to the Consent Order, the Hudson Diamond Entities were to comply with the Trustee's subpoenas on or before June 15, 2023.

In accordance with the Consent Order and subsequent scheduling orders, a continued hearing on the Contempt Motion was held on July 11, 2023. During the continued hearing, the Trustee argued that Hudson Diamond Holding LLC had not complied with the Consent Order and pressed his argument that Hudson Diamond Holding LLC was in civil contempt of court for failure to comply with the Rule 2004 subpoena. Hudson Diamond Holding LLC argued that it had complied with the Consent Order, or at least diligently attempted to comply, referring the Court to the efforts detailed during the hearing and in the Declaration of Aaron A. Romney (the "Romney Declaration"), ECF No. 1988. Hudson Diamond Holding LLC represented that it had produced the operating agreement and articles of organization for Hudson Diamond Holding LLC and that, despite the efforts of Ms. Mei Guo ("Ms. Guo"), the sole member of Hudson Diamond Holding LLC, and counsel, Hudson Diamond Holding LLC had been unable to obtain and produce further documents that may be in the possession of Ms. Yvette Wang and Mr. Max Krasner.

This Court has the power to hold parties in contempt of court under 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9020. *Taggart v. Lorenzen ex rel. Brown*, 139 S. Ct. 1795, 1801 (2019); *PHH Mortg. Corp. v. Sensenich ex rel. Gravel (In re Gravel)*, 6 F.4th 503, 512 (2d Cir. 2021); *Mar. Asbestosis Legal Clinic v. LTV Steel Co. (In re Chauteaugay Corp.)*, 920 F.2d 183, 187 (2d. Cir. 1990). Contempt may be sought to "'coerce the defendant into compliance'" with a court order or to "'compensate the complainant for losses'" resulting from noncompliance with a court order. *Taggart*, 139 S. Ct. at 1801 (citing *United States v. United Mine Workers*, 330 U.S. 258,

2

303–04 (1947)). A finding of civil contempt requires that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). The contemnor must also have notice of the relevant order. *Gravel*, 6 F.4th at 512.

Regarding notice and service, Hudson Diamond Holding LLC has notice and service of the Rule 2004 subpoena. On December 2, 2022, the Court entered the Second Supplemental Rule 2004 Order authorizing in pertinent part the Rule 2004 subpoena directed to Hudson Diamond Holding LLC. (ECF No. 1184.) On December 7, 2022, Hudson Diamond Holding LLC was served with the Rule 2004 subpoena at Hudson Diamond Holding LLC, c/o Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Suite 104, Wilmington, DE via personal service upon an agent authorized by appointment to receive service at that address. (ECF No. 1805 Decl. of Avram E. Luft Ex. C-7.) In the Consent Order, Hudson Diamond Holding LLC stipulates that service of the Rule 2004 subpoena was proper. (ECF No. 1896.)

Hudson Diamond Holding LLC has notice of and was served with the Contempt Motion. On May 23, 2023, Hudson Diamond Holding LLC was served with the Notice of Hearing regarding the Hearing on the Contempt Motion at Hudson Diamond Holding LLC, c/o Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810. (ECF No. 1826.)

Finally, Hudson Diamond Holding LLC has notice of and was served with the Consent Order it entered into. On June 1, 2023, Attorney Romney filed an appearance for Hudson Diamond Holding LLC in these jointly administered Chapter 11 cases. (ECF No. 1848.)

Thereafter, Hudson Diamond Holding LLC has received service of all relevant pleadings through Notices of Electronic Filing electronically served on its counsel, including the Consent Order.

With respect to the first element of whether a party should be held in contempt, an order is clear and unambiguous where "there is [no] *fair ground of doubt* as to the wrongfulness of the defendant's conduct.'" *Taggart*, 139 S. Ct. at 1801 (citing *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609 (1885)). Hudson Diamond Holding LLC raises no argument that there is a fair ground of doubt as to the meaning of the Consent Order, which states that Hudson Diamond Holding LLC "shall have until June 15, 2023 to complete [its] production to the Trustee." (ECF No. 1896.) The Court finds that there is no fair ground of doubt as to the meaning of the Consent Order.

