## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
------------------------------------------------------------ x
                                          :
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, et al.,                      :    Case No. 22-50073 (JAM)
                                          :
            Debtors.[1]                   :    Jointly Administered
                                          :
------------------------------------------------------------ x
                                          :
GENEVER HOLDINGS LLC,                     :
                                          :
            Plaintiff,                    :    Adv. Proceeding No. 23-05007 (JAM)
                                          :
v.                                        :
                                          :    August 4, 2023
AIG PROPERTY CASUALTRY COMPANY            :
                                          :
            Defendant.                    :
                                          :
------------------------------------------------------------ x
```

**APPLICATION OF GENEVER HOLDINGS LLC FOR ENTRY OF
ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(e), 328(a),
AND  329(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL
BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND
APPROVING RETENTION AND EMPLOYMENT OF O'SULLIVAN
MCCORMACK JENSEN & BLISS PC AS  SPECIAL INSURANCE COVERAGE
<u>COUNSEL, IN REPLACEMENT OF SAXE DOERNBERGER & VITA, P.C.</u>**

Genever Holdings LLC ("<u>Genever (US)</u>"), debtor in the above-captioned jointly

administered chapter 11 case (the "<u>Chapter 11 Case</u>") hereby moves the Court (the

"<u>Application</u>"), pursuant to sections 327(e), 328(a), and 329(a) of Title 11 of the United States

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of

Bankruptcy Procedure (the "Local Bankruptcy Rules") for the United States Bankruptcy Court

for the District of Connecticut (the "Court"), for entry of an order (the "Order"), substantially in

the form of **Exhibit A** hereto, (a) authorizing Genever (US) to employ O'Sullivan

McCormack Jensen & Bliss PC ("OMJB") as special insurance coverage counsel and (b)

approving the substitution of Saxe Doernberger & Vita, P.C. ("SDV") by OMJB as special

insurance coverage counsel for Genever (US) in the AIG Action (as defined below), in each

instance, effective as of July 27, 2023.  In support of this Application, Genever (US) states the

following:

## RELIEF REQUESTED

1.      By this Application, Genever (US) seeks entry of an order, substantially in the

form of the proposed order filed herewith, authorizing and approving the retention and

employment of OMJB in place of SDV as Genever (US)'s special insurance coverage counsel,

effective as of July 27, 2023, to represent Genever (US) with respect to insurance coverage

disputes, including with respect to Genever (US)'s pending litigation against American

International Group, Inc. ("AIG") under Adv. Proc. No. 23-5007 (the "AIG Action").  In

addition, as part of this Application, Genever (US) requests that the Court approve the

substitution of SDV (*i.e.*, Genever (US)'s current special insurance coverage counsel) by OMJB,

also effective as of July 27, 2023.

2.      Unfortunately, Genever (US) and the Trustee, on the one hand, and SDV, on the

other hand, have determined to discontinue the working relationship.  To replace SDV, Genever

(US) has selected OMJB as its special insurance coverage counsel, including in light of OMJB's

2

expertise with insurance disputes.  Moreover, as Genever (US) previously disclosed, its bankruptcy counsel, Paul Hastings LLP, represents AIG in certain unrelated matters.[2]  For that reason, and out of an abundance of caution, Genever (US) previously advised this Court that Paul Hastings LLP would not serve as counsel to Genever (US) in the AIG Action.

3.       In support of this Application, Genever (US) submits the *Declaration of Michael T. McCormack in Support of Application of Genever Holdings LLC for Entry of Order, Pursuant to Bankruptcy Code Sections 327(e), 328, and 329, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of O'Sullivan McCormack Jensen & Bliss PC as Special Insurance Coverage Counsel, in Replacement of Saxe Doernberger & Vita, P.C.* (the "McCormack Declaration"), attached as **Exhibit B**, which is incorporated herein by reference.

## JURISDICTION, VENUE, AND STATUTORY BASES

4.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

5.       Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       The statutory bases for the relief requested herein are sections 327(e), 328(a), and 329(a) of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

---

[2]     To be clear, Luc Despins has not represented AIG and is not conflicted as to AIG.

## BACKGROUND

### A.    Genever (US)'s Chapter 11 Case

7.      On October 12, 2020, Genever (US) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court"), thereby commencing case number 20-12411 (JLG).  *See Chapter 11 Petition* [Docket No. 1 in Case No. 22-50592 (JAM)].

8.      No trustee or examiner has been appointed in Genever (US)'s case.

9.      Genever (US) owns apartment space comprised of the entire 18th floor (the "Apartment"), as well as Apartment MR 2219, and Apartment MR 719 (collectively with the Apartment, the "Covered Residences") in the Sherry-Netherland building located at 781 Fifth Avenue, New York, New York 10022 (the "Sherry-Netherland").

10.      On November 3, 2022, the SDNY Bankruptcy Court entered an order transferring the venue of Genever (US)'s chapter 11 case to this Court.  *See Memorandum Decision and Order Granting the Joint Motion of (A) Genever Holdings LLC and (B) Luc A. Despins as Chapter 11 Trustee for Estate of Ho Wan Kwok to Transfer, Pursuant to 28 U.S.C. §§ 1408, and 1412 and Bankruptcy Rule 1014(a), Venue of Chapter 11 Case of Genever Holdings LLC to Bankruptcy Court for District of Connecticut* [Docket No. 225 in Case No. 22-50592 (JAM)].

11.      The chapter 11 cases of Ho Wan Kwok, Genever (US), and Genever Holdings Corporation ("Genever (BVI)") are being jointly administered before this Court for procedural purposes only. *See* Docket No. 1141 in Case No. 22-50073 (JAM).

**B.**    **AIG Insurance Policies and Commencement of AIG Action[3]**

12.    On March 6, 2015, Genever (US) executed a proprietary lease with the Sherry-Netherland (the "Proprietary Lease"), a cooperative housing corporation through which Genever (US) owns a number of shares that are assigned to various apartments that Genever (US) leases.

13.    Pursuant to the terms of the Proprietary Lease, Genever (US) purchased from AIG property insurance coverage in excess of $28 million to protect the Covered Residences and valuable property therein.  The insurance Genever (US) purchased obligates AIG to pay for "all risk" of property loss that Genever (US) may suffer except that which is expressly excluded.  In addition, the insurance Genever (US) purchased from AIG affords liability coverage for claims arising out of its ownership of the Covered Residences.  The property and liability insurance policies AIG sold to Genever (US) are hereinafter referred to as the "AIG Insurance Policies."

14.    On March 15, 2023, Genever (US) suffered a loss at the Apartment when a fire broke out (the "Fire").  As a result of the Fire, Genever (US) has suffered physical damage to its Apartment and property therein.

15.    On April 25, 2023, without any indication that AIG had concluded its investigation into the Fire, AIG issued "Notices of Cancellation of Insurance" (the "Notices of Cancellation") purporting to cancel the AIG Insurance Policies.

16.    Following receipt of the Notices of Cancellation, the Trustee, acting pursuant to a proxy granted by Genever (BVI), selected SDV to represent Genever (US) with respect to insurance coverage disputes, including with respect to the AIG Action.

---

[3]    For a detailed summary of the AIG Insurance Policies and the events leading up to the commencement of the AIG Action, we refer to the complaint filed in the AIG Action [Docket No. 1 in Adv. Proc. No. 23-5007].

17.     On May 12, 2023, Genever (US) commenced the AIG Action seeking, among other things, (i) to enjoin AIG from cancelling the AIG Insurance Policies, (ii) a declaration that AIG must provide coverage under the AIG Insurance Policies, (iii) a declaration that AIG may not cancel the AIG Insurance Policies for the March 6, 2023 to March 6, 2024 policy term and that AIG's notices of cancellation are legally insufficient under New York insurance law, (iv) awarding Genever (US) compensatory damages for breach of contract, (v) awarding Genever (US) immediate insurance proceeds for emergency clean-up measures necessary to protect its interests, render the Apartment saleable, and limited Genever (US)'s third party claims arising out of the Fire, and (vi) awarding Genever (US) punitive damages and/or sanctions.

18.     On July 13, 2023, the Court issued a Memorandum of Decision and Order for Preliminary Injunction in Adv. Proc. No. 23-5007, temporarily enjoining AIG from cancelling the AIG Insurance Policies for the March 6, 2023 to March 6, 2024 policy term.  AIG filed a Motion for Leave to Appeal the Preliminary Injunction Order on July 27, 2023.

19.     Genever wishes to retain OMJB to replace SDV as special insurance coverage counsel to continue to represent Genever's interest in the litigation against AIG.

## OMJB'S QUALIFICATIONS

20.     OMJB is a law firm whose principal office is located at 180 Glastonbury Boulevard, Suite 210, Glastonbury, Connecticut.  The firm currently employs five attorneys who provide litigation services to clients operating in the United States, including business litigation and insurance coverage litigation.

21.     OMJB has particular expertise in insurance coverage law.  With its focus on policyholders, OMJB offers comprehensive and experienced insurance coverage litigation services and risk management strategy to policyholders in Connecticut and other states.

Attorneys at OMJB have more than twenty-five years of success representing clients in insurance coverage and insurance litigation matters, including recovering millions of dollars in insurance benefits on behalf of policyholders ranging from individuals, non-profit institutions, educational institutions, hospitals, municipalities, small companies, and large corporations.

22.    Additionally, as a firm headquartered in Connecticut, OMJB is particularly well suited to serve as special insurance coverage counsel in the case, as Genever (US)'s local counsel, Neubert, Pepe & Monteith, P.C. ("NPM"), also represents certain AIG entities in unrelated matters and, therefore, would not be able serve as local counsel to Genever (US) in the AIG Action. If Genever (US) were to retain insurance counsel located outside Connecticut to replace SDV, it would have to retain additional local counsel for conflicts purposes. As was the case when Genever (US) initially hired SDV, hiring OMJB avoids hiring such additional counsel.

## ANTICIPATED SERVICES

23.    Genever (US) anticipates that OMJB will represent it with respect to insurance coverage advice for the losses sustained at the Apartment as well as any matters related to the AIG Action. Due to the specialized nature of the insurance coverage dispute, and given that Paul Hastings LLP will not represent Genever (US) with respect to the AIG Action, there will be no duplication of services arising from OMJB's retention.

## COMPENSATION OF OMJB

24.    OMJB intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 329 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter

11 Case.  OMJB will charge Genever (US) for its legal services on an hourly basis at its standard

hourly rates in effect at the time the services are performed in connection with the services

required in the AIG Action.

25.     At present, the hourly rates for OMJB personnel range from $125.00 per hour for

paralegal time, $300 per hour for counsel work, and $350 to $450 for shareholder work.  OMJB

will also bill for out-of-pocket expenses made on behalf of Genever (US), including

photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees,

travel expenses, and computer-aided research.

26.     Genever (US) submits that OMJB 's hourly rates are reasonable and within the

range of rates charged by comparably skilled professionals who offer the same services.

### OMJB IS DISINTERESTED[4]

27.     To the best of Genever (US)'s knowledge in reliance upon the McCormack

Declaration, and except as disclosed therein, OMJB does not have any relationships with

Genever (US), its creditors, or any other party-in-interest, their respective attorneys and

accountants, the United States Trustee, or any person employed in the Office of the United States

Trustee.

28.     More specifically, upon the basis of the McCormack Declaration, and except as

disclosed therein, Genever (US) believes that: (a) OMJB has no connection with Genever (US),

its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other

party with an actual or potential interest in Genever (US) or its respective attorneys or

accountants; and (b) OMJB and its employees (i) are not a creditors, equity security holders, or

---

[4]     While section 327(e) of the Bankruptcy Code does not require special counsel to be disinterested, OMJB has nevertheless conducted a full conflicts analysis and disclosed any connections to parties in interest in Genever (US)'s chapter 11 case in the McCormack Declaration.

insiders of Genever (US) or its affiliates, (ii) have not been, within two years before the Petition

Date, a director, officer, or employee of Genever (US) or its affiliates, and (iii) has not had any

interest materially adverse to the interests of the Genever (US)'s estate or any class of creditors

or equity security holders by reason of any direct or indirect relationship to, connection with, or

interest in Genever (US), or for any other reason.  Therefore, Genever (US) believes that OMJB

is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as

modified by section 1107(b).

29.     Based on the McCormack Declaration, Genever (US) believes that OMJB does

not represent any adverse interest to unsecured creditors in connection with the Chapter 11 Case.

### BASIS FOR RELIEF REQUESTED

30.     Genever (US) requests to retain and employ OMJB as its special insurance

coverage counsel with respect to the AIG Action pursuant to section 327(e) of the Bankruptcy

Code, which provides that the debtor in possession "may employ, for a specified special purpose,

other than to represent the [debtor] in conducting the case, an attorney that has represented the

debtor, if in the best interest of the estate, and if such attorney does not represent or hold any

interest adverse to the debtor or to the estate with respect to the matter on which such attorney is

to be employed." 11 U.S.C. § 327(e)

31.     Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a

trustee may employ professional persons under section 327 of the Bankruptcy Code "on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a

fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

32.     Bankruptcy Rule 2014(a) provides that an application for retention include:

> specific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional

9

services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

33.    Genever (US) requires the services of special insurance coverage counsel with respect to the AIG Action.  OMJB will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

34.    Accordingly, the employment of OMJB as Genever (US)'s special insurance coverage counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of Genever (US)'s estate.

35.    Genever (US) submits that OMJB'S rates are reasonable, comparable to rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

36.    Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise."  Accordingly, Genever (US) requests authority to retain and employ OMJB effective July 27, 2023, which was the date that OMJB began providing services to the Genever (US).

## NOTICE

37.    Notice of this Application has been given to the United States Trustee, Ho Wan Kwok (the "Individual Debtor"), the Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

## **NO PRIOR REQUEST**

38.    No previous application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, Genever (US) requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, authorizing Genever (US)'s employment of OMJB as special insurance coverage counsel in place of SDV, approving the substitution of SDV by OMJB in the AIG Action, and order such other and further relief as the Court deems just and proper.

Dated:    August 4, 2023                Genever Holdings LLC

                                        */s/ Luc A. Despins*
                                        Luc A. Despins, acting pursuant to a proxy issued
                                        by Genever (BVI)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------------ x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, et al.,                          :    Case No. 22-50073 (JAM)
                                              :
         Debtors.¹                            :    Jointly Administered
                                              :
------------------------------------------------------------ x
                                              :
GENEVER HOLDINGS LLC,                         :
                                              :
         Plaintiff,                           :    Adv. Proceeding No. 23-05007 (JAM)
                                              :
v.                                            :
                                              :    August 4, 2023
AIG PROPERTY CASUALTRY COMPANY                :
                                              :
         Defendant.                           :
                                              :
------------------------------------------------------------ x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 4, 2023, the foregoing Application was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case and adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the

---

1    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Notice of Electronic Filing.[2]  Parties may access this filing through the Court's CM/ECF system.

Dated: August 4, 2023
      New York, New York

By:   */s/ Luc A. Despins*
      Luc A. Despins, acting pursuant to a proxy
      issued by Genever (BVI)

---

[2]    To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
--------------------------------------------------------- x
                                                          :
In re:                                                    :   Chapter 11
                                                          :
HO WAN KWOK, et al.,                                      :   Case No. 22-50073 (JAM)
                                                          :
              Debtors.¹                                   :   Jointly Administered
                                                          :
--------------------------------------------------------- x
                                                          :
GENEVER HOLDINGS LLC,                                     :
                                                          :
              Plaintiff,                                  :   Adv. Proceeding No. 23-05007 (JAM)
                                                          :
v.                                                        :
                                                          :   August 4, 2023
AIG PROPERTY CASUALTRY COMPANY                            :
                                                          :
              Defendant.                                  :
                                                          :
--------------------------------------------------------- x
```

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF GENEVER HOLDINGS LLC FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(e), 328(a), AND 329(a), BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF O'SULLIVAN MCCORMACK JENSEN & BLISS PC AS SPECIAL INSURANCE COVERAGE COUNSEL, IN REPLACEMENT OF SAXE DOERNBERGER & VITA, P.C.**

       Upon the application (the "Application")² of Genever Holdings LLC ("Genever (US)") in

the above-captioned chapter 11 case (the "Chapter 11 Case"), (a) for authority to retain and

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Declaration of Michael T. McCormack ("McCormack Declaration").

employ O'Sullivan McCormack Jensen & Bliss PC ("OMJB") to replace Saxe Doernberger &

Vita, P.C. ("SDV") as special insurance coverage counsel to Genever (US), effective as of July

27, 2023, pursuant to sections 327(e), 328(a), and 329(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy

Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local

Bankruptcy Rules") and (b) the substitution of Saxe Doernberger & Vita, P.C. ("SDV") by

OMJB as special insurance coverage counsel for Genever (US) in the AIG Action, all as more

fully set forth in the Application; and upon consideration of the McCormack Declaration; and

this Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the

United States District Court for the District of Connecticut; and consideration of the Application

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that (i) the relief requested in the Application is in the best interest of Genever (US)'s

estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the

Application and the McCormack Declaration, and the record of any hearing on the Application

before this Court establish just cause for the relief granted herein, (iii) OMJB is a "disinterested

person," as defined in section 101(14) of the Bankruptcy Code, and (iv) OMJB and its

employees do not hold or represent an interest adverse to Genever (US)'s estate; and due and

sufficient notice of the Application having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Genever (US) is authorized to retain and employ O'Sullivan McCormack Jensen & Bliss PC ("OMJB") as its special insurance coverage counsel pursuant to sections 327(e), 328(a), and 329(a) of the Bankruptcy Code, effective as of July 27, 2023, on the terms set forth in the Application and the McCormack Declaration.

3.      OMJB is authorized to act as Genever (US)'s special insurance coverage counsel and to perform those services described in the Application.

4.      Saxe Doernberger & Vita, P.C. shall be replaced by OMJB as Genever (US)'s special insurance coverage counsel, effective as of July 27, 2023.

5.      The estate of Genever (US) shall be responsible for OMJB's compensation and reimbursement of expenses with respect to the engagement.

6.      The allowance of any compensation to be paid to OMJB shall be determined in accordance with the procedures set forth in sections 329 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

7.      Allowance of any compensation for OMJB shall be limited to the extent of services actually performed, and expenses actually incurred, as special insurance coverage counsel for Genever (US).

8.      OMJB shall provide no less than ten business days' notice to Genever (US), the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

3

9.      Genever (US) is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10.     The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11.     To the extent the Application and McCormack Declaration are inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT B**

**Declaration of Michael T. McCormack**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
HO WAN KWOK, et al.,                        :   Case No. 22-50073 (JAM)
                                            :
            Debtors.[1]                     :   Jointly Administered
                                            :
-------------------------------------------------------x
```

**DECLARATION OF MICHAEL T. MCCORMACK IN SUPPORT OF APPLICATION
OF GENEVER HOLDINGS LLC FOR ENTRY OF ORDER, PURSUANT TO
BANKRUPTCY CODE  SECTIONS 327(e), 328(a), AND 329(a), BANKRUPTCY RULES
2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1,
AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF
O'SULLIVAN MCCORMACK JENSEN & BLISS PC
AS SPECIAL INSURANCE COVRAGE COUNSEL**

I, Michael T. McCormack, being duly sworn, do depose and say:

1.      I am an attorney admitted to practice law in the states of Connecticut and

Massachusetts.  I am a shareholder in the law firm of O'Sullivan McCormack Jensen & Bliss PC

("OMJB"), which maintains its office at 180 Glasonbury Boulevard, Suite 210, Glastonbury,

Connecticut.  I make this declaration (the "Declaration") in support of the *Application of

Genever Holdings LLC for Entry of Order, Pursuant to Bankruptcy Code Sections 327(e),

328(a), and 329(a), Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and

2016-1, Authorizing and Approving Retention and Employment of O'Sullivan McCormack*

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing
address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200
Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for
purposes of notices and communications).

*Jensen & Bliss PC as Special Insurance Coverage Counsel* (the "Application")[2] with respect to AIG Action, and related matters (the "Engagement").

2.      In relation to the Engagement, OMJB's professional client is the estate (the "Estate") of Genever Holdings LLC ("Genever (US)") in its above-captioned chapter 11 case (the "Chapter 11 Case").  In relation to the Engagement, OMJB will seek to recover OMJB's fees from the Estate, and I will file fee applications in the Chapter 11 Case on behalf of OMJB.

3.      I received my law degree from the Columbus School of Law at the Catholic University of American in Washington, DC in 1992.  I have practiced in the field of litigation in Connecticut since 1993 and have litigated and argued cases in Connecticut and Massachusetts courts and in multiple other jurisdictions.  I have more than twenty-five years of insurance law experience, including advocating and advising clients on a broad range of matters involving general liability, excess, property, and professional liability insurance policies.  Additionally, I have handled claims involving a variety of first and third-party losses.  I have been retained as special insurance coverage counsel to clients in other bankruptcy proceedings unrelated to this bankruptcy proceeding.

4.      I will file applications on behalf of OMJB for compensation of professional services rendered and for reimbursement of expenses incurred in connection with the Engagement pursuant to sections 329 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case.

5.      At present, the hourly rates for OMJB personnel range from $125.00 per hour for paralegal time, $300.00 per hour for counsel work, and $350.00 to $450.00 per hour for

---

[2]      Capitalized terms used but not otherwise defined have the meanings set forth in the Application.

shareholder work.  OMJB may also bill the Estate for any out-of-pocket expenses made on

behalf of the Genever (US), including photocopying, postage and package deliveries, court fees,

transcripts, witness fees, service fees, travel expenses, and computer-aided research.

6.      To the best of my knowledge and belief after due inquiry, OMJB is a

"disinterested person" within the meaning of section 101(14) of title 11 of the United States

Code (the "Bankruptcy Code") in that OMJB, and each of OMJB's lawyers:

   a.      are not creditors, equity security holders, or insiders of Genever (US);

   b.      are not, and were not within two years before the date of filing of Genever

           (US)'s petition, directors, officers, or employees of Genever (US); and

   c.      do not have an interest materially adverse to the interest of Genever (US)'s

           estate or of any class of creditors or equity security holders, by reason of

           any direct or indirect relationship to, connection with, or interest in,

           Genever (US), or for any other reason.

7.      I attach to this Declaration, as Schedule 1, a consolidated list of parties in interest

in connection with the Chapter 11 Case (the "Interested Parties") that has been produced by

Genever (US) and provided to OMJB before my signing this Declaration that I am informed

includes:

   a.      parties listed as creditors, executory contract counterparties, and co-

           debtors on the Individual Debtor's Schedules D, F, G, and H [Docket No.

           78];

   b.      parties listed on the Individual Debtor's Statement of Financial Affairs

           ("SOFA") [Docket No. 77], including (i) as recipients of payments within

           90 days prior to the filing of the Chapter 11 Case (SOFA Part 3, Question

3

6); (ii) parties involved in litigation in which the Individual Debtor is a

party (SOFA Part 4, Question 9); and businesses owned by the Individual

Debtor (SOFA Part 11, Question 27);

c.  parties and counsel filing notice of appearances in the Chapter 11 Case;

d.  the Court and personnel of the office of the United States Trustee; and

e.  other parties in interest that I have become aware of as a result of the

Chapter 11 Trustee's ongoing investigation of the Individual Debtor's

assets.

8.      OMJB has conducted reasonable checks of the Interested Parties against our

records and data, and has determined that, to the best of our knowledge and belief, neither OMJB

nor any of the firm's lawyers has any relationship or connection with the Interested Parties

related to this Chapter 11 Case, or, to the best of my knowledge, with any other creditor of

Genever (US).  Based on a the reasonable checks, I disclose the following relationships in the

interest of full disclosure:

a.  M&T Bank is a current client of OMJB in a matter unrelated to this

Chapter 11 Case, as well as the personal bank of shareholder Amy

Markim.

b.  Zeisler & Zeisler is a current client of OMJB in a matter unrelated to this

Chapter 11 Case.  In particular, Zeisler & Zeisler engaged OMJB as

special insurance coverage counsel on behalf of the official committee of

unsecured creditors in an unrelated chapter 11 case.

c.  The son of OMJB shareholder William O'Sullivan is an associate attorney

at Updike Kelly & Spellacy.

9.      In addition, I know Judge Manning personally as a former neighbor and social acquaintance, as I have had various social interactions with her in the past.  I last saw Judge Manning in a social setting approximately four months ago.  Before that, I do not believe I saw her or communicated with her since before 2020.  I do not consider my relationship with Judge Manning to cause OMJB or me to be an interested person or to be a conflict of interest with respect to OMJB's representation of the Estate.

10.      While OMJB has made a diligent effort to ascertain the identity of any connections or potential conflicts with the Interested Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

11.      Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) OMJB and each of its lawyers have no connection with Genever US, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in Genever (US) or its respective attorneys or accountants; and (b) (i) OMJB and each of its lawyers are not creditors, equity security holders, or insiders of Genever (US) or its affiliates, (ii) OMJB and each of its lawyers have not been, within two years before the Petition Date, a director, officer, or employee of Genever (US) or its affiliates, and (iii) neither OMJB nor its lawyers have any interest materially adverse to the interests of Genever (US)'s estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Genever (US), or for any other reason.  Therefore, I understand from my discussions with Genever (US) that this means OMJB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

12.     Genever (US) intends to comply with the U.S. Trustee's requests for information and additional disclosures set forth in Appendix B of the U.S. Trustee Guidelines (the "Larger Case Guidelines") in connection with the interim and final fee applications to be filed in the Chapter 11 Case (insofar as is consistent with the duties that OMJB owes to the court and to its professional and lay clients).  To the extent necessary, OMJB requests a waiver for cause shown of any requirements not met by this Application.

13.     In connection with the Larger Case Guidelines, I provide the following response on behalf of OMJB to the request for information set forth in Paragraph D.1. of the Larger Case Guidelines:

> Question:  Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> Answer:  No.
>
> Question:  Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> Answer:  No.
>
> Question:  If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> Answer:  Not applicable.  OMJB has not previously represented Genever (US).
>
> Question:  Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?
>
> Answer:  Not applicable.

14.    I have neither shared nor agreed to share with any other person compensation received in connection with the Engagement, except as is permitted by §504(b)(1) of the Bankruptcy Code.

15.    I consent that the following language may be included in any order by the Court approving Genever (US)'s application in connection with my instruction in connection with the Engagement.

> Allowance of any compensation for OMJB shall be limited to the extent of services actually performed, and expenses actually incurred, as special insurance coverage counsel instructed to act on behalf of Genever (US).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: August 4, 2023, at Glastonbury, Connecticut, United States

*/s/ Michael T. McCormack*
Michael T. McCormack

7

## **Schedule 1**

**Parties in Interest**

## <u>SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK</u>

**<u>20 LARGEST UNSECURED CREDITORS</u>**
PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**<u>DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES</u>**
HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**<u>BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL</u>**
HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

## OTHER INTERESTED PARTIES

7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
ADAM CHEN NI
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZON WEB SERVICES LLC
AMAZON.COM INC.
AN HONG
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANN MARIE LEE
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH AND/OR BANK OF CHINA LIMITED
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BERKELEY ROWE
BERNARDO ENRIQUEZ
BINGNAN CUI
BINGSHANG JIAO
BLUE CAPITAL
BNY MELLON, N.A.
BOIES SCHILLER
BONNIE C. MANGAN
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRAVO LUCK LIMITED
BRENT PETRO INC.

BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAIYAN LING
CAPITAL ONE BANK
CAPITAL ONE, NA
CHAO KANG SUN
CHAO-CHIH CHIU
CHARMOY & CHARMOY LLC
CHASE BANK
CHEN XIN XIN
CHENGLONG WANG
CHENXI WANG
CHI WAI KWOK
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG KONG) LIMITED
CHONG SHEN RAPHANELLA
CHRIS LEE
CHRISTINE CHEN
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUAN LING YANG
CHUANG XIN LTD.
CHUI KUK WU
CHUNFENG XIA
CHUNHUI SONG
CI CHEN
CINDY ZHANG
CITIBANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
COHN BIRNBAUM & SHEA P.C.
COLDWELL BANKER
COMPASS, INC.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DELTEC BANK & TRUST LIMITED
DENG LI
DIME COMMUNITY BANK
DING G. WANG A/K/A DINGGANG WANG
DING QIANG SHEN
DONGNA FANG
DU JIAN YI
DWF LLP
EASTERN PROFIT CORPORATION LIMITED

3

EDUARDO EURNEKIAN
EHSAN MASUD
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
FAN BINGBING
FAN JING
FEIFEI MA
FENG PENG RELLOS
FENG ZHU
FENGGUO LI
FIONA YU
FIRST ABU DHABI BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FORBES HARE
FREEDOM MEDIA VENTURES LTD
FUNGWAN TRADING INC.
FUNING ZHANG
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
G TRANSLATORS PTY LTD
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
G-EDU INC.
GEORGE L. SU
GETTR USA
GFASHION MEDIA GROUP INC.
GFNY, INC
GINNEL ASSOCIATES, INC. (D/B/A GINNEL REAL ESTATE)
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GPOSTS LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUI LIN GAO
GUO LIJIE
GUO MEDIA

4

GUO WENOUN
GUO WENPING
GUOFENG WAN
GUY PETRILLO
HAI YAO
HAIHONG WANG
HAILING SHENG
HAMILTON CAPITAL HOLDINGS INC
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAN CHUNGUANG
HANQIANG LIN
HAO HAIDONG
HAO LI
HAO ZHANG
HAOYU WANG
HARCUS PARKER LTD.
HARNEY WESTWOOD AND RIEGELS LP
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HHS CAPITAL INC.
HIBERNIA NATIONAL BANK
HIDETOSHI FUJIWARA
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA INVESTMENT LLC
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA VENTURES LLC
HING CH NGOK
HIU LAAM HAAM
HIU SING CHAN
HODGSON RUSS
HONG KONG INTERNATIONAL FUNDS INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG QIU
HONG ZENG
HONGWEI FU
HONGXIA XU
HONGXIN ASH
HSBC
HSBC BANK USA,
HUA AN XIE
HUANG YAO

HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUI JIN
HUI JIN
HUK TRADING INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
JACK S. LIPSON
JAMES PIZZARUSO
JANOVER LLC
JASON MILLER
JENNER & BLOCK LLP
JENNIFER FANGFANG DING
JENNIFER MERCURIO
JESSE BROWN
JESSICA MASTROGIOVANNI
JIA LI WANG
JIA YANG
JIA YANG LI
JIAHUI LIU
JIAMEI LU
JIAMING LIU
JIAN FAN
JIAN HUA ZHANG
JIAN ZHONG HU
JIANG SU PROVINCE JIAN GONG GROUP LTD BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANHUA ZHENG
JIANMIN HE
JIANSHENGXIE AND JIEFU ZHENG
JINFENG WU
JING GENG
JING WU
JINLAN YAN
JIRONG ZHANG
JOHN S LAU
JONATHAN YOUNG
JOYORD SPORTSWEAR LIMITED
JPMORGAN CHASE BANK, N.A.
JUMBO CENTURY LIMITED
JUN CHEN
JUN LIU
JUN QIAO
JUN YUN ZHANG
JUNE SHI
KAEN LIU
KAIXIN HONG
KAN CHAN

KARIN MAISTRELLO,
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KIM THONG LEE
KUI CHENG
KYLE BASS
LALIVE SA
LAN GU
LAN LIN
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAW OFFICE OF RICHARD E. SIGNORELLI
LAWALL & MITCHELL, LLC
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEONARD SCUDDER
LEXINGTON PROPERTY AND STAFFING INC.
LI LIU
LI LONG
LI TANG
LI ZHANG
LIANG LIU
LIANYING SU
LIBERTY JET MANAGEMENT
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LIN DANG
LIN XIN
LINDA HE CHEUNG
LIU DONGFANG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
M&T BANK
MA XINGCHAO
MACARON LIMITED
MACDONALD
MANUFACTURERS AND TRADERS TRUST COMPANY (D/B/A M & T BANK)
MAR-A-LAGO
MARCUM LLP
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY JIANG
MAUNAKAI CAPITAL
MAX FEI
MAX KRASNER
MAYWIND TRADING LLC
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
MEDICAL SUPPLY SYSTEM INTERNATIONAL LLC
MEDICI BANK INTERNATIONAL LLC
MEI KUEN KWOK
MEIEN KIKUCHI

MEISTER SEELIG & FEIN PLLC
MELISSA FRANCIS
MELISSA MENDEZ
MENGYAO HE
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
METROPOLITAN COMMERCIAL BANK AND/OR METROPOLITAN BANK HOLDING CORP.
MIHO NISHIMURA
MILES GUO
MILES GWOK
MIMAII NZ LIMITED
MIN YANG
MING WU
MINGHUA ZHANG
MINGRUI ZHAO
MOA-FU
MORITT HOCK & HAMROFF
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
MURTHA CULLINA LLP
NADEEM AKBAR
NATIONAL AUSTRALIA BANK LIMITED
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL BANKER RESIDENTIAL BROKERAGE)
NUOXI LIU
NYC DEPT OF FINANCE
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LTD
OGIER
OLINA CLEMENS
OPEN BANK
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PALLAS PARTNER LLP
PAUL WEISS
PEILUN HU
PENGCHENG ZHANG
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PRIME TRUST LLC
PULLMAN & COMLEY, LLC
QIANG CHENG
QIANG FU
QIN YU
QING "SERENA" CAI
QINGTIAN YUAN
QIONG BIN FU

QIONGGUI YAN
QIQHUA FAN
QIU YU
QIURIA LI
QU GUOJIAO
QUIJU JIA
RAICH ENDE MALTER CO. LLP (AKA RAICH ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS BANK
REDFIN CORPORATION
RENFENG SHI
ROBINSON & COLE LLP
RONG HU
RONG JIANG
RONG ZHANG
RONGLIANG STARKS
ROSCALITAR2
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
RYAN CHENGRAN ZHANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP, INC.,
SCHULMAN BHATTACHARYA, LLC
SEACOAST NATIONAL BANK
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHAO HONG CHIU
SHAOBING LI
SHAPIRO ARATO BACH LLP
SHENGJIE FU
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN ZHUANG GONG CHENG LTD BEJING FIRST
SHIBIN ZHANG
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHIQI WANG
SHIYUAN ZHANG
SHIZHONG ZHANG
SHUANG WANG
SHUNJUN LI
SIGNATURE BANK
SILVERGATE BANK
SIRIUS NETWORKING INC.
SONGYI CHEN
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC

SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK
STARLING BANK LTD
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STRATEGIC VISION LLC
TAIXIN FU
TAKAHASHI HIROYUKI
TALHA ZOBAIR
TAO AN
TAO ZHANG
TD BANK, N.A.
TELI CHEN
THE BANK OF PRINCETON
THE CASPER FIRM
THE FIRST BANK OF GREENWICH
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THE SHERRY-NETHERLAND, INC.
THOMAS RAGLAND
THREE TREASURE LLC
TIAN LIANG
TINGYI WEI
TM PRIMROSE LIMITED
TONG LE INTERNATIIONAL TRADING CO., LTD.
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
UNITEDLEX
UPDIKE, KELLY & SPELLACY P.C.
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
VERDOLINO & LOWEY
VERITEXT
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WANCI JIAO
WARD & BERRY, PLLC
WARREN LAW GROUP
WEI HONG XIE
WEI SHE
WEI ZHANG
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIWEI QIAN

WEIXIANG GE
WEIYI WANG
WELL ORIGIN LTD.
WEN LIN
WENCONG WANG
WENFENG HU
WENG
WENHUA GONG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LL
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS LIMITED
WU ZHENG
XIA CHUNFENG
XIANHONG ZHANG
XIAO HUANG
XIAO RUI WANG
XIAO YAN ZHU
XIAODAN WANG
XIAOLAN ZHAO
XIAOLI MA
XIAOLI XU
XIAOMEI ZHAO
XIAOYAN BA
XILI ZHAI
XIN LI
XINGYU YAN
XINHUI LIAO
XINRONG LI
XIQUI ("BOB") FU
XIULING TANG
XUEHAI LIU
XUN DENG
YA LI
YACHTZOO SARL
YAFAN CHANG
YAN CHUN LIU
YAN GAO
YAN HUANG
YAN LIU
YANCHENG CHEN
YANG HAI
YANG LAN
YANG YANG
YANKWITT LLP
YANMING WANG
YANPING WANG
YANYUN REN
YAZ QINGUA
YELIANG XIA

YI LI
YI LIN
YI WEN
YI ZHAO
YI ZHOU
YIMING ZHANG
YING LIU
YONG CHUN LI
YONG ZHANG
YONGPING YAN
YOUTUBE, LLC
YU XIA LI
YUAN ZHOU
YUE HUA ZHU SHI
YUHONG PEI
YUJIA WANG
YUK MOEY MARY YAP
YUKY YUN LIU
YULIN YAO
YUMEI HU
YUNFA WANG
YUNTENG LU
YUNXIA WU
YUXIANG CHEN & JIA YOU JT TEN
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG RUI HE
ZHENG WU (A/K/A BRUNO WA)
ZHENGHUA SHEN
ZHENGJUN DONG
ZHENPENG LI
ZHIZHE "FRANK" DONG
ZHONGYI MA
ZHOU BAOJIN
ZHOU HAI YANG
ZI YE
ZIBA LIMITED
ZIHAN LIU
ZIKUN WANG