**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                              :     Chapter 11

In re:                         :

                              :     Case No. 22-50073 (JAM)

HO WAN KWOK, *et al.*,            :

                              :     (Jointly Administered)

        Debtors.[1]             :

-----------------------------------------------------x
                              :

LUC A. DESPINS, Chapter 11 Trustee, *et al.* :      Adv. Proc. No. 22-05027[2]

                              :

        Plaintiffs,             :

                              :

v.                              :

                              :

BRAVO LUCK LIMITED, *et. al.*,       :

                              :

        Defendant.           :

-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION TO LIMIT SERVICE OF MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH BRAVO LUCK LIMITED AND <u>MILESON GUO (A/K/A QIANG GUO AND/OR GUO QIANG)</u>**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the

chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Individual Debtor</u>" or "<u>Kwok</u>"),

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Consolidated under Adv. Proc. No. 22-05027 are the adversary proceedings styled: (a) *Luc A. Despins, Chapter 11 Trustee v. Bravo Luck Limited and Qiang Guo* (Adv. Proc. No. 22-05027), (b) *Genever Holdings LLC v. Bravo Luck Limited* (Adv. Proc. No. 22-05030), and (c) *Genever Holdings Corporation v. Bravo Luck Limited* (Adv. Proc. No. 22-05035).

Genever Holdings, LLC ("Genever US"), and Genever Holdings Corporation ("Genever BVI" and, together with Genever US, the "Genever Entities" and, the Genever Entities together with the Trustee, the "Plaintiffs"), plaintiffs in the above-captioned adversary proceeding, by and through their undersigned counsel, hereby moves (the "Motion") this Court for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), limiting service of the *Motion of Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Bravo Luck Limited and Mileson Guo (a/k/a Qiang Guo and/or Guo Qiang)* (the "9019 Motion")[3] to the Notice Parties (as defined below).  In support of the Motion, the Plaintiffs respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code and Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I.      Plaintiffs' Adversary Proceedings Against Defendants

4.      On October 11, 2022, the Trustee filed the *Adversary Complaint Against Bravo Luck and Qiang Guo Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo*

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

*Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck and Qiang Guo Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code* (the "Trustee Complaint" and the adversary proceeding the "Trustee Proceeding").

5.     Also on October 11, 2022, Genever US filed its *Adversary Complaint Against Bravo Luck Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code* (the "Genever US Complaint" and the adversary proceeding the "Genever US Proceeding," which was originally filed in the New York Bankruptcy Court prior to the change in venue of Genever US's chapter 11 case to the Court).

6.     On December 23, 2022, Genever BVI filed its *Adversary Complaint Against Bravo Luck Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code* (the "Genever BVI Complaint" and, together with the Genever US Complaint and the Trustee Complaint, the "Complaints," and the adversary proceeding the "Genever BVI Proceeding" and, together with the Trustee Proceeding and the Genever US Proceeding, the "Adversary Proceedings").  In the Adversary Proceedings, the Plaintiffs seek, among other things, a declaration that Genever US owns the Sherry Netherland Apartment unencumbered by the Purported Trust Agreement.

7.      On December 28, 2022, the Plaintiffs filed a motion to consolidate the Adversary Proceedings under the Trustee Proceeding, and, on February 1, 2023, the Court issued an order consolidating the Adversary Proceedings under the Trustee Proceeding.

8.      On February 28, 2023, the Plaintiffs filed amended versions of their respective Complaints (collectively, the "Amended Complaints").

9.      On March 21, 2023, Bravo Luck filed a motion to dismiss each of the Amended Complaints (collectively, the "Motions to Dismiss").

10.     On April 11, 2023, the Plaintiffs filed objections to their respective Motions to Dismiss, and on April 12, 2023, the Trustee and Genever US filed corrected objections to their respective Motions to Dismiss.  On April 25, 2023, Bravo Luck filed three replies in support of its Motions to Dismiss.

11.     On May 25, 2023, the Trustee filed his *Request of Chapter 11 Trustee for Entry of Default Against* Defendant *Qiang Guo Pursuant to Federal Rule of Civil Procedure 55(a) and Federal Rule of Bankruptcy Procedure 7055* [Adv. Proc. Docket No. 89]; on May 26, 2023 the Clerk of Court issued an *Entry of Default* against Guo [Adv. Proc. Docket No. 90]; and, on June 2, 2023, the Trustee filed his *Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against Qiang Guo* [Adv. Proc. Docket No. 93].

## II.      Defendants' Proofs of Claim

12.     On March 5, 2021, Bravo Luck and Guo each filed a proof of claim in the Genever US chapter 11 case in the New York Bankruptcy Court (the "Bravo Luck Proof of Claim" [Claim No. 4-1] and the "Guo Proof of Claim," [Claim No. 3-1] respectively), and on February 17, 2023, Bravo Luck filed a proof of claim [Claim No. 117-1] in the Individual Debtor's Chapter 11 Case; a proof of claim [Claim No. 2-1] in Genever BVI's chapter 11 case;

and a proof of claim [Claim No. 6-1] in Genever US's chapter 11 case (collectively with the Bravo Luck Proof of Claim and the Guo Proof of Claim, the "Proofs of Claim").

13.     On March 31, 2023, Genever US filed an objection to the Guo Proof of Claim (the "Claim Objection"), which the Connecticut Local Form 420B notice of objection to claim, attached to the Claim Objection, provided a deadline of May 1, 2023 to respond to the Claim Objection (the "Response Deadline").  No response to the Claim Objection was filed by the Response Deadline.

14.     On May 5, 2023, Genever US filed a *Notice of (i) Failure to File Timely Response to Claim Objection and (ii) Filing of Proposed Order Disallowing and Expunging Claim No. 3-1 Filed by Qiang Guo* [Main Case Docket No. 1766], requesting an order disallowing and expunging Guo Proof of Claim in its entirety.

15.     Today, the Plaintiffs filed the 9019 Motion, seeking Court approval of the Settlement Agreement, which seeks to accomplish, among other things, the resolution of the Adversary Proceedings and the Proofs of Claim, and to establish that Genever US is the undisputed owner of the Sherry Netherland Apartment and any funds related to the Sherry Netherland Apartment.

**RELIEF REQUESTED**

16.     By this Motion, the Plaintiffs seek to limit service of the 9019 Motion to (i) the United States Trustee; (ii) the Individual Debtor; (iii) the official committee of unsecured creditors; (iv) the Defendants;  (v) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system; and (vi) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

5

17.     The Plaintiffs file this Motion with the consent of the Defendants.

18.     Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

19.     Pursuant to Bankruptcy Rule 2002(a)(3) notice of a hearing on a compromise or settlement must be given by mail.  Moreover, Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3) and (6) of [Rule 2002] may be . . . mailed only to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

20.     As of today, approximately 1,400 claims have been filed in these chapter 11 cases—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order).  The Plaintiffs submit that it would be unduly burdensome for the estates to serve the 9019 Motion on 1,400 parties.  Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates.  In fact, it is very unlikely that individual creditors would have any interest in reviewing the 9019 Motion—especially given that (a) several creditors are already active (and have filed notices of appearances) in these chapter 11 cases and (b) an official committee of unsecured creditors has been appointed in the Individual Debtor's chapter 11 case.

21.     Based on the foregoing, the Plaintiffs requests that the Court authorize service of the 9019 Motion upon the Notice Parties.

22.     The Plaintiffs submit that the relief sought in this Motion is appropriate in the

chapter 11 cases and is in the best interests of the Plaintiffs' estates, their creditors, and other

parties-in-interest.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Plaintiffs request that the Court enter an

order granting the relief requested in this Motion and such other relief as is just and proper.


Dated:      August 4, 2023                          LUC A. DESPINS,
            New Haven, Connecticut                  CHAPTER 11 TRUSTEE


                                                    By: */s/ Patrick R. Linsey*
                                                        Douglas S. Skalka (ct00616)
                                                        Patrick R. Linsey (ct29437)
                                                        NEUBERT, PEPE & MONTEITH, P.C.
                                                        195 Church Street, 13th Floor
                                                        New Haven, Connecticut 06510
                                                        (203) 781-2847
                                                        dskalka@npmlaw.com
                                                        plinsey@npmlaw.com

                                                            *and*

                                                        Nicholas A. Bassett *(pro hac vice)*
                                                        PAUL HASTINGS LLP
                                                        2050 M Street NW
                                                        Washington, D.C., 20036
                                                        (202) 551-1902
                                                        nicholasbassett@paulhastings.com

                                                            *and*

                                                        Avram E. Luft *(pro hac vice)*
                                                        Douglass Barron *(pro hac vice)*
                                                        PAUL HASTINGS LLP
                                                        200 Park Avenue
                                                        New York, New York 10166
                                                        (212) 318-6079
                                                        aviluft@paulhastings.com

                                                        *Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                       :     Chapter 11

In re:                  :

                       :     Case No. 22-50073 (JAM)

HO WAN KWOK, *et al.*,      :

                       :     (Jointly Administered)

      Debtors.[1]       :

---------------------------------------------------------x
                       :

LUC A. DESPINS, Chapter 11 Trustee, *et al.* :     Adv. Proc. No. 22-05027[2]

                       :

      Plaintiffs,       :

                       :

v.                     :

                       :

BRAVO LUCK LIMITED, *et. al.*,   :

                       :

      Defendant.     :

---------------------------------------------------------x

**ORDER LIMITING SERVICE OF NOTICE OF MOTION OF CHAPTER 11**
**TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS**
**CORPORATION, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING**
**SETTLEMENT WITH BRAVO LUCK LIMITED AND**
**<u>MILESON GUO (A/K/A QIANG GUO AND/OR GUO QIANG)</u>**

The Court having considered the motion (the "<u>Motion</u>") seeking to limit service of the

*Motion of Chapter 11 Trustee, Genever Holdings LLC, and Genever Holdings Corporation,*

*Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Bravo Luck Limited and*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Consolidated under Adv. Proc. No. 22-05027 are the adversary proceedings styled: (a) *Luc A. Despins, Chapter 11 Trustee v. Bravo Luck Limited and Qiang Guo* (Adv. Proc. No. 22-05027), (b) *Genever Holdings LLC v. Bravo Luck Limited* (Adv. Proc. No. 22-05030), and (c) *Genever Holdings Corporation v. Bravo Luck Limited* (Adv. Proc. No. 22-05035).

*Mileson Guo (a/k/a Qiang Guo and/or Guo Qiang)* (the "9019 Motion")[3] to the Notice Parties,

all as more fully set forth in the Motion; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United

States District Court for the District of Connecticut; and this Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of

this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and

1409; and this Court having found that the relief requested in the Motion is in the best interests

of the estate, its creditors, and other parties in interest; and due and sufficient notice of the

Motion having been given under the particular circumstances; and it appearing that no other or

further notice need be given; and upon all of the proceedings had before this Court; and any

objections to the relief requested herein having been withdrawn or overruled on the merits; and

after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT

    1.      The Motion is granted as set forth herein.

    2.      The 9019 Motion only needs to be served upon:

      i.      the United States Trustee;

     ii.      the Individual Debtor;

    iii.      the official committee of unsecured creditors;

    iv.      the Defendants;

     v.      all parties who receive notice in these chapter 11 cases by operation of the Court's

            electronic filing ("CM/ECF") system; and

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

vi.    any party who requested notice in these chapter 11 cases, but is unable to accept

electronic filing as indicated on the Notice of Electronic Filing.

3.    The Plaintiffs are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

4.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.