**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK *et al.*,                                 :    Case No. 22-50073 (JAM)
                                                      :
            Debtors.[1]                               :    Jointly Administered
                                                      :
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE AND GENEVER DEBTORS,
PURSUANT TO BANKRUPTCY CODE SECTION 331, FOR ORDER
PERMITTING PAUL HASTINGS LLP AND NEUBERT, PEPE & MONTEITH, P.C.
TO FILE SECOND INTERIM FEE APPLICATIONS LESS THAN 120 DAYS
AFTER FILING FIRST INTERIM FEE APPLICATIONS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation

("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with Genever

(BVI), the "Genever Debtors" and, together with the Trustee, the "Movants") hereby file this

motion (the "Motion"), pursuant to section 331 of Title 11 of the United States Code (the

"Bankruptcy Code") seeking entry of an order, substantially in the form attached hereto as

**Exhibit A**, permitting the filing of the second interim fee applications of Paul Hastings LLP

("Paul Hastings") and Neubert, Pepe & Monteith, P.C. ("NPM") less than 120 days after the

filing of their first interim fee applications.  In support of this Motion, Movants respectfully state

as follows:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
(solely for purposes of notices and communications).

**JURISDICTION, VENUE, AND STATUTORY BASES**

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order
of Reference from the United States District Court for the District of Connecticut.  This matter is
a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in the District of Connecticut is proper pursuant to 28 U.S.C. §§ 1408 and
1409.

3.      The bases for the relief sought in this Motion are sections 105(a) and 331 of the
Bankruptcy Code.

**BACKGROUND**

I.      **Individual Debtor's Chapter 11 Case**

4.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the
Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On March 21, 2022, the United States Trustee appointed an Official Committee of
Unsecured Creditors ("Committee") in the Individual Debtor's chapter 11 case.  No examiner
has been appointed in the Individual Debtor's chapter 11 case.

6.      On July 8, 2022, the Court entered an order granting the appointment of Luc A.
Despins as the Trustee in the chapter 11 case of Ho Wan Kwok.

7.      The Court authorized Paul Hastings' retention as attorneys for the Trustee
pursuant to the *Order Authorizing and Approving the Retention and Employment of Paul
Hastings LLP as Counsel to Chapter 11 Trustee, effective as of July 8, 2022* [Docket No. 668]
(together with Paul Hastings' retention order with respect to the Genever Debtors [Docket No.
1376], the "Paul Hastings Retention Order"), entered on August 2, 2022.

8.    By separate order entered August 2, 2022, the Court authorized NPM's retention as local and conflicts counsel for the Trustee [Docket No. 669] (together with NPM's retention orders with respect to the Genever Debtors [Docket Nos. 1107 and 1177], the "NPM Retention Order") effective as of July 8, 2022.

**II.    Genever (BVI)'s Chapter 11 Case**

9.    On October 11, 2022, Genever (BVI)—an entity wholly owned by the Individual Debtor—filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

10.    No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

11.    October 14, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case and Genever (BVI)'s chapter 11 case [Docket No. 970].

12.    On November 17, 2022, the Court granted Genever (BVI)'s application to retain NPM as counsel to Genever (BVI) in its chapter 11 case, effective as of its petition date, *i.e.*, October 11, 2022 [Docket No. 1107].

13.    On January 24, 2023, the Court granted Genever (BVI)'s application to retain Paul Hastings as counsel to Genever (BVI) in its chapter 11 case, effective as of its petition date, *i.e.*, October 11, 2022 [Docket No. 1376].

**III.    Genever (US)'s Chapter 11 Case**

14.    On October 12, 2020, Genever (US) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court"), thereby commencing case number 20-12411 (JLG) (the "SDNY Bankruptcy Case").

3

15.     On November 3, 2022, the SDNY Bankruptcy Court entered an order [Docket No. 225 in Case No. 22-50592] transferring the venue of the SDNY Bankruptcy Case to this Court, which assigned it Case Number 22-50592.

16.     On November 21, 2022, the Court entered an order granting joint administration of the Genever (US) chapter 11 case with the jointly administered cases of the Individual Debtor and the Genever (BVI) Debtor's chapter 11 case [Docket No. 1141].

17.     On November 30, 2022, the Court granted Genever (US)'s application to retain NPM as counsel to Genever (US) in its chapter 11 case, effective as of the order transferring venue of the SDNY Bankruptcy Case to this Court, *i.e.*, November 3, 2022 [Docket No. 1177].

18.     On January 24, 2023, the Court granted Genever (US)'s application to retain Paul Hastings as counsel to Genever (US) in its chapter 11 case, also effective as of November 3, 2022 [Docket No. 1376].

## IV.     Interim Fee Applications[2]

19.     On May 30, 2023, Paul Hastings, as counsel to the Movants, filed the *Interim Fee Application of Paul Hastings LLP for Compensation and Reimbursement of Expenses for Period from July 8, 2022 Through February 28, 2023* [Docket No. 1831] ("Paul Hastings' First Interim Fee Application").  Paul Hastings' First Interim Fee Application covered the period from July 8, 2022 through February 28, 2023.

20.     On June 1, 2023, Neubert Pepe, as local and conflicts counsel to the Movants, filed the *Application of Neubert, Pepe & Monteith, P.C., for Interim Allowance of Compensation*

---

[2]     In addition to the interim fee applications discussed below, (a) Paul Hastings previously filed (and was granted) an interim application for reimbursement of expenses, dated March 1, 2023 [Docket No. 1495] and a special fee application for services rendered in secured compliance with Court-approved subpoenas, dated April 10, 2023 [Docket No. 1648] and (b) NPM previously filed (and was granted) an interim application for reimbursement of expenses, dated April 18, 2023 [Docket No. 1674].

*as Local and Conflicts Counsel to the Chapter 11 Trustee and as Counsel to Debtors Genever*

*Holdings Corporation and Genever Holdings LLC* [Docket No. 1831] ("NPM's First Interim Fee

Application"). NPM's First Interim Fee Application covered the period from July 8, 2022

through February 28, 2023.

21.     On June 29, 2023, the Court entered orders [Docket Nos. 1964 and 1966]

approving Paul Hastings' First Interim Fee Application and NPM's First Interim Fee

Application, respectively (in each case, with certain agreed-upon modifications).

22.     On July 13, 2023, Movants filed their motion seeking to establish procedures for

interim compensation and reimbursement of expenses for professionals retained in these chapter

11 cases [Docket No. 2002] (the "Interim Compensation Procedures Motion"). The Interim

Compensation Procedures Motion has been scheduled for a hearing on August 15, 2023.[3] The

proposed interim compensation procedures specifically provide that "nothing herein shall

preclude (a) any Professional from seeking allowance and payment of fees pursuant to interim or

final fee applications without having submitted Monthly Fee Statements or (b) the Court from

considering any such fee applications (including any pending applications filed prior to entry of

this Order)." Interim Compensation Procedures Motion ¶ 18.p. In addition, the Interim

Compensation Procedures Motion noted that Paul Hastings and NPM intended to file their

second interim fee applications (covering the period from March 1, 2023 through June 30, 2023)

in the near future. *Id.* ¶ 19.

23.     On August 4, 2023, Paul Hastings filed the *Second Interim Fee Application of*

*Paul Hastings LLP for Compensation and Reimbursement of Expenses for Period from March 1,*

---

[3]     No objections have been filed to the Interim Compensation Procedures Motion, and the time to object expired
on August 3, 2023. On August 4, 2023, Movants filed a revised proposed order granting the Interim
Compensation Procedures Motion [Docket No. 2047], reflecting certain informal comments received from the
U.S. Trustee.

*2023 Through June 30, 2023* [Docket No. 2051] ("Paul Hastings' Second Interim Fee Application").  Paul Hastings' Second Interim Fee Application covers the period from March 1, 2022 through June 30, 2023.

24.     On August 4, 2023, Neubert Pepe filed the *Second Interim Fee Application of Application of Neubert, Pepe & Monteith, P.C., for Interim Allowance of Compensation as Local and Conflicts Counsel to the Chapter 11 Trustee and as Counsel to Debtors Genever Holdings Corporation and Genever Holdings LLC* [Docket No. 2051] ("NPM's Second Interim Fee Application").  NPM's Second Interim Fee Application covers the period from March 1, 2022 through June 30, 2023.

## RELIEF REQUESTED

25.     By this Motion, Movants seek entry of an order, substantially in the form attached hereto as **Exhibit A**, permitting Paul Hastings and NPM to file their respective second interim fee applications less than 120 days after filing their first interim fee applications, and, specifically, permitting the filing of such applications on August 4, 2023 (*i.e.*, the date that such applications were filed with the Court).  To be clear, the relief sought in this Motion is limited to the filing of Paul Hastings' Second Interim Fee Application and NPM's Second Interim Fee Application, and does not cover any other, future interim fee applications.

## BASIS FOR RELIEF REQUESTED

26.     Section 331 of the Bankruptcy Code provides, in pertinent part, that

> A trustee, an examiner, a debtor's attorney, or any professional person
> employed under section 327 or 1103 of this title may apply to the court
> not more than once every 120 days after an order for relief in a case
> under this title, or more often if the court permits, for such compensation
> for services rendered before the date of such an application or
> reimbursement for expenses incurred before such date as is provided
> under section 330 of this title.

27.     Movants recognize that Paul Hastings' Second Interim Fee Application was filed less than 120 days after Paul Hastings' First Interim Fee Application (namely, 66 days), and that NPM's Second Interim Fee Application was filed less than 120 days after NPM's First Interim Fee Application (namely, 64 days).  While the default rule is that fee applications may not be filed more than once every 120 days, **section 331 specifically permits the Court to allow professionals to file fee applications more frequently**.  Movants respectfully submit that, under the circumstances of these chapter 11 cases, Paul Hastings and NPM be permitted to file their second interim fee applications at this time.

28.     As the Court is well aware, when the Trustee was appointed on July 8, 2023, there were no cash assets available to pay professional fees.  Accordingly, Paul Hastings and NPM took on this engagement on what was essentially a contingency basis, with their fees and expenses only to get paid if and to the extent that the Trustee recovers and monetizes assets for the benefit of these chapter 11 estates.[4]  This also meant that Paul Hastings and NPM necessarily had to wait to file their first interim fee applications until after the Trustee had recovered resources sufficient to pay the fees and expenses requested in their first interim fee applications. For that reason, Paul Hastings and NPM did not file their first interim fee applications until late May 2023 / early June 2023, *i.e.*, almost 11 months after the Trustee had been appointed.[5]

29.     While Paul Hastings' First Interim Application and NPM's First Interim Application covered a fee period of almost eight months (*i.e.*, July 8, 2022 through February 28,

---

[4]     In other words, Paul Hastings and NPM took on not only the risk that assets may not be recovered, but also that the proceeds from the sale of such assets may not be sufficient to pay professional fees.

[5]     By that time, it had become likely that sufficient proceeds would be recovered by the estate to satisfy these fee applications.  In particular, as the Court will recall, the Trustee filed its motion to sell the Lady May [Docket No. 1858] on June 2, 2023, which motion was granted by order dated June 27, 2023 [Docket No. 1953].  The sale of the Lady May (which closed on June 30, 2023) generated approximately $22 million in proceeds (net of the broker's fee) for the estate.

2023), these applications did not—given the long period of time since the appointment of the Trustee—cover the entire period of outstanding fees.  The second interim fee applications (covering the period from March 1, 2023 through July 31, 2023) are intended to allow Paul Hastings and NPM to fully "catch up", so that they become current on their fees and expenses (subject to a 20% holdback, as detailed in the second interim fee applications).  Indeed, the second interim fee applications are only the second such applications in the thirteen (13) months since the Trustee's appointment of July 8, 2023—*i.e.*, on average, Paul Hastings and NPM have filed only one fee application every 6 ½ months.[6]

30.    Furthermore, Movants submit that allowing Paul Hastings and NPM to file their second interim fee applications at this time does not prejudice any party in interest.  For one, Movants are ***not*** seeking to shorten notice to object to Paul Hastings' Second Interim Fee Application and NPM's Second Interim Fee Application.  Movants even previewed the filing of Paul Hastings' Second Interim Fee Application and NPM's Second Interim Fee Application in the Interim Compensation Procedures Motion on July 13, 2023.  And, to be clear, the proposed interim compensation procedures specifically provide that the Court may consider any pending interim fee applications filed prior to entry of the proposed interim compensation procedures order.

31.    On the other hand, Paul Hastings and NPM would be prejudiced if they could not file their second interim fee applications at this time but instead had to wait to go through the yet-to-be-approved interim compensation procedures (which are scheduled to be heard on August 15, 2023).  While Paul Hastings and NPM could file monthly fee statements as soon as

---

[6]    Paul Hastings' special fee application was submitted at the direction of the Court, pursuant to the contempt order dated March 10, 2023 [Docket No. 1537] sanctioning the HK Parties (as defined in such order).  And Paul Hastings' and NPM's prior expense applications [Docket Nos. 1495 and 1674] did not seek the allowance or payment of any fees.

such procedures have been approved, objections would not be due until 21 days after filing, and any objections to such monthly fee statements would not be heard until the next scheduled hearing on interim fee applications. *See* Interim Compensation Procedures Motion ¶ 18.h. Such fee hearing will likely not be scheduled until November 2023, given that, under the proposed interim compensation procedures, the Court would not have to enter the notice of fee hearing until October 15, 2023. *Id.* ¶ 18.k (providing that Court shall enter a notice of hearing "after the expiration of the forty-five (45)-day period set forth in paragraph (j)", *i.e.*, the 45-day period commencing on August 31, 2023). Thus, while Paul Hastings and NPM could have 80% of their uncontested fees and expenses paid through monthly fee statements, any objected-to portion of their fees and expenses would likely not be resolved and paid for several months.

32. Finally, the relief sought in this Motion is limited to Paul Hastings' Second Interim Fee Application and NPM's Second Interim Fee Application. This Motion does not seek any relief as to the filing of any other, future interim fee applications. Nor do Paul Hastings or NPM intend to file future fee applications on time intervals of less than 120 days. In fact, as the Court is aware, on July 13, 2023, Movants filed their Interim Compensation Procedures Motion, which, if granted, would provide for the filing of interim fee applications at four-month intervals. Obviously, Paul Hastings and NPM intend to comply with these procedures (subject to any modifications required by the Court).

33. In short, the sole purpose of the Motion is to allow Paul Hastings and NPM to file their second interim fee applications now, so that they can become current on their fees and expenses. For all these reasons, Movants respectfully submit that the relief sought in this Motion is appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, Movants request that the Court enter an order

granting the relief requested in this Motion and such other relief as is just and proper.

Dated: August 7, 2023
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
        Douglas S. Skalka (ct00616)
        Patrick R. Linsey (ct29437)
        NEUBERT, PEPE & MONTEITH, P.C.
        195 Church Street, 13th Floor
        New Haven, Connecticut 06510
        (203) 781-2847
        dskalka@npmlaw.com
        plinsey@npmlaw.com

            *and*

        Nicholas A. Bassett (admitted *pro hac vice*)
        PAUL HASTINGS LLP
        2050 M Street NW
        Washington, D.C., 20036
        (202) 551-1902
        nicholasbassett@paulhastings.com

            *and*

        Avram E. Luft (admitted *pro hac vice*)
        G. Alexander Bongartz (admitted *pro hac vice*)
        PAUL HASTINGS LLP
        200 Park Avenue
        New York, New York 10166
        (212) 318-6079
        aviluft@paulhastings.com
        alexbongartz@paulhastings.com

        *Counsel for the Chapter 11 Trustee, Genever*
        *Holdings Corporation, and Genever Holdings*
        *LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
HO WAN KWOK, *et al.*,[7]                               :   Case No. 22-50073 (JAM)
                                                        :
                          Debtors.                      :   (Jointly Administered)
                                                        :
-------------------------------------------------------x

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on August 7, 2023, the foregoing Motion was

electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned

chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties

may access this filing through the Court's CM/ECF system.

Dated:    August 7, 2023
          New Haven, Connecticut          By: */s/ Patrick R. Linsey*
                                          Douglas S. Skalka (ct00616)
                                          Patrick R. Linsey (ct29437)
                                          NEUBERT, PEPE & MONTEITH, P.C.
                                          195 Church Street, 13th Floor
                                          New Haven, Connecticut 06510
                                          (203) 781-2847
                                          dskalka@npmlaw.com
                                          plinsey@npmlaw.com

                                          *Counsel for the Chapter 11 Trustee, Genever*
                                          *Holdings Corporation, and Genever Holdings*
                                          *LLC*

---

[7]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
       Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
       Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, et al.,¹                     :    Case No. 22-50073 (JAM)
                                          :
            Debtors.                      :    (Jointly Administered)
                                          :
-------------------------------------------------------x
```

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 331, PERMITTING**
**PAUL HASTINGS LLP AND NEUBERT, PEPE & MONTEITH, P.C. TO FILE**
**SECOND INTERIM FEE APPLICATIONS LESS THAN 120 DAYS AFTER**
<u>**FILING FIRST INTERIM FEE APPLICATIONS**</u>

Upon the motion (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the chapter 11

trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Individual</u>

<u>Debtor</u>"), Genever Holdings Corporation ("<u>Genever (BVI)</u>"), and Genever Holdings LLC

("<u>Genever (US)</u>" and, together with Genever (BVI), the "<u>Genever Debtors</u>" and, together with

the Trustee, the "<u>Movants</u>") for entry of an order (this "<u>Order</u>") permitting the filing of Paul

Hastings' and NPM's second interim fee applications less than 120 days after the filing of their

first interim fee applications, all as more fully set forth in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference* from the United States District Court for the District of Connecticut; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
       Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
       Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Notwithstanding anything to the contrary in section 331 of the Bankruptcy Code, the filing of Paul Hastings' Second Interim Fee Application and NPM's Second Interim Fee Application on August 4, 2023 is permitted.

3.      Paul Hastings and NPM are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.