UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK, *et al.*,[1]                               :    Case No. 22-50073 (JAM)
                                                        :
      Debtor.                                         :    (Jointly Administered)
---------------------------------------------------------x
                                                        :
LUC A. DESPINS, Chapter 11 Trustee,                     :    Adv. Proceeding No. 23-05017
                                                        :
      Plaintiff,                                      :
                                                        :
v.                                                      :
                                                        :
TAURUS FUND LLC,                                        :
SCOTT BARNETT, as trustee of TAURUS                     :
FUND LLC, and                                           :
TAURUS MANAGEMENT LLC, as trustee                       :
of TAURUS FUND LLC,                                     :
                                                        :
      Defendants.                                     :
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE TO LIMIT SERVICE OF CHAPTER
11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY RULE 9019,
FOR APPROVAL OF SETTLEMENT WITH UNITED STATES OF AMERICA**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), plaintiff in the above-captioned adversary proceeding, hereby files this motion (the "Motion") for an order,

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), limiting service of the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Rule 9019, For Approval of Settlement with United States of America* [Adv. Proc. 23-05017, Docket No. 24] (the "9019 Motion")[2] to the Notice Parties (as defined below). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code and Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 11, 2023, the Trustee filed the Complaint [Adv. Proc. 23-05017, Docket No. 1], commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). The Complaint seeks declaratory rulings that, among other things, the Debtor is the equitable owner of the Mahwah Mansion and that the Mahwah Mansion is property of the Debtor's chapter 11 estate to be administered by the Trustee. The Trustee also filed, on July 11, 2023, an

---

[2] The Trustee also filed the 9019 Motion on the main docket of the Chapter 11 Case. *See* Docket No. 2083 in Case No. 22-50073. Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

2

*ex parte* motion for a temporary restraining order (a "TRO") and preliminary injunction [Adv. Proc. 23-05013, Docket No. 4] (the "TRO Motion"). On July 19, 2023, the Trustee filed a *Revised Proposed Order in Connection with the TRO Motion*.

5. On August 1, 2023, the Court entered its *Order Granting in* Ex Parte *Motion for Temporary Restraining Order* [Adv. Proc. 23-05017, Docket No. 17] (the "TRO Order"). Among other things, the TRO Order stated that:

> the Defendants shall not transfer, encumber, move, dispose of, or in any way impair any asset or property of Taurus Fund, including the Mahwah Mansion, until further order of the Court;

> this Order is binding on (i) the Defendants; (ii) the Defendants' officers, agents, servants, employees, and attorneys; and (iii) other persons who are in attive participation with the Defendants and/or the Defendants' officers, agents, servants, employees, and attorneys, including, without limitation, the Debtor, Pamela Tsai, a/k/a Nicole, Qidong Xia, a/k/a Changdao Brother and David Xia, each of whom is directed to comply with the terms of this order.[3]

6. The TRO Order also set forth a litigation schedule with respect to the TRO Motion, including a deadline of August 9, 2023 for any objection or response to the TRO Motion, a deadline of August 10, 2023 for any reply to any objection or response, and a hearing date of August 14, 2023, with respect to the TRO Motion (the "Preliminary Injunction Hearing").

7. The 9019 Motion asks the Court to approve the Settlement Agreement. As explained in the 9019 Motion and in the Settlement Agreement, the Settlement Agreement ensures that potentially complex issues arising from the interaction between bankruptcy law and criminal law will not delay the Trustee's prosecution of this Adversary Proceeding.

---

[3] TRO Order, 3,4.

**RELIEF REQUESTED**

8. By this Motion, the Trustee seeks to limit service of the 9019 Motion to (i) the United States Trustee; (ii) the Debtor; (iii) the official committee of unsecured creditors; (iv) the Defendants; (v) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system; (vi) the United States of America; and (vii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively the "Notice Parties").

9. The Trustee files this Motion with the consent of the United States of America (the "Government"), represented by the United States Attorney's Office for the Southern District of New York ("USAO-SDNY").

**I.  Limited Service**

10. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

11. Pursuant to Bankruptcy Rule 2002(a)(3), notice of a hearing on a proposed compromise or settlement (such as the 9019 Motion) must be given by mail and must be served on (among others) "all creditors."

12. As of today, approximately 1,300 claims have been filed in these chapter 11 cases—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). The Trustee submits that it would be unduly burdensome for the estates to serve the 9019 Motion on 1,300 parties. Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates. In fact, it is very unlikely that

individual creditors would have any interest in reviewing the 9019 Motion—especially given that (a) several creditors are already active (and have filed notices of appearances) in these chapter 11 cases and (b) an official committee of unsecured creditors has been appointed in the Debtor's chapter 11 case.

13.     Finally, this relief is consistent with Rule 2002 itself, which expressly contemplates that the bankruptcy court may, if it deems appropriate, limit the service that would otherwise be required. Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3), and (6)" need only be provided "to the [official committee of unsecured creditors] or [its] authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

14.     Based on the foregoing, the Trustee requests that the Court authorize service of the 9019 Motion only upon the Notice Parties.

15.     The Trustee submits that the relief sought in this Motion is appropriate in the Chapter 11 Case and is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated:    August 14, 2023                  LUC A. DESPINS,
             New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Douglass Barron*
    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

        and

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

        and

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

6

## EXHIBIT A

**Proposed Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
      Debtor. : (Jointly Administered)
---------------------------------------------------------x
: 
LUC A. DESPINS, Chapter 11 Trustee, : Adv. Proceeding No. 23-05017
: 
      Plaintiff, :
: 
v. :
: 
TAURUS FUND LLC, :
SCOTT BARNETT, as trustee of TAURUS :
FUND LLC, and :
TAURUS MANAGEMENT LLC, as trustee :
of TAURUS FUND LLC, :
: 
      Defendants. :
---------------------------------------------------------x

## ORDER LIMITING SERVICE OF NOTICE OF CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY RULE 9019, FOR APPROVAL OF SETTLEMENT WITH UNITED STATES

The Court having considered the motion (the "Motion") seeking to limit service of the

*Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Rule 9019, for Approval of Settlement*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*with United States of America* (the "9019 Motion")[2] to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT

1. The Motion is granted as set forth herein.

2. A hearing on the 9019 Motion shall be held on **August [___], 2023 at [__]:00 [__].m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT  06604.

3. The deadline to object to the 9019 Motion shall be **August [___], 2023 at [__]:00 [__].m.**

4. The 9019 Motion only needs to be served upon:

   i. the United States Trustee;

---

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

2

  ii. the Debtor;

  iii. the official committee of unsecured creditors;

  iv. the Defendants;

  v. all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system;

  vi. the United States of America; and

  vii. any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

5. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.