UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) ) | (Jointly Administered) |
| Debtors.[1] | ) ) | Re: ECF No. 1805, 2080 |

**ORDER GRANTING MOTION TO HOLD
GTV MEDIA GROUP, INC. AND SARACA MEDIA, INC.
IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH RULE 2004 SUBPOENAS**

Before the Court is the Motion for Entry of Order Compelling GTV Media Group, Inc. and Saraca Rule 2004 Subpoenas dated May 18, 2023 (the "Motion"),[2] ECF No. 1805, and the Supplemental Motion to Hold GTV Media Group, Inc. and Saraca Media Group, Inc. in Civil Contempt of Court for Failing to Respond to Rule 2004 Subpoenas dated August 11, 2023 (the "Supplemental Motion,") ECF No. 2080, filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok. For the reasons stated below, the Court holds GTV Media Inc. ("GTV") and Saraca Media Group, Inc. ("Saraca") in contempt of Court.

A hearing was held on the Motion on June 6, 2023. Although the Motion sought to compel production of documents from GTV and Saraca, the Trustee asked the Court to enter an

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Various pleadings and orders discussed in this Order were omnibus in nature. For the sake of clarity, the titles of pleadings and orders are set forth herein only as they concern Hudson Diamond Holdings LLC.

order holding GTV and Saraca in contempt of court because although they responded initially to the subpoenas directed to them, they have not responded or produced any documents since December 2022. The Trustee also asked the Court to order Attorney Aaron A. Mitchell to appear and testify regarding GTV and Saraca.

On June 7, 2023, the Court issued an order to show cause (the "Order to Show Cause") requiring

> GTV Media Inc. ("GTV"), through an Officer, Director, Member, or Manager; Saraca Media Group, Inc. ("Saraca"), through an Officer, Director, Member, or Manager; and Attorney Aaron A. Mitchell shall personally appear on July 18, 2023 at 12:30 p.m., at the United States Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604, and show cause why this Court should not hold GTV and Saraca in civil contempt of court for failing to respond or comply with subpoenas authorized by this Court . . ..

(ECF No. 1893.) Attorney Mitchell appeared during the show cause hearing only in his personal capacity. Attorney Mitchell represented to the Court that, although he continued to be employed as an attorney by GTV and Saraca, as of April 20, 2023, he is no longer a member of GTV's board and he had no authority to oppose a finding of contempt against GTV and Saraca. He also testified he was not appearing at the show cause hearing on behalf of GTV or Saraca. No representative of GTV or Saraca appeared during the show cause hearing.

During the July 18th show cause hearing, Attorney Mitchell testified that between December 2022 and April 2023 he did not respond to the Rule 2004 subpoenas because (i) he was not a director of Saraca; (ii) he did not have access to GTV's server and he did not know who did other than the service provider; (iii) he was alone at GTV; (iv) the Trustee was not persistent in his attempts to obtain consensual compliance; and (v) Lawall & Mitchell, LLC had produced all the GTV documents in his possession. At the conclusion of the hearing, the Court gave the Trustee time to file a supplemental pleading in response to Attorney Mitchell's testimony.

On August 11, 2023, the Trustee filed the Supplemental Motion. In the Supplemental Motion, the Trustee argues that (i) there is no dispute that GTV and Saraca were aware of the Rule 2004 subpoenas given the efforts of their previous counsel; (ii) contrary to Attorney Mitchell's representations, the Trustee repeatedly sought compliance through communication after previous counsel ceased its representation; (iii) Attorney Mitchell had an obligation to bring GTV into compliance while its director; and (iv) GTV and Saraca did not appear or show cause why they should not be held in contempt of court.

Paragraphs 24 through 33 of the original Motion detail the Trustee's communications with GTV, Saraca, and Attorney Mitchell regarding the Rule 2004 subpoenas directed at GTV and Saraca. Exhibits C-1, C-2, D-1, D-2, E, and F to the Declaration of Avram E. Luft attached to the Motion support the Trustee's assertions. The Court is not persuaded by Attorney Mitchell's testimony that the Trustee was not diligent in his efforts to seek compliance.

The Motion and the Order to Show Cause were served on GTV and Saraca, as evidenced by the Trustee's Certificates of Service. (ECF Nos. 1826, 1902.)

Therefore, pursuant to Fed. R. Civ. P. 45(g), made applicable by Fed. R. Bankr. P. 9016, the Court finds GTV and Saraca in contempt for failure to comply with or respond to the Rule 2004 subpoenas. The failure to excuse their lack of response to the Rule 2004 subpoenas despite the ample time the Court has afforded them, either in response to the Motion or the Order to Show Cause, supports a finding of contempt.

Accordingly, it is hereby

**ORDERED:** The Supplemental Motion is **GRANTED** as set forth below; and it is further

**ORDERED:** GTV Media, Inc. ("GTV") and Saraca Media, Inc. ("Saraca") are held to be in civil contempt of court; and it is further

**ORDERED:** GTV and Saraca may purge themselves of contempt by complying with their Rule 2004 subpoenas. Should either GTV Media or Saraca Media fail to purge itself of contempt by September 15, 2023, the Trustee may move for appropriate sanctions, including the reimbursement of all fees and expenses associated with the Motion as it relates to GTV and Saraca and the Supplemental Motion; and it is further

**ORDERED:** On or before August 21, 2023, the Trustee shall serve this Order upon GTV and Saraca, and on or before August 24, 2023, shall file a certificate of service demonstrating compliance with this Order.

Dated at Bridgeport, Connecticut this 18th day of August, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut