UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------x
: Chapter 11
In re: :
: Case No. 22-50073 (JAM) (Jointly Administered)
HO WAN KWOK, *et al.*,[1] :
: Re: ECF No. 2002
Debtors. :
---------------------------------------------------------------x

**ORDER**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with the Trustee, and Genever (BVI), the "Movants") for entry of an order (this "Order") establishing procedures for interim compensation and reimbursement of expenses for attorneys and other professionals employed by the Movants or the Committee whose retentions are approved pursuant to 11 U.S.C. §§ 327 or 1103 (collectively, the "Professionals"), all as more fully set forth in the Motion; and due and sufficient notice having been given; and the Court having held a hearing upon the Motion: and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest after the hearing held on August 15, 2023; it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) and Genever Holdings Corporation.  The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Professionals may seek interim compensation and/or reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. Following entry of this Order, on or before the 20th day of each month following the month for which compensation is sought (or as soon thereafter as reasonably practicable), each Professional seeking compensation shall file with the Court a monthly fee statement (the "Monthly Fee Statement"), and shall serve such Monthly Fee Statement on

        i. Luc A. Despins, as chapter 11 trustee for the estate of Ho Wan Kwok (lucdespins@paulhastings.com);

        ii. Counsel for the Trustee, (x) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: G. Alexander Bongartz (alexbongartz@paulhastings.com) and Douglass Barron (douglassbarron@paulhastings.com)) and (y) Neubert, Pepe & Monteith, P.C., 195 Church Street, 13th Floor, New Haven, Connecticut 06510 (Attn: Douglas S. Skalka (dskalka@npmlaw.com) and Patrick R. Linsey (plinsey@npmlaw.com));

        iii. the Office of The United States Trustee, Giaimo Federal Building, 150 Court Street, Room 302, New Haven, Connecticut 06510 (Attn: Holley L. Claiborn (holley.l.claiborn@usdoj.gov));

        iv. counsel for the Official Committee of Unsecured Creditors, Pullman & Comley, LLC, 850 Main Street, 8th Floor, PO Box 7006, Bridgeport, Connecticut 06601-7006 (Attn: Irve J. Goldman (igoldman@pullcom.com); and

        v. counsel for Pacific Alliance Asia Opportunity Fund L.P., O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: Peter Friedman (pfriedman@omm.com) and Stuart M. Sarnoff (ssarnoff@omm.com)

(collectively, the "Notice Parties"). Professionals shall still be required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Limiting Service of Notice for Applications*

*Seeking Compensation of Fees or Reimbursement of Expenses* [ECF No. 1611] (the "Fee App Notice Order").

b. Professionals employed as of July 1, 2023, shall file, within twenty (20) days of the entry of this Order, their first Monthly Fee Statements for any periods through the end of the last full month before entry of this Order (to the extent such periods are not addressed by a previously filed fee application).[3] Any Professionals retained after July 1, 2023, shall file their first Monthly Fee Statement for the period from the date on which their employment became effective through the end of the first full month following such date and otherwise in accordance with the procedures set forth in this Order.

c. Each Monthly Fee Statement must contain a list of the individuals who provided services during the period covered by the Monthly Fee Statement, their respective titles (*e.g.*, attorney, accountant, paralegal, etc.), their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries (redacted or modified to protect any privilege) for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable, unless otherwise ordered by the Court.

d. The Notice Parties shall have twenty-one (21) days from the filing and service of a Monthly Fee Statement to review it and, if objecting to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection"), such party shall, by no later than 12:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), file with the Court and serve upon (i) the Professional whose Monthly Fee Statement is the subject of the Objection and (ii) the Notice Parties a written Notice of Objection to Fee Statement (a "Notice of Objection"), setting forth the nature of the Objection and the amount of fees or expenses as to which the Objection pertains. The Court may extend the Objection Deadline upon the motion of any Notice Party filed prior to the Objection Deadline and served upon the applicable Professional, the Trustee, and the U.S. Trustee, and a showing of cause.

e. At the expiration of the Objection Deadline, with respect to fees and expenses as to which no Notice of Objection has been served in accordance with the foregoing paragraph (d), 80% of the fees and 100% of the expenses shall be paid within fourteen (14) calendar days by the above-captioned Debtors' estates.

f. If a Notice of Objection with respect to a particular Monthly Fee Statement is timely served, payment shall be withheld of only that portion of the Monthly Fee Statement as to which the Objection is directed and the Professional

---

[3] Professionals' Monthly Fee Statements for any such periods may be filed in omnibus form but will otherwise be subject to all requirements for Monthly Fee Statements as set forth in this Order.

shall be paid the remainder of the fees and disbursements to the extent payable and pursuant to the procedures set forth in the foregoing paragraph (e).

g. Promptly upon resolution of part or all of an Objection to a Professional's Monthly Fee Statement, the Professional shall file with the Court and serve notice of the resolution (the "Notice of Resolution of Objection") on the party that asserted the Objection (the "Objecting Party") and on all parties served with the applicable Notice of Objection indicating that the Objection has been fully or partially resolved, and, if partially resolved, the portion still subject to an Objection. In the absence of written notice disputing the Notice of Resolution of Objection, filed with the Court within seven (7) days of the filing of the applicable Notice of Resolution of Objection and served by the Objecting Party on the applicable Professional, the Trustee, and the U.S. Trustee, the Objection at issue in the Notice of Resolution of Objection shall be deemed resolved, without prejudice to any objection to an interim or final application for compensation, as provided in the following paragraph (i).

h. If an Objection is resolved, then that portion of the Monthly Fee Statement that is no longer subject to the Objection shall be paid from the above-captioned debtors' estates within fourteen (14) days of the expiration of time to dispute the Notice of Resolution of Objection. All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application to be heard by the Court in accordance with the following paragraphs (j) and (k). Objections shall not be heard or determined by the Court in advance of the applicable interim or final fee application.

i. The service of a Notice of Objection in accordance with the foregoing paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j. Commencing with the period ending August 31, 2023, and for each four-month interval thereafter (each, an "Interim Fee Period"), each of the Professionals shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during such Interim Fee Period. Each Professional shall file its Interim Fee Application no later than forty-five (45) days after the end of the Interim Fee Period.

k. The Court shall enter a notice of hearing (the "Interim Fee Hearing Notice") scheduling a hearing to consider the Interim Fee Applications for all Professionals (the "Interim Fee Hearing"), after the expiration of the forty-five

4

(45)-day period set forth in the foregoing paragraph (j). Unless otherwise ordered by the Court, the Trustee shall serve all parties entitled to service under the Fee App Notice Order with a copy of the Interim Fee Hearing Notice within seven (7) days of the Court's entry of the Interim Fee Hearing Notice, and the Trustee shall file a certificate attesting to having made such service prior to the Interim Fee Hearing.

      l.      Any Professional that fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement (i) shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the Professional's last fee application, whichever is later.

      m.      The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

      n.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

      o.      Any service required pursuant to the Compensation Procedures shall be made by electronic mail (including, if applicable, by the Court's CM/ECF) system), or, to the extent that service by electronic mail cannot be made, by U.S. mail or reputable overnight courier (the "Service Procedures").

      p.      For the avoidance of doubt, nothing herein shall preclude (a) any Professional from seeking allowance and payment of fees pursuant to interim or final fee applications without first having submitted Monthly Fee Statements or (b) the Court from considering any such fee applications (including any pending applications filed prior to entry of this Order).

      q.      With respect to each Professional, billable hours spent on preparing Monthly Fee Statements filed pursuant to the Compensation Procedures shall not exceed 5.0 hours per Monthly Fee Statement; *provided*, *however*, that the U.S. Trustee is not waiving any right to object, in connection with any Interim Fee Applications or final fee applications, to the amount of hours spent on preparing Monthly Fee Statements, and the applicable Professional's right to respond to any such objection is preserved.

3.      The Movants shall include all payments to Professionals on their monthly operating reports, detailed so as to state the amount paid to each Professional.

4. Monthly Fee Statements, Notices of Objection, Notices of Resolution of Objection, and notices disputing Notices of Resolution of Objection, shall not be determined by the Court or scheduled for hearing prior to the applicable interim or final application for compensation, and any disputed issues in connection therewith shall be preserved pending the Court's consideration of the interim or final application for compensation. The foregoing shall not limit the Court's authority to enter orders or schedule proceedings as the Court deems appropriate upon its review of these or any other documents filed in the above-captioned chapter 11 cases.

5. The Trustee shall serve a copy of this Order on each of the Professionals.

6. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Any compensation or reimbursement of expenses paid to any Professional pursuant to this Order on account of its Monthly Fee Statements may be subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full or as provided in the order approving the sale of the Lady May [ECF No. 1953].

9. Any Notice Party may object to requests for payments made pursuant to this Order on the grounds that the Movants have not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of the case; *provided*, *however*, that the Trustee may request by motion (a "<u>Suspension Motion</u>") that the Court suspend the Compensation Procedures if, in the Trustee's

sole discretion, he believes circumstances warrant such relief.  A Suspension Motion shall be heard within seven (7) days of filing subject to the Court's schedule.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 18th day of August, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut