**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------- x
In re:                             :
                                   :    Chapter 11
HO WAN KWOK, *et al.*,             :
                                   :    Case No. 22-50073 (JAM)
                    Debtors.       :
                                   :
---------------------------------- x

**GREENWICH LAND, LLC'S AND HING CHI NGOK'S
OBJECTION TO THE CHAPTER 11 TRUSTEE'S SIXTH SUPPLEMENTAL
OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR RULE 2004 DISCOVERY**

Parties-in-Interest and Defendants in Adversary Proceeding No. 23-05005 (the "Adversary Proceeding") Greenwich Land, LLC ("Greenwich Land") and Hing Chi Ngok ("Ms. Guo" and together with Greenwich Land, "Defendants") respectfully submit this objection to Chapter 11 Trustee Luc A. Despins' (the "Trustee") Sixth Supplemental Omnibus Motion for Entry of an Order Under Bankruptcy Rule 2004 Authorizing Discovery (the "Rule 2004 Motion") (ECF 2079).

**INTRODUCTION**

1. The Trustee filed the Adversary Proceeding against Defendants alleging Ms. Guo is not the real owner of Greenwich Land, but rather that her husband the Debtor Ho Wan Kwok ("Debtor") is the true equitable owner. The Trustee obtained an *ex parte* attachment and *ex parte* temporary restraining order against Defendants in the Adversary Proceeding based on his sworn certification that he possessed sufficient evidence for the extraordinary relief.

2. Despite this prior representation, the Trustee now seeks permission to serve twenty (20) Rule 2004 subpoenas for discovery directly related to the Adversary Proceeding, namely documents and communications with or concerning Ms. Guo or Greenwich Land, and discovery related to assets of Ms. Guo or Greenwich Land that the Trustee alleges in the Adversary

1

Proceeding are property of the Debtor's estate, including real property located at 373 Taconic Road, Greenwich, Connecticut (the "Taconic Property"), and 33 Ferncliff Road, Cos Cob, Connecticut (the "Ferncliff Property"). These are the precise properties and issues the Trustee used as the basis for the Adversary Proceeding. *See* Adversary Proceeding (ECF 1), at ¶¶2-4, 10-11, 27-53, 55.

3.  Having commenced the Adversary Proceeding against Defendants, all discovery related to the Trustee's allegations against Defendants, including without limitation financial discovery related to Greenwich Land and Ms. Guo, and requests for discovery related to the Taconic Property, the Ferncliff Property, or any other of Defendants' assets the Trustee contends are Estate property must be conducted in the Adversary Proceeding pursuant to the Federal Rules of Civil Procedure (the "Federal Rules").

4.  Similarly, all discovery related to claims that fall within the scope of the Adversary Proceeding, including the Trustee's claim under Delaware law that Greenwich Land is the Debtor's alter ego, must be conducted within the confines of the Adversary Proceeding and subject to the safeguards provided by the Federal Rules, including Defendants' participatory rights. The purpose of Rule 2004 is to allow the Trustee to determine whether to initiate an adversary proceeding, not a means for the Trustee to conduct a secret fishing expedition in search of evidence he hopes to use against Defendants in the Adversary Proceeding. The Trustee cannot circumvent the Federal Rules and cannot continue to conceal evidence from Defendants.

5.  During the parties' meet-and-confers the Trustee confirmed that he will not produce responsive non-privileged documents to Defendants if those documents were produced to the Trustee in response to a Rule 2004 subpoena. The Trustee contends that he is entitled to assert work-product privilege over a third party's documents related to or concerning Defendants and

Defendants' assets. The Trustee further contends that he is vested with the right to selectively "waive" privilege over a self-selected set of documents produced by third parties. The Trustee is wrong as a matter of law. The work-product privilege is limited to materials prepared by counsel, which contain counsel's legal analysis, conclusions, theory or strategy. The work-product privilege does not extend to non-privileged documents produced by third parties pursuant to publicly filed subpoenas, including the proposed subpoenas the Trustee publicly filed as exhibits to his Rule 2004 Motion. *See* Rule 2004 Motion, Exs. B and C-1 to C-20. A publicly filed subpoena is not protected work-product, nor are documents produced by a third party in response to such a subpoena. The Trustee is conducting traditional discovery in the guise of a Rule 2004 "investigation" to justify his untenable position that he is entitled to conceal relevant and responsive discovery from Defendants.

6. Further, the Trustee is using the Rule 2004 Motion to conduct discovery beyond the expedited discovery timetable set forth in the Court's scheduling order in the Adversary Proceeding (the "Scheduling Order"). *See* Adversary Proceeding (ECF 56). The Scheduling Order provides that all "Written Discovery Requests…shall be served by the Parties on or before June 13, 2023," and that "supplemental Written Discovery Requests" may be served "based on newly discovered information or developments in the litigation." *Id.*, ¶2. Further, the "deadline for the completion of all fact discovery, including deposition discovery and Written Discovery Requests…shall be September 5, 2023." *Id.*, ¶3. The Rule 2004 Motion flouts the Scheduling Order. The Trustee asks the Court to ignore the Scheduling Order and grant the Trustee an indefinite extension to conduct unilateral discovery into Defendants' assets and finances well beyond the discovery cut-off date, in secret, and outside of Defendants' purview. The Trustee is bound by the same rules and orders as Defendants. Having imposed a compressed discovery

schedule on the parties in the Adversary Proceeding just months ago (the deadline for which is September 5, 2023), the Court should not now endorse the Trustee's unilateral demand to engage in an open-ended Rule 2004 fishing expedition for evidence against Defendants for use in the Adversary Proceeding.

7. Contrary to the Trustee's belief, Rule 2004 does not give the Trustee the unfettered right to conduct shadow discovery related to the exact same assets and issues that are the subject of the Adversary Proceeding. Virtually every single discovery request contained in the Trustee's twenty (20) proposed Rule 2004 subpoenas seeks documents and information related to Greenwich Land, Ms. Guo, the Taconic Property and the Ferncliff Property. The Trustee offers no explanation for why discovery related to parties, assets and issues the Trustee alleges are relevant to the Adversary Proceeding are the proper subject of a Rule 2004 subpoena.

8. The Court should deny the Rule 2004 Motion in its entirety and order the Trustee to proceed in accordance with the Federal Rules. In the alternative, the Trustee should be ordered to disclose to Defendants all documents related to Greenwich Land, Ms. Guo, and any issue the Trustee raised in the Adversary Proceeding. The Trustee is misguided in his belief that he is above the Federal Rules, or that he is entitled to create new rules to conceal material and responsive discovery from parties the Trustee has sued in the Adversary Proceeding. The Court should not endorse the Trustee's continued abuse of Rule 2004 and the Federal Rules. The Trustee is a civil litigant and should be held to the same rules and standards as every other civil litigant in every civil litigation.

## RELEVANT FACTUAL BACKGROUND

9. The Trustee commenced this Adversary Proceeding on March 27, 2023 (*see* Adversary Proceeding, ECF 1). The same day, the Trustee made his *ex parte* PJR Application

pursuant to Conn. Gen. Stat. §52-278e(a) ("PJR Application") (*id.*, ECF 11), and *ex parte* PI Motion (including for a TRO) (*id.*, ECF 12). The PJR Application and PI Motion both seek similar relief to attach the Taconic Property and to enjoin Defendants from taking any action to encumber or transfer the Taconic Property. (*id.*, ECF 4, ¶2 (PJR Application); ECF 12, ¶¶1-2 (Motion)). On March 28, 2023, the Court entered the Trustee's proposed order and granted the PJR Application (the "PJR Order" (*id.*, ECF 15)). The same day, the Court granted the Trustee's Motion for an *ex parte* temporary restraining order ("TRO") and set a hearing on the Trustee's PI Motion (*id.*, ECF 14), which hearing is now scheduled to commence on May 30, 2023.

10. On August 11, 2023, the Trustee filed his Rule 2004 Motion, attaching twenty (20) proposed Rule 2004 subpoenas (the "Proposed Subpoenas"). *See* Rule 2004 Motion, Exs. B and C-1 to C-20. The Proposed Subpoenas confirm that the Trustee is seeking discovery related to Defendants and the subject matter of the Adversary Proceeding.

11. The Proposed Subpoenas include the following defined terms related to Defendants and assets the Trustee alleges in the Adversary Proceeding are Estate assets:

   a. "<u>Debtor's Purported Wife</u> means Hing Chi Ngok (a/k/a Hing Chi Ng, Yu Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf." *See, e.g.,* Rule 2004 Motion, Ex. C-1, p.8.

   b. "<u>Debtor's Family</u> means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor." *See, e.g.,* Rule 2004 Motion, Ex. C-1, p.8.

   c. The term "Associated Individuals" is defined to include "all individuals" that: (1) "hold, control, have custody over, or discretion over assets owned,

5

    controlled, or enjoyed" by Ms. Guo; or (2) "have been employees, directors, other otherwise are affiliated with" Greenwich Land "together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." *See, e.g.,* Rule 2004 Motion, Ex. C-1, pp.8-9.

    d. The term "Associated Entities" is defined to include "individually and collectively, all organizations or Entities of any type that (1) have been owned controlled, or invested in by" Ms. Guo; or (2) "have an interest, whether directly or indirectly, in any assets owned, controlled or enjoyed by" Ms. Guo, "together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing." *See, e.g.,* Rule 2004 Motion, Ex. C-1, p.9.

12. All discovery related to Ms. Guo and Greenwich Land must be conducted in accordance with the Federal Rules and in the Adversary Proceeding. The Trustee cannot use the guise of Rule 2004 discovery to conceal evidence related to Ms. Guo and Greenwich Land from Ms. Guo and Greenwich Land.

13. In addition, the Proposed Subpoenas include dozens of requests targeted at Defendants and Defendants' assets that are the subject of the Adversary Proceeding, including the Taconic Property and Ferncliff Property. Below are a handful of such examples.

    a. Each Proposed Subpoena includes requests targeted at Ms. Guo, who the Trustee disingenuously defines as the "Debtor's Purported Wife," although the Trustee has been aware for months that Ms. Guo has been legally married to the Debtor for decades. *See, e.g.,* Rule 2004 Motion, pp. 34, 53, 72, 89, 106, 123, 140, 157, 174, 193, 210, 230, 249, 268, 285, 305, 324, 344, 364, 384. The Trustee's continued attacks against Ms. Guo's marriage, which appear to stem

6

from a misapprehension of fact or lack of respect for marriages conducted under foreign law, have no purpose other than to demean and humiliate Ms. Guo.

b. The Proposed Subpoenas to (1) 17 Miles, LLC and (2) GS Security Solutions Inc. seek the following documents and information: "All documents regarding any property ever occupied or used by the Debtor, including without limitation…the residential property located in Greenwich, Connecticut at 373 Taconic Rd. [and] the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd…." *See* Rule 2004 Motion at pp.40 (Request No. 6), 180 (Request No. 6).

c. The Proposed Subpoenas to (1) Ana C. Izquiedo-Henn; (2) Limarie Reyes; (3) Linwan "Irene" Feng; (4) Ross Heinemeyer; (5) Zhuoer "Joe" Wang seek the following documents and information: "All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd. [and] the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd…." *See* Rule 2004 Motion at pp.59 (Request No. 7), 236 (Request No. 7), 255 (Request No. 7), 311 (Request No. 7); 390 (Request No. 7).

d. The Proposed Subpoenas to (1) Axos Bank and/or Axos Financial, Inc.; (2) Bank of Montreal; (3) Canadian Imperial Bank of Commerce and/or CIBC Ind. (d/b/a/ CIBC); (4) Charles Schwab & Co., Inc. (d/b/a/ Charles Schwab); (5) Comerica Incorporated (d/b/a Comerica Bank); (6) East West Bank and/or East West Bancorp, Inc.; (7) Investors Bank and/or Citizens Financial Group, Inc.; (8) Morgan Stanley Smith Barney LLC (d/b/a Morgan Stanley) (collectively

7

the "Bank Subpoenas") define the "2004 Discovery Targets" to include "Greenwich Land LLC," of which Ms. Guo is the sole member. *See* Rule 2004 Motion at pp. 72, 89, 106, 123, 140, 157, 193, 268.

e. Each of the Bank Subpoenas then includes the following requests for documents and information:

   i. "All Documents related to any account held by, controlled by, on behalf of, or otherwise related to…[Greenwich Land], including any and all account statements, authorizations, power of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions." *See* Rule 2004 Motion at pp. 76, 89, 93, 110, 127, 144, 161, 197, 272.

   ii. "All documents related to any funds, securities, property, or assets belonging to, held by, controlled by, on behalf of, or otherwise related to…[Greenwich Land], including any and all account statements, authorizations, powers of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions." *See* Rule 2004 Motion at pp. 76, 89, 93, 110, 127, 144, 161, 197, 272.

   iii. "All Documents related to any business, commerce or financial transactions, including but not limited to any loan, line of credit, bailment, deposit, swap, securities transactions, mortgage, or ISDA, with…[Greenwich Land] including any and all account statements, authorizations, powers of attorney, trusts, instructions or forms, copies

of cancelled checks, correspondence, and wire transfers and related correspondence and instructions." *See* Rule 2004 Motion at pp. 76, 89, 93, 110, 127, 144, 161, 197, 272.

iv. "All Documents relating to any wire transfer activity relating to [Greenwich Land] regardless of the existence of any accounts, including but not limited to all wire transfer receipts, account numbers, balances, authorizations, identification information related to the parties to the transfer, correspondence, instructions, or other records." *See* Rule 2004 Motion at pp. 76-77, 93-94, 110-111, 127-128, 144-145, 161-162, 197-198, 272-273.

v. "All Documents related to any correspondence and communications between you and [Greenwich Land]." *See* Rule 2004 Motion at pp. 77, 94, 111, 128, 145, 162, 198, 273.

vi. "All Documents related to any account with [Greenwich Land] relating to opening of the account, authorized users of the account and maintenance of the account." *See* Rule 2004 Motion at pp. 77, 94, 111, 128, 145, 162, 198, 273.

vii. "All Documents related to any anti-money laundering, know-your-customer, or other compliance activity relating to [Greenwich Land], including but not limited to any information provided by any of [Greenwich Land], or learned by You." *See* Rule 2004 Motion at pp. 77, 94, 111, 128, 145, 162, 198, 273.

  viii. "All Documents relating to any communications with any regulator from any country, including but not limited to the Bank of England, the United States Federal Reserve, the S.E.C., the CFTC, FINRA, China Securities Regulatory Commission, People's Bank of China, Hong Kong Securities and Futures Commission, and the Hong Kong Monetary Authority relating to…[Greenwich Land]." *See* Rule 2004 Motion at pp. 72, 89, 106, 123, 140, 157, 193, 268.

 f. The Proposed Subpoenas to (1) Joshua I. Sherman; (2) Nicholas F. Savio; (3) Savio Law LLC; (4) V.X. Cerda & Associates P.A.; (5) Victor Cerda each request: "All Documents regarding…the residential property located in Greenwich, Connecticut, at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut, at 33 Ferncliff Rd.;…and any financial interest that the Debtor or the Debtor's estate possesses in [Greenwich Land]." *See* Rule 2004 Motion at pp.216 (Request No. 10), 291 (Request No. 10), 330 (Request No. 10), 350 (Request No. 10), 370 (Request No. 10).

14. In addition, the Trustee acknowledges that his Rule 2004 Motion targets individuals and entities specifically for their purported knowledge related to Greenwich Land. *See* Rule 2004 Motion, p. 5. For example, the Trustee argues that Mr. Nicholas F. Savio and his law firm Savio Law LLC purportedly "transferred millions of dollars to, among others, bank accounts controlled by Greenwich Land LLC….[and] [a]s such, Savio may have information, documents and records relating to Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations." *Id*. There is no basis for the Trustee to seek information related to Greenwich Land outside the Adversary Proceeding. The speculative possibility that the requested

discovery—if it exists—may have a collateral use is not good cause to justify broad Rule 2004 discovery.

15. All documents and information produced in response to the above referenced Proposed Subpoenas are plainly directed at the core issues raised in the Adversary Proceeding. The Trustee's proposed discovery is obviously intended to be used against Defendants in the Adversary Proceeding. The scope of the Proposed Subpoenas necessarily involve issues that form the crux of the Trustee's Adversary Proceeding, namely Ms. Guo, Greenwich Land, the Taconic Property and Ferncliff Property. All discovery related to Defendants and assets the Trustee alleges are Estate assets must be conducted within the confines of the Adversary Proceeding and pursuant to the Federal Rules. The Trustee has no cognizable basis to evade the Federal Rules. The Trustee should not be authorized to continue to violate Defendants' rights under the Federal Rules and Constitutional right to due process.

## ARGUMENT

16. "Relevance alone is not sufficient to justify a Rule 2004 request. A party seeking to conduct a Rule 2004 examination must also show good cause, such as the proposed examination is necessary to establish the claim of the party seeking the examination, or denial of such request would cause the examiner undue hardship or injustice." *In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017).

17. The Court's prior order granting the Trustee's Fifth Supplemental Omnibus Motion for 2004 Examination (ECF 1891) focused on whether the target of a Rule 2004 subpoena is a party to a pending proceeding, but this narrow reading of the caselaw overlooks the key issue of scope and misapprehends the purpose of Rule 2004 discovery. *See* ECF 1891, p. 3.

18. First, Rule 2004 is a *pre*-litigation device used to determine whether there are grounds to bring an adversary proceeding, not to conduct shadow discovery to obtain evidence for use in a pending adversary proceeding. *See In re Enron Corp.*, 281 B.R. 836, 840-841 (Bankr. S.D.N.Y. 2002) ("Based on Rule 2004's substantive differences, courts have expressed concern that Rule 2004 examinations not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure"). "[O]nce an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *Id.*; *see also In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) ("There is a well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the applicable Federal Rules of Civil Procedure, and not Rule 2004").

19. "The pending proceeding rule is based on the different safeguards that attend Rule 2004 and civil litigation discovery, and reflects a concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *In re Sunedison, Inc.*, 572 B.R. at 489. The Trustee's continued pursuit of Rule 2004 discovery regarding the Taconic Property, the Ferncliff Property, Greenwich Land, and Ms. Guo—*months* after the Trustee commenced the Adversary Proceeding in March 2023—exemplifies improper, prohibited use of Rule 2004 discovery.

20. Second, although the identity of the target of a Rule 2004 subpoena may be a relevant consideration, equally relevant is the scope and purpose of the Rule 2004 subpoena, including whether the movant seeks discovery on issues related to a pending adversary proceeding—which is precisely the Trustee's scope and purpose here. *See In re Baroni*, 2017 WL 4404141, *14 (Bankr. C.D. Cal. Sept. 29, 2017) ("Once an adversary proceeding is pending, the

use of Rule 2004 as a discovery mechanism related to the issues in the adversary proceeding is improper"); *In re Alem*, 2013 WL 4840486, *1 (Bankr. D.D.C. Sept. 11, 2013) ("Rule 2004 relief is generally unavailable to parties seeking to obtain discovery relating to pending litigation").

21. Indeed, "[d]iscovery of evidence *related* to the pending proceeding must be accomplished in accord with the more restrictive provisions of [the Federal Rules of Bankruptcy Procedure]….Thus a trustee, like a creditor, must look to Fed.R.Bankr.P. 7026 *et seq*. after an adversary proceeding is commenced for discovery as to both entities affected by the proceeding and issues addressed in the proceeding." *In re Bennett Funding Group Inc.*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996) (emphasis in original) (denying Rule 2004 motion where the "subpoena as drafted by the Trustee would necessarily involve issues and parties within the scope of the adversary proceeding already initiated by the Trustee, and therefore the Trustee is limited to discovery…in accordance with…Fed.R.Bankr.P. 7026 *et seq*.").

22. Thus, it is "more appropriate to focus on the relationship between the requesting party and the information and parties the examination has targeted" rather than looking solely at whether the target of a Rule 2004 subpoena is a party to a pending proceeding. *In re Bennett Funding*, 203 B.R. at 30; *see also In re Southeastern Materials, Inc.*, 2010 WL 5128608, *3 (Bankr. M.D.N.C. Dec. 10, 2010) ("In addition to parties 'involved in or affected by' a pending adversary proceeding," the rule against Rule 2004 discovery "also applies to issues involved in ongoing litigation").

23. Where, as here, the discovery the Trustee seeks concerns "issues addressed in the [adversary] proceeding," the proper course is to conduct discovery in accordance with the Federal Rules. *In re Bennett Funding*, 203 B.R. at 29. For example, "where a party seeks to depose another party or a witness on an issue which is the subject of a pending adversary proceeding, the

examination cannot be conducted pursuant to Rule 2004, but must be conducted pursuant to the Federal Rules of Civil Procedure." *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (quashing Rule 2004 subpoenas served on non-debtors who were not a party to an adversary proceeding). A cramped reading that only limits Rule 2004 discovery against direct parties to an adversary proceeding, but permits broad discovery related to the subject matter and issues raised in an adversary proceeding violates the purpose and spirit of Rule 2004. *Id*. ("Because the debtor seeks to depose Township officials on issues which are the subject of a pending adversary proceeding, the deposition cannot be conducted pursuant to Rule 2004, but must be conducted pursuant to the Federal Rules of Civil Procedure").

24. Furthermore, no evidence obtained pursuant to Rule 2004 subpoenas served after the Trustee filed the Adversary Proceeding should be admissible in the Adversary Proceeding. *See In re Anderson*, 17-adv-03008 (AMN) 2022 WL 1165002, *4-5 (Bankr. D. Conn. April 19, 2022) (holding that Rule 2004 examination transcripts of unavailable witnesses were inadmissible hearsay in an adversary proceeding commenced after the Rule 2004 examinations); *see also Geico Indemnity Co. v. Dionisio*, 12-cv-01137, 2016 WL 74390, *6 (D. Conn. Jan. 6, 2016) (testimony from separate lawsuit inadmissible where party in the present action did not have the opportunity to cross-examine the witness during the prior testimony).

25. In the Adversary Proceeding, the Trustee seeks to dispossess Ms. Guo of her only residence, the Taconic Property. As detailed above, several of the Trustee's proposed discovery requests seek information directly related to the Taconic Property as well as Defendants' finances and other purported assets the Trustee contends are Estate property. *See supra* at ¶¶11-14. If the Trustee seeks information related to the Taconic Property, or any other discovery related to Defendants, the Trustee should pursue discovery in accordance with the Federal Rules.

26. The Rule 2004 Motion should be denied on equitable grounds as well. The Trustee initially sought an expedited discovery schedule that set June 30, 2023, as the deadline to complete fact discovery. *See* **Exhibit 1** (June 1, 2023 Email to Clerk.). During the parties' meet and confer the Trustee rejected Defendants' request to set a reasonable scheduling order and repeatedly stated that he saw no need for much, if any, fact discovery. In fact, under the Trustee's proposed schedule, motions for summary judgment would have already been fully briefed and submitted, and trial in the Adversary Proceeding would have commenced less than one month from now, the week of September 11, 2023. *Id*.

27. The Trustee now requests indefinite extension of time to conduct unilateral discovery related to Defendants and the Adversary Proceeding, months beyond the Trustee's proposed discovery deadline, and weeks and possibly months beyond the Court-ordered September 5, 2023 discovery cut-off date. The Court should see through the Trustee's transparent abuse of the discovery process and avoid a fundamentally unfair situation where the Trustee is conducting unilateral discovery concerning the Adversary Proceeding in the weeks before—and potentially *during*—trial in the Adversary Proceeding.

28. The filing of the Adversary Proceeding itself eliminated the Trustee's ability to take Rule 2004 discovery concerning the subject matter of the Adversary Proceeding. The Trustee already obtained an attachment and injunction over the Taconic Property on an *ex parte* basis, relying on his sworn certification that he had sufficient evidence to warrant such drastic relief. Given how advanced the Trustee represents he is in his investigation concerning the subject matter of the Adversary Proceeding, it is even more egregious that he seeks to take additional secret discovery without Defendants' involvement and without being subject to the Federal Rules of Civil Procedure.

29. Defendants are entitled to participate in any discovery concerning the Adversary Proceeding, and that discovery must be governed by the Federal Rules. Moreover, to the extent the Trustee proceeds with discovery under Rule 2004 without Defendants' involvement, none of it should be admissible in the Adversary Proceeding. *In re Anderson*, 2022 WL 1165002, *5 (transcripts of 2004 examination were inadmissible hearsay where the examinations were not taken within the adversary proceeding and the parties to the adversary proceeding did not have a full and fair opportunity to participate and cross examine).

## RESERVATION OF RIGHTS

30. Defendants' objection to the Rule 2004 Motion is without prejudice to their pending Motion to Withdraw the Reference of the Adversary Proceeding to the Bankruptcy Court, and their position that the Bankruptcy Court lacks jurisdiction over the Adversary Proceeding. Defendants reserve all of their rights and remedies.

## CONCLUSION

31. The Court should deny the Trustee's Rule 2004 Motion. Defendants are entitled to participate in discovery for the Adversary Proceeding, which lawsuit carries enormous consequences for Ms. Guo and Greenwich Land. The Court should not permit the Trustee to carry on a fishing expedition outside of the Adversary Proceeding and without the guardrails provided under the Federal Rules of Civil Procedure. Defendants' declaration of their meet and confer efforts is **Exhibit 2**.

Dated: August 18, 2023
Stamford, Connecticut

**MEISTER SEELIG & FEIN PLLC**
By: */s/ Christopher J. Major*
    Christopher J. Major, Esq.
    Austin D. Kim, Esq.
    125 Park Avenue, 7th Floor
    New York, NY 10017
    Tel: (212) 655-3500
    Email: cjm@msf-law.com
            adk@msf-law.com

*Attorneys for Greenwich Land, LLC and Hing Chi Ngok*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2023, I caused the foregoing to be filed and served on all appearing parties in this case via the Court's Electronic Case Filing System.

By: */s/ Christopher J. Major*
    Christopher J. Major, Esq.