**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                               :

In re:                           :     Chapter 11
                                 :

HO WAN KWOK, *et al.*,[1]      :     Case No. 22-50073 (JAM)
                               :

           Debtors.        :     (Jointly Administered)
                               :

--------------------------------------------------------x

**MOTION TO LIMIT SERVICE OF GENEVER HOLDINGS LLC'S MOTION,
PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF ORDER
AUTHORIZING GENEVER HOLDINGS LLC TO OBTAIN SERVICES NECESSARY
TO REMEDIATE AREAS OF SHERRY NETHERLAND APARTMENT AFFECTED BY
<u>MARCH 15, 2023 FIRE</u>**

Genever Holdings LLC (the "<u>Debtor</u>" or "<u>Genever US</u>") debtor in these above-captioned

jointly administered cases (the "<u>Chapter 11 Cases</u>"), by and through its undersigned counsel,

hereby files this motion (this "<u>Motion</u>") requesting entry of an order, substantially in the form

attached as **<u>Exhibit 1</u>** hereto (the "<u>Proposed Order</u>") to limit service of *Genever Holdings LLC's*

*Motion, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Genever*

*Holdings LLC to Obtain Services Necessary to Remediate Areas of Sherry Netherland Apartment*

*Affected by March 15, 2023 Fire* (the "<u>Remediation Motion</u>")[2] to the Notice Parties (as defined

below).  In support of this Motion, Genever US respectfully represents as follows:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Remediation Motion.

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order
of Reference* from the United States District Court for the District of Connecticut.  This matter is
a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in the District of Connecticut is proper pursuant to 28 U.S.C. §§ 1408 and
1409.

3.      The bases for the relief requested herein are section 105(a) of the Bankruptcy
Code and Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the
"Bankruptcy Rules").

## BACKGROUND

### I.      Chapter 11 Cases

4.      On October 12, 2020, Genever US filed its chapter 11 petition in the United States
Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").
No trustee or official committee of unsecured creditors has been appointed in Genever US's
chapter 11 case.

5.      On February 15, 2022, the Ho Wan Kwok, (the "Individual Debtor") filed with
the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of
Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order
[Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter

11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [Docket No. 514].

8.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

9.      On October 11, 2022, Genever Holdings Corporation ("Genever BVI") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. No trustee or official committee of unsecured creditors has been appointed in Genever BVI's chapter 11 case.

10.     By order dated November 3, 2022, the New York Bankruptcy Court transferred venue of Genever US's chapter 11 case to this Court.

11.     On November 21, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case, Genever BVI's chapter 11 case, and Genever US's chapter 11 case [Docket No. 1141].

## II.     Remediation Motion

12.     Concurrently herewith, Genever US filed the Remediation Motion, seeking entry of an order authorizing Genever US to undertake the Remediation Project, including (a) entry into the Architect Agreement, effective as of July 27, 2023, (b) selecting and hiring contractors, engineers, consultants, and other third-party service providers in the ordinary course of the Remediation Project (including as it relates to the removal of asbestos), as may be necessary to remediate the Affected Area, subject to certain procedures, and (c) pay such contractors, engineers, consultants, and other third-party service providers in the ordinary course of the remediation project (including as it relates to the removal of asbestos).

**RELIEF REQUESTED**

13.     By this Motion, the Genever US seeks to limit service of the Remediation Motion to: (i) the Office of the United States Trustee for the District of Connecticut; (ii) counsel for the Individual Debtor; (iii) the Committee; (iv) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (v) all parties who receive notice in these chapter 11 cases by electronic filing utilizing the Court's electronic filing ("CM/ECF") system to all appearing parties who utilize the CM/ECF system; and (vi) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

14.     Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

15.     Genever US's request to conduct the Remediation Project is a use of property of the estate and is thus governed by section 363 of the Bankruptcy Code.  Pursuant to Bankruptcy Rule 2002(a)(2), notice of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business must be given by mail and must be served on (among others) "all creditors."

16.     There have been approximately 1,300 claims filed in these chapter 11 cases and the overwhelming majority were filed by individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). Genever US submits that it would be unduly burdensome for the estates to serve the Remediation Motion—which totals more than 80 pages—on 1,300 parties.  Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these

estates.  Indeed, it is very unlikely that individual creditors would have any interest in reviewing the Remediation Motion.

17.    Moreover, this relief is consistent with Bankruptcy Rule 2002 itself, which expressly contemplates that the bankruptcy court may, if it deems appropriate, limit the service that would otherwise be required.  Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2)" need only be provided "to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."  While the Committee is not the official committee of unsecured creditors in Genever US's chapter 11 case, Genever US submits that, given the substantial cost of serving more than 1,300 parties, it is appropriate and is in the best interests of its estate, its creditors, and other parties-in-interest, to limit service of the Remediation Motion upon the Notice Parties only.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, Genever US requests that the Court enter an

order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: August 23, 2023
      New York, New York

By: */s/  G. Alexander Bongartz*
Luc A. Despins (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for Genever Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
```
|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
```
------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 19, 2023, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:   August 23, 2023          By: */s/ G. Alexander Bongartz*
        New York, New York          G. Alexander Bongartz (admitted *pro hac vice*)
                                       PAUL HASTINGS LLP
                                       200 Park Avenue
                                       New York, New York 10166
                                       (212) 318-6079
                                       alexbongartz@paulhastings.com

                                     *Counsel for Genever Holdings LLC*

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**<u>EXHIBIT 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

--------------------------------------------------------x
: 
In re:                                             :      Chapter 11
                                                   :
HO WAN KWOK, *et al.*,[1]                          :      Case No. 22-50073 (JAM)
                                                   :
                       Debtors.                    :      (Jointly Administered)
                                                   :
--------------------------------------------------------x

**ORDER LIMITING SERVICE OF NOTICE OF GENEVER HOLDINGS LLC'S
MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF
ORDER AUTHORIZING GENEVER HOLDINGS LLC TO OBTAIN SERVICES
NECESSARY TO REMEDIATE AREAS OF SHERRY NETHERLAND APARTMENT
<u>AFFECTED BY MARCH 15, 2023 FIRE</u>**

The Court having considered the motion (the "<u>Motion</u>") seeking to limit service of

*Genever Holdings LLC's Motion, Pursuant to Bankruptcy Code Section 363(b), For Entry of*

*Order Authorizing Genever Holdings LLC to Obtain Services Necessary to Remediate Areas of*

*Sherry Netherland Apartment Affected by March 15, 2023 Fire* to the Notice Parties, all as

more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States

District Court for the District of Connecticut; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

estate, its creditors, and other parties in interest; and the relief requested is consistent with Rule

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2002; and due and sufficient notice of the Motion having been given under the particular

circumstances; and it appearing that no other or further notice need be given; and upon all of

the proceedings had before this Court; and any objections to the relief requested herein having

been withdrawn or overruled on the merits; and after due deliberation and sufficient cause

appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Genever US may serve the Remediation Motion only on:

     i.      the Office of the United States Trustee for the District of Connecticut;

     ii.     counsel for the Individual Debtor;

     iii.    the Committee;

     iv.     all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002;

     v.      all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system;

     vi.     any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

3.      Genever US is authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Signed this __ day of _____, 2023

                                 _____
                                 Hon. Julie A. Manning
                                 United States Bankruptcy Judge