**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 |

### DECLARATION OF MEI GUO, AS SOLE MEMBER OF HUDSON DIAMOND HOLDING LLC IN RESPONSE TO THE COURT'S JULY 28, 2023 ORDER

I, Mei Guo, solely in my capacity as custodian of records for Hudson Diamond Holding LLC, hereby declare:

1. I am the sole member and records custodian for Hudson Diamond Holding LLC ("Holding"). I am in receipt of the Court's July 28, 2023 Order Requiring Mei Guo to Appear and Show Cause Why Hudson Diamond Holding LLC Should Not Be Held in Contempt of Court (ECF No. 2036) (the "July 28 Order"), and submit this declaration in my capacity as records custodian for Holding pursuant to the July 28 Order.

2. I have reviewed the Trustee's Rule 2004 Subpoena (the "Subpoena") directed to Holding.

3. My attorney, and counsel for Holding, Attorney Aaron Romney, Esq. previously submitted a Declaration dated July 7, 2023 relating, in part, to Holding's response to the Subpoena.

4. I have reviewed that Declaration, and based on my knowledge, it is true and accurate.

5. Specifically, as set forth in paragraph 8 of Attorney Romney's Declaration, Yvette Wang and Max Krasner handled the business and affairs of Holding. Upon receipt of the

Subpoena, I attempted to contact Mr. Krasner to request any records in his possession relating to Holding.  I received no response from Mr. Krasner.  Ms. Wang is presently incarcerated.

6. As set forth in paragraph 9 of Attorney Romney's Declaration, I also attempted to retrieve records from a closed bank account at Capital One.  I was told that Holding did not have an account at Capital One; I recall no bank accounts belonging to Holding.

7. I also reached out to my accountant, who confirmed that there were no separate tax filings for Holding because it was 100% owned by me.  My accountant also confirmed that Mr. Krasner had previously advised her that there was no business income or expenses for Holding.

8. Moreover, as set forth in Attorney Romney's Declaration, Attorney Romney, together with Lee Vartan, Esq., reached out to Hodgson Russ, and inquired whether the firm had documents responsive to the Subpoena.  It is my understanding that Hodgson Russ provided no documents.

9. I reviewed my hard copy and electronic records, and provided counsel with any documents I had related to Holding.  I understand that those documents were produced to the Trustee on June 15, 2023.

10. After the Court issued the July 28 Order, I met with counsel to review my efforts to collect documents responsive to the Subpoena.

11. Together with Melissa Wernick, Esq., I again conducted searches of email and messaging accounts, and again did not find any communications responsive to the Subpoena.

12. I also renewed my efforts to contact Mr. Krasner.  During the meeting, while in the presence of Attorney Wernick, I again attempted to contact Mr. Krasner, but he did not answer my multiple telephone calls.

13. Attorney Wernick also accompanied me to the Capital One Branch located at 1745 Broadway, New York, NY 10019. We were again informed that there is no bank account for Holding.

14. I also directed my attorneys to reach out to my accountant directly to confirm that there are no additional documents in my accountant's possession related to Holding. Attorney Wernick received such confirmation by email on August 16.

15. I am aware of no other documents responsive to the Subpoena directed to Holding.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 17, 2023

_____
Mei Guo

3