**Exhibit 5**

CASE NO. _____ **22-50073** _____

IN RE: Ho Wan Kwok and Genever Holdings LLC

VS. _____

Trustee's EXHIBIT _____ **5** _____

DATE _____ IDEN.

DATE Aug. 22, 2023 _____ EVID.

BY L. Whitmore
                    Deputy Clerk

AO 386

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, | Case No: 22-50073 (JAM) |
| Debtor. | |

### DECLARATION OF AARON A. ROMNEY REGARDING MOTION TO WITHDRAW AS COUNSEL FOR HUDSON DIAMOND NY, LLC

I, AARON A. ROMNEY, hereby declare:

1.       I am a partner and shareholder of the law firm of Zeisler & Zeisler, P.C., counsel in the above-captioned bankruptcy case (the "Bankruptcy Case") for Mei Guo ( "Ms. Guo") and certain entities that Ms. Guo controls.

2.       I submit this Declaration in response to the request made by the office of the United States Trustee for Region 2.

3.       I make this Declaration based upon my personal knowledge of the facts asserted herein under penalty of perjury.

4.       On May 18, 2023, the Trustee filed his Second Omnibus Motion to Compel and for Contempt (the "Motion for Contempt").  Doc. No. 1805.  Paragraph twenty of the Motion for Contempt states: "Hudson Diamond Holding is a Delaware limited liability company purportedly owned by Mei Guo. Hudson Diamond NY is a subsidiary of Hudson Diamond Holding. Both entities list 162 East 64th Street, New York, New York as a corporate mailing address. Both Yvette Wang and Max Krasner, acting as employees and/or agents of the Debtor, served as officers and/or authorized signatories of both Hudson Diamond NY and Hudson Diamond Holding."

Case 22-50073    Doc 1988-5    Filed 07/07/23    Entered 07/07/23 20:30:17    Page 6 of
22

5.      I first read the Motion for Contempt on May 23, 2023.  In addition to the statements in the Motion for Contempt associating Hudson Diamond Holding, LLC ("Holding") and Hudson Diamond NY, LLC ("New York") with Ms. Guo, I had received and read an operating agreement for Holding that identified Ms. Guo as its sole member.  I also received and reviewed articles of organization for New York that did not identify any members of New York but did identify Hodgson Russ LLP ("Hodgson Russ") as the party that filed New York's articles of organization with the New York Department of State.

6.      On May 30, 2023, Attorney Lee Vartan and I conducted a telephone conference with Ms. Guo to discuss the Motion for Contempt and the subpoenas directed to Holding and New York that were attached thereto (the "Subpoenas").  As a result of that call, Ms. Guo directed me and Attorney Vartan to attempt to negotiate a brief extension of time for Holding and New York to respond to the Subpoenas.

7.      Attorney Vartan spoke with the Trustee's counsel, Avi Luft, on June 1, 2023, and the two of them agreed to a brief adjournment of the hearing on the Motion for Contempt with respect to Holding and New York in exchange for Holding's and New York's agreement to comply with the Subpoenas on or before June 15, 2023.  Based on what I understood to be the terms of that agreement, I filed appearances on behalf of Holding and New York and a Motion to Adjourn the hearing on the Motion for Contempt with respect to Holding and New York.

8.      After June 1, 2023, I engaged in numerous discussions with Ms. Guo with respect to Holding's and New York's responses to the Subpoenas.  Ms. Guo identified Yvette Wang and Max Krasner as the individuals who would have handled any business or affairs on Holding's and New York's behalf.  Ms. Wang is currently incarcerated.  Further, Ms. Guo indicated to me

that she attempted to contact Mr. Krasner in connection with the Subpoenas but he did not
answer or return her calls.

9.      During our conversations in connection with the Subpoenas, Ms. Guo advised me
that she believed that either Holding or New York previously had a bank account at Capital One,
but the account was closed.  Attorney Vartan and I requested that Ms. Guo go to Capital One to
request all statements concerning that account.  Ms. Guo advised Attorney Vartan and me that
she made numerous trips to a Capital One branch to request statements for any/all accounts in the
name of Holding or New York.  Ms. Guo further advised me and Attorney Vartan that Capital
One confirmed to her that New York previously had an account at Capital One, but the account
was closed and Capital One could not provide account statements to Ms. Guo because her name
was not on the account.

10.     On June 8, 2023, Attorney Vartan contacted Mark Harmon, an attorney at
Hodgson Russ who appears to have done work for New York.  Via email, Attorney Harmon
declined to speak with Attorney Vartan and instead referred us to Hodgson Russ's general
counsel, Kevin Kearney.  Attorney Kearney indicated to Attorney Vartan and me that he was out
of the office until the following Monday, June 12, 2023, but he would be happy to speak to us
when he returned.

11.     Attorney Vartan and I called Attorney Kearney in the early afternoon on June 12,
2023.  During that call, Attorney Kearney advised us that he did not believe Hodgson Russ
performed any work for Holding or had any information concerning Holding.  Attorney Kearney
further stated that Hodgson Russ's records indicated that the Debtor's son, Mileson Guo, not Ms.
Guo or Holding, was the sole member of New York.

12.     Given that my direction to appear and act on behalf of New York was from Ms. Guo, not Mileson Guo, and because I have no relationship with and have never spoken to Mileson Guo, immediately after Attorney Kearney informed me of his belief that Mileson Guo was the sole member of New York I first sought the advice of Zeisler & Zeisler, P.C's general counsel and then I contacted the Trustee's counsel, Avi Luft, to inform him of my belief that I mistakenly believed Ms. Guo controlled New York when I appeared and entered into a consensual order adjourning the hearing on the Motion for Contempt on New York's behalf.  I further stated my intention to move to withdraw my appearance on New York's behalf, based on my belief that I had mistakenly appeared on New York's behalf at the direction of an individual who lacked the authority to direct me to do so.

13.     On Sunday June 25, 2023, the Chapter 11 Trustee's counsel, Avi Luft, sent an email to Attorney Vartan and me inquiring whether we were aware of a document, which had been attached as Exhibit T ("Exhibit T") to his declaration in support of the Motion for Contempt (Doc. No. 1805-46).  Exhibit T is a document that appears to be signed by Ms. Guo as Holding's sole member, which, according to the document, is New York's sole member.  Ms. Guo has informed me that the signature on Exhibit T appears to be hers and she believes the document is authentic, but she is not 100% sure because it is a very simple document and executing it is not something that would stand in her memory years later.  In addition, Ms. Guo's execution of Exhibit T is consistent with her original understanding and representations to me that she controls New York.

14.     On Wednesday, June 28, 2023, Attorney Vartan emailed Exhibit T to Attorney Kearney and asked him if he would be willing to discuss it with me and Attorney Vartan.

4

In response, also on June 28, 2023, Attorney Kearney stated: "Lee, all I can tell you is that it was

produced, and it looks like a document that we prepared.  I have reached out to the lawyer who

most likely would know something about the document but have not heard back.  If I do I will

give you a call."

15.    On July 5, 2023, I sent an email to Attorney Kearney stating as follows:

Kevin:  I hope you had a nice holiday.  Have you spoken with the attorney who you
believe is the person most likely to know something about the attached document?  It is
important that we ascertain as much information about this as possible.

When Lee and I spoke with you on or about June 12, you told us that the only operating
agreement in your files for Hudson Diamond NY indicated that Mr. Kwok's son was the
sole member of Hudson Diamond NY.  Last week you indicated that you believe your
firm prepared the attached, which indicates that Hudson Diamond Holdings, LLC was the
sole member of Hudson Diamond NY, and that Mei Guo is the sole member of Hudson
Diamond Holdings, LLC. It is important that I confirm whether your office, in fact,
prepared the attached, and, if so, why it did so, in light of the fact that you believed that
Mr. Kwok's son was the sole member of Hudson Diamond NY.

I would also like copies of all documents that your firm has concerning Hudson Diamond
Holdings and Hudson Diamond NY, including, but not necessarily limited to, all
documents that your firm produced to the Chapter 11 Trustee concerning these entities.

16.    On July 6, 2023, Attorney Kearney responded to my July 5, 2023, email as

follows:

Aaron, it is unclear to me how much information I can provide to you, given the
constraints of RPC 1.6.  I am comfortable telling you that the document you attached was
prepared at the request of Max Krasner.

I confess I do not have any notes of our earlier conversations, but I question whether I
ever told you that Mr. Kwok's son was the sole member of Hudson Diamond NY LLC.
He did sign the operating agreement as an officer of Hudson Diamond Holdings Inc., and
as the President of Hudson Diamond NY LLC.  The documents indicate that Holdings
was the member, not Qiang Guo.  But I do not know if he was the sole member of
Holdings, an entity we did not represent, and I have no information as to how or when
Mei Guo became the sole member of that Entity, as reflected in the document you sent
me..  As I advised earlier, our engagement letter concerning the formation of Hudson
Diamond NY LLC was addressed to Yvette Wang.

I will continue to research and consider if either of your clients can appropriately authorize us to provide confidential information to you on matters relating to Hudson Diamond NY LLC.

17.    Less than thirty minutes later, I responded to Attorney Kearney as follows:

Kevin:  You very clearly told Lee and I that Qiang Guo was the sole member of Hudson Diamond NY.  I don't know what Hudson Diamond Holdings, Inc. is, but I do know that Mei Guo is the sole member of Hudson Diamond Holdings, LLC, see attached, and had I been told that Hudson Diamond Inc. was I would have taken measures to ascertain who owns/controls Hudson Diamond, Inc.  Instead, after our call, I filed a motion to withdraw my appearance on behalf of New York based on your statement that Qiang Guo, not Mei Guo or Hudson Diamond Holdings, LLC, was the sole member of New York.

Before we spoke, I believed that Mei Guo, either directly or through Holdings, was the sole member of New York.  As of when we spoke, you did not know who Qiang Guo was.  I informed you that was the Debtor's son, who I did not represent, and that since you were telling me that Qiang Guo was the sole member of New York, we had nothing further to discuss because Mei Guo and I are not entitled to files that belong to Qiang Guo.  I asked you to confirm whether Hodgson Russ had a file for Hudson Diamond Holdings, LLC, and the following day you confirmed that Hodgson Russ did not have a file for Hudson Diamond Holdings, LLC (or Hudson Diamond Holdings, Inc.).

18.    A copy of the email chain between me, Attorney Vartan and Attorney Kearney is attached hereto as Exhibit A.

19.    To date, Hodgson Russ/Attorney Kearney have not provided any explanation to me for why i) Hodgson Russ prepared an operating agreement for New York that Attorney Kearney originally claimed was signed by Mileson Guo as New York's sole member, ii) Attorney Kearney now claims that same agreement was signed by Mileson Guo as the president of a BVI entity known as Hudson Diamond Holding, Inc. (as the sole member of New York), rather than in his individual capacity, or iii) Hodgson Russ prepared a subsequent resolution on behalf of New York that appears to be signed by Ms. Guo as the sole member of Holding (as the sole member of New York).

6

20.     I represent Ms. Guo.  Ms. Guo has authorized me to represent any/all entities that she controls.  Ms. Guo, Attorney Vartan and I have done everything within our control to locate and produce information concerning Holding and New York and to ascertain whether Ms. Guo controls New York.  We have produced the few documents we were able to locate concerning those entities. Max Krasner will not communicate with Ms. Guo and Capital One and Hodgson Russ will not provide us with information concerning Holding or New York other than the information I have stated herein.

21.     I do not have any reason to believe that New York or Holding have any assets or the ability to produce additional information.

22.     I moved to withdraw my appearance on behalf of New York (but not Holding) because the general counsel of a reputable law firm told me that Ms. Guo was not the direct or indirect member of New York.  If that is correct, I do not have authority from New York to represent it.  If Hodgson Russ is incorrect and Ms. Guo does control New York through Holding, then I am authorized to represent New York and I would withdraw my motion to withdraw my appearance on behalf of New York.

23.     Unfortunately, despite an extraordinarily diligent investigation, I am unable to ascertain which of these two scenarios are correct.  That being the case, I do not believe I can continue to represent New York.

24.     The United States Trustee's office has also inquired why Attorney Vartan has not filed an appearance on behalf of Holding or New York.  The answer, putting aside the issues described herein concerning New York that arose after my appearance, is because Attorney Vartan is not admitted in the District of Connecticut and it was our understanding that to file an appearance on behalf of Holding and New York would require an additional *pro hac vice*

motion, which did not strike us as prudent or efficient given that Holding and New York are
third-parties that have a very limited roll in this bankruptcy case.

25.    Pursuant to 28 U.S.C. § 1746, I declare, certify, verify and state under penalty of
perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of July, 2023

Aaron A. Romney (ct28114)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th floor
Bridgeport, Connecticut 06604
(203) 368-4234
aromney@zeislaw.com

8

Case 22-50073    Doc 2085    Filed 07/24/23    Entered 07/24/23 20:00:07    Page 9 of 22

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Aaron A. Romney*
Aaron A. Romney

# EXHIBIT A

**Aaron A. Romney**

| | |
|---|---|
| **From:** | Aaron A. Romney |
| **Sent:** | Thursday, July 6, 2023 5:11 PM |
| **To:** | Kearney, Kevin M.; Vartan, Lee |
| **Cc:** | Wernick, Melissa F. |
| **Subject:** | RE: Hudson Diamond |
| **Attachments:** | Hudson-Diamond-Holding-LLC---DE-LLC-Agreement-Member-Managed-Signed (002).pdf |

Kevin:  You very clearly told Lee and I that Qiang Guo was the sole member of Hudson Diamond NY.  I don't know what Hudson Diamond Holdings, Inc. is, but I do know that Mei Guo is the sole member of Hudson Diamond Holdings, LLC, see attached, and had I been told that Hudson Diamond Inc. was I would have taken measures to ascertain who owns/controls Hudson Diamond, Inc.  Instead, after our call, I filed a motion to withdraw my appearance on behalf of New York based on your statement that Qiang Guo, not Mei Guo or Hudson Diamond Holdings, LLC, was the sole member of New York.

Before we spoke, I believed that Mei Guo, either directly or through Holdings, was the sole member of New York.  As of when we spoke, you did not know who Qiang Guo was.  I informed you that was the Debtor's son, who I did not represent, and that since you were telling me that Qiang Guo was the sole member of New York, we had nothing further to discuss because Mei Guo and I are not entitled to files that belong to Qiang Guo.  I asked you to confirm whether Hodgson Russ had a file for Hudson Diamond Holdings, LLC, and the following day you confirmed that Hodgson Russ did not have a file for Hudson Diamond Holdings, LLC (or Hudson Diamond Holdings, Inc.).

**From:** Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Sent:** Thursday, July 6, 2023 4:48 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Aaron, it is unclear to me how much information I can provide to you, given the constraints of RPC 1.6.  I am comfortable telling you that the document you attached was prepared at the request of Max Krasner.
I confess I do not have any notes of our earlier conversations, but I question whether I ever told you that Mr. Kwok's son was the sole member of Hudson Diamond NY LLC.  He did sign the operating agreement as an officer of Hudson Diamond Holdings Inc., and as the President of Hudson Diamond NY LLC.  The documents indicate that Holdings was the member, not Qiang Guo.  But I do not know if he was the sole member of Holdings, an entity we did not represent, and I have no information as to how or when Mei Guo became the sole member of that Entity, as reflected in the document you sent me..  As I advised earlier,  our engagement letter concerning the formation of Hudson Diamond  NY LLC was addressed to Yvette Wang.

I will continue to research and consider if either of your clients can appropriately authorize us to provide confidential information to you on matters relating to Hudson Diamond NY LLC.

1

Case 22-50073    Doc 2193-51    Filed 08/24/23    Entered 08/24/23 09:30:40    Page 13 of 22

**Kevin M. Kearney**
General Counsel
Hodgson Russ LLP

Tel:  716.848.1385



website ı vCard ı bio ı email

The Guaranty Building    140 Pearl Street, Suite 100 ı Buffalo, NY 14202
Tel: 716.856.4000    map

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Wednesday, July 5, 2023 12:09 PM
**To:** Kearney, Kevin M. <KKearney@hodgsonruss.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

Kevin:  I hope you had a nice holiday.  Have you spoken with the attorney who you believe is the person most likely to know something about the attached document?  It is important that we ascertain as much information about this as possible.

When Lee and I spoke with you on or about June 12, you told us that the only operating agreement in your files for Hudson Diamond NY indicated that Mr. Kwok's son was the sole member of Hudson Diamond NY.  Last week you indicated that you believe your firm prepared the attached, which indicates that Hudson Diamond Holdings, LLC was the sole member of Hudson Diamond NY, and that Mei Guo is the sole member of Hudson Diamond Holdings, LLC. It is important that I confirm whether your office, in fact, prepared the attached, and, if so, why it did so, in light of the fact that you believed that Mr. Kwok's son was the sole member of Hudson Diamond NY.

I would also like copies of all documents that your firm has concerning Hudson Diamond Holdings and Hudson Diamond NY, including, but not necessarily limited to, all documents that your firm produced to the Chapter 11 Trustee concerning these entities.

Thanks,


Aaron A. Romney, Esq.
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
203-368-4234 (Firm)
203-368-5473 (Direct and E-fax)

2

Case 22-50073    Doc 2132-5    Filed 08/24/23    Entered 08/24/23 20:30:40    Page 14 of 22

**From:** Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Sent:** Wednesday, June 28, 2023 1:11 PM
**To:** Vartan, Lee <lvartan@csglaw.com>; Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Lee, all I can tell you is that it was produced, and it looks like a document that we prepared. I have reached out to the lawyer who most likely would know something about the document, but have not heard back. If I do I will give you a call.

Kevin M. Kearney
General Counsel
Hodgson Russ LLP

Tel: 716.848.1385



website | vCard | bio | email

The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo, NY 14202
Tel: 716.856.4000 | map

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Wednesday, June 28, 2023 11:49 AM
**To:** Kearney, Kevin M. <KKearney@hodgsonruss.com>; Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

Kevin,

Have 5 minutes to chat today with Aaron and me. We just had a follow-up question or two re: the attached. We can be free in the afternoon.

Lee

3

Case 22-50073    Doc 2198-51    Filed 08/24/23    Entered 08/24/23 20:30:10    Page 15 of 22

LEE VARTAN
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

**From:** Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Sent:** Tuesday, June 13, 2023 7:52 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

Correct.

**Kevin M. Kearney**
General Counsel
Hodgson Russ LLP

Tel:  716.848.1385



website | vCard | bio | email

The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo, NY 14202
Tel: 716.856.4000   map

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Tuesday, June 13, 2023 7:46 AM
**To:** Kearney, Kevin M. <KKearney@hodgsonruss.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** Re: Hudson Diamond

Thanks.  I don't think I'm familiar with Hudson Diamond Holdings, Inc.  The entity that Lee and I represent is Hudson Diamond Holdings, LLC and it was formed in Delaware.  I'm assuming your answer is the same with that entity?

4

Case 22-50073    Doc 2193-1    Filed 07/24/23    Entered 07/24/23 20:30:40    Page 16 of
22

Thanks

Get Outlook for iOS

---

**From:** Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Sent:** Tuesday, June 13, 2023 7:39 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond


External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Aaron, I have done a further review of our files, and I see no indication that we have ever represented Hudson Diamond Holdings, Inc., , a BVI company.  Our engagement letter is addressed to Hudson Diamond NY LLC, the entity to be formed, care of Ms. Yvette Wang.  It appears that Ms. Wang remained the principal point of contact for the client.
Best
Kevin


**Kevin M. Kearney**
General Counsel
Hodgson Russ LLP

Tel:  716.848.1385




website ǀ vCard ǀ bio ǀ email

The Guaranty Building ǀ 140 Pearl Street, Suite 100   Buffalo, NY 14202
Tel: 716.856.4000 ǀ map

---

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Monday, June 12, 2023 12:59 PM
**To:** Kearney, Kevin M. <KKearney@hodgsonruss.com>; Vartan, Lee <lvartan@csglaw.com>; Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

| External Email - Use Caution |
| --- |

5

Case 22-50073    Doc 2138-5    Filed 08/24/23    Entered 08/24/23 20:30:40    Page 17 of 22

Kevin, are you available at 130?  If not, please let me know when works this afternoon.

**From:** Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Sent:** Monday, June 12, 2023 9:54 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Vartan, Lee <lvartan@csglaw.com>; Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Aaron, thanks for your email.  I am available to talk this morning, and I have the Hudson diamond files in my office.  I am afraid that the attorney who did the work on real estate matters is no longer with the firm, but I will do my best to answer any questions you have.
Kevin
**Kevin M. Kearney**
General Counsel
Hodgson Russ LLP

Tel:  716.848.1385



website | vCard | bio | email

The Guaranty Building | 140 Pearl Street, Suite 100  Buffalo, NY 14202
Tel: 716.856.4000 | map

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Saturday, June 10, 2023 11:18 AM
**To:** Kearney, Kevin M. <KKearney@hodgsonruss.com>; Vartan, Lee <lvartan@csglaw.com>; Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Cc:** Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

---

**External Email - Use Caution**

---

Kevin:

Thank you for your email.  Mei Guo controls the Hudson Diamond entities and all of its privileged information.  It is important that we speak to you and at least one attorney who actually worked for the Hudson

6

Diamond entities as soon as possible, and we also need all documents in your firm's possession that relate to either Hudson Diamond entity, including all email communications concerning the Hudson Diamond entities.

We also need all documents concerning the Hudson Diamond entities that your firm produced to the Trustee, particularly if any of those documents were privileged.  I'm assuming that no privileged emails were produced, since the Hudson Diamond Entities have not waived their privilege.

For the sake of clarity, the reason why Lee reached out (and I am reaching out) is because the Hudson Diamond entities are in the process of complying with a subpoena that the Trustee served on the Hudson Diamond entities, and we believe that your firm likely has responsive documents.  We look forward to your firm's assistance in connection with this process.

Please let us know when you are available to speak with us.  This matter is time sensitive.

Thank you very much and have a great weekend.

Aaron A. Romney, Esq.
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
203-368-4234 (Firm)
203-368-5473 (Direct and E-fax)


**From:** Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Sent:** Friday, June 9, 2023 6:59 AM
**To:** Vartan, Lee <lvartan@csglaw.com>; Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond


External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Lee, I am not back in the office until Monday.  I am the firm's general counsel, and while I have been responsible for the production of documents to the Trustee in the bankruptcy proceeding,  I have no personal knowledge on any matters involving Hudson Diamond.  Before any discussion, can you clarify for me what the current status of that entity is, and specifically whether it is under the control of the Trustee.  If so, I do not believe we can provide you with any information or documents absent the Trustee's consent.
Regards
Kevin

**Kevin M. Kearney**
General Counsel
Hodgson Russ LLP

Tel:  716.848.1385

Case 22-50073    Doc 2133-51    Filed 08/24/23    Entered 08/24/23 20:30:14    Page 19 of 22



website | vCard | bio | email

The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo, NY 14202
Tel: 716.856.4000 | map

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Thursday, June 8, 2023 10:15 PM
**To:** Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Subject:** RE: Hudson Diamond

---
**External Email - Use Caution**
---

Thank you. Kevin, please let us know a convenient time tomorrow.

**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

**From:** Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Sent:** Thursday, June 8, 2023 10:07 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Kearney, Kevin M. <KKearney@hodgsonruss.com>
**Subject:** RE: Hudson Diamond

You can reach out to Kevin Kearney who is copied on this email.

Mark A. Harmon
646.218.7616

**From:** Vartan, Lee <lvartan@csglaw.com>
**Sent:** Thursday, June 8, 2023 6:54 PM
**To:** Harmon, Mark A. <MHarmon@hodgsonruss.com>

8

**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

---

**External Email - Use Caution**

---

Thank you, Mark. Is there anyone else at the firm who worked on the matter who might be willing to speak with us. We are trying to get a handle on what documents you might have in your file.



**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

**From:** Harmon, Mark A. <MHarmon@hodgsonruss.com>
**Sent:** Thursday, June 8, 2023 4:22 PM
**To:** Vartan, Lee <lvartan@csglaw.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Hudson Diamond

* External Message *

Lee:

Politely, I decline the opportunity to speak, but please give my regards to Adam Derman.

**Mark A. Harmon**
Partner
Hodgson Russ LLP

Tel:      646.218.7616
Mobile:  914.589.9610
Fax:      646.943.7073



Twitter | LinkedIn | website | Bio | e-mail | vCard

605 Third Ave, Suite 2300 | New York, NY 10158
Tel: 212.751.4300 | map

9

**From:** Vartan, Lee <<u>lvartan@csglaw.com</u>>
**Sent:** Thursday, June 8, 2023 4:04 PM
**To:** Harmon, Mark A. <<u>MHarmon@hodgsonruss.com</u>>
**Cc:** Aaron A. Romney <<u>aromney@zeislaw.com</u>>; Wernick, Melissa F. <<u>mwernick@csglaw.com</u>>
**Subject:** Hudson Diamond

---

### External Email - Use Caution

---

Mark,

We represent Mei Guo and the Hudson Diamond entities. Would you have some time to speak briefly tomorrow?

Best,

Lee



**LEE VARTAN**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2107 | M 973.294.9615
lvartan@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com | LinkedIn

---

**Please Note:** The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.

Thank you.

---

This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.

This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.

This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*

*This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.*