**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                       :
In re:                            :     Chapter 11
                                         :
HO WAN KWOK, *et al.*,[1]       :     Case No. 22-50073 (JAM)
                                         :
                    Debtors.       :     (Jointly Administered)
                                         :
-------------------------------------------------------x

**REPLY OF CHAPTER 11 TRUSTEE TO**
**GREENWICH LAND LLC AND HING CHI NGOK'S OBJECTION TO**
**CHAPTER 11 TRUSTEE'S SIXTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in support of the Trustee's *Sixth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor and Relevant Banks* [ECF No. 2079] (the "Sixth Rule 2004 Motion") and in response to Greenwich Land, LLC's ("Greenwich Land") and Hing Chi Ngok's ("Ms. Ngok" and, together with Greenwich Land, collectively, the "Objectors") *Objection* thereto [ECF No. 2098] (the "Objection"). In Reply to the Objection, the Trustee respectfully states the following:

1.        This Court has twice held that a Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") investigation of an entity that is not a party to an adversary proceeding is not forbidden by

---

[1]       The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the pending proceeding rule.  Yet, the Objectors (again) object for that very reason to the Sixth Rule 2004 Motion in a continuing effort to interfere with the Trustee's investigation of connections between Rule 2004 subpoena targets and the Debtor's estate (the "Estate").

2.      The Objection is a near carbon copy of the rationale offered by the Objectors in their objection to the Fifth Rule 2004 Motion (as hereinafter defined).  Despite the Court's prior rulings now being law of the case twice over, the Objectors recycle the same arguments to again oppose a Rule 2004 investigation of entities they do not represent.

### BRIEF BACKGROUND

3.      On August 17, 2023, counsel for the Trustee met-and-conferred telephonically with counsel for the Objectors regarding this Objection.  Objectors stated that they intended to object based on the already rejected argument that the Trustee may not conduct a Rule 2004 investigation of an entity that is not a party to adversary proceeding number 23-05005 (the "Adversary Proceeding") if any subject matter of the investigation implicates the Adversary Proceeding.

4.      Trustee's counsel reminded Objectors' counsel that the Court has already twice rejected that argument.  Moreover, the Trustee noted that, contrary to the first time this issue arose before the Court—when the target of the Rule 2004 investigation was a company directly related to the yacht at issue in the Lady May case—here, any reference to Greenwich Land was part of a comprehensive effort to ensure that the scope of the Trustee's Rule 2004 investigation covered all likely assets of the Estate.  The Trustee stated that any objection by the Objectors would merely serve to waste the Estate's and the Court's time and resources.  The Objectors stated that they intended to object anyway.

5.      The law of the case on this matter is clear. Last November, a different combination of family member and shell company associated with the Debtor (*i.e.*, Mei Guo and HK

International Funds Investment (USA) Ltd., LLC (the "Prior Objectors")) objected to the Trustee's *Second Supplemental Omnibus Motion for 2004 Examination* for substantially the same reasons as those that premise the instant Objection.

6.      Following briefing and a lengthy hearing, the Court conclusively rejected the Prior Objectors' arguments:

> Upon consideration of the pleadings, the arguments advanced at the hearing, the facts and circumstances of this case, and the applicable law, the Court finds the pending proceeding doctrine is not a bar to the examinations of Apsley Yachts Ltd. and DWF LLP because they are not parties to the pending adversary *HK Int'l Funds Invs. (USA) Ltd., LLC v. Despins ex rel. Kwok*, Case No. 22-05003 (JAM) (Bankr. D. Conn. 2022). *Compare In re SunEdison*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) ("The Debtors are not parties to the State Court Action, and hence, the rule does not apply to them."); *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) ("The possibility that JPM may intervene in the DC Action is not a sufficient reason to deny the Debtors' Motion at this time. The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties. JPM has not cited any authority for the proposition that a Rule 2004 examination of an entity is improper when a proceeding is pending in another venue against a third party and there is a 'substantial likelihood' that the examinee may intervene.") (internal citations omitted); *In re Ecam Publications, Inc.*, 131 B.R. 556, 560–61 (Bankr. S.D.N.Y 1991) (allowing 2004 examination by trustee of parties, against whom the trustee had bought but not yet brought claims) *with In re Martelli*, Nos. 16-20983- PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (applying pending proceeding rule to non-parties to that proceeding because the material was sought by a party to the proceeding and was related to the proceeding); *In re Enron Corp.*, 281 B.R. 836, 838 (Bankr. S.D.N.Y. 2002) (applying pending proceeding rule to a non-party to that proceeding because "no party disputes that the automatic discovery stay of the [Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B)] applies to McKinsey."); *cf. In re Cambridge Analytica, LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) (unclear who was the target of the 2004 examination); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (applying pending proceeding rule where discovery was sought by a party to the proceeding against a third-party defendant to that proceeding); *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) (applying pending proceeding doctrine a party to the proceeding was seeking discovery against another party to that proceeding.).

*Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1184] (the "First Prior Decision").

7.    Rather than respecting the First Prior Decision, on May 22, 2023, the Objectors recycled the Prior Objectors' arguments in objecting [ECF No. 1813] (the "Second Prior Objection") to the Trustee's *Fifth Supplemental Omnibus Motion for Entry of an Order Under Rule 2004 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with the Debtor, and Entities Doing Business with the Debtor and Affiliated Entities* [ECF No. 1789] (the "Fifth Rule 2004 Motion").[2]

8.    On June 7, 2023, the Court granted the Fifth Rule 2004 Motion and overruled the Objectors' Second Prior Objection (the "Second Prior Decision" and, together with the First Prior Decision, collectively, the "Prior Decisions").  The Court noted that the basis for its decision was set forth in the First Prior Order and further stated that the Court "continues to be persuaded by the case-law" holding that the pending proceeding doctrine precludes discovery through a Fed. R. Bankr. P. 2004 examination

> **only where the proposed examiner and examinee are parties to a pending proceeding** and discovery in that proceeding must be conducted under the Federal Rules of Civil Procedure or the analogous part VII rules of the Federal Rules of Bankruptcy Procedure.  *Compare In re SunEdison*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) ("The Debtors are not parties to the State Court Action, and hence, the rule does not apply to them."); *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) ("The possibility that JPM may intervene in the DC Action is not a sufficient reason to deny the Debtors' Motion at this time. The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties. JPM has not cited any authority for the proposition that a Rule 2004 examination of an entity is improper when a proceeding is pending in another venue against a third party and there is a 'substantial likelihood' that the examinee may intervene.") (internal citations omitted); *In re Ecam Publications, Inc.*, 131 B.R. 556, 560–61 (Bankr. S.D.N.Y 1991) (allowing 2004 examination by trustee of parties, against whom the trustee had bought but not yet brought claims) *with In re Martelli*, Nos. 16-20983-PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (applying pending proceeding rule to non-parties to that proceeding because the material was sought

---

[2]    The Objectors' Second Prior Objection reflects that the Objectors were familiar with the Court's First Prior Decision inasmuch as the Objectors cited to the First Prior Decision by reference to its ECF Number.  (*See* Second Prior Objection at ¶ 11.)  As they do in their Objection now, the Objectors cited to the court's prior decision only to indicate their disagreement with it.

by a party to the proceeding and was related to the proceeding); *In re Enron Corp.*, 281 B.R. 836, 838 (Bankr. S.D.N.Y. 2002) applying pending proceeding rule to a non-party to that proceeding because "no party disputes that the automatic discovery stay of the [Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B)] applies to McKinsey."); *cf. In re Cambridge Analytica, LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) (unclear who was the target of the 2004 examination); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (applying pending proceeding rule where discovery was sought by a party to the proceeding against a third-party defendant to that proceeding); *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) (applying pending proceeding doctrine [where] a party to the proceeding was seeking discovery against another party to that proceeding.) The [Objectors] have not identified or established any relevant pending proceedings, in which Bento and the Trustees are parties. Therefore, the [Second Prior] Objection is overruled.

(Second Prior Decision at 2-3 (emphasis added).)

9.     Rather than accepting the Court's two Prior Decisions, the Objectors acknowledge the Second Prior Decision again only to state their disagreement with it.  (*See* Objection at ¶ 17 (criticizing Second Prior Decision purportedly as a "narrow reading of the caselaw overlook[ing] the key issue of scope and misapprehend[ing] the purpose of Rule 20004 discovery").)

## ARGUMENT

10.     The Prior Decisions are law of the case and as such should continue to govern, "unless cogent and compelling reasons militate otherwise.  Cogent and compelling reasons include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Coan v. Licata (In re First Conn. Consulting Grp., Inc.)*, 2023 Bankr. LEXIS 852, *76 (Bankr. D. Conn. March 31, 2023) (citing *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002)).  The Objectors' general dissatisfaction with the Prior Decisions is neither well founded, nor does it begin to approach their burden to demonstrate cogent and compelling reasons for the Court to revisit this issue.

11.     The Prior Decisions were resoundingly correct, and it is telling that much of the case law that the Objectors cite they either cited themselves in the Second Prior Objection or the

Court itself discussed in the Second Prior Decision.

12.     Moreover, the Objectors mischaracterize the nature of the Sixth Rule 2004 Motion and the investigation sought thereby.  They employ selective quotations and ellipses to cherry pick topics relevant to the Objectors in an effort to inaccurately portray the Sixth Rule 2004 Motion as targeted primarily at obtaining discovery for use in the Adversary Proceeding.  (*E.g.*, Objection at ¶ 13.)  Reference to the complete forms of subpoenas and document requests attached to the Sixth Rule 2004 Motion reflects that the handful of items related to the Objectors (*e.g.*, certain real property located in Greenwich, Connecticut) are only a few of the many subjects of the Trustee's broad investigation of the Debtor's finances and the Estate's assets.

13.     It is essential that the Trustee's Rule 2004 investigation include all such relevant subject matter, even if it occasionally overlaps with topics relevant to adversary proceedings.  As the Court is now well familiar, a hallmark of the Debtor's "shell game" is the Debtor's orchestration of many thousands of transfers between his associated entities and individuals.  Carving out particular topics relevant to pending adversary proceedings from the Trustee's Rule 2004 investigation of the Debtor's larger scheme may result in a break in the chain of asset movement and interconnected relationships.

14.     As before in their Second Prior Objection, the Objectors also continue to make arguments that pertain to discovery in the Adversary Proceeding—as opposed the Sixth Rule 2004 Motion.  The Objectors complain about the Trustee's assertion of work-product privilege in the Adversary Proceeding (Objection at ¶ 5) and complain about the discovery schedule that the Court ordered in the Adversary Proceeding (*id.* at ¶ 6).  It is apparent that the Objectors' primary grievance arises from their insistence that—in defending the Adversary Proceeding—they may demand the Trustee's privileged and protected work product and that he provide them with their

own records—turning the burdens of discovery on their head.  The Objectors are simply wrong.

15.    This Objection, like the Objectors' last, is not the forum to air an Adversary Proceeding discovery dispute.  To the extent that the Objectors wish to litigate that dispute, they are free to do so in the Adversary Proceeding.[3]  The existence of discovery disputes in the Adversary Proceeding does not present grounds to object to the Sixth Rule 2004 Motion—much less on a rationale that the Court has rejected on two prior occasions.

16.    The Court should grant the Sixth Rule 2004 Motion and overrule the Objection.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[3]    The Trustee reserves the right to respond and substantively address the Objectors' arguments if and when the Objectors elect to make them in the proper forum.

WHEREFORE, for the foregoing reasons, the Court should overrule the Objection, grant the Sixth Rule 2004 Motion, and grant such other and further relief as is just and proper.

Dated: August 25, 2023
      New Haven, Connecticut

                        LUC A. DESPINS, CHAPTER 11 TRUSTEE

                    By: */s/ Patrick R. Linsey*
                        Douglas S. Skalka (ct00616)
                        Patrick R. Linsey (ct29437)
                        NEUBERT, PEPE & MONTEITH, P.C.
                        195 Church Street, 13th Floor
                        New Haven, Connecticut 06510
                        (203) 781-2847
                        dskalka@npmlaw.com
                        plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                           :

In re:                                 :    Chapter 11
                                           :

HO WAN KWOK *et al.*,            :    Case No. 22-50073 (JAM)
                                           :

Debtors.[1]               :    Jointly Administered
                                           :

------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 25, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

Dated: August 25, 2023          Luc A. Despins, as Chapter 11 Trustee
      New Haven, Connecticut

                                       By: */s/ Patrick R. Linsey*
                                         Douglas S. Skalka (ct00616)
                                       Patrick R. Linsey (ct29437)
                                       NEUBERT, PEPE & MONTEITH, P.C.
                                       195 Church Street, 13th Floor
                                       New Haven, Connecticut 06510
                                       (203) 781-2847
                                       dskalka@npmlaw.com
                                       plinsey@npmlaw.com

                                       *Counsel for the Chapter 11 Trustee*

---

[1]      The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).