**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
In re:

HO WAN KWOK, *et al.*,

　　　　Debtors.[1]

---------------------------------------------------x

LUC A. DESPINS, Chapter 11 Trustee, *et al.*

　　　　Plaintiffs,

v.

BRAVO LUCK LIMITED, *et. al.*,

　　　　Defendant.

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

RE: ECF No. 2049

Adv. Proc. No. 22-05027[2]

**ORDER GRANTING, PURSUANT TO BANKRUPTYC RULE 9019, MOTION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION REGARDING SETTLEMENT WITH BRAVO LUCK LIMITED AND MILESON GUO (A/K/A QIANG GUO AND/OR GUO QIANG)**

Upon the Motion,[3] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), Genever Holdings, LLC ("Genever US"), and Genever Holdings

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Consolidated under Adv. Proc. No. 22-05027 are the adversary proceedings styled: (a) *Luc A. Despins, Chapter 11 Trustee v. Bravo Luck Limited and Qiang Guo* (Adv. Proc. No. 22-05027), (b) *Genever Holdings LLC v. Bravo Luck Limited* (Adv. Proc. No. 22-05030), and (c) *Genever Holdings Corporation v. Bravo Luck Limited* (Adv. Proc. No. 22-05035).

[3] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Corporation ("Genever BVI" and, together with Genever US, the "Genever Entities" and, the Genever Entities together with the Trustee, the "Plaintiffs"), for entry of an order, approving a settlement agreement between the Plaintiffs and Bravo Luck Limited ("Bravo Luck") and Mileson Guo (a/k/a Qiang Guo and/or Guo Qiang) (the "Guo" and, together with Bravo Luck, the "Defendants" and, the Defendants together with the Plaintiffs, the "Parties"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Plaintiffs' sound business judgment consistent with their duties and in the best interests of the Plaintiffs, the Individual Debtor and Genever Entities' estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The settlement agreement, attached hereto as **Exhibit 1** (the "Settlement Agreement"), is approved pursuant to Bankruptcy Rule 9019.

4. Genever US is the full and exclusive owner of the Sherry Netherland Apartment, free and clear of all liens and encumbrances, with the Sherry Netherland Apartment constituting property of the Genever US estate under section 541 of the Bankruptcy Code. To the extent Bravo Luck and/or Guo previously held any right, title, or interest in the Sherry Netherland Apartment, they have relinquished such right, title, or interest.

5. The Proofs of Claims, which consist of proofs of claim nos. 3-1, 4-1, and 6-1 in Genever US' chapter 11 case, proof of claim no. 117-1 in the Individual Debtor's chapter 11 case, and proof of claim no. 2-1 in Genever BVI's chapter 11 case, are deemed withdrawn with prejudice and expunged.

6. The Plaintiffs are authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

Dated at Bridgeport, Connecticut this 30th day of August, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut