**EXECUTION DRAFT**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into by and among (i) Luc A. Despins in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor" or "Kwok"), (ii) Genever Holdings, LLC ("Genever US"), (iii) Genever Holdings Corporation ("Genever BVI" and, together with Genever US, the "Genever Entities" and, the Genever Entities together with the Trustee, the "Plaintiffs"),[1] (iv) Bravo Luck Limited ("Bravo Luck"), and (v) Mileson Guo (a/k/a Qiang Guo and Guo Qiang) ("Guo")" and, together with Bravo Luck, the "Defendants" and, the Defendants together with the Plaintiffs, the "Parties"). Capitalized terms used but not otherwise defined herein have the meanings assigned to them in the Amended Complaints (as defined below).

WHEREAS, on February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code [Case No. 22-50073, Docket No. 1];

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case [Case No. 22-50073, Docket No. 465];

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case [Case No. 22-50073, Docket No. 523];

WHEREAS, on October 12, 2020, Genever US filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court") [Case No. 20-12411-JLG, Docket No. 1];

WHEREAS, Genever US's only scheduled assets are the Sherry Netherland Apartment in New York, New York, and a related security deposit;

WHEREAS, on March 5, 2021, Bravo Luck and Guo each filed a proof of claim in the Genever US chapter 11 case in the New York Bankruptcy Court (the "Bravo Luck Proof of Claim" [Claim No. 4-1] and the "Guo Proof of Claim" [Claim No. 3-1]);

WHEREAS, on February 17, 2023, Bravo Luck filed a proof of claim [Claim No. 117-1] in the Individual Debtor's Chapter 11 Case; a proof of claim [Claim No. 2-1] in Genever BVI's chapter 11 case; and a proof of claim [Claim No. 6-1] in Genever US's chapter 11 case

---

[1] The Trustee owns and controls Genever BVI, which in turn, wholly owns and controls Genever US, which is the sole shareholder of the Sherry Netherland Apartment. All references herein to Trustee, the Sherry Netherland Apartment and the Genever Entities are intended to reflect this express ownership structure.

(collectively with the Bravo Luck Proof of Claim and the Guo Proof of Claim, the "Proofs of Claim");

WHEREAS, by order dated November 3, 2022, the New York Bankruptcy Court transferred venue of Genever US's chapter 11 case to the Connecticut Bankruptcy Court [Case No. 20-12411 (JLG), Docket No. 211];

WHEREAS, by order dated November 3, 2022, the Genever US Adversary Proceeding was likewise transferred to this Court and is currently pending as Adv. Proc. No. 22-05030 (JAM).

WHEREAS, on October 11, 2022, Genever BVI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Connecticut Bankruptcy Court [Case No. 22-50542 (JAM), Docket No. 1];

WHEREAS, the chapter 11 cases of the Individual Debtor, Genever US and Genever BVI are jointly administered for procedural purposes (the "Chapter 11 Cases");

WHEREAS, on October 11, 2022, the Trustee filed the *Adversary Complaint Against Bravo Luck and Qiang Guo Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck and Qiang Guo Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code* (the "Trustee Complaint" and the adversary proceeding the "Trustee Proceeding") Adv. Proc. No. 22-05027 (JAM) Docket No. 1];

WHEREAS, on that same date, Genever US filed its *Adversary Complaint Against Bravo Luck Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code* (the "Genever US Complaint" and the adversary proceeding the "Genever US Proceeding," which was originally filed in the New York Bankruptcy Court prior to the change in venue of Genever US's chapter 11 case to the Connecticut Bankruptcy Court) [Adv. Proc. No. 22-05030 (JAM), Docket No. 1];

WHEREAS, on December 23, 2022, Genever BVI filed its substantially identical *Adversary Complaint Against Bravo Luck Seeking (I) Invalidation of Purported Trust Agreement in Favor of Bravo Luck and, (II) in Alternative, Ruling that Debtor Effectuated Fraudulent Transfer in Favor of Bravo Luck Pursuant to Section 276 of New York Debtor and Creditor Law, Made Applicable by Section 544 of Bankruptcy Code* which was filed in the Connecticut Bankruptcy Court (the "Genever BVI Complaint" [Adv. Proc. No. 22-05035 (JAM), Docket No. 1] (and, together with the Genever US Complaint and the Trustee Complaint, the "Complaints;" and the adversary proceeding arising in BVI Court from the filing of the BVI Complaint, the "Genever BVI Proceeding" and, together with the Trustee Proceeding and the Genever US Proceeding, the "Adversary Proceedings");

WHEREAS, in the Adversary Proceedings, Plaintiffs seek, among other things, a declaration that Genever US owns the Sherry Netherland Apartment unencumbered by the Purported Trust Agreement (as defined in the Adversary Proceedings);

WHEREAS, on December 28, 2022, the Plaintiffs filed a motion to consolidate the Adversary Proceedings under the Trustee Proceeding [Adv. Proc. No. 22-05027 (JAM), Docket No. 8], and on February 1, 2023, the Court issued an order consolidating the Adversary Proceedings under the Trustee Proceeding [Adv. Proc. No. 22-05027 (JAM), Docket No. 28];

WHEREAS, on February 28, 2023, the Plaintiffs filed amended versions of their respective Complaints (collectively, the "Amended Complaints"). *See* Adv. Proc. No. 22-05027 (JAM), Docket No. 36 (the "Amended Trustee Complaint), Docket No. 37 (the "Amended Genever US Complaint"), and Docket No. 38 (the "Amended Genever BVI Complaint");

WHEREAS, on March 21, 2023, Bravo Luck filed a motion to dismiss each of the Amended Complaints (collectively, the "Motions to Dismiss") [Adv. Proc. No. 22-05027 (JAM), Docket Nos. 54, 56 and 59];

WHERAS, on March 31, 2023, Genever US filed an objection to the Guo Proof of Claim (the "Claim Objection"), which the Connecticut Local Form 420B notice of objection to claim, attached to the Claim Objection, provides a deadline of May 1, 2023 to respond to the Claim Objection (the "Response Deadline") [Case No. 22-50592 (JAM), Docket No. 251].  No response to the Claim Objection was filed by the Response Deadline;

WHEREAS, on April 11, 2023, the Plaintiffs filed objections to their respective Motions to Dismiss [Adv. Proc. No. 22-05027 (JAM), Docket Nos. 67, 68 and 69], and on April 12, 2023, the Trustee and Genever US filed corrected objections to their respective Motions to Dismiss [Adv. Proc. No. 22-05027 (JAM), Docket Nos. 70 and 71];

WHEREAS, on April 25, 2023, Bravo Luck filed three replies in support of its Motions to Dismiss [Adv. Proc. No. 22-05027 (JAM), Docket Nos. 77, 78 and 79];

WHEREAS, on May 5, 2023, Genever US filed a *Notice of (i) Failure to File Timely Response to Claim Objection and (ii) Filing of Proposed Order Disallowing and Expunging Claim No. 3-1 Filed by Qiang Guo*, requesting an order disallowing and expunging the Debtor's Son Proof of Claim in its entirety [Case No. 22-50073 (JAM), Docket No. 1766];

WHEREAS, on May 25, 2023, the Trustee filed his *Request of Chapter 11 Trustee for Entry of Default Against Defendant Qiang Guo Pursuant to Federal Rule of Civil Procedure 55(a) and Federal Rule of Bankruptcy Procedure 7055* [Adv. Proc. No. 22-05027 (JAM), Docket No. 89]; on May 26, 2023 the Clerk of Court issued an *Entry of Default* against Guo; and, on June 2, 2023 [Adv. Proc. No. 22-05027 (JAM), Docket No. 90]; on June 2, 2023, the Trustee filed his *Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against Qiang Guo* (the "Default Judgment Motion") [Adv. Proc. No. 22-05027 (JAM), Docket No. 93];

WHEREAS, the Parties have engaged in arms'-length negotiations and have each separately concluded that the execution and performance by them of this Settlement Agreement will avoid protracted and expensive litigation, while according them each a substantial and valuable benefit if the settlement embodied herein is consummated.

WHEREAS, the Defendants continue to deny all allegations in the Adversary Proceedings, but have independently decided to enter into this Settlement Agreement solely to avoid the further inconvenience continued litigation would cause;

WHEREAS, the Trustee continues to believe in the truth and accuracy of the allegations in the Adversary Proceedings but has nevertheless decided to enter into this Settlement Agreement in exchange for the consideration described herein; and

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the Parties, the Parties hereby agree as follows:

## AGREEMENT

1. <u>Recitals</u>.  The recitals set forth above are an integral part of this Settlement Agreement and are incorporated herein by reference, evidencing the intent of the Parties in executing this Settlement Agreement, and describing the circumstances surrounding its execution.  Accordingly, this Settlement Agreement shall be construed in the light thereof.

2. <u>Consideration:</u>

    (a)    *Defendants*. In consideration for the releases and other terms set forth in this Settlement Agreement, the Defendants agree as follows:

    i. To the entry of the Order (as defined below and attached hereto as Exhibit A), which Order they agree not to appeal or challenge, and which Order, among other things, provides that, to the extent Bravo Luck and Guo have any right, title, or interest in the Sherry Netherland Apartment, they relinquish such right, title, or interest, such that Genever US shall be and is the full and exclusive owner of the Sherry Netherland Apartment, free and clear of all liens and encumbrances, if any, held by or asserted by the Defendants, with the Sherry Netherland Apartment being property of the Genever US estate under section 541 of the Bankruptcy Code;

    ii. The Trustee in the chapter 11 case of the Individual Debtor and as a representative of the Genever Entities, shall rightfully own and control the Sherry Netherland Apartment and the Genever Entities, and Bravo Luck and Guo waive any such assertion of ownership or control of the Sherry Netherland Apartment or the Genever Entities (whether by virtue of the Purported Trust Agreement or otherwise);

    iii. To withdraw (and not to refile or otherwise reassert) all claims, including without limitation the Proofs of Claim, in the Individual Debtor's or Genever Entities' chapter 11 cases, or anywhere else, including in the British Virgin Islands, related to

ownership or control of the Sherry Netherland Apartment or the Genever Entities, including any assertions of ownership or control of, or claims to recover, the Sherry Netherland Apartment, the Genever Entities, or any funds related to the Sherry Netherland Apartment, including its acquisition;

iv. To waive any and all claims against any of the Plaintiffs or their estates related to the Sherry Netherland Apartment and the Adversary Proceedings, which the Order as defined below will hereby disallow;

v. To never assert any rights or claims for or related to the Sherry Netherland Apartment or the Genever Entities, or any other assets related to the foregoing the Trustee asserts are part of the Individual Debtor's or the Genever Entities estates (the "Estates") based on or as a result of the Purported Trust Agreement;

vi. They have no knowledge of and disavow any other document beyond the Purported Trust Agreement, which exists that allegedly grants them, or any other party (other than the Sherry Netherland), any rights to the Sherry Netherland Apartment or the Genever Entities;

vii. To waive and not assert in the Chapter 11 Cases, a claim for any funds which they may have advanced or loaned in connection with the purchase of the Sherry Netherland Apartment;

viii. They have never transferred, conveyed, or given participation interests in any rights or shares (other than the shares of Bravo Luck which the Defendants allege were transferred in 2015 to Kwok and subsequently reconveyed to Guo) they allege they held relating to ownership or control of the Sherry Netherland Apartment or the Genever Entities;

ix. They are not aware of any other person or entity, other than the Individual Debtor's estate, the Sherry Netherland, and themselves, that has any basis to assert a right of ownership or control relating to the Sherry Netherland Apartment or the Genever Entities;

x. They are responsible for their own costs and fees related to this Settlement Agreement; Defendants reserve all rights with respect to any subsequent claim by Plaintiffs for costs and fees incurred in connection with the Litigations, and nothing in this Settlement Agreement shall operate as a waiver or release of Defendants' rights to object to an attempt to seek such costs and fees in future litigation, and in the event Plaintiffs seek costs or fees in future litigation, Defendants shall have the right to counterclaim for any costs or fees arising from the Litigations to the extent such costs and fees are recoverable in such future litigation under applicable law; and

xi. Promptly after approval of this Settlement Agreement by the Court, they will coordinate with Pacific Alliance Asia Opportunity Fund LP (provided Pacific Alliance Asia Opportunity Fund LP agrees) and the Individual Debtor to terminate and dismiss with prejudice, the case pending in the British Virgin Islands titled: *Pacific Alliance Asia Opportunity Fund, LP, Claimant, and (1) Genever Holdings*

>     *Corp., (2) Bravo Luck Limited, (3) Kwok Ho Wan, (4) Qiang Guo, Defendants*, Claim No BVIHC (Com) 137 of 2020, The Eastern Caribbean Supreme Court, Virgin Islands, in the High Court of Justice, Commercial Division (the "BVI Litigation"), and seek to provide that no party to that BVI litigation will bear the litigation costs of any other party.

Notwithstanding the foregoing, nothing set forth herein shall preclude the Defendants from raising defenses or set offs (as distinguished from asserting affirmative claims or counterclaims for relief) relating to the matters at issue in the Adversary Proceeding in response to any future litigation Plaintiffs may bring against the Defendants. For the avoidance of doubt, no such defenses shall be argued or construed to result in the Defendants obtaining any right, title, or interest in, or ownership or control of, the Sherry Netherland Apartment (or its value or sale proceeds) or the Genever Entities, all of which has been relinquished by the Defendants as set forth above.

>    (b)    *Plaintiffs*. In consideration for the releases and other terms set forth in this Agreement, Plaintiffs agree as follows:

  i. To withdraw with prejudice the Adversary Proceedings as well any Default Judgments and/or Motions for Entry of Default Judgment arising from such Adversary Proceedings;

  ii. To suspend all discovery in the Adversary Proceedings, including the deposition of Guo, until the Settlement Agreement is finalized and the Adversary Proceedings have been withdrawn with prejudice;

  iii. They are responsible for their own costs and fees related to this Settlement Agreement and for those incurred in preparing the Motion for Default Judgment against Defendant Qiang Guo. Plaintiffs otherwise reserve all rights with respect to costs and fees incurred in connection with the Litigations, and nothing in this Settlement Agreement shall operate as a waiver or release of Plaintiffs' rights to seek such costs and fees in future litigation to the extent such costs and fees are recoverable in such future litigation under applicable law.

>    3.    Effectiveness of this Settlement Agreement. This Settlement Agreement shall be effective upon:

  i. entry of the order attached hereto as Exhibit A (the "Order") to be entered by Judge Manning of the Connecticut Bankruptcy Court (which order the Defendants agree not to appeal or challenge) which among other things, approves all the provisions of the Settlement Agreement and declares Genever US the full and exclusive owner of the Sherry Netherland Apartment, free and clear of all liens and encumbrances, with the

        Sherry Netherland Apartment becoming property of Genever US estate under section 541 of the Bankruptcy Code; and

    ii. the subsequent release from escrow and delivery to Plaintiffs of the fully-executed signature page of this Settlement Agreement signed by all of the Parties.

In the event this Settlement Agreement is not so approved and signed in accordance with the foregoing, then it shall be deemed void and cannot be used for any purpose.

    4.    <u>Plaintiffs' Release</u>. In addition to the waivers, agreements, and claim withdrawals set forth in paragraph 2 of this Settlement Agreement, Plaintiffs and their current and former representatives, agents, affiliates, estates, attorneys and their heirs, administrators, successors, and assigns generally, release and discharge the Defendants and their agents, employees, representatives and attorneys from all causes of action asserted in the Adversary Proceedings. Plaintiffs acknowledge that Plaintiffs may discover facts or law different from, or in addition to, the facts or law that Plaintiffs now know or believe to be true but agree, nonetheless, that Plaintiffs' Release shall be and remain effective in all respects, notwithstanding such different or additional facts or Plaintiffs' discovery of them.

    5.    <u>Defendants' Release</u>. In addition to the waivers, agreements, and claim withdrawals set forth in paragraph 2 of this Settlement Agreement, Defendants and their current and former representatives, agents, estates, attorneys and their heirs, administrators, successors, and assigns generally, release and discharge the Plaintiffs' and their agents, employees, representatives and attorneys from all causes of action they may hold against such parties arising from the claims asserted in the Adversary Proceedings. Defendants acknowledge that Defendants may discover facts or law different from, or in addition to, the facts or law that Defendants now know or believe to be true but agree, nonetheless, that Defendants' Release shall be and remain effective in all respects, notwithstanding such different or additional facts or Defendants' discovery of them.

    6.    <u>Dismissal of Litigation</u>. Upon the effectiveness of this Settlement Agreement, the following claims and proceedings shall be dismissed with prejudice, and the Parties shall take any and all actions necessary to secure such dismissals of: (a) the Adversary Proceedings and (b) the BVI Litigation (collectively, the "<u>Litigations</u>").  Furthermore, the Proofs of Claim shall be deemed automatically withdrawn without need for further action.

    7.    <u>Notices</u>.  All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the addresses indicated below (or at such other address for a party as shall be specified in a notice given in accordance with this section).

|  |  |
|---|---|
| If to the Plaintiffs: | Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok<br>Nicholas A. Bassett<br>Avram E. Luft<br>Paul Hastings LLP<br>200 Park Avenue,<br>New York, NY 10166<br>Tel: (212) 318-6001<br>lucdespins@paulhastings.com<br>nicholasbassett@paulhastings.com<br>aviluft@paulhastings.com |
| with a copy to: | Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>Tel: (203) 781-2847<br>plinsey@npmlaw.com |
| If to the Defendants: | Francis J. Lawall<br>Joanna J. Cline<br>Troutman Pepper Hamilton Sanders LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103<br>Tel: (215) 981-4481<br>francis.lawall@troutman.com<br>joanna.cline@troutman.com |
| with a copy to: | David M. S. Shaiken<br>Shipman, Shaiken & Schwefel, LLC<br>433 South Main Street<br>Suite 319<br>West Hartford, CT 06110<br>Tel: (860) 606-1703<br>david@shipmanlawct.com |

8. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter.

9. <u>Personal Jurisdiction</u>. Nothing in this Settlement Agreement, nor its execution by or on behalf of the Defendants, shall create, create an independent basis for, impose or otherwise have any effect on this Court's or that of any other Court within the United States personal jurisdiction (or lack thereof) over the Defendants, and Plaintiffs agree not to use this Settlement

Agreement as a basis to argue for this Court's or any other Court in the United States' exercise of jurisdiction over the Defendants, other than for purposes of enforcing this Settlement Agreement.

10. <u>Successor and Assigns</u>. This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns.

11. <u>No Third-Party Beneficiaries</u>. This Settlement Agreement is for the sole benefit of the Parties and their respective successors, assigns and estates (and, to the extent provided herein, affiliates) and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this Settlement Agreement.

12. <u>Headings</u>. The headings in this Settlement Agreement are for reference only and shall not affect the interpretation of this Settlement Agreement.

13. <u>Amendment and Modification; Waiver</u>. No waiver by any party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the party so waiving. Except as otherwise set forth in this Settlement Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power or privilege arising from this Settlement Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

14. <u>Severability</u>. If any term or provision of this Settlement Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Settlement Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the Parties shall negotiate in good faith to modify this Settlement Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible

15. <u>Governing Law; Submission to Jurisdiction</u>. This Settlement Agreement and the rights and obligations of the parties created thereunder will be governed by and construed and enforced in accordance with the laws of the State of New York as applied to agreements entered into and to be performed entirely within New York between New York residents, without regard to conflicts of law principles. All actions and proceedings arising out of or relating to this Settlement Agreement or the facts and circumstances leading to its execution, whether in contract, tort or otherwise, shall be heard and determined in the Connecticut Bankruptcy Court, or if the Chapter 11 Cases are closed, in the United States District Court for the Southern District of New York ("<u>SDNY</u>"). The parties hereto hereby (a) submit to the exclusive jurisdiction of the Connecticut Bankruptcy Court or SDNY, as applicable, solely for the singular purpose of approval and enforcement of this Settlement Agreement and (b) solely and exclusively for the purpose of approving and enforcing this Settlement Agreement, irrevocably waive, and shall not assert by way of motion, defense, or otherwise, in any such action, any claim that it is not subject personally to the jurisdiction of the above-named court, that the action is brought in an

inconvenient forum, that the venue of the Action is improper, or that this Settlement Agreement may not be enforced in or by the Connecticut Bankruptcy Court or SDNY, as applicable.

16. <u>Waiver of Jury Trial</u>.  Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this Settlement Agreement or the Adversary Proceedings.  Each party to this Settlement Agreement certifies and acknowledges that (a) no representative of any other party has represented, expressly or otherwise, that such other party would not seek to enforce the foregoing waiver in the event of a legal action; (b) such party has considered the implications of this waiver; (c) such party makes this waiver voluntarily; and (d) such party has been induced to enter into this Settlement Agreement by, among other things, the mutual waivers and certifications in this section.

17. <u>Counterparts</u>.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Settlement Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Settlement Agreement.

18. <u>No Strict Construction</u>.  The Parties have participated jointly in the negotiation and drafting of this Settlement Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement will be construed as if drafted jointly by the parties, and no presumption or burden of proof will arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Settlement Agreement.

[*Signature Page Follows*]

**EXECUTION DRAFT**

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement on the date first written above.

LUC A. DESPINS, AS TRUSTEE FOR THE ESTATE OF HO WAN KWOK

By: */s/ Luc Despins/*
Name: Luc DESPINS
Title: Trustee

GENEVER HOLDINGS LLC

By: */s/ Luc Despins, as proxy agent/*
Name:
Title:

GENEVER HOLDINGS CORPORATION

By: _____
Name:
Title:

BRAVO LUCK LIMITED

By: _____
Name:
Title:

MILESON GUO (A/K/A QIANG GUO)

_____
Name:

**EXECUTION DRAFT**

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement on the date first written above.

LUC A. DESPINS, AS TRUSTEE FOR THE ESTATE OF HO WAN KWOK

By: _____
Name:
Title:

GENEVER HOLDINGS LLC

By: _____
Name:
Title:

GENEVER HOLDINGS CORPORATION

By: *[signature]*
Name: Claire Abrehart
Title: Director

BRAVO LUCK LIMITED

By: _____
Name:
Title:

MILESON GUO (A/K/A QIANG GUO)

_____
Name:

EXECUTION DRAFT

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement on the date first written above.

LUC A. DESPINS, AS TRUSTEE FOR THE ESTATE OF HO WAN KWOK

By: _____
Name:
Title:

GENEVER HOLDINGS LLC

By: _____
Name:
Title:

GENEVER HOLDINGS CORPORATION

By: _____
Name:
Title:

BRAVO LUCK LIMITED

By: /s/ [signature]
Name: Qiang Guo
Title: Sole Shareholder

MILESON GUO (A/K/A QIANG GUO)

_____
Name: