**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :     Chapter 11
:
HO WAN KWOK, *et al.*,                               :     Case No. 22-50073 (JAM)
:
Debtors.[1]                                     :     Jointly Administered
:
------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE**
**FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY**
**CODE SECTIONS 327 AND 330, BANKRUPTCY RULES 2014 AND 2016**
**AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING AND**
**APPROVING RETENTION AND APPOINTMENT OF KROLL, LLC AS FORENSIC**
**INVESTIGATORS, EFFECTIVE AS OF AUGUST 2, 2023**

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to sections 327 and 330 of Title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules

of Bankruptcy Procedure (the "Local Bankruptcy Rules") files this application (the "Application")

requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed

Order") approving the Trustee's employment of Kroll, LLC ("Kroll") as forensic investigators,

effective as of August 2, 2023, on the terms set forth in the Letter of Engagement attached hereto

as **Exhibit B** (the "Engagement Letter").  In support of the Application, the Trustee submits the

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

*Declaration of Allen Pfeiffer in Support of Application of Chapter 11 Trustee for Entry of Order Approving Retention and Appointment of Kroll, LLC as Forensic Investigators, Effective as of August 2, 2023* (the "Pfeiffer Declaration"), attached hereto as **Exhibit C** and incorporated herein by reference.  In further support of this Application, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES

1.     The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 327(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

I.     **The Debtor's Chapter 11 Case**

4.     On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.     On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case.  No examiner has been appointed in the Debtor's chapter 11 case.

6.     On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee

in the Debtor's chapter 11 case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

## II.    Investigation and Adversary Proceedings

8.      Since his appointment, the Trustee has undertaken a complex and wide-ranging investigation using, among other tools, Bankruptcy Rule 2004, and has issued dozens of subpoenas.  Through this investigation, the Trustee has accrued voluminous financial records and related documents that require analysis to determine the extent of the assets and interests that should properly be part of the Debtor's chapter 11 estate (the "Estate") as well as other rights and causes of action that the Trustee may exercise for the Estate's benefit.

9.      Likewise, since his appointment, the Trustee has commenced at least eight adversary proceedings and asserted counterclaims in a previously filed adversary proceeding (collectively, the "Adversary Proceedings") to bring assets into the Estate or otherwise assert the Estate's rights with respect to its assets (*see* Adv. Proc. Nos. 22-05003, 22-05027, 23-05002, 23-05005, 23-05008, 23-05012, 23-05013, 23-05017, 23-05018).

10.      The Trustee requires the assistance of forensic investigators to, among other things, uncover and analyze the information relevant to the Debtor's finances, and movement of assets to further assist in the Trustee's investigation.  The Trustee also requires investigation and forensic analysis to assist in prosecuting the Trustee's claims in the existing Adversary Proceedings as well as such adversary proceedings as the Trustee may file in the future.

**KROLL'S RETENTION**

15.     By this Application, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the Trustee's employment of Kroll as forensic investigators in accordance with the Engagement Letter, effective as of August 2, 2023.

16.     The Debtor has engaged in long-standing and significant efforts to conceal and protect wealth and assets, establishing a labyrinth of shell companies, related individuals and entities designed to obscure true ownership.

17.     Since his appointment, the Trustee has been engaged in ongoing efforts to untangle the Debtor's web of business and financial interests throughout the world to identify and recover assets for the benefit of the Estate.  The Trustee has determined that it would be helpful at this stage in his investigation to retain Kroll, with its expertise in forensic analysis, to aid and assist in the investigation.

**KROLL'S QUALIFICATIONS**

18.     Headquartered in New York City, but with offices throughout the world, Kroll is comprised of leading industry professionals with significant experience in forensic investigations, delivering actionable data and insights to clients.  Kroll's global team consists of investigators, cyber experts, data analysts and forensic accountants, able to draw on extensive experience, resources and technologies to assist in financial investigations.  Kroll works to penetrate wrongdoer's efforts to shield cash, real estate, corporate holdings, financial instruments and other tangible and intangible assets from discovery.

19.     Kroll has substantial experience in matters of this size and complexity and has acted as forensic investigators or in similar roles in significant bankruptcy cases pending in districts nationwide.  *See, e.g.*, *Residential Capital*, Case No. 12-12020 (Bankr. S.D.N.Y.); *Lehman*

*Brothers Holdings*, Case No. 08-13555 (Bankr. S.D.N.Y.); *Bernard L. Madoff Investment Securities*, Case No. 08-01789 (Bankr. S.D.N.Y.); *Mirant¸*Case No. 03-46590 (Bankr. N.D. Tex.); *Exide Technologies*, Case No. 13-11482 (Bankr. D. Del.); and *Capmark Financial Group*, Case No. 09-13684 (Bankr. D. Del.).

**SERVICES TO BE PROVIDED**

20.     Subject to the Court's approval, at the request of the Trustee, and to the extent necessary, the Trustee anticipates that Kroll will assist in investigating and analyzing the Debtor's finances and assets, and assist the Trustee in aspects of his investigation and in the recovery of assets, including, among other things, the existing Adversary Proceedings and those that the Trustee may bring in the future.

**KROLL'S COMPENSATION**

21.     Kroll intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with the Estate pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to the Estate.  Kroll will charge the Trustee for its services on an hourly basis at its regularly applicable hourly rates in connection with the services required.

22.     With respect to its services, Kroll has extended to the Trustee a discounted hourly rate structure.  Kroll's current standard hourly billing rates range between $257 - $1,220 and will be discounted for this engagement based upon negotiations with the Trustee resulting in a

5

discounted range between $231 - $915.  The discounts to Kroll's current standard hourly billing rates will be applied as follows:

| Standard Hourly Bill Rate | Discount Applied |
|---|---|
| $1,000 of Higher | 25% |
| $800 - $999 | 20% |
| $799 or Lower | 10% |

23.    Kroll will also bill for out-of-pocket expenses made on behalf of the Trustee, including photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees, travel expenses, and computer-aided research, in accordance with practices in this District.

24.    Additionally, under the terms of the Engagement Letter, the Trustee has agreed to indemnify, defend and hold harmless Kroll and its directors, officers, employees, and agents under certain circumstances specified in the Engagement Letter, except in circumstances resulting solely from Kroll's gross negligence, willful misconduct, fraudulent acts, or as otherwise provided in the Engagement Letter or Proposed Order.  The Trustee believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of qualified forensic investigators in this chapter 11 case.  Any request for indemnification during the pendency of the Debtor's chapter 11 case will be brought before this Court and shall be subject to the approval of the Court.

## DISINTERESTED

25.    To the best of the Trustee's knowledge, information, and belief, in reliance upon the Pfeiffer Declaration and except as disclosed therein, Kroll does not have any relationships with the Debtor, his creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

26.     More specifically, upon such basis, the Trustee believes that: (a) Kroll has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Case or their respective attorneys or accountants; and (b) Kroll (i) is not a creditor, equity security holder, or insider of the Debtor or his affiliates, (ii) has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) has not had any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, the Chapter 11 Trustee believes that Kroll is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

27.     Based on the Pfeiffer Declaration, the Trustee believes that Kroll does not represent any adverse interest to unsecured creditors in connection with this case.

28.     Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR THE RELIEF REQUESTED, NOTICE, AND NO PRIOR REQUEST FOR RELIEF REQUESTED HEREBY

29.     The Trustee requests to retain and employ Kroll as forensic investigators, pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

30.     Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

31.    Bankruptcy Rule 2014(a) provides that an application for retention includes:

specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

32.    The Trustee requires the services of forensic investigators to assist in his responsibility to investigate and recover estate assets for the benefit of creditors. Accordingly, the employment of Kroll as forensic investigators, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

33.    Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

34.    No previous application for the relief requested herein has been made to this or any other Court.

**RETENTION EFFECTIVE AS OF AUGUST 2, 2023 IS APPROPRIATE**

35.    Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise."   Accordingly, the Trustee requests authority to retain and employ Kroll effective August 2, 2023, which was the date that Kroll began providing services to the Trustee.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the employment of Kroll as forensic investigators, and order such other and further relief as the Court deems just and proper.

Dated: September 1, 2023
New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com
plinsey@npmlaw.com

*and*

Luc A. Despins, Esq.
G. Alexander Bongartz, Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6472

*Counsel for the Chapter 11 Trustee*

9

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                    :

In re:                   :     Chapter 11
                    :

HO WAN KWOK, *et al*.,   :     Case No. 22-50073 (JAM)
                    :

       Debtors.[1]    :     Jointly Administered
                    :

---------------------------------------------------x

**[PROPOSED] ORDER**
**GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY**
**RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1**
**AUTHORIZING AND APPROVING RETENTION AND APPOINTMENT OF KROLL,**
**LLC AS FORENSIC INVESTIGATORS, EFFECTIVE AS OF AUGUST 2, 2023**

Upon the Application of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee")

Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11

case of Ho Wan Kwok (the "Debtor"), for authority to retain and employ Kroll, LLC, as forensic

investigators, effective as of August 2, 2023 (the "Application"), and upon the Declaration of Allen

Pfeiffer (the "Pfeiffer Declaration"), pursuant to sections 327 and 330 of title 11 of the United

States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of

Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the

"Local Bankruptcy Rules"), all as more fully set forth in the Application and the Engagement

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Letter (as defined in the Application); and upon consideration of the Application and the Pfeiffer Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Pfeiffer Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Kroll is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Kroll does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Trustee is authorized to retain and employ Kroll as forensic investigators effective as of August 2, 2023 on the terms set forth in the Application, the Engagement Letter, and the Pfeiffer Declaration.

3.      Kroll is authorized to act as forensic investigators to the Trustee and to perform those services described in the Application.

2

4.      The Debtor's estate shall be responsible for Kroll's compensation and reimbursement of expenses.

5.      The allowance of any compensation to be paid to Kroll shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.      The Debtors shall indemnify Kroll to the extent required under the terms of the Engagement Agreement, as modified pursuant to this Order.

7.      All requests by Kroll for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Kroll be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement.

8.      In the event that Kroll seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.     Kroll shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Kroll's counsel other than those incurred in connection with a request of Kroll for payment of indemnity.

10.     Kroll shall provide no less than ten business days' notice to the Trustee, the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

11.     The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

12.     The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13.     To the extent the Application, the Engagement Letter, and the Pfeiffer Declaration are inconsistent with this Order, the terms of this Order shall govern.

14.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT B

**Engagement Letter**



**CONFIDENTIAL**

**VIA E-MAIL**: aviluft@paulhastings.com;

31 August 2023

Paul Hastings LLP
MetLife Building, 200 Park Avenue
New York, New York, 10166
Attention: Avram Luft, of Counsel

## SUBJECT: Letter of Engagement for Kroll, LLC: Chapter 11 of Ho Wan Kwok ("Bankruptcy")

Dear Avi:

This Letter of Engagement confirms that we, Kroll, LLC and its affiliates listed in Exhibit 1 ("**Kroll**" or "**we**"), have been retained by Paul Hastings LLP ("**Law Firm**", or "**you**") in rendering legal services to Luc A. Despins in his capacity as the Trustee in the Chapter 11 of Ho Wan Kwok ("**Trustee**") to provide the independent professional services described herein in connection with the above-referenced matter ("**Services**") on the terms of this Letter of Engagement and the attached Terms and Conditions.

Although Law Firm and/or the Trustee will define the scope of our work, at all times we will exercise our best independent and professional judgement with respect to all aspects of this engagement. For the avoidance of doubt, Kroll is not rendering any legal advice in this matter, and we are not responsible for ensuring the Trustee's or Law Firm's compliance with any applicable laws, rules, or regulations. All legal advice being provided to the Trustee shall be the sole responsibility of Law Firm.

Our work may include investigating, collecting and analyzing information, including but not limited to accounting records and other financial information, as well as performing various financial and accounting analyses, as needed and directed by Law Firm and/or the Trustee.  However, our engagement does not include an audit in accordance with generally accepted auditing standards of existing business records.

The preparation of our advice and reports is an evolving process during which our analysis is focused and refined as our research and document review proceeds and as information emerges. Law Firm and/or Trustee agree to provide information that you believe is relevant to the Services being provided, and that in Law Firm's judgment can, and should, be shared with Kroll at that time.

The Law Firm has asked Kroll to start work immediately because of exigencies in your Chapter 11 case. Law Firm and Trustee will take all necessary action within five (5) business days of date of this Engagement Letter to obtain prompt approval, relating back to August 1 2023, the date we started work at Law Firm's request ("nunc pro tunc"), by the Bankruptcy Court of the employment and retention of Kroll, including the proposed compensation and reimbursement of expenses described herein, under section 327(a) of the Bankruptcy Code, and will assist Kroll as appropriate in obtaining Bankruptcy Court approval of Kroll's fee applications.  You will supply Kroll with a draft of its retention application and proposed order prior to filing these documents with the Bankruptcy Court to enable Kroll and its counsel to review and

Kroll, LLC
55 E. 52nd Street
Floor 17
New York, NY 10055

T    +1 973-775-8260

Allen.Pfeiifer@kroll.com
www.kroll.com

comment. You acknowledge and agree that the compensation rates set forth in this agreement by Kroll hereunder is reasonable.

To ensure compliance with requirements imposed by the IRS, we inform Trustee and Law Firm that any U.S. federal tax advice contained in this communication (including any attachments) or any report or deliverable contemplated by this communication, whether draft or final, is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Services

You have engaged Kroll to lead a forensic investigation, any services agreed upon by the parties, and to assist Trustee is any other aspects of the recovery actions filed and to be filed, all as directed by the Law Firm or the Trustee (the "Services").

Should the Services expand to include expert witness services and the Law Firm wishes to call an expert witness from Kroll, we will confirm separately with you in writing as to who has been agreed upon to serve as the testifying expert witness (the "Expert") from Kroll on this matter, and any expert opinions that may be rendered in this matter are those of the Expert and not Kroll. Should the named Expert become unavailable or unable to perform the Services for whatever reason, the Parties will discuss in good faith regarding a suitable replacement expert. Any testifying expert's work will be compensated based on the applicable hourly rate set forth in this agreement. Kroll, if asked by the Law Firm or Trustee, will provide all necessary consulting expert services in connection with any expert testimony.

We will carry out the Services using reasonable skill and care. You and/or Trustee agree to provide Kroll with timely assistance and access to information, materials, locations and personnel reasonably necessary for the performance of the Services. You and Trustee agree that we may rely on the information provided to us, that its receipt by us is in compliance with applicable laws, regulations and company policies (including without limitation concerning data privacy) and will not infringe any rights held by any third party, and that we do not have any responsibility to verify it unless otherwise agreed by the Parties.

Upon completion of the Services, or any termination of this agreement, the Law Firm and/or Trustee must elect an option from Addendum B, pertaining to data archiving and case close-out procedures.

## Confidentiality and Privilege

Our work is intended for Law Firm's use and benefit in the representation of the Trustee and should not be used by any entity other than the Law Firm for any other purpose except as explicitly permitted hereunder. Law Firm and the Trustee shall maintain all information or documents prepared by Kroll and/or provided by Kroll (the "**Kroll Work Product**") as confidential, and will designate it as such under the protective order in this case.

It is anticipated that all information or documents prepared by Kroll and/or provided by Kroll to Law Firm and/or the Trustee in the course of this engagement constitute confidential communications protected from disclosure to third parties by the attorney-client privilege and/or constitute confidential work product protected from disclosure to third parties by the attorney work-product doctrine.  As such, all documents, including but not limited to written deliverables, reports, memoranda, financial analyses and summaries, that we prepare in connection with this engagement shall be prominently labeled "Attorney Work-Product; Privileged & Confidential" at your request. We will not prepare any written reports in this matter unless specifically requested to do so by Law Firm and/or the Trustee.

It is anticipated that all information or documents supplied to Kroll by Law Firm and/or the Trustee in the course of this engagement constitute confidential communications protected from disclosure to third parties by the attorney-client privilege and/or constitute confidential work product protected from disclosure to third parties by the attorney work-product doctrine.

If we are retained as a testifying expert witness in this matter, Trustee and Law Firm acknowledge that all documents and work product of the Testifying Experts will be handled consistent with the applicable Federal Rules of Evidence and the Bankruptcy Rules.

## Conflict Check

An internal search within Kroll was performed for any potential client conflicts based on the names of the person(s)/entities that were provided by Trustee and/or Law Firm to Kroll. To the best of our knowledge and belief, client conflicts were not identified at that time. Trustee and Law Firm agree that you will inform Kroll of additional parties to this matter or of name changes of the person(s)/ entities that Trustee and/or Law Firm initially provided.

The Trustee and Law Firm understand and agree that the engagement of a Kroll company for the Services does not prevent Kroll or its affiliated companies from providing services to other clients adverse to the Trustee and/or Law Firm on matters not related to the particular Services being performed hereunder in connection with the Bankruptcy, or is directly related to: (i) Ho Wan Kwok (the "Debtor"), or (ii) the Debtor's family, or any other entity that the Trustee has identified in the Bankruptcy as an affiliated-entity of the Debtor, (together "Debtor Affiliates") provided that Law Firm has notified Kroll in writing of the names of the Debtor Affiliates and Kroll has confirmed there is no conflict. Confidential Information obtained while performing the Services will continue to be treated as confidential and will not be shared or used in connection with the performance of any other services provided by Kroll or its affiliated companies to other clients. If such an engagement arises, Kroll will promptly file with the bankruptcy court a supplemental disclosure. Should a conflict come to the attention of the Managing Director in charge of this engagement, or any other member of the Kroll team providing Services hereunder, the Managing Director in charge of the engagement  will advise you as soon as possible.

## Staffing

The Services will be performed under the overall supervision of Allen Pfeiffer, a Managing Director in the Expert Services practice who will be assisted in the provision of Services by Kroll personnel from other Kroll affiliates and third-party sub-contractors to the extent approved in writing by the Law Firm or the Trustee, as needed, such approval not to be unreasonably withheld. At this juncture the Kroll affiliates listed in Exhibit 1 will be involved in providing the Services, and the Law Firm and Trustee hereby approve the provision of Services by these Kroll affiliates, as directed by the Trustee or Law Firm. However, we note that as this engagement progresses, we may need to involve other Kroll affiliates as necessary, due to jurisdictional and/or licensing requirements.

## Fees and Expenses

We will bill on a time and expense basis, with our fees determined by the hours (or part thereof) actually expended by each assigned professional.  We recognize the need to maximize cost efficiency, and therefore, we endeavor to utilize staff at the level commensurate to the particular task while maintaining our standard of high quality work product. Our current standard hourly billing rates range between $257 - $1,220 and will be discounted for this engagement resulting in a range between $231 - $915. The discounts to our current standard hourly billing rates will be applied as follows:[1]

| Standard Hourly Bill Rate | Discount Applied |
| --- | --- |
| $1,000 of Higher | 25% |
| $800 - $999 | 20% |
| $799 or Lower | 10% |

---

[1] Please see Exhibit 2 for the current rates of the initial Kroll team.

All reasonable direct out-of-pocket expenditures incurred in connection with the engagement (excluding external legal counsel fees) will be billed at our cost for such items, provided that any expenses anticipated to be in excess of $5,000, will be approved by the Law Firm or the Trustee in writing prior to the incurrence of any such expenses.  Out-of-town travel time is billed at 50% of the standard time rates quoted above. Any out-of-town air or rail travel will be booked in coach class or the equivalent provided that all travel in excess of six hours one-way will be booked as business class; any travel in excess of six hours one-way must be approved by the Law Firm or Trustee prior to incurrence.

All time entries will be maintained and entered consistent with the guidance provided by the Law Firm and Trustee.

Our Rates are subject to annual review. The rates set forth in this agreement shall not be raised until at least one year from the date of the signing of this agreement. Where such rate increase is above 10%, Kroll shall notify Law Firm and/or Trustee. The percentage difference in the Standard to Discounted Hourly Rates set forth in this agreement, shall be duplicated for any rate increase, should any come into effect.

We will discuss with Law Firm and/or Trustee the impact on fees and expenses of any proposed changes to the Services.

Kroll will bill Trustee via Law Firm monthly (at the Law Firm address listed in the signature block below or as otherwise updated by Trustee in writing) directly via invoice. However, we acknowledge that the payment of our invoices are not the personal responsibility of the Trustee and will be paid by the Bankruptcy estate, after approval of any fee application.  In addition, every ten (10) days Kroll shall provide the Trustee and Law Firm a summary of its expenses incurred and professional fees charged to this engagement for Services rendered within that 10 day period, a break out of what amounts are attributable to what Services, and a summary description of the work the fees and expenses arise from, provided however, that the Trustee and Law Firm acknowledge that these summaries are for internal purposes, are not final and subject to adjustment.

We do not warrant or predict results in this matter, and our fees are not contingent upon any outcome arising out of the provision of the Services.

If we do not receive payment of any invoice within thirty (30) days of entry of an order approving our monthly, interim or final fee application, as applicable, we shall be entitled, without prejudice to any other rights that we may have, to suspend provision of the Services until all sums due are paid in full.  Further, to safeguard against any assertion or allegation that our work may in some way be influenced by, or contingent upon, the outcome of our analyses, we require that all outstanding invoices be paid, in full, prior to us issuing any report or similar deliverable and prior to us furnishing testimony in deposition or trial, should the services herein require such testimony. Accordingly, we reserve the right to refuse to testify if we have not been paid in full at the time such testimony is required.

## Terms and Conditions

The terms and conditions herein, including those in Attachment 1, set forth the rights and responsibilities of the parties with respect to the Services (collectively, the "Terms and Conditions"). By signing this Letter of Engagement, it is acknowledged that Trustee and Law Firm understand and agree to the Terms and Conditions.

## Non-Disclosure

Kroll agrees, and shall cause its employees and any third-party contractors working on this engagement to agree, (together the "Kroll Team") that any information it receives from Law Firm and/or Trustee or learns in the course of this engagement, or opinions or views it may form as part of this engagement of any information, entities or individuals related to this engagement, may not be disclosed to anyone other

Page 5

than the Trustee, the Law Firm or the Kroll Team engaged for this assignment without the written authorization of the Trustee or Law Firm. These non-disclosure obligations survive the termination of this engagement, and any individuals departure from this matter, or from Kroll. Kroll will take all reasonable steps to ensure there are no unauthorized disclosures, including but not limited to making any Kroll employee or third-party contractor that works on this engagement aware of these Non-Disclosure obligations.  Any unauthorized disclosure is a breach of this agreement and Trustee and/or Law Firm are entitled to seek any rights and remedies available at law or in equity, including injunctive relief, as a result thereof.

*    *    *    *    *

If the scope and terms of this Letter of Engagement are acceptable, please acknowledge acceptance by signing and returning a copy of this letter to Allen Pfeiffer via email at Allen.Pfeiffer@kroll.com.

Yours sincerely,

Allen Pfeiffer
Managing Director
Kroll, LLC

Page 6

## Confirmation of Letter of Engagement

I declare that I have the authority to act on behalf of and bind Paul Hastings LLP, and I have read, understand and accept the Letter of Engagement, and Terms and Conditions attached thereto, dated August 31, 2023.

Signed: _____          Date: _8 / 31 / 23_

Title:          Avram Luft
On behalf of:  of Counsel
               Paul Hastings LLP


I declare that I have read, understand and accept, and have the full authority to execute, the Letter of Engagement and the Terms and Conditions included herein and attached thereto, dated August 31, 2023.

_____          Date: _8 / 31 / 23_

Signed: Luc A. Despins
Trustee in Bankruptcy of Ho Wan Kwok

**Attachment 1** to Letter of Engagement dated 31 August 2023.

## Terms and Conditions

The following are the terms and conditions (the "Terms and Conditions") on which we will provide the Services set forth in the attached Letter of Engagement. Together, the Terms and Conditions and the Letter of Engagement are referred to as the "Contract," which forms the entire agreement between Kroll, Law Firm and Trustee relating to the Services.

### General

1. Any variation to this Contract, notwithstanding any variation to the Services specified in the Letter of Engagement, shall be set forth in a letter or email communication deemed effective and made part of this Letter of Engagement upon written acknowledgement and agreement by the receiving parties.

2. After we have delivered any work product in final form, we have no responsibility to update such work product to reflect, incorporate or otherwise consider any events or circumstances occurring subsequent to the date of provision of such work product. If such update is requested, a separate letter of engagement, subject to our then standard fees plus expenses, shall be required.

### Provision of Information

3. Our performance of the Services is dependent upon Law Firm and/or Trustee providing us with accurate and timely information and assistance. Law Firm and Trustee shall use reasonable skill, care and attention to ensure that all information we may reasonably require is provided on a timely basis and is accurate and complete. Law Firm or Trustee shall notify us if Trustee or Law Firm subsequently learn that the information provided is incorrect or inaccurate or otherwise should not be relied upon. Failure to comply with this provision in any manner will frustrate, delay and/or otherwise impede Kroll's performance of the Services, and Kroll shall not be held liable for any damage, sanction or penalty as a result thereof. Law Firm and Trustee confirm, represent and warrant that (i) you and/or Trustee has the right to be in possession of any Information/equipment/media furnished by you and/or Trustee or on your or the Trustee's behalf hereunder, (ii) such Information/equipment/media is furnished for a lawful purpose, and its receipt and use by Kroll for the Services will not infringe any rights, including any intellectual property rights, held by any third party and (iii) where applicable, your and the Trustee's collection, possession, processing and transfer of such Information/equipment/media is in compliance with any and all applicable laws, regulations and company policies, including without limitation concerning data privacy, if applicable.

### Work Product and Property Rights

4. There may be differences between the draft and final work product. During the course of our work, drafts of our report may be issued. Law Firm and Trustee acknowledge that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by us as the same may be subject to further work, revision, and other factors which may result in such drafts being substantially different from any final report or advice issued.

5. Any advice given or work product issued by us is provided solely for Law Firm and Trustee's use and benefit and only in connection with the Bankruptcy. Unless required by law, Law Firm and Trustee shall not provide such work product to any third party (except to other consultants or experts engaged by Law Firm or Trustee in connection with the Bankruptcy who shall be subject to the confidentiality requirements and restrictions on use set forth herein) or refer to Kroll or the Services without our prior written consent, where such consent shall not be unreasonably withheld by Kroll. In no event, regardless of whether consent has been provided, shall we assume any responsibility to any third party to which any advice or work product is disclosed or otherwise made available.

6. Unless otherwise instructed by court order or other written instruction, upon conclusion of our services, all documents reviewed and work product prepared in connection with this engagement shall be handled in accordance with our document retention policy.

7. To the extent that Kroll utilizes any of its property (including, but not limited to, any hardware or software) in connection with this engagement, such property shall remain the property of Kroll, and Law Firm and Trustee shall not acquire any right or interest in such property. We shall have ownership (including, but not limited to, copyright ownership) and all rights to use and disclose our ideas, concepts, know-how, methods, techniques, processes and skills, and adaptations thereof, in conducting our business, in each case, consistent with the confidentiality agreements herein.

### Preservation of Confidential Information

8. Information received from the other party for the purposes of providing or receiving the Services is deemed "Confidential" if it is either (a) marked confidential in tangible form; (b) otherwise confirmed in writing as being confidential; or (c) manifestly confidential in tangible form or otherwise. All parties agree that any Confidential information received from the other party shall only be used for the purposes of providing or receiving the Services under this or any other contract between us. In addition, neither party will disclose, without the prior written consent of the other party, any such Confidential information to any third party, except insofar as expressly permitted herein, except that Kroll may disclose Confidential Information to its affiliates and third party subcontractors in connection with the provision of the Services.

9. Section 8 of these Terms and Conditions will not apply to any information which is (a) or becomes generally available to the public other than as a result of a breach of an obligation by the receiving party; (b) acquired from a third party who owes no obligation of confidence with respect to the information; (d) was known to the receiving Party at the time of disclosure or (c) or has been independently developed by the recipient of such information.

.

10. If we receive a subpoena or other legal process to preserve or produce documents or provide testimony related to or arising from this engagement, the Trustee shall be reimburse Kroll for expenses incurred and our staff time in responding to the same, including the time to testify at deposition and/or trial, regardless of whether the subpoena is served by the Trustee or a third party and regardless of whether the subpoena only seeks our testimony as a fact witness. Our time will be billed at the rates agreed in this contract. For avoidance of doubt, the foregoing obligations shall not apply with respect to disputes between Law Firm and/or Trustee against Kroll. Kroll agrees to promptly notify Law Firm and/or Trustee upon receipt of such request for information, subpoena or other legal process.

### Termination

11. If Kroll is hired as a testifying expert witness, Kroll may immediately, upon written notice, terminate services hereunder at any time should a disagreement arise between the parties with respect to any expert opinions to be offered at deposition and/or trial. Further, either party may terminate this Contract: (a) in the event that the other party has breached any material provision thereof and such breach has not been cured within five (5) business days after receipt of written notice from the then non-breaching party; or (b) on providing thirty (30) days prior written notice.

12. Upon termination of this Contract for any reason, each party shall, upon written request from the other, return to the other all property and documentation of the other in its possession, except that we shall be entitled to retain copies of such documents in order to maintain a professional record of our involvement and as required by law, rule and regulation.

13. The Terms and Conditions set forth herein that by their nature are intended to survive shall survive termination of this Contract.

### Data Protection

14. If, in the course of providing the Services, Kroll is required to process any personal data where such processing is subject to the EU General Data Protection Regulation 2016/679 ("GDPR") or other UK and/or European laws implementing or supplementing the GDPR then the provisions of Addendum A shall apply to such personal data.

### Third Party Resources

15. To the extent that Kroll utilizes any of its property or the property of a third-party vendor/subcontractor (including, but not limited to, any hardware or software) in connection with the Services hereunder, such property shall remain the property of Kroll (and/or such third-party vendor/subcontractor, as applicable), and neither the Law Firm or Trustee shall acquire any right or interest in such property. Kroll shall retain ownership (including, but not limited to, copyright ownership) of our ideas, concepts, know-how, methods, techniques, processes and skills, and adaptations thereof, in conducting our business now and in the future.

16. Kroll will maintain and follow reasonable procedures to furnish to Law Firm and/or the Trustee the information reflected in the public record or obtained from other sources. KROLL DOES NOT WARRANT THE ACCURACY, COMPLETENESS OR VALIDITY OF ANY SUCH INFORMATION. KROLL DISCLAIMS ANY LIABILITY AND DOES NOT TAKE ANY RESPONSIBILITY FOR THE DECISIONS THE TRUSTEE MAKES BASED ON THE INFORMATION. EXCEPT TO THE EXTENT EXPRESSLY SET FORTH IN THIS AGREEMENT, AND UNLESS PROHIBITED BY LAW,

7

KROLL DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY, ANY IMPLIED WARRANTY ARISING FROM THE COURSE OF DEALING, FITNESS FOR A PARTICULAR PURPOSE, NON-INFRINGEMENT AND NON-INTERRUPTION OF SYSTEM USE.

**Forensics and Use of Third Party Technologies**

17. Trustee and Law Firm acknowledge that any part of its digital infrastructure or information technology environment, including that portion provided, hosted, or in any way supported by third-parties, whether on premises or cloud based, including digital/computer equipment, drives, data and media may be damaged, infected or corrupted prior to or during Kroll's performance of Services. Kroll does not assume responsibility or liability for such pre-existing damage or further problems resulting therefrom. Kroll shall take industry standard precautions to ensure that its Services do not introduce or contain viruses or other malware. Trustee and Law Firm acknowledge that no digital services can guarantee absolute security, reliability, or to be malware free.

18. We may utilize certain third-party software and hardware (the "Engagement Tool") to perform the Services. The Engagement Tool are provided "as is," and no Kroll Persons has been involved in the creation, production, or delivery of any Engagement Tool. Kroll does not make any warranties, express or implied, with respect to any Engagement Tool thereof, including, without limitation, any implied warranty of merchantability or fitness for any particular purpose or use, or any warranty that the operation of any Engagement Tool will be uninterrupted, error free or that it will be compatible with any hardware or software used by Trustee tor Law Firm.

19. The Services may be provided during a time that Trustee or Law Firm databases, software, or servers require upgrading, patching, and other routine maintenance. If the Services require any of these in order to be performed, Kroll will provide advanced notice to Trustee such that the parties can plan for minimal Services interruption or interruption to Trustee's or Law Firms' business operations.

20. If in the course of the examination of computers, telephones or other electronic devices, or the examination of electronic media, software content or materials in hard copy form, Kroll or an affiliate observes or otherwise encounters what may be considered illegal contraband, such as images the mere possession of which Kroll reasonably believes to be unlawful, Kroll reserves the right to disclose such contraband to law enforcement. In such an event, and to the extent Kroll reasonably believes is permitted by applicable laws, Kroll will notify the Law Firm or Trustee of its intention to disclose the existence and/or content of such contraband to the appropriate authorities.

**Other Terms and Provisions**

21. Except in the event of our judicially determined (i) gross negligence, (ii) willful misconduct; (iii) fraud, or (iv) violation of the Non-Disclosure clause, in no event shall we or our affiliates and respective employees, directors, officers, and agents (collectively, the "**Kroll Persons**") be liable to Law Firm or Trustee (or any person claiming through either Trustee or Law Firm), under any legal theory, for any amount in the aggregate in excess of the total professional fees paid by Trustee to us under this Contract.

22. Trustee agrees to indemnify and hold harmless the Kroll Persons from third party claims, liabilities, losses, costs, demands and reasonable expenses, including but not limited to reasonable legal fees and expenses, relating to the Services rendered under this Contract or otherwise arising under this Contract, subject to the parameters of the s327 order. The foregoing indemnification obligations shall not apply in the event that a court of competent jurisdiction determines that such claims resulted directly from the gross negligence, willful misconduct, fraudulent acts of Kroll, or violation of the Non-Disclosure clause. Unless prohibited by law, the indemnified party will give the indemnifying party prompt notice of the event giving rise to the indemnifying party's payment obligations herein, and the indemnified party shall reasonably cooperate with the indemnifying party, including providing the indemnifying party with a reasonable opportunity to participate in the defense of the same (it being understood that the indemnifying party may not enter into any settlement on behalf of the indemnified party without the indemnified party's prior consent unless such settlement (i) releases the indemnified party in full of all claims, (ii) does not impose any obligation on the indemnified party, and (iii) includes no admission of any kind of liability on behalf of the indemnified party.

23. Law Firm and Trustee accept and acknowledge that we have not made any warranties or guarantees, whether express or implied, with respect to the Services or any outcome that may be obtained as a result of the provision of the Services.

24. Except for Trustee's payment obligations, neither of us will be liable to the other for any delay or failure to fulfill obligations caused by circumstances outside our reasonable control.

25. Trustee will comply with applicable laws, including data protection laws in connection with the provision of any personal data to us and in connection with the parties' instructions to us for collecting or processing personal data. Trustee is responsible for providing any required notices to or obtaining any required consent from individuals, if required under applicable laws.

26. We reserve the right to use Law Firm or Trustee's name and a description of the nature of the Services in general marketing materials.

27. This Contract shall be governed by and interpreted in accordance with the laws of the State of New York. Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be: (i) during the pendency of the Bankruptcy, be brought before the Bankruptcy Court for the District of Connecticut and be marked as related to In re Ho Wan Kwok; or (ii) thereafter, be settled by binding, confidential arbitration administered in New York, New York by the American Arbitration Association ("AAA") in accordance with its Arbitration Rules then in effect. There shall be one arbitrator agreed to by the Parties within twenty (20) days of a written request for arbitration. If the Parties cannot agree, an arbitrator will be appointed by the AAA in accordance with its Arbitration Rules. Any award from any such arbitration proceeding may be entered as a judgment in any court of competent jurisdiction. Each Party shall bear its own costs in connection with any arbitration hereunder. Nothing herein shall prevent a party from seeking injunctive relief (or any other provisional remedy) from any court having jurisdiction over the parties and the subject matter of the dispute as is necessary to protect a party's proprietary rights.

**Exhibit 1 – List of Kroll Affiliates**

**Kroll Associates Inc**

**Kroll Associates UK Limited**

**Kroll Advisory Ltd**

**Kroll Emerging Markets Limited**

**Crisp Thinking (UK) Limited**

.

Exhibit 2 – Current Rates of the Initial Kroll Team

| Service Line | Level | Standard Hourly Rate (USD) | Discounted Hourly Rate (USD) |
|---|---|---|---|
| **Expert Services** | Managing Director | $1,220 | $915 |
| | Director | $1,105 | $829 |
| | Vice President | $ 875 | $700 |
| | Senior Associate | $ 665 | $599 |
| | Analyst | $ 465 | $419 |
| | Research Analyst | $ 325 | $293 |
| | | | |
| **Forensic Investigations and Intelligence** | Managing Director | $850 - $860 | $680-$688 |
| | Associate MD/ Senior Director | $675 - $752 | $608-$677 |
| | Vice President/ Senior Manager | $450 - $643 | $405-$579 |
| | Senior Associate | $400 - $467 | $360-$420 |
| | Analyst | $257 - $420 | $231-$378 |
| | | | |
| **Digital Insights and Forensics** | Managing Director | $950 | $760 |
| | Senior Director/ Associate MD | $795 | $716 |
| | Director | $750 | $675 |
| | Manager | $600 | $540 |
| | Senior Associate | $475 | $428 |
| | Analyst | $400 | $360 |

# GLOBAL DATA PROCESSING ADDENDUM

This Data Processing Addendum ("**DPA**" or "**Addendum**") forms part of letter of engagement between (i) Paul Hastings LLP ("**Law Firm**") in rendering legal services to Luc A. Despins in his capacity as the Trustee in Chapter 11 of Ho Wan Kwok ("**Trustee**") and (ii) Kroll LLC ("**Kroll**") (each a "**Party**" and together the "**Parties**"), under which Kroll agrees to provide Trustee via Law Firm with the Services under the Contract during the provision of which Services Kroll processes Trustee Personal Data. This DPA reflects the parties' agreement related to the processing of Personal Data in connection with the Services, as defined and set forth below.

Terms used but not defined herein shall have the meaning ascribed to in the Contract.

**Definitions**

1.1   **Controller** means the natural or legal person, public authority, agency or other body which, alone or jointly with others, determines the purposes and means of the Processing of Personal Data.

1.2   **Trustee Personal Data** means the Personal Data that is provided to or acquired by Kroll for processing in order to provide the Services.

1.3   **Data Subject** is the identified or identifiable natural person the Personal Data is relating to, including a "Consumer" as defined by CCPA.

1.4   **Data Protection Laws** means all data protection or privacy laws and regulations as may be applicable to the processing of personal data under the Agreement, including, without limitation, those of the European Union including the General Data Protection Legislation 2016/679 (GDPR) and the related legislation of any Member State or the United Kingdom, US federal or state laws, the California Consumer Privacy Act of 2018 (CCPA), and to the extent applicable, laws of any other jurisdiction.

1.5   **EU** means European Union.

1.6   **EU and UK Personal Data** means Trustee Personal Data which is subject to European Union and/or United Kingdom data protection laws, including the GDPR and the related legislation of any Member State, and the UK GDPR and UK Data Protection Act 2018.

1.7   **EU Standard Contractual Clauses** means the standard contractual clauses set forth by the EU Commission for the transfer of Personal Data to processors established in third countries.

1.8   **Member State** means a country that is member of the European Union or the European Economic Area.

1.9   **Personal Data** means "personal data" and/or "personal information" as defined under Data Protection Laws, including any information relating to an identified or identifiable natural person ('Data Subject'), which is protected under Data Protection Laws.

1.10  **Personal Data Breach** means a breach of security leading to the accidental or unlawful destruction, loss, alteration, unauthorized disclosure of, or access to, Trustee Personal Data transmitted, stored or otherwise processed by Kroll.

1.11  **Process or Processing** means any operation or set of operations which is performed on Personal Data or on sets of Personal Data, such as collection, recording, organization, structuring, storage, adaptation or alteration, retrieval, consultation, use, disclosure by transmission, dissemination or otherwise making available, alignment or combination, restriction, erasure or destruction.

1.12  **Processor** means a natural or legal person, public authority, agency or other body which processes Personal Data on behalf of the Controller.

1.13  **Service(s)** means the services provided by Kroll as agreed in the Agreement(s).

1.14  **Subprocessor** means any subcontractor, independent contractor, or vendor engaged by Kroll for the Processing of Trustee Personal Data.

1.15  **Supervisory Authority** means an independent public authority responsible for monitoring the application of Data Protection Laws.

## 2   Processing of Personal Data

2.1   Kroll and Trustee shall process Trustee Personal Data in compliance with the applicable Data Protection Laws.

2.2   Kroll shall process Trustee Personal Data in carrying out the Services:

2.2.1   on behalf of Trustee and in accordance with Trustee's documented instructions unless otherwise required by law or regulation to which Kroll is subject; and

2.2.2   for the purpose of carrying out the Services or as otherwise instructed by Trustee, in the role of Data Processor (as defined by GDPR) or Service Provider (as defined by CCPA).

2.3   The details of the processing activities to be carried out by Kroll on behalf of the Trustee, are specified in the Agreement(s).

2.4   Kroll will not sell or rent Trustee Personal Data or otherwise disclose, use, or process the Trustee Personal Data for purposes other than providing services specified in the Agreement(s), unless otherwise required by law or regulation to which Kroll is subject.

2.5   Trustee represents that it will comply with applicable Data Protection Laws in its provision of Trustee Personal Data to Kroll, including having provided such notice or acquired such consents as may be required under Data Protection Laws.

2.6   Trustee's instructions to Kroll for processing of Personal Data shall comply with applicable Data Protection Laws. With regards to EU and UK Personal Data, Trustee represents that it has identified a lawful basis of processing which Trustee shall rely for providing instructions to Kroll to process Personal Data for the purpose of the Services.

## 3   Technical and Organizational Measures

3.1   Kroll shall maintain a comprehensive written information security program and implement appropriate technical and organizational measures appropriate to the risk to ensure the security, integrity, and confidentiality of Trustee Personal Data. Measures shall include, as appropriate, measures for protection against anticipated threats or hazards to the security or integrity of such information, measures for protection against unauthorized or unlawful processing, accidental or unlawful destruction, loss or alteration or damage, unauthorized disclosure of, or access to, Trustee Personal Data.

3.2   Kroll shall regularly monitor its compliance with the respective technical and organizational measures. Kroll will not materially decrease the overall security of the measures applied to the Trustee Personal Data during the term of Services.

11

3.3 Kroll has appointed Data Protection Officers in various jurisdictions as required by law. The appointed person(s) may be reached at kroll.privacy@kroll.com .

**4    Information and Audit**

4.1 Upon request by Trustee, at reasonable intervals, subject to confidentiality obligations, Kroll will provide information about the Processing of the Trustee Personal Data, including but not limited to the technical and organizational measures implemented.

4.2 Upon request by Trustee, no more than once per calendar year during the term of the engagement, on a minimum of 30 days' notice, Kroll shall allow for and contribute to audits conducted by Trustee to the extent reasonably necessary to demonstrate compliance with the Data Protection Laws applicable to Trustee in the receipt of the Services. The limit of once per calendar year shall not apply in the event of any audit specifically required by a Supervisory Authority or following a Personal Data Breach for which Kroll is at fault, provided that Trustee shall provide as much notice as possible of any such audit.

4.3 Kroll will provide Trustee with cooperation and assistance in relation to any data protection impact assessment or regulatory consultation that Trustee is legally required to make in respect of Trustee Personal Data.

**5    Subprocessors**

5.1 Subprocessors currently used by Kroll to process Personal Data for providing the Services are listed in Appendix III. Where Kroll intends to engage a new subprocessor which will process Personal Data, Kroll will inform Trustee prior to engaging such subprocessor. Trustee may object to the engagement of such subprocessor, on reasonable grounds related to the ability of such subprocessor to protect the personal data or comply with Applicable Laws or the requirements of this Agreement, by notifying Kroll in writing via email to kroll.privacy@kroll.com within twenty (20) days after receipt of Kroll's notice. In such event, the Parties will work together to discuss a resolution.

5.2 Kroll has or will enter into a written agreement with each Subprocessor performing Services for Trustee containing data protection obligations not less protective than those in this DPA.

5.3 Kroll remains responsible for its Subprocessors and liable for their acts and omissions in connection with the performance of Services as for its own acts and omissions, and any references to Kroll's obligations, acts and omissions in this DPA shall be construed as referring also to Kroll's Subprocessors.

5.4 Trustee acknowledges and agrees that Kroll's global affiliates, who are subject to Kroll's policies and the requirements of this DPA, may be engaged as Subprocessors, as necessary to provide the Services, without further notice to Trustee.

**6    Confidentiality and Reliability**

6.1 Kroll shall limit access to Trustee Personal Data to those personnel who need to know or access the relevant Trustee Personal Data for performing Services in accordance with the Agreement(s).

6.2 Kroll shall require its personnel authorized to Process Trustee Personal Data to not Process such Data for any other purposes, except on instructions from Trustee or unless required by applicable law.

6.3 Kroll shall inform its personnel engaged in the Processing of Trustee Personal Data of the confidential nature of the Trustee Personal Data, provide personnel with appropriate training on their responsibilities, and require that personnel have agreed to maintain confidentiality of Personal Data.

**7    Data Subject rights and requests**

7.1 Kroll will inform Trustee without undue delay of any requests from Data Subjects exercising their Data Subject rights (e.g. access, rectification, restriction, deletion/erasure, objection to processing, etc.) addressed directly to Kroll regarding Trustee Personal Data.

7.2 Unless prohibited by law, Kroll will direct Data Subjects exercising their Data Subject Rights to direct such requests to Trustee, who shall respond as required under applicable Data Protection Laws.

7.3 If Trustee is required under Data Protection Laws to respond to a Data Subject's request to exercise Data Subject Rights, Kroll shall upon request from Trustee, taking into account the nature of the processing, provide commercially reasonable efforts to assist Trustee in responding to such request, including to delete information as may be required under applicable law. Trustee shall be responsible for any costs arising from Kroll's provision of such assistance.

7.4 If Kroll is directly required under Data Protection Laws to respond to a Data Subject's request to exercise Data Subject Rights arising from Kroll's performance of the Services, Trustee shall be responsible for any costs arising from Kroll's response to the Data Subject.

**8    Personal Data Breach**

8.1 Kroll maintains security incident management policies and procedures and will notify Trustee promptly after becoming aware of a Personal Data Breach in respect of the Trustee Personal Data. Kroll will promptly investigate the Personal Data Breach and take appropriate measures to address the personal data breach, including measures to mitigate its adverse effects.

8.2 Kroll will provide Trustee with reasonable assistance, taking into account the nature of processing and information available to Kroll, to satisfy any notification obligations required under Data Protection Law related to any Personal Data Breach (unless such Breach is caused by Trustee or Trustee's Users).

**9    Return or Deletion of Client Personal Data**

9.1 Unless otherwise required by applicable law to which Kroll is subject, after the end of the provision of services or after the time when Trustee Personal Data is no longer necessary for the purposes for which it is processed, Kroll will, at Trustees written direction, either delete or return the Trustee Personal Data within a reasonable period.

**10    International Data Transfer**

10.1 Due to global nature of Kroll's operations, Kroll may need to transfer data to Kroll locations in other countries to effectively provide the Services and for compliance and administration purposes.  Such transfer shall be performed in accordance with the requirements of applicable Data Protection Law.

10.2 Where Kroll processes EU or UK Personal Data, Kroll makes available the transfer mechanisms listed below, which shall apply to transfers of Personal Data from the EU or UK to countries outside of the UK or EEA that do not provide for an adequate level of protection as determined by the European Commission:

10.2.1 For transfers of data from the EU or UK, the Controller to Processor form of the EU Standard Contractual Clauses (Decision 2021/914/EU 4 June 2021), as currently set out  https://eur-lex.europa.eu/eli/dec_impl/2021/914/oj, specifically sections I, II, III and IV to the extent they reference Module Two (Controller-to-Processor) ("EU C to P SCC's") shall be deemed to be

12

incorporated by reference in this Addendum. For the purposes of EU C to P SCC's, Trustee be regarded as the data exporter and Kroll will be regarded as the data importer, the Parties have completed Annexes 1 and 2 (and Annex 3 when applicable), attached hereto, and the following operative provisions and additional terms apply:

- In Clause 7, the optional docking clause will not apply
- In Clause 9 (sub-processors), Option 2 will apply. Kroll has the Trustee's general authorization for the engagement of sub-processor(s) from an agreed list, as set out in Appendix 3. Kroll shall specifically inform the Trustee in writing of any intended changes to that list through the addition or replacement of sub-processors at least 20 days in advance, thereby giving the Trustee sufficient time to be able to object to such changes prior to the engagement of the sub-processor(s).
- In Clause 11(redress), the optional language will not apply;
- For the purposes of Clause 17 (Governing law), the Parties agree that the SCC's shall be governed by the law that is designated in the Contract as the law governing the Contract.
- However, if such Contract is not governed by EU Member State law, the SCC's shall be governed by the law of the EU Member State in which the data exporter is established, which shall be the United Kingdom.
- Notwithstanding the above, if the Contract is governed by the laws of the United Kingdom, the SCC's shall be governed by the laws of the United Kingdom.
- For the purposes of Clause 18 (Forum and Jurisdiction), courts under clause 18(b) shall be those designated as the court with jurisdiction in the Agreement. If the Agreement does not designate an EU Member State or UK courts as having jurisdiction, the Parties agree that it shall be the courts of the jurisdiction specified in Clause 17.

10.2.2 For transfers of data from the UK, in addition to 10.2.1 above, the UK Data Transfer Addendum ("UK DTA") in a form adopted by the UK ICO, currently available at https://ico.org.uk/media/for-organisations/documents/4019538/international-data-transfer-agreement.pdf, as amended, superseded or replaced from time to time, will apply to such transfers, and the following information required under the UK DTA shall apply:

- Table 1 shall consist of the content in Section A of Annex 1 attached hereto;
- for Table 2, the Approved the EU Standard Contractual Clauses set out in Section 10.2.1 above are selected with the following modules, clauses, or optional provisions applied: (a) Module Two (controller to processor); (b) in Clause 7, the optional docking clause is not included; (c) in Clause 9, option 2 for general written authorization with a time period of twenty days; and (d) in Clause 11, the optional text is not included;
- Table 3 shall consist of the content in Annex 1 (Sections A-B) and Annex 2 of this addendum; and
- for purposes of Table 4, neither Party may end the Addendum except by mutual agreement.

10.3 Kroll entities have entered into intracompany data processing/transfer agreements which allows for the processing of personal data and for transfers of personal data from the EU or UK to locations outside of the EEA.

10.4 Where Trustee is subject to specific obligation under Data Protection Laws in respect of the processing of Trustee Personal Data, Kroll and Trustee will negotiate and execute such documents as may be reasonably required for Trustee to comply with those obligations.

10.5 In the event that a valid data transfer mechanism upon which Kroll and/or Trustee relies for processing of Personal Data in the provision of Services is amended, replaced or repealed under Data Protection Laws, the parties shall work together in good faith to negotiate a solution to enable a transfer of Personal Data to be conducted in compliance with Data Protection Laws.

**11    Severance**

11.1 Should any provision of this DPA be invalid or unenforceable, then the remainder of this DPA shall remain valid and in force. The invalid or unenforceable provision shall be either (i) amended as necessary to ensure its validity and enforceability, while preserving the parties' intentions as closely as possible or, if this is not possible, (ii) construed in a manner as if the invalid or unenforceable part had never been contained therein.


This DPA (including the Appendices hereto) is entered into and becomes a binding part of the above-referenced Agreement with effect from the date of the SOW for Services pursuant to which the Trustee Personal Data is Processed.

Addendum B

At the conclusion of the Services or upon termination of this Agreement Kroll will, as directed by Law Firm and/or Trustee in writing, do one of the following:

1.      Return the electronically stored information ("ESI") collected, along with exports of any data hosted in the review platform, to Law Firm and/or Trustee;

2.      Destroy the ESI collected, along with any data hosted in the review platform;

3.      Charge a minimum monthly fee of $5,000 for storage and management of the ESI collected, in addition to the agreed upon monthly hosting fees for any data that remains hosted in the review platform (beginning one month after the conclusion of the Services); or

4.      Agree with Law Firm and/or Trustee on another arrangement.


All data received by Kroll on any physical media (e.g. hard drives, USB/Flash Drives), once copied to the Kroll environment will be returned to the Law Firm and/or Trustee at your expense and direction.

*ANNEX 1*

### A. LIST OF PARTIES

**Data exporter(s):** [*Identity and contact details of the data exporter(s) and, where applicable, of its/their data protection officer and/or representative in the European Union*]

N a m e:  The entity identified as "Trustee" in the Contract

A d d r e s s:  The address for Trustee associated with its Kroll account or as otherwise specified in the Addendum or the Contract

Contact person's name, position and contact details: The contact details associated with Trustee's account, or as otherwise specified in the Addendum or the Contract

Activities relevant to the data transferred under these Clauses: the activities specified in the Contract

Role (controller/processor): Controller

.................................................................................................................................................................

**Data importer(s):** [*Identity and contact details of the data importer(s), including any contact person with responsibility for data protection*]

N a m e:  Kroll, LLC or its affiliate as specified in the Contract ("Kroll")

A d d r e s s:  The address for Kroll as specified in the Contract

Contact person's name, position and contact details: Daniela Mosca, EU DPO, Daniela.mosca@kroll.com

Activities relevant to the data transferred under these Clauses: the activities specified in the Contract

Role (controller/processor): Processor

15

*ANNEX 2*

**TECHNICAL AND ORGANIZATIONAL MEASURES INCLUDING TECHNICAL AND ORGANIZATIONAL MEASURES TO ENSURE THE SECURITY OF THE DATA**

*Description of the technical and organizational measures implemented by the data importer(s) (including any relevant certifications) to ensure an appropriate level of security, taking into account the nature, scope, context and purpose of the processing, and the risks for the rights and freedoms of natural persons.*

Kroll maintains administrative, physical, and technical safeguards for protection of the security, confidentiality and integrity of Personal Data provided to Company, including organizational controls, physical access controls, system access controls, system security controls, and an incident management process.

*Measures for encryption of personal data*

- Databases and files that store client data are encrypted.
- Trustee data is encrypted in transit

*Measures for ensuring ongoing confidentiality, integrity, availability and resilience of processing systems and services*

- network firewalls and intrusion detection systems.
- measures to ensure that the systems and applications that support the Services are patched or secured to mitigate the risk of security vulnerabilities.
- routine external vulnerability scans and at least annual penetration testing, and any critical vulnerabilities identified are promptly remediated.

*Measures for ensuring the ability to restore the availability and access to personal data in a timely manner in the event of a physical or technical incident*

- regular backups of client data, maintained redundantly across multiple availability zones and encrypted in transit and at rest

*Processes for regularly testing, assessing and evaluating the effectiveness of technical and organizational measures in order to ensure the security of the processing*

- Kroll maintains a risk-based security program based on the ISO 27001 Information Security Management System.
- Information security policies and standards are reviewed and approved by management at least annually and are made available to all Kroll employees for their reference.
- Kroll's Information Security Team manages Kroll's security program, including facilitating and supporting independent audits and assessments performed by third-parties to provide independent feedback on the effectiveness of the information security program.

*Measures for user identification and authorization*

- Kroll personnel are authorized to access client data based on their job function, role and responsibilities.
- access rights are reviewed regularly, and access is promptly removed upon role change or termination.
- password control requirements including: automatic suspension of user accounts after several erroneous passwords are entered, minimum password complexity requirements, forced password changes, prohibited reuse of passwords, and blocking of common dictionary words as passwords.

*Measures for the protection of data during transmission*

- See Measures for encryption of personal data

*Measures for the protection of data during storage*

- encryption of any portable media (e.g., laptops, removable drives, flash drives, or tapes)
- use of USB storage devices is restricted

*Measures for ensuring physical security of locations at which personal data are processed*

- Access to facilities where data is processed is restricted through access control at entry points and in storage rooms for Kroll personnel and third parties (e.g. badge access, security guards, etc.).
- Visitor access is logged
- Monitoring cameras (e.g. CCTVs) cover sensitive areas within the facility

*Measures for ensuring events logging*

- logging events related to security of and access to applications tools, and resources that process or store client data
- event logs are correlated, analyzed, and monitored centrally by the security team and log activities are investigated when necessary and escalated appropriately.

*Measures for ensuring system configuration, including default configuration*

- information systems are deployed in accordance with the documented standard security configuration, which is reviewed periodically

16

- Secure Software Development Lifecycle (SDLC) standards applied to perform numerous security-related activities for the services across different phases of the product creation and information system lifecycle

*Measures for internal IT and IT security governance and management*

- Kroll maintains a risk-based security program based on the ISO 27001 Information Security Management System
- Information security policies and standards are reviewed and approved by management at least annually and are made available to all Kroll employees for their reference.

*Measures for certification/assurance of processes and products*

Kroll conducts both internal and third party audits to verify compliance with frameworks including SOC2, ISO 27001, and similar.

*Measures for ensuring data minimization*

Kroll's products and services are developed and operated following the principle of Privacy by Design, such that products and services will only collect and process the data necessary for and proportionate to the intended functionality or service.

*Measures for ensuring data quality*

Kroll takes technically feasible and commercially reasonable steps to ensure that the personal data it processes is accurate and relevant for the purpose for which it is processed.

*Measures for ensuring limited data retention*

- adherence to a defined record retention policy
- Kroll's Privacy by Design principles embed limited data retention into the design and operation of products and services

*Measures for ensuring accountability*

- operation of a global privacy program detailing how Kroll collects, stores, protects, and uses client personal data, under the responsibility of the Chief Privacy Officer and the Data Protection Officer
- Data privacy and protection policies and procedures

*Measures for allowing data portability and ensuring erasure]*

Kroll facilitates data subject requests in accordance with our Privacy Notice and provides assistance to clients as may reasonably be required to comply with client's obligations under data protection laws

*ANNEX 3*

**LIST OF SUB-PROCESSORS**

The controller has authorized the use of the following sub-processors:

*Name*

................................................................................................................................................................

*Address*

................................................................................................................................................................

*Contact person's name, position and contact details*

................................................................................................................................................................

*Description of processing (including a clear delimitation of responsibilities in case several sub-processors are authorized)*

................................................................................................................................................................

## **EXHIBIT C**

**Pfeiffer Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                            :

In re:                       :    Chapter 11
                            :

HO WAN KWOK, *et al.*,     :    Case No. 22-50073 (JAM)
                            :

        Debtors.[1]      :    Jointly Administered
                            :

-------------------------------------------------------x

**DECLARATION OF ALLEN PFEIFFER**
**IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE FOR**
**AUTHORIZATION TO RETAIN AND EMPLOY KROLL, LLC AS FORENSIC**
**INVESTIGATORS AS OF AUGUST 2, 2023**

    I, Allen Pfeiffer, make this declaration under 28 U.S.C. § 1746:

    1.    I am a Managing Director of Kroll, LLC ("Kroll"). The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.[2]

    2.    This Declaration is made in support of the Trustee's application (the "Application")[3] for an order pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Kroll as forensic investigators to the Trustee as

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Certain of the disclosures herein relate to matters within the knowledge of other professionals at Kroll and are based on information provided by them.

[3]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

of August 2, 2023 in accordance with the terms and conditions set forth in that certain Letter of Engagement dated as of August 31, 2023, by and between Kroll and the Trustee, Genever (BVI), and Genever (US) (the "Engagement Letter").  A proposed form of order granting the relief requested in the Application (the "Proposed Order") is annexed thereto as **Exhibit A**.  The Engagement Letter is annexed to the Application as **Exhibit B**.

3.      Kroll is a global leader in forensic investigations, with vast experience in international investigation and asset recovery. Kroll has substantial experience in matters of this size and complexity and has acted as forensic investigators or in similar roles in many significant bankruptcy cases pending in districts nationwide.  *See, e.g.*, *Residential Capital*, Case No. 12-12020 (Bankr. S.D.N.Y.); *Lehman Brothers Holdings*, Case No. 08-13555 (Bankr. S.D.N.Y.); *Bernard L. Madoff Investment Securities*, Case No. 08-01789 (Bankr. S.D.N.Y.); *Mirant*, Case No. 03-46590 (Bankr. N.D. Tex.); *Exide Technologies*, Case No. 13-11482 (Bankr. D. Del.); and *Capmark Financial Group*, Case No. 09-13684 (Bankr. D. Del.).

4.      Kroll will apply to the Court for compensation under Bankruptcy Code §§ 330 and 331, Rules 2014 and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules.

5.      Neither I, my firm, nor any employee thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest herein, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as may be set forth herein.

6.      Kroll conducted a review, completed under my supervision, of the identified potential parties in interest (the "Potential Parties in Interest") in this chapter 11 case based on a query of an internal client database containing names of individuals and entities that are present or

recent clients of Kroll. The list of Potential Parties in Interest was provided by the Trustee and is annexed hereto as **Schedule 1**. To the extent that Kroll's conflicts check has revealed that certain Potential Parties in Interest were connected to Kroll, these parties have been identified on a list annexed hereto as **Schedule 2** (the "Client Match List"). To the best of my knowledge, any such connections between Kroll and any parties on the Client Match List is completely unrelated to the Debtor or the Estate.

7.     In addition, Kroll personnel may have relationships with some of the Debtor's creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to this chapter 11 case. Kroll has and will continue to represent clients in matters unrelated to this chapter 11 case. In addition, Kroll has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals, and other parties in interest that may be involved in the Debtor's case in matters unrelated to this case. Kroll may also provide professional services to entities or persons that may be creditors or parties in interest in this chapter 11 case, which services do not directly relate to, or have any direct connection with, the chapter 11 case of the Debtor. To the best of my knowledge, neither Kroll, nor any employees thereof, represent any interest materially adverse to the Estate with respect to any matter upon which Kroll is to be engaged. Based on the foregoing, I believe that Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

8.     Should Kroll discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental affidavit.

9

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my information, knowledge, and belief.

Dated: September 1, 2023

*/s/ Allen Pfeiffer*
Allen Pfeiffer
Managing Director
Kroll, LLC

10

## <u>SCHEDULE 1</u>

**Potential Parties in Interest**

## SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK

### 20 LARGEST UNSECURED CREDITORS

PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

### DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES

HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO (A.K.A. MILESON GUO)
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

### BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL

HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**

1332156 B.C. LTD
17 MILES, LLC
7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED
AARON A. MITCHELL
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
ADAM CHEN NI
AFFILIATED ADJUSTMENT GROUP, LTD.
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZON WEB SERVICES LLC
AMAZON.COM INC.
AN HONG
ANA C. IZQUIEDO-HENN
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC
ANN MARIE LEE
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
AXOS BANK
AXOS FINANCIAL, INC.
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH AND/OR BANK OF CHINA LIMITED
BANK OF MONTREAL
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA, LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP, LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BENTO TECHNOLOGIES, INC.
BERKELEY ROWE
BERNARDO ENRIQUEZ
BINGNAN CUI

BINGSHANG JIAO
BLUE CAPITAL
BNY MELLON, N.A.
BOHONNON LAW FIRM
BOIES SCHILLER
BONNIE C. MANGAN
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRAVO LUCK LIMITED
BRENT PETRO INC.
BRIAN HOFMEISTER
BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAIYAN LING
CANADIAN IMPERIAL BANK OF COMMERCE
CAPITAL ONE BANK
CAPITAL ONE, NA
CHAO KANG SUN
CHAO-CHIH CHIU
CHARLES SCHWAB
CHARMOY & CHARMOY LLC
CHASE BANK
CHEN XIN XIN
CHENGLONG WANG
CHENXI WANG
CHI WAI KWOK
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG KONG) LIMITED
CHONG SHEN RAPHANELLA
CHRIS LEE
CHRISTINE CHEN
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUAN LING YANG
CHUANG XIN LTD.
CHUI KUK WU
CHUNFENG XIA
CHUNHUI SONG
CI CHEN
CIBC INC. (D/B/A CIBC)
CINDY ZHANG
CITIBANK
CITIZENS FINANCIAL GROUP, INC.
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
COHN BIRNBAUM & SHEA P.C.
COLDWELL BANKER
COMERICA INCORPORATED (D/B/A COMERICA BANK)
COMPASS, INC.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED

CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DEFENG CAO
DELTEC BANK & TRUST LIMITED
DENG LI
DIME COMMUNITY BANK
DING G. WANG A/K/A DINGGANG WANG
DING QIANG SHEN
DONGNA FANG
DU JIAN YI
DWF LLP
EAST WEST BANCORP, INC.
EAST WEST BANK
EASTERN PROFIT CORPORATION LIMITED
EDMISTON AND COMPANY LIMITED
EDUARDO EURNEKIAN
EHSAN MASUD
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
ERNST & YOUNG LLP
FAN BINGBING
FAN JING
FEIFEI MA
FENG PENG RELLOS
FENG ZHU
FENGGUO LI
FIONA YU
FIRST ABU DHABI BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FORBES HARE
FREEDOM MEDIA VENTURES LTD
FUNGWAN TRADING INC.
FUNING ZHANG
G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
G TRANSLATORS PTY LTD
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC

G-CLUB
G-CLUB INVESTMENTS LIMITED
G-EDU INC.
GEORGE L. SU
GETTR USA
GFASHION MEDIA GROUP INC.
GFNY, INC
GINNEL ASSOCIATES, INC. (D/B/A GINNEL REAL ESTATE)
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GORDON & REES SCULLY MANSUKHANI LLP
GPOSTS LLC
GREEN & SKLARZ LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
GS SECURITY SOLUTIONS, INC.
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUI LIN GAO
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUOFENG WAN
GUY PETRILLO
GWGOPNZ LIMITED
HAI YAO
HAIHONG WANG
HAILING SHENG
HAMILTON CAPITAL HOLDINGS INC
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAN CHUNGUANG
HANQIANG LIN
HAO HAIDONG
HAO LI
HAO ZHANG
HAOYU WANG
HARCUS PARKER LTD.
HARNEY WESTWOOD AND RIEGELS LP
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HHS CAPITAL INC.
HIBERNIA NATIONAL BANK
HIDETOSHI FUJIWARA

HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA INVESTMENT LLC
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA VENTURES LLC
HING CH NGOK
HIU LAAM HAAM
HIU SING CHAN
HODGSON RUSS
HOLY CITY HONG KONG VENTURES, LTD.
HONG KONG INTERNATIONAL FUNDS INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG QIU
HONG ZENG
HONGWEI FU
HONGXIA XU
HONGXIN ASH
HSBC
HSBC BANK USA,
HUA AN XIE
HUANG YAO
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUI JIN
HUI JIN
HUK TRADING INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
INVESTORS BANK
ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
JACK S. LIPSON
JAMES PIZZARUSO
JANOVER LLC
JAPAN HIMALAYA LEAGUE, INC.
JASON MILLER
JENNER & BLOCK LLP
JENNIFER FANGFANG DING
JENNIFER MERCURIO
JENNY LI
JESSE BROWN
JESSICA MASTROGIOVANNI
JIA LI WANG
JIA YANG
JIA YANG LI

JIAHUI LIU
JIAMEI LU
JIAMING LIU
JIAN FAN
JIAN HUA ZHANG
JIAN ZHONG HU
JIANG SU PROVINCE JIAN GONG GROUP LTD BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANHUA ZHENG
JIANMIN HE
JIANSHENGXIE AND JIEFU ZHENG
JINFENG WU
JING GENG
JING WU
JINLAN YAN
JIRONG ZHANG
JOHN S LAU
JONATHAN YOUNG
JOSHUA I. SHERMAN
JOYORD SPORTSWEAR LIMITED
JPMORGAN CHASE BANK, N.A.
JUMBO CENTURY LIMITED
JUN CHEN
JUN LIU
JUN QIAO
JUN YUN ZHANG
JUNE SHI
KAEN LIU
KAIXIN HONG
KAN CHAN
KARIN MAISTRELLO,
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KIM THONG LEE
KUI CHENG
KYLE BASS
LALIVE SA
LAN GU
LAN LIN
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAW OFFICE OF RICHARD E. SIGNORELLI
LAWALL & MITCHELL, LLC
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEONARD SCUDDER
LEXINGTON PROPERTY AND STAFFING INC.
LI LIU
LI LONG
LI TANG
LI ZHANG

LIANG LIU
LIANYING SU
LIBERTY JET MANAGEMENT
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LIMARIE REYES
LIN DANG
LIN XIN
LINDA HE CHEUNG
LINWAN "IRENE" FENG
LIU DONGFANG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
M&T BANK
MA XINGCHAO
MACARON LIMITED
MACDONALD
MANUFACTURERS AND TRADERS TRUST COMPANY (D/B/A M & T BANK)
MAR-A-LAGO
MARCUM LLP
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY JIANG
MAUNAKAI CAPITAL
MAX FEI
MAX KRASNER
MAYWIND TRADING LLC
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
MEDICAL SUPPLY SYSTEM INTERNATIONAL LLC
MEDICI BANK INTERNATIONAL LLC
MEI KUEN KWOK
MEIEN KIKUCHI
MEISTER SEELIG & FEIN PLLC
MELISSA FRANCIS
MELISSA MENDEZ
MENGYAO HE
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
METROPOLITAN COMMERCIAL BANK AND/OR METROPOLITAN BANK HOLDING CORP.
MIHO NISHIMURA
MILES GUO
MILES GWOK
MIMAII NZ LIMITED
MIN YANG
MING WU
MINGHUA ZHANG
MINGRUI ZHAO
MOA-FU
MORGAN STANLEY
MORITT HOCK & HAMROFF
MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC
MURTHA CULLINA LLP
NADEEM AKBAR
NATIONAL AUSTRALIA BANK LIMITED
NEW DYNAMIC DEVELOPMENT LIMITED

NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXT TYCOON INVESTMENTS LIMITED
NICHOLAS F. SAVIO
NING LI
NING ZHAO
NOBLE FAME GLOBAL LIMITED
NODAL PARTNERS, LLC
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL BANKER RESIDENTIAL BROKERAGE)
NUOXI LIU
NYC DEPT OF FINANCE
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LTD
OGIER
OLINA CLEMENS
OPEN BANK
O'SULLIVAN MCCORMACK JENSEN & BLISS PC
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PALLAS PARTNER LLP
PAUL WEISS
PEILUN HU
PENGCHENG ZHANG
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PRIME TRUST LLC
PULLMAN & COMLEY, LLC
QIANG CHENG
QIANG FU
QIN YU
QING "SERENA" CAI
QINGTIAN YUAN
QIONG BIN FU
QIONGGUI YAN
QIQHUA FAN
QIU YU
QIURIA LI
QU GUOJIAO
QUIJU JIA
RAICH ENDE MALTER CO. LLP (AKA RAICH ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS BANK
REDFIN CORPORATION
RENFENG SHI
ROBINSON & COLE LLP
RONG HU
RONG JIANG
RONG ZHANG
RONGLIANG STARKS
ROSCALITAR2

ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
RYAN CHENGRAN ZHANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP, INC.,
SAVIO LAW LLC
SAXE DOERNBERGER & VITA, P.C.
SCHULMAN BHATTACHARYA, LLC
SCOTT BARNETT
SEACOAST NATIONAL BANK
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHAO HONG CHIU
SHAOBING LI
SHAPIRO ARATO BACH LLP
SHENGJIE FU
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN ZHUANG GONG CHENG LTD BEJING FIRST
SHIBIN ZHANG
SHIN HSIN YU
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN AND GOODWIN
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHIQI WANG
SHIYUAN ZHANG
SHIZHONG ZHANG
SHUANG WANG
SHUNJUN LI
SIGNATURE BANK
SILVERGATE BANK
SIRIUS NETWORKING INC.
SONGYI CHEN
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC
SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK
STARLING BANK LTD
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STOKESBURY & FINGOLD, LLC
STRATEGIC VISION LLC
TAIXIN FU

TAKAHASHI HIROYUKI
TALHA ZOBAIR
TAO AN
TAO ZHANG
TAURUS FUND LLC
TAURUS MANAGEMENT LLC
TD BANK, N.A.
TELI CHEN
THE BANK OF PRINCETON
THE CASPER FIRM
THE FIRST BANK OF GREENWICH
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THE SHERRY-NETHERLAND, INC.
THOMAS RAGLAND
THREE TREASURE LLC
TIAN LIANG
TINGYI WEI
TM PRIMROSE LIMITED
TONG LE INTERNATIIONAL TRADING CO., LTD.
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
UNITED STATES OF AMERICA
UNITEDLEX
UPDIKE, KELLY & SPELLACY P.C.
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
V.X. CERDA & ASSOCIATES P.A.
VERDOLINO & LOWEY
VERITEXT
VICTOR CERDA
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WANCI JIAO
WARD & BERRY, PLLC
WARREN LAW GROUP
WEI HONG XIE
WEI SHE
WEI ZHANG
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIWEI QIAN
WEIXIANG GE
WEIYI WANG
WELL ORIGIN LTD.
WEN LIN
WENCONG WANG
WENFENG HU

WENG
WENHUA GONG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LL
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS LIMITED
WU ZHENG
XIA CHUNFENG
XIANHONG ZHANG
XIAO HUANG
XIAO RUI WANG
XIAO YAN ZHU
XIAODAN WANG
XIAOLAN ZHAO
XIAOLI MA
XIAOLI XU
XIAOMEI ZHAO
XIAOMING LIU
XIAOXIAO LIN
XIAOYAN BA
XILI ZHAI
XIN LI
XINGYU YAN
XINHUI LIAO
XINRONG LI
XIQUI ("BOB") FU
XIULING TANG
XUEHAI LIU
XUN DENG
YA LI
YACHTZOO SARL
YAFAN CHANG
YAN CHUN LIU
YAN GAO
YAN HUANG
YAN LIU
YANCHENG CHEN
YANG HAI
YANG JUN ZHENG
YANG LAN
YANG YANG
YANKWITT LLP
YANMING WANG
YANPING WANG
YANYUN REN
YAZ QINGUA
YELIANG XIA
YI LI
YI LIN
YI WEN

YI ZHAO
YI ZHOU
YIMING ZHANG
YING LIU
YONG CHUN LI
YONG ZHANG
YONGBING ZHANG
YONGPING YAN
YOSSI ALMANI
YOUTUBE, LLC
YU XIA LI
YUAN ZHOU
YUANLIN LIU
YUE HUA ZHU SHI
YUE ZHOU
YUHONG PEI
YUJIA WANG
YUK MOEY MARY YAP
YUKY YUN LIU
YULIN YAO
YUMEI HU
YUNFA WANG
YUNTENG LU
YUNXIA WU
YUXIANG CHEN & JIA YOU JT TEN
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG RUI HE
ZHENG WU (A/K/A BRUNO WA)
ZHENGHUA SHEN
ZHENGJUN DONG
ZHENPENG LI
ZHIXUAM LI
ZHIZHE "FRANK" DONG
ZHONGYI MA
ZHOU BAOJIN
ZHOU HAI YANG
ZHUOER "JOE" WANG
ZI YE
ZIBA LIMITED
ZIHAN LIU
ZIKUN WANG

## <u>SCHEDULE 2</u>

**Client Match List**

| Party Name | Relationship to Debtor | Relationship to Kroll |
|---|---|---|
| ABRAMS FENSTERMAN, LLP | Other Interested Parties | Abrams Fensterman, LLP is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| AIG PROPERTY CASUALTY COMPANY | Other Interested Parties | AIG Property Casualty Inc. is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| AKERMAN LLP | Other Interested Parties | Akerman LLP is an active client of Kroll's business units: Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| AMAZON WEB SERVICES LLC | Other Interested Parties | Amazon Web Services, Inc. is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| AMAZON.COM INC. | Other Interested Parties | Amazon.com, Inc. and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| APPLE INC. | Other Interested Parties | Apple Inc. is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory. Services are not in connection with these Chapter 11 proceedings. |
| AXOS BANK AXOS FINANCIAL, INC. | Other Interested Parties | Axos Digital Assets LLC is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| BAKER HOSTETLER LLP | Other Interested Parties | Baker & Hostetler LLP is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |

1

| | | |
|---|---|---|
| BANK OF AMERICA | Other Interested Parties | Bank of America is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| BANK OF CHINA – NEW YORK BRANCH AND/OR BANK OF CHINA LIMITED | Other Interested Parties | Bank of China is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| BANK OF MONTREAL | Other Interested Parties | Bank of Montreal is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory. Services are not in connection with these Chapter 11 proceedings. |
| BARCLAYS BANK PLC | Other Interested Parties | Barclays Bank PLC is an active client of Kroll's business units: Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| BNY MELLON, N.A. | Other Interested Parties | Bank Of New York Mellon Inc. is an active client of Kroll's business units: Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| BOIES SCHILLER | Other Interested Parties | Boies, Schiller & Flexner LLP is an active client of Kroll's business units: Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| BROWN RUDNICK, LLP | Other Interested Parties | Brown Rudnick Berlack Israels LLP is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| CAHILL GORDON & REINDEL LLP | Other Interested Parties | Cahill Gordon & Reindel LLP is an active client of Kroll's Business Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| CANADIAN IMPERIAL BANK OF COMMERCE | Other Interested Parties | Canadian Imperial Bank of Commerce is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |

| | | |
|---|---|---|
| CAPITAL ONE BANK<br>CAPITAL ONE, NA | Other Interested Parties | Capital One Financial Corporation is an active client of Kroll's Valuation Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| CHASE BANK<br>JPMORGAN CHASE BANK, N.A. | Other Interested Parties | JPMorgan Chase and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| CHIESA SHAHINIAN & GIANTOMASI PC | Other Interested Parties | Chiesa Shahinian & Giantomasi PC is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory. Services are not in connection with these Chapter 11 proceedings. |
| CIBC INC. | Other Interested Parties | CIBC Capital Markets is an active client of Kroll's Business Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| CITIBANK | Other Interested Parties | Citibank/Citigroup are active clients of Kroll's business units: Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| CLARK HILL PLC | Other Interested Parties | Clark Hill, PLC is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory. Services are not in connection with these Chapter 11 proceedings. |
| COLDWELL BANKER | Other Interested Parties | Coldwell Banker Prime Properties is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| DBS BANK LTD. | Other Interested Parties | DBS Bank Ltd. is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| DWF LLP | Other Interested Parties | DWF LLP is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |

| ERNST & YOUNG LLP | Other Interested Parties | Ernst & Young is an active client of Kroll's business units: Kroll Business Services; Governance and Risk Advisory; and Valuation Services. Services are not in connection with these Chapter 11 proceedings. Ernst & Young is also a vendor to Kroll. |
|---|---|---|
| FIRSTBANK PUERTO RICO | Other Interested Parties | FirstBank Puerto Rico is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| GORDON & REES SCULLY MANSUKHANI LLP | Other Interested Parties | Gordon Rees Scully Mansukhani, LLP is an active client of Kroll's business units: Cyber Risk; Kroll Business Services; Governance and Risk Advisory. Services are not in connection with these Chapter 11 proceedings. |
| GREENBERG TRAURIG, LLP | Other Interested Parties | Greenberg Traurig, LLP is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| HARCUS PARKER LTD. | Other Interested Parties | Harcus Parker Limited is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| HARNEY WESTWOOD AND RIEGELS LP | Other Interested Parties | Harney Westwood & Riegels is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory. Services are not in connection with these Chapter 11 proceedings. |
| HERBERT SMITH FREEHILLS NEW YORK LLP | Other Interested Parties | Herbert Smith Freehills LLP is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| HODGSON RUSS | Other Interested Parties | Hodgson Russ is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| HSBC HSBC BANK USA | Other Interested Parties | HSBC and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services |

4

| | | are not in connection with these Chapter 11 proceedings. |
|---|---|---|
| JENNER & BLOCK LLP | Other Interested Parties | Jenner & Block LLP is an active client of Kroll's business units: Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| JPMORGAN CHASE BANK, N.A. | Other Interested Parties | JPMorgan and affiliates are active clients of Kroll's business units: Kroll Business Services; Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| LALIVE SA | Other Interested Parties | Lalive Sa is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| MARCUM LLP | Other Interested Parties | Marcum LLP is an active client of Kroll's Valuation Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| MEISTER SEELIG & FEIN PLLC | Other Interested Parties | Meister Seelig & Fein LLP is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| MORGAN STANLEY | Other Interested Parties | Morgan Stanley and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| MORVILLO ABRAMOWITZ GRAND IASON & ANELLO PC | Other Interested Parties | Morvillo Abramowitz Grand Iason & Anello PC is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| O'MELVENY & MYERS LLP | Other Interested Parties | O'Melveny & Myers is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| OGIER | Other Interested Parties | Ogier is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in |

5

| | | connection with these Chapter 11 proceedings. |
|---|---|---|
| PAUL WEISS | Other Interested Parties | Paul, Weiss, Rifkind, Wharton & Garrison LLP is an active client of Kroll's business units: Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | Other Interested Parties | Pillsbury Winthrop Shaw Pittman LLP is an active client of Kroll's business units: Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| SANTANDER BANK | Other Interested Parties | Santander Bank and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| SCHULMAN BHATTACHARYA, LLC | Other Interested Parties | Schulman Bhattacharya is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| SHIPMAN AND GOODWIN | Other Interested Parties | Shipman & Goodwin LLP is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| SOTHEBY'S INTERNATIONAL REALTY SOTHEBY'S INTERNATIONAL REALTY AFFILIATES LLC | Other Interested Parties | Sothebys is an active client of Kroll's Valuation Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| SPOTIFY TECHNOLOGY S.A. SPOTIFY USA, INC. | Other Interested Parties | Spotify Technology S.A. and Spotify USA Inc. are active clients of Kroll's Valuation Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| STANDARD CHARTERED BANK | Other Interested Parties | Standard Chartered Bank and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |

| TD BANK, N.A. | Other Interested Parties | TD Bank, NA is an active client of Kroll's Valuation Services business unit. Services are not in connection with these Chapter 11 proceedings. |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Other Interested Parties | Troutman Pepper Hamilton Sanders LLP is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |
| U.S. BANK NATIONAL ASSOCIATION | Other Interested Parties | U.S. Bank is an active client of Kroll's business units: Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| UBS AG UBS AG (LONDON BRANCH) | Other Interested Parties | UBS AG and affiliates are active clients of Kroll's business units: Governance and Risk Advisory; Kroll Business Services; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| UNITED STATES OF AMERICA | Other Interested Parties | U.S. Department of Justice; U.S. Internal Revenue Service and various U.S. Attorneys are active clients of Kroll's business units: Governance and Risk Advisory; Valuation Services. Services are not in connection with these Chapter 11 proceedings. |
| UNITEDLEX | Other Interested Parties | UnitedLex Corporation is an active client of Kroll's Cyber Risk business unit. Services are not in connection with these Chapter 11 proceedings. |
| WILLIAMS & CONNOLLY | Other Interested Parties | Williams & Connolly LLP is an active client of Kroll's Governance and Risk Advisory business unit. Services are not in connection with these Chapter 11 proceedings. |
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP | Other Interested Parties | Wilson Elser Moskowitz Edelman & Dicker LLP is an active client of Kroll's business units: Cyber Risk; Governance and Risk Advisory; Kroll Business Services. Services are not in connection with these Chapter 11 proceedings. |