**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | |
| | : | |

**INDIVIDUAL DEBTOR'S OBJECTION TO EMERGENCY MOTION TO EXPEDITE HEARING ON EMERGENCY MOTION OF CHAPTER 11 TRUSTEE UNDER 11 U.S.C. §§ 105(A) AND 362, TO ENJOIN INDIVIDUAL DEBTOR'S PROSECUTION OF MOTION IN CRIMINAL CASE FOR ORDER STAYING CHAPTER 11 CASES AND ASSOCIATED ADVERSARY PROCEEDINGS**

The individual debtor, Ho Wan Kwok (the "Individual Debtor"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., respectfully submits his Objection to the Chapter 11 Trustee's (the "Trustee") September 1, 2023, Emergency Motion to Expedite Hearing on Motion of Chapter 11 Trustee, Under 11 U.S.C. §§ 105(A) and 362, to Enjoin Debtor's Prosecution of Motion in Criminal Case for Order Staying Chapter 11 Cases and Associated Adversary Proceedings (the "Motion to Expedite"). In support of his Objection to the Motion to Expedite the Individual Debtor states as follows:

1. As this Court is aware, the Individual Debtor has been charged with multiple violations of federal criminal law in a superseding indictment filed in the United States District

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

Court for the Southern District of New York. *See USA v. Kwok*, 23-cr-118 (SDNY). The Individual Debtor has been denied bail and remains incarcerated while he awaits trial.

2. On August 30, 2023, the Individual Debtor, through his criminal counsel, filed a Motion to Stay Bankruptcy Cases (the "Motion to Stay") in his criminal case. The Motion to Stay seeks, *inter alia*, to ensure the protection of the Individual Debtor's Constitutional and other rights, including his rights against self-incrimination, which are being impacted by ongoing activity in the bankruptcy case and prosecution of related adversary proceedings during the pendency of the criminal case.

3. On August 31, 2023, the Hon. Analisa Torres, the United States District Court Judge who is presiding over the criminal case, set a briefing schedule for the Motion to Stay, ordering the Government to file any opposition to the Motion to Stay by September 21, 2023, and ordering the Individual Debtor to file any reply by October 5, 2023. (Criminal case, Docket Index ("D.I.") 132).

4. On September 1, 2023, the Individual Debtor's co-defendant in the criminal case, Ms. Yanping (Yevette) Wang, filed a letter motion joining in the Motion for Stay (the "Wang Motion"), a copy of which is attached hereto as Exhibit A. (*Id.*, at D.I. 135). In the Wang Motion, Ms. Wang identifies a number of her rights that are impacted by the ongoing activity in the bankruptcy case and prosecution of the related adversary proceedings, including her Fifth Amendment rights, attorney-client privileges, spoliation of evidence, and forfeiture and restitution. (*Id.*)

5. At 5:00 p.m. on Friday, September 1, 2023, the end of the final business day before the Labor Day Holiday weekend, the Trustee filed his Emergency Motion of Chapter 11 Trustee, Under 11 U.S.C. §§ 105(A) and 362, to Enjoin Debtor's Prosecution of Motion in Criminal Case

for Order Staying Chapter 11 Cases and Associated Adversary Proceedings (the "Motion to Enjoin"). The Trustee filed the Motion to Expedite ten minutes later, at 5:10 p.m.

6. The Motion to Expedite seeks to require the Individual Debtor to submit any opposition to the Motion to Enjoin on less than eight business hours' notice, *i.e.*, by 5:00 p.m., on Tuesday, September 5, 2023, the first business day following the Labor Day Holiday, and seeks a hearing on September 6, 2023, at 2:00 p.m.

7. The Trustee argues that the ridiculously expedited time frame he seeks is necessary because Judge Torres has ordered the Government to respond to the Motion to Stay by September 21, 2023. The Trustee conveniently fails to inform this Court that Judge Torres has actually set a full briefing schedule with any reply due on October 5, 2023. No date has been set for argument on the Motion to Stay, but based on the briefing schedule the Motion to Stay will not be heard before October 6, 2023.

8. Moreover, the Trustee controlled the timing of the filing of the Motion to Enjoin and Motion to Expedite and it cannot be a coincidence that the Trustee filed both at or after 5:00 p.m. on the Friday of a holiday weekend knowing that this Court was unlikely to act on the Motion to Expedite until September 5, 2023, the same date that the Trustee seeks to force the Individual Debtor to file his opposition to the Motion to Enjoin. Requiring the Individual Debtor to respond to the Motion to Enjoin on eight business hours' notice would be fundamentally unfair and highly prejudicial. *See* 10 Collier on Bankruptcy ¶9006.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.). ("In considering such motions [to shorten time under Rule 9006(c)], courts should balance possible prejudice to other parties against the reasons advanced for reducing the time.").

9. In addition, the Individual Debtor expects that the Trustee will seek relief in this Court with respect to the Wang Motion. Any motion to enjoin Ms. Wang's prosecution of the

Motion to Stay via the Wang Motion should be heard at the same time as the Motion to Enjoin, but no motion seeking relief vis-à-vis the Wang Motion has been filed despite the claim that the Motion to Enjoin must be heard immediately.[2]

10. For all of the foregoing reasons the Motion to Expedite should be denied and the Motion to Enjoin should proceed on a regular motion track with any opposition due within 21-days, *i.e.*, by September 22, 2023. *See* D. Conn. L. Civ. R. 7(a)(2), made applicable by Local Bankr. R. 1001-1(b).

11. If this Court determines that the Motion to Enjoin should proceed on an expedited basis, the Individual Debtor respectfully requests that his opposition be due no earlier than September 12, 2023, to afford sufficient time to prepare the opposition taking into account pending deadlines in other client matters. The Individual Debtor further requests that a hearing not be scheduled until at least September 13, 2023, a date that comports with the availability of the Trustee's counsel, (*see* Emergency Motion, at n. 4), and provides the Trustee with sufficient time to seek relief in the criminal case should this Court deny the Motion to Enjoin.[3]

WHEREFORE, the Individual Debtor requests that the Court deny the Motion to Expedite, and grant him such other and further relief as the Court deems just and proper.

---

[2] If the Trustee will not seek relief against Ms. Wang in this Court such that the Motion for Stay will be addressed in the criminal case regardless of the outcome of the Motion to Enjoin then the Motion to Enjoin should be withdrawn to avoid wasting Estate assets and this Court's time.

[3] The Trustee submitted a letter directly to Judge Torres on September 3, 2023, informing her of the filing of the Motion to Enjoin and requesting that if the Motion to Enjoin is denied or not acted upon that he be provided "the opportunity to file a response to the Stay Motion by September 21 and to be heard at any hearing on such motion".

                      THE DEBTOR,
                      HO WAN KWOK

By:    */s/ James M. Moriarty*
        Eric Henzy (ct12849)
        James M. Moriarty (ct21876)
        ZEISLER & ZEISLER, P.C.
        10 Middle Street, 15th floor
        Bridgeport, CT  06605
        Telephone: (203) 368-4234
        Facsimile: (203) 368-5485
        Email: ehenzy@zeislaw.com
                  jmoriarty@zeislaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September, 2023, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ James M. Moriarty*
James M. Moriarty (ct21876)