**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re | : |
|  | : |
| Ho Wan Kwok, | : Chapter 11 |
|  | : |
| Debtor.[1] | : Case No. 22-50073 |
|  | : |

**JOINT STATEMENT AND JOINDER OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P. IN
SUPPORT OF TRUSTEE'S EMERGENCY STAY MOTION [ECF NO. 2160] AND
AMENDED EMERGENCY STAY MOTION [ECF NO. 2165]**

The Official Committee of Unsecured Creditors (the "Committee" or "UCC"), and Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), by and through their respective undersigned counsel, hereby submit this Joint Statement and Joinder in Support of the Emergency Motion and Amended Emergency Motion [ECF Nos. 2160 and 2165] (the "Emergency Motions")[2] of the Chapter 11 Trustee, Luc Despins ("Trustee"), and respectfully represent in support thereof the following:

1.      The Committee and PAX join in and incorporate by reference the arguments made and relief requested in the Trustee's Emergency Motions and submit this joint statement and joinder to set forth additional reasons that further support the granting of the Emergency Motions. Kwok has victimized creditors through delay, obfuscation and serial proliferation of litigation for

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms that have been defined in the Emergency Motions, if used herein, shall have the same meanings ascribed to them in the Emergency Motions.

years.  And, the closer creditors get to recovering assets to be made whole, the more brazen his

gambits.  His most recent efforts — which would shut down these chapter 11 cases in their entirety

— is a blunderbuss effort to get another court with no familiarity with these proceedings to stymie

the Trustee and creditors from making any progress in these cases.  His effort violates the

automatic stay and the exclusive jurisdiction of this Court, and should be prohibited.

**A.      The Stay Motion Usurps This Court's Exclusive Jurisdiction**

2.      Pursuant to 28 U.S.C. § 1334(a), "the district courts shall have original ***and***

***exclusive*** jurisdiction of all cases under title 11" (emphasis added).  In the immediately succeeding

subsection, district courts are granted "original but not exclusive jurisdiction of all civil

proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. §

1334(b).

3.      Pursuant to 28 U.S.C. § 157(a) "[e]ach district court may provide that any or all

cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a

case under title 11 shall be referred to the bankruptcy judges for the district."  Such a referral was

made in this district by the standing Order of the United States District Court for the District of

Connecticut (Daly, J.), entered September 21, 1984, whereby the District Court "referred to the

Bankruptcy Judges of this District" "all cases under Title 11, U.S.C., and all proceedings arising

under Title 11, U.S.C., or arising in or related to a case under Title 11, U.S.C., pending on June

27, 1984, or filed on or after June 28, 1984…."[3]

4.      Thus, by virtue of the foregoing, this Court has the exclusive jurisdiction over these

Chapter 11 cases and is the only court that has the jurisdictional authority to stay them.  Indeed, in

---

[3] The Standing Order may be found at https://www.ctd.uscourts.gov/sites/default/files/general-ordes/1984_Standing_Order.pdf (last visited September 5, 2023).

one of the few (if not only) cases to directly address the issue, the district court in *U.S. v. LaRouche*

*Campaign*, 682 F.Supp. 627 (D. Mass. 1987), ruled that a district court in a criminal case against

the debtor lacks jurisdiction to enjoin the debtor's bankruptcy case pending in another district. *Id.*

at 628. The court stated in relevant part:

> At previous conferences in this case, I had informed counsel of my tentative view
> that an order enjoining civil proceedings before another district court in another
> jurisdiction, if not beyond the jurisdiction of this court, would be at least an
> inappropriate exercise of my authority. Because defendants have failed to direct me
> to any authority supporting their contentions that I have such authority and should
> exercise it in this instance, and for reasons stated below, I now adopt that tentative
> view as my final ruling on this issue.
> *
> *
> *
> …the cases on which defendants rely are not in point, and at best offer only weak
> support by analogy for the proposition that a federal court having jurisdiction over
> a criminal case in one district has jurisdiction to enjoin the United States, or a
> United States Bankruptcy Judge, or others participating in a bankruptcy matter
> before that judge, to stay all proceedings in that matter. I conclude that there is no
> direct support in precedent for the exercise of such jurisdiction, and that it is
> unlikely that higher courts will recognize such jurisdiction when the issue is
> squarely presented for decision.

*Id.* The court went on to conclude that even if it had jurisdiction, it would be inappropriate to

exercise it:

> …even if jurisdiction does exist, I conclude that it would be inappropriate to
> exercise it in this instance. The bankruptcy proceeding involves not only interests
> of the United States and some (or perhaps all) of the defendants before this court,
> but as well many other persons who may have claims as creditors in those
> proceedings. It is not feasible or sensible to attempt to give them notice and an
> opportunity to be heard here, and it would be offensive to fundamental principles
> of adjudication to enter an injunction effecting a stay such as defendants seek
> without appropriate consideration of their interests.

*Id.* at 629.

5.        This Court's exclusive jurisdiction as it relates to staying proceedings in a

bankruptcy case or other disputed litigation over which it is presiding is further confirmed by 11

U.S.C. § 305(a), which provides in pertinent part that a bankruptcy court "may dismiss a case …, or suspend all proceedings in a case under this title, at any time if — (1) the interests of creditors and the debtor would be better served by such dismissal or suspension." While a court also has the inherent power "to control the disposition of the causes on its docket," which is the source of its authority to stay a civil proceeding over which it is presiding "'when the interests of justice seem to require such action'," *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *United States v. Kordel,* 397 U.S. 1, 12 n. 7 (1970)), the prerogative to do so is with the court presiding over the proceedings for which a stay is requested – which in this case is this Court. *See Matter of Nichols*, 615 B.R. 588, 593 (D. Ariz. 2020) (affirming bankruptcy court's denial of a stay of bankruptcy proceedings pending conclusion of parallel criminal proceedings against the debtors and observing that "[t]he bankruptcy court, being privy to the unique situation of its own proceedings, is the ultimate fact-finder as to which considerations are most appropriate" to support or deny such a stay request). Accordingly, the Debtor's Stay Motion is a blatant, impermissible collateral attack on multiple discovery and contempt rulings of this Court.[4] If the Debtor is unhappy with those rulings, he should request relief from this Court or

---

[4] *See, e.g.,* Memorandum of Decision and Order Granting in Part Motion for Preliminary Injunction, Adv. Pro. No. 23-50017, ECF No. 47; Memorandum of Decision and Order Holding Individual Debtor in Contempt of Court and Denying Motion for Stay of Order Compelling Production, Case No. 22-50073, ECF No. 2035; Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information, Case No. 22-50073, ECF No. 856; Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, Case No. 22-50073, ECF No. 1372; Order Granting Chapter 11 Trustee's First Supplemental Omnibus Motion Under Rule 2004 Authorizing Discovery With Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliated With Debtor, and Relevant Banks, Case No. 22-50073, ECF No. 866; Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for Rule 2004 Examination, Case No. 22-50073, ECF No. 1184; Order Granting Trustee's Third Supplemental Omnibus Motion for Rule 2004 Examination, Case No. 22-50073, ECF No. 1339; Order Granting Trustee's Fourth Supplemental Omnibus Motion for Rule 2004 Examination, Case No.

pursue appeals of them in the United States District Court for Connecticut pursuant to the Federal

Rules of Bankruptcy Procedure — not forum shop to get another court to oversee these cases.

6.      By authority of 11 U.S.C. § 105(a), a "'bankruptcy court may enjoin proceedings

in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction

with respect to a case before it'." *Drennen v. Certain Underwriters at Lloyd's of London* (*In re*

*Residential Capital,* LLC), 563 B.R. 756, 774 (Bankr. S.D.N.Y. 2016) (quoting *Togut v. RBC Dain*

*Correspondent Servs*. (*In re S.W. Bach & Co*.), 425 B.R. 78, 88 (Bankr. S.D.N.Y. 2010)).  Here,

allowing the Debtor to seek a stay of the entirety of these proceedings from another court would

undoubtedly "impair" this Court's exclusive jurisdiction over these cases and should be enjoined,

as the Trustee requests.

### B.      The Automatic Stay Applies to the Stay Motion

7.      A motion to stay all proceedings in these bankruptcy cases is unquestionably an

"act … to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), and also runs afoul

of one of the most fundamental protections § 362 is intended to provide, *viz.,* to "restrain[  ] any

formal or informal action or legal proceeding that might … interfere with the trustee's orderly

administration of the estate'." *Bayview Loan Servicing v. Fogarty* (*In re Fogarty*), 39 F.4th 62, 71

(2d Cir. 2022) (quoting *Picard v. Fairfield Greenwich Ltd*., 762 F.3d 199, 207 (2d Cir. 2014)). *See*

*also SEC v. Brennan*, 230 F.3d 65, 75 (2d Cir. 2000) ("the automatic stay provision is intended to

allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so

that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other

arenas").

---

22-50073, ECF No. 1646; Order Granting Trustee's Fifth Supplemental Omnibus Motion for
Rule 2004 Examination, Case No. 22-50073, ECF No.1891.

8.      For example, the alter ego and equitable ownership claims the Trustee is pursuing against Golden Spring (New York) Ltd. (Adv. Pro. No. 23-05018) and Taurus Fund LLC (Adv. Pro. No. 23-05017) are property of the estate. *The Anadarko Litigation Trust v. Kerr-McGee Corp. (In re Tronax Inc.)*, 855 F.3d 84, 99-100 (2d Cir. 2017).  Staying the bankruptcy cases as requested by the Debtor in the Stay Motion would necessarily stay the Trustee's pursuit of these causes of action and thereby effectuate "control" over claims that are property of the estate.  Beyond that, the stay requested by the Debtor offends the broad and fundamental purposes of the automatic stay to protect a trustee's orderly administration of the estate from interference and to centralize disputes concerning property of a debtor's estate in the bankruptcy court free from "uncoordinated proceedings in other arenas." *Brennan*, 230 F.3d at 75.

9.      Other cases confirm that the Debtor has violated the automatic stay. In *In re Atlas,* a Chapter 7 debtor filed a motion in federal district court to enjoin the trustee from asserting any claim to the Debtors' interest in pension plans ("the Plans"). *In re Atlas,* 183 B.R. 978 (Bankr. S.D. Fla. 1995).  There, the bankruptcy court found that the "[Debtor's] filing of the Complaint constitutes a willful violation of the automatic stay.  The Debtors' interest in the Plans was listed as property of the estate in the Debtors' schedules, and an action to enjoin the Trustee from obtaining that property or from litigating over the claimed exemption as to that property falls within the scope of 11 U.S.C. § 362(a)(3)'s prohibition against actions to obtain possession of or exercise control over property of the estate." *Id*. at 981.  Of particular relevance to the instant proceeding, the court in *Atlas* admonished the party seeking the stay that "[u]nder Supreme Court precedent more than one hundred years old, parties may not interfere with a trustee's official duties by seeking injunctive relief in another court, unless they have obtained leave from the bankruptcy court that appointed the trustee." *Id.* at 980.  *See also In re Lickman,* 297 B.R. 162, 170-171

(Bankr. M.D. Fla. 2003) (Florida debtor who sought legal relief in Pennsylvania state and federal courts in an "effort to hinder and delay the trustee's administration of the probate asset," violated the stay because "[t]he stay applies to attempts to obtain control over tangible and intangible property."); *In re Klarchek,*, 508 B.R. 386, 394 (Bankr. N.D. Ill. 2014) (the debtor filed a state action seeking to dissolve a family trust less than 24 hours after the bankruptcy court granted the trustee's request for Rule 2004 examination to investigate said trust. The court found that this violated the automatic stay where the bankruptcy estate was the party in interest in the dissolution proceeding, and that the proceeding was plainly brought in attempt to interfere with the trustee's investigation of trust. The court stated that the debtor's attempt to thwart the Trustee's investigation "seems to fall squarely within what might constitute an exercise of control [under section 362].")

10.    In addition, the Trustee currently has pending before the Court motions to authorize Genever Holdings LLC to borrow funds from the Debtor's estate and for authorization to spend estate funds on remediating the Sherry Netherland apartment which is now indisputably property of the Debtor's estate [ECF Nos. 2110, 2113].  A stay of these motions would also have the effect of exercising control over property of the estate as remediation would be delayed until it suited the Debtor's interests in the criminal proceeding.

11.    Equally significant, this Court is the proper court in the first instance to address whether the automatic stay applies to the Stay Motion, as any order by the District Court in the Criminal Case could later be nullified as a violation of the automatic stay. *See DT Land Development, LLC v. West LB AG*, No. Civ. 09-00844 RB WDS, 2010 WL 11496951, at *4 (D.N.M. Oct. 5, 2010). *See also SEC v. Brennan*, 230 F.3d 65, 75 (2d Cir. 2000) (finding that order entered by district court was a violation of the automatic stay).  As the district court in *DT*

*Land* further observed, "'once a bankruptcy proceeding begins in one court, the concurrent jurisdiction of other courts is partially stripped. That is, if the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court'." *DT Land,* at \*4 (quoting *Chao v. Hosp. Staffing Services*, 270 F.3d 374, 384 (6th Cir. 2001)).

**WHEREFORE**, the Committee and PAX respectfully request that the Court grant the Trustee's Emergency Motions and grant such other and further relief as it may deem just, equitable and proper.

Dated:  Bridgeport, Connecticut
       September 7, 2023

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:    */s/ Irve J. Goldman*
       Irve J. Goldman
       Jonathan A. Kaplan
       Kristin B. Mayhew
       Pullman & Comley, LLC
       850 Main Street, 8th Floor, PO Box 7006
       Bridgeport, CT 06601-7006
       (203) 330-2213
       igoldman@pullcom.com
       *Its Attorneys*

**PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.**

By:    */s/ Patrick M. Birney*
       Patrick M. Birney (CT No. 19875)
       Annecca H. Smith (CT No. 31148)
       ROBINSON & COLE LLP
       280 Trumbull Street
       Hartford, CT 06103
       Telephone: (860) 275-8275
       Facsimile: (860) 275-8299
       E-mail: pbirney@rc.com
       asmith@rc.com

       -and-

Peter Friedman (admitted pro hac vice)
Stuart M. Sarnoff (admitted pro hac vice)
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: pfriedman@omm.com
ssarnoff@omm.com

Attorneys for PAX

## CERTIFICATION OF SERVICE

I, Irve J. Goldman, herby certify that on the 7th day of September, 2023, a true and correct copy of the foregoing Joint Statement and Joinder was filed with the Court and served upon all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system.

*/s/ Irve J. Goldman*

ACTIVE/83201.1/IJG/11275877v1