# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) ) | (Jointly Administered) |
| Debtors.[1] | ) ) | Re: ECF No. 2079 |

## ORDER GRANTING CHAPTER 11 TRUSTEE'S
## SIXTH SUPPLEMENTAL OMNIBUS MOTION FOR RULE 2004 EXAMINATION

Before the Court is the Sixth Supplemental Omnibus Motion for Entry of Order Authorizing Discovery (the "Rule 2004 Motion") filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the estate of Mr. Ho Wan Kwok. (ECF No. 2079.) For the reasons stated below, the Rule 2004 Motion is **GRANTED**.

On August 11, 2023, the Trustee filed the Rule 2004 Motion. (ECF No. 2079.) On August 18, 2023, Greenwich Land LLC ("Greenwich Land") and Ms. Hing Chi Ngok (together, collectively, the "Greenwich Parties") filed an objection to the Rule 2004 Motion. (ECF No. 2098.) On August 25, 2023, the Trustee filed a reply in further support of the Rule 2004 Motion. (ECF No. 2145.) On August 29, 2023, a hearing was held on the Rule 2004 Motion and the Court took the matter under advisement. It is ripe for decision.

The Greenwich Parties argue that, notwithstanding this Court's previous conclusions that the "prior pending proceeding" doctrine did not apply on largely analogous facts and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

circumstances, this Court's prior orders were mistaken and the prior pending proceeding doctrine should bar the Trustee from seeking any discovery materials related to the Greenwich Parties because of the adversary proceeding styled *Despins v. Greenwich Land, LLC*, Case No. 22-50073 (JAM), Adv. P. No. 23-05005 (JAM) (Bankr. D. Conn. Sept. 6, 2023) (the "Adversary Proceeding"). Alternatively, the Greenwich Parties argue that the facts before presently before the Court are distinguishable because fact discovery in the Adversary Proceeding is closed as of September 15, 2023. Finally, insofar as the Greenwich Parties' objection is overruled, the Greenwich Parties move that the Trustee be precluded from using in the Adversary Proceeding any discovery materials obtained pursuant to an order granting the Rule 2004 Motion.

The Trustee argues that the Court has twice ruled that the pending proceeding doctrine requires the existence of a pending proceeding between the proposed examinee and the proposed examiner and that the Court should so rule again and grant the Rule 2004 Motion. The Trustee additionally argues that the Greenwich Parties mischaracterize the Rule 2004 Motion. The Trustee contends that the purpose of the Rule 2004 Motion is not to obtain discovery materials relevant to the Adversary Proceeding but rather to trace the flow of assets between various entities associated with Mr. Kwok. The Trustee asserts it would be a mistake to exclude any such entity – such as Greenwich Land – from the requests for documents and information because Mr. Kwok's financial affairs concern numerous interrelated entities and assets tend to flow through these entities, including, perhaps, an entity the Trustee mistakenly excluded. Finally, the Trustee argues that the Greenwich Parties' arguments about a discovery dispute in the Adversary Proceeding are not proper.

The Court agrees with the Trustee. The purpose of Rule 2004 examinations is to investigate the assets, liabilities, and financial affairs of the debtor – including causes of action.

The pending proceeding doctrine applies in circumstances where there is a pending proceeding between the proposed examinee and examiner, which proceeding is subject to stricter discovery rules – such as Fed. R. Civ. P. 26 as made applicable by Fed. R. Bankr. P. 7026 or 9014 in, respectively, adversary proceedings or contested matters. The purpose of the pending proceeding doctrine is to prevent Rule 2004 from providing a mechanism for discovery abuse. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019); *In re SunEdison*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017); *In re Enron Corp.*, 281 B.R. 836, 840–41 (Bankr. S.D.N.Y. 2002).

The pending proceeding doctrine, however, is not an exception that swallows the rule: generally, it is applied where there is a pending proceeding between the proposed examiner and examinee. *Compare SunEdison*, 572 B.R. at 490 ("The Debtors are not parties to the State Court Action, and hence, the rule does not apply to them."); *In re Alem*, Case No. 13-00119, 2013 WL 4840486, at *1–3 (Bankr. D.D.C. Sept. 11, 2003) (denying Rule 2004 motion for an examination of the debtor by his co-defendants in pending state court action); *In re Washington Mutual, Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) ("The possibility that JPM may intervene in the DC Action is not a sufficient reason to deny the Debtors' Motion at this time. The 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties. JPM has not cited any authority for the proposition that a Rule 2004 examination of an entity is improper when a proceeding is pending in another venue against a third party and there is a 'substantial likelihood' that the examinee may intervene.") (internal citations omitted); *In re Mirant Corp.*, 326 B.R. 354, 356–57 (Bankr. N.D. Tex. 2005) (noting where adversary proceeding was prospective that Rule 2004 contains no aid of litigation exceptions, and indeed its purpose is, in part, to aid litigation); *2435 Plainfield Ave., Inc. v. Township of Scotch Plains*

*(In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456–57 (Bankr. D.N.J. 1998) (quashing Rule 2004 subpoenas served on employees and/or agents of defendant to adversary proceeding); *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (applying pending proceeding rule where discovery was sought by a party to the proceeding against a third-party defendant to that proceeding); *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140 (Bankr. D. Md. 1996) (applying pending proceeding doctrine where a party to the proceeding was seeking discovery against another party to that proceeding); *In re Ecam Publications, Inc.*, 131 B.R. 556, 560–61 (Bankr. S.D.N.Y 1991) (allowing 2004 examination by trustee of parties, against whom the trustee had bought but not yet brought claims) *with In re Martelli*, Nos. 16-20983-PRW, 16-20316-PRW, 16-20968-PRW, 2017 Bankr. LEXIS 2015, at *12-13 (Bankr. W.D.N.Y. July 20, 2017) (applying pending proceeding rule to non-parties to that proceeding because the material was sought by a party to the proceeding and was related to the proceeding); *cf. Cambridge Analytica*, 600 B.R. at 750 (unclear who was the target of the 2004 examination); *In re Se. Materials, Inc.*, No. 09-52606, 2010 WL 5128608, at *4–5 (Bankr. M.D.N.C. Dec. 10, 2010) (allowing Rule 2004 examination of non-parties to the pending proceeding but subject to limitations regarding issues related to the pending proceeding); *Enron Corp.*, 281 B.R. at 838 (applying pending proceeding rule to a non-party to that proceeding because "no party disputes that the automatic discovery stay of the [Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B)] applies to McKinsey.").

    The Greenwich Parties argue that the pending proceeding doctrine also bars discovery regarding issues related to a pending proceeding. While the Greenwich Parties correctly quote their supporting cases, the Court notes that the vast majority of them involved parties to the pending proceeding or, in the case of a corporate defendant, the employees and/or agents of a

party. *See Alem*, 2013 WL 4840486, at *1–3; *2435 Plainfield Ave., Inc.*, 223 B.R. at 456–57; *Bennett Funding Grp.*, 203 B.R. at 30. Additionally, *Southeastern Materials* allowed the Rule 2004 examination, albeit subject to limitations regarding the pending adversary proceeding. 2010 WL 5128608, at *4–5. In *Baroni v. OneWest Bank, FSB (In re Baroni)* the court was not determining whether to grant a Rule 2004 motion, but rather determining whether costs and fees associated with a Rule 2004 examination that had previously occurred could be recovered in an adversary proceeding. Case No. 1:12-bk-10986-MB, Adv. P. No. 1:13-ap-01249-MB, 2017 WL 4404141, at *14 (Bankr. C.D. Cal. Sept. 29, 2017) (disallowing compensation for fees billed in adversary proceeding that properly relate to Rule 2004 discovery in main case).

In adopting the position that the issues involved in a pending proceeding, as well as the parties, are relevant to the determination of a Rule 2004 motion, *Southeastern Materials* cites *In re Lufkin* which states, in pertinent part, that:

> A handful of decisions have considered the allowable scope of a Rule 2004 examination where related civil or criminal proceedings are taking place or are likely to occur in another court. The general rule in these cases is that the existence of, or potential for, collateral litigation is insufficient reason to deny examination. *See, e.g., In re Coffee Cupboard, Inc.,* 128 B.R. 509 (Bankr. E.D.N.Y. 1991). Where the primary purpose is to benefit the bankruptcy estate, "the fact that [examination] may also produce information which in turn may collaterally be used by third parties in separate litigation outside of the bankruptcy case [ ] is no reason to restrict its use or to shield parties . . . from such possible litigation." *In re Mittco, Inc.,* 44 B.R. 35, 38 (Bankr. E.D. Wis. 1984). However, Rule 2004 examinations should not be designed to discover information for use in an unrelated case or proceeding. *See Coffee Cupboard,* 128 B.R. at 516.

255 B.R. 204, 208–09 (Bankr. E.D. Tenn. 2000). That is, the issues subpoenaed may be cause to *narrow* a holding under the pending proceeding doctrine. *See In re Buick*, 174 B.R. 299, 306 (Bankr. D. Colo. 1994). In that connection, the Court is persuaded by the argument of the Trustee that the purpose of including the Greenwich Parties as related parties in the Rule 2004 Motion is not to obtain discovery relevant to the Adversary Proceeding but rather to ensure that

5

there is not a gap created in the Trustee's understanding of the flow of assets between entities related to Mr. Kwok because the Trustee did not ask about the Greenwich Parties.

The Court does not address the Greenwich Parties arguments about discovery and the admissibility of evidence in the Adversary Proceeding because those issues are not presently properly before the Court.

Accordingly, it is hereby

**ORDERED:**  The Objections are **OVERRULED**.  The Motion is **GRANTED**; it is further

**ORDERED:**  Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign subpoenas in a form substantially similar to the subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-20 and to serve the subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the examinees listed on Exhibit B to the Rule 2004 Motion; it is further

**ORDERED:**  Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the examinees are hereby directed to produce all documents within 30 days of the service of the subpoena, or such other time as agreed upon by the Trustee. To the extent an examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee; and it is further

**ORDERED:**  The examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or

otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or these Chapter 11 cases, are properly maintained, are available for production, inspection and copying, and are not destroyed; it is further

**ORDERED:** Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any examinee listed on Exhibit B to the Motion by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Montheith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed; and it is further

**ORDERED:** This Order is without prejudice to the Greenwich Parties to seek relief in the Adversary Proceeding.

Dated at Bridgeport, Connecticut this 19th day of September, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut