UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                          :    Chapter 11
                                                :
HO WAN KWOK, *et al.*,[1]                       :    Case No. 22-50073 (JAM)
                                                :
        Debtors.                                :    (Jointly Administered)
                                                :
                                                :    Re; ECF No. 2113
---------------------------------------------------------x

**ORDER GRANTING GENEVER HOLDINGS LLC'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING GENEVER HOLDINGS LLC TO OBTAIN SERVICES NECESSARY TO REMEDIATE AREAS OF SHERRY NETHERLAND APARTMENT AFFECTED BY MARCH 15, 2023 FIRE**

Upon the motion (as supplemented on September 8, 2023, the "Motion")[2] of debtor Genever Holdings LLC ("Genever US"), for an order (this "Order") authorizing Genever US to obtain the services necessary to remediate the portion of the Sherry Netherland Apartment affected by the March 15, 2023 fire (the "Affected Area"), including authorization for Genever US to (a) enter into the Architect Agreement with Acheson Doyle, effective as of July 27, 2023, (b) select and hire contractors, engineers, consultants, and other third-party service providers in the ordinary course of the Remediation Project (including as it relates to the removal of asbestos), as may be necessary to remediate the Affected Area, subject to certain procedures, and (c) pay such contractors, engineers, consultants, and other third-party service providers in the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

ordinary course of the Remediation Project (including as it relates to the removal of asbestos), all as further detailed in the Motion; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing held on September 19, 2023 (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of Genever US's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Genever US is authorized to enter into, and perform under, the Architect Agreement with Acheson Doyle, effective as of July 27, 2023.

3. As it relates to the payment of Acheson Doyle's fees and expenses, Genever US shall file a notice with the Court attaching Acheson Doyle's invoices for the Architectural Services. Parties in interest will then have fourteen (14) days to object to such invoices. If no timely objections are filed with the Court, Genever US is authorized to pay such invoices without further Court order. If any timely objections are filed, (i) Genever US may file a response to such objection(s) within seven (7) days thereafter and (ii) pay the portion of the fees and

expenses that are not subject to such objection. To the extent that an objection cannot be consensually resolved among the parties, the Court will rule on the matter.

4. Genever US is authorized to enter into, and perform under, the GBTS Agreement, including payment of GBTS's fees and expenses in the ordinary course of the Remediation Project, without further Court approval.

5. Genever is authorized to select and hire contractors, engineers, consultants, and other third-party service providers in the ordinary course of the Remediation Project (including as it relates to the removal of asbestos), as may be necessary to remediate the Affected Area, subject to the procedures set forth in paragraphs 6 and 7 of this Order. For the avoidance of doubt, Genever US is also authorized to (a) enter into, and perform under, an agreement with ABF to remove asbestos from the Affected Area as well as related third party services (including GBTS, GEM, and Breslaw), all as detailed in the Motion, and (b) pay the fees and expenses of ABF and related service providers (including GBTS, GEM, and Breslaw) in the ordinary course of the Remediation Project, without further Court approval.

6. Genever US shall provide copies of the bids received from the general contractor (including as to the estimated costs of the Remediation Project) to Sales Officer, PAX, the Committee, the U.S. Trustee, and the Sherry Netherland (the "Consultation Parties") and will consult with the Consultation Parties regarding the selection of the general contractor. In addition, Genever US will provide the Consultation Parties with copies of all invoices received from the general contractor and any related subcontractors, engineers, or consultants in an amount greater than $25,000 before paying such invoices.

7. Genever US shall file monthly status reports to update the Court and parties in interest as to the progress of the Remediation Project (including as it relates to the selection of

the general contractor, the estimated cost of the Remediation Project to be undertaken by the general contractor, and a summary of Genever US's expenditures with respect to the Remediation Project).

8.  Genever US is authorized to pay contractors, engineers, consultants, and other third-party service providers utilized in the Remediation Project (including as it relates to the removal of asbestos) in the ordinary course of the Remediation Project. Nothing in this Order shall approve the retention and/or compensation of any attorneys.

9.  The Trustee, including as a holder of a proxy for Genever US, shall supervise and monitor the Remediation Project, including so as to ensure that Genever US only pays for remediation that is, in fact, the responsibility of Genever US, as opposed to the Sherry Netherland. For the avoidance of doubt, this Order does not approve any "alteration agreement" as between Genever US and the Sherry Netherland related to relative responsibilities of the parties with respect to the remediation of the Sherry Netherland Apartment. Genever US shall request separate Court approval of any such agreement by separate motion at the appropriate time. To the extent the parties are unable to reach agreement as to the allocation of costs, Genever US will bring the matter to the Court for resolution.

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

11. Genever US is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

5

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 19th day of September, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut