UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF No. 1903 |

## ORDER DENYING MOTION TO WITHDRAW AS ATTORNEY

Before the Court is the Motion to Withdraw as Attorney (the "Motion to Withdraw"), (ECF No. 1903), filed by Attorney Aaron A. Romney. Attorney Romney seeks to withdraw as counsel for Hudson Diamond NY LLC ("HD NY"). For the reasons stated below, the Motion to Withdraw is **DENIED** without prejudice to filing a subsequent motion should the facts and circumstances change.

On May 18, 2023, Mr. Luc A. Despins, in his capacity as Chapter 11 trustee for the bankruptcy estate of Mr. Ho Wan Kwok (the "Trustee"), filed the Motion for Entry of Order Holding Hudson Diamond NY LLC and Hudson Diamond Holding LLC in Civil Contempt for Failing to Respond to Rule 2004 Subpoenas (the "Contempt Motion"). (ECF No. 1805.) On June 1, 2018, Attorney Romney filed a Notice of Appearance on behalf of HD NY and Hudson Diamond Holding LLC ("HD Holding," and, together with HD NY, collectively, the "HD Entities"). (ECF No. 1848.) On June 6, 2023, a hearing was held on the Contempt Motion.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

During the hearing, the Trustee and counsel for the HD Entities represented on the record that they had reached an agreement to adjourn the hearing on the Contempt Motion. Following the hearing, on June 8, 2023, the Court entered the Consent Order Regarding Contempt Motion (the "Consent Order"). (ECF No. 1896.) Pursuant to the Consent Order, the HD Entities were to comply with the Trustee's subpoenas on or before June 15, 2023, and the hearing on the Contempt Motion as it relates to the HD Entities was adjourned.

On June 13, 2023, Attorney Romney filed the Motion to Withdraw, seeking to withdraw his appearance for HD NY – but not HD Holding. (ECF No. 1903.) The Motion to Withdraw states that Attorney Romney incorrectly believed that HD Holding, whose sole member is Ms. Mei Guo – Mr. Kwok's daughter – was the sole member of HD NY and that this error was discovered in his attempt to comply with the Trustee's subpoena. (*Id.*) Because the Motion to Withdraw implicated the Consent Order and the Contempt Motion, the Court then entered the Order Continuing Hearing on Motion to Hold the HD Entities in Civil Contempt and Requiring Attorneys Aaron Romney and Lee Vartan to Appear and Show Cause Why the Motion to Withdraw as Counsel Should Be Granted (the "Show Cause Order"). (ECF No. 1909.) The Show Cause Order scheduled briefing, continued the hearing on the Contempt Motion, and scheduled a hearing on the Motion to Withdraw. (*Id.*)

On July 3, 2023, the Office of the United States Trustee (the "U.S. Trustee") filed a statement (the "UST Statement") regarding the Motion to Withdraw expressing concerns and posing questions to Attorney Romney. (ECF No. 1971.) On July 5, 2023, the Trustee filed a reservations of rights regarding the contents of Attorney Romney's to-be-filed declaration. (ECF No. 1979.) On July 7, 2023, Attorney Romney filed the Declaration of Aaron A. Romney (the "Romney Declaration") in support of the Motion to Withdraw. (ECF No. 1988.)

On July 11, 2023, a hearing was held on the Motion to Withdraw. Attorney Romney took the witness stand and was subject to cross examination by the U.S. Trustee. The Motion to Withdraw is ripe for decision.

"District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal. The trial judge is closest to the parties and the facts, and we are very reluctant to interfere with district judges' management of their very busy dockets." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (internal citations omitted) (overturning denial of motion to withdraw because answers of plaintiff to circuit judges' questions established that he insisted on a litigation strategy that was unlikely to succeed and seemed mostly designed to cause extra-judicial reputational damage to the defendants and because plaintiff threatened to sue counsel if desired strategy was not carried out). "Considerations of judicial economy weigh heavily in favor of our giving district judges wide latitude in these situations, but there are some instances in which an attorney representing a plaintiff in a civil case might have to withdraw even at the cost of significant interference with the trial court's management of its calendar." *Whiting*, 187 F.3d at 321. "Although the Model Code 'was drafted solely for its use in disciplinary proceedings and cannot by itself serve as a basis for granting a[m]otion to withdraw as counsel,' we continue to believe that 'the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel.'" *Id.*

Here, Attorneys Romney and Vartan argue that 'good cause' exists to grant the Motion to Withdraw because Attorney Romney has doubts as to whether he can continue to represent HD NY under the Rules of Professional Conduct in the Connecticut Practice Book. Specifically, they argue that, while they previously believed Ms. Guo had authority to retain them to represent

HD NY, and the Trustee's evidence indicates she does, they are sufficiently concerned that Ms. Guo did not actually have authority to retain them to represent HD NY.

The U.S. Trustee and the Trustee argue that the Motion to Withdraw should not be granted. In support of their arguments, they point to documents in the record of this case which state that HD Holding is the sole member of HD NY and, hence, Ms. Guo has authority over HD NY as HD Holding's sole member.

The Court agrees with the U.S. Trustee and the Trustee. The record supports the conclusion that Ms. Guo had authority to retain Attorneys Romney and Vartan to represent HD NY. In his argument, the Trustee identified certain exhibits (each an "Exhibit," and, collectively, the "Exhibits") to the Declaration of Avram E. Luft (the "Luft Declaration") attached to the Contempt Motion to support his contention that HD Holding is the sole member of HD NY and conducted business through HD NY. (*See* ECF No. 1805.) Specifically, the Trustee noted that corporate documents attached as Exhibits H, I, T, and U to the Luft Declaration establish that: (i) Ms. Guo is the sole member of HD Holding (Ex. I); (ii) she signed various corporate documents on its behalf (Exs. T, U); (iii) HD Holding is the sole member of HD NY (Ex. H); and (iv) Ms. Guo signed documents on HD NY's behalf as the member of HD Holding (Ex. T).

Attorney Romney contends in his declaration that Hodgson Russ LLP ("Hodgson Russ") indicated that Ms. Guo's brother – Mr. Qiang Guo, also known as Mr. Mileson Guo – controlled HD NY through *Hudson Diamond Holding, Inc.* – as opposed to *Hudson Diamond Holding LLC*. However: (a) no document in the record, corporate or otherwise, supports this contention; (b) no person from Hodgson Russ appeared and/or testified in support of this contention; and (c), as the U.S. Trustee points out, Exhibit T to the Luft Declaration is a more recent document than the contradictory document Hodgson Russ supposedly had and supports the conclusion that Ms. Guo

4

controls HD NY through HD Holding (Romney Decl. Ex. A, at 2 (Attorney Kevin Kearney at Hodgson Russ writing about how it was unclear to him when Ms. Guo came into control of HD NY after Mr. Guo had been in control but not contesting that *she had come into control of HD NY*)).

Attorney Romney admits that the Exhibits seem to confirm that Ms. Guo had authority to retain him and Attorney Vartan because HD Holding is the sole member of HD NY. (ECF No. 2119, at 14:14–24.) The Exhibits, the Luft Declaration, and the Romney Declaration all support denying the Motion to Withdraw and do not support a conclusion that good cause exists to grant the Motion to Withdraw. *Cf. Whiting*, 187 F.3d at 322–23 (finding cause existed to withdraw where plaintiff affirmatively told circuit judges that he would instruct counsel to proceed with litigation according to dubious strategy counsel opposed under threat of malpractice litigation). In fact, Attorney Romney stated during the hearing that Hodgson Russ had no explanation for the contradictory documents. (ECF No. 2119, at 31:12–32:16.) *See Vachula v. Gen. Elec. Cap. Corp.*, 199 F.R.D. 454, 458–59 (D. Conn. 2000) (contrasting circumstances where, as here, there is no evident severe breakdown in the attorney client relationship or other cause for withdrawal with those in *Whiting*).

Furthermore, as Attorneys Romney and Vartan concede, HD NY was properly served. To illustrate:

    (i) On December 7, 2022, HD NY was served with the Rule 2004 subpoena at Hudson Diamond NY LLC, c/o Corporate Creations Network Inc., 600 Mamaroneck Ave, #400, Harrison, NY 10528 via personal service on an agent authorized to accept service on HD NY's behalf at that address. (ECF No. 1805 Decl. of Avi Luft Ex. C-6.)

    (ii) On May 24, 2023, HD NY was served with the Contempt Motion and the Notice of Hearing regarding the Contempt Motion via UPS overnight delivery at Hudson Diamond NY LLC, 140 Pearl Street, Suite 100, Buffalo, NY 14202-4014, and at Hudson Diamond NY LLC, c/o Corporate Creations Network Inc., 600 Mamaroneck Ave, #400, Harrison, NY 10528. (ECF No. 1826.)

        (iii)  On June 20, 2023, HD NY was served with the orders scheduling a hearing on the Motion to Withdraw via FedEx overnight mail at Hudson Diamond NY LLC, c/o Corporate Creations Network, Inc., 600 Mamaroneck Avenue, #400, Harrison, NY 10528.  (ECF No. 1915.)

No one other than Attorney Romney has filed an appearance for HD NY.  No one appeared at the continued hearing on the Contempt Motion or the hearing on the Motion to Withdraw contending that they – not Attorneys Romney and Vartan – represented HD NY.  Bravo Luck Limited, an entity controlled by Mr. Guo, has filed an appearance in the case.  (*See, e.g.*, ECF Nos. 1287, 1304, 1306.)  As the Trustee observed, Ms. Guo can presumably talk to her brother to clear up who between them controls HD NY.  The silence is telling.

    Finally, the Court agrees with the U.S. Trustee that granting the Motion to Withdraw would be prejudicial to these jointly administered Chapter 11 cases and related adversary proceedings.  Numerous parties in these cases have seemingly been actively avoiding service.  Others have simply ignored proper service.  It benefits these proceedings to have counsel for parties in contested matters who can be served, can respond, and can be held responsible.  Here, there is no proposed substitute counsel for HD NY.  HD NY has been held in civil contempt of court for failure to comply with the Rule 2004 subpoena as compelled by the Consent Order.  (ECF No. 2009.)  Allowing Attorney Romney to withdraw would be harmful to judicial economy and the integrity of these proceedings.

    On the specific facts and circumstances presently before the Court, the record does not support Attorney Romney's argument that Ms. Guo possibly lacked authority to retain him, but does support the conclusion that Attorney Romney's withdrawal would prejudice these jointly administered Chapter 11 cases and related adversary proceedings.  *Compare Whiting*, 187 F.3d at 322–23 (overturning denial of motion to withdraw based on record establishing cause existed to

6

allow withdrawal) *with Vachula*, 199 F.R.D. at 457–59 (denying motion to withdraw while acknowledging counsel's client was clearly difficult because withdrawal on the eve of trial would disrupt the proceedings and there was no irretrievable breakdown of the attorney-client relationship); *Goldstein v. Albert (In re Albert)*, 277 B.R. 38, 50–51 (Bankr. S.D.N.Y. 2002) (denying motion to withdraw for failure to pay attorneys' fees where allowing the attorney to withdraw would delay complex proceedings and breakdown in relationship was not evidently irretrievable). Accordingly, it is hereby

**ORDERED:** The Motion to Withdraw is **DENIED** without prejudice to Attorney Romney moving again at a later date should the facts and circumstances change; and it is further

**ORDERED:** Attorney Vartan will not be allowed to file pleadings or be heard on behalf of HD NY unless he files a Motion to Appear *Pro Hac Vice* and an Affidavit of Visiting Attorney on behalf of HD NY in accordance with D. Conn. L. Civ. R. 83.1(d) which governs admission of visiting attorneys; and it is further

**ORDERED:** On or before September 21, 2023, Attorney Romney shall serve this Order on Attorney Vartan and, on or before September 22, 2023, file a certificate of service evidencing compliance with this Order.

Dated at Bridgeport, Connecticut this 21st day of September, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut