IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>September 26, 2023 |

### G CLUB OPERATIONS LLC'S OPPOSITION TO TRUSTEE'S PROPOSED SUPPLEMENTAL ORDER REGARDING G-CLUB DOCUMENTS PURSUANT TO ORDER APPROVING CHAPTER 11 TRUSTEE'S SETTLEMENT WITH ASSIGNEE OF HCHK ENTITIES UNDER NEW YORK COURT ASSIGNMENT PROCEEDINGS

On behalf of G Club Operations LLC ("**G Club**"), undersigned counsel objects to the Trustee's Proposed Supplemental Order [Adv. Proceeding 23-05013, Dkt. 130] and respectfully requests 7 days to respond to the Trustee's *Memorandum of Law in Support of Chapter 11 Trustee's Argument that G-Club Operations LLC has Waived any Privilege and has no Right to Object to Responsiveness as to G-Club Documents Turned Over from the Assignee of HCHK Technologies, Inc. to the Trustee Pursuant to Bankruptcy Rule 9019 Settlement Agreement* [Adv. Proceeding 23-05013, Dkt. No. 86] (the "Memorandum").

As the Court is aware, G Club had previously responded to the Trustee's Rule 9019 Motion [Dkt. No. 1977] which was filed in the main proceeding and objected to the wholesale waiver of privilege sought by the Trustee. *See* G Club's *Notice of Position Regarding 9019 Motion and Proposed Order* [Dkt. No. 1977] and G Club's *Supplemental Notice to Modify the Revised Proposed Order Relating to Motion, Pursuant to Rule 9019, Re: Settlement with*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

{00334445.2 }

*Assignee of HCHK Entities* [Dkt. No. 2007]. In response, the Court entered an order that, among other things, set up a procedure to address this privilege issue (the "Order"). While the Order was docketed in both the main case and in Adversary Proceeding No. 23-05013, the Trustee's Memorandum seeking G Club's privileged documents was not filed in the main case. Instead, the Trustee filed the Memorandum *only* in the Adversary Proceeding, to which G Club is not a party – a fact of which the Trustee is plainly aware. Further, although the Certificate of Service filed with respect to the Memorandum stated that service was "by email to all parties to the above-captioned chapter 11 case," it also made clear that that service was made "by operation of the Court's electronic filing ('CM/ECF') system." (Memorandum at 17). As the Trustee's Memorandum was only filed in the Adversary Proceeding and G Club is not a party to the Adversary Proceeding, it did not receive electronic notice of the filing through CM/ECF and the Trustee made no effort to mail, email, or otherwise advise G Club of the filing of the Memorandum.

Undersigned counsel represents that they were unaware of the filing of the Memorandum until the proposed order was sent earlier today, and service of the Trustee's Memorandum was not made on either local counsel or any other counsel of record. Accordingly, G Club respectfully requests seven days to respond to the Memorandum and that the Proposed Supplemental Order be denied. Seven days is the same amount of time that the Court provided for a response in the Order.

After G Club became aware of the Memorandum earlier today, counsel for G Club (Carolina A. Fornos, Esq.) contacted the Trustee's counsel at approximately 5:50 PM requesting a stipulation permitting G Club respond to the Memorandum within 7 days of today, but the

Trustee's counsel has not yet responded.  Given the exigencies of this issue, G Club had filed this opposition to entry of the Proposed Supplemental Order.

WHEREFORE, the Court should deny the Proposed Supplemental Order and order that G Club has until October 4, 2023 to respond to the Memorandum.

**G CLUB OPERATIONS LLC**

By:  */s/ Jeffrey M. Sklarz*
GREEN & SKLARZ LLC
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684)
One Audubon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice*)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorneys for G Club Operations LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF.  Parties may access this filing through the Court's CM/ECF system.

Date:   September 26, 2023                                    /s/ Jeffrey M. Sklarz