**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :   Chapter 11
                                                      :
HO WAN KWOK, *et al.*,[1]                             :   Case No. 22-50073 (JAM)
                                                      :
         Debtors.                                     :   (Jointly Administered)
                                                      :
------------------------------------------------------x

**NOTICE OF FILING [REVISED PROPOSED] ORDER
GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY
RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1
AUTHORIZING AND APPROVING RETENTION AND APPOINTMENT OF KROLL,
LLC AS FORENSIC INVESTIGATORS, EFFECTIVE AS OF AUGUST 2, 2023**

Please take notice that, following the hearing (the "Hearing") held September 27, 2023, on the *Application of Chapter 11 Trustee for Entry of Order Pursuant to Bankruptcy Code Sections 327 and 330, Bankruptcy Rules 2014 and 2016 and Local Bankruptcy Rules 2014-1 and 2016-1 Authorizing and Approving Retention and Appointment of Kroll, LLC as Forensic Investigators, Effective as of August 2, 2023* [ECF No. 2162] (the "Retention Application"), filed by Luc A. Despins, in his capacity as chapter 11 trustee (the "Trustee") for the debtor Ho Wan Kwok, and in light of the Court's comments and instructions at the Hearing concerning the original proposed order (the "Original Proposed Order") granting the Retention Application, the Trustee hereby respectfully submits a revised proposed order granting the Retention Application (the "Revised

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Proposed Order"). The Revised Proposed Order (a) strikes provisions that the Court stated were duplicative and/or unnecessary, and (b) revises provisions concerning indemnification obligations, including by adding language from the order approving the retention of Epiq Corporate Restructuring, LLC [ECF No. 1298] (the "Epiq Retention Order")[2], to ensure that indemnification obligations are appropriately limited and (most importantly) determined by the Court. The Revised Proposed Order is attached hereto as **Exhibit A** and a track-changes version reflecting changes from the Original Proposed Order is attached hereto as **Exhibit B**.

Dated: September 28, 2023  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE,

By:   /s/ Patrick R. Linsey
     Patrick R. Linsey (ct29437)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 821-2000
     plinsey@npmlaw.com

       *and*

     Nicholas A. Bassett (admitted *pro hac vice*)
     PAUL HASTINGS LLP
     2050 M Street NW
     Washington, D.C., 20036
     (202) 551-1902
     nicholasbassett@paulhastings.com

       *and*

     Avram E. Luft (admitted *pro hac vice*)
     G. Alexander Bongartz (admitted *pro hac vice*)
     PAUL HASTINGS LLP
     200 Park Avenue
     New York, New York 10166
     (212) 318-6079
     aviluft@paulhastings.com
     alexbongartz@paulhastings.com

*Counsel for the Chapter 11 Trustee*

---

[2] More specifically, the Revised Proposed Order includes the provision set forth in paragraph 14 of the Epiq Retention Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                       :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                    :   Case No. 22-50073 (JAM)
:
Debtors.                                     :   (Jointly Administered)
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2022, the foregoing Notice, and all exhibits and attachments thereto, was electronically filed. Notice of this filing will be sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2]  Parties may access this filing through the Court's CM/ECF system.

Dated:   September 28, 2023           LUC A. DESPINS,
         New Haven, Connecticut       CHAPTER 11 TRUSTEE


                                      By: */s/ Patrick R. Linsey*
                                          Patrick R. Linsey (ct29437)
                                          NEUBERT, PEPE & MONTEITH, P.C.
                                          195 Church Street, 13th Floor
                                          New Haven, Connecticut 06510
                                          (203) 781-2847
                                          plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

**Exhibit B**

**Revised Proposed Order (clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al*., : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------x

**[REVISED PROPOSED] ORDER**
**GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY**
**RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1**
**AUTHORIZING AND APPROVING RETENTION AND APPOINTMENT OF KROLL,**
**LLC AS FORENSIC INVESTIGATORS, EFFECTIVE AS OF AUGUST 2, 2023**

Upon the Application of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for authority to retain and employ Kroll, LLC, as forensic investigators, effective as of August 2, 2023 (the "Application"), and upon the Declaration of Allen Pfeiffer (the "Pfeiffer Declaration"), pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application and the Engagement

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Letter (as defined in the Application); and upon consideration of the Application and the Pfeiffer Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Pfeiffer Declaration, and upon the record of the hearing on the Application before this Court held September 27, 2023, establish just cause for the relief granted herein, (iii) Kroll is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Kroll does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Trustee is authorized to retain and employ Kroll as forensic investigators effective as of August 2, 2023 on the terms set forth in the Application, the Engagement Letter, and the Pfeiffer Declaration, and Kroll is authorized to act in such capacity.

3. The Debtor's estate shall be responsible for Kroll's compensation and reimbursement of expenses as well as for the payment of any indemnification obligations as set

forth in the Engagement Agreement, as modified pursuant to this Order, to the extent approved by the Court.

4. The allowance of any compensation to be paid to Kroll shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

5. Kroll shall be entitled to indemnification to the extent required under the terms of the Engagement Agreement, as modified pursuant to this Order, provided however, that any request for indemnification by Kroll shall be subject to review by the Court as set forth herein to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement, as modified pursuant to this Order, and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided further, that in no event shall Kroll be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement.

6. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kroll believes that it is entitled to the payment of any amounts by the Trustee on account of the his indemnification obligations under the Engagement Agreement, as modified pursuant to this Order, Kroll must file an application therefor in the Court, and the Trustee may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. With respect to any amounts sought by Kroll as reimbursement for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's

application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify Kroll.  All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution, or reimbursement.

7.     Kroll shall not be entitled to reimbursement by the Trustee for any fees, disbursements and other charges of Kroll's counsel other than those incurred in connection with a request of Kroll for payment of indemnity approved by the Court.

8.     Kroll shall provide no less than ten business days' notice to the Trustee, the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.  Notwithstanding the foregoing, any increase in rates shall be subject to Court approval which approval shall be requested in the applicable application for compensation.

9.     To the extent the Application, the Engagement Letter, and the Pfeiffer Declaration are inconsistent with this Order, the terms of this Order shall govern.

10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Revised Proposed Order (track changes)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                : Chapter 11
                                                      :
HO WAN KWOK, *et al.*,                                : Case No. 22-50073 (JAM)
                                                      :
             Debtors.¹                                : Jointly Administered
                                                      :
------------------------------------------------------x

**[REVISED PROPOSED] ORDER**
**GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND  330, BANKRUPTCY**
**RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1**
**AUTHORIZING AND APPROVING RETENTION AND APPOINTMENT OF KROLL,**
**LLC AS FORENSIC INVESTIGATORS, EFFECTIVE AS OF AUGUST 2, 2023**

Upon the Application of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for authority to retain and employ Kroll, LLC, as forensic investigators, effective as of August 2, 2023 (the "Application"), and upon the Declaration of Allen Pfeiffer (the "Pfeiffer Declaration"), pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application and the Engagement

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Letter (as defined in the Application); and upon consideration of the Application and the Pfeiffer Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut (as amended); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Pfeiffer Declaration, and upon the record of ~~any~~ the hearing on the Application before this Court held September 27, 2023, establish just cause for the relief granted herein, (iii) Kroll is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Kroll does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Trustee is authorized to retain and employ Kroll as forensic investigators effective as of August 2, 2023 on the terms set forth in the Application, the Engagement Letter, and the Pfeiffer Declaration, and Kroll is authorized to act in such capacity.

3. ~~Kroll is authorized to act as forensic investigators to the Trustee and to perform those services described in the Application.~~

4.3. The Debtor's estate shall be responsible for Kroll's compensation and reimbursement of expenses as well as for the payment of any indemnification obligations as set forth in the Engagement Agreement, as modified pursuant to this Order, to the extent approved by the Court.

5.4. The allowance of any compensation to be paid to Kroll shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.5. The Debtors shall indemnify Kroll Kroll shall be entitled to indemnification to the extent required under the terms of the Engagement Agreement, as modified pursuant to this Order, provided however, that any request for indemnification by Kroll shall be subject to review by the Court as set forth herein, to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement, as modified pursuant to this Order, and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided further, that in no event shall Kroll be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement.

7.6. All requests by Kroll for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Kroll be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement. If, before the earlier

of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kroll believes that it is entitled to the payment of any amounts by the Trustee on account of the his indemnification obligations under the Engagement Agreement, as modified pursuant to this Order, Kroll must file an application therefor in the Court, and the Trustee may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment.  With respect to any amounts sought by Kroll as reimbursement for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify Kroll.  All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution, or reimbursement.

~~8.     In the event that Kroll seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to~~

~~sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.~~

~~9.~~7.    Kroll shall not be entitled to reimbursement by the ~~Debtors~~ Trustee for any fees, disbursements and other charges of Kroll's counsel other than those incurred in connection with a request of Kroll for payment of indemnity approved by the Court.

~~10.~~8.    Kroll shall provide no less than ten business days' notice to the Trustee, the Debtor, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court. Notwithstanding the foregoing, any increase in rates shall be subject to Court approval which approval shall be requested in the applicable application for compensation.

~~11.    The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.~~

~~12.    The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.~~

~~13.~~9.    To the extent the Application, the Engagement Letter, and the Pfeiffer Declaration are inconsistent with this Order, the terms of this Order shall govern.

~~14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.~~

~~15.~~    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10.

> **Formatted:** List Paragraph, Justified, Indent: Left: 0", First line: 0.5", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"