UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re:                                                               : Chapter 11
                                                                     :
HO WAN KWOK *et al.*,                                                : Case No. 22-50073 (JAM)
                                                                     :
Debtors.[1]                                                          : Jointly Administered
                                                                     :
---------------------------------------------------------x

## MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH CASPER FIRM

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), hereby submits this motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court District of Connecticut (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") approving and setting forth the terms of the settlement agreement (the "Settlement Agreement")[2] reached between (a) the Trustee and (b) the Casper Firm, LLC (the "Casper Firm" and, together with the Trustee, the "Parties").[3]  In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Settlement Agreement.

[3] References herein to the "Parties" and the "Trustee," include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

**PRELIMINARY STATEMENT**

1.  The Trustee has reached an agreement to resolve a potential dispute between the Parties in connection with the Retainer. Both Parties have indicated that they have claims with regard to the Retainer. By agreeing to this settlement agreement, the chapter 11 estate of the Debtor (the "Estate") will obtain funds for the benefit of creditors, without the cost and uncertainty of litigation. This proposed settlement creates value for creditors and is clearly in the Estate's best interests. Accordingly, the Motion should be granted.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

**BACKGROUND**

5.  On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.  On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

7.      Beginning in 2019, the Casper Firm provided legal services to Kwok in connection with a lawsuit filed by Kwok against Clark Hill PLC captioned *Wengui v. Clark Hill PLC et al* (Case No. 1:2019-cv-03195) (the "Lawsuit").

8.      On May 4, 2023, the Court issued its *Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement With Clark Hill PLC* [Docket No. 1756], which approved a settlement agreement between the Trustee and Clark Hill PLC settling the Lawsuit.

9.      In connection with the legal service provided by the Caper Firm, the Casper Firm was provided with a retainer in the amount of $100,000 (the "Retainer").

## SETTLEMENT

10.      Over the past few months, counsel for the Trustee and counsel for the Casper Firm engaged in good faith discussions with respect to the Retainer. As a result of these discussions, and after multiple rounds of proposals and counterproposals, the Parties reached the Settlement Agreement, attached as Exhibit 1 to the Proposed Order, in order to resolve any potential disputes or litigation that might have arisen in connection with the Retainer. The salient provisions of the Settlement Agreement provide for the following:[4]

    a. the Casper Firm shall (i) pay the Estate $48,750 USD from the Retainer (the "Settlement Payment"), after which it may (ii) draw down, retain, and apply the remaining $51,250 USD in funds in the Retainer (the "Retainer Payment") to its invoices as the sole and final payment for any and all services rendered and expenses incurred by the Casper Firm for Kwok, the Trustee, or the Estate;

    b. subject to the Bankruptcy Court's approval of the Settlement Agreement, the Parties agree to the releases set forth in more detail in the Settlement Agreement § 4, which, among other things, provide that:

        i. the Trustee and the Estate (the "Estate Releasees") hereby unconditionally, absolutely and irrevocably release and discharge the

---

[4] To the extent of any inconsistencies between the summary description of the Settlement Agreement in this Motion and the terms and conditions of the Settlement Agreement as set forth in the Proposed Order, the terms of the Settlement Agreement as set forth in the Proposed Order shall control.

    Casper Firm, its attorneys, accountants, advisors, representatives or agents, of all claims which the Estate Releasees now have or ever had against any of the Casper Firm, its attorneys, accountants, advisors, representatives or agents arising from the Retainer, Lawsuit and the Settlement Payment; provided, however, that this release is not a general release of the Casper Firm by the Estate Releasees, rather is a limited release of only claims arising from the Retainer, Lawsuit and the Settlement Payment, and; further provided that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of the Settlement Agreement; and

  ii. the Casper Firm hereby unconditionally, absolutely, and irrevocably releases and discharges the Estate Releasees of all claims which the Casper Firm, its attorneys, accountants, advisors, representatives or agents, now has or ever had against any of the Estate Releasees, their attorneys, accountants, advisors, representatives or agents, including, without limitation, relating to the Retainer, the Retainer Payment, the Settlement Payment, the Lawsuit, the Individual Debtor, or the Estate, based upon or by reason of any manner, cause or thing whatsoever on or at any time prior to the date of this Agreement, it being the intention of the Casper Firm to reserve nothing whatsoever hereunder and to assure the Estate Releasees, their attorneys, accountants, advisors, representatives or agents, and each of them, their peace and freedom from each and every of the released claims of whatever character and description; provided, however, that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of the Settlement Agreement.

## RELIEF REQUESTED

11. By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement in its entirety and authorizing the Parties to enter into and implement the Settlement Agreement in accordance with the terms thereof.

## BASIS FOR THE RELIEF REQUESTED

### I. Standard for Approving the Settlement Agreement

12. To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v.*

*Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003). The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

13. Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)). Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Motorola, Inc. v. Official Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*), 478 F.3d 452, 462 (2d Cir. 2007) ("<u>Iridium</u>").

**II.    Settlement Agreement Should Be Approved**

14. The Settlement Agreement is a positive outcome for the Estate and, by extension, the creditors of the Estate, and it is a fair and reasonable compromise under the circumstances

and in light of the applicable *Iridium* factors.

15. The benefits to the Estate from the Settlement Agreement are the return of funds to the Estate without potential litigation that might exceed the total value of the funds or, indeed, the Retainer, while expediting the return of funds to the estate, by avoiding the delay arising from litigation and potential appeals.

16. The settlement is reasonable given the claims and defenses asserted by both sides, and given that the Trustee's releases are narrowly circumscribed.

17. The Settlement Agreement easily meets all the relevant *Iridium* factors, providing immediate and future benefits to the estates and their creditors. The Settlement Agreement was reached between the Trustee and the Casper Firm, with each side assisted by experienced counsel and negotiating at arms' length.

18. Put simply, the Settlement Agreement is a positive development for the chapter 11 estate, and the Trustee believes the Settlement Agreement satisfies Bankruptcy Rule 9019 and should be approved.

## **NOTICE**

19. Notice of this Motion will be given to (i) the United States Trustee; (ii) the Debtor; (iii) the official committee of unsecured creditors; (iv) the Casper Firm; (v) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system; and (vi) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing. The Trustee submits that, under the circumstances, no other or further notice is required.

## **NO PREVIOUS REQUEST**

20. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in the Motion and such other relief as is just and proper.

Dated:  October 6, 2023       LUC A. DESPINS,
        New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett *(pro hac vice* pending)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Avram E. Luft *(pro hac vice* pending)
    Douglass Barron *(pro hac vice* pending)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK *et al.*,                     :    Case No. 22-50073 (JAM)
                                          :
         Debtors.[1]                      :    Jointly Administered
                                          :
---------------------------------------------------------x

## [PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT WITH CASPER FIRM

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), for entry of an order, approving a settlement agreement between the Trustee and the Casper Firm, LLC (the "Casper Firm" and, together with the Trustee, the "Parties"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with their duties and in the best interests of the

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Trustee, the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The settlement agreement, attached hereto as **Exhibit 1** (the "Settlement Agreement"), is approved pursuant to Bankruptcy Rule 9019.

4. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

5. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

# **EXHIBIT 1**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement" or "Agreement"), is entered into by and among (i) Luc A. Despins in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor" or "Kwok"), and (ii) the Casper Firm, LLC (the "Casper Firm" and, together with the Trustee, the "Parties").

WHEREAS, on February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case;

WHEREAS, beginning prior to the Petition Date, the Casper Firm provided legal services to Kwok in connection with a lawsuit filed by Kwok against Clark Hill PLC captioned *Wengui v. Clark Hill PLC et al* (Case No. 1:2019-cv-03195) (the "Lawsuit");

WHEREAS the Trustee and Clark Hill PLC ultimately settled the Lawsuit;

WHEREAS, in connection with the legal services to be provided by the Casper Firm, the Casper Firm was provided with a retainer by Kwok in the amount of $100,000 (the "Retainer");

WHEREAS, the Trustee has asserted claims against the Casper Firm and demanded the return of the Retainer. The Casper Firm has asserted claims against the Retainer and defenses to the Trustee's claims; and

WHEREAS, the Parties have engaged in arms'-length negotiations and have each separately concluded that the execution and performance by them of this Settlement Agreement will avoid potential litigation in connection with the Retainer, while affording them each a substantial and valuable benefit if the settlement embodied herein is consummated.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants, and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the Parties, the Parties hereby agree as follows:

1.     Recitals. The recitals set forth above are an integral part of this Settlement Agreement and are incorporated herein by reference, evidencing the intent of the Parties in

executing this Settlement Agreement, and describing the circumstances surrounding its execution. Accordingly, this Settlement Agreement shall be construed in the light thereof.

2. **Consideration.** In consideration for the releases and other terms set forth in this Agreement, and in full and final satisfaction of the respective claims, the Casper Firm (i) shall return to the Trustee on behalf of the Individual Debtor's estate (the "Estate") $48,750 USD from the Retainer (the "Settlement Payment"), after which it may (ii) draw down, retain, and apply the remaining $51,250 USD in funds in the Retainer (the "Retainer Payment") to its invoices as the sole and final payment for any and all services rendered and expenses incurred by the Casper Firm for Kwok, the Trustee, or the Estate.

3. **Timing.** The Settlement Payment shall be made to the Trustee, within five (5) days after the date on which the Settlement Order is entered by the Bankruptcy Court, by wire transfer pursuant to instructions to be provided by the Trustee. The Retainer Payment shall be made contemporaneous with the Settlement Payment.

4. **Effectiveness of this Settlement Agreement.** Within seven (7) business days following execution of this Agreement, the Trustee shall submit to the Bankruptcy Court a Settlement Motion requesting entry of a Settlement Order, in a form that is mutually agreeable to the Parties, which shall, among other things, provide that the Bankruptcy Court retains jurisdiction to enforce the Agreement and Settlement Order and to address any violations thereof. The Settlement Agreement shall be effective upon the Bankruptcy Court entering the Settlement Order. The Trustee shall use good faith efforts to secure approval of the Settlement Order. If this Agreement is not approved by the Bankruptcy Court, the Casper Firm will not proceed with the Retainer Payment absent further order of the Bankruptcy Court.

5. **Releases.**

   (a) *Trustee Releases.* Subject to the Trustee's receipt of the Settlement Payment and the Bankruptcy Court's approval of this Agreement, the Trustee and the Estate (the "Estate Releasees") hereby unconditionally, absolutely and irrevocably release and discharge the Casper Firm, its attorneys, accountants, advisors, representatives or agents, of all claims which the Estate Releasees now have or ever had against any of the Casper Firm, its attorneys, accountants, advisors, representatives or agents arising from the Retainer, Lawsuit and the Settlement Payment; provided, however, that this release is not a general release of the Casper Firm by the Estate Releasees, rather is a limited release of only claims arising from the Retainer, Lawsuit and the Settlement Payment, and; further provided that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement. The Estate Releasees acknowledge that the Estate Releasees may discover facts after the Effective Date different from, or in addition to, those which they now know or believe to be true. The Estate Releasees, their attorneys, accountants, advisors, representatives or agents, agree that the releases contained in this paragraph shall be and remain effective in all respects notwithstanding the future discovery of such different or additional facts.

(b)  *The Casper Firm Releases*. Subject to the Trustee's receipt of the Settlement Payment and the Bankruptcy Court's approval of this Agreement, the Casper Firm hereby unconditionally, absolutely, and irrevocably releases and discharges the Estate Releasees of all claims which the Casper Firm, its attorneys, accountants, advisors, representatives or agents, now has or ever had against any of the Estate Releasees, their attorneys, accountants, advisors, representatives or agents, including, without limitation, relating to the Retainer, the Retainer Payment, the Settlement Payment, the Lawsuit, the Individual Debtor, or the Estate, based upon or by reason of any manner, cause or thing whatsoever on or at any time prior to the date of this Agreement, it being the intention of the Casper Firm to reserve nothing whatsoever hereunder and to assure the Estate Releasees, their attorneys, accountants, advisors, representatives or agents, and each of them, their peace and freedom from each and every of the released claims of whatever character and description; provided, however, that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement. The Casper Firm acknowledges that the Casper Firm may discover facts after the Effective Date different from, or in addition to, those which they now know or believe to be true. The Casper Firm, its attorneys, accountants, advisors, representatives or agents, agree that the releases contained in this paragraph shall be and remain effective in all respects notwithstanding the future discovery of such different or additional facts.

6.  Notices. All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and shall be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when received by the addressee if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the addresses indicated below (or at such other address for a party as shall be specified in a notice given in accordance with this section).

|  |  |
|---|---|
| If to the Trustee: | Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok<br>Nicholas A. Bassett<br>Avram E. Luft<br>Paul Hastings LLP<br>200 Park Avenue,<br>New York, NY 10166<br>Tel: (212) 318-6001<br>lucdespins@paulhastings.com<br>nicholasbassett@paulhastings.com<br>aviluft@paulhastings.com |
| with a copy to: | Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>Tel: (203) 781-2847<br>plinsey@npmlaw.com |
| If to the Casper Firm: | Gary Leibowitz<br>Irving Walker<br>Cole Schotz P.C.<br>1201 Wills Street<br>Suite 320<br>Baltimore, MD 21231<br>Tel: (410) 528-2971<br>GLeibowitz@coleschotz.com<br>IWalker@coleschotz.com |

7. <u>Entire Agreement</u>. This Settlement Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings and agreements, both written and oral, with respect to such subject matter.

8. <u>Successor and Assigns</u>. This Settlement Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective successors and assigns.

9. <u>No Third-Party Beneficiaries</u>. This Settlement Agreement is for the sole benefit of the Parties and their respective successors and assigns (and, to the extent provided herein, affiliates) and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this Settlement Agreement.

10. <u>Headings</u>. The headings in this Settlement Agreement are for reference only and shall not affect the interpretation of this Settlement Agreement.

11. **Amendment and Modification; Waiver.** No waiver by any party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the party so waiving. Except as otherwise set forth in this Settlement Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power or privilege arising from this Settlement Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

12. **Severability.** If any term or provision of this Settlement Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Settlement Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the Parties shall negotiate in good faith to modify this Settlement Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

13. **Governing Law; Submission to Jurisdiction.** This Settlement Agreement and the rights and obligations of the parties will be governed by and construed and enforced in accordance with the laws of the State of New York as applied to agreements entered into and to be performed entirely within New York between New York residents, without regard to conflicts of law principles. All actions and proceedings arising out of or relating to this Settlement Agreement or the facts and circumstances leading to its execution, whether in contract, tort or otherwise, shall be heard and determined in the Connecticut Bankruptcy Court, or if the Chapter 11 Cases are closed, in the United States District Court for the Southern District of New York ("SDNY"). The parties hereto hereby (a) submit to the exclusive jurisdiction of the Connecticut Bankruptcy Court or SDNY, as applicable, for the purpose of any action arising out of or relating to this Settlement Agreement or the facts and circumstances leading to its execution, whether in contract, tort or otherwise, brought by any party hereto, and (b) irrevocably waive, and shall not to assert by way of motion, defense, or otherwise, in any such action, any claim that it is not subject personally to the jurisdiction of the above-named court, that its property is exempt or immune from attachment or execution, that the action is brought in an inconvenient forum, that the venue of the action is improper, or that this Settlement Agreement may not be enforced in or by the Connecticut Bankruptcy Court or SDNY, as applicable.

14. **Waiver of Jury Trial.** Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this Settlement Agreement. Each party to this Settlement Agreement certifies and acknowledges that (a) no representative of any other party has represented, expressly or otherwise, that such other party would not seek to enforce the foregoing waiver in the event of a legal action; (b) such party has considered the implications of this waiver; (c) such party makes this waiver voluntarily; and (d) such party has been induced to enter into this Settlement Agreement by, among other things, the mutual waivers and certifications in this section.

15. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Settlement Agreement delivered by facsimile, e-mail or

other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Settlement Agreement.

16. <u>No Strict Construction</u>. The Parties have participated jointly in the negotiation and drafting of this Settlement Agreement. In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement will be construed as if drafted jointly by the parties, and no presumption or burden of proof will arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Settlement Agreement.

17. <u>Authority</u>. The individuals who sign this Settlement Agreement on behalf of the Trustee and the Casper Firm respectively have been duly authorized to sign this Settlement Agreement and to bind the respective entity to the terms and conditions of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement on the date specified below.

LUC A. DESPINS, AS TRUSTEE
FOR THE ESTATE OF HO WAN
KWOK

By: */s/ Luc Despins*
Name: LUC DESPINS
Title: Trustee
Date: 10/4/2023

THE CASPER FIRM, LLC

By: */s/ Ari Casper*
Name: Ari Casper
Title: Managing Member
Date: 9.29.23