UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[1] : Jointly Administered
: 
------------------------------------------------------x

### MOTION OF CHAPTER 11 TRUSTEE TO LIMIT SERVICE OF MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH CASPER FIRM

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Individual Debtor" or "Kwok"), by and through his undersigned counsel, hereby moves (the "Motion") this Court for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), limiting service of the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Casper Firm* (the "9019 Motion")[2] to the Notice Parties (as defined below). In support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

of Reference from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code and Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Individual Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

6. Beginning in 2019, the Casper Firm provided legal services to Kwok in connection with a lawsuit filed by Kwok against Clark Hill PLC captioned *Wengui v. Clark Hill PLC et al* (Case No. 1:2019-cv-03195) (the "Lawsuit").

7. On May 4, 2023, the Court issued its *Order Pursuant to Bankruptcy Rule 9019 Approving Settlement Agreement With Clark Hill PLC* [Docket No. 1756], which approved a settlement agreement between the Trustee and Clark Hill PLC settling the Lawsuit.

8. In connection with the legal service provided by the Caper Firm, the Casper Firm was provided with a retainer in the amount of $100,000 (the "Retainer").

9. On October 6, 2023, the Trustee filed the 9019 Motion, seeking Court approval of the Settlement Agreement, which seeks to accomplish, among other things, the resolution of any potential disputes or litigation that might have arisen in connection with the Retainer.

## RELIEF REQUESTED

10. By this Motion, the Plaintiffs seek to limit service of the 9019 Motion to (i) the United States Trustee; (ii) the Debtor; (iii) the official committee of unsecured creditors; (iv) the Casper Firm; (v) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system; and (vi) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

11. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

12. Pursuant to Bankruptcy Rule 2002(a)(3) notice of a hearing on a compromise or settlement must be given by mail. Moreover, Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3) and (6) of [Rule 2002] may be . . . mailed only to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

13. As of today, approximately 1,400 claims have been filed in these chapter 11 cases—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar

date order). The Trustee submits that it would be unduly burdensome for the estates to serve the 9019 Motion on 1,400 parties. Doing so would consume resources of the Estate, and would not serve the interests of the creditors of the Estate. In fact, it is very unlikely that individual creditors would have any interest in reviewing the 9019 Motion—especially given that (a) several creditors are already active (and have filed notices of appearances) in these chapter 11 cases and (b) an official committee of unsecured creditors has been appointed in the Debtor's chapter 11 case.

14. Based on the foregoing, the Trustee requests that the Court authorize service of the 9019 Motion upon the Notice Parties.

15. The Trustee submits that the relief sought in this Motion is appropriate in the chapter 11 cases and is in the best interests of the Estate, its creditors, and other parties-in-interest.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated:  October 6, 2023  
New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
Douglas S. Skalka (ct00616)  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 781-2847  
dskalka@npmlaw.com  
plinsey@npmlaw.com

*and*

Nicholas A. Bassett (*pro hac vice*)  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

*and*

Avram E. Luft (*pro hac vice*)  
Douglass Barron (*pro hac vice*)  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6079  
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                          :      Chapter 11
                                                :
HO WAN KWOK *et al.*,                           :      Case No. 22-50073 (JAM)
                                                :
            Debtors.[1]                         :      Jointly Administered
                                                :
---------------------------------------------------------x

**[PROPOSED] ORDER LIMITING SERVICE OF NOTICE OF MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH CASPER FIRM**

The Court having considered the motion (the "Motion") seeking to limit service of the *Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Casper Firm* (the "9019 Motion")[2] to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the 9019 Motion.

be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT

1. The Motion is granted as set forth herein.

2. The 9019 Motion only needs to be served upon:

   i. the United States Trustee;

   ii. the Debtor;

   iii. the official committee of unsecured creditors;

   iv. the Casper Firm;

   v. all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system; and

   vi. any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

3. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                        :
In re:                                                  :  Chapter 11
                                                        :
HO WAN KWOK *et al.*,                                   :  Case No. 22-50073 (JAM)
                                                        :
          Debtors.[1]                                   :  Jointly Administered
                                                        :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or (on or before October 10, 2023) by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:    October 6, 2023
          New Haven, Connecticut

                                              By: */s/ Patrick R. Linsey*
                                                  Douglas S. Skalka (ct00616)
                                                  Patrick R. Linsey (ct29437)
                                                  NEUBERT, PEPE & MONTEITH, P.C.
                                                  195 Church Street, 13th Floor
                                                  New Haven, Connecticut 06510
                                                  (203) 781-2847
                                                  dskalka@npmlaw.com
                                                  plinsey@npmlaw.com

                                                  *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).