**Exhibit 3**

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## LAMP CAPITAL LLC

This Limited Liability Company Agreement (the "Agreement") of Lamp Capital LLC is entered into as of the 8th day of September, 2020 by Infinity Treasury Management Inc., the sole member of the limited liability company (the "Member").

Lamp Capital LLC was organized, in accordance with the Delaware Limited Liability Company Act (the "Act"), by the filing of a Certificate of Formation with the office of the Delaware Secretary of State on September 8, 2020. The Member hereby sets forth the following Agreement:

1.  <u>Name</u>. The name of the limited liability company is Lamp Capital LLC (the "Company").

2.  <u>Purpose</u>. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing.

3.  <u>Registered Office</u>. The address of the registered office of the Company in the State of Delaware is 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810.

4.  <u>Registered Agent</u>. The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810. The Company may change such registered agent, from time to time, as the Member may deem advisable.

5.  <u>Member</u>. The name and address of the Member is as follows:

| Name | Address |
|------|---------|
| Infinity Treasury Management Inc. | 667 Madison Avenue<br>New York, NY 10065 |

6.  <u>Powers of Member</u>. The business and affairs of the Company shall be managed by the Member. The Member shall have the power and authority to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers and authorities, statutory or otherwise, possessed by members of limited liability companies under the laws of the State of Delaware. In connection with the foregoing, the

Member is hereby authorized and empowered to act through the officers and employees of the Company, if any, and any other persons designated by the Member to carry out any and all of the powers and authorities that the Member possesses under this Agreement. Without limiting the generality of the foregoing, the Company may:

        a.     acquire, hold and dispose of interests (whether by the making of investments or otherwise and on such terms and conditions as the Member may determine) in other entities, including as a partner of a partnership, a member of a limited liability company and a stockholder of a corporation;

        b.     borrow and re-lend money (on such terms and conditions as the Member may determine) in connection with the business;

        c.     all powers and privileges granted by the Act, any other law or any provision of this Agreement;

        d.     all powers and privileges incidental to such powers and privileges, including, without limitation, such power and privileges as are necessary or convenient to the conduct, promotion or attainment of the business, purposes or activities of the Company, and

        e.     without limiting the powers and privileges enumerated in clause (c) or (d) above, all powers and privileges that the Company would have if the Company were a natural person.

        7.     <u>Officers</u>. The Member may from time to time designate one or more individuals as officers of the Company who will have such titles and exercise such powers and duties as are assigned to them from time to time by the Member. Any officer may be removed by the Member at any time, with or without cause. Each officer shall hold office until his or her successor is duly elected and qualifies or until the earlier of the officer's death, resignation or removal. Any number of offices may be held by the same individual.

        8.     <u>No Management by Other Persons or Entities</u>. No other person or entity shall be an agent of the Company or have any right, power or authority to transact any business in the name of the Company or to act for or on behalf of or to bind the Company.

        9.     <u>Reliance by Third Parties</u>. Any person or entity dealing with the Company or the Member may rely upon a certificate signed by the Member as to:

        a.     the identity of the Member;

        b.     the existence or non-existence of any fact or facts which constitute a condition precedent to acts by the Member or are in any other manner germane to the affairs of the Company;

        c.     the persons who or entities which are authorized to execute and deliver any instrument or document for or on behalf of the Company; or

- 2 -

          d.     any act or failure to act by the Company or as to any other matter whatsoever involving the Company or the Member.

          10.     Foreign Qualification. The Company may qualify to transact business as a foreign limited liability company in any jurisdiction the Member determines is necessary or appropriate to carry out the business activities of the Company and shall deliver all certificates and other instruments that are necessary to qualify, continue or terminate the Company as a foreign limited liability company in all such jurisdictions in which the Company may conduct business activities.

          11.     Dissolution. The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the written consent of the Member, (b) the bankruptcy, dissolution, expulsion, resignation or withdrawal of the Member or the occurrence of any other event which terminates the continued membership of the Member in the Company (other than an assignment of the Member's interest pursuant to Section 17), or (c) the entry of a decree of judicial dissolution under the Act.

          12.     Winding Up. Upon the dissolution and winding up of the Company, the assets shall be distributed as provided for in Section 18-804 of the Act and upon completion of the distribution of Company assets, the Company shall be terminated and the person acting as liquidator shall cause the cancellation of the Certificate of Formation and shall take such other actions as may be necessary or appropriate to terminate the Company.

          13.     Capital Contribution. As of the date of this Agreement, the Member has contributed assets in the amount set forth on Schedule A attached.

          14.     Additional Contributions. The Member is not required to make any additional capital contribution to the Company, but may do so.

          15.     Allocation of Profits and Losses. The Company's profits and losses shall be allocated to the Member.

          16.     Distributions. Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

          17.     Assignments. The Member may assign in whole or in part its limited liability company interest.

          18.     Resignation. The Member may resign from the Company.

          19.     Admission of Additional Members. One or more additional members of the Company may be admitted to the Company with the consent of the Member. Prior to the admission of any such additional member(s) of the Company, the Member shall amend this Agreement to make such changes as the Member shall determine to reflect the fact that the Company shall have more than one member.

- 3 -

20.     Liability of Member. The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

21.     Indemnification. To the fullest extent permitted under the Act, the Member (irrespective of the capacity in which it acts) shall be entitled to indemnification and advancement of expenses from the Company for and against any loss, damage, claim or expense (including attorneys' fees) whatsoever incurred by the Member relating to or arising out of any act or omission or alleged acts or omissions (whether or not constituting negligence or gross negligence) performed or omitted by the Member on behalf of the Company; provided, however, that any indemnity under this Section shall be provided out of and to the extent of Company assets only, and neither the Member nor any other person shall have any personal liability on account thereof.

22.     Governing Law. This Agreement shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

23.     Amendments. This Agreement may be amended by the Member for any reason and at any time.

24.     Severability. In the event that any provision of this Agreement shall be declared to be invalid, illegal or unenforceable, such provision shall survive to the extent it is not so declared, and the validity, legality and enforceability of the other provisions hereof shall not in any way be affected or impaired thereby, unless such action would substantially impair the benefits to any party of the remaining provisions of this Agreement.

## [REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, the sole member has executed this Agreement, to be effective as of the day and year first above written.

Infinity Treasury Management Inc.

By: _____

Name: Daniel T. Podhaskie

Title:   President

## SCHEDULE A

| Member Name and Address | Capital Contribution | Membership Interest |
| --- | --- | --- |
| Infinity Treasury Management Inc.<br>667 Madison Avenue<br>New York, NY 10065 | $100.00 | 100% |

000161.01351 Business 20116237v1