**<u>Exhibit 36</u>**

1

2              UNITED STATES BANKRUPTCY COURT

3                 DISTRICT OF CONNECTICUT

4
    In re:                          )Chapter 11
5                                   )Case No. 22-50073
                                    )(JAM)
6   HO WAN KWOK, et al.,            )
                                    )
7            Debtors.              )(Jointly
                                    )Administered)
8   -----------------------------
    LUC A. DESPINS,                 )
9   CHAPTER 11 TRUSTEE FOR          )Adv. P. No.
                                    )23-05005 (JAM)
10  THE ESTATE OF HO WAN KWOK       )
                                    )
11           Plaintiff,             )Re:
                                    )ECF No. 1
12           vs.                    )
                                    )
13  GREENWICH LAND, LLC and         )
    HING CHI NGOK,                  )
14                                  )
                 Defendants.        )
15  ----------------------------)

16

17            REMOTE DEPOSITION OF MEI GUO

           Wednesday, September 13, 2023
18

19

20

21  Reported by:
    LISA M. MURACO
22  JOB NO. J10243499

23

24

25



1

2          Wednesday, September 13, 2023

3          10:00 a.m.

4

5

6          REMOTE Deposition of MEI GUO, held

7    VIA ZOOM, before LISA M. MURACO, a Notary

8    Public of the State of New York, Florida,

9    and Massachusetts.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1

2  A P P E A R A N C E S:

3  (REMOTE)

4

5       PAUL HASTINGS

6       Attorneys for Movant and Cross-Respondent

7       Mr. Luc A. Despins, Chapter 11 Trustee for

8       the Estate of Mr. Ho Wan Kwok

9            200 Park Avenue

10           New York NY 10166

11      BY:   AVRAM LUFT, ESQ.

12            Aviluft@paulhastings.com

13            NICHOLAS BASSETT, ESQ.

14            Nicholasbassett@paulhastings.com

15            EZRA SUTTON, ESQ.

16            Ezrasutton@paulhastings.com

17            DOUGLASS BARRON, ESQ.

18            Douglassbarron@paulhastings.com

19            LUYI SONG, ESQ.

20            Luyisong@paulhastings.com

21

22

23

24

25



```
1
2    A P P E A R A N C E S:
3    (REMOTE)
4
5         MEISTER SEELIG & FEIN
6         Attorneys for Defendants Greenwich LLC and
7         Hing Chi Ngok
8              125 Park Avenue
9              7th Floor
10             New York, NY 10017
11        BY:  AUSTIN KIM, ESQ.
12             Adk@msf-law.com
13
14
15        DAY PITNEY LLP
16        Attorneys for the Witness
17             One Stamford Plaza, 263
18             Tresser Blvd
19             7th Floor
20             Stamford, CT 06901
21        BY:  STANLEY A. TWARDY, ESQ.
22             Satwardy@daypitney.com
23
24
25
```



```
1
2   A P P E A R A N C E S:
3   (REMOTE)
4
5
6        CHIESA SHAHINIAN & GIANTOMASI
7        Attorneys for Witness
8             One Boland Drive
9             West Orange NJ 07052
10       BY:   LEE VARTAN, ESQ.
11             Lvartan@csglaw.com
12             MELISSA WERNICK, ESQ.
13
14
15
16   Also Present:  Echo, Mandarin Interpreter
17
18
19
20
21
22
23
24
25
```



1

2          IT IS HEREBY STIPULATED AND AGREED

3    by and between the attorneys for the

4    respective parties herein, that filing and

5    sealing be and the same are hereby waived.

6          IT IS FURTHER STIPULATED AND AGREED

7    that all objections, except as to the form

8    of the question, shall be reserved to the

9    time of the trial.

10          IT IS FURTHER STIPULATED AND AGREED

11   that the within deposition may be sworn to

12   and signed before any officer authorized

13   to administer an oath, with the same

14   force and effect as if signed and sworn

15   to before the Court.

16

17

18

19

20                    - oOo -

21

22

23

24

25



```
 1                         M. GUO
 2   E C H O, was duly sworn to interpret the
 3   questions from English into Mandarin, and the
 4   answers from Mandarin into English.
 5   M E I  G U O, called as a witness, having been
 6   duly sworn by a Notary Public, was examined and
 7   testified through the interpreter as follows:
 8            MR. LUFT:  Thank you.  Do we have to
 9        do appearances or do we have them on the
10        record already?                                10:17
11            THE COURT REPORTER:  I have them on
12        the record already, but if counsel wants to
13        do them, it's fine.
14            MR. LUFT:  That's fine with me.
15   EXAMINATION BY                                       10:18
16   MR. LUFT:
17        Q.   Good morning, Ms. Guo.  How are you?
18        A.    I am quite good.  Thank you.
19        Q.    Good.  Ms. Guo, I've deposed you
20   before, so I know you are familiar with this,       10:18
21   but if you'll bear with me, let's just go over
22   a couple of basics for today.
23        A.    Okay.
24        Q.    Ms. Guo, your counsel has informed
25   the counsel for the parties in this case prior      10:18
```



```
 1                        M. GUO

 2   to your deposition that you intend to assert

 3   your Fifth Amendment rights to all substantive

 4   questions.

 5            Is that your understanding of your          10:19

 6   intention for today?

 7        A.    Yes.

 8        Q.    That's fine.

 9            But just as we had at the court

10   hearing in August, I need to make my record.        10:19

11   So I'm still going to need to ask you a series

12   of questions, after which your counsel, if

13   intends to, will instruct you to assert the

14   Fifth, or you can just assert your Fifth

15   Amendment rights, and then we can move on.          10:20

16            Do you understand that will be the

17   process today then?

18        A.    I understand.

19        Q.    And you understand that you are

20   testifying under oath today?                        10:20

21        A.    Yes.

22        Q.    Whether it's answering a question or

23   asserting your Fifth Amendment rights, you have

24   an obligation to testify truthfully, correct.

25            Do you understand that?                     10:21
```



```
1                          M. GUO

2         A.     I understand.

3         Q.     Ms. Guo, if for any reason you don't

4    understand one of my questions, will you let me

5    know?                                               10:21

6         A.     I will.

7         Q.     And if you -- do we have an

8    understanding that if you don't let me know

9    that you don't understand one of my question,

10   it's fair for me to assume that you do          10:21

11   understand it?

12        A.     Yes.

13        Q.     Ms. Guo, did you do anything to

14   prepare for your deposition today?

15        A.     Fifth Amendment.                      10:22

16        Q.     I forgot to ask you one more basic

17   question.

18             Ms. Guo, is there any reason you can

19   not offer truthful testimony today?

20        A.     No.                                   10:22

21        Q.     Did you review any documents to

22   prepare for your deposition today?

23        A.     Fifth Amendment.

24        Q.     Ms. Guo, who is representing you

25   here today?                                       10:23
```



                              M. GUO

1
2        A.    Lee Vartan and Stanley Twardy,

3    Hearty, Twardy.

4              THE INTERPRETER:  Sorry, sir.

5              MR. LUFT:  We know Stan's name.        10:23

6         We're okay.

7              Lisa, just so you know, the

8         realtime, it's not working for some reason.

9              (Discussion held off the record.)

10   BY MR. LUFT:                                     10:29

11        Q.    I think my last question was you

12   told me who was representing you.

13              Ms. Guo, have you ever spoken with

14   Austin Kim before today?

15              MR. KIM:  I want to interject here    10:30

16         for one second.  To the extent that you are

17         asking if a conversation ever happened as a

18         yes, no, I don't have an objection to that.

19              MR. LUFT:  That's what I'm asking.

20         I'm just -- it's yes, no, have you ever     10:30

21         spoken to Austin Kim.

22              MR. KIM:  If it's just a yes, no,

23         then I don't have an objection to that.  To

24         the extent that you are getting into any

25         substance, if you are, then I'll raise a    10:30



```
 1                        M. GUO

 2         separate objection once you ask that

 3         question.

 4              MR. LUFT:  My question right now is

 5         just that she's ever spoken to you before      10:30

 6         today.

 7         A.    The answer is Fifth Amendment.

 8         Q.    I'm not asking about any substance.

 9    I just want to know if you've ever spoken with

10    Mr. Kim, who is counsel for the defendants,          10:31

11    prior to today?

12              MR. TWARDY:  Objection.  Asked and

13         answered.  She's already invoked.

14              MR. LUFT:  I don't think that's a

15         reasonable invocation of the Fifth             10:31

16         Amendment.

17              MR. KIM:  You can certainly make

18         application to the court.

19              MR. LUFT:  Mr. Kim?

20    BY MR. LUFT:                                         10:31

21         Q.    Have you ever spoken with Mr. Kim's

22    partner Chris Major prior to today?

23         A.    Fifth Amendment.

24         Q.    Have you ever been represented by

25    Mr. Kim, Mr. Major, and their law firm?            10:32
```



```
 1                      M. GUO

 2      A.    Fifth Amendment.

 3      Q.    Please tell me everything you've

 4  spoken to Mr. Kim about prior to today?

 5            MR. KIM:  I'm going to object here      10:33

 6      for just one second here.  Object to the

 7      form and also instruct the witness to the

 8      extent that she was acting in the capacity

 9      to interpret, then I would advise the

10      witness not to answer, based on the          10:33

11      privilege of the defendants, but the

12      witness is free to raise her own objection

13      as well.

14            MR. VARTAN:  And I'm going to join

15      in the objection.                            10:33

16      A.    The answer is Fifth Amendment.

17            MR. LUFT:  Mr. Kim, I just want to

18      understand your objection.

19            Has Ms. Guo served as an interpreter

20      at meetings you've been at before?           10:34

21            MR. KIM:  I'm not being deposed

22      today.  My objection is clear.  It's on the

23      record, and the witness has raised her own

24      objection as well.  So I think that's --

25            MR. LUFT:  No, Austin, come on.         10:34
```



```
 1                    M. GUO

 2    That's not reasonable.  You made an

 3    objection based on the idea that she may

 4    have been a translator.  This is the first

 5    I've ever heard of that.  And that's okay.        10:34

 6    But I would like to understand.  You tell

 7    me she's been a translator, then you can

 8    explain who she's been a translator for,

 9    then I'll understand it.  But you just sit

10    there and make objections and say, But I          10:34

11    won't tell you what's that about.  I don't

12    think you can do that.

13         MR. KIM:  Okay.  We raised our

14    objection.  It's on the record.  It's

15    pretty clear what the basis of the                10:35

16    objection is, and we are going to stand by

17    it.

18         MR. LUFT:  It's a hundred percent

19    not clear.  You raised an objection to the

20    extent she's been a translator, but she's         10:35

21    not testified that she's ever been a

22    translator.  You won't tell me if she's

23    ever been a translator, so I don't

24    understand how you can give an instruction

25    not to answer based on being a translator         10:35
```



```
 1                    M. GUO
 2   if there's no foundation that she's ever
 3   been a translator or who she's been a
 4   translator for.
 5        MR. KIM:  You can ask --              10:36
 6        (Multiple speakers.)
 7        MR. LUFT:  -- just understand the
 8   parameters.  I'm not asking for what she
 9   said or anything else.  I understand how a
10   translator works with privilege.  But you   10:36
11   have to at least establish that she's been
12   a translator.
13        You want to tell me she's been the
14   translator for a meeting, that's fine.  But
15   to just throw it out there as if -- and     10:36
16   give an instruction not to answer, I don't
17   think is proper.  So I'm just trying to
18   understand, Austin, what's going on.
19        MR. KIM:  That's fine.  And so you
20   can ask the deponent who is sitting here to  10:36
21   be -- to answer your questions, and so --
22        MR. LUFT:  Austin --
23        (Multiple speakers.)
24        MR. KIM:  -- Ms. Guo is here.  You
25   can ask her the question.  We've raised our  10:36
```



```
 1                    M. GUO

 2    objection.  We stand by it.  I think it's a

 3    proper objection.  If you disagree, that's

 4    fine.  You don't have to agree with me, but

 5    that's our objection, and I'm not here to        10:36

 6    answer questions.

 7         (Multiple speakers.)

 8         MR. LUFT:  No, but you do have

 9    duties of candor and to have a good faith

10    basis upon which to object.  The purpose of      10:36

11    form objections is to allow the other

12    attorney to understand an issue so that we

13    can have a clear record.  And to just

14    basically say I'm not going to tell you

15    anything about why I'm saying it,                10:37

16    especially when the witness is taking the

17    Fifth onto these questions, I think is

18    unreasonable.  I think it's improper, and I

19    certainly don't understand it, because if

20    she's been the translator, then I'll             10:37

21    understand it and I'll not try to delve

22    into privileged information, but, you know,

23    if you are going to tell me that no --

24    despite all that and no argument to the

25    contrary, you're just going to stand on the      10:37
```



MEI GUO                                        September 13, 2023
IN RE: HO WAN KWOK, ET AL.,                              16

```
 1                      M. GUO
 2       idea that you don't have to say anything,
 3       you can just give instructions not to
 4       answer to a witness who's not yours,
 5       that --                                    10:37
 6            (Multiple speakers.)
 7            MR. KIM:  That's a
 8       mischaracterization of what I just said.
 9       Avi, that's a complete mischaracterization.
10       I gave you the explicit and express basis   10:37
11       for the instruction.  I'm not going to get
12       into the details of what was discussed.
13       I'm not going to get any details and answer
14       your question.  I'm not the deponent.
15            We're here for Ms. Guo's deposition.   10:37
16       You can ask the witness and she will answer
17       as she deems fit.  That's the objection.
18            MR. LUFT:  Fine.  Okay.  Then we
19       will do it your way, Austin.
20  BY MR. LUFT:                                     10:38
21       Q.   Ms. Guo, how often has Mr. Kim given
22  you answers to be stated at this deposition?
23            MR. VARTAN:  Objection.
24       A.   Fifth Amendment.
25       Q.   Did Mr. Austin -- have you met with    10:38
```



```
 1                         M. GUO
 2    Mr. Austin -- Mr. Kim and Mr. Major to discuss
 3    strategy for what to say at this deposition?
 4              MR. KIM:  Objection.  Form.
 5              MR. VARTAN:  Objection.              10:39
 6       A.    Fifth Amendment.
 7       Q.    Did Mr. Kim and Mr. Major tell you
 8    what answers you needed to give today to help
 9    your mother in this lawsuit?
10              MR. VARTAN:  Same objection.         10:39
11              MR. KIM:  Objection to form.
12       A.    No.
13       Q.    All right.
14              Have you served as an interpreter at
15    meetings with -- that Mr. Kim and Mr. Major    10:40
16    have been at?
17              MR. VARTAN:  Objection.
18              MR. KIM:  Objection to form.  Asked
19          and answered.
20       A.    Fifth Amendment.                      10:40
21       Q.    Did Mr. Major and Mr. Kim tell you
22    that certain answers would be more helpful to
23    your mom's case?
24              MR. VARTAN:  Objection to form.
25              MR. KIM:  Objection.  Asked and      10:40
```



```
 1                    M. GUO
 2      answered.
 3      A.    Fifth Amendment.
 4      Q.    Please tell me everything that
 5  Mr. Major and Mr. Kim have told you at meetings        10:40
 6  that you've attended with them prior to today?
 7           MR. KIM:  Objection.  Asked and
 8      answered.
 9           MR. VARTAN:  Objection.
10      A.    Fifth Amendment.                             10:41
11      Q.    Have you been at meetings with
12  Mr. Kim and Mr. Major where they have discussed
13  the strategy for Greenwich Land and your wife
14  Hing Chi Ngok --
15           MR. VARTAN:  Objection.                       10:41
16  BY MR. LUFT:
17      Q.    Sorry.  Your mother.
18           MR. KIM:  Objection to form.  Asked
19      and answered.
20           I repeat the same advisement to the           10:41
21      witness not to answer on basis of
22      privilege, and the witness can answer and
23      invoke her own privilege.
24           MR. LUFT:  Sorry.  What privilege
25      are you referring to, Austin?                      10:42
```



1                        M. GUO

2          MR. KIM:  I said before, we stated

3    our objection pretty clearly.  Now, I mean

4    you are not satisfied with it, which is

5    fine.                                                    10:42

6          MR. LUFT:  No, no, no.  She's not

7    your client so I need to know --

8          (Multiple speakers.)

9          MR. KIM:  -- it's a valid objection.

10   We've raised it on the record.                           10:42

11         MR. LUFT:  She's not your client, so

12   what privilege are you invoking about a

13   conversation between you and her?

14         MR. KIM:  Again, as I said before at

15   the very beginning of this deposition, to               10:42

16   the extent that there were interpretation

17   services provided, then that would be

18   covered by privilege.  I think you're well

19   aware of that.  We've invoked the privilege

20   several times now --                                     10:42

21         MR. LUFT:  I'm not aware of any

22   interpretation privilege.

23         (Multiple speakers.)

24         MR. LUFT:  Austin, there have been

25   no interpretation -- anyone's testified                  10:42



```
 1                    M. GUO

 2    there's been any interpretation done.

 3    So --

 4         MR. KIM:  Well, you can ask the       10:42

 5    witness and the witness will provide

 6    answers.

 7         MR. LUFT:  I did.

 8         MR. KIM:  Okay.  I'm not here to be

 9    deposed and answer your questions.  The

10    witness is here to be deposed and answer    10:42

11    your questions.  So you can ask the

12    witness, and we can raise our objections.

13         MR. LUFT:  I think it's completely

14    improper, Austin.  You won't even tell

15    me -- is she your client?                   10:43

16         MR. KIM:  You can ask the witness

17    your questions.

18         MR. LUFT:  Let the record reflect

19    and Mr. Kim will not disclose whether or

20    not Ms. Guo is his client or not.           10:43

21         MR. KIM:  That's absolutely

22    improper.  The witness is here to answer

23    questions.  The trustee has noticed that

24    this -- today's deposition is for Ms. Guo's

25    deposition, and so counsel should direct    10:43
```



```
 1                          M. GUO

 2       his questions to the deponent.

 3              This is not a question-and-answer

 4       session for the general group.  It's for

 5       the witness that's being -- has been           10:43

 6       noticed for today.

 7              MR. LUFT:  Okay.

 8   BY MR. LUFT:

 9       Q.   Ms. Guo, how many times have you met

10   with Mr. Kim and Mr. Major before today?          10:43

11              MR. VARTAN:  Objection.  Asked and

12       answered.

13              MR. KIM:  Objection.  Asked and

14       answered.

15       A.   Fifth Amendment.                          10:43

16       Q.   Ms. Guo, did Mr. Major and Mr. Kim

17   tell you that it was in your personal interest

18   for your mom and Greenwich Land to succeed in

19   this litigation?

20              MR. VARTAN:  Objection.              10:44

21              MR. KIM:  Objection.  Asked and

22       answered.  I mean, Avi, you are asking the

23       same questions a hundred different times.

24       I think this is getting -- this is

25       getting --                                     10:44
```



1                          M. GUO

2              MR. LUFT:  Austin, stop.

3              MR. KIM:  This is getting to the

4        point of harassing the witness, but, you

5        know, that's your call.                          10:44

6              MR. LUFT:  I can't even tell if you

7        are represent her or not, but my question

8        is a new question --

9              (Multiple speakers.)

10             MR. KIM:  You are asking questions          10:44

11       and my name happens to be in every single

12       question you're asking, so I think it's

13       fair --

14             MR. LUFT:  Please stop.

15             MR. KIM:  -- for me to interject.           10:44

16             MR. LUFT:  Please stop.

17   BY MR. LUFT:

18        Q.    You can answer my question.

19             MR. VARTAN:  Same objection.

20             THE INTERPRETER:  Allow the                 10:44

21       interpreter to interpret the question.

22             MR. VARTAN:  Sorry.  Very good.

23             THE INTERPRETER:  Thank you, sir.

24        A.    Fifth Amendment.

25        Q.    Okay.                                      10:45



1                        M. GUO

2              Other than Mr. Major and Mr. Kim,

3    who else have you met with to prepare for your

4    deposition today?

5              MR. VARTAN:  Objection.                    10:45

6         A.    Fifth Amendment.

7         Q.    Ms. Guo, you did meet with Mr. Major

8    and Mr. Kim to prepare for your deposition

9    today, correct?

10             MR. VARTAN:  Objection.                    10:45

11             MR. KIM:  Objection.  Asked and

12        answered.

13        A.    Fifth Amendment.

14        Q.    Ms. Guo, are you represented by

15   Mr. Kim and Mr. Major?                              10:46

16             MR. VARTAN:  Objection.

17             MR. KIM:  Objection to form.  Asked

18        and answered.

19        A.    Fifth Amendment.

20        Q.    Okay.                                     10:46

21             Ms. Guo, you are the sole member of

22   Hudson Diamond Holdings, correct?

23        A.    (In English)  On the advise of my

24   lawyer, I respectfully decline to answer on the

25   basis of the Fifth Amendment which protects        10:47



```
 1                      M. GUO

 2   innocent people from the need to answer

 3   questions if the truth might be used to help

 4   create a misleading impression that they were

 5   somehow involved in a crime that they did not        10:47

 6   commit.  Thank you.

 7        Q.   Ms. Guo, who wrote that statement

 8   that you just read?

 9           MR. VARTAN:  Objection.  You don't

10        have to answer.                                  10:47

11           MR. LUFT:  Of course, she does,

12        Mr.  Vartan.

13           Of course she does.

14           MR. TWARDY:  I'll assert a privilege

15        on this.                                         10:47

16           MR. LUFT:  You won't insert the

17        privilege, but then instruct her not to

18        answer, and then we will go from there.

19        But you can't tell her she just doesn't

20        have to answer the question.  Give an            10:47

21        instruction --

22           (Multiple speakers.)

23           MR. TWARDY:  She answered the

24        question you asked about Hudson, and she

25        answered that.                                   10:47
```



```
 1                         M. GUO
 2            And she's not going to answer
 3       questions about -- about what she discusses
 4       with her lawyer.
 5            MR. LUFT:  Guys, stop.  If you want      10:48
 6       to instruct her not to answer, do so.
 7            MR. VARTAN:  I just did.
 8   BY MR. LUFT:
 9       Q.   Ms. Guo, let's have a clear record.
10            Who wrote the statement that you        10:48
11   just read into the record?
12            MR. VARTAN:  We're instructing her
13       not to answer.
14            MR. TWARDY:  I'm instructing her not
15       to answer.                                   10:48
16   BY MR. LUFT:
17       Q.   Ms. Guo, are you going to follow
18   your counsel's advice?
19       A.   Correct, yes.
20       Q.   Okay.                                   10:48
21            Ms. Guo, Hudson Diamond Holdings is
22   a hundred percent owner of Hudson Diamond New
23   York, correct?
24            THE INTERPRETER:  Would like to
25       reinterpret.                                 10:49
```



1                        M. GUO

2        A.    Fifth Amendment.

3        Q.    Okay.

4              Ms. Guo, your father installed you

5   as the nominal sole member of Hudson Diamond          10:49

6   Holdings, correct?

7        A.    Fifth Amendment, Fifth Amendment.

8        Q.    Okay.  Let's mark as Exhibit 1

9   document bearing the Bates stamp of HR 0003095.

10             (Guo Exhibit 1, Document Entitled:          10:50

11        Hudson Diamond Holdings LLC with Bates

12        Stamp of HR 0003095, marked for

13        identification.)

14             MR. TWARDY:  We don't see it yet.

15             MR. LUFT:  It's in the chat.            10:50

16             MR. KIM:  Is it Tab 2?

17             MR. LUFT:  Yes.

18             THE WITNESS:  Tab 2.  Oh, okay.

19             MR. TWARDY:  Okay.  We have it now.

20        Thank you.                                      10:50

21             MR. LUFT:  Great.

22   BY MR. LUFT:

23        Q.    Ms. Guo, this is a document

24   entitled:  Hudson Diamond Holdings LLC, and

25   under member it has the name of the member and      10:51



1                          M. GUO

2     it lists your name at 162 East 64th Street, New

3     York, New York 10065 --

4                (Multiple speakers.)

5          A.    Is this a question?  Can you please          10:51

6     repeat your question?

7          Q.    Yes, ma'am.  I'm asking, if you see

8     what I've just pointed out to you on the

9     document?

10         A.    Yes, I can see this document.               10:52

11         Q.    And the information contained in it

12    is accurate, correct?

13         A.    Fifth Amendment.

14         Q.    Okay.

15               Let's mark as Exhibit 2 a document          10:52

16    bearing the Bates stamp HR 0002584 titled

17    Hudson Diamond New York LLC.

18                (Guo Exhibit 2, Document Entitled:

19          Hudson Diamond New York LLC with Bates

20          Stamp of HR 0002584, marked for                  10:52

21          identification.)

22                MR. TWARDY:  This is Tab 3?

23                MR. LUFT:  Correct, sir.

24                MR. TWARDY:  Thank you.

25                It would help if you would let us           10:53



1                    M. GUO

2     know the tabs in addition to the document

3     numbers, please, just to expedite this.

4     Thank you.

5          MR. LUFT:  Tabs have no bearing on          10:53

6     this.

7          MR. TWARDY:  Just for us to get to

8     it promptly.

9          MR. LUFT:  Okay.  There's been two

10    documents so far.  This is the second.          10:53

11         MR. VARTAN:  Avi, he's only saying

12    that because they are labeled in the chat,

13    Tab 2, Tab 3.

14         MR. LUFT:  I get that.  There are --

15    my point was simply that there is -- that's     10:53

16    not on the document.  It's in an internal

17    code.

18         (Multiple speakers.)

19         MR. VARTAN:  -- but it's how it's

20    coming up in terms of how you name            10:53

21    things --

22         (Multiple speakers.)

23         MR. LUFT:  That is fine.  I will

24    help try to label that.

25         MR. TWARDY:  Thank you, Avi.           10:53



```
 1                        M. GUO

 2              MR. LUFT:  Not a problem.

 3    BY MR. LUFT:

 4         Q.   Ms. Guo, do you have what has been

 5    marked as Exhibit 2 in front of you now?          10:54

 6         A.   I see it.

 7         Q.   Do you see this document says:

 8    Hudson Diamond New York LLC and its address is

 9    also 162 East 64th Street, New York, New York

10    10065, and under the member name it says Hudson   10:54

11    Diamond Holdings LLC, and under membership

12    interest 100 percent with officers of Yvette

13    Wang and Max Krasner.

14              Do you see that?

15         A.   Yes, I see it.                           10:54

16         Q.   And the information contained in

17    this document is accurate as well, correct?

18         A.   Fifth Amendment.

19              MR. LUFT:  Let's mark as Exhibit 3

20         the document bearing the Bates stamp HR       10:55

21         002382 through 88, and for attorney

22         reference that will show up as Tab 4.

23              (Guo Exhibit 3, October 25, 2019,

24         Letter to Yvette Wang with Bates Stamp of

25         HR 002382 through 88, marked for              10:55
```



```
1                        M. GUO

2         identification.)

3              MR. TWARDY:  Thank you.

4    BY MR. LUFT:

5         Q.    Let me know when you've had the      10:56

6    chance to see the document.  Please let me

7    know.

8              (Document review.)

9              MR. TWARDY:  We're in the process of

10        reviewing it, Avi.                          10:56

11             MR. LUFT:  I understand.  There's no

12        rush.

13             (Document review.)

14   BY MR. LUFT:

15        Q.    My first question is just going to    10:57

16   be about the first page of the document and

17   then I'll ask some inside.  And we will share

18   our screen so that you guys can see what I'm

19   looking at.

20             MR. TWARDY:  Thank you.               10:57

21             MR. LUFT:  No problem.  I've lost

22        video for Austin.  Is he still here?

23             MR. KIM:  Yeah, I'm still here.  I'm

24        still here.  Now you can see me.

25             MR. LUFT:  Oh, okay.  Just wanted to   10:57
```



MEI GUO                                    September 13, 2023
IN RE: HO WAN KWOK, ET AL.,                          31

1                    M. GUO

2    make sure we didn't lose anything.

3         MR. KIM:  And on this document, I

4    don't have an objection to the full

5    document, but I do note that I just want to        10:57

6    on the record reserve our right to object

7    to the extent that the document discloses

8    any privileged information related to

9    Greenwich Land LLC and the defendant, whose

10   name is Hing Chi Ngok in the complaint.            10:58

11        But you can go ahead and ask your

12   questions.

13        MR. LUFT:  Austin, are you aware of

14   any privileged relationship between Hodgson

15   Russ and your client?                              10:58

16        MR. KIM:  I'm just putting on the

17   record to the extent that the document here

18   discloses privileged information that

19   belongs to the defendant, I'm objecting.

20   But I'm not instructing the witness not to         10:58

21   answer, nor am I saying this document you

22   can't ask questions about.  That's --

23   that's all I'm doing.

24        MR. LUFT:  Okay.  I don't believe

25   it's proper if you don't have a good faith         10:58



                        M. GUO

1

2    basis to believe there is a privileged

3    relationship, to tell a witness, hey, maybe

4    you shouldn't answer stuff because there

5    might be privileged stuff --                        10:58

6         (Multiple speakers.)

7         MR. KIM:  I didn't instruct the

8    witness to do anything, Avi.  I didn't

9    instruct the witness to do anything.

10        MR. LUFT:  Okay.  I get it.  You're       10:58

11   just throwing it out there that, you know,

12   maybe there's privileged stuff in here and

13   maybe you should be worried about it.

14        Again, you -- it's not proper.  We

15   will move on.  But you cannot suggest to        10:59

16   the witness that there's a privileged

17   relationship if you don't have a good faith

18   basis to --

19        (Multiple speakers.)

20        MR. KIM:  I'm making no suggestion        10:59

21   of a privilege relationship to the witness.

22        You can ask your questions to the

23   witness.

24        MR. LUFT:  Okay.

25   BY MR. LUFT:                                     10:59



```
 1                          M. GUO

 2        Q.    Ms. Guo, do you see that the

 3   person -- it says to a Ms. Yvette Wang at

 4   Golden Spring New York LTD?

 5        A.    I see it.                              10:59

 6        Q.    Ms. Wang worked at Golden Spring,

 7   correct?

 8        A.    Fifth Amendment.

 9        Q.    The person Ms. Wang reported to at

10   Golden Spring was your father, the debtor,       11:00

11   correct?

12        A.    Fifth Amendment.

13        Q.    Okay.

14              It says:  I attach for your review a

15   draft organizational chart for the various      11:00

16   entities for which we -- meaning Hodgson

17   Russ -- have custody of the corporate records.

18              Do you see that?

19        A.    I see it.

20        Q.    And the entities for which they      11:01

21   attach corporate charts, China Golden Spring

22   Group Hong Kong Limited; Genever Holdings

23   Corporation, Greenwich Land LLC, Hudson Diamond

24   Holdings, Hudson Diamond New York, and Hudson

25   Diamond Inc., as well as Saraca Media Group,     11:01
```



```
 1                        M. GUO
 2   are all entities controlled and owned by your
 3   father, the debtor, correct?
 4              MR. KIM:  Objection to form.
 5              I wasn't sure if I was on mute          11:02
 6         before, so I want to make sure my objection
 7         to form has been placed on the record.
 8         A.    Fifth Amendment.
 9         Q.    If you turn a couple pages in to
10   page 5 of the document, there's an                11:02
11   organizational chart for the Hudson Diamond
12   Holdings LLC, Hudson Diamond New York LLC.
13              Do you see that?
14         A.    I see it.
15         Q.    And this document reflects that you   11:03
16   are the -- you control Hudson Diamond Holdings
17   LLC, which directly controls Hudson Diamond New
18   York LLC, correct?
19              MR. KIM:  Objection.
20              MR. VARTAN:  Objection.                11:03
21         A.    Fifth Amendment.
22         Q.    Ms. Guo, while you are listed as the
23   nominal name controlling Hudson Diamond
24   Holdings LLC, in fact, it is your father, the
25   debtor, that controlled Hudson Diamond Holdings  11:03
```



```
 1                        M. GUO
 2   LLC as well as Hudson Diamond New York LLC,
 3   correct?
 4            MR. VARTAN:  Objection.
 5            MR. KIM:  Objection to form.          11:03
 6        Foundation.  Mischaracterizes the document
 7        you are holding here.
 8            And then just as a matter of scope
 9        Avi, the defendants in this case for which
10        this deposition was noticed are Greenwich   11:03
11        Land LLC and Hing Chi Ngok.  To the extent
12        that you are delving into other matters
13        that are outside of the adversary
14        proceeding for which this deposition is
15        being held, I think that it's improper.     11:04
16            I would suggest that the deposition
17        be focused on the issues relevant to the
18        defendants in this action.
19            MR. TWARDY:  You don't need to --
20            THE INTERPRETER:  The interpreter is    11:04
21        interpreting the question.  Should I?
22            MR. LUFT:  You should interpret my
23        question.  If Ms. Guo would like her to
24        hear Mr. Austin's speech, you are welcome
25        to translate that as well.  I don't think   11:04
```



<pre>
 1                        M. GUO

 2      it's relevant, but she's welcome to hear

 3      everything said.

 4             THE INTERPRETER:  Okay.  Can the

 5      interpreter clarify.  The interpreter will       11:05

 6      have to interpret the question, and I will

 7      give a summarize of the discussion.  How is

 8      that?

 9             MR. LUFT:  That's fine.  I just want

10      to be clear that:  Ms. Guo, here is my           11:05

11      question, and then I get a answer -- clear

12      answer to the question.

13             THE INTERPRETER:  Yes, to allow the

14      interpreter to interpret the question.

15             MR. TWARDY:  We don't need to debate      11:05

16      interpreted.

17             THE INTERPRETER:  Okay.  Thank you,

18      sir.  The interpreter will interpret the

19      question.

20             MR. TWARDY:  Thank you.                   11:05

21      A.     Fifth Amendment.

22      Q.     And if we would look at the page

23   before, there is a similar organizational chart

24   for -- this time for Greenwich Land.

25             And this one says -- lists your           11:06
</pre>



```
 1                      M. GUO

 2    mother, Hing Chi Ngok -- or let me just lay a

 3    basic foundation.

 4              Hing Chi Ngok is the name of your

 5    mother, correct?                                  11:06

 6         A.    Yes, my mother's name is Hing Chi

 7    Ngok.

 8         Q.    Your father's name is Ho Wan Kwok,

 9    correct?

10         A.    Correct.                               11:07

11         Q.    He also goes by Miles Kwok and Miles

12    Guo, correct?

13         A.    Fifth Amendment.

14         Q.    Have you ever heard anyone refer to

15    your father as Miles Kwok?                        11:07

16         A.    Fifth Amendment.

17         Q.    For purposes of today's deposition,

18    would you prefer me to him as -- let me just

19    strike that.

20              Today when I refer to your father      11:08

21    and the debtor, you will know who I'm referring

22    to?

23         A.    Yes.

24         Q.    Okay.  We will do it that way.

25              Okay.  So if we look at this page,     11:08
```



```
 1                    M. GUO

 2   it show -- it lists Ms. Ngok as controlling

 3   Greenwich Land LLC.

 4            Do you see that?

 5            MR. KIM:  Objection to form.            11:08

 6       Mischaracterizes the document.  Foundation.

 7            MR. VARTAN:  Objection.

 8       A.   I see it.

 9       Q.   Ms. Guo, in fact, at all times your

10   father has owned and controlled Greenwich Land   11:09

11   LLC, correct?

12            MR. KIM:  Objection to form.

13            MR. VARTAN:  Objection.

14            MR. KIM:  Foundation.

15       A.   Fifth Amendment.                        11:09

16       Q.   Turn back to Hudson Diamond

17   Holdings.  At all times your father has owned

18   Hudson Diamond Holdings, correct?

19            MR. KIM:  Objection to form.

20            MR. VARTAN:  Objection.                  11:09

21       A.   Fifth Amendment.

22       Q.   At all times your father has

23   controlled Hudson Diamond Holdings?

24            MR. VARTAN:  Objection.

25            MR. KIM:  Objection to form.             11:10
```



```
 1                          M. GUO

 2      A.      Fifth Amendment.

 3      Q.      At all times your father has owned

 4  all of the assets of Hudson Diamond Holdings?

 5              MR. VARTAN:  Objection.                   11:10

 6              MR. KIM:  Objection to form.

 7  BY MR. LUFT:

 8      Q.      Correct?

 9              MR. KIM:  Objection to form.  Asked

10          and answered -- (audio interruption) --      11:10

11          notice in this deposition in this adversary

12          proceeding.

13              MR. LUFT:  Sorry.  What's that?  I

14          didn't hear you, Austin.  You cut out.

15              MR. KIM:  I apologize.  I'm             11:11

16          objecting to the form of the question.  And

17          Hudson Diamond is not a defendant in this

18          adversary proceeding for which the

19          deposition has been noticed.

20              MR. LUFT:  That is true.  They are        11:11

21          not a defendant.  It's not relevant to my

22          question, but it is a true fact that they

23          are not a defendant.

24              You can go ahead.

25              THE INTERPRETER:  Allow the              11:11
```



```
 1                      M. GUO

 2         interpreter to interpret the question.

 3         A.    Fifth Amendment.

 4         Q.    At all times your father has

 5    controlled all of the assets of Hudson Diamond      11:11

 6    Holdings, correct?

 7              MR. VARTAN:  Objection.

 8              MR. KIM:  Objection to form.

 9         A.    Pith amendment.

10         Q.    At all times any transfers of money      11:12

11    of Hudson Diamond Holdings and any of its

12    affiliates and subsidiaries have been at the

13    direction of your father, the debtor, correct?

14              MR. VARTAN:  Objection.

15              MR. KIM:  Objection to form.          11:12

16         A.    Fifth Amendment.

17         Q.    At all times your father has owned

18    Hudson Diamond New York LLC, correct?

19              MR. VARTAN:  Objection.

20              MR. KIM:  Objection to form.          11:13

21         A.    Fifth Amendment.

22         Q.    At all times your father has

23    controlled Hudson Diamond New York LLC,

24    correct?

25              MR. KIM:  Objection to form.          11:13
```



```
 1                         M. GUO

 2              MR. VARTAN:  Objection.

 3         A.    Fifth Amendment.

 4         Q.    At all times your father has owned

 5    and controlled all assets of Hudson Diamond New      11:13

 6    York LLC, correct?

 7              MR. KIM:  Objection to form.

 8              MR. VARTAN:  Objection.

 9         A.    Fifth Amendment.

10         Q.    At all times any transfers of money      11:14

11    to and from Hudson Diamond New York LLC has

12    been done at the sole direction and control of

13    your father, correct?

14              MR. VARTAN:  Objection.

15              MR. KIM:  Objection to form.           11:14

16    Foundation.

17         A.    Fifth Amendment.

18         Q.    All bank accounts of Hudson Diamond

19    Holdings were opened at the direction of your

20    father, the debtor, correct?                   11:14

21              MR. VARTAN:  Objection.

22              MR. KIM:  Objection to form.

23         A.    Fifth Amendment.

24         Q.    At all times your father, the

25    debtor, has exclusive control of all bank         11:15
```



```
 1                      M. GUO

 2   accounts in the name of Hudson Diamond

 3   Holdings, correct?

 4            MR. VARTAN:  Objection.

 5            MR. KIM:  Objection to form.          11:15

 6       A.    Fifth Amendment.

 7            MR. KIM:  Hey, Avi, we've been going

 8       for about an hour.  Up to you, if this is a

 9       good time for you to break or if you want

10       to finish your line.                       11:16

11            MR. LUFT:  I want to finish my line

12       of questioning.

13            MR. KIM:  Okay.

14            MR. LUFT:  Thanks.

15   BY MR. LUFT:                                   11:16

16       Q.    All bank accounts of Hudson Diamond

17   New York LLC were opened at the direction of

18   your father, the debtor, correct?

19            MR. VARTAN:  Objection.

20            MR. KIM:  Objection to form.          11:16

21       A.    Fifth Amendment.

22       Q.    At all times all bank accounts of

23   Hudson Diamond New York LLC have been

24   exclusively controlled by your father, the

25   debtor, correct?                              11:16
```



1              M. GUO

2         MR. VARTAN:  Objection.

3         MR. KIM:  Objection to form.  And

4    just I want to repeat what I've said

5    earlier.  Hudson Diamond isn't a defendant          11:16

6    in this proceeding.  And this has been

7    going on for, I guess, about 10, 15 minutes

8    on questions of a nondefendant entity.

9    Avi, if you want to put some foundation for

10   this, then I can better understand.  But as        11:17

11   it stands, it looks like you are asking

12   about a nonparty for some other reason

13   that's not related to this litigation.

14        MR. LUFT:  Austin, I'm going to be

15   polite and just say that if you have been          11:17

16   reading the transcripts of this -- of the

17   depositions in this case, it would be

18   abundantly clear why all these questions

19   are directly relevant.  And I'm not going

20   to say any more, okay?                              11:17

21        And I would like the witness to

22   answer my question.

23        THE INTERPRETER:  Allow the

24   interpreter to interpret.

25   A.   Fifth Amendment.                               11:17



1                          M. GUO

2        Q.    Ms. Guo, all funds in the bank that

3   have ever been in the bank accounts of Hudson

4   Diamond New York LLC are funds that were owned

5   and controlled by your father, the debtor,

6   correct?

7              MR. KIM:  Objection to form.

8              MR. VARTAN:  Objection.

9              MR. KIM:  Foundation.  Vague.

10       A.    Fifth Amendment.

11       Q.    Hudson Diamond New York LLC opened

12   bank accounts at your father's directions at

13   Capital One Bank, correct?

14             MR. VARTAN:  Objection.

15             MR. KIM:  Objection to form.

16       Foundation.  Vague.

17       A.    Fifth Amendment.

18       ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████

████████████████████████████████





ESQUIRE
DEPOSITION SOLUTIONS

1                          M. GUO

████████████████

██████████████████████

██████████████████

████████████████████████████████

██████████████████████

████████████████

8              MR. TWARDY:  Avi, we went through

9        this at length before with Judge Manning,

10       this same line of questioning.  Is it

11       necessary to go through this again?

12              MR. LUFT:  Stan, it is because

13       Mr. Kim and his counsel were not parties

14       and present at that litigation.  So we have

15       to put it in here unless he wants to

16       stipulate as to the admissibility of the

17       transcript from the hearing in this case.

18              MR. TWARDY:  Okay.  Thank you for

19       explaining.

20              MR. LUFT:  Okay.

21              MR. KIM:  If it's a transcript

22       from -- if it's a public transcript, I

23       think that that's just public record, isn't

24       it?

25              MR. LUFT:  Well, it's a public



```
 1                    M. GUO
 2    record, but I don't -- look, Austin, if you
 3    want to stipulate that the -- that
 4    Ms. Guo's testimony --
 5          (Multiple speakers.)                    11:23
 6          MR. KIM:  I haven't seen the
 7    transcript so I can't stipulate to anything
 8    right now that I haven't seen.  But I'm
 9    just -- I'm just thinking to streamline
10    this, if it is public -- if it's part of     11:23
11    the public record already, then I tend to
12    agree with Lee that we can streamline this
13    just to save time on the record, but this
14    is your deposition so you can proceed how
15    you wish.                                     11:24
16          MR. LUFT:  I think we need to do
17    this.  I don't think that's how it works,
18    but if you -- like I said, if you guys want
19    to read the transcript, and you want to
20    stipulate, make an agreement so that it's    11:24
21    clear that that transcript is admissible,
22    you know, we can take this up -- or that I
23    can use it as testimony, we can try to do
24    that, but the fact is I think at this point
25    I'll just be faster to go -- just to go       11:24
```



```
1                    M. GUO
2      through this now.
3            So let's just keep moving.
4            THE INTERPRETER:  Counsel, do you
5      need --
6            MR. LUFT:  No, I don't --
7            MR. TWARDY:  You don't need to --
8      Echo, you don't need to interpret that.
9            THE INTERPRETER:  Okay.  Counsels,
10     can we establish lengthy discussion will
11     not be interpreted?
12           MR. LUFT:  I think we should
13     probably do it on a case-by-case basis.
14     I'm not worried.  It's fine with me.  But
15     it's up to her counsel what they want to do
16     on that.
17           THE INTERPRETER:  Okay.  Okay.
18           MR. TWARDY:  If we need you, we will
19     let you know, Echo.  Thank you.
20           THE INTERPRETER:  Thank you.  So
21     please proceed.
```





ESQUIRE
DEPOSITION SOLUTIONS

1                         M. GUO





1                                M. GUO

1                         M. GUO

13          MR. LUFT:  Mr. Kim, this would be a

14      fine time for a break if you'd like one.

15          MR. KIM:  Sounds great.

16          MR. TWARDY:  Five minutes.

17          MR. KIM:  Want ten minutes since

18      it's the first one?  I don't care.

19          MR. TWARDY:  Five minutes is fine

20      more me.

21          MR. KIM:  Okay.  Great.

22          MR. TWARDY:  Thank you.

23          (Recess is taken.)

24          MR. LUFT:  Okay.



1                              M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                    M. GUO

2          MR. KIM:  Okay.  Great.  Yeah, I

3     just want to -- before you go down this

4     line of questioning, and this actually

5     applies in -- to the prior couple of            11:43

6     exhibits as well.  These appear to be

7     documents that were not produced in this

8     litigation, and these are not documents

9     that were provided to counsel for the

10    defendants.  So this is the first time that      11:43

11    we're seeing this document, as well as the

12    other documents as well.

13         I would just like to, you know,

14    inquire why the documents are being

15    introduced in this adversary proceeding for     11:43

16    the first time at a deposition as opposed

17    to be being produced in response to the

18    defendant's document requests.  And so on

19    that basis, I do object to questioning the

20    witness on documents that have not been         11:44

21    produced in this litigation.  It applies to

22    this document that's Tab 8 -- I don't know

23    which exhibit number it is, but it's the

24    Capital One account for Hudson Diamond for

25    the period July 1, 2019, and July 31, 2019,     11:44



```
 1                        M. GUO
 2        with a Bates number of Cap Kwok 000049 and
 3        the prior documents that have been
 4        introduced as well.
 5                THE INTERPRETER:  Counsels, do you
 6        need his statement being translated?
 7                MR. LUFT:  I don't feel a need.
 8        It's up --
 9                (Multiple speakers.)
10                MR. TWARDY:  We don't need that
11        translated.
12                Sorry.  Our microphone is on the
13        blitz.
14                THE INTERPRETER:  Thank you.
15                MR. LUFT:  Are we ready to proceed?
16                MR. TWARDY:  We're ready.
17    BY MR. LUFT:
18        Q.    Okay.
```



1                              M. GUO



22          MR. KIM:  Objection.  The documents

23     produced in this litigation has been

24     withheld by the trustee and being produced

25     for the first time at this deposition.  We



                          M. GUO

1

2    can take this up later as to why the

3    trustee has deemed it appropriate to

4    withhold responsive material documents from

5    the defendants in this proceeding.  And          11:47

6    this is a topic that we have previously met

7    and conferred about.  And I think it's

8    improper to have -- for the trustee to

9    examine the witness on brand-new documents

10   that have, to date, been concealed from         11:47

11   production.

12        And that's a standing objection that

13   goes for this document, the prior documents

14   that were not produced in this litigation,

15   and any other additional documents going         11:47

16   forward.

17        I can state the same objection or we

18   can have a standing objection to the extent

19   that these are documents that are being

20   used at this deposition that have not been        11:47

21   previously produced to the defendants.

22        How would you like to handle it,

23   Avi?  Do you want to have a standing

24   objection to these documents or do you want

25   to me to raise it every time?  Up to you.         11:47



```
1                    M. GUO

2         MR. LUFT:  Mr. Kim, I heard your

3    objection.  Okay.  Can we just hold on for

4    one second?  Let's go off the record for

5    one second.                               11:48

6         (Recess is taken.)

7         THE INTERPRETER:  Counsel, the

8    interpreter hasn't interpreted the question

9    yet.  Do you need that to be interpreted?

10        MR. LUFT:  No, is -- Mr. Kim, are     11:48

11   you on?

12        MR. KIM:  Yes.

13        MR. LUFT:  Are we on the record?

14        THE COURT REPORTER:  Yes, we are.

15        MR. LUFT:  Mr. Kim, this document     11:49

16   was produced to you.  All of these

17   documents have been produced to you.  They

18   were all produced to you on September 5th.

19        (Audio interruption.)

20        MR. LUFT:  This document was used      11:49

21   two days ago, handed to your colleague as

22   an exhibit, also at the deposition of

23   Ms. Ngok.

24        Do you want to take a minute and

25   confirm that?  And then would you like to   11:49
```



```
 1                      M. GUO
 2        withdraw your objection?
 3             MR. KIM:  Sorry about that.  I was
 4        on mute.  I get it.  You are right; I'm
 5        wrong.  Let's go.
 6             MR. LUFT:  Go where?  To you
 7        withdrawing your objections?
 8             MR. KIM:  I just said you're right;
 9        I'm wrong.  You got it, yes.  To this
10        particular document, yes.
11             MR. LUFT:  As to the ones before it
12        that you made --
13             (Multiple speakers.)
14             MR. KIM.  -- I have to confirm, but
15        if you represent that they were produced,
16        okay, but then I have to confirm it.
17             MR. LUFT:  These documents were
18        produced to you, Mr. Kim, and I think next
19        time before you level an accusation you
20        should check.  Let's move on.
21   BY MR. LUFT:
22        Q.   Okay.
23             Ms. Guo, let's mark as exhibit --
```



1                        M. GUO

████████████████████████████████████████

████████████████████████████

4          MR. LUFT:  We're moving -- Mr. Kim,

5     I'm spending no more time with you.

6          (Multiple speakers.)

7          MR. KIM:  Excuse me.  If you are

8     representing that they have been produced

9     I'll take your representation.  I'm just

10    looking at the recent production that was

11    made the other day and I'm not seeing the

12    opening documents.  But if you are

13    representing they were produced, then maybe

14    they were.  And if they were, then no

15    objection.  And if they weren't, then I

16    have the objection.

17         MR. LUFT:  We will check.  I do know

18    that at least one of them is also -- been

19    already an exhibit in the record in this

20    case -- in the -- in the main case.  We

21    will move on.

████████████████████████████████████████

████████████████████████████████████████

████████████████████

████████████████████████████████████████



1                              M. GUO



1                              M. GUO



1                              M. GUO



ESQUIRE
DEPOSITION SOLUTIONS



1                              M. GUO



1                              M. GUO



1                              M. GUO



1                    M. GUO

2          Q.    Ms. Guo, your mother, Hing Chi Ngok,

3    has never been a director, officer, or member

4    of Hudson Diamond New York, correct?

5          A.    Fifth Amendment.

6          Q.    Ms. Guo, your mother, Hing Chi Ngok,

7    had no ability to force Hudson Diamond New York

8    to transfer money to Greenwich Land LLC,

9    correct?

10          MR. KIM:   Objection to form.

11    Foundation.   Vague.

12          A.    Fifth Amendment.



1                                M. GUO



1                                    M. GUO





1                                    M. GUO



1                                   M. GUO



1                                  M. GUO



1                                    M. GUO





1                                     M. GUO



1                              M. GUO

████████████████████████████████████

████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████

██████████████████████████████████

███████████████████████████████

████████████████████████

12              MR. LUFT:  Let's mark as exhibit --

13      hold on one second.  Sorry.

14              MR. TWARDY:  Bear with me one

15      second, please.

16              (Pause in the proceedings.)

17              MR. TWARDY:  Okay.

18   BY MR. LUFT:

19      Q.    Are you familiar with an entity

20   named --

21              MR. VARTAN:  Avi, Stan is out of the

22      room.

23              MR. LUFT:  Oh, sorry.  I didn't know

24      we went off the record.

25              MR. TWARDY:  Sorry.  Thank you.



```
 1                         M. GUO

 2              MR. VARTAN:  He's back.

 3              MR. LUFT:  Do people want a break?

 4         I'm okay with one, one way or the other.

 5              MR. VARTAN:  I leave it up to Mei.        12:31

 6              MR. TWARDY:  Mei is fine.

 7              MR. LUFT:  Okay.  How is the court

 8         reporter?

 9              THE COURT REPORTER:  I'm okay for

10         another twenty minutes, and then a break.    12:32

11              MR. LUFT:  Okay.  I'll keep it in

12         mind.  And please remind me, Lisa, if I

13         forget, okay?

14              MR. TWARDY:  Maybe we will get done.

15              MR. LUFT:  That would be nice.          12:32

16    BY MR. LUFT:

17         Q.    Okay.

18              Let's --

19              MR. LUFT:  Are we back on the

20         record?                                      12:32

21              THE COURT REPORTER:  Yes.

22              MR. TWARDY:  Please.

23    BY MR. LUFT:

24         Q.    Ms. Guo, are you familiar with an

25    entity called Gypsy Mei Food Services LLC?        12:32
```



1                          M. GUO

2        A.     Fifth Amendment.

3        Q.     In fact, it's an entity that you are

4   the sole member of, correct?

5               MR. KIM:  Objection to form.          12:32

6        A.     Fifth Amendment.

7               MR. LUFT:  Let's mark as Exhibit 12

8        the document bearing the Bates stamped HR

9        0003000 through 3032.

10              (Guo Exhibit 12, Limited Liability       12:33

11       Company Agreement of Gypsy Mei Food

12       Services LLC., marked for identification.)

13              MR. LUFT:  I'll represent to you it

14       was produced to us by Hodgson Russ as the

15       file for Gypsy Mei Food Services LLC.         12:33

16              MR. TWARDY:  Tab 28?

17              MR. LUFT:  Correct.

18              (Document review.)

19       A.     Okay.  I see it.

20       Q.     Okay.                                   12:34

21              And, specifically, I'm going to

22   direct you to pages HR 0000 -- sorry --

23   00003019 through 24, which is titled --

24              MR. KIM:  Real quick, Avi, was this

25       used at Ms. Guo's deposition?                 12:34



1                      M. GUO

2              MR. LUFT:  It was, Austin.  It was

3         marked as an exhibit.

4              MR. KIM:  Okay.  All right.

5              MR. LUFT:  As I was saying, this is          12:35

6         titled:  Limited liability company

7         agreement of Gypsy Mei Food Services LLC.

8         Q.   Do you see that?

9         A.   I see it.

10             MR. KIM:  And just to clarify our            12:35

11        prior objection, I understand that this

12        document was introduced as an exhibit

13        before, but we still reserve our objection

14        to the document being introduced by the

15        trustee at depositions for the first time.     12:36

16        I'm not sure if this -- I'm not familiar if

17        this document has been produced in document

18        production.

19             It appears that it's been introduced

20        as exhibits to deposition proceedings.  So     12:36

21        reserve our objection.  But go ahead, Avi.

22             MR. LUFT:  Okay.

23    BY MR. LUFT:

24        Q.   We turn to the page ending at 3023.

25    You see it says:  In witness whereof, the sole     12:36



```
1                        M. GUO
2    member has executed this agreement to be
3    effective as the ay near first above written.
4              And then the name underneath the
5    signature line is Mei Guo?
6         A.    I see it.
7         Q.    And that's your signature, correct?
8         A.    Fifth Amendment.
9         Q.    Okay.
10             Do you see on the next page under
11   Schedule A, it says:  Member name and address,
12   Mei Guo, ███████████████████████
     ████████████████████████, capital contribution
14   $100 and membership interest 100 percent?
15        A.    I see it.
16        Q.    And all of that information is
17   correct and accurate, correct?
18        A.    Fifth Amendment.
19        Q.    And Gypsy Mei Food Services LLC was
20   originally created with the idea that you would
21   be opening some type of drinking establishment,
22   correct?
23             MR. VARTAN:  Objection.
24             MR. KIM:  Objection to form.
25        A.    Fifth Amendment.
```



ESQUIRE
DEPOSITION SOLUTIONS

```
 1                      M. GUO

 2       Q.    And I can't recall exactly, but I

 3   think it was intended to be a bar on the Lower

 4   East Side, correct?

 5              MR. VARTAN:  Objection.            12:39

 6              MR. KIM:  Objection to form.

 7              THE INTERPRETER:  Just give me a

 8       second.

 9       A.    Fifth Amendment.

10       Q.    In fact, but Gypsy Mei Food Services   12:39

11   LLC never actually operated any businesses,

12   correct?

13              MR. VARTAN:  Objection.

14              MR. KIM:  Objection to form.

15       A.    Fifth Amendment.                   12:40

16       Q.    Gypsy Mei Food Services never loaned

17   any money to any other entities, correct?

18              MR. KIM:  Objection to form.

19              MR. VARTAN:  Objection.

20       A.    Fifth Amendment.                   12:40

21       Q.    Gypsy Mei Food Services never earned

22   any revenue, correct?

23              MR. VARTAN:  Objection.

24              MR. KIM:  Objection to form.

25       A.    Fifth Amendment.                   12:40
```



1                          M. GUO

2        Q.    Gypsy Mei Food Service did have a

3   bank account, though, correct?

4              MR. KIM:  Objection to form.

5        A.    Fifth Amendment.                          12:41

6        Q.    It had a bank account at the

7   Sterling National Bank, correct?

8              MR. KIM:  Objection to form.

9        A.    Fifth Amendment.

10       Q.    Any funds ever deposited in a Gypsy   12:41

11   Mei Food Services bank account were funds that

12   were transferred at the direction of your

13   father, the debtor, correct?

14              MR. KIM:  Objection to form.

15       A.    Fifth Amendment.                          12:42

16       Q.    And despite any funds being

17   transferred into Gypsy Mei Food Service's bank

18   account, those funds always remained under the

19   control and ownership of your father, the

20   debtor, correct?                                    12:42

21              MR. VARTAN:  Objection.

22              MR. KIM:  Objection to form.

23       A.    Fifth Amendment.

24       Q.    Other than funds that always

25   remained under the ownership and control of       12:43



```
 1                    M. GUO
 2   your father, the debtor, Gypsy Mei Food Service
 3   has never held any other funds, correct?
 4               MR. VARTAN:  Objection.
 5               MR. KIM:  Objection to form.
 6        A.    Fifth Amendment.
 7        Q.    The sole purpose of any transfer of
 8   funds into a bank account held by Gypsy Mei
 9   Food Services is strictly for the purpose of
10   helping your father hide his assets from his
11   creditors, correct?
12               MR. VARTAN:  Objection.
13               MR. KIM:  Objection to form.
14        A.    Fifth Amendment.
15               MR. LUFT:  I said we would take a
16        break around now.  Why don't we do so.
17               (Recess is taken.)
18   BY MR. LUFT:
19        Q.    Good afternoon, Ms. Guo.  How are
20   you?
21        A.    I'm very good.  Thank you.
22        Q.    Ms. Guo, I just want to ask you one
23   question coming from Exhibit 12 that we looked
24   at right before the break.  It lists your
25   address as ███████████████████████████
```



```
1                         M. GUO
2    ████████████████████████████████
3             Is that still your address?
4        A.    Fifth Amendment.
5        Q.    Sorry.  What is the device your
6    attorney just handed you?
7             MR. TWARDY:  It's the microphone.
8             MR. LUFT:  I just can't see, guys.
9        It's not -- I'm not accusing anyone of
10       anything.  Oh, I see it's a microphone,
11       right.
12            MR. TWARDY:  It's a microphone,
13       yeah.  The other one was on the blink.
14            MR. LUFT:  What?
15            MR. TWARDY:  The other was on the
16       blink.  It wasn't working.
17            MR. LUFT:  There's no problem, guys.
18       I was just curious what it was.  It's not
19       accusing anyone of anything.
20       A.    Okay.
21       Q.    Okay.
22             Was it -- have you ever been lived
23    at ████████████████████████████████████?
24       A.    Fifth Amendment.
25       Q.    Is that ████████████ that is owned
```



```
 1                       M. GUO
 2   by your father, the debtor?
 3             MR. KIM:  Objection to form.
 4             MR. VARTAN:  Objection.
 5        A.    Fifth Amendment.
 6        Q.    Okay.
 7             You can put that document aside,
 8   Ms. Guo.
```

████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

███████████████████████████████

████████████████████████████████████

```
14             MR. KIM:  One second, I'm sorry.
15        Could the reporter just read back, I guess,
16        Avi's introduction?  I just wanted to make
17        sure I heard that correctly.
18             (Question was read back as follows:
19             "QUESTION:  Ms. Guo, to speed this
20        process along a little bit I'll represent
21        to you that the house at the 33 Ferncliff
22        Road in Greenwich, Connecticut, that was
23        held in the name of Greenwich Land, was
24        sold in April 2022, okay?")
25             MR. KIM:  I'm going to object to
```



```
 1                    M. GUO
 2   your characterization.  It's not really a
 3   question so I'm not going to object to
 4   the -- as a question, but I'm just going to
 5   object to the characterization.  But you
 6   can go ahead.
```

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

```
11        MR. KIM:  No, what I'm objecting is
12   it seems to me you are characterizing it
13   as -- I don't know what you mean by held in
14   the name of Greenwich Land LLC.  I think --
15        MR. LUFT:  That's fine.
16        MR. KIM:  -- the proper word is
17   owned or I don't know what the -- what
18   words you want to use.
19        MR. LUFT:  I'll tell you what.  I'll
20   just leave those words out.  It's not
21   important to me.  The date and the sale
22   is --
23        MR. KIM:  Excuse me.
24        MR. LUFT:  I'll just leave those
25   words out then.  Okay.  What matters to me
```



```
 1                    M. GUO
 2        is the date and the sale so that Mei has a
 3        clear understanding.
 4              MR. KIM:  Well --
 5              MR. TWARDY:  Just so I'm clear --
 6        okay.
 7              MR. LUFT:  I'm going to withdraw the
 8        prior statement and I'll say it again
 9        hopefully in a way that everyone agrees
10        with.
11    BY MR. LUFT:
12        Q.    Ms. Guo, I will represent to you
13    that the house at 33 Ferncliff Road -- let me
14    strike that.
```



1                       M. GUO

3        A.      Understood.



1                                M. GUO



1                              M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                                  M. GUO



ESQUIRE
DEPOSITION SOLUTIONS



1                              M. GUO



1                              M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                              M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                                    M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                         M. GUO



24    Q.    Ms. Guo, you know Max Krasner,

25  correct?



```
1                         M. GUO
2        A.    Fifth Amendment.
3        Q.    In fact, you've previously put in a
4   sworn declaration to this court stating that
5   you've tried to call Mr. Krasner, correct?
6        A.    Fifth Amendment.
7        Q.    In fact, you've told the Court that
8   Mr. Krasner was one of the people who handled
9   the business and affairs of Hudson Diamond
10  Holdings, correct?
11             MR. KIM:  Objection to form.
12       A.    Fifth Amendment.
13       Q.    Ms. Guo, you are extremely familiar
14  with Mr. Krasner's signature, correct?
15             MR. VARTAN:  Objection.
16             MR. KIM:  Objection to form.
17       A.    Fifth Amendment.
18       Q.    Ms. Guo, prior to today you've seen
19  Mr. Krasner's signature numerous times,
20  correct?
21             MR. KIM:  Objection to form.
22             MR. VARTAN:  Objection.
23       A.    Fifth Amendment.
```



1                              M. GUO



1                          M. GUO

2              (Discussion held off the record.)



24         Q.    Ms. Guo, you've never been a

25    director of Greenwich Land LLC, correct?

ESQUIRE
DEPOSITION SOLUTIONS

1                        M. GUO

2        A.    Fifth Amendment.

3        Q.    Ms. Guo, you have never been an

4   officer of Greenwich Land LLC, correct?

5        A.    Fifth Amendment.

6        Q.    Ms. Guo, you've never been employee

7   of Greenwich Land LLC, correct?

8        A.    Fifth Amendment.

9        Q.    Ms. Guo, you've never held any

10  ownership in Greenwich Land LLC, correct?

11       A.    Fifth Amendment.

```
 1                      M. GUO
 2              MR. VARTAN:  Objection.
```

████████████████████

██████████████████████████

███████████████████████████████

██████████████████████████████

███████████████████████████

██████████████

██████████████████████

████████████████████████

███████████████████

```
12              MR. TWARDY:  May I ask who joined
13      us.
14              MR. VARTAN:  It's Melissa.
15              MR. LUFT:  It's Lee's colleague.
16              Okay.
17  BY MR. LUFT:
18      Q.    Ms. Guo, the word Mei in Gypsy Mei
19  Food Services on all of these checks is spelled
20  M-E-I, correct?
21      A.    Correct.
22      Q.    That's the same way you spell your
23  first name, correct?
24      A.    Correct.
25      Q.    And Gypsy Mei Food Services LLC was
```



```
1                        M. GUO
2    named after you, correct?
3             MR. VARTAN:  Objection.
4             MR. KIM:  Objection to form.
5        A.    Fifth Amendment.
6        Q.    Okay.
```

█████████████████████████████████

██████████████████████████████████

███████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████

```
14            MR. VARTAN:  Objection.
15            MR. KIM:  Objection to form.
16            One second here.  I have my
17       objection.  I'll wait for the interpreter
18       to finish.
19            MR. LUFT:  You have to let her
20       answer.
21            THE INTERPRETER:  I'm just
22       interpreting.
23            MR. KIM:  I understand.  I would
24       like the court reporter to repeat the
25       question.  I have the objection still
```



```
 1                    M. GUO
 2    standing, but I just want to make sure I
 3    understood what the exact words of the
 4    question were.
 5         MR. LUFT:  We need the witnesses        02:03
 6    answer and then you can do whatever -- you
 7    can repeat whatever you want.
 8         MR. KIM:  I don't want to repeat.
 9    I'd like the court reporter to read back
10    the question.                                02:03
11         MR. LUFT:  No, guys.  Please let the
12    interpreter just give us her answer.  She
13    answered.  I need to hear what it is.
14         MR. KIM:  Okay.
15         THE INTERPRETER:  The interpreter       02:03
16    needs to interpret the objection, but I
17    didn't hear the answer.  The objection
18    is --
19         MR. LUFT:  We don't need the
20    objection.  We just need -- the objection    02:03
21    was after the question and answer.
22         MR. TWARDY:  Yes.
23         MR. LUFT:  We just repeat the
24    question.
25         MR. TWARDY:  Repeat the answer.         02:03
```



1              M. GUO

████████████████████████████

3   Q.    Okay.

4          MR. LUFT:  Now, Austin, you can ask

5   what you want.

6          MR. KIM:  I just wanted the reporter

7   to repeat the question that was asked to

8   make sure I understood what was asked.

9          (Question was read back as follows:

████████████████████████████████████

███████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

17         MR. KIM:  Yeah, objection to form.

18         MR. VARTAN:  Same.

19         MR. LUFT:  Okay.

████████████████████████████████████

████████████████████████████████████

████████

██████████████████████████████

████████████████████████████████████

████████████████████████



1                    M. GUO

4        Q.    Okay.

25        Q.    Ms. Guo, you are represented in



1                          M. GUO

2    connection with your father's bankruptcy by the

3    law firm of Zeisler & Zeisler, correct?

4         A.    Correct.

5         Q.    Zeisler & Zeisler also represents

6    your father in connection with his bankruptcy,

7    correct?

8         A.    Fifth Amendment.

1                                M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                          M. GUO



ESQUIRE
DEPOSITION SOLUTIONS



1                                M. GUO

1                              M. GUO



1                              M. GUO



25              MR. LUFT:  Why don't we go off the



```
1                        M. GUO
2          record and we are going to take a
3          five-minute break, okay?
4                  MR. TWARDY:  Sure.
5                  (Recess is taken.)
6     BY MR. LUFT:
```

1                                    M. GUO



1                              M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                                    M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                              M. GUO



1                              M. GUO



1                          M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                          M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                        M. GUO



24        MR. LUFT:  Okay.  I assume that

25   wasn't to a question.  She -- she is saying

1                               M. GUO



1                                  M. GUO



1                                    M. GUO



1                              M. GUO



1                    M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                                    M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                         M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                          M. GUO



ESQUIRE
DEPOSITION SOLUTIONS

1                              M. GUO

[black redaction bars for lines 2–15]

16              MR. LUFT:  Let's take a break for a

17         minute.  I might be finishing up.  I just

18         want to check some stuff, okay?

19              (Recess is taken.)

20    BY MR. LUFT:

21         Q.   Ms. Guo, I have no further questions

22    for you at this time.  Thank you very much for

23    your time today.  I appreciate it.

24              THE WITNESS:  (In English)  Thank

25         you.  Thank you.



1                    M. GUO

2        MR. TWARDY:  Have a good day,

3    everybody.

4        MR. LUFT:  Mr. Kim, do you have any

5    questions?                                    03:01

6        MR. KIM:  No questions for the

7    defendants.  I just want to, you know, mark

8    this deposition transcript confidential, if

9    that's agreeable to the trustee.

10       MR. LUFT:  It's not.  I don't have a       03:02

11   problem with designating the portions that

12   are confidential, but I think the idea of

13   marking the entire thing confidential is

14   problematic and will create issues with the

15   Court in terms of sealing the courtroom and    03:02

16   whatnot.

17       So if you guys want to look at the

18   transcript and go back and note if there is

19   something in here that you think is

20   confidential, I don't have a problem with      03:02

21   that, but I don't think we should designate

22   the entire transcript confidential.

23       MR. KIM:  Okay.  Then for purposes

24   of today, we can agree that once the final

25   transcript is provided, the parties can        03:02



```
 1                    M. GUO

 2    designate or propose designating portions

 3    of Ms. Guo's deposition transcript

 4    confidential.

 5         Is that agreeable?                          03:02

 6         MR. LUFT:  Sure.

 7         MR. KIM:  Okay.

 8         MR. TWARDY:  Might I ask a question?

 9    Because I'm not familiar with the

10    bankruptcy court and how it acts.  But what   03:03

11    about this -- the deposition of the video

12    aspects of this?  Are they saved in any way

13    or is this just we're doing this via Zoom

14    and none of the video will be disclosed to

15    anybody?                                        03:03

16         MR. LUFT:  I don't believe today's

17    deposition was recorded.

18         Right, Lisa?

19         THE COURT REPORTER:  That's correct.

20    This isn't videoed today.                       03:03

21         MR. TWARDY:  Okay.  Thank you very

22    much.  I just wanted to clarify that.

23         And will we have an opportunity to

24    weigh in on the transcript if we think that

25    there is things which should be                 03:03
```



```
 1                    M. GUO
 2   confidential?
 3        MR. LUFT:  Stan, how do you want to
 4   do that?  Do you want to do through that
 5   Austin?  I don't have a problem with anyone      03:03
 6   weighing in on what they think is
 7   confidential and then we can talk about it.
 8   I don't -- you know, that's okay with me.
 9   You tell me.  Whatever process you guys
10   want to use is okay with me.                      03:03
11        MR. TWARDY:  I'll work it through
12   Austin -- I guess, I'll work it through
13   Austin, would make the most sense.  If he
14   and I disagree, I will be coming to you.
15        MR. LUFT:  That's okay.                      03:04
16        And Melissa, I'm sorry, I didn't
17   mean to exclude you.  You can get involved
18   too.
19        (Continued on the following page to
20   include jurat.)
21
22
23
24
25                                                     03:04
```



1                       M. GUO

2           MS. WERNICK:  That's fine.

3           MR. KIM:  So we will figure all this

4      out once the final is issued.

5           MR. LUFT:  Perfect.                        03:04

6           MR. TWARDY:  Thank you, all,

7      everybody.

8           (Time Noted:  3:04 p.m.)

9

10

11                  ---------------------

12                       MEI GUO

13

14  Subscribed and sworn to before me

15  this       day of              2023.

16

17  ---------------------------------------

18

19

20

21

22

23

24

25



1

2                   C E R T I F I C A T E

3

4   STATE OF NEW YORK    )

5                        ) ss.:

6   COUNTY OF NEW YORK    )

7            I, LISA M. MURACO, a Notary Public

8       within and for the State of New York,

9       Florida, Massachusetts, do hereby certify:

10           That MEI GUO, the witness whose

11      deposition is hereinbefore set forth, was

12      duly sworn by me and that such deposition

13      is a true record of the testimony given by

14      such witness.

15           I further certify that I am not

16      related to any of the parties to this

17      action by blood or marriage; and that I am

18      in no way interested in the outcome of this

19      matter.

20           IN WITNESS WHEREOF, I have hereunto

21      set my hand this 13th day of September,

22      2023.

23      _____

24                  LISA M. MURACO

25



1

2                          I N D E X

3

4    WITNESS                                    PAGE

5    MEI GUO

6    MR. LUFT                                     7

7

8                       E X H I B I T S

9    DESCRIPTION                                 PAGE

10   Guo Exhibit 1, Document Entitled:            26
     Hudson Diamond Holdings LLC with Bates
11   Stamp of HR 0003095

12

13   Guo Exhibit 2, Document Entitled:            27
     Hudson Diamond New York LLC with Bates
14   Stamp of HR 0002584

15

16   Guo Exhibit 3, October 25, 2019, Letter      29
     to Yvette Wang with Bates Stamp of HR
17   002382 through 88

18

21

24

25





ESQUIRE
DEPOSITION SOLUTIONS

1

2    I N D E X   O F   E X H I B I T S(Cont'd.)

3    DESCRIPTION                                        PAGE

4    Guo Exhibit 12, Limited Liability               80
     Company Agreement of Gypsy Mei Food
5    Services LLC.

6



8

12

13

14

15              QUESTIONS INSTRUCTED NOT TO ANSWER

16                      Page        Line

17                           18      20

18

19

20

21

22

23

24

25



```
1
2              ERRATA SHEET FOR THE TRANSCRIPT OF:

3   Case Name:      KWOK v GREENWICH, et al.
    Dep. Date:      Thursday, September 13, 2023
4   Deponent:       MEI GUO

5                   CORRECTIONS:

6   Pg. Ln.  Now Reads        Should Read        Reason

7   ___ ___  _____     _____       _____

8   ___ ___  _____     _____       _____

9   ___ ___  _____     _____       _____

10  ___ ___  _____     _____       _____

11  ___ ___  _____     _____       _____

12  ___ ___  _____     _____       _____

13  ___ ___  _____     _____       _____

14  ___ ___  _____     _____       _____

15  ___ ___  _____     _____       _____

16  ___ ___  _____     _____       _____

17  ___ ___  _____     _____       _____

18
19                            _____

20                            Signature of Deponent

21  SUBSCRIBED AND SWORN BEFORE ME

22  THIS_____DAY OF_____, 2023.

23
24  _____

25  (Notary Public)  MY COMMISSION EXPIRES:_____
```

