**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 (JAM) |
| | : Jointly Administered |
| Debtor.[1] | : |
| | : |
| | : |

**MOTION OF THE COMMITTEE OF UNSECURED CREDITORS TO
MODIFY ORDER LIMITING NOTICE FOR APPLICATIONS SEEKING
COMPENSATION OF FEES OR REIMBURSEMENT OF EXPENSES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 bankruptcy case of Ho Wan Kwok (the "Debtor"), pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Case"), by and through its undersigned counsel, hereby file this motion (the "Motion") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), seeking to modify the *Order Limiting Service of Notice for Application Seeking Compensation of Fees or Reimbursement of Expenses* [Docket No. 1611] (the "Order Limiting Notice") to the Committee Notice Parties (as defined below). In support of this Motion, the Committee respectfully states as follows.

**RELIEF REQUESTED**

1. By this Motion, the Committee seeks to limit service of applications for compensation of fees or reimbursement of expenses in these chapter 11 cases to (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF")

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.

system, (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing, and (iii) the members of the Committee (BVI) (collectively, the "Notice Parties").[2]

## JURISDICTION, VENUE, AND STATUTORY BASES

2. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409.

4. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (i).

## BACKGROUND

**I.    The Individual Debtor's Chapter 11 Case**

5. On February 15, 2022, the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.

7. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [Docket No. 514].

---

[2] Because an official committee has been appointed in the chapter 11 case of the Individual Debtor, the Committee submits that it is not necessary to also serve the 20 largest creditors in the chapter 11 case of the Individual Debtor. *See* Bankruptcy Rule 2002(i).

8.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

## II. Genever (US)'s Chapter 11 Case

9.  On October 12, 2020, Genever (US) filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). No trustee or official committee of unsecured creditors has been appointed in Genever (US)'s chapter 11 case.

10. By order dated November 3, 2022, the New York Bankruptcy Court transferred venue of Genever (US)'s chapter 11 case to this Court.

## III. Genever (BVI)'s Chapter 11 Case

11. On October 11, 2022, Genever (BVI) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. No trustee or official committee of unsecured creditors has been appointed in Genever (BVI)'s chapter 11 case.

12. On November 21, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case, Genever (BVI)'s chapter 11 case, and Genever (US)'s chapter 11 case [Docket No. 1141].

## IV. Fee and Expense Applications

13. To date, the Court has approved the retention of various professionals in these chapter 11 cases, including but not limited to (i) Paul Hastings LLP, as counsel to the Trustee and the Genever Debtors [Docket Nos. 668, 1376], (ii) Neubert, Pepe & Monteith, P.C., as local Connecticut counsel to the Trustee and the Genever Debtors [Docket Nos. 669, 1107, 1177], (iii) Harney Westwood and Riegels LP, as BVI counsel to the Trustee and Genever BVI [Docket No.

909, 1286], (iv) Pallas Partner LLP, as UK solicitor for the Trustee [Docket No. 1596], and (v) Pullman & Comley, LLC, as counsel to the Committee [Docket No. 298].

14. On March 29, 2023, the Court previously entered the *Order Limiting Service of Notice for Application Seeking Compensation of Fees or Reimbursement of Expenses* [Docket No. 1611] (the "Order Limiting Notice") which, among other things, provides that applications for compensation of fees or reimbursement of expenses in these chapter 11 cases only need to be served upon: (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system; (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing; and (iii) the twenty (20) largest creditors in the Debtors' chapter 11 cases of Genever (BVI) and Genever (US) (collectively, the "Notice Parties").

15. The Order Limiting Notice also provided that parties may seek further modifications to procedures relating to interim fee and expense reimbursement applications.

14. On June 20, 2023, the Committee and Pullman & Comley, LLC filed the *First Interim Application of Pullman & Comley, LLC, for Reimbursement of Expenses for the Period from March 29, 2022 through April 30, 2023* [Docket No. 1917] (the "First PC Expense Application").

15. The Court scheduled the hearing on the First PC Expense Application on July 18, 2023, and the Committee and Pullman & Comley, LLC incurred substantial expense in facilitating service on the Notice Parties. The Court subsequently granted the First PC Expense Application, as modified pursuant to the comments of the Office of the United States Trustee. Docket No. 2021.

16. On October 16, 2023, the Committee and Pullman & Comley, LLC filed the *Second Interim Application of Pullman & Comley, LLC, for Reimbursement of Expenses for the Period from May 1, 2023 through August 31, 2023* [Docket No. 2255] (the "Second PC Expense Application").

17. The Court issued a Notice of Hearing for November 28, 2023 at 2:00 p.m.  Docket No. 2276.

18. The Committee and Pullman & Comley seek a modification from the Order Limiting Notice to (i) all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system; (ii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing , via first class mail; and (iii) the members of the Committee via e-mail (the "Committee Notice Parties").

## BASIS FOR RELIEF REQUESTED

19. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

20. Pursuant to Rule 2002(a)(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), notice of a hearing on any entity's request for compensation or reimbursement of expenses must be given by mail if the request exceeds $1,000. Moreover, Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2), (3) and (6) of [Rule 2002] may be . . . mailed only to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

21. The Committee has not been appointed in the Genever (BVI) and Genever (US) matters and the Committee does not have an appearance on those dockets. Thus, the Committee should have to incur the cost of serving its fee applications on the 20 largest unsecured creditors in those cases. In lieu of serving itself, which is permitted under the Order Limiting Notice and Rule 2002(i), the Committee offers to modify the Order Limiting Notice to permit e-mailing with the Committee's members.

22. Relief of this nature (*i.e.*, limiting service of fee and expense applications) is commonly sought as part of compensation procedures, which are approved as a matter of course in chapter 11 cases. Given the costs of service, the large administrative costs incurred in this matter (and likely to continue to accrue), the Committee requests the very narrow relief of modifying the Order Limiting Notice as specified above.

23. The Committee submits that the relief sought in this Motion is appropriate in these chapter 11 cases and is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest.

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: Hartford, Connecticut
October 27, 2023

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HO WAN KWOK**

By:  */s/Jonathan A. Kaplan*
Irve J. Goldman
Jonathan A. Kaplan
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
860-424-4379
jkaplan@pullcom.com
Its Attorneys

## CERTIFICATION OF SERVICE

I, Jonathan A. Kaplan, herby certify that on the 27th day of October, 2023, a true and correct copy of the foregoing was filed with the Court and served upon all parties that have filed a notice of appearance and request for notice electronically via the Court's CM/ECF electronic filing system.

*/s/ Jonathan A. Kaplan*

ACTIVE/83201.1/JKAPLAN/11389818v1