**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK, *et al.*,[1]                             :    Case No. 22-50073 (JAM)
                                                      :
                        Debtors.                      :    (Jointly Administered)
                                                      :
------------------------------------------------------x

**NINTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE
FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE
2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL ENTITIES
AND INDIVIDUALS AFFILIATED WITH DEBTOR AND
ENTITIES DOING BUSINESS WITH DEBTOR**

      Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Case") of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004(a) (the "Bankruptcy Rules") and Local Bankruptcy Rule 2004-1 (the "Local Rules"), hereby applies (the "Application" or "Motion") to conduct the examination of the business associates, professionals, and corporate entities (the "Related Persons"), and certain entities doing business with Debtor and/or affiliated entities (the "Vendors" and, together with the Related Persons, the "Examinees") which the Trustee believes the Debtor and Related Persons used to conduct business relevant to the estate of the Debtor, as such Examinees are identified in **Exhibit B**, attached hereto, in the Case. **Please take notice that the deadline to object to this Application is November 13, 2023,**

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

and in the absence of a timely filed objection, the proposed order filed herewith as <u>Exhibit A</u> (the "<u>Proposed Order</u>") may enter without further notice and hearing. In support of his Application, the Trustee respectfully states as follows:

<div align="center"><u>PRELIMINARY STATEMENT</u></div>

1. The Trustee, in furtherance of his duties and responsibilities under the order authorizing the appointment of a chapter 11 trustee dated July 6, 2022, (*See* ECF. No. 465, at 14, hereinafter referred to as the "<u>Trustee Order</u>"), continues his investigation into the Debtor's financial and business affairs to determine whether additional estate assets exist and to recover upon those assets for the benefit of the Debtor's estate.

2. The Trustee's investigation has identified more entities with possible knowledge of the Debtor's assets and financial activities, and the Trustee seeks to further his investigation through additional Bankruptcy Rule 2004 discovery of these Examinees.

3. The Trustee believes that the Examinees have access to and understandings of information relating to the Debtor's assets, financial affairs, and potential financial interests in various corporate entities related to the Debtor, his family, or his associates. Indeed, the Trustee expects that, to the extent the Debtor has engaged in efforts to hide his wealth through a network of shell companies and otherwise (as the New York Supreme Court has found), the Debtor would likely have needed extensive assistance and aid and participation by the Related Persons.

4. The Trustee has submitted several Bankruptcy Rule 2004 motions granted by the Court, including one directed at legal and financial firms believed to have advised the Debtor and related entities and individuals (ECF No. 637, the "<u>Advisors 2004 Motion</u>"), one directed at entities and individuals believed to be affiliated with, controlled by, or otherwise connected to the Debtor (the "<u>Affiliates 2004 Motion</u>"), the Trustee's First Supplemental Omnibus Motion dated

<div align="center">2</div>

September 7, 2022 (the "First Omnibus Motion"), the Trustee's Second Supplemental Omnibus Motion dated November 18, 2022 (the "Second Omnibus Motion"), the Trustee's Third Supplemental Omnibus Motion dated December 21, 2022 (the "Third Omnibus Motion,"), the Trustee's Fourth Supplemental Omnibus Motion dated March 24, 2023 (the "Fourth Omnibus Motion"), the Trustee's Fifth Supplemental Omnibus Motion dated May 15, 2023 (the "Fifth Omnibus Motion"), the Trustee's Sixth Supplemental Omnibus Motion dated August 11, 2023 (the "Sixth Omnibus Motion,"), and the Trustee's Seventh Supplemental Omnibus Motion dated October 10, 2023 (the "Seventh Omnibus Motion" and, together with the Advisors 2004 Motion, the Affiliates 2004 Motion, the First Omnibus Motion, the Second Omnibus Motion, the Third Omnibus Motion, the Fourth Omnibus Motion, the Fifth Omnibus Motion, and the Sixth Omnibus Motion, collectively, the "2004 Motions"), which was granted by Court order dated October 24, 2023 (*see* ECF No. 2281). The Trustee has also recently filed the Trustee's Eighth Supplemental Omnibus Motion dated November 2, 2023 [ECF No. 2304] (the "Eighth Omnibus Motion"). The discovery requested herein will supplement and augment inquiries the Trustee has already begun, as well as open additional avenues of investigation and potential discovery of assets.

5.      In the interest of brevity, the Trustee incorporates the 2004 Motions herein by reference and makes them a part hereof. All capitalized terms not defined herein shall have the meanings ascribed to them in the 2004 Motions.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction to entertain this application under 28 U.S.C. §§ 157 and 1334. Venue to hear this Application is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

7.      This Application is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2) (A), (E), and (F).

**THE EXAMINEES**

8.      The Examinees are additional entities that may be working for, with, or controlled by the Debtor, or that may otherwise have material information concerning the Debtor's assets and financial condition.  Many of the Examinees are related to the web of shell companies described by New York Supreme Court as the Debtor's "shell game."  The Examinees further include affiliated entities that assisted the Debtor in carrying out the various business activities that are subject to the Trustee's investigation as well as parties that may have contracted with or otherwise done business with the Debtor.

9.      More specifically, the Examinees are as follows:

(a)      (i) **G Club One**, (ii) **G Club Two**, (iii) **G Club Three**, (iv) **G Club International Limited**, (v) **G Fashion Hold Co. B. Limited**, (vi) **G Fashion International Limited** (vii) **Jovial Century International Limited**, (viii) **Stichting Duurzame**, and (ix) **G Club HoldCo I LLC** (collectively, the "G-Club Related Entities") are additional "G Series" entities, or affiliates or parent corporations of such entities, some of whose names are inspired by the Debtor (and which are affiliated with the New Federal State of China ("NFSC") and/or the Himalaya Exchange), which G Series entities this Court has found "serve[s] the purposes of the Debtor, serve[s] as business vehicles for the Debtor, and their members are personally loyal to the Debtor."[2] Additionally, several of the G-Club Related Entities have transferred funds to and from other Debtor-affiliated entities, including G Fashion (with respect to which 2004 discovery was granted in connection with the Second Omnibus Motion) and ACA Capital Group Limited (with respect to which 2004 discovery was granted in connection with the First Omnibus

---

[2]      *Corrected Mem. of Decision Granting in Part Mot. for Prelim. Inj.* ¶ 7, Adv. Proc. No. 22-05032 [Docket No. 133].

Motion). As such, the G-Club Related Entities may have information, documents and records relating to the Debtor and his business and financial affairs and transactions which will aid the Trustee in his investigations;

**(b)** (i) **Haoran He** is an individual associated with both the Debtor and William Je (the Debtor's co-defendant in the criminal case against the Debtor), who the Trustee understands to be the direct or indirect owner of certain G-Club Related Entities, while (ii) **Andrew Childe** serves as a director of certain G-Club Related Entities, certain of which entities this Court has found "serve[s] the purposes of the Debtor, serve[s] as business vehicles for the Debtor, and their members are personally loyal to the Debtor."[3] Therefore, Mr. He and Mr. Childe may have information, documents and records relating to the Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations;

**(c)** **Ridwan Mamode Saib** serves as a director of Hamilton Opportunity Fund SPC, an entity which the Trustee understands is controlled by William Je (the Debtor's co-defendant in the criminal case against the Debtor), and as a director of Macaron Limited, which was disclosed to the Court by the Debtor's counsel as an "intermediary entities" used to effectuate payment by Qiang Guo, the Debtor's son, of the Debtor's counsel's fees. As such, Mr. Saib may have information, documents and records relating to the Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations;

**(d)** The Trustee understands that (i) **Ding "Ivan" Lin** and (ii) **Doaa Dashoush** served as CEO to, and (iii) **Kamel Debeche** was a co-founder of, G Fashion, which this

---

[3] *Corrected Mem. of Decision Granting in Part Mot. for Prelim. Inj.* ¶ 7, Adv. Proc. No. 22-05032 [Docket No. 133].

Court has found was one of a number of entities which "serve the purposes of the Debtor, serve as business vehicles for the Debtor and [whose] members are personally loyal to the Debtor."[4] Therefore, they may have information, documents and records relating to the Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations;

(e)     **G-News Operations, LLC** ("G-News Operations") is an additional 'G entity' whose name the Trustee understands is inspired by the Debtor, and whose manager and authorized representative is Irene Feng (with respect to whom 2004 discovery was granted in connection with the Sixth Omnibus Motion), former operations manager of HCHK Technologies, Inc. ("HCHK Technologies"), and who is understood to be the same individual as Linwan Feng, who is among the plaintiffs in the November 2022 lawsuit filed in the Southern District of New York against the Trustee by a group of the Debtor's supporters, which accused the Trustee of being an agent of the Chinese government.[5] Additionally, G-News Operations had sought to enter into an Interim Management Agreement ("IMA") with HCHK Technologies in the New York state assignment proceeding with respect to HCHK Technologies, which IMA would have granted G-News Operations complete control and authority to manage and operate HCHK Technologies business.  As such, G-News Operations may have information, documents and records relating to the Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations;

---

[4]     *Corrected Mem. of Decision Granting in Part Mot. for Prelim. Inj.* ¶ 7, Adv. Proc. No. 22-05032 [Docket No. 133].

[5]     *See Suppl. Emergency Ex Parte Mot. of Chapter 11 Trustee for TRO and Prelim. Inj.*, ¶ 8 [Adv. Proc. No. 23-05013, Docket No. 14].

(f)    (i) **Gypsy Mei Food Service LLC** ("GMFS"),[6] (ii) **Gypsy Mei Productions LLC**, (iii) **The Lost Draft LLC**, and (iv) **GM 27 LLC** (collectively, the "Gypsy Mei Entities") are additional entities which, though registered in the name of, and in part named after, the Debtor's Daughter, the Trustee understands to have received potential Estate funds.  As such, the Gypsy Mei Entities may have information, documents and records relating to the Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations;

(g)    (i) **Cirrus Design Corporation** (d/b/a **Cirrus Aircraft**) and (ii) **Cirrus Industries** (collectively the "Cirrus Entities") are aircraft manufacturers that Debtor-related entities Leading Shine NY Ltd. and HCHK Technologies, Inc. made payments totaling millions of dollars believed to be for the benefit of the Debtor to.  Therefore, the Cirrus Entities may have information, documents and records relating to the Debtor, his business, financial affairs and transactions which will aid the Trustee in his investigations;

(h)    (i) **5780 Saguaro LLC**, (ii) **BAC Capital LLC**, and (iii) **Funky Foundations, Inc.** are the owners of various properties which the Trustee has seen records suggesting that the Debtor and the Debtor's Family have an interest in, including the properties at 5780 N Saguaro Rd, Paradise Valley, Arizona, at 211 West 14th Street, Unit 9B, New York, New York, and at 492 Broome Street, Apt. 3, New York, New York, respectively. As such, these entities may have documents and records relating to the

---

[6]    GMFS has also previously been served with a subpoena (the "GMFS GL Subpoena") requesting production of documents in connection with the Trustee's action against Greenwich Land and Hing Chi Ngok, *Despins v. Greenwich Land et al.* (Adv. Proc. Case No. 23-05005).  To the extent the subpoena of GMFS attached to this Motion (the "GMFS 2004 Subpoena") seeks information or documents which GMFS has already produced in connection with the GMFS GL Subpoena, GMFS need not produce such information and documents to the Trustee in response to the GMFS 2004 Subpoena.

Debtor, his financial affairs and transactions which will aid the Trustee in his investigations;

(i)     The Trustee understand that (i) **Chris Lee** (a/k/a Nan Li, Chris Li, Mei Guo Xiao Li), (ii) **Yinying Wang** (a/k/a Xiao Fei Xiang), and (iii) **Yongping Yan** (a/k/a Shan Mu) are affiliates of the Debtor who have been identified as individuals have been directing the Proposed Intervenors[7] in *Despins v. HCHK, et al.* (Adv. Proc. No. 23-5013) adversary proceeding (the "HCHK Adversary Proceeding"), and who the Trustee understands also to have worked for the Debtor.  As such, they may have information, documents and records relating to the Debtor and his business and financial affairs and transactions, which will aid the Trustee in his investigations; and

(j)     **Mar-a-Lago Club, LLC** is a resort which has received payments from various Debtor-affiliated entities.  Therefore, Mar-a-Lago Club, LLC may have documents and records relating to the Debtor, financial affairs and transactions which will aid the Trustee in his investigations.

## RELIEF REQUESTED

10.     The Trustee seeks entry of an order, in substantially the form of the Proposed Order, pursuant to Bankruptcy Rule 2004(a) and Local Rule 2004-1, authorizing the Trustee to conduct the examination of the Examinees included on Exhibit B.

## BASIS FOR RELIEF REQUESTED

11.     Pursuant to Rule 2004(a), on application of a party in interest, the Court may order the examination of any person or entity.  The scope of an examination authorized under Rule 2004 is exceedingly broad and may relate to the "acts, conduct, or property or to the liabilities and

---

[7]     As defined in the HCHK Adversary Proceeding.

financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

12.     "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Group Ltd.*, 2018 WL 4006324, at \*4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted). This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). *See also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." (internal quotation and citation omitted)).

13.     In the declaration he submitted on March 20, 2022 in support of the filing of this case, the Debtor represented that among the purposes for filing his chapter 11 case were "to … (b) afford stakeholders an efficient opportunity to investigate [his] assets, liabilities, and financial affairs, given what [he] perceive[d] to be misunderstandings in that regard; [and] (c) establish what assets are estate property and, in turn, available for distribution to holders of allowed claims . . . ." (Debtor's Declaration, ¶3). The investigation the Trustee seeks to perform is directly relevant to these stated purposes in that it will help the Trustee identify the Debtor's assets and liabilities in order to make distributions to creditors.

14.     The areas for inquiry herein are part of the Trustee's ongoing investigative efforts. As the investigation evolves, new avenues of inquiry become apparent and the need for additional discovery of persons, entities and areas of inquiry arises. Based on all the facts and evidence

discussed above and as contained in the 2004 Motions, the Trustee seeks the investigative tools afforded by Rule 2004 to further establish the true ownership of assets and to explore other potential assets about which the Trustee does not yet have knowledge.

15.    The Trustee requests that, in furtherance of his examinations, the Court direct the Examinees to provide documentation to the Trustee's counsel, as requested in the forms annexed hereto[8] and made a part hereof (the "Proposed Subpoenas"), within thirty (30) days of the service of a subpoena, substantially similar in form and substance to the Proposed Subpoenas, or such other time as agreed upon by the Trustee.  These requests seek documents consisting of, among other things, the Examinees' communications with the Debtor regarding his financial condition, asset transfers, and corporate governance issues.  The requests also seek the Examinees' internal files and correspondence on these same topics.

16.    The type of discovery that the Trustee will obtain from Examinees is well within the scope of Bankruptcy Rule 2004.  Bankruptcy courts routinely provide for Rule 2004 discovery against professional firms when the discovery may identify and aid the recovery of assets for the benefit of the estate and creditors.  *See, e.g., In re Bame,* 251 B.R. 367 (Bankr. D. Minn. 2000); *In re Horvath*, No. 13-34137, 2015 WL 2195060 (Bankr. N.D. Ohio May 7, 2015) (approving discovery related to claims on schedule of assets permissible from individual debtor where obtaining such discovery might increase the value of the debtor's estate).

17.    The Trustee submits that the facts set forth above constitute sufficient cause for the Court to order the production of documents pursuant to Rule 2004 from the Examinees.  Although

---

[8]    Included in Exhibit B is an index of Proposed Subpoenas that would be served on the Examinees if this Motion is granted.  The Trustee also attaches hereto as **Exhibits C-1 to C-29** the individualized Proposed Subpoenas, including the topics for discovery directed to each Examinee, which are substantially similar in form and substance.

the Debtor is a necessary source of information and documents to help the Trustee uncover estate

assets, seeking discovery from other parties, including the Examinees, is likely to significantly

reduce the costs the estate would otherwise incur in identifying and recovering estate property.

Indeed, documents in the possession of the Examinees could be among the most valuable to the

Trustee's investigation.[9]

18.      Authorization of this Application is critical for the Trustee to fulfill the duties

contemplated in the Trustee Order effectively, including specifically his mandate to "locate the

Debtor's assets for the benefit of creditors and the estate" and "investigate the Debtor's assets,

liabilities, and financial affairs." (*See* Trustee Order at 15-16, 18).

19.      No party in interest, including the Debtor, shall suffer undue prejudice upon the

granting of the relief sought in this Application.

## NO PRIOR REQUEST

20.      No prior application for the relief requested herein has been made.  The Trustee

filed the prior 2004 Motions, including the Sixth Omnibus Motion, which the Court granted, and

the Seventh Omnibus Motion; however, those prior motions did not request to take discovery from

the Examinees at issue here.

## OBJECTION DEADLINE

21.      The deadline to object to this Application is **November 13, 2023**, and in the absence

of a timely filed objection, the Proposed Order may enter without further notice and hearing.

*[The rest of this page is intentionally blank.]*

---

[9]      The Trustee also requests authority to serve the Proposed Subpoenas on affiliates or subsidiaries of the
Examinees if in the course of the Trustee's investigation it is determined that such affiliates and subsidiaries of
the Examinees are the parties in control of documents relating to the Examinees that are relevant to the
Trustee's investigation.

WHEREFORE, the Trustee respectfully requests that the Court grant this Application and

enter the Proposed Order, pursuant to Fed. R. Bankr. P. 2004(a), directing the examination of the

Examinees, and directing the production of certain documents as set forth in the Requests for

Production of Documents attached to the Proposed Subpoenas, and for such other and further relief

as the Court may deem just and proper.

Dated:    November 6, 2023              LUC A. DESPINS,
          New Haven, Connecticut        CHAPTER 11 TRUSTEE

                                        By: */s/ Patrick R. Linsey*
                                            Douglas S. Skalka (ct00616)
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            dskalka@npmlaw.com
                                            plinsey@npmlaw.com

                                            *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK, *et al.*,[1]                               :    Case No. 22-50073 (JAM)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
--------------------------------------------------------x

<u>**NOTICE OF OBJECTION DEADLINE**</u>

Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's Estate (the "<u>Applicant</u>"), has

filed an Application for Rule 2004 Examination of certain corporate entities, advisors, and vendors

identified in **<u>Exhibit B</u>** (the "<u>Rule 2004 Examination</u>") with the U.S. Bankruptcy Court for the

District of Connecticut.  Notice is hereby given that any objection or response to the Rule 2004

Examination must be filed with the Court no later than November 13, 2023, in accordance with

Fed. R. Bankr. P. 2002(a) and 9014 and Local Bankr. R. 2004-1(c).  In the absence of a timely

filed objection, the proposed order regarding the Rule 2004 Examination may enter without further

notice and hearing, see 11 U.S.C. section 102(1).

*[REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    November 6, 2023        LUC A. DESPINS,
          New Haven, Connecticut   CHAPTER 11 TRUSTEE

                                   By: */s/ Patrick R. Linsey*
                                      Douglas S. Skalka (ct00616)
                                      Patrick R. Linsey (ct29437)
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2847
                                      dskalka@npmlaw.com
                                      plinsey@npmlaw.com

                                      *Counsel for the Chapter 11 Trustee*

14

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, et al.,[11]                               :    Case No. 22-50073 (JAM)
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
-------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING**
**NINTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE**
**FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE**
**2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL ENTITIES**
**AND INDIVIDUALS AFFILIATED WITH DEBTOR AND**
**ENTITIES DOING BUSINESS WITH DEBTOR**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Examinees listed on Exhibit B thereto (the "Application", ECF No. ____), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-29 and to serve the Subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Examinees listed on Exhibit B to the Application.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Examinees are hereby directed to produce all documents within 30 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the Examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R.

---

[11] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 30 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Examinee listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Monteith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated: _____, 2023

_____
Julie A. Manning,
United States Bankruptcy Judge

2

**Exhibit B**

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| 5780 Saguaro LLC | 5780 N Saguaro Rd<br>Paradise Valley, Arizona 85253 | Exhibit C-1 |
| Andrew Childe | 159 Mary Street<br>Harbour Centre, 2nd FL<br>George Town, Grand Cayman | Exhibit C-2 |
| BAC Capital LLC | 211 West 14th St.<br>Unit 9B<br>New York, New York, 10011 | Exhibit C-3 |
| Chris Lee (a/k/a Nan Li, Chris Li, Mei Guo Xiao Li) | 649 Puma Canyon Ln<br>Glendora, CA 91740<br><br>7940 Garvey Ave.<br>Ste. 202<br>Rosemead, CA 91770 | Exhibit C-4 |
| Cirrus Design Corporation (d/b/a Cirrus Aircraft) | 4515 Taylor Cir<br>Duluth, MN 55811-1548<br><br>c/o Registered Agent Solutions, Inc.<br>222 S. 9th Street<br>Suite 450<br>Minneapolis, MN 55402 | Exhibit C-5 |
| Cirrus Industries, Inc. | 4515 Taylor Cir<br>Duluth, MN, 55811-1548<br><br>c/o Registered Agent Solutions, Inc.<br>838 Walker Road, Suite 21-2<br>Dover, DE 19904 | Exhibit C-6 |

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| Ding "Ivan" Lin | 134-25 Franklin Ave.<br>Apt. 217<br>Queens, New York 11355<br><br>101 Merritt 7 Corporate Park<br>Suite 300<br>Norwalk, Connecticut 06851 | Exhibit C-7 |
| Doaa Dashoush | 29 Vista Trl<br>Wayne, NJ 07470-6278 | Exhibit C-8 |
| Funky Foundations, Inc. | c/o Richard Kingman<br>302A West 12th Street<br>#117<br>New York, New York 10014 | Exhibit C-9 |
| G Club HoldCo I LLC | FH Corporate Services Ltd.<br>Clarence Thomas Building<br>P.O. Box 4649<br>Road Town, British Virgin Islands | Exhibit C-10 |
| G Club International Limited | 159 Mary Street<br>Harbour Centre, 2nd FL<br>George Town, Grand Cayman | Exhibit C-11 |
| G Club One | c/o Leanne Li<br>800 N Harper Ave<br>Los Angeles, CA  90046 | Exhibit C-12 |

2

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| G Club Three | c/o Leanne Li<br>800 N Harper Ave<br>Los Angeles, CA  90046 | Exhibit C-13 |
| G Club Two | c/o Leanne Li<br>800 N Harper Ave<br>Los Angeles, CA  90046 | Exhibit C-14 |
| G Fashion Hold Co. B. Limited | FH Corporate Services Ltd.<br>Clarence Thomas Building<br>P.O. Box 4649<br>Road Town, British Virgin Islands | Exhibit C-15 |
| G Fashion International Limited | FH Corporate Services Ltd.<br>Clarence Thomas Building<br>P.O. Box 4649<br>Road Town, British Virgin Islands | Exhibit C-16 |
| GM 27 LLC | 15 North Mill Street<br>Nyack, NY 10960<br><br>c/o Russ LLP<br>140 Pearl Street<br>Suite 100<br>Buffalo, NY 14202<br><br>c/o Corporate Creations Network Inc.<br>600 Mamaroneck Avenue, #400<br>Harrison, NY 10528 | Exhibit C-17 |
| G-News Operations, LLC | One Gateway Center<br>Suite 2600<br>Newark, New Jersey 07102<br><br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street | Exhibit C-18 |

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| | Wilmington, DE 19801 | |
| Gypsy Mei Food Services LLC | c/o Corporate Creations Network Inc.<br>600 Mamaroneck Avenue, #400<br>Harrison, NY 10528<br><br>c/o Corporate Creations Network Inc.<br>Tatnall Building<br>3411 Silverside Road, Suite 104<br>Wilmington, DE 19810 | Exhibit C-19 |
| Gypsy Mei Productions LLC | c/o Corporate Creations Network Inc.<br>Tatnall Building<br>3411 Silverside Road, Suite 104<br>Wilmington, DE 19810 | Exhibit C-20 |
| Haoran He | 79 East Works Drive<br>Coften Hackett, Birmingham<br>West Midland, B45 8GR<br>United Kingdom | Exhibit C-21 |
| Jovial Century International Limited | FH Corporate Services Ltd.<br>Clarence Thomas Building<br>P.O. Box 4649<br>Road Town, British Virgin Islands | Exhibit C-22 |
| Kamel Debeche | 518 N San Vicente Blvd.<br>West Hollywood, California 90048 | Exhibit C-23 |

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| Mar-a-Lago Club LLC | 1100 S. Ocean Blvd.<br>Palm Beach, FL 33480<br><br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808 | Exhibit C-24 |
| Ridwan Mamode Saib | Genesis Building, 5th Floor<br>Genesis Close<br>PO Box 446<br>Grand Cayman KY1-1106, Cayman Island | Exhibit C-25 |
| Stichting Duurzame | Regulierenring 12<br>Bunnik, Utrecht<br>Netherlands 3981 LB | Exhibit C-26 |
| The Lost Draft LLC | c/o Corporate Creations Network Inc.<br>600 Mamaroneck Avenue, #400<br>Harrison, NY 10528 | Exhibit C-27 |
| Yinying Wang (a/k/a Xiao Fei Xiang) | 2030 Hudson St.<br>Unit 1019<br>Fort Lee, NJ 07024 | Exhibit C-28 |
| Yongping Yan (a/k/a Shan Mu) | 3727 Seward Ln<br>Frederick, MD 21704 | Exhibit C-29 |

# Exhibit C-1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]        Case No.   22-50073 (JAM)
              Debtor                    Chapter    11
                                                    (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **5780 Saguaro LLC**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Neubert, Pepe & Monteith, P.C.<br>195 Church Street, Floor 13<br>New Haven, Connecticut 06510 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November     , 2023**

                              CLERK OF COURT

                                       OR

      *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b.  Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

   c.  <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

   d.  <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

   e.  <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

   f.  <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,
(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances
upon which You will rely to support such claim of privilege; and (b) produce a privilege log
containing all of the information requested in Part (a) of this Instruction for each Document
withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any
part of a Document Request as to which a claim of privilege or work product is not made,
responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a
claim of privilege, only that portion of the Document subject to the claim of privilege shall be
deleted or redacted from the Document following the instructions above, and the rest shall be
produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement
or correct any responses later learned to be incomplete or incorrect immediately upon learning that
a prior response was incomplete or incorrect; and (b) produce any additional Documents that are
called for under the

11.      If a Document is in a language other than English, You should provide that
Document.  If a Document is in a language other than English, and an English translation exists,
You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or
nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2015 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to 5780 Saguaro LLC, together with any of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.        "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.        "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.        "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.        "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.        "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.        "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason

8

Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management

LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "Any" and "all" and "each" mean "each and every."

12.    "Each" and "every" mean "each and every."

13.    "Third Party" means a Person or Entity other than Yourself.

14.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody or control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer

disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.      "<u>Person(s)</u>" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.      "<u>Entity</u>" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

18.      "<u>Regarding</u>" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.      "<u>Relating to</u>," "<u>relate(s) to</u>" or "<u>related to</u>," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item of economic value that is subject to possession, custody, or control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents or communications related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, or Associated Entity.

2.    All Documents or communications related to any agreement, contract, or term sheet with the Debtor, any member of the Debtor's Family, and/or any Associated Entity, including any rental agreements, leases, and purchase and sale agreements, including any drafts and copy(ies) of such agreement(s), contract(s), or term sheet(s).

3.      All Documents or communications related to any payment or Transfer to You based from the Debtor, the Debtor's Family, or an Associated Entity, including documents sufficient to identify the amount of the payment or Transfer and its source.

4.      All Documents or communications related to any fees, payments, or monies received by You from or on behalf of the Debtor, the Debtor's Family, a Family Related Entity, or an Associated Entity held in escrow or in a client trust account.

5.      Documents sufficient to show the amount, date, and source of any payments made to You by, on behalf of, or for the benefit of the Debtor, the Debtor's Family, or an Associated Entity.

6.      All Communications between You and, either, the Debtor, the Debtor's Family, or any Associated Individual, agent, employee, or other individual acting on behalf of the Debtor, related to any Transfer, investment, or other transaction or business dealing relating to the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities.

7.      All Documents and communications related to any rental, potential rental, sale, potential sale, acquisition, disposition, purchase, potential purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, or any Associated Entity.

8.      All Documents and communications related to the Debtor's use of any Assets belonging to, controlled by, or whose complete or partial ownership is held by the Debtor's Family, an Associated Entity, or an Associated Individual.

9.      All Documents and communications regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or

confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

10.    All Documents or communications related to any interest of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity in the real property located at 5780 N Saguaro Rd., Paradise Valley, AZ 85253.

11.    All Documents and Communications with or related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity relating to the real property located at 5780 N Saguaro Rd., Paradise Valley, AZ 85253, including Document sufficient to show who resided, occupied, dwelled, stayed overnight, visited, volunteered, or worked at the property.

Exhibit C-2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re   HO WAN KWOK, *et al.*,[1]

                   Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Andrew Childe**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

       The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November   , 2023**

                       CLERK OF COURT

                                OR

_____      _____
   *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.   INSTRUCTIONS

1.      Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

a.   Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.   Image Load File

a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.       If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.       If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.       If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

6

## II.   RULES OF CONSTRUCTION

15.   The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.   The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.   "You" or "Your" or "Yourself" means and refers to Andrew Childe, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.   "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.   "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.   "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

7

5.     "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.     "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.     "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila)

8

Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ

Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

      9.      "Including" or any variant thereof means "including without limitation."

      10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

      11.      "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

13

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

14

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.      All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-3

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re  HO WAN KWOK, *et al.*,[1]

              Debtor

Case No.  22-50073 (JAM)

Chapter  11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **BAC Capital LLC**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Neubert, Pepe & Monteith, P.C.<br>195 Church Street, Floor 13<br>New Haven, Connecticut 06510 | **[TBD]** |

The examination will be recorded by this method:  **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **November        , 2023**

CLERK OF COURT

OR

_____      _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
 **Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
 **plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

    

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

## Request for Production of Documents

### I.   INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a. Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b. Image Load File

a. Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.    Unless otherwise expressly indicated, the period of time covered by the Document

Requests is the period from February 5, 2015 to the date responses to the Document Requests are

due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice

versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or

disjunctively as necessary to bring within the scope of any request all responses that might

otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to

include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction

supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a),

shall apply to the Document Requests. In addition, the following terms used in these

Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to BAC Capital LLC, together

with any of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners,

officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its

behalf.

2.      "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason

8

Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management

LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "Any" and "all" and "each" mean "each and every."

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody or control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer

disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "<u>Person(s)</u>" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "<u>Entity</u>" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

18.     "<u>Regarding</u>" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "<u>Relating to</u>," "<u>relate(s) to</u>" or "<u>related to</u>," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item of economic value that is subject to possession, custody, or control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

### IV.    **DOCUMENTS TO BE PRODUCED**

1.    All Documents or communications related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, or Associated Entity.

2.    All Documents or communications related to any agreement, contract, or term sheet with the Debtor, any member of the Debtor's Family, and/or any Associated Entity, including any rental agreements, leases, and purchase and sale agreements, including any drafts and copy(ies) of such agreement(s), contract(s), or term sheet(s).

3.      All Documents or communications related to any payment or Transfer to You based from the Debtor, the Debtor's Family, or an Associated Entity, including documents sufficient to identify the amount of the payment or Transfer and its source.

4.      All Documents or communications related to any fees, payments, or monies received by You from or on behalf of the Debtor, the Debtor's Family, a Family Related Entity, or an Associated Entity held in escrow or in a client trust account.

5.      Documents sufficient to show the amount, date, and source of any payments made to You by, on behalf of, or for the benefit of the Debtor, the Debtor's Family, or an Associated Entity.

6.      All Communications between You and, either, the Debtor, the Debtor's Family, or any Associated Individual, agent, employee, or other individual acting on behalf of the Debtor, related to any Transfer, investment, or other transaction or business dealing relating to the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities.

7.      All Documents and communications related to any rental, potential rental, sale, potential sale, acquisition, disposition, purchase, potential purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, or any Associated Entity.

8.      All Documents and communications related to the Debtor's use of any Assets belonging to, controlled by, or whose complete or partial ownership is held by the Debtor's Family, an Associated Entity, or an Associated Individual.

9.      All Documents and communications regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or

confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

10.     All Documents or communications related to any interest of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity in the real property located at 211 West 14th Street, Unit 9B, New York, NY 10011.

11.     All Documents and Communications with or related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity relating to the real property located at 211 West 14th Street, Unit 9B, New York, NY 10011, including Document sufficient to show who resided, occupied, dwelled, stayed overnight, visited, volunteered, or worked at the property.

# Exhibit C-4

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]          Case No.   22-50073 (JAM)

             Debtor            Chapter   11

                                                   (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Chris Lee (a/k/a Nan Li, Chris Li, Mei Guo Xiao Li)**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November**      **, 2023**

                        CLERK OF COURT

                                  OR

      *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to Chris Lee (a/k/a Nan Li, Chris Li, Mei Guo Xiao Li), together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.    "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen

Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),

and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping

Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping

Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang),

Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or

Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the

Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned,

controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective

employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such

Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC,

AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace

Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global

Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co.,

Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings

Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited,

Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin

Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth

Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G

Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G

Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-

Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.     "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.    All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-5

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]        Case No.   22-50073 (JAM)
               Debtor                Chapter    11
                                       (Jointly Administered)

# SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Cirrus Design Corporation (d/b/a Cirrus Aircraft)**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November**   , **2023**

                                  CLERK OF COURT

                                          OR

    *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510 plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Geneven Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                                                          format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

6

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to Cirrus Design Corporation, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason

8

Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8. "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management

LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise

Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings

Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well

as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy

Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34,

and includes, without limitation, each and every written, recorded, or graphic matter of any kind,

type, nature, or description that is or has been in Your Possession, Custody or Control, including

all printed and electronic copies of electronic mail, computer files maintained in electronic form,

correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind,

charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters,

telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice

messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position

reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings,

catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer

disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

22.     "Aircraft" means any vehicle for traveling through the air, including, without limitation, airplanes and helicopters, that are or were at any time owned, used, controlled, purchased, sold, leased, rented, licensed, serviced, maintained, repaired, overhauled, stored, operated, marketed, or inspected by, to, or for the benefit of the Debtor, the Debtor's Family, an Associated Individual, or any Associated Entity, including, without limitation any Cirrus SF50 aircraft.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

13

2.    All Documents related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual related to any Aircraft, including without limitation (i) ownership or control of any Aircraft; (ii) use of any Aircraft; (iii) lease or rental of any Aircraft; (iv) the purchase, sale, or marketing of any Aircraft; (v) any money or value paid or given related to any Aircraft and the source thereof; (vi) any money or value generated or obtained related to any Aircraft and the disposition thereof; or (vii) operation, maintenance, service, or overhaul, related to any Aircraft

3.    All Documents related to any account associated with the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

4.    All Documents related to any invoices or payments of expenses related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.    All Documents related to any flight logs, flight plans, or any other recording of any flight information related to travels undertaken, or planned by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

6.    All Documents related to any payments, expenses, transfers or monies related to Aircraft Staff and the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

7.    All Documents related to who may have been onboard any Aircraft in use by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including any flight manifests.

14

8.      All Documents related to any cargo, storage, items for delivery, assets or property on an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

9.      All Documents related to the current location of an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

# Exhibit C-6

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]          Case No.    22-50073 (JAM)
                    Debtor          Chapter    11
                                (Jointly Administered)

# SUBPOENA FOR RULE 2004 EXAMINATION

To:    **Cirrus Industries, Inc.**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP 200 Park Avenue New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**

                    CLERK OF COURT

                            OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____          _____
                                                                          *Server's signature*

                                                             _____
                                                                          *Printed name and title*

                                                             _____
                                                                          *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    Image Load File

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.       If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.       If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.       If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to Cirrus Industries, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason

8

Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management

LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise

Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings

Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well

as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy

Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34,

and includes, without limitation, each and every written, recorded, or graphic matter of any kind,

type, nature, or description that is or has been in Your Possession, Custody or Control, including

all printed and electronic copies of electronic mail, computer files maintained in electronic form,

correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind,

charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters,

telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice

messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position

reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings,

catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer

11

disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

22.    "Aircraft" means any vehicle for traveling through the air, including, without limitation, airplanes and helicopters, that are or were at any time owned, used, controlled, purchased, sold, leased, rented, licensed, serviced, maintained, repaired, overhauled, stored, operated, marketed, or inspected by, to, or for the benefit of the Debtor, the Debtor's Family, an Associated Individual, or any Associated Entity, including, without limitation any Cirrus SF50 aircraft.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

13

2.      All Documents related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual related to any Aircraft, including without limitation (i) ownership or control of any Aircraft; (ii) use of any Aircraft; (iii) lease or rental of any Aircraft; (iv) the purchase, sale, or marketing of any Aircraft; (v) any money or value paid or given related to any Aircraft and the source thereof; (vi) any money or value generated or obtained related to any Aircraft and the disposition thereof; or (vii) operation, maintenance, service, or overhaul, related to any Aircraft

3.      All Documents related to any account associated with the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

4.      All Documents related to any invoices or payments of expenses related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Documents related to any flight logs, flight plans, or any other recording of any flight information related to travels undertaken, or planned by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

6.      All Documents related to any payments, expenses, transfers or monies related to Aircraft Staff and the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

7.      All Documents related to who may have been onboard any Aircraft in use by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including any flight manifests.

14

8.      All Documents related to any cargo, storage, items for delivery, assets or property
on an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity,
or an Associated Individual.

9.      All Documents related to the current location of an Aircraft related to the Debtor,
the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

# Exhibit C-7

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

| | | |
|---|---|---|
| In re | HO WAN KWOK, *et al.*,[1] | Case No.   22-50073 (JAM) |
| | Debtor | Chapter   11 |
| | | (Jointly Administered) |

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Ding "Ivan" Lin**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November        , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

## I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to Ding "Ivan" Lin, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.       "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.       "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.        "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.       "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon,

8

Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10

10.     "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.    All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-8

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re  HO WAN KWOK, *et al.*,[1]

Debtor

Case No. 22-50073 (JAM)

Chapter 11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Doaa Dashoush**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:  **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **November        , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____

on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

<u>**Requests for Production of Documents**</u>

## I.    <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    <u>Image Load File</u>

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.    The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.    If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.    All references to Entities includes all affiliates thereof.

13.    All references to individual names include all alternative names, aliased, or nicknames.

14.    Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to Doaa Dashoush, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.    DOCUMENTS TO BE PRODUCED**

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.     All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.     All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.     All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.     All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.     All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

14

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.    All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-9

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]          Case No.   22-50073 (JAM)
_____          Chapter   11
             Debtor                         _____
                                            (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Funky Foundations, Inc.**
_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Neubert, Pepe & Monteith, P.C. 195 Church Street, Floor 13 New Haven, Connecticut 06510 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**
_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November        , 2023**

                              CLERK OF COURT

                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
 **Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
 **plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.      Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

a.   Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.   Image Load File

a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14. Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2015 to the date responses to the Document Requests are due.

## II. RULES OF CONSTRUCTION

15. The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16. The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III. DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1. "You" or "Your" or "Yourself" means and refers to Funky Foundations, Inc., together with any of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.       "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.       "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.       "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.       "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.        "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.       "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason

8

Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management

10

LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "Any" and "all" and "each" mean "each and every."

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody or control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer

disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16. "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17. "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

18. "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19. "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

12

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item of economic value that is subject to possession, custody, or control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

## IV.    DOCUMENTS TO BE PRODUCED

1.     All Documents or communications related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, or Associated Entity.

2.     All Documents or communications related to any agreement, contract, or term sheet with the Debtor, any member of the Debtor's Family, and/or any Associated Entity, including any rental agreements, leases, and purchase and sale agreements, including any drafts and copy(ies) of such agreement(s), contract(s), or term sheet(s).

3.      All Documents or communications related to any payment or Transfer to You based from the Debtor, the Debtor's Family, or an Associated Entity, including documents sufficient to identify the amount of the payment or Transfer and its source.

4.      All Documents or communications related to any fees, payments, or monies received by You from or on behalf of the Debtor, the Debtor's Family, a Family Related Entity, or an Associated Entity held in escrow or in a client trust account.

5.      Documents sufficient to show the amount, date, and source of any payments made to You by, on behalf of, or for the benefit of the Debtor, the Debtor's Family, or an Associated Entity.

6.      All Communications between You and, either, the Debtor, the Debtor's Family, or any Associated Individual, agent, employee, or other individual acting on behalf of the Debtor, related to any Transfer, investment, or other transaction or business dealing relating to the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities.

7.      All Documents and communications related to any rental, potential rental, sale, potential sale, acquisition, disposition, purchase, potential purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, or any Associated Entity.

8.      All Documents and communications related to the Debtor's use of any Assets belonging to, controlled by, or whose complete or partial ownership is held by the Debtor's Family, an Associated Entity, or an Associated Individual.

9.      All Documents and communications regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or

14

confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

10.    All Documents or communications related to any interest of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity in the real property located at 492 Broome Street, Apt. 3, New York, NY 10013.

11.    All Documents and Communications with or related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity relating to the real property located at 492 Broome Street, Apt. 3, New York, NY 10013, including Document sufficient to show who resided, occupied, dwelled, stayed overnight, visited, volunteered, or worked at the property.

# Exhibit C-10

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]                    Case No.    22-50073 (JAM)
                              Debtor                              Chapter      11
                                                                  (Jointly Administered)

# SUBPOENA FOR RULE 2004 EXAMINATION

To:    **G Club HoldCo I LLC**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**

                                                CLERK OF COURT

                                                        OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

<div style="border:1px solid black; text-align:center;">

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

</div>

### Requests for Production of Documents

## I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    <u>Image Load File</u>

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b.   Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c.   <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d.   <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e.   <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f.   <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors. Each Document shall be produced

in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession,

custody, or control, then Your response must (a) describe in detail the nature of the document and

its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable,

the Person(s) to whom the Document was sent); (c) identify the date on which the document was

prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed,

(iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of;

(e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify

the Persons who authorized such disposition; (g) identify the date or approximate date of such

disposition; (h) state when the Document was most recently in Your possession, custody or control;

and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your

response must state, in addition to the information required by the preceding Instruction:  (a) the

reason for the Document's destruction; (b) the identity of the Person who destroyed the Document;

and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product,

then Your response must: (a) state (i) a description of the Document adequate to support Your

contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the

Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity

of each Person who received or saw the original or any draft, copy, or reproduction of the

Document, (vii) whether the Document itself, or any information contained or referred to in the

Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to G Club HoldCo I LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.    "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.    "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.    "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.      "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.      "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.      "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.      "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.      "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

Exhibit C-11

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]          Case No.   22-50073 (JAM)
                          Debtor          Chapter    11
                                          (Jointly Administered)

# SUBPOENA FOR RULE 2004 EXAMINATION

To:   **G Club International Limited**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November         , 2023**

                                    CLERK OF COURT

                                         OR

_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                                                                format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    **RULES OF CONSTRUCTION**

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    **DEFINITIONS**

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to G Club International Limited, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.     "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc.,

Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.    "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.    "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

13

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

14

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-12

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]

                 Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **G Club One**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November         , 2023**

                             CLERK OF COURT

                                   OR

     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____

on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

        (i) is a party or a party's officer; or

        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        (i) fails to allow a reasonable time to comply;

        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        (iv) subjects a person to undue burden.

    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i) expressly make the claim; and

        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

<u>**Requests for Production of Documents**</u>

## I.    <u>INSTRUCTIONS</u>

1.      Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

    a.   <u>Images.</u> Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.   <u>Image Load File</u>

        a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10. The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11. If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12. All references to Entities includes all affiliates thereof.

13. All references to individual names include all alternative names, aliased, or nicknames.

14. Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to G Club One, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4. "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5. "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6. "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7. "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

   9.  "<u>Including</u>" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.    DOCUMENTS TO BE PRODUCED**

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.      For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.      Copies of Your tax returns.

17.      Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.      All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.      All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.      All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-13

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re    HO WAN KWOK, *et al.*,[1]      Case No.   22-50073 (JAM)

           Debtor           Chapter   11

                                                  (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **G Club Three**

*(Name of person to whom the subpoena is directed)*

☒   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒   *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November**     , **2023**

                          CLERK OF COURT

                                OR

_____      _____

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    Image Load File

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10. The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11. If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12. All references to Entities includes all affiliates thereof.

13. All references to individual names include all alternative names, aliased, or nicknames.

14. Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to G Club Three, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias),

together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue

Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or

anyone acting on her behalf.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the

Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the

Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that

(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the

Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated

with one or more Associated Entities, together with the respective employees, agents, counsel,

advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall

include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez,

Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon,

Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo

Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong

(a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason

Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin

Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max

Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan

Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣),

Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all
Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other
transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated
Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated
Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or
an Associated Individual, including without limiation related to the operation, management, or
decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor,
including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium;
the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential
property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property
located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor,
including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft
registered in San Marino, including without limitation copies of all title and registration
documents and flight manifests showing flights taken by such aircraft and the individuals
onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all
title and registration documents and flight manifests showing flights taken by such aircraft and
the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-14

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]

             Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **G Club Two**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November     , 2023**

                      CLERK OF COURT

                            OR

_____      _____

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

## I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    Image Load File

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

   b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                                                     format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

5

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to G Club Two, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

8

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.      "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.      "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.      "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16. "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17. "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18. "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19. "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20. "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.      For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.      Copies of Your tax returns.

17.      Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.      All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.      All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.      All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-15

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re    HO WAN KWOK, *et al*.,[1]          Case No.    22-50073 (JAM)
                    Debtor           Chapter    11
                                                      (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **G Fashion Hold Co. B. Limited**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**

                                   CLERK OF COURT

                                          OR

_____          _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

> a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

> b.    Image Load File

>> a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. Document Text. Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. Native Production for Certain File Types. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. De-duplication. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. Metadata. Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

2

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced
in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession,
custody, or control, then Your response must (a) describe in detail the nature of the document and
its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable,
the Person(s) to whom the Document was sent); (c) identify the date on which the document was
prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed,
(iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of;
(e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify
the Persons who authorized such disposition; (g) identify the date or approximate date of such
disposition; (h) state when the Document was most recently in Your possession, custody or control;
and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your
response must state, in addition to the information required by the preceding Instruction:  (a) the
reason for the Document's destruction; (b) the identity of the Person who destroyed the Document;
and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product,
then Your response must: (a) state (i) a description of the Document adequate to support Your
contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the
Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity
of each Person who received or saw the original or any draft, copy, or reproduction of the
Document, (vii) whether the Document itself, or any information contained or referred to in the
Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to G Fashion Hold Co. B. Limited, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.     "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.     "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.     "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

8

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

      9.      "<u>Including</u>" or any variant thereof means "including without limitation."

10.    "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.    "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.    "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

### IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.    For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.    Copies of Your tax returns.

17.    Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.    All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.    All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.    All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-16

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

| | | |
|---|---|---|
| In re | HO WAN KWOK, *et al.*,[1] | Case No.  22-50073 (JAM) |
| | Debtor | Chapter  11 |
| | | (Jointly Administered) |

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **G Fashion International Limited**

*(Name of person to whom the subpoena is directed)*

☒  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:  **Court reporter/stenographer**

☒  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **November         , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Geneven Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

## I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    Image Load File

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,

(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances

upon which You will rely to support such claim of privilege; and (b) produce a privilege log

containing all of the information requested in Part (a) of this Instruction for each Document

withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.     If a portion of an otherwise responsive Document contains information subject to a

claim of privilege, only that portion of the Document subject to the claim of privilege shall be

deleted or redacted from the Document following the instructions above, and the rest shall be

produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement

or correct any responses later learned to be incomplete or incorrect immediately upon learning that

a prior response was incomplete or incorrect; and (b) produce any additional Documents that are

called for under the

11.     If a Document is in a language other than English, You should provide that

Document.  If a Document is in a language other than English, and an English translation exists,

You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or

nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document

Requests is the period from February 5, 2012 to the date responses to the Document Requests are

due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "<u>You</u>" or "<u>Your</u>" or "<u>Yourself</u>" means and refers to G Fashion International Limited, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.      "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.      "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.      "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally

or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value,

including but not limited to any resource with economic value that is owned, controlled or is for

the benefit of an entity, that is expected to provide a future benefit, including but not limited to,

all real and personal property, intangible property, investments, rights to invest or to future

revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity,

and  prospective economic opportunities.

22.     "Transfer" shall have the meaning given to it by section 101(54) of the

Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate,

or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his

creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or

similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement,

financial statement, statement of account, wire transfer instructions and/or confirmation, proof of

funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar

document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-17

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re HO WAN KWOK, *et al.*,[1]

Debtor

Case No. 22-50073 (JAM)

Chapter 11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **GM 27 LLC**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method: **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **November        , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Geneven Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

<u>**Requests for Production of Documents**</u>

## I.    <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    <u>Image Load File</u>

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                                   format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

2

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to GM 27 LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.    DOCUMENTS TO BE PRODUCED**

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.       All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.       All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.      Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.     For all Assets having a value of more than $50,000, all (i) Documents related to

Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or

any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within

Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without

limitation monthly statements or other Documents sufficient to show all purchases related thereto

for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without

limitation by-laws and certificates of incorporation and other Documents sufficient to show Your

corporate structure, names of officers and directors, business purpose, and relationship to the

Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-18

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re    HO WAN KWOK, *et al.*,[1]          Case No.    22-50073 (JAM)
_____          _____
                    Debtor                Chapter    11
                                          _____
                                          (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **G-News Operations, LLC**
_____
                    *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**
                                          CLERK OF COURT

                                                OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Geneve Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

### Requests for Production of Documents

## I.    INSTRUCTIONS

1.      Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

    a.  Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.  Image Load File

        a.  Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.       If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.       If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.       If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.     If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.   The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.   The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.   "You" or "Your" or "Yourself" means and refers to G-News Operations, LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.   "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.   "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李婭), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8. "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc.,

9

GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    **DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

14

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.      Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-19

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]          Case No.    22-50073 (JAM)
_____          _____
                    Debtor              Chapter    11
                                        _____
                                        (Jointly Administered)


## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **Gypsy Mei Food Services LLC**
_____
                    *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November          , 2023**
_____
                            CLERK OF COURT

                                    OR

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*


The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
 **Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
 **plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

## Requests for Production of Documents

**I.    INSTRUCTIONS**

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    Image Load File

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced

in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession,

custody, or control, then Your response must (a) describe in detail the nature of the document and

its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable,

the Person(s) to whom the Document was sent); (c) identify the date on which the document was

prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed,

(iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of;

(e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify

the Persons who authorized such disposition; (g) identify the date or approximate date of such

disposition; (h) state when the Document was most recently in Your possession, custody or control;

and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your

response must state, in addition to the information required by the preceding Instruction:  (a) the

reason for the Document's destruction; (b) the identity of the Person who destroyed the Document;

and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product,

then Your response must: (a) state (i) a description of the Document adequate to support Your

contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the

Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity

of each Person who received or saw the original or any draft, copy, or reproduction of the

Document, (vii) whether the Document itself, or any information contained or referred to in the

Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.   The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.   The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.   "You" or "Your" or "Yourself" means and refers to Gypsy Mei Food Services LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.   "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.   "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.　　"Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.　　"Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.　　"Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.　　"Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.      "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.      "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.      "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy
Code.

15.      "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P.
34, and includes, without limitation, each and every written, recorded, or graphic matter of any
kind, type, nature, or description that is or has been in Your Possession, Custody or Control,
including all printed and electronic copies of electronic mail, computer files maintained in
electronic form, electronic communication, text message, social media post, tweet, meta-data,
correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any
kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters,
telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data
compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks,
drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers,
notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional
materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-
cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other
kind, and all meta-data thereof, however stored (whether in tangible or electronic form),
recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any
of the foregoing that contain any notes, comments, or markings of any kind not found on the
original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

12

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

13

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

14

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-20

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]

_____   Case No.   22-50073 (JAM)

Debtor   Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Gypsy Mei Productions LLC**

_____

*(Name of person to whom the subpoena is directed)*

☒  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November       , 2023**

CLERK OF COURT

OR

_____   _____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Geneva Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

<u>**Requests for Production of Documents**</u>

## I.    <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    <u>Image Load File</u>

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to Gypsy Mei Productions LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.    "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.      "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.     "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the

original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership,

association, or any other Entity. "Person" also includes any agent, representatives, or expert,

including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole

proprietorship, firm, board, joint venture, association, agency, authority, commission or other

business entity or juristic Person, as well as any affiliate, agent, parent including but not limited

to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to,

supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection

with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to,

connected with, commenting on, in respect of, about, in relation to, discussing, showing,

describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject

matter, means, without limitation, any document that constitutes, comprises, involves, contains,

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to

the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without

limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or

otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or

replies, whether in person, by telephone, in writing, or by means of electronic transmittal

devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.    DOCUMENTS TO BE PRODUCED**

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-21

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT
## District of Connecticut

In re   HO WAN KWOK, et al.,[1]
         Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Haoran He**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November    , 2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____               _____
                                                                      *Server's signature*

                                                                      _____
                                                                      *Printed name and title*

                                                                      _____
                                                                      *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

<u>**Requests for Production of Documents**</u>

I.    <u>**INSTRUCTIONS**</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    <u>Images.</u> Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    <u>Image Load File</u>

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

    c.  <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

    d.  <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

    e.  <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

    f.  <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)

Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to Haoran He, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

7

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei

8

Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ

Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "Any" and "all" and "each" mean "each and every."

10

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

11

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

12

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally

or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value,

including but not limited to any resource with economic value that is owned, controlled or is for

the benefit of an entity, that is expected to provide a future benefit, including but not limited to,

all real and personal property, intangible property, investments, rights to invest or to future

revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity,

and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the

Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's Family,

the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his

creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or

similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement,

financial statement, statement of account, wire transfer instructions and/or confirmation, proof of

funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar

document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all

Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

14

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.      All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-22

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re    HO WAN KWOK, *et al.*,[1]                    Case No.    22-50073 (JAM)
_____                         Chapter    11
                Debtor                                    _____
                                                      (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **Jovial Century International Limited**
_____
                    *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

_____

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**
                            CLERK OF COURT

                                OR

_____            _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

_____

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Geneve Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    Image Load File

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b.    Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

    c.    <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

    d.    <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

    e.    <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

    f.    <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided<br>Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |

| | | |
|---|---|---|
| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced

in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession,

custody, or control, then Your response must (a) describe in detail the nature of the document and

its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable,

the Person(s) to whom the Document was sent); (c) identify the date on which the document was

prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed,

(iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of;

(e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify

the Persons who authorized such disposition; (g) identify the date or approximate date of such

disposition; (h) state when the Document was most recently in Your possession, custody or control;

and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your

response must state, in addition to the information required by the preceding Instruction:  (a) the

reason for the Document's destruction; (b) the identity of the Person who destroyed the Document;

and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product,

then Your response must: (a) state (i) a description of the Document adequate to support Your

contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the

Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity

of each Person who received or saw the original or any draft, copy, or reproduction of the

Document, (vii) whether the Document itself, or any information contained or referred to in the

Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.    The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.    If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.    All references to Entities includes all affiliates thereof.

13.    All references to individual names include all alternative names, aliased, or nicknames.

14.    Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.　　RULES OF CONSTRUCTION

15.　　The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.　　The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.　　DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.　　"You" or "Your" or "Yourself" means and refers to Jovial Century International Limited, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.　　"Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.　　"Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.    "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.    "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.    "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.      "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.      "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.      "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.      "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.      "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all
Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other
transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated
Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated
Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or
an Associated Individual, including without limiation related to the operation, management, or
decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor,
including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium;
the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential
property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property
located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor,
including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft
registered in San Marino, including without limitation copies of all title and registration
documents and flight manifests showing flights taken by such aircraft and the individuals
onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all
title and registration documents and flight manifests showing flights taken by such aircraft and
the individuals onboard such flights.

14

8.      All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     Documents sufficient to show all of Your Assets and sources of income or funding.

15

15.    For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.    Copies of Your tax returns.

17.    Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.    All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.    All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.    All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-23

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re HO WAN KWOK, *et al.*,[1]

Debtor

Case No. 22-50073 (JAM)

Chapter 11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **Kamel Debeche**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method: **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **November , 2023**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.      Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.      Electronically stored information must be produced in accordance with the following instructions:

      a.    <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

      b.    <u>Image Load File</u>

            a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following                                             format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

2

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to Kamel Debeche, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.     "Including" or any variant thereof means "including without limitation."

10.    "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.    "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.    "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.  "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.  "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.  "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.  "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.  "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies,

telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally

or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value,

including but not limited to any resource with economic value that is owned, controlled or is for

the benefit of an entity, that is expected to provide a future benefit, including but not limited to,

all real and personal property, intangible property, investments, rights to invest or to future

revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity,

and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the

Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's Family,

the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his

creditors, including without limitation all Documents related to any effort to avoid paying such

obligations and All Documents related to this or any other actual or potential bankruptcy or

similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement,

financial statement, statement of account, wire transfer instructions and/or confirmation, proof of

funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar

document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

14

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.    All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-24

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re   HO WAN KWOK, *et al.*,[1]

Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Mar-a-Lago Club LLC**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November   , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510 plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

## I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    Image Load File

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and name of the native file. The native file must be named after the FIRSTBATES.

1

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u>  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |

2

| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
|---|---|---|
| ATTACHRANGE | EDC0000001     -     EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |
| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created |

| | | **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.  Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.  All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.  Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf, including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances

5

upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document. If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

14.      Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.      The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16. The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III. **DEFINITIONS**

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1. "<u>You</u>" or "<u>Your</u>" or "<u>Yourself</u>" means and refers to Mar-a-Lago Club, LLC, together with all of its affiliates, subsidiaries, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2. "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3. "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4. "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.      "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Aaron Mitchell, Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Chunguang "Hank" Han, Chris Lee, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li, Haoran He, Ivan Lin, Haitham Khaled, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jintao Li, Karin Maistrello, Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Qidong Xia, Ridwan Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Talha Zobair, Victor Cerda, Wencong Wang, William Gertz,  Xuebing Wang, Yinying (Aila) Wang, Yongbing Zhang, Yongping Yan, Yong Yu, Yue Zhou, Yumei Hao, Zhixuan Li, Ziyang Liu, Han Chunguang (a/k/a 韩春光), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣 ), Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), Je Kin Ming (a/k/a William Je, Yu Jianming,

余建明), Yvette Wang (a/k/a Yvette Wong, Yvette Yue, Yanping Wang, Yan Ping Wang, 王雁平

), and Zhang Wei (a/k/a 张魏*).

8.    "Associated Entities" means, individually and collectively, all organizations or

Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the

Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned,

controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective

employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such

Associated Entities shall include, but are not limited to: Holy City Hong Kong Ventures, Ltd., 7

Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group

Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited,

Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu

Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith

Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck

Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang

Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze

Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth

Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G-

Clubs, G Club One, G Club Two, G Club Three, (G Club International Limited, G Fashion Hold

Co. B. Limited, G Fashion International Limited, G Club HoldCo I LLC, G Club Operations LLC,

G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, GETTR

USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, Gfashion Media Group Inc.,

GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New

York) Ltd., Guo Media, GTV Media Group, Inc., HCHK Property Management Inc., HCHK

Technologies Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited,  Jovial Century International Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., G-Translators PTY LTD, Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stichting Duurzame, Taurus Fund LLC, Taurus Management LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "Any" and "all" and "each" mean "each and every."

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.    "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "<u>Person(s)</u>" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "<u>Entity</u>" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "<u>Regarding</u>" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "<u>Relating to</u>," "<u>relate(s) to</u>" or "<u>related to</u>," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "<u>Communication(s)</u>" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "<u>Asset(s)</u>" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for

the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    **DOCUMENTS TO BE PRODUCED**

1.    All Documents regarding any statement of account, invoice, payments, statement, receipt or similar document relating to the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual (including without limitation Mei Guo, Hing Chi Ngok, ACA Capital Group Limited, Golden Spring (New York) Ltd., Greenwich Land LLC, Lamp Capital LLC, or Saraca Media Group Inc.), including without limitation all Documents sufficient to show all Transfers from any of the foregoing.

2.    All Documents regarding any membership of the Debtor, the Debtor's Family, or an Associated Individual at the Mar-a-Lago Club (including without limitation any membership associated with # 02635) or use of the Mar-a-Lago Club and its related facilities by the Debtor, the Debtor's Family, or an Associated Individual, including without limitation all Documents sufficient to show any guest registries in connection with such memberships, any reservations made in connection with such memberships, or any services provided in connection with such memberships.

3.    All Documents regarding any Transfer, purchase, rental, lease, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation Mei Guo, Hing Chi Ngok, Max

Krasner, Daniel Podhaskie, ACA Capital Group Limited, Golden Spring (New York) Ltd., Greenwich Land LLC, Lamp Capital LLC, or Saraca Media Group Inc.

4.      All Documents regarding any Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or an Associated Entity, including without limitation Mei Guo, Hing Chi Ngok, ACA Capital Group Limited, Golden Spring (New York) Ltd., Greenwich Land LLC, Lamp Capital LLC, or Saraca Media Group Inc.

5.      All Communications with the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation Mei Guo, Hing Chi Ngok, Max Krasner, Daniel Podhaskie, ACA Capital Group Limited, Golden Spring (New York) Ltd., Greenwich Land LLC, Lamp Capital LLC, or Saraca Media Group Inc.

6.      All Documents related to any obligation, claim, liability, or debt associated with the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation Mei Guo, Hing Chi Ngok, ACA Capital Group Limited, Golden Spring (New York) Ltd., Greenwich Land LLC, Lamp Capital LLC, or Saraca Media Group Inc.

# Exhibit C-25

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

| | | |
|---|---|---|
| In re | HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| | Debtor | Chapter 11 |
| | | (Jointly Administered) |

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Ridwan Mamode Saib**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:  **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **November        , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.     Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.     Electronically stored information must be produced in accordance with the following instructions:

> a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

> b.    Image Load File

>> a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,
(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances
upon which You will rely to support such claim of privilege; and (b) produce a privilege log
containing all of the information requested in Part (a) of this Instruction for each Document
withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a
claim of privilege, only that portion of the Document subject to the claim of privilege shall be
deleted or redacted from the Document following the instructions above, and the rest shall be
produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement
or correct any responses later learned to be incomplete or incorrect immediately upon learning that
a prior response was incomplete or incorrect; and (b) produce any additional Documents that are
called for under the

11.     If a Document is in a language other than English, You should provide that
Document.  If a Document is in a language other than English, and an English translation exists,
You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or
nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document
Requests is the period from February 5, 2012 to the date responses to the Document Requests are
due.

## II.   RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.      "You" or "Your" or "Yourself" means and refers to Ridwan Mamode Saib, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.      "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair,

Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "Any" and "all" and "each" mean "each and every."

12.     "Each" and "every" mean "each and every."

13.     "Third Party" means a Person or Entity other than Yourself.

14.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.    "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

### IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.    All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.    All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all

Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made

by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an

Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated

Individual, or an Associated Entity, and Documents related to Communications with the Debtor,

the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the

operation, management, or decision-making of any Entity, including without limitation the

Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or

business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual,

or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor,

including without limitation the residential property located in Greenwich, Connecticut at 373

Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the

residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or

condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential

property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey

07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor,

including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

14

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.     All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-26

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]
               Debtor

Case No.    22-50073 (JAM)
Chapter    11
(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **Stichting Duurzame**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**

                             CLERK OF COURT

                                     OR

    *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Requests for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,

(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances

upon which You will rely to support such claim of privilege; and (b) produce a privilege log

containing all of the information requested in Part (a) of this Instruction for each Document

withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a

claim of privilege, only that portion of the Document subject to the claim of privilege shall be

deleted or redacted from the Document following the instructions above, and the rest shall be

produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement

or correct any responses later learned to be incomplete or incorrect immediately upon learning that

a prior response was incomplete or incorrect; and (b) produce any additional Documents that are

called for under the

11.     If a Document is in a language other than English, You should provide that

Document.  If a Document is in a language other than English, and an English translation exists,

You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or

nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document

Requests is the period from February 5, 2012 to the date responses to the Document Requests are

due.

## II.    **RULES OF CONSTRUCTION**

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    **DEFINITIONS**

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "<u>You</u>" or "<u>Your</u>" or "<u>Yourself</u>" means and refers to Stichting Duurzame, together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.    "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.  "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.  "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.  "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.  "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

8

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏 ), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "Including" or any variant thereof means "including without limitation."

10.     "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.     "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.     "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.     "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all

Transfers to any of the foregoing.

4.    All Documents regarding any investment, business dealing or transactions made

by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an

Associated Entity.

5.    All Communications with the Debtor, the Debtor's Family, an Associated

Individual, or an Associated Entity, and Documents related to Communications with the Debtor,

the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the

operation, management, or decision-making of any Entity, including without limitation the

Associated Entities.

6.    All Documents regarding any Transfer, investment, or other transaction or

business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual,

or an Associated Entity.

7.    All Documents regarding any property ever occupied or used by the Debtor,

including without limitation the residential property located in Greenwich, Connecticut at 373

Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the

residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or

condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential

property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey

07430.

8.    All Documents related to any aircraft owned, controlled, or used by the Debtor,

including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.      All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.      All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.      All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.      All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.    All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-27

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re    HO WAN KWOK, *et al.*,[1]                           Case No.    22-50073 (JAM)
_____
                                Debtor                              Chapter    11
                                                                        _____
                                                                        (Jointly Administered)

# SUBPOENA FOR RULE 2004 EXAMINATION

To:    **The Lost Draft LLC**
_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:    **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**
_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November        , 2023**
        _____
                                    CLERK OF COURT

                                            OR

_____            _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
_____

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
    **Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13ᵗʰ Floor, New Haven, Connecticut 06510**
    **plinsey@npmlaw.com; (203) 781-2847**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

<u>**Requests for Production of Documents**</u>

## I.   <u>INSTRUCTIONS</u>

1.     Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.     Electronically stored information must be produced in accordance with the following instructions:

  a.   <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

  b.   <u>Image Load File</u>

    a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b.   Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c.   <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d.   <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e.   <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f.   <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,
(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances
upon which You will rely to support such claim of privilege; and (b) produce a privilege log
containing all of the information requested in Part (a) of this Instruction for each Document
withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a
claim of privilege, only that portion of the Document subject to the claim of privilege shall be
deleted or redacted from the Document following the instructions above, and the rest shall be
produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement
or correct any responses later learned to be incomplete or incorrect immediately upon learning that
a prior response was incomplete or incorrect; and (b) produce any additional Documents that are
called for under the

11.     If a Document is in a language other than English, You should provide that
Document.  If a Document is in a language other than English, and an English translation exists,
You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or
nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document
Requests is the period from February 5, 2012 to the date responses to the Document Requests are
due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to The Lost Draft LLC, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.    "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张巍), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "Including" or any variant thereof means "including without limitation."

10.     "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.     "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.     "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.     "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the
original documents or that are otherwise not identical to the original documents.

16.      "Person(s)" means an individual, corporation, proprietorship, partnership,
association, or any other Entity. "Person" also includes any agent, representatives, or expert,
including but not limiting to, attorneys or financial advisors.

17.      "Entity" means any natural Person, corporation, partnership, subsidiary, sole
proprietorship, firm, board, joint venture, association, agency, authority, commission or other
business entity or juristic Person, as well as any affiliate, agent, parent including but not limited
to legal counsel, financial advisors, or any other representative.

18.      "Regarding" means concerning, describing, comprising, referring to, related to,
supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection
with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to,
connected with, commenting on, in respect of, about, in relation to, discussing, showing,
describing, reflecting, analyzing constituting, and being.

19.      "Relating to," "relate(s) to" or "related to," when referring to any given subject
matter, means, without limitation, any document that constitutes, comprises, involves, contains,
embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to
the particular subject matter identified.

20.      "Communication(s)" means, in the broadest possible sense, and without
limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or
otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or
replies, whether in person, by telephone, in writing, or by means of electronic transmittal
devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities.

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.      All Documents regarding any Transfer, investment, business dealing or other transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Communications with the Debtor, the Debtor's Family, or an Associated Individual, and Documents related to Communications with the Debtor, the Debtor's Family, or an Associated Individual, including without limiation related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May* yacht; the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) a Cirrus SF50 aircraft, including without limitation copies of all title and registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights.

14

8.       All Documents related to any vehicle owned, controlled, or used by the Debtor or the Debtor's Family.

9.       All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts and value of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; the source of such gifts, benefits, or loans; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.       All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.       All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.       All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.       All Documents and communications between any of your outside counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.       Documents sufficient to show all of Your Assets and sources of income or funding.

15.     For all Assets having a value of more than $50,000, all (i) Documents related to Your acquisition of such Asset and (ii) Communications with the Debtor, the Debtor's Family, or any Associated Individual regarding such Asset.

16.     Copies of Your tax returns.

17.     Documents sufficient to show all bank accounts and investment accounts within Your possession or control, including the balances of and transfers to and from each such account.

18.     All Documents regarding any credit cards used by You, including without limitation monthly statements or other Documents sufficient to show all purchases related thereto for the benefit of the Debtor or an Associated Entity.

19.     All corporate governance and organizational Documents, including without limitation by-laws and certificates of incorporation and other Documents sufficient to show Your corporate structure, names of officers and directors, business purpose, and relationship to the Debtor or to any member of the Debtor's Family.

20.     All Documents related to any pledge(s) of Your Assets to any other Entity.

# Exhibit C-28

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re   HO WAN KWOK, *et al*.,[1]

Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Yinying Wang (a/k/a Xiao Fei Xiang)**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **November        , 2023**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

<u>**Requests for Production of Documents**</u>

## I.    <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.   <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.   <u>Image Load File</u>

      a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication.</u> Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) <br> Native: Time the document was created <br> **This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty) <br> Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) <br> Native: Time the document was last modified <br> **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) <br> Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) <br> Native: Time the document was last accessed <br> **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) <br> Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. <br> Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3. Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5. Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,

(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances

upon which You will rely to support such claim of privilege; and (b) produce a privilege log

containing all of the information requested in Part (a) of this Instruction for each Document

withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a

claim of privilege, only that portion of the Document subject to the claim of privilege shall be

deleted or redacted from the Document following the instructions above, and the rest shall be

produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement

or correct any responses later learned to be incomplete or incorrect immediately upon learning that

a prior response was incomplete or incorrect; and (b) produce any additional Documents that are

called for under the

11.     If a Document is in a language other than English, You should provide that

Document.  If a Document is in a language other than English, and an English translation exists,

You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or

nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document

Requests is the period from February 5, 2012 to the date responses to the Document Requests are

due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to Yinying Wang (a/k/a Xiao Fei Xiang), together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.    "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明),  and Xuebing Wang, Ya Li (a/k/a 李娅), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

9

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.    "<u>Including</u>" or any variant thereof means "including without limitation."

10.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.    "Any" and "all" and "each" mean "each and every."

12.    "Each" and "every" mean "each and every."

13.    "Third Party" means a Person or Entity other than Yourself.

14.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.    "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

11

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.      "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.      "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.      "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.      "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.      "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.      "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.      DOCUMENTS TO BE PRODUCED

1.      All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.      All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.      All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.     All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.     All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.     All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.     All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.

8.     All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

14

registered in San Marino, including without limitation copies of all registration documents and

flight manifests showing flights taken by such aircraft and the individuals onboard such flights,

and (ii) any Cirrus SF50 aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the

Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without

limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the

purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans

were provided; and the terms of any loans, all representations and warranties made in connection

with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of,

or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated

Entity, including without limitation Documents sufficient to show when the trust(s) was created,

by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with

any legal dispute involving the Debtor, including but not limited to those relating to any litigation

before any local, state, federal, or international body, whether an administrative body, court, panel,

or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an

Associated Individual.

13.     All Documents and communications between any of your counsel or other advisors

and the Debtor, the Debtor's Family, or an Associated Individual.

15

14.     All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-29

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]     Case No.   22-50073 (JAM)

        Debtor         Chapter   11

                                            (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Yongping Yan (a/k/a Shan Mu)**

                              *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, New York 10166 | **[TBD]** |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November**      **, 2023**

                          CLERK OF COURT

                                    OR

    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because:  _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .


    My fees are $_____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date: _____            _____
                                                                    *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page  3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

<u>**Requests for Production of Documents**</u>

## I. <u>INSTRUCTIONS</u>

1. Unless otherwise indicated, the requests for documents set forth below, (the "<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically. Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below. If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2. Electronically stored information must be produced in accordance with the following instructions:

    a. <u>Images.</u> Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format. File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b. <u>Image Load File</u>

        a. Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES. Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u>  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

2

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.   RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.   DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.      "You" or "Your" or "Yourself" means and refers to Yongping Yan (a/k/a Shan Mu), together with all of their agents, attorneys, representatives, employees, and/or anyone acting on their behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4. "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5. "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6. "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7. "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nan Li (a/k/a Chris Lee, Mei Guo Xiao Li), Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve

Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz,  William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), and Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club International Limited, G Club Investments Limited, G Fashion LLC, G-News Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings

LLC, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media

Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ

Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc.,

HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc.,

Hamilton Opportunity Fund SPC, Head Win Group Limited, Himalaya Embassy, Himalaya

Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya

Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc.,

Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd.,

Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK

International Funds Investments (USA) Limited LLC, Hong Kong International Funds

Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments

Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Leading

Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate

Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China

(a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc.,

Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society,

Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times

Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management

LLC, The Lost Draft LLC, UA Himalaya Inc., Voice of Guo Media, Inc., Well Origin Ltd., Wise

Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings

Limited, and ZIBA Limited.

9.        "Including" or any variant thereof means "including without limitation."

10.      "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.      "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.      "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.      "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any

of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal

12

slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

**IV.     DOCUMENTS TO BE PRODUCED**

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity,

13

or an Associated Individual, including without limitation all Documents sufficient to show all

Transfers to any of the foregoing.

4.      All Documents regarding any investment, business dealing or transactions made

by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an

Associated Entity.

5.      All Communications with the Debtor, the Debtor's Family, an Associated

Individual, or an Associated Entity, and Documents related to Communications with the Debtor,

the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the

operation, management, or decision-making of any Entity, including without limitation the

Associated Entities.

6.      All Documents regarding any Transfer, investment, or other transaction or

business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual,

or an Associated Entity.

7.      All Documents regarding any property ever occupied or used by the Debtor,

including without limitation the residential property located in Greenwich, Connecticut at 373

Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the

residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or

condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential

property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey

07430.

8.      All Documents related to any aircraft owned, controlled, or used by the Debtor,

including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

registered in San Marino, including without limitation copies of all registration documents and

flight manifests showing flights taken by such aircraft and the individuals onboard such flights,

and (ii) any Cirrus SF50 aircraft.

9.    All Documents regarding any gifts, benefits or loans, to, from or on behalf of the

Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without

limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the

purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans

were provided; and the terms of any loans, all representations and warranties made in connection

with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.    All Documents concerning any trust or similar instrument set up by, on behalf of,

or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated

Entity, including without limitation Documents sufficient to show when the trust(s) was created,

by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.    All Documents related to any obligation, claim, liability, or debt associated with

any legal dispute involving the Debtor, including but not limited to those relating to any litigation

before any local, state, federal, or international body, whether an administrative body, court, panel,

or alternative dispute resolution entity.

12.    All Documents and communications with the Debtor, the Debtor's Family, or an

Associated Individual.

13.    All Documents and communications between any of your counsel or other advisors

and the Debtor, the Debtor's Family, or an Associated Individual.

14.    All Documents related to any Associated Entity that You hold or have held an interest in.