**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
: 
: Jointly Administered
Debtors.[1] : 
: RE: ECF No. 2247
------------------------------------------------------x

**ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, MOTION OF
CHAPTER 11 TRUSTEE REGARDING SETTLEMENT
WITH CASPER FIRM**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), for entry of an order, approving a settlement agreement between the Trustee and the Casper Firm, LLC (the "Casper Firm" and, together with the Trustee, the "Parties"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with their duties and in the best interests of the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Trustee, the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The settlement agreement, attached hereto as **Exhibit 1** (the "Settlement Agreement"), is approved pursuant to Bankruptcy Rule 9019.

4. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

5. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

        Dated at Bridgeport, Connecticut this 7th day of November, 2023.

        *Julie A. Manning*
        United States Bankruptcy Judge
        District of Connecticut