**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**MOTION TO LIMIT SERVICE OF GENEVER HOLDINGS LLC'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING GENEVER HOLDINGS LLC TO ENTER INTO, AND PERFORM UNDER, ALTERATION AGREEMENT WITH SHERRY NETHERLAND, INC. TO REMEDIATE AREAS OF SHERRY NETHERLAND APARTMENT AFFECTED BY MARCH 15, 2023 FIRE**

Genever Holdings LLC (the "Debtor" or "Genever US"), by and through its undersigned counsel, hereby files this motion (the "Motion") requesting entry of an order, substantially in the form attached as **Exhibit 1** hereto, to limit service of *Genever Holdings LLC's Motion, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Genever Holdings LLC to Enter Into, and Perform Under, Alteration Agreement with Sherry Netherland, Inc. to Remediate Areas of the Sherry Netherland Apartment Affected by March 15, 2023 Fire* (the "Alteration Agreement Motion") to the Notice Parties (as defined below).[2] In support of this Motion, Genever US respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the Alteration Agreement Motion.

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4. Through the Alteration Agreement Motion, Genever US seeks authorization to enter into, an perform under, the Alteration Agreement with Sherry Netherland in order to proceed with the Court-approved remediation of the portion of the Sherry Netherland Apartment affected by the March 15 Fire (*i.e.*, the Affected Area).

5. For additional background on the Alteration Agreement Motion and this Motion, we refer to, and incorporate by reference, the background section in the Alteration Agreement Motion.

## RELIEF REQUESTED

6. Genever US respectfully requests that the Court enter an order limiting service of the Alteration Agreement Motion to: (i) the Office of the United States Trustee for the District of Connecticut; (ii) counsel for the Individual Debtor; (iii) the Committee; (iv) all parties who have requested notice in the chapter 11 cases pursuant to Bankruptcy Rule 2002; (v) all parties who receive notice in these chapter 11 cases by electronic filing utilizing the Court's electronic filing

("CM/ECF") system to all appearing parties who utilize the CM/ECF system; and (vi) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

7. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

8. Genever US's request to conduct the Remediation Project is a use of property of the estate and is thus governed by section 363 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 2002(a)(2), notice of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business must be given by mail and must be served on (among others) "all creditors."

9. There have been approximately 1,400 claims filed in these chapter 11 cases and the overwhelming majority were filed by individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). Genever US submits that it would be unduly burdensome for the estates to serve the Alteration Agreement Motion on 1,400 parties. Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates. Indeed, it is very unlikely that individual creditors would have any interest in reviewing the Alteration Agreement Motion.

10. Moreover, the requested relief is also consistent with Bankruptcy Rule 2002 itself, which expressly contemplates that the bankruptcy court may, if it deems appropriate, limit the service that would otherwise be required. Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2)" need only be provided "to the [official

committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them." While the Committee is not the official committee of unsecured creditors in Genever US's chapter 11 case, Genever US submits that, given the substantial cost of serving approximately 1,400 parties, it is appropriate and is in the best interests of its estate, its creditors, and other parties-in-interest, to limit service of the Agreement Alteration Motion upon the Notice Parties only.

11. Finally, Genever US notes that the Court previously granted similar relief with respect to the service of the Remediation Motion. *See* Docket No. 2212.

## NO PREVIOUS REQUEST

12. No previous request for the relief sought herein has been made by Genever US to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, Genever US requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: November 8, 2023
      New York, New York

By: */s/ Luc A. Despins*
Luc A. Despins (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for Genever Holdings LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2023, the foregoing Motion was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2]  Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Dated: November 8, 2023<br>New York, New York | By: */s/ G. Alexander Bongartz*<br>G. Alexander Bongartz (admitted *pro hac vice*)<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6079<br>alexbongartz@paulhastings.com<br><br>*Counsel for Genever Holdings LLC* |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
        Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**ORDER LIMITING SERVICE OF GENEVER HOLDINGS LLC'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), FOR ENTRY OF ORDER AUTHORIZING GENEVER HOLDINGS LLC TO ENTER INTO, AND PERFORM UNDER, ALTERATION AGREEMENT WITH SHERRY NETHERLAND, INC. TO REMEDIATE AREAS OF SHERRY NETHERLAND APARTMENT AFFECTED BY MARCH 15, 2023 FIRE**

The Court having considered the motion (the "Motion") seeking an order limiting service of *Genever Holdings LLC's Motion, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Genever Holdings LLC to Enter Into, and Perform Under, Alteration Agreement with Sherry Netherland, Inc. to Remediate Areas of the Sherry Netherland Apartment Affected by March 15, 2023 Fire* [Docket No. ___] (the "Alteration Agreement Motion")[2] to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court of Connecticut; and this Court having found that this is a core proceeding and the Motion in this district is proper

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings set forth in the Alteration Agreement Motion.

pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Genever US may serve the Alteration Agreement Motion only on:

    i. the Office of the United States Trustee for the District of Connecticut;

    ii. counsel for the Individual Debtor;

    iii. the Committee;

    iv. all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

    v. all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system; and

    vi. any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

3. Genever US is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.