UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| IN RE: KWOK, <br> *Debtors* | BANKR. NO. 22-50073 (JAM) <br> *Chapter 11* |
| HO WAN KWOK, <br> *Debtor-Appellant*, <br> v. <br> LUC A. DESPINS, <br> *Trustee-Appellee.* | CIVIL NO. 3:23-CV-1068 (KAD) <br><br><br> NOVEMBER 8, 2023 |

---

**ORDER DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL (ECF No. 2)**

Kari A. Dooley, United States District Judge:

Ho Wan Kwok, the individual debtor in the underlying bankruptcy proceeding, moves for leave to appeal the Bankruptcy Court's order holding him in contempt for failing to comply with the Court's order to produce certain documents and denying his motion for a stay of the same order. *See In re Kwok*, No. 22-50073 (JAM) (Bankr. D. Conn. July 26, 2023), ECF No. 2035. Appellant asserts that he cannot have been in contempt of the Bankruptcy Court's order to produce the records at issue because he properly invoked his Fifth Amendment right against self-incrimination when refusing to produce the records. Appellee opposes the motion. (ECF No. 10) For the reasons set forth below, the motion for leave to appeal is DENIED. (ECF No. 2)

**Facts and Procedural History**

The Court assumes the parties' familiarity with the underlying facts and repeats only those necessary for deciding the instant motion. Briefly, on July 28, 2022, Appellee filed a motion for Rule 2004 discovery from Appellant regarding, *inter alia*, information related to for-profit and not-for-profit entities that Appellant allegedly owned and controlled, which the Bankruptcy Court granted on August 16, 2022. Appellant reserved his right to object to the Rule 2004 subpoena (the

"Subpoena") once it was served, which occurred on August 19, 2022. The Subpoena sought documents related to "Associated Individuals" and "Associated Entities." While Appellant agreed to produce certain documents, Appellant objected to several document requests and requests for production, primarily related to the assets of his family.

On October 28, 2022, Appellee filed a motion to compel Appellant to comply with the Subpoena. On November 14, 2022, Appellant filed a joint objection to Appellee's motion to compel with HK International Investments (USA) Limited, LLC and Mei Guo (Appellant's daughter). The Bankruptcy Court granted Appellee's motion in part on January 20, 2023, and required Appellant to produce most of the requested documents[1] by January 31, 2023 and to file a sworn declaration by February 7, 2023 describing the efforts undertaken by him and his counsel to collect the documents at issue. However, on February 1, 2023, Appellant's counsel emailed Appellee's counsel to advise that Appellant would be asserting his Fifth Amendment rights, to include rights under the act of production doctrine,[2] in response to the Bankruptcy Court's January 20 order and would not be turning over any documents. On February 7, 2023, Appellant filed a sworn declaration stating that he was invoking his rights under the Fifth Amendment with respect to the entirety of the Subpoena.

On February 10, 2023, Appellee filed a motion for an order to show cause why Appellant should not be held in contempt for failing to comply with the Bankruptcy Court's January 20 order that he comply with the Subpoena. On March 7, 2023, the Bankruptcy Court entered an Order to

---

[1] The Bankruptcy Court limited the applicable time frame for the document production to June 1, 2014, rather than 2012 as was requested by Appellee. The Court also declined to compel Appellant to produce his passport.

[2] The act of production doctrine is a Fifth Amendment privilege that can "protect an individual from being required to produce documents, even if the documents' contents are not protected by the privilege, when the witness's simple act of producing the documents could be used against the witness—for example, in those cases when the simple fact that the witness possessed the documents would be incriminating." *In re Grand Jury Subpoena Dated February 2, 2012*, 741 F.3d 339, 343 (2d Cir. 2013); *see also Fisher v. United States*, 425 U.S. 391 (1976).

Show Cause. On April 10, 2023,[3] Appellant filed his objection to the Order to Show Cause along with a motion seeking a limited stay of the Bankruptcy Court's January 20 order compelling compliance with the Subpoena.

On July 26, 2023, the Bankruptcy Court, after a series of hearings, issued an order holding that the act of production doctrine applied but that the requested documents fell under the required records exception to the doctrine.[4] The Bankruptcy Court found that Appellant was in contempt but that he may still purge himself of the contempt by September 29, 2023. On August 9, 2023, Appellant filed a Notice of Appeal in this court as well as the instant motion for permission to appeal. (ECF Nos. 1, 2)

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[5] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from

---

[3] Briefing was somewhat delayed because on March 15, 2023, a twelve-count indictment against Appellant and a co-defendant was unsealed in the Southern District of New York. Appellant was arrested the same day and has remained in federal custody since. On March 9, 2023, the Government filed a superseding indictment, which names a third co-defendant. Therein, the Government alleges that Appellant and his co-defendants, through "a series of complex fraudulent and fictious businesses and investment opportunities that connected dozens of interrelated entities," defrauded "thousands of victims of more than approximately $1 billion." The Government alleges that Appellant and his co-defendants did so by transferring victim funds through "approximately 500 accounts held in the name of at least 80 different entities or individuals," and named several entities and individuals that were the subject of the Subpoena.

[4] Under the required records exception, "the Fifth Amendment privilege may not be invoked to resist compliance with a regulatory regime constructed to effect the State's public purposes unrelated to the enforcement of its criminal laws." *Baltimore City Department of Social Servs. v. Bouknight*, 493 U.S. 549, 556 (1990).

[5] Although Appellant briefly contends that he is appealing a final order, he filed this motion for leave to appeal if this Court determined that the contempt order is not a final order. *See* Appellant Br., ECF No. 2 at 11. Appellee contends that this is an interlocutory appeal of a non-final order. Appellee Br., ECF No. 10 at 1–2. As discussed below, the Court concludes that the contempt order is not an appealable final order, and thus, leave of court is required.

district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[ ] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted." (citation omitted)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, Appellant must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. at 558; *see also In re Salvatore*, No. 3:18-cv-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied "if the reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *In re Salvatore*, 2019 WL 1284815, at *2 (quoting *Buckskin Realty Inc., v. Greenberg,* 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case docket for study." *Id.* at *2. The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard. . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore,* 2019 WL 1284815 at *2. The third inquiry is satisfied "when the appeal promises to

advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

**Discussion**

Appellant contends that an interlocutory appeal is appropriate here because whether his Fifth Amendment right against self-incrimination is overridden is a pure question of law and a matter of first impression, which will resolve his obligations as to the production order, and which will provide him greater clarity as to the scope of such rights in his bankruptcy case. Appellant also contends that exceptional circumstances warrant an interlocutory appeal because he is facing criminal prosecution and the Bankruptcy Court order places his right against self-incrimination at risk. Appellee argues that an interlocutory appeal of this issue is not appropriate at this time and because Appellant may still purge himself of his contempt, and even if he does not purge, the Trustee has not yet sought, and the Bankruptcy Court has therefore not issued, any sanction for the Appellant's contempt. Although the Court agrees that the appeal would present an issue that involves a pure question of law, and that this issue is one for which there is substantial ground for difference of opinion, thus satisfying two of the § 1292(b) criteria, he has neither demonstrated that an interlocutory appeal would materially advance the ultimate termination of the litigation nor that exceptional circumstances are present. To the contrary, an appeal at this time would constitute an inefficient and potentially wasteful expenditure of resources.

It is well-established in the Second Circuit that "an order finding a party in contempt is not final until after the sanction has been determined." *In re Fugazy Express, Inc.*, 982 F.2d 769, 775 (2d Cir. 1992). Even though the concept of finality is more flexible in bankruptcy matters than it

5

is in typical civil litigation, when it comes to contempt disputes, "the dispute is not completely resolved until the bankruptcy court determines the amount of damages to be awarded." *Id.* at 776. Although the time by which Appellant was permitted to purge himself of contempt has since passed, Appellee has not sought sanctions for Appellant's failure to purge his contempt, and the Bankruptcy Court has therefore not considered or ordered any sanctions.[6] Accordingly, an interlocutory appeal at this juncture is premature as the need for this Court to decide the issues presented is dependent upon a series of contingencies that may or may not come to pass.[7] This is precisely the type of piecemeal litigation that district courts are instructed to avoid when considering whether leave to appeal is appropriate and this aversion is not overcome by the exceptional circumstances that Appellant believes are present. *See id.* at 775 (there is a "strong federal policy against piecemeal appeals").

The Court would also decline to allow an interlocutory appeal even if Appellant "has demonstrated that the criteria of [section] 1292(b) are met." *See Buckskin Realty Inc.*, 552 B.R. at 44.

**Conclusion**

For the reasons set forth above, Appellant's motion for leave to appeal (ECF No. 2) is DENIED. The Clerk of the Court is directed to close this case.

---

[6] A review of the bankruptcy court docket reveals that no such request has been made.
[7] Nor is the Court persuaded that allowing this appeal to proceed is appropriate because it would obviate his need to make a request in his criminal proceeding for the Government to turn over documents relevant to the Rule 2004 subpoena to the Trustee. Indeed, whether and to the extent that Appellant is mandated by the Bankruptcy Court's order to make such a request and whether such request would be granted adds an additional layer of uncertainty that the Court declines to wade through at this time. While it might be more efficient for Appellant to not have to file such a request in his pending criminal case in the Southern District of New York, such efficiency is not likewise passed onto this Court, and does not change the fact that Appellee has not sought contempt sanctions and the Bankruptcy Court has not awarded contempt sanctions.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of November 2023.

                                                       */s/ Kari A. Dooley*
                                                       KARI A. DOOLEY
                                                       UNITED STATES DISTRICT JUDGE