**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*, | : | Case No. 22-50073 (JAM) |
| Debtors | : | (Jointly Administered) |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | : | Adv. P. No. 23-05013 (JAM) |
| Plaintiff, | : | |
| v. | : | November 9, 2023 |
| HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN W. HOFMEISTER, ASSIGNEE FOR THE BENEFIT OF THE CREDITORS | : | |
| Defendants. | : | |

**OBJECTION OF SHIN HSIN YU AND JIE ZHANG TO EIGHTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL RELEVANT BANKS**

Shin Hsin Yu ("Mr. Yu") and Jie Zhang ("Mrs. Zhang" and together, the "Objecting Parties"), by their attorneys Pastore LLC, hereby respectfully object to the Eighth Supplemental Motion of Luc A. Despins, the Chapter 11 Trustee (the "Trustee"), for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Relevant Banks (the "Motion," Main Case, ECF No. 3304), and state as follows:

## PRELIMINARY STATEMENT

1.      The Trustee seeks an order authorizing him to subpoena eight banks (*see* Motion at 3) for a sweeping range of banking and financial documents related not only to the Debtor, Ho Wan Kwok (the "Debtor"), but to many other persons and entities, including the Objecting Parties.

2.      At least 25 new entities, including the Objecting Parties, have been added to the Trustee's definition of "2004 Discovery Targets" since his seventh request for similar relief filed less than a month ago. (*Compare* Main Case, ECF No. 2249, Exh. C-1 to Motion, Exh. C-1).

3.      As the Court is aware, Mr. Yu is one of the three Proposed Intervenors seeking to intervene in the HCHK Adversary Proceeding.[1] Mrs. Zhang is the individual designated by GWGOPNZ Limited, another Proposed Intervenor, as its corporate representative. The Trustee has taken discovery of Mr. Yu and Mrs. Zhang in the Adversary Proceeding, and that discovery has shown that neither transacted with, or has a close relationship with, the Debtor.

4.      Accordingly, no good cause exists for the Trustee's request for "all documents" related to Objecting Parties' bank accounts and financial transactions. The Trustee's Motion, at

---

[1] As the Court is aware, on June 8, the Trustee filed a Complaint against HCHK Technologies, Inc., HCHK Property Management Inc. (together, the "HCHK Entities") and others, alleging, in sum, that the HCHK Entities are merely alter egos of the Debtor. (Adv. Proc. No. 22-05013, June 8, 2023) [Docket No. 1] (the "HCHK Adversary Proceeding"). On July 17, Mr. Yu, 1332156 B.C. LTD, and GWGOPNZ Limited (collectively, the "Proposed Intervenors"), who are bona fide creditors of the HCHK Entities, moved to intervene in the HCHK Adversary Proceeding to protect their interests in the funds they loaned to the HCHK Entities. ("Motion to Intervene," HCHK Adv. Proc., Docket No. 60).

least as to the Objecting Parties, represents an overreaching and unfettered, abusive foray into the private financial affairs of the Objecting Parties without a showing that would justify such an invasion of privacy. Accordingly, the Motion should be denied.

## **BACKGROUND**

5.     The Trustee has engaged in extensive discovery of Proposed Intervenors in connection with the Motion to Invervene, including obtaining documents from and depositions of the Proposed Intervenors.[2]

6.     The Trustee's discovery efforts have failed to demonstrate any transactional relationships with the Debtor that would justify further inquiry. These are not the Debtor's daughter or right-hand woman. Mr. Yu unambiguously testified:

> [a]ll my investment, including investment in HCoin and also HCHK, has nothing to do with Mr. Kwok. This is investment that I -- I do it willingly. It has nothing to do with Mr. Kwok … So there is no such thing about businesses related to Mr. Kwok. All my communication with Mr. Kwok revolves around the Taiwan Strait war and the CCP infiltration into Taiwan.[3]

7.     Similarly, Mrs. Zhang testified that she is not personally familiar with the Debtor and has never spoken to the Debtor, his family or any person that she understood to be representing the Debtor.[4]

8.     On November 2, 2023, the Trustee filed his Motion, representing his eighth request for authorization to conduct discovery and including an additional 25 entities in his definition of "2004 Discovery Targets" without any justification, evidence or facts to demonstrate a nexus between the Objecting Parties' private financial documents and the Debtor's estate.

---

[2] Mr. Yu and Mrs. Zhang testified overnight from Taiwan and New Zealand, respectively.
[3] Dep. of Hsin Yu Shih, 152:6-23 (Sept. 8, 2023).
[4] Dep. of Jie Zhang, 37:18 – 39:20 (Sept. 6, 2023).

9.      The first place the Objecting Parties' names appear in the Motion are on page 28 of the 152-page PDF, on page 8 of the first proposed subpoena, buried in paragraph 7 of the Definitions, which contains more than 125 names in a narrative paragraph (not a list).

## ARGUMENT

### A.      The Motion is an Abusive Foray Into the Private Affairs of the Objecting Parties

10.     The Trustee's Motion seeks to invade the Objecting Parties' private financial records without good cause or establishing any connection to the Debtor. Such a request is abusive, and goes beyond the permissible bounds of discovery. While the Objecting Parties have nothing to hide, that is not the point. The Objecting Parties object to the invasion of their privacy and infringement of their due process rights, which should be zealously protected, without justification.

11.     While discovery under Rule 2004 is broad, there are limits to its use. *In re Bellville*, No. 00-11144, 2002 WL 31761279, at *2 (Bankr. D. Vt. Aug. 9, 2002). "[E]xamination of a witness about matters having no relationship or no effect on the administration of an estate is improper." *In re Johns–Manville, Inc.*, 42 B.R. 362, 364 (S.D.N.Y. 1984). Rule 2004 examinations "may not be used to annoy, embarrass or oppress the party being examined." *In re Drexel Burnham Lambert, Inc*., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

12.     Pursuant to Fed. R. Bankr. P. 2004, even in a broad discovery context, there must be some showing of a connection to the administration of the estate. Yet, the Motion merely states that the Trustee "has identified more entities with **possible knowledge** of the Debtor's assets and financial activities." (Motion ¶ 2) (emphasis added). Thus, the Trustee "believes these [Banks] may possess information and documents related to the Debtor's commercial activities and other conduct … **potentially relevant** to the administration of the Debtor's estate and may hold assets of the Debtor." (Motion ¶ 8) (emphasis added).

13.     However, the information the Trustee seeks from the Banks goes far beyond

"documents related to the Debtor's commercial activities" and the requests are in no way limited to documents related to the Debtor. Each of the Proposed Subpoenas demands, without limitation:

- All Documents related to any account held by, on behalf, of or otherwise related ***to any of the 2004 Discovery Targets***

- All Documents ***related to any of the 2004 Discovery Targets***, including any and all account statements; and

- All Documents related to ***any communications with the 2004 Discovery Targets***.[5]

14.     The Trustee has offered nothing to show any connection between the Objecting Parties' financial records and the administration of the estate. The Objecting Parties are a creditor and a creditor representative of the HCHK Entities, not the Debtor. The Trustee has *alleged* that the HCHK Entities are *alter egos* of the Debtor. At this stage, however, those allegations are just that – mere allegations that have not been proven. Even if the HCHK Entities are affiliates of the Debtor, that is not a sufficient basis to demand private financial documents from HCHK *creditors*.

**B.      The Motion Fails to Provide Adequate Notice to the Objecting Parties**

15.     Fed. R. Civ. P. 45, made applicable to these proceedings by Fed. R. Bankr. P. 9016, requires notice to all parties before service of the subpoena. *Henry v. Bristol Hosp., Inc.*, No. 3:13-CV-00826 AVC, 2015 WL 3466807, at *3 (D. Conn. June 1, 2015).

16.     The Motion was not filed in the HCHK Adversary Proceeding. The Objecting Parties' names are buried in the exhibits attached to the Motion, embedded in a long paragraph listing more than 125 persons and entities. It is objectively unreasonable to expect non-parties to scrutinize every page of every document filed on a docket containing 2300+ entries to ensure their rights are not infringed by the Trustee's overreaching. Burying the Objecting Parties' names in the Motion in this manner is not fair or adequate notice.

---

[5] (*See* Motion, Exhs. C-1 to C-8).

17.     Accordingly, the Objecting Parties request that the Court direct the Trustee to provide specific notice of any future filing in which they or the Proposed Intervenors are mentioned, so that they can correct mischaracterizations and protect their rights.

**C.     The Trustee Seeks to Avoid the Discovery Restrictions Under the Federal Rules**

18.     The Trustee should not be permitted to conduct further discovery relevant to the Motion to Intervene. "Once an adversary proceeding or another contested matter has been initiated, parties must proceed with discovery for that litigation pursuant to the Federal Rules of Civil Procedure." *In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991).

19.     If the Proposed Intervenors' Motion to Intervene is granted, Mr. Yu will be a party to the HCHK Adversary Proceeding and Mrs. Zhang will be a party representative. The Trustee has already taken discovery of the Objecting Parties in connection with the Adversary Proceeding, and discovery has been closed for two months. (HCHK Adv. Proc. ECF No. 82 ¶ 7).

20.     With this Motion, the Trustee seeks to side-step the application of the pending proceeding rule by directing his discovery at non-party banks rather than the actual "2004 Discovery Targets." While this Court has previously ruled with respect to other parties that the pending proceeding rule did not apply (*see* ECF Nos. 1184 and 1891), here, permitting the Trustee to take his requested 2004 Discovery would work an injustice against innocent creditors.

WHEREFORE, the Objecting Parties respectfully request that the Court:

a.     Strike from the Proposed Subpoenas the names of the Objecting Parties;

b.     Require the Trustee to provide specific and clear notice in any future filings that mention the Objecting Parties or the Proposed Intervenors or seek relief affecting the Objecting Parties or Proposed Intervenors; and

c.     Grant such other and further relief as the Court deems just and proper.

Dated: November 9, 2023
Stamford, Connecticut

**OBJECTING PARTIES**

By: *Joseph M. Pastore*
Joseph M. Pastore III (ct11431)
Melissa Rose McClammy (ct31199)
Paul Fenaroli (ct31403)
Tyler W. Rutherford (ct31528)
Pastore LLC
Juris No. 433711
4 High Ridge Park, Third Floor
Stamford, CT 06905
203-658-8454 (Tel.)
Jpastore@pastore.net
Mmcclammy@pastore.net
Pfenaroli@pastore.net
Trutherford@pastore.net
