# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*, | : | Case No. 22-50073 (JAM) |
| Debtors | : | (Jointly Administered) |
| | : | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | : | Adv. P. No. 23-05013 (JAM) |
| Plaintiff, | : | |
| | : | November 13, 2023 |
| v. | : | |
| HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN W. HOFMEISTER, ASSIGNEE FOR THE BENEFIT OF THE CREDITORS | : | |
| Defendants. | : | |

**OBJECTION TO CHAPTER 11 TRUSTEE'S NINTH SUPPLEMENTAL OMNIBUS MOTION FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL <u>ENTITIES AND INDIVIDUALS</u>**

Shin Hsin Yu ("Mr. Yu"), 1332156 B.C. LTD ("1332156 B.C."), GWGOPNZ Limited ("GWGOPNZ" and collectively, the "Proposed Intervenors")[1] and Jie Zhang[2] ("Mrs. Zhang" and together with the Proposed Intervenors, the "Objecting Parties"), by their attorneys Pastore LLC, hereby respectfully object to the Ninth Supplemental Motion of the Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals (the "Motion," ECF No. 2308), and state as follows:[3]

1.　　The Trustee requests authorization to subpoena a sweeping range of financial documents and information related not only to the Debtor, his family or those affiliated with him, but to many other individuals and entities, including the Objecting Parties. Despite the broad range of discovery permitted under Rule 2004, the Trustee's Motion exceeds its limits. Including the Objecting Parties, without any support, amounts to a punitive action against the Objecting Parties who merely stood up in the HCHK Adversary Proceeding to defend their rights.

2.　　As with the Trustee's eighth request for similar authorization (ECF No. 2304), the Proposed Subpoenas demand extensive financial and other documents related to the Objecting Parties, unrelated to the Debtor or the administration of the estate.[4] The Proposed Subpoenas seek (among other things):

- All Documents regarding any income or Asset of an Associated Individual, or an Associated Entity;

---

[1] As the Court is aware, on June 8, the Trustee filed a Complaint against HCHK Technologies, Inc., HCHK Property Management Inc. (together, the "HCHK Entities") and others, alleging, in sum, that the HCHK Entities are merely alter egos of the Debtor. (Adv. Proc. No. 22-05013, June 8, 2023) [Docket No. 1] (the "HCHK Adversary Proceeding"). On July 17, the Proposed Intervenors, who are bona fide creditors of the HCHK Entities, moved to intervene in the HCHK Adversary Proceeding to protect their interests in the funds they loaned to the HCHK Entities. ("Motion to Intervene," HCHK Adv. Proc., Docket No. 60).

[2] GWGOPNZ has designated Mrs. Zhang as its corporate representative in connection with the HCHK Adversary Proceeding. On September 6, she sat for a remote deposition, which began at 1:41 am in New Zealand, to testify on behalf of GWGOPNZ regarding loans that it made to the HCHK Entities.

[3] Capitalized terms undefined herein shall have the meaning ascribed to them by the Motion.

[4] The Objecting Parties incorporate the *Objection of Shin Hsin Yu and Jie Zhang to Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery With Respect to Additional Relevant Banks* (ECF 2319) by reference and make it a part hereof.

- All Documents regarding any financial statement, statement of account, certificate of deposit or similar document relating to an Associated Individual or an Associated Entity, including Documents sufficient to show all Transfers to any of the foregoing;

- All Documents regarding any business dealing or transaction made by or with an Associated Individual or an Associated Entity;

- All Communications with an Associated Individual or an Associated Entity; and

- All Documents related to any Associated Entity that the Examinee may hold or have an interest in.[5]

3. The Proposed Subpoenas contain definitions that purport to include only individuals and entities controlled or owned by the Debtor. However, the definitions assert that the targeted individuals and entities include, but are not limited to, more than 100 individuals and entities, including the Objecting Parties. The Objecting Parties (and perhaps others) do not have close ties to the Debtor or documented financial dealings with the Debtor, do not in fact fall within the scope of the general definitions, and should not be subject to the invasions of privacy sought by the Trustee.

## *1332156 B.C. and GWGOPNZ Are Not "Associated Entities"*

4. First, the Proposed Subpoenas define "Associated Entities" to mean entities that "(1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family."[6] According to the Trustee, 1332156 B.C. and GWGOPNZ fall within this definition. In fact, they do not.

5. Discovery taken in connection with the Motion to Intervene demonstrated that neither 1332156 B.C. nor GWGOPNZ are "owned, controlled or invested in by the Debtor or the Debtor's family." The corporate representative of 1332156 B.C. testified that, she, not the Debtor

---

[5] *See* Motion, Exhs. C-1 - C-29.
[6] *Id*.

2

or the Debtor's Family, is the sole owner and representative of 1332156 B.C.[7] She testified further that, excluding conversations about destroying the CCP, she had not communicated with the Debtor, nor had she discussed any business dealings with the Debtor.[8] Similarly, the corporate representative of GWGOPNZ testified that she is not personally familiar with the Debtor and has never spoken to the Debtor, his family or any person that she understood to be representing the Debtor.[9] She testified that the Debtor had no role in the creation of GWGOPNZ.[10] Based on her understanding, GWGOPNZ is owned and controlled by Xuebing Wang, not the Debtor or the Debtor's Family.[11]

6. 1332156 B.C. and GWGOPNZ also do not have any interest in any assets owned or controlled by the Debtor or the Debtor's Family.[12] 1332156 B.C.'s only assets are amounts payable to it by the HCHK Entities pursuant to the loan agreement dated July 17, 2022.[13] The corporate representative of 1332156 B.C. testified plainly that the amounts the company loaned to the HCHK Entities represent its only assets.[14] Likewise, GWGOPNZ's assets include amounts owed to it by the HCHK Entities pursuant to a loan agreement dated July 17, 2022.[15]

7. The HCHK Entities are not owned or controlled by the Debtor. The Trustee *alleges* the HCHK Entities are *alter egos* of, or "equitably owned" by, the Debtor, but has yet to substantiate these allegations with any evidence.

---

[7] Dep. of 1332156 B.C. Representative at 94:3-24 (Sept. 7, 2023).
[8] *Id.* at 94:3-24.
[9] Dep. of Jie Zhang at 37:18 – 39:20 (Sept. 6, 2023).
[10] *Id.* at 65:25-66:7.
[11] *Id.* at 65:11-17.
[12] The defined term in the Proposed Subpoenas also includes assets "enjoyed" by the Debtor or his family. It is not clear what this means.
[13] Produced by the Trustee in connection with discovery in the HCHK Adversary Proceeding with the Bates stamp Trustee-HCHK-Intervenors-0000001-0000008.
[14] Dep. of 1332156 B.C. Representative at 135:4-16 (Sept. 7, 2023).
[15] Produced by the Trustee in connection with discovery in the HCHK Adversary Proceeding with the Bates stamp Trustee-HCHK-Intervenors-0000009-0000016.

8.  Even if the HCHK Entities were owned by the Debtor, this would not warrant an indiscriminate probe into the finances of their *creditors* like 1332156 B.C. or GWGOPNZ (or Mr. Yu). The Trustee's proposed discovery is simply excessively broad and intrusive

### *Mr. Yu and Mrs. Zhang Are Not "Associated Individuals"*

9.  Second, The Trustee represents that "Associated Individuals" are persons who "(1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities … ."[16] The Trustee asserts, without any evidence to support his position, that Mr. Yu and Mrs. Zhang fall within this definition. In fact, they do not.

10.  As to Mr. Yu: Mr. Yu does not control any asset owned by the Debtor. On September 8, 2023, Mr. Yu was deposed in connection with discovery concerning the Motion to Intervene. Mr. Yu unambiguously testified:

> [a]ll my investment, including investment in HCoin and also HCHK, has nothing to do with Mr. Kwok. This is investment that I -- I do it willingly. It has nothing to do with Mr. Kwok … So there is no such thing about businesses related to Mr. Kwok. All my communication with Mr. Kwok revolves around the Taiwan Strait war and the CCP infiltration into Taiwan.[17]

11.  There is no evidence that Mr. Yu has been an employee or director of any of the purported "Associated Entities." He testified that he is a member of Gclub, which he analogized to joining a social media group online. (*Id*. at 141:11-142:17). He also testified that he (along with millions of other users globally) has a Gettr account. (*Id*. at 142:25-143:3). He testified that he invested in GCoin (*Id*. at 134:7-10). Certainly, it would be improper to extend the Trustee's authority to take discovery under Rule 2004 to every member of every social media group with

---

[16] *See* Motion, Exhs. C-1 - C-29
[17] Dep. of Hsin Yu Shih, 152:6-23 (Sept. 8, 2023).

4

some connection to the Debtor, or every Gettr user. Finally, Mr. Yu is a creditor of the HCHK Entities. As noted above, even if the HCHK Entities are ultimately proven to be equitably owned by the Debtor (which to date they have not), it is improper to seek the invasive discovery of Mr. Yu's finances based on his status as a lender.

12. As to Mrs. Zhang: there is no evidence that Mrs. Zhang holds, controls or has custody or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family. As discussed above, she testified that she is not personally familiar with the Debtor and has never spoken to the Debtor, his family or any person that she understood to be representing the Debtor.[18] While she is affiliated with GWGOPNZ, for the reasons stated above, GWGOPNZ is improperly classified as an "Associated Entity" by the Trustee, and in any event, for the reasons stated above, her status as an indirect creditor of the HCHK Entities would not justify a fishing expedition into her finances. There is no evidence suggesting her affiliation with any other purportedly "Associated Entity."

13. In sum, the Proposed Subpoenas include demands for confidential, private financial documents and information entirely unrelated to the administration of the estate and exceed even the broad limits of Rule 2004. The Motion reflects abusive, overreaching by the Trustee. Clearly, the Court must impose boundaries on the Trustee's authority. Otherwise, there is no telling whose private banking records he will demand next.

WHEREFORE, the Objecting Parties respectfully request that the Court:

a. Strike from the Proposed Subpoenas the names of the Objecting Parties;

b. Require the Trustee to provide specific notice of any future filings that mention the Proposed Intervenors or seek relief affecting the Proposed Intervenors; and

c. Grant such other and further relief as the Court deems just and proper.

---

[18] Dep. of Jie Zhang, 37:18 – 39:20 (Sept. 6, 2023).

Dated: November 13, 2023
Stamford, Connecticut

**OBJECTING PARTIES**

By: */s/ Joseph M. Pastore III*
Joseph M. Pastore III (ct11431)
Melissa Rose McClammy (ct31199)
Paul Fenaroli (ct31403)
Tyler W. Rutherford (ct31528)
Pastore LLC
Juris No. 433711
4 High Ridge Park, Third Floor
Stamford, CT 06905
203-658-8454 (Tel.)
Jpastore@pastore.net
Mmcclammy@pastore.net
Pfenaroli@pastore.net
Trutherford@pastore.net