# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

**G CLUB OPERATIONS LLC'S OBJECTION TO THE NINTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL ENTITIES AND INDIVIDUALS AFFILIATED WITH DEBTOR AND ENTITIES DOING BUSINESS WITH DEBTOR**

G Club Operations LLC ("G Club Operations") objects to the *Ninth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery With Respect to Additional Entities and Individuals Affiliated With Debtor and Entities Doing Business With Debtor* [Dkt. No. 2308] (the "Ninth Rule 2004 Motion") to the extent it seeks authority to obtain discovery from Andrew Childe ("Mr. Childe") – a Director of G Club Operations' independent manager which, in turn, only became the manager after June 1, 2023 – *five months ago*.[1]

## PRELIMINARY STATEMENT

1. Within just 5 calendar days, the Trustee filed two discovery motions requesting authority to issue subpoenas for Rule 2004 discovery, and served one non-party subpoena in a pending adversary proceeding, on Mr. Childe effectively seeking overlapping, and otherwise overly broad and burdensome discovery, even though the Trustee knows that Mr. Childe is employed by an independent fiduciary brought into G Club Operations to fill a management void

---

[1] This Objection is submitted without waiver of all rights, including service.

{00340162.1 }

since June of this year – long after alleged wrongdoing by the Debtor and the appointment of the Trustee.

2.  Although G Club Operations could ignore the Ninth Rule 2004 Motion and rely instead on the Rule 45 process to challenge the scope and breadth of the proposed and issued subpoenas, if past is prologue, the Trustee will later maintain that because the Court "approved" the 2004 subpoenas when granting the discovery motions, the Trustee need not modify his requests in response to overbreadth, burden, and harassment challenges. Regardless, having commenced multiple adversary proceedings seeking relief based on his expansive "alter ego" theory, the Trustee should now be limited to the more-tailored adversary proceeding process for discovery, and his resort to shotgun Rule 2004 discovery should be put to an end. This is particularly true for Mr. Childe who is the subject of non-party discovery in a pending adversary proceeding.

3.  Accordingly, G Club Operations raises its objections now, in response to the Ninth Rule 2004 Motion, hoping that by doing so, the Trustee will either voluntarily, or be compelled to, rein in his unbridled, unfocused, repetitive, and harassing discovery attempts at the outset.

## RELEVANT FACTUAL BACKGROUND

4.  As previously noted in filings and in Court, G Club Operations retained an independent manager on June 1, 2023 after its former Chief Executive Officer, General Counsel, and Assistant General Counsel resigned. That manager is FFP (BVI) Limited ("FFP"). Together with its affiliated entities, FFP is an independent fiduciary and corporate business in the Cayman Islands and British Virgin Islands (*See* Ex. A, FFP Company Information). FFP is regulated and supervised by the Cayman Island Monetary Authority and the BVI Financial Services Commission. *Id.* The FFP team includes accountants, insolvency practitioners, lawyers, trustees,

and directors who have experience in managing companies, often stepping in to replace or act as a general partner, managing member, director, liquidator, trustee, or receiver. *Id.*

5.  As a Director of FFP, Mr. Childe has held numerous professional roles, including roles analogous to a chief restructuring officer. In addition, Mr. Childe regularly acts as a Court Supervised Liquidator in the Cayman Islands, the British Virgin Islands and Bermuda, and as a Foreign Representative in chapter 15 and similar cross-border cases around the world and as a Director in various structures around the world. Most recently, Mr. Childe was appointed as the Court appointed liquidator of Silicon Valley Bank Cayman Branch involving over $800 million of assets. *Id.* Mr. Childe, as a Director of FFP, together with his team, has been handling the day-to-day operations of G Club Operations *only for the past five months*.

6.  On November 2, 2023, the Trustee filed his proposed Eighth Supplemental Omnibus Motion (the "Eighth Rule 2004 Motion"). Without any information as to why he included Mr. Childe as a "Discovery Target," the Trustee seeks to issue subpoenas to multiple banks for *all* of Mr. Childe's personal financial information. G Club Operations objected to the Eighth Rule 2004 Motion on November 9, 2023. (*See* Dkt. No. 2320).

7.  Four days later, On November 6, 2023, the Trustee filed the Ninth Rule 2004 Motion, seeking twenty-nine more subpoenas because he has "identified more entities with *possible knowledge* of the Debtor's assets and financial activities." The Ninth Rule 2004 Motion, ¶ 2 (emphasis added). In the Ninth Rule 2004 Motion, the Trustee now includes Mr. Childe as an Examinee under Rule 2004. *Id.* ¶ 9(b)(ii), Ex. C-2. The Trustee asserts, in a conclusory manner, that Mr. Childe "serves as director of *certain* G-Club Related Entities," and proceeds to define *nine* different entities (*excluding* G Club Operations) but never actually states the entity or entities for which the Trustee believes Mr. Childe is a director.

8. The day after filing the Ninth Rule 2004 Motion, on November 7, 2023, the Trustee also sent G Club Operations and Mr. Childe separate subpoenas via email in connection with *Despins et al v. Taurus Fund LLC et al*, No. 23-05017 (Bankr. D. Conn. Jul. 11, 2023) (Dkt. No. 1) (the "Taurus Adversary Proceeding"). The requests are broad and overlap with the current Ninth Rule 2004 Motion.

9. In total, the Trustee has sought the issuance of **225** Rule 2004 Subpoenas to "targets" all because of their "possible knowledge." Specifically, the Ninth Rule 2004 Motion follows eight supplemental omnibus motions: (i) the Trustee's First Supplemental Omnibus Motion [Dkt. No. 839] seeking twenty-five (25) subpoenas; (ii) the Trustee's Second Supplemental Omnibus Motion [Dkt. No. 1116] seeking fifty-three (53) subpoenas; (iii) the Trustee's Third Supplemental Omnibus Motion [Dkt. No. 1259] seeking nineteen (19) subpoenas; (iv) the Trustee's Fourth Supplemental Omnibus Motion [Dkt. No. 1592] seeking fifty-seven (57) subpoenas; (v) the Trustee's Fifth Supplemental Omnibus Motion [Dkt. No. 1789] seeking eight (8) subpoenas; (vi) the Trustee's Sixth Supplemental Omnibus Motion [Dkt. No. 2079] seeking twenty (20) subpoenas; (vii) the Trustee's Seventh Supplemental Omnibus Motion [Dkt. No. 2249] seeking six (6) subpoenas; and (viii) the Trustee's Eighth Supplemental Omnibus Motion [Dkt. No. 2304] seeking eight (8) subpoenas.

## ARGUMENT

**The Proposed Rule 2004 Examination Is Abusive, Harassing, and Unnecessary**

10. "Rule 2004 examinations…may not be used for the purposes of abuse or harassment, and cannot stray into matters not relevant to the basic inquiry." *In re Orion Healthcorp, Inc.*, 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019) (quotations omitted).

11. The Trustee demands a broad range of documents from Mr. Childe pursuant to Rule 2004 under the Ninth Rule 2004 Motion, at the same time that he demands discovery related to Mr. Childe under the Eighth Rule 2004 Motion and also seeks discovery from him in the Taurus Adversary Proceeding pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Rules 7026, 7030, and 9016 of the Federal Rules of Bankruptcy Procedure. Specifically, through the Ninth Rule 2004 Motion, the Trustee demands all documents related to the Debtor, the Debtor's Family, the Debtor's Estate, Associated Individuals, or Associated Entities regarding income, assets, financials, or obligations (Subpoena[2] Request Nos. 1, 2, 3, and 11); all documents regarding any transaction, business dealing, investment, gift, or loan made to, by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity (Subpoena Request Nos. 4, 6, and 9); all documents and communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity (Subpoena Request Nos. 5 and 12); all documents related to various properties and an aircraft ever used, controlled, or occupied by the Debtor (Subpoena Request Nos. 7 and 8); all documents related to any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity (Subpoena Request No. 10); all documents and communications between any of Mr. Childe's counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual (Subpoena Request No. 13); and all documents related to any Associated Entity that Mr. Childe holds or has held an interest in (Subpoena Request No. 14).

---

[2] As used in the paragraph, references to the "Subpoena Request" are references to the draft subpoena attached to the Ninth Rule 2004 Motion.

12. These requests to Mr. Childe are unnecessary. They are the *same requests* made to G Club Operations, and to which G Club Operations already has responded, by producing more 140,000 documents to the Trustee. *Compare* Dkt. No. 2308, C-2 Request No. 1 (seeking documents "regarding any income or Asset of the Debtor" *with* Dkt. No. 1116, C-8 Request No. 1 (same). *See also* Comparison Chart, attached as Ex. B (illustrating the overlap between the requests to G Club Operations as compared to Mr. Childe).

13. No good reason exists to burden Mr. Childe with these requests, or subject Mr. Childe to overly broad requests, where G Club Operations has already responded to the same substantive requests, and where the nine (9) G-Club Related Entities identified in the Ninth Rule 2004 Motion are the best source for information, data and documents, other than to impose upon, or harass, Mr. Childe.

14. Under these circumstances, the Ninth Rule 2004 Motion should be denied for many reasons, including that discovery from Mr. Childe is unnecessary and duplicative of the discovery responses and documents produced to the Trustee by G Club Operations or which could be produced by the entities that are the target of his "alter ego" claims. The Trustee has demonstrated no good cause for the Subpoena he seeks.

15. For the same reasons, denying the Ninth Rule 2004 Motion as it relates to Mr. Childe will not cause the Trustee undue hardship or injustice because any information that the Trustee seeks from Mr. Childe has already been given to the Trustee by G Club Operations.

16. Ironically, it is FFP (of which Mr. Childe is a director) that has worked with counsel to ensure that the Trustee received relevant and non-privileged G Club Operations documents responsive to the Trustee's pre-existing, substantially identical discovery requests.

17.     Where a Rule 2004 examination goes beyond its purpose as an investigatory device arising out of the needs of the trustee, "it should be carefully scrutinized." *In re J&R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010).  The Ninth Rule 2004 Motion requires this scrutiny because it goes beyond its investigatory purposes.  It requests duplicative productions, it posits overly broad requests, and it requests discovery the Trustee has already received.

18.     Moreover, failing to address these issues before the Ninth Rule 2004 Motion is granted will drive G Club Operations and Mr. Childe into an all-too-familiar cycle.  They will be forced to incur costs trying to address legitimate discovery issues with a Trustee who will take the position that having received approval of the Ninth Rule 2004 Motion, there are no valid objections to be raised.  G Club Operations and Mr. Childe will be forced to file motions to quash and to seek protective orders.

19.     Where Mr. Childe's contact with G Club Operations began on June 1, 2023, addressing the harassing and overly broad proposed requests in response to the Ninth Rule 2004 Motion and not later is particularly appropriate.  Perhaps there are some requests that are appropriately directed to Mr. Childe, but the Trustee has failed to exercise any restraint, or any reasonable tailoring of his requests of Mr. Childe to reflect his limited tenure with G Club Operations.  Instead, it appears he aims to harass and impose unnecessary burden upon Mr. Childe.

20.     In addition, as the Court is aware, the Trustee has initiated several Adversary Proceedings against various entities alleging they are "alter egos" or equitably owned by the Debtor.[3]  *See Despins et al v. Bravo Luck Limited et al*, No. 22-05027 (Bankr. D. Conn. Oct. 11, 2022) (Dkt. No. 1); *Despins v. Greenwich Land, LLC et al*, No. 23-05005 (Bankr. D. Conn. Mar. 27, 2023) (Dkt. No. 1); *Despins v. Guo*, No. 23-05008 (Bankr. D. Conn. May 16, 2023) (Dkt. No.

---

[3] Notably absent from this list is any adversary proceeding against G Club Operations.

1); *Despins et al v. HCHK Technologies, Inc. et al*, No. 23-05013 (Bankr. D. Conn. Jun. 8, 2023) (Dkt. No. 1); *Despins et al v. Taurus Fund LLC et al*, No. 23-05017 (Bankr. D. Conn. Jul. 11, 2023) (Dkt. No. 1); *Despins v. Golden Spring (New York) LTD et al*, No. 23-05018 (Bankr. D. Conn. Jul. 25, 2023) (Dkt. No. 1); *Despins v. Lamp Capital LLC et al*, No. 23-05023 (Bankr. D. Conn. Oct. 16, 2023) (Dkt. No. 1).

21. In the Taurus Adversary Proceeding, the Trustee has issued non-party discovery to Mr. Childe. That non-party discovery overlaps with proposed discovery sought from Mr. Childe under the Ninth Rule 2004 Motion. Regardless, the existence of the Taurus Adversary Proceeding, which raises many of the same "investigative" issues raised in the Ninth Rule 2004 Motion with respect to Mr. Chile, now prohibits Rule 2004 discovery from him. "The majority of courts that have addressed this issue have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." *In re 2435 Plainfield Ave., Inc.,* 223 B.R. 440, 455 (Bankr. D. N.J. 1998) (collecting cases). For this independent reason, the Ninth Rule 2004 Motion should be denied.

## CONCLUSION

22. Under these circumstances, there is no justified basis to permit expansive and unnecessary discovery from Mr. Childe as requested in the Ninth Rule 2004 Motion. The Trustee has provided no compelling reason to propound unduly burdensome and duplicative discovery on Mr. Childe, particularly where G Club Operations has produced more than 140,000 documents in response to similar requests. The requests intended for Mr. Childe are, therefore, harassing, and abusive by definition.

## RELIEF REQUESTED

23. G Club Operations respectfully requests that the Court deny the Ninth Rule 2004

Motion to the extend it seeks authority to take discovery of, and issue a Subpoena to, Andrew Childe.

Dated: November 13, 2023

By:   */s/ Jeffrey M. Sklarz*
GREEN & SKLARZ LLC
Jeffrey M. Sklarz
Kellianne Baranowsky
One Audobon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice*)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorneys for G Club Operations LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date:   November 13, 2023.

                                              */s Jeffrey M. Sklarz/*
                                              Jeffrey M. Sklarz

# EXHIBIT A

**FFP**

2nd Floor Harbour Centre
159 Mary Street
George Town, Grand Cayman
Cayman Islands
Tel: +1 345 945 5854

FFP is a leading offshore independent fiduciary and corporate services business in the Cayman Islands and British Virgin Islands (BVI). FFP group companies and employees are regulated and supervised by the Cayman Island Monetary Authority and The BVI Financial Services Commission.

The FFP team comprises approximately 55 people made up of qualified accountants, insolvency practitioners, lawyers and trustees. FFP has expertise in financial and corporate investigations, and litigation, including collating offshore corporate intelligence and eDiscovery. Our engagements are usually in the form of replacement general partner, managing member, director, liquidator or receiver.

Almost all of our engagements involve litigation, insolvency or regulatory issues. We are experienced in managing companies and assets, working on complex or contentious engagements, our work frequently bringing us into contact with government agencies such as the SEC and DoJ in the United States.

Our senior team members are regularly appointed by Courts in the Cayman Islands and BVI, and have been appointed as foreign representatives of numerous companies that have filed for Chapter 15 bankruptcy recognition in the US, or equivalent processes elsewhere. We are accustomed to deposition and live Court testimony given the nature of our work and to instigating or responding to 2004 and 1782 type discovery.

Some of FFP's notable recent appointments with significant United States litigation connections include:

- Court appointed Liquidators of Silicon Valley Bank NA Cayman Branch with over $800m of claims and creditors against the US Federal Deposit Insurance Company.
- Court appointed Liquidators and Chapter 15 foreign representatives of a group of offshore companies embroiled in a $250m ponzi scheme with hundreds of victims. We recently successfully sued Deutsche Bank AG in the Southern District of Florida for $95m following issuing over 100 subpoenas and reviewing several million documents.
- Court appointed liquidators in Bermuda and recognised in Delaware relating to tax avoidance allegations by the IRS of over $2bn. Ongoing litigation and discovery.
- Court appointed Receivers of a $2bn private equity fund embroiled in an alleged corporate hijacking and fraud against a Chinese investor. FFP took control of underlying entities and shepherded the sale of the key asset, US company J.D. Power in a competitive private equity tender for nearly $2bn.
- Appointed as replacement directors of a $1bn healthcare fund by investors including the Gates Foundation and the World Bank to recover and defend against preference and fraud actions emanating from the collapse of Middle East based Abraaj Holdings, the biggest PE firm in the region at the time of its collapse. This required a significant forensic and discovery exercise. We continue to operate the fund for its intended purpose - hospital projects in developing countries.
- Appointed as Trustee of over 50 trusts by orders of courts in the Cayman Islands and New Zealand relating to the alleged misappropriation of several billion dollars of assets. FFP took control of real estate and private equity assets to ensure proper management, value preservation and advanced defences to in forfeiture proceedings brought by the US Department of Justice in California.
- Court appointed Liquidators of a $1.6bn Madoff feeder fund. Oversaw the distribution plan of recoveries to hundreds of investors.
- Appointed as liquidators and recognised as foreign representatives by the US Bankruptcy Court, SDNY, in a heavily contested hearing to take control of investment funds and subsidiaries. Current litigation on foot to recover records and reconstruct financial history.
- Appointed as directors for restructuring purposes to two US listed oil and gas groups to effect $5bn debt for equity swaps, including heavily contested proceedings in SDNY, Brazil, BVI and Cayman.
- Successfully wound down a fund where the principals of the investment manager were accused of insider trading by the SEC resulting in a total asset freeze. Worked with the SEC to repatriate funds to innocent investors.





# Andrew Childe

Cayman Islands
E: andrew.childe@ffp.ky

Andrew Childe is an independent director specialising in providing independent board level governance and dispute resolution advice to companies, partnerships, trusts and other financial structures.

He takes liquidation appointments over both solvent and insolvent entities, and is qualified to act as a Court appointed liquidator in the Cayman Islands.

Formerly a senior manager at a 'Big Four' advisory and accounting firms, where he managed the restructuring department. Andrew moved to the Cayman Islands in 2009, prior to which he worked with PricewaterhouseCoopers, on a number of large retail and banking restructuring engagements.

Andrew has substantial experience in dealing with a wide range of assets and managing complex cross border litigation. He has in depth knowledge of litigation claims, secondary markets, performing and non-performing loans, as well as traded and non-traded equities. He is also well versed in asset backed lending, real estate sales and management, derivatives and debt instruments, in addition private equity investments, structured finance products and other esoteric assets.

He is therefore extremely well placed to advise on a wide range of investment strategies, operating an extensive network of trusted advisors and legal counsel in multiple jurisdictions.

Andrew currently sits as a board member on a variety of investment companies in Cayman, the US, British Virgin Islands, the Channel Islands and West Africa.

He is a member of the Institute of Chartered Accountants in England & Wales, CISPA, the American Bankruptcy Institute, INSOL International, and is the former Secretary of the Restructuring and Insolvency Specialists Association in the Cayman Islands.

Andrew is a qualified Court appointed liquidator in the Cayman Islands and a Certified Director, accredited by ICSA Canada. He is a member of the Cayman Islands Directors Association, the Cayman Islands Compliance Association and is a registered with the Cayman Islands Monetary Authority as an Approved Director.

# EXHIBIT B

**Comparison of Proposed Subpoena to Andrew Childe with**
**Rule 2004 Subpoena to G Club Operations**

| **Ninth Omnibus Rule 2004, Proposed Subpoena to Andrew Childe (Dkt. No. 2308, C-2)** | **Second Omnibus Rule 2004, Subpoena to G Club Operations LLC (Dkt. No. 1116, C-8)** |
|---|---|
| *Request No. 1.* All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity. | *Request No. 1.* All Documents regarding any income or Asset of the Debtor, the Debtor's estate, or an Associated Entity. |
| *Request No. 2.* All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding. | *Request No. 2.* All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding. |
| *Request No. 3.* All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing. | *Request No. 3.* All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing. |
| *Request No. 4.* All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity. | *Request No. 4.* All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor. |
| *Request No. 5.* All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or | *Request No. 5.* All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities. |

2

| **Ninth Omnibus Rule 2004, Proposed Subpoena to Andrew Childe (Dkt. No. 2308, C-2)** | **Second Omnibus Rule 2004, Subpoena to G Club Operations LLC (Dkt. No. 1116, C-8)** |
|---|---|
| decision-making of any Entity, including without limitation the Associated Entities. | |
| *Request No. 6.* All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity. | *Request No. 6.* All Documents regarding any Transfer, investment, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, or an Associated Entity. |
| *Request No. 7.* All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ; and the residential property located in Mahwah, New Jersey at 675 Ramapo Valley Road, Mahwah, New Jersey 07430. | *Request No. 7.* All Documents regarding any property ever occupied or used by the Debtor, including without limitation the *Lady May;* the Sherry Netherland Hotel / Condominium; the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Femcliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd. |
| *Request No. 8.* All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus SF50 aircraft. | *Request No. 9.* All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation the aircraft bearing tail number T7-GQM and any other aircraft registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights. |
| *Request No. 9.* All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms | *Request No. 10.* All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms |

| **Ninth Omnibus Rule 2004, Proposed Subpoena to Andrew Childe (Dkt. No. 2308, C-2)** | **Second Omnibus Rule 2004, Subpoena to G Club Operations LLC (Dkt. No. 1116, C-8)** |
|---|---|
| of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans. | of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans. |
| *Request No. 10.* All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust. | *Request No. 11.* All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust. |
| *Request No. 11.* All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity. | *Request No. 12.* All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity. |
| *Request No. 12.* All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual. | *Request No. 5.* All Communications with the Debtor, and Documents related to Communications with the Debtor, related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities. |
| *Request No. 13.* All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual. | *Request No. 13.* All Documents and communications between any of your outside counsel or other advisors and the Debtor. |
| *Request No. 14.* All Documents related to any Associated Entity that You hold or have held an interest in. | *Request No. 14.* Documents sufficient to show all of Your Assets and sources of income or funding. |