**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                                 :
In re:                                           :   Chapter 11
                                                 :
HO WAN KWOK, et al.,¹                            :   Case No. 22-50073 (JAM)
                                                 :
           Debtors.                              :   (Jointly Administered)
                                                 :
------------------------------------------------------x
```

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING
SEACOAST NATIONAL BANK. TO COMPLY WITH RULE 2004 SUBPOENA**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

Ho Wan Kwok's (the "Debtor") chapter 11 case (the "Chapter 11 Case"), hereby files this motion

(the "Motion to Compel") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to Rules 26 and 37 of the Federal Rules of Civil

Procedure (the "Federal Rules"), and Rules 2004 and 9016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") compelling Seacoast National Bank ("Seacoast") to comply

with this Court's *Order Granting Third Supplemental Omnibus Motion for 2004 Examination*

dated January 18, 2023 (ECF No. 1339, the "Rule 2004 Order") and with the Trustee's Subpoena

of Seacoast issued pursuant to such order (the "Seacoast Subpoena").  A true and accurate copy of

the Seacoast Subpoena is attached hereto as **Exhibit B**.  In support of the Motion to Compel, the

Trustee respectfully states as follows:

---

¹    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
     Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
     LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
     for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
     Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
     of notices and communications).

## FACTUAL BACKGROUND

### I.    Trustee's Rule 2004 Motions, Orders, and Subpoenas

1.      On December 21, 2022, the Trustee filed his *Third Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, Relevant Banks and Entities Doing Business with Debtor and Affiliated Entities* (the "Third Omnibus 2004 Motion") seeking discovery with respect to various individuals and entities doing business with the Debtor, and, as relevant here, banks at which the Debtor and persons and entities related to the Debtor are believed to have deposited funds or conducted financial transactions.

2.      Among these banks was the Seacoast.  Seacoast held bank accounts in the name of entities affiliated with the Debtor, including HCHK Technologies Inc. and HCHK Property Management Inc. (collectively, the "HCHK Entities").  The HCHK Entities are (through a holding company) nominally owned by Yvette Wang, the Debtor's close associate and codefendant in the U.S. Government's billion-dollar criminal fraud and money-laundering case.  Ms. Wang takes and has taken direction from the Debtor, and the HCHK Entities, just like numerous of the Debtor's other shell companies, are mere extensions of the Debtor himself, designed to conduct his business and keep his valuable assets from creditors.  In the Court's *Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order* (ECF No. 1372, the "Contempt Order") entered January 24, 2023, the Court found, among other things, that: "The Debtor has control over Ms. Wang. The [Individual] Debtor has employed Yvette Wang for several years, and has directed her to take actions on his behalf, including directing her to act on his behalf to purchase properties such as the Sherry-Netherland apartment."  (Contempt Order at ¶ 4.)

3.      Seacoast did not object to the Third Omnibus 2004 Motion.  The Third Omnibus 2004 Motion was granted by entry of the Rule 2004 Order on January 18, 2023.  Pursuant to the Rule 2004 Order, the Trustee served Seacoast with the Seacoast Subpoena (which included a Request for Production of Documents) on January 30, 2023.[2]  The Seacoast Subpoena required compliance on or before February 27, 2023.

4.      Following discussions between Trustee's counsel and Seacoast's counsel about the scope and timing of compliance, Seacoast produced certain documents responsive to the Seacoast Subpoena.  The Trustee's review of the documents produced by Seacoast established that the HCHK Entities maintained at least six accounts with Seacoast.  Of those six accounts, Seacoast produced bank statements from only four of the accounts.

5.      On November 9, 2023, the Trustee contacted Seacoast's counsel and requested full compliance with the Seacoast Subpoena, including the production of bank statements for the two HCHK Entity accounts for which no bank statements were produced.

6.      Seacoast has also failed to produce know-your-customer or anti-money-laundering compliance documents typically prepared and maintained by banks with accounts such as those maintained by the HCHK Entities.  The Trustee requires production of these documents, as well, to the extent they exist.

7.      In emails on November 11, 2023, Seacoast's counsel demanded payment of legal fees purportedly incurred by Seacoast in connection with subpoena compliance as a condition for any further compliance.  Seacoast has not provided any articulable basis for the proposition that obtaining documents responsive to the Seacoast Subpoena (*i.e.*, records with respect to accounts maintained at Seacoast by the HCHK Entities) constitutes legal work for which legal fees would

---

[2]      In an email dated January 26, 2023, counsel for Seacoast consented to receive service of the Seacoast Subpoena via email.

be incurred at all.  Nor has Seacoast provided any authority for the proposition that the Trustee should be required to fund Seacoast's outside counsel under these circumstances.

8.      Trustee's counsel thus declined Seacoast's demand and reiterated that Seacoast must comply with the Seacoast Subpoena.

9.      The Trustee has issued subpoenas to more than 40 financial institutions that did business with entities and individuals associated with the Debtor.  ***None of those subpoenaed institutions has required the Trustee to pay its legal fees as a condition to compliance with the Trustee's subpoenas.***

10.      The vast majority of these more than 40 financial institutions complied with the subpoena without utilizing outside counsel at all.  Indeed, some financial institutions did not (to the Trustee's knowledge) involve counsel (whether outside or internal) whatsoever but simply had records clerks obtain the responsive materials and provide them to the Trustee.

11.      On Friday, November 10, counsel for the Trustee and counsel for Seacoast conferred by telephone to discuss the parties' respective positions and determine whether their differences could be resolved by agreement or narrowed for the Court's consideration.  Flynn Decl. ¶ 3.  Seacoast maintained its position that it would comply with the Seacoast Subpoena only if its legal fees were reimbursed.

12.      None of the more than 40 other financial institutions from which the Trustee has sought discovery has taken the position that locating accountholder records constitutes legal research.  Nor is it.

13.      Considering Seacoast's position with respect to compliance, the Trustee is compelled to seek compliance by this Motion.

## JURISDICTION AND VENUE

14.     The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2) (A), (E), and (O).

## RELIEF REQUESTED

15.     The Trustee seeks entry of the Proposed Order compelling Seacoast to comply with the Seacoast Subpoena within seven (7) days.

## BASIS FOR RELIEF

### I.     Seacoast Must Comply Fully with the Seacoast Subpoena.

16.     The Trustee is tasked with investigating the Debtor's assets and affairs for the benefit of the Debtor's creditors.  "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Grp. Ltd.*, Case No. 16-13625-JLG, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted).  This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed.  *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.") (internal quotation and citation omitted)); *id.* (noting that "[u]nlike traditional discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition") (internal citations and punctuation omitted); Fed. R. Bankr. P. 2004(b) (authorizing

scope of 2004 examinations "relat[ing] . . . to . . . property . . . and financial condition of the debtor, or to *any matter* which may affect the administration of the debtor's estate") (emphasis added).

17.     Seacoast has documents relevant to the Trustee's investigation, including, among other things, documents associated with accounts held by the HCHK Entities that were used to conduct business for or related to the Individual Debtor.  Accordingly, the Trustee obtained the Rule 2004 Order and served Seacoast with the Seacoast Subpoena.  Seacoast has no cause to delay or refuse complete compliance with the Seacoast Subpoena.  The Court should thus compel Seacoast's full compliance therewith.

18.     None of the more than 40 other financial institutions that the Trustee has subpoenaed have insisted that the Trustee fund the costs of their outside counsel as a condition of compliance with the Trustee's subpoenas served under Bankruptcy Rule 2004.  Nor is the act of obtaining accountholder records in compliance with a validly issued subpoena legal work.[3]

19.     Trustee's counsel also explained to counsel for Seacoast that the Trustee—as a court-appointed fiduciary to the estate in a chapter 11 case—is not permitted to simply fund the legal fees of third parties without Court approval, even if such requests were reasonable—much less here, where Seacoast's demand is plainly unreasonable.

## NO PRIOR REQUEST

20.     The Trustee has not previously sought the relief requested herein from this or any other court.

---

[3]      Seacoast is, of course, free to retain outside counsel to provide whatever services it wishes—including to assist it in compliance with the Seacoast Subpoena.  The issue here is whether Seacoast may insist that the Trustee pay its outside counsel as a condition of its compliance with the Seacoast Subpoena.  Seacoast may not.

## <u>CERTIFICATION OF COUNSEL</u>

21.     As set forth above, and in the Declaration of Robert B. Flynn filed herewith, counsel

for the Trustee has conferred with Seacoast in good faith in an effort to resolve the dispute at issue

in this Motion without success.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in this Motion to Compel and such other relief as is just and proper.

Dated:     November 15, 2023               LUC A. DESPINS,
             New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
HO WAN KWOK, et al.,⁴               :   Case No. 22-50073 (JAM)
                                    :
            Debtors.                :   (Jointly Administered)
                                    :
-------------------------------------------------------x
```

**DECLARATION OF ROBERT B. FLYNN IN SUPPORT OF
MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING
SEACOAST NATIONAL BANK TO COMPLY WITH RULE 2004 SUBPOENA**

I, Robert B. Flynn, declare:

1.      I am an attorney admitted to practice law in the State of Connecticut and an principal of the law firm of Neubert, Pepe & Monteith, P.C., and counsel for Luc A. Despins as Chapter 11 Trustee (the "Trustee").  I respectfully submit this declaration in support of the *Motion of Chapter 11 Trustee for Entry of Order Compelling Seacoast National Bank to Comply with Rule 2004 Subpoenas* (the "Motion").

2.      Pursuant to the Rule 2004 Order, the Trustee served Seacoast National Bank ("Seacoast") with a Subpoena for Rule 2004 Examination with appended Request for Production of Documents (collectively, the "Seacoast Subpoena").

---

⁴    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

3.      On Friday, November 10, 2023, counsel for the Trustee and counsel for Seacoast conferred by telephone to discuss the parties' respective positions and determine whether the dispute at issue in the Motion could be resolved by agreement or narrowed for the Court's consideration.  Seacoast maintained its position that it would complete compliance with the Seacoast Subponea only if its legal fees were reimbursed. The parties neither resolved nor narrowed the issues in dispute during their conference.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      November 15, 2023
                New Haven, Connecticut                Respectfully submitted,

                                                            By:  /s/ Robert B. Flynn
                                                                Robert B. Flynn (ct15803)
                                                                NEUBERT, PEPE & MONTEITH, P.C.
                                                                195 Church Street, 13th Floor
                                                                New Haven, Connecticut 06510
                                                                (203) 781-2847
                                                                rflynn@npmlaw.com

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
HO WAN KWOK, et al.,¹                     :   Case No. 22-50073 (JAM)
                                          :
                Debtors.                  :   (Jointly Administered)
                                          :
-------------------------------------------------------x
```

### [PROPOSED] ORDER COMPELLING SEACOAST NATIONAL BANK TO COMPLY WITH RULE 2004 SUBPOENA AND AWARDING SANCTIONS

Upon consideration of the Motion seeking an order compelling Seacoast National Bank ("Seacoast") to comply with the Court's *Order Granting Third Supplemental Omnibus Motion for 2004 Examination* dated January 18, 2023 (ECF No. 1339, the "Rule 2004 Order") and with the subpoena (the "Seacoast Subpoena") the Trustee issued to Seacoast pursuant to the Rule 2004 Order, after notice and a hearing, *see* 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Motion is granted as set forth below.

**ORDERED**: Seacoast shall fully comply with the Seacoast Subpoena within seven (7) days of the entry of this Order.

**ORDERED**: Seacoast shall be responsible for its own costs with respect to compliance with the Seacoast Subpoena, including, without limitation, with respect to any counsel fees incurred.

Dated: _____, 2023

_____
Julie A. Manning,
United States Bankruptcy Judge

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# **EXHIBIT B**

## **SEACOAST SUBOPENA**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]                    Case No.   22-50073 (JAM)
_____                           Chapter   11
               Debtor                                        _____
                                                     (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Seacoast National Bank**
_____
                  (*Name of person to whom the subpoena is directed*)

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Neubert, Pepe & Monteith, P.C. | February 27, 2023 at 10:00a.m. |
| 195 Church Street | |
| New Haven, Connecticut 06510 | |

The examination will be recorded by this method:   **Court reporter/stenographer**

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

_____

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   January 24, 2023
       _____
                                        CLERK OF COURT
                                                    OR

_____       _____
     *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
 Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, CT 06510; plinsey@npmlaw.com; (203) 781-2847

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.     Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.     Electronically stored information must be produced in accordance with the following instructions:

    a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types.</u> File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

5

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers, to Seacoast National Bank.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.     "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.    "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.    "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.    "Debtor's Family" means, individually and collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.    "2004 Discovery Targets" means, individually and collectively, the Debtor, the Debtor's Family, ACA Capital Group Limited, Himalaya International Financial Group Ltd., Himalaya International Clearing Ltd., Himalaya International Payments Ltd., Himalaya International Reserves Ltd., Jesse Brown, William Je, William Je, Eastern Profit Corporation Limited, HK International Funds Investments (USA) Limited LLC, Bravo Luck Limited, Golden Spring (New York) Ltd., Lamp Capital LLC, Greenwich Land LLC, Qu Guo Jiao, Daniel Thomas Podhaskie, Yvette Wang (a/k/a Yanping Wang, a/k/a Yan Ping Wang), Ace Decade Holdings Limited, Dawn State Limited, Rule of Law Society IV Inc., Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, GTV Media Group, Inc., Voice of Guo Media, Inc., Saraca Media Group Inc., Genever Holdings Corporation, Genever Holdings LLC, Gnews Media Group Inc., G Fashion LLC, Gmusic LLC, Gnews LLC, Geducation, GFNY, Inc., G-Club Investments Limited, G Club Operations LLC, G Club US Operations Inc., G Club US Operations LLC, G Live, LLC, Gbroadcast, LLC, Gposts LLC, HCHK Property Management, Inc., HCHK Technologies, Inc., FMV Ltd./Freedom Media Venture Ltd., Roscalitar 2, Himalaya New World Inc., US Himalaya Capital Inc., Hudson Diamond Holding, Inc., Hudson

Diamond Holding LLC, Hudson Diamond NY LLC, Infinity Treasury Management Inc., Lexington Property and Staffing, Inc., AI Group Holdings Inc., Hamilton Capital Holdings Inc., , Ace Decade Holdings Limited, Dawn State Limited, Rule of Law Society IV Inc., Rule of Law Foundation III, GTV Media Group, Inc., Booming Sail New York LLC, Himalaya Ventures LLC, Himalaya Ventures LLC, Himalaya Investment LLC, New York MOS Himalaya LLC, MOS Himalaya LLC, Crane Advisory Group, Maywind Trading LLC, Gettr USA, Inc., Han Chunguang, Bingshang Jiao, Karin Maistrello, Mary Jiang, Jiaming Liu, and Wencong Wang.  Voice of Guo Media, Inc., and Saraca Media Group Inc.

8.    "Associated Individuals" means, individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Daniel Podhaskie, Jason Miller, Jesse Brown, William Je, Steve Bannon, Karin Maistrello, Melissa Francis, William Gertz, Arethusa Forsyth, Glenn Mellor, Jennifer Mercurio, Eduardo Eurnekian, Han Chunguang (a/k/a 韩春光), Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Guo Lijie (a/k/a 郭丽杰), Zhang Wei (a/k/a 张伟*), Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Hao Haidong (a/k/a 郝海东), Ross Heinemeyer, Max Krasner, Kyle Bass, Melissa Mendez, Ya Li (a/k/a 李娅), Dinggang Wang (a/k/a 王定刚), An Hong (a/k/a 安红), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Fiona Yu, Je Kin Ming (a/k/a William Je, Yu Jianming, 余建明), Yaz Qingua, and Lao Jiang (a/k/a Jiang Yunfu, Jiang Yunfu Be, 姜云浮).

9.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing.  Such Associated Entities shall include, but are not limited to: 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Anton Development Limited, Assets Sino Limited, Auspicious Coast Limited, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Bravo Luck Limited, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Elite Well Global Limited, Empire Growth Holdings, G Club Operations LLC, G Fashion LLC, G News LLC, GETTR USA, Genever Holdings Corporation, Genever Holdings LLC, GFASHION MEDIA GROUP INC., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Greenwich Land LLC, Guo Media, GTV Media Group, Inc., Hamilton Capital Holdings Inc., Head Win Group Limited, Henan Yuda, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya International Clearing Ltd. , Himalaya International Payments Ltd., Himalaya International Reserves Ltd., Himalaya Supervisory Organization, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Hudson Diamond NY LLC, Infinite Increase Limited,

10

Infinitum Developments Limited, Insight Phoenix Fund, Lamp Capital LLC, Leading Shine Limited, Leading Shine NY Limited, Long Gate Limited, Next Tycoon Investments Limited, New Federal State of China (a/k/a NFSC), Noble Fame Global Limited, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Foundation IV, Inc., Rule of Law Fund, Rule of Law Society, Rule of Law Society IV, Inc., G Translators PTY LTD, Saraca Media Group, Inc., Shiny Ace Ltd., Shiny Times Holdings Ltd., Spirit Charter Investment Limited, Stevenson, Wong & Co., TM Primrose Limited, Voice of Guo Media, Inc., Well Origin Ltd., World Century Limited, Worldwide Opportunity Holdings Limited, Whitecroft Shore Limited, and ZIBA Limited.

10.8.   "Including" or any variant thereof means "including without limitation."

11.9.   "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

12.10.  "Any" and "all" and "each" mean "each and every."

13.11.  "Each" and "every" mean "each and every."

14.12.  "Third Party" means a Person or Entity other than Yourself.

15.13.  "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

16.14.  "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters,

11

telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

17.15. "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

18.16. "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

19.17. "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

12

20.18.  "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

21.19.  "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

22.20.  "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents related to any account held by, controlled by, on behalf of, or otherwise related to any of the 2004 Discovery Targets, including any and all account statements, authorizations, power of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions.

2.      All Documents related to any funds, securities, property, or assets belonging to, held by, controlled by, on behalf of, or otherwise related to any of the 2004 Discovery Targets, including any and all account statements, authorizations, powers of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions.

3.      All Documents related to any business, commerce or financial transactions, including but not limited to any loan, line of credit, bailment, deposit, swap, securities transactions, mortgage, or ISDA, with any of the 2004 Discovery Targets, including any and all account statements, authorizations, powers of attorney, trusts, instructions or forms, copies of cancelled checks, correspondence, and wire transfers and related correspondence and instructions.

4.      All Documents relating to any wire transfer activity relating to the 2004 Discovery Targets, regardless of the existence of any accounts, including but not limited to all wire transfer receipts, account numbers, balances, authorizations, identification information related to the parties to the transfer, correspondence, instructions, or other records.

5.      All Documents related to any correspondence and communications between you and the 2004 Discovery Targets.

6.      All Documents related to any account with any 2004 Discovery Target relating to opening of the account, authorized users of the account and maintenance of the account.

7.      All Documents related to any anti-money laundering, know-your-customer, or other compliance activity relating to any of the 2004 Discovery Targets, including but not limited to any information provided by any of the 2004 Discovery Targets, or learned by You.

8.      All Documents relating to any communications with any regulator from any country, including but not limited to the Bank of England, the United States Federal Reserve, the

S.E.C., the CFTC,  FINRA, China Securities Regulatory Commission, People's Bank of China, Hong Kong Securities and Futures Commission, and the Hong Kong Monetary Authority relating to any of the 2004 Discovery Targets.