**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :   Case No. 22-50073 (JAM)
                                                         :
        Debtors.                                         :   (Jointly Administered)
                                                         :
---------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULES 9006(c)(1), FOR ENTRY OF AN
ORDER EXPEDITING HEARING ON MOTION OF CHAPTER 11 TRUSTEE FOR
ENTRY OF ORDER COMPELLING SEACOAST NATIONAL BANK TO COMPLY
WITH RULE 2004 SUBPOENA**

Luc A. Despins, as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for entry of an order scheduling an expedited hearing to consider and determine the Trustee's *Motion for Entry of Order Compelling Seacoast National Bank to Comply with Rule 2004 Subpoena* [ECF No. 2342] (the "Motion to Compel"). In support of this Motion to Expedite, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**JURISDICTION, VENUE, AND STATUTORY BASES**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion to Expedite are Bankruptcy Rule 9006(c)(1) and 2002(i).

**BACKGROUND**

4. On December 21, 2022, the Trustee filed his *Third Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, Relevant Banks and Entities Doing Business with Debtor and Affiliated Entities* (the "Third Omnibus 2004 Motion") seeking discovery with respect to various individuals and entities doing business with the Debtor, and, as relevant here, banks at which the Debtor and persons and entities related to the Debtor are believed to have deposited funds or conducted financial transactions.

5. Among these banks was Seacoast National Bank ("Seacoast"). Seacoast held bank accounts in the name of entities affiliated with the Debtor, including HCHK Technologies Inc. and HCHK Property Management Inc. (collectively, the "HCHK Entities"). The HCHK Entities are (through a holding company) nominally owned by Yvette Wang, the Debtor's close associate and codefendant in the U.S. Government's billion-dollar criminal fraud and money-laundering case. Ms. Wang takes and has taken direction from the Debtor, and the HCHK Entities, just like numerous of the Debtor's other shell companies, are mere extensions of the Debtor himself, designed to conduct his business and keep his valuable assets from creditors. In the Court's *Order*

*Granting Motion to Hold Debtor in Contempt of Corporate Governance Order* (ECF No. 1372, the "Contempt Order") entered January 24, 2023, the Court found, among other things, that: "The Debtor has control over Ms. Wang. The [Individual] Debtor has employed Yvette Wang for several years, and has directed her to take actions on his behalf, including directing her to act on his behalf to purchase properties such as the Sherry-Netherland apartment." (Contempt Order at ¶ 4.)

6. Seacoast did not object to the Third Omnibus 2004 Motion. The Third Omnibus 2004 Motion was granted by entry of an Order [ECF No. 1339] (the "Rule 2004 Order") on January 18, 2023. Pursuant to the Rule 2004 Order, the Trustee served Seacoast with a Subpoena for Rule 2004 Examination with appended Request for Production of Documents (collectively, the "Seacoast Subpoena") on January 30, 2023.[2] The Seacoast Subpoena required compliance on or before February 27, 2023.

7. Following discussions between Trustee's counsel and Seacoast's counsel about the scope and timing of compliance, Seacoast produced certain documents responsive to the Seacoast Subpoena. The Trustee's review of the documents produced by Seacoast established that the HCHK Entities maintained at least six accounts with Seacoast. Of those six accounts, Seacoast produced bank statements from only four of the accounts.

8. On November 9, 2023, the Trustee contacted Seacoast's counsel and requested full compliance with the Seacoast Subpoena, including the production of bank statements for the two HCHK Entity accounts for which no bank statements were produced.

9. Seacoast has also failed to produce know-your-customer or anti-money-laundering compliance documents typically prepared and maintained by banks with accounts such as those

---

[2] In an email dated January 26, 2023, counsel for Seacoast consented to receive service of the Seacoast Subpoena via email.

maintained by the HCHK Entities. The Trustee requires production of these documents, as well, to the extent they exist.

10. In emails on November 11, 2023, Seacoast's counsel demanded payment of legal fees purportedly incurred by Seacoast in connection with subpoena compliance as a condition for any further compliance. Seacoast has not provided any articulable basis for the proposition that obtaining documents responsive to the Seacoast Subpoena (*i.e.*, records with respect to accounts maintained at Seacoast by the HCHK Entities) constitutes legal work for which legal fees would be incurred at all. Nor has Seacoast provided any authority for the proposition that the Trustee should be required to fund Seacoast's outside counsel under these circumstances.

11. Trustee's counsel thus declined Seacoast's demand and reiterated that Seacoast must comply with the Seacoast Subpoena.

12. The Trustee has issued subpoenas to more than 40 financial institutions that did business with entities and individuals associated with the Debtor. ***None of those subpoenaed institutions has required the Trustee to pay its legal fees as a condition to compliance with the Trustee's subpoenas.***

13. The vast majority of these more than 40 financial institutions complied with the subpoena without utilizing outside counsel at all. Indeed, some financial institutions did not (to the Trustee's knowledge) involve counsel (whether outside or internal) whatsoever but simply had records clerks obtain the responsive materials and provide them to the Trustee.

14. On Friday, November 10, counsel for the Trustee and counsel for Seacoast conferred by telephone to discuss the parties' respective positions and determine whether their differences could be resolved by agreement or narrowed for the Court's consideration. Flynn Decl.

¶ 3.   Seacoast maintained its position that it would comply with the Seacoast Subpoena only if its legal fees were reimbursed.

15.     None of the more than 40 other financial institutions from which the Trustee has sought discovery has taken the position that locating accountholder records constitutes legal research.  Nor is it.

16.     Considering Seacoast's position with respect to compliance, the Trustee is compelled to seek compliance by the Motion to Compel.

## THE MOTION TO COMPEL

17.     The Trustee filed his Motion to Compel on November 15, 2023.

18.     The Motion to Compel seeks to compel Seacoast to fully comply with the Seacoast Subpoena within seven (7) days and provides that Seacoast shall bears its own costs.

## RELIEF REQUESTED

19.     The Trustee respectfully requests that the Court schedule a hearing on the Motion to Compel on **November 28, 2023**, subject to the Court's availability.

## BASIS FOR RELIEF REQUESTED

20.     Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated.  Cause exists to consider and determine the Motion to Compel on an expedited basis.

21.     The banking records that Seacoast is withholding are important to the Trustee's investigation of the Debtor's financial condition.  The HCHK Entities engaged in transactions with and on behalf of numerous other shell companies associated with the Debtor.  The Trustee's forensic investigators are reviewing the flow of assets between and among Debtor-related shell companies and have specifically requested bank statements that Seacoast refuses to produce.

22. Trustee's counsel advised Seacoast's counsel on November 9, 2023, that if the parties could not resolve their dispute, the Trustee would request a hearing be held on November 28, 2023. Numerous other matters are scheduled in the above-captioned chapter 11 case on that date at 2 p.m.

## NO PREVIOUS REQUEST

23. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## CONCLUSION

24. It is imperative the dispute at issue in the Motion to Compel be addressed as quickly as possible so that the Trustee may obtain the records Seacoast is withholding. Accordingly, the Trustee requests that the Motion to Compel be heard on an expedited basis.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Trustee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 15, 2023  LUC A. DESPINS, CHAPTER 11 TRUSTEE
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                  :

In re:                                                     :      Chapter 11

HO WAN KWOK, *et al.*,[3]                  :      Case No. 22-50073 (JAM)

          Debtors.                           :      (Jointly Administered)

---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 15, 2023, the foregoing (including all exhibits and attachments thereto) was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice operation of the Court's electronic filing ("CM/ECF") system. A copy of the foregoing and the Motion to Compel was also sent via email to counsel for Seacoast at janthony@anthonyandpartners.com. Parties may access this filing through the Court's CM/ECF system.

Dated:     November 15, 2023
             New Haven, Connecticut

                                          By: */s/ Patrick R. Linsey*
                                                 Patrick R. Linsey (ct29437)
                                                 NEUBERT, PEPE & MONTEITH, P.C.
                                                 195 Church Street, 13th Floor
                                                 New Haven, Connecticut 06510
                                                 (203) 781-2847
                                                 plinsey@npmlaw.com

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                          :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                       :    Case No. 22-50073 (JAM)
:
Debtors.                                   :    (Jointly Administered)
:
---------------------------------------------------------x

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited hearing on the Trustee's *Motion for Entry of Order Compelling Seacoast National Bank to Comply with Rule 2004 Subpoena* [ECF No. 2342] (the "Motion to Compel"); and good cause appearing for the relief sought in the Motion to Expedite, it is hereby

ORDERED, that a hearing on the Motion to Compel shall be held on November 28, 2023 at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to respond to the Motion to Compel shall be November 27, 2023 at 12 noon; and it is further

ORDERED, that the Trustee shall serve a copy of this Order, along with the Motion to Compel upon all parties to the above-captioned chapter 11 case able to receive electronic notice

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2

and upon Seacoast National Bank on or before November __, 2023, and the Trustee shall file a certificate of service in advance of the hearing.