# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors.[1] | (Jointly Administered) |
| | November 15, 2023 |

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that pursuant to Fed. R. Bankr. P. 8001 *et seq.,* G Club Operations, LLC ("**G Club Operations**"), hereby files notice of its appeal from the Bankruptcy Court's November 13, 2023 *Order Granting Motion for Order Requiring Production of G-Club Documents* (Filed only in the Adv. Proc. 23-5013, the "**Ruling**"),[2] granting the Trustee, Luc A. Despins, Chapter 11 Trustee (the "**Trustee**") access to all G Club Operations documents stored electronically with HCHK Technologies, Inc. ("**HCHK**") further to the *Trustee's Memorandum of Law in Support of Chapter 11 Trustee's Argument that G-Club Operations LLC Has Waived any Privilege and Has No Right to Object to Responsiveness* (the "**Motion**") (filed only in Adv. Proc. 23-5013, ECF No. 86). A copy of the Ruling is attached hereto as Exhibit A

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] G Club Operations is not a party to, was never served in, and no counsel has an appearance in Adv. Proc. 23-5013 (the "**HCHK AP**"). The Ruling relates to G Club's opposition to certain elements of an order entered under Fed. R. Civ. P. 9019 (Main Case ECF No. 2038), approving certain aspects of a settlement of the HCHK AP between the Trustee and HCHK. *See* Main Case ECF Nos. 2270, 2242, 2237, 2233, 2077, 2038, 1977). The Ruling appealed from, however, was entered only in the Adversary Proceeding, and thus this Notice is also filed in the Adversary Proceeding.

{00340394.2 }

The names of all parties to the Court's order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| | | |
|---|---|---|
| **Jeffrey M. Sklarz**<br>**Kellianne T. Baranowsky**<br>Green & Sklarz LLC<br>One Audubon Street, 3rd Floor<br>New Haven, CT 06511<br>(203) 285-8545<br>Fax: (203) 823-4546<br>jsklarz@gs-lawfirm.com<br>kbaranowsky@gs-lawfirm.com | *Representing* | **G Club Operations LLC**<br>53 Calle Palmeras, Suite 1401<br>Puerta De Tierra<br>San Juan, Puerto Rico 00901<br><br>*Party-in-Interest and Appellant* |

and

Carolina A. Fornos (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Douglas S. Skalka (ct00616) Patrick R. Linsey (ct29437)  NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor New Haven, Connecticut 06510 (203) 781-2847  dskalka@npmlaw.com  plinsey@npmlaw.com  and | *Representing* | **Luc A. Despins, Chapter 11 Trustee**<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br><br>*Chapter 11 Trustee and Appellee* |

and

Nicholas A. Bassett (pro hac vice)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

and

{00340394.2 }

Avram E. Luft (pro hac vice)
Douglass Barron (pro hac vice)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

Counsel for the Chapter 11 Trustee

                              THE PARTY-IN-INTEREST
                              G CLUB OPERATIONS LLC


                      By:    /s/Jeffrey M. Sklarz
                               Jeffrey M. Sklarz (ct20938)
                               Green & Sklarz LLC
                               700 State St, Suite 100
                               New Haven, CT 06511
                               (203) 285-8545
                               Fax: (203) 823-4546
                               jsklarz@gs-lawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date: November 15, 2017        /s/ Jeffrey M. Sklarz

{00340394.2 }

**EXHIBIT A**

{00340394.2 }

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
|    HO WAN KWOK, *et al.*, | ) | Case No. 22-50073 (JAM) |
| | ) | |
|    Debtors.¹ | ) | (Jointly Administered) |
| | ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) | Adv. P. No. 23-05013 (JAM) |
| | ) | Re: ECF No. 86 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN W. HOFMEISTER, ASSIGNEE FOR THE BENEFIT OF CREDITORS, | ) | |
| | ) | |
|    Defendants. | ) | |

**ORDER GRANTING
MOTION FOR ORDER REQUIRING PRODUCTION OF G-CLUB DOCUMENTS**

**I. INTRODUCTION**

      Before the Court is the Memorandum of Law in Support of Chapter 11 Trustee's

Argument that G-Club Operations LLC Has Waived any Privilege and Has No Right to Object to

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Responsiveness (the "Motion") (ECF No. 86)[2] filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the estate of Mr. Ho Wan Kwok, pursuant to decretal paragraph 6(b) of the Order Approving Chapter 11 Trustee's Settlement with Assignee of HCHK Entities (the "Order Approving Settlement") (ECF No. 70).  For the reasons stated below, the relief requested in Motion is granted and an order requiring G-Club Operations LLC ("G-Club") and/or Mr. Brian Hofmeister, in his capacity as assignee for the benefit of creditors (the "Assignee") of HCHK Technologies, Inc. ("HCHK Tech"), HCHK Property Management, Inc., and Lexington Property and Staffing, Inc. (collectively, the "HCHK Entities") to produce documents possessed, previously as the case may be, by the Assignee, which documents were provided to G-Club by the Assignee pursuant to the Order Approving Settlement.

## II. BACKGROUND

On July 11, 2023 and July 18, 2023, hearings were held on, respectively, the Motion Regarding Settlement with Assignee of HCHK Entities under New York Court Assignment Proceedings (the "Settlement Motion") (Main Case ECF No. 1936; ECF No. 25) and a revised proposed order (the "Revised Proposed Order") regarding the Settlement Motion (Main Case ECF No. 2004; ECF No. 55), both filed by the Trustee.  G-Club filed objections to the Settlement Motion and the Revised Proposed Order.  (Main Case ECF Nos. 1977, 2007.)  On July 28, 2023, the Court entered the Order Approving Settlement, which granted the Settlement Motion and approved the settlement between the Trustee and the Assignee.  (Main Case ECF No. 2038; ECF No. 70.)

---

[2] References to the docket in this adversary proceeding will be styled "ECF." References to the docket in the main case, *In re Kwok*, Case No. 22-50073 (JAM), will be styled "Main Case ECF."

2

Paragraph 6 of the Order Approving Settlement addressed to G-Club's only remaining objection to the Settlement Motion (*see* Main Case ECF No. 2030, at 128:5–48:8) by setting a briefing schedule whereby the Trustee and G-Club would contest whether G-Club had the right to review G-Club documents in the possession of the Assignee for responsiveness to the Rule 2004 subpoena served on G-Club and for privilege prior to the documents being produced to the Trustee. (Main Case ECF No. 2038 ¶ 6; ECF No. 70 ¶ 6.) On August 11, 2023, the Trustee timely filed the Motion arguing that G-Club did not have any right to review the documents for either responsiveness or privilege. (ECF No. 87.) On September 29, 2023, after certain developments (*see* Main Case ECF No. 2237), G-Club filed a response to the Trustee's memorandum (Main Case ECF No. 2244), arguing that G-Club had rights to review the documents for both responsiveness and privilege.

On October 24, 2023, a hearing was held on the arguments raised by the Trustee in the Motion. The Trustee and G-Club both appeared and argued their respective positions. At the conclusion of the hearing, the Court took the matter under advisement.

The dispute between the Trustee and G-Club is ripe for decision.

### III. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. The instant adversary proceeding in which the instant discovery dispute arises is a statutorily core proceeding. 28 U.S.C. § 157(b)(2)(A), (E), (O).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

IV. **DISCUSSION**[3]

At the outset, the Trustee and G-Club dispute the terms of the Order Approving Settlement and whether the Motion seeks relief from that order. The Trustee argues that the Order Approving Settlement provided for the parties to litigate the issues raised by the Motion. G-Club argues that it determined the issues in G-Club's favor. The Trustee is clearly correct. While decretal paragraph 6(a) of the Order Approving Settlement provides that the Assignee was to provide G-Club access to G-Club's documents in his possession and G-Club was afforded the opportunity to check for responsiveness to the Rule 2004 subpoena served on G-Club and privilege before producing the documents to the Trustee, decretal paragraph 6(b) provides that the Trustee and G-Club were to brief whether or not G-Club had any right to check the documents for responsiveness and/or privilege before G-Club and/or the Assignee produced them to the Trustee. Essentially, the Order Approving Settlement reserved the issues while providing a mechanism for discovery to continue pending a determination of the issues presently before the Court.

The Court did not previously decide the issues in G-Club's favor and will consider the parties' arguments regarding responsiveness and privilege below.

A. **Responsiveness**

The Trustee argues that G-Club cannot object to the Assignee's production of the HCHK Entities' documents pursuant to the Order Approving Settlement on the basis that such documents are not responsive to the Rule 2004 subpoena served on G-Club in Mr. Kwok's Chapter 11 case. Rather than relating to the G-Club subpoena, the Trustee contends, the

---

[3] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable by Rule 7001 in adversary proceedings.

4

settlement reached with the Assignee relates to the discovery the Trustee would have otherwise pursued in this adversary proceeding and the Rule 2004 subpoena served on HCHK Tech in Mr. Kwok's Chapter 11 case.

G-Club responds that the Trustee cannot obtain G-Club's property through discovery from HCHK Tech. Therefore, G-Club argues, the Trustee may only obtain documents from G-Club pursuant to the Rule 2004 subpoena served on it, subject to a responsiveness review by G-Club.

The Court agrees with the Trustee. First, the instant dispute is separate and distinct from the dispute over G-Club's compliance with the Rule 2004 subpoena served on it. The HCHK Entities provided the Assignee with the authority to settle with the Trustee in the deeds of assignment. (*See, e.g.*, Complaint Ex. 13, Affidavit and Petition of Brian Hofmeister Ex. B, § 4.) The Assignee did so: the Order Approving Settlement approved a settlement between the Trustee and the Assignee regarding this adversary proceeding and, in pertinent part, discovery therein – not a settlement between the Trustee and G-Club regarding discovery in Mr. Kwok's Chapter 11 case.

In this adversary proceeding, the Trustee alleges that the HCHK Entities are the *alter egos* of Mr. Kwok and/or Mr. Kwok beneficially owns the HCHK Entities and/or their assets. The Trustee additionally alleges that Mr. Kwok operates a tangled network of entities, relatives, and loyal followers to hide assets from his creditors. G-Club is allegedly one of those entities. But for the settlement with the Assignee, the Trustee would have pursued discovery from the HCHK Entities relating to their connection to G-Club. Indeed, the Trustee sought such discovery pre-litigation through the service of Rule 2004 subpoenas. The settlement between the Assignee and the Trustee seeks to resolve discovery issues between the Trustee and the HCHK

5

Entities. The Rule 2004 subpoena served on G-Club is a separate issue and does not provide a basis for G-Club to object to the Assignee producing G-Club documents to the Trustee pursuant to the settlement.

Second, the Assignee, with the powers and rights assigned to him by HCHK Tech, may disclose G-Club documents. (Complaint Ex. 13, Affidavit and Petition of Brian Hofmeister Ex. B, §§ 1, 4.) Under the terms of the Master Services Agreement (the "MSA") between HCHK Tech and G-Club, the Assignee may disclose G-Club's documents to a third party as required by law. (Mot. Ex. A, § 6.2.)

Before such disclosure, however, the Assignee must inform G-Club to provide an opportunity for G-Club to seek a protective order or other appropriate relief. The Assignee has complied with his obligations under the MSA. G-Club was provided notice of the Settlement Motion, which was filed in Mr. Kwok's Chapter 11 case pursuant to D. Conn. L. Bankr. R. 9019-1(a)(2) – in which G-Club receives notice through electronic notice and service upon appearing counsel – as well as in this adversary proceeding. Indeed, G-Club initially objected on confidentiality grounds – in line with the provisions of the MSA – as well as on responsiveness and privilege grounds. At the final hearing, however, G-Club abandoned its confidentiality objection because under the Revised Proposed Order, the Assignee would designate produced documents as "confidential" under the protective order entered in Mr. Kwok's Chapter 11 case (Main Case ECF No. 923). (Main Case ECF No. 2030, Hr'g Tr. at 128:5–48:8.) As the abandonment of this objection demonstrates, the settlement protects G-Club as envisioned by the MSA.

For all these reasons, the Court concludes that the Assignee may produce G-Club's documents without such documents being subject to G-Club's review for responsiveness to the

Rule 2004 subpoena served on G-Club in Mr. Kwok's Chapter 11 case. G-Club must, therefore, turn over to the Trustee the documents the Assignee produced to them pursuant to decretal paragraph 6a of the Order Approving Settlement without regard to whether any documents are responsive to the Rule 2004 subpoena served on it.

### B. Privilege

The Trustee argues that G-Club has waived any privilege in the documents in the custody, control, and/or possession of the Assignee at the time of his settlement with the Trustee. G-Club, the Trustee asserts, waived any and all privilege in the documents when, first, G-Club entered into the MSA with HCHK Tech, wherein the Trustee contends HCHK Tech agreed to provide services beyond mere hosting of G-Club's documents and was provided access to those documents; second, G-club failed to object to the assignment of, allegedly, substantially all HCHK Tech's property to the Assignee, including G-Club's documents; and, third, G-Club failed to object to the Assignee's motion to sell HCHK Tech's assets to G-News Operations, LLC ("G-News").

G-Club responds that the present facts and circumstances do not support the conclusion that G-Club has waived any privilege. Namely, G-Club argues that, notwithstanding the terms of the MSA, HCHK Tech merely hosted G-Club documents and did not access them; and G-Club's time to object to the assignment of HCHK Tech's assets to the Assignee and the proposed sale to G-News had not elapsed at the time the Court entered the temporary restraining order regarding the prosecution of the assignment proceedings. G-Club analogizes HCHK Tech's services to G-Club to Microsoft Corporation's ("Microsoft") provision of cloud storage and cloud-based office software to myriad individuals and entities and warns that an adverse ruling would have far-reaching implications contrary to established law.

7

The Court agrees with the Trustee.

"[A]s with all privileges, the person claiming the attorney client privilege has the burden of establishing all essential elements." *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973) (citing *United States v. Kovel*, 296 F.2d 918, 923 (2d Cir. 1961)). "The party asserting the privilege . . . bears the burden of establishing" that the communications to be protected are "communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011); *see Strougo v. BEA Assocs.*, 199 F.R.D. 515, 519 (S.D.N.Y. 2001) (citing *United States v. Constr. Prod. Rsch., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). "A party seeking the protections of the attorney-client privilege must affirmatively act to protect her communications." *Niceforo v. UBS Glob. Asset Agmt. Ams., Inc.*, 20 F. Supp. 3d 428, 437 (S.D.N.Y. 2014). Undertaking actions that "'will predictably lead to the disclosure' of privileged communications" results in waiver of the attorney-client privilege, *Niceforo*, 20 F. Supp. 3d at 437; *see Horowitz*, 482 F.2d at 82, "unless such disclosure was 'necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit'", *Strougo*, 199 F.R.D. at 522 (citing case quoting *Kovel*, 296 F.2d at 922). Nevertheless, "this extension [under *Kovel*] has always been a cabined one, and '[t]o that end, the privilege protects communications between a client and an attorney, not communications that prove important to an attorney's legal advice to a client.'" *Mejia*, 655 F.3d at 132 (citing *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999)); *see Horowitz*, 482 F.2d at 80–82 (distinguishing *Kovel*).

The "'common interest' doctrine" presents an exception to waiver where multiple parties are represented by the same counsel and "working together . . . towards a common goal" or are

8

represented by different counsel engaged in "a common legal enterprise" such that "the nature of the [shared] interest be identical, not similar, and be legal, not solely commercial." *Strougo*, 199 F.R.D. at 520 (internal citations omitted). Nevertheless, the attorney-client privilege "ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle." *Horowitz*, 482 F.2d at 81; *see Mejia*, 655 F.3d at 132.

In this case, the Affidavit and Petition of Brain Hofmeister similarly states that HCHK Tech provided "a la carte consulting services across Technology, Product Development, Engineering, Human Resources, Recruitment, Legal, Finance, and R&D." (Complaint Ex. 13, Affidavit and Petition of Brian Hofmeister ¶ 4.) G-Club was a consumer of these wide-ranging services pursuant to the terms of the MSA. (*Id.* Ex. 13, Affidavit and Petition of Brian Hofmeister ¶ 5.) HCHK Tech provided those services as an independent contractor. (Mot. Ex. A, § 10.1.) Section 1.1 of the MSA states that the services HCHK Tech will provide to G-Club are listed on an exhibit to the MSA. (*Id.* Ex. A, § 1.1.) Exhibit A to the MSA lists five categories of service in addition to information technology support services, the sole category of service acknowledged by G-Club in its arguments. (*Id.* Ex. A, Ex. A.) Additional categories of service include, among other things, legal services, human resources services, financial services, and engineering/development services. (*Id.* Ex. A, Ex. A.) Section 6.2 of the MSA makes clear that HCHK Tech may use G-Club's documents in the course of providing the services listed on exhibit A to the agreement. (*Id.* Ex. A, § 6.2.) Despite G-Club's assertions to the contrary, HCHK Tech's relationship to G-Club is disanalogous to the relationships Microsoft has with the average consumer of its cloud services and cloud-based office software.

For that reason, *Metro Storage International v. Harron*, 275 A.2d 810, 868–72 (Del. Ch. 2022), cited by G-Club, is not persuasive on the instant facts. In that case, in pertinent part, the

employee defendant argued that the corporate plaintiffs' argument that he had breached confidentiality provisions in the plaintiffs' operating agreements through, *inter alia*, arguing that the plaintiffs had waived confidentiality by sharing their documents with a non-party corporation. *Harron*, 275 A.2d at 822–24, 868, 870–71. In *Harron*, the non-party corporation provided property management and related services as well as information technology services and stored all of the plaintiffs' electronic documents on its servers. *Id.* at 870–71. The Delaware Court of Chancery equated these technical services to those of, *e.g.*, g-mail or Microsoft 365, *Id.* at 871 n. 35, and held that the non-party was the plaintiffs' agent bound to maintain the confidentiality of the documents and, hence, in sharing the documents with the non-party did not constitute a waiver of confidentiality, *Id.* at 871.

As discussed above, however, unlike in *Harron*, in this case, HCHK Tech provided "a la carte" services over a variety of fields under the MSA, including fields that would require it to access the contents of the documents. (Mot. Ex. A, Ex. A.) Notwithstanding the terms of the MSA, G-Club argues that HCHK Tech was only the information technology manager for G-Club's domain name and did not have access to the documents. (ECF 168, Hr'g Tr. at 34:10–37:13.) G-Club provides no evidence supporting this assertion and contradicting the MSA. G-Club additionally contends the Trustee has not proven that HCHK Tech accessed G-Club's documents. (*Id.*) In making these arguments, G-Club attempts to shirk its burden. *Mejia*, 655 F.3d at 132; *Horowitz*, 482 F.2d at 82; *Kovel*, 296 F.2d at 923; *Strougo*, 199 F.R.D. at 519. The Court declines to follow G-Club into error.

The burden is not on the Trustee to prove that HCHK accessed documents. Indeed, the Second Circuit held in *Horowitz* that a party waived the attorney-client privilege where he "treated the communications between himself and counsel on the same basis as all other records,

10

with Horowitz, who was an independent contractor and not a servant, having a free run to look at what he pleased," 482 F.2d at 82, despite noting that "[t]he record concerning Horowitz' use of the files containing communications between the Kassers and lawyers is meagre," *id.* at 80, and acknowledging Horowitz's contradictory testimony. The former was the basis of the holding in *Horowitz*, not the latter. *Id.* at 82.

G-Club has not sought to fit its disclosure of privileged documents to HCHK Tech within an exception to waiver. G-Club makes no argument that disclosure to HCHK Tech was either necessary or highly useful in its consultation with its counsel. Similarly, G-Club makes no argument that HCHK Tech and G-Club share a common legal interest, either in shared representation or as part of a shared legal enterprise.

Therefore, the Court concludes that through disclosure of its communications with HCHK Tech, G-Club waived the attorney-client privilege. Moreover, while it is true that G-Club's time to object to the assignment proceedings and/or the proposed sale of, *inter alia*, HCHK Tech to G-News through said assignment proceedings had not passed before the issuance of the temporary restraining order in this adversary proceeding, the Trustee is correct that G-Club has not established that it had any intent to oppose either the assignment or the sale. This further establishes that G-Club has treated its communications in ways that "'predictably lead to the disclosure' of privileged communications." *Niceforo*, 20 F. Supp. 3d at 437; *see Horowitz*, 482 F.2d at 82.

For all these reasons, the Court concludes that G-Club has not met its burden to establish that the attorney-client privilege applies. The Assignee may produce G-Club's documents without such documents being subject to G-Club's review for privilege. G-Club must, therefore, turn over to the Trustee the documents the Assignee produced to them pursuant to decretal

11

Case 22-50073 Doc 2396 Filed 11/15/23 Entered 11/15/23 14:03:20 Page 12 of 12

paragraph 6a of the Order Approving Settlement without regard to whether any documents are privileged.

## V. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED:** The relief requested in the Motion is **GRANTED**. On or before November 17, 2023, G-Club shall make available to the Trustee all documents provided to G-Club by the Assignee in accordance with paragraph 6(a) of the Order Approving Settlement; and it is further

**ORDERED:** On or before November 17, 2023, the Assignee shall make available to the Trustee all copies retained by the Assignee of documents provided to G-Club by the Assignee in accordance with paragraph 6(a) of the Order Approving Settlement; and it is further

**ORDERED:** All documents produced to the Trustee pursuant to this order shall be considered documents designated as "confidential" and subject to the protective order entered as ECF No. 923 in the jointly administered cases captioned *In re Kwok*, Case 22-50073 (JAM); and it is further

**ORDERED:** On or before November 14, 2023, the Trustee shall serve this Order on G-Club and the Assignee. On or before November, 15, 2023, the Trustee shall file a certificate of service evidencing compliance with this Order.

Dated at Bridgeport, Connecticut this 13th day of November, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut