UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>    HO WAN KWOK, *et al.*,<br><br>        Debtors.[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF Nos. 2338, 2340 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>        Plaintiff,<br><br>    v.<br><br>HCHK TECHNOLOGIES, INC., HCHK PROPERTY MANAGEMENT, INC., LEXINGTON PROPERTY AND STAFFING, INC., HOLY CITY HONG KONG VENTURES, LTD., ANTHONY DIBATTISTA, YVETTE WANG, and BRIAN W. HOFMEISTER, ASSIGNEE FOR THE BENEFIT OF CREDITORS,<br><br>        Defendants. | Adv. P. No. 23-05013 (JAM) |

**ORDER DENYING MOTION TO STAY PENDING APPEAL AND EX PARTE MOTION TO EXPEDITE HEARING ON MOTION TO STAY PENDING APPEAL**

**I. INTRODUCTION**

Before the Court are two motions related to the Order Granting Motion for Order Requiring Production of G-Club Documents entered in this adversary proceeding (the "G-Club

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

Documents Order"). (ECF No. 179.)[2] The two motions filed by G-Club Operations LLC ("G-Club") are: (i) the Motion to Stay Pending Appeal filed in the jointly administered Chapter 11 cases of Ho Wan Kwak (the "Motion for Stay Pending Appeal") (Main Case ECF No. 2338) and (ii) the *Ex Parte* Motion to Expedite Hearing and Limit Notice on the Motion for Stay Pending Appeal the "Motion to Expedite") (Main Case ECF No. 2340) in the Chapter 11 cases jointly administered under the caption *In re Kwok*, Case No. 22-50073 (JAM) (the "Main Case"). G-Club seeks a stay pending appeal of the G-Club Documents Order.

It is curious that G-Club filed a Notice of Appeal, a Motion for Stay Pending Appeal, and a Motion to Expedite in the Main Case, but only filed a Notice of Appeal in this adversary proceeding, the proceeding in which the G-Club Documents Order entered. G-Club is continuing to attempt to connect the production of documents to the Plaintiff by the Assignee, a Defendant in this adversary proceeding, pursuant to the settlement agreement approved in this adversary proceeding with the production of documents pursuant to a Rule 2004 examination subpoena served on G-Club in the Main Case. The G-Club Documents Order has nothing to do with the Rule 2004 subpoena served on G-Club in the Main Case. Instead, it squarely addresses the documents to be produced to the Plaintiff by the Assignee in this adversary proceeding. For the reasons stated below, the Court **DENIES** the Motion for Stay Pending Appeal and the Motion to Expedite.

---

[2] Capitalized terms undefined herein have the meaning ascribed to them in the G-Club Documents Order. References to the docket in this adversary proceeding will be styled "ECF." References to the docket in the main case, *In re Kwok*, Case No. 22-50073, will be styled "Main Case ECF."

2

## II. BACKGROUND

The Court notes from the outset that G-Club is not a Defendant in this adversary proceeding, yet it has argued in this adversary proceeding it has the right to challenge the settlement between the Plaintiff and the Assignee approved by this Court more than three months ago. Although G-Club was allowed to be heard on discrete issues regarding the settlement, the Court did not agree with G-Club's arguments and issued the G-Club Documents Order on November 13, 2023. The G-Club Documents Order requires G-Club, or the party in possession of the G-Club documents, to produce the documents to the Plaintiff by November 17, 2013. G-Club now asserts it must be granted a stay pending appeal so that it, or the party in possession of the documents, is not required to produce documents to be turned over pursuant to the settlement between the Plaintiff and the Assignee approved months ago.

The arguments G-Club asserts in the Motion for Stay Pending appeal have been raised and argued no less than three times before this Court. On July 11, 2023 and July 18, 2023, hearings were held on the Plaintiff's Motion Regarding Settlement with Assignee of HCHK Entities under New York Court Assignment Proceedings (the "Settlement Motion") (Main Case ECF No. 1936; ECF No. 25) and a revised proposed order (the "Revised Proposed Order") regarding the Settlement Motion (Main Case ECF No. 2004; ECF No. 55), both filed by the Plaintiff, Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the estate of Mr. Ho Wan Kwok. G-Club filed objections to the Settlement Motion and the Revised Proposed Order. (Main Case ECF Nos. 1977, 2007.) On July 28, 2023, the Court entered the Order Approving Settlement, which granted the Settlement Motion, approved the settlement between the Trustee and the Assignee, and overruled all but one of the objections to the Settlement Motion raised by G-Club. (Main Case ECF No. 2038; ECF No. 70.)

Paragraph 6 of the Order Approving Settlement allowed the parties to address G-Club's only remaining objection to the Settlement Motion (*see* Main Case ECF No. 2030, at 128:5–48:8) by setting a briefing schedule whereby the Trustee and G-Club would contest whether G-Club had the right to review G-Club documents in the possession of the Assignee for responsiveness to the Rule 2004 subpoena served on G-Club and for privilege prior to the documents being produced to the Trustee.  (Main Case ECF No. 2038 ¶ 6; ECF No. 70 ¶ 6.)  On August 11, 2023, the Trustee timely filed a motion arguing that G-Club did not have any right to review the documents for either responsiveness or privilege.  (ECF No. 87.)  On September 29, 2023, after certain developments (*see* Main Case ECF No. 2237), G-Club filed a response to the Trustee's motion (Main Case ECF No. 2244), arguing that G-Club had rights to review the documents for both responsiveness and privilege.

On October 24, 2023, a hearing was held on the arguments raised by the Trustee in his motion.  The Trustee and G-Club both appeared and argued their respective positions.  On November 13, 2023, the Court entered the G-Club Documents Order, granting the Trustee his requested relief.  (ECF No. 179.)  The appeal by G-Club was then filed as well as the Motion for Stay Pending Appeal.

These matters are ripe for decision.

### III. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984.  The instant adversary

proceeding in which the instant discovery dispute arises is a statutorily core proceeding. 28 U.S.C. § 157(b)(2)(A), (E), (O).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV. DISCUSSION[3]

A motion for stay pending appeal seeking relief under Fed. R. Bankr. P. 8007 is considered under the same standard as a motion for stay pending appeal of a district court order. *In re Adelphia Commc'n Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005); *Country Squire Assocs. of Carle Place, L.P. v. Rochester Cmty. Sav. Bank (In re Country Squire Assocs. of Carle Place, L.P.)*, 203 B.R. 182, 183 (2d B.A.P. 1996). A stay pending appeal is not a matter of right but rather left to judicial discretion and reviewed for abuse of discretion. *Unif. Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 48 (2d Cir. 2020); *Andrews v. McCarron (In re Vincent Andrews Mgmt. Corp.)*, 414 B.R. 1, 4 (D. Conn. 2009); *Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995); *Youssef v. Sally Mae Inc. (In re Homaidan)*, 646 B.R. 550, 575 (Bankr. E.D.N.Y. 2022).

There are four elements that the movant must establish for a stay pending appeal to issue, namely, "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002); *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993). A party seeking a stay pending appeal carries the burden on all elements and it is a "heavy burden." *Adelphia*, 333 B.R. at 659; *see Barretta v. Wells Fargo, N.A. (In re Barretta)*, 560 B.R. 630, 632 (D. Conn. 2016); *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501–02

---

[3] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable by Rule 7001 in adversary proceedings.

5

(Bankr. S.D.N.Y. 2014). The first two elements are the "most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

As is true with regard to the preliminary injunction standard followed by the United States Court of Appeals for the Second Circuit, the movant's burden on the first element – likelihood of success on the merits – varies depending on the strength or weakness of the movant's argument on the other elements under the specific facts and circumstances of the case. *Reno*, 309 F.3d at 100–01; *see Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010) (holding *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) remains the law of the Second Circuit). Therefore, the Court will first consider the second, third, and fourth elements of a stay pending appeal before turning to an analysis of the likelihood of success on the merits.

### A. Irreparable Harm

G-Club argues that, absent a stay pending appeal, it will forever lose its rights regarding privileged documents in complying with the G-Club Documents Order because the Trustee will have the allegedly privileged documents and be unable to remove their contents from his mind.

The Court disagrees. G-Club provides no case law supporting the proposition that there is irreparable harm if privileged material is produced to another party under Court order. It is unsurprising that G-Club has not – the Federal Rules of Civil Procedure address this situation. If G-Club prevails on appeal, Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, as made applicable in this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy, provides a procedure for the return of privileged materials produced in discovery. The Trustee would not, then, be able to use the documents as evidence. Absent a conflict of interest, the general rule is that lawyers can represent a series of clients despite coming into each new

6

arrangement with privileged information in their head – from previous clients and previous adversaries. *But see, generally*, *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373 (F. Cir. 2010) (discussing caselaw about where lawyers are involved in *competitive* decision making after obtaining competitor's competitive information). Lawyers are expected to and believed capable of abiding by procedural rules and protective orders.

Notably, G-Club makes no argument regarding irreparable harm as to non-privileged documents that are allegedly non-responsive to the Rule 2004 subpoena served on it in Mr. Kwok's Chapter 11 case. The Court concludes that G-Club has conceded that it would not be irreparably harmed by being required to produce documents notwithstanding any determination that they were non-responsive to the Rule 2004 subpoena served on G-Club.

For all of the above reasons, G-Club has not established irreparable harm absent a stay pending appeal.

### B. Substantial Injury to the Estate

G-Club asserts that the Trustee will suffer no injury because he has conducted Rule 2004 exams, including of G-Club.

G Club's argument is unpersuasive for several reasons. First, regardless of whether the Trustee has already received documents from various parties, the Trustee may need the documents presently sought. Second, the settlement between the Trustee and Assignee related to Rule 26 discovery in this adversary proceeding and/or the Rule 2004 subpoena served on the HCHK Entities – not the Rule 2004 exam served on G-Club. Third, Rule 2004 exams exist in pertinent part as a way for bankruptcy trustees – who are not the debtor – to explore the debtor's assets, liabilities, and financial affairs. There is nothing nefarious about proper use of Rule 2004. Fourth, in the Main Case, parties have repeatedly been held in contempt for discovery abuses.

7

(Main Case ECF No. 1537, 1709, 1892, 2009, 2035, 2093.)  The Trustee's need to seek numerous Rule 2004 exams has occurred in this context.

There is substantial injury to the estate if the G-Club documents are not produced.  The Court has given G-Club ample time to make its arguments: there have been three hearings and G-Club has filed three briefs.  In all that time, G-Club did not provide any evidence or legal authority to support its arguments.  The failure of G-Club to support its arguments is not the Trustee's problem; it is G-Club's problem.  Moreover, the Trustee settled various issues with the Assignee, which included the production of documents from the Assignee.  But for G-Club's unsupported arguments, the G-Club documents in the possession, custody, and/or control of the Assignee would have already been produced to the Trustee.  The estate should not bear the expense of continued, frivolous litigation on these matters.

For all these reasons, G-Club has not established a lack of substantial injury to the estate.  If the Court were to grant G-Club a stay pending appeal under these circumstances, G-Club would be required to post a bond pursuant to Rule 8007(d).

### C.  Public Interest

G-Club argues that the public interest supports a stay pending appeal because the G-Club Document Order threatens the constitutional rights of ordinary consumers.

The Court disagrees.  First, it is unclear what constitutional right is at risk.  Despite being heard on numerous occasions, G-Club has failed to identity any specific constitutional right that may be at risk.  Second, the G-Club Documents Order is premised on the facts and circumstances before the Court.  It is possible that, unlike G-Club, other parties could produce evidence to establish that the "cloud" containing their information was secure, confidential, and private and not shared with the service provider who is offering such intimate services as human relations

and legal services. G-Club's argument fails because of *its* inability to establish privilege. That failure is unique to it and not generally applicable to the public. The G-Club Document Order is narrow and does not impact the general consumer of cloud services.

Therefore, G-Club fails to establish that the public interest supports a stay pending appeal.

### D. Likelihood of Success on the Merits

Turning to its likelihood of success on the merits, because G-Club has failed to establish the other elements, its burden is heavy. *Reno*, 309 F.3d at 100–01. In this connection, as noted above G-Club makes no argument that it would be irreparably harmed by producing the potentially non-responsive documents. G-Club makes separate but related arguments regarding privilege and responsiveness.

*Privilege*

Regarding privilege, G-Club argues that the G-Club Document Order erroneously assumes waiver and improperly places the burden on G-Club. Therefore, it asserts, G-Club is likely to succeed on appeal as it relates to privilege.

The Court disagrees. Under the law of the United States Court of Appeals for the Second Circuit, G-Club – not the Trustee – has the burden of establishing that the G-Club documents were in fact kept confidential between G-Club and its counsel. "[A]s with all privileges, the person claiming the attorney client privilege has the burden of establishing all essential elements." *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973) (citing *United States v. Kovel*, 296 F.2d 918, 923 (2d Cir. 1961)). "The party asserting the privilege . . . bears the burden of establishing" that the communications to be protected are "communications (1) between a client and his or her attorney *(2) that are intended to be, and in fact were, kept confidential* (3) for the

9

purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (emphasis added); *see Strougo v. BEA Assocs.*, 199 F.R.D. 515, 519 (S.D.N.Y. 2001) (citing *United States v. Constr. Prod. Rsch., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). "A party seeking the protections of the attorney-client privilege must affirmatively act to protect her communications." *Niceforo v. UBS Glob. Asset Agmt. Ams., Inc.*, 20 F. Supp. 3d 428, 437 (S.D.N.Y. 2014). Undertaking actions that "'will predictably lead to the disclosure' of privileged communications" results in waiver of the attorney-client privilege. *Niceforo*, 20 F. Supp. 3d at 437; *see Horowitz*, 482 F.2d at 82. G-Club did not submit any authority that the burden is on the Trustee as opposed to the clear line of authority that establishes the burden is on G-Club.

In addition, G-Club did not even attempt to make the required showing regarding *any of the elements*, let alone regarding whether the communications were kept confidential. Rather, much as in the Motion for Stay Pending Appeal, G-Club attempts to draw an analogy to cloud services provided by, *e.g.*, Microsoft Corporation, without providing the Court any basis to sustain the analogy. Faced with the terms of the Master Services Agreement ("MSA"), counsel to G-Club acknowledged in oral argument that the MSA was relevant but beseeched the Court to adopt its analogy upon no evidence. (ECF 168, Hr'g Tr. at 34:10–37:13.) While G-Club argues the Court shifted the burden, in fact *G-Club petitioned the Court to shift the burden*. It is repeating that request in the Motion for Stay Pending Appeal. This request is contrary to binding Second Circuit precedent. Hence, G-Club has no likelihood of success on the merits regarding privilege.

*Responsiveness*

Regarding responsiveness, G-Club argues that the Court assumed disclosure and misapplied the MSA regarding the documents.

10

The Court disagrees. The G-Club Documents Order is based on the record before the Court. There is, again, nothing in the record supporting G-Club's position and indeed, in argument before this Court, *G-Club also referred to the confidentiality paragraphs of the MSA in support of their argument*:

> The Court is correct, Your Honor. And my apologies. The trustee's presentation focused on far beyond what the master services agreement allegedly provided. The issue of confidentiality was maintained by the master services agreement. The master services agreement did specifically say that HCHK would provide IT services and all information was to be maintained confidential.

(ECF 168, Hr'g Tr. at 34:10–35:2.) To now say that the Court was "confused" in applying those paragraphs is contrary to G-Club's own prior stated positions. Indeed, counsel presented the situation to the Court markedly differently than the Motion for Stay Pending Appeal contends, stating the issue as:

> What I'm referring to and the reason that I just want to make sure that we all understand, whatever the MSA and confidentiality restrictions apply to HCHK, the fact of the matter is they were an IT manager for our domain name. There is absolutely no evidence in the record that HCHK logged on and searched all of these emails and reviewed these emails or had the authority to simply cart blanche review these emails. That's just not in evidence.

(*Id.*, Hr'g Tr. at 35:3–10.) Whereas G-Club now contends HCHK Tech had no opportunity to access the files, it previously stated to the Court that HCHK Tech *did* have access but the Trustee had to prove HCHK Tech utilized that access.

The problems with G-Club's arguments during the hearing are that (i), as noted above, it is G-Club's burden to establish that G-Club did not put its documents in a position where HCHK Tech *could* (regardless of whether it *did*) go through all of those documents where HCHK Tech was, as established by the MSA, much more than an information technology manager for G-Club's domain name; and (ii) it is undisputed that HCHK Tech did indeed have possession, custody, and/or control of the documents – that is the whole reason the present litigation exists.

Hence, G-Club now seeks to retreat from that argument, attribute it to the Court's "confusion," and ignore its own prior statements on the record in this case in order to have a *fourth argument* and file a *fourth brief*. This is not a recipe for success on appeal.

### *Responsiveness and Privilege*

Finally, G-Club seeks to appeal a discovery order. There has been no finding of contempt. Sanctions have not entered. This appears to be an interlocutory appeal. *See Pawlak v. U.S. Dep't of Educ. (In re Pawlak)*, 520 B.R. 177 (D. Md. 2014) (denying interlocutory appeal of discovery order); *Speer v. Tow (In re Royce Homes LP)*, 466 B.R. 81 (S.D. Tex. 2012) (same); *Kaiser Grp. Int'l, Inc. v. Ostrava (In re Kaiser Grp. Int'l, Inc.)*, 400 B.R. 140 (D. Del. 2009) (same); *see also Shimer ex rel. Fugazy Express, Inc. v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 755–56 (2d Cir. 1992) (collecting cases on interlocutory appeal, including regarding contempt before sanctions enter). Filing an interlocutory appeal decreases the likelihood of success on appeal.

For all of these reasons, G-Club has not established a sufficient likelihood of success on the merits regarding either privilege or responsiveness.

## V. CONCLUSION AND ORDER

For all the above stated reasons, and pursuant to Rule 8007, it is hereby

**ORDERED:** The Motion for Stay Pending Appeal is **DENIED**; and it is further

**ORDERED:** The Motion to Expedite is **DENIED** as moot due to the denial of the Motion for Stay Pending Appeal.

Dated at Bridgeport, Connecticut this 16th day of November, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut