UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re:                                : Chapter 11
                                      :
HO WAN KWOK, *et al.*,[1]             : Case No. 22-50073 (JAM)
                                      :
           Debtors.                   : (Jointly Administered)
                                      :
---------------------------------------------------------x

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE TO
(A) G CLUB OPERATIONS LLC LIMITED'S OBJECTION AND
(B) SHIN HSIN YU AND JIE ZHANG'S OBJECTION TO CHAPTER 11
TRUSTEE'S EIGHTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in support of the Trustee's *Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Relevant Banks* [ECF No. 2304] (the "Eighth 2004 Motion") and in response to the G Club Operations LLC Limited's ("G-Club"), Shin Hsin Yu's ("Mr. Yu"), and Jie Zhang's ("Ms. Zhang" and, together with G-Club and Mr. Yu, collectively, the "Objectors") *Objections* thereto [ECF Nos. 2319 and 2320] (collectively, the "Objections").  In Reply to the Objections, the Trustee respectfully states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PRELIMINARY STATEMENT**

1.      The Eighth 2004 Motion provides for the Trustee to obtain Rule 2004 discovery from eight banks (the "<u>Banks</u>") where the Trustee understands that entities or individuals associated with the Debtor have held funds or otherwise done business. The Trustee thus reasonably believes that these Banks likely possess information and documents related to the Debtor's financial affairs—and that may shed light on the estate's property interests.

2.      The Eighth 2004 Motion does not provide for any of the Objectors to be subpoenaed at all. Rather, the Objectors are merely included as several of the many subjects of discovery in document requests appended to the proposed subpoenas. It is altogether appropriate that the Banks' production include documents relating to the Objectors, because—as discussed herein—each of the Objectors is associated with the Debtor and his financial affairs.

3.      Moreover, Mr. Yu's and Ms. Zhang's arguments regarding notice and the pending proceeding doctrine are frivolous—this Court having several times dispensed with these arguments in its orders overruling similar objections by the Debtor and others of his associates to prior Rule 2004 motions. The Court should grant the Eighth 2004 Motion and overrule the Objections forthwith so that the Trustee may continue his investigation without delay.

**COURT SHOULD OVERRULE G-CLUB'S OBJECTION**

**Rule 2004 Investigation is Appropriate and Necessary as to Mr. Childe**

4.      G-Club contends in its Objection that including Mr. Childe as one of the individuals and entities as to which Banks must produce responsive documents extends beyond the bounds of Rule 2004 discovery. G-Club is wrong.

5.      As discussed in the Eighth 2004 Motion, the scope of discovery under Bankruptcy Rule 2004 is exceedingly broad. *See also In re Parikh*, 397 B.R. 518, 525-526 ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. The primary

2

purpose of allowing broad discovery in Rule 2004 examinations is to expedite the locating of assets of the estate.").

6. In fact, G-Club's own Objection acknowledges that Mr. Childe and his team have been responsible for G-Club's day-to-day operations of G-Club since June 1, 2023.[2] Moreover, email correspondence that the Trustee obtained in his Rule 2004 investigation reflects that Mr. Childe was consulted as early as 2019 about providing services with respect to other Debtor-associated entities (*i.e.*, Alfonso Global Limited and Alfa Global Ventures Limited). This correspondence appears to have included a link to a news article discussing a freeze of the Debtor's and his daughter's assets in Hong Kong. (A true and accurate copy of this correspondence is attached hereto as **Exhibit A**.) Thus, the Trustee's inclusion of Mr. Childe in the list of entities and individuals for which the Banks are to produce responsive records is well founded.

7. Contrary to G-Club's portrayal in its Objection, the proposed subpoenas do not specifically target the production Mr. Childe's "personal" information as distinguished from records that name him in connection with G-Club or other individuals or entities associated with the Debtor. Rather, Mr. Childe is generally named in the same manner as numerous other individuals and entities associated with the Debtor as among the topics for which the Banks must search their records. Nor has G-Club asserted that any of the Banks (which are set to receive subpoenas *because of the business* that the Debtor and his associates conducted there) have any of the Mr. Childe's personal (as opposed to business) records at all. The Court should overrule G-Club's Objection and grant the Eighth 2004 Motion.

---

[2] *See* G-Club's Objection at 3.

## COURT SHOULD OVERRULE MR. YU'S AND MS. ZHANG'S OBJECTION

### Rule 2004 Investigation is Appropriate and Necessary as to Mr. Yu and Ms. Zhang

8. The Trustee's Eighth 2004 Motion includes Mr. Yu and Ms. Zhang in the subject matter of searches it requests from the Banks, because of these Objectors' association with the Debtor and his associated entities.

9. Mr. Yu has (falsely) claimed to be a lender with respect to HCHK Property Management, Inc. ("HCHK Property"), which entity and its affiliates (collectively, the "HCHK Entities") the Trustee understands to be the Debtor's alter egos. *See Order Granting in Part Emergency* Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* [Adv. Proc. No. 23-05013 (the "HCHK Adversary Proceeding") ECF No. 18] at 10-13 (determining Trustee had, at minimum, established serious questions as to the merits of Trustee's claims including that HCHK and its affiliates were alter egos of the Debtor or were beneficially owned by Debtor). Mr. Yu's connections to the Debtor are further discussed in sealed filings in the HCHK Adversary Proceeding.[3]

10. More specifically, and as the Trustee discussed in his *Objection to Motion of Proposed Intervenors Shin Hisin Yu, 1332156 B.C. LTD, and GWGOPNZ Limited* [HCHK Adversary Proceeding ECF No. 119] (the "Intervention Objection"), to justify his proposed intervention in the HCHK Adversary Proceeding, Mr. Yu fraudulently backdated a purported loan agreement with HCHK Property. (Intervention Objection at ¶ 18.) The Trustee uncovered the forgery by review of metadata contained in the PDF document Mr. Yu produced to the Trustee. (*Id.*) Given Mr. Yu's connections to the Debtor and his fabrications in connection with the HCHK

---

[3] *See* Declaration of Avram E. Luft in Support of Trustee's Objection to Motion of Proposed Intervenors Shih Hsin Yu, 1332156 B.C. Ltd, and GWGOPNZ Limited to Intervene in Adversary Proceeding, Ex. P. at 87-11-15, 88:14-89:13 [Adv. Proc. 23-05013 ECF No. 123] (filed under seal).

Adversary Proceeding, there is ample evidence supporting Mr. Yu's involvement with the Debtor and entities associated with the Debtor.

11. Similar to Mr. Yu, Ms. Zhang has substantial ties to several entities associated with the Debtor, including GWGOPNZ Limited ("GWGOPNZ"), another proposed intervenor in the HCHK Adversary Proceeding. In fact, GWGOPNZ designated Ms. Zhang as its representative pursuant to Fed. R. Civ. P. 30(b)(6) in response to the Trustee's subpoena in connection with GWGOPNZ's proposed intervention. Ms. Zhang's deposition testimony (discussed in the Trustee's sealed filing in the HCHK Adversary Proceeding at ECF No. 122 at ¶¶ 23-24) further reflects her involvement in the Debtor's financial affairs.

12. Considering Mr. Yu's and Ms. Zhang's involvement with the Debtor and his financial affairs, the Trustee appropriately included them in the list of individuals and entities for which the Banks must produce responsive records. The Court should overrule their Objection.

**Notice of Trustee's Eighth 2004 Motion Was Proper and Objectors Lack Standing**

13. Objectors Mr. Yu and Ms. Zhang contend that the Trustee was required to file his Eighth 2004 Motion in the HCHK Adversary Proceeding to provide them special notice of his intention to subpoena the Banks, because their names are mentioned in the requests for production attached to the subpoenas. (Mr. Yu/Ms. Zhang Objection at ¶¶ 15-17.) These Objectors cite no basis for this proposed requirement, which they have apparently created from whole cloth.[4]

14. In fact, the Trustee appropriately provided notice of the Eighth 2004 Motion pursuant to Local Bankruptcy Rule 2004-1(c). Mr. Yu thus *did* receive notice of the Eighth 2004 Motion, because he is appearing (through counsel) in the Debtor's chapter 11 case. (*See* Certificate

---

[4] Mr. Yu's and Ms. Zhang's reliance on *Henry v. Bristol Hosp., Inc.*, No. 3:13-CV-00826 AVC, 2015 WL 3466807, at *3 (D. Conn. June 1, 2015), is inapposite. *Henry* involved a motion to quash subpoenas issued under Fed. R. Civ. P. 45 not under Fed. R. Bankr. P. 2004. The Trustee's Rule 2004 subpoenas are not issued in connection with the HCHK Adversary Proceeding but rather in the Debtor's chapter 11 case.

of Service of Eighth 2004 Motion ECF No. 2315 at p. 8.) At the time that the Eighth 2004 Motion was filed, Ms. Zhang, *i.e.*, GWGOPNZ's corporate representative, was not appearing in the Debtor's chapter 11 case or in the HCHK Adversary Proceeding *at all.* There is no basis for the Court to order the additional notice that Mr. Yu and Ms. Zhang demand.

15.     Were this not already obvious from the plain language of the Bankruptcy Rules and this Court's local rules, the Court's prior orders further confirm that the Trustee has properly provided sufficient notice by his service of the Eighth 2004 Motion. In June 2023, the Debtor objected to *Fifth Supplemental Omnibus Motion for 2004 Examination* similarly arguing that additional notice was required beyond that provided for under Local R. Bankr. P. 2004-1. The Court rejected this argument:

> The Debtor reads into Fed. R. Civ. P. 45(a)(4) that parties other than the subpoena target must be given advance notice of the date and time of the target's deposition. Rule 45(a)(4) does not say that. Rather, Fed. R. Civ. P. 45(a)(4) says that if a subpoena seeks 'production of documents, electronically stored information, or tangible things or the inspection of premises before trial,' then 'a notice and a copy of the subpoena must be served on each party.' The Trustee has done so: the proposed subpoenas are attached to the Motion.

*Order Granting Chapter 11 Trustee's Fifth Omnibus Motion for 2004 Examination* [ECF No. 1891] at 6. Mr. Yu received the same notice (by his appearance in the chapter 11 case) and Ms. Zhang, as a non-party at the time that the Eighth 2004 Motion was filed, was not entitled to notice at all.

16.     Moreover, neither Mr. Yu nor Ms. Zhang has standing to object to the Eighth 2004 Motion. Nor does G-Club. None of the foregoing has filed a proof of claim. None of the foregoing stands to be issued a subpoena in connection with the Eighth 2004 Motion. Because notice is proper and because the Objectors lack standing, the Court should overrule the Objections to the Eighth 2004 Motion.

**"Pending Proceeding" Doctrine Does Not Prohibit Trustee's Investigation**

17. Mr. Yu and Ms. Zhang also seek to recycle objections based on the "pending-proceeding" doctrine—which the Court has specifically rejected three times in overruling prior objections to Rule 2004 Motions in this chapter 11 case. (Mr. Yu/Ms. Zhang Objection at ¶ 20.)

18. Contrary to Mr. Yu's and Ms. Zhang's position, this Court has repeatedly held that the "pending proceeding" doctrine does not prohibit the Trustee from conducting a Bankruptcy Rule 2004 investigation as to examinees that are not parties to a pending adversary proceeding, merely because the Trustee's investigation could uncover information relevant to the existing litigation. *See Order Granting Chapter 11 Trustee's Sixth Supplemental Omnibus Motion for Rule 2004 Examination* [ECF No. 2210]; *Order Granting Chapter 11 Trustee's Fifth Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1891]; *Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1184].

19. The Trustee advised counsel for Mr. Yu and Ms. Zhang of these prior rulings in a meet-and-confer held in advance of the filing of this Objection. Nevertheless, Mr. Yu and Ms. Zhang have objected on this basis, as well. Mr. Yu's and Ms. Zhang's insistence on recycling grounds for objection that the Court has previously rejected suggests that their interest in objecting to the Eighth 2004 Motion is primarily calculated to delay and obstruct the Trustee's investigation of the Debtor's finances rather than to resolve legitimate grievances.

20. The Court should overrule Mr. Yu's and Ms. Zhang's Objection and grant the Trustee's Eighth 2004 Motion.

**COURT'S ORDER SHOULD PROVIDE FOURTEEN DAYS FOR COMPLIANCE**

21. Consistent with proposed orders filed in connection with the Trustee's prior Rule 2004 motions, the proposed order filed with the Eighth 2004 Motion provides thirty days for the Banks to produce responsive documents. In light of exigencies that the Trustee will discuss at a

status conference to be held on November 28, 2023 (the same date as the hearing on the Eighth 2004 Motion and the Objections), the Trustee respectfully requests that the Court order the Banks be required to comply with the subpoenas within fourteen rather than thirty days from service.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, because the Objections fail on their merits, the Court should overrule the Objections, grant the Eighth 2004 Motion, enter the proposed order filed therewith (modified to provide the Banks fourteen days to comply with the subpoenas), and grant such other and further relief as the Court deems just and proper.

Dated: November 22, 2023
      New Haven, Connecticut

                              LUC A. DESPINS, CHAPTER 11 TRUSTEE

                              By: */s/ Patrick R. Linsey*
                                  Douglas S. Skalka (ct00616)
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  dskalka@npmlaw.com
                                  plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                          :
In re:                                                                : Chapter 11
                                                                          :
HO WAN KWOK *et al.*,                                : Case No. 22-50073 (JAM)
                                                                          :
                              Debtors.[5]                    : Jointly Administered
                                                                          :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 22, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system, or by U.S. Mail to any parties unable to receive electronic notice. Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Dated: November 22, 2023<br>        New Haven, Connecticut | Luc A. Despins, as Chapter 11 Trustee<br><br>By: */s/ Patrick R. Linsey*<br>      Douglas S. Skalka (ct00616)<br>      Patrick R. Linsey (ct29437)<br>      NEUBERT, PEPE & MONTEITH, P.C.<br>      195 Church Street, 13th Floor<br>      New Haven, Connecticut 06510<br>      (203) 781-2847<br>      dskalka@npmlaw.com<br>      plinsey@npmlaw.com<br><br>      *Counsel for the Chapter 11 Trustee* |

---

[5] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).