**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                  :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]               :    Case No. 22-50073 (JAM)
:
          Debtors.             :    (Jointly Administered)
:
---------------------------------------------------------x

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE TO (A) G CLUB OPERATIONS LLC LIMITED'S OBJECTION AND (B) SHIN HSIN, 1332156 B.C. LTD, GWGOPNZ LIMITED, AND JIE ZHANG'S OBJECTION TO CHAPTER 11 TRUSTEE'S NINTH SUPPLEMENTAL OMNIBUS RULE 2004 MOTION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in support of the Trustee's *Ninth Supplemental Omnibus Motion of Chapter 11 Trustee For Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor and Entities Doing Business with Debtor* [ECF No. 2308] (the "Ninth 2004 Motion") and in response to the G Club Operations LLC's ("G-Club") *Objection* [ECF No. 2331] and Shin Hsin Yu ("Mr. Yu"), 1332156 B.C. LTD ("1332156 B.C."), GWGOPNZ Limited ("GWGOPNZ"), and Jie Zhang's ("Ms. Zhang", together with Mr. Yu, 1332156 B.C., and GWGOPNZ collectively, the "Proposed Intervenor Objectors" and, together with G-Club, collectively, the "Objectors") *Objection* [ECF No. 2326] (collectively, the "Objections"). In Reply to the Objections, the Trustee

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

respectfully states the following:

**PRELIMINARY STATEMENT**

1. The Ninth 2004 Motion requests authority to serve Rule 2004 subpoenas on entities and individuals associated with the Debtor, and on entities that have done business with the Debtor, in furtherance of the Trustee's continuing investigation of the Debtor's financial affairs. Among others, the Nine 2004 Motion properly requests authority to serve Andrew Childe ("Mr. Childe") with a Rule 2004 subpoena. The Trustee understands from his investigation that Mr. Childe serves as a director of certain G-Club-related entities and, as such, may have documents and information relating to the Debtor and his financial affairs and transactions. Accordingly, the Court should overrule G-Club's Objection.

2. The Proposed Intervenor Objectors' Objection should likewise be overruled. The Ninth 2004 Motion does not seek any discovery from the Proposed Intervenor Objectors whatsoever. Rather, the Proposed Intervenor Objectors are merely listed as among the topics of document discovery sought by subpoenas that the Trustee intends to issue to third parties. Proceedings to date in Adversary Proceeding No. 23-05013 (the "HCHK Adversary Proceeding") and evidence submitted in connection with the pending *Motion to Intervene* demonstrate the Proposed Intervenor Objectors' connections to the Debtor and his finances such that they are properly included among the subject matter of the Trustee's Rule 2004 investigation.

3. Because the Trustee's Ninth 2004 Motion properly seeks discovery to advance the Trustee's investigation of the Debtor's financial affairs, and because the Objections are without merit, the Court should overrule the Objections and grant the Ninth 2004 Motion.

## G-CLUB'S OBJECTION SHOULD BE OVERRULED

### Rule 2004 Investigation is Appropriate and Necessary as to Mr. Childe

4.　　In the Ninth 2004 Motion, the Trustee requests authority to serve Rule 2004 subpoenas on, among others, Mr. Childe. Notably, G-Club acknowledges in its Objection that Mr. Childe "has been handling the day-to-day operations of" G-Club for five months. (G-Club's Objection at ¶ 5.)

5.　　Moreover, email correspondence that the Trustee obtained in his Rule 2004 investigation reflects that Mr. Childe was consulted as early as 2019 about providing services with respect to other Debtor-associated entities (*i.e.*, Alfonso Global Limited and Alfa Global Ventures Limited). This correspondence appears to have included a link to a news article discussing a freeze of the Debtor's and his daughter's assets in Hong Kong, which suggests that Mr. Childe may have information regarding the Debtor's assets and affairs. (A true and accurate copy of this correspondence is attached hereto as **Exhibit A**.)

6.　　As discussed in the Ninth 2004 Motion, the scope of discovery under Bankruptcy Rule 2004 is exceedingly broad. *See also In re Parikh*, 397 B.R. 518, 525-526 ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. The primary purpose of allowing broad discovery in Rule 2004 examinations is to expedite the locating of assets of the estate."). Considering Mr. Childe's position running the affairs of G-Club, which the United States Government has alleged was a key player in the Debtor's criminal fraud[2], service of a

---

[2] As the Court is aware, the Debtor is charged with defrauding thousands of victims out of "over $1 billion by using a series of fraudulent businesses and investment opportunities; misappropriating victims' funds by laundering those funds through approximately 500 bank accounts associated with at least eighty entities or individuals in several countries; and improperly using those funds to enrich themselves." *United States v. Ho Wan Kwok*, No. 23-Cr.-118-1 (AT), 2023 U.S. Dist. LEXIS 69520, *2 (S.D.N.Y. April 20, 2023). The Government has alleged that while the Debtor was committing this fraud, the Debtor "functionally owned and controlled" G-Club—such that G-Club was a key player in the Debtor's criminal conduct. *See id.* at *3-*4. Prior to the unsealing of the Debtor's indictment, the Government seized hundreds of millions of dollars held by Debtor-associated shell companies including G-Club. *Id.*

3

subpoena on Mr. Childe is well within the permissible scope of Rule 2004 discovery.[3]

7.  G-Club assumes in its Objection that Mr. Childe should be treated as "off limits" from the Trustee's Rule 2004 investigation, because it alleges that Mr. Childe was hired to manage G-Club's affairs through a third-party firm that provides outside director services. To be clear, the Trustee does not seek to subpoena Mr. Childe because of the structure of his engagement with G-Club. Rather, the Trustee seeks to subpoena Mr. Childe because the Trustee reasonably believes that Mr. Childe, as the individual responsible for the management of G-Club (and potentially other Debtor-associated entities), is in possession of documents and information that will aid the Trustee's investigation of the Debtor's financial affairs.

8.  Moreover, G-Club's Objection should be subject to particular skepticism considering the months that G-Club spent stonewalling the Trustee's efforts to obtain compliance with the Trustee's Rule 2004 subpoena to G-Club. *See generally Order Granting Motion to Compel G-Club to Comply with Rule 2004 Subpoena* [ECF No. 1960]. This includes G-Club's prior denials to the Trustee of G-Club's association with the Debtor, following which G-Club was revealed to feature prominently in the Debtor's criminal indictment.

9.  Accordingly, the Court should overrule G-Club's Objection and grant the Ninth 2004 Motion.

**PROPOSED INTERVENORS' OBJECTION SHOULD BE OVERRULED**

10.  Notably, the Ninth 2004 Motion does ***not*** request to issue Rule 2004 subpoenas to ***any*** of the Proposed Intervenor Objectors; it merely includes them as among the many topics of investigation in the Trustee's document requests attached to the subpoenas that the Trustee

---

[3] G-Club's allegation that Mr. Childe assumed his role with the company after the Debtor's arrest, even if true, does not mean that Mr. Childe would not have documents and information that would aid the Trustee's investigation of the Debtor's financial affairs.

4

proposes to serve on *other entities and individuals*. The Proposed Intervenor Objectors contend that the Trustee should be forbidden from seeking any information relating to them in his Rule 2004 investigation. Unsurprisingly, they provide no support for this meritless position.

11. The Trustee is plainly justified in seeking discovery relating to the Proposed Intervenor Objectors due to their connection with the Debtor's, the Debtor's associates, and the Debtor's financial affairs.[4] These relationships are specifically discussed throughout the Trustee's sealed *Objection to Motion of Proposed Intervenors Shin Hsin Yu, 1332156 B.C. LTD, and GWGOPNZ Limited* [HCHK Adversary Proceeding ECF No. 119] (the "Intervention Objection"). The Trustee incorporates the facts set forth in his Intervention Objection into this Reply.

12. With respect to 1332156 B.C., the Trustee understands that this entity was controlled by the Debtor through individuals who are members of the Debtor's Himalaya Farm organization branch based in British Columbia, Canada.[5] The corporate representative of 1332156 B.C. in connection with the Motion to Intervene was Yan Chun Liu ("Ms. Liu"), whose numerous connections to the Debtor, the Debtor's associates, and the Debtor's business affairs are discussed at length in paragraphs 32-35 of the Trustee's Intervention Objection. The Trustee understands that Ms. Liu directed millions of dollars to the Debtor's investment and/or cryptocurrency ventures (which are the subject of the Government's criminal case against the Debtor).[6]

13. Similarly, the Trustee understands that the Debtor controls GWGOPNZ through individuals who are members of the Debtor's Himalaya Farm organization branch based in New

---

[4] Of the Proposed Intervenor Objectors, Mr. Yu, 1332156 B.C., and GWGOPNZ have sought to intervene in the HCHK Adversary Proceeding, while Ms. Zhang is GWGOPNZ's designated corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

[5] *See Omnibus Reply of Chapter 11 Trustee (I) in Support of Motion Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings, and (II) in Response to Objections* [HCHK Adversary Proceeding ECF No. 45] (the "9019 Reply") at ¶ 8(c).

[6] *See* 9019 Reply at ¶ 8(c), n. 20.

5

Zealand.[7] According to New Zealand's public records, the Director of GWGOPNZ is Xuebing Wang ("Mr. Wang"), a close associate of the Debtor. In January 2023, Mr. Wang visited protestors in front of the Trustee's home, at which time he praised the protestors of their efforts, awarded them prizes and expressed thanks on behalf of the "Himalaya Alliance."[8]

14. Mr. Yu is also properly included as a topic in the Trustee's Rule 2004 investigation. As part of his Motion to Intervene, Mr. Yu has (falsely) claimed to be a lender with respect to HCHK Property Management, Inc. ("HCHK Property"), which entity and its affiliates (collectively, the "HCHK Entities") the Trustee understands to be the Debtor's alter egos. *See Order Granting in Part Emergency* Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* [HCHK Adversary Proceeding ECF No. 18] at 10-13 (determining Trustee had, at minimum, established serious questions as to the merits of claims including that HCHK Entities were Debtor's alter egos or were beneficially owned by Debtor). Mr. Yu's connections to the Debtor are further discussed in sealed filings in the HCHK Adversary Proceeding.[9]

15. As with Mr. Yu, Ms. Zhang, who served as GWGOPNZ's corporate representative, has apparent ties to the Debtor and entities associated with the Debtor. Ms. Zhang's deposition testimony (discussed in the Trustee's Intervention Objection at ¶¶ 23-24) reflects such ties.

16. By arguing to prevent the Trustee from even mentioning them in his Rule 2004 document requests, the Proposed Intervenor Objectors seek to prevent the Trustee from uncovering what may be their further involvement in the Debtor's financial affairs—and thus additional information about property that may be property of the estate. This subject matter is at the core of

---

[7] *See* 9019 Reply at ¶ 8(b).
[8] *See* Himalaya Alliance Committee Chairman Xuebing Wang visited protestors, YouTube, February 1, 2023, https://www.youtube.com/watch?v=QmIUHPZcU-g.
[9] *See, e.g.,* Declaration of Avram E. Luft in Support of Trustee's Objection to Motion of Proposed Intervenors Shin Hsin Yu, 1332156 B.C. Ltd, and GWGOPNZ Limited to Intervene in Adversary Proceeding, Ex. P. at 87-11-15, 88:14-89:13 [Adv. Proc. 23-05013 ECF No. 123] (filed under seal).

that which is properly investigated through Rule 2004 discovery.

17. The Court should thus overrule the Proposed Intervenor Objectors' Objection and grant the Trustee's Ninth 2004 Motion.[10]

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[10] Unlike Mr. Yu's and Ms. Zhang's *Objection to Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Relevant Banks* [ECF 2319] (the "Yu/Zhang Objection"), the Proposed Intervenor Objectors' Objection to the Ninth 2004 Motion does not include arguments with respect to notice or the "pending proceeding" doctrine. To the extent that the Proposed Intervenor Objectors seek to advance such arguments at a hearing on the Ninth 2004 Motion, the Trustee incorporates by reference his responses as to these arguments (including his discussion of the Court's prior orders rejecting such arguments) as set forth in his *Reply* to the Yu/Zhang Objection.

WHEREFORE, because the Objections fail on the merits, the Court should overrule the Objections, grant the Ninth 2004 Motion, enter the proposed order filed therewith, and grant such other and further relief as the Court deems just and proper.

Dated: November 26, 2023
      New Haven, Connecticut

                              LUC A. DESPINS, CHAPTER 11 TRUSTEE

                              By: */s/ Patrick R. Linsey*
                                  Douglas S. Skalka (ct00616)
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  dskalka@npmlaw.com
                                  plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK *et al.*,                                   :    Case No. 22-50073 (JAM)
                                                        :
             Debtors.[11]                               :    Jointly Administered
                                                        :
--------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system, or (within one business day) by U.S. Mail to any parties unable to receive electronic notice. Parties may access this filing through the Court's CM/ECF system.

Dated: November 26, 2023          Luc A. Despins, as Chapter 11 Trustee
       New Haven, Connecticut
                                  By: */s/ Patrick R. Linsey*
                                      Douglas S. Skalka (ct00616)
                                      Patrick R. Linsey (ct29437)
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2847
                                      dskalka@npmlaw.com
                                      plinsey@npmlaw.com

                                      *Counsel for the Chapter 11 Trustee*

---

[11] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

9

# **EXHIBIT A**

**(Feb. 26, 2019 Email to Andrew Childe, *et al*., regarding Debtor-Associated Entities)**

# Andrew Willins

| | |
|---|---|
| **From:** | Shaheba Levons <shaheba.levons@ffp.vg> |
| **Sent:** | 05 November 2020 14:59 |
| **To:** | Shaheba Levons |
| **Subject:** | FW: Conflicts checking: New opportunity |

**From:** Hadley Chilton
**Sent:** Tuesday, 26 February 2019 6:27 pm
**To:** Michael Pearson ; Andrew Childe ; Richard Lewis ; Chris Rowland ; Stephen Briscoe
**Subject:** Conflicts checking: New opportunity

https://www.google.co.uk/amp/s/www.bloomberg.com/amp/news/articles/2018-08-16/chinese-tycoon-s-daughter-challenges-hong-kong-over-asset-freeze

Please could you let me know if we have any conflicts in acting in respect of:

Alfonso Global Limited

Alfa Global Ventures Limited


Best

Hadley J Chilton

FFP


www.FFP.vg

+1284 542 6076

---

**From:** Lauren Williamson <lauren.williamson@walkersglobal.com>
**Sent:** Tuesday, February 26, 2019 6:19 pm
**To:** Hadley Chilton
**Cc:** Oliver Clifton; Matthew Cowman; Stephen Briscoe; Trecia Vanterpool-Durrant
**Subject:** RE: EXTERNAL New opportunity


**External Email. Exercise Caution.**

---

Many thanks Hadley

1

EMM 119