**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                       :   Chapter 11
                                             :
HO WAN KWOK, *et al.*,[1]                    :   Case No. 22-50073 (JAM)
                                             :
           Debtors.                          :   (Jointly Administered)
                                             :
------------------------------------------------------x

**TRUSTEE'S EMERGENCY MOTION SEEKING ENTRY OF ORDER
PROVIDING (A) METHOD OF SERVICE OF, AND (B) FOR AN EXPEDITED
HEARING ON, TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE
SECTIONS 105 AND 363, BANKRUPTCY RULES 2002, 6004(c), AND 9014, AND
LOCAL RULES 6004-1 AND 6004-2, SEEKING ENTRY OF ORDER:
(I) AUTHORIZING AND APPROVING SALE OF THE LADY MAY II FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II)
AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT, AND
(III) GRANTING RELATED RELIEF**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby files this motion (the "Motion") requesting entry of an emergency order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (a) providing that, with respect to the Lady May II Sale Motion,[2] the Trustee is only required to serve on the creditor matrix (i) the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The "Lady May II Sale Motion" refers to the *Trustee's Motion, Pursuant to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(c), and 9014, and Local Rules 6004-1 and 6004-2, Seeking Entry of Order: (I) Authorizing and Approving Sale of Lady May II Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing and Approving Purchase and Sale Agreement, and (III) Granting Related Relief*. Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Lady May II Sale Motion.

notice of hearing to be issued by the Court (the "Hearing Notice") and (ii) the *Notice of Proposed Private Sale of Estate Property* (substantially in the form attached hereto as **Exhibit B**, the "Sale Notice"), instead of serving a copy of the entire Lady May II Sale Motion, and (b) scheduling an expedited hearing to consider and determine the Lady May II Sale Motion. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code, Rules 2002(a), 2002(i) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 6004-2(g).

## BACKGROUND

4. On November 27, 2023, the Trustee filed the Lady May II Sale Motion, pursuant to which the Trustee seeks to sell the Lady May the Buyer free and clear of liens of liens, claims, interests and encumbrances (the "Sale"), pursuant to sections 363(b) and (f) of the Bankruptcy Code in accordance with that certain PSA.

5. Also on November 27, 2023, the Trustee served copies of the ***entire*** Lady May II Sale Motion on (i) the Office of the United States Trustee for the District of Connecticut, (ii) the Buyer, (iii) counsel for the Debtor, (iv) the Committee, (v) all entities and individuals that have expressed to Edmiston, the broker for the Lady May, an interest in purchasing the Lady May,

and (vi) all parties who have requested notice in the Debtor's case pursuant to Bankruptcy Rule 2002 (the "Notice Parties").[3]

## RELIEF REQUESTED

6. By this Motion, the Trustee requests entry of the Proposed Order (a) confirming that the Trustee is only required to serve the Hearing Notice and the Sale Notice, but not the entire Lady May II Sale Motion, on the creditor matrix maintained in these chapter 11 cases (the "Creditor Matrix") and (b) scheduling an expedited hearing to consider and determine the Lady May II Sale Motion for the week of December 18, 2023.

## BASIS FOR RELIEF

7. Bankruptcy Rule 2002(a) generally requires that a minimum of twenty-one (21) days' notice of the proposed sale of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code. *See* Bankruptcy Rules 2002(a)(2), 2002(i). Additionally, Local Rule 6004-2(g) requires sale motions "be served by the Movant on all parties indicating interest in the purchase of the property."

**I.    Service of Hearing Notice and Sale Notice Only**

8. The Trustee requests that he only be required to serve the Hearing Notice and the Sale Notice, but not the entire Lady May II Sale Motion, on the Creditor Matrix. The Sale Notice contains a summary description of the property to be sold (*i.e.*, the Lady May II) as well as the key terms of the PSA. Furthermore, the Sale Notice also states, on the first page, and in **bold and all-caps** that the Lady May II Sale Motion can be viewed, free of charge, at

---

[3] Service of the Lady May II Sale Motion was effectuated electronically through the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.

https://dm.epiq11.com/case/kwoktrustee/dockets, *i.e.*, the website maintained by Epiq in these chapter 11 cases. In addition, the Trustee anticipates that the Court's forthcoming Hearing Notice will contain, among other things, the hearing date for the Lady May II Sale Motion and the related objection deadline.

9.  The Trustee respectfully submits that the foregoing service complies with the Bankruptcy Rules and the Local Rules, as it provides notice of the proposed Sale to all interested parties, including all parties on the Creditor Matrix. In particular, the Trustee believes that service of the entire Lady May II Sale Motion on the Creditor Matrix is both unnecessary and unduly expensive. It is unnecessary because, all creditors are on notice of the proposed Sale through the Hearing Notice and Sale Notice, which describes the key terms of the proposed Sale as well as the objection deadline and the hearing date(s). Moreover, the Sale Notice directs the reader to Epiq's website where a copy of the entire Lady May II Sale Motion can be viewed, free of charge. Thus, there is no prejudice to the parties on the Creditor Matrix from not serving them with a hard copy of the Lady May II Sale Motion.

10. Nor would service of the entire Lady May II Sale Motion be economical under the circumstances. Because there are approximately 1,600 creditors on the Creditor Matrix, it would cost the estate approximately $30,000 to serve the entire Lady May II Sale Motion (which is more than 60 pages in total) on the Creditor Matrix. By contrast, serving only the Hearing Notice and the Sale Notice (which are 4 pages in total) on the Creditor Matrix costs only approximately $7,000.

11. In light of the foregoing, the Trustee respectfully requests that the Court not require the Trustee to serve the entire Lady May II Sale Motion on the Creditor Matrix, but limit service on the Creditor Matrix to the Hearing Notice and the Sale Notice.

## II.     Expedited Consideration of Lady May II Sale Motion

12.     Bankruptcy Rule 9006(c)(1) provides that the Court may reduce the notice period when requested by motion upon cause shown.  Cause exists to consider and determine the Lady May II Sale Motion on an expedited basis, no later than December 18, 2023.  In particular, an expedited hearing is warranted in order to ensure that the sale of the Lady May II can close in advance of the outside closing date December 31, 2023, which, for all practical purposes means that the sale must close in advance of the Christmas holidays.

13.     Therefore, the Trustee respectfully requests that the Court schedule a hearing for the Lady May II Sale Motion no later than December 18, 2023, and set an objection deadline of December 13, 2023.  Parties on the CM/ECF list would thus have sixteen (16) days' notice, while all other parties on the Creditor Matrix would have fifteen (15) days' notice (assuming the Sale Notice and Hearing Notice are served on Tuesday, November 28, 2023), which reflects only a reduction of five (5) or (6) days (as applicable) compared to the standard twenty-one (21) days' notice.  In other words, the Trustee is only seeking a minor shortening of the notice period, in order to ensure that the proposed sale can close before the Christmas holidays.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Bankruptcy Court enter the Proposed Order granting the relief requested herein.

Dated: November 27, 2023
      New York, New York

By: */s/ G. Alexander Bongartz*
Luc A. Despins (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

   *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 27, 2023, the foregoing Application was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2] Parties may access this filing through the Court's CM/ECF system.

Dated: November 27, 2023
       New York, New York

By: */s/ G. Alexander Bongartz*
Luc A. Despins (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

7

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**ORDER PROVIDING (A) METHOD OF SERVICE OF, AND (B) FOR AN EXPEDITED HEARING ON, TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363, BANKRUPTCY RULES 2002, 6004(c), AND 9014, AND LOCAL RULES 6004-1 AND 6004-2, SEEKING ENTRY OF ORDER: (I) AUTHORIZING AND APPROVING SALE OF THE LADY MAY II FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT, AND <u>(III) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of Luc Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case of Ho Wan Kwok (the "<u>Debtor</u>"), requesting entry of an emergency order, (I) confirming that, with respect to the Lady May II Sale Motion, the Trustee is only required to serve on the creditor matrix (a) the Hearing Notice and (b) the Sale Notice, instead of serving a copy of the entire Lady May II Sale Motion, and (II) scheduling an expedited hearing to consider and determine the Lady May II Sale Motion on the week of December 11, 2023, all as further detailed in the Motion; and the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Motion.

to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee is not required to serve the Lady May II Sale Motion on the Creditor Matrix, but, instead, the Trustee is authorized to serve only the Hearing Notice and the Sale Notice on the Creditor Matrix. For the avoidance of doubt, the foregoing shall not alter the requirement that the entire Lady May II Sale Motion, including the Hearing Notice and the Sale Notice, be served on the Notice Parties.

3. A hearing on the Lady May II Sale Motion shall be held on **December [___], 2023 at [__]:00 [__].m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604.

4. The deadline to object to the Lady May II Sale Motion shall be **December [___], 2023 at [__]:00 [__].m.**

5. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT B**

**Sale Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br>Ho Wan Kwok, *et al.*<br><br>Debtor(s). | CASE NO: 22-50073<br><br>CHAPTER: 11 |
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address:<br><br>Douglas S. Skalka (State Bar No. ct00616)<br>NEUBERT, PEPE & MONTEITH, P.C.<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>Tel: (203) 781-2847<br>Fax: (203) 821-2009<br>dskalka@npmlaw.com<br><br>☒   *Attorney for:* Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok | **NOTICE OF PROPOSED<br>PRIVATE SALE OF ESTATE PROPERTY**<br><br>**D. CONN. BANKR. L. R. 6004-1(a)** |

**PLEASE TAKE NOTICE** that a hearing is scheduled to be held at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 on **December [-], 2023** at **-:00 -.m. (ET)** to consider and act upon the following matter:

**Trustee's Motion, Pursuant to Bankruptcy Code Sections 105 and 363, Bankruptcy Rules 2002, 6004(c), and 9014, and Local Rules 6004-1 and 6004 2, Seeking Entry of Order: (I) Authorizing and Approving Sale of the Lady May II Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing and Approving Purchase and Sale Agreement, and (III) Granting Related Relief** (the "Motion")

The Motion can be viewed free of charge at: https://dm.epiq11.com/case/kwoktrustee/dockets

**OBJECTION(S) DUE**: December [-], 2023 before 4:00 p.m. (ET).  Untimely objections may not be considered.

| **Description of property to be sold (use additional page, if more space is needed):** | |
|---|---|
| The Lady May II yacht (Reg. No. 746230), which includes all gear, machinery, equipment, furniture, fuel, consumables, all registered or unregistered tenders, toys, articles and appurtenances on board the Lady May II and/or included on the Lady May II's listing specification as of November 22, 2023. | |
| **Proposed Private Sale Information:** | |
| Date of Proposed Private Sale: | December [-], 2023 | Time of Proposed Private Sale: | At or before 11:59 p.m. (ET) |
| Location of Proposed Private Sale: | Newport, Rhode Island. |

| | |
|---|---|
| **Objection Deadline and Hearing Information:**<br><br>*Last date to file Objections to<br>Proposed Private Sale:     December [-], 2023 before 4:00 p.m. (ET)<br><br>*Hearing Date and Time<br>regarding Proposed Private Sale:     December [-], 2023 at -:00 -.m. (ET)<br><br>Location of hearing:<br>United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 | * **Hearing when objection filed:** A hearing on any objection to the Notice of Proposed Private Sale shall be held on the Hearing Date and Time listed in this Notice.<br><br>* **Hearing when no objection filed:** If no objection to the Notice of Proposed Private Sale is filed, the Court may require that a hearing on the Notice of Proposed Private Sale be held on the Hearing Date and Time listed in this Notice.<br><br>**See Local Rules of Bankruptcy Procedure, Appendix M**.  Parties are encouraged to review the docket of this case or contact the Clerk's Office to determine if a hearing on the Notice of Proposed Private Sale will be held on the Hearing Date and Time listed in this Notice. |

Pursuant to D. Conn. Bankr. L.R. 6004-1(a), this form is mandatory. It has been approved for use in the
United States Bankruptcy Court for the District of Connecticut and will be posted by the Clerk on the Court's website for publication.

Proposed Private Sale price: $375,000.00

Terms and conditions of Proposed Private Sale, including, if applicable, information about how to register as a bidder:

| Provision | Summary Description |
|---|---|
| Parties | Seller: Luc A. Despins, solely in his capacity as chapter 11 trustee for the estate of Ho Wan Kwok (the "Trustee"). Buyer: Patrick Cloppenburg. |
| Deposit | On November [-], 2023, the Buyer paid the deposit of $93,750 (25% of the Purchase Price) to the Trustee's account, as a deposit toward the purchase price to be held in escrow subject to the terms of the Purchase and Sale Agreement (the "PSA"). |
| Acceptance of Lady May II | Buyer agrees to purchase the Vessel on an "as is, where is" basis, *i.e.*, neither Seller nor the Brokers give any warranty, either expressed or implied, and make no representation as to the condition of the Vessel, its fitness for any particular purpose or merchantability, all of which are disclaimed. For the avoidance of doubt, Buyer may not reject the Vessel for any reason, and by signing this PSA, Buyer agrees to accept the Vessel on an "as is, where is" basis. |
| Closing | The transfer of the Lady May II's ownership (the "Closing") will occur on or before December 31, 2023 (the "Closing Date"). The Closing will occur in Newport, Rhode Island, simultaneously with payment of all funds due from the Buyer and delivery of originals of all other documents necessary for transfer of good and marketable title to the Buyer. At Closing, the Buyer will pay the balance of the Purchase Price (*i.e.*, $281,250) to the Trustee and the Deposit will be released to the Trustee, subject to deductions the Trustee owes to the Brokers for the commission, storage, insurance, repairs and/or other items (which are subject to approval of this Court). |
| Sellers Representations/ Requirements for Closing | ").The Trustee represents and warrants that it will transfer to the Buyer good and marketable title to the Lady May II, free and clear of all debts, claims, maritime or common law liens, security interests, encumbrances, excise taxes, and other applicable taxes, customs' duties, or tariffs due to any state, country, regulatory and/or taxing authority of any kind whatsoever (collectively the "Encumbrances"). <br><br> No less than two (2) business days before Closing, the Trustee will deliver to the Buyer (a) satisfactory evidence of title, (b) proof of payment or removal of all Encumbrances (except for those encumbrances that will be paid in full at closing), which proof may be the order entered by the Bankruptcy Court approving the sale of the Lady May II (and which order shall provide the Lady May II is being sold to Buyer free and clear of any Encumbrances), and (c) copies of any other documents necessary for transfer of good and marketable title to Buyer. |
| Risk of Loss | The Trustee will bear the risk of loss of or damage to the Lady May II prior to Closing. |
| Bankruptcy Court Approval | The PSA for the proposed sale is subject to approval of this Court. |
| Additional Bids | **Any parties interested in submitting a bid for the Lady May II should submit their bid to the Trustee (contact information is included below) by no later than the day before the hearing on the Motion, *i.e.*, December [__], 2023.** |

Contact person for Proposed Private Sale (*include name, address, telephone, fax and/or email address*):

Luc A. Despins, Chapter 11 Trustee for the Estate of Ho Wan Kwok
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 318-6079
Fax: (212) 230-7771
lucdespins@paulhastings.com

Date: November [-], 2023

Pursuant to D. Conn. Bankr. L.R. 6004-1(a), this form is mandatory. It has been approved for use in the United States Bankruptcy Court for the District of Connecticut and will be posted by the Clerk on the Court's website for publication.

03/2023    Page 2    Connecticut Local Form: CTB-LF238.A1
Local Rule 6004-1(a) - Notice of Proposed Private Sale of Estate Property