**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK, *et al.*,[1]                           :    Case No. 22-50073 (JAM)
                                                    :
              Debtors.                              :    (Jointly Administered)
                                                    :
-------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULES 9006(c)(1),**
**FOR ENTRY OF AN ORDER EXPEDITING HEARING ON MOTION OF**
**CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING DBS BANK LTD**
**TO COMPLY WITH RULE 2004 SUBPOENA**

Luc A. Despins, as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for entry of an order scheduling an expedited hearing to consider and determine the Trustee's *Motion for Entry of Order Compelling DBS Bank Ltd to Comply with Rule 2004 Subpoena* [ECF No. 2396] (the "Motion to Compel"). In support of this Motion to Expedite, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## JURISDICTION, VENUE, AND STATUTORY BASES

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought by this Motion to Expedite are Bankruptcy Rule 9006(c)(1) and 2002(i).

## BACKGROUND

4.      On December 21, 2022, the Trustee filed his *Fourth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, Relevant Banks and Entities Doing Business with Debtor and Affiliated Entities* (the "Fourth Omnibus 2004 Motion") seeking discovery with respect to various individuals and entities doing business with the Debtor, and, as relevant here, banks at which the Debtor and persons and entities related to the Debtor are believed to have deposited funds or conducted financial transactions.

5.      Among these banks was DBS Bank Ltd ("DBS").  The Debtor, and individuals and entities controlled by or allied with him, held substantial assets at DBS. The Trustee has obtained documents and information which reflect accounts at DBS held in the name of Anton Development Limited ("Anton Development") and Hong Kong International Funds Investment Limited ("HK International"). Both Anton Development and HK International are shell companies that the Debtor beneficially owned or controlled, and which the Trustee's investigation suggests received,

held, and transferred cash and other personal property worth millions of dollars on the Debtor's behalf.[2]

6.      Indeed, several substantial transactions between the Debtor's personal account with JPMorgan Chase Bank (the "JPMorgan Account") and accounts maintained by DBS in Hong Kong, which are set out more fully in the Motion to Compel filed contemporaneously herewith.

7.      DBS did not object to the Fourth Omnibus 2004 Motion. The Fourth Omnibus 2004 Motion was granted by entry of an Order dated April 10, 2023 [ECF No. 1646] (the "Rule 2004 Order").  Pursuant to the Rule 2004 Order, the Trustee served DBS with a Subpoena for Rule 2004 Examination with appended Request for Production of Documents (collectively, the "DBS Subpoena") at its Los Angeles, California branch April 18, 2023.[3] The Trustee issued an amended subpoena, referred to herein as the DBS Subpoena, on November 9, 2023, which was served on DBS at its Los Angeles, California branch on November 13, 2023.[4] The DBS Subpoena required compliance on or before November 27, 2023.

8.      Following service of the DBS Subpoena, DBS's counsel reported to Trustee's counsel that he had performed a search of documents of the "DBS Bank Ltd, Los Angeles Representative Office" and found no responsive documents.

---

[2] According to the Hong Kong police, HK International was effectively controlled by the Debtor, used by the Debtor to funnel money to a number of other Debtor-controlled entities in investment projects related to the Hong Kong stock exchange, and received all its funds from other Debtor-controlled companies.  *See* Trustee's *Amended Adversary Complaint* [Adv. Proc. No. 22-05027 ECF No. 40] at pp. 5-6 (discussing HK International in further detail).  Anton Development was a shell company that formerly owned the Debtor's Bombardier Global XRS business jet, which aircraft and its proceeds are the subject of yet another adversary proceeding, *i.e.*, *Luc A. Despins, Chapter 11 Trustee v. Mei Guo*, Adv. Proc. No. 23-05008-JAM.

[3]      DBS's only branch in the United States is its Los Angeles Branch.

[4] The amended subpoena supplemented the list of entities identified as "2004 Discovery Targets" in the appended document request to include, among others, Anton Development.

9.      Trustee's counsel responded that the Subpoena was issued to DBS and was not limited to documents in the custody of DBS's Los Angeles branch.

10.      After receiving DBS's statement that it would not search for or produce any records from DBS in offices or locations other than its Los Angeles branch, Trustee's counsel requested a telephone call to confer about DBS's position.  In response to Trustee's counsel's request to meet and confer, DBS simply restated its position, showing an unwillingness to consider the Trustee's position or compromise its position in any way.

11.      Ultimately, notwithstanding DBS's significant business operations in the United States, and DBS's participation in the transactions to and from the Debtor's JPMorgan Account, DBS has refused to comply with the DBS Subpoena to the extent it calls for production of documents from its locations outside the United States.  Hence this Motion to Compel.

## THE MOTION TO COMPEL

12.      The Trustee filed his Motion to Compel on November 29, 2023.

13.      The Motion to Compel seeks to compel DBS to fully comply with the DBS Subpoena within seven (7) days.

## RELIEF REQUESTED

14.      The Trustee respectfully requests that the Court schedule a hearing on the Motion to Compel on **December 12, 2023**, subject to the Court's availability.

## BASIS FOR RELIEF REQUESTED

15.      Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated.  Cause exists to consider and determine the Motion to Compel on an expedited basis.

16.    The banking records that DBS is withholding are important to the Trustee's investigation of the Debtor's financial condition.  Both Anton Development and HK International have been identified as alter egos of or beneficially owned by the Debtor, and both are targets of discovery in these proceedings.

## NO PREVIOUS REQUEST

17.    No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## CONCLUSION

18.    It is imperative the dispute at issue in the Motion to Compel be addressed as quickly as possible so that the Trustee may obtain the records DBS is withholding.  Accordingly, the Trustee requests that the Motion to Compel be heard on an expedited basis.

WHEREFORE, the Trustee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: November 29, 2023                    LUC A. DESPINS, CHAPTER 11 TRUSTEE
        New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
--------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
HO WAN KWOK, et al.,⁵                       :   Case No. 22-50073 (JAM)
                                            :
              Debtors.                      :   (Jointly Administered)
                                            :
--------------------------------------------------------x
```

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on November 29, 2023, the foregoing (including all exhibits and attachments thereto) and the Motion to Compel was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice operation of the Court's electronic filing ("<u>CM/ECF</u>") system.  A copy of the foregoing and the Motion to Compel was also sent via email on November 29, 2023 to counsel for DBS Bank Ltd at roberteward@dbs.com and via FedEx, overnight, on November 30, 2023, to DBS Bank Ltd., c/o Thomas Joseph McCabe, 300 South Grand Avenue, Suite 3075, Los Angeles, CA 90071.  Parties may access this filing through the Court's CM/ECF system.

---

⁵    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:      November 29, 2023
            New Haven, Connecticut

                              By: /s/ Patrick R. Linsey
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  plinsey@npmlaw.com

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, et al.,¹                         :    Case No. 22-50073 (JAM)
                                              :
                 Debtors.                     :    (Jointly Administered)
                                              :
-------------------------------------------------------x
```

## ORDER SCHEDULING EXPEDITED HEARING

The Court having considered the motion (the "Motion to Expedite") seeking an expedited

hearing on the Trustee's *Motion for Entry of Order Compelling DBS Bank Ltd to Comply with*

*Rule 2004 Subpoena* [ECF No. 2396] (the "Motion to Compel"); and good cause appearing for the

relief sought in the Motion to Expedite, it is hereby

ORDERED, that a hearing on the Motion to Compel shall be held on December 12, 2023

at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of Connecticut, Bridgeport

Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is

further

ORDERED, that the deadline to respond to the Motion to Compel shall be December 11,

2023 at 12 noon; and it is further

ORDERED, that the Trustee shall serve a copy of this Order, along with the Motion to

Compel upon all parties to the above-captioned chapter 11 case able to receive electronic notice

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

and upon DBS Bank Ltd on or before December __, 2023, and the Trustee shall file a certificate of service in advance of the hearing.