UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                                   :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                                :   Case No. 22-50073 (JAM)
:
:   (Jointly Administered)
Debtors.                                                 :
:   Re: ECF 2313
:
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), AUTHORIZING GENEVER HOLDINGS LLC TO ENTER INTO, AND PERFORM UNDER, ALTERATION AGREEMENT WITH SHERRY NETHERLAND, INC.**

Upon the motion (the "Motion")[2] of debtor Genever Holdings LLC ("Genever US"), for an order (this "Order") authorizing Genever US to enter into the Alteration Agreement with Sherry Netherland as further detailed in the Motion; and the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice and opportunity for a hearing of the Motion having been given pursuant to 11 U.S.C. § 102(1); and no other or further notice or hearing being required pursuant to D. Conn. L. Bankr. R. 9014-1; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

requested by the Motion, as modified by the terms of this Order is in the best interest of Genever US's estate and creditors; and there having been no timely objection filed, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Genever US is authorized to enter into, and perform under, the Alteration Agreement with Sherry Netherland including payment of fees and expense.

3. The Indemnified Parties shall be entitled to indemnification to the extent required under the terms of the Alteration Agreement, as modified pursuant to this Order; *provided* that any request for indemnification by the Indemnified Parties shall be subject to review by the Court as set forth herein to ensure that payment of such indemnity conforms to the terms of the Alteration Agreement, as modified pursuant to this Order, and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, that in no event shall the Indemnified Parties be indemnified in the case of gross negligence or willful misconduct.

4. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, any Indemnified Party believes that it is entitled to the payment of any amounts by Genever US on account of its indemnification obligations under the Alteration Agreement, as modified pursuant to this Order, the Indemnified Party must file an application therefor in the Court, and Genever US may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. With respect to any amounts sought by any Indemnified Party as reimbursement for

attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Alteration Agreement, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Indemnified Party's application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify the Indemnified Parties.  All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

5. The Indemnified Parties shall not be entitled to reimbursement by Genever US for any fees, disbursements and other charges of the Indemnified Parties' counsel other than those incurred in connection with a request of the Indemnified Parties for payment of indemnity approved by the Court.

6. Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.

7. Genever US is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 1st day of December, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut