**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                                      :    Chapter 11
                                                            :
HO WAN KWOK, *et al.*,[1]                                    :    Case No. 22-50073 (JAM)
                                                            :
         Debtors.                                           :    (Jointly Administered)
                                                            :
---------------------------------------------------------x

**MOTION, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION, FOR ENTRY OF AN ORDER (A) EXPEDITING HEARING ON MOTION RELATING TO USE OF POTENTIALLY PRIVILEGEED DOCUMENTS AND (B) AUTHORIZING <u>FILING OF MOTION UNDER SEAL</u>**

Luc A. Despins, as chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), pursuant to the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [ECF No. 856] (the "<u>Consent Privileges Order</u>"), hereby moves (the "<u>Motion to Expedite/Seal</u>") this Court for entry of an order (1) scheduling an expedited hearing to consider and determine the Trustee's *Sealed Motion for Order Authorizing (A) Chapter 11 Trustee to Use Potentially Privileged Documents in Bombardier Adversary Proceeding on a Sealed Basis Without Waiver of Privilege or, Alternatively, (B) Limited Waiver of Trustee Privilege as to Subject Matter of Bombardier and Bombardier Proceeds* [ECF No. 2420] (the "<u>Bombardier

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Privilege Motion"), and (2) authorizing the filing of the Bombardier Privilege Motion under seal. In support of this Motion to Expedite/Seal, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion to Expedite/Seal are the Consent Privileges Order, as well as section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 9006(c)(1) and 2002(i), and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5(e) of the Local Rules of Civil Procedure for the District of Connecticut (the "Local Civil Rules"), and Rule 90771-1 of the Local Rules of Bankruptcy Procedure for the District of Connecticut (the "Local Bankruptcy Rules").

## THE BOMBARDIER PRIVILEGE MOTION

4. The Trustee filed the Bombardier Privilege Motion on December 5, 2023.

5. The Bombardier Privilege Motion seeks an order from the Court that the Trustee may use potentially privileged documents (the "Potentially Privileged Documents") in the Trustee's adversary proceeding against Mei Guo ("Ms. Guo"), *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008] (the "Bombardier Adversary Proceeding").

6. More specifically, the Bombardier Privilege Motion seeks for the Court to authorize use of the Potentially Privileged Documents in the Bombardier Adversary Proceeding under procedures and pursuant to an order preserving privilege or, alternatively, that the Trustee be

authorized to waive privilege on matters limited to the subject matter relevant to the Bombardier Adversary Proceeding.

7.      Any privilege with respect to the Potentially Privilged Documents has passed to and is now exclusively controlled by the Trustee, as confirmed by the Consent Privileges Order. (Consent Privileges Order at ¶ 2.)

8.      The relief sought by the Bombardier Privilege Motion is critical for the Trustee to recover more than $10 million in cash proceeds from the unauthorized post-petition sale of the Debtor's Bombardier Global XRS private jet (the "Bombardier") in the summer of 2022. Ms. Guo previously testified that she obtained these sale proceeds.

9.      To demonstrate the significance of the Potentially Privileged Documents, and that the Trustee controls any applicable privilege, the Bombardier Privilege Motion discusses the content of the Potentially Privileged Documents and attaches approximately 16 such documents as exhibits.

## RELIEF REQUESTED

10.      The Trustee respectfully requests that the Court set a response deadline of **December 13, 2023**, a deadline to reply to any objection of **December 15, 2023**, and schedule a hearing on the Bombardier Privilege Motion on **December 18, 2023**, on which date other matters are scheduled to be heard in this chapter 11 case.

11.      The Trustee further requests that the Court authorize the Trustee's sealed filing of the Bombardier Privilege Motion, pursuant to Local Civil Rule 5(e), because much of its content and its exhibits are subject to the privilege controlled by the Trustee.

**BASIS FOR RELIEF REQUESTED**

12.     The Consent Privileges Order provides that motions addressing the waiver of privilege may be heard on an expedited briefing schedule as follows: responses to such motions are due within eight days and replies to such responses are due within four days. (*See* Consent Privileges Order at ¶¶ 7-8.)[2]

13.     Moreover, the relief requested in the Bombardier Privilege Motion is time-sensitive in light of the Trustee's summary judgment deadline in the Bombardier Adversary Proceeding (December 22, 2023), and because the Trustee must expeditiously recover the proceeds from the sale of the Bombardier before they are further transferred or otherwise dissipated.

14.     Rule 5(e) of the Local Civil Rules, which pursuant to Local Bankruptcy Rule 9077-1 applies to proceedings before the Bankruptcy Court, directs parties seeking an order to seal a document to file a motion to seal with the Court, and provides that:

> No judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons . . . . A judge may seal a Court order, including an order to seal documents and the related findings, when sealing a Court order meets the standard for sealing a judicial document . . . .

D. Conn. L. Civ. R. 5(e)(3).

15.     Here, clear and compelling reasons exist to permit the sealed filing of the Bombardier Privilege Motion, because (as discussed in that motion), the Trustee is seeking to preserve the Trustee's privilege to the maximum extent possible.

---

[2] The Trustee has proposed reducing his time to reply to any response to the Bombardier Privilege Motion in light of the exigency of this matter.

16. Moreover, the Consent Privileges Order also requires that any documents containing material that is subject to the Trustee's privilege must be filed under seal. (Consent Privileges Order at ¶ 8.) The Trustee has thus filed the Bombardier Privilege Motion under seal and, by this Motion to Expedite/Seal, requests the Court to approve such sealed filing.

## NO PREVIOUS REQUEST

17. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: December 5, 2023                LUC A. DESPINS, CHAPTER 11 TRUSTEE
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,³ : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 5, 2023, the foregoing (including all exhibits and attachments thereto) was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice operation of the Court's electronic filing ("CM/ECF") system. Parties may access this filing through the Court's CM/ECF system.

A copy of the foregoing, as well as a copy of the Bombardier Privilege Motion (including all exhibits thereto), which the Trustee has filed under seal, was also sent to counsel for the Debtor via manual email at aromney@zeislaw.com and jmoriarty@zeislaw.com.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

³ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    December 5, 2023
              New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :    Case No. 22-50073 (JAM)
                                                         :
          Debtors.                                       :    (Jointly Administered)
                                                         :
---------------------------------------------------------x

**ORDER SCHEDULING EXPEDITED HEARING
AND AUTHORIZING SEALED FILING**

The Court having considered the motion (the "Motion to Expedite/Seal") seeking an expedited hearing on the Trustee's *Sealed Motion for Order Authorizing (A) Chapter 11 Trustee to Use Potentially Privileged Documents in Bombardier Adversary Proceeding on a Sealed Basis Without Waiver of Privilege or, Alternatively, (B) Limited Waiver of Trustee Privilege as to Subject Matter of Bombardier and Bombardier Proceeds* [ECF No. 2420] (the "Bombardier Privilege Motion" and to authorize the filing of the Bombardier Privilege Motion under seal; and it clearly appearing from the Bombardier Privilege Motion (including the exhibits thereto) and the record in this chapter 11 case that, pursuant to Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut and Local Bankruptcy Rule 9077-1, the sealing of the Bombardier Privilege Motion is supported by clear and compelling reasons and is narrowly tailored to serve those reasons, including the Trustee's interest in preserving privilege to the extent

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

possible and need to comply with the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [ECF No. 856] (the "Consent Privileges Order"); and good cause appearing therefore, it is hereby

ORDERED, that the Motion to Expedite/Seal is granted as set forth herein; and it is further

ORDERED, that a hearing on the Bombardier Privilege Motion shall be held on December 18, 2023 at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to respond to the Bombardier Privilege Motion shall be December 13, 2023; and it is further

ORDERED, that the deadline for a reply to any objection shall be December 15, 2023; and it is further

ORDERED, that the Trustee's sealed filing of the Bombardier Privilege Motion is approved and the Bombardier Privilege Motion (including all exhibits thereto) shall remain sealed pending further order of the Court.