UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
: Re: ECF No. 2282
------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF EISNER ADVISORY GROUP LLC, AS TAX ADVISORS, <u>EFFECTIVE AS OF OCTOBER 23, 2023</u>**

Upon the Application of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee"), in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), Genever Holdings Corporation ("Genever (BVI)"), and Genever Holdings LLC ("Genever (US)" and, together with Genever (BVI), the "Genever Debtors" and, collectively with the Trustee, the "Applicants"),[2] for authority to retain and employ Eisner Advisory Group LLC, as tax advisors, effective as of October 23, 2023 (the "Application"), and upon the Declaration of Anthony Calascibetta (the "Calascibetta Declaration"), pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The Individual Debtor and the Genever Debtors are referred to herein as the "Debtors".

2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application and the Engagement Letter (as defined in the Application); and upon consideration of the Application and the Calascibetta Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtors' estate, their respective creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Calascibetta Declaration, and upon the record at the hearing on the Application held before this Court on November 28, 2023, establish just cause for the relief granted herein, (iii) EA Group is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) EA Group does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.    The Application is granted as set forth herein.

2.      The Applicants are authorized to retain and employ EA Group as tax advisors, effective as of October 23, 2023, on the terms set forth in the Application, the Engagement Letter, the Calascibetta Declaration, and this Order.

3.      The EA Group is authorized to act as tax advisors to the Applicants and to perform those services described in the Application.

4.      The Debtors' estates shall be responsible for the EA Group's s compensation and reimbursement of expenses.

5.      The allowance of any compensation to be paid to EA Group shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.      EA Group shall be entitled to indemnification to the extent required under the terms of the Engagement Letter, as modified pursuant to this Order; *provided* that any request for indemnification by EA Group shall be subject to review by the Court as set forth herein to ensure that payment of such indemnity conforms to the terms of the Engagement Letter, as modified pursuant to this Order, and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, further, that in no event shall EA Group be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, EA Group believes that it is entitled to the payment of any amounts by the Debtors' estates on account of the indemnification obligations under the Engagement Letter, as modified pursuant to this Order, EA Group must file an

application therefor in the Court, and the Debtors' estates may not pay any such amounts to EA Group before the entry of an order by this Court approving the payment.  With respect to any amounts sought by EA Group as reimbursement for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in EA Group's application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by EA Group for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify EA Group.  All parties in interest shall retain the right to object to any demand by EA Group for indemnification, contribution, or reimbursement.

8. Section 7(a) of the Eisner Advisory Group LLC Standard Terms and Conditions (the "Standard Terms") (which are attached to the Engagement Letter) shall be deleted in its entirety.  For the avoidance of doubt, nothing in Section 7(b) of the Standard Terms shall preclude EA Group or its personnel from being liable to the Debtors' estates for any compensatory damages.

9. EA Group shall not be entitled to reimbursement by the Debtors' estates for any fees, disbursements and other charges of EA Group's counsel other than those incurred in connection with a request of EA Group for payment of indemnity approved by the Court.

10. EA Group shall provide no less than ten business days' notice to the Trustee, the Debtors, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

11. The Applicants are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

12. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13. To the extent the Application, the Engagement Letter, and the Calascibetta Declaration are inconsistent with this Order, the terms of this Order shall govern.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 7th day of December, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut