# EXHIBIT A

| | |
|---|---|
| **From:** | Patrick Linsey |
| **To:** | James Moriarty |
| **Cc:** | Aaron A. Romney; Wernick, Melissa F.; Vartan, Lee; Peter Fay; Bassett, Nicholas; Luft, Avi E.; Farmer, Will C.; Dennis Carnelli |
| **Subject:** | RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant"s RFP search terms |
| **Date:** | Thursday, October 12, 2023 10:39:13 PM |

**External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..**

Hi Jim –

We do not share your understanding regarding the rule. Regardless, without waiver of the Trustee's rights or position but in an effort to avoid motion practice on this issue, we will proceed in the manner you suggest.

Best,

Pat

**From:** James Moriarty <jmoriarty@zeislaw.com>
**Sent:** Thursday, October 12, 2023 12:01 PM
**To:** Patrick Linsey <plinsey@npmlaw.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

> **Caution:** External Email. Verify you know the sender before clicking a Link.

Pat:

We are unaware of any authority that would allow the Trustee to use Rule 502(d) in the way you are suggesting. Rule 502(d) is intended to address quick peek agreements and to provide for the clawback of inadvertently produced privileged materials. In fact, the Protective Order entered by Judge Manning in the Bankruptcy Case already includes a Rule 502(d) provision that sets forth the process for the recovery of inadvertently produced privileged information. Regardless, the Debtor could never even consider a stipulation, provided it would not act as a waiver which we are not convinced is the case, without first reviewing the privileged documents the Trustee intends to produce/affirmatively use in the adversary proceeding. As previously stated, the Debtor is willing to undertake a review of the documents at issue for privilege, as was done in the Greenwich Land adversary proceeding, to i) potentially narrow the volume of documents at issue, and ii) allow the

Debtor to make an informed decision vis-à-vis the Trustee's request. Let me know if you want to proceed in this manner. Otherwise, the Debtor objects to the production or use of any privileged document and will oppose any motion the Trustee files.

Jim

---

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Wednesday, October 11, 2023 8:36 PM
**To:** James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** Re: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

**External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..**

Hi Jim —

Further to our call yesterday, please see below relevant provisions in Federal Rule of Evidence 502 (d) and (e). Without waiver of either the Trustee's position regarding the effect of the debtor's and the defendant's shared counsel or the Trustee's right to seek relief pursuant to the privileges order, a stipulated order preserving privilege should resolve the issue without resort to motion practice. Please let us know your thoughts. Thanks.

Best,

Pat

> **(d) Controlling Effect of a Court Order.** A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding.
>
> **(e) Controlling Effect of a Party Agreement.** An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order.

>> On Oct 10, 2023, at 6:14 PM, James Moriarty <jmoriarty@zeislaw.com> wrote:

> **Caution:** External Email. Verify you know the sender before clicking a Link.

Thanks Pat. Z&Z is counsel to the Debtor in the bankruptcy case and Ms. Guo as the sole defendant in an adversary proceeding. Thus, this situation is exactly like Greenwich Land and should proceed in the same manner. Our view is if the Trustee proceeds as you stated he would, by producing documents to Z&Z as counsel to Ms. Guo in the adversary, or even by producing documents to Z&Z and taking the position that the production to Z&Z complies with the Trustee's obligations to produce documents to Ms. Guo in the adversary, the Trustee will have violated the privileges order. As we discussed, if either side feels that a further discussion would be fruitful we will reach out.

Jim

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Tuesday, October 10, 2023 5:39 PM
**To:** James Moriarty <jmoriarty@zeislaw.com>; Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Hi Jim –

The procedure from Greenwich Land is inapplicable, because, unlike in Greenwich Land, in this adversary proceeding the debtor and the defendant are represented by the same counsel. Having spoken with you, I understand you have a different view. Beyond that, I don't have anything to add to my email below.

Best,

Pat

**From:** James Moriarty <jmoriarty@zeislaw.com>
**Sent:** Tuesday, October 10, 2023 4:40 PM

**To:** Patrick Linsey <plinsey@npmlaw.com>; Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

> **Caution:** External Email. Verify you know the sender before clicking a Link.

In the Greenwich Land adversary the Trustee provided the debtor's counsel with documents to review prior to production so the debtor could determine whether he would agree to waive privilege as to any of the privileged, or potentially privileged, documents. That is the same process that must be followed in this case. The Trustee cannot produce the documents to Z&Z in the adversary proceeding as counsel to Ms. Guo because that would result in waiver of privilege and the Trustee has not right under the Privileges Order to waive privilege.

Jim

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Tuesday, October 10, 2023 3:32 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

<span style="color:red">External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..</span>

To be clear – we're producing to Z&Z as part of the Trustee's production in response to the defendant's RFP's in this adversary proceeding.

If you or your colleagues would like to discuss I'm happy to but no need to discuss further from the Trustee's side.

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Tuesday, October 10, 2023 3:28 PM
**To:** Patrick Linsey <plinsey@npmlaw.com>; Wernick, Melissa F.

<mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

> **Caution:** External Email. Verify you know the sender before clicking a Link.

I don't really understand the Trustee's position that you're communicating here. Obviously providing documents to the Debtor's counsel and asking us to confirm whether the Debtor will agree to waive privilege does not operate as a waiver of anything and we have no objection to that.

I can discuss this with you tomorrow or later this week.

---

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Tuesday, October 10, 2023 3:09 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Hi Aaron --

Z&Z (and you and Jim specifically) has reviewed docs potentially subject to debtor's privilege throughout the chapter 11 case. The responsive docs potentially subject to privilege that are responsive to the defendant's RFPs will be produced to Z&Z. Again, this seems like an issue for the debtor and the defendant to discuss, not the Trustee.

If you'd like to discuss I'm happy to arrange a call (and it doesn't need to be today) – but I don't expect the Trustee's position to change. As I said, the Trustee expects production to begin next week. Thanks.

1. Pat

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Tuesday, October 10, 2023 2:58 PM
**To:** Patrick Linsey <plinsey@npmlaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

> **Caution:** External Email. Verify you know the sender before clicking a Link.

Pat, I am not in a position to have this conversation today, but the Debtor has not authorized Z&Z or the Trustee to waive any of his privileges. It is my understanding that providing the debtor's privileged information to any third party could operate as a waiver, which the Trustee does not have the unilateral right to do under the privilege order.

---

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Tuesday, October 10, 2023 2:49 PM
**To:** Aaron A. Romney <aromney@zeislaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Hi Aaron – thanks for your response.

Because the defendant and the debtor share counsel, the defendant's counsel has access to this information (much of which the defendant's counsel has already seen) – and thus we don't see the concern. How the debtor and the defendant are managing issues of privilege/waiver as between them is their issue. The Trustee expects production to begin next week (including the W&C and HR docs discussed below).

Thanks.

1. Pat

**From:** Aaron A. Romney <aromney@zeislaw.com>
**Sent:** Tuesday, October 10, 2023 10:27 AM
**To:** Patrick Linsey <plinsey@npmlaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

> **Caution:** External Email. Verify you know the sender before clicking a Link.

Pat-thank you for your email. I've quickly read it but not studied it in detail. I'm jammed up on other matters today. The one thing I did want to respond to immediately is that the Debtor cannot consent to the production of privileged documents to anyone if doing so would result in a privilege waiver. I believe we have been very consistent on that issue for quite some time.

Also, as far as I know, Z&Z has not received privileged documents from Hodgson Russ in connection with our representation of the Debtor. Williams & Connoly did provide Z&Z with privileged documents in connection with a personal harm privilege review (though that was quite some time ago), and I attended the W&C 2004 examination, but Hodgson Russ never produced anything to us in connection with a privilege review (at least not as best as I can recall), we were not provided with notice of the Hodgson Russ 2004 exam, and as best as I can recall we have not received a copy of the transcript from the 2004 exam.

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Monday, October 9, 2023 9:48 PM
**To:** Wernick, Melissa F. <mwernick@csglaw.com>; Vartan, Lee <lvartan@csglaw.com>; James Moriarty <jmoriarty@zeislaw.com>; Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Dennis Carnelli <dcarnelli@npmlaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Dear Melissa, Lee, Aaron and Jim –

Thank you for your email and the proposed search terms. To avoid delaying discovery proceedings, the Trustee had already moved forward with searches based on search terms that counsel drafted in advance of receiving the defendant's terms – and a responsiveness review has been underway. There is substantial overlap between the terms that the Trustee selected and the defendant's list. That said, other terms included in the defendant's list—and particularly those that are not focused on the entities and personal property at issue in this adversary proceeding—are substantially overbroad. (*E.g.*, some proposed searches pertain generally to certain law firms' involvement with the debtor, much of which is not at issue in this adversary proceeding; others pertain generally to the debtor and sales, transfers, etc., completely untethered from the facts at issue here.)

Accordingly, set forth below this email, please find (A) the terms that the Trustee initially searched; (B) the terms on the defendant's list that were addressed by the Trustee's initial terms; (C) additional terms from the defendant's list that the Trustee agrees to search; and (D) additional terms from the defendant's list that the Trustee declines to search, because the requested terms are overly broad and/or it would be unduly burdensome (and not proportionate to the needs of this dispute) for the Trustee to collect, search, and review further documents based on such terms, among other reasons.  For terms under category (B), these include several instances where the defendant's narrower terms were subsumed by the Trustee's broader terms (*e.g.*, by including "Mei" as a search term, the Trustee addressed the defendant's proposed search term: "Mei" AND ("plane" or "airplane" or "jet" or "purchase" or "transfer" or "sale")).

The Trustee's searches were run against all documents from select document custodians based on the subject matter of this adversary proceeding, to wit: (i) the debtor; (ii) Williams & Connolly; (iii) Hodgson Russ; (iv) ACASS; (v) Mei Guo; (vi) UBS AG; (vii) Vistra; (viii) Raich Ende Malter; and (ix) Appleby Global.  In addition, these searches were run against any document production obtained by the Trustee (irrespective of custodian) that, upon the Trustee's initial Rule 2004 review, was tagged as relating to "personal property" (as opposed to other "issue tags" used in the Trustee's Rule 2004 review).  Together, this resulted in a collection set in excess of 49,000 documents against which the Trustee has run searches which results we are reviewing for responsiveness. As set forth below, the Trustee will be running certain additional searches based on the defendant's proposed terms in category (C) and will likewise review and produce responsive results as to those.

The foregoing is more than reasonable and proportionate to the dispute in this adversary proceeding—particularly considering that the defendant asserted the Fifth Amendment to refuse to provide *any* documents or information responsive the Trustee's requests.  (The Trustee reserves all rights to challenge any invocation of privilege.)  Indeed, the Trustee has incurred and continues to incur substantial expense in responding to the defendant's document requests.  Nor is discovery in this adversary proceeding an invitation for the defendant and/or the debtor to conduct a fishing

expedition into the fruits of the Trustee's investigation unrelated to the claims at issue here (which is the plain implication of proposed terms like "Kwok" AND "purchase" or "transfer" or "sale").

As concerns privilege, please also confirm that the debtor consents to the production of documents that are subject to the debtor's attorney-client privilege (to which the Trustee has succeeded) to the extent that they are responsive. I expect most if not all such documents to be from the Williams & Connolly or Hodgson Russ custodians—which Aaron and Jim should already be generally familiar with.

Please feel free to let us know if you have any questions regarding these matters. Otherwise, we will await the debtor's response regarding the privilege issue. The Trustee continues to reserve all rights, including as set forth in his responses and objections. Thank you.

Best,

Pat

1. **TRUSTEE'S INITIAL SEARCHES**

- "mei"
- "daughter"
- "bombardier"
- "hangar"
- "airfield"
- "jumbo"
- "aircraft"
- "plane"
- "airplane"
- "jet"
- "anton"
- "whitecroft"
- "allied capital"
- "creative apex"
- "crystal breeze"
- "elite well"
- "globalist international"
- "infinite increase"
- "infinitum developments"
- "noble fame"
- "rosy acme"
- "head win"
- "acass"
- "global jet"

- (("beijing pangu" or "beijing zenith") w/15 ("plane" or "jet" or "airplane" or "bombardier"))

  2. **DEFENDANT'S PROPOSED TERMS ADDRESSED BY TRUSTEE'S INITIAL SEARCHES**

- "Anton"
- "Bombardier"
- "Head Win Group"
- "ACASS" or "ACASS Canada"
- "Whitecroft"
- "Allied Capital" or "Allied Capital Global"
- "Creative Apex Investments" or "Creative Apex"
- "Crystal Breeze" or "Crystal Breeze Investments"
- "Elite Well" or "Elite Well Global"
- "Globalist International"
- "Infinitum Developments"
- "Infinite Increase"
- "Noble Fame" or "Noble Fame Global"
- "Rosy Acme" or "Rosy Acme Ventures"
- "Yu Yong" or "Yong" AND ("plane" or "airplane" or "jet")
- "Natasha Qu" or "Natasha" or "Qu" AND ("plane" or "airplane" or "jet")
- "Han Chunguang" or "Chunguang" AND ("plane" or "airplane" or "jet")
- "Ho" AND ("Bombardier" or "plane" or "airplane" or "jet")
- "Kwok" AND ("plane" or "airplane" or "jet")
- "Guo" AND ("plane" or "airplane" or "jet")
- "Mei" AND ("plane" or "airplane" or "jet" or "purchase" or "transfer" or "sale")
- "Miles" AND ("plane" or "airplane" or "jet")
- * @acass.com
- "@acass.com"
- ("Williams & Connolly" or "W&C" or * @wc.com) AND Mei
- ("Hodgson" or * @hodgsonruss.com) AND Mei

  3. **DEFENDANT'S PROPOSED TERMS TRUSTEE CONSENTS TO SEARCH**

- "Global XRS" or "Global Express XRS"
- "Serial" AND ("9189")
- "Registration" AND ("T7-17777")
- Globalist
- Infinitum

  4. **DEFENDANT'S PROPOSED TERMS TRUSTEE DECLINES TO SEARCH**

- ("Williams & Connolly" or "W&C" or * @wc.com) AND ("Kwok" or "Ho" or "Guo" or "Miles")

- ("Hodgson" or * @hodgsonruss.com) AND ("Kwok" or "Ho" or "Guo" or "Miles")
- "Yu Yong" or "Yong" AND ("signat!" or "bank" or "account" or "purchase" or "transfer" or "sale")
- "Natasha Qu" or "Natasha" or "Qu" AND ("signat!" or "bank" or "account" or "purchase" or "transfer" or "sale")
- "Han Chunguang" or "Chunguang" AND ("purchase" or "transfer" or "sale" or "title" or "signat!" or "bank" or "account")
- "Ho" AND ("purchase" or "transfer" or "sale")
- "Kwok" AND ("purchase" or "transfer" or "sale")
- "Guo" AND ("purchase" or "transfer" or "sale")
- "Miles" AND ("purchase" or "transfer" or "sale")

---

**From:** Wernick, Melissa F. <mwernick@csglaw.com>
**Sent:** Thursday, October 5, 2023 9:50 PM
**To:** James Moriarty <jmoriarty@zeislaw.com>; Patrick Linsey <plinsey@npmlaw.com>; Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Kosciewicz, Jonathon P. <jonathonkosciewicz@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

> **Caution:** External Email. Verify you know the sender before clicking a Link.

Pat,

Good evening. Please see the attached. We believe the search terms should be applied to documents within the Trustee's control as we do not know from whom the Trustee has obtained documents that could potentially be responsive and therefore have no way to identify sources or custodians against whom the search terms should be run.

Separately, we are maintaining our request for the entirety of the ACASS production, coupled with the Trustee's (and his agents') communications relevant to the adversary proceeding, including communications with Natasha Qu, Yu Yong, Williams & Connolly, Hodgson Russ and ACASS.

Thank you,
Melissa

<image001.png>

**MELISSA F. WERNICK**
Member
Chiesa Shahinian & Giantomasi PC

O 973.530.2157
F 973.530.2357
mwernick@csglaw.com
105 Eisenhower Parkway | Roseland, NJ 07068

csglaw.com

---

**From:** James Moriarty <jmoriarty@zeislaw.com>
**Sent:** Wednesday, October 4, 2023 2:58 PM
**To:** Patrick Linsey <plinsey@npmlaw.com>; Aaron A. Romney <aromney@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Kosciewicz, Jonathon P. <jonathonkosciewicz@paulhastings.com>; Vartan, Lee <lvartan@csglaw.com>; Wernick, Melissa F. <mwernick@csglaw.com>
**Subject:** RE: Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

\* External Message \*

Pat:

We should have proposed search terms to you by tomorrow.

Jim

---

**From:** Patrick Linsey <plinsey@npmlaw.com>
**Sent:** Monday, October 2, 2023 11:12 AM
**To:** Aaron A. Romney <aromney@zeislaw.com>; James Moriarty <jmoriarty@zeislaw.com>
**Cc:** Peter Fay <PFay@npmlaw.com>; Bassett, Nicholas <nicholasbassett@paulhastings.com>; Luft, Avi E. <aviluft@paulhastings.com>; Farmer, Will C. <willfarmer@paulhastings.com>; Kosciewicz, Jonathon P. <jonathonkosciewicz@paulhastings.com>
**Subject:** Trustee v. Mei Guo (A.P. # 23-5008) -- defendant's RFP search terms

External E-mail - CAUTION: This email originated from outside the Firm. Do NOT reply, click links or open attachments, unless you recognize the sending email address and know the content is safe..

Hi Aaron and Jim –

I understand the defendant intends to propose search terms with respect to her RFPs in this A.P. When can we expect those? The trustee would like to be in a position to begin running searches as soon as possible. Thanks much.

Best,

Pat

Patrick R. Linsey
Direct: 203.781.2847 | [plinsey@npmlaw.com](mailto:plinsey@npmlaw.com)

NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor, New Haven, CT 06510
New Haven | Hartford | Fairfield | White Plains | [www.npmlaw.com](http://www.npmlaw.com)

*Please Note:* *The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*