# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| | (Jointly Administered) |
| Debtors[1] | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Pro. No. 23-05013 (JAM) |
| v. | |
| HCHK TECHNOLOGIES, INC., *et al.*, | November 29, 2023 |
| Defendants. | |

**APPELLANT'S STATEMENT OF ISSUES AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Appellant G Club Operations LLC ("G Club Operations" or "G Club"), by and through its undersigned counsel, hereby provides, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this statement of issues to be presented and designation of items to be included in the record on appeal with respect to this appeal to the United States District Court for the District of Connecticut from the Bankruptcy Court's Order, dated November 13,

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

{00341908.1}   1

2023, granting the Chapter 11 Trustee's *Motion that G-Club Operations LLC Has Waived any Privilege and Has No Right to Object to Responsiveness. Despins et al. v. HCHK Technologies, Inc. et al.*, No. 23-05013 (Bankr. D. Conn. Jun. 8, 2023) (Dkt No. 179) (the "Order").

## STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court improperly conclude that outsourcing the storage and maintenance of a company's email results in a blanket waiver of privilege?

2. Did the Bankruptcy Court improperly conclude that a contract for information technology ("IT") managed services, which was part of a larger agreement (the "Master Services Agreement"), is tantamount to permitting the IT service provider to disclose all managed content, including any attorney-client or work product privilege contained therein?

3. Did the Bankruptcy Court improperly conclude that the Master Services Agreement resulted in the service provider's unfettered and indiscriminate possession, custody, and control of G Club Operations' managed content, including content protected by the attorney-client and work product privilege?

4. Did the Bankruptcy Court improperly conclude that such an agreement with a managed services provider was an intentional and knowing waiver of the attorney-client and work product privilege?

5. Did the Bankruptcy Court err in concluding that all managed contents covered by the agreement constituted a blanket waiver of the attorney-client and work product privilege without allowing for a document-by-document analysis prior to disclosure of such content?

6. Did the Bankruptcy Court violate G Club Operations' rights by ordering it to produce a privilege log and then subsequently ignoring the privilege log?

7. Did the Bankruptcy Court violate G Club Operations' rights by linking the issue of privilege waiver to the alleged failure to object to the appointment of an Assignee of HCHK Technologies and a proposed sale to G News Operations LLC, when the Bankruptcy Court issued a temporary restraining order on June 12, 2023 that restrained and enjoined the relevant parties from commencing or continuing the Assignment Proceedings (or any other judicial, administrative, or other actions or proceedings with respect to the HCHK Entities and/or their assets), including the Interim Management Agreement ("IMA") with G News Operations LLC?

8. Did the Bankruptcy Court improperly rely on the unproven, never litigated assertion, that G Club Operations is owned by the Debtor to support its finding that there effectively is no privilege that G Club Operations – a separate corporate entity – can assert with respect to the Trustee, standing in the Debtor's shoes?

## DESIGNATION OF RECORD ON APPEAL

G Club Operations hereby designates the following items to be included in the record on appeal, which includes any and all exhibits, documents, supplements, and addenda attached thereto and filed therewith and all documents incorporated by reference therein:

| Item No. | Docket Entry Date | Docket Entry/Description | Docket Number[2] |
|---|---|---|---|
| 1 | 6/8/2023 | Complaint REDACTED (91 (Declaratory judgment)) (11 (Recovery of money/property - 542 turnover of property)) (71 (Injunctive relief -reinstatement of stay)) (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) by Chapter 11 Trustee Luc A. Despins against HCHK Technologies, Inc., HCHK Property Management, Inc., | 1 (AP) |

---

[2] Docket numbers reference the main proceeding, *In Re Ho Wan Kwok*, No. 22-50073 (Bankr. D. Conn. Feb. 15, 2022) (the "Main") or the adversary proceeding captioned *Despins et al v. HCHK Technologies, Inc. et al*, No. 23-05013 (Bankr. D. Conn. Jun. 8, 2023) (the "AP").

| Item No. | Docket Entry Date | Docket Entry/Description | Docket Number[2] |
|---|---|---|---|
| | | Lexington Property and Staffing, Inc. , Holy City Hong Kong Ventures, LTD., Anthony DiBattista, Yvette Wang, Brian Hofmeister. (Attachments: Exhibits 1 through 24) | |
| 2 | 6/8/2023 | Complaint Unredacted Filed Under Seal by Chapter 11 Trustee Luc A. Despins, Plaintiff | 2 (AP) |
| 3 | 6/8/2023 | Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction by Chapter 11 Trustee Luc A. Despins, Plaintiff | 4 (AP) |
| 4 | 6/8/2023 | Affidavit of Chapter 11 Trustee Luc A. Despins, Plaintiff | 5 (AP) |
| 5 | 6/8/2023 | Certification of Douglass E. Barron | 6 (AP) |
| 6 | 6/9/2023 | Supplemental Emergency *Ex Parte* Motion of Chapter 11 Trustee for Temporary Restraining Order and Preliminary Injunction by Chapter 11 Trustee Luc A. Despins, Plaintiff | 14 (AP) |
| 7 | 6/9/2023 | Affidavit of Chapter 11 Trustee Luc A. Despins, Plaintiff | 15 (AP) |
| 8 | 6/9/2023 | Certification of Douglass E. Barron | 16 (AP) |
| 9 | 6/12/2023 | Order Granting in part Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction | 18 (AP) |
| 10 | 6/23/2023 | Motion to Compromise Controversy with Brian W. Hofmeister as Assignee for the Benefit of Creditors of HCHK Entities Under New York Court Assignment Proceedings, 3131 Princeton Pike Building 5, Suite 110 Lawrenceville, NJ 08648 Filed by Patrick R. Linsey on behalf of Luc A. Despins, Plaintiff | 25 (AP) 1936 (Main) |
| 11 | 7/5/2023 | Notice of Position Regarding 9019 Motion and Proposed Order by G Club Operations, LLC Interested Party | 1977 (Main) |
| 12 | 7/5/2023 | U.S. Trustee's Limited Objection to Settlement Motion Filed by U.S. Trustee | 1978 (Main) |
| 13 | 7/5/2023 | Objection Filed by Gregory F. Arcaro on behalf of G-News Operations, LLC Real Party In Interest | 37 (AP) |
| 14 | 7/6/2023 | Objection of Shin Hsin Yu, 1332156 B.C. LTD, GWGOPNZ Limited and Japan Himalaya League, Inc. to Chapter 11 Trustee's Motion, Pursuant to Bankruptcy Rule 9019, regarding Settlement with Assignee of HCHK entities under New York Court Assignment Proceedings | 40 (AP) |

| Item No. | Docket Entry Date | Docket Entry/Description | Docket Number[2] |
|---|---|---|---|
| 15 | 7/6/2023 | Objection (Letter) Filed by Joshua I. Sherman, Interested Party (RE: 25 Motion to Compromise Controversy with Brian W. Hofmeister as Assignee for the Benefit of Creditors of HCHK Entities Under New York Court Assignment Proceedings, 3131 Princeton Pike Building 5, Suite 110 Lawrenceville, NJ 08648) | 41 (AP) |
| 16 | 7/7/2023 | Reply in Support of Motion to Approve Compromise and to Responses to Motion filed by Plaintiff | 45 (AP) |
| 17 | 7/7/2023 | Response Brief Brian W. Hofmeister, Assignee by HCHK Property Management, Inc. Defendant | 46 (AP) |
| 18 | 7/13/2023 | Proposed Order Requested by Judge | 55 (AP) 2004 (Main) |
| 19 | 7/14/2023 | Objection to Revised Proposed Order filed at Main Case, ECF 2004 by 1332156 B.C. LTD, GWGOPNZ Limited, Japan Himalaya League, Inc., Shin Hsin Yu | 58 (AP) |
| 20 | 7/14/2023 | U.S. Trustee's Objection to Revised Proposed Order filed at ECF 2004 | 2006 (Main) |
| 21 | 7/14/2023 | Supplemental Document Supplemental Notice to Modify the Revised Proposed Order Relating to Motion, Pursuant to Rule 9019, Re: Settlement with Assignee of HCHK Entities by G Club Operations, LLC Interested Party | 2007 (Main) |
| 22 | 7/17/2023 | Motion to Intervene by 1332156 B.C. LTD, GWGOPNZ Limited, Japan Himalaya League, Inc., Shin Hsin Yu | 60 (AP) |
| 23 | 7/28/2023 | Order Approving Pursuant to Bankruptcy Rule 9019, Chapter 11 Trustee's Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings | 70 (AP) 2038 (Main) |
| 24 | 8/11/2023 | Memorandum of Law in Support of Chapter 11 Trustee's Argument that G-Club Operations LLC has Waived any Privilege and has no Right to Object to Responsiveness as to G-Club Documents Turned Over from the Assignee of HCHK Technologies, Inc. to the Trustee Pursuant to Bankruptcy Rule 9019 Settlement Agreement by Plaintiff | 86 (AP) |
| 25 | 8/11/2023 | Motion to Seal (RE: related document(s) 86 Memorandum of Law). Chapter 11 Trustee's Motion to File Complete, Unredacted Version of (A) Memorandum of Law in Support of Chapter 11 Trustee's Argument that G-Club Operations LLC has Waived any Privilege and has no Right to Object to | 87 (AP) |

{00341908.1}   5

| Item No. | Docket Entry Date | Docket Entry/Description | Docket Number[2] |
|---|---|---|---|
| | | Responsiveness as to G-Club Documents Turned Over from the Assignee of HCHK Technologies, Inc. to the Trustee Pursuant to Bankruptcy Rule by Plaintiff | |
| 26 | 8/18/2023 | Order Granting Chapter 11 Trustee's Motion to File Complete, Unredacted Version of (A) Memorandum of Law in Support of Chapter 11 Trustee's Argument that G-Club Operations LLC has waived any Privilege and has no right to Object to Responsiveness as to G-Club Documents turned over from the Assignee of HCHK Technologies, Inc. to the Trustee Pursuant to Bankruptcy Rule 9019 Settlement Agreement and (B) Certain Exhibits Thereto, Under Seal | 96 (AP) |
| 27 | 9/26/2023 | Notice of Proposed Supplemental Order Regarding G-Club Documents Pursuant to Order Approving Chapter 11 Trustee's Settlement with Assignee of HCHK Entities Under New York Court Assignment Proceedings by Plaintiff | 130 (AP) |
| 28 | 9/26/2023 | Objection to Proposed Supplemental Order [filed in Adv. Proceeding 23-05013, Dkt. 130] by G Club Operations, LLC | 2233 (Main) |
| 29 | 9/28/2023 | Order Sustaining in Part Objection to Proposed Supplemental Order | 136 (AP) 2237 (Main) |
| 30 | 9/29/2023 | Objection /Response to Trustee's Memorandum Challenging G Club's Privilege Assertions in Documents in HCHK's Possession and Opposition to the Trustee's Related Proposed Order Filed by G Club Operations, LLC | 2244 (Main) |
| 31 | 10/20/2023 | Order Scheduling Hearing Regarding G Club Documents | 157 (AP) 2270 (Main) |
| 32 | 11/13/2023 | Order Granting Motion for Order Requiring Production of G-Club Documents | 179 (AP) |
| 33 | 11/15/2023 | Notice of Appeal Filed by G Club Operations, LLC | 189 (AP) 2336 (Main) |
| 34 | 11/16/2023 | Transmittal of Notice of Appeal to U.S. District Court. Interested Party G Club Operations, LLC, docketed the Notice of Appeal | 192 (AP) |
| 35 | 11/15/2023 | Motion to Stay Pending Appeal Filed by G Club Operations, LLC, Interested Party | 2338 (Main) |

{00341908.1}   6

| Item No. | Docket Entry Date | Docket Entry/Description | Docket Number[2] |
|---|---|---|---|
| 36 | 11/15/2023 | Motion to Expedite Hearing on Emergency Motion to Stay Pending Appeal filed by G Club Operations, LLC, Interested Party | 2340 (Main) |
| 37 | 11/15/23 | Response filed on behalf of Luc. A Despins Chapter 11 Trustee to G Club Operations LLC's Motion to Expedite Hearing | 2341 (Main) |
| 38 | 11/16/2023 | Notice of G Club Operations LLC's Emergency Motion to Stay Pending Appeal Pursuant to Bankruptcy Rule 8007 | 2344 (Main) |
| 39 | 11/16/2023 | Order Denying Motion to Stay Pending Appeal and *Ex Parte* Motion to Expedite Hearing on Motion to Stay Pending Appeal | 193 (AP) <br><br> 2346 (Main) |

**TRANSCRIPTS OF PROCEEDINGS**

| Item No. | Docket Entry Date | Docket Entry/Description | Docket Number |
|---|---|---|---|
| 40 | 7/21/2023 | Transcript of hearing held on 7/11/2023 | 62 (AP) <br> 2023 (Main) |
| 41 | 7/24/2023 | Transcript of hearing held on 7/18/2023 | 2030 (Main) |
| 43 | 11/2/2023 | Transcript of hearing held on 10/24/2023 | 168 (AP) <br> 2301 (Main) <br> 2397 (Main) |

**CERTIFICATION REGARDING TRANSCRIPTS**

Pursuant to Rule 8009(b)(1) of the Federal Rules of Bankruptcy Procedure, G Club Operations hereby certifies that all relevant transcripts have been ordered and are listed in the foregoing designation of the record.

**RESERVATION OF RIGHTS**

G Club Operations expressly reserves its right to supplement this designation.

Dated: November 29, 2023

By:   <u>/s/ Kellianne Baranowsky</u>
GREEN & SKLARZ LLC
Jeffrey M. Sklarz
Kellianne Baranowsky
One Audubon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
Carolina A. Fornos (*pro hac vice*)
31 West 52nd Street
New York, NY 10019
Tel: 212-858-1558
carolina.fornos@pillsburylaw.com

*Attorneys for G Club Operations LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date:   November 29, 2023                              /s/ Kellianne Baranowsky