**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                              :   Chapter 11
                                                                         :
HO WAN KWOK, *et al.*,[1]                            :   Case No. 22-50073 (JAM)
                                                                         :
    Debtors.                                                    :   (Jointly Administered)
                                                                         :
---------------------------------------------------------x   Re: ECF No. 2375

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363,
BANKRUPTCY RULES 2002 AND 6004(c) AND LOCAL RULES 6004-1 AND
6004-2, (I) AUTHORIZING AND APPROVING SALE OF THE LADY MAY II FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES,
(II) AUTHORIZING AND APPROVING PURCHASE AND SALE
AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to pursuant to sections 105, 363(b), and 363(f) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 6004-2 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), seeking entry of an order (i) authorizing and approving the Trustee's sale (the

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined herein shall having the meanings set forth in the Motion or the PSA, as applicable; provided, however, no capitalized terms used herein shall in any way be modified, amended, or supplemented in the PSA after this Order becomes final.

"Sale") of the Lady May II[3] to Patrick Cloppenburg (the "Buyer") free and clear of all liens, claims, interests and encumbrances pursuant to that certain purchase and sale agreement, dated November 22, 2023, by and among the Buyer and the Trustee (together with the related addendum, the "PSA"), (ii) authorizing and approving the PSA, and (iii) granting related relief, all as further detailed in the Motion; and a hearing on the Motion having been held on December 18, 2023 (the "Hearing"), during which hearing the declarations of Dirk Johnson [Docket Nos. 2375 and 2441] (the "Johnson Declarations") were reviewed by the Court and no party objected to the admission of the Johnson Declarations; and this Court having reviewed and considered the Motion, the Johnson Declarations in support of the requested relief, and no objections having been filed to the Motion, and the arguments made by counsel and evidence adduced at the Hearing; and it appearing the terms of the PSA are in the best interests of the Debtor, the estate, creditors and other parties in interest; and after due deliberation thereon, and good cause appearing therefor,

**THE COURT HEREBY FINDS THAT**:[4]

**Jurisdiction and Final Order**

A.  This Court has jurisdiction to hear and determine the approval of the Sale and the PSA under 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3]  For purposes of the sale under the PSA, the term "Lady May II" consists all assets to be sold pursuant to the PSA, including all gear, machinery, equipment, furniture, fuel, consumables, all registered or unregistered tenders, toys, articles and appurtenances on board the Lady May II and/or included on the Lady May II's listing specification as of the date of the PSA (*i.e.*, November 22, 2023).

[4]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.	This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason to delay the implementation of this Order, and expressly directs entry of judgment as set forth herein. The Buyer, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the sale contemplated by the PSA at any time after the entry of this Order and shall not be subject to the stay provided by Bankruptcy Rules 6004(h).

### Notice of Sale

C.	Actual written notice of the Motion, the Hearing, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein, has been afforded to all known interested persons or entities.

D.	As evidenced by the certificates of service previously filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Hearing, the entry of this Order, the Sale, and the relevant objection deadlines has been provided to all parties-in-interest; (ii) such notice was, and is, good, sufficient and appropriate under the circumstances of this chapter 11 case, provided a fair and reasonable opportunity for parties-in-interest to object, and to be heard, with respect thereto, and was provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and the applicable Local Rules; and (iii) no other or further notice of such matters is necessary or shall be required.

### Business Judgment

E.	The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and such

action is an appropriate exercise of the Trustee's business judgment and in the best interests of the Debtor, his estate, and his creditors. Such business reasons include, but are not limited to, the facts that: (i) the Purchase Price and the other terms set forth in the PSA constitute the highest or otherwise highest and best offer received for the Lady May II; (ii) the Sale on the terms set forth in the PSA presents an orderly and expeditious sale of the Lady May II and the best opportunity to maximize the value of the Lady May II; and (iii) unless the Sale is concluded expeditiously as provided for in this Order and pursuant to the PSA, potential creditor recoveries may be substantially diminished.

### Marketing Process

F.      As demonstrated by the Motion, the Johnson Declarations, the testimony and other evidence proffered or adduced at the Hearing, and the representations of the Trustee and his counsel made on the record at the Hearing: (i) the Trustee and his broker, Edmiston and Company Limited ("Edmiston"), engaged in a robust and extensive marketing and sale process; (ii) the Trustee and his advisors conducted a fair and open sale process; (iii) the sale process was non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Lady May II; and (iv) the process conducted by the Trustee obtained the highest and best value for the Lady May II for the Trustee and the Debtor's estate.

### Fair Consideration; Highest or Best Value

G.      The consideration to be provided by the Buyer under the PSA is fair and reasonable consideration for the Lady May II and constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of

4

the United States, any state, territory or possession or the District of Columbia. Such consideration constitutes the highest and best bid for the Lady May II. No other person or entity or group of persons or entities has offered to purchase the Lady May II for an amount that would give equal or greater value to the Debtor's estate than the value provided by the Buyer pursuant to the PSA. Prompt approval of the Sale is the only means to maximize the value of the Lady May II.

### Good Faith

H.      The PSA and the Sale were negotiated, proposed, and entered into, and are being undertaken by the Trustee and the Buyer in good faith, without collusion, and from arms' length bargaining positions. Likewise, the value that the Debtor's estate will receive on consummation of the Sale is the product of arms' length negotiations between the Trustee, the Buyer, and their respective representatives and advisors.

I.      The Buyer is purchasing the Lady May II in good faith, and is a good faith purchaser, within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full rights, benefits, privileges, and protections of that provision and any other applicable or similar bankruptcy and non-bankruptcy law.

J.      Neither the Buyer nor the Trustee have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to the PSA or to the consummation of the Sale.

K.      The Buyer proceeded in good faith in all respects in connection with the Sale and this proceeding in that, among other things: (a) the Buyer's bid was the result of a competitive bidding process; (b) all payments to be made by the Buyer, and other agreements or arrangements entered into by the Buyer in connection with the Sale set forth in the PSA, have

been disclosed; and (c) the Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.

    L.    The Buyer is not an insider or an affiliate (as that term is defined in sections 101(2) and 101(31) of the Bankruptcy Code) of the Debtor.

### Section 363(f) of the Bankruptcy Code Is Satisfied

    M.    The Trustee is authorized to sell the Lady May II free and clear of liens, claims, interests, and encumbrances against the Debtor or his estate, because one of more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

    N.    Those holders of liens, claims, interests, or encumbrances who did not object (or who ultimately withdrew their objections, if any) to the Sale or the Motion have either consented to or are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code. In addition, one or more of the other subsections of section 363(f) of the Bankruptcy Code apply and, therefore, holders of liens, claims, interests, or encumbrances in the Lady May II are adequately protected by having their liens, claims, interests, or encumbrances in the Lady May II attach solely to the proceeds of the Sale in the same order of priority and with the same extent, validity, force, and effect that such holders had prior to the Sale.

    O.    The Buyer would not have entered into the Sale and will not consummate the transactions contemplated thereby, thus adversely affecting the Debtor's estate and his creditors, (i) if the sale of the Lady May II was not free and clear of all liens, claims, interests, and encumbrances or (ii) if the Buyer would, or in the future could, be liable for any such liens, claims, interests, and encumbrances. The total consideration to be provided under the PSA reflects the Buyer's reliance on this Order to provide it with title to and possession of the Lady

May II free and clear of all liens, claims, interests, and encumbrances pursuant to sections 105(a) and 363(f) of the Bankruptcy Code.

### Validity of Transfer

P.      The transfer of the Lady May II to the Buyer will be a legal, valid, and effective transfer of the Lady May II, and will vest the Buyer with any legal, equitable and beneficial right, title, and interest of the Debtor in and to the Lady May II, free and clear of all liens, claims, interests, and encumbrances.  The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.  Subsequent to the Closing, the Debtor's estate will be relieved of all liability or other obligation of any kind with respect to claims arising from or related to the Buyer's post-Closing operation and/or ownership of the Lady May II.

### Waiver of Bankruptcy Rules 6004(h)

Q.      The sale of the Lady May II must be approved and consummated promptly.  The Trustee and the Buyer intend to close the Sale on or before December 31, 2023.  The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Sale as contemplated by the PSA.  Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rules 6004(h) with regard to the transactions contemplated by this Order.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1.      The Motion is GRANTED and approved in all respects, and any objections are overruled.

2. The PSA is hereby approved as set forth herein.

3. Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Sale of the Lady May II to the Buyer pursuant to the PSA free and clear of all liens, claims, encumbrances, and other interests is approved in all respects.

4. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the Lady May II in accordance with the terms of the PSA and this Order. The transfer of the Lady May II by the Trustee to the Buyer in accordance with the PSA shall: (a) be valid, legal, binding, and effective; (b) vest the Buyer with all right, title, and interest of the Trustee in and to the Lady May II; and (c) be free and clear of all liens, claims, interests, and encumbrances against the Lady May II, in accordance with section 363(f) of the Bankruptcy Code.

5. Pursuant to section 363 of the Bankruptcy Code, this Order shall and does, as of the Closing, divest the Trustee and the Debtor's estate of all right, title, and interest in and to the Lady May II.

6. The consideration provided by the Buyer for the Lady May II under the PSA is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided or rejected, or costs or damages imposed or awarded against the Buyer, under section 363(n) or any other provision of the Bankruptcy Code.

7. The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale concerning the transfer of the Lady May II to the Buyer at a closing in accordance with the Motion, the PSA and this Order, (b) perform, consummate, implement, and close fully the PSA together with all additional instruments and documents that

may be reasonably necessary or desirable to implement this Order, and the PSA, and (c) perform the obligations contemplated by this Order, and the PSA, including all actions reasonably requested by the Buyer in regard thereto.

8.      The sale of the Lady May II by the Trustee to the Buyer shall constitute a legal, valid and effective transfer of the Lady May II, notwithstanding any requirement for approval or consent by any person, and vest the Buyer with all rights, title, and interests in the Lady May II, subject to the terms of the PSA.

9.      All liens, claims, interests, and/or encumbrances in, on, or against the Lady May II shall automatically attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Lady May II, subject to any claims and defenses the Trustee or the Debtor's estate may possess with respect thereto; *provided*, *however*, that such provision shall not preclude the Trustee's use of such proceeds, provided further that such use to pay the Trustee's professionals shall be subject to adjustment and/or disgorgement (other than Edmiston) in the event a final and no longer appealable order enters determining that the Lady May II and/or its proceeds are property of HK USA, in which case HK USA shall be entitled to receive payment from the proceeds and/or the Debtor's estate to the extent of such finally determined interest; such adjustment and/or disgorgement shall only be ordered by this Court in the event and to the extent the Debtor's estate lacks the ability to independently satisfy the HK USA's liens, claims, interests and/or encumbrances, if any, from the proceeds of the Sale or other assets of the Debtor's estate.  The Trustee acknowledges and agrees that the Sale authorized by this Order shall not equitably moot the appeal from this Court's Order Granting Partial Summary Judgement in *HK International Funds Investments (USA) Limited, LLC v. Luc A. Despins, Trustee*, Adv. Proc. No. 22-05003 (JAM).  Notwithstanding anything in this Order,

nothing herein shall preclude the Trustee's right to object to the standing of HK USA and Mei Guo to be heard in the Debtor's chapter 11 case.  This Order shall be effective as a determination that, on and as of the Closing, all liens, claims, interests, and/or encumbrances of any kind or nature whatsoever in, on, or against the Lady May II have been unconditionally released, discharged, and terminated.  The provisions of this Order authorizing and approving the transfer of the Lady May II free and clear of liens, claims, encumbrances, and other interests shall be self-executing, and neither the Trustee nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order and the PSA.

10. Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited and barred from taking any action that would adversely affect or interfere, or that would be inconsistent (a) with the ability of the Trustee to sell and transfer the Lady May II to the Buyer, (b) with the ability of the Buyer to acquire, take possession of, use and operate the Lady May II in accordance with the terms of the PSA and this Order, and (c) with the ability of the Trustee and the Buyer to perform their respective obligations thereunder; <u>provided</u>, <u>however</u>, that the foregoing restriction shall not impair the right of any party in interest with the requisite standing to appeal this Order in accordance with applicable law or opposing any appeal of this Order.

11. The Buyer is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code.  The Sale contemplated by the PSA and this Order are undertaken by the Buyer in good faith, as that term is used in section 363(b) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization is duly

stayed pending such appeal prior to the Closing. For the avoidance of doubt, the pendency of an appeal of this Order, absent a stay of this Order pending appeal, shall not constitute a basis not to consummate the Sale.

12. The failure specifically to include any particular provisions of the PSA in this Order shall not diminish or impair the efficacy of such provision, and the PSA and each and every provision, term, and condition thereof (including, for the avoidance of doubt, the addenda thereto) are authorized and approved in their entirety; provided, however that the PSA may be modified, amended, or supplemented by the parties thereto, in a writing signed by all parties, without further notice to or order of this Court, provided that any such modification, amendment, or supplementation does not have a material adverse effect on the Debtor's estate, unless approved by order of this Court.

13. The provisions of this Order, the PSA, and any actions taken pursuant hereto or thereto, shall survive entry of any order which may be entered confirming or consummating any chapter 11 plan, or which may be entered converting this chapter 11 case from chapter 11 to chapter 7 of the Bankruptcy Code or dismissing this chapter 11 case, and the terms and provisions of the PSA, as well as the rights and interests granted pursuant to this Order, the PSA, shall continue in this chapter 11 case or any superseding cases and shall be specifically performable and enforceable against and binding upon the Trustee, the Debtor, his estate, all creditors, all holders of claim(s) (whether known or unknown) against the Debtor, all holders of liens, claims, interests, and/or encumbrances (whether known or unknown) against, in, or on all or any portion of the Lady May II, the Buyer and its respective successors and permitted assigns, and any other trustee or other fiduciary hereafter appointed or elected as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, including without limitation

plan fiduciaries, plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in this chapter 11 case.

14. This Order is and shall be binding upon and govern the acts of all persons and entities (including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and secretaries of state, federal and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Lady May II. Each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any of the liens, claims, interests, and encumbrances against the Lady May II or to otherwise consummate the Sale contemplated by this Order, and the PSA. All liens, claims, interests, and encumbrances of record as of the date of this Order shall be forthwith deemed removed and stricken as against the Lady May II. All persons and entities described in this paragraph are authorized and specifically directed to strike all such recorded liens, claims, interests, and encumbrances against the Lady May II from their records, official and otherwise.

15. The terms and provisions of the PSA and this Order shall be binding in all respects upon, or shall inure to the benefit of, the Trustee, the Debtor's estate and its creditors, the Buyer and its affiliates, successors, and assigns, and any affected third parties, including all persons asserting liens, claims, interests, or encumbrances in, on, or against the Lady May II, notwithstanding any subsequent appointment of any other trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall

likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Trustee, the Debtor, his estate, his creditors or any such trustee, examiner, or receiver.

16. Upon the Closing, the Trustee is authorized to pay the Full Fee (as defined in the Edmiston Retention Order) equal to 5% of the Purchase Price, *i.e.*, $18,750 to Edmiston. In addition, (a) if the Closing is not consummated due to the Trustee's non-performance, the Trustee shall pay the aforementioned Full Fee to Edmiston and (b) if the Closing is not consummated due to the Buyer's non-performance, the Trustee shall pay to Edmiston an amount equal to $5,500 out of the Deposit, which amount will count against, and reduce, any commission that Edmiston may earn (in accordance with its engagement letter with the Trustee) if a sale of the Lady May II is consummated with a different buyer.

17. For the avoidance of doubt, no estate causes of action are being sold as part of the Sale.

18. Notwithstanding the provisions of Bankruptcy Rules 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rules 6004(h) is hereby expressly waived and shall not apply. The Trustee and the Buyer intend to close the Sale on or before November 30, 2023. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing, or risk its appeal will be foreclosed as moot.

19. Nothing in this Order shall modify or waive any closing conditions or termination rights in the PSA, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

20. As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the Sale, including, without limitation, the transfer of the Lady May II to the Buyer and the occurrence of the Closing.

21. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

22. To the extent necessary, the requirements of Local Rule 6004-2(b) are hereby waived.

23. A closing statement shall be filed on the Court's docket within 10 days of closing of the Sale.

24. To the extent that there is a conflict between the provisions of this Order and the PSA, this Order shall prevail.

25. This Court shall retain jurisdiction to, among other things, (a) interpret, enforce, and implement the terms and provisions of this Order and the PSA (including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith) and (b) adjudicate disputes related to this Order and the PSA (including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith).

Dated at Bridgeport, Connecticut this 19th day of December, 2023.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut