**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et. al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

**CONSENTED TO MOTION FOR APPROVAL OF
<u>ADDENDUM TO PROTECTIVE ORDER</u>**

Luc A. Despins, in his capacity as chapter 11 trustee (the "<u>Trustee</u>") for Ho Wan Kwok (the "<u>Debtor</u>"), hereby respectfully moves (the "<u>Motion</u>"), upon the consent of the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. (the "<u>FDIC-Receiver</u>"), to approve the stipulated *Addendum* (the "<u>Addendum</u>") to the *Protective Order* [ECF No. 923] (the "<u>Protective Order</u>") entered in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>").  A copy of the proposed Addendum is attached hereto as **Exhibit 1**.  In support of the Motion, the Trustee respectfully states as follows:

1.    On October 6, 2022, the Court entered the Protective Order, which addresses, among other things, the treatment of confidential documents produced to the Trustee in connection with Federal Rule of Bankruptcy Procedure 2004 ("<u>Rule 2004</u>") examinations and other discovery proceedings related to the Chapter 11 Cases.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2. On October 10, 2023, the Trustee filed his *Seventh Supplemental Omnibus Motion for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Relevant Banks* [ECF No. 2249], which this Court granted on October 24, 2023 [ECF No. 2281] (the "Order").

3. Pursuant to the Order, the Trustee has issued a Rule 2004 subpoena to the FDIC in its capacity as the Receiver for Signature Bridge Bank, N.A.

4. The Trustee has met and conferred with counsel for the FDIC-Receiver regarding the Trustee's subpoena issued to the FDIC-Receiver (the "FDIC Subpoena"). The Trustee understands that the FDIC-Receiver has collected certain documents responsive to the FDIC Subpoena.

5. The FDIC-Receiver has told the Trustee that it requires further controls governing the confidentiality of documents that it produces to the Trustee in light of confidentiality rules and privacy regulations that it believes may apply.

6. The Trustee has thus consented to the entry of the proposed Addendum.

7. As with the Protective Order itself, the FDIC-Receiver requires that the Addendum be approved and so ordered by the Court. (*See* Addendum at p. 11.)

8. The Trustee reserves the right to request relief from the Court if the Trustee believes it is necessary to disclose any documents produced by the FDIC-Receiver beyond what the Protective Order and Addendum permit. The FDIC-Receiver reserves the right to oppose any such request.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]

WHEREFORE, the Trustee respectfully requests that the Court approve and order the Addendum and grant such other relief as is just and proper.

Dated: December 19, 2023  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE,

By: */s/ Patrick R. Linsey*  
    Douglas S. Skalka (ct00616)  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    dskalka@npmlaw.com  
    plinsey@npmlaw.com

        *and*

    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

        *and*

    Avram E. Luft (admitted *pro hac vice*)  
    G. Alexander Bongartz (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com  
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee and*  
    *Genever Holdings LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et. al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that December 19, 2023, the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system or by U.S. Mail to any parties not able to receive electronic notice. Parties may access this filing through the Court's CM/ECF system.

Dated: December 19, 2023
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## **EXHIBIT 1**

**(ADDENDUM)**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et. al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## STIPULATED ADDENDUM TO PROTECTIVE ORDER

This Addendum to Protective Order (the "Addendum") is an addendum to the *Protective Order* [Docket No. 923], entered by the Court on October 6, 2022, (the "Protective Order"), entered into by and among (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"); (b) the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. ("FDIC-Receiver"); and (c) any other persons or entities who become bound by this Addendum by signifying their assent through execution of Exhibit A hereto. Each of the persons or entities identified in the foregoing clauses (a) through (e) shall be referred to herein individually as a "Party" and collectively, as the "Parties."

WHEREAS, on February 15, 2022, Ho Wan Kwok (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, and on July 8, 2022, the Court entered an order appointing the Trustee;

WHEREAS, on October 6, 2022, the Court entered the Protective Order entered into by and among: (a) Luc Despins as Trustee, and (b) any other persons or entities who become bound by the Protective Order [Docket No. 923];

WHEREAS, on November 21, 2022, the Court entered an order authorizing the joint administration, for procedural purposes, of the related chapter 11 cases of Genever Holdings LLC

1

and Genever Holdings Corporation with the Debtor's chapter 11 case (collectively, the "Chapter 11 Cases") [Docket No. 1141];

WHEREAS, the Trustee in the Chapter 11 Cases has, by and through a document request made under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004 Request"), requested the production of certain records owned, controlled, or in the custody of the FDIC-Receiver; and

WHEREAS, the FDIC-Receiver may disclose, or may be ordered or otherwise obligated to disclose, certain confidential documents, information, data, testimony, records, and other materials (including the "Confidential Records," defined below); and

WHEREAS, such disclosure is made strictly under the terms and conditions of the Protective Order and this Addendum; and

NOW THEREFORE, in accordance with the "Amendment" provision of Paragraph 31 of the Protective Order, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined in the Protective Order)[1] and Confidential Records, the Parties to this Addendum stipulate and agree as follows:

1.      The Protective Order as supplemented and/or modified by this Addendum applies to all Discovery Material or Confidential Records (as defined herein) produced by the FDIC-Receiver in the Chapter 11 Cases, including adversary proceedings.  To be clear, if there are any conflicts between the provisions of the Protective Order and this Addendum with respect to Discovery Material or Confidential Records produced by the FDIC-Receiver, then this Addendum shall control.

2.      The FDIC-Receiver is a Producing Party under the terms of the Protective Order

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Protective Order.

2

and this Addendum. No Receiving Party shall receive Discovery Material or Confidential Records produced by the FDIC-Receiver except under the terms and conditions of the Protective Order as modified by this Addendum and unless the Receiving Party has first signified their assent to be bound by the terms of the Protective Order as modified by this Addendum either as a signatory to this Addendum or by executing Exhibit A hereto.

3. To the extent that any Discovery Material or Confidential Records that are responsive to the Rule 2004 Request or any other discovery request served on the FDIC-Receiver in connection with the Chapter 11 Cases are subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., and the FDIC's implementing federal regulations, 12 C.F.R. Part 310, this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b), of such Discovery Material or Confidential Records to those persons and entities specified in Paragraph 10 of the Protective Order (the "Paragraph 10 Persons") under the conditions set forth therein. Such disclosure shall be subject to the provisions and protections of the Protective Order and this Addendum. Absent further order of the Court, only the Paragraph 10 Persons may have access to such Discovery Material or Confidential Records produced by the FDIC-Receiver. As to any other party in the Chapter 11 Cases seeking access to such Discovery Material or Confidential Records or any other discovery from the FDIC-Receiver in these Chapter 11 Cases (a "Third Party"), such Third Party shall attempt to obtain the written consent of each individual to whom the record pertains, in accordance with 5 U.S.C. § 552a(b) and 12 C.F.R § 310.10(a), and shall provide such written consent to the FDIC-Receiver. The form of such written consent shall be substantially in the form as attached in **Exhibit B**. If the Third Party is unable to obtain and provide such written consent to the FDIC-Receiver, or obtaining such written consent is impracticable due to the unavailability or inaccessibility of the

individual from whom consent is sought, the Third Party may move the Court for the entry of an order authorizing the FDIC-Receiver to disclose the records that are subject to the Privacy Act, in accordance with 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b)(11), subject to the provisions and protections of the Protective Order and Addendum.  The FDIC-Receiver shall not be required to produce documents to a Third Party in response to the Rule 2004 Request or any other discovery request served on the FDIC-Receiver in these Chapter 11 Cases that are subject to the Privacy Act of 1974 absent either (i) the written consent of the individual to whom the record pertains or the entry of an order of a court of competent jurisdiction authorizing such disclosure, or (ii) the satisfaction of any other applicable exception as set forth in 5 U.S.C. § 552a(b) and 12 C.F.R § 310.10(b)(1)–(12).

4.    "Confidential Records" are materials that contain (a) trade secrets or other confidential research, development, or commercial information; (b) information subject by law or by contract to a legally protected right of privacy; (c) information that the FDIC-Receiver is legally obligated by law to keep confidential; (d) information that the FDIC-Receiver would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; or (e) Discovery Material designated as "Confidential" or "Highly Confidential" in the Protective Order.  Notwithstanding anything to the contrary contained herein, Confidential Records do not include information that (1) is or becomes generally available to the public other than as a result of disclosure by the FDIC-Receiver or a party in interest in the Chapter 11 Cases in breach of the Protective Order or Addendum; or (2) becomes available to the Receiving Party on a non-confidential basis from a source other than the FDIC-Receiver, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other party hereto with respect to such information.

5. Confidential Records may be so designated in the same manner of marking Discovery Material as "Confidential" or "Highly Confidential" as described in Paragraph 6 of the Protective Order.

6. Confidential Records, including all records produced by the FDIC-Receiver that are marked "Confidential" or "Highly Confidential" or otherwise designated as confidential, and all information contained therein or related thereto, shall be held strictly confidential and may be used only in accordance with Paragraph 8 of the Protective Order.

7. In accordance with Paragraph 7 of the Protective Order, the FDIC-Receiver's inadvertent failure to designate any Confidential Records as "Confidential" or "Highly Confidential" shall not be deemed a waiver of the FDIC-Receiver's later claim that such Confidential Records are "Confidential" or "Highly Confidential," and the FDIC-Receiver may designate such Confidential Records as "Confidential" or "Highly Confidential" pursuant to the Protective Order and this Addendum at any time thereafter. At such time, arrangement will be made for the substitution, where appropriate, of properly labeled copies of such Confidential Records. All previously produced copies of such Confidential Records that were mis-designated shall be destroyed by the Receiving Party upon receipt of replacement copies of such Confidential Records with the proper designation. The Receiving Party shall verify in writing that it has destroyed said mis-designated Confidential Records. The FDIC-Receiver's inadvertent failure to designate any Confidential Records as "Confidential" or "Highly Confidential" shall not be cause to adjourn any deposition or other proceeding, unless by agreement of the parties.

8. The provisions at Paragraph 27 of the Protective Order regarding Production of Privileged Discovery Material shall apply except that the first sentence of that paragraph shall be deleted and replaced with the following language:

The production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege or the protection afforded to work product materials, or the subject matter thereof, as to the produced information, or any other information. The production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in the Chapter 11 Cases or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection afforded by Federal Rule of Evidence 502(d).

9. Confidential Records may be disclosed only to the Paragraph 10 Persons.

10. No person permitted access to Confidential Records pursuant to Paragraph 10 of the Protective Order and this Addendum shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except in accordance with the terms of the Protective Order and this Addendum or upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Chapter 11 Cases.

11. The Receiving Party shall use, and shall cause its agents, employees, controlling persons, consultants, advisors, accountants, and legal counsel (collectively, the "Representatives") to use the Confidential Records solely in a manner consistent with the Protective Order and this Addendum and make all reasonably necessary efforts to safeguard Confidential Records from disclosure to anyone other than as permitted hereby. Representatives who are given access to Confidential Records will be instructed that such persons and the parties are bound by the terms of the Protective Order and this Addendum.

12. Any disputes concerning the FDIC-Receiver's production of Confidential Records shall be adjudicated in accordance with the "Manner of Objecting to Designated Material" provision at Paragraph 25 of the Protective Order.

13. The terms and conditions of this Addendum apply to any subsequent or supplemental process that may be issued and served on the FDIC-Receiver in connection with the Chapter 11 Cases.

14. If any Receiving Party discloses Confidential Records designated as Confidential or Highly Confidential to a recipient in accordance with the provisions of the Protective Order or this Addendum who is not among the persons specified in Paragraph 10(a)(i) and 10(c)-(g) of the Protective Order, such recipient shall execute an affidavit in the form of **Exhibit A** hereto, counsel for the party disclosing the Confidential Records shall retain an executed copy of such affidavit but need not file it with the Court.

15. Any party who executes **Exhibit A** hereto shall be bound by the terms and conditions of the Protective Order and this Addendum as though a signatory to the Protective Order and this Addendum.

16. In accordance with Paragraph 38 of the Protective Order, the Parties agree that the U.S. Trustee shall be provided with access to all records produced by the FDIC-Receiver in response to the Rule 2004 Request or any other discovery request served on the FDIC-Receiver upon request from the U.S. Trustee and may conduct and participate in all discovery contemplated by and governed by this Order. This Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such Discovery Material or Confidential Records to the U.S. Trustee pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b).

17. This Addendum shall become effective upon execution by the Trustee and the FDIC-Receiver and approval by the Court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**STIPULATED AND AGREED TO BY**.

Dated: December 19, 2023  **LUC A DESPINS**
**CHAPTER 11 TRUSTEE**

 */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

Dated: December 19, 2023

**FEDERAL DEPOSIT INSURANCE CORPORATION LEGAL DIVISION**

*/s/ Rosemary Q. Barry*
Rosemary Q. Barry (ct202730)
New York Legal Services Office
350 Fifth Avenue, Suite 1200
New York, New York 10118
(917) 320-2862
RBarry@fdic.gov

*Counsel to Third-Party Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank N.A.*

**APPROVED AND SO ORDERED**,

_____
Manning, J.

**Protective Order Addendum**

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER AND ADDENDUM**

I, _____, state:

1. My business or personal address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have been informed of and/or read the Protective Order and Addendum thereto executed by the parties in *In re Ho Wan Kwok, et al.*, Case No. 22-50073 (JAM) (Bankr. D. Conn.) (together, the "Protective Order"), and I understand and will abide by its contents and confidentiality requirements. I agree to keep confidential all Confidential Records provided to me in connection with the above-referenced matter that have been designated "Confidential" pursuant to the Protective Order and Addendum, and I will not divulge any Confidential Records, as defined in the Addendum, that have been designated as "Confidential" or "Highly Confidential" to persons other than those specifically authorized by the Protective Order and the Addendum. I will not use any Confidential Records in any manner not expressly allowed by the Protective Order.

5. I understand that violation of the Protective Order is punishable by contempt of court and other potential sanctions as the Court deems appropriate under the circumstances. I agree to be subject to the authority of the United States Bankruptcy Court for the District of Connecticut in the event of any violation of this agreement or dispute related to this agreement.

6. I state under penalty of perjury that the foregoing is true and correct.

By: _____

Dated: _____

**Protective Order Addendum**

**Exhibit B**

**Form of Consent**

**CONSENT TO DISCLOSE RECORDS**

I, _____, understand that under the Privacy Act of 1974, 5 U.S.C. § 552a, the Federal Deposit Insurance Corporation as the Receiver for Signature Bridge Bank, N.A. ("FDIC-Receiver"), may not disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains unless there exists an exception under such statute or the regulations promulgated thereunder allowing such disclosure.

I am familiar with the request or subpoena to produce documents that was issued by Attorney _____ ("Attorney"), on behalf of _____, dated _____ in the matter of _____. I understand that the request or subpoena requests the FDIC-Receiver to provide copies of documents concerning myself, _____, including any documents _____.

I hereby consent to the FDIC-Receiver's disclosure, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, 5 U.S.C. § 552a(b), and 12 C.F.R § 310.10(a), of the above described documents to Attorney for the purpose of facilitating the discovery process in the above-referenced matter. I further consent to the Attorney's disclosure, distribution, and use of such documents as permitted by the Protective Order and Addendum entered into in the above-referenced matter.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and that I am a person to whom records or information to be released pertain. I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. § 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. § 552a(i)(3) by a fine of not more than $5,000.

A photocopy or an electronically transmitted copy (for example, a pdf) shall be considered as valid and effective as the original of this Consent.

Name:   _____

Signature:   _____

Date:   _____