UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                        BRIDGEPORT DIVISION

In Re                        *   Case No. 22-50073 (JAM)
                             *
HO WAN KWOK and GENEVER      *
 HOLDINGS CORPORATION,       *
                             *
              Debtors.       *


LUC A. DESPINS, CHAPTER 11   *   Adv. Proc. No. 23-05008
 TRUSTEE,                    *
                             *
              Plaintiff,     *
      v.                     *
                             *   Bridgeport, Connecticut
MEI GUO,                     *   December 19, 2023
                             *
              Defendant.     *
                             *
 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

                         TRANSCRIPT OF
              #2429 CONTINUED STATUS CONFERENCE
              #  67 ORDER SETTING STATUS CONFERENCE
           BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


For the Chapter 11 Trustee:   NICHOLAS A. BASSETT, ESQ.
                              AVI LUFT, ESQ.
                              Paul Hastings LLP
                              200 Park Avenue
                              New York, NY  10166

                              PATRICK R. LINSEY, ESQ.
                              Neubert Pepe and Monteith
                              195 Church Street,13th Floor
                              New Haven, CT  06510



Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**Shelton, CT 06484 (203)732-6461**

APPEARANCES:   (Cont'd)


For the Creditors Committee:   KRISTIN B. MAYHEW, ESQ.
                               Pullman & Comley
                               850 Main Street
                               Bridgeport, CT  06601


For the Creditor, Pacific      STUART M. SARNOFF, ESQ.
 Alliance Asia Opportunity     O'Melveny & Myers LLP
 Fund L.P.:                    Times Square Tower
                               7 Times Square
                               New York, NY  10036

                               ANNECCA H. SMITH, ESQ.
                               Robinson & Cole LLP
                               280 Trumbull Street
                               Hartford, CT  06103


For the Plaintiff,             MELISSA F. WERNICK, ESQ.
 HK International Funds and     Chiesa Shahinian &
 Mei Guo:                       Giantomasi, PC
                               105 Eisenhauer Pkwy
                               Roseland, NJ  07068


For the debtor and             JAMES M. MORIARTY, ESQ.
 the defendant, Mei Guo:       Zeisler & Zeisler, P.C.
                               10 Middle Street, 15th FL
                               Bridgeport, CT  06604

1    (Proceedings commenced at 2:12 p.m.)

2         THE COURTROOM DEPUTY:  Case no. 22-50073, Ho Wan

3    Kwok and adversary no. 23-05008, Luc A. Despins, Chapter 11

4    Trustee vs. Guo.

5         THE COURT:  Good afternoon.  If we could have

6    appearances for the record, starting with counsel to the

7    Chapter 11 Trustee, please.

8         MR. BASSETT:  Good afternoon, Your Honor.  Nick

9    Bassett, from Paul Hastings, on behalf of the Chapter 11

10   Trustee.  I'm joined by my colleague Avi Luft, also from

11   Paul Hastings.

12        And Your Honor I wanted to note that the Chapter

13   11 trustee sends his apologies.  He knows that the court

14   tried to accommodate his schedule today by scheduling a

15   status conference at 2 o'clock.  He ended up getting stuck

16   with a flight delay, so he's unable to join us but did send

17   his apologies to the court.

18        THE COURT:  Okay.  Thank you.

19        MR. LINSEY:  Good afternoon, Your Honor.  Patrick

20   Linsey, of Neubert Pepe and Monteith, Connecticut counsel

21   for the trustee.

22        THE COURT:  Good afternoon.

23        MR. SARNOFF:  Good afternoon, Your Honor.  I don't

24   expect to be speaking, but it's Stuart Sarnoff, O'Melveny &

25   Myers, on behalf of creditor PAX in the main case.

1      THE COURT:  Good afternoon.

2      MS. SMITH:  Good afternoon, Your Honor.  Like Mr.

3  Sarnoff I represent PAX and do not anticipate to be speaking

4  today, but this is Annecca Smith, at Robinson and Cole,

5  Connecticut counsel for PAX.

6      THE COURT:  Good afternoon.

7      MS. MAYHEW:  Good afternoon, Your Honor.  Kristin

8  Mayhew, Pullman and Comley, on behalf of the Official

9  Committee of Unsecured Creditors.

10     THE COURT:  Good afternoon.

11     MS. WERNICK:  Good afternoon, Your Honor.  Melissa

12  Wernick, from CSG Law, on behalf of Mei Guo in the adversary

13  proceeding.

14     THE COURT:  Good afternoon.

15     MR. MORIARTY:  And James Moriarty, from Zeisler

16  and Zeisler, also on behalf of Ms. Guo.

17     THE COURT:  Aren't you appearing on behalf of the

18  debtor in the main case, Mr. Moriarty, as well.

19     MR. MORIARTY:  My understanding, Your Honor, is

20  that really all that we're talking about is a TRO that's

21  pending in the adversary proceeding.

22     THE COURT:  Well, that's not the only thing we're

23  talking about.  We were talking about the TRO and the --

24  we're also talking about -- I thought we were talking about

25  the issue about the evidence we were supposed to be talking

1  about today, and the issue -- I don't know where Mr. --

2  well, he's not here so maybe there's some agreement with Mr.

3  Conway, who was here yesterday, with regard to the Mahwah

4  mansion and the issues related to the storage units.

5        MR. MORIARTY:  I'll note my appearance for the

6  debtor also, Your Honor.

7        THE COURT:  Okay.  Thank you.

8        So Mr. Bassett, I don't know if you are proceeding

9  first but I'd like to know if you can report to the court

10 where things stand on the issues that we discussed

11 yesterday, to which there was no resolution because they

12 have just come up.

13       But it was the issue about the temporary

14 restraining order that was filed and the issue -- well,

15 anyway, I'll just let you talk.  Why don't you go ahead and

16 talk, Attorney Bassett.

17       MR. BASSETT:  Of course, Your Honor.  Happy to

18 address those issues.

19       So first, the TRO related to the Mei Guo adversary

20 proceedings, I'll actually let Attorney Linsey address that

21 in a moment, but to sort of steal his thunder I do think we

22 are in the process of reaching an agreement on language that

23 would resolve that order on consent.  But again, I'll let

24 Attorney Linsey give the court a bit more detail in a

25 moment.

1       The other motion before the court today for the

2   status conference, of course, is the motion we filed for the

3   preservation of evidence located at certain storage

4   facilities in New Jersey.

5       As the court noted, I was not there in person

6   yesterday, but I understand, based on my conversations with

7   Attorney Linsey and the trustee that Mr. Conway, as the

8   court pointed out, was in attendance.  I had expected him to

9   be here again today.

10      What I can say is that based on our conversations

11  with him our understanding is that his clients, the

12  defendants, do not have an issue with the relief that the

13  trustee is seeking in the preservation order, so long as Mr.

14  Conway is able to attend the inspection of these storage

15  units at the same time that the trustee undertakes his

16  inspection, which we intend on being this Friday.

17      The trustee has no objection to that request and,

18  therefore, our understanding is that that would resolve any

19  potential objection by the defendants to the relief that the

20  trustee is seeking.

21      That leaves Your Honor two other parties.  So we

22  have served -- there's the subpoenaed parties.  So we have

23  served subpoenas for the inspection of these storage units

24  on both the storage unit itself. And the storage unit

25  itself, the storage company, is a company by the name of

1   Arredondo and Company, LLC, which is doing business as Westy

2   Storage.

3            There's that company on whom we served a subpoena

4   and then we've also served a subpoena on the entity that we

5   understand to be the tenant who is leasing these storage

6   units.  And that's an entity named HGA Property Operations.

7            So we've endeavored to reach out to them and have

8   discussions prior to today's status conference.  I'll detail

9   the efforts we undertook.  The bottom line is we have not

10  made contact with them, but I do think we have completed

11  service on both the storage company and on HGA Property

12  Operations.

13           Specifically, just to go briefly through the

14  details, and we will be prepared to filed the certificate of

15  service on the docket, but we have served the motion papers

16  on Arredondo and Company.  Again, that's the company doing

17  business as Westy Storage.  We served them through their

18  registered agent, which is Attorney by the name of John

19  Scagnelli, of a law firm located in New York and New Jersey.

20           We also sent by mail a copy of the motion to --

21  the actual storage -- the Westy Storage Center itself.  Sort

22  of -- that's belt and suspenders.

23           I also followed up via email and a phone call to

24  try to get a hold of Mr. Scagnelli to see if his client

25  would consent to this relief.  I have not been able to do

1   that but the motion has been served.

2          As to HGA Property Operations we also sent a copy

3   of the motion by mail in accordance with Rule 8000 -- or

4   Rule 7004(b)(3) to HGA Property Operations, registered agent

5   and to its registered office.  So we believe that service is

6   complete.

7          We have a separate issue of trying to serve the

8   subpoenas, which we were trying to do personally, which is

9   separate from the motion.  There we are still in the process

10  of trying to reach a person, a human who can be served with

11  the subpoena.  But we have not yet completed that effort.

12         However, I think -- and I'm happy to answer any

13  questions, but I do think for present purposes, you know, we

14  have completed service of the motion on all parties.

15         We confirmed that the defendants have no objection

16  to the relief that the trustee is seeking and, therefore, I

17  think the trustee is prepared to move forward on the

18  schedule we proposed to have a hearing at which parties who

19  want to be heard and object, if they want, can attend on

20  Thursday, subject to the court's availability, and then we

21  would move forward, hopefully, with executing on the

22  subpoenas on Friday.

23         THE COURT:  Okay.  Does anyone else wish to be

24  heard on the issues related to the preservation of evidence

25  and the request for a hearing being held on Thursday?

1    (No response.)

2         Okay.

3         Attorney Bassett, are you then going to be

4    submitting a revised proposed order that states what you

5    just stated on the record?

6         MR. BASSETT:  Yes, Your Honor.  We're happy to

7    submit a revised proposed order that details the efforts

8    that the trustee has undertaken to effect service.  Also

9    happy to simply file on the docket, which we intend to do,

10   certificates of service, or whatever the court would like.

11        THE COURT:  Well, let's think about this.

12        You need an order setting a hearing on Thursday.

13   And then you have to serve that order on the parties that

14   are the subject of the subpoenas.  So you need that order

15   sooner as opposed to later, correct?

16        MR. BASSETT:  I suppose that is correct.  In the

17   motion that we filed we had indicated that we were

18   requesting a hearing on Thursday, but I guess Your Honor's

19   correct.  The motion to expedite has not been granted and,

20   therefore, we would need an order memorializing that, which

21   we would serve on the parties.

22        So yes, Your Honor, we will get that to you as

23   soon as we can today.

24        THE COURT:  Well, let me look at the -- maybe we

25   can -- let's just stop for one second.

1          Maybe the way to handle it is to look at the order

2     granting the motion to expedite the hearing first and then

3     you file your certificates of service indicating everything

4     you just said on the record, because you've got to give

5     these parties some meaningful time to figure out whether

6     they want to oppose or attend the hearing, although I

7     actually think that -- well, I don't know. I have to look.

8          So let's look at the motion to expedite the --

9     everything was filed yesterday.  So we're still in the

10    process of looking at it.  And we had hearings today too, so

11    give me a moment, please.

12         (Pause.)

13         All right.  So I'm looking at the proposed order

14    that scheduled and expedited hearing regarding emergency

15    motion of Chapter 11 trustee to order preservation of

16    evidence.

17         (Pause.)

18         Mr. Bassett, how  -- let me ask you a question.

19         We're having -- if we have this hearing on

20    Thursday, are you able to tell the court with any kind of

21    estimation as to what amount of time you think you need for

22    this hearing?

23         I'm asking because I need -- there are other

24    things scheduled that day not on the calendar, but other

25    things scheduled that day I have to attend to.  So I need to

1    know how much time you need.

2              MR. BASSETT:  Understood, Your Honor.

3              Naturally, it would depend on whether anyone

4    appears in the hearing to contest the motion, but I think

5    the relief that we're seeking is relatively straight

6    forward.

7              So even in the scenario where we had two parties

8    appear in opposition to the motion, I wouldn't expect we

9    would need more than a half hour at most to deal with it.

10   But, again, obviously it depends on what actually happens.

11             THE COURT:  Then what I'll do is I'll enter the

12   order granting the motion to expedite.  I'll set the hearing

13   for Thursday, the 21st, at 1:00 p.m.  And then I will set

14   the objection deadline to tomorrow. I'm not going to set a

15   specific date because you've still got to try to serve these

16   two other people and anybody else that you're going to

17   serve.

18             I know that the defendants don't oppose it and

19   that's good to know, but I think you have to give the other

20   people some ability to file something, if they want to.

21             So anyway that's what I propose to do.  Okay?

22             MR. BASSETT:  Understood, Your Honor.  And we'll

23   detail all of this in the certificates of service that we

24   file as well, to repeat what I said on the record today and

25   also even beyond what I said, we've taken even further steps

1    to try to give these parties notice.

2            In particular, for the HGA property operations

3    entity, we have the name of the registered agent for that

4    company and for a woman by the name of Kim Lee.  We sent an

5    email to an email address we have for that person.  We also

6    even called her.  And my colleague, Ms. Song, got a hold of

7    her and had a conversation and eventually the individual

8    hung up the phone.

9            But she was able to talk to her and relay what we

10   were trying to convey about the hearing.

11           So we'll put all of that out in the affidavit that

12   we will in support of service and we'll get that filed as

13   soon as we can.

14           THE COURT:  I can enter the order that you're

15   already submitted.  You don't need to submit another order.

16           So I'm turning to courtroom deputy.

17           The proposed order for ECF 85 in adversary 23-

18   5017.

19       (Pause.)

20           THE COURTROOM DEPUTY:  Okay.

21           THE COURT:  Do you have it in front of you? I just

22   want to tell you what -- it's minor changes that we might be

23   able to make now and have the issue -- the order issued as

24   soon as we can when we're done so that it can be served by

25   the plaintiff.

1      THE COURTROOM DEPUTY:  Yes.

2      THE COURT:  So on the second page, the third

3  paragraph, but the second ordered paragraph on that page, it

4  says "Shall be held on December 21st."  Say 1:00 p.m.,

5  please.  Do you see where I am?

6      THE COURTROOM DEPUTY:  Yes.

7      THE COURT:  Okay.  Great.  And then in the

8  paragraph below it -- tell me when you're ready.  I don't

9  mean to rush you.

10      THE COURTROOM DEPUTY:  Okay.

11      THE COURT:  In the ordered paragraph below it it

12  says that "The deadline to object to the emergency motion

13  shall be December 20 at 12:00 p.m.," but please delete at

14  12:00 p.m.

15      THE COURTROOM DEPUTY:  Okay.  Okay.

16      THE COURT:  Okay?

17      THE COURTROOM DEPUTY:  Okay.

18      THE COURT:  And then that order can enter.

19      THE COURTROOM DEPUTY:  Okay.

20      THE COURT:  All right?

21      THE COURTROOM DEPUTY:  Yes.

22      THE COURT:  All right.

23      So Mr. Bassett, that takes care of the first issue

24  that we were to address during this continued status

25  conference, unless there's something else I'm missing with

1  regard to that matter.

2            MR. BASSETT:  I don't think so, Your Honor. Thank

3  you very much.

4            And for the second matter, as I indicated

5  previously, I'll let Attorney Linsey give the court more of

6  an update.

7            THE COURT:  Okay.  Great.  Thank you.

8            MR. LINSEY:  Good afternoon, Your Honor.

9            Since the status conference yesterday counsel for

10 the trustee has conferenced several times with counsel for

11 the defendant.

12           I understand, and I'll let Mr. Moriarty and Ms.

13 Wernick confirm, that there is generally agreement by the

14 defendant that an order may enter granting injunctive relief

15 sought by the motion.

16           We are currently conferencing regarding the form

17 of that order.  The Trustee's counsel received a revised

18 form of order this afternoon from defendant's counsel.  The

19 trustee has some further revisions that we're in the process

20 of preparing.

21           One of the issues that we want to be -- that we

22 want to be sure we've solved for here is that -- making sure

23 that the remaining funds are removed from this JNFX account

24 where they're diminishing.

25           Our understanding right now is that there are

1  approximately $10 million in the account in some form of

2  currency.  The purchase price for the Bombardier was 13 and

3  a half million.  JNFX received a bid over 12 million in

4  February of his year.

5         The best information the trustee has right now is

6  that in about ten months more than $1.9 million of value has

7  diminished, whether from the assessment of fees, costs or

8  other transactions, or market fluctuations, or whatever that

9  have occurred, that that is the value -- you know, that's

10  what happened to the value of whatever JNFX is holding and

11  it's very important to the trustee to ensure that that stops

12  and that the actual value here is preserved.

13         So as I said, we're discussing a proposed form of

14  order.  What the trustee proposes is that the court schedule

15  a further hearing.

16         Trustee's counsel is available tomorrow.  We're

17  also obviously available Thursday.  That in advance of -- in

18  advance of that continued to hearing date either the

19  parties, and by that I mean the trustee and the defendant,

20  will submit a one form -- a consent order that the court may

21  enter, in which case there wouldn't need to be a hearing, or

22  there are disagreements about the form of order, then each

23  side will file some form of order and the court can look at

24  those and discuss with the parties at the hearing which is

25  more appropriate, or whatever order should be entered.

1          THE COURT:   Okay.  Attorney Wernick or Attorney

2     Moriarty?

3          MR. MORIARTY:  Your Honor, James Moriarty for the

4     defendant, Ms. Guo.

5          I think Attorney Linsey accurately summed up where

6     we are.  The defendant is not opposing the motion for the

7     temporary restraining order at this point in time.  It's

8     really just trying to work out a consensual order.  And if

9     it can't do that, then move to submit competing orders to

10     the court.

11          I don't know that it's necessary for the court to

12     hold a hearing to determine which order the court will

13     enter, but if the court orders a hearing, then somebody on

14     behalf of Ms. Guo will attend.

15          THE COURT:  Well, Ms. Guo isn't the only

16     defendant, is she, in this adversary -- oh, in this one she

17     is.  Okay.  All right.  Sorry.

18          MR. MORIARTY:  Yes.

19          THE COURT:  All right.  So we're talking about 23-

20     5008.

21          MR. MORIARTY:  Yes.

22          THE COURT:  Okay.  So say -- Attorney Moriarty, I

23     apologize.  I was confused for a moment.  But you said at

24     the end if there's a hearing Ms. Guo will attend.  Is that

25     what you said?

1          MR. MORIARTY:  No.

2          THE COURT:  Okay.  What did you say?

3          MS. MORALES:  What I said was the parties will

4    either submit a consent order or the parties will each

5    submit a proposed order.

6          Attorney Linsey had suggested that the court would

7    hold a hearing, to the extent the court has questions on

8    those competing orders, before entering an order.  I said I

9    don't know that such a hearing is necessary for the court to

10   determine which order to enter.

11         But if the court schedules a hearing, somebody on

12   behalf of Ms. Guo, meaning her counsel, will appear.

13         THE COURT:  I see.  Okay.  Thank you.

14         So have you exchanged language at this point or

15   not?

16         MR. MORIARTY:  On behalf of Ms. Guo, her counsel

17   took the proposed order that the trustee had filed

18   yesterday, provided some comments on that proposed order to

19   the trustee and Attorney Linsey has told me that the trustee

20   will be providing comments to Ms. Guo's counsel's comments.

21         THE COURT:  When you say Ms. Guo's counsel, who

22   are you talking about?  It doesn't sound like you're talking

23   about you.

24         MR. MORIARTY:  I'm talking about myself and

25   Attorney Wernick and Attorney Vartan and Attorney Romney.

1  So it's not just me, Your Honor but, yes, I am talking about

2  myself.

3            THE COURT:  I just wanted to make sure that we're

4  talking -- okay.  That's fine.

5        (Pause.)

6            I'm thinking about what you've all just said,

7  okay.

8            So Attorney Linsey, what's your time frame on

9  getting back to the lawyers; Attorney Moriarty, Attorney

10  Wernick, Attorney Vartan and who else did you say? Oh,

11  Attorney Romney.

12            MR. MORIARTY:  Yes.

13            MR. LINSEY:  We received their comments and their

14  form of order this afternoon.  We will send a further

15  version back to them later this afternoon and then if we had

16  a continued to hearing tomorrow, I'm confident that we could

17  either -- you know, either establish that we have a

18  consented to form of order or have two competing forms of

19  order.

20            I understand that counsel for the defendant will

21  be speaking with JNFX tomorrow as well.  They may have more

22  information at that point about whatever is logistically

23  required in order to get the funds somewhere that they're

24  not subject to transactions that are diminishing them.

25        (Pause.)

1          THE COURT:  I'm thinking about what you're saying.

2     So you still need to give comments back is what you're

3     telling me, Attorney Linsey?

4          MR. LINSEY:  Yes, Your Honor.

5          THE COURT:  So Attorney Moriarty, Attorney

6     Wernick, when are you going to be speaking with counsel for

7     JFNX.  At what time tomorrow?

8          MS. WERNICK:  My understanding is that the call's

9     been scheduled for 9:30 a.m.

10          THE COURT:  Thank you.

11          So I'm just envisioning the potential

12     possibilities, right?  If you don't agree completely to an

13     order, then I don't know what you're going to agree to

14     except that you're agreeing to some form of restraint.  A

15     temporary restraining order.

16          But I don't know.  That might not necessarily be

17     helpful.

18          MR. LINSEY:  Your Honor, the conversations that we

19     had today were productive.  There's still issues that need

20     to be addressed.

21          I'm hopeful that we'll be able to resolve those,

22     but I think that it would be helpful to have a continued to

23     hearing date, one to the extent that whatever happens

24     tomorrow identifies any issues as to which the parties have

25     disagreement and two, to ensure that this issue is resolved

1    sooner rather than later because the trustee, given

2    transactions that have apparently occurred with respect to

3    these funds, including just in the last several weeks, this

4    is a very urgent issue and wants to make sure that this

5    relief enters (indiscernible)  these funds.

6           So that's why we're imposing on the court and

7    asking for the further date, but the parties are seeking --

8    certainly the trustee is seeking to get this done by consent

9    and doesn't want to take the court's time unless it's

10   necessary.

11          MR. BASSETT:  Your Honor, if I may.

12          THE COURT:  Go right ahead.

13          MR. BASSETT:  Thank you, Your Honor.

14          To be a little bit more precise, you know, I,

15   along with Attorney Linsey, have reviewed the draft of the

16   proposed order that we received from Attorney Moriarty and I

17   think, as Attorney Linsey said, generally speaking, it does

18   give the trustee the relief that he's seeking insofar as --

19   with the one, you know, open issue, insofar as the order

20   would subject Ms. Guo to an injunction that requires her to

21   freeze and maintain $25 million in assets which could be

22   used to satisfy a judgment in the adversary proceeding.

23          It further would restrain any transfer of the

24   funds in the JNFX account that we all are aware of.  And

25   that's sort of on a basic level the relief that we're

1    seeking in the motion and we understand there is no

2    opposition to that. So I think we are sort of 90 percent of

3    the way there.

4         The sole remaining issue, which I think the court

5    may end up needing to address at a subsequent hearing is the

6    issue of what actually physically is going to happen to the

7    funds that are in the JNFX account.

8         The issue that we have is that based on the

9    account statements that we've seen over time that balance

10   has been -- being depleted by transaction fees, or other

11   charges which we're not fully aware of but we need to

12   understand better.

13        But the bottom line from the trustee's perspective

14   is this injunction that we have is not going to be

15   sufficient.

16        The agreed order that I'm presented with is not

17   going to be sufficient if it does not ensure that as we move

18   forward there will be no such further transaction costs,

19   fees or other deductions from the balance in that account

20   because obviously every time that happens, it's reducing the

21   value of potential property of the estate.

22        So one solution that we had proposed, it's a very

23   simple one, which is if Ms. Guo has control over that

24   account, which we understand she does, all the funds that

25   are there could be transferred to an escrow account.  Maybe

1    that's an escrow account with Mr. Moriarty's firm.  Maybe

2    it's an escrow account with the trustee.  But there has to

3    be a way to resolve that from our perspective.

4          We're still working out the details of that with

5    Attorney Moriarty and the rest of his team but, again, that

6    really is the only -- from my perspective, the only sort of

7    sticking point that we may need the court to weigh in on.

8    We just hadn't had the chance to continue resolving that

9    issue prior to day's status conference.

10          THE COURT:  Okay.

11          MR. MORIARTY:  Your Honor, on behalf of Ms. Guo, a

12    couple of things in response to Attorney Bassett.

13          I think there will be an ability to make a more

14    intelligent decision and have a more intelligent discussion

15    vis-a-vis fees and things of that nature.

16          After the discussion with JNFX tomorrow, as far as

17    moving the funds, it's certainly a conversation that we can

18    have with our client, but I'm not going to represent to the

19    court at this point in time what the outcome of that

20    conversation will be.

21          It may wind up that that is a sticking point.  The

22    comments that we sent back I don't expect -- and I think

23    Attorney Bassett, he just kind of said that, but they're

24    probably not controversial.  So it may just be the one

25    sticking point is are the funds going to stay at JNFX or are

1      they going to move somewhere else.

2             And we should be able to give the trustee more

3      information on that tomorrow, as far as fees and those types

4      of things, tomorrow morning.

5             THE COURT:  Okay.  So the only issue is whether

6      I'm continuing the hearing right now.  That's the only issue

7      for me to address at the moment.  Is that correct?

8             MR. BASSETT:  And obviously we wanted to give Your

9      Honor this update as to where we were.

10            THE COURT:  Well, no.  I needed that, obviously.

11     But I'm saying what is it, if anything, I can accomplish

12     this afternoon, other than what we've already done, which is

13     in the Taurus Fund adversary proceeding, enter that order

14     scheduling the expedited hearing, which the courtroom

15     deputy's already taken care of while we've been here in

16     court, which is much appreciated.

17            And then whether or not we're going to continue

18     this hearing in 5008 with regard to the temporary

19     restraining order.  And I'm going to do that. I'm going to

20     continue the hearing till noon on Thursday.

21            If you have an order all buttoned up before then,

22     then you can submit it and there may not be a hearing.  But

23     if you don't, then we'll have the hearing at noon on

24     Thursday.  And we're not issuing any kind of notice or

25     anything.  Everyone that's involved is on this call, is

1    participating in this hearing and you have notice.

2           So there's need to issue anything with regard to

3    the continuation of the pretrial conference in this

4    adversary proceeding to address whether or not there's a

5    fully consensual temporary restraining order. So noon on

6    Thursday.

7           Does anyone have any questions or is there

8    anything else that needs to be addressed this afternoon?

9           MR. LINSEY:  I have one more thing with the

10   court's indulgence.  It's in the form of a housekeeping

11   matter relating to an order that the court entered

12   yesterday.

13          I was contacted by counsel for UBS.  The court

14   granted a motion adjourning a hearing on the Chapter 11

15   trustee's motion to compel UBS to comply with the trustee's

16   subpoena.

17          The court granted the motion and adjourned the

18   hearing to January 30, 2024.  Counsel for UBS, Ms. Freed,

19   advised that she is traveling out of the country for

20   business that week and --

21          THE COURT:  Well, then you both file a motion

22   about a date that works for both of you so we don't have to

23   keep doing this.  Okay?  So file a motion.

24          MR. LINSEY:  All right.  We'll file a motion.

25   Thank you, you

1          THE COURT:  Thank you.

2          Anything further from anyone this afternoon?

3          MR. BASSETT:  No, Your Honor.

4          THE COURT:  Okay.  That concludes today's

5    continued hearing. However, we are continuing the conference

6    in the adversary to discuss the TRO to the 21st at noon.

7    Thank you.

8          MR. LINSEY:  One question, Your Honor.  The

9    continued to hearing, is that in person or is that on Zoom.

10          THE COURT:  That is in person.

11          MR. LINSEY:  Thank you.

12          THE COURT:  Unless you all resolve it before then

13    and then there won't be a need for a hearing.  So there's

14    your incentive.  Make sure you finish it first and then you

15    won't have to come.  But if you don't, then you do.  Okay?

16          MR. LINSEY:  Understood.  Thank you, Your Honor.

17          THE COURT:  All right.  Thank you.

18          (Proceedings concluded at 2:47 p.m.)

19

20

21

22

23

24

Ho Wan Kwok - December 19, 2023

26

1

2          I, CHRISTINE FIORE, court-approved transcriber and

3     certified electronic reporter and transcriber, certify that

4     the foregoing is a correct transcript from the official

5     electronic sound recording of the proceedings in the above-

6     entitled matter.

7

8     *Christine Fiore*

9     _____        December 28, 2023

10        Christine Fiore, CERT

11

12

13

14

15

16

17

18

19

20

21

22

23

24