**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>□ 11-Recovery of money/property - §542 turnover of property<br>□ 12-Recovery of money/property - §547 preference<br>□ 13-Recovery of money/property - §548 fraudulent transfer<br>□ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>□ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>□ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>□ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>□ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>□ 61-Dischargeability - §523(a)(5), domestic support<br>□ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>□ 63-Dischargeability - §523(a)(8), student loan<br>□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>□ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>□ 71-Injunctive relief – imposition of stay<br>□ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>□ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>□ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>□ 01-Determination of removed claim or cause<br><br>**Other**<br>□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>    /s/ Douglas S. Skalka | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                          :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                                   :    Case No. 22-50073 (JAM)
:
              Debtor.                                         :    (Jointly Administered)
---------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee,           :    Adv. Proceeding [___]
:
              Plaintiff,                                       :    December 29, 2023
:
v.                                                                              :
:
ACE DECADE HOLDINGS LIMITED,                :
YANPING "YVETTE" WANG, AND                   :
RUI HAO                                                             :
:
              Defendant.                                  :
---------------------------------------------------------x

**COMPLAINT OF CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK, PURSUANT TO BANKRUPTCY CODE SECTIONS 362, 549, AND 550, (I) SEEKING DECLARATORY JUDGMENT THAT TRANSFER OF SHARES IN ACE DECADE HOLDINGS LIMITED BY YANPING "YVETTE" WANG TO RUI HAO IS VOID**

        Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

adversary complaint (the "Complaint") against defendants Ace Decade Holdings Limited ("Ace

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Decade"), Yanping "Yvette" Wang ("Wang"), and Rui Hao ("Hao" and, together with Ace Decade and Wang, the "Defendants") and states as follows:

## NATURE OF ACTION

1.      As this Court previously found, (a) Ace Decade is beneficially owned by the Debtor's estate and (b) Wang is not and has never been a beneficial owner of the shares in Ace Decade. Notwithstanding these findings and notwithstanding this Court's direction to the Debtor to surrender Ace Decade to the Trustee (including by causing Wang to turn over her ownership interest in Ace Decade to the Trustee), on or about January 3, 2023, Wang transferred her nominal ownership of the sole outstanding share in Ace Decade to Hao, without notice to or consent of the Trustee. The Trustee brings this Complaint to void Wang's transfer of the sole outstanding share in Ace Decade to Hao, as such transfer was made in violation of the automatic stay under Title 11 of the United States Code (the "Bankruptcy Code") and, moreover, was an unauthorized postpetition transfer of estate property.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a).

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4.      The Trustee is the chapter 11 trustee in the above-captioned chapter 11 case pursuant to the Court's order entered on July 8, 2022 [Docket No. 523].

5. Defendant Ace Decade is a company incorporated in the British Virgin Islands ("BVI") and registered with Trident Trust Company (B.V.I.) Limited. Ace Decade is beneficially owned by the Trustee.

6. Defendant Wang is an individual who, prior to the Ace Decade Transfer (as defined below), was the purported nominal 100% owner of Ace Decade.

7. Defendant Hao is an individual who, upon the Ace Decade Transfer, purportedly became the nominal 100% owner of Ace Decade.

8. On information and belief, Defendant Hao is the brother of Tian Hao, who is an officer of multiple entities founded and/or controlled by the Debtor, including chief financial officer and director of GFashion and chief executive officer of G News LLC and G Music LLC. In addition, on information and belief, Defendant Hao transferred more than $100,000 to various entities founded and/or controlled by the Debtor, including GTV, G Club, and Himalaya International Clearing Ltd.

## FACTS

### I. Debtor's Chapter 11 Case

9. On February 15, 2022 (the "Petition Date"), Ho Wan Kwok (the "Debtor") filed with the Court a voluntary petition for relief under chapter 11 of Bankruptcy Code. *See* Docket No. 1 in Case No. 22-50073 (JAM).

10. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

3

11. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

## II. Corporate Governance Rights Order

12. On August 10, 2022, the Court entered an order [Docket No. 717] (the "Corporate Governance Rights Order") confirming, among other things, that the Trustee holds all of the Debtor's economic and corporate governance rights with respect to all Debtor-controlled entities.[2] In addition, in the Corporate Governance Rights Order, the Court directed the Debtor to "cooperate with the Trustee to enable the Trustee to perform his duties" and "surrender to the Trustee all property of the estate and any recorded information, including, without limitation, books, documents, records, and papers relating to property of the estate."[3]

13. Notwithstanding the Debtor's pending appeal of the Corporate Governance Rights Order (as to portions of the order not relevant to this adversary proceeding), the foregoing provisions are in full force and effect.

## III. Contempt Proceedings

14. On October 4, 2022, the Trustee filed his motion [Docket No. 913] (the "Contempt Motion") seeking to hold the Debtor in civil contempt for failure to transfer, among other things, the Debtor's shares in Ace Decade.

15. On November 17, 2022, the Court entered an order [Docket No. 1110] (the "Partial Resolution Order") partially resolving the Contempt Motion.

---

[2] Corporate Governance Rights Order ¶ 3.

[3] *Id.* ¶ 3.

16. In the Partial Resolution Order, the Court held, among other things, that (i) the Debtor exclusively beneficially owned and controlled Ace Decade on the Petition Date and maintained such exclusive beneficial ownership and control up to and including immediately prior to the date of the Trustee's appointment,[4] (ii) Wang is not and has never been a beneficial owner of the shares in Ace Decade,[5] and (iii) but for the Trustee's appointment and his rights under the Bankruptcy Code and the Corporate Governance Rights Order, the Debtor would still exclusively beneficially own and control Ace Decade.[6]

17. The Debtor did not contest the aforementioned findings in the Partial Resolution Order and, moreover, agreed not to appeal such findings.[7]

18. Accordingly, the Trustee holds the Debtor's economic and governance rights with respect to Ace Decade in furtherance of his duties to the Debtor's estate, as confirmed by the Contempt Order (as defined below).[8]

19. Prior to entry of the Partial Resolution Order, on November 15, 2023, counsel to the Trustee emailed a copy of the proposed form of Partial Resolution Order to Mr. Alex Lipman, who the Trustee understands acted as counsel for Wang at that time. In addition, on November 16, 2023, counsel to the Trustee served a copy of the proposed form of Partial Resolution Order on Ace Decade c/o Trident Trust Company (B.V.I.) Limited ("Trident") in the BVI. Trident is the registered agent for Ace Decade in the BVI.

---

[4] Partial Resolution Order ¶ 1.
[5] *Id.*
[6] *Id.* ¶ 2.
[7] *Id*.
[8] Contempt Order at 10.

20. On January 24, 2023, the Court entered an order [Docket No. 1372] (the "Contempt Order") holding the Debtor in contempt of the Corporate Governance Rights Order.

21. In the Contempt Order, the Court held, among other things, that (i) the Debtor is required, but failed, to cooperate with the Trustee regarding the Trustee's control of Ace Decade (including the exercise of corporate governance rights) and (ii) the Debtor is required, but failed, to surrender to the Trustee (a) Ace Decade, (b) the ownership interest in Ace Decade, and (c) the corporate governance documents relating to Ace Decade.[9]

22. In addition, the Contempt Order found that (i) Wang is the nominee owner of Ace Decade for the benefit of the Debtor, (ii) the Debtor has control over Wang, including because the Debtor has employed Yvette Wang for several years, and has directed her to take actions on his behalf, including directing her to act on his behalf to purchase properties, and (iii) notwithstanding such control, the Debtor failed to cause Wang to turn over the shares in Ace Decade to the Trustee.[10]

23. The Contempt Order also held that the Debtor's failure to comply with the Corporate Governance Rights Order was in bad faith.[11] For example, the Court found that the Debtor's alleged attempt to comply with the Corporate Governance Order obscured the location of his nominee—Wang—from the Trustee.[12]

---

[9]  *Id.* at 6-7, 14-15.
[10] *Id.* at 4, 15.
[11] *Id.* at 13.
[12] *Id.* at 13-14.

24.     Finally, the Contempt Order provided that the Debtor had until 5:00 p.m. (17:00) on March 6, 2023 to purge himself of contempt or face sanctions.[13]  The Debtor did not do so.

### IV.    January 3, 2023 Transfer

25.     After the entry of the Contempt Order, the Trustee learned that, on or around January 3, 2023, Wang had transferred her nominal ownership in the sole outstanding share in Ace Decade to Hao.

26.     In particular, on May 1, 2023, the Trustee filed an application with the BVI court to obtain disclosure from the BVI registered agent for Ace Decade—*i.e.*, Trident—of the most recent corporate documents for Ace Decade.  That application was granted by the BVI court by order, dated May 8, 2023.

27.     On May 13, 2023, Trident provided the Trustee with the requested disclosures.  These disclosures show that (a) there is only one ordinary share of Ace Decade outstanding and (b) on January 3, 2023, Wang purported to transfer her nominal ownership in that one ordinary share to Hao (the "Ace Decade Transfer").

28.     The Ace Decade Transfer was made without notice to or consent of the Trustee.  Moreover, the Ace Decade Transfer is in clear violation of the Corporate Governance Rights Order, the Partial Resolution Order, and the automatic stay under section 362 of the Bankruptcy Code.

---

[13]    *Id.* at 15-16.

29. Upon information and belief, Hao has wrongfully attempted to maintain ownership and control over the Ace Decade share in violation of this Court's orders and the automatic stay.

## V. UBS Action

30. On or about September 23, 2020, the Debtor, Ace Decade, and Dawn State Limited (a wholly-owned subsidiary of Ace Decade) commenced litigation, Claim No. CL-2020-000345 (the "UBS Action"), in the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court, asserting claims against UBS AG for breach of contract and seeking damages of at least $495,300,000.

31. Notwithstanding the Trustee's appointment in this chapter 11 cases, the Partial Resolution Order, and the Contempt Order, U.K. counsel for Ace Decade has taken the position that the Trustee does not control Ace Decade and, moreover, has refused to take instructions from the Trustee with respect to the UBS Action, thereby necessitating the filing of this Complaint.

## First Claim

**(Declaratory Judgment that Ace Decade Transfer Is Void *Ab Initio* as it Was Made in Violation of the Automatic Stay Under Bankruptcy Code Section 362(a))**

32. The Trustee repeats and realleges the allegations contained in paragraphs 1-32.

33. Notwithstanding the Trustee's beneficial ownership of Ace Decade, on or about January 3, 2023, Wang purported to transfer her nominal ownership of the one outstanding share of Ace Decade to Hao, without notice to or consent of the Trustee.

34. Such transfer was in violation of the automatic stay under section 362(a) of the Bankruptcy Code, including as an "act to obtain possession of property of the estate or of

8

property from the estate or to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3).

35. All shares in Ace Decade are property of the Debtor's estate.

36. Based on these facts and circumstances, the Trustee seeks a ruling pursuant to section 362(a) of the Bankruptcy Code: (i) declaring that the purported transfer of Wang's shares to Hao was in violation of the automatic stay and is, therefore, void *ab initio*; (ii) declaring that all Ace Decade shares are and remain property of the Debtor's estate notwithstanding the Ace Decade Transfer; (iii) ordering Hao to take any and all actions necessary to ensure the Trustee is able to exercise full ownership and control (including without limitation all corporate governance rights) over the transferred shares of Ace Decade, including without limitation by surrendering any and all shares of Ace Decade to the Trustee; and (iv) authorizing the Trustee to take any actions necessary to rectify the share register in the BVI to reflect that the Trustee is the beneficial as well as legal owner of all Ace Decade shares.

## **Second Claim**

### **(Damages, Including Punitive Damages, as Against Hao and Wang Pursuant to Bankruptcy Code Section 362(k))**

37. The Trustee repeats and realleges the allegations contained in paragraphs 1-37.

38. Hao's and Wang's violation of section 362(a) of the Bankruptcy Code was willful because, upon information and belief, Hao's and Wang's conduct was intentional, they had prior actual knowledge of the automatic stay, their conduct was in violation of prior orders of this Court, and any alleged mistake of law is not a defense.

9

39. Under section 362(k) of the Bankruptcy Code, Plaintiff is entitled to compensation for actual damages, punitive damages, and reasonable fees and costs from Defendants Hao and Wang in amounts to be determined by this Court.

### Third Claim

**(Sanctions Against Hao and Wang Pursuant to Bankruptcy Code Section 105(a))**

40. The Trustee repeats and realleges the allegations contained in paragraphs 1-40.

41. Hao's and Wang's violation of section 362(a) of the Bankruptcy Code was willful and in bad faith.

42. Under section 105(a) of the Bankruptcy Code and the Court's equitable powers, sanctions should be awarded against Defendants Hao and Wang, including to compensate Plaintiff for his reasonable attorneys' fees, costs, and expenses incurred in this action, in amounts to be determined by this Court.

### Fourth Claim

**(Avoidance of Ace Decade Transfer as Unauthorized Postpetition Transfer Pursuant to Bankruptcy Code Section 549(a))**

43. The Trustee repeats and realleges the allegations contained in paragraphs 1-43.

44. Section 549(a) of the Bankruptcy Code provides, in pertinent part, that a trustee may avoid a transfer of property of the estate (i) that occurs after the commencement of the case and (ii) that is not authorized under this title or by the court.

45. The Trustee beneficially owns any and all shares of Ace Decade.

46. The Ace Decade Transfer occurred on or about January 3, 2023, which was after the Debtor's petition date of February 15, 2022.

47. Such transfer was not authorized by the Bankruptcy Court. Nor was such transfer authorized by the Court. To the contrary, such transfer was made in direct violation of the Corporate Governance Rights Order, the Partial Resolution Order, and the automatic stay of the Bankruptcy Code.

48. Therefore, the Trustee is entitled to avoid the Ace Decade Transfers pursuant to section 549(a) of the Bankruptcy Code.

## Fifth Claim

**(Recovery of Fraudulent Transfers Pursuant to Bankruptcy Code Section 550)**

49. The Trustee repeats and realleges the allegations contained in paragraphs 1-49.

50. Section 550 of the Bankruptcy Code provides that, if a transfer is avoided under section 549 of the Bankruptcy Code, the trustee may recover for the estate the transferred property or the value of such property from (i) the initial transferee of such transfer or the entity for whose benefit such transfer was made or (ii) the immediate or mediate transferee of such initial transferees.

51. Hao is the initial transferee of the Wang's nominal ownership of one share of Ace Decade.

52. The Trustee, therefore, is entitled to the return of such share of Ace Decade by Hao.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1. On the First Claim, an order, pursuant to section 362 of the Bankruptcy Code: (i)

declaring that the purported transfer of Defendant Wang's shares to Defendnat Hao was in violation of the automatic stay and is, therefore, void *ab initio*, (ii) declaring that all Ace Decade shares are and remain property of the Debtor's estate notwithstanding the Ace Decade Transfer, (iii) ordering Defendant Hao to take any and all actions necessary to ensure the Trustee is able to exercise full ownership and control (including without limitation all corporate governance rights) over the transferred shares of Ace Decade, including without limitation by surrendering any and all shares of Ace Decade to the Trustee, and (iv) authorizing the Trustee to take any actions necessary to rectify the share register in the BVI to reflect that the Trustee is the beneficial as well as legal owner of all Ace Decade shares.

2.    On the Second Claim, a money judgment against Defendants Hao and Wang for actual damages, punitive damages, and Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in this action.

3.    On the Third Claim, sanctions against Defendants Hao and Wang, including to compensate Plaintiff for his reasonable attorneys' fees, costs, and expenses incurred in this action, in amounts to be determined by this Court.

4.    On the Fourth Claim, an order, pursuant to section 549(a) of the Bankruptcy Code, avoiding the Ace Decade Transfer as an unauthorized postpetition transfer.

5.    On the Fifth Claim, an order, pursuant to section 550 of the Bankruptcy Code, requiring Defendant Hao (whether as immediate or mediate transferee) to transfer to the Trustee any and all shares in Ace Decade.

6.      Requesting the assistance of the BVI courts (or other non-US courts with jurisdiction over any of the Defendants) to enforce, on an expedited basis, the judgment in this action and to ensure that the Trustee is able to exercise the corporate governance rights with respect to Ace Decade, including but not limited to rectifying the share register to reflect that the Trustee is the beneficial as well as legal owner of all Ace Decade shares.

7.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: December 29, 2023　　　LUC A. DESPINS
　　　　New Haven, Connecticut　　CHAPTER 11 TRUSTEE


By: */s/ Douglas S. Skalka*
　　Douglas S. Skalka (ct00616)
　　Patrick R. Linsey (ct29437)
　　NEUBERT, PEPE & MONTEITH, P.C.
　　195 Church Street, 13th Floor
　　New Haven, Connecticut 06510
　　(203) 781-2847
　　dskalka@npmlaw.com
　　plinsey@npmlaw.com

　　　　*and*

　　Avram E. Luft (admitted *pro hac vice*)
　　Douglass Barron (admitted *pro hac vice*)
　　PAUL HASTINGS LLP
　　200 Park Avenue
　　New York, New York 10166
　　(212) 318-6000
　　aviluft@paulhastings.com
　　douglassbarron@paulhastings.com

　　　　*and*

　　Nicholas A. Bassett (admitted *pro hac vice*)
　　PAUL HASTINGS LLP
　　2050 M Street NW
　　Washington, D.C. 20036
　　(202) 551-1902
　　nicholasbassett@paulhastings.com

　　*Counsel for the Chapter 11 Trustee*