**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :       Chapter 11
:
:       Case No. 22-50073 (JAM)
HO WAN KWOK, *et al.*,[1]                           :       (Jointly Administered)
:
:       Re: ECF No. 2083
Debtor.                                             :
------------------------------------------------------x
:
:       Adv. Proceeding No. 23-05017
LUC A. DESPINS, Chapter 11 Trustee,                 :
:       Re: ECF No. 24
Plaintiff,                                          :
:
:
v.                                                  :
:
:
TAURUS FUND LLC,                                    :
SCOTT BARNETT, as trustee of TAURUS                 :
FUND LLC, and                                       :
TAURUS MANAGEMENT LLC, as trustee                   :
of TAURUS FUND LLC,                                 :
:
Defendants.                                         :
------------------------------------------------------x

**ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT WITH UNITED STATES OF AMERICA**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the

"Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan

Kwok (the "Debtor"), for entry of an order, approving a settlement agreement between the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Trustee and the Government, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's business judgment consistent with his duties and in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The settlement agreement, attached as **Exhibit 1** hereto (the "Settlement Agreement"), is approved pursuant to Bankruptcy Rule 9019.

4. Nothing in this Order shall be interpreted as prohibiting the establishment of a new bar date (if the Court ultimately grants the relief sought by the Trustee in the Adversary Proceeding (the "Ownership Ruling")) for holders of claims related to the Defendants or the Mahwah property. The Trustee shall report to the Court on the establishment of such a bar date within 30 days of the Ownership Ruling.

5. Nothing in this Order shall be interpreted as an indication that this Court has taken a position on the Ownership Ruling. Moreover, the Defendants' rights to argue, prior to the Ownership Ruling, that the net proceeds of any sale of the Mahwah Property (as such term is described in paragraph 3 of the Settlement Agreement), should be available to holders of a particular subset of claims against the Debtor rather than shared with all holders of allowed

claims against the Debtor, shall be preserved. The rights of the Plaintiff to challenge any such assertion, including on standing grounds, shall be preserved.

6. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h), and the Trustee shall have unfettered use of the Settlement Payment when received.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

Dated at Bridgeport, Connecticut this 3rd day of January, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

**Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,                                         :
   -v.-                                                          :
                                                   S1 23 Cr. 118 (AT)
HO WAN KWOK,                                                      :
   a/k/a "Miles Guo,"
   a/k/a "Miles Kwok,"                                            :
   a/k/a "Guo Wengui,"
   a/k/a "Brother Seven,"                                          :
   a/k/a "The Principal,"
                                                  :
                    Defendant.                              :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
In re:                                                            :   Chapter 11
                                                   :
HO WAN KWOK, *et al.*,[1]                                         :   Case No. 22-50073 (JAM)
                                                 :
              Debtors.                                :   (Jointly Administered)
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

[1] The Debtors in the chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## STIPULATION BETWEEN CHAPTER 11 TRUSTEE
## AND UNITED STATES OF AMERICA

WHEREAS, on or about March 29, 2023, Ho Wan Kwok, a debtor in the above-captioned chapter 11 cases (the "Defendant"), was charged, together with other defendants, by the United States of America (the "Government"), represented by the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), before the United States District Court for the Southern District of New York (the "District Court"), in eleven counts of a twelve-count Superseding Indictment, S1 23 Cr. 118 (AT) (the "Indictment"), with conspiracy to commit wire fraud, securities fraud, bank fraud and money laundering, in violation of Title 18, United States Code, Section 371 (Count One); wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts Two, Four, Six, and Eight); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5 (Counts Three, Five, and Seven); money laundering, in violation of Title 18, United States Code, Section 1956(a)(2) (Counts Nine and Ten); and unlawful monetary transactions, in violation of Title 18, United States Code, Section 1957 (Count Eleven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Eight of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Eight of the Indictment, including but not limited to, the following property:

> All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and

2

easements, located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430, Parcel No. 3300021-03-00001-02 and described as Lot Number: 1.02 Block: 21.03 District: 33 City, Municipality, Township: MAHWAH TWP

(the "Subject Property");

WHEREAS, on or about February 15, 2022, the Defendant filed for Chapter 11 bankruptcy, *In Re Ho Wan Kwok and Genever Holdings LLC*, 22-50073 (JAM) (Bankr. Conn.) (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court");

WHEREAS, on or about June 15, 2022, the Bankruptcy Court directed the appointment of a Chapter 11 bankruptcy trustee and thereafter Luc A. Despins, Esq. was appointed as the trustee for the Bankruptcy Case (the "Trustee");

WHEREAS, on or about June 28, 2023, the Trustee advised the Government that he had concluded, after extensive analysis, that, among other things, the Subject Property is equitably owned by the Defendant and, therefore, is property of the Defendant's chapter 11 estate;

WHEREAS, the Trustee is prepared to commence an adversary proceeding before the Bankruptcy Court, *Despins v. Taurus Fund* (the "Adversary Proceeding"), seeking, among other things:

> (1) an order from the Bankruptcy Court (a) declaring that the Defendant is the equitable owner of the Subject Property and that the Subject Property is property of the Defendant's chapter 11 estate to be administered by the Trustee and (b) ordering the turnover of the Subject Property to the Trustee;
>
> (2) an order from the Bankruptcy Court (a) declaring that (i) at all times the Defendant was the equitable owner of the entity that holds title to the Subject Property, Taurus Fund LLC ("Taurus Fund"); (ii) any and all assets held by Taurus Fund, including the Subject

3

Property, are property of the Defendant's chapter 11 estate; and (b) ordering the turnover of Taurus Fund and any and all of Taurus Fund's assets, including the Subject Property, to the Trustee;

(3) an order from the Bankruptcy Court (a) declaring that (i) at all times Taurus Fund was an alter ego of the Defendant; (ii) any and all assets held by Taurus Fund, including the Subject Property, constitute property of the Defendant's chapter 11 estate; and (b) ordering the turnover of any and all of Taurus Fund's assets to the Trustee;

WHEREAS, upon entry of any of the orders listed in subparagraphs (1)-(3) above by the Bankruptcy Court, the Subject Property would be deemed to be an asset held directly or indirectly by the Defendant's chapter 11 estate;

WHEREAS, the Trustee will also seek, in the context of the Adversary Proceeding, interim relief from the Bankruptcy Court to obtain control over the Subject Property (the "Interim Relief") pending a definitive ruling by the Bankruptcy Court with respect to the claims asserted by the Trustee in the Adversary Proceeding;

WHEREAS, the Trustee intends, in the event the Bankruptcy Court issues a ruling pursuant to which the Subject Property is deemed to be an asset held directly or indirectly by the Defendant's chapter 11 estate, to sell the Subject Property; and

WHEREAS, the Government has agreed not to oppose the relief to be sought by the Trustee in the Adversary Proceeding, or any effort by the Trustee to obtain control of and/or sell the Subject Property;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between United States of America, by its attorney Damian Williams, United States Attorney,

4

Juliana Murray, Micah Fergenson, and Ryan Finkel, of counsel, and the Trustee and his counsel, Paul Hastings LLP, that:

1. The Government shall not oppose any of the Trustee's claims or requests for relief in the Adversary Proceeding, or any effort by the Trustee to obtain control of and/or sell the Subject Property;

2. In the event the Subject Property is sold pursuant to an order entered in the Bankruptcy Case, the Trustee agrees that the net proceeds from the sale of the Subject Property shall be held in escrow pending the resolution of this criminal matter and will serve as a substitute *res* for the Subject Property (the "Substitute *Res*") in the above-captioned criminal case, with all claims and defenses of the Government applicable to the Subject Property, including any other action that may be brought by the Government for forfeiture of the Subject Property, to apply instead to, and be payable only from, the Substitute *Res*. Further, any claims or interests attached to or secured by the Subject Property shall be transferred to the Substitute *Res* and be satisfied, if at all, only from the Substitute *Res*. In the event that the Defendant is acquitted pursuant to a final order, or the entry of a forfeiture order is denied pursuant to a final order, the escrow requirement contained in this paragraph shall become automatically null and void.

3. The net proceeds from the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following which will be deducted from the sale proceeds: any costs of seizure, maintenance, marketing and sale of the Subject Property, including legal fees of Paul Hastings incurred in the Adversary Proceeding or as a consequence of the Adversary Proceeding, and expenses to ensure safekeeping and custody of the Subject Property (including security service at or around the premises), storage, or sale of the

Subject Property, all as allowed by the Bankruptcy Court; any outstanding mortgages; real estate commissions and/or fees; any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale; insurance costs; escrow fees; title fees and county transfer fees; as well as a deemed expense of $1,000,000, which shall be used to satisfy claims of holders of allowed claims in the Bankruptcy Case that are victims of the Debtor.

4.      In the event of the entry of an order of forfeiture in this criminal matter that includes the Subject Property, the Trustee and the Government shall negotiate in good faith with respect to the distribution of the net proceeds from the sale of the Subject Property to victims of the conduct charged in the Indictment (who may be holders of allowed claims in the Bankruptcy Case) and to holders of allowed claims in the Bankruptcy Case. At present, the USAO-SDNY anticipates requesting from the Department of Justice's Money Laundering and Asset Recovery Section that any assets forfeited in this criminal matter be distributed to victims of the conduct charged in the Indictment through the remission/restoration process. The Trustee intends to seek the Government's consent, as part of any such remission/restoration process, to handle the distribution of net proceeds from the Subject Property to victims (who may be holders of allowed claims in the Bankruptcy Case) and holders of allowed claims in the Bankruptcy Case, as determined and allowed by the Bankruptcy Court, and the Government has explained that it is not in a position, at this time, to consent to such proposal, absent the obtaining of certain regulatory approvals which may not be obtained at this time.

5.      In the event the Government and the Trustee do not reach an agreement with respect to the distribution of the net proceeds from the sale of the Subject Property, all rights of the Government and the Trustee are reserved.

6. In furtherance of a sale of the Subject Property, the Government agrees to execute promptly any documents which may be required to convey clear title to the Subject Property and complete the sale of the Subject Property.

7. Each party to this Stipulation shall bear its own costs and attorney's fees.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation. PDF copies shall be treated as originals.

*[Remainder of page intentionally left blank.]*

Dated: New York, New York
July 13, 2023

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____     7/13/2023
    JULIANA MURRAY                   Date
    MICAH FERGENSON
    RYAN FINKEL
    Assistant United States Attorneys
    One Saint Andrews Plaza
    New York, New York 10007
    (212) 637-2314/2190/6612

CHAPTER 11 BANKRUPTCY TRUSTEE

By: _____     7/13/23
    LUC A. DESPINS, ESQ.             Date
    Trustee

By: _____     7/13/23
    DOUGLASS E. BARRON, ESQ.         Date
    PAUL HASTINGS LLP
    Attorney for the Trustee

8