**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                  :
In re:                             :    Chapter 11
                                  :
HO WAN KWOK, *et al.*,[1]       :    Case No. 22-50073 (JAM)
                                  :
         Debtors.            :    (Jointly Administered)
                                  :
-------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF ORDER,**
**PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULES**
**2002 AND 9014, (I) APPROVING FORM AND MANNER OF NOTICE OF TRUSTEE'S**
**FORTHCOMING TOLLING MOTION AND (II) SCHEDULING HEARING**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel,

hereby files this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States

Code (the "Bankruptcy Code") and rules 2002, 9007, and 9013 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order, substantially in the

form attached as **Exhibit B** hereto (the "Proposed Order"), (i) approving the form and manner of

notice of the Trustee's forthcoming motion seeking to equitably toll certain limitations periods

set forth in the Bankruptcy Code (the "Tolling Motion") and (ii) scheduling a hearing on the

Tolling Motion. In support of the Motion, the Trustee respectfully states as follows:

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## PRELIMINARY STATEMENT

1.       In the coming days, the Trustee will file the Tolling Motion, seeking to extend the time in which the Trustee can bring avoidance actions and other actions (including alter ego and equitable ownership claims) against potential defendants (the "Potential Defendants") under various sections of the Bankruptcy Code.  The Tolling Motion will also seek to extend the time to bring potential additional claims against defendants that the Trustee has already identified and against whom the Trustee will be bringing claims prior to the current deadline.  While that relief is reserved for exceptional circumstances, the Trustee believes—for the reasons that will be explained in the Tolling Motion—that it is authorized and necessary here.

2.       The Trustee intends to serve many of the Potential Defendants with the Tolling Motion at their known current addresses in accordance with traditional means of service set forth in Federal Rules of Bankruptcy Procedure 9014 and 7004(b).  The Trustee will also serve Potential Defendants who have already been subpoenaed in this Chapter 11 Case, whether through Rule 2004 or in connection with adversary proceedings to which the Trustee is party.  Other Potential Defendants, however, cannot be so easily served for varying reasons, including because (i) they are located outside the United States in various foreign countries, including without limitation in the British Virgin Islands ("BVI"), (ii) their addresses (physical and/or digital) are unknown, and/or (iii) their identities are currently unknown.

3.       By this Motion, the Trustee seeks an order authorizing the Trustee to serve the Tolling Motion on these other Potential Defendants (collectively, the "Alternative Service Defendants") by alternative means, including without limitation (i) by mailing notice to their last known addresses; (ii) by email; (iii) by mailing or emailing notice to their known counsel; (iv) by

providing notice to their registered agents, and/or (v) by publication.[2]  The Court has the authority and discretion to issue this relief under both the Federal Rules and Connecticut law, and the Trustee submits it should exercise that authority and discretion here.

4.      As the Court is aware, the Trustee has been diligently investigating claims against the Potential Defendants and others since his appointment.  While the Trustee has made significant progress, his investigation remains ongoing for various reasons, including due to the sheer breadth of the parties and transactions at issue and because he has faced near constant obstruction at nearly every turn.  Given that his investigation is incomplete, the Trustee has not yet been able to identify all Potential Defendants (or, as noted above, all claims against all defendants) and/or obtain sufficient information regarding the whereabouts of known Potential Defendants to serve them by ordinary means.

5.      Moreover, even where the Trustee has identified Potential Defendants and verified their addresses, he may be unable to effect service on many of them in a timely manner using ordinary service methods.  This is particularly true for those Potential Defendants located in foreign countries who ordinarily would be served pursuant to the Hague Convention—a complicated and lengthy process for which the Trustee simply does not have time under the present circumstances given that he needs to file, serve, and have the Court consider the Tolling Motion prior to the February 15, 2024 deadline for commencing avoidance actions.

6.      For these reasons, the Trustee requires the authority to serve the Alternative Service Defendants by the alternative methods set forth herein.  These chosen service methods are appropriate because they are reasonably likely to apprise the Potential Defendants of the

---

[2]    The Alternative Service Defendants whose names and (where known) addresses are currently known to the Trustee are set forth in **Exhibit A** hereto.  The Trustee and his advisors are continuing to add to that list, and the then-current form of that list will be included in the Form of Notice proposed herein.

Tolling Motion. Notably, the Trustee is not seeking to serve by merely one or two alternative methods, but rather by a multifaceted package of methods—including, among others, mail, email, and publication—which, taken together, are more than sufficient to satisfy due process and all other requirements of the Federal Rules and applicable Connecticut law. Accordingly, the Trustee requests that this Motion be granted, thus allowing the Trustee to begin notifying the Alternative Service Defendants of the Tolling Motion immediately upon its filing.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9014.

## RELEVANT BACKGROUND

9.      On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee. On July 8, 2022, the Bankruptcy Court entered an order [ECF No. 523] appointing the Trustee.

10.     The Debtor's bankruptcy schedules, filed in March 2022, claimed only $3,850 in assets compared to hundreds of millions of dollars of liabilities.[3] The Debtor asserted in the Bankruptcy Court that he was essentially penniless, and that his luxurious homes, the Lady May yacht, and his other publicly flaunted trappings of wealth did not belong to him, but to companies purportedly owned by his family members.[4]

---

[3]    *See* Schedules of Assets and Liabilities at 1.
[4]    *See Declaration of Mr. Ho Wan Kwok in Support of the Chapter 11 Case and Certain Motions* [ECF No. 107].

11.     Since his appointment, the Trustee has been working diligently to identify and recover for the benefit of the estate the assets the Debtor has hidden.  To that end, in accordance with the Bankruptcy Court's directive, the Trustee has launched a complex and thorough investigation and litigation process, focusing on the Debtor's "shell game"—*i.e.*, his use of alter ego companies to hide his assets from creditors.  Broadly speaking, the process has included (a) discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (b) litigation to establish that certain entities are alter egos of the Debtor and/or recover specific property and assets.  The Trustee has filed thirteen Rule 2004 motions, issued Rule 2004 subpoenas to over 250 parties, and reviewed hundreds of thousands of documents produced in discovery, and continues to take all reasonable steps to obtain additional records.  As the Court is well aware, the Debtor, his family members, and his associates have sought to obstruct the Trustee's efforts at every turn by, among other things, seeking to remove the Trustee, engaging in numerous discovery disputes, failing to comply with discovery orders resulting in no less than seven orders holding them in contempt of court, and engaging in out-of-court harassment campaigns against the Trustee, his family, and his counsel.[5]

12.     Given the lack of funding to hire a forensic accountant until the sale of the Lady May, the Trustee and his counsel (which could until then only look to future-recovered assets for compensation) focused their initial asset recovery efforts on identified assets such as the Lady

---

[5]     As the Court observed in its *Memorandum of Decision and Order Holding Individual Debtor in Contempt of Court and Denying Motion for Stay of Order Compelling Production* [ECF No. 2035] at 37-38:  "The Estate continues to incur enormous expense and delay because the Individual Debtor has not cooperated with and has instead obstructed the Trustee's investigation.  Pursuant to section 521, the Trustee should have had all documents and records relating to the Individual Debtor's financial affairs, assets, liabilities, businesses, etc. immediately following his appointment more than a year ago.  Instead, the Trustee has had to identify other appropriate subpoena targets, issue countless subpoenas, and engage in ceaseless motion practice.  While the Trustee's efforts have substantially benefitted the Estate, the Estate has also borne a heavy cost on account of these efforts."

May yacht,[6] the Sherry Netherland apartment,[7] and identified bank accounts such as the accounts

of the HCHK entities[8] and the U.S. Bank escrow account.[9]  As such, the necessary step of

conducting a forensic accounting of the hundreds of accounts used by Kwok-related entities did

not commence in earnest until the Trustee retained Kroll, LLC ("Kroll") as the Trustee's forensic

investigator in August 2023, pursuant to the Court's order entered on September 29, 2023 [ECF

No. 2241].

13.     Since its retention, Kroll has been hard at work assisting the Trustee to lay the

foundation for, among other things, the prosecution of avoidance actions arising out of the

thousands of transfers made, effectively by the Debtor, using numerous Kwok-related entities.

Thus far, Kroll has identified more than 339 Kwok-related bank accounts, approximately 83,820

transactions in and out of these accounts, and over $3.2 billion transiting through these accounts.

These numbers grow every day as Kroll's analysis progresses.

## RELIEF SOUGHT

14.     By this Motion, the Trustee seeks entry of the Proposed Order authorizing and

approving the form and manner of notice of the Tolling Motion.  If the Motion is granted, the

Trustee will provide notice of the Tolling Motion as follows:

### I.    Manner of Notice

15.     The Trustee requests authority to serve the Alternative Service Defendants by the

following means (the "Alternative Service Methods"):

---

[6]    Recovered by the Trustee in connection with adversary proceeding 22-05003, *HK International Funds Investments (USA) Limited v. Despins*, and sold pursuant to the Court's order of June 27, 2023. [ECF No. 1953].

[7]    Recovered by the Trustee in connection with adversary proceeding 22-05027, *Despins v. Bravo Luck Limited*.

[8]    These entities, HCHK Technologies, Inc., HCHK Property Management, Inc., and Lexington Property, Inc., are the subject of adversary proceeding 23-05013, *Despins v. HCHK Technologies, Inc., et al.*, in which the Trustee has sought an alter ego judgment.

[9]    Recovered by the Trustee in connection with adversary proceeding 22-05003, *HK International Funds Investments (USA) Limited v. Despins*, and adversary proceeding 23-05012, *U.S Bank National Association v. HK International Funds Investments (USA) Limited, et al.*

- First Class mail to the last known physical address (if known) of all Alternative Service Defendants (a) for whom the Trustee does not have a verified current address; or (b) who are located outside the United States in a country that is either (i) not a party to the Hague Convention or any other international agreement that prohibits such service, or (ii) does not object to service by mail under any such international agreement;

- Email (if known);

- Registered mail and email to counsel (if known);

- Service by mail on all registered agents in the BVI of all known and unknown Alternative Service Defendants who are or may be companies located in the BVI or affiliated as directors and/or officers of such BVI entities;

- Service by mail on the specific, U.S. based, registered agent of any Potential Defendant (if known); and

- Publication notice.

16.     To be clear, to ensure that the Alternative Service Defendants receive as much actual notice as possible, the Trustee intends to use as many of these Alternative Service Methods as possible for any given defendant.  For example, if a party has a known email address and the Trustee is aware of counsel who represented such party previously, such party will receive service (i) by email; (ii) through its counsel; and (iii) by publication.  Alternative Service Defendants whose identities are unknown will receive only publication notice.

## II.   <u>Form of Notice</u>

17.     All Alternative Service Defendants (except for those receiving publication notice only) will receive notice of the Tolling Motion in the form set forth as **<u>Exhibit 1</u>** to the Proposed Order (the "<u>Form of Notice</u>").  Among other things, the proposed Form of Notice will include a copy of the Tolling Motion and advise the Alternative Service Defendants:

- of the hearing date and objection deadline for the Tolling Motion;

- that, pursuant to the Tolling Motion, Trustee is seeking to extend his time for filing litigation against parties who received transfers from any of the individuals

7

or entities listed on **Schedule I** to the Form of Notice, are subsequent transferees of such individuals or entities, or are specifically listed in **Schedule II** to the Form of Notice[10];

- that the Alternative Service Defendants are receiving this Form of Notice because the Trustee believes they are among the parties against whom the litigation may be filed; and

- that the Tolling Motion may impact their legal rights, and that if they do not object to the Tolling Motion they may waive their right to do so later.

18.     Potential Defendants that are currently unknown to the Trustee will receive

publication notice only, which notice will be in the form set forth as **Exhibit 2** to the Proposed

Order (the "Form of Publication Notice").  The Publication Notice will include the same

information as in the Form of Notice and will also instruct Potential Defendants that a copy of

the Tolling Motion can be retrieved from Epiq's case website.  The Publication Notice will be

published once in each of the following publications within ten days of entry of the Proposed

Order:

a.  *USA Today*;

b.  *Sing Tao USA* (with the Publication Notice translated into Mandarin); and

c.  *The World Journal* (with the Publication Notice translated into Mandarin).

**III.    Hearing on Tolling Motion**

19.     Finally, the Motion requests that the Court schedule a hearing on the Tolling

Motion for **February 13, 2024**, or as soon thereafter as is practicable for the Court.

**BASIS FOR RELIEF**

20.     Service of the Tolling Motion is governed by Bankruptcy Rule 9014, which

provides that in "a contested matter not otherwise governed by these rules, relief shall be

---

[10]    As noted above, **Schedule II** is the list of Alternative Service Defendants whose names and (where known) addresses are currently known to the Trustee, and set forth in **Exhibit A** hereto, as it may be updated between the date hereof and the date of the notice.

requested by motion," and that such "motion shall be served in the manner provided for service of a summons and complaint by Rule 7004."

## I.    <u>Standard Applicable to Requests for Alternative Service</u>

21.    The Court has discretion to authorize the requested alternative means of service of process on all Alternative Service Defendants, including those located in the United States and those located in foreign countries.

### A. Domestic Defendants

22.    For Alternative Service Defendants located in the United States, Rule 4(e)(1) provides that service may be completed "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1). This rule has been interpreted as allowing courts to authorize service by any alternative means permitted by the applicable state law. *In re Qiwi PLC Sec. Litig.*, No. 20CV6054RPKCLP, 2022 WL 20527316, at *3 (E.D.N.Y. Sept. 30, 2022).

23.    Under Connecticut law, a court may "make such order as is deemed reasonable" for notifying an adverse party of a complaint if such party's name or residence is "unknown" to the plaintiff. Conn. Gen. Stat. § 52-68. Connecticut courts have interpreted this statute as authorizing alternative means of service where the plaintiff has shown that "all reasonable efforts have been made to ascertain the residence [of the defendant] and have failed" and where the chosen notice method is "most likely to [bring the action] to the attention of such person." *Parks v. Buchanan*, No. KNLCV155014893S, 2015 WL 9242192, at *9 (Conn. Super. Ct. Nov. 19, 2015) (quoting Conn. Practice Book Sec. 11-4).

24.    One means of alternative notice expressly contemplated by Connecticut law is notice by publication. *Id*. (authorizing service of publication where plaintiff had, among other things, attempted unsuccessfully to serve by mail and could not find alternative addresses

through interviews or internet searches) (citing Conn. Practice Book Sec. 11-6); *see also* Conn. Gen. Stat. § 52-68 (setting forth additional procedural requirements for publication notice).

### B. Foreign Defendants

25.     For defendants located outside the United States, Rules 4(f)(3) and 4(h)(2) expressly authorize a court to direct service that service on a foreign individual be made through any form of service "not prohibited by international agreement."  Fed. R. Civ. P. 4(f)(3); Fed. R. Civ. P. 4(h)(2) (applying Rule 4(f)(3) to foreign corporations, partnerships, and associations); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.").

26.     Rule 4(f) "does not specify any hierarchy," meaning a that "a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the court may order service pursuant to Rule 4(f)(3)."  *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 341 (E.D.N.Y. 2021).  Thus, there is no requirement that a litigant "first exhaust the potential for service under the Hague Convention" before requesting an order for alternative service.  *Grey Wall Software, LLC v. AeroSimple LLC*, No. 22-CV-203 (RAR), 2022 WL 17404462, at *4 (D. Conn. Dec. 2, 2022) (quoting *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d at 341).

27.     Ultimately, it is "left to the court's discretion whether to authorize service 'by other means,'" *id.*, and courts enjoy "broad discretion in fashioning alternative means of service under Rule 4(f)(3)."  *United States v. Besneli*, No. 14 CIV. 7339 JFK, 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015).  The only limitations on a court's discretion in the Second Circuit are that (1) the ordered means of service "is not prohibited by international agreement[;] (2) [it] comports with constitutional notions of due process[;]" (3) the plaintiff has "made a reasonable

effort to effectuate service on the defendant;" and (4) "the circumstances are such that the court's intervention is necessary." *Id.* (internal citations omitted). The first two of these requirements are statutory and Constitutional, respectively; the other two have been judicially imposed.

**II.   Trustee's Alternative Service Methods Should Be Approved**

28.     The Alternative Service Methods satisfy the requirements of both Connecticut law (for defendants located in the United States) and Rule 4(f)((3) (for defendants located abroad). Accordingly, they should be approved by the Court.

**A. Alternative Service Methods Comport With Due Process and Are Likely to Apprise Defendants of Tolling Motion**

29.     As discussed above, for service to be permissible under Rule 4(f)(3), the chosen method must comport with "constitutional notions of due process." *Besneli*, 2015 WL 4755533, at *1. "Service satisfies due process when it is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Grey Wall Software*, 2022 WL 17404462, at *4 (internal citations omitted). Similarly, under Connecticut law, the chosen method of service must be one that is likely to cause the litigation to come to the attention of the party being served. *Buchanan*, 2015 WL 9242192. These requirements are satisfied here for each of the Alternative Service Methods selected by the Trustee.

30.     Service by Mail at Last Known Address and/or on Registered Agent: Bankruptcy Rule 7004 expressly allows service within the United States by first class mail on an individual and a domestic or foreign corporation. This includes (for a corporation) mail to "any other agent authorized by appointment or by law to receive service of process"—such as a registered agent. Here, to the extent any Alternative Service Defendant is ultimately determined to have an address different than the address known to the Trustee at the time of service, the Trustee

submits that this service, in conjunction with the other Alternative Service Methods, satisfies the requirements of due process.

31.     Email Service:  Numerous courts in this Circuit have held that service by e-mail satisfies due process and is reasonably likely to give actual notice.  *See In re Three Arrows Cap., Ltd.*, 647 B.R. 440, 455 (Bankr. S.D.N.Y. 2022) (collecting "a number of persuasive cases where process was permitted to be served via email or social media in the context of service pursuant to Rule 4"[11]); *see also Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*, No. 3:20CV546 (MPS), 2020 WL 5879405, at *2 (D. Conn. Oct. 2, 2020) (granting motion for service by email); *Equipav S.A. Pavimentacao, Engenharia e Comercia Ltda. v. Bertin*, No. 22 CIV. 4594 (PGG), 2022 WL 2758417, at *4 (S.D.N.Y. July 14, 2022) (permitting service via email); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (service by email is appropriate even when country "object[s] to service through 'postal channels'").

32.     Service on Counsel:  Courts have also approved service on a party's attorney, even an attorney in a different matter.  *See, e.g.*, *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 7 (D.D.C. 2016) (recounting that court had granted plaintiff "leave to serve defendants by registered mail and e-mail to the defendants' U.S. counsel" where counsel was currently representing defendants in a different matter); *BMO Harris Bank, N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *4 (D. Ariz. June 10, 2014) (concluding "that allowing Plaintiff to serve Guthmiller's current

---

[11]    The *Three Arrows* court was specifically addressing a request for alternative service of a subpoena under Rule 45 (as opposed to a summons and complaint under Rule 4).  However, the court expressly held that Rule 4 precedent regarding the sufficiency of service "is persuasive, if not controlling." *Three Arrows*, 647 B.R. at 456.

bankruptcy counsel via email and first-class mail would clearly apprise Guthmiller of the pendency of this action and afford him the opportunity to present his objections").[12]

33.    <u>Publication Notice</u>:  Under Supreme Court precedent, "reasonable publication notice is sufficient" for "unknown parties."  *In re Tronox Inc.*, 626 B.R. 688, 719 (Bankr. S.D.N.Y. 2021) (subsequent history omitted) (emphasis removed) (discussing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 94 L. Ed. 865, 70 S. Ct. 652 (1950)). Accordingly, "[p]ublication notice is appropriate in instances where it is not reasonably possible or practicable to give more adequate warning, such as in cases where persons are missing or unknown."  *In re Cath. Bishop of N. Alaska*, No. F08-00110-DMD, 2008 WL 8652362, at *2 (Bankr. D. Alaska June 16, 2008) (internal quotation marks omitted) (citing *Mullane*); *see also Buchanan*, 2015 WL 9242192 (authorizing service by publication under Connecticut law).[13] Here, the Trustee proposes to publish notice for the Alternative Service Defendants shortly after entry of the Proposed Order in each of the following publications: *USA Today*; *Sing Tao USA* (with the Publication Notice translated into Mandarin); and *The World Journal* (with the Publication Notice translated into Mandarin).  These are widely circulated publications and such widespread publication notice is reasonably likely to apprise the Alternative Service Defendants of the Tolling Motion.

34.    While each of the Alternative Service Methods, standing alone, comports with due process and is reasonably likely to provide actual notice standing alone, courts frequently consider the sum of the whole when multiple methods of service are proposed.  *See Nat'l Env't*

---

[12]    Service on counsel is particularly appropriate here for those of the Alternative Service Defendants who have already appeared through counsel in other aspects of the chapter 11 cases.  Service on such counsel is almost certain to lead to the Alternative Service Defendants receiving actual notice of the Tolling Motion.

[13]    The Court also has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds notice by mail is impracticable."

*Grp., LLC v. Al Maktoum*, No. 3:21CV01046(SALM), 2021 WL 5111910, at *2 (D. Conn. Nov. 3, 2021) (The Court finds that the methods of service proposed by plaintiff, ***especially when considered collectively***, comport with constitutional notions of due process.") (emphasis added); *Hardin v. Tron Found.*, No. 20-CV-2804 (VSB), 2020 WL 5236941, at *2 (S.D.N.Y. Sept. 1, 2020) ("Plaintiffs have identified a publicly available email address associated with Defendant Chen, a possible personal email address, and his LinkedIn account, which, ***when used in conjunction*** is reasonabl[y] calculated to provide the requisite notice to Defendant Chen.") (emphasis added); *United States v. Besneli*, No. 14 CIV. 7339 JFK, 2015 WL 4755533, at *2 (S.D.N.Y. Aug. 12, 2015) (approving service by e-mail and publication and notice that "[s]ervice by publication will serve as a sensible set of suspenders to go along with the belt provided by email").[14]  Here, the Alternative Service Methods selected by the Trustee, taken as whole, are highly likely to notify the Alternative Service Defendants of the Tolling Motion and, therefore, readily comply with both due process and Connecticut law.

### B.  Trustee Made Reasonable Efforts to Serve Defendants

35.    For both domestic and foreign defendants, the Trustee must show that he undertook a "reasonable effort" to complete service.  *See Merrimack Mut. Ins. Co. v. New Widetech Indus. Co.*, No. 3:20CV546 (MPS), 2020 WL 5879405, at *2 (D. Conn. Oct. 2, 2020).

---

[14]    Courts in other districts have also adopted this rule.  *See, e.g.*, *Gilbertson v. J. Givoo Consultants I, Inc.*, No. CV 20-6991, 2021 WL 689114, at *2 (D.N.J. Feb. 23, 2021) ("Moreover, the practice of permitting notice by USPS and additional electronic means, including email and text messaging, finds ample support in this district."); *Creative Intellects v. Haygood*, No. 221CV02670RGKAFM, 2021 WL 3568237, at *4 (C.D. Cal. July 23, 2021) ("Taken together, service by email, text message, and Sabine's agent for service are reasonably calculated to provide Thompson of notice of this lawsuit."); *Seiko Epson Corp. v. Dongguan Ocbestjet Digital Tech. Co.*, No. 2:22-CV-04123-AB-JC, 2022 WL 18397388, at *3 (C.D. Cal. Nov. 3, 2022) ("However, because these methods of service would be 'supplemental means of service' rather than the sole method of service, the Court finds that these methods, in conjunction with service by email, are reasonably calculated to give Defendants notice of the lawsuit."); *cf. Hu v. Lee*, No. 09-2588 SC, 2009 WL 4823195, at *2 (N.D. Cal. Dec. 10, 2009) (denying, without prejudice, motion for alternative service where plaintiffs requested "blanket order authorizing service 'by other means'" and instructing plaintiffs to "further support their request by seeking permission to use additional service methods that can be performed in conjunction with service by email, such as sending the summons and [complaint] to a physical address by international mail").

This requirement, however, does ***not*** necessarily require that service be attempted under traditional means before requesting authority to serve via alternative means.[15] "[W]hether prior diligent attempts are required" is a fact-based inquiry that "will depend on the circumstances of each case and the reasons why alternative service is sought." *In re Three Arrows Capital*, 647 B.R. at 454; *cf. Guiliano v. Richman*, No. AP 21-51032, 2021 WL 6121901, at *2 (Bankr. D. Del. Dec. 27, 2021) (denying, without prejudice, motion for alternative service where plaintiff provided "***no evidence of any efforts*** to obtain Defendants' German address" and plaintiff "submitted no competent evidence of the length of any potential delay") (emphasis added).

36.    The first step in ***serving*** a party is ***identifying*** a party. Courts have, therefore, held that diligence in attempting to discover a party and its address satisfies the "reasonable efforts" requirement even if service was not actually attempted. *See, e.g., Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (finding "that Plaintiff was reasonably diligent in its investigation into Defendants' physical addresses" and rejecting argument that "Plaintiff was required to first attempt service under the Hague Convention"); *Prediction Co. LLC v. Rajgarhia*, No. 09 CIV.7459(SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) ("[The Plaintiff] has met its burden [of showing that it has made a reasonable effort to effectuate service], having actively, though unsuccessfully, attempted to obtain [the Defendant's] address in a variety of ways."); *cf.*

---

[15]    To be clear, the Trustee ***has*** taken numerous specific steps in an effort to serve certain Potential Defendants in prior matters in this case. For example, the Trustee attempted to serve Xuebing Wang, purported beneficial owner of GWGOPNZ Limited ("GWGOPNZ"), one of the proposed intervenors in adversary proceeding number 23-05013, *Despins v. HCHK Technologies, Inc., et al.* (the "HCHK Adversary Proceeding") by sending a deposition subpoena to GWGOPNZ's counsel, which asserted that it would not be representing Mr. Wang and could not accept service on his behalf. As the Court found in its recent decision denying the proposed intervenors' motion to intervene, Mr. Wang "avoided the subpoena" and instead asked Ms. Jie Zhang to testify as corporate representative of GWGOPNZ despite the fact that she was "clearly not competent" to do so. *Memorandum of Decision and Order Denying Motion to Intervene and Motion to Clarify Temporary Restraining Order*, Adv. Proc. No. 23-05013, ECF No. 239, at 28-29.

*Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y.

Mar. 12, 2007) (permitting service via fax and email where plaintiffs could not ascertain

defendants' physical address).

37.     The decision in *In re Tronox Inc.*, 626 B.R. 688, 721 (Bankr. S.D.N.Y. 2021)

(subsequent history omitted), is instructive, albeit arising in the context of a bar date.  There,

certain creditors who had received publication notice of the bar date argued that the debtors

"should have canvassed the relevant communities to identify persons with relevant conditions"

and provide them direct notice.  *Id.*  The court explained "direct notice is required if a creditor's

identity is 'reasonably ascertainable,' which requires that a debtor use ***reasonable diligence*** to

identify creditors."  *Id.* (emphasis added).  Citing *Mullane*, the court further explained that "[t]o

be reasonably diligent, . . . a debtor's efforts do not need to include impracticable and extended

searches."  *Id.* (internal quotation marks and citations omitted).

38.     Here, the Trustee ***has*** conducted extended searches and ***has*** canvassed all

information available to him.  The Trustee has, among other things, filed thirteen Rule 2004

motions, has had Rule 2004 subpoenas issued to over 250 parties, has reviewed hundreds of

thousands of documents produced in discovery, and continues to take all reasonable steps to

obtain additional records.  The Trustee has also retained a forensic accounting firm to review

thousands of pages of financial records and transactions, all in an effort (which effort continues)

to understand the incredibly, and intentionally, complex web of finances surrounding the Debtor.

Despite all these efforts, the Trustee's investigation remains incomplete due to this complexity as

well as the constant obstruction he has faced at the hands of parties associated with the Debtor.

39.     Courts have held that "parties should be dissuaded from 'whimsically' seeking

alternative service under Rule 4(f)(3)."  *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267

(S.D.N.Y. 2012) (internal citations omitted).  ***But the [Trustee's] request here is far from whimsical***." *Id*. (emphasis added).  Rather, his extensive efforts to identify and serve Potential Defendants has gone above and beyond the standard of "reasonable efforts" required by the case law.

### C.  Alternative Service Methods Are Necessary to Avoid Prejudice to Trustee

40.     As noted above, courts ruling on an application for alternative service under Rule 4(f)(3) may consider whether the Court's intervention is necessary.  Connecticut law, meanwhile, states that the Court may issue any order concerning alternative service that it deems reasonable under the circumstances.  Here, it is not merely reasonable or necessary for the Court to authorize the requested alternative service—it is vitally important to this case given the impending February 15, 2024 deadline for filing avoidance actions and other actions under chapter 5 of the Bankruptcy Code.

41.     Denial of the instant Motion would cause a great deal of delay.  For one, the Tolling Motion implicates "a large number of foreign and domestic entities." *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012).  A streamlined notice procedure, therefore, is necessary to avoid undue delay, as well as the excessive cost of a personalized notice process for Potential Defendants in many different countries (which may require, for example, retention of counsel in that jurisdiction, retention of a process server in that jurisdiction, and/or the submission of letters rogatory).[16]

---

[16]    The Trustee notes that the "streamlined" process proposed herein is far from a shortcut.  The Trustee still proposes to provide notice via mail to multiple addresses for each Potential Defendant (if known), as well as by electronic means.  *See In re Three Arrows*, 647 B.R. at 454, n. 6 ("In any event, the Foreign Representatives' proposed order granting the Service Motion states that the Foreign Representatives will first attempt personal service on individuals before resorting to email and social media.").

42.     More importantly, though, denial of the instant Motion would cause delay precisely at a time of urgency.  The Court is well aware of the impending deadline for the Trustee to bring actions against the Potential Defendants.  As delineated above, the Trustee has taken all reasonable (and unreasonable) steps to learn the identity of Potential Defendants.  But because of the sheer size of the task as well as the extensive efforts of the Debtor and his compatriots to stymie the Trustee's efforts, the Trustee's efforts have been fruitful—but they have not been completed.

43.     Rule 4(f)(3) was designed to allow the court to approve alternative service precisely in cases of urgency.  *See In re One Apus Container Ship Incident on Nov. 30, 2022*, No. 22 MD. 3028 (PAE), 2022 WL 17370122, at *2 (S.D.N.Y. Dec. 2, 2022) ("The advisory notes to Rule 4 suggest that in cases of 'urgency,' Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods remain incomplete or unattempted.") (as modified) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (2002)); *see also Hangzhou Chic*, 2021 WL 1222783, at *3 (approving alternative service in light of "exigent circumstances").  "[C]ourts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *In re TK Holdings, Inc.*, No. 17-11375 (BLS), 2021 WL 954827, at *5; *see also In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (same and collecting cases).

44.     In light of the Trustee's extensive diligence efforts, the extent to which the Debtor and his compatriots have attempted to stymie those efforts, and the urgency of the upcoming deadline,[17] the Court's intervention is necessary, and the Motion should be granted.

---

[17]   Indeed, courts have held that taking reasonable steps to serve litigants is, itself, sufficient to show the need for court intervention when those efforts are stymied. *See, e.g.*, *Doe v. Hyassat*, 342 F.R.D. 53, 59 (S.D.N.Y. 2022) (noting that plaintiff "has taken reasonable steps to effect service" and "[g]iven these circumstances, this Court concludes that Plaintiff has demonstrated that this Court's intervention is necessary").

18

### D. Alternative Service Methods for Foreign Defendants Are Not Prohibited By International Agreement

45.      The Trustee seeks to serve foreign parties only by means not prohibited by international agreement.  Thus, to the extent an Alternative Service Defendant is located in a country that is a party to the Hague Convention and has objected to service by mail thereunder, the Trustee is not seeking permission to serve such defendant by mail, either directly or through a registered agent.[18]  Rather, the Trustee is seeking to serve such defendants only by email notice, through counsel, and by publication.  Each of these methods is permissible.

46.      While there is some conflicting authority in this Circuit, "a majority of courts have found that service via e-mail is permitted by the [Hague] Convention."  *Grey Wall Software, LLC v. AeroSimple LLC*, 2022 WL 17404462, at *5; *see also Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 343 (E.D.N.Y. 2021) ("Although Germany has objected to Article 10, an objection to Article 10 does not prohibit service via email.") (footnote omitted); *United States v. Besneli*, No. 14 CIV. 7339 JFK, 2015 WL 4755533, at *2 (S.D.N.Y. Aug. 12, 2015) ("The Court thus joins the majority, and because it is not aware of any agreement entered into by Turkey that prohibits service by email, finds that service on Defendant by email is not prohibited by international agreement.").

47.      Nor is service on counsel prohibited by the Hague Convention.  *See Zanghi v. Ritella*, No. 19 CIV. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) ("The Hague

---

[18]      "Neither Hong Kong nor the British Virgin Islands have objected to service by mail under Article 10."  *La Dolce Vita Fine Dining Co. Ltd. v. Zhang Lan*, No. 1:19-MC-00536-ALC, 2020 WL 7321366, at *5 (S.D.N.Y. Dec. 11, 2020).  The united Kingdom has similarly not objected.  *See Fagan v. Cent. Bank of Cyprus*, No. 19-80239-CIV, 2019 WL 2410075, at *1 (S.D. Fla. June 7, 2019) ("The United States and the United Kingdom are both signatories of the Hague Convention.  The British Virgin Islands are an Overseas Territory of the United Kingdom.  Public records of the Hague Conference on Private International Law show that the United Kingdom has not objected to service by mail under Section 10(a) of the Hague Service Convention.") (internal references omitted).  Accordingly, if the Motion is granted, the Trustee will provide notice to known Alternative Service Defendants located in the United Kingdom, the BVI, or Hong Kong through mail.

Convention does not prohibit service on a foreign defendant's U.S. counsel or service by email."); *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 7 (D.D.C. 2016) ("service on a party's attorney is 'not prohibited by international agreement").[19]

48.     Service by publication on unknown defendants is also an acceptable means of alternative service, notwithstanding any international agreements.  Indeed, the "Hague Convention does not apply where the address of the person to be served with the document is not known."  *Grey Wall Software, LLC v. AeroSimple LLC*, 2022 WL 17404462, at *5 (internal quotation marks and citations omitted).  "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so."  *Id.* (internal quotation marks and citations omitted).  For the reasons discussed above, the Trustee has diligently attempted to identify addresses for all Potential Defendants; to the extent he has not located them, service by publication on such defendants is appropriate under Rule 4(f)(3).

---

[19]     As noted above, the proposed Alternative Service Methods include both first class mail and email.  To the extent that service is made on a Potential Defendant in a country that, pursuant to the Hague Convention, has deemed postal channels insufficient for service, the Trustee is asking the Court to order other forms of alternative service, including email service, service on counsel, and publication notice.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and grant any other relief as the Court considers proper.

Dated:      January 9, 2024                    LUC A. DESPINS,
            New Haven, Connecticut             CHAPTER 11 TRUSTEE

                                        By: */s/ Douglass Barron*
                                            Avram E. Luft (admitted *pro hac vice*)
                                            Douglass Barron (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, New York 10166
                                            (212) 318-6079
                                            aviluft@paulhastings.com
                                            douglassbarron@paulhastings.com

                                                *and*

                                            Nicholas A. Bassett (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            2050 M Street NW
                                            Washington, D.C., 20036
                                            (202) 551-1902
                                            nicholasbassett@paulhastings.com

                                                *and*

                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            plinsey@npmlaw.com

                                            *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
                    Debtors.                           :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2024, the foregoing Motion, and all

declarations, exhibits and attachments thereto, was electronically filed.  Notice of this filing was

sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's

electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's

CM/ECF system.

Dated:      January 9, 2024
            New Haven, Connecticut

                                        By: */s/ Douglass Barron*
                                            Douglass Barron (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, New York 10166
                                            (212) 318-6000
                                            douglassbarron@paulhastings.com

                                            *Counsel for the Chapter 11 Trustee*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**Exhibit A**
**Currently Known Alternative Service Defendants**

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| H Reserve Management Ltd | | Abu Dhabi | |
| Thousand Stars Company Limited | | Abu Dhabi | |
| Deputy Group | Sydney | Australia | |
| G Translators Pty Ltd | Victoria | Australia | |
| G Translators Pty Ltd | Southbank, | Australia | VIC 3006 |
| GTV Australia Pty Ltd | Melbourne | Australia | |
| National Australia Bank Limited | Docklands, VIC | Australia | |
| TT Resources 1 Pty Ltd | Mill Park | Australia | 3082 |
| Ya Li ("Mulan") | Southbank, | Australia | VIC 3006 |
| Deltec Bank & Trust Limited | Nassau | Bahamas | |
| Ace Decade Holdings Limited | Road Town, Tortola | British Virgin Islands | |
| Bouilliour Holdings Limited | | British Virgin Islands | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Dawn State Limited | Road Town, Tortola | British Virgin Islands | |
| Freedom Media Ventures Ltd. | Tortola, | British Virgin Islands | VG1110 |
| G Club HoldCo I LLC | Road Town | British Virgin Islands | |
| G Club International Ltd (BVI) | Road Town, Tortola, | British Virgin Islands | VG1110 |
| G Fashion Hold Co. B. Limited | Road Town | British Virgin Islands | |
| G Fashion International Limited | Road Town | British Virgin Islands | |
| Gold Leaf Consulting Limited | Road Town | British Virgin Islands | BVI 1110 VG |
| Head Win Group Limited | Road Town, Tortola | British Virgin Islands | |
| Himalaya International Clearing Ltd | Road Town | British Virgin Islands | VG1110 |
| Himalaya International Financial Group Ltd. | Road Town | British Virgin Islands | VG1110 |
| Himalaya International Payments Ltd. | Road Town | British Virgin Islands | VG1110 |
| Himalaya International Reserves Ltd. | Road Town | British Virgin Islands | VG1110 |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Hudson Diamond Holding, Inc. | Road Town | British Virgin Islands | VG1110 |
| Jovial Century International Limited | Road Town | British Virgin Islands | |
| Long Gate Limited | Road Town, Tortola | British Virgin Islands | |
| New Dynamic Development Limited | Road Town, Tortola | British Virgin Islands | |
| Next Tycoon Investments Limited | Road Town, Tortola | British Virgin Islands | |
| Ogier | Road Town | British Virgin Islands | VG1110 |
| O'Neal Webster | Tortola | British Virgin Islands | 1110 |
| Shiny Ace Limited | Road Town, Tortola | British Virgin Islands | |
| Shiny Times Holding Limited | Road Town, Tortola | British Virgin Islands | |
| Well Origin LImited | Road Town, Tortola | British Virgin Islands | |
| World Century Limited | Road Town, Tortola | British Virgin Islands | |
| PA Business Advisory Limited | Road Town, Tortola | British Virgin Islands | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| PA Business Opportunity VII Limited | Road Town, Tortola | British Virgin Islands | |
| PA Business Opportunity VIII Limited | Road Town, Tortola | British Virgin Islands | |
| Whitecroft Shore Limited | Road Town | British Virgin Islands | VG1110 |
| Ehsan Masud | Road Town, Tortola | BVI | |
| ACASS Canada Ltd | Saint-Laurent | Canada | H4T 2B5 |
| Charfaerie Production Inc | Toronto | Canada | M1T 3M7 |
| Yuqiang Qin & Yunfu Jiang | Toronto | Canada | |
| Ridwan Mamode Saib | Grand Cayman | Cayman Island | KY1-1106 |
| Roscalitar 2 | Grand Cayman | Cayman Island | KY1-1104 |
| Andrew Childe | Camana Bay | Cayman Islands | KY1-9006 |
| Blue Capital Limited | George Town | Cayman Islands | KY1-9008 |
| Hamilton M&A Fund SP | George Town | Cayman Islands | KY1-1106 |

| Name | City | State/Country | Zip Code |
|------|------|---------------|----------|
| Hamilton Opportunity Fund SPC | George Town | Cayman Islands | KY1-1106 |
| Hamilton Opportunity Fund SPC | Grand Cayman | Cayman Islands | KY1-1106 |
| Taurus Fund SP | Grand Cayman | Cayman Islands | KY1-1106 |
| Kalixun Trading Limited | Longgang, Shenzhen, Guan | China | |
| Banuba (Cyprus) Limited | Nicosia | Cyprus | |
| Christodoulos G. Vassiliades & Co. LLC | Nicosia | Cyprus | CY-1105 |
| Bang & Olufsen | Struer | Denmark | |
| Zeta Global Corp | | Dubai | P.B. 114560 |
| Berkeley Rowe | London | England | W1K 7DA |
| County Ltd | London | England | SW16 2UW |
| Farrant Group | London | England | SW1A 1HD |
| Harcus Parker Limited | London | England | WC2B 4LL |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Knight Frank LLP | London | England | |
| MessageSpace | London | England | SW1P 4QP |
| Rising Sun Capital Ltd | Brentford | England | |
| Surge Britain | London | England | WC2H 9JQ |
| Wedlake Bell LLP | London | England | EC4V 4AY |
| Anto Conseil | Bordeaux | France | 33300 |
| CANAL + Brand Solutions | Puteaux | France | 92800 |
| IMG.LY | Bochum | Germany | 44787 |
| Trasco Bremen | Bremen | Germany | |
| Bradford Marine Bahamas | Freeport | Grand Bahama | |
| G Club International Limited | George Town | Grand Cayman | |
| New Henry Investment Limited | | Hong Kong | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Atelier Engineering Limited (via Wise in HKD) | San Po Kong | Hong Kong | |
| China Golden Spring Group | Wan Chai | Hong Kong | |
| Eagle Eye Investments Limited | Central | Hong Kong | |
| Forbes Hare | North Point | Hong Kong | |
| Joyord Sportswear Limited | Tsimshatsui, KLN | Hong Kong | |
| Leading Shine Limited | | Hong Kong | |
| Power Wealth Global Limited | | Hong Kong | |
| Sail Victory Limited | | Hong Kong | |
| Spirit Charter Investment Limited | Central | Hong Kong | |
| Strong Country Holdings Group Limited | | Hong Kong | |
| Tong Le Internatiional Trading Co., Ltd. | Mongkok, KLN | Hong Kong | |
| Vision One Investments Limited | Central | Hong Kong | |

| Name | City | State/Country | Zip Code |
|------|------|---------------|----------|
| Infinite Increase Limited | Central | Hong Kong | |
| Infinitum Developments Limited | Central | Hong Kong | |
| Karich International Limited | | Hong Kong | |
| Rosy Acme Ventures Limited | Central | Hong Kong | |
| Compagnia Del Denim | Serra De' conti | Italy | 60030 |
| GPP SRL | Milano | Italy | |
| Mary Fashion Spa | Ferrara | Italy | 44124 |
| Rilievi Group | Bologna | Italy | 40132 |
| Studio Cataldi | Prato | Italy | 59100 |
| Imperius International Trad Co Ltd | Osaka | Japan | 530-0015 |
| Souken Trading | Abashiri | Japan | 093-0017 |
| Kyrgyz-Swiss Bank CJSC | Bishkek | Kyrgyzstan | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Bro Service LLC | Bishkek | Kyrgz Republic | 720040 |
| Yachtzoo SARL | MC98000 | Monaco | |
| Stichting Duurzame | Utrech | Netherlands | 3981 LB |
| Mimaii NZ Limited | Whitby, Porirua, | New Zealand | 5024 |
| Oasis Tech Limited | Mount Wellington | New Zealand | 1051 |
| Oasis Tech Limited | Auckland | New Zealand | 1051 |
| Premiere Accounting Solutions Ltd | New Market | New Zealand | 1023 |
| Xuebing Wang | Auckland | New Zealand | 2163 |
| KGP Legal, LLC. | | Singapore | 079903 |
| Spotify Technology S.A. | Stockholm | Sweden | |
| First Abu Dhabi Bank | Abu Dhabi | United Arab Emirates | |
| ACA Capital Group Limited | London | United Kingdom | W1U 6DZ |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| David Fallon | Ealing, London | United Kingdom | W5 5SL |
| G-Club Investments Limited | Brentwood | United Kingdom | TW8 9BW |
| Haoran He | Birmingham | United Kingdom | B45 8GR |
| K Legacy Limited | London | United Kingdom | SW7 1QJ |
| Macaron Limited | West Yorkshire | United Kingdom | WF1 1SA |
| Qiang Guo | London | United Kingdom | SW7 1QJ |
| Standard Chartered PLC | London | United Kingdom | EC2V 5DD |
| Starling Bank Limited | London | United Kingdom | E1 6PW |
| Wise Creation International Limited | London | United Kingdom | EC3V3NG |
| Zhixuan Li | Marylebone, London | United Kingdom | W1U6DZ |
| Rising Sun Capital Ltd | Brentford | United Kingdom | TW89BW |
| Splendour United Limited | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| 18 Bedford Falls LLC | | | |
| ACA Capital Group Limited | Hong Kong SAR | | |
| Aissata De | | | |
| Alfa Global Limited | | | |
| Alfonso Global Limited | | | |
| Allied Capital Global Limited | | | |
| Alpha Ace Ventures Limited | | | |
| Amazing Sky Aviation Limited | | | |
| Anthony DiBattista | | | |
| Anton Development Limited | | | |
| Arcelio Limited | | | |
| Assets Sino Limited | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Auspicious Coast Limited | | | |
| Beijing Pangu Investment Inc. | | | |
| Beile Li | | | |
| Benjamin Barahona | | | |
| Caleb Hull | | | |
| Canadian Agri-product Monetary Investments Limited | | | |
| Carlos Ignacio Guaia | | | |
| Carsten Beck | | | |
| Cesare Attolini | | | |
| Cheertime International Limited | | | |
| Chris Lee | | | |
| Christina Miller | | | |

| Name | City | State/Country | Zip Code |
|------|------|---------------|----------|
| Chung Tat Chiu, Alexander | | | |
| Citico International Limited | | | |
| Commissioner of Taxation And Finance | | | |
| Conservative Campaign Fort Lauderdale | | | |
| CPA Associates | | | |
| Creative Apex Investments Limited | | | |
| Crystal Breeze Investments Limited | | | |
| Dachao Zhong | | | |
| Dacheng Qu | | | |
| DBA Luxury Cleaning NY | | | |
| Devash LLC | | | |
| Donald J Trump Jr | | | |

| Name | City | State/Country | Zip Code |
|------|------|---------------|----------|
| Doug Thompson | | | |
| Eastern Profit Corporation Limited | | | |
| Elevator Services Company LLC | | | |
| Eliseo Lopez | | | |
| Elite Well Global Limited | | | |
| Falciani Marcella | | | |
| Fiesta Investment Ltd. | | | |
| Forensic Document Examinations LLC | | | |
| Frank Waitr | | | |
| G Fashion Hold Co A Limited | | | |
| G Fashion LLC | | | |
| G Fashion Media Group Inc. | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| G Music LLC | | | |
| G News LLC | | | |
| G Service LLC | | | |
| Gerald Almeida Brant | | | |
| GF IP, LLC | | | |
| GF Italy, LLC | | | |
| GFNY, Inc. | | | |
| Globalist International Limited | | | |
| Glory Asia (H.K.) Limited | | | |
| GM 27 LLC | | | |
| Greenwich Window Treatments | | | |
| Guang Hong Limited | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Guixiang Jia | | | |
| Guojiao Qu ("Natasha") | | | |
| Hamilton Investment Management Limited | | | |
| Hamilton Opportunity Fund SPC | | | |
| Hao Haidong | | | |
| Hao Li | | | |
| Henan Yuda Real Estate Co. Ltd. | | | |
| Hero Grand Limited | | | |
| Hong Kong Pangu Plaza Commercial Development Limited | | | |
| Hongxing Geng | | | |
| Innovative Insurance Group | | | |
| Internal Revenue Service/U.S. Treasury | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Jason Miller | | | |
| Jean-Claude Boubee | | | |
| Jiaming Liu | | | |
| Jintao Li | | | |
| Jisen Hu | | | |
| John B Berryhill | | | |
| John P Morgan | | | |
| Joincorp International Limited | | | |
| Jon Michael Adams | | | |
| Joy Chance Holdings Limited | | | |
| Jumbo Century Limited | | | |
| Kaelan Dorr | | | |

| Name | City | State/Country | Zip Code |
|------|------|---------------|----------|
| Kai Enterprises LLC | | | |
| Kamel Debeche | | | |
| Kesen Yang | | | |
| Kingdom Rich Limited | | | |
| Kingman Management | | | |
| Komurotetsuya Azukariguchi Bengoshi | | | |
| Lau Lai Chun Annie | | | |
| Lawandy Advisors LLC | | | |
| Leicester Hill | | | |
| Liang Liu | | | |
| Lichun Guo | | | |
| Lijie Guo | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Limarie Reyes | | | |
| Ling Lin | | | |
| Linwan Feng ("Irene") | | | |
| Logan Cook | | | |
| Long Cheer Limited | | | |
| M F Lindberg | | | |
| Major Lead International Limited | | | |
| Manhattan Ave | | | |
| Marcella Falciani | | | |
| Max Krasner | | | |
| Maywind Trading LLC | | | |
| Media Endorsement South Dakota | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Mega Ease Investment Limited | | | |
| Min Chen | | | |
| N+W Group | | | |
| Name Corp LLC | | | |
| Noble Fame Global Limited | | | |
| Northcliffe | | | |
| NY State Department of Tax & Finance | | | |
| NYC Department of Finance | | | |
| OES PCC Limited | | | |
| Okla Inc | | | |
| Pak Siu Leung | | | |
| Paul Kelley | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Peiru Luo | | | |
| Peisha Sun | | | |
| Peter Navarro | | | |
| Plant Shed New York Flowers | | | |
| PNP | | | |
| Qidong Xia ("Chang Dao Brother") | | | |
| QuickFee | | | |
| Rich Group Development Ltd. | | | |
| Roy D Simmon | | | |
| SAAM Verspieren Group | | | |
| Script Marketing E Design | | | |
| Sean Jing | | | |

| Name | City | State/Country | Zip Code |
|------|------|---------------|----------|
| Selas Montbrial Avocats | | | |
| Shalon Clevenger | | | |
| Shane D Shook | | | |
| Shiny Mind Limited | | | |
| Sin Ting Rong, a/k/a Jaley Rong | | | |
| Small Victory Limited | | | |
| Spectrum | | | |
| Stacey Anne Hughes | | | |
| Stefano Ricci | | | |
| Stephanie Russo | | | |
| Steven Fiaravanti | | | |
| Stream | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Structure Design Build LLC | | | |
| Summer Bridges | | | |
| Super Star Project Limited (via Wise in HKD) | | | |
| TC Consultants | | | |
| TD Avenue | | | |
| Terrence Williams | | | |
| The Society of Scemamaroneck | | | |
| Tim Murtaugh | | | |
| Timothy Edward | | | |
| Town of Greenwich, CT | | | |
| Transcomputing Technologies | | | |
| Trieast Limited | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Tsang Yan Yan | | | |
| TSP International, LLC. | | | |
| Una Manyee Wilkinson | | | |
| Veritext Legal Solutions | | | |
| Victor Chang | | | |
| Victor-Oasis Consultancy Limited (via Wise in HKD) | | | |
| Viewco Building Services & Engineering Co Ltd (via Wise in HKD) | | | |
| Wealth Palm Limited | | | |
| Wei Zhang | | | |
| Wencun Guo | | | |
| Wenping Guo | | | |
| William Bradley Wendel | | | |

| Name | City | State/Country | Zip Code |
|---|---|---|---|
| Xinfang Zhang | | | |
| Yan Su | | | |
| Yan Yan Tsang | | | |
| Yinying Wang ("Aila") | | | |
| Yong Yu | | | |
| Yue Zhu | | | |
| Zero B LLC | | | |
| Zheng Zhou Guang Yi Tong Commerce and Trading Co., Ltd. | | | |
| Zhengzhou Shangjie Investments Limited | | | |
| Zongchao Yue | | | |
| | | | |

**Exhibit B**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
HO WAN KWOK, et al.,[1]                 :   Case No. 22-50073 (JAM)
                                        :
                Debtors.                :   (Jointly Administered)
                                        :
-------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULES 2002 AND 9014, (I) APPROVING FORM AND MANNER OF NOTICE OF TRUSTEE'S FORTHCOMING TOLLING MOTION AND (II) SCHEDULING HEARING**

UPON CONSIDERATION OF the motion of the Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rules 2002 and 9014, Approving Form and Manner of Notice of Trustee's Forthcoming Tolling Motion (the "Motion"), and good cause having been shown, and the Court finding that (i) the Alternative Service Methods (as defined below) are not prohibited by relevant international agreements, (ii) the Alternative Service Methods comport with constitutional notions of due process, (iii) the Trustee has made reasonable efforts to serve the Potential Defendants; and (iv) the Court's intervention is necessary, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

ORDERED, that a hearing on the Tolling Motion shall be held on **February 13, 2024 at [__].** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604; and it is further

ORDERED, that the deadline to object to the Tolling Motion shall be **February 5, 2024 at 12:00 p.m. (prevailing Eastern time)** with the Trustee's reply (if any) to be filed by **February 9, 2024**; and it is further

ORDERED, that the Trustee is permitted to serve the Tolling Motion, via the Alternative Service Methods (as defined below), on the Alternative Service Defendants,[2] which includes Potential Defendants that (i) the Trustee is not able to serve personally or by mail in accordance with Federal Rule of Bankruptcy Procedure 7004, (ii) are outside the United States, (iii) whose addresses (physical and/or digital) are currently unknown, and/or (iv) whose names are currently unknown; and it is further

ORDERED, that Alternative Service Methods include any of the following alternative service methods: (1) first class mail to the last known physical address (if known); (2) email (if known); (3) first class mail and email to counsel (if known); (4) service on all registered agents in the British Virgin Islands; (5) service on the specific registered agent of any Alternative Service Defendant (if known); and/or (6) publication notice; and it is further

ORDERED, that notwithstanding the other terms and conditions of this Order, to the extent an Alternative Service Defendant is located in a country that is a party to the Hague Convention that has objected to service by mail thereunder, the Trustee shall not serve such defendant by mail, either directly or through a registered agent; and it is further

---

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

2

ORDERED, that the Proposed Form of Notice attached to this Order as **Exhibit 1** and the Publication Notice attached to this Order as **Exhibit 2** are hereby approved; and it

ORDERED, that all Potential Defendants (except for Alternative Notice Defendants receiving publication notice only) shall receive notice of the Tolling Motion in the form set forth as **Exhibit 1** to this Order; and it is further

ORDERED, that all Alternative Notice Defendants shall receive Publication Notice as set forth as **Exhibit 2** to this Order; and it is further

ORDERED, that the Trustee is to use as many Alternative Service Methods as applicable to each Alternative Notice Defendant; and it is further

ORDERED, that the Publication Notice shall be published once in each the following publications:  (i) the *USA Today*; (ii) *Sing Tao USA* (with the Publication Notice translated into Mandarin); and (iii) *The World Journal* (with the Publication Notice translated into Mandarin), with such publications to occur no later than ten (10) days after the entry of this Order.

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

_____

Julie A. Manning,
United States Bankruptcy Judge

**Exhibit 1**
**<u>Form of Notice</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK, *et al.*,[1]                           :    Case No. 22-50073 (JAM)
                                                    :
            Debtors.                                :    (Jointly Administered)
                                                    :
-------------------------------------------------------x

<u>**NOTICE OF MOTION TO EXTEND STATUTE OF LIMITATIONS**</u>

<u>**PLEASE READ THIS NOTICE AND ALL ATTACHMENTS CAREFULLY (AND
CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS) BECAUSE THEY
CONTAIN DEADLINES AND PROCEDURES THAT MAY IMPACT YOUR LEGAL
RIGHTS**</u>.

  **PLEASE TAKE NOTICE** that on January [--], 2024, Luc A. Despins, in his capacity as

the chapter 11 trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11 case of Ho

Wan Kwok (the "<u>Debtor</u>"), by and through his undersigned counsel, filed a *Motion for Entry of*

*an Order Extending Deadline for Trustee to Bring Avoidance Actions Under Bankruptcy Code*

*Sections 108, 546, and 549* (the "<u>Tolling Motion</u>).  The Tolling Motion is appended to this

Notice.

  **What is the Purpose of the Tolling Motion?**  Among other things, the Tolling Motion

requests a tolling of the statutory deadline(s) to file causes of action seeking recovery or other

relief from Potential Defendants.  Potential Defendants are parties (individuals or entities) that (i)

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
       LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
       (solely for purposes of notices and communications).

have received any transfers from any of the parties listed on **<u>Schedule I</u>** to this Notice, (ii) are subsequent transferees of such parties, or (iii) are listed on **<u>Schedule II</u>** to this Notice.

  **Why am I receiving this Notice?** You are receiving this Notice because the Trustee believes that you are a Potential Defendant against whom the Tolling Motion seeks relief.  The fact that you received this Notice **<u>does not</u>** necessarily mean that any claims have yet, or will be, brought against you.

  **Can I object to the Tolling Motion?**  Yes.  A hearing on the Tolling Motion will be held on **February 13, 2024 at [\_\_]:00 [\_\_].m.** before the Honorable Julie A. Manning of United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) in Courtroom 123 at 915 Lafayette Blvd., Bridgeport, CT.  Potential Defendants have a right to object to the Tolling Motion at the aforementioned hearing.  Potential Defendants who wish to file a written objection to the Tolling Motion must do so by **February 5, 2024 at 12:00 p.m. (prevailing Eastern time)**.

  **What happens if I do not object to the Tolling Motion?**  The Tolling Motion may impact your legal rights, and Potential Defendants who do not timely object to the Tolling Motion may waive their right to do so at a later time.

*[Remainder of page intentionally left blank.]*

## Schedule I

7-STAR (H.K.) GROUP HOLDINGS LIMITED
AA GLOBAL VENTURES LIMITED
AAGV LIMITED
AARON MITCHELL
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT MANAGEMENT LIMITED
ACE DECADE LIMITED
AILING SUN
ALEX HADJICHARALAMBOUS
ALFA GLOBAL LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPHA ACE VENTURES LIMITED
AMAZING SKY AVIATION LIMITED
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
ARCELIO LIMITED
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
AVIATION TRUSTE COMPANY, LLC
BEIJING PANGU INVESTMENT INC.
BERNANDO ENRIQUEZ
BOUILLIOUR HOLDINGS LIMITED
CANADIAN AGRI-PRODUCT MONETARY INVESTMENTS LIMITED
CHEERTIME INTERNATIONAL LIMITED
CHINA GOLDEN SPRING GROUP
CHRIS LEE
CHUNG TAT CHIU, ALEXANDER
CHUNGUANG HAN ("HANK")
CITICO INTERNATIONAL LIMITED
CRANE ADVISORY GROUP
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
DACHAO ZHONG
DAWN STATE LIMITED
DEFENG CAO ("WAYNE/MAX")
EAGLE EYE INVESTMENTS LIMITED
EASTERN PROFIT CORPORATION LIMITED
ELITE WELL GLOBAL LIMITED
FIESTA INVESTMENT LTD.
FREEDOM MEDIA VENTURES LIMITED

FREEDOM MEDIA VENTURES LIMITED
G FASHION HOLD CO A LIMITED
G FASHION HOLD CO B LIMITED
G FASHION MEDIA GROUP INC.
G SERVICE LLC
GETTR USA, INC.
GF IP, LLC
GF ITALY, LLC
GFNY, INC.
GLADYS CHOW
GLOBALIST INTERNATIONAL LIMITED
GLORY ASIA (H.K.) LIMITED
GOLDEN SPRING (NEW YORK) LTD.
GREENWICH LAND, LLC
GTV MEDIA GROUP, INC.
GUANG HONG LIMITED
GUIXIANG JIA
GUO MEDIA
GUOJIAO QU ("NATASHA")
H RESERVE MANAGEMENT LTD
HAMILTON CAPITAL HOLDING LTD.
HAMILTON INVESTMENT MANAGEMENT
HAMILTON OPPORTUNITY FUND
HAMILTON PE FUND SP
HAO LI
HAORAN HE
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HENAN YUDA REAL ESTATE CO. LTD.
HERO GRAND LIMITED
HIMALAYA CURRENCY CLEARING PTY LTD.
HIMALAYA INTERNATIONAL CLEARING LIMITED
HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED
HIMALAYA INTERNATIONAL RESERVES LIMITED
HIMALAYA NEW WORLD INC.
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
HO WAN KWOK
HOLY CITY HONG KONG VENTURES LTD.
HONG KONG PANGU PLAZA COMMERCIAL DEVELOPMENT LIMITED
HUDSON DIAMOND HOLDING LLC
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
JADE CHERISH LIMITED

JESSICA MASTROGIOVANNI
JINTAO LI
JISEN HU
JOE WANG
JOINCORP INTERNATIONAL LIMITED
JOVIAL CENTURY INTERNATIONAL LIMITED
JOY CHANCE HOLDINGS LIMITED
JUMBO CENTURY LIMITED
K LEGACY LIMITED
KARICH INTERNATIONAL LIMITED
KESEN YANG
KINGDOM RICH LIMITED
KWOK HO WAN
LEADING SHINE LIMITED
LEADING SHINE NY LIMITED
LEXINGTON PROPERTY AND STAFFING INC.
LEXINGTON PROPERTY MANAGEMENT, INC.
LICHUN GUO
LIJIE GUO
LIMARIE REYES
LINWAN FENG ("IRENE")
LONG CHEER LIMITED
MAJOR LEAD INTERNATIONAL LIMITED
MAX KRASNER
MAYWIND TRADING LLC
MEGA EASE INVESTMENT LIMITED
MOUNTAINS OF SPICES LLC (D/B/A NEW YORK FARM)
NEW DYNAMIC DEVELOPMENT LIMITED
NEW HENRY INVESTMENT LIMITED
NEXT TYCOON INVESTMENTS LIMITED
NOBLE FAME GLOBAL LIMITED
O.S.C. ORBIT SERVICE COMPANY LLC
PA BUSINESS ADVISORY LIMITED
PA BUSINESS OPPORTUNITY VII LIMITED
PA BUSINESS OPPORTUNITY VIII LIMITED
PEISHA SUN
POWER WEALTH GLOBAL LIMITED
QIDONG XIA ("CHANG DAO BROTHER")
RICH GROUP DEVELOPMENT LTD.
RISING SUN CAPITAL LTD
ROSY ACME VENTURES LIMITED
RULE OF LAW FOUNDATION III, INC.
RULE OF LAW SOCIETY IV, INC.
SAIL VICTORY LIMITED

SARACA MEDIA GROUP, INC.
SCOTT BARNETT
SEAN JING
SHINY ACE LIMITED
SHINY MIND LIMITED
SHINY TIMES HOLDING LIMITED
SIN TING RONG, A/K/A JALEY RONG
SMALL VICTORY LIMITED
SPIRIT CHARTER INVESTMENT LIMITED
SPLENDOUR UNITED LIMITED
STICHTING DUURZAME
STICHTING DUURZAME
STRONG COUNTRY HOLDINGS GROUP LIMITED
TAURUS FUND LLC
TAURUS MANAGEMENT LLC
THE HIMALAYA EXCHANGE
THE HIMALAYA FARM ALLIANCE
THE NEW FEDERAL STATE OF CHINA
THOUSAND STARS COMPANY LIMITED
TRIEAST LIMITED
VISION ONE INVESTMENTS LIMITED
VOICE OF GUO MEDIA INC.
WEALTH PALM LIMITED
WEI ZHANG
WELL ORIGIN LIMITED
WENCUN GUO
WENPING GUO
WHITECROFT SHORE LIMITED
WILLIAM JE
WISE CREATION INTERNATIONAL LIMITED
WORLD CENTURY LIMITED
XUEBING WANG
YA LI ("MULAN")
YAN SU
YAN YAN TSANG
YANPING "YVETTE" WANG
YINYING WANG ("AILA")
YONG YU
YONGBING ZHANG
YONGPING YAN
YUMEI HAO
ZHENG ZHOU GUANG YI TONG COMMERCE AND TRADING CO., LTD.
ZHENGZHOU SHANGJIE INVESTMENTS LIMITED
ZONGCHAO YUE

## **Schedule II**
**Currently Known Alternative Service Defendants**

**[To be updated on date of notice.]**

**<u>Exhibit 2</u>**
**Form of Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------------------X
                                                    :
In re:                                              :   Chapter 11
      Ho Wan Kwok,                              :   Case No. 22-50073 (JAM)
               Debtor.[1]              :
-------------------------------------------------------------------------------X

## NOTICE OF MOTION TO EXTEND STATUTE OF LIMITATIONS

**PLEASE TAKE NOTICE THAT**

On February 15, 2022 (the "Petition Date"), Mr. Ho Wan Kwok (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the chapter 11 trustee (the "Trustee") in the Debtor's chapter 11 case (the "Chapter 11 Case").

On [•], 2024, the Bankruptcy Court entered the *Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rules 2002 and 9014, (I) Approving Form and Manner of Notice of Trustee's Forthcoming Tolling Motion and (II) Scheduling Hearing* [Docket No. • ] (the "Notice Order") authorizing the form and manner by which the Trustee may provide notice of the Tolling Motion (as defined below).

On [•], 2024, the Trustee filed the [•] [Docket No. • ] (the "Tolling Motion"). The Tolling Motion requests a tolling of the statutory deadline(s) to file causes of action seeking recovery or other relief from Potential Defendants. Potential Defendants are parties (individuals or entities) that (i) have received any transfers from any of the parties listed on **Schedule I** to the Notice Order, (ii) are subsequent transferees of such parties, or (iii) are listed on **Schedule II** to the Notice Order.

Pursuant to the relief granted in the Notice Order, the Trustee hereby provides this notice (the "Notice") to all Potential Defendants of the Trustee's intent to extend the statute of limitations for actions described in the Tolling Motion. The Tolling Motion and **Schedule I** and **Schedule II** to the Notice Order can be found at the Debtor's restructuring website at https://dm.epiq11.com/case/kwoktrustee/dockets

If you wish to challenge the relief requested in the Tolling Motion, you must file and serve a written objection so that such objection is filed with the Bankruptcy Court and actually received no later than **February 5, 2024 at 12:00 p.m. (prevailing Eastern time)** (the "Objection Deadline"), by the following parties: (a) counsel to the Debtor, Zeisler & Zeisler, P.C., 10 Middle Street, 15th Floor, Bridgeport, CT 06605 (Attn: Eric Henzy (ehenzy@zeislaw.com)); Attn: James M. Moriarty (jmoriarty@zeislaw.com)), (b) counsel to the Trustee (i) Paul Hastings LLP, 200 Park

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known by the following names: Guo Wengui; Miles Guo; and Miles Kwok.

Avenue, New York, NY 10166 (Attn: Douglass Barron (douglassbarron@paulhastings.com)); (ii) Neubert, Pepe & Monteith, P.C., 195 Church Street, 13th Floor, New Haven, Connecticut 065510 (Attn: Patrick Linsey (plinsey@npmlaw.com)); (c) counsel to the official committee of unsecured creditors, Pullman & Comley, LLC, 850 Main Street, 8th Floor PO Box 7006, Bridgeport, CT 06601-7006 (Attn: Irve J. Goldman (igoldman@pullcom.com)), (d) those parties that filed a notice of appearance in the Chapter 11 Case, and (e) the United States Trustee for the District of Connecticut, Giaimo Federal Building, Room 302, 150 Court Street, New Haven, CT 06510 (Attn: Holley L. Claiborn (Holley.L.Claiborn@usdoj.gov)).

A hearing to consider the Tolling Motion will be held on **February 13, 2024, at [•] p.m. (prevailing Eastern Time)** before the Honorable Julie A. Manning in the Bankruptcy Court, 915 Lafayette Boulevard, Bridgeport, CT 06604.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE TOLLING MOTION AND SCHEDULE I AND SCHEDULE II ATTACHED TO THE NOTICE ORDER, AS YOUR RIGHTS MIGHT BE AFFECTED.  POTENTIAL DEFENDANTS WHO DO NOT TIMELY OBJECT TO THE TOLLING MOTION MAY WAIVE THEIR RIGHT TO DO SO AT A LATER TIME.**

If you require additional information regarding this Notice, you may contact the Trustee's counsel, Paul Hastings LLP, by e-mailing douglassbarron@paulhastings.com.