```
                       UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF CONNECTICUT
                            BRIDGEPORT DIVISION


IN RE:                           .  Chapter 11
                                 .  Case No. 22-50073 (JAM)
HO WAN KWOK AND GENEVER          .
HOLDINGS CORPORATION AND         .
GENEVER HOLDINGS, LLC,           .  Brien McMahon Federal Building
                                 .  915 Lafayette Boulevard
                                 .  Bridgeport, Connecticut 06604
         Debtor.                 .
                                 .  Wednesday, January 10, 2024
. . . . . . . . . . . . . . . .  .  3:01 p.m.

                           TRANSCRIPT OF HEARING
                  BEFORE THE HONORABLE JULIE A. MANNING
                      UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Chapter 11
Trustee:                      Patrick R. Linsey, Esquire
                              NEUBERT PEPE & MONTEITH, P.C.
                              195 Church Street
                              13th Floor
                              New Haven, Connecticut 06510

                              -and-

                              Luc A. Despins, Esquire
                              PAUL HASTINGS, LLP
                              200 Park Avenue
                              New York, New York 10166

(APPEARANCES CONTINUED)

Audio Operator:               Electronically recorded

Transcription Company:        Reliable
                              The Nemours Building
                              1007 N. Orange Street, Suite 110
                              Wilmington, Delaware 19801
                              Telephone: (302)654-8080
                              Email: gmatthews@reliable-co.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

```
 1  APPEARANCES (CONTINUED):

 2  For Pacific Alliance
    Asia Opportunity
 3  Fund L.P.:              Annecca H. Smith, Esquire
                            ROBINSON & COLE, LLP
 4                          280 Trumbull Street
                            Hartford, Connecticut 06103
 5
                            -and-
 6
                            Stuart M. Sarnoff, Esquire
 7                          Mia N. Gonzalez, Esquire
                            O'MELVENY & MYERS, LLP
 8                          Times Square Tower
                            7 Times Square
 9                          New York, New York 10036

10  For the Official
    Committee of Unsecured
11  Creditors:              Kristin B. Mayhew, Esquire
                            PULLMAN & COMLEY, LLC
12                          850 Main Street
                            8th Floor
13                          Bridgeport, Connecticut 06601

14  For G Club
    International:          Jeffrey M. Sklarz, Esquire
15                          GREEN & SKLARZ, LLC
                            One Audubon Street
16                          3rd Floor
                            New Haven, Connecticut 06511

17

18  For the U.S. Trustee:   Holley, L. Claiborn, Esquire
                            OFFICE OF THE UNITED STATES TRUSTEE
19                          Robert N. Giaimo Federal Building
                            150 Court Street
20                          Room 302
                            New Haven, Connecticut 06510

21

22

23

24

25
```

1                            INDEX

2  MOTIONS:                                                    PAGE

3  Matter
   No. 2496:  Order Setting Status Conference                     4
4

5

6  Transcriptionist's Certificate                                16

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       (Proceedings commenced at 3:01 p.m.)

2       THE CLERK: The United States Bankruptcy Court for
3  the District of Connecticut is now in session. The Honorable
4  Julie Manning is presiding.

5       We are on Case Number 22-50073, Ho Wan Kwok.

6       THE COURT: Okay. Good afternoon.

7       This is Judge Manning. I'm not in a place where I
8  can be on a video, but you all needed to have this conference
9  this afternoon, so I've made myself available only,
10 unfortunately, by audio. So I'll have to ask you all to
11 state your name for the record and then I'll ask Trustee
12 Despins, who's called the -- who's requested the conference,
13 to let me know what he -- I have an idea, I think, of what
14 you want it talk about, but I'd like you to make a record
15 about that.

16      So if we could start with appearances, please,
17 with Trustee Despins, and then everyone else, please note
18 your appearance for the record.

19      MR. DESPINS: Good afternoon, Your Honor, and
20 thank you for seeing us on such short notice. Luc Despins,
21 Chapter 11 trustee.

22      MR. LINSEY: Good afternoon, Your Honor. Patrick
23 Linsey, counsel for the trustee.

24      MS. CLAIBORN: Good afternoon, Your Honor. Holley
25 Claiborn for the U.S. Trustee.

1     MR. SARNOFF: Good afternoon, Your Honor. It's
2  Stuart Sarnoff and Mia Gonzalez from O'Melveny, on behalf of
3  PAX, and with us, I believe, is our local counsel, Annecca
4  Smith.
5     MS. MAYHEW: Good afternoon, Your Honor. Kristin
6  Mayhew, Pullman & Conway, on behalf of the creditors
7  committee.
8     MR. SKLARZ: Good afternoon, Your Honor. Jeffrey
9  Sklarz of Green & Sklarz, for G Club International.
10    THE COURT: Okay. Thank you.
11    Has everyone noted their appearances for the
12 record, then?
13    MR. DESPINS: I believe so, Your Honor. This is
14 Luc Despins.
15    THE COURT: Okay. Trustee Despins, please go
16 right ahead.
17    MR. DESPINS: Okay. And, again, thank you for
18 seeing us on such short notice. And my apologies that it's
19 something we probably could have covered at the hearing and
20 not gone until 6 o'clock yesterday, but let me try to
21 describe the points, just mention them and then I'll go into
22 them in detail.
23    The first one relates to the privilege motion, the
24 waiver of the privilege motion. The second one is tolling
25 agreements. The third one is the issue of tolling agreements

1   to be signed by parties to potential fraudulent transfer
2   actions.  The next one is the Axos, or the entry of an order
3   directing Axos to transfer money to the trustee.  And the
4   last one is the scheduling of the, or the rescheduling of the
5   Bombardier aircraft adversary proceeding summary judgment
6   that Mr. Linsey is handling.
7              So let me start from the top.  The first one, as
8   you know, Your Honor, as part of the Bombardier adversary
9   proceeding, there was a motion filed to either file
10  privileged information under seal or have an order to waive
11  the privilege in a limited way that was proposed by the
12  debtor.  And you may have seen that we filed with the Court a
13  copy of the superseding indictment filed in the criminal
14  case, as well as a motion, a renewed motion by Mr. Kwok to
15  stay the Chapter 11 case.
16             And one of the arguments made in that motion is
17  that they will be or there's an impending possibility of a
18  waiver of the privilege, which could be damaging to Mr. Kwok.
19  So the reason I'm raising that, Your Honor, is to say that
20  you may have seen in our summary judgment paper we made no
21  reference to the privileged information, no reference or no
22  use of the privileged information, and we're -- so,
23  therefore, we're relying on the summary judgment papers
24  without that information.  And, therefore, as we said in the
25  filing we made with the Court where we advised the Court of

1   the renewed motion for stay of the Chapter 11 case, we said
2   that the trustee did not expect the Court to rule on the
3   privilege motion until later, only if, by the way, the motion
4   for summary judgment was not granted.
5              Obviously, we filed a motion for summary judgment
6   because we think it's going to be granted -- that's not
7   before the Court -- but the point here is there's no
8   expectation of any ruling on the privilege motion for quite a
9   while.  So we want to make sure that you had seen that.
10             THE COURT:  Okay.  So let me just ask you a
11  question about that.  I appreciate that.
12             So you're saying that in the Bombardier adversary
13  proceeding, you're asking the Court to rule on summary
14  judgment on a submission that doesn't include any privileged
15  information or information that Mr. Kwok would assert could
16  be a waiver of his privilege and that that pending motion
17  regarding those issues, I can address at some time in the
18  future?
19             MR. DESPINS:  That's correct.
20             And I would say not the imminent future because,
21  as I said, and I don't want to be overly aggressive of it, so
22  we think the motion for summary judgment should be granted.
23  If it's denied, then an eventual trial, which would not take
24  place for several months and, therefore, we don't believe
25  that the Court needs to consider that motion or rule on it at

1  this time.
2              THE COURT:  Okay.  I understand, thank you.
3              MR. DESPINS:  So the next matter, Your Honor, is
4  the filing of -- and this is, like, again, I use the analogy
5  of Russian dolls -- the filing of a motion for an order
6  establishing the form and manner of notice of a motion, which
7  has not been filed yet, but will be filed soon, a motion for
8  an order tolling the Section 546 statute of limitations.  So
9  I wanted to make sure that, one, that was on your radar
10 screen, because we've been filing a lot of motions and papers
11 recently and the timing of that motion, meaning the motion to
12 approve the form of notice, the time we're seeking is
13 relatively short in the sense that we're seeking a hearing
14 before Your Honor next Tuesday the 16th, with an objection
15 deadline of Monday the 15th.  And, you know, again, because
16 it's moving so fast, I wanted to make sure that Your Honor
17 was aware -- well, I'm sure you're aware -- but Your Honor
18 knew of the short schedule we're requesting here.
19             And to be clear, this is not the tolling motion;
20 this is only the Court considering the form of notice that
21 should be given to potential defendants to tell them, there
22 will be a hearing -- by the way, the hearing we're seeking is
23 on February 13th -- a hearing to determine whether the
24 statute should be equitably tolled.
25             I want the Court to know that we're not, you know,

1    going to rest on our laurels; meaning, we're not filing this
2    motion and say, Okay, we don't need to do anything.  The
3    trustee team, you know, led by Mr. Linsey's firm, will be
4    filing numerous avoidance actions before the 15th.  That's
5    the game plan.  So there will be an extensive effort made to
6    file as many as we can.
7             But sitting here today, I can almost guarantee
8    that we will not know of either the identity of some
9    defendants or of the full amount of claims.  So, for example,
10   we know that there were millions of dollars that were
11   transferred to family members, but I am relatively sure,
12   based on what we know, that we don't know the full extent of
13   that.
14            So we will file complaints against the family
15   members and others, but we will not know the full extent and,
16   therefore, we need a -- we're seeking the Court entering an
17   order tolling the Section 546 statute of limitations.  So
18   that's the background.  We're not arguing the merits of that;
19   we just wanted to make sure this was on your radar screen,
20   because you have a very busy calendar and, here, we're
21   seeking a very short turnaround on that notice motion, not
22   the main motion itself.
23            THE COURT:  And that notice motion was filed
24   yesterday?
25            MR. DESPINS:  Yes, Your Honor.

1             THE COURT:  Okay.  I haven't looked at it yet, but
2  I understand what you're saying and I understood from a
3  brief, very brief look at the motion's title, anyway, that
4  you were -- the hearing that you're seeking next week is just
5  on the process, not the substance, correct?
6             MR. DESPINS:  Correct.
7             THE COURT:  So I would assume, after I look at
8  what you're talking about -- after I look at the motion, it
9  was a motion to expedite the hearing on the motion to
10 establish a notice procedure, I believe, correct?
11            MR. DESPINS:  Correct, exactly.
12            THE COURT:  So, I assume that will be granted and
13 there'll be a hearing scheduled for next Tuesday afternoon
14 with an objection deadline of Monday, understanding that the
15 Court is closed on Monday for the Martin Luther King holiday,
16 but, obviously, electronic filing is available.  So, you
17 know, that's all I can say about that.  That's how it'll have
18 to work, I suppose.
19            MR. DESPINS:  Understood, Your Honor.  Thank you.
20            THE COURT:  Okay.
21            MR. DESPINS:  The next matter is tolling
22 agreements.  As you can imagine, we've been in discussions
23 with people that are potential defendants and we are asking
24 them to sign tolling agreements, which, obviously, is the
25 best approach we can get those.

1      Some potential defendants have expressed concerns.
2 By the way, these agreements would be in the form of a Court-
3 approved stipulation signed by the Court, if Your Honor finds
4 that appropriate.  But some of the potential defendants have
5 expressed concern over the fact that it would be a public
6 filing, basically listing them as potential defendants.
7      And the question we have is whether the Court
8 would be receptive to filing -- you know, there will be an
9 omnibus motion to approve a series of tolling agreements and
10 whether we could redact the names of the potential defendants
11 because it's going to be relevant to the public who is
12 agreeing to toll the statute of limitations.  Obviously, the
13 parties, which are the creditors committee, the U.S. Trustee
14 would have total access to that, but, obviously, it helps us
15 getting those stipulations if there's no public disclosure of
16 the identity of these parties.  So --
17      THE COURT:  I think that doesn't seem to be a
18 problem from my perspective, but I think you'd still have to,
19 along with your motion, you know, seek the redactions in a
20 motion, you know --
21      MR. DESPINS:  Yes.
22      THE COURT:  -- that everyone is on notice that
23 you're redacting names.
24      MR. DESPINS:  Okay.
25      THE COURT:  Then, if they have an objection to it,

```
 1  they'll file an objection and we'll address it.
 2              MR. DESPINS:  Okay.  Thank you, Your Honor.
 3              The next matter is Attorney Linsey filed a motion
 4  to enforce a prior order of the Court.  That's the order
 5  finding that Golden Spring is the alter ego and is equitably
 6  owned by the debtor and, therefore, you know, by the trustee,
 7  at this point, and that's in section with a bank called Axos.
 8  Axos holds one million five or one million six -- I forget
 9  the exact amount -- of Golden Spring's money and they're
10  happy to turn it over as long as there's a court order.  So
11  we just wanted to make sure that Your Honor was aware this is
12  consensual, meaning they're not opposing that.  This would be
13  an incoming fund to the estate so I wanted to make sure that
14  Your Honor was aware of that.
15              THE COURT:  I am aware of that.
16              MR. DESPINS:  Okay.  And --
17              THE COURT:  I haven't had the time to act on it,
18  but I am aware of that and I'm sure we will be able to do
19  that by close of business tomorrow.
20              MR. DESPINS:  And the last matter -- thank you,
21  Your Honor -- the last matter, Your Honor, I'll ask
22  Mr. Linsey to address, which is a change in the summary
23  judgment hearing date, or propose to request a change on the
24  hearing date to the summary judgment of the Bombardier
25  adversary proceeding.  So I'll turn it over to Mr. Linsey.
```

1     MR. LINSEY: Thank you, Your Honor.

2     Your Honor had previously entered an order when we
3  briefly adjourned the summary judgment motion filing
4  deadline, scheduling the summary judgment -- setting an
5  objection deadline of the 18th and scheduling a hearing for
6  the 30th.

7     I should mention, I did speak with counsel for Mei
8  Guo and they are aware that I'm discussing this with the
9  Court and I have their consent to do so.

10    THE COURT: Okay. Thank you.

11    MR. LINSEY: I am traveling out of town on a
12  family matter on the 30th and counsel for Mei Guo has
13  consented, if the Court is agreeable, to rescheduling the
14  hearing the following week during the 5th, 6th, or 7th of
15  February.

16    THE COURT: I can't do the -- I don't know that
17  that's going to work. We might have to go to the following
18  week and I'll tell you why.

19    We've got -- well, we have scheduling issues that
20  week, number one. Number two, the afternoon of the 6th is
21  going to be the Chapter 13 calendar so we might have to go to
22  the 13th, but I'll look at it.

23    But what you're asking me, with the consent of
24  whom, of Zeisler & Zeisler and the Vartan firm, are they all
25  on consent with this?

1  MR. LINSEY: I spoke with James Moriarty, who said
2 that he --
3  THE COURT: Okay.
4  MR. LINSEY: -- was passing along consent as
5 counsel for Mei Guo.
6  THE COURT: Okay. So you've consented to
7 reschedule it to the week of February 5th, if possible, and I
8 don't know that that's possible. It may have to go to the
9 next week.
10  But what about the objection deadline, is that
11 getting extended out, as well?
12  MR. LINSEY: Good question. That's where I was
13 going.
14  So the terms of the agreement included moving the
15 objection deadline so that it stays 12 days in advance of the
16 hearing date.
17  THE COURT: Okay.
18  MR. LINSEY: So I will -- this week, my office
19 will file a consent motion for the adjournment of that
20 hearing that includes the fine-tuned details about the
21 briefing schedule for the Court's consideration.
22  THE COURT: Well, I suppose in order for you to do
23 that, you need a date and time, though, for the hearing.
24  MR. LINSEY: It would be most helpful if we had
25 that in advance and then I could just --

```
 1                THE COURT:  Okay.
 2                MR. LINSEY:  -- have everything pre-done.
 3                THE COURT:  Well, hopefully, you'll have that by
 4   close of business tomorrow.
 5                MR. LINSEY:  Thank you, Your Honor.
 6                THE COURT:  Okay.
 7                MR. DESPINS:  And, Your Honor, that completes it.
 8   We said 15 minutes.  It ended up being 17 minutes, but I'll
 9   take it.
10                So, we really appreciate it.  I understand the
11   Court is not always at our disposal, but this time, it made
12   sense to cover these points if we could, so I appreciate that
13   very much.  And that completes it, from our perspective, what
14   we wanted to cover today.
15                THE COURT:  Okay.  Thank you all.  I appreciate
16   that.
17                Does anyone else wish to be heard?
18           (No verbal response)
19                THE COURT:  Okay.  Thank you, then.
20                This status conference is concluded and court is
21   adjourned.  Thank you.
22                COUNSEL:  Thank you, Your Honor.
23                THE CLERK:  Court is adjourned.
24           (Proceedings concluded at 3:17 p.m.)
25
```

```
 1                        CERTIFICATION
 2           I certify that the foregoing is a correct
 3  transcript from the electronic sound recording of the
 4  proceedings in the above-entitled matter to the best of my
 5  knowledge and ability.
 6
 7  /s/ William J. Garling                    January 12, 2024
 8  William J. Garling, CET-543
 9  Certified Court Transcriptionist
10  For Reliable
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```