**Exhibit 6**

**IT IS SO ORDERED.**


Dated:  March 25, 2015
       11:19:59 AM

_Kay Woods_
**Kay Woods**
**United States Bankruptcy Judge**


```
                 UNITED STATES BANKRUPTCY COURT
                   NORTHERN DISTRICT OF OHIO
                              *
IN RE:                        *
                              *      CASE NUMBER 13-40813
D & L ENERGY, INC., et al.,   *
Debtors and Debtors-in-       *      CHAPTER 11
Possession,                   *
                              *      HONORABLE KAY WOODS
     Debtors.                 *
                              *
******************************************************************
    MEMORANDUM OPINION REGARDING EXTENSION OF DEADLINE
  TO FILE AVOIDANCE ACTIONS GOVERNED BY 11 U.S.C. § 546(a)
******************************************************************
```

This cause is before the Court on Motion for an Order Extending Deadline to File Avoidance Actions Governed by 11 U.S.C. § 546(a) Statute of Limitations ("Motion to Extend Deadline") (Doc. 1354) filed by Debtors D&L Energy, Inc. and Petroflow, Inc., debtors and debtors-in-possession herein ("Debtors"), on March 14, 2015. The Debtors request the Court to extend the deadline for filing avoidance actions set forth in 11 U.S.C. § 546(a)(1)(A) for an additional 120 days. The Motion to Extend Deadline was noticed

and a hearing was scheduled for March 25, 2015 with any objections or responses to be filed no later than noon on March 24, 2015 (Doc. 1365).

The only response to the Motion to Extend Deadline was Response of Packer Thomas & Company to Motion for Order Extending Deadline to File Avoidance Actions ("Packer Thomas Response") (Doc. 1370) filed by Packer Thomas & Company, d/b/a Packer Thomas, on March 23, 2015, which asserts that the Court does not have the authority to extend a congressionally-mandated statute of limitations — *i.e.*, § 546(a). On March 24, 2015, the Debtors filed an avoidance action against Packer Thomas, which is denominated Adversary Proceeding No. 15-4021. As a consequence, the Packer Thomas Response is moot since any extension of the deadline to file avoidance actions will not and cannot in any way affect Packer Thomas. Nevertheless, the Court will address the issues raised in the Packer Thomas Response.

The Court held the hearing on the Motion to Extend Deadline on March 25, 2015 ("Hearing"), at which appeared (i) Todd A. Mazzola, Esq. on behalf of the Debtors; (ii) Christopher J. Bondra, Esq. on behalf of the Official Committee of Unsecured Creditors; and (iii) Frederick S. Coombs III, Esq. on behalf of Packer Thomas. At the Hearing, the Court overruled the Packer Thomas Response and granted the Motion to Extend Deadline. This Opinion and

accompanying Order memorialize that oral ruling.[1]

There are two issues before the Court.  First, does the Court have the authority to extend the time period in § 546(a)(1)(A)? Second, if the Court does have the authority to extend the time period, have the Debtors stated "cause" to do so under Federal Rule of Bankruptcy Procedure 9006(b)(1)?

Section 546(a) sets forth the statute of limitations for the commencement of avoidance actions:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
>     (1) the later of—
>
>         (A) 2 years after the entry of the order for relief; or
>
>         (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
>     (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a) (2015).  The Debtors filed their voluntary petitions under chapter 11 on April 16, 2013.  Thus, in the present case, the statute of limitations for the Debtors to file avoidance actions will run on April 16, 2015.

Rule 9006(b)(1) provides, in pertinent part:

> (1) IN GENERAL.  Except as provided in paragraphs (2)

---

[1] To the extent the Court's oral ruling and this Opinion and accompanying Order are inconsistent, this Opinion and accompanying Order control.

and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

FED. R. BANKR. P. 9006(b)(1) (2015).

The Court first considers whether the time limit in § 546(a)(1)(A) can be extended. For the reasons set forth below, the Court finds that such authority exists.

At one time the Sixth Circuit Court of Appeals viewed the time limits in § 546(a) as jurisdictional in nature. *Martin v. First Nat'l Bank of Louisville (In re Butcher)*, 829 F.2d 596, 600 (6th Cir. 1987), *cert. denied*, 484 U.S. 1078 (1988) ("If a complaint seeking to avoid a preferential or fraudulent transfer is not filed in accordance with section 546(a), a bankruptcy court has no jurisdiction to hear the action."). However, the holding that § 546(a) is jurisdictional was abrogated in *Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163 (6th Cir. 1995):

> We now believe that our previous understanding of the effect of Civil Rule 6(a) on a "jurisdictional" statute of limitations, as explained in *Rust*, *Butcher*, and *Hilliard*, is erroneous. We now hold that the application of Appellate Rule 26(a), and likewise its counterpart Civil Rule 6(a), to calculate a limitations period does not "expand" or "enlarge" our jurisdiction./1
>
> n.1/ The distinction found in our case law between a "jurisdictional" statute of limitations, *e.g.*, *Rust*, *Butcher*, *Hilliard*, and a "procedural" one, *e.g.*, *Allgood*

4

> *v. Elyria United Methodist Home*, 904 F.2d 373 (6th Cir. 1990), is no longer meaningful for purposes of calculation of the beginning and end of a limitations period given our conceptualization of Civil Rule 6(a) and Appellate Rule 26(a) as computational rules. Even if a statute of limitations is considered to be "jurisdictional," the application of Civil Rule 6(a) and Appellate Rule 26(a) does not expand our jurisdiction.

*Id.* at 166, 166 n.1. Although the *Bartlik* case did not expressly address § 546(a) or the application of Rule 9006, it effectively overruled the *Butcher* case.

In *Frentz v. Stites & Harbison (In re ThermoView Indus., Inc.)*, 381 B.R. 225 (Bankr. W.D. Ky. 2008), Judge David T. Stosberg concurred with a prior decision by Judge Joan A. Lloyd and held that the time periods in § 546(a) could be extended, as set forth in Rule 9006(b). Judge Lloyd had held:

> This is an exceedingly complex case in which the Trustee has pursued and filed nearly 400 adversary proceedings. It is clear that the Court has discretion to extend the time within which the Trustee may commence an avoidance action upon a showing of good cause. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure gives the Court authority "for cause" . . . "at any time in its discretion" to order the time within which an act is specified to take place enlarged. This includes the period of time for commencing avoidance actions under 11 U.S.C. § 546(a). *See*, *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689, 690 (11th Cir. 2005).

*Id.* at 227 (emphasis added). Judge Stosberg collected and analyzed cases concerning whether the time limits in § 546(a) could be extended:

> Although *Bartlik* does not directly address § 546 or Fed.

5

R. Bankr. P. 9006(a), it effectively overruled the
*Butcher* case. This conclusion has been recognized by
numerous other courts. *In re TML, Inc.*, 291 B.R. 400,
432 (Bankr. W.D. Mich. 2003) ("The statute of
limitations in § 546 is not jurisdictional and may be
waived by the parties."); *Pugh v. Brook (In re Pugh)*,
158 F.3d 530, 536 n.9 (11th Cir. 1998) ("We also note
that the holdings of *Rust* and *Butcher* have been overruled
by the Sixth Circuit itself."); *In re Commercial
Financial Services, Inc.*, 294 B.R. 164 (Bankr. N.D.
Okla. 2003); *In re Outboard Marine Corp.*, 299 B.R. 488,
498 (Bankr. N.D. Ill. 2003). As can be seen, the
Defendant's reliance upon *Butcher* is misplaced.

Finally, while this Court acknowledges its duty to
follow the precedents established by the Sixth Circuit,
it would be remiss in not pointing out that the
"jurisdictional" approach taken by the Sixth Circuit in
*Butcher* has been well criticized by the other circuits,
and generally held to be unsupportable by the other
courts considering the issue. *IBT Int'l, Inc. v.
Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689 (11th
Cir. 2005) ("To read a jurisdictional bar into § 546
would lead to absurd results . . . ."); *Matter of Texas
General Petroleum Corp.*, 40 F.3d 763 (5th Cir. 1994);
*Matter of Texas General Petroleum Corp.*, 52 F.3d 1330
(5th Cir. 1995); *In re Pugh*, 158 F.3d 530 (11th Cir.
1998); *United Mine Workers of America, Intern. Union v.
Dole*, 870 F.2d 662 (D.C. Cir. 1989); *In re Rodriguez*,
283 B.R. 112 (Bankr. S.D.N.Y. 2001); *In re Day*, 82 B.R.
365 (Bankr. E.D. Pa. 1988); *In re Shape, Inc.*, 138 B.R.
334 (Bankr. D. Me. 1992); *In re Amdura Corp.*, 142 B.R.
433 (Bankr. D. Colo. 1992); *Boatman v. Furnia*, 157 B.R.
519 (Bankr. D. Conn. 1993); *In re Art & Co., Inc.*, 179
B.R. 757 (Bankr. D. Mass 1995); *In re Klayman*, 228 B.R.
805 (Bankr. M.D. Fla. 1999). Needless to say, *Butcher*
has not withstood the test of time, and it is unlikely
the Sixth Circuit would continue to adhere to *Butcher's*
jurisdictional approach to the deadlines imposed under
§ 546.

*Id.* at 229. This Court finds the reasoning of Judge Stosberg

persuasive.

The Eleventh Circuit Court of Appeals has expressly held that

6

the bankruptcy court has the authority to enlarge the periods of time in which an action may be brought under § 546(a).

> There is the threshold matter of whether the bankruptcy court had any authority — either by its own order or the doctrine of equitable tolling — to enlarge the § 546(a) period for commencing avoidance actions. The Defendants suggest that rather than a statute of limitations, § 564(a) operates as a jurisdictional bar, and point to Bankruptcy Rule 9006(b), which does not specifically provide for enlargement of time period [sic] created by statute, as opposed to those created by the Federal Rules of Bankruptcy Procedure or a court order. We find no merit in this argument. Rule 9006(b) states:
>
>> When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause may at any time in its discretion . . . order the period enlarged.
>
> Although "by these rules . . . or by order of court" does not explicitly encompass statutory timeframes, it does bring all of the Federal Rules of Bankruptcy Procedure under its umbrella. Not surprisingly, this would include Rule 7001, which defines an adversary proceeding as one "to recover money or property" and Rule 7003, which governs the commencement of adversary proceedings. To read a jurisdictional bar into § 546 would lead to absurd results, and the Defendants did not cite any authority for such a proposition. Therefore, § 546 is indeed a statute of limitations, subject to waiver, equitable tolling, and equitable estoppel.

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs.)*, 408 F.3d 689, 699 (11th Cir. 2005) (citation and parenthetical omitted).

The Court next considers whether the Debtors have stated cause for an extension of the deadline in § 546(a)(1)(A). For the reasons set forth below, the Court finds that the Debtors have

7

stated cause.

The Debtors have, to date, filed at least one adversary proceeding to avoid preferences or fraudulent transfers. When this case is converted from chapter 11 to chapter 7,[2] the Debtors will no longer have the authority to file avoidance actions. The Debtors filed the Motion to Extend Deadline because they anticipated that, if the Motion to Convert is granted, there would be a gap between the expiration of the initial two-year statutes of limitations in § 564(a)(1)(A) and the additional one-year period that would be granted to a chapter 7 trustee under § 546(a)(1)(B).

This fear is well-founded given the short period of time that will exist between the conversion of this case and the expiration of the two-year period on April 16, 2015. Although an interim chapter 7 trustee will be appointed promptly upon conversion, pursuant to 11 U.S.C. § 701, that person will not be the "first trustee [appointed] under [11 U.S.C.] § 702." 11 U.S.C. § 546(a)(1)(B). In the Motion to Extend Deadline, the Debtors note, "[I]f the Motion to Convert is granted, a permanent trustee will not be elected pursuant to 11 U.S.C. § 702 on or before April 15, 2015, which would place the interim trustee in a

---

[2] Daniel M. McDermott, United States Trustee for Region 9, filed Motion to Convert Case from Chapter 11 to Chapter 7 ("Motion to Convert") (Doc. 1340) on March 5, 2015. The Court held a hearing on the Motion to Convert on March 17, 2015, at which time the Court indicated that it would grant the Motion to Convert but hold its ruling in abeyance until it ruled on the Motion to Extend Deadline at the March 25, 2015 Hearing.

8

difficult position of investigating and filing all avoidance actions governed by 11 U.S.C. § 546(a) within less than one month after appointment." (Mot. to Ext. Deadline ¶ 7.)

At least two circuit courts have held that the one-year period in § 546(a)(1)(B) is not applicable upon appointment of a § 701 interim trustee, but only when the § 702 trustee is elected or appointed before expiration of the initial two-year period in § 546(a)(1)(A). *Singer v. Franklin Boxboard Co. (In re Am. Pad & Paper Co.)*, 478 F.3d 546, 557 (3rd Cir. 2007) ("[W]e hold that section 546(a)(1)(B) of the Bankruptcy Code is amenable to a 'plain language' analysis, and we decline to read section 701 into the specific statutory provisions delineated therein."); *Fogel v. Shabat (In re Draiman)*, 714 F.3d 462, 466 (7th Cir. 2013) ("[S]ection 546(a) extends the time for suit following appointment of a trustee under section 702, while an interim trustee is appointed under section 701.").

The circumstances in the present case warrant an extension of the time period in § 546(a)(1)(A). As the Debtors state, all parties initially thought that there would be 100 percent recovery on all unsecured claims. As a consequence, the Debtors did not find it prudent to spend estate resources in pursuing avoidance actions for the benefit of only the equity holders. As the case has progressed, however, it has become apparent that the general unsecured creditors will receive only cents on the dollar, making

9

pursuit of avoidance actions beneficial to the unsecured creditors.

In the Motion to Extend Deadline, the Debtors represent that, in recent weeks, they have been cautious in expending the estate's resources and hesitant to prepare and file avoidance actions immediately preceding a potential conversion of the case to chapter 7. Once the Court grants the Motion to Convert, the Debtors will longer have the authority to file the avoidance actions, although the time period to do so will not yet have expired. The two-year period for filing avoidance actions in § 546(a)(1)(A) will be extended for an additional year only if a trustee is appointed pursuant to § 702 prior to April 16, 2015. Although not expressly stated by the Debtors, it would be inequitable to the unsecured creditors for the statute of limitations to expire without a full investigation of avoidance claims. The Debtors have requested a short enlargement of time to cover any potential gap if a § 702 chapter 7 trustee is not appointed or elected prior to expiration of the initial two-year period in § 546(a)(1)(A).

Although this Court is mindful that the Debtors had sufficient time to file avoidance actions, the Court finds that the unsecured creditors will be prejudiced if the time limits in § 546(a) expire before avoidance actions are filed. As a consequence, the Court finds that Debtors have stated good cause to extend the time limit

in § 546(a)(1)(A).

      As a consequence, this Court finds that: (i) the Court has the authority under Rule 9006(b)(1) to enlarge the period of time in § 546(a)(1)(A); and (ii) the Debtors have stated good cause for the Court to enlarge the period of time in which avoidance actions may be filed in this case.  The Court will grant the Motion to Extend Deadline and enter an order enlarging the time period for filing avoidance actions, as set forth in § 546(a)(1)(A), one hundred and twenty (120) days to and including August 14, 2015.

#   #   #

11