**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------------x
: 
In re:  : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. § 105(a), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7016, 7026, AND 9006, AND DISTRICT OF CONNECTICUT LOCAL BANKRUPTCY RULE 7016-1, TO APPROVE PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

Luc A. Despins, as chapter 11 trustee (the "Trustee") for Ho Wan Kwok (the "Debtor"), hereby respectfully moves (the "Motion"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), for entry of an order, in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), establishing certain procedures applicable to avoidance claim adversary proceedings related to the above-captioned chapter 11 case (the "Chapter 11 Case" or the "Main Case"). In support of the Motion, the Trustee states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**JURISDICTION, VENUE, AND STATUTORY BASES**

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 7016, 7026 and 9006, and Local Bankruptcy Rule 7016-1.

**BACKGROUND**

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

7. Since the Trustee's appointment, the Trustee has investigated the Debtor's financial affairs, including, among other things, prepetition transfers of interests of the Debtor in property and postpetition transfers of property of the Debtor's chapter 11 estate that were not authorized by the Court or under the Bankruptcy Code.

8.      Prior to February 15, 2024, the Trustee expects to commence numerous adversary proceedings to avoid and recover certain prepetition and postpetition transfers, *i.e.*, the Avoidance Actions (as defined herein).  Additional Avoidance Actions may follow after February 15, 2024. *See Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549* [ECF No. 2509].

**REQUESTED RELIEF**

9.      To manage the many anticipated Avoidance Actions efficiently, the Trustee submits that it is appropriate to establish procedures that will facilitate the orderly administration and progress of these cases.  Accordingly, by this Motion, the Trustee proposes that the Court implement the procedures set forth herein (as set forth below, the "Avoidance Action Procedures").

10.     In general, the Avoidance Action Procedures: (a) extend defendants' time to answer or otherwise respond to complaints in Avoidance Actions and the Trustee's time to respond to any motions to dismiss; (b) provide for the sealed filing of avoidance complaints containing information that was designated confidential or highly confidential by a producing party pursuant to the Protective Order and/or P.O. Addendum (as defined herein) and for the provision of such complaints to defendants that agree to become bound by the Protective Order and P.O. Addendum; and (c) establish a procedure for the parties to applicable adversary proceedings to submit proposed scheduling orders, subject to Court approval, that alleviates the need for the automatic scheduling of initial pretrial conferences.[2]  Accordingly, the Trustee submits that the implementation of the Avoidance Procedures will streamline litigation, minimize the burden of such litigation on all parties, as well as on the Court, and ensure that all such litigation proceeds in a fair and efficient manner.

---

[2] The Avoidance Action procedures provide that if any party to an Avoidance Action believes that a pretrial conference is necessary to address any issues, such a conference may be requested at any time.

11. The proposed Avoidance Action Procedures are as follows:

a. The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "Avoidance Actions").

b. Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form approved by the Court (the "Avoidance Action Procedures Notice"). The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") in the same manner as the Summons and Avoidance Complaint.

c. Motions affecting all Avoidance Actions shall be filed in the Main Case only, *provided, however,* notice of such motions and notice of any orders resolving such motions shall be filed on the docket in the Avoidance Actions. Any responses to such motions shall be filed in the Main Case only.

d. To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), *provided, however*, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint"). Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004. Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

e. An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days. Any such stipulation shall be made in writing and filed on the docket in the applicable adversary proceeding.

f. In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12(b), the Trustee shall have sixty (60) days to respond to such motion.

g. Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action

and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference. To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

h.    As soon as practicable following the Response Date, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval. If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order. If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.

i.    Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown. Such modification shall be requested by motion filed in the applicable Avoidance Action.

## BASIS FOR RELIEF REQUESTED

12.    The Court has the authority to adopt and implement the Avoidance Action Procedures governing the litigation of the Avoidance Actions pursuant to Bankruptcy Rules 7016 and 7026, section 105(a) of the Bankruptcy Code, and relevant precedent in this Circuit.

13.    Bankruptcy Rule 7016 affords the Court considerable discretion to adopt and implement procedures that will aid in the administration of the Avoidance Actions. For example, Bankruptcy Rule 7016(a) incorporates Civil Rule 16, thus authorizing the Court to consider the following in connection with pretrial proceedings:

(1) expediting disposition of the action;
(2) establishing early and continuing control so that the case will not be protracted because of lack of management;
(3) discouraging wasteful pretrial activities;
(4) improving the quality of the trial through more thorough preparation; and
(5) facilitating settlement.

14.    Moreover, Bankruptcy Rule 7016(b) gives the Court considerable flexibility in case management and scheduling. Likewise, Local Bankruptcy Rule 7016-1(a) provides for deviation from the generally applicable pretrial conference procedure if ordered by the Court.

15. In addition to the broad authority granted to the Court under the Bankruptcy Rules, section 105(a) of the Bankruptcy Code provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

> Section 105 specifically codifies what are traditionally called 'inherent powers' to give the Bankruptcy Courts the necessary ability to manage the cases on their docket. It is imperative that courts have the necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice. These powers are "necessary to the exercise of all others."

*Johnson v. McDow (In re Johnson)*, 236 B.R. 510, 521 (D.D.C. 1999); *see also In re Walker*, 195 B.R. 187, 208 (Bankr. D.N.H. 1996) (noting inherent power of courts to "manage litigation pending before" them).

16. Moreover, courts in this Circuit have frequently entered orders establishing litigation procedures similar to the ones sought herein to manage large volumes of avoidance cases. *See, e.g., In re BGI, Inc., f/k/a Border Group, Inc.*, Bankr. S.D.N.Y. case no. 11-10614 [ECF No. 2922] (Oct. 23, 2012); *In re Bernard L. Madoff*, Bankr. S.D.N.Y. case no. 08-01789 [ECF No. 3141] (Nov. 10, 2010). In each of the foregoing cases, the trustee requested and the Bankruptcy Court approved the procedures prior to the filing of the avoidance actions. *See In re BGI, Inc., f/k/a Border Group, Inc.*, Bankr. S.D.N.Y. case no. 11-10614 [ECF No. 2876] ¶ 12 (Sept. 27, 2012); *In re Bernard L. Madoff*, Bankr. S.D.N.Y. case no. 08-01789 [ECF No. 3058] ¶ 7 (Oct. 21, 2010).

## NO PRIOR REQUEST

17. No other or prior motion for the relief sought herein has been made to this Court or any other Court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**WHEREFORE**, the Court should grant this Motion by entry of the Proposed Order and grant such other and further relief as is just and proper.

Dated:   January 29, 2024
         New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett *(admitted pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft *(admitted pro hac vice)*
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[1] : Jointly Administered
: 
------------------------------------------------------------x

**[PROPOSED] ORDER APPROVING PROCEDURES**
**APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Ruel 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), establishing certain procedures applicable to avoidance claim adversary proceedings related to the above-captioned chapter 11 case; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Court hereby orders that the following procedures (the "Avoidance Action Procedures") shall govern the Avoidance Actions (as defined herein):

   a. The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code (the "Avoidance Actions").

   b. Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form substantially similar to that attached hereto as **Exhibit 1** (the "Avoidance Action Procedures Notice"). The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") in the same manner as the Summons and Avoidance Complaint.

   c. Motions affecting all Avoidance Actions shall be filed in the Main Case only, *provided, however,* notice of such motions and notice of any orders resolving such motions shall be filed on the docket in the Avoidance Actions. Any responses to such motions shall be filed in the Main Case only.

   d. To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint"). Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004. Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective

2

Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

      e.    An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days. Any such stipulation shall be made in writing and filed on the docket in the applicable adversary proceeding.

      f.    In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12(b), the Trustee shall have sixty (60) days to respond to such motion.

      g.    Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference. To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

      h.    As soon as practicable following the Response Date, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval. If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order. If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.

      i.    Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown. Such modification shall be requested by motion filed in the applicable Avoidance Action.

3.    The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5.    This Order shall be effective immediately upon entry.

# **EXHIBIT 1**

**(Form Notice of Applicability of Avoidance Action Procedures)**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>　　　　　　　Debtors.<br>──────────────<br>LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>[NAME OF DEFENDANT]<br><br>　　　　　　　Defendant. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br><br><br>Adv. Proceeding No. [_____] |

## **NOTICE OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES**

PLEASE TAKE NOTICE, that the Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings entered by the Bankruptcy Court in the above-captioned chapter 11 case [ECF No. ___] appended hereto as **Exhibit A**, is hereby made applicable to and governs this adversary proceeding.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: _____ \_\_, 2024
New Haven, Connecticut

By:_____
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

    *and*

Nicholas A. Bassett *(admitted pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft *(admitted pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*