**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM) |

**OBJECTION OF MEI GUO TO TRUSTEE'S MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY CODE SECTIONS 108, 546(a), AND 549**

Mei Guo ("Ms. Guo"), by and through her undersigned counsel, hereby objects to the Trustee's Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549 (the "Motion") [ECF 2509], and in support of the Objection respectfully states as follows:

**PRELIMINARY STATEMENT**

1. As specifically held by the Honorable James T. Tancredi in In re Walnut Hill, Inc., No. 16-20960 (JJT), 2018 WL 2672242, at *2-5 (Bankr. D. Conn. June 1, 2018), based on his well-reasoned and well-supported analysis: (i) Fed. R. Bank. P. 9006(b) "cannot" apply to Section 546(a) "without violating the separation of powers preserved in the Constitution"; and (ii) equitable tolling only applies in the context of a commenced action once a statute of limitations defense has been asserted.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2. The rationale for not applying equitable tolling prospectively is obvious. Potential defendants need to know and have the right to know what factual allegations and causes of action are being asserted against them, so they have a full and fair opportunity to respond to the equitable tolling claim. Only after the commencement of the adversary proceedings with these contentions having been actually made can those defendants and this Court evaluate whether the Trustee, despite his diligent pursuit of his and the bankruptcy estate's rights, was prevented by extraordinary circumstances from timely commencing the actions.[2]

3. The relief sought is premature, plain and simple – no one knows what the Trustee will discover in the future that he was prevented from discovering up until now.

4. Moreover, the Trustee is not prejudiced in any way if the Motion is denied. The Trustee has represented that he timely will commence numerous adversary proceedings, and the Trustee will still retain the right after he files any untimely proceeding to invoke equitable tolling in response to any asserted statute of limitations defense. Any adversary proceeding filed after the expiration of the statutory deadline would likely be commenced before this Court, which certainly has the ability and relevant case knowledge to determine on an appropriate case-by-case basis whether invocation of the equitable tolling doctrine is warranted. Even the Trustee recognizes that "[e]quitable tolling must be decided on a case-by-case basis and is not limited to a particular set of facts." See Motion ¶45. Ms. Guo could not agree more.

## LEGAL ARGUMENT

5. There is no statutory authority for the Trustee's request to extend the statute of limitations in 11 U.S.C. §§ 546(a)(1) and 549(d), and the doctrine of equitable tolling simply does

---

[2] The absurdity of the Trustee's proposition is also made evident by the fact that while he seeks from this Court a sweeping factual determination that he has been impeded from bringing any further actions, he apparently fully intends timely to bring numerous adversary proceedings. See Motion ¶1.

not apply before the commencement of the specific action. Furthermore, the Trustee has not been prevented by extraordinary circumstances from commencing any further adversary proceedings, as evidenced most obviously by the fact that he intends to commence numerous additional actions prior to the expiration of the statute of limitations on February 15, 2024. Accordingly, the Motion should be denied. The Trustee may and almost certainly will assert equitable tolling in response to any pled statute of limitations defense in the adversary proceedings he actually commences, and then this Court can decide the matter appropriately on a full record and on a case-by-case basis.

### A. Equitable Tolling Is Not Applied Prospectively

6. Judge Tancredi correctly rejected the assertion that equitable tolling could be applied prospectively - before the underlying action has even been commenced. See In re Walnut Hill, Inc., 2018 WL 2672242, at *2.

7. In Walnut Hill, the chapter 7 trustee requested the Court to both equitably toll the statute of limitations period in Bankruptcy Code Section 546(a), and extend that statutory deadline under Bankruptcy Rule 9006(b). Id. The Court noted that "the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a pending litigation." Id. (citing Long v. Abbott Mortg. Corp., 459 F. Supp. 108, 113 (D. Conn. 1978). Continuing, Judge Tancredi stated in pertinent part:

> All parties to this case acknowledge that an adversary proceeding has not been filed at this time. Pursuant to Section 546(a), the Trustee's statute of limitations for filing an adversary proceeding will expire on June 14, 2018, which has not yet come to pass. It is **wholly premature and procedurally flawed** to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances **to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted**.

Id. (emphasis added). The Court thus concluded that "reaching the issue of equitable tolling is premature and procedurally inappropriate at this time." Id.

8.      As in Walnut Hill, the adversary proceedings in which the Trustee seeks equitable tolling of the statute of limitations have yet to be filed. The potential defendants, therefore, are unable to respond in any meaningful way to the Trustee's assertion of equitable tolling. The causes of action that he allegedly has been impeded from discovering despite his purported diligence, and those that he may discover and establish in the future, are not and cannot be known at this time. Equitable tolling only applies **after** the underlying action has been commenced and a statute of limitations defense has been asserted. Accordingly, the Court should follow Walnut Hill and deny any prospective equitable tolling of the limitations statute. In due course, the Trustee will still have the right to respond with the equitable tolling doctrine and, in all likelihood, the applicability of the principle will be decided by this Court on a case-by-case basis.

9.      Several courts outside this District have also denied requests for prospective equitable tolling based upon the same logic set forth in Walnut Hill. See, e.g., In re Randolph Hospital, No. 20-10247 (LMJ), 2022 WL 19298765, at *1 (Bankr. M.D. N.C. Apr. 25, 2022) (holding that Trustee's motion to extend statutory limitations was not supported by the Federal Rules of Bankruptcy Procedure and that any equitable tolling of the statutory limitations would be premature since no adversary proceedings had been filed); In re No. 1 Contracting Corp., 2012 WL 4114818, at *1 (Bankr. M.D. Pa. Sept., 19, 2012) (denying chapter 7 trustee's request for prospective relief to extend the statute of limitations period to bring avoidance actions); In re Cramer, 636 B.R. 830 (Bankr. C.D. Colo. 2022) (holding that no basis in law exists to grant trustee's prospective motion to extend two-year statutory deadline, as "Federal Rules of Bankruptcy procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549").

10. The Bankruptcy Court in In re Cramer easily denied the trustee's motion to extend statutory deadlines by invoking the equitable tolling doctrine before the filing of an adversary proceeding, stating that:

> [t]he trustee remains free to raise equitable tolling at a later date after filing untimely complaints. At that point, the defendants will have notice and an opportunity to contest the application of the doctrine of equitable tolling. Granting the pending motion would deprive them of that opportunity and that would be fundamentally unfair. Walnut Hill, 2018 WL 2672242, *2 2018Bankr. LEXIS 1589, *5 ("It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted.").

Id. at 831-33. The Cramer court acknowledged the holding of Eleventh Circuit Court of Appeals in IBT Int'l, Inc. v. Northern (In re International Administrative Services), 408 F.3d 689, 699 (11th Cir. 2005), which granted equitable tolling relief prospectively, but thoroughly explained why it disagreed with the holding, citing Walnut Hill:

> However, this approach deprives future defendants of constitutional due process of law because they received no notice of the relief in advance and no opportunity to contest whether or not equitable tolling is warranted. Perhaps for this unstated reason, the Eleventh Circuit proceeded to also find that equitable tolling applied regardless of whether any order had been entered by the bankruptcy court granting a motion to extend the statutory deadline. Id. at 700-702. In this Court's view, that was the better analysis because it allowed the defendant an opportunity to challenge the application of equitable tolling. **Granting a motion to extend in advance, however, deprives the defendant of that opportunity**.
>
> The bankruptcy court decision in In re Walnut Hill, Inc., 2018 WL 2672242, 2018 Bankr. LEXIS 1589 (Bankr. D. Conn. 2018) is well reasoned and directly on point. In that case, the chapter 7 trustee filed a similar motion that the bankruptcy court denied. The court distinguished International Administrative Services and held that 'reaching the issue of equitable tolling is premature and procedurally inappropriate at this time.' Id.

Cramer, 636 B.R. at 833 (emphasis added). Put simply, by granting the Trustee prospective relief, Ms. Guo and potentially hundreds of other defendants would be denied the right to challenge the

5

application of equitable tolling to the specific facts and circumstances asserted by the Trustee in the future, and with respect to events that will only happen in the future.

11. In the Motion, the Trustee cites to two decisions and four court orders in support of his extraordinary request for prospective equitable tolling. Motion at ¶30. None of them constitute binding authority upon this Court, and their reasoning is deeply flawed as explained by Judge Tancredi and the other decisions cited above.

12. In addition, in four of the cases relied upon by the Trustee, Marsh v. Levy (In re Martin Levy of Berlin D.M.D., P.C.), 416 B.R. 1 (Bankr. D. Mass. 2009), In re Rockport Dev., Inc., No. 20-11339 (SC) (Bankr. C.D. Cal. Apr. 12, 2022); In re Visiting Nurse Ass'n of Inland and Counties, No. 18-16908 (MH) (Bankr. C.D. Cal. July 30, 2020) and In re Builders Holding Co. Corp., No-16-06643 (EAG7) (Bankr. D. P.R. Apr. 25, 2019), no objections were filed to the relief requested and, consequently, it appears that the issues were not fully vetted through an adversarial process.

13. In an attempt to circumvent the application of these fundamental principles that establish why prospective equitable tolling is without any legal basis, the Trustee mischaracterizes the issue presented as merely one of notice – a transparent straw man argument.

14. The Trustee suggests that the many courts that have rejected equitable tolling to extend statutory limitations have done so primarily, if not exclusively, on notice and/or procedural grounds, which he asserts he has sufficiently addressed in his Motion. But those courts, including in this District, have expressed legitimate substantive concerns over potential defendants having their day in court and a fair opportunity to challenge the application of equitable tolling to the specific claims actually brought against them.

15. The Trustee seeks to convince this Court that he has given adequate notice and that, as such, due process has been satisfied. [See ECF no. 2494]. He is wrong. Notice is not simply providing a copy of the Motion, or a brief description of its filing, to potentially hundreds of defendants around the world. As articulated in case law within this District, notice means much more than that. Proper notice with respect to equitable tolling can only be provided **after** the filing of an adversary proceeding alleging specific facts and specific claims for relief against specific defendants. The Trustee has not, and cannot, provide that notice. In fact, no amount of notice of the relief sought would be sufficient to overcome the impossibility of disclosing causes of action that have not yet been asserted and events that have not yet occurred – information essential for future defendants to respond to the future equitable tolling assertion.

16. The draconian relief sought by the Trustee is made more evident by the order he proposes, which asks this Court to declare that:

> any party that has received notice, whether actual or constructive, of the Motion and did not object to the Motion has waived its right to asset a limitations period defense if ultimately named in an action that is timely brough under the terms of this Order.

17. The Trustee is essentially asking this Court to enter a declaratory judgment.[3] As to every person in the world, the Trustee seeks to have this Court determine that they had a full and fair opportunity to respond to the Trustee's equitable tolling claim and knowingly and intentionally waived their right to assert it, based upon the grossly inadequate contentions made in the Motion - grossly inadequate largely because the most critical events necessary for the application of the

---

[3] Section 2201(a), Title 28, U.S.C., permits any court of the United States, "[i]n a case of actual controversy within its jurisdiction," and "upon the filing of an appropriate pleading," to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 11 U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Id. Rule 57 of the Fed. R. Civ. P. provides that "these rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. 2201."

equitable tolling doctrine have not even occurred yet. The proposition is not only procedurally improper, but repugnant to any notion of due process.

### B. Bankruptcy Rule 9006(b) Does Not Authorize Extensions to Statutory Deadlines

18. A Bankruptcy Rule cannot modify a legislatively enacted statute like 11 U.S.C. § 546(a). See In re Walnut Hill, Inc., No. 16-20960 (JJT), 2018 WL 2672242, at *2 (Bankr. D. Conn. June 1, 2018). In Walnut Hill, the Court held that by its plain language, "Rule 9006(b) only applies to deadlines set 'by these rules or by a notice given thereunder[,][sic] or by order of court.' **Nowhere** in the Rule does it mention statutory deadlines." (emphasis added). Walnut Hill, Inc., 2018 WL 2672242, at *2.

19. Judge Tancredi emphasized in Walnut Hill that a Connecticut Bankruptcy Court had addressed this issue in the past when Judge Krechevsky held "that Rule 9006(b) does not 'permit[] a court to extend a time limitation set by Congress in a statute.'" In re Damach, Inc., 235 B.R. 727, 731 (Bankr. D. Conn. 1999). Instead, it 'permit[s] modification only of time limitations imposed by other rules or by the court.' Id." Judge Tancredi recognized the importance of not allowing Bankruptcy Rules to trump statutory Code when he stated "Congress has dictated that the Bankruptcy Rules 'shall not abridge, enlarge, or modify any substantive right.' Where the Rules and Code are inconsistent, the statutory Code controls." (citations omitted). Walnut Hill, Inc., 2018 WL 2672242, at *2.

20. The court in Walnut Hill clearly distinguished Bankruptcy Rule 9006(a) from Bankruptcy Rule 9006(b) regarding each rule's respective ability to extend statutory deadlines. "Rule 9006(a) plainly provides that it applies to 'any statute that does not specify a method of computing time.' However, Rule 9006(b) is noticeably missing the same, or similar, language involving its application to a statute. This distinction is highlighted by the fact that Judge

Krechevsky six years later held that Rule 9006(b) could not modify substantive deadlines established by Congress." (citing In re Demach, Inc., 235 B.R. at 731) (stating that the rules of bankruptcy procedure do not permit "a court to extend a time limitation set by Congress in a statute"). Given the prior ruling in Walnut Hill, this Court should find that Federal Rule of Bankruptcy Procedure 9006(b) may not be used to extend statutory deadlines such as those established under 11 U.S.C § 546(a), and, as a result, deny the Motion.

### C. The Above Principles Apply Equally to Bankruptcy Code Section 549(d)

21. With some statutory limitations, Bankruptcy Code Section 549(a) permits the Trustee to avoid unauthorized transfers of property of this bankruptcy estate that occurred after the commencement of this bankruptcy case on February 15, 2022. 11 U.S.C. § 549(a). Section 549(d) precludes commencing such action after the earlier of "two years after the date of the transfer sought to be avoided" or the "time the case is close or dismissed." 11 U.S.C. § 549(d).

22. For the same reasons as set forth above, Bankruptcy Rule 9006(b) cannot be relied upon to modify the statutory deadline established by Bankruptcy Code Section 549(d). Similarly, equitable tolling does not and cannot be applied prospectively to declare now that the Trustee will be impeded in the future, despite his diligence, from discovering post-petition transfers and causes of action, that he ultimately discovers in the future.

### D. Equitable Tolling Is Not Warranted on the Facts in this Case

23. The Trustee argues that "the factual record easily demonstrates that (i) extraordinary circumstances prevented the Trustee form bringing the Avoidance Actions and (ii) the Trustee acted diligently in pursuing his rights." Motion at ¶48. Given the extremely accelerated prosecution of the Trustee's Motion, Ms. Guo has not had a full and fair opportunity to test these factual contentions through discovery concerning those relevant past events. Of

course, for the reasons set forth above, many of the events relevant to considering the equitable tolling doctrine have not yet even occurred and equitable tolling does not yet apply. Therefore, this Court should not consider any of the Trustee's alleged evidence in support of his equitable tolling contention at this time.

24. Furthermore, the undisputed record herein demonstrates that the Trustee had only contacted one forensic accounting firm within his first 11 months as Trustee after July 2022, and took no formal investigative action for a total of approximately 14 months before finally deciding to file an application to retain a forensic accountant in September 2023.

25. On June 2, 2023, Ms. Guo and HK International Funds Investments (USA) Limited LLC filed a Motion for Stay Pending Appeal of the Second Summary Judgment Order ("Motion for Stay"). [Adv. Pro. No. 22-05003, ECF No. 227]. Following a June 6, 2023, status conference, the Bankruptcy Court entered an Order expediting consideration of the Motion for Stay and held a hearing on June 13, 2023.

26. During the June 13 hearing, the Trustee's counsel called the Trustee as a witness to testify about the purported harm that would befall the individual debtor's estate if the Motion for Stay was granted. A purported harm identified by the Trustee was an inability to retain forensic accounting professionals. (Transcript of June 13, 2023, Proceeding before the Hon. Julie A. Manning, ("June 13, 2023 Tran."), at 35:22-36:7).[4] However, despite the Trustee representing to the Bankruptcy Court during his testimony that evidence is getting stale while he waits to retain professionals, the Trustee testified that he had only attempted to engage one professional firm to undertake the forensic accounting work that he claims needed to be done, *i.e.*, Alix Partners (id., at 36:2-25).

---

[4] The relevant portion of the June 13, 2023 Tran. is attached hereto as Exh. 1.

27. Even if the Trustee claims he had no money in the estate to retain professionals for the first several months of the bankruptcy case, the June 13 hearing was conducted two and a half months **after** the bankruptcy estate was awarded summary judgment on the question of ownership of the Lady May/Lady May II vessels [Adv. Pro. No. 22-05003, ECF No. 172], and just under one month **after** summary judgment was entered in favor of the Trustee on the related $37 million bond escrow [Adv. Pro. No. 22-05003, ECF No. 221].

28. The Motion for Stay was denied on June 26, 2023. [Adv. Pro. No. 22-05003, ECF No. 247]. The application to retain Kroll, LLC as forensic accountants was not filed until September 1, 2023, effective August 2, 2023. Even with an August 2, 2023 effective date, the retention was still four months after the summary judgment was obtained on the Lady May/Lady May II. Moreover, Kroll was not the firm that the Trustee testified he had approached about serving as forensic accounts, that was AlixPartners.

29. The Trustee asks this Court to believe that he acted diligently by retaining a forensic accounting firm 14 months into his tenure. It should not.

30. Furthermore, as this Court is well-aware, the Trustee has expended millions upon millions (if not tens of millions) of dollars conducting discovery from hundreds of persons, including taking numerous depositions and obtaining hundreds of thousands of documents, to investigate potential claims. The Trustee's claimed inability to bring any further causes of action is belied by the Trustee's own acknowledgement that he will commence numerous adversary proceedings before the expiration of the applicable statute of limitations, see Motion ¶ 1, including a civil action brought pursuant to Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

§§ 1961-68.[5] It is literally impossible for this Court to conclude that the Trustee has been precluded, despite his alleged diligence and due to extraordinary circumstances, from commencing any additional actions before February 15, 2024, when he will, in fact, commence numerous such actions.

31. Given the circumstances in this bankruptcy case in conjunction with the status of and positions taken in the criminal proceeding pending against the Debtor, it appears to Ms. Guo that the Trustee - while having more than sufficient information to bring adversary proceedings in this bankruptcy case against persons that the Trustee has already identified - is making the strategic decision, through the inapplicable and inappropriate application of the equitable tolling doctrine, to try to postpone commencing many of these adversary proceeding until various determinations have been made in the criminal proceeding including the forfeiture of hundreds of millions of dollars of now frozen funds, and its distribution to victims through the criminal restitution process.

32. But the limitations set forth in Sectons 546(a) and 549(d) are not optional. The Trustee is compelled to bring timely the adversary proceedings he is capable of bringing. For those he does not commence by February 15, 2024, and brings later, the named defendants named, whoever they may be, have the right, then knowing that they are in fact targets, to assert the statute of limitations defense and the Trustee has the right to assert equitable tolling in response. The defendants also have the right, knowing the causes of action alleged, to conduct discovery as to what the Trustee knew before February 15, 2024, and discovered after February 15, 2024, to test the Trustee's proposition that he was impeded, despite his diligence, by extraordinary

---

[5] Response of Chapter 11 Trustee and Genever Debtors in Opposition to Defendant Ho Wan Kwok's Renewed Motion to Stay Bankruptcy Cases Motion for Reconsideration (ECF No. 234) at 8, United States v. Ho Wan Kwok, No. 1:23-CR-118-1 (AT) (S.D.N.Y. Jan. 19, 2024).

circumstances, from timely commencing the adversary proceeding. And then and only then (after they have actually occurred) can this Court decide those factual issues on a case-by case basis.

33. Thus, because (i) equitable tolling does not apply at this time, (ii) reliance upon Bankruptcy Rule 9006(b) to extend the time limitations imposed by Sections 546(a) and 549(d) is misplaced, and (ii) the Trustee has not been impeded by extraordinary circumstances and is, in fact, capable of commencing numerous additional adversary proceedings, the Motion should be denied.

## **CONCLUSION**

**WHEREFORE**, Mei Guo respectfully requests this Court deny the Motion, and grant such other and further relief as the Court deems just and equitable.

Dated: February 5, 2024
      Roseland, New Jersey

/s/ Lee Vartan
Lee Vartan (admitted *pro hac vice*)
lvartan@csglaw.com
Sam Della Fera, Jr. (admitted *pro hac vice*)
sdellafera@csglaw.com
Melissa F. Wernick (admitted *pro hac vice*)
mwernick@csglaw.com
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ 07068
Telephone: (973) 325-1500
Facsimile: (973) 325-1501
*Attorneys for Mei Guo*

Stephen M. Kindseth (ct14640)
skindseth@zeislaw.com
Aaron A. Romney (ct28144)
aromney@zeislaw.com
James M. Moriarty (ct21876)
jmoriarty@zeislaw.com

4869-2179-3954.v1

**ZEISLER & ZEISLER PC**
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone:  (203) 368-4234
Facsimile:  (203) 368-5485
*Local Counsel for Mei Guo and HK International Funds Investments (USA) Limited, LLC*