## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, et al.[1], | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**NON-PARTY DEFENG CAO'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY CODE SECTIONS 108, 546(A), AND 549**

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

12351370-2

## Table of Contents

Page

Preliminary Statement.................................................................................................1

Statement of Facts........................................................................................................4

Argument .......................................................................................................................5

    I.      The Bankruptcy Rules do not Allow for the Extension of a Statutory
           Deadline. ..........................................................................................................5

    II.     It is Premature to Seek to Apply Equitable Tolling to an Unknown Set of
           Claims Against a Voluminous List of Merely "Potential Defendants." .................8

    III.    Equitable Tolling is not Warranted to Extend the Trustee's Deadline to
           File an Avoidance Action Against Mr. Cao..........................................................10

Conclusion ...................................................................................................................12

12351370-2

Table of Authorities

Page

CASES

*Asp v. Milardo Photography, Inc.*,
    573 F. Sup. 2d 677 (D. Conn. 2008) ....................................................................9

*Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974)...............................................................................9

*In re Builders Holding Co. Corp.*,
    No-16-06643 (Bankr. D. P.R. Apr. 25, 2019) ..........................................10

*In re Colad Group, Inc.*,
    324 B.R. 208 (Bankr. W.D.N.Y. 2005) ......................................................6

*In re Cramer*,
    636 B.R. 830 (Bankr. C.D. Cal. 2022)...............................................8, 9

*In re Damach, Inc.*,
    235 B.R. 727 (Bankr. D. Conn. 1999) .......................................................6

*In re Farwest Pump Co.*,
    No. 4:17-bk-11112 (BMW), 2020 WL 257784 (Bankr. D. Ariz. Jan. 15, 2020) ...................10

*In re Fawson*,
    338 B.R. 505 (Bankr. D. Utah 2006) ..........................................................6

*In re Fundamental Long Term Care, Inc.*,
    501 B.R. 784 (Bankr. M.D. Fla. Nov. 13, 2013) .................................11

*In re Int'l Admin. Servs., Inc.*,
    408 F.3d 689 (11th Cir. 2005) ...................................................................7

*In re No. 1 Contracting Corp.*,
    No. BR 5-10-BK-01755-JJT, 2012 WL 4114818
    (Bankr. M.D. Pa. Sept. 19, 2012)...............................................................9

*In re Randolph Hosp., Inc.*,
    No. 20-10247, 2022 WL 19298765 (Bankr. M.D.N.C. Apr. 25, 2022) ..................................8

*In re Rockport Dev., Inc.*,
    No. 20-11339 (SC) (Bankr. C.D. Cal. Apr. 12, 2022) ..........................10

*In re Visiting Nurse Ass'n of Inland and Counties*,
    No. 18-16908 (MH) (Bankr. C.D. Cal. July 30, 2020) .........................10

Table of Authorities
(continued)

Page

*In re Walnut Hill, Inc.*,
  No. 16-20960 (JJT), 2018 WL 2672242 (Bankr. D. Conn. June 1, 2018)........................6, 7, 9

*In re Win Trucking, Inc.*,
  236 B.R. 774 (Bankr. D. Utah 1999) ...................................................................................7

*Law v. Siegel*,
  571 U.S. 415 (2014)............................................................................................................5

*Long v. Abbott Mortg. Corp.*,
  459 F. Supp. 108 (D. Conn. 1978)......................................................................................9

*Marsh v. Levy (In re Martin Levy of Berlin D.M.D., P.C.)*,
  416 B.R. 1 (Bankr. D. Mass. 2009) ...................................................................................10

*Zerilli-Edelglass v. New York City Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003).................................................................................................10

STATUTES

11 U.S.C.
  § 108......................................................................................................................................2, 8
  § 546.................................................................................................................................2, 6, 8
  § 549......................................................................................................................................2

28 U.S.C. § 2075.........................................................................................................................5

RULES

Federal Rules of Bankruptcy Procedure Rule 9006............................................................. *passim*

12351370-2

Non-party Defeng Cao ("Mr. Cao"), by and through his undersigned counsel, respectfully submits this memorandum of law in opposition to the *Motion for Entry of an Order Extending Deadline for Trustee to Bring Avoidance Actions Under Bankruptcy Code Sections 108, 546, and 549* [ECF No. 2509] (the "Tolling Motion") and states as follows:

Preliminary Statement

1.      The Tolling Motion is a thinly-veiled request for a declaration that the Trustee can equitably toll the statutory deadline for filing avoidance actions *carte blanche* as against hundreds of "*Potential* Defendants" without any case or controversy before the Court.  Nothing justifies the imposition of such a blanket extension.  Aside from listing the names of what appear to be any and all entities and associates with *any* connection to the Debtor – no matter how remote – the Tolling Motion is noticeably silent on the specifics of what claims the Trustee intends to bring and specifically against whom.  Indeed, the *Notice of Motion for Extension of Time for Trustee to Bring Claims Against Potential Defendants* (the "Notice") confirms the overbroad and unlawful latitude the Trustee seeks, stating to "Potential Defendants" that: the Tolling Motion "requests a tolling of the statutory deadline(s) to file causes of action *seeking recovery or other relief* from Potential Defendants…. [t]he fact that you received this Notice **does not** necessarily mean that *any claims have yet, or will be, brought against you* or that, if such claims are brought, you will be found liable."  [ECF No. 2515 at 5-6 (italicized added, bolding in original).]  On those naked assertions the Trustee claims he has provided ample notice to "Potential Defendants" of the adversary proceedings he intends to bring against them and is affording them a full and fair opportunity to object.  Not so.

2.      As is clear from the list, the "Potential Defendants" vary greatly, including numerous individuals and entities from all over the world, inherently with different connections to the Debtor.  And, for each, the Trustee is at different stages of his investigation, which involve

entirely different factual allegations, as well as potential claims (to the extent there are any).

Yet, the Tolling Motion does not assert *any* crystallized claims – or even any barebones claims –

against *any* of the "Potential Defendants."  Without such information, the "Potential Defendants"

cannot possibly have a full and fair opportunity to defend themselves against Trustee's blanket

request.

3.      To justify his ask, the Trustee conflates Federal Rules of Bankruptcy Procedure Rule

9006 and the doctrine of equitable tolling.  Neither authorizes the Trustee's requested extension.

First, Rule 9006 cannot be used to extend statutory deadlines, such as those established under 11

U.S.C. §§ 108, 546, and 549.  As *Walnut Hill and* its progeny confirm, judicial modification of

substantive deadlines established by Congress would violate the separation of powers preserved

in the Constitution since, where the legislature has spoken authoritatively, it is not within the

province of the judiciary to modify its determination.  Although the Trustee begs that the Court

adopt the contrary analysis endorsed by the Eleventh Circuit Court of Appeals in *International*

*Administrative Services*, that case concedes that Rule 9006 does *not* explicitly encompass

statutory timeframes.  *International Administrative Services* is neither binding on this Court nor

more appropriate for application to this case than *Walnut Hill*, which is more recent and

analogous, and emerges from this very Court.  The Trustee cannot hide from these realities.

4.      Alternatively, the Trustee avails himself of the equitable tolling doctrine to warrant his

extension.  While statutory deadlines are subject to equitable tolling, any such arguments are

procedurally premature at this juncture as there are no *actual* identified defendants and no

*pending* adversary proceedings ripe for consideration.  As the caselaw makes abundantly clear,

the Court can only properly consider whether equitable tolling is appropriate *after* a belated

adversary proceeding is commenced and a statute of limitations defense is asserted.  This is

logical since application of equitable tolling requires a fact-based assessment.  Indeed, the Court would need to analyze whether the Trustee, despite his diligence, was unable to commence the action against that defendant due to extraordinary circumstances.  The Trustee does not dispute this, conceding that "[e]quitable tolling must be decided on a case-by-case basis and is not limited to a particular set of facts."  See Tolling Mot. ¶ 45.

5.      Despite this concession, the Trustee hopes to dodge these requirements.  Instead, the Tolling Motion offers two main reasons for preemptively extending the Trustee's deadline to assert avoidance actions against hundreds of "Potential Defendants:" (1) the Debtor's allegedly obstructive behavior and (2) alleged dilatory conduct and interference by the Debtor's associates. Neither justifies the Trustee's request to this Court, and certainly not with regard to Mr. Cao, who has fully cooperated with the Trustee and who is not mentioned anywhere in the Tolling Motion.  Throughout the Trustee's investigation, Mr. Cao has not opposed *any* of the Rule 2004 subpoenas seeking information from him or about him, including requests made to a litany of third-parties.  Mr. Cao also voluntarily accepted service of his own Rule 2004 subpoena from the Trustee, timely served written responses thereto, and produced responsive documents.  In addition, Mr. Cao subsequently sat for a 7-hour deposition nearly four months ago in which he responded substantively to the Trustee's questions and, at no point, refused to answer a question on the basis of possible criminal exposure.  That is because, as Mr. Cao has consistently maintained, he has not done anything wrong, further confirmed by his lack of involvement in the parallel criminal action.

6.      Having had a thorough opportunity to examine Mr. Cao at length and under oath, and having received all relevant documents in his possession and from numerous third-parties, the Trustee has been afforded complete and unfettered discovery from Mr. Cao.  Yet, the Trustee has

12351370-2

not filed any adversary action against Mr. Cao in the four months since his deposition or asserted *any* potential claims against him. As such, equitable tolling – aside from being procedurally improper to consider at this stage – cannot justify extending the deadline for the Trustee to file an avoidance action against Mr. Cao.

7.      For the reasons explained herein, Mr. Cao respectfully requests that the Court wholly deny the Tolling Motion.

Statement of Facts

8.      On May 15, 2023, the Trustee filed the *Fifth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery With Respect to Additional Entities and Individuals Affiliated With Debtor, and Entities Doing Business With Debtor and Affiliated Entities* (the "2004 Motion"). [ECF No. 1789.] As part of the 2004 Motion, the Trustee sought information from Mr. Cao – a college student. *Id.* at ¶ 9. As the Trustee admitted, before the filing of the 2004 Motion, Mr. Cao had no involvement in the Bankruptcy. *Id.* The Trustee plucked Mr. Cao's name from a list of proposed suretors in a bond proposal for a defendant in the parallel criminal action – not the Debtor. *Id.* That bond proposal was denied by the criminal court. Mr. Cao has never been named as a target in the criminal action and, aside from serving as a proposed suretor for the rejected bond package, has had no involvement with the criminal case.

9.      After the Court granted the Trustee's 2004 Motion on June 7, 2023, [ECF No. 1891], Mr. Cao promptly retained counsel and authorized his counsel to accept service of the Trustee's 2004 subpoena, despite the fact that it would have taken additional effort for the Trustee to effectively serve Mr. Cao. The 2004 subpoena contained 14 requests for production, most of which were exceedingly broad, and included inquiry of more than 100 allegedly "associated" individuals and entities. Even though Mr. Cao voluntarily agreed to accept service and to cooperate and

4

12351370-2

facilitate discovery, his counsel explained that it would be difficult for Mr. Cao to comply with the voluminous discovery requests within the tight timeframe requested by the Trustee, and the parties agreed to a later response date. At no time did Mr. Cao file a motion for protective order or seek to quash the subpoena. Quite the opposite, Mr. Cao has fully cooperated with the Trustee and his attorneys. Specifically, Mr. Cao timely served written responses and responsive documents, and sat for a deposition on October 20, 2023, which lasted approximately seven hours. During the deposition, Mr. Cao did not refuse to answer any questions on the basis of his Fifth Amendment rights.

10.     The Trustee has since listed Mr. Cao as an "Associated Individual" in his subsequent Rule 2004 subpoenas. Despite learning that information has since been requested about him in these subpoenas, Mr. Cao has *never* filed for a protective order, requested to quash the subpoenas, or instructed any third-party not to comply with providing information about him to the Trustee.

11.     On January 18, 2024, the Trustee filed the Tolling Motion, listing Mr. Cao as a "Potential Defendant" in an avoidance action, but otherwise failed to provide any inkling as to what potential claims the Trustee was seeking to assert, when, regarding what alleged transfers, or how those transfers trace to the Debtor. [ECF No. 2494, Schedule I at 57.]

Argument

I.     <u>The Bankruptcy Rules do not Allow for the Extension of a Statutory Deadline.</u>

12.     As the Trustee "recognizes[,] section 105(a) cannot be used to take an action the Bankruptcy Code prohibits…." Tolling Mot. ¶ 42; *see Law v. Siegel*, 571 U.S. 415, 421 (2014). The Bankruptcy Court does not have the authority to extend the deadline for filing avoidance actions, which is set by the legislature. See 28 U.S.C. § 2075 (dictating that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right."). The Trustee looks to Rule

5

9006(b) for such authority.  But, as Bankruptcy courts – including this Court – have consistently held, the express terms of Rule 9006(b) make clear that it *only* applies to deadlines set by "these rules or by a notice given thereunder or by order of court" and not to time limitations set by Congress in a statute, as the Trustee requests to do here:

> when an act is required or allowed to be done at or within a specified period *by these rules or by a notice given thereunder or by order of court,* the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b) (emphasis added).  "Rule 9006(b) cannot apply to Section 546(a) without violating the separation of powers preserved in the Constitution." *In re Walnut Hill, Inc.*, No. 16-20960 (JJT), 2018 WL 2672242, at *2 (Bankr. D. Conn. June 1, 2018).  That is because "[w]here the legislature has spoken authoritatively, it is not within the province of the judiciary to modify its determination."  *Id.*; *see also In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999) (holding that Rule 9006(b) does not "permit[] a court to extend a time limitation set by Congress in a statute; they permit modification only of time limitations imposed by other rules or by the court."); *In re Colad Group, Inc.*, 324 B.R. 208, 225 (Bankr. W.D.N.Y. 2005) (holding that "Bankruptcy Rule 9006 allows an enlargement or reduction of many of the time limits in the Bankruptcy Rules. However, section 546(a) is a statute, not a rule. Consequently, this court lacks authority" to act under Rule 9006 relative to statutory deadlines.); *In re Fawson*, 338 B.R. 505 (Bankr. D. Utah 2006) (stating that "Rule 9006(b)(1) only allows parties to enlarge the time when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court. By its own terms, Rule

6

9006(b) does not allow courts to enlarge time periods expressly set forth in the Code."); *In re Win Trucking, Inc.*, 236 B.R. 774, 780 n.10 (Bankr. D. Utah 1999) (noting that "[Rule] 9006(b) covers only enlargement of time fixed by the Bankruptcy Rules or by court order, and not time fixed by the Code itself.").

13.     *Walnut Hill* is instructive.  There, like here, United States Bankruptcy Judge James J. Tancredi presided over a motion for extension of deadline to file avoidance actions filed by a Chapter 7 trustee.  *In re Walnut Hill, Inc.*, 2018 WL 2672242, at *1.  In holding that Rule 9006(b) "*only* applies to deadlines set 'by these rules or by a notice given thereunder[,] [sic] or by order of court,'" this Court confirmed that "[n]owhere in the Rule does it mention statutory deadlines." *Id.*  To confirm its interpretation, Judge Tancredi contrasted Rule 9006(b) with Rule 9006(a), which expressly applies to "any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in *any statute that does not specify a method of computing time*." *Id.*; *see* Fed. R. Bankr. P. 9006(a) (emphasis added).  Judge Tancredi further observed that application of Rule 9006(b) to modify a statutory deadline would be unconstitutional.  *In re Walnut Hill, Inc.*, 2018 WL 2672242, at *2.

14.     The only case the Trustee cites to suggest that the Court can use Rule 9006(b) to proactively extend a statute of limitations is the Eleventh Circuit's decision in *In re International Administrative Services, Inc*.  But, in that case – which is not binding on this Court – there *was* a pending action before the Bankruptcy Court within which it was assessing whether the filing deadline should have been tolled. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 694 (11th Cir. 2005).  That is not the case here.  The Trustee has not filed any avoidance action in which he is seeking to toll the filing deadline, and does not even know if he will bring *any* claims against *any* of the hundreds of "Potential Defendants."

15.     And, even assuming that Rule 9006(b) could be used to extend the Section 546(a)

deadline, such enlargement would be inappropriate on the facts against Mr. Cao because the

decision to enlarge a deadline under Rule 9006(b) must be "for cause shown." Here, the Trustee

has not demonstrated any basis that justify extending the deadline to file an avoidance action

against Mr. Cao. Indeed, the Trustee dedicates numerous pages to describing alleged conduct of

the Debtor and his associates, none of which includes Mr. Cao. Quite the contrary, as explained

above and further below, Mr. Cao has fully cooperated with the Trustee and his attorneys in an

effort to resolve his questions, as opposed to wasting the Trustee's time and resources over

motion practice or engaging in a "shell game" – as the Trustee alleges few individuals and

entities have done.

16.     Given the gravity of the Trustee's request to the Court and the lack of authority to fulfill

such request, the Court should deny the Tolling Motion.

II.     <u>It is Premature to Seek to Apply Equitable Tolling to an Unknown Set of Claims Against
        a Voluminous List of Merely "Potential Defendants."</u>

17.     Even though Bankruptcy courts have the power to equitably toll statutory deadlines, it

would be premature for the Court to decide those issues now – before the Trustee files an

adversary proceeding that asserts specific claims against an identifiable defendant, and that

defendant asserts a statute of limitations defense. *In re Cramer*, 636 B.R. 830, 832 (Bankr. C.D.

Cal. 2022) ("Should [a court] adjudicate the doctrine of equitable tolling in response to an ex

parte motion by the trustee prior to the filing of the adversary proceeding or should it do so in the

adversary proceeding that the trustee ultimately files? Fairness and due process require the

latter."); *In re Randolph Hosp., Inc.*, No. 20-10247, 2022 WL 19298765, at *1 (Bankr. M.D.N.C.

Apr. 25, 2022) ("While the limitations periods of § 546 and § 108, like any statute of limitations,

are subject to equitable tolling, the preemptive finding the Liquidation Trustee seeks is premature

given there are no identified defendants and no pending adversary proceedings related to the overpayment claims."). Procedurally, the doctrine of equitable tolling is a response to a statute of limitations defense. *See. e.g., Asp v. Milardo Photography, Inc.*, 573 F. Sup. 2d 677, 698 (D. Conn. 2008); *Long v. Abbott Mortg. Corp.*, 459 F. Supp. 108, 113 (D. Conn. 1978). For this reason, "[t]he equitable tolling doctrine does not come into play, of course, until the defendant has claimed that the plaintiff's cause is time barred." *Long*, 459 F. Sup. at 113 (*citing Detroit v. Grinnell Corp.*, 495 F.2d 448, 461 (2d Cir. 1974)).

18.     For example, in *In re Cramer* the Bankruptcy trustee moved for an extension of the two-year statutory deadline to commence avoidance actions. *In re Cramer*, 636 B.R. at 831. There, like here, the two-year deadline was approaching rapidly and the trustee contended that the debtor had been insufficiently responsive with the investigation and had concealed assets. *Id*. In rejecting the Trustee's request, the court decisively held that "[t]he Federal Rules of Bankruptcy Procedure contain no rule to extend statutory deadlines." *Id*. The court further held that the trustee may not invoke the doctrine of equitable tolling *before* filing a late adversary proceeding, reasoning that allowing such prospective invocation would deprive affected parties of the due process of law. *Id*.; *accord In re Walnut Hill, Inc.*, 2018 WL 2672242, at *2 ("reaching the issue of equitable tolling is premature and procedurally inappropriate at this time."); *In re No. 1 Contracting Corp.*, No. BR 5-10-BK-01755-JJT, 2012 WL 4114818, at *1 (Bankr. M.D. Pa. Sept. 19, 2012) (rejecting request for extension and expressing concern about whether it could "extend the statute with regard to unnamed and unidentified defendants when there was no case or controversy before the Court.").

19.     The caselaw cited by the Trustee in the Tolling Motion are not binding and are easily distinguishable. For example, in *Farwest*, the debtor failed to file any avoidance actions, which

forced the Official Committee of Unsecured Creditors' to file an emergency motion to toll the deadline to file avoidance actions on the eve of the limitations period to preserve those actions. *In re Farwest Pump Co.*, No. 4:17-bk-11112 (BMW), 2020 WL 257784, at *3 (Bankr. D. Ariz. Jan. 15, 2020). Such emergent circumstances do not exist here as the Trustee has already filed several adversary proceedings and claims he intends to timely file others. Tolling Mot. ¶ 1. In the other cases the Trustee cites for support, unlike here, there were no objections filed to the extension motions.[2]

20.     Given the infancy of any potential claims the Trustee seeks to bring against any "Potential Defendants" and that the statutory deadline has not passed, it is inappropriate and wholly premature to discuss the doctrine of equitable tolling at this time. For this reason, the Trustee's request is improperly putting the cart before the horse by functionally seeking a declaration from this Court as to whether equitable tolling would be appropriate at some later point in time in any number of possible adversary proceedings asserting any number of claims against any number of "Potential Defendants." Nothing justifies issuing the Trustee this blank check *en masse* – certainly not considerations of fairness.

III.    <u>Equitable Tolling is not Warranted to Extend the Trustee's Deadline to File an Avoidance Action Against Mr. Cao</u>

21.     Even if the Court were to accept that equitable tolling could be considered at this stage – which it should not – as the Trustee admits, "[t]o obtain the benefit of the doctrine, the Trustee bears the burden of establishing that []he (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary

---

[2] *See Marsh v. Levy (In re Martin Levy of Berlin D.M.D., P.C.)*, 416 B.R. 1 (Bankr. D. Mass. 2009), *In re Rockport Dev., Inc.*, No. 20-11339 (SC) (Bankr. C.D. Cal. Apr. 12, 2022); *In re Visiting Nurse Ass'n of Inland and Counties*, No. 18-16908 (MH) (Bankr. C.D. Cal. July 30, 2020); *In re Builders Holding Co. Corp.*, No-16-06643 (EAG7) (Bankr. D. P.R. Apr. 25, 2019).

12351370-2

that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003), as amended (July 29, 2003) (internal quotations omitted).  Although the Trustee boasts that the "factual record easily demonstrates that (i) extraordinary circumstances prevented the Trustee from bringing the Avoidance Actions and (ii) the Trustee acted diligently in pursuing his rights," nothing can be further from the truth.  Tolling Mot. at ¶ 48.

22.     Citing a Florida decision, *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 791 (Bankr. M.D. Fla. Nov. 13, 2013), the Trustee claims that, to prevail on equitable tolling, he "need not prove that any (let alone all) potential defendant engaged or participated in blocking the Trustee's discovery."  Tolling Mot. ¶ 51.  The Trustee conveniently fails to quote the rest of the paragraph from the case, which makes clear that the concern there was that "[a] target that is potentially liable for an avoidance action would essentially receive a windfall if it is another target that actively or negligently conceals the Trustee's potential claim."  *Id*.  That is clearly not a concern with regard to Mr. Cao.

23.     The reasons advanced by the Trustee for seeking an extension of time to file avoidance actions – allegedly obstructive and dilatory behavior by the Debtor and a few of his alleged associates – do not apply to Mr. Cao, whose history of compliance and cooperation with the Trustee confirm that extraordinary circumstances do not exist.  Indeed, Mr. Cao's identity was obtained from an unrelated court filing for a bond package of a non-party defendant in the criminal action – not through any investigation in the Bankruptcy case or connection to another target in the Bankruptcy case.  After learning about the Rule 2004 Motion, Mr. Cao retained legal counsel, authorized his counsel to accept service, served written responses, produced responsive documents, and sat for a lengthy 7-hour deposition.  At no time did Mr. Cao spend the Trustee's resources challenging the 2004 Motion or any subsequent subpoena served to third-

11

12351370-2

parties requesting information about Mr. Cao. Quite the opposite, Mr. Cao has fully cooperated with the Trustee in all respects. Tellingly, Mr. Cao is not named *anywhere* in the Tolling Motion, despite the Trustee's lengthy recitation of allegedly obstructive and dilatory behavior *by others* in this action. As such, there is no concern that Mr. Cao would be getting any "windfall" from any allegedly obstructive behavior of another party – indeed, how the Trustee learned about Mr. Cao has nothing to do with any other target in the Bankruptcy case.

24.     The Trustee also cannot demonstrate he has been diligent in asserting any claims against Mr. Cao. After all, it has been almost four months since Mr. Cao's deposition – when Mr. Cao provided substantive responses to the Trustee's questions over the course of seven hours. Since then, the Trustee has not filed any avoidance actions against Mr. Cao and has not sought additional information from Mr. Cao regarding any potential claims against him. The Trustee simply cannot justify sitting idly on his hands for four months regarding any potential claims he may have against Mr. Cao.

25.     There can be no greater abuse of due process than what the Trustee seeks: to exploit allegations of misconduct by few others to prospectively toll the limitations period against hundreds of "Potential Defendants" – especially those who have been cooperative with the Trustee's discovery efforts, such as Mr. Cao. Given the complete and unfettered discovery from Mr. Cao, the Trustee has no basis to equitably toll the statutory deadline as to Mr. Cao.

Conclusion

26.     For the foregoing reasons, Mr. Cao respectfully requests that the Court deny the Trustee's Tolling Motion. To the extent consistent with the objections raised herein, Mr. Cao also joins in the objections filed by other parties to the Tolling Motion. Mr. Cao reserves all rights to make such further and/or future objections to the Tolling Motion as may be necessary and appropriate.

12351370-2

Dated: New York, New York
      February 5, 2024

                                    OLSHAN FROME WOLOSKY LLP

By:   */s/ Adam H. Friedman*
         Adam H. Friedman
         Katherine E. Mateo (*pro hac vice*
         *motion forthcoming*)
         1325 Avenue of the Americas
         New York, New York 10019
         (212) 451-2300
         *Attorneys for Non-Party Defeng Cao*

13

12351370-2

**CERTIFICATE OF SERVICE**

I, KATHERINE E. MATEO, hereby certify that on February 5th, 2024 I caused true and correct copies of the foregoing document to be served on all counsel of record by CM/ECF. Parties may access this filing through the Court's CM/ECF System.

/s/ *Katherine E. Mateo* _____
KATHERINE E. MATEO

12351370-2