**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**UBS AG'S OBJECTION TO MOTION FOR ENTRY OF ORDER EXTENDING**
**DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER**
**BANKRUPTCY CODE SECTIONS 108, 546(A), AND 549**

Non-party UBS AG ("UBS"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549* [ECF No. 2509] (the "Motion"), filed by Luc A Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case.   In support of this Objection, UBS respectfully states as follows:

1.       UBS assumes that the Court is familiar with the Motion and the relief sought therein.  UBS further assumes that the Trustee served UBS with notice of the Motion solely because UBS is one of more than 250 recipients of subpoenas pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Subpoena") in this case.  (Motion ¶ 13.)  To be clear, UBS is not aware of any basis on which the Trustee could bring an avoidance action against UBS, but UBS files this

---

[1]       The debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation (collectively, the "Debtors").

Objection in an abundance of caution and specifically to reserve UBS's rights to oppose the relief requested by the Trustee in the event that the Trustee asserts claims against UBS.

2.      As the Trustee acknowledges in his Motion, which relies primarily on authorities from outside the District of Connecticut, at least one bankruptcy court in the District of Connecticut has held that a motion to equitably toll the limitations period for avoidance actions is premature and improper when filed "prospective[ly]," *i.e.*, before any adversary proceeding has been instituted. (Motion ¶ 31 (citing *In re Walnut Hill, Inc.*, 2018 WL 2672242, at * 2 (Bankr. D. Conn. June 1, 2018)). The court in *In re Walnut* held that it was "wholly premature and procedurally flawed" to seek to toll the limitations period *before* a statute of limitations defense has been asserted, and "outside the context" of allegations "against specific defendants." *In re Walnut Hill, Inc.*, 2018 WL 2672242, at *2. The Trustee relies upon largely unpublished decisions from outside of the Second Circuit as the basis for the requested relief. (Motion ¶ 30.) These purported authorities are readily distinguishable.[2]

3.      Even if the Motion were procedurally sound (a proposition UBS rejects), the Trustee cannot demonstrate that "extraordinary circumstances" prevent him from bringing any action specifically as against UBS by February 15, 2024. (Motion ¶ 2.) The Trustee has had in his possession for months detailed information on Debtor Kwok's and his affiliates' purported

---

[2]     *See In re Farwest Pump Co.*, 2020 WL 257784, at *3 (Bankr. D. Ariz. Jan. 15, 2020) (tolling granted where it was proposed in chapter 11 plan and no parties objected); *In re Martin Levy Of Berlin D.M.D., P.C.*, 416 B.R. 1, 8 (Bankr. D. Mass. 2009) (tolling granted where motion was unopposed); *In re Rockport Dev., Inc.*, No. 20-11339-SC (Bankr. C.D. Cal. Apr. 12, 2022) [ECF No. 822] (tolling granted where motion was unopposed); *In re Dwek*, No. 07- 11757 (KCF) (Bankr. D.N.J. Feb. 2, 2009) [ECF No. 3790] (tolling granted where federal investigations delayed trustee's investigation); *In re Visiting Nurse Ass'n of Inland Counties*, No. 18-16908-MH (Bankr C.D. Cal. July 30, 2020) [ECF No. 683] (tolling granted in six-line order with no rationale stated); *In re Builders Holding Co.*, No. 16-06643-EAG7 (Bankr. D.P.R. April 25, 2019) [ECF No. 501] (tolling granted for 90 days where "super priority order" impeded trustee's administration of the estate).

interactions with UBS, so the Trustee cannot credibly argue that he presently lacks sufficient knowledge of any possible claims he may believe he has against UBS. By mid-November last year, UBS had produced nearly 17,000 pages of documents to the Trustee, along with a privilege log, in response to the Rule 2004 Subpoena. (Declaration of Lisa J. Fried, dated February 5, 2024 ("Fried Decl.") ¶ 3.)

4.      UBS's compliance with the Rule 2004 Subpoena shows that UBS in no way contributed to, much less created, any circumstances that might justify equitable tolling. The Trustee's allegations of obstruction by the Debtors, (*see*, *e.g.*, Motion ¶ 18), have no relevance to the Motion's requested relief as against UBS. *See Maxon Eng'g Servs. v. Alex Hornedo Robles & Assoc. (In re Maxon Eng'g Servs.)*, 397 B.R. 228, 229 (Bankr. D.P.R. 2008) (for equitable tolling to apply, the defendant against whom tolling is sought "must have at least been a party to the wrongful conduct").

5.      Although the Trustee claims that service of the *Chapter 11 Trustee's Emergency Motion for Entry of an Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rules 2002 and 9014, (I) Approving Form and Manner of Notice of Trustee's Forthcoming Tolling Motion and (II) Scheduling Hearing* [ECF No. 2494] renders potential due process concerns "not applicable," (Motion ¶ 7), the Trustee has to date not made any showing whatsoever of what claims he might seek to pursue against UBS. UBS is therefore by definition *not* a "properly noticed defendant[]" with respect to any as-yet unasserted claims that the Trustee may seek to bring in an avoidance action. *See*, *e.g.*, *In re Randolph Hosp., Inc.*, 2022 WL 19298765, at *1 (Bankr. M.D.N.C. Apr. 25, 2022). Moreover, the authority offered by the Trustee in support of his assertion that notice has been sufficient is misplaced, since the facts in that case bear no resemblance to the present case. *See In re Martin Levy Of Berlin D.M.D., P.C.*, 416 B.R. 1, 8

(Bankr. D. Mass. 2009) ("Defendants can not avoid trustees who seek information, ignore a trustee request to extend the statute of limitations, wait for the limitations period to pass and then, months later after a complaint is filed, claim that the trustee is out of luck").  UBS has produced tens of thousands of pages of documents to the Trustee relating to Debtor Kwok's and his affiliates' purported interactions with the bank and has not "avoid[ed]….[or] ignore[d]…" the Trustee.

6.      Finally, to the extent the Trustee seeks to rely upon Bankruptcy Rule 9006(b) as an alternative to equitable tolling, "Rule 9006(b) does not apply to Section 546(a)," and it is therefore not a valid basis for this Court to grant the requested relief.  *In re Walnut*, 2018 WL 2672242, at *2.  The Trustee's reliance upon case law from other federal circuits is unpersuasive.  (Motion ¶¶ 39−42.)

WHEREFORE, UBS respectfully requests that this Court sustain the foregoing Objection by denying the Motion as applied to UBS and grant such other and further relief as the Court may deem just and proper.

Dated: February 5, 2024
New York, New York.

Respectfully submitted,

By: */s/ Lisa J. Fried*
Lisa J. Fried (ct31425)
HERBERT SMITH FREEHILLS
    NEW YORK LLP
450 Lexington Avenue
New York, New York 10017
lisa.fried@hsf.com
*Counsel for Non-Party UBS AG*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 5, 2024, the foregoing Objection, along with the declaration submitted in support thereof, was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anybody unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  Parties may access this filing through the Court's CM/ECF system.

Dated: February 5, 2024

Respectfully submitted,

By: */s/ Lisa J. Fried*
Lisa J. Fried (ct31425)
HERBERT SMITH FREEHILLS
    NEW YORK LLP
450 Lexington Avenue
New York, New York 10017
(917) 542-7600
lisa.fried@hsf.com

*Counsel for Non-Party UBS AG*

---

[3] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

1