**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**DBS BANK LTD'S RESERVATION OF RIGHTS IN CONNECTION WITH TRUSTEE'S MOTION TO EXTEND THE DEADLINE TO FILE AVOIDANCE ACTIONS (DOCKET NO. 2509)**

DBS Bank Ltd. ("DBS"), by and through its undersigned counsel, pursuant to D. Conn. L. Civ. R. 7(b) and L. Bankr. R. 7007-1, hereby submits this Reservation of Rights in connection with the Chapter 11 Trustee's (the "Trustee") *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549* [Docket No. 2509] (the "Tolling Motion").

1. On January 18, 2024, the Trustee filed the Tolling Motion.

2. On January 19, 2024, the Court entered the *Order Granting Chapter 11 Trustee's Emergency Motion for Entry of Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rules 2002 and 9014, (I) Approving Form and Manner of Notice of Trustee's Forthcoming Tolling Motion and (II) Scheduling Hearing* [Docket No. 2515], thereby approving the Trustee's *Emergency Motion For Entry of Order, Pursuant to Bankruptcy Coder Section 105(a) and Bankruptcy Rules 2002 and 9014, (I) Approving*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2

*Form and Manner of Notice of Trustee's Forthcoming Tolling Motion and (II) Scheduling Hearing* [Docket No. 2494], setting the Tolling Motion for hearing on February 13, 2024 at 1:30 p.m. (prevailing Eastern time), and the deadline to object to the Tolling Motion as February 5, 2024 at 5:00 p.m. (prevailing Eastern time).

3. Previously, the Trustee had filed the *Motion of Chapter 11 Trustee for Entry of Order Compelling DBS Bank Ltd to Comply with Rule 2004 Subpoena* [Docket No. 2396] (the "Motion to Compel," seeking to compel DBS to comply with the Trustee's rule 2004 subpoena (the "2004 Subpoena") as provided in the *Fourth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor, Relevant Banks and Entities Doing Business with Debtor and Affiliated Entities* [Docket No. 1592] (the "Rule 2004 Motion").

4. On December 15, 2023, the Trustee filed the *Consented To Motion of Chapter 11 Trustee to Adjourn Hearing on Motion of Chapter 11 Trustee of Order Compelling DBS Bank Ltd to Comply with Rule 2004 Subpoena* [Docket No. 2438] (the "First Continuation Motion"), which was approved by the Court on December 18, 2023 in the *Consent Order Adjourning Hearing on Motion of Chapter 11 Trustee for Entry of Order Compelling DBS Bank Ltd to Comply with Rule 2004 Subpoena* [Docket No. 2442].

5. On January 23, 2024, the Trustee filed the *Second Consented To Motion of Chapter 11 Trustee to Adjourn Hearing on Motion of Chapter 11 Trustee for Entry of Order Compelling DBS Bank Ltd to Comply with Rule 2004 Subpoena* [Docket No. 2517] (the "Second Continuation Motion" and together with the First Continuation Motion, the

3

"Continuation Motions"), which was approved by the Court on January 24, 2024 in its *Order Granting Motion to Continue* [Docket No. 2526], thereby setting the hearing on the Motion to Compel for March 5, 2024.

6. The Continuation Motions filed by the Trustee follow ongoing cooperation and voluntary production by DBS of materials related to the Trustee's investigation as detailed in the Rule 2004 Motion, notwithstanding the fact that DBS and/or its affiliates ("Affiliates") have multiple grounds to object to the 2004 Subpoena and the requests therein, all of said objections being preserved without prejudice to DBS and/or its Affiliates.

7. DBS continues to cooperate with the Trustee in its ongoing investigation in support of avoidance actions he may have and/or may file before February 15, 2024, which deadline is the subject of the Tolling Motion.

8. Although DBS does not object to the Tolling Motion at this time, DBS reserves all of its rights to object to any and all future attempts by the Trustee to extend time, either with regard to its investigations or its actions, and as these may pertain to DBS or other parties (including any Affiliates), beyond August 15, 2024.

9. Further, DBS does not waive any arguments, defenses, or rights it or its Affiliates may have to contest any claims brought against it or its Affiliates, including without limitation, any argument or defense that the statutory period under 11 U.S.C. § 546 has run and/or is not subject to any equitable tolling or other theories that the Trustee may attempt to invoke to extend any statute of limitations or "look back" period applicable to any claims he may assert against DBS and/or its Affiliates.  DBS expressly reserves the right to argue that any such expired claims cannot be revived.

Dated: February 5, 2024
Los Angeles, California

**DBS BANK, LTD.**

/s/ *Genevieve G. Weiner*
Genevieve G. Weiner (*pro hac vice* pending)
Sidley Austin LLP
555 West Fifth Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
Email: gweiner@sidley.com

*/s/ William S. Fish, Jr.*
William S. Fish, Jr.
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, CT 06103
Telephone: (860) 331-2700
Email: wfish@hinckleyallen.com

*Counsel to DBS Bank, Ltd.*