**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK,[1] | Case No. 22-50073 (JAM) |
| Debtor. | February 5, 2024 |

**G CLUB OPERATIONS LLC'S OBJECTION AND MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY CODE SECTIONS, 108, 546(A), AND 549**

G Club Operations, LLC ("G Club") respectfully objects to, and files this memorandum of law in opposition to, the *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections, 108, 546(a), and 549* (ECF No. 2509, the "Motion"), filed by Luc Despins, Chapter 11 Trustee (the Trustee"). For the following reasons, the Court should deny the Motion.

**I.    INTRODUCTION**

Without an act of Congress, the statutes of limitations set forth Bankruptcy Code § 546(a) cannot be extended. Make no mistake, the Trustee's Motion seeks to judicially alter a law passed by Congress. The Trustee seeks to usurp the Constitutional authority of Congress to pass laws and substitute the Trustee's desire to change Bankruptcy Code § 546(a). No authority exists for this Court, or any court, to judicially amend the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.

{00349637.7 }

The Motion, therefore, should be denied for the following reasons: (1) this Court does not have Constitutional authority to rule on this matter as it involves "private rights of action," which, pursuant to *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011), can only be exercised by the District Court. Thus, were this Court to even rule on this Motion it would have to do so by way of a report and recommendation to the District Court; (2) the Court does not have statutory authority to prospectively modify the statute of limitations set forth in Bankruptcy Code § 546(a) as nothing in the Bankruptcy Code permits this or any court to do so; (3) the tolling arguments raised by the Trustee in his Motion are fact intensive, must be evaluated on a case-by-case basis and cannot be raised prospectively and in a blanket fashion; and (4) the Trustee has created an unnecessary emergency by presenting this Motion to the Court only days prior to the 2-year statute of limitations running and it is inequitable that such significant, and unprecedented, relief has been requested at the last minute, especially where it is beyond dispute that the Trustee has planned to ask for this relief for, at least, many months.

The Trustee has not cited any compelling authority to support its Motion *and* asks the Court to ignore the plain meaning of 28 U.S.C. § 2075, which states clearly that any rule of procedure promulgated by the Supreme Court for bankruptcy practice "shall not abridge, enlarge, or modify any substantive right," like a federally-imposed statute of limitations. The Honorable James T. Tancredi in *In re Walnut Hill, Inc.,* 2018 Bankr. LEXIS 1589, at *2-3 (Bankr. D. Conn. June 1, 2018), addressed this precise issue and held that Fed. R. Bank. P. 9006(b) "cannot" apply to Bankruptcy Code § 546(a) "without violating the separation of powers preserved in the Constitution." Further, equitable tolling only applies in a commenced action once a statute of limitations defense has been asserted. The Trustee's attempts to distinguish *Walnut Hill* and other similar cases are without merit.

Finally, the Trustee is not prejudiced if the Motion is denied. The Trustee can still invoke equitable tolling after he files any adversary proceeding in response to any asserted statute of limitations defense, and the Trustee and the defendant can litigate the issue on specific, operative facts. Indeed, the Trustee recognizes that "[e]quitable tolling must be decided on a case-by-case basis and is not limited to a particular set of facts." *See* Motion ¶45. Consequently, the Motion should be denied.

## II.  FACTS AND BACKGROUND

The facts of this case and the procedural history of this case are well known to the Court and G Club requests the Court take judicial notice of the docket of this Bankruptcy Case concerning the investigations by the Trustee, the timing of the Motion in light of various reports made by the Court regarding filing of Chapter 5 claims and the Trustee's intent to file this Motion, as well as any other related matters.

## III.  LAW AND ARGUMENT

### A.  The Court Does Not Have Constitutional Authority to Enter a Final Judgment on this Motion

The Supreme Court has repeatedly stated that Bankruptcy Courts *do not* have Constitutional authority to enter final rulings on preference actions, fraudulent transfer actions, and other similar claims derived from the common law – so called "private rights" claims. *Stern*, 564 U.S. 462, 492, 131 S. Ct. 2594, 2614 ("As a consequence, we concluded that fraudulent conveyance actions were more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions.") (Cleaned up). The Trustee ignored *Stern* and its progeny and treats the Motion as almost routine.

Therefore, even if the Court were to consider the Trustee's Motion, it would need to write a report and recommendation for review by the District Court. Clearly, the claims that the Trustee

may bring arise under Chapter 5 of the Bankruptcy Code or state law. The Trustee has not identified any Bankruptcy Code-specific "public rights" claims in his Motion. Therefore, the Court lacks Constitutional authority to enter a final judgment on the Motion.

### B. The Trustee Cannot Rewrite the Bankruptcy Code

The Trustee asks this Court to judicially amend the Bankruptcy Code § 546(a) to permit for a prospective extension of statutes of limitations. Nothing in the Constitution or Bankruptcy Code permits this. *See* U.S. Const., Art. § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.") Thus, unless the Trustee can identify a specific provision of the Bankruptcy Code that allows the Court to judicially extend the statute of limitation in Bankruptcy Code § 546(a), the relief sought cannot be granted. Here, the Trustee cites no Bankruptcy Code provision (because there is none), and the Motion must be denied.

First, if a legislative authority wants to grant a court the power to extend a statute of limitations, the legislature will provide a mechanism. For example, the Connecticut legislature allows medical malpractice victims to petition the Connecticut Superior Court for an extension of the statute of limitations. *See* Conn. Gen. Stat. § 52-190a(b) ("Upon petition to the clerk of any superior court or any federal district court to recover damages resulting from personal injury or wrongful death, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."). Nothing in the Bankruptcy Code, or anywhere else in the United States Code, affords courts the power to extend the statute of limitations set forth in Bankruptcy Code § 546(a).

Second, a Bankruptcy Rule cannot provide authority for a court to change a statute. 28 U.S.C. § 2075, which authorized the Supreme Court to promulgate the Bankruptcy Rules, specifically states: "[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075 is clear:

> Because Bankruptcy Rule 9006(a) does not extend or limit the jurisdiction of the bankruptcy courts, *see* 28 U.S.C. § 2075, it does not alter our conclusion that a complaint must be filed within two years from the date of the trustee's appointment. The two-year limitations period begins to run on the date of the trustee's appointment and expires twenty-four months later, irrespective of whether the last day falls on a Saturday, Sunday, or holiday. Like the Federal Rules of Civil Procedure, the Bankruptcy Rules govern procedural matters after a proceeding has been timely commenced. Jurisdiction must arise from section 546(a) without reference to Bankruptcy Rule 9006(a).

*In re Butcher*, 829 F.2d 596, 600-01 (6th Cir. 1987). Thus, to invoke Fed. R. Bankr. P. 9006, the Trustee would first have to commence an action.[2]

In *Walnut Hill*, Judge Tancredi carefully analyze the applicable statutes, rules, and cases and held: "Rule 9006(b) only applies to deadlines set by these rules or by a notice given thereunder[,][sic] or by order of court. ***Nowhere*** in the Rule does it mention statutory deadlines." (emphasis added; cleaned up). 2018 Bankr. LEXIS 1589, at *2. Judge Tancredi reviewed precedent on this topic and drew from, among others, Judge Krechevsky's holding in *In re Damach, Inc.,* 235 B.R. 727, 731 (Bankr. D. Conn. 1999), which similarly ruled that that Fed. R. Bankr. P. 9006 does not serve as authority to extend statutes of limitations prospectively.

---

[2] The *Butcher* Court applied the statute of limitations in Bankruptcy Code § 546(a) as it was drafted in 1982. In 1994, Bankruptcy Code § 546(a) was amended to provide that its statute of limitation requires that an action be commenced by the later of (a) two-years of the entry of an order for relief (in this case, the day the voluntary petition was filed by the Debtor) or (b) one-year from the appointment of a trustee, if appointed within with two-years of case commencement. There is no dispute that the statute of limitations under Bankruptcy Code § 546(a) lapses in this chapter 11 case on February 15, 2024. Regardless, the analysis undertaken by the Sixth Circuit is correct: Bankruptcy Rule 9006(a) cannot be used to extend the statute of limitations in Bankruptcy Code § 546(a).

Following 28 U.S.C. § 2075, Judge Tancredi explained that "Congress has dictated that the Bankruptcy Rules shall not abridge, enlarge, or modify any substantive right. Where the Rules and Code are inconsistent, the statutory Code controls." *Walnut Hill,* Bankr. LEXIS 1589, at *2 (cleaned up). The law is clear: ***the Court cannot prospectively toll statutes of limitations based on a Bankruptcy Rule.***

The Trustee states "that many courts have granted [equitable tolling] relief prospectively." Motion ¶30. But three of the cases cited by the Trustee[3] provide no guidance at all. They allowed uncontested motions and there were no written decisions analyzing the legal propriety of the uncontested orders that were entered. Stated differently, these cases are not authoritative precedent to support the Trustee's argument. Three "so ordered" uncontested motions do not count.

Moreover, *Marsh v. Levy (In re Martin Levy of Berlin D.M.D., P.C.*), 416 B.R. 1 (Bankr. D. Mass. 2009), which does contain some analysis, is factually dissimilar. There, the trustee filed a motion to extend the time to bring a claim against *three related potential defendants*. "The Motion to Extend was served upon [the potential defendants].... No objections to the Motion to Extend were filed, and, accordingly, on April 11, 2008, the Court entered the following order on the Motion to Extend: GRANTED. THE DEADLINE IS HEREBY EXTENDED TO JUNE 30, 2008. NO OBJECTIONS HAVE BEEN FILED." *Id.* at 3-4. After an avoidance action was filed, the now-defendants moved to dismiss on statute of limitations grounds. The court denied the motion to dismiss on the narrow ground that the statute of limitations defense had been waived: "the Court determines that [the defendants].... waived the time deadline set forth in 11 U.S.C. §

---

[3] *Citing In re Rockport Dev., Inc.*, No. 20-11339 (SC) (Bankr. C.D. Cal. Apr. 12, 2022); *In re Visiting Nurse Ass'n of Inland and Counties*, No. 18-16908 (MH) (Bankr. C.D. Cal. July 30, 2020) and *In re Builders Holding Co. Corp.,* No-16-06643 (EAG7) (Bankr. D. P.R. Apr. 25, 2019).

546(a), when they failed to respond or object to the Trustee's motion to extend the deadline." *Id.* at 9.

Here, G Club has timely objected to the Motion and the Trustee is seeking a global extension of the statute of limitations against hundreds or potentially thousands of differently situated potential defendants. Thus, *Marsh* has neither factual nor legal similarity to the case before the Court. The Trustee has cited no case in which a trustee has requested, and a court has granted, a prospective extension of a statute of limitations as to any potential defendant a trustee may wish to sue in the future.

In sum, the Court should deny the Motion because 28 U.S.C. § 2075 and Bankruptcy Code §546(a) say so. Courts cannot rewrite laws passed by Congress for the convenience of any party.[4]

### C.  Equitable Tolling Cannot Be Sought Prospectively Before an Action is Commenced

In *Walnut Hill*, the Court held that that "the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a pending litigation." 2018 Bankr. LEXIS 1589, at *4. Here, no actions have been commenced that can be tolled: "[i]t is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted." *Id.*[5] Thus, the Trustee needs to commence an action, wait until a statute of limitations defense is asserted, and then, respond by claiming some tolling doctrine, e.g. equitable tolling, applies to extend the statute of limitations.

---

[4] If the Trustee's reasoning was correct, any litigant could petition any District Court to extend a statute of limitations under Fed. R. Civ. P. 6. But for the pending Bankruptcy Case, the Trustee would be laughed out of District Court were he to file an equitable action to extend statutes of limitations based on some provision of the Federal Rules of Civil Procedure allowing for extensions of time.

[5] Judge Tancredi cites many examples of cases in which the Trustee's argument was rejected.

Even the cases that allow extension of the Bankruptcy Code § 546(a) periods do not do so prospectively. Rather, those cases discuss whether Bankruptcy Code § 546(a) is jurisdictional and therefore can be waived, extended by agreement, or can be equitably tolled, also consider whether it constitutes a repose period to which no tolling doctrine applies. *See Pugh v. Brook (In re Pugh)*, 158 F.3d 530, 537-38 (11th Cir. 1998).

*IBT Int'l, Inc. v. N. (In re Int'l Admin. Servs.)*, 408 F.3d 689 (11th Cir. 2005), cited by the Trustee, is instructive in this regard. The Trustee relies on this case to support his request that courts can prospectively apply equitable tolling to un-commenced actions and that Fed. R. Bankr. P. 9006 allows courts to extend the Bankruptcy Code § 546(a) statute of limitations. Motion at ¶35. But that reading of *IBT* misses the point of the case. The Eleventh Circuit *did not* analyze the Fed. R. Bankr. P. 9006 issue: "[w]hile we think a bankruptcy court has the discretion to extend the filing period for an adversary proceeding, that resolution is only the tip of the iceberg." *Id.* at 699. This statement does not cite any supporting statute or case. *Cf.* 28 U.S.C. § 2075. In fact, Fed. R. Bankr. P. 9006 is referenced only *four times* in the decision, 28 U.S.C. § 2075 is *not* cited, and there is no discussion concerning the interplay between the Bankruptcy Rules and the Bankruptcy Code.

The point of the case was *only* whether Bankruptcy Code § 546(a) was jurisdictional, a statute of limitation, or a statute of repose. The Eleventh Circuit held that Bankruptcy Code § 546(a) is a statute of limitation and equitable tolling can apply. *Id.* at 699.[6] Because the Eleventh

---

[6] "There is the threshold matter of whether the bankruptcy court had any authority - either by its own order or the doctrine of equitable tolling - to enlarge the § 546(a) period for commencing avoidance actions. The Defendants suggest that rather than a statute of limitations, § 546(a) operates as a jurisdictional bar, and point to Bankruptcy Rule 9006(b), which does not specifically provide for enlargement of time period created by statute, as opposed to those created by the Federal Rules of Bankruptcy Procedure or a court order. We find no merit in this argument. Rule 9006(b) states:

Circuit focused on whether Bankruptcy Code § 546(a) was jurisdictional, it did not truly consider whether a Bankruptcy Rule can overrule a Bankruptcy Code provision; it just assumed it could. Moreover, the one case *IBT* cites regarding Fed. R. Bankr. P. 9006, *Pryor v. Barbara (In re Rodriguez)*, 283 B.R. 112, 120 (Bankr. E.D.N.Y. 2001) considered whether a statute of limitations could be waived and based on specific facts, held: "the Court finds that section 546(a) is a statute of limitations which can be extended by agreement between the parties. Accordingly, the stipulations signed by Barbara served to extend the Trustee's time to bring this action, and it is timely commenced." Like *IBT*, the court in *Rodriquez* made no effort to analyze the issues presented in this case. It only enforced the consensual extension of the time within which a trustee could commence an action.

Judge Tancredi's opinion in *Walnut Hill* and Judge Krechevsky's opinion *Damach* are directly on point and thoroughly analyze why the prospective, blanket relief sought by the Trustee is not available. Thus they, not *IBT*, should be followed. To be clear, G Club does not suggest that equitable tolling may *never* apply or may not ultimately be found to apply to a specific adversary proceeding the Trustee may commence later. But before that question is joined, the Trustee must commence an action and a statute of limitations defense has to be asserted, and before it is decided, the Trustee must prove that equitable tolling applies is available and is supported by the specific facts of the specific adversary proceeding as explained in *Walnut Hill*.

---

When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause may at any time in its discretion…order the period enlarged."

Although 'by these rules…or by order of court' does not explicitly encompass statutory timeframes, it does bring all of the Federal Rules of Bankruptcy Procedure under its umbrella. Not surprisingly, this would include Rule 7001, which defines an adversary proceeding as one 'to recover money or property' and Rule 7003, which governs the commencement of adversary proceedings. ***To read a jurisdictional bar into § 546*** would lead to absurd results, and the Defendants did not cite any authority for such a proposition. Therefore, § 546 is indeed a statute of limitations, subject to waiver, equitable tolling, and equitable estoppel." (Emphasis added.)

### D. It is Inequitable to Provide the Trustee Further Time to Commence Actions

Even if the Court has the power to extend Bankruptcy Code § 546(a) prospectively and on a blanket basis, it shouldn't. The Trustee has been saying he intended to seek this relief since the fall of 2023 but waited until a few weeks prior to the 2-year deadline to file the Motion. The Trustee has known, and publicly stated, he would be pursuing claims against hundreds, and perhaps thousands, of parties. This Motion should have been filed months ago to afford the Court sufficient time to consider it. The relief sought is novel and the Court should be afforded more than a few days to consider the extraordinary argument of the Trustee. The Trustee's delay is not this Court's emergency. *See Kai Lu v. Vivente 1, Inc.*, 2023 U.S. Dist. LEXIS 102157, at *13 (N.D. Cal. June 12, 2023) ("Here, Plaintiff filed for relief over a year after receiving the Notice and over ten months after the UD complaint was filed. This delay is another ground for denying the motion for a TRO.") (Internal citations omitted.)

In addition to the delay by the Trustee, granting the Trustee prospective relief would deprive G Club and any other potential defendant, the right to challenge the application of equitable tolling generally or based on the specific facts supporting such equitable tolling arguments. The Trustee argues that "the factual record easily demonstrates that (i) extraordinary circumstances prevented the Trustee form bringing the Avoidance Actions and (ii) the Trustee acted diligently in pursuing his rights." Motion at ¶48. However, the undisputed record contains no reason why equitable tolling as to G Club – or any specific potential defendant – should be allowed (other than the Trustee's refrain of "obstruction," which is not factually correct as to G Club).

## IV. CONCLUSION

For the foregoing reasons the Court should deny the Motion and enter such other relief as is just and equitable, including that all of G Club's rights, claims, defenses and counterclaims, including without limitation any based on statutes of limitation are preserved, if the Trustee commences an adversary proceeding or otherwise asserts claims against it.

**G CLUB OPERATIONS LLC**

By: */s/ Jeffrey M. Sklarz*
    Jeffrey M. Sklarz (ct20938)
    Kellianne Baranowsky (ct26684)
    GREEN & SKLARZ LLC
    One Audubon St, 3rd Floor
    New Haven, CT 06511
    (203) 285-8545
    jsklarz@gs-lawfirm.com
    kbaranowsky@gs-lawfirm.com

Carolina A. Fornos (*pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
(212) 858-1558
carolina.fornos@pillsburylaw.com

*Attorneys for Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date:  February 5, 2024                                                                  /s/ Jeffrey M. Sklarz