**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HO WAN KWOK, et al., | ) ) | Case No. 22:50073 (JAM) |
| Debtors. | ) ) ) | (Jointly Administered) |

**OBJECTION OF NON-PARTIES RULE OF LAW FOUNDATION III, INC., AND RULE OF LAW SOCIETY IV, INC., TO MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY CODE SECTIONS 108, 546(a), AND 549**

Non-parties Rule of Law Foundation III, Inc. ("**ROLF**"), and Rule of Law Society IV, Inc. ("**ROLS**," and together with ROLF, the "**Rule of Law Entities**"), hereby object to the Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549 [ECF No. 2509] (the "**Tolling Motion**") filed by Luc A. Despins in his capacity as the Chapter 11 Trustee (the "**Trustee**"). As more fully set forth below, the Tolling Motion should be denied as to the Rule of Law Entities because (i) the authority relied upon by the Trustee in support of the Tolling Motion does **not** authorize this Court to enter a prospective, blanket tolling order; (ii) the Trustee already has conducted extensive discovery with respect to the Rule of Law Entities, and cannot sustain his burden of proving that the circumstances are so "extraordinary" that the doctrine of equitable tolling should apply as pertains to any potential claims against the Rule of Law Entities; and (iii) the relief sought by the Trustee is highly prejudicial to the Rule of Law Entities which, as non-parties to this case, have no ability to conduct

- 2 -

any discovery or to effectively challenge the many statements of alleged fact upon which the Trustee relies, which results in the Rule of Law Entities being deprived of due process.

**OBJECTION TO TRUSTEE'S**
**PRELIMINARY STATEMENT AND BACKGROUND FACTS**

1. Like any party objecting to the motion of an adversary – especially one seeking the type of extraordinary relief as that sought by the Trustee in the Tolling Motion – the Rule of Law Entities normally would present here facts in rebuttal to the statement of facts alleged by the Trustee in ¶¶ 1 through 26 of the Tolling Motion. As a non-party to this bankruptcy proceeding, however, the Rule of Law Entities have had little involvement in this case (other than as set forth in ¶ 16 below) or in the other proceedings referenced by the Trustee in the Tolling Motion, and thus have no ability to meaningfully respond to the Trustee's factual allegations. Further, the Rule of Law Entities apparently are not entitled to conduct any discovery with respect to the alleged facts and matters set forth in ¶¶ 1-26 of the Tolling Motion – which facts and matters, it must be pointed out, are **not** supported by an affidavit or declaration from the Trustee or anyone else with personal knowledge, and thus are not properly before this Court. See, e.g., Callahan v. City of New Haven Bd. of Educ., No. 3:17CV-00617 (JAM), 2019 WL 1649940, at *1 (D. Conn. Apr. 16, 2019)[1] (parties' failure to include "fact-by-fact citation to affidavits or other admissible evidence of record" in support of their statements of fact in connection with summary judgment motion as required by local rule renders court without a "reliable factual basis to decide the motion for summary judgment."). The Rule of Law Entities are thus fighting the Tolling Motion with one arm tied behind their proverbial backs; they can argue that the Trustee is wrong on the

---

[1] Copies of unreported decisions are attached for the Court's convenience.

- 2 -

law (which he most certainly is), but they have no meaningful ability to counter the lengthy, unsupported statement of facts upon which the Tolling Motion relies and without which there would be no basis whatsoever for the entry of the extraordinary relief sought by the Trustee. This is simply unfair, and as set forth below, the inability of all prospective defendants to meaningfully challenge the grounds asserted by those seeking equitable tolling on a prospective basis is one reason that a number of courts have refused to grant such relief.

## ARGUMENT

### Bankruptcy Rule 9006(b) Does Not Permit This Court to Toll a Statutory Limitations Period

2.  The Trustee's assertion that Bankruptcy Rule 9006(b) authorizes this Court to toll the limitations periods contained in Sections 108, 546(a) and 549 of the Bankruptcy Code is simply wrong. Bankruptcy Rule 9006(b) states, in relevant part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may … order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ….

Fed. R. Bankr. P. 9006(b)(1) (emphasis added). As is clear from this language, the authority of the court to enlarge a time period under Bankruptcy Rule 9006(b) is expressly limited to time periods specified "by these rules or by a notice given thereunder or by order of court." Noticeably missing from this language is any authorization for the court to enlarge a time period specified by statute.

3.  Several bankruptcy courts in Connecticut have expressly held that Rule 9006(b) does not authorize a court to enlarge the limitations period contained in a statute. In In re Damach, Inc., 235 B.R. 727 (Bankr. D. Conn. 1999), Judge Krechevsky relied on the plain

- 3 -

language of both Bankr. R. 9006(b) and Fed. R. Civ. Proc. 60(b) to conclude that neither rule "permits a court to extend a time limitation set by Congress in a statute; they permit modification only of time limitations imposed by other rules or by the court."

4.      More recently, Judge Tancredi rejected a trustee's argument that Rule 9006(b) permitted the court to enlarge the time within which the trustee could file an avoidance action under Section 546(a). In re Walnut Hill, Inc., No. 16-20960 (JJT), 2018 WL 2672242 (Bankr. D. Conn. June 1, 2018). As the Walnut Hill court correctly noted, "[b]y its plain language, Rule 9006(b) only applies to deadlines set 'by these rules or by a notice given thereunder[,] [*sic*] or by order of court'. Nowhere in the Rule does it mention statutory deadlines." Id. at *1. The court also found instructive that Rule 9006(a) expressly states that it is applicable to "any statute that does not specify a method of computing time," whereas Rule 9006(b) does not state that it applies to statutes. Id. ("Rule 9006(b) is noticeably missing the same, or similar, language involving its application to a statute.").[2] Finally, the court observed that "Rule 9006(b) cannot apply to Section 546(a) without violating the separation of powers preserved in the Constitution. Where the legislature has spoken authoritatively, it is not within the province of the judiciary to modify its determination. As Rule 9006(b) does not apply to Section 546(a), it is unnecessary for this Court to determine whether cause was shown for an extension of the statutory deadline." Id. at *2.

---

[2] The Trustee seems to suggest that because Rule 9006(a) expressly applies to statutes, Rule 9006(b) can also be construed to apply to statutes. This argument ignores the fact that Rule 9006(a) does not allow the court to *override* a limitations period in a statute; instead, it only applies to statutes that do "not specify a method of computing time." Thus, Rule 9006(a) does not allow a court to modify a time period established by Congress.

5.	Other courts around the country have similarly held that Rule 9006(b) does not authorize the enlargement of a time period prescribed by statute. For example, in In re Federated Food Courts, Inc., 222 B.R. 396 (Bankr. N.D. Ga. 1998), the court rejected the debtor's attempt to obtain an extension time pursuant to Bankr. R. 9006(b) within which to assume or reject an unexpired lease pursuant to Section 365(d)(4) of the Bankruptcy Code after the debtor failed to timely file the statutorily permitted motion for extension of time. As the court explained:

> The difficulty here is that Bankruptcy Rule 9006(b) is a rule governing the enlargement of time periods prescribed in other Bankruptcy Rules or court orders. Bankruptcy Rule 9006(b) refers to deadlines set by "these rules or by a notice given thereunder or by order of the court." It does not refer to enlarging time periods prescribed by statute. The 60–day deadline for filing a motion to assume a non-residential lease, however, is set by statute, not by the Bankruptcy Rules, not by a notice given under the Bankruptcy Rules, and not by an order of the Court. Thus, Bankruptcy Rule 9006(b) does not give the bankruptcy court the discretion to allow a late motion to extend the time for assuming a lease, even if the mistake were the result of excusable neglect.

Id. at 398.

6.	Likewise, in In re Randolph Hosp., Inc., No. 20-10247, 2022 WL 19298765 (Bankr. M.D.N.C. Apr. 25, 2022), the court concluded that Rule 9006(b) "may not be used to extend statutory deadlines such as those established under 11 U.S.C. §§ 108 and 546…." See also In re Barnes, 308 B.R. 77, 81 (Bankr. D. Colo. 2004) (in rejecting debtor's argument to apply Rule 9006(b) to extend deadline to file plan, court holds that "the Bankruptcy Rules cannot override substantive provisions provided in the Bankruptcy Code and any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.") (internal quotation omitted).

7.	Reliance on Rule 9006(b) to extend a statutory limitations period was also rejected in In re Cramer, 636 B.R. 830 (Bankr. C.D. Cal. 2022). In that case, the trustee sought

an extension of the deadline to file claims under Sections 546 and 549 because the debtor had not cooperated in the trustee's investigation of the debtor's assets. Id. at *831. In fact, the court noted that the debtor's discharge had been revoked due to concealment of assets. Id. Nonetheless, the court rejected the trustee's motion on the basis that Rule 9006(b) did not authorize such relief. Citing Judge Tancredi's decision in Walnut Hill, among other cases, the court concluded that "[t]he Federal Rules of Bankruptcy Procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549. No procedure supports the relief in the current motion. Id. at 831-32.

8.      The Trustee relies heavily on In re Int'l Admin. Servs., Inc., 408 F.3d 689 (11th Cir. 2005), for the proposition that Rule 9006(b) allows a court to enlarge a legislatively established limitations period. This reliance is misplaced. First, although the court in Int'l Admin. Servs. seems to suggest that Rule 9006(b) may apply to statutory limitations periods, its actual holding does not appear to rely on the applicability of that rule. Instead, after concluding that Section 546 is a statute of limitations rather than a jurisdictional bar, the court concluded that Section 546 is "subject to waiver, equitable tolling, and equitable estoppel," without further mentioning (or relying upon) Rule 9006(b).  Id. at 699. Nonetheless, even if the Eleventh Circuit's decision can be read to hold that Rule 9006(b) permits a bankruptcy court to enlarge a limitations period established by Congress, the Rule of Law Entities respectfully submit that the case was incorrectly decided, and in any event, it is not binding precedent in this Circuit.

9.      In ¶ 35 of the Tolling Motion, the Trustee offers a string cite to cases which he claims support his argument that statutory limitations periods can be enlarged pursuant to Rule 9006(b). Most of these decisions are unreported orders that contain few if any facts, little to no

analysis, and appear to have been uncontested. For example, the Trustee cites to <u>In re Network Services Sols., LLC</u>, No. 17-50309-gwz (Bankr. D. Nev. Mar. 6, 2019), which is attached to the Tolling Motion as <u>Exhibit 7</u>. This Order contains no recitation of the facts of the case or the authority upon which the court relies to grant the motion, and notes that no objection was filed. Most importantly, **<u>there does not appear to be a single reference to Rule 9006(b) in the Order</u>**, and thus there is no way to determine the legal basis upon which the court entered the Order. As such, it lends no support to the Trustee's argument. The same is true of the orders in <u>In re Anton & Chia, LLP</u>, No. 18-12565-TA (Bankr. C.D. Cal. Aug. 13, 2020), and <u>In re Uplift RX, LLC</u>, No. 17-32186 (Bankr. S.D. Tex. Mar. 28, 2019), which are attached to the Tolling Motion as <u>Exhibits 9 and 10</u>. And although the Order in <u>In re Farm-Rite, Inc.</u>, No. 20-19379-JNP (Bankr. D.N.J. Aug. 3, 2022) (Exhibit 8) mentions Rule 9006(b), it likewise contains no discussion of the facts of the case or the legal analysis applied by the court. As a result, the authoritative value of these cases is nil.

10.     Based on the foregoing, the Rule of Law Entities respectfully submit that Rule 9006(b) does <u>not</u> authorize the relief sought by the Trustee. As the court in <u>Walnut Hill</u> recognized, Rule 9006(b) does not pertain to statutory deadlines, and applying the rule to extend Congressionally established limitations periods would violate the separation of powers preserved in the Constitution.,

**Prospective Equitable Tolling is Not Appropriate in this Case**

11.     The Trustee's request that this Court equitably toll the limitations periods under Bankruptcy Code §§ 108, 546(a) and 549 on a *prospective basis* as to all potential defendants is

not supported by the better-reasoned decisions examining this issue, is not supported by any admissible evidence, and is not justified as to the Rule of Law Entities.[3]

12. "Equitable tolling is appropriate only in rare and exceptional circumstances and should be used only sparingly. Maslar v. United States, No. CIV.A 3:06CV2056CFD, 2009 WL 1858868, at *2 (D. Conn. June 25, 2009) (internal quotations and citations omitted). "To obtain the benefit of the doctrine, the Trustee bears the burden of establishing that she, (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." In re Anderson, 623 B.R. 199, 217 (Bankr. D. Conn. 2020). Thus, if there are "extraordinary or exceptional circumstances," the common law doctrine of equitable tolling allows a court to "extend a statute of limitations on a case-by-case basis to prevent inequity, even when the limitations period would otherwise have expired." Id. "Equitable tolling permits courts to extend a limitations period on a case-by-case basis to prevent inequity, even when such period would otherwise have expired." In re Camus, 386 B.R. 396, 398 (Bankr. D. Conn. 2008).

13. In Walnut Hill, Judge Tancredi rejected a trustee's attempt to apply equitable tolling on a prospective basis. Walnut Hill, 2018 WL 2672242 at *2. The court first observed that "[p]rocedurally, the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a *pending litigation*." Id. (emphasis added). After noting that all parties acknowledged that an adversary proceeding had not yet been filed and the deadline to do

---

[3] Just as with many of the cases cited by the Trustee in support of his argument that Rule 9006(b) authorizes the relief sought herein [see ¶ 8, *supra*], a number of the cases cited by the Trustee in support of his argument that equitable tolling on a prospective basis is appropriate are mere orders and are utterly devoid of any discussion of the underlying facts and/or legal reasoning. See Tolling Motion, ¶ 30 and Exs. 2-5. As a result, these cases have little to no precedential value.

so had not yet passed, the court concluded that "[i]t is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted." Id.

14. Similarly, in In re Randolph Hosp., Inc., No. 20-10247, 2022 WL 19298765 (Bankr. M.D.N.C. Apr. 25, 2022), the court held that application of the equitable tolling doctrine on a prospective basis would essentially deprive the future defendant of the opportunity to challenge whether the doctrine actually applied on the facts of the case. As the court explained, "[w]hile the limitations periods of § 546 and § 108, like any statute of limitations, are subject to equitable tolling, the preemptive finding the Liquidation Trustee seeks is premature given there are no identified defendants and no pending adversary proceedings related to the overpayment claims. Given this procedural posture, the Court agrees with those decisions finding that a trustee 'cannot win the argument of whether or not equitable tolling applies in advance and without notice and opportunity for the defendant to resist application of the doctrine.'" Id. at *1. Other courts have also rejected similar requests for prospective equitable tolling. See, e.g., In re Cramer, 636 B.R. 830, 833–34 (Bankr. C.D. Cal. 2022) ("If a bankruptcy trustee has a sufficient basis for application of the doctrine of equitable tolling, then the trustee will prevail later in the adversary proceeding after filing the untimely complaint.").

15. In In re No. 1 Contracting Corp., No. BR 5-10-BK-01755-JJT, 2012 WL 4114818 (Bankr. M.D. Pa. Sept. 19, 2012), the court distinguished the Eleventh Circuit's decision in International Administrative Services and rejected a trustee's request to equitably toll the limitations period in § 546 on a prospective basis. Notably, the trustee in that case, like the

Trustee here, alleged that the debtor's principal has been uncooperative, refused to answer questions at numerous Section 341 meetings, and invoked his constitutional right not to answer questions. Id. at *1. And as in the present case, the trustee in No. 1 Contracting Corp. claimed that, as a result of the refusal of the debtor's principal to cooperate, he was unable to "determine whether there are avoidance and/or other related actions including preferential and fraudulent transfer actions that can be asserted on behalf of the Debtor's estate." Id. The court was unmoved and found the decision in *International Administrative Services* to be distinguishable because, in that case, "there was a pending action before the Bankruptcy Court at the time the Trustee filed his request to extend the time within which to file claims against potential future defendants." Id. As the court went on to explain, unlike in the Eleventh Circuit case, "there is no action in any form pending before this Court. It is unknown whether future defendants will even assert the statute of limitations defense. It is for this reason that the Court will deny the Trustee's request to extend the time in which to file complaints and equitably toll the statute of limitations in 11 U.S.C. § 546(a), without prejudice to raise equitable tolling should the Trustee file adversary complaints." Id.; see also In re Cramer, 636 B.R. 830, 833–34 (Bankr. C.D. Cal. 2022) (rejecting request for prospective equitable tolling of avoidance claims because "[i]f a bankruptcy trustee has a sufficient basis for application of the doctrine of equitable tolling, then the trustee will prevail later in the adversary proceeding after filing the untimely complaint. If, on the other hand, a trustee does not have a sufficient basis for application of the doctrine of equitable tolling, the courts should not permit the trustee to avoid the consequences of such a deficiency by obtaining an order applying equitable tolling in advance without notice to the affected party.").

16. In the present case, the Trustee appears to believe that by providing notice of the Tolling Motion to all potential defendants and obtaining an order from this Court authorizing the service of that notice by alternate means, he has cured the unfair and inequitable result of seeking prospective relief. This simply is not so. The parties against whom equitable tolling is sought are entitled to more than mere notice; they have a right to notice and an *opportunity to resist application of the doctrine*. In re Randolph Hosp., Inc., No. 20-10247, 2022 WL 19298765 at *1 (Bankr. M.D.N.C. Apr. 25, 2022). Moreover, since equitable tolling "permits courts to extend a limitations period on a case-by-case basis," Camus, 386 B.R. at 398, the potential defendants should have the right to have each of their cases adjudicated based on the specific facts of each case, rather than in a complete vacuum of specific facts as is presented by the Tolling Motion. None of those safeguards are present in connection with the Tolling Motion.[4] As non-parties to this bankruptcy proceeding, most of the potential defendants noticed by the Trustee – including the Rule of Law Entities – have had little or no involvement in the bankruptcy proceedings or the other proceedings referenced by the Trustee in the Tolling Motion, and thus know little if anything about the case or about whether the Trustee "has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Anderson, 623 B.R. at 217. Further, the Rule of Law Entities apparently are not entitled to conduct any discovery with respect to the alleged facts

---

[4] In addition, since no adversary proceeding has been filed and it cannot be known at this time whether any particular future defendant will even raise a statute of limitations defense, the Tolling Motion essentially seeks an impermissible advisory opinion where no actual claim or controversy yet exists. See Ass'n of Car Wash Owners Inc. v. City of New York, 911 F.3d 74, 85 (2d Cir. 2018) ("federal courts may not give an opinion advising what the law would be upon a hypothetical state of facts.") (internal quotations omitted).

and matters set forth in the Tolling Motion. As a result, they have no ability to *meaningfully* resist the application of the doctrine of equitable tolling or to gather information necessary to respond to the Trustee's factual allegations (which, as noted above, are unsupported by any affidavit or declaration of the Trustee). The Rule of Law Entities are thus fighting the Tolling Motion with one arm tied behind their proverbial backs; they can argue that the Trustee is wrong on the law (which he most certainly is), but they have no meaningful ability to counter the lengthy statement of facts upon which the Tolling Motion relies and without which there would be no basis whatsoever for the entry of the extraordinary relief sought by the Trustee.[5]

17.     Moreover, even if it is assumed that the entry of prospective relief might be appropriate as to *some* of the potential defendants noticed by the Trustee (which it is not), it certainly is not appropriate as to the Rule of Law Entities, which have endeavored to cooperate with all efforts by the Trustee to obtain documents and information from them.  In support of this Objection, the Rule of Law Entities have filed herewith the Declaration of Bryan Ha dated February 5, 2024 (the "Declaration"), the terms of which and the exhibits annexed thereto are incorporated herein by reference.

18.     Based on the facts set forth in the Declaration, it is clear that, regardless of whether the Trustee has been unable to complete his investigation as to potential claims against other potential defendants, the Trustee has already conducted an investigation with respect to the Rule of Law Entities. The Rule of Law Entities have each complied in full with their obligations

---

[5] The Trustee cynically argues that the manner in which he is proceeding "preserves the rights of all potential defendants." Tolling Motion, ¶ 10. To the contrary, absent the ability to conduct discovery, the potential defendants are losing all ability to meaningfully object to the application of the equitable tolling doctrine against them.

to produce documents to the Trustee in accordance with the Rule 2004 Subpoenas served upon them and with the December 2, 2022, e-mail from counsel narrowing the scope of the documents to be produced. Thus, if the Trustee believes he has one or more potential causes of action against either of the Rule of Law Entities, there is no reason he cannot and should not be required to commence that action prior to the expiration of the applicable deadline. In light of the length of time the Trustee has been in possession of requested documents from the Rule of Law Entities (since at least May 2023) and the fact that he has not, until very recently,[6] sought further discovery from them, the Trustee simply cannot make a colorable claim that the circumstances are so "extraordinary" that the doctrine of equitable tolling should apply as pertains to any potential claims against the Rule of Law Entities. Anderson, 623 B.R. at 217.

17. Finally, the Trustee's reliance on Section 105(a) of the Bankruptcy Code to support the extraordinary relief he seeks is without merit. As succinctly explained by the Bankruptcy Court for the Eastern District of New York,

> Section 105(a) of the Bankruptcy Code permits the court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). However, it is well established that this power must and can only be exercised within the confines of the Bankruptcy Code. This equitable power may not be used to circumvent any section of the Bankruptcy Code or any Bankruptcy Rule. As such, this Court cannot use § 105(a) to grant Plaintiff's request for an extension of the applicable limitations period to [file an adversary proceeding].

---

[6] See Exhibits G – J to the Declaration. The Trustee's efforts to again seek documents from the Rule of Law Entities a few weeks before filing his Tolling Motion is an obvious but futile attempt to manufacture an equitable tolling argument.

In re Yashaya, 403 B.R. 278, 288 (Bankr. E.D.N.Y. 2009) (internal quotations and citations omitted), aff'd sub nom. Yesh Diamonds, Inc. v. Yashaya, No. 09-CV-2016 DLI RER, 2010 WL 3851993 (E.D.N.Y. Sept. 27, 2010).

## CONCLUSION

For the reasons outlined above, the Rule of Law Entities respectfully ask this Court to deny the Trustee's Tolling Motion.

        NON-PARTIES,
        RULE OF LAW FOUNDATION III, INC.,
        and RULE OF LAW SOCIETY IV, INC.

        By */s/ Douglas M. Evans*
          Douglas M. Evans, Esq.
          BBO No. 646715
          Shapiro, Dorry, & Masterson LLC
          d/b/a SDM Law Group
          71 Raymond Road
          West Hartford, CT 06107
          860-590-7578
          devans@sdmlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Douglas M. Evans*
Douglas M. Evans, Esq.