As to the remaining elements, the Court has an insufficient record as to whether Hudson Diamond Holding LLC complied or diligently attempted to comply. The Trustee argues that if Ms. Guo as sole member of Hudson Diamond Holding LLC is truly in control of Hudson Diamond Holding LLC, there should be more documents she can produce beyond the operating agreement and articles of incorporation. Hudson Diamond Holding LLC seems to be arguing both that it is impossible for it to produce documents in the control or possession of its agents Ms. Wang and Mr. Krasner, *United States v. Wendy*, 575 F.2d 1025, 1030 (2d Cir. 1978) ("A long recognized defense to a civil contempt citation is the cited individual's inability to comply with the court's order."), and/or that it has diligently attempted to produce such documents.

In his argument, the Trustee pointed to certain exhibits to the Declaration of Avram E. Luft attached to the Contempt Motion, namely exhibits G, H, I, J, T, U, and V, to support his contention that Hudson Diamond Holding LLC should have access to more than two documents. While it appears that exhibit G has not been filed on the docket, exhibits H, I, J, T, U, and V are

4

a series of documents indicating that: (i) Ms. Guo is the sole member of Hudson Diamond Holding LLC; (ii) she signed various corporate documents on its behalf; (iii) Ms. Wang and Mr. Krasner are its officers; (iv) Hudson Diamond Holding LLC is the sole member of Hudson Diamond New York LLC, and (v) Hudson Diamond New York LLC is or was the record owner of a Rolls Royce and at least explored entering into various real estate transactions.  These exhibits indicate that Hudson Diamond Holding LLC conducted business, regarding which there should be documents within its possession, custody, or control.

During the hearing, counsel for Hudson Diamond Holding LLC represented to the Court that they were not present when Ms. Guo went through her files searching for documents responsive to the Rule 2004 subpoenas or when Ms. Guo attempted to contact Mr. Krasner. Counsel did not themselves go through Ms. Guo's documents or attempt to contact Mr. Krasner. Counsel also represented that neither Ms. Guo nor they attempted to contact Ms. Wang because she is presently incarcerated pending a criminal trial in the United States District Court for the Southern District of New York.

Other than communications through counsel with Hodgson Russ regarding Hudson Diamond NY LLC, Hudson Diamond Holding LLC's argument relies on actions taken by Ms. Guo outside of the presence and/or without assistance of counsel.  Ms. Guo has not filed a declaration and has not testified.  Therefore, Ms. Guo's testimony is necessary to determine whether Hudson Diamond Holding LLC has complied, or diligently attempted to comply, with the Consent Order compelling its production of non-privileged documents responsive to the Rule 2004 subpoena.  Moreover, while Ms. Wang is presently detained pending trial, Hudson Diamond Holding LLC did not establish that it cannot contact her – through counsel if necessary.

Accordingly, it is hereby

**ORDERED:** A continued hearing on the Contempt Motion, ECF No. 1805, shall be held on August 22, 2023 at 2:00 p.m.. During the continued hearing, Ms. Mei Guo, in her capacity as sole member of Hudson Diamond Holding LLC, shall appear and testify as to why Hudson Diamond Holding LLC should not be held in civil contempt of court; and it is further

**ORDERED:** On or before August 17, 2023, Ms. Guo, in her capacity as sole member of Hudson Diamond Holding LLC, shall file a sworn declaration detailing her efforts to bring Hudson Diamond Holding LLC into compliance with the Consent Order, ECF No. 1896, and produce documents responsive to the Rule 2004 subpoena of Hudson Diamond Holding LLC, including but not limited to her search for documents in the possession, custody, and control of Hudson Diamond Holding LLC and her attempts to contact present or past managers, employees, and agents of Hudson Diamond Holding LLC. During the continued hearing, Hudson Diamond Holding LLC may seek to submit Ms. Guo's declaration as her direct testimony. Nevertheless, Ms. Guo must appear at the continued hearing and be available for cross-examination.

Dated at Bridgeport, Connecticut this 28th day of July, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut